Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
   & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

*Special Counsel for the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                       :

**In re**                      :       **Chapter 11 Case No.**
                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :      **08-13555 (JMP)**
                        :

           **Debtors.**        :       **(Jointly Administered)**
                        :
                        :
--------------------------------------------------------------------x

**SUMMARY OF FIRST INTERIM FEE APPLICATION OF FRIED, FRANK,
HARRIS, SHRIVER & JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED
FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) FROM JUNE 1,
2011 THROUGH SEPTEMBER 30, 2011**

---

## SUMMARY

| | |
|---|---|
| <u>Name of Applicant</u>: | Fried, Frank, Harris, Shriver & Jacobson LLP ("<u>Fried Frank</u>") |
| <u>Authorized to Provide Professional Services to</u>: | Debtors and Debtors in Possession |
| <u>Date of Retention</u>: | Order entered on October 5, 2011 retaining Fried Frank, *nunc pro tunc*, to June 1, 2011 |

| Periods for which compensation and reimbursement is sought: | March 1, 2011 through March 31, 2011[1] and June 1, 2011 through September 30, 2011 |

Amount of compensation sought as actual and necessary:   $460,514.50[2]

Amount of expense reimbursement Sought as actual and necessary:   $21,286.87

Prior Interim Applications:   None. This is Fried Frank's First Interim Application as a 327(e) Professional.

Prior Monthly Applications:

| | | Requested | | Paid | |
|---|---|---|---|---|---|
| Date Submitted | Period Covered | Fees | Expenses | Fees | Expenses |
| 5/2/2011 | 3/1/2011 – 3/31/2011 (Pinnacle Matter) | $204,320.50 | $18,841.94 | $163,456.40 | $18,841.94 |
| 10/17/2011 | 6/1/2011 – 8/31/2011 | $219,789.50 | 2,421.99 | $175,831.60 | $2,421.99 |
| 11/14/2011 | 9/1/2011 – 9/30/2011 | $36,404.50 | $22.94 | $0.00 | $0.00 |
| TOTALS | | $460,514.50 | $21,286.87 | $339,288.00 | $21,263.93 |

---

[1]  As explained in greater detail below, Fried Frank was engaged as an ordinary course professional starting on May 13, 2010. In March 2011, Fried Frank exceeded the monthly fee cap for ordinary course professionals with respect to its engagement in connection with the Pinnacle matter (described further below) and, as such, was required to file a fee application with respect to such time for March 2011. Fried Frank was subsequently retained by the Debtors as special counsel pursuant to Section 327(e) of the Bankruptcy Code and became subject to the Interim Compensation Order (defined below). Fried Frank has, therefore, included the aforementioned March 2011 time in this first interim fee application.

[2]  This amount includes sums already paid to Fried Frank as well as the 20% of such fees held back pursuant to the Interim Compensation Order (defined below). In addition, this amount is net of a voluntary reduction of $52,045.00, which was deducted from fees incurred and reflected in Fried Frank's first monthly statement for compensation for services for the period from June 1, 2011 through August 31, 2011 as explained in greater detail below.

## COMPENSATION BY PROFESSIONAL DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Donald Carleen | Joined firm in 1983 and became a Partner in 1987. Member of NY Bar since 1983. | $970.00 | 0.2 | $194.00 |
| Meyer Last | Joined firm in 1987 and became a Partner in 1991. Member of NY Bar since 1983. | $970.00 | 0.6 | $582.00 |
| Janice Mac Avoy | Joined firm in 1988 and became a Partner in 1996. Member of NY Bar since 1989. | $970.00 | 70.1 | $67,997.00 |
| Jonathan L. Mechanic | Joined firm in 1978 and became a Partner in 1987. Member of NY Bar since 1978. | $995.00 | 4.3 | $4,278.50 |
| Lee S. Parks | Joined firm in 1984 and became a Partner in 1991. Member of NY Bar since 1984. | $970.00 | 1.6 | $1,552.00 |
| Carol Rosenthal | Joined firm in 2007 and became a Partner in 2007. Member of NY Bar since 1984. | $940.00 | 1.3 | $1,222.00 |
| Richard A. Wolfe | Joined firm in 1988 and became a Partner in 1995. Member of NY Bar since 2005. | $970.00 | 1.4 | $1,358.00 |
| Adrienne Bernard | Joined firm in 2003 and became Special Counsel in 2003. Member of NY Bar since 1983. | $760.00 | 48.6 | $36,936.00 |
| John A. Borek | Joined firm in 1984 and became Special Counsel in 1997. Member of NY Bar since 1982. | $760.00 | 8.9 | $6,764.00 |
| Kalman Ochs | Joined firm in 1995 and became Special Counsel in 2005. Member of NY Bar since 1996. | $735.00 | 26.4 | $19,404.00 |

---

[3]     The hourly rates of certain Fried Frank attorneys and paraprofessionals increased on September 1, 2011.

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Alan Resnick | Joined firm in 1989 and became Of Counsel in 2009. Member of NY Bar since 1973. | $1,000 | 2.0 | $2,000.00 |
| Michael Alexander | Joined firm as an Associate in 2007. Member of NY Bar since 2005. | $645.00 | 30.9 | $19,930.50 |
| Nazar Altun | Joined firm as an Associate in 2004. Member of NY Bar since 2005. | $645.00-$660.00 | 31.4 | $20,263.50 |
| Jonathan Bashi | Joined firm as an Associate in 2008. Member of NY Bar since 2008. | $460.00 | 137.1 | $63,066.00 |
| Zachary Bernstein | Joined firm as an Associate in 2008. Member of NY Bar since 2006. | $610.00-$645.00 | 42.3 | $26,461.00 |
| Michele Chirco | Joined firm as an Associate in 2010. Member of NY Bar since 2009. | $460.00 | 24.5 | $11,270.00 |
| Andrew Falevich | Joined firm as an Associate in 2005. Member of NY Bar since 2005. | $610.00 | 1.0 | $610.00 |
| Kara Friedman | Joined firm as an Associate in 2005. Member of NY Bar since 2006. | $610.00 | 0.8 | $488.00 |
| Andrew Frohlich | Joined firm as an Associate in 2011. Member of NY Bar since 2011. | $395.00 | 9.6 | $3,792.00 |
| David Gartenberg | Joined firm as an Associate in 2011. Member of NY Bar since 2011. | $395.00 | 3.20 | $1,264.00 |
| Tal Golomb | Joined firm as an Associate in 2007. Member of NY Bar since 2003. | $660.00 | 11.1 | $7,326.00 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Adam Gottlieb | Joined firm as an Associate in 2005. Member of NY Bar since 2005. | $610.00 | 4.5 | $2,745.00 |
| Nathan Grow | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $580.00 | 74.4 | $43,152.00 |
| Aaron Kleinman | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 12.0 | $5,520.00 |
| Rachel Kravitz | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00-550.00 | 12.8 | $6,695.00 |
| Gabriel Libhart | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 66.9 | $30,774.00 |
| Laurinda Martins | Joined firm as an Associate in 2011. Not admitted in NY. Member of FL Bar since 2004. Member of DC Bar since 2010. | $645.00-$660.00 | 101.8 | $65,728.50 |
| Nicole Naghi | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 3.4 | $1,564.00 |
| Kenneth Rosenfeld | Joined firm as an Associate in 2006. Member of NY Bar since 2006. | $580.00 | 0.9 | $522.00 |
| Mark Siegmund | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00 | 27.7 | $14,404.00 |
| Robert Sitman | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00-550.00 | 33.5 | $17,648.00 |
| Filipina Balahadia | Paraprofessional since 2001. | $295.00 | 26.1 | $7,699.50 |
| Patrick Foote | Paraprofessional since 1995. | $295.00 | 43.3 | $12,773.50 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Richard B. Goldstein | Paraprofessional since 1999. | $295.00 | 2.5 | $737.50 |
| Bonnita McDuffie | Paraprofessional since 1989. | $255.00 | 2.2 | $561.00 |
| Christopher McSweeney | Paraprofessional since 2010. | $200.00 | 10.4 | $2,080.00 |
| Joseph Meland | Paraprofessional since 2008. | $255.00 | 0.5 | $127.50 |
| David A. Palmer | Paraprofessional since 2004. | $295.00 | 4.5 | $1,327.50 |
| Ann Sherman | Library Staff since 2007. | $230.00 | 0.9 | $207.00 |
| Edward Strecker | Managing Clerk since 2010. | $295.00 | 1.0 | $295.00 |
| Michael Vandenberg | Paraprofessional since 2010. | $200.00 | 6.2 | $1,240.00 |
| SUBTOTAL | | | 892.8 | $512,559.50 |
| Less Voluntary Reduction of June 1, 2011 through September 30, 2011 Fees | | | | ($52,045.00) |
| Total Fees Requested | | | | $460,514.50 |

**Blended Rate (including paraprofessionals): $609.53**

**Blended Rate (excluding paraprofessionals): $620.92**

## COMPENSATION BY PROJECT CATEGORY DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

| Matter Description | Lehman Billing Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| Pinnacle | 2300 | 387.00 | $204,320.50 |
| Hudson Yards | 2300 | 78.60 | $45,518.50 |
| St. Vincents | 2300 | 13.60 | $8,689.50 |
| Sandy Springs | 2300 | 121.40 | $74,404.50 |
| Broad Street | 2300 | 109.00 | $77,581.50 |
| Retention Application[4] | 4700 | 129.00 | $74,693.00 |
| Fee Statements and Fee Applications[4] | 4600 | 54.20 | $27,352.00 |
| **SUBTOTAL** | | **892.80** | **$512,559.50** |
| **Less Voluntary Reduction of June 1, 2011 through September 30, 2011 Fees** | | | **($52,045.00)** |
| **Total Fees Requested** | | | **$460,514.50** |

---

[4]    See paragraph 28 below with respect to the voluntary reduction of fees for these matters.

7

### EXPENSE SUMMARY DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

| Nature of Disbursements | Amount |
|---|---|
| Outside Messenger Service | $378.00 |
| Court Filing Fees | $140.00 |
| Duplicating | $2,977.75 |
| Meals | $147.58 |
| Travel, Airfare, and Other Transportation | $57.19 |
| Local Transportation (Taxis) | $341.91 |
| Data Research | $748.58 |
| Telephone/Teleconferencing | $113.06 |
| Word Processing | $14.40 |
| Pinnacle Foreclosure Auction Expenses[5] | $16,368.40 |
| Total | $21,286.87 |

*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

---

[5]    These expenses relate to a foreclosure auction held on March 24, 2011 in connection with the Pinnacle matter, described in more detail below, and include: (i) an advertisement placed in the Wall Street Journal, dated March 9, 2011, regarding the foreclosure auction, and (ii) auctioneer services performed by Paramount Realty USA LLC on March 24, 2011 in connection with the foreclosure auction.

Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
    & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

*Special Counsel for the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

--------------------------------------------------------------------x

**FIRST INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM (I) MARCH 1, 2011 THROUGH
MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

TO: THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases (the

"Chapter 11 Cases"), as debtors and debtors in possession (together, the "Debtors" and

collectively with their non-debtor affiliates, "Lehman") under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"), hereby submits this first interim fee application (the "Fee

Application") for (a) payment of compensation in the amount of $460,514.50 for the reasonable

and necessary legal services rendered by Fried Frank on behalf of the Debtors (the "Fees")

during the period from (i) March 1, 2011 through March 31, 2011[1], and (ii) June 1, 2011 through

September 30, 2011 (the "Fee Period"), and (b) reimbursement in the amount of $21,286.87 for

the actual and necessary expenses incurred and posted (the "Expenses") during the period

covered by this Fee Application.  Fried Frank submits this Fee Application pursuant to sections

330 and 331 of the Bankruptcy Code and in accordance with (i) the Fourth Amended Order

Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals, dated April 14, 2011 [Dkt. No. 15997] (the "Interim Compensation Order"), (ii)

the Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business,

dated March 25, 2010 [Dkt. No. 7822] (the "Amended Ordinary Course Professionals Order"),

(iii) the order of the Court, dated October 5, 2011, pursuant to sections 327(e) and 328 of title 11

of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local

Rule 2014-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court

for the Southern District of New York, modifying the procedures for compensating and

reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP as special counsel to the Debtors,

effective as of June 1, 2011 [Dkt. No. 20586] (the "Fried Frank Retention Order")[2], (iv) Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), (v)

---

[1] As explained in greater detail below, Fried Frank was engaged as an ordinary course professional starting on May 13, 2010. In March 2011, Fried Frank exceeded the monthly fee cap for ordinary course professionals with respect to its engagement in connection with the Pinnacle matter (described further below) and, as such, was required to file a fee application with respect to such time for March 2011. Fried Frank was subsequently retained by the Debtors as special counsel pursuant to Section 327(e) of the Bankruptcy Code and became subject to the Interim Compensation Order (defined below). Fried Frank has, therefore, included the aforementioned March 2011 time in this first interim fee application.

[2] A copy of the Fried Frank Retention Order is attached hereto as **Exhibit A**.

2

the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases, adopted by this Court on November 25, 2009 (the "Amended

Guidelines"), and (vi) the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "UST

Guidelines"). In support of this Fee Application, Fried Frank respectfully states as follows:

## BACKGROUND

1.     On September 15, 2008 and periodically thereafter, LBHI and certain of its

subsidiaries filed with this Court voluntary cases under the Bankruptcy Code. The Debtors'

Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.     On May 26, 2009, the Court entered an order appointing a fee committee (the

"Fee Committee") and approving a fee protocol [ECF No. 3651]. On January 24, 2011, the Fee

Committee recommended Richard A. Gitlin as successor independent member to the Fee

Committee, and the Court entered an order appointing Richard A. Gitlin (the "Chair") to the Fee

Committee [ECF No. 14117].

4.     Previously, on October 13, 2008, the Debtors filed a motion (the "Ordinary

Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and

330 of the Bankruptcy Code, to retain, *nunc pro tunc* to their retention dates, professionals

utilized in the ordinary course of business (the "Ordinary Course Professionals") without the

3

submission of separate retention applications and the issuance of separate retention orders for

each individual professional.  The Ordinary Course Professional Motion was granted by the

Court by order dated November 5, 2008 and has since been supplemented most recently by the

Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business

(the "Amended Ordinary Course Professionals Order").  The Amended Ordinary Course

Professional Order provides that the Debtors are authorized to supplement their list of Ordinary

Course Professionals from time to time.  Accordingly, on June 4, 2010 Fried Frank was retained

*nunc pro tunc* to May 13, 2010 by the Debtors pursuant to the Notice of Fifty-First Supplemental

List of Ordinary Course Professionals.

5.    The Amended Ordinary Course Professionals Order outlines the procedures that

all Ordinary Course Professionals must follow in order to receive compensation and

reimbursement of expenses for services provided to the Debtors.  With respect to any Ordinary

Course Professional seeking compensation in excess of $150,000 in any given month, the

Amended Ordinary Course Professionals Order provides, in pertinent part, that "in the event that

an Ordinary Course Professional seeks more than $150,000 per month, that professional will be

required to file a fee application for the full amount of its fees and expenses for that month in

accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the

US Trustee, and any and all orders of the Court."

6.    In addition, the Amended Ordinary Course Professionals Order provides that,

"payment to any one Ordinary Course Professional shall not exceed $1 million for the period

prior to the conversion of, dismissal of, or entry of a confirmation in these Chapter 11 Cases"

(the "Chapter 11 Period"), and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ." (the "OCP Cap").

7.    During the periods from May 13, 2010 through February 28, 2011 and April 1, 2011 through May 31, 2011, Fried Frank did not seek more than $150,000 per month in compensation for services rendered and expenses incurred and, pursuant to the Amended Ordinary Course Professional Order, was paid and compensated in the customary manner in accordance with Fried Frank's standard billing practices.

8.    However, in March 2011, the Debtors required an increase in the services that were being performed by Fried Frank in connection with the Pinnacle matter (described further below).  These services included, among other things, a UCC foreclosure and auction process. As a result, Fried Frank sought compensation for services and reimbursement of expenses for March 2011 in excess of the $150,000 cap, and pursuant to the Amended Ordinary Course Professionals Order, received payments for 80% of the services rendered and 100% of the expenses incurred with respect to the Pinnacle matter.[3]  Accordingly, by this Fee Application, Fried Frank is seeking Court approval of the fees charged and expenses incurred with respect to the Pinnacle matter during March 2011 together with the other fees charged and expenses incurred during the Fee Period in accordance with the Amended Ordinary Course Professional Order.

9.    In June 2011, Fried Frank determined that the aggregate amount of its fees and expenses accrued during the Chapter 11 Cases through the month of June 2011 would result in

---

[3]    In addition, separate and apart from the Pinnacle matter, Fried Frank received payment in full in accordance with Fried Frank's standard billing practices for services rendered and expenses incurred during March 2011 as an Ordinary Course Professional in the aggregate amount of $69,454.70.  As such fees and expenses were paid in full to Fried Frank as an ordinary course professional, they are not included in this Fee Application.

Fried Frank exceeding the OCP Cap. Thus, in accordance with the Amended Ordinary Course Professionals Order, on September 15, 2011, the Debtors filed the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Modify the Procedures for Compensating and Reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP, as Special Counsel to Debtors, Effective as of June 1, 2011 (the "Fried Frank Retention Application").

10.    On October 5, 2011, the Court entered the Fried Frank Retention Order granting the relief sought in the Fried Frank Retention Application.

11.    On October 17, 2011, pursuant to the Interim Compensation Order, Fried Frank served the First Monthly Statement of Fried, Frank, Harris, Shriver & Jacobson LLP for Compensation for Services and Reimbursement of Expenses as Special Counsel to the Debtors for the Period from June 1, 2011 through August 31, 2011 ("Fried Frank's First Monthly Statement") on the Fee Committee and all other applicable notice parties.

