**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re**                                                            :        Chapter 11 Case No.
                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,           :        08-13555 (JMP)
                                                                     :
                    Debtors.                                  :        (Jointly Administered)
                                                                     :
------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR
APPROVAL OF A SETTLEMENT AND COMPROMISE WITH THE
BANK OF NEW YORK TRUST COMPANY, N.A., AS INDENTURE TRUSTEE
FOR THE MAIN STREET BONDS AND MAIN STREET NATURAL GAS, INC.**

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), and Lehman Brothers Commodity Services Inc. ("LBCS" and together with LBHI and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession, the "Debtors"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a Stipulation and Agreement[1] with The Bank of New York Trust Company, N.A. ("BNYM"), as indenture trustee and Main Street Natural Gas, Inc. ("Main Street"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Motion.

the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for BNYM; (vii) the attorneys for Main Street and (viii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635; and the Court having found and determined that a reasonable time to object or be heard regarding the relief set forth in the Stipulation and Agreement has been afforded to all interested persons and entities (including the holders of the Main Street Bonds), the notice provided to the holders of the Main Street Bonds, as set forth in the Motion, is proper and sufficient, and that the relief sought in the Motion is in the best interests of the Debtors and their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019, the Stipulation and Agreement is approved, and LBHI and LBCS are each duly authorized to (i) consummate all of the transactions contemplated thereby and (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the transactions contemplated by the Stipulation and Agreement; and it is further

ORDERED that upon, and subject to, the terms and conditions set forth in the Stipulation and Agreement, the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect the terms thereof; and it is further

ORDERED that, all holders of the Main Street Bonds are bound by, and are deemed to have consented to the settlement of the BNYM Proofs of Claims and each of the other terms and conditions of the Stipulation and Agreement; and it is further

ORDERED that, the Court having found the compromises set forth in the Motion and the Stipulation and Agreement to be fair and reasonable, there is no bona fide basis for any claims or actions by any holder of the Main Street Bonds, in such capacity, against the Debtors, BNYM (as indenture trustee for the Main Street Bonds or in its individual capacity), Main Street, or any of their respective legal counsel and/or financial advisors in any way related to the matters that are the subject of the Motion, the Stipulation and Agreement, this Order, and the prosecution of the BNYM Proofs of Claim or the Main Street Proofs of Claim; provided, however, that (i) nothing in this Order shall relieve Main Street from its obligations to perform under the Indenture, if any, or restrict the ability of the holders of Main Street Bonds or BNYM, as indenture trustee to enforce such obligations against Main Street, (ii) nothing in this Order shall relieve BNYM from its obligations to perform under the Indenture or restrict the ability of the holders of Main Street Bonds to enforce such obligations against BNYM, and (iii) nothing in this Order shall relieve any party from its respective obligations under the Stipulation and Agreement; and it is further

ORDERED that the Debtors, BNYM (as indenture trustee for the Main Street Bonds or in its individual capacity), Main Street and each of their respective legal counsel and/or financial advisors shall have no liability for any claims, demands, suits, actions or causes of

action in any way related to the matters that are the subject of the Motion, the Stipulation and Agreement, this Order, and the prosecution of the BNYM Proofs of Claim or the Main Street Proofs of Claim; provided, however, that (i) nothing in this Order shall relieve Main Street from its obligations to perform under the Indenture, if any, or restrict the ability of the holders of Main Street Bonds or BNYM, as indenture trustee to enforce such obligations against Main Street, (ii) nothing in this Order shall relieve BNYM from its obligations to perform under the Indenture or restrict the ability of the holders of Main Street Bonds to enforce such obligations against BNYM, and (iii) nothing in this Order shall relieve any party from its respective obligations under the Stipulation and Agreement; and it is further

ORDERED that any holder of the Main Street Bonds, in such capacity, shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims against BNYM, individually or as indenture trustee, Main Street or the Debtors that are in any way related to the matters that are the subject of the Motion, the Stipulation and Agreement, this Order, or the prosecution of the BNYM Proofs of Claim or the Main Street Proofs of Claim; provided, however, that (i) nothing in this Order shall relieve Main Street from its obligations to perform under the Indenture, if any, or restrict the ability of the holders of Main Street Bonds or BNYM, as indenture trustee to enforce such obligations against Main Street, (ii) nothing in this Order shall relieve BNYM from its obligations to perform under the Indenture or restrict the ability of the holders of Main Street Bonds to enforce such obligations against BNYM, and (iii) nothing in this Order shall relieve any party from its respective obligations under the Stipulation and Agreement; and it is further

ORDERED that the Stipulation and Agreement and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties

thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; and it is further

ORDERED that the Bankruptcy Court retains jurisdiction to enforce the Stipulation and Agreement, this Order and any disputes arising thereunder.

Dated:   New York, New York
        December 14, 2011

          *s/ James M. Peck*
          Honorable James M. Peck
          United States Bankruptcy Judge