UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
|  |  |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

### STIPULATION AND ORDER AMONG LEHMAN BROTHERS HOLDINGS INC., SETAI GROUP, LLC, NC LAND CORPORATION, JONATHAN J. BREENE, JOHN P. CONROY, AND SETAI (TURKS & CAICOS) LTD. <u>PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY</u>

This Stipulation and Order (the "<u>Stipulation and Order</u>") is entered into by

Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as debtor and debtor-in-possession, and Setai Group,

LLC ("<u>Setai</u>"), NC Land Corporation ("<u>NC Land</u>"), Jonathan J. Breene ("<u>Breene</u>"), John P.

Conroy ("<u>Conroy</u>"), and Setai (Turks & Caicos) Ltd. ("<u>Setai T&C</u>" and, together with Setai, NC

Land, Breene, and Conroy, the "<u>Movants</u>") (collectively, the "<u>Parties</u>").

## <u>RECITALS</u>

A.    On September 15, 2008 and periodically thereafter, LBHI and its affiliated

debtors (collectively, the "<u>Debtors</u>") commenced voluntary cases (the "<u>Chapter 11 Cases</u>") under

chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

B.    On September 8, 2011, LBHI commenced a post-petition civil action in

the Supreme Court of the State of New York, County of New York ("<u>State Court</u>") entitled

*Lehman Brothers Holdings, Inc., as Debtor-In-Possession In Its Chapter 11 Case In The United*

*States Bankruptcy Court For The Southern District of New York, Case No. 08-13555 v. Setai*

*Group, LLC, NC Land Corporation, Jonathan J. Breene and John P. Conroy*, Index No.

652472/2011 (N.Y. Sup. Ct., N.Y. Co.) (the "State Court Action") which is still pending in State

Court.

C.    On October 31, 2011, the Movants filed their counterclaims and third

party claims in their "Answer, Affirmative Defenses and Counterclaims, and Third Party-

Complaint" in the State Court Action (the "Counterclaims and Third Party Claims").

D.    On October 31, 2011, the Movants filed a *Motion For Entry Of An Order*

*Pursuant To 11 U.S.C. § 362(d) And Fed. R. Bankr. P. 4001 To Lift The Automatic Stay To*

*Permit Assertion of Counterclaims And Third- Party Claims Against Debtor Lehman Brothers*

*Holdings, Inc. In Pending State Court Litigation Commenced By the Debtor* [ECF No. 21438]

(the "Stay Relief Motion") to permit them to file, prosecute and obtain adjudication of the

Counterclaims and Third Party Claims in the State Court Action.

E.    Following the date on which the Movants filed the Stay Relief Motion,

LBHI filed a motion in the State Court Action to dismiss the Counterclaims and Third Party

Claims as procedurally defective.

F.    LBHI and the Movants have agreed, subject to approval of this Court, to

modify the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the

Bankruptcy Code (the "Automatic Stay") for the purposes of permitting the Movants to assert the

Counterclaims and Third Party Claims in the State Court Action on the terms and conditions set

forth herein.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE
INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY
STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH
THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT
SHALL BE ORDERED THAT:**

1.      This Stipulation and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.      Upon the Effective Date, the Automatic Stay extant in the Chapter 11 Cases of LBHI shall be modified to the extent necessary to permit the Movants to file, prosecute and obtain adjudication of the claims and causes of action asserted in the Counterclaims and Third Party Claims in the State Court Action and, in connection therewith and pursuant to Paragraph 3 below, to defend against the claims and causes of action asserted by LBHI in the State Court Action; provided, however, that all other provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding against LBHI or any of the other Debtors that was or could have been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, or recover a claim, shall remain in full force and effect.  Nothing in this Stipulation and Order shall prohibit the Movants from re-filing the Counterclaims and/or Third Party Claims in an Additional Action under Paragraph 4 below.

3.      Except as otherwise provided for by this Stipulation and Order, the claims and causes of action alleged by LBHI in its complaint filed in the State Court Action on September 8, 2011, the defenses of Movants there to, the claims and causes of action alleged by Movants in the Counterclaims and Third Party Claims, and the defenses of LBHI thereto, shall be finally determined and adjudicated in the State Court Action (subject to Paragraph 4 of this Stipulation and Order) including any appeal(s); provided that this Court reserves and retains jurisdiction with respect to: (i) the enforcement of any judgment or order granting relief against LBHI that may be rendered in the State Court Action and any Additional Action (as defined in Paragraph 4) (including any appeal(s)), including but not limited to, the setoff of any liabilities

3

between LBHI and one or more of the Movants; and (ii) any matters arising from the interpretation and enforcement of this Stipulation and Order.

4.    For the avoidance of doubt, the relief granted by this Stipulation and Order shall apply to the claims and causes of action alleged in the Counterclaims and Third Party Claims, and the defenses thereto, whether they remain part of the State Court Action, however denominated, or become the subject of a separate action or actions filed in the State Court (including any appeal(s) from such action or action(s)) (collectively, the "<u>Additional Actions</u>").

5.    Notwithstanding the consent of LBHI to the limited relief described herein, the Movants covenant and agree that in the event that any judgment or other relief is allowed against LBHI in the State Court Action or in any Additional Action(s), execution or recovery thereon shall be limited to the judgment or other relief granted on the claims and causes of action asserted in the Counterclaims and Third Party Claims unless Movants obtain further relief from the Automatic Stay after notice and a hearing.

6.    This Stipulation and Order and the limited relief set forth herein shall not be construed as an admission of liability by any Party regarding any claim or cause of action arising from or in relation to the State Court Action, any Additional Action(s), or any other matter.

7.    Except as otherwise provided by this Stipulation and Order, the relief granted by this Stipulation and Order is without prejudice to any and all claims, causes of action, rights, entitlements, and defenses available to each of the Parties under applicable law and rules of procedure in the State Court Action and any Additional Action(s), and in any appeals from any order(s) or judgment(s) that may be entered therein.

8.      This Stipulation and Order shall be effective immediately upon entry and the relief from the Automatic Stay shall not be stayed by operation of Rule 4001 of the Federal Rules of Bankruptcy Procedure.

9.      This Stipulation and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

10.      The person who executes this Stipulation and Order by or on behalf of any Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation and Order on behalf of such Party.

11.      This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Order to present any copies, electronic copies, or facsimiles signed by the Parties.

12.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation and Order.

Dated: December 8, 2011

**WEIL, GOTSHAL & MANGES LLP**          **PRYOR CASHMAN LLP**


 /s/ Jacqueline Marcus                              /s/ Richard Levy Jr.
Jacqueline Marcus                              Richard Levy Jr.

767 Fifth Avenue                               7 Times Square
New York, New York 10153                       New York, New York 10036
Telephone: (212) 310-8000                      Telephone: (212) 421-4100
Facsimile: (212) 310-8007                      Facsimile: (212) 326-0806

Attorneys for Debtors
and Debtors in Possession                      Attorneys for the Movants


     **SO ORDERED:**


     Dated:  New York, New York
             December 14, 2011

                                    s/ James M. Peck
                                   Honorable James M. Peck
                                   United States Bankruptcy Judge