**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AUTHORIZING THE MONETIZATION OF EQUITY INTERESTS IN NEUBERGER BERMAN GROUP LLC

Upon the motion, dated November 9, 2011,[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, for authorization to monetize the equity interests in Neuberger Berman Group LLC, as more fully described in the motion, and as amended by the revised proposed order and Term Sheet filed by the Debtors on December 9, 2011 (collectively, the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures (ECF No. 9635); and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates, and their creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED; and it is further

ORDERED that, pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 6004, the Debtors are authorized to take all actions contemplated by the Term Sheet attached hereto as Exhibit A; and it is further

ORDERED that, pursuant to section 363(f) of the Bankruptcy Code, the Debtors' right, title, and interest in any Equity Interests sold in accordance with the Term Sheet shall be sold free and clear of any and all liens, claims, and encumbrances; and it is further

ORDERED that NBG will be a good faith purchaser and is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code and consummation of the redemptions or sales of the Equity Interests shall not be affected by reversal or modification on any appeal of this Order; and it is further

ORDERED that the Debtors are authorized to, and authorized to cause their non-Debtor affiliates to, (i) provide any consents in respect of, perform all obligations and enter into any agreements contemplated by the Term Sheet, and (ii) execute such other documents and take such other actions as may be necessary or appropriate to effectuate the Term Sheet and the transactions contemplated thereunder or the provisions of this Order; and it is further

ORDERED that the Term Sheet and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in accordance with the terms thereof, without further order of the Court; *provided* that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates; *provided further* that Court approval shall be required for any such modification, amendment or supplement that does have a material adverse effect on the Debtors' estates; and it is further

ORDERED that any stay imposed by Bankruptcy Rule 6004(h) is hereby waived and this Order shall be immediately effective and enforceable; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
       December 14, 2011

      *s/ James M. Peck*
      Honorable James M. Peck
      United States Bankruptcy Judge