**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
:
In re:                                           :        Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al.,           :        Case No. 08-13555 (JMP)
:
Debtors.                              :        (Jointly Administered)
:
-----------------------------------------------------------x

### NINTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

Name of Applicant:                          FTI Consulting, Inc.

Authorized to Provide
Professional Services to:                   THE OFFICIAL COMMITTEE OF
                                            UNSECURED CREDITORS OF LEHMAN
                                            BROTHERS HOLDINGS, INC., et al.

Date of Retention:                          September 17, 2008

Period for which compensation
and reimbursement is sought:                June 1, 2011 to September 30, 2011

Amount requested in this fee app [(a)]
   Compensation requested:                  $8,474,924.15
   Expense reimbursement requested:         $123,107.37

This is an (a): __X__ Interim _____ Final Application

[(a)]   Refer to Exhibit C for previous fee requests.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                          :
                                          :
                                          :
In re:                                    :        Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :        Case No. 08-13555 (JMP)
                                          :
            Debtors.                      :        (Jointly Administered)
                                          :
                                          :
-------------------------------------------------------------x

### NINTH INTERIM APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisor to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc., et al,

the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the

"Debtors" or the "Company") and, together with their non-debtor affiliates, ("Lehman"), hereby

submits its ninth application pursuant to 11 U.S.C. §§330 and 331 for an interim allowance of

compensation for services rendered and for reimbursement of expenses incurred in these cases.

### INTRODUCTION

1.      By this application, FTI seeks a ninth interim allowance of compensation

for professional services rendered as financial advisors to the Committee for the period June 1,

2011 through and including September 30, 2011 (the "Ninth Interim Period") in the amount of

$8,474,924.15, representing 17,065.7 hours in professional services, and actual and necessary

expenses of $123,107.37. In support of this application, the Applicant represents as follows:

2.     This application is submitted pursuant to the terms of the Fourth Amended

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses for

Professionals and Committee Members dated April 14, 2011 (the "Administrative Fee Order").

FTI is seeking the interim award and the full payment, without any holdback of fees, of

$8,474,924.15 in fees and $123,107.37 for reimbursement of its expenses relating to services

rendered on behalf of the Committee during the Ninth Interim Period.

## BACKGROUND

3.     On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), Lehman Brothers Holdings, Inc. ("LBHI") and certain of its

subsidiaries (collectively the "Debtors") commenced with this Court voluntary cases under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have

continued in the management and operation of their businesses and properties as debtors-in-

possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.     On September 17, 2008, the United States Trustee for the Southern

District of New York appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code.

5.     On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.     By an Order dated November 21, 2008 ("Retention Order"), the United

States Bankruptcy Court for the Southern District of New York authorized and approved the

Committee's retention of FTI *nunc pro tunc* to September 17, 2008.  FTI also filed its First

Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for

Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured

Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third

Supplemental Affidavit on June 19, 2009, a Fourth Supplemental Affidavit on April 15, 2010, a

Fifth Supplemental Affidavit on November 23, 2010 and a Sixth Supplemental Affidavit dated

April 29, 2011.

## SUMMARY OF SERVICES RENDERED

7.      The Debtors' chapter 11 cases have presented numerous complex issues

that had to be addressed in order to preserve and maximize value for unsecured creditors. The

Retention Order authorizes FTI to render essential financial advisory services to the Committee

which included, but were not limited to the following services during the Ninth Interim Period:

### PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

FTI worked with Committee counsel in the preparation and presentation of extensive

materials for weekly calls with both the full Committee and the Committee co-chairs to discuss,

among other things, updates on the Plan of Reorganization ("POR"), derivative positions, real

estate positions, cash balances, intercompany balances, claims levels, proposed affiliate

settlements, litigation, and other key issues. FTI also attended two in person meetings with the

Debtor and the Committee during this period on July 7, 2011 and September 27, 2011.

