Hearing Date: To Be Determined, 2012
Objection Deadline: To Be Determined, 2012

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, NY 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email:  sreisman@curtis.com
        lharrison@curtis.com
        cgiglio@curtis.com

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
|  |  |
|---|---|
| **In re:** | : |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : |
|  | : |
| **Debtors.** | : |
|  | : |

: **Chapter 11**

: **Case No. 08-13555 (JMP)**

: **(Jointly Administered)**

----------------------------------------------------------------x

**NINTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

### SUMMARY OF CURRENT FEE APPLICATION

| Name of Applicant: | Curtis, Mallet-Prevost, Colt & Mosle LLP |
|---|---|
| Authorized to Provide Professional Services To: | Debtors and Debtors In Possession |
| Retention Date: | November 21, 2008 *nunc pro tunc* to September 26, 2008 |

10700653

| | |
|---|---|
| Period for Which Compensation and Reimbursement is Sought: | June 1, 2011 through September 30, 2011 |
| Amount of Compensation Requested: | $      5,886,919.50 |
| Amount of Expense Reimbursement Requested: | $         276,530.84 |
| Total Compensation and Expense Reimbursement Requested: | $      6,163,450.34 |
| Blended Rate for Attorneys: | $             538.97 |
| Blended Rate for all Professionals and Paraprofessionals: | $             485.04 |

## PRIOR FEE APPLICATION(S)

| Period Covered | Requested | | Awarded | |
|---|---|---|---|---|
| | Fees | Expenses | Fees | Expenses |
| First 09/15/08 – 01/31/09 | $4,611,589.50 | $151,402.02 | $4,605,112.00 | $151,402.02 |
| Second 02/01/09 – 05/31/09 | $4,230,132.50 | $164,681.90 | $4,216,398.50 | $132,363.87 |
| Third 06/01/09 – 09/30/09 | $4,664,248.00 | $188,127.18 | $4,551,471.48 | $151,898.05 |
| Fourth 10/01/09 – 01/31/10 | $3,396,981.50 | $87,448.45 | $3,237,003.32 | $60,332.68 |
| Fifth 02/01/10 – 05/31/10 | $3,546,135.00 | $135,181.82 | $3,440,334.85 | $113,036.80 |
| Sixth 06/01/10 – 09/30/10 | $4,727,258.00 | $198,520.63 | $4,634,376.17 | $162,827.60 |
| Seventh 10/01/10 – 01/31/11 | $6,409,513.60 | $164,980.24 | $6,104,628.30 | $131,578.73 |
| Eighth 02/01/11 – 05/31/11 | $7,174,392.00 | $247,998.44 | To Be Determined | To Be Determined |

10700653

**Exhibits to Current Fee Application**

The following exhibits are attached hereto and incorporated herein by reference:

Exhibit "A"     Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Ninth Interim Application of Curtis, Mallet-Prevost, Colt & Mosle LLP for Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses

Exhibit "B"     By-Timekeeper Summary of Hours Devoted and Compensation Sought (includes billing rate and year of admission to practice) for Ninth Interim Compensation Period

Exhibit "C"     Summary of Expenses for Ninth Interim Compensation Period

Exhibit "D"     Summary of Hours Devoted and Compensation Sought by Work Task Code for Ninth Interim Compensation Period

Exhibit "E"     By-Work Task Code Summary of Hours Devoted and Compensation Sought by Timekeeper for Ninth Interim Compensation Period

10700653

Hearing Date: To Be Determined, 2012
Objection Deadline: To Be Determined, 2012

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio
Email:  sreisman@curtis.com
         lharrison@curtis.com
         cgiglio@curtis.com

*Conflicts Counsel for the Debtors*
*and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                    :     **Chapter 11**
**In re:**                                          :
                                                    :     **Case No. 08-13555 (JMP)**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :
                                                    :     **(Jointly Administered)**
                          **Debtors.**              :
                                                    :
------------------------------------------------------------------x

**NINTH INTERIM APPLICATION OF CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION FOR ALLOWANCE OF COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FOR THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), as conflicts counsel for

Lehman Brothers Holdings Inc., and its direct and indirect debtor subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), respectfully submits this application (the

"Application") for allowance of interim compensation for professional services rendered for the

period June 1, 2011 through and including September 30, 2011 (the "Compensation Period"),

10700653

and for reimbursement of its actual and necessary expenses incurred in connection with such services.  In support of this Application, Curtis respectfully represents as follows:

## SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

1.    This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the Court on April 14, 2011 (the "Compensation Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as "**Exhibit A**."[1]

2.    Curtis attorneys and paraprofessionals expended a total of 12,347.70 hours representing the Debtors during the Compensation Period for which the firm requests compensation.  Curtis seeks allowance of interim compensation for services rendered to the Debtors in the amount of $5,886,919.50, representing 100% of fees incurred during the Compensation Period, and for reimbursement of $276,530.84, representing 100% of the actual and necessary expenses incurred during the Compensation Period.

---

[1] As to contested matters, existing litigation, or possible additional litigation to be brought by, or against, the Debtors, adversary proceedings, and other actions or threatened actions, this Application shall not constitute or be construed as an admission of any fact or any issue of liability, nor shall it constitute a stipulation, or a waiver, but rather as statements made without prejudice to the Debtors' rights and interests in these chapter 11 cases.

10700653

3.    During the Compensation Period, other than pursuant to the

Administrative Order, Curtis has received no payment and no promises of payment from any

source for services rendered or to be rendered in any capacity whatsoever in connection with the

matters covered in this Application.  There is no agreement or understanding between Curtis and

any other person, other than members of the firm, for the sharing of compensation to be received

for services rendered in these cases.

4.    In accordance with the Administrative Order, Curtis has received

payments totaling $2,503,930.42 for the Compensation Period.  This amount consists of

$2,376,518 relating to fees incurred during this period.  Of this amount, $1,379,036.80 represents

80% of the fees incurred from June 1, 2011 through June 30, 2011.  The balance of this amount

relates to the period of July 1, 2011 through July 31, 2011.  The committee appointed pursuant to

the Order Appointing Fee Committee and Approving Fee Protocol, dated May 27, 2009 [Docket

No. 3651] (the "Fee Committee") interposed an objection to fees related to certain rate increases

for the latter period.  The amount of $997,481.20 represents 80% of the fees incurred from July

1, 2011 through July 31, 2011 less the amount related to the Fee Committee's objection.  The

total amount received by Curtis for the Compensation Period further consists of $127,412.42

representing 100% of the expenses incurred from June 1, 2011 through July 31, 2011.  Curtis has

yet to receive compensation for August and September 2011.

5.    The fees charged by Curtis in these cases are billed in accordance with

Curtis' existing billing rates and procedures in effect during the Compensation Period.  The rates

Curtis charges for the services rendered by its professionals and paraprofessionals in these

chapter 11 cases are the same rates Curtis charges for professional and paraprofessional services

rendered in non-bankruptcy-related matters.[2]  Such fees are reasonable based on the customary

compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases

in a competitive national legal market.

      6.      Pursuant to the UST Guidelines, annexed hereto as "**Exhibit B**" is a

schedule setting forth all Curtis professionals and paraprofessionals who have performed

services in these chapter 11 cases during the Compensation Period, the capacity in which each

such individual is employed by Curtis, the hourly billing rate charged by Curtis for services

performed by such individual, the aggregate number of hours expended in these proceedings and

fees billed therefore, and, if applicable, the year in which each professional was first licensed to

practice law.

      7.      Annexed hereto as "**Exhibit C**" is a schedule specifying the categories of

expenses for which Curtis is seeking reimbursement, and the total amount for each such expense

category.

      8.      Pursuant to Section II.D of the UST Guidelines, annexed hereto as

"**Exhibit D**" are summaries of Curtis' time records billed during the Compensation Period by

project categories.

      9.      Annexed hereto as "**Exhibit E**" are summaries of Curtis' time records

billed during the Compensation Period by timekeeper within each project category.

      10.      Curtis maintains computerized records of the time spent by all Curtis

attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11

cases.  Subject to redaction for the attorney-client privilege where necessary to protect the

---

[2] In instances where professionals spent less than one hour working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

10700653

Debtors' estates,[3] copies of these computerized records have been furnished to the Court, the

attorneys for the official committee of unsecured creditors (the "Creditors' Committee"), the

Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"),

and the Fee Committee, in the format specified by the UST Guidelines.

11.     To the extent that time or disbursement charges for services rendered or

disbursements incurred relate to the Compensation Period, but were not processed prior to the

preparation of this Application, Curtis reserves the right to request compensation for such

services and reimbursement of such expenses in a future application.

