SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                :
In re                                                           :          **Chapter 11**
                                                                :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :                              **(Jointly Administered)**
                                                                :
**Debtors.**                                                    :
                                                                :
----------------------------------------------------------------x


**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

NINTH INTERIM APPLICATION

**NAME OF APPLICANT:**          Simpson Thacher & Bartlett LLP

**TIME PERIOD:**                June 1, 2011-September 30, 2011

**ROLE IN THE CASE:**          Special Counsel to the Debtors

**CURRENT APPLICATION:**       Total Fees Requested: $ 53,969.60

                               Total Expenses Requested: $2,295.48

**PRIOR APPLICATIONS:**        First Interim Fee Application Dated April 10, 2009

                               Second Interim Fee Application Dated August 13, 2009

                               Third Interim Fee Application Dated December 14, 2009

                               Fourth Interim Fee Application Dated April 16, 2010

                               Fifth Interim Fee Application Dated August 16, 2010

                               Sixth Interim Fee Application Dated December 14, 2010

                               Seventh Interim Fee Application Dated April 27, 2011

                               Eighth Interim Fee Application Dated August 15, 2011

## A. FEE SUMMARY ORGANIZED BY PROFESSIONAL TYPE

### I. Partners

| Name of Professional | Law School Graduation | Hours | Hourly Rate[1] | Total Fees[2] |
|---|---|---|---|---|
| Andrew Keller | 1983 | .20 | 1,040 | $208.00 |
| Peter Thomas | 1984 | 15.40 | 1,040 | $16,016.00 |
| **Total Partner:** | | **15.60** | | **$16,224.00** |

### II. Associates

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[3] |
|---|---|---|---|---|
| Ariana Cooper | 2008 | 3.80 | 595 | $2,261.00 |
| Anne Knight | 2005 | 4.10 | 725 | $2,972.50 |
| Jonathan Porter | 2010 | 12.80 | 410 | $5,248.00 |
| | | 6.70 | 495[4] | $3,316.50 |
| Conor Reidy | 2008 | 63.50 | 595 | $37,782.50 |
| | | 6.20 | 645[5] | $3,999.00 |
| **Total Associate:** | | **97.10** | | **$55,579.50** |

---

[1]  There has been no rate increase during this Compensation Period with respect to the professionals listed in this category.

[2]  In accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, overall monthly fees for the Marubeni Matter (defined below) and General Corporate and Securities Matters (defined below) are subject to a 30% discount.  This discount is not reflected in the "Total Fees" column of this summary, but was applied to the overall monthly fee amounts for the Marubeni Matter and the General Corporate and Securities Matters set forth in each monthly fee statement and is also reflected in the Compensation Period totals for those matters set forth in Exhibit C to the Application and in Part B of this summary.

[3]  See footnote 2.

[4]  As of September 1, 2011, Mr. Porter's hourly rate was increased from $410 per hour to $495 per hour.  This rate increase is attributable to Mr. Porter's rise in seniority.  Additionally, Mr. Porter is the primary junior litigation associate working on the Marubeni Matter.  Mr. Porter has significant experience on the Marubeni Matter, which he has worked on since September 2010.  Mr. Porter's rate is comparable to those of other litigation associates of his experience and class year.  Given (i) Mr. Porter's experience as a litigation associate and long-term team member on the Marubeni Matter, and (ii) the rates of comparably skilled and experienced associates, Mr. Porter's rate increase is reasonable and necessary.  Mr. Porter's rate increase as detailed herein does not include the 30% discount applied by Simpson Thacher to all Marubeni Matter fees.

[5]  As of September 1, 2011, Mr. Reidy's hourly rate was increased from $595 per hour to $645 per hour.  This rate increase is attributable to Mr. Reidy's rise in seniority.  Additionally, Mr. Reidy is the primary mid-level litigation associate working on the Marubeni Matter.  Mr. Reidy has significant experience on the Marubeni Matter, which he has worked on since the Debtors' September 2008 chapter 11 filing.  Mr. Reidy's rate is comparable to those of other litigation associates of his experience and class year.  Given (i) Mr. Reidy's experience as a litigation associate and long-term team member on the Marubeni Matter, and (ii) the rates of comparably skilled and experienced associates, Mr. Reidy's rate increase is reasonable and necessary.  Mr. Reidy's rate increase as set forth herein does not include the 30% discount applied by Simpson Thacher to all Marubeni Matter fees.

