PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**EIGHTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Role in Case: | Special Counsel to Debtors |
| Date of Retention: | February 25, 2009 |
| Period for which Compensation and Reimbursement is Sought: | June 1, 2011 through September 30, 2011 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 1,110,798.65 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 101,119.34 |
| Total Amount Sought: | $ 1,211,917.99 |

This is a/n: __X__ Interim _____ Final Application.

Prior Applications:                    <u>First-Seventh Interim Applications</u>

Total Amount Received for the
Interim Period:                        <u>$ 383,137.66</u>

**Total Compensation and Expenses Previously Requested and Awarded:**

| Application | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| First | 08/14/09 | February 2009 – May 2009 | $189,797.67 | $6,538.14 | $181,564.17 | $6,538.14 |
| Second | 12/14/09 | June 2009 – September 2009 | $432,763.22 | $13,510.21 | $430,099.27 | $12,858.05 |
| Third | 04/16/10 | October 2009 – January 2010 | $454,706.30 | $6,844.14 | $338,678.45 | $5,876.14 |
| Fourth | 08/17/10 | February 2010 – May 2010 | $469,354.86 | $3,843.96 | $350,611.11 | $2,688.24 |
| Fifth | 12/14/10 | June 2010 – September 2010 | $421,357.98 | $11,077.86 | $406,173.43 | $10,985.36 |
| Sixth | 04/15/11 | October 2010 – January 2011 | $454,632.83 | $29,107.78 | $415,047.71 | $28,103.08 |
| Seventh | 08/15/11 | February 2011 – May 2011 | $625,068.78 | $18,905.05 | N/A | N/A |

## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $950.00 | 570.10 | $541,595.00 |
| Richard M. Pachulski, Partner | 1979 | $475.00 | 18.50 | $8,787.50 |
| Dean A. Ziehl, Partner | 1978 | $895.00 | 652.30 | $583,808.50 |
| Robert B. Orgel, Partner | 1981 | $850.00 | 821.70 | $698,445.00 |
| Ira D. Kharasch, Partner | 1983 | $850.00 | 66.20 | $56,270.00 |
| Alan J. Kornfeld, Partner | 1987 | $825.00 | 346.90 | $286,192.50 |
| Alan J. Kornfeld, Partner | 1987 | $412.50 | 7.00 | $2,887.50 |
| Richard J. Gruber, Partner | 1982 | $825.00 | 0.60 | $495.00 |
| Henry C. Kevane, Partner | 1986 | $795.00 | 43.30 | $34,423.50 |
| Debra I. Grassgreen, Partner | 1992 | $795.00 | 5.80 | $4,611.00 |
| Stanley E. Goldich, Partner | 1980 | $775.00 | 25.90 | $20,072.50 |
| James K.T. Hunter, Of Counsel | 1988 | $725.00 | 4.10 | $2,972.50 |
| Steven J. Kahn, Of Counsel | 1977 | $725.00 | 379.50 | $275,137.50 |
| Daryl G. Parker, Of Counsel | 1970 | $725.00 | 90.00 | $65,250.00 |
| Victoria A. Newmark, Of Counsel | 1996 | $650.00 | 44.20 | $28,730.00 |
| Shirley S. Cho, Of Counsel | 1997 | $650.00 | 2.10 | $1,365.00 |
| Harry Hochman, Of Counsel | 1987 | $650.00 | 534.70 | $347,555.00 |
| Jonathan J. Kim, Of Counsel | 1995 | $595.00 | 135.80 | $80,801.00 |
| Maria A Bove, Of Counsel | 2001 | $625.00 | 378.30 | $236,437.50 |
| Maria A Bove, Of Counsel | 2001 | $312.50 | 19.00 | $5,937.50 |
| Gina F. Brandt, Of Counsel | 1997 | $595.00 | 0.80 | $476.00 |

