# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re: : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
------------------------------------------------------------x

**FINAL ORDER, UNDER 11 U.S.C. §1103(a) AND FED. R. BANKR. P. 2014 AND 5002, AUTHORIZING RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP AS SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC. ET AL., NUNC PRO TUNC TO SEPTEMBER 17, 2008**

Upon the application dated October 21, 2008 (the "Application") of the Official Committee of Unsecured Creditors (the "Creditors' Committee") appointed in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for authorization to employ and retain Quinn Emanuel Urquhart Oliver & Hedges, LLP ("Quinn Emanuel") as special counsel for the Creditors' Committee, effective as of September 17, 2008; and the Court having considered the Declaration of Susheel Kirpalani, Partner in Quinn Emanuel's Bankruptcy and Corporate Restructuring Group, dated October 21, 2008, and the Supplemental Declaration of Susheel Kirpalani, dated November 10, 2008 (together, the "Kirpalani Declarations"), submitted in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10,

1984; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for objections to the Application having expired on October 31, 2008, except for the United States Trustee and the Debtors, whose respective time to object was extended on consent until November 13, 2008; and with no objections having been timely filed by any party; and the Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket No. 1403), approving the Application, on an interim basis without objection; and no objection having been timely made or filed by either the Debtors, the United States Trustee or any party; and due and proper notice of the Application, the Interim Order and the hearing to consider entry of a final order approving the Application having been provided as approved in the Interim Order; and it appearing that no other or further notice need be provided; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein, that Quinn Emanuel represents no interest adverse to the Debtors' estates or to any class of creditors or equity security holders in the matters upon which Quinn Emanuel is to be engaged and that Quinn Emanuel is disinterested within the meaning of 11 U.S.C. § 101(14); and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Application is granted, *nunc pro tunc* to September 17, 2008, to the extent set forth herein.

2. Quinn Emanuel's employment is necessary and would be in the best interest of the Debtors' estates, creditors, and other parties in interest; Quinn Emanuel's hourly rates for its paralegals and attorneys set forth in the Kirpalani Declarations are reasonable.

3. Pursuant to section 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002 and Local Rule 2014-1, the Creditors' Committee is authorized to employ and retain Quinn Emanuel,*n unc pro tunc* to September 17, 2008, as special counsel for the Creditors' Committee, on the terms set forth in the Application and the Kirpalani Declarations, and the retention of Quinn Emanuel as counsel in accordance with Quinn Emanuel's normal hourly rates and disbursement policies as set forth in the Kirpalani Declarations is hereby approved.

4. Quinn Emanuel shall be compensated upon appropriate application in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable provisions of the Bankruptcy Rules, the Local Rules, the guidelines established by the Office of the United States Trustee, and such other procedures as may be fixed by order of this Court, including any interim compensation procedures order entered in these cases.

5. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
November 21, 2008

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE