Presentment Date and Time: December 23, 2011 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 22, 2011 at 12:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :    **08-13555 (JMP)**
                                              :
                          **Debtors.**        :    **(Jointly Administered)**
                                              :
                                              :
----------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN COMMERCIAL PAPER INC. AND CERTAIN SUNCAL VOLUNTARY DEBTOR ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order (the "Stipulation and Order") between Lehman Commercial Paper Inc. and the Subject Voluntary Debtors[1] to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 23, 2011 at 10:00 a.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the Bankruptcy Judge's chambers and (ii) the undersigned, so as to be received by **December 22, 2011 at 12:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation and Order.

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 15, 2011
New York, New York

/s/ Alfredo R. Pérez
Alfredo R. Pérez

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez


Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | : | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN COMMERCIAL PAPER INC.**
**AND CERTAIN SUNCAL VOLUNTARY DEBTOR**
**ENTITIES GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Commercial Paper Inc. ("LCPI") and the Subject Voluntary Debtors (the

"Subject Voluntary Debtors" together with LCPI, the "Parties") as identified and defined on

Exhibit 1 hereto, by and through their respective counsel, hereby enter into this Stipulation,

Agreement and Order and represent and agree as follows:

**RECITALS**

A.    On September 15, 2008 and periodically thereafter (the "Commencement Date"),

Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors")

commenced with this Court voluntary cases under chapter 11 of title 11 of the United States

Code ("Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses

and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

B.      The Subject Voluntary Debtors are currently debtors whose chapter 11 cases (the

"California Bankruptcy Cases") are pending in the United States Bankruptcy Court for the

Central District of California (the "California Bankruptcy Court").

C.      The Parties have negotiated and filed a stipulation in the form reflected on Exhibit

1 annexed hereto, with the California Bankruptcy Court, (the "California Stipulation").  The

Parties request the Court modify the automatic stay, to the extent it applies.

D.      The Parties hereto have agreed to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH
ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY
STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH
THEIR UNDERSIGNED COUNSEL, AND UPON COURT APPROVAL HEREOF, IT
SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement and Order is hereby approved without necessity or

requirement of further proceedings or Court approval.

2.      The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby

modified solely to permit LCPI to enter into the California Stipulation and undertake any actions

contemplated to be taken by LCPI in connection therewith; *provided that,* nothing in this

Stipulation, Agreement and Order shall require any party hereto to enter into the California

Stipulation.

3.      Except as provided in paragraph 2, and to the extent the automatic stay applies,

the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those

provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the

Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4.      Notwithstanding anything to the contrary herein, this Stipulation, Agreement and Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt, the Parties reserve all rights in connection with the Alleged Unencumbered Cash (as defined in the California Stipulation) and all aspects of any litigation among the Parties.

5.      This Stipulation, Agreement and Order is solely for the benefit of the Parties and not for any other person or entity, and no such other person or entity shall be entitled to the benefit of (or be entitled to rely upon) this Stipulation, Agreement and Order.

6.      Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

7.      This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

8.      This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the parties hereto.

9.      This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3).

10.     The Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: December 15, 2011

**WEIL, GOTSHAL & MANGES LLP**        **WINTHROP COUCHOT PROFESSIONAL CORPORATION**


 /s/ Alfredo R. Pérez         

Alfredo R. Pérez
700 Louisiana Street, Suite 1600
Houston, Texas  77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

Attorneys for Debtors
and Debtors in Possession

 /s/ Peter W. Lianides         

Paul J. Couchot
Peter W. Lianides
660 Newport Center Drive, Fourth Floor
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-4111

Attorneys for the Subject Voluntary Debtors


SO ORDERED this _____ day of December, 2011

_____

*HONORABLE JAMES M. PECK*
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT "1"**

Richard M. Pachulski (CA Bar No. 90073)
Dean A. Ziehl (CA Bar No. 84529)
Robert B. Orgel (CA Bar No. 101875)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, California 90067
Telephone: (310) 277-6910
Facsimile: (310) 201-0760

Edward Soto (admitted *pro hac vice*)
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-5179

Counsel for Lehman Commercial Paper Inc., Lehman ALI, Inc.,
Northlake Holdings LLC and OVC Holdings LLC

Paul J. Couchot
Peter W. Lianides
WINTHROP COUCHOT
PROFESSIONAL CORPORATION
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660
Telephone: (949) 720-4100
Facsimile: (949) 720-41111

