JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
--------------------------------------------------------------------x
```
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
```
--------------------------------------------------------------------x
```

**NINTH INTERIM APPLICATION OF JONES DAY,**
**SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION,**
**SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD**
**FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings Inc. and its affiliated debtors |
| Date of Retention Order: | February 25, 2009 (effective *nunc pro tunc* to the Engagement Dates, as defined in the Retention Application (as such term is defined below))[1] |
| Period for Which Compensation and Reimbursement are Sought | June 1, 2011 to September 30, 2011 |
| Amount of Professional Fees Sought as Actual, Reasonable, and Necessary: | $3,354,568.80 |

---

[1] Jones Day's retention was subsequently expanded by various supplemental retention orders entered by the Court.

Name of Applicant:                                                    <u>Jones Day</u>

Amount of Expense Reimbursement Sought as Actual,        <u>$44,562.92</u>
Reasonable, and Necessary:

Total Amount Sought:                                                <u>$3,399,131.72</u>

This is an/a:  <u>X</u> Interim  ___ Final Application.

Total Amount Received for this Application:              <u>$1,267,894.98</u>

Total Amount Received for All Prior Applications:      <u>$56,464,595.18</u>

Aggregate Amount Paid to Date:                          <u>$57,732,490.16</u>

**<u>Total Compensation and Expenses Previously Requested and Awarded:</u>**

| Dated | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees[2] | Approved Expenses |
|-------|-------|----------------|----------------|--------------------|------------------|-------------------|
| 04/09/09 | 04/09/09 | 09/18/08 – 01/31/09 | $1,258,056.00 | $10,425.76 | $1,258,056.00 | $10,425.76 |
| 08/14/09 | 08/14/09 | 02/01/09 – 05/31/09 | $4,119,794.00 | $130,667.42 | $4,095,167.00 | $127,483.94 |
| 12/15/09 | 12/15/09 | 06/01/09 – 09/30/09 | $8,787,718.20 | $413,222.52 | $8,613,937.88 | $305,416.91 |
| 05/10/10 | 05/10/10 | 10/01/09 – 01/31/10 | $9,143,140.60 | $266,470.81 | $8,534,767.56 | $199,731.20 |
| 08/16/10 | 08/16/10 | 02/01/10 – 05/31/10 | $12,925,764.10 | $361,198.39 | $12,748,365.64 | $348,623.74 |
| 12/14/10 | 12/14/10 | 06/01/10 – 09/30/10 | $11,570,294.70 | $369,641.54 | $11,444,909.57 | $369,641.54 |
| 06/01/11 | 06/01/11 | 10/1/10 – 01/31/11 | $6,729,469.37 | $255,545.32 | Not yet determined. | Not yet determined. |
| 08/15/11 | 08/15/11 | 02/01/11 – 05/31/11 | $6,209,821.90 | $107,229.25 | Not yet determined. | Not yet determined. |

---

[2]      The "Approved Fees" do not include certain of those fees ("<u>Disputed Fees</u>") in respect of which the Fee Committee (as defined below) has raised certain objections, which objections are disputed by Jones Day. Jones Day and the Fee Committee have agreed to defer presenting the Disputed Fees to this Court for ruling until a later date.

NYI-4413762v4

**COMPENSATION PERIOD**

**JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|------|------|------|---------------------------|--------------------------|
| **Partner** | | | | |
| R H ENGMAN | 1997 | 800.00 | 28.0 | $22,400.00 |
| I C SEOW | 1991 | 700.00 | 7.4 | $5,180.00 |
| T R GEREMIA | 1999 | 725.00 | 5.3 | $3,842.50 |
| Y MORI | 1983 | 650.00 | 3.0 | $1,950.00 |
| W J HINE | 1996 | 725.00 | 136.7 | $99,107.50 |
| A S WARTER SISITSKY | 1997 | 725.00 | 563.4 | $408,465.00 |
| E W SEDLAK | 1984 | 725.00 | 17.4 | $12,615.00 |
| C J AHERN | 1990 | 700.00 | 2.4 | $1,680.00 |
| R SATO | 1992 | 650.00 | 2.1 | $1,365.00 |
| M P BROWN | 1993 | 925.00 | 40.0 | $37,000.00 |
| P J BENVENUTTI | 1974 | 800.00 | 12.1 | $9,680.00 |
| J S TELPNER | 1984 | 825.00 | 2.8 | $2,310.00 |
| J S TELPNER | 1984 | 850.00 | 70.2 | $59,670.00 |
| J S TELPNER[3] | 1984 | 875.00 | 55.5 | $48,562.50 |
| P J HOSER | 1982 | 675.00 | 0.4 | $270.00 |
| T V SCHAFFER | 2000 | 675.00 | 2.2 | $1,485.00 |
| T A CITERA | 1996 | 750.00 | 147.7 | $110,775.00 |
| K V MORLEY | 2002 | 925.00 | 1.0 | $925.00 |
| S OGULLUK | 1999 | 675.00 | 56.1 | $37,867.50 |
| G S ARDEN | 1986 | 800.00 | 14.0 | $11,200.00 |
| M A CODY | 1996 | 725.00 | 103.6 | $75,110.00 |
| W E BRYSON | 1984 | 575.00 | 2.4 | $1,380.00 |
| J RUE WITTSTEIN | 1985 | 800.00 | 39.3 | $31,440.00 |
| E H EVANS | 1990 | 850.00 | 25.1 | $21,335.00 |
| H LENNOX | 1992 | 775.00 | 11.3 | $8,757.50 |
| E J NALBANTIAN | 1983 | 880.00 | 156.6 | $137,808.00 |
| R W GAFFEY | 1982 | 850.00 | 222.1 | $188,785.00 |
| C E BLACK | 1998 | 675.00 | 8.6 | $5,805.00 |
| J W TAMBE | 1992 | 775.00 | 15.2 | $11,780.00 |
| J W TAMBE | 1992 | 800.00 | 208.3 | $166,640.00 |

---

[3]     Partners Telpner, Tambe and M. Sisitsky bill at different rates for different matters they handle on behalf of the Debtors' estates due to different billing arrangements made with respect to each matter.

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|
| D J KATES | 1995 | 650.00 | 31.3 | $20,345.00 |
| C P LIU | 1996 | 500.00 | 31.3 | $15,650.00 |
| S PEARSON | 1989 | 800.00 | 19.8 | $15,840.00 |
| M K SISITSKY | 1971 | 825.00 | 13.2 | $10,890.00 |
| M K SISITSKY | 1971 | 875.00 | 78.9 | $69,037.50 |
| T P FLOOD | 1995 | 800.00 | 3.6 | $3,168.00 |
| **Partner Total:** | | | **2,138.30** | **$1,660,121.00** |
| | | | | |
| **Of Counsel** | | | | |
| S W FLEMING | 1994 | 575.00 | 1.6 | $920.00 |
| A T KHO | 1997 | 840.00 | 73.6 | $61,824.00 |
| C M KIM | 1987 | 925.00 | 48.3 | $44,677.50 |
| E H TERRITT | 1996 | 840.00 | 70.8 | $59,472.00 |
| **Of Counsel Total:** | | | **194.3** | **$166,893.50** |
| | | | | |
| **Counsel** | | | | |
| L W SAWYER | 1998 | 625.00 | 145.9 | $91,187.50 |
| D REDDY | 1998 | 725.00 | 1.4 | $1,015.00 |
| **Counsel Total:** | | | **147.3** | **$92,202.50** |
| | | | | |
| **Associate** | | | | |
| R S BARR | 2004 | 675.00 | 73.0 | $49,275.00 |
| S E LIEBER | 2003 | 575.00 | 27.1 | $15,582.50 |
| T A WILSON | 2003 | 500.00 | 0.3 | $150.00 |
| S A TURK | 2008 | 450.00 | 31.1 | $13,995.00 |
| S C TIPI | 2005 | 500.00 | 120.5 | $66,275.00 |
| M D SILBERFARB | 2005 | 500.00 | 27.3 | $15,015.00 |
| J R WEARE | 2005 | 750.00 | 8.7 | $6,525.00 |
| N P LEBIODA | 2006 | 600.00 | 141.0 | $84,600.00 |
| L M POLLACK | 2006 | 500.00 | 76.3 | $38,150.00 |
| A P VAN VOORHEES | 2006 | 500.00 | 48.8 | $24,400.00 |
| P WILKINSON | 1992 | 450.00 | 54.3 | $25,792.50 |
