Presentment Date and Time:  January 3, 2012 at 12:00 Noon (Prevailing Eastern Time)
Objection Date and Time:  December 30, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed):  TBD

GODFREY & KAHN, S.C.
1 East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Brady C. Williamson
Katherine Stadler

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
------------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF APPLICATION OF THE FEE COMMITTEE
TO RETAIN THE CHAIRMAN AND COMMITTEE COUNSEL FOR
RETROSPECTIVE REVIEW OF PROFESSIONAL COMPENSATION,
*NUNC PRO TUNC* TO DECEMBER 1, 2011**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "**Application**") of the Fee Committee appointed in Lehman Brothers Holdings, Inc.

("**LBHI**") with its affiliated debtors in possession (together, the "**Debtors**" and, collectively with

their non-debtor affiliates, "**Lehman**") pursuant to the *Order Amending the Fee Protocol*

[Docket No. 15998] (the "**Amended Fee Protocol**") to further employ and retain Godfrey &

Kahn, S.C. ("**Godfrey & Kahn**" or the "**Firm**") as its counsel and Richard Gitlin as its Chair

*nunc pro tunc* to December 1, 2011, all as more fully described in the Application, to the

Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **January 3, 2012 at 12:00 Noon (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Brady C. Williamson, Esq., Katherine Stadler, Esq. and Timothy F. Nixon, Esq. attorneys for the Fee Committee **so as to be so filed and received by no**

**later than December 30, 2011 at 12:00 p.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed and served, or if the Court so directs, a hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at a date to be scheduled by the Court, upon such additional notice as the Court may direct.

Dated: Madison, Wisconsin
December 16, 2011.

        GODFREY & KAHN, S.C.

By:    /s/ *Katherine Stadler*
Brady C. Williamson
Katherine Stadler

GODFREY & KAHN, S.C.
1 East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: bwilliam@gklaw.com
       kstadler@gklaw.com

*Attorneys for the Fee Committee*

7239549_2

3

              **Presentment Date and Time: January 3, 2012, 12:00 p.m.(Prevailing Eastern Time)**
              **Objection Date and Time: December 30, 2011, 4:00 p.m. (Prevailing Eastern Time)**
              **Hearing Date and Time (if an Objection is Filed): TBD**

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| Debtors. | : | **(Jointly Administered)** |

# APPLICATION OF THE FEE COMMITTEE TO RETAIN
# THE CHAIRMAN AND COMMITTEE COUNSEL FOR RETROSPECTIVE
# REVIEW OF PROFESSIONAL COMPENSATION,
# *NUNC PRO TUNC* TO DECEMBER 1, 2011

TO: THE HONORABLE JAMES M. PECK
   UNITED STATES BANKRUPTCY JUDGE:

   The Fee Committee, by its chairman, Richard Gitlin, and by its counsel, Godfrey & Kahn (collectively the "**Applicants**"), applies to the Court for authority to retain them for the express purpose of conducting the retrospective review of professional compensation and expenses anticipated by the Court and interested parties for the first five interim fee periods (September 15, 2008 through May 31, 2010) in these proceedings. All of the members of the Fee Committee, including the U.S. Trustee, support the motion and, in addition, the Applicants state that:

1. On April 14, 2011, the Court entered an order [Docket No. 15998] without objection amending the fee protocol (the "**Amending Order**") to govern the review of professional fees and expenses for the more than 40 professionals retained in these proceedings.

2. The Amended Fee Protocol, among other things, reauthorized and expanded the Fee Committee's mandate and charge and provided for the compensation of its Chairman and the Fee Committee's counsel--without any increase over the compensation previously ordered for the fee review process. The retention of the Fee Committee's counsel was authorized by a separate order entered on April 6, 2011, *nunc pro tunc* to January 24, 2011 [Docket No. 15663].

3. By their express terms, the Amending Order and the Amended Fee Protocol did *not* provide for the review of professional fees and expenses involving the "resolution of unresolved issues related to the applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date (September 15, 2008) that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order," by the Fee Committee as originally composed. [Docket No. 15998].

4. By their express terms, the Amending Order and the Amended Fee Protocol also did not include "time related to a review of the prior work generated by the Fee Committee and its professionals prior to January 24, 2011, to the extent reasonable, actual and necessary and subject to application therefor...." Amended Fee Protocol, ¶ E(2). Nor does the Amended Fee Protocol govern work attributable to "Transition Work" that bridged the period between the service of the prior Fee Committee chairman and Feinberg Rozen, which ended in November 2010, and the successor Fee Committee chair's appointment on January 24, 2011.

5. Since the entry of the Amending Order, the Fee Committee and its counsel have reviewed interim applications for the sixth [June-September, 2010], seventh [October

2

2010-January 2011], and eighth interim fee periods [February-May 2011]—all pursuant to the Amended Fee Protocol.  The professional applications for those periods have involved more than 45 professionals, untold pages of applications, and a total of more than $300 million in fees and expenses sought for approval.

6. Since the entry of the Amending Order, the Fee Committee and the professionals have reached a consensual resolution of virtually all of the issues between and among them—except for the pending objections involving hourly rate increases, which remain under discussion through individual meetings with Retained Professionals as recently as December 13, 2011.

7. Before the appointment of the Fee Committee's now presiding chairman, early this year, the Fee Committee and the professionals explicitly had left open--without resolution--a series of issues, and the corresponding amounts attributable to time and expenses, involving (among others):  hourly rate increases; compensation for fee and expense time-keeping, editing and applications; administrative work; and, specific expense categories.

8. Since the entry of the Amending Order, the Fee Committee has become aware of inconsistencies and data deficiencies in its own treatment of fees and expenses for the first five interim periods that should be resolved prior to the submission of final fee applications and hearing pursuant to 11 U.S.C. § 330—presumably in the third or fourth quarter of 2012.

