Hearing Date and Time: January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 4, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger, Esq.
Vance L. Beagles, Esq.

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                                  Debtors.                     :    (Jointly Administered)
---------------------------------------------------------------x

## NOTICE OF MOTION FOR SANCTIONS

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of debtor Lehman Brothers Special Financing, Inc. ("LBSF") for sanctions on an ADR counterparty, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (▮▮▮▮▮▮ "Counterparty"), as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on January 11, 2012, at 10:00 a.m. (**Prevailing Eastern Time**) (the "Hearing").[1]

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party (unless submitted confidentially, in which case the publicly filed version of the objection may omit the name of the objecting party), the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York,

---

[1] To protect the confidentiality of the ADR process, the identity of the respondent is not being disclosed in the publicly filed version of this Notice of Motion.

New York 10153, Attn: Peter Gruenberger, Esq. and Vance L. Beagles, Esq., attorneys for LBSF; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Andrea B. Schwartz, Esq., and Elisabetta Gasparini, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) [REDACTED] attorneys for Counterparty, so as to be received no later than January 4, 2012, at 4:00 p.m. **(prevailing Eastern Time)** (the "Objection Deadline").

      PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

      PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 16, 2011
       New York, New York

                                      */s/ Peter Gruenberger*
                                      Peter Gruenberger
                                      Vance L. Beagles
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Lehman Brothers Special
                                      Financing, Inc., Debtor and Debtor in Possession

Hearing Date and Time: January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 4, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger, Esq.
Vance L. Beagles, Esq.

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
In re                                           :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                :
                      Debtors.                  :    (Jointly Administered)
------------------------------------------------------------x

## MOTION FOR SANCTIONS

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Special Financing, Inc. ("LBSF"), a debtor and debtor in possession in the above-captioned jointly administered bankruptcy cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors" and together with their non-debtor affiliates, "Lehman"), by and through its undersigned counsel, files this Motion for Sanctions (the "Motion") and respectfully represents as follows:

### Preliminary Statement

1. This Motion seeks to hold an ADR derivatives counterparty, ███████ ███████ (███████ "Counterparty"),[1] accountable for its knowing, intentional, and ongoing violation of the confidentiality provisions contained in paragraph 13 of this Court's

---

[1] To protect the confidentiality of the ADR process, the identity of the respondent here is not being disclosed in the publicly filed version of this Motion.

1

Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts, dated September 17, 2009 [Dkt. No. 5207] (the "ADR Order").[2] On December 6, 2011, Counterparty filed in this Court, on the open public record, ███████ ████████████████████████████ (the "Filing"), a copy of which is annexed to the Beagles Declaration as Exhibit B. While Counterparty's Filing, in its entirety, constitutes an illicit public disclosure of the guts of the parties' dispute as laid out in their ADR pleadings, paragraphs ███ of the Filing most directly offend this Court's ADR Order in that they contain numerous direct quotations from the ADR pleadings—matters that the ADR Order expressly provides were not to be disclosed to the Court itself or to any third party.

2. The Court should sanction the Counterparty for its contumacious, deliberate disregard of the confidentiality provisions applicable here in order to uphold two fundamental principles embedded in the ADR Order: First, no party to an ADR proceeding should be permitted to gain any real or perceived advantage in either the ADR proceeding itself or in a contested matter or adversary proceeding in this or any court by means of a breach of confidentiality. Second, permitting this Counterparty to breach confidentiality invites every other counterparty to do precisely the same. That would eviscerate the entire ADR process that, to date, has proved so successful, in no small part due to these confidentiality protections.[3]

3. Paragraph 13 of the ADR Order first incorporates section 5.0 of the Standing Order (as defined in paragraph 1 of the ADR Order). Then it sets forth a crystal clear bar to disclosure of all "statements or arguments made or positions taken by the mediator, the

---

[2] A copy of the ADR Order is annexed to the Beagles Declaration attached as Exhibit A.

[3] As the Court and Counterparty are aware from the monthly reports filed on behalf of the mediators, the ADR process, to date, has generated receipts for the Debtors in excess of $950 million.

applicable Debtors, Derivatives Counterparties . . . or the Creditors' Committee during any part of the alternative dispute resolution process, . . . by the mediator or any such parties or their attorneys and advisors to the Court or any third party." ADR Order ¶13.

4. Almost every word contained in paragraphs ▮▮▮ of Counterparty's Filing flies in the face of these unambiguous confidentiality requirements. Notably, the monthly reports to the Court referred to in paragraph 13 of the ADR Order have hewed quite closely to limitations set forth in the last proviso of said paragraph 13, not identifying any party or dispute. Moreover, no other counterparty of the hundreds of counterparties involved in the ADR process has advertently tried publicly to publish confidential information.[4] Lastly, in the three motions for sanctions Debtors have been forced to file, including in this Motion, not once have Debtors disclosed the identity of the counterparty or made public the nature of the dispute or the position of either side.

