UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
----------------------------------------------------------------x

**SUPPLEMENTAL AFFIDAVIT OF STEPHEN HENTSCHEL IN SUPPORT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTIONS 327(a) AND 328(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2014(a) AND 2016 FOR AUTHORIZATION TO EMPLOY AND RETAIN GLEACHER & COMPANY SECURITIES, INC. AS FINANCIAL ADVISOR, EFFECTIVE FEBRUARY 17, 2011**

| STATE OF NEW YORK | ) |
|---|---|
|  | ) ss.: |
| COUNTY OF NEW YORK | ) |

Stephen Hentschel, being duly sworn, deposes and says:

1.  I am a Managing Director and Head of Real Estate Investment Banking at Gleacher & Company Securities, Inc. ("Gleacher"), which has its principal office at 1290 Avenue of the Americas, New York, New York 10104.  I am authorized to execute this Affidavit on behalf of Gleacher.  Unless otherwise stated in this Affidavit, I have personal knowledge of the facts set forth herein.

2.  I submit this supplemental affidavit (the "Supplemental Affidavit") on behalf of Gleacher to supplement the prior disclosures set forth in my affidavit, sworn to on November 18, 2011 (the "Original Affidavit"), in support of the application of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code and rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules") for authorization to employ and retain Gleacher as financial advisor to the Debtors, effective as of February 17, 2011, in accordance with the terms of an engagement letter between LBHI and Gleacher, dated as of November 18, 2011 (the "Engagement Letter"), and the related indemnification agreement between LBHI and Gleacher attached as Schedule A to the Engagement Letter (the "Indemnification Agreement" and, together with the Engagement Letter, the "Engagement Agreement"). Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Engagement Letter or the Original Affidavit, as the case may be.

## Disclosures Related to Bankruptcy Rule 2014

*(A)    Trading Walls and Restrictions*

3.     In connection with the proposed engagement by the Debtors and the resulting potential exposure to material non-public information of the Debtors, Gleacher implemented restrictions on the trading of debt and equity securities of the Debtors (the "Debtor Securities") by Gleacher and its personnel. The restrictions were imposed to preclude Gleacher from engaging in proprietary trading of Debtor Securities on the basis of such non-public information. Specifically, Gleacher placed Debtor Securities stock on its internal "Restricted List" as of July 25, 2011. As is customary with most broker-dealers, Gleacher's Compliance Department maintains a Restricted List of securities to prevent transactions that might appear to violate Gleacher's duty to maintain the confidentiality of clients' information, including material nonpublic information. The Restricted List is designed to block the purchase of any Debtor Security subsequent to its placement on the list. This system allows Gleacher's Compliance Department to monitor all proprietary trading activity in securities on the Restricted List and curtail other trading once securities are placed on the list.

4.     With respect to Gleacher individuals working on this engagement, Gleacher has in place significant information barriers and procedures which ensure that individuals involved in trading activities at Gleacher remain separated from the individuals providing services to the Debtors under the Engagement Letter. The business units engaging in the trading activities referred to in the paragraph above are separate from the business units that will be providing services to the Debtors in these cases, and none of the Gleacher professionals who will be providing services to the Debtors in these cases will be involved in any such trading activities. Pursuant to Gleacher's long-established information barrier policies and procedures, the following controls exist (the "Information Barrier Procedures"):

>  (i)  Gleacher professionals, including those advising the Debtors, have received regular and periodic training with respect to the Information Barrier Procedures and are required to certify annually that they are aware of and will comply with such procedures;
>
> (ii) the Gleacher professionals advising the Debtors in these cases will not directly or indirectly share any non-public information generated by, received from or relating to the Debtors or these cases ("Confidential Information") with any other employees, representatives or agents of Gleacher, except on a strictly confidential basis with other Gleacher employees, representatives or agents who need to know such information for purposes of advising the Debtors;
>
> (iii) Gleacher professionals advising the Debtors in these cases work in offices that are physically separated from the Gleacher business units engaged in trading activities, including by having offices located on separate floors and, in some instances, in different states;
>
> (iv) Gleacher professionals advising the Debtors in these cases will not receive any information regarding Gleacher's trading in Debtor Securities in advance of the execution of such trades;
>
> (v) the Gleacher Compliance Department reviews Gleacher's trades to determine if there is any reason to believe that such trades were not made in compliance with the Information Barrier Procedures and maintains records of such reviews;

(vi) professionals in Gleacher's Investment Banking division monitor (in consultation with Gleacher's Compliance Department) a sampling of e-mails of professionals in the division (including the professionals advising the Debtors in these cases) to prevent, among other things, the unauthorized disclosure of Confidential Information through electronic means from professionals in the Investment Banking division to professionals in the Gleacher business units engaged in trading activities; and

(vii) Gleacher will promptly file a supplemental affidavit if such procedures are breached during the pendency of these cases.

5.  I understand that Gleacher's Information Barrier Procedures are reasonable and are designed to ensure compliance with any applicable rules and regulations regarding the use of material non-public information. These barriers and procedures are subject to review by internal auditors and applicable regulators.

*(B)    Gleacher Professionals*

6.  As set forth in paragraph 8 of the Original Affidavit, the services to be performed by Gleacher under the Engagement Letter will be provided primarily by professionals in the Real Estate Group. Although other personnel outside the Real Estate Group and the Investment Banking division may from time to time assist on this engagement, it is anticipated that any such personnel which may assist are current employees of Gleacher. In that event, such personnel will be subject to the Information Barrier Procedures. As noted in footnote 4 of the Original Affidavit, Gleacher performed a conflicts check to ensure that Gleacher and all of its subsidiaries are in compliance with the requirements of Bankruptcy Rule 2014. Thus, any personnel outside of the Real Estate Group and the Investment Banking division have also satisfied the requirements of Bankruptcy Rule 2014. To the extent any new relevant facts or relationships are discovered, Gleacher will supplement its disclosures with the Court.

**Reimbursement of Legal Fees Incurred by Gleacher**

7.    Pursuant to the Engagement Letter, LBHI is required to reimburse Gleacher for all reasonable expenses arising out of Gleacher's engagement thereunder, including legal fees. In particular, Section 2(k) of the Engagement Letter provides as follows:

> In addition to any fees that may be payable to Gleacher, LBHI agrees to reimburse Gleacher for all reasonable expenses, including travel and lodging and other reasonable and documented out-of-pocket expenses, arising out of Gleacher's engagement hereunder, including, but not limited to, reasonable and documented fees and expenses of one firm of outside counsel and, if necessary, one firm of local counsel in each appropriate jurisdiction, retained and the reasonable and documented fees and expenses of the professionals listed on Schedule C hereto and any accountants and other professional advisors retained with the prior written consent of LBHI (which consent is not to be unreasonably withheld).

8.    In addition, the Indemnification Agreement provides as follows:

> The Company further agrees to reimburse each Indemnified Person for all reasonable and documented out-of-pocket expenses (including, but not limited to, reasonable fees and disbursements of external counsel (not to exceed one counsel plus one local counsel in each appropriate jurisdiction, unless a conflict of interest requires separate counsel for particular Indemnified Persons), and expenses incurred in connection with responding to third party subpoenas) as they are incurred by such Indemnified Person in connection with investigating, preparing for, defending or settling any action, claim, suit, investigation, inquiry, arbitration or other proceeding relating to, or enforcing the terms of, this Schedule D or the Agreement (each, an "Action"), whether or not pending or threatened and whether or not any Indemnified Person is a party to any such Action.

9.    Gleacher customarily requires the reimbursement of its out of pocket expenses (including legal fees) when acting as financial advisor, and the provisions of the Engagement Letter and Indemnification Agreement described above are similar to provisions found in other engagement and indemnification agreements consented to by Gleacher.

*[Remainder of page intentionally left blank]*

I declare that the foregoing is true and correct to the best of my knowledge. Executed this 19th day of December, 2011, in New York, New York.

_____
Stephen Hentschel
Managing Director

Sworn to and subscribed before me this ____ day of December, 2011

_____
Notary Public

SARAH A LEWIS
Notary Public, State of New York
No. 02LE6246075
Qualified in New York County
Commission Expires September 28, 2015