**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------------------x
                                                )
In re:                                          )   Chapter 11
                                                )
LEHMAN BROTHERS HOLDINGS INC., et al.,          )   Case No. 08-13555 (JMP)
                                                )
                                                )
                                                )
        Debtors                                 )   (Jointly Administered)
---------------------------------------------------------------------------x
```

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Thoroughbred Master Ltd.
Name of Transferee

Deutsche Bank AG, London Branch
Name of Transferor

Name and Address where notices to transferee should be sent:

Appaloosa Management
51 JFK Parkway, Suite 250B
Short Hills, NJ 07078
Attn: Ken Maiman
Phone: 973-701-7000

With a copy to:
Andrews Kurth LLP
450 Lexington Avenue
New York, NY 10017
Attn: David Hoyt

**Case No. 08-13555**

Court Claim # (if known): 63595

Amount of Claim as Filed: $687,072,283.70

Amount of Claim as Transferred: $9,065,359.00

Date Claim Filed: 11/2/2009

Debtor: Lehman Brothers Holdings Inc.

NYC:235209.1

*PARTIAL Transfer of LBHI Claim # 63595*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **THOROUGHBRED MASTER LTD** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in Seller's right, title and interest in and to such portion of Proof of Claim Number 63595 filed by or on behalf of **Seller's predecessor-in-title** (a true and correct copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than any other unsecured creditors holding similar unsecured claims of the same class or type as the Transferred Claims; and (g) the Transferred Claims are not subject to any Plan Support Agreement (as defined in the proposed Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated June 30, 2011)

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

*DB Ref: 8175(4)*
UK - 67510893.3

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. For the avoidance of doubt, Seller's indemnification is limited solely to the representations and warranties expressly stated herein.

5.      Seller agrees to exercise reasonable endeavours to promptly forward to Purchaser all notices received by the Seller from the date of this agreement in relation to the Transferred Claims and to vote (to the extent Seller is record holder of the Transferred Claims for voting purposes) the Transferred Claims in a timely manner in accordance with the Purchaser's written instructions (such instructions to be provided within a timeframe reasonably requested by Seller). Notwithstanding the above, Seller shall be under no obligation to take any action at the direction of Purchaser which it reasonably determines in good faith would (i) violate any applicable law, the documentation pursuant to which the Purchased Security was issued or any other related document, any present or future requirement, voluntary code or direction (whether or not having the force of law) emanating from or endorsed by any regulatory authority to which Seller may be subject or (ii) prejudice Seller's continuing relationship with such regulatory authority or (iii) damage Seller's reputation.

6.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*DB Ref: 8175(4)*

*PARTIAL Transfer of LBHI Claim # 63595*
*PROGRAM SECURITY*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of December 2011.

DEUTSCHE BANK AG, LONDON BRANCH            THOROUGHBRED MASTER LTD.

By: _____ Philipp Roever        By: _____
Name:                  Vice President        Name:
Title:                                       Title:

By: _____
Name:                    Michael Sutton
Title:                   Managing Director

Winchester House
1, Great Winchester Street                   C/O Appaloosa Management
London EC2N 2DB                              51 JFK Parkway, Suite 250B
ENGLAND                                      Short Hills, NJ 07078
Attn: Michael Sutton                         Attn: Ryan Moore

DB Ref: 817500
DK - 675108933

Schedule 1

Transferred Claims

Purchased Portion

20.6% of solely that claim that is referenced in line item number 16 of the Proof of Claim with ISIN XS0356444827, as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (such amount equal to USD $9,065,359.00).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Amount of Accrued Interest up to September 15, 2008 | Maturity |
|---|---|---|---|---|---|---|---|
| Notes issued under the Euro Medium-Term note Program: MN10335 | XS0356444827 | CA60973 CA60978 CA60864 CA60863 CA60974 CA60975 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings, Inc | EUR 6,180,000.00 (USD 8,802,174.00) | EUR 184,782.00 (USD 263,185.00) | 4/18/2018 |

Schedule 1–1

*DB Ref: 8175(4)*

Schedule 2

<u>Copy of Proof of Claim 63595</u>

Schedule 1—1

*DB Ref: 8175(4)*

| *United States Bankruptcy Court/Southern District of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)         0000063595 |
|---|---|---|
| **Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009** | | ‾‾THIS SPACE IS FOR COURT USE ONLY‾ |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>CNP Assurances<br>Direction des Investissements<br>Responsable Service Systèmes d'information et administration<br>4 Place Raoul Dautry, 75716 Paris Cedex 15<br>Attention: Antoine Fromenteze<br>Telephone number: +33 (0)1 42 18 93 57   Email Address: antoine.fromenteze@cnp.fr | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(If known)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.** Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ see attachment** _____ **(Required)**

[X] Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.** Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):  see attachment** _____ **(Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

___see attachment_____ **(Required)**

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

___see attachment_____ **(Required)**

| **5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br><br>**NOV 0 2 2009**<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| **Date.**<br>19-10-2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>00-33142 183201   [signature] - *Antoine Lissowski*<br>*DGA Finance* | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re:<br><br><br>Lehman Brothers Holdings Inc., *et al.*<br><br><br>                                Debtors | Chapter 11<br><br>Case No: 08-13555 (JMP)<br><br><br>Jointly Administered |
| --- | --- |

## ATTACHMENT TO PROOF OF CLAIM OF CNP ASSURANCES

CNP Assurances ("CNP" or "Claimant") by an authorized representative submits this

attachment to the proof of claim (the "Claim") against Lehman Brothers Holdings Inc. ("LBHI").

**CNP's Claim**

1.      CNP submits this Claim with respect to certain securities issued or guaranteed by

LBHI and as set forth on the Lehman Programs Securities list posted by LBHI on July 17, 2009

in accordance with the Bar Order. Such Lehman Programs Securities include:

| ISIN | BLOCKING NUMBER | PARTICIPANT ACCOUNT NUMBER | PRINCIPAL AMOUNT OF ISSUE HELD | AMOUNT OF ACCRUED INTEREST UP TO SEPTEMBER 15, 2008 | CLAIM AMOUNT (USD) |
| --- | --- | --- | --- | --- | --- |
| XS0128857413 | CA60300 CA60303 | 11207 | USD 37,031,800<br><br>(EUR 26,000,000) | USD 827,889<br><br>(EUR 581,260.27) | 37,859,689 |
| XS0183944643 | CA60276 | 11207 | USD 42,729,000<br><br>(EUR 30,000,000) | USD 1,351,231.46<br><br>(EUR 948,698.63) | 44,080,231.46 |

| | | | | | |
|---|---|---|---|---|---|
| XS0252834576 | CA60965 CA60963 CA60969 CA60966 | 11207 | USD 60,247,890 (EUR 42,300,000) | USD 884,736.13 (EUR 621,172.60) | 61,132,626.13 |
| XS0300055547 | CA60548 | 11207 | USD 14,243,000 (EUR 10,000,000) | USD 18,501.07 (EUR 12,989.59) | 14,261,501.07 |
| XS0307745744 | CA60835 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 239,984.79 (EUR 168,493.15) | 21,604,484.79 |
| XS0360789951 | CA60972 | 11207 | USD 28,486,000 (EUR 20,000,000) | USD 550,677.31 (EUR 386,630.14) | 29,036,677.31 |
| XS0364971225 | CA60970 | 11207 | USD 28,486,000 (EUR 20,000,000) | USD 472,258.85 (EUR 331,572.60) | 28,958,258.85 |
| XS0213454829 | CA60855 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 466,717.91 (EUR 327,682.31) | 21,831,217.91 |
| XS0218614567 | CA60810 CA60806 CA60832 CA60829 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 536,453.82 (EUR 376,643.84) | 21,900,953.82 |
| XS0223158386 | CA60759 | 11207 | USD 42,729,000 (EUR 30,000,000) | USD 558,045.68 (EUR 391,803.47) | 43,287,045.68 |
| XS0233752145 | CA60791 CA60793 CA60789 | 11207 | USD 14,243,000 (EUR 10,000,000) | USD 494,006.08 (EUR 346,841.31) | 14,737,006.08 |
| XS0255988817 | CA60805 CA60807 | 11207 | USD 71,215,000 (EUR 50,000,000) | USD 1,481,742.22 (EUR 1,040,330.14) | 72,696,742.22 |

| XS0283497005 | CA60326 CA60333 CA60320 CA60327 CA60335 | 11207 | USD 98,276,700 (EUR 69,000,000) | USD 2,738,060.16 (EUR 1,922,390.06) | 101,014,760.16 |
|---|---|---|---|---|---|
| XS0330837773 | CA60809 CA60813 CA60812 CA60811 | 11207 | USD 56,972,000 (EUR 40,000,000) | USD 2,102,810.94 (EUR 1,476,382.04) | 59,074,810.94 |
| XS0356444660 | CA60849 CA60848 CA60847 CA60845 CA60844 | 11207 | USD 48,426,200 (EUR 34,000,000) | USD 1,729,275.92 (EUR 1,214,123.37) | 50,155,475.92 |
| XS0356444827 | CA60973 CA60978 CA60864 CA60863 CA60974 CA60975 | 11207 | USD 42,729,000 (EUR 30,000,000) | USD 1,277,597.1 (EUR 897,000.00) | 44,006,597.1 |
| XS0170856115 | CA60959 | 11207 | USD 21,364,500 (EUR 15,000,000) | USD 69,705.26 (EUR 48,940.01) | 21,434,205.26 |
| TOTAL: | ------ | ----- | ----- | ----- | 687,072,283.7 |



## Reservation of Rights

2.      Claimant expressly reserves the right to amend or supplement this Claim at any

time, in any respect and for any reason, including but not limited to, for the purposes of

(a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending

documents and other information and further describing the claims.  Claimant does not waive

any right to amounts due for any claim asserted herein by not stating a specific amount due for

any such claim at this time, and Claimant reserves the right to amend or supplement this proof of

claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any

such claim.

3.　　This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against LBHI and its affiliated debtors (the "Debtors") and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

4.　　The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

5.　　Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

6.　　In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

Notices

7.　　All notices, communications and distributions with respect to this Claim should be sent to:

CNP Assurances
Direction des Investissements
Responsable Service Systèmes d'information et administration
4 Place Raoul Dautry
75716 Paris Cedex 15
Telephone:    +33 (0)1 42 18 93 57
Attention:    Antoine Fromenteze

With a copy to:

Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
Telephone:    (212) 878-8000
Attention:    Jennifer C. DeMarco, Esq.
              Jennifer B. Premisler, Esq.

**H
A
N
D**

**D
E
L
I
V
E
R
Y**

FILED / RECEIVED

NOV 0 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

NK

RECEIVED BY:           DATE           12:40   TIME