Hearing Date and Time: December 21, 2011 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                :
In re:                                          :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS IN
SUPPORT OF DEBTORS' SEVENTY-THIRD, ONE HUNDRED EIGHTEENTH, ONE
HUNDRED THIRTIETH, ONE HUNDRED THIRTY-FIRST, ONE HUNDRED THIRTY-
THIRD, ONE HUNDRED THIRTY-FOURTH, ONE HUNDRED THIRTY-FIFTH, AND
<u>ONE HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTIONS TO CLAIMS</u>**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Lehman

Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the

"<u>Debtors</u>") hereby files this statement in support of the Debtors' Seventy-Third Omnibus

Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No. 13295];

One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity

Interests) [Docket No. 15666]; One Hundred Thirtieth Omnibus Objection to Claims (To

Reclassify Proofs of Claim as Equity Interests) [Docket No. 16115]; One Hundred Thirty-First

Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No.

16116]; One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of

Claim as Equity Interests) [Docket No. 16530]; One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No. 16532]; One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No. 16808]; and One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No. 19392] (collectively, the "RSU Objections").

**STATEMENT**

1.  The Committee supports the relief requested in the RSU Objections and agrees with the Debtors that the claims (the "RSU Claims") asserted with respect to restricted stock units or contingent stock awards (collectively, the "RSUs"), under section 510(b) of the Bankruptcy Code, should have the same priority as LBHI's common stock. While the arguments proffered in the RSU Objections and the Debtors' Omnibus Reply to Responses to Debtors Seventy-Third Omnibus Objection to Claims [Docket No. 15406], and the Debtors' Omnibus Reply to Responses to Debtors' One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [Docket No. 23470] (together, the "Debtors' Reply")[1] provide numerous bases for the relief requested, the Committee believes that the most persuasive argument, and the one that obviates the need for certain other determinations, is that the RSU Claims should be subordinated under section 510(b) of the Bankruptcy Code.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Debtors' Reply.

2. The RSU Claims are undoubtedly claims for damages arising from the purchase of securities.[2] Courts in the Second Circuit, including this Court, broadly construe and apply section 510(b). See Rombro v. Dufrayne (In re Med Diversified, Inc.), 461 F.3d 251, 259 (2d Cir. 2006) ("we interpret section 510(b) broadly"). In In re Enron Corp., 341 B.R. 141, 151 (Bankr. S.D.N.Y. 2006), which addressed stock options received by Enron employees as part of their compensation, the Court held that exchanging value in the form of labor for stock options "falls under a broad reading of the term 'purchase.'" See also Liquidating Trust of U.S. Wireless Corp. v. Wax (In re U.S. Wireless Corp., Inc.), 384 B.R. 713, 719 (Bankr. D. Del. 2008) ("under established law, [equity awards] received as a portion of . . . compensation, i.e., in exchange for . . . labor, constitutes a purchase and sale of a security for the purpose of section 510(b)").

3. Like the employees in Enron and U.S. Wireless Corp., the holders of the RSU Claims "purchased" the RSUs by continuing to work for the Debtors and being paid in the form of Equity Awards. It is of no consequence, and entirely irrelevant to the section 510(b) analysis, that these employees did not elect to participate in the Equity Awards Programs. See In re Enron, 341 B.R. at 151 (reasoning that "[i]f these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor.").

4. As with most other forms of compensation linked to the equity in an employer, there is a risk that the equity award—whether it is an RSU, a stock option or some other form of equity compensation—will be worth less on the date of maturity than it was when the award was granted. Indeed, all of the claims that are subject to the RSU Objections are premised on the idea that the claimants suffered losses because their RSUs became valueless as a

---

[2] The RSUs are "securities" under section 101(49) of the Bankruptcy Code. See 11 U.S.C. § 101(49) (xiv) – (xv) ("The term 'security' includes . . . right to . . . purchase . . . a security").

result of the Debtors' pre-bankruptcy actions. Such a claim clearly "arises from their purchase" of the RSUs. At no point were the holders of the RSU Claims entitled to receive anything but LBHI's common stock. As the <u>Enron</u> court recognized, "while the Claimants may have had certain expectations concerning the value of their options, to the extent those expectations were that the characteristic securityholder risks did not apply to them, those expectations are unreasonable." <u>Id.</u> at 168. Thus, the RSU Claims should have the same priority as LBHI common stock.

## CONCLUSION

For all the reasons set forth herein and in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the RSU Objections, and (ii) grant the Committee such other relief as is just.

Dated:   New York, New York
         December 20, 2011

        **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

        By: /s/ Dennis F. Dunne
        Dennis F. Dunne
        Evan R. Fleck
        Dennis C. O'Donnell
        1 Chase Manhattan Plaza
        New York, NY 10005
        Telephone: (212) 530-5000

        Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., <u>et al.</u>