**EXHIBIT "2A"**



*International Title & Developer Services*

File No. 180366-Paradise

## ESCROW AGREEMENT

THIS AGREEMENT made this 23 day of FEBRUARY , by and between:

BENISASIA INVESTMENT AND PROPERTIES LTD. (the "Purchaser") and GENWOOD PARADISE LTD. by

LEHMAN BROTHERS HOLDING INC., as Attorney in Fact, (the "Seller") (collectively, the "Parties"), and

International Data Management, Inc. ("IDM, Inc." also referred to herein as "Escrow Agent"):

### WITNESSETH

WHEREAS, by Contract of Sale dated 11th February, 2011 (the "Contract", aka "The Paradise Island Agreement"), the Seller agreed to sell certain property and the Purchaser agreed to buy certain property located at Harbor Drive, Paradise Island, Bahamas (the "Property") and described in the Contract.

WHEREAS, IDM, Inc. has agreed to act as Escrow Agent, subject to the terms and conditions set forth below, for the Parties and has agreed to hold in an *interest bearing* escrow account the deposit (as defined and in the sum stated below), as well as any other funds that may be deposited by Purchaser in Escrow Agent's bank account, including the balance of the purchase price (the "Escrow Funds").

NOW, THEREFORE, THIS AGREEMENT:

The Parties acknowledge that their Contract is independent of and not a part of this Escrow Agreement and that Escrow Agent is not a party to their Contract and is not bound by their Contract under any circumstances or in any way unless ordered by a Court of competent jurisdiction.

IT IS HEREBY understood and agreed and the Parties do hereby direct Escrow Agent, upon receipt of the Escrow Funds, to invest same in an interest bearing account at SUNTRUST BANK OF FLORIDA using Purchaser's/Seller's Federal Tax I.D. # _____. Purchaser/Seller shall provide to Escrow Agent an executed IRS Form W-9 or W-8. Purchaser and Seller hereby acknowledge that interest shall not accrue to the benefit of either the Purchaser or the Seller until such time as Escrow Agent is in receipt of:- 1) the Escrow Funds that have cleared; 2) a fully executed Escrow Agreement; and 3) a fully executed IRS Form W-9 or W-8.

IT IS HEREBY further understood and agreed that the Parties hereby instruct Escrow Agent to accept and release Escrow Funds in accordance with this Agreement as follows:

1. Upon execution of this Agreement, Purchaser shall deposit in Escrow Agent's bank account the sum of **$700,000.00** (the "Deposit") and an additional $650.00 to cover the Escrow Fee. Deposit, any other funds to be held in escrow and the Escrow Fee shall be in United States currency, by wire transfer or certified check payable to Escrow Agent. The payments should be wired to:

   Bank:                SUNTRUST BANK SOUTH FLORIDA
                        12870 Forest Hill Blvd.
                        Wellington, FL 33414
                        ABA Routing No:     061000104
                        Account No:         1000001102135
   Credit to:           International Data Management, Inc. (IDM)
   Special Instructions: Case No: 180366 Paradise Island Agreement

1 of 3

11369 Okeechobee Boulevard, Bldg. B, Suite 100, Royal Palm Beach, Florida 33411, USA Office: ♦ 561-798-6645 Fax: 561-798-5183 ♦ www.idm-inc.com

2. Escrow Agent's Escrow Fee of Six Hundred Fifty and 00/100 ($650.00) U.S. Dollars will be retained by Escrow Agent upon receipt by Escrow Agent. This is a non-refundable payment.

3. Purchaser may further deposit with Escrow Agent an additional deposit and an amount that will be equivalent to the balance of the purchase price on or before the 12th day of May, 2011 ("Closing Date").

4. Escrow Agent shall disburse Escrow Funds pursuant to joint, written instructions from the Parties. Upon disbursement, Escrow Agent will be relieved of all liability hereunder.

IT IS FURTHER understood and agreed that in the event written instructions as set forth above are not received by Escrow Agent on or before the date that is one year from the Closing Date hereinabove recited, or one year from the date of the last signature to this Escrow Agreement, whichever is later, then Escrow Agent, in its sole discretion, may continue to hold the Escrow Funds or may invoke an inter-pleader proceeding and pay the Escrow Funds into the Supreme Court Registry of the Commonwealth of The Bahamas, in which event Escrow Agent shall be entitled to withhold from said Escrow Funds any and all reasonable expenses, including attorney's fees. However, if before initiating an inter-pleader proceeding Escrow Agent receives joint, written instructions from the Parties to place the Escrow Funds in an interest bearing account in the joint names of the Purchaser and the Seller or in the joint names of the Attorney for the Purchaser and the Attorney for the Seller, then in that case Escrow Agent shall disburse the funds pursuant to those instructions. In this latter event Escrow Agent shall also be entitled to withhold from said Escrow Funds any and all reasonable expenses, including attorney's fees.

FURTHER, that in consideration of the Escrow Agent acting for the benefit of and at the request of Purchaser and Seller, the Purchaser and the Seller shall and do at all times hereafter well and sufficiently save, defend, keep harmless and indemnify the Escrow Agent, from all loss, damage, cost, charge, liability or expense (excepting therefrom any loss, damage, costs, charge, liability or expense resulting from Escrow Agent's willful misconduct or gross negligence), including, but not limited to, court costs and attorney's fees which may result from the obligation and duty as Escrow Agent accepted by the said Escrow Agent, including, but not limited to, situations in which disputes arise concerning amounts of money to be paid over, funds available for such payments, or the proper persons to whom payments should be made, and including, but not limited to, a delay in the electronic wire transfer of funds, and the failure of financial and banking institutions.

FURTHER, we, the undersigned, do hereby certify that we are aware the Federal Deposit Insurance Corporation (FDIC) coverages apply only to a maximum amount of $250,000.00 until December 31, 2013 and $100,000.00 thereafter for each individual depositor. We further understand that certain banking instruments such as, but not limited to, repurchase agreements and letters of credit are not covered at all by FDIC insurance. Further, we understand that IDM, INC assumes no responsibility for, nor will we hold same liable for, any loss occurring which arises from the fact that the amount of the above account may cause the aggregate amount of any individual depositor's accounts to exceed the maximum amount covered by the FDIC and that the excess amount is not insured by the FDIC, or that FDIC insurance is not available on certain types of bank instruments.

IN WITNESS WHEREOF, the Parties hereto have caused this Escrow Agreement to be executed effective the day and year first above written.

| Seller: | Purchaser: |
|---|---|
| GENWOOD PARADISE LTD. | |
| Executed by LEHMAN BROTHERS HOLDING INC. | |
| As Attorney in Fact as per its Power of Attorney | |
| dated 2/17/2011 | |
| _____ | Signature: _____ |
| Jeffrey Fitts (Authorized Signatory) | Print Name: _____ |
| Date Signed: February 17, 2011 | Date Signed: _____ |

Page 2 of 3

2. Escrow Agent's Escrow Fee of Six Hundred Fifty and 00/100 ($650.00) U.S. Dollars will be retained by Escrow Agent upon receipt by Escrow Agent. This is a non-refundable payment.

3. Purchaser may further deposit with Escrow Agent an additional deposit and an amount that will be equivalent to the balance of the purchase price on or before the 12th day of May, 2011 ("Closing Date").

4. Escrow Agent shall disburse Escrow Funds pursuant to joint, written instructions from the Parties. Upon disbursement, Escrow Agent will be relieved of all liability hereunder.

IT IS FURTHER understood and agreed that in the event written instructions as set forth above are not received by Escrow Agent on or before the date that is one year from the Closing Date hereinabove recited, or one year from the date of the last signature to this Escrow Agreement, whichever is later, then Escrow Agent, in its sole discretion, may continue to hold the Escrow Funds or may invoke an inter-pleader proceeding and pay the Escrow Funds into the Supreme Court Registry of the Commonwealth of The Bahamas, in which event Escrow Agent shall be entitled to withhold from said Escrow Funds any and all reasonable expenses, including attorney's fees. However, if before initiating an inter-pleader proceeding Escrow Agent receives joint, written instructions from the Parties to place the Escrow Funds in an interest bearing account in the joint names of the Purchaser and the Seller or in the joint names of the Attorney for the Purchaser and the Attorney for the Seller, then in that case Escrow Agent shall disburse the funds pursuant to those instructions. In this latter event Escrow Agent shall also be entitled to withhold from said Escrow Funds any and all reasonable expenses, including attorney's fees.

FURTHER, that in consideration of the Escrow Agent acting for the benefit of and at the request of Purchaser and Seller, the Purchaser and the Seller shall and do at all times hereafter well and sufficiently save, defend, keep harmless and indemnify the Escrow Agent, from all loss, damage, cost, charge, liability or expense (excepting therefrom any loss, damage, costs, charge, liability or expense resulting from Escrow Agent's willful misconduct or gross negligence), including, but not limited to, court costs and attorney's fees which may result from the obligation and duty as Escrow Agent accepted by the said Escrow Agent, including, but not limited to, situations in which disputes arise concerning amounts of money to be paid over, funds available for such payments, or the proper persons to whom payments should be made, and including, but not limited to, a delay in the electronic wire transfer of funds, and the failure of financial and banking institutions.

FURTHER, we, the undersigned, do hereby certify that we are aware the Federal Deposit Insurance Corporation (FDIC) coverages apply only to a maximum amount of $250,000.00 until December 31, 2013 and $100,000.00 thereafter for each individual depositor. We further understand that certain banking instruments such as, but not limited to, repurchase agreements and letters of credit are not covered at all by FDIC insurance. Further, we understand that IDM, INC assumes no responsibility for, nor will we hold same liable for, any loss occurring which arises from the fact that the amount of the above account may cause the aggregate amount of any individual depositor's accounts to exceed the maximum amount covered by the FDIC and that the excess amount is not insured by the FDIC, or that FDIC insurance is not available on certain types of bank instruments.

IN WITNESS WHEREOF, the Parties hereto have caused this Escrow Agreement to be executed effective the day and year first above written.

Seller:
GENWOOD PARADISE LTD.
Executed by LEHMAN BROTHERS HOLDING INC.
As Attorney in Fact as per its Power of Attorney
dated _____.

_____
Jeffrey Fitts (Authorized Signatory)

Date Signed: _____

Purchaser:
BENISASIA INVESTMENT AND PROPERTIES LTD.

Signature: _Rick Bash_ (signature)

Print Name: RICK BENISASIA

Date Signed: 23 FEB 2011

Page 2 of 3

ESCROW AGENT:
IDM, INC.

_____       Date Signed: 23 Feb 2011
Shellye L. Schwartz, Escrow Officer