BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, New York 13202
Telephone: 315-218-8000
Facsimile: 315-218-8100
Stephen A. Donato, Esq.
Jonathan B. Fellows, Esq.
Sara C. Temes, Esq.

*Attorneys for Creditor Benisasia Investment and Properties Limited*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

Debtors.

Chapter 11

Case No. 08-13555 (JMP)

**AFFIDAVIT OF RICK BENISASIA IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 TO LIFT THE AUTOMATIC STAY TO PERMIT BENISASIA INVESTMENT AND PROPERTIES LIMITED TO PROSECUTE CERTAIN CAUSES OF ACTION IN STATE OR FEDERAL COURT**

PROVINCE OF ONTARIO   )
CITY OF TORONTO          ) ss.:

Rick Benisasia, being duly sworn, hereby deposes and says:

1. I am the President of Benisasia Investment and Properties, Ltd. ("Benisasia"), a company incorporated under the laws of the Bahamas for the purpose of purchasing two hotels, the first known as Paradise Island Harbour Resort, Paradise Island Commonwealth of the Bahamas ("Paradise Island Resort") and the second known as Nassau Palm Resort, West Bay Street Nassau Commonwealth of the Bahamas ("Nassau Resort" and together with Paradise Island Resort, the "Properties").

2. On February 11, 2011, Benisasia entered into two separate contracts (as amended, the "Purchase Agreements") with Genwood Paradise Ltd. and Genwood Nassau Ltd. (collectively, the "Sellers"), as beneficial owners of the Paradise Island Resort and the Nassau Resort, respectively, and Lamco and the Debtor, as holders of debentures or mortgages with respect to the Properties. In my capacity as President, I have overall responsibility for Benisasia's business and am familiar with the Purchase Agreements and the facts relating to the transaction for the sale of the Properties.

3. I submit this Affidavit in support of the Benisasia's Motion (the "Motion") for Entry of an Order pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") to Permit Benisasia to Prosecute Certain Causes of Action in State or Federal Court against Lehman Brothers Holdings, Inc. (the "Debtor"), Lamco, LLC ("Lamco"), Genwood Paradise Ltd. ("Paradise"), Genwood Nassau, Ltd. ("Nassau") and International Data Management, Inc. ("IDM", and together with the Debtor, Lamco, Paradise and Nassau, the "Defendants"). Except as otherwise indicated, all facts set forth in this Affidavit are based upon my personal knowledge, my review of relevant documents, my opinion, my experience and knowledge of the Purchase Agreements and transaction for sale of the Properties, or are based upon knowledge of employees of Benisasia reporting to me that are derived in the course of his/her duties.

4. The purchase price for the Paradise Island Resort was US $14,000,000.00 with a deposit paid by Benisasia in the amount of US $700,000.00 and the purchase price for the Nassau Resort was US $3,250,000.00 with a deposit paid by Benisasia in the amount of US $162,500.00. The Purchase Agreements were executed by Lehman as power of attorney for

Paradise and Nassau. The deposits totaling US $862,500.00 (the "Deposits") are held by IDM, as escrow agent pursuant to the terms and conditions of two separate escrow agreements attached to the Motion as Exhibits 2A and 2B. Amendments to the Purchase Agreements which, among other things, extended the time for closing of the transactions, were signed on May 26, 2011 and June 23, 2011 by the parties. The amendments to the Purchase Agreements with Paradise Island and Nassau are attached to the Motion as Exhibits 3A and 3B, respectively.

5. The Purchase Agreements required Benisasia to obtain approvals and permits from the Bahamas Investment Authority and the Central Bank of the Bahamas for the transactions contemplated by the Purchase Agreements to close. In response to Benisasia's request to the Bahamas Investment Authority for issuance of the permits, it was informed by letters dated May 25, 2011 that the permits would be issued subject to evidence of payment of more than US $1,000,000.00 in outstanding real property taxes on the Properties. After conditional issuance of the permits, Benisasia immediately requested that the Sellers pay the real property taxes, as required by the Purchase Agreements, in order to facilitate the issuance of the permits.

6. On June 21, 2011, I participated in a telephone call with Jyoti Johal of Benisasia; Benisasia's attorney, Adrian White of Higgs & Johnson; Hector Rivera of International Data Management, Inc.; John Nastasi of Lamco LLC, the person authorized to act on behalf of the Defendants; Maurcio Pons; Bradley Burwell of CB Richard Ellis Hotels, as real estate agent for Benisasia; and Valentine Grimes, attorney for the Defendants. During the course of that call, I informed Mr. Nastasi that Benisasia was ready, willing and able to close the transactions contemplated by the Purchase Agreements the next day, June 22, 2011. Mr. Nastasi,

on behalf of the Defendants, represented that the arrears of the outstanding real property taxes on both properties would be resolved in full as soon as possible to facilitate the issuance of the permits by the Bahamas Investment Authority. Based on these representations, Benisasia executed Deeds of Addendum dated June 23, 2011 which, among other things, extended the closing dates under the Purchase Agreements. The tax payments were never made, and as a result the permits were not issued to Benisasia.

I swear, under penalty of perjury under the laws of Canada, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Rick Benisasia

Sworn to before me this
16 day of December 2011.

_____
Notary Public

LAWYER &
NOTARY PUBLIC
in Province of Ontario
Law Society number
L1 - 12452 U