Presentment Date and Time: December 30, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: December 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re                                                                            :    Chapter 11 Case No.
                                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                                 :
                      Debtors.                                          :    (Jointly Administered)
                                                                                 :
---------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF**
**SUPPLEMENTAL ORDER REINSTATING CLAIMS ON ORDER**
**GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS**
**(DUPLICATE CLAIMS) AND ORDER GRANTING DEBTORS' ONE HUNDRED**
**NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 30, 2011 at 12:00 noon (Prevailing Eastern Time)**. The Supplemental Order supplements the Order Granting Debtors' Twelfth Omnibus Objection to Claims (Duplicate Claims), dated July 1, 2010 [ECF No. 9986] and the Order Granting Debtors' One Hundred Ninety-Fifth Omnibus Objection to Claims (No Debtor Claims), dated October 28, 2011 [ECF No. 21378], and reinstates previously disallowed and expunged claim numbers 18674 and 18675.

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **December 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M.

Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 21, 2011
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
: 
**In re**                                                        :  **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :  **08-13555 (JMP)**
:
Debtors.                              :  **(Jointly Administered)**
:
------------------------------------------------------------x

**SUPPLEMENTAL ORDER REINSTATING CLAIMS ON ORDER
GRANTING DEBTORS' TWELFTH OMNIBUS OBJECTION TO CLAIMS
(DUPLICATE CLAIMS) AND ORDER GRANTING DEBTORS' ONE HUNDRED
NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO DEBTOR CLAIMS)**

WHEREAS on September 18, 2009, the City of Oakland and Oakland Redevelopment Agency (the "Claimant") filed proofs of claim numbered 18674 ("Claim 18674") and 18675 ("Claim 18675", and collectively with Claim 18674, the "Claims") each in the amount of $6,702,000;

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Twelfth Omnibus Objection to Claims (Duplicate Claims)*, dated May 18, 2010 [ECF No. 9095] (the "Twelfth Omnibus Objection to Claims");

WHEREAS the Twelfth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge Claim 18675 on the grounds that it was duplicative of Claim 18674, all as more fully described in the Twelfth Omnibus Objection to Claims;

WHEREAS after the hearing on the Twelfth Omnibus Objection to Claims held on June 29, 2010, the Court entered an order (the "2010 Order") [ECF No. 9986] granting the relief requested in the Twelfth Omnibus Objection to Claims and causing Claim 18675 to be disallowed and expunged;

WHEREAS the Debtors filed the *Debtors' One Hundred Ninety-Fifth Omnibus Objection to Claims (No Debtor Claims)*, dated September 12, 2011 [ECF No. 19880] (the "One Hundred Ninety-Fifth Omnibus Objection to Claims," and with the Twelfth Omnibus Objection to Claims, the "Objections"[1]);

WHEREAS the One Hundred Ninety-Fifth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge Claim 18674 on the grounds that Claim 18674 failed to identify the Debtor against which it was asserted, all as more fully described in the One Hundred Ninety-Fifth Omnibus Objection to Claims;

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Objections.

WHEREAS after the hearing on the One Hundred Ninety-Fifth Omnibus Objection to Claims held on October 27, 2011, the Court entered an order (the "2011 Order," and with the 2010 Order, the "Orders") [ECF No. 21378] granting the relief requested in the One Hundred Ninety-Fifth Omnibus Objection to Claims and causing Claim 18674 to be disallowed and expunged;

WHEREAS after entry of the Orders, the Debtors determined that the 2010 Order was entered in error with respect to Claim 18675 and the 2011 Order was entered in error with respect to Claim 18674.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate the Claims on Debtors' official claims register; and it is further

ORDERED that the Twelfth Omnibus Objection to Claims is withdrawn without prejudice as to Claim 18675 and without prejudice to assertion by the Debtors of any objections to Claim 18675 in the future; and it is further

ORDERED that the One Hundred Ninety-Fifth Omnibus Objection to Claims is withdrawn without prejudice as to Claim 18674 and without prejudice to assertion by the Debtors of any objections to Claim 18674 in the future; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to the Claims are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the Claims, this Supplemental Order shall have no effect whatsoever on any claims subject to the Orders; and it is further

08-13555-mg    Doc 23632    Filed 12/21/11    Entered 12/21/11 14:01:50    Main Document
Pg 6 of 6

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, \_\_\_
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE