Presentment Date and Time:  December 30, 2011 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline:  December 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
-------------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER**
**REINSTATING CLAIM ON ORDER GRANTING DEBTORS'**
**TWO HUNDREDTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **December 30, 2011 at 12:00 noon (Prevailing Eastern Time)**.  The Supplemental Order supplements the Order Granting Debtors' Two Hundredth Omnibus Objection to Claims (No Liability Claims), dated October 27, 2011 [ECF No. 21354] and reinstates previously disallowed and expunged claim number 7163.

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **December 29, 2011 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 21, 2011
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
                                          :
In re                                     :   Chapter 11 Case No.
                                          :
LEHMAN BROTHERS HOLDINGS INC., et al.,    :   08-13555 (JMP)
                                          :
                   Debtors.               :   (Jointly Administered)
                                          :
-------------------------------------------------------------x
```

**SUPPLEMENTAL ORDER REINSTATING CLAIM**
**ON ORDER GRANTING DEBTORS' TWO HUNDREDTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

WHEREAS on August 3, 2009, Winsome E. McDonald (the "Claimant") filed a proof of claim numbered 7163 ("Claim 7163") in the amount of $894.92;

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Two Hundredth Omnibus Objection to Claims (No Liability Claims)*, dated September 13, 2011 [ECF No. 19921] (the "Two Hundredth Omnibus Objection to Claims");

WHEREAS the Two Hundredth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge Claim 7163 on the basis that the Debtors do not have liability for same, all as more fully described in the Two Hundredth Omnibus Objection to Claims;

WHEREAS after the hearing on the Two Hundredth Omnibus Objection to Claims held on October 27, 2011, the Court entered an order (the "Order") [ECF No. 21354] granting the relief requested in the Two Hundredth Omnibus Objection to Claims and causing Claim 7163 to be disallowed and expunged;

WHEREAS after entry of the Order, the Debtors determined that the Claimant had submitted a timely response to the Two Hundredth Omnibus Objection to Claims;

WHEREAS had the Debtors been aware of the Claimant's response prior to entry of the Order, the Debtors would have adjourned the hearing on the Two Hundredth Omnibus Objection to Claims as to Claim 7163.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate Claim 7163 on the Debtors' official claims register; and it is further

ORDERED that the Two Hundredth Omnibus Objection to Claims is adjourned as to Claim 7163; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to Claim 7163 are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to Claim 7163, this Supplemental Order shall have no effect whatsoever on any claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, \_\_\_
       New York, New York

                                                                                 UNITED STATES BANKRUPTCY JUDGE