UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re                                                                    :    Chapter 11 Case No.
                                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                         :
                              Debtors.                          :    (Jointly Administered)
---------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' OBJECTION TO THE CLAIM FILED BY WILMINGTON TRUST COMPANY AS INDENTURE TRUSTEE (CLAIM NUMBER 10082)

Upon consideration of the objection, dated September 30, 2011 (the "Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, reducing and allowing claim number 10082, filed by the Wilmington Trust Company, as Indenture Trustee (the "Wilmington Trust Claim"), on the grounds that the Debtors and the claimant have agreed upon a claim value not currently reflected on the proof of claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the portion of the Wilmington Trust Claim that is based on the securities included on Exhibit 1 hereto (each of which is a Wilmington Structured Security) is hereby reduced and allowed to the amounts set forth on Exhibit 1; and it is further

ORDERED that all holders of the Wilmington Structured Securities that are included on the Wilmington Trust Claim are bound by, and deemed to have consented to reduction of the Wilmington Trust Claim to the amount set forth on Exhibit B to the Objection and the terms of this Order; and it is further

ORDERED that Wilmington Trust, as Indenture Trustee or in its individual capacity, and its legal counsel and/or financial advisors shall not have any liability for any claims, demands, suits, actions or causes of action arising out of the consensual agreement to reduce the Wilmington Trust Claim as it relates to the Wilmington Structured Securities, and holders of the Wilmington Structured Securities shall be forever barred, estopped and permanently enjoined from asserting, prosecuting or otherwise pursuing claims in any way related to the matters that are the subject of this Objection against Wilmington Trust individually or as Indenture Trustee; and it is further

2

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       December 22, 2011

                                              *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE