# United States Bankruptcy Court

Southern District of New York

<u>In re:</u> **Lehman Brothers Holdings, Inc.**         <u>Case No.</u>: **08-13555**

Court ID (Court use only)_____

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this notice.

| | |
|---|---|
| **<u>Hain Capital Holdings, Ltd</u>** | **H.W. & P.I.A. Wieringa-Van Devener** |
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent | Court Record Address of Transferor (Court Use Only) |
| **Hain Capital Holdings, Ltd**<br>**301 Route 17, 7th Floor**<br>**Rutherford, NJ  07070**<br>**Attn: Rachel Yamnik**<br>Phone: **(201) 896 - 6100** | |
| Last Four Digits of Acct #: _____ | Last Four Digits of Acct. #: _____ |
| Name and Address where transferee payments should be sent (if different from above) | Name and Current Address of Transferor<br><br>**H.W. & P.I.A. Wieringa-Van Devener**<br>**Koningshoflei 3**<br>**Schoten 2900**<br>**Belgium** |

Court Claim # (if known): 48814
Claim Amount:          $119,647.65
Date Claim Filed:       10/22/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Rachel Yamnik_____          Date: 12/22/2011
        Transferee/Transferee's Agent
*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

~~DEADLINE TO OBJECT TO TRANSFER~~

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                              _____
                                              **CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received in the amount set forth on Schedule 1 attached hereto, the adequacy and sufficiency of which are hereby acknowledged, Wieringa, H.W. & P.I.A. Wieringa-Van Deventer ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Holdings, Ltd., (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 2 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 48814 filed by or on behalf of Wieringa, H.W. & P.I.A. Wieringa-Van Deventer (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (the Purchased Claim, together with the rights and interests as described in clauses (a), (b), (c) and (d), are collectively referred to herein as the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 2 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim ("Agreement"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 2 attached hereto; and (f) Seller has not engaged (and shall not engage) in any acts, conduct or omissions, or had (and shall not have) any relationship with the Debtor or any of its affiliates, that will give rise to any setoff, defense, subordination or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of allowed unsecured claims against the Debtor.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. If for any reason, Seller (and not Buyer) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote), Seller shall exercise such rights in a timely manner in accordance with Buyer's instructions, except as prohibited under any applicable law, rule or order.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 6 day of Dec 2011.

WIERINGA, H.W. & P.I.A. WIERINGA-VAN DEVENTER

By: _____
Name:
Title:

Koningshoflei 3
Schoten 2900
Belgium

HAIN CAPITAL HOLDINGS, LTD.

By: _____
Name: Robert Koltai
Title: Manager

301 Route 17 North, 7th Floor
Rutherford, NJ 07070

Schedule 1

Allowed Claim Amount: $119,647.65 USD

Purchase Rate:

Purchase Price:

Schedule 2

Transferred Claims

Purchased Claim

100% = $119,647.65 of $119,647.65 (the outstanding principal amount of the Purchased Claim as of November ~~November~~ Dec 6, 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Programs Securities | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 79,000 | 7.25% | 10/5/2011 | EUR 79,000 USD 111,792.90 |