## EXHIBIT A

(Ordinary Course Professional Affidavit)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :  Chapter 11 Case No. 08-13555 (JMP)
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :  (Jointly Administered)
                                                               :
              Debtors.                                         :
                                                               :
---------------------------------------------------------------x

### AFFIDAVIT AND DISCLOSURE STATEMENT OF
### JOHN E. JAMES ON BEHALF OF
### POTTER ANDERSON & CORROON LLP

STATE OF DELAWARE         )
                          ) ss:
COUNTY OF NEW CASTLE      )

John E. James, being duly sworn, upon his oath, deposes and says:

1.  I am a partner of the law firm of Potter Anderson & Corroon LLP located in the Hercules Plaza – Sixth Floor, 1313 North Market Street, Wilmington, DE 19801 (the "Firm").

2.  Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced Chapter 11 cases, as Debtors and Debtors-in-Possession (together, the "Debtors"), have requested that the Firm provide legal services to the Debtors solely in connection with providing legal advice as to the Debtors' rights to insurance coverage under certain title insurance policies issued by Lawyers Title Insurance Company ("Lawyers Title") to the Debtors and representation of the Debtors, if necessary, in an action in a court of competent jurisdiction required to enforce the Debtors' rights against Lawyers Title under the title

insurance policies, and the Firm has consented to provide such services ("the Insurance Representation").

3. The Firm may have performed services in the past and may perform services in the future, in matters unrelated to these chapter 11 cases, for persons that are parties in interest in the Debtors' chapter 11 cases. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other parties in interest in these chapter 11 cases. With respect to its retention in the Insurance Representation, LBHI provided the Firm with the entities adverse to LBHI in the Insurance Representation; LBHI did not provide the Firm with a list of all parties-in-interest in the bankruptcy cases. Based on the list of entities provided to the Firm, the Firm does not have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates except as set forth in this Affidavit.

4. Prior to the Firm's involvement in the Insurance Representation, it had been retained to represent Fidelity National Title Insurance Company and certain of its affiliates, not including Lawyers Title which is an affiliate of Fidelity National (together "Fidelity National") in litigation pending in the United States Bankruptcy Court for the District of Delaware, commonly referred to as the "DBSI Litigation."[1] The DSBI Litigation is wholly

---

[1] *James R. Zazzali, as Litigation Trustee for the DBSI Estate Litigation Trust v. Alamo Title Company*, Adversary Proceeding No. 10-54161(PJW) (notice of voluntary dismissal filed); *James R. Zazzali, as Litigation Trustee for the DBSI Estate Litigation Trust v. Chicago Title Insurance Co.*, Adversary Proceeding No. 10-54256 (PJW); *James R. Zazzali, as Litigation Trustee for the DBSI Estate Litigation Trust v. Fidelity National Title Insurance*, Adversary Proceeding No 10-54224 (PJW) (notice of voluntary dismissal filed); *James R. Zazzali, as Litigation Trustee for the DBSI Estate Litigation Trust v. Lawyers Title Insurance Co.*, Adversary Proceeding No. 10-54261 (PJW) (notice of voluntary dismissal filed); *James R.*

2

unrelated to the Insurance Representation. The Debtors consented to such representation, and Fidelity National and the Debtors have executed mutual waivers as to any putative conflict associated with the Firm's representation of the Debtors in the Insurance Representation.

5. The Firm was also recently retained to represent West Corporation and its various affiliates in the captioned cases with respect to claims between West Corporation and its various affiliates and the estate. LBHI consented to such representation and provided a written waiver to the Firm. The Firm's representation of West Corporation and its various affiliates in the Debtors' bankruptcy cases is wholly unrelated to the Insurance Representation, and the Firm does not represent or hold any interest adverse to the Debtor or to the estate with respect to the Insurance Representation.

6. Neither I, nor any principal of, nor professional employed by, the Firm has agreed to share, or will share, any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

7. Neither I, nor any principal of, nor professional employed by, the Firm, insofar as I have been able to ascertain, except as set forth herein, holds or represents any interest adverse to the Debtors or their estates.

8. The Debtors owe the Firm $2,572.14 for prepetition services unrelated to the Insurance representation. Further, Lehman Brothers Asia Limited owes the firm $25,483.47 for services prior to its liquidation proceedings in Hong Kong, which services were also unrelated to the Insurance Representation.

---

*Zazzali, as Litigation Trustee for the DBSI Estate Litigation Trust v. Transnation Title & Escrow, Inc.*, Adversary Proceeding No. 10-54234 (PJW).

3

9. If in the future the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Affidavit, if necessary.

_____
John E. James

Sworn to and subscribed before me
this 20th day of December, 2011.

_____
Notary Public

My Commission Expires:

MARY ELLEN STACKEL
NOTARY PUBLIC
STATE OF DELAWARE
My commission expires April 9, 2012

4

# EXHIBIT B

### (Retention Questionnaire)

08-13555-mg    Doc 23673    Filed 12/22/11    Entered 12/22/11 13:17:46    Main Document
Pg 6 of 9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re                                                             : Chapter 11 Case No. 08-13555 (JMP)
                                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   : (Jointly Administered)
                                                                      :
                    Debtors.                                 :
                                                                      :
------------------------------------------------------------x

## RETENTION QUESTIONNAIRE

TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY LEHMAN BROTHERS HOLDINGS INC. OR ANY OF ITS DEBTOR AFFILIATES (collectively, the "Debtors")

DO NOT FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN IT FOR FILING BY THE DEBTORS, TO:

> Weil, Gotshal & Manges LLP
> 767 Fifth Avenue
> New York, NY  10153
> Attn:   Candace Arthur
>             Christopher Stauble

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:

    Potter Anderson & Corroon LLP

    Hercules Plaza – Sixth Floor

    1313 North Market Street

    Wilmington, DE  19801

2. Date of retention:   August 9, 2011

3. Type of services provided (accounting, legal, etc.):

    Legal

4. Brief description of services to be provided:

Potter Anderson & Corroon LLP will be representing certain subsidiaries or affiliates of the Debtor, Lehman Brothers Holdings Inc. (i.e., LB Sweetwater LLC, PAMI LLC, and Sweetwater Point LLC) (collectively "the LBHI entities"), including advice as to the right of the LBHI entities to insurance coverage under certain title insurance policies issued to the LBHI entities by Lawyers Title Insurance Company ("Lawyers Title") and, if necessary, representation of the LBHI entities in an insurance coverage action against Lawyers Title in a court of competent jurisdiction ("the Insurance Representation").

5. Arrangements for compensation (hourly, contingent, etc.):

Hourly

   (a) Average hourly rate (if applicable):

      N/A

   (b) Estimated average monthly compensation based on prepetition retention (if firm was employed prepetition):

      N/A

6. Prepetition claims against the Debtors held by the firm:

Amount of claim: $28,055.61 (See Exhibit A)

Date claim arose: The Firm's prepetition claim against the Debtors arose from services in January 2008 that were billed in February 2008. The Firm's pre-liquidation claim against Lehman Brothers Asia Limited arose from services from August 2007 through November 2007 that were billed in April 2008.

Source of Claim: Legal services.

7. Prepetition claims against the Debtors held individually by any member, associate, or professional employee of the firm:

Name: N/A

2

       Status: _____

       Amount of Claim:  $_____

       Date claim arose: _____

       Source of claim: _____

       _____

8.   Stock of the Debtors currently held by the firm:

       Kind of shares:  N/A_____

       No. of shares: _____

9.   Stock of the Debtors currently held individually by any member, associate, or professional employee of the firm:

       Name:  N/A_____

       Status: _____

       _____

       Kind of shares: _____

       No. of shares: _____

10.   Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed.

       <u>The Firm is not adverse to any of the Debtors or their estates with respect to the</u>

       <u>matters as to which the Firm has been retained, as more fully described in</u>

       <u>paragraphs 4 and 5 of the Affidavit of John E. James annexed hereto.</u>

11.   Name of individual completing this form:

       <u>John E. James</u>_____

1038439/37123

3