**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                   :
**In re**                                      :   **Chapter 11 Case No.**
                                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*    :   **08-13555 (JMP)**
                                                                   :
           **Debtors.**                        :   **(Jointly Administered)**
                                                                   :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTIONS 327(a)**
**AND 328(a) OF THE BANKRUPTCY CODE AND FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE 2014(a) AND 2016 FOR**
**AUTHORIZATION TO EMPLOY AND RETAIN GLEACHER & COMPANY**
**SECURITIES, INC. AS FINANCIAL ADVISOR EFFECTIVE AS OF FEBRUARY 17, 2011**

Upon the application dated November 22, 2011 (the "Application")[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases (together, the "Debtors"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to employ and retain Gleacher & Company Securities, Inc. ("Gleacher") as financial advisor to the Debtors, effective as of February 17, 2011, on the terms set forth in that certain engagement letter between the Debtors and Gleacher, dated as of November 18, 2011 (the "Engagement Letter"), and the related indemnification agreement between LBHI and Gleacher attached as Schedule D to the Engagement Letter (the "Indemnification Agreement" and, together with the Engagement Letter, the "Engagement Agreement"), all as more fully set forth in the Application; and upon consideration of the affidavit of Stephen Hentschel, a managing director and head of real estate investment banking at Gleacher,

---

[1] Capitalized terms that are used but not defined in this order have the meaning ascribed to them in the Application.

sworn to on November 18, 2011; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Gleacher; and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and upon consideration of the Application, the objections thereto filed by the official committee of unsecured creditors [ECF No. 23177] (the "Committee Objection") and the U.S. Trustee [ECF No. 23161] (the "U.S. Trustee Objection" and together with the Committee Objection, the "Objections"), the *Debtors' Omnibus Reply to Objections to Application of the Debtors Pursuant to Sections 327(a) and 328(a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2014(a) and 2106 for Authorization to Employ and Retain Gleacher & Company Securities, Inc. as Financial Advisor Effective as of February 17, 2011* (the "Debtors' Reply") [ECF No. 23543], the supplemental affidavit of Stephen Hentschel in support of the Application sworn to on December 19, 2011, and the record of the Hearing; and the Debtors having modified the Application as reflected in the record of the Hearing and the Debtors' Reply; and the Court having been advised that Lazard Frères & Co. LLC will not seek a transaction fee from the Debtors in respect of any Archstone Transaction; and the Court having found and determined that the relief sought in the Application, as modified, is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Application and the Debtors' Reply establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

2

ORDERED that the Application is granted as provided for herein; and it is further

ORDERED that all objections that have not been withdrawn, waived, or settled are overruled; and it is further

ORDERED that pursuant to sections 327(a) and 328(a) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016, the Debtors are authorized to employ and retain Gleacher as their financial advisor, effective as of February 17, 2011, in accordance with the terms and conditions of the Engagement Agreement, subject to the following modifications to the Engagement Letter: (a) there shall be no Monthly Retainer payable to Gleacher; and (b) Schedule B to the Engagement Letter is modified, consistent with the agreement between the Debtors and Gleacher; and it is further

ORDERED that the terms of the Engagement Letter, as modified, are approved and the Debtors will be bound by such terms, and Gleacher shall be compensated and reimbursed for the services identified and the Fee and Expense Structure set forth in the Engagement Letter and Application, as modified, pursuant to section 328(a) of the Bankruptcy Code; and it is further

ORDERED that the Fee and Expense Structure, as modified, is hereby approved and Gleacher shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code, and not subject to any other standard of review under section 330 of the Bankruptcy Code; and it is further

ORDERED that Gleacher shall apply to the Court for compensation and reimbursement of expenses for all fees payable in connection with an Archstone Transaction pursuant to the standard of review described above, and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have

been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998] and General Order M-389; and it is further

ORDERED that, notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any orders of this Court or any guidelines regarding submission and approvals of fee applications, Gleacher and its professionals shall only be required to maintain time records for services rendered after the date of the Application and such time records shall be maintained in half-hour increments; and it is further

ORDERED that, notwithstanding the foregoing, the United States Trustee retains all rights to object to fees payable to Gleacher in connection with any Archstone Transaction, based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; *provided, however*, that the number of hours expended by Gleacher shall not be the determinant of such reasonableness; and it is further

ORDERED that the Indemnification Agreement is approved and LBHI will be bound by such terms during the pendency of the Debtors' chapter 11 cases; and it is further

ORDERED that, during the pendency of the Debtors' chapter 11 cases, in the event Gleacher seeks reimbursement for attorneys' fees pursuant to the terms of the Engagement Agreement, the invoices and supporting time records from such attorneys shall be included in Gleacher's own fee application and such invoices and time records shall be subject to the U.S. Trustee guidelines for compensation and reimbursement of expenses and the approval of the

4

Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement or this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court will retain jurisdiction to construe and enforce the Engagement Agreement and this Order.

Dated: New York, New York
December 22, 2011

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE