Presentment Date and Time: January 5, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: January 5, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection): January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors-in-possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
**In re**                                                    :          **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :          **08-13555 (JMP)**
                                                             :
                    **Debtors.**                             :          **(Jointly Administered)**
                                                             :
-------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING AKERMAN SENTERFITT, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JANUARY 1, 2011

PLEASE TAKE NOTICE that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of

the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for

authorization to modify the procedures for compensating and reimbursing Akerman Senterfitt, as

special counsel to the Debtors, effective January 1, 2011, all as more fully described in the

Application, to the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **January 5, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Akerman Senterfitt, One Southeast Third Avenue, 25th Floor, Miami, Florida 33131, Attn: Andrea S. Hartley, **so as to be so filed and received by**

no later than **January 5, 2012 at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

 **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 22, 2011
  New York, New York

       /s/ Richard P. Krasnow
       Richard P. Krasnow
       WEIL GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for the Debtors
       and Debtors-in-possession

Presentment Date and Time: January 5, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: January 5, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection):  January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors-in-possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                              :
**In re**                                                     :        **Chapter 11 Case No.**
                                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                                              :
          **Debtors.**                                        :        **(Jointly Administered)**
                                                              :
-------------------------------------------------------------------x

## APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING AKERMAN SENTERFITT AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JANUARY 1, 2011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above

captioned chapter 11 cases, as debtors-in-possession (together, the "Debtors" and collectively

with their non-debtor affiliates, "Lehman"), file this Application for authorization to modify the

procedures for compensating and reimbursing Akerman Senterfitt ("Akerman") as special

counsel to the Debtors, effective January 1, 2011, and respectfully represent:

## Background

1.        Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

4.        On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") [ECF No. 19627].  By order dated December 6, 2011, the Court confirmed the Plan, as the same was supplemented, modified and amended (the "Confirmed Plan") [ECF No. 23023].  Although the Court entered the order confirming the Plan, the Confirmed Plan has not yet gone effective.  It is not contemplated that the Confirmed Plan will become effective

prior to January 31, 2012, consequently, the Debtors are continuing to operate as debtors-in-possession.

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

6.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Hartley Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

8.      The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Akerman as special counsel to the Debtors, effective as of January 1, 2011.  Specifically, Akerman has been engaged with respect to the following matters: (i) foreclosure litigation in the State Courts and the United States District

Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New

Jersey and New York (collectively, the "Foreclosure Matters"); (ii) the defense of lender liability

claims asserted in the Foreclosure Matters; (iii) cases that involve breach of contract and breach

of warranty claims brought by LBHI against various correspondent mortgage loan sellers under

loan purchase agreements for breaches of representations and warranties including, but not

limited to, misrepresentations of income, employment, assets, property value or involve first or

early payment default by borrowers; (iv) land use work related to the foreclosure litigation; and

(v) assisted LBHI in obtaining the final Certificate of Occupancy and resolving all claims and

warranty issues with the general contractor and the subcontractors on a project in Florida.

(collectively, the "Representative Matters").

        9.      Akerman has already been retained as a professional utilized in the

ordinary course ("Ordinary Course Professional") since the date it submitted the Disclosure

Statement of William B. Heller on February 11, 2009 [ECF No. 2816], pursuant to the Amended

OCP Order (as hereinafter defined).  This application is solely intended to put in place a different

payment mechanism with respect to Akerman's fees and expenses incurred in providing those

legal services it has heretofore been providing.

### Akerman As Ordinary Course Professional

        10.     Akerman has previously been providing legal services with respect to the

Representative Matters, on behalf of the Debtors, as an Ordinary Course Professional in these

chapter 11 cases, in accordance with this Court's Amended Order Pursuant to Sections 105(a),

327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals

Utilized in the Ordinary Course of Business, dated March 25, 2010 (the "Amended OCP

Order") [ECF No. 7822].  Pursuant to the procedures set forth in the Amended OCP Order, such

retention became effective upon the filing of the Hartley Affidavit of William B. Heller on

Behalf of Akerman [ECF No. 2816], and the expiration of the relevant objection period.

11.     The Amended OCP Order authorizes the Debtors to pay compensation to

and reimburse the expenses of Ordinary Course Professionals in the full amount billed by such

Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature

of the services rendered and calculated in accordance with such professional's standard billing

practices." As more fully discussed in the affidavit of Andrea S. Hartley, sworn to on December

21, 2011 (the "Hartley Affidavit"), a copy of which is attached hereto as Exhibit A, pursuant to

the Amended OCP Order, Akerman provided services to the Debtors and was compensated for

those services upon the presentation of detailed invoices indicating the nature of the services

rendered, which were calculated in accordance with Akerman's standard billing practices.

12.     The Amended OCP Order further provides "payment to any one Ordinary

Course Professional shall not exceed $1 million for the period prior to the conversion of,

dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") and

that "in the event payment to any Ordinary Course Professional exceeds $1 million during the

Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention

application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy

Code. . . ."

13.     To date, the Debtors have paid Akerman approximately $998,181.40 for

services rendered through December 31, 2010.  However, in preparation of this Application, the

Debtors became aware that they had inadvertently not paid several invoices in the total amount

of approximately $152,684.85 for services rendered over the course of several months, beginning

in June 3, 2009.  These particular unpaid invoices are solely in connection with a matter

commonly referred to as "Project Harvest" (the "Project Harvest Invoices").  Project Harvest refers to the litigation relating to breach of contract and breach of warranty claims brought by the Debtors against various correspondent mortgage loan sellers under loan purchase agreements and the Aurora Loan Services Seller's Guide for breaches of representations and warranties.  The Debtors assert, among other things, breaches due to misrepresentations of income, employment, assets, property value or involve first or early payment default by borrowers.  The Debtors submit that the Project Harvest Invoices were timely submitted and should have been paid pursuant to the compensation and reimbursement procedures set forth in the Amended OCP Order for Ordinary Course Professionals.  However payment of these invoices at this time would result in Akerman exceeding the OCP Cap (as hereinafter defined below).  In addition, although the Project Harvest Invoices are for services rendered prior to the requested effective date of January 1, 2011, and payment of such would otherwise fall under the procedures established for Ordinary Course Professionals, all other invoices submitted by Akerman during the period beginning June 3, 2009 through December 31, 2010, have been timely paid by the Debtors.  Accordingly, Akerman will resubmit the Project Harvest Invoices pursuant to the procedures applicable to special counsel of the Debtors and described below.

14.     It is the Debtors' understanding that from January 1, 2011 through October 31, 2011, Akerman has accrued, and not received payment of, approximately $468,839.45 in fees in connection with services rendered on behalf of the Debtors.

15.     The Debtors submit that Akerman's fees with respect to the Representative Matters, taking into consideration the unpaid invoices relating to Project Harvest, has already exceeded the said $1 million compensation cap for Ordinary Course Professionals (the "OCP Cap") and the Debtors anticipate continuing to utilize Akerman's services in

connection with the Representative Matters for the remainder of these chapter 11 cases.  Further,

the Debtors submit that Akerman has provided necessary services, such services are of value

to the estates, and the continued retention of Akerman is appropriate.  Accordingly, the

Debtors now seek to retain Akerman as special counsel in accordance with the Amended OCP

Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply

put in place a different mechanism for the processing of its charges.

### Akerman's Qualifications

16.    As described in the Hartley Affidavit, Akerman has extensive knowledge

and experience with real estate foreclosures, bankruptcy litigation, and Florida state law issues,

including but not limited to employment issues, real estate transfers, beverage licenses transfers,

and regulated utility companies. Akerman is a leading litigation and Bankruptcy firm that has

represented Debtors and their affiliates in these types of matters since 2002.[1] Accordingly,

Akerman is uniquely situated to provide these services to the estate.  In addition, Akerman

litigation professionals frequently represent individuals and business entities in a wide range of

litigation matters including representing financial institutions with respect to a wide variety of

bank matters, such as prosecution of claims relating to promissory notes and attendant security

instruments, guarantees, and otherwise against financial obligors. Additionally, Akerman

actively engages in the defense of liability actions against lenders in a variety of contexts.

17.    The Debtors believe that in light of Akerman's ongoing representation of

the Debtors with respect to the Representative Matters, Akerman is uniquely able to continue to

represent them with respect to those matters in an efficient and effective manner. If the Debtors

are required to retain counsel other than Akerman with respect to the Representative Matters, the

---

[1] Since 2004, Akerman has and continues to represent the non-debtor entity:  Lehman Brothers Bank n/k/a Aurora Bank, FSB.  Further, prior to and since the bankruptcy filings, Akerman has and continues to represent (i) Aurora Loan Services LLC, a wholly-owned subsidiary of Aurora Bank, FSB; and (ii) Lex Special Assets, LLC.

Debtors, their estates, and all parties in interest will be unduly prejudiced by the time and

expense necessary to enable such other counsel to become familiar with these matters.

### Scope Of Services To Be Provided

18.     Subject to further order of this Court, it is proposed that Akerman be

employed to continue to advise the Debtors with respect to the Representative Matters.

19.     Furthermore, the Debtors request that the modification of the procedures

for compensating and reimbursing Akerman be made effective as of January 1, 2011, to ensure

that Akerman is compensated for all of its services to the Debtors.  Establishing January 1, 2011,

as the date of Akerman's retention as special counsel in these cases will enable Akerman to

smoothly transition its billing practices and procedures from its prior retention as an Ordinary

Course Professional and will enable Akerman to be compensated for all of its services rendered

to the Debtors which provided value to the Debtors' estates.

### Professional Compensation

20.     The Debtors propose to pay Akerman its customary hourly rates for

services rendered that are in effect from time to time, as set forth in the Hartley Affidavit, and to

reimburse Akerman according to its customary reimbursement policies, in accordance with

sections 330(a) and 331 of the Bankruptcy Code.

21.     The Debtors have been informed that the current hourly billing rates for

Akerman partners range from $305/hour to $710/hour; its associates' rates range from $205/hr to

$440/hour; and its paralegals and other non-lawyer professionals' rates range from $135/hour to

$205/hour.  Akerman has informed the Debtors that the hourly rates vary with the experience and

seniority of the individuals assigned and may be adjusted from time to time and in accordance

with Akerman's established practices and procedures. The Debtors believe such rates are reasonable and comparable to the rates other firms charge for similar services.

22.     The Debtors understand that in connection with the reimbursement of reasonable and necessary expenses, it is Akerman's policy to charge its clients for expenses incurred in connection with providing certain client services, including, without limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other telephone charges, delivery service, and other expenses incurred in providing professional services.

23.     It is the Debtors' understanding that Akerman intends to apply to the Court by separate application for allowance of all fees and expenses incurred during these chapter 11 cases on or after January 1, 2011, in connection with services provided to the Debtors related to the Representative Matters, and will also apply to the Court by separate application with respect to the Project Harvest Invoices.  Compensation and reimbursement of such fees and expenses shall be subject to approval of the Court upon proper application by Akerman in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], this Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389.

## Basis For Relief

24.     The Debtor's knowledge, information, and belief regarding the matters set forth in this Application are based on and made in reliance upon the Hartley Affidavit.

25.     The retention of Akerman under the terms described herein is appropriate

under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for the

appointment of special counsel where the proposed counsel does not possess any interest

materially adverse to the debtor with regard to the matter(s) that  will be handled by counsel.

Section 327(e) provides: The trustee, with the court's approval, may employ, for a specified

special purpose, other than to represent the trustee in conducting the case, an attorney that has

represented the debtor, if in the best interest of the estate, and if such attorney does not represent

or hold any interest adverse to the debtor or to the estate with respect to the matter on which such

attorney is to be employed.  11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a

person is not disqualified for employment under section 327 of this title by a debtor in possession

solely because of such person's employment by or representation of the debtor before the

commencement of the case." U.S.C. § 1107(b).

26.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor prepetition provided that: (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not rise to the level of

conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.,* 174 B.R.

497 (N.D. Ill. 1994); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where

the interest of the special counsel and the interest of the estate are identical *with respect to the

matter for which special counsel is retained,* there is no conflict and the representation can

stand").  The Debtors submit that each of these factors is satisfied with respect to Akerman,

which has already been retained as an Ordinary Course Professional, and that, therefore, its

retention, which is solely intended to put in place a different payment mechanism with respect to their charges, should be approved under section 327(e) of the Bankruptcy Code.

### Akerman's Employment and
### Retention is in the Best Interests of the Estates

27.     As detailed above, the Debtors retained Akerman with respect to the Representative Matters pursuant to the procedures set forth in the Amended OCP Order and Akerman has been actively providing such services to the benefit of the Debtors, their estates and creditors.  Over the course of its post-petition representation of LBHI, Lehman Commercial Paper Inc. and their affiliates, Akerman has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application and in the Hartley Affidavit.  The Debtors believe that the employment of Akerman as special counsel for the Debtors will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another law firm familiarize itself with the matters described above.  Additionally, the Debtors submit that Akerman is well qualified to act as special counsel with respect to the Representative Matters.

28.     For these reasons, the Debtors submit that the employment of Akerman is in the best interests of the Debtors, their estates, and creditors.

### Akerman Holds No Interest Materially
### Adverse to the Debtors or the Debtors' Estates

29.     To the best of the Debtors' knowledge, and except as may be set forth in the Hartley Affidavit, Akerman does not represent or hold any interest adverse to the Debtors, their creditors, any other parties in interest herein, or their respective attorneys or accountants, or the U.S. Trustee, with respect to the matters as to which Akerman is to be employed, except as may be set forth in the Hartley Affidavit. *See In re AroChem,* 176 F.3d at 622 (emphasizing that,

under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with

respect to the scope of the proposed retention).  The Debtors have been informed that Akerman

will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise

and, if any new relevant facts or relationships are discovered, Akerman will supplement its

disclosure to the Court.

   30. Akerman is not a prepetition creditor of the Debtors.

   31. Based on the foregoing and the disclosures set forth in the Hartley

Affidavit, the Debtors submit that Akerman does not hold or represent any interest adverse to the

Debtors or the Debtors' estates with respect to the matters for which Akerman is to be employed.

### Akerman Will Not Conduct The Debtors' Bankruptcy Case

   32. By separate applications, the Debtors have sought the Court's approval to

retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and

Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, Akerman's

postpetition work is limited to the Representative Matters. None of these matters involve the

conduct of the bankruptcy cases themselves.  Additionally, because Akerman is not serving as

the Debtors' general bankruptcy counsel, the Debtors believe that Akerman is not serving as the

Debtors' general bankruptcy counsel, the Debtors believe that Akerman has not rendered

"services . . . in contemplation of, or in connection with the case" within the meaning of section

329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be

performed by Akerman will not be duplicative of any bankruptcy-related work performed by

other law firms retained by the Debtors.  It is the Debtors understanding that Akerman will

coordinate with the Debtors' other professionals to ensure that its services are, to the maximum

extent possible, complimentary to other professionals' services.

33.     As described above, the Debtors' proposed retention of Akerman as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code.  The Debtors do not believe that Akerman holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Akerman is proposed to be retained.  Accordingly, the Debtors submit that the retention of Akerman with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

### Notice

34.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Application in accordance with the procedures set forth in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Akerman; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors submit that no other or further notice need be provided.

35.     No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

    WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as it deems just and proper.

Dated: December 22, 2011
   New York, New York

         /s/ Richard P. Krasnow   
         Richard P. Krasnow
         WEIL GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for the Debtors
         and Debtors-in-possession

**<u>PROPOSED ORDER</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                **Debtors.**            :        **(Jointly Administered)**
                                                        :
--------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO MODIFY THE PROCEDURES FOR**
**COMPENSATING AND REIMBURSING AKERMAN SENTERFITT,**
**AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JANUARY 1, 2011**

Upon consideration of the application, dated December 22, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and together with its affiliated debtors in the above-captioned

chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Akerman Senterfitt ("Akerman") as special

counsel to the Debtors effective January 1, 2011; and upon the affidavit of Andrea S. Hartley,

sworn to on December 21, 2011 (the "Hartley Affidavit"), filed in support of the Application and

attached thereto as Exhibit A; and the Court being satisfied, based on the representations made in

the Application and the Hartley Affidavit, that Akerman represents no interest adverse to the

Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under

section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided in accordance with the procedures set forth in the second amended order

entered June 17, 2010 governing case management and administrative procedures, [ECF No.

9635], to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for

the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) Akerman and (vii) all parties who have requested notice in these chapter 11

cases, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Application is in the best interests of the

Debtors, their estates and their creditors, and all parties in interest and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Akerman as special counsel, effective January 1,

2011, on the terms set forth in the Application and this order, for the Representative Matters

identified in the Application and in accordance with Akerman's customary rates in effect from

time to time and its disbursement policies; and it is further

ORDERED that Akerman is authorized to apply for compensation and reimbursement of expenses with respect to fees and expenses to be paid to it pursuant to the Project Harvest Invoices identified in the Application in accordance with the procedures set forth in the following decretal paragraph; and it is further

ORDERED that Akerman shall, solely with respect to fees and expenses to be paid to Akerman for services rendered as of January 1, 2011, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January __, 2012
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE