UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                        :

In re                                     :          Chapter 11 Case No.
                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)
                                        :
        Debtors.                      :          (Jointly Administered)
                                        :
------------------------------------------------------------x

## AFFIDAVIT OF ANDREA S. HARTLEY ON BEHALF OF AKERMAN SENTERFITT IN SUPPORT OF DEBTORS' APPLICATION FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING AKERMAN SENTERFITT, AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JANUARY 1, 2011

STATE OF FLORIDA         )
                                  ) ss:
COUNTY OF MIAMI-DADE  )

Andrea S. Hartley being duly sworn, deposes and say:

1. I am an attorney duly admitted to practice in the State of Florida as well as before the United States Supreme Court, the Court of Appeals for the Eleventh Circuit, and the District Courts for the Southern District of Florida, Middle District of Florida and Northern District of Florida. I am a shareholder of the firm of Akerman Senterfitt ("Akerman" or the "Firm"). I am duly authorized to make this affidavit (the "Affidavit") on behalf of Akerman.

2. I submit this Affidavit in support of the application (the "Application") by Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "Debtors") in the above-captioned Chapter 11 cases (collectively, the "Chapter 11 Cases"), pursuant to Sections 327(e) of Title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

{22786591;1}

Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), to retain Akerman as special counsel, effective January 1, 2011, to provide professional services relating to foreclosure litigation, defense of lender liability claims, prosecution of breach of contract claims and breach of warranty claims against certain mortgage loan sellers, and land use/contractor issues related to the foreclosure litigation (the "Application"). The Application is solely intended to put in place a different payment mechanism with respect to Akerman's fees and expenses incurred in providing those legal services it has heretofore been providing.

3. The primary purpose of this Affidavit is to make disclosures that may be required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules in connection with the proposed retention of Akerman by the Debtors.

4. Except as otherwise stated herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[1] To the extent any information disclosed herein requires amendment or modification or as additional party in interest information becomes available to it, a further supplemental declaration reflecting such amended or modified information will be submitted to the Court.

5. Akerman is a law firm with principal offices located at One Southeast Third Avenue, 25th Florida, Miami, Florida 33131.

6. Akerman also maintains offices in Boca Raton, Dallas, Denver, Fort Lauderdale, Jacksonville, Las Vegas, Los Angeles, Madison, New York City, Orlando, Palm Beach, Tallahassee, Tampa, Washington, D.C. and West Palm Beach.

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Akerman and are based on information provided by them.

{22786591;1} US_ACTIVE:\43877161\03\58399.0008        2

7. Despite the substantial efforts described herein to identify and disclose connections with the Debtors and parties in interest in these cases, because the Debtors are a large enterprise with many creditors and relationships, Akerman is unable to state with absolute certainty that all of its client connections with the Debtors and parties in interest have been disclosed. In this regard, if Akerman discovers additional information that requires disclosure, the Firm will file supplemental disclosures with the Court.

8. To the best of my knowledge, after due inquiry, and except as set forth herein, neither I, Akerman, nor any member of, counsel to or associate of the Firm represents any creditor, party in interest or entities other than the Debtors in connection with the Chapter 11 Cases.

**Procedure for Conflicts Review**

9. Akerman maintains a database containing the names of current and former clients and certain other parties related to such clients. Akerman's client and adverse party conflicts check system is comprised of records regularly maintained in the business of the Firm and it is the regular practice of the Firm to make and maintain those records. The system reflects entries that are noted in the system at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Akerman and in my practice of law.

10. The Debtors have provided Akerman with approximately 7500 names of entities from their "Retention Checklist", which include : (i) the Debtors' 50 largest bondholders; (ii) the Debtors' 100 largest unsecured creditors other than bondholders; (iii) the Debtors' bank lenders; (iv) the Debtors' significant lessors and lessees; (v) the Debtors' secured creditors; (vi) certain

government and state regulatory agencies; (vii) members of the *ad hoc* or unofficial creditors' committees formed prior to the Commencement Date, to the extent known at the Commencement Date; (viii) the Debtors' significant stockholders; (ix) the Debtors' current and former directors and officers during the past three years; (x) the underwriting investment bankers for the Debtors' securities for all securities issued or outstanding on the Commencement Date or during the three years prior to the Commencement Date; (xi) the Debtors' accountants employed or retained during the two years prior to the Commencement Date; (xii) certain entities related to the Debtors; (xiii) former Lehman Brothers Holdings Inc. entities; (xiv) certain other potential parties in interest; (xv) affiliations of outside directors; (xvi) professionals employed by the Debtors; (xvii) litigation and non-litigation claimants; (xviii) the 100 largest holders of the Debtors' trade debt; (xix) professionals retained by significant creditor groups in these Chapter 11 Cases; (xx) the Debtors' utilities providers; (xxi) the Debtors' competitors; (xxii) the Debtors' strategic partners; and (xxiii) members of the official committee of unsecured creditors (collectively, the "Searched Parties").

11. The Searched Parties have been submitted to Akerman's database. In connection with this Affidavit, I caused attorneys and paralegals working under my supervision to conduct a detailed review of the information generated from the Database to determine Akerman's relationship with the Searched Parties. Based upon this review, I do not believe that Akerman holds any interest adverse to the estates with respect to any of the matters for which Akerman will be retained. Furthermore, to the best of my knowledge, neither Akerman nor any attorney at the Firm holds or represents any interest adverse to the Debtors' estates with respect to such matters.

**Results of Conflicts Review**

12. A search of Akerman's conflicts check system revealed the following matters, none of which impairs my or Akerman's disinterestedness or constitutes any conflict of interest:

(a) Akerman has rendered services in the prior two (2) years and is presently rendering services ("Current Clients") to the clients listed in **Exhibit 1**, who are among the names of the Searched Parties; and

(b) Akerman has rendered services in the prior two (2) years and which engagement was closed within the prior two (2) years ("Former Clients") to the clients listed in **Exhibit 2**, who are among the names of the Searched Parties.

13. To the best of my knowledge after my review of the Firm's records, with the limited exceptions described herein, Akerman has no connections with the Searched Parties with respect to the Chapter 11 Cases. Akerman does have connections with certain Searched Parties in matters unrelated to these Chapter 11 Cases as described herein.

14. All client connections were diligently reviewed by an attorney working under my supervision.

15. From such review, I determined that, with respect to each connection between Akerman and such parties, Akerman does not hold or represent an interest that is adverse to the Debtors' estates, and Akerman is a "disinterested person" as such term is defined in Section 101(14) of the Bankruptcy Code, as modified by Section 1107(b) of the Bankruptcy Code, for the reasons discussed below.

16. Akerman has currently rendered services and may, in the future, render services to the Current Clients set forth on **Exhibit 1** hereto and their respective affiliates in matters unrelated to the Debtors.

17. Akerman has not, does not and will not represent any of the Current Clients or their respective affiliates in matters adverse to the Debtors with respect to those matters for which it has been retained.

18. Akerman has rendered services to the following Former Clients set forth on **Exhibit 2** hereto, within the prior two (2) years and Akerman's engagement was formally concluded within such period. Akerman may, however, in the future, render services to the Former Clients or their affiliates or subsidiaries in matters unrelated to the Debtors and the Chapter 11 Cases. If any Former Client becomes a Current Client during the pendency of these Chapter 11 Cases, Akerman will make the appropriate supplemental disclosures to the Court.

**Akerman is Disinterested**

19. To the best of my knowledge, neither I, Akerman, nor any member or associate of Akerman, insofar as I have been able to ascertain, has in the past represented the Searched Parties or any other party in interest in the Chapter 11 Cases in any matter that would conflict with Akerman's duties in the Chapter 11 Cases or create any interest adverse to the interests of the Debtors in respect of the matters on which Akerman is to be employed in these Chapter 11 Cases.

20. As the record in these proceedings reflects, these Chapter 11 Cases are by far the largest reorganization cases commenced in the history of the Bankruptcy Code. Formally one of the largest investment banks in the United States, the Debtors have a myriad of creditors and commercial relationships throughout the world. As additional information concerning the Debtors' creditors and relationships that have material connections with the Debtors develops, Akerman will file appropriate supplemental disclosures with the Court. To the best of my knowledge, Akerman has not represented and will not represent any parties other than the

Debtors in these cases or in connection with any matters that would be adverse to the Debtors related to these cases in respect of the matters on which Akerman is to be employed in these Chapter 11 Cases.

21. As part of its practice, Akerman regularly appears in cases, proceedings, and transactions involving many different attorneys, accountants, financial consultants, real estate consultants, and investment bankers including other professionals representing the Debtors or other parties in interest in the Chapter 11 Cases. Akerman may have worked with or presently works with the professionals involved or to be retained in the Chapter 11 Cases, on cases, proceedings or transactions in matters unrelated to the Debtors. From time to time, Akerman has referred work to other professionals involved or to be retained in these Chapter 11 Cases. Likewise, certain such professionals have referred work to Akerman. In certain instances, such professionals may be clients of Akerman. In addition, Akerman has in the past represented and currently appears in matters in which Akerman represents the same entity, a related entity, or an adverse entity to those represented by other professionals in this case.

22. Akerman has not and will not represent any such entities in relation to the Debtors in these Chapter 11 Cases and Akerman does not have any relationship with such entities that would be adverse to the Debtors or its estates in the matters upon which Akerman is to be employed in these Chapter 11 Cases.

23. Insofar as I have been able to ascertain, Akerman has no connection with the United States Trustee in this Judicial Circuit or any person known to be employed by the Office of the United States Trustee in this Judicial Circuit except as set forth in this Affidavit.

24. I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the United States Trustee for this District, or any employee thereof.

25. All compensation for services rendered by Akerman and reimbursement of expenses incurred by Akerman in these cases shall be subject to the approval of this Court, and Akerman shall seek this Court's approval for the payment of such compensation pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable orders of this Court.

26. Subject to such provisions and orders, compensation will be payable to Akerman on an hourly basis at its customary hourly rates for professional services rendered that are in effect from time to time, plus reimbursement of actual, necessary expenses incurred by Akerman. Akerman's hourly rates, subject to periodic firm-wide adjustment in the ordinary course of Akerman's practice, which generally become effective November 1st of each year, are $305/hour to $710/hour for partners; $205/hr to $440/hour for associates; and are $135/hour to $205/hour for paralegals and other non-lawyer professionals.

27. In connection with the reimbursement of actual, necessary expenses, it is Akerman's policy to charge its clients in all areas of practice for expenses incurred in connection with the client's cases. The expenses charged to Akerman's clients include, among other things, telephone and telecopier toll and other charges, U.S. mail and overnight mail charges, special or hand delivery charges, document word processing charges, photocopying charges, travel expenses, expenses for "working meals," computerized research, transcription costs, court filing fees, as well as non-ordinary overhead expenses such as secretarial and other overtime directly attributable to the representation of a particular client.

28.  Akerman believes it is more fair and equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients. Akerman will charge the Debtors for these expenses in a manner and at rates consistent with charges made to Akerman's other clients and as allowed by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and by orders of this Court.

29.  Akerman intends to apply for compensation for professional services rendered in connection with these Chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules and guidelines promulgated by the U.S. Trustee, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred.

30.  The name of each attorney and paralegal working on matters for the Debtors and the billing rate of each such individual will be reflected in the periodic fee applications filed by or on behalf of Akerman.

31.  Akerman maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with the fee guidelines for this district.

32.  Akerman recognizes it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the relevant rules and order of this Court. Akerman has reviewed the fee application guidelines promulgated by the UST and will comply with them.

33.  Akerman is a "disinterested person" as such term is defined in Section 101(14), as modified by Section 1107(b) of the Bankruptcy Code, and, except as stated herein, does not hold any interest adverse to the Debtors, its estate or the Debtors' creditors or equity holders. Thus, I

know of no reason why Akerman cannot properly act as special counsel to the Debtors pursuant to the Application.

34. As set forth above, Akerman has 500 attorneys and many other employees. It is possible that certain Akerman attorneys or employees hold interests in mutual funds or other investment vehicles that own the Debtors' securities. No Akerman partner has filed a Schedule 13G or Schedule 13D with the Securities and Exchange Commission with respect to the Debtors. An e-mail was sent to all of Akerman's employees inquiring as to whether any Akerman employee or any member of their immediate family owned any debt or equity security of the Debtors or their affiliates or is (or was) an officer, director or employee of the Debtors or their affiliates in the past two years. As of now, the responses I have received, as set forth on **Exhibit 3**, indicate that two employees of Akerman own minor debt and/or equity interests in the Debtors. It is possible that additional Akerman attorneys or employees own small amounts of the Debtors' securities.

35. No promises have been received by Akerman or any member, counsel or associate thereof as to compensation in connection with these Chapter 11 Cases other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

36. Akerman further states that pursuant to Bankruptcy Rule 2016(b), it has not shared nor agreed to share (a) any compensation it has received or may receive in connection with the services rendered in these Chapter 11 Cases with another party or person, other than with the partners, counsel, associates and contract attorneys associated with Akerman or (b) any compensation another person or party has received or may receive.

37. I certify that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: December 21, 2011

*Andrea S. Hartley*
/s/ Andrea S. Hartley


STATE OF FLORIDA        )
                        ) ss:
COUNTY OF MIAMI-DADE    )

The foregoing instrument was sworn to and subscribed before me this 21st day of December, 2011, by Andrea S. Hartley, as a shareholder of Akerman Senterfitt. She is:

☑  personally known to me; or

☐  produced a driver's license issued by the _____ Department of Highway Safety and Motor Vehicles as identification; or

☐  produced the following identification: _____

*Wendy Gonzalez*
NOTARY PUBLIC, STATE OF FLORIDA

WENDY GONZALEZ
(Print, Type or Stamp Commissioned Name of Notary Public)

WENDY CONZALEZ
MY COMMISSION #DD940665
EXPIRES: NOV 16, 2013
Bonded through 1st State Insurance

{22786591;1}US_ACTIVE:\43877161\03\58399.0008            11

# EXHIBIT 1
# CURRENT CLIENTS OF AKERMAN

| Name of Entity Searched | Relationship to Debtors | Relationship to Akerman |
|---|---|---|
| HSH Nordbank | Unsecured Creditor | Client |
| Sumitomo Mitsui Banking Corp. | Unsecured Creditor | Client |
| Aetna Life Insurance Co. | Bondholder | Client |
| AIG Annuity Insurance Co. | Bondholder | Client |
| BBVA Banco Continental, S.A. | Unsecured Creditor | Client |
| Fidelity Management and Research | Bondholder | Client |
| Franklin Templeton Companies LLC | Bondholder | Client |
| Hartford Life Insurance Co. | Bondholder | Client |
| Metlife Ins. Co. of Connecticut | Bondholder | Client |
| Natixis Asset Management Advisors | Bondholders | Client |
| UBS Securities LLC | Unsecured Creditor | Client |
| NBC Investment | Unsecured Creditor | Client |
| Allen & Overy, LLP | Professional | Client |
| Citibank, N.A. | Unsecured Creditor | Client |
| SCI Funeral Services of Florida, Inc. | Unsecured Creditor | Client |
| BP Energy Company & BP Corp. North America | Unsecured Creditor | Client |
| Silver Point Capital Fund | Unsecured Creditor | Client |
| Raymond James & Associates | Unsecured Creditor | Client |
| Structure Tone | Unsecured Creditor | Client |
| National Commercial Bank Jamaica Limited | Unsecured Creditor | Client |
| NYSE Market, Inc. | Unsecured Creditor | Client |
| Svenska Handelsbanken | Unsecured Creditor | Client |
| Target Corporation | Unsecured Creditor | Client |
| Citigroup | Unsecured Creditor | Client |
| Jenner & Block, LLP | Professional | Client |
| Milbank Tweed Hadley & McCloy | Professional | Client |
| Morrison & Foerster | Professional | Client |
| The Hartford Financial Services Group, Inc. | Unsecured Creditor | Client |
| The Home Depot | Unsecured Creditor | Client |
| US Bank | Unsecured Creditor | Client |
| Wal-Mart Stores | Unsecured Creditor | Client |
| Washington Metro | Unsecured Creditor | Client |
| Washington Mutual Bank | Unsecured Creditor | Client |
| WCI Communities | Unsecured Creditor | Client |
| Wisconsin Energy Corporation | Unsecured Creditor | Client |
| XL Specialty Insurance Company | Unsecured Creditor | Client |

{22793972;2}

| Young Broadcasting | Unsecured Creditor | Client |
|---|---|---|
| Vanderbilt University | Unsecured Creditor | Client |
| Office Depot | Unsecured Creditor | Client |
| Regions Bank | Unsecured Creditor | Client |
| Natixis Capital Markets | Unsecured Creditor | Client |
| Paul, Hastings, Janofsky & Walker LLP | Professional | Client |
| Schulte, Roth & Zabel, LLP | Professional | Client |
| Sony Corporation | Unsecured Creditor | Client |
| Deutsche Bank, AG | Unsecured Creditor | Client |
| BP Corporation North America Inc. | Unsecured Creditor | Client |
| Bank of America | Unsecured Creditor | Client |
| PNC Bank National Association | Unsecured Creditor | Client |
| CB Richards Ellis | Professional | Client |
| HSBC Bank | Unsecured Creditor | Client |
| Verizon Communications, Inc. | Unsecured Creditor | Client |
| State of Colorado, Colorado, Housing and Finance Authority | Government Agency | Client |
| Housing and Finance Authority | Government Agency | Client |
| Emigrant Bank | Unsecured Creditor | Client |
| Akin Gump Strauss Hauer & Feld LLP | Professional | Client |
| AT&T | Unsecured Creditor | Client |
| Con Edison | Unsecured Creditor | Client |
| The Vanguard Group | Bondholder | Client |
| US Bank | Unsecured Creditor | Client |
| Elliot Management Corp. | Unsecured Creditor | Client |
| Florida Power & Light Company | Unsecured Creditor | Client |
| Lexington Insurance Company | Unsecured Creditor | Client |
| Monumental Life Insurance Company | Unsecured Creditor | Client |
| New York Life & Annuity Insurance Corporation | Unsecured Creditor | Client |
| Tyco International Group | Unsecured Creditor | Client |
| Lloyds Bank PLC | Unsecured Creditor | Client |
| NBC, FSB | Unsecured Creditor | Client |
| Reuters America | Unsecured Creditor | Client |
| Rockefeller Center Mgmt Corp & Rockefeller Corp Dev. Corp – Rockefeller Center North, Inc. | Unsecured Creditor | Client |
| Teachers Insurance & Annuity Assoc. of America | Bondholder | Client |
| The Realty Associates Fund VIII, L.P. | Unsecured Creditor | Client |
| JPMorgan Chase | Secured Creditor | Client |

{22793972;2}

| MetLife/Metropolitan Life | Secured Creditor | Client |
|---|---|---|
| FDIC | Government Agency | Client |
| FIRA (Financial Industry Regulatory Assoc.) | Unsecured Creditor | Client |
| SEC | Government Agency | Client |
| ABN Amro Bank | Underwriting Investment Banker | Client |
| Citigroup | Unsecured Creditor | Client |
| RSB Financial Products, Inc. f/k/a Greenwich Capital Financial Products, Inc. | Unsecured Creditor | Client |
| 1407 Broadway Real Estate LLC | Unsecured Creditor | Client |
| Allstate Life Insurance | Bondholder | Client |
| Alltel Communications, LLC | Unsecured Creditor | Client |

{22793972;2}

# EXHIBIT 2
# FORMER CLIENTS OF AKERMAN

| Name of Entity Searched | Relationship to Debtors | Relationship to Akerman |
|---|---|---|
| Banco Santender | Unsecured Creditor | Former Client |
| Allianz Life Insurance Co. of North America | Bondholder | Former Client |
| AXA Equitable Life Insurance Co. | Bondholder | Former Client |
| Barclays Global Fund Advisors | Bondholder | Former Client |
| Blackrock Advisors | Bondholder | Former Client |
| Continental Casualty Co. | Bondholder | Former Client |
| ING Investment | Bondholder | Former Client |
| Principal Life Ins. Co. | Bondholder | Former Client |
| Prudential Financial | Bondholder | Former Client |
| Prudential Insurance Company of America | Bondholder | Former Client |
| Zurich American Insurance Company | Bondholder | Former Client |
| Deere & Company | Unsecured Creditor | Former Client |
| SPCP Group, LLC | Unsecured Creditor | Former Client |
| Starwood Hotels & Resorts | Unsecured Creditor | Former Client |
| Sutherland Asbill & Brennan | Professional | Former Client |
| Sheridan Holdings | Unsecured Creditor | Former Client |
| Telefonica SA | Unsecured Creditor | Former Client |
| The Bank of New York | Unsecured Creditor | Former Client |
| The Bank of Tokyo-Mutsibishi | Unsecured Creditor | Former Client |
| Houlihan Lokey Howard & Zukin Capital, Inc. | Professional | Former Client |
| Lazard Freres & Co. | Professional | Former Client |
| The Carlyle Group | Unsecured Creditor | Former Client |
| The Hertz Corporation | Unsecured Creditor | Former Client |
| The Sports Authority, Inc. | Unsecured Creditor | Former Client |
| Toys R Us | Unsecured Creditor | Former Client |
| WSG Development Company | Unsecured Creditor | Former Client |
| Wyeth | Unsecured Creditor | Former Client |
| Rexnord Corporation | Unsecured Creditor | Former Client |
| BIH LI & Lee | Professional | Former Client |
| Duff and Phelps | Professional | Former Client |
| Fulbright & Jaworski, LLP | Professional | Former Client |
| Cushman & Wakefield, Inc. | Unsecured Creditor | Former Client |

{22793972;2}

| Ernst & Young, LLP | Professional | Former Client |
|---|---|---|
| Standard Chartered Bank | Unsecured Creditor | Former Client |
| The Royal Bank of Scotland | Unsecured Creditor | Former Client |
| First Bank of Puerto Rico | Unsecured Creditor | Former Client |
| Tyco International Group | Unsecured Creditor | Former Client |
| Hilton Hotels Corporation | Unsecured Creditor | Former Client |
| Microsoft De Argentina S.A. Microsoft Licensing | Unsecured Creditor | Former Client |
| Standard & Poor's | Unsecured Creditor | Former Client |
| IIII Brickell Office LCC | Unsecured Creditor | Former Client |
| Brandywine Centre I | Unsecured Creditor | Former Client |
| PricewaterhouseCoopers, LLP | Professional | Former Client |
| The Realty Associates Fund VIII, L.P. | Unsecured Creditor | Former Client |
| ASB Capital (ASB LLC) | Unsecured Creditor | Former Client |
| Bromley Companies | Unsecured Creditor | Former Client |
| American Express | Unsecured Creditor | Former Client |

{22793972;2}

# EXHIBIT 3
## AKERMAN PERSONNEL AND THEIR CONNECTION
## TO THE DEBTORS OR THE DEBTORS' AFFILIATES

| Name | Position | Connection to the Debtors |
|---|---|---|
| Steven Hartz | Shareholder | IRA account holds $20,000 principal amount of 7.85% LBHI senior notes, CUSIP 524908CF5. |
| Joseph Shaheen | Shareholder | $30,000 in retirement fund with wife. |