Presentment Date and Time: January 3, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: December 29, 2011 at 5:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Alfredo R. Perez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                              :
              Debtors.                        :    **(Jointly Administered)**
                                              :
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION**
**AND AGREEMENT ESTABLISHING AND MAINTAINING**
**RESERVES FOR CLAIMS FILED BY FANNIE MAE IN CONNECTION**
**WITH THE DEBTORS' MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Agreement Establishing and Maintaining Reserves for Claims Filed by Fannie Mae in Connection with the Debtors' Modified Third Amended Joint Chapter 11 Plan (the "Stipulation and Agreement") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **January 3, 2012 at 10:00 a.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and Agreement shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to "Chambers"), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601 ("Chambers"); (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Alfredo R. Perez, Esq., attorneys for the Debtors; (iii) the Office of the United

US_ACTIVE:\43889196\01\58399.0008

States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan R. Fleck, Esq., attorneys for the Creditors' Committee; and (v) Winston & Strawn LLP, 200 Park Avenue, New York, New York, 10026, Attn: David Neier, Esq., attorneys for Fannie Mae; and (vi) Arnold & Porter LLP, 399 Park Avenue, New York, New York, 10022, Attn: Michael Caning, Esq., attorneys for FHFA, so as to be filed and received no later than **December 29, 2011 at 5:00 p.m. (Prevailing Eastern Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation and Agreement is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Agreement on **January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 22, 2011
       New York, New York

/s/ Alfredo R. Perez
Alfredo R. Perez

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC, *et. al.*

Debtors.

Chapter 11

Case No. 08-13555 (JMP)

Jointly Administered

## STIPULATION AND AGREEMENT ESTABLISHING AND MAINTAINING RESERVES FOR CLAIMS FILED BY FANNIE MAE IN CONNECTION WITH THE DEBTORS' MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN

This stipulation ("**Stipulation**") is entered into as of this 18th day of December 2011, by and among the Federal National Mortgage Association ("**Fannie Mae**"), and Lehman Brothers Holdings Inc. ("**LBHI**") and its affiliated debtors and debtors-in-possession (collectively with LBHI, the "**Debtors**," and together with Fannie Mae, the "**Parties**," and each of them, a "**Party**") in the jointly administered chapter 11 bankruptcy cases captioned In re Lehman Brothers Holdings Inc., et al., Case No. 08-13555 (JMP) (the "**Bankruptcy Cases**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

### RECITALS

WHEREAS, on September 6, 2008, the Federal Housing Finance Agency ("**FHFA**") was appointed conservator for Fannie Mae (the "**Conservator**"), and granted all rights, titles, powers and privileges as Conservator thereof, pursuant to 12 U.S.C. § 4617, as amended by P.L. 110-289, which was enacted as part of the Housing and Economic Recovery Act of 2008 ("**HERA**");

WHEREAS, LBHI and certain of the Debtors commenced the Bankruptcy Cases on September 15, 2008, with additional chapter 11 petitions filed thereafter for certain of the other Debtors. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code;

WHEREAS, on July 2, 2009, the Bankruptcy Court entered an *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (Docket No. 4271), which, among other things set September 22, 2009, as the general bar date for filing proofs of claim in the Bankruptcy Cases;

### Fannie Mae Claims

WHEREAS, Fannie Mae timely filed the below proofs of claim in the Bankruptcy Cases (collectively, the "**Fannie Mae Claims**")[1]

| Claim Number | Debtor | Filed Claim Amount | Basis for Claim |
|---|---|---|---|
| 29556 (amended and superseded by 40611) | LBSF | Unliquidated | • Derivative Contract |
| 29557 (the "**Fannie Mae LBHI Claim**") | LBHI | $19.058 billion | • Guarantee of Derivative Contract<br>• LBHI's obligation to repurchase mortgage loans and participation interests<br>• LBHI's breach of representations and warranties<br>• Material misstatements or omissions in connection with LBHI's sale of certain bonds to Fannie Mae<br>• Violations by LBHI of Sections 11 and 12 of the Securities Act of 1933 in connection with LBHI's sale of certain notes to Fannie Mae |

---

[1] The descriptions of the Fannie Mae Claims contained in this Stipulation are for reference only, and are subject in all respects to the terms and conditions of the Fannie Mae Claims, as more specifically set forth therein and, except to the extent any of the Fannie Mae Claims have previously been separately allowed by an order of the Bankruptcy Court or agreement by the Parties, does not represent any admission by the Debtors in any respect.

2

WHEREAS, pursuant to a settlement agreement, Claim Number 40611 and a portion of Claim Number 29557 were allowed (i) against Lehman Brothers Special Financing Inc. ("**LBSF**") as a general, non-priority unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBSF Claim**"); and (ii) against LBHI as a general, non-priority unsecured claim in the amount of $110 million (the "**Allowed Fannie Mae LBHI Claim**," and together with the Allowed Fannie Mae LBSF Claim, the "**Allowed Fannie Mae Claims**");

WHEREAS, pursuant to the Fannie Mae LBHI Claim, Fannie Mae and FHFA as Conservator have asserted that the claims are entitled to priority "superior to any rights of a trustee or any other party (other than any party which is a Federal agency) under Title 11 [of the United States Code]," pursuant to 12 U.S.C. § 4617(b)(15)(D);

WHEREAS, subsequent to the filing of the Fannie Mae Claims, and as of the date hereof, Fannie Mae, and FHFA as Conservator thereof, have determined that Fannie Mae and FHFA will not assert any priority under 12 U.S.C. § 4617(b)(15)(D) with respect to approximately $16 billion of the amounts sought in the Fannie Mae LBHI Claim. Fannie Mae, and FHFA as Conservator thereof, continue to assert the statutory priority with respect to approximately a $2.7 billion portion of the Fannie Mae LBHI Claim (the "**Fannie Mae Priority Claim**");

WHEREAS, the Debtors and Fannie Mae entered into a Stipulation and Agreement that was "so ordered" by the Court on December 6, 2011 (the "**Plan Stipulation**"), which provided that LBHI and Fannie Mae would seek to agree on the reserve amounts for the Fannie Mae LBHI Claim;

WHEREAS, on December 6, 2011, the Court confirmed the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "**Plan**");

3

WHEREAS, pursuant to the Plan, if a claim is a Disputed Claim the applicable Debtor is required to retain Available Cash in the amount equal to the Pro Rata Share of the Distributions that would have been made to a holder of a Disputed Claim if such Disputed Claim were an Allowed Claim in an amount equal to the least of (a) the filed amount of such Disputed Claim, (b) the amount determined, to the extent permitted by the Bankruptcy Code and Bankruptcy Rules, by the Bankruptcy Court for purposes of fixing the amount to be retained for such Disputed Claim, and (c) such other amount as may be agreed upon by the holder of such Disputed Claim (the "**Reserve Amount**"). *See* section 8.4 of the Plan; and

WHEREAS, the Parties have agreed that it is in their mutual interests to enter into this Stipulation in respect of the Reserve Amount and the Plan Stipulation regarding the Fannie Mae LBHI Claim.

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants, agreements and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, upon the foregoing recitals, which are incorporated herein in all respects, the Parties enter into this Stipulation and agree as follows:

1. This Stipulation shall become effective once it has been executed by both Parties and entered by the Bankruptcy Court (the "**Stipulation Effective Date**").

2. Upon the Stipulation Effective Date, for purposes of the Plan and distributions and payments to be made thereunder, and on account of the Reserve Amount and in furtherance of the Plan Stipulation in respect of the Fannie Mae LBHI Claim, (A) the Reserve Amount on account of the Allowed Fannie Mae LBHI Claim shall be $110 million as a LBHI

Class 9A Claim; and (B) the Reserve Amount on account of the Fannie Mae LBHI Claim (excluding the Allowed Fannie Mae LBHI Claim) shall be $5 billion as a LBHI Class 7 Claim; provided, however, that in the event that any portion of the Fannie Mae LBHI Claim shall be determined to be entitled to a priority recovery under 12 U.S.C. § 4617(b)(15) (such priority claim, the "**Allowed Fannie Mae Priority Claim**") such Allowed Fannie Mae Priority Claim shall be included in LBHI Class 1 Priority Non-Tax Claim to be paid as provided for under the Plan; provided further, however, that to the extent that the Allowed amount of the Claim in LBHI Class 7 under the Plan on account of the Fannie Mae LBHI Claim other than any Allowed Fannie Mae Priority Claim (the "**Allowed Fannie Mae Unsecured Claim**") is less than $5 billion, the difference between the Available Cash reserved to pay Fannie Mae on account of a $5 billion unsecured claim in LBHI Class 7, and the Available Cash payable to Fannie Mae on account of the amount that the Allowed Fannie Mae Unsecured Claim is ultimately Allowed, shall be available to pay the Allowed Fannie Mae Priority Claim, dollar for dollar, to the extent such claim is not otherwise paid in full as a Class 1 Priority Non-Tax Claim, and shall be deemed to constitute a reserve on account of the Fannie Mae Priority Claim. The Parties further agree and confirm that the failure of the Debtors to establish a separate cash reserve on account of the Fannie Mae Priority Claim at this time shall not prejudice the right of Fannie Mae and FHFA (i) to assert and prosecute the Fannie Mae Priority Claim in all respects or (ii) to payment in full on account of the Fannie Mae Priority Claim as provided for under the Plan to the extent that such claim is allowed, and all rights of the Parties and FHFA are reserved in such regard.

3. Except to the extent set forth herein and as to the Allowed Fannie Mae Claims, the Parties hereby reserve all rights of the Parties and FHFA relating to the amount, allowance, classification and/or priority of the Fannie Mae LBHI Claim for all purposes,

5

including in connection with any distributions under the Plan or otherwise in respect of these Bankruptcy Cases, and nothing in this Stipulation, the Plan (or any amendments, exhibits, supplements, or agreements filed or entered into incident thereto, or the confirmation thereof), the Confirmation Order, or any other pleadings or documents filed in connection therewith, shall (i) have any effect on or prejudice the Debtors in respect of the Fannie Mae LBHI Claim, including the amount, allowance, classification and/or priority of the Fannie Mae LBHI Claim, or in respect of distributions on account thereof, and nothing herein shall be deemed an admission, release or waiver of the Debtors' rights with respect to the Fannie Mae LBHI Claim, nor (ii) have any effect on, enjoin, or otherwise prejudice the rights of Fannie Mae or FHFA in respect of the Fannie Mae LBHI Claim, including the amount, allowance, classification and/or priority of such Claims, or in respect of distributions on account thereof, including their right to assert that the Fannie Mae Priority Claim is entitled to be treated as priority claims based on the rights, titles powers, and privileges of FHFA under HERA, and all rights of Fannie Mae and FHFA under HERA, are fully reserved in that regard, and nothing herein, or in the Plan or the Confirmation Order, shall be deemed an admission, release or waiver of the rights of, or otherwise prejudice, Fannie Mae or FHFA with respect to the Fannie Mae LBHI Claim. In addition, nothing in this Stipulation, or in the Plan or the Confirmation Order, shall affect, limit or otherwise prejudice FHFA's rights, titles powers and privileges under HERA, as Conservator.

    4.  Nothing in this Stipulation, the Plan (or any amendments, exhibits, supplements, or agreements filed or entered into incident thereto, or the confirmation thereof), the Confirmation Order, or any other pleadings or documents filed in connection therewith, shall affect, limit, enjoin or otherwise prejudice FHFA's rights, titles, powers, and privileges under HERA as the Conservator, including, without limitation the rights of Fannie Mae, or FHFA as

Conservator thereof, to seek priority status and recovery in respect of the Fannie Mae Priority Claim, and nothing in the Plan or Confirmation Order shall be construed to restrain or limit any applicable regulatory or enforcement action that may be taken by FHFA, or to confer exclusive jurisdiction of the Bankruptcy Court over matters in respect of Fannie Mae or FHFA as Conservator thereof.

5. Each Party acknowledges that (a) this Stipulation was drafted jointly by the Parties, (b) it has consulted with attorneys of its choosing and fully understands the terms hereof, (c) it has received legal advice regarding the advisability of entering into this Stipulation, and (d) it is executing this Stipulation voluntarily. This Stipulation shall not be strictly construed against any Party on the grounds that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

6. This Stipulation shall apply to and be binding upon and inure to the benefit of each Party and their respective agents, employees, successors (including the Debtors' bankruptcy estates and including any trustee appointed to administer the Bankruptcy Cases or any subsequent chapter 7 case(s)) and assigns, and any entity into which such Party may be merged or consolidated.

7. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the Party indicated.

8. The provisions of this Stipulation are severable, and the illegality or unenforceability of any part or provision shall not affect the enforceability of any other part or

7

provision, and this Stipulation shall be construed as if such illegal or unenforceable part or provision were omitted but only to the extent of such illegality or unenforceability.

9. This Stipulation may be signed in counterparts and by fax signature or in portable document format (PDF), each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Parties.

10. Notwithstanding Bankruptcy Rule 6004 or otherwise, this Stipulation shall be effective immediately upon entry of an Order approving this Stipulation.

11. This Stipulation contains the entire agreement between the Parties hereto regarding the subject matter hereof and may not be modified other than by a signed writing executed by all Parties and delivered to each Party.

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, THIS STIPULATION HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY EACH OF THE PARTIES:

WEIL, GOTSHAL & MANGES LLP

_____
Alfredo R. Pérez
700 Louisiana, Suite 1600
Houston, Texas 77002-2755
(713) 546-5040

*Attorneys for the Debtors and Debtors-in-Possession*

WINSTON & STRAWN LLP

_____
David Neier
200 Park Avenue
New York, New York 10166-4193
(212) 294-6700

*Attorneys for Federal National Mortgage Association*

SO ORDERED.

New York, New York
_____ ___, 2012

_____
United States Bankruptcy Judge

<mark>08-13555-mg Doc 23694 Filed 12/22/11 Entered 12/22/11 18:23:20 Main Document Pg 12 of 12</mark>

IN WITNESS WHEREOF, THIS STIPULATION HAS BEEN READ AND SIGNED IN DUPLICATE ORIGINALS BY EACH OF THE PARTIES:

WEIL, GOTSHAL & MANGES LLP

*/s/ Alfredo R. Pérez*

Alfredo R. Pérez
700 Louisiana, Suite 1600
Houston, Texas 77002-2755
(713) 546-5040

*Attorneys for the Debtors and Debtors-in-Possession*

WINSTON & STRAWN LLP

_____

David Neier
200 Park Avenue
New York, New York 10166-4193
(212) 294-6700

*Attorneys for Federal National Mortgage Association*

SO ORDERED.

New York, New York
_____ ___, 2012

_____
United States Bankruptcy Judge

<mark>9</mark>