UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., et al.,<br><br>Debtors. | Chapter 11<br><br>08-13555 (JMP)<br><br>(Jointly Administered) |

## STIPULATION RESOLVING LEHMAN BROTHERS SPECIAL FINANCING INC.'S MOTION FOR SANCTIONS

This Stipulation (the "Stipulation") is entered into by and between (i) ▬▬▬▬▬ ▬▬▬▬▬ (the "Counterparty")[1] and (ii) Lehman Brothers Special Financing Inc. ("LBSF"), a debtor and debtor-in-possession in the above-captioned chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors-in-possession (collectively with LBSF and LBHI, the "Debtors," and the Debtors collectively with the Counterparty, the "Parties," and each, individually, a "Party").

### RECITALS

WHEREAS, the Court on September 17, 2009 entered the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "ADR Procedures Order");

WHEREAS, on September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (together with any supplements, amendments and exhibits thereto, as amended or modified, the "Plan"). On December 6, 2011, this Court confirmed the Plan pursuant to the Order Confirming Modified

---

[1] To protect the confidentiality of the ADR process, the identity of the Counterparty is not disclosed in the publicly filed version of this Stipulation.

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Confirmation Order");

WHEREAS, on December 6, 2011, Counterparty filed a Conditional Request for Allowance of Administrative Expense Claim (the "Administrative Claim Request");

WHEREAS, on December 16, 2011, LBSF filed a Motion for Sanctions (the "Motion for Sanctions") asserting that the Administrative Claim Request violates the confidentiality provisions of the ADR Procedures Order, an assertion that Counterparty denies in its entirety; and

WHEREAS, the Parties have agreed that it is in their mutual interests to enter into this Stipulation in order consensually to resolve the Motion for Sanctions, while preserving the Counterparty's right to assert an administrative claim.

## AGREEMENT

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Counterparty shall promptly request the Clerk of the Court to withdraw from the Court's docket the Administrative Claim Request and Counterparty's administrative claim shall be and hereby is withdrawn without prejudice.

2. Notwithstanding anything contained in the Plan, the Confirmation Order, or any other pleadings or documents filed in the above-captioned chapter 11 cases, the Counterparty may re-file an amended version of the Administrative Claim Request, without reference to the fact or content of any ADR proceeding, before any deadline that may be established by the Court for the filing of administrative expense claims against LBSF, whether or not such refiling occurs prior to the conclusion of any ADR process between the Parties, and such administrative expense

claim shall (i) be deemed timely and (ii) not be deemed to be barred, precluded or enjoined by any provision of the Plan or Confirmation Order.

3. The Motion for Sanctions shall be and hereby is withdrawn with prejudice.

4. This Stipulation shall be binding upon and inure to the benefit of each Party and their respective successors (including the Debtors' bankruptcy estates, the Plan Administrator (as defined in the Plan), and any trustee appointed to administer the Debtors' Chapter 11 Cases) and assigns, and any entity into which such Party may be merged or consolidated. Except as specifically provided herein, this Stipulation shall not prejudice or otherwise affect any rights, claims or positions of any Party that now exist or may in the future arise.

5. This Stipulation may be signed in counterparts and by fax signature or in portable document format (PDF), each of which shall be deemed an original.

6. This Stipulation contains the entire agreement between the Parties hereto regarding the subject matter hereof and may be modified only by a writing signed by the Parties or by order of the Court.

7. Nothing contained in this Stipulation shall be construed as a consent by Counterparty to the jurisdiction of the Court for any purpose.

[Signatures on Following Page]

Dated: December 22, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **ARNOLD & PORTER LLP** |

*[signature]*

Peter Gruenberger
Vance L. Beagles
767 Fifth Avenue
New York, New York 10153
Telephone:   (212) 310-8000
Facsimile:    (212) 310-8007

*Attorneys for the Debtors and Debtors-in-Possession*

*[signature]*

Michael L. Bernstein
Rosa J. Evergreen
Dana B. Yankowitz
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Telephone:   (202) 942-5000
Facsimile:    (202) 942-5999

-and-

Susan L. Shin
399 Park Avenue
New York, New York 10022-4690
Telephone: (212) 715-1000
Facsimile:  (212) 715-1399

*Attorneys for Counterparty*