

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re Lehman Brothers Holdings Inc., et al.      ,          Case No.  08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| ADI CONSEIL | ALPHA DRIVE EURO CONVERTIBLES |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:

  1 rue Vernier 75017 PARIS FRANCE

Court Claim # (if known):    19657
Amount of Claim:    1,284,724.81$
Date Claim Filed:    09/18/2009

Phone:  + 33 1 40 68 18 17
Last Four Digits of Acct #:      2835

Phone:  + 33 1 40 68 18 17
Last Four Digits of Acct. #:      7252

Name and Address where transferee payments
should be sent (if different from above):
  C/O SG Paris Elysees Entrepr (03392)
  FR76 3000 3033 9200 0203 1283 590

Phone: +33 140 68 18 17
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By: _____          Date: 12/06/2011
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**ADI CONSEIL**
1 RUE VERNIER - 75017 PARIS
TEL. +33 (0)1 40 68 17 17
FAX +33 (0)1 40 68 17 18
SA AU CAPITAL DE 165 419,64 EUROS
RCS 320 984 812 PARIS - APE 7022Z



|  |  |
|---|---|
| **Sébastien GRASSET/Ofivalmo** 02/11/2009 12:01 | A Christophe LEPITRE/Ofivalmo@OFIVALMO, Nicolas GOMART/Ofivalmo@OFIVALMO, Jean-Luc MALAFOSSE/Ofivalmo@Ofivalmo |
|  | cc Claude DIMI/Ofivalmo@OFIVALMO, Isabelle HABASQUE/Ofivalmo@OFIVALMO, Caroline FARRUGIA/Ofivalmo@Ofivalmo |
|  | ccc Sébastien GRASSET/Ofivalmo |
|  | Objet Tr : Acknowledgement of Receipt - Notice of Assignment |

Bonjour,

Plus bas, l'accusé de réception de LBIE quant à la cession des créances Lehman des FCP ADI
MULTISTRATEGIES et ALPHA DRIVE
EURO CONVERTIBLES vers ADI.

Bien à vous,

**Sébastien GRASSET**
**Responsable Juridique - Head of Capital Markets Legal Unit**
**OFI ASSET MANAGEMENT**
**Legal Department - Rechtsabteilung**
**1 rue Vernier - 75017 PARIS**
**Tél. : +33 (0)1 40 68 18 17 | Fax : +33 (0)1 40 68 17 72**
sgrasset@ofi-am.fr | http://www.ofi-am.fr
Avant d'imprimer, pensez à l'environnement.
----- Réacheminé par Sébastien GRASSET/Ofivalmo le 02/11/2009 11:59 -----



|  |  |
|---|---|
| **"Termination Notices Response"** <uk.terminationsresponse @lehman.com> 02/11/2009 11:59 | A <SGRASSET@ofi-am.fr> |
|  | cc |
|  | Objet Acknowledgement of Receipt - Notice of Assignment |

Dear Mr Grasset
Please find attached an acknowledgement of the notice dated 17 July 2009 in
respect of the notice of assignment for ADI- Alternative Investments
(attached). No admission is made at this stage as to the validity of those
notices or any previous notices that have been served or as to the
calculation of any amount specified in the aforementioned notice.

Kind regards
Termination Notices Response
  <<Acknowledgement ADI Alternative Investments Notice of Assignement.pdf>>
  <<Notice of assignment 17072009.pdf>>
DISCLAIMER:

You should make your own independent decision whether or not to enter into
any transaction or arrangement referred to in this message based
upon independent legal, financial and other advice and your own judgment.
Accordingly, you should not rely on any communication (written
or oral) of Lehman Brothers, PricewaterhouseCoopers or any of their
respective affiliates, employees, directors, officers, partners or
advisers as a recommendation or advice to enter into any transaction or
arrangement referred to in this message.

This message is intended only for the personal and confidential use of the
designated recipient(s) named above. If you are not the intended
recipient of this message you are hereby notified that any review,

dissemination, distribution or copying of this message is strictly
prohibited. This communication is for information purposes only and should
not be regarded as an offer to sell or as a solicitation of an
offer to buy any financial product, an official confirmation of any
transaction, or as an official statement of Lehman Brothers or
PricewaterhouseCoopers. Email transmission cannot be guaranteed to be
secure or error-free. Therefore, we do not represent that this
information is complete or accurate and it should not be relied upon as
such. All information is subject to change without notice.

AV Lomas, SA Pearson, DY Schwarzmann and MJA Jervis were appointed as Joint
Administrators of Lehman Brothers Holdings Plc, Lehman Brothers
Limited, Lehman Brothers International (Europe) and LB UK RE Holdings
Limited on 15 September 2008 to manage its affairs, business and
property as agents without personal liability. AV Lomas, SA Pearson, DY
Schwarzmann and MJA Jervis are licensed to act as insolvency
practitioners by the Institute of Chartered Accountants in England and
Wales.


-----Original Message-----
From: SGRASSET@ofi-am.fr [mailto:SGRASSET@ofi-am.fr]
Sent: 21 October 2009 11:28
To: counterparties
Cc: CDIMI@ofi-am.fr
Subject: Information notices Attn.: PWC



Dear all-

Please find herewith information notices which have been sent by registered
postal mail on the 21st of July 2009 to you.

We would be grateful if you could arrange for the related acknowledgement
of
receipt notices to be sent at your earliest convenience to us.

(See attached file: ADI MULTISTRATEGIES.pdf)(See attached file: ALPHA DRIVE
EURO CONVERTIBLES.pdf)

Best regards,

Sébastien GRASSET
Responsable Juridique - Head of Capital Markets Legal Unit OFI ASSET
MANAGEMENT
Legal Department - Rechtsabteilung
1 rue Vernier - 75017 PARIS
Tél. : +33 (0)1 40 68 18 17 | Fax : +33 (0)1 40 68 17 72 sgrasset@ofi-am.fr
|
http://www.ofi-am.fr Avant d`imprimer, pensez à l`environnement.
*******************************************************************
Ce message est confidentiel. Son contenu ne represente en aucun cas un
engagement contractuel de la part du Groupe OFI. Toute publication,
utilisation
ou diffusion, meme partielle, doit etre autorisee prealablement par son
auteur.
Si vous n`etes pas le destinataire de ce message, merci d`en avertir
immediatement l`expediteur. Pensez a l`environnement avant d`imprimer ce
message.
*******************************************************************
This message is confidential. Its contents do not constitute a commitment
by
OFI Group except where provided for by a written agreement between you and
OFI
Group. Any unauthorised disclosure, use or dissemination, either in whole

or in
part, is prohibited. If you are not the intended recipient of the message
please notify the sender immediately. Please consider the environment
before
printing this mail note.
***********************************************************************

This message is intended only for the personal and confidential use of the
designated recipient(s) named above. If you are not the intended recipient
of
this message you are hereby notified that any review, dissemination,
distribution or copying of this message is strictly prohibited.

AV Lomas, SA Pearson, DY Schwarzmann and MJA Jervis were appointed as Joint
Administrators of Lehman Brothers Limited, Lehman Brothers Holdings PLC, LB
UK
RE Holdings Limited and Lehman Brothers International (Europe ) on 15
September
2008. AV Lomas, SA Pearson, DY Schwarzmann and MJA Jervis were appointed as
Joint Administrators of Mable Commercial Funding Limited, Storm Funding
Limited
and Lehman Brothers Europe Limited on 23 September 2008. DA Howell, AV
Lomas
and MJA Jervis were appointed as Joint Administrators of Lehman Brothers UK
Holdings Limited on 29 September 2008. DA Howell, AV Lomas and DY
Schwarzmann
were appointed as Joint Administrators of LB SF No.1 and LB UK Financing
Limited on 2 October 2008. DA Howell, AV Lomas and DY Schwarzmann were
appointed as Joint Administrators of Cherry Tree Mortgages Limited on 13
October 2008. DA Howell, AV Lomas and MJA Jervis were appointed as Joint
Administrators of Lehman Brothers Lease & Finance NO. 1 Limited on 24
October
2008. GH Martin was appointed Joint Administrator to LB UK RE Holdings
Limited
and Mable Commercial Funding Limited on 29 October 2008.
DA Howell, AV Lomas and DY Schwarzmann and GH Martin were appointed as
Joint
Administrators of Zestdew Limited on 29 October 2008. DA Howell, AV Lomas
and
DY Schwarzmann were appointed as Joint Administrators of Monaco NPL (No 1)
Limited on 29 October 2008. DA Howell, AV Lomas, DY Schwarzmann and GH
Martin
were appointed as Joint Administrators of Lehman Commercial Mortgage
Conduit
Limited on 30 October 2008. DA Howell, AV Lomas and DY Schwarzmann were
appointed as Joint Administrators of LB RE Financing No. 3 Limited on 30
October 2008. DA Howell, AV Lomas and DY Schwarzmann were appointed as
Joint
Administrators of Lehman Brothers (PTG) Limited on 6 November 2008. DA
Howell,
AV Lomas and DY Schwarzmann were appointed as Joint Administrators of Eldon
Street Holdings Limited on 9 December 2008. DA Howell, AV Lomas, SA
Pearson,
and MJA Jervis were appointed as Joint Administrators of LB Holdings
Intermediate 2 Limited on 14 January 2009. The Joint Administrators were
appointed to the above listed Companies to manage their affairs, business
and
property as agents without personal liability. AV Lomas, SA Pearson, DY
Schwarzmann, MJA Jervis and DA Howell are licensed to act as insolvency
practitioners by the Institute of Chartered Accountants in England and
Wales.
GH Martin is licensed to act as an insolvency practitioner by the Institute
of
Chartered Accountants of Scotland. - ADI MULTISTRATEGIES.pdf - ALPHA DRIVE
EURO
CONVERTIBLES.pdf

-------------------------------------------

This message is intended only for the personal and confidential use of the designated recipient(s) named above.  If you are not the intended recipient of this message you are hereby notified that any review, dissemination, distribution or copying of this message is strictly prohibited.  This communication is for information purposes only and should not be regarded as an offer to sell or as a solicitation of an offer to buy any financial product, an official confirmation of any transaction, or as an official statement of Lehman Brothers.  Email transmission cannot be guaranteed to be secure or error-free. Therefore, we do not represent that this information is complete or accurate and it should not be relied upon as such.  All information is subject to change without notice.

-------------------------------------------

Acknowledgement ADI Alternative Investments Notice of Assignement.pdf   Notice of assignment 17072009.pdf





# NOTICE TO THE DEBTOR'S ADMINISTRATOR AND THE DEBTOR

To: PriceWaterhouseCoopers LLP, Administrator of **LEHMAN BROTHERS INTERNATIONAL EUROPE** (the « **Debtor** ») in administration

PriceWaterhouseCoopers LLP

Plumtree Court
London EC4A 4HT
England

Attn. : the Joint Administrators
Anthony Victor Lomas,
Steven Anthony Pearson,
Dan Yoram Schwarzmann,
Michael John Andrew Jervis
Derek Anthony Howell

Fax. : + 44 (0) 20 7212 6598

counterparties@lbia-eu.com
uk.terminationnoticesqueries@ lbia-eu.com                     Paris, the 17th of July 2009

From: the Collective Investment Scheme named « **ALPHA DRIVE EURO CONVERTIBLES** » **(fka.** « **ALPHA DRIVE CONVERTIBLES EUROCAP** ») represented by **ADI - ALTERNATIVE INVESTMENTS**, in its capacity as investment manager, (the "Assignor") and **ADI - ALTERNATIVE INVESTMENTS**, acting for its own account, (the "Assignee")

Dear Sir

1. We hereby notify you that as of March 16, 2009 the Assignor has assigned to the Assignee its claims against the Debtor in the sum of **633,862.14 EUR** + the current Default Rate + out-of-pockets expenses.

2. According to Section 7 of the applicable 1992 ISDA Master Agreement, we, as Non-defaulting Party and Assignor, are entitled to transfer our interest in any close-out amount payable to us from the Debtor as Defaulting Party under Section 6(e).

3. The administrative details of the Assignee are as follows:

**Address for Notices:**

**ADI – Alternative Investments**
**Attn. : Legal Department**
**1 rue Vernier 75017 PARIS**
**FRANCE**

**Bank Account Details:**



## RELEVE D'IDENTITE BANCAIRE

### Titulaire
### A.D.I. ALTERNATIVE INVESTMENTS

### Domiciliation
### SG PARIS ELYSEES ENTREPR (03392)
### 91 AV CHAMPS ELYSEES
### 75008 PARIS

Référence bancaire

| Code banque | Code guichet | N° compte | Clé RIB |
|---|---|---|---|
| 30003 | 03392 | 00020312835 | 90 |

IBAN : **FR76 3000 3033 9200 0203 1283 590**
BIC-ADRESSE SWIFT : **SOGEFRPP**

4. Please acknowledge this notice by signing and returning to the Assignee the attached acknowledgement.

ASSIGNOR:                                              ASSIGNEE:

Signature:                                              Signature:

Name: **Nicolas GOMART**                      Name: **Christophe LEPITRE**

Title: CEO                                               Title: Deputy CEO

Phone: + 33 1 40 68 17 17                      Phone: + 33 1 40 68 17 17

ADI - Alternative Investments
Christophe LEPITRE
Deputy C.E.O.

**ADI - ALTERNATIVE INVESTMENT**
1 Rue Vernier - 75017 PARIS
TEL. : +33 (0)1 40 68 17 17
FAX : +33 (0)1 40 68 17 18

Acknowledgement of Receipt
of Notice of Assignment

By Facsimile / Facsimile No.: + 33 1 40 68 17 72

Email : sgrasset@ofi-am.fr / cdimi@ofi-am.fr

**For the attention of:**

**ADI – Alternative Investments**

**Attn. : Legal Department**

**1 rue Vernier 75017 PARIS**

**FRANCE**

Date :

Dear Sirs:

**Re. : The Sale by « ALPHA DRIVE EURO CONVERTIBLES » (fka. « ALPHA DRIVE CONVERTIBLES EUROCAP ») represented by ADI - ALTERNATIVE INVESTMENTS, in its capacity as investment manager, (the "Assignor"), to ADI - ALTERNATIVE INVESTMENTS, acting for its own account, (the "Assignee"), of 633,862.14 EUR (plus the current Default Rate and plus out-of-pockets expenses) (the "Assigned Claim") being a claim against LEHMAN BROTHERS INTERNATIONAL EUROPE (the "Debtor" in administation).**

We hereby acknowledge receipt of a copy of the Notice of Assignment between Assignor and Assignee dated 16 March 2009 regarding the Assigned Claim referred to above.

We note the sale, assignment and transfer of the Claim to **ADI - ALTERNATIVE INVESTMENTS** and that **ADI - ALTERNATIVE INVESTMENTS** is entitled to any and all amounts payable from the Administation proceeding with regard to the Assigned Claim

Bankruptcy Trustees

for and on behalf of **LEHMAN BROTHERS INTERNATIONAL EUROPE**

**DEBTOR** (in administration)

16 MARS 2009

Entre:

## ADI - ALTERNATIVE INVESTMENTS
## AGISSANT AU NOM ET POUR LE COMPTE DU
## FCP ALPHA DRIVE EURO CONVERTIBLES

et

## ADI - ALTERNATVIE INVESTMENTS
## AGISSANT EN SON NOM ET POUR SON PROPRE COMPTE

---

## CONVENTION DE CESSION DE CREANCE

## ET DE DROITS ATTACHES

---

**ADI - ALTERNATIVE INVESTMENTS**

**1 rue Vernier 75017 PARIS FRANCE**

**Cette convention de cession de créance et de droits attachés est en date du 16 mars 2009**

**Entre les soussignées :**

**ADI - ALTERNATIVE INVESTMENTS**, société anonyme, au capital de 6 786 340,73 €, dont le siège social est sis 1, rue Vernier, 75017 Paris, immatriculée au Registre du Commerce et des Sociétés de Paris sous le numéro RCS Paris B 328 884 812, agréée par l'Autorité des Marchés Financiers en qualité de société de gestion de portefeuille sous le numéro GP98022,

**Agissant, en sa qualité de société de gestion en titre, au nom et pour le compte du Fonds Commun de Placement ALPHA DRIVE EURO CONVERTIBLES** dont les codes ISIN sont : pour les Parts A : FR0010649400 et pour les Part B : FR0010652727,

Représentée ès qualité par Monsieur Nicolas GOMART, Directeur Général,

(ci-après le « FCP » ou le « Cédant »)

De première part,

**Et**

**ADI - ALTERNATIVE INVESTMENTS**, société anonyme, au capital de 6 786 340,73 €, dont le siège social est sis 1, rue Vernier, 75017 Paris, immatriculée au Registre du Commerce et des Sociétés de Paris sous le numéro RCS Paris B 328 884 812, agréée par l'Autorité des Marchés Financiers en qualité de société de gestion de portefeuille sous le numéro GP98022,

**Agissant en son nom et pour son compte propre,**

Représentée ès qualité par Monsieur Christophe LEPITRE, Directeur Général Délégué,

(ci-après « ADI » ou le « Cessionnaire »)

De seconde part,

Ensemble les « Parties » et individuellement une « Partie »

**En présence de MATMUT**, (Mutuelle assurance des travailleurs mutualistes), Société d'assurance mutuelle à cotisations variables, régie par le Code des Assurances, dont le siège social est sis 66 rue de Sotteville, 76100 ROUEN

**Agissant en son nom et pour son propre compte,**

Représentée ès qualité par Monsieur Franck DUSSOGE, Directeur Financier,

(ci-après « MATMUT»)

**APRES AVOIR RAPPELE QUE :**

ADI est la société de gestion en titre du Fonds Commun de Placement **ALPHA DRIVE EURO CONVERTIBLES** (ci-après le « FCP ») dont le dépositaire est Société Générale.

Pour les besoins de sa gestion, le FCP avait conclu des contrats financiers (ci-après les « Transactions »), également dénommés « instruments financiers à terme » au sens de l'article L.211-1, III, du Code monétaire et financier, sur le fondement d'une convention cadre ISDA (1992 ISDA Master Agreement et son Schedule) amendée par voie d'avenants successifs et à laquelle a été adjointe une English Law Credit Support Annexe, toutes deux signées en date du 26 juillet 2002 avec la société anglaise Lehman Brothers International Europe (ci-après « LBIE »). Ces Transactions bénéficient de la garantie octroyée par la société mère de LBIE : la société américaine Lehman Brothers Holding Inc (ci-après « LBH Inc ») en sa qualité de « Guarantor » ou « Credit Support Provider ».

Le 15 septembre 2008, LBH Inc a déposé un « voluntary petition » afin de se placer sous la protection du Chapter 11 du U.S. Bankruptcy Code. LBIE a été placée concomitamment sous administration judiciaire auprès de la société PriceWaterhouseCoopers (ci-après « PWC »).

Ces « évènements de défaut » ont ouvert la possibilité pour le FCP de réclamer un montant net de résiliation des Transactions en cours (« early termination amount ») auprès de LBIE et de son garant LBH Inc., en application de la documentation juridique en place.

Le montant net de résiliation issu de la compensation opérée (« close-out netting ») entre les Transactions en cours a été évalué en date du 16 septembre 2008 à : **633 862,14 EUR (six cent trente-trois mille huit cent soixante deux euros et quatorze centimes), ci-après la « Créance ».**

ADI, en sa qualité de société de gestion en titre du FCP, a fait valoir les droits du FCP auprès de LBIE en application de la convention cadre précitée. Ainsi, les diligences suivantes ont été réalisées afin de sauvegarder les droits du FCP :

- des notifications ont été envoyées à LBIE (« Termination Notice » en date du 16 septembre 2008, « Notice of Statement of Calculation » en date du 17 octobre 2008, réalisée en collaboration avec le valorisateur du FCP et accompagnée d'un booklet et d'un CD-Rom faisant état des calculs opérés) ;

- le site Internet dédié mis en ligne par PWC a été complété (il est à noter que des informations demandées par les administrateurs de LBIE devront encore être fournies au fil de l'eau) ;

- des notifications ont été envoyées à LBH Inc. par un avocat new-yorkais missionné pour l'occasion et il est prévu de produire un formulaire de « Proof of Claim » auprès de la

« United States Bankruptcy Court for the Southern District of New York » (ci-après la « Juridiction US ») en charge du « Chapter 11 » de LBH Inc.

Aucune date de production de créance (« Bar Date » ou « Deadline for the filing of proofs of claims ») n'a pour l'instant été fixée tant pour LBIE que pour LBH Inc.

Au jour de la signature des présentes, la société ADI a été approchée par trois sociétés proposant le rachat de cette Créance. Toutefois, les prix de rachat proposés s'avèrent relativement faibles (environ 10% de la Créance) et systématiquement affectés par des exigences de garantie assez lourdes formulées par les cessionnaires éventuels. Par conséquent, la société ADI, dans l'intérêt exclusif des porteurs de parts du FCP, a décidé de ne pas céder prématurément la Créance et de se ménager la possibilité d'attendre de meilleures propositions de rachat ainsi que l'évolution des travaux menés par PWC et par la Juridiction US.

L'arbitrage entre l'acceptation d'un prix de cession proposé par une société tierce et l'attente du sort réservé à l'administration ou à la liquidation des actifs de LBIE n'est pas aisé à réaliser à ce jour eu égard notamment aux informations disponibles sur le devenir de l'administration de LBIE.

MATMUT (Matmut Compte Propre), en sa qualité de dernier porteur du FCP, pour un nombre total de 50 parts, a demandé à ADI de procéder, en sa qualité de société de gestion en titre, à la dissolution du FCP pour cause de sortie du dernier porteur.
ADI a dûment rappelé à MATMUT qu'il existe :

- un principe d'existence de la Créance issue des contrats financiers conclus avec la société LBIE ;

- une quasi-illiquidité de cette Créance du fait de l'incertitude liée à la reconnaissance par PWC du principe et du *quantum* de ladite Créance (cette quasi-illiquidité se manifeste par les garanties conventionnelles lourdes exigées par les cessionnaires potentiels sur le marché).

MATMUT, dûment informée de l'état de la Créance, a confirmé sa volonté de voir la dissolution du FCP réalisée, pour des raisons de liquidité et dans une optique comptable qui lui sont propres.

Dans l'intérêt exclusif de MATMUT (dernier porteur du FCP), cette dissolution a été réalisée, en date du 16 mars 2009, sur le fondement d'une valeur liquidative de 87 141,58 euros (ci-après la « VL de Dissolution »). A cette fin, MATMUT a autorisé la société de gestion ADI à expurger la Créance de la VL de Dissolution en procédant à son transfert à ADI selon les termes et conditions de la présente cession de créance et de droits attachés.

La cession par le FCP représenté par ADI, en sa qualité de société de gestion en titre, de la Créance au profit d'ADI, agissant pour son propre compte, s'analyse donc exclusivement en un acte d'administration (et non de disposition) destiné à faciliter les opérations la dissolution du fonds.

Dans le souci d'assurer la protection de l'intérêt exclusif de MATMUT (dernier porteur en date de dissolution), la cession de la Créance est accompagnée d'une **clause de retour à meilleure fortune au bénéfice exclusif de MATMUT**. Il est précisé qu'ADI aura toute latitude pour décider de conserver la Créance jusqu'à l'échéance des procédures en cours menées par PWC et par la Juridiction US. ou la céder à un prix de cession estimé convenable eu égard aux informations de marché disponibles.

C'est dans ce contexte que le FCP, représenté par ADI, souhaite céder la Créance ainsi que les droits qui lui sont attachés à ADI (compte propre), qui l'accepte, dans les conditions qui sont énoncées ci-après.

**IL EST CONVENU CE QUI SUIT :**

**1.    OBJET DE LA CONVENTION**

ADI, agissant au nom et pour le compte du FCP, cède à ADI, agissant pour son propre compte, qui l'accepte, la totalité de la Créance détenue par le FCP à la date de signature de la Convention (soit **633 862,14 EUR (six cent trente-trois mille huit cent soixante deux euros et quatorze centimes)**) ainsi que *l'ensemble des droits attachés à cette Créance* (ci-après les « Droits Attachés »).        Les Droits Attachés comprennent :

- les accessoires de la Créance, tels que les intérêts prévus dans la Notice of Statement of Calculation en date du 17 octobre 2008 (soit EONIA + 25 bps par an), ou encore la garantie octroyée par LBH Inc.) ;

- les éventuelles actions en justice consécutives aux notifications faites par ADI agissant au nom et pour le compte du FCP.

**1.1. CREANCE**

La Créance représente le montant net des Transactions calculé en application de la section 6(e) de la convention cadre ISDA gouvernant les opérations entre le FCP et LBIE. A ce titre, elle est soumise pour ce qui concerne l'étendue des droits qui y sont attachés au droit anglais. Sa reconnaissance, tant sur son principe que sur son montant, dépend de la discrétion de l'autorité en charge de l'administration et de l'éventuelle liquidation des actifs de LBIE.

Il est à noter que la Créance a la nature d'une créance éventuelle dont la cession est néanmoins autorisée. La Créance a en effet une consistance suffisante pour être l'objet de la présente convention puisqu'il existe un principe de créance. Le FCP, en sa qualité de Cédant représenté par ADI, ADI, en sa qualité de Cessionnaire, et MATMUT, en sa qualité de dernier porteur en date de cession, déclarent être conscients de cet état de la Créance. Le Cessionnaire devient créancier de LBIE et de LBH Inc. (garant) pour le montant nominal de la Créance et ses Droits Attachés au sens de l'article 1692 du Code civil.

## 1.2. DROITS ATTACHES A LA CREANCE

ADI agissant pour le compte du FCP cède à ADI (compte propre), qui l'accepte, les Droits Attachés à la Créance.

## 1.3. OPPOSABILITE AU DÉBITEUR CÉDÉ ET AUX TIERS

ADI, agissant pour le compte du FCP, s'engage à notifier la présente cession et à réaliser toutes les démarches nécessaires et raisonnables afin de rendre la cession opposable aux tiers et notamment à LBIE (Débiteur Cédé) et LBH Inc. (son garant).

Les Parties reconnaissent que la section 7 intitulée « Transfer » du « 1992 ISDA Master Agreement », à laquelle la « Part 5(d) » du « Schedule » n'a pas dérogé, permet au FCP, en sa qualité de « Non-defaulting Party » (partie non défaillante), de transférer, sans l'accord préalable de LBIE, tout ou partie de la Créance et des Droits Attachés à la Créance dont LBIE est débitrice en sa qualité de « Defaulting Party » (partie défaillante). Toutefois, dans un souci de sécurité juridique, ADI, en sa qualité de représentant du FCP, notifiera à LBIE ainsi qu'à LBH Inc. la présente cession de créance et de droits attachés selon les formes prévues en Annexe Unique. Cette notification à LBIE, Débiteur Cédé, à et LBH Inc., son garant, n'aura pas pour objet de rendre parfaite la cession qui ne nécessite que l'accord du Cédant et du Cessionnaire.

## 2.    PRIX DE CESSION

La présente cession est consentie à titre onéreux. Toutefois, il est bien entendu qu'elle intervient dans le cadre de la gestion administrative de la Créance et des Droits Attachés à la Créance et est conditionnée au respect de la clause de retour à meilleure fortune stipulée à l'article 4 des présentes, si bien que le prix de cession est symbolique. Le prix de cession de la Créance et des Droits Attachés à la Créance est fixé à 1 (un) euro.

## 3.    DECLARATIONS DES PARTIES

## 3.1. DECLARATIONS DU CEDANT : GARANTIE DE LA CESSION

La présente cession est consentie sans autre garantie que celle ressortant de l'existence des Transactions, telles qu'elles sont matérialisées par les confirmations d'opérations archivées par ADI en sa qualité de société de gestion en titre du FCP et par l'établissement du montant net de résiliation stipulé dans la Notice of Statement of Calculation en date du 17 octobre 2008. Cette cession à 1 (un) euro symbolique a été inscrite dans la comptabilité du FCP en date de cession. ADI, agissant pour le compte du FCP, reconnaît expressément le caractère d'acte d'administration (et non de disposition) de la cession destinée à faciliter les opérations de dissolution du FCP.

### 3.2. DECLARATIONS DU CESSIONNAIRE

ADI, agissant pour son propre compte en qualité de Cessionnaire, reconnaît expressément avoir conscience des éléments suivants :

- soumission au droit anglais du traitement juridique de l'administration de LBIE et de la potentielle liquidation de LBIE,

- caractère d'acte d'administration (et non de disposition) de la cession destinée à faciliter les opérations de dissolution du FCP.

Le Cessionnaire reconnaît que MATMUT n'a pas la qualité de tiers absolu mais est intéressé au retour à meilleure fortune de la Créance en sa qualité de dernier porteur du FCP en date de cession.

### 4.   MEILLEURE FORTUNE

Pour le cas où il y aurait retour à meilleure fortune du taux de recouvrement de la Créance (estimé à ce jour à environ 10% et affecté par des exigences de garanties conventionnelles lourdes), ADI, Cessionnaire de la Créance, accepte expressément de reverser, dès le premier euro au-delà du prix de cession exprimé à l'Article 2 et après déduction des frais exposés par ADI dans la défense du principe et du *quantum* de la Créance (les « Frais » tels que définis ci-dessous), toute somme provenant du recouvrement total ou partiel de la Créance, au titre de la cession de la Créance à un tiers ayant proposé un « bid price » (prix de rachat) jugé intéressant par ADI eu égard aux informations dont elle dispose ou encore au titre des distributions issues de l'administration ou de la liquidation de LBIE ou du paiement réalisé par LBH Inc en qualité de garant (les « Sommes Recouvrées »), à MATMUT, dernier porteur en date de cession.

Les Frais recouvrent notamment :

- les frais de conseils juridiques, d'avocats, d'experts, les frais de procédure, dépens, débours, les frais liés à l'exécution d'une décision de justice, les droits d'enregistrement et généralement tous autres frais accessoires ;

- la rémunération d'ADI ou de toute société du groupe OFI qui lui serait substituée : cette rémunération sera fondée sur le volume horaire assuré au titre du suivi des procédures d'adminsitration / liquidation de LBIE (suivi juridique, suivi des propositions de rachat faites par des tiers...).

Le répartition des Sommes Recouvrées est définie comme suit :

**100 % des Sommes Recouvrées seront reversées à MATMUT (unique porteur en date de cession) déduction faite des Frais.**

5.    **SEGREGATION**

Le Cessionnaire fera son affaire de la ségrégation extracomptable des Sommes Recouvrées parmi l'ensemble des montants qu'il pourra être amené à recevoir de LBIE et/ou LBH Inc. au titre d'une ou plusieurs autres créances cédées par des tiers.

Eu égard au taux de recouvrement perçu sur chaque créance qu'il aura reçue en qualité de cessionnaire, le Cessionnaire opérera une ségrégation extracomptable stricte permettant *in fine* de reverser les montants recouvrés afférents à chaque créance cédée.

6.    **CONFLITS D'INTERETS**

La société ADI a établi et maintient opérationnelle une politique de détection et de gestion des conflits d'intérêts qui est fixée par écrit pour l'ensemble des entités du groupe. Cette politique trouve application pour la présente convention.

7.    **MODIFICATION**

Aucune modification de quelqu'ordre que ce soit à la Convention ne pourra valablement engager et lier les Parties tant qu'elle n'aura pas fait l'objet d'un avenant en bonne et due forme signé par chaque Partie.

8.    **CESSION / TRANSFERT DE LA CONVENTION**

La Convention pourra faire l'objet d'une cession totale ou partielle, à titre onéreux ou gracieux, par le Cessionnaire au profit de l'une quelconque des sociétés de son groupe. Le Cessionnaire fera son affaire de notifier ladite cession au Débiteur Cédé et à son garant. En cas de fusion, absorption, rachat, transmission universelle du patrimoine du Cessionnaire au profit d'une société de son groupe, le bénéficiaire du transfert de la Créance fera son affaire de notifier la situation au Débiteur cédé et à son garant.

9.    **TITRES**

En cas de difficulté d'interprétation résultant d'une contradiction entre l'un quelconque des titres figurant en tête des clauses et l'une quelconque des clauses, les titres seront déclarés inexistants.

10.    **NULLITE**

Si une ou *plusieurs stipulations* de la Convention sont tenues pour non valides ou déclarées comme telles en application d'une loi, d'un règlement ou à la suite d'une décision passée en force de chose jugée d'une juridiction compétente, les autres stipulations garderont toute leur force et leur portée.

## 11.   TOLERANCE

Les Parties conviennent réciproquement que le fait, pour l'une des Parties, de tolérer une situation, n'a pas pour effet d'accorder à l'autre Partie des droits acquis.

De plus, une telle tolérance ne peut être interprétée comme une renonciation à faire valoir les droits en cause.

## 12.   DROIT APPLICABLE ET ATTRIBUTION DE JURIDICTION

La présente Convention est régie par le droit français et plus spécifiquement par les articles 1689 et suivants du Code civil afférents au transport des créances et autres droits incorporels.

En cas de contestation sur l'interprétation ou l'exécution de la Convention, les Parties donnent compétence au Tribunal de commerce de Paris.

## 13.   ELECTION DE DOMICILE

Pour l'exécution de la Convention, les Parties déclarent faire élection de domicile en leurs sièges sociaux respectifs indiqués en tête de la Convention.

**EN FOI DE QUOI, la Convention a été signée à Paris, le 16 mars 2009, en quatre exemplaires originaux, dont un a été remis à MATMUT et un autre au Commissaire Aux Comptes du FCP.**

*FCP ALPHA DRIVE EURO CONVERTIBLES représenté par ADI - ALTERNATIVE INVESTMENTS*

Par :

Nom : Nicolas GOMART   Titre : Directeur Général

**ADI - ALTERNATIVE INVESTMENTS**

Par :

Nom : Christophe LEPITRE   Titre : Directeur Général Délégué

**En présence de MATMUT**

Par :

Nom : **Franck DUSSOGE**   Titre : **Directeur Financier**

ANNEXE UNIQUE

## NOTICE TO THE DEBTOR'S ADMINISTRATOR AND THE DEBTOR

To: PriceWaterhouseCoopers LLP, Administrator of **LEHMAN BROTHERS INTERNATIONAL EUROPE** (the « **Debtor** ») in administration

PriceWaterhouseCoopers LLP

Plumtree Court
London EC4A 4HT
England

Attn. : the Joint Administrators
Anthony Victor Lomas,
Steven Anthony Pearson,
Dan Yoram Schwarzmann,
Michael John Andrew Jervis
Derek Anthony Howell

Fax. : + 44 (0) 20 7212 6598

counterparties@lbia-eu.com
uk.terminationnoticesqueries@ lbia-eu.com

---

From: the Collective Investment Scheme named « **ALPHA DRIVE EURO CONVERTIBLES** » (fka. « **ALPHA DRIVE CONVERTIBLES EUROCAP** ») represented by **ADI - ALTERNATIVE INVESTMENTS**, in its capacity as investment manager, (the "**Assignor**") and **ADI - ALTERNATIVE INVESTMENTS**, acting for its own account, (the "**Assignee**")

---

Dear Sir

1. We hereby notify you that as of March 16, 2009 the Assignor has assigned to the Assignee its claims against the Debtor in the sum of **633,862.14 EUR** + the current Default Rate + out-of-pockets expenses.

2. According to Section 7 of the applicable 1992 ISDA Master Agreement, we, as Non-defaulting Party and Assignor, are entitled to transfer our interest in any close-out amount payable to us from the Debtor as Defaulting Party under Section 6(e).

3. The administrative details of the Assignee are as follows:

**Address for Notices:**

**ADI – Alternative Investments**
**Attn. : Legal Department**
**1 rue Vernier 75017 PARIS**
**FRANCE**

**Bank Account Details:**



## RELEVE D'IDENTITE BANCAIRE

### Titulaire
**A.D.I. ALTERNATIVE INVESTMENTS**

### Domiciliation
**SG PARIS ELYSEES ENTREPR (03392)**
**91 AV CHAMPS ELYSEES**
**75008 PARIS**

#### Référence bancaire

| Code banque | Code guichet | N° compte | Clé RIB |
|---|---|---|---|
| 30003 | 03392 | 00020312835 | 90 |

IBAN : **FR76 3000 3033 9200 0203 1283 590**
BIC-ADRESSE SWIFT : **SOGEFRPP**

4. Please acknowledge this notice by signing and returning to the Assignee the attached acknowledgement.

ASSIGNOR:                                                 ASSIGNEE:

Signature:                                                Signature:

Name:  **Nicolas GOMART**                                 Name:  **Christophe LEPITRE**

Title: CEO                                                Title: Deputy CEO

Phone: + 33 1 40 68 17 17                                 Phone: + 33 1 40 68 17 17

Acknowledgement of Receipt
of Notice of Assignment

By Facsimile / Facsimile No.: + 33 1 40 68 17 72

Email : sgrasset@ofi-am.fr / cdimi@ofi-am.fr

**For the attention of:**

**ADI – Alternative Investments**

**Attn. : Legal Department**

**1 rue Vernier 75017 PARIS**

**FRANCE**

16 March 2009

Dear Sirs:

**Re. : The Sale by « ALPHA DRIVE EURO CONVERTIBLES » (fka. « ALPHA DRIVE CONVERTIBLES EUROCAP ») represented by ADI - ALTERNATIVE INVESTMENTS**, in its capacity as investment manager, (the "**Assignor**"), **to ADI - ALTERNATIVE INVESTMENTS**, acting for its own account, (the "**Assignee**"), **of 633,862.14 EUR (plus the current Default Rate and plus out-of-pockets expenses) (the "Assigned Claim") being a claim against LEHMAN BROTHERS INTERNATIONAL EUROPE (the "Debtor" in administation).**

We hereby acknowledge receipt of a copy of the Notice of Assignment between Assignor and Assignee dated 16 March 2009 regarding the Assigned Claim referred to above.

We note the sale, assignment and transfer of the Claim to **ADI - ALTERNATIVE INVESTMENTS** and that **ADI - ALTERNATIVE INVESTMENTS** is entitled to any and all amounts payable from the Administation proceeding with regard to the Assigned Claim

Bankruptcy Trustees

for and on behalf of **LEHMAN BROTHERS INTERNATIONAL EUROPE**

**DEBTOR** (in administration)