Form 210A (10/06)

# United States Bankruptcy Court
## Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.,     Case No. 08-13555 (JMP)
                                                 (Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee                              Name of Transferor

Deutsche Bank AG, London Branch                 Sabretooth Master Fund, L.P.

Name and Address where notices to transferee should be sent:

Deutsche Bank AG, London Branch                 Court Claim # (if known): 59716
Winchester House, 1 Great Winchester Street     Amount of Claim: USD 1,450,000.00 (principal)
London EC2N 2DB                                 plus accrued interest
Tel: +44 20 7547 2400                           Date Claim Filed: October 30, 2009
Fax: +44 113 336 2010
Attention: Simon Glennie
E-mail: simon.glennie@db.com/kairi.james@cms-cmck.com
                                                Tel: N/A
Last Four Digits of Acct. #: N/A                Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Tel: +44 20 7547 2400
Last Four Digits of Acct #: N/A


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ illegible_____          Date: 21 December 2011
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Philipp Roever
Vice President

*FULL Transfer of LBHI Claim # 59716*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **SABRETOOTH MASTER FUND, L.P.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **DEUTSCHE BANK AG, LONDON BRANCH** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 59716 filed by or on behalf of **Seller's predecessor-in-title** (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

DB Ref: 8498
UK - 70153149.1

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of December 2011.

| SABRETOOTH MASTER FUND, L.P | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: _____ | By: _____ |
| Name: Benjamin Baker | Name: |
| Title: Chief Financial Officer | Title: |
| c/o Sabretooth Capital Management, LLC | Winchester House |
| 405 Lexington Avenue | 1, Great Winchester Street |
| 50th Floor | London EC2N 2DB |
| New York NY 10174 | ENGLAND |
| Attention: Benjamin Baker | Attn: Michael Sutton |

DB Ref: 8498

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21 day of December 2011.

| SABRETOOTH MASTER FUND, L.P | DEUTSCHE BANK AG, LONDON BRANCH |
|---|---|
| By: _____ | By: _[signature]_ |
| Name: | Name: Philipp Roever |
| Title: | Title: Vice President |
| | |
| c/o Sabretooth Capital Management, LLC | Winchester House |
| 405 Lexington Avenue | 1, Great Winchester Street |
| 50th Floor | London EC2N 2DB |
| New York NY 10174 | ENGLAND |
| Attention: Benjamin Baker | Attn: Michael Sutton |

DB Ref: 8498

Schedule 1

## Transferred Claims

Purchased Portion

100% of the Proof of Claim (plus any accrued interest thereon).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| MTN2407 | XS0204933997 | 6059525 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 1,450,000.00 | 11/29/2009 |

Schedule 1-1

DB Ref: 8498

Schedule 1-1

DB Ref: 8498

Copy of Proof of Claim 59716

Schedule 2

| United States Bankruptcy Court / Southern District Of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS**<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)  0000059716 |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Deutsche Bank AG, London Branch<br>Winchester House<br>1 Great Winchester Street<br>London EC2N 2DB<br>Attn: Michael Sutton / Simon Glennie / Candice Cheng<br>Telephone number: +44 20 7547 2400<br>Email address: Michael.sutton@db.com / simon.glennie@db.com / Candice.cheng@db.com<br>With a copy to:<br>Deutsche Bank AG, London Branch, London Loan Operations<br>21st Floor, 99 Bishopsgate<br>London EC2M 3XD<br>Attn: Conor McGovern<br>Telephone number: +44 20 7547 7173<br>Email address: lg2.distrading@list.db.com / conor.mcgovern@db.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(if known)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br>Deutsche Bank AG, London Branch, London Loan Operations<br>21st Floor, 99 Bishopsgate<br>London EC2M 3XD<br>Attn: Conor McGovern<br><br>Telephone number: +44 20 7547 7173<br>Email address: lg2.distrading@list.db.com / conor.mcgovern@db.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: Amounts To Be Determined - See attached Appendix and Schedule (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached Appendix and Schedule (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e., the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: See attached Appendix and Schedule (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
See attached Appendix and Schedule (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions

| Date.<br><br>28/10/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Name: [signature]<br><br>Title: Michael Sutton, Managing Director    Gavin Colquhoun, Managing Director | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br><br>OCT 3 0 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### Appendix

This Proof of Claim (this "Claim") is filed by Deutsche Bank AG, London Branch ("Claimant") against Lehman Brothers Holdings Inc. ("Debtor").

This Claim is based on Debtor's issuance or guarantee, as applicable, of the Program Securities listed on the attached Schedule.

To the extent this Claim is based on Program Securities that (i) were issued by Debtor or (ii) were issued by affiliates of Debtor and (a) have matured or (b) have been accelerated to par, this Claim seeks the face amount (converted to U.S. dollars, where necessary) of the position in such Program Securities held by Claimant. With respect to other Program Securities held by Claimant, the precise amount of this Claim cannot be determined at this time, as it may depend on factors outside Claimant's knowledge and beyond Claimant's control. In each case, the Claim includes principal, accrued interest, any enhanced returns on principal, and expenses to the extent permitted by the governing documents and applicable law.

Accordingly, the aggregate amount of this Claim is to be determined.

Because these securities are Lehman Program Securities, as defined in the Court's July 2, 2009 order, Claimant is not required to complete a Guarantee Questionnaire or to provide any information other that that provided herein in support of this Claim.

### Reservation of Rights

This Claim is filed under the compulsion of the bar date established in these chapter 11 proceedings and is filed to protect Claimant from forfeiture of claims by reason of said bar date. Claimant reserves its right to amend and/or supplement this Claim for the purposes and to the extent permitted by applicable law.

Claimant reserves all of its rights and defenses, whether under title 11 of the United States Code or other applicable law, as to any claims that may be asserted against Claimant by Debtor, including, without limitation, any rights of setoff and/or recoupment not expressly asserted above. Claimant further reserves all of its rights as against the other debtors in these chapter 11 proceedings.

Claimant further reserves all rights accruing to it, and the filing of this Claim is not and shall not be deemed or construed as (i) a waiver, release, or limitation of Claimant's rights against any person, entity, or property (including, without limitation, Debtor or any other person or entity that is or may become a debtor in a case pending in this Court); (ii) a consent by Claimant to the jurisdiction or venue of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (iii) a waiver, release, or limitation of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the U.S. Constitution; (iv) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (v) a waiver, release, or limitation of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a U.S. District Court Judge; (vi) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; (vii) an election of remedies; or (viii) a consent to the final determination or adjudication of any claim or right pursuant to 28 U.S.C. § 157(c).

### Schedule

| ISIN NUMBER | FACE AMOUNT[1] | BLOCKING NUMBER | ACCOUNT NUMBER |
|---|---|---|---|
| XS0204933997 | USD 1,450,000 | 6059525 | Euroclear 91255 |

Amount of Claim: TO BE DETERMINED, including principal, accrued interest, any enhanced returns on principal, and expenses to the extent permitted by the governing documents and applicable law.

---

[1] For securities denominated in currency other than U.S. dollars, the amount of the claim, once determined, will be converted to U.S. dollars at the applicable exchange rate.

