UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                    :

In re                                  :     Chapter 11 Case No.
                                     :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :     08-13555 (JMP)
                                   :

           Debtors.                 :     (Jointly Administered)
                                   :

                                   :
------------------------------------------------------------------------x

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.     TO:            HSBC Private Bank (UK) Limited ("Transferor")
                          78 St Jame's Street
                          London SW1A 1JB
                          United Kingdom
                          FAO: Chief Risk Officer
                          Telephone: +44 20 7860 5000
                          Email: jonathan.lidster@hsbcpb.com

2.     Please take notice that the transfer of a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 59154 (attached as Exhibit A hereto), has been transferred to:

                          Barclays Bank PLC ("Transferee")
                          745 Seventh Avenue
                          New York, NY 10019
                          Telephone: (212) 412-2865
                          Email:  daniel.crowley@barclayscapital.com
                                        daniel.miranda@barclayscapital.com

     An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto.  All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.     No action is required if you do not object to the transfer of your claim.  However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--     **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

     United States Bankruptcy Court
     Southern District of New York
     Attn: Clerk of Court
     Alexander Hamilton Custom House
     One Bowling Green

New York, NY 10004-1408

--    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

--    Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further
       correspondence related to this transfer.

4.    If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT
TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON
OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                                CLERK
-----------------------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

                                                    _____
                                                    Deputy Clerk

## EXHIBIT A

[Proof of Claim]

<table>
<tr><td colspan="2">

*United States Bankruptcy Court/Southern District of New York*

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
</td><td>

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**
</td></tr>
</table>

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000059154

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
HSBC Private Bank (UK) Limited
78 St James's Street, London SW1A 1JB
United Kingdom
FAO: Chief Risk Officer

Telephone number: +44 20 7860 5000    Email Address: jonathan.lidster@hsbcpb.com

☐ Check this box to indicate that this claim amends a previously filed claim.
**Court Claim Number:** _____ (*If known*)
Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** See attached _____ **(Required)**

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached _____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached _____ **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing a claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See attached _____ **(Required)**

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

**FILED / RECEIVED**
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. October 29, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Name: _Declan K. Sheehan_  Title: _Chief Executive Officer_ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

NY:9123177.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

In re:

Lehman Brothers Holdings Inc., *et al.*

Debtors.

-------------------------------------------------------------------X

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

## ANNEX TO PROOF OF CLAIM OF
## HSBC PRIVATE BANK (UK) LIMITED

1.    Claimant.  HSBC Private Bank (UK) Limited (the "**Claimant**"), hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Holdings Inc. (the "**Debtor**"), a debtor and debtor in possession in the above-referenced chapter 11 cases.  The Claimant holds claims against the Debtor arising from certain transactions that occurred prior to September 15, 2008 (the "**Petition Date**"), as described more fully below.

2.    Transactions Between the Parties.  The Claimant is the holder of certain securities and/or is acting on behalf of the holders of certain securities in each case guaranteed by the Debtor (each a "**Program Security**" and, together, the "**Program Securities**") and identified on the list of Lehman Program Securities, which is available on the Debtors' website, http://www.lehman-docket.com under the heading "Key Documents."    The International Securities Identification Number ("**ISIN**") identifying each Program Security, along with the respective Clearstream Bank blocking reference number and the Clearstream Bank participant account number relating to the Program Securities, is detailed on Exhibit 1 attached hereto. Furthermore, the Debtor guaranteed the  payment of all liabilities, obligations and commitments of certain Guaranteed Subsidiaries pursuant to those certain board resolutions adopted by the

Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 3, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities (together the "2005 Guaranty").

3.    Claim.  On account of the Program Securities and pursuant to and in accordance with the terms of the documentation relating to the Program Securities and/or, where relevant, the 2005 Guaranty, the Claimant hereby asserts a claim against the Debtor in respect of all obligations and liabilities of the Debtor in respect of the Program Securities in an amount to be determined, plus all other interest, costs, fees and expenses allowed under applicable law (the "**Claim**").  An itemization of certain amounts comprising the Claim are set forth on Exhibit 2 attached hereto.

4.    Security Interests and Priority Status.  The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5.    Claims, Counterclaims, Setoffs and Defenses.  The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor.  The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6.    Reservation of Rights.  The execution and filing of this Proof of Claim is not and shall not be deemed:  (a) a waiver or release of the Claimant's rights against any other entity or person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect

NY:9123177.1

to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7.    Amendments.  The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

**EXHIBIT 1**

| ISIN Number | Clearstream Blocking Number | Clearstream Account Number |
|---|---|---|
| XS0275826484 | CA55758 | 11446 |
| XS0366065687 | CA55887 | 11447 |
| XS0269092366 | CA55805 | 11446 |
| XS0286894380 | CA48323 | 11446 |
| XS0272545434 | CA55777 | 11446 |
| XS0347382110 | CA55836 | 11447 |
| XS0262696874 | CA55778 | 11446 |
| XS0302019731 | CA48321 | 11446 |
| XS0342839155 | CA55747 | 11447 |
| XS0338049975 | CA55751 | 11447 |
| XS0356365360 | CA48011 | 11447 |
| XS0326072252 | CA55927 | 11447 |
| XS0354190554 | CA48000 | 11447 |
| XS0365325306 | CA47821 | 11447 |

**EXHIBIT 2**

| ISIN Number | Outstanding Nominal (FOREIGN CCY) | Interest (FOREIGN CCY) | Total (FOREIGN CCY) | Outstanding Nominal* (USD) | Interest (USD) * | Total (USD) * |
|---|---|---|---|---|---|---|
| XS0275826484 | GBP960,000 | Indeterminate amount | GBP960,000 plus indeterminate amount of interest | 1,728,672 | Indeterminate amount | 1,728,672 plus indeterminate amount of interest |
| XS0366065687 | USD900,000 | Indeterminate amount | USD900,000 plus indeterminate amount of interest | 900,000 | Indeterminate amount | 900,000 plus indeterminate amount of interest |
| XS0269092366 | GBP650,000 | Indeterminate amount | GBP650,000 plus indeterminate amount of interest | 1,170,455 | Indeterminate amount | 1,170,455 plus indeterminate amount of interest |
| XS0286894380 | GBP4,350,000 | Indeterminate amount | GBP4,350,000 plus indeterminate amount of interest | 7,833,045 | Indeterminate amount | 7,833,045 plus indeterminate amount of interest |
| XS0272545434 | GBP1,000,000 | Indeterminate amount | GBP1,000,000 plus indeterminate amount of interest | 1,800,700 | Indeterminate amount | 1,800,700 plus indeterminate amount of interest |
| XS0347382110 | USD1,100,000 | Indeterminate amount | USD1,100,000 plus indeterminate amount of interest | 1,100,000 | Indeterminate amount | 1,100,000 plus indeterminate amount of interest |
| XS0262696874 | GBP200,000 | Indeterminate amount | GBP200,000 plus indeterminate amount of interest | 360,140 | Indeterminate amount | 360,140 plus indeterminate amount of interest |
| XS0302019731 | GBP2,235,000 | Indeterminate amount | GBP2,235,000 plus indeterminate amount of interest | 4,024,564.50 | Indeterminate amount | 4,024,564.50 plus indeterminate amount of interest |

| ISIN Number | Outstanding Nominal (FOREIGN CCY) | Interest (FOREIGN CCY) | Total (FOREIGN CCY) | Outstanding Nominal* (USD) | Interest (USD) * | Total (USD) * |
|---|---|---|---|---|---|---|
| XS0342839155 | GBP1,300,000 | Indeterminate amount | GBP1,300,000 plus indeterminate amount of interest | 2,340,910 | Indeterminate amount | 2,340,910 plus indeterminate amount of interest |
| XS0338049975 | GBP1,500,000 | Indeterminate amount | GBP1,500,000 plus indeterminate amount of interest | 2,701,050 | Indeterminate amount | 2,701,050 plus indeterminate amount of interest |
| XS0356365360 | USD2,000,000 | Indeterminate amount | USD2,000,000 | 2,000,000 | Indeterminate amount | 2,000,000 plus indeterminate amount of interest |
| XS0326072252 | GBP1,750,000 | Indeterminate amount | GBP1,750,000 plus indeterminate amount of interest | 3,151,225 | Indeterminate amount | 3,151,225 plus indeterminate amount of interest |
| XS0354190554 | GBP500,000 | Indeterminate amount | GBP500,000 plus indeterminate amount of interest | 900,350 | Indeterminate amount | 900,350 plus indeterminate amount of interest |
| XS0365325306 | USD100,000 | Indeterminate amount | USD100,000 plus indeterminate amount of interest | 100,000 | Indeterminate amount | 100,000 plus indeterminate amount of interest |

* Amounts due in GBP have been converted to US Dollars using the spot exchange rate published by Bloomberg for September 15, 2008: 1 unit of GBP = 1.8007USD

**EXHIBIT 3**

*See attached board resolutions dated 9 June 2005*

NY:9123177.1

# UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 7, 2005

_____          _____
Richard S. Fuld, Jr.                        John D. Macomber

2

### Schedule A
### to LBHI Unanimous Written Consent
### dated June 9 , 2005

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

HSBC Private Bank 

Epiq Bankruptcy Solutions, LLC
Attention: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

BY COURIER

29 October 2009

Dear Sirs

Lehman Securities Proofs of Claim

We enclose two proof of claim forms in respect of Lehman Brothers Holdings Inc, one against it in its capacity as issuer of certain securities on the Lehman Program Securities List and one against it in its capacity as guarantor of certain securities on the Lehman Program Securities List.

Photocopies of each form are also enclosed.  We should be grateful if you could return these duly signed and/or stamped in the attached prepaid envelopes by way of acknowledgement of receipt.

Yours faithfully

For and on behalf of
HSBC Private Bank (UK) Limited

 HSBC Private Bank (UK) Limited
78 St James's Street, London SW1A 1JB
T +44 (0)20 7860 5000  F +44 (0)20 7860 5001
Registered in England no. 499482
Registered Office: 8 Canada Square, London E14 5HQ, UK
Authorised and regulated by the Financial Services Authority

www.hsbcprivatebank.com

External Box Dimension: 27,5 x 35 cm

DHL EXPRESS

REMOVE TO EXPOSE ADHESIVE

Please ensure necessary documentation is complete, and goods are packed securely.

PLEASE ATTACH COMPLETED AIRWAYBILL HERE

Parcels : 1/1

DOX

DHL standard terms and conditions apply. Warsaw Convention may also apply.
Shipment may be carried via intermediate stopping places DHL deems appropriate.

FROM: HSBC PRIVATE BANK (UK) LIMITED          ACC NO : 130115524
POSTROOM
78 ST JAMES'S STREET

ORIGIN: LON

SW1A 1JB LONDON
UNITED KINGDOM

TO : EPIQ BANKRUPTCY SOLUTIONS LLC
LEHMAN BROS HOLDINGS CLAIMS PROCSSI
757 THIRD AVENUE 3RD FLOOR
NEW YORK NY 10017
NEW YORK
10017 NEW YORK NY 10017    Tel :
UNITED STATES OF AMERICA

Day   Time

TSS   0A    AIR WAYBILL:    3142743004

DOCS

Service :
Sender Ref :    MARK HALL                Weight :  0.50 kgs.
                                          Date :  2009-10-29
Customs Value :   0.00 GBP               IV :  0.00

(2L)US10017+42000000

(J) J000  0228  3720  0004  74

EASYSHIP/
CUSTOMER
INFORMATION

ZYX
XYZ

EASYSHIP/
CUSTOMER
INFORMATION

OR

ZAX

ZYX

## EXHIBIT B

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged,  HSBC Private Bank (UK) Limited ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount / nominal amount of the security specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59154 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),.  For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _1_ day of January 2011   February

**Barclays Bank PLC**

By: _____
Name: Daniel Crosley
Title: Managing Director
745 Seventh Ave
New York, NY 10019

[seller]

By: _____
Name
Title   DIRECTOR   HSBC Private Bank
                    (uk) Ltd
[address]
[city, state, zip]
        78 St. James's Street
        London
        SW1A 1JB

Schedule 1

Transferred Claims

Purchased Claim

$1,728,672* of the principal/notional amount of the Proof of Claim as of [*insert date of Agreement and Evidence of Transfer*]) being referable to the Security identified below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Capital Protected Note | XS0275826484 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | US$1,728,672* | Undetermined | 24 Nov 2009 | [ ] |

*USD equivalent of GBP denominated Principal/Notional Amount of Purchased Security (GBP960,000) converted using spot exchange rate published by Bloomberg for 15 Sep 2008 (1 unit of GBP = 1.80071USD)

Schedule 1-1