B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott Associates, L.P. | Yorvik Partners LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Elliott Management Corporation
40 W. 57th St., New York, NY 10019
Attn: Michael Stephan
Phone: (212) 974-6000
Last Four Digits of Acct #: _____

Court Claim # (if known): 44606
Amount of Claim: Please see attached schedule

Date Claim Filed: 10/23/2009

Phone: +44 20 77796 5906
Last Four Digits of Acct #: _____

Name and Address where notices to transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                    Date: December 28, 2011
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 & 3571*

Elliott Associates, L.P.
By: Elliott Capital Advisors, L.P., as general partner
By: Braxton Associates, Inc., as general partner

By: _____
    Elliot Greenberg, Vice President

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Elliott Associates, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Number 44606 hereto filed by or on behalf of **Luzerner Kantonal Bank AG** ("**Predecessor**") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or the Prior Seller.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsubordinated unsecured claims; (g) there are no objections to the Transferred Claims; and (h) all predecessor agreements are substantially similar to this agreement.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and

hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Buyer.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of December, 2011.

| YORVIK PARTNERS LLP | ELLIOTT ASSOCIATES, L.P. |
|---|---|
| | By: Elliott Capital Advisors, L.P., General Partner |
| *Simon Mullaly* (signature) | By: Braxton Associates, Inc., General Partner |
| By: _____ | By: _____ |
| Name: Simon Mullaly | Name: _____ |
| Title: Partner | Title: |
| Address: | Address: |
| 11 Ironmonger Lane | 40 West 57th Street, 4th Floor, |
| London EC2V 8EY | New York, NY 10019, |
| United Kingdom | United States |

2

MKUAN\193506.1 - 10/26/11

hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Buyer.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 28 day of DECEMBER, 2011.

**YORVIK PARTNERS LLP**

By:_____
Name: Simon Mullaly
Title: Partner

Address:

11 Ironmonger Lane
London EC2V 8EY
United Kingdom

**ELLIOTT ASSOCIATES, L.P.**

By: Elliott Capital Advisors, L.P., General Partner
By: Braxton Associates, Inc., General Partner

By:_____
Name: ELLIOT GREENBERG
Title: VICE PRESIDENT

Address:

40 West 57th Street, 4th Floor,
New York, NY 10019,
United States

2

## Schedule 1

### Transferred Claims

Purchased Claims

18.06451618% of Proof of Claim Number 44606 = USD504,087.56 of USD2,790,484.70 (the outstanding amount of the Proof of Claim Number 44606).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount in EUR (USD equivalent) | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| CHF 10,000,000 Equity Linked Notes | XS0302351266 | See attached Exhibit A | Lehman Brothers & Co Treasury B.V. | Lehman Brothers Holdings Inc | CHF 560,000.00 which is equivalent to US$ 500,335.05 | Per the pricing supplement | June 2010 | CHF 4,200.00 which is equal to US$ 3,752.51 |

3

MKUAN\193506.1 - 10/26/11

# EXHIBIT A

| Zeilenbeschriftungen | Valor | Blocking # | Menge aus Blocking File |
|---|---|---|---|
| XS0238337439 | 2'371'263 | 6'039'758 | 130'000 |
| | | 6'039'760 | 90'000 |
| | | 6'039'765 | 50'000 |
| | | 6'039'767 | 45'000 |
| | | 6'039'802 | 20'000 |
| | | 6'039'804 | 20'000 |
| | | 6'039'807 | 20'000 |
| | | 6'039'810 | 20'000 |
| | | 6'039'838 | 15'000 |
| | | 6'039'839 | 15'000 |
| | | 6'039'846 | 10'000 |
| | | 6'039'851 | 10'000 |
| | | 6'052'702 | 300'000 |
| | | 6'039'774 | 30'000 |
| | | 6039803; 6039806 | 20000; 20000 |
| | | 6'039'835 | 15'000 |
| | | 6'052'701 | 334'000 |
| | | 6039837; 6039764 | 15000; 50000 |
| **XS0238337439 Ergebnis** | | | **1'229'000** |
| XS0269969027 | 2'727'458 | 6'044'548 | 125'000 |
| | | 6'044'553 | 50'000 |
| | | 6'044'555 | 50'000 |
| | | 6'044'559 | 50'000 |
| | | 6'044'561 | 40'000 |
| | | 6'044'562 | 40'000 |
| | | 6'044'566 | 30'000 |
| | | 6'044'567 | 30'000 |
| | | 6'044'570 | 30'000 |
| | | 6'044'573 | 25'000 |
| | | 6'044'586 | 25'000 |
| | | 6'044'594 | 20'000 |
| | | 6'044'595 | 20'000 |
| | | 6'044'596 | 20'000 |
| | | 6'044'604 | 20'000 |
| | | 6'044'635 | 20'000 |
| | | 6'044'637 | 17'000 |
| | | 6'044'638 | 15'000 |
| | | 6'044'640 | 15'000 |
| | | 6'044'643 | 15'000 |
| | | 6'044'669 | 10'000 |
| | | 6'044'671 | 10'000 |
| | | 6'044'679 | 8'000 |
| | | 6'044'680 | 8'000 |
| | | 6'052'707 | 200'000 |
| | | (Leer) | (Leer) |
| | | 6044550; 6044558; 6044547; 6044599 | 70000; 50000; 200000; 20000 |
| | | 6'052'708 | 96'000 |
| **XS0269969027 Ergebnis** | | | **1'329'000** |
| XS0302351266 | 3'118'047 | 6'045'955 | 100'000 |

| | | | |
|---|---|---|---|
| | | 6'045'958 | 80'000 |
| | | 6'045'960 | 70'000 |
| | | 6'045'964 | 50'000 |
| | | 6'045'968 | 50'000 |
| | | 6'045'970 | 50'000 |
| | | 6'045'971 | 50'000 |
| | | 6'045'974 | 50'000 |
| | | 6'045'989 | 30'000 |
| | | 6'045'992 | 30'000 |
| | | 6'046'001 | 20'000 |
| | | 6'046'004 | 20'000 |
| | | 6'046'005 | 20'000 |
| | | 6'046'010 | 20'000 |
| | | 6'046'014 | 20'000 |
| | | 6'046'015 | 20'000 |
| | | 6'046'017 | 20'000 |
| | | 6'046'023 | 15'000 |
| | | 6'046'034 | 10'000 |
| | | 6'046'035 | 10'000 |
| | | 6'046'036 | 5'000 |
| | | 6'046'039 | 5'000 |
| | | (Leer) | (Leer) |
| | | 6'045'967 | 50'000 |
| | | 6'045'982 | 30'000 |
| | | 6'045'961 | 50'000 |
| | | 6046022; | 15000; |
| | | 6046037; | 5000; |
| | | 6046025; | 10000; |
| | | 6045956; | 100000; |
| | | 6046019; | 15000; |
| | | 6045957; | 90000; |
| | | 6046021; | 15000; |
| | | 6046027; | 10000; |
| | | 6045991; | 30000; |
| | | 6046026; | 10000; |
| | | 6045983; | 30000; |
| | | 6045990; | 30000; |
| | | 6046006; | 20000; |
| | | 6045980; | 30000; |
| | | 6046024; | 10000; |
| | | 6045952 | 140000 |
| | | 6'045'984 | 30'000 |
| | | 6045954; | 125000; |
| | | 6046028 | 10000 |
| XS0302351266 Ergebnis | | | 1'600'000 |