# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Värde Investment Partners (Offshore) Master, L.P. | Sea Port Group Securities, LLC |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>e-mail: esteffer@varde.com<br><br>Last Four Digits of Acct. #: | Court Claim # (if known): 44722<br><br>Amount of Claims:<br><br>(i) EUR 57,000 (as it relates to ISIN/CUSIP XS0258901759 under the Proof of Claim); and<br>(ii) EUR 39,000 (as it relates to ISIN/CUSIP XS0286018758 under the Proof of Claim);<br><br>plus, in each case, all accrued interest, fees and other recoveries due.<br><br>Date Claim Filed: October 23, 2009<br><br>Phone:<br>Last Four Digits of Acct. #: |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

VÄRDE INVESMENT PARTNERS (OFFSHORE) MASTER, L.P.
By Värde Investment Partners G.P., LLC,
Its General Partner

By Värde Partners, L.P.,
Its Managing Member

By Värde Partners, Inc.,
Its General Partner

By: /s/ Brad P. Bauer                    Date: 12/21/11
Name: Brad P. Bauer
Title: Vice President

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1242/COURT/3300401.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 44722 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on         .

| **Sea Port Group Securities, LLC** <br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br> 360 Madison Avenue, 22nd Floor <br> New York, NY 10017 | **Värde Investment Partners (Offshore) Master, L.P.** <br> Name of Transferee <br><br> 8500 Normandale Lake Boulevard <br> Suite 1500 <br> Minneapolis, MN 55437 <br> Attn: Edwina P.J. Steffer <br> e-mail: *esteffer@varde.com* |
|---|---|

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                              _____
                                                            CLERK OF THE COURT

119-1242/COURT/3300401.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Sea Port Group Securities, LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners (Offshore) Master, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44722 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   (a)   Seller hereby represents and warrants to Purchaser that: (i) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (ii) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (iii) annexed hereto is a true and correct copy of the prior agreement (the "Prior Agreement").

(b)   Assuming the truth and accuracy of the representations made by *Nomura International plc* (the "Prior Seller") to Seller in the Prior Agreement, Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Seller will, on the settlement date, own and have good and marketable title to the Transferred Claims and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (iv) the Proof of Claim includes claims for multiple securities, including the Purchased Claim specified in Schedule 1 attached hereto; and (v) Prior Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of

Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Without limiting the effect of any representation or warranty expressly contained in this Agreement, Seller makes no representation or warranty with respect to whether the Transferred Claims will ultimately be allowed by the Bankruptcy Court. Purchaser is aware that the purchase price paid to Seller may be more or less than the amount ultimately distributed with respect to the Transferred Claims and that such amount may not be determined until after confirmation of a plan of reorganization.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of December 2011.

| SEA PORT GROUP SECURITIES, LLC | VÄRDE INVESTMENT PARTNERS (OFFSHORE) MASTER, L.P. |
|---|---|
| By: The Seaport Group LLC, its sole member | By Värde Investment Partners G.P., LLC, Its General Partner |
| | By Värde Partners, L.P., Its Managing Member |
| | By Värde Partners, Inc., Its General Partner |
| By: _____ Jonathan Silverman, General Counsel | By: _____ |
| 360 Madison Avenue, 22nd Floor | Name: Brad P. Bauer |
| New York, NY 10017 | Title: Vice President |

Schedule 1

Transferred Claims

Purchased Claim

100% of EUR 57,000.00 (as to which Proof of Claim 44722 filed in respect of the Purchased Claim was filed in an unliquidated amount).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Series no. 4614 EUR 6,800,000 Index-Linked Notes Due June 2010 relating to the IBEX 35 Index guaranteed by Lehman Brothers Holdings Inc. under the U.S. $45,000,000,000 Euro Medium-Term Note Retail Program | XS0258901759 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | Eur 57,000.00 (as to which Proof of Claim 44722 filed in respect of the Purchased Claim was filed in an unliquidated amount) | N/A | June 30, 2010 | All accrued and unpaid interest |

Schedule 1-1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Sea Port Group Securities, LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners (Offshore) Master, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44722 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   (a)   Seller hereby represents and warrants to Purchaser that: (i) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (ii) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (iii) annexed hereto is a true and correct copy of the prior agreement (the "Prior Agreement").

(b)   Assuming the truth and accuracy of the representations made by *Nomura International plc* (the "Prior Seller") to Seller in the Prior Agreement, Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Seller will, on the settlement date, own and have good and marketable title to the Transferred Claims and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (iv) the Proof of Claim includes claims for multiple securities, including the Purchased Claim specified in Schedule 1 attached hereto; and (v) Prior Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of

Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Without limiting the effect of any representation or warranty expressly contained in this Agreement, Seller makes no representation or warranty with respect to whether the Transferred Claims will ultimately be allowed by the Bankruptcy Court. Purchaser is aware that the purchase price paid to Seller may be more or less than the amount ultimately distributed with respect to the Transferred Claims and that such amount may not be determined until after confirmation of a plan of reorganization.

5.   Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.   Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.   Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 21st day of December 2011.

**SEA PORT GROUP SECURITIES, LLC**
By: The Seaport Group LLC, its sole member

By: _Jonathan Silverman_
General Counsel
360 Madison Avenue, 22nd Floor
New York, NY 10017

**VÄRDE INVESTMENT PARTNERS (OFFSHORE) MASTER, L.P.**
By Värde Investment Partners G.P., LLC, Its General Partner
By Värde Partners, L.P., Its Managing Member
By Värde Partners, Inc., Its General Partner

By: _____
Name:   Brad P. Bauer
Title:   Vice President

Schedule 1

Transferred Claims

Purchased Claim

100% of EUR 39,000.00 (as to which Proof of Claim 44722 filed in respect of the Purchased Claim was filed in an unliquidated amount ).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Series no. 6134 EUR 8,500,000 Equity-Linked Notes Due February 2012 relating to a Basket of Shares (Repsol and Telefonica subject to replacement) | XS0286018758 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | Eur 39,000.00 (as to which Proof of Claim 44722 filed in respect of the Purchased Claim was filed in an unliquidated amount) | N/A | February 2012 | All accrued and unpaid interest |

Schedule 1-1

119-1159/AGR/3047773.2