B210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of an undivided interest in the claim referenced in this evidence and notice.

| Citigroup Global Markets Inc. | Citibank (Hong Kong) Limited |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Citigroup Global Markets Inc.
390 Greenwich Street, 4th floor
New York, New York 10013
Attn: Marc Heimowitz
Phone: 212-723-1058
Email: marc.heimowitz@citi.com

With a copy to:

Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
Attn: Douglas R. Davis
Phone: 212-373-3000
Email: ddavis@paulweiss.com

Name and address where transferee payments should be sent (if different from above):

Court Claim # (if known): 55848
Total Amount of Claim Filed: $201,155,228
Amount of Claim Transferred: $3,706,216.96
ISIN/CUSIP: See Schedule 1 to Agreement and Evidence of Partial Transfer of Claim
Blocking Number: See Exhibit 1 to the Proof of Claim file on October 29, 2009
Date Claim Filed: October 29, 2009

Phone: 212-373-3000
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: _____

Transferee/Transferee's Agent
**BRIAN BLESSING**
**AUTHORIZED SIGNATORY**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                                    Case No. 08-13555

## NOTICE OF PARTIAL TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 55848 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor.  As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim Other than for Security in the clerk's office of this court on January 3, 2012.

| Citibank (Hong Kong) Limited | Citigroup Global Markets Inc. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |

Address of Alleged Transferor:                    Address of Transferee:

Citibank (Hong Kong) Limited                    Citigroup Global Markets Inc.
8/F Dorset House, Taikoo Place                    390 Greenwich Street, 4th floor
979 King's Road                                        New York, New York 10013
Quarry Bay, Hong Kong                             Attn:  Marc Heimowitz
Attn:  Lum, So Fan, Fanny                          Phone:  212-723-1058
Phone:  212-373-3000                                 Email:  marc.heimowitz@citi.com

| ~ DEADLINE TO OBJECT TO TRANSFER ~ |
|---|

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice.  If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                          **CLERK OF THE COURT**

*Final Form 11/20/09*

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Citibank (Hong Kong) Limited** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Citigroup Global Markets Inc.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in **Schedule 1** attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55848 filed by or on behalf of Seller or Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including, without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and

28474052_1

hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York with respect to proceedings arising under this agreement or related to its interpretation or enforcement. Each party hereto consents to service of process with respect to proceedings arising under this agreement or related to its interpretation or enforcement, by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 13th day of December 2011.

CITIBANK (HONG KONG) LIMITED

By:_____
Name: Josephine Lee
Title: Director of Wealth Management

Citibank (Hong Kong) Limited
8/F Dorset House, Taikoo Place
979 King's Road
Quarry Bay, Hong Kong

CITIGROUP GLOBAL MARKETS INC.

By:_____
Name: Rohit Bansal
Title: Managing Director

390 Greenwich Street, 4th Floor
New York, NY 10013

28474052_1

*Final Form 11/20/09*

Schedule 1

Transferred Claims

Purchased Claim

1.84% -- $3,706,216.96 of $201,155,228 (the outstanding amount of the Proof of Claim as of October 27, 2011).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| LB 4.75 YRS AUD DAILY ACCRUAL ALL SEASON NOTE | XS0318538260 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | AUD 90,000 / USD 72,558 | 5/29/12 |
| LB 1 YR HKD DAILY ACCRUAL COUPON AUTO CALL | XS0329714074 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 500,000 / USD 64,162.62 | 11/6/08 |
| LEHMAN BROS 1 YR HKD DAILY ACC CPN AUTO CALL NOTE | XS0330867846 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 1,500,000 / USD 192,487.86 | 11/13/08 |
| LEHMAN BROTHERS 1 YEAR HKD DAILY ACCRUAL COUPON | XS0331661172 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 500,000 / USD 64,162.62 | 11/17/08 |
| LEHMAN BROTHERS 1 YEAR HKD DAILY ACCRAUL COUPON | XS0334923322 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 1,000,000/ USD 128,325.24 | 12/8/08 |
| LEHMAN BRO 1 YEAR HKD | XS0338330672 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 1,000,000 / USD 128,325.24 | 12/31/08 |
| MAN BROTHERS 1 YEAR HKD DAILY ACCRUAL CALLABLE | XS0341733110 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 500,000 / USD 64,162.62 | 1/22/09 |
| LEHMAN BROTHERS1 YEAR HKD | XS0344102164 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 1,000,000 / USD 128,325.24 | 2/6/09 |
| LB 1Y HKD DLY ACCRL ALL SEASON COUPON AUTOCALL NOT | XS0348324988 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 850,000 / USD 109,076.45 | 2/23/09 |
| LB 1Y HKD DLY ACCRL ALL SEASON COUPON AUTOCALL NT | XS0351201651 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 600,000 / USD 76,995.14 | 3/6/09 |
| LB 1 YR HKD DLY ACC ALL SEASON AUTO CALL NTE | XS0362361593 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 800,000 / USD 102,660.19 | 5/6/09 |
| LB 1 YR HKD DLY ACCRUAL ALL SEASON COUPON AUTOCAL | XS0368588777 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 500,000 / USD 64,162.62 | 6/8/09 |
| LB 8MTH HKD DLY ACCRL ALL SEASON CPN AUTO-CALL NT | XS0369868590 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | HKD 2,500,000 / USD 320,813.10 | 2/12/09 |
| 1 YR USD DLY ACC COUPON AUTO CALL NOTE | XS0330074344 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 100,000 | 11/10/08 |
| LEHMAN BROTHERS 1 YEAR USD DAILY ACCRUAL COUPON | XS0331400456 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 280,000 | 11/17/08 |
| LEHMAN BROTHER 1 YEAR USD DAILY ACCRUAL | XS0332547099 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 240,000 | 11/24/08 |
| LEH BRO 1 YEAR USD | XS0335742663 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 70,000 | 12/12/08 |
| 1YR USD DAILY ACC ALL SEASON COUPON AUTO CALL NOTE | XS0337406036 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 70,000 | 12/22/08 |
| LEHMAN BROTHERS 1 YEAR USD DAILY ACCRUL ALL SEASON | XS0339762162 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 70,000 | 1/14/09 |
| LEHMAN BROTH 1 YEAR USD DAILY | XS0343799044 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 70,000 | 2/2/09 |
| LEHMAN BROS. 4.75 YEARS USD | XS0299702380 | Lehman Brothers | Lehman Brothers | USD 100,000 | 2/7/12 |

| ONE SHOT MONTHLY NOTE | | Treasury Co BV | Holdings Inc. | | |
|---|---|---|---|---|---|
| LEHMAN BROTHERS 4.75 YR USD ONE SHOT MTHLY AUTO CA | XS0301348420 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 150,000 | 2/17/12 |
| LEHMAN BROS 4.75 YEARS USD DAILY ACCRUAL MEMORY | XS0302819262 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 420,000 | 2/27/12 |
| LEHMAN BROS 4.75 YEARS USD ONE SHOT MONTHLY AUTO | XS0303866049 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 170,000 | 3/5/12 |
| LB 4.75 YRS USD ONE SHOT, MONTHLY AUTO CALL | XS0306148288 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 280,000 | 3/22/12 |
| LB 4.75 YEARS USD DAILY ACCRUAL ALL SEASON NOTES | XS0318362711 | Lehman Brothers Treasury Co BV | Lehman Brothers Holdings Inc. | USD 170,000 | 5/28/12 |

28474052_1

| **United States Bankruptcy Court/Southern District of New York**<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No 08-13555 (JMP)<br>(Jointly Administered) | |
|---|---|---|
| **Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009** | | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000055848<br><br>[barcode] |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Citibank (Hong Kong) Limited<br>8/F Dorset House, Taikoo Place, 979 King's Road<br>Quarry Bay, Hong Kong<br>Attention: LUM, SO FAN, FANNY<br>With copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas,<br>New York, NY 10019-6064, Attention: Douglas R. Davis<br>Telephone number: (212) 373-3000    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:                    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

**1.**   Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $    Please See Attachment         (Required)**

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

**2.**   Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):    Please See Attachment         (Required)**

**3.** Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please See Attachment                              (Required)

**4.** Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Please See Attachment                    (Required)

| **5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>OCT 2 9 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| Date.<br><br>October 15, 2009 | Signature:   The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    _____<br>Name: LUM, SO FAN, FANNY<br>Title: DIRECTOR OF WEALTH MANAGEMENT | |

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

**ATTACHMENT TO PROOF OF CLAIM OF CITIBANK (HONG KONG) LIMITED
AGAINST LEHMAN BROTHERS HOLDINGS INC.**

1.        Commencing on September 15, 2008 (the "Petition Date") and periodically

thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI,

together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11

Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*

(the "Bankruptcy Code").  The Chapter 11 Cases are being jointly administered under Chapter

11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.        On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to

Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the

Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and

Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among

other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the "Bar Date") for

each person or entity (including, without limitation, each individual, partnership, joint venture,

corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman

Programs Security, as identified on the Debtors' website, against the Debtors (the "Securities

Programs Bar Date").

3.        Citibank (Hong Kong) Limited (the "Claimant") accordingly files this Lehman

Programs Securities Proof of Claim (the "Proof of Claim") for various amounts owing to

Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a proprietary

capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or more of

Claimant's customers.[1]  As of the filing of this Proof of Claim, Claimant is the record holder of

or represents the record holder of the Lehman Programs Securities listed on Exhibit A attached

hereto.[2]

4.      Claimant is the record holder or representative of the record holder of Lehman

Programs Securities in the aggregate principal amount of USD 201,155,228, which may consist

in whole or in part of the US Dollar equivalent as of September 15, 2008 of the claims covered

hereby.  LBHI either issued, or guaranteed the full and punctual payment of all obligations

related to the Lehman Programs Securities.  Accordingly, LBHI remains liable to Claimant for

no less than USD 201,155,228 together with all accrued and unpaid interest or other return as of

September 15, 2008 (the "Lehman Programs Securities Claim").

5.      Additionally, Claimant may have acted as a direct or indirect distributor or broker

in connection with the sale and distribution of Lehman Programs Securities, including Lehman

Programs Securities not identified on Exhibit A (collectively, the "Lehman Program Securities

Issuances").  In connection with the Lehman Programs Securities Issuances, Claimant entered

into various indemnification and other agreements with the Debtors (collectively the

"Indemnification Agreements").

6.      LBHI guaranteed the obligations of numerous of LBHI's subsidiaries and

affiliates, some of which directly issued the Lehman Programs Securities.  Specifically, LBHI

issued the following guarantees:  (a) that certain Unanimous Written Consent of the Executive

Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005,

---

[1]    The Bar Date Order provides "claims based on any Lehman Program Security shall not be disallowed on the ground that such claims were
not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2]    The Bar Date Order provides "persons or entities that file claims based on any Lehman Program Security are not required to attach or
submit any documentation supporting any claim based on such Lehman Program Security." Bar Date Order at p. 14.

under which LBHI guaranteed payment of all liabilities, obligations and commitments of

numerous LBHI subsidiaries (the "LBHI Board Guarantee"); (b) that certain Guaranty dated

January 7, 2004, as amended on September 9, 2008, under which LBHI guaranteed to Citigroup

Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations

(as defined therein) of various subsidiaries of LBHI (as amended, the "January 2004

Guarantee"); (c) that certain Guaranty dated July 26, 2005, under which LBHI guaranteed to

Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all

Obligations (as defined therein) of various subsidiaries of LBHI (the "July 2005 Guarantee"); (d)

a representation from the Debtors dated April 24, 2008 specifically referencing LBHI's full

guarantee of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the

"April 2008 Guarantee Statement"); and (e) that certain Guarantee of Lehman Brothers Holdings

Inc. as addressed to Standard & Poor's Rating Services, dated January 4, 2008, under which

LBHI guaranteed payment of all liabilities, obligations and commitments of LBIE (the "S&P

Guarantee," and collectively, with the LBHI Board Guarantee, the January 2004 Guarantee, the

July 2005 Guarantee, and the April 2008 Guarantee Statement, the "LBHI Guarantees").

       7.     Claimant hereby asserts additional claims for contractual, statutory and common

law rights of indemnity, contribution, reimbursement, set-off and liability against the Debtors

and the subsidiaries and affiliates of the Debtors covered by the LBHI Guarantees arising from

the Indemnification Agreements and/or from the Lehman Programs Securities Issuances (the

"Indemnity Claims").  With respect to the Indemnity Claims, Claimant is entitled to

reimbursement by the Debtors for any and all expenses incurred by Claimant in connection with

any and all threatened, pending, completed and/or future claims, actions, suits or proceedings

and any appeal therefrom, whether civil, criminal, administrative or investigative, involving or

related to Claimant, or in which Claimant was, is or may be a party, or was, is or may become involved as a witness or third party, by reason of Claimant's participation in the Lehman Programs Securities Issuances.

8.    The amount of Claimant's contingent claims cannot be reasonably calculated or estimated at this time, but Claimant does not waive its right to seek payment from the Debtors by not currently stating a specific amount.  Claimant reserves the right to assert additional claims including the right to claim that all or any portion of the losses, claims, damages, liabilities, legal or other expenses incurred by Claimant after the Petition Date are administrative expenses entitled to priority treatment under Section 507(a)(2) of the Bankruptcy Code or otherwise.

9.    Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Securities Programs Bar Date.  Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

10.    The filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

11.    Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based

4

on the method ultimately used to value the Lehman Programs Securities referenced herein,
including, without limitation, the ultimate determination of the applicable interest or coupon rate,
or other return, or the principal-protected amount, on any Lehman Program Security.
Additionally, nothing contained in this Proof of Claim shall prejudice or limit Claimant's right to
receive any distribution with respect to the Lehman Programs Securities Claim based on any
valuation method that is ultimately used to value any Lehman Program Security.

12.     Claimant hereby expressly reserves the right to amend and/or supplement this
Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims
for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the
Petition Date; (b) claims for any future distributions or rights to distributions arising from any of
the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims
arising from the successful prosecution or settlement (if any) of any avoidance causes of action
(or any other cause of action seeking recovery of payments made to, or setoffs or nettings
effectuated by, Claimant) against Claimant whether or not related to or arising from the
transactions and agreements set forth herein.  Claimant further reserves the right to file additional
proofs of claim or applications for allowance of administrative expenses or other priority status
in this or any other proceeding arising from or related to the claims described herein, including
for treatment as provided in section 503(b) of the Bankruptcy Code.

13.     Without limiting the rights otherwise asserted in this Proof of Claim, Claimant
hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims
directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims
between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under
sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the

Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy

law or otherwise.

14.     In executing and filing this Proof of Claim, Claimant does not waive (a) any

obligation owed to Claimant under any contracts described herein and that may be attached as

exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or

any of their affiliates. Claimant further does not waive (and this Proof of Claim shall not be

deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies,

including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers

Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether

arising from or related to transactions described herein or otherwise.

15.     The filing of this Proof of Claim is not and shall not be deemed or construed as:

(a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of

the right to compel the Debtors to return property of Claimant currently in the possession of the

Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with

respect to proceedings, if any, commenced in any case against or otherwise involving Claimant;

(c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any

proceeding as to any and all matters so triable herein, whether or not the same be designated

legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding

the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2),

and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a

consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any

and all matters so triable herein or in any case, controversy, or proceeding related hereto,

pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have

any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

16.    All notices regarding this Proof of Claim should be sent to: Citibank (Hong Kong) Limited, 8/F Dorset House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong, Attention: LUM, SO FAN, FANNY, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Telephone number: (212) 373-3000, Attention: Douglas R. Davis.

7

# EXHIBIT A

## LEHMAN PROGRAMS SECURITIES

## EXHIBIT A

### CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0327847553 | 53427 | CLEARSTREAM | HKD | 20,050,000 | $2,572,921 | CA47968 |
| XS0329337850 | 53427 | CLEARSTREAM | HKD | 46,050,000 | $5,909,377 | CA47970 |
| XS0329714074 | 53427 | CLEARSTREAM | HKD | 56,450,000 | $7,243,959 | CA47969 |
| XS0328210496 | 53427 | CLEARSTREAM | HKD | 8,000,000 | $1,026,602 | CA47972 |
| XS0330074344 | 53427 | CLEARSTREAM | USD | 7,170,000 | $7,170,000 | CA47971 |
| XS0330867846 | 53427 | CLEARSTREAM | HKD | 45,950,000 | $5,896,544 | CA47967 |
| XS0331400456 | 53427 | CLEARSTREAM | USD | 13,000,000 | $13,000,000 | CA47961 |
| XS0331661172 | 53427 | CLEARSTREAM | HKD | 45,800,000 | $5,877,295 | CA47966 |
| XS0332547099 | 53427 | CLEARSTREAM | USD | 5,360,000 | $5,360,000 | CA47963 |
| XS0332546448 | 53427 | CLEARSTREAM | HKD | 19,300,000 | $2,476,677 | CA47964 |
| XS0333308632 | 53427 | CLEARSTREAM | USD | 2,580,000 | $2,580,000 | CA47959 |
| XS0334223699 | 53427 | CLEARSTREAM | HKD | 8,300,000 | $1,065,099 | CA47962 |
| XS0334702072 | 53427 | CLEARSTREAM | USD | 1,510,000 | $1,510,000 | CA47956 |
| XS0334090106 | 53427 | CLEARSTREAM | HKD | 8,000,000 | $1,026,602 | CA47958 |
| XS0334923322 | 53427 | CLEARSTREAM | HKD | 23,050,000 | $2,957,896 | CA47957 |
| XS0334090288 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA47955 |
| XS0335742663 | 53427 | CLEARSTREAM | USD | 2,480,000 | $2,480,000 | CA47954 |
| XS0336250732 | 53427 | CLEARSTREAM | HKD | 20,000,000 | $2,566,505 | CA47952 |
| XS0337406036 | 53427 | CLEARSTREAM | USD | 1,860,000 | $1,860,000 | CA47951 |
| XS0336644199 | 53427 | CLEARSTREAM | USD | 2,740,000 | $2,740,000 | CA47953 |
| XS0338330672 | 53427 | CLEARSTREAM | HKD | 18,300,000 | $2,348,352 | CA48186 |
| XS0338676629 | 53427 | CLEARSTREAM | USD | 800,000 | $800,000 | CA48187 |
| XS0339221912 | 53427 | CLEARSTREAM | HKD | 25,250,000 | $3,240,212 | CA48185 |

## EXHIBIT A

### CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0339762162 | 53427 | CLEARSTREAM | USD | 2,420,000 | $2,420,000 | CA48184 |
| XS0341733110 | 53427 | CLEARSTREAM | HKD | 36,900,000 | $4,735,201 | CA48181 |
| XS0342399754 | 53427 | CLEARSTREAM | USD | 3,030,000 | $3,030,000 | CA48311 |
| XS0343799044 | 53427 | CLEARSTREAM | USD | 950,000 | $950,000 | CA48182 |
| XS0342989554 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA48179 |
| XS0344102164 | 53427 | CLEARSTREAM | HKD | 9,800,000 | $1,257,587 | CA48178 |
| XS0345814874 | 53427 | CLEARSTREAM | HKD | 25,800,000 | $3,310,791 | CA48176 |
| XS0348324988 | 53427 | CLEARSTREAM | HKD | 54,850,000 | $7,038,639 | CA48175 |
| XS0349154152 | 53427 | CLEARSTREAM | USD | 3,460,000 | $3,460,000 | CA48177 |
| XS0348406876 | 53427 | CLEARSTREAM | USD | 1,020,000 | $1,020,000 | CA48173 |
| XS0351201651 | 53427 | CLEARSTREAM | HKD | 39,450,000 | $5,062,430 | CA48172 |
| XS0362181934 | 53427 | CLEARSTREAM | USD | 8,030,000 | $8,030,000 | CA48174 |
| XS0362361593 | 53427 | CLEARSTREAM | HKD | 26,750,000 | $3,432,700 | CA48170 |
| XS0364226299 | 53427 | CLEARSTREAM | HKD | 11,300,000 | $1,450,075 | CA48169 |
| XS0366859485 | 53427 | CLEARSTREAM | USD | 2,200,000 | $2,200,000 | CA48168 |
| XS0365916252 | 53427 | CLEARSTREAM | USD | 1,000,000 | $1,000,000 | CA48171 |
| XS0367878997 | 53427 | CLEARSTREAM | HKD | 15,250,000 | $1,956,960 | CA48167 |
| XS0369514947 | 53427 | CLEARSTREAM | USD | 1,850,000 | $1,850,000 | CA48430 |
| XS0368588777 | 53427 | CLEARSTREAM | HKD | 44,500,000 | $5,710,473 | CA48429 |
| XS0369868590 | 53427 | CLEARSTREAM | HKD | 72,150,000 | $9,258,665 | CA48426 |
| XS0334088118 | 53427 | CLEARSTREAM | GBP | 700,000 | $1,252,230 | CA48427 |
| XS0336928030 | 53427 | CLEARSTREAM | HKD | 28,600,000 | $3,670,102 | CA48423 |
| XS0294545669 | 53427 | CLEARSTREAM | USD | 880,000 | $880,000 | CA49232 |

# EXHIBIT A

## CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0299702380 | 53427 | CLEARSTREAM | USD | 4,620,000 | $4,620,000 | CA48421 |
| XS0301348420 | 53427 | CLEARSTREAM | USD | 6,960,000 | $6,960,000 | CA48422 |
| XS0302819262 | 53427 | CLEARSTREAM | USD | 3,370,000 | $3,370,000 | CA48420 |
| XS0303866049 | 53427 | CLEARSTREAM | USD | 1,970,000 | $1,970,000 | CA48410 |
| XS0306148288 | 53427 | CLEARSTREAM | USD | 2,980,000 | $2,980,000 | CA48419 |
| XS0310085492 | 53427 | CLEARSTREAM | USD | 5,330,000 | $5,330,000 | CA48409 |
| XS0312196123 | 53427 | CLEARSTREAM | AUD | 1,650,000 | $1,330,230 | CA48408 |
| XS0318362711 | 53427 | CLEARSTREAM | USD | 1,640,000 | $1,640,000 | CA48417 |
| XS0318538260 | 53427 | CLEARSTREAM | AUD | 6,000,000 | $4,837,200 | CA48418 |
| XS0319159538 | 53427 | CLEARSTREAM | NZD | 1,380,000 | $906,798 | CA48406 |
| XS0320033201 | 53427 | CLEARSTREAM | AUD | 5,590,000 | $4,506,658 | CA48405 |
| XS0324476869 | 53427 | CLEARSTREAM | NZD | 1,650,000 | $1,084,215 | CA48407 |
| XS0329337850 | 82104 | CLEARSTREAM | HKD | 2,000,000 | $256,650 | CA47876 |
| XS0330074344 | 82104 | CLEARSTREAM | USD | 100,000 | $100,000 | CA47877 |
| XS0330867846 | 82104 | CLEARSTREAM | HKD | 2,050,000 | $263,067 | CA47875 |
| XS0331400456 | 82104 | CLEARSTREAM | USD | 210,000 | $210,000 | CA47874 |
| XS0332547099 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47873 |
| XS0332546448 | 82104 | CLEARSTREAM | HKD | 1,200,000 | $153,990 | CA47870 |
| XS0334223699 | 82104 | CLEARSTREAM | HKD | 1,000,000 | $128,325 | CA47872 |
| XS0336250732 | 82104 | CLEARSTREAM | HKD | 800,000 | $102,660 | CA47871 |
| XS0337406036 | 82104 | CLEARSTREAM | USD | 140,000 | $140,000 | CA47867 |
| XS0339221912 | 82104 | CLEARSTREAM | HKD | 1,300,000 | $166,823 | CA47868 |
| XS0341733110 | 82104 | CLEARSTREAM | HKD | 1,800,000 | $230,985 | CA47869 |

# EXHIBIT A

## CREDITOR - CITIBANK (HONG KONG) LIMITED

| ISIN | DEPOSITORY PARTICIPANT ACCOUNT NUMBER | DEPOSITORY | CURRENCY | PRINCIPAL AMOUNT | CONVERTED PRINCIPAL AMOUNT IN US DOLLARS* | DEPOSITORY BLOCKING REFERENCE NUMBER |
|---|---|---|---|---|---|---|
| XS0345814874 | 82104 | CLEARSTREAM | HKD | 6,100,000 | $782,784 | CA47865 |
| XS0348324988 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47864 |
| XS0349154152 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47866 |
| XS0351201651 | 82104 | CLEARSTREAM | HKD | 1,500,000 | $192,488 | CA47863 |
| XS0362361593 | 82104 | CLEARSTREAM | HKD | 1,000,000 | $128,325 | CA48602 |
| XS0364226299 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47802 |
| XS0366859485 | 82104 | CLEARSTREAM | USD | 140,000 | $140,000 | CA47801 |
| XS0368588777 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47798 |
| XS0369868590 | 82104 | CLEARSTREAM | HKD | 3,700,000 | $474,803 | CA47797 |
| XS0336928030 | 82104 | CLEARSTREAM | HKD | 500,000 | $64,163 | CA47799 |
| XS0301348420 | 82104 | CLEARSTREAM | USD | 330,000 | $330,000 | CA47800 |
| XS0302819262 | 82104 | CLEARSTREAM | USD | 200,000 | $200,000 | CA47795 |
| XS0303866049 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47796 |
| XS0306148288 | 82104 | CLEARSTREAM | USD | 240,000 | $240,000 | CA47792 |
| XS0310085492 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47794 |
| XS0312196123 | 82104 | CLEARSTREAM | AUD | 110,000 | $88,682 | CA47793 |
| XS0318362711 | 82104 | CLEARSTREAM | USD | 70,000 | $70,000 | CA47791 |
| | | | | TOTAL: | $201,155,228 | |

* Principal Amount in U.S. Dollars is based upon the following exchange rates as of September 15, 2008 - 0.8062 U.S. Dollars per Australian Dollar, 1.7889 U.S. Dollars per British Pound, 7.7927 Hong Kong Dollars per U.S. Dollar and 0.6571 U.S. Dollars per New Zealand Dollar.

**H
A
N
D

D
E
L
I
V
E
R
Y**

TP
_____
RECEIVED BY:

10-29-09
_____
DATE

4:51 PM
_____
TIME