B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,   Case No. 08-13555 (JMP)
                                                (Jointly Administered)
                    Debtors.

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Goldman, Sachs & Co. | Banco Banif, S.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

Court Claim # (if known): 66962 (23.00063932% of such claim), which amends Court Claim #51582

Amount of Claim Transferred: $151,213,750.00

Amount of Claim as Filed: $657,432,812.50

Date Claim Filed: 7/28/2010

Debtor: Lehman Brothers Holdings Inc.

Phone:_____
Last Four Digits of Acct #:_____

Phone:_____
Last Four Digits of Acct. #:_____

Name and Address where transferee payments should be sent (if different from above):

Phone:_____
Last Four Digits of Acct #:_____

699733.1 153/05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Goldman, Sachs & Co.

By: _____  Dennis Lafferty
Transferee/Transferee's Agent   Managing Director

Date: 1/4/12

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

699733.1 153/05435

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## UNDER LEHMAN PROGRAM SECURITIES

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Banco Banif, S.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman, Sachs & Co.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amounts** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **66962**, which amends Proof of Claim Number **51582**, each filed by or on behalf of **Seller** (collectively, the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011). Seller does not give any representation or warranty, either implied or express, other than the ones contained in this Agreement and Evidence of Partial Transfer of Claim.



3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing

694992v.3

that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Without limiting the effect of any representation or warranty expressly contained in this Agreement, Seller makes no representation or warranty with respect to whether the Transferred Claims will ultimately be allowed by the Bankruptcy Court. Purchaser is aware that the purchase price paid to Seller may be more or less than the amount ultimately distributed with respect to the Transferred Claims and that such amount may not be determined after confirmation of a plan of reorganization.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this 14 day of Dec 2011.

BANCO BANIF, S.A.

By: _____
Name: EDUARDO SUAREZ
Title: CEO

Paseo de la Castellana, 53
28046 Madrid, Spain
Attn: Ms. Cristina Porres de Mateo/
      Ms. Elena Diaz Latorre

GOLDMAN, SACHS & CO.

By: _____
Name: [illegible]
Title: Managing Director

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

694992v.3

Schedule 1

Transferred Claims

Purchased Claim

(1) 100% of XS0284511994 = USD 87,814,125.00 of USD 87,814,125.00 (the outstanding principal amount of XS0284511994 as described in the Proof of Claim), plus all interest related thereto,

(2) 100% of XS0288341448 = USD 12,856,725.00 of USD 12,856,725.00 (the outstanding principal amount of XS0288341448 as described in the Proof of Claim), plus all interest related thereto,

(3) 100% of XS0284892261 = USD 4,039,875.00 of USD 4,039,875.00 (the outstanding principal amount of XS0284892261 as described in the Proof of Claim), plus all interest related thereto,

(4) 100% of XS0303838006 = USD 8,320,725.00 of USD 8,320,725.00 (the outstanding principal amount of XS0303838006 as described in the Proof of Claim), plus all interest related thereto,

(5) 100% of XS0289261546 = USD 250,000.00 of USD 250,000.00 (the outstanding principal amount of XS0289261546 as described in the Proof of Claim), plus all interest related thereto,

(6) 100% of XS0283820065 = USD 6,109,425.00 of USD 6,109,425.00 (the outstanding principal amount of XS0283820065 as described in the Proof of Claim), plus all interest related thereto,

(7) 100% of XS0289253287 = USD 7,215,075.00 of USD 7,215,075.00 (the outstanding principal amount of XS0289253287 as described in the Proof of Claim), plus all interest related thereto,

(8) 100% of XS0290250454 = USD 3,756,375.00 of USD 3,756,375.00 (the outstanding principal amount of XS0290250454 as described in the Proof of Claim), plus all interest related thereto,

(9) 100% of XS0290251007 = USD 16,315,425.00 of USD 16,315,425.00 (the outstanding principal amount of XS0290251007 as described in the Proof of Claim), plus all interest related thereto, and

(10) 100% of XS0291347234 = USD 4,536,000.00 of USD 4,536,000.00 (the outstanding principal amount of XS0291347234 as described in the Proof of Claim), plus all interest related thereto.

(TOTAL) which, in the aggregate, equals 23.00006393 2% of the Proof of Claim = USD 151,213,750.00 of USD 657,432,812.50 (the outstanding amount of the Proof of Claim), plus all interest related thereto.

694992 v.3

Lehman Programs Securities to which Transfer Relates

| | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity (DD/MM/YYYY) |
|---|---|---|---|---|---|---|
| 1. | Lehman Program Security | XS0284511994 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 61,950,000 (equivalent to USD 87,814,125.00) | 02/07/14 |
| 2. | Lehman Program Security | XS0283341448 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 9,070,000 (equivalent to USD 12,856,725.00) | 02/23/14 |
| 3. | Lehman Program Security | XS0284892261 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,850,000 (equivalent to USD 4,039,875.00) | 02/08/14 |
| 4. | Lehman Program Security | XS0303838006 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,870,000 (equivalent to USD 8,320,725.00) | 06/13/14 |
| 5. | Lehman Program Security | XS0289261546 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 250,000.00 | 03/31/14 |
| 6. | Lehman Program Security | XS0283820065 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 4,310,000 (equivalent to USD 6,109,425.00) | 01/30/12 |
| 7. | Lehman Program Security | XS0289253287 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 5,090,000 (equivalent to USD 7,215,075.00) | 03/22/12 |
| 8. | Lehman Program Security | XS0290250454 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,650,000 (equivalent to USD 3,756,375.00) | 03/13/12 |
| 9. | Lehman Program Security | XS0290251007 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 11,510,000 (equivalent to USD 16,315,425.00) | 03/13/12 |
| 10. | Lehman Program Security | XS0291347234 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,200,000 (equivalent to USD 4,536,000.00) | 03/20/12 |
| | | | | TOTAL | USD 151,213,750.00 | |



694992v.3