**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
Joseph D. Pizzurro
L. P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney

*Counsel for Debtors and Debtors- in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    08-13555 (JMP)
                                                  :
              Debtors.                            :    (Jointly Administered)
-----------------------------------------------------------------x

**STIPULATION AND AGREED ORDER RESOLVING A PORTION OF
OBJECTION TO CLAIM NOS. 22886, 23011, AND 23024
(DUPLICATIVE OF INDENTURE TRUSTEE CLAIM)**

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors as debtors and debtors in possession (collectively, the "Debtors") and the Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A., JPMorgan Intermediate Bond Trust and Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A (collectively, the "Funds," and together with the Debtors, the "Parties"), by and through their respective attorneys, hereby stipulate as follows:

**RECITALS**

A.      Pursuant to the Debtors' Objection to Claim Nos. 22886, 23011 and 23024 (Duplicative of Indenture Trustee Claims), dated October 13, 2011 [Docket No. 20836] (the "Objection to Claims"), the Debtors in the above-referenced chapter 11 cases seek entry of an

order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], disallowing and expunging the Duplicative Claims[1] on the grounds that such claims for Subordinated Notes are duplicative of the corresponding Indenture Trustee Claim, all as more fully described in the Objection to Claims.

      B.      Bank of New York, in its capacity as indenture trustee, filed the Indenture Trustee Claim on behalf of itself and the holders of the Subordinated Notes, including the Funds, for claims that arise under or in connection with the Indenture.

      C.      The Funds filed proof of claim numbers 22886, 23011 and 23024 (the "Fund Proofs of Claim") for, among other things, claims based upon their status as holders of Subordinated Notes.

      D.      The Fund Proofs of Claim purport to include claims asserted by the Funds pursuant to the Guaranty executed by LBHI dated as of September 9, 2008 (the "Guaranty Claims"). Each of the Fund Proofs of Claim purports to include Guaranty Claims ("Subordinated Note Guaranty Claims") with respect to the indebtedness evidenced by the Subordinated Notes that gave rise to the Duplicative Claims.

      E.      On November 14, 2011 the Funds filed a response to the Objection to Claims [Docket No. 22053] (the "Response") arguing that the Subordinated Note Guaranty Claims are not duplicative of the Indenture Trustee Claim.

      F.      On November 28, 2011, the Debtors filed a reply to the Response [Docket No. 22691].

---

[1] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Objection to Claims.

2

G. The hearing on the Objection to Claims, originally scheduled for November 30, 2011 was adjourned to provide the Parties with additional time to attempt to reach a consensual resolution related to certain aspects of the Objection to Claims that concern the Subordinated Note Distribution (as defined below).

H. Pursuant to Section 6.4 of the Modified Third Amended Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), distributions on account of the Subordinated Notes shall be distributed to Classes 3, 4A, 4B and 5 (the "Subordinated Note Distribution").

I. Pursuant to the Collateral Disposition Agreement dated as of March 16, 2010 (the "CDA"), LBHI provisionally paid $250,000 (the face amount of the Subordinated Notes held by the Funds) on account of such Subordinated Notes.

J. As a result of the Subordinated Note Distribution, if the Subordinated Note Guaranty Claims and the Duplicative Claims are not disallowed and expunged prior to the Debtors making a distribution under the Plan, the Debtors will be irrevocably making a double payment in the amount of the Subordinated Note Distribution on account of the Funds' claims related to the Subordinated Notes.

**AGREEMENT**

NOW THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1. In applying Paragraph 6 of the CDA, the Disgorgement Amount (as such term is defined in the CDA) with respect to the Funds' claims related to the Subordinated Notes shall in no event be less than the amount of the Subordinated Note Distribution on account of the Funds' claims related to the Subordinated Notes.

3

2. The Funds' claims related to the Subordinated Notes will be reserved at zero for purposes of making distributions pursuant to the Plan.

3. The Funds shall be entitled to file a responsive pleading addressing the arguments raised in the Reply no later than January 10, 2012 (the "January 10th Pleading").

4. The Debtors shall be entitled to file an additional pleading in response to the January 10th Pleading no later than January 23, 2012.

5. A hearing on the Objection to Claims shall be scheduled for January 26, 2012 or as soon thereafter as counsel may be heard.

6. The Debtors make no admission as to the validity or enforceability of any purported guarantees in favor of JPMorgan Chase Bank, N.A., including the above-referenced Guaranty Claims and Subordinated Note Guaranty Claims, nor do the Debtors make any admission as to the execution of said guarantees. The Funds retain all of their rights and defenses with respect to the matters described in the preceding sentence.

7. Nothing in this Stipulation, Agreement and Order shall be construed as an admission by the Debtors of any right, claim, or argument with respect to any purported guarantees in favor of JPMorgan Chase Bank, N.A., including the alleged Guaranty Claims and Subordinated Note Guaranty Claims. The Funds retain all of their rights and defenses with respect to the matters described in the preceding sentence.

8. The terms and conditions of this Stipulation, Agreement and Order, and the Parties' respective obligations hereunder, shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

9. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors.

10. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

11. The Funds consent to this Court's jurisdiction solely for the purpose of the enforcement of this Stipulation, Agreement and Order and adjudicating the Objection.

12. No amendment, waiver, or modification of any provision of this Stipulation, Agreement and Order shall be effective unless the same shall be in writing and signed by the Funds and the Debtors.

13. This Stipulation, Agreement and Order may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument. This Stipulation, Agreement and Order may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

[*Remainder of page left intentionally blank.*]

14. This Stipulation, Agreement and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: December 13, 2011
New York, New York

| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **BINGHAM MCCUTCHEN LLP** |
|---|---|
| By: */s/ L. P. Harrison 3rd*<br>Joseph D. Pizzurro<br>L. P. Harrison 3rd<br>Michael J. Moscato<br>Nancy E. Delaney<br>101 Park Avenue<br>New York, New York 10178-0061<br>(212) 696-6000 | By: */s/ Jared R. Clark*<br>Jared R. Clark<br>399 Park Avenue<br>New York, New York 10022-4689<br>(212) 705-7000<br><br>*Counsel for the Funds* |

*Counsel for Debtors and Debtors-in-Possession*

**SO ORDERED:**

Date: New York, New York
January 4, 2012

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

6