**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re　　　　　　　　　　　　　　　　　　　　　　　:　　Chapter 11 Case No.
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*　　:　　08-13555 (JMP)
:
　　　　　　　　　　　　　　　　Debtors.　　:　　(Jointly Administered)
:
------------------------------------------------------------------x

### SUPPLEMENTAL ORDER REINSTATING CLAIM ON ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

WHEREAS on May 28, 2009, Stephen Lukow and Yumiko Yoshikawa (the "Claimants") filed a proof of claim numbered 4673 (the "Original Claim") against Lehman Brothers Holdings Inc. ("LBHI") in the amount of $70,000;

WHEREAS on September 2, 2009, Wilmington Trust Company, as Indenture Trustee, filed a proof of claim numbered 10082 (the "Trustee Claim"), which included as a basis for relief securities with CUSIP No. 5252M0FR3;

WHEREAS on September 3, 2009, the Claimants filed a proof of claim numbered 10186 (the "Amended Claim") in the amount of $82,500 against LBHI amending the Original Claim;

WHEREAS LBHI and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Second Omnibus Objection to Claims (Amended and Superseded Claims)*, dated January 29, 2010 [ECF No. 6874] (the "Second Omnibus Objection to Claims");

WHEREAS the Second Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge the Original Claim on the grounds that the Original Claim was duplicative of the Amended Claim, all as more fully described in the Second Omnibus Objection to Claims;

WHEREAS on March 25, 2010, the Court entered an order, [ECF No. 7827], granting the relief requested in the Second Omnibus Objection to Claims and expunging the Original Claim;

WHEREAS the Debtors filed the *Debtors' Twenty-First Omnibus Objection to Claims (Duplicative Claims)*, dated June 17, 2010 [ECF No. 9659] (the "Twenty-First Omnibus Objection to Claims");

WHEREAS the Twenty-First Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge the Amended Claim as duplicative of the Trustee Claim, all as more fully described in the Twenty-First Omnibus Objection to Claims;

WHEREAS on September 21, 2010, the Court entered an order [ECF No. 11506] (the "Order") granting the relief requested in the Twenty-First Omnibus Objection to Claims and causing the Amended Claim to be disallowed and expunged;

WHEREAS after entry of the Order and after consultation with the Claimants, the Debtors determined that the Order was entered in error with respect to the Amended Claim, as the Amended Claim is only partially duplicative of the Trustee Claim.

2

**IT IS HEREBY**:

ORDERED that the Twenty-First Omnibus Objection to Claims is withdrawn without prejudice as to the Amended Claim solely as to the portion of it seeking to recover $62,500 for "LBH SCF Notes" with CUSIP No. 524908WD8 (the "<u>Reinstated Claim Portion</u>") and without prejudice to assertion by the Debtors of any objections to the Reinstated Claim Portion in the future; and it is further

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate the Reinstated Claim Portion on the Debtors' official claims register; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to the Reinstated Claim Portion are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to the Reinstated Claim Portion, this Supplemental Order shall have no effect whatsoever on any claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated:  New York, New York
        January 5, 2012

*s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE