UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                                :
            Debtors.                            :    (Jointly Administered)
                                                :
------------------------------------------------------------------x

## SUPPLEMENTAL ORDER REINSTATING CLAIM ON ORDER GRANTING DEBTORS' TWO HUNDREDTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

WHEREAS on August 3, 2009, Winsome E. McDonald (the "Claimant") filed a proof of claim numbered 7163 ("Claim 7163") in the amount of $894.92;

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the *Debtors' Two Hundredth Omnibus Objection to Claims (No Liability Claims)*, dated September 13, 2011 [ECF No. 19921] (the "Two Hundredth Omnibus Objection to Claims");

WHEREAS the Two Hundredth Omnibus Objection to Claims sought, pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge Claim 7163 on the basis that the Debtors do not have liability for same, all as more fully described in the Two Hundredth Omnibus Objection to Claims;

WHEREAS after the hearing on the Two Hundredth Omnibus Objection to Claims held on October 27, 2011, the Court entered an order (the "Order") [ECF No.

21354] granting the relief requested in the Two Hundredth Omnibus Objection to Claims and causing Claim 7163 to be disallowed and expunged;

WHEREAS after entry of the Order, the Debtors determined that the Claimant had submitted a timely response to the Two Hundredth Omnibus Objection to Claims;

WHEREAS had the Debtors been aware of the Claimant's response prior to entry of the Order, the Debtors would have adjourned the hearing on the Two Hundredth Omnibus Objection to Claims as to Claim 7163.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate Claim 7163 on the Debtors' official claims register; and it is further

ORDERED that the Two Hundredth Omnibus Objection to Claims is adjourned as to Claim 7163; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to Claim 7163 are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to Claim 7163, this Supplemental Order shall have no effect whatsoever on any claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: New York, New York
January 5, 2012

       *s/ James M. Peck*
UNITED STATES BANKRUPTCY JUDGE