UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
            Debtors.                                           :    (Jointly Administered)
---------------------------------------------------------------x
                                                               :
In re                                                          :
                                                               :
LEHMAN BROTHERS INC.,                                          :    Case No. 08-01420 (JMP) SIPA
                                                               :
            Debtor.                                            :
---------------------------------------------------------------x

**STIPULATION AND ORDER IN
CONNECTION WITH THE RETURN TO LEHMAN BROTHERS
SPECIAL FINANCING INC. OF POST-PETITION MISDIRECTED TRANSFER**

This stipulation and order (the "Stipulation and Order") is entered into by and among Lehman Brothers Special Financing Inc. ("LBSF"), James W. Giddens, as Trustee (the "Trustee") for the liquidation of Lehman Brothers Inc. ("LBI") pursuant to the Securities Investor Protection Act of 1970 (the "SIPA"), Aberdeen Investment Management Australia Limited ("AIMAL"), Aberdeen Asset Management Limited ("AAML"), and AAML as investment manager for Workers Compensation Nominal Insurer on behalf of the Workers Compensation Insurance Fund (the "Investment Manager," collectively with LBSF, the Trustee, AIMAL and AAML, the "Parties"):

**RECITALS**

A.    On November 1, 2005, AIMAL (f/k/a Credit Suisse Asset Management (Australia) Limited) entered into an investment management agreement with Workers Compensation Nominal Insurer ("WCNI") to manage the Workers Compensation Insurance Fund ("WCIF"). On September 8, 2010, AIMAL, WCNI, and AAML entered into a novation

agreement pursuant to which the investment management agreement was novated to AAML effective as of October 1, 2010.

B.  On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. and certain of its subsidiaries (collectively, the "Debtors"), including LBSF, commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

C.  On September 19, 2008, a proceeding was commenced under the SIPA with respect to LBI. The Trustee is administering LBI's estate.

D.  Following the Commencement Date, State Street Australia Ltd. (on instructions of AIMAL acting as investment manager) sent a wire transfer of AUD 2,964,664.44 (the "Closeout Amount") to LBI Account #265041-00001 at Australia & New Zealand Bank Melbourne (the "Receiving Bank") as the settlement amount detailed in the letter from AIMAL, dated October 17, 2008.  The Closeout Amount should have been sent to LBSF.

E.  Thereafter, LBSF notified the Trustee and represented that the Closeout Amount had been transferred to LBI in error and should have been transferred to a LBSF account.

F.  Following receipt from LBSF of information concerning the Closeout Amount and a request to return the Closeout Amount (collectively, the "Request Documents"), the Trustee conducted an investigation and, in consultation with his professional advisors, determined that the Closeout Amount had in fact been misdirected and that LBI should turn over the Closeout Amount to LBSF.

**NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS SET FORTH BELOW, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO THAT:**

1. This Stipulation and Order shall have no force or effect unless and until the date so approved and entered by the Court (the "Effective Date").

2. Within three (3) business days of the Effective Date, the Trustee shall instruct the Receiving Bank to transfer the Closeout Amount to LBSF without delay in accordance with the wire instructions provided by LBSF.

3. Upon LBSF's receipt of the Closeout Amount, AIMAL, AAML, WCNI, WCIF and LBSF and their respective agents, employees, principals, professionals, successors, and assigns shall be deemed to have waived and released any claims they might have against the Trustee, his professionals, successors and assigns, LBI's estate and the Securities Investor Protection Corporation ("SIPC") with respect to the Closeout Amount, including, without limitation, any claims for interest, costs and attorneys fees.

4. Upon LBSF's receipt of the Closeout Amount, the Trustee, LBI's estate, the Trustee's professionals and agents, and SIPC shall be deemed to have waived and released any claims they might have against LBSF, AIMAL, AAML, WCNI, WCIF, and their respective agents, employees, principals, professionals, successors, and assigns with respect to the Closeout Amount, including, without limitation, any claims for interest, costs and attorneys fees.

5. The Trustee is authorized to rely on the truth and accuracy of the representations in this Stipulation and Order and the Request Documents, and LBSF, AIMAL, AAML, WCNI, WCIF acknowledge that the Trustee can refuse to deliver, or seek the return of, the Closeout Amount if these representations are not true and correct.

6. LBSF agrees to indemnify the Trustee, LBI's estate, the Trustee's professionals and agents and SIPC against any liabilities and expenses they may incur for any claim made against any of them (including, without limitation, any claim made by them to recover these

funds), relating to or arising out of any material misrepresentation made by LBSF or on LBSF's behalf in this Stipulation and Order, the Request Documents, or in connection with the return of the Closeout Amount.

7. LBSF acknowledges that the funds transferred initially by AIMAL as investment manager to LBI, and by LBI to LBSF under this Stipulation and Order, are sufficient to satisfy all amounts owed to LBSF in connection with the transaction underlying the Closeout Amount.

8. Except as provided in paragraphs 4, 5 and 6, the Trustee, AIMAL, AAML, WCNI, WCIF, and LBSF expressly reserve all of their rights and defenses with respect to any other claims each might have against the other.

9. Notwithstanding the proposed return of the Closeout Amount pursuant to this Stipulation and Order, nothing herein shall be construed to prejudice the Trustee's rights in any way whatsoever to determine whether any other funds have been misdirected and must be returned or to require the Trustee to seek court approval to return misdirected funds. The Trustee expressly reserves all of his rights with respect to all other funds alleged to have been misdirected.

10. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

11. This Stipulation and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

12. Each individual signing this Stipulation and Order on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is authorized to execute this Stipulation and Order in his/her representative capacity, as reflected below and on behalf of the party indicated.

13. This Stipulation and Order shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code or the SIPA apply, without regard to New York's rules governing conflicts of laws.

14. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

Dated: December 14, 2011

| **WEIL, GOTSHAL & MANGES LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| /s/ Jacqueline Marcus | /s/ Daniel S. Lubell |
| Jacqueline Marcus | Daniel S. Lubell |
| Robert J. Lemons | Jeffrey S. Margolin |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| Attorneys for Debtors and Debtors in Possession | Counsel to James W. Giddens, Trustee for the SIPA liquidation of the Business of Lehman Brothers Inc. |

**ABERDEEN ASSET MANAGEMENT LIMITED**

By: /s/ Brett Jollie
Name: Brett Jollie
Title: Director

By: /s/ Victor Rodriquez
Name: Victor Rodriquez
Title: Director

**ABERDEEN ASSET MANAGEMENT LIMITED AS INVESTMENT MANAGER FOR WORKERS COMPENSATION NOMINAL INSURER ON BEHALF OF THE WORKERS COMPENSATION INSURANCE FUND**

By: /s/ Brett Jollie
Name: Brett Jollie
Title: Director

By: /s/ Victor Rodriquez
Name: Victor Rodriquez
Title: Director

5

**ABERDEEN INVESTMENT
MANAGEMENT AUSTRALIA LIMITED**

By: /s/ Brett Jollie
Name: Brett Jollie
Title: Director

By: /s/ Victor Rodriquez
Name: Victor Rodriquez
Title: Director


**SO ORDERED:**

Dated: New York, New York
January 6, 2012

                                                  *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge