**HEARING DATE AND TIME: February 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 6, 2012 at 4:00 p.m. (Eastern Time)**

> # THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED FORTY-NINE OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).
>
> # IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT (214) 746-7700.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on January 6, 2012, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred forty-ninth omnibus objection to claims (the "Two Hundred Forty-Ninth Omnibus Objection to Claims"), and that a hearing (the

US_ACTIVE:\43890946\03\58399.0008

"Hearing") to consider the Two Hundred Forty-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 22, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Forty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.);

so as to be so filed and received by no later than **February 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Forty-Ninth Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Forty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  January 6, 2012
          New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: February 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :     08-13555 (JMP)
                                               :
                          Debtors.             :     (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' TWO HUNDRED FORTY-NINTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT (214) 746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1. The Debtors file this two hundred forty-ninth omnibus objection to claims (the "Two Hundred Forty-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Debtors have examined the proofs of claim identified on Exhibit A and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are duplicative, either entirely or in substance, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Debtors seek the disallowance and expungement from the Court's claims register of the Duplicative Claims and preservation of the Debtors' right to later object to any Surviving Claim on any basis.

3. This Two Hundred Forty-Ninth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding

with respect to any of the Surviving Claims. Further, the Debtors reserve all their rights to object on any basis to any Duplicative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.  On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

**<u>The Duplicative Claims Should Be Disallowed and Expunged</u>**

9.  In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on <u>Exhibit A</u> as Duplicative Claims that are either exact duplicates or are in substance duplicates of the corresponding Surviving Claims. Specifically, the Duplicative Claims were filed by the same claimants against the same Debtors, in most instances for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the

same debtors. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12.    The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13.    Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Duplicative Claims listed on <u>Exhibit A</u>.[1] The Surviving Claims will remain on the claims register subject to further objections on any basis.

### Notice

14.    No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Forty-Ninth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

---

[1] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 6, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 249: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | AVIVA PREVIDENZA, S.P.A<br>C/O MARK SHERRILL, SUTHERLAND ASBILL & BRENNAN LLP<br>1275 PENNSYLVANIA AVENUE, NW<br>WASHINGTON, DC 20004 | 12/16/2011 | 08-13555 (JMP) | 67801 | $14,139,773.50 | AVIVA PREVIDENZA S.P.A.<br>C/O MARK D. SHERRILL<br>SUTHERLAND ASBILL & BRENNAN LLP<br>1275 PENNSYLVANIA AVENUE, NW<br>WASHINGTON, DC 20004 | 12/08/2009 | 08-13555 (JMP) | 65875 | $14,066,316.04 |
| 2 | BERG, ROBERT<br>WOLDER STRABE 31A<br>KNORRENDORF OT KASTORF, 17091<br>GERMANY | 12/22/2011 | 08-13555 (JMP) | 67811 | $1,404.89 | BERG, ROBERT<br>WOLDER STRASSE 31A<br>KNORRENDORF OT KASTORF, 17091<br>GERMANY | 10/05/2009 | 08-13555 (JMP) | 36299 | $2,883.98 |
| 3 | DE HEER A.G.A. REEF<br>EMMASTRAAT 69<br>OLDENZAAL, BA 7573<br>NETHERLANDS | 12/08/2011 | 08-13555 (JMP) | 67785 | $169,812.00 | REEF, A.G.A.<br>EMMASTRAAT 69<br>OLDENZAAL, 7573 BA<br>NETHERLANDS | 11/02/2009 | 08-13555 (JMP) | 63057 | $169,812.00 |
| 4 | DEELEN, A.D.<br>BRUGWEG 96A<br>LA WADDINXVEEN, 2741<br>NETHERLANDS | 12/19/2011 | 08-13555 (JMP) | 67804 | $100,472.00 | DEELEN, A.D.<br>BRUGWEG 96A<br>WADDINXVEEN, 2741 LA<br>NETHERLANDS | 10/27/2009 | 08-13555 (JMP) | 49313 | $100,472.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 249: EXHIBIT A – DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 5 | PRICEWATERHOUSECOOPERS AG, ZURICH<br>ATTN: DR. CHRISTIANA SUHR BRUNNER<br>BANKRUPTCY LIQUIDATOR AND FOREIGN REPRESENTATIVE<br>LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION A/K/A LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION<br>ZURICH, 8006<br>SWITZERLAND | 12/13/2011 | 08-13555 (JMP) | 67799 | $132,079,209.73* | PRICEWATERHOUSECOOPERS AG, ZURICH<br>ATTN:DR. CHRISTIANA SUHR BRUNNER<br>BANKRUPTCY LIQUIDATOR AND FOREIGN REPRESENTATIVE<br>LEHMAN BROTHERS FINANCE AG, IN LIQUIDATION A/K/A LEHMAN BROTHERS FINANCE SA, IN LIQUIDATION<br>ZURICH, 8006 | 12/13/2011 | 08-13555 (JMP) | 67798 | $132,079,209.73* |
| 6 | TORONTO-DOMINION BANK, THE<br>C/O PATRICK L. HAYDEN<br>MCGUIREWOODS LLP<br>1345 AVE. OF THE AMERICAS, 7TH FLOOR<br>NEW YORK, NY 10105 | 12/05/2011 | 08-13888 (JMP) | 67754 | $40,596,803.97 | TORONTO-DOMINION BANK, THE<br>C/O PATRICK L. HAYDEN<br>MCGUIREWOODS LLP<br>1345 AVE. OF THE AMERICAS, 7TH FLOOR<br>NEW YORK, NY 10105 | 12/05/2011 | 08-13888 (JMP) | 67761 | $40,596,803.97 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 249: EXHIBIT A – DUPLICATIVE CLAIMS

| | **CLAIMS TO BE DISALLOWED** | | | | **SURVIVING CLAIMS** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 7 | TORONTO-DOMINION BANK, THE<br>C/O PATRICK L. HAYDEN<br>MCGUIREWOODS LLP<br>1345 AVE. OF THE AMERICAS, 7TH FLOOR<br>NEW YORK, NY 10105 | 12/05/2011 | 08-13555 (JMP) | 67762 | $40,596,803.97* | TORONTO-DOMINION BANK, THE<br>C/O PATRICK L. HAYDEN<br>MCGUIREWOODS LLP<br>1345 AVE. OF THE AMERICAS, 7TH FLOOR<br>NEW YORK, NY 10105 | 12/05/2011 | 08-13555 (JMP) | 67763 | $40,596,803.97 |

**TOTAL    $227,684,280.06**

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re　　　　　　　　　　　　　　　　　　　　　:　Chapter 11 Case No.
　　　　　　　　　　　　　　　　　　　　　　　:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,　　　:　08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　Debtors.　　　　　:　(Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-NINTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the two hundred forty-ninth omnibus objection to claims, dated January 6, 2012 (the "Two Hundred Forty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Forty-Ninth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-Ninth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Forty-Ninth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Forty-Ninth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Forty-Ninth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Debtors' right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Forty-Ninth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

 

UNITED STATES BANKRUPTCY JUDGE