**HEARING DATE AND TIME: February 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                        :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                 :    **08-13555 (JMP)**
                                                             :
                           Debtors.                          :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' OBJECTION TO THE CLAIM OF**
**AMERICAN INVESTORS LIFE INSURANCE CO., INC. (CLAIM 65963)**

**PLEASE TAKE NOTICE** that on January 6, 2012, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their objection (the "Objection") to claim number 65963 filed by American Investors Life Insurance Co., Inc., and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **February 22, 2012, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by

US_ACTIVE:\43891014\08\58399.0008

registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at [www.nysb.uscourts.gov](www.nysb.uscourts.gov)), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **February 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: January 6, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: February 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                                   :    Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :    08-13555 (JMP)
                                                        :
                           Debtors.                     :    (Jointly Administered)
---------------------------------------------------------------------x

### DEBTORS' OBJECTION TO THE CLAIM OF
### AMERICAN INVESTORS LIFE INSURANCE CO., INC. (CLAIM 65963)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), hereby file this objection (the "Objection") to claim number 65963 (the "American Investors Claim") filed by American Investors Life Insurance Co., Inc. ("American Investors") and respectfully represent:

**Preliminary Statement**

1.  The portion of the American Investors Claim in the amount of $7,992,000 (the "Duplicative No Liability Claim"), which is the portion seeking to recover for the Notes (as defined below), should be disallowed and expunged because (i) it is duplicative of the OMX Claim (as defined below), (ii) the Debtors do not have a

US_ACTIVE:\43891014\08\58399.0008

contractual relationship or privity with, or other obligation to, the holder of the Duplicative No Liability Claim in connection with the Notes (as defined below), and (iii) the conditions precedent in the Wells Fargo Indenture (as defined below) enabling American Investors to institute an individual proceeding on account of the Notes have not been satisfied.[1]

2. On October 29, 2004, Boise Land & Timber II, LLC ("Boise II") issued an installment note to Boise Cascade Corporation ("Boise Cascade") in the amount of $817,500,000 (the "Installment Note"). Also on October 29, 2004, LBHI issued a guaranty of Boise II's obligations under the Installment Note (the "Guaranty"). OMX Timber Finance Investments II, LLC ("OMX") alleges that it is the successor-in-interest to Boise Cascade under the Installment Note and the Guaranty. (*See* Claim No. 17120 ¶¶ 1-2.)

3. On December 21, 2004, OMX, as issuer, and Wells Fargo Bank Northwest, N.A. ("Wells Fargo"), as indenture trustee, entered into an indenture (the "Wells Fargo Indenture"). Pursuant to the Wells Fargo Indenture, OMX issued approximately $735,000,000 Class A-2 Notes due 2019 (the "Notes") to, among others, American Investors. The Notes were allegedly secured by the Installment Note and Guaranty. The Debtors are not parties to the Wells Fargo Indenture or the Notes. Likewise, American Investors is not a party to the Installment Note or the Guaranty. Therefore, the Debtors have no contractual relationship with, and thus no liability to, American Investors in connection with the Notes, the Installment Note, or the Guaranty.

---

[1] The Debtors are not, pursuant to the Objection, seeking to disallow and expunge any portion of the American Investors Claim other than the Duplicative No Liability Claim, but reserve all rights to do so at any point in the future.

4. Regardless, American Investors has not satisfied the conditions for instituting an individual proceeding against LBHI under the Wells Fargo Indenture. Section 5.06 of the Wells Fargo Indenture sets forth five conditions that must be satisfied before an individual holder of the Notes ("<u>Noteholder</u>"), such as American Investors, can institute a proceeding to enforce the Wells Fargo Indenture. (*See* Wells Fargo Indenture § 5.06.) Those conditions include that Wells Fargo, as indenture trustee, must not have instituted a proceeding to enforce the Guaranty on behalf of the Noteholders within sixty days after its receipt of (i) a notice of an event of default, (ii) a written request from the Noteholders evidencing at least 25% of the outstanding principal to institute such a proceeding, and (iii) an offer of reasonable indemnity from the Noteholders for costs to be incurred from instituting such a proceeding. (*See id.* § 5.06(iv).) American Investors has not set forth any evidence, or even alleged, that those conditions precedent were satisfied such that it could prosecute an individual claim on account of the Notes. Moreover, American Investors ignores that Wells Fargo filed its claim on behalf of the Noteholders on September 21, 2009, approximately three months *prior* to the filing of the Duplicative No Liability Claim on December 16, 2009. Accordingly, American Investors may not seek to enforce the Guaranty in its individual capacity via the Duplicative No Liability Claim.

5. OMX and Wells Fargo each filed claims seeking to recover from LBHI for amounts due under the Installment Note based on the Guaranty. (*See* Claim No. 17120 ¶¶ 1-2; Claim No. 24151 ¶¶ 1-2.) The Duplicative No Liability Claim seeks to recover for, among other things, the Notes issued pursuant to the Wells Fargo Indenture and allegedly secured by the Installment Note and Guaranty. Thus, the

Duplicative No Liability Claim is based on LBHI's alleged obligations under the Guaranty and is substantively duplicative of the Wells Fargo and OMX Claims.

## Relief Requested

6. The Debtors file this Objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking to disallow and expunge the Duplicative No Liability Claim because (i) it is substantively duplicative of the OMX Claim, (ii) the Debtors have no contractual relationship with, and thus no liability to, American Investors in connection with the Notes, and (iii) the conditions precedent for American Investors to individually seek to enforce the Guaranty have not been satisfied.

7. This Objection does not affect the OMX Claim (as defined below) and does not constitute any admission or finding with respect to the OMX Claim. The Debtors' rights to later object to the OMX Claim on any basis are preserved, except as set forth in the Stipulation (as defined below). Further, the Debtors reserve all their rights to object to any portion of the Duplicative No Liability Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

9. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

10. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

11. On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

**The Proofs of Claim**

12. On December 24, 2008, OMX filed its initial proof of claim no. 1439 against LBHI based on the Installment Note and the Guaranty. On September 18, 2009, OMX filed its amended proof of claim no. 17120 (the "OMX Claim") against LBHI based on the Installment Note and the Guaranty. (*See* Claim No. 17120 ¶¶ 1-2.) The OMX Claim asserts that LBHI is liable under the Guaranty based on two events of default as defined in the Installment Note—LBHI's filing under chapter 11 of the Bankruptcy Code and Boise II's failure to make a scheduled interest payment. (*See id.* ¶¶ 3-5.)

13. On September 19, 2009, Wells Fargo, as indenture trustee, filed proof of claim no. 24151 against LBHI based on the Guaranty for amounts allegedly due under the Installment Note (the "Wells Fargo Claim"). (*See* Claim No. 24151 ¶¶ 1-2.)

The terms of the Wells Fargo Indenture authorize the indenture trustee to enforce the Guaranty for the benefit of the Noteholders. (*See* Wells Fargo Indenture §§ 5.03-5.04, attached to Claim No. 24151 as Ex. A.)

14. In December 2009, American Investors filed the American Investors Claim (proof of claim no. 65963)[2] seeking to recover for, among other things, the Notes.

15. On September 16, 2011, Wells Fargo, OMX, and the Debtors entered into a stipulation (the "<u>Stipulation</u>") in which Wells Fargo and OMX agreed that the OMX Claim and the Wells Fargo Claim were substantively duplicative of each other. Pursuant to the Stipulation, the Wells Fargo Claim is deemed withdrawn and the OMX Claim will be prosecuted and defended by Wells Fargo as indenture trustee.

**The Duplicative No Liability Claim Should Be Disallowed and Expunged**

16. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

17. The Duplicative No Liability Claim should be disallowed and expunged for three separate but related reasons. First, the Duplicative No Liability Claim

---

[2] American Investors originally filed proof of claim no. 4223 that was disallowed and expunged pursuant to the Order Granting Debtors' Tenth Omnibus Objection to Claims (Amended and Superseded Claims) on the grounds that it was amended and superseded by proof of claim no. 65963. *See* Docket No. 10165.

should be disallowed and expunged because it is substantively duplicative of the OMX Claim. Second, the Duplicative No Liability Claim should be disallowed and expunged because there is no contractual relationship between American Investors and the Debtors in connection with the Notes. Third, American Investors has not established that the conditions precedent for it to seek recovery on the Notes in its individual capacity have been satisfied.

          a.    *The Duplicative No Liability Claim Is Duplicative of the OMX Claim.*

18.    The Duplicative No Liability Claim seeks to recover for the same obligation underlying the OMX Claim, and to that extent should be expunged. Wells Fargo and OMX have agreed that the Wells Fargo Claim and the OMX Claim are substantively duplicative of each other. The Duplicative No Liability Claim is substantively duplicative of the Wells Fargo Claim, and accordingly, the Duplicative No Liability Claim is also substantively duplicative of the OMX Claim.

19.    Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

20.    The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Debtors to maintain a claims register that accurately reflects the proper claims existing against the Debtors.

21. The OMX Claim was filed to enforce the terms of the Guaranty. The Wells Fargo claim was also filed "in an abundance of caution" to enforce the Guaranty. (*See* Claim No. 24151 ¶ 4.) Accordingly, the Wells Fargo Claim and the OMX Claim are substantively duplicative of each other—something on which Wells Fargo, OMX, and the Debtors agree. The Duplicative No Liability Claim and the Wells Fargo Claim both seek recovery related to the Notes in connection with the same alleged obligation underlying the OMX Claim—the Guaranty. Under the terms of the Wells Fargo Indenture, Wells Fargo has the authority to act on behalf of the Noteholders,[3] and pursuant to the Stipulation, Wells Fargo in its capacity as indenture trustee will prosecute and defend the OMX Claim. (*See* Wells Fargo Indenture §§ 5.03-5.04.) Accordingly, the Duplicative No Liability Claim is duplicative of the Wells Fargo Claim, and by extension, is also duplicative of the OMX Claim.

22. If the Duplicative No Liability Claim is allowed to remain on the claims register, then the Debtors may pay twice on the same alleged obligation. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge the

---

[3] Moreover, the Bankruptcy Rules provide that "[a]n indenture trustee may file a claim on behalf of all known or unknown holders of securities issued pursuant to the trust instrument under which it is the trustee." *See* Fed. R. Bankr. P. 3003(c)(5).

Duplicative No Liability Claim as set forth on <u>Exhibit A</u>. The OMX Claim will remain on the claims register subject to further objections on any basis.

                         b.       *The Debtors Have No*
                                  *Liability for the Duplicative No Liability Claim.*

23.       The Duplicative No Liability Claim is also a claim for which the Debtors have no liability. The Debtors do not have a contractual relationship with American Investors in connection with the Notes.

24.       Section 502(b)(1) of the Bankruptcy Code provides that a claim is deemed allowed except to the extent that it is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A claim is defined as a "right to payment." 11 U.S.C. § 101(5).

25.       American Investors is not a party to the Installment Note or the Guaranty, and the Notes for which American Investors seeks to recover were issued by OMX pursuant to the Wells Fargo Indenture, to which the Debtors are not a party. Accordingly, American Investors, as the holder of the Duplicative No Liability Claim, has no contractual relationship with, and thus no enforceable right to payment against, the Debtors in connection with the Installment Note, the Guaranty, or the Notes. If the Debtors have any liability arising out of the Guaranty, then that liability is only to OMX, the party with whom LBHI entered into the Guaranty.

26.       Thus, the Debtors request that the Court enter an order disallowing and expunging the Duplicative No Liability Claim as set forth on <u>Exhibit A</u>.

                         c.       *American Investors Cannot*
                                  *Prosecute the Duplicative No Liability Claim*
                                  *Under Section 5.06 of the Wells Fargo Indenture.*

27.     American Investors has not set forth any evidence, or even alleged, that the conditions precedent set forth in section 5.06 of the Wells Fargo Indenture have been satisfied such that it can prosecute an individual claim on account of the Notes. Section 5.06 of the Wells Fargo Indenture states that "[n]o Holder of any Note shall have any right to institute any Proceeding,[4] judicial or otherwise, with respect to this Indenture . . . or for any other remedy hereunder," unless five conditions are satisfied. (*See* Wells Fargo Indenture § 5.06.) One such condition is that Wells Fargo, as indenture trustee, must not have instituted a "proceeding" on account of the Notes within sixty days after its receipt of (i) a notice of an "event of default," (ii) a request to institute a "proceeding" from holders of at least 25% of the outstanding principal balance on the Notes, and (iii) an offer of "reasonable indemnity" for costs that may be incurred in connection with said proceeding, all as more fully described in section 5.06. (*See id.* § 5.06(iv).) Wells Fargo filed the Wells Fargo Claim seeking to enforce the Guaranty on behalf of the Noteholders on September 21, 2009, approximately three months *prior* to American Investors filing the Duplicative No Liability Claim. Thus, American Investors cannot satisfy section 5.06's conditions and seek to enforce LBHI's alleged obligations under the Guaranty via the Duplicative No Liability Claim.

28.     Accordingly, for the reasons stated in this Objection, the Debtors request that the Court enter an order disallowing and expunging the Duplicative No Liability Claim as set forth on Exhibit A.

---

[4] The filing of a proof of claim in a bankruptcy case is plainly a "proceeding" as that term is defined in the Wells Fargo Indenture. (*See* Wells Fargo Indenture § 1.01 (defining "proceeding" to mean "any suit in equity, action at law or other judicial or administrative proceeding").)

**Notice**

29. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Objection on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on <u>Exhibit A</u>; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

30. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: January 6, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OBJECTION TO AMERICAN INVESTORS LIFE INSURANCE CO., INC. CLAIM: EXHIBIT A

| | CLAIM TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIM | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | AMERICAN INVESTORS LIFE INSURANCE CO., INC. N/K/A AVIVA LIFE ANNUITY CO. C/O AVIVA IVESTORS NORTH AMERICA, INC. 699 WALNUT STREET, SUITE 1700 DES MOINES, IA 50309 | 12/16/2009 | 08-13555 (JMP) | 65963[1] | $7,992,000.00 | OMX TIMBER FINANCE INVESTMENTS II, LLC C/O SUSAN WAGNER-FLEMMING 263 SHUMAN BLVD. NAPERVILLE, IL 60563 | 09/18/2009 | 08-13555 (JMP) | 17120 | $844,896,060.00* |

---

[1] Claim 65963 was asserted in the amount of $41,209,112.25. Pursuant to the Debtors' Objection to the Claim of American Investors Life Insurance Co., Inc. (Claim 65963), only $7,992,000 of the portion of Claim 65963 seeking to recover for securities with CUSIP 67088CAA5 is being disallowed and expunged. $8,000 of the portion of Claim 65963 seeking to recover for securities with CUSIP 67088CAA5 was previously expunged pursuant to the Order Granting Debtors' Two Hundred Tenth Omnibus Objection to Claims (Duplicative No Liability Claims), dated December 7, 2011 [Docket No. 23046]. The portion of Claim 65963 totaling $31,000,000 seeking to recover for securities with CUSIP Nos. 52517PVM0, 52517PG96, 52517PVV0, and 524908WH9 was previously expunged pursuant to the Order Granting Debtors' Two Hundred Third Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated October 28, 2011 [Docket No. 21369]. The remaining $2,209,112.25 portion of Claim 65963 asserting a claim related to an alleged guarantee of certain derivatives contracts was previously allowed pursuant to the Order Granting Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims (Partially Settled Guarantee Claims), dated June 30, 2011 [Docket No. 18186].

\* - Indicates claim contains unliquidated and/or undetermined amounts                                   Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                        Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' OBJECTION TO THE CLAIM OF**
**AMERICAN INVESTORS LIFE INSURANCE CO., INC. (CLAIM 65963)**

Upon the objection to claim no. 65963 of American Investors Life Insurance Co., Inc., dated January 6, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Duplicative No Liability Claim on the grounds that (i) it is substantially duplicative of the OMX Claim, (ii) the Debtors have no liability for the Duplicative No Liability Claim, and (iii) American Investors has not established that the conditions precedent for it to seek recovery on the Notes in its individual capacity have been satisfied, all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Objection; and (vii) all other parties entitled to notice in accordance with the procedures

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Duplicative No Liability Claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claim to be Disallowed and Expunged*" is disallowed and expunged with prejudice to the extent set forth in <u>Exhibit 1</u>; and it is further

ORDERED that the OMX Claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claim*" will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative No Liability Claim constitutes any admission or finding with respect to the OMX Claim, and the Debtors' rights to object to the OMX Claim on any basis are preserved, except as agreed to by the Debtors in the Stipulation; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any portion of the Duplicative No Liability Claim that is

US_ACTIVE:\43891016\04\58399.0008                 2

not subject to the Objection and (ii) except as set forth in the Stipulation, the OMX Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE