Hearing Date: January 11, 2012 at 10:00 a.m.

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured
Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x
:
In re:                                                            :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., et al.,                            :    08-13555 (JMP)
:
Debtors.                                                  :    (Jointly Administered)
:
------------------------------------------------------------------ x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
**IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363**
**OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO SELL EQUITY**
**INTERESTS IN WILTON RE HOLDINGS LIMITED**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors"), hereby submits this statement in support of the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code for Authorization to Sell Equity Interests in Wilton Re Holdings Limited [Docket No. 23638] (the "Motion"):

**STATEMENT**

1. The Committee, with the assistance of its professional advisors, has evaluated the proposed sale by LBHI of the LBHI Shares[1] to Wilton Re and determined that such

---
[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

sale at a price of $69 per share (for $390,238,263 in aggregate proceeds) is fair, well within the Debtors' sound business judgment, and in the best interests of the Debtors' estates and creditors.

2. The Committee first evaluated the merits of LBHI's investment in Wilton Re in December 2008 in connection with the Debtors' proposal to assume the Subscription Agreement, pursuant to which this investment was made. At the time, after considering many of the same factors (including, most significantly, the availability for purchase of undervalued insurance portfolios and the applicable trading multiples for peer firms) that it now believes weigh in favor of the sale of the LBHI Shares, the Committee concluded that the investment of an additional $121.6 million in Wilton Re was warranted.

3. The Committee also concurs in the Debtors' view that the per share price offered by Wilton Re represents an offer that is (i) significantly higher than the trading multiples of the only publicly-traded U.S. life reinsurance company (Reinsurance Group of America); and (ii) significantly above the median and mean of the trading multiples of other selected publicly-traded U.S. life insurers. Indeed, the price that LBHI has negotiated for its minority stake in Wilton Re appears to be substantially above market, making it highly unlikely that a higher or better offer could be obtained.

4. The proposed sale will permit LBHI to divest itself of a highly illiquid asset and realize a substantial (30%) return on its original investment, all on the eve of the commencement of distributions to creditors under the Debtors' chapter 11 plan. Accordingly, the Committee supports the proposed sale of the LBHI Shares to Wilton Re as the best means of maximizing the value of LBHI's investment in Wilton Re for the benefit of LBHI's creditors.

WHEREFORE, for all the foregoing reasons, the Committee respectfully requests that the Court grant the Motion and such other relief as is just.

Dated:  New York, New York
        January 9, 2012

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
    Dennis F. Dunne
    Evan R. Fleck
    Dennis C. O'Donnell

1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

3