Hearing Date:  January 11, 2012 at 10:00 a.m.

**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, NY  10010
Susheel Kirpalani
James C. Tecce
Eric M. Kay

*Special Counsel to the Official Committee of Unsecured
Creatures of Lehman Brothers Holdings Inc., et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                                    :
In re:                                                              :    Chapter 11 Case No.
                                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.,                              :    08-13555 (JMP)
                                                                    :
         Debtors.                                                   :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363
OF THE BANKRUPTCY CODE FOR AUTHORITY TO EXERCISE RIGHT
OF FIRST OFFER REGARDING SECURITIES OF ARCHSTONE TRUST**

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Debtors" and, together with LBHI's non-Debtor affiliates, "Lehman"), hereby files this statement in support of the Debtors' Motion Pursuant to Sections 105 and 363 of the Bankruptcy Code for Authority to Exercise Right of First Offer Regarding Securities of Archstone Trust [Docket No. 23620] (the "Motion").[1]

      1.     Lehman and certain of its non-debtor affiliates (the "Lehman Archstone Investors") intend to exercise their "Right of First Offer" (the "Lehman ROFO") with respect to the proposed sale by Banc of America Strategic Ventures Inc. and Bank of America, N.A.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

("BofA") and Barclays Capital Real Estate Inc., Archstone Equity Holdings Inc. and BIH ASN LLC (collectively, "Barclays," and, with BofA and the Lehman Archstone Investors, the "Co-Sponsors") of certain of their respective equity interests in Archstone to ERP Operating Limited Partnership ("ERP").  Among other things, Lehman argues the exercise of the Lehman ROFO is in the best interest of the estates.  The Committee agrees.

## BACKGROUND

2.      The Lehman Archstone Investors acquired equity interests in, and extended loans to Archstone in connection with a leveraged buyout when Archstone was a publicly-traded real estate investment trust.  The leveraged buyout was accomplished through (a) approximately $16 billion in secured financing in the form of loans extended by Lehman Commercial Paper Inc., Barclays and BofA and (b) an approximately $4.8 billion investment provided by the Co-Sponsors in the form of common or bridge equity, $2.4 billion of which was attributable to the Lehman Archstone Investors.  See Mot. ¶¶ 1, 13.

3.      On Friday, December 2, 2011, BofA and Barclays provided the Lehman Archstone Investors with a Right of First Offer Notice (the "ROFO Notice") purporting to advise the Lehman Archstone Investors of BofA's and Barclays intent to transfer 50% of each of their interests in Archstone to ERP (approximately 26.5% of the total ownership of Archstone)[2] comprised of equity, partnership interests, governance interests, membership interests and voting interests for an aggregate Purchase Price of approximately $1.325 billion, subject to certain adjustments.

---

[2]     Initially, the sale contemplates a transfer of 50% of BofA's 28% interest (or 14%) and 50% of Barclays' approximately 25% interest (or 12.5%).  See Mot. at ¶ 23.

2

4. The Co-Sponsors' Bridge Equity Agreement affords the Lehman Archstone Investors the right to purchase the interests that are the subject of the ROFO Notice (or, more specifically, the interests that are the subject of the "Transfer" (as defined) to which the ROFO Notice relates).[3] The Bridge Equity Agreement also purports to establish deadlines on or before which the Lehman Archstone Investors must (a) issue the Lehman ROFO in response to the Co-Sponsor's ROFO Notice, (b) deliver a binding election of their exercise of the Lehman ROFO, (c) deposit an amount equal to 5% of the aggregate purchase price for the interests being transferred and (d) consummate the transaction. See Mot. ¶ 20.

5. On December 14, 2011, the Lehman Archstone Investors delivered the Lehman ROFO with respect to ERP's purchase of 50% of BofA's and Barclays' equity interests in Archstone. See Mot. ¶ 6.

6. The Lehman Archstone Investors and the other Co-Sponsors, however, disagree over, inter alia, the terms of the Bridge Equity Agreement (a) governing requirements for the ROFO Notice (including the content requirements) and (b) setting applicable deadlines relating to the Lehman ROFO. This dispute includes whether the ROFO Notice covers both ERP's proposed purchase of 50% of BofA's and Barclays's Archstone interests (the "Phase I Sale") or whether it also includes ERP's option, pursuant to the Other Interest Agreement, to purchase the remaining 50% of BofA's and Barclays' interests in a second transaction (the "Phase II Sale") at the purchase price agreed to among BofA and Barclays and ERP.

---

[3] See Mot. ¶ 3 ("Pursuant to the Bridge Equity Agreement, in the event that any Co-Sponsor attempts to 'Transfer' its interest in Archstone, including, without limitation, any of its equity or governance voting interests, the other Co-Sponsors will have a right of first offer (the 'ROFO') to purchase such interests consistent with the agreement").

3

7.  The dispute concerning the proposed Archstone transaction currently is the subject of the Adversary Proceeding,[4] and nothing herein should be construed as an admission or waiver with respect to the issues in the Adversary Proceeding, including, without limitation, what constitutes a "Transfer" and what the parties' respective obligations are with respect to ROFO Notices.

8.  This Statement relates solely to the Motion, and specifically the Debtors' request for authority to issue the Lehman ROFO for the interests that are the subject of the Phase I Sale, that is, the acquisition of 50% of BofA's and Barclays's Archstone interests.

## STATEMENT

9.  The Committee and its advisors have been actively involved with the Archstone portfolio since the beginning of the Debtors' chapter 11 cases. During that time, the Committee and its advisors performed extensive reviews and analyses of the Archstone portfolio and the Debtors' options concerning that portfolio. Among other things, the Committee and its advisors were involved in and familiar with both (a) the new priority financing provided by LBHI and Lehman Brothers Commercial Paper Inc. (approximately $485 million plus available letters of credit) in January 2009 and (b) the restructuring of certain existing financing in May 2010 and November 2010. See Mot. ¶¶ 2, 3.

---

[4]   Archstone LB Syndication Partner LLC, et al. v. Banc of America Strategic Ventures, et al. (In re Lehman Brothers Holdings Inc., et al.), Adv. Proc. 11-02928 (JMP) (Bankr. S.D.N.Y.) (the "Adversary Proceeding"). See Mot. ¶ 7 ("The terms of the ROFO and, consequently, the amount of the Banks' ROFO Price are the subject of an adversary proceeding commenced by LBHI, LCPI, Luxco and certain of their affiliates …. [seeking] an order tolling the running of the fifty (50) day period to deliver a binding election, the date for posting a deposit and the date to close the transaction, each as set forth in the Bridge Equity Agreement, until the Court has clarified the scope of rights to be transferred to Lehman upon the exercise of its ROFO"); ¶ 21 ("The Debtors have asserted, in correspondence to Barclays and Bank of America, as well as in pleadings filed in connection with the Adversary Proceeding, that each of Barclays and Bank of America has failed to comply with its obligations under the Bridge Facility Agreement and that, therefore, the Banks' ROFO Notice is defective. Nonetheless, out of an abundance of caution, the Debtors seek authorization to exercise the ROFO so they will be able to do so at the appropriate time").

10. Moreover, the Committee and its advisors were in constant contact with the Debtors and their advisors regarding whether the Lehman Archstone Investors should exercise the Lehman ROFO or pursue another course of action. Accordingly, the Committee is intimately familiar with the Archstone assets and the potential options available to maximize the value of these assets for the Debtors' estates and creditors.

11. After lengthy and detailed deliberations, the Committee has determined that the exercise of the Lehman ROFO is well within the Debtors' sound business judgment. The Committee agrees that, among other things, "the best way to maximize the value of [Lehman's] investment in Archstone, and to enhance flexibility with respect to an exit strategy, is for them to exercise the ROFO and pay the Banks' ROFO Price to purchase the Transferred Securities[, *i.e.*, 50% of BofA's and Barclays' interests]." Mot. ¶ 6. Moreover, the Committee agrees that the alternative of foregoing the ROFO and allowing ERP, Archstone's largest competitor, to purchase half of BofA's and Barclays' interests in Archstone presents an inferior option that would neither maximize the value of the Debtors' estates nor inure to the benefit of creditors.

WHEREFORE, for the foregoing reasons, the Committee respectfully requests that the Court grant the relief requested in the Motion and award such other relief as is just and appropriate.

Dated: New York, New York
       January 9, 2012

                                **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

                                By:    /s/ JAMES C. TECCE
                                     Susheel Kirpalani
                                     James C. Tecce
                                     Eric M. Kay

                                51 Madison Avenue, 22nd Floor
                                New York, New York 10010
                                Telephone No.: (212) 849-7000
                                Facsimile No.: (212) 849-7100

                                *Special Counsel to Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.*

6