United States Bankruptcy Court

**Southern District of New York**

In re:  **Lehman Brothers Holdings, Inc., et al**
**Case Number 08-13555**
**Entity Name Lehman Brothers Holdings, Inc., et al**
**Entity Case Number 08-13555**

Court ID (Court use only)_____

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Name of Transferee<br>**Jerome Keating** | Name of Transferor<br>**U.S. Bank National Association**<br>**Corporate Trust Services**<br>**Pamela Wiedar, VP** |
| Name and Address where notices to transferee should be sent:<br>**Jerome Keating**<br>**6 Deer Run Lane**<br>**Waitsfield, VT 05673** | Court Record Address of Transferor |
| Phone: 802-496-2295<br>Last Four Digits of Account #: | Last Four Digits of Account #: |
| Name and Address where transferee payments<br>should be sent (if different from above) | Name and Current Address of Transferor<br>**U.S. Bank National Association**<br>**Corporate Trust Services**<br>**Pamela Wiedar, VP**<br>**60 Livingston Avenue**<br>**St. Paul, MN 551007** |
| | Claim Amount: **$500,000.00** |
| Phone: *Same as Above*<br>Last Four Digits of Account #: | Phone:<br>Last Four Digits of Account #:<br>Court Claim # (if known): **30985**<br>Date Claim Filed: **9/22/2009** |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/Jerome Keating                                                     Date: **1/9/2012**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

### DEADLINE TO OBJECT TO TRANSFER

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                          _____
                                                                                    **CLERK OF THE COURT**

## Activity Details

**JEROME B KEATING (Individual)**                                      Account Type: Retail

**40A031760**

As of 01/09/2012 13:16:21

Name of IP: THE FBZ GROUP

Reg/Plan Type: Individual

**History Details**

| Transaction | | | | | |
|---|---|---|---|---|---|
| **Description :** | EMERALDS SER 2006 1 TR CTF CL 3C7 0.000% 08/04/20 B/EDTD 05/19/06 FACTOR .209934396000REM BAL 104967.20UNSL AS PRIN FLAT VARIABLE RATE | | | | |
| **Activity :** | Correct Buy 500,000.00000 par Values of  at 40.0000 | | | | |
| **CUSIP:** | 290889AA2 | **Quantity:** | 500,000.0000 | **Trade Confirm#:** | T3R119 |
| **Market:** | NSCC | **Price:** | $40.0000 | **Buy/Sell:** | BUY |
| **Asset Class:** | CMO - ACCRETION | **Account Type:** | Margin | **Market/Limit:** | N/A |
| **Security Payment:** | N/A | **Trade Date:** | 04/15/2010 | **Blotter Code:** | RNDLOT |
| **Executing IP:** | 03A | **Settlement Date:** | 04/20/2010 | **Key Code:** | 300 |
| **Record IP:** | 03A | **Original Input Source:** | TCMS | **Batch#:** | TCMS |
| **Fixed Income Type:** | Corp Bond Note | | | **Trade Confirmation** | |

| Money | | | | | |
|---|---|---|---|---|---|
| **Principal:** | $41,986.88DR | **Commission:** | $0.00 | | |
| **Tax:** | $0.00 | **Interest/Tax:** | $0.00 | | |
| **TRN Fee:** | $0.00 | **Sales Credit:** | $0.00 | | |
| **Other Fee:** | $1.00 | | | | |
| **Misc. Fee:** | $2.00 | | | | |
| **Net Amount:** | $41,989.88DR | | | | |

**Please Note:** Intra-day commissions and fees may be under/over stated for orders executed in multiple lots. Accurate calculation is presented on confirms and historical views.

This report is a service from your Investment Professional, not a substitute for your account statements and confirmations. This report is prepared as of trade date rather than settlement date and may be prepared on a different date than your statement. This report uses information from sources that Pershing believes to be reliable, but Pershing cannot guarantee the accuracy of this information or the reliability of these sources. If you find discrepancies in this report, please contact your Investment Professional.
Prepared by P40AMZLA at 01/09/2012 01:16:50                                                                                                          Page 1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
|---|---|
| Lehman Brothers Special Financing Inc. | 08-13888 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)       0000030985

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Pamela Wieder, VP
Corporate Trust Services
U.S. Bank National Association
EP-MN-WS1D
60 Livingston Avenue
St. Paul, MN 55107-2292

Notices to:
James E. Spiotto
Ann E. Acker
Franklin H. Top, III
Chapman and Cutler LLP
111 West Monroe St., 18th Fl
Chicago, IL 60603
Telephone: (312)-845-3000

Telephone number: (651) 495-3981   Email Address: pamela.wieder@usbank.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:   Email Address:

1.   **Amount of Claim as of Date Case Filed:** $ See Addendum
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2.   **Basis for Claim:** See Addendum
(See instruction #2 on reverse side.)

3.   Last four digits of any number by which creditor identifies debtor:_____
3a. Debtor may have scheduled account as:_____
(See instruction #3a on reverse side.)

4.   **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:_____
Value of Property: $_____   Annual Interest Rate_____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection:_____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5.   **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:

$_____

6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):  $_____
(See instruction #6 on reverse side.)

7.   **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8.   **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:   The attached Addendum is hereby incorporated by reference.
See Addendum

Date: 9/17/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Pamela Wieder (VP)*

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

2684759

ADDENDUM TO PROOF OF CLAIM OF
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN CASE NO. 08-13888, *IN RE: LEHMAN BROTHERS SPECIAL FINANCING, INC.,* PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

(EMERALDS 2006-1 TRUST)

*Name of Claimant.* This claim is made on behalf of U.S. Bank National Association, as Trustee ("*U.S. Bank*" or the "*Trustee*"), for the Emeralds, Series 2006-1 Trust ("*Emeralds 2006-1*" or the "*Trust*") against Lehman Brothers Special Financing ("*LBSF*"). The claim arises under (a) the terms of a Series Trust Agreement dated as of May 19, 2006 by and between Lehman Brothers, Inc., as Depositor and U.S. Bank National Association, as Trustee as supplemented by those certain Standard Terms for Trust Agreements of equal date (collectively the "*Trust Agreements*"), and (b) an interest rate swap under the terms of that certain ISDA Master Agreement dated as of May 19, 2006 between LBSF and the Trust, the Schedule to Master Agreement of equal date, a Guarantee of Lehman Brothers Holdings Inc. and the Interest Rate Swap Confirmation (the "*IRS Transaction*"). U.S. Bank National Association, as Trustee, is unaware of any other entity filing a proof of claim relating to the Trust Agreements.

The undersigned, Pamela Wieder, who maintains an office at 60 Livingston Avenue, St. Paul, Minnesota, is a Vice President of U.S. Bank with its principal place of business in St. Paul, Minnesota. The undersigned is duly authorized and empowered to make this Claim on behalf of U.S. Bank, as Trustee.

*Name and Address Where Notices Should Be Sent.*

Send all Court Orders, Notices and Payment to:

> Pamela Wieder
> U.S. Bank Corporate Trust Services
> ED-MN-WS1D
> 60 Livingston Avenue
> St. Paul, MN 55107
> Phone: (651) 495-3961
> pamela.wieder@usbank.com

**With copies of all Court Orders and Notices to:**

> James E. Spiotto, Esq.
> Franklin H. Top, III, Esq.
> Chapman and Cutler LLP
> 111 West Monroe Street, 18th Floor
> Chicago, Illinois 60603
> Phone: (312) 845-3000
> spiotto@chapman.com
> top@chapman.com

1.     *Amount of Claim as of Date Case Filed.*  As of the Petition Date, U.S. Bank asserts a claim against LBSF under the terms of the IRS Transaction for fees and expenses in connection with the protection and enforcement of the IRS Transaction in the amount of $35,643.60 through June 30, 2009, an unliquidated amount for breaches of its obligations as Calculation Agent, a claim to enforce the waterfall provisions of the Trust Agreements and an unliquidated claim for damages relating to the November 25, 2008 letter of Weil, Gotshal & Manges LLP.  U.S. Bank National Association, as Trustee, reserves the right to amend this Claim at any time hereafter.

2.     *Basis for Claim.*  U.S. Bank National Association, as Trustee, and certain Debtors are parties to the Trust Agreements and the IRS Transaction.  The Trust entered into the IRS Transaction whereby LBSF received "non-principal" distributions received on the Underlying Security purchased by the Trust in exchange for a payment based upon three month LIBOR plus 0.20% on the outstanding notional amount.

(a) Calculation Agent.  LBSF is the Calculation Agent under the terms of the Trust Agreement.  LBSF has failed to fulfill its obligations as Calculation Agent under the terms of the Trust Agreement.

(b) Interest Rate Swap Agreement.  The Trust entered into an interest rate swap agreement with LBSF pursuant to which the Trust received a floating rate of interest on the Notional Amount of the swap based upon three month LIBOR in exchange for "non-principal" distributions received on the Underlying Security.

The IRS Transaction was terminated by Notice of Early Termination on September 22, 2008 designating an early termination date of September 23, 2008.

Thereafter, on November 25, 2008 the Trustee received a letter from the Debtors' counsel advising that (a) any action taken to exercise remedies with respect to the Emeralds 2006-1 certificates may violate the automatic stay and therefore any actions to make distributions to holders may violate the automatic stay, (b) that the termination notices may be defective, and (c) any provision subordinating any termination payment due LBSF may be unenforceable.

Section 11 of the ISDA Master Agreement provides:

> A Defaulting Party will, on demand, indemnify and hold harmless the other party for and against all reasonable out of pocket expenses, including legal fees and Stamp Tax, incurred by such other party by reason of the enforcement and protection of its rights under the Agreement or any Credit Support Document to which the Defaulting Party is a party or by reason of the early termination of any Transaction, including, but not limited to, costs of collection.

Therefore the Trustee is entitled to its fees and expenses.

In the event that LBSF is owed a termination payment, the terms of the Trust Agreement and the Confirmation provide:

> (ii) If an Early Termination Date is designated in respect of the
> entire Notional Amount of the Transaction . . Market Quotation
> and Second Method shall be used to calculate any termination
> Payments owing by either party . . . provided, however, that in the
> event Party A is the Defaulting Party or the Affected Party under
> the terms of the Swap Agreement, any termination payments owed
> by Party B to Party A, if any, shall be paid by Party B from, and
> only in the amount up to, any amounts remaining in Party B after
> the distribution by Party B to the holders of the Certificates, pro
> rata, of the amounts owed on the outstanding certificates.

Confirmation. Section 3, p.3-4. Thus, any termination payment owing LBSF is payable only after the certificates are paid in full.

In addition to the foregoing, the positions taken by the debtors with respect to the IRS Transaction represents a lack of fair dealing, is contrary to the disclosures made to holders of the Notes in connection with issuance therewith and as a result the Trustee and the holders of the Notes would not receive the benefit of their bargain under the positions taken by the Debtors. The Debtors would be unjustly enriched as a result of a lack of consideration given by LBSF for the additional risks incurred by the Holders as a result of these positions, as the premiums paid by LBSF were calculated in accordance with the disclosed risks.

3.   *Classification of Claim.* This Claim is an unliquidated general unsecured claim and therefore is not secured by a lien on any property of LBSF, except that any claim for damages with respect to the November 25, 2008 letter is a claim entitled to administrative priority.

4.   *Date Debt Was Incurred.* The claims set forth herein relate to a transaction commonly known as Emeralds 2006-1 entered into on or about May 19, 2006.

5.   *If Court Judgment Was Obtained.* To the best of the Trustee's knowledge, no judgment has been rendered with respect to this claim.

6.    *Priority Status of Claim.*    This Claim, is not entitled to priority under 11 U.S.C. § 507(a), except that any damage claim relating to the November 25, 2008 letter will be entitled to an administrative priority.

7.    *Credits.* No funds have been paid from the Debtor to U.S. Bank, as Trustee, from the Petition Date to the date this Claim is signed.

8.    *Supporting Documents.* Documents on which this claim is founded include, but are not limited to, those described below. The Swap Agreements will be uploaded with the Derivatives Questionnaire, the remaining documents are voluminous (and therefore will not be appended hereto but are available upon request). There may be additional documents in the possession or under the control of the Debtors or U.S. Bank National Association, as Trustee, which may further support this claim. U.S. Bank National Association, as Trustee, reserves the right to support its claim with any such additional documents. Upon information and belief such documents are available to, and in the possession of the Debtors. Provided below is a summary of the supporting documents:

| | |
|---|---|
| 1 | ISDA Master Agreement, dated as of May 19, 2006, between LBSF and the Trust |
| 2 | Schedule to the Master Agreement, dated as of May 19, 2006, between LBSF and the Trust |
| 3 | Interest Rate Swap Confirmation to the Master Agreement, dated as of May 19, 2006, between LBSF and the Trust |
| 5 | Guarantee of LBHI dated May 19, 2006 |
| 6 | Series Trust Agreement, dated as of May 19, 2006, between Lehman Brothers, Inc. and U.S. Bank N.A., as Trustee |
| 7 | Standard Terms of Trust Agreement, dated as of May 19, 2006, between Lehman Brothers, Inc. and U.S. Bank N.A., as Trustee |

9.    *Reservation of Rights.*  This Agreement constitutes a swap agreement under the Bankruptcy Code and therefore U.S. Bank, as Trustee, is entitled to the safe harbor provisions under, but not limited to, Sections 560, 546(g), 362(b)(17), and 561 thereof (the "*Safe Harbor Provisions*").  The Trustee expressly reserves all of its rights, remedies, liens, interests, priorities, protections and claims with respect to the Safe Harbor Provisions.

U.S. Bank as Trustee asserts that any funds, property or collateral held by the Trust or certain funds or property held by LBSF relating to the transaction are not property of the Estate but are property of the Trust or other parties having a beneficial interest therein and that the possession or assertion of rights over such funds, property or collateral by LBSF do not transform such funds, property or collateral into property of the Estate and therefore the Debtor has no legitimate legal right to hold or to prevent the transfer of such funds, property, collateral or the proceeds thereof to third parties under the terms of the relevant documents.

U.S. Bank National Association, as Trustee, expressly reserves any rights, remedies, liens, interests, priorities, protections and claims which it may have against LBSF, or the other Debtors and other parties under the Bankruptcy Code.  U.S. Bank National Association, as Trustee, reserves the right to amend, restate and supplement this Proof of Claim or to file additional Proofs of Claim or further pleadings for additional claims against LBSF and its related entities should U.S. Bank National Association, as Trustee, deem it appropriate.  U.S. Bank National Association, as Trustee, reserves all rights and claims accruing to it, including, but not limited to, its rights (a) against all other creditors, (b) to update total exposure estimates of liquidated and unliquidated claims, (c) request payment of administrative expenses (whether in respect of claims asserted herein or otherwise), or (d) amend, update, supplement or modify as it believes is appropriate including, but not limited to, fees, expenses and interest.

This Proof of Claim is filed under the compulsion of the bar date established in this case and is filed to protect U.S. Bank National Association, as Trustee, from forfeiture of claims by reason of said bar date. The filing of this Claim is not intended to be and should not be deemed or construed as (a) an election of a remedy, (b) a consent by U.S. Bank National Association, as Trustee, to the jurisdiction of the Bankruptcy Court or any other court with respect to the proceedings, if any, commenced, in any case against or otherwise involving U.S. Bank National Association, as Trustee, (c) a consent by U.S. Bank National Association, as Trustee, to trial by jury as to any and all matters so triable herein or in any case, controversy or proceedings related hereto, pursuant to 28 U.S.C. §157(e) or otherwise, (d) a waiver of the right of U.S. Bank National Association, as Trustee, to a trial by jury in any matter herein or in any case, controversy or proceeding related hereto, (e) a waiver of the right of U.S. Bank National Association, as Trustee, to have final orders in non-core matters entered only after de novo review by the United States District Court, (f) a waiver of any right of U.S. Bank National Association, as Trustee, to have the reference withdrawn by the United States District Court in any matter subject to mandatory or discretionary withdrawal, (g) a waiver of any past, present or future event of default, (h) a waiver or limitation of any rights of U.S. Bank National Association, as Trustee, including, without limitation, a waiver of obligations owing to U.S. Bank National Association, as Trustee, rights, claims, actions, defenses, set-offs or recoupments to which U.S. Bank National Association, as Trustee, is or may be entitled under the relevant documents or otherwise, in law or equity, against LBSF and/or any subsidiary or affiliate thereof, or any other person, including without limitation, rights against guarantors, officers or directors, or the right to contest the validity or extent of any liens or security interests purported to be equal, senior or inferior to any right, lien or security interest of U.S. Bank National Association, as Trustee, all of which rights, claims, actions, defenses, set-offs or recoupments are expressly

reserved by U.S. Bank National Association, as Trustee, (i) an admission by U.S. Bank National Association, as Trustee, that any property held by LBSF (or any subsidiary or affiliate thereof) is property of the estate, or (j) a waiver of any right to recharacterize any of the claims set forth herein as administrative claims.

[Remainder of Page Intentionally Left Blank]



FRANKLIN TOP III
CHAPMAN AND CUTLER LLP          24 LBS    2 OF 5
(312) 845-3740
111 W MONROE ST
CHICAGO IL 60603

SHIP   ATTN LEHMAN BROTHERS HOLDINGS CLAIMS
TO:    EPIQ BANKRUPTCY SOLUTIONS INC.
       3RD FLOOR
       757 THIRD AVENUE
       NEW YORK NY 10017

NY 100 7-02

UPS NEXT DAY AIR                          1
TRACKING #: 1Z 3E4 6W8 01 6048 9646

BILLING: P/P