WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                                                                     :
**In re**                                                 :    **Chapter 11 Case No.**
                                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :    **08-13555 (JMP)**
                                                                     :
                  **Debtors.**                           :    **(Jointly Administered)**
---------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**BETWEEN LEHMAN COMMERCIAL PAPER, INC. AND PNC BANK INC.**
**PROVIDING FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD**
**TO CERTAIN REAL PROPERTY LOCATED IN ELIZABETHTOWN, KENTUCKY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Commercial Paper Inc. ("LCPI"), as debtor and debtor-in-possession, and PNC Bank, Inc. ("PNC Bank").

**RECITALS**

A. On September 15, 2008 and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). LCPI commenced its Chapter 11 Case on October 5, 2008 (the "Commencement Date").

    B. PNC Bank represents that it holds a security interest in certain real property located at 809-812 South Park Road, Elizabethtown, Kentucky (the "Property"). PNC Bank further represents that it is currently in the process of enforcing its security interest in the Property through a state law foreclosure proceeding (the "State Court Action").

    C. PNC Bank further represents that the local property records include a leasehold interest of LCPI in the Property, which record creates an impediment to the exercise of PNC Bank's rights in the State Court Action. Additionally, PNC Bank has informed the Debtors that it believes that LCPI's leasehold interest in the Property was extinguished prior to the Commencement Date.

    D. The Debtors have reviewed LCPI's records, but have been unable to find any record of an interest in the Property.

    E. Out of an abundance of caution, PNC Bank seeks entry of an order partially modifying the automatic stay extant in LCPI's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay") in order to allow PNC Bank to exercise its non-bankruptcy rights and remedies as to the Property including, but not limited to, foreclosure.

    F. In light of the foregoing, and to ensure that PNC Bank is not prohibited from exercising its rights with respect to its interest in the Property, LCPI and the PNC Bank (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

2

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, to the extent that the Automatic Stay extant in LCPI's Chapter 11 Case is applicable, it shall be modified with respect to PNC Bank's interest in the Property and PNC Bank shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from LCPI's estate and/or assets or property of LCPI (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

5. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

6. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

7. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: December 27, 2011
     Louisville, Kentucky

/s/ Tim Schenk by permission Vanessa Jorris
Tim Schenk
Morgan & Pottinger, P.S.C.
601 West Main Street
Louisville, Kentucky 40202
Telephone: (502) 560-6731
Facsimile: (502)585-3498

Attorneys for the Association

Dated: December 27, 2011
     New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
     January 10, 2012

                                s/ James M. Peck
                            Honorable James M. Peck
                            United States Bankruptcy Judge