KLESTADT & WINTERS, LLP
Tracy L. Klestadt, Esq.
John E. Jureller, Jr., Esq.
570 Seventh Avenue, 17th Floor
New York, New York 10018
Telephone: (212) 972-3000

*Attorneys for Coudert Brothers LLP*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : Case No. 08-13555 (JMP)
:
: (Jointly Administered)
:
Debtors. :
---------------------------------------------------------------x

**RESPONSE OF COUDERT BROTHERS LLP TO DEBTORS' TWO HUNDRED
FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Development Specialists, Inc. ("Plan Administrator"), in its capacity as Plan Administrator for Coudert Brothers LLP ("Coudert Brothers"), by its undersigned counsel, submits this response (the "Response") to the Debtors' Two Hundred Forty-First Omnibus Objection to Claims (No Liability Claims) (the "Objection"). In support of its Response, Coudert Brothers respectfully states as follows:

**INTRODUCTION**

1. Coudert Brothers respectfully submits this Response to the Debtors' Objection which seeks to improperly disallow and expunge the Coudert Brothers' claim. Attached to its proof of claim, Coudert Brothers provided documentation identifying the client as "Lehman Brothers", including a pro forma invoice related to the legal services provided to Lehman Brothers, and, upon information and belief, understood that its client at the time which it

1

provided legal services was Lehman Brothers Holdings, Inc.  In its Objection, the Debtors have not provided Coudert Brothers or this Court with any valid explanation or justification as to why Coudert Brother's claim should be disallowed, nor has it provide any evidence that the legal services provided by Coudert Brothers to "Lehman Brothers" were actually provided to a non-debtor affiliate of the Debtors.  Because the Debtors' Objection presents no evidence for disallowing the claim, the Debtors have failed to meet their burden of overcoming the *prima facie* validity of Coudert Brothers' claim.

## BACKGROUND

2.    Throughout July of 2004, Coudert Brothers performed certain legal work for Lehman Brothers ("Lehman" or "LBHI").   The total balance for legal services was $4,203.10.  Lehman failed to pay the invoice amount. A copy of the pro forma invoice is annexed to the proof of claim, which is annexed hereto as Exhibit A.

3.    On September 22, 2006, Coudert Brothers filed a chapter 11 bankruptcy petition with the United States Bankruptcy Court for the Southern District of New York, Case No. 06-12226 (RDD).

4.    By Order dated August 27, 2008, the Bankruptcy Court confirmed the First Amended Plan of Liquidation of Coudert Brothers LLP dated May 9, 2008 (as modified, the "Coudert Plan"), and the effective date of the Coudert Plan occurred on September 8, 2008.

5.    Pursuant to section 5.2 of the Coudert Plan, on the effective date of the Coudert Plan, the Plan Administrator is the exclusive representative of Coudert Brothers' estate under Section 1123(b)(3)(B) of the Bankruptcy Code and is authorized to "assert, prosecute, pursue…all Claims, Causes of Action and actions to collect the Receivables…and assert and enforce all legal and equitable remedies and defenses belonging to the Debtor and its Estate…".

6. On September 15, 2008, LBHI filed a petition under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York.

7. On September 22, 2009, Coudert Brothers filed a proof of claim against LBHI seeking recovery of $4,203.10, the amount owed for the legal services [Claim No. 34262] (the "Claim")(*see* Exhibit A).

8. On December 12, 2011, the Debtors filed the Objection, and attached Exhibit A identifying the parties whose claims the Debtors are seeking to disallow. Coudert Brothers' Claim is listed on Exhibit A on page two, and identified as number nine. The Debtors offer no support or basis to disallow such Claim, other than to generally state that the claims asserted on Exhibit A "assert claims against entities that are not debtors in these jointly administered chapter 11 cases." Objection ¶ 2.

## ARGUMENT

### A.   Applicable Legal Standard

9. A proof of claim that is properly executed and timely filed is *prima facie* evidence of the validity of the underlying claim. *See* Fed. R. Bankr. P. 3001(f). The burden is on the objector to the proof of claim to produce "evidence equal in force to the prima facie case." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Intern., Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)). In order to meet this burden, the objecting party must "affirmatively *produce* evidence", *Sherman v. Novack* (*In re Reilly*), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000)(emphasis in original), and this evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. at 389. The burden of proof does not shift back to the claimant until the objector has provided evidence sufficient to

3

defeat the *prima facie* validity of the claim. *In re Reilly*, 245 B.R. at 773; *In re Alper Holdings USA,* 2008 Bankr. LEXIS 86, 90 (Bankr. S.D.N.Y. 2008).

**B.    The Debtors Have Failed to Overcome the *Prima Facie* Validity of the Claim**

10.    The Debtors do not dispute that Coudert Brothers timely filed the Claim. Rather, in support of their Objection, the Debtors simply state, without providing any support, that with respect to Coudert Brothers' Claim, the asserted Claim is a claim against a non-Debtor entity and generally allege further that the Claim is "against foreign and domestic affiliates of the Debtors that are not Debtors in these jointly administered chapter 11 cases." Objection, ¶ 11. The Debtors have not provided any evidence as to which "non-Debtor entity" they believe the Claim relates.

11.    Because the Debtors have failed to adduce any evidence or offer any specific justification for disallowing Coudert Brothers' Claim, the Objection should be overruled and the Claim should be allowed.

**C.    Coudert Brothers Has Met Its Burden of Proving the Validity of the Claim**

12.    Even if the Court were to find that the Objection's baseless assertions had shifted the ultimate burden of proof to Coudert Brothers, it has already met this burden though its submission of the Claim and the relevant attached documents. Coudert Brothers has provided proof of the validity of the Claim, including a pro forma invoice to "Lehman Brothers" prepared and maintained in the ordinary course of its business. There is no evidence that the invoice, the legal services set forth thereon, or the amount of the invoices had ever been disputed by Lehman. Further there is no evidence that Lehman disputed the beneficiary of the services provided by Coudert Brothers, which was designated as "Lehman Brothers".

4

13. To the extent, however, that the Court concludes that Coudert Brothers has not met its burden as the Claim's validity, Coudert Brothers reserves the right (i) the seek discovery, (ii) to supplement or otherwise amend this Response, and (iii) to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the validity of the claim.

**WHEREFORE**, Coudert Brothers respectfully requests that this Court deny the Objection to the extent that the Debtors seek to disallow Coudert Brothers' Claim; allow Coudert Brothers' Claim in the amount filed; and grant such other, further relief as this Court may deem just and proper.

Dated:  New York, New York
        January 11, 2012

Respectfully submitted,

KLESTADT & WINTERS, LLP

By: */s/John E. Jureller, Jr.*
    Tracy L. Klestadt
    John E. Jureller, Jr.
570 Seventh Avenue, 17th Floor
New York, New York 10018
(212) 972-3000

*Attorneys for Development Specialists, Inc. as Plan Administrator for Coudert Brothers LLP*