UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                 :

In re                                                 :         Chapter 11 Case No.
                                                 :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                               :

                        Debtors.                  :         (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN LEHMAN
BROTHERS HOLDINGS INC. AND BENISASIA INVESTMENT AND PROPERTIES
LIMITED PROVIDING FOR LIMITED RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by and between Lehman Brothers Holdings Inc. ("LBHI"), as debtor and debtor-in-possession, and Benisasia Investment and Properties Limited ("Benisasia," together with LBHI, the "Parties").

**RECITALS**

        A.    On September 15, 2008 (the "Commencement Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

        B.    Prior to the Commencement Date, LBHI provided financing to third parties Genwood Paradise Ltd. ("GPL") and Genwood Nassau Ltd. ("GNL," together with GPL, the "Property Owners") in connection with the Property Owners' acquisition and development of two resort hotels in the Bahamas (the "Properties"). This financing was secured by certain mortgages on the Properties. Each of the Property Owners subsequently defaulted on its respective obligations to LBHI.

C. In order to avoid the expense and delay of foreclosing on the Properties, LBHI developed a marketing process on behalf of the Property Owners. Proceeds from the sale of the Properties were to flow directly to LBHI in partial satisfaction of the amounts due to LBHI from the Property Owners. Benisasia was the highest bidder for the Properties and LBHI, on behalf of the Property Owners (under powers of attorney granted to LBHI by the Property Owners), and Benisasia entered into certain contracts for sale on or about February 11, 2011 (the "Sale Agreements").

D. Pursuant to the Sale Agreements, Benisasia was required to deposit the aggregate amount of approximately $862,500 into an escrow account to secure Benisasia's obligations under the Sale Agreements (the "Escrow Account").

E. Disputes among LBHI, Benisasia and the Property Owners subsequently arose over the parties' respective rights and obligations under the Sale Agreements and the Escrow Account.[1]

F. On August 30, 2011, Benisasia filed an action (the "Ontario Action") in the Ontario Superior Court of Justice in Ontario, Canada against the Property Owners, LBHI and LAMCO LLC, a non-Debtor subsidiary of LBHI (collectively, the "Ontario Defendants"). On or about December 8, 2011, the Ontario Defendants filed a motion seeking to stay or dismiss the Ontario Action. On or about December 12, 2011, Benisasia voluntarily withdrew the Ontario Action.

G. On December 20, 2011, Benisasia filed a motion in this Court seeking relief from the automatic stay extant in the Chapter 11 Cases pursuant to section 362 of the

---

[1] The description of the dispute contained herein is for illustrative purposes only and is not intended to be determinative of any facts, any party's rights under any of the documents described herein, or to amend, limit, waive or release any party's obligations, rights, remedies or defenses thereunder.

2

Bankruptcy Code (the "Automatic Stay") to permit Benisasia to prosecute certain causes of action against LBHI, among others, in state or federal court (the "Motion"). On January 4, 2012, LBHI filed a limited response to the Motion, seeking to limit Benisasia's ability to bring a cause of action against LBHI to the state or federal courts of the State of New York.

H.   The Parties have agreed to litigate the disputes regarding the Sale Agreements and the Escrow Accounts in the state or federal courts of the State of New York. In light of the foregoing, the Parties have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.   This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2.   Upon the Effective Date, the Automatic Stay extant in LBHI's Chapter 11 Case shall be modified solely to the extent necessary to permit Benisasia to (i) commence an action in the state or federal courts of the State of New York to litigate certain claims that Benisasia believes it has against LBHI arising out of or relating to the Sale Agreements or the Escrow Account and recover any claims relating to the same, and/or (ii) assert counterclaims arising out of or relating to the Sale Agreements or the Escrow Account against LBHI in any action commenced by LBHI or the Property Owners and recover any claims relating to the same; provided, however, that the provisions of the Automatic Stay, including, without limitation, those provisions prohibiting the commencement or continuation of any other judicial proceeding not concerning the Sale Agreements or the Escrow Account against LBHI that was or could have

3

been commenced prior to the Commencement Date, and those provisions prohibiting any act to collect, assess, set off, or recover a claim that arose prior to the Commencement Date from LBHI's estate and/or assets or property of LBHI (as defined in section 541 of the Bankruptcy Code), shall remain in full force and effect.

       3.     Upon the Effective Date, the Motion shall be deemed resolved.  The Parties acknowledge that state or federal court in the State of New York would be the proper venue for the resolution of the dispute between the Parties.

       4.     This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

       5.     Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

       6.     This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

7. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: January 10, 2012
      Syracuse, New York      /s/ Sara C. Temes
                                        Stephen A. Donato
                                        Jonathan B. Fellows
                                        Sara C. Temes

BOND, SCHOENECK & KING, PLLC
One Lincoln Center
Syracuse, NY 13202
Telephone: (315) 218-8000
Facsimile: (315) 218-8100

Attorneys for Benisasia

Dated: January 10, 2012
      New York, New York      /s/ Jacqueline Marcus
                                        Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**SO ORDERED:**

Dated: New York, New York
       January 11, 2012

                                        *s/ James M. Peck*
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge