UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                         :

In re                                                      :        Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :        08-13555 (JMP)

                  Debtors.                   :        (Jointly Administered)
                                                        :
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' MOTION PURSUANT
TO SECTIONS 105(a) AND 363(b) OF THE BANKRUPTCY
CODE FOR AUTHORITY TO EXERCISE RIGHT OF FIRST OFFER
REGARDING SECURITIES OF ARCHSTONE TRUST**

Upon the motion (the "Motion"),[1] of Lehman Brothers Holdings Inc., Lehman Commercial Paper Inc., Luxembourg Residential Properties Loan Finance S.á.r.l. and their affiliated debtors in the above-referenced chapter 11 cases, as debtors-in-possession (collectively, the "Debtors"), pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to exercise a right of first offer and purchase the Transferred Securities from affiliates of Bank of America, N.A., including Banc of America Strategic Ventures, Inc. (together "Bank of America"), and affiliates of Barclays Capital Real Estate Inc. ("Barclays," and together with Bank of America, the "Other Co-Sponsors"), all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.);

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], on: (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for Bank of America; (vii) the attorneys for Barclays; (viii) the attorneys for Archstone; and (ix) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are duly authorized, but not directed, to exercise their right of first offer in accordance with the terms of the Bridge Equity Agreement and purchase the Transferred Securities from the Other Co-Sponsors and to take all other actions reasonably necessary to effectuate the acquisition of the Transferred Securities; and it is further

ORDERED that, except as expressly provided in the Motion or this Order, nothing contained herein shall be deemed to be a waiver or the relinquishment of any rights, claims, interests, obligations, benefits or remedies that the Debtors may have or choose to assert on behalf of their respective estates under any provision of the Bankruptcy Code or any

applicable nonbankruptcy law, including against third parties, and the Debtors are hereby authorized to execute such further documents to evidence these reservations; and it is further

ORDERED that this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing and shall not be stayed pursuant to Bankruptcy Rule 6004; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: New York, New York
      January 11, 2012

                                        *s/ James M. Peck*
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge