Hearing Date and Time:  TBD

Brady C. Williamson
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Attorneys for the Fee Committee

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
------------------------------------------------------------x

**FEE COMMITTEE'S LIMITED OBJECTION TO THE EIGHTH INTERIM**
**PERIOD FEE APPLICATION OF PAUL HASTINGS LLP, SPECIAL COUNSEL TO**
**THE DEBTORS, FOR SERVICES PROVIDED FROM**
**FEBRUARY 1, 2011 THROUGH MAY 31, 2011**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**") submits this Limited Objection to the *Fourth Interim Application [for the Eighth Interim Fee Period] of Paul Hastings LLP, Special Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from February 1, 2011 Through May 31, 2011* (the "**Fourth Fee Application**") [Docket No. 19097] and respectfully represents:

**PRELIMINARY STATEMENT**

The Fee Committee objects to $55,944.86 in charges contained in the Fourth Fee Application resulting from charges directly attributable to unjustified or unjustifiable hourly rate

increases imposed unilaterally by the applicant after March 1, 2010 and $87,658.62 in charges by two timekeepers whose billing appears inconsistent with applicable guidelines.

## BACKGROUND

1.  Commencing on September 15, 2008, and periodically thereafter (as applicable, the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its subsidiaries (collectively, the "**Debtors**") filed voluntary cases under title 11 the United States Code (the "**Bankruptcy Code**"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On August 10, 2010, this Court granted the Debtors' application to employ and retain Paul Hastings LLP ("**Paul Hastings**"), *nunc pro tunc* to March 1, 2010, as their attorneys in connection with real estate and derivatives litigation matters as described in the *Application of the Debtors Pursuant to Sections 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker, LLP as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010* [Docket No. 10401].[1]

3.  The Court appointed a Fee Committee on May 26, 2009 to execute the duties set forth in the Fee Committee Order, amended from time to time,[2] including, among other things, monitoring the fees and expenses incurred by professionals approved by the Court ("**Retained**

---

[1] Since its retention under the name Paul, Hastings, Janofsky & Walker LLP, the applicant has changed its name to Paul Hastings LLP.

[2] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "**Amended Fee Protocol**" [Docket No. 15998].

2

**Professionals**") in these cases. On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as Successor Independent Member of the four-member Fee Committee and, by an order the same day, the Court approved the recommendation. *See Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member* [Docket No. 14117] (the "**Gitlin Appointment Order**").

4.  On August 9, 2011, Paul Hastings filed the Fourth Fee Application—for services rendered during the eighth interim period from February 1, 2011 through May 31, 2011—requesting $1,062,359.02 in compensation for professional services and $12,243.73 in reimbursement of expenses from the Debtors' estates. Fourth Fee Application, ¶ 14. Since the Fee Committee issued its confidential letter report regarding the Fourth Fee Application on November 18, 2011 (the "**Report**"), the Fee Committee and Paul Hastings have corresponded and exchanged information related to several Fee Committee inquiries, resolving most but not all issues. Included among those issues raised in the Report was the reasonableness of Paul Hastings's charges directly attributable to hourly rate increases and the accuracy and compliance of certain timekeepers' billing records with applicable billing guidelines.

5.  Under the Amended Fee Protocol, the Fee Committee is authorized to file an objection within 15 days after the 30-day Negotiation Period expires with respect to any unresolved issues (the "**Objection Deadline**"). The Objection Deadline for the Fourth Fee Application is January 11, 2012 for any issue not resolved consensually.

6.  To gain a better appreciation for the bases of Paul Hastings's hourly rate increases, the Fee Committee asked the firm to provide both historical data on fee increases since its March 1, 2010 *nunc pro tunc* retention and the justification for the increases—in terms of firm practices and the legal services market. The Fee Committee's ability to ascertain whether Paul

3

Hastings's rate increases are reasonable depends, in large part, upon the firm's willingness to provide the Fee Committee with the data and explanations necessary to assess rate increases. On September 8, 2011, Paul Hastings provided a schedule of historical rate data and has provided narrative explanations containing conclusory statements about Paul Hastings's practice of adjusting timekeepers' rates up to two times per year—in January and June. Paul Hastings has not provided, however, any evidence or detailed explanations about changes to the prevailing market to justify the firm's rate increases, ranging from approximately 3.85 to 20.83 percent, for timekeepers for whom Paul Hastings provided historical rate information going back to March 2010.[3]

7.  The Fee Committee also inquired about the billing records of two timekeepers, who billed, disproportionately, in whole- or half-hour increments rather than in tenths of an hour as required by the guidelines. "Time entries should be kept contemporaneously with the services rendered in time periods of tenths of an hour." U.S.T. Guidelines § (b)(4)(v). In a statistically perfect sample, whole- and half-hour increments—that is, tasks billed in increments of 0.5, 1.0, 1.5 hours etc.— would be expected only 20 percent of the time. Here, the questioned timekeepers recorded their time—for legal services and related conferences—in whole- and half-hour increments approximately 96 and 76 percent of the time.

8.  In response to the Fee Committee's inquiry, Paul Hastings provided a description of each timekeeper's role in the case, argued that whole- and half-hour billing is not uncommon for conferences, and that for the conferencing entries which the Fee Committee identifies where either of the two questioned timekeepers recorded a different amount of time from another Paul

---

[3] For certain other timekeepers, Paul Hastings's historical rata data appears to go back only as far as June 2010.

4

Hastings's timekeeper also attending the conference, that the timekeeper "may" have attended only a portion of the call or meeting, as needed.

## ARGUMENT

9. A retained professional's compensation—including rate increases—must be reasonable, and the burden for demonstrating the reasonableness of a compensation request falls on the professional. *See* 11 U.S.C. § 330(a)(3); *Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'ship*, 369 B.R. 111, 115 (S.D.N.Y. 2007); *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997). The burden of proof is not taken lightly, and it must be supported by evidence rather than conclusory statements. *See In re Computer Learning Ctrs., Inc.*, 285 B.R. 191, 200, 226 (Bankr. E.D. Va. 2002) (citations omitted). To be reasonable, the requested rates must be consistent with the prevailing market rates and, in the context of increases, the request must be supported by evidence of a change in the prevailing market rates. "The mere passage of time is not itself sufficient to justify a change in an attorney's hourly rate and does not necessarily indicate a change in the prevailing market hourly rates." *Id*. at 237. The professional's actual rate is not itself determinative of the prevailing market rate. *Id*.

10. Based on the information available to the Fee Committee, Paul Hastings's Fourth Fee Application contains at least $55,944.86 in charges directly attributable to rate increases imposed after March 1, 2010.

11. Paul Hastings has failed to produce evidence of significant movement in the prevailing market rates since its *nunc pro tunc* retention on March 1, 2010. Moreover, those charges directly attributable to rate increases are impermissible to the extent that they were inadequately communicated to the Debtors or the Court prior to their imposition. *See Computer Learning*, 285 B.R. at 236-37 ("conspicuous disclosure" of rate increases required); ABA

5

Comm. on Ethics & Prof'l Responsibility, Formal Op. 458 (2011) (periodic rate increases must be timely communicated and must be reasonable under the circumstances).

12. With respect to billing in whole- and half-hour increments with unusual frequency, complex legal work—performed in tenths of an hour increments—rarely lends itself to being divided into discrete tasks that can be consistently billed in a multiple of the same increment. Frequent billing in a multiple of the same increment, in this case in multiples of a half-hour, raises an inference of inaccurate billing or of routine billing in an increment larger than a tenth of an hour. *See*, *e.g.*, *In re Motors Liquidation Co.* ("**In re MLC**"), Hearing Tr. at 16:10-17:7, 19:11-25, No. 09-50026, (Bankr. S.D.N.Y. July 6, 2010) [*In re MLC* Docket No. 6369]. Paul Hastings has not provided persuasive evidence or argument to dispute the inference.

## CONCLUSION

WHEREFORE, the Fee Committee objects to at least $55,944.86 of the compensation requested in Paul Hastings's Fourth Fee Application, which the Fee Committee has calculated as the amount of fees directly attributable to hourly rate increases imposed after March 1, 2010 and $87,658.62 in total fees billed by two timekeepers where the billing pattern suggests possible or likely inaccuracy.

Dated: January 11, 2012.

/s/ *Katherine Stadler*
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Committee*

7322658_2