HAYNES AND BOONE, LLP
2323 Victory Ave., Suite 700
Dallas, TX 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940
Robert D. Albergotti  (admitted *pro hac vice*)
Autumn D. Highsmith (admitted *pro hac vice*)

*Attorneys for Steven G. Holder Living Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X
| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| : | |
| Lehman Brothers Holdings Inc., *et al*. : | Case No. 08-13555 (JMP) |
| : | |
| : | (Jointly Administered) |
| Debtors : | |

------------------------------------------------------X

**RESPONSE OF THE STEVEN G. HOLDER LIVING TRUST**
**TO DEBTORS' ONE HUNDRED EIGHTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

The Steven G. Holder Living Trust hereby submits this response (the "Response") to the Debtors' One Hundred Eighty-Second Omnibus Objection to Claims (Valued Derivative Claims) (the "182nd Omnibus Objection")[1] and respectfully states as follows:

**BACKGROUND**

1.     The Steven G. Holder Living Trust (the "Holder Trust") and Lehman Brothers Special Financing Inc. ("LBSFI") were parties to a 1992 ISDA Master Agreement (Multicurrency-Cross Border) dated as of May 14, 2007, as amended from time to time (the "Master Agreement"), including the Schedule to the Master Agreement, the Credit Support Annex thereto, and any and all Confirmations with respect thereto (collectively with the Master

---

[1] Docket No. 19398.

Agreement, as amended from time to time, the "Transaction Documents"). Lehman Brothers Holdings Inc. ("LBHI," and together with LBSFI, the "Debtors") was named as a Credit Support Provider in the Transaction Documents, and LBSFI committed that LBHI would serve as a guarantor of LBSFI's obligations under the Transaction Documents. LBSFI committed to deliver a signed guarantee from LBHI upon execution of the Master Agreement.[2]

2. The Holder Trust did not receive a copy of the executed LBHI guarantee because either (i) LBSFI or LBHI failed to deliver a copy of the signed document to the Holder Trust or (ii) the guarantee was not signed as a result of administrative oversight. The Holder Trust would not have entered into the Transaction Documents without LBHI's guarantee of LBSFI's obligations under the Transaction Documents.

3. On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. As a result, an event of default occurred under the Master Agreement.

4. On September 19, 2008, the Holder Trust delivered a notice of termination (the "Termination Notice") to LBSFI, the defaulting party under the Transaction Documents, notifying LBSFI that the Holder Trust designated September 19, 2008 as the early termination date under the Master Agreement (the "Early Termination Date") and that all transactions under the Transaction Documents were terminated as of the Early Termination Date.

5. In the Termination Notice, the Holder Trust notified LBSFI that its loss amount in respect to the early termination was negative $3,079,567 (the "Payment Obligation") and instructed LBSFI to apply $5,367,000 that the Holder Trust had provided to LBSFI as collateral

---

[2] In addition to LBSFI's specific commitment to provide credit support from LBHI, LBHI itself also committed to fully guarantee the payment of all liabilities, obligations and commitments of LBSFI in a Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005.

under the Transactions Documents (the "Collateral") to the Payment Obligation and to immediately return the remainder of the Collateral in the amount of $2,287,433 to the Holder Trust.

6.  On October 3, 2008, LBSFI commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court.

7.  On September 18, 2009, the Holder Trust filed (i) proof of claim number 16482, amending previously filed proof of claim number 2151,[3] against LBSFI in the amount of $2,287,433 for the amount owed to the Holder Trust under the Transaction Documents (the "Holder Trust Derivative Claim"), and (ii) proof of claim number 16481, amending previously filed proof of claim number 2150,[4] against LBHI in the amount of $2,287,433 for LBHI's guarantee of LBSFI's obligations under the Transaction Documents (the "Holder Trust Guarantee Claim," and together with the Holder Trust Derivative Claim, the "Holder Trust Claims").

8.  The Holder Trust and the Debtors engaged in negotiations regarding the Holder Trust Claims, but were unable to reach a consensual resolution regarding their allowance.

9.  On August 19, 2011, the Debtors filed the Debtors' One Hundred Seventy-Ninth Omnibus Objection to Claims (No Liability Derivative Claims) (the "179th Omnibus Objection"),[5] requesting that the Court disallow the Holder Trust Guarantee Claim. The 179th

---

[3] The Holder Trust amended proof of claim number 2151 to comply with the specific requirements of the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated July 2, 2009 (the "Claims Procedures Order"). Additionally, the Holder Trust timely filed the derivative questionnaire required by the Claims Procedures Order.

[4] The Holder Trust amended proof of claim number 2150 to comply with the specific requirements of the Claims Procedures Order. Additionally, the Holder Trust timely filed the guarantee questionnaire required by the Claims Procedures Order.

[5] Docket No. 19378.

3

Omnibus Objection alleges that claims subject to the objection are derivative claims under which either the Debtor is owed money or no money is owed by the Debtor. The 179th Omnibus Objection does not mention any substantive issues related to LBHI's guarantee of the Holder Trust Derivative Claim, which forms the basis for the Holder Trust Guarantee Claim.

10. On August 19, 2011, the Debtors also filed the 182nd Omnibus Objection, requesting that the Court allow the Holder Trust Derivative Claim in the amount of $2,000,000. In the 182nd Omnibus Objection, the Debtors provide neither support for this valuation of the Holder Trust Derivative Claim nor any explanation for why it differs from the amount provided in the proof of claim filed by the Holder Trust with respect to this claim.

## RESPONSE AND RESERVATION OF RIGHTS

11. The Holder Trust objects to the treatment of the Holder Trust Derivative Claim proposed in the 182nd Omnibus Objection. Absent any support or explanation from the Debtors, the amount of the Holder Trust Derivative Claim should not be reduced. In addition, in the event that the Holder Trust Guarantee Claim is disallowed, the Holder Trust believes it may be entitled to an increased recovery against LBSFI under the Holder Trust Derivative Claim for damages caused by LBSFI's failure to secure LBHI's guarantee of its obligations under the Transaction Documents.

12. Given the limited analysis set forth in the 182nd Omnibus Objection, the Holder Trust is not using the Response to set forth its detailed analysis of the legal issues related to the allowance of the Holder Trust Guarantee Claim or the Holder Trust Derivative Claim. The Holder Trust reserves the right, however, after discovery and prior to a hearing on the merits of the Holder Trust Guarantee Claim and the Holder Trust Derivative Claim to provide briefing on the applicable legal issues.

13. In addition, the Holder Trust believes there are various theories under which the allowable amount of the Holder Trust Derivative Claim could increase in the event the Holder Trust Guarantee Claim is not allowed, and the Holder Trust reserves its rights to assert such theories in the event that the Holder Trust Guarantee Claim is not allowed.

FOR ALL THE ABOVE STATED REASONS, the Holder Trust respectfully requests that the Court (i) deny the relief requested in the 182nd Omnibus Objection as to the Holder Trust Derivative Claim and (ii) grant such further relief as the Court deems just.

Dated: January 12, 2012
   New York, New York

                        HAYNES AND BOONE, LLP

                        */s/ Robert D. Albergotti*
                        Robert D. Albergotti (admitted *pro hac vice*)
                        Autumn D. Highsmith (admitted *pro hac vice*)
                        HAYNES AND BOONE, LLP
                        2323 Victory Ave., Suite 700
                        Dallas, TX 75219
                        Telephone: (214) 651-5000
                        Facsimile: (214) 884-8211

                        *Attorneys for Steven G. Holder Living Trust*

# CERTIFICATE OF SERVICE

      I hereby certify that a true copy of the foregoing document was served via hand delivery, on January 12, 2012, upon the parties listed below with a copy to the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

                                      */s/ Robert D. Albergotti*

**Attorneys for the Debtors**
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Robert J. Lemons, Esq.,
Penny Reid, Esq.,
Ralph Miller, Esq., and
Lee J. Goldberg, Esq.

**Office of the United States Trustee for Region 2**
33 Whitehall Street, 21st Floor
New York, New York, 10004
Attn: Tracy Hope Davis, Esq.
Elisabetta Gasparini, Esq., and
Andrea B. Schwartz, Esq.

**Attorneys for the Official Committee of Unsecured Creditors**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York, 10005
Attn: Dennis F. Dunne, Esq.,
Dennis O'Donnell, Esq., and
Evan Fleck, Esq.