Peter A. Zisser, Esq.
Squire Sanders (US) LLP
30 Rockefeller Plaza, 23rd Floor
New York, New York 10112
Telephone: +1.212.872.9800
Facsimile: +1.212.872.9815
peter.zisser@squiresanders.com

*Counsel to ITOCHU Corporation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                       :

**In re**                            :           **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.,* :     **08-13555 (JMP)**
                                       :

                    **Debtors.**       :     **(Jointly Administered)**
                                       :
-----------------------------------------------------------------x

**RESPONSE OF ITOCHU CORPORATION**
**OPPOSING DEBTORS' TWO HUNDRED FOURTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

ITOCHU Corporation ("Itochu"), by and through its counsel, hereby responds to the

"Debtors' Two Hundred Forty-Fourth Omnibus Objection to Claims (No Liability Derivative

Claims)" [Docket No. 23250] (the "Omnibus Objection"), and respectfully states as follows:

    1.      Itochu is the holder of derivative contract claims against Lehman Brothers

Commodity Services Inc. ("LBCS") and Lehman Brothers Holdings Inc. ("LBHI" and together

with LBCS, the "Debtors"), each of whom is a debtor in the above-captioned cases.  On or about

September 1, 2009, Itochu filed a Proof of Claim against LBCS in the amount of $122,846.50,

which was designated as Claim No. 10367 (the "Itochu Claim").

    2.      On December 12, 2011, the Debtors filed the Omnibus Objection.  The Omnibus

Objection seeks to disallow and expunge the Itochu Claim in its entirety, relying solely on the

unsupported conclusion "that [the Claim provides] no basis of liability as to the Debtors" and "that the Debtors do not owe any amounts to the claimants…" <u>Omnibus Objection</u> at ¶2.

3.      The Debtors offer no support or evidence of any kind for their objection to the Itochu Claim.  The Debtors fail to raise or identify any issue of law or fact to call into question the validity, enforceability or amount of the Itochu Claim, which is amply supported by the documents filed with the Itochu Claim.  In fact, the Debtors do not even provide any support for how they came to the conclusion that no amount is owed to Itochu.

4.      "A proof of claim executed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] shall constitute *prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f).  A claim for which a proof of claim is filed is deemed allowed unless a party-in-interest objects.  11 U.S.C. § 501(a).  An objecting party cannot overcome the *prima facie* validity of a properly filed proof of claim merely by stating that the claim is disallowed and expunged; the evidence supporting the objection must at least rise to the level of the evidence submitted in support of the claim.  *See In re Jensen*, 2010 Bankr. LEXIS 229, *7-8 (Bankr. S.D.N.Y. Feb. 3, 2010) ("A properly filed proof of claim is prima facie evidence of the validity and the amount of the claim. The party objecting to the claim has the burden of introducing evidence sufficient to rebut the presumption of validity. Debtor must marshal evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the Claim.") (citations omitted)  *See also Fullmer v. United States (In re Fullmer)*, 962 F.2d 1463, 1466 (10th Cir. 1992) ("A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. This evidentiary presumption remains in force even though an objection to the claim is filed by a party in interest. To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof

of claim. Only then is the ultimate burden of persuasion with the proponent of the proof of claim.") (citations omitted).

5.      The Omnibus Objection fails to rebut in any respect the *prima facie* case established by the Itochu Claim.

6.      The Itochu Claim is sufficient to support entitlement to allowance on its face and nothing contained in the Omnibus Objection provides any basis for the Court to reduce or disallow the Itochu Claim.  The Court should therefore overrule the Omnibus Objection insofar as it relates to the Itochu Claim and enter an order allowing the Itochu Claim in the full amount of $122,846.50.

7.      Itochu reserves all of its rights with respect to the Itochu Claim, including, without limitation, the right to supplement this response in connection with any further objection of the Debtors or otherwise.

WHEREFORE, Itochu respectfully requests that this Court overrule the Omnibus Objection in its entirety as it relates to the Itochu Claim and enter an order allowing the Itochu Claim in the amount asserted therein.


Dated: New York, New York
        January 12, 2011

                            Respectfully submitted,

                            SQUIRE SANDERS (US) LLP

                            By:  /s/Peter A. Zisser
                            Peter A. Zisser (PZ-9634)
                            30 Rockefeller Plaza
                            New York, NY 10112
                            Telephone:  (212) 872-9800
                            Facsimile:  (212) 872-9815
                            Email:  peter.zisser@squiresanders.com

                            *Counsel to ITOCHU Corporation*