B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc.,              Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| CF Claims LLC | Georg Blumlhuber |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
Attn: David Sharpe
1345 Ave of the Americas, 23rd Floor
New York, NY 10105

Court Claim # (if known): 10566
Amount of Claim: $2,900.00
Date Claim Filed: 9/08/2009

Phone: (212) 479-7072
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____     Date: 12/16/11
    Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.


RECEIVED
DEC 22 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re Lehman Brothers Holdings, Inc.,                   Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

CF Claims LLC                                           Georg Blumlhuber
Name of Transferee                                      Name of Transferor

Name and Address where notices to transferee            Court Claim # (if known): 10568
should be sent:                                         Amount of Claim: $2,900.00
Attn: David Sharpe                                      Date Claim Filed: 9/08/2009
1345 Ave of the Americas, 23rd Floor
New York, NY 10105

Phone: (212) 479-7072                                   Phone:
Last Four Digits of Acct #:                             Last Four Digits of Acct. #:

Name and Address where transferee payments
should be sent (if different from above):

Phone:
Last Four Digits of Acct #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____                             Date: 12/16/11
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

RECEIVED
DEC 22 2011
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

## Agreement and Evidence of Assignment Of Claim

1. BUJMLHUBER, GEORG ("Seller"), its successors and assigns, for good and valuable consideration, the sufficiency of which is hereby acknowledged, in the amount of US$2465 (the "Payment"), does hereby absolutely, unconditionally and irrevocably sell, transfer and assign unto CF Claims LLC ("Purchaser"), Purchaser's successors and assigns, and Purchaser agrees to purchase, as of the Effective Date (as defined below), all of Seller's rights, title and interest in and to the claim in the aggregate principal amount of US$2,900.00, as reflected in Proof of Claim No. 010566 (the "Proof of Claim") against 08-13555 Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor-in-possession in the chapter 11 reorganization case, Case No. 08-13555 Lehman Brothers Holdings, Inc. (JMP) (the "Case"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), including, without limitation, all of Seller's rights to receive distributions in respect of the Claim in connection with the Case (the "Claim"). Purchaser shall make Payment by check sent to Seller via first class U.S. Mail promptly following approval of the Claim. This Agreement and Assignment of Claim (this "Agreement") shall not be effective until the Payment is received by Seller (the "Effective Date").

2. Seller hereby represents and warrants to Purchaser that (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on September 22, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of such claims; (b) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability; (d) this Agreement has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (e) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Seller; (f) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (g) no payment or other distribution has been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party (in whole or in part); (i) Seller owns and has good and marketable title to the Claim, free and clear of any and all liens, claims, set-off rights, security interests, or encumbrances created or incurred by Seller or against Seller; (j) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (k) Seller is not an affiliate (as such term is defined in the Bankruptcy Code). Further, Seller acknowledges, (x) that Purchaser is an independent party and Purchaser is not acting for or on behalf of Seller, and (y) represents and warrants to Purchaser that Seller has either obtained legal advice from its own counsel in connection herewith or Seller has independently determined to enter into this Agreement without the benefit of counsel. Seller acknowledges that Purchaser reserves the right to review the Claim prior to purchase and may refuse to purchase Seller's claim for any reason.

3. Seller agrees that in the event Seller shall receive any payments or distributions or notices with respect to or relating to the Claim after the date hereof, Seller shall accept the same as Purchaser's agent and shall hold the same in trust on behalf of and for the sole benefit of Purchaser, and shall promptly deliver the same forthwith to Purchaser in the same form received (free of any withholding, set-off, claim or deduction of any kind), within 30 days and in the case of securities, such securities shall be in good deliverable form, with the endorsement of Seller when necessary or appropriate. In the event Seller fails to deliver any such payment or distribution within 30 days of Seller's receipt, Seller shall be obligated to pay Purchaser interest on any cash payment or distribution at a rate of 17.99% per annum or the maximum rate permitted by law, from the date of Seller's receipt to the date of Purchaser's receipt.

5. Seller hereby waives any objection to the transfer of the Claim to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Claim, and directing that all payments or distributions of money or property in respect of the Claim be delivered or made to Purchaser.

6. All representations, warranties, covenants and indemnities contained herein shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms of this Agreement, including, without limitation, Seller's cooperation with Purchaser in the event that the Claim may at any time be impaired for any reason whatsoever such as in the event that Debtor makes an objection with respect to the Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. This Agreement states the entire agreement between the parties concerning the subject matter hereof and supersedes any prior agreements, understandings, or representations with respect to the subject matter hereof. Any addition or modification to this Agreement must be made in writing and signed by authorized representatives of each of the parties hereto.

10. If any of the provisions of this Agreement are found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision(s) shall be deemed modified or stricken to the extent required to permit enforcement of the remainder of the Agreement.

11. This Agreement may be signed in one or more counterparts. Facsimile and electronic scanned copies of this Agreement shall be treated as originals for purposes of enforcement.

IN WITNESS WHEREOF, this transfer of claim is entered into as of the Effective Date.

SELLER
BLÜMLHUBER, GEORG

By: _Blümlhuber Georg_
Title: _____
Date: _October 11, 2011_
Fax No.: _0049416H334_
Email: _g.bluemlhuber@gmx.de_

[signature]

PURCHASER
CF Claims LLC

By: [signature]
Name: _____
Title: _____
Date: _____

## Agreement and Evidence of Assignment Of Claim

1. BLUMLHUBER, GEORG ("Seller"), its successors and assigns, for good and valuable consideration, the sufficiency of which is hereby acknowledged in the amount of US$2465 (the "Payment"), does hereby absolutely, unconditionally and irrevocably sell, transfer and assign unto CF Claims LLC ("Purchaser"), Purchaser's successors and assigns, and Purchaser agrees to purchase, as of the Effective Date (as defined below), all of Seller's rights, title and interest in and to the claim in the aggregate principal amount of US$2,900.00, as reflected in Proof of Claim No. 010566 (the "Proof of Claim") against 08-13555 Lehman Brothers Holdings, Inc. (JMP) (the "Case"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Lehman Brothers Holdings, Inc. (JMP) (the "Case"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), including, without limitation, all of Seller's rights to receive distributions in respect of the Claim in connection with the Case (the "Claim"). Purchaser shall make Payment by check sent to Seller via first class U.S. Mail promptly following approval of the Claim. This Agreement and Assignment of Claim (this "Agreement") shall not be effective until the Payment is received by Seller (the "Effective Date").

2. Seller hereby represents and warrants to Purchaser that (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on September 22, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of such claims; (b) the Claim is an allowed, valid, liquidated and undisputed and non-contingent claim in at least the amount of US$2,900.00 against the Debtor; (c) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action, in whole or in part, whether on contractual, legal or equitable grounds, that have been or may be asserted by or on behalf of the Debtor or any other party to reduce the amount of the Claim or affect its validity, priority or enforceability; (d) this Agreement has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement; (e) no consent, approval, filing or corporate, partnership or other action is required at a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Seller; (f) this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (g) no payment or other distribution has been received by Seller, or by any third party on behalf of Seller, in full or partial satisfaction of, or in connection with, the Claim; (h) no portion of the Claim has been sold, assigned or pledged to any third party (in whole or in part); (i) Seller owns and has good and marketable title to the Claim, free and clear of any and all liens, claims, set-off rights, security interests, or encumbrances created or incurred by Seller or against Seller; (j) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Claim proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (k) Seller is not an affiliate (as such term is defined in the Bankruptcy Code). Further, Seller acknowledges, (x) that Purchaser is an independent party and Purchaser is not acting for or on behalf of Seller, and (y) represents and warrants to Purchaser that Seller has either obtained legal advice from its own counsel in connection herewith or Seller has independently determined to enter into this Agreement without the benefit of counsel. Seller acknowledges that Purchaser reserves the right to review the Claim prior to purchase and may refuse to purchase Seller's claim for any reason.

3. Seller agrees that in the event Seller shall receive any payments or distributions or notices with respect to or relating to the Claim after the date hereof, Seller shall accept the same as Purchaser's agent and shall hold the same in trust on behalf of and for the sole benefit of Purchaser, and shall promptly deliver the same forthwith to Purchaser in the same form received (free of any withholding, set-off, claim or deduction of any kind), within 30 days and in the case of securities, such securities shall be in good deliverable form, with the endorsement of Seller when necessary or appropriate. In the event Seller fails to deliver any such payment or distribution within 30 days of Seller's receipt, Seller shall be obligated to pay Purchaser interest on any cash payment or distribution at a rate of 17.99% per annum or the maximum rate permitted by law, from the date of Seller's receipt to the date of Purchaser's receipt.

5. Seller hereby waives any objection to the transfer of the Claim to Purchaser on the books and records of the Debtor and the Court and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Claim. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Claim, and directing that all payments or distributions of money or property in respect of the Claim be delivered or made to Purchaser.

6. All representations, warranties, covenants and indemnities contained herein shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

7. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms of this Agreement, including, without limitation, Seller's cooperation with Purchaser in the event that the Claim may at any time be impaired for any reason whatsoever such as in the event that Debtor makes an objection with respect to the Claim.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

9. This Agreement states the entire agreement between the parties concerning the subject matter hereof and supersedes any prior agreements, understandings, or representations with respect to the subject matter hereof. Any addition or modification to this Agreement must be made in writing and signed by authorized representatives of each of the parties hereto.

10. If any of the provisions of this Agreement are found to be unenforceable, the remainder shall be enforced as fully as possible and the unenforceable provision(s) shall be deemed modified or stricken to the extent required to permit enforcement of the remainder of the Agreement.

11. This Agreement may be signed in one or more counterparts. Facsimile and electronic scanned copies of this Agreement shall be treated as originals for purposes of enforcement.

IN WITNESS WHEREOF, this transfer of claim is entered into as of the Effective Date.

SELLER                                                              PURCHASER
BLUMLHUBER, GEORG                                                   CF Claims LLC

By: _Blumhuber Georg_                                               By: [signature]
Name: Blumhuber Georg                                               Name: _____
Title: _____                                              Title: _____
Date: _October 11. 2011_                                            Date: _____
Fax No.: _0049941694334_
Email: _g.blumhuber@gmx.de_