Carmine D. Boccuzzi Jr.
David Y. Livshiz
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: (212) 225-2000
Facsimile: (212) 225-3999

*Attorneys for Finmeccanica S.p.A.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., | Case No. 08-1355 (JMP) |
| Debtors. | (Jointly Administered) |

**VERIFIED RESPONSE OF FINMECCANICA S.P.A. TO THE**
**DEBTORS' TWO HUNDRED FORTY-FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Finmeccanica S.p.A. ("Finmeccanica") hereby files its response in opposition to

the Debtors' Two Hundred and Forty-Fourth Omnibus Objection to Claims (No Liability

Derivative Claims) (the "Objection"), to the extent that the Objection seeks to disallow and

expunge Claims No. 7366 and 7367 (the "Finmeccanica Claims," attached hereto as Exhibits A

and B, respectively) filed by Finmeccanica against Lehman Brothers Special Financing Inc.

("LBSF") and Lehman Brothers Holdings Inc. ("LBHI"), two of the Debtors in the above-

captioned Chapter 11 cases.

**PRELIMINARY STATEMENT**

1.      Finmeccanica filed Claim No. 7366 against LBSF in the amount of $487,854.06,
and Claim No. 7367 against LBHI in the same amount of $487,854.06.  The claim against LBSF
arises out of several derivatives transactions with LBSF, which Finmeccanica terminated after
LBHI filed a petition for bankruptcy protection under Chapter 11 of Title 11 (the
"Transactions").  The claim against LBHI is based on LBHI's guarantee of the obligations of
LBSF with respect to the Transactions.

2.      Finmeccanica's claim against LBSF was properly calculated in accordance with
the parties' agreement.  Finmeccanica's claim against LBHI is based on the same calculation, as
it arises from LBHI's unconditional guarantee of LBSF's obligations.  The Debtors proffer no
analysis or evidence to suggest that this calculation of the claim amounts is in error, not in
accordance with the parties' agreement, or otherwise incorrect.  Nevertheless, the Objection asks
this Court to disallow and expunge the Finmeccanica Claims.  Because the Objection offers no
supporting evidence, the Debtors have not, and cannot, overcome the *prima facie* validity that
attached to the Finmeccanica Claims.  Accordingly, the Objection must be overruled as it applies
to the Finmeccanica Claims.

**BACKGROUND**

3.      Finmeccanica and LBSF were parties to an ISDA Master Agreement
(Multicurrency-Cross Border) dated as of June 9, 1995, and amended as of October 19, 1998 (as
amended, and together with the Schedule dated June 9, 1995 (the "Schedule"), the "Master
Agreement").  LBHI unconditionally guaranteed LBSF's obligations under the Master
Agreement by way of a Guarantee dated as of June 9, 1995 (the "Guarantee").

4.      Pursuant to the Master Agreement, from time to time, Finmeccanica and LBSF

entered into foreign exchange and interest rate swap transactions, some of which were

outstanding on September 15, 2008.

5.      LBHI's filing of a voluntary petition for relief under Chapter 11 on September 15,

2008 constituted an Event of Default[1] under Section 5(a)(vii)(6) of the Master Agreement,

resulting in the Early Termination of all outstanding transactions entered into under the Master

Agreement pursuant to Section 6(a) of the Master Agreement, effective as of September 15,

2008.  On October 2, 2008, Finmeccanica provided notice of the early termination of the

Transactions to LBSF and LBHI at the notice addresses specified in the Master Agreement and

Guarantee, respectively (the "Notice").[2]  In accordance with Sections 6(d)(i) and 6(e) of the

Master Agreement, the Notice included annexes showing in detail the calculation of the net

amount due from LBSF to Finmeccanica with respect to the Transactions, with such amount

totaling US$462,199.28 on Early Termination (before interest and expenses).

6.      On April 8, 2009, Finmeccanica timely filed proofs of claim against LBSF and

LBHI.  On August 5, 2009, Finmeccanica filed amended and restated proofs of claim in order to

comply with paragraph (f) of this Court's July 2, 2009 Order.

7.      On October 19, 2009, Finmeccanica completed and submitted the Derivative

Questionnaire and Guarantee Questionnaire with respect to its claims against LBSF and LBHI,

respectively.  Finmeccanica uploaded copies of the pertinent documentation, including

documentation supporting its calculation of the amounts owed by LBSF and LBHI.  Since the

---

[1] Capitalized terms used herein but not defined herein have the meanings ascribed thereto in the Master Agreement.
[2] The Notice was returned undelivered due to the absence of any LBSF or LBHI presence at either of the specified notice addresses.  After several further attempts to deliver the Notice, Finmeccanica finally received a letter dated December 5, 2008, in which LBSF, through its counsel, acknowledged the Early Termination.

filing of the Finmeccanica Claims, Finmeccanica has cooperated with the Debtors' requests for

additional information.

8.      By the Objection, the Debtors seek to disallow and expunge the Finmeccanica

Claims.  Their purported justification is an unsupported and unexplained statement that the

claims subject to the Omnibus Objection "provide no basis of liability as to the Debtors . . .

based on the fair, accurate, and reasonable values of the subject Derivative Contracts," as

determined by the Debtors.  Objection ¶ 2.  The Objection also contends, without any

particularity or evidentiary support, that "in most cases, the respective claimants actually owe

money to the Debtors based on such Derivatives Contracts."  Id.  The Debtors have not provided

any justification supporting a contrary valuation of the Finmeccanica Claims, nor have they

asserted that Finmeccanica improperly calculated the Finmeccanica Claims under the

methodology provided for in the Master Agreement, nor does the Objection assert that

Finmeccanica is one of the claimants allegedly owing money to the Debtors based on its

Derivative Contracts.  The Debtors' Objection, as it applies to the Finmeccanica Claims, must

therefore be overruled.

### ARGUMENT

9.      A proof of claim, timely and properly filed, is *prima facie* evidence of the validity

and amount of the claim.  See Fed. R. Bankr. P. 3001(f); see also In re DJK Residential LLC,

416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009); In re Hess, 404 B.R. 747, 750 (Bankr. S.D.N.Y.

2009).  "To overcome this prima facie evidence, the [Debtors] must come forth with evidence

which, if believed, would refute at least one of the allegations essential to the claim."  Sherman

v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000); In re Alper Holdings USA, No.

07-12148 (BRL), 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. Jan. 15, 2008) (a party filing

an objection to a properly filed proof of claim bears the burden of producing "evidence sufficient to negate the *prima facie* validity of the filed claim"); see also Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.), No. 98 Civ. 4990(HB), 1999 WL 178788, at *3 (S.D.N.Y. Mar. 31, 1999) ("Once the claimant has established its prima facie case, the burden of going forward then shifts to the debtor to produce evidence sufficient to negate the prima facie validity of the filed claim."); In re Woodmere Investors Ltd. P'ship, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) (overruling the debtor's objection to claim where the debtor failed to offer any evidence to support its contention that the claim was unreasonable).

10.     To overcome the *prima facie* effect of a properly filed proof of claim, the objecting party must "affirmatively produce evidence."  In re Make Meat Corp., 1999 WL 178788, at *4 (emphasis in original).  That evidence must "refute at least one of the allegations that is essential to the claim's legal sufficiency."  In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009).  The authority cited in the Objection hardly establishes that a debtor's *mere* assertion that "one of the claim's essential allegations" has been refuted, Objection at ¶ 12, without any supporting evidence, suffices to impose a burden of proof on the claimant.  See In re Oneida, 400 B.R. at 389 ("The burden . . . shifts to the claimant if the objector produces evidence equal in force to the prima facie case . . . ." (emphasis added) (internal quotation marks and ellipsis omitted)).  Thus, the burden shifts back to the claimant if, and only if, the objecting party meets its burden of producing evidence that refutes an allegation essential to the claim.  In re Reilly, 245 B.R. at 773; In re Martinez, 409 B.R. 35, 38 (Bankr. S.D.N.Y. 2009).

11.     Here, the Debtors have produced no evidence whatsoever to support their demand that the Finmeccanica Claims should be disallowed and expunged.  Merely stating on an omnibus basis that "[a]fter a review of the claimants' supporting documentation and the Debtor's

5

books and records, the Debtors have determined that, based on the fair, accurate, and reasonable

values of the subject Derivative Contracts and the netting provisions thereunder, the Debtors do

not owe any amounts to the claimants but rather either no amounts are owed under the

Derivatives Contracts to either party or the respective claimants actually owe money to the

Debtors based on such Derivative Contracts," Objection at ¶ 11 – the sole purported justification

proffered by the Debtors – does not come close to satisfying their burden.  This unsupported and

ambiguous statement does not constitute evidence at all, much less "evidence which, if believed,

would refute at least one of the allegations essential to the claim."  In re Reilly, 245 B.R. at 773.

Moreover, the notion that "the Debtors['] . . . determin[ation]," Objection at ¶ 11, has any

relevance at all is in contradiction with the plain language of Section 6(e) of the Master

Agreement.  See Master Agreement § 6(e)(i)(3) (in the event of Early Termination resulting from

an Event of Default, the Settlement Amount is "determined by the Non-defaulting Party"

(emphasis added)).  The Debtors have failed to provide this Court with any insight into its

rationale for requesting the disallowance and expungement of the Finmeccanica Claims.

Accordingly, the Objection, as it applies to the Finmeccanica Claims, must be overruled.

**CONCLUSION**

WHEREFORE, for the foregoing reasons, Finmeccanica respectfully requests that

this Court deny the Objection as to the Finmeccanica Claims, allow the Finmeccanica Claims in

the amount of $487,854.06 against LBSF and LBHI, and grant such other relief as this Court

deems just and proper.

Dated:  New York, New York
        January 12, 2012

                                        Respectfully submitted,

                                         /s/ Carmine D. Boccuzzi
                                        Carmine D. Boccuzzi Jr.
                                        cboccuzzi@cgsh.com
                                        David Y. Livshiz
                                        dlivshiz@cgsh.com

                                        CLEARY GOTTLIEB STEEN & HAMILTON LLP
                                        One Liberty Plaza
                                        New York, New York 10006
                                        Telephone: (212) 225-2000
                                        Facsimile: (212) 225-3999

                                        *Attorneys for Finmeccanica S.p.A.*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, Luigi Calabria deposes and says:

I am the Head of Finance at Finmeccanica S.p.A. I acknowledge that I have read the

foregoing Verified Response to the Debtors' Two Hundred Forty-Fourth Omnibus Objection to

Claims (No Liability Derivative Claims). I have personal knowledge of the facts and matters

therein set forth in paragraphs 3 through 7, and declare under penalty of perjury of the laws of the

United States of America that each of these facts and matters is true and correct to the best of my

present knowledge, information and belief.

Dated: January 11th , 2012

Rome, Italy

_____

Luigi Calabria