| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000007366 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Special Financing Inc. | Case No. of Debtor<br>08-13888 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Finmeccanica S.p.A.
Piazza Monte Grappa, 4
00195 Rome, Italy

Email: Marco.Cantoni@Finmeccanica.com

Telephone number: +39 06 324 731     Email Address: See above.

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 0000003717
(If known)

Filed on: April 8, 2009

Name and address where payment should be sent (if different from above)

Telephone number:     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 487,854.06
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attachment to this amended and restated proof of claim.
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:
See docs attached to original claim form. Creditor will also complete derivatives questionnaire and upload docs.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**AUG 0 5 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>July 31, 09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>/s/ Alexander Cacus | |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

In re Lehman Brothers Holdings Inc., et. al., Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)

## ATTACHMENT TO AMENDED AND RESTATED
## PROOF OF CLAIM OF FINMECCANICA S.P.A

The undersigned, Alessandro Pansa, is the Co-General Manager of Finmeccanica - Società per azioni ("Finmeccanica") a corporation organized under the laws of the Italian Republic, which maintains an office at Rome, Italy, and is duly authorized and empowered to make this amendment to Finmeccanica's proof of claim against Lehman Brothers Special Financing Inc. ("LBSF") (Court Claim Number 0000003717).

## BASIS OF CLAIMS

Lehman Brothers Special Financing Inc. ("LBSF") and Finmeccanica (together, the "Parties") entered into the ISDA Master Agreement (Multicurrency – Cross Border), attached hereto as Exhibit A, on June 9, 1995, and entered into the amendment thereto, attached hereto as Exhibit B, on October 19, 1998 (the ISDA Master Agreement as so amended, the "Master Agreement"). The Schedule to the Master Agreement is dated June 9, 1995 and is attached hereto as Exhibit C (the "Schedule"). The Master Agreement and the Schedule, together, are herein referred to as the "Agreement."[1]

The Parties entered into foreign exchange and interest rate swap transactions pursuant to the Agreement from time to time. Each interest rate transaction was evidenced by a documentary confirmation (as described in the Master Agreement), exchanged between the Parties (each, a "Confirmation"). The Confirmations attached as exhibits D-1 through D-4 hereto evidence all of the interest rate swap transactions between the Parties that were outstanding as of September 15, 2008. Foreign exchange swap transactions were confirmed using the facilities of an LBSF website, and monthly summaries listing all outstanding foreign exchange swap transactions (as well as interest rate swap transactions) were sent by LBSF to

---

[1] Capitalized terms used herein but not defined herein have the meanings ascribed thereto in the Agreement.

In re Lehman Brothers Holdings Inc., et. al., Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)

Finmeccanica. The summary received by Finmeccanica on September 16, 2008 is attached as Exhibit D-5 hereto; it evidences all of the swap transactions between the Parties that were outstanding as of September 15, 2008. (the "Transactions").

On September 15, 2008, LBSF's parent company, Lehman Brothers Holdings Inc. ("LBHI" and together with LBSF, the "Lehman Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief under Chapter 11 of the United States Bankruptcy Code ("Chapter 11"). Because LBHI is named in Section 1(a) of the Schedule as LBSF's "Specified Entity" and named in Section 4(g) of the Schedule as LBSF's "Credit Support Provider," such filing constituted an Event of Default under Section 5(a)(vii)(6)[2] of the Agreement. This Event of Default resulted in the Automatic Early Termination of the Agreement under Section 6(a) of the Master Agreement and Part 1(e) of the Schedule, effective as of September 15, 2008 ("the Early Termination Date").[3]

Though the giving of notice is not a prerequisite for Automatic Early Termination, on October 2, 2008, Finmeccanica provided notice of the termination of the Agreement to LBSF and to LBHI at the notice addresses for such parties specified in Part 4 of

---

[2] Section 5(a)(vii)(6) refers to an entity seeking or becoming "subject to the appointment of an administrator, provisional administrator, conservator, receiver, trustee, custodian or other similar official for it or for all or substantially all its assets." An Event of Default also arose under other subsections of Section 5(a)(vii), including Section 5(a)(vii)(5) (covering resolutions passed for the winding-up or liquidation of companies) and Section 5(a)(vii)(8) (covering events with "analogous effect").

[3] (i) Section 1(e) of the Schedule provides that "The Automatic Early Termination provisions of Section 6(a) will apply to each of Party A and Party B"; (ii) Section 6(a) of the Master Agreement provides that if "Automatic Early Termination is specified in the Schedule as applying to a party, then an Early Termination Date...will occur immediately upon the occurrence with respect to such party of an Event of Default specified in Section 5(a)(vii)(1), (3), (5), (6) or, to the extent analogous thereto, (8)"; (iii) Section 5(a) provides that it constitutes an event of default "*with respect to a party*" if any of the listed events happens to the party or "if applicable, any Credit Support Provider of such party or any Specified Entity of such party"; and (iv) Section 5(a)(vii) refers to "The party, any Credit Support Provider of such party or any applicable Specified Entity of such party" suffering any of the listed bankruptcy-type events.

In re Lehman Brothers Holdings Inc., et. al., Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)

the Schedule (in the case of LBSF) and in the eleventh paragraph of the "Guarantee of Lehman Brothers Holdings Inc." referred to below (in the case of LBHI). Such notice (the "Notice") also included annexes showing in detail the calculation of the "Payments on Early Termination," due from LBSF to Finmeccanica, in accordance with Section 6(d)(i) and Section 6(e) of the Master Agreement, taking into account the Transactions, and using the "Second Method and Market Quotation," as required by Part 1(f) of the Schedule. Annexes 1 and 2 to the Notice provide details in respect of foreign exchange and interest rate swap Transactions, respectively, and Annex 3 shows the net amount due from LBSF to Finmeccanica, as of the Early Termination Date, in accordance with Section 6(d)(ii) of the Master Agreement (such amount equalling US$462,199.28). The Notice, including its three annexes, is attached hereto as Exhibit E.

Because the Notice was returned to Finmeccanica, undelivered (due to the absence of any LBSF or LBHI presence at either of the specified notice addresses) Finmeccanica and its corporate counsel, Cleary Gottlieb Steen & Hamilton LLP ("CGSH"), made additional attempts to deliver notice to the Lehman Debtors and to their bankruptcy counsel, Weil, Gotshal & Manges LLP ("Weil Gotshal"). On October 28, 2008, Finmeccanica sent the Notice by courier to the last known business address of LBSF and, on the same date, CGSH sent the Notice by facsimile transmission, along with a cover letter (attached hereto as Exhibit F) to Weil Gotshal. The facsimile transmission was not acknowledged and the mailing was returned, along with a notice from Barclays Capital stating that it was undeliverable (such notice attached hereto as Exhibit G). Subsequently, on November 21, 2008, Finmeccanica sent the Notice by courier along with a new cover letter to Weil Gotshal and to a further business address of the Lehman Debtors at which Cleary was advised that employees of the Lehman Debtors continued to operate. This letter is attached as Exhibit H. Finally, in mid-December, Finmeccanica received

3

In re Lehman Brothers Holdings Inc., *et. al.*, Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)

the letter dated December 5 and attached as Exhibit I hereto, which is an acknowledgement by Weil on behalf of LBSF of the Automatic Early Termination, but which purports to reserve LBSF's rights with respect to remedies.

The principal amount of the debt owed by LBSF to Finmeccanica is US$462,199.28, calculated as shown in annexes 1-3 of Exhibit E. However, Section 6(d)(ii) of the Master Agreement states that the amount to be paid in respect of an Early Termination Date will be paid together with interest thereon, where such interest is compounded daily from and including the Early Termination Date to, but excluding, the date of payment at the Applicable Rate (defined in Section 14 of the Master Agreement, by reference to the further defined term, "Default Rate," as "a rate per annum equal to the cost (without proof or evidence of any actual cost) to the relevant payee (as certified by it) if it were to fund or of funding the relevant amount plus 1% per annum"). Finmeccanica calculates this rate as being equal to 3% per annum, as specified in the Notice. Applying this rate of interest to the US$462,199.28 principal amount of the debt between the Early Termination Date and the date of LBSF's own filing of a petition in the United States Bankruptcy Court for the Southern District of New York seeking relief in respect of itself under Chapter 11 (October 3, 2008), Finmeccanica calculates the total debt of LBSF, as of the date of such petition, as US$462,854.06. Therefore, Finmeccanica demands the payment of US$462,854.06 in respect of the Automatic Early Termination.

Moreover, Section 11 of the Master Agreement requires LBSF to reimburse all reasonable out-of-pocket expenses, including legal expenses, incurred by Finmeccanica. As of today, such expenses are no less than US$25,000.

As a result, the total amount today owed by LBSF to Finmeccanica is equal to US$487,854.06.

4

<u>In re Lehman Brothers Holdings Inc., et. al., Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)</u>

The amount owed by Finmeccanica is unconditionally guaranteed by LBHI pursuant to the Guarantee of Lehman Brothers Holdings Inc. attached hereto as Exhibit J, which was issued by LBHI in respect of the Agreement. Furthermore, LBSF's obligations are generally subject to the broad guarantee of all liabilities, obligations and commitments of LBSF contained in the Unanimous Written Consent of the Executive Committee of the Board of Directors of LBHI, attached hereto as Exhibit K. Therefore, Finmeccanica's claim for $487,854.06 is made equally against LBSF and LBHI, with each being subrogated to the rights of the other in respect of any portion of such amount paid by the other.

Finnmeccanica previously filed a proof of claim on the basis of this claim on April 8, 2009. Finmeccanica now submits this amended and restated proof of claim form solely to comply with the unique procedures for claims based on derivative contracts set forth in the bar date order issued by the U.S. Bankruptcy Court for the Southern District of New York on July 2, 2009 (the "Order").[4] Specifically, Finmeccanica files this amended and restated proof of claim in order to comply with paragraph (f) set forth on page 4 of the Order.[5] Prior to October 22, 2009, in accordance with the Order, Finmeccanica will also complete a "Derivative Questionnaire."

Finmeccanica reserves the right to withdraw, amend, clarify, modify or supplement this proof of claim, to assert additional claims or additional grounds for its claims. Finmeccanica also reserves all rights accruing to it against LBHI, and the filing of this proof of

---

[4] This amended and restated proof of claim also contains an updated estimate of Finmeccanica's out-of-pocket expenses, including legal expenses, which accounts for the difference in the stated total claim amount between the date of the original proof of claim and the date of this amended and restated proof of claim.

[5] Since the original claim form did not contain the checkbox included in the new form to designate claims as derivatives claims, and given the special procedures applicable to derivatives claims and the fact that Finmeccanica's claim is a derivatives claim, it was thought prudent to prepare the present amendment in order to include such checkbox (duly checked) on the claim form.

5

<u>In re Lehman Brothers Holdings Inc., *et. al.*, Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)</u>

claim is not intended to be and shall not be construed as (a) an election of remedy or (b) a waiver or limitation of any rights of Finmeccanica. In addition, Finmeccanica reserves the right to supplement this proof of claim with relevant documents to the extent necessary. Furthermore, Finmeccanica reserves the right to withdraw this proof of claim for any reason whatsoever.

This proof of claim shall not be deemed to be a waiver of Finmeccanica's right (i) to have final orders in non-core matters entered only after de novo review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, setoffs or recoupments to which claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses and recoupments Finmeccanica expressly reserves.

This proof of claim is in addition to, and does not supersede, any other proof of claim filed or to be filed by Finmeccanica against the Lehman Debtors.

6

<u>In re Lehman Brothers Holdings Inc., *et. al.*, Case No. 08-13555 (JMP); In re Lehman Brothers Special Financing Inc. Case No. 08-13888 (JMP)</u>

Any notices in connection with this proof of claim should be addressed to the addresses below:

Finmeccanica S.p.A.
Piazza Monte Grappa, 4
00195 Rome, Italy
Attn.: Head of Legal Department

-and-

Cleary Gottlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
Attn.: Seth Grosshandler, Esq.

Signed this 31 day of July 2009:

By: /s/ Alessandro Pansa
Name: Alessandro Pansa
Title: Co-General Manager

7