Presentment Date and Time: February 7, 2012 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline:  February 6, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                        :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
:
Debtors.                                       :    (Jointly Administered)
:
------------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF SUPPLEMENTAL ORDER
REINSTATING CLAIM ON ORDER GRANTING DEBTORS' ONE HUNDRED
SECOND OMNIBUS OBJECTION TO CLAIMS (FOREIGN CURRENCY CLAIMS)**

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed proposed order (the "Supplemental Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **February 7, 2012 at 12:00 noon (Prevailing Eastern Time)**.  The Supplemental Order supplements the Order Granting Debtors' One Hundred Second Omnibus Objection to Claims (Foreign Currency Claims), dated May 5, 2011 [ECF No. 16602] and reinstates previously disallowed and expunged claim number 43161.

      **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Supplemental Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **February 6, 2012 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Supplemental Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Supplemental Order on **February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: January 12, 2012
      New York, New York

                        /s/ Robert J. Lemons
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                 :
In re                                            :   Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,           :   08-13555 (JMP)
                                                 :
                        Debtors.                 :   (Jointly Administered)
                                                 :
-----------------------------------------------------------------x
```

**SUPPLEMENTAL ORDER REINSTATING CLAIM**
**ON ORDER GRANTING DEBTORS' ONE HUNDRED SECOND**
**OMNIBUS OBJECTION TO CLAIMS (FOREIGN CURRENCY CLAIMS)**

WHEREAS on October 21, 2009, Wong Lup Kuen Joseph (the

"Claimant") filed a proof of claim numbered 43161 ("Claim 43161") in the amount of

EUR 200,000;

WHEREAS Lehman Brothers Holdings Inc. ("LBHI") and its affiliated

debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession

(collectively, the "Debtors"), filed the *Debtors' One Hundred Second Omnibus Objection*

*to Claims (Foreign Currency Claims)*, dated March 11, 2011 [ECF No. 14950] (the "One

Hundred Second Omnibus Objection");

WHEREAS the One Hundred Second Omnibus Objection sought,

pursuant to section 502(b) of title 11 of the United States Code, Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], to disallow and expunge Claim 43161 on the basis that Claim 43161 violates this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271], as Claim 43161 was not denominated in lawful currency of the United States, all as more fully described in the One Hundred Second Omnibus Objection;

WHEREAS after the hearing on the One Hundred Second Omnibus Objection held on April 28, 2011, the Court entered an order (the "Order") [ECF No. 16602] granting the relief requested in the One Hundred Second Omnibus Objection and causing Claim 43161 to be disallowed and expunged;

WHEREAS the Debtors subsequently realized the Order was entered in error with respect to Claim 43161.

**IT IS HEREBY**:

ORDERED that Epiq Systems shall be authorized and directed to immediately reinstate Claim 43161 on the Debtors' official claims register; and it is further

ORDERED that the One Hundred Second Omnibus Objection is withdrawn as to Claim 43161 without prejudice to the Debtors' rights to object to Claim 43161 on any grounds in the future; and it is further

ORDERED that the rights of the Debtors and any other party in interest with respect to Claim 43161 are expressly preserved and unaffected by this Supplemental Order; and it is further

ORDERED that other than with respect to Claim 43161, this Supplemental Order shall have no effect whatsoever on any claims subject to the Order; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from or related to this Supplemental Order.

Dated: _____, \_\_\_
      New York, New York

                                                       _____
                                                       UNITED STATES BANKRUPTCY JUDGE