**CURTIS, MALLET-PREVOST,**
 **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON JANUARY 26, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following omnibus claims objections (collectively, the "Claims

Objections") with the Court for hearing on January 26, 2012:

(a)     Debtors Two Hundred Thirty-Fourth Omnibus Objection to Claims (Settled Derivatives Claims) **[Docket No. 23166]**; and

(b)     Debtors Two Hundred Thirty-Fifth Omnibus Objection to Claims (Valued Derivatives Claims) **[Docket No. 23167]**

2.      In accordance with the Second Amended Case Management Order, the Debtors established a deadline of January 11, 2012 at 4:00 p.m. (the "Response Deadline") for each Claim Objection for parties to object or file responses.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadline has now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on Debtors' counsel by any of the holders of the claims included in any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted.

4.      Accordingly, the Debtors respectfully request that the proposed orders granting the Claims Objections annexed hereto as **Exhibits A** and **B**, which are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

11086703

I declare that the foregoing is true and correct.

Dated: January 13, 2012
New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:  */s/ L. P. Harrison 3rd*
      L. P. Harrison 3rd
      Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and
 Debtors-in-Possession*

11086703

## **EXHIBIT A**

**(Proposed Order – Docket No. 23166)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :          **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :          **08-13555 (JMP)**
                                                   :
                         **Debtors.**              :          **(Jointly Administered)**
-------------------------------------------------------------------x

<u>**ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-FOURTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**</u>

Upon the two hundred thirty-fourth omnibus objection to claims, dated December

9, 2011 (the "Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of

title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of objections to proofs of claim [Docket No. 6664], seeking modification and allowance of

the Settled Derivatives Claims on the grounds that the Debtors and the claimant have agreed

upon a claim amount and classification of the claim that is not currently reflected on claimant's

proof of claim, all as more fully described in the Debtors' Two Hundred Thirty-Fourth Omnibus

Objection to Claims; and due and proper notice of the Debtors' Two Hundred Thirty-Fourth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

Claimant; and (vii) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010, governing case management and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims.

administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims is in the best

interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Debtors' Two Hundred Thirty-Fourth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Thirty-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, claim numbers 19936 and 19937 are each modified and allowed

as a nonpriority general unsecured claim in the amount of $55,034,047.95, provided that, the

claimant, as holder of a Settled Derivatives Claim against both (i) LBSF based on a derivatives

contract; and (ii) LBHI based on its guarantee relating to that derivatives contract, may not

receive an aggregate recovery in respect of the Settled Derivatives Claim greater than

$55,034,047.95; and it is further

ORDERED that (i) the Settled Amount of $55,034,047.95 includes the total

amount due to the claimant under, in respect of, or related to the applicable derivatives contract

and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to

distributions from LBSF and LBHI under, in respect of or related to the applicable derivatives

contracts; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York


_____

UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**(Proposed Order – Docket No. 23167)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| In re : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | **08-13555 (JMP)** |
| : | |
| Debtors. : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)

Upon the two hundred thirty-fifth omnibus objection to claims, dated December 9, 2011 (the "Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking to reduce and allow the Valued Derivatives Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable value determined by the Debtors after a review of the Claimant's supporting documentation and the Debtors' books and records, as more fully described in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims.

entered on June 17, 2010, governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Debtors' Two Hundred

Thirty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

Two Hundred Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Thirty-Fifth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim

number 29692 against LBHI is modified and allowed as a nonpriority general unsecured claim in

the amount of $114,009.98; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim

number 29694 against Lehman Brothers Special Financing Inc. is modified and allowed as a

nonpriority general unsecured claim in the amount of $109,275.76; and it is further

ORDERED that this order supersedes all previous orders regarding the Valued

Derivatives Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                                _____
                                UNITED STATES BANKRUPTCY JUDGE

10746049