B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**　　　　　　　　　　Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **ILLIQUIDX LLP** | **Royal Skandia Life Assurance** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Court Claim # (if known): **39578**
Total Amount of Claim Filed:
USD $ 2,903,652.5
Amount of Claim Transferred:
USD $ 29,679.44
ISIN/CUSIP: XS0286181077
USD $ 40,000.00
ISIN/CUSIP: XS0272634535

**Celestino Amore**
**Managing Partner**
**Illiquidx LLP**
**80 Fleet Street**
**London EC4Y 1EL, UK**
**Phone: +44 207 832 0181**
**Email: amore@illiquidx.com**

Date Claim Filed: October 13, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____　　　　Date:  December 14th 2011
　　Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**        Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 39578 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on December 14th 2011.

| | |
|---|---|
| **Royal Skandia Life Assurance** | **ILLIQUIDX LLP** |
| Name of Alleged Transferor | Name of Transferee |
| | |
| Address of Alleged Transferor: | Address of Transferee: |
| | |
| **Royal Skandia Life Assurance Limited** | **Illiquidx LLP** |
| **PO BOX 159** | **80 Fleet Street** |
| **King Edward Road** | **London EC4Y 1EL** |
| **Onchan** | **United Kingdom** |
| **Isle of Man** | |
| **IM99 1NU** | |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____            _____
                                           CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Royal Skandia Life Assurance Limited Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx LLP** (the "Purchaser"), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **39578** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are nor entitled to priority under the Bankruptcy Code and are not subordinated; and (g) Seller has not delivered any acceleration notices with respect to the Purchased Security to Lehman Brothers Treasury Co. B.V. and/or Lehman Brothers Holdings, Inc.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. This Agreement and Evidence of Transfer of Claim is subject to successful completion by the Purchaser on the date hereof of an on-sale by the Purchaser of the Transferred Claims and the Purchased Securities (the "Subsequent Sale") to be executed with a third party purchaser ("Subsequent Purchaser"). In the event that such Subsequent Purchase is not successfully completed on the date hereof (including receipt by the Purchaser from the Subsequent Purchaser of the full purchase price for such Subsequent Purchase for value on the date hereof), the Transferred Claims and the Purchased Securities shall be returned to the Seller and the purchase obligations of the Purchaser (including, without limitation, any obligation to pay purchase price) under this Agreement and Evidence of Transfer of Claim shall be cancelled accordingly.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14th day of November, 2011.

**Royal Skandia Life Assurance Limited Ltd**

By: A M○○○
Name/Title:
Name/Title:

PO Box 159
Skandia House
King Edward Road
Onchan
Isle of Man IM99 1NU
British Isles

**Illiquidx LLP**

By: _____
Name: Celestino Amore
Title: *Managing Partner*

80 Fleet Street
London EC4Y 1EL
UNITED KINGDOM

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

USD 69,679.44 of the total filed proof of claim amount USD 2,903,652.50 (the outstanding amount of the Proof of Claim as of November 14th 2011) together with interest, fees, expenses and other recoveries due, transferred as set forth below.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | U.S. $ Amount claimed in Proof of Claim with respect to Lehman Programs Securities to which Transfer relates |
|---|---|---|---|---|---|---|---|
| Issue of up to SEK 1,000,000,000 Capital Guaranteed Notes due April 2011 linked to the Global Fundamental Values Portfolio | XS0286181077 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 7.21% of the ISIN/CUSIP XS0286181077 under the Proof of Claim, which is SEK 200,000 (which is equivalent of US$ 29,679.44), plus all accrued interest, fees and recoveries due. | N/A | 11th April 2011 | SEK 2,774,400 (which is equivalent of USD US$ 411,713.17) (using an exchange rate of SEK/USD =6.738672), plus all accrued interest, fees and recoveries due. |
| Issue of USD 2,258,000 Basket Linked Notes due December 2010 Guaranteed by Lehman Brothers Holdings Inc. | XS0272634535 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 11.44% of the ISIN/CUSIP XS0272634535 under the Proof of Claim, which is USD 40,000, plus all accrued interest, fees and recoveries due. | Zero Coupon | 1st December 2010 | USD 349,776.00 plus all accrued interest, fees and recoveries due. |

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)     0000039578 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)  **Royal Skandia Life Assurance Limited, Skandia House, King Edward Road, Onchan, Isle of Man, IM99 1NU, British Isles**

Telephone number: **+44 1624 655242**   Email Address: **andrew.jones@royalskandia.com**

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above): **As above**

Telephone number: ___  Email Address: ___

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ **2,903,652.50**  (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): **See attached** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

**See attached** (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: **EUROCLEAR 97816** (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

Date: **7 October 2009**

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  **A.M. Jones  Authorised Signatory**    **Authorised Signatory**

FOR COURT USE ONLY
**FILED / RECEIVED**
OCT 13 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

| Name Held at BoNY | ISIN | NOMINAL HOLDING | Market Quote @15/9/2008 | Currency | Value @ 15/9/2009 | USD Exchange Rate @ 15/9/2008 | Amount of Claim | Electronic instruction reference number |
|---|---|---|---|---|---|---|---|---|
| BROTHERS TREASUR 0.0 03JAN11 | XS0372634195 | 1,000,000.00 | 100.00% | SEK | 1,000,000.00 | 6.738672 | $148,397.19 | 6031626 |
| BROTHERS HOLDING 0.0 28SEP09 | CH0026915527 | 105,000.00 | 87% | CHF | 91,350.00 | 1.120566 | $81,521.30 | 6031648 |
| BROTHERS TREASUR 0.0 01DEC10 | XS0272617951 | 23,000.00 | 88.71% | USD | 20,403.30 | 1 | $20,403.30 | 6031645 |
| BROTHERS TREASUR 0.0 01DEC10 | XS0272634535 | 315,000.00 | 111.04% | USD | 349,776.00 | 1 | $349,776.00 | 6031643 |
| BROTHERS TREASUR 0.0 01DEC10 | XS0272635185 | 54,000.00 | 107.79% | GBP | 58,206.60 | 1.79338 | $104,386.55 | 6031640 |
| BROTHERS TREASUR 0.0 27JUN11 | XS0297221458 | 250,000.00 | 76.80% | SEK | 192,000.00 | 6.738672 | $28,492.26 | 6031646 |
| BROTHERS SECU 0.00 12JUL2010 | XS0299641224 | 840,000.00 | 10.37% | SEK | 87,108.00 | 6.738672 | $12,926.58 | 6031632 |
| BROTHERS SE WTS 30MAR09 | ANN5214A5747 | 374.00 | 0 | SEK | 0.00 | 6.738672 | $0.00 | 6031649 |
| BROS TRSY 0.0 20FEB10 | XS0279950637 | 1,150,000.00 | 81.40% | SEK | 936,100.00 | 6.738672 | $138,914.61 | 6031630 |
| BROS TRSY 0.0 11APR11 | XS0286179923 | 7,500,000.00 | 80.50% | SEK | 6,037,500.00 | 6.738672 | $895,948.04 | 6031629 |
| BROS TRSY 0.0 27JUN11 | XS0297365024 | 650,000.00 | 77.30% | SEK | 502,450.00 | 6.738672 | $74,562.17 | 6031647 |
| BROS TRSY 0.0 11APR2011 | XS0286181077 | 3,400,000.00 | 81.60% | SEK | 2,774,400.00 | 6.738672 | $411,713.17 | 6031628 |
| BROS TRSY 0.0 30SEP11 | XS0288216111 | 141,000.00 | 80.56% | GBP | 113,589.60 | 1.79338 | $203,709.32 | 6031636 |
| BROTHERS TREASUR 6.0 19FEB23 | XS0346122343 | 370,000.00 | 93.96% | USD | 347,652.00 | 1 | $347,652.00 | 6031651 |
| BROTHERS TREASUR 0.0 25FEB23 | XS0347452855 | 100,000.00 | 85.25% | USD | 85,250.00 | 1 | $85,250.00 | 6031650 |
| | | | | | | | $2,903,652.50 | |