WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' RESPONSE TO MOTION OF**
**ROBERT FRANZ PURSUANT TO FED. R. BANKR. P. 9024 INCORPORATING BY**
**REFERENCE FED. R. CIV. P. 60(B), AND SECTION 105(A) OF THE BANKRUPTCY**
**CODE FOR RECONSIDERATION AND REINSTATEMENT OF PROOF OF CLAIM**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this response (the "Response") to the Motion of Robert Franz Pursuant to Fed. R. Bankr. P. 9024 Incorporating By Reference Fed. R. Civ. P. 60(b), and Section 105(a) of the Bankruptcy Code for Reconsideration and Reinstatement of Proof of Claim (the "Motion") [Docket No. 22665], and respectfully represent as follows:

## I.     PRELIMINARY STATEMENT

1.      The request by Robert Franz ("Claimant") that the Court reinstate Claim 13065 (defined below) pursuant to Federal Rule of Civil Procedure 60(b)[1] and section 105(a) of the Bankruptcy Code should be denied.  Claimant argues that reinstatement is warranted because he allegedly did not receive notice of the Ninety-Second Omnibus Objection (defined below) "[f]or reasons beyond [his] control."  (Motion ¶ 24.)  Yet Claimant fails to acknowledge the sole reason why he finds himself in this situation—Claimant was unaware of the Ninety-Second Omnibus Objection because he carelessly failed to update his address in the Court's claims register.  Claimant *was* properly served with notice of the Ninety-Second Omnibus Objection at the address in the claims register—the same address Claimant provided on Claim 13065—something Claimant does not controvert.  Accordingly, the requested relief should be denied.

2.      Claimant has not made a proper showing for relief under Rule 60(b)(1).  Regardless of whether Claimant's failure to respond to the Ninety-Second Omnibus Objection constitutes "mistake," "inadvertence," or "surprise," Claimant's failure to do so was entirely the result of his own carelessness.  As such, Claimant has not—and cannot—provide a justification for his "mistake," "inadvertence," or "surprise" that entitles him to relief under Rule 60(b)(1), as required by controlling case law.

3.      Claimant is also not entitled to relief under Rule 60(b)(6) as a matter of law.  A party may only seek relief under Rule 60(b)(6) if the party's request does not plausibly fall under any of the other clauses in Rule 60(b).  Claimant's request for relief is plainly based on allegations of "mistake," "inadvertence," or "surprise," and, accordingly, Claimant is barred from relief under Rule 60(b)(6).  Furthermore, Claimant's carelessness in failing to update his address

---

[1] Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") applies in the Debtors' bankruptcy cases pursuant to Bankruptcy Rule 9024, subject to certain exceptions not relevant here.

in the claims register—the actual reason Claimant was unaware of the Ninety-Second Omnibus Objection—is not the type of "extraordinary circumstance" justifying relief under Rule 60(b)(6).

4.  For similar reasons, Claimant has not demonstrated entitlement to relief under section 105(a) of the Bankruptcy Code. Claimant's failure to respond to the Ninety-Second Omnibus Objection, which resulted in Claim 13065 being expunged, was due entirely to his own negligence.

5.  To date, more than 30,000 claims have been disallowed, reduced, and/or reclassified by hundreds of orders of this Court after the claimants failed to respond to objections that were properly served on the addresses provided by the claimants to Epiq Systems, Inc. ("Epiq"), the Court-appointed claims agent. Granting the relief requested in the Motion could potentially open the door for each of those claimants to challenge this Court's orders merely by asserting that he was unaware of the objection, even if the unawareness was due entirely to the claimant's own carelessness. For the foregoing reasons, the Motion should be denied.

## II.    BACKGROUND

6.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

7.  On April 16, 2009, Claimant filed a proof of claim in the amount of $1,665,263.82 ("Claim 3802") on account of certain securities. Claim 3802 listed Claimant's address as 81 Dixon Avenue, Boonton, NJ 07005.

8. On September 15, 2009, Claimant filed a proof of claim in the amount of $2,128,189.33 ("Claim 13065"), amending Claim 3802. Claim 13065 sought to recover for sixteen securities. Claim 13065 also listed Claimant's address as 81 Dixon Avenue, Boonton, NJ 07005.

9. On December 1, 2009, Claimant transferred $621,736.43 of Claim 13065 related to ten securities (the "Transferred Portion") to Andromeda Global Credit Fund, Ltd ("Andromeda Global") pursuant to an "Agreement and Evidence of Transfer of Claim" [Docket No. 6045] (the "Transfer Agreement").

10. In July 2010, Claimant moved from 81 Dixon Avenue, Boonton, NJ, to 6 Bayer Lane, Boonton, NJ. *(See* Affidavit of Robert Franz in Response to the Debtors' Two Hundred Twenty-Fourth Omnibus Objection and In Support of Motion for Reconsideration and Reinstatement of Proof of Claim ¶ 20 ("Affidavit").) Claimant's mail was forwarded to the 6 Bayer Lane address from May 15, 2010, to November 15, 2010. *(See id.)* Claimant did not update his address on the claims register to reflect his move to 6 Bayer Lane.

11. On February 14, 2011, the Debtors filed their Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) [Docket No. 14472] (the "Ninety-Second Omnibus Objection"), by which the Debtors sought to expunge Claim 13065 for failure to obtain a blocking number as required by this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases [Docket No. 4271]. The response deadline for the Ninety-Second Omnibus Objection was March 16, 2011.

12. The Debtors properly notified Claimant of the Ninety-Second Omnibus Objection by serving Claimant at the address listed on the claims register—81 Dixon Avenue.

Pg 5 of 11

(*See* Affidavit of Service, Docket No. 14578, Service List at 2.) The Debtors also served Andromeda Global. (*See id.* at 1.)

13. Neither Claimant nor Andromeda responded to the Ninety-Second Omnibus Objection. On March 31, 2011, the Court entered an order [Docket No. 15491] (the "March 31 Order") expunging Claim 13065 in its entirety.

14. Nearly five months later, on August 24, 2011, Claimant filed a proof of claim in the amount of $8,354,024.08 ("Claim 67641"), by which Claimant purported to amend the previously expunged Claim 13065. Claim 67641 seeks to recover for (i) all sixteen securities listed on Claim 13065, with an asserted aggregate value of $2,128,189.33, including those securities transferred to Andromeda Global pursuant to the Transfer Agreement; and (ii) 20 new securities not listed on Claim 13065, with an asserted aggregate value of $6,225,834.75. Claim 67641 listed Claimant's address as 6 Bayer Lane, Boonton, NJ 07005.

15. On October 14, 2011, the Debtors objected to Claim 67641 pursuant to their Two Hundred Twenty-Fourth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 20864] (the "Two Hundred Twenty-Fourth Omnibus Objection"). On November 14, 2011, Claimant filed his response in opposition to the Two Hundred Twenty-Fourth Omnibus Objection [Docket No. 22099]. The hearing on the Two Hundred Twenty-Fourth Omnibus Objection has been adjourned with respect to Claim 67641.

16. On November 23, 2011, Claimant filed the Motion seeking reinstatement of Claim 13065.

### III. ARGUMENT

Claimant argues in the Motion that he is entitled to relief under Rule 60(b)(1) and (6) and section 105(a) of the Bankruptcy Code, but his arguments for each are the same. Claimant alleges that, "[f]or reasons beyond [his] control," he never received notice of the Ninety-Second

Omnibus Objection and therefore did not have an opportunity to respond to it.[2] (*See* Motion ¶ 24.) However, Claimant ignores two key facts—that he himself carelessly failed to update his address in the claims register when he moved from 81 Dixon Avenue to 6 Bayer Lane and that his mail forwarding ceased prior to the filing of the Ninety-Second Omnibus Objection. (*See* Affidavit ¶ 20.) Claimant's failure resulted in notice of the Ninety-Second Omnibus Objection being sent to 81 Dixon Avenue and his allegedly not receiving said notice. Claimant's unawareness of the Ninety-Second Omnibus Objection was therefore due *entirely* to his own negligence, and is not attributable to the Debtors, which properly served notice of the Ninety-Second Omnibus Objection to the address listed in the claims register—81 Dixon Avenue. Claimant does not dispute that the Debtors sent notice of the Ninety-Second Omnibus Objection to 81 Dixon Avenue, or that it was the address he had provided to Epiq and was listed for him on the claims register. Accordingly, Claimant has not, and cannot, show he is entitled to relief under Rule 60(b) and section 105(a).

A.      **Claimant Lacks Standing To Request Reinstatement Of The Transferred Portion**

17.     As an initial matter, Claimant lacks standing to seek reinstatement of the Transferred Portion of Claim 13065. Claimant asserts in the Motion that the Court should reinstate Claim 13065 as amended by the subsequently filed and untimely Claim 67641. (*See, e.g.*, Motion ¶ 17.) However, Claimant sold the Transferred Portion to Andromeda Global on December 1, 2009—over a year prior to the filing of the Ninety-Second Omnibus Objection on

---

[2] Claimant advances several arguments throughout the Motion that do not concern whether Claim 13065 should be reinstated under Rule 60(b) or section 105(a), but rather go to the merits of the Ninety-Second Omnibus Objection—specifically, that Claim 13065 is *prima facie* valid, that Claim 13065 was properly filed and documented, and that Claimant should be excused from complying with the Court-imposed blocking number requirement, something Claimant by his own admission failed to do. (*See* Motion ¶¶ 14, 35, 43, 45.) These arguments are irrelevant to the question of whether the Court should reinstate Claim 13065, and they constitute an untimely, belated, and improper attempt to address the merits of the Ninety-Second Omnibus Objection. Accordingly, the Court should disregard these arguments for purposes of deciding the Motion, as these are issues to be considered if—and only if—the Court finds that reinstatement of Claim 13065 is proper pursuant to Rule 60(b) or section 105(a). The Debtors reserve their rights to respond to said arguments at the appropriate time, if any.

February 14, 2011.  (*See* Transfer Agreement at 2.)  At the time of filing of the Ninety-Second Omnibus Objection, Claimant held only $1,506,452.90 of Claim 13065, and can only seek reinstatement of that portion of the claim.  Accordingly, only reinstatement of the non-Transferred Portion can be sought by the Motion, and the Motion should be deemed to seek relief only as to the non-Transferred Portion.[3]

B.    **Claimant Cannot Satisfy His Burden For Rule 60(b) Relief**

18.    As the party moving for relief under Rule 60(b), Claimant bears the burden of establishing entitlement to the relief requested.  *See, e.g.*, *Taub v. Hershkowitz (In re Taub)*, 421 B.R. 93, 102 (Bankr. E.D.N.Y. 2009) ("On a motion under Rule 60(b)(6), the burden of proof is on the party seeking relief from judgment . . . .") (internal quotation marks omitted); *In re Chipwich, Inc.*, 64 B.R. 670, 675 (Bankr. S.D.N.Y. 1986) (concluding moving party failed to sustain its burden of establishing grounds for relief under several clauses of Rule 60(b), including (b)(1)).  Claimant has not, and cannot, meet that burden because carelessness and ignorance do not provide grounds for relief under Rule 60(b).  *See, e.g.*, *Engineered Devices Corp. v. Carlton Concrete Constr. (In re Carlton Concrete Corp.)*, No. 08-CV-242, 2008 WL 4443233, at *6 (E.D.N.Y. Sept. 26, 2008); *United States v. Kirksey*, 631 F. Supp. 165, 168 (S.D.N.Y. 1986) (citing *Bershad v. McDonough*, 469 F.2d 1333, 1337 (7th Cir. 1972)).  Claimant has failed to provide any justification whatsoever for his carelessness in failing to update his address in the claims register—the only reason Claimant was unaware of the Ninety-Second Omnibus

---

[3] Claimant improperly requests that the Court reinstate Claim 13065 as amended by Claim 67641, such that Claim 13065 would be effectively replaced by Claim 67641. However, Claim 13065 as reinstated would be subject to the Ninety-Second Omnibus Objection. Claimant confusingly asserts that he should be allowed to respond to the Ninety-Second Omnibus Objection once Claim 13065 is reinstated, yet also argues that Claim 13065 should be reinstated as amended by Claim 67641, notwithstanding the fact that Claim 67641 was filed *after* the Ninety-Second Omnibus Objection and is subject to the Two Hundred Twenty-Fourth Omnibus Objection. To the extent the Court concludes that reinstatement of Claim 13065 is proper, the Court should reinstate only the non-Transferred Portion of Claim 13065 as it existed on the claims register when the Debtors filed the Ninety-Second Omnibus Objection. In such case, the Court should further require Claimant to respond to the Ninety-Second Omnibus Objection.

Objection—other than bare, disingenuous assertions that he did not receive notice of the Ninety-Second Omnibus Objection "[f]or reasons beyond [his] control." (*See* Motion ¶ 24.) Claimant's failure to update his address was ordinary carelessness that does not justify relief under Rule 60(b), and, accordingly, the Motion should be denied.

        1.    **Claimant Is Not Entitled To Relief Under Rule 60(b)(1)**

    19.    Rule 60(b)(1) allows a court to relieve a party from a final judgment, order, or proceeding for "mistake, inadvertence, surprise, or excusable neglect."[4]  Fed. R. Civ. P. 60(b)(1).  A party invoking Rule 60(b)(1) must show he was justified in failing to avoid the mistake, inadvertence, or surprise. *See, e.g.*, *Hsi v. Bank of Montreal*, No. 95 Civ. 2806 JESKNF, 1999 WL 504915, at *4 (S.D.N.Y. July 16, 1999); *In re Waters*, No. 99-31833, 2011 WL 3678910, at *18 (Bankr. D. Conn. Aug. 23, 2011).

    20.    Whether couched as "mistake," "inadvertence," or "surprise," Claimant's failure to update his address—which is what resulted in him allegedly not receiving notice of, and not responding to, the Ninety-Second Omnibus Objection—is not a sufficient justification under Rule 60.  Rule 60 will not rescue Claimant from his own carelessness. *See, e.g.*, *Kirksey*, 631 F. Supp. at 168.  Notwithstanding Claimant's attempts to blame the Debtors (*see* Motion ¶ 24), if Claimant did not receive notice, it was because of circumstances entirely within his control—his failure to update his address.  Accordingly, Claimant has failed to carry his burden to establish that he is entitled to relief under Rule 60(b)(1) on the grounds of mistake, inadvertence, or surprise.

---

[4] Claimant has alleged only mistake, inadvertence, and surprise, and, thus, this Response only addresses those elements. (*See* Motion ¶ 24.)

2.  **Claimant's Request For Relief**
    **Under Rule 60(b)(6) Fails As A Matter Of Law**

21.     Claimant also is not entitled to relief under Rule 60(b)(6). As an initial matter, Claimant's request for relief under Rule 60(b)(6) fails as a matter of law. Claimant makes identical arguments in support of his requests for relief under Rule 60(b)(1) and (b)(6). (*See* Motion ¶¶ 23-41.) However, it is well-established that, where a movant's Rule 60(b) claim arguably falls within the purview of any other clause of Rule 60(b), the relief under clause (b)(6) is not available. *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391-92 (2d Cir. 2001) ("[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."); *United States v. Erdoss*, 440 F.2d 1221, 1223 (2d Cir. 1971) ("Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground for relief under the latter. . . . Since the alleged ground for relief under Rule 60(b) here concerned mistake, only Rule 60(b)(1) is applicable."). In such cases, where the request for relief may properly be considered under another clause of Rule 60(b), relief under clause (b)(6) is barred as a matter of law even where, as here, consideration under another clause of Rule 60(b) results in relief being denied. *See, e.g.*, *Teamsters*, 247 F.3d at 392-97 (declining to apply Rule 60(b)(6) as a matter of law where request for relief was properly considered under Rule 60(b)(2) as newly discovered evidence and rejected).

22.     Claimant's request for relief is most properly considered—if at all—under clause (b)(1) of Rule 60, and accordingly, Claimant's request for relief under clause (b)(6) must be denied. Claimant's negligent failure to update his address in the claims register was plainly a "mistake" or an "inadvertent" omission that resulted in Claimant being "surprised" by Claim 13065's disallowance pursuant to the Ninety-Second Omnibus Objection—just not a mistake or

omission justifying relief under Rule 60(b)(1). Because Claimant's request for relief under Rule 60(b) must be properly considered—and denied—under clause (b)(1), Claimant's request for relief under clause (b)(6) fails as a matter of law.

23.    Second, even assuming, *arguendo*, that Claimant's request for relief under clause (b)(6) is not barred, Claimant's circumstances fall far short of the heightened showing required to obtain Rule 60(b)(6) relief. Relief under Rule 60(b)(6) is appropriate only in "extraordinary circumstances." *See Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001). The circumstances before the Court are far from extraordinary. On the contrary, Claimant alleges he did not respond to the Ninety-Second Omnibus Objection because he did not receive notice as he carelessly neglected to update his address in the claims register and his mail forwarding expired several months prior to the filing of the Ninety-Second Omnibus Objection. (*See* Affidavit ¶ 20.) Accordingly, Claimant has failed to carry his burden to obtain relief under Rule 60(b)(6).

C.    **Relief From The March 31 Order Is Not Warranted Under Section 105(a)**

24.    Claimant also is not entitled to relief under section 105(a) of the Bankruptcy Code. Section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." 11 U.S.C. § 105(a). A party requesting relief under section 105(a) of the Bankruptcy Code has the burden to show that the requested relief should be granted. *See, e.g.*, *Piccolo v. Dime Sav. Bank of N.Y.*, 145 B.R. 753, 758 (N.D.N.Y. 1992) (debtor requesting injunctive relief under section 105(a) has burden of demonstrating entitlement to such relief); *PJC Techs., Inc. v. C3 Capital Partners, LP (In re PJC Techs., Inc.)*, No. 09-2119, 2010 WL 438151, at *1 (Bankr. W.D.N.Y. Jan. 20, 2010) (same). Claimant has not—and cannot—carry this burden.

25.    Claimant's present predicament results entirely from his own carelessness in failing to update his address on the claims register. Recognizing this, Claimant asks the Court

to rescue him from his negligence by granting him relief under section 105(a). Claimant has supplied no legitimate reason why he should be treated differently than any other creditor who failed to file a response to an objection. In fact, granting the relief requested in the Motion would actually *impede* the ability of the Debtors and the Court to carry out the provisions of Title 11 by subjecting prior orders of this Court disallowing, reducing, and/or reclassifying claims to challenge by any claimant who was unaware of an objection due to his own carelessness, thereby adding uncertainty to the claims resolution process to the detriment of legitimate and attentive creditors entitled to distributions on their claims. Accordingly, Claimant has failed to carry his burden under section 105(a), and the Motion should be denied.

### IV.    CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court (i) enter an order denying the Motion in its entirety and (ii) grant such other and further relief as the Court may deem just and appropriate.

Dated: January 17, 2012
      New York, New York

                                /s/ Robert J. Lemons
                                Robert J. Lemons

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York  10153
                                Telephone:  (212) 310-8000
                                Facsimile:  (212) 310-8007

                                Attorneys for Debtors
                                and Debtors in Possession