# EXHIBIT A

## AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS

## WITH MUTUAL RELEASES AND COVENANTS NOT TO SUE

This Agreement for Settlement of Contractor Claims with Mutual Releases and Covenants Not to Sue ("*Agreement*") is entered into as of April 15, 2011 by and among the following parties (sometimes referred to individually as "*Party*" and collectively as "*Parties*"):

| | |
|---|---|
| "*Owner*": | LBREP/L-SUNCAL MCALLISTER RANCH, LLC ("*Owner*"), |
| "*Contractor*": | SUPERIOR PIPELINES, INC., a California corporation ("*Contractor*"), |
| "*LCPI*": | LEHMAN COMMERCIAL PAPER, INC., a Delaware corporation, as the administrative agent for the First Lien Lenders, as defined below ("*LCPI*"). |
| "*Title Companies*": | FIDELITY NATIONAL TITLE INSURANCE COMPANY ("*Fidelity*") and FIRST AMERICAN TITLE INSURANCE COMPANY ("*First American*"). (Fidelity and First American collectively shall be referred to as the "*Title Companies*"), and |
| "*MRID*": | MCALLISTER RANCH IRRIGATION DISTRICT, a local publicly owned electrical utility ("*MRID*"), |

with reference to the following facts:

### Recitals

A.     On January 23, 2006, a deed of trust was recorded in the County of Kern, State of California as Document No. 0206016535 against certain real property commonly known as McAllister Ranch ("*Property*") for the benefit of LCPI as administrative agent for a group of lenders (collectively, the "*First Lien Lenders*") to secure a loan in the principal amount of $ 235,000,000.  Fidelity issued a policy of title insurance to LCPI with respect to this loan, policy no. 27-44-94-120334 (the "*First Loan Policy*").  First American agreed to provide co-insurance with respect to the First Loan Policy.

B.     On January 23, 2006, a deed of trust was recorded in the County of Kern, State of California as Document No. 0206016537 against the Property for the benefit of LCPI as administrative agent for a group of lenders (collectively, "*Second Lien Lenders*") to secure a loan in the principal amount of $ 85,000,000.  Fidelity issued a policy of title insurance to LCPI with respect to this loan, policy no. 27-44-94-120335 (the "*Second Loan Policy*").  First American agreed to provide co-insurance with respect to the Second Loan Policy.  By assignment, Gramercy Warehouse Funding I, LLC, a Delaware limited liability company ("*Gramercy*"), succeeded LCPI as administrative agent for the Second Lien Lenders.

C.     On February 9, 2007, a deed of trust was recorded in the County of Kern, State of California as Document No. 0207032341 against the Property for the benefit of LCPI as administrative agent for a group of lenders (collectively, the "*Third Lien Lenders*") to secure a loan in the principal amount of $ 75,000,000. Fidelity issued a policy of title insurance to LCPI with respect to this loan, policy number CAFNT0925-0925-0199-0259902517 (the "*Third Loan Policy*"). First American agreed to provide co-insurance with respect to the Third Loan Policy. By assignment, Square Mile Structured Debt (One), LLC, a Delaware limited liability company and Square Mile Structured Debt (Two), LLC, a Delaware limited liability company (collectively "*Square Mile*"), succeeded LCPI as administrative agent for the Third Lien Lenders.

D.     Commencing in April 2006 and from time-to-time thereafter, Contractor entered into eight written agreements with Owner, each titled "Construction Contract with Liability Wrap," to provide labor, services, materials and equipment for improvement of the Property. During 2007, Contractor also entered into an oral agreement with Owner to provide certain materials for enclosure of the James Canal on the Property. (The written and oral agreements between Contractor and Owner are referred to collectively as the "*Contracts.*")

E.     Contractor recorded claims of mechanic's lien against the Property on February 14, 2008 as Document Nos. 0208023212 – 0208023220 and on April 2, 2008 as Document Nos. 0208051365 – 0208051373 in the total principal amount of $6,698,577.42 (collectively, "*Claims of Mechanic's Lien*"). On April 14, 2008, Contractor commenced an action in the Superior Court of Kern County, titled *Superior Pipelines, Inc. v. LBREP/L-SunCal McAllister Ranch, LLC, et al.*, Case No. S-1500-CV-263573, in which Contractor asserted claims against Owner, LCPI, Gramercy, Square Mile and MRID to recover damages of approximately $7,400,000 and to foreclose its Claims of Mechanic's Lien ("*State Court Action*"). In connection with the State Court Action, Contractor recorded a Notice of Pendency of Action on May 30, 2008 as Document No. 208085822 ("*Notice of Pendency of Action*").

F.     On September 11, 2008, an involuntary bankruptcy case was commenced against Owner in the United States Bankruptcy Court for the Central District of California as Case No. 08-15637-ES, an order for relief was subsequently entered by the Court, a Chapter 11 Trustee (**the "*Trustee*"**) was subsequently appointed, and the bankruptcy case is now under joint administration with United States Bankruptcy Court Case No. 08-15588-ES ("*Owner Reorganization*"). Contractor filed a Proof of Claim in the Owner Reorganization in the amount of $7,460,120.74 ("*Owner Reorganization Claim*").

G.     On October 5, 2008, LCPI commenced a case under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York as Case No. 08-13900-JMP, which is now under joint administration with United States Bankruptcy Court Case No. 08-13555-JMP ("*LCPI Reorganization*"). Contractor filed a Proof of Claim in the LCPI Reorganization in the amount of $7,460,120.74 ("*LCPI Reorganization Claim*").

H.     Contractor removed the State Court Action to the Owner Reorganization as an adversary proceeding pending in the United States Bankruptcy Court for the Central District of California and bearing Adversary Proceeding No. 09-1318-ES ("*Bankruptcy Action*").

I.     The Court in the Owner Reorganization has approved the plan of reorganization submitted by the Trustee pursuant to which the Property was sold under Section 1123 and 363 of the Bankruptcy Code, with the Claims of Mechanic's Lien attaching to the proceeds of the sale to the extent that the Claims

of the Mechanic's Lien were senior or equal in priority to that held by the First Lien Lenders. Alfred H. Siegel was the Trustee prior to plan confirmation, and is now the Liquidating Trustee (the "*Liquidating Trustee*") of the Liquidating Trust created under the confirmed plan (the "*Liquidating Trust*") and is signing this agreement on behalf of Owner solely in his capacity as the Liquidating Trustee, not in an individual capacity.

       J.       Contractor obtained relief from the automatic stay in the LCPI Reorganization to proceed with the Bankruptcy Action, and the Parties have spent substantial money and time in the litigation, including in taking numerous depositions and completing discovery, pursuing summary judgment and other pre-trial motions, and otherwise preparing for trial. Through this process, Contractor claims to have incurred over $600,000 in attorneys' fees. To avoid further litigation costs and the risk of loss at trial, Contractor, LCPI, Title Companies, Owner and MRID enter into this Agreement to settle the Bankruptcy Action, the State Court Action and any and all other claims that the Contractor may have against the Owner, LCPI, Gramercy, Square Mile, the First Lien Lenders, the Second Lien Lenders, the Third Lien Lenders and/or MRID.

Agreement

       The Parties agree:

       1.       **Settlement Amount; Payment Method; Closing Deadline.** Payment to Contractor pursuant to this Agreement shall be in the amount shown below ("*Settlement Amount*"). The Settlement Amount shall be wired by the Parties required herein to the trust account of Loeb & Loeb described below ("*Escrow*"). The Settlement Amount shall be delivered to Contractor via wire transfer instructions as shown below as soon as all of the Closing Conditions specified herein have been satisfied.

| | |
|---|---|
| Settlement Amount: | $1,800,000.00 |
| Closing Deadline: | Five (5) days after delivery of the Notice of Approvals, as defined below. |
| Escrow Account: | Bank Name: [Prior to execution of this Agreement, wire transfer instructions for delivery to Escrow shall have been transmitted separately to counsel for Fidelity and MRID to preserve the privacy of that financial information.] |
| | Bank Address: |
| | Account Name: |
| | Account No.: |
| | Routing/ABA No.: |
| | Reference: |

| Wire Transfer Delivery Instructions for Payment of Settlement Amount to Contractor | Account Name: | [Prior to execution of this Agreement, wire transfer delivery instructions shall have been transmitted separately to counsel for Fidelity to preserve the privacy of that financial information.] |
| | Account No.: | |
| | Bank Name: | |
| | Bank ABA No.: | |
| | Notify: | |

2. **Bankruptcy Court Approval.**

    2.1    Promptly after execution of this Agreement by all parties:

    2.1.1    The Owner shall seek an Order (the "*Owner Reorganization Approval Order*") from the United States Bankruptcy Court for the Central District of California in the Owner Reorganization approving and authorizing the settlement between the Parties and the terms of this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 by motion to be filed no later than September 2, 2011, on a no hearing basis, provided that the Owner shall schedule such motion to be heard on the court's earliest available hearing date in the event that any party timely objects to the requested relief. Owner shall submit the proposed Owner Reorganization Approval Order for entry by the court no later than one (1) business day following the hearing; and

    2.1.2    LCPI shall seek an Order (the "*LCPI Reorganization Approval Order*") from the United States Bankruptcy Court for the Southern District of New York in the LCPI Reorganization approving and authorizing the settlement between the Parties and the terms of this Agreement pursuant to Federal Rule of Bankruptcy Procedure 9019 by motion to be filed no later than September 2, 2011, on a no hearing basis, provided that LCPI shall schedule such motion to be heard on the court's earliest available hearing date in the event that any party timely objects to the requested relief. LCPI shall submit the proposed LCPI Reorganization Approval Order for entry by the court no later than one (1) business day following the hearing.

    2.2    Once each of the Owner Reorganization Approval Order and the LCPI Reorganization Approval Order has become a final, non-appealable Order of the Court fourteen (14) days after entry of the Orders, subject to the provisions of Federal Rules of Bankruptcy Procedure Rule 8002, LCPI promptly shall deliver to the Escrow a "*Notice of Approvals*" which shall contain or attach both of the following:

    2.2.1    A true copy of the Owner Reorganization Approval Order.

    2.2.2    A true copy of the LCPI Reorganization Approval Order.

    2.3    If LCPI fails to deliver the Notice of Approvals to the Escrow within ten (10) days after both the LCPI Reorganization Approval Order and the Owner Reorganization Approval Order have become final, non-appealable Orders of the Court, Contractor may prepare and deliver the Notice of Approvals to the Escrow.

2.4     This Agreement shall be subject to approval by the Court in both the Owner Reorganization and the LCPI Reorganization.  In the absence of such Court approval, this Agreement shall be null, void and of no force or effect.

3.     **Assignment.**  In consideration of payment of the Settlement Amount, Contractor agrees to assign to the Title Companies any and all claims and rights to receive payment on the Contracts, including, without limitation, the Owner Reorganization Claim, and any and all liens and encumbrances securing such claims and rights to receive payment, including, without limitation, the Claims of Mechanic's Lien.  In furtherance of this requirement, through the Escrow, Contractor shall duly execute and deliver to the Title Companies the Assignment in the form attached as Exhibit "1" ("***Assignment***").  Such assignment shall not include any claims of lien, including but not limited to any attachment lien, alleged by Contractor as to MRID, and Contractor hereby releases any and all such claims of lien alleged as to MRID.  The Title Companies agree that they will not enforce any liens or claims obtained by this Agreement or the Assignment in any way that would prejudice the rights of the First Lien Lenders under the First Loan Policy.  By way of example, any payments payable to or received by the Title Companies from the Owner or any other party based on this Agreement and the Assignment, whether it be on account of the Claims of Mechanic's Lien or the Owner Reorganization Claim, shall be immediately turned over to LCPI unless and until the First Lien Lenders have been paid in full with respect to the $235,000,000 loan.  To the extent not otherwise extinguished in accordance with the terms of this Agreement, the Title Companies agree to the withdrawal with prejudice in the LCPI Reorganization of any claims acquired by the Title Companies pursuant to this Agreement or the Assignment.  Upon execution and delivery of the Assignment, Owner acknowledges and agrees that the Owner Reorganization Claim shall be finally allowed in the Owner Reorganization as a secured claim only, and not as a general unsecured claim, in the amount of $7,460,120.74 (the "***Assigned Claim***").  In furtherance thereof, the Owner Reorganization Approval Order shall contain a provision allowing the Assigned Claim as a secured claim and providing for distributions on account of the Assigned Claim as a secured claim consistent with the terms of this paragraph and the terms and conditions of the Plan.  The Assigned Claim will not be paid under the Plan as a general unsecured claim or be considered a "Senior Lien" (as such term is defined in the Plan) for the purpose of calculating the "Trustee's Participation" (as such term is defined in the Plan).

4.     **Withdrawal, Dismissal and Stipulations.**  Through the Escrow, Contractor shall deliver to LCPI:

4.1     A duly executed and recordable Notice of Withdrawal ("***Withdrawal***"), withdrawing the Notice of Pendency of Action in the form attached as Exhibit "2;"

4.2     A fully executed Request for Dismissal, on the Judicial Council form, seeking dismissal of the entire State Court Action with prejudice and with each Party bearing its own fees and costs ("***Request for Dismissal***"); and

4.3     Two fully executed Stipulations pursuant to Federal Rule of Bankruptcy Procedure 7041 seeking approval of the Assignment and dismissal of the Bankruptcy Action with prejudice and with each Party bearing its own fees and costs ("***Stipulations***"), in the form attached collectively as Exhibit "3."

5.     **Closing Through Escrow.**  Closing hereunder shall occur through the Escrow only when all the conditions in Sections 5.1 to 5.5 below have been satisfied ("***Closing Conditions***"), all of which shall be satisfied on or before the Closing Deadline:

5.1     Immediately upon execution of this Agreement, Contractor shall deliver to the Title Companies, through Fidelity's counsel in the Owner Reorganization, a completed Form W-9, including Contractor's tax identification number.

5.2     Contractor shall have delivered each of the following to the Escrow:

5.2.1     Eight fully executed counterparts of this Agreement;

5.2.2     The Assignment;

5.2.3     The Withdrawal;

5.2.4     The Request for Dismissal; and

5.2.5     The Stipulations duly executed by Contractor.

5.3     MRID shall have delivered each of the following to the Escrow:

5.3.1     Eight fully executed counterparts of this Agreement;

5.3.2     The Stipulations duly executed by MRID; and

5.3.3     The sum of $60,000 ("*MRID Funds*").

5.4     LCPI shall have delivered the following to the Escrow:

5.4.1     Eight fully executed counterparts of this Agreement;

5.4.2     The Stipulations duly executed by LCPI; and

5.4.3     The Notice of Approvals.

5.5     Owner shall have delivered each of the following to the Escrow:

5.5.1     Eight fully executed counterparts of this Agreement; and

5.5.2     The Stipulations duly executed by the Owner.

5.6     The Title Companies shall have delivered each of the following to the Escrow:

5.6.1     Eight fully executed counterparts of this Agreement; and

5.6.2     The sum of $1,740,000.

5.7     When all Closing Conditions have been satisfied, the Escrow shall be authorized and directed on the Closing Deadline to simultaneously deliver:

5.7.1     To Contractor, by delivery to its attorneys in the Bankruptcy Action or as otherwise set forth herein:

5.7.1.1 One counterpart of this Agreement containing original execution signatures by all Parties; and

5.7.1.2 The Settlement Amount.

5.7.2 To LCPI, by delivery to LCPI's attorneys in the Bankruptcy Action:

5.7.2.1 Three counterparts of this Agreement containing original execution signatures by all Parties;

5.7.2.2 The Request for Dismissal;

5.7.2.3 The Stipulations; and

5.7.2.4 The Withdrawal.

5.7.3 To Title Companies, by delivery to Fidelity's attorneys in the Owner Reorganization:

5.7.3.1 Two counterparts of this Agreement containing original execution signatures by all Parties; and

5.7.3.2 The Assignment.

5.7.4 To MRID, by delivery to its attorneys in the Bankruptcy Action:

5.7.4.1 One counterpart of this Agreement containing original execution signatures by all Parties.

5.7.5 To Owner, by delivery to its attorneys in the Bankruptcy Action:

5.7.5.1 One counterpart of this Agreement containing original execution signatures by all Parties.

6. **Filing of the Stipulations and Dismissal; Recording of the Withdrawal**

6.1 After Closing of Escrow, LCPI promptly shall file the Stipulations and shall seek to obtain dismissal of the Bankruptcy Court Action.

6.2 After Closing of Escrow, LCPI promptly shall file the Request for Dismissal.

6.3 After Closing of Escrow, LCPI promptly shall record the Withdrawal.

6.4 Contractor shall provide full cooperation to LCPI in connection with its efforts to obtain dismissal of the Bankruptcy Court Action and the State Court Action. In addition, Contractor shall provide full cooperation to the Title Companies in connection with their enforcement of the Assigned Claim.

6.5 Other than as expressly set forth in Section 3, above, the acts of dismissing the State Court Action and the Bankruptcy Action and withdrawing the Notice of Pendency of Action are not

intended as and shall not be deemed to be a release or waiver of any liens or claims obtained by the Title Companies pursuant to this Agreement or the Assignment.

7. **Mutual Releases and Covenant Not to Sue**.

7.1    Excepting only the rights and obligations created by or preserved by this Agreement and those claims, rights and obligations transferred to the Title Companies by the Assignment, effective upon closing of Escrow, Contractor unconditionally releases, acquits and forever discharges MRID, LCPI, Gramercy, Square Mile, the First Lien Lenders, the Second Lien Lenders, the Third Lien Lenders, the Trustee/Liquidating Trustee, the Liquidating Trust, Owner and Owner's bankruptcy estate, the Title Companies and the Property of and from, and covenants not to assert against or sue, directly or indirectly, any of them on or for, any and all claims, complaints, charges, liabilities, liens, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs) of whatsoever kind or nature, arising in law, equity or otherwise under the law of any jurisdiction, known or unknown, foreseen or unforeseen, hidden or concealed, which it has, had or may hereafter have based on any fact, matter, cause, thing, transaction or event, including but not limited to any matter or thing that has been alleged or could have been alleged in the State Court Action or the Bankruptcy Action or both (collectively "*Contractor-Released Claims*"). Without limiting the forgoing releases, and except for those claims assigned by the Assignment, the Contractor unconditionally releases all Claims for Mechanic's Liens against the Property.

7.2    Excepting only the rights and obligations created by or preserved by this Agreement, effective upon closing of Escrow, MRID, LCPI and the Title Companies unconditionally release, acquit and forever discharge Contractor of and from, and covenant not to assert against or sue it, directly or indirectly, on or for, any and all claims, complaints, charges, liabilities, liens, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs) of whatsoever kind or nature, arising in law, equity or otherwise under the law of any jurisdiction, known or unknown, foreseen or unforeseen, hidden or concealed, arising from the Claims of Mechanic's Lien, the State Court Action and/or the Bankruptcy Action (collectively "*Lender Released Claims*".)

7.3    Each party giving a release acknowledges and agrees that its release provided above is intended to include unknown Contractor Released Claims or Lender Released Claims, as the case may be, and expressly waives any and all rights which it may have under Section 1542 of the California Civil Code, which provides as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER, MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Each party giving a release hereby warrants that it is familiar with, has read and has consulted legal counsel of its choosing with respect to California Civil Code Section 1542 and that it understands that factual matters now unknown to it may have given or may hereinafter give rise to actions, legal or administrative proceedings, claims, liens, demands, debts, controversies, damages, costs, losses, liabilities and expenses which are presently unknown, unanticipated and unsuspected, but are nevertheless intended to be encompassed within its release.

7.4    Consistent with the releases given by Contractor herein, the LCPI Reorganization Approval Order shall contain a provision disallowing in its entirety and expunging the LCPI Reorganization Claim effective upon the closing of Escrow.

8.    **Representations and Warranties**. The Parties represent and warrant to and agree with each other as follows:

8.1    Each Party has received independent legal advice from attorneys of its choice with respect to the advisability of making this Agreement and the releases provided herein and with respect to the advisability of executing this Agreement.

8.2    Except as expressly stated in this Agreement, no Party has made any statement or representation to any other Party regarding any fact, which statement or representation is relied upon by any other Party in entering into this Agreement. In connection with the execution of this Agreement or the making of the settlement provided for herein, no Party to this Agreement has relied upon any statement, representation or promise of any other Party not expressly contained herein.

8.3    All Parties hereto and their counsel have made such investigation of the facts pertaining to the releases contained herein as they deem necessary.

8.4    The terms of this Agreement are contractual and are the result of arm's length negotiation among the Parties.

8.5    Each of the Parties has carefully read, knows and freely understands the contents of this Agreement. Each Party executing this Agreement signs this Agreement freely.

8.6    Each Party covenants and agrees not to bring any action, claim, suit or proceeding against any Party hereto directly or indirectly, regarding or relating to the matters released hereby, and each Party further covenants and agrees that this Agreement is a bar to any such claim, action, suit or proceeding. Notwithstanding the foregoing, each Party shall retain the right to bring an action, claim, suit or proceeding to enforce this Agreement or to otherwise resolve any bona fide dispute concerning any ambiguity in this Agreement.

8.7    Each Party represents and agrees that this Agreement is freely negotiated and that it enters into this Agreement of its own free will and that this Agreement is acceptable to the Parties as a fair and reasonable resolution of the matters released herein.

9.    **Covenant Re Assignment**. Each Party hereto represents and warrants that it is the sole and lawful owner of all right, title and interest in and to every claim and other matter which it purports to release herein, and that it has not heretofore assigned or transferred, or purported to assign or transfer, to any person, firm, association, corporation or other entity any right, title or interest in any such claim or other matter. In the event that such representation is false and/or any such claim or matter is asserted against any Party hereto (and/or the successor of such Party) by any party or entity who is the assignee or transferee of such claim or matter, then the Party hereto who assigned or transferred such claim or matter shall fully indemnify, defend, and hold harmless the Party (and its successors) against whom such claim or matter is asserted from all actual costs, fees, expenses, liabilities and damages which that Party (and/or its successors) incurs as a result of the assertion of such claim or matter.

10.    **Warranty of Authority**. Each Party represents and warrants as follows:

10.1    Subject to obtaining the Owner Reorganization Approval Order (as it relates to the Owner) and the LCPI Reorganization Approval Order (as it relates to LCPI), it has the power and authority to execute this Agreement and to perform as required by its terms;

10.2    Except for obtaining the Owner Reorganization Approval Order and the LCPI Reorganization Approval Order, it has obtained all consents and approvals and taken all corporate or charter action necessary to authorize the execution and delivery of this Agreement and each instrument and document required by this Agreement; and

10.3    It has fully authorized the person executing this Agreement to do so on its behalf.

11.    **Indemnity**. Each Party shall indemnify each other Party from all liability, loss, cost, expense and damage proximately resulting from breach by the indemnifying Party of any representation or warranty in this Agreement.

12.    **Survival of Warranties**. The representations and warranties contained in this Agreement are deemed to and do survive the execution hereof.

13.    **Modifications**. This Agreement may not be amended, canceled, revoked or otherwise modified except by written agreement subscribed by all Parties to be charged with such modification.

14.    **No Admission of Liability**. The Parties hereto explicitly acknowledge that this Agreement represents a settlement, and that by entering into this Agreement no Party admits or acknowledges any liability or wrongdoing.

15.    **Co-operation to Execute Documents**. Contractor agrees to sign and acknowledge documents for recording and to take other reasonable actions at the request of LCPI and/or the Title Companies to remove all claims of lien, notices of action and other matters of record affecting title to the Property as may have arisen out of or as a consequence of the Claims of Mechanic's Lien, the State Court Action or the Bankruptcy Action or any other rights or interests Contractor has or may assert against the Property. In addition, Contractor shall fully cooperate with the Title Companies in connection with their enforcement of the claims, rights and obligations assigned to the Title Companies pursuant to the Assignment, including the Owner Reorganization Claim and/or the Assigned Claim.

16.    **Governing Law**. This Agreement is governed by and is to be interpreted and enforced in accordance with the laws of the State of California, without regard to any choice of law provisions that would cause the law of any other state to govern.

17.    **Attorneys Fees**. In the event that any action, motion or proceeding is brought to enforce or interpret the terms of this Agreement or the Assignment, the prevailing parties shall be entitled to recover, in addition to statutory costs, all expenses incurred in connection with the dispute, including but not limited to reasonable attorneys, expert consultant and expert witness fees. Notwithstanding the foregoing, the prevailing parties shall not have the right to recover fees and costs in connection with the resolution of any bona fide dispute over any ambiguity in this Agreement or the Assignment.

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

18.    **Counterparts**. This Agreement may be executed by fax and/or in counterparts and, if so executed, each fax and/or counterpart shall have the full force and effect of an original, and all of which when executed shall constitute one and the same instrument.

19.    **Entire Agreement**. Except as expressly provided herein, this Agreement contains the entire agreement of the Parties and supersedes all existing negotiations, representations or agreements, and all other oral, written or other communications between them concerning the subject matter of this Agreement.

20.    **Successors and Assigns**. This Agreement shall be binding upon the Parties, their successors and assigns, including any bankruptcy trustee, post-confirmation liquidating agent, liquidating trustee or similar party appointed in connection with the Owner Reorganization and/or the LCPI Reorganization.

21.    **Reservation of Rights.** Nothing contained in this Agreement is intended to modify and nothing herein shall modify the rights and obligations of the Title Companies, LCPI, Gramercy, Square Mile and/or the First Lien Lenders, the Second Lien Lenders and/or the Third Lien Lenders under the First Loan Policy, the Second Loan Policy, the Third Loan Policy and that certain Interim Funding Agreement entered into by and between the Title Companies and LCPI, including any and all reservations of rights previously asserted by the Title Companies, LCPI, Gramercy, Square Mile, the First Lien Lenders, the Second Lien Lenders and/or the Third Lien Lenders with respect to the First Loan Policy, the Second Loan Policy and/or the Third Loan Policy.

22.    **Limitation on Liability.** Notwithstanding anything to the contrary contained herein, Alfred H. Siegel is signing this Agreement on behalf of Owner solely in his capacity as the Liquidating Trustee, not in an individual capacity, and in no event whatsoever shall Alfred H. Siegel have any personal liability of any kind, nature or amount as a result of this Agreement, including, without limitation, any performance, failure of performance, breach, default or other circumstance arising from or related to this Agreement, the implementation thereof, or the transactions contemplated herein

**CONTRACTOR:**

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President

**LCPI:**

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name: _____
Its: _____


**MRID:**

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _____
Its: _____

**TITLE COMPANIES:**

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: _____
Name: _____
Its: _____


FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____


**OWNER:**

LBREP/L-SUNCAL MCALLISTER RANCH, LLC


By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization

CONTRACTOR:

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President

LCPI:

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name:  _Phil Cybut_
Its:  _Authorized Signatory_

MRID:

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _____
Its: _____

TITLE COMPANIES:

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: _____
Name: _____
Its: _____

FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____

OWNER:

LBREP/L-SUNCAL MCALLISTER RANCH, LLC

By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

**CONTRACTOR:**

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President

**LCPI:**

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name: _____
Its: _____

**MRID:**

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _KEVIN D. COUCH_
Its: _GENERAL MANAGER_

**TITLE COMPANIES:**

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: _____
Name: _____
Its: _____

FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____

**OWNER:**

LBREP/L-SUNCAL MCALLISTER RANCH, LLC

By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

**CONTRACTOR:**

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President

**LCPI:**

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name: _____
Its: _____

**MRID:**

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _____
Its: _____

**TITLE COMPANIES:**

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: *Michael E Busch*
Name: *Michael E Busch*
Its: *Senior Vice President*

FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____

**OWNER:**

LBREP/L-SUNCAL MCALLISTER RANCH, LLC

By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

**CONTRACTOR:**

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President

**LCPI:**

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name: _____
Its: _____

**MRID:**

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _____
Its: _____

**TITLE COMPANIES:**

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: _____
Name: _____
Its: _____

FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____

**OWNER:**

LBREP/L-SUNCAL MCALLISTER RANCH, LLC

By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

CONTRACTOR:

SUPERIOR PIPELINES, INC., a California
corporation

By: _____
Name:  Walter Alexander
Its:  President


LCPI:

LEHMAN COMMERCIAL PAPER, INC., a Delaware
corporation

By: _____
Name: _____
Its: _____


MRID:

MCALLISTER RANCH IRRIGATION DISTRICT,
a local publicly owned electrical utility

By: _____
Name: _____
Its: _____


TITLE COMPANIES:

FIDELITY NATIONAL TITLE INSURANCE
COMPANY

By: _____
Name: _____
Its: _____


FIRST AMERICAN TITLE INSURANCE COMPANY

By: _____
Name: _____
Its: _____


OWNER:

LBREP/L-SUNCAL MCALLISTER RANCH, LLC

By: _____
Name:  Alfred H. Siegel
Solely in his Capacity as the Liquidating Trustee
for the Owner Reorganization


LA2180224.2
207866-10051

AGREEMENT FOR SETTLEMENT OF CONTRACTOR CLAIMS
(SUPERIOR PIPELINES, INC.)

# EXHIBIT 1

Exhibit 1
**Assignment**

## ASSIGNMENT OF LIENS AND CLAIMS

This Assignment of Liens and Claims (*"Assignment"*) is made as of April 15, 2011 by and between

| | |
|---|---|
| *"Assignor":* | SUPERIOR PIPELINES, INC., a California corporation (*"Assignor"*), |
| and | |
| *"Assignees":* | FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation, as to an undivided one-half interest, and FIRST AMERICAN TITLE COMPANY, a California corporation, , as to an undivided one-half interest (collectively *"Assignees"*), |

with reference to the following facts:

### Recitals

A.     Assignor contributed labor, services, materials and equipment to the improvement of certain real property known as McAllister Ranch (*"Property"*) pursuant to written contracts and an oral contract (collectively, the *"Contracts"*) with LBREP/L-SunCal McAllister Ranch, LLC as owner of the Property (*"Owner"*).

B.     Assignor recorded claims of mechanic's lien against the Property in the total principal amount of $ 6,698,577.4 as Document Nos. 0208023212 – 0208023220 and 0208051365 – 0208051373 (collectively, *"Claims of Mechanic's Lien"*); and, on April 14, 2008, Assignor commenced an action in the Superior Court of Kern County, California, titled *Superior Pipelines, Inc. v. LBREP/L-SunCal McAllister Ranch, LLC, et al.,* Case No. S-1500-CV-263573, in which Assignor asserted claims against Owner and others to recover damages of approximately $ 7,400,000 and to foreclose its Claims of Mechanic's Lien (collectively, *"Contractor's Claims"*).

C.     On September 11, 2008, a reorganization proceeding was commenced against Owner in the United States Bankruptcy Court for the Central District of California as Case No. 08-15637-ES (*"Owner Reorganization"*).  Assignor filed a Proof of Claim in the Owner Reorganization in the amount of $ 7,460,120.74 (*"Owner Reorganization Claim"*).

D.     On October 5, 2008, a reorganization proceeding was commenced against LCPI in the United States Bankruptcy Court for the Southern District of New York as Case No. 08-13900-JMP, which is under joint administration with United States Bankruptcy Court Case No. 08-13555-JMP (*"LCPI Reorganization"*).  Assignor filed a Proof of Claim in the LCPI Reorganization in the amount of $ 7,460,120.74 (*"LCPI Reorganization Claim"*).

E.     Having concurrently entered into an Agreement for Settlement of Contractor Claims with Mutual Releases and Covenants Not to Sue (*"Agreement"*), Assignor desires to sell and assign, and

LA2159471.1
207866-10051

933383.01/OCnc                                              -1-

Assignees desire to acquire and accept, all of Assignor's rights and interest in the Claims of Mechanic's Lien, the Owner Reorganization Claim and the LCPI Reorganization Claim.

## Agreement

The parties agree:

1.    **Assignment of Claims**.  Assignor has received a payment pursuant to the Agreement for, among other purposes described in the Agreement, purchase of the rights, benefits and privileges below. Therefore, in exchange for such payment and other consideration, Assignor hereby assigns to Assignees all of the following:

1.1    All claims and rights to receive payment on the Contracts, including without limitation the Contractor's Claims, the Owner Reorganization Claim and the LCPI Reorganization Claim;

1.2    All Claims of Mechanic's Lien, including without limitation, all rights and remedies inherent in or afforded to an owner of the Claims of Mechanic's Lien; and

1.3    Any and all distributions, proceeds, awards or other benefits that may arise out of or derive from any of the foregoing.

(All of the foregoing are collectively referred to as the "***Assigned Rights and Claims***").

2.    **Restrictions and Limitations on Assignment.**  The Assignment under Section 1 above and the Assigned Rights and Claims are subject to the terms, restrictions and limitations in the Agreement which Agreement is incorporated herein by reference.

3.    **Warranties of Assignor.**  Assignor warrants as follows:

3.1    It is the sole owner of all Assigned Rights and Claims;

3.2    There exist no lien, security interest, encumbrance, attachment, UCC financing statement, other restriction on transfer of or claim against such Assigned Rights and Claims, whether in favor of a lender to Assignor, any other creditor or any other person or entity;

3.3    It has obtained all consents and approvals and has taken all corporate action necessary to authorize execution and delivery of this Assignment; and

3.4    The person executing this Assignment is fully authorized to do so on its behalf.

4.    **Further Documents and Cooperation.**  Assignor shall cooperate with Assignees and any successor to either or both of them by providing, upon a request by either of Assignees or any successor to either or both of them, copies of documents and records supporting or otherwise relating to the Contracts or Claims of Mechanic's Lien or both, interview, deposition, hearing and trial testimony, as well as such other cooperation as may reasonably be required to assert or enforce any of the rights, privileges or benefits within the scope of this Assignment.

---

*LA2159471.1*
*207866-10051*

933383.01/OCnc

5.    **Governing Law**.  This Assignment is governed by and is to be construed and enforced in accordance with the laws of the State of California, without regard to any choice of law provisions that would cause the law of any other state to govern.

6.    **Attorneys Fees.**  In the event that any action, motion, or proceeding is brought to enforce or interpret the terms of this Assignment, the prevailing party shall be entitled to recover, in addition to statutory costs, all expenses incurred in connection with the dispute, including but not limited to reasonable attorneys, expert consultant and expert witness fees.

**ASSIGNOR:**

SUPERIOR PIPELINES, INC., a California corporation

By: _____
Name:  Walter Alexander
    Its:  President

**ASSIGNEES:**

FIDELITY NATIONAL TITLE INSURANCE COMPANY, a California corporation

By: _____
    Name: _____
    Its: _____


FIRST AMERICAN TITLE COMPANY, a California corporation

By: _____
    Name: _____
    Its: _____

# Exhibit    2

Exhibit 2
**Withdrawal**

1   Recording requested by and
    when recorded return to:
2
    LOEB & LOEB LLP
3   ALAN WILKEN (SBN 063790)
    10100 Santa Monica Boulevard, Suite 2200
4   Los Angeles, California 90067-4120
    Telephone:   310-282-2000
5   Facsimile:   310-282-2200

6   Attorneys for Defendant and Counter-
    Claimant LEHMAN COMMERCIAL
7   PAPER, INC. and Defendants
    GRAMERCY WAREHOUSE LENDING
8   I, LLC, SQUARE MILE STRUCTURED
    FINANCE (ONE), LLC and  SQUARE
9   MILE STRUCTURED FINANCE
    (TWO), LLC

10

11

12                  UNITED STATES BANKRUPTCY COURT

13          CENTRAL DISTRICT OF CALIFORNIA -- SANTA ANA

14

15  In re                              )   Case No. 8:08-bk-15637-ES
                                        )
16  LBREP/L-SUNCAL MCALLISTER          )   Consolidated under No.8:08-bk-15588-ES
    RANCH, LLC,                         )
17                                      )   Judge:  Erithe A. Smith
              Debtor.                   )
18                                      )
    _____)   Adv. Proc. No. 8:09-01318
19  SUPERIOR PIPELINES, INC., a         )
    California corporation,             )
20                                      )
              Plaintiff,                )
21  vs.                                 )   **WITHDRAWAL OF NOTICE OF**
                                        )   **PENDENCY OF ACTION**
22  LBREP/L-SUNCAL MCALLISTER          )
    RANCH, LLC, a Delaware limited liability )
23  company; etc., et al.,              )
                                        )
24            Defendants.               )
                                        )
25

26

27

28

LA2141542.1
207866-10051
            WITHDRAWAL OF NOTICE OF PENDENCY OF ACTION
                RECORDED AS DOCUMENT NO. 0208085822

1

2      **NOTICE IS GIVEN** that the Notice of Pendency of Action by Superior Pipelines, Inc.

3 against LBREP/L SunCal McAllister Ranch, LLC and others affecting property described on

4 Exhibit "A" and recorded in the Official Records of the County of Kern, California on May 30,

5 2008, as Document No. 0208085822 is withdrawn.

6

7 Dated: _____, 2011           KLEIN, DeNATALE, GOLDNER, COOPER,
                            ROSENLIEB & KIMBALL, LLP

8

9                        By:_____

10                           T. Scott Belden
                          Terrence T. Egland
                          Attorneys for Plaintiff and Counter-

11                           Defendant Superior Pipelines, Inc.

12

13

14 State of California        )
County of _____ )

15

16 On _____, 2011, before me, _____,
Notary Public, personally appeared _____, personally

17 known to me or proved to me on the basis of satisfactory evidence to be the person whose
name is subscribed to the within instrument and acknowledged to me that he/she executed

18 the same in his/her authorized capacity, and that by his/her signature on the instrument the

19 person, or the entity upon behalf of which the person acted, executed the instrument.

20      I certify under PENALTY OF PERJURY under the laws of the State of California that the
foregoing paragraph is true and correct.

21

22      WITNESS my hand and official seal.

23

24                       _____
                      Signature of Notary

25

26

27

28

WITHDRAWAL OF NOTICE OF PENDENCY OF ACTION
RECORDED AS DOCUMENT NO. 0208085822

# Exhibit 3

Exhibit 3
**Stipulations**

1  LOEB & LOEB LLP
   ALAN WILKEN (SBN 063790)
2  awilken@loeb.com
   DERRICK TALERICO (SBN 223763)
3  dtalerico@loeb.com
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:   310-282-2000
5  Facsimile:   310-282-2200

6  Attorneys for Defendant and Counter-
   Claimant LEHMAN COMMERCIAL
7  PAPER, INC. and Defendants
   GRAMERCY WAREHOUSE LENDING
8  I, LLC, SQUARE MILE STRUCTURED
   FINANCE (ONE), LLC and  SQUARE
9  MILE STRUCTURED FINANCE
   (TWO), LLC

10

11

12              UNITED STATES BANKRUPTCY COURT

13          CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

14

15  In re                             )  Case No. 8:08-bk-15637-ES
                                      )
16  LBREP/L-SUNCAL MCALLISTER          )  Consolidated under No.8:08-bk-15588-ES
    RANCH, LLC,                        )
17                                     )  Judge:  Erithe A. Smith
           Debtor.                     )
18  _____   )
                                      )  Adv. Proc. No. 8:09-01318
19  SUPERIOR PIPELINES, INC., a        )
    California corporation,            )
20                                     )
           Plaintiff,                  )
21  vs.                                )      STIPULATION FOR ORDER
                                      )      APPROVING ASSIGNMENT
22  LBREP/L-SUNCAL MCALLISTER          )
    RANCH, LLC, a Delaware limited liability )
23  company; etc., et al.,             )
                                      )
24         Defendants.                 )
                                      )
25

26

27

28

LA2126601.4
207866-10051          _____
                      STIPULATION FOR ORDER APPROVING ASSIGNMENT

1    Pursuant to Federal Rule of Bankruptcy Procedure 7041, incorporating Federal Rule

2   of Civil Procedure 41(a)(1)(A)(ii), plaintiff and counter-defendant Superior Pipelines, Inc.

3   ("Superior"), debtor and defendant LBREP/L-SunCal McAllister Ranch, LLC ("Owner"),

4   defendant and counter-claimant Lehman Commercial Paper, Inc. ("LCPI"), and defendant

5   McAllister Ranch Irrigation District ("MRID") hereby enter into this stipulation, through

6   their respective counsel of record.

7

8                               **RECITALS**

9       A.    On September 11, 2008, an involuntary bankruptcy case was commenced

10   against Owner in the United States Bankruptcy Court for the Central District of California

11   as Case No. 08-15637-ES (the "Owner Bankruptcy Case").

12       B.    Superior filed a Proof of Claim in the Owner Bankruptcy Case in the

13   amount of $7,460,120.74 (the "Owner Reorganization Claim").

14       C.    Superior commenced this adversary action (the "Adversary Action") to

15   recover damages and to enforce claims of mechanic's lien against real property commonly

16   known as McAllister Ranch and to enforce the lien of a writ of attachment against funds in

17   the possession of MRID.  The action is proceeding on Superior's First Amended

18   Complaint.

19       D.    LCPI filed an Answer and Counterclaim seeking declaratory relief as to the

20   priority of a First Lien Deed of Trust securing a debt in the principal amount of

21   $235,000,000 and a Second Lien Deed of Trust securing a debt in the principal amount of

22   $85,000,000 on theories of the date of recording, subordination by contract, equitable

23   subrogation and others.  MRID filed an Answer, alleging its prior right to the funds in its

24   possession

25       E.    A Motion for Partial Summary Judgment by LCPI was argued on March 3

26   and 24, 2011.  Pursuant to Stipulation in anticipation of settlement, the Court deferred

27   announcement of its ruling.

28

LA2126601.4
207866-10051          STIPULATION FOR ORDER APPROVING ASSIGNMENT

1    F.    With the assistance of a Mediator, the parties have entered into a Settlement

2  Agreement (the "Settlement Agreement") under which, among other things, Superior has

3  assigned to Fidelity National Title Insurance Company and First American Title Insurance

4  Company the Owner Reorganization Claim and claims to enforce its asserted mechanic's

5  liens against the property (the "Assignment").

6    G.    Alfred H. Siegel was the duly-appointed chapter 11 trustee in the Owner

7  Bankruptcy Case, and is now the liquidating trustee  (the "Liquidating Trustee") of the

8  liquidating trust created under the plan confirmed in the Owner Bankruptcy Case, and is

9  signing this stipulation on behalf of Owner solely in his capacity as the Liquidating

10  Trustee, not in an individual capacity.

11                              **STIPULATION**

12    Pursuant to the Settlement, the parties hereby stipulate, and request a court order

13  thereon, as follows:

14    1.    The Owner Reorganization Claim shall be deemed assigned to Fidelity

15  National Title Insurance Company and First American Title Insurance Company.

16    2.    The Adversary Action shall be dismissed in its entirety with prejudice.

17    3.    Each party shall bear its own fees and costs.

18    4.    The parties shall seek an order for this stipulated relief in both the Adversary

19  Action and the jointly administered bankruptcy cases of In re LBREP/L-SunCal Master I

20  LLC, No. 08-15588-ES (Bankr. C.D. Cal.).

21

22

23                        *[SIGNATURE PAGE FOLLOWS]*

24

25

26

27

28

LA2126601.4
207866-10051                    STIPULATION FOR ORDER APPROVING ASSIGNMENT

1

2   Dated as of April 15, 2011        KLEIN, DeNATALE, GOLDNER, COOPER,
                                  ROSENLIEB & KIMBALL, LLP

3

4                             By:_____

5                                T. Scott Belden
                                 Terrence T. Egland
                                 Attorneys for Plaintiff and Counter-

6                                 Defendant Superior Pipelines, Inc.

7

8   Dated as of April 15, 2011        LOEB & LOEB LLP

9

10                             By:_____
                                Alan Wilken
                                Attorneys for Defendant and Counter-

11                               Claimant Lehman Commercial Paper, Inc.
                               and Defendants Gramercy Warehouse

12                             Lending I, LLC, Square Mile Structured
                             Finance (One), LLC and Square Mile

13                             Structured Finance (Two), LLC

14   Dated as of April 15, 2011        YOUNG WOOLDRIDGE, LLP

15

16                           By:_____
                                Michael Kaia

17                               Attorneys for Defendant McAllister Ranch
                               Irrigation District

18

19   Dated as of April 15, 2011        WEILAND, GOLDEN, SMILEY, WANG,
                                      EKVALL & STROK, LLP

20

21                           By: _____

22                               Evan D. Smiley
                               Attorneys for Alfred H. Siegel, Solely in

23                             his Capacity as Liquidating Trustee

24

25

26

27

28

LA2126601.4
207866-10051       _____
            STIPULATION FOR ORDER APPROVING ASSIGNMENT

1  LOEB & LOEB LLP
   ALAN WILKEN (SBN 063790)
2  awilken@loeb.com
   DERRICK TALERICO (SBN 223763)
3  dtalerico@loeb.com
   10100 Santa Monica Boulevard, Suite 2200
4  Los Angeles, California 90067-4120
   Telephone:    310-282-2000
5  Facsimile:    310-282-2200

6  Attorneys for Defendant and Counter-
   Claimant LEHMAN COMMERCIAL
7  PAPER, INC.

8

9              UNITED STATES BANKRUPTCY COURT

10        CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA

11

12 In re                              )  Case No. 8:08-15588 (ES)
                                       )
13 LBREP/L-SUNCAL MCALLISTER           )
   RANCH, LLC,                         )
14                                     )  Jointly Administered with Case Nos.:
             Debtor.                   )  8:08-bk-15637-ES; 8:08-bk-15639-ES
15 _____  )  and 8:08-bk-15640-ES
                                       )
16 __ Affects LBREP/L-SunCal Master I LLC )
   Only                                )  Chapter 11
17                                     )
                                       )
18 X Affects LBREP/L-SunCal McAllister )
   Ranch LLC Only                      )
19                                     )     STIPULATION FOR ORDER
                                       )     APPROVING ASSIGNMENT
20 __ Affects LBREP/L-SunCal McSweeny  )
   Farms LLC Only                      )
21                                     )
                                       )
22 __ Affects LBREP/L-SunCal Summerwind )
   Ranch LLC Only                      )
23                                     )
                                       )
24 __ Affects All Debtors              )
   _____

25

26

27

28

LA2160607.1
207866-10051          STIPULATION FOR ORDER APPROVING ASSIGNMENT

1    Pursuant to Federal Rule of Bankruptcy Procedure 7041, incorporating Federal Rule

2  of Civil Procedure 41(a)(1)(A)(ii), plaintiff and counter-defendant Superior Pipelines, Inc.

3  ("Superior"), Debtor and Defendant LBREP/L-SunCal McAllister Ranch, LLC ("Owner"),

4  defendant and counter-claimant Lehman Commercial Paper, Inc. ("LCPI"), and defendant

5  McAllister Ranch Irrigation District ("MRID") hereby enter into this stipulation, through

6  their respective counsel of record.

7

8                                    **RECITALS**

9    A.    On September 11, 2008, an involuntary bankruptcy case was commenced

10  against Owner in the United States Bankruptcy Court for the Central District of California

11  as Case No. 08-15637-ES (the "Owner Bankruptcy Case").

12    B.    Superior filed a Proof of Claim in the Owner Bankruptcy Case in the

13  amount of <u>$7,460,120.74</u> ("Owner Reorganization Claim").

14    C.    Superior commenced an adversary action (the "Adversary Action") to

15  recover damages and to enforce claims of mechanic's lien against real property commonly

16  known as McAllister Ranch and to enforce the lien of a writ of attachment against funds in

17  the possession of MRID.  The action is proceeding on Superior's First Amended

18  Complaint.

19    D.    LCPI filed an Answer and Counterclaim seeking declaratory relief as to the

20  priority of a First Lien Deed of Trust securing a debt in the principal amount of

21  $235,000,000 and a Second Lien Deed of Trust securing a debt in the principal amount of

22  $85,000,000 on theories of the date of recording, subordination by contract, equitable

23  subrogation and others.  MRID filed an Answer, alleging its prior right to the funds in its

24  possession

25    E.    A Motion for Partial Summary Judgment by LCPI was argued on March 3

26  and 24, 2011.  Pursuant to Stipulation in anticipation of settlement, the Court deferred

27  announcement of its ruling.

28

STIPULATION FOR ORDER APPROVING ASSIGNMENT

1     F.     With the assistance of a Mediator, the parties have entered into a Settlement

2  Agreement (the "Settlement Agreement") under which, among other things, Superior has

3  assigned to Fidelity National Title Insurance Company and First American Title Insurance

4  Company the Owner Reorganization Claim and claims to enforce its asserted mechanic's

5  liens against the property (the "Assignment").

6     G.     Alfred H. Siegel was the duly-appointed chapter 11 trustee in the Owner

7  Bankruptcy Case, and is now the liquidating trustee (the "Liquidating Trustee") of the

8  liquidating trust created under the plan confirmed in the Owner Bankruptcy Case, and is

9  signing this stipulation on behalf of Owner solely in his capacity as the Liquidating

10  Trustee, not in an individual capacity.

11                       **STIPULATION**

12     Pursuant to the Settlement, the parties hereby stipulate, and request a court order

13  thereon, as follows:

14     1.     The Owner Reorganization Claim shall be deemed assigned to Fidelity

15  National Title Insurance Company and First American Title Insurance Company.

16     2.     The Adversary Action shall be dismissed in its entirety with prejudice.

17     3.     Each party shall bear its own fees and costs.

18     4.     The parties shall seek an order for this stipulated relief in both the Adversary

19  Action and the jointly administered bankruptcy cases of In re LBREP/L-SunCal Master I

20  LLC, No. 08-15588-ES (Bankr. C.D. Cal.).

21

22                    *[SIGNATURE PAGE FOLLOWS]*

23

24

25

26

27

28

LA2160607.1
207866-10051          STIPULATION FOR ORDER APPROVING ASSIGNMENT

1

2   Dated as of April 15, 2011       KLEIN, DeNATALE, GOLDNER, COOPER,
ROSENLIEB & KIMBALL, LLP

3

4                          By: _____

5                             T. Scott Belden
Terrence T. Egland

6                           Attorneys for Plaintiff and Counter-
Defendant Superior Pipelines, Inc.

7

8   Dated as of April 15, 2011       LOEB & LOEB LLP

9

10                         By: _____
Alan Wilken

Attorneys for Defendant and Counter-
Claimant Lehman Commercial Paper, Inc.

11

12   Dated as of April 15, 2011       YOUNG WOOLDRIDGE, LLP

13

14                         By: _____
Michael Kaia

15                         Attorneys for Defendant McAllister Ranch
Irrigation District

16

17   Dated as of April 15, 2011       WEILAND, GOLDEN, SMILEY, WANG,
EKVALL & STROK, LLP

18

19                         By: _____

20                         Evan D. Smiley
Attorneys for Alfred H. Siegel, Solely in

21                         his Capacity as Liquidating Trustee

22

23

24

25

26

27

28