B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.    Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott International, L.P. | UBS AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
C/O ELLIOTT MANAGEMENT CORPORATION
40 West 57th Street
New York, N.Y. 10019
Attn: Michael Stephan
Email mstephan@elliottmgmt.com
Phone: (212) 478-2310
Fax:    (212) 478-2311
Last Four Digits of Acct #: _____

Court Claim # (if known): 30467
Amount of Claim: $118,964,657.50*
Date Claim Filed:    09/22/2009
Phone: _____

Last Four Digits of Acct#: _____

*plus additional amounts as set forth in the proof of claim.

Name and Address where notices to transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.
as attorney-in-fact
Transferee/Transferee's Agent

Date:    January 19, 2012

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

By: _____
Elliot Greenberg, Vice-President

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY</u>

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS AG, London Branch ("<u>Seller</u>") hereby unconditionally and irrevocably sells, transfers and assigns to Elliott International, L.P. (the "<u>Purchaser</u>"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in <u>Schedule 1</u> attached hereto (the "<u>Purchased Claim</u>"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers as specified in Schedule 1 hereto filed by or on behalf of Zurich Life Insurance Italia S.p.A. ("<u>Predecessor</u>") (the "<u>Proof of Claim</u>") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "<u>Proceedings</u>") in the United States Bankruptcy Court for the Southern District of New York (the "<u>Court</u>"), administered under Case No. 08-13555 (JMP) (the "<u>Debtor</u>"), (b) all rights, title and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, including the agreement between Seller and Predecessor (the "Predecessor Agreement"), and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "<u>Purchased Security</u>") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing, (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "<u>Transferred Claims</u>"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or the Prior Seller.

The Purchased Claim was transferred from Predecessor to Seller through the Predecessor Agreement as evidenced at docket # 23600 in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsubordinated unsecured claims; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount, dated August 24, 2011, which relates to the Proof of Claim, and as of the date hereof, Seller has not received any revised Notice of Proposed Allowed Claim Amount; and (h) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to

MKUAN\200199.1 - 01/17/12

the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its covenants (with respect to payments and distributions), and representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the fifth (5th) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the fifth (5th) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Buyer (save where Seller feels, acting reasonably (i) constrained to act in such manner as a result of any law, rule, regulation or pursuant to the security documentation; or (ii) such action could prejudice the Seller's continuing relationship wth any regulatory authority).

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on the Seller's party, causing (to the extent lawful and practicable) any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on the Seller's party, causing (to the extent lawful and practicable) any prior seller to execute or deliver) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

MKUAN\200199.1 - 01/17/12

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of January, 2012.

**UBS AG, London Branch**

By: _____
Name: NIGEL IAZL, CLEMENS ZEHNDORFER
Title: Executive Director, Managing Director

Address:

UBS AG, London Branch
FAO Loan Closers
1 Finsbury Avenue
London
EC2M 2PP

**Elliott International, L.P.**

By: Elliott International Capital Advisors Inc. as Attorney-in-Fact

By: _____
Name: ELLIOT GREENBERG
Title: VICE PRESIDENT

Address:

40 West 57th Street, 4th Floor
New York, New York 10019
United States

3

## Schedule 1

### Transferred Claims

**Purchased Claims**

61.271273347% of the proof of claim 30467 for XS0220691017 equating to a Principal Amount of EUR 83,525,000 (USD 118,964,657.50) including interest and other charges due on the security detailed below.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in EUR (USD equivalent) | Coupon | Maturity | Proof of Claim Number |
|---|---|---|---|---|---|---|---|---|
| Notes issued under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0220691017 | CA42668 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | Purchased EUR 83,525,000 (USD 118,964,657.50@ 1.42430 USD per EUR as published by Bloomberg Finance L.P. as of September 15, 2008) (Proof of claim for EUR 128,500,000 (or USD 183,022,550 @ 1.42430 USD per EUR as published by Bloomberg Finance L.P. as of September 15, 2008) | Zero Coupon Note | 18 July 2013 | 30467 |

4