Exhibit 1

# GUARANTEE

In order to improve the synergy within Lehman Brothers Group, Lehman Brothers Holdings Inc. desires to have Lehman Brothers Finance SA enter into the attached Subordination Agreement with Lehman Brothers Inc.

Lehman Brothers Holdings Inc. hereby unconditionally and irrevocably undertakes to pay immediately in full upon demand, without objection or exceptions to Lehman Brothers Finance SA, any amount due by Lehman Brothers Inc., or the value as determined by Lehman Brothers Finance SA of any assets due by said company, which is not paid/or repaid or transferred by Lehman Brothers Inc. to Lehman Brothers Finance SA when contractually due, as a result of the operation of the Subordination Agreement.

This Agreement is subject to Swiss law and the Courts of the Republic and Canton of Geneva shall have jurisdiction in the event of disagreement resulting from or related to this Guarantee.

October 13, 1995

_____
LEHMAN BROTHERS HOLDINGS INC.

## ANNEX A - ACCOUNTS

*Custodian Accounts #*

```
939 20004
939 20005
939 20006
939 20009
939 20010
939 20011
939 20012
939 20013
939 20014
939 20015
939 20016
939 20018
939 20019
939 20020
939 20021
939 20022
939 20023
939 20024
939 20030
939 20031
939 20046
```

Subordination Agreement entered into on this October 13, 1995, by and between Lehman Brothers Inc., a Delaware corporation ("LBI") and Lehman Brothers Finance S.A., a Swiss corporation (the "Lender").

WHEREAS, LBI is a broker dealer registered in accordance with the rules and regulations of the Securities Exchange Act of 1934, as amended (the "Exchange Act");

WHEREAS, the Lender is an affiliate of LBI which transacts certain securities and commodities business through LBI, and in connection therewith or otherwise may deposit securities and/or cash in an account with LBI and loan securities and/or cash to LBI;

NOW, THEREFORE, it is agreed as follows:

1. The Lender's rights with respect to the cash balances and securities Lender may now or in the future lend to LBI held now or in the future in the account(s) of the Lender maintained by LBI and listed on Annex A to this Agreement (the "Accounts")(which Annex as it may be amended or supplemented from time to time forms an integral part hereof) will be subordinate in right of payment and subject to the prior payment or provision for payment in full of any indebtedness of any nature whatsoever which may now or hereafter be due to any present or future LBI creditor the claims of which are not similarly subordinated (any such indebtedness hereinafter "Senior Indebtedness").

2. The Lender's rights with respect to any debts, obligations or liabilities which LBI may now or in the future owe to the Lender with respect to the Accounts will be subordinate in right of payment and subject to the prior payment or provision for payment in full of any Senior Indebtedness.

3. For purposes of this Agreement the term "subordinate to" means that if at the time LBI is required to return any securities loaned to it by the Lender or any payment is due to the Lender with respect to any debt, obligation or liability which LBI may have incurred with respect to said Lender and (i) a liquidation of LBI has been commenced under the Securities Investor Protection Act of 1970 ("SIPA"), Title 11 of the United States Code or any successor statute (the "Bankruptcy Act") or otherwise, (ii) a reorganization under the Bankruptcy Act has been

commenced, (iii) an assignment for the benefit of creditors has been commenced, or (iv) any other marshaling for the benefit of creditors has been commenced then the Lender will not be entitled on account of any such securities loaned or payment due, to participate or share ratably or otherwise in the distribution of LBI's assets until all obligations with respect to any Senior Indebtedness have been fully satisfied or provision has been made therefor. For purposes of this Agreement provision shall be deemed to have been made for payment in full of all Senior Indebtedness if the assets of LBI available to pay such Senior Indebtedness are adequate in amount to satisfy all Senior Indebtedness fully, regardless of whether any assets of LBI are liquidated or set aside for that purpose.

4. The Lender acknowledges that as a result of entering into this Agreement the Lender will not be deemed a customer of LBI's under Rule 15c3-3 promulgated under the Exchange Act and that the Accounts will thus not be subject to the requirements of such Rule. The Lender further acknowledges that by agreeing to subordinate its rights with respect to any securities loaned to LBI and any other debts, obligations or liabilities which LBI may now or hereafter have to it, that in the event of liquidation under SIPA it will not be treated as a customer by the Securities Investor Protection Corporation.

5. This Agreement may be terminated by the Lender upon receipt by LBI of written notice to that effect; provided, however, that no such termination will result in a change in status with respect to any cash or securities which the Lender has previously loaned, any monies which are due and owing the Lender or such other claims which the Lender may have as a result of transactions entered into prior to terminating this Agreement.

6. This Agreement may not be modified or amended except by a written instrument signed by the parties hereto and is binding upon and enforceable against the parties hereto and their respective successors and assigns. Neither party to this Agreement can assign its rights to delegate its obligations without the prior written consent of the other party.

7. This Agreement is governed by and construed in accordance with the laws of the State of New York. This Agreement is the entire agreement between the

parties hereto with respect to the subject matters hereof and supersedes all prior agreements and understandings relating to the subject matter hereof.

**IN WITNESS WHEREOF,** the parties hereto have hereby caused this Agreement to be executed as of the above written date.

**LEHMAN BROTHERS INC.**

By: _[signature]_

Title: Treasurer / Managing Director

**LEHMAN BROTHERS FINANCE S.A.**

By: _[signature]_
Title: Jim Staricco
       General Manager

By: _[signature]_
    **Marcelle Corsat**
Title: Fondé de Pouvoir

L:\HOME\cc\mlg\WPDOCS\jxm003.doc11894