B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDINGS INC.          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Morgan Stanley & Co. International plc | Nomura Capital Markets plc |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 59750 |
|---|---|
| Morgan Stanley & Co. International plc<br>25, Cabot Square,<br>Canary Wharf,<br>London E14 4QA | Amount of Claim: transferred amount – US$1,515,617.00<br>100% of total claim US$1,515,617.00 relating to ISIN XS0202417050<br>Date Claim Filed: 30 October 2009 |
| With a copy to:<br>Richards Kibbe & Orbe L.L.P.<br>One World Financial Center<br>New York, NY 10281-1003<br>Fax: 212-530-1801<br>Attn: Managing Clerk | |
| Phone: + 44 207 677 7974<br>E-mail: lndistressed@morganstanley.com | Phone:<br>Last Four Digits of Acct. #: |
| Phone: + 212 530 1800 | |

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if different from above):

Wire Instructions:

566570.1/9999-00999

**USD PAYMENT INSTRUCTIONS:**

| | |
|---|---|
| TO: | CHASE MANHATTAN NEW YORK, NY |
| SWIFT: | CHASUS33 |
| ACCOUNT NAME: | MORGAN STANLEY & CO. INTERNATIONAL plc |
| SWIFT: | MSLNGB2X |
| ACCOUNT NUMBER: | 066617758 |
| REF: | Fixed Income |

**EUR PAYMENT INSTRUCTIONS:**

| | |
|---|---|
| TO: | CITIBANK N.A. |
| SWIFT: | CITIGB2L |
| ACCOUNT NAME: | MORGAN STANLEY & CO. INTERNATIONAL plc |
| SWIFT: | MSLNGB2X |
| ACCOUNT NUMBER: | 12221071 |
| IBAN: | GB15CITI18500812221071 |
| REF: | Fixed Income |

Last Four Digits of Acct #: n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By: ___[signature]___   BRIAN CRIPPS   Date: 18·1·2012
Authorised Signatory
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Nomura Capital Markets plc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Morgan Stanley & Co. International plc** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the specific asserted amount **US$1,515,617.00** in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59750** filed by or on behalf of **Nomura Capital Markets plc** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 18 day of January 2012.

MORGAN STANLEY & CO. INTERNATIONAL PLC

By: _____ BRIAN CRIPPS
Name:                 Authorised Signatory
Title:

25, Cabot Square
Canary Wharf
London E14 4QA
E-mail: lndistressed@morganstanley.com

NOMURA CAPITAL MARKETS PLC

By: _____
Name: Rob Eveleigh
Title: Authorised Signatory

1 Angel Lane
London EC4R 3AB

Schedule 1

Transferred Claims

Purchased Claim

100% of XS0202417050 = USD 1,515,617.00 of USD 1,515,617.00 (the outstanding amount of XS0202417050 as described in the Proof of Claim as of January [g], 2012)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0202417050 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,000,000.00 | HICP Inflation Linked Note | October 27, 2014 |

Schedule 1-1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re                                                :    Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,               :    08-13555 (JMP)

                              Debtors.               :    (Jointly Administered)

                                                     :

----------------------------------------------------------------x

LBH LPSNTC 08-22-2011 (ADDRESS2,ADRKEYID3) 14046 BAR(23) MAIL ID *** 0000511607728 *** *** BSIUSE: 20509
NOMURA CAPITAL MARKETS PLC
SHEARMAN & STERLING LLP
C/O DOUGLAS P. BARTNER
SOLOMON J. NOH
599 LEXINGTON AVE
NEW YORK, NY 10022

## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.

### NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

| Creditor Name and Address: | Claim Number | Proposed Allowed Claim Amount |
|---|---|---|
| NOMURA CAPITAL MARKETS PLC C/O MATTHEW WADHAMS NOMURA HOUSE 1 ST. MARTIN'S-LE-GRAND LONDON EC1A 4NP UNITED KINGDOM | 59750 | $1,456,079.93 |

PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "Claim") that is based on a structured security for purposes of voting and distributions under the debtors' (the "Debtors")[1] proposed chapter 11 plan (the "Plan") in the above-referenced case.

Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("LBHI") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT." The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order. A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto. The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion. The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

*Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures For Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc*, [Docket No. 19042] is available at www.lehman-docket.com on the "Case Information" page.

       If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distributions under the Plan.

       **If you DO dispute or disagree with the Proposed Allowed Claim Amount for your Claim**, then you MUST deliver a written response (a "Response") so that such Response is <u>actually received</u> no later than 4:00 p.m. October 25, 2011 (the "<u>Response Deadline</u>") by (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and (iii) Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.).

       Your Response, if any, must contain at a minimum the following: (i) the name of the claimant; (ii) the claim number that is the subject of the Response; (iii) a concise statement setting forth the grounds for such Response; (iv) the address(es) to which LBHI must return any reply to your Response, if different from that presented in the proof of claim; and (v) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

       IF YOU DO NOT DELIVER A RESPONSE BY THE RESPONSE DEADLINE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE PORTION OF YOUR CLAIM BASED ON A STRUCTURED SECURITY BEING ALLOWED FOR PURPOSES OF VOTING AND DISTRIBUTIONS UNDER THE PLAN IN THE PROPOSED ALLOWED CLAIM AMOUNT. THE MOTION DOES NOT HAVE ANY AFFECT ON THE PORTION OF YOUR CLAIM THAT IS NOT BASED ON A STRUCTURED SECURITY.

       IF YOU SUBMIT A RESPONSE AND THE DEBTORS AND YOU ARE UNABLE TO RESOLVE ANY DISPUTES REGARDING THE PROPOSED ALLOWED CLAIM AMOUNT, THE MOTION WILL BE DEEMED AN OBJECTION TO YOUR CLAIM. THE DEBTORS MAY SEEK TO HAVE SUCH OBJECTION TO YOUR CLAIM RESOLVED EITHER BY THE COURT OR THROUGH THE COURT-APPROVED MEDIATION PROCEDURES.

       CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    August 24, 2011
            New York, New York

<u>Exhibit A</u>

Claim # 59750
NOMURA CAPITAL MARKETS PLC

<u>Calculation of Proposed Allowed Claim Amount</u>

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount[2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| XS0202417050 | 6056404 | $31,444,046.18 | 97.0317% | $30,510,698.94 | 4.7724% | $1,456,079.93 |
| | | | | | **Aggregate Proposed Allowed Claim Amount:** | $1,456,079.93 |
| | | | | | **Claim Amount, as filed (portion based on Structured Security only):** | $1,515,617.00 |

---

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000059750 |
| **Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009** |||

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Nomura Capital Markets plc<br>c/o Matthew Wadhams<br>Nomura House<br>1 St. Martin's-le-Grand<br>London EC1A 4NP<br>United Kingdom<br><br>Shearman & Sterling LLP<br>c/o Douglas P. Bartner<br>Solomon J. Noh<br>599 Lexington Avenue<br>New York, NY 10022 | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>*(If known)*<br><br>Filed on: _____ |
|---|---|
| Telephone number: 44(0)20-7102-2632  Email Address: matthew.wadhams@nomura.com ||
| Name and address where payment should be sent (if different from above)<br><br>Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ __See attached_____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** XS0202417050          (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

6056404 (Euroclear)                                   (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
14285                                     (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. || **FOR COURT USE ONLY**<br>**FILED / RECEIVED**<br><br>OCT 30 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|
| Date.<br>10/28/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.                                                    PHONE<br>_____ STEVEN MARSHALL, 442075212000_ ||

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# EXHIBIT A

## I. Introduction

1. On September 15, 2008,[1] Lehman Brothers Holdings Inc. (the "Debtor") commenced a voluntary case under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

2. This proof of claim (this "Proof of Claim") is filed in the Debtor's bankruptcy case by Nomura Capital Markets plc ("Nomura"). Nomura has a claim (the "Claim") against the Debtor on account of the Debtor's unconditional guarantee of the due and punctual payment of all amounts payable by Lehman Brothers Treasury Co. B.V. ("LBT") in respect of €1,000,000 in principal amount of notes (the "Notes") due October 27, 2014 issued by LBT pursuant to the U.S.$25,000,000,000 Euro Medium-Term Note Program of the Debtor and LBT. The Notes, with the ISIN of XS0202417050, are identified on http://www.lehman-docket.com as "Lehman Program Securities."

## II. The Claim

3. Nomura hereby asserts the Claim in the initial amount of $1,515,617 (the "Initial Claim Amount"). The Initial Claim Amount includes $95,517 in interest that has accrued under the terms of the Notes through September 30, 2009. The amount of the Claim as of September 15, 2008 was $1,484,284.

4. The Claim also includes all additional interest that will accrue from September 30, 2009 through the date on which the Claim is paid in full. Such interest amounts cannot be estimated or calculated reasonably at this time. Nomura does not waive its rights to

---

[1] Capitalized terms used but not otherwise defined herein have the meanings assigned to such terms in that certain Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form, dated as of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

NYDOCS03/896144.1

any of the interest by not stating a specific figure therefor at this time, and, further, hereby reserves its right to amend and supplement this Proof of Claim to include any such interest amounts.

5. Under the terms of the Bar Date Order, Nomura is not required to file any documentation supporting this Proof of Claim.

### III. General

6. Nomura does not waive any right or rights of action that it has or may have against the Debtor or any other person or persons. Nomura reserves the right to amend or supplement this Proof of Claim in any manner.

7. By filing this Proof of Claim, Nomura does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

8. This Proof of Claim is not intended to be, and shall not be construed as: (i) an election of remedies; (ii) a waiver of any defaults; (iii) a waiver or limitation of any of Nomura's rights, remedies, claims or interests under applicable law against the Debtor or any other person or entity; (iv) a waiver of any setoff or recoupment rights under applicable law; (v) a waiver of any netting rights under applicable law; (vi) a waiver of any rights to assert that all or any portion of the amounts claimed for are being held by the Debtor, as bailee, or in constructive trust; (vii) a waiver of Nomura's property or ownership rights (legal or equitable); or (viii) a waiver of Nomura's legal, equitable or beneficial interests.

9. All notices and communications concerning this Proof of Claim should be addressed as follows:

        Nomura Capital Markets plc
        c/o Matthew Wadhams
        Nomura House
        1 St. Martin's-le-Grand
        London EC1A 4NP
        44 (0) 20-7102-2632
        matthew.wadhams@nomura.com

and to:

        Douglas P. Bartner
        Solomon J. Noh
        Shearman & Sterling LLP
        599 Lexington Avenue
        New York, New York 10022
        212-848-4000
        dbartner@shearman.com

Dated as of October 28, 2009

