**HEARING DATE AND TIME: February 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: February 6, 2012 at 4:00 p.m. (Eastern Time)**

Winston & Strawn LLP
David Neier (dneier@winston.com)
Elena Snyder (elsnyder@winston.com)
200 Park Avenue
New York, New York 10166
Telephone: (212) 294-6700
Facsimile: (212) 294-4700

*Attorneys for RTE-CNES*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- x
                                                          :
**In re:**                                                :
                                                          :    **Chapter 11**
**LEHMAN BROTHERS HOLDINGS, INC.,** :
*et al.,*                                                 :    **Case No. 08-13555 (JMP)**
                                                          :
**Debtors.**                                              :    **(Jointly Administered)**
                                                          :
-------------------------------------------------------- x

**RESPONSE OF RTE-CNES TO THE**
**TWO HUNDRED AND FIFTY-THIRD OMNIBUS OBJECTION**
**OF THE DEBTORS TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

RTE-CNES submits this response (the "Response") to the Debtors' Two-Hundred Fifty-Third Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 24103], dated January 6, 2012 (the "Objection"), and states as follows:

**Background**

1.      Lehman Brothers Commodity Services Inc. ("LBCS") entered into various contracts with RTE-CNES for electricity interconnection, balancing, and ancillary services,

-1-

copies of which are attached hereto as Exhibit A (with any amendments thereto, the "Service Contracts").

2.      On March 27, 2007 Lehman Brothers Holdings Inc. ("LBHI" and, together with LBCS, "Debtors"), entered into that certain Guarantee (with any amendments thereto, the "Guarantee Agreement," a copy of which is attached hereto as Exhibit B, and, collectively with the Service Contracts, the "Agreements"), pursuant to which, LBHI irrevocably and unconditionally undertook to pay, independent of the Service Contracts, certain sums including interest, costs and ancillary charges, in the event of a failure of LBCS to respect any of its obligations with respect to the Service Contracts.

3.      On September 15, 2008, LBHI filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), and, on October 3, 2008, LBCS filed its voluntary chapter 11 bankruptcy petition under the Bankruptcy Code in the Bankruptcy Court. The Debtors' bankruptcy cases are being jointly administered.

4.      In accordance with the terms of the Service Contracts, RTE-CNES submitted certain invoices (the "Invoices", copies of which are attached hereto as Exhibit C) to LBCS for payment. Amounts outstanding under the Agreements and Invoices are, in the aggregate, at least $2,796,053.85.

5.      On July 2, 2009, the Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

-2-

6.    In accordance with the Bar Date Order, on September 21, 2009, RTE-CNES filed

Proof of Claim No. 23616 against LBCS (the "LBCS Claim") and a corresponding claim against

LBHI, Proof of Claim No. 23617 (the "LBHI Claim," and together with the LBCS Claim

collectively, the "Claims"). The LBCS Claim asserts RTE-CNES' claim in the liquidated

amount of not less than $2,796,053.85 in connection with amounts owed by LBCS under the

Service Contracts. The LBHI Claim asserts RTE-CNES' claim in the liquidated amount of not

less than $709,823.96 in connection with amounts owed by LBHI under the Guarantee

Agreement.

7.    On January 6, 2012, the Debtors filed the Objection. In the Objection, the

Debtors contend that the amounts asserted in the Claims are "greater than the fair, accurate and

reasonable values determined by the Debtors." (Objection ¶11). Based on such statement, and

no further evidence, the Objection proposes to allow the Claims in the significantly reduced

amounts of $399,122.22 for the LBCS Claim (the "LBCS Modified Amount") and $410,690.14

for the LBHI Claim (the "LBHI Modified Amount", together with the LBCS Modified Amount,

the "Modified Amounts").

**Argument**

8.    RTE-CNES disputes the Debtors' assertions in the Objection, and re-asserts that

the proper amount of the Claims is not less than $2,796,053.85 plus interest for the LBCS Claim

and not less than $709,823.96 plus interest for the LBHI Claim. The Debtors have failed to

provide any calculation to support their conclusory statements in the Objection to explain why

the Claims should be drastically reduced from $2,796,053.85 to $399,122.22 for the LBCS

Claim and from $709,823.96 to $410,690.14 for the LBHI Claim. The Objection only contains a

discussion of the general "multi-step process" the Debtors undertook to reach their conclusion

that the Claims should be reduced, without providing any of the evidence the Debtors may have

considered to support their conclusion. (Objection ¶¶14-16). Further, the Debtors failed to

comply with their own multi-step process, namely, to engage in, to the extent each the holder is

willing, "lengthy negotiations with the holder of the Derivative Claim." (Objection ¶14). The

Debtors never "engag(ed) in lengthy negotiations with" RTE-CNES despite the fact that RTE-

CNES has always been, and remains, more than willing to engage in such negotiations. Indeed,

undersigned counsel for RTE-CNES has been attempting to have such negotiations for several

weeks, to no avail.

9.        A properly filed proof of claim is deemed allowed unless a party in interest

objects. 11 U.S.C. §502(a). Bankruptcy Code section 502(b) provides, in pertinent part, that if

an objection to a claim is made, the court, after notice and a hearing, shall determine the amount

of the claim and shall allow the claim in such amount except to the extent that one of the

exceptions enumerated in section 502(b) applies. *In re Rockefeller Center Properties*, 272 B.R.

524, 539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is prima facie evidence of the

validity and amount of the claim.[1] Fed. R. Bankr. P. 3001(f).

10.        "If a proper objection is made, the objecting party has the burden of presenting

evidence sufficient to overcome the prima facie validity of the claim." See King, *Collier on

Bankruptcy*, ¶ 501.02[2][d] (15th ed. rev.); see also *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr.

S.D.N.Y. 2009) ("A proof of claim is prima facie evidence of the validity and the amount of the

claim, and the objector bears the initial burden of persuasion.").

---

[1] The Debtors do not allege that the Claims were anything other than timely and properly filed.

-4-

11.    To shift the burden of proof to RTE-CNES, the Debtors must first produce

sufficient evidence to overcome the "prima facie validity" of RTE-CNES' proofs of claim. *In re*

*Adelphia Comms Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at \*15-16

(Bankr. S.D.N.Y. Feb. 20, 2007); *Rockefeller*, 272 B.R. at 539. Such "sufficient evidence" must

be of equal or greater probative force to that of the proof of claim, which, if believed, would

refute at least one of the allegations that is essential to the claim's legal sufficiency. *Oneida*, 400

B.R. at 389 (internal quotations omitted) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167,

173-74 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel,*

*Inc.*, 2007 WL 2456626 at \*15 (S.D.N.Y. Aug. 22, 2007); *In re DJK Residential LLC*, 416 B.R.

100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force).

12.    Debtors' mere assertion that the amounts set forth in the Claims are "greater than

the fair, accurate and reasonable values determined by the Debtors," does not equate to evidence.

(Objection ¶11). "Mere denial of [a] claim's validity or amount is not sufficient to rebut prima

facie effect of [the] proof of claim." Hon. Barry Russell, *Bankruptcy Evidence Manual*, §

301.13(3) (West Group, 1999) (citing *In re O'Connor*, 153 F.3d 258 (5th Cir. 1998); *In re*

*Brown*, 221 B.R. 46 (Bankr. S.D. Ga. 1998); *In re Narragansett Clothing Co.*, 143 B.R. 582, 583

(Bankr. D.R.I. 1992)); w*Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No.

98 Civ. 4990 (HB), 1999 WL 178788 at \*3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear.

To prevail, the objector must affirmatively produce evidence to counter the creditor's claim.").

13.    Only after the objector overcomes its burden and puts forth such "sufficient

evidence" does the burden of going forward shift back to the claimant thereby requiring the

claimant "to meet the usual burden of proof to establish the validity of the claim." *Adelphia*,

08-13555-mg    Doc 24472    Filed 01/20/12    Entered 01/20/12 14:25:01    Main Document
Pg 6 of 7

2007 Bankr. LEXIS 660, at*15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

14.    The Debtors have not produced information sufficient to shift the burden of proof to RTE-CNES; indeed, the Debtors have not produced any information at all. The Objection does not provide any data, numerical or otherwise, in support of how the Modified Amounts were calculated. The Objection merely describes a general process that was purportedly used to reach the Modified Amounts.

15.    The Debtors' repetition of conclusory statements does not transform those statements into sufficient evidence. The burden remains with the Debtors to produce "sufficient evidence" that RTE-CNES' calculations are not valid. In addition, to the extent the Debtors wish to argue that a different calculation should apply, the burden is on the Debtors to demonstrate that their calculation is valid. Because the Debtors have failed in their initial burden of persuasion and have not provided evidence sufficient to overcome the prima facie validity of the Claims, Debtors' Objection should be overruled.

16.    To the extent the Bankruptcy Court does not overrule the Objection, RTE-CNES reserves the right to seek discovery and to request a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the proper amount of RTE-CNES' claim. RTE-CNES reserves its right to file a supplemental and/or amended response to the Objection shall it deem it necessary.

[Conclusion on Following Page]

-6-

## Conclusion

WHEREFORE, RTE-CNES respectfully requests that the Bankruptcy Court (i) overrule

the Objection as it pertains to RTE-CNES' Claims, and (ii) grant RTE-CNES such further relief

as the Bankruptcy Court deems just or, in the alternative, (iii) schedule an evidentiary Claims

Litigation Hearing and permit discovery in connection therewith.

Dated: New York, New York
January 20, 2012

WINSTON & STRAWN LLP

By:  /s/David Neier
        David Neier (dneier@winston.com)
        Elena Snyder (elsnyder@winston.com)
        200 Park Avenue
        New York, New York 10166
        Telephone No.:(212) 294-6700
        Facsimile No.:   (212) 294-4700

        Attorneys *for RTE-CNES*

-7-