ALSTON & BIRD LLP
J. William Boone, Esq.
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Fax: (404) 881-7777

*Counsel for Wilmington Trust Company, as Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| Lehman Brothers Holdings Inc., *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------x

**WILMINGTON TRUST COMPANY, AS TRUSTEE'S (I) OBJECTION TO THE
MOTION PURSUANT TO SECTION 8.4 OF THE MODIFIED THIRD AMENDED
JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS
AFFILIATED DEBTORS AND SECTIONS 105(A), 502(C) AND 1142(B) OF THE
BANKRUPTCY CODE TO ESTIMATE THE AMOUNTS OF CLAIMS FILED BY
INDENTURE TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES AND
(II) JOINDER TO OBJECTIONS OF VARIOUS OTHER TRUSTEES TO THE SAME**

Wilmington Trust Company, not individually, but as trustee for certain residential

mortgage-backed securitization trusts ("WTC"), by its undersigned counsel, submits this

(i) objection (the "Objection") to the *Motion Pursuant to Section 8.4 of the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

and Sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code to Estimate the Amounts of

Claims filed by Indenture Trustees on Behalf of Issuers of Residential Mortgage-Backed

Securities for Purposes of Establishing Reserves* (Docket No. 24254; the "Motion") and

(ii) joinder (the "Joinder") to the objections filed by various other trustees[1] (collectively, the

---

[1] These include U.S. Bank National Association, Deutsche Bank National Trust Company, Citibank, N.A., and
Wells Fargo Bank, National Association, each in their respective roles as trustees for certain securitization trusts.

"Other Trustees") to the Motion.  In support of this Objection and Joinder, WTC respectfully submits as follows:

1.      On or about December 6, 2011, the Court entered an order (Docket No. 23023) confirming the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan").

2.      On January 12, 2012, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Motion.

3.      The undersigned counsel represents WTC where it serves as trustee for at least the following securitization trusts (the "WTC Trusts") that would be affected by the Motion:[2] SASCO 2004-20, SASCO 2005-4XS, SASCO 2005-14, SASCO 2005-6, SASCO 2004-9XS, SASCO 2004-11XS, SASCO 2004-19XS, SASCO 2004-7, SAIL 2005-1, LXS 2007-14H, LXS 2007-6, LXS 2007-3, LXS 2007-1, LXS 2006-20, LXS 2006-19, LMT 2005-3, and LABS 2003-1.

4.      Based on information currently available to WTC, these seventeen WTC Trusts have suffered cumulative losses of $1,443,472,178, yet the Debtors proposed to reserve only $253,969,381 for estimated claims.  Based on the analysis set forth in the Burke Declaration, the Debtors' estimated reserve is woefully low.

5.      WTC has been informed that certain of the Other Trustees have served discovery requests related to relief requested in the Motion on the Debtors.  WTC intends to obtain information voluntarily from the Debtors relevant to the issues raised in the Motion and to serve discovery requests related to the relief requested in the Motion on the Debtors, if needed.

---

[2] Exhibit A to the Motion lists other securitization trusts for which the Debtors claim WTC serves as the trustee. WTC is only represented by the attorneys submitting this Objection and Joinder with respect to those affected trusts listed in paragraph 3.  WTC reserves all of its rights in connection with any other trusts for which it serves as trustee that may be affected by the Motion, including without limitation its right to object to the Motion at any hearing on the Motion by the counsel submitting this Objection and Joinder or other counsel.

6.       WTC hereby incorporates the *Declaration of James Burke in Support of Objections of Various Indenture Trustees to the Motion Pursuant to Section 8.4 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors and Sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code to Estimate the Amounts of Claims filed by Indenture Trustees on Behalf of Issuers of Residential Mortgage-Backed Securities for Purposes of Establishing Reserves* (the "Burke Declaration"), filed on the docket in these cases on or about January 20, 2012.

## Objection

7.       WTC does not object to an estimation of the claims held by the WTC Trusts. However, such a premature estimation poses possible irreparable harm to the holders of the beneficial interests of the Trustees' claims.  Moreover, the estimation methodology proposed by the Debtors (the "Proposed Methodology") is deficient in several material respects, each of which makes it possible (if not probable) that the reserve amounts proposed by the Debtors will be woefully inadequate to assure that sufficient funds will be available to make the Pro Rata Share[3] of Distributions ultimately owed to the WTC Trusts and the trusts served by the Other Trustees (collectively, the "Other Trusts").   The Debtors have failed to demonstrate any justification for such an expedited process to establish a reserve amount for the WTC Trusts other than to indicate generally that they want to begin making Distributions under the Plan.  The Debtors have not even attempted to establish the required element that an undue delay in the administration of justice will result if the estimate is not made, as required by 11 U.S.C. § 502(c). The equities between (a) the Debtors being slightly delayed in the timing of the first Distributions or a slightly decreased amount of such Distributions and (b) the substantial likelihood that the WTC Trusts and the Other Trusts could suffer an irreparable injury if the

---

[3] Capitalized terms not otherwise defined in this Objection have the meaning assigned to them in the Plan.

reserve amounts are inadequate, heavily weigh in favor of delaying the process or, alternatively, establishing a reserve consistent with the estimate set forth in the Burke Declaration.

8.      Since the Debtors are not asserting substantive objections to the claims held by the WTC Trusts at this time, the only purpose of the Motion is to maximize the initial Distributions to other creditors.  (See, e.g., Mot. ¶¶ 2, 37.)  While WTC appreciates the Debtors' desire to maximize initial Distributions, the Motion does not need to be granted at this time in order to maximize initial Distributions.   The Plan provides that the initial Distributions of Available Cash shall occur "[o]n the Effective Date, or as soon thereafter as practicable . . . ." (See Plan § 8.3.)  The Debtors have indicated that the Effective Date of the Plan likely will not occur until sometime in March 2012.  Thus, there is no reason to consider the Motion at this time.  There are at least five weeks before any initial Distribution will be made.  This time could and should be used to continue the negotiations regarding reserve amounts among the Debtors, WTC, and the Other Trustees; to allow the Debtors to respond to the discovery requests served (or to be served) by WTC and the Other Trustees; to allow WTC and the Other Trustees to review the documents and information produced by the Debtors in response to such discovery requests; and to resolve the deficiencies in the Debtors' Proposed Methodology.  Given the substantial length of time before any initial Distributions will be made, and the productive activities to which such time could be devoted if the Motion is not granted at this time, WTC requests that the Court deny the Motion without prejudice at this time or adjourn the hearing on the Motion to a later date.

9.      Moreover, as described more fully in the Burke Declaration, the Proposed Methodology is deficient in several material respects.   Among other problems, the Proposed Methodology uses default rates, severity factors, and breach rates that are too low.  (See Burke

- 4 -

Decl. ¶¶ 23-33, 42-44.)  In addition, the Debtors apply a validation rate that effectively reduces the Debtors' projected liability for Claims (for which they implicitly admit liability) due to an assumption the WTC and the Other Trustees will not be able to prove such liability.  (See Burke Decl. ¶¶ 45-48.)  These deficiencies result in the Debtors underestimating the probable value of the affected securitization trusts' Claims by billions of dollars.  (See Burke Decl. ¶¶ 51-53; Burke Decl. Ex. A.)  Accordingly, WTC requests that the Court deny the Motion without prejudice at this time or adjourn the hearing on the Motion to a later date because the Proposed Methodology is materially deficient and drastically underestimates the probable value of the claims held by the WTC Trusts.

10.    WTC and the Other Trustees would likely suffer an irreparable harm if the Motion is granted at this time.  If the Motion is granted at this time in its present form, it is likely that the reserve amounts to be established for Claims held by the WTC Trusts and the other securitization trusts will be grossly inadequate.  If James Burke's highest current estimate of projected losses is accurate,[4] the reserve amounts will be one sixth as large as they need to be to make the Distributions required under the Plan.  (See Burke Decl. Ex. A.)  The aggregate deficiency of the reserve amounts could amount to billions of dollars.  Given that the Debtors' stated purpose in filing the Motion is to maximize initial Distributions, and that future infusions of cash into the Debtors' estates is speculative, it is unclear how the Debtors could ensure that they could remedy a potential multi-billion dollar deficiency in payments owed to affected securitization trusts.  Indeed, the Debtors do not offer any explanation for how they might correct such a deficiency in their Motion.  Accordingly, WTC requests that the Court deny the Motion without prejudice at this time or adjourn the hearing on the Motion to a later date because

---

[4] This assumes that the Debtors are correct that they are only liable for 30% of the claims on loans in the affected trusts.  WTC and the Other Trustees do not concede this assumption.  Consequently, the amount of the estimate would more than triple if the Debtors are responsible for claims arising out of 100% of the loans.

granting the Motion at this time could prejudice and irreparably harm the WTC Trusts and the other affected securitization trusts by establishing inadequate reserve funds, and the Debtors have not explained how they could correct any ultimate deficiencies.

### Joinder to Other Objections

11.    To the extent applicable, WTC supports and joins in any and all other objections to the Motion filed by the Other Trustees, including without limitation the objections filed by U.S. Bank, National Association, Citibank, N.A., Deutsche Bank National Trust Company, and Wells Fargo Bank, National Association, in their respective capacities as Other Trustees.

### Reservation of Rights

12.    WTC hereby reserves all of its rights, including without limitation (a) to amend and/or supplement this Joinder, (b) to incorporate other objections to the Motion filed by other parties in interest in a subsequent joinder filed with the Court or at the hearing on the Motion, and (c) to assert any and all other objections to the Motion at any hearing to consider the Motion.

**WHEREFORE**, WTC respectfully requests that the Court (a) (i) deny the Motion, (ii) adjourn the hearing on the Motion to a later date, or (iii) in the alternative, approve the Motion with the higher reserve amounts consistent with the Burke Declaration, and (b) grant such other relief as it deems just and proper.

Dated: January 20, 2012                    Respectfully submitted,

                                           ALSTON & BIRD LLP

                                    By:    ____/s/ J. William Boone_____
                                           J. William Boone, Esq.
                                           1201 West Peachtree Street
                                           Atlanta, Georgia 30309
                                           Telephone: (404) 881-7000
                                           Fax: (404) 881-7777