Hearing Date: January 26, 2012, 10:00 a.m.

**GIBSON, DUNN & CRUTCHER LLP**
Michael A. Rosenthal (MR-7006)
Matthew K. Kelsey (MK-3137)
200 Park Avenue
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

Robert B. Krakow (admitted *pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900

*Attorneys for PricewaterhouseCoopers AG, Zurich,*
*as Bankruptcy Liquidator of*
*Lehman Brothers Finance AG in Liquidation,*
*a/k/a Lehman Brothers Finance SA en liquidation*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**AMENDMENT TO OBJECTION TO MOTION PURSUANT TO SECTION 8.4 OF THE MODIFIED THIRD AMENDED CHAPTER 11 PLAN OF LEHMAN BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS TO ESTIMATE THE AMOUNT OF DISPUTED CLAIMS FILED BY LEHMAN BROTHERS FINANCE AG IN <u>LIQUIDATION FOR PURPOSES OF ESTABLISHING RESERVES</u>**

On January 19, 2012, PricewaterhouseCoopers AG, Zurich ("**PwC**"), in its capacity as duly authorized Bankruptcy Liquidator and foreign representative of Lehman Brothers Finance AG in Liquidation, also known as Lehman Brothers Finance SA in Liquidation, a Swiss corporation ("**LBF**"), filed its *Objection to Motion Pursuant to Section 8.4 of the Modified Third Amended Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors to Estimate the Amount of Disputed Claims Filed By Lehman Brothers Finance AG (In Liquidation) For Purposes of Establishing Reserves* [Docket No. 24421] (the "**Objection**"). PwC hereby files this Amendment to correct certain statements made in the Objection.

## AMENDMENT

1. In paragraph 47 of the Objection, it was stated that "in each of the cases the Debtors cite the claim in question was subordinated by operation of federal law." Upon further review, in two of the cases cited by the Debtors, the court held that the IRS could set off a claim for unpaid taxes even if its claim was lower in priority than the claims of other creditors pursuant to applicable state law. *See In re Sound Emporium, Inc.*, 70 B.R. 22, 24 (W.D. Tex. 1987); *Defense Servs. v. United States (In re Defense Servs.)*, 104 B.R. 481, 485 (Bankr. S.D. Fla. 1989). However, and as noted in the Objection, other courts have held that claims subordinated pursuant to state law or contractual agreement cannot be set off. *See, e.g.*, *FDIC v. Bank of Am. Nat'l Trust and Sav. Co.*, 701 F.2d 831 (9th Cir. 1983) (claim subordinated under Puerto Rican law cannot be set off and to do so would violate public policy); *Marta Group, Inc. v. County Appliance Co., Inc.*, 79 B.R. 200 (E.D. Pa. 1987) (mutuality lacking where claim subordinated under Pennsylvania state statute). *See also FDIC v. de Jesus Velez*, 678 F.2d 371 (1st Cir. 1982) (no mutuality where claim was contractually subordinated); *FDIC v. Texarkana Nat'l Bank*, 874 F.2d 264 (5th Cir. 1989) (same). Regardless of whether setoff is ever available where the claim

in question is subordinated pursuant to state law (or, in this case, Swiss law), setoff is not permissible here for the reasons stated in the Objection.

Dated:  New York, New York
January 20, 2012

**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ Michael A. Rosenthal
Michael A. Rosenthal (MR-7006)
Matthew K. Kelsey (MK-3137)
200 Park Avenue
New York, New York 10166
Telephone:  (212) 351-4000
Facsimile:  (212) 715-8000

Robert B. Krakow (admitted *pro hac vice*)
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75209
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2934

*Attorneys for PricewaterhouseCoopers AG, Zurich, as Bankruptcy Liquidator of Lehman Brothers Finance AG in Liquidation, a/k/a Lehman Brothers Finance SA en liquidation*

2