B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**  Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **Stichting The Value Foundation** | **P.J. de Jong & W.A. Wolter** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Stichting The Value Foundation
Keizersgracht 268
1016 EV AMSTERDAM
The Netherlands

Mr. J. Kaptein
Phone: +31 20 670 44 49

| Court Claim #: | 60229 |
|---|---|
| Amount of Claim Filed: | USD $566.040,00 |
| Amount of Claim Transferred: | USD $566.040,00 *(equivalent to EUR 400.000,00)* |
| Date Claim Filed: | October 30, 2009 |
| ISIN/CUSIP: | XS0287672694 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  Date: January 23, 2012
Transferee/Transferee's Agent

Name:   J. Kaptein
Title:   Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# UNITED STATES BANKRUPTCY COURT
Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**                               Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 60229 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on January 23, 2012.

**P.J. de Jong & W.A. Wolter**                                         **Stichting The Value Foundation**
_____                                    _____
Name of Alleged Transferor                                             Name of Transferor

Wittemenweg 4A_82                                                      Keizersgracht 268
7917 TK GEESBRUG                                                       1016 EV AMSTERDAM
The Netherlands                                                        The Netherlands

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                                           _____
                                                                       CLERK OF THE COURT

# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **P.J. de Jong & W.A. Wolter** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Stichting The Value Foundation** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **60229** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),.  For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court

        may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this day January 23, 2012.

On behalf of:
**P.J. de Jong & W.A. Wolter**                                               **Stichting The Value Foundation**
Stichting The Value Foundation

By:_____                              By:_____
Name: J. Kaptein                                                          Name: J. Kaptein
Title: Managing Director                                Title: Managing Director

Keizersgracht 268                                                           Keizersgracht 268
1016 EV AMSTERDAM                                1016 EV AMSTERDAM
The Netherlands                                                            The Netherlands

# SCHEDULE 1

**Transferred Claims**

**Purchased Claim**

100 % of nominal claim number 60229 which totals $566.040,00, which is the equivalent of EUR 400.000,00 (the full outstanding amount of Proof of Claim as of January 23, 2012), plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Issue of Up to EUR 20,000,000 Dutch Power Notes VII, due 2013 Linked to a Basket of Shares unconditionally and irrevocably guaranteed by Lehman Brothers Holdings Inc. | XS0287672694 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 400.000,00 | Equity Linked Coupon | March 13, 2013 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Contractnummer IAM0258

# Power of Attorney

| | |
|---|---|
| Name: | Mr. P.J. de Jong |
| OR | |
| The company: | |
| Duly represented by: | |
| Residing / registered office at: | Wittemenweg 4A_82 |
| | 7917 TK Geesbrug |
| | Netherlands |

Hereinafter referred to as the **"Noteholder"** (which also includes **"Claimholder"**),

Expressly declares to be a holder of Notes issued by Lehman Brothers Treasury Co. BV, a company incorporated pursuant to the laws of the Netherlands, now in bankruptcy, with its registered office at Strawinskylaan 3105 Atrium Building (7th floor), 1077 ZX Amsterdam, the Netherlands, or issued by any other entity that is in the Lehman Brothers Group and/or possibly guaranteed by Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A.), with registered office at 745 Seventh Avenue, 10019 New-York (USA).

Also declares to be a holder of the Claims against Lehman Brothers Holdings Inc., that belongs to the Notes as expressed above and has been filed against Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A.), with registered office at 745 Seventh Avenue, 10019 New-York (USA), registered by Epiq Systems in New York (USA; www.epiqsystems.com) and the Dutch trustee Houthoff Buruma in the Netherlands and/or by others.

The Noteholder has entered into a contract of sale with Stichting The Value Foundation (hereinafter **"TVF"**), with registered office at 1016 EV Amsterdam, Keizersgracht 268, the Netherlands. In that context, the Noteholder hereby irrevocably and unconditionally authorizes TVF, to the extent necessary, with power of substitution, in the name of the Noteholder or TVF, to do whatever is necessary, for example (but not limited to):

- To enforce the rights attached to the Notes and/or the guarantees associated with the Notes, including presentation of the Claims arising from the Notes and the associated guarantees in the bankruptcies;
- To request and/or verify any information related to the Notes and to the Claims, as registered by all parties with a role in the settlement of the bankruptcy and the Claims of the Lehman entities, for example (but not limited to) Epiq Systems and Houthoff Buruma, and their possible successors or subcontractors.
- To request from Epiq Systems, Houthoff Buruma and/or any party with a role regarding the Claims, all information about what vote has or has not been cast regarding the proposal of the Convenience Claim or other proposals in the bankruptcy and/or any other issue regarding the Notes and/or the Claims and/or the bankruptcy.

This Power of Attorney applies to all Notes and Claims that the Noteholder owns and/or are registered in his name, where it concerns Notes and Claims that are issued by Lehman Brothers Holdings Inc and or Lehman Brothers Treasury B.V. and/or any other Lehman Brothers entity.
The authorization includes the right to notify any party relevant to the bankruptcies of the Lehman companies and/or the custody of the Notes and/or the registration of the ownership of the Notes and the claims arising from them, in particular the liquidators, the claims administrators and the depository companies, that the ownership of the Notes and the claims have been sold by the Noteholder and have passed or should pass to TVF and that all registrations should be adjusted accordingly and put in the name of TVF.

The authorization also includes the right to perform any other (legal) act, sign any document and perform any other formality useful or necessary for performance of the contract of sale and the authorization.

If one or more other parties have been authorized by the Noteholder in respect of these issues in the past, then those authorizations shall be deemed revoked, if and to the extent that the present agreement and authorization overlaps such previous authorization(s). This Power of Attorney is subject to the laws of The Netherlands.



| | |
|---|---|
| Signature | |
| Name | Dhr. P.J. de Jong |
| Position (if applicable) | |
| Date | 21-11-2011 |

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center c/o
Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

## LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000060229

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

P.J. de Jong and/or
W.A. Wolter
Witte Menweg 4 A82
7917 TK GEESBRUG
The Netherlands

Telephone number: ++32 2 674 71 10

Notice address
Deminor International S.C.R.L.
Ed.Van Nieuwenhuyse Laan 6 bt.8
1160 Brussels
Belgium

Email Address: dcms@deminor.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

**Filed on:** _____

**Name and address where payment should be sent (if different from above)**

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 566.040,00 (reference: ECB; 1 € = 1,4151 $).
**This amount does not include interest but the creditor reserves the right to claim interest due on the principal amount as of Sept. 15, 2008 or any other charges.**
☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.
**International Securities Identification Number (ISIN):** XS0287672694 [1]

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.
**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

6035096 [1]                                    **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.
**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

90023                                          **(Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

| Date. | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | |
|---|---|---|
| 10/22/2009 | Erik Bomans, Director | Deminor International S.C.R.L.<br>Ed.Van Nieuwenhuyse Laan 6 bt.8<br>1160 Brussels, Belgium |

**FILED / RECEIVED**
OCT 3 0 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

2009 - 3140



# POWER OF ATTORNEY / *VOLMACHT*

Mr/Mrs *[de heer/mevrouw]* __P. J. de Jong__

residing at *[wonende te]* __Geesbrug__

OR *[OF]*

The company *[De vennootschap]* _____

With its registered office at *[met maatschappelijke zetel te]* _____

Duly represented by Mr/Mrs *[rechtsgeldig vertegenwoordigd door]* _____

In its capacity of *[in zijn hoedanigheid van]* _____

Hereinafter referred to as the "**Noteholder**", *[Hierna genoemd de "Noteholder"]*

Expressly declares to be a holder of notes issued by Lehman Brothers Treasury Co BV, company incorporated pursuant to the laws of the Netherlands - now in bankruptcy, with registered office at 1077 ZX Amsterdam (the Netherlands), Strawinskylaan 3105 Atrium Building (7th floor), and guaranteed by Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A) – now under the protection of the Chapter XI of the US Bankruptcy Code, with registered office at 10019 New-York (USA), 745 Seventh Avenue, *[Verklaart uitdrukkelijk Noteholder te zijn van door Lehman Brothers Treasury Co BV, vennootschap opgericht naar Nederlands recht – vennootschap in faling – met maatschappelijke zetel te 1077 ZX Amsterdam (Nederland), Strawinskylaan 3105 Atrium Building (7e verdieping), en gegarandeerd door Lehman Brothers Holdings Inc, een vennootschap opgericht naar het recht van Delaware (USA) – en onder bescherming van de Chapter 11 Bankruptcy code geplaatst, met maatschappelijke zetel te 10019 New York (USA), 745 Seventh Avenue]*

Hereby appoints, with power of substitution, Deminor Nederland BV, with its registered office at NL-1077 ZX Amsterdam, Atrium Building, Strawinskylaan 3051, Nederland (hereinafter "**Deminor**"), *[geeft hierbij een volmacht aan Deminor Nederland BV, met maatschappelijke zetel te NL-1077 ZX Amsterdam, Atrium Building, Strawinskylaan 3051, Nederland, (hierna genoemd "**Deminor**"), dewelke de mogelijkheid heeft om deze volmacht door te geven.]*

To file in the name and on behalf of the Noteholder any and all claims in the framework of the insolvency proceedings of Lehman Brothers Treasury Co and/or Lehman Brothers Holdings Inc. in order to recover its losses suffered on its investment, and *[om in naam en voor rekening van de Noteholder een schuldvordering in te dienen in het kader van de faillissementsprocedure tegen Lehman Brothers Treasury Co BV en/of Lehman Brothers Holding Inc teneinde de gelden te recuperen dewelke werden geïnvesteerd in de Notes]*

To undertake every act, sign any document and accomplish any formality, useful or necessary for the execution of the present power of attorney.*[om elke daad te stellen, elk document te tekenen en alle formaliteiten te vervullen, nuttig of noodzakelijk in de uitvoering van deze volmacht]*

This Power of Attorney is subject to the laws of the Netherlands.*[Deze volmacht is opgesteld naar Nederlands recht]*

This Power of Attorney is signed on **22-9-2009** in **Giesbrug** *[de volmacht is getekend op [datum] in [plaats van tekenen]].*

Signature *[handtekening]*: _____

Name *[naam]*: **P.J. de Jong**

```
TRK# 9188 5633 0870        RECEIVED INTL PRIORITY
K2 OGSA    OCT 30 2009                          10017
                                                US
                                                EUR
```

Ep# 523140

Svcs: INTL PRIORITY ISR
TRCK: 9188 5633 0870

ORIGIN ID: KNOA 3227513000
VIVA XPRESS LOGISTICS - INT DIV.
CARGO TERMINAL 2-BAT 709-
BRUCARGO
ZAVENTEM, 1931
BELGIUM, BE

Ship Date: 29OCT09
ActWgt: 5.2 KG
System#: 5429044/FWST0715
Account: S 433025326

EIN/VAT:

TO LEHMAN BROTHERS HOLDING                0015035977691
EPIQ BANKRUPTRY SOLUTIONS LLC
757 THIRD AVENUE 3D FLOOR                 **FedEx**
                                          Express

NEW YORK, NY 10017          (US)
                            AWB           E

TRK# 9188 5633 0870    Form 0430           XA OGSA
                                           ISR
1/1
INTL PRIORITY

REF: 264523
DESC1: DOCUMENTS
DESC2:
DESC3:
DESC4:

COUNTRY MFG:
CARRIAGE VALUE: EUR         SIGN: Pablo GASPAR
CUSTOM VALUE: EUR           T/C: S 433025326
                            D/T: R

The Montreal or Warsaw Convention may apply and will govern and in most
cases limit the liability of Federal Express for loss or delay of or
damage to your shipment. Subject to the conditions of the
contract on the reverse.

CONSIGNEE AWB COPY - PLEASE PLACE IN POUCH