WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF DEBTORS' SUPPLEMENTAL ANNOTATED
OMNIBUS REPLY TO RESPONSES TO DEBTORS' SEVENTY-THIRD,
ONE HUNDRED EIGHTEENTH, ONE HUNDRED THIRTIETH, ONE HUNDRED
THIRTY-FIRST, ONE HUNDRED THIRTY-THIRD, ONE HUNDRED THIRTY-
FOURTH, ONE HUNDRED THIRTY-FIFTH, ONE HUNDRED SEVENTY-SIXTH,
AND TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION TO
CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTEREST)**

PLEASE TAKE NOTICE that on January 24, 2012, Lehman Brothers

Holdings Inc. and its affiliated debtors in the above referenced chapter 11 cases, as debtors

and debtors in possession (collectively, the "Debtors"), filed their supplemental annotated

omnibus reply to responses to Debtors' seventy-third, one hundred eighteenth, one hundred

thirtieth, one hundred thirty-first, one hundred thirty-third, one hundred thirty-fourth, one

hundred thirty-fifth, one hundred seventy-sixth, and two hundred and seventh omnibus

objections to claims (to reclassify proofs of claim as equity interests) (the "Annotated

Reply"), and that a status hearing (the "Hearing") to update the Court and respondents on the

status of the matter will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **January 26,**

**2012 at 10:00 a.m. (Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** LBHI is filing this Annotated Reply

in response to the responses filed by various claimants in connection with the Debtors'

Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity

Interests) [ECF No. 13295]; One Hundred Eighteenth Omnibus Objection to Claims (To

Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; One Hundred Thirtieth

Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF

No. 16115]; One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs

of Claim as Equity Interests) [ECF No. 16116]; One Hundred Thirty-Third Omnibus

Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530];

One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as

Equity Interests) [ECF No. 16532]; One Hundred Thirty-Fifth Omnibus Objection to Claims

(To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; One Hundred Seventy-

Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF

No. 19392]; and Two Hundred and Seventh Omnibus Objection to Claims (To Reclassify

Proofs of Claim as Equity Interests) [ECF No. 20012] (collectively, the "Objections").  The

Debtors' previously filed replies to the responses of certain claimants to the Objections in

two replies:  the Omnibus Reply to Responses to Debtors' Seventy-Third Omnibus Objection

to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 15406]; and the

Omnibus Reply to Responses to Debtors' One Hundred Eighteenth, One Hundred Thirtieth,

One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One

Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus

Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 23470]

(together, the "Omni Responses").  A hearing was held on December 21, 2011 to consider

the Omni Responses.  At the hearing, the Court requested that the Debtors submit an

annotated version of the Omni Responses identifying which portion of the Omni Responses

were applicable to each claimant.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors'

Annotated Reply must be in writing, shall conform to the Federal Rules of Bankruptcy

Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court: (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

and its amendments (which can be found at www.nysb.uscourts.gov), and served in

accordance with General Order M-399, and on: (i) the Chambers of the Honorable James M.

Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for

the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153

(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States

Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004 (Attn:

Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv)

attorneys for the official committee of unsecured creditors appointed in these cases, Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 1005

(Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.); so as to be so

filed and received by no later than **February 14, 2012 at 4:00 p.m. (Eastern Time)** (the

"<u>Response Deadline</u>").

Dated: January 24, 2012
      New York, New York

                      /s/ Robert J. Lemons
                      Robert J. Lemons

                      WEIL, GOTSHAL & MANGES LLP
                      767 Fifth Avenue
                      New York, New York 10153
                      Telephone: (212) 310-8000
                      Facsimile: (212) 310-8007

                      Attorneys for Debtors
                      and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

**SUPPLEMENTAL ANNOTATED OMNIBUS REPLY TO**
**RESPONSES TO DEBTORS' SEVENTY-THIRD, ONE HUNDRED**
**EIGHTEENTH, ONE HUNDRED THIRTIETH, ONE HUNDRED THIRTY-FIRST,**
**ONE HUNDRED THIRTY-THIRD, ONE HUNDRED THIRTY-FOURTH,**
**ONE HUNDRED THIRTY-FIFTH, ONE HUNDRED SEVENTY-SIXTH,**
**AND TWO HUNDRED AND SEVENTH OMNIBUS OBJECTIONS**
**TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file this supplemental annotated omnibus reply (the "Annotated Reply") to responses filed to certain omnibus claim objections, and respectfully represent:

## Preliminary Statement

1.        Prior to the Commencement Date,[1] a portion of compensation to Lehman

employees was paid in the form of restricted stock units and contingent stock awards, all of

which provided the holders with a right to acquire common stock in LBHI.  The restricted stock

units and contingent stock awards bear the hallmarks of equity interests: the employees enjoyed

the benefits as shareholders in the increase in the value of LBHI, but also bore the risks that

LBHI's stock would decline in value.  These awards were provided to enhance the attractiveness

of employment as well as to increase the employees' personal stake in the welfare of the

company.  The employees willingly engaged in the exchange of their labor for these awards and,

as such, bargained for positions as shareholders of LBHI.  The responses to the Objections (as

defined herein) contain no fact or law to support respondents' position that they are legally

entitled to be treated as anything other than holders of Equity Interests in LBHI.

## Background

2.        Beginning on December 7, 2010, the Debtors filed nine omnibus

objections to claims (collectively, the "Objections")[2] seeking to reclassify as equity interests

claims based on restricted stock units and/or contingent stock awards issued between 2003 and

---

[1]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [ECF No. 22973] (as supplemented, amended or modified, including by the Plan Supplement, the "Plan").

[2]  The Objections are the:  Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295]; One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 15666]; One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16115]; One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16116]; One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16530]; One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16532]; One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 16808]; One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 19392]; and Two Hundred and Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20012].

2008 (together, the "Equity Awards").[3]  Collectively, the Objections sought to reclassify as

equity interests 3,279 proofs of claim (collectively, the "RSU Claims") filed by current and/or

former employees of the Debtors and/or their affiliates on this basis.  In a series of orders

(collectively, the "Orders"),[4] entered between January 20, 2011 and October 27, 2011, the Court

granted the requested relief, and reclassified as equity, RSU Claims asserting approximately

$2.15 billion in aggregate claims, ordering that such claims have the same priority as, and no

greater priority than, common stock interests in LBHI.

> 3.    On March 28, 2011 and December 15, 2011, the Debtors filed omnibus

replies[5] to the responses (collectively, the "Responses") interposed by holders (collectively, the

"Respondents") of the remaining RSU Claims (each, an "Outstanding Claim" and, collectively,

the "Outstanding Claims").  A hearing on the Objections for which a Response was filed was

held on December 21, 2011.  This Annotated Reply and the chart attached hereto as Exhibit A

---

[3]  Attached hereto as Exhibit B are the program documents available to the Debtors in connection with the Equity Awards.

[4]  The Orders are the:  Order Granting Debtors Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14025]; Supplemental Order Granting Debtors Seventy-Third Omnibuc Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 14776]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 19527]; Second Supplemental Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 21346]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; and Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610].

[5]  The omnibus replies are the:  Omnibus Reply to Responses to Debtors' Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 15406]; and Omnibus Reply to Responses to Debtors' One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 23470].

provide summaries of the arguments made in each Response and identify the portion of this

Annotated Reply that comprise the Debtors' replies to the arguments raised in each Response.

As set forth below, the Responses contain no fact or law sufficient to compel this Court to

overrule the Objections.  Accordingly, the Objections should be granted, the Outstanding Claims

should be reclassified as equity interests, and the holders of such equity interests should be

included in LBHI Class 12 of the Plan.  Notwithstanding the differing arguments raised by

Respondents, the Debtors believe all Outstanding Claims are substantially similar and should be

treated uniformly.

4.      The Debtors will serve this Annotated Reply on all Respondents and their

identified counsel, if any, and provide Respondents with 21 days to file any supplemental

response.

A.      **Respondents Have the Burden of Proof with Respect to the Outstanding Claims**

5.      A filed proof of claim is "deemed allowed, unless a party in interest . . .

objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential

allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See*

*In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) ("The burden . . . shifts to the

claimant if the objector produces 'evidence equal in force to the prima facie case . . . which, if

believed, would refute at least one of the allegations that is essential to the claim's legal

sufficiency.'") (citation omitted); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729

(REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007) ("If the objecting party

rebuts the claimant's *prima facie* case, 'it is for the claimant to prove his claim, not for the

objector to disprove it.'") (citation omitted); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539

(Bankr. S.D.N.Y. 2000) ("Once an objectant offers sufficient evidence to overcome the prima

facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim.").

6.     The Debtors have met their burden of persuasion to overcome the *prima facie* validity of the Outstanding Claims.  *See In re Oneida Ltd.*, 400 B.R. at 389.  As set forth in more detail in the Objections:  (i) the Equity Awards fall within the definition of "equity securities" under section 101(16) of the Bankruptcy Code (*see* Objections ¶¶ 12-14); (ii) contractual provisions enforceable pursuant to section 510(a) of the Bankruptcy Code subordinate certain Outstanding Claims to the same priority as common equity of LBHI (*see id.* ¶¶ 15-17); and (iii) section 510(b) of the Bankruptcy Code mandates that the Outstanding Claims have the same priority as common equity of LBHI (*see id.* ¶¶ 18-22).[6]

7.     As a result of the Objections, the burden has shifted to the Respondents to prove by a preponderance of the evidence that under applicable law the Outstanding Claims should be allowed.  *See In re Oneida Ltd.,* 400 B.R. at 389. ("When the burden is shifted back to the claimant, it must then prove by a preponderance of the evidence that under applicable law the claim should be allowed.") (citing *Raleigh v. Ill. Dep't of Revenue*, 530 U.S. 15, 20 (2000) and *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *Rockefeller Ctr.*, 272 B.R. at 539).  None of the Responses contains facts or law sufficient to prove by a preponderance of the evidence that the Outstanding Claims should be allowed.

---

[6]  Notwithstanding certain Respondents' assertions to the contrary, the Debtors do not need to commence an adversary proceeding to seek to subordinate the Outstanding Claims pursuant to Bankruptcy Code section 510(b). *See* FED. R. BANKR. P 7001(8); *see also In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims" and because "the consideration of whether a particular claim must be subordinated under § 510(b) for distribution purposes may proceed even where the claim has not yet been allowed," "the appropriate procedural vehicle for resolution" is a contested matter under Fed. R. Bankr. P. 9014.").

**B.**     **Assertions and Arguments in the Responses and the Debtors' Replies Thereto**

8.      The Responses assert numerous arguments.  The most commonly asserted arguments are:  (i) the Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests; (ii) the Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash; (iii) the Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) of the Bankruptcy Code is inapplicable; and (iv) the Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.  The Debtors' replies to these and other arguments are set forth below.  The chart attached hereto as <u>Exhibit A</u> identifies which arguments reply to the assertions made by each Respondent.

I.      <u>Respondents' Assertion:  the Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</u>

9.      <u>Debtors' Reply</u>:  The Equity Awards, which provided grantees with a right to acquire common stock in LBHI at a specified future time upon the satisfaction of certain conditions, fall within the definition of "equity securities" under section 101(16) of the Bankruptcy Code.  Courts have interpreted the definition of equity security to include a range of stock-based transactions.  *See, e.g., In the Matter of Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D.N.Y. 1985) (holding that claims to exercise the stock option portion of a stock option plan are properly classified as equity security interests); *Nantahala Capital Partners, LP v. Washington Mut., Inc. (In re Washington Mut., Inc.)*, Ch. 11 Case No. 08-12229 (MFW), 2012 Bankr. LEXIS 1, at *28-30 (Bankr. D. Del. Jan. 3, 2012) (holding that litigation tracking warrants were equity securities because such warrants entitled the holders only to common stock, not cash); *Carrieri v. Jobs.com, Inc.*, 393 F.3d 508, 520 (5th Cir. 2004) (holding that claimant's

right to redeem stock was an equity security); *In re Einstein/Noah Bagel Corp.*, 257 B.R. 499,

506 (Bankr. D. Ariz. 2000) (holding that a nontransferable, non-assignable put right "falls

squarely within the contours of section 101(16)" because such put right does not include a "right

to payment" in cash).

10.    Any rights that Respondents may have under the Equity Awards do not

give rise to a "claim" within the meaning of section 101(5) of the Bankruptcy Code because

Respondents are not entitled to a "right to payment" in cash on behalf of the Equity Awards.  At

no point did Respondents bargain for the right to receive, and under no circumstances did LBHI

have an obligation to deliver, cash in lieu of or in exchange for the Equity Awards.  By contrast,

Respondents bargained for rights to become equity security holders, with all the attendant

benefits and risks, as the value of the Equity Awards varied with the value of LBHI's common

stock.  Indeed, the Equity Awards bear the hallmarks of equity interests: the employees enjoyed

the benefits as shareholders in the increase in the value of LBHI, but also bore the risks that

LBHI's stock would decline in value.  Thus, such Equity Awards resemble an equity interest to

which subordination under section 510(b) is applicable.  *See Aristeia Capital v. Calpine Corp.*

*(In re Calpine Corp.)*, Ch. 11 Case No. 05-60200 (BRL), 2007 U.S. Dist. LEXIS 86514, at *38

(S.D.N.Y. Nov. 21, 2007) ("The value of the conversion rights vary with the value of the

common stock of [the debtor], and therefore resemble an equity interest to which Section 510(b)

is applicable.").

11.    Agreements covering certain of the Equity Awards (the "Agreements")

explicitly provided that:

> [LBHI]' and any Subsidiary's obligation with respect to the
> [Restricted Stock Units] granted hereunder is limited solely to the
> delivery to you or shares of Common Stock on the date when such
> shares are due to be delivered hereunder, and in no way shall

[LBHI] or any subsidiary become obligated to pay in cash in
respect of such obligation.

*See* 2003, 2004, 2005, 2006, and 2007 Equity Award Program Agreement, ¶ 6.[7]  This language

makes unambiguously clear that Respondents have no "right to payment" in cash on behalf of

the Equity Awards as neither LBHI nor any subsidiary was obligated, or would in any way

become obligated, to pay cash to Respondents in respect of the Equity Award obligations.

12.    For these reasons, certain Respondents' reliance on *In re Motels of

America*, 146 B.R. 542 (Bankr. D. Del. 1992) is misplaced.  In *In re Motels*, the claimant entered

into an agreement whereby he was permitted to sell up to 10% of his shares to the debtor on an

annual basis at a fixed price.  *Id.* at 543.  Thus, the claimant bargained for, and the debtor obliged

itself to pay, a steady income stream rather than relying only on a potential increase in the value

of the debtor's shares.  In essence, the agreement "provided [claimant] with an income stream in

exchange for giving up the rights and risks associated with an equity security holder."  *Id.* at 544.

The agreement in *In re Motels*, therefore, is distinguishable from the Agreements governing the

Equity Awards.

13.    Moreover, certain Respondents assert that the language in section 101(16)

of the Bankruptcy Code of "warrant or right, other than a right to convert" serves to exclude the

Equity Awards from the definition.  Contrary to such arguments, this language was intended to

exclude bonds or similar debt instruments that contain a right to convert to equity from the

definition of equity security.  *See In the Matter of Standard Oil & Exploration of Delaware, Inc.*,

136 B.R. 141, 150 (Bankr. W.D. Mich. 1992) (explaining that even though a note, which is a

security, "may be later converted to stock, such right to convert itself does not transform the note

---

[7]  The 2003, 2004, 2005, 2006, and 2007 Equity Award Program Agreements were attached as Exhibits B, C, D, E,
and F, respectively, to the Debtors' Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as
Equity Interests) [ECF No. 13295] and are attached as <u>Exhibit B</u> hereto.

into an 'equity security'"); *see also Carrieri*, 393 F.3d at 519 ("The phrase 'other than a right to

convert' restricts only the word 'right' and not the rest of the section."). This language,

therefore, does not operate to exclude the Equity Awards from the definition of equity security

under section 101(16).

II.    <u>Respondents' Assertion: the Equity Awards were compensation for services provided to
the Debtors that would otherwise have been payable in cash.</u>

14.    <u>Debtors' Reply</u>: Respondents' argument that they received the Equity

Awards as part of their overall compensation is irrelevant to the treatment and classification of

the Outstanding Claims as equity interests, and does not impact the applicability of

sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards. First,

the mere fact that a claim relates to compensation does not mean that the claim is not subject to

section 510(a) of the Bankruptcy Code. *See In re Alta+Cast, LLC*, 301 B.R. 150 (Bankr. D. Del.

2003) (the Court subordinated the claim of a former contractor of a debtor based on the terms of

the contract, which provided that the debtor would repurchase his membership interest upon

termination pursuant to language in the contractor's employment agreement but that the

promissory note used to repurchase such interest would be subordinated to any debt owed by the

debtor to any banks or trade creditors).

15.    In fact, there is a clear basis in the Agreements for subordination of many

of the Outstanding Claims under section 510(a) of the Bankruptcy Code. The Agreements

provide that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or

in any way relating to, any failure of LBHI to deliver shares of common stock shall have the

same priority as, and no greater priority than, common stock interests in LBHI. These

Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any way relating to, any failure of [LBHI] to deliver to [them], or to a subsidiary for delivery by such subsidiary to [them], shares of Common Stock on the date when such shares are due to be delivered under this Agreement in satisfaction of each Unit granted to you shall be deemed, in the event of a bankruptcy of [LBHI], to be claims for damages arising from the purchase or sale of Common Stock of [LBHI], within the meaning of section 510(b) of the Bankruptcy Code and shall have in such bankruptcy the same priority as, and no greater priority than, common stock interests in [LBHI].

*See*, *e.g.*, 2003 and 2004 Equity Award Program Agreements, ¶ 10.[8]

16.    Second, courts have held that equity interests distributed to employees as part of their compensation are subject to subordination pursuant to section 510(b) of the Bankruptcy Code. The Court in *Enron* held that claims for damages that arise from the ownership of employee stock options should be subordinated pursuant to section 510(b) of the Bankruptcy Code. *See In re Enron Corp.*, 341 B.R. 141, 144 (Bankr. S.D.N.Y. 2006). The Court concluded, among other things, that the exchange of an employee's labor for stock options falls under a broad reading of the term "purchase" in section 510(b) of the Bankruptcy Code. *Id.* at 149-51. Other courts have reached similar conclusions. *See*, *e.g.*, *Frankum v. Int'l Wireless Commc'ns Holdings, Inc. (In re Int'l Wireless Commc'ns Holdings, Inc.),* 279 B.R. 463, 467 (D. Del. 2002), *aff'd*, 68 Fed. Appx. 275 (3d Cir. 2003) ("That Appellants received the Debtors' stock as part of a compensation package does not preclude the transfer from being characterized as a purchase/sale of the Debtors' stock."); *In re U.S. Wireless Corp., Inc.*, 384 B.R. 713, 718 (Bankr. D. Del. 2008) (while "the grant of stock or stock options as a form of compensation for employment is not technically the same as the purchase of a security in the open market," courts

---

[8] The 2003 and 2004 Equity Award Program Agreements were attached as Exhibits B and C, respectively, to the Debtors' Seventy-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 13295] and are attached as Exhibit B hereto.

"have read the term 'purchase' broadly and have included within its scope grants of stock and

stock options as compensation"); *In re Touch America Holdings, Inc.*, 381 B.R. 95, 104 (Bankr.

D. Del. 2008) (adopting the broad reading of the term "purchase" and noting that "stock given to

an employee as compensation nonetheless involves a 'bargain and exchange of value'").

17.    Like the Respondents, the employees in *Enron* argued that they did not

"purchase" the stock options, "but rather received them as part of an employee compensation

package." 341 B.R. at 150.  The Court in Enron observed that while this would most likely be

described as a "grant" in common parlance, such "linguistic inconsistency" was not legally

relevant for the purposes of applying section 510(b).  *Id.*  Similarly, the employees in *Enron*, like

Respondents, maintained that they "never elected to receive stock options, but rather were

required to take a minimum percentage of their annual bonus in stock option form."  *Id.* at 151.

The employees claimed that they did not "purchase" the stock options because there was no

voluntary exchange of goods, services or currency.  *Id.*  The Court dismissed this argument as

flawed, reasoning that,

> [a]lthough implicit, there is nonetheless a bargain and exchange of
> value.  Here, the exchange is made not at the time of payment but
> prior to employment.  If these Claimants were required to receive a
> portion of their compensation as options, *that was a condition of
> employment the Claimants willingly accepted in return for their
> labor*.  These Claimants, thus, "purchased" the stock options with
> their labor.

*Id.* (emphasis added).

18.    Some of the Respondents attempt to avoid the holding in *Enron*, citing a

footnote where the Court noted that its conclusions apply only to stock options similar to those

presented and had no opinion as to whether stock options "might be designed in such a fashion

that would result in different treatment under section 510(b)."  *Id.* at 144 n.3.  What Respondents

fail to do, however, is acknowledge the last sentence of the footnote, which clarifies: "[T]o the extent that stock options necessarily implicate the purchase or sale of a security, *it is doubtful that any stock options could be so designed.*" *Id.* (emphasis added). As discussed *infra*, the Outstanding Claims are damage claims arising from the purchase or sale of a security, and thus, require the same treatment – mandatory subordination under section 510(b) – as ordered by the Court in *Enron*.

19.    In willingly engaging in the exchange of labor for Equity Awards, the Respondents bargained not for cash, but to become shareholders of LBHI common stock. In doing so, they took on the risk and return expectations of shareholders. Accordingly, all damage claims arising from the purchase of such Equity Awards should be subordinated because the Respondents contracted to bear those risks. *See In re Int'l Wireless Commc'ns Holdings, Inc.*, 68 Fed Appx. at 278 (noting that by agreeing to receive shares as consideration, claimants agreed to bear shareholder risk); *In re Worldwide Direct, Inc.*, 268 B.R. 69, 73 (Bankr. D. Del 2001) (stating that by agreeing to accept stock in lieu of a cash payment under a severance agreement, the claimant "bargained for the status as a shareholder, rather than a creditor.").

III.    Respondents' Assertion:  the Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.

20.    Debtors' Reply:  While the Outstanding Claims assert a variety of arguments and theories of liability, a common thread that runs through each Response is that the Outstanding Claims arise from losses or damages (i.e., diminution in value of the Equity Awards) resulting from the acquisition of the Equity Awards. Precedent in this jurisdiction dictates that section 510(b) of the Bankruptcy Code, as a remedial statute, should be interpreted broadly to effectuate the intent of Congress:  namely, section 510(b) was enacted "to prevent disappointed shareholders from recovering their investment loss by using fraud and other

securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy

proceeding." *In re Enron Corp.*, 341 B.R. at 158 (citing *Baroda Hill Invs., Ltd. v. Telegroup,*

*Inc. (In re Telegroup, Inc.)*, 281 F.3d 133, 142 (3d Cir. 2002)).

21.     The Outstanding Claims, while veiled in fraud and/or breach of contract

causes of action, are at their core claims to recover damages arising from the purchase of the

Equity Awards.  Courts have interpreted a wide variety of claims to be for damages that arise

from the purchase of a security.  *See, e.g., In re Seaquest Diving LP*, 579 F.3d 411, 421 (5th Cir.

2009) (noting that the Second Circuit has adopted a broad reading of the damages category and

citing *Rombro v. Dufrayne (In re Med Diversified, Inc.)*, 461 F.3d 251 (2d Cir. 2006)); *Queen v.*

*Official Comm. of Unsecured Creditors (In re Response U.S.A., Inc.)*, 288 B.R. 88, 94 (D.N.J.

2003) (affirming the bankruptcy court's holding that claims seeking cash compensation under the

terms of a stock purchase agreement for the decline in value of stock were damage claims which

fit within the scope of section 510(b) rather than claims for a contractual right to payment); *In re*

*PT-1 Commc'ns, Inc.*, 304 B.R. 601, 608 (Bankr. E.D.N.Y. 2004) ("the claim need not flow

directly from the securities transaction, but can be viewed as 'arising from' the transaction if the

transaction is part of the causal link leading to the injury").

22.     Because there is a nexus or causal relationship between the bases for the

Outstanding Claims and the purchase of the Equity Awards, such claims "arise from" the

purchase of a security and are subject to subordination under section 510(b) of the Bankruptcy

Code.  Like the claimants in *Enron*, Respondents assert claims against the Debtors for fraudulent

inducement, fraudulent retention, and breach of contract related to the Equity Awards.  For

instance, Respondents argue that the Debtors fraudulently induced them to accept the Equity

Awards as part of their compensation packages.  The Court in *Enron* held that a fraudulent

inducement claim of this sort is a "claim for damages directly related to a securities transaction"
and "is a clear example of a typical claim by the defrauded purchaser of a security to which
section 510(b) unambiguously applies." 341 B.R. at 150; *see also Jezarian v. Raichle (In re
Stirling Homex Corp.)*, 579 F.2d 206, 215 (2d Cir. 1978), *cert. denied*, 439 U.S. 1074 (1979)
(concluding that claims filed by persons who were allegedly induced by fraud to purchase the
debtor's stock should be subordinated).  Respondents also assert, like the claimants in *Enron*,
that the Debtors' allegedly fraudulent information and misleading financial reporting induced
them to hold on to their vested Equity Awards.  Analyzing fraudulent retention claims, the court
in *Enron* held that "claims alleging fraudulent retention of a stock option 'arise from' the
purchase of that security and should be subordinated pursuant to section 510(b)." 341 B.R. at
159.

        23.    Indeed, whether the damages to Respondents were caused by alleged fraud
in the inducement, fraudulent retention, breach of contract, misappropriation, or other
malfeasance does not matter, as such damages arose from and are based upon Respondents'
purchase of the Equity Awards and, as such, are squarely within the scope of section 510(b).  *See
In re Worldcom, Inc.*, 329 B.R. 10, 14 (Bankr. S.D.N.Y. 2005) ("So long as the nature of the
damage or harm complained of by a shareholder can be said to result as a consequence of his
having purchased or sold shares of stock or other securities of the debtor, the claimant falls
within the scope of Section 510(b) . . . .").  Even if Respondents held cognizable claims under
any of these legal theories, which the Debtors in no way concede, any claims arising therefrom
would be subject to mandatory subordination under section 510(b) of the Bankruptcy Code.

IV.    Respondents' Assertion:  the Outstanding Claims are not Equity Interests because
common stock was not actually delivered or because the Equity Awards did not vest as of
the Commencement Date.

24.    Debtors' Reply:  Respondents do not provide any support for the assertion

that the vesting of Equity Awards, or actual delivery of stock, is necessary for the subordination

of the Outstanding Claims.  In fact, precedent supports the Debtors' position.  The Court in

*Enron* rejected the argument that the purported claims are not equity because stock was not

actually delivered.  The Court held that "physical possession of the security is not required for a

claim based upon that security to be subordinated."  341 B.R. at 163 (citing *American Broad.

Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823, 830 (9th Cir. 2001)) (observing

that "even if an investor never receives her promised shares, she . . . expects to participate in firm

profits").  Likewise, in *In re Med Diversified, Inc.*, the Second Circuit affirmed the lower court's

holding that section 510(b) mandates subordination of a former employee's claim based on the

debtor's alleged failure to issue shares, despite the fact that the employee never actually received

such shares.  461 F.3d at 258.  The policy rationale for mandatory subordination "applies 'even if

there is no "actual" sale or purchase.'"  *Id.* (citing *Betacom*, 240 F.3d at 830-31); *see also In re

U.S. Wireless Corp., Inc.*, 384 B.R. at 720 n.46 (noting that the fact that claimant never received

certain portions of the equity package due to the various vesting dates was not a bar to the

subordination of his entire claim under section 510(b) of the Bankruptcy Code).

25.    Similarly, the analysis under section 510(b) here does not depend on

whether Respondents were actual shareholders, but rather on the nature of their underlying

claim.  *See In re Touch America Holdings, Inc.*, 381 B.R. at 104 ("[T]he § 510(b) analysis does

not hinge on whether the Plaintiffs label themselves as Plan participants or shareholders, but

requires consideration of the underlying nature of their claims."); *In re Walnut Equip. Leasing*

*Co.,* Ch. 11 Case No. 97-19700 (DWS), 1999 Bankr. LEXIS 1626, at *20 (Bankr. E.D. Pa. Dec. 28, 1999) ("[T]he language of § 510(b) does not limit its application to any particular type of claimant . . . but, rather, focuses on the type of claim possessed."); *In re PT-1 Commc'ns, Inc.*, 304 B.R. at 609 (same).  As discussed above, the Respondents' rights are limited solely to their holdings of Equity Awards, which only entitle the Respondents to the rights of a common stockholder and nothing more.

26.    Certain Respondents that earned commissions throughout the year assert that portions of their monthly paychecks for the year 2008 were deducted and because LBHI typically issued Equity Awards in November or December, such Respondents never received Equity Awards on account of such deductions.  Some of such Respondents also assert that LBHI escrowed cash for their benefit on account of such amounts.  Based on the Debtors' review of their books and records, no amounts were held in escrow, constructive trust, or otherwise for the benefit of Respondents in connection with the Equity Awards.  Respondents' assertions to the contrary are not supported by any evidence and are merely asserted in unsworn statements in certain of the Responses.  Moreover, none of the foregoing changes the simple fact that these Respondents were only entitled to receive Equity Awards and LBHI was never obligated to pay such Respondents cash in connection therewith.  Under Respondents' theory , they would have greater rights postpetition, because their Equity Awards had not yet been issued, than claimants who had superior rights prepetition because they actually had been issued Equity Awards.  The fact that the Equity Awards were not issued prior to the Commencement Date is irrelevant.

V.   Respondents' Assertion:  a "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements) was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.

        27.    Debtors' Reply:  Respondents' argument surrounding the occurrence of a "Bankruptcy Distribution Event," which under certain of the Agreements was one of the "conditions to exercise" the equity options, is irrelevant because the nature of the Equity Awards and the provisions of the relevant Agreements dictate subordination of the Outstanding Claims pursuant to sections 510(a) and 510(b) of the Bankruptcy Code.  In any event, contrary to certain Respondents' assertions, the Plan was confirmed by an Order of this Court dated December 6, 2011 [ECF No. 23023].  Moreover, the Respondents' rights are limited solely to their holdings of Equity Awards, which only entitle the Respondents to the rights of a common stockholder of LBHI and nothing more.  In any event, a right to exercise their Equity Awards only entitled a holder to receive common stock in LBHI.  Nothing in the Agreements provides Respondents with anything greater than a right to an Equity Interest.  *See supra* ¶¶ 11,15.

VI.   Respondents' Assertion:  the Debtors have not yet objected to other proofs of claims that were filed based on Equity Awards.

        28.    Debtors' Reply:  Respondents' argument the Debtors have not objected to other proofs of claim based on the Equity Awards is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.  The Debtors intend to continue their review and analysis of each of the more than 67,000 proofs of claims filed in these chapter 11 cases and object thereto as appropriate.  The fact that the Debtors have not yet objected to every proof of claim filed based on Equity Awards is not a basis to deny the current Objections with respect to the Outstanding Claims.

VII.    Respondents' Assertion:  the holding in *Guiry v. Goldman, Sachs & Co.* dictates that the Equity Awards were compensation.

29.    Debtors' Reply:  Respondents' argument that the holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation because the court in that case refers to unvested contingent rights to restricted stock as "incentive compensation" is without effect.  Respondents' argument that they received the Equity Awards as part of their overall compensation is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.  *See supra* ¶¶ 14-19.  Compensation and equity are not mutually exclusive concepts and the Debtors do not dispute that the Equity Awards were compensation.  Furthermore, Respondents' reliance on the use of the term "incentive compensation" in *Guiry* is misplaced.  The *Guiry* Court used the term "incentive compensation" only for the purpose of distinguishing equity award type instruments from "wages" under the New York Labor Law ("[W]e hold that deferred equity based compensation of this kind constitutes, as a matter of law, 'incentive compensation' . . .  not included in the definition of 'wages' under Labor Law § 190(1).")  *Id.* at 617.

VIII.    Respondents' Assertion:  amounts were deducted from the Respondents' payrolls and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.

30.    Debtors' Reply:  Respondents' assertions that cash was deducted from their paychecks and escrowed for their benefit are not supported by any evidence and are merely asserted in unsworn statements in certain of the Responses.  Based on the Debtors' review of their books and records, no amounts were held in escrow, constructive trust, or otherwise for the benefit of Respondents in connection with the Equity Awards.  *See supra* ¶ 26.  Moreover, under

no circumstances did LBHI have an obligation to deliver cash in lieu of or in exchange for the

Equity Awards.  Certain of the Agreements expressly provided that the Respondents were never

entitled to any cash payments.  *See supra* ¶ 11.

IX.    Respondents' Assertion:  under Delaware state law, deferred share-based compensation is
       not a damage claim, but rather constitutes an unpaid debt under the Wage Act.

31.    Debtors' Reply:  The Wage Act cases cited by the Respondents are

inapplicable here because "the purpose of the Delaware Wage Payment and Collection act is to

provide a remedy for employees to recover regular direct recurrent wages unreasonably withheld

by the employer."  *Gallagher v. E.I. DuPont De Nemours & Co.*, CIV. A. 06C-12-188 WC, 2010

WL 1854131 (Del. Super. Apr. 30, 2010).  Additionally, the definition of damages under

section 510(b) of the Bankruptcy Code has been broadly interpreted by courts.  *See supra* ¶¶ 20-

21.  Lastly, any rights that Respondents may have under the Equity Awards do not constitute an

unpaid debt for which the Respondents are entitled to a "right to payment."  *See supra* ¶ 10.

Instead, the Equity Awards fall squarely within the definition of equity securities under

section 101(16) of the Bankruptcy Code.  *See supra* ¶¶ 9-13.

X.     Respondents' Assertion:  because the case at bar involves thousands of former employees
       for their unpaid wages, it is a situation that extends the reach of section 510(b) of the
       Bankruptcy Code beyond its legislative history and purpose.

32.    Debtors' Reply:  Respondents' argument is legally unsupported.  As the

Court notes in *In re Worldcom, Inc.*, section 510(b) of the Bankruptcy Code does not

discriminate between "great frauds" "which caused major damages to large and sophisticated

investors" and "petty swindles involving little companies which cause small investors to lose

small amounts."  329 B.R. at 13.  "The statute applies evenhandedly to swindles both great and

small leading to claims for rescission or damages by investors both great and small."  *Id.*

XI.    Respondents' Assertion:  the United States Government assisted employees of all financial institutions except for the Debtors, and thus, former employees of the Debtors deserve similar treatment.

33.    Debtors' Reply:  Respondents' argument is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.

XII.    Respondents' Assertion:  reclassification of Equity Awards is unconscionable in light of the professional fees in the Debtors' cases.

34.    Debtors' Reply:  Respondents' argument is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.

XIII.    Respondents' Assertion:  there is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.

35.    Debtors' Reply:  Respondents' argument is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards. Also, Respondents' rights are not being forfeited but, instead, are being properly reclassified in the Debtors' capital structure.

XIV.    Respondents' Assertion:  because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.

36.    Debtors' Reply:  The principle of unjust enrichment is inapplicable to the court's analysis of subordination under section 510 of the Bankruptcy Code.  Respondents bargained for and willingly accepted the compensation packages, which included the risks and benefits attendant to the Equity Awards, in exchange for their labor.  *See supra* ¶¶ 16-17, 19.

The Debtors are now seeking to give Respondents exactly what they bargained for – positions as shareholders of LBHI common stock – but nothing more.

XV.    Respondents' Assertion:  the terms of the Equity Award programs were unconscionable.

37.    Debtors' Reply:  Respondents' assertions that the Equity Awards programs were unconscionable are not supported by any evidence and are merely asserted in unsworn statements in certain of the Responses.  Moreover, this argument is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.

XVI.    Respondents' Assertion:  compensation received in the form of Equity Awards is analogous to a margin account and the Debtors were required to compensate Respondents for the diminution in value.

38.    Debtors' Reply:  Any claims for diminution of value of stock are damages claims arising from the purchase or sale of a security that are subject to mandatory subordination under section 510(b) of the Bankruptcy Code.  *See supra* ¶¶ 20-23.  It is inherent in the nature of common stock that the value may increase or decline over time.  Respondents bargained for rights to become equity security holders, with all the attendant benefits and risks.  Moreover, nothing in the Equity Award agreements provides Respondents with anything greater than a right to an Equity Interest.  *See supra* ¶¶ 11,15.

XVII.    Respondents' Assertion:  classifying the claims as "Equity Interests" is incorrect based on IRS Code Section 409 which states that in order to allow the tax deferral, the plan must remain unfunded and unsecured and that the assets must remain the assets of the employer.

39.    Debtors' Reply:  Respondents' argument is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.

XVIII.    Respondents' Assertion:  the holding in *FleetBoston Financial Corp. v. Alt* supports the assertion that because Respondents were holders of restricted stock units that never vested, they are not stockholders.

40.    Debtors' Reply:  In *FleetBoston*, the court barred unvested restricted stock unit holders from bringing a breach of fiduciary duty action against a majority shareholder. *FleetBoston Financial Corp. v. Alt*, 668 F. Supp.2d 277, 279-280 (D. Mass., 2009).  The lack of standing for holders of unvested rights to purchase stock to bring suit for breach of fiduciary duty is irrelevant to the treatment and classification of the Outstanding Claims as equity interests, and does not impact the applicability of sections 510(a) and 510(b) of the Bankruptcy Code to claims based on the Equity Awards.  Additionally, courts have made clear that physical ownership of a security is not a prerequisite for subordination pursuant to section 510(b) of the Bankruptcy Code.  *See supra* ¶¶ 24-26.

XIX.    Respondents' Assertion:  Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.

41.    Debtors' Reply:  At no point did Respondents bargain for the right to receive, and under no circumstances did LBHI have an obligation to deliver, cash in lieu of or in exchange for the Equity Awards.  The Equity Awards merely provided grantees with a right to acquire common stock.  *See supra* ¶¶ 9-10.  Respondents' assertions that they thought they would receive cash because they received statements from the Debtors that attributed a value to their Equity Awards boil down to a claim for breach of contract supported by the following propositions:  the Debtors were obligated by contract to the Respondents for a certain amount; the Debtors attempted to meet this obligation by granting the Respondents Equity Awards, representing those Equity Awards have a certain value; the Equity Awards did not or would not have that value; and the contractual obligation was therefore not satisfied and was breached by the Debtors.  *See Enron*, 341 B.R. at 159.  Like the fraudulent inducement and fraudulent

retention claims, "claims for breach of contract related to stock options are claims 'arising from' the purchase or sale of a security and should be subordinated." *Id.* at 162; *see also In re Telegroup*, 281 F.3d at 136 (holding that a claim for breach of a provision in a stock purchase agreement requiring the issuer to use its best efforts to register its stock "arise from" the purchase of the stock for the purposes of section 510(b) and therefore must be subordinated).  In addition, the Agreements did not provide for the payment of cash to holders.  Rather, the Agreements expressly provided that the Respondents were never entitled to any cash payments.  *See supra* ¶¶ 11,15.

## Conclusion

42.     As a result of the foregoing as well as the arguments set forth in the Objections and the omnibus replies, the Outstanding Claims should be reclassified as equity because (i) the Equity Awards fall within the Bankruptcy Code definition of "equity securities," (ii) the subordination provisions of the agreements governing the Equity Awards are enforceable pursuant to Bankruptcy Code section 510(a), and (iii) Bankruptcy Code section 510(b) mandates that the Outstanding Claims have the same priority as common equity of LBHI.   Nothing in the law or the Responses permits an alternative result.

Dated: January 24, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

**Exhibit A**

| Claimant | Claim Number | ECF No. of Response[1] | Respondent's Argument(s)[2] | Debtors' Replies (as numbered paragraphs in the Annotated Reply)[3] |
|---|---|---|---|---|
| Andrew Allard | 11044 | 14041 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Ian W. Anderson | 12809 | 14535 | ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>▪ Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 15, 24-25, 27, 41 |
| Edmund Craston | 17879 | 13897 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Debtors have not yet objected to other proofs of claims that were filed based on Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 28 |
| Charles Diccianni | 12314 | 13879 | ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |

[1] N/A refers to letters received by the Debtors that were not formally served and do not appear on the docket.

[2] This summary (the "Summary") of the arguments made in each Respondent's Response is qualified in its entirety by the individual Responses.  This Summary is intended to be used for informational purposes only and shall not in any way be construed as a release or waiver of any of the arguments or assertions made in the Responses or the Debtors' replies or defenses thereto.

[3] Notwithstanding the replies listed in this column, because the Debtors believe that the Respondents are similarly situated and may be properly treated as a class of claimants, the Debtors intend for each of their replies in the Annotated Reply to apply to each Response to the extent not otherwise listed.

| | | | | |
|---|---|---|---|---|
| Kathleen C. Duffy | 21911 | 13880 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Robert C. Dyer | 28012 | 14058 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Amounts were deducted from the Respondents' payrolls and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-26, 30 |
| Sheryl Goldman | 10029 | 14116 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Michael Gran | 23900 | 14630 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Andrea T. Jao | 5340 | 14942<br>16053 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 29 |

| Craig J. Kellard | 12821 | 14538 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
|---|---|---|---|---|
| Judith Ann Kenney | 13929 | 13865<br>20996 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.<br>• Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-23, 25, 35-36, 41 |
| Mary Langevin | 24675 | 13878 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 24-25, 27 |

| Samantha Malthouse | 9428 | 14533 | ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>▪ Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
|---|---|---|---|---|
| Barbara Muinos | 11043 | 14067 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Gavin R. Netzel | 12806 | 14541 | ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>▪ Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Richard Grant Noble | 14197 | 14952 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19-25 |

| Andrea Penton | 12044 | 14542 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Paul Nigel Shotton | 21362 | 13810 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 36 |
| Gregg Somma | 24373 | 13864 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 27 |
| Christopher A. Statham | 15690 | 14127 | <ul><li>Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 30 |
| Andrea Sullivan | 13087 | 14543 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 41 |

| Ian G. Toal | 12811 | 14544 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Colin S. A. Welch | 13290 | 13861 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Rocco F. Andriola | 10544 | 16950 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 12, 14, 16-17, 19, 24-25 |
| Madelyn Antoncic | 16516 | 16921 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 12, 14, 16-17, 19, 24-25 |

| Riccardo Banchetti | 20313 | 20664 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.<br>• Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 12-13, 14, 16-17, 19-25, 31-32, 41 |
| Bo Bazylevsky | 66323 | 16920 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The United States Government assisted employees of all financial institutions except for the Debtors, and thus, former employees of the Debtors deserve similar treatment.<br>• Reclassification of Equity Awards is unconscionable in light of the professional fees in the Debtors' cases. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 33-34 |
| Michael L. Bowyer | 15087 | 17047 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Alexandre Catalao Maia | 17760 | 17065 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Sandy Fleischman Richman | 8530 | N/A | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |

| Richard J. Glasebrook II | 9682 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
| Jason Goldberg | 23894 | 16765 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>The holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 29 |
| Randall J. Hutton | 14023 | 17078 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19-25, 41 |

| Henry Morgan Lawrence III | 3374 | 17021 21065 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests. ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. ▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable. ▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. ▪ The terms of the Equity Award programs were unconscionable. | ¶¶ 5-7, 9-10, 12, 14, 16-17, 19-25, 37 |
|---|---|---|---|---|
| Fabio Liotti | 25895 | 16934 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests. ▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. ▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable. ▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. ▪ Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19-25, 30 |
| Mary A. Lynch | 24409 [118], 26311 [121], 26312 [117], 24408 [117], 24410 [75] | 17152 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests. | ¶¶ 5-7, 9-10 |
| Brian W. Monahan | 20775 | 17079 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests. | ¶¶ 5-7, 9-10 |

9

| Richard Nackenson | 13968 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
| --- | --- | --- | --- | --- |
| Anke Parr | 16039 | 20663 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.</li><li>Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |

| Vincent A. Primiano | 31795 & 6 | 20662 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.</li><li>Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |
|---|---|---|---|---|
| Henry Ramallo | 17607 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
| Brett S. Reiner | 19584 | N/A | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19 |

| Chris Reynolds | 28442 | 17153 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.<br>• Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
| Giancarlo Saronne | 15754 | 20665 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.<br>• Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |

| Marvin C. Schwartz | 20244 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
|---|---|---|---|---|
| Harsh Shah | 14285 | 20666 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.</li><li>Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |

| Stephanie J. Stiefel | 21711 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
|---|---|---|---|---|
| William Phillip Walsh | 1707 | 16947 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 20-26, 30 |

| David I Weiner | 18314 | 20996 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>There is a longstanding public policy tradition against forfeiture of earned compensation as evidenced by decisions under New York state law.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-19-25, 35-36, 41 |
| Jennifer S. Adler | 30611 | 16762 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Jennifer Becker | 13360 | 16917 | <ul><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 12, 20-25, 30 |
| William Broadbent | 9971 | N/A | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-26 |
| Nachiketa Das | 27231 | 17081 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |

| Phillipe Dufournier | 15528 | 20667 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>▪ Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.<br>▪ Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.<br>▪ Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |
| Inigo Fraser-Jenkins | 25772 | 17392 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Kyle Kettler | 13888 | 16778 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Nicole Lawrence | 3373 | 17022 21065 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>▪ The terms of the Equity Award programs were unconscionable. | ¶¶ 5-7, 9-10, 12, 14, 16-17, 19-25, 37 |

| Manhua Leng | 27230 | 17252 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
|---|---|---|---|---|
| Stewart Levy | 14342 | N/A | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Michael O'Mara | 17872 | 17075 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Lisa Marcus | 24889 | 17132 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>The holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation.</li></ul> | ¶¶ 5-7, 9-10, 13-14, 16-17, 19-25, 29 |
| Vincent Mischler | 32557 | 17157 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li></ul> | ¶¶ 5-7, 9-10, |

US_ACTIVE:\43897131\05\58399.0008

| Barry Porter | 12975 | 17159 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Matthew Walker | 12296 | 17158 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Jean de Watteville | 28313 | 16798 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 24-25 |
| Michael McCully | 65949 | 21508 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Lisa R. Bogert | 33233 | 17156 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Anthony T. Carango | 25198 | 17077 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |

| | | | | |
|---|---|---|---|---|
| Patrick Cremin | 10101 | 17074 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Mathieu Desforges | 14260 | 17072 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| Cynthia Flackman | 4709 | 16802 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Compensation received in the form of Equity Awards is analogous to a margin account and the Debtors were required to compensate Respondents for the diminution in value. | ¶¶ 5-7, 9-10, 14, 16-17, 19-25, 38 |
| Arthur J. Kenney | 14067 | 17160 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-26, 30 |

| Linda Ludwig | 25110 | 16923 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation. | ¶¶ 5-7, 9-10, 13-14, 16-17, 19-25, 29 |
| Nikki Marshall | 23723 | 17402 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Fiona M. Menzies | 8707 | 17076 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.<br>• Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |
| James P. Meyer | 32398 | 17039 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19-25, 30 |

| | | | | |
|---|---|---|---|---|
| Boris Nedev | 22803 | 17373 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Stefan Teschner | 14852 | N/A | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Christian Whamond | 10579/66053 | 17253 | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>The United States Government assisted employees of all financial institutions except for the Debtors, and thus, former employees of the Debtors deserve similar treatment.</li><li>Reclassification of Equity Awards is unconscionable in light of the professional fees in the Debtors' cases.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 33-34 |
| Robert W. Wilson | 9968 | 17032 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-11, 14-17, 19, 24-25, 27, 41 |

| Christian Bardehle | 14851 | N/A | <ul><li>The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
|---|---|---|---|---|
| Latifa Debbarh | 25874 | 17073 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14-17, 19, 24-25, 27, 41 |
| Barry Falltrick | 12733 | 17749 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14-17, 19, 24-25, 27, 41 |
| Ian Judd | 6286 | 17033 | <ul><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 30 |

| Russell Mears | 11108 | 17768 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14-17, 19, 24-25, 27, 41 |
| --- | --- | --- | --- | --- |
| Milan Veleba | 8447 | 17376 | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li><li>A "Bankruptcy Distribution Event" (as such term is defined in the relevant Agreements), was not triggered because LBHI has not proposed a chapter 11 plan, and thus any claims arising under those Agreements may not be subordinated.</li><li>Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 27, 41 |
| Gemma Day | 5952 | N/A | <ul><li>The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.</li></ul> | ¶¶ 5-7, 9-10, 14, 16-17, 19 |

| | | | | |
|---|---|---|---|---|
| Vincent Primiano | 31794 31797 31798 31799 31800 31801 31802 31803 31804 31805 31806 31807 31808 31809 31810 31811 31812 31813 | 20662 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>▪ Under Delaware state law, deferred share-based compensation is not a damage claim, but rather constitutes an unpaid debt under the Wage Act.<br>▪ Because the case at bar involves thousands of former employees for their unpaid wages, it is a situation that extends the reach of section 510(b) of the Bankruptcy Code beyond its legislative history and purpose.<br>▪ Respondents thought they would receive cash because they received statements that attributed a value to their Equity Awards. | ¶¶ 5-7, 9-10, 12-14, 16-17, 19-25, 31-32, 41 |
| Christiane Schuster | 11369 | 17747 17925 | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>▪ The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>▪ The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>▪ The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>▪ The holding in *Guiry v. Goldman, Sachs & Co.*, 814 N.Y.S.2d 617 (N.Y. 1st Dept. 2006) dictates that the Equity Awards were compensation. | ¶¶ 5-7, 9-10, 13-14, 16-17, 19-25, 29 |
| Guillemette Callies | 5733 | N/A | ▪ The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests. | ¶¶ 5-7, 9-10 |
| Darian Cohen | 16153 | N/A | ▪ Classifying the claims as "Equity Interests" is incorrect based on IRS Code Section 409 which states that in order to allow the tax deferral, the plan must remain unfunded and unsecured and that the assets must remain the assets of the employer. | ¶¶ 5-7, 9-10, 39 |
| Lars Jacobson | 24335 | N/A | ▪ Classifying the claims as "Equity Interests" is incorrect based on IRS Code Section 409 which states that in order to allow the tax deferral, the plan must remain unfunded and unsecured and that the assets must remain the assets of the employer. | ¶¶ 5-7, 9-10, 39 |

| Fabio Liotti | 15120 | 20084 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19-25, 30 |
| Lisa Marcus | 16329 | 20147, 20397 | • The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25, 30 |
| Kevin C. McCooey | 10370 | 20408 | • The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 24-26 |
| Rodney A. Plaskett | 5063 | 20394 | • The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-26 |
| Roger Saks | 19077 | 20755 | • The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.<br>• The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash. | ¶¶ 5-7, 9-10, 14, 16-17, 19, 24-25 |
| Amit K. Sarkar | 34872 | 20383 | • The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.<br>• Request adoption of arguments by other claimants | ¶¶ 5-7, 9-10, 14, 16-17, 19 |
| Laurent Tuil | 32257 | 20384 | • The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date. | ¶¶ 5-7, 9-10, 24-26 |

| Jeffery K. Wardell | 24545 | 20140 | <ul><li>Amounts were deducted from the Respondent's payroll and held in either an escrow account or in constructive trust for their benefit until such time as the funds would be used to purchase Equity Awards.</li><li>The Outstanding Claims are not Equity Interests because common stock was not actually delivered or because the Equity Awards did not vest as of the Commencement Date.</li><li>The holding in *FleetBoston Financial Corp. v. Alt*, 668 F. Supp.2d 277 (D. Mass. 2009) supports the assertion that because Respondents were holders of restricted stock units that never vested, they are not stockholders.</li><li>Because Respondents conferred a benefit upon the Debtors by providing labor and the Debtors now seek to benefit from such labor without fully and adequately compensating the Respondents, the Debtors are the beneficiaries of unjust enrichment.</li></ul> | ¶¶ 5-7, 9-10, 24-25, 30, 36, 40 |