Hearing Date and Time: January 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                                    :
**In re:**                                    :    Chapter 11 Case No.
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., et al.,**    :    08-13555 (JMP)
                                                                    :
              Debtors.                        :    (Jointly Administered)
                                                                    :
------------------------------------------------------------------- x

**STATEMENT OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS
IN SUPPORT OF MOTION PURSUANT TO SECTION 8.4 OF THE
MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND
SECTIONS 105(A), 502(C) AND 1142(B) OF THE BANKRUPTCY CODE TO
ESTIMATE THE AMOUNTS OF CLAIMS FILED BY INDENTURE
TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE-
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES**

The Official Committee of Unsecured Creditors (the "Committee") of Lehman

Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the

"Debtors") hereby files this statement in support of the Debtors' Motion Pursuant to Section 8.4

of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors and Sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code to Estimate

#4812-4465-5886v3
01/24/12 3:14 PM

the Amounts of Claims filed by Indenture Trustees on Behalf of Issuers of Residential Mortgage-Backed Securities for Purposes of Establishing Reserves (the "Motion").[1]

## STATEMENT

1. The Committee supports the relief requested in the Motion. To expedite the distributions to the unsecured creditors under the Debtors' confirmed plan of reorganization (the "Plan"), and to make the amount of the initial distribution meaningful, it is imperative that the Court estimate the identified mortgage-backed security claims (the "Claims") for the purposes of establishing appropriate reserves.

2. The Plan provides that the Debtors must establish a reserve on account of each Disputed Claim in an amount equal to the least of the filed or agreed upon amount of such claim or "the amount determined, to the extent permitted by the Bankruptcy Code and Bankruptcy Rules, by the Bankruptcy Court for purposes of fixing the amount to be retained for such Disputed Claim." (Plan at § 8.4.) The purpose of including such an estimation mechanism in the Plan (with the support of the Committee and without objection by any other party in interest) was the same as it has generally been in other chapter 11 plans—i.e., to avoid delaying or diluting distributions as a result of reserve requirements inflated by large and indisputably contested claims.

3. In this case, the Indenture Trustees had originally filed the Claims in amounts that they acknowledge they cannot presently support. The Debtors sought to disallow most of the Claims in June 2011 and, in that context, the Court encouraged the Debtors and the Indenture Trustees to explore adoption of a protocol that would facilitate the consensual resolution of the Claims.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

4.  Discussions regarding such protocol, in which the Committee has been actively involved, have been underway for several months.  The Committee believes that the Debtors and the Indenture Trustees will eventually reach consensus regarding these protocols.  However, because of the broad scope of the Claims, the technical nature of the matters at issue, and the Indenture Trustees' limited ability to expeditiously bind their beneficiaries, a protocol is not likely to be finalized in the near future.

5.  Thus, estimation at this juncture is necessary and warranted in order to avoid delaying distributions to other creditors and will directly benefit the majority of the Debtors' unsecured creditors without affecting the rights of the Indenture Trustees' beneficiaries as the protocol negotiations or litigation of the Claims to final judgment is completed.  Indeed, *nothing* in the proposed order will infringe on any of the Indenture Trustees' or their beneficiaries' rights in any way.

6.  Under the Plan and the relevant precedent, the Court clearly has authority to estimate the value of claims for the purpose of establishing claims reserves.  See, e.g., In re Enron Corp., No. 01–16034, 2006 WL 544463 (Bankr. S.D.N.Y. Jan. 17, 2006) (granting substantially the same relief under similar circumstances); In re Chemtura Corp., 448 B.R. 635, 648-49 (Bankr. S.D.N.Y. 2011) (estimating claims for reserve purposes "in accordance with a provision in the Debtors' Plan of Reorganization" and pursuant to section 502(c)); JPMorgan Chase Bank v. U.S. Nat'l Bank Assoc'n (In re Oakwood Homes Corp.), 329 B.R. 19 (D. Del. 2005).  The Court should exercise this authority to estimate the Claims.

7.  Finally, the Committee's financial advisors have reviewed the calculations used by the Debtors to arrive at the $2.4 billion estimate proposed in the Motion, and believe that such amount is within the range of reasonableness.  Based upon all information currently

available to the Committee, this amount appears to conservatively estimate, with a substantial margin for error, the probable allowed amounts of the Claims, and thus provides a more than adequate reserve with on account of the Claims.

## **CONCLUSION**

For all the reasons set forth herein and in the Motion, the Committee respectfully requests that the Court (i) grant the relief requested in the Motion, and (ii) grant the Committee such other relief as is just.

Dated:   New York, New York
         January 24, 2012

                             **MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

                             By: /s/ Dennis F. Dunne
                             Dennis F. Dunne
                             Evan R. Fleck
                             Dennis C. O'Donnell
                             1 Chase Manhattan Plaza
                             New York, NY 10005
                             Telephone: (212) 530-5000

                             Counsel for Official Committee of Unsecured Creditors of
                             Lehman Brothers Holdings Inc., et al.