

Wolters Kluwer
Corporate Legal Services

| CT Corporation

1209 Orange Street
Wilmington, DE 19801

302 777 0220 tel
800 677 3394 toll free
www.ctcorporation.com

January 02, 2012

Jacqueline Marcus
Weil, Gotshal & Manges LLP
767 Fifth Avenue,
New York, NY 10153

Re: Lehman Brothers Holdings Inc., et al., Debtors. // To: Liberty Square CDO II, Corp.

Case No. 0813555JMP

Dear Sir/Madam:

After checking our records and the records of the State of DE, it has been determined that
The Corporation Trust Company is not the registered agent for an entity by the name of
Liberty Square CDO II, Corp..

Accordingly, we are returning the documents received from you.

Very truly yours,

Melanie McGrath
Senior Corporate Operations Specialist

Log# 519731432

FedEx Tracking# 797915120770

cc: Southern District of New York - U.S. Bankruptcy Court
    Alexander Hamilton Custom House,
    One Bowling Green,
    New York, NY 10004-1408



WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500
David S. Cohen

Attorneys for the Official Committee
of Unsecured Creditors of the Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------x

## NOTICE OF JOINT MOTION OF DEBTORS AND CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "<u>Motion</u>") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (together, the "<u>Debtors</u>") and the Official Committee of Unsecured Creditors of the Debtors (the "<u>Committee</u>") for authorization to extend the stay of avoidance actions and grant certain related relief, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "<u>Bankruptcy Court</u>"), on **January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "<u>Hearing</u>").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard W. Slack, Esq. and Jacqueline Marcus, Esq., attorneys for the Debtors;

(iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **January 4, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: December 22, 2011
     New York, New York

/s/ Jacqueline Marcus

Richard W. Slack
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession


/s/ Dennis F. Dunne

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

-and-

David S. Cohen
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

Attorneys for the Official Committee
of Unsecured Creditors of the Debtors

Hearing Date and Time:  January 11, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  January 4, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Debtors
and Debtors in Possession

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500
David S. Cohen

Attorneys for the Official Committee
of Unsecured Creditors of the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :
In re                                       :    Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                            :
                          Debtors.          :    (Jointly Administered)
                                            :
------------------------------------------------------------x

**JOINT MOTION OF DEBTORS AND CREDITORS' COMMITTEE,
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND BANKRUPTCY RULE 7004(a)(1), TO EXTEND STAY OF
AVOIDANCE ACTIONS AND GRANT CERTAIN RELATED RELIEF**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

referenced chapter 11 cases, as debtors in possession (together, the "Debtors," and collectively

with their non-Debtor affiliates, "Lehman") and the Official Committee of Unsecured Creditors

of the Debtors (the "Committee"), submit this motion (the "Motion"), and respectfully represent:

### Preliminary Statement

      1.      On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), the Debtors commenced the largest and most complicated chapter 11

cases in history. The Debtors' review and analysis of prepetition transactions has been

extremely difficult, time consuming, and complicated. Nevertheless, in order to prevent the loss

of avoidance causes of action prior to the expiration of the applicable two-year statute of

limitations, the Debtors commenced over 50 actions seeking to avoid or recover significant

transfers with respect to over 240 transactions under sections 544, 545, 547, 548, 549, 550 and/or

553 of title 11 of the United States Code (the "Bankruptcy Code").[1] In addition, the Debtors

entered into tolling agreements with more than 200 third parties. The Committee was given

standing and authority to prosecute and settle certain of such actions pursuant to the *Order*

*Granting Leave, Standing and Authority to the Official Committee of Unsecured Creditors of*

---

[1] A schedule of the pending actions involving avoidance claims of the Debtors is attached as Exhibit A to the proposed order. The relief requested by this Motion is with respect to all actions involving claims of the Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code – those that have already been commenced and any additional avoidance action commenced hereinafter by the Debtors (collectively, the "Avoidance Actions").

      2

*Lehman Brothers Holdings Inc., et al., to Prosecute and, If Appropriate, Settle Causes of Action on Behalf of Lehman Commercial Paper Inc.*, dated September 15, 2011 [ECF No. 20019].

        2.      Pursuant to the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the Court stayed all Avoidance Actions for nine (9) months (the "Initial Stay").  In addition, the Initial Stay Order extended the Debtors' deadline to effect service on the Avoidance Action Defendants (as defined below) to 180 days after the filing of a complaint, without prejudice to the Debtors' right to seek further extensions.  Pursuant to the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763] (the "Stay Extension Order," and together with the Initial Stay Order, the "Stay Orders"), the Court extended the Initial Stay of all Avoidance Actions for an additional six (6) months (together with the Initial Stay, the "Stay").  The Court also has entered additional orders extending the Debtors' deadline to effect service on the Avoidance Action Defendants (collectively, the "Service Extension Orders")[2] to enable the Debtors, *inter alia*, to complete discovery to obtain information necessary to identify parties and service details in certain of the Avoidance Actions.  The extended service deadlines, in conjunction with the Stay, have proven invaluable, affording the Debtors necessary time conduct discovery so as to obtain critical service information, particularly as to parties in foreign jurisdictions.

---

[2] *Order Granting Extension of Deadline for Service of Certain Avoidance Action Complaints*, dated September 19, 2011 [ECF No. 20119]; *Bridge Order Extending the Deadline for Service of Certain Avoidance Action Complaints*, dated August 19, 2011 [ECF No. 19389]; *Order Granting Extension of Deadline for Service of Avoidance Actions to June 30, 2011*, dated March 3, 2011 [ECF No. 14779]; *Order Granting Extension to Deadline for Service to January 20, 2012, Lehman Brothers Special Financing Inc. v. Bank of America N.A., et al.*, dated December 14, 2011, Adv. Pro. No. 10-03547 (JMP) [ECF No. 203] (the "LBSF Service Extension Order"); *Order Granting Extension to Deadline for Service to December 30, 2011, Lehman Brothers Special Financing Inc. v. Bank of America N.A., et al.*, dated August 18, 2011, Adv. Pro. No. 10-03547 (JMP) [ECF No. 122].

3.      While the Debtors and the Committee have made substantial progress in both consensually resolving Avoidance Actions during the Stay and successfully identifying and effecting service on the majority of defendants to Avoidance Actions (the "Avoidance Action Defendants") during the service extensions, the process has been time consuming and complicated. The Stay and the extension of the Stay have allowed the Debtors to engage in an alternative dispute resolution ("ADR") program that has been enormously successful in resolving sometimes difficult and complex matters that would have otherwise taken a huge amount of time for the Debtors to pursue and the Court to manage. To date, the ADR program has brought more than $1 billion into the estates.

4.      The more recently adopted SPV Derivatives ADR Procedures (as defined below) have been critical to the Debtors' ability to implement ADR in the context of the Avoidance Actions related to special purpose vehicles (each, an "SPV"). Currently, there are over 40 SPV transactions in progress under the SPV Derivatives ADR Procedures. The Stay has offered the Debtors and the Committee an opportunity to reach consensual resolutions with SPV counterparties within the framework of the SPV Derivatives ADR Procedures and otherwise.[3] Indeed, the Debtors and the Committee have reached final settlement with over 60 defendants in connection with the transactions at issue in the Avoidance Actions involving SPV derivative matters, and the Debtors have reached resolution in principle with another 19 defendants, pending final documentation. Much of this success may not have been possible without the Stay. A reasonable and modest extension of the Stay is needed to continue the ADR program with respect to the transactions and counterparties involved in the Avoidance Actions.

---

[3] In addition, the Debtors currently are involved in an several ADR proceedings related to Avoidance Actions under the Affirmative ADR Procedures (as defined below).

5.     Moreover, since the last extension of the Stay in June 2011, the Debtors successfully negotiated the Plan (as defined below), which received the overwhelming support of creditors and was confirmed by the Court on December 6, 2011. The Stay enabled the Debtors to devote the necessary time and effort to negotiation, solicitation and confirmation of the Plan while simultaneously making significant progress in consensually resolving the Avoidance Actions without the cost, burden, and distraction of full-blown litigation. The next several months represent the next critical phase in the Debtors' chapter 11 cases, as the Debtors begin implementation of the Plan. In order to fulfill their fiduciary duties regarding the Avoidance Actions, the Debtors and, as applicable, the Committee require more time to continue negotiating with Avoidance Action Defendants to consensually resolve the multitude of Avoidance Actions that remain pending, as well as to complete service on those Avoidance Action Defendants who remain to be served.

6.     The Debtors and the Committee, therefore, request a further six (6) month extension of the Stay to July 20, 2012 and an extension until the later of March 30, 2012 or the time otherwise prescribed by the Bankruptcy Rules to complete service of the applicable summons and complaint on the Avoidance Action Defendants, and certain related relief. The relief requested will enable the Debtors and the Committee to continue their efforts toward consensually resolving the Avoidance Actions, while avoiding the enormous costs and burdens to all parties and the Court associated with prematurely pursuing active litigation in the Avoidance Actions. If the Stay is not extended, the Debtors and the Committee will be forced to divert their resources from actively pursuing consensual resolutions of the Avoidance Actions to responding to discovery demands, engaging in motion practice and preparing for contested

proceedings and trials.  Not only would wide-scale litigation of the Avoidance Actions at this

juncture drain the Debtors' resources, it would also monopolize the Court's docket.

### Jurisdiction

7.    This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

8.    Prior to the events leading up to these chapter 11 cases, the Debtors were

the fourth largest investment bank in the United States.  For more than 150 years, the Debtors

have been a leader in the global financial markets by serving the financial needs of corporations,

governmental units, institutional clients and individuals worldwide.

9.    The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to section 1015(b) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate

their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

10.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

11.    On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

12.    On September 17, 2009, the Court entered the *Alternative Dispute*

*Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts*

[ECF No. 5207], approving ADR procedures for the Debtors' derivative contracts with recovery

potential (the "Affirmative ADR Procedures"). On March 3, 2011, the Court entered the

*Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under*

*Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No. 14789],

approving ADR procedures (the "SPV Derivatives ADR Procedures," and, together with the

Affirmative ADR Procedures, the "Derivatives ADR Procedures") related to SPVs. Under the

Derivatives ADR Procedures, the Debtors have recovered more than $1 billion dollars for their

estates as a result of 164 ADR settlements with 173 counterparties, all without litigation.

13.    On December 6, 2011, the Court entered an order [ECF No. 23023]

confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings

Inc. and Its Affiliated Debtors (the "Plan"). The effective date under the Plan has not yet

occurred.

## Relief Requested

14.    Pursuant to section 105(a) of the Bankruptcy Code and Rule 4(m) of the

Federal Rules of Civil Procedure, as incorporated and made applicable hereto by Bankruptcy

Rule 7004(a)(1), the Debtors and the Committee request a further six (6) month extension of the

Stay, to July 20, 2012, and an extension until the later of March 30, 2012 or the time otherwise

prescribed by the Bankruptcy Rules to complete service of the applicable summons and

complaint on the Avoidance Action Defendants, each without prejudice to the ability of the

Debtors and the Committee to request further extensions.

## The Court Should Exercise its Discretion and Extend the Stay

15.    The Court has the power to extend the Stay and should exercise its

discretion to do so. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue

any order, process, or judgment that is necessary or appropriate to carry out the provisions of"

the Bankruptcy Code. 11 U.S.C. § 105(a). "[T]he power to stay proceedings is incidental to the

power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S.

248, 254 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998).

Bankruptcy courts have this inherent power. *See Uni-Rty Corp. v. Guangdong Bldg., Inc. (In re*

*Uni-Rty Corp.)*, No. 96 Civ 4573 (DAB), 1998 WL 299941, at *7 (S.D.N.Y. June 9, 1998); *In re*

*Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (court has inherent

power to stay proceedings before it, particularly where stay will promote judicial economy);

*Kistler v. Cleveland (In re Cleveland)*, 353 B.R. 254, 260 (Bankr. E.D. Cal. 2006) (staying

adversary proceeding pursuant to court's inherent power to stay proceedings before it); *Swift v.*

*Bellucci (In re Bellucci)*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) ("a bankruptcy court has the

inherent power to control its docket, including controlling the timing of proceedings on that

docket"). The determination whether a stay of proceedings is appropriate "calls for the exercise

of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299

U.S. at 254-55.

16.     The Avoidance Actions had to be commenced to preserve significant

causes of action and to fulfill the Debtors' and the Committee's fiduciary duties to maximize

value for creditors. Having commenced the Avoidance Actions and preserved their rights, the

Debtors and the Committee have utilized a practical approach to the Avoidance Actions that has

to date minimized (and, in some cases, eliminated) the costs and burdens to all parties that would

be incurred by full-blown litigation of these matters. The Debtors and the Committee have made

substantial progress with respect to the Avoidance Actions during the Stay. The Debtors and the

Committee have pursued amicable resolutions with the Avoidance Action Defendants including

by communicating and negotiating with Avoidance Action Defendants through, among other

things, the exchange of relevant documentation, evaluation of potential defenses, and

consummation of settlements or dismissal of actions. As a result of these efforts, the Debtors, in

consultation with the Committee, have resolved Avoidance Actions, as well as avoidance claims

subject to tolling agreements, with more than 160 parties, including through settlements,

dismissal of complaints, and termination of tolling agreements, without engaging in time-

consuming and costly litigation. Thus, to date, the Stay has promoted judicial economy and

minimized the burdens on the Court from the prosecution of these actions.

17.    The Stay also has permitted the Debtors to employ innovative procedures

as an alternative to litigation to efficiently administer these cases. In approving the Stay

Extension Order, the Court recognized that "the alternative dispute resolution procedures that

have adopted [sic] here have produced remarkable successes." Tr. of Hr'g, June 15, 2011, at

31:10-11.

18.    As discussed above, the SPV Derivatives ADR Procedures have been

critical to the Debtors' ability to implement ADR in the context of the Avoidance Actions related

to SPVs. There are over 40 SPV transactions in progress under the SPV Derivatives ADR

Procedures, and the Debtors and the Committee have reached final settlement with over 60

defendants in connection with the transactions at issue in the Avoidance Actions involving SPV

derivative matters and resolution in principle with another 19 defendants, pending final

documentation. Much of this success may not have been possible without the Stay. The Stay

and the extended service deadlines have enabled the Debtors to identify and serve the appropriate

parties so as to allow the Debtors and the Committee to pursue resolution of these matters, and

the Stay has permitted the Debtors to effect such results without costly and burdensome

litigation. Further extension of the Stay and the service deadlines are critical to continued efforts towards consensual resolutions.

19.    There are currently 18 complaints pending in Avoidance Actions involving trade vendors and loan participants (the "Trade Vendors and Loan Actions"), and the Debtors and the Committee are either engaged in, or are pursuing, settlement discussions with respect to each named defendant. The Debtors and the Committee believe these negotiations are likely to result in a consensual resolution of these matters. Extension of the Stay will provide the Debtors and the Committee with needed breathing room to continue their efforts to pursue such negotiated resolutions.[4]

20.    This Court already has exercised its discretion under section 105(a) of the Bankruptcy Code to manage its docket in these cases and, more importantly, to issue and extend the Stay. In granting the prior extension of the Stay, the Court observed that "there are huge advantages to case administration and having the continuation of the stay" and that "in a case such as this, particularly with competing plans going on at this time, it makes some sense for there to be a prioritization of how people behave in the bankruptcy case." Tr. of Hr'g, June 15, 2011, at 31:8-9, 11-14. The continuation of the Stay will enable the Debtors to continue to focus on negotiation or meditation of the Avoidance Actions without diverting vital resources from those efforts to litigate the Avoidance Actions.

21.    The sheer number and complexity of the Avoidance Actions will require substantial resources. Expiration of the Stay would force the Debtors and the Committee to simultaneously respond to discovery demands, motions to dismiss and other dispositive motions and to participate in contested matters and trials. Absent extension of the Stay, the Debtors and

---

[4] Service has been completed on the defendants in the Trade Vendors and Loan Actions, as well as on the defendants named in an additional complaint regarding the transfer of a dividend payment.

the Committee would be forced to litigate all of the Avoidance Actions at the same time, which

will be costly, burdensome, and time-consuming. Extending the Stay, and providing the Debtors

and the Committee with an opportunity to try to achieve settlements with the Avoidance Action

Defendants, including with respect to potential claim objections that the Debtors could assert

against such parties, is a far better alternative than immediate litigation.

22.     As the Court has noted, the Stay was "designed to benefit the entire

administration of the Lehman cases" and is "beneficial." Tr. of Hr'g, Feb. 16, 2011, at 147:20-

21, 24. Extending the Stay of the Avoidance Actions will allow the Debtors and the Committee

to continue their significant progress in pursuing consensual resolutions of claims – whether by

settlement or dismissal as appropriate – with minimized costs. There has been no prejudice to

the Avoidance Action Defendants from the Stay and other relief requested herein, and such

defendants will suffer no prejudice from an extension of the Stay, as they will not need to expend

time and resources defending the lawsuits. All rights of the parties will be preserved while the

Stay is in effect. Moreover, as has been the case since the issuance of the Stay Orders, the

Avoidance Action Defendants have the right to move the Court for a modification of the Stay for

good cause shown at any time.

23.     Although the Debtors' chapter 11 cases are unprecedented in terms of

their size and complexity, relief similar to the relief granted in the Stay Orders and requested

herein has been granted by this Court in other large chapter 11 cases. *See In re Delphi Corp.*,

Case No. 05-44481 (RDD) (Bankr. S.D.N.Y. Aug. 16, 2007) [ECF No. 9105] (order authorizing

stay of approximately 740 avoidance actions and granting other related relief, including ability to

amend complaints during pendency of stay and extending deadline for service of process); *In re

Enron Corp. et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. May 5, 2004) [ECF No. 18230]

(order issuing 90-day stay of discovery in approximately 1,100 avoidance actions to enable the

debtors to develop procedures for conducting discovery in a coordinated and efficient manner).

        24.     In addition, extension of the Stay promotes the purposes served by the

*Order Pursuant to Section 105 of the Bankruptcy Code and Bankruptcy Rule 9019 Authorizing*

*the Debtors to Implement Procedures for the Settlement of Avoidance Claims*, dated May 18,

2011 [ECF No. 16940] (the "Avoidance Settlement Procedures Order"), including expediting the

resolution of Avoidance Actions and minimizing what could be a considerable burden on the

Court's docket.  The Avoidance Settlement Procedures Order authorizes the Debtors to settle

certain Avoidance Actions (including tolled claims) outside the courtroom and, accordingly,

obviates the need for separate motions under Bankruptcy Rule 9019 for certain settlements.

Without a further extension of the Stay, the impact of the Avoidance Settlement Procedures

Order will be diluted.

        25.     Extending the Stay is in the best interests of the Debtors, their estates and

creditors and should be approved.  For all of the reasons that the Court has authorized Stay

previously, as well as the considerable progress the Debtors and the Committee have made in

initiating ADR proceedings and consensually resolving the Avoidance Actions, the Court should

exercise its discretion here and extend the Stay.

### The Court Should Extend the Deadline for Service of Process

        26.     The Federal Rules of Civil Procedure state that when a plaintiff shows

good cause, "the court must extend the time for service for an appropriate period." FED. R. CIV.

P. 4(m). "In determining whether good cause is shown, a court should consider (1) the

reasonableness and diligence of plaintiff's efforts to serve; and (2) the prejudice to defendants

from the delay." *American Int'l Tel., Inc. v. Mony Travel Serv.*, 203 F.R.D. 95, 97 (S.D.N.Y.

2001). Furthermore, courts readily extend the service deadlines in cases, such as these, that

involve service in foreign jurisdictions. Rule 4(m) of the Federal Rules of Civil Procedure

expressly contemplates that the service deadline may be extended for service outside the United

States. FED. R. CIV. P. 4(m) ("This subdivision (m) does not apply to service in a foreign

country under Rule 4(f) or 4(j)(l)."); *In re South African Apartheid Litigation*, 643 F. Supp. 2d

423, 433 (S.D.N.Y. 2009) ("the 120-day time period for service can be extended for service

outside of the United States") (quotations and citations omitted)).  A significant number of the

Avoidance Action Defendants are located in foreign jurisdictions, making service of process

more difficult and time consuming.

        27.     The Debtors have demonstrated "reasonableness and diligence" in serving

many of the foreign and domestic defendants to date.  The Avoidance Actions are comprised of

three broad categories: (i) derivatives litigation in which the underlying assets have not been

distributed to noteholders (the "Non-Distributed Actions"); (ii) derivatives litigation in which

some or all of the proceeds of the transactions have been distributed to noteholders (the

"Distributed Action"); and (iii) the Trade Vendors and Loan Actions.

        28.     The Non-Distributed Actions involve 233 defendants, service for all of

which has been completed.  The service deadline extensions have been crucial in enabling the

Debtors to obtain the requisite information to effect and complete service on Avoidance Action

Defendants in the Non-Distributed Actions.

        29.     For the Distributed Action, Debtor Lehman Brothers Special Financing,

Inc. ("LBSF") has asserted claims against the noteholders of collateralized debt obligation

transactions as a defendant class action, with 83 noteholder defendants (many of which are

foreign entities), 8 trustee defendants, 48 issuer defendants (43 of which are foreign entities), and

36 co-issuer defendants named as class representatives, and countless unnamed class members.[5]

LBSF has served all of the trustee defendants, the issuer defendants, the co-issuer defendants and

most of the noteholder defendants. Specifically, LBSF has served 71 of the 83 identified

noteholder defendants. Of the remaining noteholder defendants, 8 entities currently are being

served through Requests for Judicial Assistance (Letters Rogatory) in Austria and Taiwan.[6]

        30.     Although LBSF has served a majority of the named defendants, pursuant

to the Court's order of October 25, 2010 granting LBSF's motion for expedited discovery, LBSF

has been and continues to be engaged in the time-consuming, multi-step discovery process

required to identify and/or confirm the identities and addresses of the remaining noteholders who

received the challenged distributions.[7] The discovery received by LBSF to date has provided

valuable information necessary for the completion of service on the named defendants and has

identified approximately 145 members of the putative noteholder defendant class. LBSF expects

to receive further information regarding the names and addresses of currently unknown

noteholders. Without the benefit of the Stay and extended service deadlines, LBSF could not

---

[5] The Stay has been critical in enabling the Debtors to conduct the painstaking discovery required to ascertain the current identity, address and status for each named class member as required to effect service of the amended complaint upon all named class members that received challenged distributions and amend the amended complaint to reflect newly identified class members as appropriate. Absent the Stay, litigation of the Distributed Action may have commenced before the Debtors were able to discover such class members' identities and amend the amended complaint to reflect newly identified class members as appropriate. To date, the Debtors have discovered the identities of approximately 145 class members and believe additional members will be discovered.

[6] The Debtors commenced international service more than nine months ago. LBSF electronically filed Applications for Issuance of International Letters of Request on March 4 and 7, 2011. The Court executed the orders for the Letters of Request for International Judicial Assistance on May 18, 2011. These orders have been translated and are currently being served through the appropriate international channels. LBSF will endeavor to complete service on all remaining foreign defendants by the January 20, 2012 deadline set by the Court in the LBSF Service Extension Order, but the Debtors seek a further extension of such deadline as set forth herein because they have been advised that, as to service on defendants in Austria and Taiwan, completion of service may take another month or so after the January 20, 2012 deadline.

[7] The discovery process is fully described in the *Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), for an Extension of Deadline for Service of Avoidance Actions to June 30, 2011*, dated February 14, 2011 [ECF No. 14487].

continue to engage in the extensive discovery efforts required to (i) more definitely ascertain the group of distributed noteholders to be named as class representatives; (ii) serve process upon all named class representatives and provide notice of the action to as many class members as possible; and (iii) amend the amended complaint as appropriate.

31.    An extension of the service deadline will not prejudice any of the Avoidance Action Defendants. All of the Avoidance Actions are currently stayed pursuant to the Stay Orders, and should the Court grant the instant Motion, the Avoidance Actions will continue to be stayed. Therefore, Avoidance Action Defendants who are served following an extension of the service deadline will be in the same position as those parties who have already been served. Moreover, one of the central purposes of the Stay is to give the Debtors and the Committee an opportunity to pursue amicable resolutions of the Avoidance Actions. The extension of the service deadline will further this purpose by giving the Debtors and the Committee adequate time to contact each Avoidance Action Defendant and initiate discussions regarding resolution.

32.    Finally, because a large number of the Avoidance Action Defendants are located in foreign jurisdictions, as explained above, an extension of the service deadline should be permitted, as contemplated by Rule 4(m) of the Federal Rules of Civil Procedure. Service in foreign jurisdictions is a complicated and time consuming process which justifies the requested extension.

33.    In short, there is good cause to grant the request for an extension of the current service deadline until the later of March 30, 2012 or the time otherwise prescribed by the Bankruptcy Rules.

34.    In addition to the service extensions issued in these cases, similar relief has been granted by this Court in other large chapter 11 cases. *See In re Quebecor World (USA),*

*Inc.*, Case No. 08-10152 (JMP) (Bankr. S.D.N.Y. July 1, 2010) [ECF No. 4039] (order extending

service of process deadline by 60 days with respect to certain avoidance actions); *Id.*, Case No.

08-10152 (JMP) (Bankr. S.D.N.Y. Aug. 26, 2010) [ECF No. 4105] (decision on the record

further extending service of process deadline by 6 months with respect to certain foreign

avoidance action defendants); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr.

S.D.N.Y. Feb 3, 2004) [ECF No. 2524] (order extending service of process deadline by

approximately 120 days with respect to certain preference actions).

### Notice

35.    No trustee has been appointed in these chapter 11 cases.  The Debtors  and

the Committee have served notice of this Motion in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) all parties who have requested notice in

these chapter 11 cases; and (vi) all known and identified Avoidance Action Defendants or their

agents or representatives, except for defendants to Avoidance Actions that have been settled or

dismissed.

### Conclusion

36.    For the reasons set forth herein, the Motion should be granted.  The

proposed scope of the Stay is (i) balanced and fair, (ii) does not modify the substantive rights of

any of the Avoidance Action Defendants, and (iii) promotes settlements at minimal costs to the

estates as well as the Avoidance Action Defendants.  In addition, an extension of the service

deadline will further this purpose by giving the Debtors and the Committee adequate time to

serve and contact each defendant and initiate discussions regarding resolution.

WHEREFORE the Debtors and the Committee respectfully request that the Court

grant the relief requested herein and such other and further relief as is just.

Dated: December 22, 2011
New York, New York

/s/ Jacqueline Marcus
Richard W. Slack
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession


/s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000

-and-

David S. Cohen
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone:  (202) 835-7500

Attorneys for the Official Committee
of Unsecured Creditors of the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                           :        Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :        08-13555 (JMP)
:
                              Debtors.           :        (Jointly Administered)
:
:
:
-----------------------------------------------------------------x

## ORDER EXTENDING STAY OF AVOIDANCE ACTIONS AND GRANTING CERTAIN RELATED RELIEF PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 7004(a)(1)

Upon the motion, dated December 22, 2011 (the "Motion"),[1] of Lehman Brothers

Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors in possession (together, the "Debtors") and the Official Committee of Unsecured

Creditors of the Debtors (the "Committee"), pursuant to section 105(a) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 4(m) of the Federal Rules of Civil Procedures, as

incorporated and made applicable hereto by Rule 7004(a)(1) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), to extend the stay for each of the adversary proceedings

identified on Exhibit A hereto and any other avoidance actions that may be commenced by the

Debtors under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code

(collectively, the "Avoidance Actions") and to grant certain related relief, all as more fully

described in the Motion; and the Court having jurisdiction to consider the Motion and the relief

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered

the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section*

*105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF

No. 12199] (the "Initial Stay Order") and the *Order Extending the Stay of Avoidance Actions and*

*Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and*

*Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763] (the "Stay Extension Order,"

and together with the Initial Stay Order, the "Stay Orders"); and due and proper notice of the

Motion having been provided in accordance with the procedures set forth in the amended order

entered June 17, 2010 governing case management and administrative procedures [ECF No.

9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) all parties who have requested notice in these chapter 11 cases; and

(vi) each of the known and identified defendants to the Avoidance Actions or their agents or

representatives (the "Avoidance Action Defendants"), except for defendants to Avoidance

Actions that have been settled or dismissed, and it appearing that no other or further notice need

be provided; and a hearing having been held to consider the relief requested in the Motion; and

the Court having found and determined that the relief sought in the Motion is in the best interests

of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Stay imposed by the Stay Orders is hereby extended for a period of six (6) months to July 20, 2012, without prejudice to the ability of the Debtors and the Committee to request further extensions; and it is further

ORDERED that the Debtors and the Committee shall have until the later of March 30, 2012 or the time otherwise prescribed by the Bankruptcy Rules to complete service of the applicable summons and complaint on each of the Avoidance Action Defendants, without prejudice to the ability of the Debtors and the Committee to request further extensions; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January __, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

## (Schedule of Pending Avoidance Actions)

| Adversary Proceeding No. | Adversary Proceeding |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al.* |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al.* |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al.* |
| 10-03546 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al.* |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al.* |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al.* |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03565 (JMP) | Lehman Brothers Holdings Inc. v. Georgeson Inc. |
| 10-03566 (JMP) | Lehman Brothers Holdings Inc. v. Hypotheca Capita LLC |
| 10-03574 (JMP) | Lehman Brothers Holdings Inc. v. Ana-Data Consulting Inc. |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03607 (JMP) | Lehman Brothers Holdings Inc. v. Interface Cable Assemblies & Services Corporation |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al.* |
| 10-03810 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York, *et al.* |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 10-03830 (JMP) | Lehman Commercial Paper Inc. v. Confluent V Limited and AXA Investment Managers Paris S.A. |

| Adversary Proceeding No. | Adversary Proceeding |
|---|---|
| 10-03831 (JMP) | Lehman Commercial Paper Inc. v. BlueBay Asset Management Plc, *et al*. |
| 10-03832 (JMP) | Lehman Commercial Paper Inc. v. Adagio III CLO PLC and AXA Investment Managers Paris S.A. |
| 10-03833 (JMP) | Lehman Commercial Paper Inc. v. Matignon Derivatives Loans and AXA Investment Managers Paris S.A. |
| 11-01623 (JMP) | Lehman Brothers Holdings Inc. v. Perficient, Inc. |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 11-01697 (JMP) | Lehman Commercial Paper Inc. v. Sark Master Fund Limited |