January 9, 2012

<u>TO:</u>

The Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, New York 10004

Attorneys for the Debtors
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
**Attn:** Robert J. Lemons, Esq. and Mark Bernstein, Esq.

The Office of the US Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, New York 10004
**Attn:** Tracy Hope Davis, Esq., Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.

Attorneys for the official Committee of Unsecured Creditors
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, New York 10005
**Attn:** Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.

<u>FROM:</u>

Lauren W. Ashwell
377 Rector Place Apt. 14C
New York, New York 10280



<u>RE: Case Number 08-13555 (JMP) Omnibus Objection 238, Claim # 67726</u>

I object to the Debtors' Two Hundred Thirty-Eighth Omnibus Objection which seeks to disallow and expunge my claim #67726.

What follows are background, rationale and documentation for my objection.

### Background

I was an employee of Lehman Brothers from 2002 until my position was eliminated on September 9, 2008 along with most of the positions on our team. My position was as a Senior Vice President in the Talent Management team, part of the Human Resources Division.

On September 11, 2008 I signed and submitted to Human Resources my acceptance of the terms of my separation agreement. Judging by the letterhead and language used in the document, that agreement was with Lehman Brothers, Inc.

Under the terms of my separation agreement, I was to remain an active employee through September 23, 2008.

I received my final paycheck from Lehman Brothers, Inc. on September 19, 2008.

On September 30, 2008 a memo from Lehman Brothers Holding Inc. notified me that "… Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement."

My claim is for 13 weeks of severance pay and two weeks unused vacation pay. Using the weekly salary on my last pay stub, the amount owed would be $115,384.65 ($7,692.31 X 15wks).

Please note that this is less than the figure indicated on the Debtors' objection.

### Rationale for my objection to the Debtors' Two Hundred Thirty-Eighth Omnibus Objection which seeks to disallow and expunge my claim #67726

I understand that Bankruptcy law is guided by equity (defined as fairness).

It would be unfair to deny my claim for the following reasons:

- Severance and vacation pay are conditions of employment which I earned over my six years at Lehman Brothers.

- I do not believe any of my colleagues' claims have been objected to.

- Throughout this process my intent has been consistent: to get only what is owed me. This desire to "play fair" myself made me question whether I had a claim in the LBI or the LBHI case. I did not want to "double dip". So it did not make sense to me to submit a claim in both cases. Daniel Lubbell was introduced as the contact for employees at the first meeting for creditors in January 2009. As you know, he is counsel on the LBI case. I came to the conclusion that it was right for me to submit my claim to LBI.

- I am now pursuing this LBHI claim because I understand there can be no guarantee that my claim will be honored by LBI. So I do not want to risk losing any chance to get what is owed me. I assume that if LBHI honors my claim, my LBI claim will go away. Again, I only want what is

owed me.  (The exact figure of what is owed is unclear to me. As stated above, my understanding of what is owed me is less than what is stated on the Debtors' objection.)

- My following statement is undoubtedly obvious....Because I am not a lawyer, I found the process confusing, and that led to missteps on my part.  However, each time I realized I had made a mistake, I took steps to try to correct it and get back on track to get what is owed me.

- A logical question to ask is:  why didn't I retain a lawyer?  The reason is that I do not want to pay more in legal fees than I would get back for my claim.  (My concern is based on my experience trying to execute the sale of my Lehman stock. By the time I decided to sell, it would have cost more in administrative fees to execute the sale than the stock was worth. You don't forget a lesson like that.)

In summary, I do not dispute that I failed to submit a claim to LBHI by the designated deadline. However, because bankruptcy law is guided by equity/fairness I believe the Court should uphold my claim as valid, taking into consideration the factors I have noted and which are detailed in accompanying documentation.

I look forward to having the chance to discuss this further at the hearing on January 26, 2009.  If in the meantime, any other information is needed, please contact me.

Thank you.

Lauren W. Ashwell

**Contact Information**

- Email:  lwashwell@aol.com
- Office:  212-786-1914
- Mobile: 917-287-8430

# Lehman Severance Claim – Timeline

This timeline shows chronology of events and notes the 15 documents that follow.  [Note: LWA refers to Lauren W. Ashwell]

| Date | Event | LWA Action | Documentation |
|---|---|---|---|
| September 9, 2008 | Talent Management Position eliminated | LWA met with HR rep and received details of severance package | 1. Appendix A: Selection of Positions to be Eliminated<br><br>2. Severance Package |
| September 11, 2008 | Severance Agreement Signed and Submitted. *NOTE: Agreement is from LBI* | | See #2 - signature page of Severance Package *NOTE: Agreement is from LBI* |
| September 15, 2008 | Jack Petersen memo stating that "...the assets in your employee client accounts remain safe." | | 3. 9/15/08 Jack Petersen Memo |
| September 16, 2008 | Dick Fuld memo announcing agreement with Barclays Capital | | 4. 9/16/08 "Lehman Brothers" Dick Fuld Memo |
| September 30, 2008 | Notified Severance would not be honored. *NOTE: memo is on LBHI letterhead* | | 5. 9/30/08Memo *NOTE: memo is on LBHI letterhead* |
| January 2009 | Creditor Meeting at Marriott Financial | LWA attended; ;met Dan Lubbell of Hughes Hubbard | Notes from meeting; Dan's card *(not included in this package)* |
| January 7, 2009 | | LWA submitted LBI claim | 6. LBI Claim form |

| Date | Event | LWA Action | Documentation |
|---|---|---|---|
| April 30, 2009 | Receive document regarding my "customer" claim | LWA realizes claim form submitted was incorrect | 7. LBI Claims Processing request for supplemental info on customer claim |
| May 2009 | | LWA corresponds with contacts at Hughes Hubbard to try to resolve status of claim | 8. 5/22/09 emails |
| May 27, 2009 | | LWA sends Epiq letter clarifying my claim is as an employee, not a client | 9. 5/27 Letter |
| June 26, 2009 | Received notice from Epiq Trustee that customer claim is denied and that my claim is reclassified to "general creditor claim" | | |
| June or July 2009 | Receive docs regarding LBHI claims | LWA does not take action, understanding my claim is covered in LBI | See May 27 above |
| September 23, 2009 | | Email to Hughes Hubbard – Did I make an error to ignore Epic claims forms?<br><br>Phone call          with Joe LoPicolo who confirmed I am in LBI group. Follow up with LBHI (?) – Determine I am covered in LBI | 10. 9/23/09 Email |

| Date | Event | LWA Action | Documentation |
|---|---|---|---|
| October 21, 2011 | Receive letter from LBHI re voting for plan by Nov 4 – but no ballot is included | LWA calls Dan Lubell; follows up with email (cc Joe Lopiccolo) again to try to figure out if my claim is with LBI and/or LBHI | 11. Email |
| October 26, 2011 | LWA receives response from Dan Lubell | | Same Email (#11) |
| October 31, November 2, November 4, 2011 | | LWA calls Weil Gotschal for information, gets message and leaves voice mail; last voice mail left with Andrew Lyon | Notes *(not included in this package)* |
| November 3, 2011 | | LWA drafts letter to Weil Gotschal (cc Epiq) to try to confirm if I have a claim in LBHI case.<br><br>Decide not to deliver it – opting to try again to speak with a person instead. | 12. Draft letter dated Nov 4, 2011 |

| Date | Event | LWA Action | Documentation |
|---|---|---|---|
| November 4, 2011 | | LWA speaks with Emma at Epiq who says I may have a claim with non-voting status for LBHI; she will have someone call me back.<br><br>LWA speaks with Linda in Judge Peck's chambers. Linda refers me to Garrett Fail at Weil.<br><br>LWA speaks with Garrett Fail who says I may have to file late claim for LBHI. Refers me to Evan Fleck at Milbank Tweed Creditor Committee and site for accessing claim forms.<br><br>LWA leaves message and contact info with Evan Fleck's assistant. | Notes *(not included in this package)* |
| November 7, 2011 | | LWA calls Evan Fleck's office again and is referred to Brad Friedman.  Left message and contact information with Friedman's assistant. | |
| November 8, 2011 | Hear back from Epiq: Stephanie Kjontvedi | | 13. Nov 8, '11 Email with contact info |

| Date | Event | LWA Action | Documentation |
|---|---|---|---|
| November 9. 2011 | | LWA speaks with Stephanie Kjontvedi. She works on voting only. Refers me to lehman@epiqsystems.com for find out status of claims<br><br>LWA sends email to Epiq. LWA receives responses from and communicates with Lauren Rodriguez (Case Manager) regarding LBHI and with Bridget Gallerie (Director, Client Services) regarding LBI. | 14. Nov. 9, 2011 Email to Epiq |
| November 14, 2011 | | LWA sends two packages by overnight mail:<br>Form and documentation to original LBI claim; and Form and documentation for LBHI claim | *Not included in this package – Assume you have this material* |
| December 12, 2011 | Receive document stating that LBHI claim is being objected to. | LWA begins process of trying to figure out what to do next... Conversations with friends and colleagues. | *Not included in this package – Assume you have this material* |
| December 20, 2011 | Receive letter from Jones & Associates offering to "pay immediate cash" for disputed LBHI claim | LWA interprets this as "predatory" and ignores. This is discouraging. | 15. 12/20/11 Letter from Jones & Associates |
| January 3, 2012 | | LWA speaks with Myra in Brad Friedman's office. Brad out until | Notes *(not included in this package)* |

| | | | |
|---|---|---|---|
| | | Jan 9. Myra will have someone else call me. Matt Kanter calls me. Matt refers me to Erin Eckols.<br><br>LWA leaves message with Erin Eckols' assistant Kathy. | |
| January 4, 2012 | | LWA leaves message with Erin Eckols' assistant Kathy. | Notes *(not included in this package)* |
| January 5, 2012 | | LWA leaves message with another assistant in Erin Eckols' office (Gwen?)<br><br>Erin Eckols and Matthias Kleinsasser call LWA. Phone conversation confirms that if I don't object, LBHI claim will be expunged. Also, LBHI and LBI are separate.<br><br>LWA follows with email to Dan Lubbell asking about LBI claim status.<br><br>Dan's colleague Yusef Windham follows up re LBI claim status. | <br><br><br><br><br><br><br>16. 1/5/12 Email<br><br><br>1/5/12 Email (same as #16 above) |
| January 6, 2012 | | Email to Bridget at Epiq to confirm status of LBI claim. | 17. 1/6/12 Email |

## APPENDIX A

Lehman Brothers (the "Firm") is undertaking efforts to restructure and/or reorganize various functions in order to operate our business more effectively and efficiently. As a result, the Firm is eliminating a number of positions and making other staffing changes that it believes will advance these efforts (the "Workforce Exercise"). In connection with this Workforce Exercise, separation payments and other consideration recited in the Agreement and Release (to which this Appendix A is incorporated) are being offered to you and other selected employees who are being terminated (or are being notified of their termination) on or about September 9, 2008, in connection with a September 2008 separation program (the "Program") resulting from the Workforce Exercise.

The Firm further informs you of the following:

1.    The class, unit or group of individuals eligible to be selected for the Program is: Talent Management.

2.    Decisions as to who would be selected for this Program (and thus eligible for the benefits described in the Agreement and Release) were made based on factors including (without limitation) the nature, scope, and costs of roles within the organization and, in some cases, the relative skills, experience, abilities, and contributions of individuals within such roles, as mapped to market opportunities, business needs, and positions in the restructured organization.

3.    Selected eligible employees are being offered consideration for signing an Agreement and Release that releases any claims they may have against the Firm. To receive this consideration, selected eligible employees must execute this binding Agreement and Release.

4.    Attached as Appendix A-1 is a listing of the ages and job titles, as of September 4, 2008, of all employees in Talent Management selected and not selected for the Program.

Talent Management

| LB Job Title Nm | Age | Selected |
|---|---|---|
| Training Manager | 57 | Y |
| Program Manager | 33 | Y |
| Manager - HR Prog/Development | 45 | Y |
| Manager | 48 | Y |
| Manager | 40 | Y |
| HR Analyst | 30 | N |
| Project Manager | 34 | Y |
| Program Manager | 28 | Y |
| Training Manager | 54 | Y |
| Program Manager | 41 | N |
| Program Manager | 25 | Y |
| Program Manager | 27 | Y |
| Program Manager | 26 | Y |
| Program Manager | 29 | Y |
| Training Manager | 51 | Y |
| Training Coordinator | 26 | Y |
| Manager | 46 | Y |
| HR Analyst | 23 | Y |
| Training Manager | 42 | Y |
| Program Manager | 32 | Y |
| HR Associate | 32 | Y |
| HR Analyst | 23 | Y |
| Manager | 38 | Y |
| Training Manager | 55 | Y |
| Program Manager | 24 | N |
| HR Associate | 26 | N |
| Administrative Assistant | 26 | Y |
| Training Manager | 38 | Y |
| Admin Coordinator | 31 | N |
| HR Specialist | 35 | Y |
| Project Manager | 28 | Y |
| Manager | 34 | N |

# LEHMAN BROTHERS

②

SUSAN FALBE
SENIOR VICE PRESIDENT

September 9, 2008

Lauren Ashwell
By Hand

Dear Lauren:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

## Effective Dates, Payments and Benefits

1.  September 23, 2008 will be the last day that you are expected to report to work.

2.  Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of February 21, 2009 or the date on which you become actively employed with another firm (the "separation date"), as follows:

    a.  You will continue to remain an active employee through September 23, 2008 (the "working notice period"), provided you adhere to all policies, procedures and other requirements applicable to your employment, including meeting performance, attendance and compliance standards as evaluated by Firm management. For your employment during this working notice period, you will continue to receive your current base salary and benefits coverage.

    b.  Immediately after you complete the working notice period, you will no longer be required to report to work but will be eligible to receive your current base salary and benefits continuation through November 8, 2008 (the "notice period").

    c.  Immediately after the notice period and in lieu of a lump sum separation payment consisting of 13 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through February 21, 2009.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3.  Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call Sasha Hohri at (866) 949-3325.

4.  You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

Lauren Ashwell
page 2

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

Lauren Ashwell
page 3

## Firm Property; Confidential Information

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned, received, or developed while an employee of Lehman is and shall remain the exclusive property of Lehman. You agree that you will not, without Lehman's express written consent, (1) disclose any of Lehman's confidential or proprietary information to any entities or individuals outside of Lehman, including to any competitors, the media, or other third parties, or (2) use such information for your own personal benefit or for the benefit of any individual or entity other than Lehman. You further agree to return to Lehman any and all Lehman property that you possess, including Lehman confidential or proprietary information, within one week after your last day of active employment.

## Registration

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

## Disparaging Remarks

You agree not to make any remarks now or at any time in the future to any third party, including to a client, a competitor, or the media, that could be detrimental in any way to Lehman or to individual directors or employees of Lehman. This does not restrict your ability to respond to any inquiry that you may receive from applicable regulatory authorities or to disclose information pursuant to subpoena or legal process.

## Future Cooperation

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

## Arbitration

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

## Consultation with Attorney

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

Lauren Ashwell
page 4

## Separation Booklet

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

## Employment Inquiries

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

## Entire Agreement

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

## Successorship; Controlling Law

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

## Separation Program

You acknowledge that the separation payments and benefits recited in this agreement are being offered to you as part of a separation program (the 'Program') offered to certain employees whose employment is being terminated. The Program is described in Appendix A, which is attached to this agreement. The provisions of Appendix A are incorporated into this agreement and considered a part of this agreement.

## Period for Review and Consideration of Agreement

You have been given a period of forty-five (45) days from the date of this letter to review and consider this agreement before signing it. Please return this document to Karen Coviello in one of the following ways:

| | |
|---|---|
| By Mail: | 1271 Avenue of the Americas New York, NY 10020 |
| or by Fax: | 212-520-0272 |
| or by E-Mail: | karen.coviello@lehman.com |

Lauren Ashwell
page 5

You may use as much of this of forty-five (45) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**Employee's Rights to Revoke Agreement**

You may revoke this agreement within seven (7) days of your signing it. Revocation can be made by delivering a written notice of revocation to Karen Coviello at the address noted above. If you revoke this agreement it shall not be effective or enforceable and you will not receive the payments described in this agreement.

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

Susan Falbe

Lauren Ashwell

9 / 11 / 08
Date

Ashwell, Lauren

| | |
|---|---|
| **From:** | Petersen, Jack |
| **Sent:** | Monday, September 15, 2008 11:41 AM |
| **Subject:** | For Employee Clients of PIM |
| | |
| **Attachments:** | PBrush; Picture (Metafile) |

# LEHMAN BROTHERS

JACK PETERSEN

MANAGING DIRECTOR

GLOBAL HEAD OF PRIVATE INVESTMENT MANAGEMENT

September 15, 2008

Dear Colleague,

Today the parent company of Lehman Brothers, Lehman Brothers Holdings Inc. ("LBHI"), filed for bankruptcy. Lehman Brothers Private Investment Management, part of the Investment Management Division, is not subject to these proceedings. We can reassure you that as our client, the assets in your employee client accounts remain safe.

While we are all deeply saddened by this event, we have been and continue to be totally focused on protecting your interests as an employee client and colleague. We continue to operate business as usual, and are fully staffed and ready to handle your immediate needs.

You undoubtedly have questions about what this means for you and we are anxious to answer them. In the meantime, please consider the following important points:

- Your fully-paid-for securities are segregated from assets of Lehman Brothers and are not available to general creditors of Lehman Brothers;

- With respect to those for whom we custody assets, you have free and unhampered access to these assets;

- It is our intent to implement a bulk transfer of assets custodied at Lehman Brothers to a new, unaffiliated service provider. As would normally be the case, we expect this process to take several weeks.

The senior leaders of IMD remain focused on actively pursuing a transaction involving IMD as previously announced in the Lehman Brothers press release last Wednesday. We are hoping to announce this transaction within a very short period of time. In this scenario, IMD, with over 3,000 people, more than $270 billion of assets under management, and outstanding global investment management capabilities, would become a separately capitalized autonomous company.

Please be assured that during these challenging times, we remain focused on serving your best interests. We will stay in close communication with you as we move forward. If you have any questions, please do not hesitate to call the Partnership Investment Team at 212-526-4848.

1



**Ashwell, Lauren**

| | |
|---|---|
| **From:** | Dear Colleague |
| **Sent:** | Tuesday, September 16, 2008 9:47 PM |
| **Subject:** | Message from Dick Fuld |

# LEHMAN BROTHERS

RICHARD S. FULD, JR.
CHAIRMAN AND CHIEF EXECUTIVE OFFICER

September 16, 2008

*For internal use only. Do not redistribute.*

Dear Colleague,

Since the beginning of the credit crisis just over a year ago, we have all worked tirelessly to ensure the continued success of our venerable Firm. That has come with a great many difficult decisions. We have cut expenses, shut businesses and parted ways with thousands of our colleagues. You have all fought for our Firm, every single day, and for this I cannot thank you enough.

Today, we are announcing an agreement with Barclays Capital – the investment banking business of Barclays Bank – to acquire substantially all of our North American investment banking, fixed income and equities sales, trading and research businesses and hopefully, in the near term, parts of our European and Asian operations as well. This transaction will create a global financial powerhouse that will capitalize on the strength and quality of our franchise.

The past several months have been extraordinarily challenging, culminating in our bankruptcy filing on Monday. For some of you, the Firm has been your home for decades — for others, less than a year. For all of us, it has been far more than a place of employment; it has been a source of pride. This combination with Barclays though allows us to preserve and extend the world-class business that we have spent so many years building; it is clearly the best possible outcome. I know that this has been very painful on all of you, both personally and financially. For this, I feel horrible. Your steadfast determination, dedication and loyalty to this Firm and to each other epitomize the best of Lehman Brothers and our culture.

Thank you for that dedication, commitment and loyalty.

Sincerely,

# LEHMAN BROTHERS HOLDINGS INC.

September 30, 2008

Dear Ms. Ashwell:

We are disappointed to inform you that as a result of the bankruptcy of Lehman Brothers Holdings Inc. and the placement of Lehman Brothers Inc. into a liquidation proceeding under the Securities Investor Protection Act (SIPA), Lehman Brothers is unfortunately no longer able to provide the salary continuation or other payments described in your separation agreement. As a result, you will not receive a payment on October 3, 2008 or thereafter.

You may continue to be covered under any current medical, dental and/or vision benefits through the end of your original salary continuation date as set out in your separation agreement. Because you will no longer receive salary continuation payments from which your employee contributions for these benefits can be deducted, you will be billed monthly for these costs. An invoice will be mailed to your home with instructions on how and when to return your payment. Your current coverage is in effect and will remain in place subject to timely payment of your contributions.

The cost to you for medical, dental and/or vision coverage will remain the same through December 2008 but may increase in the future. As of your termination date, you may be eligible to continue these benefits for up to 18 months under COBRA.

For other voluntary benefits you may be covered under, you will receive a mailing directly from the insurance carrier to continue your coverage on a direct bill basis (for example, MetLife Auto & Home, Mass Mutual Group Variable Universal Life Insurance, Hyatt Legal).

As a matter of federal law, the assets of the Lehman Brothers Savings Plan (401(k) plan) and Lehman Brothers Holdings Inc. Retirement Plan (pension plan) are protected from the claims of Lehman Brothers' creditors. Information about these entitlements is available through Fidelity NetBenefits at www.netbenefits.fidelity.com or by calling 1-866-534-6266.

If you are owed additional severance payments that cannot be paid at this time as a result of the various Lehman bankruptcy proceedings, you will have claims for these amounts that can be filed as part of the bankruptcy process. At some point in the future, you will be receiving notification of the procedures for the filing of claims and the date by which the claims must be filed. A deadline for filing claims has not yet been set.

Also, if you have not yet done so, you may wish to apply for unemployment insurance benefits in your state. Information about applying for unemployment benefits is enclosed.

We recognize that this is difficult news and that you may have questions about this situation. Please call the Lehman Brothers HR Service Center at 212.526.2363. They can answer your questions or direct your call to someone who can.

Very truly yours,

LEHMAN BROTHERS HOLDINGS INC.

*This was mistake — did not get employee claim form confirmation*

## CUSTOMER CLAIM FORM LEHMAN BROTHERS INC. FILING CONFIRMATION

Your customer claim form in the SIPA liquidation of Lehman Brothers Inc. was successfully filed on 1/7/2009 6:00 AM. Please print this page as proof of your filing.

| Claim Number | | |
|---|---|---|
| 800000791 | | |
| **First Name** | **Middle Initial** | **Last Name** |
| | | |
| **Business Name** | | **Representative Name** |
| ASHWELL, LAUREN WRIGHT | | |
| **Mailing Address** | | |
| 377 RECTOR PLACE | | |
| **City** | **State** | **Zip Code** |
| NEW YORK | NY | 10280 |

### Item 1

| | |
|---|---|
| LBI owes me a credit or cash in the amount of: | SEVERANCE (13 WKS) |
| 115384.6500 ← | VACATION PAY (2 WKS) |
| I owe LBI a debit or cash in the amount of: | $7692.31 |
| 0.0000 | × 15 |
| Debit balance to be paid: | $115,384.65    TOTAL OWED |
| 0.0000 | |

### Item 2

| |
|---|
| LBI owes me securities: |
| No |
| I owe LBI securities: |
| No |

### Item 3

| | |
|---|---|
| claim based on a commodity futures account:<br>No | |
| Amount of Claim:<br>$0.00 | |
| Basis for Claim: | |
| Claim has been estimated: | |

## Item 4 - 11

| | |
|---|---|
| 4. Does your claim in any way relate to an entity other than Lehman Brothers Inc. (for example, Lehman Brothers Holdings Inc., or another Lehman subsidiary)? | No |
| 5. Has there been any change in your account since September 19, 2008? | No |
| 6. Are you or were you a party to a repurchase or reverse repurchase agreement, director, officer, partner, shareholder, lender to, or capital contributor of LBI? | No |
| 7. Are you related to, or do you have any business venture with, any of the persons specified in "6" above, or any employee or other person associated in any way with LBI? If so, give name(s). | No |
| 8. Are or were you a person who, directly or indirectly and through agreement or otherwise, exercised or had the power to exercise a controlling influence over the management or policies of LBI? | No |
| 9. Is this claim being filed on behalf of a customer of a broker or dealer or bank? If so, provide documentation with respect to each customer on whose behalf you are claiming. | No |
| 10. Have you ever given any discretionary authority to any person to execute securities transactions with or through LBI on your behalf? Give names, addresses and phone numbers. | No |
| 11. Have you or any member of your family ever filed a claim under the Securities Investor Protection Act of 1970? If so, give name of that broker. | No |

## Preparer and Signature Information

| |
|---|
| Full Name: |
| Address (line 1): |
| Address (line 2): |
| City: |

| State/Province: |
| :--- |
| Country: |
| Postal Code: |
| Phone Number: |
| Email Address: |

**Lehman Brothers Inc. Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor
New York, NY 10017

*In re* **Lehman Brothers Inc.**

Case No. 08-1420 (JMP) SIPA

**REQUEST FOR SUPPLEMENTAL INFORMATION**

April 30, 2009

ASHWELL, LAUREN WRIGHT
377 RECTOR PLACE
APARTMENT 14C
NEW YORK, NY 10280

Re: Claim Number(s):    800000791

Dear Claimant:

### PLEASE READ THIS NOTICE CAREFULLY

The liquidation of the business of Lehman Brothers Inc. ("LBI") is being conducted under the above-referenced case number by James W. Giddens, Trustee, pursuant to an Order entered on September 19, 2008 by the United States District Court for the Southern District of New York. We acknowledge receipt of the above-referenced claim(s) in this proceeding (the "Claim").

We have begun processing your Claim, but require the following information and/or documentation in order to continue processing your Claim:

1. **Each LBI account number that relates to your Claim;**

2. **For each LBI account number, the following:**

   a. **The Social Security Number and/or Tax Identification Number(s) related to the claimed account;**

   b. **A copy of your last LBI account statement or any documents to indicate that you held an account at LBI; and**

3. **Copies of all correspondence you had with LBI and/or any of its representatives or affiliates related to your Claim.**

1

Please return a copy of this letter with the requested information via certified mail, return receipt requested to:

> Lehman Brothers Inc. Claims Processing
> c/o Epiq Bankruptcy Solutions, LLC
> 757 Third Avenue, 3rd Floor
> New York, NY 10017

If you are unable to provide the requested information and/or documentation, please provide a brief written explanation. <u>We request your response within (30) thirty days from the date of this letter, or your Claim may be denied</u>. We reserve the right to seek additional information and/or documentation in order to complete processing your Claim. Thank you for your cooperation.

Very truly yours,


LBI Claims Processing

2

**From:** LoPiccolo, Joseph <lopiccol@HughesHubbard.COM>
    **To:** Lubell, Daniel S. <lubell@hugheshubbard.com>; Lauren W. Ashwell <lwashwell@aol.com>
**Subject:** RE: Help?
    **Date:** Fri, 22 May 2009 1:48 pm

That is exactly right, Dan. Lauren, just explain why you can't provide the information requested and submit all documentation that supports your claim for severance. If you would like to discuss, I can give you a call.

Thanks,

Joe

**Joseph LoPiccolo**
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004
T: 212-837-6733
F: 212-422-4726
lopiccol@hugheshubbard.com

---

**From:** Lubell, Daniel S.
**Sent:** Friday, May 22, 2009 1:36 PM
**To:** Lauren W. Ashwell
**Cc:** LoPiccolo, Joseph
**Subject:** RE: Help?

   Joe LoPiccolo can help you with the claims process. He can correct me if I am wrong, but you can just send in a note stating that my claim is for severance as a former LBI employee, Accordingly, the account information requested is not applicable to my claim. Attached are documents supporturing my claim for severance, attaching whatever you have that is relevant. Hope this helps

```
Daniel S. Lubell
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
lubell@hugheshubbard.com
www.hugheshubbard.com
phone: 212-837-6892
fax: 212-422-4726
```

---

**From:** Lauren W. Ashwell [mailto:lwashwell@aol.com]
**Sent:** Friday, May 22, 2009 1:20 PM
**To:** Lubell, Daniel S.
**Subject:** Help?

Dan,

I just left you a voice mail with this message.

I am one of the Lehman employees whose jobs were eliminated a few days prior to the bankruptcy. I was denied severance, so am now claiming the amount of that package. My claim number is: 800000791.

You gave me your card at the meeting for claimants that was held at the Marriott downtown earlier this year. Several ex-employees were asking you questions, because the focus of the meeting was on customers - not employees. You kindly offered to help if we had questions down the road.

I am asking for your help now because I have questions regarding a letter I received from Epiq Bankruptcy Solutions dated April 30th requesting information required to continue processing my claim.  I have not gotten a response to calls I put in to the Associate who is my point person and do not want to risk missing your deadline- 30 days from April 30th. Could you help me or direct me to someone who can answer my questions?

**Questions:**

I am asked to submit each LBI account number that relates to my Claim.  And, for each LBI account number, SSN and/or Tax ID # as well as copy of LBI account statement or any documents that show I held an account at LBI. As an employee, I do not believe I had an account at LBI. - My claim is for my severance package. **Is this request relevant? Can I ignore it?**

I am also asked to submit copies of all correspondence I had with LBI related to my claim. **Do you need my severance package and the correspondence that was sent to all affected employees?**

**My general question is:  Am I in your records as an ex-employee? (I infer from receiving this request that I may be listed as a customer.)**

Thanks in advance for any help you can give me.

Regards,
Lauren


Lauren W. Ashwell
212-786-1914
917-287-8430 (cell)


**************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
**************************************************************

May 27, 2009

Lehman Brothers Inc. Claims Processing

c/o Epiq Bankruptcy Solutions, LLC

757 Third Avenue, 3rd Floor

NYC, NY 10017

Re: Claim Number 800000791

In response to your April 30, 2009 letter….

My claim is for severance as a former LBI employee. Accordingly, the account information requested is not applicable to my claim. Attached are documents supporting my claim for severance.

Please let me know if you need anything else from me at this point.

Thank you.

Lauren Wright Ashwell

377 Rector Place, apt 14C

NYC, NY 10280

(10)

From: Lauren W. Ashwell <lwashwell@aol.com>
To: parris@hugheshubbard.com
Cc: lopiccol@HughesHubbard.com ——→ *Joe called me back —*
*I am in LBI*
Subject: Claim Number 800000791
Date: Wed, Sep 23, 2009 8:31 am

*i BH! Do I need to be in LBI Holding?*

Colette,

*call → DID NOT FILE THERE — JUST W/ LBI*

I am contacting you because I believe you are my point person (per your voice mails).

Back in late May, I had a very helpful email exchange with Dan Lubell and Joe LoPiccolo. They helped me clarify with Epiq that I was not a customer of Lehman Brothers, rather I was an employee of Lehman Brothers. On May 27, 2009 following their advice, I submitted documents supporting my claim for severance along with a note clarifying I am not a customer.

On June 26, 2009 I received a notice from the Trustee for Epiq, that my claim as a customer was denied. (Again, fine with me, I never sought relief as a customer.) However the letter stated that my claim was converted to a "general creditor claim".

Shortly after that, I received 4 envelopes from Epiq with claims forms with a deadline of Sept 22, 2009. I ignored them because I believed my claim was already established (as of May 27) and no more information was needed from me.

Now (a day past the deadline, unfortunately) I am second-guessing myself. Have I made an error?

Obviously, I do not want to jeopardize my claim for severance. Please advise.

Thank you.
Lauren

Lauren W. Ashwell
212-786-1914
917-287-8430 (cell)

RE: Claim Number 800000791

*(handwritten)* In Leh folder
*(handwritten)* thanked him  10/26
*(handwritten, circled)* 11

From: Lubell, Daniel S. <lubell@hugheshubbard.com>
To: Lauren W. Ashwell <lwashwell@aol.com>
Subject: RE: Claim Number 800000791
Date: Wed, Oct 26, 2011 9:34 pm

Lauren,

My apologies for not responding sooner. What I found out is that your Claim Number 800000791 was filed in the LBI case as a "customer" claim, but was objected to and re-classified as a general creditor claim where it is still pending in the LBI case.

Records do not indicate that you filed a claim in the LBHI case. You do appear on LBHI's Bankruptcy Schedule G--Employment Investment Accounts/RSU/Deferred Comp, but no amount is listed for this claim. You also appear on LBHI Bankruptcy Schedule F-- Employee Benefits--$90,658.95, but it is scheduled as "contingent" and "unliquidated,"

You may call Weil Gotschal 212 310-8000, counsel for LBHI, and ask for someone to assist you with the LBHI claims process. They are likely to tell you that you did not file a claim and that the fact that your claims were scheduled but not with an allowed claim amount, required you to file a claim in that case and that if you did not file a claim in that case, you are barred by the claims bar date from collecting any distributions on account of your claim. Weil Gotschal, however, will speak for itself, and you may want to consult your own attorney as to whether those statements are correct and if there may be grounds for you to assert a late claim.

As to LBI (my case), your claim is pending but reclassified as a "general creditor" claim. However, if the claim is not clearly indicated as a "priority claim" which relates to compensation/employee benefits and meets the requirements for a priority claim under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, you may want to file a claim amendment that attaches your original claim and indicates that it should be entitled to priority treatment under those sections of the Bankruptcy Code.

I have not seen your claim and cannot provide any assurances as to whether your claim will ultimately be considered a valid claim against LBI, whether it is entitled to priority treatment, the amount as to which the claim will be allowed either as a priority claim or a general unsecured claim or both, or what and when eventual distributions may be made on account of that claim.

Hope this helps.

Regards,

Dan

**Hughes Hubbard**

**Daniel Lubell | *Partner***
Hughes Hubbard & Reed LLP | One Battery Park Plaza | New York, NY 10004-1482
Office 212-837-6892 | Cell 917-445-0369 | Fax 212-299-6892
lubell@hugheshubbard.com

From: Lauren W. Ashwell [mailto:lwashwell@aol.com]
Sent: Friday, October 21, 2011 11:34 AM
To: Lubell, Daniel S.
Cc: lopiccol@hugheshubbard.com
Subject: Claim Number 800000791

Dan,

Thanks again for your willingness to help me figure out whether my claim as an ex-employee of Lehman who was denied severance is within LBI or LBHI. I do not want to jeopardize my claim for severance. I believe that claim has been established (as of May 27, 2009?). Claim Number 800000791

As I mentioned, my documentation indicates LBI (on the original severance package I signed) and LBHI (on the letter I received stating they would not be able to pay severance due to the bankruptcy.)

Epic has contacted me most recently in re the LBHI case. I received a letter requiring me to vote to accept or reject the plan by November 4. However, no ballot was included. So I was originally calling to try to get the ballot...or figure out how I can vote.

I am copying Joe on this email, because he has been helpful in the past. He was involved in earlier email exchanges. Most recently, back in September of 2009, he confirmed I was in the LBI group.

I live in Battery Park City. If it would be useful, I can come talk with someone and show them my paperwork at a mutually convenient time so we can straighten this out. I do not want to waste your time.

Needless to say, I very much appreciate your help and Joe's, too.

Best regards,

Lauren
Lauren W. Ashwell
**TACIT: Talent And Culture In Transition**
**212-786-1914**
**917-287-8430 (cell)**

*************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
*************************************************************

DRAFT - DID NOT SEND

November 4, 2011

Attorneys for Debtors
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153

To Whom It May Concern:

I was employed at Lehman Brothers from 2002 until my position was eliminated in September 2008, shortly before the bankruptcy. As a result of the bankruptcy, I was denied severance.

I want to confirm if I have a claim in the LBHI case.

It has come to my attention that I appear on LBHI's Bankruptcy Schedule G--Employment Investment Accounts/RSU/Deferred Comp, but no amount is listed for this claim. I also appear on LBHI Bankruptcy Schedule F--Employee Benefits--$90,658.95, but it is scheduled as "contingent" and "unliquidated".

I am confused because I did not receive a ballot with the "Notice of (i) approval of disclosure statement; (ii) establishment of record date; (iii) hearing on confirmation of the plan and procedures for objecting to confirmation of the plan; and (iv) procedures and deadline for voting on the plan". That led me to believe I do not have an LBHI claim. However, I do not understand why I appear on two schedules – or what the terms "contingent" and "unliquidated" mean in this context.

I have called your offices and left voice mails, attempting to get information. But, I have not gotten any response to my messages.

I am hand-delivering this letter to your offices in advance of the deadline stated in the above-mentioned Notice.

Please contact me to let me know what my status is and what I can do/need to do get clarity on my LBHI claim.

Thank you.


Lauren Ashwell
212-786-1914
917-287-8430 (mobile)
377 Rector Place, apt 14C
NYC, NY 10280

Copy to:  Epiq Bankruptcy Solutions, LLC
          Attn: Lehman Ballot Processing Center
          757 Third Avenue, 3rd floor
          New York, NY 10017

Lehman - my contact information    Filed 01/10/12    Entered 01/26/12 09:02:41    Main Document
08-13555-mg    Doc 24044    Page 1 of 1
Pg 32 of 38
(13)

**From:** Kjontvedt, Stephenie <skjontvedt@epiqsystems.com>
**To:** lwashwell <lwashwell@aol.com>
**Subject:** Lehman - my contact information
**Date:** Tue, Nov 8, 2011 1:14 pm

See below for my contact information.

SPOKE WITH HER ON  11/9  at 9:50 am

**Stephenie Kjontvedt** ⟶ WORKSON VOTING ONLY
**Vice President, Senior Consultant**
**Epiq Systems**
**Bankruptcy Solutions**
**757 Third Avenue, Third Floor**
**New York, NY 10017**
**Phone:  646.282.1802**
**Fax: 646.282.1804**
**www.epiq11.com**

**Managed technology for the global legal profession**

recommended 1 email

lehman @ epiqsystems. com

• like to Know status of my claim
        is

• file "proof of claim"

see 11/9 email  sent at 10:10 am

From: Lauren W. Ashwell <lwashwell@aol.com>
To: lehman <lehman@epiqsystems.com>
Subject: Inquiry About My Claim
Date: Wed, Nov 9, 2011 10:09 am

I was employed at Lehman Brothers from 2002 until my position was eliminated in September 2008, shortly before the bankruptcy. As a result of the bankruptcy, I was denied severance.

I want to confirm the status of my claim.

LBHI case:

It has come to my attention that I appear on LBHI's Bankruptcy Schedule G--Employment Investment Accounts/RSU/Deferred Comp, but no amount is listed for this claim. I also appear on LBHI Bankruptcy Schedule F--Employee Benefits--$90,658.95, but it is scheduled as "contingent" and "unliquidated".

I am confused because I did not receive a ballot with the "Notice of (i) approval of disclosure statement; (ii) establishment of record date; (iii) hearing on confirmation of the plan and procedures for objecting to confirmation of the plan; and (iv) procedures and deadline for voting on the plan". That led me to believe I do not have an LBHI claim. However, I do not understand why I appear on two schedules – or what the terms "contingent" and "unliquidated" mean in this context.

LBI case (Claim 800000791):

There was confusion regarding this claim early on. Somehow I was categorized as a client of the Firm - as opposed to what I was: an employee. Now I understand that my claim is pending but reclassified as a "general creditor" claim.  However, I have been told that if the claim is not clearly indicated as a "priority claim" which relates to compensation/employee benefits and meets the requirements for a priority claim under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, I should  file a claim amendment that attaches your original claim and indicates that it should be entitled to priority treatment under those sections of the Bankruptcy Code.

Please clarify the status of my claim(s) and if/how I need to amend them or file a proof of claim. Obviously, I do not want to jeopardize any claim that is owed me and my family.

Thank you.
Lauren Ashwell

Lauren W. Ashwell
**TACIT: Talent And Culture In Transition**
212-786-1914
917-287-8430 (cell)

# JONES & ASSOCIATES
## 1230 6th Avenue 7ᵗʰ floor
## New York, New York 10020
## Tel: (347) 862-9254
## Fax: (212) 202-4416



December 20, 2011

BY REGULAR MAIL TO:

Lauren W. Ashwell
377 Rector Place #14C
New York, NY 10280
USA

In Re: Lehman Brothers Holdings Inc., 08-13555
        **URGENT - CLAIM OBJECTION**

Dear Lauren:


We are writing to express an interest in purchasing your disputed claim against the Lehman Brothers Holdings Inc. bankruptcy estate.

Lehman Brothers Holdings Inc. has recently filed an objection to your claim against the bankruptcy estate. Your current disputed claim is listed in the debtor's records in the amount of $181,317.90.

On or about 12/12/2011 the debtor apparently filed an objection to your claim. If you do not respond to the debtor's objection by __January 11, 2012__, your claim against the estate may be extinguished.

If you have interest in selling your disputed claim, please contact us no later than January 4, 2012.

We pay immediate cash for qualified disputed claims.

Please call us at (877) 820-9169 to discuss the purchase of your claim or email us at info@rolandjones.com.

Very truly yours,


Roland Gary Jones
info@rolandjones.com

This is not an offer but a solicitation of an offer. A binding contract to buy or sell a bankruptcy claim requires an executed claims purchase agreement.

From: Windham, Yusef <windham@hugheshubbard.com>
  To: lwashwell <lwashwell@aol.com>
  Cc: Lubell, Daniel S. <lubell2@HughesHubbard.COM>; Mitchell, Stuart <mitchels@hugheshubbard.com>
Subject: RE: Claim Number 800000791
Date: Thu, Jan 5, 2012 4:57 pm

Lauren,

You are certainly welcome. Please note that Epiq will only be able to provide administrative information such as the current status of your claim. They will not be able to provide any insight as to the validity of your claim. Again, the Trustee's determination as to such validity will be made when we have reason to believe that there will be a meaningful distribution to general creditors.

Regards,
Yusef

YZW | 212.837.6128 | windham@hugheshubbard.com

---

From: lwashwell@aol.com [mailto:lwashwell@aol.com]
Sent: Thursday, January 05, 2012 4:50 PM
To: Windham, Yusef
Cc: Lubell, Daniel S.; Mitchell, Stuart
Subject: Re: Claim Number 800000791

Thank you, Yusef.

This information is helpful, and I appreciate your willingness to discuss further. I will contact Epiq and hope that will suffice.

Thanks again,
Lauren
Sent via BlackBerry by AT&T

From: "Windham, Yusef" <windham@hugheshubbard.com>
Date: Thu, 5 Jan 2012 15:07:06 -0500
To: Lauren W. Ashwell<lwashwell@aol.com>
Cc: Lubell, Daniel S.<lubell2@HughesHubbard.COM>; Mitchell, Stuart<mitchels@hugheshubbard.com>
Subject: RE: Claim Number 800000791

Dear Lauren,

Good afternoon. We have your claim on file as a General Creditor claim and it clearly indicates that it is employment related. That said, no reconciliation of any General Creditor claims has begun in the LBI proceeding. Such process will begin when the Trustee has reason to believe that there will be a meaningful distribution to general creditors. At that time we will begin the process of reviewing general unsecured claims in greater detail and determining the validity and actual allowed amounts of secured, administrative and priority claims.

Therefore, as Dan states below, we cannot provide assurances as to the validity of your claim as against LBI, whether it might be entitled to priority treatment, or any amount as to which the claim will be allowed either as a priority claim or a general unsecured claim (or both), or what and when eventual distributions may be made.

Finally, please note that the web address for the LBHI proceeding is lehman_docket.com. However, the web address for the LBI proceeding is lehmantrustee.com. In order to get information on your claim in the LBI proceeding, you'll need to contact Epiq at the number provided on the lehmantrustee.com website which I've also included here for your convenience.

Epiq Systems: 646-282-2400.

I am happy to discuss this with you if you've any questions at all.

Kindly,
Yusef

**YZW** | 212.837.6128 | windham@hugheshubbard.com

---

**From:** Lubell, Daniel S.
**Sent:** Thursday, January 05, 2012 1:39 PM
**To:** 'Lauren W. Ashwell'; Windham, Yusef
**Subject:** RE: Claim Number 800000791

Yusef, Can you look into this for Lauren and respond. Thanks, Dan



**Daniel Lubell** | *Partner*
Hughes Hubbard & Reed LLP | One Battery Park Plaza | New York, NY 10004-1482
Office 212-837-6892 | Cell 917-445-0369 | Fax 212-299-6892
lubell@hugheshubbard.com

---

**From:** Lauren W. Ashwell [mailto:lwashwell@aol.com]
**Sent:** Thursday, January 05, 2012 1:21 PM
**To:** Lubell, Daniel S.
**Subject:** Re: Claim Number 800000791

Dan,

Since we met back in January 2009, you have helped me navigate the claims process and I hope I can ask you one more question. Following up on our exchange below, I filed an amendment to my original LBI claim and I submitted a claim to LBHI on November 15, 2011. The LBHI claim (67726) shows up on www.lehman_docket.com, however the LBI claim (800000791) does not. Can you tell me what the status of my LBI claim is? Or point me to where I can find that information?

The reason this is important to me at this time is the debtors have objected to my LBHI claim. I understand that if I do not object to the objection by Jan 11 at 4pm, my LBHI claim will be expunged. It seems to me that if my LBI claim is going to be honored, then I don't need to worry about LBHI. I certainly don't want to "double dip". I only want to get my severance back - I don't want to waste my time and money (or the court's or yours or your colleagues'!)

If you can answer this question for me, I will be most appreciative (again!)

Best regards,
Lauren

Lauren W. Ashwell
**TACIT: Talent And Culture In Transition**
212-786-1914
917-287-8430 (cell)

-----Original Message-----
**From:** Lubell, Daniel S. <lubell@hugheshubbard.com>
**To:** Lauren W. Ashwell <lwashwell@aol.com>
**Sent:** Wed, Oct 26, 2011 9:34 pm
**Subject:** RE: Claim Number 800000791

Lauren,

My apologies for not responding sooner. What I found out is that your Claim Number 800000791 was filed in the LBI case as a "customer" claim, but was objected to and re-classified as a general creditor claim where it is still pending in the LBI case.

Records do not indicate that you filed a claim in the LBHI case. You do appear on LBHI's Bankruptcy Schedule G--Employment Investment Accounts/RSU/Deferred Comp, but no amount is listed for this claim. You also appear on LBHI Bankruptcy Schedule F--Employee Benefits--$90,658.95, but it is scheduled as "contingent" and "unliquidated,"

You may call Weil Gotschal 212 310-8000, counsel for LBHI, and ask for someone to assist you with the LBHI claims process. They are likely to tell you that you did not file a claim and that the fact that your claims were scheduled but not with an allowed claim amount, required you to file a claim in that case and that if you did not file a claim in that case, you are barred by the claims bar date from collecting any distributions on account of your claim. Weil Gotschal, however, will speak for itself, and you may want to consult your own attorney

---

as to whether those statements are correct and if there may be grounds for you to assert a late claim.

As to LBI (my case), your claim is pending but reclassified as a "general creditor" claim. However, if the claim is not clearly indicated as a "priority claim" which relates to compensation/employee benefits and meets the requirements for a priority claim under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, you may want to file a claim amendment that attaches your original claim and indicates that it should be entitled to priority treatment under those sections of the Bankruptcy Code.

I have not seen your claim and cannot provide any assurances as to whether your claim will ultimately be considered a valid claim against LBI, whether it is entitled to priority treatment, the amount as to which the claim will be allowed either as a priority claim or a general unsecured claim or both, or what and when eventual distributions may be made on account of that claim.

Hope this helps.

Regards,

Dan

 **Daniel Lubell | *Partner***
Hughes Hubbard & Reed LLP | One Battery Park Plaza | New York, NY 10004-1482
Office 212-837-6892 | Cell 917-445-0369 | Fax 212-299-6892
lubell@hugheshubbard.com

**From:** Lauren W. Ashwell [mailto:lwashwell@aol.com]
**Sent:** Friday, October 21, 2011 11:34 AM
**To:** Lubell, Daniel S.
**Cc:** lopiccol@hugheshubbard.com
**Subject:** Claim Number 800000791

Dan,

Thanks again for your willingness to help me figure out whether my claim as an ex-employee of Lehman who was denied severance is within LBI or LBHI. I do not want to jeopardize my claim for severance. I believe that claim has been established (as of May 27, 2009?). Claim Number 800000791

As I mentioned, my documentation indicates LBI (on the original severance package I signed) and LBHI (on the letter I received stating they would not be able to pay severance due to the bankruptcy.)

Epic has contacted me most recently in re the LBHI case. I received a letter requiring me to vote to accept or reject the plan by November 4. However, no ballot was included. So I was originally calling to try to get the ballot...or figure out how I can vote.

I am copying Joe on this email, because he has been helpful in the past. He was involved in earlier email exchanges. Most recently, back in September of 2009, he confirmed I was in the LBI group.

I live in Battery Park City. If it would be useful, I can come talk with someone and show them my paperwork at a mutually convenient time so we can straighten this out. I do not want to waste your time.

Needless to say, I very much appreciate your help and Joe's, too.

Best regards,
Lauren
Lauren W. Ashwell
**TACIT: Talent And Culture In Transition**
212-786-1914
917-287-8430 (cell)

***********************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
***********************************************************

***********************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
***********************************************************

************************************************************************
This email and any files transmitted with it may contain privileged or confidential information. Use, disclosure, copying or distribution of this message by anyone other than the intended recipient is strictly prohibited. If you have received this email in error please notify the sender by reply email and destroy all copies of this message in your possession, custody or control.
************************************************************************