RESPONSE DEADLINE: January 29, 2012 at 4:00 p.m. (Eastern Time)

CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois  60603
Telephone:  (312) 845-3000
James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)
Laura E. Appleby (LA-4879)

*Attorneys for U.S. Bank National Association, as Trustee*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDINGS INC., *et al*.,<br><br>Debtors. | CHAPTER 11<br><br>CASE NO. 08-13555 (JMP)<br><br>(Jointly Administered) |

### OBJECTION OF U.S. BANK NATIONAL ASSOCIATION TO THE CLAIM TRANSFERS OF JEROME KEATING AND ROBERT FRANZ

U.S. Bank National Association, in its capacity as trustee (the *"Trustee"*), by and through its counsel, Chapman and Cutler LLP, hereby objects to the Notice of Transfer of Claim Other Than for Security (the *"Claim Transfer"*) filed separately by Jerome Keating and Robert Franz (the *"Alleged Transferees"*).

### RELEVANT BACKGROUND

1. The Trustee for the Emeralds, Series 2006-1 Trust was appointed under that certain Series Trust Agreement, dated as of May 16, 2006, as supplemented by those certain

Lehman Objection.doc

Standard Terms for Trust Agreements of equal date (the *"Standard Terms"* and, collectively with the Series Trust Agreement, the *"Trust Agreements"*) between Lehman Brothers Inc., as Depositor, and the Trustee for the Emeralds, Series 2006-1 Certificates (the *"Certificates"*). The Trustee, pursuant to the Trust Agreements and on behalf of the Trust, entered into an interest rate swap under the terms of that certain Master Agreement dated as of May 19, 2006 between the Trust and Lehman Brothers Special Finance Inc. (*"LBSF"*), the Schedule to Master Agreement of equal date, a Guarantee of Lehman Brothers Holdings Inc. (*"LBHI"*) and the Interest Rate Swap Confirmation (collectively, the *"IRS Transaction"*).

2. On September 15, 2008, LBHI commenced a case under Chapter 11 of the Bankruptcy Code. On October 3, 2008, LBSF commenced its own case under Chapter 11 of the Bankruptcy Code. Based on these events of default, the Trustee terminated the IRS Transaction by Notice of Early Termination on September 22, 2008, designating September 23, 2008 as the early termination date.

3. On September 22, 2009, the Trustee filed Proof of Claim number 30985 (the *"Claim"*) against LBSF under the Trust Agreements and the IRS Transaction for certain fees, expenses and unliquidated amounts relating to the bankruptcy filings of LBSF and LBHI and the termination of the IRS Transaction.[1] On January 9, 2012, the Alleged Transferees unilaterally, and without authorization from the Trustee, filed the Claim Transfer.

## OBJECTION

4. The Trustee disputes the Alleged Transferees authority to transfer the Claim without consent or authorization from the Trustee.

5. Under the Trust Agreements, the Trustee has the right to file a Proof of Claim on

---

[1] As far as we can tell, the Alleged Transferees have only attempted to transfer the claim against LBSF, not the corresponding guarantor claim against LBHI, claim number 30987.

behalf of the Trust. The Trustee filed its Claim on September 22, 2009 on behalf of the Trust. While beneficial holders of Certificates may receive the benefits of the filing, the Claim belongs to the Trust. This insures that current holders receive the benefit of distributions should the transferees themselves later sell their alleged claim and provides for the proper distribution of the proceeds under the terms of the Trust's distribution waterfall—including, but not limited to, the fees and expenses of the Trustee in preserving and protecting the Trust.

6. Further, the Trustee does not even know whether the Alleged Transferees are, in fact, Certificateholders. The Alleged Transferees failed to evince proper beneficial ownership of the Certificates by providing the Trustee with a Certificate of Beneficial Interest. They submitted only what appears to be a printout of a trade confirmation showing they purchased Certificates.

## CONCLUSION

WHEREFORE, the Trustee requests that this Court reject the attempted Claim Transfer from the Trustee to the Alleged Transferees and reaffirm that the claim is property of the Trust.

DATED: January 26, 2012

                                                            Respectfully submitted,

                                                            U.S. BANK TRUST NATIONAL ASSOCIATION as Trustee

                                                            By        s/ Laura E. Appleby       
                                                                        One of Its Attorneys

                                                           CHAPMAN AND CUTLER LLP
                                                           111 West Monroe Street
                                                           Chicago, Illinois 60603
                                                           Telephone: (312) 845-3000

James E. Spiotto (admitted *pro hac vice*)
Ann E. Acker (admitted *pro hac vice*)
Franklin H. Top, III (admitted *pro hac vice*)

-and-

CHAPMAN AND CUTLER LLP
330 Madison Avenue, 34th Floor
New York, New York  10017-5010
Telephone:  (212) 655-6000
Craig M. Price (CP-9039)
Laura E. Appleby (LA-4879)