**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the two hundred forty-second omnibus objection to claims, dated December 12, 2011 (the "Two Hundred Forty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to revalue, reclassify (in certain instances), modify the Debtor entity (in certain instances), and allow the Settled Derivatives Claims on the grounds that the Debtors and claimants have agreed upon a claim amount and, in certain instances, a classification and Debtor counterparty that is not currently reflected on claimants' proofs of claim, all as more fully described in the Two Hundred Forty-Second Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Forty-Second Omnibus Objection to Claims.

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Two Hundred Forty-Second Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Forty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount and classification and against the Debtor that is set forth on Exhibit 1 under the column headings *"Modified Amount," "Modified Class,"* and *"Modified Debtor,"* respectively; *provided that*, the holder of a Settled Derivatives Claim against both (i) a Debtor based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of the Settled Derivatives Claim greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* includes the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to any distributions from the applicable Modified Debtor under, in respect of, or related to the applicable derivatives contracts; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Two Hundred Forty-Second Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       January 26, 2012

                                              *s/ James M. Peck*
                                            HONORABLE JAMES M. PECK
                                            UNITED STATES BANKRUPTCY JUDGE