**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
--------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred forty-first omnibus objection to claims, dated

December 12, 2011 (the "Two Hundred Forty-First Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims on the grounds that they assert claims against

entities that are not debtors in these jointly administered chapter 11 cases, all as more fully

described in the Two Hundred Forty-First Omnibus Objection to Claims; and due and proper

notice of the Two Hundred Forty-First Omnibus Objection to Claims having been provided to (i)

the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two

Hundred Forty-First Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Forty-First Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No. 9635];

and the Court having found and determined that the relief sought in the Two Hundred Forty-First

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Two Hundred Forty-First

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Forty-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have withdrawn without prejudice the Two Hundred

Forty-First Omnibus Objection to Claims with respect to the claim listed on Exhibit 2 annexed

hereto; and it is further

ORDERED that the Debtors have adjourned the Two Hundred Forty-First

Omnibus Objection to Claims with respect to the claims listed on Exhibit 3 annexed hereto; and

it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Forty-First Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
        January 26, 2012


_____*s/ James M. Peck*_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE