STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for CIFG Assurance North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x

| | |
|---|---|
| ***In re*** : | **Chapter 11** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : | **Case No. 08-13555 (JMP)** |
| : | |
| : | **(Jointly Administered)** |
| **Debtors.** : | |

------------------------------------------------------------------- x

### OBJECTION OF CIFG ASSURANCE NORTH AMERICA, INC. TO LEHMAN BROTHERS SPECIAL FINANCING INC.'S PROPOSED ASSUMPTION OF PURPORTED EXECUTORY DERIVATIVE CONTRACTS LISTED ON EXHIBIT 2 OF THE PLAN SUPPLEMENT

1.     CIFG Assurance North America, Inc. (f/k/a CDC IXIS Financial Guaranty North America, Inc.) ("CIFG"), pursuant to its rights under Parts 5(m) and (t) of the Schedules to the Master Agreements (as defined herein) and on behalf of New Generation Funding Trust 15, New Generation Funding Trust 16, New Generation Funding Trust 37, New Generation Funding Trust 38, New Generation Funding Trust 39, and New Generation Funding Trust 83 (collectively, the "New Generation Funding Trusts"), respectfully submits this objection to Lehman Brothers Special Financing Inc.'s ("LBSF") Proposed Assumption of Purported Executory Contracts with the New Generation Funding Trusts.  Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Plan.

**Background**

2.     Prior to the Debtors' bankruptcy filings, the New Generation Funding

Trusts were parties to financial derivative transactions with LBSF pursuant to transaction confirmations under ISDA master agreements, dated as of May 1, 2003 (New Generation Funding Trust 15 and New Generation Funding Trust 16), June 11, 2004 (New Generation Funding Trust 37), June 25, 2004 (New Generation Funding Trust 38), July 30, 2004 (New Generation Funding Trust 39), and August 12, 2005 (New Generation Funding Trust 83) (the "Master Agreements").

3.      On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI") commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "LBHI Filing"). LBSF commenced its voluntary chapter 11 bankruptcy case on October 3, 2008 (the "LBSF Filing"). The LBHI Filing and LBSF Filing each constituted an Event of Default under Section 5(a)(vii) of the Master Agreements. By notices dated October 9, 2008, copies of which are attached hereto as Exhibit "A," CIFG, pursuant to its rights under Parts 5(m) and (t) of the Schedules to the Master Agreements, gave notice of the occurrence of an Event of Default under each of the Master Agreements with respect to LBSF (the "Termination Notices"), and designated October 9, 2008 as the Early Termination Date with respect to all Transactions under each of the Master Agreements.

4.      LBHI and its affiliated debtors (collectively the "Debtors") filed a Third Amended Chapter 11 Plan [Docket No. 19627]. On October 25, 2011, the Debtors filed their Plan Supplement (the "Plan Supplement") [Docket No. 21254], including, on Exhibit 2, Part A thereto, a list of purported executory derivative contracts the Debtors seek to assume under the Plan (the "Assumption Schedule"). The Assumption Schedule includes all Derivative Contracts (as defined therein) between LBSF, on the one hand, and the New Generation Funding Trusts on the other hand. Thereafter, CIFG received from the Debtors notices of proposed assumption of

-2-

executory contracts and unexpired leases pursuant to Debtors' Third Amended Joint Plan

pursuant to Section 1121 of the Bankruptcy Code, dated October 27, 2011 (the "Notices"), which

state that LBSF intends to assume all derivative contracts with the New Generation Funding

Trusts and list applicable cure amounts of $0.

## Argument

5.      LBSF fails to particularize which purportedly executory contracts it

intends to assume.  According to the preamble to the Assumption Schedule and the Notice,

where no particular contract is named, the Debtor intends to assume all executory contracts with

that counterparty.  CIFG is unaware of any executory contracts between the New Generation

Funding Trusts and LBSF.  In order to provide adequate notice and a meaningful opportunity to

respond, LBSF should explicitly reference the particular contracts it intends to assume.  See In re

Ford, 159 B.R. 930, 932 & nn.8-9 (Bankr. W.D. Wash. 1993).

6.      Moreover, all outstanding transactions between LBSF, on the one hand,

and the New Generation Funding Trusts on the other hand, were properly terminated on October

9, 2008.  In the more than three years since these transactions were terminated, LBSF has never

once challenged the effectiveness of the Termination Notices.

7.      The Bankruptcy Code is clear—the contractual right of a non-defaulting

counterparty to terminate a swap agreement under Section 560 "shall not be stayed, avoided, or

otherwise limited by operation of any provision of [the Bankruptcy Code] or by order of a court

or administrative agency in any proceeding under [the Bankruptcy Code]."  11 U.S.C. § 560.

Thus, the Debtors may not seek to assume or assign under Section 365 any contract which

previously has been validly terminated under Section 560.  See H.R. Rep. No. 484, 101st Cong.,

2d Sess. 228 (1990) ("The new section 560 makes clear that a swap participant may exercise any

contractual rights to terminate and net out a swap agreement in the event the other party files a

bankruptcy petition, notwithstanding the automatic stay and the trustee avoidance provisions of

the Bankruptcy Code. … The intent of this provision is to permit either the non-debtor swap

participant or the trustee to terminate a swap agreement, so that a swap agreement may continue

after the bankruptcy petition is filed only by mutual consent of both the non-debtor swap

participant and the trustee.").

8.      It is also well-settled that a contract that has been terminated is not an

executory contract capable of assumption by the debtor.  See In re Best Film & Video Corp., 46

B.R. 861, 869 (Bankr. E.D.N.Y.1985) ("An executory contract can only be assumed if it has not

earlier been terminated"); see also Moody v. Amoco Oil Co., 734 F.2d 1200, 1212-13 (7th Cir.

1984); In re Tornado Pizza, LLC, 431 B.R. 503, 514 (Bankr. D. Kan. 2010) ("A terminated

contract is not executory; after termination substantial performance does not remain due on both

sides").  Accordingly, there are no executory contracts for the Debtors to assume or assign.

9.      To the extent that LBSF seeks to assume the Master Agreements exclusive

of the terminated transactions thereunder, CIFG submits that the Master Agreements are not

executory.  Under the widely accepted "Countryman test," an executory contract is "a contract

under which the obligations of both the bankrupt and the other party to the contract are so far

unperformed that the failure of either to complete performance would constitute a material

breach [under applicable non-bankruptcy law] excusing the performance of the other."  See Vern

Countryman, Executory Contracts in Bankruptcy: Part I, 57 Minn. L. Rev. 439 460 (1973); In re

Riodizio, Inc., 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) (citations omitted); see also S.REP.

No. 95-989, at 58 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5844, 6303

(indicating a contract is executory where "performance remains due to some extent on both

sides"). Here, separate from the transactions thereunder, the Master Agreements only provide

terms and conditions for transactions thereunder, and do not obligate either party to enter into

any such transactions. Accordingly, there are no material unperformed obligations of both

parties, the breach of which would entitle the other party to terminate the contract.

10.     Pursuant to its rights under Parts 5(m) and (t) of the Schedules to the

Master Agreements, CIFG reserves all of its rights, claims, counterclaims, and defenses in

connection with the contracts and matters addressed herein.

WHEREFORE, CIFG respectfully requests that this Court (i) deny the Debtors'

request to assume any Derivative Contracts with the New Generation Funding Trusts; (ii)

remove from the Assumption Schedule all Derivative Contracts (as defined therein) between

LBSF, on the one hand, and the New Generation Funding Trusts on the other hand, and (iii)

grant such other and further relief as is just and proper.

Dated:    January 30, 2012
          New York, New York

                                        STROOCK & STROOCK & LAVAN, LLP

                                        /s/Claude G. Szyfer
                                        Claude G. Szyfer
                                        Francis C. Healy
                                        180 Maiden Lane
                                        New York, New York 10038
                                        Telephone: (212) 806-5400
                                        Facsimile: (212) 806-6006

                                        *Attorneys for CIFG Assurance North America, Inc.*

**EXHIBIT A**


CIFG Assurance North America, Inc.
825 Third Avenue, 6th Floor
New York, NY 10022

T 212.909.3939
F 212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management
745 Seventh Avenue, 28th Floor
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of May 1, 2003 (as amended, the "**Master Agreement**," and together with any and all Schedules, and Exhibits and Annexes thereto, the "**ISDA Agreement**"), and the Confirmation thereunder (the "**Confirmation**" and, together with the ISDA Agreement, the "**Transaction**") dated as of May 1, 2003 between New Generation Funding Trust 15 ("**Party A**") and Lehman Brothers Special Financing, Inc. ("**Party B**"). Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing. Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction. A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11 of the Master Agreement. Without limiting the generality of the foregoing, nothing herein shall


be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

Sincerely,
CIFG Assurance North America, Inc.
(formerly CDC IXIS Financial Guaranty North America, Inc.)


By: _____
Name: John Pizzarelli
Title: President and CEO

# CIFG

| the
| Value
| Within

CIFG Assurance North America, Inc.
825 Third Avenue, 6th Floor
New York, NY 10022

T 212.909.3939
F 212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management
745 Seventh Avenue, 28th Floor
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of May 1, 2003 (as amended, the "**Master Agreement**," and together with any and all Schedules, and Exhibits and Annexes thereto, the "**ISDA Agreement**"), and the Confirmation thereunder (the "**Confirmation**" and, together with the ISDA Agreement, the "**Transaction**") dated as of May 1, 2003 between New Generation Funding Trust 16 ("**Party A**") and Lehman Brothers Special Financing, Inc. ("**Party B**"). Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing. Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction. A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11 of the Master Agreement. Without limiting the generality of the foregoing, nothing herein shall

**CIFG** The
Value
Within

be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

**CIFG** | The Value Within

Sincerely,
CIFG Assurance North America, Inc.
(formerly CDC IXIS Financial Guaranty North America, Inc.)

By: _____
    Name: John Pizzadelli
    Title: President and CEO



CIFG Assurance North America, Inc.
825 Third Avenue, 6th Floor
New York, NY 10022

T  212.909.3939
F  212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management Group
Corporate Advisory Division
745 Seventh Avenue
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of June 11, 2004 (as amended, the "**Master Agreement**," and together with any and all Schedules, and Exhibits and Annexes thereto, the "**ISDA Agreement**"), and the Confirmation thereunder (the "**Confirmation**" and, together with the ISDA Agreement, the "**Transaction**") dated as of June 11, 2004 between New Generation Funding Trust 37 ("**Party A**") and Lehman Brothers Special Financing, Inc. ("**Party B**"). Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing. Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction. A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11

**CIFC** | The Value Within

of the Master Agreement.  Without limiting the generality of the foregoing, nothing herein shall be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

**CIFG** | The Value Within

Sincerely,
CIFG Assurance North America, Inc.
(formerly CDC IXIS Financial Guaranty North America, Inc.)

By: _____

    Name:  John Pizzarelli
    Title:  President and CEO

**CIFG** | The Value Within

CIFG Assurance North America, Inc.

825 Third Avenue, 6th Floor
New York, NY 10022

T  212.909.3939
F  212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management Group
Corporate Advisory Division
745 Seventh Avenue
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of June 25, 2004 (as amended, the **"Master Agreement,"** and together with any and all Schedules, and Exhibits and Annexes thereto, the **"ISDA Agreement"**), and the Confirmation thereunder (the **"Confirmation"** and, together with the ISDA Agreement, the **"Transaction"**) dated as of June 25, 2004 between New Generation Funding Trust 38 (**"Party A"**) and Lehman Brothers Special Financing, Inc. (**"Party B"**).  Lehman Brothers Holdings, Inc. (**"Lehman Holdings"**) is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing.  Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction.  A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11

**CIFC** | The
        | Value
        | Within

of the Master Agreement.  Without limiting the generality of the foregoing, nothing herein shall be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

**CIFG** | The
         | Value
         | Within

Sincerely,
CIFG Assurance North America, Inc.
(formerly CDC IXIS Financial Guaranty North America, Inc.)


By: _____

Name:    John Pizzabelli

Title:   President and CEO

**CIFG** The Value Within

CIFG Assurance North America, Inc.
825 Third Avenue, 6th Floor
New York, NY 10022

T 212.909.3939
F 212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management Group
Corporate Advisory Division
745 Seventh Avenue
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of July 30, 2004 (as amended, the "**Master Agreement,**" and together with any and all Schedules, and Exhibits and Annexes thereto, the "**ISDA Agreement**"), and the Confirmation thereunder (the "**Confirmation**" and, together with the ISDA Agreement, the "**Transaction**") dated as of July 30, 2004 between New Generation Funding Trust 39 ("**Party A**") and Lehman Brothers Special Financing, Inc. ("**Party B**"). Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing. Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction. A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11

**CIFC** | The Value Within

of the Master Agreement.  Without limiting the generality of the foregoing, nothing herein shall be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

**CIFG** | The Value Within

Sincerely,
CIFG Assurance North America, Inc.
(formerly CDC IXIS Financial Guaranty North America, Inc.)

By: _____

Name: John Pizzarelli
Title: President and CEO

**CIFG** | The Value Within

CIFG Assurance North America, Inc.
825 Third Avenue, 6th Floor
New York, NY 10022

T 212.909.3939
F 212.909.3958
www.cifg.com

October 9, 2008

Via FACSIMILE, E-MAIL AND COURIER

Lehman Brothers Special Financing, Inc.
c/o Lehman Brothers Inc.
Transaction Management Group
Corporate Advisory Division
745 Seventh Avenue
New York, New York 10019
Attention: Documentation Manager

Lehman Brothers Holdings, Inc.
745 Seventh Avenue
New York, NY 10019

RE: DESIGNATION OF EARLY TERMINATION DATE

To Whom it May Concern:

Reference is made to that certain ISDA Master Agreement dated as of August 12, 2005 (as amended, the "**Master Agreement**," and together with any and all Schedules, and Exhibits and Annexes thereto, the "**ISDA Agreement**"), and the Confirmation thereunder (the "**Confirmation**" and, together with the ISDA Agreement, the "**Transaction**") dated as of August 12, 2005 between New Generation Funding Trust 83 ("**Party A**") and Lehman Brothers Special Financing, Inc. ("**Party B**"). Lehman Brothers Holdings, Inc. ("**Lehman Holdings**") is a guarantor of Party's B's obligations under the Financial Guaranty and a Credit Support Provider in relation to Party B under the Transaction. Unless separately defined herein, capitalized terms have the meaning set forth in the Transaction.

The undersigned hereby gives notice that an Event of Default has occurred and is continuing under Section 5(a)(vii) of the ISDA Agreement as a result of Lehman Holdings' bankruptcy filing. Accordingly, pursuant to Section 6(a) of the ISDA Agreement, CIFG, as agent and attorney of Party A in its name and on its behalf, hereby designates October 9, 2008 as the Early Termination Date in respect of the Transaction. In the event that this notice is not effective on such date, CIFG, as agent and attorney of Party A in its name and on its behalf, designates the next Local Business Day on which this notice is effective as the Early Termination Date in respect of the Transaction.

As an Event Determination Date has not occurred on or before the Early Termination Date, no payments will be required by Party A to Party B under the Transaction. A subsequent notice will be delivered stating the amount due to Party A under the Transaction, if any.

Nothing in this letter shall be construed as a waiver of any rights that the undersigned may have with respect to the Transaction, including, without limitation, rights under Section 11

Ferragamo-NGFT 83

**CIFC** | The Value Within

of the Master Agreement.  Without limiting the generality of the foregoing, nothing herein shall be deemed to constitute a waiver of any Event of Default, or other default or termination event, and the undersigned hereby reserves, in its own capacity and in its capacity as agent and attorney of Party A, on behalf of itself, Party A and their Affiliates, all other rights and remedies it may have at law, in equity, under the Transaction, including rights of recoupment of any rights or remedies that may arise as a result of any intervening event.

This notice shall be governed by and construed in accordance with the applicable law governing the Transaction.

[The remained of this page has been left intentionally blank]

**CIFG** | The Value Within

Sincerely,
CIFG Assurance North America, Inc.

By: _____
    Name:   John Pizzarelli
    Title:   President and CEO