UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
: 
In re : Chapter 11
:
LEHMAN BROTHERS HOLDINGS INC., et al., : Case No. 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
:
------------------------------------------------------------x

## THIRD SUPPLEMENTAL AFFIDAVIT OF ROBERT M. KEANE, JR. IN CONNECTION WITH PAUL HASTINGS' RETENTION AS SPECIAL COUNSEL TO THE DEBTORS

STATE OF CALIFORNIA    )
                       ) ss :
COUNTY OF LOS ANGELES  )

Robert M. Keane, Jr., being duly sworn, upon his oath, deposes and says:

1. I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings" or the "Firm"), with offices in several locations, including an office located at 515 South Flower Street, 25th Floor, Los Angeles, California 90071.

2. The facts set forth below are based upon my personal knowledge, discussions with other Paul Hastings attorneys, and the Firm's client/matter records reviewed by me or other Paul Hastings attorneys acting under my supervision and direction. Paul Hastings currently employs hundreds of lawyers. To the extent any information disclosed herein requires amendment or modification upon Paul Hastings' completion of further review or as additional information becomes available to it, a supplemental affidavit will be submitted to the Court reflecting such amended or modified information.

LEGAL_US_E # 92973428.1

3. From the date Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") commenced their respective chapter 11 cases through February 28, 2010, Paul Hastings served as an ordinary course professional in these cases. On December 29, 2008, the Firm submitted the "Affidavit of Ordinary Course Professional" (the "Initial Affidavit") [Docket No. 2407]. Capitalized terms used but not defined herein have the meaning given in the Initial Affidavit.

4. On May 21, 2009, the Firm submitted the "First Supplemental Affidavit and Disclosure Statement Pursuant to the Order Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business" [Docket No. 3631]. On September 14, 2009, the Firm submitted the "Second Supplemental Affidavit and Disclosure Statement Pursuant to the Order Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business" [Docket No. 5133]. The Initial Affidavit and the first and second supplemental affidavits are collectively referred to herein as the "OCP Affidavits".

5. On July 23, 2010, the Debtors submitted an application under Bankruptcy Code section 327(e) for authorization to employ Paul Hastings as special counsel, *nunc pro tunc*, to March 1, 2010 [Docket No.10401]. Paul Hastings submitted the "Affidavit of Robert M. Keane, Jr. in Support of the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010" (the "Special Counsel Affidavit") [Docket No. 10447].

6.  On February 3, 2011, Paul Hastings submitted the First Supplemental Affidavit of Robert R. Keane, Jr., in Connection with Paul Hastings' Retention as Special Counsel to the Debtors [Docket No. 14309] (the "First Supplemental Affidavit"). On May 3, 2011, Paul Hastings submitted the Second Supplemental Affidavit of Robert R. Keane, Jr., in Connection with Paul Hastings' Retention as Special Counsel to the Debtors [Docket No. 16588] (together with the Special Counsel Affidavit and the First Supplemental Affidavit, the "Special Counsel Affidavits"). The OCP Affidavits and the Special Counsel Affidavits are collectively referred to herein as the "Affidavits". The Affidavits are incorporated herein by this reference.

7.  By order of this Court entered August 10, 2010 [Docket No. 10677], Paul Hastings' retention as special counsel to the Debtors was approved effective as of March 1, 2010.

8.  I respectfully submit this affidavit in connection with the Firm's continued services as special counsel to the Debtors. Since filing the Affidavits, the Firm has received a third party payment in the Calvino matter, certain attorneys have joined the Firm, and the Firm has been asked to handle new matters, thus necessitating additional disclosure.

**Third Party Payment in Calvino Matter**

9.  In 2011, in the Calvino matter, attorneys in the Firm's London and Milan offices represented the Debtors with respect to their interest, as lender, in a credit facility to a Dutch borrower owning units in an Italian unit trust. In December 2011, the parties closed the Calvino transaction, in which Paul Hastings represented the Debtors in restructuring the credit facility. Pursuant to the terms of the transaction, Zwinger OPCO

3

6 BV, Lehman's borrower on the transaction, agreed to pay a portion of Lehman's legal fees incurred in the Calvino matter. Accordingly, in late December, Paul Hastings received payment in the amount of €408,000.00 from Zwinger OPCO 6 BV. Paul Hastings placed the funds in trust.

10. During the course of the representation, which is winding down, Paul Hastings billed the Debtors as required under the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997], the Amended Fee Protocol (attached as Exhibit A to the Order Amending the Fee Protocol) [Docket No. 15998], the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995, and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (collectively, the "Compensation Protocol").

11. I am informed that Katie Traxler (of Paul Hastings) has discussed with counsel to the Lehman Fee Committee and Richard Hiom (on behalf of Lehman) the application of the third party payment to Paul Hastings' fees and expenses. Going forward, the Firm's monthly statements, commencing with the statement for November 2011 services, will continue to conform to the Compensation Protocol, but also will reflect, as a credit, application of the third party payment to the Firm's fees until the payment is exhausted. The statements will reflect any balance owing as due from the Debtors in accordance with the Compensation Protocol. The Firm's interim fee

4

application(s) for any months affected by application of the third party payment to the Firm's fees will identify the amounts credited. If the Effective Date occurs under the Debtors' confirmed plan of reorganization before the third party payment is exhausted, the Firm will apply the remaining payment to satisfy the 20% fee holdback in the Calvino matter upon Court approval of those fees.

### New Professionals

12. In May 2011, Kevin C. Donahue joined the Firm as an associate in the Firm's New York office in the Real Estate Department. Before joining the Firm, Mr. Donahue was an associate at Cadwalader, Wickersham & Taft LLP. While there, he represented Lehman Brothers Inc. ("LBI") and Lehman RE, Ltd. in certain financing matters.

13. In May 2011, Marc J. Carmel joined the Firm as an Of Counsel in the Firm's Chicago office in the Corporate Department. Before joining the Firm, Mr. Carmel was a partner at Kirkland & Ellis LLP. While there, in matters adverse to one or more of the Debtors, he represented (a) New Silk Route Partners LLC, (b) Silverpeak Real Estate Partners fka Lehman Brothers Real Estate Private Equity, (c) Archstone – Smith Trust, and (d) Venoco, Inc. In addition, Mr. Carmel represented Innkeepers USA and its affiliated debtors in matters adverse to Lehman ALI. The Firm has imposed (and will continue to impose) an ethical wall between Mr. Carmel and the Paul Hastings attorneys representing the Debtors in these chapter 11 cases.

14. In June 2011, Laurice Thrasher joined the Firm as an associate in the Firm's New York office in the Corporate Department. From October 2007 through August 2010, Ms. Thrasher was an associate at Milbank, Tweed, Hadley & McCloy LLP.

5

While there, she represented the Official Committee of Unsecured Creditors in the Debtors' chapter 11 cases. The Firm has imposed (and will continue to impose) an ethical wall between Ms. Thrasher and the Paul Hastings attorneys representing the Debtors in these chapter 11 cases.

15.    In June 2011, Geetinder Gujral joined the Firm as a practice support senior analyst in the Firm's New York office. From February 2007 through December 2010, Ms. Gujral was a litigation support project manager at Weil Gotshal & Manges. While there, she represented one or more of the Debtors in connection with certain litigation matters.

16.    In July 2011, Heidi Spalholz joined the Firm as an associate in the Firm's New York office in the Corporate Department. From October 2007 through March 2010, Ms. Spalholz was an associate at Cahill Gordon & Reindel LLP. While there, she represented LBI in certain financing matters.

17.    In July 2011, Shafiq R. Perry joined the Firm as an associate in the Firm's New York office in the Corporate Department. Before joining the Firm, Mr. Perry was an associate at Curtis Mallet-Prevost. While there, Mr. Perry represented one or more of the Debtors in certain financing matters.

18.    In September 2011, Lionel Spizzichino joined the Firm as a local partner in the Firm's Paris office in the Corporate Department. Before joining the Firm, Mr. Spizzichino was an attorney at Weil Gotshal & Manges. While there, he represented one or more of the Debtors in certain restructuring matters.

19.    In October 2011, Craig Spenner joined the Firm as an Of Counsel in the Firm's New York office in the Corporate Department. From July 2001 through

December 2010, Mr. Spenner was an associate at Clifford Chance LLP. While there, in 2008, he represented Lehman Brothers International in certain corporate matters.

20. In October 2011, Shekhar Kumar joined the Firm as an associate in the Firm's New York office in the Corporate Department. Before joining the Firm, Mr. Kumar was an associate at Shearman & Sterling LLP. While there, he represented Bank of America Merrill Lynch, IKB Deutsche Industriebank AG, and Strategic Value Partners LLC adverse to LBHI in certain bankruptcy litigation matters. He also represented Galleon Management, L.P. in connection with the sale of a claim in the Debtors' chapter 11 cases to The Baupost Group. The Firm has imposed (and will continue to impose) an ethical wall between Mr. Kumar and the Paul Hastings attorneys representing the Debtors in these chapter 11 cases.

21. In October 2011, Joshua Ashley Klayman joined the Firm as an associate in the Firm's New York office in the Corporate Department. Before joining the Firm, Ms. Klayman was an associate at Cahill Gordon & Reindel LLP. While there, she represented one or more of the Debtors in certain corporate financing matters.

22. In October 2011, Anne Petersen joined the Firm as an attorney in the Firm's Los Angeles office in the Corporate Department. From June 2005 through March 2011, Ms. Petersen was an associate at DLA Piper. While there, she reviewed documentation related to certain note programs among one or more of the Debtors and certain European banks.

23. In November 2011, Kiyofumi Takata joined the Firm as an associate in the Firm's Tokyo office in the Real Estate Department. From September 2005 through January 2007, Mr. Takata was an associate at Latham & Watkins. While

there, he represented a potential investor in connection with a non-performing loan adverse to Lehman Brothers Japan Inc. under the Japanese civil rehabilitation process.

### New Matters

24. Paul Hastings has in the past represented, currently represents, and may in the future represent Interested Parties in matters unrelated to the matters for which Paul Hastings has been engaged. As indicated in the Affidavits, Paul Hastings has continued to review potential connections between the Firm and known Interested Parties. Based on this continuing review, in addition to the connections described in the Affidavits, I have ascertained that Paul Hastings has a connection with certain Interested Parties as set forth below. Paul Hastings represents, or has represented in the past, in matters unrelated to the Debtors, the following Interested Parties (or their affiliates):

> Iridium Communications, Inc. – Firm client
> York Capital Management Global Advisors, LLC - Firm client

Paul Hastings will not represent these parties in the Debtors' chapter 11 cases without the Debtors' written consent, the United States Trustee's approval, and the Court's authorization.

25. In June 2011, certain attorneys in the Firm's Chicago office were asked to represent Morgan Stanley Mortgage Capital Holdings LLC ("Morgan Stanley") in connection with strategic legal advice regarding a senior mezzanine loan on the John Hancock Building in Chicago. An affiliate of LBI owns a mezzanine loan junior to the

Morgan Stanley mezzanine loan. The Firm received a conflict waiver from LBI with respect to the Firm's representation of Morgan Stanley in this matter.[1]

26. In January 2012, certain attorneys in the Firm's London office represented Euro RE Asset Management (LB) LLP in connection with certain asset management matters involving, and potentially adverse to, LBHI. The Firm did not represent LBHI or any other Debtor in this matter. The Firm has obtained reciprocal consents and conflict waivers from Euro RE Asset Management (LB) LLP and LBHI with respect to this representation.[2]

27. Based on the foregoing and the Affidavits, and except as provided herein and in the Affidavits, to the best of my knowledge, information, and belief formed after reasonable inquiry, the Firm does not: (a) represent or hold any interest adverse to the Debtors or their estates with respect to the matters on which the Debtors have engaged the Firm; or (b) have any connection with the Debtors, any creditors or other Interested Parties, their respective attorneys and accountants, or the United States Trustee for the Southern District of New York or any person employed by the Office of such United States Trustee.

_____
Robert M. Keane, Jr.

SWORN AND SUBSCRIBED before me
this 26 day of January, 2012.

Donna L. McDonald
Notary Public
My Commission Expires:

11/13/13



DONNA L. MCDONALD
Commission # 1871157
Notary Public - California
Los Angeles County
My Comm. Expires Nov 13, 2013

---

[1] Upon request, the Firm will provide the Court and the United States Trustee with a copy of the waiver.

[2] Upon request, the Firm will provide the Court and the United States Trustee with a copy of the waivers.