UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                   :
                        Debtors.                              :    (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVES CLAIMS)

Upon the two hundred thirty-fifth omnibus objection to claims, dated December 9, 2011 (the "Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking to reduce and allow the Valued Derivatives Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable value determined by the Debtors after a review of the Claimant's supporting documentation and the Debtors' books and records, as more fully described in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the Claimant and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims.

entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Thirty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 29692 against LBHI is modified and allowed as a nonpriority general unsecured claim in the amount of $114,009.98; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 29694 against Lehman Brothers Special Financing Inc. is modified and allowed as a nonpriority general unsecured claim in the amount of $109,275.76; and it is further

ORDERED that this order supersedes all previous orders regarding the Valued Derivatives Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
         January 31, 2012

                                                *s/ James M. Peck*
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge