**CURTIS, MALLET-PREVOST,
  COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
L. P. Harrison 3rd

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                             :
                    Debtors.                                 :    (Jointly Administered)
------------------------------------------------------------x

**DECLARATION OF L. P. HARRISON 3RD IN SUPPORT OF ORDER TO SHOW
CAUSE TO SHORTEN NOTICE PERIOD FOR CONSIDERATION OF THE MOTION
OF THE DEBTORS AND THE COMMITTEE, PURSUANT TO SECTIONS 105(A) AND
363 OF THE BANKRUPTCY CODE AND RULES 6004 AND 9019 OF THE FEDERAL
RULES OF BANKRUPTCY PROCEDURE, FOR APPROVAL OF THE SETTLEMENT
TRANSACTION RESOLVING THE TWO HUNDRED TWENTY-NINTH OMNIBUS
OBJECTION TO JPMORGAN'S ASSET MANAGEMENT FUND
<u>CLAIMS (NO LIABILITY, MISCLASSIFIED AND DUPLICATIVE CLAIMS)</u>**

    I, L. P. Harrison 3rd, being fully sworn, hereby declare, under penalty of perjury pursuant to section 1746 of title 28 of the United States Code, that the following is true to the best of my knowledge, information and belief:

    1.  I am an attorney admitted to practice before this Court and a partner of Curtis, Mallet-Prevost, Colt & Mosle LLP, attorneys for Lehman Brothers Holdings Inc. and their affiliated debtors and debtors-in-possession (collectively, the "<u>Debtors</u>") in the above-referenced chapter 11 cases. Unless otherwise indicated, I have knowledge of the facts set forth herein from various employees of the Debtors and the Debtors' professionals.

11174712

2. I submit this declaration in support of the Order to Show Cause ("Order to Show Cause") in connection with the *Motion of the Debtors and the Committee, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure, for Approval of the Settlement Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims)*, dated February 1, 2012 (the "Motion"), all as more fully described in the Motion.[1]

3. Pursuant to the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], the Motion requires at least twenty-one days' notice. The Debtors are requesting an order shortening, by 8 days, the notice period ordinarily required and setting the date of February 15, 2012 for the hearing on the Motion.

**The Need for Shortened Notice With Respect to the Motion**

4. On October 26, 2011 the Debtors and the Official Committee of Unsecured Creditors (the "Committee" and, together with the Debtors, the "Movants") filed the *Lehman Brothers Holdings Inc.'s and Creditors Committee's Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims)* [Docket No. 21293] (the "Claim Objection").

5. Pursuant to the Motion, the Movants seek approval of a settlement transaction that resolves the Movants' claim objection contesting the purported right of certain funds (the "Funds"), sponsored or managed by JPMorgan Bank or one of its affiliates, to fully satisfy their claims using the collateral JPMorgan Bank allegedly required LBHI to post before its bankruptcy on September 15, 2008.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

11174712

6. The Movants believe that the Settlement Transaction embodied in the Term Sheet is a reasonable resolution of the Claim Objection because the overall value to LBHI is approximately 98% of the amount in dispute and will be immediately available for the first distribution to be made to LBHI's creditors under the Chapter 11 Plan. The Settlement Transaction will also result in significant benefits to the estate by avoiding the costs, delay and litigation risks associated with having to prosecute the issues raised in the Claim Objection.

7. As set forth in more detail in the Motion, the Settlement Transaction (reflected in the Term Sheet and to be memorialized in the Settlement Agreement) contemplates, among other things,

- the return of $699.2 million to LBHI that had previously been provisionally allocated to satisfy the claims filed by the Funds' pursuant to the CDA;

- the Funds will retain $15 million of the collateral posted under the CDA in respect of the Funds' claims and any interest earned on the collateral posted under the CDA in respect of the Funds' claims;

- the Retained Cash (as defined in the Term Sheet) and any interest earned on the cash collateral will be retained by the Funds for their own accounts and will not be subject to any disgorgement or defeasance or cause any reduction of the Underlying Claims (as defined in the Term Sheet), and the Funds shall be free to allocate the Retained Cash and interest among one another;

- the other JPMorgan entities that are parties to the CDA will waive their rights to the reallocation of the $699.2 million returned to LBHI and the Retained Cash;

- the Funds will waive a claim for a supplemental $12.5 million payment under the CDA based upon the reversal of a cross-affiliate setoff under certain derivatives contracts;

- the Funds will cease to be parties to the CDA;

- the Funds' claims that were assigned to LBHI under the CDA will be re-assigned to the Funds free and clear of any adverse claims created by or through LBHI;

-3-

11174712

- LBHI and the Funds shall exchange mutual releases relating to the transactions under the September Agreements and the CDA; and

- the Funds will agree to waive any claims asserted against LBHI based on any corporate board resolution guarantee or Standard & Poor's guarantee issued by LBHI prior to the Petition Date.

8. Cause exists to shorten the notice period ordinarily required for the Motion. The Movants and the Funds have agreed to the Term Sheet, which will be memorialized in a binding Settlement Agreement that will be delivered to the Court on or before the hearing on the Motion. The Movants believe that the Settlement Transaction embodied in the Term Sheet is a reasonable resolution of the Claim Objection because the overall value to LBHI is approximately $711.7 million, which is comprised of the Funds' waiver of a $12.5 million claim and the return to LBHI's estate of $699.2 million in cash, which will be immediately available for the first distribution to be made to LBHI's creditors under the Chapter 11 Plan. Significantly, the immediate return of $699.2 million of cash to LBHI will not be tied up or in any way restricted upon the terms and condition of the CDA. Thus, the Settlement Transaction is also highly beneficial to the estate, particularly at this point in time where the Debtors are anticipating to make their first distribution under the confirmed Chapter 11 Plan before the end of the first quarter of 2012.

9. Accordingly, the Movants believe it is in the best interests of their estates and creditors that the Motion to approve the Settlement Transaction, pursuant to the terms, provisions and conditions set forth in the Term Sheet (which will be memorialized in a Settlement Agreement to be filed with the Court), be considered by the Court no later than February 15, 2012 in order to allow the parties to execute and deliver the Settlement Agreement and consummate the transactions contemplated thereunder in time for LBHI to receive the funds to be included in the first distribution under the Chapter 11 Plan.

-4-

11174712

10. Accordingly, the Debtors request the that the Court enter the Order to Show Cause to shorten the notice period for the Motion, so that the Motion can be heard on February 15, 2012 at 10:00 a.m. (Prevailing Eastern Time), with objections and responses, if any, to be received by February 8, 2012 at 4:00 p.m. (Prevailing Eastern Time).

11. No previous application for similar relief has been made with respect to the Motion.

Dated: February 1, 2012
 New York, New York

 /s/ L. P. Harrison 3rd
 L. P. Harrison 3rd

11174712