**CURTIS, MALLET-PREVOST,
 COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Joseph D. Pizzurro
L. P. Harrison 3rd
Michael J. Moscato
Nancy E. Delaney
Peter J. Behmke
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                        :
**In re**                                               :   Chapter 11 Case No.
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :   08-13555 (JMP)
                                                        :
                    Debtors.                            :   (Jointly Administered)
-------------------------------------------------------------------x

**DECLARATION OF PHILIP KRUSE IN SUPPORT OF MOTION OF THE DEBTORS
AND THE COMMITTEE, PURSUANT TO SECTIONS 105(A) AND 363 OF THE
BANKRUPTCY CODE AND RULES 6004 AND 9019 OF THE FEDERAL RULES OF
BANKRUPTCY PROCEDURE, FOR APPROVAL OF THE SETTLEMENT
TRANSACTION RESOLVING THE TWO HUNDRED TWENTY-NINTH OMNIBUS
OBJECTION TO JPMORGAN'S ASSET MANAGEMENT FUND
CLAIMS (NO LIABILITY, MISCLASSIFIED AND DUPLICATIVE CLAIMS)**

Philip Kruse hereby declares under penalty of perjury pursuant to section 1746 of title 28 of the United States Code:

1. I am over 18 years of age and make these statements based on my personal knowledge, my review of the business records of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors-in-possession (collectively, the "Debtors"), and/or my consultation with employees of the Debtors

11168447

and Alvarez & Marsal North America, LLC ("A&M"). If called to testify, I could testify to the truth of the matters set forth herein.

2. I have been a Managing Director with A&M for seven years, and I have been responsible for leading the forensic team for A&M on behalf of the Debtors since September 2008.

3. I submit this declaration (the "Declaration") in support of *Motion of the Debtors and the Committee, Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure, for Approval of the Settlement Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims)* (the "Motion") filed in the above-referenced Chapter 11 Cases.[1]

4. I have been involved in the extensive negotiations regarding the Settlement Transaction with the Funds. I have knowledge of the facts and representations set forth in the Motion regarding the terms of such Settlement Transaction embodied in the Term Sheet attached to the Motion as **Exhibit A**.

5. On or about September 22, 2009, the Funds filed over $710 million of purportedly secured claims against LBHI on the basis that, as "affiliates" of JPMorgan Bank, their claims were guaranteed by LBHI under the September Guaranty and secured by the collateral posted by LBHI in connection therewith. The proofs of claim filed by the Funds included claims for losses related to, among other things, bonds (including claims related to contractually subordinated debt issued by LBHI), unsettled trades, cancelled trades, derivatives unwinds, futures contracts, corporate actions and prime brokerage exposure.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

-2-

11168447

6. On October 26, 2011, the Debtors and the Committee (together, the "Movants") filed the Claim Objection seeking a ruling that the Funds were not "affiliates" of JPMorgan Bank and, thus, were not entitled to rely upon the September Agreements as a basis for asserting secured claims against LBHI. The Funds filed their opposition on December 16, 2011, and the Movants filed their reply on January 23, 2012.

7. As a result of extensive negotiations and discussions, the Movants and the Funds have agreed to settle their dispute and negotiated a term sheet which sets forth the material terms, provisions and conditions, and obligations of the parties (the "Term Sheet"). The Term Sheet contemplates that the parties will enter into a binding settlement agreement memorializing the terms, conditions and provisions of the Term Sheet (the "Settlement Agreement").

8. As set forth in more detail in the Motion, the Settlement Transaction (reflected in the Term Sheet and to be memorialized in the Settlement Agreement) contemplates, among other things,

- the return of $699.2 million to LBHI that had previously been provisionally allocated to satisfy the claims filed by the Funds' pursuant to the CDA;

- the Funds will retain $15 million of the collateral posted under the CDA in respect of the Funds' claims and any interest earned on the collateral posted under the CDA in respect of the Funds' claims;

- the Retained Cash (as defined in the Term Sheet) and any interest earned on the cash collateral will be retained by the Funds for their own accounts and will not be subject to any disgorgement or defeasance or cause any reduction of the Underlying Claims (as defined in the Term Sheet), and the Funds shall be free to allocate the Retained Cash and interest among one another;

- the other JPMorgan entities that are parties to the CDA will waive their rights to the reallocation of the $699.2 million returned to LBHI and the Retained Cash;

-3-

11168447

- the Funds will waive a claim for a supplemental $12.5 million payment under the CDA based upon the reversal of a cross-affiliate setoff under certain derivatives contracts;

- the Funds will cease to be parties to the CDA;

- the Funds' claims that were assigned to LBHI under the CDA will be re-assigned to the Funds free and clear of any adverse claims created by or through LBHI;

- LBHI and the Funds shall exchange mutual releases relating to the transactions under the September Agreements and the CDA; and

- the Funds will agree to waive any claims asserted against LBHI based on any corporate board resolution guarantee or Standard & Poor's guarantee issued by LBHI prior to the Petition Date.

9. The Debtors believe that the Settlement Transaction embodied in the Term Sheet is a reasonable resolution of the Claim Objection because the overall value to LBHI is approximately 98% of the amount in dispute and will be immediately available for the first distribution to be made to LBHI's creditors under the Chapter 11 Plan. Significantly, the $699.2 million of cash to be returned to LBHI will not be tied up or in any way restricted upon the terms and conditions under the CDA.

10. In addition, the Settlement Transaction will result in significant benefits to the estate by avoiding the costs, delay and litigation risk associated with having to prosecute the issues raised in the Claim Objection.

11. Based on all of the foregoing, the Settlement Transaction is in the best interests of the Debtors and their estates and creditors.

11168447

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 1st day of Febr, 2012.

/s/ _____
Philip Kruse

11168447