**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | |
|---|---|
| In re | :  Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | :  **08-13555 (JMP)** |
| | : |
| **Debtors.** | :  **(Jointly Administered)** |
-------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (PURCHASED CONTRACT CLAIMS)

  **PLEASE TAKE NOTICE** that on February 3, 2012, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their two hundred fifty-sixth omnibus objection to

claims (the "Two Hundred Fifty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Fifty-Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 22, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Fifty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn. L. P. Harrison 3rd, Esq., and Cindi Eilbott Giglio, Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabeth Gasparini, Esq., and Andrea Schwartz, Esq.); and (v) attorneys for the official committee of unsecured creditors

appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza,

New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan

Fleck, Esq.); so as to be so filed and received by no later than **March 7, 2012 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Fifty-Sixth Omnibus Objection to Claims or any claim

set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Two Hundred

Fifty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or

opportunity to be heard offered to any party.

Dated: February 3, 2012
  New York, New York

       **CURTIS, MALLET-PREVOST,**
       **COLT & MOSLE LLP**

       By:  */s/ L. P. Harrison 3rd*
         L. P. Harrison 3rd
         Cindi Eilbott Giglio
       101 Park Avenue
       New York, New York 10178-0061
       (212) 696-6000

       *Counsel for Debtors and*
       *Debtors-in-Possession*

**HEARING DATE AND TIME: March 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 7, 2012 at 4:00 p.m. (Eastern Time)**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-----------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED FIFTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (PURCHASED CONTRACT CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO
HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1.    The Debtors file this two hundred fifty-sixth omnibus objection to claims (the "Two Hundred Fifty-Sixth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.    The Debtors have examined the proofs of claim identified on Exhibit A (collectively, the "Purchased Contract Claims") and have determined that they assert claims related to contracts of the Debtors that were assigned to Barclays Capital Inc. ("Barclays") and for which Barclays assumed liability.  With respect to those contracts, the Court found in its September 19, 2008 order [Docket No. 258] (the "Barclays Sale Order") that, to the extent necessary, the Debtors cured or provided adequate assurance of cure of any default existing prior to entry of the Barclays Sale Order and provided compensation or adequate assurance of compensation to any party that suffered pecuniary loss as a result of such default, as required by section 365 of the Bankruptcy Code.  Furthermore, section 365(k) of the Bankruptcy Code relieves the Debtors from any liability for defaults occurring after assignment of the relevant

contracts to Barclays.  Accordingly, the Debtors have no liability for the Purchased Contract

Claims, and the Debtors request they be disallowed and expunged in their entirety.

3.      The Debtors reserve all their rights to object on any basis to any Purchased

Contract Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 16, 2008, the Debtors and Barclays entered into an asset

purchase agreement (the "Asset Purchase Agreement") with respect to the sale of all assets

(except for certain excluded assets) used in connection with the Debtors' North American capital

markets and investment banking business.  Pursuant to the Asset Purchase Agreement, Barclays

had sixty days from the closing of the sale to designate contracts related to the purchased assets

for assignment to Barclays (the "Purchased Contracts").  (See Asset Purchase Agreement § 2.5.)

Upon assignment, Barclays would assume the obligations under the Purchased Contracts on a

going-forward basis and would be obligated to pay any cure amounts due on those Purchased

Contracts.  (See id. §§ 2.3(b) and 2.5.)

7.      The sale to Barclays was consummated pursuant to the Barclays Sale Order and a clarification letter dated as of September 20, 2008, and executed on September 22, 2008.  Pursuant to section 2.5 of the Asset Purchase Agreement, Barclays designated hundreds of the Debtors' contracts as Purchased Contracts and assumed the obligations related thereto.  (*See* "Closing Date Contracts," *available at* http://www.lehman-docket.com under "Case Information"; Docket Nos. 709-712, 1061, 1433, 1634, 1671, 1677, 1678.)

8.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

9.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10.     On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

### The Purchased Contract Claims Should Be Disallowed and Expunged

11.     In their review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Debtors have identified the claims on Exhibit A as claims related to Purchased Contracts assigned to Barclays and for which the Debtors do not have liability.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia*

*Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

12.    The Purchased Contract Claims are claims based on Purchased Contracts that were assigned to Barclays pursuant to section 2.5 of the Asset Purchase Agreement.  Under the Asset Purchase Agreement, Barclays has the obligation to cure any amounts outstanding on the Purchased Contracts and responsibility for any obligations incurred thereafter.  Thus, any liability related to the Purchased Contracts belongs to Barclays, not the Debtors.  (*See* Asset Purchase Agreement §§ 2.3(b) and 2.5.)

13.    Section 365(f) of the Bankruptcy Code governs assignment of executory contracts and further establishes that the Debtors do not have liability for the Purchased Contract Claims.  Section 365(f)(2)(A) requires the assignor of an executory contract to assume the contract in accordance with the provisions of section 365.  11 U.S.C. § 365(f)(2)(A).  Section 365(b), in turn, requires a debtor in possession assuming an executory contract to cure, or provide adequate assurance that the debtor will promptly cure, defaults, subject to certain exceptions for which cure of the default is not required.  11 U.S.C. § 365(b)(1)(A).  Section 365(b) further requires the debtor in possession to compensate, or provide adequate assurance that the debtor in possession will compensate, a party suffering pecuniary loss as a result of such default.  11 U.S.C. § 365(b)(1)(B).  Section 365(k) relieves a debtor that assigns an executory contract from liability for any default occurring after such assignment.  11 U.S.C. § 365(k).

14.     The Court found in the Barclays Sale Order that the conditions of section 365 had been met.  Specifically, the Court found that the Debtors had, "(i) to the extent necessary, cured or provided adequate assurance of cure, of any default existing prior to the date hereof with respect to the [Purchased Contracts], within the meaning of 11 U.S.C. §§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the [Purchased Contracts], within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A)."  (Barclays Sale Order ¶ T.) Accordingly, the Debtors are relieved of liability for any defaults that occurred after assignment of the Purchased Contracts to Barclays pursuant to section 365(k).

15.     Under both the terms of the Asset Purchase Agreement and the Barclays Sale Order, the Debtors have no liability on the Purchased Contracts.  If the Purchased Contract Claims remain on the claims register, the potential exists for recoveries by parties that do not hold valid claims against the Debtors' estates.  As such, the Debtors respectfully request that the Court disallow and expunge the Purchased Contract Claims listed on Exhibit A attached hereto.

### Notice

16.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Two Hundred Fifty-Sixth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

17.    No previous request for the relief sought herein has been made by the

Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as is just.

Dated: February 3, 2012
      New York, New York

                      **CURTIS, MALLET-PREVOST,**
                      **COLT & MOSLE LLP**

                      By:  *_/s/ L. P. Harrison 3rd_*
                              L. P. Harrison 3rd
                              Cindi Eilbott Giglio
                      101 Park Avenue
                      New York, New York 10178-0061
                      (212) 696-6000

                      *Counsel for Debtors and*
                       *Debtors-in-Possession*

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 256: EXHIBIT A – PURCHASED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AFNI/VERIZON 404 BROCK DRIVE BLOOMINGTON, IL 61701 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/20/2009 | 6155 | $301.43 | Purchased Contract Claim |
| 2 | COMED CO. ATTN: BANKRUPTCY SECTION/REVENUE MANAGEMENT 2100 SWIFT DRIVE OAKBROOK, IL 60523 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 4294 | $4,486.21 | Purchased Contract Claim |
| 3 | CUSHMAN & WAKEFIELD, INC. C/O D. EDWARD HAYS, ESQ. MARSHACK HAYS LLP 5410 TRABUCO ROAD, SUITE 130 IRVINE, CA 92620 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16185 | $96,400.00 | Purchased Contract Claim |
| 4 | CUSHMAN & WAKEFIELD, INC. C/O D. EDWARD HAYS, ESQ. MARSHACK HAYS LLP 5410 TRABUCO ROAD, SUITE 130 IRVINE, CA 92620 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 16186 | $10,500.00 | Purchased Contract Claim |
| 5 | FIDESSA CORPORATION ATTN: MICHELLE ZIZZAMIA 17 STATE STREE, 42ND FL. NEW YORK, NY 10004 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/20/2009 | 8861 | $23,311.46 | Purchased Contract Claim |
| 6 | IKON OFFICE SOLUTIONS ACCOUNTS RECEIVABLE CENTER ATTN: BANKRUPTCY TEAM 3920 ARKWRIGHT RD. - SUITE 400 MACON, GA 31210 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/03/2008 | 447 | $2,059.59 | Purchased Contract Claim |
| 7 | IKON OFFICE SOLUTIONS ACCOUNTS RECEIVABLE CENTER ATTN: BANKRUPTCY TEAM 3920 ARKWRIGHT RD. - SUITE 400 MACON, GA 31210 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/12/2008 | 614 | $857.27 | Purchased Contract Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 256: EXHIBIT A – PURCHASED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 8 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1516 | $3,548.75 | Purchased Contract Claim |
| 9 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1517 | $1,053.40 | Purchased Contract Claim |
| 10 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1518 | $120.00 | Purchased Contract Claim |
| 11 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1520 | $80.00 | Purchased Contract Claim |
| 12 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1521 | $225.41 | Purchased Contract Claim |
| 13 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1522 | $740.20 | Purchased Contract Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 256: EXHIBIT A – PURCHASED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 14 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/18/2009 | 4926 | $1,358.72 | Purchased Contract Claim |
| 15 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/18/2009 | 4927 | $2,145.84 | Purchased Contract Claim |
| 16 | LEXISNEXIS, A DIV OF REED ELSEVIER, INC.<br>ATTN: BETH FARNHAM<br>9443 SPRINGBORO PIKE<br>MIAMISBURG, OH 45342 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/18/2009 | 4928 | $1,551.92 | Purchased Contract Claim |
| 17 | MEB OPTIONS, LLC<br>440 S LASALLE, SUITE 959<br>CHICAGO, IL 60605 | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/19/2009 | 19577 | $60,411.00 | Purchased Contract Claim |
| 18 | MICROSOFT CORPORATION/ MICROSOFT ENTERPRISE SERVICES<br>C/O JOSEPH E. SHICKICH, JR.<br>RIDDELL WILLIAMS P.S.<br>1001 FOURTH AVENUE, SUITE 4500<br>SEATTLE, WA 98154 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25692 | $244,111.91 | Purchased Contract Claim |
| 19 | STANDARD & POOR'S<br>55 WATER STREET - 46TH FLOOR<br>NEW YORK, NY 10041 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/18/2010 | 67027 | $403,866.00 | Purchased Contract Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 256: EXHIBIT A – PURCHASED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 20 | STANDARD & POOR'S INTERNATIONAL LLC MARUNOUCHI KITAGUCHI BLDG 28F 1-6-5 MARUNOUCHI CHIYODA-KU TOKYO, 13 100-0005 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/09/2009 | 10928 | $59,634.00 | Purchased Contract Claim |
| 21 | TOTAL FIRE PROTECTION 5322 AVENUE N BROOKLYN, NY 11234 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/16/2009 | 5408 | $405.54 | Purchased Contract Claim |
| 22 | TW TELECOM INC. 10475 PARK MEADOWS DRIVE LITTLETON, CO 80124 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/24/2010 | 66419 | $10,082.02 | Purchased Contract Claim |
| 23 | VERIZON AFNI/VOL BANKRUPTCY PO BOX 3243 BLOOMINGTON, IL 61702-3243 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/01/2008 | 1201 | $1,469.15 | Purchased Contract Claim |
| 24 | VERIZON AFNI/VERIZON EAST PO BOX 3037 BLOOMINGTON, IL 61702-3037 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/22/2009 | 1931 | $236,016.51 | Purchased Contract Claim |
| 25 | VVA SYSTEMS 223 W. JACKSON BLVD, SUITE 800 CHICAGO, IL 60606 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/23/2009 | 2968 | $1,500.00 | Purchased Contract Claim |
| 26 | VVA SYSTEMS 223 W. JCKSON BLVD, SUITE 800 CHICAGO, IL 60606 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/16/2009 | 4510 | $150.00 | Purchased Contract Claim |
| | | | | | TOTAL | $1,166,386.33 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                         Debtors.                  :        (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED FIFTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (PURCHASED CONTRACT CLAIMS)

Upon the two hundred fifty-sixth omnibus objection to claims, dated February 3, 2012 (the "Two Hundred Fifty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Purchased Contract Claims on the grounds that they assert claims related to contracts for which the Debtors do not have liability, all as more fully described in the Two Hundred Fifty-Sixth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Fifty-Sixth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Fifty-Sixth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Fifty-Sixth Omnibus Objection to Claims.

management and administrative procedures for these cases [Docket No. 9635]; and the Court

having found and determined that the relief sought in the Two Hundred Fifty-Sixth Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Two Hundred Fifty-Sixth Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Fifty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Purchased Contract Claims") are

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Purchased Contract Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Fifty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                _____
                                UNITED STATES BANKRUPTCY JUDGE