Presentment Date and Time: February 17, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: February 17, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection):  March 21, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors-in-possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                                             :
In re                                                        :        Chapter 11 Case No.
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        08-13555 (JMP)
                                                             :
              Debtors.                                       :        (Jointly Administered)
                                                             :
-------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e) OF**
**THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL**
**RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION**
**TO MODIFY THE PROCEDURES FOR COMPENSATING AND**
**REIMBURSING GIANNI, ORIGONI, GRIPPO, CAPPELLI & PARTNERS,**
**AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JULY 1, 2010**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed application

(the "Application") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to

section 327(e) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of

the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 2014-1 of the

Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for

authorization to modify the procedures for compensating and reimbursing Gianni, Origoni,

Grippo, Cappelli & Partners, as special counsel to the Debtors, effective July 1, 2010, all as more

fully described in the Application, to the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court") on **February 17, 2012 at 12:00 p.m. (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Gianni, Origoni, Grippo, Cappelli & Partners, Via delle Quattro Fontane 20, 00184, Rome, Italy, Attn:  Cesare Vento, **so as to be so filed and**

**received by no later than February 17, 2012 at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

      **PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **March 21, 2012 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York 10004-1408. If an objection is filed the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  February 3, 2012
       New York, New York

                    /s/ Richard P. Krasnow
                    Richard P. Krasnow
                    WEIL GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for the Debtors
                    and Debtors-in-possession

Presentment Date and Time: February 17, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: February 17, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection): March 21, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors-in-possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                         :
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :          **08-13555 (JMP)**
                                                         :
           **Debtors.**                                  :          **(Jointly Administered)**
                                                         :
------------------------------------------------------------------x

**APPLICATION OF THE DEBTORS PURSUANT**
**TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE**
**2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING**
**AND REIMBURSING GIANNI, ORIGONI, GRIPPO, CAPPELLI & PARTNERS, AS**
**SPECIAL** <u>**COUNSEL TO THE DEBTORS, EFFECTIVE JULY 1, 2010**</u>

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

   Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above

captioned chapter 11 cases, as debtors-in-possession (together, the "<u>Debtors</u>" and collectively

with their non-debtor affiliates, "<u>Lehman</u>"), file this Application for authorization to modify the

procedures for compensating and reimbursing Gianni, Origoni, Grippo, Cappelli & Partners

("Gianni Origoni")[1] as special counsel to the Debtors, effective July 1, 2010, and respectfully represent:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

4.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") [ECF No. 19627].  By order dated December 6, 2011, the Court confirmed the Plan, as the same was supplemented, modified and amended (the "Confirmed Plan") [ECF

---

[1] As of January 1, 2012, Gianni, Origoni, Grippo & Partners changed its name to Gianni, Origoni, Grippo, Cappelli & Partners.

No. 23023]. Although the Court entered the order confirming the Plan, the Confirmed Plan has not yet gone effective. It is not contemplated that the Confirmed Plan will become effective prior to February 15, 2012, consequently, the Debtors are continuing to operate as debtors-in-possession.

## Jurisdiction

5.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

6.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

7.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## Relief Requested

8.      The Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York ("Local Rules"), to modify the procedures for compensating and reimbursing Gianni Origoni as special counsel to the Debtors,

effective as of July 1, 2010.  Specifically, Gianni Origoni has been engaged with respect to the

following matters: (i) representing and advising Lehman Brothers Derivative Products Inc.

("LBDP") in a civil proceeding before the Rome Civil Court with respect to derivatives related

matters; (ii) representing and advising Lehman Brothers Special Financing Inc. ("LBSF") in a

special proceeding before the Rome Civil Court, "*accertamento tecnico preventivo ai fini della*

*composizione della lite*" ("ATP"), concerning the determination of amounts LBSF asserts it

holds in credit as settlement amount paid by the Republic of Italy in connection with early

termination of a derivatives swap agreement; and (iii) advising certain Debtors with respect to a

limited number of other matters generally consisting of transactions aimed at liquidating physical

assets or receivables of said Debtors located in Italy (collectively, the "Representative Matters").

        9.      Pursuant to the Amended OCP Order (as hereinafter defined) Gianni

Origoni has already been retained as a professional utilized in the ordinary course ("Ordinary

Course Professional") since the date it submitted the Affidavit and Disclosure Statement of

Cesare Vento on behalf of Gianni Origoni on November 12, 2008 [ECF No. 1474], and

expiration of the relevant objection period.  This application is solely intended to put in place a

different payment mechanism with respect to Gianni Origoni's fees and expenses incurred in

providing those legal services it has heretofore been providing.

**Gianni Origoni As Ordinary Course Professional**

        10.     Gianni Origoni has previously been providing legal services with respect

to the Representative Matters, on behalf of the Debtors, as an Ordinary Course Professional in

these chapter 11 cases, in accordance with this Court's Amended Order Pursuant to Sections

105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ

Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 (the

"Amended OCP Order") [ECF No. 7822].

11.    The Amended OCP Order authorizes the Debtors to pay compensation to

and reimburse the expenses of Ordinary Course Professionals in the full amount billed by such

Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature

of the services rendered and calculated in accordance with such professional's standard billing

practices."  As more fully discussed in the affidavit of Cesare Vento, sworn to on February 2,

2012 (the "Vento Affidavit"), a copy of which is attached hereto as Exhibit A, pursuant to the

Amended OCP Order, Gianni Origoni provided services to the Debtors and was compensated for

those services upon the presentation of detailed invoices indicating the nature of the services

rendered, which were calculated in accordance with Gianni Origoni's standard billing practices.

12.    The Amended OCP Order further provides "payment to any one Ordinary

Course Professional shall not exceed $1 million for the period prior to the conversion of,

dismissal of, or entry of a confirmation in these chapter 11 cases (the "Chapter 11 Period") and

that "in the event payment to any Ordinary Course Professional exceeds $1 million during the

Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention

application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy

Code. . . ."

13.    To date, the Debtors have paid Gianni Origoni approximately $948,323

for services rendered through June 30, 2010.  The Debtors contacted Gianni Origoni in August

2010 alerting them that their accrued fees and expenses were nearing the OCP Cap.  At the time

of this correspondence the aggregate amount paid to the firm was approximately $733,000.

However, the majority of the services Gianni Origoni rendered in connection with the disposition

of Lehman assets located in Italy were concluded and, the remaining Representative Matters were inactive.  As a result, the Debtors have been informed that Gianni Origoni did not anticipate reaching or exceeding the OCP Cap and thus, did not proceed with completing the requisite documentation and performing the conflicts check to submit this Application.  The Representative Matters that were previously inactive resumed on or about April 2011.  As described more fully in the Vento Affidavit, due to the additional services needed in connection with the Representative Matters, Gianni Origoni became cognizant in the past few months of the necessity to seek authority to modify their procedures for receiving compensation and reimbursement as special counsel to the Debtors.  Gianni Origoni has informed the Debtors that from July 1, 2010 through December 31 2011, it has accrued and unbilled approximately $329,206 in fees in connection with necessary services rendered on behalf of the Debtors.

14.    The Debtors submit that Gianni Origoni's fees with respect to the Representative Matters has already exceeded the said $1 million compensation cap for Ordinary Course Professionals (the "OCP Cap") and the Debtors anticipate continuing to utilize Gianni Origoni's services in connection with the Representative Matters for the remainder of these chapter 11 cases.  Further, the Debtors submit that Gianni Origoni has provided necessary services, such services are of value to the estates, and the continued retention of Gianni Origoni is appropriate.  Accordingly, the Debtors now seek to retain Gianni Origoni as special counsel in accordance with the Amended OCP Order and pursuant to section 327(e) of the Bankruptcy Code, the purpose of which is to simply put in place a different mechanism for the processing of its charges.

## Gianni Origoni's Qualifications

15.    As described in the Vento Affidavit, Gianni Origoni has extensive knowledge and experience with Italian corporate law, international contracts, capital markets and bankruptcy litigation, including but not limited to derivatives contracts issues. Gianni Origoni is a leading corporate and litigation firm that has represented Debtors and their affiliates in these types of matters since 2008.  Accordingly, Gianni Origoni is uniquely situated to continue to provide these services to the estate.

16.    The Debtors believe that in light of Gianni Origoni's ongoing representation of the Debtors with respect to the Representative Matters, Gianni Origoni is uniquely able to continue to represent them with respect to those matters in an efficient and effective manner.  If the Debtors are required to retain counsel other than Gianni Origoni with respect to the Representative Matters, the Debtors, their estates, and all parties in interest will be unduly prejudiced by the time and expense necessary to enable such other counsel to become familiar with these matters.

## Scope Of Services To Be Provided

17.    Subject to further order of this Court, it is proposed that Gianni Origoni be employed to continue to advise the Debtors with respect to the Representative Matters.

18.    Furthermore, the Debtors request that the modification of the procedures for compensating and reimbursing Gianni Origoni be made effective as of July 1, 2010, to ensure that Gianni Origoni is compensated for all of its services to the Debtors.  Establishing July 1, 2010, as the date of Gianni Origoni's retention as special counsel in these cases will enable Gianni Origoni to smoothly transition its billing practices and procedures from its prior retention as an Ordinary Course Professional and will enable Gianni Origoni to be compensated for all of

its services rendered to the Debtors on or after July 1, 2010, but prior to the submission of this

Application.  The Debtors submit that the circumstances of Gianni Origoni's initial retention as

an Ordinary Course Professional and the compensation provisions under the Amended OCP

Order warrant approval of the modifications to the procedures for compensating and reimbursing

Gianni Origoni as special counsel, particularly since Gianni Origoni provided necessary services

to the Debtors and such services provided value to the Debtors' estates.

## Professional Compensation

19.    The Debtors propose to pay Gianni Origoni its customary hourly rates for

services rendered that are in effect from time to time, as set forth in the Vento Affidavit, and to

reimburse Gianni Origoni according to its customary reimbursement policies, in accordance with

sections 330(a) and 331 of the Bankruptcy Code.

20.    The Debtors have been informed that the current hourly billing rates for

Gianni Origoni range from €160 to €250 an hour for associates; €300 an hour for senior

associates and counsel; from €340 to €460 an hour for Partners; and €600 an hour for senior

partners.[2]  Gianni Origoni has informed the Debtors that the hourly rates may be adjusted from

time to time and in accordance with Gianni Origoni's established practices and procedures. The

Debtors believe such rates are reasonable and comparable to the rates other firms charge for

similar services.

21.    The Debtors understand that in connection with the reimbursement of

reasonable and necessary expenses, it is Gianni Origoni's policy to charge its clients for

expenses incurred in connection with providing certain client services, including, without

limitation, travel, lodging, photocopying, postage, vendor charges, long distance and other

---

[2]  It is the Debtors' understanding that Gianni Origoni will submit any invoices in U.S. Dollars, applying the applicable exchange rate as of the date such invoices are submitted.

telephone charges, delivery service, and other expenses incurred in providing professional

services.  Gianni Origoni has informed the Debtors that, statistically, out-of-pocket

disbursements average approximately 4% to 6% of fees.

22.     It is the Debtors' understanding that Gianni Origoni intends to apply to the

Court by separate application for allowance of all fees and expenses incurred during these

chapter 11 cases on or after July 1, 2010, in connection with services provided to the Debtors

related to the Representative Matters.  Compensation and reimbursement of such fees and expenses

shall be subject to approval of the Court upon proper application by Gianni Origoni in accordance

with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines

promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of

this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], this Court's

Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389.

### Basis For Relief

23.     The Debtor's knowledge, information, and belief regarding the matters set

forth in this Application are based on and made in reliance upon the Vento Affidavit.

24.     The retention of Gianni Origoni under the terms described herein is

appropriate under Bankruptcy Code sections 327(e) and 1107(b).  Section 327(e) provides for the

appointment of special counsel where the proposed counsel does not possess any interest

materially adverse to the debtor with regard to the matter(s) that  will be handled by counsel.

Section 327(e) provides: The trustee, with the court's approval, may employ, for a specified

special purpose, other than to represent the trustee in conducting the case, an attorney that has

represented the debtor, if in the best interest of the estate, and if such attorney does not represent

or hold any interest adverse to the debtor or to the estate with respect to the matter on which such

attorney is to be employed.  11 U.S.C. § 327(e).  Moreover, section 1107(b) provides that "a

person is not disqualified for employment under section 327 of this title by a debtor in possession

solely because of such person's employment by or representation of the debtor before the

commencement of the case." U.S.C. § 1107(b).

25.    Accordingly, section 327(e) of the Bankruptcy Code authorizes the

retention of counsel who previously represented a debtor prepetition provided that: (a) the

appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest

adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the

specified special purpose for which counsel is being retained does not rise to the level of

conducting the bankruptcy case for the debtor in possession. *See In re DeVlieg, Inc.,* 174 B.R.

497 (N.D. Ill. 1994); *In re AroChem Corp.,* 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where

the interest of the special counsel and the interest of the estate are identical *with respect to the*

*matter for which special counsel is retained,* there is no conflict and the representation can

stand").  The Debtors submit that each of these factors is satisfied with respect to Gianni Origoni,

which has already been retained as an Ordinary Course Professional, and that, therefore, its

retention, which is solely intended to put in place a different payment mechanism with respect to

their charges, should be approved under section 327(e) of the Bankruptcy Code.

### Gianni Origoni's Employment and
### Retention is in the Best Interests of the Estates

26.    As detailed above, the Debtors retained Gianni Origoni with respect to the

Representative Matters pursuant to the procedures set forth in the Amended OCP Order and

Gianni Origoni has been actively providing such services to the benefit of the Debtors, their

estates and creditors.  Over the course of its post-petition representation of LBDP, LBSF and

other Debtors, Gianni Origoni has become familiar with the relevant business personnel and

operations, as well as the legal matters described in this Application and in the Vento Affidavit.

The Debtors believe that the employment of Gianni Origoni as special counsel for the Debtors

will enable the Debtors to avoid the unnecessary expense otherwise attendant to having another

law firm familiarize itself with the matters described above.

27.      For these reasons, the Debtors submit that the employment of Gianni

Origoni is in the best interests of the Debtors, their estates, and creditors.

### Gianni Origoni Holds No Interest Materially
### Adverse to the Debtors or the Debtors' Estates

28.      To the best of the Debtors' knowledge, and except as may be set forth in

the Vento Affidavit, Gianni Origoni does not represent or hold any interest adverse to the

Debtors, their creditors, any other parties in interest herein, or their respective attorneys or

accountants, or the U.S. Trustee, with respect to the matters as to which Gianni Origoni is to be

employed, except as may be set forth in the Vento Affidavit. *See In re AroChem,* 176 F.3d at 622

(emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be

evaluated only with respect to the scope of the proposed retention).  The Debtors have been

informed that Gianni Origoni will conduct an ongoing review of its files to ensure that no

disqualifying circumstances arise and, if any new relevant facts or relationships are discovered,

Gianni Origoni will supplement its disclosure to the Court.

29.      Gianni Origoni is not a prepetition creditor of the Debtors.

30.      Based on the foregoing and the disclosures set forth in the Vento

Affidavit, the Debtors submit that Gianni Origoni does not hold or represent any interest adverse

to the Debtors or the Debtors' estates with respect to the matters for which Gianni Origoni is to be employed.

## Gianni Origoni Will Not Conduct The Debtors' Bankruptcy Case

31.    By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, Gianni Origoni's postpetition work is limited to the Representative Matters. None of these matters involve the conduct of the bankruptcy cases themselves.  Additionally, because Gianni Origoni is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Gianni Origoni is not serving as the Debtors' general bankruptcy counsel, the Debtors believe that Gianni Origoni has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Gianni Origoni will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  It is the Debtors understanding that Gianni Origoni will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

32.    As described above, the Debtors' proposed retention of Gianni Origoni as special counsel to the Debtors falls squarely within the scope of and purpose for which Congress enacted section 327(e) of the Bankruptcy Code.  The Debtors do not believe that Gianni Origoni holds or represents any interest adverse to the Debtors or their estates with respect to the matters for which Gianni Origoni is proposed to be retained.  Accordingly, the Debtors submit that the retention of Gianni Origoni with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Notice

33.    No trustee has been appointed in these chapter 11 cases.  The Debtors

have served notice of this Application in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [ECF No. 9635], on (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) Gianni

Origoni; and (vii) all parties who have requested notice in these chapter 11 cases.  The Debtors

submit that no other or further notice need be provided.

34.    No previous request for the relief sought herein has been made by the

Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief

requested herein and such other and further relief as it deems just and proper.

Dated: February 3, 2012
       New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for the Debtors
and Debtors-in-possession

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

_____x

| | |
|---|---|
| In re | Chapter 11 Case No. |
| | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | **08-13555 (JMP)** |
| **Debtors.** | |
| | **(Jointly Administered)** |

_____

**AFFIDAVIT OF CESARE VENTO FILED ON BEHALF OF GIANNI, ORIGONI, GRIPPO, CAPPELLI & PARTNERS IN SUPPORT OF DEBTORS' APPLICATION PURSUANT TO SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING AND REIMBURSING GIANNI, ORIGONI, GRIPPO, CAPPELLI & PARTNERS AS SPECIAL COUNSEL TO THE DEBTORS**

REPUBLIC OF ITALY     )
            ) ss:
CITY OF ROME       )

    Cesare Vento, being duly sworn, upon his oath, deposes and says:

1.  I am a partner of Gianni, Origoni, Grippo, Cappelli & Partners, located at 2[?], Via Quattro Fontane, 00184 Rome, Italy (the "Firm" or "Gianni Origoni") and I am admitted to practice in Italy.

2.  I submit this affidavit in support of the application (the "Application")[1] to be filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced Chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), seeking authorization  to modify the procedures for compensating and reimbursing Gianni Origoni as special counsel to the Debtors with respect to the Representative Matters effective July 1, 2010 (the "Engagement Date")

3.  All facts set forth below in this affidavit are based upon information from, and discussions I or other Gianni Origoni personnel reporting to me have had with, certain of my colleagues. The statements herein are also based in part on a review, performed by the persons within Gianni Origoni responsible for maintaining records of representations, with the assistance of attorneys at Gianni Origoni, of the conflicts checklist ("Conflicts Checklist"), provided to the Firm by Weil Gotshal & Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, setting forth certain creditors and other parties in interest relating to Debtors (collectively, the "Interested Parties").

---

[1] Capitalized terms that are used but not defined herein shall have the meanings ascribed to them in the Application,.

1

4.    Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this affidavit on behalf of the Firm.

## Gianni, Origoni Services

5.    The Debtors seek to retain Gianni Origoni as special counsel pursuant to Section 327(e) of the Bankruptcy Code, effective as of the Engagement Date, to perform legal services in connection with the Representative Matters described in the Application and referred to below.

6.    In or around October 2008, the Debtors requested that the Firm provide them services consisting of advice with respect to the planned disposition of Lehman assets located in Italy, and the Firm has consented to provide such services.

7.    As an Ordinary Course Professional, the Firm provided assistance on various issues of Italian law connected with the disposition of several Italian assets ultimately controlled by the Debtors, e.g. a 50% interest in a joint venture with Italian institutional investors (real estate portfolios), a 100% interest in a licensed asset management company based in Italy, and other similar transactional matters.



8.    In addition, the Firm assisted certain Debtors (namely, LBDP and LBSF) in evaluating, preparing and instituting certain civil proceedings before Italian Courts against, and collecting settlement amounts arising from derivatives contracts with the Republic of Italy which were early terminated as a result of the Lehman bankruptcy. These cases are still pending.

9.    As a result, Gianni Origoni is intimately familiar with Lehman's business in Italy, its internal organization and its structuring. Consequently, assigning new counsel at this time would be inefficient, and costly to the Debtors and their estates.

10.   For these reasons, appointment of Gianni Origoni as special counsel, effective as of the Engagement Date, will inure to the benefit of the Debtors and their estates both in terms of the Firm's particular expertise and in terms of cost savings in comparison with selecting new Italian counsel.

11.   Gianni Origoni's work has heretofore been and hereafter will be comprised of continuing to represent the Debtors solely in connection with the Representative Matters. Accordingly, the services rendered and functions to be performed by Gianni Origoni will not be duplicative of any bankruptcy-related work performed by WGM or any of the other law firms retained by the Debtors. As a result of the foregoing, I believe that Gianni Origoni is qualified to represent the Debtors as special counsel pursuant to Section 327(e) of the Bankruptcy Code.

12.   Since the Commencement Date, the Firm has represented some of the Debtors, pursuant to the Amended OCP Order. Post-petition the Firm has applied for and has been awarded compensation and reimbursement of expenses in the aggregate amount of approximately $ 948,323. As at December 31, 2011, the Firm has accrued approximately $ 329,206 in fees.

2

### "Connections" of Gianni, Origoni

13.    To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the Office of the U.S. Trustee for Region 2 ("UST") or any person employed by the UST, persons within Gianni Origoni who handle conflict checks researched the Firm's client database for the past two (2) years to determine whether it had any relationships with the Interested Parties.

14.    To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor the Firm, nor any partner or associate thereof, have any "connection" with the Debtors, their creditors, any other Interested Parties, their respective attorneys or accountants, or the UST, except as set forth below.

15.    Further, to the best of my knowledge, Gianni Origoni does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Representative Matters.

16.    The Debtors are a large global enterprise involving thousands of Interested Parties. The Firm may have performed services in the past, and may perform services currently or in the future, or anyway be involved in certain matters including or referring to certain creditors and other Interested Parties; however, such matters are unrelated to the Representative Matters for which the Firm has been retained by the Debtors. See *In re AroChem*,176 F.3d at 622 (emphasizing that, under Section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).

17.    I understand that the Debtors have retained various professionals during the pendency of these cases to aid in the prosecution of the Debtor Chapter 11 cases. Such professionals are listed in the Conflicts Checklist under the heading "Professionals retained by the Company". Over the past years, currently and in the future it is very likely that attorneys at Gianni Origoni have worked, work and will work, with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests. Gianni Origoni may also have retained or retain, currently or in the future various such professionals or affiliates thereof to provide forensic, litigation support and financial advisory services to Gianni Origoni or to Gianni Origoni's clients. Current employees of or attorneys at GOG&P may be former employees or attorneys at, or related to employees of or attorneys at, one or more of the said professionals.

18.    As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be claimants or employees of the Debtors, or other Interested Parties in Chapter 11 cases. The Firm does not perform services for any such person with these Chapter 11 cases with respect to those matters that come within the scope of the Firm's representation to the Debtors for the services described above.

3

19.   Below is a statement sworn upon by the undersigned in the affidavit dated October 30, 2008 submitted upon the Firm being retained as Ordinary Course Professional, describing certain matters with respect to which the Firm was asked to provide advice to persons who were counterparties of some of the Debtors:

QUOTE. *The Firm is currently providing advice on the restructuring of structured notes issued by certain non Italian vehicles in respect of which certain Lehman entities acted in various capacities. In such context, the Firm may represent the Italian holder of the structured note or other Italian financial institutions proposing to restructure the investment. The Firm is also providing preliminary general advice to certain parties where they entered into swap agreements with Lehman entities or they hold notes issued or guaranteed by Lehman entities. The Firm is not and will not be representing any such parties in the filing of any claims in these Chapter 11 cases. In addition, the Firm does not have any relationship with any of the above persons, their attorneys, or accountants that would be adverse to the Debtors or their estates.* UNQUOTE.

As of today, some assignments of the nature described in the above-quoted statement are still in progress. None of such assignments is howsoever connected with the Representative Matters.

20.   Gianni, Origoni currently represents several clients that, according to the Conflict Checklist, have connection to the Debtors ("Connected Entities"). Except as stated under item 19. above, Gianni Origoni does not however, to the best of my knowledge, represent any of the Connected Entities in matters related to the Debtors' Chapter 11 cases. Also, Gianni Origoni does not represent any of the Connected Entities in matters related to the Representative Matters. Below is a list of interested parties that currently employ or have formerly employed Gianni Origoni in matters unrelated to the Debtors. Gianni Origoni expects to continue to represent these Connected Entities in their current matters within the limits of Section 327(e) of the Bankruptcy Code.

- Abu Dhabi Investment Authority
- Akin Gump Strauss Hauer & Feld LLP
- Alcoa Inc.
- Allen & Overy
- Allianz
- Anthracite Related Investments (Cayman) Limited
- AT&T Incorporated
- Aviva Assicurazioni S.p.A.
- Banca Carige, S.p.A.
- Banca Italease S.p.A.
- Banca Monte dei Paschi di Siena S.p.A.
- Banco Santander
- Bank of America N.A.
- Barclays Bank PLC
- Bausch & Lomb
- Baxter International Inc.
- BIM
- Blackstone / Blackstone Capital Partners V L.P.
- Bloomberg L.P. and its affiliates
- Calyon

4



- Cattolica Assicurazioni S.p.A.
- Cisco Systems, Inc.
- Citibank, NA
- Continental Airlines, Inc.
- Credit Agricole
- Credit Suisse
- Deutsche Bank AG
- Deutsche Telekom AG
- Dexia Banque Belgique S.A.
- Dresser, Inc.
- E.On AG
- Eaton Corporation
- Ebay Inc.
- Electrabel
- Electricité de France
- Enel S.p.A.
- Eni S.p.A. (f/k/a Società Finanziaria Eni S.p.A.)
- Faegre & Benson
- Findomestic Banca S.p.A.
- Fondiaria
- Fortress Investment Group LLC
- Goldman Sachs International
- Halliburton Company
- HSBC Bank PLC
- Intesa Sanpaolo S.p.A.
- KKR Private Equity Investors L.P.
- Lukoil Finance Ltd.
- Macquarie Bank Limited
- Merrill Lynch International
- Mircrosof Corporation
- Morgan Stanley & Co. Incorporated
- Nomura Capital Markets plc.
- Owens Illinois Inc.
- Philip Morris International Inc.
- Philips Electronics NV
- Raiffeisen Centrobank AG
- Rentokil
- Royal & Sun Alliance Insurance Group Plc
- Royal Bank of Scotland
- RWE AG
- SABMiller Plc
- Sidley Austin LLP
- Siemens AG
- Sisal S.p.A.
- Società Cattolica di Assicurazione – Società Cooperativa
- Société Générale
- Soros Fund Management, LLC
- Starwood Hotels & Resorts
- State Street Bank
- Sumitono Trust & Banking
- Sun Microsystems, Inc.





5

- Swiss Reinsurance Company
- Telecom Italia Capital S.A.
- The Blackstone Group
- The Carlyle Group
- The McGraw-Hill Companies, Inc.
- The Walt Disney Company / Disney
- Time Warner
- Toys R US
- Tyco Electronics Tyco International Group S.A.
- UBS AG
- Unicredito Italiano
- United Parcel Services, Inc. / UPS
- Vodafone Group Plc
- Wells Fargo & Co.
- White & Case
- Wind Telecomunicazioni S.p.A.
- Wyeth
- Xerox Corporation



21.  Some of the banks, companies, investment funds, or other entities and their affiliates that have been or may be solicited in connection with the sales of assets in the bankruptcy cases may be clients of the Firm in unrelated matters, although the Firm is not at present representing any such client in connection with any such transaction with the Debtors.

22.  Gianni Origoni may also represent, in matters unrelated to the Debtors, persons or entities who may be considered competitors of the Debtors.

23.  I do not understand Bankruptcy Rule 2014(a), or other applicable law to require disclosure of each present or future engagement Gianni Origoni receives from a party in interest as long as it is unrelated to these cases. Gianni Origoni intends to accept such engagements from other parties in interest (whether existing or new clients). Gianni Origoni, however, does not and will not represent any of the Interested Parties with respect to the matters for which Gianni Origoni is being retained hereunder.

24.  Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with many creditors and other relationships, the Firm is unable to state with certainty that every client connection of Gianni Origoni has been disclosed. In this regard, if Gianni Origoni discovers additional information that requires disclosure, Gianni Origoni will file supplemental disclosures with the Court.

### Securities Ownership

25.  Certain individual attorneys at Gianni Origoni may own, or have beneficial interests in trusts owning, shares in the Debtors and securities of related entities and may own shares in other parties in interest.

26.  Gianni Origoni notes, however, that a large number of the Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios and accounts that are

managed by various advisors. Gianni Origoni does not know the ultimate beneficial owner of the funds, although it is believed that they are widely held. Similarly, many of the Debtors' securities are registered in the name of Depositary Trust Company or its nominee, and securities entitlements to such securities are held through securities accounts maintained by brokers, investment advisors and other securities intermediaries. The ultimate owner of the securities entitlements are unknown to the Firm, except for those reported on the Conflict Checklist. It is possible that some of such holders may be clients of Gianni Origoni.

### Various Commercial Relationships with Parties in Interest

27.     Some attorneys at or employees of Gianni Origoni may receive services from the Debtors, other parties in interest or professionals involved in these cases. Attorneys at or employees of Gianni Origoni or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other parties in interest. Attorneys at Gianni Origoni may have relatives or spouses who are members of professional firms involved in these cases or employed by parties in interest. We have conducted no investigation of our colleagues' banking insurance, brokerage or investment activities or familiar connections in preparing this Affidavit.

### Fees and Engagement

28.     Upon its retention as special counsel, Gianni Origoni intends to apply for compensation for professional services rendered in connection with this Chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual necessary expenses incurred by the Firm.

29.     Gianni Origoni's hourly rates and billing policies are based on market conditions among certain firms of a size, location, and practice comparable to the Firm's. The current hourly billing rates of the Firm are as follows (figures are in EUR): Junior Associates: from 160 to 185; Associates: from 185 to 250; Senior Associates and Counsels 300; Partners: from 340 to 460; Senior Partners: 600. These rates may change from time to time in accordance with Gianni Origoni's established billing practices and procedures. The hourly rates set forth above are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses and are subject to periodic adjustments to reflect economic and other conditions.

30.     The Firm's general policy, as it is common practice among law firms having a standing comparable to the Firm's, is to charge clients for certain expenses and disbursement incurred in connection with client's case including photocopying, filing and recording fees, courier and messenger charges, travel expenses, computerized research charges, document retrieval, long distance and other telephone charges, delivery service, as well as non ordinary over-head and other out-of-pocket expenses.

31.     The Firm maintains contemporaneous records of the time expended and out-of-pocket expenses incurred in connection with providing services to its clients in accordance with Sections 330 and 331 of the Bankruptcy Rules, the Local Rules and Orders of the Court, and guidelines established by the U.S. Trustee.

7

32.   The Firm recognizes it will be required to submit applications for interim and/or final allowances of compensation pursuant to Sections 330 and 331 of the Bankruptcy Code and the rules and order of this Court. The Firm has reviewed the fee application guidelines promulgated by the UST and will comply with them.

33.   To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Gianni Origoni nor any principal of, or professional employed by the Firm has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtor's Chapter 11 cases, other than as permitted by the Bankruptcy Code. Gianni Origoni has not agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principals and regular employees of the Firm.

34.   Neither I, nor any principal of, or professional employed by the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates.

35.   The foregoing constitutes the statement of Gianni, Origoni, Grippo & Partners pursuant to Section 327(e) of the Bankruptcy Code and Bankruptcy Rules 2014(a) and 2016(b)

FURTHER AFFIANT SAYETH NOT

_____
                                    CESARE VENTO

8

I undersigned **Luca AMATO**, Notary in Rome, with the office in Via Aniene n.8, registered in the Roll of the Notary District of Rome, certify that Mr. **Cesare VENTO**, born in Rome on 16th september 1954, resident a Rome, Via del Corso n.504, of whose personal identity I, as Notary, am sure, has subscribed before me the previous act, in the english version, language known by me.

Rome, Via Aniene n.8, second of february two-thousand-twelve.-





**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                                          :
In re                                                     :        Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :        08-13555 (JMP)
                                                          :
                                Debtors.                  :        (Jointly Administered)
                                                          :
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' APPLICATION
## PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE
## AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
## FOR AUTHORIZATION TO MODIFY THE PROCEDURES FOR COMPENSATING
## AND REIMBURSING GIANNI, ORIGONI, GRIPPO, CAPPELLI & PARTNERS, AS
## SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JULY 1, 2010

Upon consideration of the application, dated February 3, 2012 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and together with its affiliated debtors in the above-captioned

chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Gianni, Origoni, Grippo, Cappelli & Partners

("Gianni Origoni") as special counsel to the Debtors, effective July 1, 2010; and upon the

affidavit of Cesare Vento, sworn to on February 2, 2012 (the "Vento Affidavit"), filed in support

of the Application and attached thereto as Exhibit A; and the Court being satisfied, based on the

representations made in the Application and the Vento Affidavit, that Gianni Origoni represents

no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which

it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b);

and the Court having jurisdiction to consider the Application and the relief requested therein in

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010, governing case management and administrative procedures, [ECF No. 9635], to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Gianni Origoni and (vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Application is in the best interests of the Debtors, their estates and their creditors, and all parties in interest and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Gianni Origoni as special counsel, effective July 1, 2010, on the terms set forth in the Application and this order, for the Representative Matters identified in the Application and in accordance with Gianni Origoni's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Gianni Origoni shall, solely with respect to fees and expenses to be paid to Gianni Origoni for services rendered as of July 1, 2010, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: February __, 2012
     New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE