# EXHIBIT 1 –

# WEST CORPORATION PROOF OF CLAIM [EXCERPT]

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000014198

**THIS SPACE IS FOR COURT USE ONLY**

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Creditor: West Corporation
Attn: Joe Mullin
11808 Miracle Hills Drive
Omaha, NE 68154
Tel: (402) 963-1276
Email: JCMullin@west.com

Copy of notices to: David Elkind
Ropes & Gray LLP
1211 Avenue of the Americas
New York, NY 10036
Tel: (212) 841-0608
Email: David.Elkind@ropesgray.com

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**
Attn: Joe Mullin, Deputy General Counsel
West Corporation, 11808 Miracle Hills Drive, Omaha, NE 68154

Telephone number: (402) 963-1276    Email Address: JCMullin@west.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 10 million plus additional amounts*

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attached
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FILED / RECEIVED
SEP 16 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 9/14/09 | [signature] Joe Mullin, Deputy General Counsel |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*See attached.

ATTACHMENT TO PROOF OF CLAIM FOR WEST CORPORATION

1.  Pursuant to a Credit Agreement dated as of October 24, 2006, as amended by amendments dated as of February 14, 2007, May 11, 2007, May 16, 2008, August 6, 2009 and August 24, 2009 (as amended, the "**Credit Agreement**"), West Corporation ("**West**"), Lehman Commercial Paper Inc. ("**LCPI**"), and a group of other financial institutions (collectively with LCPI, the "**Lenders**") entered into a senior secured credit facility pursuant to which LCPI and the other Lenders agreed to make certain term loans, revolving credit loans in an amount up to $250 million (the "**Revolving Credit Loans**"), and "swing line" loans in an amount up to $30 million (the "**Swing Line Loans**") to West. Pursuant to the Credit Agreement, LCPI also agreed to act as Administrative Agent for the Lenders. (A copy of the Credit Agreement is submitted as **Exhibit A**).

2.  Pursuant to the fourth amendment to the Credit Agreement dated as of August 6, 2009 and effective as of August 10, 2009 ("**Amendment No. 4**"), Wachovia Bank, National Association replaced LCPI as Administrative Agent and Swing Line Lender under the Credit Agreement. LCPI remains a party to the Credit Agreement as a Lender.

3.  Pursuant to the Credit Agreement, LCPI agreed to make, and continues to be obligated to make, 11.25% of all Revolving Credit Loans drawn down by West. In addition, LCPI agreed to make and was, at all times prior to the effectiveness of Amendment No. 4, obligated to make 100% of all Swing Line Loans drawn down by West. The Revolving Credit Loans were to be made upon one day's notice by West to LCPI requesting each advance, and the Swing Line Loans were to be funded on the same day such advances were requested.

4.  The Credit Agreement provides for interest on the Revolving Credit Loans to accrue based either upon a spread over LIBOR or a spread over the prevailing prime rate, at West's election. (Sections 2.01(b) and 2.02(a)). The Swing Line Loans accrue interest based upon a spread over the prevailing prime rate. (Section 2.04(a)). The outstanding Revolving Credit Loans are all based upon the contractual spread over LIBOR.

5.  The final maturity date of the existing Revolving Credit Loans does not occur until October 24, 2012. (Section 1.01 "Maturity Date"). Revolving Credit Loans may be repaid and reborrowed at any time and from time to time prior to maturity (subject to the applicable terms and conditions of the Credit Agreement).

6.  On September 15, 2008, LBHI filed a petition in this Court pursuant to chapter 11 of the Bankruptcy Code. Since September 16, 2008, LCPI has defaulted on substantially all of its obligations under the Credit Agreement, including its funding obligations as a Lender and, prior to the effectiveness of Amendment No. 4, its obligations as Swing Line Lender and Administrative Agent, causing West to suffer substantial loss and damages. Specifically:

(a) On September 16, 2008, West requested that LCPI make a Swing Line Loan pursuant to section 2.04(b) of the Credit Agreement in the amount of $5 million. LCPI refused to make the foregoing advance;

(b) On September 16, 2008, West requested $5 million under the Revolving Credit Loan facility.[1] Although an affiliate of LCPI funded 9.625% of that request, LCPI refused to fund the remaining obligation of 1.625%, or $81,250, of the request;

(c) On September 22, 2008, West requested $100 million under the Revolving Credit Loan facility. LCPI refused to fund any portion of its commitment of 11.25% amounting to $11.25 million of the request;

(d) On September 29, 2008, West requested an additional $130 million under the Revolving Credit Loan facility. LCPI refused to fund any portion of its 11.25% commitment amounting to $14,625,000 of the request.

(Copies of requests made for funding of the Revolving Credit Loan and Swing Line Loan commitments, and the emails reflecting the refusals of LCPI and its affiliate to honor LCPI's obligations under the Credit Agreement, are attached as **Exhibit B**.)

7.      As a result of the refusal of LCPI to fund its contractual commitments under the Credit Agreement, West has been left with an unfunded Revolving Credit Loan commitment of $25,956,250 and, prior to the effectiveness of Amendment No. 4, was denied access, as a result of the refusal of LCPI to honor its obligations as Swing Line Lender, to Swing Line Loans in the aggregate amount of $30 million. As a result of the defaults of LCPI, West has suffered and will in the future suffer substantial damages, as follows:

(a) LCPI has refused to provide a total of $25,956,250 of loans which it undertook and committed to provide and which are needed by West to fund its business operations;

(b) West has suffered damages to date in excess of $10 million arising out of the refusal of LCPI to provide West loans at the contractually negotiated interest rates, including damages reflecting the lost "benefit of the bargain" under the Credit Agreement;

(c) West has been denied loans which LCPI agreed to make at the contractually agreed upon interest rates;

(d) By reason of LCPI's breaches of its obligations to lend, its breaches and conflicts of interest as Administrative Agent, and its failure and refusal to assure West of future performance, West was obligated to draw down funds under the Credit Agreement from other lenders to assure the availability of necessary credit, at substantial expense to West; and

(e) West has been required to pay the legal and other costs incurred as a result of LCPI's defaults.

---

[1] Immediately prior to September 16, 2008, only $15 million was outstanding under the revolving credit facility.

12167173_3.DOC

8. West reserves the right to amend and supplement this proof of claim from time to time to restate the amount of this claim as it becomes further liquidated or for other lawful purposes, including, without limitation, (i) the filing of new proofs of claim within the time permitted and (ii) to seek estimations and to assert the full amount of West's claims against any of the debtors in *In re Lehman Brothers Holdings Inc.*, Case No. 08-13555 (Bankr. S.D.N.Y. 2008)(the "**Lehman Brothers Proceedings**"). West also reserves, without limitation, the right to claim all amounts due in respect of any additional interest, fees, costs, expenses or legal fees or expenses.

9. West further asserts and reserves the right to recoup, recover through offset, and assert as a defense, against all amounts owed by West under the Credit Agreement or under any other agreement with LCPI or its affiliates the full amount of all damages suffered by West as a result of LCPI's breaches, to the full extent permitted by law.

10. This proof of claim is filed under the compulsion of the bar date established in the Lehman Brothers Proceedings and is filed, among other reasons, to protect West from forfeiture of claims by reason of such bar date. The filing of this proof of claim is not and shall not be deemed or construed as a waiver or release of West's rights against any person, entity or property (including, without limitation, any person or entity that is or may become a debtor in a case pending in this Court), or any other right, remedy, claim or defense of West whatsoever.

11. This proof of claim is submitted without West submitting or consenting to the jurisdiction of the Bankruptcy Court except with regard to matters relating to the allowance or disallowance of this claim.