BAILEY & GLASSER, LLP  
Athanasios Basdekis  
209 Capitol Street  
Charleston, WV 25301  
(304) 345-6555  
(304) 342-1110 *facsimile*  
Email: tbasdekis@baileyglasser.com  
*Counsel for Sequa Corporation*

**Hearing Date and Time: February 22, 2012 at 10:00 AM EST**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------------------------x  
In re                                                   :        Chapter 11 Case No.  
                                                        :  
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-1355 (JMP)  
                                                        :  
                Debtors.                         :        (Jointly Administered)  
----------------------------------------------------------x

## Sequa Corporation's Response to Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims

Pursuant to Fed. R. Bankr. P. 3007, Sequa Corporation ("Sequa"), by counsel, responds to Debtors' 247th Omnibus objection seeking to disallow and expunge certain claims for which Debtors assert they have no liability. Sequa denies, in part, Debtors' objection to Sequa's claim # 15940. Debtors assert that Sequa released all claims against Debtors with a release contained in a 2011 agreement between Sequa, Debtors, and other parties. In fact, by the express terms of the release, and by the express understanding of the parties during the negotiation of that agreement, the agreement did not release any claim against Debtors as hedging counterparties.

### The Relevant Documents

On December 3, 2007, Sequa entered into a Credit Agreement with numerous parties, including debtors Lehman Commercial Paper Inc. ("LCPI") and Lehman Brothers Inc., whereby certain lenders would loan funds to Sequa and various contractual rights would be created

among the parties other than borrower-lender obligations. Exhibit 1. The Credit Agreement defines "Obligations" thereunder to include "the unpaid principal of and interest on . . . all other obligations and liabilities of the Borrower . . . which may arise under . . . any Specified Hedge Agreement." *Id.* at 28.

On June 25, 2008 Sequa and debtor Lehman Brothers Special Financing Inc. ("LBSF") entered into an ISDA Master Agreement. Exhibit 2. That Master Agreement is a "Specified Hedge Agreement." *Id.* at 27. Pursuant to that Agreement, Sequa and LBSF entered into three Derivative Transactions with LBSF serving as the hedging counterparty to Sequa. Exhibit 3.

In December of 2008, following Debtors' declaration of bankruptcy, Sequa gave notice of termination of the Derivative Transactions and determined a close-out amount pursuant to the terms of the Master Agreement. The proper calculation of that close-out amount is the subject of litigation between Debtors and Sequa as part of the Lehman bankruptcy. The dispute is currently proceeding through mediation pursuant to this Court's Alternative Dispute Resolution Procedures Order [Docket # 5207]. Exhibit 4.

On September 18, 2009, Sequa filed Proof of Claim # 15940 in this bankruptcy proceeding making a claim for "payment of funds guaranteed under that Credit Agreement." Exhibit 5.

On October 14, 2011, Sequa entered into an Amendment, Resignation, Waiver, Consent and Appointment Agreement ["Appointment Agreement"] with parties to that Credit Agreement. The Appointment Agreement relieved debtor LCPI of all responsibilities as "Administrative Agent," "Collateral Agent," and "Swingline Lender" and appointed Barclays Bank as the successor in all three capacities. Exhibit 6.

**Debtors' Objection**

Debtors assert only one ground in their objection for the disallowance of Sequa's Proof of Claim. According to Debtors, a clause in the Appointment Agreement "released all claims" of Sequa against Debtors. "Inasmuch as all claims that may have arisen under the Sequa Credit Agreement have been released and [LCPI] is no longer a party to the Sequa Credit Agreement, [LCPI] is not liable to Sequa, and the Sequa [Proof of] Claim should be disallowed and expunged in its entirety."

**The Terms of the Appointment Agreement**

The parties to the Appointment Agreement actively negotiated the terms of the Appointment Agreement.

The language of the release in a draft version of the Appointment Agreement contained a clause releasing "all claims" against LCPI "whether in its capacity as an agent, lender, hedging counterparty or otherwise." A draft version of the Appointment Agreement also contained a clause stating "[t]he Borrower shall have withdrawn the Proof of Claim (Claim Number 15940) filed by the Borrower against Lehman relating to the Credit Agreement."

At Sequa's request, the terms of the release were altered, deleting the reference to "hedging counterparty or otherwise." The signed Appointment Agreement contains a release by Sequa of "all claims" against debtor LCPI but only "in its capacity as an agent or lender." The clause withdrawing Sequa's Proof of Claim was removed. Exhibit 6 at 7.

Through the negotiation over the language of the Appointment Agreement, including the change in the language of the release and the removal of the clause withdrawing the Proof of Claim # 15940, the parties reached an express understanding that Sequa was releasing claims

3

against LCPI in its capacity as agent or lender, but not any claim in Proof of Claim # 15940 against LCPI in its capacity as a "hedging counterparty or otherwise."

### The Appointment Agreement Did Not Release Sequa's Claim Against Debtors Arising Out of Obligations as a Hedging Counterparty

The Appointment Agreement released a portion, but not all, of Sequa's claim against Debtors. By the express terms of the Appointment Agreement, the claim was released against debtor LCPI in its capacity under the Credit Agreement as "agent or lender."

The Appointment Agreement did not release Sequa's claim against Debtors to the extent it arises from Debtors' obligations as a "hedging counterparty" under the Credit Agreement, through the Specified Hedge Agreement of June 25, 2008 and the three Derivative Transactions thereunder. Sequa expressly negotiated to remove language from the Appointment Agreement that would have released this claim and to remove the clause withdrawing the Proof of Claim.

WHEREFORE, Sequa respectfully requests that this Court deny Debtors' request that the Sequa Proof of Claim # 15940 be disallowed and expunged.

Dated: February 6, 2012

By counsel,

/s/ Athanasios Basdekis
Athanasios Basdekis, Esq.
BAILEY & GLASSER, LLP
209 Capitol Street
Charleston, WV 25301
(304) 345-6555
(304) 342-1110 *facsimile*
tbasdekis@baileyglasser.com
*Counsel for Sequa Corporation*