HEARING DATE AND TIME:  March 22, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE:  March 7, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                Debtors.                 :    (Jointly Administered)
-----------------------------------------------------------------x
```

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FIFTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

PLEASE TAKE NOTICE that on February 6, 2012, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in

possession (collectively, the "Debtors"), filed their two hundred fifty-seventh omnibus objection

to claims (the "Two Hundred Fifty-Seventh Omnibus Objection to Claims"), and that a hearing

(the "Hearing") to consider the Two Hundred Fifty-Seventh Omnibus Objection to Claims will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601

of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **March 22, 2012 at 10:00 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred

Fifty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured

creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan

Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and

Evan Fleck, Esq.); so as to be so filed and received by no later than **March 7, 2012 at 4:00 p.m.**

**(Eastern Time)** (the "Response Deadline").

           **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Fifty-Seventh Omnibus Objection to Claims or any

claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two

Hundred Fifty-Seventh Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated:  February 6, 2012
       New York, New York

                       /s/ Robert J. Lemons
                       Robert J. Lemons

                       WEIL, GOTSHAL & MANGES LLP
                       767 Fifth Avenue
                       New York, New York 10153
                       Telephone: (212) 310-8000
                       Facsimile: (212) 310-8007

                       Attorneys for Debtors
                       and Debtors in Possession

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,         :   08-13555 (JMP)
                                               :
                        Debtors.               :   (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' TWO HUNDRED FIFTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), respectfully represent:

### **Relief Requested**

1.      The Debtors file this two hundred fifty-seventh omnibus objection

to claims (the "Two Hundred Fifty-Seventh Omnibus Objection to Claims"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking the disallowance and expungement of the claims listed on Exhibit A annexed

hereto.

2.      The Debtors have examined the proofs of claim identified on

Exhibit A and have determined that the proofs of claim listed under the heading "*Claims

to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims")

have been amended and superseded by at least one subsequently filed, corresponding

claim identified under the heading "*Surviving Claims*" (collectively, the "Surviving

Claims").  The Debtors seek the disallowance and expungement from the Court's claims

register of the Amended and Superseded Claims and preservation of the Debtors' right to

later object to any Surviving Claim on any basis.

3.     This Two Hundred Fifty-Seventh Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Debtors reserve all their rights to object on any basis to any Amended and Superseded Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.    On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

9.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged.  *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superceded by

the Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case

No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002)

(expunging amended, duplicative claim).

12.     The Debtors cannot be required to pay on the same claim more

than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson,*

*& Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  Elimination of redundant claims will

also enable the Debtors to maintain a claims register that more accurately reflects the

proper claims existing against the Debtors.

13.     Accordingly, to avoid the possibility of multiple recoveries by the

same creditor, the Debtors request that the Court disallow and expunge in their entirety

the Amended and Superseded Claims listed on <u>Exhibit A</u>.[1]  The Surviving Claims will

remain on the claims register subject to further objections on any basis.

<u>Notice</u>

14.     No trustee has been appointed in these chapter 11 cases.  The

Debtors have served notice of this Two Hundred Fifty-Seventh Omnibus Objection to

Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United

States Attorney for the Southern District of New York; (vi) the claimants listed on

<u>Exhibit A</u> annexed hereto; and (vii) all other parties entitled to notice in accordance with

the procedures set forth in the second amended order entered on June 17, 2010, governing

---

[1]   Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

case management and administrative procedures for these cases [Docket No. 9635]. The

Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by

the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the

relief requested herein and such other and further relief as is just.

Dated: February 6, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANQUE GENERALE DE LUXEMBOURG S.A. 50 AVENUE J.F. KENNEDY L-2951 LUXEMBURG, LUXEMBOURG | 09/22/2009 | 08-13555 (JMP) | 26439 | $5,625,989.00* | BGL BNP PARIBAS SA (FKA FORTIS BANQUE LUXEMBOURG SA, FKA BANQUE GENERALE DU LUXEMBOURG S.A.) ATTN: LAURA MOLENKAMP & NICHOLAS OGDEN 50 AVENUE J.F. KENNEDY LUXEMBOURG, L-2951 LUXEMBOURG | 01/18/2012 | 08-13555 (JMP) | 67846 | $5,895,449.85* |
| 2 | BANQUE GENERALE DE LUXEMBOURG S.A. 50 AVENUE J.F. KENNEDY L-2951 LUXEMBURG, LUXEMBOURG | 09/22/2009 | 08-13555 (JMP) | 26440 | $9,977,567.00* | BGL BNP PARIBAS SA (FKA FORTIS BANQUE LUXEMBOURG SA, FKA BANQUE GENERALE DU LUXEMBOURG S.A.) ATTN: LAURA MOLENKAMP & NICHOLAS OGDEN 50 AVENUE J.F. KENNEDY LUXEMBOURG, L-2951 LUXEMBOURG | 01/18/2012 | 08-13555 (JMP) | 67847 | $14,504,989.33* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | | **SURVIVING CLAIMS** | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 3 | BGL (FORTIS LUXEMBOURG) ATTN: ANNEMARIE JUNG 50, AVENUE JF KENNEDY L-2951, LUXEMBOURG | 09/21/2009 | 08-13888 (JMP) | 34204 | $1,534,568.00* | BGL BNP PARIBAS SA (FKA FORTIS BANQUE LUXEMBOURG SA, FKA BANQUE GENERALE DU LUXEMBOURG S.A.) ATTN: LAURA MOLENKAMP & NICHOLAS OGDEN 50 AVENUE J.F. KENNEDY LUXEMBOURG, L-2951 LUXEMBOURG | 01/18/2012 | 08-13888 (JMP) | 67845 | $2,812,039.77* |
| 4 | BGL (FORTIS LUXEMBOURG) ATTN: ANNEMARIE JUNG 50, AVENUE JF KENNEDY L-2951, LUXEMBOURG | 09/21/2009 | 08-13555 (JMP) | 34205 | $1,534,568.00* | BGL BNP PARIBAS SA (FKA FORTIS BANQUE LUXEMBOURG SA, FKA BANQUE GENERALE DU LUXEMBOURG S.A.) ATTN: LAURA MOLENKAMP & NICHOLAS OGDEN 50 AVENUE J.F. KENNEDY LUXEMBOURG, L-2951 LUXEMBOURG | 01/18/2012 | 08-13555 (JMP) | 67844 | $2,812,039.77* |
| 5 | BNP PARIBAS ARBITRAGE ATTN: FRANCOIS ARTIGALA 8 RUE DE SOFIA PARIS, 75018 FRANCE | 09/24/2009 | 08-13555 (JMP) | 34716 | $469,585.68* | BNP PARIBAS ARBITRAGE 8 RUE DE SOFIA ATTN: FRANCOIS ARTIGALA PARIS, 75018 FRANCE | 01/11/2012 | 08-13555 (JMP) | 67841 | $1,047,074.96* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 6 | BNP PARIBAS SECURITIES (JAPAN) LIMITED (F/K/A BNP PARIBAS SECURITIES (JAPAN( LTD., TOKOY BRANCH) ATTN: MASAHARU SUGAHARA AND TAKU TAJIRI GRANTOKYO NORTH TOWER 1-9-1 MARUNOUCHI TOKYO, JAPAN | 09/14/2011 | 08-13555 (JMP) | 67661 | $207,529.92* | BNP PARIBAS SECURITIES (JAPAN) LTD, TOKYO BRANCH LEGAL DEPARTMENT ATTN: MASAHARU SUGAHARA AND TAKU TAJIRI GRANTOKYO NORTH TOWER 1-9-1 MARUNOUCHI TOKYO, JAPAN | 01/12/2012 | 08-13555 (JMP) | 67843 | $201,456.47* |
| 7 | CANTELLO, PAUL 37 SYLVESTER AVENUE HAWTHORNE, NJ 07506 | 10/21/2008 | 08-13555 (JMP) | 332 | $31,711.21 | CANTELLO, PAUL 37 SYLVESTER AVENUE HAWTHORNE, NJ 07506 | 09/09/2009 | 08-13555 (JMP) | 10964 | $31,652.89 |
| 8 | CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK (FKA CAYLON) ATTN: SOPHIE WALDBERG-BILLHOUET 9 QUAI DU PRESIDENT PAUL DOUMER COURBEVOIE, 92400 FRANCE | 09/22/2009 | 08-13555 (JMP) | 27241 | $268,635,243.00* | CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK ATTN: EMMANUEL MERCIER 9 QUAL DU PRESIDENT PAUL DOUMER COURBEVOIE, 92400 FRANCE | 01/06/2012 | 08-13555 (JMP) | 67848 | $247,578,723.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 9  HELLER EHRMAN LLP C/O PACHULSKI STANG ZIEHL & JONES LLP ATTN: JOHN D. FIERO 150 CALIFORNIA STREET, 15TH FLOOR SAN FRANCISCO, CA 94111 | 09/16/2009 | 08-13555 (JMP) | 13761 | $845,313.36 | HELLER EHRMAN LLP C/O OF MICHAEL F. BURKAT, CHAPTER 11 PLAN ADMINISTRATOR 5150 FAIR OAKS BLVD. # 101 CARMICHAEL, CA 95608 | 01/05/2012 | 08-13555 (JMP) | 67838 | $845,313.36 |
| 10  J.P. MORGAN INTERNATIONAL BANK LIMITED C/O JPMORGAN CHASE BANK, N.A. ATTN: KEVIN C. KELLEY, ESQ. 245 PARK AVENUE, 12TH FLOOR NEW YORK, NY 10167 | 09/22/2009 | 08-13555 (JMP) | 27190 | Undetermined | J.P. MORGAN INTERNATIONAL BANK LIMITED C/O JPMORGAN CHASE BANK, N.A. ATTENTION: KEVIN C. KELLEY, ESQ. 245 PARK AVENUE, 12TH FLOOR NEW YORK, NY 10167 | 04/01/2010 | 08-13555 (JMP) | 66475 | Undetermined |
| 11  KLAASSEN, M.J.G. STALBERGWEG 154 VENLO, 5913 BV NETHERLANDS | 10/28/2009 | 08-13555 (JMP) | 54224 | $56,604.00 | KLAASSEN, M.J.G. STALBERGWEG 154 5913 BV VENLO, NETHERLANDS | 12/19/2011 | 08-13555 (JMP) | 67805 | $56,604.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST 9 IEME ETAGE MONTREAL, H3B 4L2 CANADA | 09/17/2009 | 08-13555 (JMP) | 15693 | $5,895,458.00* | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 01/25/2012 | 08-13555 (JMP) | 67855 | $6,525,214.25* |
| 13 | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 09/17/2009 | 08-13888 (JMP) | 15848 | $5,895,458.00* | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 01/25/2012 | 08-13888 (JMP) | 67857 | $6,525,214.25* |
| 14 | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 12/02/2010 | 08-13555 (JMP) | 67234 | $6,110,619.36* | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 01/25/2012 | 08-13555 (JMP) | 67855 | $6,525,214.25* |
| 15 | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 12/02/2010 | 08-13888 (JMP) | 67235 | $6,110,619.36* | NATIONAL BANK OF CANADA ATTN: BENOIT BLAIS 600 DE LA GAUCHETIERE OUEST, 9 IEME ETAGE MONTREAL, QC H3B 4L2 CANADA | 01/25/2012 | 08-13888 (JMP) | 67857 | $6,525,214.25* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 16 | ORACLE USA, INC SHAWN CHRISTIANSON, ESQ BUCHALTER NEMER P.C 333 MARKET STREET 25TH FLOOR SAN FRANCISCO, CA 94105 | 09/18/2009 | 08-13555 (JMP) | 18704 | $7,198,020.87* | ORACLE USA, INC., ET AL SHAWN CHRISTIANSON, ESQ. BUCHALTER NEMER P.C. 333 MARKET STREET, 25TH FLOOR SAN FRANCISCO, CA 94105 | 01/19/2012 | 08-13555 (JMP) | 67850 | $7,198,020.87* |
| 17 | PUBLIC SECTOR PENSION INVESMENT BOARD 1250 RENE-LEVESQUE BLVD. WEST, SUITE 900 MONTREAL, QC H3B 4W8 CANADA | 11/02/2009 | 08-13555 (JMP) | 63851 | $175,950,000.00* | PUBLIC SECTOR PENSION INVESMENT BOARD ATTN: FIRST VICE PRESIDENT AND CHIEF LEGAL OFFICER 1250 RENE-LEVESQUE BLVD WEST, SUITE 900 MONTREAL, QC H3B 4W8 CANADA | 12/28/2011 | 08-13555 (JMP) | 67832 | $164,794,770.00 |
| 18 | SUNSHINE ENTERPRISES L.P. TRANSFEROR: EVERGREEN SOLAR, INC. C/O AKIN GUMP STRAUSS HAUER & FELD LLP ATTN: MICHAEL S. STAMER, ESQ., STEPHEN B. KUHN, ESQ., AND NATALIE E. LEVINE, ESQ. NEW YORK, NY 10036 | 09/22/2009 | 08-13555 (JMP) | 28007 | Undetermined | SUNSHINE ENTERPRISES L.P. C/O AKIN GUMP TRAUSS HAUER & FELD LLP ATTN: MICHAEL S. STAMER & SARAH LINK SCHULTZ ONE BRYANT PARK NEW YORK, NY 10036-6745 | 01/04/2011 | 08-13555 (JMP) | 67836 | $171,253,758.90* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 19 | SWIFT MASTER AUTO RECEIVABLES TRUST C/O ALLY FINANCIAL INC ATTN: STEPHEN VAN DOLSEN 1185 AVENUE OF THE AMERICAS, 2ND FLOOR NEW YORK, NY 10036 | 09/21/2009 | 08-13888 (JMP) | 26193 | $36,784,336.42* | SWIFT MASTER AUTO RECEIVABLES TRUST C/O ALLY FINANCIAL INC. ATTN: STEPHEN VAN DOLSEN 1185 AVENUE OF THE AMERICA,S 2ND FLOOR NEW YORK, NY 10036 | 01/30/2012 | 08-13888 (JMP) | 67867 | $36,968,786.94* |
| 20 | SWIFT MASTER AUTO RECEIVABLES TRUST C/O ALLY FINANCIAL INC ATTN: STEPHEN VAN DOLSEN 1185 AVENUE OF THE AMERICAS, 2ND FLOOR NEW YORK, NY 10104 | 09/21/2009 | 08-13555 (JMP) | 26195 | $36,784,336.42* | SWIFT MASTER AUTO RECEIVABLES TRUST C/O ALLY FINANCIAL INC. ATTN: STEPHEN VAN DOLSEN 1185 AVENUE OF THE AMERICAS, 2ND FLOOR NEW YORK, NY 10036 | 01/30/2012 | 08-13555 (JMP) | 67868 | $36,968,786.94* |
| 21 | TERRANOVA, THOMAS 159 WEST 23RD STREET APT 4R NEW YORK, NY 10011-2499 | 09/22/2009 | 08-13555 (JMP) | 33570 | $55,000.00 | TERRANOVA, THOMAS 159 WEST 23RD STREET APT 4R NEW YORK, NY 10011-2499 | 12/30/2011 | | 67829 | $70,000.00 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 257: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 22 | WILMINGTON TRUST COMPANY, AS TRUSTEE LEHMAN XS TRUST, SERIES 2007-14H C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 09/21/2009 | 08-13555 (JMP) | 21120 | $4,779,485.60* | WILMINGTON TRUST COMPANY, AS TRUSTEE LEHMAN XS TRUST, SERIES 2007-14H C/O DORRI COSTELLO RODNEY SQUARE NORTH, MAIL CODE 1605 1100 NORTH MARKET STREET WILMINGTON, DE 19801 | 01/19/2012 | 08-13555 (JMP) | 67849 | $4,794,731.43* |
| 23 | ZEDLOVICH, PAUL 7 CARCH RD BRIARCLIFF MANOR, NY 10510 | 09/22/2009 | 08-13555 (JMP) | 28621 | $52,500.00 | ZEDLOVICH, PAUL W. 7 LARCH RD BRIARCLIFF MANOR, NY 10510 | 12/27/2011 | 08-13555 (JMP) | 67828 | $10,000.00 |
| | | | | TOTAL | $574,534,513.20 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                              :     Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :     **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :     **(Jointly Administered)**
-----------------------------------------------------------------x

## ORDER GRANTING DEBTORS' TWO HUNDRED FIFTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the two hundred fifty-seventh omnibus objection to claims, dated

February 6, 2012 (the "Two Hundred Fifty-Seventh Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter

11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d)

of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Amended and Superseded Claims on the basis that

such claims have been amended and superseded by the corresponding Surviving Claims,

all as more fully described in the Two Hundred Fifty-Seventh Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Fifty-Seventh Omnibus Objection

to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Two Hundred Fifty-Seventh Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Fifty-Seventh Omnibus Objection to Claims.

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Fifty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Fifty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Fifty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Debtors' right to further object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Debtors may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Fifty-Seventh Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "Reinstated

Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a Surviving Claim and all documentation previously filed in support of the Surviving Claim, including, but not limited to, amended derivative and guarantee questionnaires and supporting documentation, shall be deemed timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim that had been timely filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                        _____

                                        UNITED STATES BANKRUPTCY JUDGE