HEARING DATE AND TIME: March 22, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: March 7, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   08-13555 (JMP)
                                                                  :
                              Debtors.                            :   (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS' TWO HUNDRED SIXTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)**

**PLEASE TAKE NOTICE** that on February 6, 2012, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their two hundred sixty-first omnibus objection to claims (the "Two Hundred Sixty-First Omnibus Objection to Claims"), and that a hearing (the

US_ACTIVE:\43911415\02\58399.0008

"Hearing") to consider the Two Hundred Sixty-First Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **March 22, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Sixty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Lee J. Goldberg, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq.,); so as to be so filed and received by no later than **March 7, 2012 at 4:00 p.m. (Eastern Time)**

(the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Sixty-First Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Sixty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: February 6, 2012
      New York, New York

                         /s/ Robert J. Lemons
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Debtors
                        and Debtors in Possession

**HEARING DATE AND TIME: March 22, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: March 7, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                        Debtors.                :    (Jointly Administered)
-------------------------------------------------------------------x
```

**DEBTORS' TWO HUNDRED SIXTY-FIRST OMNIBUS**
**OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent:

## Relief Requested

        1.      The Debtors file this two hundred sixty-first omnibus objection to claims (the "<u>Two Hundred Sixty-First Omnibus Objection to Claims</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "<u>Procedures Order</u>") [ECF No. 6664], seeking to disallow and expunge the claims listed on <u>Exhibit A</u> annexed hereto.

        2.      The proofs of claim identified on <u>Exhibit A</u> (collectively, the "<u>No Guarantee Claims</u>") are claims against LBHI based on Guarantees (as defined herein) purportedly issued by LBHI, but which were never actually issued. LBHI has no liability for the No Guarantee Claims and therefore requests that such claims be disallowed and expunged in their entirety.

        3.      The Debtors reserve all their rights to object on any basis to any No Guarantee Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

        4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.      On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors [ECF No. 23023].

8.      On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271].  The Bar Date Order provided specific filing procedures that applied to the filing of a "claim against a Debtor based on amounts owed pursuant to a promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance" (a "Guarantee").  (Bar Date Order at 7.)  The Bar Date Order required, among other things, that each holder of a claim against a Debtor based on a Guarantee complete an electronic Guarantee Questionnaire (as defined in the Bar Date

Order) and, on or before October 22, 2009, at 5:00 p.m. (prevailing Eastern Time) (the "Questionnaire Deadline"), "electronically upload supporting documentation and evidence of the underlying claim amount on the [Debtors'] website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim." (*Id*. at 7-8.)   A copy of the Guarantee Questionnaire was attached as Exhibit D to the Bar Date Order.   Additionally, a copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. The information provided by each claimant in the respective Guarantee Questionnaire sets forth the basis of such holder's claim based on a Guarantee.

10. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

**The No Guarantee Claims Should Be Disallowed and Expunged**

11. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Debtors have identified the No Guarantee Claims as claims asserted against LBHI based on LBHI's purported guarantee of the obligations of one of its affiliates under derivatives contracts.   However, the claimants did not include with their proof of claim or their Guarantee Questionnaires a copy of an executed Guarantee.   Rather the claimants either did not include any Guarantee or included an unexecuted copy of a Guarantee.   LBHI has no liability for the No Guarantee Claims because they are based on Guarantees that have not been issued by and therefore cannot be enforced against LBHI.   The Debtors have conducted a

reasonable and diligent search of their internal systems and files and have been unable to locate any executed versions of the Guarantees that were submitted by claimants in support of their No Guarantee Claims.

12. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13. The No Guarantee Claims should be disallowed and expunged because the claimants have provided no evidence of any Guarantee enforceable against LBHI. Each of the No Guarantee Claims seeks to impose liability on LBHI solely based on an alleged guarantee of an alleged debt of an affiliate of LBHI. Each of the purported guarantees, however, remains unexecuted by LBHI, and an unexecuted guarantee is not an enforceable contract under New York law. *See* N.Y. Gen. Oblig. Law § 5-701 ("[A] special promise to answer for the debt, default or miscarriage of another person" is "void, unless it or some note or memorandum thereof be in writing, *and subscribed by the party to be charged therewith*.") (emphasis added); *Hovensa, LLC v. Technip Italy SPA*, 2009 WL 690993, at *6 (S.D.N.Y. Mar. 16, 2009) (dismissing guarantee claim where the

alleged guarantee did not satisfy the statute of frauds); *Mass v. McClenahan*, 893 F.Supp. 225, 234 (S.D.N.Y. 1995) ("[U]nder New York law, a promise to answer for the obligation of another must be in writing and signed by the party to be charged in order to be enforceable.").

14. The No Guarantee Claims fail to articulate any legal or factual basis upon which to enforce the No Guarantee Claims against LBHI. If the No Guarantee Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against LBHI's estate. Accordingly, the Debtors respectfully request that the Court disallow and expunge in their entirety the No Guarantee Claims listed on Exhibit A.

**Notice**

15. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Two Hundred Sixty-First Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Debtors submit that no other or further notice need be provided.

16. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: February 6, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 261: EXHIBIT A – NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BANGKO SENTRAL NG PILIPINAS<br>C/0 RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25886 | $17,635,462.00 | No Guarantee Claim |
| 2 | HARBOUR CAPITAL ADVISORS INC. FOR OIMRA<br>C/0 RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25888 | $476,935.00 | No Guarantee Claim |
| 3 | JUDSON<br>ATTN: TIM BEAUREGARD<br>2181 AMBLESIDE DRIVE<br>CLEVELAND, OH 44106 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32485 | $434,656.17 | No Guarantee Claim |
| 4 | LEHMAN BROTHERS REAL ESTATE PARTNERS, III L.P.<br>ATTN: RODOLPHO AMBOSS AND JI YEONG CHU<br>1330 AVENUE OF THE AMERICAS<br>12TH FLOOR<br>NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28925 | $14,505,891.62* | No Guarantee Claim |
| 5 | LOOMIS STREET, L.L.C.<br>TRANSFEROR: GSEF AL NAWRAS (CAYMAN) LIMITED<br>C/O ROPES & GRAY LLP<br>ATTN: JONATHAN REISMAN<br>PRUDENTIAL TOWER<br>BOSTON, MA 02199-3600 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/07/2010 | 66503 | $15,334,482.67 | No Guarantee Claim |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 261: EXHIBIT A – NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | LUTHERAN SENIOR SERVICES<br>1150 HANLEY INDUSTRIAL COURT<br>BRENTWOOD, MO 63144 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23948 | $103,187.74 | No Guarantee Claim |
| 7 | MARINER LDC<br>ATTN: JOHN KELTY<br>C/O MARINER INVESTMENT GROUP, LLC<br>500 MAMARONECK AVENUE, SUITE 101<br>HARRISON, NY 10528 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23764 | $9,116,026.89* | No Guarantee Claim |
| 8 | NORTHERN ROCK PLC<br>ATTN: LEGAL SERVICES<br>NORTHERN ROCK HOUSE<br>GOSFORTH<br>NEWCASTLE UPON TYNE, NE3 4PL<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 18572 | $3,558,606.00* | No Guarantee Claim |
| | | | | | TOTAL | $61,165,248.09 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                             :    **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
                                                  :
            Debtors.                              :    **(Jointly Administered)**
----------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWO HUNDRED SIXTY-FIRST
OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)**

Upon the two hundred sixty-first omnibus objection to claims, dated February 6, 2012 (the "Two Hundred Sixty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Guarantee Claims on the grounds that such claims are unenforceable against, and impose no liability on, LBHI, all as more fully described in the Two Hundred Sixty-First Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-First Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Sixty-First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Sixty-First Omnibus Objection to Claims.

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Sixty-First Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Sixty-First Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-First Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Guarantee Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred Sixty-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                                    UNITED STATES BANKRUPTCY JUDGE