UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC.,                      08-13555 (JMP)
*et al.,*
        Debtor.                                  (Jointly Administered)
------------------------------------------------------------X

## STIPULATION AND ORDER SETTLING ISSUES IN CONNECTION WITH THE POSTPETITION FINANCING OF LEHMAN BROTHERS HOLDINGS INC. AND PROVIDING FOR RELEASE OF FUNDS

This stipulation (the "Stipulation") is made as of this 25th day of January 2012, by and among Lehman Brothers Holdings Inc. ("LBHI," and together with its affiliated debtors-in-possession, the "Debtors"), the official committee of unsecured creditors (the "Committee") for LBHI and the Debtors, and Barclays Bank PLC and Barclays Capital Inc. (together, "Barclays" and collectively with the Committee and the Debtors, the "Parties"):

### RECITALS

WHEREAS, commencing on September 15, 2008 and periodically thereafter, the Debtors commenced with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

WHEREAS, on September 17, 2008, LBHI filed a Motion for Order: (i) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of Bankruptcy Code, (ii) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code, and (iii) Scheduling Final Hearing (D.I. 59, the "DIP Motion"), seeking approval of that certain Senior Secured Superiority Debtor in Possession Credit Agreement, dated September 17, 2008 (the "DIP Credit Agreement"); and

WHEREAS, on September 17, 2008, the Bankruptcy Court entered its Interim Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of

Bankruptcy Code, (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code and (III) Scheduling a Final Hearing (D.I. 89, the "Interim Order"); and

WHEREAS, on September 29, 2008, the Committee filed the Motion of Official Committee of Unsecured Creditors for Reconsideration of Court's September 17, 2008 Interim Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of Bankruptcy Code and (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code (D.I. 434, the "Motion for Reconsideration"); and

WHEREAS, on October 8, 2008, the Debtors filed a Notice of Withdrawal of Motion (i) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of the Bankruptcy Code, (ii) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of the Bankruptcy Code (D.I. 741, the "Withdrawal of Motion"); and

WHEREAS, prior to the filing of the Withdrawal of Motion, the Debtors repaid the outstanding principal, accrued interest, and certain fees owed under the DIP Credit Agreement, and permanently terminated all commitments thereunder (the "DIP Termination"); and

WHEREAS, Barclays has claimed entitlement to a "termination fee" in principal amount of $7,500,000.00 (the "Termination Fee") under the terms of that certain fee letter (the "Fee Letter") executed in connection with the DIP Credit Agreement; and

WHEREAS, by letter dated October 3, 2008, LBHI advised Barclays that it disputed Barclays' entitlement to the Termination Fee; and

WHEREAS, the Motion for Reconsideration has been adjourned from time to time; and

WHEREAS, on December 22, 2008, the Bankruptcy Court entered its Order Authorizing and Approving Debtor's Sale of Purchased Assets and Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection with Sale of Lehman Brothers' Investment Management Division (D.I. 2350, the "IMD Sale Order"), which *inter alia*, provided that the first priority liens granted to Barclays under the terms of the DIP Credit Agreement and the

Interim Order would attach, in the same priority and to the same extent, to the proceeds of the sale authorized by the IMD Sale Order;

WHEREAS, on March 11, 2009, the Bankruptcy Court entered its Order Pursuant to Sections 105 and 364 of the Bankruptcy Code Authorizing the Debtors to Grant First Priority Liens in Cash Collateral Posted in Connection with the Hedging Transactions the Debtors Enter Into Through Certain Futures and Prime Brokerage Accounts (D.I. 3047, the "Escrow Order"), which *inter alia*, (i) directed the Debtors to establish a separate bank account in the name of LBHI titled as the "Barclays First Lien Account", (ii) directed the Debtors to deposit $10.5 million in the Barclays First Lien Account (together with any interest accrued thereon, "Escrowed Funds"), (iii) granted Barclays first priority liens against the Barclays First Lien account in the same priority and to the same extent granted to Barclays under the DIP Order and the IMD Sale Order, and (iv) extinguished the first priority liens granted to Barclays in connection with the DIP Order and the IMD Sale Order; and

WHEREAS, the Escrow Order also provided that the Debtors and Barclays had agreed that the Debtors would not use the $10.5 million deposited in the Barclays First Lien Account unless (i) the Debtors obtained Court authorization upon notice and hearing or (ii) the Debtors and Barclays consensually resolved any and all of Barclays' claims under the DIP Credit Agreement and the Interim Order; and

WHEREAS, on December 8, 2011, Barclays filed the Objection of Barclays Capital Inc. and Barclays Bank PLC to Motion of Official Committee of Unsecured Creditors for Reconsideration of Court's September 17, 2008 Interim Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to Sections 363 and 364 of Bankruptcy Code & (II) Granting Liens and Superpriority Claims to Postpetition Lenders Pursuant to Section 364 of Bankruptcy Code (D.I. 23126, the "Barclays' Objection"); and

NOW, THEREFORE, the Parties hereto, by and through their respective attorneys, hereby agree as follows:

1. The terms and conditions of this Stipulation, and the Parties' respective obligations hereunder, shall become effective and enforceable on the Approval Date (as defined below). If the Bankruptcy Court does not approve and enter this Stipulation on or before February 16, 2012, this Stipulation shall be null and void and of no further force or effect, provided, however, that pending such approval, none of the Parties shall take actions inconsistent with the provisions of this Stipulation.

2. No later than three (3) business days from the Approval Date, the Escrowed Funds deposited in the Barclays First Lien Account pursuant to the Escrow Order, shall be released as follows:

   a. $6.25 million will be transferred to an account as directed by Barclays (the "Barclays Transfer"); and

   b. the balance of the Escrowed Funds, including any interest thereon, shall be released to the Debtors to be deposited into an account as directed by the Debtors or as otherwise determined by the Debtors in their discretion.

3. Within five (5) business days of completion of the Barclays Transfer, the Committee shall file and serve a notice withdrawing the Motion for Reconsideration with prejudice (the "Committee Withdrawal"). Within five (5) business days of the Committee Withdrawal, Barclays shall file and serve a notice withdrawing the Barclays' Objection with prejudice (the "Barclays Withdrawal").

4. Upon completion of the Barclays Transfer pursuant to paragraph two (2) hereof, each of Barclays and the Debtors, and each of their respective agents, employees, principals, professionals, successors, affiliates and assigns, shall be deemed to have fully, finally and forever waived, settled, compromised and released any and all claims, liabilities and obligations they might have against one another (including, without limitation, claims that are now unknown, contingent and/or unliquidated) on account of, or relating to the Fee Letter and the Escrowed Funds.

5. WITH RESPECT TO THE RELEASES PROVIDED HEREIN, THE PARTIES HERETO FURTHER ACKNOWLEDGE AND EXPRESSLY WAIVE THE BENEFIT OF ANY STATUTORY PROVISION OR COMMON LAW RULE THAT PROVIDES THAT A RELEASE DOES NOT EXTEND TO CLAIMS WHICH A PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN ITS FAVOR AT THE TIME OF EXECUTION, INCLUDING, WITHOUT LIMITATION, THE PROVISIONS OF CALIFORNIA CIVIL CODE SECTION 1542.

6. The "Approval Date" shall be the date on which the Bankruptcy Court's approval and entry of this Stipulation becomes a final order; provided, however, that the "Approval Date" shall be immediately upon approval and entry of this Stipulation by the Bankruptcy Court, notwithstanding any applicability of Bankruptcy Rule 6004(h), if no party in interest timely files an objection to the Bankruptcy Court's approval of this Stipulation.

7. For the avoidance of doubt, the rights and defenses of each of the Debtors, Barclays, and James W. Giddens, as Trustee for Lehman Brothers Inc. under the Securities Investor Protection Act (the "SIPA Trustee"), with respect to any litigation, contested matter, claims adjudication or other dispute against the other are fully preserved except as expressly set forth herein, including without limitation, any rights, defenses, counterclaims and/or cross-claims asserted in connection with or related to the following: (i) the Motion of Debtor to Modify the September 20, 2008 Sale Order and Granting Other Relief (D.I. 5148); (ii) the Motion of the Trustee for Relief Pursuant to the Sale Orders or, Alternatively, for Certain Limited Relief Under Rule 60(b) (Case No. 08-01420, D.I. 1682); (iii) the Motion of Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., Authorizing and Approving (A) Sale of Purchased Assets Free and Clear of Liens and Other Interests and (B) Assumption and Assignment of Executory Contracts and Unexpired Leases, Dated September 20, 2008 (and Related SIPA Sale Order) and Joinder in Debtors and SIPA Trustee's Motions for an Order Under Rule 60(B) to Modify Sale Order (D.I. 5169; Case No. 08-01420, D.I. 1686); (iv) all joinders thereto and the

5

related adversary proceedings[1]; (v) the Motion of Barclays Capital Inc. to Enforce the Sale Order and Secure Delivery of All Undelivered Assets (D.I. 6814; Case No. 08-1420, Docket No. 2581); and (vi) any order or any appeal from any order concerning the foregoing matters (i) through (v).

8. Subject to Bankruptcy Court approval, this Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns.

9. Nothing in this Stipulation shall constitute, or be considered as, an admission of liability or wrongdoing by any of the Parties, or any agreement by any of the Parties as to the validity of any of the positions advanced by any of the other Parties. No Party hereto admits that he, she or it has any liability to any other Party to this Stipulation.

10. Subject to Bankruptcy Court approval with respect to the Debtors and the Committee, the Parties represent that they are authorized to do such things, execute such documents, and expend such funds as may be reasonably necessary to effectuate the terms and conditions of this Stipulation. The Parties shall take such actions as may be reasonably required to promptly obtain the Bankruptcy Court's approval of this Stipulation.

11. This Stipulation contains the entire understanding of the Parties hereto and supersedes all prior understandings and agreements, whether written or oral, between the Parties hereto. The Parties hereto acknowledge that they are not relying on any promises or representations not contained in this Stipulation.

12. No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

13. Subject to Bankruptcy Court approval with respect to the Debtors and the Committee, each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that he/she is

---

[1] The adversary proceedings are: Adv. Pro. 09-01732 (JMP), Adv. Pro. 09-01731 (JMP) and Adv. Pro. 09-01733 (JMP), respectively.

6

authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the party indicated.

14. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to New York's rules governing conflicts of laws.

15. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

16. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Dated: New York, New York
       January 25, 2012

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br><br>By: /s/ James C. Tecce<br>Susheel Kirpalani<br>James C. Tecce<br>Eric M. Kay<br><br>51 Madison Avenue<br>New York, New York 10010<br>Telephone No.: (212) 849-7000<br>Facsimile No.: (212) 849-7100<br><br>*Special Counsel to Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.* | **WEIL GOTSHAL & MANGES LLP**<br><br>By: /s/ Harvey R. Miller<br>Harvey R. Miller<br><br>767 Fifth Avenue<br>New York, New York 10153<br>Telephone No.: (212) 310-8000<br>Facsimile No.: (212) 310-8007<br><br>*Attorneys for LBHI* |
| **CLEARY GOTTLIEB STEEN & HAMILTON LLP**<br><br>By: /s/ Lindsee P. Granfield<br>Lindsee P. Granfield<br>Lisa M. Schweitzer<br>Luke A. Barefoot<br><br>One Liberty Plaza<br>New York, New York 10006<br>Telephone No.: (212) 225-2000<br>Facsimile No.: (212) 225-3999<br><br>*Attorneys for Barclays Bank PLC & Barclays Capital Inc.* | |

**SO ORDERED:**

Dated: New York, New York
       February 7, 2012            *s/ James M. Peck*
                                   Honorable James M. Peck
                                   United States Bankruptcy Judge