

## *Judson*
### at University Circle
#### The Park - The Manor

Cynthia H. Dunn
*President and CEO*

Date:        October 20, 2008

To:          Lehman Brothers
             1271 Avenue of the Americas, 43rd Floor, New York, NY 10020
             Attention: Allyson Carine – Senior Vice President / Capital Markets Contracts - Legal

             Lehman Brothers Special Financing Inc.
             745 Seventh Avenue, 16th Floor, New York, NY 10019
             Attention: Municipal Financial Products – Middle Office

From:        Judson
             2181 Ambleside Road
             Cleveland, OH 44106
             Attention:  Hong Chae, Vice President Finance/CFO

### Event of Default Notice

Dear Sir or Madam:

Pursuant to the terms of the ISDA Master Agreement between Lehman Brothers Special Financing Inc. ("Party A") and Judson ("Party B") dated as of September 2, 2005 (together with the Schedule thereto, all annexes thereto and the Confirmations of all Transactions outstanding thereunder, the "Agreement") and due to the bankruptcy of Party A and Party A's Credit Support Provider, Lehman Brothers Holdings Inc., each of which constitutes an Event of Default under Section 5(a)(vii) of the Agreement with Party A as the Defaulting Party, Party B hereby notifies you of the following (capitalized terms used and not defined below have the meanings given in the Agreement):

1) Pursuant to Section 6(a) of the Agreement, Party B is entitled to designate an Early Termination Date in respect of all Transactions. Party B's current intent is to designate an Early Termination Date upon the date of receipt or deemed receipt of the consent of Party A described in 8) and 9) below.

2) Party B hereby designates Cain Brothers and Company, LLC as the Calculation Agent under Part 3(b) of the Schedule to the Agreement.

3) If Party B designates an Early Termination Date in respect of all Transactions, the Settlement Amount payable in connection with the designation of the Early Termination




4) Date will be determined by Party B, as the Non-Defaulting Party in accordance with the terms of the Agreement, including the terms outlined in Section 6(e)(i)(3) of the Agreement and in Part 1(f) of the Schedule to the Agreement.

5) Party B, as the Non-defaulting Party, has identified the following dealers as "Reference Market-makers", each of which qualifies under the terms of Part 1(f) of the Schedule to the Agreement and the definition of "Reference Market-makers" in Section 12 of the Agreement:

   i)  Bank of America
   ii)  Citibank
   iii)  Deutsche Bank
   iv)  JP Morgan
   v)  Morgan Stanley
   vi)  US Bank
   vii)  Wells Fargo

6) Party B respectfully asks that Party A supply a list of any additional Reference Market-makers it would like to have considered added to the list in 4) above by notifying Party B by the close of business on the second Local Business Day after receipt of this notice by Party A. In the event that Party A does not notify Party B of such additional Reference Market-makers for consideration, none will be added.

7) If Party B designates an Early Termination Date in respect of all Transactions, Party B will solicit quotations for each Transaction from the Reference Market-makers on or as soon as reasonably practicable after the Early Termination Date, in accordance with the Market Quotation payment measure set forth in the Agreement.

8) Once the quotations referred to in 6) above are obtained, the Agreement provides that Party A has the option to either:

  (i)  pay to Party B, or receive from Party B, as the case may be, an amount equal to the highest quotation received, in the case of a payment to Party B, or the lowest quotation received, in the case of a payment from Party B, each as the Settlement Amount; or

  (ii)  assign its rights and obligations under the Agreement to the Reference Market-maker that provided the highest quotation in the case of a payment to be made to Party A, or to the Reference Market-maker that provided the lowest quotation, in the case of a payment received from Party A, as applicable.

9) In the interest of time and in light of the potential complications associated with any assignment and to mitigate damages to both parties, Party B respectfully asks that Party A agree to the alternative outlined in 7(i) above, modified such that if (i) a payment is owed to Party A, Party B will agree to pay as the Settlement Amount an amount equal to the highest quotation received from the Reference Market-makers or (ii) a payment is owed to Party B, Party B agrees to accept as the Settlement Amount an amount equal to the lowest quotation received from the Reference Market-makers .


2181 Ambleside Drive · Cleveland, Ohio 44106 · (216) 721-1234 · Fax (216) 791-5595
judsonretirement.org
A not-for-profit, interdenominational organization since 1906

A Commitment to Excellence


10) In the event that Party A does not respond to our request to consent set forth in 8) above by the close of business on the second Local Business Day after receipt of this notice by Party A, then Party A shall be deemed to have chosen the option set forth in 7(i) above, without the modification set forth in 8) above as of the close of business on the second Local Business Day after receipt of this notice by Party A, and Party B will determine the Settlement Amount in accordance with Section 6(e)(i)(3) of the Agreement.

11) With respect to the considerations in 5) and consent of Party A described in 8) and 9) above, please send them to Party B at:

        Judson
        2181 Ambleside Road
        Cleveland, OH  44106
        Attention:  Hong Chae, Vice President Finance/CFO

Also, please send an electronic copy of the consents to Party B at hchae@judsonretirement.org with additional copies to the Calculation Agent at tsheehan@cainbrothers.com and jmanthei@cainbrothers.com.

We thank you for your cooperation and we look forward to working with you on completing the above process in a timely manner.  Nothing contained herein or related hereto shall be deemed to waive, limit or alter any of our rights, claims or causes of action under applicable law, the Agreement, any related documents or any matter related thereto.  All such rights, claims and causes of action are hereby reserved.

Sincerely,

Hong S. Chae, CPA
Vice President of Finance/CFO


A Commitment to Excellence

2181 Ambleside Drive · Cleveland, Ohio 44106 · (216) 721-1234 · Fax (216) 791-5595
judsonretirement.org
A not-for-profit, interdenominational organization since 1906

