B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.

Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Capital Master Partners LP | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Capital Master Partners LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Last Four Digits of Account #: <u>N/A</u>

Court Claim # (if known): <u>59098</u>
Total Amount of Claim as Filed: <u>$669,387,079.91</u>

Amount of Claim as Filed with respect to ISIN XS0325476215: <u>$5,839,630.00</u>
Amount of Claim Transferred with respect to ISIN XS0325476215: <u>$763,424.80 (or 13.07317% of the above Amount of Claim as Filed with respect to ISIN XS0325476215)</u>

Amount of Claim as Allowed pursuant to the Notice of Proposed Allowed Claim Amount with respect to ISIN XS0325476215: <u>$5,818,333.66</u>
Amount of Claim Transferred with respect to ISIN XS0325476215: <u>$760,640.69 (or 13.07317% of the above Amount of Claim as Allowed with respect to ISIN XS0325476215)</u>

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

Date Claim Filed: <u>10/30/2009</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

**\*PLEASE SEE ATTACHED EXHIBITS\***

Phone: _____
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH CAPITAL MASTER PARTNERS LP**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____
    Name of Transferee/Transferee's Agent

Michael A. Weinstock
Managing Principal

Date: February 8, 2012

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Monarch Capital Master Partners LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage and nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59098** filed by or on behalf of **CVI GVF (LUX) Master S.à.r.l.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claims, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) the Transferred Claims are not subject to any type of plan support agreement; (h) Seller has delivered to Purchaser all notices it has received with respect to the Transferred Claims; and (i) Seller did not deliver a Response (as defined in the Notice of Proposed Claim Amount, dated August 24, 2011) with respect to the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

Evidence of Transfer of Claim22902615B_EXE_1.DOC

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, proceeds, or notices received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Purchaser shall have sole authority to exercise all voting and other rights and remedies with respect to the Transferred Claims; provided, however, that if for any reason Seller is entitled to exercise any such rights (including without limitation, the right to vote on a plan or object to a claims valuation notice in the Proceedings) after the date hereof, then Seller agrees that it will act or refrain from acting in respect of any request, act, decision or vote to be made by Seller in respect of the Transferred Claims (an "Action") as follows: (i) if an Action is divisible and may be taken separately in respect of the Transferred Claim, Seller shall act in accordance with Buyer's written directions (if timely given), or (ii) if the action is not divisible in respect of the Transferred Claims, then Seller shall take action in accordance with the written directions (if timely given) of holders (including Seller, if applicable) owning or holding interests representing a majority (the "Majority in Interest") of the total amount of the aggregate claims then outstanding in respect of which (i) such action is to be taken by Seller and (ii) that direct Seller to take action with respect thereto. Buyer acknowledges that Buyer shall be bound by any decisions of Seller or the Majority in Interest, as the case may be, with respect to any vote in respect of a Plan. Seller may refuse to follow Buyer's or the Majority in Interest's instructions if it might expose Seller to any liability or obligation of any kind for which Seller is not, in Seller's reasonable judgment, adequately indemnified.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __8__ day of February 2012.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**Monarch Capital Master Partners LP**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name:
Title:

Monarch Capital Master Partners LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _____ day of February 2012.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**Monarch Capital Master Partners LP**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____    Michael A. Weinstock
Name:                           Managing Principal
Title:

Monarch Capital Master Partners LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn:  Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Schedule 1

Transferred Claims

Purchased Claim

13.073117% of the proof of claim ($763,424.80 of $5,839,630.00) (in each case, plus accrued and unpaid interest and other amounts) with respect to ISIN XS0325476215.

*Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Purchased Claim represents $760,640.69, which is 13.073117% of the total Proposed Allowed Claim Amount of $5,818,333.66 with respect to XS0325476215.*

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 5,300,000 Commodity Basket Linked Notes due October 2009 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0325476215 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 536,000 Equivalent to USD 763,424.80 | N/A | October 19, 2009 | All accrued interest, fees and other recoveries due. |

Schedule 1–1

<u>Exhibit B</u>

Proof of Claim

**United States Bankruptcy Court/Southern District of New York**

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**LEHMAN SECURITIES PROGRAMS
PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000059098

Note: This form may not be used to file claims other than those
based on Lehman Programs Securities as listed on
http://www.lehman-docket.com as of July 17, 2009

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

C.V.I. G.V.F. (Lux) Master S.A.R.L.
c/o CarVal Investors, UK, Ltd.
Knowle Hill Park, Fairmile Lane
Cobham, Surrey KT11 2PD
United Kingdom

Telephone number: 00 44 1932 86 1594    Email Address: Annemarie.Jacobsen@carval.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
    (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ not less than $669,387,079.91    (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** see attached    (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

see attached    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

see attached    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| 10/__/2009 | |

**FOR COURT USE ONLY**

FILED / RECEIVED

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

SIGNED BY CARVAL INVESTORS UK LTD
ON BEHALF OF CVI GVF (LUX) MASTER SAR.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____ **DEFINITIONS** _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

_____ **INFORMATION** _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

### ATTACHMENT TO PROOF OF CLAIM OF C.V.I. G.V.F. (LUX) MASTER S.A.R.L. AGAINST LEHMAN BROTHERS HOLDINGS INC.

The undersigned, CarVal Investors UK, Ltd., having an office at Knowle Hill Park, Fairmile Lane, Cobham, Surrey, United Kingdom, is duly authorized to execute and submit this claim (the "Claim") on behalf of C.V.I. G.V.F. (Lux) Master S.A.R.L. ("CarVal").   In support of the claim, CarVal represents as follows:

#### Background

1.      Lehman Brothers Holdings, Inc. ("LBHI," and together with its affiliated debtors in these chapter 11 cases, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 (the "Petition Date").  Lehman Brothers Treasury Co. B.V. ("LBTCBV") was declared bankrupt by the Amsterdam (Holland) District Court on October 8, 2008 with the appointment of a bankruptcy trustee.  On January 30, 2009, the Court of First Instance of the Netherlands Antilles, venue Curacao, adjudicated bankrupt Lehman Brothers Securities N.V. ("LBSNV") with the appointment of a trustee.  In the Court of Amtsgericht Frankfurt am Main on 13th November 2008 insolvency proceedings were opened over Lehman Brothers Bankhaus AG ("LBB") with the appointment of an insolvency administrator.

DOC ID-10996597.1

2.    On July 2, 2009, the Bankruptcy Court entered an order (the "Bar Date Order"), setting November 2, 2009 at 5:00 p.m. (prevailing Eastern Time) (the "Bar Date") as the last date and time for filing proofs of claim for holders of Lehman Program Securities (as defined in the Bar Date Order) in LBHI's bankruptcy case. CarVal asserts this Claim pursuant to the Bar Date Order.

### Basis of Claim

3.    CarVal is a holder of certain Lehman Program Securities, as listed on the schedule attached hereto as Exhibit A, all of which were issued by LBHI, LBTCBV,LBSNV or LBB. CarVal holds, and is owed, $669,387,079.91 in aggregate principal face amount of Lehman Program Securities, plus all accrued and unpaid interest due and owing as of the Petition Date (together, the "Claim Amount").

4.    On June 9, 2005, the Executive Committee of the Board of Directors of LBHI adopted a certain resolution by unanimous consent, which stated that LBHI "fully guarantee[d] the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A," which schedule identified LBTCBV,LBSNV and LBB as subsidiaries (the "Board Guarantee").[1] Board Guarantee, at 2.

5.    As of the date of the filing of this Claim, CarVal has received no payment on account of any portion of the Claim Amount from LBHI, LBTCBV, LBSNV or LBB. CarVal accordingly asserts this Claim for the full Claim Amount against LBHI (i) as issuer of certain Lehman Program Securities, and (ii) with respect to Lehman Program Securities issued by LBTCBV, LBSNV and LBB, as guarantor of the liabilities and obligations of LBTCBV, LBSNV and LBB pursuant to the Board Guarantee.

---

[1]    A copy of the Board Guarantee is attached hereto as Exhibit B.

6.     The Claim is evidenced by various documents and instruments, including (without limitation) the International Securities Identification Number of each Lehman Program Security, related blocking reference numbers and Euroclear account numbers, and the Board Guarantee. CarVal reserves the right to attach, produce, and/or rely upon additional documents supporting its Claim or additional documents that may become available after further investigation or discovery.

7.     No judgment has been rendered on account of the Claim.

8.     The amounts of any payment on the Claim has been credited and deducted for the purpose of making this Claim.

9.     The Claim is filed as an unsecured claim.

10.    All notices and distributions in respect of the Claim should be forwarded to:

>      C.V.I. G.V.F. (Lux) Master S.A.R.L.
>      c/o CarVal Investors, UK, Ltd.
>      Knowle Hill Park, Fairmile Lane
>      Cobham, Surrey KT11 2PD
>      United Kingdom

11.    This proof of claim is filed to protect CarVal from forfeiture of its claims by reason of the Bar Date. The filing of this proof of claim is not and should not be construed to be: (a) a waiver or release of the rights of CarVal against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdrawn or contest the Bankruptcy Court's jurisdiction with respect to the subject matter of these claims, any objection or other proceeding commenced with respect thereto, or any other proceeding commenced in this case against or otherwise involving CarVal; (c) a waiver of any right to the subordination, in favor of CarVal, of indebtedness or liens held by creditors of LBHI,

DOC ID-10996597.1                          3

or any affiliated debtor; or (d) an election of choice of law or remedy that waives or otherwise affects any other remedy of CarVal.

12.     CarVal reserves the right, in accordance with Bankruptcy Court orders and procedures to amend, modify and/or supplement this Claim, and/or file additional claims from time to time as may be necessary or appropriate.

13.     The filing of this Claim shall not constitute a concession or admission by CarVal of any liability or the existence or veracity of any facts with respect to any claim that has been or may be asserted against CarVal by third parties.

14.     Nothing contained herein shall limit the rights of CarVal from commencing any proceeding or taking any action concerning its claims or any lien or security interest to the extent permitted by the Bankruptcy Code or applicable non-bankruptcy law.

Dated: Surrey, United Kingdom
       October 2$\mathcal{4}$, 2009

**C.V.I. G.V.F. (LUX) MASTER S.A.R.L.**

**By: CarVal Investors UK, Ltd.**

By: _____
Title:

**EXHIBIT A**

SCHEDULE OF LEHMAN PROGRAM SECURITIES

| Entity | ISIN | Quantity Blocked | Currency | USD Equivalant of Quantity Blocked | Blocking Reference Number | Euroclear Account Number |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury BV | AU300LBTC011 | 7,300,000.00 | AUD | 5,887,571.58 | 6031905 | 92317 |
| Lehman Brothers Treasury BV | AU300LBTC029 | 26,600,000.00 | AUD | 21,453,343.01 | 6028707 | 92317 |
| Lehman Brothers Treasury BV | AU300LBTC029 | 2,000,000.00 | AUD | 1,613,033.31 | 6046164 | 92317 |
| Lehman Brothers Treasury BV | CH0027120812 | 5,000,000.00 | CHF | 4,480,688.23 | 6028922 | 92317 |
| Lehman Brothers Treasury BV | CH0029197156 | 1,300,000.00 | CHF | 1,164,978.94 | 6031895 | 92317 |
| Lehman Brothers Holdings Inc | JP584117A762 | 1,100,000,000.00 | JPY | 10,510,223.58 | 6028918 | 92317 |
| Lehman Brothers Holdings Inc | XS0128857413 | 282,000.00 | EUR | 401,652.60 | 6046160 | 90948 |
| Lehman Brothers Holdings Inc | XS0138439616 | 12,000,000.00 | EUR | 17,091,600.00 | 6031876 | 92317 |
| Lehman Brothers Holdings Inc | XS0179304869 | 1,490,000.00 | EUR | 2,122,207.00 | 6028701 | 92317 |
| Lehman Brothers Holdings Inc | XS0183944643 | 3,193,000.00 | EUR | 4,547,789.90 | 6028908 | 92317 |
| Lehman Brothers Holdings Inc | XS0189741001 | 16,674,000.00 | EUR | 23,748,778.20 | 6028907 | 92317 |
| Lehman Brothers Holdings Inc | XS0193035358 | 14,201,000.00 | EUR | 20,226,484.30 | 6031136 | 92317 |
| Lehman Brothers Treasury BV | XS0200049590 | 21,500,000.00 | USD | 21,500,000.00 | 6034559 | 92317 |
| Lehman Brothers Holdings Inc | XS0205185456 | 12,545,000.00 | EUR | 17,867,843.50 | 6046165 | 92317 |
| Lehman Brothers Treasury BV | XS0210782552 | 9,300,000.00 | EUR | 13,245,990.00 | 6031896 | 92317 |
| Lehman Brothers Holdings Inc | XS0218304458 | 2,700,000.00 | EUR | 3,845,610.00 | 6048212 | 90948 |
| Lehman Brothers Treasury BV | XS0220152069 | 3,700,000.00 | EUR | 5,269,910.00 | 6046166 | 92317 |
| Lehman Brothers Holdings Inc | XS0224346592 | 13,550,000.00 | EUR | 19,299,265.00 | 6046162 | 90948 |
| Lehman Brothers Treasury BV | XS0242396249 | 15,000,000.00 | USD | 15,000,000.00 | 6028905 | 92317 |
| Lehman Brothers Holdings Inc | XS0247679573 | 11,850,000.00 | EUR | 16,877,955.00 | 6031873 | 92317 |
| Lehman Brothers Treasury BV | XS0251195847 | 17,000,000.00 | GBP | 30,611,900.00 | 6028927 | 92317 |
| Lehman Brothers Holdings Inc | XS0252835110 | 15,000,000.00 | EUR | 21,364,500.00 | 6028909 | 92317 |
| Lehman Brothers Holdings Inc | XS0254171191 | 13,700,000.00 | EUR | 19,512,910.00 | 6028705 | 92317 |
| Lehman Brothers Holdings Inc | XS0257022714 | 19,300,000.00 | EUR | 27,488,990.00 | 6031898 | 92317 |
| Lehman Brothers Treasury BV | XS0267225273 | 500,000.00 | EUR | 712,150.00 | 6028929 | 92317 |
| Lehman Brothers Treasury BV | XS0268040192 | 5,000,000.00 | SGD | 3,509,264.46 | 6046174 | 92317 |
| Lehman Brothers Treasury BV | XS0270986499 | 11,000,000.00 | GBP | 19,807,700.00 | 6028924 | 92317 |
| Lehman Brothers Treasury BV | XS0272543900 | 11,350,000.00 | EUR | 16,165,805.00 | 6031888 | 92317 |
| Lehman Brothers Holdings Inc | XS0282937985 | 4,500,000.00 | EUR | 6,409,350.00 | 6031883 | 92317 |
| Lehman Brothers Treasury BV | XS0283497005 | 27,050,000.00 | EUR | 38,527,315.00 | 6031892 | 92317 |
| Lehman Brothers Treasury BV | XS0283497005 | 15,000,000.00 | EUR | 21,364,500.00 | 6046183 | 92317 |
| Lehman Brothers Bankhaus AG | XS0285486568 | 10,000,000.00 | EUR | 14,243,000.00 | 6046184 | 92317 |
| Lehman Brothers Treasury BV | XS0286897219 | 1,696,000.00 | EUR | 2,415,612.80 | 6048214 | 90948 |
| Lehman Brothers Treasury BV | XS0286900708 | 9,304,000.00 | CHF | 8,337,664.67 | 6048205 | 90948 |
| Lehman Brothers Holdings Inc | XS0288579260 | 1,500,000.00 | EUR | 2,136,450.00 | 6031907 | 92317 |
| Lehman Brothers Treasury BV | XS0288702052 | 1,596,000.00 | EUR | 2,273,182.80 | 6028926 | 92317 |
| Lehman Brothers Treasury BV | XS0297097429 | 10,000,000.00 | EUR | 14,243,000.00 | 6028946 | 92317 |
| Lehman Brothers Securities NV | XS0298339077 | 3,000,000.00 | USD | 3,000,000.00 | 6031891 | 92317 |
| Lehman Brothers Treasury BV | XS0298692434 | 89,000,000.00 | HKD | 11,424,610.41 | 6046186 | 92317 |
| Lehman Brothers Holdings Inc | XS0299141332 | 6,000,000.00 | GBP | 10,804,200.00 | 6031879 | 92317 |
| Lehman Brothers Treasury BV | XS0300241923 | 10,000,000.00 | GBP | 18,007,000.00 | 6031911 | 92317 |
| Lehman Brothers Treasury BV | XS0305158031 | 6,120,000.00 | AUD | 4,935,881.93 | 6028928 | 92317 |
| Lehman Brothers Holdings Inc | XS0307745744 | 4,300,000.00 | EUR | 6,124,490.00 | 6028699 | 92317 |
| Lehman Brothers Treasury BV | XS0307992676 | 3,659,000.00 | EUR | 5,211,513.70 | 6031870 | 92317 |
| Lehman Brothers Treasury BV | XS0314130369 | 10,000,000.00 | USD | 10,000,000.00 | 6028934 | 92317 |
| Lehman Brothers Treasury BV | XS0316515229 | 5,000,000.00 | USD | 5,000,000.00 | 6031909 | 92317 |
| Lehman Brothers Treasury BV | XS0325476215 | 4,100,000.00 | EUR | 5,839,630.00 | 6031866 | 92317 |
| Lehman Brothers Holdings Inc | XS0326006540 | 10,750,000.00 | EUR | 15,311,225.00 | 6046187 | 92317 |
| Lehman Brothers Treasury BV | XS0327261946 | 3,000,000.00 | USD | 3,000,000.00 | 6046188 | 92317 |
| Lehman Brothers Treasury BV | XS0332587715 | 5,000,000.00 | USD | 7,121,500.00 | 6046197 | 92317 |
| Lehman Brothers Treasury BV | XS0343872494 | 8,000,000.00 | USD | 8,000,000.00 | 6046231 | 92317 |
| Lehman Brothers Treasury BV | XS0353348666 | 5,800,000.00 | USD | 5,800,000.00 | 6028949 | 92317 |
| Lehman Brothers Treasury BV | XS0355227942 | 1,500,000.00 | EUR | 2,136,450.00 | 6031867 | 92317 |
| Lehman Brothers Holdings Inc | XS0362467150 | 400,000.00 | GBP | 720,280.00 | 6028703 | 92317 |
| Lehman Brothers Treasury BV | XS0364263144 | 5,000,000.00 | EUR | 7,121,500.00 | 6028917 | 92317 |
| Lehman Brothers Treasury BV | XS0365822435 | 3,600,000.00 | EUR | 5,127,480.00 | 6028700 | 92317 |
| Lehman Brothers Holdings Inc | XS0383842951 | 33,000,000.00 | GBP | 59,423,100.00 | 6046251 | 92317 |
| **TOTAL** | | | | 669,387,079.91 | | |

**EXHIBIT A CONTINUED**

**SCHEDULE OF LEHMAN PROGRAM SECURITIES**

| Exchange Rates | |
|---|---|
| AUD | 0.806516655 |
| CHF | 0.896137647 |
| JPY | 0.009554749 |
| EUR | 1.4243 |
| GBP | 1.8007 |
| SGD | 0.701852892 |
| USD | 1 |
| HKD | 0.128366409 |

# EXHIBIT B

### LBHI BOARD GUARANTEE

06/08/2005    16:41    LEHMAN → 916467582653                    NO.504    P01

# UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

06-09-05    11:31    JDM INVESTMENTS                          ID=2023388294              P.02
                                                                           NO.298    004
                                                                           NO.504    002
06.05.2005    29:11    E-Fax - 912023382294
26/06/2005    16:41    LEHMAN + 916487522653

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.

John D. Macomber

2

06/08/2005    16:41    LEHMAN → 916467592653    NO.504    D03

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3



October 29, 2009

**VIA OVERNIGHT MAIL**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

       Re:   *In re Lehman Brothers Holdings*
              *Inc., Case No. 08-13555 (JMP)*

Dear Sir or Madam:

Enclosed is a proof of claim to be filed on behalf of CVI GVF (Lux) Master S.a r.l.in the above-referenced bankruptcy case.

We have included two originals of the proof of claim and its attachments.

Please file one original claim and return one original, date stamped, to us for our records by DHL using the enclosed waybill which is pre-filled to charge the cost to our account.

Please call me at +44 1932 861 594 if you have any questions.

Yours faithfully,

Annemarie Jacobsen

CarVal Investors UK Limited
Knowle Hill Park, Fairmile Lane
Cobham, Surrey KT11 2PD

www.carvalinvestors.com
PH +44 1932 861 258
FX +44 1932 861 558

