**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Turner P. Smith
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Plaintiff, Debtor Lehman Brothers
Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
:
In re:                                                              :    Chapter 11 Case
                                                                    :    No. 08-13555 (JMP)
                                                                    :    (Jointly Administered)
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                            :
                                                                    :
                            Debtors.                                :
---------------------------------------------------------------------x
                                                                    :
LEHMAN BROTHERS HOLDINGS INC.,                                      :
                                                                    :
                            Plaintiff,                              :
                                                                    :
          -against-                                                 :    Adversary Proceeding
                                                                    :    No.: _____ (JMP)
CITIMORTGAGE, INC.                                                  :
                                                                    :
                            Defendant.                              :
---------------------------------------------------------------------x

## COMPLAINT

Lehman Brothers Holdings Inc. ("LBHI") for its Complaint against CitiMortgage,

Inc. ("CitiMortgage") respectfully states as follows:

### SUMMARY OF THE ACTION

1. LBHI brings this adversary proceeding against CitiMortgage to recover

$10 million that was transferred to CitiMortgage on or about August 29, 2008 (the "Transfer").

11091141

2. As described in greater detail herein, LBHI made the Transfer to CitiMortgage on behalf of an antecedent debt during the 90 day period prior to commencing its bankruptcy in this Court, at which time LBHI was insolvent and/or undercapitalized. Specifically, LBHI seeks entry of a judgment against CitiMortgage (i) pursuant to 11 U.S.C. § 547(b), avoiding the Transfer, and (ii) pursuant to 11 U.S.C. §§ 551 and 550(a), automatically preserving the Transfer for the benefit of the estate and directing CitiMortgage to pay to LBHI's estate the amount of the Transfer, plus interest, fees and costs allowable under applicable law.

3. In the alternative, LBHI seeks to (i) avoid the Transfer as a constructively fraudulent transfer under 11 U.S.C. § 548, (ii) avoid the Transfer under 11 U.S.C. § 544 and applicable state fraudulent conveyance or fraudulent transfer law, and (iii) preserve and recover the Transfer for the benefit of the estate under 11 U.S.C. §§ 551 and 550(a), respectively. As described in greater detail herein, the Transfer was made to CitiMortgage at a time when LBHI was insolvent and/or undercapitalized, for which LBHI did not receive reasonably equivalent value. As a result, the Transfer is a constructively fraudulent transfer to CitiMortgage by LBHI, and LBHI is entitled to avoid and recover the Transfer.

4. Accordingly, LBHI seeks a judgment that the Transfer was a fraudulent transfer under 11 U.S.C. §§ 544 and 548 and applicable state fraudulent conveyance and fraudulent transfer law. LBHI also seeks the preservation and recovery of the Transfer pursuant to 11 U.S.C. §§ 551 and 550(a).

## PARTIES

5. LBHI is a Delaware corporation with its former principal business address at 745 Seventh Avenue, New York, New York 10019, and its current principal business address at 1271 Avenue of the Americas, New York, New York 10020. On September 15, 2008, LBHI filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (the "Commencement Date"). LBHI continues to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code and, accordingly, is authorized to prosecute avoidance actions.

6. Upon information and belief, Defendant CitiMortgage is a New York domestic corporation with its principal place of business in O'Fallon, Missouri.

**VENUE AND JURISDICTION**

7. The Court has subject-matter jurisdiction over this proceeding under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

8. Venue is proper under 28 U.S.C. §§ 157(a), 1408 and 1409.

9. The statutory prerequisites for the relief requested herein are sections 105(a), 547(b), 548(a)(1)(B), 550 and 551 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

**FACTUAL ALLEGATIONS**

10. On or around August 29, 2008, during the 90 day period prior to the Commencement Date, LBHI made a payment of the Transfer in the amount of $10,000,000 to CitiMortgage on account of an antecedent debt.

11. The Transfer was made in connection with a settlement agreement entered into on August 29, 2008 between LBHI and CitiMortgage (the "Settlement Agreement"). Pursuant to the terms of the Settlement Agreement, the Transfer was made to settle any and all claims that CitiMortgage had made or would make relating to certain second mortgage loans that LBHI had sold CitiMortgage.

12. As of August 29, 2008, LBHI had become insolvent and/or undercapitalized.

11091141

13. LBHI did not receive reasonably equivalent value in return for the Transfer.

## CAUSES OF ACTION

### COUNT I

**(Avoidance of Preferential Transfer Pursuant to Section 547(b) of the Bankruptcy Code)**

14. LBHI repeats and realleges each and every allegation contained in paragraphs 1 through 13 as if fully set forth herein.

15. Pursuant to section 547(b) of the Bankruptcy Code, a debtor in possession may avoid any transfer of an interest of the debtor in possession in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the debtor in possession before such transfer was made, (c) made while the debtor in possession was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, and (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

16. During the 90 day period prior to the Commencement Date, LBHI made the Transfer to CitiMortgage on or about August 29, 2008.

17. The Transfer was made to or for the benefit of CitiMortgage, a creditor of LBHI.

18. The Transfer was for or on account of antecedent debts owed by LBHI to CitiMortgage before such transfer was made.

19. The Transfer was made at a time when, pursuant to section 547(f) of the Bankruptcy Code, LBHI is presumed to have been insolvent.

20. At the time LBHI made the Transfer to CitiMortgage, the debts and liabilities of LBHI to CitiMortgage were unsecured obligations. The Transfer thus enabled

-4-

11091141

CitiMortgage to receive more in satisfaction of its claim against LBHI than it would have received in a case under chapter 7 of the Bankruptcy Code if the payment had not been made.

21. By reason of the foregoing, LBHI is entitled to an order and judgment under section 547 of the Bankruptcy Code avoiding the Transfer.

## COUNT II

### (To Recover and Automatically Preserve Property for the Benefit of the Estate Pursuant to Sections 550(a) and 551 of the Bankruptcy Code)

22. The allegations in paragraphs 1 through 21 are incorporated by reference as though fully set forth below.

23. LBHI is entitled to recover and automatically preserve the Transfer for the benefit of the estate pursuant to sections 550(a) and 551 of the Bankruptcy Code, respectively, to the extent they are avoided pursuant to section 547 of the Bankruptcy Code.

## COUNT III

### (Avoidance of Constructively Fraudulent Transfer Pursuant to Section 548 of the Bankruptcy Code)

24. The allegations in paragraphs 1 through 23 are incorporated by reference as though fully set forth below.

25. Within two (2) years of the Commencement Date, LBHI made the Transfer.

26. The Transfer was a transfer made by LBHI to or for the benefit of CitiMortgage.

27. LBHI received less than reasonably equivalent value in exchange for the Transfer.

28. When LBHI made the Transfer, LBHI was insolvent; was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was unreasonably small capital; and/or intended to incur, or believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

29. The Transfer is avoidable under section 548(a)(1)(B) of the Bankruptcy Code.

## COUNT IV

**(To Recover and Automatically Preserve Property for the Benefit of the Estate Pursuant to Sections 550(a) and 551 of the Bankruptcy Code)**

30. The allegations in paragraphs 1 through 29 are incorporated by reference as though fully set forth below.

31. The Transfer is avoidable as a constructive fraudulent transfer pursuant to section 548(a)(1)(B) of the Bankruptcy Code and, accordingly, is preserved pursuant to section 551 of the Bankruptcy Code, and pursuant to section 550(a) of the Bankruptcy Code, LBHI is entitled to recover from CitiMortgage the value of the Transfer plus interest from the transfer date, and costs and fees to the extent available, for the benefit of LBHI's estate.

## COUNT V

**(Avoidance of Constructively Fraudulent Transfer Pursuant to Section 544 of the Bankruptcy Code and Applicable State Fraudulent Conveyance or Fraudulent Transfer Law)**

32. The allegations in paragraphs 1 through 31 are incorporated by reference as though fully set forth below.

33. Pursuant to section 544(b) of the Bankruptcy Code, LBHI has the rights of an existing unsecured creditor of LBHI. Section 544(b) permits LBHI to assert claims and causes of action that such a creditor could assert under applicable state law.

11091141

34. Prior to the Commencement Date, LBHI made the Transfer.

35. The Transfer was a transfer made by LBHI to or for the benefit of CitiMortgage.

36. LBHI did not receive fair consideration, or a fair equivalent, or reasonably equivalent value in exchange for its transfer of the Transfer.

37. When LBHI transferred the Transfer, LBHI was insolvent; was engaged in business or a transaction, or was about to engage in business or a transaction, for which its remaining property was unreasonably small capital; and/or intended to incur, or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

38. The Transfer is avoidable under section 544 of the Bankruptcy Code and applicable state law.

## COUNT VI

### (To Recover and Automatically Preserve Property for the Benefit of the Estate Pursuant to Sections 550(a) and 551 of the Bankruptcy Code)

39. The allegations in paragraphs 1 through 38 are incorporated by reference as though fully set forth below.

40. The Transfer is avoidable as a constructive fraudulent transfer pursuant to section 544 of the Bankruptcy Code and applicable state law and, accordingly, is preserved pursuant to section 551 of the Bankruptcy Code, and pursuant to section 550(a) of the Bankruptcy Code, LBHI is entitled to recover from CitiMortgage the value of the Transfer plus interest from the transfer dates, and costs and fees to the extent available, for the benefit of LBHI's estate.

11091141

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment:

A. That the Transfer is subject to avoidance pursuant to section 547(b), and pursuant to sections 550 and 551 of the Bankruptcy Code, LBHI is entitled to recover and preserve the Transfer for the benefit of its estate; and

B. In the alternative, that the Transfer is subject to avoidance pursuant to section 544 and 548, and applicable state fraudulent conveyance or fraudulent transfer law, and pursuant to sections 550 and 551 of the Bankruptcy Code, LBHI is entitled to recover and preserve the Transfer for the benefit of its estate; and

C. Awarding statutory interest, as well as costs and disbursements of this action and attorneys' fees; and

D. Awarding such other relief as this Court may deem just and proper.

Dated: February 8, 2012
New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: _____/s/ L. P. Harrison 3rd____

Turner P. Smith
L. P. Harrison 3rd
Cindi M. Eilbott
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000
*Counsel for Plaintiff, Debtor Lehman Brothers Holdings Inc.*