IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

**Form 210A**

United States Bankruptcy Court

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS | Case No. 08-13555 (JMP) JOINTLY ADMINISTERED |

**TRANSFER OF CLAIM OTHER THAN FOR SECURITY**

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of $ 227,396.04 the claim referenced in this evidence and notice.

| | |
|---|---|
| **Banca di Credito Cooperativo di Alba, Langhe e Roero s.c.**<br>Name of Transferee | **Intesa Sanpaolo S.p.A..**<br>Name of Transferor |
| Name and Address where notices to transferee should be sent:<br><br>Via Cavour, n. 4<br>12051 ALBA (Cuneo)<br>Italy<br><br>Attn: Mr. Mario Musso<br>E-mail: mariomusso@bancadalba.bcc.it | Court Claim # (if known):<br>**46878**<br>Amount of Claim: $ 157,066,759.07<br>Date Claim Filed:<br>October, 26th 2009 |
| Phone: + 39 0173 659 208<br>Last Four Digits of Acct #: N/A | Phone: + 39 02  87963048- 335 1280384<br>Last Four Digits of Acct. #: N/A |

Name and Address where transferee payments
should be sent (if different from above):
Banca di Credito Cooperativo di Alba Langhe e Roero s.c.
c/o Iccrea Banca SpA – Via Lucrezia Romana, n. 41/47
00178  ROMA Italy
Phone: + 39 0672071
Last Four Digits of Acct #: N/A
Bcc Alba Langhe e Roero s.c. Codice Abi 08530
C/C n. 8530/016

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: _/s/ Mario Musso_    Date: January, 25th 2012
MARIO MUSSO
Deputy  General Manager

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **INTESA SANPAOLO Spa** ("Seller"), acting on behalf of one or more of its customers (the "Customers") hereby unconditionally and irrevocably sells, transfers and assigns to **BANCA DI CREDITO COOPERATIVO DI ALBA, LANGHE E ROERO s.c.**, acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 46878** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customers relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller and its Customers' right, title and interest in, to and under the transfer agreements, if any, under which Seller and Customer(s) or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 23rd day of December 2011.

| INTESA SANPAOLO S.P.A. | BCC DI ALBA LANGHE E ROERO s.c. |
|---|---|
| By: _____ | By: _____ |
| Name: Elisabetta Lunati | Name: Mr. Mario MUSSO |
| Title: Chief of Legal Department | Title: Deputy General Manager |
| Via Verdi 8, | Via Cavour n. 4 |
| Milano 20121, Italy | 12051 Alba (Cn) Italy |
| Attn: *Luigi Fiori Carones* | Attn: Mr. Mario Musso |
| phone  0039 02 87963048 - 335 1280384 | phone  0039 0173 659208 |
| fax 0039 02 87963220 | fax      0039 0173 659108 |
| mail | mail mariomusso@bancadalba.bcc.it |
| luigi.fioricarones@intesasanpaolo.com | mail backoffice@bancadalba.bcc.it |
| lehmanbrothers.dirleg@intesasanpaolo.com | |

Schedule 1

Transferred Claims

Purchased Claim

10.81% of XS0211814123 = USD 227,396.04 of USD 2,104,171.37 (i.e. the outstanding amount of XS0211814123 as described in the Proof of Claim dated October 23, 2009 and filed on October 26, 2009),

Which equals 0.14% of the Proof of Claim = USD 227,396.04 of USD 157,066,759.07 (the outstanding amount of the Proof of Claim dated October 23, 2009 and filed on October 26, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Lehman Br 2017 | XS0211814123 | Lehman Brothers Treasury Bv | Lehman Brothers Holdings Inc. | EUR 150,000 (equivalent to USD 212,265) | 02/16/2017 | EUR 160,692.56 (equivalent to USD 227,396.04) |

INTESA SANPAOLO S.P.A.

BCC DI ALBA, LANGHE E ROERO s.c.

**BANCA D'ALBA**
CREDITO COOPERATIVO
Corso Italia, 4 - 12051 ALBA CN

SPETT. LE
LEHMAN BROTHERS
HOLDINGS CLAIMS PROCESSING
c/o EPIQ BANKRUPTCY
SOLUTIONS LLC FDR STATION
P.O. BOX 5286 NEW YORK
NEW YORK 10150-5076

**DHL EXPRESS**

Track this shipment via the DHL Web Site: http://www.dhl.com

**Shipment Air Waybill** (Non negotiable)

**1 Payer account number and insurance details**

Charge to: ☐ Shipper ☐ Receiver ☐ 3rd party
Payer Account No.
Shipment Insurance see reverse: ☐ Cash ☐ Cheque ☐ Credit Card ☐ Yes

**2 From (Shipper)**

Shipper's account number: 104598057
Shipper's reference (up to 32 characters but only first 12 will be shown on invoice):
Company name: BANCA DI CRED. COOP. DI ALBA V.L.
Address: VIA TORINO, 26
VEZZA D'ALBA
Postcode/Zip Code: 12040
Contact name:
Phone, Fax or E-mail: 0173/659364

FEB 07 2012

**3 To (Receiver)**

Company name: LEHMAN BROTHERS HOLDINGS
CLAIMS PROCESSING c/o EPIQ
BANKRUPTCY
SOLUTIONS LLC FDR STATION
Address: PO BOX 5076 FDR STATION
NEW YORK 10150 - 5076
Postcode/Zip Code:
Country: USA
Contact person:
Phone, Fax or E-mail:

**4 Shipment details**

Total number of packages: 1
Total Weight: kg / gr

Pieces / Length / Width / Height
Dimensions in cm

Barcode: 16 1 6971 856
PT03/09 F15 IT MP

**5 Full description of contents**

Give content and quantity: DOCUMENTI (TRANSITU OF CLAIM)

**6 Non Document Shipments Only (Customs Requirement)**

Attach the original and four copies of a Proforma or Commercial Invoice
Shipper's VAT/GST number:
Receiver's VAT/GST or Shipper's EIN/SSN:
Declared Value for Customs:
Harmonised Commodity Code if applicable:

**TYPE OF EXPORT**
Destination duties/taxes if left blank receiver pays duties/taxes
☐ Permanent ☐ Repair / Return ☐ Temporary
☐ Receiver ☐ Shipper ☐ Other specify approved account number

**7 Shipper's agreement (Signature required)**

Signature
Date: 06/02/12

**8 Services**
☐ Domestic / Int'l Non-Document / Int'l European Union (EU)
☐ EXPRESS 9:00, 10:30 to the USA
☐ EXPRESS 12:00
☐ EXPRESS / WORLDWIDE
☐ EXPRESS ENVELOPE
☐ Saturday Delivery
☐ Delivery Notification
☐ DHL Global Mail ☐ GM8 Priority ☐ GM8 Standard ☐ Other
☐ DIMENSIONAL/CHARGEABLE WEIGHT kg gr

ORIGIN: QAL
DESTINATION CODE

**CHARGES**
Services
Other
Insurance
VAT
CURRENCY
TOTAL
TRANSPORT COLLECT STICKER No.
Picked up by
Route No.
Time
Date

Consignee / Parcel copy

(*) Il mittente dichiara di accettare che il peso effettivo/volumetrico che verrà assunto per l'applicazione della tariffa, sia quello determinato elettronicamente da DHL anche se discordante con i dati qui riportati.

Part 2 DHL EXPRESS - 06.07 - P2 - ITALY

