WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                             : Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                      : 08-13555 (JMP)
                                                                  :
                            Debtors.                              : (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OMNIBUS RESPONSE TO MOTIONS OF JASON T.
TAYLOR AND PHILIP WALSH FOR RELIEF FROM THE AUTOMATIC STAY**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively, the "Debtors," and together with their non-debtor affiliates, "Lehman") in the above-captioned cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), for their response to the motions of Jason T. Taylor ("Taylor") and Phillip Walsh ("Walsh," together with Taylor, the "Movants"), dated February 7, 2011 and February 17, 2011, respectively, for relief from the automatic stay (the "Motions") [ECF Nos. 14377 and 14571], respectfully represent:

**Preliminary Statement**

1.    Movants are essentially seeking relief from the automatic stay extant in LBHI's chapter 11 case pursuant to section 362 of the Bankruptcy Code ("Automatic Stay") to violate this Court's order of July 2, 2009 establishing, among other things, a deadline for parties in interest to file proofs of claim against the Debtors (the "Bar Date Order") [ECF No. 4271].

The Bar Date Order expressly provides that creditors who fail to comply with the required procedures relating to the filing of prepetition claims against the Debtors are forever barred, estopped and enjoined from asserting such claims against the Debtors. With one limited exception which, as discussed below in greater detail, is not relevant to the current matter, Movants failed to file proofs of claim against LBHI. Accordingly, Movants are barred from asserting affirmative claims against LBHI in the arbitration proceedings that are currently pending before the Arbitration Division of the Financial Industry Regulatory Authority ("FINRA").

2. Consistent with the above, LBHI is willing to consent to relief from the Automatic Stay for the limited purpose of allowing Movants to assert defenses and defensive counterclaims for the purpose of establishing setoff against amounts that would otherwise be due to LBHI. Such actions, which do not seek any affirmative recovery from LBHI or LBHI's estate, are consistent with the Bar Date Order and will facilitate a timely and cost-effective resolution of the dispute between the parties.

**Background**

3. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases in the United States Bankruptcy Court for the Southern District of New York under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for Region 2 appointed the Official Committee of Unsecured Creditors pursuant to section 1102 of the Bankruptcy Code.

2

5. On September 19, 2008 (the "LBI Commencement Date"), a proceeding was commenced under the Security Investor Protection Act of 1970, as amended (the "SIPA"), with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under the SIPA is administering LBI's estate (the "SIPA Trustee").

6. On December 6, 2011, the Court entered an order [ECF No. 23023] confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors.

## The Notes

7. Prior to the Commencement Date, Taylor and Walsh were employees of LBI and, in connection with such employment, each was given a forgivable loan. Each of these loans was memorialized in a promissory note (the "Promissory Notes"). Walsh's Promissory Note had an original principal balance of $3,100,000 and Taylor's Promissory Note had an original principal balance of $280,250. Each of the Promissory Notes contained a provision that required repayment of the unforgiven principal loan amount, together with interest, upon the separation, "for any reason whatsoever," of the employee from Lehman. On or shortly after the LBI Commencement Date, each of Taylor's and Walsh's employment with LBI ended and the remaining balances on each of the Promissory Notes became payable to Lehman.

8. On December 3, 2009, this Court so ordered a stipulation (the "Promissory Note Stipulation") between LBHI and the SIPA Trustee [ECF No. 6038]. The Promissory Note Stipulation provides for the assignment of LBI's right (if any) to collect in connection with certain notes given by former employees to Lehman. The Promissory Notes are among the notes that are subject to the Promissory Note Stipulation.

9. The Promissory Notes each contained arbitration provisions that provide for disputes to be resolved by arbitration. Accordingly, on October 11, 2010 with respect to Taylor and December 15, 2010 with respect to Walsh, LBHI filed Statements of Claims with the FINRA and thereby commenced arbitration proceedings (collectively, the "FINRA Arbitrations"). Pursuant to the FINRA Arbitrations, LBHI is seeking to collect the amounts due under the Promissory Notes, along with interest and collection costs.

**The Walsh Claim**

10. On January 14, 2009, Walsh filed a proof of claim (the "Walsh Claim") in LBHI's chapter 11 case. The Walsh Claim, which was assigned proof of claim number 1707 by the Debtors' Court-approved claims and noticing agent, asserts that Walsh is entitled to a payment from LBHI in the amount of $837,859.29 relating to (i) certain restricted stock units and stock options that he alleges were due to him as part of his compensation as an employee of LBI, and (ii) monies allegedly withheld from his compensation to purchase restricted stock units.

11. On July 2, 2009, the Bankruptcy Court entered the Bar Date Order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure establishing, among other things, September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against LBHI and certain of the other Debtors [ECF No. 4271]. The Walsh Claim is the only claim that Walsh filed against LBHI or the other Debtors. Taylor did not file a claim against LBHI or the other Debtors prior to the Bar Date.

12. On April 6, 2011, the Debtors filed their One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim As Equity Interests) (the "Omnibus Objection to Claims") [ECF No. 15666]. The Walsh Claim was included among the

4

proofs of claim subject to the Omnibus Objection to Claims. On May 18, 2011, Walsh filed an objection to the Omnibus Objection to Claims [ECF No. 16947]. The Omnibus Objection to Claims, as it relates to the Walsh Claim, is still pending. Allowance of the Walsh Claim is, therefore, already the subject of active litigation before this Court.

### The Dispute Among the Parties

13. In apparent attempt to circumvent the Bar Date Order, Movants are demanding relief from the Automatic Stay to seek compensatory damages, statutory liquidated damages and attorneys fees in the FINRA Arbitrations in connection with their claims for fraud, fraudulent inducement, breach of contract, violations of New York labor law, unjust enrichment, money had and received, and declaratory judgment (as applicable and relevant, the "Counterclaims").[1] This offensive assertion of the Counterclaims is impermissible. The Bar Date Order expressly provides that

> any holder of a claim against the Debtors who . . . fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . shall be forever barred, estopped and enjoined from asserting such claims against the Debtors . . . and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such claims.

Bar Date Order, pp. 9-10. The Bar Date Order, therefore, expressly forbids the assertion of any of the Counterclaims against LBHI that were not the subject of timely proofs of claim.

14. As discussed above, because Taylor did not file a proof of claim against LBHI or any of the other Debtors, he is barred from asserting any claims, including the Counterclaims, against LBHI for any purposes other than defensively or to establish setoff. While Walsh did file the Walsh Claim, it was limited to a dispute regarding restricted stock units

---

[1] Nothing contained herein is intended to be determinative of the validity or enforceability of any claims, including, but not limited to the Counterclaims, asserted by Movants against LBHI and LBHI expressly reserves its right to dispute and/or contest any such claims for any reason, including that such claims are claims against LBI.

5

and did not include the vast majority of the Counterclaims. Further, the Walsh Claim is already being litigated in this Court and almost certainly will have been decided before an award is issued in Walsh's FINRA Arbitration. Consequently, the Walsh Claim does not preserve Walsh's ability to assert the Counterclaims for offensive purposes and Walsh is also barred from asserting the Counterclaims against LBHI for any purposes other than defensively or to establish setoff.

15.     While Movants may argue that they should be permitted to assert the Counterclaims offensively in the FINRA Arbitrations for the purpose of liquidating the value, if any, of the Counterclaims, such a strategy is counter to the purposes of the Bar Date Order and is not warranted. LBHI's estate and its creditors simply should not be required to incur defense costs in connection with the offensive assertion of the Counterclaims unless and until Movants obtain relief from the Bar Date Order. Accordingly, any Automatic Stay relief granted to Movants should be limited to the assertion of defenses or defensive counterclaims. Attached hereto as Exhibits A and B, respectively, are the forms of order providing Movants with limited relief from the Automatic Stay consistent with the limitations set forth herein.

WHEREFORE the Debtors respectfully request that the Court deny the Motions, enter the orders attached hereto as Exhibits A and B providing Movants with limited relief from the Automatic Stay, and grant LBHI such other and further relief as is just.

Dated: February 9, 2012
      New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**<u>Exhibit A</u>**
**(Taylor Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                          :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        **08-13555 (JMP)**
                                                   :
    **Debtors.**                                   :        **(Jointly Administered)**
                                                   :
                                                   :
----------------------------------------------------------------x

### ORDER GRANTING JASON T. TAYLOR
### LIMITED RELIEF FROM THE AUTOMATIC STAY TO ASSERT
### DEFENSES AND DEFENSIVE COUNTERCLAIMS IN THE FINRA ARBITRATION

Upon the motion, dated February 7, 2011 (the "Motion") [ECF No. 14377], of Jason T. Taylor ("Movant"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure, for relief from the automatic stay; and upon the response to the Motion filed by Lehman Brothers Holdings Inc. ("LBHI") [ECF No. _____] (the "LBHI Response"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having considered all of the pleadings filed in respect of the Motion; and a hearing having been held to consider the relief requested in the Motion on February 15, 2012 (the "Hearing"); and after due deliberation, it is hereby

ORDERED that, for the reasons set forth by the Court on the record of the Hearing, the Motion is denied; and it is further

ORDERED that, pursuant to section 362(d)(1), the automatic stay extant in LBHI's case under chapter 11 of the Bankruptcy Code shall be modified solely to the extent necessary to allow Movant to assert in the FINRA Arbitration (i) any defenses to enforcement of the Promissory Note (including any defenses Movant has against LBI), and / or (i) any Counterclaims Movant has against LBHI, but only to the extent necessary to determine the value, if any, of such counterclaims for setoff purposes;[1] and it is further

ORDERED that, except as expressly provided herein, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' estates and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: February __, 2012
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the LBHI Response.

**Exhibit B**
**(Walsh Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
                                      :

In re                                  :          Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)

         Debtors.               :          (Jointly Administered)

------------------------------------------------------------------x

**ORDER GRANTING PHILIP WALSH
LIMITED RELIEF FROM THE AUTOMATIC STAY TO ASSERT
DEFENSES AND DEFENSIVE COUNTERCLAIMS IN THE FINRA ARBITRATION**

Upon the motion, dated February 17, 2011 (the "Motion") [ECF No. 14573], of Philip Walsh ("Movant"), pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code") and rule 4001 of the Federal Rules of Bankruptcy Procedure, for relief from the automatic stay; and upon the response to the Motion filed by Lehman Brothers Holdings Inc. ("LBHI") [ECF No. \_\_\_\_] (the "LBHI Response"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having considered all of the pleadings filed in respect of the Motion; and a hearing having been held to consider the relief requested in the Motion on February 15, 2012 (the "Hearing"); and after due deliberation, it is hereby

ORDERED that, for the reasons set forth by the Court on the record of the Hearing, the Motion is denied; and it is further

ORDERED that, pursuant to section 362(d)(1), the automatic stay extant in LBHI's case under chapter 11 of the Bankruptcy Code shall be modified solely to the extent necessary to allow Movant to assert in the FINRA Arbitration (i) any defenses to enforcement of the Promissory Note (including any defenses Movant has against LBI), and / or (i) any Counterclaims Movant has against LBHI, but only to the extent necessary to determine the value, if any, of such counterclaims for setoff purposes;[1] and it is further

ORDERED that, except as expressly provided herein, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from the Debtors' estates and/or assets or property of the Debtors' estates (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:  February __, 2012
       New York, New York

                                                               _____
                                                                UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the LBHI Response.