B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.    Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Capital Master Partners II LP | Merrill Lynch, Pierce, Fenner & Smith Inc |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Capital Master Partners II LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Court Claim # (if known): 59498
Total Amount of Claim as Filed: $2,803,833.00

Amount of Claim as Filed with respect to ISIN XS0176153350: $2,803,833.00
Amount of Claim Transferred with respect to ISIN XS0176153350: $80,569.91 (or 2.87356% of the above Amount of Claim as Filed)

Amount of Claim as Allowed pursuant to the Notice of Proposed Allowed Claim Amount with respect to ISIN XS0176153350: $2,792,191.95
Amount of Claim Transferred with respect to ISIN XS0176153350: $80,235.40 (or 2.87356% of the above Amount of Claim as Allowed)

Date Claim Filed: 10/30/2009
Debtor: Lehman Brothers Holdings Inc.

*PLEASE SEE ATTACHED EXHIBITS*

Last Four Digits of Acct #: N/A

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH CAPITAL MASTER PARTNERS II LP**

By: Monarch Alternative Capital LP
Its: Advisor

**Christopher Santana**
Managing Principal

By: ______________________________
Name of Transferee/Transferee's Agent

Date: February 7, 2012

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Merrill Lynch, Pierce, Fenner & Smith Inc** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Monarch Capital Master Partners II LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage and nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59498** filed by or on behalf of **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser all notices it has received that could materially affect the Transferred Claims; and (h) the Transferred Claims are not subject to any type of plan support agreement.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of February, 2012.

Merrill Lynch, Pierce, Fenner
& Smith Inc

By: _____
Name:
Title: SETH DENSON
       VICE PRESIDENT
Merrill Lynch, Pierce, Fenner & Smith Inc
214 North Tryon Street
15th Floor,
Charlotte, N.C. 28255
Attn: Seth Denson
Tel: 001 646 556 2107
Email: seth.denson@baml.com

Monarch Capital Master Partners II LP
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name:
Title: Christopher Santana
       Managing Principal

Monarch Capital Master Partners II LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Tel: 001 212 554 1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
       fundops@monarchlp.com

Schedule 1

Transferred Claims

Purchased Claim

2.87356% of XS0176153350 = US$ 80,569.91 of US$ 2,803,833.00 (the outstanding amount of the Proof of Claim as of 7 February, 2012).

*Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Purchased Claim represents $80,235.40, which is 2.87356% of the total Proposed Allowed Claim Amount of $2,792,191.95.*

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V., issue of EUR 300,000,000 Inflation Linked Multi-Tranche Notes under the U.S$ 18,000,000,000 Euro Medium-Term Note Program | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 55,000.00 (equivalent to US$78,336.49@ 1.4243) | Fixed Rate and Index-Linked Interest | 10 October 2013. | EUR 1,568.08 (equivalent to US$ 2,233.42 @ 1.4243) |

Schedule 1-1

Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM |
|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)   0000059498

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Creditor:
Merrill Lynch International
Merrill Lynch Financial Centre
2 King Edward Street
London, EC1A 1HQ, United Kingdom
Attn: Ms. Annika Westling

Notices:
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, NY 10281
Attn: Ms. Jill Kaylor
(212) 504-6000

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 00 44 20 7995 6634    Email Address: See annex

**Name and address where payment should be sent (if different from above)**
Merrill Lynch International, Attn: Mr. Dave Purdom
Merrill Lynch, Dublin
Block D, Central Park, Leopardstown
Dublin 18, Ireland

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number: 00 353 1 243 8138   Email Address: dave_purdom@ml.com

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $_____ See annex _____ (Required)**

☒ Check this box if the amount of your claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): XS0176153350    (Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**Euroclear Bank Blocking Reference Number 6057679    (Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

**Account number 92707 held by Merrill Lynch International at Euroclear Bank    (Required)**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: 10/30/2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Bret Kossman<br>Authorized Signatory under Power of Attorney | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>OCT 3 0 2009<br><br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

USActive 17530563.1

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150-5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

USActive 17530563.1

ISIN XS0176153350; Blocking ref no. 6057679
[BoA Ref. No. 62]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
In re:                                                          :
                                                                :    Chapter 11
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    Case No. 08-13555 (JMP)
                                                                :
                                                                :    (Jointly Administered)
                    Debtors.                                    :
                                                                :
                                                                :
----------------------------------------------------------------x

## ANNEX TO PROOF OF CLAIM

This is an Annex to, and a part of, the proof of claim (the "Proof of Claim") filed by **Merrill Lynch International** ("Claimant") (U.K. Tax ID #268-93510 13503 and U.S. Tax I.D. #13-3779485), having offices at Merrill Lynch Financial Centre, 2 King Edward Street, London, EC1A 1HQ, United Kingdom. Claimant is the holder of the claim (the "Claim") against **Lehman Brothers Holdings Inc.** ("Lehman" or the "Debtor," and collectively with Lehman's affiliated debtors and debtors-in-possession in the above-captioned chapter 11 cases, the "Debtors") described on the prefixed Proof of Claim and as set forth in further detail in this Annex.

THIS ANNEX CONSTITUTES A PART OF THE PROOF OF CLAIM AND IS INCORPORATED THEREIN BY REFERENCE. Upon information and belief, the Debtors are in possession of the documents (the "Notes Documents") governing the Notes (defined below) and the Debtors' obligations with respect thereto, which documents are incorporated by reference into the Proof of Claim. In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered July 2, 2009 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") in the above-captioned cases, documentation supporting the Notes and the Claim are not attached to or submitted with the Proof of Claim except as set forth herein. Claimant will furnish the Debtor with copies of additional pertinent documentation upon request or as otherwise required by order of the Bankruptcy Court.

1. **Basis for Claim**: On September 15, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), in the Bankruptcy Court. The Debtors are obligated to the Claimant for the Claim described herein.

    (a)     The Claim asserted herein represents the obligations, liabilities and indebtedness owing by the Debtor to the Claimant, arising under and in connection with the following:

USActive 17546684.1

Inflation Linked Multi-Tranche Notes due 2013; ISIN XS0176153350; Blocking ref no. 6057679
[BoA Ref. No. 62]

(i)     Claimant is the holder of EUR 1,914,000 in outstanding principal amount of Inflation Linked Multi-Tranche Notes due 2013 issued by Lehman Brothers Treasury Co. B.V. (the "Issuer") under the U.S. $18,000,000,000 Euro Medium-Term Note Program, ISIN XS0176153350, Blocking reference no. 6057679 (the "Notes").

(ii)    Pursuant to the Notes Documents, Debtor has irrevocably and unconditionally guaranteed the full payment and performance by the Issuer of all of the Issuer's obligations with respect to the Notes, including without limitation the due and punctual payment of each amount payable in respect of the Notes and the Deed of Covenant (as defined in the Notes Documents) as and when the same become due and payable.

(iii)   The Debtor also has fully guaranteed the payment of all liabilities, obligations and commitments of the Issuer, including without limitation with respect to the Notes, and of certain other affiliates pursuant to the Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005 (the "Global Guarantee").

(iv)    Pursuant to the Notes Documents, the Debtor has acknowledged that its obligations are several and independent of those of the Issuer and that the Debtor also is liable as sole principal debtor or primary obligor with respect to the Notes. The Debtor also has irrevocably agreed that any sum payable by Issuer which is for any reason not recoverable from it on the basis of its guarantee, will nevertheless be recoverable from the Debtor as if it were the sole principal debtor or primary obligor.

(v)     Pursuant to the Notes Documents, the Debtor's obligations with respect to the Notes constitute direct, unconditional and unsecured obligations of the Debtor and rank *pari passu* in right of payment equally with all other unsecured and unsubordinated debt obligations of the Debtor.

(vi)    Issuer was declared bankrupt by the Amsterdam District Court on October 8, 2008.

(vii)   The filing of the petition commencing the Debtor's chapter 11 case and the declaration of bankruptcy of the Issuer each constituted a default under the Notes.

(b)     As of the Petition Date, the Debtor was (i) absolutely indebted in respect of the Debtor's liability as sole principal debtor with respect to the Notes, and (ii) contingently indebted in respect of its guarantee of the Notes, in each case in the amount of (i) $2,726,110[1] in outstanding principal amount of the Notes, plus (ii) $77,723 in accrued and unpaid interest in respect of the Notes, plus (iii) all applicable premiums, fees, costs, expenses, advances, charges and other amounts of any kind or nature for which the Debtor may be obligated under the Notes Documents, and to which the Claimant may be entitled.

---

[1] Amounts stated herein in United States dollars have been converted from Euros at the exchange rate of 1.4243 USD/EUR as of September 15, 2008, as reported by Bloomberg.

(c) Calculation of principal or interest amounts under the Notes requires reference to the performance of underlying securities, currencies or currency baskets, index funds, inflation, interest or swap rates, commodities, or other or similar assets or indices subject to the movement of financial markets, as further described in the Notes Documents. Lehman Brothers International (Europe) ("LBIE") is the Calculation Agent appointed with respect to the Notes, and has refused or otherwise failed to perform its obligations as such. Under the Global Guarantee, the Debtor has fully guaranteed the payment of all liabilities, obligations and commitments of LBIE. Accordingly, the Debtor is also indebted to Claimant in an unliquidated amount for any costs or damages arising from LBIE's refusal or failure to perform, or cause to be performed, its obligations as Calculation Agent.

(d) Without limiting any of the foregoing, Claimant reserves all of its rights to assert claims for interest (including, without limitation, at a default rate), fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts, including, without limitation, legal fees and expenses (including, without limitation, in connection with the preparation, filing and prosecution of the Proof of Claim), that exist or arise as of or after the date of the filing of the Proof of Claim, whether prior to, on or subsequent to the Petition Date, in each case to the extent or as may be permitted, provided or contemplated under the Notes Documents, any supporting documentation or applicable law. The total amount of such interest, fees, costs, charges, expenses, disbursements, liabilities, losses, damages, indemnification, reimbursement and/or contribution, and other amounts cannot, at this time, be calculated or estimated with certainty.

2. Secured Claim: The Claim of the Claimant against the Debtor for amounts due and owing as of the Petition Date is an unsecured claim to the extent of any deficiency following any exercise by Claimant of any rights of setoff that it may have against the Debtor. Claimant hereby asserts any and all rights of setoff it may have in respect of the Claim, including, without limitation, the right to setoff its Claim against any claims that Debtor (or any successor, assignee or person claiming through Debtor) may assert against the Claimant.

3. Credits: The amount of all payments on the Claim has been credited and deducted for purposes of making this Proof of Claim.

4. Reservation of Rights:

(a) In filing its Proof of Claim, Claimant expressly reserves all rights and causes of action, including, without limitation, contingent or unliquidated rights that it may have against the Debtor and the Issuer under the Notes Documents or otherwise. This description and classification of claims by Claimant is not a concession or admission as to the correct characterization or treatment of any such claims or a waiver of any rights of the Claimant. Furthermore, Claimant expressly reserves all rights to amend, modify and/or supplement the Proof of Claim in any respect, including, without limitation, with respect to the filing of an amended proof of claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim for additional claims, including, without limitation, claims for interest (including, without limitation, at the default rate), fees and related expenses (including, without limitation, attorneys' fees) that are not ascertainable at this time.

(b) This Proof of Claim and written demand for payment is filed without prejudice to the filing by Claimant of additional proofs of claim or requests for payment with respect to any other indebtedness, liability or obligation of any of the Debtors. Claimant does not, by its Proof of Claim or any amendment or other action, waive any rights with respect to any scheduled claim.

(c) By filing the Proof of Claim, Claimant does not waive any rights under chapter 5 or any other provision of the Bankruptcy Code.

(d) In executing and filing its Proof of Claim, Claimant does not submit itself to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to its Claim against the Debtor and does not waive or release: (i) its rights and remedies against any other person or entity (including, but not limited to, Issuer) that may be liable for all or part of the Claim set forth herein, whether an affiliate or subsidiary of the Debtor, an assignee, guarantor or otherwise; (ii) any obligation owed to it, or any right to any security that may be determined to be held by it or for its benefit; (iii) any past, present or future defaults (or events of default) by the Debtor or others; or (iv) any right to the subordination, in favor of Claimant, of indebtedness or liens held by other creditors of the Debtor. The filing of the Proof of Claim is not, and shall not be construed as, an election of remedies or limitation of rights or remedies, notwithstanding any assertion to the contrary set forth in section 1 of the printed form.

(e) Nothing contained in the Proof of Claim, including any text in section 1 of the printed form, nor any subsequent appearance, pleading, claim or suit is intended to be a waiver or release of: (i) the right of Claimant to have final orders in non-core matters entered only after de novo review by a district court judge; (ii) the right of Claimant to a jury trial in any proceeding so triable herein or, in any case, any controversy or proceeding related hereto; (iii) the right of Claimant to have the reference withdrawn by the United States District Court for the Southern District of New York in any matter subject to mandatory or discretionary withdrawal; (iv) the right of Claimant to have any unliquidated portions of the Claim determined by applicable state courts; or (v) any other rights, claims, actions, defenses, setoffs or recoupments to which Claimant is or may be entitled under any agreements, documents or instruments, in law or equity, all of which rights, claims, actions, defenses, setoffs and recoupments are expressly reserved.

5. Notices: All notices with respect to the Claim should be sent to:

Merrill Lynch International
Merrill Lynch Financial Centre
2 King Edward Street
London, EC1A 1HQ, United Kingdom
Attention:    Ms. Annika Westling
Phone:        00 44 20 7995 6634
Facsimile:    00 44 20 7174 6448
Email:        annika.westling@bankofamerica.com

and

Merrill Lynch, Dublin
Block D, Central Park, Leopardstown
Dublin 18, Ireland

Attention:   Mr. Dave Purdom
Phone:       00 353 1 243 8138
Email:       dave_purdom@ml.com

Attention:   Mr John Prince
Phone:       00 353 1 243 8325
Email:       john_prince@ml.com

and:

Bank of America Merrill Lynch
One Bryant Park, 3rd Floor
New York, New York 10036
Attention:   Mr. Frederick Morris
Phone:       646-855-6705
Facsimile:   917-338-2424
Email:       frederick_morris@ml.com

with copies to:

Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281
Attention:   Ms. Jill Kaylor
Phone:       212-504-6000
Facsimile:   212-504-6666
Email:       jill.kaylor@cwt.com

Dated: October 30, 2009

 **Merrill Lynch**

Merrill Lynch International
Merrill Lynch Financial Centre
2 King Edward Street
London EC1A 1HQ

T +44 20 7628 1000
www.ml.com

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that as of October 21, 2009 the undersigned does hereby make, constitute and appoint Graham Goldsmith, Frank Kotsen, and Bret Kossman, with full power of substitution, their true and lawful attorneys-in-fact (collectively, the "Attorneys-in-Fact"), with full power and authority in their name, place and stead to execute and deliver on their behalf any and all documents, certificates, instruments, filings, submissions and receipts necessary or appropriate in connection with the execution, submission, filing or otherwise of any or all of Merrill Lynch International's ("MLI") rights, title, and interest, claims and causes of action in, to, under and in connection with the proof of claim filed by MLI in the Lehman Debtors' Chapter 11 Bankruptcy Case which relate to securities issued by the Lehman Brothers Holdings and certain affiliates outside of the United States, and identified at www.lehman-docket.com, under the heading "Lehman Program Securities" (collectively, "Claims"). Each of the Attorneys-in-Fact shall have full power and authority, without limitation, to take any and all action on behalf of the undersigned in order to effectuate, amend and preserve the Claims, as any of the Attorneys-in-Fact may deem necessary or appropriate, and shall be indemnified and held harmless by the undersigned for any and all claims or causes of action resulting from the exercise of such power and authority.

Each of the Attorneys-in-Fact shall have full power to make and substitute any one or more attorneys-in-fact in his place and stead, and the undersigned hereby ratifies and confirms all that the Attorneys-in-Fact or any substitutes shall do under this Power of Attorney. The term "Attorneys-in-Fact" as used herein shall include such substitute attorneys-in-fact.

This Power of Attorney is limited to and expires on December 30, 2009.

*[Remainder of Page Intentionally Blank]*

NYDOCS02/880156.3

Registered in England (No. 2312079). Registered Office: Merrill Lynch Financial Centre, 2 King Edward Street, London EC1A 1HQ. VAT No. GB 245 1224 93.
A subsidiary of Merrill Lynch & Co., Inc., Delaware, U.S.A. Authorised and Regulated by the Financial Services Authority. Member of the London Stock Exchange.

IN WITNESS WHEREOF, the undersigned have hereunto set their hands on this as of the date first written above.

MERRILL LYNCH INTERNATIONAL

_____
Name:
Title:

NYDOCS02/880156.3

*[Signature Page to Power of Attorney]*

Acknowledged and accepted by
the Attorneys-in-Fact
as of the above date:

_____
Name: Graham Goldsmith
Title:


_____
Name: Frank Kotsen
Title:


_____
Name: Bret Kossman
Title:

*[Signature Page to Power of Attorney]*

NYDOCS02/880156.3

