# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| The Värde Fund X (Master), L.P. | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
e-mail: esteffer@varde.com

Last Four Digits of Acct. #:

Court Claim # (if known): 61056

Amount of Claim: $14,816,631.55 (with respect to the allowed amount under the Proof of Claim), plus all accrued interest, fees and other recoveries due.

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

THE VÄRDE FUND X (MASTER), L.P.

BY: THE VÄRDE FUND X (GP), L.P.,
ITS GENERAL PARTNER

BY: THE VÄRDE FUND X GP, LLC,
ITS GENERAL PARTNER

BY: VÄRDE PARTNERS, L.P.,
ITS MANAGER

BY: VÄRDE PARTNERS, INC.,
ITS GENERAL PARTNER

By: _____
Name: Todd B. Jelen
Title: Managing Director

Date: February 8, 2012

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1266/CERTS/3346198.1

# United States Bankruptcy Court
# Southern District of New York

In re: Lehman Brothers Holdings Inc.        Case No. 08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 61056 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on

| **Barclays Bank PLC**<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>745 7th Avenue<br>New York, NY 10019<br>Attn. Dan Crowley | **The Värde Fund X (Master), L.P.**<br>Name of Transferee<br><br>Address of Transferee<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* |
|---|---|

### ~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                                          CLERK OF THE COURT

119-1266/CERTS/3346198.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **The Värde Fund X (Master), L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 61056 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims are not subject to a "Plan Support Agreement" (as such term is defined in the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated as of December 5, 2011), (h) Seller has delivered to Purchaser all notices it has received with respect to the Transferred Claims; and (i) Seller did not deliver a Response (as defined in the Notice of Proposed Claim Amount, dated August 24, 2011) with respect to the Transferred Claims.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. For the avoidance of doubt, Purchaser is entitled to all distributions and/or proceeds related to the Transferred Claims. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Seller shall furnish and convey to Purchaser all written information and documents received by, or on behalf of, Seller with respect to the Transferred Claims, including, without limitation, any information and documents related to that certain *Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated August 10, 2011 (the "Order"), or related to any vote to be made, or ballot to be cast, in connection with the Transferred Claims or the Proceedings, as soon as practicable after the same are received by Seller, or on behalf of Seller, but in any event within three (3) Business Days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Action (as defined below) is to be taken, Seller shall furnish and convey such information or documents to Purchaser as soon as practicable upon receipt and, in any event, prior to such time when such Action is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents. If for any reason Seller, rather than Purchaser, is entitled to act (or refrain from acting) in respect of any such vote or action (including, without limitation, any vote or action with respect to the Order or any plan proposed in the Proceedings, or any other attempt to fix or establish the amount or priority of the Transferred Claims or any part of them) under or in respect of the Transferred Claims (an "Action"), Seller agrees that it shall take such Action in respect of the Transferred Claims in accordance with Purchaser's written directions (if timely given); provided, however, that to the extent the Transferred Claims are subject to a Plan Support Agreement, Seller shall take such Action as it reasonably determines is required pursuant to such Plan Support Agreement.

7. Seller authorizes Purchaser to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Transferred Claims herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Transferred Claims and Seller's rights thereunder or related thereto pursuant to this Agreement and Evidence of Transfer. Seller agrees that the powers granted by this Section are discretionary in nature and exercisable at the sole option of Buyer. Purchaser shall not have any obligation to take any action to prove, defend, demand or take any action with respect to the Transferred Claims otherwise in the Proceedings.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision

that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

    IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th day of February 2012.

Barclays Bank PLC

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

The Värde Fund X (Master), L.P.

By: The Värde Fund X (GP), L.P.,
    Its General Partner
By: The Värde Fund X GP, LLC, Its General Partner
By: Värde Partners, L.P., Its Manager
By: Värde Partners, Inc., Its General Partner

By: _____
Name: **Brad P. Bauer**
Title: **Senior Managing Director**

8500 Normandale Lake Blvd.
Suite 1500
Minneapolis, MN 55437
USA

Schedule 1

Transferred Claims

Purchased Claim

On the original Proof of Claim filed on November 2, 2009, the Security/ISIN below represented $14,816,631.55, which is 32.2133% of the total Proof of Claim principal amount of $45,995,338.02.

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Security/ISIN below represents $14,109,708.60, which is 32.2133% of the total Notice of Proposed Allowed Claim Amount of $43,800,833.83.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 30,000,000 Index-Linked Notes due 19 December 2016 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0209163624 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 9,664,000 of EUR 30,000,000, which is the equivalent of USD 14,816,631.55 of USD 45,995,338.02 | Index-Linked Interest | December 19, 2016 | EUR 9,664,000 of EUR 30,000,000, which is the equivalent of USD 14,816,631.55 of USD 45,995,338.02, plus all accrued interest, fees and other recoveries due. |

Schedule 1-1