Presentment Date and Time:  February 21, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time:  February 17, 2012 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed):  February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
Joseph D. Pizzurro
L. P. Harrison 3rd
Dienna Ching

*Counsel for Debtors and Debtors-in-Possession*

**HUGHES HUBBARD & REED LLP**
One Battery Park Plaza
New York, New York 10004
Telephone:  (212) 837-6000
Facsimile:  (212) 422-4726
James B. Kobak, Jr.
Jeffrey M. Greilsheimer

**LEVINE LEE LLP**
570 Lexington Avenue
New York, New York
Telephone: (212) 223-4400
Facsimile:  (212) 223-4425
Kenneth E. Lee

*Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    08-13555 (JMP)
                                                                  :
            Debtors.                                              :    (Jointly Administered)
------------------------------------------------------------------x
                                                                  :
**In re**                                                         :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS INC.,**                                         :    08-01420 (JMP) (SIPA)
                                                                  :
            Debtor.                                               :
------------------------------------------------------------------x

**JOINT NOTICE OF PRESENTMENT OF STIPULATION AND AGREED ORDER WAIVING CERTAIN NOTICE REQUIREMENT PURSUANT TO ORDER APPROVING THE COLLATERAL DISPOSITION AGREEMENT**

**PLEASE TAKE NOTICE** that the undersigned will present the annexed *Stipulation and Agreed Order Waiving Certain Notice Requirement Pursuant to Order Approving the Collateral Disposition Agreement* (the "Stipulation") between Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors as debtors and debtors-in-possession

(collectively, the "Debtors") in the above-captioned chapter 11 case, and James W. Giddens, Trustee for the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), to The Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), for signature on **February 21, 2012 at 12:00 Noon (Prevailing Eastern Time)** (the "Presentment Date").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system, and (b) by all other parties in interest, on a 3.5-inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Harvey R. Miller, Esq. and Lori R. Fife, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn: L. P. Harrison 3rd, Esq. and Dienna Ching, Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); (v) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.); (vi) special counsel to the Committee, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 (Attn: John B. Quinn, Esq. and Erica Taggart, Esq.); (vii) attorneys for James W. Giddens, Trustee for the SIPA Liquidation of LBI, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, New York 10004-1482 (Attn: Jeffrey M. Greilsheimer, Esq.) and Levine Lee LLP, 570 Lexington Ave., New York, New York 10022 (Attn: Kenneth E. Lee, Esq.); (viii) attorneys for JPMorgan Chase Bank, N.A., Wachtell, Lipton, Rosen & Katz, 51 W. 52nd Street, New York, New York 10019-6119 (Attn: Harold S. Novikoff, Esq. and Amy R. Wolf, Esq.); and (ix) any person or entity with a particularized interest in the Stipulation, so as to be so filed and received by no later than **February 17, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Stipulation is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601.

11031063                                      2

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: February 10, 2012
      New York, New York

| | |
|---|---|
| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **HUGHES HUBBARD & REED LLP** |
| By: */s/ L. P. Harrison 3rd* <br>    Joseph D. Pizzurro <br>    L. P. Harrison 3rd <br>    Dienna Ching <br>101 Park Avenue <br>New York, New York 10178-0061 <br>Telephone: (212) 696-6000 <br>Facsimile: (212) 697-1559 <br><br>*Counsel for Debtors and Debtors-in-Possession* | By: */s/ Jeffrey M. Greilsheimer* <br>    James B. Kobak, Jr. <br>    Jeffrey M. Greilsheimer <br>One Battery Park Plaza <br>New York, New York 10004 <br>Telephone: (212) 837-6000 <br>Facsimile: (212) 422-4726 <br><br>-and- <br><br>Kenneth E. Lee <br>**LEVINE LEE LLP** <br>570 Lexington Avenue <br>New York, New York <br>Telephone: (212) 223-4400 <br>Facsimile: (212) 223-4425 <br>E-mail: klee@levinelee.com <br><br>*Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* |

11031063        3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

----------------------------------------------------------------x

| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS INC.,** | : | 08-01420 (JMP) (SIPA) |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

**STIPULATION AND AGREED ORDER WAIVING CERTAIN
NOTICE REQUIREMENT PURSUANT TO ORDER APPROVING
THE COLLATERAL DISPOSITION AGREEMENT**

Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 case, and James W. Giddens, Trustee for the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), by and through their respective attorneys, hereby agree to this stipulation (the "Stipulation") as follows:

**RECITALS**

A. On September 15, 2008, and periodically thereafter, LBHI and the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

11031063

B. On September 19, 2008, a proceeding was commenced in the District Court for the Southern District of New York under the Securities Investor Protection Act of 1970, as amended ("SIPA"), with respect to LBI and the SIPA Trustee was to administer LBI's estate (such proceeding, the "SIPA Proceeding"). The SIPA Proceeding was removed pursuant to SIPA § 78eee(b)(4) and is currently pending in the Bankruptcy Court.

C. On March 16, 2010, the Debtors and JPMorgan Chase Bank, N.A. and certain of its affiliates and subsidiaries (collectively, "JPMorgan") entered into the Collateral Disposition Agreement ("CDA") which was approved by this Court on March 24, 2010 (the "CDA Order") [Docket No. 7785].[1]

D. Pursuant to the CDA, JPMorgan delivered certain securities that it held as collateral to LBHI in exchange for the provisional allowance of its claims. JPMorgan was also authorized to provisionally apply certain cash collateral it held against its claims against LBHI.

E. Paragraph 12 of the CDA Order provides the following notice provision to the SIPA Trustee (the "Notice Requirement") regarding the application of certain proceeds:

> If the Debtors dispose of any securities that constitute Securities Collateral (other than the disposition of Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway), prior to the application of the proceeds of such disposition to the Debtors' claims against LBI or the LBI estate, the Debtors shall provide the SIPA Trustee with twenty (20) days notice and opportunity to object to such application. The notice provided to the SIPA Trustee pursuant to the immediately preceding sentence shall identify the amount of the proceeds realized on the disposition of such Securities Collateral.

F. On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") [Docket No. 23023].

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the CDA.

11031063                                                2

**AGREEMENT**

NOW THEREFORE, the Debtors and the SIPA Trustee (the "Parties"), by and through their respective attorneys, hereby agree as follows:

1. The Notice Requirement in the CDA Order is hereby waived by the SIPA Trustee with respect to the application of proceeds from the disposition of any securities that constitute Securities Collateral (other than the disposition of Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway) to LBHI's Subrogated Claims against LBI on or before the date of the first distribution by LBHI to its creditors under the Chapter 11 Plan (the "First Application of Proceeds"). The Notice Requirement is not waived with respect to any application of proceeds after the First Application of Proceeds and all rights of the SIPA Trustee with respect to any application of proceeds after the First Application of Proceeds, including but not limited to rights to notice of or to object to any such application of proceeds, are expressly reserved.

2. The Debtors shall provide an accounting to the SIPA Trustee of any application of proceeds realized on the Disposition of Securities Collateral within twenty (20) days of the First Application of Proceeds. The SIPA Trustee shall have the right to object with respect to such accounting, but only with respect to the amount of the First Application of Proceeds and only if the successful assertion of such objection, whether together with or independently of other objections to the respective amounts of other applications of proceeds to be heard contemporaneously with such objection to the First Application of Proceeds, would result in the payment to LBI of surplus proceeds after satisfaction of the Subrogated Claims against LBI or increase a surplus already determined to be owed by LBHI to LBI.

11031063                                         3

3. Except for the waiver of the Notice Requirement with respect to the First Application of Proceeds, nothing herein is intended, and this Stipulation shall not be construed, to impair any right, remedy or obligation of the SIPA Trustee or the Debtors; or the rights and remedies of the SIPA Trustee against the Debtors, and the rights and remedies of the Debtors against the SIPA Trustee shall not be prejudiced or otherwise impaired in any way by this Stipulation.

4. This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors or LBI.

5. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

6. No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

7. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

8. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

9. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: February 10, 2012
New York, New York

| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| By: */s/ L. P. Harrison 3rd*<br>Joseph D. Pizzurro<br>L. P. Harrison 3rd<br>Dienna Ching<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone: (212) 696-6000<br>Facsimile: (212) 697-1559<br><br>*Counsel for Debtors and Debtors-in-Possession* | By: */s/ Jeffrey M. Greilsheimer*<br>James B. Kobak, Jr.<br>Jeffrey M. Greilsheimer<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone: (212) 837-6000<br>Facsimile: (212) 422-4726<br><br>-and-<br><br>Kenneth E. Lee<br>**LEVINE LEE LLP**<br>570 Lexington Avenue<br>New York, New York<br>Telephone: (212) 223-4400<br>Facsimile: (212) 223-4425<br>E-mail: klee@levinelee.com<br><br>*Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* |

SO ORDERED:

Date: _____, 2012
New York, New York

_____
United States Bankruptcy Judge

11031063