Legal Services of the Hudson Valley
Attorneys for Grace Farrelly
Marian S. Henry, Of Counsel
90 Maple Avenue
White Plains, New York 10601
(914) 949-1305 ext. 124

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re

LEHMAN BROTHERS HOLDINGS INC., et al.,

                Debtors.

-----------------------------------------------------------------X

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

MOTION OF GRACE FARRELLY
PURSUANT TO 11 U.S.C. §§105 AND 362
FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Grace Farrelly, (hereinafter referred to at times as "Farrelly") by and through her attorneys, Legal Services of the Hudson Valley, respectfully moves this Court pursuant to 11 U.S.C. §§ 105 and 362 for 1) relief from the Automatic Stay with respect to BNC Mortgage LLC (hereinafter referred to at times as "BNC") pursuant to §362(d)(2)(B); 2) for an Order directing BNC to disclose whether is does or does not have any equity in Farrelly's BNC 2005 residential home mortgage pursuant to §362(d)(2)(A), or, if not, to what party it was transferred and 3) to allow Grace Farrelly to continue litigation against BNC, or its successor in interest to the Farrelly mortgage, if any, in New York State Supreme Court.

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion by virtue of 28 U.S.C. 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(G)(H)(I) or (J). The statutory predicates for the relief requested herein are 11 U.S.C. §§362(d)(2)(A) and (B).

## NEW YORK STATE COURT ACTION BACKGROUND

2. Legal Services of the Hudson Valley ("LSHV") provides free legal representation to low income persons in the Hudson Valley, of which Farrelly is one. LSHV filed a Summons and Complaint (attached herein and made a part hereof as Exhibit "A") with the Supreme Court of New York, County of Ulster, Index No. 11-1309, (hereinafter referred to at times as the "State Court Action") on or about March 25, 2011, entitled Grace Farrelly, Plaintiff, against Defendants Robert Hennessy, Kim Brasher, Scott Salimondo, David Faulk, BNC Mortgage Inc., and Aurora Loan Services. Certain causes of action thereof are based on the activities of Robert Hennessy, as an agent of BNC, to fraudulently induce Farrelly to agree to terms of a residential mortgage loan. Ms. Farrelly is an 88 year old woman and the mortgage fraudulently issued in 2005 by BNC Bank had been the only mortgage loan encumbering her residential premises since she purchased the property in the 1950's. The 2005 BNC mortgage loan is Exhibit "A" of the Farrelly Complaint which is attached herein as attachment "A" to the Motion herein.)

## NO BNC AGENT FOR SERVICE OF PROCESS
## IN NEW YORK STATE

3. Because your movant could find no other address for service on BNC with respect to the Summons and Complaint in the State Court Action, on March 21, 2011, I referred to the New York State Department of State website for the BNC Mortgage, Inc. Registered Agent for Service of Process (attached herein and made a part hereof as Exhibit "B") indicated therein as Corporation Service Company, 80 State Street, Albany, New York 12207-2543, to which company I mailed a cover letter with the Summons and Complaint on April 11, 2011 (a copy of this letter is attached herein and made a part hereof as Exhibit "C") but from which I never received an Answer or any other response.

## LEHMAN BROTHER'S BANKRUPTCY

4. One of the Defendants, Aurora Loan Services, filed a Request for Judicial Intervention in the State Court Action on or about December 29, 2011 and served it on the BNC bankruptcy attorneys, Weil, Gotshal & Manges, LLP. On or about December 22, 2011, I mailed a letter to Weil, Gotshal & Manges, LLP and enclosed the Summons and Complaint thereof (a copy of this letter is attached herein as Exhibit "D" and made a part hereof). On or about December 29, 2011, I received a letter from J. Zaw Win, Esq., at Weil, Gotshal & Manges LLP (attached herein and made a part hereof as Exhibit "E,") bankruptcy attorneys for Lehman Brothers Holdings Inc., BNC and their affiliated debtors stating that the State Court Action is in violation of the BNC automatic bankruptcy stay.

5. Legal Services of the Hudson Valley, as attorneys for Farrelly, made a good faith effort to negotiate a Stipulation Agreement with the Weil, Gotshal & Manges LLP attorneys but were not able to do so without jeopardizing the interests of Ms. Farrelly. Ms. Farrelly should not have to waive all her claims against BNC which would possibly

include claims against Robert Hennessey as an affiliate of BNC which is unacceptable because that would leave Ms. Farrelly liable to make mortgage payments on a fraudulently induced mortgage, stripping her of counterclaims and defenses.

6. In addition, the Weil, Gotshal & Manges LLP attorneys were not able to confirm to what party Grace Farrelly's 2005 BNC mortgage was transferred to, and when, and whether the successor in interest, if any, assumed the liabilities of BNC, if any, pursuant to a written agreement, if any. If such BNC "successor in interest" existed, then the "successor in interest" could be substituted for BNC in the Farrelly New York State Court Action and there would therefore be no violation of the BNC bankruptcy stay. As stated on the MERS website, (attached herein and made a part hereof as Exhibit "F"), the current investor is U.S. Bank as Trustee.

7. If Ms. Farrelly had a Stipulation signed by BNC and its successor-in-interest, for example, stating that the successor-in-interest is accountable for any and all claims Ms. Farrelly has against BNC, that may be reasonable grounds for omitting BNC from the State Court Action.

8. In the alternative, Ms. Farrelly might consider a Stipulation whereby she waives any claims against BNC and its affiliates if all her mortgage loan indebtedness is also waived, forgiven, but this would probably not be acceptable to Aurora Loans, the current servicer.

9. Movants request this Court to order BNC to state its interest in the Farrelly mortgage, if any, pursuant to 11 U.S.C. §§362(d)(2)(A) and (B) or to state the party the

mortgage was transferred, and date of transfer, and if the transfer was pursuant to the terms of a written agreement pursuant to 11 U.S.C. §§362(d)(2)(A) and (B).

## INAPPLICABILITY OF THE BAR DATE ORDER

10. Ms. Farrelly could not have initiated a proceeding against BNC before the USBC "Commencement Date" of January 9, 2009 because she did not discover the fraud until March, 2009. It is arguable that the Farrelly litigation is not subject to the "Bar Date Order." As stated, in part by 11 U.S.C. §362(a), filing a bankruptcy automatically stays "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;..."

## ADVERSE PROCEEDING

11. It may also be that Ms. Farrelly has grounds to bring an adversary proceeding against BNC pursuant to 11 USC §523, exceptions to discharge, because BNC directly and indirectly, conceived of and participated in a scheme, and a continuous course of conduct, to defraud Ms. Farrelly through its agent Robert Hennessey as alleged in the Complaint attached herein as Exhibit "A."

12. 11 USC § 523 states, in relevant part, as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

5

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;...

## NO PRIOR REQUEST FOR RELIEF REQUESTED

13. Farrelly has not previously sought the relief requested herein from this or any other Court.

## RELIEF REQUESTED

14. Movant respectfully requests this Court pursuant to 11 U.S.C. §§ 105 and 362 for 1) relief from the Automatic Stay with respect to BNC pursuant to §362(d)(2)(B); 2) for an Order directing BNC to disclose whether is does or does not have any equity in Farrelly's BNC 2005 residential home mortgage pursuant to §362(d)(2)(A), or, if not, to what party it was transferred and 3) to allow Grace Farrelly to continue litigation against BNC, or its successor in interest to the Farrelly mortgage, if any, in New York State Supreme Court.

Dated: White Plains, New York
February 10, 2012

*Marian S. Henry*
Legal Services of the Hudson Valley
Attorneys for Grace Farrelly
Marian S. Henry, Of Counsel
90 Maple Avenue
White Plains, New York 10601
(914) 949-1305 ext. 124