B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.

Case No. 08-13555 (JMP)
(Jointly Administered)

# PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Capital Master Partners II LP | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Capital Master Partners II LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Last Four Digits of Acct #: N/A

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

Court Claim # (if known): 55837
Total Amount of Claim as Filed: $57,588,321.00

Amount of Claim as Filed with respect to ISIN XS0351766836: $3,496,657.00
Amount of Claim Transferred with respect to ISIN XS0351766836: $4,272.89 (or 0.12220% of the above Amount of Claim as Filed with respect to ISIN XS0351766836)

Amount of Claim as Allowed pursuant to the Aggregate Notices of Proposed Allowed Claim Amount with respect to ISIN XS0351766836 and held by Transferor: $2,937,548.87
Amount of Claim Transferred with respect to ISIN XS0351766836: $4,257.32 (or 0.14493% of the above Amount of Claim as Allowed with respect to ISIN XS0351766836 and held by Transferor)

Date Claim Filed: 10/29/2009
Debtor: Lehman Brothers Holdings Inc.

**\*PLEASE SEE ATTACHED EXHIBITS\***

Phone: _____
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH CAPITAL MASTER PARTNERS II LP**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____          Michael A. Weinstock          Date: *February 10, 2012*
        Name of Transferee/Transferee's Agent          Managing Principal

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

       1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Monarch Capital Master Partners II LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in 0.12220% (USD 4,272.89) of the USD 3,496,657 claim relating to the security with ISIN XS0351766836 specified in Schedule 1 attached hereto (the "Purchased Claim") in Seller's right, title and interest in and to Proof of Claim Number **55837** filed by or on behalf of **EFG Bank AG** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

       2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of guarantee claims of Lehman Program Securities of a similar nature; (g) the Transferred Claims are not subject to any type of plan support agreement; (h) Seller has delivered to Purchaser all notices it has received with respect to the Transferred Claims; and (i) Seller did not deliver a Response (as defined in the Notice of Proposed Claim Amount, dated August 24, 2011) with respect to the Transferred Claims.

       3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

Evidence of Transfer of Claim22902613E_EXE_1

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, proceeds, or notices received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Purchaser shall have sole authority to exercise all voting and other rights and remedies with respect to the Transferred Claims; provided, however, that if for any reason Seller is entitled to exercise any such rights (including without limitation, the right to vote on a plan or object to a claims valuation notice in the Proceedings) after the date hereof, then Seller agrees that it will act or refrain from acting in respect of any request, act, decision or vote to be made by Seller in respect of the Transferred Claims (an "Action") as follows: (i) if an Action is divisible and may be taken separately in respect of the Transferred Claim, Seller shall act in accordance with Buyer's written directions (if timely given), or (ii) if the action is not divisible in respect of the Transferred Claims, then Seller shall take action in accordance with the written directions (if timely given) of holders (including Seller, if applicable) owning or holding interests representing a majority (the "Majority in Interest") of the total amount of the aggregate claims then outstanding in respect of which (i) such action is to be taken by Seller and (ii) that direct Seller to take action with respect thereto. Buyer acknowledges that Buyer shall be bound by any decisions of Seller or the Majority in Interest, as the case may be, with respect to any vote in respect of a Plan. Seller may refuse to follow Buyer's or the Majority in Interest's instructions if it might expose Seller to any liability or obligation of any kind for which Seller is not, in Seller's reasonable judgment, adequately indemnified.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __10__ day of February 2012.

**Barclays Bank PLC**                                   **Monarch Capital Master Partners II LP**

                                                        By: Monarch Alternative Capital LP
                                                        Its: Advisor

By:_____                             By:_____
Name: Daniel Crowley                                    Name:
Title: Managing Director                                Title:

745 Seventh Ave                                         Monarch Capital Master Partners II LP
New York, NY 10019                                      c/o Monarch Alternative Capital LP
                                                        535 Madison Avenue, Floor 26
                                                        New York, NY 10022
                                                        Attn: Michael Gillin
                                                        Phone: (212) 554-1743
                                                        Fax: 1-(866)-741-3564
                                                        Email: michael.gillin@monarchlp.com;
                                                        fundops@monarchlp.com

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __IO__ day of February 2012.


**Barclays Bank PLC**                          **Monarch Capital Master Partners II LP**

                                               By: Monarch Alternative Capital LP
                                               Its: Advisor

By:_____                     By:_____
Name: Daniel Crowley                           Name:        Michael A. Weinstock
Title: Managing Director                        Title:        Managing Principal

745 Seventh Ave                                Monarch Capital Master Partners II LP
New York, NY 10019                             c/o Monarch Alternative Capital LP
                                               535 Madison Avenue, Floor 26
                                               New York, NY 10022
                                               Attn: Michael Gillin
                                               Phone: (212) 554-1743
                                               Fax: 1-(866)-741-3564
                                               Email: michael.gillin@monarchlp.com;
                                               fundops@monarchlp.com

Schedule 1

Transferred Claims

Purchased Claim

0.12220% (USD 4,272.89) of the USD 3,496,657 claim relating to the security with ISIN XS0351766836 (in each case, plus accrued and unpaid interest and other amounts).

*Pursuant to the Aggregate Notices of Proposed Allowed Claim Amount dated August 24, 2011, the Purchased Claim represents $4,257.32, which is 0.14493% of the total Proposed Allowed Claim Amount of $2,937,548.87 owned by Seller with respect to XS0351766836.*

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of EUR 3,345,000 Index-Linked Redemption Notes due March 2013 relating to a Basket of Indices Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,00 0,000 Euro Medium-Term Note Program | XS0351766836 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 3,000 of EUR 2,455,000 (Equivalent to FX 1.4243 USD 4,272.90 of USD 3,496,657) | N/A | March 18, 2013 | N/A |

Schedule 1-1

Exhibit B

Proof of Claim

| *United States Bankruptcy Court/Southern District of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)        0000055837 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)  EFG Bank AG                                    with a copy to: Greenberg Traurig LLP Bahnhofstrasse 16                                          200 Park Avenue P.O. Box 2255                                             New York, NY 10166 8022 Zurich                                               Attn: Maria DiConza Switzerland                                               Telephone number: (212) 801-1278 Attn: Isabel Faragalli                                   Email: diconzam@gtlaw.com | ☐ Check this box to indicate that this claim amends a previously filed claim.  Court Claim Number:_____ (If known)  Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)  (Same as above)  Telephone number: +41 44 226 1241   Email Address: isabel.faragalli@efggroup.com | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amount for each Lehman Programs Security to which this claim relates.

Amount of Claim:$ __See Exhibit A to Attachment to Proof of Claim_____ (Required)
☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN):  __See Exhibit A to Attachment to Proof of Claim_____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.
Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:
  __See Exhibit A to Attachment to Proof of Claim_____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.
Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
  __Clearstream # 32441_____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: 10/28/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any:  *Maria J DiConza*   Maria J. DiConza | FILED / RECEIVED OCT 29 2009 EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

_____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

NY239,874,361v1

 EFG Bank

EFG Bank
Bahnhofstrasse 16 / P.O. Box 2255
8022 Zurich / Switzerland
Telephone   +41 44 226 17 17
Facsimile   +41 44 226 17 26
www.efgbank.com

## POWER OF ATTORNEY

In connection with the filing of claims against Lehman Brothers Holdings Inc. in accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form entered by the United States Bankruptcy Court for the Southern District of New York (the "**Lehman Bar Date Order**"), EFG Bank AG, Zurich (the "Company") hereby appoints Maria DiConza from Greenberg Traurig, LLP (the "**Attorney**"; which expression shall include any substitute attorney appointed hereunder) to act as our true and lawful attorney-in-fact with power to:

(i)     Sign and submit the claims filed pursuant to the Lehman Bar Date Order registered in the name of EFG Bank AG and EFG Bank, Hong Kong Branch; and

(ii)    to do all other acts and things and sign all other documents which may be required or which the Attorney reasonably considers necessary or desirable in connection with the Lehman Bar Date Order.

The Attorney may at any time appoint one or more persons to act as a substitute attorney for the Company in his place with power to exercise all or any of the powers conferred on the Attorney by this Power of Attorney other than the power to appoint a substitute attorney. Any such appointment of a substitute attorney may be revoked by the Attorney at any time.

The authority conferred on the Attorney by this Power of Attorney shall terminate on 3 November 2009.

This Power of Attorney is governed by, and shall be construed in accordance with the laws of Switzerland under the exclusion of conflict-of-laws rules.

27 October 2009

EFG Bank AG

Name: Fred Link

Title: General Counsel

Name: Isabel Faragalli

Title: First Vice President

**ATTACHMENT TO PROOF OF CLAIM OF EFG BANK AG
IN THE CHAPTER 11 CASES OF LEHMAN BROTHERS HOLDINGS, INC.**

**A.    Introduction**

1.    On September 15, 2008 (the "**Petition Date**"), Lehman Brothers Holdings Inc. ("**LBHI**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    Subsequently, eighteen (18) additional affiliates of LBHI (together with LBHI, the "**Debtors**") filed voluntary petitions for relief in the Bankruptcy Court.    These cases are being jointly administered for procedural purposes before Judge James M. Peck as Case No. 08-13555.

2.    On July 2, 2009, the Bankruptcy Court entered an Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "**Bar Date Order**") (Docket No. 4271).    The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) (the "**Securities Program Bar Date**") as the last date and time for each person or entity to file a proof of claim based on securities issued by the Debtors or one of the Debtors' affiliates outside of the United States, which is identified on http://www.lehman-docket.com under the heading "Lehman Program Securities" (each, a "**Lehman Program Security**" and collectively, the "**Lehman Program Securities**").    In accordance with the requirements relating to Lehman Program Securities under the Bar Date Order, EFG Bank AG (the "**Claimant**") hereby files this Lehman Program Security Proof of Claim.

1

**B.**    **Claim Arising Under Lehman Program Securities**

3.    The Claimant is the holder or authorized representative of the holder of Lehman Program Securities. The International Securities Identification Number ("ISIN") identifying each Lehman Program Security, along with the respective Euroclear electronic instruction reference number or Clearstream blocking reference number or other depository blocking reference number is detailed on the spreadsheet attached hereto as **Exhibit A** .

4.    The Claimant asserts a claim (the "**Claim**") for each Lehman Program Security in the aggregate liquidated amount as set forth on **Exhibit A** as of the Petition Date, plus any and all other interest, costs, fees, expenses, or additional amounts due and owing under the documents associated with each Lehman Program Security, including the terms and conditions and pricing supplements for each issuance, and under applicable law. Exhibit A sets forth the aggregate amount of the claim for each Lehman Program Security in US Dollars as of September 15, 2009, as required by the Bar Date Order. Claimant reserves the right to assert that a different currency or exchange rate is applicable to the claim.

**C.**    **Guaranty Claim**

5.    To the extent that a Lehman Program Security has been issued by an affiliate of the Debtors outside the United States with a related guaranty issued by LBHI, the Claimant has and asserts a claim against LBHI based on amounts owed pursuant to the promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance (the "**Guaranty**").

6.    In reliance on pg. 14, subparagraph (h) of the Bar Date Order, the Claimant does not intend to complete a Guarantee Questionnaire (as that term is defined in the Bar Date Order) on account of its Guaranty Claim.

2

**D.**     <u>Reservation of Rights</u>

7.     The Claimant reserves the right to file a proof of claim or other evidence of its indebtedness in any pending or future proceeding in another jurisdiction arising out of either the Lehman Program Security or the Guaranty.  The Claimant's filing of this Proof of Claim is without prejudice to its right to assert substantially similar claims in the insolvency proceedings relating to any of the Debtors' affiliates in other jurisdictions.

8.     To the extent that the Debtors assert claims against the Claimant of any kind, the Claimant reserves the right to assert that such claims by the Debtors are subject to rights of setoff or recoupment, which rights may be treated as secured claims under the Bankruptcy Code.  To the extent that the Debtors or any other party take any action that would give rise to a counterclaim, cross claim or other claims against the Debtors,  the Claimant reserves all rights to assert such claim.

9.     The Claimant reserves the right to (i) amend, clarify, modify, update or supplement this Proof of Claim at any time and in any respect, including without limitation to assert additional claims and requests for payment or additional grounds for its claims, or to specify the amount of  the Claimant's contingent, unmatured or unliquidated claims as they become non-contingent, matured or liquidated; (ii) file additional proofs of claim at any time and in any respect; or (iii) file a request for payment of administrative or priority expenses in accordance with 11 U.S.C. §§ 503(b) and 507(a).  By virtue of the filing of this Proof of Claim, the Claimant does not waive, and hereby expressly reserves, its right to pursue claims and requests for payment, including but not limited to, the claims and requests for payment described herein against the Debtors based upon alternative legal theories.

3

10. By filing this Proof of Claim, the Claimant does not waive, and specifically preserves, its procedural and substantive defenses to any claim that may be asserted against it by the Debtors, by any trustee of their estates, by any official committee appointed in these chapter 11 cases, or any other party.

11. The Claimant also reserves all rights accruing to it against the Debtors, and the filing of this Proof of Claim is not intended to be and shall not be construed as (a) an election of remedies or (b) a waiver or limitation of any rights of the Claimant. The Claimant reserves the right to withdraw this Proof of Claim with respect to any claims for any reason whatsoever.

12. This Proof of Claim shall not be deemed to be a waiver of the Claimant's right (i) to have final orders in non-core matters entered only after *de novo* review by a District Court Judge, (ii) to trial by jury in any proceeding so triable in these cases or any case, controversy, or proceeding related to these cases, (iii) to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal, or (iv) to any other rights, claims, actions, set-offs, or recoupments to which the Claimant is or may be entitled, in law or in equity, all of which rights, claims, actions, defenses, set-offs, and recoupments the Claimant expressly reserves.

13. By the filing of this Proof of Claim, the Claimant does not submit to the jurisdiction of the Bankruptcy Court for any purpose other than with respect to this Proof of Claim.

4

**D.**   <u>**Notices**</u>

14.   All notices regarding this Proof of Claim should be sent to:

> EFG Bank AG
> Bahnhofstrasse 16
> P.O. Box 2255
> 8022 Zurich
> Switzerland
> Attn:  Isabel Faragalli
>
> with a copy to:
>
> Greenberg Traurig LLP
> 200 Park Avenue
> New York, NY 10166
> Attn:  Maria DiConza

15.   Pursuant to pg. 14, subparagraph (i) of the Bar Date Order, the Claimant does not attach to this Proof of Claim or otherwise submit any documentation supporting the claim under the Lehman Program Security.

NY239,760,703v3

5

Exhibit A to Proof of Claim of EFG Bank AG, Switzerland

| Currency (CCY) | ISIN CODE | Clearstream Blocking Number (#) | Principal to Claim in Local Currency | Accrued Interest to Claim in Local Currency | Principal to Claim in USD (as at 09/15/2008) | Accrued Interest to Claim in USD (as at 09/15/2008) | Total Claim in USD (as at 09/15/2008) |
|---|---|---|---|---|---|---|---|
| EUR | ANN52144X7313 | CA58234 | 13373 | | 19047 | | 19047 |
| EUR | CH0027120770 | CA58235 | 120 | N/A | 171 | N/A | 171 |
| EUR | XS0176153350 | CA58237 | 150000 | 2790 | 213945 | 3974 | 217819 |
| EUR | XS0185349916 | CA58238 | 2035000 | N/A | 2888451 | N/A | 2888451 |
| USD | XS0166983798 | CA58239 | 307287 | N/A | 307287 | N/A | 307287 |
| EUR | XS0199741001 | CA58287 | 541000 | 5592 | 770546 | 7965 | 778511 |
| EUR | XS0193035558 | CA58291 | 14000 | 49 | 19940 | 69 | 20009 |
| USD | XS0204033997 | CA74140 | 75000 | 1369 | 75000 | 1369 | 76369 |
| EUR | XS0205185456 | CA58293 | 50000 | 261 | 71215 | 372 | 71587 |
| USD | XS0207884379 | CA36175 | 50000 | N/A | 50000 | N/A | 50000 |
| EUR | XS0204459023 | CA58294 | 30000 | 425 | 42729 | 605 | 43334 |
| EUR | XS0210782552 | CA67433 | 12000 | 284 | 17092 | 376 | 17468 |
| EUR | XS0213829487 | CA67434 | 60000 | N/A | 85458 | N/A | 85458 |
| USD | XS0216140094 | CA67435 | 120000 | 677 | 120000 | 677 | 120677 |
| EUR | XS0218304458 | CA67436 | 125000 | 2965 | 178038 | 4223 | 182261 |
| EUR | XS0229584296 | CA67444 | 320000 | 22362 | 455776 | 31851 | 487627 |
| EUR | XS0252835110 | CA67483 | 250000 | 1471 | 356075 | 2096 | 356171 |
| CHF | XS0261032238 | CA67804 | 1000 | N/A | 1116 | N/A | 1116 |
| USD | XS0277470943 | CA67832 | 225000 | N/A | 225000 | N/A | 225000 |
| EUR | XS0284114567 | CA74141 | 700000 | N/A | 997010 | N/A | 997010 |
| SEK | XS0293731914 | CA92121 | 440000 | N/A | 65085 | N/A | 65095 |
| USD | XS0299103084 | CA67884 | 100000 | N/A | 100000 | N/A | 100000 |
| SEK | XS0299824568 | CA67909 | 9000000 | N/A | 1331499 | N/A | 1331499 |
| EUR | XS0301385945 | CA74145 | 760000 | N/A | 1082468 | N/A | 1082468 |

Exhibit A to Proof of Claim of EFG Bank AG, Switzerland

| Currency (CCY) | ISIN CODE | Clearstream Blocking Number (#) | Principal to Claim in Local Currency | Accrued Interest to Claim in Local Currency | Principal to Claim in USD (as at 09/15/2008) | Accrued Interest to Claim in USD (as at 09/15/2008) | Total Claim in USD (as at 09/15/2008) |
|---|---|---|---|---|---|---|---|
| CZK | XS0307735445 | CA38181 | 5800000 | 124004 | 343459 | 7343 | 350903 |
| EUR | XS0307746744 | CA67966 | 500000 | 5552 | 712150 | 7908 | 720058 |
| EUR | XS0308319341 | CA67988 | 30000 | N/A | 42729 | N/A | 42729 |
| CHF | XS0309635139 | CA67999 | 244 | N/A | 272 | N/A | 272 |
| USD | XS0319211982 | CA69000 | 200000 | N/A | 200000 | N/A | 200000 |
| EUR | XS0319831098 | CA68003 | 3000000 | N/A | 4272900 | N/A | 4272900 |
| USD | XS0323108265 | CA68033 | 315000 | N/A | 315000 | N/A | 315000 |
| USD | XS0323849199 | CA68127 | 770000 | N/A | 770000 | N/A | 770000 |
| EUR | XS0323849355 | CA68128 | 960000 | N/A | 1367328 | N/A | 1367328 |
| USD | XS0324091304 | CA68138 | 1000000 | N/A | 1000000 | N/A | 1000000 |
| EUR | XS0326006540 | CA68139 | 200000 | 9784 | 284860 | 13950 | 298810 |
| EUR | XS0326085742 | CA68140 | 1074000 | N/A | 1529698 | N/A | 1529698 |
| SEK | XS0326108873 | CA69187 | 12550000 | N/A | 1856701 | N/A | 1856701 |
| CHF | XS0326427480 | CA69188 | 50000 | 2300 | 55795 | 2567 | 58362 |
| USD | XS0328922045 | CA69202 | 665000 | N/A | 665000 | N/A | 665000 |
| EUR | XS0328923379 | CA69221 | 2325000 | N/A | 3311498 | N/A | 3311498 |
| USD | XS0331874163 | CA69222 | 366000 | 46511 | 366000 | 46511 | 412511 |
| USD | XS0333449295 | CA69278 | 985000 | N/A | 985000 | N/A | 985000 |
| USD | XS0334693818 | CA69282 | 5000000 | N/A | 5000000 | N/A | 5000000 |
| USD | XS0336218782 | CA69287 | 560000 | N/A | 560000 | N/A | 560000 |
| USD | XS0339560762 | CA69826 | 400000 | N/A | 400000 | N/A | 400000 |
| EUR | XS0339651107 | CA69305 | 503000 | N/A | 716423 | N/A | 716423 |
| CHF | XS0339492571 | CA69307 | 2093000 | N/A | 2335579 | N/A | 2335579 |
| USD | XS0339493033 | CA69310 | 60000 | N/A | 60000 | N/A | 60000 |

Exhibit A to Proof of Claim of EFG Bank AG, Switzerland

| Currency (CCY) | ISIN CODE | Clearstream Blocking Number (#) | Principal to Claim in Local Currency | Accrued Interest to Claim in Local Currency | Principal to Claim in USD (as at 09/15/2008) | Accrued Interest to Claim in USD (as at 09/15/2008) | Total Claim in USD (as at 09/15/2008) |
|---|---|---|---|---|---|---|---|
| USD | XS0339408238 | CA69311 | 1530922 | N/A | 1530922 | N/A | 1530922 |
| EUR | XS0339408584 | CA91763 | 1170000 | N/A | 1666431 | N/A | 1666431 |
| EUR | XS0339537390 | CA38371 | 150000 | N/A | 213645 | N/A | 213645 |
| EUR | XS0342408716 | CA69312 | 773000 | N/A | 1100984 | N/A | 1100984 |
| USD | XS0344556864 | CA69314 | 3854000 | N/A | 3854000 | N/A | 3854000 |
| EUR | XS0344557839 | CA69316 | 1747000 | N/A | 2488252 | N/A | 2488252 |
| EUR | XS0345061591 | CA69317 | 1000000 | N/A | 1424300 | N/A | 1424300 |
| USD | XS0346438061 | CA69319 | 75000 | N/A | 75000 | N/A | 75000 |
| USD | XS0346468761 | CA69324 | 110000 | N/A | 110000 | N/A | 110000 |
| HKD | XS0349512094 | CA69325 | 1000000 | N/A | 128366 | N/A | 128366 |
| USD | XS0350764337 | CA69327 | 2000000 | N/A | 2000000 | N/A | 2000000 |
| EUR | XS0351768836 | CA69328 | 2455000 | N/A | 3496657 | N/A | 3496657 |
| EUR | XS0364438639 | CA69329 | 200000 | N/A | 284980 | N/A | 284980 |
| USD | XS0369898522 | CA69330 | 2050000 | N/A | 2050000 | N/A | 2050000 |
| USD | XS0382037975 | CA69332 | 200000 | N/A | 200000 | N/A | 200000 |
| USD | XS0384368485 | CA69335 | 200000 | N/A | 200000 | N/A | 200000 |
| | | | | TOTAL IN USD | 57456466 | 131855 | 57588321 |

# Exhibit A to Proof of Claim of EFG Bank AG Exchange Rates
## (as at 09/15/2008)

### EXCHANGE RATES (AS AT 09/15/2008)

| Type of Currency (CCY) | Abbreviation | Rate |
|---|---|---|
| Euro | EUR | 1.4243 |
| Swiss Franc | CHF | 1.1159 |
| Swedish Kronor | SEK | 6.7593 |
| Czech Kronor | CZK | 16.8870 |
| Australian Dollar | AUD | 0.8066 |
| Hong Kong Dollar | HKD | 7.7902 |
| United States Dollar | USD | 1.0000 |

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY: _____     _____     _____
                                       DATE                TIME