B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,　　　　　　　Case No. 08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　　　　　　　　　Debtors.

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

GOLDMAN, SACHS & CO.　　　　　　　　　　　　　RISPARMIO & PREVIDENZA SOCIETA PER
Name of Transferee　　　　　　　　　　　　　　　　AZIONI
　　　　　　　　　　　　　　　　　　　　　　　　　　Name of Transferor

Name and Address where notices to transferee　　　Court Claim # (if known): 44619
should be sent:

30 Hudson Street, 36th Floor　　　　　　　　　　　Amount of Claim Transferred: please see schedule
Jersey City, NJ 07302　　　　　　　　　　　　　　to attached transfer document, which relates to
Fax: 212-428-1243　　　　　　　　　　　　　　　　100% of the following ISINs as covered by Claim
Contact: Andrew Caditz　　　　　　　　　　　　　　44619: XS0185655445, XS0165754531, and
Phone: 212-357-6240　　　　　　　　　　　　　　　XS0165754705
Email: Andrew.Caditz@gs.com

　　　　　　　　　　　　　　　　　　　　　　　　　　Date Claim Filed: 10/23/2009

　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor: Lehman Brothers Holdings Inc.

Phone: _____　　　Phone: _____
Last Four Digits of Acct #: _____　　　Last Four Digits of Acct. #: _____


Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

708735v.1 153/05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

GOLDMAN SACHS & CO.

By: _____  Date: 2/10/12
    Dennis Lafferty
    Managing Director
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

708735v.1 153/05435

**Agreement and Evidence of Transfer of Claim**

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, RISPARMIO & PREVIDENZA SOCIETA PER AZIONI having its corporate seat at Verona - Italy, via Carlo Ederle 45 and its registered office at Verona ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to GOLDMAN, SACHS & CO. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 44619 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) any guaranty related to the Purchased Claim, (c) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with all exhibits, attachments and/or supporting documentation relating to the Purchased Claim (the "Claim Documents"), and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims").

2. Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, security interests, participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor any other party owning legal or beneficial interest in the Transferred Claim of Purchased Security has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

6. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8th day of February 2012.

RISPARMIO & PREVIDENZA SPA

By: _____
Name: Piero Gavazzi
Title: Chief Financial Officer

By: _____
Name: Antonio Crisafulli
Title: Chief Investment Officer

via Carlo Ederle 45,
37126 Verona - ITALY

GOLDMAN, SACHS & CO.

By: _____
Name: Dennis Lafferty
Title: Managing Director

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

2

Schedule 1

Transferred Claims

Purchased Claim

1) 100% of XS0185655445 as described in the Proof of Claim, which equals $1,381,018.68 of the Proof of Claim as originally filed, or $1,384,180.43 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount;
2) 100% of XS0165754531 as described in the Proof of Claim, which equals $9,779,389.24 of the Proof of Claim as originally filed, or $10,001,544.65 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount; and
3) 100% of XS0165754705 as described in the Proof of Claim, which equals $3,101,491.22 of the Proof of Claim as originally filed, or $2,723,706.73 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|
| EUROPEAN INFLATION LINKED BOND | XS0185655445 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 952,000.00 (which correlates to $1,381,018.68 of the Proof of Claim as originally filed, and $1,384,180.43 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount) | 2/27/2014 |
| LOW COUPON FIXED RATE NOTE | XS0165754531 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 7,011,000.00 (which correlates to $9,779,389.24 of the Proof of Claim as originally filed, and $10,001,544.65 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount) | 10/7/2010 |
| LOW COUPON BOND | XS0165754705 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 2,228,300.00 (which correlates to $3,101,491.22 of the Proof of Claim as originally filed, and $2,723,706.73 of the Proof of Claim as allowed by the related Notice of Proposed Allowed Claim Amount) | 12/30/2010 |