Presentment Date and Time: **February 21, 2012 at 12:00 p.m.** (Prevailing Eastern Time)
Objection Deadline: **February 21, 2012 at 11:00 a.m.** (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): **TBD**

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| L<small>EHMAN</small> B<small>ROTHERS</small> H<small>OLDINGS</small>, I<small>NC.</small> *et al.*, | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**NOTICE OF REVISED PROPOSED ORDER
AUTHORIZING RETENTION OF RICHARD GITLIN,
FEE COMMITTEE CHAIR, AND GODFREY & KAHN, S.C. AS COUNSEL
TO THE FEE COMMITTEE TO CONDUCT RETROSPECTIVE REVIEW OF
PROFESSIONAL COMPENSATION, *NUNC PRO TUNC* TO DECEMBER 1, 2011**

**PLEASE TAKE NOTICE** that attached hereto as **Exhibit A** is a revised proposed order reflecting modifications to the proposed order requested by counsel for the Official Committee of Unsecured Creditors (the "**Revised Proposed Order**") granting the December 16, 2011 application [Docket No. 23524] of the Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") pursuant to the *Order Amending the Fee Protocol* [Docket No. 15998] (the "**Amended Fee Protocol**"). Attached hereto as **Exhibit B** is a blackline of the Revised Proposed Order, marked to reflect the changes made to the proposed *Order Authorizing Retention of Richard Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C. as Counsel to the Fee*

*Committee to Conduct Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* originally filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that the undersigned will present the Revised Proposed Order to the Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **February 21, 2012 at 12:00 p.m.** (Prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the "**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Harvey Miller, Esq. and Richard P. Krasnow, Esq. attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., Andrea B. Schwartz, Esq., Linda Riffkin, Esq. and Susan Golden, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys to the Official Committee of Unsecured Creditors appointed in these cases; (v) Godfrey

& Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Brady C. Williamson, Esq. and Katherine Stadler, Esq., attorneys for the Fee Committee; and (vi) all parties who have requested notice in these chapter 11 cases, **so as to be so filed and received by no later than February 21, 2012 at 11:00 a.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if a timely objection is filed and served, or if the Court so directs, a hearing will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at a date to be scheduled by the Court, upon such additional notice as the Court may direct.

Dated: Madison, Wisconsin
February 13, 2012.

GODFREY & KAHN, S.C.

By: /s/ Katherine Stadler
Katherine Stadler
Brady C. Williamson

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com
bwilliam@gklaw.com

*Attorneys for the Fee Committee*

7485240_1

# **EXHIBIT A**

**Revised Proposed Order**

Presentment Date and Time: **February 21, 2012 at 12:00 p.m.** (Prevailing Eastern Time)
Objection Date and Time: **February 21, 2012 at 11:00 a.m.** (Prevailing Eastern Time)
Hearing Date and Time (if an Objection is Filed): **TBD**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
| | : | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
---------------------------------------------------------------- x

**ORDER AUTHORIZING RETENTION OF RICHARD GITLIN, FEE COMMITTEE
CHAIR, AND GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE
TO CONDUCT RETROSPECTIVE REVIEW OF PROFESSIONAL COMPENSATION,
*NUNC PRO TUNC* TO DECEMBER 1, 2011**

Upon the *Application of the Fee Committee to Retain the Chairman and Committee Counsel for Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* (the "**Application**"), unanimously approved and submitted by its Chairman, Richard Gitlin (the "Independent Member"), for an order pursuant to 11 U.S.C. §§ 327, 328, and 330 and pursuant to the *Order Amending the Fee Protocol* [Docket No. 15998] ("**Amended Fee Protocol**"), authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") as counsel to provide services as set forth in the Application and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the *Application of the Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C., as Counsel to the Fee Committee Nunc Pro Tunc to January 24, 2011* [Docket No. 14956] the ("**Original Application**") as Exhibit A; and notice of the Application having been given as set forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that Godfrey & Kahn does not hold or

represent an interest adverse (except as otherwise noted) to the Debtors' estates and that Godfrey & Kahn is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, and that the expanded retention of Richard Gitlin and Godfrey & Kahn for retrospective review is necessary and in the best interests of the Fee Committee and these cases; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Application is granted as set forth herein.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse Richard Gitlin as its chair and Godfrey & Kahn as its counsel pursuant to sections 327, 328 and 330 of the Bankruptcy Code on the expanded terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to December 1, 2011.

3. In addition to those services set forth in the Original Application, Godfrey &Kahn shall provide the Fee Committee with the full range of legal services necessary to represent the Fee Committee in completing its analysis of "applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date (September 15, 2008) that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order." *See* Original Application at ¶ 17(b).

4. The flat fee set forth at paragraph 12 of the Application shall compensate Godfrey & Kahn and the Independent Member for their retrospective review work, commencing December 1, 2011 and until further order of the Court, for the review and analysis of applications

2

for fees and expenses for services rendered by the Retained Professionals that were previously reviewed, but not resolved, by Feinberg Rozen.

5.  In performing such review and analysis, Godfrey & Kahn and the Independent Member shall not recommend that the Fee Committee seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim (the "Excluded Matters").

6.  Godfrey & Kahn and Richard Gitlin shall continue to be compensated and reimbursed for their expenses consistent with the Application and the Amended Fee Protocol.

7.  To the extent of any inconsistency between the terms of the Application, the Williamson Affidavit and this Order, the terms of this Order shall control.

8.  The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

9.  Notwithstanding the payment arrangements outlined in the Application and notwithstanding section 328 of the Bankruptcy Code, Godfrey &Kahn and the Independent Member shall continue to apply, retrospectively, for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

10. Nothing contained herein shall affect any of the rights and obligations imposed by the Amended Fee Protocol, as approved by the Order Amending Fee Protocol [Docket No.

15998] (the "Amended Fee Protocol"). To the extent of any inconsistency between the terms of this Order and the Amended Fee Protocol, the Amended Fee Protocol shall control.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including (i) any disputes concerning the scope of the Excluded Matters; and (ii) any motions or applications to amend the Order.

Dated: New York, New York
       February _____, 2012.

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

7478321_1

# **EXHIBIT B**

**BLACKLINE of the
Revised Proposed Order**

**Presentment Date and Time:** ~~January 3,~~ February 21, 2012 at 12:00 ~~Noon~~p.m. (Prevailing Eastern Time)
**Objection Date and Time:** ~~December 30, 2011~~February 21, 2012 at ~~4~~11:00 ~~p~~a.m. (Prevailing Eastern Time)
**Hearing Date and Time (if an Objection is Filed):** TBD

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.*, | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**ORDER AUTHORIZING RETENTION OF RICHARD GITLIN, FEE COMMITTEE CHAIR, AND GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE TO CONDUCT RETROSPECTIVE REVIEW OF PROFESSIONAL COMPENSATION, *NUNC PRO TUNC* TO DECEMBER 1, 2011**

Upon the *Application of the Fee Committee to Retain the Chairman and Committee Counsel for Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* (the "**Application**"), unanimously approved and submitted by its Chairman, Richard Gitlin (the "**Independent Member**"), for an order pursuant to 11 U.S.C. §§ 327, 328, and 330 and pursuant to the *Order Amending the Fee Protocol* [Docket No. 15998] ("**Amended Fee Protocol**"), authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") as counsel to provide services as set forth in the Application and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the *Application of the Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C., as Counsel to the Fee Committee Nunc Pro Tunc to January 24, 2011* [Docket No. 14956] the ("**Original Application**") as Exhibit A; and notice of the Application having been given as set forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that Godfrey & Kahn does not hold or

represent an interest adverse (except as otherwise noted) to the Debtors' estates and that Godfrey & Kahn is a "disinterested person" as such term is defined under section 101(14) of the Bankruptcy Code, and that the expanded retention of Richard Gitlin and Godfrey & Kahn for retrospective review is necessary and in the best interests of the Fee Committee and these cases; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Application is granted as set forth herein.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse Richard Gitlin as its chair and Godfrey & Kahn as its counsel pursuant to sections 327, 328 and 330 of the Bankruptcy Code on the expanded terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to December 1, 2011.

3. In addition to those services set forth in the Original Application, Godfrey &Kahn shall provide the Fee Committee with the full range of legal services necessary to represent the Fee Committee in completing its analysis of "applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date (September 15, 2008) that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order." *See* Original Application at ¶ 17(b).

4. The flat fee set forth at paragraph 12 of the Application shall compensate Godfrey & Kahn and the Independent Member for their retrospective review work, commencing December 1, 2011 and until further order of the Court, for the review and analysis of applications

for fees and expenses for services rendered by the Retained Professionals that were previously reviewed, but not resolved, by Feinberg Rozen.

5.    In performing such review and analysis, Godfrey & Kahn and the Independent Member shall not recommend that the Fee Committee seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim (the "Excluded Matters").

6.    5. Godfrey & Kahn and Richard Gitlin shall continue to be compensated and reimbursed for their expenses consistent with the Application and the Amended Fee Protocol.

7.    6. To the extent of any inconsistency between the terms of the Application, the Williamson Affidavit and this Order, the terms of this Order shall control.

8.    7. The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

9.    8. Notwithstanding the payment arrangements outlined in the Application and notwithstanding section 328 of the Bankruptcy Code, Godfrey &Kahn and the Independent Member shall continue to apply, retrospectively, for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

10.    Nothing contained herein shall affect any of the rights and obligations imposed by the Amended Fee Protocol, as approved by the Order Amending Fee Protocol [Docket No.

3

15998] (the "Amended Fee Protocol").  To the extent of any inconsistency between the terms of this Order and the Amended Fee Protocol, the Amended Fee Protocol shall control.

11.    ~~9.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including (i) any disputes concerning the scope of the Excluded Matters; and (ii) any motions or applications to amend the Order.

Dated: New York, New York
       ~~January~~February _____, 2012.

                                                           HONORABLE  JAMES M. PECK
                                                           UNITED STATES BANKRUPTCY JUDGE

~~7240530_2~~
7478321_1

4

Document comparison by Workshare Compare on Monday, February 13, 2012 4:12:00 PM

| Input: | |
|---|---|
| Document 1 ID | interwovenSite://GKDMS/Active/7240530/2 |
| Description | #7240530v2<Active> - 2011 12 16 -- v2 PROPOSED Order for Expanded Retention of Godfrey Kahn by Fee Committee |
| Document 2 ID | interwovenSite://GKDMS/Active/7478321/1 |
| Description | #7478321v1<Active> - 2012 02 13 -- REVISED PROPOSED Order for Expanded Retention of Godfrey Kahn by Fee Committee |
| Rendering set | standard |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 13 |
| Deletions | 12 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 25 |