Hearing Date and Time:  February 15, 2012 at 10:00 a.m. (Prevailing Eastern Time)

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000

*Counsel for Debtors and Debtors-in-Possession*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000

*Counsel for the Official Committee of*
*Unsecured Creditors of Lehman Brothers*
*Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                                    :
**In re**                                                           :    **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                        :    **08-13555 (JMP)**
                                                                    :
                                        **Debtors.**                :    **(Jointly Administered)**
-------------------------------------------------------------------x

### NOTICE OF FILING OF JPM FUNDS SETTLEMENT AGREEMENT

Reference is made to the motion dated February 1, 2012 [Docket No. 24851] (the

"Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and the

Official Committee of Unsecured Creditors (the "Committee"), for approval of the Settlement

Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

Management Fund Claims (No Liability, Misclassified and Duplicative Claims), among the

Debtors and the Funds, as further described in the Motion.

PLEASE TAKE NOTICE that, pursuant to the Motion, the Debtors hereby file an

executed copy of the Settlement Agreement, which is annexed hereto as **Exhibit A**.

Dated:  February 13, 2012
          New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By:  */s/  Joseph D. Pizzurro*
          Joseph D. Pizzurro
          L. P. Harrison 3rd
          Michael J. Moscato
          Nancy E. Delaney
          Peter J. Behmke
          Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559

*Counsel for Debtors and
Debtors-in-Possession*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By: */s/  John B. Quinn*
          John B. Quinn
          Erica Taggart
          Matthew Scheck
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Susheel Kirpalani
Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Counsel for the Official Committee of
Unsecured Creditors of Lehman Brothers
Holdings Inc.*

11302554

## EXHIBIT A

## JPM FUNDS SETTLEMENT AGREEMENT

This **JPM FUNDS SETTLEMENT AGREEMENT** (this "*Agreement*") is made and entered into as of February 13, 2012, among (i) Lehman Brothers Holdings Inc. ("*LBHI*"), (ii) certain subsidiaries of LBHI executing this Agreement (collectively with LBHI, "*Lehman*"), (iii) certain investment funds set forth on Schedule 1 hereto (the "*JPM Funds*"), (iv) JPMorgan Chase Bank, N.A. ("*JPMCB*"), and (v) certain affiliates and subsidiaries of JPMCB executing this Agreement (collectively with JPMCB, the "*Other JPM Entities*").

**WHEREAS**, commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "*Debtors*") commenced voluntary chapter 11 cases (the "*Cases*") under Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*");

**WHEREAS**, the Cases are being jointly administered as Case No. 08-13555 (JPM);

**WHEREAS**, on December 6, 2011, the Debtors' Modified Third Amended Joint Chapter 11 Plan (the "*Plan*") was confirmed in the Cases but the effective date of the Plan (the "*Plan Effective Date*") has not yet occurred;

**WHEREAS**, prior to the commencement of the Cases, the JPM Funds and the Other JPM Entities entered into certain transactions with LBHI and certain of its subsidiaries;

**WHEREAS**, the JPM Funds and the Other JPM Entities allege that they are entitled to the benefits of a Guaranty dated as of September 9, 2008 (the "*September 2008 Guaranty*"), issued by LBHI in favor of JPMCB and all of its affiliates, subsidiaries, successors and assigns and of a Security Agreement dated as of September 9, 2008 (together with the September 2008 Guaranty, the "*September 2008 Documents*") executed by LBHI in favor of JPMCB and all of its affiliates, subsidiaries, successors and assigns;

**WHEREAS**, the JPM Funds have alleged that they are entitled to the benefits of the September 2008 Documents because they are "affiliates" of JPMCB, and LBHI has asserted, among other things and without waiving any other challenges to the September 2008 Documents, that the JPM Funds are not "affiliates" of JPMCB for purposes of the September 2008 Documents;

**WHEREAS**, on October 26, 2011 LBHI and the Official Committee of Unsecured Creditors filed the *Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims)* (the "*Claim Objection*") [Docket No. 21293];

**WHEREAS**, the parties hereto entered into a Collateral Disposition Agreement dated as of March 16, 2010 (as supplemented and amended prior to the date hereof, the "*Collateral*

*Disposition Agreement*"), which was approved by the Bankruptcy Court by an order dated March 24, 2010;

**WHEREAS**, pursuant to the Collateral Disposition Agreement, certain cash was provisionally applied to certain of the claims of the JPM Funds and Other JPM Entities against LBHI and its subsidiaries, with such claims being assigned to LBHI by the JPM Funds and Other JPM Entities and LBHI also being subrogated to the rights of the JPM Funds and the Other JPM Entities in respect of such claims, in each case subject to the reservations of rights and defenses and other provisions of the Collateral Disposition Agreement;

**WHEREAS**, the JPM Funds and LBHI wish to settle the claims of the JPM Funds under or in respect of the September 2008 Documents and the Corporate Resolutions/S&P Claims (as hereinafter defined), and the claims and defenses of LBHI relating to all of such claims, without affecting (a) the Underlying JPM Funds Claims (as hereinafter defined) and the claims and defenses of LBHI and its subsidiaries relating thereto or (b) the claims and defenses of the Other JPM Entities under or in respect of the September 2008 Documents and the claims and defenses of LHBI relating to such claims of the Other JPM Entities; and

**WHEREAS,** the settlement will require certain waivers and other actions under the Collateral Disposition Agreement;

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

**§1.**    **Definitions**. In addition to the terms defined above or elsewhere in this Agreement, the following terms shall have the following meanings:

"*Affected JPM Funds Claims*" means, collectively, (i) the secured claims filed by the JPM Funds against LBHI to the extent (but only to the extent) based on the September 2008 Documents; and (ii) any Corporate Resolutions/S&P Claims.

"*Board Resolutions/S&P Guaranty*" means any corporate board resolution guaranty, or any guaranty delivered to Standard & Poor's Rating Services, issued by LBHI prior to the date on which it commenced its Case.

"*Corporate Resolutions/S&P Claims*" means any claims which have been filed or could be asserted by any of the JPM Funds against LBHI to the extent (but only to the extent) based on any Board Resolutions/S&P Guaranty.

"*Excluded Claims*" means, collectively, (a) the Underlying JPM Funds Claims, (b) claims by the Other JPM Entities against any of the Debtors or Lehman, except claims relating to transactions under the September 2008 Documents or the Board Resolution Guarantees to the extent (but only to the extent) for the benefit of the JPM Funds, and (c) claims by Lehman against any of the Other JPM Entities, except claims relating to transactions under the September 2008 Documents to the extent (but only to the extent) for the benefit of the JPM Funds.  The

3

term does not include any claims by Lehman that it is entitled to the JPM Funds Cash Collateral (as hereinafter defined).

"*Underlying JPM Funds Claims*" means the underlying claims of the JPM Funds against any of the Debtors or any of their affiliates guarantied or secured under, or otherwise existing wholly apart from, the September 2008 Documents or the Board Resolutions/S&P Guarantees.

**§2.**   **Scope of Settlement**.  This Agreement settles the Affected JPM Funds Claims.  This Agreement does not settle or otherwise affect any Excluded Claim or any defense to an Excluded Claim.  This Agreement and the settlement effected hereby shall not affect, and shall not be cited or referred to in any court pleading or argument with respect to and shall not be construed as being an admission or having any precedential effect with respect to, any of the Excluded Claims.

**§3.**   **The Effective Date**.  The parties hereto shall use commercially reasonable efforts and work in good faith as expeditiously as possible (i) to seek the Bankruptcy Court's consideration of an order approving the execution, delivery and performance of this Agreement at the omnibus hearing scheduled for February 15, 2012; and (ii) for the Closing Date (as defined below) to occur by February 21, 2012.  However, the parties hereto will not otherwise be bound by this Agreement until the date (the "*Effective Date*") on which the following conditions have been met:

(a)   *Debtor Deposits*.  Lehman and JPMCB shall have agreed, pursuant to a written agreement in form and substance satisfactory to Lehman and JPMCB, to the amounts of, and terms on which Lehman would make, Debtor Deposits (as such term is defined in the Collateral Disposition Agreement).

(b)   *Final Order*.  The execution, delivery and performance of this Agreement by the Debtors shall have been approved by an order (the "*Final Order*") of the Bankruptcy Court entered in the Cases in form and substance satisfactory to the parties hereto and as to which, unless otherwise agreed by the parties, (i) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired, and (ii) as to which no appeal, petition for certiorari or other petitions for reargument or rehearing shall then be pending, or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing or by order of the Bankruptcy Court, or in the event that an appeal, petition for certiorari, or reargument or rehearing has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or certiorari, reargument or rehearing shall have been denied and the time to take any further appeal, petition for certiorari, reargument or rehearing shall have expired; provided, however, that the possibility of motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Federal Rules of Bankruptcy Procedure may be filed with respect to such order shall not cause such order to cease to be a Final Order.

(c)     *Plan Effective Date.*  The Final Order shall have provided for the obligations of the Debtors party to this Agreement to be binding on the Debtors as reorganized under the Plan once the Plan Effective Date occurs.

**§4.     Actions Following the Effective Date**.   The parties shall take the following actions within six (6) days following the Effective Date:

(a)     *Reversal of Application of Cash Collateral.*  The provisional application of the cash collateral (the **"JPM Funds Cash Collateral"**) under the Collateral Disposition Agreement to the claims of the JPM Funds against LBHI and its subsidiaries, as set forth in the Collateral Disposition Agreement shall be reversed.

(b)     *Payment to LBHI.*  The JPM Funds Cash Collateral, less $15 million (the "**Retained Cash**"), shall be paid by the JPM Funds to LBHI calculated as follows:  The original amount of the JPM Funds Cash Collateral was $716,920,363.  However, as a result of the waiver in § 5(b) hereof, and after further taking into account amounts returned to LBHI by way of adjustments ($730,282) and withdrawals to cover misdirected wires ($1,968,369) previously approved by LBHI, the JPM Funds shall pay to LBHI by funds transfer the remaining amount of the JPM Funds Cash Collateral equal to $699,221,712.  The payment shall be sent to LBHI in accordance with the following funds transfer instructions:

> USD (US Dollar)
> Pay Citibank N.A., New York
> Swift CITIUS33
> ABA 021-000-089
> For Lehman Brothers Holdings Inc - DIP
> a/c 3078-4686
> Reference: [Include JPM counterparty name and applicable trade identifier]

(c)     *Accounting for Prior Distributions.* LBHI shall account to the JPM Funds for any distribution received by LBHI on account of an Underlying JPM Funds Claim since the provisional application of JPM Funds Cash Collateral under the Collateral Disposition Agreement.  LBHI will deliver the amount of the distribution to the applicable JPM Fund or, alternatively, the Retained Cash will be increased by the amount of the distribution.

(d)     *Re-assignment of the Assigned Claims.* Concurrently with the payment referred to in § 4(b) hereof as adjusted, if applicable, pursuant to § 4(c) hereof, LBHI will re-assign to the JPM Funds the Underlying JPM Funds Claims that were assigned to LBHI by the JPM Funds under or in connection with the Collateral Disposition Agreement.  The re-assignment will provide that any Underlying JPM Funds Claim against LBHI so re-assigned, or, if any Underlying JPM Funds Claim against LBHI was provisionally satisfied under or in connection with the Collateral Disposition Agreement, so satisfied, will be reinstated upon the re-assignment.  The re-assignment, together with any such reinstatement, will be absolute, will be made together with all supporting obligations and liens, will be free and clear of any adverse

claims created by or through LBHI, and will be effected pursuant to assignment documents otherwise in form and substance satisfactory to the JPM Funds.

**§5.    Actions Occurring on the Closing Date.**  On the date (the "***Closing Date***") on which all of the actions described in § 4 hereof have been completed, the following actions shall occur, and the following agreements shall become effective, automatically without further action of any party:

(a)    *Waiver of Reallocation Rights.*  Each Other JPM Entity waives any right under Paragraph 5(b) of the Collateral Disposition Agreement to reallocation of the Retained Cash or the $699,221,712 of the JPM Funds Cash Collateral paid by LBHI to the JPM Funds or any right otherwise to challenge the application of the JPM Funds Cash Collateral in accordance with the terms of this Agreement.

(b)    *Waiver of Cross-affiliate Setoff Supplemental Payment.* The JPM Funds waive any claim for a supplemental payment of $12,542,079.11 under Paragraph 6 of the Collateral Disposition Agreement based upon the reversal of a cross-affiliate setoff under those certain ISDA Master Agreements and schedules thereto, each dated as of March 15, 2002, between Lehman Brothers Special Financing Inc. and the JPM Funds listed on Exhibit A thereto, and each Debtor party hereto confirms that it has no further claim against any of the JPM Funds based on the setoff.

(c)    *Retention of Retained Cash.*  The Retained Cash and any interest earned on the JPM Funds Cash Collateral will be retained by the JPM Funds for their own accounts and will not be subject to any disgorgement or defeasance or cause any reduction in the Underlying Claims.  The JPM Funds shall be free to allocate the Retained Cash and interest among one another.

(d)    *Waiver of Subrogation Rights.*  LBHI confirms that it has waived or assigned absolutely in favor of the JPM Funds any subrogation rights with respect to the Underlying JPM Funds Claims obtained by LBHI under or in connection with the Collateral Disposition Agreement.

(e)    *The Collateral Disposition Agreement.*  The Collateral Disposition Agreement is amended in the following respects:  (i) the JPM Funds will cease to be, and are removed as, parties to the Collateral Disposition Agreement; and (ii) the JPM Funds and Lehman will have no continuing obligations to each other under the Collateral Disposition Agreement, and the rights and obligations of the Other JPM Entities and Lehman to and against each other under the Collateral Disposition Agreement will be determined without regard to the Affected JPM Funds Claims, the Underlying JPM Funds Claims, or any other claims by or against the JPM Funds.

**§6.    Releases.**

(a)    *General.*  Effective as of the Closing Date,

(i)    LBHI hereby releases the JPM Funds and their present and former respective managers, directors, owners, investors, agents and professionals from any claims that LBHI may have against any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals relating to transactions under the September 2008 Documents to the extent (but only to the extent) that such claims, if successful, would be claims for which any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals acting in such capacity would be liable or otherwise accountable.

(ii)    the JPM Funds hereby release LBHI and its present and former officers, directors, agents and professionals from any claims that the JPM Funds may have against LBHI or any of its post-petition officers, directors, agents and professionals relating to transactions under the September 2008 Documents to the extent (but only to the extent) that such claims, if successful, would be for the benefit of any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals acting in such capacity.

(iii)    the JPM Funds hereby release any and all Corporate Resolutions/S&P Claims; and

(iv)    LBHI hereby releases the Other JPMC Entities and their respective present and former officers, directors, owners, investors, agents, attorneys and professionals from any liability for the Retained Cash or for the portion of the JPM Funds Cash Collateral paid by the JPM Funds to LBHI under this Agreement.

(b)    *Excluded Claims.*  The releases in § 6(a) hereof shall not include (i) any Excluded Claims or (ii) any claim against any other party arising from the other party's representations or warranties contained in this Agreement or from the other party's obligations under this Agreement.

**§7    Non-Pursuit of Litigation; Proofs of Claim.**  From and after the Closing Date LBHI shall not pursue or seek judgment on any claims against any of the Other JPMC Entities for return or recovery of the Retained Cash or the portion of the JPM Funds Cash Collateral paid by the JPM Funds to LBHI under this Agreement, including in the pending adversary proceeding commenced by LBHI against JPMCB.  The parties hereto shall use commercially reasonable efforts to execute and deliver, on or before the later to occur of:  (i) February 24, 2012; and (ii) the Closing Date, a joint instruction letter (the "***Joint Instruction Letter***")  to the claims agent appointed in the Cases instructing the claims agent as to the disposition of the Affected JPM Funds Claims.  Within one business day following the delivery of the executed Joint Instruction Letter to the claims agent, LBHI shall file a notice of withdrawal of the Claim Objection.

**§8.    Future Distributions.**  If a distribution on any Underlying JPM Funds Claim re-assigned to a JPM Fund is received by LBHI after the payment to LBHI contemplated in § 4 hereof or has not been otherwise accounted for pursuant to § 4(c) hereof, LBHI shall promptly account for and pay over the distribution to the JPM Fund.

**§9.**    **Further Assurances**.  Each of LBHI and the Other JPM Entities will take such other actions as may be reasonably requested by the JPM Funds to perfect the re-assignment to the JPM Funds of the Underlying JPM Funds Claims, which were assigned to LBHI under or in connection with the Collateral Disposition Agreement, and to make such other notifications and filings as may be necessary or advisable, as expeditiously as possible, and otherwise to carry out the provisions of this Agreement.

**§10.**    **Representations and Warranties**.

(a)    *General.*  Each party hereto represents and warrants to the other parties hereto that such party (i) if an organization, validly exists as an organization, and (ii) subject, in each case, to the approval of the Bankruptcy Court, such party has the right and power to enter into this Agreement, such party has duly authorized, executed and delivered this Agreement, and such party has obtained all consents of governmental organizations and third parties necessary to enter into this Agreement and to perform such party's obligations hereunder.

(b)    *Ownership of Claims.*  LBHI represents and warrants to the JPM Funds that LBHI has not transferred any of the Underlying JPM Funds Claims to be re-assigned or any interest therein to any person.

**§11.**    **Governing Law; Chosen Forum**.

(a)    *Governing Law.*  This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to any choice of law provision which would require the application of the law of any other jurisdiction.

(b)    *Bankruptcy Court Forum.*  Each of the parties hereto hereby irrevocably and unconditionally agrees that any legal action, suit, or proceeding against the party with respect to any dispute arising under this Agreement shall be brought in the Bankruptcy Court, and irrevocably accepts and submits to the exclusive jurisdiction of such court, generally and unconditionally, with respect to any such action, suit, or proceeding, but only, in each case, to the extent that, at the time, the Bankruptcy Court has jurisdiction thereof.

(c)    *Other Chosen Forum if Applicable.* If the Bankruptcy Court does not at the time have jurisdiction over the legal action, suit or proceeding, each of the parties hereto hereby irrevocably and unconditionally agrees that the legal action, suit, or proceeding shall be brought in a court of or in the State of New York in New York City, and irrevocably accepts and submits to the exclusive jurisdiction of such court, generally and unconditionally, with respect to any such action, suit, or proceeding.

(d)    *Underlying JPM Funds Claims and Excluded Claims*.  This section does not affect the governing law for, or choose a forum for resolving a dispute on, any Underlying JPM Funds Claim or any Excluded Claim.

**§12.**    **Miscellaneous.**  This Agreement embodies the entire agreement of the parties hereto and supersedes any term sheet or other agreement among the parties concerning the

8

subject of this Agreement.  This Agreement shall bind and inure to the benefit of the parties and their respective successors, assigns and representatives including, in the case of the Debtors party hereto, the Debtors as reorganized under the Plan on and following the Plan Effective Date.  This Agreement may not be modified, amended or supplemented except in writing signed by each party hereto affected thereby.  The headings of the sections and subsections of this Agreement are inserted for convenience only and shall not affect the interpretation hereof.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, taken together, shall constitute one and the same agreement.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, each of the parties hereto has caused this Agreement to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

LB 745 LLC

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

PAMI STATLER ARMS LLC

By: _____
Name: John Suckow
Title: Authorized Signatory

LEHMAN BROTHERS COMMODITY
SERVICES INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

LEHMAN BROTHERS SPECIAL FINANCING
INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

[Signature Page to JPM Funds Settlement Agreement]

LEHMAN BROTHERS OTC DERIVATIVES INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN BROTHERS DERIVATIVE PRODUCTS INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN COMMERCIAL PAPER INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN BROTHERS COMMERCIAL CORPORATION

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN BROTHERS FINANCIAL PRODUCTS INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


[Signature Page to JPM Funds Settlement Agreement]

LEHMAN SCOTTISH FINANCE L.P.

By:  PROPERTY ASSET MANAGEMENT INC.,
its general partner

By: _____
      Name:  Daniel Ehrmann
      Title:   Vice President

CES AVIATION LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

CES AVIATION V LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

CES AVIATION IX LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

EAST DOVER LIMITED

By: _____
Name:  Daniel Ehrmann
Title:   Authorized Signatory and Duly Appointed
      Officer

LUXEMBOURG RESIDENTIAL PROPERTIES
LOAN FINANCE S.A.R.L.

By:
Name:  Daniel Ehrmann
Title:    Authorized Signatory and Manager

BNC MORTGAGE LLC

By:
Name:  Douglas Lambert
Title:    Director

STRUCTURED ASSET SECURITIES
CORPORATION

By:
Name:  John Suckow
Title:    President and Chief Operating Officer

LB ROSE RANCH LLC

By:
Name:  John Suckow
Title:    Authorized Signatory

LB 2080 KALAKAUA OWNERS LLC

By:  PAMI LLC, its managing member

By:
Name:  John Suckow
Title:    President and Chief Operating
Officer

[Signature Page to JPM Funds Settlement Agreement]

MERIT LLC

By: LEHMAN COMMERCIAL PAPER INC., its
Manager

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

LB SOMERSET LLC

By: PAMI LLC, its managing member

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

LB PREFERRED SOMERSET LLC

By: PAMI LLC, its managing member

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

*[Rest of page intentionally left blank]*

[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:    Ann C. Kurinskas
Title:    Managing Director


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:

                **Colm Kellaghan**
                **Company Secretary**
                **J.P. Morgan Bank Dublin plc**

JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.

By: _____
Name: *Joseph C. Noto*
Title: *Managing Director*


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.

By: _____
Name:  Michael Minikes
Title:  Managing Director


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED

By: _____
Name:        Richard Walton
Title:        Executive Director


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:   Roger Barbour
Title:   Managing Director


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC

By: _____
Name: Joseph C. Noto
Title: Managing Director + Treasurer

JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name:
Title:



J.P. MORGAN SECURITIES LTD.


By: _____
Name:
Title:



J.P. MORGAN (SUISSE) SA


By: _____
Name:
Title:



J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name:
Title:

[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC

By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.

By: _____
Name: *CHRISTOPHER L. HARVEY*
Title: *SENIOR COUNTRY OFFICER - JAPAN*
       *PRESIDENT AND CEO*


J.P. MORGAN SECURITIES LTD.

By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA

By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC


By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.


By: _____
Name: Roger Barbour
Title: Managing Director


J.P. MORGAN (SUISSE) SA


By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC


By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.


By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA

By: _____       By: _____
Name: Jean-Philippe Koch            Name: Valérie Delerue
Title: Managing Director            Title:   Executive Director


J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC

By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.

By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.

By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA

By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION

By: _Mah drmonel_
Name: Mark Lenczowski
Title: Managing Director


[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

_____
Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I


JPMORGAN MUTUAL FUNDS

_____
Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I


J.P. MORGAN INVESTMENT MANAGEMENT INC.


_____
Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I


JF ASSET MANAGEMENT LIMITED


_____
Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I


[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

_____

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I

JPMORGAN MUTUAL FUNDS

_____

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I

J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I

JF ASSET MANAGEMENT LIMITED

_____

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I

[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

_____

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the attached Schedule I

JPMORGAN MUTUAL FUNDS

_____

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I

J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C of the attached Schedule I

JF ASSET MANAGEMENT LIMITED

_____

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D of the attached Schedule I

[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I


JPMORGAN ASSET MANAGEMENT (UK) LIMITED


_____

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I


*[Remainder of page intentionally left blank]*

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I

JPMORGAN ASSET MANAGEMENT (UK) LIMITED

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I

*[Remainder of page intentionally left blank]*

[Signature Page to JPM Funds Settlement Agreement]

HIGHBRIDGE ASIA OPPORTUNITIES MASTER FUND, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


COBRA LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


CONTRARIAN VALUE, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HIGHBRIDGE CONVERTIBLE ARBITRAGE MASTER FUND, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HIGHBRIDGE INTERNATIONAL LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


[Signature Page to JPM Funds Settlement Agreement]

SMITHFIELD FIDUCIARY LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HIGHBRIDGE STATISTICALLY ENHANCED EQUITY MASTER FUND - EUROPE, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HB QUANTITATIVE EQUITY STRATEGIES LIMITED

By: Highbridge Capital Management, LLC, as Investment Adviser

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


[Signature Page to JPM Funds Settlement Agreement]

**Schedule 1**

## The JPM Funds

### Part A – JPMorgan Chase Bank, N.A.

Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets Opportunity-Fixed Income) of JPMorgan Chase
Bank, N.A.
Commingled Pension Trust Fund (Enhanced Cash) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Extended Duration) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Fixed Income Relative Value 4% VAR) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Investment Grade) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Plus) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Mortgage Private Placement) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Subadvised Fixed Income - W) of JPMorgan Chase Bank, N.A.

### Part B – JPMorgan Mutual Funds

JPMorgan Core Bond Fund, a series of JPMorgan Trust II
JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II
JPMorgan Diversified Fund, a series of JPMorgan Trust I
JPMorgan Emerging Markets Debt Fund, a series of JPMorgan Trust I
JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust
JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Limited Duration Bond Fund (formerly known as JPMorgan Ultra Short Duration Bond Fund), a
    series of JPMorgan Trust II
JPMorgan Real Return Fund, a series of JPMorgan Trust I
JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II
JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group
JPMorgan Total Return Fund, a series of JPMorgan Trust I

### Part C – J.P. Morgan Investment Management Inc.

JPMorgan Absolute Return Credit Master Fund Ltd.
JPMorgan Distressed Debt Master Fund, Ltd.
JPMorgan Fixed Income Opportunity Institutional Fund, Ltd.
JPMorgan Fixed Income Opportunity Master Fund, L.P.
JPMorgan Mortgage-Backed Securities Fund Trust
JPMorgan Funds - Emerging Markets Debt Fund
JPMorgan Funds - US Aggregate Bond Fund
JPMorgan Investment Funds - Highbridge Statistical Market Neutral Fund
JPMorgan Investment Funds - US Bond Fund
J.P. Morgan Tokyo Fund - JPM Japan GTA Fund
JPMorgan Investment Funds - Income Opportunity Fund
JPM Emerging Sovereign Open Mother Fund

### Part D – JF Asset Management Limited

JPMorgan Fund ICVC - JPM Institutional Japan Fund
JF Japan Technology Fund
JF SAR Japan Fund
JPMorgan Fleming Japanese Smaller Companies Investment Trust Plc
JPMorgan Funds - JF Japan Equity Fund
JPMorgan Funds - JF Japan Small Cap Fund

### Part E – JP Morgan Asset Management (Japan) Limited

JF - E Frontier Open Fund
JF Japan Discovery Fund
JF Japan Open
JF Japan Small Stock Open
JF Japan Tactical Investment Mother Fund
JPM Japan Active Bond Mother Fund
JF Pension Fund - Japanese Bond Portfolio
JF Pension Mother Fund - Japanese Equity Portfolio
JF Smaller Co. Equity Open
JF The Japan

### Part F – JPMorgan Asset Management (UK) Limited

JPMorgan Investment Funds - Europe Short Duration Fund
JPMorgan Funds - Global Convertibles Fund (EUR)
JPMorgan Investment Funds - Global Capital Preservation Fund (EUR)
JP Morgan Funds - Europe Aggregate Plus Bond Fund
JPMorgan Funds - Global Aggregate Bond Fund
JPMorgan Investment Funds - Global Bond Fund (EUR)
JPMorgan Investment Funds - Global Bond Fund (USD)
JPMorgan Investment Funds - Global Enhanced Bond Fund

**HighBridge Funds**

Highbridge Asia Opportunities Master Fund, L.P.
Contrarian Value, L.P.
Highbridge Convertible Arbitrage Master Fund, L.P.
Highbridge International LLC
Smithfield Fiduciary LLC
Highbridge Statistically Enhanced Equity Master Fund - Europe, L.P.
HB Quantitative Equity Strategies Limited
Cobra LLC

A/74740318.17