**THE LAW OFFICES OF MARK J. FRIEDMAN P.C.**
Local counsel to James P. Meyer
66 Split Rock Road
Syosset, New York 11791
(516) 653-2480
Mark J. Friedman, Esq.

**SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC**
Counsel to James P. Meyer *(pending pro hac vice admission)*
222 South Riverside Plaza, Suite 2100
Chicago, Illinois 60606
(312) 648-2300
Daniel E. Beederman, Esq.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re:

LEHMAN BROTHERS HOLDINGS INC., et al.,

                                Debtors.
-----------------------------------------------------------------x

Chapter 11
Case No. 08-13555 (JMP)

(Jointly Administered)

**CREDITOR JAMES P. MEYER'S SUPPLEMENTAL RESPONSE TO DEBTORS' SUPPLEMENTAL ANNOTATED OMNIBUS REPLY TO RESPONSES TO DEBTORS' SEVENTY-THIRD, ONE HUNDRED EIGHTEENTH, ONE HUNDRED THIRTIETH, ONE HUNDRED THIRTY-FIRST, ONE HUNDRED THIRTY-THIRD, ONE HUNDERD THIRTY-FOURTH, ONE HUNDRED THIRTY-FIFTH, ONE HUNDRED SEVENTY-SIXTH AND TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION TO CLAIM (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

| CLAIM | |
|---|---|
| **Creditor Name and Address**<br>MEYER, JAMES P.<br>1530 N. DEARBORN #14N<br>CHICAGO, IL 60610 | **Claim Number:** 32398<br><br>**Date Filed:** 9/22/2009<br><br>**Debtor:** 08-13555<br><br>**Classification and Amount:** $53,000.00 |

Creditor, James P. Meyer ("Meyer"), by and through his undersigned counsel, herein provides his supplemental response to Debtors' proposed reclassification of Meyer's above-identified claim (No. 32398) (the "Claim"), pursuant to Debtors' Supplemental Annotated Omnibus

Reply to Responses to Debtors' Seventy-Third, One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Third, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventy-Sixth, and Two Hundred and Seventh Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (herein referred to as the "Annotated Omnibus Reply").

## ARGUMENT

1.  In the Annotated Omnibus Reply, Debtors seek to reclassify certain claims, including the claim of Meyer, as equity interests in Lehman Brothers Holdings Inc. ("LBHI"). Debtors argue that pursuant to Section 510(b) of the Code, Meyer's claim arises from "a purchase or sale of a security of the debtor," and thus must be subordinated to all other claims and treated as any other equity interest in the Debtors. However, Debtors appear to have a fundamental misunderstanding of the basis of Meyer's claim.

2.  Meyer did own certain Restricted Stock Units ("RSUs") that were granted to him by LBHI before the Debtors' bankruptcy filing, through which he could realize the benefit of any increase in the value of LBHI while also facing the risk that LBHI would decline in value. Those RSUs, which Meyer acknowledges were "equity interests" in LBHI, are <u>not</u> at issue in Meyer's claim.

3.  Rather, Meyer's claim relates solely to funds that were deducted from his earned compensation by LBHI throughout 2008. These funds were to have been used by LBHI to purchase RSUs, which were to be issued to Meyer (and others similarly situated) at "a grant date to be determined by the Compensation and Benefits Committee of the Board of Directors during the fourth

quarter" of 2008.[1]  However, the funds deducted from Meyer's compensation were never used by LBHI to purchase RSUs for Meyer.  Rather, the intended RSUs were never purchased, or granted to Meyer, by LBHI because it filed for bankruptcy before the "grant date" was set.  Thus, as set forth in Meyer's claim, that claim does not involve RSUs that were already owned by him, but rather relates to funds that had been withheld by LBHI for the purpose of (eventually) issuing RSUs.

4. Debtors wrongly assert that employees like Meyer who were to receive RSUs at the grant date, but who never received them, nonetheless had equity interests in LBHI.  Relying on cases that set forth the purpose of Section 510(b), Debtors argue that Meyer and others similarly situated somehow "enjoyed the benefits as shareholders in the increase in the value of LBHI, but also bore the risks that LBHI's stock would decline in value" *before* the employees had been granted RSUs. (Annotated Omnibus Reply at ¶ 1.)  Meyer, however, enjoyed no such thing.  Under the facts of this case, the purpose of the subordination provisions of Section 510(b) is simply not implicated (or contradicted) with respect to Meyer's claim.

5. As courts have recognized, Section 510(b) is designed "to prevent shareholders, who assume the risk of a business' failure by investing in securities rather than debt instruments, from filing claims as creditors when the debtor does fail. . . . The statute was designed to prevent stockholders from reaping the benefit of unlimited profits without also fully accepting the inherent risks of ownership, namely loss of their investment." *In re Mobile Tool International, Inc.*, 306 B.R. 778, 782 (Bkr. D. Del. 2004) (citations omitted).  Such rationale is inapplicable here.  Meyer is not claiming the lost value of an "investment" in a security– it cannot be disputed that the RSUs that

---

[1] *See* 2008 Equity Award Program of Lehman Brothers, attached as part of Exhibit B to the Omnibus Reply to Responses to Debtors' One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventh-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests), at p. 5, A2.

were to be granted based on the amount of funds deducted from his compensation were simply **not** granted to him before the bankruptcy filing. Meyer thus could not "enjoy" any benefits of a shareholder; he only realized a deduction from his compensation which was supposed to become an equity interest in LBHI (and, once it did, for which he would then enjoy the benefits and suffer the pitfalls of a security), but which never happened because of the Debtors' bankruptcy.

6. Thus, this case is distinguishable from cases like *In re Enron Corp.*, 341 B.R. 141 (Bkr. S.D.N.Y. 2006) cited by the Debtors. (Annotated Omnibus Reply at ¶¶ 16-18.) Unlike the claims involved in *Enron*, Meyer's claim is not predicated on the loss of value of issued, but unexercised, stock options that became valueless due to the company's bankruptcy. *See* 341 B.R. at 146 (noting that proofs of claim stemmed from the "loss of value of . . . unexercised options"). Here, Meyer's claim is for the funds which had been deducted from his compensation, but for which RSUs had not been purchased (or issued to him) as of the filing of Debtors' bankruptcy petitions. Nor is Meyer's claim premised on Debtors' failure to deliver purchased RSUs to him, or on the failure of the RSUs to vest due to Debtors' bankruptcy. (Annotated Omnibus Reply at ¶ 24). This is not a case of mere failure to deliver, or interference with vesting; the very RSUs for which funds were deducted from Meyer's compensation simply were never purchased, or issued to Meyer, by LBHI.

7. This is exactly the situation where it is appropriate to invoke equitable remedy of a constructive trust. Under Delaware law,[2] a constructive trust is proper where "a defendant's fraudulent, unfair or unconscionable conduct causes him to be unjustly enriched at the expense of another to whom he owed some duty." *Jackson National Life Ins. Co. v. Kennedy*, 741 A.2d 377,

---

[2] The Plan is governed by Delaware law. *See* 2005 Agreement Evidencing a Grant of Restricted Stock Units, attached as part of Exhibit B to the Omnibus Reply to Responses to Debtors' One Hundred Eighteenth, One Hundred Thirtieth, One Hundred Thirty-First, One Hundred Thirty-Fourth, One Hundred Thirty-Fifth, One Hundred Seventh-Sixth, and Two Hundred and Seventh Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests), at p. 3, ¶ 13).

4

393-94 (Del. Ch. 1999) (citation omitted). The present facts show that a constructive trust arose with respect to the funds deducted from Meyer's compensation by LHBI, but which were never used for their intended purpose. LHBI withheld compensation from Meyer, which he had earned, solely for the purpose of issuing RSUs at some "grant date" to be determined by LBHI in the future. That "future" never came because of the bankruptcy filing, leaving Meyer with no RSUs and LBHI with cash in hand that was (or should have been) earmarked for payment for the purchase and issuance of RSUs on the "grant date." Thus, LBHI owed a duty to Meyer similar to that of a fiduciary, by virtue of its being entrusted with the safeguard of Meyer's money until the specific objective for which it held that money was fulfilled. Meyer therefore has a claim arising not from the "purchase or sale of securities," but from the compensation he earned but which was not paid to him or used to purchase RSUs because of the present bankruptcy.

8.      The Debtors attempt to side-step the notion that the funds deducted from Meyer's compensation are subject to a constructive trust by making the puzzling assertion that based on their review of their books and records, "no amounts were held in escrow, <u>constructive trust</u>, or otherwise for the benefit of Respondents in connection with their Equity Awards." (Annotated Omnibus Reply at ¶ 16, emphasis added). Obviously, if there were an identifiable, separate account holding funds from which RSUs were to be purchased for LBHI employees, no "constructive" trust would arise. A constructive trust only arises when one party is in possession of funds or property that rightfully belongs to another. That is the case here. LBHI deducted funds from Meyer's compensation, but never utilized those funds for their intended purpose. Until the funds were used to fund the grant of RSUs, LBHI held this earned but unpaid compensation for the benefit of Meyer. Whether LBHI segregated the funds or not is of no moment; the funds were not used for their intended purpose of

5

purchasing RSUs, and they belong not to LBHI but to Meyer. Meyer's claim arises from the non-payment of these funds, not from any equity interest in LBHI. Accordingly, his claim should not be reclassified as some type of equity interest in LBHI, but should be classified as a general unsecured claim against the Debtors' estate.

9. Meyer recognizes that many others are similarly situation, and will be filing supplemental responses to the Annotated Omnibus Objection. Accordingly, Meyer hereby incorporates arguments raised in any Supplemental Response by any similarly situated Claimant which bear upon the subordination issue.

*[Remainder of page intentionally left blank.]*

## CONCLUSION

10.  As set forth above, Meyer's claim simply does not arise from the "purchase or sale of securities," and is therefore not subject to subordination pursuant to Section 510(b) of the Code. Accordingly, the Court should deny the Debtors' Objection to his Claim No. 32398, allow Meyer's claim as a general unsecured creditor, and grant him such further relief as the Court deems just and appropriate.

Dated: Syosset, New York
       February 13, 2012

                                      **THE LAW OFFICES OF MARK J. FRIEDMAN P.C.**
                                      Local Counsel to James P. Meyer

                             By: *s/Mark J. Friedman*
                                      Mark J. Friedman
                                      66 Split Rock Road
                                      Syosset, New York 11791
                                      (516) 653-2480

Dated: Chicago, Illinois
       February 13, 2012

                                      **SCHOENBERG FINKEL NEWMAN & ROSENBERG, LLC**
                                      Counsel to James P. Meyer
                                      *(pending pro hac vice admission)*

                             By: *s/Daniel E. Beederman*
                                      Daniel E. Beederman
                                      222 South Riverside Plaza, Suite 2100
                                      Chicago, Illinois 60606
                                      (312) 648-2300