Motion Date and Time: February 22, 2012 at 10:00 a.m. (Eastern Time)
Objection Deadline: February 15, 2012 at 4:00 p.m. (Eastern Time)

**KAPLAN LANDAU LLP**
1065 Avenue of the Americas
27th Floor
New York, New York 10018
(212) 593-1700

**JULIEN & SCHLESINGER, P.C.**
One Whitehall Street
17th Floor
New York, NY 10004
(212) 962-8020

*Attorneys for Claimant Jeremy R. Kramer (Claim No. 18325).*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

                                                              Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.    08-13555 (JMP)

                         Debtors.                        (Jointly Administered)
-----------------------------------------------------------------x

### NOTICE OF MOTION BY CLAIMANT JEREMY R. KRAMER FOR RECONSIDERATION OF THE RECLASSIFICATION OF HIS COMPENSATION CLAIM AS AN EQUITY INTEREST PURSUANT TO 11 U.S.C. § 502(j); FED. R. BANK. P. 3008 AND 9024 AND LOCAL BANKRUPTCY RULE 3008-1

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "Motion") of Claimant Jeremy R. Kramer for reconsideration of the reclassification of his compensation claim (Claim No. 18325) as an equity interest, pursuant to 11 U.S.C. § 502(j); Fed. R. Bank. P. 3008 and 9024 and Local Bankruptcy Rule 3008-1, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling

1

Green, New York, New York 10004 (the "Bankruptcy Court"), on **February 22, 2012, at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourt.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on: (i) chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004; (ii) Kaplan Landau LLP, 1065 Avenue of the Americas, 27th Floor, New York, New York 10018, Attn: Eugene Neal Kaplan and Julien & Schlesinger, P.C., One Whitehall Street, 17th Floor, New York, New York 10004, Attn: Michael Schlesinger, attorneys for Claimant; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the official committee of unsecured creditors appointed in these cases; and (v) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Robert Lemons, attorneys for

2

the Debtors, so as to be so filed and received no later than **February 15, 2012 at 4:00 p.m. (prevailing Eastern Time) (the "Objection Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
February 3, 2012

KAPLAN LANDAU, LLP

By: _____
Eugene Neal Kaplan (EK-4229)

1065 Avenue of the Americas
27th Floor
New York, New York 10018
(212) 593-1700

Michael S. Schlesinger (MS-0399)
**JULIEN & SCHLESINGER, P.C.**
One Whitehall Street
17th Floor
New York, New York 10004
(212) 962-8020

*Attorneys for Claimant:*
*Jeremy R. Kramer (Claim No. 18235)*

3

**KAPLAN LANDAU LLP**
1065 Avenue of the Americas
27th Floor
New York, New York 10018
(212) 593-1700

**JULIEN & SCHLESINGER, P.C.**
One Whitehall Street
17th Floor
New York, NY 10004
(212) 962-8020

*Attorneys for Claimant Jeremy R. Kramer (Claim No. 18325).*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re

LEHMAN BROTHERS HOLDINGS INC., et al.

                    Debtors.
------------------------------------------------------------x

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

### MOTION OF CLAIMANT JEREMY R. KRAMER FOR RECONSIDERATION OF THE RECLASSIFICATION OF HIS CLAIM AS AN EQUITY INTEREST

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

1.  Claimant Jeremy R. Kramer (Claim Number 18325) respectfully submits this motion for reconsideration, pursuant to 11 U.S.C. § 502(j), Fed. R. Bank. P. 3008 and 9024, and Local Bankruptcy Rule 3008-1, of the reclassification of his compensation claim as an equity interest. As demonstrated more fully below, the equities of this case, 11 U.S.C. § 502(j), require that the motion be granted because Mr. Kramer's default in responding to the Seventy-Third Omnibus Objection to Claims ("73rd Objection") was not willful; Mr. Kramer has a legally supportable defense against the 73rd Objection; and no prejudice will be suffered by the debtor if

1

the motion is granted, particularly since there is a strong preference that disputes be resolved on the merits and not by default.

## RELEVANT FACTS

2. Mr. Kramer has been a Managing Director of Neuberger Berman ("Neuberger") and a member of the Straus Group since 1998.[1] His affiliation with Neuberger long pre-dates the merger between Neuberger and Lehman Brothers ("Lehman") in October 2003.

3. From its merger with Neuberger in October 2003 through its bankruptcy filing in September 2008, Mr. Kramer was an employee of Lehman and, as a result, was subject to Lehman's compensation system under which up to 50% of his earned production compensation was withheld by Lehman and for which he was awarded Restricted Stock Units ("RSU") that never vested due to the instant bankruptcy. In addition, on account of the merger, Mr. Kramer also received RSU in exchange for his prior participation in the Neuberger Long Term Incentive 85/15 Plan and the LTIP Retention Award. The total compensation withheld from Mr. Kramer, and represented by the RSU, is $16,790,103.48. Mr. Kramer filed a proof of claim in that amount for the compensation owed to him by Lehman in this bankruptcy proceeding on September 18, 2009 (Claim Number 18325), a copy of which is annexed to the Affidavit of Jeremy R. Kramer, dated February 3, 2012 ("Kramer Aff.") as Exhibit A.

4. On or about December 7, 2010, Mr. Kramer was served with a copy of the Debtors' Seventy-Third Omnibus Objection to Claims ("73rd Objection") that sought to reclassify his compensation claim, and those of 482 other Lehman employees, as equity interests pursuant to Section 510(b) of the Bankruptcy Code. A copy of the 73rd Objection is annexed to

---

[1] The Straus Group is a subsidiary of Neuberger that is headed by Marvin Schwartz and presently consists of Mr. Schwartz and five other Neuberger Managing Directors, including Mr. Kramer, who serves as a senior portfolio manager, that is engaged in value investing and has in excess of $11 billion under management.

2

Mr. Kramer Aff. as Exhibit B. No other Neuberger Managing Director in the Straus Group was named in the 73rd Objection.

5. Following his receipt of the 73rd Objection, Mr. Kramer contacted one of the attorneys for the Debtor and secured a brief adjournment of his time to respond. A copy of the Order extending time is annexed to the Kramer Aff. as Exhibit C. Mr. Kramer then attempted to learn his rights and options with respect to his claim and the 73rd Objection. To that end, Mr. Kramer spoke with other Neuberger Managing Directors in the Straus Group, but, since none were named in the 73rd Objection, none had retained counsel or otherwise attempted to discover the merits of the debtor's objection to their respective compensation claims. Mr. Kramer also spoke with counsel both inside and outside of Neuberger, who could not advise him how to proceed, or his chances for success, in response to the 73rd Objection. Since none of his colleagues in the Straus Group were involved in the 73rd Objection, Mr. Kramer could not convince them to join him in retaining counsel and, as a group, pursuing their compensation claims.

6. In the absence of encouragement from his colleagues and the lawyers he consulted, Mr. Kramer did not respond or oppose the 73rd Objection; the adjourned date came and went; and an order reclassifying his $16,790,103.48 compensation claim as an equity interest was entered on default on March 3, 2011, a copy of which is annexed to the Kramer Aff. as Exhibit D.

7. Thereafter, on or about April 6, 2011, the Debtors filed the One Hundred Eighteenth Omnibus Objection to Claims that sought to reclassify the compensation claims of another 461 former Lehman employees as equity interests, a copy of which is annexed to the Kramer Aff. as Exhibit E ("118th Objection"). Included among those employees are five

3

Neuberger Managing Directors who are part of the Straus Group: Claimants Stephanie Stiefel, Marvin Schwartz, David Weiner, Henry Ramallo and Richard Glasebrook. They, together with other Neuberger Managing Directors, formed a group, retained counsel and filed opposition to the 118th Objection, a copy of which is annexed to the Kramer Aff. as Exhibit F. When Mr. Kramer read the opposition that had been filed by his colleagues and discussed it with them, he realized that there are valid arguments in opposition to the reclassification of his compensation claim as an equity interest that were previously unknown to him and that he had missed an opportunity to preserve his claim simply as a result of the disparate timing of the 73rd and 118th Objections and his isolation from others in the Straus Group by being part of the earlier objection.

## RELEVANT LAW

8. Courts may reconsider a claim that previously was reclassified or disallowed based upon "the equities of the case." 11 U.S.C. § 502(j). In evaluating a motion for reconsideration, courts employ the standard for relief specified in Fed. R. Civ. P. 60(b), which applies in bankruptcy proceedings pursuant to Fed. R. Bank. P. 9024. *In re Enron, Inc.*, 325 B.R. 114, 117-18 (S.D.N.Y. 2005). *Accord, e.g., In re Fair Point Communications, Inc.*, ____ B.R. ____, 2012WL 13690 (S.D.N.Y. 2012); *In re Journal Register Co.*, 2010 WL 5376278 at * 1 (S.D.N.Y. 2010); *In re Enron*, 326 B.R. 46, 50 (S.D.N.Y. 2005).

9. A motion for reconsideration should be granted "if the creditor demonstrates its failure to respond was the result of 'excusable neglect.'" *Id.*, 325 B.R. at 118.

> The Second Circuit looks to three factors when deciding motions for reconsideration under R. 60(b) *Am. Alliance Ins., Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996) (examining "excusable neglect" in the context of a FED R. CIV. P. 60(b) motion); *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). These factors include (1) whether the failure to

4

respond was willful, (2) whether movant had a legally supportable defense, and (3) the amount of prejudice that the non-movant would incur if the court granted the motion. *Id.*

*Id., Accord, e.g., Fair Point* at *3; *Journal Register* at * 2; *Enron,* 326 B.R. at 50.

10. In determining a motion for reconsideration, the court must recognize the strong preference that disputes be resolved on the merits, and not by default, and that any doubts be resolved "in favor of the movant." *Id. See also, e.g., Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *American Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). In addition, in considering the motion, the court must be mindful that "[a] party appearing without counsel is afforded extra leeway in meeting procedural rules governing litigation and trial judges must make some effort to protect a party so appearing from waiving a right to be heard because of his or her lack of legal knowledge. . . . Hence, as a general rule a . . . court should . . . grant leave to set aside the entry of a default freely when the defaulting is appearing *pro se.*" *Enron Oil*, 10 F.3d at 96.

Willfulness

11. The first factor in the Second Circuit test is whether the prior default by the movant was willfully, which requires "something more than just negligence or carelessness." *Id. Accord, e.g., Fair Point* at * 3; *Journal Register* at * 2; *Enron*, 326 B.R. at 51. Conduct that is in bad faith falls under the willfulness standard, while ill-advised inaction does not. *Fair Point* at * 3. "The Second Circuit had held that when determining whether a default has been willful, the court should look for bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Famous Music Corp. v. 716 Elmwood, Inc.*, 2006 WL 1454483 at * 1 (W.D.N.Y. 2006). To be enforced, a default must result "from egregious or deliberate conduct," *American Alliance,* 92 F.3d at 61,

5

not "when it is caused by 'a mistake made in good faith.'" *Swarna v. Al-Awadi*, 622 F.3d 123, 142 (2d Cir. 2010).

12. Here, the facts demonstrate that Mr. Kramer's then *pro se* failure to respond to the motion, while careless and the product of poor advise, was neither willful nor in bad faith, but rather the negligent product of his lack of counsel and a mistake made in good faith. Plainly, Mr. Kramer's default was neither deliberate nor egregious.

<u>Legally Supportable Claim</u>

13. The second prong of the Second Circuit test requires that movant have a legally supportable position with regard to his claim, which "need not be ultimately persuasive at this stage" but only need be enough "to give the fact finder some determination to make." *Id.*, 325 B.R. at 120. *Accord, e.g., Fair Point* at * 5; *Journal Register* at * 3; *Enron*, 326 B.R. at 53.

14. Here, the papers submitted by the Neuberger claimants, Kramer Aff. Exhibit F, as to which the Court already has ordered (a) a further response by the debtor; (b) that a factual record be developed; and (c) a hearing, clearly satisfy this element. The issue of whether the Neuberger Managing Directors voluntarily joined the Lehman compensation scheme or were compelled to participate in it in order to continue to maintain their "books of business" and engage in their livelihoods following the merger, and the resulting determination of whether they had engaged in a voluntary "purchase" of Lehman securities, plainly "give[s] the fact finder [a] determination to make."

<u>Prejudice to Debtor</u>

15. The amount of prejudice to the debtor is the third factor under the Second Circuit standard. Mere delay does not demonstrate prejudice, especially when contrasted with resolving disputes on the merits. Instead, the delay must result in the loss of evidence or provide

6

a greater opportunity for fraud and collusion -- none of which is presented here. *Id.*; *Enron*, 326 B.R. at 53; *Swarna*, 622 F.3d at 143.

16.   Here, debtor will suffer absolutely no prejudice since Mr. Kramer only asks to be restored to his position prior to defaulting in order to assert the claims made by his colleagues in response to the 118th Objection, not that his compensation claim now be granted. Since doing so will not involve one iota of additional work by debtors' counsel or additional issue resolution by the Court, no possible prejudice can ensue. As Judge Gonzalez made clear in *In re Worldcom, Inc.*, 2006 WL 2400094 at * 3: "[T]he Debtor is not prejudiced here because is it only confronted with the obligation to dispute the Claim[ ], an obligation it faced before the Claim[ ] [was] expunged, and no additional obligation or harm has been established. Therefore, the third factor of the test is also satisfied."

17.   Contrariwise, if reconsideration is not granted, there will be great prejudice to Mr. Kramer, since he will lose "the opportunity to litigate [his] [multi-] million dollar [compensation] claim" against Lehman. *Fair Point* at * 6.

18.   In sum, as Judge Lifland, recently remarked:

> At bottom, the Court generally disfavors defaults and prefers to have matters resolved on their merits. *See Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995). Indeed, courts resolve any doubts in favor of the movant to increase the chances that disputes will be adjudicated on their merits. *See Pecarsky v. Galaxiwolrd.com Ltd.*, 249 F.3d 167, 172 (2d Cir. 2001) (citations omitted). The equities in this case and the application of the Second Circuit's *American Alliance* factors weigh in favor of [Mr. Kramer]. *Fair Point at * 6.*

7

19. No prior application for reconsideration or related relief has been made by Claimant to this or any other Court. A proposed order granting the within motion is submitted herewith.

## CONCLUSION

20. WHEREFORE, for the foregoing reasons and those set forth in the accompanying Kramer Aff. and its Exhibits, Claimant Jeremy Kramer's motion for reconsideration should be granted and his default should be vacated.

Dated: New York, New York  
February 3, 2012

KAPLAN LANDAU LLP

By: _____  
Eugene Neal Kaplan (EK-4229)

1065 Avenue of the Americas  
27th Floor  
New York, New York 10018  
(212) 593-1700

Michael S. Schlesinger (MS-0399)  
**JULIEN & SCHLESINGER, P.C.**  
One Whitehall Street  
17th Floor  
New York, New York 10004  
(212) 962-8020

*Attorneys for Claimant:*  
*Jeremy R. Kramer (Claim No. 18235)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re

LEHMAN BROTHERS HOLDINGS INC., et al.

                  Debtors.
-----------------------------------------------------------x

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

## ORDER GRANTING CLAIMANT JEREMY R. KRAMER'S MOTION FOR RECONSIDERATION OF THE RECLASSIFICATION OF HIS CLAIM

Upon the Motion of Claimant Jeremy R. Kramer ("Claimant") for reconsideration of the reclassification of his claim (Claim Number 18325) (the "Claim") as an equity interest, dated February 3, 2012, pursuant to 11 U.S.C. § 502(j), Fed. R. Bank. P. 3008 and 9024; and Local Bankruptcy Rule 3008-1 (the "Motion") and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of Claimant and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that the Order of this Court dated March 3, 2011 reclassifying the Claim as an equity interest is vacated, annulled and of no further force or effect whatsoever as to Claimant and the Claim is restored to the *status quo ante*; and it is further

ORDERED that the opposition to the One Hundred Eighteenth Omnibus Objection to Claims filed by and on behalf of Claimants Marvin Schwartz, Stephanie Stiefel,

1

David Weiner, Henry Ramallo and Richard Glasebrook shall be and be deemed to be the opposition of Claimant to the Seventy-Third Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated: New York, New York
       February ___, 2012


                                                    _____
                                                    Honorable James M. Peck
                                                    United States Bankruptcy Judge

# KRAMER AFFIDAVIT

**KAPLAN LANDAU LLP**
1065 Avenue of the Americas
27th Floor
New York, New York 10018
(212) 593-1700

**JULIEN & SCHLESINGER, P.C.**
One Whitehall Street
17th Floor
New York, NY 10004
(212) 962-8020

*Attorneys for Claimant Jeremy R. Kramer (Claim No. 18325).*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

LEHMAN BROTHERS HOLDINGS INC., et al.

                  Debtors.
-----------------------------------------------------------------x

Chapter 11 Case No.

08-13555 (JMP)

(Jointly Administered)

## AFFIDAVIT OF JEREMY R. KRAMER IN SUPPORT OF RECONSIDERATION

STATE OF NEW YORK   )
                             ) : ss.:
COUNTY OF NEW YORK )

JEREMY R. KRAMER, being duly sworn, deposes and says:

1. I am a Managing Director of Neuberger Berman ("Neuberger") and a member of the Straus Group.[1] I held such position since 1998, well before the merger between Neuberger and Lehman Brothers Holdings, Inc. ("Lehman") in October 2003. I submit this affidavit based on personal knowledge, unless otherwise indicated below.

---

[1] The Straus Group is a subsidiary of Neuberger that is headed by Marvin Schwartz and presently consists of Mr. Schwartz and five other Managing Directors, including myself. I serve as a senior portfolio manager. The Straus Group is well-known for its value investing strategies and has over $11 billion under management.

1

2. I submit this affidavit in support of my motion for reconsideration of the reclassification of my proof of claim as an equity interest pursuant to Section 502(j) of the Bankruptcy Code, 11 U.S.C. § 502(j), and Fed. R. Bank. P. 9024, which makes Fed. R. Civ. P. 60(b) applicable to bankruptcy proceedings.

3. I was an employee of Lehman from its merger with Neuberger in October 2003 through its bankruptcy filing in September 2008, and, as a result, was subject to Lehman's compensation system under which up to 50% of my earned production compensation was withheld by Lehman and for which I was awarded Restricted Stock Units ("RSU") that never vested due to the instant bankruptcy. In addition, on account of the merger, I also received RSU in exchange for my prior participation in the Neuberger Long Term Incentive 85/15 Plan and the LTIP Retention Award. The total compensation withheld from me and represented by the RSU is $16,790,103.48. I filed a proof of claim in that amount for the compensation owed to me by Lehman in this bankruptcy proceeding on September 18, 2009 (Claim Number 18325), a copy of which is annexed hereto as Exhibit A.

4. On or about December 7, 2010, I was served with a copy of the Debtors' Seventy-Third Omnibus Objection to Claims ("73rd Objection") that sought to reclassify my compensation claim, and those of 482 other Lehman employees, as equity interests pursuant to Section 510(b) of the Bankruptcy Code. A copy of the 73rd Objection is annexed hereto as Exhibit B. No other Neuberger Managing Director in the Straus Group was named in the 73rd Objection.

5. Following my receipt of the 73rd Objection, I contacted one of the attorneys for the Debtor and secured a brief adjournment of my time to respond. A copy of the order extending my time is annexed hereto as Exhibit C. I then attempted to learn my rights and

2

options with respect to my claim and the 73rd Objection. To that end, I spoke with other Neuberger Managing Directors in the Straus Group, but, since none were named in the 73rd Objection, none had retained counsel or otherwise attempted to discover the merits of the Debtor's objections to their respective compensation claims. I also spoke with counsel both inside and outside of Neuberger, who could not advise me on how to proceed, or my chances for success, in response to the 73rd Objection. Since none of my colleagues in the Straus Group were involved in the 73rd Objection, I could not convince them to join me in retaining counsel and, as a group, pursue our compensation claims.

6.      As a result, I did not respond or oppose the 73rd Objection; the adjourned date for me to do so came and went; and an Order reclassifying my $16,790,103.48 compensation claim as an equity interest was entered against me on default on March 3, 2011, a copy of which is annexed hereto as Exhibit D.

7.      Thereafter, on or about April 16, 2011, the Debtors filed the One Hundred Eighteenth Omnibus Objection to Claims that sought to reclassify the compensation claims of another 461 former Lehman employees as equity interests, a copy of which is annexed hereto as Exhibit E ("118th Objection"). Included among those employees are five Neuberger Managing Directors who are part of the Straus Group: Claimants Stephanie Stiefel, Marvin Schwartz, David Weiner, Henry Ramallo and Richard Glasebrook. They, together with other Neuberger Managing Directors, formed a group, retained counsel and filed an opposition to the 118th Objection, a copy of which is annexed hereto as Exhibit F. When I read the opposition that had been filed by my colleagues and discussed it with them, I realized that there are valid arguments in opposition to the reclassification of my claim as an equity interest, that I had never been made aware of previously, and that I had missed my opportunity to do so simply as a result

3

of the disparate timing of the 73rd and 118th Objections and my isolation from my Straus Group colleagues by being part of the earlier objection.

8. For this reason, I submit the within motion, which only seeks that my default be vacated and my compensation claim be restored to the extent that I can join the opposition made by my colleagues in the Straus Group to the 118th Objection and have the question of whether or not such claim is reclassified as an equity interest be decided by the Court on the merits and not on default.

WHEREFORE, for the reasons set forth herein, the exhibits hereto, and in the Motion, I respectfully request that my motion for reconsideration, pursuant to 11 U.S.C. § 502(j) and Fed. R. Bank. P.3008 and 9024, be granted.

_____
Jeremy R. Kramer

Sworn to before me this
3 day of February, 2012.

_____
Notary Public

MARY F. GATTUSO
NOTARY PUBLIC, State of New York
No. 01GA5071980
Qualified in New York County
Commission Expires January 21, 2015

4