UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
            Debtors.                                           :    (Jointly Administered)
                                                               :
                                                               :
---------------------------------------------------------------x

NOTICE OF TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1.  TO:            Serengeti Opportunities MM LP ("Transferor")
                   c/o Serengeti Asset Management LP
                   632 Broadway, 12th Floor
                   New York, NY 10012
                   Attn: Erin Finegan
                   Telephone: (212) 672-2248
                   Fax: (212) 672-2249
                   Email: sam.tradeclaims@serengeti-am.com

2.      Please take notice that the transfer of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 67116 (attached as Exhibit A hereto), has been transferred to:

                   Barclays Bank PLC ("Transferee")
                   745 Seventh Avenue
                   New York, NY 10019
                   Telephone: (212) 412-2865
                   Email:  daniel.crowley@barclayscapital.com
                           daniel.miranda@barclayscapital.com

        An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.      No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

--      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green

New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

                                                      CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2009.

INTERNAL CONTROL NO._____

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

                                                      _____
                                                      Deputy Clerk

# EXHIBIT A

[Proof of Claim]

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000067116 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Serengeti Overseas MM L.P.
c/o Serengeti Asset Management LP
632 Broadway, 12th Floor
Attention: Yi Shu
New York, New York 10012

Telephone number:             Email Address: yshu@serengeti-am.com

[✓] Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 55829
(If known)

Filed on: 10/29/09

Name and address where payment should be sent (if different from above)

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:       Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 36,317,996.16          (Required)

[ ] Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): please see attached          (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

please see attached          (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

94285          (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

Date: 10/1/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

By: Wai-Yen Lau, Director

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.

FILED / RECEIVED
OCT 4 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS INC, *et, al.*,<br><br>Debtors. | Chapter 11 Case<br><br>No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**ADDENDUM TO AMENDED PROOF OF CLAIM OF**
**SERENGETI OVERSEAS MM L.P.**

Amends those portions of Claim No. 55829 owned by Serengeti Overseas MM L.P.

1. Claimant: Serengeti Overseas MM L.P. ("Claimant").

2. Debtor: On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Amendment: Proof of Claim No. 55829 ("Original Proof of Claim") was filed on October 29, 2009. This amended proof of claim ("Amended Proof of Claim") relates solely to those portions of the Original Proof of Claim acquired by Claimant and is being filed for the limited purpose of ensuring that the claim amount is denominated in U.S. dollars. Claimant incorporates herein by reference all information included in and any supporting documentation filed with the Original Proof of Claim.

4. Basis for Claim. Claimant is the beneficial owner of the Lehman programs securities set forth on Schedule A attached hereto (the "Claimant Lehman Programs Securities"). Each of the Claimant Lehman Programs Securities set forth on Schedule A were guaranteed by Debtor.

614464.5/2731-00025

5. __Amount of Claim.__ As of the Petition Date, the claim against Debtor under its guarantee of the Claimant Lehman Programs Securities was $36,317,996.16 (the "Claim"). Schedule A provides the amounts of the Claim attributable each Claimant Lehman Programs Security. Claimant reserves the right to claim all amounts due in respect of any legal fees or expenses, charges or post-petition interest to the extent allowed by law.

6. __Acquisition of portion of the Claim from Credit Suisse Securities (USA) LLC.__ Claimant previously acquired a portion (the "CS USA Portion") of the Claim and the corresponding Claimant Lehman Programs Securities from Serengeti Overseas Ltd. pursuant to a transfer agreement, and on October 1, 2010, Claimant filed an evidence of the transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. Serengeti Overseas Ltd. previously acquired the CS USA Portion of the Claim and the corresponding Claimant Lehman Programs Securities from Credit Suisse Securities (USA) LLC ("CS USA") pursuant to a transfer agreement, and on February 10, 2010, Serengeti Overseas Ltd. filed an evidence of the transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. The CS USA Portion of the Claim and the corresponding Claimant Lehman Programs Securities acquired from CS USA are identified in Schedule A with "CS USA" listed as the "Seller".

7. __Acquisition of remainder of the Claim from Deutsche Bank.__ Claimant acquired the remaining portion of the Claim and the corresponding Claimant Lehman Programs Security from Deutsche Bank AG, London Branch ("Deutsche Bank") pursuant to a transfer agreement, and on June 11, 2010, Claimant filed an evidence of the transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure. The portion of the Claim and the corresponding Claimant Lehman Programs Security acquired from Deutsche Bank is identified in Schedule A with "Deutsche Bank" listed as the "Seller".

8. __International Securities Identification Number (ISIN).__ The International Securities Identification Number (ISIN) for each Claimant Lehman Programs Security relating to this Claim is set forth on Schedule A.

9. __Clearstream/Euroclear Information.__ The Clearstream Bank Blocking Number or Euroclear Bank Electronic Reference Number (each, a "Blocking. Number") for each Claimant Lehman Programs Security relating to this Claim is set forth on Schedule A.

10. <u>Clearstream/Euroclear Account Number</u>. The Clearstream Bank or Euroclear Bank depository participant account number (each, an "<u>Account Number</u>") for each Claimant Lehman Programs Securities relating to this claim is set forth on <u>Schedule A</u>.

11. <u>Notices</u>. All notices to Claimant concerning this Amended Proof of Claim should be sent to:

> Serengeti Overseas MM L.P.
> c/o Serengeti Asset Management LP
> 632 Broadway, 12th Floor
> Attention: Yi Shu
> New York, New York 10012
> Email Address: yshu@serengeti-am.com

with a copy to:

> Richards Kibbe & Orbe LLP
> One World Financial Center
> New York, New York 10281
> Attention: Managing Clerk

The request for notices to be sent to Richards Kibbe & Orbe LLP shall not be deemed authorization of Richards Kibbe & Orbe LLP to accept service of process on behalf of Claimant.

12. <u>Amendments/Reservation of Rights</u>. Claimant shall have the right to amend or supplement this Amended Proof of Claim and to file additional proofs of claim for additional claims which may be based on the same or additional documents. The execution and filing of this Amended Proof of Claim is not: (i) a waiver or release of Claimant's rights against any person, entity or property; (ii) a consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the Claim or any objection or other proceeding commenced in the above-captioned cases (or any jointly administered case) against or otherwise involving Claimant; (iii) a waiver of the right to move to withdraw the reference or otherwise to challenge the jurisdiction of this Court with respect to the subject matter of this Amended Proof of Claim, any objections or other proceedings commenced with respect thereto or any other proceeding commenced in this case (or any jointly administered case) against or otherwise involving Claimant; (iv) an election of remedy; (v) a waiver of any rights or claims Claimant may have against the Debtor or

any person or entity with respect to any pending or future litigation or to any matters related to such litigation; (vi) a waiver of any past, present or future defaults or events of default; (vii) a waiver of Claimant's right to seek payment as an administrative expense relating to any Claimant Lehman Programs Security which is the subject of this proof of claim; or (viii) a waiver of Claimant's right to seek post-petition interest relating to any Claimant Lehman Programs Security which is the subject of this proof of claim.

Schedule A

| Seller | Issuer | Guarantor | ISIN | Blocking Number | Account Number | Principal Amount (local currency) | Principal Amount (in US$) |
|---|---|---|---|---|---|---|---|
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0246082043 | 9494574 | 94285 | EUR 455,220.00 | 648,369.85 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0325550472 | 9494636 | 94285 | CHF 2,763,691.20 | 2,476,820.05 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0328873681 | 9494640 | 94285 | CHF 2,265,309.60 | 2,030,170.46 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0336151088 | 9494545 | 94285 | EUR 747,235.20 | 1,064,287.10 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0262353831 | 9494605 | 94285 | EUR 569,868.00 | 811,662.99 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0204933997 | 9494558 | 94285 | USD 534,124.80 | 534,124.80 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0234123650 | 9494595 | 94285 | CHF 2,156,056.80 | 1,932,258.10 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0248620899 | 9494623 | 94285 | CHF 8,612,088.00 | 7,718,153.27 |
| CS USA | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0251180906 | 9494624 | 94285 | CHF 6,709,605.60 | 6,013,148.54 |
| Deutsche Bank | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | XS0200265709 | 9494617 | 94285 | CHF 14,605,000.00 | 13,089,001.00 |
| Total | | | | | | | 36,317,996.16 |

614464.5/27731-00025

**HAND DELIVERY**

FILED / RECEIVED
OCT  4 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _Mary Piscio_    DATE    TIME: 3:15 pm

## EXHIBIT B

[Executed Evidence of Transfer of Claim]

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, SERENGETI OPPORTUNITIES MM L.P. (f/k/a SERENGETI OVERSEAS MM L.P.) ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to BARCLAYS BANK PLC (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest in Seller's right, title and interest in and to such portion of Proof of Claim Number 67116 filed by or on behalf of Seller, which partially amends and supersedes Proof of Claim Number 55829 filed by or on behalf of Seller's predecessor in interest (collectively, the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below), a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims are not subject to a Plan Support Agreement (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller

DB Ref: 4647(1)

693220v.1

transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8 day of ~~November~~ 2011.
December

SERENGETI OPPORTUNITIES MM L.P.
By: Serengeti Asset Management L.P., as the Investment Adviser

By: _____
Name: Marc Baum
Title: Director

c/o Serengeti Asset Management LP
632 Broadway, 12th Floor
New York, NY 10012
Attn: Erin Finegan
Telephone: 212-672-2248
Fax: 212-672-2249
Email: sam.tradeclaims@serengeti-am.com

Barclays Bank PLC

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

DH Ref: 4647(1)
693220v.1

Schedule 1

Transferred Claims

Purchased Portion

100% of XS0202265709 = USD 13,089,001.00 of USD 13,089,001.00 (the outstanding principal amount of XS0202265709 as described in Proof of Claim Number 67116), plus all interest related thereto

which equals 36.039986747% of the Proof of Claim = USD 13,089,001.00 of USD 36,317,996.16 (the outstanding principal amount of Proof of Claim Number 67116), plus all interest related thereto.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|---|
| Lehman Program Security | XS0202265709 | 9494617 | Lehman Brothers Treasury Co. B.V., The Netherlands, Amsterdam | Lehman Brothers Holdings Inc. USA, New York | CHF 14,605,000 (which relates to USD 13,089,001) | Bonus Coupon Note | 9/30/2009 |

Schedule 1-1

US Act 1647 lt
6932250-1