Hearing Date and Time: February 22, 2012 at 10:00 a.m.
Objection Deadline: February 15, 2012 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:

LEHMAN BROTHERS HOLDINGS, INC.,

Debtor.

------------------------------------------------------------------x

Chapter 11
Case No. 08-13555 (JMP)

## OBJECTION OF MAXIMILIAN CORETH TO DEBTOR'S MOTION FOR AUTHORITY TO USE NON-CASH ASSETS IN LIEU OF AVAILABLE CASH AS RESERVES FOR DISPUTED CLAIMS PURSUANT TO SECTION 8.4 OF THE CHAPTER 11 PLAN

1. Maximilian Coreth, ("Mr. Coreth"), by his attorneys, Eaton & Van Winikle LLP, hereby submits this objection to the motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI") to be relieved of the Debtors' obligations under Section 8.4 of the Debtors' Chapter 11 Plan to retain, as a reserve for Disputed Claims, available cash equal to the pro rata share of the distributions that would have been made to each holder of Disputed Claims as if such Disputed Claim were an Allowed Claim at the time of any distribution to allowed claimants, and to substitute such available cash with unidentified non-cash assets.

2. Mr. Coreth is the holder of claim number 22202 against LBHI, which was filed as contingent and unsecured in the amount of $22,620,000, and secured in an undetermined amount, and which was reclassified on October 28, 2011 as unsecured in

1

the amount of $22,620,000, inclusive of unliquidated and/or undetermined amounts (ECF 21371, Exhibit 1, Item 105).

3. In response to inquiries to LBHI's counsel, we were advised that (a) the term "Disputed Claims," as used in the Motion, does not mean claims that are the subject of pending objections but, rather, is intended broadly to refer to all claims for which the Debtors do not intend to make an initial cash distribution at the time of their first distribution to creditors under the Plan, and (b) this broad category would likely include any claims as to which an amount remains to be determined by reason of a contingency or otherwise.

## Grounds for Objection

4. As described in the Motion, Section 8.4 of the Plan requires that, at the time of any cash distributions to the holders of claims the Debtors retain cash security for claims as to which distributions are to be deferred on a pro rata basis (in the amounts that would be paid if the deferred claims were "allowed"). This assures that, at the end of the day, claims in the same class will receive equitable treatment.

5. As further described in the Motion, Section 8.4 of the Plan permits the Debtors to obtain relief from this obligation by substituting for cash reserves non-cash assets that exceed the amount of available cash required to be retained.

6. In the Motion, LBHI proposes to substitute up to 75% of the cash reserves to be maintained for distribution to deferred payment creditors with "Non-Cash Assets." However none of the Non-Cash assets that would be used in this manner are identified

in the Motion. It is not therefore possible for creditors whose payments are to be deferred to determine, in advance, whether they will be adequately protected by the requested relief.

7. Specifically, under the current operation of Section 8.4 of the Plan, creditors as to whom payments may be deferred have assurance of equitable treatment (in the form of cash collateral) every time a distribution is to be made. Because the collateral is in the form of cash, such creditors (and the Court) are not burdened with having to constantly demand identification of non-cash collateral, to seek and obtain assurances that the collateral is actually being reserved, and to determine the values of the items of collateral so reserved at the time of each distribution. However, if the relief requested is granted, then all parties in interest and the Court would have such a burden.

8. LBHI appears to propose that it would be sufficient for the Debtors to simply report on an aggregate Asset-to-Reserve Ratio at the time of each distribution, using aggregate non-cash asset values as reported on balance sheets. However, unlike cash reserves, which are readily verifiable, such aggregate numbers for non-cash assets cannot be verified without specific identification of individual non-cash assets, the values of each such asset and the security interests asserted with respect thereto. Moreover, without actually segregating the non-cash assets from use, they would not actually be reserved.

9. The requirement in Section 8.4 for pro-rata cash reserves at the time of each distribution is a simple and verifiable means of assuring equitable treatment for all

claimants. The substitution of non-cash reserves for cash reserves should require the identification of individual non-cash assets to be reserved, the segregation of those assets, and verifiable disclosure of their value. Even with such safeguards, we respectfully submit that any benefit would be outweighed by the burden imposed on the parties in interest and the Court of monitoring this process.

Dated: February 15, 2012

                              Respectfully Submitted,

                              EATON & VAN WINKLE LLP
                              3 Park Avenue
                              New York, New York 10016
                              Telephone: 212.779.9910
                              Fax: 212.779.9928

By: _____/s/ Robert K. Gross_____
        Robert K. Gross (RG-5635)

*Attorneys for Maximilian Coreth*