WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**DEBTORS' RESPONSE TO MOTION OF**
**CLAIMANT JEREMY R. KRAMER FOR RECONSIDERATION**
**OF THE RECLASSIFICATION OF HIS CLAIM AS AN EQUITY INTEREST**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-

captioned chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), file

this response (the "Response") to the Motion of Jeremy R. Kramer for Reconsideration of the

Reclassification of his Claim as an Equity Interest (the "Motion") [Docket No. 25307], and

respectfully represent as follows:

## I.   PRELIMINARY STATEMENT

1.   Jeremy R. Kramer's ("Claimant") request that the Court reconsider the

reclassification of Claim 18325 (defined below) as an equity interest after he deliberately chose

not to oppose that reclassification should be denied.

2. Claimant is a sophisticated investment advisor and a member of an investment group that manages in excess of $11,000,000,000. (*See* Motion ¶ 2 n.1.) Claimant admits that he was properly served with, and was aware of, the Objection (defined below). (*See id.* ¶ 4.) Upon receipt of the Objection, Claimant contacted counsel for the Debtors and obtained an adjournment of his deadline to respond. (*See id.* ¶ 5.) Claimant then consulted with coworkers and attorneys and decided not to retain counsel. (*See id.*) Notwithstanding the fact that Claim 18325 had an asserted value in excess of $16,000,000, Claimant deliberately did not respond to or oppose the Seventy-Third Omnibus Objection, and Claim 18325 was reclassified as an equity interest on an uncontested basis. (*See id.* ¶ 6.) Claimant now regrets his decision to allow Claim 18325 to be reclassified and has filed the Motion seeking to reverse the consequences of that deliberate and informed decision.

3. A motion pursuant to section 502(j) of the Bankruptcy Code is properly considered under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). Courts in the Second Circuit consider three factors when analyzing a motion to vacate a default judgment under Rule 60(b) based on excusable neglect: (i) whether the default was "willful," (ii) whether the movant has provided a meritorious defense, and (iii) whether the nondefaulting party will suffer prejudice if the default judgment is vacated. First, Claimant's default was deliberate and intentional and thus "willful." On this basis alone, the Motion should be denied. Second, even assuming Claimant has met his burden with respect to the "willfulness" factor—which he has not and cannot—the Court should deny the Motion because Claimant has not presented a "meritorious defense." In fact, he has not presented any defense, and instead seeks to bootstrap a response filed by other claimants in opposition to a different reclassification objection onto his claim. In doing so, Claimant has failed to raise any defense which may be properly considered by the Court with

respect to Claim 18325.  Third, at present, more than 30,000 claims have been disallowed, reduced, and/or reclassified by hundreds of orders of this Court after the claimants failed to respond to objections that were properly served upon them.  Granting the Motion could open the door for other expunged claimants who knowingly and deliberately defaulted with respect to an objection to seek similar reconsideration and could result in substantial litigation expenditures by the Debtors and prejudice to their unsecured creditors.  Accordingly, the Motion should be denied.

## II.    BACKGROUND

4.        Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors [Docket No. 23023].

5.        On September 18, 2009, Claimant filed a proof of claim in the amount of $16,790,103.48 ("Claim 18325") on account of compensation purportedly owed by the Debtors in the form of Restricted Stock Units ("RSUs").

6.        On December 7, 2010, the Debtors filed their Seventy-Third Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) (the "Objection") [Docket No. 13295].  The Objection sought to reclassify as equity interests certain proofs of claim filed by current and/or former employees of the Debtors and/or their affiliates based on either RSUs or contingent stock awards issued between 2003 and 2008.  RSUs and contingent stock awards were compensation awards which, among other things, provided an employee with the right to shares of LBHI common stock on a future date upon the satisfaction of certain

conditions.  Because Claim 18325 was based on RSUs, the Debtors included Claim 18325 on

the Objection.

7.      The Debtors properly served Claimant with a copy of the Objection on or

about December 7, 2010, something Claimant admits.  (*See id.* ¶ 4.)  The deadline to respond to

the Objection was January 6, 2011 (the "Response Deadline"); however, Claimant obtained an

adjournment of the Response Deadline from the Debtors' counsel.  (*See id.* ¶ 5.)  Claimant

consulted with coworkers and attorneys regarding the objection and decided not to retain

counsel.  (*See id.*)  Claimant ultimately chose not to respond to or oppose the Objection.  (*See*

*id.* ¶ 6).

8.      On March 3, 2011, the Court entered its Supplemental Order Granting

Debtors' Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) (the

"Supplemental Order") [Docket No. 14776], reclassifying Claim 18325 as an equity interest.

On February 6, 2012—approximately eleven months after entry of the Supplemental Order—

Claimant filed the Motion, asking the Court to reconsider the reclassification of Claim 18325

and asserting excusable neglect.

### III.   ARGUMENT

9.      Claimant has not—and cannot—satisfy his burden for reinstatement of

Claim 18325 under section 502(j)[1] of the Bankruptcy Code.[2]  A motion for reconsideration is

analyzed under the standard set forth in Rule 60(b), applicable to bankruptcy proceedings through

---

[1] Section 502(j) provides in pertinent part:  "A claim that has been allowed or disallowed may be reconsidered for cause."  *See* 11 U.S.C. § 502(j).

[2] This burden lies squarely on Claimant.  *See In re Chipwich, Inc.*, 64 B.R. 670, 675 (Bankr. S.D.N.Y. 1986) (concluding moving party failed to sustain its burden of establishing grounds for relief under several clauses of Rule 60(b), including (b)(1)).

Rule 9024 of the Federal Rules of Bankruptcy Procedure. *See In re Enron, Inc.*, 326 B.R. 46, 50 (Bankr. S.D.N.Y. 2005); *In re Enron*, 325 B.R. 114, 117 (Bankr. S.D.N.Y. 2005). Relief under Rule 60(b)(1) may be sought on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Claimant alleges only excusable neglect. (*See* Motion ¶ 9.)

10.     When considering a request for relief under Rule 60(b)(1) based on excusable neglect, courts in the Second Circuit consider three factors:  (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) the level of prejudice that may occur to the nondefaulting party if relief is granted. *See Gucci Am., Inc., Guess?, Inc. v. Gold Ctr. Jewelry*, 158 F.3d 631, 634 (2d Cir. 1998); *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 59 (2d Cir. 1996). Claimant has failed to carry his burden with respect to each of these factors, and accordingly, the Motion should be denied.

**A.      Claimant Willfully Failed to Respond to the Objection**

11.     The undisputed facts establish that Claimant's decision not to respond to the Objection was "willful," and thus, he cannot satisfy his burden under the first prong of the excusable neglect analysis. In a "willfulness" inquiry, the key issue in the Second Circuit is "whether the claimant made a conscious decision to allow a hearing to go forward without a response." *In re Fairpoint Commc'ns, Inc.*, __B.R.__, 2012 WL 13690, at *3 (Bankr. S.D.N.Y. Jan. 4, 2012); *see also In re Worldcom, Inc.*, No. 02-13533 AJG, 2006 WL 2400094, at *3 (Bankr. S.D.N.Y. Aug. 16, 2006) (same). Accordingly, a party that makes a deliberate decision to default acts "willfully" for purposes of Rule 60(b), and is not entitled to relief.

12.     Claimant wrongly implies that willfulness for purposes of Rule 60(b) requires a finding of bad faith. While bad faith supports a finding of willfulness, it is not a requirement:

> [W]hile a determination that the defendant acted in bad faith would certainly
> support a finding of 'willfulness,' *it is sufficient that the defendant defaulted*
> *deliberately.*

*See Gucci Am., Inc., Guess?, Inc.*, 158 F.3d at 635 (emphasis added).  In *Gucci America, Inc.,*

*Guess?, Inc.*, the Court of Appeals for the Second Circuit reversed a District Court decision that

required bad faith as a predicate to a determination of willfulness.[3]  *Id.*  The Court of Appeals

ordered reinstatement of the original monetary judgments against the defendant-appellees, who

had "deliberately and intentionally allowed default judgments to enter against them" after

receiving copies of the original complaints and a subsequent memorandum in support of an award

of damages.  *Id.* at 632, 635.

        13.     Claimant's argument that he did not willfully default fails.  Each of the

cases relied upon by Claimant for this assertion is distinguishable.  (*See* Motion ¶¶ 11-12.)  In four

of the cases, the determining factor was that the claimant, unlike here, lacked actual knowledge of

the pleading to which it failed to respond.  *See Am. Alliance Ins. Co.*, 92 F.3d at 61 (insurance

company's failure to respond to complaint was not "willful" as it was unaware of complaint

because of a misfiling by an in-house clerk); *In re Fairpoint Commc'ns, Inc.*, 2012 WL 13690, at

*2 (granting motion for reconsideration of order estimating tax claim where taxing authority

asserted it never received notice of the estimation motion); *In re Journal Register Co.*, No. 09-

10769 (ALG), 2010 WL 5376278, at *2-3 (Bankr. S.D.N.Y. Dec. 23, 2010) (granting motion for

reconsideration because the claimant did not have actual knowledge of hearing on claim

objection); *In re Enron, Inc.*, 326 B.R. at 52 (university did not "willfully" allow court to enter

---

[3] The Court of Appeals explained that its decision in *American Alliance Insurance Company*, a decision relied upon by Claimant, did not impose a bad faith requirement on Rule 60(b).  *Id.*  Rather, in *American Alliance* the Court "merely sought to contrast defaults caused by negligence, which may in some cases be excusable, with defaults arising from deliberate conduct, which are not excusable."  *Id.*

order expunging claim where university did not know that action was pending).  Two of the other

cases cited by Claimant are inapposite as they were decided under the less rigorous standard of

Rule 55(c) than that applied to Rule 60(b).  *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir.

1993) (reviewing District Court's refusal to set aside entry of default under Rule 55(c), not Rule

60(b), prior to entry of default judgment); *Famous Music Corp. v. 716 Elmwood, Inc.*, No. 05-CV-

0885A, 2006 WL 1455483, at *1 (W.D.N.Y. 2006) (reviewing plaintiffs' motion to vacate entry

of default under Rule 55(c)).[4]  The only case that Claimant relies upon that involves a defaulting

party having actual knowledge of a pleading requiring a response is readily distinguishable

because the defendants there, unlike Claimant, held a mistaken belief that they need not answer

the complaint, since a prior complaint was dismissed on diplomatic immunity grounds.  *See*

*Swarna v. Al-Awadi*, 622 F.3d 123, 142-43 (2d Cir. 2010).

14.	Claimant admits that he had actual knowledge of the Objection and made a

conscious decision not to respond, which is fatal to his request for relief.  (*See* Motion ¶¶ 4-6.)

Indeed, Claimant admits that he discussed the objection with the Debtors, obtained additional time

to consider it, discussed it with attorneys and considered retaining counsel, but declined to do so.

(*See id.* ¶ 5.)  Claimant further admits that he decided not to respond to or oppose the Objection

(*see id.* ¶ 6), and thereby "deliberately and intentionally allowed [a] default judgment[] to enter

against [him]." *See Gucci Am., Inc., Guess?, Inc.*, 158 F.3d at 635.  Claimant's failure to respond

to the Objection was therefore "willful," and not simply "careless and the product of poor advise

[sic]," as Claimant asserts.  (*See id.* ¶ 6.)  Because his conduct was willful, Claimant is not entitled

to relief under Rule 60(b), and the Motion should be denied.

---

[4] Rule 55(c) of the Federal Rules of Civil Procedure provides:  "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  A motion to vacate a default under Rule 55(c) is subject to a less rigorous standard than the standard applied to a motion to vacate a default judgment under Rule 60(b). *See Am. Alliance Ins. Co.*, 92 F.3d at 59.

7

**B.       Claimant Has Not Asserted a Meritorious Defense**

15.      Claimant also fails the second prong of the excusable neglect analysis, as he has not set forth a meritorious defense.  *See Gucci Am., Inc., Guess?, Inc.*, 158 F.3d at 634; *Am. Alliance Ins. Co.*, 92 F.3d at 59.  Claimant's sole defense is a bare attempt to bootstrap his claim onto a response filed by *other claimants* in opposition to *a different omnibus objection*.  (*See* Motion ¶¶ 7, 14.)

16.      Though a meritorious defense need not be ultimately persuasive at the Rule 60(b) stage, the defense must be "good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co.*, 92 F.3d at 61.  Instead of asserting his own defense, Claimant relies upon a response filed by certain claimants that are subject to the Debtors' One Hundred Eighteenth Omnibus Objection to Claims (to Reclassify Proofs of Claim as Equity Interests) [Docket No. 15666] (the "One Hundred Eighteenth Omnibus Objection") opposing reclassification of their claims as equity and requests that the Court adopt it as his own.  Claimant avers that, because those claimants are purportedly his coworkers and similarly situated, he is entitled to the benefit of their response.  To the extent the Court has reviewed this response and has ordered additional proceedings with respect to it, as Claimant asserts (*see* Motion ¶ 14), the Court did not do so with respect to Claim 18325, which is not subject to the One Hundred Eighteenth Omnibus Objection.

17.      Claimant deliberately chose not to respond to the Objection and to default on his purported $16,000,000 claim.  Having done so, Claimant cannot satisfy the meritorious defense prong by "borrowing" a response filed in opposition to a *different* objection in lieu of setting forth any defense of his own, anymore than the Debtors could seek to expunge claims pursuant to the One Hundred Eighteenth Omnibus Objection that are not subject to that objection.

Accordingly, Claimant has failed "to give the factfinder some determination to make," *see Am. Alliance Ins. Co.*, 92 F.3d at 61, and has not met his burden to set forth a meritorious defense.

## C.      Granting the Motion Will Prejudice the Debtors and Other Claimants

18.      Claimant also cannot establish entitlement to relief under the final factor of Rule 60(b)'s excusable neglect analysis—the degree of prejudice that the nondefaulting party will sustain if the requested relief is granted.  Claimant asserts that reinstating Claim 18325 will not prejudice the Debtors, while Claimant will be denied the opportunity to litigate a multi-million dollar claim.  (*See* Motion ¶ 16.)  Claimant ignores that he already had the opportunity to litigate Claim 18325, but declined to avail himself of it and now requests that the Court rescue him from the consequences of a deliberate decision he regrets.  Moreover, the Debtors and their creditors could sustain substantial prejudice if the relief requested by Claimant is granted.  To date, more than 30,000 claims have been disallowed, reduced, and/or reclassified by hundreds of orders of this Court after the claimants failed to respond to objections that were properly served upon them.  Granting the relief requested in the Motion could potentially open the door for each of those claimants to challenge this Court's orders by asserting that they should be given a second "bite at the apple," notwithstanding a conscious decision to default.  Accordingly, Claimant has failed to carry his burden with respect to the prejudice prong under Rule 60(b).

## IV.   CONCLUSION

WHEREFORE, for the reasons set forth above, the Debtors respectfully request

that the Court (i) enter an order denying the Motion in its entirety; and (ii) grant such other and

further relief as the Court may deem just and appropriate.

Dated: February 15, 2012
        New York, New York

                          /s/ Robert J. Lemons
                          Robert J. Lemons

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York  10153
                          Telephone:  (212) 310-8000
                          Facsimile:  (212) 310-8007

                          Attorneys for Debtors
                          and Debtors in Possession