Jeffrey L. Schwartz
Christopher J. Hunker
HAHN & HESSEN LLP
488 Madison Avenue
New York, New York 10022
Telephone:    212-478-7200
Facsimile:    212-478-7400

*Attorneys for Commerzbank AG*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
                                                                  :    Chapter 11
                                                                  :
In re:                                                            :
                                                                  :    Case No.  08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC.,                                    :
*et al.*                                                          :
                                                                  :    Jointly Administered
                                     Debtors.                     :
                                                                  :
---------------------------------------------------------------- x

**OBJECTION OF COMMERZBANK TO MOTION BY LEHMAN BROTHERS
HOLDINGS INC. FOR AUTHORITY TO USE NON-CASH ASSETS IN LIEU OF
AVAILABLE CASH AS RESERVES FOR DISPUTED CLAIMS PURSUANT TO
SECTION 8.4 OF THE DEBTORS' CONFIRMED JOINT CHAPTER 11 PLAN**

Commerzbank AG, for itself and in its capacity as successor by merger to Dresdner

Bank AG (together "Commerzbank"), by and through its undersigned counsel, respectfully

submits this objection (the "Objection") to the *Motion by Lehman Brothers Holdings, Inc. for*

*Authority to Use Non-Cash Assets in Lieu of Available Cash as Reserves for Disputed Claims pursuant*

*to Section 8.4 of the Debtors' Confirmed Joint Chapter 11 Plan* [ECF No. 24726] (the "Motion").

In support of this Objection, Commerzbank respectfully states as follows:

Hearing Date:  February 22, 2012 at 10:00 a.m.

## PRELIMINARY STATEMENT

1.      The present Motion, if granted, would increase the immediate cash distribution to one group of LBHI and LBSF[1] general unsecured creditors, those holding Allowed Claims, at the potential expense of another group of LBHI and LBSF general unsecured creditors, those holding Disputed Claims (i.e. claims in the process of resolution). Even if the Motion is denied, LBHI has indicated it will still be in a position to make an immediate aggregate distribution of over $8 billion to holders of LBHI and LBSF Allowed Claims.  Although LBHI's Motion has undoubtedly been made in good faith, the possibility remains that its views as to the Debtors' asset values could prove incorrect.  As the holder of Disputed Claims, Commerzbank does not believe that it and other similarly situated creditors, under these circumstances, should have to bear that risk.

## BACKGROUND

2.      On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings, Inc. ("LBHI" or the "Plan Administrator") and certain of its affiliates filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      On October 3, 2008, certain other affiliates of LBHI (together with LBHI and the other jointly-administered debtors, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4.      Commerzbank timely filed a number of Proofs of Claim against the Debtors (the "Commerzbank Claims").  Certain of the Commerzbank Claims have been resolved by

---

[1]     Capitalized terms not herein defined shall have the meanings ascribed to them in the Motion.

735930/005-2711299.3

objection or withdrawal.  Commerzbank and the Debtors have not yet reached a resolution concerning other outstanding Commerzbank Claims.

5.      On September 1, 2011, the Debtors filed the *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors*, dated August 31, 2011 [ECF No. 19627] (as subsequently supplemented, modified, or amended, the "Plan").

6.      On December 6, 2011, the Bankruptcy Court entered its *Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors* [ECF No. 23023] (the "Confirmation Order").

7.      Pursuant to Section 8.4 of the Plan, if approved by this Court, the Plan Administrator may retain non-cash assets in lieu of cash to satisfy the Debtor's obligations with respect to outstanding Disputed Claims.  Section 8.4 of the Plan provides:

> If the Plan Administrator determines, in its sole discretion, that the value of a Debtor's assets (other than such Debtor's Available Cash) exceeds the amount of Available Cash necessary to be retained pursuant to this section on account of Disputed Claims against such Debtor, the Plan Administrator may, <u>subject to Bankruptcy Court approval</u>, on proper notice to all holders of Disputed Claims against such Debtor, release such Available Cash for Distribution to holders of Allowed Claims and retain, in lieu thereof, such Debtor's non-Cash assets to satisfy its Disputed Claims if such Claims become Allowed Claims.  (Emphasis added)

*See* Plan § 8.4.

8.      Pursuant to section 6.1(a) of the Plan, LBHI is serving as the Plan Administrator for each of the Debtors and has made the Motion which is the subject of this Objection.

## OBJECTION

9.      In order to retain Non-Cash Assets as reserves, LBHI's proposal would require (i) the Participating Debtor to retain a minimum cash reserve in the amount of at

least 25% of the Reserve Amount and (ii) the ratio of (A) the value of the Participating Debtor's Non-Cash Assets to (B) the amount equal to the Reserve Amount minus the Minimum Cash Reserve for such Participating Debtor must be equal to or greater than 2.5:1. *See* Motion, ¶ 8. LBHI argues that the use of Non-Cash Assets as reserves is desirable given the size of these chapter 11 cases, the number and complexity of the claims filed, and the benefit that would inure to holders of Allowed Claims. *See* Motion, ¶ 13-15.

10.     Commerzbank objects to the relief requested because it believes that there is no need to place it and other holders of Disputed Claims in a position of risk, however minimal, in order to hasten distributions to creditors with Allowed Claims. Commerzbank acknowledges LBHI's efforts to distribute cash as quickly as possible and does not dispute that LBHI offers its proposal in good faith. Nevertheless, LBHI could simply be wrong in its assessment of Non-Cash Assets, and if it is, holders of unresolved claims might not receive the same distribution percentage as holders of Allowed Claims once the Non-Cash Assets are monetized.

## ARGUMENT

11.     Section 1123 of the Bankruptcy Code requires equal treatment of claimants in the same class. *See, e.g.*, *Windel Marx Lane & Mittendorf, LLP v. Source Enterprises, Inc. (In re Source Enterprises, Inc.)*, 392 B.R. 541, 556 (S.D.N.Y. 2008). In accordance with sections 1123 and 1129 of the Bankruptcy Code, this Court found that the Debtors' Plan "provides for the same treatment . . . for each Claim or Equity Interest in each respective Class . . . thereby satisfying section 1123(a)(4) of the Bankruptcy Code." Confirmation Order, ¶ P. LBHI, as Plan Administrator, is required to ensure that all Claims, including Disputed Claims when they become Allowed Claims, receive the same treatment (i.e. the same

distribution percentage) as other Claims in the same class.  This Motion, if granted, creates the possibility of a different result.

12.     Finally, even if the relief requested is denied, LBHI has indicated that it can still distribute approximately $3.3 billion, and LBSF can distribute approximately $4.8 billion to creditors holding Allowed Claims, without having to rely on Non-Cash Assets as reserves for Disputed Claims.  *See* Motion, ¶ 12.  Under the circumstances, Commerzbank fails to see the need for the Plan Administrator to impose any level of risk on holders of Disputed Claims.

[*Remainder of page intentionally left blank*]

WHEREFORE, Commerzbank requests that the Court (a) deny LBHI's request to

use Non-Cash Assets as reserves for Disputed Claims, and (b) award Commerzbank such

other and further relief as is just and proper.

Dated:   New York, New York
         February 15, 2012

                                        Respectfully submitted,

                                        **HAHN & HESSEN LLP**
                                        Attorneys for Commerzbank AG


                                        By:  /s/ Jeffrey L. Schwartz
                                              Jeffrey L. Schwartz, Esq.
                                              Christopher J. Hunker, Esq.

                                        488 Madison Avenue
                                        New York, New York 10022
                                        Telephone:   212-478-7200
                                        Facsimile:   212-478-7400