UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                        :
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                        :
                     Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

ORDER PURSUANT TO SECTIONS 105(A) AND 363 OF THE BANKRUPTCY
CODE AND RULES 6004 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY
PROCEDURE, FOR APPROVAL OF THE SETTLEMENT TRANSACTION
RESOLVING THE TWO HUNDRED TWENTY-NINTH OMNIBUS
OBJECTION TO JPMORGAN'S ASSET MANAGEMENT FUND CLAIMS
(NO LIABILITY, MISCLASSIFIED AND DUPLICATIVE CLAIMS)

Upon the motion, dated February 1, 2012 (the "Motion")[1], of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors-in-possession (the "Debtors"), and the Official Committee of Unsecured Creditors (the "Committee"), pursuant to sections 105(a) and 363 of title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), of the Settlement Transaction resolving the Lehman Brothers Holdings Inc. and the Creditors Committee's Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims), all as more fully described in the Motion; and upon the Declaration of Philip Kruse on behalf of the Debtors in support of the Motion; and the Court having jurisdiction in the above-captioned Chapter 11 Cases to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein in the Chapter 11 Cases being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue as to the Chapter 11 Cases being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for the Chapter 11 Cases [Docket No. 9635], to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for the Funds; and (vii) all parties who have requested notice in these Chapter 11 Cases; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in all respects; and it is further

ORDERED that, pursuant to sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Bankruptcy Rules, the Settlement Transaction, which is embodied in the Settlement Agreement (as defined in the Motion), is approved and the Debtors are duly authorized (i) to consummate the transactions contemplated thereunder; (ii) execute and deliver such documents and instruments and to take such other actions as may be reasonably necessary to consummate the Settlement Agreement, it being understood that any actions described in this

paragraph taken by the Debtors may be taken without the necessity of any further Court proceedings or approval, or any consent of any third party, and shall be conclusive and binding in all respects on all parties in interest in these cases; and it is further

ORDERED that the Settlement Agreement, and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, *provided*, *however*, that any material modification, amendment or supplement shall be presented for Court approval by motion of the parties thereof; and it is further

ORDERED that re-assignment of the claims of the Funds in accordance with the Settlement Agreement shall be free and clear of any adverse claims created by or through LBHI; and it is further

ORDERED that the Retained Cash (as defined in the Settlement Agreement) and any interest earned on the cash collateral will be retained by the Funds for their own accounts and will not be subject to any disgorgement or defeasance or cause any reduction of the Underlying JPM Funds Claims (as defined in the Settlement Agreement), and the Funds shall be free to allocate the Retained Cash and interest among one another; and it is further

ORDERED that the terms of Settlement Agreement shall be binding on the reorganized debtors on and following the effective date of the Chapter 11 Plan (as defined in the Motion); and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that all objections to the Motion that have not been withdrawn,

waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

ORDERED that this Order shall be effective immediately upon its entry and the requirements of Bankruptcy Rule 6004(h) are waived; and it is further

ORDERED that the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: New York, New York
      February 15, 2012

                                    *s/ James M. Peck*
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge