Objection Deadline: February 15, 2012 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time: February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)

Brady C. Williamson
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Attorneys for the Fee Committee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**FEE COMMITTEE'S LIMITED OBJECTION TO THE OMNIBUS APPLICATION OF
(I) INDIVIDUAL MEMBERS OF OFFICIAL COMMITTEE OF UNSECURED
CREDITORS AND (II) INDENTURE TRUSTEES PURSUANT TO SECTION 1129(a)(4),
OR, ALTERNATIVELY, SECTIONS 503(b)(3)(D) AND 503(b)(4) OF BANKRUPTCY
CODE FOR PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**")[1] submits this Limited Objection to the *Omnibus Application of (I) Individual Members of Official Committee of Unsecured Creditors And (II) Indenture Trustees Pursuant to Section 1129(a)(4), or, Alternatively, Sections 503(b)(3)(D) and 503(b)(4) Of Bankruptcy Code*

---

[1] The Creditors' Committee representative on the Fee Committee did not participate in the Fee Committee's decision to file this limited objection. The Office of the United States Trustee will file, separately, its own objection asserting, among other things, that the requested fees are not allowable, in any amount, in the first instance. This limited objection is provisional in the event the Court decides a reasonableness review, on any basis, is warranted.

*for Payment of Fees and Reimbursement of Expenses* (the "**Omnibus UCC Fee Application**")

[Docket No. 24762] and respectfully represents:

## PRELIMINARY STATEMENT

The Fee Committee objects to the Omnibus UCC Fee Application on the grounds that the fees and expenses requested have not been subject to Fee Committee review for reasonableness and, without that review, the Application should not be approved.

## BACKGROUND

1. The Court appointed a Fee Committee on May 26, 2009 to execute the duties set forth in the Fee Committee Order, amended from time to time,[2] including, among other things, monitoring the fees and expenses incurred by professionals approved by the Court ("**Retained Professionals**") in these cases. On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as Successor Independent Member of the four-member Fee Committee and, by an order the same day, the Court approved the recommendation. *See Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member* [Docket No. 14117] (the "**Gitlin Appointment Order**").

2. On December 6, 2011, the Court entered the *Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [Docket No. 23023] (the **"Plan Confirmation Order"**).

3. The *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the **"Plan"**) [Docket No. 22973] contains the following provisions:

> 6.7 Indenture Trustee and Creditors' Committee Members Fees.
> Subject to entry of the Confirmation Order, the reasonable fees and
> expenses (including attorneys fees) of (a) the indenture trustee for

---

[2] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "**Amended Fee Protocol**" [Docket No. 15998].

2

>the Senior Notes and the Subordinated Notes and (b) the individual members of the Creditors' Committee, in each case, incurred in their capacities as indenture trustee or members of the Creditors' Committee, respectively, shall, (i) to the extent incurred and unpaid by a Debtor prior to the Effective Date, be Allowed as Administrative Expense Claims and paid by the Debtors in accordance with the Debtor Allocation Agreement upon application to and subject to approval of the Bankruptcy Court, and (ii) to the extent incurred after the Effective Date, be Allowed as Administrative Expense Claims and paid by the Debtors on a monthly basis upon the submission of fee statements without further order of the Bankruptcy Court.

*See* Plan ¶ 6.7.

>(b) The fee committee appointed in the Chapter 11 Cases will continue to exist after the Effective Date to perform its duties under the amended fee protocol in connection with all applications for approval of professional fees incurred prior to the Effective Date, and all related proceedings, including hearings on final fee applications. The Debtors shall pay the reasonable fees and expenses of the independent member and counsel retained by the fee committee in connection with the foregoing from and after the Effective Date.

*See id.*, ¶ 15.1 (b).

4. The Plan Confirmation Order contains the following provision:

>49. Post-Effective Date Role of Fee Committee. The fee committee appointed in the Chapter 11 Cases shall continue to exist after the Effective Date to perform its duties under the Amended Fee Protocol approved by the Court [ECF No. 15998] in connection with all applications for approval of professional fees incurred prior to the Effective Date, and all related proceedings, including hearings on final fee applications. The Debtors shall pay the reasonable fees and expenses of the independent member and counsel retained by the fee committee in connection with the foregoing from and after the Effective Date.

*See* Plan Confirmation Order ¶ 49.

5. On January 30, 2012, the Wilmington Trust Company; Loeb & Loeb, LLP; Covington & Burling; Citibank; The Bank of NY Mellon; Sheppard Mullin; Mizuho Corporate Bank, Ltd; Stroock & Stroock & Lavan; Metropolitan Life Insurance Co.; the Vanguard Group; Arent Fox LLP;

3

U.S. Bank National Association; Shipman & Goodwin, LLP; Edwards Angell Palmer & Dodge, LLP; Sullivan Worcester, LLP; Elliot Management Corp.; Greenberg Traurig, LLP; Kleinberg, Kaplan, Wolff & Cohen, P.C.; Shinsei Bank, Limited; and Vinson & Elkins LLP (together, the **"Applicants"**) collectively filed the Omnibus UCC Fee Application, requesting a total of $24,553,137.39 in fees and expense reimbursements for the professional fees of the individual Unsecured Creditors' Committee members and the indenture trustees for various notes issued by LBHI.

6.    Two days later, on February 1, 2012, the Applicants submitted the *Amendment to Omnibus Application of (I) Individual Members of Official Committee of Unsecured Creditors And (II) Indenture Trustees Pursuant to Section 1129(a)(4), or, Alternatively, Sections 503(b)(3)(D) and 503(b)(4) Of Bankruptcy Code for Payment of Fees and Reimbursement of Expenses* (the "**Omnibus UCC Fee Application Amendment**") [Docket No. 24881], increasing the total amount requested to $26,291,116.21.

7.    Neither the Omnibus UCC Fee Application, nor the Omnibus UCC Fee Application Amendment, nor any supporting billing detail was served upon the Fee Committee or its counsel, which has a mandate to, among other things, review fees for reasonableness.

8.    For example, section 503(b)(3)(D) and 503(b)(4), one of the alternative statutory grounds asserted by the Applicants, allow non-retained professionals to seek compensation from the Court:

> After notice and hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including—
>
> …
>
> (3)  the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by—
>
> …

4

> (D) a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than a committee appointed under section 1102 of this title, in making a *substantial contribution* in a case under chapter 9 or 11 of this title;
>
> …
>
> (4) reasonable compensation for professional services rendered by an attorney or an accountant of an entity whose expense is allowable under [§ 503(b)(3)(D)], based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title, and reimbursement for actual, necessary expenses incurred by such attorney or accountant.

11 U.S.C. § 503(b)(3)(D) and 503(b)(4).

9. As an initial matter, the Fee Committee cannot and need not take a position on whether a legal basis exists for the award of any of the fees requested in the Omnibus UCC Fee Application. The Fee Committee is, however, well equipped to conduct a review of those fees for reasonableness-- if and only if the Court determines that their award is appropriate.

10. The Fee Committee and counsel have a comprehensive fee database and other tools for the analysis of fees and expenses. Moreover, in light of the Plan's explicit provision for the Fee Committee to "perform its duties under the amended fee protocol in connection with all applications for approval of professional fees incurred prior to the Effective Date, and all related proceedings," it is appropriate for the Fee Committee to evaluate the Omnibus UCC Fee Application for reasonableness for the benefit of the Court, the United States Trustee, the Debtors, and any other interested party.

11. The procedure proposed by the Applicants, calling for the payment of more than $26 million in fees on three weeks' notice with no opportunity for the Fee Committee's reasonableness review, is inconsistent with the Plan, the Plan Confirmation Order, and the Bankruptcy Code itself.

12. In the absence of that review, the Applicants are placing a substantial and unnecessary practical burden on the Court, the U.S. Trustee, the Debtors and any other interested parties.

## **CONCLUSION**

WHEREFORE, the Fee Committee states this limited objection to the Omnibus UCC Fee Motion and requests:

1) That the Omnibus UCC Fee Motion be provisionally denied;

2) That the Applicants be ordered to serve the Omnibus UCC Fee Motion, along with any amendments and supplements, and all supporting billing detail in LEDES format to the Fee Committee through its counsel;

3) That the Fee Committee be given no fewer than six weeks to complete a review of the fees and expenses requested in the Omnibus UCC Fee Motion for reasonableness; and

4) That the February 22, 2012 hearing on the motion be adjourned and rescheduled for a date after the Fee Committee has completed its reasonableness review and submitted a written report of the results to the Applicants, Unsecured Creditors' Committee, the Debtors, and the United States Trustee; and

5) Such other relief as the Court deems appropriate.

Dated: February 15, 2012.

        /s/ *Katherine Stadler*
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Committee*

7485074_1