## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **EFG Eurobank Ergasias S.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Illiquidx LLP** (the "Purchaser "), under the condition set out in clause 7 and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest and recovery, to the extent of the applicable percentage / principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **62750** filed by Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer of Claim Relates") attached hereto together with all rights and claims of the Seller against the issuer of each Purchased Security in respect thereof.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; and (g) neither Seller nor Predecessor has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind. For the purpose of the above representations, capitalised terms not otherwise defined in this Agreement shall have the meanings assigned to them in the applicable Final Terms/Pricing Supplement of the Lehman Programs Securities to which Transfer of Claim Relates, as the case may be.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and



hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Each of Seller and Purchaser agrees that the delivery obligations of the Seller under this Agreement and Evidence of Transfer of Claim are subject to receipt by the Seller of the relevant purchase price.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 10 day of February, 2012.

SELLER: EFG EUROBANK ERGASIAS S.A.

By:
Name: SOFIA TATS / ΧΡΗΣΤΟΣ ΣΤΑΪΚΟΣ / CHRISTOS STAIKOS
Title:

Address:
8 Othonos Street
Athens 105 57
Greece

PURCHASER: ILLIQUIDX LLP

By:
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL
United Kingdom

## SCHEDULE 1

### Transferred Claims

#### Purchased Claim

28.65% being US$ 3,891,525.00 of US$ 13,580,714.70 (the outstanding amount of the Proof of Claim as of February 10, 2012), plus all accrued interest fees and other recoveries due, corresponding to at least 28.65% of the total recovery in respect of such outstanding amount of the Proof of Claim and 33.95% of the total recovery in respect of the Lehman Programs Securities to which Transfer of Claim Relates under the Claim, together with commensurate accrued interest fees and other recoveries due.

#### Lehman Programs Securities to which Transfer of Claim Relates

| Description of Security | ISIN/CUSIP and applicable Blocking Number(s) | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of €12,500,000 Principal Protected Notes due 2012 linked to a portfolio of mutual funds Unconditionally and irrevocably guaranteed by Lehman Brothers Holdings, Inc under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0210326202 with Blocking Numbers CA76786, CA76785, CA76784, CA76783 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,500,000.00 Equivalent to US$ 2,122,650.00 | Zero-Coupon | 21/01/2012 | N/A |
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of €5,000,000 Principal Protected Notes due 2013 linked to a portfolio of mutual funds Unconditionally and irrevocably guaranteed by Lehman Brothers Holdings, Inc under the U.S.$45,000,000,000 Euro Medium-Term Note Program | XS0259672599 with Blocking Number CA76848 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 700,000.00 Equivalent to US$ 990,570.00 | Zero-Coupon | 29/06/2011 | N/A |



| | | | | | | |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREASURY CO. B.V. Issue of EUR 5,000,000 Equity-Linked Notes due January 2016 relating to a Basket unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. | XS0237304059 with Blocking Numbers CA76730, CA76731, CA76729 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 550,000.00 Equivalent to US$ 778,305.00 | N/A | 19/01/2016 | N/A |



4

