B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.      Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Oakford MF Limited | JPMorgan Chase Bank, N.A. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Oakford MF Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 59841
Total Amount of Claim as Filed: $11,326,052.09

Amount of Claim as Filed (and Allowed pursuant to the Notice of Proposed Allowed Claim Amount) with respect to ISIN XS0326482402: $2,950,000.00

Amount of Claim Transferred with respect to ISIN XS0326482402: $228,000.00 (or 7.728813559% of the above Amount of Claim as Filed (and Allowed) with respect to XS0326482402)

Date Claim Filed: 10/30/2009
Debtor: Lehman Brothers Holdings Inc.

Name and Address of Transferor:

c/o J.P. Morgan Securities LLC
Mail Code: NY1-M138
383 Madison Avenue – Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo
Jeffrey.L.Panzo@jpmorgan.com
Tel: 212-834-5857

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**OAKFORD MF LIMITED**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____    Christopher Santana
Name of Transferee/Transferee's Agent    Managing Principal    Date: February 15, 2012

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

XS0326482402

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMorgan Chase Bank, N.A.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to those certain purchasers set forth on Schedule 1 attached hereto (each an "Individual Purchaser"), and each Individual Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage/nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59841 filed by or on behalf of United Mizrahi Bank (Switzerland) Ltd. ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Predecessor transferred the Transferred Claims to Seller as evidenced at docket No. 23317 in the Proceedings.

2.    Seller hereby represents and warrants to each Individual Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes any Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result any Individual Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of August 31, 2011) and (h) Seller has delivered to each Individual Purchaser all notices that have been delivered by any party with respect to the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the respective Transferred Claims to each Individual Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by each Individual Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the applicable portion of the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this

Evidence of Transfer of Claim22902698A_Draft_3-exe.DOC

Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to each Individual Purchaser the Transferred Claims, recognizing each Individual Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to each Individual Purchaser, in each case with respect to the applicable portion of the Transferred Claims.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Each Individual Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold each Individual Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, proceeds or notices received by Seller in respect of the Transferred Claims to each Individual Purchaser, as applicable. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to each Individual Purchaser the applicable portion of each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as each Individual Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and each Individual Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and each Individual Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and each Individual Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8. For the avoidance of doubt, the Seller and each Individual Purchaser acknowledge and understand that each Individual Purchaser is executing this agreement solely in its individual capacity with respect to its Purchased Claim, and that all obligations and/or liabilities of an Individual Purchaser hereunder with are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of February, 2012.

2

JPMorgan Chase Bank, N.A.

By: [signature]
Name: Peter Schoepe
Title: Authorized Signatory

Address
c/o Susan McNamara
JPMorgan Legal Department
Mail Code: NY1-A436
One Chase Manhattan Plaza – Floor 26
New York, New York 10005-1401

Monarch Opportunities Master Fund Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By: [signature]
Name: Christopher Santana
Title: Managing Principal

Address
Monarch Opportunities Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: Michael.Gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1753
Fax: 1-(866)-741-3564

Oakford MF Limited
By: Monarch Alternative Capital LP
Its: Advisor

By: [signature]
Name: Christopher Santana
Title: Managing Principal

Address
Oakford MF Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: Michael.Gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1753
Fax: 1-(866)-741-3564

Monarch Cayman Fund Limited
By: Monarch Alternative Capital LP
Its: Advisor

By: [signature]
Name: Christopher Santana
Title: Managing Principal

Address
Monarch Cayman Fund Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022

3

ATTN: Michael Gillin
E-Mail: Michael.Gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1753
Fax: 1-(866)-741-3564

P Monarch Recovery Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: __Christopher Santana__
Title: __Managing Principal__

Address
P Monarch Recovery Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: Michael.Gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1753
Fax: 1-(866)-741-3564

Monarch Research Alpha Master Fund Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: _____
Title: __Christopher Santana__
       __Managing Principal__

Address
Monarch Research Alpha Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: Michael.Gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1753
Fax: 1-(866)-741-3564

4

**SCHEDULE 1**
**Transferred Claims**

Purchased Claim

93.8983050085% of the originally filed Proof of Claim - $2,770,000.00 of $2,950,000.00 - with regard to the ISIN listed below, as set forth for each Individual Purchaser below together with interest, fees, expenses and other recoveries due, or 93.8983050085% of the Allowed Claim Amount with respect to the ISIN listed below, for each Individual Purchaser below, or $2,770,000.00 of $2,950,000.00, as set forth in the Notice of Proposed Allowed Claim Amount, dated August 24, 2011.

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal Amount/ Percentage of Originally Filed POC[1] | Maturity | Accrued Interest Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Monarch Opportunities Master Fund Ltd | Issue of USD 3,220,000 Equity-Linked Notes due October 2009 relating to a Basket of Shares and the Depositary Receipts of Companhia de Saneamento Basico unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. (incorporated in the State of Delaware) under the U.S.$100,000,000,000 Euro Medium Term Note Program | XS0326482402 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,785,000.00/ 60.5084745476% | 24 October 2009 | N/A |
| Oakford MF Limited | Issue of USD 3,220,000 Equity-Linked Notes due October 2009 relating to a Basket of Shares and the Depositary Receipts of Companhia de Saneamento Basico unconditionally and irrevocably guaranteed by LEHMAN BROTHERS | XS0326482402 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $228,000.00/ 7.7288135559% | 24 October 2009 | N/A |

---

[1] For the avoidance of doubt, the amounts in this column are equivalent to the portion of the Allowed Claim Amount (and corresponding percentages) being transferred to each Individual Purchaser.

Evidence of Transfer of ClaimZ2902698A_Draft_3-exe.DOC

| | | | | | |
|---|---|---|---|---|---|
| Monarch Cayman Fund Limited | HOLDINGS INC. (incorporated in the State of Delaware) under the U.S.$100,000,000,000 Euro Medium Term Note Program Issue of USD 3,220,000 Equity-Linked Notes due October 2009 relating to a Basket of Shares and the Depositary Receipts of Companhia de Saneamento Basico unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. (incorporated in the State of Delaware) under the U.S.$100,000,000,000 Euro Medium Term Note Program | XS0326482402 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $229,000.00/ 7.7627118659% | 24 October 2009 | N/A |
| P Monarch Recovery Ltd | Issue of USD 3,220,000 Equity-Linked Notes due October 2009 relating to a Basket of Shares and the Depositary Receipts of Companhia de Saneamento Basico unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. (incorporated in the State of Delaware) under the U.S.$100,000,000,000 Euro Medium Term Note Program | XS0326482402 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $199,000.00/ 6.7457627712% | 24 October 2009 | N/A |
| Monarch Research Alpha Master Fund Ltd | Issue of USD 3,220,000 Equity-Linked Notes due October 2009 relating to a Basket of Shares and the Depositary Receipts of Companhia de Saneamento Basico unconditionally and irrevocably guaranteed by LEHMAN BROTHERS HOLDINGS INC. (incorporated in the State of Delaware) under the U.S.$100,000,000,000 Euro Medium Term Note Program | XS0326482402 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $329,000.00/ 11.1525423731% | 24 October 2009 | N/A |

Total Principal Amount/Percentage of Originally Filed POC Amount for ISIN: $2,770,000.00/93.8983050085%

<u>Exhibit B</u>

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000059841 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>UNITED MIZRAHI BANK (Switzerland) Ltd.<br>Nüschelerstrasse 31<br>CH-8021 Zürich<br>Switzerland | [X] Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: 1549<br>(If known)<br><br>Filed on: 1/2/09 |
|---|---|
| Telephone number: 0442268686  Email Address: | |
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:         Email Address: | [ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ At least $11,326,052.09        (Required)**

[X] Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see attached schedule (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see attached schedule         (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Raymond James & Associates, Inc. 11851635; Held at Euroclear; 99134.     (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br><br>**FILED / RECEIVED**<br><br>OCT 30 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date<br><br>Sept. 4, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Y. Mansdorf (CEO)        R. Guskin (CFO) | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

### Attachment to Proof of Claim Form of United Mizrahi Bank (Switzerland) Ltd.

United Mizrahi Bank (Switzerland) Ltd. ("UMB") states as follows in support of its proof of claim submitted in the chapter 11 bankruptcy proceedings of Lehman Brothers Holdings Inc. ("LBHI"):

1. UMB is the holder of nine blocks of securities (the "Securities") which are Program Securities pursuant to the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice thereof and Approving the Proof of Claim Form, of July 2, 2009 (Docket No. 4271) (the "Bar Date Order").

2. LBHI commenced its voluntary Chapter 11 case by filing a petition in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 15, 2008 ("Petition Date").

3. UMB previously filed two proofs of claim (Claim Nos. 1549 and 4375) in LBHI's Chapter 11 proceedings with respect to the Securities. This amended proof of claim, together with the Clearstream Proof of Claim (defined below), is being filed to ensure compliance with the special procedures for Programs Securities, pursuant to the Bar Date Order.

4. Specifically, the nine blocks of Securities are held under two different account numbers. This amended proof of claim is being filed in respect of the six blocks of Securities held at Euroclear Account No. 99134 (the "Euroclear Account") that were included in the previously filed proof of claim No. 1549. In addition to said six blocks of securities, proof of claim No 1549 also addresses two blocks of securities held by UMB at Clearstream Account No. 38687 (the "Clearstream Account"). An additional one block of Securities held by UMB at the Clearstream Account was initially addressed in proof of claim No. 4375. This amended proof of claim is intended to supersede only proof of claim No. 1549, in respect of said six blocks of Securities held at the Euroclear Account. UMB is also filing a separate proof of claim simultaneously herewith (the "Clearstream Proof of Claim") regarding the three blocks of Securities held at the Clearstream Account, amending proof of claim No. 1549 and proof of claim No. 4375 in respect of said three blocks of Securities held at the Clearstream Account. This amended proof of claim and the Clearstream Proof of Claim are not intended to supersede each other, but both of the amended proofs of claim taken together are intended to supersede claim numbers 1549 and 4375.

NY: 480279v3

5. In addition to the amount of its claim, UMB asserts a claim for any and all interest (including default interest), costs, fees, charges and expenses (including attorneys' fees) due and owing or that may become due and owing or otherwise allowable in connection with its clam.

6. UMB is filing this proof of claim in anticipation of the claims bar date (the "Bar Date"), which has been set as November 2, 2009, pursuant to the Court's July 2, 2009 Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form. UMB reserves the right to amend, modify, and/or supplement this proof of claim at any time, including, without limitation, for the purpose of asserting additional claims, whether arising from the transactions or documents described in UMB's proof of claim, this attachment, or otherwise. UMB also reserves its rights to assert any and all rights of setoff that it may have against the Debtor in respect of its claims, including, without limitation, the right to set off its claims against any claims that the Debtor (or any successor, assignee or person claiming through the Debtor, as the case may be) may assert against UMB or its successors or assigns, whether or not arising under the transactions set forth in this proof of claim. UMB also reserves its right to pursue claims (including, but not limited to, the claims described herein) against the Debtor based upon additional or alternative legal theories. UMB also reserves the right to assert administrative expense claims.

7. UMB reserves its right to seek to have the reference withdrawn with respect to the subject matter of these claims, any objection or other proceedings commenced with respect thereto, or any other proceedings commenced in this case or otherwise involving UMB. By filing this proof of claim, UMB does not intend to submit to the jurisdiction of the Bankruptcy Court for any purpose other than the determination and allowance of this claim.

8. All notices and any distribution with respect to this proof of claim should be sent to:

ARNOLD & PORTER LLP
399 Park Ave, 34th Fl.
New York, NY 10022
Attn: Michael Levin
Telephone number: (212) 715-1000
Facsimile: (212) 715-1399

NY: 480279v3

## Information sheet for United Mizrahi Bank (Switzerland) Ltd. Zurich re Lehman Brothers Treasury BV

| Details of note issue and the related issue program | Nominal Amount | Accrued interest | ISIN (Item 2) | Other Depository Blocking reference number (Euroclear Bank Electronic instruction ref. Number) (Item 3) | Other Depository participant account number (Item 4) Raymond James & Associates, Inc 2525 Ponce de Leon, Suite 600 Coral Gables, FL 33134 |
|---|---|---|---|---|---|
| (1) Lehman Brothers Tsy BV 7nc12m USD 30s10s callable index linked Range Note L+2.5% Nominal amount US $ 2'000'000 | USD 2'000'000 | USD 21'752.92 | XS0354397654 | 9344822 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |
| (2) Lehman Brothers Tsy BV Capped Basket Bonus Note Nominal amount US $ 1'500'000 | USD 1'400'000 | USD 0.00 | XS0333012358 | 9344825 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |
| (3) Lehman Brothers Tsy BV Note linked to a basket of commodities Structured Product distributed by Raymond James | USD 1'500'000 | USD 0.00 | XS0325477379 | 9344826 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |
| (4) Lehman Brothers Tsy BV 7nc12m fixed callable 4.2%-6% step up Note Nominal amount US $ 3'000'000 | USD 3'350'000 | USD 4'299.17 | XS0349177955 | 9344821 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |
| (5) Lehman Brothers Tsy BV commodity linked Note relating to oil Issue of US $ 1'370'000 under the US $ 60'000'000 Euro Medium-Term note Retail Program | USD 100'000 | USD 0.00 | XS0264195222 | 9344824 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |
| (7) Lehman Brothers Tsy BV water magnum Note linked to a basket of water shares issue size up to US $ 20'000'000 | USD 2'950'000 | USD 0.00 | XS0326482402 | 9344823 | Raymond James acc. no : 11851635 (held at Euroclear 99134) |



HAND DELIVERY

RECEIVED BY _____   DATE 10/30/08   TIME 1130A