B 210A (Form 210A) (12/09)

### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.        Case No. 08-13555

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND, LP | THE ROYAL BANK OF SCOTLAND, PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Chris Scholfield
c/o Alden Global Capital

885 Third Avenue
New York, New York 10022
Phone: 212-418-6862
Email: CScholfield@smithnyc.com

Court Claim # 59536

Total Amount of Claims Filed: Unliquidated

Amount of Claim Transferred:

U.S.$ 1,205,000, being 100 per cent. (100%) of the Proposed Allowed Claim Amount set forth in the Notice of Proposed Claim Amount dated August 24, 2011

ISIN/CUSIP: XS0344556864

Date Claim Filed: October 30, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ____[signature]____        Date: 2/9/2012
Transferee/Transferee's Agent
Jason Pecora
Managing Director - Operations
Alden Global Capital

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

FILED 2012 FEB 10 P 4:44 U.S. BANKRUPTCY COURT S.D. OF N.Y.

Form 210B (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                    Case No. 08-13555

NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY

Claim No. 59536 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the clerk's office of this court on ....................

| **ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND, LP** | **ROYAL BANK OF SCOTLAND, PLC** |
|---|---|
| Name of Transferee | Name of Transferor |

Address of Alleged Transferor:

**Chris Scholfield**
c/o Alden Global Capital
885 Third Avenue
New York, New York 10022
USA
Phone: 212-418-6862
Email: CScholfield@smithnyc.com

Address of Alleged Transferee:

**John Katsikoumbas**
RBS Global Banking & Markets
135 Bishopsgate
London, EC2M 3UR
United Kingdom
Phone: +44 20 7085 7778
Email: John.Katsikoumbas@rbs.com

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____             _____

CLERK OF THE COURT

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, The Royal Bank of Scotland PLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Alden Global Distressed Opportunities Master Fund LP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of 100 per cent. (100%) being the entire claim relating to the security with ISIN XS0344556864 with Blocking Number 9554922 specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 59536 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor holding claims of the same class or type that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller in respect of the Transferred Claims; (h) to the best of Seller's knowledge neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, or subordination and Seller has not received, as of the date hereof, any notice that the Transferred Claims are void or voidable or subject to impairment or objection of any kind; and (i) the amount of the Purchased Claim specified in Schedule 1 attached hereto is true and accurate as of the date hereof.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Each of Seller and Purchaser agrees that in the event that the Purchased Claim is not successfully completed pursuant to clause 6 above, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of January 2012.

SELLER
The Royal Bank of Scotland, PLC

By: _____
Name:
Title:

c/o John Katsikoumbas
RBS Global Banking & Markets
135 Bishopsgate, London, EC2M 3UR, GB

PURCHASER
Alden Global Distressed Opportunities Master Fund LP

By: _____
Name: Jason Pecora
Title: Managing Director - Operations

c/o Alden Global Capital
885 Third Avenue, 34th Floor,
New York, New York 10022
USA

Schedule 1

## Transferred Claims

### Purchased Claim

100%, being USD 1,205,000 (USD 1,205,000 per Notice of Proposed Claim Amount dated August 24, 2011)   (the outstanding amount of the Proof of Claim 59536 as of __ January 2012).

### Lehman Programs Securities to which Transfer of Claim Relates*

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Nominal Amount Transferred | Claim Proposed Allowed Amount Transferred | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|
| 95% CAPITAL PROTECTED COMMODITY NOTE  Series MTN9772 | XS0344556864 | Lehman Brothers Treasury Co.-B.V. | Lehman Brothers Holdings Inc. | USD 1,205,000 | USD 1,205,000.00 per Notice of Proposed Claim Amount dated August 24, 2011) | N/A | February 13th 2012 | All accrued interest, fees and other recoveries due |

*The blocking number is 9554922

Schedule 1-1