UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-13555 (JMP) |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., | ) Chapter 11 |
| et al., | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**NOTICE OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FRBP 3001(e)(2)**

1. TO:       Barclays Bank, PLC ("Transferor")
             1 Madison Avenue
             New York NY 10010
             Attn: Allen Gage
             Telephone: (212) 538-9137

2.    Please take notice that the transfer of a portion of your claim against Lehman Brothers Holdings, Inc., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No 55817 (attached as Exhibit A hereto), has been transferred to:

      BlueMountain Long/Short Credit Master Fund, L.P. ("Transferee")
      280 Park Avenue, 5th Floor East
      New York, NY 10017

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions on notices regard the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3.    No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

      **FILE A WRITTEN OBJECTION TO THE TRANSFER,** with:

      United States Bankruptcy Court
      Southern District of New York
      Attn: Clerk of Court
      Alexander Hamilton Custom House
      One Bowling Green
      New York, NY 10004-1408

      **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

_____

For Clerk's Office Use Only:

This notice was mailed to the first named party, by first class mail, postage prepaid on _____ _____, 2012.

Internal Control No. _____

Copy: (check)  Claims Agent _____   Transferee _____   Debtor's Attorney _____

_____
Deputy Clerk

B BDB2 1019130 v1
2904109-000004  02/10/2012

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP) 0000055817 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | THIS SPACE IS FOR COURT USE ONLY |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Credit Suisse (Monaco) SAM

See Attached Rider

Telephone number:  Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:  Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See Attached Rider _____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Rider _____ (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date:<br>10/07/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>E. CURE  B. ACHARY<br>Head of Legal  Head of Operations | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br>OCT 2 9 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

## RIDER TO PROOF OF CLAIM FILED ON BEHALF OF
## Credit Suisse (Monaco) S.A.M. against LBHI (Lehman Programs Securities)

1. In accordance with the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse (Monaco) S.A.M. ("CS") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the Lehman Programs Securities ("LPS", whether used in the singular or plural) contained in Schedule I. Schedule I lists the International Securities Identification Number, Depository Participant Account Number, and Depository Blocking Reference Number for each LPS related to this claim.

2. As the LPS are booked either in units or nominal amounts in the relevant depository systems, CS has provided the number of units or nominal amounts held for each LPS in Schedule I in lieu of claim amounts. CS reserves the right to amend this proof of claim at a later date to specify claim amounts in United States dollars.

3. CS reserves the right to amend, modify or supplement this proof of claim in any manner, for any purpose and at any time.

4. CS reserves the right to assert and file any and all additional claims of whatever kind or nature that it has or may hereinafter have against LBHI.

5. CS reserves the right to set-off any claim set forth in this proof of claim against any claim that LBHI or the LBHI estate has or may assert against CS.

6. CS reserves all rights it has or may have in the future against LBHI. This proof of claim is not intended as (a) a waiver or release of any rights of CS against LBHI (or

any of its affiliates) not asserted in this proof of claim, (b) a consent by CS to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or to this Court's hearing, determining or entering orders or judgments in any proceedings on this proof of claim, (c) a waiver of the right of CS to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (d) an election of remedies.

7. No judgment has been rendered on the claims set forth in this proof of claim.

8. No payments on the claims set forth in this proof of claim have been made by the debtor.

9.     All notices concerning this proof of claim should be sent to:

Credit Suisse (Monaco) S.A.M.
1 Madison Avenue
New York, NY 10010
Attn: Allen Gage
Ph: (212) 538-9137

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Ph: (212) 474-1135

Exhibit A

# SCHEDULE I

Exhibit A

**CS Entity: Credit Suisse (Monaco) S.A.M.**

| ISIN | Denominational Currency | (Sub-)Custodian | Total Holdings at each (Sub-)Custodian Nominal | Units | Euroclear Bank S.A. Account No. 94285 Nominal | Units | Blocking No |
|---|---|---|---|---|---|---|---|
| XS0335964648 | EUR | CS Zurich | 10,000 | - | 10,000 | - | 9454832 |
| XS0325369725 | USD | CS Zurich | 300,000 | - | 300,000 | - | 9454833 |
| XS0186883798 | USD | CS Zurich | 712,000 | - | 712,000 | - | 9454834 |
| XS0204933997 | USD | CS Zurich | 1,010,000 | - | 1,010,000 | - | 9454835 |
| XS0266486025 | USD | CS Zurich | 1,000,000 | - | 1,000,000 | - | 9454836 |
| XS0303746571 | EUR | CS Zurich | 310,000 | - | 310,000 | - | 9454837 |
| XS0347732892 | USD | CS Zurich | 50,000 | - | 50,000 | - | 9454838 |
| XS0213899510 | EUR | CS Zurich | 1,312,000 | - | 1,312,000 | - | 9454839 |
| XS0186243118 | CHF | CS Zurich | 50,000 | - | 50,000 | - | 9454840 |
| XS0082350587 | ITL | CS Zurich | 615,000,000 | - | 615,000,000 | - | 9454841 |
| XS0210433206 | EUR | CS Zurich | 130,000 | - | 130,000 | - | 9454842 |
| XS0210414750 | GBP | CS Zurich | 50,000 | - | 50,000 | - | 9454843 |
| XS0224346592 | EUR | CS Zurich | 60,000 | - | 60,000 | - | 9454844 |
| XS0229269856 | EUR | CS Zurich | 234,000 | - | 234,000 | - | 9454845 |
| XS0252834576 | EUR | CS Zurich | 500,000 | - | 500,000 | - | 9454846 |
| XS0256368308 | USD | CS Zurich | 100,000 | - | 100,000 | - | 9454847 |
| XS0326978102 | USD | CS Zurich | 1,990,000 | - | 1,990,000 | - | 9454848 |
| ANN5213338783 | USD | CS Zurich | - | 8 | - | 8 | 9454849 |
| XS0292459327 | USD | CS Zurich | 300,000 | - | 300,000 | - | 9454850 |
| XS0302356737 | EUR | CS Zurich | - | 300 | - | 300 | 9454851 |
| XS0308389807 | USD | CS Zurich | 920,000 | - | 920,000 | - | 9454852 |
| XS0339537390 | EUR | CS Zurich | 150,000 | - | 150,000 | - | 9454853 |
| XS0327236914 | EUR | CS Zurich | 804,000 | - | 804,000 | - | 9454854 |
| XS0343681473 | EUR | CS Zurich | 2,000,000 | - | 2,000,000 | - | 9454855 |
| XS0337337710 | CHF | CS Zurich | 30,000 | - | 30,000 | - | 9454856 |
| DE000A0TQG23 | EUR | CS Zurich | 80,000 | - | 80,000 | - | 9454857 |

Exhibit A

**CS Entity: Credit Suisse (Monaco) S.A.M.**

| ISIN | Denominational Currency | (Sub-)Custodian | Total Holdings at each (Sub-)Custodian | | Euroclear Bank S.A. Account No. 94285 | | |
|---|---|---|---|---|---|---|---|
| | | | Nominal | Units | Nominal | Units | Blocking No |
| XS0362500893 | USD | CS Zurich | 2,000,000 | - | 2,000,000 | - | 9454858 |
| XS0310847503 | USD | CS Zurich | 3,000,000 | - | 3,000,000 | - | 9454859 |
| XS0317359478 | USD | CS Zurich | 3,000,000 | - | 3,000,000 | - | 9454860 |
| XS0383013066 | USD | CS Zurich | 2,030,000 | - | 2,030,000 | - | 9454861 |
| XS0360038714 | USD | CS Zurich | 2,000,000 | - | 2,000,000 | - | 9454862 |
| XS0310125546 | EUR | CS Zurich | 300,000 | - | 300,000 | - | 9454863 |

HAND DELIVERY

_R. Solarsy_
RECEIVED BY:    DATE 10/29/09    TIME 3:06

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:  THE DEBTOR AND THE BANKRUPTCY COURT

1.  For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BlueMountain Long/Short Credit Master Fund L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55817 filed by or on behalf of **Credit Suisse (Monaco) SAM** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims").

2.  Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims are not subject to a plan support agreement with the Debtor..

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. For the avoidance of doubt, Purchaser is entitled to all distributions and/or proceeds related to the Transferred Claims. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Seller shall furnish and convey to Purchaser all written information and documents received by Seller with respect to the Transferred Claims, including, without limitation, any information and documents related to that certain *Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated August 10, 2011 (the "Order"), or related to any vote to be made, or ballot to be cast, in connection with the Transferred Claims or the Proceedings, as soon as practicable after the same are received by Seller, but in any event within three (3) Business Days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Action (as defined below) is to be taken, Seller shall furnish and convey such information or documents to Purchaser as soon as practicable upon receipt and, in any event, prior to such time when such Action is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents. If for any reason Seller, rather than Purchaser, is entitled to act (or refrain from acting) in respect of any such vote or action (including, without limitation, any vote or action with respect to the Order or any plan proposed in the Proceedings, or any other attempt to fix or establish the amount or priority of the Transferred Claims or any part of them) under or in respect of the Transferred Claims (an "Action"), Seller agrees that it shall take such Action in respect of the Transferred Claims in accordance with Purchaser's written directions (if timely given); provided, however, that to the extent the Transferred Claims are subject to a plan support agreement, Seller shall take such Action as it reasonably determines is required pursuant to such plan support agreement.

7. Seller authorizes Purchaser to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Transferred Claims herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Transferred Claims and Seller's rights thereunder or related thereto pursuant to this Agreement and Evidence of Transfer. Seller agrees that the powers granted by this Section are discretionary in nature and exercisable at the sole option of Buyer. Purchaser shall not have any obligation to take any action to prove, defend, demand or take any action with respect to the Transferred Claims otherwise in the Proceedings.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

Exhibit B

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ____ day of February 2012.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**BlueMountain Long/Short Credit Master Fund L.P.**
By: BlueMountain Capital Management, LLC

By: _____
Name: Jack Chan
Title: Associate

c/o BlueMountain Capital Management, LLC
280 Park Avenue, 5th Floor East
New York, New York 10017

Exhibit B

Schedule 1

Transferred Claims

Purchased Claim

$500,000.00 of the outstanding ISIN XS0360038714 on POC 55817.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of USD 2,000,000 FX Basket Linked Note due April 2010 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0360038714 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 500,000 of USD 2,000,000 | N/A | April 30, 2008 | All accrued interest, fees and other recoveries due. |

Schedule 1-1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BlueMountain Long/Short Credit Master Fund L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55817** filed by or on behalf of **Credit Suisse (Monaco) SAM** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims are not subject to a plan support agreement with the Debtor..

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. For the avoidance of doubt, Purchaser is entitled to all distributions and/or proceeds related to the Transferred Claims. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Seller shall furnish and convey to Purchaser all written information and documents received by Seller with respect to the Transferred Claims, including, without limitation, any information and documents related to that certain *Order Pursuant to Sections 105(b) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.*, dated August 10, 2011 (the "Order"), or related to any vote to be made, or ballot to be cast, in connection with the Transferred Claims or the Proceedings, as soon as practicable after the same are received by Seller, but in any event within three (3) Business Days of such receipt; provided, however, that if such information or documents relate to any matter in respect of which an Action (as defined below) is to be taken, Seller shall furnish and convey such information or documents to Purchaser as soon as practicable upon receipt and, in any event, prior to such time when such Action is to be taken if received with reasonably sufficient time for Seller to furnish or convey such information or documents. If for any reason Seller, rather than Purchaser, is entitled to act (or refrain from acting) in respect of any such vote or action (including, without limitation, any vote or action with respect to the Order or any plan proposed in the Proceedings, or any other attempt to fix or establish the amount or priority of the Transferred Claims or any part of them) under or in respect of the Transferred Claims (an "Action"), Seller agrees that it shall take such Action in respect of the Transferred Claims in accordance with Purchaser's written directions (if timely given); provided, however, that to the extent the Transferred Claims are subject to a plan support agreement, Seller shall take such Action as it reasonably determines is required pursuant to such plan support agreement.

7. Seller authorizes Purchaser to act in Seller's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable for, or on account of the Transferred Claims herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Transferred Claims and Seller's rights thereunder or related thereto pursuant to this Agreement and Evidence of Transfer. Seller agrees that the powers granted by this Section are discretionary in nature and exercisable at the sole option of Buyer. Purchaser shall not have any obligation to take any action to prove, defend, demand or take any action with respect to the Transferred Claims otherwise in the Proceedings.

8. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

Exhibit B

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ____ day of February 2012.

**Barclays Bank PLC**

By: _____
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

**BlueMountain Long/Short Credit Master Fund L.P.**
By: BlueMountain Capital Management, LLC

By: _____
Name: Jack Chau
Title: Associate

c/o BlueMountain Capital Management, LLC
280 Park Avenue, 5th Floor East
New York, New York 10017

Schedule 1

Transferred Claims

Purchased Claim

$700,000.00 of the outstanding ISIN XS0310847503 on POC 55817.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Issue of USD 3,000,000 Commodity Basket Linked Notes due July 2010 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Program | XS0310847503 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 700,000 of USD 3,000,000 | N/A | July 13, 2010 | All accrued interest, fees and other recoveries due. |

Schedule 1-1

**Exhibit C**

BlueMountain Long/Short Credit Master Fund L.P.
c/o BlueMountain Capital Management, LLC
280 Park Avenue, 5th Floor East
New York, New York 10017