# **EXHIBIT 4**

**EXECUTION COPY**

# EXHIBIT   G-2

## GUARANTEE OF LEHMAN BROTHERS HOLDINGS INC.

LEHMAN BROTHERS SPECIAL FINANCING INC. ("Lehman") has entered into a reimbursement agreement dated as of September 25, 2007 (the "Reimbursement Agreement") by and between Lehman and Principal Life Insurance Company, (the "Guaranteed Party"), and an Indemnity Agreement dated as of September 25, 2007 (the "Indemnity Agreement" and, together with the Reimbursement Agreement, the "Agreements") by and among Lehman, Lehman Brothers Inc., Coral Commercial Paper Trust and the Guaranteed Party, in each case regarding the issuance by the Guaranteed Party of one or more Funding Agreements to the Coral Commercial Paper Trust.   For value received, and in consideration of the financial accommodations accorded to Lehman by the Guaranteed Party under the Agreements, LEHMAN BROTHERS HOLDINGS INC., a corporation organized and existing under the laws of the State of Delaware ("Guarantor"), hereby agrees to the following:

(a)    Guarantor hereby unconditionally and irrevocably (subject to the provisions herein) guarantees to the Guaranteed Party the due and punctual payment of all amounts payable by Lehman under the Agreements when and as Lehman's obligations thereunder shall become due and payable in accordance with the terms of the Agreements (whether at maturity, by acceleration or otherwise). Guarantor hereby agrees, upon written demand by the Guaranteed Party, to pay or cause to be paid any such amounts punctually when and as the same shall become due and payable.  In the event that any amounts paid by Lehman under the Agreements are rescinded or must otherwise be returned for any reason whatsoever, Guarantor shall remain liable hereunder in respect of such amounts as if such payment had not been made.

(b)    Guarantor hereby agrees that its obligations under this Guarantee constitute a guarantee of payment when due and not of collection.

(c)    Guarantor hereby agrees that its obligations under this Guarantee shall be unconditional, irrespective of the validity, regularity or enforceability of any obligation of Lehman under the Agreements, the absence of any action to enforce Lehman's obligations under the Agreements, any waiver or consent by the Guaranteed Party with respect to any provisions thereof, the entry by Lehman and the Guaranteed Party into any amendments to the Agreements or any other circumstance which might otherwise constitute a legal or equitable discharge or defense of a guarantor (excluding the defense of payment or statute of limitations, neither of which is waived) provided, however, that Guarantor shall be entitled to exercise any right that Lehman could have exercised under the Agreements to cure any default in respect of its obligations under the Agreements or to setoff, counterclaim or withhold payment with respect to any event of default or potential event of default, but only to the extent such right is provided to Lehman under the Agreements.

(d)    This Guarantee shall remain in full force and effect and be binding upon Guarantor and its successors and permitted assigns and inure to the benefit of the Guaranteed Party and its successors and permitted assigns until all amounts payable by Lehman under the Agreements have been satisfied in full.

(e)    Guarantor hereby waives (i) promptness, diligence, presentment, demand of payment, protest, order and, except as set forth in paragraph (a) hereof, notice of any kind in connection with the Agreements and this Guarantee, or (ii) any requirement that the Guaranteed Party exhaust any right to take any action against Lehman or any other person prior to or contemporaneously with proceeding to exercise any right against Guarantor under this Guarantee.

(f)    Guarantor shall have no right of subrogation with respect to any payments made under this Guarantee until all obligations of the Guaranteed Party under the Agreements are paid in full.

(g)    Guarantor represents and warrants that:

    i.    Guarantor is a corporation duly incorporated, validly existing and in good standing under the laws of Delaware;

    ii.    Guarantor has the legal capacity and the legal right to execute and deliver this Guarantee and to perform Guarantor's obligations hereunder;

    iii.    no consent or authorization of, filing with, or other act by or in respect of, any governmental authority and no consent of any other person (including, without limitation, any creditor of Guarantor) is required in connection with the execution, delivery, performance, validity or enforceability of this Guarantee;

    iv.    this Guarantee has been duly executed and delivered by Guarantor and constitutes a legal, valid and binding obligation of Guarantor enforceable in accordance with its terms, except as enforceability may be limited by bankruptcy, insolvency, reorganization, moratorium or other similar laws; and

    v.    the execution, delivery and performance of this Guarantee will not violate any provision of the certificate of incorporation, by laws or other organizational documents of Guarantor, or any law, treaty, rule or regulation or determination of an arbitrator, a court or other governmental authority, applicable to or binding upon Guarantor or any of its property or to which Guarantor or any of its property is subject.

(h)    Any provision of this Guarantee which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

(i)    No single or partial exercise of any right, power or privilege hereunder shall preclude any other or further exercise thereof or the exercise of any other right, power or privilege, and no waiver by the Guaranteed Party of any right or remedy hereunder on any one occasion shall be construed as a bar to any right or remedy which the Guaranteed Party would otherwise have on any future occasion. No failure to exercise, nor any delay in exercising, any right, power or privilege hereunder shall operate as a waiver thereof. The rights and remedies

herein provided are cumulative, may be exercised singly or concurrently and are not exclusive of any other rights or remedies provided by law.

(j)      If any term, provision, covenant, or condition of this Guarantee, or the application thereof to any party or circumstance, shall be held to be illegal, invalid or unenforceable (in whole or in part) for any reason, the remaining terms, provisions, covenants and conditions hereof shall continue in full force and effect as if this Guarantee had been executed with the illegal, invalid or unenforceable portion eliminated, so long as this Guarantee as so modified continues to express, without material change, the original intentions of the parties as to the subject matter of this Guarantee and the deletion of such portion of this Guarantee will not substantially impair the respective benefits or expectations of the parties to this Guarantee.

(k)      Guarantor further agrees that prior to the date that is one year and one day after the date upon which the trust created under the Trust Agreement (as defined in the Indemnity Agreement) is terminated in accordance with the terms thereof, Guarantor shall not institute against, or join any other person in instituting against, the trust created thereby, any bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings, or other proceedings under any federal or state bankruptcy or similar law.

This Guarantee shall be governed by and construed in accordance with the laws of the State of New York without regard to conflicts of laws principles. All capitalized terms not defined in this Guarantee, but defined in the Agreements, shall have the meanings assigned thereto in the Agreement.

Any notice hereunder will be sufficiently given if given in accordance with the provisions for notices under the Agreements and will be effective as set forth therein. All notices hereunder shall be delivered to Lehman Brothers Special Financing Inc., Attention: Municipal Financial Products, at 745 Seventh Avenue, New York, New York 10019, with a copy to Lehman Brothers Holdings Inc., Attention: Corporate Counsel, at 1301 Avenue of the Americas, New York, New York 10019.

IN WITNESS WHEREOF, Guarantor has caused this Guarantee to be executed by its duly authorized officer as of the date of the Agreement.

LEHMAN BROTHERS HOLDINGS INC.

By:

Name: James J. Killerlane III

Title: Vice President

Date: