Hearing Date and Time: February 22, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, Texas 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Alfredo R. Pérez

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, :   08-13555 (JMP)
                                            :
                Debtors.                    :   (Jointly Administered)
                                            :
------------------------------------------------------------------x

**NOTICE OF (I) SUPPLEMENT TO AND (II) REVISED PROPOSED
ORDER RELATING TO THE MOTION PURSUANT TO SECTION 8.4 OF THE
MODIFIED THIRD AMENDED JOINT CHAPTER 11 PLAN OF LEHMAN
BROTHERS HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND
SECTIONS 105(a), 502(c) AND 1142(b) OF THE BANKRUPTCY CODE
TO ESTIMATE THE AMOUNTS OF CLAIMS FILED BY INDENTURE
TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE-
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES**

In connection with the hearing to be held on February 22, 2012 at 10:00 a.m. with respect to the *Motion Pursuant to Section 8.4 of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors and Sections 105(a), 502(c) and 1142(b) of the Bankruptcy Code to Estimate the Amounts of Claims Filed by Indenture Trustees on Behalf of Issuers of Residential Mortgage-Backed Securities for Purposes of Establishing Reserves*, ECF No. 24254 (the "Motion"),[1] Lehman Brothers Holdings Inc. and its

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

US_ACTIVE:\43928653\03\58399.0008

affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), as debtors and debtors in possession, hereby file this (1) supplement to the Motion and (2) a revised form of proposed order approving the Motion (the "Revised Order").

The Motion sought to estimate the amounts of certain proofs of claims asserted by U.S. Bank National Association, Wilmington Trust Company, Citibank, N.A., Deutsche Bank National Trust Company, HSBC Bank USA, N.A, Wells Fargo Bank, N.A. and Bank of America, N.A (the "Trustees"). On January 24, 2012, LBHI withdrew the Motion as it relates to the claims asserted by Wells Fargo Bank, N.A. and Bank of America, N.A., and adjourned the hearing on the Motion as its relates to the claims asserted by Deutsche Bank National Trust Company, HSBC Bank USA, N.A. and certain claims of Wilmington Trust Company, ECF No. 24586. An initial hearing on the Motion was held on January 26, 2012.

Following the hearing, negotiations between LBHI and Trustees has resulted in an agreement among LBHI and U.S. Bank National Association, Wilmington Trust Company, Citibank, N.A., Deutsche Bank National Trust Company and Wells Fargo Bank, N.A. to the estimated amount set forth in the Revised Order attached hereto. In addition, LBHI separately settled the reserve amount as to the claims asserted by Bank of America, N.A. and HSBC Bank USA, N.A. As a result, the Revised Proposed Order solely estimates the amount of the claims asserted by U.S. Bank National Association, Wilmington Trust Company, Citibank, N.A., Deutsche Bank National Trust Company and Wells Fargo Bank, N.A. for purposes of establishing reserves under the Plan.

Attached hereto as "Exhibit A" is a clean copy of the proposed Revised Order, and attached hereto as "Exhibit B" is a blacklined copy of the proposed Revised Order, which is marked against the version filed with the Motion.

Dated: February 21, 2012
      New York, New York

                        /s/ Alfredo R. Pérez
                        Alfredo R. Pérez
                        WEIL, GOTSHAL & MANGES LLP
                        700 Louisiana Street, Suite 1600
                        Houston, Texas 77002
                        Telephone: (713) 546-5000
                        Facsimile: (713) 224-9511

                        Attorneys for Debtors
                        and Debtors in Possession

# EXHIBIT A

**(Proposed Revised Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

ORDER PURSUANT TO SECTION
8.4 OF THE MODIFIED THIRD AMENDED
JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS
HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND
SECTIONS 105(a), 502(c) AND 1142(b) OF THE BANKRUPTCY CODE
ESTIMATING THE AMOUNTS OF CLAIMS FILED BY INDENTURE
TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE-
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), Structured Assets Securities Corporation ("SASCO") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (the "Debtors"), pursuant to section 8.4 of the Plan[2] and sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, to estimate the amount of the claims filed by U.S. Bank N.A., Citibank, N.A., Wilmington Trust Company, Deutsche Bank National Trust Company and Wells Fargo Bank, N.A., each solely in their capacity as a trustee or an indenture trustee for trusts that issued residential mortgage-backed securities (collectively, the "Indenture Trustees"),[3] for the purposes of establishing reserves in connection with the Plan, as more fully set forth in the Motion; and upon

---

[2] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

[3] LBHI and SASCO have entered into a stipulation and agreement with Bank of America, N.A., dated February 7, 2012, and HSBC Bank USA, N.A. dated February [ ], 2012, estimating the amount of the claims filed by Bank of America, N.A. and HSBC Bank USA, N.A. respectively, each in its capacity as indenture trustee for trusts that issued residential mortgage-backed securities, for the purpose of establishing a reserve in connection with the Plan. Accordingly, this Order does not pertain to or bind Bank of America, N.A. and HSBC Bank USA, N.A. with respect to the relief requested in the Motion.

consideration of the declaration of Zachary Trumpp in support of the Motion, dated January 12, 2012, ECF No. 24255; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for each of the Indenture Trustees; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases, ECF No. 9635; and upon consideration of the objections to the Motion filed by certain of the Indenture Trustees (collectively, the "Objections"), ECF Nos. 24476, 24483, 24484, 24485, 24491, 24492, LBHI and SASCO's reply to the Objections, ECF No. 24587, and the record of the hearing on the Motion; and upon consideration of an agreement to settle the Motion by the Indenture Trustees, LBHI and SASCO; and the Court having found and determined that the settlement of the relief sought in the Motion, as modified herein, is in the best interests of LBHI and SASCO, their creditors and all parties in interest and that the settlement and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that all objections that have not been withdrawn, waived, or settled are overruled; and it is further

ORDERED that the Indenture Trustees' Claims are to be estimated as unsecured claims in the aggregate amount of $5 billion (the "Estimated Claim"); and it is further

ORDERED that the Estimated Claim will be allocated between LBHI and SASCO, with 95% allocated to LBHI and 5% to SASCO; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is not deemed to determine or affect in any respect the allowed amount, validity or priority of the Indenture Trustees' Claims for any purpose other than establishing the reserve amounts for such claims under the Plan; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to the rights of the Indenture Trustees to assert that the allowed amount of the Indenture Trustees' Claims should be greater than the Estimated Claim; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to LBHI, SASCO or the Plan Administrator's rights, defenses and objections to the merits, amount and priority of the Indenture Trustees' Claims; and it is further

ORDERED that all rights of the Indenture Trustees, LBHI, SASCO and the Plan Administrator with respect to the Indenture Trustees' Claims are fully preserved; and it is further

ORDERED that LBHI, SASCO and the Indenture Trustees shall participate in good faith in mediation to seek to settle the allowed amount of the Indenture Trustees' Claims before a mediator agreed to by all parties or selected by the Court; and it is further

ORDERED that to the extent that there may be any inconsistency between the

terms of the Motion and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      [_____], 2012

                                            Honorable James M. Peck
                                            United States Bankruptcy Judge

# EXHIBIT B

**(Marked Proposed Revised Order)**

US_ACTIVE:\43928653\03\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
                                                           :

In re                                        :         Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :         08-13555 (JMP)
                                            :
                  Debtors.               :         (Jointly Administered)
                                            :
-------------------------------------------------------------------x

**ORDER PURSUANT TO SECTION
8.4 OF THE MODIFIED THIRD AMENDED
JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS
HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND
SECTIONS 105(a), 502(c) AND 1142(b) OF THE BANKRUPTCY CODE
ESTIMATING THE AMOUNTS OF CLAIMS FILED BY INDENTURE
TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE-
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES**

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI") and, Structured Assets Securities Corporation ("SASCO") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (the "Debtors"), pursuant to section 8.4 of the Plan[1] and sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, to estimate the amount of a claims filed by indenture trustees on behalf of issuers of the claims filed by U.S. Bank N.A., Citibank, N.A., Wilmington Trust Company, Deutsche Bank National Trust Company and Wells Fargo Bank, N.A., each solely in their capacity as a trustee or an indenture trustee for trusts that issued residential mortgage-backed securities (collectively, the "Indenture Trustees"),[2] for the purposes of establishing reserves in

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

[2] LBHI and SASCO have entered into a stipulation and agreement with Bank of America, N.A., dated February 7, 2012, and HSBC Bank USA, N.A. dated February [ ], 2012, estimating the amount of the claims filed by Bank of America, N.A. and HSBC Bank USA, N.A. respectively, each in its capacity as indenture trustee for trusts that issued residential mortgage-backed securities, for the purpose of establishing a reserve in connection with the Plan.

connection with the Plan, as more fully set forth in the Motion; and upon consideration of the declaration of Zachary Trumpp in support of the Motion, dated January 12, 2012, ECF No. 24255; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and ~~the~~ Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for each of the Indenture Trustees; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, ~~2010~~2010, governing case management and administrative procedures for these cases, ECF No. 9635; and ~~that~~ upon consideration of the objections to the Motion filed by certain of the Indenture Trustees (collectively, the "Objections"), ECF Nos. 24476, 24483, 24484, 24485, 24491, 24492, LBHI and SASCO's reply to the Objections, ECF No. 24587, and the record of the hearing on the Motion; and upon consideration of an agreement to settle the Motion by the Indenture Trustees, LBHI and SASCO; and the Court having found and determined that the settlement of the relief sought in the Motion, as modified herein, is in the best interests of LBHI and SASCO ~~and~~, their creditors~~,~~ and all parties in interest and that the

---

Accordingly, this Order does not pertain to or bind Bank of America, N.A. and HSBC Bank USA, N.A. with respect to the relief requested in the Motion.

settlement and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor~~,~~; it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that all objections that have not been withdrawn, waived, or settled are overruled; and it is further

ORDERED that the Indenture Trustees' Claims are to be estimated as unsecured ~~Claims in the Estimated Reserve Amounts set forth on Exhibit A annexed to the Motion for purposes of determining the reserves to be established for Claims under the Plan~~ claims in the aggregate amount of $5 billion (the "Estimated Claim"); and it is further

ORDERED that the Estimated Claim will be allocated between LBHI and SASCO, with 95% allocated to LBHI and 5% to SASCO; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is not deemed to determine or affect in any respect the allowed amount, validity or priority of the Indenture Trustees' Claims for any purpose other than establishing the reserve amounts for ~~the Claims~~ such claims under the Plan; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to the rights of the Indenture Trustees to assert that the allowed amount of the Indenture Trustees' Claims should be greater than the Estimated ~~Reserve Amounts~~ Claim; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to LBHI, SASCO or the Plan Administrator's rights, defenses and objections to the merits, amount and priority of the Indenture Trustees' Claims~~,~~; and it is further

ORDERED that all rights of the Indenture Trustees, LBHI, SASCO and the Plan Administrator with respect to the Indenture Trustees' Claims are fully preserved; and it is further

ORDERED that LBHI, SASCO and the Indenture Trustees shall participate in good faith in mediation to seek to settle the allowed amount of the Indenture Trustees' Claims before a mediator agreed to by all parties or selected by the Court; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Motion and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       [_____], 2012

                                                    Honorable James M. Peck
                                                    United States Bankruptcy Judge