**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                                       :
In re                                                                  :   Chapter 11
                                                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.,                                 :
                                                                       :   Case No.: 08-13555 (JMP)
                         Debtors.                                      :
                                                                       :   (Jointly Administered)
                                                                       :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**NOTICE OF PARTIAL TRANSFER OF CLAIM
OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.　　TO:　　　　Goldman, Sachs & Co.
　　　　　　　　　30 Hudson Street, 36th Floor
　　　　　　　　　Jersey City, NJ 07302
　　　　　　　　　Attn: Andrew Caditz

2.　　Please take notice that $6,805,245.61 of your claim against Lehman Brothers Holdings Inc., identified by XS0181881474 arising from and relating to Proof of Claim No. 12414 (attached as <u>Exhibit A</u> hereto), has been transferred to:

　　　　　　　　　Silver Point Capital Offshore Master Fund, L.P. ("<u>Transferee</u>")
　　　　　　　　　c/o Silver Point Capital, L.P.
　　　　　　　　　2 Greenwich Plaza, First Floor
　　　　　　　　　Greenwich, CT  06830
　　　　　　　　　Attn: David F. Steinmetz

　　　　An executed "Evidence of Transfer of Claim" is attached as <u>Exhibit B</u> hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee at the above address, with a copy to:

　　　　　　　　　Davis Polk & Wardwell LLP ("<u>Davis Polk</u>")
　　　　　　　　　450 Lexington Avenue
　　　　　　　　　New York, NY 10017-3904
　　　　　　　　　Fax: 212-701-5800
　　　　　　　　　Attn: Eric Ruiz

3.　　No action is required <u>if you do not object</u> to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS** **OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

>United States Bankruptcy Court
>Southern District of New York
>Attn: Clerk of Court
>Alexander Hamilton Custom House
>One Bowling Green
>New York, NY 10004-1408

-- **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

-- Refer to **INTERNAL CONTROL NO. XS0181881474** in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

>CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

INTERNAL CONTROL NO. XS0181881474

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

>_____
>Clerk of the Court

# **EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000012414 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| National Agricultural Cooperative Federation Kwangwoong Park, Cooperative Investment Banking Dept., NACF 4th Floor, 75, Chungjeongro-1Ga, Jung-Gu, Seoul, Korea, 100-707 | Court Claim Number:_____ (If known) Filed on: _____ |
| Telephone number: 822-2080-8194    Email Address: park3007@nonghyup.com | |
| Name and address where payment should be sent (if different from above) | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Yeonjung Cho, Global Business Dept., Hyundai Securities Co., Ltd. 34-4, Yeoido-Dong, Yeongdeungpo-Gu, Seoul, Korea, 150-735 | |
| Telephone number: 822-2014-1550    Email Address: yecho@stockmarket.co.kr | |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ __10,000,000 U.S.D._____ (Required) + $157083 U.S.D. INT.

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): __XS0181881474_____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

    5987628 (DISC090811HY001)    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
    94838    (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date. AUG 17 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature] KWANGWOONG PARK  HEAD OF COOPERATIVE BANKING DEPT | FOR COURT USE ONLY **FILED / RECEIVED** AUG 19 2009 EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

## ADDENDUM TO PROOF OF CLAIM OF NATIONAL AGRICULTURAL COOPERATIVE FEDERATION AGAINST LEHMAN BROTHERS HOLDINGS, INC.

1.  This addendum is made in connection with the attached Proof of Claim of National Agricultural Cooperative Federation ("NACF") against Lehman Brothers Holdings, Inc. ("LBHI" or the "Debtor") in its chapter 11 bankruptcy case pending in the United States Bankruptcy Court for the Southern District of New York (the "Court") at Case No. 08-13555 (JMP). As detailed herein, NACF is a noteholder of certain notes issued by LBHI, directly, as well as from an affiliated entity, Lehman Brothers Treasury Co., B.V. ("LBT"), which obligations benefited from an "unconditional and irrevocable guarantee" by LBHI. As such, NACF's claim consists of: (i) direct claims against LBHI in the principal amount of $20 million (exclusive of accrued and accruing interest) and (ii) a guarantee claim (on account of the LBT Note) against LBHI in the principal amount of $10 million.

### Background

2.  On September 15, 2008 (the "Petition Date"), LBHI, along with certain of its domestic affiliates (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (as amended, the "Bankruptcy Code") in the Court.

3.  On October 8, 2008, LBT was declared bankrupt by an Amsterdam District Court and a bankruptcy trustee was appointed for LBT's bankruptcy case, currently pending in The Netherlands.

4.  Prior to the Petition Date, NACF purchased the following notes[1]:

---

[1] Due to the voluminous nature of these documents, these notes are not attached to this Addendum. NACF agrees to provide copies of these documents to the Debtors or any party in interest upon written request.

| Name | ISIN No. | CUSIP/BB | Maturity Date | Face Value |
|---|---|---|---|---|
| LBHI Medium-Term Notes, Series H, issue date March 29, 2006 (the "Series H Notes") | US52517PF635 | 52517PF63 | 04/04/16 | $10 million |
| LBHI Medium-Term Notes, Series I, issue date September 26, 2007 (the "Series I Notes") | US52517P5X54 | 52517P5X5 | 09/26/14 | $10 million |
| Fixed Rate / Index-Linked Notes, issue date December 18, 2003 (the "LBT Note") | XS0181881474 | ED5282865 | 12/18/13 | $10 million |

5. The LBT Note and the payment obligations thereunder benefited from an "unconditional and irrevocable guarantee" by LBHI.

6. The LBT Note, the Series H Notes, and the Series I Notes were all interest bearing. Attached hereto is an itemized statement of interest through the petition date.

7. All of these notes were outstanding as of the Petition Date and the date that LBT was declared bankrupt by the Amsterdam District Court.

## CLAIM

8. Accordingly, as of the Petition Date, NACF held a prepetition claim against the Debtor's estate in the principal amount of $30,000,000.00 representing the principal amounts due and owing NACF in connection with the Series H, Series I and LBT Notes it had purchased from LBHI and LBT with interest continuing to accrue on the Series H and Series I Notes.

## RESERVATION OF RIGHTS

9. Notwithstanding anything contained in the Proof of Claim, NACF expressly reserves and preserves all of its rights and remedies available under 11 U.S.C. § 101 *et seq.*, including, without limitation, (i) the right to estimate contingent claims and assert additional claims if contingent claims are estimated and/or liquidated; (ii) the right to assert any other claim, contingent or otherwise, NACF may have against the Debtor or any of the other debtors (both domestic and foreign) relating or incidental to the Debtor's obligations as described herein; (iii) the right to receive interest, attorneys' fees and costs to the extent they are allowed under applicable law; (iv) NACF's rights of setoff; and (v) NACF's right to assert an administrative claim.

10. NACF also expressly reserves the right to amend and/or further supplement this Proof of Claim.

## NOTICES

11. All the notices to NACF relating to this Proof of Claim should be sent to:

>National Agricultural Cooperative Federation
>75 Chungjeongro 1-ga, Jung-gu
>Seoul, Korea 100-707
>Tel. 82-2-2080-8194
>Attention: Kwangwoong Park,
>Team Head of Cooperative Investment Banking Dept. for NACF
>Email Address: park3007@nonghyup.com

>With a copy to:

>Yeonjung Cho, Global Business Dept.
>Hyundai Securities Co., Ltd.,
>34-4, Yeoido-Dong
>Yeongdeungpo-Gu
>Seoul, Korea 150-735
>Tel: 82-2-2014-1550
>Email Address: yecho@stockmarket.co.kr

## SCHEDULE OF ACCRUED INTEREST
## THROUGH SEPTEMBER 15, 2008

| ISIN | Coupon | Maturity | Last Coupon Paid | Accrued Interest as of Petition Date |
|---|---|---|---|---|
| US52517PF635 | 5.50% | 4/4/2016 | 4/4/2008 | $245,972.22 |
| US52517P5X54 | 6.20% | 9/26/2014 | 3/26/2008 | $291,055.56 |
| XS0181881474 | 6.50% | 12/18/2013 | 6/18/2008 | $157,083.33 |
| | | | | $694,111.11 |

# 잔 고 증 명 서
# CERTIFICATE OF BALANCE

| | |
|---|---|
| 성       명(Name) : NACF | |
| 주민(사업자)등록번호(ID NO.) : 104-82-07072 | 처리일자(Issue Date): 2009/07/03 |
| 계 좌 번 호(A/C NO.) : 700-45-202284 | 처리시간(Issue Time): 16:11:25 |
| 용       도(Usage) : B/S statement | 페   이   지(Page): 1 / 4 |
| 발급기준일(Value Date) : 2009/06/30 | 발급일련번호(Issue NO.): 700-09-03394 |

## ☐ 잔고평가금액 (Balance)

| 예수금 | 현금 (Cash) | *0원(₩) *0(US $) | 대출금 (Loan) | *0원(₩) *0(US $) |
|---|---|---|---|---|
| | 미납금액 (Uncollected Amount) | *0원(₩) *0(US $) | 융자금 (Loan) | *0원(₩) *0(US $) |
| | 유가증권평가금액 (Current Market Value Of Securities) | (US $ *0 ) | | *0원(₩) |
| 잔고평가금액총액(현금합계+유가잔고합계) (Total Value : Cash+Securities) | | (US $ *0 ) | | *0원(₩) |

◆ 주) 1. 미납대금은 미수금 및 기타미납금을 전부 포함한 금액임
   (Uncollected amount is the sum of all fees, interest, and other forms of dues receivable.)
2. 미결제 기타수표금액(기타수표, 당좌수표)은 예수금에 포함되지 않음.
   (Except for cashier's checks, no unsettled checks are applied to the account's balance.)
3. 잔고평가금액총액은 예수금 항목 중 미납금액 및 대출금/융자금을 차감한 금액임.
   (The total value of an account is cash balance less accounts receivable and loans.)
4. 선물옵션 상품 잔고증명서 발급시 잔고증명서 발급일 당일 기준 평가금액은 전일평가금액으로 발급됩니다.
   (When issuing certificate of futures/option product balance,
   the estimated value based on the issued day of certificate of balance will be issued with prior date.)
5. 신탁상품의 경우 발급일 당일기준 평가금액은 신탁계약의 현재 납입원금 기준으로 발급됩니다.
   (For a trust investment, Value of the issued date is based on the principal deposited on the trust account.)

◆ 유가증권 평가방법
 · L(유가증권시장 상장주식), K(코스닥시장 상장주식) : 기준일의 전일종가     · 3rd(제3시장 종목) : 전일의 거래량 가중평균가
 - 신용매수주식 : (신용매수종목수량 X 기준일자의 전일종가) - 융자금액     · S(신주인수권) : 권리수량만 표기
 - 대주매도주식 : 대주담보금 - (대주종목수량 X 기준일자의 전일종가)     · B2(수익증권) : 기준일의 기준가
 - 대출담보주식 : (대출담보종목수량 X 기준일자의 전일종가) - 대출금     · U1(비상장주식) : "0"으로 평가
 · RP : 기준일의 환매가      · 선물 : 익일정산하므로 "0"으로 평가     · CD, CP, U2(개발신탁), FB(외화증권) : 매매가격
 · B1(채권) : 시가평가수익률      · 옵션 : 수량 X 기준일종가 X 거래단위

   ※ 질권설정 : 질권설정수량(또는 금액)을 별도 표기

◆ Class & The evaluation criteria
 · L(KSE stk), K(KOSDAQ stk) : Previous day's closing price of the selected date    · U1(Unisted stk) : Evaluated as "0"
 · 3rd(3rd mkt stk) : Previous day's weighted average price    · B2(Beneficiary Certificate) : Base price of the selected date
 · RP, CD, CP, U2(Development trust), FB(Foreign currency securities) : Traded price    · S(Subscription Right) : Right quantity    · B1(Bond) : mkt yield

※ 유가증권의 잔고는 수량을 기준으로 시가에 의한 평가를 원칙으로 하며, 시가가 불분명한 경우에는 평가하지 않거나, 당사가 정하는 기준에 따름에 유의
하기 바랍니다. 유가증권에 대한 평가금액은 수시로 변동하므로 참조용으로 사용하고, 기타 문의사항은 당사 거래지점으로 문의하시기 바랍니다.
The number of shares and their market prices determine the outstanding value of your securities. In the case of unclear market value, Hyundai
Securities either use its own valuations or does not issue the securities' value. Valuations on securities may change at any time, so please contact
your local Hyundai Securities sales office for more up-to-date and detailed information.

연 속(Continue) →





* 위 마크는 추후 전자확인증 대조프로그램에서 원본대조시 사용되는 2D 코드입니다.

| | | | | CHF | 1186.19 |
| | | | | USD | 1284.70 |

발급일련번호(Issue NO.): 700...    매...    지(Page): 2/4

## ☐ 보유유가증권 상세명세서 (Portfolio Holdings)

U.S $1 = ₩( 1284.70 )

| 계좌번호 (A/C NO.) 상품유형 (Account Type) | 수익증권번호 (Sub A/C No) | 종목명/펀드명 (Name Of Securities) 종목번호/펀드번호 (Securites/Fund NO.) | 잔고수량 (Quantity) 질권수량 (Quantity of pledge) | 평가기준가 (Unit Value Price) 구 분 (Classification) | 평가금액 (Evaluated Amount) 원 금 (Principal) |
|---|---|---|---|---|---|
| 700-45-202284 45 | | GREEN WAY LIMITED(A) BMG4102G1226 | 422 | B1 | |
| | | DINVEST CONCENTRATED OPPORTUNITES(SIDE) CC0420219620 | 2,160 | | |
| | | DINVEST CONCENTRATED OPPORTUNITES KYG2765B1178 | 5,153 | | |
| | | ALLTEL CORPORATION US020039AE31 | 5,000,000 | B1 | 4,799,325,599 |
| | | BANK OF AMERICA BAC 5.65 US06051GDX43 | 10,000,000 | B1 | 10,074,809,850 |
| | | BLACK & DECKER CORP US091797AM26 | 10,000,000 | B1 | 8,879,437,847 |
| | | CIT GROUP INC US125577AY24 | 10,000,000 | B1 | 9,264,881,119 |
| | | CAPITAL ONE FINANCIAL US14040HAL96 | 10,000,000 | B1 | 9,216,113,400 |
| | | CITIGROUP INC 6.125 US172967ES69 | 10,000,000 | B1 | 10,427,667,830 |
| | | COMPUTER SCIENCES CORP DUE 2013 US205363AF17 | 10,000,000 | B1 | 9,123,757,512 |
| | | DAIMLERCHRYSLER NA HOLDING CORP. US233835AW75 | 5,000,000 | B1 | 4,980,436,500 |
| | | DAIMLER CHRYSLER NA HOLDINGS US233835AZ07 | 5,000,000 | B1 | 4,774,795,923 |
| | | DEUTCHE TEL FIN DT 5 1/4 07/22/13 US25156PAF09 | 10,000,000 | B1 | 9,411,707,392 |
| | | FEDERATED RETAIL HOLDING US314275AA68 | 20,000,000 | B1 | 18,959,741,484 |
| | | HANSON PLC SENIOR NOTES US411349AA15 | 10,000,000 | B1 | 9,629,209,139 |
| | | HOME DEPOT INC US437076AP79 | 10,000,000 | B1 | 9,125,608,800 |
| | | ISTAR FINANCIAL SFI5 3/8 04/15/10 US45031UAS06 | 5,000,000 | B1 | 4,427,795,349 |
| | | KINDER MORGAN US494550AR73 | 5,000,000 | B1 | 4,581,555,772 |
| | | KINDER MORGAN INC. US494553AB60 | 10,000,000 | B1 | 9,546,252,308 |


▲ 현대증권
HYUNDAI SECURITIES CO., LTD.


HYUNDAI SECURITIES CO., LTD.
OPERATION TEAM MANAGER
(Branch)
SEON GEUN LEE



* 위 마크는 추후 전자확인증 대조프로그램에서 원본대조시 사용되는 2D 코드입니다.


발급일련번호(Issue NO.): 700-... 이 지(Page): 3/ 4

CHF 1186.19
USD 1284.70

☐ 보유유가증권 상세명세서 (Portfolio Holdings)

U.S $1 = ₩( 1284.70 )

| 계좌번호<br>(A/C NO.)<br>상품유형<br>(Account Type) | 수익증권번호<br>(Sub A/C No) | 종목명/펀드명<br>(Name Of Securities)<br>종목번호/펀드번호<br>(Securites/Fund NO.) | 잔고수량<br>(Quantity)<br>질권수량<br>(Quantity of pledge) | 평가기준가<br>(Unit Value Price)<br>구  분<br>(Classification) | 평가금액<br>(Evaluated Amount)<br>원  금<br>(Principal) |
|---|---|---|---|---|---|
| | | LEHMAN BROS HLDG LEH 6.2 09/26/14<br>US52517P5X54 | 10,000,000 | B1 | 9,138,469,131 |
| | | LEHMAN BROS HLDG LEH5 1/2 04/04/16<br>US52517PF635 | 10,000,000 | B1 | 9,062,509,506 |
| | | MARRIOT INTL 6.2 06/15/16<br>US571903AF01 | 10,000,000 | B1 | 9,426,281,496 |
| | | MASCO CORP 4.8 15JUNE2015<br>US574599BC97 | 10,000,000 | B1 | 8,322,427,200 |
| | | MASCO CORP<br>US574599BD70 | 10,000,000 | B1 | 9,387,267,891 |
| | | SABMILLER<br>US78572MAD74 | 5,000,000 | B1 | 4,963,417,388 |
| | | SOUTHWEST AIRLINES CO.<br>US844741AY47 | 10,000,000 | B1 | 8,772,384,060 |
| | | WESTERN UNION 5.93<br>US959802AB53 | 5,000,000 | B1 | 4,671,252,138 |
| | | YUMI BRANDS INC<br>US988498AB77 | 10,000,000 | B1 | 9,741,412,132 |
| | | CSAM FUNDING II CLASS K BLENDED NOTE DUE<br>USG2578PAH85 | 10,000,000 | B1 | 12,359,000,000 |
| | | GOLDENTREE LOAN OPPORTUNITIES II,LIMITED<br>USG3961CAC13 | 2,000,000 | B1 | 2,349,599,020 |
| | | Pacifica CDO III Class I<br>USG68431AD03 | 5,000,000 | B1 | 5,920,500,000 |
| | | SOUTH COAST FUNDING III LTD<br>USG85374BQ18 | 10,182,000 | B1 | 11,235,142,800 |
| | | TBRNA 2005-2X<br>USG8654CAF52 | 10,000,000 | B1 | 10,450,000,000 |
| | | QANTAS AIRWAYS<br>USQ77974AW52 | 5,000,000 | B1 | 4,134,359,086 |
| | | MILLER BREWING COMPANY<br>USU60060AB35 | 5,000,000 | B1 | 4,769,788,863 |
| | | KOREA RAILROAD CORP<br>USY49069AJ90 | 10,000,000 | B1 | |
| | | LINKS FINANCE CORPORATION<br>XS0139213937 | 20,000,000 | B1 | 26,332,000,000 |
| | | KINGFISHER PLC<br>XS0178322474 | 5,000,000 | B1 | 9,021,757,163 |

연 속(Continue) →






* 위 마크는 추후 전자확인증 대조프로그램에서 원본대조시 사용되는 2D 코드입니다.

발급일련번호(Issue NO.): 700-0993894    이    지(Page): 4/ 4

CHF    1186.19
USD    1284.70

## □ 보유유가증권 상세명세서 (Portfolio Holdings)

U.S $1 = ₩( 1284.70 )

| 계좌번호<br>(A/C NO.)<br>상품유형<br>(Account Type) | 수익증권번호<br>(Sub A/C No) | 종목명/펀드명<br>(Name Of Securities)<br>종목번호/펀드번호<br>(Securites/Fund NO.) | 잔고수량<br>(Quantity)<br>질권수량<br>(Quantity of pledge) | 평가기준가<br>(Unit Value Price)<br>구    분<br>(Classification) | 평가금액<br>(Evaluated Amount)<br>원    금<br>(Principal) |
|---|---|---|---|---|---|
| | | LEHMAN BROTHERS TREASURY CO.B.V<br>XS0181881474 | 10,000,000 | B1 | 11,887,000,000 |
| | | INVESTMENT GRADE EUROPE S.A<br>XS0210721410 | 7,000,000 | B1 | 7,359,259,859 |
| | | CSI BONUS BEST OF BEST PRINCIPAL NOTE<br>XS0240929256 | 10,000,000 | B1 | 9,678,000,000 |
| | | EUROPEAN CREDIT S.A 2013<br>XS0241094027 | 10,000,000 | B1 | 9,882,000,000 |
| | | ORBITA EUROPEAN GROWTH STRATEGY<br>XS0248584301 | 1 | | |
| | | EUROCREDIT OPPORTUNITIES<br>XS0251906292 | 12,000,000 | | |
| | | TRANSCAPIT<br>XS0288747669 | 10,000,000 | B1 | 8,860,979,712 |
| | | ASML HOLDING NV<br>XS0304756405 | 5,000,000 | B1 | 6,718,440,541 |
| | | CUZON FUNDING LIMITED<br>XS0310774277 | 20,000,000 | B1 | 18,464,000,000 |
| | | CBA VAR 08/14/12<br>XS0314794875 | 10,000,000 | B1 | 9,315,000,000 |
| | | CLEAR PLC SERIES 65<br>XS0319846456 | 20,000,000 | B1 | 18,608,000,000 |
| | | GAZ CAPITAL 6.605<br>XS0327237136 | 10,000,000 | B1 | 13,664,982,870 |
| | | GAZ CAPITAL SA 8.146<br>XS0357281558 | 10,000,000 | B1 | 10,977,915,238 |
| | | BAA FUNDING LIMITED 4.6<br>XS0383001640 | 10,000,000 | B1 | |
| 합    계<br>(Current Market Value Of Securities) | | | | | 0 |

수량단위(Units of Quantity)    주식(Stocks) : 주(Share),    수익증권(Beneficiary Certificates) : 좌(Unit),    채권(Bonds) : 천원(1,000Won)

* 상기계좌의 잔고가 위와 같음을 증명합니다.
  (We hereby certify that the above mentioned balance is true and correct)



HYUNDAI SECURITIES CO., LTD.
OPERATION TEAM MANAGER 지점
SEON GEUN LEE (Branch)




* 위 마크는 추후 전자확인증 대조프로그램에서 원본대조시 사용되는 2D 코드입니다.



# NATIONAL AGRICULTURAL COOPERATIVE FEDERATION

75, Chungjeongro 1-ga, Jung-gu, Seoul, Korea 100-707  Tel.82-2-2080-5001

## PROOF OF CLAIM

(Chapter 11 Case No. : 08-13555 (JMP))

To :  Epiq Bankruptcy Solutions, LLC
Attn :  Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

As Lehman Brothers Holdings Inc.("LBHI") is filing a bankruptcy protection petition in the U.S. Bankruptcy Court for the Southern District of New York, National Agricultural Cooperative Federation("NACF") wish to file proof of claim forms as a bond holder.

As the following attachment shows, NACF is currently holding two notes issued by LBHI and one note issued by Lehman Brothers Treasury Co. B.V.(guaranteed by LBHI). Thus, we are to file the total amount of USD 30,000,000. to the United States Bankruptcy Court for Southern District of New York.

Thank you.

Creditor

Signed by KWANGWOONG PARK
for and on behalf of NACF
Date : August 20, 2009

Attachment : 1. PROOF OF CLAIM (2 copy)
                2. ADDENDUM TO PROOF OF CLAIM
                3. CERTIFICATE OF BALANCE

# **EXHIBIT B**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Silver Point Capital Offshore Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **12414** filed by or on behalf of **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed (or deemed timely filed) on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.   All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of February, 2012.

**GOLDMAN, SACHS & CO.**

By:_____
Name:
Title:

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

**SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P.**

By:_____
Name:
Title:

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of February, 2012.

| GOLDMAN, SACHS & CO. | SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P. |
|---|---|
| By: /s/ Dennis Lafferty<br>Name: Dennis Lafferty<br>Title: Managing Director | By: _____<br>Name:<br>Title: |
| 30 Hudson Street, 36th Floor<br>Jersey City, NJ 07302<br>Fax: 212-428-1243<br>Contact: Andrew Caditz<br>Phone: 212-357-6240<br>Email: Andrew.Caditz@gs.com | Silver Point Capital, L.P.<br>2 Greenwich Plaza<br>Greenwich, CT 06830 |

Schedule 1

Transferred Claims

Purchased Claim

67% of XS0181881474 or $6,805,245.61 of $10,157,083.00 (the outstanding amount of the Proof of Claim as originally filed).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| 10NC2 CALLABLE NON-INVERSION SWAP | XS0181881474 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $6,700,000.00 | 12/18/2013 | $105,245.61 |

Schedule 1-1

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name.

Error! Unknown document property name.

Error! Unknown document property name.