B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.                     Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott International, L.P. | Bank of Taiwan, New York Agency |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
c/o Elliott Management Corporation
40 W. 57th St., New York, NY 10019
Attn: Michael Stephan
Phone: (212) 974-6000
Last Four Digits of Acct #: _____

Court Claim # (if known): 10934
Amount of Claim: $15,008,128.40*

Date Claim Filed: 09/09/2009

Phone: (212) 968-8169
Last Four Digits of Acct #: _____

Name and Address where notices to transferee payments should be sent (if different from above):

*plus additional amounts as set forth in the proof of claim

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.
as attorney-in-fact

By: _____
Transferee/Transferee's Agent                         Date: February 21, 2012

By: _____
Elliot Greenberg, Vice-President

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

ALLONGE INDORSEMENT

The undersigned hereby sells, assigns and transfers to Elliott International, L.P. solely to the extent of $15,000,000.00 face amount, all of its right, title and interest in the attached Amended and Restated Unsecured Master Promissory Note dated August 8, 2007 in the principal amount of $25,000,000.00 made payable to the order of Bank of Taiwan, New York Agency. It is intended that this allonge be attached to and made a permanent part of the Note.

This Allonge Indorsement shall be without recourse to the undersigned.

This Allonge Indorsement shall be governed by the laws of the State of New York.

Dated: January 19, 2012

BANK OF TAIWAN, NEW YORK AGENCY

By: _____
Name: Kevin H. Hsieh
Title: VP & General Manager

ny-1009042

Bank of Taiwan, New York Agency
100 Wall Street, 11th Floor
New York, NY 10005

January 19 2012

Lehman Brothers Holdings Inc.
1301 Avenue of the Americas
New York, New York 10019

Ref.:   Amended and Restated Unsecured Master Promissory Note dated August 8, 2007 in the principal amount of $25,000,000.00 made payable to the order of Bank of Taiwan, New York Agency

We hereby inform you that Bank of Taiwan, New York Agency has assigned to Elliott International, L.P. (the "Assignee") all of its right, title and interest in and to the referenced promissory note to the extent of $15,000,000.00 face amount (the "Assignment").

From and after the date hereof, please direct all correspondence in connection with the referenced promissory note, and all payments or other distributions in respect thereof, to Elliott International, L.P. in accordance with the following administrative information:

Notice Address:

Elliott International, L.P.
c/o Elliott Management Corporation
40 W. 57th Street, 4th Floor
New York, NY 10019

Fax notices to: 888-341-0656

Email notices to:
Notices.elliottmanagement@virtusllc.com
kgonzales@elliottmgmt.com

Middle Office Contacts:
Kimberly A. Reinhardt-Gonzales         212-974-6000 ext 1420
kgonzales@elliottmgmt.com              fax: 212-478-2421

Settlement Contacts:
Michael Stephan                        212-974-6000 ext 1310
mstephan@elliottmgmt.com               fax: 212-478-2311
Jeffrey Yurkovic                       212-974-6000 ext 1465
jyurkovic@elliottmgmt.com              fax: 212-478-2466

Credit Contact:
Elliott Greenberg                      212-974-6000 ext 1370
egreenberg@elliottmgmt.com             212-478-2371

ny-1009089

<u>Wire Instructions:</u>

Bank Name: JP Morgan Chase New York
ABA # 021-000-021
Acct Name: Elliott International, L.P.
Acct # 957-143-346
For Further Benefit: Lehman promissory note

Please contact Michael Stephan by e-mail at mstephan@elliottmgmt.com or by facsimile at 212-478-2311 should you have any questions regarding the Assignment.

Very Truly Yours,

BANK OF TAIWAN, NEW YORK AGENCY

By: *[signature]*
Name: Kevin H. Hsieh
Title: VP & General Manager



# PURCHASE AND SALE AGREEMENT FOR DISTRESSED TRADES

## TRANSACTION SPECIFIC TERMS

THIS PURCHASE AND SALE AGREEMENT FOR DISTRESSED TRADES is dated as of the Agreement Date and entered into by and between Seller and Buyer to govern the purchase and sale of the Loans, the Commitments (if any) and the other Transferred Rights, in accordance with the terms, conditions and agreements set forth in the LSTA Standard Terms and Conditions for Purchase and Sale Agreement for Distressed Trades published by the LSTA as of September 9, 2011 (the "Standard Terms"). The Standard Terms are incorporated herein by reference without any modification whatsoever except as otherwise agreed herein by the Parties and as specifically supplemented and modified by the terms and elections set forth in the Transaction Summary and Sections A through H below. The Standard Terms and the Transaction Specific Terms together constitute a single integrated Purchase and Sale Agreement for Distressed Trades governing the Transaction. With respect to the Transaction, the Parties agree to be bound by the Standard Terms and the Transaction Specific Terms set forth herein.

| TRANSACTION SUMMARY | |
|---|---|
| Trade Date: | September 9, 2011 |
| Agreement Date: | January 19, 2012 |
| Seller: | Bank of Taiwan, New York Agency |
| Buyer: | Elliott International, L.P. |
| Credit Agreement: | Amended and Restated Unsecured Master Promissory Note dated August 8, 2007 in the principal amount of $25,000,000.00 issued by Lehman Brothers Holdings Inc. to the order of Bank of Taiwan, New York Agency |
| Borrower: | Lehman Brothers Holdings Inc. |
| Purchase Amount(s): | $15,008,128.40 (consisting of $15,000,000.00 outstanding principal amount of loans and $8,128.40 of accrued but unpaid interest as of the Filing Date) |
| Tranche(s): | Unsecured Master Promissory Note |
| CUSIP Number(s), if available: | Not applicable |
| Pre-Settlement Date Accruals Treatment: | ☐ Settled Without Accrued Interest<br>☒ Trades Flat |
| Type of Assignment: | ☒ Original Assignment<br>☐ Secondary Assignment |
| Borrower in Bankruptcy: | Yes ☒    No ☐ |
| Delivery of Credit Documents: | Yes ☒    No ☐ |
| Netting Arrangements: | Yes ☒    No ☐ |
| Flip Representations: | Yes ☐    No ☒ |

LSTA EFFECTIVE SEPTEMBER 9, 2011    Copyright © LSTA 2011. All rights reserved.

ny-1007896

| Step-Up Provisions: | Yes ☐ | No ☒ |
| --- | --- | --- |
| | Shift Date | N/A |
| Transfer Notice | Yes ☒ | No ☐ |

A. **DEFINITIONS**

Capitalized terms used in this Agreement shall have the respective meanings ascribed thereto in Section 1 of the Standard Terms, as supplemented by Section A of the Transaction Specific Terms and as otherwise may be provided in other provisions of this Agreement. Terms defined in the Credit Agreement and not otherwise defined in this Agreement shall have the same meanings in this Agreement as in the Credit Agreement. Except as otherwise expressly set forth herein, each reference herein to "the Agreement," "this Agreement," "herein," "hereunder" or "hereof" shall be deemed a reference to this Agreement. If there is any inconsistency between the Transaction Specific Terms and the Standard Terms, the Transaction Specific Terms shall govern and control.

In this Agreement:

"Agent" means none.

"Assignment" means (i) an allonge substantially in the form of Exhibit A, attached hereto, executed by Seller endorsing the Note to Buyer and (ii) a notice letter from Seller to the Borrower substantially in the form of Exhibit B attached hereto.

"Bankruptcy Case" select one:
   ☐ not applicable.
   ☒ means the case under the Bankruptcy Code pending before the Bankruptcy Court in which Borrower is a debtor, In re Lehman Brothers Holdings Inc., et al., No. 08-13555 (JMP).

"Bankruptcy Court" select one:
   ☐ not applicable.
   ☒ means the United States Bankruptcy Court for the Southern District of New York(and, if appropriate, the United States District Court for that District).

"Bar Date" select one:
   ☐ not applicable.
   ☐ none has been set.
   ☒ means September 22, 2009.

"Buyer Purchase Price" select one:
   ☐ not applicable.
   ☒ means the purchase price payable by Buyer to Original Buyer pursuant to the Netting Letter (this applies if there are three (3) parties involved in the netting arrangement).
   ☐ means the purchase price payable by Buyer to Penultimate Buyer pursuant to the Netting Letter (this applies if there are four (4) or more parties involved in the netting arrangement).

"Commitments" select one:
   ☒ none.
   ☐ means [identify applicable commitment tranche(s) using Credit Agreement definitions] in the principal amount of $/£/€_____ [in each case specify the aggregate amount of the Loans, the Unfunded Commitments and the portion, if any, of the Commitments that is irrevocably "frozen" (i.e., that is not subject to future drawing)].

"Covered Prior Seller" select one:
   ☒ not applicable.

2

ny-1007896

☐ means each Prior Seller that transferred the Loans and Commitments (if any) on or after the Shift Date [but prior to the transfer pursuant to which _____ transferred such Loans and Commitments (if any) on a distressed documentation basis pursuant to the Purchase and Sale Agreement for Distressed Trades dated as of _____, as set forth in the Annex].

"Filing Date" select one:
☐ not applicable.
☒ means September 15, 2008.

"Loans" means (i) loans evidenced by the Credit Agreement in the outstanding principal amount of $15,000,000.00 and (ii) the related Claim (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated August 31, 2011 (as subsequently supplemented, amended or modified)) for $8,128.40 of accrued but unpaid interest as of the Filing Date.

"Netting Letter" select one:
☐ not applicable.
☒ means that certain Multilateral Netting Agreement in the form currently published by the LSTA dated on or as of the Agreement Date among Seller, Buyer and Original Buyer.

"Original Buyer" select one:
☐ not applicable.
☒ means Merrill Lynch Credit Products, LLC.

"Penultimate Buyer" select one:
☒ not applicable.
☐ none ("none" is applicable if there are only three (3) parties involved in the netting arrangement).
☐ means [_____].

"Required Consents" means either (i) the consent of the Borrower or (ii) entry of an order of the Bankruptcy Court authorizing transfer of the Loans without the consent of the Borrower.

"Seller Purchase Price" select one:
☐ not applicable.
☒ means the purchase price payable by Original Buyer to Seller pursuant to the Netting Letter.

"Transfer Fee" means none.

"Unfunded Commitments" means none.

B.  **SECTION 4 (SELLER'S REPRESENTATIONS AND WARRANTIES)**

The following specified terms shall apply to the sections referenced in this Section B:

|  | Flat Representation | Flip Representation | Step-Up Representation |
|---|---|---|---|
|  | If "No" is specified opposite both "Flip Representations" and "Step-Up Provisions" in the Transaction Summary, the following subsections of Section 4 shall apply: | If "Yes" is specified opposite "Flip Representations" in the Transaction Summary, the following subsections of Section 4 shall apply: | If "Yes" is specified opposite "Step-Up Provisions" in the Transaction Summary, the following subsections of Section 4 shall apply: |
| Section 4.1(d) (Title) | Section 4.1(d)(i) | Section 4.1(d)(ii) | Section 4.1(d)(i) |
| Section 4.1(e) (Proceedings) | Section 4.1(e)(i) | Section 4.1(e)(i) | Section 4.1(e)(ii) |
| Section 4.1(f) (Principal Amount) | Section 4.1(f)(i) | Section 4.1(f)(ii) | Section 4.1(f)(i) |
| Section 4.1(g) (Future Funding) | Section 4.1(g)(i) | Section 4.1(g)(ii) | Section 4.1(g)(iii) |
| Section 4.1(h) (Acts and Omissions) | Section 4.1(h)(i) | Section 4.1(h)(i) | Section 4.1(h)(ii) |
| Section 4.1(i) (Performance of Obligations) | Section 4.1(i)(i) | Section 4.1(i)(i) | Section 4.1(i)(ii) |
| Section 4.1(l) (Setoff) | Section 4.1(l)(i) | Section 4.1(l)(i) | Section 4.1(l)(ii) |
| Section 4.1(t) (Consents and Waivers) | Section 4.1(t)(i) | Section 4.1(t)(i) | Section 4.1(t)(ii) |
| Section 4.1(u) (Other Documents) | Section 4.1(u)(i) | Section 4.1(u)(i) | Section 4.1(u)(ii) |
| Section 4.1(v) (Proof of Claim) | Section 4.1(v)(i) | Section 4.1(v)(ii) | Section 4.1(v)(i) |

Section 4.1(k) (Purchase Price); Netting Arrangements.
   If "Yes" is specified opposite Netting Arrangements in the Transaction Summary, Section 4.1(k) shall be amended in its entirety as follows:

   "(k) [intentionally omitted]."

Section 4.1(r) (Predecessor Transfer Agreements).
   ☐ Seller acquired the Transferred Rights from Immediate Prior Seller pursuant to Predecessor Transfer Agreements relating to par/near par loans.
   ☐ Seller acquired the Transferred Rights from Immediate Prior Seller pursuant to Predecessor Transfer Agreements relating to distressed loans.
   ☐ Seller acquired the Transferred Rights from Immediate Prior Seller pursuant to Predecessor Transfer Agreements relating to both par/near par loans and distressed loans.
   ☒ Not applicable.

Section 4.1(u) (Other Documents).
   ☐ None.

4

ny-1007896

☒ The following: Order Granting Motion of Bank of Taiwan, New York Branch for an Order Authorizing Assignment of Certain Interests in a Promissory Note and Attendant Claims Against Lehman Brothers Holdings, Inc. issued by the Bankruptcy Court on November 21, 2011.

Section 4.1(v) (Proof of Claim).
    ☒ The Proof of Claim was duly and timely filed, on or prior to the Bar Date, by
        ☐ the Agent on behalf of the Lenders.
        ☒ Seller.
☐ The Bar Date specified in the Transaction Specific Terms has been set in the Bankruptcy Case and no Proof of Claim has been filed.
☐ No Bar Date has been set in the Bankruptcy Case and no Proof of Claim has been filed.
☐ Not applicable.

**C.**  **SECTION 5 (BUYER'S REPRESENTATIONS AND WARRANTIES)**

**C.1**  Section 5.1(n) (Buyer Status). [Specify Buyer's status for purposes of determining any Required Consents, minimum assignment amount requirements or Transfer Fee requirements.]

    ☒ Buyer is not a Lender.
    ☐ Buyer is a Lender.
    ☐ Buyer is an Affiliate [substitute Credit Agreement defined term if different] (as defined in the Credit Agreement) of a Lender.
    ☐ Buyer is an Approved Fund [substitute Credit Agreement defined term if different] of a Lender.

**C.2**  If "Yes" is specified opposite "Delivery of Credit Documents" in the Transaction Summary, Buyer represents and warrants that it (i) was not a Lender on the Trade Date and (ii) requested copies of the Credit Documents from Seller on or prior to the Trade Date.

**D.**  **SECTION 6 (INDEMNIFICATION)**

Section 6.1 (Seller's Indemnities); Step-Up Indemnities.

    (i)  If "Yes" is specified opposite "Step-Up Provisions" in the Transaction Summary, Seller's indemnities contained in Section 6.1(b) shall apply (and the alternate indemnities contained in Section 6.1(a) shall not apply).

    (ii)  If "No" is specified opposite "Step-Up Provisions" in the Transaction Summary, Seller's indemnities contained in Section 6.1(a) shall apply (and the alternate indemnities contained in Section 6.1(b) shall not apply).

**E.**  **SECTION 7 (COSTS AND EXPENSES)**

☐ The Transfer Fee shall be paid by Seller to the Agent and the Purchase Price shall be increased by an amount equal to
    ☐ one-half thereof.
    ☐ other relevant fraction or percentage, _____, thereof.
☐ The Transfer Fee shall be paid by Buyer to the Agent and Buyer shall receive a credit to the Purchase Price equal to
    ☐ one-half thereof.
    ☐ other relevant fraction or percentage, _____, thereof.
☐ The Transfer Fee shall be paid and allocated in the manner specified in the Netting Letter.
☐ The Transfer Fee has been waived by the Agent and, accordingly, no adjustment to the Purchase Price shall be made in respect thereof.
☒ There is no Transfer Fee and, accordingly, no adjustment to the Purchase Price shall be made in respect thereof.

**F.     SECTION 8 (DISTRIBUTIONS; INTEREST AND FEES; PAYMENTS)**

**F.1**    Section 8.2 (Distributions); Step-Up Distributions Covenant.

(i)    If "Yes" is specified opposite "Step-Up Provisions" in the Transaction Summary, Seller's covenants contained in Section 8.2(b) shall apply (and the alternate covenants contained in Section 8.2(a) shall not apply).

(ii)   If "No" is specified opposite "Step-Up Provisions" in the Transaction Summary, Seller's covenants contained in Section 8.2(a) shall apply (and the alternate covenants contained in Section 8.2(b) shall not apply).

**F.2**    Section 8.5 (Wire Instructions).

Buyer's Wire Instructions:

Bank Name: JP Morgan Chase New York
ABA # 021-000-021
Acct Name: Elliott International, L.P.
Acct # 957-143-346
For Further Benefit: Lehman promissory note

Seller's Wire Instructions:

Bank:          Deutsche Bank Trust Company Americas, New York, NY
ABA#:          021001033
For Beneficiary: Bank of Taiwan, New York Agency,
(SWIFT Code: BKTWUS33, Account No.: 04-205-062)
Attn:          Loan Department

**G.     SECTION 9 (NOTICES)**

Buyer's Address for Notices and Delivery:

Elliott International, L.P.
c/o Elliott Management Corporation
40 W. 57th Street, 4th Floor
New York, NY 10019

**Fax notices to:** 888-341-0656

**Email notices to:**
Notices.elliottmanagement@virtusllc.com
kgonzales@elliottmgmt.com

**Middle Office Contacts:**
Kimberly A. Reinhardt-Gonzales      212-974-6000 ext 1420
kgonzales@elliottmgmt.com           fax: 212-478-2421

**Settlement Contacts:**
Michael Stephan                     212-974-6000 ext 1310
mstephan@elliottmgmt.com            fax: 212-478-2311
Jeffrey Yurkovic                    212-974-6000 ext 1465
jyurkovic@elliottmgmt.com           fax: 212-478-2466

**Credit Contact:**

6

ny-1007896

Elliott Greenberg   212-974-6000 ext 1370
egreenberg@elliottmgmt.com   212-478-2371

Seller's Address for Notices and Delivery:

**Closing Contact:**

Sandy Sung
Phone: 212-968-8128 Ext 34
Fax: 212-968-8370
E-mail: sandy@botnya.com

**Administrative Contact:**

Sherry Chang
Phone: 212-968-8128 Ext 29
Fax: 212-968-8370
E-mail: sherrychang@botnya.com

**H.   SECTION 27 (ADDITIONAL PROVISIONS)**

1.   Section 4.1(h)(i) of the Standard Terms, Seller's Representations and Warranties, shall be deleted in its entirety and replaced with the following:

> "Seller has not engaged in any acts or conduct or made any omissions (including by virtue of Seller's holding any funds or property of, or owing amounts or property to, Borrower or any Obligor), that will result in Buyer's receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Transferred Rights than is received by other holders of similar general unsecured claims against the Borrower; OR"

2.   Section 4.1(t)(i) of the Standard Terms, Seller's Representations and Warranties, shall be deleted in its entirety and replaced with the following:

> "Except for any consents and waivers set forth in Item 2 of the Annex, there have been no other consents to change, or waivers of, any term or provision of any Credit Document, including with respect to the amount or time of any payment of principal or the rate or time of any payment of interest; OR"

3.   Section 4.1(u)(i) of the Standard Terms, Seller's Representations and Warranties, shall be deleted in its entirety and replaced with the following:

> "Seller is not a party to, or bound by, any document or agreement (other than (A) the Credit Documents set forth in the Annex, (B) the other documents, if any, set forth in Section B of the Transaction Specific Terms and (C) orders entered in the Bankruptcy Case (if any) by which all general unsecured creditors of the Borrower are bound) that could materially and adversely affect the Transferred Rights, the Assumed Obligations or Buyer's rights and remedies under this Agreement; OR"

4.   Clause (iii) of Section 6.1(a) of the Standard Terms, Indemnification, shall be deleted in its entirety and replaced with the following:

7

ny-1007896

"(iii) Seller's being an Insider or Affiliate of Borrower or any Obligor or being a member of or participating in any official or unofficial creditors' committee or other similar committee (whether appointed or otherwise constituted in the Bankruptcy Case (if any) or formed prior to the commencement of the Bankruptcy Case (if any)), which condition results in Buyer's receiving proportionately less in payments or distributions under, or less favorable treatment (including the timing of payments or distributions) for, the Transferred Rights than is received by other holders of similar general unsecured claims against the Borrower."

5. Section 9.2 of the Standard Terms, Notices, shall be deleted in its entirety and replaced with the following:

"From and after the Effective Date, if Seller receives any notices, correspondence or other documents in respect of the Transferred Rights or any Credit Document that, to the best of Seller's knowledge, were not sent to Buyer, Seller shall promptly forward them to Buyer; provided, however, that Seller shall not be obligated to forward general notices or documents that are publicly available on the docket in the Bankruptcy Case and which are not related to any specific action to be taken with respect to the Transferred Rights."

6. Section 14 of the Standard Terms, Further Assurances, shall be modified by inserting the following provision after "including the procurement of the Required Consents":

", and, within five (5) Business Days after the Settlement Date, (i) the delivery to Buyer of the Credit Agreement and the Assignment originally executed by Seller, and (ii) the delivery to the Borrower of the notice, attached hereto as <u>Exhibit B</u>, originally executed by Seller."

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement by their duly authorized officers or representatives as of the Agreement Date.

**SELLER**

**BANK OF TAIWAN, NEW YORK AGENCY**

By: _[signature]_____
Name: Kevin H. Hsieh
Title: VP & General Manager

**BUYER**

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By:_____
Name:
Title:

9

ny-1007896

IN WITNESS WHEREOF, Seller and Buyer have executed this Agreement by their duly authorized officers or representatives as of the Agreement Date.

**SELLER**

**BANK OF TAIWAN, NEW YORK AGENCY**

By:_____
    Name:
    Title:

**BUYER**

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By:_____
    Name: ELLIOT GREENBERG
    Title: VICE PRESIDENT

9

ny-1007896

## ANNEX TO PURCHASE AND SALE AGREEMENT FOR DISTRESSED TRADES

1. If "Secondary Assignment" is specified opposite "Type of Assignment" in the Transaction Summary, list of Predecessor Transfer Agreements and principal amount, as of the Settlement Date, of the portion of the Loans and Commitments (if any) thereunder assigned hereby for purposes of Section 4.1(r) and Section 5.1(k)(i) hereof, and designation as to whether such Predecessor Transfer Agreements relate to par/near par loans or distressed loans.

   Not applicable.

2. List of Credit Agreement and any other Credit Documents delivered pursuant to Section 4.1(s) hereof.

   Amended and Restated Unsecured Master Promissory Note dated August 8, 2007 in the principal amount of $25,000,000.00 issued by Lehman Brothers Holdings Inc. to the order of Bank of Taiwan, New York Agency.

3. Description of Proof of Claim (if any).

   Proof of Claim dated September 4, 2009 filed in the Bankruptcy Case by the Seller on September 9, 2009.

4. Description of Adequate Protection Order (if any).

   None.

5. List any exceptions to Section 4.1(w) (<u>Notice of Impairment</u>).

   None.

6. The amount of any PIK Interest that accreted to the principal amount of the Loans on or after the Trade Date but on or prior to the Settlement Date is $0.00.

ny-1007896