*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

    1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Henrik Schrader** ("Seller"), as transferor (Owner of the Transferred Claim as defined below) hereby unconditionally and irrevocably sells, transfers and assigns to **UBS AG** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **47365** filed by or on behalf of **Henrik Schrader** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

    2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

    3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

    4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. **Seller**



8.2.2012

==**hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.**==

       5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

       6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

       7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*(Remainder of page intentionally left blank; signatures follow on next page)*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8 day of FEB 2012.

**Henrik Schrader (Transferor and Owner of the Transferred Claim**

By: _____
Name: Henrik Schrader
Title: Authorized Signature

Address:

Fritz-Goy-Weg 14
30657 Hannover
Germany

**UBS AG (Transferee)**

By: _____
Name: Hugo Koller
Title: Director

By: _____
Name: Jean-Claude Besson
Title: Associate Director

Bahnhofstrasse 45
8011 Zurich
Switzerland

Notices to:
Attn: Hugo Koller, OQ9C/O5GC
P.O. Box
8098 Zurich
Switzerland


8.2.2012

Schedule 1

Transferred Claims

Purchased Claim

USD 71'005.00 (the outstanding initial amount of the Proof of Claim 47365 as of 26.9.2009) and / or EUR 50'000.00 Face Amount

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EMTN Lehman Bros Treasury BV 2008-23.5.2014 | DE000A0TVK20 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | EUR 50'000.00 (Blocking Number 71002009100139156111) | not applicable | 23.5.2014 | USD 71'005.00 |

698313v.1

8.2.2012

✥ **UBS**

**BY DHL 12 3652 3094**
Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor

New York, NY 10017

UBS AG
P.O.Box, / CH-8098 Zurich
Tel.

Securities Services Corporate Events
Special Transactions & Default

Jean-Claude Besson
OQ9C / O5GC - JWJ
Flurstrasse 62 / FFFE - 020
Tel. +41 44 235 60 42
Fax +41 44 235 47 21
jean-claude.besson@ubs.com

www.ubs.com

# Message

February 15, 2012

**subject  Lehman Brothers Holdings Inc. Chapter 11 Case No. 08-13555**

On behalf of

you are receiving    3 Agreements and Evidence of Transfer of Claim released by various creditors as transferors dated 8.2.2012

☐ for your information          ☐ returned with thanks          ☐ please return
☒ for your records              ☐ please comment                ☒ please confirm receipt
☐ as agreed                     ☐ please sign                   ☒ please process
☐ please complete               ☐ please forward to

Remarks
18) Transferor: Henrik Schrader / Initial Claim Number 47365
19) Transferor: Ernst-August Schrader / Initial Claim Number 47366
20) Transferor: Skala Hausgestaltung GmbH / Initial Claim Number 47367
Transferee: UBS AG, Bahnhofstrasse 45, CH-8001 Zurich (Switzerland)

Yours sincerely,

UBS AG

*[signature]*

Jean-Claude Besson
Associate Director

61555 E          05.2005          J1

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Ernst-August Schrader** ("Seller"), as transferor (Owner of the Transferred Claim as defined below) hereby unconditionally and irrevocably sells, transfers and assigns to **UBS AG** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **47366** filed by or on behalf of **Ernst-August Schrader** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

698313v.1

1/4

47366

TUCE049



8.2.2012

47366

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*(Remainder of page intentionally left blank; signatures follow on next page)*

698313v.1

Lehman 1.doc
Page 2 of 4

47366

TOCE019

8.2-2012

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8 day of FEB 2012.

**Ernst-August Schrader
(Transferor and Owner of the
Transferred Claim)**

By: _____
Name: Ernst-August Schrader
Title: Authorized Signature

Address:

Hildesheimerstrasse 8
30880 Laatzen
Germany

**UBS AG (Transferee)**

By: _____
Name: Hugo Koller
Title: Director

By: _____
Name: Jean-Claude Besson
Title: Associate Director

Bahnhofstrasse 45
8011 Zurich
Switzerland

Notices to:
Attn: Hugo Koller, OQ9C/O5GC
P.O. Box
8098 Zurich
Switzerland

698313v.1

Lehman 1.doc
Page 3 of 4
47366
TOCE 019

8.2.2012

Schedule 1

## Transferred Claims

Purchased Claim

USD 4'626'685.80 (the outstanding initial amount of the Proof of Claim 47366 as of 26.9.2009) and / or EUR 3'158'000.00 Face Amount

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 6% Lehman Bros Treasury BV 2005-2.11.2035 | XS0232364868 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | EUR 3'158'000.00 (Blocking Number CA44768) | not applicable | 2.11.2035 | USD 4'626'685.80 |

Schedule 1-1

47366
TOCE019

698313v.1

4/4

8.2.2012

**UBS**

**BY REGISTERED MAIL**
U.S. Bankruptcy Court for the
Southern District of N.Y.
One Bowling Green

New York, N.Y. 10004

UBS AG
P.O. Box, / CH-8098 Zurich
Tel.

Securities Services Corporate Events
Special Transactions & Default

Jean-Claude Besson
OQ9C / O5GC - JWJ
Flurstrasse 62 / FFFE - 020
Tel. +41 44 235 60 42
Fax +41 44 235 47 21
jean-claude.besson@ubs.com

www.ubs.com

# Message

February 15, 2012

**subject** Lehman Brothers Holdings Inc. Chapter 11 Case No. 08-13555

On behalf of        Attention: Clerk of the Court

you are receiving   3 Agreements and Evidence of Transfer of Claim released by various creditors as transferors dated 8.2.2012

- [ ] for your information
- [x] for your records
- [ ] as agreed
- [ ] please complete

- [ ] returned with thanks
- [ ] please comment
- [ ] please sign
- [ ] please forward to

- [ ] please return
- [x] please confirm receipt
- [x] please process

Remarks
18) Transferor: Henrik Schrader / Initial Claim Number 47365
19) Transferor: Ernst-August Schrader / Initial Claim Number 47366
20) Transferor: Skala Hausgestaltung GmbH / Initial Claim Number 47367
Transferee: UBS AG, Bahnhofstrasse 45, CH-8001 Zurich (Switzerland)

Yours sincerely,

UBS AG

*[signature]*

Jean-Claude Besson
Associate Director

61555 E    05.2005    J1

*Final Form 11/20/09*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Skala Hausgestaltung GmbH** ("Seller"), as transferor (Owner of the Transferred Claim as defined below) hereby unconditionally and irrevocably sells, transfers and assigns to **UBS AG** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **principal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **47367** filed by or on behalf of **Skala Hausgestaltung GmbH** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

698313v.1

Lehman 2.doc
Page 1 of 4

47367
TOCE020



8.2.2012

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

        4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

        5.       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

        6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

        7.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

*(Remainder of page intentionally left blank; signatures follow on next page)*

698313v.1

Lehman 2.doc
Page 2 of 4

47367

TOCE020

8.2.2012



IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 8 day of ~~January~~ FEB 2012.

**Skala Hausgestaltung GmbH**
**(Transferor and Owner of the Transferred Claim**

By: _Annette Richter_
Name:
Title: Authorized Signature

Address:

Hildesheimerstrasse 8
30880 Laatzen
Germany

[Stamp: SKALA HAUSGESTALTUNG GMBH Hildesheimer Straße 8 30880 Laatzen]

**UBS AG (Transferee)**

By: _[signature]_
Name: Hugo Koller
Title: Director

By: _[signature]_
Name: Jean-Claude Besson
Title: Associate Director

Bahnhofstrasse 45
8011 Zurich
Switzerland

Notices to:
Attn: Hugo Koller, OQ9C/O5GC
P.O. Box
8098 Zurich
Switzerland

Lehman 2.doc
Page 3 of 4

698313v.1

47367
TOCE020

8.2.2012

Schedule 1

Transferred Claims

Purchased Claim

USD 8'529'064.20 (the outstanding initial aggregate amount of the **Proof of Claim 47367** as of 26.9.2009)

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 6% Lehman Bros Treasury BV 2005-2.11.2035 | XS0232364868 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | EUR 242'000.00 (Blocking Number CA94166) | not applicable | 2.11.2035 | USD 343'664.20 |
| EMTN Lehman Bros Treasury BV 2008-17.7.2014 | DE000A0TPVQ8 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | USD 2'505'000.00 (Blocking Number CA75602) | not applicable | 17.7.2014 | USD 2'505'000.00 |
| EMTN Lehman Bros Treasury BV 2007-6.1.2014 | DE000A0SUA81 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | 2000 units (Blocking Number 4003200910190400508) | not applicable | 6.1.2014 | USD 2'840'200.00 |
| EMTN Lehman Bros Treasury BV 2008-6.1.2014 | DE000A0SUA99 | Lehman Brothers Treasury BV | Lehman Brothers Holding Inc. | 2000 units (Blocking Number 4003200910190400509) | not applicable | 6.1.2014 | USD 2'840'200.00 |
| | | | | | | Aggregate Amount of Claim | USD 8'529'064.20 |

Schedule 1-1

 **UBS**

**BY DHL 12 3652 3094**
Epiq Bankruptcy Solutions, LLC
757 Third Avenue, 3rd Floor

New York, NY 10017

UBS AG
P.O.Box, / CH-8098 Zurich
Tel.

Securities Services Corporate Events
Special Transactions & Default

Jean-Claude Besson
OQ9C / O5GC - JWJ
Flurstrasse 62 / FFFE - 020
Tel. +41 44 235 60 42
Fax +41 44 235 47 21
jean-claude.besson@ubs.com

www.ubs.com

# Message

February 15, 2012

**subject** **Lehman Brothers Holdings Inc. Chapter 11 Case No. 08-13555**

On behalf of

you are receiving     3 Agreements and Evidence of Transfer of Claim released by various creditors as transferors dated 8.2.2012

☐ for your information          ☐ returned with thanks       ☐ please return
☒ for your records              ☐ please comment             ☒ please confirm receipt
☐ as agreed                     ☐ please sign                ☒ please process
☐ please complete               ☐ please forward to

Remarks
18) Transferor: Henrik Schrader / Initial Claim Number 47365
19) Transferor: Ernst-August Schrader / Initial Claim Number 47366
20) Transferor: Skala Hausgestaltung GmbH / Initial Claim Number 47367
Transferee: UBS AG, Bahnhofstrasse 45, CH-8001 Zurich (Switzerland)

Yours sincerely,

UBS AG

Jean-Claude Besson
Associate Director

61555 E     05.2005    J1