**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**In re**                                                       :       **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :
:       **Case No.: 08-13555 (JMP)**
**Debtors.**                                             :
:       **(Jointly Administered)**
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.     TO:          Goldman, Sachs & Co.
                          30 Hudson Street, 36th Floor
                          Jersey City, NJ 07302
                          Attn: Andrew Caditz

2.     Please take notice that $3,386,896.23 of your claim against Lehman Brothers
Holdings Inc., identified by XS0189914111 arising from and relating to Proof of Claim
No. 59169 (attached as Exhibit A hereto), has been transferred to:

                          Silver Point Capital Offshore Master Fund, L.P. ("Transferee")
                          c/o Silver Point Capital, L.P.
                          2 Greenwich Plaza, First Floor
                          Greenwich, CT  06830
                          Attn: David F. Steinmetz

        An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All
distributions and notices regarding the transferred portion of the claim should be sent to
the Transferee at the above address, with a copy to:

                          Davis Polk & Wardwell LLP ("Davis Polk")
                          450 Lexington Avenue
                          New York, NY 10017-3904
                          Fax: 212-701-5800
                          Attn: Eric Ruiz

3.     No action is required if you do not object to the partial transfer of your claim.
However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN
21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--   **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

        United States Bankruptcy Court
        Southern District of New York
        Attn: Clerk of Court
        Alexander Hamilton Custom House
        One Bowling Green
        New York, NY 10004-1408

--   **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--   Refer to **INTERNAL CONTROL NO. XS0189914111** in your objection and any further correspondence related to this transfer.

4.   If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

                                      CLERK

-------------------------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

INTERNAL CONTROL NO. XS0189914111

Copy: (check) Claims Agent___ Transferee___ Debtors' Attorney___

                        _____
                        Clerk of the Court

# **EXHIBIT A**

| *United States Bankruptcy Court/Southern District of New York* | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: <br> Lehman Brothers Holdings Inc., et al., <br> Debtors. | Chapter 11 <br> Case No. 08-13555 (JMP) <br> (Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000059169

|||||||||||||| (barcode)

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) <br><br> **Taipei Fubon Commercial Bank Co., Ltd.** <br> 5F, No. 169 Jen-Ai Road, Section 4, Taipei, Taiwan, R.O.C. <br> Attention: Alex Fu & Morris Huang <br><br> Telephone number: +886-2-2771-6699 ext 5362          Email Address: alex.fu@fubon.com | ☐ Check this box to indicate that this claim amends a previously filed claim. <br><br> **Court Claim Number:**_____ <br> (*If known*) <br><br> Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above) <br><br><br> Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim.   Attach copy of statement giving particulars. |

1.    Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ ____26,949,173_____ (Required)**

☐   Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):    See appendix                              (Required)**

3.    Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**
            See appendix                                                (Required)

4.    Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
            See appendix                                                (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY |
|---|---|
| **Date:** <br><br> 1/16 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | **FILED / RECEIVED** <br><br> **OCT 3 0 2009** <br><br> EPIQ BANKRUPTCY SOLUTIONS, LLC |
| *Penalty for presenting fraudulent claim:*    Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571. | |

General Manager

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150- 5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------

In re:                                                                  Chapter 11

LEHMAN BROTHERS HOLDING INC., et al.,                    Case No. 08-13555 (JMP)

                                            Debtors.         (Jointly Administered)
-------------------------------------------------------------------

### APPENDIX TO PROOF OF CLAIM FILED BY
### TAIPEI FUBON COMMERICAL BANK CO., LTD.

1.      This Appendix to the Proof of Claim of Taipei Fubon Commercial Bank ("**Fubon**") is
incorporated into the Proof of Claim in its entirety as if fully set forth therein.

2.      Fubon is a holder of the following notes (the "**Lehman Notes**"), issued by Lehman
Brothers Treasury Co. B.V. and unconditionally and irrevocably guaranteed by Lehman Brothers
Holdings Inc. ("**LBHI**"):

        (a)      AU$29,670,000 Commodity Basket Linked Notes due 23 January 2010 issued
under LBHI's US$100,000,000,000 Euro Medium-Term Note Program.    The International
Securities Identification Number ((ISIN) of the note is XS0342097317;

        (b)      US$15,520,000 Equity Linked Notes due September 30, 2008 issued under LBHI's
US$100,000,000,000 Euro Medium-Term Note Program.    The International Securities
Identification Number (ISIN) of the note is XS0323826221;

        (c)      US$5,000,000 Index Linked Notes due April 13, 2014, issued under LBHI's
US$18,000,000,000 Euro Medium-Term Note Program.    The International Securities
Identification Number (ISIN) of the note is XS0189914111.

3.      All of the Lehman Notes are listed on the final Lehman Programs Securities list as of July
29, 2009.

4.      Pursuant to the terms and conditions of the Lehman Notes, as set forth in each Lehman
Note's final terms and base prospectus (see Exhibits A through C), an event of default of the
Lehman Notes has occurred and is continuing.

5.      Pursuant to the final terms of each Lehman Note (as set forth in the Exhibits), the amount
due to the holders of the note in the event of default is the note's Early Redemption Amount, which
is the principal amount of the note, with the exception of XS0323826221, where the Early
Redemption Amount in the event of default is the fair market value of the note disregarding credit
risk of the issuer (see calculation in Exhibit B).    The amount claimed by Fubon under each of the
Lehman Notes as of September 15, 2008 is set forth in below table:

| ISIN | Clearstream Blocking No. | BNYM Reference No. | Participant account number | Principal amount held by Fubon | Amount Claimed (US$) | Supporting Document |
|---|---|---|---|---|---|---|
| XS0342097317 | CA93052 | | 88981 (Clearstream) | AU$8,970,000 | $20,834,478 | Exhibit A |
| | | 6011489 | 97816 (Euroclear) | AU$16,860,000 | | |
| XS0323826221 | CA93050 | | 88981 (Clearstream) | US$14,410,000 | $1,059,626 | Exhibit B |
| | | 6011491 | 97816 (Euroclear) | US$470,000 | | |
| XS0189914111 | | 6006447 | 97816 (Euroclear) | US$5,000,000 | $5,055,069 | Exhibit C |
| | | | | Total: | $26,949,173 | |

Note: Fubon holds Lehman Notes XS0342097317 and XS0323826221 both directly through Clearstream and through The Bank of New York Mellon ("BNYM") as the custodian.

6.      The exchange rate of AU$1 = US$0.8066 on September 15, 2008 was used to calculate the amount claimed under the Lehman Note denominated in Australian Dollars (XS0342097317). Attached hereto as Exhibit D is a printout showing the currency exchange rate on September 15, 2008.

7.      Without prejudice to any additional amounts Fubon is entitled to, the aggregate amount claimed by Fubon against LBHI for the Lehman Notes is **US$26,949,173**.

8.      The filing of this Proof of Claim is not and should not be construed to be a waiver or release of, or any other limitation on, any of Fubon's rights or defenses against LBHI or any other entity or person for all or any part of any claim set forth herein or a waiver of, or any other limitation on, any right of Fubon to request withdrawal of the reference with respect to any matter, including, without limitation any matter relating to this Proof of Claim.

9.      Fubon expressly reserves its rights to amend, modify and/or supplement this Proof of Claim at any time and in any manner, to reflect any additional claims against LBHI, or to specify additional costs, expenses or other charges or claims incurred by Fubon and to file additional proofs of claim for claims which may be based on, related to and/or arising from the events and circumstances described herein and/or the same or additional supporting documents.

10.     All notices concerning this Proof of Claim shall be sent to:

Taipei Fubon Commercial Bank Co., Ltd.
5F, No. 169 Jen-Ai Road, Section 4
Taipei Taiwan, R.O.C.
Attention: Alex Fu & Morris Huang
Tel: (8862)2771-6699 ext 5362
Fax: 886-2-2778-0065
e-mail: alex.fu@fubon.com

with a copy to:

Lowenstein Sandler PC
65 Livingston Avenue
Roseland, New Jersey 07068
Attention: Jeffrey D. Prol, Esq.
Tel: (973) 597-2490
Fax: (973) 597-2491
e-mail: jprol@lowenstein.com

and

LCS & PARTNERS
5F., No. 8, Sec. 5, Sinyi Road
110, Taipei, Taiwan
ROC
Attn: Brian Yu
Tel: +886-2-2729-8000
Fax: +886-2-2722-6677
e-mail: brianyu@lcs.com.tw

# **EXHIBIT B**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Goldman, Sachs & Co.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Silver Point Capital Offshore Master Fund, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **59169** filed by or on behalf of **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 17 day of February, 2012.

GOLDMAN, SACHS & CO.

SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P.

By:_____
Name:
Title:

By:_____
Name:
Title:

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ⎯⎯ day of February, 2012.

GOLDMAN, SACHS & CO.

By:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ Dennis Lafferty
Name:                    Managing Director
Title:

30 Hudson Street, 36th Floor
Jersey City, NJ 07302
Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

SILVER POINT CAPITAL OFFSHORE MASTER FUND, L.P.

By:⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Name:
Title:

Silver Point Capital, L.P.
2 Greenwich Plaza
Greenwich, CT 06830

Schedule 1

## Transferred Claims

### Purchased Claim

67% of XS0189914111 or USD 3,386,896.23 of USD 5,055,069.00 (the outstanding amount of XS0189914111 in the Proof of Claim as originally filed),

which equals 12.567718609% of the Proof of Claim = USD 3,386,896.23 of USD 26,949,173.00 (the outstanding amount of the Proof of Claim as originally filed).

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN 10NC2M NON INVERSION NOTE | XS0189914111 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 3,350,000.00 | 4/13/2014 | USD 36,896.23 |

Schedule 1-1

Error! Unknown document property name.Error! Unknown document property name.Error! Unknown document property name

Error! Unknown document property name.

**Error! Unknown document property name.**