# United States Bankruptcy Court
## Southern District of New York

In re:  Lehman Brothers Holdings Inc                    Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Yorvik Capital Ltd | Yorvik Partners LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

11 Ironmonger Lane
London EC2V 8EY
UK

e-mail: lking@yorvikpartners.com

Phone:    +44 20 7796 5906

Court Claim # (if known):    35511

Amount of Claim:  100% which is US$215,456.34 pursuant to the  Notice of Proposed Claim Amount

Date Claim Filed:    21 October 2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date:    22 February 2012
      Transferee/Transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
*LEHMAN BROTHERS PROGRAM SECURITY*

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Yorvik Capital Ltd** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the **7 October 2010 (the "Effective Date")**, (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **35511** filed by **Seller's predecessor in interest** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing

533765v2

that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller shall transfer, delivery versus payment, on the **Effective Date** to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 20 day of February 2012

YORVIK PARTNERS LLP

By:_____    SIMON MELLEY
Name:           PARTNER
Title:

11 Ironmonger Row,
London EC2V 8EY
U.K.

YORVIK CAPITAL LTD

By:_____
Name:           LARS LEMONIUS
Title:           PARTNER

11 Ironmonger Row,
London EC2V 8EY
U.K.

Schedule 1

Transferred Claims

Purchased Claim

100% which is US$ 215,456.34 pursuant to the amount of the Notice of Proposed Allowed Claim Amount

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 05/15 Floating Rate MTN | XS0211093041 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | EUR 150,000.00 | Per the pricing supplement | 2015 | EUR 1,745.90 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re                                          :       Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :       08-13555 (JMP)
                                               :
                               Debtors.        :       (Jointly Administered)
                                               :
-------------------------------------------------------------x

LBH LPENTC 08-22-2011 (MERGE2.TXNUM2) 4000082821 DAR(23) MAIL TO *** 000051139755 *** *** BSIUSE 348
KEPLER-FONDS KAPITALANLAGEGESELLCHAFT MBH
ATTN: MAG. REINHARD TRINKL
A-4020 LINZ
EUROPAPLATZ 1A
AUSTRIA

#### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT
#### AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.

#### NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

| Creditor Name and Address: | Claim Number | Proposed Allowed Claim Amount |
|---|---|---|
| KEPLER-FONDS KAPITALANLAGEGESELLCHAFT MBH ATTN: MAG. REINHARD TRINKL A-4020 LINZ EUROPAPLATZ 1A AUSTRIA | 35511 | $215,456.34 |

PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "Claim") that is based on a structured security for purposes of voting and distributions under the debtors' (the "Debtors")[1] proposed chapter 11 plan (the "Plan") in the above-referenced case.

Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("LBHI") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT." The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order. A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto. The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion. The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

*Debtors' Amended Motion Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 for Approval of Procedures For Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc,* [Docket No. 19042] is available at www.lehman-docket.com on the "Case Information" page.

If you do NOT dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you do NOT need to file a written response and your claim will be allowed in such amount for the purposes of voting and distributions under the Plan.

If you DO dispute or disagree with the Proposed Allowed Claim Amount for your Claim, then you MUST deliver a written response (a "Response") so that such Response is <u>actually received</u> no later than 4:00 p.m. October 25, 2011 (the "Response Deadline") by (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, New York, NY 10020 (Attn: Holly Clack and Tina Pederson), (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alfredo R. Perez, Esq. and Mark Bernstein, Esq.) and (iii) Milbank, Tweed, Hadley and McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Evan R. Fleck, Esq. and Matthew Brod, Esq.).

Your Response, if any, must contain at a minimum the following: (i) the name of the claimant; (ii) the claim number that is the subject of the Response; (iii) a concise statement setting forth the grounds for such Response; (iv) the address(es) to which LBHI must return any reply to your Response, if different from that presented in the proof of claim; and (v) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

IF YOU DO NOT DELIVER A RESPONSE BY THE RESPONSE DEADLINE, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE PORTION OF YOUR CLAIM BASED ON A STRUCTURED SECURITY BEING ALLOWED FOR PURPOSES OF VOTING AND DISTRIBUTIONS UNDER THE PLAN IN THE PROPOSED ALLOWED CLAIM AMOUNT. THE MOTION DOES NOT HAVE ANY AFFECT ON THE PORTION OF YOUR CLAIM THAT IS NOT BASED ON A STRUCTURED SECURITY.

IF YOU SUBMIT A RESPONSE AND THE DEBTORS AND YOU ARE UNABLE TO RESOLVE ANY DISPUTES REGARDING THE PROPOSED ALLOWED CLAIM AMOUNT, THE MOTION WILL BE DEEMED AN OBJECTION TO YOUR CLAIM. THE DEBTORS MAY SEEK TO HAVE SUCH OBJECTION TO YOUR CLAIM RESOLVED EITHER BY THE COURT OR THROUGH THE COURT-APPROVED MEDIATION PROCEDURES.

CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:    August 24, 2011
          New York, New York

Exhibit A

Calculation of Proposed Allowed Claim Amount

Claim # J5511
KEPLER-FONDS
KAPITALANLAGEGESELLCHAFT MBH

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount[2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | PROPOSED ALLOWED CLAIM AMOUNT (Equals the Product of E x F with slight differences due to rounding) |
| XS0211093041 | 6023068 | $125,794,901.99 | 99.5707% | $125,254,824.76 | 0.1720% | $215,456.34 |
| | | | | | Aggregate Proposed Allowed Claim Amount: | $215,456.34 |
| | | | | | Claim Amount, as filed (portion based on Structured Security only): | $214,044.36 |

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.