# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc          Case No.    08-13555 (JMP)

## TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Yorvik Capital Ltd**

Name of Transferee

Name and Address where notices to transferee should be sent:
11 Ironmonger Lane
London EC2V 8EY
UK

e-mail: lking@yorvikpartners.com

Phone:    +44 20 7796 5906

**Yorvik Partners LLP**

Name of Transferor

Court Claim # (if known):    66356 (amending original filing under claim number 50476)

Amount of Claim: 75.6% of Seller's interest equal to US$623,700.00 (sold from certain ISINs per the attached Schedule 1 to the Agreement and Evidence of Transfer of Claim)

Date Claim Filed:    3 March 2010

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date:    16 February 2012
    Transferee/Transferee's Agent

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN BROTHERS PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("**Seller**") hereby unconditionally and irrevocably sells, transfers and assigns to **Yorvik Capital Ltd** (the "**Purchaser**"), and Purchaser hereby agrees to purchase, as of the **9 February 2011 (the "Effective Date")**, (a) an undivided interest, to the extent of the Claim Amount specified in Schedule 1 attached hereto (the "**Purchased Claim**"), in Seller's right, title and interest in and to Proof of Claim Number **66356** filed **by Seller's predecessor in title** (the "**Proof of Claim**") against Lehman Brothers Holdings, Inc., debtor (the "**Debtor**") in proceedings for reorganization (the "**Proceedings**") in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "**Bankruptcy Code**")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "**Transferred Claims**"), and (d) the security or securities (any such security, a "**Purchased Security**") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsecured claims that are not entitled to priority under section 507 of the Bankruptcy Code and that are not subordinated; and (g) Seller has not accelerated the underlying securities referenced in the Schedule.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser

533765v2

the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event on no later than the second (2nd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller shall transfer on the **Effective Date** to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. Purchaser agrees that it will transfer, in the Euroclear or Clearstream system, to the Seller the relevant consideration (calculated as the traded amount of notes multiplied by the purchase price as set out in the Trade Confirmation) for each of the Purchased Securities on the **Effective Date**. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9 day of February 2011.

YORVIK PARTNERS LLP

By: _____
Name: Simon Mullay
Title: Founding Partner

Address:
11 Ironmonger Lane,
London EC2V 8EY
U.K.

YORVIK CAPITAL LTD

By: _____
Name: LARS LEMONIUS
Title: FOUNDING PARTNER

Address:
11 Ironmonger Lane,
London EC2V 8EY
U.K.

Schedule 1

Transferred Claims

Purchased Claim

1. 100% of Seller's interest in ISIN XS0231181222 which is US$ 119,070.00 of US$ 119,070.00 as originally filed

2. 0.6993% of Seller's interest in ISIN XS0238228901 = US$ 1,417.5 of US$ 202,702.50 as originally filed

3. 100% of Seller's interest in ISIN XS0252173066 which is US$ 503,212.50 of US$ 503,212.50 as originally filed

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 5,400,000 Swing Garant Notes and EUR 7,000,000 Swing Garant Notes | XS0231181222 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | *EUR 84,000 which is the equivalent of US$119,070.00 | Not applicable | Due 2015 and due 2016 | Not applicable |
| EUR 5,400,000 Swing Garant Notes and EUR 7,000,000 Swing Garant Notes | XS0238228901 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | *EUR1,000 which is the equivalent of US$1,417.50 | Not applicable | Due 2015 and due 2016 | Not applicable |
| EUR 10,000,00 Swing Garant Notes | XS0252173066 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | *EUR 355,000 which is the equivalent of US$503,212.50 | Not applicable | Due 2016 | Not applicable |

*Transferred amounts are based on the original claim filing. Each transferred amount should also receive a proporationate interest in the amount detailed in the Notice of Proposed Allowed Claim Amount.