**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             : Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          : 08-13555 (JMP)
                                                                  :
                Debtors.                                          : (Jointly Administered)
                                                                  :
------------------------------------------------------------------x

### STIPULATION, AGREEMENT, AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND HSBC BANK PLC AMENDING A PRIOR STIPULATION REGARDING TURNOVER OF FUNDS

This stipulation, agreement, and order (the "Stipulation") is made and entered into on the date hereof, by and between Lehman Brothers Holdings Inc. ("LBHI") and HSBC Bank Plc ("HSBC" and, together with LBHI, the "Parties"), as an amendment to the prior stipulation, agreement, and order between the Parties, dated August 28, 2009 and entered by the Court on September 9, 2009 [Docket Nos. 5006, 5089], as amended pursuant to a supplemental order entered by the Court on October 3, 2011 [Docket No. 20550] (collectively, the "2009 and 2011 Stipulations").

A.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced in this Court voluntary cases under chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

  B. Prior to the Commencement Date, HSBC and LBHI entered into an agreement, known as a deed, dated September 9, 2008 (the "Deed"). The Deed provides that, under certain circumstances, funds held by HSBC in three accounts in the name of LBHI (collectively, the "Collateral Accounts") may be used to secure, *inter alia*, Debt (as defined in the Deed), including potential overdrafts or debit balances, that LBHI, Lehman Brothers International (Europe) or Lehman Brothers Limited may owe to HSBC arising from the normal operation of their customer accounts listed on Schedule 2 of the Deed (the "Customer Accounts"). Funds deposited in the Collateral Accounts are also subject to HSBC's exercise of certain other rights, including statutory and other legal rights of setoff, combination and transfer pursuant to the terms of the Deed.

  C. As of April 28, 2009, two of the Collateral Accounts had zero balances and the remaining collateral account number 67850204 (the "Euro Collateral Account") held €343,446,459.96 (the "Collateral Funds").

  D. In accordance with the 2009 and 2011 Stipulations, HSBC timely returned €170,000,000 to LBHI. An additional amount of the Collateral Funds was set aside on account of two claims subject to HSBC's rights of setoff: £100,062,061.97 for an LBHI Overdraft (as defined in the 2009 Stipulation) and £605,000.00 for a Mistaken Payment Claim (as defined in the 2009 Stipulation).

  E. Approximately €62,000,000.00 of Collateral Funds remained in the Euro Collateral Account as of November 1, 2011.

F. The Parties agree that HSBC holds certain claims against LBHI that may be subject to HSBC's rights of setoff, and agree to continue to work in a commercially reasonable manner to address issues surrounding HSBC's alleged setoff rights against LBHI. The parties further agree that, if HSBC does not exercise any such setoff rights, the failure to assert or exercise any such setoff rights (whether at HSBC's election or pursuant to an order of the Court denying any such setoff right), shall not prejudice or be deemed to prejudice whether any claims asserted by HSBC against LBHI are allowed pursuant to section 502 of the Bankruptcy Code.

G. HSBC has agreed, pursuant to the terms and conditions set forth in this Stipulation, to transfer certain of the Collateral Funds to an account designated by LBHI.

**NOW, THEREFORE,** in consideration of the mutual covenants and obligations set forth below and for other valuable consideration which the Parties hereby acknowledge, and subject to Bankruptcy Court approval of this Stipulation, it is agreed by and between LBHI and HSBC that:

1. The Recitals set forth above form an integral part of this Stipulation and are fully incorporated herein.

2. LBHI shall file this Stipulation with the Court within two (2) business days of its execution by both LBHI and HSBC. If no objection to this Stipulation is interposed, LBHI shall present this Stipulation to the Court for approval eight (8) days after the Stipulation is filed with the Court (or the first business day

thereafter). This Stipulation shall have no force or effect unless and until approved by the Court.

3. Within five (5) business days after the date on which an order of the Bankruptcy Court approving this stipulation is entered and has become final and non-appealable (the "Effective Date"), HSBC shall, by wire transfer, transfer or cause to be transferred €39,500,000 of the available Collateral Funds in the Euro Collateral Account (the "Wired Funds") to an account as directed by LBHI.[1]

4. Each party hereto represents and warrants that as of the date of execution of this Stipulation, the execution and delivery of this Stipulation has been duly authorized, that all necessary approvals have been granted, save only for the approval of the Court, that any and all necessary actions have been taken, and that the undersigned has full and complete authority to enter into this Stipulation on behalf of its respective client and to bind such client.

5. This Stipulation, and all of its terms and provisions, shall be binding upon and inure to the benefit of the Parties, and their respective successors, assigns, and administrators, including, without limitation, any chapter 11 or chapter 7 trustee appointed for the Debtors.

6. Each party hereto warrants, represents, and agrees that in executing this Stipulation, it does so with the full knowledge of any and all rights that it may have

---

[1] For the avoidance of doubt, "Wired Funds" as used and defined herein shall be treated and construed in the same manner as Wired Funds pursuant to the 2009 and 2011 Stipulations.

4

with respect to the controversies herein and it has received independent legal advice from its attorneys with respect thereto.

7. This Stipulation may be executed in counterparts, each of which shall constitute an original, but all of which when taken together shall constitute one and the same instrument. An electronically transmitted facsimile of any signature shall be as binding as an original signature.

8. No amendment, waiver of modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by HSBC and LBHI.

9. This Stipulation amends, but does not otherwise supersede, the 2009 and 2011 Stipulations. Except as expressly provided herein, no other aspects of the 2009 and 2011 Stipulations are hereby amended or altered, and nothing in this Stipulation shall alter the effect or enforceability of the 2009 and 2011 Stipulations, which otherwise remain in effect. This Stipulation and the 2009 and 2011 Stipulations shall govern the Parties' rights with respect to and the further disposition of the Collateral Funds.

10. Nothing in this Stipulation is or shall be construed to be a waiver of any rights, claims, actions, counterclaims, defenses or other legal and equitable rights of all kinds of either Party or an election of remedies with respect to such rights, claims, actions or counterclaims against either Party, all of which are preserved and are supplemental to the provisions of this Stipulation.

11. This Stipulation shall be construed and governed under the laws of the State of New York.

5

12. This Stipulation has been fully negotiated by the Parties. Each party acknowledges and agrees that this Stipulation has been drafted jointly, and the rule that ambiguities in an agreement or contract may be construed against the drafter shall not apply in the construction or interpretation of this Stipulation.

Dated: January 30, 2012
      New York, New York

LEHMAN BROTHERS HOLDINGS INC.


/s/ Steven J. Cohn

By: Steven J. Cohn
Its: Senior Vice President


HSBC BANK PLC


/s/ M. Holcombe
By: M. Holcombe
Its: Managing DIrector



**SO ORDERED:**

Dated: New York, New York
      February 22, 2012

                              *s/ James M. Peck*
                              Honorable James M. Peck
                              United States Bankruptcy Judge