UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
                                                                      :
In re                                                                 :    Chapter 11 Case No.
                                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                                      :
                    Debtors.                                   :    (Jointly Administered)
                                                                      :
----------------------------------------------------------------------x

ORDER PURSUANT TO SECTION
8.4 OF THE MODIFIED THIRD AMENDED
JOINT CHAPTER 11 PLAN OF LEHMAN BROTHERS
HOLDINGS INC. AND ITS AFFILIATED DEBTORS AND
SECTIONS 105(a), 502(c) AND 1142(b) OF THE BANKRUPTCY CODE
ESTIMATING THE AMOUNTS OF CLAIMS FILED BY INDENTURE
TRUSTEES ON BEHALF OF ISSUERS OF RESIDENTIAL MORTGAGE-
BACKED SECURITIES FOR PURPOSES OF ESTABLISHING RESERVES

Upon the motion (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), Structured Assets Securities Corporation ("SASCO") and their affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (the "Debtors"), pursuant to section 8.4 of the Plan[1] and sections 105(a), 502(c) and 1142(b) of title 11 of the United States Code, to estimate the amount of the claims filed by U.S. Bank National Association, Citibank, N.A., Wilmington Trust Company, Deutsche Bank National Trust Company and Wells Fargo Bank, N.A., each solely in their capacity as a trustee or an indenture trustee for trusts that issued residential mortgage-backed securities (collectively, the "Indenture Trustees"),[2] for the purposes

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Motion.

[2] LBHI and SASCO have entered into a stipulation and agreement with Bank of America, N.A., dated February 7, 2012, and HSBC Bank USA, N.A. dated February 21, 2012, estimating the amount of the claims filed by Bank of America, N.A. and HSBC Bank USA, N.A. respectively, each in its capacity as indenture trustee for trusts that issued residential mortgage-backed securities, for the purpose of establishing a reserve in connection with the Plan. Accordingly, this Order does not pertain to or bind Bank of America, N.A. and HSBC Bank USA, N.A. with respect to the relief requested in the Motion.

of establishing reserves in connection with the Plan, as more fully set forth in the Motion; and upon consideration of the declaration of Zachary Trumpp in support of the Motion, dated January 12, 2012, ECF No. 24255; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the attorneys for each of the Indenture Trustees; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases, ECF No. 9635; and upon consideration of the objections to the Motion filed by certain of the Indenture Trustees (collectively, the "Objections"), ECF Nos. 24476, 24483, 24484, 24485, 24491, 24492, LBHI and SASCO's reply to the Objections, ECF No. 24587, and the record of the hearing on the Motion; and upon consideration of an agreement to settle the Motion by the Indenture Trustees, LBHI and SASCO; and the Court having found and determined that the settlement of the relief sought in the Motion, as modified herein, is in the best interests of LBHI and SASCO, their creditors and all parties in interest and that the settlement and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor; it is

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that all objections that have not been withdrawn, waived, or settled are overruled; and it is further

ORDERED that the Indenture Trustees' Claims are to be estimated as unsecured claims in the aggregate amount of $5 billion (the "Estimated Claim"); and it is further

ORDERED that the Estimated Claim will be allocated between LBHI and SASCO, with 95% allocated to LBHI and 5% to SASCO; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is not deemed to determine or affect in any respect the allowed amount, validity or priority of the Indenture Trustees' Claims for any purpose other than establishing the reserve amounts for such claims under the Plan; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to the rights of the Indenture Trustees to assert that the allowed amount of the Indenture Trustees' Claims should be greater than the Estimated Claim; and it is further

ORDERED that the estimation of the Indenture Trustees' Claims, as set forth herein, is without prejudice to LBHI, SASCO or the Plan Administrator's rights, defenses and objections to the merits, amount and priority of the Indenture Trustees' Claims; and it is further

ORDERED that all rights of the Indenture Trustees, LBHI, SASCO and the Plan Administrator with respect to the Indenture Trustees' Claims are fully preserved; and it is further

ORDERED that LBHI, SASCO and the Indenture Trustees shall participate in good faith in mediation to seek to settle the allowed amount of the Indenture Trustees' Claims before a mediator agreed to by all parties or selected by the Court; and it is further

ORDERED that to the extent that there may be any inconsistency between the terms of the Motion and this Order, the terms of this Order shall govern; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
February 22, 2012

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge