**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :        **08-13555 (JMP)**
                                                   :
                        **Debtors.**                :        **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' TWO HUNDRED**
**FORTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the two hundred forty-seventh omnibus objection to claims, dated January 5, 2012 (the "Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims.

Two Hundred Forty-Seventh Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Forty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have adjourned the hearing on the Two Hundred

Forty-Seventh Omnibus Objection to Claims to March 22, 2012 with respect to the claims listed

on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and

directed to reflect the No Liability Claims listed on Exhibit 1 as disallowed and expunged

pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A to the Two Hundred Forty-

Seventh Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: New York, New York
      February 22, 2012

                         *s/ James M. Peck*
                         Honorable James M. Peck
                         United States Bankruptcy Judge