**B 210A (Form 210A) (12/09)**

### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.                     Case No. 08-13555

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND, LP | GOLDMAN, SACHS & CO. |
|---|---|
| Name of Transferee | Name of Transferor |
| Name and Address where notices to transferee should be sent: | Court Claim # (if known): 58461 |
| | Total Amount of Claims Filed: U.S.$ 25,515.00 |
| | Amount of Claim Transferred: U.S.$ 25,515.00 (being the equivalent of EUR 18,000.00) |
| **Chris Scholfield** | ISIN/CUSIP: XS0268043709 |
| **c/o Alden Global Capital** | |
| | Date Claim Filed: October 30th, 2009 |
| **885 Third Avenue** | |
| **New York, New York 10022** | |
| **Phone: 212-418-6862** | |
| **Email: CScholfield@smithnyc.com** | |
| Name and Address where transferee payments should be sent (if different from above): | |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____[signature]_____ Jason Pecora    Date: 2/7/2012
Transferee/Transferee's Agent
Managing Director - Operations
Alden Global Capital

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                Case No. 08-13555

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 58461 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the clerk's office of this court on ....................

| **ALDEN GLOBAL DISTRESSED OPPORTUNITIES MASTER FUND, LP** | **GOLDMAN, SACHS & CO.** |
|---|---|
| Name of Transferee | Name of Transferor |
| Address of Alleged Transferee: | Address of Alleged Transferor: |
| Chris Scholfield<br>c/o Alden Global Capital<br>885 Third Avenue<br>New York, New York 10022<br>Phone: 212-418-6862<br>Email: CScholfield@smithnyc.com | Andrew Caditz<br>30 Hudson Street, 36th Floor<br>Jersey City, NJ 07302<br>USA<br>Phone: 212-357-6240<br>Email: Andrew.Caditz@gs.com |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                    _____
                                    CLERK OF THE COURT

*Final Form 11/20/09*

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Goldman, Sachs & Co. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Alden Global Distressed Opportunities Master Fund, LP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentages/principal amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in, to, under and/or arising from or in connection with the Proofs of Claim identified by the Proof of Claim Numbers specified in Schedule 1 attached hereto (each, a "Proof of Claim") filed by or on behalf of Seller's predecessor in interest against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a)-(d), the "Transferred Claims"). For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller and any prior seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) each Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) each Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) each Proof of Claim includes the relevant portion of the Purchased Claim as specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured unsubordinated creditors; and (g) the Transferred Claims are not subject to a Plan Support Agreement (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

693572vA

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to any Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this __ day of December, 2011.

| SELLER | PURCHASER |
|---|---|
| GOLDMAN, SACHS & CO. | Alden Global Distressed Opportunities Master Fund, LP |
| By: _____ | By: _____ |
| Name: DENNIS LAFFERTY | Name: Jason Pecora |
| Title: MANAGING DIRECTOR | Title: Managing Director - Operations |
| 30 Hudson Street, 36th Floor | c/o Alden Global Capital |
| Jersey City, NJ 07302 | 885 Third Avenue |
| Fax: 212-428-1243 | New York, New York 10022 |
| Contact: Andrew Caditz | USA |
| Phone: 212-357-6240 | |
| Email: Andrew.Caditz@gs.com | |

2

693572v.4

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

1. 18.18181818% of Proof of Claim Number 58559 = USD 1,333,807.63 of USD 7,335,941.94 (the outstanding amount of Proof of Claim Number 58559);

2. 25.87485582% of Proof of Claim Number 58568 = USD 80,216,888.33 of USD 310,018,687.21 (the outstanding amount of Proof of Claim Number 58568);

3. 28.72112297% of Proof of Claim Number 58569 = USD 40,030,877.17 of USD 139,377,827.27 (the outstanding amount of Proof of Claim Number 58569);

4. 35.03093565% of Proof of Claim Number 58571 = USD 13,652,474.91 of USD 38,972,624.23 (the outstanding amount of Proof of Claim Number 58571);

5. 86.20689655% of Proof of Claim Number 58562 = USD 17,718.75 of USD 20,553.75 (the outstanding amount of Proof of Claim Number 58562);

6. 0.64% of Proof of Claim Number 58459 = USD 510,300.00 of USD 79,734,375.00 (the outstanding amount of Proof of Claim Number 58459);

7. 54.28131191% of Proof of Claim Number 58460 = USD 349,555.50 of USD 643,970.25 (the outstanding amount of Proof of Claim Number 58460);

8. 31.61764706% of Proof of Claim Number 58563 = USD 273,847.65 of USD 866,122.80 (the outstanding amount of Proof of Claim Number 58563); and

9. 100% of Proof of Claim Number 58461 = USD 25,515.00 of USD 25,515.00 (the outstanding amount of Proof of Claim Number 58461).

**Lehman Programs Securities to which Transfer Relates**

| | Proof of Claim Number | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Face Amount | Total Proof of Claim Amount Transferred |
|---|---|---|---|---|---|---|---|
| 1. | 58559 | Lehman Program Security | XS0314918276 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 848 securities (equivalent to EUR 848,000) | USD 1,333,807.63 |
| 2. | 58568 | Lehman Program Security | DE000A0MJHE1 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 54,287 securities (equivalent to EUR 54,287,000) | USD 80,216,888.33 |
| 3. | 58569 | Lehman Program Security | DE000A0MHVV0 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 24,778 securities (equivalent to EUR 24,778,000) | USD 40,030,877.17 |

Schedule 1-1

693572v.4

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 4. | 58571 | Lehman Program Security | DE000A0LHVD0 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 8,323 securities (equivalent to EUR 8,323,000) | USD 13,652,474.91 |
| 5. | 58562 | Lehman Program Security | XS0231346593 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 12,500 | USD 17,718.75 |
| 6. | 58459 | Lehman Program Security | XS0347064924 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 360,000 | USD 510,300.00 |
| 7. | 58460 | Lehman Program Security | XS0290294742 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | 2,466 securities (equivalent to EUR 246,600) | USD 349,555.50 |
| 8. | 58563 | Lehman Program Security | DE000A0TU1P4 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 258,000 | USD 273,847.65 |
| 9. | 58461 | Lehman Program Security | XS0268043709 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 18,000 | USD 25,515.00 |

4

693572v.4