RESPONSE TO THE NOTICE OF DEBTORS' SUPPLEMENTAL ANNOTATED OMNIBUS REPLY TO RESPONSES TO DEBTORS' SEVENTY-THIRD, ONE HUNDRED EIGHTEENTH, ONE HUNDRED THITIETH, ONE HUNDRED THIRTY-FIRST, ONE HUNDRED THIRTY-THIRD, ONE HUNDRED THIRTY-FOURTH, ONE HUNDRED THIRTY-FIFTH, ONE HUNDRED SEVENTY-SIXTH, AND TWO HUNDRED AND SEVENTH OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOF OF CLAIM AS EQUITY INTEREST)

Bankruptcy Court: United States Bankruptcy Court of Southern District of New York

Debtors: Lehman Brothers Holdings Inc., et al.

Chapter 11 Case No. 08-13555 (JMP)

Creditor Name and Address:
HUTTON, RANDALL J.
22 HILLSIDE LANE
NEW HOPE, PA 18938

Claim Number: 14023

Date Filed: 9/16/09 (original) and amended on 5/16/11

Amount of Claim: $7,566,140.00 (the "Claim")

Response to the Notice of Debtors' Supplemental Annotated Omnibus Reply to Reponses to Debtor's One Hundred Eighteenth Omnibus Objection as it Relates to Claim 14023:

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

I respectfully submit the following response to the Debtor's Supplemental Annotated Omnibus Reply ("Annotated Reply") which the Debtor's filed on January 24, 2012.

By way of background:

I had a signed employment contract ("the Contract") dated December 10, 2004 with Neuberger Berman, LLC ("the Debtor"). The Contract was previously filed with the Bankruptcy Court. The Contract specifies the consideration/compensation for my services throughout its term which was calculated annually through a defined formula. Per the Contract, Lehman had the discretion to pay a portion of compensation in the form

of conditional equity awards ("Conditional Equity") which is the amount of the Claim. The Debtor had filed for bankruptcy before any of these Conditional Equity amounts were paid to me.

I initially filed a claim against the Debtor on September 16, 2009. On March 28, 2011, the Debtor's objected to my claim per the One Hundred Eighteenth Omnibus Objection and sought to reclassify my proof of claim as equity interests. Subsequently, on May 16, 2011, I filed a response to the Debtor's objection ("May 2011 Response") which detailed the nature of my claim and provided reasons and case law per why it should not be reclassified as equity interests. Additionally, I reduced the amount of my original claim to only reflect the amounts under my employment contract.

On December 15, 2011, the Debtor filed an omnibus reply to the responses of the omnibus objection. A hearing was held on December 21, 2011 at which time your Honor requested that the Debtor specifically match its arguments in their omnibus reply to each specific claimant. The Debtor filed the Annotated Reply on January 24, 2012 which matched their omnibus arguments to my Claim.


My responses to the Debtor's Annotated Reply as it related to my Claim:

The following is a summary of the Debtor's categorizations and replies ("Debtor Replies") as it relates to my Claim (per Exhibit A, page 8 of the Annotated Reply) and my responses to these replies, which I will address point by point.

1. **Respondents Have the Burden of Proof with Respect to the Outstanding Claims**

Debtor's Replies in paragraph's 5-7 of the Annotated Reply:

A. Paragraph 5: Debtor asserts that if an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.
B. Paragraph 6: The Debtor's have met their burden of persuasion to overcome the prima facie validity of the Outstanding Claims.
C. Paragraph 7: As a result of the Objections, the burden has shifted to the Respondents to prove by a preponderance of the evidence that under applicable law the Outstanding Claims should be allowed.

MY RESPONSE: I believe the burden to demonstrate validity of my claim has been met. The May 2011 Response provides the details of my Claim and provides applicable case law to show the Conditional Equity amount should be not be reclassified as an equity security as the Debtor alleges, but should be a general unsecured claim against the Debtor.

I disagree that the Debtor has met their burden of persuasion to overcome the prima facie validity of my Claim. The Debtor's objections and annotated replies provide a lot of information and arguments on a general basis, but they fail to discuss the merits of my individual Claim. Many of the Debtor's Annotated replies (as addressed below) are not applicable to my Claim.

2. **The Equity Awards do not constitute equity in LBHI and, therefore, should not be classified as Equity Interests.**

Debtor's Replies in paragraph's 9-10 of the Annotated Reply:

D. Paragraph 9: Debtor asserts that my Equity Awards, which provided grantees with a right to acquire common stock in LBHI at a specified future time upon the satisfaction of certain conditions, fall within the definition of "equity securities" under 101(16) of the Bankruptcy Code.

MY RESPONSE: The Debtor's Reply is not applicable to the merits of my Claim. It fails to discuss the application of section 510(b) and whether the Conditional Equity of my Claim had the upside of a Lehman equity holder.

E. Paragraph 10: Debtor asserts that my Claim did not have a "right to payment" in cash given that I bargained for the right to be an equity holder. Additionally, Debtor states "Indeed, the Equity awards bear the hallmarks of equity interests: the employees enjoyed the benefits as shareholders in the increase in the value of LBHI, but also bore the risks that LBHI's stock would decline in value. Thus such Equity awards resemble an equity interest to which subordination under section 510(b) is applicable."

MY RESPONSE: The Debtor erroneously is asserting that I bargained to be an equity holder of Lehman which does not reconcile with the terms of our Contract. The Contract states the terms of compensation for my services under a defined formula and a defined dollar amount. Additionally, the Contract states under section 3(e) "At the Company's discretion a portion of the total compensation…payable to the Executive…will be payable in the form of conditional equity awards."

Thus, per my Claim, given the Conditional Equity amount is a contractual obligation for a stated amount and only a stated amount, the Conditional Equity was in form of compensation only—not ultimate value. Had the Debtor not filed for bankruptcy, Lehman could have satisfied the Conditional Equity by delivering the contracted amount of the Claim in Lehman stock when it was due in satisfaction with the Contract terms. To illustrate this point, assume that Lehman did not file for bankruptcy, but instead its stock increased in value substantially. When the Conditional Equity was due to be delivered to pursuant to the terms of the Contract, Lehman could limit the amount of equity shares delivered to me to the contracted amount of the Claim, even though the market value of the Conditional Equity was much greater. Lehman could argue that under the Contract and under general contract principles, it is only responsible for the contracted amount and not the higher equity market value amount. Thus, I did not have the certain upside of an equity investor as the Debtor asserts.

In Enron Corp Opinion Regarding Employee Claims Related to Ownership of Stock Options, and Granting 13th, 19th, and 22nd Omnibus Objections to Proof of Claim, (dated May 2, 2006) Judge Arthur J. Gonzalez describes the absolute priority rule, "In return for the right to share in the profits of a corporation, securityholders must also accept the risk of insolvency and therefore precluded from sharing in the distribution of the estate until all general creditors have been satisfied. Securityholders thus accept greater risk in return for the opportunity of a greater reward, whereas general creditors bear less risk commensurate with the fixed nature of their reward."

Further, the Debtor's own argument in Paragraph 10 suggests their belief that if a security does not have the upside of an equity holder, then it should not be subordinated under section 510(b). The Debtor writes, "Indeed, the Equity awards bear the hallmarks of equity interests: the employees enjoyed the benefits as shareholders in the increase in the value of LBHI, but also bore the risks that LBHI's stock would decline in value. Thus such Equity awards resemble an equity interest to which subordination under section 510(b) is applicable." Given that the upside of the Conditional Equity of my Claim was contractually capped at a calculated amount of value under the Contract, it compromised any certain rights for me to share in the profits of Lehman. It did not have the certain upside benefits as shareholders in the increase in the value of LBHI as the Debtor suggest. Thus, the Conditional Equity amount should be not be considered a security per section 510(b) as the Debtor alleges, but should be a general unsecured claim against the Debtor.

3. **The Equity Awards were compensation for services provided to the Debtors that would otherwise have been payable in cash.**

Debtor's Reply in paragraph's 14 and 16-17, 19 of the Annotated Reply:

MY RESPONSE: The Debtor's Reply is not applicable to the merits of my Claim. I acknowledge that per my Contract, Lehman had the ability to allocate a portion of the total compensation in the form of conditional equity awards and, had Lehman not filed for bankruptcy, it would have been paid in the form of equity. However, the Debtor fails to discuss the application of section 510(b) and whether the Conditional Equity had the upside of a Lehman equity holder. Please see my previous response to Debtor's paragraph 10 Reply above.

4. **The Outstanding Claims are not based on damages that arise from the purchase or sale of a security and, therefore, section 510(b) is inapplicable.**

Debtor's Reply in paragraph's 20-25 of the Annotated Reply:

MY RESPONSE: The Debtor's Reply is not applicable to the merits of my Claim. The Debtor fails to discuss my specific Claim as it relates to the application of section 510(b) and whether the Conditional Equity had the upside of a Lehman equity holder. Please see my previous response to Debtor's paragraph 10 Reply above.

5. **Respondents thought they would receive cash because they received statements that attributed value to their equity Awards.**

Debtor's Reply in paragraph's 41 of the Annotated Reply:

MY RESPONSE: The Debtor's Reply is not applicable to the merits of my Claim. The Debtor fails to discuss my specific Claim as it relates to the application of section 510(b) and whether the Conditional Equity had the upside of a Lehman equity holder. Please see my previous response to Debtor's paragraph 10 Reply above.

Conclusion

Each of the Debtor's Annotated Replies fails to address or discredit the merits of my Claim. Specifically, the Debtor fails to address how section 510(b) of the bankruptcy code applies in my specific Claim. Further, the Debtor, does not refute the reasons and case law that I have raised in my May 2011 Response.

Given that the Conditional Equity was contractually capped at a calculated amount, it compromised any right to share in the profits of Lehman. Per these reasons, the Conditional Equity amount should be not be reclassified as and equity interest security as the Debtor alleges, but should be allowed as a general unsecured claim against the Debtor.

Reservation of Rights

I hereby reserve any and all rights to make any further arguments with respect to my Claim which may include other Omnibus claimants' arguments as it relates to the Debtor's Omnibus Objections.

Dated: February 13, 2012

*[signature]*

Randall Hutton

22 Hillside Lane
New Hope, PA 18938
215-693-1068
Claim Number: 14023

Distribution / Delivery by hardcopy and 3.5 inch disk:

The Chambers of the Honorable James M. Peck
One Bowling Green
Courtroom 601
New York, NY 10004

Weil, Gotshal & Manges LLP
767 Fifth avenue
New York, NY 10153
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

Office of the United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.)

Milbank, Tweed, Hadley & McCloy LLP,
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Dennis F. Dunne, Dennis O'Donnell, Esq and Evan Fleck, Esq.)