February 13, 2012

Theresa J. Carpenter
72 North State Road, # 170
Briarcliff Manor, NY 10510
(917)816-6552

**Bankruptcy Court**
United States Bankruptcy Court
Southern District of New York

**Debtors**
Lehman Brothers Holdings Inc.

**Case Number**
Chapter 11 Case No. 08-13555 (JMP)

Title of the Objection: Claim to be Disallowed and Expunged/Reclassified as Equity

Name of claimant and description: Theresa J. Carpenter

Claim Number and Date filed: #67688 – October 13, 2011

Classification and Amount: PRIORITY: $51,555.84

Description and Statement of the Objection from Claimant:
I object to my claim being disallowed and expunged/reclassified as equity. The claim is for my unpaid Severance Agreement from Lehman Brothers. Please see attached agreement which outlines the terms of the package.

I was informed from Lehman Brothers Human Resource department that my package would be fully paid by Lehman Brothers Holdings as they are responsible for payment of Severance Agreements.

**Please note all evidence is attached**

Please direct all correspondence/responses to:
Theresa Carpenter
72 North State Road, # 170
Briarcliff Manor, NY 10510
(917)816-6552

*Theresa Carpenter*

Cc:  Honorable James M. Peck – Bowling Green Courtroom ✓
   Robert J. Lemons, Esq. – Weil Gotshal & Managers LLP
   Mark Bernstein, Esq. – Weil Gotshal & Managers LLp
   Tracy Hope Davis, Esq. – Office of US Trustee for Region 2
   Elisabetta Gasparini, Esq. – Office of US Trustee for Region 2
   Andrea Schwartz, Esq. – Office of US Trustee for Region 2
   Dennis F. Dunne, Esq. – Milbank, Tweed, Hadley & McCloy LLP
   Dennis O'Donell, Esq. – Milbank, Tweed, Hadley & McCloy LLp
   Evan Fleck, Esq – Milbank, Tweed, Hadley & McCloy LLP



RECEIVED FEB 14 2012 BANKRUPTCY COURT, SDNY JMP

# LEHMAN BROTHERS

MARC A. THOMAS
VICE PRESIDENT

September 9, 2008

Theresa J. Yost
By Hand

Dear Theresa:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1. Today will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of March 14, 2009 or the date on which you become actively employed with another firm (the "separation date"), as follows.

    a. You will continue to receive your current base salary and benefits continuation through November 8, 2008 (the "notice period").

    b. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 16 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through March 14, 2009.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Provided you sign and comply with this agreement, you will remain eligible to submit and receive tuition reimbursement for courses that were approved and in progress prior to your last day worked. You agree to assume any and all federal, state and local tax liability associated with the tuition reimbursement you have received from Lehman Brothers.

4. Lehman Brothers has retained Right Management Consultants to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call John Henrikson at (800) 490-8494.

5. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

6. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

Theresa J. Yost
page 2

7. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

8. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

9. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

**Firm Property; Confidential Information**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned, received, or developed while an employee of Lehman is and shall remain the exclusive property of Lehman. You agree that you will not, without Lehman's express

Theresa J. Yost
page 3

written consent, (1) disclose any of Lehman's confidential or proprietary information to any entities or individuals outside of Lehman, including to any competitors, the media, or other third parties, or (2) use such information for your own personal benefit or for the benefit of any individual or entity other than Lehman. You further agree to return to Lehman any and all Lehman property that you possess, including Lehman confidential or proprietary information, within one week after your last day of active employment.

### Registration

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

### Disparaging Remarks

You agree not to make any remarks now or at any time in the future to any third party, including to a client, a competitor, or the media, that could be detrimental in any way to Lehman or to individual directors or employees of Lehman. This does not restrict your ability to respond to any inquiry that you may receive from applicable regulatory authorities or to disclose information pursuant to subpoena or legal process.

### Future Cooperation

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

### Arbitration

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

### Consultation with Attorney

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

### Separation Booklet

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

### Employment Inquiries

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in

Theresa J. Yost
page 4

order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

**Entire Agreement**

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

**Successorship; Controlling Law**

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New York, without regard to conflict of law principles.

**Period for Review and Consideration of Agreement**

You have been given a period of fourteen (14) days from the date of this letter to review and consider this agreement before signing it. Please return this document to my attention in one of the following ways:

| | |
|---|---|
| By Mail: | 745 Seventh Avenue<br>New York, NY 10019 |
| or by Fax: | (646) 758-3409 |
| or by E-Mail: | lara.rosenberg@lehman.com |

You may use as much of this of fourteen (14) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

*Marc A. Thomas* (cp)
Marc A. Thomas

_____
Theresa J. Yost

_____
Date

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                                        Debtors.               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

LBH 0254 EX A 02-07-2012 (MERGE2,TXNUM2) 4000125601 BAR(23) MAIL ID *** 000057644332 *** BSIUSE: 134

CARPENTER, THERESA J.
72 NORTH STATE ROAD # 170
BRIARCLIFF MANOR, NY 10510

## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.

## IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION, PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

| CLAIM TO BE DISALLOWED & EXPUNGED/RECLASSIFIED AS EQUITY | | |
|---|---|---|
| **Creditor Name and Address:**<br>CARPENTER, THERESA J.<br>72 NORTH STATE ROAD # 170<br>BRIARCLIFF MANOR, NY 10510 | **Claim Number:** | 67688 |
| | **Date Filed:** | 10/13/2011 |
| | **Debtor:** | 08-13555 |
| | **Classification and Amount to be Disallowed:** | PRIORITY: $ 51,555.84 |

PLEASE TAKE NOTICE that, on February 7, 2012, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge and/or reclassify as equity the claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED/RECLASSIFIED AS EQUITY on the grounds that (as applicable): (i) the Debtors have no liability for compensation related to your employment with entities that are not Debtors in these chapter 11 cases; (ii) the Debtors have no liability for deferred compensation that is not a liability of the Debtors; (iii) the Debtors have no liability for the value of a 401(k) savings plans or loss in the value of a 401(k) savings plans; (iv) the Debtors have no liability for any pension-related obligations pursuant to Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), and a settlement with the Pension Benefit Guaranty Corporation (the "PBGC") and (v) the ownership of preferred stock, common stock, or other equity interest (collectively, the "Stock") constitutes an equity interest in a Debtor but does not constitute a claim against a Debtor's estate as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code"). Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof. Any claim that the Bankruptcy Court reclassifies as an equity interest will not be classified as a claim against LBHI but rather will be treated equivalent with other equity interests in LBHI.

If you do NOT oppose the disallowance and expungement/reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED/RECLASSIFIED AS EQUITY, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

If you DO oppose the disallowance and expungement of your claim and/or reclassification of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED/RECLASSIFIED AS EQUITY, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on March 6, 2012 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on March 22, 2012 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge/reclassify your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED/RECLASSIFIED AS EQUITY, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: February 7, 2012
New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Robert J. Lemons

ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

B 10 (Official Form 10) (04/10)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Lehman Brothers Holding Inc | Case Number: |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:
Theresa J. Carpenter
72 North State Road, # 170
Briarcliff Manor, NY  10510

Telephone number:
(917) 816-6552

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 18145
(If known)

Filed on: 09/18/2009

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $ 51,555.84

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. Basis for Claim:  unpaid severance agreem
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:

Value of Property:$_____   Annual Interest Rate _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☑ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$ 51,555.84

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

Date:

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

October 12, 2011

Theresa J. Carpenter
72 North State Road, # 170
Briarcliff Manor, NY 10510
(917)816-6552

Lehman Brothers Inc, Claims Processor
c/o EPIQ Bankruptcy Solutions
10300 South West Allen Blvd.
Beaverton, Oregon 97005

<u>Debtors</u>
Lehman Brothers Inc.

Please note: Theresa J. Carpenter – formerly known as Theresa J. Yost. Name change due to marriage.

**Please note all evidence is attached**

<u>Please direct all correspondence/responses to</u>:
Theresa Carpenter
72 North State Road, # 170
Briarcliff Manor, NY 10510
(917)816-6552