Lisa R. Bogert
13311 Lost Creek Road
Tomball, Texas 77375

*Claimant: Lisa R. Bogert (Claim No. 33233)*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re

                                                                      Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.     08-13555 (JMP)

                        Debtors.              (Jointly Administered)
-----------------------------------------------------------------x

CLAIMANTS' SUR-REPLY IN FURTHER OPPOSITION TO DEBTORS' SEVENTY
THIRD, ONE-HUNDRED EIGHTEENTH AND TWO HUNDRED SEVENTH
OMNIBUS OBJECTIONS TO CLAIMS
(TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

        Claimant Lisa R. Bogert (Claim No. 33233) submits this sur-reply memorandum of law in further opposition to Debtors' Seventy Third, One Hundred Eighteenth and Two Hundred Seventh Omnibus Objections to Claims, which include the claims made by the Neuberger Berman Claimant. As demonstrated more fully in the Claimants' Opposition to Debtor's One Hundred Eighteenth Omnibus Objections to Claims and not all refuted by debtors in either of their initial Omnibus Reply Briefs or their Supplemental Annotated Omnibus Reply to Responses, dated January 24, 2012, the Neuberger Berman Claimant's claim should not be reclassified as equity interests under 1 1 U.S.C. 510(b). The Neuberger Berman Claimant was not afforded the opportunity to fairly negotiate her employment and compensation contract with Lehman Brothers Holdings, Inc. (Lehman), when her employer, Neuberger Berman Inc., was acquired by Lehman. The claimant was presented with two choices to either 1) starting employment with Lehman, which required a substantial percentage to be withheld from her earned compensation for at least five years in the form of Restricted Stock Units ("RSUs") or 2) seeking new employment and giving up significant dollars of previously earned, but not yet paid, compensation from Neuberger Berman and losing client relationships that she had developed over many years. The Neuberger Berman Claimant has shown that her participation scheme was an involuntary product of the 2003 acquisition of Neuberger

RECEIVED
FEB 15 2012
U.S. BANKRUPTCY COURT, SDNY
JMP

Berman by Lehman. In order to continue her career with Neuberger Berman, support herself and her family, and to retain her client base, the Neuberger Berman Claimant was forced to participate in the restricted compensation scheme or all would have been forfeited-- her career, livelihood and book of business.. The Neuberger Berman Claimant did not willingly accept the RSUs in return for her labor. The RSUs were involuntarily forced upon the Neuberger Berman Claimant without her having any choice to alternative employment at Lehman. The Neuberger Berman Claimant was not paying for RSUs with cash in order to trade cash compensation for the potential upside of stock ownership. This was a mandatory condition in order to continue employment. In response to the Neuberger Berman Claimant's overwhelming of compulsion of a lack of volition that thoroughly defeats debtors' claim that Neuberger Berman Claimant's voluntarily purchased Lehman stock with her labor and, thus, should have her compensation claim reclassified under 510(b) as equity interests. Debtors ignored the fact that the Neuberger Berman Claimant did not willingly engage in exchange of labor for Equity Awards when the trust is clearly the opposite. The Neuberger Berman Claimant was forced to accept RSUs for the cash compensation that she had earned and to which she was entitled to. The earned compensation was not a discretionary bonus.

    A percentage of the Neuberger Berman Claimant's earned compensation was withheld by Lehman from 2003-2007 as Equity Awards. Each month a report was provided regarding the amount of cash that was withheld. The cash amounts withheld from December 1, 2007 through the filing of the Lehman bankruptcy in September 2008, were treated very differently. Recognizing the distinctiveness of the Neuberger Berman and its Managing Directors within Lehman, all 2008 deferred cash amounts were paid to Neuberger Claimant in cash in January 2009. This position clearly recognizes that the compensation scheme force upon the Neuberger Berman Claimant made all earned compensation amounts withheld were not equity. All prior years of compensation being shown in RSUs should be regarded not as any type of equity interest but as compensation that is due and owing to the Neuberger Berman Claimant.

By: *[signature]*
Lisa R. Bogert, Claimant (No.33233)

2/13/2012

To: **HONORABLE JAMES M. PECK**
    One Bowling Green
    Courtroom 601
    New York, New York 10004


**WEIL, GOTSHAL & MANGES LLP**
*Attorneys for the Debtors*
767 Fifth Avenue
New York, New York 10153
Attn: Robert J. Lemons, Esq.
      Mark Bernstein, Esq.


**OFFICE OF THE UNITED STATES TRUSTEE FOR REGION 2**
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Tracy Hope Davis, Esq.
      Elisabeth Gasparini, Esq.
      Andrea B. Schwartz, Esq.


**MILBANK, TWEED, HADLEY & MCCLOY LLP**
*Attorneys for the Official Committee of Unsecured Creditors*
1 Chase Manhattan Plaza
New York, New York 10005
Attn: Dennis F. Dunne, Esq.
      Dennis O'Donnell, Esq.
      Evan Fleck, Esq.