Neuberger Berman LLC
605 Third Avenue
New York, NY 10158-3698
Tel. 212.476.9000

NEUBERGER | BERMAN

February 14, 2012

The Honorable James M. Peck
One Bowling Green – Courtroom 601
New York, NY 10004

Weil Gotshal & Manges, LLP
767 Fifth Avenue
New York, NY 10153
Attn: Robert J. Lemons, Esq. & Mark Bernstein, Esq.

The Office of The United States Trustee Region 2
33 Whitehall Street – 21st Floor
New York, NY 10004
Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.

Re:   Lehman Brothers Holdings Inc. et al Debtors

United States Bankruptcy Court
Southern district of New York

Creditor Name and Address:
Marshall, Nikki A
12 Thomas Road
Westport, CT 06880

Chapter 11 Case number 08-13555 (JPM)
(Jointly Administered)

To Whom It May Concern::

I am responding to the notice of debtor's supplemental annotated omnibus reply to responses to debtors' seventy-third, one hundred eighteenth, one hundred thirtieth, one hundred thirty-first, one hundred thirty-third, one hundred thirty-fourth, one hundred thirty-fifth, one hundred seventy-sixth, and two hundred and seventh omnibus objection to claims (to reclassify proofs of claim as equity interest)



RECEIVED
FEB 14 2012
U.S. BANKRUPTCY COURT, SDNY
JMP

Nikki Marshall
Pg 2.

I object to the claim for the following reasons:

These funds were withdrawn from my wages and as such are earned compensation over the years from 10/31/2003 to 9/15/2008, not equity in LBHI. The funds represent compensation for services that the Debtor would otherwise have had to pay for in cash. The claim is not based on damages arising from the purchase or sale of a security, therefore, section 510 b is not applicable. There is a longstanding tradition in public policy against forfeiture of earned compensation under NY State law. The debtors have been unjustly enriched by virtue of my labor over 4 ¾ years.

The deferred compensation plan was not a voluntary plan. I was a Neuberger Berman employee working for commissions only when the merger with Lehman occurred. The Lehman plan was a take it or leave it plan, there was no bargaining for my services.

The background is as follows: I was under contract not to solicit my clients. I had spent many years building up a book of business. The merger occurred during the technology Bear market which roiled the markets for three years. If I had opted not to accept this plan, I would not have been allowed to continue my job for Lehman. My only alternative would be to find other employment in the middle of this merger and one of the worst bear markets since the 70s. It was not practical to do so. The entire premise of the debtors' argument that I bargained for equity is false.

I had no rights under the plan until the assets vested and the principal in my compensation account was converted to equity shares which had not occurred.

I had no other investment choice.

The debtor was a fiduciary of the plan. The debtor breached their fiduciary obligation resulting in the loss of my earned compensation.


*Nikki Marshall*
Nikki Marshall
Home 203-222-9618
Cell 917-520-5951
Nikkimarshall203@gmail.com

Unique id number- 5552508-40