# Exhibit I

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS INC.,<br><br>           Debtor. | Case No. 08-01420 (JMP) SIPA |

<u>ORDER APPROVING SETTLEMENT AGREEMENT BETWEEN
TRUSTEE, BARCLAYS CAPITAL INC. AND JPMORGAN CHASE BANK, N.A.</u>

Upon consideration of James W. Giddens' (the "Trustee"), as trustee for the SIPA liquidation of Lehman Brothers Inc. ("LBI" or "Debtor"), Motion under 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement (the "Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that due and proper notice of the Motion and the relief requested therein having been given in accordance with the Order to Show Cause and Notice Fixing Hearing Date to Consider Trustee's Motion under 11 U.S.C. §§ 105 and 363 and Fed. R. of Bankr. P. 9019(a) for Entry of an Order Approving Settlement Agreement, and no other or further notice need be given; and the relief requested in the Motion being in the best interests of LBI, its estate, customers and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein and that the settlement is fair and reasonable, and after due deliberation and sufficient cause appearing therefor, it is

      **ORDERED** that the Motion is granted in all respects; and it is further

**ORDERED** that the settlement agreement (the "Settlement Agreement")[1] is authorized and approved pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and sections 105(a) and 363 of the Bankruptcy Code; and it is further

**ORDERED** that the Trustee is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

**ORDERED** that nothing in this Order shall bind, be collateral estoppel or otherwise prejudice any other matter in this case, the Chapter 11 Cases or any related case with respect to the facts alleged in the Motion or in the accompanying Moore Declaration, Leventhal Declaration, or LaRocca Declaration, other than the approval of the Settlement Agreement and the authorization for the Trustee to take such action and execute the Settlement Agreement and such documents as may be necessary or appropriate to effectuate the Settlement Agreement and transfer of the Settlement Securities and Settlement Payment to Barclays; and it is further

**ORDERED** that except as provided in section 9 of the Settlement Agreement, the Court shall retain jurisdiction to (i) enforce and implement the terms and provisions of the Settlement Agreement and resolve disputes thereunder and (ii) implement and enforce the provisions of this Order; and it is further

**ORDERED** that all objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits; and it is further

---

[1] Terms not otherwise defined herein shall have the meaning ascribed in the Settlement Agreement.

**ORDERED** that nothing in this Order shall be interpreted as a finding or determination that any of the parties who filed objections to the Trustee's Motion are parties in interest or have standing to participate in discovery or otherwise in this SIPA proceeding; and it is further

**ORDERED** that the failure to specifically include any particular provision of the Settlement Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Trustee's implementation of the transactions contemplated in the Settlement Agreement be approved in its entirety; and it is further

**ORDERED** that the stay of this Order provided by the Bankruptcy Rules (including Bankruptcy Rule 6004) whether for ten (10) days or otherwise shall not be applicable to this Order, and this Order shall be effective and enforceable immediately upon entry.

Dated:   New York, New York
         December 22, 2008

                                              _/s/ James M. Peck_____
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge