UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                  :    Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :    08-13555 (JMP)
                                                       :
                                    Debtors.           :    (Jointly Administered)
------------------------------------------------------------------x

### FIRST SUPPLEMENTAL ORDER GRANTING DEBTORS' ONE HUNDRED EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (COMPOUND CLAIMS)

Upon the one hundred eighty-fifth omnibus objection to claims, dated September 6, 2011 (the "Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking the disallowance and expungement of the Compound Claims on the basis that the Debtors have no liability for such claims and/or seeking to reclassify the Compound Claims as a common equity interest, all as more fully described in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' One Hundred

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims.

Eighty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*" are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portions of the Compound Claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Reclassified as Equity Interest*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that the Debtors have adjourned the hearing on the One Hundred Eighty-Fifth Omnibus Objection to Claims to March 22, 2012 with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors have withdrawn without prejudice the One Hundred Eighty-Fifth Omnibus Objection to Claims, solely as it relates to the claims listed on Exhibit 3 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' One

Hundred Eighty-Fifth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       February 27, 2012

                                   *s/ James M. Peck*
                                 UNITED STATES BANKRUPTCY JUDGE