UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | x | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

---

### ORDER AUTHORIZING RETENTION OF RICHARD GITLIN, FEE COMMITTEE CHAIR, AND GODFREY & KAHN, S.C. AS COUNSEL TO THE FEE COMMITTEE TO CONDUCT RETROSPECTIVE REVIEW OF PROFESSIONAL COMPENSATION, <u>*NUNC PRO TUNC*</u> TO DECEMBER 1, 2011

Upon the *Application of the Fee Committee to Retain the Chairman and Committee Counsel for Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* (the "**Application**"), unanimously approved and submitted by its Chairman, Richard Gitlin (the "Independent Member"), for an order pursuant to 11 U.S.C. §§ 327, 328, and 330 and pursuant to the *Order Amending the Fee Protocol* [Docket No. 15998] ("**Amended Fee Protocol**"), authorizing the Fee Committee to retain Godfrey & Kahn, S.C. ("**Godfrey & Kahn**") as counsel to provide services as set forth in the Application and herein; and upon the Affidavit of Brady C. Williamson (the "**Williamson Affidavit**"), annexed to the *Application of the Fee Committee for Authorization to Employ and Retain Godfrey & Kahn, S.C., as Counsel to the Fee Committee Nunc Pro Tunc to January 24, 2011* [Docket No. 14956] the ("**Original Application**") as <u>Exhibit A</u>; and notice of the Application having been given as set forth in the Notice of Presentment; and it appearing that such notice is due and sufficient and that no further or other notice is required; and the Court being satisfied that Godfrey & Kahn does not hold or represent an interest adverse (except as otherwise noted) to the Debtors' estates and that Godfrey & Kahn is a "disinterested person" as such term is defined under section 101(14) of the

Bankruptcy Code, and that the expanded retention of Richard Gitlin and Godfrey & Kahn for retrospective review is necessary and in the best interests of the Fee Committee and these cases; and the Court having determined that the legal and factual basis set forth in the Application establishes just cause for the relief granted in this order; and after due deliberation and sufficient cause appearing therefore, accordingly,

**IT IS HEREBY ORDERED THAT:**

1. Subject to the terms and conditions of this Order, the Application is granted as set forth herein.

2. The Fee Committee is authorized to employ, retain, compensate, and reimburse Richard Gitlin as its chair and Godfrey & Kahn as its counsel pursuant to sections 327, 328 and 330 of the Bankruptcy Code on the expanded terms and conditions set forth in the Application and this Order, effective *nunc pro tunc* to December 1, 2011.

3. In addition to those services set forth in the Original Application, Godfrey &Kahn shall provide the Fee Committee with the full range of legal services necessary to represent the Fee Committee in completing its analysis of "applications for interim compensation and reimbursement of expenses filed subsequent to the Petition Date (September 15, 2008) that were resolved or rejected, in whole or in part, prior to the entry of the Fourth Amended Interim Compensation Order." *See* Original Application at ¶ 17(b).

4. The flat fee set forth at paragraph 12 of the Application shall compensate Godfrey & Kahn and the Independent Member for their retrospective review work, commencing December 1, 2011 and until further order of the Court, for the review and analysis of applications for fees and expenses for services rendered by the Retained Professionals that were previously reviewed, but not resolved, by Feinberg Rozen.

5. In performing such review and analysis, Godfrey & Kahn and the Independent Member shall not recommend that the Fee Committee seek to amend or vacate any negotiated quantitative adjustments or agreements made by the Committee with any Retained Professionals prior to the execution of this Amended Fee Protocol related to applications for compensation for the first through fourth interim fee periods that were previously approved and allowed as interim (the "Excluded Matters").

6. Godfrey & Kahn and Richard Gitlin shall continue to be compensated and reimbursed for their expenses consistent with the Application and the Amended Fee Protocol.

7. To the extent of any inconsistency between the terms of the Application, the Williamson Affidavit and this Order, the terms of this Order shall control.

8. The compensation structure and/or payment arrangements set forth in the Application may not be modified or amended without further order of the Court.

9. Notwithstanding the payment arrangements outlined in the Application and notwithstanding section 328 of the Bankruptcy Code, Godfrey &Kahn and the Independent Member shall continue to apply, retrospectively, for the interim and final allowance of compensation and reimbursement of expenses in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and any otherwise applicable administrative orders and guidelines.

10. Nothing contained herein shall affect any of the rights and obligations imposed by the Amended Fee Protocol, as approved by the Order Amending Fee Protocol [Docket No. 15998] (the "Amended Fee Protocol"). To the extent of any inconsistency between the terms of this Order and the Amended Fee Protocol, the Amended Fee Protocol shall control.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order, including (i) any disputes concerning the scope of the Excluded Matters; and (ii) any motions or applications to amend the Order.

Dated:  New York, New York
        February 27, 2012

    *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE