UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
                                              :
In re                                         :   Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      :   08-13555 (JMP)
                                              :
                        Debtors.              :   (Jointly Administered)
                                              :
-------------------------------------------------------------x

## DECLARATION OF JEFFREY FITTS IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT AGREEMENT WITH LEHMAN RE LTD AND CERTAIN OTHER PARTIES

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Fitts, declare:

1. I am over 18 years of age and make these statements based on my personal knowledge, my review of the business records of the Debtors,[1] and/or my consultation with employees of the Debtors, their affiliates, and Alvarez & Marsal North America, LLC. If called to testify, I could testify to the truth of the matters set forth herein.

2. I make this declaration on behalf of the Debtors in support of the Debtor's motion (the "Motion"), pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for approval of a Settlement Agreement with Lehman Re and certain other parties.

3. I am a Managing Director with Alvarez & Marsal Real Estate Advisory Services ("A&M"). Since 1989 I have been assisting insolvent and troubled companies, with a focus on operational and financial restructuring efforts. Prior to joining A&M, I was a Managing Director with GE Commercial Finance ("GE"), where I led GE's Distressed Debt and Alternative Investment Group and managed complex distressed credits. Before joining GE, I

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

was with the Corporate Workout Division (IRM) of Citicorp, where I spent three years managing investment grade and middle market corporate workouts. I began my career in 1990 as a workout officer and, later, an asset manager with Citicorp Real Estate, where I managed more than $1 billion of office, retail, and industrial projects. I received a bachelor's degree from the University of Delaware in 1988.

4. I was assigned to the representation of Lehman in September 2008. I currently serve as the Co-Head of Lehman's real estate group (the "Real Estate Group"). My primary responsibility includes the day-to-day management and oversight of the Real Estate Group's portfolio, including management and oversight of the real estate, real estate finance and related activities that are the subject of the Motion and this Declaration. I am a member of the Real Estate Group's Investment Committee, which is charged with approving certain of the Real Estate Group's investment decisions.

5. I have knowledge of the facts and representations set forth in the Motion regarding LCPI's purchase of the Repurchased Loans. On behalf of the Debtors, I was directly involved, as well as supervised member of the Real Estate Group who participated in, the negotiations with Lehman Re and other parties, including Pulsar, regarding the Repurchased Loans. I have reviewed the Motion, and as it relates to LCPI, it accurately reflects the foregoing.

6. As a result of the deep and rigorous diligence that LCPI conducted in connection with its analysis of the LCPI Repo Claim, I have determined that the Repurchased Loans offer substantial value to LCPI's estate and creditors. I, and members of the Real Estate Group under my supervision, have reconciled the LCPI DCF Analysis with the valuation prepared by Eastdil for Lehman Re. I have spent considerable time and resources negotiating at arms'-length with Lehman Re and its real estate professionals to arrive at a fair price for the

Repurchased Loans. The purchase of the Repurchased Loans will confer certain strategic benefits to LCPI because LCPI is already invested in the capital structure of many of the assets underlying the Repurchased Loans. Combined with the asset management capabilities of the Debtors and their financial advisors, LCPI will therefore have the opportunity to realize a substantial profit through proactive management of the Repurchased Loans. For these reasons, I have concluded, in my sound business judgment, that the purchase of the Repurchased Loans by LCPI pursuant to the terms of the Settlement Agreement for a purchase price of $32 million is in the best interest of LCPI's estate and creditors, and all other parties in interest, and should be approved.

7. I have also devoted considerable time consulting with the Debtors' US attorneys considering the legal risks and uncertainty of litigation concerning the calculation of the LCPI Repo Claim. It is my understanding that litigation over the soundness of the LCPI DCF Analysis would be extremely fact intensive, requiring detailed discovery, evidentiary hearings, and expert testimony. I have carefully evaluated the potential cost and delay attendant to such litigation, and weighed these costs against the legal risks referenced above and the net benefits that such litigation could offer to LCPI. Based on these considerations, I have determined that it is in the best interests of LCPI and its economic stakeholders to allow the LCPI Repo Claim in the negotiated amount set forth in the Settlement Agreement. In my judgment, this amount represents a fair compromise that reflects the relative risks and expense of any potential litigation over the LCPI Repo Claim. In addition, by agreeing to allow the LCPI Repo Claim pursuant to the Settlement Agreement, LCPI has also negotiated a fair price for the Repurchased Loans which will allow LCPI to fully maximize the value of these loans for the benefit of LCPI's creditors.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 21st day of February, 2012.

_____
Jeffrey Fitts