UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
:
                               Debtors.         :    (Jointly Administered)
:
-----------------------------------------------------------------x

### DECLARATION OF DANIEL J. EHRMANN IN SUPPORT OF DEBTORS' MOTION PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT AGREEMENT WITH LEHMAN RE LTD AND CERTAIN OTHER PARTIES

Pursuant to 28 U.S.C. § 1746, I, Daniel J. Ehrmann, declare:

1.  I am over 18 years of age and make these statements based on my personal knowledge, my review of the business records of the Debtors,[1] and/or my consultation with employees of the Debtors, their affiliates, and Alvarez & Marsal North America, LLC ("A&M"). If called to testify, I could testify to the truth of the matters set forth herein.

2.  I make this declaration on behalf of the Debtors in support of the Debtor's motion (the "Motion"), pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019 for approval of a Settlement Agreement with Lehman Re and certain other parties.

3.  I am a Managing Director with A&M. I was assigned to the Lehman matter in September 2008. One of my primary areas of responsibility is the management of all international and foreign matters of the Debtors. I began my career as an attorney practicing law in France for five years. I have specialized in turnaround and restructuring with A&M since 2000, serving in a variety of interim management, advisory, and financial restructuring roles.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

4. On behalf of the Debtors, I led the negotiations with Lehman Re and other parties that resulted in the Settlement Agreement described in the Motion. Mr. Jeffrey Fitts, a Managing Director of Alvarez & Marsal Real Estate Advisory Services, was directly involved with, and otherwise separately supervised the negotiation with Lehman Re regarding the Repurchased Loans, which are the subject of his declaration filed contemporaneously herewith (the "Fitts Declaration"). I have knowledge of the facts and representations set forth in the Motion regarding the NWMA, the MRA, the trading relationships between Lehman Re and both LBSF and LBCC, and the settlement of all claims between the Lehman US Parties and Lehman Bermuda Parties. I have reviewed the Motion and it accurately reflects the foregoing. I have considered the benefits of the Settlement Agreement from the perspective of, and a fiduciary for each of the Debtors, and concluded that the Settlement Agreement is in each of the Debtors' best interests and should be approved.

5. Over the past two years, I have consulted extensively with the Debtors' attorneys in respect of the proper calculation of the NWMA Claim. Based on this analysis, it is clear to me that any litigation concerning the proper calculation of the NWMA Claim would be highly uncertain, time-consuming, and expensive. In making this determination, I have been persuaded by my understanding that:

- litigation over issues such as the proper means of determining Lehman Re's assets and liabilities would require extensive testimony by Bermuda law experts with respect to the proper interpretation and application of the NWMA in the highly unusual circumstances of the Debtors' chapter 11 cases; and

- litigation relating to the proper accounting of Lehman Re's assets and liabilities is likely to be highly fact intensive, requiring extensive discovery concerning each of Lehman Re's assets (and potential realizable value thereof) and liabilities, and the parties respective estimates and projections with respect thereto.

Having considered the relative risks and benefits of pursuing such litigation, I have determined that the negotiated resolution of the NWMA Claim pursuant to the Settlement Agreement is fair and reasonable, and undeniably preferable to engaging in potentially expensive and protracted litigation over the proper calculation of the NWMA Claim.

6. The Settlement Agreement also resolves Lehman Re's claims against LBSF and LBCC in amounts that fairly reflect the fully reconciled books and records of the parties. Thus, as a whole, the Settlement Agreement achieves a full and final reconciliation of all intercompany claims and disputes between the Debtors and Lehman Re, and arrives and mutual compromises and concessions that are in the best interests of each of the Debtors and their respective economic stakeholders, while avoiding the risks and expense of prolonged litigation over the calculation of claims arising from the both the NWMA and the MRA. In my judgment, the Settlement Agreement is fair and reasonable as it relates to each Debtor, and is in the best interests of each of the Debtors' estates and creditors.

7. The Settlement Agreement resolves disputes concerning the allocation of certain tax benefits and liabilities. Although as part of the settlement, Lehman Re and Congress Life will have the benefit of up to $150 million of net operating losses otherwise allocable to LCPI or LBHI, the Debtors do not believe that this reallocation of net operating losses with have any detrimental or prejudicial effect on them. The Settlement Agreement also provides for (i) certain releases of the Broadway Partners, which indirectly benefit the Debtors because the Broadway Partners are borrowers under certain of the MRA Loans, and (ii) mutual releases between the Lehman US Parties and Pulsar, together with the withdrawal of the Pulsar Adversary Proceeding, both of which directly benefit the Debtors. For these reasons, the Motion and the Settlement Agreement should be approved.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 23d day of February, 2012.

_____
Daniel J. Ehrmann