B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re        Lehman Brothers Holdings Inc, et al, Debtors        Case No. 08-13555

## PARIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **MERRILL LYNCH INTERNATIONAL** | **SOCIETA'       CATTOLICA       DI ASSICUTAZIONE – Società Cooperativa** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
Should be sent
Merrill Lynch International
2 King Edward Street,
London, EC1A 1HQ
United Kingdom
Attn: James Russell

Court Claim # (if known): 44622
Total Amount of Claim as Filed:
 US$ 36,234,815.68
Amount of Claim as Filed with respect to
ISIN XS016355984: US$   1,247,874.69
Amount of Claim Transferred with respect
to ISIN XS016355984 : US$1,247,874.69
(or  100.00% of the above Amount of Claim
as Filed with respect to ISIN XS016355984)

Amount of Claim as Allowed pursuant to the
 Notice of Proposed Allowed Claim Amount
with respect to ISIN XS016355984 :
US$ 1,250,890.93
Amount of Claim Transferred with respect

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

B 210A (Form 210A) (12/09)

to ISIN XS016355984 : US$ 1,250,890.93
(or  100.00% of the above Amount of Claim
as Allowed with respect to respect to ISIN
XS016355984)

**Date Claim Filed**:  23rd October, 2009

Name and Address where transferee payments
should be sent (if different from above):

Phone:                                              Phone:
Last Four Digits of Acct. #:                        Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best
of my knowledge and belief.

By: _____                       Date: 21st February, 2012

**MERRILL LYNCH INTERNATIONAL**

Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

**Agreement and Evidence of Transfer of Claim**

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **SOCIETA' CATTOLICA DI ASSICURAZIONE – Società Cooperativa** having its corporate seat at Verona - Italy, Lungadige Cangrande 16 and its registered office at Verona ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Merrill Lynch International** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44622** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) any guaranty related to the Purchased Claim, (c) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) all exhibits, attachments and/or supporting documentation relating to the Purchased Claim (the "Claim Documents"), and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the security or securities (any such security, a "Purchased Security") relating there to and specified in Schedule 1 attached hereto, and (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c) the "Transferred Claims").

2.    Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances of any kind or nature whatsoever; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor any other party owning legal or beneficial interest in the Transferred Claim of Purchased Security engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors and (g) to Seller's knowledge the Notice of Proposed Allowed Claim Amount ("Notice") for claim **44622** provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim **44622.**

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the claim be delivered or made to Purchaser.



4.        All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.        Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. On or as soon as possible after the date hereof, Seller shall transfer to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.

6.        Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.


IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2\ day of February 2012.


**SOCIETA' CATTOLICA DI ASSICURAZIONE – Merrill Lynch International**
**Società Cooperätiva**

By:_____
Name: Piero Gavazzi
Title:  Chief Financial Officer

By:_____
Name:
Title:

**Societa' Cattolica di Assicurazione – Società Cooperativa**
Lungadiage Cangrande 16
37126 Verona - Italy

Attn: Alberto Paradisi
Tel: 00 39 045 839 1174
Fax: 00 39 045 839 1750
Email: alberto.paradisi@cattolicaassicurazioni.it

**Merrill Lynch International**
2 King Edward Street,
London, EC1A 1HQ
United Kingdom

Attn: James Russell
Tel: 00 44 20 7995 8045
Email: james.r.russell@baml.com

Schedule 1

Transferred Claims

Lehman Programs Securities to which Transfer Relates

XS0163559841= US$ 1,247,874.69 (the outstanding amount of the Proof of Claim as of __2_1_ February, 2012 with respect to XS0163559841 ).

Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Purchased Claim represents US$1,250,890.93, which is 100.00% of the total Proposed Allowed Claim Amount of US$1,250,890.93 with respect to XS0163559841

3.4438554492% = US$ 1,247,874.69 of total Proof of Claim filed of US$ 36,234,815.68

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co B.V. Issue of EUR 15,000,000 Euro Inflation Linked Notes Due March 2011 which will become fungible with the EUR 50,000,000 Euro Inflation Linked Notes due March 2011 Issued on 14 March 2003 (the "Existing Notes") Guaranteed by Lehman Brothers Holdings Inc Under the US$ 15,000,000,000 Euro Medium-Term Note | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 865,000.00 | Fixed Rate and Index Linked | 14 March, 2011 |