WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.           :    08-13555 (JMP)
                                                :
              Debtors.                          :    (Jointly Administered)
                                                :
                                                :
------------------------------------------------------------------x
```

**DECLARATION OF JEFFRY CIONGOLI**
**IN SUPPORT OF MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY**
**PROCEDURE 9019 FOR AUTHORIZATION AND APPROVAL**
**OF CERTAIN SETTLEMENTS WITH THE INTERNAL REVENUE SERVICE**

Pursuant to 28 U.S.C. § 1746, Jeffry Ciongoli declares and says:

1. I, Jeffry Ciongoli, as a Managing Director and the Director of Global Tax at Lehman Brothers Holdings Inc. ("LBHI"), am responsible for the tax function at LBHI, and, as such, I have personal knowledge of the matters set forth in this declaration.

2. I submit this declaration in support of the Motion of Lehman Brothers Holdings Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019 for Authorization and Approval of Certain Settlements with the Internal Revenue Service (the "Motion").

3. I began my career at Lehman's tax department twenty-nine years ago as a Tax Analyst. During my twenty-nine years at Lehman, I have been involved in many of the tax

department's functions, including preparation and review of federal and state tax returns, international tax compliance, tax planning, and Internal Revenue Service ("IRS") audit defense.

4. From 1994 through 2002, I was a First Vice President and was responsible for Lehman's consolidated federal income tax returns, state and local tax issues, international tax issues, and tax technology. In this capacity, I became familiar with the tax reporting positions on Lehman's consolidated federal income tax returns for the 1997 through 2002 tax years.

5. From 2003 through 2008, I was a Senior Vice President with continued responsibility for Lehman's consolidated federal income tax returns, state and local tax issues, and tax technology. In addition, in 2002, I became head of tax compliance, which included managing the IRS's audits of Lehman's tax returns and negotiating the resolution of contested issues with the IRS. In this capacity, I became familiar with the tax reporting positions on Lehman's consolidated federal income tax returns for the 2003 through 2008 tax years.

6. After LBHI and certain of its subsidiaries filed voluntary petitions under Chapter 11 of Title 11 of the United States Code on September 15, 2008 (the "Commencement Date"), I became Managing Director and Director of Global Tax, a position that I continue to hold. As Director of Global Tax, I am in charge of LBHI's tax function, which includes responsibility for all of LBHI's domestic and foreign tax reporting, tax planning, and tax disputes with the IRS.

7. The Motion relates to LBHI's settlement of tax disputes for the 2001 through 2007 tax years (including one that was also disputed in the 1997 through 2000 tax years). I was responsible for the oversight of the IRS's audit of Lehman's consolidated federal income tax returns for the 1997 through 2000 tax years, which began several years prior to the Commencement Date, as well as the IRS's audit of Lehman's consolidated federal income tax returns for the 2001 through 2007 tax years, which also began prior to the Commencement Date.

8.  In 2005, Lehman's tax department engaged McKee Nelson LLP, which has since merged with Bingham McCutchen LLP ("Bingham"), to assist in responding to the IRS's audits of Lehman's tax returns, including the 1997-2000 Refund Claims, the 2001-2007 Tax Disputes, and the Non-Income Tax Audits.[1] McKee Nelson was engaged because of its attorneys' expertise in handling significant tax controversy matters for large institutions.

9.  Prior to the Commencement Date, the IRS proposed various adjustments to the 1997 through 2000 tax years that LBHI disputed. During the 2005 through 2008 timeframe, I worked closely with attorneys at McKee Nelson to administratively resolve these tax disputes. While LBHI settled with the IRS numerous issues relating to the 1997 through 2000 tax years, eight issues remained in dispute. During the IRS's audit and throughout the administrative dispute resolution process, I was directly involved with all phases of the administrative process including responding to the IRS's requests for information, evaluating the merits of the IRS's positions, and actively participating in the settlement process.

10. Since the Commencement Date in September 2008, the IRS has proposed various adjustments to the 2001 through 2007 tax years that LBHI has disputed, resulting in the thirty-six issues that constitute the 2001-2007 Tax Disputes.

11. From September 2008 to the present, I have been personally involved with both the development of a settlement process and the efforts to administratively resolve the disputes related to the 1997-2000 Refund Claims, the 2001-2007 Tax Disputes, and the Non-Income Tax Audits. For the particularly complex issues, *i.e.* the Grouped Transactions in the 2001-2007 Tax Disputes, this process involves a detailed administrative review of each of the disputed issues. The review process has three phases: (i) the collection of additional documents and facts from

---

[1] Unless otherwise indicated, all defined terms have the meanings provided in the Motion.

3

LBHI by the IRS; (ii) the exchange of written submissions by LBHI and the IRS setting forth their factual and legal arguments, and (iii) settlement negotiations that, when necessary, are mediated by the Appeals Division of the IRS over multiple days during which LBHI and IRS Counsel (representing the IRS Exam team) formally present their positions. The U.S. Attorney's Office for the Southern District of New York has been involved in the dispute resolution process.

12. I have also been personally involved with the efforts to resolve the less complex Other Issues as part of the typical negotiations LBHI conducts with the IRS Exam team on an ongoing basis to resolve issues that arise during the audit process. This process includes LBHI's provision of information to the IRS Exam team, the consideration and discussion of questions posed by the IRS, the exchange of written submissions by LBHI and the IRS setting forth their factual and legal arguments, several meetings between LBHI and the IRS to discuss the issues, the evaluation of the merits of each position by LBHI, and the negotiation of appropriate settlements by LBHI and the IRS Exam team.

13. As with the administrative dispute resolution process that took place in the 2005 through 2008 timeframe, since the Commencement Date I have worked closely with Bingham and have been directly involved with all phases of the administrative process. I have directly participated in determining LBHI's settlement parameters (in consultation with LBHI's tax controversy advisors) for each of the Grouped Transactions and Other Issues and in all settlement negotiations. In addition, other professionals in the tax department have analyzed these issues and assisted me in evaluating the Settlements.

14. LBHI has continued to be advised and represented by lawyers formerly from McKee Nelson and currently at Bingham and they have assisted and advised LBHI in all phases of the administrative review process.

15. LBHI has also engaged Sutherland Asbill & Brennan LLP ("Sutherland"), which also has significant experience with tax controversy matters, to provide an additional level of review and analysis. Sutherland assisted LBHI in assessing the merits and potential hazards of litigation for each of the Grouped Transactions and has provided LBHI with its judgment regarding those issues.

16. LBHI and Bingham have kept the Creditors' Committee apprised of the nature of LBHI's disputes with the IRS and the progress of LBHI's settlement negotiations. Along with attorneys from Bingham, I have personally briefed counsel for the Creditors' Committee on the factual and legal aspects of the Grouped Transactions and the risks involved with litigating those issues. Based on LBHI and Bingham's briefings and its counsel's review of LBHI's and the IRS's written submissions, the Creditors' Committee has advised that it concurs that the Settlements for the two Grouped Transactions are fair, equitable, and in the best interests of the Debtors.

17. From June 2009 through December 2009, LBHI and the IRS engaged in the administrative processes we developed to attempt to resolve the 1997-2000 Refund Claims. LBHI and the IRS successfully settled six of the eight issues, as described in LBHI's First Motion to Authorize, and these settlements were approved by the Court. *See* Order (Apr. 15, 2010) [Docket No. 8353].

18. From June 2009 through June 2011, LBHI and the IRS engaged in the administrative processes we developed to attempt to resolve the 2001-2007 Tax Disputes as described in Paragraphs 10 through 13 of this Declaration. As a result of these negotiations, LBHI and the IRS have settled, subject to the review of this Court, two of the Grouped

5

Transactions and sixteen of the Other Issues, including one issue that was also disputed as part of the 1997-2000 Refund Claims.[2]

19. Thus, of the thirty-six issues that constitute the 2001-2007 Tax Disputes, LBHI has resolved twenty-six of the issues, including two categories of Grouped Transactions, and will continue settlement discussions for the one remaining Grouped Transaction and the three remaining Other Issues.

20. Based on an assessment of the merits and potential hazards of litigation, and consideration of all tax attributes, I have concluded in my capacity as Managing Director and Director of Global Tax for LBHI that the Settlements are fair, equitable, and in the best interests of the Debtors, their estate, and their creditors. I have reached this conclusion after conducting my own review of the issues with the assistance of tax professionals in the tax department and consultation with LBHI's primary tax controversy counsel (Bingham) and its advisory tax controversy counsel (Sutherland).

21. In concluding that the Settlements are fair, equitable, and in the best interests of the Debtors, their estate, and their creditors, I balanced a variety of factors, including applicable legal precedent, the favorable and unfavorable aspects of the factual record, the costs of litigation, the risk that LBHI would not prevail in litigation, and the value of the Settlements to the Debtors.

22. I declare under penalty of perjury that the foregoing is true and correct.

Dated: February 29, 2012

/s/ Jeffry Ciongoli
JEFFRY CIONGOLI

---

[2] The final issue from the 1997-2000 Refund Claims has proceeded to litigation.

6