UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
: 
In re                                                      :    Chapter 11 Case No.
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,               :    08-13555 (JMP)
                                                           :
        Debtors.                                           :    (Jointly Administered)
                                                           :
------------------------------------------------------------------x    Ref. Docket No. 25607

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

ELENI KOSSIVAS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On February 21, 2012, I caused to be served the:

    a. "Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Debtors' Omnibus Claims Objections Scheduled for Hearing on February 22, 2012," dated February 21, 2012 [Docket No. 25607], (the "Certificate with Exhibits"), and

    b. "Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Debtors' Omnibus Claims Objections Scheduled for Hearing on February 22, 2012," dated February 21, 2012, *related to Docket No. 25607*, annexed hereto as Exhibit A, (the "Certificate without Exhibits"),

    by causing true and correct copies of the:

    i. Certificate with Exhibits, to be delivered via electronic mail to those parties listed on the annexed Exhibit B, and

    ii. Certificate without Exhibits, to be delivered via facsimile to the party listed on the annexed Exhibit C.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Eleni Kossivas*
Eleni Kossivas

Sworn to before me this
2nd day of March, 2012
*/s/ Cassandra Murray*
Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                            :
In re                                                       :    **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                :    **08-13555 (JMP)**
                                                            :
                              Debtors.                      :    **(Jointly Administered)**
                                                            :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON FEBRUARY 22, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

        1.    Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing on or before February 22, 2012:

(a)     Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) **[ECF No. 15363]**

(b)     Debtors' One Hundred Seventy-Third Omnibus Objection to Claims (No Liability Employee Claims) **[ECF No. 19399]**

(c)     Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims) **[ECF No. 19714]**

(d)     Debtors' Two Hundred Forty-Fourth Omnibus Objection to Claims (No Liablity Derivatives Claims) **[ECF No. 23250]**

(e)     Debtors' Two Hundred Forty-Seventh Omnibus Objection to Claims (No Liability Claims Claims) **[ECF No. 21727]**

2. In accordance with the Second Amended Case Management Order, the Debtors established deadlines (the "<u>Response Deadline</u>") for each Claim Objection for parties to object or file responses. The Response Deadlines have been extended for certain creditors from time to time. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on Debtors' counsel by any of the holders of the claims included Exhibit 1 to any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted. Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections. The hearing on the Claims Objections as to

any proof of claim for which a response was either filed on the docket or received by the Debtors, and which objection has not been resolved, has been adjourned to a future date.

4. Accordingly, the Debtors respectfully request that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through E, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: February 21, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A
**(Proposed Order – ECF No. 15363)**

US_ACTIVE:\43931747\01\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**ORDER GRANTING DEBTORS' ONE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

Upon the one hundred seventeenth omnibus objection to claims, dated March 25, 2011 (the "Debtors' One Hundred Seventeenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking the disallowance and expungement of the No Liability Non-Debtor Employee Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' One Hundred Seventeenth Omnibus Objection to Claims; and due and proper notice of the Debtors' One Hundred Seventeenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Debtors' One Hundred Seventeenth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' One Hundred Seventeenth Omnibus Objection to Claims establish just

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' One Hundred Seventeenth Omnibus Objection to Claims.

cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' One Hundred Seventeenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors have adjourned the hearing on the One Hundred Seventeenth Omnibus Objection to Claims to March 22, 2012 with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized and directed to reflect the No Liability Non-Debtor Employee Claims as disallowed and expunged pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' One Hundred Seventeenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B

**Counsel To The Official Committee Of Unsecured Creditors**

MILBANK, TWEED, HADLEY & MCCLOY LLP
DENNIS DUNNE, LUC DESPINS, WILBUR FOSTER, JR
DENNIS O'DONNELL, ESQ., EVAN FLECK, ESQ.
(COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS)
1 CHASE MANHATTAN PLAZA
NEW YORK, NY 10005
EMAIL: ddunne@milbank.com; wfoster@milbank.com, dodonnell@milbank.com, efleck@milbank.com


MILBANK, TWEED, HADLEY & MCCLOY, LLP
ATTN: PAUL ARONZO & GREGORY BRAY
(COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS)
601 SOUTH FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017
EMAIL: paronzon@milbank.com; gbray@milbank.com

# EXHIBIT C

| *Name* | *Fax* |
|---|---|
| OFFICE OF US TTEE: TH DAVIS E GASPARINI A SCHWARTZ | (212) 668-2255 |