**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------x
                                                            :
In re                                                       :    Chapter 11 Case No.
                                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,                      :    08-13555 (JMP)
                                                            :
              Debtors.                                      :    (Jointly Administered)
                                                            :
------------------------------------------------------------x    Ref. Docket No. 25566
```

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK       )
                        ) ss.:
COUNTY OF NEW YORK      )

ELENI KOSSIVAS, being duly sworn, deposes and says:

1. I am employed as a Noticing Coordinator by Epiq Bankruptcy Solutions, LLC, located at 757 Third Avenue, New York, New York 10017. I am over the age of eighteen years and am not a party to the above-captioned action.

2. On February 21, 2012, I caused to be served the:

   a. "Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Debtors' Omnibus Claims Objections Scheduled for Hearing on February 22, 2012," dated February 21, 2012 [Docket No. 25566], (the "Certificate with Exhibits"), and

   b. "Certificate of No Objection Under 28 U.S.C. § 1746 Regarding Debtors' Omnibus Claims Objections Scheduled for Hearing on February 22, 2012," dated February 21, 2012, *related to Docket No. 25566*, annexed hereto as Exhibit A, (the "Certificate without Exhibits"),

   by causing true and correct copies of the:

   i. Certificate with Exhibits, to be delivered via electronic mail to those parties listed on the annexed Exhibit B, and

   ii. Certificate without Exhibits, to be delivered via facsimile to the party listed on the annexed Exhibit C.

3. All envelopes utilized in the service of the foregoing contained the following legend: "LEGAL DOCUMENTS ENCLOSED. PLEASE DIRECT TO THE ATTENTION OF ADDRESSEE, PRESIDENT OR LEGAL DEPARTMENT."

*/s/ Eleni Kossivas*
Eleni Kossivas

Sworn to before me this
2nd day of March, 2012
*/s/ Cassandra Murray*
Notary Public, State of New York
No. 01MU6220179
Qualified in the County of Queens
Commission Expires April 12, 2014

# EXHIBIT A

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
: 
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
---------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON FEBRUARY 22, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed the following omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing on or before February 22, 2012:

US_ACTIVE:\43931303\01\58399.0008

(a)   Debtors' Objection to Proof of Claim No. 31148  **[ECF No. 24102]**

(b)   Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 12533]**

(c)   Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking Number LPS Claims) **[ECF No. 14472]**

(d)   Debtors' One Hundred Thirty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 16860]**

(e)   Debtors' Two Hundred Forty-Eighth Omnibus Objection to Claims (Amended and Superseded Claims) **[ECF No. 24104]**

(f)   Debtors' Two Hundred Forty-Ninth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 24105]**

(g)   Debtors' Two Hundred Fiftieth Omnibus Objection to Claims (Purchased Contract Claims) **[ECF No. 24107]**

(h)   Debtors' Two Hundred Fifty-First Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 24108]**

(i)   Debtors' Two Hundred Fifty-Second Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 24109]**

(j)   Debtors' Two Hundred Fifty-Third Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 24117]**

(k)   Debtors' Two Hundred Fifty-Fifth Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 24417]**

2.   In accordance with the Second Amended Case Management Order, the Debtors established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses.  The Response Deadlines have been extended for certain creditors from time to time.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3. The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on Debtors' counsel by any of the holders of the claims included Exhibit 1 to any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted. Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections. The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors, and which objection has not been resolved, has been adjourned to a future date.

4. Accordingly, the Debtors respectfully request that the proposed orders granting the Claims Objections annexed hereto as <u>Exhibits A</u> through <u>L</u>, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or

withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: February 21, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

# EXHIBIT A
**(Proposed Order – ECF No. 24102)**

US_ACTIVE:\43931303\01\58399.0008

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                             :    Chapter 11 Case No.
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    08-13555 (JMP)
                                                  :
                          Debtors.                :    (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING DEBTORS'**
**OBJECTION TO PROOF OF CLAIM NO. 31148**

Upon objection to proof of claim number 31148, dated January 6, 2012, of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for filing objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), disallowing and expunging part of proof of claim number 31148 on the grounds that the objected-to portion of such claim is unenforceable against the Debtors under any agreement or applicable law, and, therefore, does not constitute a valid *prima facie* claim, all as more fully described in the Debtors' objection to proof of claim number 31148; and due and proper notice of such objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in Debtors' objection to proof of claim number 31148 is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors' objection to proof of claim number 31148 establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Debtors' objection to proof of claim number 31148 is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim number 31148 is disallowed and expunged with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding proof of claim number 31148; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B
**(Proposed Order – ECF No. 12533)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                                                  :        **Chapter 11 Case No.**
                                                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
                                                                                         :
                                        Debtors.                          :        **(Jointly Administered)**
-------------------------------------------------------------------x

### EIGHTH SUPPLEMENTAL ORDER GRANTING DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the sixty-seventh omnibus objection to claims, dated November 3, 2010 (the "Sixty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim; and that the Debtor against whom the claim is asserted, in certain instances, has been determined by the Debtors to be in need of clarification after a review of the claimants' supporting documentation; all as more fully described in the Sixty-Seventh Omnibus Objection to Claims;

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Seventh Omnibus Objection to Claims.

and due and proper notice of the Sixty-Seventh Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u> attached to the Sixty-Seventh Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and upon the resolution of Proof of Claim number 29995 filed by New South Federal Savings Bank, F.S.B.; this claim having been objected to in Debtors' Sixty-Seventh Omnibus Objection to Claims; and a hearing having been held on February 22, 2012; the Court having found and determined that the relief sought in the Sixty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Sixty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u> annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under the column heading "Modified Amount"; and any asserted amount in excess of the modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-Seventh Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                           UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT B**

**Counsel To The Official Committee Of Unsecured Creditors**

MILBANK, TWEED, HADLEY & MCCLOY LLP
DENNIS DUNNE, LUC DESPINS, WILBUR FOSTER, JR
DENNIS O'DONNELL, ESQ., EVAN FLECK, ESQ.
(COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS)
1 CHASE MANHATTAN PLAZA
NEW YORK, NY 10005
EMAIL: ddunne@milbank.com; wfoster@milbank.com, dodonnell@milbank.com, efleck@milbank.com


MILBANK, TWEED, HADLEY & MCCLOY, LLP
ATTN: PAUL ARONZO & GREGORY BRAY
(COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS)
601 SOUTH FIGUEROA STREET, 30TH FLOOR
LOS ANGELES, CA 90017
EMAIL: paronzon@milbank.com; gbray@milbank.com

# EXHIBIT C

| *Name* | *Fax* |
|---|---|
| OFFICE OF US TTEE: TH DAVIS E GASPARINI A SCHWARTZ | (212) 668-2255 |