Hearing Date and Time: March 22, 2012 at 10:00 a.m. (Eastern Time)
Response Deadline: March 6, 2012 at 4:00 p.m. (Eastern Time)

**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
Paul Kizel, Esq.
John L. Berger, Esq.
Michael Savetsky, Esq.

-and-

1251 Avenue of the Americas
18th Floor
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

Counsel for Herbert W. Kwan

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**RESPONSE OF HERBERT W. KWAN TO DEBTORS'**
**TWO HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS**
<u>(EMPLOYMENT-RELATED CLAIMS)</u>

Herbert W. Kwan ("Kwan"), by and through his undersigned counsel, hereby submits this response (the "Response") to the Debtors' Two Hundred Fifty-Fourth Omnibus

Objection to Claims, dated February 7, 2012 [Docket No. 25059] (the "Objection"), and in support hereof respectfully states as follows:

## FACTUAL BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries (collectively with LBHI, the "Debtors") filed with this Court voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On July 2, 2009, this Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order"), which set forth procedures for filing proofs of claim in these chapter 11 cases.

3. Mr. Kwan was an employee of LBHI and was assigned by LBHI to work as an expatriate in Hong Kong in August 2006. *See* letter from Lehman Brothers to Mr. Kwan, dated August 10, 2006 (the "August 2006 Letter"), attached hereto as **Exhibit A**.

4. On September 22, 2009, pursuant to the Bar Date Order, Mr. Kwan timely filed a proof of claim against LBHI in the amount of $340,836.78, which was assigned claim number 31756 by the Debtors' claims agent (the "Proof of Claim"). The Proof of Claim was filed on account of amounts owed by LBHI to Mr. Kwan pursuant to the terms of his expatriate employment in Hong Kong and provides a breakdown and calculation of those amounts. A copy of the Proof of Claim is attached hereto as **Exhibit B**.

## THE OBJECTION

5. On February 7, 2012, the Debtors filed the Objection. By the Objection, the Debtors seek an order disallowing and expunging the Proof of Claim in its entirety (along with many other proofs of claim filed by former Lehman employees) on the grounds that Mr. Kwan was not an employee of a Debtor, but was instead employed by a non-Debtor entity.

6. The Objection is a boilerplate objection that does not address the substance of the Proof of Claim or any of the numerous other proofs of claim the Debtors seek to disallow and expunge on the same basis. The Objection does not even specify which non-Debtor entity the Debtors allege Mr. Kwan or any other claimant was employed by. Instead, with a broad brush, the Objection states in a conclusory fashion that the Debtors "reviewed their records and determined that the claimants were not employees of a Debtor, but were employees of non-Debtor entities including Lehman Brothers Inc. ("LBI"), Lehman Brothers Europe, Ltd., Lehman Brothers Limited, Lehman Brothers International (Europe), Neuberger Berman Management, Inc., Lehman Brothers Asia Ltd., Neuberger Berman LLC, Lehman Brothers Japan Inc., Lehman Brothers Real Estate Limited, and Lehman Brothers Asset Management." Objection ¶ 10.

## ARGUMENT

A. **Applicable Legal Standard**

7. A properly filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y 2009). The claimant must simply assert enough facts (not conclusions) to "show facial plausibility." *Id.* at 106. To overcome the *prima facie* validity of a properly filed claim, the objecting party must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim. *See Sherman v. Novack (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-

174 (3d Cir. 1992), *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008). Just like a claimant must allege facts, not simply conclusions, a party objecting to a claim cannot simply rely on conclusory statements to overcome the presumption. In the event an objecting party succeeds in producing sufficient rebuttal evidence, the burden shifts to the claimant to prove the validity of the claim by a preponderance of the evidence. *DJK Residential LLC*, 416 B.R. at 104.

**B.    The Debtors Have Not Produced Any Evidence To Support Their Objection**

8.    The Debtors have not produced *any* evidence in the Objection to dispute the validity of the Proof of Claim. The Objection does not address the substance of the Proof of Claim, does not specify which non-Debtor entity the Debtors allege Mr. Kwan was employed by, or the specific basis for any such allegation, and does not deny that LBHI agreed to be responsible for compensation owed to Mr. Kwan. The Debtors simply state, without further explanation, analysis or discussion, that the Debtors "reviewed their records and determined that the claimants were not employees of a Debtor, but were employees of non-Debtor entities." Objection ¶ 10. In fact, the Objection makes the same sweeping allegation against approximately 140 other claimants whose claims the Debtors seek to disallow and expunge on the same basis.

9.    Application of the law to the relevant facts demonstrates that the Debtors have failed to carry their burden of overcoming the *prima facie* validity of Mr. Kwan's Proof of Claim. The Proof of Claim was properly and timely filed and provides sufficient information and documentation to support its validity and amount. Indeed, the Debtors do not argue that the Proof of Claim was not properly or timely filed or that it does not contain sufficiently detailed information. Rather, the Debtors simply make and rely upon sweeping, generic and conclusory statements, without any factual or legal support whatsoever, that Mr. Kwan was not employed by

the Debtors. As the case law demonstrates, such factually unsupported allegations are plainly insufficient to rebut the *prima facie* validity of a properly and timely filed claim. Accordingly, the Objection, as it relates to Mr. Kwan's Proof of Claim, should be denied.

C.  **Mr. Kwan's Proof Of Claim Is Valid And Should Be Allowed**

10. To the extent the Court finds that the Objection has caused the burden of proof to revert to Mr. Kwan, Mr. Kwan submits that he has satisfied that burden. The Proof of Claim was properly and timely filed against LBHI and provides sufficient information and documentation to support its validity and amount. Furthermore, LBHI is clearly responsible for Mr. Kwan's employee-related claims, as demonstrated by the August 2006 Letter, which outlines the terms of Mr. Kwan's international assignment by LBHI to Hong Kong. The August 2006 Letter specifically states that Mr. Kwan's employer was "Lehman Brothers Holdings Inc." It further states that Mr. Kwan's "assignment will not alter the existing terms and conditions of [his] employment with Lehman Brothers Holdings Inc." Based upon the foregoing, Mr. Kwan's claim is valid and should be allowed against LBHI. Moreover, even if Mr. Kwan rendered services to non-debtor entities, LBHI remains liable for payment of all amounts owed to him.

11. To the extent the Court finds that Mr. Kwan has not met his burden, Mr. Kwan (a) is entitled to request discovery from the Debtors, (b) reserves the right to amend this Response, and (c) requests, if necessary, a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Bankruptcy Rules to determine the validity of the Proof of Claim.

**RESERVATION OF RIGHTS**

12. Mr. Kwan reserves all rights with respect to the Proof of Claim. Any failure to respond to the Objection on a particular ground or grounds shall not be construed as a waiver of the right to respond on any additional grounds. The execution and filing of this Response is not and shall not be deemed: (a) a waiver or release of Mr. Kwan's rights against any entity or

person liable for all or any part of the Proof of Claim; (b) an election of remedies which waives or otherwise affects any other remedy; or (c) a waiver of Mr. Kwan's rights to amend or supplement the Proof of Claim or this Response.

## CONCLUSION

13.  For the reasons stated herein, Mr. Kwan respectfully requests that this Court overrule the Objection to the extent it seeks to disallow and expunge the Proof of Claim; allow the Proof of Claim in the amount filed, and grant such other and further relief as this Court deems just and proper.

Dated: March 6, 2012

                          **LOWENSTEIN SANDLER PC**

                          By: /s/ Paul Kizel
                                Paul Kizel

                          65 Livingston Avenue
                          Roseland, New Jersey  07068
                          Telephone:  (973) 597-2500
                          Facsimile (973) 597-2400

                          -and-

                          1251 Avenue of the Americas
                          18th Floor
                          New York, New York 10020
                          Tel: (212) 262-6700
                          Fax:  (212) 262-7402

                          Counsel for Herbert W. Kwan

*EXHIBIT "A"*

08-13555-mg    Doc 26055    Filed 03/06/12    Entered 03/06/12 14:44:03    Main Document
Pg 7 of 20

# LEHMAN BROTHERS

August 10, 2006

Herbert Kwan
*Delivered by Hand*

Dear Herbert:

This letter and its enclosures outline the terms of your international assignment in Hong Kong. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

**Secondment**
Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Global Services, Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. and you will be seconded to Lehman Brothers Asia Ltd. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings Inc., subject to the Lehman employment policies and procedures.

**Assignment Term**
Your assignment will commence on a date to be advised — but no earlier than the date on which you receive authorization from the immigration authorities to work in Hong Kong. It is presently anticipated that your initial assignment will be for a four-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Hong Kong for longer than four years. The program provides for a period of up to three years of expatriate-style benefits and allowances at a gradually reducing level.

**Compensation**
Your base salary and any bonuses will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you receive for any award made under this program.

Confidential                                                                                                    1

# LEHMAN BROTHERS

Herbert Kwan
August 10, 2006
Page 2

**Expatriate Benefits/Allowances**
You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and specified on the "Package Details" attachment.

**Employee Benefits**
During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Tax-Deferred Savings Plan must be made from your monthly base salary. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Hong Kong.

**Offsets Against Compensation**
The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

\* \* \* \*

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

# LEHMAN BROTHERS

Herbert Kwan
August 10, 2006
Page 3

If you have any questions regarding any of the material outlined, please contact Heather Rychener at (212) 320-7058.

Please return the letter in the attached envelope to:

Heather Rychener
Vice President
Lehman Brothers
International Human Resources
1301 6th Avenue, 6th Floor
New York, NY 10019

Sincerely,

*Heather Rychener*

**Heather Rychener**
Vice President
Manager, International Compensation

I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Hong Kong, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

_____          _____
Mr. Herbert Kwan                         Date

*EXHIBIT "B"*

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: **Lehman Brothers Holdings Inc.** | Case No. of Debtor **08-13555** |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)         0000031756

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Herbert W. Kwan
Flat 28A, Dragonview Court
5 Kotewall Road
Midlevels
Hong Kong, China

-and-

John L. Berger, Esq.
Lowenstein Sandler PC
65 Livingston Ave.
Roseland, NJ 07068
jberger@lowenstein.com

Telephone number: 973-597-2314

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)
Herbert W. Kwan
Flat 28A, Dragonview Court
5 Kotewall Road
Midlevels, China

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ **340,836.78**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See Attached Rider
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$ **10,950.00**

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**Date:** 9/18/2009

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *[signatures]* John L Berger, attorney-in-fact / Herbert W. Kwan / John L Berger

FOR COURT USE ONLY

**FILED / RECEIVED**
**SEP 2 2 2009**
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### Rider to Herbert W. Kwan's Proof of Claim re: Lehman Brothers Holdings Inc.

This claim is comprised of two components, each of which arise from an employment relationship with Lehman Brothers Holdings Inc. and affiliated entities (the "Debtor").

First, in connection with my employment by the Debtor I was assigned to work as an expatriate in Hong Kong since August 2006. The terms of my expatriate employment provide that the Debtor would pay me in US dollars and that the Debtor would deduct from my paychecks "hypothetical tax," which, as the attached excerpt from the Lehman Brothers Expatriate Handbook indicates, would be used to fulfill my actual US and foreign tax liabilities. Although the Debtor withheld the hypothetical tax amount in calendar 2008, it failed to remit any of that amount to the IRS in the form of withholding tax. The amount of this portion of the claim is $239,483.14.

Second, in connection with my expatriate employment arrangement, I was supposed to receive housing and other expatriate benefits on an after-tax basis. To the extent I was subject to tax on those benefits, the Debtor was obligated to pay me an additional amount to cover the tax liability on those W-2 amounts, and to further "gross-up" the additional payment to cover the tax liability on the additional payment. The amount of this portion of the claim is $101,353.64. Attached hereto is a breakdown of my 2008 W-2. This is a Debtor generated document that foots to my 2008 W-2 income. The expatriate benefits consist of the following line items under gross compensation: E16, EC8, ED8, EG6, EZI, and EZN. The sum of these line items is $204,845.58. The largest line items relate to my housing allowance. I subtract from this amount line item HSGOFF ($52,815.12), which is the amount that was actually spent on my housing. The net amount is $152,030.46. This is the net amount of expatriate benefits that I am supposed to receive on a post-tax basis. Assuming a 40% tax rate, the $152,030.46 yields a tax of $60,812.18, which is then grossed up to $101,353.64 (calculated by taking $60,812.18 and

dividing by (1-tax rate) to account for the "tax on the tax benefit." The Debtor failed to pay for my tax liability on the expatriate benefits. Accordingly, this amount is due to me as part of the claim.

Given that this claim relates to the claimant's employment with the Debtor and is in the nature of wages and salary earned within 180 days of the commencement of the proceeding, a portion of the claim in the amount of $10,950.00 is entitled to priority status under section 507 (a)(4) of the bankruptcy code.

The claimant reserves all rights to assert a claim against any other party for the payment of the claim set forth herein.

## Taxation

**1. You will be Tax Equalized while on assignment.**

**Tax Equalization**
While on assignment, you will be subject to the Firm's Tax Equalization Policy. This policy is designed to:

- insulate you from material tax differentials between the US and Hong Kong; and
- ensure that you do not bear the tax liability on your relocation and expatriate benefits, allowances and reimbursements. These are delivered tax free to you.

**2. Tax equalization eliminates any material advantage or disadvantage due to tax differentials between the US and Hong Kong.**

While on assignment, you pay hypothetical tax on your Lehman Brothers compensation. In exchange, the Firm pays the actual tax liability on your Total Compensation plus expatriate benefits in accordance with the Firm's Tax Equalization Policy. Estimated hypothetical tax is deducted from your compensation in lieu of actual withholding. You will continue to be responsible for any tax liabilities arising from your personal income.

**3. Hypothetical taxes will be withheld from your pay.**

Adjustments will be made to your hypothetical tax due to changes in total compensation, marital status, family size and tax legislation in the US (including New York State and City). This same arrangement applies to any bonus payments you may receive while on assignment.

**4. A tax equalization settlement is calculated annually to reconcile all hypothetical and actual tax payments made during the year.**

Upon completion of your tax returns, there is a reconciliation between you and the Firm. A final hypothetical tax liability is calculated on your Total Compensation and is compared to the hypothetical tax withheld from you during the year. Any excess withholding will be refunded to you, while a shortfall in hypothetical tax withholding will result in money owed to the Firm.

**5. Tax loans made by the Firm on your behalf must be repaid if they are in excess of your actual tax liability.**

**Tax Loans**
From time to time, the Firm may make payments to the tax authorities on your behalf. These payments are considered tax loans and are based on estimates of your tax liabilities both in the US and in Hong Kong. These tax loans are repayable to the Firm if they are made in excess of your final tax liability on equalized income.

**6. Foreign tax credits for taxes paid by the Firm accrue to the Firm.**

**Foreign Tax Credits**
The benefit of foreign tax credits, for foreign taxes paid/reimbursed by the Firm under the tax equalization program, accrues to the Firm. The utilization by the assignee of these foreign tax credits to reduce his/her personal tax liability on pre-assignment income, on income earned prior to joining the Firm, and/or on outside personal income, including spousal income, will result in an amount due the Firm for the amount of the credits used.

# Lehman Brothers
## 2008 Compensation Analysis (LGS)

Herbert W. Kwan
SS# XXX-XX-1204 / Emplid 10065090

| Description | | Gross Earnings | Taxable Earnings |
|---|---|---:|---:|
| **Gross Compensation** | | | |
| AAA | Regular Salary | 114,583.30 | 114,583.30 |
| ARP | Retro Salary Change | 833.33 | 833.33 |
| B07 | Bonus 2007 | 504,880.50 | 504,880.50 |
| B08 | Bonus 2008 | 90,000.00 | 90,000.00 |
| E16 | International Choice $ | 126,072.00 | 126,072.00 |
| EC8 | 09TxEqXPSS/Medi G/Up | 222.48 | 222.48 |
| ED8 | 08 XP SS//Medi W2 Update | 15,120.90 | 15,120.90 |
| EG6 | 2006 Foreign Tax Equalization | 19,836.15 | 19,836.15 |
| EZI | Foreign Housing | 43,094.05 | 43,094.05 |
| EZN | FinancialServices-Fees | 500.00 | 500.00 |
| R17 | 2007 RSU LBISI Bonus | 20,119.50 | 0.00 |
| | Gross | 935,262.21 | 915,142.71 |
| **Adjustments to Taxable Wages** | | | |
| DENTAL | Pre-Tax Dental | | (96.00) |
| GVLBTX | GVUL Basic/Taxable | | 61.80 |
| HSGOFF | Housing Offset | | (52,815.12) |
| HYPOTX | HYPO Tax | | (239,483.14) |
| MEDICL | Pre-Tax Medical | | (684.00) |
| TDSP | TDSP 401(k) | | (15,500.00) |
| VISION | Pre-Tax Vision | | (99.96) |
| | Adjustments | 0.00 | (308,616.42) |
| | Taxable Earnings | | 606,526.29 |
| **Taxes Withheld** | | | |
| OASDI/EE | $U  D Tax | | 6,324.00 |
| MED/EE | $U  F Tax | | 9,019.38 |
| Withholdng | $U  H Tax | | 32,700.00 |

Printed: 18-FEB-2009_11:16:30_AM

# POWER OF ATTORNEY

Herbert W. Kwan, having an address at Flat 28A, Dragonview Court, 5 Kotewall Road, Midlevels, Hong Kong, do hereby make, constitute, and appoint John L. Berger or any other attorney employed by Lowenstein Sandler PC, my true and lawful attorney in fact, for me and in my name and on my behalf, with full power to do and perform each and every act that I may legally do through an attorney-in fact in connection with my proof of claim against Lehman Brothers Holdings, Inc., including but not limited to the following:

1.    To sign, execute and file a proof of claim in connection with the Lehman Brothers Holdings, Inc. bankruptcy, seeking payment for amounts due to me arising out of my employment by Lehman Brothers Holdings, Inc. and its affiliates.

2.    To enter into, make, sign, execute, deliver, acknowledge and perform any other claim, agreement, or other document that may be necessary, proper or advisable, in the opinion of my attorney in fact, to perfect my proof of claim.

3.    To constitute and appoint in his place and stead, and as his substitute, one attorney in fact or more for me, with full power of revocation.

This power of attorney shall not be affected in any way in the event of my subsequent disability or incapacity.

**IN WITNESS WHEREOF**, I have hereunto affixed my hand and seal this 18th day of September, 2009.

In the presence of:

_____    _____
                                                               Herbert W. Kwan

9/18/2009 -- #747399

STATE OF Massachusetts )
                           ) ss.:
COUNTY OF Suffolk )

      BE IT REMEMBERED, that on this 18th day of September, 2009, before me, the subscriber, personally appeared HERBERT W. KWAN, who, I am satisfied, is the person named in and who executed the foregoing Power of Attorney, and he did acknowledge that he signed, sealed and delivered the same as his voluntary act and deed, for the uses and purposes therein expressed.

*[signature]*
Notary Public

JULIE E. CATTON
Notary Public
Commonwealth of Massachusetts
My Commission Expires
March 30, 2012



John L. Berger
Member of the Firm
Tel  973 597 2314
Fax  973 597 2315
jberger@lowenstein.com

September 21, 2009

VIA FEDEX

Epiq Bankruptcy Solutions, LLC
Attn:  Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY  10018

Re:   Lehman Brothers Holdings Inc.
      08-13555(JMP)

Dear Sir or Madam:

Please be advised that we represent Herbert W. Kwan in the above-entitled matter.  Enclosed are an original and two (2) copies of a Proof of Claim that we are submitting on behalf of Mr. Kwan.  Kindly file the Proof of Claim and return a filed stamped copy to me in the enclosed self-addressed stamped envelope.  Thank you.

Very truly yours,

John L. Berger

JLB:cls

23053/2
09/21/09 12587348.1

Enclosure(s)

cc: Mr. Herbert W. Kwan (via e-mail)

Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

Lowenstein Sandler PC    In California, Lowenstein Sandler LLP                              www.lowenstein.com

65 Livingston Avenue  Roseland, NJ 07068  Tel 973 597 2500  Fax 973 597 2400               New York  Palo Alto  Roseland

