Hearing Date and Time: March 22, 2012 at 10:00 a.m. (Eastern Time)
Response Deadline: March 6, 2012 at 4:00 p.m. (Eastern Time)

**LOWENSTEIN SANDLER PC**
65 Livingston Avenue
Roseland, New Jersey 07068
Tel: (973) 597-2500
Fax: (973) 597-2400
Paul Kizel, Esq.
John L. Berger, Esq.
Michael Savetsky, Esq.

-and-

1251 Avenue of the Americas
18th Floor
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

Counsel for Christopher R. Manning

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>(Jointly Administered) |

**RESPONSE OF CHRISTOPHER R. MANNING TO DEBTORS'
TWO HUNDRED FIFTY-FOURTH OMNIBUS OBJECTION TO CLAIMS
(EMPLOYMENT-RELATED CLAIMS)**

Christopher R. Manning ("Manning"), by and through his undersigned counsel, hereby submits this response (the "Response") to the Debtors' Two Hundred Fifty-Fourth

23123/2
03/06/2012 19905657.2

Omnibus Objection to Claims, dated February 7, 2012 [Docket No. 25059] (the "Objection"), and in support hereof respectfully states as follows:

## FACTUAL BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter, Lehman Brothers Holdings, Inc. ("LBHI") and certain of its subsidiaries (collectively with LBHI, the "Debtors") filed with this Court voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On July 2, 2009, this Court entered the Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order"), which set forth procedures for filing proofs of claim in these chapter 11 cases.

3. Mr. Manning was an employee of LBHI and was assigned by LBHI to work as an expatriate in Hong Kong. *See* letter from Lehman Brothers to Mr. Manning, dated January 22, 2007 (the "January 2007 Letter"), attached hereto as **Exhibit A**.

4. On September 22, 2009, pursuant to the Bar Date Order, Mr. Manning timely filed a proof of claim against LBHI in the amount of $ $649,733.00, which was assigned claim number 29535 by the Debtors' claims agent (the "Proof of Claim"). The Proof of Claim was filed on account of amounts owed by LBHI to Mr. Manning pursuant to the terms of his expatriate employment in Hong Kong and provides a breakdown and calculation of those amounts. A copy of the Proof of Claim is attached hereto as **Exhibit B**.

## THE OBJECTION

5. On February 7, 2012, the Debtors filed the Objection. By the Objection, the Debtors seek an order disallowing and expunging the Proof of Claim in its entirety (along with many other proofs of claim filed by former Lehman employees) on the grounds that Mr. Manning was not an employee of a Debtor, but was instead employed by a non-Debtor entity.

6. The Objection is a boilerplate objection that does not address the substance of the Proof of Claim or any of the numerous other proofs of claim the Debtors seek to disallow and expunge on the same basis. The Objection does not even specify which non-Debtor entity the Debtors allege Mr. Manning or any other claimant was employed by. Instead, with a broad brush, the Objection states in a conclusory fashion that the Debtors "reviewed their records and determined that the claimants were not employees of a Debtor, but were employees of non-Debtor entities including Lehman Brothers Inc. ("LBI"), Lehman Brothers Europe, Ltd., Lehman Brothers Limited, Lehman Brothers International (Europe), Neuberger Berman Management, Inc., Lehman Brothers Asia Ltd., Neuberger Berman LLC, Lehman Brothers Japan Inc., Lehman Brothers Real Estate Limited, and Lehman Brothers Asset Management." Objection ¶ 10.

## ARGUMENT

A. **Applicable Legal Standard**

7. A properly filed proof of claim constitutes "*prima facie* evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re DJK Residential LLC*, 416 B.R. 100, 104 (Bankr. S.D.N.Y 2009). The claimant must simply assert enough facts (not conclusions) to "show facial plausibility." *Id.* at 106. To overcome the *prima facie* validity of a properly filed claim, the objecting party must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim. *See Sherman v. Novack (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-

174 (3d Cir. 1992), *In re Alper Holdings USA*, 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008). Just like a claimant must allege facts, not simply conclusions, a party objecting to a claim cannot simply rely on conclusory statements to overcome the presumption. In the event an objecting party succeeds in producing sufficient rebuttal evidence, the burden shifts to the claimant to prove the validity of the claim by a preponderance of the evidence. *DJK Residential LLC*, 416 B.R. at 104.

B. **The Debtors Have Not Produced Any Evidence To Support Their Objection**

8.  The Debtors have not produced *any* evidence in the Objection to dispute the validity of the Proof of Claim. The Objection does not address the substance of the Proof of Claim, does not specify which non-Debtor entity the Debtors allege Mr. Manning was employed by, or the specific basis for any such allegation, and does not deny that LBHI agreed to be responsible for compensation owed to Mr. Manning. The Debtors simply state, without further explanation, analysis or discussion, that the Debtors "reviewed their records and determined that the claimants were not employees of a Debtor, but were employees of non-Debtor entities." Objection ¶ 10. In fact, the Objection makes the same sweeping allegation against approximately 140 other claimants whose claims the Debtors seek to disallow and expunge on the same basis.

9.  Application of the law to the relevant facts demonstrates that the Debtors have failed to carry their burden of overcoming the *prima facie* validity of Mr. Manning's Proof of Claim. The Proof of Claim was properly and timely filed and provides sufficient information and documentation to support its validity and amount. Indeed, the Debtors do not argue that the Proof of Claim was not properly or timely filed or that it does not contain sufficiently detailed information. Rather, the Debtors simply make and rely upon sweeping, generic and conclusory statements, without any factual or legal support whatsoever, that Mr. Manning was not employed

by the Debtors. As the case law demonstrates, such factually unsupported allegations are plainly insufficient to rebut the *prima facie* validity of a properly and timely filed claim. Accordingly, the Objection, as it relates to Mr. Manning's Proof of Claim, should be denied.

C. **Mr. Manning's Proof Of Claim Is Valid And Should Be Allowed**

10. To the extent the Court finds that the Objection has caused the burden of proof to revert to Mr. Manning, Mr. Manning submits that he has satisfied that burden. The Proof of Claim was properly and timely filed against LBHI and provides sufficient information and documentation to support its validity and amount. Furthermore, LBHI is clearly responsible for Mr. Manning's employee-related claims, as demonstrated by the January 2007 Letter, which outlines the terms of Mr. Manning's international assignment by LBHI to Hong Kong. The January 2007 Letter specifically states that Mr. Manning's employer was "Lehman Brothers Holdings Inc." It further states that Mr. Manning's "assignment will not alter the existing terms and conditions of [his] employment with Lehman Brothers Holdings Inc." Based upon the foregoing, Mr. Manning's claim is valid and should be allowed against LBHI. Moreover, even if Mr. Manning rendered services to non-debtor entities, LBHI remains liable for payment of all amounts owed to him.

11. To the extent the Court finds that Mr. Manning has not met his burden, Mr. Manning (a) is entitled to request discovery from the Debtors, (b) reserves the right to amend this Response, and (c) requests, if necessary, a full evidentiary hearing pursuant to Bankruptcy Rule 9014(e) and Rule 9014-2 of the Local Bankruptcy Rules to determine the validity of the Proof of Claim.

**RESERVATION OF RIGHTS**

12. Mr. Manning reserves all rights with respect to the Proof of Claim. Any failure to respond to the Objection on a particular ground or grounds shall not be construed as a waiver of

the right to respond on any additional grounds. The execution and filing of this Response is not and shall not be deemed: (a) a waiver or release of Mr. Manning's rights against any entity or person liable for all or any part of the Proof of Claim; (b) an election of remedies which waives or otherwise affects any other remedy; or (c) a waiver of Mr. Manning's rights to amend or supplement the Proof of Claim or this Response.

## CONCLUSION

13. For the reasons stated herein, Mr. Manning respectfully requests that this Court overrule the Objection to the extent it seeks to disallow and expunge the Proof of Claim; allow the Proof of Claim in the amount filed, and grant such other and further relief as this Court deems just and proper.

Dated: March 6, 2012

**LOWENSTEIN SANDLER PC**

By: /s/ Paul Kizel
 Paul Kizel

65 Livingston Avenue
Roseland, New Jersey 07068
Telephone: (973) 597-2500
Facsimile (973) 597-2400

-and-

1251 Avenue of the Americas
18th Floor
New York, New York 10020
Tel: (212) 262-6700
Fax: (212) 262-7402

Counsel for Christopher R. Manning

# EXHIBIT "A"

08-13555-mg    Doc 26056    Filed 03/06/12    Entered 03/06/12 14:46:27    Main Document
Pg 7 of 19

# LEHMAN BROTHERS

January 22, 2007

Christopher Manning
*Delivered by Hand*

Dear Christopher:

This letter and its enclosures outline the terms of your international assignment in Hong Kong. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

### Secondment
Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Global Services, Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. and you will be seconded to Lehman Brothers Asia Ltd. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings, Inc., subject to the Lehman employment policies and procedures.

### Assignment Term
Your assignment will commence on a date to be advised – but no earlier than the date on which you receive authorization from the immigration authorities to work in Hong Kong. It is presently anticipated that your initial assignment will be for a four-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Hong Kong for longer than four years. The program provides for a period of up to three years of expatriate-style benefits and allowances at a gradually reducing level.

### Compensation
Your base salary and any bonuses will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you receive for any award made under this program.

### Expatriate Benefits/Allowances
You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and specified on the "Package Details" attachment.

1301 AVENUE OF THE AMERICAS, 6th FLOOR
NEW YORK, NY 10019

# LEHMAN BROTHERS

Christopher Manning
January 22, 2007
Page 2

**Employee Benefits**
During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Tax-Deferred Savings Plan must be made from your monthly base salary. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Hong Kong.

**Offsets Against Compensation**
The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withhold amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

* * * *

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

If you have any questions regarding any of the material outlined, please contact me on (212) 320-7058, heather.rychener@lehman.com.

Sincerely,

*Heather Rychener*

Heather Rychener
Vice President
International Human Resources

I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Hong Kong, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

_____                    _____
Christopher Manning                                                    Date

# LEHMAN BROTHERS

January 22, 2007
Revised June 5, 2007

Mr. Stephen Manning
Delivered by Hand

Dear Stephen:

This letter and its enclosures outline the terms of your international assignment in Hong Kong. Details of the terms of your assignment may be found on the "Package Details" attachment and in the Foreign Assignment Handbook, both of which are enclosed for your reference. All terms relating to your assignment are strictly confidential and should be discussed only with your management, Lehman Brothers Human Resources and immediate family members.

## Secondment

Lehman Brothers Holdings Inc., your US employer, is assigning you to Lehman Brothers Global Services, Ltd. for international service. During this period, you will be employed by Lehman Brothers Global Services Ltd. and you will be seconded to Lehman Brothers Asia Ltd. Your employment while on this assignment will be subject to New York State law. This assignment will not alter the existing terms and conditions of your employment with Lehman Brothers Holdings Inc., subject to the Lehman employment policies and procedures.

## Assignment Term

Your assignment will commence on a date to be advised – but no earlier than the date on which you receive authorization from the immigration authorities to work in Hong Kong. It is presently anticipated that your initial assignment will be for a four-year period, but the length of this assignment is subject to change at any time.

Should you remain on assignment through the end of four years, your expatriate status will be reviewed at that time. An Expatriate Transition Program (ETP) is presently in place for secondees remaining in Hong Kong for longer than four years. The program provides for a period of up to three years of expatriate-style benefits and allowances at a gradually reducing level.

## Compensation

Your base salary and any bonuses will be paid to you in US dollars and administered via a New York payroll. Salary payments will be made monthly. You will also remain a participant in the Firm's Stock Award Program while on assignment. Under this program, a portion of your total compensation will be delivered in the form of Contingent Stock Awards (CSA's). CSA's are awarded to the Firm's employees working outside the US and are designed to parallel many key aspects of Restricted Stock Units for US employees. It is important that you clearly understand the terms of these awards as outlined in the CSA letter and brochure that you receive for any award made under this program.

## Expatriate Benefits/Allowances

You will receive expatriate benefits/allowances as outlined in the Foreign Assignment Handbook and noted on the "Package Details" attachment.

745 SEVENTH AVENUE OF THE AMERICAS, 6th Floor
NEW YORK, NY 10019

# LEHMAN BROTHERS

Christopher Manning
December 13, 2007
Revised June 27, 2007
Page 3

**Employee Benefits**

During your initial assignment, you will generally remain eligible to participate in any of the US benefit plans in which you are currently participating. Please note that for tax or other reasons certain restrictions may apply. For example, all contributions to the Tax-Deferred Savings Plan must be made from your monthly base salary. Other restrictions are explained in the Foreign Assignment Handbook. Any changes to the enrollment periods or to the US benefit plans will be announced and made available to you while you are in Hong Kong.

**Offsets Against Compensation**

The Firm reserves the right to withhold any amounts payable to you as compensation or otherwise and apply such withheld amounts to satisfy any indebtedness to the Firm to the maximum extent permitted by law. If any debt exists at the time of your termination of employment from the Firm, the Firm will have the right, to the maximum extent permitted by law, to recover such amount by offset against any amount otherwise awarded, credited or owing to you, including but not limited to amounts awarded to you under the Firm's Stock Award Program. By your signature below, you hereby authorize and consent to the aforementioned deductions.

The Firm reserves the right to make changes to the terms set forth in this letter and its enclosures, to its Foreign Assignment Handbook, and to its general international assignment policies and practices at any time. Neither this letter nor its enclosures is a contract of employment and does not give you any right to continued employment. Either you or the Firm may terminate your employment at any time.

If you have any questions regarding any of the material outlined, please contact me on (212) 320-7058, email: rychener@lehman.com.

Sincerely,

Heather Rychener
Vice President
International Human Resources

I acknowledge receipt of the enclosed Foreign Assignment Handbook and understand the terms and conditions relating to my initial international assignment to Hong Kong, which are explained in this letter and the Handbook. I am aware that all of these terms and conditions are subject to change.

_____     6-27-07
Christopher Manning                  Date

745 SEVENTH AVENUE OF THE AMERICAS, 6th FLOOR,
NEW YORK, NY 10019

*EXHIBIT "B"*

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000029535 |
| Name of Debtor Against Which Claim is Held Lehman Brothers Holdings Inc. | Case No. of Debtor 08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Christopher Manning         John Berger, Esq.
15 Ridgewood Dr.            Lowenstein Sandler PC
Rye, NY  10580   -and-      65 Livingston Ave.
                            Roseland, NJ  07068
                            jberger@lowenstein.com
Telephone number: 973-597-2314   Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)
Christopher Manning
15 Ridgewood Dr.
Rye, NY  10580
Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 649,733.00
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: __See Attached Rider__
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other -- Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 10,950.00

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/18/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

FILED / RECEIVED
SEP 2 2 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### Rider to Christopher Manning's Proof of Claim re: Lehman Brothers Holdings Inc.

This claim is comprised of three components, each of which arise from an employment relationship with Lehman Brothers Holdings Inc. and affiliated entities (the "Debtor").

First, in connection with my employment by the Debtor I was assigned to work as an expatriate in Hong Kong since August 2006. The terms of my expatriate employment provide that the Debtor would pay me in US dollars and that the Debtor would deduct from my paychecks "hypothetical tax," which, as the attached excerpt from the Lehman Brothers Expatriate Handbook indicates, would be used to fulfill my actual US and foreign tax liabilities. Although the Debtor withheld the hypothetical tax amount in calendar 2008, it failed to remit any of that amount to the IRS (or any other taxing authority) in the form of withholding tax. The amount of this portion of the claim is $206,364.

Second, in connection with my expatriate employment arrangement, I was supposed to receive housing and other expatriate benefits on an after-tax basis. To the extent I was subject to tax on those benefits, the Debtor was obligated to pay me an additional amount to cover the tax liability on those W-2 amounts, and to further "gross-up" the additional payment to cover the tax liability on the additional payment. The amount of this portion of the claim is $443,369. Attached hereto is a breakdown of my 2008 W-2. This is a Debtor generated document that foots to my 2008 W-2 income. The expatriate benefits consist of the following line items under gross compensation: E16, EB7, EC8, ED8, EZH, EZI, EZJ, EZN, and MEX. The sum of these line items is $841,939. I subtract from this amount line item HSGOFF ($301,272), which is the amount that was actually spent on my housing. The net amount is $540,667. This is the net amount of expatriate benefits that I am supposed to receive on a post-tax basis. Assuming a 40% tax rate, the $540,667 yields a tax of $216,267, which is then grossed up to $360,445 (calculated by taking $216,267 and dividing by (1-tax rate) to account

for the "tax on the tax benefit." The Debtor failed to pay for my tax liability on the expatriate benefits. Accordingly, this amount is due to me as part of the claim.

Third, in connection with my expatriate employment arrangement, in addition to the line items noted above that foot to my 2008 W-2 income, I received certain amounts in early 2009 with respect to which I was entitled to receive a grossed up tax equalization payment. Some of the 2009 amounts I received related to my 2007 income tax liabilities. The grossed up tax equalization payment attributable to the amounts I received in early 2009 totals $82,924. The Debtor failed to pay the $82,924 that is due to me, and this amount therefore is due to me as part of the claim.

Given that this claim relates to the claimant's employment with the Debtor and is in the nature of wages and salary earned within 180 days of the commencement of the proceeding, a portion of the claim in the amount of $10,950.00 is entitled to priority status under section 507 (a)(4) of the bankruptcy code.

The claimant reserves all rights to assert a claim against any other party for the payment of the claim set forth herein.

## Taxation

**1. You will be Tax Equalized while on assignment.**

**Tax Equalization**
While on assignment, you will be subject to the Firm's Tax Equalization Policy. This policy is designed to:

- insulate you from material tax differentials between the US and Hong Kong; and
- ensure that you do not bear the tax liability on your relocation and expatriate benefits, allowances and reimbursements. These are delivered tax free to you.

**2. Tax equalization eliminates any material advantage or disadvantage due to tax differentials between the US and Hong Kong.**

While on assignment, you pay hypothetical tax on your Lehman Brothers compensation. In exchange, the Firm pays the actual tax liability on your Total Compensation plus expatriate benefits in accordance with the Firm's Tax Equalization Policy. Estimated hypothetical tax is deducted from your compensation in lieu of actual withholding. You will continue to be responsible for any tax liabilities arising from your personal income.

**3. Hypothetical taxes will be withheld from your pay.**

Adjustments will be made to your hypothetical tax due to changes in total compensation, marital status, family size and tax legislation in the US (including New York State and City). This same arrangement applies to any bonus payments you may receive while on assignment.

**4. A tax equalization settlement is calculated annually to reconcile all hypothetical and actual tax payments made during the year.**

Upon completion of your tax returns, there is a reconciliation between you and the Firm. A final hypothetical tax liability is calculated on your Total Compensation and is compared to the hypothetical tax withheld from you during the year. Any excess withholding will be refunded to you, while a shortfall in hypothetical tax withholding will result in money owed to the Firm.

**5. Tax loans made by the Firm on your behalf must be repaid if they are in excess of your actual tax liability.**

**Tax Loans**
From time to time, the Firm may make payments to the tax authorities on your behalf. These payments are considered tax loans and are based on estimates of your tax liabilities both in the US and in Hong Kong. These tax loans are repayable to the Firm if they are made in excess of your final tax liability on equalized income.

**6. Foreign tax credits for taxes paid by the Firm accrue to the Firm.**

**Foreign Tax Credits**
The benefit of foreign tax credits, for foreign taxes paid/reimbursed by the Firm under the tax equalization program, accrues to the Firm. The utilization by the assignee of these foreign tax credits to reduce his/her personal tax liability on pre-assignment income, on income earned prior to joining the Firm, and/or on outside personal income, including spousal income, will result in an amount due the Firm for the amount of the credits used.

## Lehman Brothers
### 2008 Compensation Analysis (LGS)

**Christopher R. Manning**
SS# XXX-XX-8292 / Emplid 10066407

| | Description | Gross Earnings | Taxable Earnings |
|---|---|---:|---:|
| **Gross Compensation** | | | |
| AAA | Regular Salary | 183,333.37 | 183,333.37 |
| B07 | Bonus 2007 | 635,871.54 | 635,871.54 |
| B08 | Bonus 2008 | 625,000.00 | 625,000.00 |
| B37 | BonusPreAssignmt 2007 | 891,197.48 | 891,197.48 |
| E16 | International Choice $ | 352,978.00 | 352,978.00 |
| EB7 | '07 Tax Equalization | 105,000.00 | 105,000.00 |
| EC8 | 09TxEqXPSS/Medi G/Up | 642.05 | 642.05 |
| ED8 | 08 XP SS//Medi W2 Update | 43,637.13 | 43,637.13 |
| EZH | Foreign Education | 38,694.87 | 38,694.87 |
| EZI | Foreign Housing | 295,753.44 | 295,753.44 |
| EZJ | ForeignSpecialService | 1,539.07 | 1,539.07 |
| EZN | FinancialServices-Fees | 500.00 | 500.00 |
| MEX | MovExp-Taxable/Expatriates | 3,195.00 | 3,195.00 |
| R07 | 2007 RSU Bonus | 593,241.64 | 0.00 |
| R17 | 2007 RSU LBISI Bonus | 423,279.34 | 0.00 |
| | **Gross** | **4,193,862.93** | **3,177,341.95** |
| **Adjustments to Taxable Wages** | | | |
| DENTAL | Pre-Tax Dental | | (264.00) |
| FSAHLW | FSA Healthcare | | (4,500.01) |
| GVLBTX | GVUL Basic/Taxable | | 60.21 |
| HSGOFF | Housing Offset | | (301,272.02) |
| HYPOTX | HYPO Tax | | (250,643.66) |
| MEDICL | Pre-Tax Medical | | (3,124.00) |
| TDSP | TDSP 401(k) | | (15,500.00) |
| | **Adjustments** | **0.00** | **(575,243.48)** |
| | **Taxable Earnings** | | **2,602,098.47** |

**Taxes Withheld**

| | | | |
|---|---|---|---:|
| OASDI/EE | $U | D Tax | 6,324.00 |
| MED/EE | $U | F Tax | 37,955.18 |
| Withholdng | $U | H Tax | 532,054.38 |
| Withholdng | NY | H Tax | 63,698.11 |

Printed: 20-FEB-2009_01:58:21_PM



**Lowenstein Sandler**
ATTORNEYS AT LAW

John L. Berger
Member of the Firm
Tel  973 597 2314
Fax  973 597 2315
jberger@lowenstein.com

September 22, 2009

**HAND DELIVERY**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

Re:   Lehman Brothers Holdings Inc.
      08-13555(JMP)

Dear Sir or Madam:

Please be advised that we represent Christopher Manning in the above-entitled matter. Enclosed are an original and two (2) copies of a Proof of Claim that we are submitting on behalf of Mr. Manning. Kindly file the Proof of Claim and return a filed stamped copy to me in the enclosed self-addressed stamped envelope. Thank you.

Very truly yours,

John L. Berger

JLB:cls

23123/2
09/22/09 12587261.1

Enclosure(s)

cc: Mr. Christopher R. Manning (via e-mail)

Circular 230 Disclaimer: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or tax-related matter(s) addressed herein.

**HAND DELIVERY**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY: _Ashley Foley_    DATE    TIME: 2:21