HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 10, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE THE PROOF OF CLAIM FILED BY GADECO, LLC.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON DEBTORS'**
**OBJECTION TO CLAIM OF GADECO, LLC (CLAIM NO. 32441)**

**PLEASE TAKE NOTICE** that on March 7, 2012, Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), filed their objection to Claim No. 32441 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as

US_ACTIVE:\43929521\01\58399.0008

counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Ralph I. Miller, Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **April 10, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the

proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 7, 2012
      New York, New York

                                      /s/ Ralph I. Miller
                                      Ralph I. Miller
                                      Robert J. Lemons
                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Debtors
                                      and Debtors in Possession

**HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 10, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**DEBTORS' OBJECTION TO CLAIM OF GADECO, LLC (CLAIM NO. 32441)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE THE PROOFS OF CLAIM FILED BY GADECO, LLC.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent:

**Relief Requested**

1.  The Debtors file this objection (the "Objection") to the claim filed by Gadeco, LLC (Claim No. 32441) (the "Gadeco Claim"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking disallowance and expungement of the Gadeco Claim, for which the Debtors have no liability.

2.  The Gadeco Claim was filed against LBHI by Gadeco, LLC ("Gadeco") in the amount of $250 million, based upon an alleged breach of contract. The Gadeco Claim alleges that "on behalf of Gadeco," Jack J. Grynberg contacted Christopher Miller, who subsequently "on behalf of Lehman Brothers…orally and expressly agreed, promised and contracted to raise $250 million" for Gadeco. The Gadeco Claim further alleges that "a week later," Gadeco was informed by Mr. Miller that "Lehman Brothers' CEO, Mr. Dick Fuld, terminated the deal" because Jack J. Grynberg, an officer of Gadeco, was actively pursuing litigation against "some of Lehman Brothers' best clients." The Gadeco Claim further asserts that "Lehman Brothers also…proceeded to blacklist Gadeco and Mr. Grynberg in the financial industry."

3.  Gadeco provides no support or evidence whatsoever for these assertions. The Gadeco Claim provides no evidence that any contract was ever formed with any of the Debtors, much less breached. Moreover, Mr. Miller is a former employee of Lehman Brothers

US_ACTIVE:\43929521\01\58399.0008       2

Inc. Thus, even if Gadeco could demonstrate that a valid and enforceable contract had been formed through his dealings with Mr. Miller, such a contract could only have been between Gadeco and LBI. LBI is a separate legal entity and not a Debtor in these chapter 11 cases. Neither LBHI nor any of the Debtors are liable for any potential liability of LBI as a result of LBI's dealings, if any, with Gadeco. Thus, even if Gadeco could prove that it has a valid and enforceable claim, such claim would not be a claim against LBHI or any of the Debtors in these chapter 11 cases. For the foregoing reasons, the Debtors respectfully request that the Court enter an order disallowing and expunging the Gadeco Claim in its entirety.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner. The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

8. On July 2, 2009, this Court entered the Bar Date Order, which requires, among other things, that "each Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at 6.) The supporting documentation requirement was specifically set forth on the face of the Court-approved proof of claim form. (*Id.*) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

9. Claimants also received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) In the Bar Date Notice, which also was published in The New York Times (International Edition), The Wall Street Journal (International Edition), and The Financial Times, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.)

10. Claimants who filed a proof of claim prior to entry of the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that

claimants provide supporting documentation with their claim form or an explanation as to why such documentation is unavailable. (*Id.* at 2.)[1] The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6 (emphasis in original).)

## The Gadeco Claim Should Be Disallowed and Expunged

11.     Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     The Gadeco Claim is based on an alleged breach of contract. However, the Gadeco Claim does not set forth any facts or evidence to support the allegation that any contract was ever formed. It does not even appear that Gadeco had any contact with any of the

---

[1]     The Bankruptcy Rule's Official Form 10, the standardized proof of claim form, also requires claimants to attach supporting documentation or explain why said documentation is not available.

Debtors. Gadeco asserts that a contract was formed between itself and "Lehman Brothers," without specifying which of the Debtors, if any, would have been a party to such a contract.

13. The Gadeco Claim only identifies one individual, Christopher Miller, and alleges that Mr. Miller orally contracted to raise $250 million for Gadeco "on behalf of Lehman Brothers." Gadeco provides no evidence to support the proposition that any of Gadeco's dealings with Mr. Miller rose to the level of forming a valid contract enforceable against any of the Debtors or their affiliates under the law of any state. The Gadeco Claim provides no evidence that any offer was ever made by Mr. Miller and accepted by Gadeco. Gadeco does not even allege that this purported contract was supported by any consideration, or that Gadeco undertook any obligations or performance under the purported contract. Finally, the Gadeco Claim fails to assert or provide evidence that Gadeco suffered any damages resulting from the breach of any alleged contract with any of the Debtors.

14. Even if Gadeco could demonstrate that a contract was formed through its dealings with Mr. Miller, and that such contract was breached, Gadeco would not be entitled to recover from any of the Debtors. Mr. Miller was employed by LBI, not by LBHI or any of the other Debtors. Even if Mr. Miller had the authority to bind his employer, at best, such a contract would have been between Gadeco and LBI. Any potential claim arising from such a contract would be solely against LBI, and Gadeco would not be entitled to any recovery from any of the Debtors.

15. The Gadeco Claim also provides no evidence to support its vague allegation that "Lehman Brothers" proceeded to "blacklist" Gadeco in the financial industry, or that any of the Debtors took any actions that would give rise to a cognizable claim against them by Gadeco.

16. For the foregoing reasons, the Debtors respectfully request the Court enter an order disallowing and expunging the Westernbank Claims in their entirety.

## Notice

17. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Objection on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Gadeco; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 7, 2012
    New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                 :   Chapter 11 Case No.
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,              :   08-13555 (JMP)
                                                      :
                    Debtors.                          :   (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION
### TO CLAIM OF GADECO, LLC (CLAIM NO. 32441)

Upon the objection, dated March 7, 2012 (the "Objection"),[2] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure to disallow and expunge the claim filed by Gadeco, LLC ("Gadeco"), Claim No. 32441 (the "Gadeco Claim") on the basis that the Debtors have no liability for the Gadeco Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Gadeco Claim is disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

---

UNITED STATES BANKRUPTCY JUDGE