HEARING DATE AND TIME: April 26, 2012 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: April 10, 2012 at 4:00 PM (Eastern Time)

> **THE DEBTORS' TWO HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons

Attorneys for Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :   Chapter 11 Case No.
                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   08-13555 (JMP)
                                               :
                Debtors.                       :   (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON**
**DEBTORS' TWO HUNDRED SIXTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on March 5, 2012, Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), filed their two hundred sixty-seventh

omnibus objection to claims (the "Debtors' Two Hundred Sixty-Seventh Omnibus Objection to

Claims"), and that a hearing (the "Hearing") to consider the Debtors' Two Hundred Sixty-

Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012 at 10:00 AM (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); so as to be so filed and received by no later than **April 10, 2012 at 4:00 PM (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 7, 2012
      New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: April 26, 2012 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: April 10, 2012 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ralph I. Miller
Robert J. Lemons

Attorneys for Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------x

**DEBTORS' TWO HUNDRED SIXTY-SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THE DEBTORS' TWO HUNDRED SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**DEBTORS' COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

1

US_ACTIVE:\43929493\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1. The Debtors file this omnibus objection to claims (the "Two Hundred Sixty-Seventh Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Debtors have no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") were filed against the Debtors based upon alleged wrongdoing by or liabilities of entities which are not Debtors in these chapter 11 cases and for which the Debtors are not liable. Many of the No Liability Claims are based on alleged liability of either Lehman Brothers Inc. ("LBI") or Lehman Brothers Limited ("LBL"). LBI and LBL are affiliates of the Debtors but are not Debtors in these chapter 11 cases. The Debtors have no liability for the asserted obligations of LBI, LBL or any No Liability Claim.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to LBI. A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

7. On January 14, 2010, the Court entered the Procedures Order, which authorizes the Debtors, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8. On December 6, 2011, the Court entered the order confirming the Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors [Docket No. 23023].

**The No Liability Claims Should Be Disallowed and Expunged**

9. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

3

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. In their review of the claims filed on the claims register in these chapter 11 cases, the Debtors have identified the No Liability Claims as claims based upon the alleged wrongdoing or liabilities of non-Debtor parties and for which the Debtors are not liable. Many of the No Liability Claims assert a claim against the Debtors related to pending litigations in which the Debtors are not defendants. As such, no liability of the Debtors could possibly arise from such proceedings. In particular, some of the No Liability Claims are based on pending litigation or other legal proceedings with LBI or LBL. LBI and LBL are separate legal entities and not Debtors in these chapter 11 cases. The Debtors are not liable for any potential liability that LBI or LBL may have as a result of such legal proceedings. Pending litigation against LBI or LBL does not result in a claim against the Debtors. The other No Liability Claims are based on causes of action for which only non-Debtor entities are liable.

11. The liabilities asserted in the No Liability Claims are not claims against LBHI or any other Debtor in these chapter 11 cases. Unless the No Liability Claims are disallowed and expunged, parties who do not hold valid claims against the Debtors' estates may nonetheless recover from the Debtors. The Debtors respectfully request the Court enter an order disallowing and expunging the No Liability Claims in their entirety.

4

**Reservation of Rights**

12. The Debtors reserve all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

13. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635], on: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these chapter 11 cases. The Debtors submit that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: March 7, 2012
New York, New York

/s/ Ralph I. Miller
Ralph I. Miller
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

5

# Exhibit A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 267: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | OH, MIRIAM Y.<br>76 GLEN DRIVE<br>NEW CANAAN, CT 06840 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31318 | $2,500,000.00 | No Liability |
| 2 | PUTERMAN, SAMUEL<br>C/O DAVID M. BUCKNER, ESQ.<br>KOZYAK TROPIN &<br>THROCKMORTON, P.A.<br>2525 PONCE DE LEON, 9TH FLOOR<br>MIAMI, FL 33134 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30674 | $70,000,000.00 | No Liability |
| 3 | REYNO, FREDDIE & WOLFKIND-REYNO, JUNE F.<br>10170 PRESLET STREET<br>SAN DIEGO, CA 92126 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 4520 | $1,540,000.00 | No Liability |
| 4 | RIVERSIDE HOLDINGS, LLP<br>192 LEXINGTON AVENUE<br>NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25546 | $6,945,592.00* | No Liability |
| 5 | SEALED AIR CORPORATION<br>ATTN: IRA LAKRITZ, LAW DEPARTMENT<br>200 RIVERFRONT BOULEVARD<br>ELMWOOD PARK, NJ 07407 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 03/09/2011 | 67355 | $13,200,000.00 | No Liability |
| 6 | SEALED AIR CORPORATION<br>ATTN: IRA LAKRITZ, LAW DEPARTMENT<br>200 RIVERFRONT BOULEVARD<br>ELMWOOD PARK, NJ 07407 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 03/09/2011 | 67356 | $13,200,000.00 | No Liability |
| 7 | SEHI-EMOVON, K<br>42 OPAL HOUSE<br>4 MERRIVALE MEWS<br>MILTON, KEYNES<br>BUCKS, MK9 2EL<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/11/2009 | 8025 | $2,706,933.62 | No Liability |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 267: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 8 | WEISS, ROGER J AND SUZANNE, AS CO-EXECUTORS OF THE ESTATE OF STEPHEN H WEISS<br>ROGER J WEISS<br>16 THE CROSSING AT BLIND BROOK<br>PURCHASE, NY 10577 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2009 | 35917 | $400,000.00* | No Liability |
| | | | | | TOTAL | $110,492,525.62 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
                    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS'
### TWO HUNDRED SIXTY-SEVENTH OMNIBUS
### OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred Sixty-Seventh omnibus objection to claims, dated March 7, 2012 (the "Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims; and due and proper notice of the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Debtors'

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims.

Two Hundred Sixty-Seventh Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2