B 210A (Form 210A) (12/09)

### IN THE UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.     Case No. 08-13555

#### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| **LIQUIDATION OPPORTUNITIES MASTER FUND, LP** | **YORVIK PARTNERS LLP** |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Court Claim # (if known): 67851 (amending original Claim 60660)

Total Amount of Claim Filed:
U.S.$ 283,020.00 (being the equivalent of EUR 200,000.00)
Amount of Claim Transferred:
U.S.$ 283,020.00 (being the equivalent of EUR 200,000.00)
ISIN/CUSIP: XS0332409969

Chris Scholfield
c/o Alden Global Capital

885 Third Avenue
New York, New York 10022
Phone: 212-418-6862
Email: CScholfield@smithnyc.com

Date Claim Filed: 20 January 2012, amending claim originally filed on October 30, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Jason Pecora          Date: 2/29/2012
Transferee/Transferee's Agent
Jason Pecora
Managing Director - Operations
Alden Global Capital

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.     Case No. 08-13555

NOTICE OF TRANSFER OF CLAIM
OTHER THAN FOR SECURITY

Claim No. 67851 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the clerk's office of this court on ..................

| **LIQUIDATION OPPORTUNITIES MASTER FUND, LP** | **YORVIK PARTNERS LLP** |
|---|---|
| Name of Transferee | Name of Transferor |
| Address of Alleged Transferee: | Address of Alleged Transferor: |
| Chris Scholfield<br>c/o Alden Global Capital<br>885 Third Avenue<br>New York, New York 10022 | Lisa King<br>Yorvik Partners LLP<br>11 Ironmonger Lane<br>London EC2V 8EY<br>United Kingdom |
| Phone: +1-212-418-6862<br>Email: CScholfield@smithnyc.com | Phone: +44-207-796-5906<br>Email: L.King@yorvikpartners.com |

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____     _____
                          CLERK OF THE COURT

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Yorvik Partners LLP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Liquidation Opportunities Master Fund, LP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of 29 February 2012 (the "Effective Date"), (a) an undivided interest, to the extent of the applicable percentage specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 67851 filed by Seller's predecessor in interest (as an amendment to and in substitution of Proof of Claim Number 60660 (a copy of which is attached at Schedule 2 hereto)) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) there have been no objections filed or threatened against Seller in respect of the Transferred Claims; (g) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, reduction, recoupment, impairment, avoidance, disallowance, expungement or subordination and Seller has not received any notice that the Transferred Claims are void or voidable or subject to any disallowance, expungement, reduction, impairment or objection of any kind; (h) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (i) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges

and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein. Furthermore, Seller hereby confers on the Purchaser a right to recover the purchase price, in whole or in part, from Seller to the extent the Purchased Claim becomes subject to any setoff, reduction, recoupment, impairment, avoidance, disallowance, expungement or subordination in the Proceedings.

5.  Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the Effective Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 29 day of February 2012.

SELLER: YORVIK PARTNERS LLP

By: _____
Name: LARS KEVONIUS
Title: PARTNER
11 Ironmonger Lane
London EC2V 8EY
United Kingdom

PURCHASER: LIQUIDATION OPPORTUNITIES MASTER FUND, LP

By: _____
Name: Jason Pecora
Title: Managing Director - Operations
c/o Alden Global Capital
885 Third Avenue, 34th Floor,
New York, New York 10022,
USA

## SCHEDULE 1

### Transferred Claims

<u>Purchased Claim</u>

100% which is equal to US$ 283,020.00 of the outstanding amount of the Proof of Claim as of 29 February 2012 together with any interest, fees, expenses and other recoveries due

<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Index Linked Redemption Notes | XS0332409969 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | EUR 200,000.00 which is equal to US$ 283,020.00 | N/A | 13 December 2010 | N/A |

**SCHEDULE 2**

Schedule 2

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000060660

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Karivi Oy
c/o Taaleritehdas Oy
Kluuvikatu 3
00100 Helsinki
Finland

notices to:
White & Case LLP
Eteläranta 14
00130 Helsinki
Finland

Telephone number: + 358 9 228 641   Email Address: project.lb@whitecase.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ __283,020.00 (€ 200,000.00)__ (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): __XS033240996__ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

__6024539__ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
__Danske Bank A/S / 90651__ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

FILED / RECEIVED

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: October 2, 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Risto Ojantakanen / Partner / White & Case

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---DEFINITIONS---   ---INFORMATION---

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                          :    Chapter 11
                                                               :
LEHMAN BROTHERS HOLDINGS INC., et al.,                         :    Case No. 08-13555 (JMP)
                                                               :
                                  Debtors.                     :    Jointly Administered
---------------------------------------------------------------x

### ANNEX TO LEHMAN PROGRAMS SECURITIES PROOF
### OF CLAIM OF KARIVI OY

Karivi Oy (the "Claimant") files this proof of claim (the "Proof of Claim") against Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-referenced chapter 11 cases, the "Debtors") as a holder of certain Lehman Programs Securities (used herein throughout as defined in the Court's Order Pursuant to Section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2012(a)(7), (f), (l), and 3003(c)(3), and Local Rule 2002-1(e) Establishing Deadline for Filing Proofs of Claims and Approving the Form and Manner of Notice Thereof (the "Bar Date Order") [Docket No. 4271]).

A. **Background**

1. On September 15, 2008 (the "Petition Date"), LBHI commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On July 2, 2009, the Court entered the Bar Date Order. The Bar Date Order, among other things, established November 2, 2009, at 5:00 p.m. (prevailing Eastern Time) as the last date and time for each person or entity to file a proof of claim based on securities identified on the "Lehman Programs Securities" list available on http://www.lehman-docket.com as of July 17, 2009 (the "Lehman Programs Securities").

B. **Nature of the Claims**

2. The Claimant is a beneficial holder of Lehman Programs Securities guaranteed by LBHI. Set forth in field #1 is the principal amount owed as of the Petition Date in both Euros and US Dollars (the latter calculated using a an exchange rate of $1.4151/Euro as provided by the European Central Bank as of the Petition Date).

3. The Claimant claims all amounts owed to the Claimant by LBHI in connection with the Lehman Programs Securities the Claimant holds, whether or not such amount is reflected in field #1. As of the Petition Date, LBHI was and still is indebted to the Claimant for the following amounts and for all other amounts which have accrued since the Petition Date, including without limitation post-petition interest, fees and costs:

(a) principal, interest, and any unpaid fees owing under the Lehman Programs Securities held;

(b) fees and costs (including without limitation legal fees and expenses) incurred in connection with recovering on such Lehman Programs Securities to the extent allowable under the Bankruptcy Code; and

(c) all other amounts due and payable under or arising in connection with such Lehman Programs Securities, including, without limitation, damages for breach, damages caused by acts or omissions by LBHI and its affiliates, and/or any guaranteed obligor and its affiliates, post-petition interest, premiums, fees, and costs to the extent allowable under the Bankruptcy Code.

4. The amounts described in paragraphs 3(a), 3(b) and 3(c) are made without prejudice to any other amounts accruing after the Petition Date, or based upon facts and circumstances discovered after the Petition Date.

5. Additionally, the Claimant asserts against LBHI unliquidated claims for damages caused by, or based upon, (a) any liability LBHI has or may have arising under or in connection with the Lehman Programs Securities held, (b) any misstatement or omission of a material fact in any securities filings and/or financial statements; (c) any wrongful act or misconduct committed by LBHI (or the guaranteed obligor) that has resulted or will result, directly or indirectly, in injury to the Claimant, including, without limitation, breach of any fiduciary or other duty that LBHI (and/or such guaranteed obligor) may now owe or have

ever owed to the Claimant; and (d) fraud or misrepresentation in connection with the sale of such Lehman Programs Securities.

6. The claims asserted herein are not subject to any setoff or counterclaim by the Debtors or the guaranteed obligor. No judgment has been rendered on the claims asserted herein. The Claimant holds no security interests in connection with, and has not received any security for, the claims asserted herein.

C. **Supporting Documentation**

7. The Bar Date Order provides that persons or entities that file claims based on any Lehman Programs Security need not attach or submit any documentation supporting any claim based on such Lehman Programs Security. Accordingly, no supporting documentation is attached hereto. The Claimant has authorized White & Case LLP to file this Proof of Claim on its behalf, and powers of attorney are attached hereto.

D. **Reservation of Rights and Amendments**

8. In filing this Proof of Claim, the Claimant does not submit to the jurisdiction of the Court for any purpose other than to assert the claims described herein. To the extent such claims may also be asserted against any other Debtor in these jointly-administered proceedings under law or equity, including but not limited to, in the event of the substantive consolidation of some or all of the Debtors, this Proof of Claim also constitutes a claim by the Claimant against any and all such other Debtors. Additionally, any common law indemnity claims against all such Debtors are expressly preserved.

9. The execution and filing of this Proof of Claim is not intended to be and should not be construed as (a) a waiver or release of any rights of the Claimant against any other entity or person liable for all or part of the claims asserted herein, (b) a waiver of the right of the Claimant to withdraw the reference with respect to the subject matter of the claims asserted herein, any objection or other proceedings commenced with respect thereto or

any other proceeding commenced in these cases against or otherwise involving the Claimant, (c) an election of remedy by the Claimant that waives or otherwise affects any other remedy of the Claimant, (d) a consent by the Claimant to a jury trial in the Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise, (e) a waiver of the right of the Claimant to a trial by jury in any proceeding so triable herein or in any case controversy or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial is pursuant to statute or the United States Constitution, (f) a waiver of the right of the Claimant to have final orders in non-core matters entered only after de novo review by a District Court Judgment, (g) a waiver of any past, present or future event of default under any applicable credit documentation, (h) a statement of all legal theories, causes of action or facts supporting the claims of the Claimant, (i) a waiver or limitation of any rights, claims or causes of action by the Claimant, (j) a waiver of any right to the subordination or recharacterization, in favor of the Claimant, of any indebtedness or liens held by any creditors of the Debtors or creditors of any of the Debtors' affiliates, or the guaranteed obligor or any affiliate of such obligor, or (k) duplicative of or replacing any other proof of claim filed either by the Claimant or by any indenture trustee or entity performing similar functions.

10.     The Claimant expressly reserves, and does not waive, any right to amounts for any claims asserted herein, and reserves all rights, including, without limitation, the rights (a) to file any separate or additional proof of claim with respect to the claims set forth herein or otherwise (which proof of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), (b) to amend, modify or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein,

(c) to file additional proofs of claim in respect of additional amounts or for any other reason, and (d) to file proofs of claim against third parties, including, without limitation, any affiliates of the Debtors or guaranteed obligor.

11. In the event that any order of the Bankruptcy Court is entered which effects (a) a recharacterization or subordination of claims, (b) substantive consolidation of any or all of the Debtors with any or all of the Debtors and/or the Debtors' affiliates, or (c) any other similar remedy, the rights of the Claimant to file additional proofs of claim or amended proofs of claim against any or all of the Debtors and any or all of the Debtors' affiliates is reserved.

E. **Notice**

12. All notices in respect of this proof of claim should be forwarded to:

White & Case LLP
Attn: Risto Ojantakanen
Eteläranta 14
00130 Helsinki
Finland
Email Address: project.lb@whitecase.com.  Phone: + 358 9 228 641.

### **POWER OF ATTORNEY**

The undersigned Taaleritehdas Oy⬛hereby appoints attorney at law Risto Ojantakanen or any other attorney of White & Case LLP ("White & Case") appointed by him in his stead as our true and lawful attorney for the purposes of representing ourselves in our name and/or on our behalf in connection with or in relation to:

(i) representing the clients listed in Appendix 1 hereto (hereinafter referred to as the "Clients") in the insolvency proceedings of:

a) Lehman Brothers Holdings Inc. (the process initiated by the petition filed on September 15, 2008 in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code); and/or

b) Lehman Brothers Treasury Co. B.V (the process initiated by the provisional suspension of payment (*voorlopige surseance van betaling*) granted by the Amsterdam District Court on September 19, 2008);

(hereinafter referred to as the "Insolvency Proceedings") in each case, in the Clients' capacity of creditors under certain structured notes issued by Lehman Brothers Treasury Co. B.V and guaranteed by Lehman Brothers Holdings Inc.; and

(ii) any agreements, instruments and other documents in relation to the Insolvency Proceedings and any instruments and documents to be delivered by us and/or the Clients under and in relation to the Insolvency Proceedings and sending documents and notices and providing the required information and to take any other actions under and in relation to the Insolvency Proceedings.

Subject to creation of appropriate ethical screens by White & Case, by signing this Power of Attorney we consent to representation by White & Case of other clients and new clients in asserting or protecting of interests which may be adverse to or different from ours (including but not limited to representation in litigation or arbitration, any kind of commercial transactions, matters involving bankruptcy including claims, intellectual property or commercial litigation, matters involving regulatory or other agencies of a national, state or local government, matters involving the making of bids or offers competitive of those we are making and any other matter regardless of its magnitude or other importance), except of matters which would seek to contest the validity or ranking of the Client's receivables under the Insolvency Proceedings.

We hereby approve all that the said representative shall do or cause to be done by virtue of this Power of Attorney.

This Power of Attorney shall be governed by Finnish law.

Dated: 05.11.2008

[Taaleritehdas Oy]: _____

Juhani Elomaa
Print name of person signing

# APPENDIX 1

| Name | CLIENT INFORMATION Social Security Number/ Consumer ID | Address | Bank Code | Nominal Amount EUR |
|---|---|---|---|---|
| Bouchard Thord | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 20000 |
| Brushfield Andrea | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 10000 |
| Lackman Jouko | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819818 | 100000 |
| Franck A. Franck Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 10000 |
| Peltonen Martti | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 20000 |
| Härmä Raila | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 20000 |
| Bstende Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 50000 |
| Sentpro Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819838 | 20000 |
| Punto Vesa | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 30000 |
| Värd-Intell Raimi | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 30000 |
| Lunsell Jennifer | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 80000 |
| Isola Bruno | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 100000 |
| Koivunen Arja Anneli | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 100000 |
| Nurhonen Reijo | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 20000 |
| Rainio Päivi | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 50000 |
| Nordmangard Marja-Leena | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 80000 |
| Takinen Eba-Marit | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 100000 |
| Perhonlangas Bro | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 100000 |
| Partinen Jarkko | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 100000 |
| Sport Grassis Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 200000 |
| Remba-Arvelita Ritva | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121819840 | 20000 |
| Bleivlaho Arild | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 20000 |
| Rami Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 20000 |
| Sandelin Raino | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 10000 |
| Hakanen Osmo | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 100000 |
| TK-Counter Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 10000 |
| Spalasha Ali Urban | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 30000 |
| Irish Life International Limited | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 400000 |
| Nahdian Instrumentation Oy | | c/o Trademarkota Oy, Bleuvfarsu 3 00100 Helsinki | 303121040949 | 80000 |

## POWER OF ATTORNEY

The undersigned ____KARIVI OY_____ hereby appoints Taaleritehdas Oy (business identity code: ▇▇▇▇▇) as our true and lawful attorney for the purposes of representing ourselves in our name and/or on our behalf in connection with or in relation to:

(i) the insolvency proceedings of:

a) Lehman Brothers Holdings Inc. (the process initiated by the petition filed on September 15, 2008 in the United States Bankruptcy Court for the Southern District of New York seeking relief under chapter 11 of the United States Bankruptcy Code);

b) Lehman Brothers Treasury Co. B.V (the process initiated by the provisional suspension of payment (*voorlopige surseance van betaling*) granted by the Amsterdam District Court on September 19, 2008); and/or

c) such other group company of Lehman Brothers Holdings Inc. as Taaleritehdas Oy deems appropriate for the purposes of supervising our interests;

(hereinafter referred to as the "Insolvency Proceedings") in each case, in our capacity of creditors under certain structured notes issued by Lehman Brothers Treasury Co. B.V and guaranteed by Lehman Brothers Holdings Inc. (notes with identification number(s) ___ISIN XS0332409969 [ECEE ALPHA 110 % NOTE] and with nominal amount of _200.000 EUR);

(ii) any agreements, instruments and other documents in relation to the Insolvency Proceedings and any instruments and documents to be delivered by us under and in relation to the Insolvency Proceedings and sending documents and notices and providing the required information and taking any other actions under and in relation to the Insolvency Proceedings; and

(iii) authorizing/appointing White & Case LLP in relation to the above and representing ourselves in our name and/or on our behalf towards White & Case LLP. Fees and other costs in relation to such authorization/appointment shall be borne by Taaleritehdas Oy.

We hereby approve all that the said representative shall do or cause to be done by virtue of this Power of Attorney. This Power of Attorney is valid from the date it was signed and can only be cancelled in writing.

This Power of Attorney shall be governed by Finnish law.

Dated: 20.10.2008

NOTE HOLDER: _KARIVI OY_____

_KARIVI OY  KAARLO O. VIKANTI_
Print name of person

RECEIVED BY: [signature]  DATE: 10/30/09  TIME: 4:40p

HAND DELIVERY