UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                                                   Chapter 11

LEHMAN BROTHERS HOLDING, INC., *et al.*,           Case No. 08-13555(JMP)

                    Debtors.
---------------------------------------------------------------x

### SUPPLEMENTAL RESPONSE OF CHARLES DICCIANNI IN FURTHER SUPPORT OF CLAIM NO. 12314 AND IN FURTHER OPPOSITION TO THE DEBTORS' "SEVENTY-THIRD OMNIBUS OBJECTION"

Charles Diccianni ("Diccianni"), by his undersigned counsel, in further support of his claim (no. 12314) and in further opposition to the debtor's "Seventy-Third Omnibus Objection" (the "Objection") insofar as it seeks to have Diccianni's claim for $96,068.00 reclassified as "equity" and not "debt", and responding to debtors' January 24, 2012 so-called "Supplemental Annotated Omnibus Reply", respectfully states as follows:

1. On November 21, 2011, the Court heard argument on the debtor's "Seventy-Third Omnibus Objection", including the portion thereof in which the debtor seeks reclassification of Mr. Diccianni's claim. During that hearing/argument, the Court expressed concern with a number of matters raised in connection with the Objection. Those concerns included whether the claims in issue on the motion ought to be, or could be, treated as one distinct group, and not several different subgroups, inasmuch as certain claimants whose claims were included in the subject Objection were commissioned salespeople who never actually agreed to the plan in issue here. Such a subgroup would, of course, include Mr. Diccianni. The Court expressed its concern that such claimants might have been, in effect "held captive" by "economic coercion". The Court also expressed concern that the procedures in place do not provide an opportunity for

{00034690.}

RECEIVED FEB 27 2012 U.S. BANKRUPTCY COURT, SDNY JMP

the development of a full record of evidence in admissible form. The Court directed further filings; the debtors have responded with their "Supplemental Annotated Omnibus Reply".

2. The debtor's latest in its seemingly endless stream of submissions herein completely fails to recognize, address, resolve or deal with in any way the concerns the Court expressed on December 21. Instead, the debtors merely recharacterize the claimants' arguments, in order to repeat and restate the debtors' own positions. The debtors latest submission says nothing new and mischaracterizes Mr. Diccianni's claim. As such, it is almost entirely unresponsive to that claim, and the procedures now being pursued are unfairly prejudicial to the claims and interest of legitimate creditors, like Mr. Diccianni, who are required to endure the seemingly endless litigation processes pursued by the debtors for which processes the creditors also pay.

3. The Court and counsel are respectfully referred to Mr. Diccianni's prior submissions herein for a correct explanation of and statement of his claim. That claim previously incorporated, and again hereby incorporates, the various legal arguments submitted by other creditors who are situated similarly to Mr. Diccianni. Debtors' argument proceeds from the assumption that there are governing agreements or that Mr. Diccianni agreed to "participate" in the debtor's illusory program of "restricted stock units" in lieu of cash payments due. That, however, is not what the record here shows. What the record here shows as concerns Mr. Diccianni is the absence of any such agreement; rather, the unrefuted evidence as concerns Mr. Diccianni's claim is that Mr. Diccianni was for a time compelled by a type of "economic coercion" (such as the Court recognized) to accept withholding portions of his paycheck. The sums unilaterally withheld from Mr. Diccianni's compensation were not payments of bonus or additional unearned compensation to him. There is no record showing that anything of value

{00034690.}

actually was "granted", "issued" or otherwise provided to Mr. Diccianni, who now comes before this Court of equity with, in essence, a well-documented claim for wages due. Debtors' substitution of its own self-created "funny paper" for that claim should be rejected. Debtors' bootstrapping arguments that because its defense to the claim involves its own purported (unissued, unvested and worthless) "restricted stock units", the claim is one for equity and not debt, should also be rejected with finality and Mr. Diccianni's claims allowed as a general unsecured claim.

## CONCLUSION

Debtors' contention that Mr. Diccianni's claim is one for "equity" or based on an "equity" interest, is without evidentiary basis and should be rejected. The debtors' "Seventy-Third Omnibus Objection" should be overruled insofar as it applies to Mr. Diccianni's claim (No. 12314), and that claim should be allowed in its entirety in the full amount of $96,068.10, which should be classified as debt and not equity, together with such other and further relief as the court may find appropriate.

Dated:     February 14, 2012
           New York, NY

                              Respectfully submitted,

                              TOFEL & PARTNERS, LLP

                              By: _____
                                  Lawrence E. Tofel
                              730 Third Avenue, 25th Floor
                              New York, NY  10017
                              (212) 752-0007

{00034690.}