THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF DEBTORS' TWO HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
| | |
|---|---|
| In re | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | :     **08-13555 (JMP)** |
| | : |
| **Debtors.** | :     **(Jointly Administered)** |

------------------------------------------------------------------x

### NOTICE OF HEARING ON DEBTORS' TWO HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on March 9, 2012, Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors-in-possession (collectively, the "Debtors"), filed their two hundred sixty-eighth omnibus

objection to claims (the "Two Hundred Sixty-Eighth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Two Hundred Sixty-Eighth Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **April 26, 2012 at 10:00 a.m. (Prevailing

Eastern Time)**, or as soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred

Sixty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5-inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges

LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); (iii) conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle

LLP, 101 Park Avenue, New York, New York 10178-0061 (Attn: L. P. Harrison 3rd, Esq. and

Cindi Eilbott Giglio, Esq.); (iv) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); and (v) attorneys for the official

committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy

LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq.,

Dennis O'Donnell, Esq. and Evan Fleck, Esq.); so as to be so filed and received by no later than

**April 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

       **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Sixty-Eighth Omnibus Objection to Claims or any claim

set forth thereon, the Debtors may, on or after the Response Deadline, submit to the Bankruptcy

Court an order substantially in the form of the proposed order annexed to the Two Hundred

Sixty-Eighth Omnibus Objection to Claims, which order may be entered with no further notice

or opportunity to be heard offered to any party.

Dated:  March 9, 2012
      New York, New York

                        **CURTIS, MALLET-PREVOST,
                        COLT & MOSLE LLP**

                        By:  */s/ L. P. Harrison 3rd*
                             L. P. Harrison 3rd
                             Cindi Eilbott Giglio
                        101 Park Avenue
                        New York, New York 10178-0001
                        (212) 696-6000

                        *Counsel for Debtors and
                        Debtors-in-Possession*

HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)
RESPONSE DEADLINE: April 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile: (212) 697-1559
L. P. Harrison 3rd
Cindi Eilbott Giglio

*Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                         :
                               Debtors.     :    (Jointly Administered)
--------------------------------------------------------------------x

**DEBTORS' TWO HUNDRED SIXTY-EIGHTH**
**OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT DEBTORS' COUNSEL, CINDI GIGLIO, AT 212-696-6936.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), respectfully represent as follows:

**Relief Requested**

1.      The Debtors file this two hundred sixty-eighth objection to claims (the "Two Hundred Sixty-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on **Exhibit A** annexed hereto.

2.      The Debtors have examined the proofs of claim identified on **Exhibit A** and have determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are duplicative, either entirely or in substance, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"). The Debtors seek the disallowance and expungement from the Court's claims register of the Duplicative Claims and preservation of the Debtors' right to later object to any Surviving Claim on any basis.

3.      This Two Hundred Sixty-Eighth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims. Further, the Debtors reserve all their rights to object on any basis to any Duplicative Claim as to which the Court does not grant the relief requested herein.

11283914

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural

purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The

Debtors are authorized to operate their businesses and manage their properties as

debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

7.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the Debtors, among other things, to file omnibus objections to no more than 500

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.

8.      On December 6, 2011, the Court approved and entered an order

confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors (the "Plan")

[Docket No. 23023].  The effective date of the Plan was March 6, 2012.

## The Duplicative Claims Should Be Disallowed and Expunged

9.      In reviewing the claims filed on the claims register in these cases and

maintained by the Court-appointed claims agent, the Debtors have identified the claims on

**Exhibit A** as Duplicative Claims that are either exact duplicates or are in substance duplicates of

the corresponding Surviving Claims.  Specifically, the Duplicative Claims were filed by the same claimants against the same Debtors, in most instances for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims.

10.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 WL 601452, at *5 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12.    The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").  Elimination of redundant claims will also enable the Debtors

11283914

to maintain a claims register that more accurately reflects the proper claims existing against the Debtors.

13.     Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Debtors request that the Court disallow and expunge in their entirety the Duplicative Claims listed on **Exhibit A**.[1]  The Surviving Claims will remain on the claims register subject to further objections on any basis.

### Notice

14.     No trustee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Two Hundred Sixty-Eighth Omnibus Objection to Claims on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on **Exhibit A**; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Debtors submit that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

---

[1] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Debtors will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

11283914

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: March 9, 2012
      New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: */s/ L. P. Harrison 3rd*
      L. P. Harrison 3rd
      Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and
 Debtors-in-Possession*

11283914

**EXHIBIT A**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13908 (JMP) | 31563 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 2 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 09-10108 (JMP) | 31564 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 3 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 09-10137 (JMP) | 31565 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 4 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 09-10558 (JMP) | 31566 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 5 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 09-10560 (JMP) | 31567 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 6 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13899 (JMP) | 31570 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | **SURVIVING CLAIMS** | | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 7 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13900 (JMP) | 31571 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 8 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13901 (JMP) | 31572 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 9 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13902 (JMP) | 31573 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 10 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13904 (JMP) | 31574 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 11 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13905 (JMP) | 31575 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 12 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13906 (JMP) | 31576 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 13 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13907 (JMP) | 31577 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 14 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13893 (JMP) | 31889 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 15 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERICAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13888 (JMP) | 31890 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 16 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13885 (JMP) | 31891 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **CLAIMS TO BE DISALLOWED AND EXPUNGED** | | | | | **SURVIVING CLAIMS** | | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 17 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13664 (JMP) | 31892 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |
| 18 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13600 (JMP) | 31893 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 268: EXHIBIT A - DUPLICATIVE CLAIMS

| | | | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 19 | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ET AL. C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 09-12516 (JMP) | 31568 | Undetermined | NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, ET AL C/O COMMERCIAL INSURANCE BANKRUPTCY COLLECTIONS ATTN: MICHELLE A. LEVITT, AUTHORIZED REPRESENTATIVE 175 WATER STREET, 18TH FLOOR NEW YORK, NY 10038 | 09/22/2009 | 08-13555 (JMP) | 31894 | $6,611,128.00* |

|  | TOTAL | $0.00* |
|---|---|---|

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**            :        **(Jointly Administered)**

---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the Debtors' two hundred sixty-eighth omnibus objection to claims, dated March 9, 2012 (the "Two Hundred Sixty-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Sixty-Eighth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Eighth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on **Exhibit A** attached to the Two Hundred Sixty-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Sixty-Eighth Omnibus Objection to Claims.

11284112

entered on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Two Hundred Sixty-Eighth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest; and that the legal and factual bases set forth in the Two Hundred Sixty-

Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore; it is

ORDERED that the relief requested in the Two Hundred Sixty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on **Exhibit 1** annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on **Exhibit 1** annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Debtors' right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of Duplicative Claims listed on **Exhibit 1** annexed hereto; and it is further

ORDERED that all information included on all documentation filed in support of

any Duplicative Claims, including, but not limited to, derivative guarantee questionnaires and

supporting documentation, shall be treated as having been filed in support of the corresponding

Surviving Claims; and it is further

11284112

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Debtors' rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on **Exhibit A** annexed to the Two Hundred Sixty-Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on **Exhibit 1** annexed hereto, and (ii) any Surviving Claim; *provided, however,* that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
        UNITED STATES BANKRUPTCY JUDGE

11284112