THE TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO
CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED
PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)
AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION
AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MATTHIAS
KLEINSASSER, AT 214-746-7700.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for LBHI
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                :       Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             :       08-13555 (JMP)
                                                     :
                              Debtors.               :       (Jointly Administered)
-------------------------------------------------------------------x

## NOTICE OF HEARING ON TWO HUNDRED
## SEVENTY-SECOND OMNIBUS OBJECTION TO
## CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

PLEASE TAKE NOTICE that on March 12, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), filed its two hundred seventy-second omnibus objection to claims (the "Two Hundred Seventy-Second Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Seventy-Second Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012 at 10:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

> **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Seventy-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **April 11, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Seventy-Second Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Two Hundred Seventy-Second Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated: March 12, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for LBHI
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for LBHI
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

## TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

**THIS OBJECTION SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

**Relief Requested**

1.    Each of the proofs of claim listed on Exhibit A annexed hereto (collectively, the "Stock Claims") was filed as a general unsecured, secured, priority, or administrative expense claim pursuant to section 507(a) of title 11 of the United States Code (the "Bankruptcy Code") based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest (collectively, "Stock") in LBHI and/or alleged losses related thereto.  Certain of the Stock Claims also include claims arising out of the purchase of Stock. The Plan Administrator files this omnibus objection to reclassify the Stock Claims as equity interests because the ownership of the Stock and the related decrease in the value thereof constitutes an equity interest, but does not constitute a claim as such term is defined in section 101 of the Bankruptcy Code.  Accordingly, the Plan Administrator files this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [Docket No. 6664], seeking to reclassify the Stock Claims as equity interests to the extent they assert claims related to Stock.

**Jurisdiction**

2.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.      Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

5.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to up to 500 claims at a time, on various grounds,

including those set forth in Bankruptcy Rule 3007(d) and in the Procedures Order.

6.      On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.

7.      Pursuant to the Plan, the Plan Administrator is authorized to impose and

prosecute objections to claims filed against LBHI.

## The Stock Claims Should Be Reclassified as Interests

8.      Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection,

and join one or more objections in an omnibus objection, if all of the claims "are based solely on

the grounds that the claims should be disallowed, in whole or in part, because . . . they are

interests, rather than claims."  FED. R. BANKR. P. 3007(d).  The Procedures Order additionally

permits objection, on an omnibus basis, to claims that "were incorrectly classified."  (Procedures

Order at 2.)

A.   **Stock Is an Equity Security**

9.     Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest.  11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment.  *Id.* at §101(5).  The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security'," "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security."  *Id.* §§ 101(16) and 101(49)(A).

10.     Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to exercise stock option portion of plan were equity security interests for purposes of determining priority).

11.     As noted above, each of the Stock Claims is based, in whole or in part, on the ownership of preferred stock, common stock, or other equity interest in LBHI and, in some cases, the decrease in value of the Stock and/or claims arising out of the purchase of the Stock. Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests," "warrants," or use similar terms.  The holders of the Stock Claims are equity security holders.  *See* 11 U.S.C. §§ 101(16) and (17).  Thus, they allegedly have "interests" in, but not "claims" against, LBHI

and, accordingly, to the extent the Stock Claims seek recovery related to Stock, the Plan

Administrator hereby objects to reclassify the Stock Claims as equity interests.

**B.**     **Damages from the Purchase or Sale of an Equity Security Are Subordinated**

12.     Section 510(b) of the Bankruptcy Code provides that, for purposes of

distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of

an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be

subordinated to all claims or interests that are senior to or equal to the claim or interest

represented by such security, except that if such security is common stock, such claim has the

same priority as common stock.  11 U.S.C. § 510(b).

13.     Courts have generally applied section 510(b) liberally.  *Enron*, 341 B.R. at

162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have

construed the language in section 510(b) as being broad enough to include fraud, violations of

securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at

141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims);

*In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on

debtor's failure to issue its common stock to employee in exchange for his stock in another

company, allegedly in violation of the parties' termination agreement, was a claim arising from

the purchase or sale of the debtor's stock).

14.     Certain Stock Claims assert claims arising from rescission of a purchase or

sale of a security of LBHI or its affiliate or damages arising from the purchase or sale of such

security.  As set forth above, section 510(b) forecloses the possibility that such Stock Claims

receive equal or better treatment than valid, general unsecured claims against LBHI.  *See* 11

U.S.C. § 510(b); *Enron,* 341 B.R. at 158 ("Congress enacted § 510(b) to prevent disappointed

shareholders from . . . bootstrap[ing] their way to parity with general unsecured creditors in a bankruptcy proceeding.") (internal quotations omitted).

15.    Furthermore, the effective date for the Plan has occurred and distributions are set to being on April 17, 2012.  It would be inequitable and inappropriate for holders of Stock Claims to receive distributions under the Plan.  Accordingly, to the extent applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

## Reservation of Rights

16.    The Plan Administrator reserve all its rights to object on any other basis to any Stock Claim or any portion of any Stock Claim for which the Court does not grant the relief requested herein.

## Notice

17.    No trustee has been appointed in these chapter 11 cases.  Notice of this Two Hundred Seventy-Second Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A annexed hereto; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

---

[1] The Bankruptcy Code, Bankruptcy Rules, and case law make clear that the Plan Administrator does not need to commence an adversary proceeding to subordinate a Stock Claim pursuant to Bankruptcy Code section 510(b).  11 U.S.C. § 502(a); FED. R. BANKR. P. 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

18.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Debtors to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated:  March 12, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for LBHI
and Certain of Its Affiliates

# EXHIBIT A

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 272: EXHIBIT A – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | CALAFIORE, ANTHONY S.<br>56 RYAN PLACE<br>STATEN ISLAND, NY 10312 | | No Case Asserted/All Cases Asserted | 02/10/2012 | 67878 | $20,000.00 |
| 2 | WOLFSOHN, SYDELLE<br>1712 OLD MILL RD<br>MERRICK, NY 11566-1506 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/01/2012 | 67872 | Undetermined |
| | | | | | TOTAL | $20,000.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,             :        **08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE**
**TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the two hundred seventy-second omnibus objection to claims, dated

March 12, 2012 (the "Two Hundred Seventy-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule

3007(d) and this Court's order approving procedures for the filing of omnibus objections

to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity

interests, all as more fully described in the Two Hundred Seventy-Second Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Seventy-Second

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

A attached to the Two Hundred Seventy-Second Omnibus Objection to Claims; and (vi)

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Second Omnibus Objection to Claims.

all other parties entitled to notice in accordance with the procedures set forth in the

second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief requested in the Two Hundred Seventy-Second Omnibus Objection to Claims is

in the best interests of LBHI, its estate, creditors, and all parties in interest and that the

legal and factual bases set forth in the Two Hundred Seventy-Second Omnibus Objection

to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto are hereby

reclassified as equity interests and have the same priority as, and no greater priority than,

common stock interests in LBHI as set forth in Exhibit 1; and it is further

ORDERED that the Court-appointed claims agent is authorized to modify

the claims register to reflect this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the

Two Hundred Seventy-Second Omnibus Objection to Claims that is not listed on

Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                       _____
                       UNITED STATES BANKRUPTCY JUDGE