HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 12, 2012 at 4:00 p.m. (Eastern Time)

---

THE TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION TO
CLAIMS SEEKS TO RECLASSIFY AS UNSECURED CLAIMS CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE
SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR
NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS
OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO
DETERMINE  WHETHER THIS OBJECTION AFFECTS THEIR
CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ,
AT 212-310-8392.

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and certain of its affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                   :
                            Debtors.               :    (Jointly Administered)
-------------------------------------------------------------------x

### NOTICE OF HEARING ON TWO HUNDRED SEVENTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

    PLEASE TAKE NOTICE that on March 12, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc and Its Affiliated Debtors (the

"Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11

Entities"), filed its two hundred seventy-ninth omnibus objection to claims (the "Two Hundred

Seventy-Ninth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider

the Two Hundred Seventy-Ninth Omnibus Objection to Claims will be held before the

Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United

States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York,

New York 10004, on **April 26, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as

counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred

Seventy-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court: (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182 and

its amendments (which can be found at www.nysb.uscourts.gov), and served in accordance with

General Order M-399, and on: (i) the Chambers of the Honorable James M. Peck, One Bowling

Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and

Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York, 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

later than **April 12, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

       **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Seventy-Ninth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Two Hundred Seventy-Ninth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: March 12, 2012
      New York, New York

                   /s/ Robert J. Lemons
                   Robert J. Lemons

                   WEIL, GOTSHAL & MANGES LLP
                   767 Fifth Avenue
                   New York, New York 10153
                   Telephone: (212) 310-8000
                   Facsimile: (212) 310-8007

                   Attorneys for Lehman Brothers Holdings Inc.
                   and certain of its affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and certain of its affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

------------------------------------------------------------------------x

**TWO HUNDRED SEVENTY-NINTH**
**OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)**

---

**THIS OBJECTION SEEKS TO RECLASSIFY**
**AS UNSECURED CLAIMS CERTAIN FILED PROOFS OF CLAIM.**
**PARTIES RECEIVING THIS TWO HUNDRED SEVENTY-NINTH**
**OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW**
**THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S)**
**AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION**
**AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE**
**WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT**
**LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ,**
**AT 212-310-8392.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"),

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in

the above referenced chapter 11 cases in the above referenced chapter 11 cases

(collectively, "Chapter 11 Entities"), respectfully represents:

### Relief Requested

1.      The Plan Administrator files this two hundred seventy-ninth omnibus

objection to claims (the "Two Hundred Seventy-Ninth Omnibus Objection to Claims")

pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

this Court's order approving procedures for filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking to reclassify the claims listed on Exhibit A hereto.  The proposed order (the

"Proposed Order") is annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified

on Exhibit A attached hereto (the "Misclassified Claims"), in which the claimants allege

that all or a portion of the claim is entitled to either secured or priority status.  The Plan

Administrator has determined that no portion of the Misclassified Claims are actually

secured or priority claims and, therefore, such claims are not entitled to secured or

priority status as asserted in the proof of claim.  Accordingly, the Plan Administrator is

seeking to reclassify the Misclassified Claims as indicated on Exhibit A to accurately

reflect the nature and priority of the Misclassified Claims on the Court's claims register. This objection is solely to reclassify improperly asserted secured and priority claims and the Plan Administrator reserves its right to object to the claims listed on <u>Exhibit A</u> on all other grounds.

<strong><u>Jurisdiction</u></strong>

3.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

<strong><u>Background</u></strong>

4.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Chapter 11 Entities' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.    On September 17, 2008, the United States Trustee for Region 2 (the "<u>U.S. Trustee</u>") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

6.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007 and those additional ground set forth in the Procedures Order.

7.    On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.

8.      Pursuant to the Plan, the Plan Administrator is authorized to impose

and prosecute objections to claims filed against the Chapter 11 Entities.

**The Misclassified Claims Improperly Seek Either Secured or Priority Status**

9.      The Plan Administrator has reviewed each of the claims identified on

Exhibit A and has determined that, while such claims assert that all or a portion of such

claims are secured or priority claims, such claims do not articulate any valid basis for

treatment as secured or priority claims.  Many of the Misclassified Claims either assert

secured or priority status by checking the box on the proof of claim form indicating that

their claims are secured or priority but do not indicate the basis for such assertion, or

refer to an attachment to the proof of claim, but provide no basis for assertion of a

secured or priority claim in such attachment.  The Plan Administrator has reviewed the

Chapter 11 Entities' books and records and determined that the Misclassified Claims are

not secured or entitled to priority status.

10.      A filed proof of claim is "deemed allowed, unless a party in interest .

. . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's

essential allegations is asserted, the claimant has the burden to demonstrate the validity of

the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re*

*Adelphia Commnc'ns Corp.*, Ch. 11 case No. 02-41729 (REG), 2007 Bankr. LEXIS 660,

at *15 (Bankr. S.D.N.Y. Feb. 20, 2007), *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539

(Bankr. S.D.N.Y. 2000).

11.      The Supreme Court had held that conferring secured status "'to a

claimant not clearly entitled thereto is not only inconsistent with the policy of equality of

distribution; it dilutes the value of the priority for those creditors Congress intended to

prefer.'" *Howard Delivery Serv., Inc. v. Zurich Am. Ins. Co.*, 547 U.S. 651, 667 (2006)

(citations omitted); *see also In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y.

2007) (reclassifying a purportedly secured claim as unsecured because it was based on a

lapsed lien); *Karakas v. Bank of New York (In re Karakas)*, case No. 06-32961, Chapter

13, Adv. Pro. No. 06-80245, 2007 Bankr. LEXIS 1578, at *22-23 (Bankr. N.D.N.Y. May

3, 2007) (reclassifying purportedly secured claim as unsecured based on calculation of

underlying property).

12.   The effective date for the Plan has occurred and distributions are set

to begin on April 17, 2012.  It would be inequitable and inappropriate for holders of

claims subject to this objection to receive distribution in the class of secured or priority

claims.

13.   Accordingly, to preserve the Bankruptcy Code's intended order of

priority and to prevent possible improper recovery, the Plan Administrator requests entry

of the Proposed Order, reclassifying the Misclassified Claims as general unsecured

claims in accordance with the Bankruptcy Code.

## Reservation of Rights

14.   The Plan Administrator and the Chapter 11 Entities reserve all their

rights to object on any other basis to any Misclassified Claim or any portion of any

Misclassified Claim for which the court does not grant the relief requested herein.

## Notice

15.   No trustee has been appointed in these chapter 11 cases.  Notice of

this One Hundred and Eighty Sixth Omnibus Objection to Claims has been provided to:

(i) each claimant listed on Exhibit A; (ii) the U.S. Trustee for Region 2; (iii) the

Securities and Exchange Commission; (iv) the Internal Revenue Service; and (v) the

United States Attorney for the Southern District of New York, in accordance with the

Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy

Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures,

dated February 13, 2009 [ Docket No. 2837] and the Procedures Order.  The Plan

Administrator submits that such notice is sufficient and no other or further notice need be

provided.

        16.   No previous request for the relief sought herein has been made by the

Plan Administrator or the Debtors to this or any other court.

        WHEREFORE the Plan Administrator respectfully requests entry of an

order granting the relief requested herein and such other further relief as is just.

Dated:  March 12, 2012
        New York, New York

                              /s/ Robert J. Lemons
                              Robert J. Lemons

                              WEIL, GOTSHAL & MANGES LLP
                              767 Fifth Avenue
                              New York, New York 10153
                              Telephone: (212) 310-8000
                              Facsimile: (212) 310-8007

                              Attorneys for Lehman Brothers Holdings
                              Inc. and certain of its affiliates

# EXHIBIT A

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | AB SVENSK EXPORTKREDIT (PUBL) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 16368 VASTRA TRADGARDSGATAN 11B STOCKHOLM, SE 103 27 SWEDEN | 67682 | 10/11/2011 | Lehman Brothers Special Financing Inc. | Secured Unsecured<br><br>Subtotal | Undetermined $10,369,106.00*<br><br>$10,369,106.00 | Unsecured | $10,369,106.00* |
| 2 | AXIS BROKERAGE, LP 19855 SOUTHWEST FREEWAY SUITE 250 SUGAR LAND, TX 77479 | 1491 | 12/29/2008 | Lehman Brothers Commodity Services Inc. | Priority | $3,670.00 | Unsecured | $3,670.00 |
| 3 | BENNETT, PAUL F 546 PACIFIC STREET # 2 BROOKLYN, NY 11217 | 13373 | 09/16/2009 | Lehman Brothers Holdings Inc. | Priority | $9,067.50 | Unsecured | $9,067.50 |
| 4 | DAI-ICHI LIFE INSURANCE COMPANY, LIMITED THE 13-1, YURAKUCHO 1 - CHOUME CHIYODA-KU, TOKYO, 100-8411 JAPAN | 67022 | 08/13/2010 | Lehman Brothers Holdings Inc. | Secured Unsecured<br><br>Subtotal | Undetermined $5,191,608.91*<br><br>$5,191,608.91 | Unsecured | $5,191,608.91* |
| 5 | DAV-EL RESERVATIONS SYSTEM, INC. 200 SECOND STREET CHELSEA, MA 02150-1802 | 24929 | 09/21/2009 | Lehman Brothers Holdings Inc. | Administrative | $87,937.88 | Unsecured | $87,937.88 |
| 6 | DON PROHASKA & ASSOCIATES 3465 REGENT AVENUE EUSENE, OR 97401 | 5780 | 07/20/2009 | Lehman Brothers Holdings Inc. | Priority Unsecured<br><br>Subtotal | $10,950.00 $42,854.48<br><br>$53,804.48 | Unsecured | $53,804.48 |
| 7 | ENAM SECURITIES PVT LTD. 109/112 DALAMAL TOWER NARIMAN POINT MUMBAI, 400021 INDIA | 25332 | 09/21/2009 | Lehman Brothers Holdings Inc. | Priority Unsecured<br><br>Subtotal | $7,609.50 $7,609.50<br><br>$15,219.00 | Unsecured | $15,219.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8 | FINDLAY RSI<br>1210 DISTRIBUTION WAY<br>VISTA, CA 920818816 | 19834 | 09/21/2009 | Lehman Brothers Holdings Inc. | Priority<br>Unsecured<br><br>Subtotal | $258,186.64<br>$104,548.78<br><br>$362,735.42 | Unsecured | $362,735.42 |
| 9 | GRIFFITHS, HILDA A.<br>306 FLURRY LANE<br>WEST BABYLON, NY 11704 | 103 | 10/06/2008 | Lehman Brothers Holdings Inc. | Priority | $9,515.00 | Unsecured | $9,515.00 |
| 10 | HARRIS, ROTHENBERG INTERNATIONAL, LLC<br>99 WALL STREET<br>NEW YORK, NY 10005 | 106 | 10/06/2008 | Lehman Brothers Holdings Inc. | Priority | $86,125.40 | Unsecured | $86,125.40 |
| 11 | HARTMEIER, MICHAEL<br>706 LAUSANNE ROAD<br>LOS ANGELES, CA 90077 | 3168 | 03/02/2009 | Lehman Brothers Holdings Inc. | Priority<br>Unsecured<br><br>Subtotal | $10,950.00<br>$1,357.69<br><br>$12,307.69 | Unsecured | $12,307.69 |
| 12 | LEXINGTON INSURANCE COMPANY<br>C/O AIG ASSET MANAGEMENT<br>ATTN: OZZIE BAYAZITOGLU, ESQ.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 67895 | 02/17/2012 | Lehman Brothers Holdings Inc. | Secured | $158,124.96* | Unsecured | $158,124.96* |
| 13 | LEXINGTON INSURANCE COMPANY<br>C/O AIG ASSET MANAGEMENT<br>ATTN: OZZIE BAYAZITOGLU, ESQ.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 67896 | 02/17/2012 | Lehman Brothers Special Financing Inc. | Secured | $158,124.96* | Unsecured | $158,124.96* |
| 14 | PJM INTERCONNECTION, LLC<br>C/O NICHOLAS J. LEPORE, III<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 MARKET STREET, STE 3600<br>PHILADELPHIA, PA 19103 | 25223 | 09/21/2009 | Lehman Brothers Commodity Services Inc. | Administrative<br>Unsecured<br><br>Subtotal | $18,063,731.74<br>$0.00<br><br>$18,063,731.74 | Unsecured | $18,063,731.74 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

US_ACTIVE:\43949019\01\58399.0008

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

## TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT A – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 15 | SOLAR INVESTMENT GRADE CBO I, LTD THE BANK OF NEW YORK TRUST COMPANY, AS TRUSTEE ATTN: GLOBAL CORPORATE TRUST-SOLAR INVESTMENT GRADE CBO I, LTD 601 TRAVIS, 16TH FLOOR HOUSTON, TX 77002 | 66917 | 07/02/2010 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $1,650,000.00 $8,525,302.66 $10,175,302.66 | Unsecured | $10,175,302.66 |
| 16 | SOLAR INVESTMENT GRADE CBO II, LTD THE BANK OF NEW YORK TRUST COMPANY, AS TRUSTEE ATTN: GLOBAL CORPORATE TRUST-SOLAR INVESTMENT GRADE CBO II, LTD 601 TRAVIS, 16TH FLOOR HOUSTON, TX 77002 | 66915 | 07/02/2010 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | $660,000.00 $3,405,113.62 $4,065,113.62 | Unsecured | $4,065,113.62 |
| 17 | SWIFT MASTER AUTO RECEIVABLES TRUST C/O ALLY FINANCIAL INC. ATTN: STEPHEN VAN DOLSEN 1185 AVENUE OF THE AMERICA,S 2ND FLOOR NEW YORK, NY 10036 | 67867 | 01/30/2012 | Lehman Brothers Special Financing Inc. | Secured | $36,968,786.94* | Unsecured | $36,968,786.94* |
| 18 | WINNING MIND, LLC 1010 UNIVERSITY AVE., #265 SAN DIEGO, CA 92103 | 1428 | 12/23/2008 | Lehman Brothers Holdings Inc. | Priority Unsecured Subtotal | $10,950.00 $20,695.62 $31,645.62 | Unsecured | $31,645.62 |
| | | | | | TOTAL | $85,821,927.78 | TOTAL | $85,821,927.78 |

\* - Indicates claim contains unliquidated and/or undetermined amounts
† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

US_ACTIVE:\43949019\01\58399.0008
3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re                                              :      **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :      **08-13555 (JMP)**
                                                   :
                               **Debtors.**        :      **(Jointly Administered)**
---------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED SEVENTY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

Upon the two hundred seventy-ninth omnibus objection to Claims, dated

March 12, 2012 (the "Two Hundred Seventy-Ninth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") in accordance with Rule

3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664],

seeking to reclassify Misclassified Claims as unsecured claims, all as more fully

described in the Two Hundred Seventy-Ninth Omnibus Objection to Claims; and due and

proper notice of the Two Hundred Seventy-Ninth Omnibus Objection to Claims having

been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the

attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission;

(v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern

District of New York, and (vii) all other parties entitled to notice in accordance with the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Ninth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635], and it

appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Two Hundred Seventy-Ninth Omnibus

Objection to Claims is in the best interests of the Chapter 11 Entities, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

Two Hundred Seventy-Ninth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore,

it is

ORDERED that the relief requested in the Two Hundred Seventy-Ninth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on Exhibit 1 annexed

hereto is hereby reclassified as a general unsecured nonpriority claim as indicated in

Exhibit 1; and it is further

ORDERED that the Court-appointed claims agent is authorized and

directed to reclassify the Misclassified Claims pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any valid rights of setoff, netting and/or recoupment in connection with any claims listed

on Exhibit 1 annexed hereto and that all such rights, if any, of setoff, netting and/or

recoupment, and all defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any claims listed on Exhibit A annexed to the Two Hundred Seventy-Ninth Omnibus

US_ACTIVE:\43944528\04\58399.0008                    11

Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                           _____
                           UNITED STATES BANKRUPTCY JUDGE