> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MATTHIAS KLEINSASSER, AT 214-746-7700.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for LBHI
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-----------------------------------------------------------------x

### NOTICE OF HEARING ON TWO HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

PLEASE TAKE NOTICE that on March 12, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), filed their two hundred seventy-fourth omnibus objection to claims (the "Two Hundred Seventy-Fourth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Seventy-Fourth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **April 26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Seventy-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Chapter 11 Estates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

later than **April 11, 2012 at 4:00 p.m. (Eastern Time)** (the "<u>Response Deadline</u>").

    **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Seventy-Fourth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Two Hundred Seventy-Fourth Omnibus Objection to Claims, which order may be entered with

no further notice or opportunity to be heard offered to any party.

Dated:  March 12, 2012
   New York, New York

        /s/ Robert J. Lemons
        Robert J. Lemons

        WEIL, GOTSHAL & MANGES LLP
        767 Fifth Avenue
        New York, New York 10153
        Telephone: (212) 310-8000
        Facsimile: (212) 310-8007

        Attorneys for LBHI
        and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for LBHI
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

TWO HUNDRED SEVENTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS TWO HUNDRED SEVENTY-FOURTH OMNIBUS
OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS
OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE
EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER
THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN
BROTHERS HOLDINGS INC.'S COUNSEL, MATTHIAS
KLEINSASSER, AT 214-746-7700.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"),

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in

the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"),

respectfully represents:

## **Relief Requested**

1.      The Plan Administrator files this two hundred seventy-fourth

omnibus objection to claims (the "Two Hundred Seventy-Fourth Omnibus Objection to

Claims"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures

Order") [Docket No. 6664], seeking the disallowance and expungement of the claims

listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim

identified on Exhibit A and have determined that the proofs of claim listed under the

heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and

Superseded Claims") have been amended and superseded by at least one subsequently

filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively,

the "Surviving Claims").  The Plan Administrator seeks the disallowance and

expungement from the Court's claims register of the Amended and Superseded Claims

and preservation of the Plan Administrator's right to later object to any Surviving Claim

on any basis.

3.	This Two Hundred Seventy-Fourth Omnibus Objection to Claims

does not affect any of the Surviving Claims and does not constitute any admission or

finding with respect to any of the Surviving Claims.  Further, the Plan Administrator

reserve all its rights to object on any basis to any Amended and Superseded Claim as to

which the Court does not grant the relief requested herein.

**Jurisdiction**

4.	This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.	Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).

6.	On September 17, 2008, the United States Trustee for Region 2

(the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.	On January 14, 2010, the Court entered the Procedures Order,

which authorizes the filing of omnibus objections to no more than 500 claims at a time,

on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.

8.    On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.

9.    Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

10.    In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged.  *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct.

5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

13.    A debtor cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Chapter 11 Estates to maintain a claims register that more accurately reflects the proper claims existing against them.

14.    The effective date for the Plan has occurred and distributions are set to begin on April 17, 2012. It would be inequitable for holders of claims subject to this objection to receive distribution on account of claims that have been amended and superseded. Accordingly, to avoid the possibility of multiple recoveries by the same creditor, the Plan Administrator requests that the Court disallow and expunge in their entirety the Amended and Superseded Claims listed on <u>Exhibit A</u>.[1] The Surviving Claims will remain on the claims register subject to further objections on any basis.

### **Notice**

15.    No trustee has been appointed in these chapter 11 cases. Notice of this Two Hundred Seventy-Fourth Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue

---

[1] Where a creditor has filed different documentation in support of the Amended and Superseded Claim and the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A annexed hereto; and (vi) all other parties entitled to notice

in accordance with the procedures set forth in the second amended order entered on June

17, 2010, governing case management and administrative procedures for these cases

[Docket No. 9635].  The Plan Administrator submits that no other or further notice need

be provided.

        16.     No previous request for the relief sought herein has been made by

the Plan Administrator or the Debtors to this or any other Court.

        WHEREFORE the Plan Administrator respectfully requests that the Court

grant the relief requested herein and such other and further relief as is just.

Dated:  March 12, 2012
      New York, New York

                           /s/ Robert J. Lemons
                           Robert J. Lemons

                           WEIL, GOTSHAL & MANGES LLP
                           767 Fifth Avenue
                           New York, New York 10153
                           Telephone: (212) 310-8000
                           Facsimile: (212) 310-8007

                           Attorneys for LBHI
                           and Certain of Its Affiliates

# EXHIBIT A

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | BANK OF NOVA SCOTIA, THE<br>BRADLEY TATE, LL.B<br>40 KING STREET WEST<br>SCOTIA PLAZA 8TH FLOOR<br>TORONTO, ON M5H 1H1<br>CANADA | 09/04/2009 | 08-13555 (JMP) | 10402 | $131,795,492.00* | BANK OF NOVA SCOTIA, THE<br>BRADLEY TATE, LL.B.<br>40 KING STREET WEST<br>SCOTIA PLAZA 8TH FLOOR<br>TORONTO, ON M5H 1H1<br>CANADA | 02/28/2012 | 08-13555 (JMP) | 67931 | $131,667,013.00 |
| 2 | BNP PARIBAS ARBITRAGE<br>8 RUE DE SOFIA<br>ATTN: FRANCOIS ARTIGALA<br>PARIS, 75018<br>FRANCE | 01/11/2012 | 08-13555 (JMP) | 67841 | $1,047,074.96* | BNP PARIBAS ARBITRAGE<br>ATTN: FRANCOIS ARTIGALA<br>8, RUE DE SOFIA<br>PARIS, 75018<br>FRANCE | 02/13/2012 | 08-13555 (JMP) | 67891 | $4,659,162.00* |
| 3 | FORTIS BANK<br>WARANDEBERG 3<br>1000 BRUSSEL, 1000<br>BELGIUM | 09/18/2009 | 08-13885 (JMP) | 16063 | $8,609,430.00* | FORTIS BANK NV/SA<br>ATTN: HILDE VAN VERRE/REGINE OUYANG<br>MONTAGNE DU PARC, 3<br>BRUSSELS,<br>BELGIUM | 02/13/2012 | 08-13885 (JMP) | 67887 | $8,609,430.00* |
| 4 | FORTIS BANK<br>WARANDEBERG 3<br>1000 BRUSSEL, 1000<br>BELGIUM | 09/18/2009 | 08-13555 (JMP) | 16064 | $8,609,430.00* | FORTIS BANK NV/SA<br>ATTN: HILDE VAN VERRE/REGINE OUYANG<br>MONTAGNE DU PARC, 3<br>BRUSSELS,<br>BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67886 | $8,609,430.00* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | FORTIS BANK NV WARANDEBERG 3 1000 BRUSSEL, BELGIUM | 09/18/2009 | 08-13888 (JMP) | 16065 | $99,491,693.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13888 (JMP) | 67888 | $99,491,693.00* |
| 6 | FORTIS BANK NV WARANDEBERG 3 1000 BRUSSEL, BELGIUM | 09/18/2009 | 08-13555 (JMP) | 16066 | $99,491,693.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67889 | $99,491,693.00* |
| 7 | FORTIS BANK NV/SA ATTN: ANNEMARIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26438 | $4,471,257.00* | FORTIS BANK NV/SA MONTAGNE DU PARC, 3 ATTN HILDE VAN VERRE & MARC GALLET BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67875 | $2,502,020.49* |
| 8 | FORTIS BANK NV/SA ANNMERIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26444 | $3,189,947.35* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67890 | $9,274,399.41* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 9  FORTIS BANK NV/SA ANNMERIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26445 | $4,211,503.00* | FORTIS BANK NV/SA MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67873 | $8,796,204.97* |
| 10  FORTIS BANK NV/SA MONTAGNE DU PARC 3 ATTN HILDE VAN VERRE & MARC GALLET BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67874 | $8,522,649.41* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67890 | $9,274,399.41* |
| 11  INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, LLLP ATTN: CHRIS JACOBY 6501 E. BELLEVIEW AVE, SUITE 400 ENGELWOOD, CO 80111 | 09/21/2009 | 08-13555 (JMP) | 21667 | $39,372,000.00* | INTERNATIONAL EQUITYINDEX FUND III ACCREDITED LLLP INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, L.L.L.P. 6501 E BELLEVIEW AVE, SUITE 400 ENGELWOOD, CO 80111 | 01/30/2012 | 08-13555 (JMP) | 67865 | $28,332,204.07 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, LLLP ATTN: CHRIS JACOBY 6501 E. BELLEVIEW AVE., SUITE 400 ENGLEWOOD, CO 80111 | 09/21/2009 | 08-13893 (JMP) | 21668 | $39,372,000.00* | INTERNATIONAL EQUITYINDEX FUND III ACCREDITED LLLP INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, L.L.L.P. 6501 E BELLEVIEW AVE, SUITE 400 ENGLEWOOD, CO 80111 | 01/30/2012 | 08-13893 (JMP) | 67866 | $28,332,204.07 |
| 13 | LEXINGTON INSURANCE COMPANY ATTN: BILL FISH C/O AIG GLOBAL INVESTMENT CORP. 70 PINE STREET, 13TH FLOOR NEW YORK, NY 10270 | 09/21/2009 | 08-13555 (JMP) | 34193 | Undetermined | LEXINGTON INSURANCE COMPANY C/O AIG ASSET MANAGEMENT ATTN: OZZIE BAYAZITOGLU, ESQ. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 02/17/2012 | 08-13555 (JMP) | 67895 | $158,124.96* |
| 14 | LEXINGTON INSURANCE COMPANY C/O AIG GLOBAL INVESTMENT CORP ATTN: BILL FISH 70 PINE STREET, 13TH FLOOR NEW YORK, NY 10038 | 09/21/2009 | 08-13888 (JMP) | 34196 | Undetermined | LEXINGTON INSURANCE COMPANY C/O AIG ASSET MANAGEMENT ATTN: OZZIE BAYAZITOGLU, ESQ. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 02/17/2012 | 08-13888 (JMP) | 67896 | $158,124.96* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 15 | MACQUARIE BANK LIMITED ATTN: EXECUTIVE DIRECTOR, LEGAL RISK MANAGEMENT TREASURY AND COMMODITIES GROUP NO. 1 MARTIN PLACE SYDNEY, NSW2000 AUSTRALIA | 09/18/2009 | 08-13555 (JMP) | 18855 | $29,192,648.71 | MACQUARIE BANK LIMITED ATTN: EXECUTIVE DIRECTOR, LEGAL RISK MANAGEMENT TREASURY AND COMMODITIES GROUP NO. 1 MARTIN PLACE SYDNEY, NSW 2000 AUSTRALIA | 01/30/2012 | 08-13555 (JMP) | 67864 | $31,592,120.56 |
| 16 | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/17/2009 | 08-13555 (JMP) | 15632 | $163,492,113.10* | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 02/28/2012 | 08-13555 (JMP) | 67932 | $226,738,674.00* |
| 17 | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/25/2012 | 08-13555 (JMP) | 67856 | $226,609,153.00* | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 02/28/2012 | 08-13555 (JMP) | 67932 | $226,738,674.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 18 | SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON C/O SOCIETE GENERALE 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/22/2009 | 08-13555 (JMP) | 28253 | $1,651,906.39* | SOCIETE GENERALE, AS SUCESSOR IN INTEREST TO SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/26/2012 | 08-13555 (JMP) | 67861 | $1,748,852.14* |
| 19 | SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON C/O SOCIETE GENERALE 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/22/2009 | 08-13555 (JMP) | 28254 | $8,391,937.37* | SOCIETE GENERALE, AS SUCESSOR IN INTEREST TO SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/26/2012 | 08-13555 (JMP) | 67860 | $8,410,680.49* |
| 20 | SUMITOMO MITSUI BANKING CORPORATION ATTN SCOTT DIAMOND, LEGAL 277 PARK AVENUE 6TH FLOOR NEW YORK, NY 10172-0601 | 09/21/2009 | 08-13555 (JMP) | 26237 | $15,097,032.06* | SUMITOMO MITSUI BANKING CORPORATION ATTN: SCOTT DIAMOND, LEGAL 277 PARK AVENUE, 6TH FLOOR NEW YORK, NY 10172-0601 | 01/26/2012 | 08-13555 (JMP) | 67858 | $15,790,483.35* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 21 | SUMITOMO MITSUI BANKING CORPORATION ATTN SCOTT DIAMOND, LEGAL 277 PARK AVENUE NEW YORK, NY 10172-0601 | 09/21/2009 | 08-13888 (JMP) | 26238 | $15,097,032.06* | SUMITOMO MITSUI BANKING CORPORATION ATTN: SCOTT DIAMOND, LEGAL 277 PARK AVENUE, 6TH FLOOR NEW YORK, NY 10172-0601 | 01/26/2012 | 08-13888 (JMP) | 67859 | $15,790,483.35* |
| 22 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: MS SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, CHINA | 09/21/2009 | 08-13555 (JMP) | 22807 | Undetermined | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F, THE LEE GARDENS 33 HYSAN AVENUE CAUSEWAY BAY, HONG KONG | 02/06/2012 | 08-13555 (JMP) | 67876 | $7,917,540.04* |
| | | | | TOTAL | $907,715,992.41 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED SEVENTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the two hundred seventy-fourth omnibus objection to claims, dated March 12, 2012 (the "Two Hundred Seventy-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Two Hundred Seventy-Fourth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-Fourth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Fourth Omnibus Objection to Claims.

Two Hundred Seventy-Fourth Omnibus Objection to Claims; and (vi) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for

these cases [Docket No. 9635]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Two

Hundred Seventy-Fourth Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Seventy-Fourth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and

Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the

claims register subject to the Chapter 11 Estates' right to further object as set forth herein;

and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto;

and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Chapter 11 Estate's rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Chapter 11 Estates may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Seventy-Fourth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "Reinstated

<u>Claim</u>") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a Surviving Claim and all documentation previously filed in support of the Surviving Claim, including, but not limited to, amended derivative and guarantee questionnaires and supporting documentation, shall be deemed timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim that had been timely filed; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE