HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: April 12, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE TWO HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, TERESA BRADY, AT 212-310-8093.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

## NOTICE OF HEARING ON TWO HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

**PLEASE TAKE NOTICE** that on March 13, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator, under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for the entities in the above-referenced chapter 11 cases, (collectively, the "Chapter

11 Estates"), filed the two hundred seventieth omnibus objection to claims (the "Two Hundred

Seventieth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the

Two Hundred Seventieth Omnibus Objection to Claims will be held before the Honorable James

M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004,

on **April 26, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred

Seventieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules

of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with

the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal &

Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert Lemons, Esq.,

Penny Reid, Esq., and Ralph Miller, Esq.); and (iii) the Office of the United States Trustee for

the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attn: Elisabeth Gasparini, Esq. and Andrea Schwartz, Esq.); so as to be so filed and received by

no later than **April 12, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

2

served with respect to the Two Hundred Seventieth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two

Hundred Seventieth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: March 13, 2012
       New York, New York

/s/ Robert J. Lemons

Robert J. Lemons
Penny P. Reid
Ralph I. Miller

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Lehman Brothers Holdings Inc.*
*and Certain of Its Affiliates*

**HEARING DATE AND TIME: April 26, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: April 12, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons
Penny P. Reid
Ralph I. Miller

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
|                                                |   |                          |
| ---------------------------------------------- | - | ------------------------ |
| **In re**                                      | : | **Chapter 11 Case No.**  |
|                                                | : |                          |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   | : | **08-13555 (JMP)**       |
|                                                | : |                          |
| **Debtors.**                                   | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**TWO HUNDRED SEVENTIETH OMNIBUS**
**OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED SEVENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, TERESA BRADY, AT 212-310-8093.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"),

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in

the above referenced chapter 11 cases, (collectively, the "Chapter 11 Estates"),

respectfully represents:

### Relief Requested

1.      The Plan Administrator files this two hundred seventieth omnibus

objection to claims (the "Two Hundred Seventieth Omnibus Objection to Claims")

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"),

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and this Court's order approving procedures for the filing of omnibus objections to proofs

of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking entry of an order reducing and allowing the claims listed on Exhibit A annexed

hereto.

2.      The Plan Administrator has examined the proofs of claim

identified on Exhibit A and has determined that the proofs of claim listed on Exhibit A

(collectively, the "Valued Derivative Claims") should be reduced and allowed on the

basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and

reasonable values determined by the Plan Administrator after a review of the claimant's

supporting documentation and LBHI's and Lehman Brothers Special Financing Inc.'s

("LBSF") books and records.  The Plan Administrator, therefore, requests that the Court

2

reduce, as appropriate, each such claim to the amount listed on Exhibit A under the

column heading "*Modified Amount*"; and allow each such claim only to the extent of such

modified amount.

3.      The Plan Administrator reserves all its rights to object on any other

basis to any Valued Derivative Claim as to which the Court does not grant the relief

requested herein.

## Jurisdiction

4.      This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.      Commencing on September 15, 2008 and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of title 11 of the Bankruptcy Code.  These chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).

6.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors'

Committee").

7.      On July 2, 2009, this Court entered an order setting forth

procedures for filing proofs of claim in these chapter 11 cases, including procedures for

filing proofs of claim and supporting documentation for claims based on derivative

contracts (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order provided that

3

"each holder of a claim against a Debtor based on amounts owed pursuant to any Derivative Contract must: . . . complete the electronic Derivative Questionnaire [and] electronically upload supporting documentation on the website . . . ." (Bar Date Ord. at 7.)  The Bar Date Order further provided that "each holder of a claim against a Debtor based on a Guarantee by a Debtor of the obligations of a non-Debtor entity under a Derivative Contract must [also]: . . . complete the electronic Guarantee Questionnaire and electronically upload supporting documentation on the website . . . ." (*Id.* at 8.)  A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

8.      Exhibit C to the Bar Date Order was a version of the Derivative Questionnaire, which required that the claimant provide various information in support of its claim, such as copies of relevant agreements; a copy of the termination notice; a valuation statement; individual trade-level detail; trade value methodology and quotations; and unpaid amounts, collateral, and other costs associated with the claim pursuant to the derivative contract.  Also attached to the Bar Date Order was Exhibit D, a version of the Guarantee Questionnaire setting forth the information forming the basis of the claimant's assertions of a guarantee.

9.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10.      On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.

11.     Pursuant to the Plan, the Plan Administrator is authorized to

impose and prosecute objections to claims filed against LBHI and LBSF.

**The Valued Derivative Claims Should Be Reduced and Allowed**

12.     In reviewing the claims filed on the claims register in these cases

and maintained by the Court-appointed claims agent, the Plan Administrator has

identified the claims on Exhibit A as being claims that should be reduced and allowed on

the basis that the amounts listed on the proofs of claim are greater than the fair, accurate,

and reasonable values determined by the Plan Administrator after a review of the

claimant's supporting documentation and LBHI's and LBSF's books and records.

13.     A filed proof of claim is "deemed allowed, unless a party in

interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the

claim's essential allegations is asserted, the claimant has the burden to demonstrate the

validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);

*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS

660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,

539 (Bankr. S.D.N.Y. 2000).

14.     The Valued Derivative Claims listed on Exhibit A should be

reduced and allowed in the amount listed on Exhibit A under the column heading

"*Modified Amount*" because the asserted claim amount is greater than the fair, accurate,

and reasonable value of the claim as determined by the Plan Administrator after a review

of the supporting documentation provided by the claimants and the LBHI and LBSF

books and records.

5

15.     The Plan Administrator has developed and currently utilizes a thorough, multi-step process to review claims filed against LBHI and LBSF and based on a Derivative Contract[1] ("Derivative Claims") in order to determine the fair, accurate, and reasonable value of such claims, for purposes of settlement (the "Proposed Settlement Amount").  In order to determine the Proposed Settlement Amount, the Plan Administrator:  (i) collects and reviews documents related to the relevant Derivative Claim including, but not limited to, the relevant Derivative Questionnaire and/or Guarantee Questionnaire, the termination notice, and the valuation statement; (ii) reconciles posted collateral and any cash payments already received, made, or missed; and (iii) reviews the valuation methodology used by the claimant to determine the value of the claim, including verifying the legitimacy of quotes provided by the claimant in connection with their valuation statement, reviewing claimant's "loss" calculation, and evaluating any set-off claims.[2]  In its efforts to determine the Proposed Settlement Amount, the Plan Administrator engages in, to the extent the holder is willing to so engage, lengthy negotiations with the holder of the Derivative Claim that are often very detailed and may extend over a period of months.

---

[1] "Derivative Contract" is defined in the Bar Date Order as meaning "any contract that is of (i) a 'swap agreement' as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a 'forward contract' as such term is defined in section 101(25) of the Bankruptcy Code . . . ."  (*See* Bar Date Ord. at 6.)

[2] For a more comprehensive discussion of the valuation process, please see the Declaration of Gary H. Mandelblatt in Support of Debtors' Motion Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form (attached as "Exhibit C" to Debtors' Omnibus Reply to Objections to Motion of the Debtors, Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3), for Establishment of the Deadline for Filing Proofs of Claim, Approval of the Form and Manner of Notice Thereof and Approval of the Proof of Claim Form [Docket No. 4113]).

6

16.     The Plan Administrator has undertaken this lengthy process with

respect to each of the Valued Derivative Claims listed on Exhibit A, and has concluded

that a fair, accurate, and reasonable valuation of the Valued Derivative Claim is less than

that reflected on the proof of claim submitted by the claimant.  Despite the Plan

Administrator's efforts at negotiating this Proposed Settlement Amount, the Plan

Administrator and the holders of the Valued Derivative Claims have reached an impasse.

Holders of the Valued Derivative Claims should not be allowed to recover more than the

true and proper value of their claims.  Accordingly, in order to properly reflect the fair,

accurate, and reasonable value of these claims, the Plan Administrator requests that the

Court reduce each Valued Derivative Claim to the amount listed on Exhibit A under the

column heading "*Modified Amount*" and allow each such claim only to the extent of such

modified amount.

### Notice

17.     No trustee has been appointed in these chapter 11 cases.  The Plan

Administrator has served notice of this Two Hundred Seventieth Omnibus Objection to

Claims on:  (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of

New York; (v) the claimants listed on Exhibit A attached to this Two Hundred Seventieth

Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance

with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No.

9635].  The Plan Administrator submits that no other or further notice need be provided.

7

18.     No previous request for the relief sought herein has been made by

the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an

order granting the relief requested herein and such other and further relief as is just.

Dated: March 13, 2012
     New York, New York

                        /s/ Robert J Lemons
                        Robert J. Lemons
                        Penny P. Reid
                        Ralph I. Miller

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        *Attorneys for Lehman Brothers Holdings*
                        *Inc. and Certain of Its Affiliates*

# EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 270: EXHIBIT A – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEEN BANK BA (T/A ""RABOBANK INTERNATIONAL"") ATTN: P.G. MAATEN, VICE PRESIDENT, GLOBAL SPECIAL ASSET MANAGEMENT/ US609 18 CROESELAAN UTRECHT 3521 CB UTRECHT, HG-3500 NETHERLANDS | 65579 | 11/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $50,276,248.00* | Lehman Brothers Special Financing Inc. | Unsecured | $25,566,894.74 |
| 2 | COOPERATIEVE CENTRALE RAIFFEISEN-BOERENLEENBANK BA (T/A ""ROBOBANK INTERNATIONAL"") ATTN: P.G. MAATEN, VICE PRESIDENT, GLOBAL SPECIAL ASSET MANAGEMENT/US609 18 CROESELAAN UTRECHT 3521 CB UTRECHT, HG-3500 NETHERLANDS | 65582 | 11/16/2009 | Lehman Brothers Holdings Inc. | Unsecured | $50,276,248.00* | Lehman Brothers Holdings Inc. | Unsecured | $25,566,894.74 |
| | | | | | TOTAL | $100,552,496.00 | | TOTAL | $51,133,789.48 |

* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 1 of 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                       :         **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :         **08-13555 (JMP)**
                                                            :
                                       Debtors.             :         **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING TWO HUNDRED SEVENTIETH**
**OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Upon the two hundred seventieth omnibus objection to claims, dated

March 13, 2012 (the "Two Hundred Seventieth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures

Order"), seeking to reduce and allow the Valued Derivative Claims on the basis that the

amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable

values determined by the Plan Administrator after a review of the claimants' supporting

documentation and LBHI's and Lehman Brothers Special Financing Inc.'s ("LBSF")

books and records, as more fully described in the Two Hundred Seventieth Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Seventieth Omnibus

Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Two Hundred Seventieth Omnibus Objection to Claims.

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Two Hundred Seventieth Omnibus Objection to Claims; and (vi) all other parties

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9653]; and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Two

Hundred Seventieth Omnibus Objection to Claims is in the best interests of LBHI and

LBSF, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Seventieth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Seventieth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Two

Hundred Seventieth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE