XS0199536029

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44559** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

**Luzerner Kantonalbank AG**

By: _____
Name: _Kurt Lütolf_      _Roland Fähndrich_
Title: _Vice President_   _Vice President_

Address:
Pilatusstrasse 12
CH-6002 Luzern

**JPMorgan Chase Bank, N.A.**

By: _____
Name: Peter Schoepe
Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN:  Susan McNamara

2

## SCHEDULE 1

## Transferred Claims

### Purchased Claim

$1,003,157.34 of $2,140,068.98 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ _8_, 2012) together with interest, fees, expenses and other recoveries due.

### Lehman Programs Securities to which Transfer Relates

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 7,000,000 Fixed Rate/Index Linked Target Hot Notes due September 2010 linked to a Basket of Indices Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,140,068.98 | $1,369,603.33 | XS0169636029 | 44599 | | 660,000 | EUR | 660,000 | 80,223.34 | 760,223.34 | 937,530.22 | 65,627.12 | 1,003,157.34 |
| | | | | | | | 6,042,396 | 25,000 | | 25,000 | 3,531.19 | 28,531.19 | 35,512.51 | 2,485.88 | 37,998.38 |
| | | | | | | | 6,042,409 | 20,000 | | 20,000 | 2,824.95 | 22,824.95 | 28,410.01 | 1,988.70 | 30,398.71 |
| | | | | | | | 6,042,405 | 15,000 | | 15,000 | 2,118.71 | 17,118.71 | 21,307.51 | 1,491.53 | 22,799.03 |
| | | | | | | | 6,042,408 | 10,000 | | 10,000 | 1,412.47 | 11,412.47 | 14,205.00 | 994.35 | 15,199.35 |
| | | | | | | | 6,042,410 | 10,000 | | 10,000 | 1,412.47 | 11,412.47 | 14,205.00 | 994.35 | 15,199.35 |
| | | | | | | | 6,042,411 | 10,000 | | 10,000 | 1,412.47 | 11,412.47 | 14,205.00 | 994.35 | 15,199.35 |
| | | | | | | | 6,042,412 | 10,000 | | 10,000 | 1,412.47 | 11,412.47 | 14,205.00 | 994.35 | 15,199.35 |
| | | | | | | | 6,052,697 | 500,000 | | 500,000 | 70,623.74 | 570,623.74 | 710,250.17 | 49,717.51 | 759,967.68 |
| | | | | | | | 6,042,408 | 20,000 | | 20,000 | 2,824.95 | 22,824.95 | 28,410.01 | 1,988.70 | 30,398.71 |
| | | | | | | | 6,042,404 | 20,000 | | 20,000 | 2,824.95 | 22,824.95 | 28,410.01 | 1,988.70 | 30,398.71 |
| | | | | | | | 6,042,396 | 20,000 | | 20,000 | 2,824.95 | 22,824.95 | 28,410.01 | 1,988.70 | 30,398.71 |

XS0214633967

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44555** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _ day of _March_ , 2012.

Luzerner Kantonalbank AG

By: _____
Name: _____     _____
Title: _____     _____

Address:
Pilatusstrasse 12
CH-6002 Luzern

JPMorgan Chase Bank, N.A.

By: _____
Name: _____Peter Schoepe_____
Title: _____Authorized Signatory_____

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN: Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$127,845.03 of $156,255.04 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _____ *[handwritten]* ____, 2012) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 7,500,000 Index Linked Redemption Notes due March 2010 relating to the Dow Jones Eurostoxx 50 Index Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $156,255.04 | $156,101.65 | XS0214633967 | 44655 | | 90,000 | EUR | 90,000 | - | 90,000.00 | 127,845.03 | - | 127,845.03 |
| | | | | | | | 6,040,679 | 50,000 | | 50,000 | - | 50,000.00 | 71,025.02 | - | 71,025.02 |
| | | | | | | | 6,040,682 | 10,000 | | 10,000 | - | 10,000.00 | 14,205.00 | - | 14,205.00 |
| | | | | | | | 6,040,683 | 5,000 | | 5,000 | - | 5,000.00 | 7,102.50 | - | 7,102.50 |
| | | | | | | | 6,040,684 | 5,000 | | 5,000 | - | 5,000.00 | 7,102.50 | - | 7,102.50 |
| | | | | | | | 6,040,680 | 20,000 | | 20,000 | - | 20,000.00 | 28,410.01 | - | 28,410.01 |

XS0217939650

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44554** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

**Luzerner Kantonalbank AG**

By: _____

Name: _____

Title: _____

Address:
Pilatusstrasse 12
CH-6002 Luzern

**JPMorgan Chase Bank, N.A.**

By: _____

Name: Peter Schoepe

Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN: Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$150,100.51 of $1,174,893.90 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ ___, 2012) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of CHF 3,650,000 Equity Basket Linked Notes due May 2013 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,174,893.90 | $955,068.77 | XS0217936650 | 44554 | | 168,000 | CHF | 168,000 | - | 168,000.00 | 150,100.51 | - | 150,100.51 |
| | | | | | | | 6,940,015 | 156,000 | | 156,000 | - | 156,000.00 | 139,379.05 | - | 139,379.05 |
| | | | | | | | 6,940,720 | 12,000 | | 12,000 | - | 12,000.00 | 10,721.47 | - | 10,721.47 |

XS0228154158

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44551** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

Luzerner Kantonalbank AG

By: _____
Name: _____
Title: _____

Address:
Pilatusstrasse 12
CH-6002 Luzern

JPMorgan Chase Bank, N.A.

By: _____
Name: _____
Title: ~~Peter Schoepe~~
Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN: Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$1,436,676.35 of $5,050,815.28 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ _⌀_, 2012) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of CHF 16,000,000 Lehman Brothers Equity Linked Notes due September 2010 relating to a Basket of Shares Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $45,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $5,050,815.28 | $2,497,719.49 | XS0228154158 | 44651 | | 1,600,000 | CHF | 1,600,000 | 6,386.10 | 1,606,386.10 | 1,429,528.70 | 7,147.64 | 1,436,676.35 |
| | | | | | | | 6,041,529 | 150,000 | | 150,000 | 598.70 | 150,598.70 | 134,018.32 | 670.09 | 134,688.41 |
| | | | | | | | 6,041,532 | 100,000 | | 100,000 | 399.13 | 100,399.13 | 89,345.54 | 446.73 | 89,792.27 |
| | | | | | | | 6,041,534 | 100,000 | | 100,000 | 399.13 | 100,399.13 | 89,345.54 | 446.73 | 89,792.27 |
| | | | | | | | 6,041,538 | 100,000 | | 100,000 | 399.13 | 100,399.13 | 89,345.54 | 446.73 | 89,792.27 |
| | | | | | | | 6,041,540 | 100,000 | | 100,000 | 399.13 | 100,399.13 | 89,345.54 | 446.73 | 89,792.27 |
| | | | | | | | 6,041,542 | 70,000 | | 70,000 | 279.39 | 70,279.39 | 62,541.88 | 312.71 | 62,854.59 |
| | | | | | | | 6,041,543 | 60,000 | | 60,000 | 239.48 | 60,239.48 | 53,607.33 | 268.04 | 53,875.36 |
| | | | | | | | 6,042,505 | 50,000 | | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| | | | | | | | 6,042,509 | 50,000 | | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| | | | | | | | 6,042,512 | 50,000 | | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| | | | | | | | 6,042,527 | 30,000 | | 30,000 | 119.74 | 30,119.74 | 26,803.66 | 134.02 | 26,937.68 |
| | | | | | | | 6,042,533 | 30,000 | | 30,000 | 119.74 | 30,119.74 | 26,803.66 | 134.02 | 26,937.68 |
| | | | | | | | 6,042,547 | 25,000 | | 25,000 | 99.78 | 25,099.78 | 22,336.39 | 111.68 | 22,448.07 |

| Account | Amount | Amount | Interest | Total | | | Total |
|---|---|---|---|---|---|---|---|
| 6,042,550 | 25,000 | 25,000 | 99.78 | 25,049.78 | 22,336.39 | 111.68 | 22,448.07 |
| 6,042,551 | 25,000 | 25,000 | 99.78 | 25,049.78 | 22,336.39 | 111.68 | 22,448.07 |
| 6,042,552 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,556 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,563 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,565 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,572 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,576 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,579 | 15,000 | 15,000 | 59.87 | 15,059.87 | 13,401.83 | 67.01 | 13,468.84 |
| 6,042,586 | 10,000 | 10,000 | 39.91 | 10,039.91 | 8,934.55 | 44.67 | 8,979.23 |
| 6,042,587 | 10,000 | 10,000 | 39.91 | 10,039.91 | 8,934.55 | 44.67 | 8,979.23 |
| 6,042,589 | 10,000 | 10,000 | 39.91 | 10,039.91 | 8,934.55 | 44.67 | 8,979.23 |
| 6,042,590 | 10,000 | 10,000 | 39.91 | 10,039.91 | 8,934.55 | 89.35 | 17,958.45 |
| 6,042,594 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,042,597 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,041,539 | 100,000 | 100,000 | 399.13 | 100,399.13 | 89,345.54 | 446.73 | 89,792.27 |
| 6,042,514 | 50,000 | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| 6,042,533 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,041,595 | 50,000 | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| 6,042,591 | 10,000 | 10,000 | 39.91 | 10,039.91 | 8,934.55 | 44.67 | 8,979.23 |
| 6,041,598 | 50,000 | 50,000 | 199.57 | 50,199.57 | 44,672.77 | 223.36 | 44,896.14 |
| 6,042,535 | 30,000 | 30,000 | 119.74 | 30,119.74 | 26,803.66 | 134.02 | 26,937.68 |
| 6,042,560 | 20,000 | 20,000 | 79.83 | 20,079.83 | 17,869.11 | 89.35 | 17,958.45 |
| 6,051,571 | 80,000 | 80,000 | 319.31 | 80,319.31 | 71,476.44 | 357.38 | 71,833.82 |

4

XS0268576609

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44575** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

**Luzerner Kantonalbank AG**

By:
Name:
Title:

Address:
Pilatusstrasse 12
CH-6002 Luzern

**JPMorgan Chase Bank, N.A.**

By:
Name: Peter Schoepe
Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN: Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

$1,418,557.07 of $2,695,438.91 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ _____, 2012) together with interest, fees, expenses and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of CHF 12,000,000 Lehman Brothers Equity Linked Notes due September 2011 relating to a Basket of Shares Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,865,438.91 | $1,076,674.56 | XS0268576509 | 44575 | | 1,572,000 | CHF | 1,572,000 | 12,548.69 | 1,584,548.69 | 1,404,511.95 | 14,045.12 | 1,418,557.07 |
| | | | | | | | 6,042,271 | 200,000 | CHF | 200,000 | 1,596.53 | 201,596.53 | 178,691.09 | 1,786.91 | 180,478.00 |
| | | | | | | | 6,042,273 | 130,000 | | 130,000 | 1,037.74 | 131,037.74 | 116,149.21 | 1,161.49 | 117,310.70 |
| | | | | | | | 6,042,276 | 100,000 | | 100,000 | 798.26 | 100,798.26 | 89,345.54 | 893.46 | 90,239.00 |
| | | | | | | | 6,042,281 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,282 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,283 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,284 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,285 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,286 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,289 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,291 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,293 | 50,000 | | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| | | | | | | | 6,042,303 | 30,000 | | 30,000 | 239.48 | 30,239.48 | 26,803.66 | 268.04 | 27,071.70 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6,042,309 | 30,000 | 30,000 | 239.48 | 30,239.48 | 26,803.66 | 268.04 | 27,071.70 |
| 6,042,310 | 30,000 | 30,000 | 239.48 | 30,239.48 | 26,803.66 | 268.04 | 27,071.70 |
| 6,042,311 | 30,000 | 30,000 | 239.48 | 30,239.48 | 26,803.66 | 268.04 | 27,071.70 |
| 6,042,317 | 27,000 | 27,000 | 215.53 | 27,215.53 | 24,123.30 | 241.23 | 24,364.53 |
| 6,042,318 | 25,000 | 25,000 | 199.57 | 25,199.57 | 22,336.39 | 223.36 | 22,559.75 |
| 6,042,322 | 20,000 | 20,000 | 159.65 | 20,159.65 | 17,869.11 | 178.69 | 18,047.80 |
| 6,042,329 | 20,000 | 20,000 | 159.65 | 20,159.65 | 17,869.11 | 178.69 | 18,047.80 |
| 6,042,331 | 20,000 | 20,000 | 159.65 | 20,159.65 | 17,869.11 | 178.69 | 18,047.80 |
| 6,042,334 | 15,000 | 15,000 | 119.74 | 15,119.74 | 13,401.83 | 134.02 | 13,535.85 |
| 6,042,340 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,345 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,346 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,348 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,350 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,351 | 10,000 | 10,000 | 79.83 | 10,079.83 | 8,934.55 | 89.35 | 9,023.90 |
| 6,042,352 | 5,000 | 5,000 | 39.91 | 5,039.91 | 4,467.28 | 44.67 | 4,511.95 |
| 6,042,287 | 50,000 | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| 6,042,295 | 50,000 | 50,000 | 399.13 | 50,399.13 | 44,672.77 | 446.73 | 45,119.50 |
| 6,042,321 | 20,000 | 20,000 | 159.65 | 20,159.65 | 17,869.11 | 178.69 | 18,047.80 |
| 6,042,278 | 70,000 | 70,000 | 558.78 | 70,558.78 | 62,541.88 | 625.42 | 63,167.30 |
| 6,042,308 | 30,000 | 30,000 | 239.48 | 30,239.48 | 26,803.66 | 268.04 | 27,071.70 |
| 6,042,272 | 140,000 | 140,000 | 1,117.57 | 141,117.57 | 125,083.76 | 1,250.84 | 126,334.60 |

4

XS0274445120

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44611** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

**Luzerner Kantonalbank AG**

By: _____
Name: _____
Title: _____

Address:
Pilatusstrasse 12
CH-6002 Luzern

**JPMorgan Chase Bank, N.A.**

By: _____
Name: ~~Peter Schoepe~~
Title: ~~Authorized Signatory~~

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN: Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

Purchased Claim

$691,534.51 of $2,186,285.46 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ _8_, 2012) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| issue of CHF 90,000,000 Lehman Brothers Equity Linked Notes due November 2009 relating to a Basket of Shares Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $60,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $2,186,285.46 | $1,150,462.37 | XS0274445120 | 44611 | | 774,000 | CHF | 774,000 | - | 774,000.00 | 691,534.51 | - | 691,534.51 |
| | | | | | | | 6,038,756 | 70,000 | | 70,000 | - | 70,000.00 | 62,541.88 | - | 62,541.88 |
| | | | | | | | 6,038,766 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,789 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,797 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,806 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,804 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,809 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,842 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,038,945 | 40,000 | | 40,000 | - | 40,000.00 | 35,738.22 | - | 35,738.22 |
| | | | | | | | 6,039,012 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |
| | | | | | | | 6,039,015 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |
| | | | | | | | 6,039,026 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 6,039,860 | | | 20,000 | 20,000 | 20,000.00 | 17,869.11 | - | 17,869.11 |
| 6,039,128 | | | 20,000 | 20,000 | 20,000.00 | 17,869.11 | - | 17,869.11 |
| 6,039,164 | | | 15,000 | 15,000 | 15,000.00 | 13,401.83 | - | 13,401.83 |
| 6,039,169 | | | 10,000 | 10,000 | 10,000.00 | 8,934.55 | - | 8,934.55 |
| 6,040,011 | | | 10,000 | 10,000 | 10,000.00 | 8,934.55 | - | 8,934.55 |
| 6,040,063 | | | 10,000 | 10,000 | 10,000.00 | 8,934.55 | - | 8,934.55 |
| 6,040,064 | | | 10,000 | 10,000 | 10,000.00 | 8,934.55 | - | 8,934.55 |
| 6,040,066 | | | 10,000 | 10,000 | 16,000.00 | 8,934.55 | - | 8,934.55 |
| 6,040,072 | | | 5,000 | 5,000 | 5,000.00 | 4,467.28 | - | 4,467.28 |
| 6,040,074 | | | 4,000 | 4,000 | 4,000.00 | 3,573.82 | - | 3,573.82 |
| 6,039,066 | | | 20,000 | 20,000 | 20,000.00 | 17,869.11 | - | 17,869.11 |
| 6,038,964 | | | 30,000 | 30,000 | 30,000.00 | 26,803.66 | - | 26,803.66 |
| 6,039,809 | | | 20,000 | 20,000 | 20,000.00 | 17,869.11 | - | 17,869.11 |
| 6,038,807 | | | 50,000 | 50,000 | 50,000.00 | 44,672.77 | - | 44,672.77 |
| 6,039,098 | | | 20,000 | 20,000 | 20,000.00 | 17,869.11 | - | 17,869.11 |

XS0297730847

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Luzerner Kantonalbank AG** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **JPMorgan Chase Bank, N.A.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **44607** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _8_ day of _March_, 2012.

**Luzerner Kantonalbank AG**

By: _____
Name: _____
Title: _____

Address:
Pilatusstrasse 12
CH-6002 Luzern

**JPMorgan Chase Bank, N.A.**

By: _____
Name: Peter Schoepe
Title: Authorized Signatory

Address:
Mail Code: NY1-A436
One Chase Manhattan Plaza, Floor 26
New York, New York 10005
ATTN:  Susan McNamara

2

## SCHEDULE 1

### Transferred Claims

**Purchased Claim**

$549,475.09 of $1,252,624.53 (the outstanding amount of the Proof of Claim held by Luzerner Kantonalbank AG as of _March_ _C_, 2012) together with interest, fees, expenses and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | Issuer | Guarantor | Claim Amount in USD | Proposed Allowed Claim Amount | ISIN | Proof of Claim Number | Blocking Numbers | Nominal Amount Being Transferred (Local Currency) | Currency | Principal (Local Currency) | Interest (Local Currency) | Total (Local Currency) | USD Principal | USD Interest | Total in USD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Issue of CHF 4,192,000 Quanto FX Styled-Linked Notes due 2009 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. 560,000,000,000 Euro Medium-Term Note Program | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $1,252,624.53 | $661,855.67 | XS0297730847 | 44607 | | 615,000 | CHF | 615,000 | - | 615,000.00 | 549,475.09 | - | 549,475.09 |
| | | | | | | | 6,040,414 | 80,000 | | 80,000 | - | 80,000.00 | 71,476.44 | - | 71,476.44 |
| | | | | | | | 6,040,423 | 30,000 | | 30,000 | - | 30,000.00 | 26,803.66 | - | 26,803.66 |
| | | | | | | | 6,040,626 | 30,000 | | 30,000 | - | 30,000.00 | 26,803.66 | - | 26,803.66 |
| | | | | | | | 6,040,627 | 30,000 | | 30,000 | - | 30,000.00 | 26,803.66 | - | 26,803.66 |
| | | | | | | | 6,040,639 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |
| | | | | | | | 6,040,440 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |
| | | | | | | | 6,040,446 | 10,000 | | 10,000 | - | 10,000.00 | 8,934.55 | - | 8,934.55 |
| | | | | | | | 6,040,454 | 5,000 | | 5,000 | - | 5,000.00 | 4,467.28 | - | 4,467.28 |
| | | | | | | | 6,652,728 | 250,000 | | 250,000 | - | 250,000.00 | 223,363.86 | - | 223,363.86 |
| | | | | | | | 6,040,415 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,040,621 | 50,000 | | 50,000 | - | 50,000.00 | 44,672.77 | - | 44,672.77 |
| | | | | | | | 6,040,431 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |
| | | | | | | | 6,040,434 | 20,000 | | 20,000 | - | 20,000.00 | 17,869.11 | - | 17,869.11 |