UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------x
                                                            :
In re:                                                      :
                                                            :   Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,                              :
ET AL.,                                                     :   Case No. 08-13555 (JMP)
                                                            :
                                                            :   (Jointly Administered)
                Debtors.                                    :
                                                            :
                                                            :
------------------------------------------------------------x
```

**ELEVENTH SUPPLEMENTAL DECLARATION OF SUSHEEL KIRPALANI IN SUPPORT OF APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., UNDER 11 U.S.C. §§ 328 AND 1103 AND FED. R. BANKR. P. 2014 AND 5002, FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF QUINN EMANUEL URQUHART & SULLIVAN, LLP, AS SPECIAL COUNSEL, NUNC PRO TUNC TO SEPTEMBER 17, 2008**

Susheel Kirpalani hereby declares, under penalty of perjury:

1.      I am a member of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), a law firm with offices at 51 Madison Avenue, New York, New York 10010, and in Los Angeles, Chicago, San Francisco, Silicon Valley, California, London, England, Mannheim, Germany and Tokyo, Japan.

2.      I submit this declaration (the "Eleventh Supplemental Declaration") in connection with Quinn Emanuel's representation of the Official Committee of Unsecured Creditors (the "Creditors' Committee") of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in possession (collectively, the "Lehman Debtors"), as special counsel, *nunc pro tunc* effective as of September 17, 2008, in the above-captioned cases.  Quinn Emanuel was retained upon application, dated October 21, 2008 (the "Application"), by the Creditors'

Committee, pursuant to sections 328 and 1103(a) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3. I initially filed a declaration (the "Initial Declaration"), dated October 21, 2008, contemporaneously with the Application. On November 10, 2008, I filed a supplemental declaration in support of the Application (the "First Supplemental Declaration"). On December 8, 2008, I filed a second supplemental declaration in support of the Application (the "Second Supplemental Declaration"). On March 4, 2009, I filed a third supplemental declaration in support of the Application (the "Third Supplemental Declaration"). On June 26, 2009, I filed a fourth supplemental declaration in support of the Application (the "Fourth Supplemental Declaration"). On December 18, 2009, I filed a fifth supplemental declaration in support of the Application (the "Fifth Supplemental Declaration"). On August 4, 2010, I filed a sixth supplemental declaration in support of the Application (the "Sixth Supplemental Declaration"). On December 7, 2010, I filed a seventh supplemental declaration in support of the Application (the "Seventh Supplemental Declaration"). On February 15, 2011, I filed an eighth supplemental declaration in support of the Application (the "Eighth Supplemental Declaration"). On December 28, 2011, I filed a ninth supplemental declaration in support of the Application (the "Ninth Supplemental Declaration"). On February 10, 2012, I filed a tenth supplemental declaration in support of the Application the "Tenth Supplemental Declaration" and, together with the Initial Declaration, First Supplemental Declaration, Second Supplemental Declaration, Third Supplemental Declaration, Fourth Supplemental Declaration, Fifth Supplemental Declaration, Sixth Supplemental Declaration, Seventh Supplemental Declaration, Eighth Supplemental Declaration, and Ninth Supplemental Declaration, the "Declarations").

4. On November 21, 2008, the Bankruptcy Court entered the Final Order Under 11 U.S.C. §1103(a) And Fed. R. Bankr. P. 2014 and 5002, Authorizing Retention And Employment Of Quinn Emanuel Urquhart Oliver & Hedges, LLP As Special Counsel To The Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc. Et Al., Nunc Pro Tunc To September 17, 2008 (the "Final Order"). Among other things, the Final Order granted the Application and approved Quinn Emanuel's retention as special counsel to the Creditors' Committee.

5. As discussed in the Tenth Supplemental Declaration, Quinn Emanuel represents numerous holders of residential mortgage backed securities ("RMBS") in litigation and prospective litigation against issuers of such RMBS unrelated in any way to the Debtors or their non-debtor affiliates. On January 30, 2012, Quinn Emanuel was retained by U.S. Bank National Association ("U.S. Bank"), solely in its capacity as indenture trustee to holders of RMBS, to bring actions for their benefit against third parties for, among other things, breaches of representations and warranties by the issuers of such structures (the "Representation").

6. The Tenth Supplemental Declaration also states that no attorney performing services for U.S. Bank in the Representation, or any future representation of U.S. Bank, will be assigned to assist in the representation of the Creditors' Committee in connection with these chapter 11 cases. This is a precautionary measure that I have employed in similar situations previously.

7. After a further review of the contours of the Representation, however, and, in light of the role of U.S. Bank in these chapter 11 cases (i.e., that of an unsecured creditor), I have determined that erecting an ethical wall between any and all attorneys representing the Creditors' Committee and U.S. Bank in the Representation is ultimately unnecessary. Quinn

3

Emanuel's Representation of U.S. Bank does not conflict with its representation of the Creditors' Committee because Quinn Emanuel is not acting in any matter on the Creditors' Committee's behalf adverse to U.S. Bank (an unsecured creditor and member of the Creditors' Committee) in these chapter 11 cases. Moreover, a significant number of Quinn Emanuel attorneys have been involved in the representation of the Creditors' Committee in these chapter 11 cases to varying degrees, some of whom had minor involvement early in the chapter 11 cases. There being no conflict, it is impractical to exclude each and every Quinn Emanuel attorney from the Representation simply because he or she worked on Lehman matters for the Creditors' Committee at some point during the course of these cases.

8. Unless otherwise stated in this declaration, I have personal knowledge of the facts set forth herein. I will supplement the disclosures made in this declaration if additional relevant information becomes available during the pendency of these cases.

9. The foregoing statements are true and correct to the best of my knowledge, information and belief.

March 14, 2012

/s/ Susheel Kirpalani
Susheel Kirpalani
A Member of the Firm