B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP          GORT, RUDOLF JUN.
   Name of Transferee             Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:          should be sent:

Tannor Partners Credit Fund, LP          GORT, RUDOLF JUN.
150 Grand Street, STE 401          C/O CHG DR. ZORN & PARTNER AG
White Plains, NY 10601          OSTSTR. 7  CH-8500
          FRAUENFELD, SWITZERLAND
Phone: (914) 509-5000          Phone: _____

          Court Claim # (if known)    55130
Last Four Digits of Acct #:_____          Amount of Claim: See schedule 1
          Date Claim Filed:    10/29/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Robert J. Tannor          Date:    3/14/2012
   Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

1.       In consideration of the                                       of the currently outstanding allowed amount
of $ 8,920.43 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are
hereby acknowledged, Rudolf Gort jun., 6820 Frastanz, Austria ("Seller") hereby unconditionally and irrevocably sells,
transfers and assigns to Tannor Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the
Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 55130 filed by or on behalf of Seller (the
"Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the
United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555
(JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right
to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed
with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether
now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim,
whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including,
without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or
lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the
Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting
documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer
agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of
the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing
(collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such
security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.       Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is
not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable
claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or
otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly
authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform
this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in
accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor
or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionately less payments or distributions or
less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman
Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no
payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased
Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f)
Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights,
security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or
preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the
amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the
Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that
term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial
committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on
November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman
Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman
Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the
Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim
provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number
55130; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim,
become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its
Affiliated Debtors.

3.       Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and
records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice
of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local

562011v.7

bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    CMG Dr. Zorn & Partner AG, 8500 Frauenfeld, Switzerland (CMG) is being paid a fee in the amount of $ 151.65 by Purchaser in connection with the transactions contemplated by this Agreement. Seller represents and warrants that other than this fee payable to CMG, no other entity acting under the Seller's authority is entitled to any fee in connection with the transactions contemplated by this Agreement for which the Purchaser could be responsible.

5.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6.    If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

7.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

8.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 10th day of March, 2012.

**SELLER**

By: _____
Name:    Rudolf Gort, jun.
Title:

Street    Feldkircherstr. 10
Address  6820 Frastanz, Austria
Address  C/o CMG Dr. Zorn & Partner AG, Oststr. 7,
         8500 Frauenfeld
Country  Switzerland
Email    m.zorn@cmginvest.com

**PURCHASER**

By: /s/ Robert J. Tannor
Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

3

Schedule 1

Transferred Claims

Purchased Claim

100% of **$ 8,920.43** (the outstanding amount of the Proof of Claim as of March 10, 2012
Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Yield Performance Equity-Linked Notes due December 2015 | XS0334595138 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 10,000.- | [N/A] | 12 December 2015 | [N/A] |

Blocking Nr.:  6058039

Schedule 1–1

562011v.7

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                    GORT, RUDOLF__
_____ Name of Transferee                              Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                       should be sent:

Tannor Partners Credit Fund, LP                      GORT, RUDOLF
150 Grand Street, STE 401                            C/O CHG DR. ZORN & PARTNER AG
White Plains, NY 10601                               OSTSTR. 7  CH-8500
                                                     FRAUENFELD, SWITZERLAND
Phone: (914) 509-5000                                Phone: _____

                                                     Court Claim # (if known)___55131__
Last Four Digits of Acct #:_____             Amount of Claim: See schedule 1___
                                                     Date Claim Filed: __10/29/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: __3/14/2012_____
       Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

1.    In consideration of the _____ of the currently outstanding allowed amount of $ 31,221.49 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, Rudolf Gort sen., 6820 Frastanz, Austria ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tannor Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 55131 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 55131; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local

562011v.7

bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.     CMG Dr. Zorn & Partner AG, 8500 Frauenfeld, Switzerland (CMG) is being paid a fee in the amount of $ 530.77 by Purchaser in connection with the transactions contemplated by this Agreement. Seller represents and warrants that other than this fee payable to CMG, no other entity acting under the Seller's authority is entitled to any fee in connection with the transactions contemplated by this Agreement for which the Purchaser could be responsible.

5.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

6.     If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

7.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

8.     Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

9.     Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 10th day of March, 2012.

**SELLER**

By:

Name:    Rudolf Gort, sen.

Title:

Street    Feldkircherstr. 10
Address   6820 Frastanz, Austria
Address   C/o CMG Dr. Zorn & Partner AG, Oststr. 7,
          8500 Frauenfeld
Country   Switzerland
Email     m.zorn@cmginvest.com

**PURCHASER**

By:    /s/ Robert J. Tannor

Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

3

<u>Schedule 1</u>

<u>Transferred Claims</u>

<u>Purchased Claim</u>

100% of **$ 31,221.49** (the outstanding amount of the Proof of Claim as of March 10, 2012
<u>Lehman Programs Securities to which Transfer Relates</u>

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| Yield Performance Equity-Linked Notes due December 2015 | XS0334595138 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 35,000.- | [N/A] | 12 December 2015 | [N/A] |

<u>Blocking Nr.:   6058037</u>

Schedule I—I

562011v.7

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP              VICENTI, NOEMI ESTHER; PRA,
FERNANDO BALTHASAR
  Name of Transferee                Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:          should be sent:

Tannor Partners Credit Fund, LP          VICENTI, NOEMI ESTHER; PRA,
150 Grand Street, STE 401          FERNANDO BALTHASAR PRA,
White Plains, NY 10601          NATALIA; PRA, FEDERICO; PRA,
      MAXIMILIANO; PRA, FEDERICA
      SUIPACHA 2171
      BECCAR, 1643
      ARGENTINA
Phone: (914) 509-5000          Phone: _____

      Court Claim # (if known)___51821___
Last Four Digits of Acct #:_____          Amount of Claim: See schedule 1___
      Date Claim Filed:  __10/28/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Robert J. Tannor_____          Date:  __3/14/2012_____
      Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1.      In consideration of the _____ of the currently outstanding allowed amount of $75,000.00 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, PRA, FERNANDO BALTHASAR; VICENTI, NOEMI ESTHER; ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tannor Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 51821 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim 51821 provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 51821; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without

limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _14_ day of _march_, 2012.

**SELLER**

By: _____

Name: FERNANDO BALTHASAR PRA; NOEMI ESTHER VICENTI

Title:

SUIPACHA 2171
BECCAR, 1643
ARGENTINA

Email _fernandobpra@gmail.com_

**PURCHASER**

By: _____

Name: Robert J. Tannor

Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

## Exhibit A

### Calculation of Proposed Allowed Claim Amount

Claim # 51821    *Schedule 1*

PRA, FERNANDO BALTHASAR; VICENTI,
NOEMI ESTHER;

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount [2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| XS0325477379 | 6018515 | $1,910,000.00 | 86.9110% | $1,660,000.00 | 4.5181% | $75,000.00 |
| | | | | | Aggregate Proposed Allowed Claim Amount: | $75,000.00 |
| | | | | | Claim Amount, as filed (portion based on Structured Security only): | $75,000.00 |

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP              RIEGER, WALTER & AMALIE

Name of Transferee                           Name of Transferor

Name and Address where notices to transferee       Name and Address where notices to transferor
should be sent:                              should be sent:

Tannor Partners Credit Fund, LP              RIEGER, WALTER & AMALIE
150 Grand Street, STE 401                    KRIEGERSTR.20
White Plains, NY 10601                       40468 DUSSELDORF,
Phone: (914) 509-5000                        Germany
                                             Phone: _____

                                             Court Claim # (if known)___39738___
Last Four Digits of Acct #:_____     Amount of Claim: See Schedule 1
                                             Date Claim Filed:  10/13/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor                      Date: ___3/12/2012_____
        Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

985

# EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **RIEGER, WALTER & AMALIE ("Assignor")** hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against **Lehman Brothers Holdings Inc., et al.** ("Debtor"), in the allowed claim amount of not less than _85,381_ ("AMOUNT"), representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. **08-13555**.

_Amelie Mylan_
_(for Amalie Mylan)_

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the _30_ day of _1_____, 2012

By: _Walter Rieger_
    (Signature of Authorized Party)

_____
    (Company Name)

_____
    (Print name of Authorized Party)

By: _/s/ Robert J. Tannor_____
    General Partner

Tannor Partners Credit Fund, LP_____

_____914-509-5000_____
    (Telephone Number)

(39738)

**Schedule 1**

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|---|---|---|---|---|---|---|
| xs0331533173 | 39738 | ca04234 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $    8,538.00 | $    7,297.00 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: Lehman Brothers Holdings Inc., et al., Jointly Administered        Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP            ROTTERDAM, MARGARETE

   Name of Transferee                      Name of Transferor

Name and Address where notices to transferee should be sent:       Name and Address where notices to transferor should be sent:

Tannor Partners Credit Fund, LP
150 Grand Street, STE 401
White Plains, NY 10601

Phone: (914) 509-5000

ROTTERDAM, MARGARETE
AUGUST-KIERSPEL-STR 59
51469 BERGISCH GLADBACH
GERMANY
Phone: _____

Last Four Digits of Acct #:_____

Court Claim # (if known)    40853
Amount of Claim: See Schedule 1
Date Claim Filed:    10/16/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor _____      Date: 3/12/2012
         Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§§152 & 3571.*

# EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **ROTTERDAM, MARGARETE ("Assignor")** hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against **Lehman Brothers Holdings Inc., et al.** ("Debtor"), in the allowed claim amount of not less than *66.000,00* ("AMOUNT"), representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York,  jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.  All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the 31 day of Jan. , 2012

By: _M. Rotterdam_
  (Signature of Authorized Party)

_____
  (Company Name)

Margarete Rotterdam
  (Print name of Authorized Party)

By:  /s/ Robert J. Tannor_____
    General Partner

Tannor Partners Credit Fund, LP____

_____914-509-5000_____
    (Telephone Number)

(40853)

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|---|---|---|---|---|---|---|
| DE000A0NLYL5 | 40853 | 7359200909161000040 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $    8,725.80 | $    5,114.64 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                 SCHMIED, JOSEF__
  Name of Transferee                      Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:          should be sent:

Tannor Partners Credit Fund, LP          SCHMIED, JOSEF
150 Grand Street, STE 401          BAHNHOFSTRASSE 13
White Plains, NY 10601          D61137 SCHONECK, Germany
Phone: (914) 509-5000          Phone:  0049-6187959875_____

                                    Court Claim # (if known)___41695__
Last Four Digits of Acct #:_____          Amount of Claim: See schedule 1__
                                    Date Claim Filed:  10/19/2009___

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Robert J. Tannor_____          Date:  3/13/2012_____
        Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **SCHMIED, JOSEF ("Assignor")** hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against **Lehman Brothers Holdings Inc., et al.** ("Debtor"), in the allowed claim amount of not less than $3,409.76 **("AMOUNT")**, representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York,  jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim.  All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the 8 day of February 2012

By: _____
    (Signature of Authorized Party)

_____
    (Company Name)

_____
    (Print name of Authorized Party)

By:  /s/ Robert J. Tannor _____
      General Partner

Tannor Partners Credit Fund, LP ____

_____ 914-509-5000 _____
      (Telephone Number)

(41695)

**Schedule 1**

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|---|---|---|---|---|---|---|
|  | 41695 |  | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $ 7,142.85 | $ 3,409.75 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP
SOUSA, SERGIO
   Name of Transferee

VALDEMAR FREITAS FERNANDES

    Name of Transferor

Name and Address where notices to transferee should be sent:

Name and Address where notices to transferor should be sent:

Tannor Partners Credit Fund, LP
150 Grand Street, STE 401
White Plains, NY 10601
Phone: (914) 509-5000

VALDEMAR FREITAS FERNANDES
SOUSA, SERGIO
EST. EXTERIOR CIRCUNVALACAO,
15994-11-ESQ.
4450-100 MATOSINHOS, PORTUGAL
Phone: _____

Last Four Digits of Acct #:_____

Court Claim # (if known)___49842___
Amount of Claim: See schedule 1
Date Claim Filed:  __10/27/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date:  __3/13/2012_____
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

### EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **VALDEMAR FREITAS FERNANDES SOUSA, SERGIO** ("Assignor") hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against Lehman Brothers Holdings Inc., et al. ("Debtor"), in the allowed claim amount of not less than **70,955.29** ("AMOUNT"), representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the 3rd day of February, 2012

By: _____
      (Signature of Authorized Party)

_____
      (Company Name)

_____
      (Print name of Authorized Party)

By: __/s/ Robert J. Tannor_____
      General Partner

Tannor Partners Credit Fund, LP____

_____914-509-5000_____
      (Telephone Number)

**Schedule 1**

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|------|------|------|------|------|------|------|
| XS0229584296 | 49842 | CA75055 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $ 75,604.42 | $ 75,726.36 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                              STRAUB, HELENE
   Name of Transferee                                      Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                       should be sent:

Tannor Partners Credit Fund, LP                       STRAUB, HELENE
150 Grand Street, STE 401                             HAIDKOPPEL 16
White Plains, NY 10601                                25524 ITZEHOE, Germany
Phone: (914) 509-5000                                 Phone:  04821402129

                                                     Court Claim # (if known)    35016
Last Four Digits of Acct #:                           Amount of Claim: See schedule 1
                                                     Date Claim Filed:    09/25/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of
my knowledge and belief.

By:  /s/ Robert J. Tannor                              Date:    3/12/2012
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **STRAUB, HELENE ("Assignor")** hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against **Lehman Brothers Holdings Inc., et al.** ("Debtor"), in the allowed claim amount of not less than _____ ("AMOUNT"), representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the 2 day of Febr., 2012

By: _Helene Straub_
(Signature of Authorized Party)

_____
(Company Name)

Helene Straub
(Print name of Authorized Party)

By: _/s/ Robert J. Tannor_
General Partner

Tannor Partners Credit Fund, LP

_914-509-5000_
(Telephone Number)

(35016)

**Schedule 1**

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|---|---|---|---|---|---|---|
| XS027278350 | 35016 | CA74623 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $    11,316.00 | $    9,799.75 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered            Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                              WEISSPTLOG, WOLFGANG AND HEIDI__

   Name of Transferee                                              Name of Transferor

Name and Address where notices to transferee                Name and Address where notices to transferor
should be sent:                                             should be sent:

Tannor Partners Credit Fund, LP                             WEISSPTLOG, WOLFGANG AND HEIDI
150 Grand Street, STE 401                                   WEHRPROMENADE 11
White Plains, NY 10601                                      D-03042 COTTBUS, GERMANY
Phone: (914) 509-5000                                       Phone: _____

                                                           Court Claim # (if known)___37292___
Last Four Digits of Acct #:_____                    Amount of Claim: See schedule 1___
                                                           Date Claim Filed: 10/09/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____            Date: __3/12/2012_____
          Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **WEISSPTLOG, WOLFGANG AND HEIDI** ("Assignor") hereby unconditionally and irrevocably transfers and assigns unto **Tannor Partners Credit Fund, LP**, 150 Grand Street, Suite 401, White Plains, NY 10601 ("Assignee"), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee ("Agreement"), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against Lehman Brothers Holdings Inc., et al. ("Debtor"), in the allowed claim amount of not less than **$28,785.94 ("AMOUNT")**, representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the _03_ day of _February_ 2012

By: _(signature)_
   (Signature of Authorized Party)

_____
   (Company Name)

_Weisspflog, Wolfgang and Hidi_
   (Print name of Authorized Party)

By: _/s/ Robert J. Tannor_____
     General Partner

Tannor Partners Credit Fund, LP_____

_____914-509-5000_____
    (Telephone Number)

**Schedule 1**

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|------|------|------|------|------|------|------|
| DE000A1AK373 | 37292 | 20090916500 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $    38,437.20 | $    28,785.94 |

*Lehman Programs Securities to which the Transfer of Claim Relates

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP____          WILLEMS, MICHAEL__
   Name of Transferee                                    Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                        should be sent:

Tannor Partners Credit Fund, LP                        WILLEMS, MICHAEL
150 Grand Street, STE 401                              LIMBURGERSTR. 122/27
White Plains, NY 10601                                 D- 65582 DIEZ, GERMANY
Phone: (914) 509-5000                                  Phone: _____

                                                      Court Claim # (if known)___42308__
Last Four Digits of Acct #:_____             Amount of Claim: See schedule 1___
                                                      Date Claim Filed: __10/20/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: __3/12/2012_____
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

1.      In consideration of the ██████████████ of the currently outstanding allowed amount of **$8,138.34** as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, **WILLEMS, MICHAEL** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number **42308** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim number **42308** provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number **42308**; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

1

562011v.7

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.       If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b)  is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance.  Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller.  This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this *12* day of *March*, 2012.

SELLER                                                    PURCHASER

By: _M.dul C allus_                                      By: _____

Name: MICHAEL  WILLEMS                   Name: Robert J. Tannor  *V*

Title: _____                                Title:  Managing Director

~~LIMBURGERSTR. 12227~~  *TAUNUSSTR. 12*

DIEZ, GERMANY 65582                           Tannor Partners Credit Fund, LP

                                                               150 Grand Street, Suite 401

Email _michael . willems @ freenet . de_    White Plains, New York 10601

                                                               Telephone:  914-509-5000

2

Schedule 1

**Transferred Claims**

| ISIN | Proof of Claim Number | Blocking Number* | Issuer | Guarantor | Nominal Amount Transferred | Proposed Allowed Amount Transferred |
|---|---|---|---|---|---|---|
| XS0334494290 | 42308 | CA13208 | Lehman Brothers Treasury Co. -B.V. | Lehman Brothers Holdings, Inc. | $ 8,138.34 | $ 7,118.00 |

*Lehman Programs Securities to which the Transfer of Claim Relates