B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

In re LEHMAN BROTHERS HOLDINGS INC.                    Case No. 08-13555 (JMP)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee
hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other
than for security, of the claim referenced in this evidence and notice.

| Monarch Master Funding Ltd | Morgan Stanley & Co. International plc |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attention: Michael Gillin

Court Claim # (if known):  55819
Allowed Amount of Claim: transferred
amount – US$709,552.89
100% of total claim US$709,552.89
relating to ISIN XS0268043709
Date Claim Filed: 29 October 2009

Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email:michael.gillin@monarchlp.com; fundops@monarchlp.com

Phone:
Last Four Digits of Acct. #:

Last Four Digits of Acct #: n/a

Name and Address where transferee payments should be sent (if
different from above):

Wire Instructions:

**USD    PAYMENT INSTRUCTIONS:**
Chase Manhattan Bank, N.Y.
ABA# 021-000-021
A/C Name: Monarch Master Funding Ltd
A/C# 739-152-610
Reference: Lehman

566570.1/9999-00999

**EUR    PAYMENT INSTRUCTIONS:**
IBAN: DE62501108006001601274
J.P.Morgan, Frankfurt (BIC Code CHASDEFX)
Acct : 6001601274
Acct : J.P. Morgan Clearing Corp, Swift Code  (BEARUS33)
FBO: Monarch Master Funding Ltd
A/C#: 102-33156-15

Last Four Digits of Acct #: n/a

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH MASTER FUNDING LTD**

By: Monarch Alternative Capital LP
Its: Advisor

Michael A. Weinstock
Managing Principal

By: _____
    Transferee/Transferee's Agent

Date: March 14, 2012

*Penalty for making a false statement:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 Y.S.C. §§ 152 & 3571.

566570.1/9999-00999

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **MORGAN STANLEY & CO. INTERNATIONAL PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **MONARCH MASTER FUNDING LTD** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage and nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55819 filed by or on behalf of **Credit Suisse (Luxembourg) S.A.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors and (g) the Transferred Claims are not subject to any plan support agreement and Seller covenants it will not take any action that would subject or submit the Purchased Claim to a plan support agreement.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14-day of March 2012.

**PURCHASER**
**MONARCH MASTER FUNDING LTD**

By: Monarch Alternative Capital LP
Its : Advisor

By:_____  Michael A. Weinstock
Name:
Title:        Managing Principal

Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn : Michael Gillin
Phone : (212) 554-1743
Fax : 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

**SELLER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By:_____
Name:
Title:

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: Indistressed@morganstanley.com

and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14 day of March 2012.

**PURCHASER**
**MONARCH MASTER FUNDING LTD**

By: Monarch Alternative Capital LP
Its : Advisor


By:_____
Name:
Title:


Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn : Michael Gillin
Phone : (212) 554-1743
Fax : 1-(866)-741-3564
Email:michael.gillin@monarchlp.com;
fundops@monarchlp.com

**SELLER**
**MORGAN STANLEY & CO. INTERNATIONAL PLC**

By:_____
Name:
Title:      **BRIAN CRIPPS**
            **Authorised Signatory**

25, Cabot Square
Canary Wharf
London E14 4QA
E- mail: lndistressed@morganstanley.com

Schedule 1

## Transferred Claims

### Purchased Claim

100% of the proof of claim ($709,552.89 of $709,552.89) (in each case, plus accrued and unpaid interest and other amounts) with respect to ISIN XS0268043709 or 100% of the allowed claim amount ($709,552.89 of $709,552.89) relating to ISIN XS0268043709, as set forth in that certain Notice of Proposed Allowed Claim Amount, dated August 24, 2011.

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount & Accrued Interest | Coupon | Maturity |
|---|---|---|---|---|---|---|
| Lehman Brothers Treasury CO. BV Program Securities Bonds | XS0268043709 | Lehman Brothers Treasury CO. BV | Lehman Brothers Holdings Inc | EUR 500,000.00 | EUR Quanto Asia Currency Basket | 5 December 2010 |

Schedule 1-1

<u>Exhibit B</u>

Proof of Claim

| *United States Bankruptcy Court/Southern District of New York* | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)        0000055819 |
|---|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http: www.lehman-docket.com as of July 17, 2009

|||||||||||| (barcode)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Credit Suisse (Luxembourg) S.A. See Attached Rider Telephone number:        Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim. **Court Claim Number:**_____ (*If known*) Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above) Telephone number:        Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ See Attached Rider _____ (Required)

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider                                (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Rider                                (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | **FOR COURT USE ONLY** **FILED / RECEIVED** **OCT 2 9 2009** **EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|
| **Date.** 10/13/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Hans-Ulrich Hügli   Birgit Lemmermeyer Managing Director   Vice President | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

### RIDER TO PROOF OF CLAIM FILED ON BEHALF OF
### Credit Suisse (Luxembourg) S.A. against LBHI (Lehman Programs Securities)

1.      In accordance with the Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs

of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of

Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of

Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse (Luxembourg)

S.A. ("CS") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the

Lehman Programs Securities ("LPS", whether used in the singular or plural) contained in

Schedule I.  Schedule I lists the International Securities Identification Number, Depository

Participant Account Number, and Depository Blocking Reference Number for each LPS related

to this claim.

2.      As the LPS are booked either in units or nominal amounts in the relevant

depository systems, CS has provided the number of units or nominal amounts held for each LPS

in Schedule I in lieu of claim amounts.  CS reserves the right to amend this proof of claim at a

later date to specify claim amounts in United States dollars.

3.      CS reserves the right to amend, modify or supplement this proof of claim

in any manner, for any purpose and at any time.

4.      CS reserves the right to assert and file any and all additional claims of

whatever kind or nature that it has or may hereinafter have against LBHI.

5.      CS reserves the right to set-off any claim set forth in this proof of claim

against any claim that LBHI or the LBHI estate has or may assert against CS.

6.      CS reserves all rights it has or may have in the future against LBHI.  This

proof of claim is not intended as (a) a waiver or release of any rights of CS against LBHI (or

[[NYCORP:3175883v1:3176D:10/26/09--05:53 p]]

any of its affiliates) not asserted in this proof of claim, (b) a consent by CS to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or to this Court's hearing, determining or entering orders or judgments in any proceedings on this proof of claim, (c) a waiver of the right of CS to trial by jury in any proceedings so triable in these cases or any controversy or proceedings related to these cases or (d) an election of remedies.

7.      No judgment has been rendered on the claims set forth in this proof of claim.

8.      No payments on the claims set forth in this proof of claim have been made by the debtor.

9.      All notices concerning this proof of claim should be sent to:


Credit Suisse (Luxembourg) S.A.
1 Madison Avenue
New York, NY 10010
Attn: Allen Gage
Ph:  (212) 538-9137

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Ph:  (212) 474-1135

# SCHEDULE I

CS Entity: Credit Suisse (Luxembourg) S.A.

| ISIN (12 digits) | Denomination at Currency | (Sub-)Custodian | Total Holdings at each (Sub-)Custodian Nominal | Units | Euroclear Brussels Account No. 91387 Nominal | Units | Blocking No. | Euroclear Bank S.A. Account No. 94265 Nominal | Units | Blocking No. | Euroclear Bank S.A. Account No. 11243 Nominal | Units | Blocking No. | DIX SIS AG Account No. 20584450 Nominal | Units | Blocking No. |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| XS0252834576 | EUR | Euroclear | 200,000 | | 200,000 | | 6023887 | | | | | | | | | |
| XS0252834576 | EUR | Euroclear | 50,000 | | 50,000 | | 6023886 | | | | | | | | | |
| XS0178857413 | EUR | Euroclear | 220,000 | | 220,000 | | 6020059 | | | | | | | | | |
| ANN521331267 | USD | Euroclear | | 15 | | 15 | 6023892 | | | | | | | | | |
| ANN521331267 | USD | Euroclear | | 2 | | 2 | 6023893 | | | | | | | | | |
| ANN521331267 | USD | Euroclear | | 3 | | 3 | 6023884 | | | | | | | | | |
| ANN521331267 | USD | Euroclear | | 3 | | 3 | 6023895 | | | | | | | | | |
| ANN521331287 | USD | Euroclear | | 5 | | 6 | 6028080 | | | | | | | | | |
| ANN521331287 | USD | Euroclear | | 5 | | 5 | 6023881 | | | | | | | | | |
| XS0233364868 | EUR | Euroclear | 20,000 | | 20,000 | | 6023870 | | | | | | | | | |
| XS0227316868 | EUR | Euroclear | 20,000 | | 20,000 | | 6023871 | | | | | | | | | |
| XS0225316868 | EUR | Euroclear | 20,000 | | 20,000 | | 6023872 | | | | | | | | | |
| XS0277077469 | USD | Euroclear | 1,173,000 | | 1,173,000 | | 6028888 | | | | | | | | | |
| XS0336138307 | EUR | Euroclear | 3,630,000 | | 3,630,000 | | 6026869 | | | | | | | | | |
| XS0244445011 | USD | Euroclear | 740,000 | | 740,000 | | 6023873 | | | | | | | | | |
| XS0256043709 | EUR | Euroclear | 500,000 | | 500,000 | | 6023874 | | | | | | | | | |
| XS0186383796 | USD | CSZH | 1,140,000 | | | | | 1,140,000 | | 9474788 | | | | | | |
| XS0200236737 | EUR | CSZH | | 235 | | 235 | | | 235 | 9474800 | | | | | | |
| XS0399537590 | EUR | CSZH | 100,000 | | | | | 100,000 | | 9474801 | | | | | | |
| XS0199047745 | EUR | CSZH | | 250 | | 250 | | | 250 | 9474789 | | | | | | |
| XS0223155831 | EUR | CSZH | 70,000 | | | | | 70,000 | | 9474805 | | | | | | |
| XS0223399612 | CHF | CSZH | 300,000 | | | | | 300,000 | | 9474804 | | | | | | |
| XS0206003908 | EUR | CSZH | 5,000 | | | | | 5,000 | | 9474797 | | | | | | |
| XS0329912004 | CHF | CSZH | 15,000 | | | | | 15,000 | | 9474807 | | | | | | |
| XS0337737710 | CHF | CSZH | 21,000 | | | | | 21,000 | | 9474802 | | | | | | |
| ANN521142481 | EUR | CSZH | | 2,120 | | 2,120 | | | 2,120 | 9474803 | | | | | | |
| XS0318827495 | USD | CSZH | 300,000 | | | | | 300,000 | | 9474806 | | | | | | |
| XS0136151088 | EUR | CSZH | 200,000 | | | | | 200,000 | | 9474794 | | | | | | |
| XS0047732892 | USD | CSZH | 200,000 | | | | | 200,000 | | 9474798 | | | | | | |
| XS0301812522 | USD | CSZH | 400,000 | | | | | 400,000 | | 9474793 | | | | | | |
| CH0020095082 | CHF | CSZH | 12,000,000 | | | | | | | | | | | | 12,000,000 | | LU1001928L0WA423068 |
| XS0178904806 | EUR | CSZH | 1,000,000 | | | | | | | | 1,000,000 | | 6042781 | | | | |
| XS0102035354 | EUR | CSZH | 1,000,000 | | | | | | | | 1,000,000 | | 6042752 | | | | |
| XS0300055547 | EUR | CSZH | 1,000,000 | | | | | | | | 1,000,000 | | 6042769 | | | | |

H
A
N
D

D
E
L
I
V
E
R
Y

_R. Solomy_
RECEIVED BY:

_10/29/09_
DATE

_306_
TIME