B 210A (Form 210A) (12/09)

# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    Case No. **08-13555**

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**ILLIQUIDX LLP**                                          **UBS**
Name of Transferee                                         Name of Transferor


Name and Address where notices to transferee              Court Claim # (if known):  59233
should be sent:                                            Total Amount of Claim Filed:
                                                           EUR   770,000  of Blocking Number CA67984
                                                           Amount of Claim Transferred:
                                                           EUR   670,000 of Blocking Number CA67984
**Celestino Amore**                                        ISIN/CUSIP: XS0222698283
**Managing Partner**
**Illiquidx LLP**
**80 Fleet Street**
**London EC4Y 1EL, UK**                                    Date Claim Filed: October 30, 2009
**Phone: +44 207 832 0181**
**Email: amore@illiquidx.com**




Name and Address where transferee payments
should be sent (if different from above):




I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:_____          Date:  March 15th 2012
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

## IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re **Lehman Brothers Holdings Inc.**                    **Case No. 08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. 59233 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on March 15th 2012.

**UBS**                                                    **ILLIQUIDX LLP**
Name of Alleged Transferor                                 Name of Transferee

Address of Alleged Transferor:                             Address of Transferee:

**Bahnhofstrasse 45**                                      **Illiquidx LLP**
**8001 Zurich**                                            **80 Fleet Street**
**Switzerland**                                            **London EC4Y 1EL**
                                                           **United Kingdom**

~~DEADLINE TO OBJECT TO TRANSFER~~
The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____                          _____
                                         CLERK OF THE COURT

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS AG, Bahnhofstrasse 45, CH-8001 Zurich / Switzerland ("Seller" acting as Transferor) hereby unconditionally and irrevocably sells, transfers and assigns to Illiquidx LLP (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers as specified in Schedule 1 hereto filed by or on behalf of the predecessors-in-title to UBS AG Zurich ("The Predecessor"), (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (h) the Purchased Security has not been declared due and payable or otherwise accelerated as of the date hereof; (i) Seller shall immediately forward to Purchaser any and all distributions in relation to the Transferred Claims received prior to the date hereof, and shall forward to Purchaser within two business days any and all distributions in relation to the Transferred Claims that seller may receive on or after the date hereof.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser

MKUAN\193506.3 - 02/01/12





the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.      Seller shall promptly (but in any event on no later than the third  (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of March, 2012.

**UBS AG (Transferor)**

By: _____
Name: Jean-Claude Besson
Title: Associate Director

By: _____
Name: Marco Mendelowitsch
Title: Authorized Officer

Bahnhofstrasse 45
8001 Zurich
Switzerland

Notices to:
Attn: Hugo Koller, OQ9C/O5GC
P.O. Box
8098 Zurich (Switzerland

**Illiquidx LLP**

By _____
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL - UK



**Schedule 1**

**Transferred Claims**

Purchased Claims

87% of that claim referenced on page 8 of 18 of the Proof of Claim with Blocking Number CA67984, with ISIN XS0222698283 in the amount of EUR770,000.00, which is EUR670,000.00, together with interest, fees, expenses and other recoveries due, being the outstanding of the Proof of Claim as of 15 of March 2012.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount in EUR (USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA67984 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 670'000.00 | N/A | 21/07/2010 | 59233 | N/A |



| *United States Bankruptcy Court / Southern District Of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS** |
|---|---|

**LEHMAN SECURITIES PROGRAMS**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000059233

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

UBS AG
Bahnhofstr. 45
8001 Zurich
Switzerland

Notices to be sent to:

UBS AG
Attn.: Hugo Koller, OQ9C/OSGC
P.O. Box
8098 Zurich
Switzerland

Telephone number: +41 44 235 37 36    Email Address: hugo.koller@ubs.com

☒ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   (*if known*)

Filed on: October 28, 2009

Amended claims are marked with "Additional" and/or "Amended" in the attached Schedule

Name and address where payment should be sent (if different from above)

UBS AG
Attn.: Hugo Koller, OQ9C/OSGC
P.O. Box
8098 Zurich
Switzerland

Telephone number: +41 44 235 37 36    Email Address: hugo.koller@ubs.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

   **Amount of Claim: $ To be determined - See attached Appendix and Schedule.**

   ☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

   **International Securities Identification Number (ISIN): See attached Appendix and Schedule.**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e., the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

   **Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

   **See attached Appendix and Schedule.**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from you accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

   **Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
   **See attached Appendix and Schedule.**

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**OCT 3 0 2009**

A/73154598.1    Page 1/16

| ISIN NUMBER | FACE AMOUNT/UNITS | | BLOCKING NUMBER | ACCOUNT NUMBER |
|---|---|---|---|---|
| XS0210414750 | GBP | 100'000 | CA90887 | CBL73527 |
| XS0210433206 | EUR | 647'000 | CA67970 | CBL13463 |
| XS0210782552 | EUR | 407'000 | CA67962 | CBL13463 |
| XS0211093041 | EUR | 440'000 | CA67961 | CBL13463 |
| XS0211814123 | EUR | 1'060'000 | CA67965 | CBL13463 |
| XS0212915523 | EUR | 80'000 | CA67972 | CBL13463 |
| XS0213416141 | EUR | 305'000 | CA67971 | CBL13463 |
| XS0213416141 | EUR | 300'000 | CA90717 | CBL73526 |
| XS0213519464 | EUR | 252'000 | CA67964 | CBL13463 |
| XS0213899510 | EUR | 1'947'000 | CA67975 | CBL13463 |
| XS0213971210 | EUR | 155'000 | CA67969 | CBL13463 |
| XS0214408840 | EUR | 195'000 | CA67968 | CBL13463 |
| XS0215349357 | EUR | 2'948'000 | CA67973 | CBL13463 |
| XS0216591692 | USD | 85'000 | CA67967 | CBL13463 |
| XS0218304458 | EUR | 165'000 | CA67980 | CBL13463 |
| XS0220152069 | EUR | 680'000 | CA67979 | CBL13463 |
| XS0220704109 | EUR | 50'000 | CA67974 | CBL13463 |
| XS0220791585 | EUR | 5'820'000 | CA67977 | CBL13463 |
| XS0222698283 | EUR | 770'000 | CA67984 | CBL13463 |
| XS0223590612 | CHF | 74'000 | CA67982 | CBL13463 |
| XS0224346592 | EUR | 3'240'000 | CA67981 | CBL13463 |
| XS0224346592 | EUR | 250'000 | CA90531 | CBL73520 |
| XS0225326858 | CHF | 50'000 | CA67983 | CBL13463 |
| XS0225841898 | EUR | 1'565'000 | CA67978 | CBL13463 |
| XS0226380334 | CHF | 260'000 | CA67989 | CBL13463 |
| XS0228149075 | EUR | 241'000 | CA67985 | CBL13463 |
| XS0228154158 | CHF | 20'000 | CA67986 | CBL13463 |
| XS0228314885 | JPY | 40'880'000 | CA67990 | CBL13463 |
| XS0229269856 | EUR | 5'204'000 | CA67995 | CBL13463 |
| XS0229269856 | EUR | 265'000 | CA90728 | CBL73526 |
| XS0229269856 | EUR | 150'000 | CA45670 | CBL13463 |
| XS0229584296 | EUR | 1'228'000 | CA76353 | CBL13463 |
| XS0229584296 | EUR | 10'000 | CA28471 | SIXSIS20001597 |
| XS0231181222 | EUR | 10'000 | CA67987 | CBL13463 |
| XS0232035534 | CHF | 5'365'000 | CA67992 | CBL13463 |
| XS0232035880 | EUR | 3'958'000 | CA67994 | CBL13463 |
| XS0232035880 | EUR | 59'000 | CA90713 | CBL73526 |
| XS0232037159 | USD | 2'993'000 | CA67993 | CBL13463 |
| XS0232364868 | EUR | 1'532'000 | CA67996 | CBL13463 |
| XS0234123650 | CHF | 240'000 | CA68002 | CBL13463 |
| XS0234582178 | USD | 500'000 | CA69190 | CBL13463 |
| XS0234632700 | Units | 50 | CA69192 | CBL13463 |
| XS0234972981 | Units | 59'472 | CA69199 | CBL13463 |
| XS0236535679 | EUR | 60'000 | CA69193 | CBL13463 |
| XS0237709208 | EUR | 100'000 | CA69191 | CBL13463 |
| XS0238679079 | Units | 7'584 | CA69200 | CBL13463 |
| XS0238681307 | Units | 49'702 | CA69189 | CBL13463 |
| XS0241762748 | USD | 2'000'000 | CA69198 | CBL13463 |
| XS0242136413 | CHF | 100'000 | CA69204 | CBL13463 |
| XS0246504210 | EUR | 800'000 | CA69194 | CBL13463 |
| XS0247274599 | Units | 228 | CA69201 | CBL13463 |

A/73154598.1