**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR TRANSFEROR
ICCREA BANCA S.p.A.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR
SECURITY PURSUANT TO FED. R. BANKR. P. 3001(e)(2)

A CLAIM HAS BEEN FILED IN THIS CASE by ICCREA Banca S.p.A.– Istituto Centrale del Credito Cooperativo (formerly ICCREA S.p.A. – Instituto Centrale delle Banche di Credito Cooperativo, as Agent ("ICCREA" or "Transferor") against Lehman Brothers Holdings Inc. (the "Debtor") in amount of at least $190,423,075.43, which has been designated as claim no. 58221 (the "Claim"). Transferor hereby gives notice, pursuant to Fed. R. Bankr. P. 3001(E)(2), of the transfer, other than for security, all right of title and interest of the Transferor with respect to those certain securities bearing ISIN codes XSO162289663, XSO183944643, XSO163559841, XSO176153350, XSO213899510, XSO189741001, XSO193035358, and XSO302634059 held by Transferor on behalf of BANCA VENETA 1896 – CREDITO COOPERATIVO DELLE PROVINCE DI VERONA E ROVIGO, which itself was acting on behalf of CASSA PADANA – BANCA DI CREDITO COOPERATIVO, all as set forth on Schedule 1 to the attached Agreement and Evidence of Partial Transfer of Claim. A copy of the

evidence of transfer of claim (the "Evidence of Transfer") is attached hereto as Exhibit "B" and is incorporated herein by this reference.

**Name of Assignee:** CASSA PADANA – BANCA DI CREDITO COOPERATIVO

Name and Address Where
    Notices to Assignee Should be Sent:
    Via Garibaldi, 25
    25024 Leno (BS), ITALY

**Name of Transferor:** ICCREA on behalf of BANCA VENETA 1896 - CREDITO COOPERATIVO DELLE PROVINCE DI VERONA E ROVIGO, Acting on behalf of CASSA PADANA – BANCA DI CREDITO COOPERATIVO

    The Transferor has waived its right, pursuant to Fed. R. Bankr. P. 3001(E)(2), to receive from the Clerk of the Court notice of the filing of the Evidence of Transfer and its right to object to such transfer within the twenty (20) day period. The Transferor has stipulated that: (i) an order may be entered recognizing the transfer of the transferred portion as an unconditional transfer; and (ii) the Assignee is the valid owner of the Transferred Portion.

Dated: New York, New York      **ORRICK, HERRINGTON & SUTCLIFFE LLP**
       March 15, 2012

                                        By: */s/ Lorraine S. McGowen*
                                              Lorraine S. McGowen, Esquire
                                              51 West 52nd Street
                                              New York, NY 10019-6142
                                              Telephone: (212) 506-5000
                                              Facsimile:  (212) 506-5151

                                              ATTORNEYS FOR TRANSFEROR
                                              ICCREA BANCA, S.p.A., as Agent

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Iccrea Banca S.p.A.**, as agent ("Transferor") acting on behalf of **Banca Veneta 1896 – Credito Cooperativo delle Province di Verona e Rovigo** (the "Beneficial Owner") hereby unconditionally and irrevocably agrees, without representation, warranty or recourse except as expressly set forth herein, to sell, transfer and assign to **Cassa Padana – Banca di Credito Cooperativo** (the "Transferee"), and Transferee hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the Transferor's right, title and interest in and to the securities identified by ISIN code XS0162289663, XS0183944643, XS0163559841, XS0176153350, XS0213899510, XS0189741001, XS0193035358, XS0302634059 (the "Purchased Claim") specified as being held by the Beneficial Owner in Transferor's proof of claim filed on 10/30/2009, on behalf of Beneficial Owner, among others, having Claim Number 58221 (the "Proof of Claim"), as further specified in Schedule 1 hereto, against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Transferor and any prior transferor relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Transferor's right, title and interest in, to and under the transfer agreements, if any, under which Transferor or any prior transferor acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Transferor's right, title and interest in, to and under any right or remedy of Transferor or any prior transferor against any prior transferor in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Transferee does not acquire any liabilities or obligations with respect to the Transferred Claims or the Transferor or the Prior Transferor.

2. Transferor hereby represents and warrants to Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Transferor owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Transferor or against Transferor and all filings required to evidence Transferor's title to the Transferred Claim have been duly and timely filed with the Court; (d) Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will that will give rise to any setoff, defense or counterclaim or that will result in Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Transferor has delivered to Transferee a true and correct copy of (i) the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 (the "First Notice"), (ii) the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (the "Revised Notice"), and (iii) the Debtors' One Hundred Seventy-first Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated August 19, 2011 (the "Objection", together with the First Notice and the Revised Notice, the "Objections"), each of which relates to the Proof of Claim, and as of the date hereof, Transferor has not received any additional revised Notice of Proposed Allowed Claim Amount; (h) other than the Objections, there are no objections to the Transferred Claims and all documents provided to Transferee by Transferor are true, accurate and complete copies of such documents; (i) all predecessor agreements are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and

1

indemnities from the Transferor to the transferee that are no less favorable than those contained herein; (j) Transferor, based on the instruction from the Beneficial Owner, represents and warrants to Transferee that (i) it has full power and authority to execute, and deliver this Agreement and Evidence of Transfer of Claim on behalf of the Beneficial Owner and to contractually bind the Beneficial Owner to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, for and on behalf of, the Beneficial Owner to execute and deliver this Agreement and Evidence of Transfer of Claim; (k) Transferor does not have any claim, lien or encumbrance upon the Transferred Claims and Beneficial Owner represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, Transferee will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Transferor or against Transferor; and (l) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors dated as of June 30, 2011).

3. Transferor hereby waives any objection to the transfer of the Transferred Claims to Transferee on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Transferor by Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Transferor transferring to Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Transferee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Transferee shall be entitled to transfer its rights hereunder without any notice to or the consent of Transferor. Beneficial Owner hereby agrees to indemnify, defend and hold Transferee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Transferor's breach of its representations, warranties, covenants and agreements made herein.

5. Transferor shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Transferor in respect of the Transferred Claims to Transferee. Transferor has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Transferee each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Transferee may designate in writing to Transferor. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Transferor shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Transferee.

6. Each of Transferor and Transferee agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Transferor's part, causing any prior transferor to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Transferor's part, causing any prior transferor to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Transferor's and Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Transferor and Transferee each submit to the

2

jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of March, 2012.

**TRANSFEROR**

Iccrea banca S.p.A.

By: _____

Name: Antonio Torre

Title: Head of Legal Department

Address: Via Lucrezia Romana

41/47 00178, Roma

**TRANSFEREE**

Cassa Padana – Banca di Credito Cooperativo Soc. Coop.

By: _____

Name: **Vittorio Biemmi**

Title: **Chairman of the board of directors**

Address: **Via Garibaldi, 25**
**25024 Leno (BS) Italy**

3

**Schedule 1**

Transferred Claim

Purchased Claim

$318,397.50 of $190,423,075.43 with regard to the ISIN XS0162289663 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0162289663 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$491,969.49 of $190,423,075.43 with regard to the ISIN XS0183944643 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0183944643 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$17,311.56 of $190,423,075.43 with regard to the ISIN XS0163559841 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0163559841 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$11,644.45 of $190,423,075.43 with regard to the ISIN XS0176153350 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0176153350 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$14,445.65 of $190,423,075.43 with regard to the ISIN XS0213899510 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0213899510 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$14,295.27 of $190,423,075.43 with regard to the ISIN XS0189741001 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0189741001 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$19,882.14 of $190,423,075.43 with regard to the ISIN XS0193035358 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0193035358 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

$7,119.70 of $190,423,075.43 with regard to the ISIN XS0302634059 listed below (the outstanding amount of the Proof of Claim with regard to the ISIN XS0302634059 listed below as of March 12th, 2012) together with interest, fees, expenses and other recoveries due.

4

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Interest Amount (As of proof of claim filing date) |
|---|---|---|---|---|---|---|---|
| Lehman Brothers 5% 28/2/2010 | XS0162289663 | 6049596 | Lehman Brot. Securities Treasury bv | Lehman Brother Holdings inc | EUR 225,000 US$ 318,397.50 | 02/28/2010 | - |
| Lehman Brothers 4,75% 16/01/2014 | XS0183944643 | 6049171 | Lehman Brother Holdings inc | - | EUR 337,000 US$ 476,888.70 | 01/16/2014 | EUR 10,657.06 US$ 15,080.79 |
| Lehman Brothers tv 14/03/2011 | XS0163559841 | 6049598 | Lehman Brot. Securities Treasury bv | Lehman Brother Holdings inc | EUR 12,000 US$ 16,981.20 | 03/14/2011 | EUR 233.45 US$ 330.36 |
| Lehman Brothers tv 10/10/2013 | XS0176153350 | 6049617 | Lehman Brot. Securities Treasury bv | Lehman Brother Holdings inc | EUR 8,000 US$ 11,320.80 | 10/10/2013 | EUR 228.71 US$ 323.64 |
| Lehman Brothers 4% 09/03/2015 | XS0213899510 | 6049193 | Lehman Brother Holdings inc | - | EUR 10,000 US$ 14,151.00 | 03/09/2015 | EUR 208.22 US$ 294.65 |
| Lehman Brothers fl 05/04/2011 | XS0189741001 | 6049165 | Lehman Brother Holdings inc | - | EUR 10,000 US$ 14,151.00 | 04/05/2011 | EUR 101.95 US$ 144.27 |
| Lehman Brothers tv 21/05/2009 | XS0193035358 | 6049192 | Lehman Brother Holdings inc | - | EUR 14,000 US$ 19,811.40 | 05/21/2009 | EUR 49.99 US$ 70,74 |
| Lehman Brothers tsy 20/07/2012 | XS0302634059 | 6049630 | Lehman Brot. Securities Treasury bv | Lehman Brother Holdings inc | EUR 5,000 US$ 7,075.50 | 07/20/2012 | EUR 31.23 US$ 44,20 |