B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Tannor Partners Credit Fund, LP | BURGUESS MARKETING S.A. |
| | Transeferred to Chenavari Advisors |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Tannor Partners Credit Fund, LP
150 Grand Street, STE 401
White Plains, NY 10601


Phone: (914) 509-5000


Last Four Digits of Acct #:_____

Name and Address where notices to transferor should be sent:

BURGUESS MARKETING S.A.
AKARA BLDG, 24 DE CASTRO STREET
WICKHAMS CAY 1
ROAD TOWN,
VIRGIN ISLANDS (BRITISH)
Phone: _____

Court Claim # (if known)___60042___
Amount of Claim: See schedule 1
Date Claim Filed:  __10/30/2009____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.


By: _/s/ Robert J. Tannor_____          Date:  __3/16/2012_____
      Transferee/Transferee's Agent


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

*AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM*
*LEHMAN PROGRAM SECURITY*

*TO: THE DEBTOR AND THE BANKRUPTCY COURT*

1.     For value received, the adequacy and sufficiency of which are hereby acknowledged, **Chenavari Financial Advisors Ltd** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **60042** filed by or on behalf of **BURGUESS MARKETING S.A.** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.     Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller or Predecessor in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor Predecessor has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind.

3.     Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to implement the prior purchase as defined in paragraph 7 below between Predecessor and Seller.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

        IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 12th day of March 2012.

**SELLER**
**Chenavari Financial Advisors Ltd**

By: S. S. y
Name: Guilhem Goyard
Title: Managing Director

1 Grosvenor Place
London SW1X 7JH
UNITED KINGDOM

**PURCHASER**
**Tannor Partners Credit Fund, LP**

By:
Name: Robert J. Tanhor
Title: General Partner

150 Grand Street, Suite 401
White Plains, NY 10601
UNITED STATES OF AMERICA

2

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Burguess Marketing S.A. , Akara Bldg, 24 de Castro street, Wickhams Cay 1, Road town, British Virgin Islands** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Semper Gestion S.A., 5 Rue Pedro-Meylan, 1208 Geneva, Switzerland** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **60042** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller or Predecessor in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor Predecessor has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller



transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to implement the prior purchase as defined in paragraph 7 below between Predecessor and Seller.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this [ 12 ] day of March 2012.

Burguess Marketing S.A.
Name: _Alfreach   Henriquez_
Title: _Director_

Semper Gestion S.A.
Name:
Title:

2

<u>*AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM*</u>
<u>*LEHMAN PROGRAM SECURITY*</u>

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **Semper Gestion S.A., 5 Rue Pedro-Meylan, 1208 Geneva, Switzerland** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Chenavari Financial Advisors Ltd, 1 Grosvenor Place, London SW1X 7JH, United Kingdom** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in <u>Schedule 1</u> attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 60042 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in <u>Schedule 1</u> attached hereto.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in <u>Schedule 1</u> attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller or Predecessor in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor Predecessor has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

 

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to implement the prior purchase as defined in paragraph 7 below between Predecessor and Seller.

5.       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.       In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this [    ] day of March 2012.

Semper Gestion S.A.                                     Chenavari Financial Advisors Ltd
Name:                                                         Name: _Coitheun boy AND_
Title:                                                          Title:

                                                                  G. Goyd

           Grégoire VAUCHER
               Director

           Blaise HATT-ARNOLD
               Secretary

2

## Schedule 1

### Transferred Claims

Purchased Claim

$500,000.00 of $500,000.00 with regard to the ISIN listed below (the outstanding amount of the Proof of Claim with regard to the ISIN listed below as of 8th of March 2012) together with interest, fees, expenses and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Amount | Maturity |
|---|---|---|---|---|---|
| Issue of 500,000 Principal Protected Note due November, 2008 Guaranteed by Lehman Brothers Holdings under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0363204602 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100.00% of the ISIN/CUSIP XS0363204602 under the Proof of Claim, which is US$ 500,000.00 | 9th of November, 2008 |

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                           CLARIDEN LEU, LTD
   Name of Transferee                                                Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                                         should be sent:

Tannor Partners Credit Fund, LP                           CLARIDEN LEU, LTD
150 Grand Street, STE 401                                   TRANSFEROR: SAWLANI, AYESHA C/O
White Plains, NY 10601                                      RICHARD LEVIN
                                                                         CRAVATH, SWAINE & MOORE LLP
                                                                         825 8TH AVENUE
                                                                         NEW YORK, NY 10019
Phone: (914) 509-5000                                       Phone: _____


                                                                         Court Claim # (if known):___55813___
Last Four Digits of Acct #:_____          Transferred Portion of the Claim: 755,000 CHF
                                                                         Date Claim Filed: __10/29/2009_____


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.


By:  /s/ Robert J. Tannor_____          Date: ___3/15/2012_____
            Transferee/Transferee's Agent


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Clariden Leu Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, **as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim)**, in Seller's right, title and interest in and to Proof of Claim Number 55813 filed by or on behalf of **Seller (a copy of which is** attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., [as guarantor of the Purchased Security (as defined below)) and] debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller is duly authorized to sell, transfer and assign the Transferred Claims by the owner of the Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor, if different from Seller, the owner of the Transferred Claims has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed on:

Date:                                           Date:

**Clariden Leu Ltd.**                           **TANNOR PARTNERS CREDIT FUND, LP**

By:                                             By:
Name:   Sandro Müviler                          Name:   *Robert J. Tannor*
Title:   Assistant Vice President               Title:   *General Partner*

By:                                             By:
Name:   Christian Fehr                          Name:   Moshe Billet
Title:   *Vice President*                       Title:   Controller / Treasurer

**Clariden Leu Ltd.**                           **Tannor Partners Credit Fund, LP**
**Legal Trading**                               **150 Grand Street, Suite 401**
Zürichstrasse 137                               **White Plains, New York 10601**
CH-8070 Zurich                                  Tel. +001 914 509 5000
Attn: XLAT                                      Fax +001 914 861 6031
Tel. +41 58 205 70 47                           management@tannorpartners.com
Fax +41 58 205 71 75

Confidential

Schedule 1

## Transferred Claims

Purchased Claim

A principal amount of CHF 755,000 of the claim that is referenced in line item number [ ] of the Proof of Claim as highlighted in the Proof of Claim attached at Schedule 2 and relating to the Purchased Security described below (including, for the avoidance of doubt, any accrued interest or any other amounts accruing to the Purchased Security).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount |
|---|---|---|---|---|---|
| Yield Performance Equity-Linked Notes due December 2015 | XS0334595 138 | 9484614 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | CHF 755,000 |

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Tannor Partners Credit Fund, LP | DEITL, GERHARD |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Tannor Partners Credit Fund, LP
150 Grand Street, STE 401
White Plains, NY 10601

Phone: (914) 509-5000

Last Four Digits of Acct #:_____

Name and Address where notices to transferor should be sent:

DEITL, GERHARD
JOHAMMISRUEG 4
92526 OBERVIECHTACH,
GERMANY
Phone: _____

Court Claim # (if known)___35278___
Amount of Claim: See schedule 1___
Date Claim Filed: __09/28/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: __3/15/2012_____
        Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1.    In consideration of the _____ of the currently outstanding allowed amount of $7,148.15 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, DEUTSCHE BANK AG ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tenner Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number _____ filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any sale, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement, (a) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defense or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim _____ provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number _____; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

1

562011v.7

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _13_ day of _march_, 2012.

SELLER

By: _Gerhard Diel_
Name:
Title:

JOHAMMISRUEG 4
OBERVIECHTACH, GERMANY 92526
Email _GERDIETL@YAHOO.DE_

PURCHASER

By: _/s/Robert J. Tannor_
Name:  Robert J. Tannor
Title:  Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

2

Schedule 1

Transferred Claims

Purchased Claim

100% x $7,140.16 of $7,140.16 (the outstanding amount of the Proof of Claim as of March 8, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| | DE000 A0TV S76 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | | |

Schedule 1-1

562011v.7

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                          EHART, MARTIN___
   Name of Transferee                                    Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                       should be sent:

Tannor Partners Credit Fund, LP                       EHART, MARTIN
150 Grand Street, STE 401                             UNTERWEB 127
White Plains, NY 10601                                A-6571STRENGEN/OSTERREICH,
                                                      AUSTRIA
Phone: (914) 509-5000                                 Phone: _____

                                                      Court Claim # (if known)___40423___
Last Four Digits of Acct #:_____              Amount of Claim: See schedule 1___
                                                      Date Claim Filed: __10/15/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: __3/15/2012_____
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1.        In consideration of the _____ of the currently outstanding allowed amount of $19,867.48 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, EHART, MARTIN ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tanaor Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 46423 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.        Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any act, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionately less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider," as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim 46423 provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 46423; and (l) Seller is not and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.        Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

**1**

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.  Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.  Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b)  is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance.  Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _15_ day of _Marz_, 2012.

SELLER

By: _EHART  MARTIN_
Name:
Title:

UNTERWEB 127
STRENGEN/OSTERREICH, AUSTRIA 6571

Email _martine 61 @gmx.net_


PURCHASER

By: /s/Robert J. Tannor
Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

2

Schedule 1

Transferred Claims

Purchased Claim

100% x $19,867.48 of $19,867.48 (the outstanding amount of the Proof of Claim as of March 6, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| | XS 025217 3066 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | | | | |

Schedule 1-1

562011v.7

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP          PANG, KAI YUEN PETER

  Name of Transferee          Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:          should be sent:

Tannor Partners Credit Fund, LP          PANG, KAI YUEN PETER
150 Grand Street, STE 401          FLAT 17G, TOWER A,
White Plains, NY 10601          HOLLYWOOD TERRACE
          268 QUEENS ROAD CENTRAL
          HONG KONG
Phone: (914) 509-5000          Phone: _____

          Court Claim # (if known)___43988___
Last Four Digits of Acct #:_____          Amount of Claim: See schedule 1___
          Date Claim Filed:  __10/22/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date:  __3/15/2012_____
      Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1.  In consideration of the _____ of the currently outstanding allowed amount of $118,277.55 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, PANG, KA YUEN PETER ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tanager Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 43966 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.  Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim 43966 provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 43966; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.  Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

1

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b)  is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of March, 2012.

SELLER

By:
Name:
Title: Pang Kai Yuen Peter

FLAT 17G, TOWER A, HOLLYWOOD TERRACE 268 QUEENS ROAD CENTRAL
HONG KONG, CHINA 0

Email the_pang@yahoo.com

PURCHASER

By: /s/Robert J. Tannor
Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

2

Transferred Claims

Purchased Claim

100% x $110,277.55 = $110,277.55 (the outstanding amount of the Proof of Claim as of February 24, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 2 YR AUD ALL WEATHERCOUPON DAILY ELN WITH KNOCK OU | XS0326865911 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | AUD 100,000.00 | 6.00% | November 5, 2009 | |

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 2 YRS ALL WEATHER COUPON DAILY CALLB ELN | XS0330207837 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000.00 | 5.04% | November 30, 2009 | |

Schedule 1–1

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                       RICKAT INVESTMENT LIMITED

   Name of Transferee                                      Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                       should be sent:

Tannor Partners Credit Fund, LP                       RICKAT INVESTMENT LIMITED
150 Grand Street, STE 401                             C/O MS. NG KA LING, KATHLEEN
White Plains, NY 10601                                1/F KENTUCKY IND. BUILDING
                                                      57-61 LEI MUK ROAD, KWAI CHUNG
                                                      NEW TERRITORIES, HONG KONG
Phone: (914) 509-5000                                 Phone: _____

                                                      Court Claim # (if known)___36957___
Last Four Digits of Acct #:_____            Amount of Claim: See schedule 1___
                                                      Date Claim Filed:  __10/08/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: ___3/15/2012_____
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1.      In consideration of the                         of the currently outstanding allowed amount of $217,159.97 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, RICKAT INVESTMENT LIMITED ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tannor Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 36957 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionately less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim 36957 provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 36957; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without

1

limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b)  is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _15th_ day of _March_ , 2012.

| SELLER | PURCHASER |
|---|---|
| By: | By: /s/Robert J. Tannor |
| Name: Ng Ka Ling, Kathleen | Name: Robert J. Tannor |
| Title: Director | Title: Managing Director |
| RICKAT INVESTMENT LIMITED | |
| C/O MS. NG KA LING, KATHLEEN | Tannor Partners Credit Fund, LP |
| 1/F KENTUCKY IND. BUILDING | 150 Grand Street, Suite 401 |
| 57-61 LEI MUK ROAD, KWAI CHUNG | White Plains, New York 10601 |
| NEW TERRITORIES, | Telephone: 914-509-5000 |
| HONG KONG | |

Email _Kathleen @patek.com.hk_

2

Schedule 1

Transferred Claims

Purchased Claim

100% x $217,159.97 of $217,159.97 (the outstanding amount of the Proof of Claim as of March 14, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| 2YR HSBC HLDGS PLC DAILY ACC CALLABLE ELN | XS0275924578 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | $250,000.00 | | 1-Dec-2008 | |

Schedule 1–1

562011v.7

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP              SCHEUNERT, GEORG AND INGEBORG

   Name of Transferee                      Name of Transferor

Name and Address where notices to transferee       Name and Address where notices to transferor
should be sent:                               should be sent:

Tannor Partners Credit Fund, LP               SCHEUNERT, GEORG AND INGEBORG
150 Grand Street, STE 401                     REPRESENTED BY THE ATTORNEY
White Plains, NY 10601                        HOLGER VAN OOY
                                             UERDINGER STR. 5
                                             D-40474 DUSSELDORF,
                                             GERMANY
Phone: (914) 509-5000                         Phone: _____

                                             Court Claim # (if known)___61682___
Last Four Digits of Acct #:_____      Amount of Claim: See schedule 1___
                                             Date Claim Filed: ___10/29/2009_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor _____          Date: ___3/16/2012_____
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§152 & 3571.*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

1   In consideration of the                    , in the currently outstanding allowed amount of $27,837.45 as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, SCHEUNERT, GEORG AND INGEBORG ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Tanner Partners Credit Fund, LP (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number 61662 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction of the Purchased Claim, and Seller has not previously assigned, sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider," as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim 61662 provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number 61662; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims,

1

16 - 03 - 2012

*VAN OOY & GÖTTLING*
RECHTSANWÄLTE
Uerdinger Straße 5
D-40474 Düsseldorf
Fon 0211/438965-0 · Fax -29

recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser

4       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser

6       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security

7       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim

8       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March , 2012.

16-03-
2012

**SELLER**

By: _____
Name:
Title:

REPRESENTED BY THE ATTORNEY HOLGER VAN OOY
UERDINGER STR. 5
DUSSELDORF, GERMANY 40474

Email _vanooy@vog-recht.de_

**PURCHASER**

/s/Robert J. Tannor
By: _____
Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

**VAN OOY & GÖTTLING**
RECHTSANWÄLTE
Uerdinger Straße 5
D-40474 Düsseldorf
Fon 0211/436965-0 · Fax -29

2

16-03-2012

Schedule 1

Transferred Claims

Purchased Claim

100% x $27,837.45 of $27,837.45 (the outstanding amount of the Proof of Claim as of March 7, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
|  | DE 000A0 SHLW6 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. |  |  |  |  |

**VAN OOY & GÖTTLING**
RECHTSANWÄLTE
Uerdinger Straße 5
D-40474 Düsseldorf
Fon 0211/436965-0 · Fax -29

16 - 03 - 2012

562011v.7

Schedule 1–1

B 210A (Form 210A) (12/09)

# United States Bankruptcy Court

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

# TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                          ZEIDLER, IRENE
   Name of Transferee                                      Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                       should be sent:

Tannor Partners Credit Fund, LP                       ZEIDLER, IRENE
150 Grand Street, STE 401                             SCHMIEGE 36
White Plains, NY 10601                                D-79238 EHRENKIRCHEN
                                                      GERMANY
Phone: (914) 509-5000                                 Phone: _____

                                                      Court Claim # (if known)   12246
Last Four Digits of Acct #:_____             Amount of Claim: See schedule 1
                                                      Date Claim Filed:   09/14/2009

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:  /s/ Robert J. Tannor                             Date:   3/16/2012
    Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

## EVIDENCE OF TRANSFER

For value received, the adequacy and sufficiency of which are hereby acknowledged, **ZEIBLER, IRENE** (**"Assignor"**) hereby unconditionally and irrevocably transfers and assigns unto **Tanner Partners Credit Fund, LP.** 150 Grand Street, Suite 401, White Plains, NY 10601 (**"Assignee"**), pursuant to the terms of an ASSIGNMENT OF CLAIM between Assignor and Assignee (**"Agreement"**), of Assignor's right, title, and interest in, to and under the claim of Assignor as set forth in the Agreement against **Lehman Brothers Holdings Inc., et al.** (**"Debtor"**), in the allowed claim amount of not less than ___70,955.29___ (**"AMOUNT"**), representing all claims of Assignor pending against Debtor in the United States Bankruptcy Court, Southern District of New York, jointly administered as Case No. **08-13555**.

Assignor hereby waives any notice or hearing requirements imposed by Rule 3001 of US Bankruptcy Code Rules, and stipulates that an order may be entered recognizing this Assignment of Claim as an unconditional assignment and the Assignee herein as the valid owner of the Claim. All references in this document to dollar amounts shall be deemed to be expressed in US Dollars, unless specifically noted otherwise by the Assignee.

IN WITNESS WHEREOF, dated the _15_ day of _May_, 2012

By: _____
(Signature of Authorized Party)

_____
(Company Name)

_____
(Print name of Authorized Party)

By: _/s/ Robert J. Tanner_____
General Partner

_Tanner Partners Credit Fund, LP_

_914-509-5800_
(Telephone Number)

(11246)

Schema 1

Overeenkomst Claim

Vorderings Claim

[...] het uitstaande bedrag van het Bewijs van Claim vanaf [oorg datum van Overeenkomst en Bewijs van Overdracht in].

Lehman Programs Securities waarop de overdracht betrekking heeft

| Beschrijving van Effect | ISIN/CUSIP | Uitgever | Garantsteller | Hoofd-nominaal bedrag | Coupon | Vervaldatum | Aangegroeid bedrag (vanaf indieningsdatum Bewijs van Claim) |
|---|---|---|---|---|---|---|---|
| [　] | XS0276965 7135 | [Lehman Brothers Treasury Co. B.V.] | [Lehman Brothers Holdings Inc.] | [　] | [　] | [　] | [　] |

Claim Number : 12246

        Allowed amount: $70,955.29
        Claimed Unsecured: $71,510

Schema 1-1

542011v.7