# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.          Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| The Värde Fund X (Master), L.P. | Yorvik Partners LLP |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

8500 Normandale Lake Boulevard
Suite 1500
Minneapolis, MN 55437
Attn: Edwina P.J. Steffer
e-mail: esteffer@varde.com

Last Four Digits of Acct. #:

Court Claim # (if known): 55815

Amount of Claim: EUR 726,000.00 plus all accrued interest, fees and other recoveries (as it relates to ISIN/CUSIP XS0286239925 under the Proof of Claim)

Date Claim Filed: October 29, 2009

Phone:
Last Four Digits of Acct. #:

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

THE VÄRDE FUND X (MASTER), L.P.

BY: THE VÄRDE FUND X (GP), L.P.,
ITS GENERAL PARTNER

BY: THE VÄRDE FUND X GP, LLC,
ITS GENERAL PARTNER

BY: VÄRDE PARTNERS, L.P.,
ITS GENERAL MANAGER

BY: VÄRDE PARTNERS, INC.,
ITS GENERAL PARTNER

By: [signature]          Date: 3/14/12
Name: Brad P. Bauer
Title: Senior Managing Director

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1284/COURT/3378303.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings Inc.                    Case No. 08-13555 (JMP)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 55815 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on

| **Yorvik Partners LLP** | **The Värde Fund X (Master), L.P.** |
| --- | --- |
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor:<br>11 Ironmonger Lane<br>London<br>EC2V 8EY | Address of Transferee<br>8500 Normandale Lake Boulevard<br>Suite 1500<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                    _____
                                                  CLERK OF THE COURT

119-1284/COURT/3378303.1

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Yorvik Partners LLP ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to The Värde Fund X (Master), L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 16 March 2012 (the "Effective Date"), (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55815 filed by or on behalf of Seller's predecessor in interest (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. . Seller

hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the Effective Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March 2012.

YORVIK PARTNERS LLP

By: _____
Name:
Title:
          LARS LEMONIUS
          PARTNER
11 Ironmonger Lane
London EC2V 8EY
United Kingdom

THE VÄRDE FUND X (MASTER), L.P.
By Värde Fund X (G.P.), L.P., Its General Partner
By: Värde Fund X GP, LLC., Its General Partner
By Värde Partners, L.P., Its Managing Member
By Värde Partners, Inc., Its General Partner

By: _____
Name:    Brad P. Bauer
Title:   Senior Managing Director

8500 Normandale Lake Blvd.
Suite 1500
Minneapolis, MN 55437
USA

Schedule 1

Transferred Claims

Purchased Claim

3.0376569038% of ISIN XS0286239925 which is equal to EUR 726,000.00 of EUR 23,900,000.00 of the original filed claim amount for this ISIN, plus all accrued interest, fees and other recoveries due.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 23,900,000 of Equity Linked Notes | XS0286239925 | Lehman Brothers Treasury | Lehman Brothers Holdings Inc. | EUR 726,000.00 | 6% fixed | February 2012 | N/A |

Schedule 1-1