B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.

Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Cayman Fund Limited | Credit Suisse Securities (USA) LLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Cayman Fund Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): <u>50497</u>
Total Amount of Claim as Filed: <u>$79,736,072.00</u>

Amount of Claim as Filed with respect to ISIN XS0162196140: <u>$8,939,894.00</u>
Amount of Claim Transferred with respect to ISIN XS0162196140: <u>$1,303,307.06 (or 14.57855164%</u> <u>of the above Amount of Claim as Filed)</u>

Amount of Claim as Allowed pursuant to the Notice of Proposed Allowed Claim Amount with respect to ISIN XS0162196140: <u>$9,015,081.80</u>
Amount of Claim Transferred with respect to ISIN XS0162196140: <u>$1,314,268.36 (or 14.57855164% of</u> <u>the above Amount of Claim as Allowed)</u>

Date Claim Filed: <u>10/28/2009</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Name and Address of Transferor:

Credit Suisse Securities (USA) LLC
11 Madison Avenue, 5th Floor
New York, New York 10010
Attention: Douglas DiBella
Telephone: 212 538 6569
Facsimile: 212 538 8119
E-mail: douglas.dibella@credit-suisse.com

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH CAYMAN FUND LIMITED**

By: Monarch Alternative Capital LP        Andrew J. Herenstein
Its: Advisor                              **Managing Principal**

By: _____              Date: March 14, 2012
Name of Transferee/Transferee's Agent
*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN BROTHERS TREASURY CO. B.V.
LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, CREDIT SUISSE SECURITIES (USA) LLC ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to MONARCH CAYMAN FUND LIMITED (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the applicable percentage and nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 50497 filed by or on behalf of Agricultural Bank of Greece S.A. ("Original Claimant") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Credit Suisse Securities (Europe) Limited transferred the Transferred Claims to Seller as evidenced at Docket No. 2l7l66.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, notices or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March 2012.

CREDIT SUISSE SECURITIES (USA) LLC

By:_____
Name:    Robert Healey
Title:    Authorized Signatory

By:_____
Name:
Title:

CREDIT SUISSE SECURITIES (USA) LLC
11 Madison Avenue, 5th Floor
New York, New York 10010
Attention: Douglas DiBella
Telephone: 212 538 6569
Facsimile: 212 538 8119
E-mail address: douglas.dibella@credit-suisse.com

MONARCH CAYMAN FUND LIMITED
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:
Title:

MONARCH CAYMAN FUND LIMITED
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, notices or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this \\ day of March 2012.

**CREDIT SUISSE SECURITIES (USA) LLC**


By:_____
Name:
Title:


By:_____
Name:
Title:

CREDIT SUISSE SECURITIES (USA) LLC
11 Madison Avenue, 5th Floor
New York, New York 10010
Attention: Douglas DiBella
Telephone: 212 538 6569
Facsimile: 212 538 8119
E-mail address: douglas.dibella@credit-suisse.com

**MONARCH CAYMAN FUND LIMITED**
**By: Monarch Alternative Capital LP**
**Its: Advisor**


By:_____
Name:    Andrew J. Herenstein
Title:    Managing Principal

MONARCH CAYMAN FUND LIMITED
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

038-16315/AGR/3379420.1

Schedule 1

## LEHMAN BROTHERS TREASURY CO. B.V.
## LEHMAN PROGRAM SECURITY

Transferred Claims

Purchased Claim

With respect to Proof of Claim 50497, 14.57855164% of the claim ($1,303,307.06 of $8,939,894.00) relating to the "Principal/Notional Amount" (as set forth below) regarding the ISIN described below, or 14.57855164% of the allowed claim amount ($1,314,268.36 of $9,015,081.80), regarding the ISIN described below, as set forth in that certain Notice of Proposed Allowed Claim Amount, dated August 24, 2011.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Note Linked to DJ STOXX 50 and S&P 500 | XS0162196140 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | € 921,000 | 2/21/09 | N/A |

Schedule 1-1

038-16315/AGR/33794/20.1

<u>Exhibit B</u>

Proof of Claim

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

## LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000050497

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
Agricultural Bank of Greece S.A.
23 Panepistimiou Street
Athens, 10564
Greece,
Attn: Michalis Fefes, Legal Department

Telephone number: +30 (210) 36-97-336        Email Address: mfefes@ate.gr

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
   *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)


Telephone number:              Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

See attached _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date: October 21, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Name: Vassilios Drougas Title: Deputy Governor |

FOR COURT USE ONLY
FILED / RECEIVED
OCT 2 8 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim*: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                    Chapter 11

Lehman Brothers Holdings Inc., *et al.*,                  Case No. 08-13555 (JMP)

                                                          (Jointly Administered)

                            Debtors.
------------------------------------------------------------X

### ANNEX TO PROOF OF CLAIM OF
### AGRICULTURAL BANK OF GREECE S.A.

1.  <u>Claimant</u>.  Agricultural Bank Of Greece S.A. (the **"Claimant"**) hereby files the

accompanying proof of claim (the **"Proof of Claim"**) against Lehman Brothers Holdings Inc.

(the **"Debtor"**), a debtor and debtor in possession in the above-referenced chapter 11 cases.  The

Claimant holds claims against the Debtor arising from certain transactions that occurred prior to

September 15, 2008 (the **"Petition Date"**), as described more fully below.

2.  <u>Transactions Between the Parties</u>.  The Claimant is the holder of certain securities

issued by Lehman Brothers Treasury Co. B.V (the **"Obligor"**) and guaranteed by the Debtor

(each a **"Program Security"** and, together, the **"Program Securities"**) identified on the list of

Lehman Program Securities, which is available on the Debtors' website, http://www.lehman-

docket.com under the heading "Key Documents."  The International Securities Identification

Number (**"ISIN"**) identifying each Program Security, along with the respective Euroclear Bank

electronic instruction reference number or Clearstream Bank blocking reference number and the

Clearstream Bank, Euroclear Bank or other depository participant account number relating to the

Program Securities, is detailed on <u>Exhibit 1</u> attached hereto.  Evidence of the ownership of the

securities described in <u>Exhibit 1</u> is provided in <u>Exhibit 3</u> attached hereto.  The Program

Securities have the benefit of an express, unconditional and irrevocable guarantee of the Debtor,

to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

      7.    <u>Amendments</u>.  The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

**EXHIBIT 1**

| ISIN | Clearstream reference # | Clearstream account # | Nominal Amount |
|---|---|---|---|
| XS0210715289 | CA71749 | 84198 | €50,000,000 |
| XS0162196140 | CA71740 | 84198 | €6,317,500 |

**EXHIBIT 2**

| ISIN | Outstanding Nominal (Euro) | Interest (Euro) | Total (Euro) | Outstanding Nominal* (USD) | Interest (USD)* | Total (USD)* |
|---|---|---|---|---|---|---|
| XS0210715289 | €50,000,000 | €29,099 | €50,029,099 | $70,755,000 | $41,178 | $70,796,178 |
| XS0162196140 | €6,317,500 | €0 | €6,317,500 | $8,939,894 | $0 | $8,939,894 |

*\* Amounts due in Euros have been converted to US Dollars using the spot exchange rate published by the European Central Bank for September 15, 2008: €1 = $1.4151.*

**EXHIBIT 3**

NY:9068278.1

Guarantee



14577                          Clearstream Banking - CreationOnline                    10.37 CET

**General Information**

Safekeeping Account          : 64199 - AGRICULTURAL BANK OF GREECE SA
                             : X902137715289
                             : 021071628 - Single
                             : EUR FLR LEHMAN BROS.TREAS 05-2015
                             : IRVTGB2XGPT - ******
                             : 16/09/08
                             : 16/09/08 09.35

**Balances**

|  | 50,000,000 | 16/09/08 09.35 |
|---|---|---|
| Hold Free | 50,000,000 | 16/09/08 09.35 |
| Total Available | 50,000,000 | 16/09/08 09.35 |
| Aggregate | 50,000,000 | 16/09/08 09.35 |

*Guarantee*



**THE BANK OF GREECE**
**EUROSYSTEM**

**DIRECTORATE OF FINANCIAL ACTIVITIES**
**Department of Credit Facilities & Deposits**

Protocol Number: 408
Athens, July 14th, 2009

**To:**
**AGRICULTURAL BANK OF GREECE S.A.**
**DIRECTORATE OF CUSTODY AND SUPPORT**
**SUB-DIRECTORATE OF FUNDS ADMINISTRATION SUPPORT**
**4 PANEPISTIMIOU STREET, ATHENS 10671**

We certify that the following bonds have been pledged to the Bank of Greece for the
account of Agricultural Bank of Greece S.A. until September 15th, 2008.

| ISIN | Issuer | Maturity | Nominal |
|------|--------|----------|---------|
| XS0247679573 | Lehman    Bros    Holding Inc. | March 17th, 2011 | EUR 6.000.000 |
| XS0210715289 | Lehman   Bros   Tsy    Co BV | February 4th, 2015 | EUR 50.000.000 |

On September 15th, 2008 the value of the above bonds, used as collateral in favor of
the Bank of Greece for purposes of Currency Policy and intraday credit, was
appraised at zero, given that they have been written off the list of acceptable bonds
(EADB) of the European Central Bank.
On September 16th, 2009 the release messages were sent and the bonds were returned
to Agricultural Bank of Greece.

[signature]
Alexandros Padouvas
Head of the Department

Πιστή και ακριβής μετάφραση στην
Αγγλική γλώσσα του συνημμένου εγγράφου
στην Ελληνική γλώσσα.
Αθήνα, 15.07.2009
Η μεταφράσασα δικηγόρος

ΕΥΔΟΞΙΑ Φ. ΝΑΣΤΟΥ
ΔΙΚΗΓΟΡΟΣ
ΚΡΙΕΖΩΤΟΥ 2 - ΑΘΗΝΑ 106 71
ΤΗΛ.: 210 3697 452

True translation in the English
language of the attached docume
drafted in the Greek language.
Athens, July 15th, 2009
The certifying attorney
Evdoxia Nastou

ΕΥΔΟΞΙΑ Φ. ΝΑΣΤΟΥ
ΔΙΚΗΓΟΡΟΣ
ΚΡΙΕΖΩΤΟΥ 2 - ΑΘΗΝΑ 106 71
ΤΗΛ.: 210 3697 452



# ΤΡΑΠΕΖΑ ΤΗΣ ΕΛΛΑΔΟΣ

### ΕΥΡΩΣΥΣΤΗΜΑ

**ΔΙΕΥΘΥΝΣΗ ΧΡΗΜΑΤΟΟΙΚΟΝΟΜΙΚΩΝ ΔΡΑΣΤΗΡΙΟΤΗΤΩΝ**
*Τμήμα Πιστωτικών Διευκολύνσεων & Καταθέσεων*

А.П. 408
Αθήνα, 14.7.2009

Προς την
**ΑΓΡΟΤΙΚΗ ΤΡΑΠΕΖΑ ΤΗΣ ΕΛΛΑΔΟΣ Α.Ε.**
**ΔΙΕΥΘΥΝΣΗ ΘΕΜΑΤΟΦΥΛΑΚΗΣ ΚΑΙ ΥΠΟΣΤΗΡΙΞΗΣ**
**ΥΠΟΔ/ΝΣΗ ΥΠΟΣΤΗΡΙΞΗΣ ΔΙΑΧΕΙΡΙΣΗΣ ΔΙΑΘΕΣΙΜΩΝ**
**ΠΑΝΕΠΙΣΤΗΜΙΟΥ 4 ΑΘΗΝΑ 10671**

Βεβαιώνουμε ότι τα κάτωθι ομόλογα ήταν ενεχυριασμένα στην Τράπεζα της Ελλάδος για λογαριασμό της Αγροτικής Τράπεζας της Ελλάδος Α.Ε. έως την 15.9.2008.

| ISIN | Issuer | Maturity | Nominal |
|------|--------|----------|---------|
| XS0247679573 | Lehman Bros Holding Inc | 17/3/2011 | EUR 6.000.000 |
| XS0210715289 | Lehman Bros Tsy Co BV | 4/2/2015 | EUR 50.000.000 |

Την 15.9.2008 μηδενίστηκε η αξία των παραπάνω τίτλων στη βάση ενεχύρων υπέρ Τ.Ε. για σκοπούς Νομισματικής Πολιτικής και ενδοημερήσιας πίστωσης, δεδομένου ότι ετέθησαν εκτός της λίστας των αποδεκτών τίτλων (EADB) της Ε.Κ.Τ.
Την 16.9.2009 έγιναν τα μηνύματα αποδέσμευσης και οι τίτλοι απεδόθησαν στην ΑΤΕ.

Αλέξανδρος Παδουβάς
Τμηματάρχης

**EXHIBIT 4**

NY:9068278.1

**UNANIMOUS WRITTEN CONSENT OF THE**

**EXECUTIVE COMMITTEE OF THE**

**BOARD OF DIRECTORS OF**

**LEHMAN BROTHERS HOLDINGS INC.**

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

**RESOLVED**, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

**RESOLVED**, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

**RESOLVED**, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

**RESOLVED**, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

**FURTHER RESOLVED**, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

Richard S. Fuld, Jr.

John D. Macomber

2

06/08/2005   16:41   LEHMAN → 916467582653                    NO.504   003

**Schedule A**
**to LBHI Unanimous Written Consent**
**dated June 9 , 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3



HAND DELIVERY

RECEIVED BY

DATE