B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott International, L.P. | Deutsche Bank AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee
should be sent:
C/O ELLIOTT MANAGEMENT CORPORATION
40 West 57th Street
New York, N.Y. 10019
Attn: Michael Stephan
Email  mstephan@elliottmgmt.com
Phone:   (212) 478-2310
Fax:      (212) 478-2311
Last Four Digits of Acct #: _____

Court Claim # (if known): 55816
Amount of Claim: Please see attached schedule
Date Claim Filed:        10/29/2009
Phone:  +44 20 7547 7173

Last Four Digits of Acct#:_____

Name and Address where notices to transferee
payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.        Date:  March 15 2012
        as attorney-in-fact/transferee's Agent

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

By: _____
        Elliot Greenberg, Vice-President

*PARTIAL Transfer of LBHI Claim # 55816*
*PROGRAM SECURITY*

<u>AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM</u>
<u>LEHMAN PROGRAM SECURITY</u>

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **DEUTSCHE BANK AG, LONDON BRANCH** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **ELLIOTT INTERNATIONAL, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) Seller's right, title and interest in and to such portion of Proof of Claim Number 55816 filed by or on behalf of **Seller's predecessor-in-title** (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") as is specified in Schedule 1 hereto (the "Purchased Portion") against Lehman Brothers Holdings, Inc., as guarantor of the Purchased Security (as defined below) and debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Portion, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Portion or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Portion, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Portion, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Portion, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Portion, but only to the extent related to the Purchased Portion, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Portion and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Portion specified in Schedule 1 attached hereto; and (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein.

*DB Ref: 8617(5)*
*UK - 71653324.1*

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of _March_ 2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____    Ross Miller
Name:                           Director
Title:

By: _____    Philipp Roever
Name:                           Vice President
Title:

Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By: _____

c/o Elliott Management Corporation
40 West 57th Street, 30th Floor
New York, NY 10019
ATTN: Michael Stephan
Phone: 212-478-2310

*DB Ref: 8617(S)*

Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15th day of _March_ 2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By:_____
Name:
Title:


By:_____
Name:
Title:


Winchester House
1, Great Winchester Street
London EC2N 2DB
ENGLAND
Attn: Michael Sutton

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.
as Attorney-in-Fact

By: _____
    ELLIOT GREENBERG
    VICE PRESIDENT


c/o Elliott Management Corporation
40 West 57th Street, 30th Floor
New York, NY 10019
ATTN: Michael Stephan
Phone: 212-478-2310

*DB Ref: 8617(5)*

Schedule 1

Transferred Claims

Purchased Portion

100% of solely those claims that are referenced in line item numbers 2 and 28 of the Proof of Claim with ISIN XS0204933997, as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| MTN2407 | XS0204933997 | 6035070 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 49,000 | 11/29/2009 |
| MTN2407 | XS0204933997 | 9454805 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | USD 150,000 | 11/29/2009 |

Schedule 1–1

*DB Ref: 8617(5)*

Schedule 2

Copy of Proof of Claim 55816

Schedule 1–1

*DB Ref: 8617(5)*

*United States Bankruptcy Court/Southern District of New York*

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

# LEHMAN SECURITIES PROGRAMS
# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000055816

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) <br><br> Credit Suisse (UK) Limited <br><br> See Attached Rider <br><br> Telephone number:          Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim. <br><br> **Court Claim Number:**_____ <br> *(If known)* <br><br> Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above) <br><br><br> Telephone number:          Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ See Attached Rider_____     **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** See Attached Rider_____     **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

See Attached Rider_____     **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
See Attached Rider_____     **(Required)**

| 5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY <br><br> **FILED / RECEIVED** <br><br> OCT 2 9 2009 <br><br> EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date. <br><br> 10/14/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. <br><br> *Riccardo Triani / Head Legal* |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

*Gary Tritton / COO*

## RIDER TO PROOF OF CLAIM FILED ON BEHALF OF
## Credit Suisse (UK) Limited against LBHI (Lehman Programs Securities)

1.      In accordance with the Order Pursuant to Section 502(b)(9) of the

Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs

of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of

Claim Form [Docket 4271] dated July 2, 2009 and the Notice of Deadlines for Filing Proofs of

Claim Based on Lehman Programs Securities dated July 27, 2009, Credit Suisse (UK) Limited

("CS") files this claim against Lehman Brothers Holdings, Inc. ("LBHI") based on the Lehman

Programs Securities ("LPS", whether used in the singular or plural) contained in Schedule I.

Schedule I lists the International Securities Identification Number, Depository Participant

Account Number, and Depository Blocking Reference Number for each LPS related to this

claim.

2.      As the LPS are booked either in units or nominal amounts in the relevant

depository systems, CS has provided the number of units or nominal amounts held for each LPS

in Schedule I in lieu of claim amounts.  CS reserves the right to amend this proof of claim at a

later date to specify claim amounts in United States dollars.

3.      CS reserves the right to amend, modify or supplement this proof of claim

in any manner, for any purpose and at any time.

4.      CS reserves the right to assert and file any and all additional claims of

whatever kind or nature that it has or may hereinafter have against LBHI.

5.      CS reserves the right to set-off any claim set forth in this proof of claim

against any claim that LBHI or the LBHI estate has or may assert against CS.

6.      CS reserves all rights it has or may have in the future against LBHI.  This

proof of claim is not intended as (a) a waiver or release of any rights of CS against LBHI (or

any of its affiliates) not asserted in this proof of claim, (b) a consent by CS to the jurisdiction of

this Court with respect to the subject matter of the claims set forth herein or to this Court's

hearing, determining or entering orders or judgments in any proceedings on this proof of claim,

(c) a waiver of the right of CS to trial by jury in any proceedings so triable in these cases or any

controversy or proceedings related to these cases or (d) an election of remedies.

      7.     No judgment has been rendered on the claims set forth in this proof of

claim.

      8.     No payments on the claims set forth in this proof of claim have been

made by the debtor.

9.    All notices concerning this proof of claim should be sent to:

Credit Suisse (UK) Limited
1 Madison Avenue
New York, NY 10010
Attn: Allen Gage
Ph:  (212) 538-9137

With a copy to:

Cravath, Swaine & Moore LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Attn: Richard Levin
Ph:  (212) 474-1135

# SCHEDULE I

**CS Entity: Credit Suisse (UK) limited**

| ISIN (12 digits) | Denominational Currency | (Sub-)Custodian | Total Holdings at each (Sub-)Custodian | | Euroclear 92870 | | | SIX SIS AG 20004518 | | | Euroclear Bank S.A. Account No. 94285 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Nominal | Units | Nominal | Units | Blocking No. | Nominal | Units | Blocking No. | Nominal | Units | Blocking No. |
| XS0301813522 | USD | EUROCLEAR | 1,864,000 | | 1,864,000 | | 6037632 | | | | | | |
| XS0204933997 | USD | EUROCLEAR | 49,000 | | 49,000 | | 6035070 | | | | | | |
| XS0326172557 | USD | EUROCLEAR | 400,000 | | 400,000 | | 6037633 | | | | | | |
| XS0251195847 | GBP | EUROCLEAR | 750,000 | | 750,000 | | 6039340 | | | | | | |
| XS0229269856 | EUR | EUROCLEAR | 260,000 | | 260,000 | | 6037634 | | | | | | |
| XS0224346592 | EUR | EUROCLEAR | 10,000 | | 10,000 | | 6037635 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 70,000 | | 70,000 | | 6037636 | | | | | | |
| XS0303746571 | EUR | EUROCLEAR | 200,000 | | 200,000 | | 6037637 | | | | | | |
| XS0313326992 | USD | EUROCLEAR | 19,000,000 | | 19,000,000 | | 6037638 | | | | | | |
| XS0315529312 | USD | EUROCLEAR | 13,200,000 | | 13,200,000 | | 6037639 | | | | | | |
| XS0319210661 | USD | EUROCLEAR | 2,500,000 | | 2,500,000 | | 6037640 | | | | | | |
| XS0282937985 | EUR | EUROCLEAR | 500,000 | | 500,000 | | 6037641 | | | | | | |
| XS0327903646 | USD | EUROCLEAR | 2,500,000 | | 2,500,000 | | 6037642 | | | | | | |
| XS0328877674 | USD | EUROCLEAR | 3,300,000 | | 3,300,000 | | 6037643 | | | | | | |
| XS0329528829 | USD | EUROCLEAR | 600,000 | | 600,000 | | 6037644 | | | | | | |
| XS0332199115 | USD | EUROCLEAR | 276,000 | | 276,000 | | 6037645 | | | | | | |
| XS0338573406 | USD | EUROCLEAR | 2,350,000 | | 2,350,000 | | 6037646 | | | | | | |
| XS0338049462 | USD | EUROCLEAR | 2,100,000 | | 2,100,000 | | 6037847 | | | | | | |
| XS0339413311 | USD | EUROCLEAR | 2,480,000 | | 2,480,000 | | 6037648 | | | | | | |
| XS0352925860 | USD | EUROCLEAR | 1,000,000 | | 1,000,000 | | 6039341 | | | | | | |
| XS0366298866 | GBP | EUROCLEAR | 600,000 | | 600,000 | | 6037650 | | | | | | |
| XS0313327453 | USD | EUROCLEAR | 6,500,000 | | 6,500,000 | | 6037651 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 630,000 | | 630,000 | | 6059213 | | | | | | |
| XS0270249807 | GBP | EUROCLEAR | 200,000 | | 200,000 | | 6065541 | | | | | | |
| XS0314774505 | USD | CS ZURICH | 10,000,000 | | | | | | | | 10,000,000 | | 9454815 |
| XS0186883798 | USD | CS ZURICH | 30,000 | | | | | | | | 30,000 | | 9454803 |
| XS0187966949 | USD | CS ZURICH | 900,000 | | | | | | | | 900,000 | | 9454804 |
| XS0204933997 | USD | CS ZURICH | 150,000 | | | | | | | | 150,000 | | 9454805 |
| XS0274985828 | USD | CS ZURICH | 1,000,000 | | | | | | | | 1,000,000 | | 9454807 |
| XS0313893561 | USD | CS ZURICH | 1,350,000 | | | | | | | | 1,350,000 | | 9454814 |
| XS0339537804 | USD | CS ZURICH | 150,000 | | | | | | | | 150,000 | | 9454802 |
| XS0266486025 | USD | CS ZURICH | 100,000 | | | | | | | | 100,000 | | 9454806 |
| XS0328054810 | USD | CS ZURICH | 250,000 | | | | | | | | 250,000 | | 9454816 |
| XS0337685670 | USD | CS ZURICH | 300,000 | | | | | | | | 300,000 | | 9454808 |
| XS0337337710 | CHF | CS ZURICH | 100,000 | | | | | | | | 100,000 | | 9454813 |
| XS0346699613 | USD | CS ZURICH | 450,000 | | | | | | | | 450,000 | | 9454809 |
| XS0347732892 | USD | CS ZURICH | 95,000 | | | | | | | | 95,000 | | 9454810 |
| XS0348957317 | USD | CS ZURICH | 300,000 | | | | | | | | 300,000 | | 9454817 |
| CH0027121000 | EUR | CS ZURICH | 110,000 | | | | | 110,000 | | CH100164SUWA42-14010 | | | |
| ANN5214A8303 | CHF | CS ZURICH | | 30 | | | | | | | | 30 | 9454811 |
| XS0302356737 | EUR | CS ZURICH | | 99 | | | | | | | | 99 | 9454812 |



RECEIVED BY:



DATE



TIME

HAND DELIVERED BY