B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **SEMPER GESTION S.A.** | **BURGUESS MARKETING S.A.** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Gregoire Vaucher**
**5, rue pedro-meylan**
**Cp 109**
**CH 1208 Geneva**
**SWITZERLAND**
Phone: +41-22-839-8040
Email: gv@semper.ch

Court Claim # (if known): **60042**
Total Amount of Claim Filed: $500,000.00
Amount of Claim Transferred:$500,000.00
(100% of original claim amount)
ISIN/CUSIP: XS0363204602
Date Claim Filed: October 30, 2009

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _DEMINOR INTERNATIONAL SCRL_
    _on behalf of SEMPER GESTION SA_                    Date: March 12, 2012
Transferee/Transferee's Agent

_C. DEMOULIN_              _E. Bomans_

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571

[ See attached POA ]

Form 210B (12/09)

# United States Bankruptcy Court

## Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>                    Case No. <u>08-13555 (JMP)</u>

### NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **60042** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on February 24, 2012.

| | |
|---|---|
| **BURGUESS MARKETING S.A.**<br>Name of Alleged Transferor | **SEMPER GESTION**<br>Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee:<br><br>**5, rue pedro-meylan<br>Cp 109<br>CH1208 Geneva<br>SWITZERLAND** |

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                      _____
                                                          **CLERK OF THE COURT**

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District Of New York

In re <u>Lehman Brothers Holdings Inc., et al.</u>    Case No. <u>08-13555 (JMP)</u>

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**SEMPER GESTION S.A.**              **BURGUESS MARKETING S.A.**
Name of Transferee                    Name of Transferor

Name and Address where notices to transferee    Court Claim # (if known): **60042**
should be sent:                                  Total Amount of Claim Filed: $500,000.00
                                                 Amount of Claim Transferred: $500,000.00
**Semper Gestion**                              (100% of original claim amount)
5, rue pedro-meylan                              ISIN/CUSIP: XS0363204602
Cp 109                                           Date Claim Filed: October 30, 2009
**CH 1208 Geneva**
**SWITZERLAND**
Phone: +41-22-839-8040
Email: semper@semper.ch

Name and Address where transferee payments
should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____ Date: March 12, 2012
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# United States Bankruptcy Court

Southern District Of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

## NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY

Claim No. **60042** was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on February 24, 2012.

**BURGUESS MARKETING S.A.**                    **SEMPER GESTION**
Name of Alleged Transferor                      Name of Transferee

Address of Alleged Transferor:                  Address of Transferee:

                                                5, rue pedro-meylan
                                                Cp 109
                                                CH1208 Geneva
                                                SWITZERLAND

---

~DEADLINE TO OBJECT TO TRANSFER~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____                                  _____
                                                **CLERK OF THE COURT**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

### TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Burguess Marketing S.A.**, Akara Bldg, 24 de Castro street, Wickhams Cay 1, Road town, British Virgin Islands ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Semper Gestion S.A., 5 Rue Pedro-Meylan, 1208 Geneva, Switzerland** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 60042 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not entitled to priority under the Bankruptcy Code and are not subordinated; (g) there have been no objections filed against Seller or Predecessor in respect of the Transferred Claims; and (h) neither the Transferred Claims nor any portion thereof is subject to any claim or right of setoff, or pending reduction, recoupment, impairment, avoidance, disallowance, or subordination, and neither Seller nor Predecessor has received any notice that the Transferred Claims are void or voidable or subject to any pending disallowance, reduction, impairment or objection of any kind.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller



transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein or (b) Seller or Predecessor seeking to implement the prior purchase as defined in paragraph 7 below between Predecessor and Seller.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. In the event that the purchase taking place prior to the Transferred Claim is not successfully completed for any reason whatsoever, any purchase price paid by the Purchaser under this Agreement and Evidence of Transfer of Claim shall be returned to the Purchaser and the delivery obligations of the Seller under this Agreement shall be cancelled.

8. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this [12] day of March 2012.

Burguess Marketing S.A.
Name: Alexandre Montavon
Title: Director

Semper Gestion S.A.
Name:
Title:

## Schedule 1

## Transferred Claims

**Purchased Claim**

$500,000.00 of $500,000.00 with regard to the ISIN listed below (the outstanding amount of the Proof of Claim with regard to the ISIN listed below as of 8th of March 2012) together with interest, fees, expenses and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Amount | Maturity |
|---|---|---|---|---|---|
| Issue of 500,000 Principal Protected Note due November, 2008 Guaranteed by Lehman Brothers Holdings under the U.S. $100,000,000,000 Euro Medium-Term Note Program | XS0363204602 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | 100.00% of the ISIN/CUSIP XS0363204602 under the Proof of Claim, which is US$ 500,000.00 | 9th of November, 2008 |

# deminor

## Power of Attorney

The company: **Semper Gestion SA**

With registered office at: **5, rue Pedro-Meylan / 1208 GENEVA / Switzerland**

Hereby duly represented by Mr/~~Mrs~~ **Grégoire Vaucher / Laurent Pfaude**

In his/her capacity of: ............

And by Mr/Mrs: ............

In his/her capacity of: ............

Hereinafter referred to as the "**Transferee**",

1. Expressly declares to be a transferee of notes (hereafter the "**Notes**") issued by Lehman Brothers Treasury Co BV, a company incorporated pursuant to the laws of the Netherlands and currently in bankruptcy, with registered office at 1077 ZX Amsterdam (the Netherlands), Strawinskylaan 3105 Atrium Building (7th floor) (hereafter: "**LBTC**"), and guaranteed by Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A) and placed under creditor protection in accordance with the Chapter XI of the US Bankruptcy Code, with registered office at 10019 New-York (USA), 745 Seventh Avenue (hereafter: "**LBHI**");

2. Hereby appoints, with power of substitution, Deminor International CVBA, with its registered office at 1160 Brussels, Belgium, Ed. Van Nieuwenhuyselaan 6b8 (hereinafter "**Deminor**") to fill in and sign on behalf of the Transferee as transferee of the Notes all necessary forms and/or documents and to undertake every act and accomplish any formality deemed useful by Deminor on behalf of Transferee, in order to notify the transfer of the Notes to the Transferee that took place on the 10th of February, to Epiq Systems Inc. and/or any other party or authority and where such notification is necessary to preserve the rights of the Transferee as holder of the Notes within the framework of the Chapter XI procedure of LBHI.

3. Transferee agrees that this Power of Attorney does not establish any obligation whatsoever towards Deminor to deliver a certain result. Transferee also agrees that Deminor will use its *best effort* to assist Transferee and that Deminor will not accept any liability regarding this Power of Attorney.

4. This Power of Attorney is subject to the laws of Belgium.

This Power of Attorney is signed on (dd-mm-yyyy) **Geneva** in **23rd February 2012**

Signature: ............ Name: **Grégoire Vaucher**

Signature: ............ Name: **Laurent Pfaude**

Deminor International SCRL / CVBA
Avenue Van Nieuwenhuyse Laan 6 b. 8 - 1160 Bruxelles-Brussel
Tel. : +32 (2) 674 71 10 - Fax : +32 (2) 674 71 20
RPM Bruxelles - RPR Brussel - TVA-BTW BE 0452.511.928
ING bank 310-1068957-06 - IBAN BE85 3101 0689 5706 - BIC BBRUBEBB
www.deminor.com
Amsterdam · Brussels · Paris · Milan · Geneva · Cologne



http://rc.ge.ch

**Extrait sans radiations**

EXTRAIT INTERNET

No réf.   14123/2001
N° féd.   CH-660.2.413.001-1

## SEMPER GESTION SA
inscrite le 18 décembre 2001
Société anonyme

| Réf. | Raison Sociale |
|---|---|
| 1 | SEMPER GESTION SA |

| Réf. | Siège |
|---|---|
| 1 | Genève |

| Réf. | Adresse |
|---|---|
| 9 | rue Pedro-Meylan 5, 1208 Genève |

| Réf. | Dates des Statuts |
|---|---|
| 11 | 28.01.2009 (nouv. stat.) |

| Réf. | But, Observations |
|---|---|
| 1 | But:<br>conseils en matière de gestion de fortune, gestion de titres et valeurs, gérance de fortune et opérations financières, notamment commerce de valeurs mobilières, immobilières et de papiers-valeurs, ainsi qu'études relatives au marché des capitaux. |

| Réf. | Organe de publication |
|---|---|
| 1 | FOSC |
| 11 | Communication aux actionnaires: pli recommandée ou fax |

| Réf. | Capital-actions | | |
|---|---|---|---|
| | Nominal | Libéré | Actions |
| 11 | CHF 1'000'000 | CHF 1'000'000 | 1'000 actions de CHF 1'000, nominatives (augmentation ordinaire) |

| Réf. | | | Administration, organe de révision et personnes ayant qualité pour signer | | |
|---|---|---|---|---|---|
| Inscr | Mod | Rad. | Nom et Prénoms, Origine, Domicile | Fonctions | Mode Signature |
| | 12 | | Freymond Eric, de Saint-Cierges, à Genève | adm. président | signature collective à 2 |
| | 15 | | Montavon Alexandre, de Boécourt, à Genève | adm. secrétaire | signature collective à 2 |
| | 12 | | Vaucher Grégoire, de Genève, à Anières | adm. délégué directeur général | signature collective à 2 |
| 10 | | | Vodoz Olivier, de la Tour-de-Peilz, à Genève | adm. | signature collective à 2 |
| 20 | | | PricewaterhouseCoopers SA (CH-660-1784998-4), succursale à Genève | organe de révision | |
| | 17 | | de Raemy Henri Jacques Raoul, de Fribourg, à Genève | directeur | signature collective à 2 (1) |
| 20 | | | Dominicé Jean-Evrard, de Genève, à Genève | directeur | signature collective à 2 (1) |
| | 12 | | Gagnebin Renaud, de Genève, à Genève | directeur | signature collective à 2 (1) |
| 13 | | | Lafranchi Antonio, de Maggia, à Genève | directeur | signature collective à 2 (1) |
| | 19 | | van Endert de Aparicio Carlos, d'Espagne, à Genève | directeur adjoint | signature collective à 2 (1) |
| | 19 | | Hatt-Arnold Blaise, du Locle, à Genève | sous-directeur | signature collective à 2 (1) |
| 20 | | | Bendib Leïla, de La Folliaz, à Thônex | | signature collective à 2 (1) |
| | 12 | | Charlet Catherine, de Daillens, à Fontaines-sur-Grandson | | signature collective à 2 (1) |
| 18 | | | Pfaude Laurent, de Genève, à Coppet | | signature collective à 2 (1) |
| 12 | | | Salvador-Droy Aurélie, de France, à Onex | | signature collective à 2 (1) |

| | |
|---|---|
| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM**<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000060042 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

BURGUESS MARKETING S.A.
Akara Bldg, 24 de Castro street
Wickhams Cay 1, Road town
British Virgin Islands

Notice address
Deminor International S.C.R.L.
Ed.Van Nieuwenhuyse Laan 6 bt.8
1160 Brussels
Belgium

Telephone number: +32 2 674 71 10        Email Address: dcms@deminor.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:        Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 500.000,00 (reference: ECB; 1 € = 1,4151 $).
This amount does not include interest but the creditor reserves the right to claim interest due on the principal amount as of Sept. 15, 2008 or any other charges.
☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.
**International Securities Identification Number (ISIN): XS0363204602**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.
**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**CA46754**                    (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.
**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

53414                           (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

Date.

10/29/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Bernard Thuysbaert, Director

Deminor International S.C.R.L.
Ed.Van Nieuwenhuyse Laan 6 bt.8
1160 Brussels, Belgium

FOR COURT USE ONLY

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# POWER OF ATTORNEY/*MANDAT*

Mr/Mrs *[Monsieur/Madame]* _____N/A_____

residing at *[dont le domicile se situe]*_    N/A_____

**OR *[OU]***

The company *[la société]*____BURGUESS MARKETING SA_____

With its registered office at *[dont le siège social se situe]*_____Akara Bldg, 24 de Castro Street, Wickhams Cay 1, Road Town, Tortola, British Virgin Islands_____

Duly represented by *[valablement représenté par]*_Grégoire Vaucher_____

In its capacity of *[en sa capacité]*_____Investment Manager_____

Hereinafter referred to as the "Noteholder", *[ci-après dénommé le "Noteholder"]*

Expressly declares to be a holder of notes issued by Lehman Brothers Treasury Co BV, company incorporated pursuant to the laws of the Netherlands - now in bankruptcy, with registered office at 1077 ZX Amsterdam (the Netherlands), Strawinskylaan 3105 Atrium Building (7th floor), and guaranteed by Lehman Brothers Holdings Inc., a company incorporated pursuant to the laws of Delaware (U.S.A) – now under the protection of the Chapter XI of the US Bankruptcy Code, with registered office at 10019 New-York (USA), 745 Seventh Avenue,

*Déclare par la présente être titulaire d'obligations émises par Lehman Brothers Treasury Co. BV., une société constituée conformément au droit hollandais actuellement en faillite, dont le siège social se situe à 1077 ZX Amsterdam (Pays-Bas), Strawinskylaan 3105 Atrium Building (7ème étage),, et garanties par Lehman Brothers Holdings Inc., une société constituée conformément au droit du Delaware (U.S.A) actuellement sous la protection du Chapitre XI du Code Américain de la Faillite, dont le siège social se situe 10019 New-York (USA), 745 Seventh Avenue,*

Hereby appoints, with power of substitution, Deminor International CVBA, with its registered office at 1160 Brussels, Belgium, Ed. Van Nieuwenhuyselaan 6b8 (hereinafter "Deminor"),

1

*Nomme par la présente comme mandataire, avec pouvoir de substitution, Deminor International SCRL, dont le siège social se situe à 1160 Bruxelles (Belgique), avenue Ed. van Nieuwenhuyse 6b8 (ci-après « Deminor »),*

To file in the name and on behalf of the Noteholder any and all claims in the framework of the insolvency proceedings of Lehman Brothers Treasury Co and/or Lehman Brothers Holdings Inc. in order to recover its losses suffered on its investment, and

*Afin de déclarer toutes les créances au nom et pour compte du Noteholder dans le cadre des procédures d'insolvabilité de Lehman Brothers Treasury Co. BV et/ou Lehman Brothers Holdings Inc., en vue de recouvrir les pertes subies sur son investissement, et*

To undertake every act, sign any document and accomplish any formality, useful or necessary for the execution of the present power of attorney.

*D'entreprendre toutes les démarches, signer tout document et accomplir toute formalité, utile ou nécessaire à l'exécution du présent mandat.*

This Power of Attorney is subject to the laws of Belgium.

*Ce mandat est soumis au droit belge.*

This Power of Attorney is signed on __October 1ˢᵗ 2010_____ in __Geneva_____ *[ce mandat a été signé le_____ à_____]*

Signature *[signature]*: _____

2



# UPS Waybill (Non-Negotiable)

**Shipper's UPS Account No.:** 576882

**From:**
- Name of Sender: [illegible]
- Telephone No.: [illegible]
- Postal Code: SW1X 7SL
- Country: [illegible]

**To:**
- Contact Person: [illegible]
- Receiver's UPS Account No.: SW1X 7SL
- Postal Code: 10017
- Country: USA

02690104401 Rev. 01/12 EN

**Payment of Charges:** Shipper

**Service Level:** Express

**Waybill / Tracking Number:** H925 006 032 2

**Date of Shipment:** MAR 13 2012

Optional Services: UPS NA1, Saturday Delivery