**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Case No. 08-13555 (JMP) |
| | ) |
| **LEHMAN BROTHERS HOLDINGS INC.,** et al., | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |

**NOTICE OF PARTIAL TRANSFER OF CLAIM PURSUANT TO FRBP 3001(e)(2)**

1. TO:  Illiquidx, LLP ("Transferor")
    80 Fleet Street
    London EC4Y 1EL, UK
    Attn: Celestino Amore
    Telephone: +44 207 832 0181

2. Please take notice that the transfer of a portion of your claim against Lehman Brothers Holdings, Inc., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No 15288 (attached as Exhibit A hereto), has been transferred to:

    BlueMountain Long/Short Credit Master Fund, L.P. ("Transferee")
    c/o BlueMountain Capital Management, LLC
    280 Park Avenue, 5th Floor East
    New York, NY 10017

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions on notices regard the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    **FILE A WRITTEN OBJECTION TO THE TRANSFER,** with:

    United States Bankruptcy Court
    Southern District of New York
    Attn: Clerk of Court
    Alexander Hamilton Custom House
    One Bowling Green
    New York, NY 10004-1408

    **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

_____

For Clerk's Office Use Only:

This notice was mailed to the first named party, by first class mail, postage prepaid on _____ _____, 2012.

Internal Control No. _____

Copy: (check)  Claims Agent _____   Transferee _____   Debtor's Attorney _____

_____
Deputy Clerk

B BDB2 1019130 v1
2904109-000004  02/10/2012

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS**<br>**PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000015288 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 | | |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Zeimer, Irene<br>Römerstrasse 22<br>D-56204 Hillscheid<br>Telephone number: 0049262462624  Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:  Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $ 12.818,69 (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): XS0222698283 (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:
CA05540 (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:
15512 (Required)

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY<br>**FILED / RECEIVED**<br><br>**SEP 17 2009**<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|
| Date.<br>17-8-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. X Irene Zeimer | |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

  

RECEIVED

SEP 1 7 2009

Lehman Brothers Holdings
Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O.Box 5076
New York, NY 10150-5076
USA

1015035076 B026

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Illiquidx LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BlueMountain Long/Short Credit Master Fund L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers as specified in Schedule 1 hereto filed by or on behalf of the predecessors-in-title to **Bast-Jager-Kost-Krober & Partner Vermogensverwaltungs AG** and **UBS AG** ("The PredecessorS"), (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (h) the Purchased Security has not been declared due and payable or otherwise accelerated as of the date hereof; (i) Seller shall immediately forward to Purchaser any and all distributions in relation to the Transferred Claims received prior to the date hereof, and shall forward to Purchaser within two business days any and all distributions in relation to the Transferred Claims that seller may receive on or after the date hereof.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5. Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 day of March, 2012.

Illiquidx L.L.P
By: _____
Name: Celestino AMORE
Title: Managing Partner

Address:
80 Fleet Street
London EC4Y 1EL - UK

BlueMountain Long/Short Credit Master Fund L.P.
By: BlueMountain Capital Management, LLC

By: _____
Name: Jack Chan
Title: Associate

Address:
280 Park Avenue
5th Floor East
New York 10017
United States

2

MKUAN\193506.3 - 02/01/12

## Schedule 1

### Transferred Claims

Purchased Claims

20.67% of Seller's interest in, to and in connection with that claim that is referenced in line item number 1 and 2 of the Proof of Claim number 46692 with ISIN XS0222698283 as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (equal to USD$4,568,912.70 principal amount) (for the avoidance of doubt, Seller holds 100% of the claim that is referenced line item number 1 and 2 of the Proof of Claim) together with interest, fees, expenses and other recoveries due.

22.10% of Seller's interest in, to and in connection with that claim that is referenced in line item number 1 of the Proof of Claim number 15288 with ISIN XS0222698283 as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (for the avoidance of doubt, Seller holds 100% of the claim that is referenced line item number 1 of the Proof of Claim) (equal to $12,818.69 principal amount) together with interest, fees, expenses and other recoveries due.

22.10% of Seller's interest in, to and in connection with that claim that is referenced in line item number 1 of the Proof of Claim number 15290 with ISIN XS0222698283 as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (for the avoidance of doubt, Seller holds 100% of the claim that is referenced line item number 1 of the Proof of Claim) (equal to $ 21,364.48 principal amount) together with interest, fees, expenses and other recoveries due.

22.10% of Seller's interest in, to and in connection with that claim that is referenced in line item number 1 of the Proof of Claim number 15289 with ISIN XS0222698283 as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (for the avoidance of doubt, Seller holds 100% of the claim that is referenced line item number 1 of the Proof of Claim) (equal to $ 56,971.94 principal amount) together with interest, fees, expenses and other recoveries due.

22.10% of Seller's interest in, to and in connection with that claim that is referenced in line item number 1 of the Proof of Claim number 10765 with ISIN XS0222698283 as highlighted in the copy of the Proof of Claim attached at Schedule 2 and described below (for the avoidance of doubt, Seller holds 100% of the claim that is referenced line item number 1 of the Proof of Claim) (equal to $ 42,729.00 principal amount) together with interest, fees, expenses and other recoveries due.

17.48% of that claim referenced on page 8 of 18 of the Proof of Claim with Blocking Number CA67984, with ISIN XS0222698283 in the amount of EUR770,000.00, which is EUR148,058.43, together with interest, fees, expenses and other recoveries due, being the outstanding of the Proof of Claim as of 15 of March 2012.

3

MKUAN\193506.3 - 02/01/12

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in EUR/JPY (USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA04987 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 578,090.84 USD$823,374.03 | N/A | 21/07/2010 | 46692 | N/A |
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | 602072 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 85,078.35 USD$121,176.99 | N/A | 21/07/2010 | 46692 | N/A |

4

MKUAN\193506.3 - 02/01/12

| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA05540 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 1,988.84 USD$2,832.73 | N/A | 21/07/2010 | 15288 | N/A |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA04200 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 3,314.75 USD$ 4,721.18 | N/A | 21/07/2010 | 15290 | N/A |
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA05541 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 8,839.31 USD$12,589.82 | N/A | 21/07/2010 | 15289 | N/A |

5

| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA05539 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 6,629.48 USD$ 9,442.36 | N/A | 21/07/2010 | 10765 | N/A |
| Issue of EUR 6,085,000 Index-Linked Redemption Notes on the European Fundamental Values Portfolio Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0222698283 | CA67984 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | EUR 148,058.43 | N/A | 21/07/2010 | 59233 | N/A |

6

MKUAN193506.3 - 02/01/12

**Exhibit C**

BlueMountain Long/Short Credit Master Fund, L.P.
c/o BlueMountain Capital Management, LLC
280 Park Avenue, 5th Floor East
New York, NY 10017