B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.                    Case No. 08-13555 (JMP)

### PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott Associates, L.P. | UBS AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
C/O ELLIOTT MANAGEMENT CORPORATION
40 West 57th Street
New York, N.Y. 10019
Attn: Michael Stephan
Email  mstephan@elliottmgmt.com
Phone:  (212) 478-2310
Fax:      (212) 478-2311
Last Four Digits of Acct #: _____

Court Claim # (if known):  62783
Amount of Claim:  See attached schedule
Date Claim Filed:       11/02/2009
Phone: _____

Last Four Digits of Acct#: _____

Name and Address where notices to transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

Elliott Associates, L.P.
By: Elliott Capital Advisors, L.P., as general partner
By: Braxton Associates, Inc., as general partner

By: /s/ Elliot Greenberg
     Elliot Greenberg, Vice President
Transferee/Transferee's Agent

Date:  March 16, 2012

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, UBS AG, London Branch ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Elliott Associates, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to the claim evidenced by Proof of Claim Numbers as specified in Schedule 1 hereto filed by or on behalf of Lehman Brothers International (Europe) (in administration) ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or the Prior Seller.

The Purchased Claim was transferred (i) from Predecessor to Lehman Brothers Japan, Inc. as evidenced by docket # 18840, (ii) from Lehman Brothers Japan, Inc. to Itochu Capital Securities Ltd. ("Itochu") as evidenced at docket # 19946, (iii) from Itochu to UBS Securities Japan Ltd ("UBS Securities") as evidenced at docket #25990, and (iv) from UBS Securities to Seller as evidenced at docket #26294 in the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or any prior seller or against Seller or any prior seller, and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) neither Seller nor any prior seller has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or any of its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less in payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Seller has delivered to Purchaser a true and correct copy of the Corrected Notice of Proposed Allowed Claim Amount, dated August 26, 2011, which relates to the relevant portion of the Proof of Claim, and as of the date hereof, neither Seller nor any prior seller has received any revised Notice of Proposed Allowed Claim Amount; and (h) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.    Seller shall promptly (but in any event on no later than the third (3rd) business day following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Buyer.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of March, 2012.

UBS AG, LONDON BRANCH

By: _____
Name: _____
Title: __Sergey Likhosherstov__
        Director
By: ____Traded Products legal____
Name: _____
Title: _____
        Thomas Shaw
Address:    Director
        Traded Products Legal
100 Liverpool St London EC2M, United Kingdom

ELLIOTT ASSOCIATES, L.P.

By: Elliott Capital Advisors, L.P., General Partner
By: Braxton Associates, Inc., General Partner

By: _____
Name: ____ELLIOT GREENBERG____
Title: ____VICE PRESIDENT____

Address:

c/o Elliott Management Corporation,
40 West 57th Street
New York, NY 10019

3

## Schedule 1

Transferred Claims

Purchased Claims

$2,474,728.40 of $7,424,186 (the outstanding amount of the Proof of Claim held by Seller as of March 13, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in JPY(USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| JPY 100,000,000 Fixed Rate and Index-Linked Target Redemption Notes due April 5, 2037 | XS0293140553 | 6045524 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | NONE | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 05 Apr 37 | 62783 | -- |
| JPY110,000,000 Index-Linked Notes due November 20, 2037 | XS0330724229 | 6045651 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY 40,000,000 (USD $379,740.73) | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 20 Nov 37 | 62783 | -- |
| JPY150,000,000 Index-Linked Notes due March 26, 2038 | XS0353348823 | 6045769 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY 50,000,000 (USD 474,676.00) | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 26 Mar 38 | 62783 | -- |

4

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal Notional Amount in JPY (USD equivalent) | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| JPY150,000,000 Index-Linked Notes due March 26, 2038 | XS0353348823 | 6045769 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY 50,000,000 (USD 474,676.00) | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 26 Mar 38 | 62783 | -- |
| JPY 100,000,000 Fixed Rate Notes due April 8, 2013 | XS0354911710 | 6045771 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY 100,000,000 (USD 949,352) | 1.60% p.a. | 08 Apr 13 | 62783 | -- |
| JPY100,000,000 Fixed Rate and Index-Linked Notes due June 17, 2038 | XS0369334700 | 6045823 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY30,000,000 (USD 284,805.60) | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 17 Jun 38 | 62783 | -- |
| JPY120,000,000 Fixed Rate and Other Variable-Linked Interest Target Redemption Notes due August 14, 2038 | XS0379987372 | 6045829 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings, Inc. | JPY 40,000,000 (USD 379,740.67) | Initially fixed, and thereafter linked to the JPY/AUD FX rate | 14 Aug 38 | 62783 | JPY 675,555.67 (USD 6,413.40) |

5