**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*****,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO: PICTET & CIE ("Transferor")
60 Route des Acacias
CH-1211 Geneva 73
Switzerland
Telephone: +41583231326
Email: asalamolard@pictet.com

2. Please take notice that the transfer of a portion of your claim against LEHMAN BROTHERS HOLDINGS INC., et al, Case No. 08-13555 (JMP) arising from and relating to Proof of Claim No. 64249 (attached as Exhibit A hereto), has been transferred to:

Barclays Bank PLC ("Transferee")
745 Seventh Avenue
New York, NY 10019
Telephone: (212) 412-2865
Email: daniel.crowley@barclayscapital.com
daniel.miranda@barclayscapital.com

An executed "Evidence of Transfer of Claim" is attached as Exhibit B hereto. All distributions and notices regarding the transferred portion of the claim should be sent to the Transferee as provided in Exhibit C hereto.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

-- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

-- **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE**

-- Refer to **INTERNAL CONTROL NO.** ________ in your objection and any further correspondence related to this transfer.

4. If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING.**

CLERK

---

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on __________, 2009.

INTERNAL CONTROL NO.________

Copy: (check) Claims Agent__ Transferee__ Debtors' Attorney__

______________________
Deputy Clerk

**EXHIBIT A**

[Proof of Claim]

*United States Bankruptcy Court/Southern District of New York*
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
| --- | --- |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000064249

THIS SPACE IS FOR COURT USE ONLY

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
PICTET & CIE
60 Route des Acacias
CH-1211 Geneva 73, Switzerland
Telephone number: +41583231326 Email Address: asalamolard@pictet.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** ____________
*(If known)*

Filed on: ____________

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 49,752,006.93 **(Required)** Please see attached schedule

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see attached schedule **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see attached schedule **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Please see attached schedule **(Required)**

**5. Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY
FILED / RECEIVED
NOV 03 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
| --- | --- |
| 10/28/2009 | [signature] [signature] |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Antoine SALAMOLARD

PICTET & CIE



| ISIN | Money | Quantity | Blocking Code | Participant Account | Exchange rate USD 15. septembre 2008 | Amount of Claim in USD (Included accrued interest) |
|---|---|---|---|---|---|---|
| XS0345288459 | USD | 35'000 | 6037116 | EOC 26177 | 1 | 35'336.20 |
| XS0331249531 | USD | 1'225'000 | 6037118 | EOC 93010 | 1 | 1'229'869.27 |
| XS0187966949 | USD | 100'000 | 6039715 | EOC 93010 | 1 | 101'201.39 |
| XS0322152462 | USD | 1'000'000 | 6037112 | EOC 93010 | 1 | 1'000'000.00 |
| XS0276600292 | USD | 300'000 | 6037114 | EOC 93010 | 1 | 300'966.67 |
| XS0340756898 | USD | 200'000 | 6042580 | EOC 93010 | 1 | 200'000.00 |
| XS0275726007 | USD | 700'000 | 6042584 | EOC 93010 | 1 | 700'000.00 |
| ANN521338783 | USD | 300'000 | 6045274 | EOC 93010 | 1 | 300'000.00 |
| XS0207884379 | USD | 250'000 | 6045273 | EOC 93010 | 1 | 250'000.00 |
| XS0333012358 | USD | 100'000 | 6048177 | EOC 93010 | 1 | 100'000.00 |
| XS0326482402 | USD | 30'000 | 6048176 | EOC 93010 | 1 | 30'000.00 |
| XS0301813522 | USD | 1'055'000 | 6052666 | EOC 93010 | 1 | 1'076'029.67 |
| XS0327165550 | USD | 75'000 | 6052667 | EOC 93010 | 1 | 79'025.00 |
| XS0366304854 | USD | 20'000'000 | 6052669 | EOC 93010 | 1 | 20'000'000.00 |
| XS0221564387 | USD | 80'000 | 6054032 | EOC 93010 | 1 | 80'000.00 |
| XS0337685670 | USD | 20'000 | 6055190 | EOC 93010 | 1 | 20'425.00 |
| XS0328064810 | USD | 75'000 | 6055189 | EOC 93010 | 1 | 76'111.67 |
| XS0328064810 | USD | 75'000 | 6054031 | EOC 11383 | 1 | 76'111.67 |
| XS0250113841 | CHF | 64'000 | 6037120 | EOC 93010 | 1.12095 | 57'094.43 |
| CH0029197156 | CHF | 1'550'000 | 3121595324141910 | SIX SIS 20152015 | 1.12095 | 1'402'743.24 |
| CH0026915527 | CHF | 500'000 | 4287954210122010 | SIX SIS 20152015 | 1.12095 | 448'793.12 |
| CH0036891411 | CHF | 100'000 | O167265304082210 | SIX SIS 20152015 | 1.12095 | 93'546.64 |
| XS0351272322 | EUR | 577'000 | 6037119 | EOC 93010 | 1.41895 | 818'734.15 |
| XS0349282151 | EUR | 25'000 | 6040672 | EOC 93010 | 1.41895 | 35'473.75 |
| XS0205185456 | EUR | 100'000 | 6039713 | EOC 93010 | 1.41895 | 142'614.85 |
| XS0307992676 | EUR | 100'000 | 6039183 | EOC 93010 | 1.41895 | 141'895.00 |
| XS0252835110 | EUR | 120'000 | 6037115 | EOC 93010 | 1.41895 | 171'300.64 |
| XS0176153350 | EUR | 50'000 | 6042581 | EOC 93010 | 1.41895 | 72'970.24 |
| XS0189741001 | EUR | 130'000 | 6042582 | EOC 93010 | 1.41895 | 186'370.24 |
| CH0027120895 | EUR | 50'000 | 6042583 | EOC 93010 | 1.41895 | 74'654.51 |
| XS0324192243 | EUR | 4'520'000 | 6047881 | EOC 93010 | 1.41895 | 7'464'068.01 |
| XS0349852433 | EUR | 5'510'000 | 6047882 | EOC 93010 | 1.41895 | 8'321'127.71 |
| CH0027120978 | EUR | 30'000 | 8587664237151610 | SIX SIS 20152015 | 1.41895 | 42'568.50 |
| XS0128857413 | EUR | 1'430'000 | 6051752 | EOC 93010 | 1.41895 | 2'034'752.14 |
| XS0183944643 | EUR | 511'000 | 6052093 | EOC 93010 | 1.41895 | 748'044.43 |
| XS0215349357 | EUR | 312'000 | 6054034 | EOC 93010 | 1.41895 | 451'932.62 |
| XS0282978666 | EUR | 210'000 | 6054036 | EOC 93010 | 1.41895 | 304'692.21 |
| XS0229584296 | EUR | 25'000 | 6056836 | EOC 93010 | 1.41895 | 37'905.06 |
| XS0229269856 | EUR | 37'000 | 6054029 | EOC 93010 | 1.41895 | 55'147.72 |
| XS0276121307 | EUR | 100'000 | 6054030 | EOC 93010 | 1.41895 | 141'895.00 |
| XS0224346592 | EUR | 220'000 | 6054035 | EOC 93010 | 1.41895 | 314'697.98 |
| XS0211093041 | EUR | 100'000 | 6055949 | EOC 93010 | 1.41895 | 143'538.81 |
| XS0299141332 | GBP | 150'000 | 6041606 | EOC 93010 | 1.79345 | 279'337.19 |
| XS0210414750 | GBP | 60'000 | 6037117 | EOC 93010 | 1.79345 | 111'032.20 |
| **Nominal** | | **42'201'000** | | | **Global Amount USD** | **49'752'006.93** |

SignatureNet

**Pictet & Cie**

**Pictet & Cie, Genève**

**KELLER Thomas M.**
Sous-Directeur
Vizedirektor
Vice President



**Signature rule**

The individual signature of the partners of Pictet & Cie commits the bank.

First Executive Vice-Presidents, Executive Vice-Presidents, Senior Vice-Presidents, Vice-Presidents, Assistant Vice-Presidents are empowered to sign jointly one with another or with an Officer.

Officers are empowered to sign jointly with a First Vice-President, Executive Vice-President, Senior Vice-President, Vice-President or Assistant Vice-President. They are not empowered to commit the bank in relation to bills of exchange irrespective of with whom they sign.

Special rules apply to correspondence conducted by means of certain printed forms and are set out thereon.

**Issue date: 09.10.2009**

SignatureNet

**Pictet & Cie**

**Pictet & Cie, Genève**

**SALAMOLARD Antoine M.**
Fondé de Pouvoir
Prokurist
Assistant Vice President



**Signature rule**

The individual signature of the partners of Pictet & Cie commits the bank.

First Executive Vice-Presidents, Executive Vice-Presidents, Senior Vice-Presidents, Vice-Presidents, Assistant Vice-Presidents are empowered to sign jointly one with another or with an Officer.

Officers are empowered to sign jointly with a First Vice-President, Executive Vice-President, Senior Vice-President, Vice-President or Assistant Vice-President. They are not empowered to commit the bank in relation to bills of exchange irrespective of with whom they sign.

Special rules apply to correspondence conducted by means of certain printed forms and are set out thereon.

**Issue date: 09.10.2009**

Pictet & Cie
Route des Acacias 60
1211 Genève 73
Suisse
tél. +41 (0)58 323 2323
fax +41 (0)58 323 2324
www.pictet.com

Pictet & Cie Banquiers




By registered mail
Lehman Brothers Holdings Claims
Processing Center
c/o EPIQ BANKRUPTCY SOLUTIONS, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
USA

Geneva, 28 October 2009
Our ref: 1326/AS

**Re : Lehman Brothers Holding Inc., et al., Debtors**
**Chapter 11, Case No. 08.13555 (JMP) (Jointly Administrered)**
**Proof of claim**

Dear Sirs,

Acting as authorized representatives of Pictet & Cie, we are pleased to submit you enclosed herewith a duly completed and signed Proof of Claim Form and its attached Schedule.

Pictet & Cie's claim is based on the Lehman Brothers Programs Securities listed in the above-mentioned Schedule and held as of today through either Euroclear or SIX SIS.

Should you need any further information, please do not hesitate to contact Mr. Antoine Salamolard, Legal Department, at +41.58.323.13.26 or asalamolard@pictet.com

Yours sincerely,

PICTET & CIE

Antoine Salamolard    Thomas Keller

Annexes mentioned




R Recommandé Etranger




LEHMAN BROTHERS HOLDINGS CLAIMS PROCESSING
c/o Epiq Bankruptcy Solutions LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076
USA

**EXHIBIT B**

[Executed Evidence of Transfer of Claim]

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Pictet & Cie** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Barclays Bank PLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **64249** filed by or on behalf of **Seller** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"),. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (f) all amounts due and owing in respect of each Purchased Security have been declared due and payable in accordance with the terms of one or more agreements or instruments relating to any such Purchased Security, (g) no objection, defense, counterclaim (including, without limitation, any fraudulent conveyance action), right of set-off, reduction, recoupment, disgorgement, impairment, avoidance, subordination, preference, fraudulent conveyance or avoidance action, or other potential claim of disallowance, whether on contractual, legal or equitable grounds, asserted or threatened by or on behalf of the Debtors or any other party with respect to the Purchased Claim or the Transferred Rights is pending as of the date of this Agreement and and any and all previous objections against the Proof of Claim have been revoked or withdrawn as of the date hereof.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges



and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York for purposes of enforcement of this Agreement but not for other purposes. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16 of March 2012.

Barclays Bank PLC

By: [signature]
Name: Daniel Crowley
Title: Managing Director

745 Seventh Ave
New York, NY 10019

Pictet & Cie

By: [signature]
Name: [illegible]
Title: AVP

[signature] Nicole Locher
AVP

60 Route des Acacias
CH – 1211 Geneva 73, Switzerland

Schedule 1

Transferred Claims

Purchased Claim

Pursuant to the Notice of Proposed Allowed Claim Amount dated October 14, 2011, the Security/ISIN below represented $100,000.00, of the total Notice of Proposed Allowed Claim Amount of $39,332,974.94.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| USD 5-Year 100% Principal Protected Excess Return Notes Linked to a Fund off Hedge Fund | XS0333012358 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | USD 100,000 of USD 100,000 | N/A | June 30, 2013 | N/A |

