UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                          :

In re                                                  :        Chapter 11 Case No.
                                                    :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :      08-13555 (JMP)
                                                  :

                    Debtors.        :        (Jointly Administered)
                                                  :

-------------------------------------------------------------------x

### ORDER AUTHORIZING DEBTORS TO ASSUME
### CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES

WHEREAS on October 25, 2011, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed a Plan Supplement [ECF No. 21254], as amended from time to time (the "Plan Supplement"),[1] containing documents and schedules in connection with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), dated December 5, 2011 [ECF No. 22973] that was confirmed by order of the Court on December 6, 2011 [ECF No. 23023] (the "Confirmation Order");[2]

WHEREAS pursuant to the Confirmation Order, the Court approved the assumption, pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, of each executory contract and unexpired lease designated in the Plan Supplement other than any

---

[1] On November 4, 2011, the Debtors filed Amendment No. 1 to the Plan Supplement [ECF No. 21665]. On November 15, 2011, the Debtors filed Amendment No. 2 to the Plan Supplement [ECF No. 22156]. On November 22, 2011, the Debtors filed Amendment No. 3 to the Plan Supplement [ECF No. 22590]. On November 29, 2011, the Debtors filed Amendment No. 4 to the Plan Supplement [ECF No. 22742]. On December 2, 2011, the Debtors filed Amendment No. 5 to the Plan Supplement [ECF No. 22876]. On December 5, 2011, the Debtors filed Amendments No. 6 and No. 7 to the Plan Supplement [ECF Nos. 22975 and 22980]. On January 31, 2012, the Debtors filed a notice of withdrawal of their application to assume certain executory contracts. [ECF No. 24823]. On February 9, 2012, the Debtors filed a Notice of (i) Withdrawal of Debtors' Application to Assume Certain Executory Contracts, (ii) Indefinite Adjournment of Debtors' Application to Assume Certain Executory Contracts, (iii) Adjournment of Hearing on Debtors' Application to Assume Certain Executory Contracts, and (iv) Status Conference on Debtors' Proposed Assumption of Executory Contracts. [ECF No. 25201]. On February 13, 2012, the Debtors filed a Third Notice of Withdrawal of Debtors' Application to Assume Certain Executory Contracts. [ECF No. 25266].

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan and Confirmation Order.

executory contracts and unexpired leases set forth on Schedules 1 and 2 of the Confirmation

Order, or that were the subject of the objections listed on Schedules 1 and 2 of the Confirmation

Order;

WHEREAS the executory contracts and unexpired leases listed on Exhibit A

hereto (the "Expired Objection Deadline Contracts") were included on Schedule 1 of the

Confirmation Order and designated as February 14 Contracts because the deadline for the

counterparties to object to the Debtors' proposed assumption of such contracts did not expire

until after the confirmation hearing, which took place on December 6, 2011;

WHEREAS the counterparties to the Expired Objection Deadline Contracts did

not file and serve any objections to the Debtors' assumption of such contracts prior to the lapsing

of the applicable objection deadlines;

WHEREAS the executory contracts listed on Exhibit B hereto (the "Resolved

February 14 Contracts") were included on Schedule 1 of the Confirmation Order and designated

as February 14 Contracts because the counterparties to such contracts or other parties (the

"Objectors") filed objections to the Debtors' proposed assumption of such contracts;

WHEREAS the Debtors and the Objectors have resolved all objections to

assumption of the Resolved February 14 Contracts;

WHEREAS the executory contracts listed on Exhibit C hereto (the "Modified

Description Contracts," and collectively with the Expired Objection Deadline Contracts and the

Resolved February 14 Contracts, the "Assumed Contracts") were included on Schedule 1 of the

Confirmation Order and designated as February 14 Contracts because the counterparties to such

contracts filed objections to, among other things, the Debtors' descriptions of such contracts on

the Plan Supplement;

WHEREAS the Debtors and the counterparties to the Modified Description Contracts have resolved the objections to the Modified Description Contracts, and the Debtors have agreed to amend the descriptions of the Modified Description Contracts to read as provided on Exhbit C;

WHEREAS the hearing regarding the Debtors' ability to assume, or assume and assign, the Assumed Contracts was adjourned, pursuant to the Confirmation Order, to February 14, 2012 at 10:00 a.m., and further adjourned, pursuant to the Notice of (i) Withdrawal of Debtors' Application to Assume Certain Executory Contracts, (ii) Indefinite Adjournment of Debtors' Application to Assume Certain Executory Contracts, (iii) Adjournment of Hearing on Debtors' Application to Assume Certain Executory Contracts, and (iv) Status Conference on Debtors' Proposed Assumption of Executory Contracts [ECF No. 25201], to April 10, 2012 at 10:00 a.m.;

WHEREAS because no objections to the Debtors' assumption of the Assumed Contracts remain to be resolved, the Debtors seek this Court's approval to assume the Assumed Contracts in accordance with the Confirmation Order and the Plan;

**IT IS HEREBY**:

ORDERED that pursuant to sections 365(a) and 1123(b)(2) of the Bankruptcy Code, the assumption of the Assumed Contracts by the Debtors is hereby approved; and it is further

ORDERED that the descriptions of the Modified Description Contracts on the Plan Supplement shall be amended and modified in accordance with the modifications set forth on Exhibit C, which shall replace the descriptions set forth on the Plan Supplement, and the

Debtors' request to assume any other contracts with the applicable counterparty is deemed

withdrawn; and it is further

ORDERED that the filing and service of the Plan and the Plan Supplement, the

service of notices of the cure amounts, the publication of the Confirmation Order, and the service

of a notice of presentment with respect to this Order provides adequate notice of the assumption

of the Assumed Contracts; and it is further

ORDERED that, except as may otherwise be agreed to by the parties to a

particular Assumed Contract, within thirty (30) days after the later of (i) the Effective Date and

(ii) this Order, the applicable Debtor shall cure any and all payment defaults under its respective

Assumed Contract in accordance with section 365(b) of the Bankruptcy Code, by payment of the

amount specified by the applicable Debtor in the Cure Notice sent by the Debtor with respect to

such Assumed Contract; and it is further

ORDERED that all counterparties to the Assumed Contracts have been provided

with adequate assurance of future performance pursuant to section 365(f) of the Bankruptcy

Code; and it is further

ORDERED that the assumption of an Assumed Contract shall not enhance any

contractual rights of a counterparty that were otherwise unenforceable under the Bankruptcy

Code immediately prior to the assumption of such contract; *provided, however,* that the rights of

all counterparties to assert that a contractual right was enforceable under the Bankruptcy Code

immediately prior to assumption or rejection and the Debtors' rights to dispute any such

assertions are fully preserved; and it is further

ORDERED that with respect to the Assumed Contracts, any defaults on the part

of the Debtors that may arise because of a condition specified in section 365(b)(2) of the

Bankruptcy Code ("Ipso Facto Defaults") are not subject to the requirements under section

365(b)(1) of the Bankruptcy Code and no party shall be permitted to declare a default, terminate,

cease payment, delivery or any other performance under any executory contract or unexpired

lease, or any agreement relating thereto, or otherwise modify any such executory contract or

unexpired lease, assert any Claim or right to termination payment, or impose any penalty or

otherwise take action against a Debtor as a result of an Ipso Facto Default; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:  New York, New York
        March 19, 2012

                                    _s/ James M. Peck_____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

**EXPIRED OBJECTION DEADLINE CONTRACTS**

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON EXHIBIT 2, PART A – DERIVATIVES CONTRACTS – ARE EXPIRED OBJECTION DEADLINE CONTRACTS:**

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| U.S. Bank NA | LEHMAN BROTHERS SPECIAL FINANCING INC. | Escrow Reinvestment Contract dated on 1/17/2006 | Adventist Health System Sunbelt Healthcare Co. 111 North Orlando Avenue Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
| | | | Brian Justice U.S. Bank National Association 225 E. Robinson Street Suite 250 Orlando, Florida 32801 |
| | | | U.S. Bank NA 4930 34th Avenue South Minneapolis, MN 55417-1594 MICR: 091000022 |
| | LEHMAN BROTHERS SPECIAL FINANCING INC. | Float Forward Agreement dated on 9/28/1994 | Adventist Health System Sunbelt Healthcare Co. 111 North Orlando Avenue Winter Park, FL, 32789<br><br>Attn: Gary Skilton |
| | | | Brian Justice U.S. Bank National Association 225 E. Robinson Street Suite 250 Orlando, Florida 32801 |
| | | | U.S. Bank NA 4930 34th Avenue South Minneapolis, MN 55417-1594 MICR: 091000022 |

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON
EXHIBIT 2, PART C – COMMERCIAL REAL ESTATE AGREEMENTS – ARE
EXPIRED OBJECTION DEADLINE CONTRACTS:**

| Lehman ID Number | Debtor[1] | Counterparty | Title of Agreement | Description[2] | Notice Address |
|---|---|---|---|---|---|
| R04A28 | LBHI | THE WITKOFF GROUP LLC | Advisory Services Agreement | Ongoing Services Agreement | The Witkoff Group LLC Attn: Scott C. Alper 130 EAST 59TH STREET, 15TH FLOOR New York, New York 10022 |
| | | | | | The Witkoff Group LLC 220 East 42nd Street New York, New York 10017 |
| N/A | PAMI Statler Arms LLC | PLANT MASTERS | Summary of Monthly Charges for Statler Arms | Service Agreement | Plant Masters 14379 Aquilla Rd. Cleveland, OH 44021 Attn: Nanette Cox Tel: 440.552.4819 |
| N/A | PAMI Statler Arms LLC | ELLA'S ALTERATIONS | Statler Arms Retail Lease | Retail Lease | Ella's Alterations 1127 Euclid Av. Cleveland, OH 44115 Attn: Ella Poole Tel: 216.589.9138 |
| N/A | PAMI Statler Arms LLC | FINER THINGS | Statler Arms Apartments Commertial Lease | Retail Lease | Finer Things 1127 Euclid Ave. Ste 717 Cleveland, OH 44115 Attn: Carol Stanley |

---

[1] LBHI – Lehman Brothers Holdings Inc.
LCPI – Lehman Commercial Paper Inc.
LCPUK – Lehman Commercial Paper Inc., UK Branch
LBSF – Lehman Brothers Special Financing Inc.

[2] This description is provided for informational purposes only.  To the extent there is an inconsistency between this description and the contract, the contract governs.

**EXHIBIT B**

**RESOLVED FEBRUARY 14 CONTRACTS**

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON EXHIBIT 2, PART A – DERIVATIVES CONTRACTS – ARE RESOLVED FEBRUARY 14 CONTRACTS:**

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| AIG CDS, INC. | LEHMAN BROTHERS SPECIAL FINANCING INC. | | AIG CDCS, Inc.<br>c/o AIG Global Investment Corp<br>70 Pine Street, 13th Floor<br>New York, NY 10270<br><br>Attn: Investment Grade Credit Group |
| | | | David M. LeMay<br>Chadbourne & Parke LLP<br>30 Rockefeller Plaza<br>New York, New York 10112 |
| RUBY FINANCE 2006-2 | LEHMAN BROTHERS SPECIAL FINANCING INC. | | HSBC Bank, USA<br>CTLA – Structured Finance<br>10 East 40th Street, Floor 14<br>New York, NY 10016<br><br>Attn: Thomas Musarra |
| | | | Ruby Finance PLC<br>c/o The Bank of New York Mellon-London Branch<br>One Canada Square<br>London, E14 5AL<br>United Kingdom |
| | | | Edward A. Smith<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas<br>The Twenty-Fourth Floor<br>New York, NY 10020 |
| | | | Eric A. Schaffer<br>Michael J. Venditto<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022 |
| RUBY FINANCE 2006-3 | LEHMAN BROTHERS SPECIAL FINANCING INC. | | HSBC Bank, USA<br>CTLA – Structured Finance<br>10 East 40th Street, Floor 14<br>New York, NY 10016<br><br>Attn: Thomas Musarra |
| | | | Ruby Finance PLC<br>c/o The Bank of New York Mellon-London |

| Counterparty | Debtor | Title of Agreement | Notice Address |
|---|---|---|---|
| | | | Branch<br>One Canada Square<br>London, E14 5AL<br>United Kingdom |
| | | | Edward A. Smith<br>Venable LLP<br>Rockefeller Center<br>1270 Avenue of the Americas<br>The Twenty-Fourth Floor<br>New York, NY 10020 |
| | | | Eric A. Schaffer<br>Michael J. Venditto<br>Reed Smith LLP<br>599 Lexington Avenue<br>New York, NY 10022 |

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON
EXHIBIT 2, PART B – COMMERCIAL LOAN AGREEMENTS – ARE RESOLVED
FEBRUARY 14 CONTRACTS:**

| Lehman ID Number | Debtor[1] | Counterparty | Title of Agreement | Description[2] | Notice Address |
|---|---|---|---|---|---|
| 00008447 | LCPI | HD Supply | 2,100,000,000 ABL Credit Agreement dated as of August 30, 2007 | Loan agreement | HD Supply Inc. Attn:  Evan Levitt 3100 Cumberland Blvd, Suite 1480 Atlanta, GA  30339<br><br>Debevoise & Plimpton LLP Attn:  Paul D. Brusiloff, Esq. 919 Third Avenue New York, NY 10022 |
| 00008447 | LBSF | HD Supply | 2,100,000,000 ABL Credit Agreement dated as of August 30, 2007 | Loan agreement | HD Supply Inc. Attn:  Evan Levitt 3100 Cumberland Blvd, Suite 1480 Atlanta, GA 30339<br><br>Debevoise & Plimpton LLP Attn:  Paul D. Brusiloff, Esq. 919 Third Avenue New York, NY 10022 |

---

[1] LBHI – Lehman Brothers Holdings Inc.
LCPI – Lehman Commercial Paper Inc.
LCPUK – Lehman Commercial Paper Inc., UK Branch
LBSF – Lehman Brothers Special Financing Inc.

[2] This description is provided for informational purposes only.  To the extent there is an inconsistency between this description and the contract, the contract governs.

**EXHIBIT C**

**MODIFIED DESCRIPTION CONTRACTS**

**THE FOLLOWING CONTRACTS LISTED IN THE PLAN SUPPLEMENT ON EXHIBIT 2, PART C – COMMERCIAL REAL ESTATE AGREEMENTS – ARE MODIFIED DESCRIPTION CONTRACTS, AND THE DESCRIPTIONS ARE MODIFIED TO READ AS FOLLOWS:**

| Deal ID | Debtor[1] | Counterparty | Date | Title of Agreement | Description[2] | Notice Address |
|---------|-----------|--------------|------|--------------------|----------------|----------------|
| R08D44 | LCPI/LBHI | TUXEDO RESERVE OWNER LLC, TUXEDO TPA OWNER LLC | 09/06/2006, as amended on 12/28/2006, 4/13/2007, and 5/26/2010 | Building Loan Agreement dated September 6, 2006, as amended by the First Amendment to Building Loan Agreement dated as of December 28, 2006, as further amended by the Second Amendment to Building Loan Agreement dated as of April 13, 2007, and as further amended by the Omnibus Amendment to Senior Loan Agreement, Project Loan Agreement, and Other Loan Documents dated as of May 26, 2010 | Building Loan Agreement | C/O The Related Companies, L.P. 60 Columbus Circle New York, NY 10023 Attn: Michael Brenner, Executive VP and CFO<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: David Speiser, VP<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: Randolph Amengual, Esq.<br><br>Steven H. Newman Katsky Korins LLP 605 Third Avenue New York, New York 10158 |

---

[1] LBHI – Lehman Brothers Holdings Inc.
  LCPI – Lehman Commercial Paper Inc.

[2] This description is provided for informational purposes only.  To the extent there is an inconsistency between this description and the contract, the contract governs.

| Deal ID | Debtor[1] | Counterparty | Date | Title of Agreement | Description[2] | Notice Address |
|---|---|---|---|---|---|---|
| R08D44 | LCPI/LBHI | TUXEDO RESERVE OWNER LLC, TUXEDO TPA OWNER LLC | 09/06/2006, as amended on 12/28/2006, 4/13/2007, and 5/26/2010 | Project Loan Agreement dated September 6, 2006, as amended by the First Amendment to Project Loan Agreement, dated as of December 28, 2006, as further amended by the Second Amendment to Project Loan Agreement dated as of April 13, 2007, and as further amended by the Omnibus Amendment to Senior Loan Agreement, Project Loan Agreement, and Other Loan Documents dated as of May 26, 2010 | Project Loan Agreement | C/O The Related Companies, L.P. 60 Columbus Circle New York, NY 10023 Attn: Michael Brenner, Executive VP and CFO<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: David Speiser, VP<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: Randolph Amengual, Esq.<br><br>Steven H. Newman Katsky Korins LLP 605 Third Avenue New York, New York 10158 |

| Deal ID | Debtor[1] | Counterparty | Date | Title of Agreement | Description[2] | Notice Address |
|---------|-----------|--------------|------|--------------------|-----------------|----------------|
| R08D44 | LCPI/LBHI | TUXEDO RESERVE OWNER LLC, TUXEDO TPA OWNER LLC | 09/06/2006, as amended on 12/28/2006, 4/13/2007, and 5/26/2010 | Senior Loan Agreement dated September 6, 2006, as amended by the First Amendment to Senior Loan Agreement dated as of December 28, 2006, as further amended by the Second Amendment to Senior Loan Agreement dated as of April 13, 2007, and as further amended by the Omnibus Amendment to Senior Loan Agreement, Project Loan Agreement, and Other Loan Documents dated as of May 26, 2010 | Senior Loan Agreement | C/O The Related Companies, L.P. 60 Columbus Circle New York, NY 10023 Attn: Michael Brenner, Executive VP and CFO<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: David Speiser, VP<br><br>c/o The Related Companies, L.P. New York, NY 10023 Attn: Randolph Amengual, Esq.<br><br>Steven H. Newman Katsky Korins LLP 605 Third Avenue New York, New York 10158 |

**THE FOLLOWING CONTRACT LISTED IN THE PLAN SUPPLEMENT ON EXHIBIT 2, PART D – RESIDENTIAL REAL ESTATE AGREEMENTS – IS A MODIFIED DESCRIPTION CONTRACT, AND THE DESCRIPTION IS MODIFIED TO READ AS FOLLOWS:**

| Investor Codes | Debtor(s) | Counterparty(ies) | Title of Agreement | Description | Notice Address(es) |
|---|---|---|---|---|---|
| 843 | Lehman Capital, a division of Lehman Brothers Holdings Inc. | ONEWEST BANK, FSB AS SUCCESSOR SERVICER BY ASSIGNMENT FROM INDYMAC FEDERAL BANK, FSB[1] | Lehman Capital, a division of Lehman Brothers Holdings Inc. (Purchaser), and IndyMac Bank. F.S.B. (Company) Seller's Warranties and Servicing Agreement, Dated as of September 1, 2005 | Residential Loan Servicing Agreement | OneWest Bank, FSB Attn: Brent Hoyler VP SFR Asset Management 888 East Walnut Street Pasadena, CA 91101 |
| | | | | | Tracy L. Klestadt John E. Jureller, Jr. Klestadt & Winters, LLP 570 Seventh Avenue, 17th Floor New York, New York 10018 |
| | | | | | Dillon E. Jackson Michael J. Gamsky Foster Pepper PLLC 1111 Third Avenue, Suite 3400 Seattle, WA 98101 |

---

[1] The Debtors have been provided with the following information by OneWest Bank, FSB:

Indymac Bank, F.S.B. ("Indymac Bank") was closed by the Office of Thrift Supervision ("OTS") on July 11, 2008, and the Federal Deposit Insurance Corporation ("FDIC") was appointed Receiver for Indymac Bank on the same day. On or about the same day, many of the assets of Indymac Bank, including mortgage servicing rights, were transferred to Indymac Federal Bank, FSB ("Indymac Federal"), a newly formed bank operated by the FDIC as its Conservator. Indymac Federal was subsequently placed into FDIC receivership and certain of the assets of Indymac Federal, including the servicing rights under this agreement, were acquired by OneWest Bank, FSB ("OneWest Bank"), a newly chartered federal savings bank. OneWest Bank is not the corporate successor to Indymac Bank or Indymac Federal. OneWest Bank is the successor servicer by assignment from Indymac Federal, the FDIC's newly formed bank in conservatorship, with respect to the mortgage loans serviced under this agreement. OneWest Bank did not acquire or assume any of the obligations of Indymac Bank as seller with respect to any mortgage loans sold by Indymac Bank pursuant to this agreement.