March 6, 2012

To: United States Bankruptcy Court
Southern District of New York

RECEIVED
MAR - 9 2012
U.S. BANKRUPTCY COURT, SDNY
JMP

Re: Lehman Brothers Holdings Inc., et al., Debtors
Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered)

The following is intended to respond to the Debtors' two hundred fifty-fourth omnibus objection to claims dated February 7, 2012 ("Objection"), with respect to those specific claims regarding:

Gross, Brian M.
400 East 71st Street
Apt. 10D
New York, NY 10021
212-288-2232

Claim #: 28018
Date Filed: September 22, 2009
Classification: Priority
Amount: $104,414.00

I object to the reclassification of my deferred compensation claim and I object to the Argument set forth in the Debtors' Objection.

Grounds for Response

1. As a Lehman Brothers employee, I was granted restricted stock units ("RSUs") as a form of earned but deferred compensation. The RSU grants were made pursuant to the Lehman Brothers Holdings Inc. ("LBHI") Stock Incentive Plan and therefore LBHI should be liable for the RSUs granted. As the RSUs were issued under LBHI's plan, my claim is against LBHI.

   The following assertions by the Debtors' fail to consider that LBHI is the obligor under the RSUs: (i) "the Debtors have no liability for compensation related to your employment with entities that are not Debtors in these chapter 11 cases" and (ii) "the Debtors have no liability for deferred compensation that is not a liability of the Debtors."

2. The RSUs that were granted were for deferred compensation that was not paid, not equity. Therefore the RSUs should not be reclassified as equity. Supporting the point that RSUs were not equity are the following facts: (i) vested RSUs were taxed by the U.S. Government as ordinary income, consistent with the tax treatment for compensation (not as capital gains as would be applicable for distributions of

equity) and (ii) Lehman's books and records did not account for RSUs as equity until such time that they were delivered which was 5 years after being granted.

As my claim relates to deferred compensation that was not delivered (not equity), the Debtors' assertion that "the ownership of preferred stock, common stock, or other equity interest (collectively, "Stock") constitutes an equity interest in a Debtor but does not constitute a claim against a Debtor's estate" is not applicable.

Given the information above, I request that the Bankruptcy Court find my deferred compensation claim against LBHI to be valid and in effect.

Respectfully,

Brian M. Gross

Submitted to:

The Honorable James M. Peck
One Bowling Green, Courtroom 601
New York, NY 10004

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn: Robert J. Lemons, Esq.

The Office of the United States Trustee for Region 2
33 Whitehall Street 21st Floor
New York, NY 10004
Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, and Andrea Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.