12.    In November 2011, Fried Frank was advised by the Debtors that the services performed during the period covered by Fried Frank's First Monthly Statement in connection with the MCF matter were services performed for a non-debtor entity called LB1 Group, Inc. As such, Fried Frank's First Monthly Statement inadvertently included charges for professional services rendered in the amount of $17,579.00 and reimbursement of expenses in the amount of $0.36 in connection with the MCF matter. Prior to the payment of Fried Frank's First Monthly Statement, Fried Frank therefore agreed with the Debtors that the compensation requested in Fried Frank's First Monthly Statement should be reduced by the amount of $17,579.36. Accordingly, this Fee Application does not include and does not seek Court approval for the professional services rendered to LB1 Group, Inc.

6

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over the Fee Application pursuant to 28 U.S.C. §

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper before this

Court pursuant to 28 U.S.C. § 1409.

## COMPLIANCE WITH APPLICABLE ORDERS AND GUIDELINES

14.    This Fee Application has been prepared in compliance with the Interim

Compensation Order, the Amended Ordinary Course Professionals Order, the Fried Frank

Retention Order, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, and the UST

Guidelines.  Pursuant to the Amended Guidelines, a certification regarding compliance is

attached hereto as **Exhibit B**.

## SUMMARY OF APPLICATION

15.    Since its retention by the Debtors, Fried Frank has acted as counsel to the Debtors

and has advised the Debtors with respect to numerous real estate related issues in the Chapter 11

Cases.  As more fully described below, the professional services rendered by Fried Frank during

the period covered by this Fee Application for the Debtors and their subsidiaries relate to various

real estate and litigation matters including, but not limited to, representing the Debtors in

connection with matters involving properties, loans or joint venture interests held by the Debtors

and their subsidiaries.

16.    During the period covered by this Fee Application, the partners, counsel,

associates and paraprofessionals of Fried Frank devoted 892.8 hours in the rendition of

professional services on behalf of the Debtors.  A schedule setting forth the number of hours

expended by each of the partners, counsel, associates and paraprofessionals of Fried Frank

accompanies this Fee Application as **Exhibit C**.

17.    In addition, Fried Frank is requesting reimbursement of disbursements in the

amount of $21,286.87 for expenses incurred and posted during the period covered by this Fee

Application.  With respect to the disbursements incurred and posted, Fried Frank has eliminated

disbursements that are non-compensable.  A schedule setting forth the categories of expenses for

which Fried Frank is seeking reimbursement and the total amount for each expense category is

attached hereto as **Exhibit D.**

18.    Pursuant to section b.4. of the UST Guidelines, a schedule setting forth a

description of the project categories utilized by Fried Frank in the Chapter 11 Cases, the number

of hours expended by the partners, counsel, associates, and paraprofessionals of Fried Frank by

each Representative Matter, and the aggregate fees associated with each Representative Matter is

attached hereto as **Exhibit E**.

19.    There does not exist any agreement or understanding between Fried Frank and

any other entity for the sharing of compensation to be received for services rendered in or in

connection with the Chapter 11 Cases.

## REASONABLE AND NECESSARY SERVICES RENDERED BY FRIED FRANK

20.    Set forth below is a description of the services rendered during the period covered

by this Fee Application.  The attorneys and paraprofessionals of Fried Frank maintained daily

detailed records of their time concurrently with the rendition of professional services.  To the

fullest extent possible, the details of each and every conference, telephone conversation, letter,

memorandum, factual investigation, drafting activity and research project that occupied the time

of a Fried Frank professional were set forth in such time records.  Accompanying this Fee

Application as **Exhibit F** are compilations of the contemporaneous daily time entries recorded

by Fried Frank's attorneys and paraprofessionals during the period covered by this Fee

Application.  Those entries describe in full and complete detail the services rendered by each

8

attorney and paraprofessional, as corrected to reflect errors that were found in Fried Frank's

review. Accordingly, the following is intended to serve as a summary description of the

principal professional services Fried Frank rendered for the Debtors during the period covered by

this Fee Application.

Pinnacle (Task Code 2300):

21.    From March 1, 2011 through March 31, 2011, Fried Frank represented the

Debtors in connection with their interest in three separate mezzanine loans that were secured by

pledges of sole member interests in mortgage borrower LLCs which owned portfolios of

residential apartments in New York City that were in default. During this period, partners,

counsel and associates of Fried Frank coordinated the UCC foreclosure sale of the pledged

interests in an auction held on March 25, 2011, and negotiated a cooperation agreement with the

mezzanine borrowers to facilitate the UCC auction and transfer of control of the property. At the

auction the Debtors purchased the pledged interests for two of the portfolios, and after the

auction Fried Frank assisted the Debtors with assuming control of the properties.   Following the

foreclosure sale, the property was transferred to a non-debtor entity and Fried Frank no longer

represented the Debtors in connection with this matter. From March 1, 2011 through March 31,

2011, Fried Frank professionals and paraprofessionals devoted 387 hours in the rendition of

professional services on behalf of the Debtors in connection with this matter.

Hudson Yards (Task Code 2300):

22.    The Debtors entered into a loan agreement and mortgage with 37-11

Development LLC and 1031 37-11 LLC.  As of December 2008, the loan has been in default.

An action to foreclose on the mortgage was brought in December 2010.  During the Fee Period,

Fried Frank spent a considerable amount of time researching and analyzing issues in connection

with this defaulted loan and drafting and reviewing a motion for summary judgment on behalf of

the Debtors with respect to the foreclosure of the mortgage on real property owned by 37-11

Development LLC and 1031 37-11 LLC.  The Debtors filed their motion for summary judgment

in June 2011.  Fried Frank professionals and paraprofessionals devoted 78.6 hours in the

rendition of professional services on behalf of the Debtors in connection with this matter.

St. Vincents (Task Code 2300):

     23.     Fried Frank represented the Debtors in connection with the review of their junior

loan documents and their rights under the co-lender agreement between the Union Labor Life

Insurance Company, Inc. and the Debtors.  Fried Frank professionals and paraprofessionals

devoted 13.6 hours in the rendition of professional services on behalf of the Debtors in

connection with this matter.

Sandy Springs (Task Code 2300):

     24.     Fried Frank served as counsel to the Debtors in connection with the UCC

foreclosure of a mezzanine loan and the related workout and forbearance with the senior lender.

Services provided during the Fee Period include the review and negotiation of a forbearance

agreement and ancillary agreement, commencement of a UCC foreclosure, review of title issues

and mechanic's liens and attention to post-foreclosure issues.  Fried Frank professionals and

paraprofessionals devoted 121.4 hours in the rendition of professional services on behalf of the

Debtors in connection with this matter.

Broad Street (Task Code 2300):

     25.     Fried Frank's work on the Broad Street matter during the Fee Period was focused

on negotiating an access agreement with the owner of 41 Broad Street to obtain access to the

building and property located at 41 Broad Street.  Access is required to perform facade repair

work to be performed on the adjacent building located at 25 Broad Street, which is owned by the

Debtors and managed by a receiver.  This access agreement also attempts to settle claims by the

owner of 41 Broad Street that legally required work to seal and make water-tight the southern

wall of its building was not undertaken by the debtor as owner of 45 Broad Street when the

building on the 45 Broad Street site was demolished.  Fried Frank professionals and

paraprofessionals devoted 109 hours in the rendition of professional services on behalf of the

Debtors in connection with this matter.

Retention Application (Task Code 4700):

26.    As explained in greater detail above, because Fried Frank exceeded the OCP Cap

it was required to file a retention application pursuant to the Amended Ordinary Course

Professionals Order.  In connection with the preparation of the Fried Frank Retention

Application, Fried Frank expended a significant amount of time and effort conducting the

conflict check necessary for Fried Frank's retention. The conflict check included the review of

the names of thousands of entities for potential conflicts with the Debtors in order to ensure the

absence of conflict and the disclosure of connections that Fried Frank has with the Debtors, the

Debtors' creditors and other parties in interest.  Fried Frank professionals and paraprofessionals

devoted 129 hours in the rendition of such services on behalf of the Debtors in connection with

the preparation of the Fried Frank Retention Application.

Fee Statements and Fee Applications (Task Code 4600):

27.    Fried Frank professionals and paraprofessionals also devoted 54.2 hours of

professional services preparing Fried Frank's First Monthly Statement, which covered the period

from June 1, 2011 through August 30, 2011.  Preparation of Fried Frank's First Monthly

Statement required significant time and attention in order to comply with all requirements and

guidelines promulgated by the Fee Committee and the Court.

28.       After the submission of Fried Frank's First Monthly Fee Statement, which

included time spent on the preparation of the Fried Frank Retention Application and Fried

Frank's First Monthly Fee Statement, Fried Frank voluntarily agreed with the Debtors to reduce

the aggregate amount of compensation requested for this matter by $52,045.00.  In addition, after

August 2011, Fried Frank has not charged the Debtors for any professional services rendered or

the reimbursement of expenses incurred with respect to the preparation of its monthly fee

statements or this Fee Application.

## FRIED FRANK'S FEES AND EXPENSES ARE FAIR AND REASONABLE

29.       In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

Fried Frank believes that the total fees and expenses for the Fee Period and from March 1, 2011

through March 31, 2011 are fair and reasonable in view of the time spent, the complexity and

intricacy of the proceedings, and the problems and issues encountered.  Notably, Fried Frank has

avoided duplication of efforts and has spent its time economically and efficiently in these

Chapter 11 Cases.  Therefore, in accordance with the factors enumerated in section 330(a)(3) of

the Bankruptcy Code, Fried Frank believes that the compensation sought herein should be

approved.

## APPLICABLE AUTHORITY

30.       In awarding compensation pursuant to sections 327 and 328 of the Bankruptcy

Code, this Court must take into account the reasonableness of the terms and conditions of

employment.  Section 328(a) of the Bankruptcy Code provides:

> (a)       The trustee, or a committee appointed under section 1102 of this title, with
> the court's approval, may employ or authorize the employment of a professional
> person under section 327 or 1103 of this title, as the case may be, on any

reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

31.    In awarding compensation to professionals pursuant to section 330 of the

Bankruptcy Code, this court must take into account the cost of comparable non-bankruptcy

services, among other factors.  Section 330(a) of the Bankruptcy Code provides in pertinent part:

(a) (1)  . . . [T]he court may award to a trustee, . . . an examiner, . . . or a professional person employed under section 327 or 1103 –

(A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)  reimbursement for actual, necessary expenses.

. . . .

(3)  In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

32. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Fried Frank respectfully submits that the fees and expenses incurred in the course of rendering professional services are actual, necessary and reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in non-bankruptcy cases, so as to best serve the needs of the Debtors' estates. Fried Frank submits further that the legal services performed herein among partners, associates, and paraprofessionals have been executed in accordance with the principles outlined above, and moreover, in a manner consistent with the overall goal of Fried Frank to provide the highest quality of legal representation at a reasonable cost. Fried Frank has demonstrated by this Fee Application that the work it has done on behalf of the Debtors was necessary, reasonable and benefits the Debtors' estates.

33. This Fee Application clearly reflects (a) the number of hours of recorded time Fried Frank has devoted to the performance of legal services; (b) the number of hours worked by each of Fried Frank's professionals and paraprofessionals and the hourly rate customarily charged by such persons; (c) a detailed description of the services provided by Fried Frank's professionals and paraprofessionals during each of those hours; and (d) the quality and nature of the services provided by each of Fried Frank's professionals and paraprofessionals. Fried Frank

submits that its fees and expenses were actual, necessary, reasonable and justified and therefore, should be allowed in full.

## COMPENSATION REQUESTED

34.     During the period covered by this Fee Application, 892.8 hours were expended by Fried Frank's partners, counsel, associates and paraprofessionals in the rendition of Fried Frank's professional services.

35.     Fried Frank believes that its services were rendered in a highly efficient manner, by attorneys with high levels of skill in the areas for which they rendered services. The various Fried Frank attorneys working on these matters have expended considerable time in connection with advancing the interests of the Debtors.

36.     For all the foregoing reasons, Fried Frank respectfully requests approval and allowance of its compensation in the amount of $460,514.50, with an authorization for, and direction to, the Debtors to disburse such amounts to Fried Frank (to the extent not previously disbursed). This Fee Application is Fried Frank's first interim fee application for allowance of fees and disbursements incurred by Fried Frank as special counsel to the Debtors. An allowance of compensation in the amount sought in this Fee Application would result in a blended aggregate average billing rate of approximately $609.53 per hour and a blended rate (excluding paraprofessionals) of approximately $620.92 per hour (based on recorded hours).

## EXPENSES

37.     As noted above, Fried Frank incurred and posted disbursements in the amount of $21,286.87 for actual and necessary expenses incurred and recorded during the period covered by this Fee Application. These disbursements are itemized in **Exhibit D.**

38.     Fried Frank's billing rates do not include components for duplicating, word processing and other extraordinary charges that may be incurred by particular clients because of

15

the exigencies of time and volume of demand.  Fried Frank's billing method, whereby only the

clients who use copying, word processing and other office services are charged for such services,

maximizes fairness to all clients.  Fried Frank commenced a review to determine its actual costs

per page for duplicating.  Such review determined that, at the present time, Fried Frank's actual

duplicating costs are $0.12 per page.

39.    Fried Frank's billing rates do not include a component for word processing as part

of overhead.  Some time ago, Fried Frank analyzed its method of charging clients for word

processing services and, specifically whether it was appropriate to charge clients for word

processing as part of overhead or based on the extent to which word processing was used.  After

such analysis, Fried Frank elected to keep its charges for word processing as a disbursement.

Fried Frank concluded that it was fairer to its clients not to increase its billing rates to account for

word processing services that might or might not be used by the client.  In this way, only clients

who used such services would be charged for services.

40.    Fried Frank's attorneys and other employees who worked late into the evenings

were reimbursed for their reasonable meal costs and their transportation costs home.  Such

transportation costs are necessary expenses because it is a Fried Frank policy to ensure safe

transportation for its attorneys and staff after the hours when public transportation cannot be

deemed safe.  Fried Frank's regular practice is to charge its clients for these and other out-of-

pocket disbursements incurred during the regular course of the rendition of services.

41.    Fried Frank made every effort to minimize its disbursements in providing its legal

services to the Debtors.  The expenses incurred in the rendition of professional services were

necessary, reasonable and justified under the circumstances to serve the needs of the Debtors and

were billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients.

## NOTICE

42.     No trustee has been appointed in these Chapter 11 Cases.  Fried Frank has served notice of this Fee Application in accordance with the Interim Compensation Order on: (i) the U.S. Trustee; (ii) the Chair of the Fee Committee; (iii) the Debtors and their attorneys; and (iv) the attorneys for the Creditors' Committee.  Fried Frank submits that no other or further notice need be provided.

## CONCLUSION

43.     Although every effort has been made to include all Fees and Expenses incurred during the period covered by this Fee Application, some Fees and Expenses might not be included in this Fee Application due to delays caused by accounting processing procedures. Fried Frank reserves the right to make further application to this Court for allowance of such Fees and Expenses not included herein.  Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Amended Ordinary Course Professionals Order and the Fried Frank Retention Order.

44.     For the reasons set forth above, Fried Frank respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of the Debtors were of substantial benefit to the Debtors and their creditors.  Fried Frank submits further that it provided such services in an economical and efficient manner.  Accordingly, Fried Frank respectfully requests that the relief requested in this Fee Application be granted in full.


*[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]*

WHEREFORE, Fried Frank requests that it be allowed and paid interim compensation for its Fees and Expenses in the total amount of $481,801.37 consisting of (a) $460,514.50 for reasonable and necessary professional services rendered by Fried Frank, and (b) $21,286.87 for actual and necessary Expenses incurred on behalf of the Debtors.  Fried Frank further requests that the total amount of $481,801.37 be paid as an administrative expense of the Debtors' estates.

Dated: New York, New York
      December 14, 2011

                              FRIED, FRANK, HARRIS, SHRIVER
                                & JACOBSON LLP

                              By:  /s/ Bonnie Steingart
                                    Bonnie Steingart

                              One New York Plaza
                              New York, New York 10004
                              Telephone:  212.859.8000
                              Facsimile:  212.859.4000

                              *Special Counsel for the Debtors and*
                              *Debtors in Possession*

# Exhibit A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                  :

In re                             :       Chapter 11 Case No.
                                    :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :       08-13555 (JMP)
                                    :

                 Debtors.         :       (Jointly Administered)
                                    :

----------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, AS SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011

Upon consideration of the application, dated September 15, 2011 (the "Application"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases, as debtors in possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for compensating and reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank") as special counsel to the Debtors, effective as of June 1, 2011; and upon the declaration of Janice Mac Avoy (the "Mac Avoy Declaration"), annexed as Exhibit A to the Application; and the Court being satisfied, based on the representations made in the Application and the Mac Avoy Declaration, that Fried Frank does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having determined that Fried Frank is eligible for employment as special counsel to the Debtors; and

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11,

dated July 10, 1984 (Ward, Acting C.J.); and the Court having determined that consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided in accordance with the

procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635], to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) Fried Frank and

(vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Application is in the best interests of the Debtors, their estates and their

creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the

employment and retention of Fried Frank as special counsel to the Debtors is hereby authorized

and approved on the terms set forth in the Application and this Order, for the Representative

2

Matters identified in the Application and in accordance with Fried Frank's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Fried Frank shall, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: New York, New York
       October 5, 2011

                              ___s/ James M. Peck_____
                              Honorable James M. Peck
                              United States Bankruptcy Judge

# Exhibit B

Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Special Counsel for the Debtors and Debtors in*
*Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
                                    :

**In re**                           :        **Chapter 11 Case No.**
                                    :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                    :

              **Debtors.**          :        **(Jointly Administered)**
                                    :
                                    :
------------------------------------------------------------------------x

**CERTIFICATION OF RESPONSIBLE PROFESSIONAL WITH RESPECT TO FIRST
INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM (I) MARCH 1, 2011 THROUGH
MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy

Court for the Southern District of New York on November 25, 2009 (the "Amended

Guidelines") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST

Guidelines"), the undersigned, a member of the firm of Fried, Frank, Harris, Shriver &

Jacobson LLP ("Fried Frank"), counsel to Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-captioned cases (the "Chapter 11 Cases"), as debtors and debtors

in possession (together, the "Debtors" and collectively with their non-debtor affiliates,

"Lehman") in the above-captioned cases (the "Chapter 11 Cases") under chapter 11 of title 11 of

the United States Code, as the professional designated by Fried Frank with responsibility for

compliance with the Amended Guidelines, hereby states, with respect to Fried Frank's first

interim fee application (the "Fee Application") for (a) allowance and payment of compensation

in the amount of $460,514.50 for the reasonable and necessary legal services rendered by Fried

Frank on behalf of the Debtors during the period covered by the Fee Application, and (b)

reimbursement in the amount of $21,286.87 for the actual and necessary expenses incurred and

posted during the period covered by the Fee Application,[1] as follows:

    1.    In accordance with section A.1. of the Amended Guidelines, I certify that

        A.    I have read the Fee Application;

        B.    to the best of my knowledge, information and belief (formed after reasonable inquiry), the fees and disbursements sought by Fried Frank fall within the Amended Guidelines and the UST Guidelines and, except as may be specifically noted in this certification the fees and disbursements sought by Fried Frank are billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients; and

        C.    in providing a reimbursable service, Fried Frank does not make a profit on that service, whether the service is performed by Fried Frank in-house or through a third party.

    2.    In accordance with Section A.2 of the Amended Guidelines, I certify that Fried

Frank has provided monthly statements of Fried Frank's fees and disbursements by serving

monthly statements in compliance with (i) the Fourth Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated

---

[1]    Fried Frank reserves the right to make further application to this Court for allowance of fees and expenses not included in any prior fee statement or interim fee application as a result of delays caused by accounting processing procedures.

April 14, 2011 [Dkt. No. 15997] (the "Interim Compensation Order"), (ii) the Amended Order

Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors

to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010

[Dkt. No. 7822] (the "Amended Ordinary Course Professionals Order"), (iii) the order of the

Court, dated October 5, 2011, pursuant to sections 327(e) and 328 of title 11 of the United States

Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 of the

Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern

District of New York, modifying the procedures for compensating and reimbursing Fried,

Frank, Harris, Shriver & Jacobson LLP as special counsel to the Debtors, effective as of June 1,

2011 [Dkt. No. 20586] (the "Fried Frank Retention Order"), and (iv) Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

      3.      In accordance with Section A.3 of the Amended Guidelines, I certify that notice

of the Fee Application has been provided to: (a) the Debtors; (b) the Office of the United States

Trustee for the Southern District of New York; (c) counsel to the Official Committee of

Unsecured Creditors; and (d) the chairman of the Fee Committee (as defined in the Interim

Compensation Order).

      4.      Pursuant to the Amended Guidelines, Fried Frank does not charge for daytime

meals unless the individual is participating, during the meal, in a necessary meeting regarding the

Chapter 11 Cases. Fried Frank expense reporting forms and computer categories do not put into

separate categories meals that were chargeable because the Fried Frank professional was

working overtime, on the one hand, or because the meal was consumed at a working meeting, on

the other. While technically it would be possible to manually review every expense reporting

form for every professional who had worked on the case during the period covered by the Fee

Application to ascertain the place, type of meal, and participants at each meal for which

reimbursement is sought, this would be an extremely burdensome and expensive undertaking.

Thus, Fried Frank cannot practicably segregate the expense incurred with respect to overtime

meals and meals consumed at a working meeting.

5.      Consistent with the Amended Guidelines, Fried Frank has made every effort to

minimize its use of local transportation and relies on mass transit whenever possible.  Fried

Frank expense reporting forms and computer categories do not separately categorize expenses

for radio car or taxi rides that were chargeable because the Fried Frank professional was working

overtime, on the one hand, or because the professional was going to or coming from a meeting,

on the other.  While it would be technically possible (although very expensive) to manually

review all of the radio car vouchers to ascertain the time, origin, and destination of the trip, even

this would be especially impracticable with respect to trips in taxicabs for which the fare was

paid in cash.  Thus, Fried Frank cannot practicably segregate the expense incurred with respect

to transportation after working overtime and with respect to local transportation.  For this reason,

all chargeable transportation expenses have been placed in the same category.

Dated: New York, New York
          December 14, 2011

                                        FRIED, FRANK, HARRIS, SHRIVER
                                          & JACOBSON LLP

                                        By:   /s/ Bonnie Steingart_____
                                              Bonnie Steingart

                                        One New York Plaza
                                        New York, New York 10004
                                        Telephone:  212.859.8000
                                        Facsimile:  212.859.4000

                                        *Special Counsel for the Debtors and
                                        Debtors in Possession*

# Exhibit C

## COMPENSATION BY PROFESSIONAL DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period¹ | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Donald Carleen | Joined firm in 1983 and became a Partner in 1987. Member of NY Bar since 1983. | $970.00 | 0.2 | $194.00 |
| Meyer Last | Joined firm in 1987 and became a Partner in 1991. Member of NY Bar since 1983. | $970.00 | 0.6 | $582.00 |
| Janice Mac Avoy | Joined firm in 1988 and became a Partner in 1996. Member of NY Bar since 1989. | $970.00 | 70.1 | $67,997.00 |
| Jonathan L. Mechanic | Joined firm in 1978 and became a Partner in 1987. Member of NY Bar since 1978. | $995.00 | 4.3 | $4,278.50 |
| Lee S. Parks | Joined firm in 1984 and became a Partner in 1991. Member of NY Bar since 1984. | $970.00 | 1.6 | $1,552.00 |
| Carol Rosenthal | Joined firm in 2007 and became a Partner in 2007. Member of NY Bar since 1984. | $940.00 | 1.3 | $1,222.00 |
| Richard A. Wolfe | Joined firm in 1988 and became a Partner in 1995. Member of NY Bar since 2005. | $970.00 | 1.4 | $1,358.00 |
| Adrienne Bernard | Joined firm in 2003 and became Special Counsel in 2003. Member of NY Bar since 1983. | $760.00 | 48.6 | $36,936.00 |
| John A. Borek | Joined firm in 1984 and became Special Counsel in 1997. Member of NY Bar since 1982. | $760.00 | 8.9 | $6,764.00 |
| Kalman Ochs | Joined firm in 1995 and became Special Counsel in 2005. Member of NY Bar since 1996. | $735.00 | 26.4 | $19,404.00 |

---

[1]    The hourly rates of certain Fried Frank attorneys and paraprofessionals increased on September 1, 2011.

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[1] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Alan Resnick | Joined firm in 1989 and became Of Counsel in 2009. Member of NY Bar since 1973. | $1,000 | 2.0 | $2,000.00 |
| Michael Alexander | Joined firm as an Associate in 2007. Member of NY Bar since 2005. | $645.00 | 30.9 | $19,930.50 |
| Nazar Altun | Joined firm as an Associate in 2004. Member of NY Bar since 2005. | $645.00-$660.00 | 31.4 | $20,263.50 |
| Jonathan Bashi | Joined firm as an Associate in 2008. Member of NY Bar since 2008. | $460.00 | 137.1 | $63,066.00 |
| Zachary Bernstein | Joined firm as an Associate in 2008. Member of NY Bar since 2006. | $610.00-$645.00 | 42.3 | $26,461.00 |
| Michele Chirco | Joined firm as an Associate in 2010. Member of NY Bar since 2009. | $460.00 | 24.5 | $11,270.00 |
| Andrew Falevich | Joined firm as an Associate in 2005. Member of NY Bar since 2005. | $610.00 | 1.0 | $610.00 |
| Kara Friedman | Joined firm as an Associate in 2005. Member of NY Bar since 2006. | $610.00 | 0.8 | $488.00 |
| Andrew Frohlich | Joined firm as an Associate in 2011. Member of NY Bar since 2011. | $395.00 | 9.6 | $3,792.00 |
| David Gartenberg | Joined firm as an Associate in 2011. Member of NY Bar since 2011. | $395.00 | 3.20 | $1,264.00 |
| Tal Golomb | Joined firm as an Associate in 2007. Member of NY Bar since 2003. | $660.00 | 11.1 | $7,326.00 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[1] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Adam Gottlieb | Joined firm as an Associate in 2005. Member of NY Bar since 2005. | $610.00 | 4.5 | $2,745.00 |
| Nathan Grow | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $580.00 | 74.4 | $43,152.00 |
| Aaron Kleinman | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 12.0 | $5,520.00 |
| Rachel Kravitz | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00-550.00 | 12.8 | $6,695.00 |
| Gabriel Libhart | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 66.9 | $30,774.00 |
| Laurinda Martins | Joined firm as an Associate in 2011. Not admitted in NY. Member of FL Bar since 2004. Member of DC Bar since 2010. | $645.00-$660.00 | 101.8 | $65,728.50 |
| Nicole Naghi | Joined firm as an Associate in 2010. Member of NY Bar since 2010. | $460.00 | 3.4 | $1,564.00 |
| Kenneth Rosenfeld | Joined firm as an Associate in 2006. Member of NY Bar since 2006. | $580.00 | 0.9 | $522.00 |
| Mark Siegmund | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00 | 27.7 | $14,404.00 |
| Robert Sitman | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00-550.00 | 33.5 | $17,648.00 |
| Filipina Balahadia | Paraprofessional since 2001. | $295.00 | 26.1 | $7,699.50 |
| Patrick Foote | Paraprofessional since 1995. | $295.00 | 43.3 | $12,773.50 |

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[1] | Total Hours Billed during Fee Period and for Pinnacle Matter in March 2011 | Total Compensation Requested during Fee Period and for Pinnacle Matter in March 2011 |
|---|---|---|---|---|
| Richard B. Goldstein | Paraprofessional since 1999. | $295.00 | 2.5 | $737.50 |
| Bonnita McDuffie | Paraprofessional since 1989. | $255.00 | 2.2 | $561.00 |
| Christopher McSweeney | Paraprofessional since 2010. | $200.00 | 10.4 | $2,080.00 |
| Joseph Meland | Paraprofessional since 2008. | $255.00 | 0.5 | $127.50 |
| David A. Palmer | Paraprofessional since 2004. | $295.00 | 4.5 | $1,327.50 |
| Ann Sherman | Library Staff since 2007. | $230.00 | 0.9 | $207.00 |
| Edward Strecker | Managing Clerk since 2010. | $295.00 | 1.0 | $295.00 |
| Michael Vandenberg | Paraprofessional since 2010. | $200.00 | 6.2 | $1,240.00 |
| **SUBTOTAL** | | | 892.8 | $512,559.50 |
| **Less Voluntary Reduction of June 1, 2011 through September 30, 2011 Fees** | | | | ($52,045.00) |
| **Total Fees Requested** | | | | $460,514.50 |

**Blended Rate (including paraprofessionals): $609.53**

**Blended Rate (excluding paraprofessionals): $620.92**

# Exhibit D

**EXPENSE SUMMARY DURING THE PERIODS FROM (I) MARCH 1, 2011
THROUGH MARCH 31, 2011, AND (II) JUNE 1, 2011 THROUGH
SEPTEMBER 30, 2011**

| Nature of Disbursements | Amount |
|---|---|
| Outside Messenger Service | $378.00 |
| Court Filing Fees | $140.00 |
| Duplicating | $2,977.75 |
| Meals | $147.58 |
| Travel, Airfare, and Other Transportation | $57.19 |
| Local Transportation (Taxis) | $341.91 |
| Data Research | $748.58 |
| Telephone/Teleconferencing | $113.06 |
| Word Processing | $14.40 |
| Pinnacle Foreclosure Auction Expenses[11] | $16,368.40 |
| **Total** | **$21,286.87** |

---

[11]  These expenses relate to a foreclosure auction held on March 24, 2011 in connection with the Pinnacle matter and include: (i) an advertisement placed in the Wall Street Journal, dated March 9, 2011, regarding the foreclosure auction, and (ii) auctioneer services performed by Paramount Realty USA LLC on March 24, 2011 in connection with the foreclosure auction.

# Exhibit E

PINNACLE

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Carleen, D. | 0.2 | $194.00 |
| Last, M. | 0.6 | $582.00 |
| Mac Avoy, J. | 44.60 | $43,262.00 |
| Parks, L. | 1.6 | $1,552.00 |
| Wolfe, R. | 0.3 | $291.00 |
| **Total Partners** | **47.30** | **$45,881.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Alexander, M. | 26.10 | $16,834.50 |
| Bashi, J. | 137.10 | $63,066.00 |
| Chirco, M. | 24.50 | $11,270.00 |
| Falevich, A. | 1.00 | $610.00 |
| Gartenberg, D. | 3.20 | 1,264.00 |
| Gottlieb, A. | 4.50 | $2,745.00 |
| Martins, L. | 62.30 | 40,183.50 |
| Rosenfeld, K. | 0.90 | $522.00 |
| **Total Associates** | **259.60** | **$125,225.00** |

| Paraprofessionals | HOURS | TOTAL FEES |
|---|---|---|
| Balahadia, F. | 10.50 | $3,097.50 |
| Foote, P. | 43.30 | $12,773.50 |
| Goldstein, R. | 2.50 | $737.50 |
| McDuffie, B. | 2.20 | $561.00 |
| McSweeney, C. | 10.40 | $2,080.00 |
| Meland, J. | 0.50 | $127.50 |
| Palmer, D. | 4.50 | $1,327.50 |
| Vandenberg, M. | 6.20 | $1,240.00 |
| **Total Paraprofessionals** | **80.10** | **$21,944.50** |
| **CUMULATIVE TOTALS** | **387.00** | **$204,320.50** |

HUDSON YARDS

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 5.50 | $5,335.00 |
| **Total Partners** | **5.50** | **$5,335.00** |

| Counsels | | |
|---|---|---|
| Borek, J. | 8.90 | $6,764.00 |
| **Total Counsels** | **8.90** | **$6,764.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Altun, N. | 31.40 | $20,263.50 |
| Kravitz, R. | 12.80 | $6,695.00 |
| Naghi, N. | 3.40 | $1,564.00 |
| **Total Associates** | **45.60** | **$28,522.50** |

| Paraprofessionals | HOURS | TOTAL FEES |
|---|---|---|
| Balahadia, F. | 15.60 | $4,602.00 |
| Strecker, E. | 1.00 | $295.00 |
| **Total Paraprofessionals** | **16.60** | **$4,897.00** |

| **CUMULATIVE TOTALS** | **78.60** | **$45,324.50** |
|---|---|---|

ST. VINCENTS

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 2.40 | $2,328.00 |
| **Total Partners** | **2.40** | **$2,328.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Martins, L. | 4.30 | $2,773.40 |
| Siegmund, M. | 6.90 | $3,588.00 |
| **Total Associates** | **11.20** | **$43,670.50** |

| | | |
|---|---|---|
| **CUMULATIVE TOTALS** | **13.60** | **$8,689.50** |

SANDY SPRINGS

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 15.50 | $15,035.00 |
| Wolfe, R. | 1.10 | $1,067.00 |
| **Total Partners** | **16.60** | **$16,102.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Alexander, M. | 4.80 | $3,096.00 |
| Friedman, K. | 0.80 | $488.00 |
| Frohlich, A. | 9.60 | $3,792.00 |
| Martins, L. | 34.40 | $22,255.50 |
| Siegmund, M. | 20.8 | $10,816.00 |
| Sitman, R. | 33.50 | $17,648.00 |
| **Total Associates** | **103.90** | **$58,095.50** |

| Paraprofessionals | HOURS | TOTAL FEES |
|---|---|---|
| Sherman, A. | 0.90 | $207.00 |
| **Total Paraprofessionals** | **0.90** | **$207.00** |

| | | |
|---|---|---|
| **CUMULATIVE TOTALS** | **121.40** | **$74,404.50** |

BROAD STREET

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 1.40 | $1.358.00 |
| Mechanic, J. | 4.30 | $4,278.50 |
| Rosenthal, C. | 1.30 | $1,222.00 |
| **Total Partners** | **7.00** | **$6,858.50** |

| Counsels | HOURS | TOTAL FEES |
|---|---|---|
| Bernard, A. | 48.60 | $36,936.00 |
| **Total Counsels** | **48.60** | **$36,936.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Bernstein, Z. | 42.30 | $26,461.00 |
| Golomb, T. | 11.10 | $7,326.00 |
| **Total Associates** | **53.40** | **$33,787.00** |

| **CUMULATIVE TOTALS** | 109.00 | $77,581.50 |

RETENTION APPLICATION

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 0.70 | $679.00 |
| **Total Partners** | **0.70** | **$679.00** |

| Counsels | HOURS | TOTAL FEES |
|---|---|---|
| Ochs, K. | 18.40 | $13,524.00 |
| Resnick, A. | 2.00 | $2,000.00 |
| **Total Counsels** | **20.40** | **$15,524.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Grow, N. | 73.80 | $42,804.00 |
| Kleinman, P. | 4.30 | $1,978.00 |
| Libhart, G. | 29.80 | $13,708.00 |
| **Total Associates** | **107.90** | **$58,490.00** |
| **CUMULATIVE TOTALS** | **129.00** | **$74,693.00** |

FEE STATEMENTS AND FEE APPLICATIONS

| Counsels | HOURS | TOTAL FEES |
|---|---|---|
| Ochs, K. | 8.00 | $5,880.00 |
| **Total Counsels** | **8.00** | **$5,880.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Grow, N. | 0.60 | $348.00 |
| Kleinman, A. | 7.70 | $3,542.00 |
| Libhart, G. | 37.10 | $17,066.00 |
| Martins, L. | 0.80 | $516.00 |
| **Total Associates** | **46.20** | **$21,472.00** |
| **CUMULATIVE TOTALS** | **54.20** | **$27,352.00** |

# Exhibit F

8055742

Fried, Frank, Harris, Shriver & Jacobson LLP                                                          Page 1

Client: Lehman
Matter: Pinnacle

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/01/11 | Janice Mac Avoy | Revising agreement (0.6); office conferences with team (0.3); telephone conference with PH (0.3). | 1.20 | 1,164.00 |
| 03/01/11 | Richard A. Wolfe | T/c with Laurinda Martins re transfer tax issues. | 0.30 | 291.00 |
| 03/01/11 | Laurinda Martins | Exchange of emails TC w J.Palmer re comments to the cooperation agreement (0.3); exchange of emails re pending items (0.3); review and revise cooperation agreement (2.9); TC w. R. Wolfe re transfer tax issues (0.3); discussions regarding notices and research re loan documentation evidencing note splits (0.5). | 4.30 | 2,773.50 |
| 03/01/11 | Jonathan Bashi | Review of cooperation agreement and backstop indemnity (0.8); conference call w/ client (0.6); draft of officer's certificate re: no liens (2.0); review of notice of termination of sale (0.1). | 3.50 | 1,610.00 |
| 03/02/11 | Janice Mac Avoy | Telephone conferences with team (0.6); Notes re: revised notice of termination (0.3). | 0.90 | 873.00 |
| 03/02/11 | Meyer Last | Review revised cooperation agreement documents. | 0.30 | 291.00 |
| 03/02/11 | Laurinda Martins | Review and revise cooperation agreement (1.8); exchange of emails with J. Palmer re same (0.3); discussions re status of open items (0.8). | 2.90 | 1,870.50 |
| 03/02/11 | Jonathan Bashi | Review of comments to cooperation agreement; edits to cooperation agreement and correspondence w/ opposing counsel (1.2); draft of Notice of Termination of Sale; re-draft of Publication of Public Sale (1.1); corrections to Notification of Disposition of Collateral and Terms of Public Sale re: subordinated notes (0.8); track down of closing docs from Hamilton Amendment (0.6) | 5.50 | 2,530.00 |
| 03/03/11 | Janice Mac Avoy | Comments on cooperation agreement. | 0.40 | 388.00 |
| 03/03/11 | Meyer Last | Review docs re: cooperation agreement (0.2); conferences w/ Martins re: same (0.1). | 0.30 | 291.00 |
| 03/03/11 | Laurinda Martins | Exchange of emails re open issues (0.9); TC with M. Last re status (0.1); internal discussions re same (0.2); TC with J. Palmer re notes (0.1); TC to title co re escrow agreement (0.5). | 1.80 | 1,161.00 |
| 03/03/11 | Jonathan Bashi | Call w/ Cadwalader re: closing binder on Hamilton Amendment (0.3); edits to Notice of Termination of Sale (0.4); revisions to LLC Operating Agreements (0.5); coordination of advertising for foreclosure sale (0.3). | 1.50 | 690.00 |
| 03/04/11 | Janice Mac Avoy | Telephone conferences with client, team (0.9); revising cooperation agreement (0.9). | 1.80 | 1,746.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

Page 2

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/04/11 | Laurinda Martins | TC with J.MacAvoy and J. Bashi re borrower's comments to the revised cooperation agreement (0.3); revise cooperation agreement (2.1); Review and revise management agreement (1.8); TC with J. Palmer re same (0.1); exchange of emails re open issue on management agreement (0.9); TC w D. Wilcomes re escrow agreement (0.3); review and revise no lien certificate; exchange of emails re: same (0.3). | 5.80 | 3,741.00 |
| 03/04/11 | Jonathan Bashi | Correspondence from opposing counsel and review of proposed changes (1.1); conference call w/ client (.5); edits to Cooperation Agreement and Backstop Indmenity (2.8); revisions to Mgmt. Agreement (1.1). | 5.50 | 2,530.00 |
| 03/07/11 | Janice Mac Avoy | Telephone conference with Eric Landau re: cooperation agreement (0.2); revising cooperation agreement (0.4); reviewing ancillary agreements (0.5). | 1.10 | 1,067.00 |
| 03/07/11 | Laurinda Martins | Exchange of emails with J. Palmer re open items and TC re same (0.3); draft escrow agreement (0.6); review revised cooperation agreement (0.5); discussion re replacement property manager (0.5). | 1.90 | 1,225.50 |
| 03/07/11 | Jonathan Bashi | Revisions to cooperation agreement; conference call w/ client (0.3); revisions to Hamilton foreclosure notices and correspondence w/ counsel for Borrower and Senior Lender (2.1); review of Loan Agreements and Intercreditor re: retention of new property manager (1.2). | 5.40 | 2,484.00 |
| 03/08/11 | Janice Mac Avoy | Communication with client and team re: management agreement. | 0.60 | 582.00 |
| 03/08/11 | Laurinda Martins | TC with J. Palmer and J. Bashi re management agreement (0.6); TCs to borrower's counsel (0.3); CC w/ Borrower's counsel and J. Bashi re title affidavit (0.2); revise title affidavit and escrow agreement; exchange of emails re same (0.7). | 1.80 | 1,161.00 |
| 03/08/11 | Jonathan Bashi | Conference call w/ client to discuss Mgmt. Agreement (0.6); edits to Mgmt Agreement (1.1); conference call w/ opposing counsel on Title Affidavit (0.2); draft of open issues, review of Escrow Agreement and Title Affidavit, correspondence to opposing counsel and Pinnacle (3.6). | 5.50 | 2,530.00 |
| 03/09/11 | Janice Mac Avoy | Communication with team, client re: management agreement. | 0.60 | 582.00 |
| 03/09/11 | Jonathan Bashi | Review of docket for update on litigation (0.3); edits to Mgmt, Agreement for Hamilton (6.4); correspondence w/ client (0.5). | 7.20 | 3,312.00 |
| 03/10/11 | Janice Mac Avoy | Communication with team, client (0.3); letter regarding maintenance (0.4); communication with client regarding cooperation (0.3); review loan documents (0.2). | 1.20 | 1,164.00 |
| 03/10/11 | Laurinda Martins | Discuss management agreements and open issues (0.4); several TC w/ J. Palmer re mgmt agreements and status of the transaction (0.6); review and reply to emails re same (0.3); several TCs re consulting agreement (0.5). | 1.80 | 1,161.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                    Page 3

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/10/11 | Jonathan Bashi | Edits and review of Management Agreement (2.1); conference call w/ client (0.6); review and insert language re: consultancy (0.8); review of loan docs and conference call w/ opposing counsel (0.4); draft of letter re: unsafe conditions (2.4); distributed Hamilton notices (0.7). | 7.00 | 3,220.00 |
| 03/11/11 | Janice Mac Avoy | Call with Tahl management company (0.4); follow-up with Rosenberg Estes (0.1); letter regarding repairs (0.1); office conference with Jonathan Bashi (0.1). | 0.70 | 679.00 |
| 03/11/11 | Laurinda Martins | Exchange of emails re: management agreement (0.3); CC with Tahl properties and client regarding same (0.4); follow-up call with J.Palmer re Tahl properties' management agreement (0.3); review letter re: necessary repairs (0.4); review management agreements (1.4). | 2.50 | 1,612.50 |
| 03/11/11 | Jonathan Bashi | Edits to letter re: unsafe Dunbar conditions; final edits to management agreement (0.5); correspondence w/ client (0.4); conference call w/ Tahl Propp (0.4); excerpts of cooperation agreement re: deliverables (1.2); draft of management termination agreement (2.7); coordinated updates to lien search reports w/ NYLS (0.2). | 6.40 | 2,944.00 |
| 03/13/11 | Laurinda Martins | Emails re: data site and promissory notes | 0.20 | 129.00 |
| 03/14/11 | Janice Mac Avoy | Conference call with client re: revised cooperation agreement (0.4); telephone conference with Paul Hastings (0.3); reviewing revised cooperation agreement (0.2); demand letter (0.4). | 1.30 | 1,261.00 |
| 03/14/11 | Lee Parks | Attention to and response to foreclosure questions. | 1.00 | 970.00 |
| 03/14/11 | Laurinda Martins | Review comments to the cooperation agreement (0.9); CC with client regarding comments and open issues (0.4); review termination letter and prepare comment thereto (0.4); several TCs J. Palmer re open issues and status (0.3). | 2.00 | 1,290.00 |
| 03/14/11 | Jonathan Bashi | Follow up w/ Cadwalader re: management agreement (0.2); blackline of Hamilton/ Dunbar Mgmt Agmts. (0.1); review of Cooperation Agreement and conference call w/ client (1.2); edits to cooperation agreement, termination of mgmt notice and drafted notice of demand (4.8). | 6.30 | 2,898.00 |
| 03/15/11 | Janice Mac Avoy | Communication with client re: management agreement (0.8); telephone conference with L. Barrick and team re: same (0.5). | 1.30 | 1,261.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                                    Page 4

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/15/11 | Laurinda Martins | Review and respond to emails re open items (0.3); discuss ICA and requirements for a replacement manager with J. Bashi (0.1); C with J. Hisiger and J. Bashi re replacement property manager (0.3); Email to J. Palmer re: same (0.4); revise email to J. Hisiger re: same (0.2); email Title Co re: escrow agreement (0.1); several TCs w/ J.Palmer re: status and open issues (0.4); review changes to the Dunbar management agreement and discuss same with J. Bashi (1.8); follow up with J. Palmer on written demands for documents (0.4); TC w/ J. Palmer re: Amsterdam (0.2) | 4.20 | 2,709.00 |
| 03/15/11 | Jonathan Bashi | Review of Property management agreement and conference call w/ client (1.1); edits to notices of demand (1.2); drafted parallel demand letters to opposing counsel (2.6); edits to property management agreement (1.7); review and edits to foreclosing checklist (1.8); conference call w/ client re: UCC foreclosures (0.3). | 8.70 | 4,002.00 |
| 03/15/11 | David Gartenberg | Assemble closing checklist for the cooperation agreement (1.8); review and revise same (1.4). | 3.20 | 1,264.00 |
| 03/16/11 | Janice Mac Avoy | Communication with client, team, PH (0.8); revising notices to borrower, cooperation agreement (0.9); notices (0.9). | 2.60 | 2,522.00 |
| 03/16/11 | Laurinda Martins | Emails re: comments to the cooperation agreement (0.4); review closing checklist and revise same (0.5); discuss property management agreement with J. Bashi and review correspondence re: same (0.8); TC with PH re: status of the deliverables (0.3); review follow up emails (0.2); several TCs with J. Palmer re status and open issues (0.9); discuss comments to the cooperation agreement (0.6); coordinate document review (0.2); review comments to Dunbar Management agreement and discuss same (0.2). | 4.10 | 2,644.50 |
| 03/16/11 | Jonathan Bashi | Edits to Cooperation Agreement (1.5); reviewed indemnity and escrow to confirm all exhibits and schedules to Closing Checklist (1.5); review and edits to property management agreements (2.8); executed notices of demand to opposing counsel and to client (0.8); drafted formal notices to Senior Lender re: termination of manager (0.4). | 7.10 | 3,266.00 |
| 03/17/11 | Janice Mac Avoy | Conference call with Eastdil (0.3); telephone conferences with auctioneers (0.9); telephone conferences with client, team DH regarding cooperation, regarding deliverables DHCR notices (1.4). | 2.60 | 2,522.00 |
| 03/17/11 | Laurinda Martins | Review notice of replacement manager (0.5); review emails re misc open items (0.3); review Tahl property management agreement (0.9); exchange of emails re deliverables and site visit to inspect same (0.3); CC with Eastdill and client re foreclosure (0.3); follow up with title company on escrow agreement (0.2); several TCs with J. Palmer re status and open items (0.3). | 2.80 | 1,806.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                                    Page 5

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/17/11 | Jonathan Bashi | Edits to notices to Senior Lender re: termination and replacement of Property Manager (1.9); sent out notices of termination of property manager to opposing counsel and Pinnacle (0.6); edits to Dunbar and Hamilton LLC Operating Agreement (2.2); revisions to Dunbar Property Management Agreement (2.7); edits to Hamilton Management Agreement (2.6); Coordinated conference room for auction (0.3). | 10.30 | 4,738.00 |
| 03/18/11 | Janice Mac Avoy | Update call re: auction (0.2); telephone conference with client re: same (0.5); attention to PH deliverables (0.3); follow-up regarding same (0.1); call w/ auctioneer re: status (0.2). | 1.30 | 1,261.00 |
| 03/18/11 | Laurinda Martins | CC with client re: status and next steps (0.5); several TCs with J. Palmer re: same (0.3); CC with J. Bashi and Tahl Properties re: comments to the management agreement (0.5); CC with client re: PR issues and letters to the tenants (0.4); review PH comments to the title affidavit and escrow agreement (0.7); review revised management agreement (0.5); emails with team re: same (0.2); emails re diligence review (0.4). | 3.00 | 1,935.00 |
| 03/18/11 | Adam Gottlieb | Conf. call w/ LBHI team re: foreclosure issues and plan (0.4); emails w/ J. Bashi re: same (0.3). | 0.70 | 427.00 |
| 03/18/11 | Jonathan Bashi | Conference calls w/ client re: Dunbar update and Property Deliverables (0.5); conference call w/ Tahl Propp re: Management Agreement and follow up edits (0.5); review of PHJW edits to Title Affidavit and Escrow Agreement (2.6); updated closing checklist (1.4); correspondence w/ Luise Barrack @ Rosenberg Estis and w/ auctioneer (0.6). | 5.60 | 2,576.00 |
| 03/21/11 | Donald Carleen | Discs. with L. Martins re: senior loan documents. | 0.20 | 194.00 |
| 03/21/11 | Janice Mac Avoy | Telephone conferences with client (0.6); telephone conferences with Paul Hastings (0.4); call with senior lender (0.2); follow-up regarding same (0.2). | 1.40 | 1,358.00 |
| 03/21/11 | Laurinda Martins | Emails with Latham re: conference call (0.3); several TCs with J. Palmer re: comments to the Langsam agreement, the senior loan documents and misc. open items (0.5); coordinate changes to same (0.3); Discuss employment through ADT issues (0.8); CC with Tahl Prop re: comments to the management agreement (0.7); CC with Latham and Client re: senior loans (0.6); revise escrow agreement and exchange of emails with client re: same (0.8); revise title affidavit (0.1). | 3.80 | 2,451.00 |
| 03/21/11 | Jonathan Bashi | Assembled signature pages for closing (1.9); conference call w/ Tahl Propp (0.7); amendments to property management agreements (3.1); finalized docs and created duplicates for Hamilton and Dunbar (2.8); finalized notices to senior lender on replacement of manager (0.5). | 9.00 | 4,140.00 |
| 03/22/11 | Janice Mac Avoy | Cooperation, pre-closing issues (2.5); telephone conferences with all parties regarding same (0.7). | 3.20 | 3,104.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                        Page 6

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/22/11 | Michael Alexander | Meet w/ L. Martins and J. Bashi re: management agreement (0.5); draft documents (2.9); review documents (1.3); prepare signatures (0.1); attn. to closing (0.1); attn. to transfer tax issues (0.6). | 5.50 | 3,547.50 |
| 03/22/11 | Laurinda Martins | Review management agreement and revise same (1.4); TC with J. Bashi re: same (0.5); several TCs with J. Palmer re: closing (0.2); coordinate various deliverables; discuss final documents; exchange of emails with client re: org. documents (0.3); internal meeting regarding status (0.3); TC with J. Palmer re: same (0.1); exchange of emails with the title company re: escrow agreement (0.2); review and revise assignment of loan documents (2.4); review and revise assignment and subordination of management agreements (0.3); review revised title affidavits (0.3) | 6.00 | 3,870.00 |
| 03/22/11 | Jonathan Bashi | Updates to management agreements for Hamilton and Dunbar (1.6); updates to foreclosure checklist (0.7); assembled execution version docs to client and opposing counsel (0.9); summary of terms of public sale for auctioneer (1.2); conference call w/ client re: same (0.5); assembled signature pages for client (1.4); coordinated w/ NYLS to get updated property reports (0.8); correspondence w/ opposing counsel (0.7); review of assignment of membership interests (2.1); review of subordination of management agreement. | 9.60 | 4,416.00 |
| 03/23/11 | Janice Mac Avoy | Communication with all parties (2.1); conference calls (3.2); preparation for closing and foreclosure (1.0). | 6.30 | 6,111.00 |
| 03/23/11 | Michael Alexander | Draft changes to management agreement (3.2); revise and review documents (2.7); conference calls re: same (1.5); closing (1.4). | 8.80 | 5,676.00 |
| 03/23/11 | Laurinda Martins | Exchange of emails re: open items (0.3); prepare email re: status of various open items (0.4); prepare assignment of interest (1.1); review UCC and pledge agreement (0.2); TC with J. Hisiger re comments to the assignment of management agreement (0.2); exchange of emails with client re: open items and signature pages (0.7). | 2.90 | 1,870.50 |
| 03/23/11 | Andrew Falevich | Discussion with Michael Alexander re: Transfer Taxes. | 0.40 | 244.00 |
| 03/23/11 | Jonathan Bashi | Edits to Title Affidavit and Assignment of Interest (2.0); review of latest notices from NYDEC (0.8); review of remaining open items before closing (0.7); certification requirements in governing doc (2.1); review and edits to Dunbar letter to tenants and duplicated for Hamilton (2.6); prepared signature pages and distributed to client for signature (1.4); correspondence re: potential interest on Hamilton (0.7); edits to management agreements to change to owner entity (4.6). | 14.90 | 6,854.00 |
| 03/23/11 | Michele Chirco | Drafted closing documents (1.0); reviewed UCCs. (1.6). | 2.60 | 1,196.00 |
| 03/23/11 | Patrick Foote | Review/index documents and pdf preparation for J. Mac Avoy. | 3.60 | 1,062.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                   Page 7

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/23/11 | Joseph Meland | Prepare documents per M. Alexander. | 0.50 | 127.50 |
| 03/24/11 | Janice Mac Avoy | Call with Eastdil (0.3); communication all parties regarding cooperation (1.2); deliverables, tenant files (2.1); preparation for UCC sale (script, etc.) (0.6). | 4.20 | 4,074.00 |
| 03/24/11 | Lee Parks | Call regarding assignment of interests. | 0.30 | 291.00 |
| 03/24/11 | Michael Alexander | Attn. to foreclosure and closing (5.5); conference call with Eastdil and client (0.3). | 5.80 | 3,741.00 |
| 03/24/11 | Laurinda Martins | Exchange of emails regarding cooperation agreement (0.2); review correspondence re: status (0.3). | 0.50 | 322.50 |
| 03/24/11 | Andrew Falevich | Discussion with Michael Alexander re: foreclosure and closing. | 0.20 | 122.00 |
| 03/24/11 | Adam Gottlieb | Drafted answers to complaints as potential successor entities. | 1.90 | 1,159.00 |
| 03/24/11 | Jonathan Bashi | Conference call w/ Eastdil re: potential additional bidders and foreclosure sale (0.3); final edits to and execution of management agreements to hold in escrow (2.2); forwarding of client signature pages for holding in escrow and originals to closing room (0.4); review of title insurance policies on properties (3.5); receipt of tenant files from Pinnacle and review for completeness (1.8); final edits to tenant letters (0.9); coordinated conference room and security clearances (1.4); summaries of terms of public sale for auctioneer (0.2). | 10.70 | 4,922.00 |
| 03/24/11 | Michele Chirco | Prepared assignment documents and revised UCCs. | 0.70 | 322.00 |
| 03/24/11 | Patrick Foote | Document review for J. Mac Avoy. | 14.60 | 4,307.00 |
| 03/24/11 | Richard B. Goldstein | Assistance to Associate M. Alexander including e-mailed CSC two UCC-3 Assignment Statements to be filed in the State of DE for (i) NY Dunbar Holdings LLC and (ii) NY Hamilton Holdings LLC. | 0.50 | 147.50 |
| 03/24/11 | Filipina Balahadia | Assisted P. Foote with reviewing Pinnacle tenant files for current lease materials. | 9.40 | 2,773.00 |
| 03/24/11 | David A Palmer | Attention to reviewing files for current lease. | 4.50 | 1,327.50 |
| 03/24/11 | Bonita McDuffie | Document review for J. Mac Avoy. | 2.20 | 561.00 |
| 03/24/11 | Christopher McSweeney | Checked boxes for tenant files and current leases for properties of Pinnacle. | 8.90 | 1,780.00 |
| 03/24/11 | Michael Vandenberg | Review current lease agreement files. | 6.20 | 1,240.00 |
| 03/25/11 | Janice Mac Avoy | UCC sale; closing cooperation agreement. | 5.10 | 4,947.00 |
| 03/25/11 | Lee Parks | Calls re: cooperation agreement closing and UCC sale. | 0.30 | 291.00 |
| 03/25/11 | Michael Alexander | Foreclosure auction and closing. | 4.80 | 3,096.00 |
| 03/25/11 | Laurinda Martins | Emails re: foreclosure (0.3); review emails re: status (0.1). | 0.40 | 258.00 |
| 03/25/11 | Adam Gottlieb | Drafted answers (1.0); emails w/ J. Mac Avoy re: foreclosure sale and related issues (0.2). | 1.20 | 732.00 |
| 03/25/11 | Michele Chirco | Attended auction. (3.1) Prepared documents for closing. (2.7) Prepared signature pages. (0.9) | 6.70 | 3,082.00 |
| 03/25/11 | Patrick Foote | Document review for J. Mac Avoy. | 13.10 | 3,864.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                 Page 8

Client: Lehman
Matter: Pinnacle

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/25/11 | Richard B. Goldstein | Assistance to Associate M. Alexander including received from CSC e-mail version copies of two (2) UCC-3 Assignment Statements filed in the State of DE for (i) NY Dunbar Holdings LLC and (ii) NY Hamilton Holdings LLC and e-mailed evidence of both filings to Michael. | 0.50 | 147.50 |
| 03/25/11 | Christopher McSweeney | Checked boxes for tenant files and current leases for properties of Pinnacle. | 1.50 | 300.00 |
| 03/28/11 | Janice Mac Avoy | Telephone conferences with client; post-closing issues. | 1.80 | 1,746.00 |
| 03/28/11 | Michael Alexander | Draft status e-mail; correspondence. | 0.50 | 322.50 |
| 03/28/11 | Laurinda Martins | Exchange of emails with J. Palmer regarding return of Amsterdam loan documents and payoff (0.2); exchange of emails with PH regarding same (0.3); 1 TC w/ JPalmer re post closing items (0.1); review list of post closing matters (0.3); research re FEIN nos (0.3); exchange of emails with Latham regarding senior lender consents (0.1). | 1.30 | 838.50 |
| 03/28/11 | Adam Gottlieb | Emails w/ J. Mac Avoy, L. Martin, J. Bashi re: termination notice; reviewed same. | 0.40 | 244.00 |
| 03/28/11 | Jonathan Bashi | Correspondence w/ opposing counsel re: UCC-1's (0.2); review of executed transaction docs (0.6); correspondence w/ client and w/ senior lender (0.2). | 1.00 | 460.00 |
| 03/28/11 | Michele Chirco | Prepared closing binder index (0.7). Organized closing documents (1.0). Duped documents and coordinated signature pages (0.3). | 2.00 | 920.00 |
| 03/28/11 | Patrick Foote | Review and coordination of original document delivery to clients for J. Mac Avoy. | 4.90 | 1,445.50 |
| 03/29/11 | Janice Mac Avoy | Attention to post closing foreclosure issues. | 1.90 | 1,843.00 |
| 03/29/11 | Michael Alexander | Call re: transfer taxes. | 0.20 | 129.00 |
| 03/29/11 | Laurinda Martins | Exchange of emails with client and PH regarding accounts (0.3); coordinate UCC terminations for Amsterdam (0.8); TC with J. Halperin re accounts (0.2); review UCC foreclosure termination for Amsterdam (0.8); coordinate preparation of the transfer tax returns and misc post closing items (0.4); several TCs with J. Palmer re post closing items (0.5); discuss answer to the foreclosure complaint (0.1). | 3.10 | 1,999.50 |
| 03/29/11 | Andrew Falevich | Discussion with Laurinda M. re: foreclosure complaint. | 0.20 | 122.00 |
| 03/29/11 | Adam Gottlieb | Revised Termination Notice (0.1); emails w/ J. Mac Avoy, L. Martins re: same (0.1); transmit to J. Palmer for signature (0.1). | 0.30 | 183.00 |
| 03/29/11 | Jonathan Bashi | Ordered and reviewed Amstedam UCC lien searches (0.7); constructed org chart for Dunbar and Hamilton reflecting new SPE's post-foreclosure (2.0). | 2.70 | 1,242.00 |
| 03/29/11 | Michele Chirco | Compiled property information for transfer tax forms. | 2.00 | 920.00 |
| 03/29/11 | Patrick Foote | Review and coordination of original document delivery to clients for J. Mac Avoy. | 7.10 | 2,094.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                                Page 9

Client: Lehman
Matter: Pinnacle

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 03/29/11 | Richard B. Goldstein | Assistance to Associate J. Bashi including (i) requested CSC run UCC lien searches in the State of DE for (i) Pinnacle Amsterdam LLC and (ii) Pinnacle Amsterdam NY LLC and (ii) received from CSC e-mail version copies of all UCC liens on file for both debtors and e-mailed copies to Jon for his review. | 1.50 | 442.50 |
| 03/30/11 | Janice Mac Avoy | Conference call with AAMC (0.4); telephone conferences with client, PH; post-closing issues (1.2); office conferences with team (0.2). | 2.20 | 2,134.00 |
| 03/30/11 | Michael Alexander | Review checklist; discuss matters with M. Chirco (0.1); correspondence (0.2). | 0.50 | 322.50 |
| 03/30/11 | Laurinda Martins | Emails re: name change (0.3); exchange of emails with PH and client re change of authorized signatory (0.4); meet w/ J. Palmer re cash management system (0.3); TC with Tahl Prop regarding same (0.4); TC with J.MacAvoy and R. Allendorff re clearing accounts (0.4); TC with Latham re organizational documents and management agreements (0.5); email to J. Halperin re same (0.2); prepare post closing checklist (0.8); exchange of emails re: same (0.2); exchange of email re: officer's certificates (0.6). | 3.90 | 2,515.50 |
| 03/30/11 | Jonathan Bashi | Review of closing binder index and closing docs. | 2.60 | 1,196.00 |
| 03/30/11 | Michele Chirco | Prepared additional sets of closing documents (1.2). Revised documents (2.4). | 3.60 | 1,656.00 |
| 03/30/11 | Filipina Balahadia | Reviewed and organized tenant files as per P. Foote (0.4); general litigation support (0.7). | 1.10 | 324.50 |
| 03/31/11 | Janice Mac Avoy | Post-closing issues (0.4); tc's L. Martins, client (0.5). | 0.90 | 873.00 |
| 03/31/11 | Laurinda Martins | Emails regarding clearing accounts and officer's certificates (0.2); revise closing checklist (0.3); TC w/ C. Moorhead re senior loan documents (0.2); coordinate transfer tax forms (0.3); review email re: letters to the senior lender (0.3) | 1.30 | 838.50 |
| 03/31/11 | Andrew Falevich | Discussion with Ken R. re: transfer tax issues. | 0.20 | 122.00 |
| 03/31/11 | Kenneth Rosenfeld | Calls w. Jonathan Bashi, Michele Chirco (0.2); conf. w. Andrew Falevich (0.1); researching transfer tax consideration (0.6). | 0.90 | 522.00 |
| 03/31/11 | Jonathan Bashi | Edits to closing binder (0.8); sent notices to Senior Lender (0.3). | 1.10 | 506.00 |
| 03/31/11 | Michele Chirco | Drafted operating agreement for borrower (5.1). Drafted account change request letter (0.6). Revised closing set (1.2). | 6.90 | 3,174.00 |
| | | Total: | 387.00 | 204,320.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                    Page 1

Client: Lehman
Matter: Hudson Yards

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|------------|-------------|-------|--------|
| 06/02/11 | Nazar Altun | Review of Rob's comments to affidavit (1.0); communications with R. Kravitz re: same and regarding summary judgment filing (.5). | 1.50 | 967.50 |
| 06/02/11 | Rachel Kravitz | Preparing affidavits and memo of law for summary judgment motion. | 1.20 | 624.00 |
| 06/02/11 | Filipina Balahadia | Reviewed and organized potential exhibits as per R. Kravitz. | 0.70 | 206.50 |
| 06/03/11 | Rachel Kravitz | Prepare docs for filing (.4); review w/ F. Balahadia (.2). | 0.60 | 312.00 |
| 06/03/11 | Filipina Balahadia | Reviewed and organized potential exhibits and case materials (2.0); created table of authorities as per R. Kravitz (.2); general litigation support (.4) | 2.60 | 767.00 |
| 06/04/11 | John A. Borek | Respond to R. Kravitz emails (.1); online research re: Home Savings v. Riverhead Investors action per R. Kravitz (.4). | 0.50 | 380.00 |
| 06/04/11 | Rachel Kravitz | Revise TOA (.8); check exhibits (.2). | 1.00 | 520.00 |
| 06/06/11 | Rachel Kravitz | Revise citations in memo of law. | 0.60 | 312.00 |
| 06/06/11 | Filipina Balahadia | Reviewed and organized potential exhibits and case materials (.6); created table of authorities as per R. Kravitz (.2); general litigation support (.1). | 0.90 | 265.50 |
| 06/07/11 | Nazar Altun | Review of summary judgment papers (5.0); communications with R. Kravitz re: same (.2). | 5.20 | 3,354.00 |
| 06/07/11 | Rachel Kravitz | Revise papers to be filed along with summary judgment motion and review exhibits. | 2.30 | 1,196.00 |
| 06/07/11 | Filipina Balahadia | Reviewed and organized potential exhibits and case materials as per R. Kravitz (2.0); general litigation support (.8). | 2.80 | 826.00 |
| 06/08/11 | John A. Borek | Review and revise draft motion papers (3.0); confs with R. Kravitz, N. Naghi and N. Altun re: same (1.1). | 4.10 | 3,116.00 |
| 06/08/11 | Nazar Altun | Review of summary judgment papers (4.5); communications with R. Kravitz re: same (.6). | 5.10 | 3,289.50 |
| 06/08/11 | Rachel Kravitz | Revise papers per J. Borek's comments. | 2.90 | 1,508.00 |
| 06/08/11 | Nicole Naghi | Prepare RJI forms (3.0) and discuss issues with J. Borek (.4). | 3.40 | 1,564.00 |
| 06/08/11 | Filipina Balahadia | Reviewed and organized potential exhibits and case materials as per R. Kravitz (2.0); general litigation support (.8). | 2.80 | 826.00 |
| 06/09/11 | Janice Mac Avoy | Finalizing summary judgment. papers. | 0.60 | 582.00 |
| 06/09/11 | John A. Borek | Review and revise draft motion papers (3.5); confs with R. Kravitz, N. Altun, E. Strecker and N. Naghi re: same (.6). | 4.10 | 3,116.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                 Page 2

Client: Lehman
Matter: Hudson Yards

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/09/11 | Nazar Altun | Final edits and preparations for filing of motion for summary judgment (4.5); communications with R. Kravitz and J. Borek re same (.7). | 5.20 | 3,354.00 |
| 06/09/11 | Rachel Kravitz | File summary judgment motion. | 2.00 | 1,040.00 |
| 06/09/11 | Filipina Balahadia | Reviewed and organized potential exhibits and case materials as per R. Kravitz (4.0); general litigation support (.4). | 4.40 | 1,298.00 |
| 06/09/11 | Edward Strecker | E-filed motion for partial summary judgment and related relief in NY Supreme Court, NY County. | 1.00 | 295.00 |
| 06/13/11 | Janice Mac Avoy | Communication with borrower, client regarding extension. | 0.20 | 194.00 |
| 06/13/11 | Rachel Kravitz | Draft cover letter to client re: summary judgment package. | 0.30 | 156.00 |
| 06/13/11 | Filipina Balahadia | Reviewed and organized case materials as per R. Kravitz. | 0.70 | 206.50 |
| 06/14/11 | Nazar Altun | Communications with client re: assigned judge and opposing counsel's request for an extension of time | 0.80 | 516.00 |
| 06/14/11 | Filipina Balahadia | Reviewed and organized case materials as per R. Kravitz. | 0.70 | 206.50 |
| 06/15/11 | Janice Mac Avoy | Conference call with client (.3); follow-up regarding same (.1). | 0.40 | 388.00 |
| 06/15/11 | Nazar Altun | Communications with client re: recent SJ filing. | 0.70 | 451.50 |
| 06/16/11 | Janice Mac Avoy | Review stipulation. | 0.20 | 194.00 |
| 06/16/11 | John A. Borek | Confs with N. Altun re: extension of time. | 0.20 | 152.00 |
| 06/16/11 | Nazar Altun | Communications with opposing counsel re: extension of time to respond to summary judgment brief (.2); communications with J. Borek re: same (.3); review of draft stipulation (1.0); call with R. Brusco and M. Czervionke re: next steps (.3). | 1.80 | 1,161.00 |
| 07/05/11 | Janice Mac Avoy | Telephone conference with Borrower's counsel (.1); communication with client regarding extension (.1). | 0.20 | 194.00 |
| 07/05/11 | Nazar Altun | Communications with L. Sklaw re: extension to summary judgment motion (.1); communications with J. Mac Avoy and R. Brusco re: same (.8). | 0.90 | 580.50 |
| 07/07/11 | Janice Mac Avoy | Review extension. | 0.20 | 194.00 |
| 08/01/11 | Nazar Altun | Communications with Lawrence Sklaw regarding extension to Summary Judgment briefing schedule. | 0.60 | 387.00 |
| 08/02/11 | Janice Mac Avoy | Telephone conference with client (.3); office conference with Nazar Altun regarding strategy/deed in lieu issues (.9). | 1.20 | 1,164.00 |
| 08/02/11 | Nazar Altun | Conference call with Rob Brusco, Craig Burns and John Nastasi regarding potential Discounted Pay Off. | 0.30 | 193.50 |
| 08/02/11 | Nazar Altun | Communications with Janice Mac Avoy and review of treatises regarding several potential legal issues relating to Discounted Pay Off. | 0.90 | 580.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                            Page 3

Client:  Lehman
Matter: Hudson Yards

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/03/11 | Nazar Altun | Review of Mezzanine Loan Documents to determine best way to procede on Discounted Pay Off. | 1.50 | 967.50 |
| 08/03/11 | Nazar Altun | Communications with R. Kravitz re: Mezzanine Loan Documents to determine best way to procede on Discounted Pay Off. | 0.50 | 322.50 |
| 08/03/11 | Nazar Altun | Communications with Craig Burns regarding Mezzanine Loan documents | 0.20 | 129.00 |
| 08/03/11 | Rachel Kravitz | Review mezzanine loan documents. | 0.60 | 312.00 |
| 08/04/11 | Janice Mac Avoy | Office conference with Nazar Altun and reviewing mezzanine loan documents (.5); summary to client (.2). | 0.70 | 679.00 |
| 08/15/11 | Janice Mac Avoy | Conference call with client (.4); follow-up with Nazar Altun regarding strategy with borrower (.1). | 0.50 | 485.00 |
| 08/15/11 | Nazar Altun | Communications with client regarding potential deal with borrower (.4); discussion with J. Mac Avoy re: same (.1); communications with R. Kravitz re: stipulation extending summary judgment motion return date (.7). | 1.20 | 774.00 |
| 08/16/11 | Nazar Altun | Commmunications with R. Kravitz and L. Sklaw regaringd extention of summary judgment motion briefing schedule | 0.80 | 516.00 |
| 08/18/11 | Janice Mac Avoy | Communication with client regardung borrower request (.2); communication with Nazar Altun regarding term sheet (.2). | 0.40 | 388.00 |
| 08/22/11 | Nazar Altun | Communications with client (.6); communications with L Sklaw re: extension (.4). | 1.00 | 645.00 |
| 08/29/11 | Janice Mac Avoy | Telephone conference with Nazar Altun regarding term sheet. | 0.30 | 291.00 |
| 08/29/11 | Nazar Altun | Work on Term Sheet for Discounted Pay Off (2.2); communication with J. Mac Avoy re: same (.3). | 2.50 | 1,612.50 |
| 08/31/11 | Janice Mac Avoy | Office conference with Nazar Altun regarding restructure term sheet. | 0.30 | 291.00 |
| | | Total: | 76.30 | 44,050.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                Page 1

Client: Lehman
Matter: St. Vincents

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/13/11 | Janice Mac Avoy | Telephone conference with Laurinda Martins regarding purchase of loan. | 0.40 | 388.00 |
| 06/13/11 | Laurinda Martins | TC with A. Barsanti and C.DeMartino (.2); TC with L. Parks and J. MacAvoy re same (.4); review co-lender (1.5). | 2.10 | 1,354.50 |
| 06/14/11 | Janice Mac Avoy | Reviewing judgment, complaint and co-lender. | 0.60 | 582.00 |
| 06/15/11 | Janice Mac Avoy | Telephone conference with client regarding background (.3); reviewing documents (.7). | 1.00 | 970.00 |
| 06/15/11 | Laurinda Martins | Review and discuss ICA and Co-lender (1.0); discuss letter (.2); revise same (.3). | 1.50 | 967.50 |
| 06/15/11 | Mark Siegmund | Reviewed co-lender and summarize same (2.5); discussed same with Laurinda Martins and J. Mac Avoy (.2). | 2.70 | 1,404.00 |
| 06/16/11 | Janice Mac Avoy | Letter to Borrower (.2); office conference with team (.2). | 0.40 | 388.00 |
| 06/16/11 | Laurinda Martins | Revise letter. | 0.50 | 322.50 |
| 06/16/11 | Mark Siegmund | Revised letter (2.0); discussed same with J. Mac Avoy (.2); drafted Pre-Negotiation Agreement (2.0). | 4.20 | 2,184.00 |
| 06/21/11 | Laurinda Martins | Review PNA. | 0.20 | 129.00 |
| | | Total: | 13.60 | 8,689.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                Page 1

Client: Lehman
Matter: Sandy Springs


## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/14/11 | Laurinda Martins | Reviewed transaction summary. | 0.50 | 322.50 |
| 06/15/11 | Laurinda Martins | TC with M. Rios re mezz foreclosure | 0.20 | 129.00 |
| 06/16/11 | Janice Mac Avoy | Office conference with Laurinda Martins (.3); review loan agreement, pledge agreement (.2). | 0.50 | 485.00 |
| 06/16/11 | Laurinda Martins | Reviewed loan documents (.3); t/c with J. MacAvoy re: same (.2). | 0.50 | 322.50 |
| 06/17/11 | Janice Mac Avoy | Telephone conference with client (.3); voice-mail with borrower (.1); communication with team regarding foreclosure (.2). | 0.60 | 582.00 |
| 06/17/11 | Laurinda Martins | CC with client and title company regarding foreclosure | 0.80 | 516.00 |
| 06/17/11 | Mark Siegmund | Attention to emails regarding review of loan documents between Lehman Brothers Holdings Inc., as Lender, and Lyon Spring Creek, LLC & Lyon Spring Creek II LLC, as Borrower (and related documents) (.3); reviewed said documents in preparation for report to L. Martins and J. Mac Avoy (.8). | 1.10 | 572.00 |
| 06/18/11 | Laurinda Martins | Emails and TC re mezz foreclosure | 0.30 | 193.50 |
| 06/18/11 | Mark Siegmund | Reviewed loan documents between Lehman Brothers Holdings Inc., as Lender, and Lyon Spring Creek, LLC & Lyon Spring Creek II LLC, as Borrower (and related documents) (1.2); prepared report on same in accordance with requests by Laurinda Martins and Janice Mac Avoy (.6). | 1.80 | 936.00 |
| 06/19/11 | Mark Siegmund | Reviewed loan documents between Lehman Brothers Holdings Inc., as Lender, and Lyon Spring Creek, LLC & Lyon Spring Creek II LLC, as Borrower (and related documents) (4.0); reported on same to Laurinda Martins following request (2.0). | 6.50 | 3,380.00 |
| 06/20/11 | Ann Sherman | Searched PLI website for articles on strict foreclosure of UCC mezzanine loans (.5). Sent citation list w/ terms in context and then downloaded requested full text (.1). | 0.60 | 138.00 |
| 06/22/11 | Janice Mac Avoy | Revising strict foreclosure notice (.4) voice-mail borrower counsel (.1). | 0.50 | 485.00 |
| 06/22/11 | Ann Sherman | Searched for form to give notice of proposal of full strict foreclosure under UCC 9 . | 0.30 | 69.00 |
| 06/23/11 | Janice Mac Avoy | Telephone conference with Borrower's counsel, M. Siegmund (.3); communication with client regarding UCC foreclosure (.8). | 1.10 | 1,067.00 |
| 06/23/11 | Mark Siegmund | Reviewed Sandy Springs loan documents in response to request and summarized applicable provisions in email (2.3); discussed same with Janice Mac Avoy (.3). | 2.60 | 1,352.00 |
| 06/24/11 | Janice Mac Avoy | Review of loan documents (.5); conference call with borrower (.4). | 0.90 | 873.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                      Page 2

Client: Lehman
Matter: Sandy Springs

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/24/11 | Laurinda Martins | TC re sandy springs with client. | 0.10 | 64.50 |
| 06/24/11 | Kara Friedman | Client call and subsequent call with Janice MacAvoy (.6); review meeting notes for email (.2). | 0.80 | 488.00 |
| 06/24/11 | Mark Siegmund | Conference call with borrower's counsel in Sandy Spring matter (.4); summarized issues and loan documents for Janice Mac Avoy (2.9). | 3.30 | 1,716.00 |
| 06/27/11 | Janice Mac Avoy | Summary to client. | 0.60 | 582.00 |
| 07/05/11 | Janice Mac Avoy | Telephone conference with client regarding status (.1); voice-mail with borrower (.1); telephone conference with F. Pillon regarding payment to borrower(.1). | 0.30 | 291.00 |
| 07/07/11 | Janice Mac Avoy | Communication with borrower. | 0.20 | 194.00 |
| 07/08/11 | Janice Mac Avoy | Telephone conference with Michael Alexander regarding DIL (.1); communication with client (.3). | 0.40 | 388.00 |
| 07/11/11 | Janice Mac Avoy | Telephone conferences with Laurinda Martins, M. Alexander. | 0.60 | 582.00 |
| 07/11/11 | Michael Alexander | Review loan documents (1.2); draft foreclosure (.8); correspondence (.6). | 2.60 | 1,677.00 |
| 07/11/11 | Mark Siegmund | Reviewed loan documents and summarized applicable provisions for team (1.1); discussed same with Michael Alexander (.6). | 1.70 | 884.00 |
| 07/12/11 | Janice Mac Avoy | Review borrower's proposal (1.1); Sr. loan documents (.1); communication with client (.1). | 0.30 | 291.00 |
| 07/12/11 | Michael Alexander | Correspondence (.1); draft foreclosure documents (1.1). | 1.20 | 774.00 |
| 07/13/11 | Janice Mac Avoy | Telephone conference with M. Rios, Michael Alexander, Laurinda Martins (.6); communication with client (.2). | 0.80 | 776.00 |
| 07/13/11 | Richard A. Wolfe | T/c with M. Alexander (.4). Emails to working group re gain recognition issues (.7). | 1.10 | 1,067.00 |
| 07/13/11 | Michael Alexander | T/c's (.6); correspondence re: tax issues (.4). | 1.00 | 645.00 |
| 07/13/11 | Mark Siegmund | Reviewed loan documents and summarized applicable provisions for team, | 2.60 | 1,352.00 |
| 07/14/11 | Janice Mac Avoy | Conference call with client (.2); follow-up with Lyon (.1); office conferences with Laurinda Martins and R. Sitman (.4); telephone conference with local counsel (.2). | 0.90 | 873.00 |
| 07/14/11 | Laurinda Martins | Discuss redemption documents (.4); drafting same (.8); conf call with client re same (.2). | 1.60 | 1,032.00 |
| 07/14/11 | Mark Siegmund | Reviewed and summarized provisions of loan documents in response to email from Janice Mac Avoy | 0.40 | 208.00 |
| 07/14/11 | Robert J. Sitman | Call with client and L. Martins re: transaction structure (.2); reviewed title report (1.0); commenced drafting of backstop indemnity (1.6). | 2.80 | 1,456.00 |
| 07/15/11 | Mark Siegmund | Attention to emails. | 0.10 | 52.00 |
| 07/17/11 | Andrew Frohlich | Reviewed title commitment (1.5); drafted title comments (1.0). | 2.50 | 987.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                    Page 3

Client: Lehman
Matter: Sandy Springs

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 07/18/11 | Laurinda Martins | Review emails re tax issues (.2); discuss redemption structure (.2); draft redemption documents (.8); review title summary and coordinate follow up review (.4); exchange of emails with local counsel re assignment (.4). | 2.00 | 1,290.00 |
| 07/18/11 | Robert J. Sitman | Drafted redemption agreements and backstop indemnity (2.5); reviewed title report and lien searches (.8). | 3.30 | 1,716.00 |
| 07/18/11 | Andrew Frohlich | Sandy Springs: prepared title report (.7); correspondence with title company re: back-up documentation (.2). | 0.90 | 355.50 |
| 07/19/11 | Laurinda Martins | Drafting settlement documents | 3.40 | 2,193.00 |
| 07/20/11 | Janice Mac Avoy | Telephone conference with Laurinda Martins regarding issues (.3); revising agreements (1.0). | 1.30 | 1,261.00 |
| 07/20/11 | Laurinda Martins | Draft redemption/settlement documents; CC with Client re term sheet and status (.5); call with J. Mac Avoy re: issues (.3); calls with R. Sitman re: documents (.5). | 3.10 | 1,999.50 |
| 07/20/11 | Robert J. Sitman | Drafted settlement agreement, backstop indemnity and redemption agreement (2.5); call with client (.5); calls/correspondence with L. Martins re: issues (.5). | 3.50 | 1,820.00 |
| 07/21/11 | Laurinda Martins | TC with Client re matter (.3); emails re same (.3). | 0.50 | 322.50 |
| 07/21/11 | Laurinda Martins | Discuss assignment documents with R. Sitman (.5); review and revise same (1.5); email to client re same (.3); review term sheet response to LNR and prepare comments thereto (.9). | 3.20 | 2,064.00 |
| 07/21/11 | Robert J. Sitman | Reviewed, revised and distributed settlement agreement, backstop indemnity and redemption agreement (1.5); correspondence with L. Martins re: same (.5). | 2.00 | 1,040.00 |
| 07/21/11 | Andrew Frohlich | Reviewed back-up documents to title report. | 1.90 | 750.50 |
| 07/22/11 | Janice Mac Avoy | Call with Borrower and AEW (.2); communication with client, team (.5); telephone conferences with Laurinda Martins (.5). | 1.20 | 1,164.00 |
| 07/22/11 | Laurinda Martins | TC re status of Redemption | 0.50 | 322.50 |
| 07/25/11 | Janice Mac Avoy | Telephone conference with Laurinda Martins regarding status. | 0.30 | 291.00 |
| 07/25/11 | Laurinda Martins | CC with J. Mac Avoy re open issues (.3); emails re same (.2). | 0.50 | 322.50 |
| 07/26/11 | Janice Mac Avoy | Communication with Laurinda Martins regarding strict foreclosure notice. | 0.30 | 291.00 |
| 07/26/11 | Laurinda Martins | TC with C.DeMartino re same (.4); revise foreclosure letter (.4); emails re same (.3). | 1.10 | 709.50 |
| 07/26/11 | Robert J. Sitman | Reviewed title materials and provided comments to A. Frohlich on summary thereof; meetings with A. Frohlich (.5). | 1.70 | 884.00 |
| 07/26/11 | Andrew Frohlich | Prepared title notes (3.8); meetings w/ R. Sitman (.5). | 4.30 | 1,698.50 |
| 07/29/11 | Janice Mac Avoy | Communication with client regarding foreclosure notice. | 0.10 | 97.00 |
| 07/29/11 | Laurinda Martins | Emails re status and notice letter | 0.20 | 129.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                  Page 4

Client: Lehman
Matter: Sandy Springs

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 07/29/11 | Robert J. Sitman | Coordinated distribution and delivery of foreclosure letter (.6); calls with L. Martins in connection therewith (.2). | 0.80 | 416.00 |
| 08/01/11 | Laurinda Martins | CC with client re comments to the redemption documents (.5); internal discussions re: same (.5). | 1.00 | 645.00 |
| 08/01/11 | Robert J. Sitman | Revised settlement documents (3.1); call with client re: same (.3); calls/meetings with L. Martins re: same (.4). | 3.80 | 1,976.00 |
| 08/02/11 | Janice Mac Avoy | Communication with Laurinda Martins. | 0.30 | 291.00 |
| 08/02/11 | Laurinda Martins | Discuss redemption documents (.2); correspondence re same (.3). | 0.50 | 322.50 |
| 08/02/11 | Robert J. Sitman | Revisions to settlement/redemption docs (.4); distribution of same (.2); distribution of strict foreclosure notice (.1). | 0.70 | 364.00 |
| 08/05/11 | Laurinda Martins | Discuss status (.3); prepare comments to loan documents (1.4). | 1.70 | 1,096.50 |
| 08/10/11 | Janice Mac Avoy | Telephone conference with Lyon (.8), follow-up with Laurinda Martins (.1). | 0.90 | 873.00 |
| 08/10/11 | Laurinda Martins | CC with Lyon and their counsel regarding agreements and open issues | 0.80 | 516.00 |
| 08/10/11 | Robert J. Sitman | Call with Lyon's counsel, J. Mac Avoy and L Martins re: assignment in lieu documentation. | 0.80 | 416.00 |
| 08/11/11 | Janice Mac Avoy | Telephone conference with client, L. Martins, R. Sitman regarding borrower's comments to consensual transfer documents. | 0.40 | 388.00 |
| 08/11/11 | Laurinda Martins | Attention to emails (.4); cc with client re open issues (.5). | 0.90 | 580.50 |
| 08/11/11 | Robert J. Sitman | Call with client re: open issues in assignment-in-lieu documents. | 0.50 | 260.00 |
| 08/16/11 | Janice Mac Avoy | Telephone conference with Laurinda Martins regarding status. | 0.20 | 194.00 |
| 08/16/11 | Laurinda Martins | Emails re documents(.1); emails re status (.2); TC with C.DeMartino re same (.1) | 0.40 | 258.00 |
| 08/18/11 | Janice Mac Avoy | Conference call with borrower and borrower's counsel (.6); follow-up with Laurinda Martins regarding same (.5). | 1.10 | 1,067.00 |
| 08/18/11 | Laurinda Martins | Emails re status (.2); conf call regarding foreclosure (.8); discussions re same (.2) | 1.20 | 774.00 |
| 08/19/11 | Laurinda Martins | TC with C.DeMartino re status (.1); discuss same (.1). | 0.20 | 129.00 |
| 08/22/11 | Janice Mac Avoy | Revising strict foreclosure notice to borrower (.4); telephone conferences with team regarding same (.2). | 0.60 | 582.00 |
| 08/22/11 | Laurinda Martins | Review and revise assignment documents and notices (.8); TCs regarding same (.2) | 1.00 | 645.00 |
| 08/22/11 | Robert J. Sitman | Drafted assignment of equity interests and notice to borrower re: expiration of cure period and lender's acceptance of collateral in lieu of satisfaction of debt (3.3); correspondence with L. Martins and J. Mac Avoy in connection therewith (.4). | 3.70 | 1,924.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                 Page 5

Client: Lehman
Matter: Sandy Springs

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/23/11 | Janice Mac Avoy | Communication with Laurinda Martins and R. Sitman regarding strict foreclosure. | 0.40 | 388.00 |
| 08/23/11 | Laurinda Martins | TC with C. DeMartino re notices (.3); emails re same (.2) | 0.60 | 387.00 |
| 08/23/11 | Robert J. Sitman | Preparation of notice and coordination of distribution of same. | 0.50 | 260.00 |
| 08/24/11 | Janice Mac Avoy | Telephone conference with AEW counsel regarding foreclosure (.2); follow-up with Laurinda Martins regarding same. | 0.40 | 388.00 |
| 08/24/11 | Laurinda Martins | Several TCs with C.Demartino (.3); review documents re termination of management agreement (.2). | 0.50 | 322.50 |
| 08/24/11 | Robert J. Sitman | Call with client re: original foreclosure notices (0.3); reviewed consent to management agreement and prepared notice of termination of management contract in connection therewith (0.9). | 1.20 | 624.00 |
| 08/25/11 | Laurinda Martins | TC with Lyon's counsel (.2); follow up emails (.3) | 0.50 | 322.50 |
| 08/25/11 | Mark Siegmund | Reviewed loan documents and summarized relevant provisions of same in response to emails from Laurinda Martins and Janice Mac Avoy | 0.70 | 364.00 |
| 08/26/11 | Laurinda Martins | TC with borrower's counsel re foreclosure (.2); TCs with client re same (.3) | 0.50 | 322.50 |
| 08/30/11 | Laurinda Martins | Conf Call regarding post foreclosure items (1.0); follow up call with client (.2); emails re call (.1) | 1.30 | 838.50 |
| 08/30/11 | Robert J. Sitman | Reviewed property management agreements (0.3) and prepared summary of post-termination obligations of manager. | 0.60 | 312.00 |
| 08/31/11 | Laurinda Martins | Emails re status (.2); review summary of management (.1) | 0.30 | 193.50 |
| | | Total: | 109.00 | 66,963.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                              Page 1

Client: Lehman
Matter: Broad Street

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 07/20/11 | Adrienne Bernard | Review zoning lot development agreement and history of correspondence re damages and access to 41 Broad (2.0); multiple telephone confereces with Halperin and Palmer re: same (1.5). | 3.50 | 2,660.00 |
| 07/21/11 | Carol Rosenthal | Conference regarding GCT sale and property interests (.7); follow up and review notes to prepare for call (.3). | 1.00 | 940.00 |
| 07/21/11 | Adrienne Bernard | Prepare for and attend meeting w/client, 41 Broad and receivers to discuss facade work and required easements issues. | 2.80 | 2,128.00 |
| 07/25/11 | Adrienne Bernard | Review draft license agreement (1.0); emails to client re identified issues (0.8). | 1.80 | 1,368.00 |
| 07/26/11 | Adrienne Bernard | Draft email to client re questions/issues in drafting revisions to license agreement. | 0.50 | 380.00 |
| 07/28/11 | Adrienne Bernard | Multiple telephone conferences with Z. Bernstein and T. Golomb re: license agreement. | 1.00 | 760.00 |
| 07/28/11 | Adrienne Bernard | Email with J. Halperin re: preparation of license agreement (.8); emails with J. Kim re: revised agreement (.2). | 1.00 | 760.00 |
| 07/28/11 | Adrienne Bernard | Review and revise license agreement. | 5.00 | 3,800.00 |
| 07/28/11 | Tal Golomb | Revise license agreement concerning 25 Broad Street and 45 Broad Street | 3.20 | 2,112.00 |
| 07/28/11 | Zachary Bernstein | Prepare construction license and release agreement. | 4.80 | 2,928.00 |
| 07/29/11 | Carol Rosenthal | Telephone conference with H. Chen regarding review of property interests. | 0.30 | 282.00 |
| 07/29/11 | Adrienne Bernard | Conf call with Bernstein re: comments on revised agreement (.8); emails with J. Halperin re: same (.2). | 1.00 | 760.00 |
| 07/29/11 | Tal Golomb | Revise license agreement regarding 25 Broad Street and 45 Broad Street. | 2.10 | 1,386.00 |
| 07/29/11 | Zachary Bernstein | Prepare draft license agreement with respect to 25 Broad Street, 41 Broad Street, and 45 Broad Street. | 3.10 | 1,891.00 |
| 07/29/11 | Zachary Bernstein | Teleconference with J. Palmer regarding draft license agreement. | 0.20 | 122.00 |
| 07/29/11 | Zachary Bernstein | Correspondence with counsel to receivers for 25 Broad Street and 45 Broad Street with respect to draft license agreement. | 0.20 | 122.00 |
| 08/01/11 | Adrienne Bernard | Review comments from Boyd and Stroock, conf. Z. Bernstein re same. | 1.00 | 760.00 |
| 08/01/11 | Zachary Bernstein | Review comments from J. Kim at Stroock, B. Boyd at Meister Seelig to proposed license and release agreement (1.0); Prepare revised draft license and release agreement (2.0). | 3.00 | 1,830.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                                                          Page 2

Client: Lehman
Matter: Broad Street

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/02/11 | Adrienne Bernard | Review Stroock comments on draft (1.2); conference Z. Bernstein re: same; conference and telephone conference with client re: same (1.4). | 2.60 | 1,976.00 |
| 08/02/11 | Zachary Bernstein | Preparation and teleconferences with J. Halperin, J. Palmer, J. Kim regarding license and release agreement. | 1.30 | 793.00 |
| 08/02/11 | Zachary Bernstein | Prepare revised draft license and release agreement. | 2.20 | 1,342.00 |
| 08/03/11 | Adrienne Bernard | Revise draft license agreement (2.0); conference Z. Bernstein re: same (1.2); draft distribution email (2.0). | 5.20 | 3,952.00 |
| 08/04/11 | Adrienne Bernard | Email to J. Kim re client agreement, t/c J. Palmer re same. | 0.40 | 304.00 |
| 08/05/11 | Adrienne Bernard | Review revised agreement (0.8); multiple teleconferences with Z. Bernstein re: same (0.7) | 1.50 | 1,140.00 |
| 08/05/11 | Zachary Bernstein | Prepare and distribute revised draft Construction License, Access, and Release Agreement with respect to 25 Broad Street and 45 Broad Street. | 3.00 | 1,830.00 |
| 08/08/11 | Zachary Bernstein | Review correspondence from B. Boyd, J. Palmer regarding draft Access, License and Release Agreement. | 0.60 | 366.00 |
| 08/09/11 | Adrienne Bernard | T/C J. Kim re status of comments. | 0.20 | 152.00 |
| 08/09/11 | Zachary Bernstein | Prepare Construction, Access License, and Release Agreement. | 0.50 | 305.00 |
| 08/10/11 | Jonathan L. Mechanic | Multiple telephone conferences regarding construction issues. | 0.50 | 497.50 |
| 08/10/11 | Adrienne Bernard | T/C Z. Bernstein re t/c and email to J. Kim. | 0.40 | 304.00 |
| 08/10/11 | Zachary Bernstein | Correspondence with clients and J. Kim at Stroock regarding License and Release Agreement. | 0.80 | 488.00 |
| 08/11/11 | Jonathan L. Mechanic | Telephone conference with Joelle Halperin. | 0.30 | 298.50 |
| 08/15/11 | Zachary Bernstein | Review correspondence regarding draft license and release agreement. | 0.10 | 61.00 |
| 08/16/11 | Adrienne Bernard | T/C Eva Talel re open issues on agreement, draft email re conversation. | 0.80 | 608.00 |
| 08/16/11 | Zachary Bernstein | Correspondence regarding proposed License and Release Agreement. | 0.20 | 122.00 |
| 08/18/11 | Adrienne Bernard | T/C Talel and Kim re waterproofing and open issues, email to client re same. | 0.80 | 608.00 |
| 08/18/11 | Zachary Bernstein | Correspondence regarding release agreement. | 0.30 | 183.00 |
| 08/23/11 | Janice Mac Avoy | Telephone conference with Bernard; reviewing foreclosure order. | 0.30 | 291.00 |
| 08/23/11 | Adrienne Bernard | Emails to client re comments from Stroock; t/conf. J. MacAvoy re bankruptcy proceedings. | 0.50 | 380.00 |
| 08/24/11 | Adrienne Bernard | Review comments on License Agreement from Stroock (1.5); review pleadings (1.0). | 2.50 | 1,900.00 |
| 08/25/11 | Adrienne Bernard | Conference call with Palmer and Halperin re: pleadings, license and presentation of TDRs (1.6); draft email re: comments on pleadings to David J. Kallen (0.6). | 1.20 | 912.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                      Page 3

Client: Lehman
Matter: Broad Street

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/26/11 | Adrienne Bernard | Email to R. Anderson re preservation of 25 Broad development rights. | 0.10 | 76.00 |
| 08/29/11 | Adrienne Bernard | Review zoning lot development agreement, Building Code and Bldg. Dept. pre-con re preservation of development rights and access to 35-41 for local law 11 work; t/c R. Anderson re same. | 1.00 | 760.00 |
| 08/29/11 | Zachary Bernstein | Review documentation regarding preconditions to consolidation of tax lots and development of 45 Broad Street. | 0.70 | 427.00 |
| 08/30/11 | Adrienne Bernard | Conference call with client and Robert Anderson re: Bldgs. Dept. pre-con, preservation of development rights and access to 35-41 for local law 11 work (0.6); review Bldg. Code provisions re: same (0.3); emails re: same (0.3). | 1.20 | 912.00 |
| 08/30/11 | Zachary Bernstein | Teleconference with J. Palmer, J. Halperin, R. Anderson regarding rights to perform demolition and facade work (0.7); review Building Code regulations regarding rights and requirements with respect to adjacent property (0.8). | 1.50 | 915.00 |
| 08/31/11 | Adrienne Bernard | Multiple t/c and emails to client, Anderson and D. Skaller re Bldg. Dept. process to do 25 Broad work without access to 35-41 Broad. | 1.60 | 1,216.00 |
| 08/31/11 | Adrienne Bernard | Draft access demand letter to 35-41 Broad pursuant to Building Code provision. | 1.80 | 1,368.00 |
| 08/31/11 | Zachary Bernstein | Prepare draft letter regarding access to 41 Broad Street required for demolition and facade work. | 1.00 | 610.00 |
| | | Total: | 70.60 | 50,086.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                    Page 1

Client: Lehman
Matter: Fee/Retention Applications

## Time Detail

Task Code:
4600          Fee Statements and Fee Applications

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/23/11 | Aaron Kleinman | Draft fee application. | 1.80 | 828.00 |
| 06/24/11 | Aaron Kleinman | Draft fee application. | 1.00 | 460.00 |
| 06/28/11 | Aaron Kleinman | Prepare fee application (1.8); o/c with K. Ochs re: same (.1). | 1.90 | 874.00 |
| 06/29/11 | Aaron Kleinman | Review and revise Fee Application. | 0.70 | 322.00 |
| 06/30/11 | Aaron Kleinman | Revise fee application. | 2.30 | 1,058.00 |
| 07/08/11 | Kalman Ochs | Review and revise fee application (.6); confer w/G. Libhart re: same (.2). | 0.80 | 588.00 |
| 07/08/11 | Gabriel Libhart | Draft Lehman fee application. | 2.00 | 920.00 |
| 07/08/11 | Gabriel Libhart | O/C with K. Ochs & A. Kleinman re: Lehman fee application. | 0.20 | 92.00 |
| 07/11/11 | Gabriel Libhart | Draft & revise Lehman fee application (2.0); emails re: same (.1). | 2.10 | 966.00 |
| 07/12/11 | Gabriel Libhart | Revise Lehman fee application (1.4); emails re: same (.1). | 1.50 | 690.00 |
| 07/13/11 | Kalman Ochs | Follow up re: conflict check (1.5); confer w/G. Libhart re: retention issues and billing memo (1.0). | 2.50 | 1,837.50 |
| 07/13/11 | Gabriel Libhart | Review all relevant bills related to fee application and conference with K. Ochs. | 4.90 | 2,254.00 |
| 07/14/11 | Kalman Ochs | Follow up w/G. Libhart re: conflict check. | 1.20 | 882.00 |
| 07/14/11 | Gabriel Libhart | Review all relevant bills related to fee application (1.0); emails re: same (.1). | 1.10 | 506.00 |
| 07/17/11 | Kalman Ochs | Lehman Fee App: Conf. call w/A. Resnick, N. Grow and G. Lihart re: fee app and retention (.7); follow up re: same (.3). | 1.00 | 735.00 |
| 07/21/11 | Kalman Ochs | Review and revise client billing memo. | 0.50 | 367.50 |
| 08/01/11 | Gabriel Libhart | Draft first interim fee application. | 3.70 | 1,702.00 |
| 08/03/11 | Gabriel Libhart | Correspond with J. Mac Avoy re: Lehman billing. | 0.30 | 138.00 |
| 08/03/11 | Gabriel Libhart | Draft first interim fee application. | 1.10 | 506.00 |
| 08/05/11 | Gabriel Libhart | Draft first interim fee application. | 2.60 | 1,196.00 |
| 08/08/11 | Kalman Ochs | T/c w/C. Arthur re: fee application process (.3); confer w/N. Grow; follow up re: same (.1). | 0.40 | 294.00 |
| 08/09/11 | Gabriel Libhart | Draft first monthly fee application (for July 2011). | 1.60 | 736.00 |
| 08/10/11 | Laurinda Martins | Attention to billing matters re: compliance with guidelines. | 0.50 | 322.50 |
| 08/10/11 | Gabriel Libhart | T/C with L. Martins and Deanna Emilio re: payments to Fried Frank. | 0.50 | 230.00 |
| 08/10/11 | Gabriel Libhart | Correspond with L. Martin re: Lehman billing. | 0.50 | 230.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                              Page 2

Client: Lehman
Matter: Fee/Retention Applications

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 08/10/11 | Gabriel Libhart | Review Lehman payments and recategorize (2.1); emails re: same (.2). | 2.30 | 1,058.00 |
| 08/11/11 | Nathan Grow | Correspond with K. Ochs and G. Libhart re: Lehman bills. | 0.40 | 232.00 |
| 08/12/11 | Laurinda Martins | Emails re billing guidelines. | 0.30 | 193.50 |
| 08/12/11 | Gabriel Libhart | Review Lehman payments (3.7); calls re: same (.2). | 2.50 | 1,150.00 |
| 08/17/11 | Gabriel Libhart | Revise invoice chart (1.3); emails re: same (.2). | 1.50 | 690.00 |
| 08/18/11 | Kalman Ochs | Follow up re: submitting invoices and separating out non-debtor entities. | 0.60 | 441.00 |
| 08/18/11 | Gabriel Libhart | Revise invoices (1.2); emails re: same (.1). | 1.30 | 598.00 |
| 08/19/11 | Gabriel Libhart | Emails with accounting department re: Lehman invoices (.4); draft billing procedures team email (2.4). | 2.80 | 1,288.00 |
| 08/22/11 | Gabriel Libhart | Correspondence re: compliance with billing guidelines. | 0.50 | 230.00 |
| 08/23/11 | Nathan Grow | Review billing materials from G. Libhart. | 0.20 | 116.00 |
| 08/23/11 | Gabriel Libhart | Emails with Deanna Emilio at Lehman re: Fried Frank payments. | 0.90 | 414.00 |
| 08/24/11 | Kalman Ochs | Confer w/G. Libhart re: billing procedures (.4); follow up re: same (.1). | 0.50 | 367.50 |
| 08/24/11 | Gabriel Libhart | Review Lehman invoices (1.2); emails re: same (.4). | 1.60 | 736.00 |
| 08/25/11 | Kalman Ochs | Follow up w/G. Libhart re: preparing invoices. | 0.50 | 367.50 |
| 08/25/11 | Gabriel Libhart | Correspond with R. Sitman re: Lehman time detail. | 0.20 | 92.00 |
| 08/25/11 | Gabriel Libhart | Review Sandy Springs prebill: Lehman. | 0.20 | 92.00 |
| 08/31/11 | Gabriel Libhart | Review time entries re: July monthly fee application (.8); emails re: same (.4). | 1.20 | 552.00 |
| | | Total for Fee Statements and Fee Applications | 54.20 | 27,352.00 |

Task Code:

4700          Retention Application

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 06/22/11 | Kalman Ochs | Review issues re: Retention & Fee Application | 1.50 | 1,102.50 |
| 06/23/11 | Kalman Ochs | Review orders and protocols re:  Retention & Fee Application | 2.50 | 1,837.50 |
| 06/24/11 | Kalman Ochs | Review and revise fee application. | 1.00 | 735.00 |
| 06/27/11 | Kalman Ochs | Follow up re: issues relating Retention & Fee Application (.9); confer. w/ M. Pastore re: same (.1). | 1.00 | 735.00 |
| 06/27/11 | Aaron Kleinman | Prepare fee application and retention application. | 4.30 | 1,978.00 |
| 06/28/11 | Kalman Ochs | Review and revise Fee Application (.5); confer with A. Kleinman re: same (.1). | 0.60 | 441.00 |
| 06/29/11 | Kalman Ochs | Review billing summaries from various matters. | 1.00 | 735.00 |
| 06/30/11 | Kalman Ochs | Follow up re: issues relating to Retention & Fee Application | 1.00 | 735.00 |
| 07/15/11 | Nathan Grow | Prepare conflict memo and retention papers. | 2.80 | 1,624.00 |

Client: Lehman
Matter: Fee/Retention Applications

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 07/15/11 | Nathan Grow | Review conflict list, memorandum re: fees, OCP order, fee committee order and other docket materials. | 3.50 | 2,030.00 |
| 07/17/11 | Alan Resnick | T/c w/Kalman Ochs and Gabe Libhart re: retention and fee application issues regarding section 327(e) retention. | 0.70 | 700.00 |
| 07/17/11 | Gabriel Libhart | T/C with A. Resnick and K. Ochs re: Lehman retention. | 0.70 | 322.00 |
| 07/18/11 | Nathan Grow | Prepare conflict memo and retention papers. | 3.80 | 2,204.00 |
| 07/18/11 | Nathan Grow | Review and revise conflict list. | 0.80 | 464.00 |
| 07/18/11 | Nathan Grow | O/c and e/c w/conflicts department, H. Goldstein and K. Ochs. | 1.10 | 638.00 |
| 07/18/11 | Gabriel Libhart | Draft firm internal conflict check email (.8); respond to inquiries re: same (.6). | 1.40 | 644.00 |
| 07/19/11 | Kalman Ochs | Follow up re: retention process (.2); confer w/G. Libhart re: same (.3). | 0.50 | 367.50 |
| 07/19/11 | Nathan Grow | Correspond with FF team re: conflict search and retention papers (.5); prepare retention papers (3.3). | 3.80 | 2,204.00 |
| 07/19/11 | Gabriel Libhart | Respond to inquiries re: conflict check (1.5); O/C with K. Ochs and N. Grow re: same (.3). | 1.80 | 828.00 |
| 07/20/11 | Nathan Grow | O/c with G. Libhart re: conflict list (.2); follow-up re: same (.3). | 0.50 | 290.00 |
| 07/20/11 | Nathan Grow | Prepare retention papers. | 3.10 | 1,798.00 |
| 07/20/11 | Nathan Grow | Correspond with FF team re: retention papers and conflict memo. | 0.50 | 290.00 |
| 07/20/11 | Gabriel Libhart | O/C with N. Grow re: Lehman conflict check. | 0.20 | 92.00 |
| 07/20/11 | Gabriel Libhart | Review client list versus potential parties in interest and claimants in case. | 3.50 | 1,610.00 |
| 07/20/11 | Gabriel Libhart | Review conflicts reports for affidavit disclosures re: Lehman retention. | 2.30 | 1,058.00 |
| 07/21/11 | Nathan Grow | Correspond w/ FF team re conflict review and retention papers (.8); prepare retention papers (3.9) | 4.70 | 2,726.00 |
| 07/21/11 | Gabriel Libhart | Conflicts reports for affidavit disclosures re: Lehman retention. | 4.20 | 1,932.00 |
| 07/22/11 | Nathan Grow | Correspond w/ FF team re conflict review and retention papers (.6); prepare retention papers (5) | 5.60 | 3,248.00 |
| 07/22/11 | Gabriel Libhart | Review conflict reports re: Lehman retention application/affidavit. | 1.30 | 598.00 |
| 07/23/11 | Nathan Grow | Prepare retention papers. | 1.50 | 870.00 |
| 07/23/11 | Gabriel Libhart | Review conflicts reports for affidavit disclosures re: Lehman retention. | 3.20 | 1,472.00 |
| 07/24/11 | Gabriel Libhart | Categorize Lehman conflicts for 2014 affidavit. | 4.90 | 2,254.00 |
| 07/25/11 | Nathan Grow | Prepare retention declaration. | 3.50 | 2,030.00 |
| 07/25/11 | Nathan Grow | Correspond with K. Ochs, G. Libhart and accounting department re: retention application. | 0.70 | 406.00 |
| 07/25/11 | Gabriel Libhart | Call re: retention application/affidavit. | 0.20 | 92.00 |
| 07/26/11 | Kalman Ochs | Review and revise retention papers. | 1.50 | 1,102.50 |

Client: Lehman
Matter: Fee/Retention Applications

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 07/26/11 | Nathan Grow | Lehman - Prepare retention declaration. | 3.20 | 1,856.00 |
| 07/26/11 | Nathan Grow | Lehman - Review and revise retention application. | 1.90 | 1,102.00 |
| 07/26/11 | Nathan Grow | Correspond with K. Ochs, G. Libhart and account department re: retention application. | 1.00 | 580.00 |
| 07/26/11 | Gabriel Libhart | Draft Lehman retention application sections (4.5); calls and emails re: same (.4). | 4.90 | 2,254.00 |
| 07/27/11 | Alan Resnick | T/c with K. Ochs re retention papers in connection with retention as section 327(e) attorneys. | 0.30 | 300.00 |
| 07/27/11 | Kalman Ochs | Review and revise retention papers (1.2); confer w/A. Resnick re: billing issues (.3); follow up re: same (.2). | 1.70 | 1,249.50 |
| 07/27/11 | Kalman Ochs | Review and revise retention papers. | 1.80 | 1,323.00 |
| 07/27/11 | Nathan Grow | Review and revise retention papers (4.6); and correspond w/ K. Ochs, L. Martins, G. Libhart and J. Mac Avoy re same (1.3) | 5.90 | 3,422.00 |
| 07/27/11 | Gabriel Libhart | Draft Lehman retention application. | 1.20 | 552.00 |
| 07/28/11 | Kalman Ochs | Review and revise retention papers (1.6); confer w/N. Grow re: same (.2). | 1.80 | 1,323.00 |
| 07/28/11 | Nathan Grow | Review and revise retention papers (1.6); and correspond w/ K. Ochs, A. Resnick, L. Martins, G. Libhart and J. Mac Avoy re same (1.4). | 3.00 | 1,740.00 |
| 07/29/11 | Nathan Grow | Correspond with FF team re: retention papers. | 0.40 | 232.00 |
| 07/29/11 | Nathan Grow | Review and revise retention papers. | 0.70 | 406.00 |
| 08/01/11 | Nathan Grow | Review and revise retention papers (.8); correspond w/ L. Martins, K. Ochs and J. Mac Avoy re same (1). | 1.80 | 1,044.00 |
| 08/02/11 | Kalman Ochs | Review and comment on Lehman retention papers; follow up re: same. | 1.40 | 1,029.00 |
| 08/02/11 | Nathan Grow | Review and revise retention papers (1.3); correspond w/ L. Martins, K. Ochs and J. Mac Avoy re same (.9). | 2.10 | 1,218.00 |
| 08/03/11 | Nathan Grow | Correspond w/ K. Ochs, J. Mac Avoy, G. Libhart and L. Martins re Lehman retention issues (1.3); review and revise retention papers (2.2). | 2.90 | 1,682.00 |
| 08/04/11 | Alan Resnick | T/c w/Janice Mac Avoy, Kalman Ochs, and Nate Grow re: Rule 2014 affidavit (.2); review of draft Rule 2014 affidavit (.4). | 0.60 | 600.00 |
| 08/04/11 | Nathan Grow | Review and revise retention papers (2.1); Phone call and correspondence w/ A. Resnick, K. Ochs and J. Mac Avoy re same (1). | 3.10 | 1,798.00 |
| 08/05/11 | Janice Mac Avoy | Revising retention application. | 0.30 | 291.00 |
| 08/05/11 | Nathan Grow | Review and revise retention papers (1.8); correspondence w/ C. Arthur, A. Resnick, K. Ochs and J. Mac Avoy re same (1.3). | 3.10 | 1,798.00 |
| 08/08/11 | Nathan Grow | Review and revise retention papers and send to Weil (.4); phone call and correspondence w/ C. Arthur re retention process (.5). | 0.90 | 522.00 |
| 08/10/11 | Nathan Grow | Correspondence re: retention application. | 0.40 | 232.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

Client: Lehman
Matter: Fee/Retention Applications

| Date | Timekeeper | Description | Hours | Amount |
|------|------------|-------------|-------|--------|
| 08/12/11 | Nathan Grow | Correspond with G. Libhart and K. Ochs re: retention papers. | 0.40 | 232.00 |
| 08/15/11 | Nathan Grow | Follow up re: payments from debtors. | 0.20 | 116.00 |
| 08/16/11 | Nathan Grow | Correspond w/ G. Libhart re retention (.1); review and revise retention papers (.9). | 1.00 | 580.00 |
| 08/17/11 | Nathan Grow | Review and revise retention papers (1.7) and correspond w/ K. Ochs (.2). | 1.90 | 1,102.00 |
| 08/18/11 | Alan Resnick | Reviewed revised retention papers and t/c w/N. Grow. | 0.40 | 400.00 |
| 08/18/11 | Nathan Grow | Review and revise retention papers and correspond w/ K. Ochs, G. Libhart and A. Resnick re same. | 2.00 | 1,160.00 |
| 08/19/11 | Kalman Ochs | Review and comment on revised retention papers. | 0.50 | 367.50 |
| 08/26/11 | Janice Mac Avoy | Revising retention application. | 0.40 | 388.00 |
| 08/31/11 | Kalman Ochs | Follow up re: Lehman retention papers and conflict check. | 0.60 | 441.00 |
| 08/31/11 | Nathan Grow | Review and revise retention papers and correspond w/ K. Ochs and G. Libhart re same. | 2.00 | 1,160.00 |
| | | **Total for Retention Application** | 129.00 | 74,693.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                           Page 1

Client:  Lehman
Matter: Hudson Yards

### Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 09/08/11 | Nazar Altun | Communications with Lawrence Sklaw regarding extension of time to respond to summary judgment motion (.2); review of stipulation extending summary judgment motion return date (.5). | 0.70 | 462.00 |
| 09/08/11 | Rachel Kravitz | Attention to issues regarding summary judgment filing in NYS Court (.8); call to opposing counsel to discuss revising stipulation (.2); discuss extending time to respond with N. Altun and J. Mac Avoy (.3). | 1.30 | 715.00 |
| 09/22/11 | Janice Mac Avoy | Telephone communication with client (.2); office communication with team (.1). | 0.30 | 291.00 |
| | | Total: | 2.30 | 1,468.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                           Page 1

Client:  Lehman
Matter: Sandy Springs

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 09/06/11 | Janice Mac Avoy | Reviewing termination management agreement. | 0.30 | 291.00 |
| 09/06/11 | Laurinda Martins | Review comments to the backstop indemnity and prepare issues list (.8); TCs with client re same (.4) | 1.20 | 792.00 |
| 09/06/11 | Robert J. Sitman | Reviewed changes to Backstop Indemnity (0.6), call with client re: same (0.3); revisions to notice re: termination of management agreement (0.3). | 1.20 | 660.00 |
| 09/07/11 | Laurinda Martins | Emails re: termination notice. | 0.20 | 132.00 |
| 09/08/11 | Laurinda Martins | Emails backstop (.2); conference call with Lyon re same (.2); t/c with client re: same (.3). | 0.70 | 462.00 |
| 09/09/11 | Laurinda Martins | Discuss open issue with Client. | 0.20 | 132.00 |
| 09/12/11 | Robert J. Sitman | Reviewed senior loan agreement (0.7); prepared summary of certain SPE provisions for L. Martins in connection therewith (.3). | 1.00 | 550.00 |
| 09/13/11 | Laurinda Martins | Attention to emails and TC with P. Wexelman regarding same. | 0.50 | 330.00 |
| 09/13/11 | Robert J. Sitman | Prepared responses to client questions re: new entity to hold equity interests (0.7); call with client in connection therewith (0.3); reviewed loan agreement transfer provisions (0.8); call with L. Martins in connection therewith (0.3). | 2.10 | 1,155.00 |
| 09/14/11 | Laurinda Martins | Attention to emails re: termination letter. | 0.30 | 198.00 |
| 09/14/11 | Robert J. Sitman | Reviewed/distributed termination of property management agreement. | 0.40 | 220.00 |
| 09/26/11 | Laurinda Martins | Emails re: loan modification. | 0.30 | 198.00 |
| 09/27/11 | Laurinda Martins | Call with client regarding due diligence requests and management agreements. | 0.50 | 330.00 |
| 09/27/11 | Robert J. Sitman | Reviewed term sheet (0.5) and various correspondence from client re: transaction (0.30); call with client re: diligence items (0.7); coordinated distribution of diligence items (0.7). | 2.20 | 1,210.00 |
| 09/28/11 | Laurinda Martins | T/c with Lender's counsel re: open items; coordinate diligence. | 0.60 | 396.00 |
| 09/28/11 | Robert J. Sitman | Call with senior lender's counsel re: diligence items relating to restructuring. | 0.70 | 385.00 |
| | | Total: | 12.40 | 7,441.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                Page 1

Client: Lehman
Matter: Broad Street

### Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|------------|-------------|-------|--------|
| 09/01/11 | Adrienne Bernard | Emails re need for letter to 41 Broad requesting access (.8); review draft pleadings and send email w/comments (1.0). | 1.80 | 1,368.00 |
| 09/07/11 | Adrienne Bernard | Review Skaller redraft of access letter to 41 Broad (.6); meeting w/Justin Palmer and LCOR and conf call with receivers and counsel re strategy for access to 41 Broad and preservation of floor area on 25 Broad (.9). | 1.50 | 1,140.00 |
| 09/07/11 | Zachary Bernstein | Review status and strategy with respect to demolition and negotiations. | 0.20 | 129.00 |
| 09/08/11 | Adrienne Bernard | Email to M. Slama re preservation of TDR's (.3); review revised access letter; email re same (.8). | 1.10 | 836.00 |
| 09/12/11 | Adrienne Bernard | Draft response to E. Talel on status of access agreement (.9), multiple emails and t/cs client and receiver re same (.6). | 1.50 | 1,140.00 |
| 09/14/11 | Jonathan L. Mechanic | Lehman/25 Broad Street - Regarding 41 Broad Street. | 0.30 | 298.50 |
| 09/14/11 | Adrienne Bernard | Telephone conference with E. Talel to discuss comments on license agreement. | 1.00 | 760.00 |
| 09/15/11 | Jonathan L. Mechanic | Telephone conversation with L. Boxer; telephone conversation with A. Bernard. | 0.30 | 298.50 |
| 09/15/11 | Adrienne Bernard | Multiple emails regarding payment of Stroock legal fees. | 0.30 | 228.00 |
| 09/16/11 | Jonathan L. Mechanic | Telephone conferences with L. Boxer, A. Bernard and J. Halperin and review letters. | 1.00 | 995.00 |
| 09/16/11 | Zachary Bernstein | Prepare revised license and release agreement. | 1.00 | 645.00 |
| 09/18/11 | Zachary Bernstein | Prepare revised license and release agreement. | 2.00 | 1,290.00 |
| 09/19/11 | Tal Golomb | Attention to revised license agreement. | 2.10 | 1,386.00 |
| 09/19/11 | Zachary Bernstein | Prepare revised license and release agreement (1.4); Correspondence with J. Kim, J. Palmer, D. Skaller regarding revised license and release agreement (.6). | 2.00 | 1,290.00 |
| 09/20/11 | Tal Golomb | Ofc conf w/Z. Bernstein (.3); call w/P. Wexelman; attention to comments (.8). | 1.10 | 726.00 |
| 09/20/11 | Zachary Bernstein | Review and revise license and release agreement (2.0); Teleconferences and correspondence with receivers and clients regarding license and release agreement (2.0). | 4.00 | 2,580.00 |
| 09/21/11 | Jonathan L. Mechanic | Multiple telephone conversations and office conferences regarding settlement agreement. | 1.00 | 995.00 |
| 09/21/11 | Jonathan L. Mechanic | Telephone conversation with L. Boxer re: proposed settlement. | 0.40 | 398.00 |
| 09/21/11 | Tal Golomb | Multiple calls re license (.8); ofc conf w/Z. Bernstein re same (.6); attention to draft (1.2). | 2.60 | 1,716.00 |
| 09/21/11 | Zachary Bernstein | Negotiate and draft license and access agreement. | 5.00 | 3,225.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

Client: Lehman
Matter: Broad Street

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 09/22/11 | Jonathan L. Mechanic | Telephone conversations regarding proposed settlement. | 0.50 | 497.50 |
| 09/22/11 | Janice Mac Avoy | Telephone communications with J. Mechanic, Z. Bernstein re: access agreement. | 0.50 | 485.00 |
| 09/22/11 | Zachary Bernstein | Correspondence and teleconferences with project team regarding dispute with owner of 41 Broad Street. | 1.00 | 645.00 |
| 09/23/11 | Janice Mac Avoy | Communication with Z. Bernstein, J. Mechanic re: response to Stroock. | 0.30 | 291.00 |
| 09/23/11 | Zachary Bernstein | Review revised license and release agreement and prepare issues list (1.0); Correspondence with clients and receivers regarding issues list (.5). | 1.50 | 967.50 |
| 09/26/11 | Adrienne Bernard | Review revised agreements (.4); telephone conference with J. Palmer and P. Wexelman regarding next steps (.3). | 0.70 | 532.00 |
| 09/26/11 | Zachary Bernstein | Correspondence and teleconferences regarding release and license agreement. | 1.00 | 645.00 |
| 09/27/11 | Janice Mac Avoy | Office communication with A. Bernard re: response to Stroock. | 0.30 | 291.00 |
| 09/27/11 | Adrienne Bernard | Conference call with client regarding easement for lot line windows (.2); draft response to Boyd email and Stroock mark-up (.4); telephone conference with Mc Avoy regarding same (.2). | 0.80 | 608.00 |
| 09/27/11 | Zachary Bernstein | Correspondence with receivers and client regarding response to revised license and access agreement. | 0.80 | 516.00 |
| 09/28/11 | Adrienne Bernard | Draft response to Stroock regarding agreement and Boyd regarding indemnity. | 0.50 | 380.00 |
| 09/28/11 | Zachary Bernstein | Correspondence with Stroock and Receivers regarding license and access agreement. | 0.30 | 193.50 |
| | | Total: | 38.40 | 27,495.50 |