### PCD 1100 LBI/SIPC Coordination and Issues

FTI devoted time to monitoring, evaluating, and analyzing LBI's claim reconciliation

process, as well as review proposed settlements between the Debtors and LBI. This included a

review of the customer and general estate claims filed by the Debtors against LBI and related

issues including the characterization and priority of claims, potential netting of claims, and net

capital reserve review for potential asset allocations from the LBI general estate to the customer asset pool. FTI also analyzed LBI's claims (including repurchase claims) filed against the Debtors to determine whether there were duplicates, erroneous filings, and whether amounts should be netted down. Further, FTI analyzed various scenarios for valuation of the ALI PIK note to assess potential impacts to the Debtor estates. FTI also performed due diligence of the LBI settlement with JPM Chase and participated in a meeting to discuss the settlement with representatives of LBI, the Debtors and the Committee. In addition, FTI reviewed material settlements between LBI and other parties that may have a direct impact on the Debtors and/or recoveries for the Debtors. All of this information assisted the Committee in assessing ranges of estimated recoveries on both customer and general estate claims.

## PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a periodic basis. FTI attended regular meetings with Alvarez & Marsal ("A&M") to discuss the actual cash flow results and prepared reports to the Committee with details of the Debtors' current cash and short-term investment position. During this period, FTI performed the review of the April through August 2011 monthly cash reports and presented a summary of the cash activities to the Committee. FTI also reviewed the HSBC hedging stipulation including the related foreign currency hedges. FTI also reviewed the cash movements related to the Company's intercompany cost allocations. These services aided the Committee in obtaining a complete understanding of the Company's cash flows by entity, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

## PCD 1400 Employee/ERISA/Benefits/Pension Issues

At the request of the Committee, FTI reviewed and updated the Committee on the status of the Debtors employee headcount levels, the Debtors' 2011/2012 proposed salary levels, and employee incentive compensation proposals. FTI prepared a 2011/2012 employee compensation presentation to the Committee. This involved a review of the current headcount, the proposed go forward headcount, contract extensions, proposed compensation levels and assessment of incentive compensation structures for the upcoming fiscal year.

FTI also participated in the review of the Debtors proposed 2012 derivatives incentive plan and the proposed changes to the other asset management groups including the real estate and private equity groups. This included numerous meetings with the Debtors to discuss recommendations and changes to the proposed plans. FTI reviewed headcount and proposed targets and payouts under various cash collection and claims mitigation scenarios. For the employees retained by the Debtors, FTI assisted in determining the appropriate level of compensation. FTI also reviewed the Incentive Plan Motion that was filed with the court. FTI's analysis and recommendations were presented to the Committee to aid with its assessment of certain decisions regarding approval of the compensation motions. FTI reviewed the appropriateness of the Debtor's employee reduction proposals to shrink the size of the organization as assets are monetized.

Work in this project code also included the on-going review of the estate wind down plan with respect to employees, including contract extensions, retention, recruiting and compensation programs.

**PCD 1800 Tax Issues**

FTI worked with the Debtors and their professionals to develop a worthless stock deduction strategy that would significantly increase available net operating losses. FTI continued its consultation with Debtors regarding deferred tax assets and the impact on intercompany claims vis a vis Lehman Brothers, Inc. and the potential tax allocation agreement. FTI also participated in weekly tax conference calls with the Debtors.

**PCD 2100 Intercompany Issues**

FTI revised the intercompany matrix for updated pre- and post-petition balances between Lehman entities to feed into the Committee's creditor recovery model. FTI worked extensively with Debtor personnel to review intercompany balance adjustments and reconcile the intercompany matrix to the Debtors' monthly balance sheets and Disclosure Statement.

FTI also analyzed the intercompany and guarantee claim components of proposed settlement agreements between the Debtors and certain foreign affiliate estates including, but not limited to, Singapore, Hong Kong, Japan, Luxembourg, LBIE, LBT, and LBSN. FTI performed sample testing of intercompany derivative trades between the Debtors and foreign affiliates. Additionally, FTI reviewed and analyzed the treatment of intercompany claims that arose from repurchase agreements and transactions with certain third parties.

FTI participated in meetings with the Lehman and A&M intercompany teams to discuss the reasonableness of proposed intercompany derivatives settlements. FTI assisted Lehman's valuation team before and after Settlement Adjudication Committee meetings by providing (i) strategic guidance for negotiations with other Lehman entities, (ii) independent valuations of certain derivative products and assessment of proposed settlement levels, (iii) analysis of

disputed issues, and (iv) feedback to Committee counsel and the Derivatives Sub-Committee, as necessary.

## PCD 2300 Real Estate Matters

The Lehman Real Estate Portfolio ("Portfolio") includes positions in hundreds of financial assets encumbering properties and development projects located in North America, Europe, and Asia. The Portfolio, which has invested capital in the tens of billions of dollars, has many significant and complex projects, some of which have more than a billion invested in them individually. The investment positions that the Debtors maintain are extremely varied across all levels of the projects' capital structure.

FTI met with A&M and legacy Lehman real estate employees ("Asset Managers") on a regular basis to review mandates, proposals, and strategies aimed at maximizing recovery from the wind down of the Portfolio. The most pressing issues typically pertained to the various motions that had been filed in bankruptcy court requiring the Committee's endorsement with respect to funding certain operating shortfalls, restructuring legacy capital structures, and implementing sales/marketing procedures. Toward that end, FTI met with the Asset Managers to validate relevant property-level and overall financial assumptions used in projecting cash flows and recoveries; and, presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and, where appropriate, the full Committee. Most notably, FTI monitored and analyzed the potential investment required to take back control of certain land assets subject to the SunCal bankruptcy proceedings in California and also analyzed the Debtors' options under the Archstone investment. FTI was also invited by the Debtors for in-person site visits to several of the US assets in the Portfolio. Finally, FTI also completed a full and detailed review

of Lehman's re-underwriting of the Portfolio, as marked in June 30, 2011, preparing materials

for presentation to the Real Estate Sub-Committee.

## PCD 2500 Derivatives/SWAP Agreement Issues

FTI participated in regular Settlement Adjudication Committee meetings with the A&M

and Lehman Derivative teams to discuss proposed derivatives settlements, and met regularly

with Derivatives Co-Heads, counterparty teams and front office valuation employees to discuss

strategies in connection with managing the wind-down of the derivatives portfolio. FTI worked

with the applicable transactors and traders before and after the settlement adjudication meetings

to discuss relevant settlement issues, provide strategic guidance in negotiations with

counterparties and independently assess the value of the derivative products and appropriate

settlement amounts for certain transactions. FTI also reviewed numerous derivative portfolios of

derivative counterparties that have been designated for Alternative Dispute Resolution ("ADR").

This review entails analysis of the disputed issues, valuation, and providing feedback to

Committee counsel and the Derivatives Sub-Committee, as necessary. In connection with

derivative claim objections, FTI has reviewed the valuation of the underlying derivatives

portfolio and appropriateness of closeout process. In addition, FTI has been involved in

reviewing valuations of numerous intercompany derivative relationships.

FTI also has two employees working directly with the Debtors. The first works in the

Debtors' front office and is focused on the valuation of interest rate derivatives. The second

works on the Debtors' Big Bank derivative team and is focused on reconciliation and valuation

of Big Bank derivative populations.

**PCD 2900 Schedules/Statement of Financial Affairs/Other Reporting Issues**

FTI spent time reviewing the December 31, 2010 Monthly Operating Report ("MOR) and the March 31, 2011 MOR including analyzing changes in key asset and liability balances. FTI also participated in meetings with the Debtors to review drafts of the MOR's, new disclosures and to understand any key variances between prior reports before they were filed. FTI prepared a presentation to the Committee regarding the MOR's.

In addition, FTI also reviewed and analyzed the Debtors cost allocation methodology including the review of the actual allocations as of December 31, 2010 and March 31, 2011.

**PCD 3500 Plan of Reorganization/Plan Confirmation/Plan Implementation**

FTI continued its extensive review of POR issues.   On June 30, 2011, the Debtors filed the Second Amended Plan of Reorganization and the Amended Disclosure Statement.  In late August, the Debtors filed a Revised Second Amended Plan and Disclosure Statement.  The Disclosure statement hearing was held on August 30, 2011 at which the Disclosure Statement was approved.  During this period, FTI performed due diligence on the economic provisions in the plan and the Disclosure Statement exhibits and provided comments to counsel and the Debtors.  FTI was involved in the discussion of terms surrounding the corporate governance provisions included in the POR, a review of the 5-year cash flow model included in the POR for allocation of administrative expenses, and a review of the supplemental claims and recovery analyses schedules.

## PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile, object, estimate, and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings. To-date, creditors have filed over 67,000 proofs of claim in these cases, each requiring reconciliation, and analysis. FTI has reviewed summaries of the filed claims by category as well as certain individual claims filed to determine their validity. The Debtors have filed over 230 omnibus objections to date which FTI has reviewed in advance of their filing with the Court. FTI analyzed significant differences between filed clams and adjusted claims for purposes of the claims estimates in the Disclosure Statement, including a review of claim level detail for certain significant claims. FTI also reviewed materials related to the reconciliation of the Residential Mortgage Backed Securities claims and held meetings with A&M to discuss same. FTI reviewed draft claim stipulations for voting purposes and participated in discussions with A&M regarding the status of the resolution of significant claims for voting purposes. FTI also reviewed the revised claims estimates per the Second Amended Disclosure Statement and compared the results to the First Disclosure Statement.

FTI performed an analysis of the convenience class claims during this period to assess whether the proposed threshold was appropriate. FTI also continued its review and analysis of the affiliate guarantee claims during this period. As part of this analysis, FTI continued to engage in meetings and calls with the Debtors to understand any changes to the claims and the estimates set forth in the Disclosure Statement. FTI also reviewed and analyzed claim settlement proposals with numerous foreign affiliates, including LBIE, UK affiliates, Hong Kong, Singapore and LBSNV, regarding their affiliate guarantee claims, provided feedback to the

Debtors and made presentations to the Committee regarding these proposals. FTI also reviewed the financial impact of significant 3rd party guarantee claims settlement negotiations with Bankhaus as the primary obligor. FTI reviewed foreign affiliate avoidance action analyses and presentations prepared by the Debtor related to Bankhaus, LBIE, Hong Kong and Singapore.

In regards to the structured securities claims, claims that are based on structured securities issued or guaranteed by LBHI, FTI performed due diligence on the Debtors' proposed procedures, including (i) review and analysis of the Debtors' proposed valuation methodology; (ii) independent valuation of selected samples of structured securities and analysis of the differences from the Lehman valuations; (iii) review and analysis of the Debtors' revaluation of structured securities in the selected samples, and (iv) meetings with Debtors to resolve differences in valuations and correct valuations that will be used to determine the structured securities claims amount. FTI also monitored structured securities noteholder inquiries and Debtors' responses to such inquiries relating to structured securities valuations and/or proposed claim allowances.

## PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation

In connection with forensic projects requested by counsel, FTI continued its research to assess the viability of potential claims against certain parties. FTI computed damages under different damages theories. FTI drafted presentations to be used in settlement discussions that summarize actions giving rise to potential liability, findings of potential liability and resulting damages if there is a finding of liability. Other tasks included review of pleadings in related matters, review of additional documentation pertaining to potential claims against third parties, and researching relevant accounting, and auditing literature. FTI assisted counsel in evaluating settlement offers related to potential avoidance action against Relationship Funding Company, LLC and related parties, including analysis of financial information, review of document request and participation in strategy discussions.

## PCD 4600 Firms Own Billing/Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order. Time in this category includes preparing the Monthly Fee Statements for the fee periods of May 2011 through August 2011, as well as the time spent preparing the Eight Interim Application of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

8.    All of the services for which interim compensation is sought herein were rendered for and on behalf of the Committee, and not on behalf of any other entity.  FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

9.    During the Ninth Interim Period, FTI professionals expended an aggregate of 17,065.17 hours in rendering services on behalf of the Committee for a total fee of $8,474,924.15. FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

10.    FTI incurred out-of-pocket expenses of $123,107.37 in connection with the rendition of the professional services described above during this Ninth Interim Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases. All air travel to and from the Debtors' locations were necessary and billed at coach rates. Additionally, FTI voluntarily reduced all travel time by 50% during the Ninth Interim Period.

## APPLICATION

11.    This Application is made by FTI in accordance with the Guidelines

adopted by the Executive Office for the United States Trustees and the Administrative Order.

Pursuant to this application, FTI has attached the following exhibits:

A.    Exhibit A -- – Certification Under Guidelines for Fees and Disbursements

for Professionals in Respect of Ninth Application of FTI Consulting, Inc;

B.    Exhibit B -- Retention Order dated November 21, 2008 authorizing the

employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to

provide professional services as Financial Advisors to the Official Committee of

Unsecured Creditors;

C.    Exhibit C -- Summary of billings and collections for the First through

Ninth Interim Periods;

D.    Exhibit D -- Summary of time and fees by professional;

E.    Exhibit E -- Summary of time by task code;

F.    Exhibit F -- Summary of out of pocket expenses by category;

G.    Exhibit G[1]  --  Detail of time by task codes, including detailed time entry

by professional with description of task performed;

H.    Exhibit H[1] – Detail of expenses by category and professional incurred.

12.    No prior application has been made to this or any other Court for the relief

requested herein for the Ninth Interim Period.

---

[1] Due to the volume of the time and expense records, and consistent with the Interim Compensation Order, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the Fee Committee

## CONCLUSION

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

    a.  approving the allowance of $8,474,924.15 for compensation for services rendered during the Ninth Interim Period, and reimbursement of $123,107.37 for out of pocket expenses,

    b.  directing the payment of such fees by the Debtors, and

    c.  granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
        December 15, 2011

FTI Consulting, Inc.
Financial Advisors to the Official Committee of
Unsecured Creditors

By:_____

Samuel Star
Senior Managing Director
Three Times Square
New York, NY 10036
(212) 841-9368

Sworn to before me
this 15th day of December, 2011

Yolanda LaGuerra

YOLANDA LaGUERRA
Notary Public, State of New York
No. 01LA4977093 New York
Certificate Filed in New York County
Commission Expires January 28, 2015.

# EXHIBIT

## "A"
## Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                              :

In re:                          :        Chapter 11 Case No.
                                :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :      08-13555 (JMP)
                                :

                Debtors.      :        (Jointly Administered)
                                :
------------------------------------------------------------ x

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF NINTH INTERIM APPLICATION OF FTI CONSULTING, INC., FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM <u>JUNE 1, 2011 THROUGH AND INCLUDING SEPTEMBER 30, 2011</u>

Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's Ninth application for allowance of compensation for services rendered and

for reimbursement of expenses, dated December 15, 2011 (the "Application"), for the period of

June 1, 2011 through and including September 30, 2011 (the "Ninth Interim Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the Guidelines.

2.    I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Ninth Interim Period, in accordance with the Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by FTI and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on that service, whether the service is performed by FTI in-house or through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has provided statements of FTI's fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Administrative Fee Order (as defined in the Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee Committee.

Dated:        New York, New York
              December 13, 2011

                            FTI Consulting, Inc.
                            Financial Advisors to the Official Committee
                            Of Unsecured Creditors

                            By:_____


                            Samuel Star
                            Senior Managing Director
                            Three Times Square
                            New York, NY  10036
                            (212) 841-9368


Sworn to before me this
15th day of December, 2011

Yolanda LaGuerra

YOLANDA LaGUERRA
Notary Public, State of New York
No. 01LA4977093 New York
Certificate Filed in New York County
Commission Expires January 28, 2015

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                    :    Chapter 11
                                          :
    LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                          :
                          Debtors.        :    (Jointly Administered)
------------------------------------------------------------x

### FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it

is further

ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.


Dated:  New York, New York
        November 21, 2008


                            *s/ James M. Peck*
                            UNITED STATES BANKRUPTCY JUDGE


4

# EXHIBIT

## "C"
## Monthly Billing and Collection Summary

EXHIBIT C
LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555
SUMMARY OF FEES & EXPENSES BY MONTH
*FOR THE NINTH INTERIM PERIOD JUNE 1, 2011 TO SEPTEMBER 30, 2011*

| | June 1, 2011 - June 30, 2011 | July 1, 2011 - July 31, 2011 | August 1, 2011 - August 31, 2011 | September 1, 2011 - September 30, 2011 | Total |
|---|---|---|---|---|---|
| **FEES** | | | | | |
| Incurred | $ 2,564,857.85 | $ 2,222,359.00 | $ 1,931,406.85 | $ 1,764,433.45 | 8,483,057.15 |
| Travel Reduction (50%) | (1,365.00) | (4,026.75) | (2,741.25) | - | (8,133.00) |
| Billed | $ 2,563,492.85 | $ 2,218,332.25 | $ 1,928,665.60 | $ 1,764,433.45 | 8,474,924.15 |
| Paid | (2,050,794.28) | (1,744,665.80) | (1,542,932.48) | - | (5,338,392.56) |
| Unpaid | $ 512,698.57 | $ 473,666.45 | $ 385,733.12 | $ 1,764,433.45 | 3,136,531.59 |
| | | | | | |
| **EXPENSES** | | | | | |
| Incurred & Billed | $ 47,713.63 | $ 16,846.47 | $ 36,071.24 | $ 22,476.03 | 123,107.37 |
| Paid | (47,713.63) | (16,846.47) | (36,071.24) | - | (100,631.34) |
| Unpaid | $ - | $ - | $ - | $ 22,476.03 | 22,476.03 |
| | | | | | |
| **TOTAL** | | | | | |
| Incurred | $ 2,612,571.48 | $ 2,239,205.47 | $ 1,967,478.09 | $ 1,786,909.48 | 8,606,164.52 |
| Travel Reduction | (1,365.00) | (4,026.75) | (2,741.25) | - | (8,133.00) |
| Billed | $ 2,611,206.48 | $ 2,235,178.72 | $ 1,964,736.84 | $ 1,786,909.48 | 8,598,031.52 |
| Paid | (2,098,507.91) | (1,761,512.27) | (1,579,003.72) | - | (5,439,023.90) |
| Unpaid | $ 512,698.57 | $ 473,666.45 | $ 385,733.12 | $ 1,786,909.48 | 3,159,007.62 |

**EXHIBIT C**

**LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555**

**SUMMARY OF FEES & EXPENSES**

### FOR THE FIRST INTERIM PERIOD SEPTEMBER 17, 2008 TO JANUARY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| First Interim Period | $ 5,261,715.61 | $ 148,515.81 | $ 5,218,571.36 | $ 148,329.28 | $ 5,410,231.42 | $ 5,366,900.64 |

### FOR THE SECOND INTERIM PERIOD FEBRUARY 1, 2009 TO MAY 31, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Second Interim Period | $ 6,690,011.59 | $ 231,881.68 | $ 6,654,303.20 | $ 231,539.58 | $ 6,921,893.27 | $ 6,885,842.78 |

### FOR THE THIRD INTERIM PERIOD JUNE 1, 2009 TO SEPTEMBER 30, 2009

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Third Interim Period | $ 7,684,069.40 | $ 211,418.60 | $ 7,673,489.59 | $ 210,974.27 | $ 7,895,488.00 | $ 7,884,463.86 |

### FOR THE FOURTH INTERIM PERIOD OCTOBER 1, 2009 TO JANUARY 31, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fourth Interim Period | $ 9,500,022.29 | $ 199,398.23 | $ 9,456,017.76 | $ 147,441.07 | $ 9,699,420.52 | $ 9,603,458.83 |

### FOR THE FIFTH INTERIM PERIOD FEBRUARY 1, 2010 TO MAY 31, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Fifth Interim Period | $ 9,684,055.45 | $ 89,869.95 | $ 9,658,001.00 | $ 83,174.45 | $ 9,773,925.40 | $ 9,741,175.45 |

### FOR THE SIXTH INTERIM PERIOD JUNE 1, 2010 TO SEPTEMBER 30, 2010

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded | Total Expenses Awarded | Total Requested | Total Awarded |
|---|---|---|---|---|---|---|
| Sixth Interim Period | $ 13,364,786.17 | $ 65,183.44 | $ 13,319,253.77 | $ 64,826.28 | $ 13,429,969.61 | $ 13,384,080.05 |

### FOR THE SEVENTH INTERIM PERIOD OCTOBER 1, 2010 TO JANUARY 1, 2011

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[1] | Total Requested | Total Awarded[1] |
|---|---|---|---|---|---|---|
| Seventh Interim Period | $ 12,727,735.75 | $ 186,351.60 | | | $ 12,914,087.35 | |

### FOR THE EIGHTH INTERIM PERIOD FEBRUARY 1, 2011 TO MAY 31, 2011

| | Total Fees Requested | Total Expenses Requested | Total Fees Awarded[1] | Total Expenses Awarded[1] | Total Requested | Total Awarded[1] |
|---|---|---|---|---|---|---|
| Eighth Interim Period | $ 12,195,343.08 | $ 189,309.44 | | | $ 12,384,652.52 | $ - |

(1) Pending discussions with the Fee Committee

# EXHIBIT

## "D"
## Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Appell, Wesley | Director | $605.00 | 25.7 | $15,548.50 |
| Bauer, Michael | Director | $425.00 | 18.8 | $7,990.00 |
| Baumkirchner, Michael | Managing Director | $695.00 | 744.4 | $517,358.00 |
| Beloreshki, Tsvetan | Senior Managing Director | $600.00 | 0.8 | $480.00 |
| Bertelsen, Eric | Senior Consultant | $460.00 | 210.3 | $96,738.00 |
| Bossard, Kelly | Managing Director | $550.00 | 14.7 | $8,085.00 |
| Brodwin, Jahn | Senior Managing Director | $750.00 | 16.9 | $12,675.00 |
| Celli, Nicholas | Intern | $175.00 | 42.6 | $7,455.00 |
| Chan, Stanley | Director | $465.00 | 609.9 | $283,603.50 |
| Chen, Iris | Consultant | $380.00 | 24.1 | $9,158.00 |
| Costanzo, Thomas | Senior Consultant | $320.00 | 496.2 | $158,784.00 |
| Darefsky, Robert J | Senior Managing Director | $895.00 | 183.6 | $164,322.00 |
| de Lastic, Christopher | Senior Consultant | $350.00 | 273.5 | $95,725.00 |
| Dean, Christopher | Director | $675.00 | 519.3 | $350,527.50 |
| [1] Denyer, Emma | Senior Consultant | $555.84 | 2.2 | $1,222.85 |
| Diaz, Matthew | Senior Managing Director | $800.00 | 2.7 | $2,160.00 |
| Djordjevic, Nikola | Director | $465.00 | 292.3 | $135,919.50 |
| Eisenband, Michael | Senior Managing Director | $895.00 | 292.0 | $261,340.00 |
| Feldman, Andrew | Consultant | $290.00 | 5.0 | $1,450.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Field, Mark | Senior Consultant | $375.00 | 1.0 | $375.00 |
| French, Jennifer | Director | $675.00 | 595.2 | $401,760.00 |
| Friedland, Scott D. | Senior Managing Director | $660.00 | 407.8 | $269,148.00 |
| Glaser, Justin | Senior Consultant | $375.00 | 29.0 | $10,875.00 |
| Gosselin, Patrick | Senior Consultant | $500.00 | 43.9 | $21,950.00 |
| Greenberg, Mark | Managing Director | $745.00 | 308.3 | $229,683.50 |
| Gregory, Lauren | Consultant | $315.00 | 739.0 | $232,785.00 |
| Hain, Danielle | Managing Director | $745.00 | 358.0 | $266,710.00 |
| Heinz, Peter | Consultant | $455.00 | 564.3 | $256,756.50 |
| Hellmund-Mora, Marili | Associate | $250.00 | 203.7 | $50,925.00 |
| Henn, Timothy | Consultant | $380.00 | 424.1 | $161,158.00 |
| Hofstad, Ivo J | Director | $450.00 | 0.5 | $225.00 |
| Joffe, Steven | Senior Managing Director | $895.00 | 41.1 | $36,784.50 |
| Johnston, Bonnie | Paraprofessional | $210.00 | 383.1 | $80,451.00 |
| Kennedy, Jason | Managing Director | $725.00 | 35.3 | $25,592.50 |
| Kim, Hansol | Managing Director | $695.00 | 337.6 | $234,632.00 |
| Kim, Jae | Senior Consultant | $425.00 | 420.8 | $178,840.00 |
| Korsman, Lynn | Senior Consultant | $530.00 | 45.7 | $24,221.00 |
| Kwak, Michael | Director | $440.00 | 419.3 | $184,492.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| | Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|---|
| | Leka, Florian | Director | $465.00 | 50.0 | $23,250.00 |
| | Levin, Ellis | Managing Director | $575.00 | 16.1 | $9,257.50 |
| | Lyman, Scott | Director | $640.00 | 820.7 | $525,248.00 |
| | Mackie, Kristen | Director | $350.00 | 15.6 | $5,460.00 |
| | Majerle, Robin | Senior Consultant | $455.00 | 503.0 | $228,865.00 |
| | McCarthy, Ian | Director | $305.00 | 2.4 | $732.00 |
| | McDonagh, Timothy | Managing Director | $695.00 | 17.7 | $12,301.50 |
| | Mercer, Gregory | Senior Consultant | $300.00 | 12.6 | $3,780.00 |
| | Meyers, Glenn | Managing Director | $575.00 | 95.5 | $54,912.50 |
| | Meyers, William | Senior Consultant | $375.00 | 1.0 | $375.00 |
| | Mikulka, Gregory | Consultant | $250.00 | 575.5 | $143,875.00 |
| [2] | Mordecai, David K.A. | Economic Consultant | $1,000.00 | 105.0 | $105,000.00 |
| | Ng, William | Director | $605.00 | 609.2 | $368,566.00 |
| | Nitz, Scott | Senior Consultant | $495.00 | 507.2 | $251,064.00 |
| [3] | Oh, Eun | Senior Consultant | $425.00 | 56.6 | $24,055.00 |
| | Rauch, Adam | Consultant | $315.00 | 769.4 | $242,361.00 |
| | Rees, Thomas | Managing Director | $540.00 | 17.7 | $9,558.00 |
| [1] | Rickelton, Lisa | Managing Director | $898.88 | 3.3 | $2,966.30 |
| | Rizvi, Tabish | Managing Director | $675.00 | 430.1 | $290,317.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Ruta, Dustin | Director | $470.00 | 56.1 | $26,367.00 |
| Shah, Mili | Consultant | $250.00 | 608.1 | $152,025.00 |
| Sloane, Raymond | Senior Managing Director | $660.00 | 17.5 | $11,550.00 |
| Star, Samuel | Senior Managing Director | $895.00 | 167.5 | $149,912.50 |
| Suh, Joseph | Director | $520.00 | 66.6 | $34,632.00 |
| Swanson, David | Director | $640.00 | 291.5 | $186,560.00 |
| Szymik, Filip | Senior Consultant | $460.00 | 710.0 | $326,600.00 |
| Tantleff, Alan | Managing Director | $745.00 | 65.7 | $48,946.50 |
| Tully, Conor | Senior Managing Director | $800.00 | 210.0 | $168,000.00 |
| Wang, Jennifer | Senior Consultant | $290.00 | 509.4 | $147,726.00 |
| Worth, Tristram | Consultant | $210.00 | 621.2 | $130,452.00 |
| Yozzo, John | Managing Director | $545.00 | 0.8 | $436.00 |

|  |  |  |  |  |
|---|---|---|---|---|
|  | **Grand Total** |  | 17,065.7 | $8,483,057.15 |
|  | *Less: 50% Travel Reduction* |  |  | ($    8,133.00) |
|  | **Net Grand Total** |  |  | $8,474,924.15 |

*(1)*

Bill rate reflects blended currency conversion for the period.

*(2)*

Professional is an independent contractor through FTI's Compass Lexecon economic consulting group.  The rate billed equals the rate charged to FTI.

*(3)*

Professional's billing rate of $425.00 per hour was overstated in the September 2011 Fee Statement.  This was adjusted in the October 2011 Fee Statement as will therefore be reflected in the 10th Interim Fee Application.

# EXHIBIT

## "E"
## Summary of Time by Task Code

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 14.4 | $10,846.00 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 0.4 | $358.00 |
| 0500 | Non-Working Travel | 33.2 | $16,266.00 |
| 0700 | Communications with Debtors | 25.8 | $20,169.50 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 244.9 | $197,748.50 |
| 1100 | LBI/SIPC Coordination and Issues | 314.1 | $211,748.00 |
| 1200 | Cash Management | 276.8 | $164,844.50 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 257.7 | $188,792.50 |
| 1800 | Tax Issues | 48.6 | $42,960.00 |
| 2100 | Intercompany Issues | 1,777.8 | $790,805.00 |
| 2300 | Real Estate Matters | 2,801.9 | $1,474,709.00 |
| 2400 | Private Equity | 3.6 | $2,661.50 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 5,966.1 | $2,976,497.00 |
| 2600 | Loans/Investments | 1.1 | $984.50 |
| 2800 | International Insolvency Issues | 15.0 | $11,477.15 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 133.0 | $87,908.50 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 357.8 | $270,159.50 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 3,814.1 | $1,644,606.00 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 246.4 | $143,412.50 |
| 4600 | Firm's Own Billing/Fee Applications | 727.7 | $221,885.00 |
| 4700 | Firm's Own Retention Issues | 5.3 | $4,218.50 |
| | **Grand Total** | **17,065.7** | **$8,483,057.15** |
| | *Less: 50% Travel Reduction* | | **($    8,133.00)** |
| | **Net Grand Total** | | **$8,474,924.15** |

# EXHIBIT

## "F"
## Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHERS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011*

| *Expense Category* | *Total Expenses* |
| --- | --- |
| Airfare | $15,300.16 |
| Lodging | $23,591.64 |
| Meals | $5,385.48 |
| Transportation | $6,045.57 |
| Other | $72,784.52 |
| | |
| *Total* | **$123,107.37** |

*Page 1 of 1*