12.     Curtis has provided the Debtors, the U.S. Trustee, lead counsel to the

Debtors, the Creditors' Committee, the Fee Committee and counsel to the Fee Committee with

monthly fee statements for professional services rendered and expenses incurred on behalf of the

Debtors, along with detailed reports of time entries and expenses.  Pursuant to such statements,

and in accordance with the Administrative Order, Curtis has requested that the Debtors pay

Curtis 80% of its fees for professional services and 100% of the expenses.  By this Application,

Curtis requests the release of any "holdback" of fees for professional services rendered during

the Compensation Period.[4]

## **BACKGROUND**

13.     Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors and certain of its direct and indirect

subsidiaries commenced with this Court voluntary cases for relief under chapter 11 of title 11 of

the United States Code, as amended (the "Bankruptcy Code").  The Debtors are continuing to

---

[3] Where necessary, Curtis professionals and paraprofessionals have limited the level of detail in their time entries to protect certain confidential information of the Debtors.  This is done in the best interest of the Debtors' estates. Curtis will provide additional information pertaining to time entries in the appropriate circumstances, provided that the necessary precautions are taken, including, but not limited to, a protective order of the court.
[4]  The requested release of the holdback for the Compensation Period will not affect the holdback for any subsequent periods.

10700653

operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

14.    On September 17, 2008, pursuant to section 1102 of the Bankruptcy Code, the U.S. Trustee appointed the Creditors' Committee.

15.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate

16.    On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (together with any supplements, amendments and exhibits thereto, and as each may be further modified from time to time, collectively, the "Third Amended Plan") and a related disclosure statement (the "Disclosure Statement").  On September 1, 2011, an order approving the Disclosure Statement was entered [Docket No. 19631].

17.    On December 6, 2011, an order confirming the Third Amended Plan was entered [Docket No. 23023].

## RETENTION OF CURTIS

18.    Curtis was retained by the Debtors as of September 26, 2008 to serve as conflicts counsel for the Debtors.  Among other matters, Curtis is responsible for handling all bankruptcy-, corporate- and litigation-related matters where lead counsel for the Debtors, Weil, Gotshal & Manges LLP ("WGM"), or other counsel for the Debtors, has an actual or perceived conflict of interest, and to perform discrete duties as assigned by WGM and other Debtors' counsel that could be handled more efficiently by Curtis.

10700653

19.     Pursuant to the Order of the Court, dated November 21, 2008, the Debtors were authorized to retain Curtis as their conflicts counsel to render legal services in the prosecution of their chapter 11 cases.

20.     Since its retention, Curtis has coordinated its efforts with WGM so that their work is complementary and not duplicative.  WGM and Curtis have experience working as debtors' general bankruptcy counsel and conflicts counsel, respectively, for large bankruptcy cases previously pending before this Court.  *See In re Silicon Graphics, Inc., et al.*, Case No. 06-10977 (ALG) (Bankr. S.D.N.Y. 2006) and *In re Parmalat Finanziaria S.p.A., et al.*, Case No. 04-14268 (RDD) (Bankr. S.D.N.Y. 2004).  As a result of these experiences and the continued efforts of WGM and Curtis, the assignment of tasks is being maintained efficiently and with a clear delineation of duties.

21.     In addition, Curtis is presently acting or has recently acted as conflicts counsel in *In re General Maritime Corporation, et al.*, Case No. 11-15285 (MG) (Bankr. S.D.N.Y. 2011), *In re Caribe Media, Inc., et al.*, Case No. 11-11387 (KG) (Bankr. D. Del. 2011), *In re Sbarro, Inc.*, Case No. 11-11527 (SCC) (Bankr. S.D.NY. 2011), *In re CIT Group Inc., et al.*, Case No. 09-16565 (ALG) (Bankr. S.D.N.Y. 2009), *In re The Reader's Digest, Inc., et al.*, Case No. 09-23529 (RDD) (Bankr. S.D.N.Y. 2009), *In re Lear Corporation*, Case No. 09-14326 (ALG) (Bankr. S.D.N.Y. 2009), *In re Charter Communications, Inc., et al.*, Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. 2009), *In re Star Tribune Holdings Corporation*, Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. 2009) and *In re Bally Total Fitness of Greater New York, Inc.*, Case No. 08-14818 (BRL) (Bankr. S.D.N.Y. 2008).

22.     The work encompassed by this Application for which Curtis seeks compensation was performed efficiently and at a reasonable cost to the estates.  All of the work

10700653

summarized in this Application was performed in a manner to ensure minimal duplication of services and an effort to keep the administration expenses to a minimum.

## SUMMARY OF SERVICES RENDERED BY
## CURTIS DURING THE COMPENSATION PERIOD

23.    During the Compensation Period, Curtis performed substantial services for the Debtors.  These services were necessary to effectively administer the chapter 11 cases.

24.    In accordance with the Guidelines and Curtis' internal billing procedures, Curtis has established separate matter numbers and matter names for distinct project categories in these chapter 11 cases.  Listed below is a summary, by matter name, of services provided by Curtis during the Compensation Period:

25.    **General Case Administration.**  A total of 51.50 hours of services was performed and Curtis is seeking allowance of $11,472 in fees.  This matter covers a variety of tasks performed by Curtis professionals that relate to the smooth and efficient administration of the chapter 11 cases.  Among other things, during the Compensation Period, Curtis professionals reviewed documents applicable to the chapter 11 cases, researched current developments relevant to the chapter 11 cases, and created and maintained a comprehensive calendar of pertinent deadlines, hearings and meetings.

26.    **General Case Strategy Meetings.**  A total of 138.60 hours of services was performed and Curtis is seeking allowance of $84,689.50 in fees.  This matter covers time spent by professionals at weekly meetings where attorneys working on various matters relating to the Debtors' estates discussed recent developments.  Generally, each attorney present at such meetings provided expertise in a specific area of law relevant to the Debtors' cases and/or provided a factual update on a particular aspect of the Debtors' cases.  In light of the highly complex and varied nature of the Debtors' cases, such meetings are critical to the smooth operation and prosecution of the Debtors' chapter 11 cases.

10700653

27. **Project Monitoring/Court Calendar & Docket Maintenance.** A total of 74.90 hours of services was performed and Curtis is seeking allowance of $28,289.50 in fees. With respect to this matter, Curtis professionals monitored the docket for pleadings filed in the chapter 11 cases, the SIPA Proceeding and various adversary proceedings. Due to the high volume of documents filed in the Debtors' cases, docket monitoring was generally conducted on a daily basis by attorneys familiar with the Debtors' cases. Such close monitoring is necessary for Curtis to stay apprised of the happenings in the cases and proceedings involving the Debtors, especially with respect to pleadings filed by potential conflict parties.

28. **Hearings and Court Communications.** A total of 29.30 hours of services was performed and Curtis is seeking allowance of $12,254.50 in fees. With respect to this matter, Curtis professionals prepared for and attended hearings in the chapter 11 cases, including the monthly omnibus hearings. It is necessary that Curtis professionals attend hearings to stay apprised of issues in the Debtors' cases, particularly with respect to litigation that relates to matters that Curtis is handling.

29. **LBI/SIPC Coordination and Issues.** A total of 273.40 hours of services was performed and Curtis is seeking allowance of $162,666.50 in fees. During the Compensation Period, Curtis professionals liaised with LBI on various issues, including, but not limited to, the treatment and ongoing administration of certain assets that LBHI received as a subrogee of JPMorgan Chase Bank, N.A.'s ("JPMorgan") claims under the Collateral Disposition Agreement ("CDA"). Furthermore, Curtis professionals successfully negotiated a carve-out to a global settlement agreement between LBI and JPMorgan, which preserves LBHI's right to pursue certain claims against JPMorgan. The settlement agreement was approved on June 23, 2011. After that date, Curtis professionals continued to analyze the settlement agreement for its potential interaction with the CDA.

-9-

30.    **Derivatives/Swap Agreement Issues.**  A total of 1,021.50 hours of services was performed and Curtis is seeking allowance of $618,538 in fees.  During the Compensation Period, Curtis continued to address various activities and conduct analyses of the legal documentation related to certain credit swaps with Syncora Guarantee, Inc., as well as certain CDO structures, including Pyxis ABS CDO-2007-1, Ltd.; Pebble Creek LCDO 2007-2, Ltd.; Pebble Creek LCDO 2007-2, LLC; Ceago ABS CDO 2007-1, Ltd; and Ceago ABS CDO 2007-1, LLC.  Curtis also reviewed and analyzed certain derivatives contracts with JPMorgan and its affiliates and subsidiaries.  In addition, as this court is aware, on July 14, 2011, Curtis filed an adversary proceeding styled *Lehman Brothers Special Financing Inc. v. Americredit Financial Services Inc.*, Adv. Pro. No. 11-2403, in which LBSF seeks damages for, *inter alia*, improper calculation of termination amounts under certain interest rate swaps.  Curtis has been administering this adversary proceeding pursuant to the procedures set forth under the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [Docket No. 5207].

31.    During the Compensation Period, Curtis professionals who provided services concerning the forgoing matters would periodically convene to update one another on the specific matters in which they were involved.  The discussions at these meetings were conducted at a higher level of detail than would have been possible in meetings with the entire Lehman team.  For example, at these meetings, Cutis professionals often discussed settlement scenarios, analyzed legal issues common to multiple derivatives transactions, and coordinated efforts among professionals working on the various derivatives transactions.  Curtis attorneys also strategized with attorneys from WGM to discuss the relationship between the discrete matters Curtis is handling and the overall case.

-10-

32.    **Loans/Investments.**  A total of 23.90 hours of services was performed and Curtis is seeking allowance of $16,373.50 in fees.  With respect to this matter, Curtis professionals continued to analyze and review numerous structured finance vehicles, particularly with respect to their potential interaction with the CDA.

33.    **Non-Derivative Automatic Stay/Safe Harbor Issues.**  A total of 0.90 hours of services was performed and Curtis is seeking allowance of $270 in fees.

34.    **Plan of Reorganization/Plan Confirmation/Plan Implementation.**  A total of 6.40 hours of services was performed and Curtis is seeking allowance of $4,098.50 in fees.  During the Compensation Period, Curtis professionals reviewed the plan of reorganization, as well as the accompanying amendments and supplements.

35.    **Disclosure Statement/Solicitation/Voting.**  A total of 150.40 hours of services was performed and Curtis is seeking allowance of $96,501.50 in fees.  During the Compensation Period, Curtis professionals reviewed and provided commentary on drafts of the Debtors' disclosure statement, particularly with respect to the litigation with JPMorgan and the CDA.  In particular, Curtis professionals conducted a thorough analysis of JPMorgan's voting rights with respect to the plan of reorganization.  Furthermore, Curtis professionals prepared for and attended the hearing on the disclosure statement, which occurred on August 30, 2011.

36.    **Non-Derivative Claims Reconciliation, Estimation, Litigation and Alternative Dispute Resolution, and Bar Date Issues.**  A total of 681.70 hours of services was performed and Curtis is seeking allowance of $345,005.50 in fees.  During the Compensation Period, Curtis professionals extensively analyzed claims filed by JPMorgan and its affiliates.  Curtis professionals also continued the process of drafting objections to certain claims filed by JPMorgan.  In that regard, on August 31, 2011, Curtis filed an objection to certain claims filed

by JPMorgan against LBHI and LBI as they relate to JPMorgan's role as custodian bank in certain tri-party repurchase agreements.

37.    During the Compensation Period, Curtis professionals tasked with analyzing JPMorgan's claims against the Debtors would periodically convene among themselves and telephonically with conflicts counsel for the Official Committee of Unsecured Creditors Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn") to discuss claims objection issues. Often, more than one claim objection was discussed at a particular meeting. Because the claims asserted by JPMorgan were based on varying legal theories, the attendance and input of multiple Curtis professionals with expertise in distinct areas of law was necessary. Further, the attendance of bankruptcy professionals at these meetings was always necessary, particularly for their insight into the claim objection process.

38.    **Other Bankruptcy Motions and Matters.**  A total of 29.30 hours of services was performed and Curtis is seeking allowance of $16,032.50 in fees. During the Compensation Period, Curtis professionals rigorously analyzed pleadings filed in various proceedings to discern potential impact on significant legal issues, including derivatives, *ipso facto* provisions, and setoff. Curtis professionals also addressed issues resulting from a misdirected wire transfer.

39.    **Non-Derivative Adversary Proceedings Preparation and Litigation.**  A total of 9,361.90 hours of services was performed and Curtis is seeking allowance of $4,318,110.50 in fees. With respect to this matter, the primary tasks performed by Curtis professionals relate to the litigation commenced against JPMorgan. As this Court is aware, on May 26, 2010, Curtis filed the adversary proceeding styled *Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Pro. No. 10-03266, in which LBHI is seeking a judgment that LBHI is entitled to void certain agreements entered into between LBHI and JPMorgan prior

-12-

to LBHI's Commencement Date on the grounds that such agreements were fraudulent transfers and/or unenforceable under state law. LBHI further seeks to recover billions in cash collateral, certain securities collateral posted to JPMorgan, and damages occasioned by JPMorgan's wrongful conduct under bankruptcy and state law theories. During the Compensation Period, Curtis addressed a variety of issues arising in connection with the adversary proceeding, including, but not limited to, ongoing discovery and the analysis of JPMorgan's motion to dismiss the adversary proceeding. In addition, at the request of this court, on August 5, 2011 and September 26, 2011, Curtis professionals filed memoranda analyzing the impact of the Supreme Court's recent decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), on the adversary proceeding. During the Compensation Period, Curtis professionals also extensively reviewed JPMorgan's motion to withdraw the reference in the adversary proceeding, which was filed on September 26, 2011. The Plaintiffs filed a response on October 26, 2011. This motion is currently pending before the District Court.

40.     Curtis professionals also provided services in relation to defending against JPMorgan's counterclaims in the adversary proceeding. More specifically, Curtis professionals extensively reviewed JPMorgan's brief in opposition to the motion to dismiss the counterclaims, which was filed on June 3, 2011. Curtis professionals drafted and filed a reply brief on July 18, 2011.

41.     During the Compensation Period, Curtis professionals who provided services relating to the adversary proceeding would periodically confer among themselves and telephonically with Quinn regarding the progress of the litigation. Curtis and Quinn often engaged in highly-detailed conversations regarding various aspects of the prosecution of the adversary proceeding. For example, the following topics were frequently discussed at these

-13-

conferences: the process of interviewing and retaining expert witnesses, the division of labor in deposition-taking, and substantive highlights from depositions already taken.

42.    In addition, Curtis professionals continued to prosecute other adversary proceedings and potential causes of action against vendors that received payments prior to the Debtors' petition dates.

43.    Finally, Curtis maintained its investigation of Lehman's prepetition relationship with Citibank, N.A. ("Citibank"). In particular, Curtis professionals reviewed pleadings in LBI's adversary proceeding against Citibank, styled *Lehman Brothers Inc. v. Citibank N.A., et al.*, Adv. Pro. No. 11-01681, in which the SIPA Trustee seeks to recover $1.3 billion from Citibank on behalf of LBI, and the effect of certain litigation on the Debtors' estates.

44.    **Non-Bankruptcy Litigation.**  A total of 12.90 hours of services was performed and Curtis is seeking allowance of $4,192.50. In connection with this matter, Curtis professionals continued to address certain matters on behalf of Executive Monetary Management, Inc., a non-debtor affiliate of the Debtors, as a defendant in connection with a state court matter brought by Stowaways, LLC and certain of its affiliates. During the Compensation Period, Curtis professionals also provided services related to the Archstone arbitration. After LBHI was issued a document subpoena by the claimants in the Archstone arbitration, Curtis professionals provided services with respect to LBHI's response to the subpoena.

45.    **Proprietary Retention/Billing/Fee Applications.**  A total of 491.10 hours of services was performed and Curtis is seeking allowance of $168,425 in fees. As described more fully above, in connection with this matter, Curtis professionals prepared Interim

Fee Applications, prepared monthly budgets and responded to inquiries from the Fee Committee

during the Compensation Period.[5]

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

46.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation. *See* 11 U.S.C. § 331. The awarding of interim compensation

should be based on the circumstances of the particular case. *In re Nana Daly's Pub., Ltd.*, 67

B.R. 782, 787 (Bankr. E.D.N.Y. 1986).

47.     Section 330 of the Bankruptcy Code provides that a court may award a

professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11

U.S.C. § 330(a)(1). The Court has broad discretion in determining whether to allow

compensation and determining the amount of compensation. *In re XO Commc'ns, Inc.*, 323 B.R.

330, 339 (Bankr. S.D.N.Y. 2005); *In re Nine Assocs., Inc.*, 76 B.R. 943, 944 (Bankr. S.D.N.Y.

1987).

48.     Section 330 of the Bankruptcy Code also sets forth the criteria for the

award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including –
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;

---

[5] While Curtis professionals also prepared and served monthly Fee Statements in accordance with the Guidelines, Curtis is not seeking compensation for those services.

10700653

(C)     whether the services were necessary to the administration
of, or beneficial at the time at which the service was
rendered toward the completion of, a case under this title;

(D)     whether the services were performed within a reasonable
amount of time commensurate with the complexity,
importance, and nature of the problem, issue, or task
addressed; and

(E)     whether the compensation is reasonable based on the
customary compensation charged by comparably skilled
practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

49.     Courts within the Second Circuit have employed the "lodestar approach"

for calculating judicial awards of compensation to attorneys.  The lodestar approach was

articulated by the Second Circuit in *New York State Ass'n for Retarded Children, Inc. v. Carey*,

711 F.2d 1136 (2d Cir. 1983).  The lodestar method of determining reasonable compensation

involves multiplying the hours spent on a case, based on attorney time records, by a reasonable

hourly rate of compensation for each attorney based on prevailing market rates for private law

firms performing services for non-governmental clients.  *In re McLean Industries, Inc.*, 88 B.R.

36, 39 (Bankr. S.D.N.Y. 1988).  Once calculated, this lodestar figure may be adjusted upward or

downward to take into account the facts of the particular case.  *In re Baldwin United Corp.*, 79

B.R. 321, 347 (Bankr. S.D. Ohio 1987).  Factors regarding the difficulty, complexity and

contingent nature of the case may thereafter be employed to arrive at a reasonable and just

compensation in excess of the lodestar figure.  *In re Stable Mews Assocs.*, 49 B.R. 395, 398

(Bankr. S.D.N.Y. 1985); *In re Chriss*, 38 B.R. 655, 657 (Bankr. S.D.N.Y. 1984).

50.     In the instant case, Curtis respectfully submits that the services for which

it seeks compensation in this Application meet or exceed the standards set forth in section 330 of

the Bankruptcy Code as applied by bankruptcy courts in this Circuit to determine the

reasonableness of professional fees sought from a debtor's estate.  Curtis also respectfully

submits that the services provided to the Debtors during the Compensation Period were

necessary and beneficial to the Debtors' efforts to maximize the value of their estates.  The

professional services that Curtis rendered were focused on pursuing an efficient reorganization

and/or liquidation of the Debtors' businesses that maximizes the value of the estates and

recovery to creditors.  Except as otherwise set forth herein, Curtis' rates charged to the Debtors

are identical to the rates charged by Curtis for comparable services in a non-chapter 11 context.

Such services were not only necessary to benefit the Debtors' estates, but also to enhance

potential recovery to creditors.  Accordingly, Curtis further submits that the compensation

requested herein is reasonable and warranted in light of the nature, extent and value of such

services to the Debtors, their estates and all parties in interest.

## FEES AND ACTUAL AND NECESSARY DISBURSEMENTS OF CURTIS

51.    Curtis devoted 12,347.70 hours of actual recorded time during the

Compensation Period resulting in time charges of $5,886,919.50.  The amount of $3,659,519.92[6]

remains unpaid as of the date of this Application.  By this Application, Curtis also requests

release of the 20% holdback from the Seventh and Eighth Interim Compensation Periods.

52.    Throughout the Compensation Period, Curtis sought to assign projects in

this case to partners, associates and paraprofessionals who could most efficiently and

expeditiously handle the tasks at hand.  Curtis respectfully submits that the legal services

reflected in this Application are fair and reasonable and are commensurate with the quality of

services provided herein.  The blended rate for services performed by all Curtis professionals and

paraprofessionals during the Compensation Period is $485.04.  The blended rate for services

performed by Curtis attorneys during the Compensation Period is $538.97.

---

[6] This amount reflects the 20% holdback from June 2011 through September 2011, fees subject to the Fee
Committee's objection to the July 2011 Fee Statement, and outstanding payment from August and September 2011.

10700653

53.    In addition to the fees sought for legal services, Curtis has incurred $276,530.84 in out-of-pocket expenses and disbursements during the Compensation Period directly attributable to the representation of the Debtors.

54.    No part of the compensation to be received pursuant to this Application will be shared with any other person or firm, and no other agreements, either express or implied, to share any compensation received as attorneys for the Debtors has been, or will be, made by Curtis.

## NOTICE

55.    A copy of this Application has been submitted to:  (i) the Debtors; (ii) lead bankruptcy counsel for the Debtors; (iii) counsel for the Creditors' Committee; (iv) the U.S. Trustee; and (v) counsel for the Fee Committee.

*[Remainder of page intentionally left blank.]*

10700653

## CONCLUSION

**WHEREFORE**, Curtis respectfully requests that this Application be granted and that it be awarded an allowance of $5,886,919.50 for legal services rendered to the Debtors during the Compensation Period, and $276,530.84 for reimbursement of expenses, and that the Debtors be allowed to pay such amounts to the extent not previously paid, together with such other and further relief be granted as may be just and proper.

Dated:    December 14, 2011
         New York, New York

Respectfully submitted,

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:  _/s/ Steven J. Reisman_
      Steven J. Reisman
      L. P. Harrison 3rd
      Cindi Eilbott Giglio
101 Park Avenue
New York, NY  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Email:   sreisman@curtis.com
          lharrison@curtis.com
          cgiglio@curtis.com

*Conflicts Counsel for the Debtors and
  Debtors in Possession*

10700653

**EXHIBIT A**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York  10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
Steven J. Reisman
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Conflicts Counsel for the Debtors*
 *and Debtors In Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

-----------------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR
PROFESSIONALS IN RESPECT OF NINTH INTERIM APPLICATION OF CURTIS,
MALLET-PREVOST, COLT & MOSLE LLP AS CONFLICTS COUNSEL FOR THE
DEBTORS AND DEBTORS IN POSSESSION FOR ALLOWANCE OF
COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR
THE PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

I, L. P. Harrison 3rd, hereby certify that:

1.   I am a partner with the applicant firm, Curtis, Mallet-Prevost, Colt & Mosle

LLP ("Curtis"), with primary responsibility for the chapter 11 cases of Lehman Brothers

Holdings Inc., and its direct and indirect subsidiaries, as debtors and debtors in possession

(collectively, the "Debtors"), in respect of compliance with the Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

10700653

adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Compensation and Reimbursement of

Expenses of Professionals (the "Compensation Order," collectively with the Local Guidelines

and UST Guidelines, the "Guidelines").

    2.   This certification is made in respect of Curtis' application, dated December

14, 2011 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing June 1, 2011, through and including September 30, 2011 (the

"Compensation Period") in accordance with the Guidelines.

    3.   In respect of section A.1 of the Local Guidelines, I certify that:

- I have read the Application;

- to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

- the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Curtis and generally accepted by Curtis' clients; and

- in providing a reimbursable service, Curtis does not make a profit on that service, whether the service is performed by Curtis in house or through a third party.

    4.   In respect of section A.2 of the Local Guidelines, I certify that Curtis has

provided the Debtors, counsel for the statutory committee of unsecured creditors appointed in

these cases (the "Creditors' Committee"), the United States Trustee for the Southern District of

New York (the "U.S. Trustee") and the Committee appointed pursuant to the Order Appointing

10700653

Fee Committee and Approving Fee Protocol, dated May 27, 2009 [Docket No. 3651] (the "Fee Committee"), with a statement of Curtis' fees and disbursements on a monthly basis.

5.   In respect of section A.3 of the Local Guidelines, I certify that the Debtors, counsel for the Creditors' Committee, lead bankruptcy counsel for the Debtors, the U.S. Trustee, and counsel for the Fee Committee are each being provided with a copy of the Application more than 14 days before the hearing on the Application.

Dated:    New York, New York
          December 14, 2011

                                                    /s/ L. P. Harrison 3rd
                                            _____
                                                    L. P. Harrison 3rd

10700653

## EXHIBIT B

### SUMMARY OF NINTH INTERIM FEE APPLICATION OF
### CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR SERVICES RENDERED
### FOR THE NINTH INTERIM COMPENSATION PERIOD,
### JUNE 1, 2011 TO SEPTEMBER 30, 2011

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| | | | | |
| **PARTNERS** | | | | |
| L. P. Harrison 3rd | RIG – 1984 | $830 | 756.70 | $628,061.00 |
| Joseph D. Pizzurro | L – 1977 | $830 | 361.00 | $299,630.00 |
| Steven J. Reisman | RIG – 1991 | $830 | 19.60 | $16,268.00 |
| Turner P. Smith | L – 1980 | $830 | 213.80 | $177,454.00 |
| Nancy E. Delaney | L – 1989 | $785 | 450.70 | $353,799.50 |
| Daniel R. Lenihan | C – 1982 | $785 | 187.60 | $147,266.00 |
| Michael J. Moscato | L – 1982 | $785 | 564.00 | $442,740.00 |
| Andrew H. Seiden | C – 1993 | $785 | 261.90 | $205,591.50 |
| **TOTAL PARTNERS** | | | **2,815.30** | **$2,270,810.00** |
| | | | | |
| **COUNSEL** | | | | |
| Myles K. Bartley | L – 1999 | $625 | 345.30 | $215,812.50 |
| Susan F. Pollack | C – 1967 | $625 | 245.80 | $153,625.00 |
| **TOTAL COUNSEL** | | | **591.10** | **$369,437.50** |
| | | | | |
| **ASSOCIATES** | | | | |
| Timothy N. McCabe | L – 2002 | $590 | 11.60 | $6,844.00 |
| Susana M. Namnum | C – 1996 | $590 | 208.30 | $122,897.00 |
| Peter J. Behmke | L – 2005 | $550 | 404.70 | $222,585.00 |
| | | $590 | 180.00 | $106,200.00 |
| Andrew Zinman | L – 1996 | $550 | 451.00 | $248,050.00 |
| | | $590 | 171.70 | $101,303.00 |
| Bradley Doline | C – 2007 | $470 | 53.40 | $25,098.00 |
| | | $510 | 39.40 | $20,094.00 |
| Cindi Eilbott Giglio | RIG – 2007 | $470 | 502.00 | $235,940.00 |
| | | $510 | 145.40 | $74,154.00 |
| Joseph Clyne | L – 1984 | $450 | 3.40[2] | $1,530.00 |
| Louisa A. Fennell | L – 2008 | $425 | 557.70 | $237,022.50 |
| | | $470 | 170.70 | $80,229.00 |
| Andrew M. Smith | C – 2008 | $425 | 15.60 | $6,630.00 |
| | | $470 | 9.40 | $4,418.00 |
| Peter Josef Buenger | RIG – 2010 | $385 | 114.80 | $44,198.00 |
| | | $425 | 40.90 | $17,382.50 |
| Dienna Ching | RIG – 2009 | $385 | 417.60 | $160,776.00 |
| | | $425 | 127.10 | $54,017.50 |
| Shafiq Perry | C – 2009 | $385 | 34.80 | $13,398.00 |

---

[1] C – Corporate; L – Litigation; RE – Real Estate; RIG – Restructuring and Insolvency Group; T – Tax.

[2] In instances where a professional spent less than one hour (across all matter numbers) working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

| NAME OF PROFESSIONAL | DEPARTMENT[1] AND YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Massimo Giugliano | RIG – 2009 | $345 | 124.00 | $42,780.00 |
| | | $385 | 57.30 | $22,060.50 |
| Joshua Holt | C – 2010 | $345 | 1.90[3] | $655.50 |
| | | $385 | 0.80 | $308.00 |
| Josh Joyce | L – 2010 | $345 | 497.10 | $171,499.50 |
| | | $385 | 160.60 | $61,831.00 |
| Chang Jung | C – 2010 | $345 | 13.50 | $4,657.50 |
| | | $385 | 16.90 | $6,506.50 |
| Andrew Kaspersen | L – 2010 | $345 | 474.00 | $163,530.00 |
| | | $385 | 67.20 | $25,872.00 |
| Matthew Lischin | RIG – 2010 | $345 | 551.10 | $190,129.50 |
| | | $385 | 187.90 | $72,341.50 |
| Heather Hiznay | RIG – 2011 | $300 | 340.10 | $102,030.00 |
| | | $345 | 116.80 | $40,296.00 |
| Mitch McGuffey | L – 2011 | $300 | 356.10 | $106,830.00 |
| | | $345 | 143.60 | $49,542.00 |
| **TOTAL ASSOCIATES** | | | **6,768.40** | **$2,843,636.00** |
| | | | | |
| **SUMMER ASSOCIATES** | | | | |
| Edward Combs | L | $290 | 98.10 | $28,449.00 |
| Michael P. Jones | L | $290 | 81.20 | $23,548.00 |
| Bryan M. Kotliar | RIG | $290 | 105.00 | $30,450.00 |
| Andrew J. Macklin | C | $290 | 31.00 | $8,990.00 |
| Stephanie R. Morris | L | $290 | 27.20 | $7,888.00 |
| Juan O. Perla | C | $290 | 3.40 | $986.00 |
| Ozan Yalti | C | $290 | 4.50 | $1,305.00 |
| **TOTAL SUMMER ASSOCIATES** | | | **350.40** | **$101,616.00** |
| | | | | |
| **PARAPROFESSIONALS** | | | | |
| Neal Goodman | L | $260 | 119.40 | $31,044.00 |
| Georgia Faust | RIG | $230 | 207.50 | $47,725.00 |
| Katerina Mantell | RIG | $230 | 43.40 | $9,982.00 |
| Nicole Perkins | L | $230 | 586.40 | $134,872.00 |
| Martine Read | RIG | $230 | 2.30 | $529.00 |
| Susan Kindya-Culley | L | $220 | 424.70 | $93,434.00 |
| Stephanie Morales | RIG | $220 | 140.80 | $30,976.00 |
| Melissa Rutman | RIG | $220 | 34.60 | $7,612.00 |
| Brianna Hill | L | $210 | 4.50 | $945.00 |
| Michael Malavarca | L | $200 | 105.10 | $21,020.00 |
| Patrick Romero | L | $175 | 17.30 | $3,027.50 |
| Bryent Battle | L | $165 | 7.00 | $1,155.00 |
| Boris Lamptey | L | $165 | 101.30 | $16,714.50 |
| Roberto Santamarina | L | $165 | 28.20 | $4,653.00 |
| **TOTAL PARAPROFESSIONALS** | | | **1,822.50** | **$403,689.00** |

---

[3] In instances where a professional spent less than one hour (across all matter numbers) working on the Debtors' cases during a single month within the Compensation Period, Curtis has written off the time as a courtesy to the Debtors.

-2-

| TOTALS | | | |
|---|---|---|---|
| **PROFESSIONALS** | **BLENDED RATE** | **TOTAL HOURS BILLED** | **TOTAL COMPENSATION** |
| Partners | $806.60 | 2,815.30 | $2,270,810.00 |
| Counsel | $625.00 | 591.10 | $369,437.50 |
| Associates | $420.13 | 6,768.40 | $2,843,636.00 |
| Summer Associates | $290.00 | 350.40 | $101,616.00 |
| Paraprofessionals | $221.50 | 1,822.50 | $403,689.00 |

| | | | |
|---|---|---|---|
| **SUBTOTAL** | | 12,347.70 | $5,989,188.50 |
| Less 100% discount on Summer Associate fees[4] | | —— | ($101,616.00) |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | —— | ($653.00) |
| **TOTAL** | | **12,347.70** | **$5,886,919.50** |

---

[4] With respect to time billed during the Compensation Period by Summer Associates, while the Firm typically bills all clients for Summer Associate time at the full hourly rate, as an accommodation to the Debtors, but in no means reflective of the professional level of the work performed, Curtis has voluntarily reduced the amount of fees billed to the Debtors' estates by 100 percent (100%) for all Summer Associates' time for this Compensation Period.

10700653

**EXHIBIT C**

**EXPENSE SUMMARY FOR CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
FOR THE NINTH INTERIM COMPENSATION PERIOD,
JUNE 1, 2011 TO SEPTEMBER 30, 2011**

| DESCRIPTION | AMOUNT |
|---|---:|
| Computer Expense | $ 363.05 |
| Consultants | 6,950.00 |
| Corporation Services | 196.62 |
| Courier Services | 3,679.38 |
| Depositions/Transcripts | 93,112.45 |
| Duplicating | 21,346.20 |
| Electronic Data Processing | 9,841.46 |
| Lexis/Westlaw | 85,942.16 |
| Meals Expense | 6,179.15 |
| Miscellaneous Disbursements | 12.58 |
| Pacer | 2,433.36 |
| Postage | 8.43 |
| Printing (Outside Vendor) | 18.50 |
| Search Fees | 670.04 |
| Telephone Audio Conference | 1,436.98 |
| Translation Expense | 747.40 |
| Transportation Expense | 2,289.28 |
| Travel | 1,687.28 |
| Word Processing | 39,528.02 |
| Witness Fees | 88.50 |
| **TOTAL:** | **$ 276,530.84** |

10700653

## EXHIBIT D

## COMPENSATION BY WORK TASK CODE FOR SERVICES RENDERED BY CURTIS, MALLET-PREVOST, COLT & MOSLE LLP FOR THE NINTH INTERIM COMPENSATION PERIOD, JUNE 1, 2011 TO SEPTEMBER 30, 2011

| WORK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| Matter No. 100 | General Case Administration | 51.50 | $11,472.00 |
| Matter No. 200 | General Case Strategy Meetings | 138.60 | $85,211.50 |
| Matter No. 300 | Project Monitoring/Court Calendar & Docket Maintenance | 74.90 | $28,289.50 |
| Matter No. 400 | Hearings and Court Communications | 29.30 | $13,124.50 |
| Matter No. 1100 | LBI/SIPC Coordination and Issues | 273.40 | $162,666.50 |
| Matter No. 2400 | Derivatives/Swap Agreement Issues | 1,021.50 | $625,404.00 |
| Matter No. 2500 | Loans/Investments | 23.90 | $16,460.50 |
| Matter No. 2900 | Non-Derivative Automatic Stay/Safe Harbor Issues | 0.90 | $270.00 |
| Matter No. 3400 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 6.40 | $4,098.50 |
| Matter No. 3500 | Disclosure Statement/Solicitation/Voting | 150.40 | $96,501.50 |
| Matter No. 3600 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 681.70 | $347,818.50 |
| Matter No. 3700 | Other Bankruptcy Motions and Matters | 29.30 | $16,032.50 |
| Matter No. 3800 | Non-Derivative Adversary Proceedings Preparation and Litigation | 9,361.90 | $4,407,430.50 |
| Matter No. 3900 | Non-Bankruptcy Litigation | 12.90 | $5,845.50 |
| Matter No. 4500 | Proprietary Retention/Billing/Fee Applications | 491.10 | $168,563.00 |
| SUBTOTAL | | 12,347.70 | $5,989,188.50 |
| Less 100% discount on Summer Associate fees | | —— | (101,616.00) |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | —— | (653.00) |
| **TOTAL** | | **12,347.70** | **$5,886,919.50** |

**EXHIBIT E**

**BY-WORK TASK CODE SUMMARY OF HOURS DEVOTED AND
COMPENSATION SOUGHT BY TIMEKEEPER FOR THE NINTH INTERIM
STATEMENT PERIOD, JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

**GENERAL CASE ADMINISTRATION
MATTER NO. 100**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $230.00 | 7.30 | $  1,679.00 |
| Katerina Mantell | 230.00 | 6.90 | 1,587.00 |
| Stephanie Morales | 220.00 | 34.90 | 7,678.00 |
| Melissa Rutman | 220.00 | 2.40 | 528.00 |
| **TOTAL PARAPROFESSIONALS** | | **51.50** | **$ 11,472.00** |
| | | | |
| **TOTAL** | | **51.50** | **$ 11,472.00** |

10700653

## GENERAL CASE STRATEGY MEETINGS
### MATTER NO. 200

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 9.90 | $   8,217.00 |
| Joseph D. Pizzurro | 830.00 | 7.70 | 6,391.00 |
| Turner P. Smith | 830.00 | 5.90 | 4,897.00 |
| Nancy E. Delaney | 785.00 | 7.20 | 5,652.00 |
| Daniel R. Lenihan | 785.00 | 9.00 | 7,065.00 |
| Michael J. Moscato | 785.00 | 11.50 | 9,027.50 |
| Andrew H. Seiden | 785.00 | 8.80 | 6,908.00 |
| **TOTAL PARTNERS** | | **60.00** | **$  48,157.50** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 7.80 | $   4,875.00 |
| Susan F. Pollack | 625.00 | 5.90 | 3,687.50 |
| **TOTAL COUNSEL** | | **13.70** | **$   8,562.50** |
| | | | |
| **ASSOCIATES** | | | |
| Timothy N. McCabe | $   590.00 | 1.00 | $      590.00 |
| Susana Namnum | 590.00 | 7.00 | 4,130.00 |
| Peter J. Behmke | 550.00 | 5.60 | 3,080.00 |
| | 590.00 | 1.80 | 1,062.00 |
| Bradley H. Doline | 470.00 | 5.30 | 2,491.00 |
| | 510.00 | 1.90 | 969.00 |
| Cindi M. Giglio | 470.00 | 7.20 | 3,384.00 |
| | 510.00 | 1.70 | 867.00 |
| Peter Josef Buenger | 385.00 | 5.10 | 1,963.50 |
| | 425.00 | 2.00 | 850.00 |
| Dienna Ching | 385.00 | 5.70 | 2,194.50 |
| | 425.00 | 1.20 | 510.00 |
| Shafiq Perry | 385.00 | 0.70 | 269.50 |
| Chang Jung | 345.00 | 0.70 | 241.50 |
| Matthew Lischin | 345.00 | 6.00 | 2,070.00 |
| | 385.00 | 2.00 | 770.00 |

10700653

| | | | |
|---|---|---|---|
| Heather Hiznay | 300.00 | 6.70 | 2,010.00 |
| | 345.00 | 1.50 | 517.50 |
| **TOTAL ASSOCIATES** | | **63.10** | **$ 27,969.50** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Edward Combs | $    290.00 | 1.80 | 522.00 |
| **TOTAL SUMMER ASSOCIATES** | | **1.80** | **$      522.00** |
| | | | |
| SUBTOTAL | | 138.60 | $  85,211.50 |
| Less 100% discount on Summer Associates Fees | | —— | (522.00) |
| | | | |
| **TOTAL** | | **138.60** | **$  84,689.50** |

10700653

**PROJECT MONITORING/COURT CALENDAR & DOCKET MAINTENANCE
MATTER NO. 300**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **ASSOCIATES** | | | |
| Cindi M. Giglio | $   470.00 | 1.50 | $   705.00 |
|  | 510.00 | 1.20 | 612.00 |
| Joseph F. Clyne | 450.00 | 0.80 | 360.00 |
| Dienna Ching | 385.00 | 41.90 | 16,131.50 |
|  | 425.00 | 12.60 | 5,355.00 |
| Matthew Lischin | 345.00 | 3.60 | 1,242.00 |
|  | 385.00 | 1.50 | 577.50 |
| Heather Hiznay | 300.00 | 4.60 | 1,380.00 |
|  | 345.00 | 2.70 | 931.50 |
| **TOTAL ASSOCIATES** | | **70.40** | **$   27,294.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Nicole Perkins | $   230.00 | 0.50 | $   115.00 |
| Stephanie Morales | 220.00 | 4.00 | 880.00 |
| **TOTAL PARAPROFESSIONALS** | | **4.50** | **$   995.00** |
| | | | |
| **TOTAL** | | **74.90** | **$   28,289.50** |

10700653

## HEARINGS & COURT COMMUNICATIONS
## MATTER NO. 400

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $ 830.00 | 6.80 | $ 5,644.00 |
| **TOTAL PARTNERS** | | **6.80** | **$ 5,644.00** |
| | | | |
| **ASSOCIATES** | | | |
| Dienna Ching | $ 385.00 | 3.00 | $ 1,155.00 |
| | 425.00 | 3.00 | 1,275.00 |
| Heather Hiznay | 300.00 | 10.60 | 3,180.00 |
| | 345.00 | 2.90 | 1,000.50 |
| **TOTAL ASSOCIATES** | | **19.50** | **$ 6,610.50** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Bryan M. Kotliar | $ 290.00 | 3.00 | 870.00 |
| **TOTAL SUMMER ASSOCIATES** | | **3.00** | **$ 870.00** |
| | | | |
| SUBTOTAL | | 29.30 | $ 13,124.50 |
| Less 100% discount on Summer Associates Fees | | — | (870.00) |
| **TOTAL** | | **29.30** | **$ 12,254.50** |

10700653

## LBI/SIPC COORDINATION AND ISSUES
## MATTER NO. 1100

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 67.10 | $   55,693.00 |
| Joseph D. Pizzurro | 830.00 | 13.70 | 11,371.00 |
| Nancy E. Delaney | 785.00 | 5.10 | 4,003.50 |
| Michael J. Moscato | 785.00 | 1.40 | 1,099.00 |
| Andrew H. Seiden | 785.00 | 36.10 | 28,338.50 |
| **TOTAL PARTNERS** | | **123.40** | **$   100,505.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $   625.00 | 17.50 | $   10,937.50 |
| **TOTAL COUNSEL** | | **17.50** | **$   10,937.50** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $   550.00 | 3.80 | 2,090.00 |
| Cindi M. Giglio | 470.00 | 23.00 | 10,810.00 |
| Dienna Ching | 385.00 | 48.50 | 18,672.50 |
| Matthew Lischin | 345.00 | 56.30 | 19,423.50 |
| Heather Hiznay | 300.00 | 0.30 | 90.00 |
| **TOTAL ASSOCIATES** | | **131.90** | **$   51,086.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $   230.00 | 0.60 | $   138.00 |
| **TOTAL PARAPROFESSIONALS** | | **0.60** | **$   138.00** |
| | | | |
| **TOTAL** | | **273.40** | **$   162,666.50** |

10700653

## DERIVATIVES/SWAP AGREEMENT ISSUES
## MATTER NO. 2400

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 66.50 | $   55,195.00 |
| Joseph D. Pizzurro | 830.00 | 1.00 | 830.00 |
| Turner P. Smith | 830.00 | 48.50 | 40,255.00 |
| Nancy E. Delaney | 785.00 | 6.30 | 4,945.50 |
| Daniel R. Lenihan | 785.00 | 114.00 | 89,490.00 |
| Michael J. Moscato | 785.00 | 1.10 | 863.50 |
| Andrew H. Seiden | 785.00 | 78.00 | 61,230.00 |
| **TOTAL PARTNERS** | | **315.40** | **$  252,809.00** |
| | | | |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 233.90 | $   146,187.50 |
| Susan F. Pollack | 625.00 | 14.40 | 9,000.00 |
| **TOTAL COUNSEL** | | **248.30** | **$  155,187.50** |
| | | | |
| | | | |
| **ASSOCIATES** | | | |
| Susana Namnum | $   590.00 | 196.50 | $   115,935.00 |
| Peter J. Behmke | 550.00 | 0.60 | 330.00 |
| Bradley H. Doline | 470.00 | 32.10 | 15,087.00 |
| | 510.00 | 4.30 | 2,193.00 |
| Cindi M. Giglio | 470.00 | 28.70 | 13,489.00 |
| | 510.00 | 3.00 | 1,530.00 |
| Joseph Clyne | 450.00 | 0.50 | 225.00 |
| Louisa Fennell | 425.00 | 24.70 | 10,497.50 |
| Dienna Ching | 385.00 | 45.10 | 17,363.50 |
| | 425.00 | 12.00 | 5,100.00 |
| Shafiq Perry | 385.00 | 32.30 | 12,435.50 |
| Massimo Giugliano | 345.00 | 3.60 | 1,242.00 |
| Joshua Holt | 345.00 | 1.20[*] | 414.00 |
| | 385.00 | 0.80 | 308.00 |
| Chang Jung | 345.00 | 13.50 | 4,657.50 |
| Matthew Lischin | 345.00 | 2.60 | 897.00 |

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

10700653

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Heather Hiznay | 300.00 | 19.20 | 5,760.00 |
|  | 345.00 | 1.10 | 379.50 |
| **TOTAL ASSOCIATES** | | **421.80** | **$ 207,843.50** |
| | | | |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $    230.00 | 12.40 | $    2,852.00 |
| Stephanie Morales | 220.00 | 0.40 | 88.00 |
| Brianna Hill | 210.00 | 1.30 | 273.00 |
| **TOTAL PARAPROFESSIONALS** | | **14.10** | **$    3,213.00** |
| | | | |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Edward Combs | $    290.00 | 0.20 | $    58.00 |
| Bryan M. Kotliar | 290.00 | 11.40 | 3,306.00 |
| Andrew J. Macklin | 290.00 | 5.80 | 1,682.00 |
| Ozan Yalti | 290.00 | 4.50 | 1,305.00 |
| **TOTAL SUMMER ASSOCIATES** | | **21.90** | **$    6,351.00** |
| | | | |
| SUBTOTAL | | 1,021.50 | $  625,404.00 |
| Less 100% discount on Summer Associate Fees | | —— | (6,351.00) |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases | | —— | (515.00) |
| **TOTAL** | | **1,021.50** | **$  618,538.00** |

10700653

## LOANS/INVESTMENTS
## MATTER NO. 2500

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 6.10 | $    5,063.00 |
| Andrew H. Seiden | 785.00 | 8.30 | 6,515.50 |
| **TOTAL PARTNERS** | | **14.40** | **$   11,578.50** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $    625.00 | 3.00 | $    1,875.00 |
| **TOTAL COUNSEL** | | **3.00** | **$    1,875.00** |
| | | | |
| **ASSOCIATES** | | | |
| Susana Namnum | $    590.00 | 0.20 | $    118.00 |
| Andrew Smith | 470.00 | 5.60 | 2,632.00 |
| Dienna Ching | 425.00 | 0.40 | 170.00 |
| **TOTAL ASSOCIATES** | | **6.20** | **$    2,920.00** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Edward Combs | $    290.00 | 0.30 | $    87.00 |
| **TOTAL SUMMER ASSOCIATES** | | **0.30** | **$    87.00** |
| | | | |
| SUBTOTAL | | 23.90 | $    16,460.50 |
| Less 100% discount on Summer Associate Fees | —— | | (87.00) |
| **TOTAL** | | **23.90** | **$   16,373.50** |

I0700653

**NON-DERIVATIVE AUTOMATIC STAY/SAFE HARBOR ISSUES**
**MATTER NO. 2900**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **ASSOCIATES** | | | |
| Heather Hiznay | $   300.00 | 0.90 | $      270.00 |
| **TOTAL ASSOCIATES** | | **0.90** | **$      270.00** |
| | | | |
| **TOTAL** | | **0.90** | **$      270.00** |

10700653

### PLAN OF REORANIZATION/PLAN CONFIRMATION/PLAN IMPLEMENTATION
### MATTER NO. 3400

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 1.00 | $      830.00 |
| Andrew H. Seiden | 785.00 | 2.20 | 1,727.00 |
| **TOTAL PARTNERS** | | **3.20** | **$   2,557.00** |
| | | | |
| **ASSOCIATES** | | | |
| Susana Namnum | $   590.00 | 1.10 | $      649.00 |
| Dienna Ching | 425.00 | 2.10 | 892.50 |
| **TOTAL ASSOCIATES** | | **3.20** | **$   1,541.50** |
| | | | |
| **TOTAL** | | **6.40** | **$   4,098.50** |

10700653

## DISCLOSURE STATEMENT/SOLICITATION/VOTING
## MATTER NO. 3500

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $  830.00 | 52.50 | $   43,575.00 |
| Turner P. Smith | 830.00 | 0.20 | 166.00 |
| Andrew H. Seiden | 785.00 | 27.20 | 21,352.00 |
| **TOTAL PARTNERS** | | **79.90** | **$   65,093.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $  625.00 | 18.40 | $   11,500.00 |
| **TOTAL COUNSEL** | | **18.40** | **$   11,500.00** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $  550.00 | 0.70 | $       385.00 |
| Cindi M. Giglio | 470.00 | 17.80 | 8,366.00 |
| | 510.00 | 0.30 | 153.00 |
| Dienna Ching | 385.00 | 5.10 | 1,963.50 |
| Massimo Giugliano | 345.00 | 20.70 | 7,141.50 |
| Matthew Lischin | 345.00 | 0.30 | 103.50 |
| Heather Hiznay | 300.00 | 2.00 | 600.00 |
| **TOTAL ASSOCIATES** | | **46.90** | **$   18,712.50** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $  230.00 | 5.20 | $    1,196.00 |
| **TOTAL PARAPROFESSIONALS** | | **5.20** | **$    1,196.00** |
| | | | |
| **TOTAL** | | **150.40** | **$   96,501.50** |

I0700653

**NON-DERIVATIVE CLAIMS RECONCILIATION, ESTIMATION, LITIGATION, AND
ALTERNATIVE DISPUTE RESOLUTION AND BAR DATE ISSUES
MATTER NO. 3600**

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 107.50 | $    89,225.00 |
| Joseph D. Pizzurro | 830.00 | 31.30 | 25,979.00 |
| Turner P. Smith | 830.00 | 0.70 | 581.00 |
| Nancy E. Delaney | 785.00 | 8.90 | 6,986.50 |
| Daniel R. Lenihan | 785.00 | 37.20 | 29,202.00 |
| Michael J. Moscato | 785.00 | 9.00 | 7,065.00 |
| Andrew H. Seiden | 785.00 | 8.50 | 6,672.50 |
| **TOTAL PARTNERS** | | **203.10** | **$  165,711.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $    625.00 | 52.30 | $    32,687.50 |
| **TOTAL COUNSEL** | | **52.30** | **$    32,687.50** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $    590.00 | 4.20 | $      2,478.00 |
| Cindi M. Giglio | 470.00 | 37.90 | 17,813.00 |
| | 510.00 | 13.50 | 6,885.00 |
| Andrew Smith | 425.00 | 15.60 | 6,630.00 |
| | 470.00 | 3.80 | 1,786.00 |
| Peter Josef Buenger | 385.00 | 4.30 | 1,655.50 |
| | 425.00 | 1.80 | 765.00 |
| Dienna Ching | 385.00 | 19.90 | 7,661.50 |
| | 425.00 | 6.10 | 2,592.50 |
| Massimo Giugliano | 345.00 | 46.20 | 15,939.00 |
| | 385.00 | 7.40 | 2,849.00 |
| Matthew Lischin | 345.00 | 86.50 | 29,842.50 |
| | 385.00 | 64.30 | 24,755.50 |
| Heather Hiznay | 300.00 | 8.60 | 2,580.00 |
| | 345.00 | 8.70 | 3,001.50 |
| **TOTAL ASSOCIATES** | | **328.80** | **$  127,234.00** |

-13-

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $   230.00 | 4.60 | $     1,058.00 |
| Nicole Perkins | 230.00 | 1.10 | 253.00 |
| Stephanie Morales | 220.00 | 64.60 | 14,212.00 |
| Melissa Rutman | 220.00 | 17.50 | 3,850.00 |
| **TOTAL PARAPROFESSIONALS** | | **87.80** | **$   19,373.00** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Bryan M. Kotliar | $   290.00 | 9.70 | $     2,813.00 |
| **TOTAL PARAPROFESSIONALS** | | **9.70** | **$     2,813.00** |
| | | | |
| SUBTOTAL | | 681.70 | $  347,818.50 |
| Less 100% discount on Summer Associate Fees | | —— | (2,813.00) |
| **TOTAL** | | **681.70** | **$  345,005.50** |

-14-

## OTHER BANKRUPTCY MOTIONS & MATTERS
### MATTER NO. 3700

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $    830.00 | 6.20 | $    5,146.00 |
| Andrew H. Seiden | 785.00 | 0.40 | 314.00 |
| **TOTAL PARTNERS** | | **6.60** | **$    5,460.00** |
| | | | |
| **COUNSEL** | | | |
| Susan F. Pollack | $    625.00 | 10.50 | $    6,562.50 |
| **TOTAL COUNSEL** | | **10.50** | **$    6,562.50** |
| | | | |
| **ASSOCIATES** | | | |
| Joseph F. Clyne | $    450.00 | 0.40 | $    180.00 |
| Dienna Ching | 385.00 | 1.50 | 577.50 |
| | 425.00 | 1.30 | 552.50 |
| Heather Hiznay | 300.00 | 9.00 | 2,700.00 |
| **TOTAL ASSOCIATES** | | **12.20** | **$    4,010.00** |
| | | | |
| **TOTAL** | | **29.30** | **$    16,032.50** |

-15-

10700653

## NON-DERIVATIVE ADVERSARY PROCEEDINGS
## PREPARATION AND LITIGATION
## MATTER NO. 3800

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 401.00 | $  332,830.00 |
| Joseph D. Pizzurro | 830.00 | 307.00 | 254,810.00 |
| Turner P. Smith | 830.00 | 158.50 | 131,555.00 |
| Nancy E. Delaney | 785.00 | 422.50 | 331,662.50 |
| Daniel R. Lenihan | 785.00 | 27.40 | 21,509.00 |
| Michael J. Moscato | 785.00 | 541.00 | 424,685.00 |
| Andrew H. Seiden | 785.00 | 92.40 | 72,534.00 |
| **TOTAL PARTNERS** | | **1,949.80** | **$1,569,585.50** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 102.20 | $   63,875.00 |
| Susan F. Pollack | 625.00 | 123.80 | 77,375.00 |
| **TOTAL COUNSEL** | | **226.00** | **$  141,250.00** |
| | | | |
| **ASSOCIATES** | | | |
| Timothy N. McCabe | $   590.00 | 10.60 | $     6,254.00 |
| Susana Namnum | 590.00 | 3.50 | 2,065.00 |
| Peter J. Behmke | 550.00 | 388.40 | 213,620.00 |
| | 590.00 | 173.70 | 102,483.00 |
| Andrew B. Zinman | 550.00 | 451.00 | 248,050.00 |
| | 590.00 | 171.70 | 101,303.00 |
| Bradley H. Doline | 470.00 | 16.00 | 7,520.00 |
| | 510.00 | 33.20 | 16,932.00 |
| Cindi M. Giglio | 470.00 | 369.30 | 173,571.00 |
| | 510.00 | 124.10 | 63,291.00 |
| Joseph F. Clyne | 450.00 | 1.70 | 765.00 |
| Louisa Fennell | 425.00 | 533.00 | 226,525.00 |
| | 470.00 | 170.70 | 80,229.00 |
| Peter Josef Buenger | 385.00 | 105.40 | 40,579.00 |
| | 425.00 | 37.10 | 15,767.50 |
| Dienna Ching | 385.00 | 241.40 | 92,939.00 |
| | 425.00 | 71.00 | 30,175.00 |
| Shafiq Perry | 385.00 | 1.80 | 693.00 |

10700653

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Massimo Giugliano | 345.00 | 55.80 | 19,251.00 |
| | 385.00 | 49.90 | 19,211.50 |
| Josh Joyce | 345.00 | 497.10 | 171,499.50 |
| | 385.00 | 160.60 | 61,831.00 |
| Chang Jung | 385.00 | 16.90 | 6,506.50 |
| Andrew Kaspersen | 345.00 | 474.00 | 163,530.00 |
| | 385.00 | 67.20 | 25,872.00 |
| Matthew Lischin | 345.00 | 393.50 | 135,757.50 |
| | 385.00 | 120.10 | 46,238.50 |
| Heather Hiznay | 300.00 | 117.80 | 35,340.00 |
| | 345.00 | 60.60 | 20,907.00 |
| Mitch McGuffey | 300.00 | 356.10 | 106,830.00 |
| | 345.00 | 143.60 | 49,542.00 |
| **TOTAL ASSOCIATES** | | **5,416.80** | **$2,285,078.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Neal Goodman | $ 260.00 | 119.40 | $ 31,044.00 |
| Georgia Faust | 230.00 | 14.60 | 3,358.00 |
| Katerina Mantell | 230.00 | 34.40 | 7,912.00 |
| Nicole Perkins | 230.00 | 584.80 | 134,504.00 |
| Martine Read | 230.00 | 1.70 | 391.00 |
| Susan Kindya-Culley | 220.00 | 424.70 | 93,434.00 |
| Stephanie Morales | 220.00 | 17.90 | 3,938.00 |
| Melissa Rutman | 220.00 | 1.70 | 374.00 |
| Brianna Hill | 210.00 | 3.20 | 672.00 |
| Michael Malavarca | 200.00 | 105.10 | 21,020.00 |
| Patrick Romero | 175.00 | 17.30 | 3,027.50 |
| Bryent Battle | 165.00 | 7.00 | 1,155.00 |
| Boris Lamptey | 165.00 | 101.30 | 16,714.50 |
| Roberto Santamarina | 165.00 | 28.20 | 4,653.00 |
| **TOTAL PARAPROFESSIONALS** | | **1,461.30** | **$ 322,197.00** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Edward Combs | $ 290.00 | 96.00 | $ 27,840.00 |
| Michael P. Jones | 290.00 | 75.50 | 21,895.00 |
| Bryan M. Kotliar | 290.00 | 80.70 | 23,403.00 |
| Andrew J. Macklin | 290.00 | 25.20 | 7,308.00 |

-17-

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
| Stephanie R. Morris | 290.00 | 27.20 | 7,888.00 |
| Juan O. Perla | 290.00 | 3.40 | 986.00 |
| **TOTAL** | | **308.00** | **$ 89,320.00** |
| | | | |
| SUBTOTAL | | 9,361.90 | $4,407,430.50 |
| Less 100% discount on Summer Associate Fees | | — | (89,320.00) |
| **TOTAL** | | **9,361.90** | **$4,318,110.50** |

10700653

## NON-BANKRUPTCY LITIGATION
## MATTER NO. 3900

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 0.60 | $      498.00 |
| **TOTAL PARTNERS** | | **0.60** | **$      498.00** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 0.70 | $      437.50 |
| **TOTAL COUNSEL** | | **0.70** | **$      437.50** |
| | | | |
| **ASSOCIATES** | | | |
| Peter J. Behmke | $   550.00  590.00 | 5.60  0.30 | $   3,080.00  177.00 |
| **TOTAL ASSOCIATES** | | **5.90** | **$   3,257.00** |
| | | | |
| **SUMMER ASSOCIATES** | | | |
| Michael P. Jones | $   290.00 | 5.70 | $   1,653.00 |
| **TOTAL SUMMER ASSOCIATES** | | **5.70** | **$   1,653.00** |
| | | | |
| SUBTOTAL | | 12.90 | $   5,845.50 |
| Less 100% discount on Summer Associate Fees | | —— | (1,653.00) |
| **TOTAL** | | **12.90** | **$   4,192.50** |

10700653

## PROPRIETARY RETENTION/BILLING/FEE APPLICATIONS
## MATTER NO. 4500

| NAME | RATE | HOURS | AMOUNT |
|---|---|---|---|
| **PARTNERS** | | | |
| L. P. Harrison 3rd | $   830.00 | 31.50 | $   26,145.00 |
| Joseph D. Pizzurro | 830.00 | 0.30 | 249.00 |
| Steven J. Reisman | 830.00 | 19.60 | 16,268.00 |
| Nancy E. Delaney | 785.00 | 0.70 | 549.50 |
| **TOTAL PARTNERS** | | **52.10** | **$   43,211.50** |
| | | | |
| **COUNSEL** | | | |
| Myles K. Bartley | $   625.00 | 0.70 | $   437.50 |
| **TOTAL PARTNERS** | | **0.70** | **$   437.50** |
| | | | |
| **ASSOCIATES** | | | |
| Cindi M. Giglio | $   470.00 | 16.60 | $   7,802.00 |
| | 510.00 | 1.60 | 816.00 |
| Dienna Ching | 385.00 | 5.50 | 2,117.50 |
| | 425.00 | 17.40 | 7,395.00 |
| Heather Hiznay | 300.00 | 160.40 | 48,120.00 |
| | 345.00 | 39.30 | 13,558.50 |
| **TOTAL ASSOCIATES** | | **240.80** | **$   79,809.00** |
| | | | |
| **PARAPROFESSIONALS** | | | |
| Georgia Faust | $   230.00 | 163.30 | $   37,559.00 |
| Katerina Mantell | 230.00 | 1.60 | 368.00 |
| Martine Read | 230.00 | 0.60[*] | 138.00 |
| Stephanie Morales | 220.00 | 19.00 | 4,180.00 |
| Melissa Rutman | 220.00 | 13.00 | 2,860.00 |
| **TOTAL PARAPROFESSIONALS** | | **197.50** | **$   45,105.00** |

---

[*] The timekeeper provided services to the Debtors' estates totaling less than one hour (across all matter numbers) during at least one month of the Compensation Period.

| NAME | RATE | HOURS | AMOUNT |
|------|------|-------|--------|
|  |  |  |  |
| SUBTOTAL |  | 491.10 | $   168,563.00 |
| Less 100% discount where professionals spent less than one hour working on the Debtors' cases |  | —— | (138.00) |
| **TOTAL** |  | **491.10** | **$  168,425.00** |

10700653