### III. Paraprofessionals

| Name of Professional | Hours | Hourly Rate[6] | Total Fees[7] |
|---|---|---|---|
| Stacey Barnes | 1.00 | 260 | $260.00 |
| Christine Lopez | 19.80 | 190 | $3,762.00 |
| **Total Paraprofessional:** | **20.80** | | **$4,022.00** |

---

[6]    There has been no rate increase during this Compensation Period with respect to the professionals listed in this category.

[7]    See footnote 2.

**B. FEE SUMMARY ORGANIZED BY MATTER**

| MARUBENI MATTER | | | | |
|---|---|---|---|---|
| **Name/Type of Professional** | **Law School Graduation** | **Hours** | **Hourly Rate** | **Total Fees[8]** |
| Peter Thomas (Partner) | 1984 | 15.40 | 1,040 | $16,016.00 |
| Jonathan Porter (Associate) | 2010 | 12.80 | 410 | $5,248.00 |
|  |  | 6.70 | 495 | $3,316.50 |
| Conor Reidy (Associate) | 2008 | 63.50 | 595 | $37,782.50 |
|  |  | 6.20 | 645 | $3,999.00 |
| Stacey Barnes |  | 1.00 | 260 | $260.00 |
| Christine Lopez (Paralegal) |  | 19.80 | 190 | $3,762.00 |
| **Total Fees for Marubeni Matter:** |  | **125.40** |  | **$70,384.00** |
| **Total Fees for Marubeni Matter After 30% Discount:** |  |  |  | **$49,268.80** |

| GENERAL CORPORATE AND SECURITIES MATTERS | | | | |
|---|---|---|---|---|
| **Name/Type of Professional** | **Law School Graduation** | **Hours** | **Hourly Rate** | **Total Fees[9]** |
| Andrew Keller (Partner) | 1983 | .20 | 1,040 | $208.00 |
| Ariana Cooper (Associate) | 2008 | 3.80 | 595 | $2,261.00 |
| **Total Fees for General Corporate and Securities Matters:** |  | **4.00** |  | **$2,469.00** |
| **Total Fees for General Corporate and Securities Matters After 30% Discount:** |  |  |  | **$1,728.30** |

| RETENTION MATTER | | | | |
|---|---|---|---|---|
| **Name/Type of Professional** | **Law School Graduation** | **Hours** | **Hourly Rate** | **Total Fees** |
| Anne Knight (Associate) | 2005 | 4.10 | 725 | $2,972.50 |
| **Total for Retention Matter:** |  | **4.10** |  | **$2,972.50** |

**C. ATTORNEY BLENDED RATE**

| **Attorney Blended Rate:[10]** |
|---|
| $637.00 |

---

[8]    See footnote 2.

[9]    See footnote 2.

[10]    The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 2.

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
In re                                       :          **Chapter 11**
                                            :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :          **(Jointly Administered)**
                                            :
**Debtors.**                                :
                                            :
-------------------------------------------------------------x

**NINTH INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP**
**FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Simpson Thacher & Bartlett LLP ("Simpson Thacher" or the "Firm"), special counsel to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors"), for its Ninth Interim Application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for allowance of compensation for professional services performed by Simpson Thacher during the period commencing June 1, 2011, through and including September 30, 2011 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## Background

1.       Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.       On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

4.       On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned chapter 11 cases pursuant to an order of the same date [Docket No. 3651].

## Jurisdiction

5.       This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

6.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Retention of Simpson Thacher

8.      By an order dated November 21, 2008 [Docket No. 1658] (the "Retention Order"), the Court approved the application dated November 3, 2008 filed by the Debtors seeking authorization pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to the Debtors for certain non-bankruptcy related postpetition corporate and litigation matters (the "Retention Application") [Docket No. 1352].  These matters are more fully described in the Affidavit of Mary Elizabeth McGarry dated October 31, 2008 (the "Retention Affidavit"), submitted as Exhibit A to the Retention Application, and the Affidavit of Mary Elizabeth McGarry dated November 18, 2008 (the "Supplemental Retention Affidavit"), submitted to the Court on November 18, 2008 in connection with the Retention Application [Docket No. 1588].  By an order dated April 9, 2009 [Docket No. 3315] (the "First Expansion Order"), the Court approved the motion dated March 24, 2009 filed by the Debtors seeking authority to expand Simpson Thacher's retention to include, *nunc pro tunc* to December 18, 2008, the representation of one or

more of the Debtors in connection with certain insurance matters (the "First Expansion Motion")
[Docket No. 3216]. These matters are more fully described in the Affidavit of Mary Elizabeth
McGarry dated March 24, 2009 (the "March 24, 2009 Supplemental McGarry Affidavit"),
submitted as Exhibit A to the First Expansion Motion. By an order dated July 16, 2009 [Docket
No. 4427] (the "Second Expansion Order"), the Court approved the further expansion of
Simpson Thacher's retention to include, *nunc pro tunc* to May 19, 2009, the representation of
LBHI in with matters related to the formation and operation of a potential asset
management/servicing business (the "Second Expansion Motion") [Docket No. 4050]. These
matters (the "Additional Corporate Matters") are more fully described in the Affidavit of Mary
Elizabeth McGarry dated June 18, 2009 (the "June 18, 2009 Supplemental McGarry Affidavit"),
submitted as Exhibit A to the Second Expansion Motion.

### Summary of Requested Professional Compensation
### And Reimbursement of Expenses

9.    This Application has been prepared in accordance with (a) the Amended
Guidelines for Fees and Disbursements for Professionals in Southern District of New York
Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines" ), (b) the
United States Trustee Guidelines for Reviewing Applications for Compensation and
Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the
"UST Guidelines"), (c) the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the
Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly
Compensation and Reimbursement of Expenses of Professionals entered by the Court on April
14, 2011 (the "Interim Compensation Order") and (d) the Fee Protocol (collectively with the
Local Guidelines, the UST Guidelines and the Interim Compensation Order, the "Guidelines").

10.     Simpson Thacher previously requested compensation from the Court for professional services and reimbursement of expenses in its First Interim Fee Application dated April 10, 2009 (the "First Interim Fee Application"), the Second Interim Fee Application dated August 13, 2009 (the "Second Interim Fee Application"), the Third Interim Fee Application dated December 14, 2009 (the "Third Interim Fee Application"), the Fourth Interim Fee Application dated April 16, 2010 (the "Fourth Interim Fee Application"), the Fifth Interim Fee Application dated August 16, 2010 (the "Fifth Interim Fee Application"), the Sixth Interim Fee Application dated December 14, 2010 (the "Sixth Interim Fee Application"), the Seventh Interim Fee Application dated April 27, 2011 (the "Seventh Interim Fee Application") and the Eighth Interim Fee Application dated August 15, 2011 (the "Eighth Interim Fee Application").  On August 5, 2009, the Court approved Simpson Thacher's First Interim Fee Application, subject to a 10% holdback, which holdback the Court ordered with respect to all retained professionals.  On September 25, 2009, the Court approved Simpson Thacher's Second Interim Fee Application, subject to a 10% holdback, which holdback the Court ordered with respect to all retained professionals.  On September 25, 2009 the Court also approved the release of the 10% holdback for the First Interim Fee Application, subject to certain reductions recommended by the Fee Committee.  On December 23, 2009, the Court approved the release of the 10% holdback for the Second Interim Fee Application, subject to certain reductions recommended by the Fee Committee.  On April 9, 2010, the Court approved Simpson Thacher's Third Interim Fee Application, subject to certain reductions recommended by the Fee Committee.  On September 7, 2010, the Court approved Simpson Thacher's Fourth Interim Fee Application, subject to certain reductions recommended by the Fee Committee.  On May 5, 2011, the Court approved Simpson Thacher's Fifth Interim Fee Application, subject to certain reductions recommended by the Fee Committee.  On November 22, 2011, the Court approved Simpson Thacher's Sixth Interim Fee

Application, subject to certain reductions recommended by the Fee Committee.  On December 13, 2011, the Court approved Simpson Thacher's Seventh Interim Fee Application.  The Court has not yet entered an order approving the Eighth Interim Fee Application.

11.     By this Application, Simpson Thacher seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $53,969.60, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $2,295.48.  During the Compensation Period, Simpson Thacher attorneys and paraprofessionals/other non-attorney timekeepers expended a total of 133.50 hours for which compensation is sought.

12.     In accordance with the Interim Compensation Order, to date Simpson Thacher has sought payments for this Compensation Period totaling $45,471.16 ($43,175.68 of which is for services rendered and $2,295.48 of which is for reimbursement of expenses).  By this Application, Simpson Thacher seeks payment of $10,793.92, which amount represents the Court-ordered 20% holdback of all Simpson Thacher requested fees during the Compensation Period.

13.     During the Compensation Period, other than pursuant to the Interim Compensation Order, Simpson Thacher has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Simpson Thacher and any other person, other than partners of the Firm, for the sharing of compensation to be received for services rendered in these cases.

14.     The fees charged by Simpson Thacher in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for the services rendered in these chapter 11

cases do not (and will not) exceed the rates Simpson Thacher customarily charges for services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

15.    Prior to the filing of this Application, Simpson Thacher sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee, counsel to the Creditors' Committee and counsel to the Fee Committee monthly fee statements setting forth Simpson Thacher's fees for professional services rendered and expenses incurred beginning on June 1, 2011 through September 30, 2011.  In connection with preparing each of the four monthly statements, Simpson Thacher, based on its pre-Commencement Date practice with the Debtors with respect to certain categories of matters and expenses, and based on its understanding of fees and expenses permitted under the Guidelines, voluntarily adjusted its fees and expenses in favor of the estates. Specifically, Simpson Thacher has voluntarily reduced its fees and expenses by approximately $25,100 during the Compensation Period.[11]

16.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Application is a schedule setting forth all Simpson Thacher professionals and paraprofessionals/other non-attorney timekeepers who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Simpson Thacher, the hourly billing rate charged by Simpson Thacher for services

---

[11]    These reduced fees and expenses consist of a 30% discount on overall monthly fees for the Marubeni Matter (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, a 30% discount on overall monthly fees for the General Corporate and Securities Matters (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, reductions and write-offs of certain expenses in accordance with Simpson Thacher's pre-Commencement practice with the Debtors, and write-offs of amounts for fees and expenses in accordance with Fee Committee guidelines.

performed by such individual, the year in which each professional graduated from law school and the aggregate number of hours expended in this matter and fees billed therefor.

17.    Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.

18.    Annexed hereto as Exhibit B is a schedule specifying the categories of actual, necessary expenses for which Simpson Thacher is seeking reimbursement and the total amount for each such expense category.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of the number of hours and amounts billed by Simpson Thacher during the Compensation Period, organized by matter.

20.    Simpson Thacher maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals/non-attorney timekeepers in connection with the Debtors' chapter 11 cases.[12]

21.    To the extent that time or disbursement charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of this Application, Simpson Thacher reserves the right to request compensation for such services and reimbursement of such expenses in a future application.

### Summary of Services

22.    The Debtors sought and received the Court's approval to retain Simpson Thacher because of Simpson Thacher's extensive knowledge and experience in representing the

---

[12]    Detailed time and expense records are not being publicly filed but are being provided to the Debtors, Weil, Gotshal & Manges LLP, the Court, the U.S. Trustee, counsel to the Creditors' Committee and the Fee Committee.  Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have received such records.  Copies of these records will be made available to other parties in interest upon reasonable request.

Debtors and other LBHI affiliates in various corporate and litigation matters prior to the

Commencement Date.  Simpson Thacher is a leading global law firm with more than 800

lawyers.  The Firm provides coordinated legal advice on the largest and most complex corporate

transactions and litigation matters in a variety of industries, including financial services.

Simpson Thacher regularly advises clients regarding ongoing disclosure and compliance matters

under the U.S. securities laws, and regularly advised the Debtors and their affiliates on these

matters for many years.  Simpson Thacher is one of the world's preeminent law firms in the

mergers and acquisitions field, and is experienced in such transactions within the financial

services industry.  In addition, Simpson Thacher's litigation professionals frequently represent

individuals and business entities in a wide range of litigation matters, including government

investigations and proceedings.

   23. Simpson Thacher has represented LBHI since its 1994 spin-off from

American Express and represented LBHI's predecessors for several decades before 1994.

During that time, the Firm has represented LBHI and its affiliates in numerous litigations and

corporate transactions and in connection with general corporate and regulatory matters.  Over the

course of such representation, Simpson Thacher has become uniquely familiar with the business

and affairs of these entities.

   24. By the Retention Order, the Debtors received the Court's approval to

retain Simpson Thacher as special counsel to LBHI pursuant to section 327(e) of the Bankruptcy

Code, *nunc pro tunc* to the Commencement Date, to perform legal services in connection with

the following matters: (i) assisting LBHI with ongoing reporting obligations under the Securities

and Exchange Act of 1934 and other miscellaneous corporate and securities work (the

"Corporate and Securities Matters"), (ii) assisting LBHI with respect to negotiations related to,

and the closing of the sale of, the North American investment banking and capital markets

businesses of Lehman Brothers Inc. ("LBI") to Barclays Capital, Inc., (iii) assisting LBHI with

respect to the sale of the investment management division of LBI to Bain Capital, LLC and

Hellman & Friedman LLC, and (iv) representing LBHI in connection with the testimony of

Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before

Congress, including production of LBHI documents to Congress.

25. In addition, by the Retention Order, the Debtors received the Court's

approval to pay Simpson Thacher's fees and expenses *nunc pro tunc* to the Commencement Date

for Simpson Thacher's representation of LBA Y.K., a non-debtor indirect subsidiary of LBHI, in

a litigation matter in federal district court captioned *In the Matter of the Application of LBA Y.K.,*

*for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery from Marubeni America Corp.*

*for Use in an Action Pending in Japan in the Tokyo District Court, Civil Division, Styled* LBA

Y.K. v. Marubeni Corp., Misc. No. M19-82 (S.D.N.Y.), and the appeal therefrom by Marubeni

America Corporation to the United States Court of Appeals for the Second Circuit (the "U.S.

LBA Action") (LBA Y.K.'s pending action against Marubeni Corporation in the Tokyo, Japan

Civil Court (the "Japan LBA Action") together with the U.S. LBA Action are the "Marubeni

Matter").  In connection with the Marubeni Matter, Simpson Thacher has also coordinated with

LBA Y.K.'s attorneys in the Japan LBA Action and assisted in gathering and providing to

insurance bond underwriters information concerning a claim under a bond policy issued to

LBHI, pursuant to which LBA Y.K. is an insured.  According to LBHI, any recovery LBA Y.K.

receives in the Japan LBA Action, and any proceeds received under the bond policy, will be paid

to the Debtors.  Thus, the Debtors' estates have a common interest with LBA Y.K. in the

prosecution of its claims against Marubeni Corporation, and in recovery under the bond policy,

as well as a strong interest in ensuring maximum recovery from Marubeni Corporation in the

Japan LBA Action and under the bond policy.  Prior to the Commencement Date, LBHI paid Simpson Thacher's fees and expenses in connection with these matters.

26.    By the First Expansion Order, the Debtors received the Court's approval to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in connection with insurance regulatory advice with respect to insurance company counterparties to derivatives contracts in circumstances where Weil, Gotshal & Manges LLP is unable to provide such advice due to conflicts (the "Insurance Matters").  In connection with the Insurance Matters, Simpson Thacher provided insurance regulatory advice to the Debtors with respect to the restructuring of Syncora Guarantee Inc. ("Syncora"), a financial guaranty insurer regulated by the New York State Insurance Department, and the commutation of various Syncora insurance policies insuring derivative contracts held by the Debtors.

27.    By the Second Expansion Order, the Debtors received the Court's approval to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in connection with the representation of LBHI, in coordination with Weil Gotshal & Manges LLP, with matters related to the formation and operation of a potential asset management/servicing business (now known as Legacy Asset Management Co. or "LAMCO"), including drafting and negotiating contracts and organizational documents, analyzing regulatory and other legal issues and performing any other general corporate work needed in connection with the formation and operation of that business (the "Additional Corporate Matters").

28.    Recitation of each and every item of professional services performed by Simpson Thacher during the Compensation Period would be extremely burdensome.  Hence, the following summary highlights the major areas to which Simpson Thacher devoted time and attention during the Compensation Period.  This summary is organized in accordance with the individual matters for which Simpson Thacher was retained as special counsel by the Retention

Order.  Exhibit C provides a detailed breakdown of the time devoted and fees allocable to each

matter.

### (i) General Corporate and Securities Matters

Simpson Thacher's work with respect to the General Corporate and Securities Matters for the Compensation Period includes:

- Preparing and reviewing various Form 12b-25 filings by LBHI and certain of its finance subsidiaries with the Securities and Exchange Commission under the Securities and Exchange Act of 1934.

### (ii) Marubeni Matter

Simpson Thacher's work with respect to the Marubeni Matter for the Compensation Period includes:

- Providing assistance to Thomas Hommel, in-house counsel to the Debtors, and LBA Y.K.'s Japanese counsel (Anderson Mori & Tomutsune and Morrison & Foerster) in developing and coordinating litigation strategy in the pending civil action, including on appeal, against Marubeni Corporation in the Tokyo, Japan Civil Court, including review and comment on draft briefs.

- Monitoring related criminal, bankruptcy and other legal proceedings currently pending in Japan.

- Gathering and providing information to insurance bond underwriters concerning the foregoing proceedings under a bond policy and all risks excess policy issued to LBHI, pursuant to which LBA Y.K. is an insured, including information gathered and provided in response to inquiries from underwriters following the submission of the proof of loss.

### (iii) Retention and Fee Matters

Simpson Thacher's work with respect to retention and fee matters for the Compensation Period includes:

- Preparing Simpson Thacher's Eighth Interim Fee Application.

- Providing information to and interacting with the Fee Committee regarding fee issues.

29.    The foregoing professional services performed by Simpson Thacher were

necessary and appropriate to the administration of the Debtors' chapter 11 cases.  These services

were in the best interests of the Debtors and other parties in interest.  Compensation for the

foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The services were performed in an efficient manner.

30.     The professional services performed by Simpson Thacher on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 133.50 recorded hours by Simpson Thacher's partners, counsel, associates and paraprofessionals/other non-attorney timekeepers.  During the Compensation Period, Simpson Thacher billed the Debtors for time expended by attorneys based on hourly rates ranging from $410 to $1,040 per hour.[13] Allowance of compensation in the amount requested would result in a blended hourly attorney billing rate of approximately $637 (based on 112.70 recorded hours for attorneys).[14]

31.     As of September 1, 2011, the rates of two Simpson Thacher associates whose time is billed to the Debtors and who have worked consistently on the Marubeni Matter, in the case of one associate, for over three years, and in the case of the other associate, for over a year, were increased.  Such increases are based on such associates' rise in seniority, but are also reasonable and necessary given such associates' experience, skills and contribution to the Marubeni Matter.  Specific detail regarding such rate increases is as follows:

- As of September 1, 2011, litigation associate Jonathan Porter's hourly rate was increased from $410 per hour to $495 per hour.  This rate increase is attributable to Mr. Porter's rise in seniority.  Additionally, Mr. Porter is the primary junior litigation associate working on the Marubeni Matter.  Mr. Porter has significant experience on the Marubeni Matter, which he has worked on since September 2010.  Mr. Porter's rate is comparable to those of other litigation associates of his experience and class year.  Given (i) Mr. Porter's experience as a litigation associate and long-term team member on the Marubeni Matter, and (ii) the rates of comparably skilled and experienced associates, Mr. Porter's rate increase is reasonable and neccessary.  Mr. Porter's rate increase as detailed herein does not include the 30% discount applied by Simpson Thacher to all Marubeni Matter fees.

---

[13]     These standard hourly rates do not reflect those fee amounts that Simpson Thacher voluntarily discounted or wrote off during the Compensation Period.

[14]     The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 2.

- As of September 1, 2011, litigation associate Conor Reidy's hourly rate was increased from $595 per hour to $645 per hour.  This rate increase is attributable to Mr. Reidy's rise in seniority.  Additionally, Mr. Reidy is the primary mid-level litigation associate working on the Marubeni Matter.  Mr. Reidy has significant experience on the Marubeni Matter, which he has worked on since the Debtors' September 2008 chapter 11 filing.  Mr. Reidy's rate is comparable to those of other litigation associates of his experience and class year.  Given (i) Mr. Reidy's experience as a litigation associate and long-term team member on the Marubeni Matter, and (ii) the rates of comparably skilled and experienced associates, Mr. Reidy's rate increase is reasonable and neccessary.  Mr. Reidy's rate increase as set forth herein does not include the 30% discount applied by Simpson Thacher to all Marubeni Matter fees.

32.     As set forth in Exhibit B hereto, Simpson Thacher has incurred or disbursed $2,295.48 in expenses[15] in providing professional services to the Debtors during the Compensation Period.  These expense amounts are intended to cover direct operating costs, which costs are not incorporated into the Simpson Thacher hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would unfairly impose additional costs upon clients who do not require extensive photocopying, delivery and other services.

33.     With respect to standard photocopying expenses, Simpson Thacher has charged the Debtors $.10 or less per page, in accordance with U.S. Trustee policy and the Guidelines.

**The Requested Compensation and Expense Reimbursement
Should be Allowed**

34.     Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code reasonable compensation for

---

[15]     This amount does not include certain additional expense amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

"actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11

U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of
> time commensurate with the complexity, importance, and nature of the
> problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

11 U.S.C. § 330(a)(3).

35.    In awarding compensation pursuant to section 330 of the Bankruptcy Code

to professional persons employed under section 327, the Court must take into account, among

other factors, the cost of comparable non-bankruptcy services.  As the court in *In re Drexel

Burnham Lambert Group Inc.* stated:

> With due recognition of the historical position of Bankruptcy
> Courts in compensation matters, we recognize that creditors have
> agreed to pay rates for retained counsel of their choice because of
> the needs of the particular case. One could posit other situations or
> cases where a presumption of prior informed judgment might not
> be as strong. Here, however, we have a multi-debtor, multi-
> committee case involving sophisticated creditors who have
> determined that the rates charged and tasks undertaken by
> attorneys are appropriate.  We should not, and will not, second
> guess the determination of those parties, who are directed by

> Congress, under the Bankruptcy Code, to shape and resolve the case, and who are in fact bearing the cost. To do so, of course, would be to continue what Congress specifically intended to stop in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

133 B.R. 13, 20-21 (Bankr. S.D.N.Y. 1991).

36.     In the instant case, Simpson Thacher respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Simpson Thacher further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

37.     In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE Simpson Thacher respectfully requests (i) an allowance of

compensation for professional services rendered during the Compensation Period in the amount

of $53,969.60 and reimbursement of actual and necessary expenses Simpson Thacher incurred

during the Compensation Period in the amount of $2,295.48; (ii) authorization for the Debtors to

pay to Simpson Thacher that portion of the compensation amount not yet paid; (iii) that the

allowance of such compensation for professional services rendered and reimbursement of actual

and necessary expenses incurred be without prejudice to Simpson Thacher's right to seek

additional compensation for services performed and expenses incurred during the Compensation

Period that were not processed at the time of this Application; and (iv) such other and further

relief as is just.


Dated: December 14, 2011
    New York, New York


s/___Mary Elizabeth McGarry
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

## <u>INDEX OF EXHIBITS</u>

Exhibit A                              Certification of Mary Elizabeth McGarry

Exhibit B                              Schedule of Expenses

Exhibit C                              Summary of Hours and Amounts Billed by
                                       Matter

## EXHIBIT A

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                :

**In re**                            :                **Chapter 11**
                                :                **Case No. 08-13555**

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :                **(Jointly Administered)**
                                :

**Debtors.**                        :
                                :
------------------------------------------------------------x

### CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN RESPECT OF NINTH INTERIM APPLICATION OF SIMPSON THACHER & BARTLETT LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

        I, Mary Elizabeth McGarry, hereby certify that:

    I.        I am a member of the applicant firm, Simpson Thacher & Bartlett LLP ("Simpson

Thacher"), and am the professional designated by Simpson Thacher with responsibility for

compliance with the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the

"Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), the Fourth Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by

the Court on April 14, 2011 (the "Interim Compensation Order"), the fee protocol approved by

the Court on June 26, 2009 (the "Fee Protocol", and collectively with the Local Guidelines, UST

Guidelines and the Interim Compensation Order, the "Guidelines") in the chapter 11 cases of

Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in

these proceedings (collectively, the "Debtors").

    II.      This certification is made in respect of Simpson Thacher's application, dated

December 14, 2011 (the "Application"), for compensation and reimbursement of expenses for

the period commencing June 1, 2011 through and including September 30, 2011 (the

"Compensation Period") in accordance with the Local Guidelines.

    III.      In respect of section B.1 of the Local Guidelines, I certify that:

        a.      I have read the Application;

        b.      to the best of my knowledge, information and belief formed after

reasonable inquiry, the fees and expense reimbursements sought fall within the

Guidelines;

        c.      the fees and expense reimbursements sought are billed at rates not

exceeding those customarily charged by Simpson Thacher and generally accepted by

Simpson Thacher's clients; and

        d.      in providing a reimbursable service, Simpson Thacher does not make a

profit on that service, whether the service is performed by Simpson Thacher in-house or

through a third party.

    IV.      In respect of section B.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that Simpson Thacher has complied with those provisions

requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory

committee of unsecured creditors appointed in these cases, the United States Trustee for the

Southern District of New York and the Fee Committee, on a monthly basis, a statement of Simpson Thacher's fees and expenses accrued during the previous month.

V.        In respect of the Interim Compensation Order and section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors, the United States Trustee for the Southern District of New York and the Fee Committee are each being provided with a copy of the Application.

New York, New York
Dated: December 14, 2011

s/  Mary Elizabeth McGarry

Mary Elizabeth McGarry

SIMPSON THACHER & BARTLETT LLP

425 Lexington Avenue

New York, New York 10017

Telephone:  (212) 455-2000

Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

## <u>EXHIBIT B</u>

**ACTUAL AND NECESSARY EXPENSES
INCURRED BY SIMPSON THACHER & BARTLETT LLP ON
BEHALF OF THE DEBTORS DURING THE COMPENSATION PERIOD**

| CATEGORY OF EXPENSES | TOTAL AMOUNT |
|---|---|
| Federal Express | $353.13 |
| Overtime Meals | $11.09 |
| Overtime Travel | $11.43 |
| Out of Town Travel | $1,916.95 |
| Duplicating | $2.88 |
| **Total:** | **$2,295.48** |

## EXHIBIT C

**SUMMARY OF HOURS AND AMOUNTS BILLED DURING
THE COMPENSATION PERIOD BY SIMPSON THACHER & BARTLETT LLP,
ORGANIZED BY MATTER**

| Matter | Hours | Amount |
|---|---|---|
| General Corporate and Securities Matters | 4.00 | $1,728.30[1] |
| Marubeni Litigation | 125.40 | $49,268.80[2] |
| Retention and Fee Matters | 4.10 | $2,972.50 |
| **Total Hours and Fees Requested:** | **133.50** | **$53,969.60** |

---

[1] Total Compensation Period fee amounts for the General Corporate and Securities Matters after 30% discount.

[2] Total Compensation Period fee amounts for the Marubeni Matter after 30% discount.