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Gabrielle A. Rohwer, Of Counsel | 1997 | $575.00 | 17.20 | $9,890.00 |
| John W. Lucas, Associate | 2005 | $495.00 | 452.60 | $224,037.00 |
| Teddy M. Kapur, Associate | 2006 | $475.00 | 33.00 | $15,675.00 |
| Teddy M. Kapur, Associate | 2006 | $287.50 | 3.00 | $862.50 |
| Jason H. Rosell, Associate | 2010 | $395.00 | 178.30 | $70,428.50 |
| Leslie A. Forrester, Paralegal | N/A | $275.00 | 1.00 | $275.00 |
| Patricia J. Jeffries, Paralegal | N/A | $255.00 | 104.60 | $26,673.00 |
| Felice S. Harrison, Paralegal | N/A | $255.00 | 3.00 | $765.00 |
| David L. Downing, Paralegal | N/A | $220.00 | 28.30 | $6,226.00 |
| Mike A. Matteo, Paralegal | N/A | $220.00 | 68.80 | $15,136.00 |
| Thomas J. Brown, Paralegal | N/A | $220.00 | 14.50 | $3,190.00 |
| Jorge E. Rojas, Paralegal | N/A | $250.00 | 21.70 | $5,425.00 |
| Shawn A. Quinlivan, Paralegal | N/A | $255.00 | 6.10 | $1,555.50 |
| Robert E. Pacholder, Paralegal | N/A | $150.00 | 1.20 | $180.00 |
| | | **TIME CHARGES TOTAL:** | **5,080.10** | **$3,662,568.50** |

**Total Hours:**          5,080.10

**Blended Hourly Rate:**    $720.96
**(Attorneys and**
**Paralegals)**

**Blended Hourly Rate:**    $745.85
**(Attorneys)**

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY 10017-2024
Telephone: (212) 561-7700
Facsimile: (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**EIGHTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ"), special counsel for Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases

(collectively, the "Debtors"), submits this eighth interim application (the "Interim Application")

seeking allowance of (a) compensation for professional services rendered by PSZJ to the Debtors

in the amount of $1,110,798.65, and (b) reimbursement of actual and necessary charges and

disbursements incurred by PSZJ in the rendition of required professional services on behalf of

the Debtors in the amount of $101,119.34, in each case for the period from June 1, 2011 through

September 30, 2011 (the "Interim Period") pursuant to section 330(a) of Title 11 of the United

States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the

"Local Guidelines"), the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] entered on

April 14, 2011 (the "Interim Compensation Order"), and the Fee Committee Guidelines (as

defined below and, collectively with the UST Guidelines, the Local Guidelines and the Interim

Compensation Order, the "Guidelines").  In support of this Interim Application, PSZJ

respectfully represents as follows:

## Background

1.    Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other

Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").   A trustee appointed under SIPA is administering LBI's estate.   On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol").   On April 14, 2011,

the Court entered the Order Amending the Fee Protocol [Docket No. 15998].   Pursuant to the Fee

Protocol, the Fee Committee subsequently has submitted additional reports, which provide, *inter*

*alia*, additional guidelines regarding compensation procedures for professionals retained in these

cases (the "Fee Committee Guidelines").

## Jurisdiction and Venue

5.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Retention of PSZJ

6.      On June 3, 2009, the Debtors filed their Application Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for

Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to

LBHI and Lehman Commercial Paper, Inc. ("LCPI"), effective *nunc pro tunc* to February 25, 2009 (the "Engagement Date") with respect to the matters arising in the chapter 11 cases (the "SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al.* (collectively, the "SunCal Debtors"), which are pending in the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") under jointly administered Case No. 08-17206.[1]

7.    On June 17, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date (the "Retention Order").

8.    Pursuant to the Retention Order, PSZJ has been retained with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including pending and anticipated litigation with respect

---

[1] The SunCal Debtors consist of (i) the following 17 debtors (collectively, the "SunCal Voluntary Debtors"): Palmdale Hills Property, LLC (Main Case No. 08-17206-ES) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES); and (ii) the following 9 debtors the (collectively, the "SunCal Trustee Debtors"): SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). On or about January 15, 2009, the California Bankruptcy Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the chapter 11 trustee for the Trustee Debtors (the "SunCal Chapter 11 Trustee").

thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various

other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the

Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against

them in the California Bankruptcy Court. PSZJ's services are limited to matters in the California

Bankruptcy Court and any appellate courts with respect to appeals arising in connection with the

Representative Matters, and PSZJ will not represent the Lehman Entities with respect to matters

pending or that may arise in this Court, other than matters pertaining to PSZJ's employment and

matters arising in connection with the SunCal Chapter 11 Cases.

   9. In connection with certain of the Representative Matters, PSZJ is also

representing the following non-debtor affiliates of LBHI and LCPI:  Lehman ALI, Inc.;

Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land

Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC

(collectively with LCPI, the "Lehman Entities").  *See* Declaration of Dean A. Ziehl in Support of

Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of

the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski

Stang Ziehl & Jones LLP as Special Counsel to the Debtors at ¶ 5.  Prepetition certain Lehman

Entities made various loans to certain SunCal Debtors and certain of their non-debtor affiliates

pursuant to various separate loan agreements (collectively, the "Lehman Loans").  Over $2.0

billion, including accrued interest, is owed on the Lehman Loans.

   10. As described fully below, PSZJ is seeking compensation separately from

the foregoing non-debtor affiliates for services provided on their behalf in connection with

certain of the Representative Matters during the Interim Period. *See id.; see also* First

Supplemental Declaration of Dean A. Ziehl in Support of the Retention by the Debtors, Pursuant

to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy

Procedure, of Pachulski Stang Ziehl & Jones LLP as Special Counsel [Docket No. 21566] (the

"Supplemental Ziehl Declaration").

### Relief Requested

11.     Prefixed to this Interim Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year each attorney was first admitted to practice law.  In addition,

the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the

total hours billed during the Interim Period, and (c) the total compensation for such hours.

12.     PSZJ previously requested compensation from the Court for professional

services and reimbursement of expenses in its first interim application dated August 14, 2009

(the "First Interim Fee Application").  On September 25, 2009, the Court entered an order

approving PSZJ's First Interim Fee Application, and on April 9, 2010 entered an amended order

with respect to such application.

13.     In addition, PSZJ previously requested compensation from the Court for

professional services and reimbursement of expenses in its second interim application dated

December 14, 2009 (the "Second Interim Fee Application").  On April 9, 2010, the Court entered

an order approving the Second Interim Fee Application, subject to certain reductions requested

by the Fee Committee.

14.     On April 16, 2010, PSZJ filed its third interim application (the "Third Interim Application"). On September 7, 2010, the Court entered an order approving the Third Interim Application, subject to certain reductions requested by the Fee Committee.

15.     On August 17, 2010, PSZJ filed its fourth interim application (the "Fourth Interim Application"). On September 7, 2010, the Court entered an order approving the Fourth Interim Application, subject to certain reductions requested by the Fee Committee.

16.     On December 14, 2010, PSZJ filed its fifth interim fee application (the "Fifth Interim Application"). On December 2, 2011, the Court entered an order approving the Fifth Interim Application, subject to certain reductions requested by the Fee Committee.

17.     On April 15, 2011, PSZJ filed its sixth interim fee application (the "Sixth Interim Application"). On December 2, 2011, the Court entered an order approving the Sixth Interim Application, subject to certain reductions requested by the Fee Committee.

18.     On August 15, 2011, PSZJ filed its seventh interim fee application (the "Seventh Interim Application"). As of the date of the filing of this Interim Application, the Court has not ruled on the Seventh Interim Application.

19.     By this Interim Application, PSZJ seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $1,110,798.65, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $101,119.34.

20.     In accordance with the Interim Compensation Order, PSZJ has received payments totaling $383,137.66 ($364,791.00 of which is for services rendered and $18,346.66 of

which is for reimbursement of expenses) for the Interim Period.  By this Interim Application,

PSZJ seeks payment of the remaining $828,780.33, which amount consists of: (i) the Court-

ordered 20% holdback of PSZJ requested fees for the months of June and July 2011 in the total

amount of $91,197.75; and (ii) the unpaid amounts for the months of August and September

2011 in the total amount of $737,582.57.[2]

21.    During the Interim Period, PSZJ attorneys and paraprofessionals expended

a total of 5,080.10 hours for services provided in connection with the Representative Matters,

and incurred fees in the total amount of $3,662,568.50 and expenses in the total amount of

$337,064.47 in connection with such services.  The foregoing fees and expenses reflect voluntary

write-offs made by PSZJ during the Interim Period for fees in the amount of $100,165.00 and for

expenses in the amount of $21,728.01.

22.    Certain of the services performed by PSZJ during the Interim Period were

provided on behalf of and rendered a benefit only to LCPI.  In particular, these services consist

of those performed in connection with certain appeals as described below and other matters

arising in the SunCal Chapter 11 Cases affecting the automatic stay as it applies to LCPI.

Annexed hereto as <u>Exhibit E</u> is a summary of the services by project category rendered by PSZJ

between June and August 2011 for the benefit of LCPI only and for which compensation is

sought from the Debtors' estates.  No such services were provided during the month of

September 2011.  In compliance with the request of the Fee Committee, PSZJ created a separate

matter number 002 for services performed solely for the benefit of LCPI, and began recording

---

[2] As of the date of the filing of this Application, PSZJ has not been paid any amount in connection with fees and
expenses for the months of August and September 2011.

time to such matter on April 1, 2011.  The invoices for matter number 002 are attached hereto in

Exhibit E.  PSZJ is seeking compensation from the Debtors' estates in connection with fees

incurred for services performed during the Interim Period solely on behalf of and for the benefit

of LCPI in the total amount of $17,183.00, as set forth in Exhibit A and in the invoices for matter

number 002 attached hereto in Exhibit E.

      23.    In addition, due to the nature of the matters pending in the SunCal

Debtors' Chapter 11 Cases, certain of the services performed and expenses incurred by PSZJ

during the Interim Period were provided on behalf of and rendered a benefit to all of the Lehman

Entities, including LCPI.  PSZJ has allocated the fees and expenses for such services between the

Debtors' estates, on the one hand, and the nondebtor affiliates on the other hand, in accordance

with the applicable loan balances attributed to the loans extended by each respective Lehman

Entity to each respective SunCal Debtor.  Pursuant to such allocation, 30% of fees and expenses

incurred by PSZJ are attributable to the Debtors' estates and 70% of fees and expenses incurred

by PSZJ are attributable to the nondebtor Lehman Entities.  *See* Supplemental Ziehl Declaration.

      24.    Accordingly, during the Interim Period, (a) of the total fees in the amount of

of $3,645,385.50 incurred for the benefit of all the Lehman Entities (including LCPI), PSZJ

seeks compensation in the amount of $1,093.615.65 from the Debtors' estates, and (b) of the

total expenses in the amount of $337,064.47 incurred for the benefit of all Lehman Entities

(including LCPI), PSZJ seeks compensation in the amount of $101,119.34 from the Debtors'

estates.  PSZJ has sought payment from the non-debtor Lehman Entities for the remaining fees

and expenses it incurred during the Interim Period in the amount of $2,787,714.98, and as of the

date hereof has received a total of $2,000,107.11 for fees and expenses requested for the months of June through August 2011.

25.    In sum, pursuant to this Interim Application, PSZJ hereby seeks allowance and compensation from the Debtors' estates of the following: (a) compensation for professional services rendered during the Interim Period in the aggregate amount of $1,110,798.65 (*i.e.*, $1,093,615.65 plus $17,183.00); and (b) reimbursement of expenses incurred during the Interim Period in connection with such services in the aggregate amount of $101,119.34.

26.    Annexed hereto as <u>Exhibit A</u> is a summary of all services rendered by PSZJ during the Interim Period by project category. Annexed hereto as <u>Exhibit B</u> is a summary of time charges and hourly rates by professional. Annexed hereto as <u>Exhibit C</u> is a summary of the types of expenses for which reimbursement is sought. Annexed hereto as <u>Exhibits D and E</u> is a listing of the detailed time entries of PSZJ professionals and paraprofessionals for matter numbers 001 and 002, by project category, with respect to the compensation requested as well as a detailed itemization of expenses for which reimbursement is sought. Annexed hereto as <u>Exhibit F</u> is the certification of Dean A. Ziehl with respect to the Interim Application pursuant to the Local Guidelines.

### Summary of Services Rendered

27.    The names of the partners and associates of PSZJ who have rendered professional services in this case during the Interim Period, and the paralegals who provided services to these attorneys during the Interim Period, are set forth in the attached <u>Exhibit B</u>.

28.    PSZJ, by and through the above-named persons, has prepared and assisted in the preparation of various pleadings submitted to the California Bankruptcy Court, the Ninth

Circuit Bankruptcy Appellate Panel (the "9th Cir. BAP"), and the United States Court of Appeals

for the Ninth Circuit (the "9th Circuit") for consideration, advised the Lehman Entities on a

regular basis with respect to various matters in connection with the SunCal Chapter 11 Cases,

and performed all necessary professional services which are described and narrated in detail

below.

### Summary of Services by Categories

29.    The services rendered by PSZJ during the Interim Period can be grouped

into the categories set forth below.  PSZJ attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibits D and E.  Exhibits

D and E identify the attorneys and paraprofessionals who rendered services relating to each

category, along with the number of hours for each individual and the total compensation sought

for each category.

### A.    General Case Administration [Code 0100]

30.    Time billed in this category relates to reviewing the dockets for filings and

the status of various matters in the SunCal Chapter 11 Cases, reviewing pleadings, proofs of

claim and various other documents in connection with such cases, and communications with

parties requesting removal from service lists.

Fees:  $13,969.00          Total hours:    16.00

B.    **General Case Strategy Meetings [Code 0200]**

31.    Time billed in this category relates to the preparation for and participation in meetings with the Lehman Entities, Lehman Entities' professionals, and counsel for other constituencies in the SunCal Chapter 11 Cases regarding various pending matters in the SunCal Chapter 11 Cases, including weekly team conferences and various conferences regarding strategy and settlement options in such cases.

Fees:  $110,640.00          Total hours:  134.40

C.    **Calendar and Docket Maintenance [Code 0300]**

32.    Time billed in this category relates to the review of pleadings filed on the docket for the SunCal Chapter 11 Cases.

Fees:  $1,295.00          Total hours:  1.80

D.    **Hearings and Court Communications [Code 0400]**

33.    Time billed in this category relates to communicating with the California Bankruptcy Court regarding filings and scheduling matters in the SunCal Chapter 11 Cases, appearing at hearings and preparing for such hearings.

Fees:  $196,335.00          Total hours:  221.60

E.    **Non-working Travel [Code 0500]**

34.    Time billed in this category relates to travel to the California Bankruptcy Court for hearings and travel to/from New York and Los Angeles in connection with the preparation for the solicitation of votes on the Lehman Plans (defined below).  All non-working travel is billed at one-half of the attorney's regular rate.

Fees:  $20,265.00          Total hours:  49.50

F.    **Cash Management [Code 1200]**

35.    Time billed in this category relates to (i) reviewing the SunCal Debtors'

operating reports and related bank account information in connection with monitoring the

Lehman Entities' cash collateral and (ii) participating in calls and reviewing analyses of the

SunCal Debtors' accounts payable with respect to the Lehman Entities' defenses in the Equitable

Subordination Action (defined below) and confirmation of the Lehman Plans.

Fees:    $8,023.50         Total hours:    9.90

G.    **Real Estate Matters [2300]**

36.    Time billed in this category relates to meetings and correspondence related

to and analyzing issues with respect to the "Pacific Point Project" formerly owned by one of the

SunCal Debtors and subject to interests asserted by the Lehman Entities, and the "Johannson

Ranch Project" owned by one of the SunCal Debtors and subject to interests asserted by the

Lehman Entities.

Fees:    $4,952.50         Total hours:    5.40

H.    **Loans/Investments [Code 2600]**

37.    Time billed in this category relates to services provided in connection with

the Lehman Loans, including the Lehman Loan with respect to the "Johannson Ranch Project."

Fees:    $1,190.00         Total hours:    1.40

I.    **Non-Derivative Stay/Safe Harbor [Code 3000]**

38.    Time billed in this category in client/matter number 52063-001 relates to

services provided in connection with stay relief requests filed in the SunCal Chapter 11 Cases by

creditors with respect to real property in which the Lehman Entities assert interests.

39.    Time billed in this category in client/matter number 52063-002 relates to
analysis of issues impacting LCPI's automatic stay in the SunCal Chapter 11 Cases and research
for, correspondence related to, and preparation of pleadings regarding the implication of LCPI's
automatic stay to matters pending in the SunCal Chapter 11 Cases, including the implication of
LCPI's automatic stay with respect to plans of reorganization and claims objections filed by the
SunCal Debtors and LCPI's motion to enforce its automatic stay [Docket No. 17061] filed in the
above-captioned cases.

Fees:  $8,609.00          Total hours:   13.90

**J.      Miscellaneous Asset Sales / 363 Issues [3100]**

40.    Time billed in this category relates to services provided in connection with
the analysis of the SunCal Debtors' renewed motion to approve sale procedures and the sale of
certain real property against which the Lehman Entities assert liens and claims, the impact of
such motion upon the competing plans of reorganization filed by the SunCal Debtors and the
Lehman Entities, and the preparation of opposition thereto.

Fees:  $54,951.00        Total hours:   70.10

**K.      Non-Derivative Contracts [Code 3200]**

41.    Time billed to this category relates to (a) conferences attended and the
review and analysis of the SunCal Debtors' executory contracts to be assumed or rejected under
the Lehman Plans, the preparation of documents related thereto for inclusion in the supplements
to such plans, and research with respect to the service of such documents[3] and (b) services
provided in connection with the motion to approve assumption of an asset purchase agreement

---

[3] Due to the overlapping nature of such services with plan-related services, time entries for such services also appear
in category 3500.

between SunCal Debtor North Orange Del Rio, LLC ("Del Rio") and Lennar Centex Del Rio

Partners LLC.

Fees:    $23,590.00        Total hours:    29.00

**L.    DIP Financing [Code 3300]**

        42.    Time billed in this category relates to services with respect to

(a) postpetition financing provided by the Lehman Entities to the SunCal Trustee Debtors for use

by such debtors in maintaining their estates' real property projects and to pay professional and

related fees, (b) the use of cash collateral by the SunCal Voluntary Debtors, and the preparation

of motions, stipulations and orders in connection therewith, and (c) the preparation of a motion

to clarify prior debtor-in-possession financing orders entered by the California Bankruptcy Court

approving prior debtor-in-possession financing stipulations with the SunCal Chapter 11 Trustee

on behalf of the SuCal Trustee Debtors providing the Lehman Entities with superpriority

administrative expense claims, in response to the SunCal Debtors' motion to disallow such

claims.

Fees:    $94,582.50        Total hours:    126.20

**M.    Plan of Reorganization [Code 3500]**

        43.    Time billed in this category relates to (a) research and analysis of claims

filed in the SunCal Chapter 11 Cases for the purpose of classification of same and the

determination of proposed distributions and distribution thresholds under the Lehman Entities'

competing plan of reorganization with respect to eight of the SunCal Trustee Debtors (the

"Lehman TD Plan") and the Lehman Entities' competing plan with respect to eleven of the

SunCal Voluntary Debtors (the "Lehman VD Plan" and, together with the Lehman TD Plan, the

"Lehman Plans"), (b) research for and preparation of analyses with respect to strategies and risks associated with the Lehman Plans, (c) research for, meetings in connection with, correspondence related to, and the preparation of the amended Lehman Plans, (d) extensive discovery with respect to contested confirmation of the competing Lehman Plans and the seven plans of reorganization proposed by the SunCal Debtors (collectively, the "SunCal Plans"), (e) research for, meetings and correspondence regarding, and preparation of briefs and supporting documents in support of confirmation of the Lehman Plans and in opposition to confirmation of the SunCal Plans, (f) research for and the preparation of oppositions to the SunCal Debtors' motions to compel confirmation-related testimony and to amend the SunCal Plans, (g) preparation of a motion to vacate the confirmation hearing with respect to the SunCal Plans and supporting documents, (h) correspondence and meetings regarding, research for and the preparation of documents included in supplements to the Lehman Plans, including lists of assumed and rejected contracts and leases and real property conveyance documents,  (i) assistance with research for and preparation of a motion filed in the above-captioned cases to obtain authority for LCPI to enter into the plans of reorganization sponsored by it and certain other Lehman Entities in the SunCal Chapter 11 Cases and to submit cash bids for collateral proposed to be sold under the SunCal Debtors' Plans,[4] (j) meetings concerning, research for, and preparation of the Lehman Entities' opposition to the SunCal Debtors' motion to establish discovery relevance parameters with respect to the SunCal Debtors' objections to the Lehman Entities' claims and the plan confirmation process and to extend confirmation discovery deadlines, and (k) review and analysis of the SunCal Plans and amendments thereto.

---

[4] These services are billed under client/matter number 52063-002.

Fees:  $1,045,124.75        Total hours:    1,403.55

## N.    Disclosure Statement/Voting [Code 3600]

44.    Time billed in this category relates to the (a) review of objections to the

Lehman Entities' disclosure statements (the "Disclosure Statements") with respect to the

Lehman Plans, correspondence and meetings regarding, research for and preparation of replies to

objections to the Lehman Disclosure Statements and the Lehman Entities' two solicitation

procedures motions (the "Solicitation Motions"), preparation of objection to the SunCal Debtors'

disclosure statements with respect to the SunCal Plans (the "SunCal Disclosure Statements" and,

collectively with the Lehman Disclosure Statements, the "Disclosure Statements"), and

preparation for the hearing to consider the Disclosure Statements and Solicitation Motions, (b)

preparation of ballots and notices with respect to the Lehman Plans, (c) preparation for and

mailing of solicitation packages with respect to the Lehman Plans, (d) preparation of multiple

solicitation recommendation letters with respect to the Lehman Plans and SunCal Plans and

preparation for mailing of solicitation recommendation letter packages to creditors,

(e) correspondence with creditors regarding solicitation package inquiries, (f) research for,

meetings and correspondence regarding and the preparation of a motion pursuant to Bankruptcy

Rule 3018 for the temporary allowance of the Lehman Entities' claims for voting purposes, (g)

research for and preparation of oppositions to multiple motions by SunCal Management LLC

("SunCal Management") to reclassify claims for voting purposes, (h) preparation of stipulations

with multiple creditors to temporarily allow their claims for voting purposes and notices in

connection therewith, (i) analysis of issues concerning the SunCal Debtors' communications

with creditors regarding voting, and (j) the review and tabulation of ballots with respect to the

Lehman Plans, preparation of voting reports and various analyses thereof, and preparation of

declarations with respect to the tabulation and submission of such ballots.

Fees:   $715,378.00        Total hours:    1,181.30

**O.**     **Non-Derivative Claims Issues [Code 3700]**

       45.    Time billed in this category relates to services in connection with

(a) responses to and discovery regarding the objections filed by the SunCal Voluntary Debtors

and SunCal Management to disallow the Lehman Entities' claims, (b) response to the SunCal

Debtors' motion to clarify the California Bankruptcy Court's jurisdiction over their objections to

the Lehman Entities' claims and ex parte application filed in connection therewith,

(c) correspondence regarding, research for, and preparation of pleadings in connection with the

SunCal Debtors' motion to establish discovery relevance parameters regarding their objections to

the Lehman Entities' claims and the Lehman Entities' motion to clarify the California

Bankruptcy Court's ruling on such motion, (d) continued analysis of proofs of claim filed against

each of the 26 SunCal Debtors, the preparation of omnibus objections and standalone objections

to claims and replies to responses thereto, and correspondence with co-counsel, client and

creditors regarding such claim objections and settlement discussions in connection therewith, (f)

the preparation of replies in connection with objections by the Lehman Entities to claims filed in

the SunCal Debtors' cases by insiders of the SunCal Debtors, including claims filed by SunCal

Management and SCC Acquisitions, Inc. ("SCC Acquisitions") seeking the payment of property

management fees, and extensive discovery in connection with such claims objections, (i)

discovery relating to unauthorized payments made to creditors by Del Rio (as also discussed

below with respect to category number 4100), (j) review of documents concerning the transfer of

claims, and (k) conferences and research regarding the motion by SunCal Emerald Meadows,

LLC pursuant to Bankruptcy Rule 9019 to approve settlements with certain claimants.

Fees:  $642,610.00          Total hours:  895.10

**P.    Other Motions and Matters [Code 3800]**

46.    Time billed in this category relates to services provided in connection with

the review of and preparation of oppositions to various motions filed by the SunCal Debtors in

the SunCal Chapter 11 Cases and the review of hearing transcripts with respect to the same.

Fees:  $7,203.50          Total hours:  9.30

**Q.    Non-Derivative Litigation [Code 3900]**

47.    Time billed in this category relates to the services performed by PSZJ in

connection with (a) the action captioned *Palmdale Hills Property, LLC v. Lehman ALI, Inc., et

al.*, Adv. P. 09-01005 (the "Equitable Subordination Action"), including opposition to plaintiffs'

motion for summary judgment and extensive discovery conducted in connection therewith, (b)

the action captioned *Acton Estates, LLC v. Lehman ALI, Inc., et al.*, Case No. 30-2011-

00460847-CU-BC-CJC commenced in the Superior Court of California, County of Orange, and

removed to the California Bankruptcy Court as Adv. Pro. 11-1212-ES (the "Acton Action"), and

(c) preference claims asserted by SunCal Century City, LLC.

Fees:  $527,987.75          Total hours:  659.25

**R.    Non-Bankruptcy Litigation [Code 4000]**

48.    Time billed in this category relates to services in connection with  (a)

opposition to Acton Estates, LLC's ("Acton") request to remand the Acton Action to state court

and (b) monitoring state court actions by creditors with filed claims in the SunCal Chapter 11

Cases and the state court action commenced by Bond Safeguard against Bruce Elieff, the

nondebtor principal of the SunCal Debtors and the impact of such action on the cross-indemnity

claims asserted by Bond Safeguard against the SunCal Debtors.

Fees: $23,974.00        Total hours:   29.00

## S.    2004 Issues [Code 4100]

49.    Time billed in this category relates to discovery propounded in connection

with an order pursuant to Bankruptcy Rule 2004 for the examination of, and production of

documents by, Del Rio, SunCal Management and other parties in interest with respect to

unauthorized payments made by Del Rio to creditors of Del Rio from Community Facilities

District Bond proceeds in which certain of the Lehman Entities claim an interest.

Fees: $48,593.00        Total hours:   60.90

## T.    Appeals [Code 4200]

50.    Time billed in this category relates to the preparation of pleadings,

correspondence, preparation for hearings and related services in connection with the appeals (the

"Appeals") of various orders of the California Bankruptcy Court and the 9th Cir. BAP as follows:

(a)    9th Cir. BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy

Appellate Panel for the Ninth Circuit of several orders entered by the California

Bankruptcy Court denying various motions for relief from the automatic stay filed

by LCPI and Lehman ALI in the SunCal Chapter 11 Cases.  LCPI and Lehman

ALI appealed aspects of the orders impacting the automatic stay applicable to

LCPI.

(b)    Case No. 10-6004 pending in the 9th Circuit relates to the appeal by the SunCal

Debtors of the decision by the 9th Cir. BAP in the 9th Cir. BAP appeals set forth

above in subsection (a), which decision reversed the California Bankruptcy Court.

(c)    9th Cir. BAP No. 10-1007 relates to the consolidated cross-appeals to the 9th

Circuit of the Lehman Entities and the SunCal Debtors of the California

Bankruptcy Court's order providing, among other things, that the Lehman Entities

were authorized to file proofs of claim in the SunCal Chapter 11 Cases as agents

of Fenway.

(d)    9th Cir. BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order

entered by the California Bankruptcy Court granting the SunCal Debtors' motion

for leave to file a second amended complaint to, among other things, name LCPI

as a defendant in the Equitable Subordination Action.

Fees:  $27,602.50        Total hours:    33.80

## U.    PSZJ Fees [Code 4600]

51.    Time billed in this category relates to the preparation of interim fee

applications and responses to Fee Committee reports and related services.

Fees:  $17,810.00        Total hours:    35.20

## V.    PSZJ Retention [Code 4700]

52.    Time billed in this category relates to communications and conferences

with respect to, and research for, PSZJ's application to expand the scope of services provided to

the Debtors.

Fees:  $3,206.00         Total hours:    5.60

W.    **Third Party Retention / Fees [4800]**

53.    Time billed in this category relates to communications and conferences with respect to, research for, and the preparation of a response to the motion by Miller Barondess LLP, special litigation counsel to the SunCal Debtors in the Equitable Subordination Action, with respect to determining such firm's conflict of interest regarding the representation of the SunCal Voluntary Debtors and SunCal Trustee Debtors and its limited withdrawal as counsel.

Fees:    $64,676.50         Total hours:    87.90

### Expenses Incurred by PSZJ

54.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. The total amount of the expenses is $337,064.47 for the Interim Period, as detailed in the attached Exhibit D. As set forth above in paragraph 25, PSZJ seeks reimbursement for expenses incurred in rendering services to the Debtors during the Interim Period in the amount of $101,119.34.

55.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a)    No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)    Photocopying by PSZJ was charged at 10 cents per page. To the extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long
distance call required to send the facsimile. The firm did not impose any
charge to its clients for local facsimiles, inbound facsimiles, interoffice
facsimiles or facsimiles costing less than $1.00.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out
of town travel, working meetings, or dinner for PSZJ professionals
working past 8:00 p.m.  All meals have been written down to $20 per
person.

(e)     The time pressures associated with the services rendered by PSZJ
frequently required PSZJ's professionals and paraprofessionals to devote
substantial amounts of time during the evenings and on weekends. PSZJ
has not charged the Debtors for secretarial and other staff overtime
expense associated with such after-hours work.

**The Requested Compensation Should Be Allowed**

56.     Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the
trustee, examiner, ombudsman, professional person, or attorney and by
any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

11 U.S.C. § 330(a)(1).

57.     In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including—

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial
at the time the service was rendered toward the completion of, a case
under this title;

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

58.     PSZJ respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

**Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)**

59.     PSZJ has received a total of $383,137.66 from the Debtors relating to fees and expenses on account of services provided by PSZJ for the benefit of the Debtors during the Interim Period.

60.     No agreement or understanding exists between PSZJ and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among

partners of PSZJ.  All of the services for which compensation is sought in this Interim

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

### Notice

61.    Notice of this Interim Application and its exhibits will be given to (a) the

Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors'

Committee; and (e) the Fee Committee.  PSZJ respectfully submits that no other or further notice

is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order:

(a) allowing interim compensation of $1,110,798.65 to PSZJ for professional services rendered

as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and

necessary charges and disbursements incurred in the sum of $101,119.34 in connection with

PSZJ's services during the Interim Period; (b) authorizing and directing the Debtors to pay to

PSZJ the amount of $828,780.33, which consists of (i) the unpaid amount held back for the

months of June and July 2011 in the total amount of $91,197.75; and (ii) fees and expenses

incurred during August and September 2011 in the total amount of $737,582.57; and (c) granting

to PSZJ such other and further relief as the Court may deem proper.

Dated:    December 14, 2011          PACHULSKI STANG ZIEHL & JONES LLP

By      /s/ Maria A. Bove
        Richard M. Pachulski
        Dean A. Ziehl
        Maria A. Bove
        780 Third Avenue, 36th Floor
        New York, NY 10017
        Telephone: 212.561.7700
        Facsimile:  212.561.777