General Insolvency Counsel for Voluntary Debtors and
Debtors in Possession

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br>Palmdale Hills Property, LLC, and Its Related Debtors,<br>Jointly Administered Debtors and<br>Debtors-In-Possession. | Case No.: 8:08-bk-17206-ES<br>Jointly Administered With Case Nos.<br>8:08-bk-17209-ES; 8:08-bk-17240-ES;<br>8:08-bk-17224-ES; 8:08-bk-17242-ES;<br>8:08-bk-17225-ES; 8:08-bk-17245-ES;<br>8:08-bk-17227-ES; 8:08-bk-17246-ES; |
| Affects:<br>☐ All Debtors<br>☒ Palmdale Hills Property, LLC<br>☐ SunCal Beaumont Heights, LLC<br>☐ SCC/Palmdale, LLC<br>☐ SunCal Johannson Ranch, LLC<br>☐ SunCal Summit Valley, LLC<br>☒ SunCal Emerald Meadows, LLC<br>☒ SunCal Bickford Ranch, LLC<br>☒ Acton Estates, LLC<br>☐ Seven Brothers, LLC<br>☐ SJD Partners, Ltd.<br>☐ SJD Development Corp.<br>☐ Kirby Estates, LLC<br>☐ SunCal Communities I, LLC<br>☐ SunCal Communities III, LLC | 8:08-bk-17230-ES; 8:08-bk-17231-ES;<br>8:08-bk-17236-ES; 8:08-bk-17248-ES;<br>8:08-bk-17249-ES; 8:08-bk-17573-ES;<br>8:08-bk-17574-ES; 8:08-bk-17575-ES;<br>8:08-bk-17404-ES; 8:08-bk-17407-ES;<br>8:08-bk-17408-ES; 8:08-bk-17409-ES;<br>8:08-bk-17458-ES; 8:08-bk-17465-ES;<br>8:08-bk-17470-ES; 8:08-bk-17472-ES;<br>and 8:08-bk-17588-ES<br><br>Chapter 11<br><br>**STIPULATION OF DECEMBER 2011<br>PURSUANT TO 11 U.S.C. §§ 362, 363,<br>364, AND 507: (1) AUTHORIZING THE** |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

| | |
|---|---|
| 1 | SCC Communities, LLC |
| | North Orange Del Rio Land, LLC |
| 2 | Tesoro SF, LLC |
| | LB-L-SunCal Oak Valley, LLC |
| 3 | SunCal Heartland, LLC |
| | LB-L-SunCal Northlake, LLC |
| 4 | SunCal Marblehead, LLC |
| | SunCal Century City, LLC |
| 5 | SunCal PSV, LLC |
| | Delta Coves Venture, LLC |
| 6 | SunCal Torrance, LLC |
| | SunCal Oak Knoll, LLC |

**USE OF CASH COLLATERAL AND ALLEGED UNENCUMBERED CASH; (2) GRANTING ADMINISTRATIVE EXPENSE CLAIMS; AND (3) MODIFYING AUTOMATIC STAY TO THE EXTENT NECESSARY**

<u>Hearing Date</u>:
Date:    TBD
Time:    TBD
Place:    Courtroom 5A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_NY:26117.3 52063-001

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

This stipulation (the "Stipulation") is made by and between Lehman ALI, Inc. ("Lehman ALI"), Lehman Commercial Paper Inc. ("LCPI"), Northlake Holdings LLC ("Northlake Holdings"), OVC Holdings LLC ("OVC Holdings" and, collectively with Lehman ALI, LCPI and Northlake Holdings, the "Lehman Entities"),[1] on the one hand, and certain of the above-captioned debtors and debtors in possession affected by this Stipulation (the "Subject Voluntary Debtors")[2] on the other hand. The Lehman Entities and the Subject Voluntary Debtors (together, the "Parties") hereby enter into this Stipulation and agree as follows:

## RECITALS

WHEREAS, on November 6, 7, and 19, 2008, the Voluntary Debtors[3] filed their respective voluntary petitions under Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). The Voluntary Debtors continue to manage their affairs and property as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

WHEREAS, on July 15, 2011, LCPI and Lehman ALI filed their *Third Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 2598] (as amended by the *Fifth Amended Joint Chapter 11 Plan for Eleven Voluntary Debtors Proposed by the Lehman VD Lenders* [Docket No. 3337] filed on November 29, 2011, the "Lehman VD Plan").

WHEREAS, on October 25, 2011, at the confirmation hearing with respect to the Lehman

---

[1] The Lehman Entities shall refer to the Lehman Entities on behalf of themselves, both individually and collectively, as purported lenders, and as purported agents for all lenders under the applicable loan documents. Notwithstanding anything to the contrary contained herein, the Lehman Entities do not concede that they are "purported" lenders or agents as to the loan(s) or any particular loan, and reserve all of their rights in connection therewith.

[2] The Subject Voluntary Debtors are: Palmdale Hills Property, LLC; Acton Estates, LLC; SunCal Bickford Ranch LLC; and SunCal Emerald Meadows, LLC.

[3] The Voluntary Debtors in these cases consist of: Palmdale Hills Property, LLC (Main Case) (Case No. 8:08-17206-ES); Acton Estates, LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio Land, LLC (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch, LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows, LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley, LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES).

1   VD Plan, the Court confirmed the Lehman VD Plan with respect to certain Voluntary Debtors,[4]

2   provisionally approved the Lehman VD Plan with respect to Palmdale Hills Property, LLC

3   ("Palmdale Hills") and Acton Estates, LLC ("Acton Estates") pending the resolution of certain

4   contract-related matters, which have been continued for later hearing, and continued the hearing with

5   respect to confirmation of the Lehman VD Plan for SCC Communities, LLC ("SCC Communities")

6   and Tesoro SF, LLC ("Tesoro") for later hearing.  Subsequently, pursuant to stipulations filed with

7   the Court, all objections to confirmation of the Lehman VD Plan with respect to Palmdale Hills and

8   Acton Estates have been resolved and withdrawn, and non-confirmation related contract matters

9   have been continued, thereby clearing the way for confirmation of the Lehman VD Plan with respect

10  to Palmdale Hills and Acton Estates.

11          WHEREAS, the Lehman Entities, on the one hand, and certain of the Voluntary Debtors, on

12  the other hand, also have entered into other Court-approved stipulations providing for consent to use

13  of cash collateral and alleged unencumbered cash during these cases.

14          WHEREAS, the Lehman Entities are authorized to enter into this Stipulation on behalf of

15  themselves, as lenders, and as agents for all lenders under the applicable loan documents.

16          WHEREAS, LCPI is a debtor and debtor in possession in the jointly administered cases

17  captioned *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (JMP), pending in the United

18  States Bankruptcy Court for the Southern District of New York (the "New York Bankruptcy

19  Court").

20          WHEREAS, the Lehman Entities assert secured claims against the Voluntary and Trustee

21  Debtors that approximate $2.3 billion, and include within the scope of the pledged collateral certain

22  funds held by Fidelity National Title Insurance Company ("Fidelity") in an escrow account (the

23  "ELR Escrow Account") pursuant to that certain escrow agreement (as amended and/or

24  supplemented), dated June 25, 2008, by and among Palmdale Hills, LCPI and Fidelity (the "Escrow

25  Agreement") and (ii) certain funds held by California Bank & Trust in account no. 3090340741 (the

26  "Ritter Pledged Account" and, collectively with the ELR Escrow Account, the "Ritter Accounts")

27

28  ---
    [4] Those Voluntary Debtors are: SunCal Beaumont Heights, LLC; SunCal Johannson Ranch, LLC; SunCal Summit
    Valley, LLC; SunCal Bickford Ranch, LLC; Seven Brothers, LLC; Kirby Estates, LLC; and SunCal Communities I,
    LLC.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   owned by Palmdale Hills and pledged to LCPI to secure that certain first mortgage loan made by

2   LCPI to or for the benefit of Palmdale Hills with respect to real property owned by Palmdale Hills

3   located in Palmdale, California that is commonly referred to as Ritter Ranch (the "Ritter Ranch

4   Project").

5         WHEREAS, LCPI asserts that such cash and cash equivalents held in the Ritter Accounts

6   constitute "cash collateral" under section 363 of the Bankruptcy Code (the "Cash Collateral").

7         WHEREAS, certain of the Voluntary Debtors maintain bank accounts containing cash or

8   cash equivalents, which the Lehman Entities assert are subject to perfected liens and therefore

9   constitute the Lehman Entities' "cash collateral" under section 363 of the Bankruptcy Code, with the

10   exception of cash and cash equivalents held by Acton Estates. The Subject Voluntary Debtors

11   dispute such contention, and assert that such cash and cash equivalents are not subject to perfected

12   liens of the Lehman Entities and therefore do not constitute "cash collateral" under section 363 of

13   the Bankruptcy Code. The cash and cash equivalents held by the Subject Voluntary Debtors,

14   excluding the cash and cash equivalents in the Ritter Accounts, shall be referred to herein as the

15   "Alleged Unencumbered Cash."

16         WHEREAS, the Subject Voluntary Debtors require the use of Alleged Unencumbered Cash

17   and Cash Collateral to fund costs and expenses associated with the real property owned by such

18   debtors' estates pending the effective date of the Lehman VD Plan;

19         WHEREAS, although the Court has approved the *Stipulation of November 2011 Pursuant To*

20   *11 U.S.C. §§ 362, 363, 364, AND 507: (1) Authorizing The Use Of Alleged Unencumbered Cash; (2)*

21   *Granting Administrative Expense Claims; And (3) Modifying Automatic Stay To The Extent*

22   *Necessary* [Docket No. 3328] and the budgets contained therein for the period from October 15,

23   2011 through December 15, 2011, the Subject Voluntary Debtors other than Palmdale Hills no

24   longer hold sufficient Alleged Unencumbered Cash to pay the items contained in such budgets and

25   accordingly require loans from Alleged Unencumbered Cash and Cash Collateral held by Palmdale

26   Hills to pay such items.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

NOW THEREFORE, in consideration of the mutual covenants contained herein, and other good and valuable consideration (the receipt and sufficiency of which are acknowledged), it is hereby stipulated and agreed by and among the Parties as follows:

**AGREEMENT**

1.      Court Approval. The Stipulation is subject to approval of the Court, and the Stipulation is subject to approval by the New York Bankruptcy Court as to relief from the automatic stay, and the Stipulation shall have no force and effect until the date that both such approvals have been obtained (the "Approval Date"). Immediately upon the Approval Date (notwithstanding any applicable law or rule to the contrary), the terms and provisions of this Stipulation shall become valid and binding upon and inure to the benefit of the Lehman Entities, the Subject Voluntary Debtors, all other creditors of the Subject Voluntary Debtors, any committees appointed in these cases, and all other parties in interest and their respective successors and assigns, including any trustee or other fiduciary hereafter appointed in any of the cases or upon dismissal of any of the above-captioned cases (the "Cases").

2.      Use of Alleged Unencumbered Cash Held By Palmdale Hills. LCPI consents to the use by Palmdale Hills of Alleged Unencumbered Cash held by Palmdale Hills solely for the purpose of paying the costs and expenses attributable to Palmdale Hills as set forth in the budget for Palmdale Hills for the period from October 15, 2011 through February 28, 2012 attached hereto as **Exhibit A** (the "Palmdale Budget," as such Palmdale Budget may be revised or amended with the written consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion). In addition, LCPI consents to and Palmdale Hills is authorized to make, from Alleged Unencumbered Cash held by Palmdale Hills, individual loans to each of the other Subject Voluntary Debtors solely for the purpose of paying the costs and expenses attributable to each such Subject Voluntary Debtor as set forth in the budget for the period from October 15, 2011 through February 28, 2012 attached hereto as **Exhibit B** (the "Budget," as such Budget may be revised or amended with the written consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion) in an aggregate amount not to exceed the total amount of the Budget as set forth in **Exhibit B**; provided, however, that Palmdale Hills is authorized to make individual loans from

1    Alleged Unencumbered Cash held by Palmdale Hills only to Subject Voluntary Debtors that have

2    used, and accordingly no longer hold, any Alleged Unencumbered Cash. The aggregate amount of

3    any Alleged Unencumbered Cash used in accordance with this paragraph 2 herein shall be referred

4    to as the "Alleged Unencumbered Cash Funding Amount." The Subject Voluntary Debtors shall

5    provide to the Lehman Entities, upon their reasonable request, a breakdown of the Alleged

6    Unencumbered Cash Funding Amount spent as of the date of the request and provide all

7    documentation relating to such actual amounts spent.

8           3.    Repayment of the Alleged Unencumbered Cash Funding Amount as an

9    Administrative Obligation Under Certain Circumstances. In the event the Parties agree or the Court

10   finds that all or portion(s) of the Alleged Unencumbered Cash are subject to perfected liens of the

11   Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding Amount subject to

12   the perfected liens shall constitute an administrative expense obligation under the Bankruptcy Code

13   that shall be due and payable in full, in cash, without notice or demand, upon the effective date of

14   any confirmed plan of reorganization or liquidation in each such Subject Voluntary Debtor's Case,

15   or, in the event no plan is confirmed in such Subject Voluntary Debtor's Case, the earlier of

16   dismissal of such Case or conversion of such Case to chapter 7. In the event the Parties agree or the

17   Court finds that all or portion(s) of the Alleged Unencumbered Cash are not subject to perfected

18   liens held by the Lehman Entities, then such portions of the Alleged Unencumbered Cash Funding

19   Amount not subject to a perfected lien shall not be repayable in such circumstances wherein a

20   Subject Voluntary Debtor used its own Alleged Unencumbered Cash to pay the expenses of its own

21   estate or that such payments were authorized to be made pursuant to the entered orders of the Court

22   authorizing joint administration of the Debtors. In the event that the Parties agree or the Court finds

23   that all or portion(s) of the Alleged Unencumbered Cash are not encumbered by a perfected lien of

24   the Lehman Entities but such portions were used for the benefit of another Subject Voluntary

25   Debtor, then such portion(s) shall constitute an administrative expense obligation of the Subject

26   Voluntary Debtor for whose benefit such portion of the Alleged Unencumbered Cash was used, and

27   shall be repaid in accordance with section 1129(a)(9) of the Bankruptcy Code to the Subject

28   Voluntary Debtor that owned such portion of the Alleged Unencumbered Cash. The Parties reserve

1   all rights in connection with the Alleged Unencumbered Cash, including, without limitation, their

2   rights with respect to whether such cash is encumbered or unencumbered by perfected liens held by

3   the Lehman Entities. The administrative expense obligations provided for in this paragraph 3 shall

4   be referred to herein as the "Alleged Unencumbered Cash Administrative Obligations."

5       4.      Use by Palmdale Hills of Ritter Pledged Account Cash Collateral. Except as

6   provided in paragraph 6 of this Stipulation, and solely to the extent that Palmdale Hills holds

7   insufficient Alleged Unencumbered Cash, LCPI consents to the use by Palmdale Hills of Cash

8   Collateral held in the Ritter Pledged Account solely for the purpose of paying the costs and expenses

9   attributable to Palmdale Hills as set forth in the Palmdale Budget (the "Ritter Pledged Account Cash

10  Collateral Amount"). Except as provided in paragraph 5 of this Stipulation, the Ritter Pledged

11  Account Cash Collateral Amount shall be used by Palmdale Hills solely for the purpose of paying

12  the costs and expenses set forth in the Palmdale Budget attributable to the Ritter Ranch Project.

13  Except as provided in paragraph 6 of this Stipulation, Palmdale Hills shall use the Ritter Pledged

14  Account Cash Collateral Amount solely as provided in the Palmdale Budget and shall maintain

15  appropriate documentation related to the expenditure of any and all of the Ritter Pledged Account

16  Cash Collateral Amount. Palmdale Hills' expenditures shall not exceed 5 % of any Palmdale Budget

17  Item (as defined below) or the aggregate amount of the expenditures set forth in the Palmdale

18  Budget. Palmdale Hills shall provide to LCPI, upon its reasonable request, a breakdown of all

19  amounts spent from the Ritter Pledged Account as of the date of the request and provide all

20  documentation relating to the monies spent from the Ritter Pledged Account as of the date of the

21  request. The Palmdale Budget shall not be modified without the prior written consent of LCPI. For

22  the avoidance of doubt, Palmdale Budget line items (the "Palmdale Budget Items") for the Ritter

23  Ranch Project shall not be modified, Palmdale Hills shall not expend any funds from the Ritter

24  Pledged Account for any particular Palmdale Budget Items in excess of the respective amounts

25  provided for such Palmdale Budget Items in the Palmdale Budget (plus 5%), and the Ritter Pledged

26  Account Cash Collateral Amount shall not be used for any other purpose, or by any Subject

27  Voluntary Debtor other than Palmdale Hills for costs and expenses allocable to such other Subject

28  Voluntary Debtors, without (i) the prior written consent of LCPI, which consent may be granted or

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

withheld in LCPI's sole and absolute discretion, or (ii) further order of the Court. Although certain specified consents of the Lehman Entities to use of the Cash Collateral are set forth in this paragraph, no particular uses of property of the Voluntary Debtors' estates are authorized under this paragraph other than to the extent set forth herein above, some amounts of which, however, may be so used by making individual loans, as described below. The authority under this Stipulation to use the Ritter Pledged Account Cash Collateral Amount shall terminate on the Termination Date, and no further disbursements of the Ritter Pledged Account Cash Collateral Amount shall be made after thirty (30) days following the Termination Date without either the prior written consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion, or further order of the Court.

5. <u>Repayment to LCPI of Ritter Pledged Account Cash Collateral Amount as an Administrative Obligation</u>. Palmdale Hills expressly stipulates and acknowledges that monies used by Palmdale Hills from the Ritter Pledged Account Cash Collateral Amount shall be treated as an administrative expense obligation to LCPI under the Bankruptcy Code for the diminution in the value of its collateral occasioned by the use of Cash Collateral and, as such, must be paid to LCPI in full, in cash, on the effective date of any confirmed plan of reorganization or liquidation (the "<u>Ritter Pledged Account Administrative Obligation</u>"), which obligation shall be limited to portions of the Ritter Pledged Account Cash Collateral Amount actually expended by Palmdale Hills on its own account as provided pursuant to this Stipulation and the amount collected by Palmdale Hills with respect to the DIP Loans (as defined below) and not deposited into the Ritter Pledged Account. The Ritter Pledged Account Administrative Obligation shall be due and payable in full, in cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or liquidation in the Cases, or, in the event no plan is confirmed in the Cases, the earlier of dismissal of the Cases or conversion of the Cases to chapter 7.

6. <u>DIP Financing Provided By Palmdale Hills From Ritter Pledged Account to Subject Voluntary Debtors</u>. LCPI consents to and Palmdale Hills is authorized to make individual loans (each, a "<u>DIP Loan</u>" and, collectively, the "<u>DIP Loans</u>") to the respective Subject Voluntary Debtors (with the exception of Palmdale Hills) from the Ritter Pledged Account, the proceeds of which

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  ("DIP Loan Amounts") shall be used by the respective Subject Voluntary Debtors solely for the

2  purpose of paying the costs and expenses attributable to each such Subject Voluntary Debtor as set

3  forth in the budget for the period from December 15, 2012 through February 28, 2012 attached

4  hereto as **Exhibit B** (the "Budget," as such Budget may be revised or amended with the written

5  consent of LCPI, which consent may be granted or withheld in LCPI's sole and absolute discretion)

6  in an aggregate amount not to exceed the total amount of the Budget as set forth in **Exhibit B;**

7  provided, however, that (i) DIP Loans shall be made from the Ritter Pledged Account only (i) to the

8  extent Palmdale Hills no longer holds any Alleged Unencumbered Cash and (ii) to Subject

9  Voluntary Debtors that have used, and accordingly no longer hold, any Alleged Unencumbered

10  Cash.  For the avoidance of doubt, no DIP Loan can or shall be made to Palmdale Hills.  The

11  maximum amount of each DIP Loan to each Subject Voluntary Debtor shall be equal to the

12  applicable amount in the Budget for each Subject Voluntary Debtor's respective costs and expenses

13  as set forth in the Budget.  The Subject Voluntary Debtors shall use the DIP Loan proceeds solely as

14  provided in the Budget and shall maintain appropriate documentation related to the expenditure of

15  any and all DIP Loan Amounts.  The Subject Voluntary Debtors shall provide to LCPI, upon its

16  reasonable request, a breakdown of all amounts spent from DIP Loan proceeds as of the date of the

17  request and provide all documentation relating to the monies spent from DIP Loan proceeds as of the

18  date of the request.  During the term of this Stipulation, the Budget shall not be modified and DIP

19  Loan funds shall not be reallocated from one Subject Voluntary Debtor to another Subject Voluntary

20  Debtor without the prior written consent of LCPI, which consent may be granted or withheld in

21  LCPI's sole and absolute discretion, except that each Subject Voluntary Debtor may expend funds

22  for any particular line items allocable to such Subject Voluntary Debtor as set forth in the Budget

23  (the "Budget Items") in excess of the respective amounts provided for such Budget Items for a

24  particular Subject Voluntary Debtor, so long as such excess amount is equal to or less than 5% of the

25  amount allocated to that particular Subject Voluntary Debtor for a particular Budget Item and

26  provided that the aggregate amount for all such Budget Items for a particular Subject Voluntary

27  Debtor is not increased.

28       7.    Termination Date.  LCPI's consent to the use of Alleged Unencumbered Cash held by

1    Palmdale Hills and funding under the DIP Loans shall terminate on the earlier of the effective date

2    of the Lehman VD Plan and March 15, 2012 (the "Termination Date"), and no further disbursements

3    of DIP Loan proceeds shall be made after such date without either the prior written consent of LCPI,

4    which consent may be granted or withheld in LCPI's sole and absolute discretion, or further order of

5    the Court. Any amounts borrowed under the DIP Loans pursuant to this Stipulation that are not

6    expended by, and remain in the possession of, any of the Subject Voluntary Debtor as of the thirtieth

7    (30th) day following the Termination Date, shall be immediately refunded by each such Subject

8    Voluntary Debtor to Palmdale Hills for deposit in the Ritter Pledged Account.

9        8.    DIP Loan Maturity Date. The Subject Voluntary Debtors expressly stipulate and

10   acknowledge that the DIP Loans shall be treated as administrative expense obligations owed to

11   Palmdale Hills under the Bankruptcy Code (the "DIP Loan Administrative Obligations" and,

12   collectively with the Alleged Unencumbered Cash Administrative Obligations and Ritter Pledged

13   Account Administrative Obligations, the "Administrative Obligations"). The DIP Loan

14   Administrative Obligations of the Subject Voluntary Debtor(s) shall be due and payable in full, in

15   cash, without notice or demand, upon the effective date of any confirmed plan of reorganization or

16   liquidation in each such Subject Voluntary Debtor's Case, or, in the event no plan is confirmed in

17   such Subject Voluntary Debtor's Case, the earlier of dismissal of such Case or conversion of such

18   Case to chapter 7 (the "DIP Loan Maturity Date"). Each Subject Voluntary Debtor shall repay to

19   Palmdale Hills the amount of the DIP Loan Administrative Obligation attributable to the DIP Loan

20   that was made to such Subject Voluntary Debtor.

21       9.    Interest. The DIP Loans shall accrue interest at the rate of ten percent (10%) per

22   annum, which interest shall accrue and shall be payable in full on the DIP Loan Maturity Date.

23   There are no other fees associated with the DIP Loans. All accrued interest on the DIP Loans shall

24   be added to the outstanding principal amount of the DIP Loans and shall be allocated in the same

25   proportion as principal to the applicable Subject Voluntary Debtor and paid to Palmdale Hills by the

26   Subject Voluntary Debtor, to the extent applicable to each Subject Voluntary Debtor, on the DIP

27   Loan Maturity Date.

28       10.   DIP Obligations. This Stipulation constitutes and evidences the validity and binding

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   effect of the DIP Loans and DIP Loan Administrative Obligations, which obligations shall be

2   enforceable against the Subject Voluntary Debtors, their estates and any successors thereto,

3   including without limitation, any trustee or other estate representative appointed in the Cases, or any

4   case under chapter 7 of the Bankruptcy Code upon the conversion of any of the Cases, or in any

5   other proceedings superseding or related to any of the foregoing. The DIP Loans include all loans,

6   reimbursement obligations, and any other indebtedness or obligations, contingent or absolute, which

7   may now or from time to time be owing by the Subject Voluntary Debtors under this Stipulation,

8   including, without limitation, all principal, accrued interest, and other amounts owed pursuant to or

9   in respect of the DIP Loans.

10          11.     Modification of Automatic Stay.  The automatic stay imposed under section 362(a) of

11  the Bankruptcy Code is modified as necessary to effectuate all of the terms and provisions of this

12  Stipulation, including, without limitation, to:  (a) permit Subject Voluntary Debtors to incur all

13  liabilities and obligations in connection with the DIP Loans; (b) authorize the repayment of the

14  Administrative Obligations in accordance with the terms of this Stipulation; and (c) enable the

15  enforcement, protection and preservation of the Administrative Obligations, and all of the rights and

16  remedies with respect thereto or otherwise under this Stipulation.

17          12.     Events of Default.  The following occurrences shall constitute an "Event of Default"

18  under this Stipulation as to the particular defaulting Subject Voluntary Debtor:  (a) failure of the

19  Subject Voluntary Debtor(s) to comply with any term of this Stipulation; or (b) the use of Alleged

20  Unencumbered Cash or Cash Collateral or the proceeds of DIP Loans other than in strict compliance

21  with the terms of this Stipulation; or (c) the failure to repay the Administrative Obligations pursuant

22  to and in accordance with the terms of this Stipulation.

23          13.     Remedies.  Immediately upon the occurrence and during the continuation of an Event

24  of Default set forth in paragraph 9 by a particular Subject Voluntary Debtor, and without further

25  order of the Court: (a) Palmdale Hills shall, at the direction of LCPI, (i) declare all DIP Loan

26  Administrative Obligation(s) to be immediately due and payable by the defaulting Subject Voluntary

27  Debtor (s), (ii) terminate, reduce or restrict the use of any Alleged Unencumbered Cash of the

28  proceeds of the DIP Loans or any further commitment to extend credit to the defaulting Subject

1    Voluntary Debtor (s) to the extent any such commitment remains, and/or (iii) seek relief from the

2    automatic stay under section 362 of the Bankruptcy Code; and (b) if Palmdale Hills is the defaulting

3    Subject Voluntary Debtor, Palmdale Hills shall, at the direction of LCPI, cease using any of its

4    Alleged Unencumbered Cash and the Ritter Pledged Account Cash Collateral Amount.

5        14.    Good Faith.  The DIP Loans have been extended in good faith.  In accordance with

6    section 364(e) of the Bankruptcy Code, in the event any or all of the provisions of this Stipulation

7    are hereafter modified, amended or vacated by a subsequent order of this Court or any other court,

8    the Subject Voluntary Debtors are entitled to the protections provided in section 364(e) of the

9    Bankruptcy Code.  Any such modification, amendment or vacatur shall not affect the extent,

10   validity, priority, allowability, enforceability or non-avoidability of any advances previously made or

11   made hereunder, or claim or priority granted, authorized or created hereby.  Any claims granted to

12   LCPI or Palmdale Hills hereunder arising prior to the effective date of any such modification,

13   amendment or vacatur of this Stipulation shall be governed in all respects by the original provisions

14   of this Stipulation, including entitlement to all rights, remedies, privileges and benefits granted

15   herein.

16       15.    Reservation of Rights.  Notwithstanding anything to the contrary herein, this

17   Stipulation is without prejudice to, and does not constitute a waiver of, expressly or implicitly, any

18   rights, claims or privileges (whether legal, equitable or otherwise) of the Parties with respect to any

19   issues that are not expressly addressed herein.  Specifically, and for the avoidance of doubt, the

20   Parties reserve all rights in connection with all aspects of pending litigation among the Parties,

21   including, without limitation, any matters involving equitable subordination or substantive

22   consolidation.  The Parties further agree that entry into this Stipulation, and the use of Cash

23   Collateral, the extension of the DIP Loans, or the consent to the Administrative Obligations

24   contemplated hereunder, shall not be used in any manner in litigation amongst the Parties, whether

25   as, for instance, a basis for or against substantive consolidation or otherwise, and in no way shall

26   have any effect on the adversary proceeding captioned *Palmdale Hills Property, LLC, et al., v.*

27   *Lehman ALI, Inc., et al.*, Adv. Pro. No. 09-1005-ES, pending in the Court.

28       16.    No Modification.  Absent the written consent of the Lehman Entities and the Subject

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    Voluntary Debtors or further order of the Court, the Lehman Entities and the Subject Voluntary

2    Debtors agree that this Stipulation shall not be modified.

3        17.    Jurisdiction.  The Court shall retain jurisdiction to resolve any disputes or

4    controversies arising from or related to this Stipulation.

5        18.    Further Cooperation.  The Parties agree to and will cooperate fully with each other in

6    the performance of this Stipulation, and will execute such additional agreements, documents or other

7    instruments as may reasonably be required to carry out the intent of this Stipulation.

8        19.    Signatures.  This Stipulation may be signed in any number of counterparts (and by

9    each Party hereto on different counterparts), each of which constitutes an original, but all such

10    counterparts when taken together shall constitute one and the same agreement.  This Stipulation may

11    be executed by facsimile signature and delivered by facsimile transmission with the same effect as

12    delivery of a manually executed counterpart of this Stipulation.

13        20.    Compromise.  The Parties agree that this Stipulation is a compromise of certain

14    financing and use of cash collateral issues.  Neither this Stipulation nor anything contained in this

15    Stipulation shall be construed as, treated as or characterized as an admission by any Party of any fact

16    or liability or as evidence of any allegation of any Party.  Neither this Stipulation nor anything in this

17    Stipulation shall be admissible in any proceeding as evidence of liability or wrongdoing by any of

18    the Parties.  This Stipulation may be introduced, however, in any proceeding to enforce the terms of

19    this Stipulation.

20        21.    Authority.  Each person who signs this Stipulation represents and warrants that he or

21    she has the authority and capacity to act on behalf of the Party for whom he or she is signing and to

22    bind that Party to the terms of this Stipulation.

23        22.    Entire Agreement.  This Stipulation contains the entire agreement between the Parties

24    and may not be amended or modified except by a writing executed by the Parties or further order of

25    the Court.  All prior oral and written agreements, if any, are expressly superseded hereby and are of

26    no further force and effect.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

WEIL, GOTSHAL & MANGES LLP

- and -

Dated:    December 15, 2011          PACHULSKI STANG ZIEHL & JONES LLP

By _____
   Richard M. Pachulski
   Dean A. Ziehl

   Attorneys for Lehman ALI, Inc., Lehman
   Commercial Paper Inc., Northlake
   Holdings LLC and OVC Holdings LLC.

Dated:    December 15, 2011          WINTHROP COUCHOT
                                     PROFESSIONAL CORPORATION

By _____
   Paul J. Couchot
   Peter W. Lianides
   General Insolvency Counsel for Debtors
   and Debtors-in Possession

**EXHIBIT A**

**(Palmdale Budget)**

| Asset Name | Life Safety/Security | Erosion Control & Maint. | Entitlements | Utilities | G&A | Total |
|---|---|---|---|---|---|---|
| Palmdale/Ritter Ranch | $8,000 | $40,000 | $0.00 | $4,000 | $49,091 | $101,091 |

**EXHIBIT B**

**(Budget for Subject Voluntary Debtors Other Than Palmdale Hills)**

| Asset Name | Life Safety/Security | Erosion Control & Maint. | Entitlements | Utilities | G&A | Total |
|---|---|---|---|---|---|---|
| Acton | $0.00 | $2,000 | $0.00 | $0.00 | $0.00 | $2,000 |
| Bickford Ranch | $0.00 | $40,000 | $190,400 | $0.00 | $49,091 | $279,491 |
| Emerald Meadows | $2,400 | $28,000 | $0.00 | $0.00 | $22,500 | $52,900 |
| | | | | | | $334,391 |