| M W LO | 2003 | 400.00 | 65.1 | $27,667.50 |
| A P MCBRIDE | 2007 | 475.00 | 109.7 | $52,107.50 |
| C SEETOO | 2008 | 250.00 | 0.8 | $200.00 |
| B ROSENBLUM | 2005 | 625.00 | 258.1 | $161,312.50 |
| N YADAVA | 2008 | 450.00 | 64.6 | $29,070.00 |
| B A CRAWFORD | 2008 | 450.00 | 10.0 | $4,500.00 |

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|
| H GOITOM | 2008 | 475.00 | 104.1 | $49,447.50 |
| P B GREEN | 2008 | 450.00 | 46.7 | $21,015.00 |
| M REZNIK | 2008 | 450.00 | 147.4 | $66,330.00 |
| K MAMEDOVA | 2008 | 450.00 | 0.8 | $360.00 |
| M O THAYER | 2009 | 425.00 | 262.3 | $111,477.50 |
| J SCHWARTZ | 2009 | 425.00 | 2.5 | $1,062.50 |
| J M TILLER | 2006 | 500.00 | 10.7 | $5,350.00 |
| L M BUONOME | 2009 | 425.00 | 31.9 | $13,557.50 |
| M J DAILEY | 2009 | 425.00 | 54.6 | $23,205.00 |
| E G GREENBERG | 2009 | 425.00 | 69.9 | $29,707.50 |
| D G MARKS | 2009 | 425.00 | 43.3 | $18,402.50 |
| C E WELLS | 2009 | 425.00 | 2.5 | $1,062.50 |
| M S CHOW | 2009 | 425.00 | 35.8 | $15,215.00 |
| E P STEPHENS | 2009 | 425.00 | 174.80 | $74,290.00 |
| P T BRABANT | 2004 | 400.00 | 16.4 | $6,970.00 |
| L Y LIU | 2000 | 450.00 | 38.2 | $17,190.00 |
| J KIM | 2010 | 375.00 | 115.6 | $43,350.00 |
| E G SHELSTON | 2010 | 275.00 | 1.3 | $357.50 |
| T FUNO | 2008 | 350.00 | 15.1 | $5,285.00 |
| S A GRIFFIN | 2000 | 700.00 | 11.7 | $8,190.00 |
| L M YEMM | 2010 | 325.00 | 90.9 | $29,542.50 |
| I HSU | 2010 | 325.00 | 67.7 | $22,002.50 |
| C HOHL | 2009 | 224.00 | 8.2 | $1,836.80 |
| S CHAKRAVORTTY | 2006 | 575.00 | 44.7 | $26,820.00 |
| M F HERMAN | 2003 | 525.00 | 30.6 | $17,595.00 |
| N J LU | 2006 | 425.00 | 44.7 | $18,997.50 |
| S GLIMCHER | 2010 | 325.00 | 7.3 | $2,372.50 |
| T TAKAHASHI | 2010 | 270.00 | 18.9 | $5,103.00 |
| Y TAKATAMA | 2007 | 375.00 | 3.0 | $1,125.00 |
| **Associate Total:** | | | **2,618.3** | **$1,251,837.30** |
| | | | | |
| **Staff Attorney** | | | | |
| L C FISCHER | 1996 | 350.00 | 213.0 | $74,550.00 |
| A YANG | 2009 | 200.00 | 35.8 | $7,1600.00 |
| L HUANG | 2011 | 225.00 | 100.7 | $22,657.50 |
| J CHANG | 2011 | 170.00 | 0.8 | $136.00 |
| J Z LIANG | 2011 | 170.00 | 6.6 | $1,122.00 |
| **Staff Attorney Total:** | | | **356.9** | **$105,625.50** |

| Name | Year | Rate | Compensation Period Hours | Compensation Period Fees |
|------|------|------|---------------------------|--------------------------|
| | | | | |
| **Law Clerk** | | | | |
| E HO | | 250.00 | 52.4 | $13,100.00 |
| A KAYE | | 260.00 | 3.4 | $884.00 |
| G YUEN | | 250.00 | 0.8 | $200.00 |
| C CHUNG | | 250.00 | 13.0 | $3,250.00 |
| O GOH-LIVORNESS | | 250.00 | 13.7 | $3,425.00 |
| **Law Clerk Total:** | | | **83.3** | **$20,859.00** |
| | | | | |
| **Paraprofessional** | | | | |
| A J RAY | | 250.00 | 7.0 | $1,750.00 |
| M E HEMANN | | 200.00 | 107.2 | $21,440.00 |
| V BANSON | | 160.00 | 0.65 | $104.00 |
| N J CABRERA | | 275.00 | 0.9 | $247.50 |
| S BRYAN | | 275.00 | 0.7 | $192.50 |
| M B STONE | | 275.00 | 4.0 | $1,100.00 |
| A D SAMUELSON | | 250.00 | 1.5 | $375.00 |
| D H YI | | 250.00 | 14.4 | $3,600.00 |
| T J BARRY | | 250.00 | 12.1 | $3,025.00 |
| K M WAAG | | 250.00 | 33.1 | $8,275.00 |
| A MOHANDAS | | 215.00 | 4.9 | $1,053.50 |
| J TREANOR | | 275.00 | 3.0 | $825.00 |
| **Paraprofessional Total:** | | | **189.45** | **$41,987.50** |
| | | | | |
| **Legal Support** | | | | |
| R LOK | | 185.00 | 18.5 | $3,422.50 |
| **Legal Support Total:** | | | **18.5** | **$3,422.50** |
| | | | | |
| **Project Assistant** | | | | |
| A A DEBRAH-DWAMENA | | 175.00 | 24.0 | $4,200.00 |
| K P ENGLERT | | 175.00 | 42.4 | $7,420.00 |
| **Project Assistant Total:** | | | **66.4** | **$11,620.00** |
| **Grand Total** | | | **5,812.75** | **$3,354,568.80** |

NYI-4413762v4

**COMPENSATION PERIOD**

**JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

**(BY JONES DAY MATTER)**

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Asia Pacific (125426-600001)** | | |
| **Partner** | | |
| CHRISTOPHER AHERN | 2.4 | $1,680.00 |
| WILLIAM BRYSON | 2.4 | $1,380.00 |
| ROBERT GAFFEY | 3.5 | $2,975.00 |
| PHILIP HOSER | 0.4 | $270.00 |
| CHUNG-PING LIU | 31.3 | $15,650.00 |
| YUICHIRO MORI | 3.0 | $1,950.00 |
| RIKA SATO | 2.1 | $1,365.00 |
| ERIC SEDLAK | 17.4 | $12,615.00 |
| IAIN SEOW | 7.4 | $5,180.00 |
| **Partner Total:** | **69.9** | **$43,065.00** |
| | | |
| **Of Counsel** | | |
| STEVEN FLEMING | 1.6 | $920.00 |
| CHRISTINE KIM | 48.3 | $44,677.50 |
| **Of Counsel Total:** | **49.9** | **$45,597.50** |
| | | |
| **Associate** | | |
| ROSS BARR | 73.0 | $49,275.00 |
| PETER BRABANT | 16.4 | $6,970.00 |
| LAUREN BUONOME | 29.5 | $12,537.50 |
| TETSUYA FUNO | 15.1 | $5,285.00 |
| JI UNG KIM | 115.6 | $43,350.00 |

NYI-4413762v4

| Name | Compensation Period Hours | Compensation Period Fees |
| --- | --- | --- |
| LOUIS LIU | 38.2 | $17,190.00 |
| MING WEI LO | 65.1 | $27,667.50 |
| CHIAHENG SEETOO | 0.8 | $200.00 |
| EMMA SHELSTON | 1.3 | $357.50 |
| TOSHIAKI TAKAHASHI | 18.9 | $5,103.00 |
| YASUNOBU TAKATAMA | 3.0 | $1,125.00 |
| PETER WILKINSON | 54.3 | $25,792.50 |
| **Associate Total:** | **431.2** | **$194,853.00** |
| | | |
| **Law Clerk** | | |
| CARMEN CHUNG | 13.0 | $3,250.00 |
| OSTIANE GOH-LIVORNESS | 13.7 | $3,425.00 |
| EDITH HO | 52.4 | $13,100.00 |
| ALINA KAYE | 3.4 | $884.00 |
| GIGI YUEN | 0.8 | $200.00 |
| **Law Clerk Total:** | **83.3** | **$20,859.00** |
| | | |
| **Staff Attorney** | | |
| JULIE CHANG | 0.8 | $136.00 |
| LI JUNG HUANG | 100.7 | $22,657.50 |
| JAMES LIANG | 6.6 | $1,122.00 |
| ALEX YANG | 35.8 | $7,160.00 |
| **Staff Attorney Total:** | **143.9** | **$31,075.50** |
| | | |
| **Paraprofessional** | | |
| ROGER LOK | 18.5 | $3,422.50 |
| **Paraprofessional Total:** | **18.5** | **$3,422.50** |
| | | |
| **Grand Total for Asia Pacific** | **796.70** | **$338,872.50** |
| | | |

NYI-4413762v4

| Name | Compensation Period Hours | Compensation Period Fees |
|------|---------------------------|--------------------------|
|  |  |  |
| **Barclays (125426-600002)** |  |  |
| **Partner** |  |  |
| ROBERT GAFFEY | 184.8 | $157,080.00 |
| WILLIAM HINE | 97.7 | $70,832.50 |
| TRACY SCHAFFER | 2.2 | $1,485.00 |
| **Partner Total:** | **284.7** | **$229,397.50** |
| **Associate** |  |  |
| BRIDGET CRAWFORD | 10.0 | $4,500.00 |
| MICHAEL DAILEY | 7.5 | $3,187.50 |
| BART GREEN | 23.2 | $10,440.00 |
| BENJAMIN ROSENBLUM | 0.1 | $62.50 |
| ERIC STEPHENS | 174.8 | $74,290.00 |
| **Associate Total:** | **215.6** | **$92,480.00** |
|  |  |  |
| **Paraprofessional** |  |  |
| BRETT STONE | 2.5 | $687.50 |
| **Paraprofessional Total:** | **2.5** | **$687.50** |
|  |  |  |
| **Grand Total for Barclays** | **502.8** | **$322,565.00** |
| **Derivative Transactions (125426-600004) (_London_)** |  |  |
| **Partner** |  |  |
| MICHAEL BROWN | 40.0 | $37,000.00 |
| TIM FLOOD | 3.6 | $3,168.00 |
| KAY MORLEY | 1.0 | $925.00 |
| EDWARD NALBANTIAN | 156.6 | $137,808.00 |
| JAYANT TAMBE | 15.2 | $11,780.00 |
| JOEL TELPNER | 2.8 | $2,310.00 |
| AVIVA WARTER SISITSKY | 0.9 | $652.50 |
| **Partner Total:** | **220.1** | **$193,643.50** |

NYI-4413762v4

| **Of Counsel** | | |
|---|---|---|
| AMY KHO | 73.6 | $61,824.00 |
| ELIZABETH TERRITT | 70.8 | $59,472.00 |
| **Of Counsel Total:** | **144.4** | **$121,296.00** |

| **Associate** | | |
|---|---|---|
| SATARUPA CHAKRAVORTY | 44.7 | $26,820.00 |
| CHRISTINE HOHL | 8.2 | $1,836.80 |
| BENJAMIN ROSENBLUM | 10.2 | $6,375.00 |
| JUSTIN WEARE | 8.7 | $6,525.00 |
| NIDHI YADAVA | 29.7 | $13,365.00 |
| **Associate Total:** | **101.5** | **$54,921.80** |

| **Paraprofessional** | | |
|---|---|---|
| VICKY BANSON | 0.65 | $104.00 |
| DANIEL YI | 0.8 | $200.00 |
| **Paraprofessional Total:** | **1.45** | **$304.00** |

| **Grand Total for Derivative Transactions (London)** | **467.45** | **$370,165.30** |
|---|---|---|

| **Metropolitan Pier and Exposition Authority (089600-605002)** | | |
|---|---|---|
| **Associate** | | |
| JOSEPH TILLER | 0.5 | $250.00 |
| **Associate Total:** | **0.5** | **$250.00** |
| **Grand Total for Metropolitan Pier and Exposition Authority** | **0.5** | **$250.00** |

| **Derivatives (089600-016075) (*New York*)** | | |
|---|---|---|
| **Partner** | | |
| GLENN ARDEN | 14.0 | $11,200.00 |

| CARL BLACK | 4.9 | $3,307.50 |
|---|---|---|
| TONI-ANN CITERA | 147.7 | $110,775.00 |
| MARK CODY | 103.6 | $75,110.00 |
| ROBERT GAFFEY | 33.8 | $28,730.00 |
| TODD GEREMIA | 5.3 | $3,842.50 |
| WILLIAM HINE | 39.0 | $28,275.00 |
| DAVID KATES | 31.3 | $20,345.00 |
| HEATHER LENNOX | 11.3 | $8,757.50 |
| SEVAN OGULLUK | 56.1 | $37,867.50 |
| STEPHEN PEARSON | 19.8 | $15,840.00 |
| JANE RUE WITTSTEIN | 39.3 | $31,440.00 |
| MARK SISITSKY | 92.1 | $79,927.50 |
| JAYANT TAMBE | 208.3 | $166,640.00 |
| JOEL TELPNER | 125.7 | $108,232.50 |
| AVIVA WARTER SISITSKY | 562.5 | $407,812.50 |
| **Partner Total:** | **1,494.7** | **$1,138,102.50** |
|  |  |  |
| **Counsel** |  |  |
| LAURA SAWYER | 145.9 | $91,187.50 |
| **Counsel Total:** | **145.9** | **$91,187.50** |
|  |  |  |
| **Associate** |  |  |
| LAUREN BUONOME | 2.4 | $1,020.00 |
| MATTHEW CHOW | 35.8 | $15,215.00 |
| MICHAEL DAILEY | 47.1 | $20,017.50 |
| HABEN GOITOM | 104.1 | $49,447.50 |
| BART GREEN | 23.5 | $10,575.00 |
| ELIZABETH GREENBERG | 69.9 | $29,707.50 |
| I-HENG HSU | 67.7 | $22,002.50 |
| NATHAN LEBIODA | 140.1 | $84,060.00 |
| SARAH LIEBER | 27.1 | $15,582.50 |
| NANCY LU | 44.7 | $18,997.50 |

NYI-4413762v4

| KAMILLA MAMEDOVA | 0.8 | $360.00 |
|---|---|---|
| DAVID MARKS | 43.3 | $18,402.50 |
| ALEXANDER MCBRIDE | 109.7 | $52,107.50 |
| LEE POLLACK | 76.3 | $38,150.00 |
| MIRIAM REZNIK | 147.4 | $66,330.00 |
| BENJAMIN ROSENBLUM | 247.8 | $154,875.00 |
| MICHAEL SILBERFARB | 27.3 | $15,015.00 |
| MICHAEL THAYER | 262.3 | $111,477.50 |
| JOSEPH TILLER | 10.2 | $5,100.00 |
| STELA TIPI | 120.5 | $66,275.00 |
| SUSAN TURK | 31.1 | $13,995.00 |
| ALEXANDER VAN VOORHEES | 48.8 | $24,400.00 |
| CLAIRE WELLS | 2.5 | $1,062.50 |
| NIDHI YADAVA | 34.9 | $15,705.00 |
| LISA YEMM | 90.9 | $29,542.50 |
| **Associate Total:** | **1,816.2** | **$879,422.50** |
| | | |
| **Staff Attorney** | | |
| LYNNE FISCHER | 213.0 | $74,550.00 |
| **Staff Attorney Total:** | **213.0** | **$74,550.00** |
| | | |
| **Paraprofessional** | | |
| THOMAS BERRY | 12.1 | $3,025.00 |
| MARY HEMANN | 107.20 | $21,440.00 |
| ANITA MOHANDAS | 4.9 | $1,053.50 |
| ANDRE RAY | 7.0 | $1,750.00 |
| ANDREW SAMUELSON | 1.5 | $375.00 |
| JANIS TREANOR | 3.0 | $825.00 |
| KIRK WAAG | 33.1 | $8,275.00 |
| DANIEL YI | 13.2 | $3,300.00 |
| ADOBEA DEBRAH-DWAMENA | 24.0 | $4,200.00 |

| KEVIN ENGLERT | 42.4 | $7,420.00 |
|---|---|---|
| **Paraprofessional Total:** | **248.4** | **$51,663.50** |
| | | |
| **Grand Total for Derivatives (New York)** | **3,918.2** | **$2,234,926.00** |
| **Greenbrier Minerals LLC (125426-635001)** | | |
| **Partner** | | |
| RICHARD ENGMAN | 28.0 | $22,400.00 |
| **Partner Total:** | **28.0** | **$22,400.00** |
| | | |
| **Associate** | | |
| SCOTT GRIFFIN | 11.7 | $8,190.00 |
| JORDAN SCHWARTZ | 2.5 | $1,062.50 |
| **Associate Total:** | **14.2** | **$9,252.50** |
| | | |
| **Paraprofessional** | | |
| DANIEL YI | 0.4 | $100.00 |
| **Paraprofessional Total:** | **0.4** | **$100.00** |
| | | |
| **Grand Total for Greenbrier Minerals LLC** | **42.6** | **$31,752.50** |
| **Aircraft Dispositions (125426-600005)** | | |
| **Partner** | | |
| ELIZABETH EVANS | 25.1 | $21,335.00 |
| **Partner Total:** | **25.1** | **$21,335.00** |
| | | |
| **Associate** | | |
| SABRINA GLIMCHER | 7.3 | $2,372.50 |
| MICHELLE HERMAN | 30.6 | $17,595.00 |
| **Associate Total:** | **37.9** | **$19,967.50** |
| | | |

- 13 -

| Counsel | | |
|---|---|---|
| DEEPAK REDDY | 1.4 | $1,015.00 |
| **Counsel Total:** | **1.4** | **$1,015.00** |
| | | |
| **Paraprofessional** | | |
| SOPHIA BRYAN | 0.7 | $192.50 |
| NUBIA CABRERA | 0.9 | $247.50 |
| **Paraprofessional Total:** | **1.6** | **$440.00** |
| | | |
| **Grand Total for Aircraft Dispositions** | **66.0** | **$42,757.50** |
| **Non-Derivative Avoidance Actions (125426-600006)** | | |
| **Partner** | | |
| CARL BLACK | 3.7 | $2,497.50 |
| **Partner Total:** | **3.7** | **$2,497.50** |
| | | |
| **Associate** | | |
| NATHAN LEBIODA | 0.9 | $540.00 |
| THOMAS WILSON | 0.3 | $150.00 |
| **Associate Total:** | **1.2** | **$690.00** |
| **Grand Total for Non-Derivative Avoidance Actions** | **4.9** | **$3,187.50** |
| **CEIDCO/Kontrabecki (593926-600001)** | | |
| **Partner** | | |
| PETER BENVENUTTI | 12.1 | $9,680.00 |
| **Partner Total:** | **12.1** | **$9,680.00** |
| | | |
| **Paraprofessional** | | |
| BRETT STONE | 1.5 | $412.50 |
| **Paraprofessional Total:** | **1.5** | **$412.50** |
| **Grand Total for CEIDCO/Kontrabecki** | **13.6** | **$10,692.50** |

- 14 -

JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                          :        Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :        08-13555 (JMP)
                                               :
                           Debtors.            :        (Jointly Administered)
                                               :
-----------------------------------------------------------------x
```

**NINTH INTERIM APPLICATION**
**OF JONES DAY, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING**
**ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**FOR THE PERIOD FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Jones Day, special counsel for Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), submits this ninth

interim application (the "Application") seeking (a) allowance of compensation for professional

services rendered by Jones Day to the Debtors in the amount of $3,354,568.80, and

(b) reimbursement of actual and necessary charges and disbursements incurred by Jones Day in

the rendition of required professional services on behalf of the Debtors in the amount of

$44,562.92,[4] in each case for the period from June 1, 2011 through September 30, 2011

(the "Compensation Period"), pursuant to section 330(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

(the "Local Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of

the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals, entered in these cases on

April 14, 2011 [Docket No. 15997] (the "Interim Compensation Order").  In support of this

Application, Jones Day respectfully represents as follows.

### Background

1.      Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the

other Debtors commenced with the United States Bankruptcy Court of the Southern District of

New York (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

---

[4]      Such amounts reflect voluntary reductions made by Jones Day in the aggregate amount of $166,120.20 on
account of fees and expenses incurred during the Compensation Period.

2.    On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.  On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.    On May 26, 2009, the Court appointed a fee committee (the "Fee

Committee"), and approved a protocol to govern the review and payment of fees and

reimbursement of expenses of professionals retained by the Debtors' estates, (as amended the

"Fee Protocol").  The Fee Committee was authorized to perform the duties described in the Fee

Protocol, including, among others, implementing procedures to effectively monitor the fees of

the Retained Professionals (as defined in the Fee Protocol) and reducing inefficiency by

establishing measures to avoid duplication of effort, overstaffing, the rendering of unnecessary

services, and the incurrence of excessive or inappropriate expenses by Retained Professionals.

Since its appointment, the Fee Committee has intermittently issued guidelines with respect to the

fees and expenses of the Retained Professionals (the "Fee Committee Guidelines", together with

the UST Guidelines, the Local Guidelines and the Interim Compensation Order,

the "Guidelines").

5.    On December 6, 2011, the Court entered an Order Confirming the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its

Affiliates.

- 3 -

## Jurisdiction and Venue

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.      Pursuant to this Application, Jones Day seeks allowance of the following:

(a) compensation for professional services rendered during the Compensation Period in the

aggregate amount of $3,354,568.80; and (b) reimbursement of expenses incurred in connection

with such services in the aggregate amount of $44,562.92.

8.      During the Compensation Period, Jones Day attorneys and

paraprofessionals expended a total of 5,812.75 hours for which compensation is requested.

9.      Prefixed to this Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all Jones Day professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year in which each attorney was first admitted to practice law.  In

addition, the schedule sets forth for each person (a) the hourly rate during the Compensation

Period, (b) the total hours billed for which compensation is sought, and (c) the total

compensation for such hours.

10.      Also prefixed to this Application is the summary sheet, requested by the

Fee Committee, showing, for each Jones Day matter, the timekeepers who provided services

(including their hours and fees) and the Jones Day matter and corresponding matter number to

which the relevant services apply.

- 4 -

11.    Annexed hereto as <u>Exhibit "A"</u> is a summary of the services rendered by Jones Day for which compensation is sought by project category.  Annexed hereto as <u>Exhibit "B"</u> is a listing of the detailed time entries of Jones Day professionals and paraprofessionals with respect to the compensation requested.[5]  Annexed hereto as <u>Exhibit "C"</u> is a summary of the types of expenses for which reimbursement is sought.  Annexed hereto as <u>Exhibit "D"</u> is a detailed itemization of such expenses.  Annexed hereto as <u>Exhibit "E"</u>  is a chart, per the UST Guidelines and Fee Committee Guidelines, listing (a) all hearings/ outside meetings/ depositions, etc. attended by more than one Jones Day timekeeper during the Compensation Period; (b) all Jones Day timekeepers at such event; and (c) the reasons why all such timekeepers' attendance at such hearings/ outside meetings/ depositions was necessary.  Annexed hereto as <u>Exhibit "F"</u> is the certification of Robert W. Gaffey with respect to the Application pursuant to the Local Guidelines.

## Jones Day's Retention

12.    On February 4, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtor, *nunc pro tunc* to the Engagement Dates (Docket No. 2725) (the "<u>Retention Application</u>").

13.    On February 25, 2009, the Court entered the Amended Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Jones Day as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Dates (Docket No. 2925) (the "<u>Retention Order</u>").

---

[5]    Due to the voluminous nature of such documents, Jones Day's detailed time and expense records (<u>Exhibits B</u> and <u>D</u> hereto) are not being filed herewith, but, consistent with the Interim Compensation Order, are being provided to the Court and the Notice Parties (as defined herein).  The Notice Parties have previously received such records under the Interim Compensation Order.

NYI-4413762v4

14.    During the period of May 2009 through June 2011, the Court entered eight further orders granting additional supplemental retention applications under which Jones Day's scope of retention under the Retention Order was subsequently expanded.

**Payments Received by Jones Day in
Accordance with the Interim Compensation Order**

15.    On April 11, 2011, the Court entered the Interim Compensation Order, which superseded the amended order dated March 13, 2009 in its entirety.  Pursuant to the Interim Compensation Order, the Court established procedures for the Debtors' payment of interim compensation and reimbursement of expenses of professionals retained in these chapter 11 cases.

16.    During the Compensation Period, Jones Day served a notice of monthly fee and expense invoice for each monthly period from June 1, 2011 through September 30, 2011 (collectively, the "Monthly Statements").  Because no objections were filed to any of the Monthly Statements, the Debtors made the following payments to Jones Day in respect of certain of the Monthly Statements pursuant to the Interim Compensation Order:

| Periods | Fees Requested | Expenses Requested | Payment Dates | Payment Amount[6] |
|---|---|---|---|---|
| June 2011 | $829,652.80 | $13,165.30 | 9/12/2011 | $673,887.54 |
| July 2011 | $720,263.40 | $14,796.72 | 10/10/2011 | $591,007.44 |
| August 2011 | $908,696.50 | $6,387.40 | Not Yet Determined | Not Yet Determined |
| September 2011 | $944,657.50 | $10,213.50 | Not Yet Determined | Not Yet Determined |

---

[6]    Payments were made on account of 80% of fees and 100% of expenses requested.

## Summary of Services Rendered by Jones Day

17.    Below is a summary of the major activities performed during the

Compensation Period by Jones Day professionals and paraprofessionals in assisting the Debtors

with their chapter 11 cases and other restructuring-related activities, categorized by region[7] and

sub-categorized by matter where appropriate.  Descriptions of the services rendered by Jones

Day are included in the Monthly Statements and Exhibit B hereto.  In accordance with the UST

Guidelines, a summary of the hours and amounts billed during the Compensation Period by each

timekeeper, as well as each timekeeper's position, hourly rate and, if applicable, the year in

which each timekeeper was first licensed to practice law, is set out in the cover sheet prefixed to

this Application.

*Asia Pacific*

18.    During the Compensation Period, Jones Day professionals and

paraprofessionals attended to numerous case administration tasks and commercial issues arising

from the restructuring of various entities across the Asia Pacific region and globally.  Such tasks

included liaising and coordinating across a number of Jones Day's offices in various jurisdictions,

preparing monthly budget estimates, preparing Jones Day's seventh interim fee application,

responding to the Fee Committee's questions and requests and dealing with conflict and similar

issues arising from time to time and other issues as more specifically set forth below.

*Australia*

19.    During the Compensation Period, the services rendered by Jones Day

professionals and paraprofessionals in Australia included assisting and advising the Debtors with

respect to insolvency proceedings in relation to Lehman Brothers Australia Limited (In

---

[7]    Categorizing the various services provided to the Debtors by Jones Day by region was previously approved by both the Debtors and the Fee Committee.

NYI-4413762v4

Liquidation) ("LBA").  Such services included assisting and advising the Debtors in relation to

settlement options proposed by the liquidators of LBA for claims against LBA and non-

Australian Lehman entities, and providing updates on the status of class action proceedings

against LBA in the Federal Court of Australia.  Jones Day professionals and paraprofessionals

also advised the Debtors in relation operations of Lehman Brothers Australia Securities Pty

Limited, including in respect of the cancellation of its Australian financial services license and

compliance with its financial reporting obligations.

*Hong Kong*

20.       During the Compensation Period, Jones Day professionals in Hong Kong

advised the Debtors in relation to the refiling of their proof of debts against Lehman Brothers

Asia Holdings Limited and creditors' meetings.

*Japan*

21.       During the Compensation Period, Jones Day professionals obtained and

analyzed the copies of court documents to identify developments in the civil rehabilitation

proceedings, conducting legal research on civil rehabilitation law, preparing and filing various

documents with the local court, assisting the Debtors and other Lehman entities under the control

of the Debtors in Japan in asserting claims in the Japanese Civil Rehabilitation proceedings of

Lehman Brothers Japan KK ("LBJ"), Lehman Brothers Commercial Mortgage KK ("LBCM")

and Sunrise Finance KK ("Sunrise").  During the Compensation Period, Jones Day professionals

also advised (i) the Debtors and other Lehman entities under the control of the Debtors in Japan

on disclosure schedules, claim submissions, motions for assessment and payment processing

issues associated with the rehabilitation plans of LBJ, LBCM and Sunrise, and (ii) the Debtors

on operational and company legal matters associated with the winding down of operations in Japan.

During the Compensation Period, Jones Day professionals liaised with local counsel and other professionals regarding Japanese legal and commercial issues and assisted in the drafting of the relevant transaction documents.

*Malaysia*

22.    During the Compensation Period, Jones Day professionals continued to advise Lehman Brothers Pan Asian Investments Limited with regards to certain settlement agreements in connection with certain litigation instituted in the courts of Malaysia.

*Taiwan*

23.    During the Compensation Period, the services rendered by Jones Day professionals in Taiwan were attributed to TL I Asset Management Company Limited ("TL I"), TL II Asset Management Company Limited and TL III Asset Management Company Limited ("TL III").  Such services included advising Lehman entities with respect to the disposal and liquidation of assets and repayment of debts, drafting letters, agreements and other correspondence and documents with or to banks, creditors, debtors and governmental authorities, attending to matters relating to mortgage foreclosure and default disputes with banks and debtors, litigation, and representing Lehman entities in negotiations with various third parties and in respect of changes to the corporate registrations as required.

24.    Particularly, Jones Day has assisted TL III to claim compensation against its contractual parties in Yilan development project, and to negotiate with its largest creditor bank, Hua-Nan Bank, in relation to the disposal of Yilan investment during the past few months.

- 9 -

In addition, Jones Day also assisted TL I and TL III to negotiate with their contractual counterparty and Hua-Nan Bank in relation to the closing of Xiu-Gang Land sale.

*Thailand*

25.    The services rendered by Jones Day professionals in Thailand during the Compensation Period included assisting LBHI and its subsidiaries in managing LBHI's Thailand real estate and other assets.  This involved advising LBHI and its subsidiaries on various disposal (and post-disposal) strategies including:  (i) reviewing and responding to certain claims by purchaser of breaches of representations and warrants post-disposal; (ii) drafting and negotiating all key transaction documents; and (iii) reviewing and analyzing existing security documents, facility agreements, joint venture agreements and other documents in connection with the disposal of various assets of LBHI and its subsidiaries.

**London**

*Derivatives*

26.    In September 2009, Jones Day professionals in London were retained to advise the Debtors on derivatives documentation matters arising from the occurrence of credit events with respect to various "Reference Obligations" referenced in credit derivatives and synthetic CDO documentation to which the Debtors are party, including the exercise or performance of their respective rights and obligations under such documentation.

27.    During the Compensation Period, Jones Day reviewed and analyzed the documentation for certain CDO structures and the related swap transaction and provided advice to the Debtors regarding potential rights of termination and recovery arising from marked to market trigger events in the financing structure.  Jones Day developed a proposed strategy for effecting a termination in the context of the documentation and a potential judicial challenge.

28.     During the Compensation Period, Jones Day also advised on the termination and settlement of derivatives transactions involving the Debtors related to a series of fifteen securitization structures.  Jones Day reviewed and analyzed the transaction documents and prepared and negotiated settlement agreements with the Debtors' counterparties with respect to each securitization structure.

29.     Jones Day also advised on the termination of a derivative transaction against a non-performing counterparty.  Jones Day is assisting the Debtors to recover amounts owed to them by the counterparty through foreign court proceedings.

30.     Jones Day has also represented the Debtors in the settlement of outstanding FX and Forward FX transactions (and related valuation issues) under English and New York law, including under circumstances where such transactions are either undocumented, subject to or deemed subject to ISDA Master or other market documentation.

31.     During the Compensation Period, Jones Day also provided contentious advice relating to valuation of termination and settlement of five derivatives transactions and the valuation disputes thereto involving the Debtors, including corresponding with counterparties, assisting with negotiations and progressing settlement of valuation disputes via the ADR process. Jones Day also advised in detail on issues relating to the interpretation of certain notification provisions in a series of derivative transactions under English law.

### Chicago

*Metropolitan Pier and Exposition Authority*

32.     Prior to the Petition Date, Lehman Brothers Special Financing, Inc. entered into a Debt Service Deposit Agreement (the "Agreement") for certain tax exempt bonds (the "Bonds") issued by the Metropolitan Pier and Exposition Authority of Illinois (the

"Authority").  After the Petition Date, the Authority issued additional capital appreciation bonds,

the proceeds of which were used to refund certain of the Bonds in advance of their stated

maturity.

33.    During the Compensation Period, Jones Day professionals reviewed the

actions taken by the Authority pursuant to the Agreement and the indenture for the Bonds.  In

particular, Jones Day further analyzed the Agreement, the indenture and nine supplements to the

indenture for the Bonds, other relevant transaction documents, communications and publically

available information relevant to the refunding of the Bonds.  Jones Day further conducted a

broad range of research relating to aspects of relevant state and federal laws, and provided advice

to the Debtors on any possible recourse that the Debtors may have for the refunding of the Bonds.

*New York*

*Barclays*

34.    During the Compensation Period, Jones Day continued its representation

as special counsel to the Debtors regarding claims or other remedies arising from the asset

purchase agreement between Debtors and Barclays, executed September 16, 2008, and approved

by the Court by order entered September 20, 2008 (the "Sale Order").

35.    After the issuance of the Court's February 22, 2011 decision on the

Rule 60(b) motion (the "Decision"), during the Compensation Period Jones Day:  (a) continued

to address issues arising in regard to the submission and form of orders regarding the

implementation of the Decision; (b) attended hearings before the Court regarding post-Decision

issues; (c) addressed the necessary steps to preserve the Debtors' right to appeal from the

Decision; (d) completed extensive briefing of the summary judgment motion on behalf of the

Debtors' estates based on the findings in the Decision and the record of the trial on the

Rule 60(b) motion seeking to recover from Barclays certain unpaid consideration required to be

- 12 -

paid under the Asset Purchase Agreement; (e) prepared for and argued the summary judgment

motion; (f) addressed issues concerning the Court's decision on the summary judgment motion;

and (g) advised the Debtors' estates regarding appellate issues presented by the summary

judgment decision and the Decision.

*Derivatives*

36.    During the Compensation Period, Jones Day continued to advise the

Debtors with regard to certain derivative transactions with Prudential Global, Inc.  After

negotiating and finalizing the settlement of certain claims in this dispute, Jones Day continued to

represent the Debtors and craft strategy with regard to the remaining claims, which are currently

in litigation before the Court.

37.    During the Compensation Period, Jones Day continued to advise the

Debtors regarding transactions under three separate ISDA Master Agreements between the

Debtors and Nomura entities, including valuation issues pertaining to Icelandic bank reference

entities.  This matter is currently in litigation before the Court, but was stayed for a portion of the

Compensation Period pending settlement negotiations.  During the stay, Jones Day continued

negotiations with all three Nomura entities and the Official Committee of Unsecured Creditors

(the "Creditors' Committee") and analyzed discovery and settlement negotiation materials

provided to the Debtors by the Nomura entities.  After the stay was lifted, Jones Day negotiated

discovery issues with counsel for the Nomura entities and continued to craft strategy.

38.    In addition to the foregoing litigation matters, during the Compensation

Period, Jones Day represented the Debtors in alternative dispute resolution ("ADR") proceedings

with two derivative counterparties.  Specifically, Jones Day led one of the foregoing ADR

proceedings through mediation.  This matter settled at the mediation and resulted in considerable

- 13 -

sums being returned to the estate.  With regard to the other matter, Jones Day led the proceeding

to mediation in the prior compensation period, but the matter did not settle at mediation,

therefore, Jones Day continued negotiations towards settlement during the Compensation Period.

Jones Day also prepared to represent the Debtors in ADR proceedings that as of the

Compensation Period, had not yet entered formal mediation.

          39.      In addition to the foregoing ADR matters, during the Compensation

Period, Jones Day continued to counsel the Debtors concerning various derivatives and other

complex structured products entered into with multiple counterparties including interest rate

swaps, credit default swaps, total return swaps, foreign currency swaps, multi-currency cross

border swaps, accelerated share repurchase transactions and other financial products.  With

regard to these matters, Jones Day analyzed relevant transaction documents and communications,

conducted a broad range of research relating to all aspects of relevant state and federal laws,

drafted legal memoranda and crafted strategies for matters headed to ADR.  Jones Day continues

to advise the Debtors on derivatives issues pertaining to collateral and margin posting, valuation

and reconciliation, as well as unique provisions specific to counter-party swaps.

          40.      With regard to certain other derivatives transactions, during the

Compensation Period, Jones Day drafted and served pre-litigation discovery requests on one

party and drafted and prepared to serve pre-litigation discovery requests on two more parties.

Jones Day also prepared to serve pre-litigation discovery on another counterparty, but led the

parties to settlement prior to service of this discovery.  During the Compensation Period, Jones

Day also reviewed documents produced pursuant to pre-litigation discovery requests it drafted

and served during the previous compensation period.

*Greenbrier*

41.     During the Compensation Period, Jones Day continued to advise the Debtors in connection with the workout and restructuring of certain loans and investments involving Greenbrier Minerals LLC ("Greenbrier").  Services rendered by Jones Day professionals included, among others, advising the Debtors in relation to Lehman Commercial Paper Inc. ("LCPI"), particularly, as it relates to LCPI's settlement strategy in connection with its disputes with Greenbrier, as well as a sharing arrangement with respect to a potential sale of Greenbrier's assets.  In connection with such advice, Jones Day professionals reviewed pertinent documents, performed research, developed strategy regarding various settlement and sale issues, and engaged in communications with LCPI and Greenbrier regarding the sale process and related issues.

*Aircraft Dispositions*

42.     During the Compensation Period, Jones Day advised the Debtors and certain subsidiaries of the Debtors on aircraft dispositions and drafted the relevant term sheet and transaction documents related thereto.  Jones Day also negotiated a settlement with a third party interest holder in a subsidiary of the Debtors and the assets owned by such subsidiary and drafted the relevant settlement documents.

**San Francisco**

43.     The history of the San Francisco – Kontrabecki Matter, which was pending in the U.S. Bankruptcy Court in San Francisco, has been summarized in prior interim applications.

44.     As described in the eighth interim application, the litigation was settled through a judicial settlement conference in early November 2010.  The essential terms of the

- 15 -

settlement provide for full mutual releases, and for LBHI neither to receive nor pay any

settlement amounts.  The settlement was approved by the San Francisco bankruptcy court in

December 2010, and all proceedings have been dismissed.

45.     During the Compensation Period, Jones Day professionals and

paraprofessionals provided limited services related to implementation of the settlement and

responding to post-settlement communications and requests for information from the adverse

party and representatives of LBHI.  While some additional services of a similar limited nature

may be required, the matter appears to be essentially concluded.

## Expenses Incurred by Jones Day

46.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services

to the Debtors during the Compensation Period.  The total amount of the expenses is $44,562.92

for the Compensation Period, as summarized in the attached <u>Exhibit "C"</u> and detailed in the

attached <u>Exhibit "D"</u>.

47.     In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, Jones Day maintains the following policies with respect

to expenses for which reimbursement is sought herein:

(a)     No amortization of the cost of any investment, equipment, or capital
        outlay is included in the expenses.  In addition, for those items or services
        that Jones Day purchased or contracted from a third party (such as outside
        copy services), Jones Day seeks reimbursement only for the exact amount
        billed to Jones Day by the third party vendor and paid by Jones Day to the
        third party vendor.

(b)     Black and white photocopying by Jones Day was charged at 10 cents per

page.[8]  Color photocopying by Jones Day was charged at 50 cents per page.  To the extent practicable, Jones Day utilized less expensive outside copying services.

(c)     Telecopying by Jones Day was charged to the Debtors at the cost of the long distance call required to send the facsimile.  The firm did not impose any charge to the Debtors for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)     Meal charges incurred during travel charged to the Debtors for Jones Day personnel were limited to $40 per person.

(e)     Working meals and overtime meals for Jones Day personnel working past 8:00 p.m. were limited to $20 per person.

(f)     Coach airfares charged to the Debtors for Jones Day personnel were associated with out of town travel, meetings with the Debtors or other parties in these chapter 11 cases.

(g)     Taxi fares for overtime travel home after 8:00 p.m. were limited to $100.

(h)     Fees for hotel accommodation charged to the Debtors for Jones Day personnel were not in excess of $500 per night.

(i)     No staff overtime, word processing, proofreading charges or other "overhead" have been charged to the Debtors.

**The Requested Compensation Should Be Allowed**

48.     Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the

Court's review of a fee application:

In determining the amount of reasonable compensation to be awarded, the court shall

---

[8]     As disclosed and agreed to by the Fee Committee, Jones Day charges the Debtors at cost for duplication charges for obtaining court records at the Tokyo District Court.

consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including--

> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)     whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

49.     Jones Day respectfully submits that it has satisfied the requirements for

the allowance of the compensation and reimbursement of expenses sought herein.  The services

described above, at the time they were provided, were necessary and beneficial to the

administration of the Debtors' chapter 11 cases.  Jones Day's services were consistently

performed in a timely manner, commensurate with the complexity of the issues facing the

Debtors and the nature and importance of the problems, issues, and tasks.  Furthermore, the

compensation sought by Jones Day is reasonable because it is based on the customary

compensation charged by comparably skilled practitioners outside of bankruptcy.  Accordingly,

approval of the compensation sought herein is warranted.

### Statements of Jones Day Pursuant to Bankruptcy Rule 2016(a)

50.     Pursuant to the Interim Compensation Order, Jones Day has submitted the

Monthly Statements to (a) the Debtors, (b) counsel to the Debtors, Weil, Gotshal & Manges,

LLP, (c) counsel to Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, (d) the U.S.

Trustee, (e) the Fee Committee, (f) counsel to the Fee Committee, and (g) BrownGreer PLC

(collectively the "Notice Parties"), during the Compensation Period with respect to the Debtors'

chapter 11 cases, as follows:  (a) from June 1, 2011 through June 30, 2011 – fees of $829,652.80

and expenses of $13,165.30; (b) from July 1, 2011 through July 31, 2011 – fees of $720,263.40

and expenses of $14,796.72; (c) from August 1, 2011 through August 31, 2011 – fees of

$908,696.50 and expenses of $6,387.40, and (d) from September 1, 2011 through

September 30, 2011 – fees of $944,647.50 and expenses of $10,213.50.

        51.     In total, therefore, Jones Day has submitted Monthly Statements for fees

of $3,403,265.20 and expenses of $44,562.92 during the Compensation Period, and hereby seeks

interim approval of $3,354,568.80[9] of such fees and $44,562.92 in reimbursement of such

expenses under this Application.

        52.     Jones Day has received such payment from the Debtors relating to fees

and expenses in the Monthly Statements on account of services provided during the

Compensation Period as described in paragraph 16 above.

        53.     No agreement or understanding exists between Jones Day and any third

person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy

Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and

among partners of Jones Day.  All of the services for which compensation is sought in this

---

[9]    Following Jones Day's submission of the Monthly Statements to the Notice Parities but prior to the filing of
this Application, Jones Day took additional voluntary reductions in the aggregate amount of $48,691.40
(collectively, the "Subsequent Voluntary Reductions") in order to proactively ensure that the fees and
expenses submitted for approval hereby complied fully with the Fee Committee Guidelines and other
applicable Guidelines.  Adding the Subsequent Voluntary Reductions to the voluntary reductions in the
aggregate amount of $117,428.80 taken by Jones Day prior to its submission of the Monthly Statements to
the Notice Parties equals $166,120.20, which is the total voluntary reduction taken by Jones Day from the
total fees and expenses submitted for approval in this Application, as disclosed in footnote 4 hereof.

NYI-4413762v4

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

54.     Prior to the filing of this Application, Jones Day received no objections to

any of the Monthly Statements provided under the Interim Compensation Order from the

Debtors, the Fee Committee or anyone else.

### Notice

55.     Notice of this Application and its exhibits will be given to (a) the Debtors;

(b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Committee; (e) the Fee

Committee and its counsel; and (f) as requested by the Fee Committee, BrownGreer PLC.  Jones

Day respectfully submits that no other or further notice is required.

WHEREFORE, Jones Day respectfully requests that the Court (a) enter an order allowing interim compensation of $3,354,568.80 to Jones Day for professional services rendered as special counsel for the Debtor during the Compensation Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $44,562.92 in connection with Jones Day's services during the Compensation Period, (b) authorize and direct the Debtors to pay to Jones Day any and all unpaid, invoiced amounts for the Compensation Period; and (c) grant to Jones Day such other and further relief as the Court may deem proper.

Dated: December 16, 2011
        New York, New York

                            /s/ Robert W. Gaffey
                            Robert W. Gaffey
                            Ross S. Barr
                            JONES DAY
                            222 East 41st Street
                            New York, New York 10017-6702
                            Telephone:  (222) 326 3939
                            Facsimile:  (212) 755 7306

                            SPECIAL COUNSEL TO THE DEBTORS IN
                            POSSESSION

NYI-4413762v4

# **Exhibit A**

**NINTH INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING ALLOWANCE
AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM
JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

EXHIBIT "A"

**SUMMARY OF SERVICES BY PROJECT CATEGORY FOR SERVICES RENDERED
BY JONES DAY ON BEHALF OF THE DEBTORS
FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| Project Category | Total Hours by Project | Total Fees by Project (USD) |
|---|---|---|
| Asia Pacific | 796.7 | $338,872.50 |
| Chicago | 0.5 | $250.00 |
| London | 467.45 | $370,165.30 |
| New York | 4,534.5 | $2,635,188.50 |
| San Francisco | 13.6 | $10,092.50 |
| **Total** | **5,812.75** | **$3,354,568.80** |

NYI-4417086v1

# CURRENT FEE PERIOD: JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011

Case No.: 08-13555 (JMP)

Case Name: In re LEHMAN BROTHERS HOLDINGS INC., *et al.*, Debtors.

| APPLICANT | DATE/DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|-----------|----------------------------------|----------------|--------------|--------------------|-------------------|
| Jones Day | December 16, 2011 | [$3,354,568.80] | [        ] | [$44,562.92] | [        ] |

NYI-4417086v1

**EXHIBIT "B"**

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

# <u>Exhibit C</u>

**NINTH INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING ALLOWANCE
AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM
<u>JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011</u>**

EXHIBIT "C"

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED**
**BY JONES DAY ON BEHALF OF THE DEBTORS**
**FROM JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

| Disbursement Description | Amount Billed (USD) |
|---|---|
| Agents Fees | $2,387.60 |
| Calling Card Charges | $77.56 |
| Certified Copy Charges | $139.99 |
| Certified Document Charges | $10.18 |
| Color Duplication Charges | $62.50 |
| Communication Charges | $218.36 |
| Computerized Research Services | $331.20 |
| Conference Charges | $396.25 |
| Courier Services | $575.67 |
| Court Costs | $3,919.54 |
| Court Reporter Fees | $95.00 |
| Dow Jones Search Fees | $1.72 |
| Document Reproduction Charges | $6,131.10 |
| Federal Express Charges | $28.10 |
| Filing Fees and Related | $891.72 |
| General Internal Services | $216.00 |
| Late Work - Meals | $53.48 |
| Late Work – Taxi | $323.14 |
| Lexis Search Fees | $1,108.44 |
| Litigation Expenses | $1,187.50 |
| Local Food and Beverage Expenses | $1,159.04 |
| Local Transportation | $2,369.56 |
| Long Distance | $639.57 |
| Miscellaneous Expenses | $88.12 |
| Postage Charges | $29.16 |
| Printing Charges | $1,457.56 |
| Research Fees | $93.00 |
| Travel - Other Costs | $1.03 |
| Travel – Subway/Bus Charges | $24.02 |
| Travel - Taxi Charges | $322.54 |
| United Parcel Service Charges | $235.75 |
| Westlaw Search Fees | $19,949.52 |
| | |
| **Total Disbursements** | **$44,562.92** |

**EXHIBIT "D"**

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

# <u>Exhibit E</u>

**NINTH INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING ALLOWANCE
AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM
<u>JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011</u>**

**Multiple Timekeepers Attending Same Hearing/Outside Meeting/Deposition (9th Interim Fee Application)**

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Alex McBride<br>Lauri Sawyer<br>Jayant Tambe | 7/14/11 | (Rosslyn) Mediation session | • Tambe is in charge of the entire derivatives strategy and led the mediation session. He presented the client's position to the mediator and strategized with the client on the proceedings.<br>• Sawyer lead the drafting and preparation of the mediation statements and exhibits, calculated high-end settlement numbers and other high-level summaries for use at the mediation session.<br>• McBride was the junior associate who managed all mediation materials, obtained key documents and information as needed through the mediation, took extensive notes on the mediation proceedings and conferred with the internal team and client on strategy. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|----------------------------------|
| Benjamin Rosenblum Joel Telpner Stela Tipi Jayant Tambe Aviva Warter Sisitsky | 8/11/11 | (RFC) Settlement negotiations | • Tambe is in charge of the entire derivatives strategy and led the settlement negotiations. He presented the client's position and strategized with the client on the proceedings.<br>• Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction. His expert presence was necessary to provide technical background information for the interview and provide substantive questions regarding the structure of the transaction.<br>• Warter Sisitsky is the lead partner for this matter and attended to guide questions relating to the claims in this dispute.<br>• Tipi lead the drafting and preparation of relevant mediation statements and exhibits and conferred with the internal team and client on strategy.<br>• Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the dispute.<br><br>Each participant provided significant responsibilities and expertise critical to the RFC dispute. |
| Robert Gaffey William Hine Eric Stephens | 9/7/11 | Summary judgment argument | • Gaffey was the lead lawyer who was responsible for presenting the issues to the Court.<br>• Hine was the principal draftsman of the summary judgment motion and was needed to provide additional detail regarding this motion, if requested, by the Court..<br>• Stephens was the principle gatekeeper of relevant documents and case law and was needed to provide assistance with such information to support the oral argument. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Ming Wei Lo<br>Jung Li Huang | 9/20/11 | Hearing at Taipei District Court | • Wei Lo responded to the adversary's argument and to the judge's inquiries.<br>• Li Huang was responsible for confirming the accuracy of the trial record during the oral argument. |
| Lee Pollack<br>Jayant Tambe<br>Aviva Warter Sisitsky | 9/21/11 | (Nomura) Meeting with client and Official Unsecured Creditors Committee regarding case strategy | • Tambe is the lead derivatives lawyer and provided insight on strategic issues.<br>• Warter Sisitsky is the lead partner for this matter and attended to provide additional factual knowledge to support case strategy decisions.<br>• Pollack is the senior associate involved in the day-to-day dealings of the matter and are responsible for coordinating and conducting the discovery at issue, thereby making his presence necessary.. |

# **Exhibit F**

**NINTH INTERIM APPLICATION OF JONES DAY, SPECIAL COUNSEL
TO THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING ALLOWANCE
AND PAYMENT OF INTERIM COMPENSATION AND REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD FROM
JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

**EXHIBIT "F"**

JONES DAY
Robert W. Gaffey
Ross S. Barr
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel for the Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x
| | |
|---|---|
| **In re** | :      **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | :      **08-13555 (JMP)** |
| | : |
|              **Debtors.** | :      **(Jointly Administered)** |
| | : |

----------------------------------------------------------------------x

### CERTIFICATION OF ROBERT W. GAFFEY

I, Robert W. Gaffey, certify as follows:

       1.      I am a partner in the law firm of Jones Day.  I submit this certification with respect to the application (the "Application")[1] of Jones Day, special counsel for the debtors in possession in the above-captioned cases (the "Debtors"), for allowance of compensation for professional services rendered, and reimbursement of actual and necessary expenses incurred, for the period from June 1, 2011 through September 30, 2011.

       2.      I make this certification in accordance with General Order M-151, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on April 19, 1995 (the "Local Guidelines").

---

[1]      Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Application.

3.    In connection therewith, I hereby certify that

(a)    I have read the Application;

(b)    to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") except as specifically noted therein;

(c)    except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day and generally accepted by Jones Day's clients; and

(d)    in providing a reimbursable service, Jones Day does not make a profit on that service, whether the service is performed by Jones Day in house or through a third party.

Dated:  December 16, 2011
       New York, New York

Respectfully submitted,

*/s/* Robert W. Gaffey
Robert W. Gaffey
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

SPECIAL COUNSEL FOR THE DEBTORS IN POSSESSION

NYI-4417083v1