9. The Fee Committee and its counsel, having reviewed at least three sets of interim compensation applications and established policies and procedures that provide more consistency and individualized review of professional applications, are now in a position to undertake the retrospective work expressly anticipated by the Court and the Amending Order but not subject to the Order's compensation provisions.  That work is indispensable to the final fee application process.

10. Since the entry of the Amending Order, the Fee Committee chairman and the Committee's counsel have received, collectively, the same $250,000 monthly compensation payment (plus expenses) received by the prior chairman, all subject to retrospective review by the Court. On November 18, 2011 [Docket No. 22392], the Fee Committee's chairman and its counsel filed an application for approval of the work in the first four months of their retention, after the application's review and approval by the Fee Committee, including the U.S. Trustee. The objection deadline for that application passed on December 12, 2011 without objection.

11. With this application, the Fee Committee's chairman and counsel request Court approval to complete the work anticipated by the Amending Order but subject to separate application and compensation (the "Retrospective Review"). That work is essential to the resolution of the issues left open in the initial interim compensation periods, to the integrity and consistency of the data maintained by the Committee for the Court, and to the review and resolution of final fee applications.

12. The Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the *Application of the Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C., as Counsel to the Fee Committee Nunc Pro Tunc to January 24, 2011* [Docket No. 14956] the ("**Original Application**") as Exhibit A, is hereby restated and incorporated by reference.

13. The Fee Committee and its chair seek compensation in the collective amount of $175,000 a month, effective December 1, 2011, for their services for the Retrospective Review and, in addition, reimbursement for reasonable and necessary expenses. These amounts, like the amounts provided for by the Amending Order and the Amended Fee Protocol, shall be paid monthly by the Debtors—subject as always to retrospective application, review and approval by the Court.

4

14. The Court's confirmation of the plan of reorganization on December 6, 2011, takes these proceedings into a new and final phase, which will continue to require the investment of significant amounts of time by the professionals--all subject to review and approval by the Court for services through the Effective Date including, not incidentally, the Court's review and approval of final fee applications. Those final fee applications will necessarily reflect the services and expenses since the outset of these proceedings more than three years ago, reflected in turn in a massive amount of data that, with the approval of this application, the Fee Committee and counsel can digest and analyze effectively for a recommendation to the Court.

WHEREFORE, the Fee Committee, its chair and counsel apply to the Court for the entry of an order approving this Application, effective on December 1, 2011, subject to notice, presentment and an opportunity to be heard.

Dated: December 16, 2011.

**FEE COMMITTEE**

By:     /s/ *Richard A. Gitlin*
        Richard A. Gitlin, Chairperson

7132321_2

5

# **<u>Proposed Order</u>**

Presentment Date and Time: January 3, 2012 at 12:00 Noon (Prevailing Eastern Time)
Objection Date and Time: December 30, 2011 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed): TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.*, : | 08-13555 (JMP) |
| Debtors. : | (Jointly Administered) |

**ORDER AUTHORIZING RETENTION OF RICHARD GITLIN, FEE COMMITTEE CHAIR, AND GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE TO CONDUCT RETROSPECTIVE REVIEW OF PROFESSIONAL COMPENSATION, *NUNC PRO TUNC* TO DECEMBER 1, 2011**

Upon the *Application of the Fee Committee to Retain the Chairman and Committee Counsel for Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* (the "**Application**"), unanimously approved and submitted by its Chairman, Richard Gitlin, for an order pursuant to 11 U.S.C. §§ 327, 328, and 330 and pursuant to the *Order Amending the Fee Protocol* [Docket No. 15998] ("**Amended Fee Protocol**"), authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") as counsel to provide services as set forth in the Application and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the *Application of the Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C., as Counsel to the Fee Committee Nunc Pro Tunc to January 24, 2011* [Docket No. 14956] the ("**Original Application**") as Exhibit A; and notice of the Application having been given as set forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that Godfrey & Kahn does not hold or represent an interest adverse (except as

otherwise noted) to the Debtors' estates and that Godfrey & Kahn is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, and that the expanded retention of Richard Gitlin and Godfrey & Kahn for retrospective review is necessary and in the best interests of the Fee Committee and these cases; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Application is granted as set forth herein.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse Richard Gitlin as its chair and Godfrey & Kahn as its counsel pursuant to sections 327, 328 and 330 of the Bankruptcy Code on the expanded terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to December 1, 2011.

3. In addition to those services set forth in the Original Application, Godfrey &Kahn shall provide the Fee Committee with the full range of legal services necessary to represent the Fee Committee in completing its analysis of "applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date (September 15, 2008) that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order." *See* Original Application at ¶ 17(b).

4. The flat fee set forth at paragraph 12 of the Application shall compensate Godfrey & Kahn and the Independent Member for their retrospective review work, commencing December 1, 2011 and until further order of the Court, for the review and analysis of applications

for fees and expenses for services rendered by the Retained Professionals that were previously reviewed, but not resolved, by Feinberg Rozen.

5. Godfrey & Kahn and Richard Gitlin shall continue to be compensated and reimbursed for their expenses consistent with the Application and the Amended Fee Protocol.

6. To the extent of any inconsistency between the terms of the Application, the Williamson Affidavit and this Order, the terms of this Order shall control.

7. The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

8. Notwithstanding the payment arrangements outlined in the Application and notwithstanding section 328 of the Bankruptcy Code, Godfrey &Kahn and the Independent Member shall continue to apply, retrospectively, for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including any motions or applications to amend the Order.

Dated: New York, New York
      January _____, 2012.

                                          HONORABLE JAMES M. PECK
                                          UNITED STATES BANKRUPTCY JUDGE

7240530_2