5. Counterparty's Filing, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is no accidental breach of the confidentiality provisions in this Court's ADR Order. LBSF, promptly upon learning of the Filing, requested that Counterparty withdraw this Filing from the Court's docket; Counterparty refused to do so. *See* Beagles Declaration ¶5. LBSF, thus, reluctantly brings this Motion. Sanctions are warranted to ensure that Counterparty—and other similarly inclined derivatives counterparties—are not permitted to ignore the confidentiality provisions of the ADR Order or violate the procedures this Court has ordered to govern the consensual resolution of hundreds of derivatives disputes. Counterparty's deliberate decision to violate the confidentiality provisions of the ADR Order in an attempt to gain an upper hand in mediation could derail what

---

[4] One counterparty inadvertently violated the paragraph 13 confidentiality requirements; that party, unlike Counterparty here, promptly withdrew its offending filing when requested.

3

has been viewed as an overwhelmingly successful ADR process. Specifically, if Counterparty's conduct is permitted, there is a risk that the ADR Order will lose its force, with the result that derivatives disputes will engulf this Court, the Debtors, and hundreds of counterparties in unnecessary, costly, and time-consuming litigation.

## Background

6. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries, including LBSF, commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors for the Debtors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

## Jurisdiction

8. This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

9. This Court has personal jurisdiction over Counterparty pursuant to the various derivatives contracts it entered into with LBSF, each of which provide for the application of the laws of the State of New York and pursuant to which the parties submitted to the jurisdiction of the state and federal courts in the State of New York.

**Relief Requested**

10. Pursuant to section 105(a) of the Bankruptcy Code, the ADR Order, and this Court's inherent authority, LBSF requests the entry of an order sanctioning Counterparty by (i) ordering Counterparty to withdraw from this Court's docket the Filing and (ii) ordering the award to LBSF of a sum sufficient to reimburse LBSF for the attorneys' fees and costs incurred in connection with preparing and prosecuting this Motion.

**Statement of Facts**

11. Prior to the Commencement Date, LBSF, Counterparty, and the Counterparty Group entered into certain derivatives contracts.[5] More specifically, LBSF and Counterparty entered into a 1992 form Multicurrency-Cross Border ISDA Master Agreement, dated as of ▮▮▮▮▮▮▮▮ (together with any confirmations, schedules, and credit support annexes thereto, the "Counterparty ISDA Agreement I"), and various swap transactions thereunder. LBSF and Counterparty also entered into a 1992 form Local Currency-Single Jurisdiction ISDA Master Agreement, dated as of ▮▮▮▮▮▮▮▮ (together with any confirmations, schedules, and credit support annexes thereto, the "Counterparty ISDA Agreement II" and, together with the Counterparty ISDA Agreement I, the "Counterparty ISDA Agreements"), and various swap transactions thereunder. In addition, LBSF and the Counterparty Group entered into a 1992 Local Currency-Single Jurisdiction ISDA Master Agreement, dated as of ▮▮▮▮▮▮▮▮ (together with any confirmations, schedules, and credit support annexes thereto, the "Group ISDA Agreement").

12. Following the Commencement Date, Counterparty served three notices of early termination on LBSF, one in respect of the transactions under the Counterparty ISDA

---

[5] The "Counterparty Group" consists of Counterparty and others identified in the ADR Notice that are not the subject of this Motion.

Agreement I, another in respect of the transactions under the Counterparty ISDA Agreement II, and the last on behalf of the Counterparty Group in respect of the Group ISDA Agreement. As a result of the early termination of the Counterparty ISDA Agreements, ███████████ ███████████.

13. On September 17, 2009, the Court entered the ADR Order, which provides a comprehensive *confidential* process for negotiating the resolution of derivatives transactions. *See generally* ADR Order. The Order includes certain provisions to ensure that the proceedings, materials, and communications exchanged in connection with the ADR process remain confidential. *See id.* ¶¶ 4, 13.

14. In order to try to bring the dispute between LBSF, Counterparty, and the Counterparty Group to a timely and cost-efficient resolution, and to try to avoid using limited judicial resources, LBSF served Counterparty and the Counterparty Group with an ADR notice (the "ADR Notice"). Counterparty and the Counterparty Group subsequently served an ADR response (the "ADR Response") to which LBSF later replied (the "ADR Reply"). This matter was then submitted for mediation.

15. Then, ███████████████████████ Counterparty, without any notice whatsoever and in total disregard of the confidentiality provisions of the ADR Order ███████████████████████████████, made its Filing. In this Filing, Counterparty purports to lay out its various arguments and positions, as well as LBSF's arguments and positions, in the confidential mediation with the Debtors. Counterparty's actions undermine the purpose and intent of this Court's ADR Order and the confidential nature of these proceedings. Indeed, Counterparty threatens to frustrate the orderly resolution of LBSF's—and the Debtors'—bankruptcy and, specifically, their disputes with derivatives counterparties.

16. Significantly, it would have been a simple matter for Counterparty to make its Filing without having divulged any confidential information from the ADR process.

## Arguments and Authorities

**A.    This Court Has The Authority To Award The Sanctions Sought**

17. Pursuant to section 105(a) of the Bankruptcy Code, "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." *Casse v. Key Bank Nat'l Assoc. (In re Casse)*, 198 F.3d 327, 335 (2d Cir. 1999). Indeed, "[t]he basic purpose of section 105 is to assure the bankruptcy courts['] power to take whatever action is appropriate or necessary in aid of the exercise of their jurisdiction." *Id.* (quoting 2 *Collier on Bankruptcy* § 105-5 (15th ed. 1999)); *see also Back v. AM Gen. Corp. (In re Chateaugay Corp.)*, 213 B.R. 633, 640 (S.D.N.Y. 1997) ("[Section 105] codif[ies] the bankruptcy court's inherent power to enforce its own orders").

18. Courts have inherent authority to protect their jurisdiction and enforce their orders, including by sanctioning parties where appropriate. *In re FairPoint Commc'ns, Inc.*, 445 B.R. 271, 276 (Bankr. S.D.N.Y. 2011) (citing *In re Chase*, 372 B.R. 142, 155 (Bankr. S.D.N.Y. 2007)) ("Even where a local rule of bankruptcy courts *does not prescribe sanctions* for failure to follow [a court's directives], sanctions can be imposed through the inherent power of the court"); *see also Back*, 213 B.R. at 640.

19. In the Second Circuit, the purpose of sanctions for failure to comply with a court order is three-fold: (i) to ensure that a party will not benefit from its own failure to comply; (ii) to obtain compliance with the particular order issued; and (iii) to serve a general deterrent effect on the case at hand and on other litigants. *See Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (analyzing the purpose of sanctions in the context of discovery).

7

20. The sanctions that may be granted under the express terms of the ADR Order may include, but are not limited to: "(i) attorneys' fees incurred by the Debtors with respect to the Derivatives ADR Procedures after the sending of an ADR Package; (ii) fees and costs of the Mediator; (iii) an award in the Derivatives ADR Dispute up to the amount specified in the Derivatives ADR Notice." ADR Order ¶12(b).

21. The Filing, which details the parties' mediation positions, and Counterparty's refusal to withdraw the Filing from the Court's docket is a blatant violation of the confidentiality provisions of the ADR Order. It, thus, subjects Counterparty to sanctions, including an order to withdraw the Filing from the Court's docket and award LBSF attorneys' fees and costs. *See* ADR Order ¶12.

B.   **Counterparty Violated the ADR Order**

22. As demonstrated herein, Counterparty violated the confidentiality provisions of the ADR Order in its Filing and continues to violate the ADR Order by refusing to withdraw this document from the Court's docket.

23. The ADR Order explicitly provides that "[n]o statements or arguments made or positions taken by the mediator, the applicable Debtors, [or] Derivatives Counterparties . . . *during any part of* the alternative dispute resolution process . . . may be disclosed by . . . any such parties or their attorneys and advisors to the Court or any third party. . . ." *See* ADR Order ¶13 (emphasis added). Moreover, Fed. R. Evid. 408 applies to "*all* aspects" of the ADR process, and "[a]ny settlement discussions . . . , the contents of any papers submitted during the mediation stage . . . , and all discussions in mediation shall remain *confidential and privileged and shall not be discoverable or admissible* . . . ." *Id.* ¶¶ 4, 13 (emphasis added).

24. Here, sanctions are especially appropriate because even after being reminded of the confidentiality provisions, Counterparty refuses to abide by Court-ordered procedures for

8

these ADR proceedings. Counterparty's refusal to abide by the confidentiality provisions of the ADR Order jeopardizes the continued success of this Court's ADR Order as well as the orderly conduct of the Debtors' bankruptcy cases. Counterparty's actions—if unpunished—will only encourage it and other counterparties to disregard the ADR Order and this Court's authority, which will subvert the purpose of the ADR Order to engage in a confidential ADR process, thereby risking the orderly resolution of hundreds of derivatives disputes. It is this type of threat that the Second Circuit has called out as a reason to sanction disobedient parties. *See, e.g., In re FairPoint Commc'ns,* 445 B.R. at 276

### C.  The Court Should Award LBSF Attorneys' Fees and Costs

25.   Paragraph 12(b) of the ADR Order expressly provides for the award of attorneys' fees and costs against non-complying respondents like Counterparty: "Sanctions may include, but are not limited to: . . . (i) attorneys' fees incurred by the Debtors with respect to the Derivatives ADR Procedures after the sending of a Derivatives ADR Package . . . ." ADR Order ¶ 12(b).

26.   This is consistent with the Bankruptcy Code and case law. Specifically, to effectuate their enforcement power, bankruptcy courts can and have often ordered sanctions against a non-complying party, including awards of attorneys' fees and costs under section 105 of the Bankruptcy Code. *See, e.g., In re Ambotiene,* 316 B.R. 25, 36 (Bankr. E.D.N.Y. 2004) (surveying cases that "have concluded that Section 105 provides a sound and appropriate basis for a bankruptcy court to make an award of attorneys' fees and costs," and awarding fees and costs).

27.   Counterparty's violations of the ADR Order, as discussed above, have been partially egregious because they were timed and calculated to interfere with the orderly and cost-

efficient management of LBSF's bankruptcy case. LBSF thus respectfully asks the Court to award LBSF its attorneys' fees and costs against Counterparty.

## Conclusion

28. As demonstrated above, Counterparty has utterly failed to comply with both the letter and the spirit of the ADR Order. Counterparty's Filing and knowing and willful failure to withdraw the Filing from this Court's docket constitutes a breach of the confidentiality provisions of the ADR Order. To permit Counterparty to evade the ADR Order in this manner would invite numerous other derivatives counterparties to breach the confidentiality provisions of the ADR Order and similarly make filings in a purported attempt to gain an upper hand in mediation and thwart the ADR process. This would paralyze the Debtors' efforts to resolve in a timely and cost efficient manner the hundreds of outstanding disputes involving these derivatives counterparties. Accordingly, this Court should enforce the terms and provisions of its ADR Order by (i) ordering Counterparty to withdraw its Filing from this Court's docket and (ii) ordering the award to LBSF of a sum sufficient to reimburse LBSF for the attorneys' fees and costs incurred in connection with preparing and prosecuting this Motion.

## Notice

29. No trustee has been appointed in these chapter 11 cases. The Debtors have served this Motion (with the name of Counterparty disclosed and with exhibits) on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) counsel for Counterparty; and have served a redacted version of the Motion without identifying the Counterparty on all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Dkt. No. 9635]. While the version

10

of this Motion publicly filed does not name Counterparty or include the referenced exhibits because of the confidentiality of the ADR process, the version so served per (i) - (vi) above and filed with chambers includes Counterparty's name and attaches the referenced exhibits. The Debtors submit that no other or further notice need be provided.

30.     No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, LBSF respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: December 16, 2011
       New York, New York

By: /s/ Peter Gruenberger
    Peter Gruenberger
    Vance L. Beagles
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Debtors
    and Debtors in Possession

11

Hearing Date and Time: January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: January 4, 2012 at 4:00 p.m. (Prevailing Eastern Time)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :   08-13555 (JMP)
                                                   :
                              Debtors.             :   (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING LEHMAN BROTHERS SPECIAL FINANCING, INC.'S MOTION FOR SANCTIONS

Upon the motion dated December 16, 2011 (the "Motion") of debtor Lehman Brothers Special Financing, Inc. ("LBSF"), pursuant to section 105(a) of title 11 of the United States Code, this Court's Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors under Derivatives Contracts, dated September 17, 2009 [Dkt. No. 5207] (the "ADR Order"), and this Court's inherent authority, for sanctions against ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ (▓▓▓▓▓▓▓ "Counterparty")[1] consisting of: (i) ordering Counterparty to withdraw from this Court's docket ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (the "Filing"), within 24 hours of this Order's entry; and (ii) ordering the award to LBSF of a sum sufficient to reimburse LBSF for the attorneys' fees and costs incurred in connection with preparing and prosecuting this Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having

---

[1] The identity of the respondent is not identified in the publicly filed version of this Order to protect the confidentiality of the ADR process.

been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [Dkt. No. 9635], and it appearing that no other or further notice need be provided; and a hearing having been held to consider the Motion; and upon the Court's consideration of the Motion and the record of the hearing to consider the relief requested in the Motion; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further

ORDERED that Counterparty is sanctioned pursuant to Section 105(a) of the United States Bankruptcy Code, Paragraph 12 of the ADR Order, and this Court's inherent authority; and it is therefore

ORDERED that Counterparty withdraw from this Court's docket the Filing within 24 hours of this Order's entry; and it is further

ORDERED that upon LBSF demonstrating the sum of its reasonable attorneys' fees and others costs incurred in obtaining relief, Counterparty must pay such fees and costs.

Dated: _____, 20___
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE