**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone:  (212) 696-6000
Facsimile:  (212) 697-1559
*Counsel for Debtors and Debtors-in-Possession*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:  (212) 849-7000
*Counsel for the Official Committee of Unsecured*
 *Creditors of Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### NOTICE OF HEARING ON LEHMAN BROTHERS HOLDINGS INC.'S AND CREDITORS COMMITTEE'S OBJECTION TO CLAIM NO. 67911

**PLEASE TAKE NOTICE** that on March 20, 2012, Lehman Brothers Holdings

Inc. ("LBHI"), as debtor and debtor-in-possession and the Official Committee of Unsecured

Creditors (the "Committee" and together with LBHI, the "Movants") filed their objection to

claim number 67911 (the "Claim Objection"), and that a hearing (the "Hearing") to consider the

Claim Objection will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **April 26, 2012 at 10:00 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Claim

Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and

the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

electronically in accordance with General Order M-399 (which can be found at

www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by

all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF),

WordPerfect, or any other Windows-based word processing format (with a hard copy delivered

directly to Chambers), in accordance with General Order M-182 (which can be found at

www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the

chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004,

Courtroom 601; (ii) attorneys for the Debtors, Weil, Gotshal & Manges LLP, 767 Fifth Avenue,

New York, New York 10153 (Attn:  Robert J. Lemons, Esq. and Mark Bernstein, Esq.); (iii)

conflicts counsel for the Debtors, Curtis, Mallet-Prevost, Colt & Mosle LLP, 101 Park Avenue,

New York, New York 10178-0061 (Attn:  L. P. Harrison 3rd, Esq., and Cindi Eilbott Giglio,

Esq.); (iv) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn:  Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and

Andrea B. Schwartz, Esq.); (v) attorneys for the Committee appointed in these cases, Milbank,

Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn:

Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.); and (vi) special counsel

to the Committee, Quinn Emanuel Urquhart & Sullivan, LLP, 865 South Figueroa Street, 10th

Floor, Los Angeles, California 90017-2543 (Attn:  John B. Quinn, Esq., and Erica Taggart, Esq.)

11426438

so as to be so filed and received by no later than **April 23, 2012 at 4:00 p.m. (Eastern Time)**

(the "Response Deadline").

*[Remainder of page intentionally left blank.]*

11426438

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Claim Objection or any claim set forth thereon, the Movants may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Claim Objection as Exhibit A, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: March 20, 2012
New York, New York

**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: */s/ L. P. Harrison 3rd*
Joseph D. Pizzurro
L. P. Harrison 3rd
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and
 Debtors-in-Possession*

**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**

By: */s/ John B. Quinn*
John B. Quinn
Erica Taggart
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Counsel for the Official Committee of
 Unsecured Creditors of Lehman Brothers
 Holdings Inc.*

11426438

HEARING DATE AND TIME:  April 26, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE:  April 23, 2012 at 4:00 p.m. (Eastern Time)

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000
Facsimile:  (212) 697-1559
*Counsel for Debtors and Debtors-in-Possession*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone:  (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone:  (212) 849-7000
*Counsel for the Official Committee of Unsecured*
  *Creditors of Lehman Brothers Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
| | |
|---|---|
| **In re** | :    **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | :    **08-13555 (JMP)** |
| | : |
| **Debtors.** | :    **(Jointly Administered)** |
-------------------------------------------------------------x

## LEHMAN BROTHERS HOLDINGS INC.'S AND
## CREDITORS COMMITTEE'S OBJECTION TO CLAIM NO. 67911

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors, in the above-

referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"),

and the Official Committee of Unsecured Creditors (the "Committee", and together with the

Debtors, the "Movants"), respectfully represent as follows:

## **Preliminary Statement**

1.      This objection seeks to disallow claims reasserted by Highbridge

International LLC ("Highbridge") in an amended proof of claim after such claims were

expunged and disallowed pursuant to a settlement agreement that was approved by this Court.

2.      On February 15, 2012, this Court approved a settlement agreement (the

"Settlement Agreement") between the Debtors and certain investment funds (the "Funds") which

received investment advice or other services from subsidiaries of JPMorgan Chase & Co.[1]  The

Settlement Agreement was the product of extensive negotiations and resolved disputes between

the parties concerning the Funds' attempt to fully satisfy their claims using the collateral

JPMorgan Chase Bank, N.A. took from LBHI the week before LBHI filed for bankruptcy.

3.      Pursuant to the terms of the Settlement Agreement, the Funds returned

approximately $700 million in collateral that had been provisionally applied to satisfy the Funds'

claims.  Additionally, central to the Settlement Agreement was the Funds' agreement to disallow

or reclassify certain of their claims against LBHI to the extent that the September Agreements

and the Board Resolution Guaranties (as defined below) formed the purported basis for such

claims.

4.      Under the terms of the Settlement Agreement, Highbridge released all

claims against LBHI, including the LBIE prime brokerage claims, predicated upon the Settled

Guaranties (as defined below).  *See* Settlement Agreement at §§ 6(a)(ii)-(iii).  Specifically, the

Settlement Agreement resulted in, among other things, the disallowance and expungement of a

portion of Highbridge's proof of claim number 66459 (the "Prior Proof of Claim"), including

approximately $42.8 million in claims against LBHI, purportedly arising under Highbridge's

_____

[1] A copy of the Settlement Agreement is attached hereto as Exhibit B.

11426438

prime brokerage relationship with Lehman Brothers Inc. (Europe) ("LBIE"). Thus, when the Debtors entered into the Settlement Agreement, they believed that they would no longer have any liability on account of the $42.8 million in claims identified as arising under this relationship.

5.      With the ink barely dry on the Settlement Agreement, on February 24, 2012, Highbridge filed proof of claim number 67911 (the "Amended Proof of Claim") purportedly amending the Prior Proof of Claim. The Amended Proof of Claim seeks approximately $25 million dollars from LBHI as guarantor on account of claims that were disallowed, expunged and released pursuant to the Settlement Agreement (the "Revised Guaranty Claims").

6.      Highbridge attempts to justify this untimely assertion of approximately $25 million in released claims by stating in the Amended Proof of Claim that "in the Previous Proofs of Claim, such transactions were disclosed but inadvertently misstated as arising under the prime brokerage component of Claimant's Claims against LBIE." *See* Annex to Amended Proof of Claim at 5. But Highbridge's so-called "inadvertent misstatement" should not prejudice LBHI and effectively deprive the Debtors and their creditors of one of the benefits of their bargain.

7.      Throughout the extensive negotiations with respect to the Settlement Agreement, the Debtors relied on the characterizations of the claims set forth in the Prior Proof of Claim. It is too late now for Highbridge to recharacterize their claims in an attempt to obtain a recovery on account of settled claims. For the reasons discussed below, the Amended Proof of Claim should be disallowed and expunged.

## Relief Requested

8.      The Movants file this objection to claim number 67911 (the "<u>Claim Objection</u>"), pursuant to section 502(b) of title 11 of the United States Code, as amended (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) for Approval of Claims Objection Procedure (the "<u>Procedures Orders</u>") [Docket No. 6664], seeking disallowance of claim number 67911 to the extent it amends claim number 66459 to assert claims that were released pursuant to the Settlement Agreement.

9.      The Movants have examined proof of claim number 67911 (as previously defined, the "<u>Amended Proof of Claim</u>"), filed by Highbridge. The Movants have determined that this proof of claim is duplicative of claims previously disallowed and expunged, or, in the alternative, an untimely amendment to claim number 66459 (as previously defined, the "<u>Prior Proof of Claim</u>"). Accordingly, the Movants seek the disallowance and expungement from the Court's claims register of the Amended Proof of Claim to the extent it asserts the Revised Guaranty Claims and preservation of the Movants' right to later object to the Prior Proof of Claim on any basis.

10.     This Claim Objection does not affect the Prior Proof of Claim and does not constitute any admission or finding with respect to the Prior Proof of Claim. Further, the Debtors reserve all their rights to object on any basis to any Revised Guaranty Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

11.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

11426438

## Background

### I.    The Bankruptcy Proceedings and the Claims Process

12.    Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

13.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Committee.

14.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as Examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner has filed his report pursuant to section 1106(b) of the Bankruptcy Code [Docket No. 7531].

15.    On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order") [Docket No. 4271].  The Bar Date Order established the deadline for filing proofs of claims against the Debtors as September 22, 2009 (the "Bar Date").  *See* Bar Date Order at 2.

16.    On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (together with any supplements, amendments and exhibits thereto, and as each may be further modified from time

11426438

to time, collectively, the "Third Amended Plan") and a related disclosure statement (the

"Disclosure Statement"). On September 1, 2011, an order approving the Disclosure Statement

was entered [Docket No. 19631].

        17.     On December 6, 2011, an order confirming the Third Amended Plan was

entered [Docket No. 23023]. The effective date of the Third Amended Plan was March 6, 2012.

## II.    The Asset Management Claims Objection and Settlement Agreement

        18.     On October 26, 2011, the Movants filed the Two Hundred Twenty-Ninth

Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified

and Duplicative Claims) [Docket No. 21923] (the "Asset Management Objection"). The Asset

Management Objection objected to the Funds' purported right to fully satisfy their claims against

LBHI using collateral that JPMorgan Chase Bank, N.A. took from LBHI just before LBHI's

bankruptcy filing. Asset Management Objection ¶1.

        19.     Although Movants believed they would ultimately succeed on the merits

of the Asset Management Objection, the Movants were presented with an offer by the Funds

which included the return of the vast majority of the disputed collateral. As a result, the Debtors

entered into the Settlement Agreement with the Funds, including Highbridge, to resolve the

Asset Management Objection.

        20.     Under the terms of the Settlement Agreement, among other things, the

Funds agreed to release LBHI from all claims that it had asserted pursuant to: (a) the Guaranty

dated as of September 2008 (the "September Guaranty") and the Security Agreement dated as of

September 2008 (the "September Security Agreement," and together with the September

Guaranty, the "September Agreements"); and (b) any corporate board resolution guaranty or any

guaranty delivered by Standard & Poor's Rating Services (the "Board Resolution Guaranties,"

and together with the September Agreements, the "Settled Guaranties"). *See* Settlement

11426438

Agreement at §§ 6(a)(ii)-(iii). In exchange, the Debtors agreed, among other things, to withdraw the Asset Management Claim Objection and grant certain releases to the Funds. *Id.* at §§ 6(a)(i) and 7. The Debtors also agreed to allow the Funds to retain $15 million of the collateral that the Funds erroneously argued could be used to satisfy their claims and that was the subject of the Asset Management Objection. *Id.* at § 4(a).

21.     In the Settlement Agreement, the parties also agreed to execute and deliver a joint instruction letter (the "Joint Instruction Letter") to the claims agent appointed in the Debtors' cases instructing the claims agent as to the disposition of the Funds' claims.[2] *Id.* at § 7.

22.     On February 1, 2012, the Movants filed a motion to approve the Settlement Agreement. *See* Motion Pursuant to Sections 105(a) and 363 of the Bankruptcy Code and Rules 6004 and 9019 of the Federal Rules of Bankruptcy Procedure, for Approval of the Settlement Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims [Docket No. 24851]. On February 15, 2012, this Court entered an order approving the Settlement Agreement. *See* Order Approving the Settlement Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims [Docket No. 25383].

## III.    The Claims Asserted by Highbridge Against LBHI

23.     On September 22, 2009 Highbridge filed proof of claim number 28632 against LBHI, which asserted claims pursuant to guaranties entered into by LBHI in favor of certain of its subsidiaries. The claims asserted by Highbridge included the following categories of claims:

- amounts allegedly owed to Highbridge under the September Agreements;

---

[2] A copy of the Joint Instruction Letter is attached hereto as Exhibit C.

11426438

- amounts allegedly owed to Highbridge under the Board Resolution Guaranties; and

- amounts allegedly owing by LBSF and LBIE pursuant to certain ISDA Agreements purportedly guaranteed by LBHI (the "ISDA Guaranty Claims").

24.    On April 1, 2010, Highbridge filed the Prior Proof of Claim, which amended and superseded proof of claim number 28632.  The Prior Proof of Claim did not change the categorization of any of the claims asserted by Highbridge.

25.    Pursuant to the releases set forth in the Settlement Agreement, Highbridge released LBHI from any liability on account of Highbridge's prime brokerage relationship with LBIE because such claims were based solely on the Settled Guaranties.  *See* Settlement Agreement at §§ 6(a)(ii)-(iii).  The Prior Proof of Claim asserted over $42.8 million of liability against LBHI arising under this prime brokerage relationship – amounts that the Debtors believed would be disallowed and expunged pursuant to the Settlement Agreement.

26.    On February 24, 2012, as required under the Settlement Agreement, the parties executed the Joint Instruction Letter and submitted it to the claims agent.  Pursuant to the Joint Instruction Letter, the claims agent was instructed to reduce the amount of the Prior Proof of Claim to reflect only the ISDA Guaranty Claims.  *See* Joint Instruction Letter at 1, Schedule 3. All amounts in excess of this reduced claim were to be disallowed and expunged.  *Id.* at 1. Although, as stated in the Joint Instruction Letter, Highbridge reserved the right to "further amend the amount" of its surviving claims, Highbridge did not reserve the right to reclassify the bases for exposure identified against LBHI in the Prior Proof of Claim.  *Id.* at Schedule 3 (emphasis added).  Nor did the Movants ever agree to allow Highbridge to reserve the right to revive claims it had already released pursuant to the Settlement Agreement.

27.    However, the very same day that the parties submitted the Joint Instruction Letter to the claims agent, Highbridge filed the Amended Proof of Claim, which purported to amend and supersede proof of claim number 66459. Unlike the Prior Proof of Claim, the Amended Proof of Claim did change the categorization of the claims asserted by Highbridge. Specifically, the Amended Proof of Claim asserted that $21,061,073 plus interest, previously disclosed as arising under the Settled Guaranties, should have been categorized as an ISDA Guaranty Claim. The Amended Proof of Claim further stated that $3,582,741, also previously disclosed as arising under the Settled Guaranties, was owed by LBHI under a newly-identified guaranty dated October 27, 2007 in connection with a global master repurchase agreement. *See* Annex to Amended Proof of Claim at 3-6.

28.    In filing the Amended Proof of Claim, Highbridge seeks to recharacterize approximately $25 million of claims as falling outside the ambit of the Settled Guaranties, thereby resurrecting claims it had previously expressly released. Prior to the filing of the Amended Proof of Claim, it was agreed that all claims identified in the Prior Proof of Claim as arising under the Settled Guaranties – approximately $89 million of Highbridge's claims against LBHI – would be disallowed upon consummation of the Settlement Agreement. Neither the Debtors nor the Committee were aware of the Revised Guaranty Claims during their extensive negotiations with the Funds prior to entering into the Settlement Agreement. The Debtors and the Committee agreed to the terms of the Settlement Agreement in reliance upon the fact that the entire universe of the Funds' claims against LBHI had been properly categorized in the proofs of claim that had already been filed. Then, nine days after this Court approved the Settlement Agreement, Highbridge sought to reassert the claims arising under the Settled Guaranties under different theories of liability.

-9-

## Objection

I. **Highbridge may not Reassert Claims Disallowed by Order
of the Court and Released Under the Settlement Agreement**

29.     As discussed above, all claims identified by Highbridge in the Prior Proof

of Claim as arising under the Settled Guaranties were disallowed and expunged pursuant to the

Settlement Agreement, approved by order of this Court, and as reflected in the Joint Instruction

Letter.  As Highbridge itself concedes, the Revised Guaranty Claims asserted in the Amended

Proof of Claim were included in the Prior Proof of Claim and identified as arising under the

Settled Guaranties.  *See* Annex to Amended Proof of Claim at 5.  Despite Highbridge's excuse

that an "inadvertent misstatement" caused this categorization, the Revised Guaranty Claims were

nevertheless disallowed and expunged as claims identified as arising under the Settled

Guaranties, as required by the terms of the Settlement Agreement.

30.     A bankruptcy court order allowing or disallowing a proof of claim is a

final judgment.  *Poonja v. Alleghany Properties (In re Los Gatos Lodge, Inc.)*, 278 F.3d 890, 894

(9th Cir. 2002).  Accordingly, creditors are precluded from reasserting claims that have

previously been allowed or disallowed by a court order.  *See In re Allvend Indus. Snacks by

Toms, Inc.*, 29 B.R. 900, 903 (Bankr. S.D.N.Y. 1983) (where proof of claim was "deemed proved

and allowed" under terms of court-approved settlement, debtor's later attempt to relitigate the

same claim was barred by doctrine of *res judicata*); *Abrams v. AMC Liquidating Trust (In re Am.

MetroComm Corp.)*, 303 B.R. 32, 34 (Bankr. D. Del. 2003) (*res judicata* required that creditor's

proof of claim be disallowed where claim was subject of settlement agreement previously

approved by state court); *see also Moore v. The Wiz, Cablevision*, No. 02-CV-5021(NG)(LB),

2008 WL 2357406, at *3 (E.D.N.Y. Jun. 4, 2008) (*res judicata* provided basis for dismissal

where plaintiff's case asserted cause of action that was "disallowed and expunged" by order

-10-

previously entered in defendant's bankruptcy case); *In re Dumontier*, 389 B.R. 890, 900 (Bankr.

D. Mont. 2008) (*res judicata* barred creditor's assertion that claim was secured where court had

ruled in debtor's previous bankruptcy case that same claim was in fact unsecured).

31.    This Court's Order approving the Settlement Agreement, which affected

the allowance of claims against LBHI, was the equivalent of a final judgment with preclusive

effect.  Because this Court's Order approving the Settlement Agreement resulted in the

disallowance and expungement of claims arising under the Settled Guaranties, Highbridge is

prohibited from reasserting those claims in the Amended Proof of Claim.  Highbridge's

purported "misstatement" in initially miscategorizing the Revised Guaranty Claims does not

overcome the preclusive effect of this Court's Order approving the Settlement Agreement, and

therefore does not provide a basis for Highbridge to reassert claims that were previously

disallowed and expunged.

32.    Moreover, Sections 6(a)(ii) and (iii) of the Settlement Agreement provide

in relevant part that:

> (ii)    the JPM Funds hereby release LBHI . . . from any claims
> that the JPM Funds may have against LBHI . . . relating to
> transactions under the September 2008 Documents to the
> extent . . . that such claims, if successful, would be for the
> benefit of any of the JPM Funds or any of their respective
> managers, directors, owners, agents and professionals
> acting in such capacity.

> (iii)    the JPM Funds hereby release any and all Corporate
> Resolutions/S&P Claims . . .

Settlement Agreement at §§ 6(a)(ii)-(iii).  Thus, by the express terms of the Settlement

Agreement, Highbridge released its ability to pursue claims against LBHI for amounts relating to

the Settled Guaranties.

11426438

33.    It is axiomatic that causes of action released under a settlement agreement

may not be reasserted in a proof of claim at a later date.  *See Allvend Indus.*, 29 B.R. at 903-04

(where proof of claim had been allowed pursuant to terms of court-approved settlement, debtor

was "barred from relitigating the . . . claim . . . because the parties exchanged general releases in

conjunction" with the settlement, and the releases "operate as a bar against further pursuit of the

claims settled"); *see also Bartel v. Bar Harbor Airways, Inc.*, 196 B.R. 268, 271 (S.D.N.Y. 1996)

(affirming bankruptcy court's ruling that proof of claim was disallowed by releases contained in

court-approved settlement agreement to which creditor had been a party); *In re WorldCom, Inc.*,

296 B.R. 115, 126 (Bankr. S.D.N.Y. 2003) (disallowing proof of claim on the basis of broad

release in prepetition settlement agreement).

34.    At the time of entering into the Settlement Agreement, the Revised

Guaranty Claims were classified in the Prior Proof of Claim as solely arising under the Settled

Guaranties.  Accordingly, the above-quoted release applied to the approximately $25 million in

Revised Guaranty Claims that Highbridge has since recharacterized in the Amended Proof of

Claim.  The Debtors should not be subjected to potential liability on account of claims that

Highbridge "inadvertently" released.

## II.    The Amended Proof of Claim Should Be Disallowed on the Basis of Equitable Considerations

35.    In addition to the foregoing, Highbridge's conduct and the circumstances

surrounding the reassertion of the Revised Guaranty Claims provide an independent basis for this

Court to exercise its discretion and disallow Highbridge's Amended Proof of Claim.  *Integrated*

*Res., Inc. v. Ameritrust Co. Nat'l Assoc. (In re Integrated Res., Inc.)*, 157 B.R. 66, 69 (S.D.N.Y.

1993) (a claimant's post-bar date amendment to a proof of claim is not automatically permitted;

rather, the amendment's allowance is within the discretion of the bankruptcy court).

11426438

36.    In determining whether to allow a late-filed amendment to a proof of claim, courts engage in a two-part analysis.[3] *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)* 419 F.3d 115, 133 (2d Cir. 2005); *Integrated Res.*, 157 B.R. at 69; *McClean Indus.*, 121 B.R. at 708. The second part of this analysis, which considers a variety of equitable factors to determine whether, in the interests of justice, an amendment should be allowed, is pertinent here. *See McClean Indus.*, 121 B.R. at 708. Courts generally consider five factors in this equitable analysis: (1) whether the amendment would cause "undue prejudice to [the] opposing party"; (2) the existence of "bad faith or dilatory behavior on part of the claimant"; (3) "whether other creditors would receive a windfall were the amendment not allowed"; (4) "whether other claimants might be harmed or prejudiced"; and (5) "the justification for the [claimant's] inability to file the amended claim at the time the original claim was filed." *Id.* Of these, however, "[t]he critical consideration is whether the opposing party will be unduly prejudiced by the amendment." *Enron Corp.*, 419 F.3d at 133 (quoting *Integrated Res.*, 157 B.R. at 70).

37.    Notably, courts have held that post-bar date amendments should be disallowed on equitable grounds when parties have entered into settlement agreements in reliance on un-amended proofs of claim. *See In re Lanman*, 24 B.R. 741, 743-44 (Bankr. N.D. Ill. 1982) (disallowing on equitable grounds post-bar date amendment that would have elevated

---

[3] The first part of this analysis determines whether an amendment is "reasonably related to a timely filed claim." *In re McClean Indus. Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990). In order to be "reasonably related to a timely filed claim," a purported amendment generally must "correct[] a defect of form in the original claim, describe[] the original claim with greater particularity or plead[] a new theory of recovery on the facts set forth in the original claim." *Id.* The Prior Proof of Claim makes no mention of a October 27, 2007 guaranty or even the associated global master repurchase agreement that Highbridge now asserts as the basis for the $3,582,741 that was previously characterized as a prime brokerage claim against LBHI. This portion of the Revised Guaranty Claim should be disallowed on the basis that it does not relate to the Prior Proof of Claim, notwithstanding the additional grounds for disallowance discussed in this Claim Objection.

-13-

claim from non-priority to priority where, *inter alia*, third-party creditor had entered into settlement agreement with debtor based on expectation that amending creditor would receive a non-priority claim). *Cf. In re Ballou*, No. 3:10-bk-2735-PMG, 2011 WL 4530314, at *3-4 (Bankr. M.D. Fla. Sept. 13, 2011) (disallowing on equitable basis debtor's attempted amendment to exemption schedules after, *inter alia*, creditor had entered into settlement agreement in reliance on exemptions in prior schedules); *In re Cudeyro*, 213 B.R. 910, 920-21 (Bankr. E.D. Pa. 1997) (same). Allowing amendments in such circumstances would disrupt the expectations of parties who reasonably relied on the status of claims post-bar date in negotiating settlement agreements. *See Lanman*, 24 B.R. at 743-44.

38.    Highbridge's conduct in filing the Amended Proof of Claim was inequitable. During the course of its extensive negotiations with the Debtors prior to the parties entering into the Settlement Agreement, Highbridge never mentioned the possibility that claims labeled as arising under the Settled Guaranties in the Prior Proof of Claim would later be reasserted under alternative legal theories. Instead, Highbridge waited to inform the Debtors of the reassertion of the Revised Guaranty Claims until after the Settlement Agreement was finalized. Thus, Highbridge concealed its intent to recharacterize a substantial portion of its claims so that they would survive the settlement, rather than be released by it. If permitted, this would significantly diminish the value of the settlement to the Debtors post-closing. This is fundamentally unfair to the Debtors, who carefully considered the economics of the proposed settlement based on the claims pending at the time of its decision. The Debtors should not suffer a worse result than they bargained for simply because Highbridge waited until this Court approved the Settlement Agreement before asserting its Revised Guaranty Claims.

11426438

39.    Moreover, the Debtors entered into the Settlement Agreement in reliance on the information stated in the Funds' proofs of claim as they existed at that time, including the characterizations contained within the Prior Proof of Claim.  Allowing Highbridge to bring the Revised Guaranty Claims pursuant to the Amended Proof of Claim, without any meaningful justification, would prejudice the Debtors and their creditors by disrupting the Debtors' contractual expectations in entering into the Settlement Agreement.

40.    Finally, although the Funds' reserved the ability to amend the amount of the reclassified and reduced proof of claim in the Joint Instruction Letter, the Debtors' never agreed to permit Highbridge to achieve this end by shoehorning expressly released claims into the category of claims that survived the Settlement Agreement.  Thus, Highbridge's actions in connection with filing the Amended Proof of Claim, which amount to an inequitable circumvention of the terms of the Settlement Agreement, should result in the Amended Proof of Claim being disallowed and expunged to the extent it relates to the Revised Guaranty Claims.[4]

### Reservation of Rights

41.    Nothing in this Claim Objection or in any objection will constitute a waiver of the right to assert any claims, counterclaims, right of offset or recoupment or any other claims of the Debtors against a claimant, or to seek estimation of any claim or object to claims on any basis not previously set forth in this objection.  Unless the Court allows a claim or specifically orders otherwise, the Movants retain the right to object on any grounds to the Amended Proof of Claim (or to any other claims or causes of action filed by a claimant or that

---

[4] Movants also note that Highbridge failed to seek leave of the Court before filing the Amended Proof of Claim, as is required for claimants to amend their proofs of claim after the bar date.  *See McClean Indus.*, 121 B.R. at 707 n.5.

-15-

have been scheduled by the Debtors) at a later date. In such event, the respective claimant will receive a separate notice of any such objections.

42.     The Movants expressly reserve the right to amend, modify, or supplement this Claim Objection and to file additional objections to the Amended Proof of Claim or any other claims (filed or not) which may be asserted against the Debtors. Should one or more of the grounds for objection stated herein be dismissed, the Movants reserve their rights to object on other stated grounds or on any other grounds that the Movants discover during the pendency of these cases. Nothing herein shall constitute an admission of liability to the Debtors with respect to any proof of claim.

## Notice

43.     No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Claim Objection on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Highbridge International LLC; and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Debtors submit that no other or further notice need be provided.

44.     No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

-16-

11426438

WHEREFORE the Movants respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  March 20, 2012
       New York, New York

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By:  */s/ L. P. Harrison 3rd*
Joseph D. Pizzurro
L. P. Harrison 3rd
Cindi Eilbott Giglio
101 Park Avenue
New York, New York 10178-0061
(212) 696-6000

*Counsel for Debtors and*
 *Debtors- in-Possession*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
By:  */s/ John B. Quinn*
John B. Quinn
Erica Taggart
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
(213) 443-3000

Andrew J. Rossman
James Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
(212) 849-7000

*Counsel for the Official Committee of*
 *Unsecured Creditors of Lehman Brothers*
 *Holdings Inc.*

11426438

# **<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                        Debtors.                   :        (Jointly Administered)
------------------------------------------------------------x

## [PROPOSED] ORDER GRANTING LEHMAN BROTHERS HOLDINGS INC.'S AND CREDITORS COMMITTEE'S OBJECTION TO CLAIM NO. 67911

Upon the objection to claim number 67911, dated March 20, 2012 (the "Claim

Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 502(b) of title 11 of the United States Code, as amended (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of claim number 67911 to the extent it amends claim number

66459 on the grounds that claim number 67911 asserts claims that were released by the claimant,

all as more fully described in the Claims Objection; and due and proper notice of the Claim

Objection having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) the Claimants, as

defined in paragraph 2 of the Claims Objection; and (vii) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

governing case management and administrative procedures for these cases [Docket No. 9635];

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings
ascribed to such terms in the Debtors' Objection to Claim No. 67991.

and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Claim Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Claim Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, claim number 67911 (the "Amended Proof of Claim") is disallowed and expunged with prejudice to the extent it amends claim number 66459; and it is further

ORDERED that claim number 66459 will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Amended Proof of Claim constitutes any admission or finding with respect to claim number 66459, and the Debtors' rights to object to the claim number 66459 on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to claim number 66459; and it is further

*[Remainder of page intentionally left blank.]*

-2-

11426438

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE

-3-

# **Exhibit B**

**CURTIS, MALLET-PREVOST,**
  **COLT & MOSLE LLP**
101 Park Avenue
New York, New York 10178-0061
Telephone: (212) 696-6000

*Counsel for Debtors and Debtors-in-Possession*

**QUINN EMANUEL**
**URQUHART & SULLIVAN, LLP**
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-2543
Telephone: (213) 443-3000

51 Madison Avenue, 22nd Floor
New York, New York 10010-1601
Telephone: (212) 849-7000

*Counsel for the Official Committee of*
*Unsecured Creditors of Lehman Brothers*
*Holdings Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                          :
In re                                                     :        **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                          :
                                    **Debtors.**          :        **(Jointly Administered)**
-------------------------------------------------------------------x

### NOTICE OF FILING OF JPM FUNDS SETTLEMENT AGREEMENT

Reference is made to the motion dated February 1, 2012 [Docket No. 24851] (the

"Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), and the

Official Committee of Unsecured Creditors (the "Committee"), for approval of the Settlement

Transaction Resolving the Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Motion.

11302554

Management Fund Claims (No Liability, Misclassified and Duplicative Claims), among the

Debtors and the Funds, as further described in the Motion.

PLEASE TAKE NOTICE that, pursuant to the Motion, the Debtors hereby file an

executed copy of the Settlement Agreement, which is annexed hereto as **Exhibit A**.

Dated:  February 13, 2012
      New York, New York

                      **CURTIS, MALLET-PREVOST,
                      COLT & MOSLE LLP**

                By:  */s/  Joseph D. Pizzurro*
                      Joseph D. Pizzurro
                      L. P. Harrison 3rd
                      Michael J. Moscato
                      Nancy E. Delaney
                      Peter J. Behmke
                      Cindi Eilbott Giglio
                101 Park Avenue
                New York, New York 10178-0061
                Telephone: (212) 696-6000
                Facsimile:  (212) 697-1559

                *Counsel for Debtors and
                Debtors-in-Possession*

                **QUINN EMANUEL URQUHART &
                SULLIVAN, LLP**

                By: */s/  John B. Quinn*
                      John B. Quinn
                      Erica Taggart
                      Matthew Scheck
                865 South Figueroa Street, 10th Floor
                Los Angeles, California 90017-2543
                (213) 443-3000

                Susheel Kirpalani
                Andrew J. Rossman
                James Tecce
                51 Madison Avenue, 22nd Floor
                New York, New York 10010-1601
                (212) 849-7000

                *Counsel for the Official Committee of
                Unsecured Creditors of Lehman Brothers
                Holdings Inc.*

11302554

08-13555-jmp    Doc 25298    Filed 02/10/12    Entered 02/10/12 16:25:25    Main Document
Pg 9 of 57

**EXHIBIT A**

# JPM FUNDS SETTLEMENT AGREEMENT

This **JPM FUNDS SETTLEMENT AGREEMENT** (this "*Agreement*") is made and entered into as of February 13, 2012, among (i) Lehman Brothers Holdings Inc. ("*LBHI*"), (ii) certain subsidiaries of LBHI executing this Agreement (collectively with LBHI, "*Lehman*"), (iii) certain investment funds set forth on Schedule 1 hereto (the "*JPM Funds*"), (iv) JPMorgan Chase Bank, N.A. ("*JPMCB*"), and (v) certain affiliates and subsidiaries of JPMCB executing this Agreement (collectively with JPMCB, the "*Other JPM Entities*").

**WHEREAS**, commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "*Debtors*") commenced voluntary chapter 11 cases (the "*Cases*") under Title 11 of the United States Code, 11 U.S.C. §§101, et seq. (the "*Bankruptcy Code*"), in the United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*");

**WHEREAS**, the Cases are being jointly administered as Case No. 08-13555 (JMP);

**WHEREAS**, on December 6, 2011, the Debtors' Modified Third Amended Joint Chapter 11 Plan (the "*Plan*") was confirmed in the Cases but the effective date of the Plan (the "*Plan Effective Date*") has not yet occurred;

**WHEREAS**, prior to the commencement of the Cases, the JPM Funds and the Other JPM Entities entered into certain transactions with LBHI and certain of its subsidiaries;

**WHEREAS**, the JPM Funds and the Other JPM Entities allege that they are entitled to the benefits of a Guaranty dated as of September 9, 2008 (the "*September 2008 Guaranty*"), issued by LBHI in favor of JPMCB and all of its affiliates, subsidiaries, successors and assigns and of a Security Agreement dated as of September 9, 2008 (together with the September 2008 Guaranty, the "*September 2008 Documents*") executed by LBHI in favor of JPMCB and all of its affiliates, subsidiaries, successors and assigns;

**WHEREAS**, the JPM Funds have alleged that they are entitled to the benefits of the September 2008 Documents because they are "affiliates" of JPMCB, and LBHI has asserted, among other things and without waiving any other challenges to the September 2008 Documents, that the JPM Funds are not "affiliates" of JPMCB for purposes of the September 2008 Documents;

**WHEREAS**, on October 26, 2011 LBHI and the Official Committee of Unsecured Creditors filed the *Two Hundred Twenty-Ninth Omnibus Objection to JPMorgan's Asset Management Fund Claims (No Liability, Misclassified and Duplicative Claims)* (the "*Claim Objection*") [Docket No. 21293];

**WHEREAS**, the parties hereto entered into a Collateral Disposition Agreement dated as of March 16, 2010 (as supplemented and amended prior to the date hereof, the "*Collateral*

*Disposition Agreement*"), which was approved by the Bankruptcy Court by an order dated March 24, 2010;

**WHEREAS**, pursuant to the Collateral Disposition Agreement, certain cash was provisionally applied to certain of the claims of the JPM Funds and Other JPM Entities against LBHI and its subsidiaries, with such claims being assigned to LBHI by the JPM Funds and Other JPM Entities and LBHI also being subrogated to the rights of the JPM Funds and the Other JPM Entities in respect of such claims, in each case subject to the reservations of rights and defenses and other provisions of the Collateral Disposition Agreement;

**WHEREAS**, the JPM Funds and LBHI wish to settle the claims of the JPM Funds under or in respect of the September 2008 Documents and the Corporate Resolutions/S&P Claims (as hereinafter defined), and the claims and defenses of LBHI relating to all of such claims, without affecting (a) the Underlying JPM Funds Claims (as hereinafter defined) and the claims and defenses of LBHI and its subsidiaries relating thereto or (b) the claims and defenses of the Other JPM Entities under or in respect of the September 2008 Documents and the claims and defenses of LHBI relating to such claims of the Other JPM Entities; and

**WHEREAS,** the settlement will require certain waivers and other actions under the Collateral Disposition Agreement;

**NOW, THEREFORE**, in consideration of the premises and the mutual covenants and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

**§1.    Definitions**. In addition to the terms defined above or elsewhere in this Agreement, the following terms shall have the following meanings:

"*Affected JPM Funds Claims*" means, collectively, (i) the secured claims filed by the JPM Funds against LBHI to the extent (but only to the extent) based on the September 2008 Documents; and (ii) any Corporate Resolutions/S&P Claims.

"*Board Resolutions/S&P Guaranty*" means any corporate board resolution guaranty, or any guaranty delivered to Standard & Poor's Rating Services, issued by LBHI prior to the date on which it commenced its Case.

"*Corporate Resolutions/S&P Claims*" means any claims which have been filed or could be asserted by any of the JPM Funds against LBHI to the extent (but only to the extent) based on any Board Resolutions/S&P Guaranty.

"*Excluded Claims*" means, collectively, (a) the Underlying JPM Funds Claims, (b) claims by the Other JPM Entities against any of the Debtors or Lehman, except claims relating to transactions under the September 2008 Documents or the Board Resolution Guarantees to the extent (but only to the extent) for the benefit of the JPM Funds, and (c) claims by Lehman against any of the Other JPM Entities, except claims relating to transactions under the September 2008 Documents to the extent (but only to the extent) for the benefit of the JPM Funds.  The

term does not include any claims by Lehman that it is entitled to the JPM Funds Cash Collateral (as hereinafter defined).

"*Underlying JPM Funds Claims*" means the underlying claims of the JPM Funds against any of the Debtors or any of their affiliates guarantied or secured under, or otherwise existing wholly apart from, the September 2008 Documents or the Board Resolutions/S&P Guarantees.

§2.   **Scope of Settlement**. This Agreement settles the Affected JPM Funds Claims.  This Agreement does not settle or otherwise affect any Excluded Claim or any defense to an Excluded Claim.  This Agreement and the settlement effected hereby shall not affect, and shall not be cited or referred to in any court pleading or argument with respect to and shall not be construed as being an admission or having any precedential effect with respect to, any of the Excluded Claims.

§3.   **The Effective Date**.  The parties hereto shall use commercially reasonable efforts and work in good faith as expeditiously as possible (i) to seek the Bankruptcy Court's consideration of an order approving the execution, delivery and performance of this Agreement at the omnibus hearing scheduled for February 15, 2012; and (ii) for the Closing Date (as defined below) to occur by February 21, 2012.  However, the parties hereto will not otherwise be bound by this Agreement until the date (the "*Effective Date*") on which the following conditions have been met:

(a)   *Debtor Deposits*.  Lehman and JPMCB shall have agreed, pursuant to a written agreement in form and substance satisfactory to Lehman and JPMCB, to the amounts of, and terms on which Lehman would make, Debtor Deposits (as such term is defined in the Collateral Disposition Agreement).

(b)   *Final Order*.  The execution, delivery and performance of this Agreement by the Debtors shall have been approved by an order (the "*Final Order*") of the Bankruptcy Court entered in the Cases in form and substance satisfactory to the parties hereto and as to which, unless otherwise agreed by the parties, (i) the time to appeal, petition for certiorari, or move for reargument or rehearing has expired, and (ii) as to which no appeal, petition for certiorari or other petitions for reargument or rehearing shall then be pending, or as to which any right to appeal, petition for certiorari, reargue, or rehear shall have been waived in writing or by order of the Bankruptcy Court, or in the event that an appeal, petition for certiorari, or reargument or rehearing has been sought, such order of the Bankruptcy Court shall have been determined by the highest court to which such order was appealed, or certiorari, reargument or rehearing shall have been denied and the time to take any further appeal, petition for certiorari, reargument or rehearing shall have expired; provided, however, that the possibility of motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure or any analogous rule under the Federal Rules of Bankruptcy Procedure may be filed with respect to such order shall not cause such order to cease to be a Final Order.

(c)    *Plan Effective Date.*  The Final Order shall have provided for the obligations of the Debtors party to this Agreement to be binding on the Debtors as reorganized under the Plan once the Plan Effective Date occurs.

**§4.**    **Actions Following the Effective Date**.    The parties shall take the following actions within six (6) days following the Effective Date:

(a)    *Reversal of Application of Cash Collateral.*  The provisional application of the cash collateral (the **"JPM Funds Cash Collateral"**) under the Collateral Disposition Agreement to the claims of the JPM Funds against LBHI and its subsidiaries, as set forth in the Collateral Disposition Agreement shall be reversed.

(b)    *Payment to LBHI.*  The JPM Funds Cash Collateral, less $15 million (the "**Retained Cash**"), shall be paid by the JPM Funds to LBHI calculated as follows:  The original amount of the JPM Funds Cash Collateral was $716,920,363.  However, as a result of the waiver in § 5(b) hereof, and after further taking into account amounts returned to LBHI by way of adjustments ($730,282) and withdrawals to cover misdirected wires ($1,968,369) previously approved by LBHI, the JPM Funds shall pay to LBHI by funds transfer the remaining amount of the JPM Funds Cash Collateral equal to $699,221,712.  The payment shall be sent to LBHI in accordance with the following funds transfer instructions:

> USD (US Dollar)
> Pay Citibank N.A., New York
> Swift CITIUS33
> ABA 021-000-089
> For Lehman Brothers Holdings Inc - DIP
> a/c 3078-4686
> Reference: [Include JPM counterparty name and applicable trade identifier]

(c)    *Accounting for Prior Distributions.* LBHI shall account to the JPM Funds for any distribution received by LBHI on account of an Underlying JPM Funds Claim since the provisional application of JPM Funds Cash Collateral under the Collateral Disposition Agreement.  LBHI will deliver the amount of the distribution to the applicable JPM Fund or, alternatively, the Retained Cash will be increased by the amount of the distribution.

(d)    *Re-assignment of the Assigned Claims.* Concurrently with the payment referred to in § 4(b) hereof as adjusted, if applicable, pursuant to § 4(c) hereof, LBHI will re-assign to the JPM Funds the Underlying JPM Funds Claims that were assigned to LBHI by the JPM Funds under or in connection with the Collateral Disposition Agreement.  The re-assignment will provide that any Underlying JPM Funds Claim against LBHI so re-assigned, or, if any Underlying JPM Funds Claim against LBHI was provisionally satisfied under or in connection with the Collateral Disposition Agreement, so satisfied, will be reinstated upon the re-assignment.  The re-assignment, together with any such reinstatement, will be absolute, will be made together with all supporting obligations and liens, will be free and clear of any adverse

claims created by or through LBHI, and will be effected pursuant to assignment documents otherwise in form and substance satisfactory to the JPM Funds.

**§5.     Actions Occurring on the Closing Date.** On the date (the "*Closing Date*") on which all of the actions described in § 4 hereof have been completed, the following actions shall occur, and the following agreements shall become effective, automatically without further action of any party:

(a)     *Waiver of Reallocation Rights.*  Each Other JPM Entity waives any right under Paragraph 5(b) of the Collateral Disposition Agreement to reallocation of the Retained Cash or the $699,221,712 of the JPM Funds Cash Collateral paid by LBHI to the JPM Funds or any right otherwise to challenge the application of the JPM Funds Cash Collateral in accordance with the terms of this Agreement.

(b)     *Waiver of Cross-affiliate Setoff Supplemental Payment.* The JPM Funds waive any claim for a supplemental payment of $12,542,079.11 under Paragraph 6 of the Collateral Disposition Agreement based upon the reversal of a cross-affiliate setoff under those certain ISDA Master Agreements and schedules thereto, each dated as of March 15, 2002, between Lehman Brothers Special Financing Inc. and the JPM Funds listed on Exhibit A thereto, and each Debtor party hereto confirms that it has no further claim against any of the JPM Funds based on the setoff.

(c)     *Retention of Retained Cash.*  The Retained Cash and any interest earned on the JPM Funds Cash Collateral will be retained by the JPM Funds for their own accounts and will not be subject to any disgorgement or defeasance or cause any reduction in the Underlying Claims.  The JPM Funds shall be free to allocate the Retained Cash and interest among one another.

(d)     *Waiver of Subrogation Rights.*  LBHI confirms that it has waived or assigned absolutely in favor of the JPM Funds any subrogation rights with respect to the Underlying JPM Funds Claims obtained by LBHI under or in connection with the Collateral Disposition Agreement.

(e)     *The Collateral Disposition Agreement.*  The Collateral Disposition Agreement is amended in the following respects:  (i) the JPM Funds will cease to be, and are removed as, parties to the Collateral Disposition Agreement; and (ii) the JPM Funds and Lehman will have no continuing obligations to each other under the Collateral Disposition Agreement, and the rights and obligations of the Other JPM Entities and Lehman to and against each other under the Collateral Disposition Agreement will be determined without regard to the Affected JPM Funds Claims, the Underlying JPM Funds Claims, or any other claims by or against the JPM Funds.

**§6.     Releases.**

(a)     *General.*  Effective as of the Closing Date,

(i)    LBHI hereby releases the JPM Funds and their present and former respective managers, directors, owners, investors, agents and professionals from any claims that LBHI may have against any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals relating to transactions under the September 2008 Documents to the extent (but only to the extent) that such claims, if successful, would be claims for which any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals acting in such capacity would be liable or otherwise accountable.

(ii)    the JPM Funds hereby release LBHI and its present and former officers, directors, agents and professionals from any claims that the JPM Funds may have against LBHI or any of its post-petition officers, directors, agents and professionals relating to transactions under the September 2008 Documents to the extent (but only to the extent) that such claims, if successful, would be for the benefit of any of the JPM Funds or any of their respective managers, directors, owners, agents and professionals acting in such capacity.

(iii)    the JPM Funds hereby release any and all Corporate Resolutions/S&P Claims; and

(iv)    LBHI hereby releases the Other JPMC Entities and their respective present and former officers, directors, owners, investors, agents, attorneys and professionals from any liability for the Retained Cash or for the portion of the JPM Funds Cash Collateral paid by the JPM Funds to LBHI under this Agreement.

(b)    *Excluded Claims.*  The releases in § 6(a) hereof shall not include (i) any Excluded Claims or (ii) any claim against any other party arising from the other party's representations or warranties contained in this Agreement or from the other party's obligations under this Agreement.

**§7    Non-Pursuit of Litigation; Proofs of Claim.**  From and after the Closing Date LBHI shall not pursue or seek judgment on any claims against any of the Other JPMC Entities for return or recovery of the Retained Cash or the portion of the JPM Funds Cash Collateral paid by the JPM Funds to LBHI under this Agreement, including in the pending adversary proceeding commenced by LBHI against JPMCB.  The parties hereto shall use commercially reasonable efforts to execute and deliver, on or before the later to occur of:  (i) February 24, 2012; and (ii) the Closing Date, a joint instruction letter (the "***Joint Instruction Letter***")  to the claims agent appointed in the Cases instructing the claims agent as to the disposition of the Affected JPM Funds Claims.  Within one business day following the delivery of the executed Joint Instruction Letter to the claims agent, LBHI shall file a notice of withdrawal of the Claim Objection.

**§8.    Future Distributions.**  If a distribution on any Underlying JPM Funds Claim re-assigned to a JPM Fund is received by LBHI after the payment to LBHI contemplated in § 4 hereof or has not been otherwise accounted for pursuant to § 4(c) hereof, LBHI shall promptly account for and pay over the distribution to the JPM Fund.

**§9.    Further Assurances**.  Each of LBHI and the Other JPM Entities will take such other actions as may be reasonably requested by the JPM Funds to perfect the re-assignment to the JPM Funds of the Underlying JPM Funds Claims, which were assigned to LBHI under or in connection with the Collateral Disposition Agreement, and to make such other notifications and filings as may be necessary or advisable, as expeditiously as possible, and otherwise to carry out the provisions of this Agreement.

**§10.    Representations and Warranties**.

(a)    *General.*  Each party hereto represents and warrants to the other parties hereto that such party (i) if an organization, validly exists as an organization, and (ii) subject, in each case, to the approval of the Bankruptcy Court, such party has the right and power to enter into this Agreement, such party has duly authorized, executed and delivered this Agreement, and such party has obtained all consents of governmental organizations and third parties necessary to enter into this Agreement and to perform such party's obligations hereunder.

(b)    *Ownership of Claims.*  LBHI represents and warrants to the JPM Funds that LBHI has not transferred any of the Underlying JPM Funds Claims to be re-assigned or any interest therein to any person.

**§11.    Governing Law; Chosen Forum**.

(a)    *Governing Law.*  This Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, without regard to any choice of law provision which would require the application of the law of any other jurisdiction.

(b)    *Bankruptcy Court Forum.*  Each of the parties hereto hereby irrevocably and unconditionally agrees that any legal action, suit, or proceeding against the party with respect to any dispute arising under this Agreement shall be brought in the Bankruptcy Court, and irrevocably accepts and submits to the exclusive jurisdiction of such court, generally and unconditionally, with respect to any such action, suit, or proceeding, but only, in each case, to the extent that, at the time, the Bankruptcy Court has jurisdiction thereof.

(c)    *Other Chosen Forum if Applicable.*  If the Bankruptcy Court does not at the time have jurisdiction over the legal action, suit or proceeding, each of the parties hereto hereby irrevocably and unconditionally agrees that the legal action, suit, or proceeding shall be brought in a court of or in the State of New York in New York City, and irrevocably accepts and submits to the exclusive jurisdiction of such court, generally and unconditionally, with respect to any such action, suit, or proceeding.

(d)    *Underlying JPM Funds Claims and Excluded Claims*.  This section does not affect the governing law for, or choose a forum for resolving a dispute on, any Underlying JPM Funds Claim or any Excluded Claim.

**§12.    Miscellaneous.**  This Agreement embodies the entire agreement of the parties hereto and supersedes any term sheet or other agreement among the parties concerning the

subject of this Agreement. This Agreement shall bind and inure to the benefit of the parties and their respective successors, assigns and representatives including, in the case of the Debtors party hereto, the Debtors as reorganized under the Plan on and following the Plan Effective Date. This Agreement may not be modified, amended or supplemented except in writing signed by each party hereto affected thereby. The headings of the sections and subsections of this Agreement are inserted for convenience only and shall not affect the interpretation hereof. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which, taken together, shall constitute one and the same agreement.

*[Remainder of page intentionally left blank]*

**IN WITNESS WHEREOF**, each of the parties hereto has caused this Agreement to be executed and delivered by its duly authorized officer or other representative as of the date first above written.

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

LB 745 LLC

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

PAMI STATLER ARMS LLC

By: _____
Name: John Suckow
Title: Authorized Signatory

LEHMAN BROTHERS COMMODITY
SERVICES INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

LEHMAN BROTHERS SPECIAL FINANCING
INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer

[Signature Page to JPM Funds Settlement Agreement]

LEHMAN BROTHERS OTC DERIVATIVES
INC.

By: _____
Name:  John Suckow
Title:  President and Chief Operating Officer


LEHMAN BROTHERS DERIVATIVE
PRODUCTS INC.

By: _____
Name:  John Suckow
Title:  President and Chief Operating Officer


LEHMAN COMMERCIAL PAPER INC.

By: _____
Name:  John Suckow
Title:  President and Chief Operating Officer


LEHMAN BROTHERS COMMERCIAL
CORPORATION

By: _____
Name:  John Suckow
Title:  President and Chief Operating Officer


LEHMAN BROTHERS FINANCIAL PRODUCTS
INC.

By: _____
Name:  John Suckow
Title:  President and Chief Operating Officer

LEHMAN SCOTTISH FINANCE L.P.

By:  PROPERTY ASSET MANAGEMENT INC.,
its general partner

By: _____
    Name:  Daniel Ehrmann
    Title:   Vice President

CES AVIATION LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

CES AVIATION V LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

CES AVIATION IX LLC

By: _____
Name:  John Suckow
Title:   President and Chief Operating Officer

EAST DOVER LIMITED

By: _____
Name:  Daniel Ehrmann
Title:   Authorized Signatory and Duly Appointed
         Officer

[Signature Page to JPM Funds Settlement Agreement]

LUXEMBOURG RESIDENTIAL PROPERTIES
LOAN FINANCE S.A.R.L.

By:
Name:  Daniel Ehrmann
Title:    Authorized Signatory and Manager

BNC MORTGAGE LLC

By:
Name:  Douglas Lambert
Title:    Director

STRUCTURED ASSET SECURITIES
CORPORATION

By:
Name:  John Suckow
Title:   President and Chief Operating Officer

LB ROSE RANCH LLC

By:
Name:  John Suckow
Title:   Authorized Signatory

LB 2080 KALAKAUA OWNERS LLC

By:  PAMI LLC, its managing member

By:
Name:  John Suckow
Title:   President and Chief Operating
Officer

[Signature Page to JPM Funds Settlement Agreement]

MERIT LLC

By: LEHMAN COMMERCIAL PAPER INC., its
Manager

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

LB SOMERSET LLC

By: PAMI LLC, its managing member

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

LB PREFERRED SOMERSET LLC

By: PAMI LLC, its managing member

By: _____
Name: John Suckow
Title: President and Chief Operating
Officer

*[Rest of page intentionally left blank]*

[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____

Name:    Ann C. Kurinskas

Title:    Managing Director


J.P. MORGAN BANK DUBLIN PLC


By: _____

Name:

Title:


JPMORGAN CHASE FUNDING INC.


By: _____

Name:

Title:


J.P. MORGAN CLEARING CORP.


By: _____

Name:

Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____

Name:

Title:


J.P. MORGAN MARKETS LIMITED

By: _____

Name:

Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC

By: _____
Name:
Title:
          **Colm Kellaghan**
          **Company Secretary**
          **J.P. Morgan Bank Dublin plc**

JPMORGAN CHASE FUNDING INC.

By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.

By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED

By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.

By: *Joseph C. Noto*
Name: *Joseph C. Noto*
Title: *Managing Director*


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.

By: _____
Name:    Michael Hinikes
Title:    Managing Director


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED

By: _____
Name:        Richard Walton
Title:        Executive Director


J.P. MORGAN MARKETS LIMITED

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

*ACCEPTED AND AGREED AS OF THE DATE OF THIS AGREEMENT:*

JPMORGAN CHASE BANK, N.A.

By: _____
Name:
Title:


J.P. MORGAN BANK DUBLIN PLC


By: _____
Name:
Title:


JPMORGAN CHASE FUNDING INC.


By: _____
Name:
Title:


J.P. MORGAN CLEARING CORP.


By: _____
Name:
Title:


J.P. MORGAN INTERNATIONAL BANK LIMITED


By: _____
Name:
Title:


J.P. MORGAN MARKETS LIMITED

By: _____
Name:    Roger Barbour
Title:    Managing Director


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC

By: _____

Name: Joseph C. Noto

Title: Managing Director + Treasurer

JPMORGAN SECURITIES JAPAN CO., LTD.

By: _____
Name:
Title:

J.P. MORGAN SECURITIES LTD.

By: _____
Name:
Title:

J.P. MORGAN (SUISSE) SA

By: _____
Name:
Title:

J.P. MORGAN VENTURES ENERGY CORPORATION

By: _____
Name:
Title:

[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC


By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name: *CHRISTOPHER L. HARVEY*
Title: *SENIOR COUNTRY OFFICER- JAPAN*
       *PRESIDENT AND CEO*


J.P. MORGAN SECURITIES LTD.


By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA


By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC

By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.

By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.

By: _____
Name:    Roger Barbour
Title:    Managing Director


J.P. MORGAN (SUISSE) SA

By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION

By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC


By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.


By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA

By: _____          By: _____
Name: Jean-Philippe Koch                Name: Valérie Delerue
Title: Managing Director                 Title:   Executive Director


J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name:
Title:


[Signature Page to JPM Funds Settlement Agreement]

J.P. MORGAN SECURITIES LLC


By: _____
Name:
Title:


JPMORGAN SECURITIES JAPAN CO., LTD.


By: _____
Name:
Title:


J.P. MORGAN SECURITIES LTD.


By: _____
Name:
Title:


J.P. MORGAN (SUISSE) SA


By: _____
Name:
Title:


J.P. MORGAN VENTURES ENERGY CORPORATION


By: _____
Name: Mark Lenczowski
Title: Managing Director


[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I

JPMORGAN MUTUAL FUNDS

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I

J.P. MORGAN INVESTMENT MANAGEMENT INC.

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I

JF ASSET MANAGEMENT LIMITED

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I

[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

_____

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I


JPMORGAN MUTUAL FUNDS

_____

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I


J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I


JF ASSET MANAGEMENT LIMITED

_____

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I


[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN CHASE BANK, N.A.

_____
Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I


JPMORGAN MUTUAL FUNDS

_____
Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I


J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____
Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I


JF ASSET MANAGEMENT LIMITED

_____
Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I


[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I

JPMORGAN ASSET MANAGEMENT (UK) LIMITED

_____

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I

*[Remainder of page intentionally left blank]*

[Signature Page to JPM Funds Settlement Agreement]

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I

JPMORGAN ASSET MANAGEMENT (UK) LIMITED

_____

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I

*[Remainder of page intentionally left blank]*

[Signature Page to JPM Funds Settlement Agreement]

**HIGHBRIDGE ASIA OPPORTUNITIES MASTER FUND, L.P.**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


**COBRA LLC**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


**CONTRARIAN VALUE, L.P.**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


**HIGHBRIDGE CONVERTIBLE ARBITRAGE MASTER FUND, L.P.**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


**HIGHBRIDGE INTERNATIONAL LLC**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


[Signature Page to JPM Funds Settlement Agreement]

SMITHFIELD FIDUCIARY LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HIGHBRIDGE STATISTICALLY ENHANCED EQUITY MASTER FUND - EUROPE, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name: Jim Glynn
Title: Chief Financial Officer


HB QUANTITATIVE EQUITY STRATEGIES LIMITED

By: Highbridge Capital Management, LLC, as Investment Adviser

By: _____
Name: Jim Glynn
Title: Chief Financial Officer

Schedule 1

**The JPM Funds**

**Part A – JPMorgan Chase Bank, N.A.**

Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets Opportunity-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Enhanced Cash) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Extended Duration) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Fixed Income Relative Value 4% VAR) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Investment Grade) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Plus) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Mortgage Private Placement) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Subadvised Fixed Income - W) of JPMorgan Chase Bank, N.A.

**Part B – JPMorgan Mutual Funds**

JPMorgan Core Bond Fund, a series of JPMorgan Trust II
JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II
JPMorgan Diversified Fund, a series of JPMorgan Trust I
JPMorgan Emerging Markets Debt Fund, a series of JPMorgan Trust I
JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust
JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Limited Duration Bond Fund (formerly known as JPMorgan Ultra Short Duration Bond Fund), a series of JPMorgan Trust II
JPMorgan Real Return Fund, a series of JPMorgan Trust I
JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II
JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group
JPMorgan Total Return Fund, a series of JPMorgan Trust I

### Part C – J.P. Morgan Investment Management Inc.

JPMorgan Absolute Return Credit Master Fund Ltd.
JPMorgan Distressed Debt Master Fund, Ltd.
JPMorgan Fixed Income Opportunity Institutional Fund, Ltd.
JPMorgan Fixed Income Opportunity Master Fund, L.P.
JPMorgan Mortgage-Backed Securities Fund Trust
JPMorgan Funds - Emerging Markets Debt Fund
JPMorgan Funds - US Aggregate Bond Fund
JPMorgan Investment Funds - Highbridge Statistical Market Neutral Fund
JPMorgan Investment Funds - US Bond Fund
J.P. Morgan Tokyo Fund - JPM Japan GTA Fund
JPMorgan Investment Funds - Income Opportunity Fund
JPM Emerging Sovereign Open Mother Fund

### Part D – JF Asset Management Limited

JPMorgan Fund ICVC - JPM Institutional Japan Fund
JF Japan Technology Fund
JF SAR Japan Fund
JPMorgan Fleming Japanese Smaller Companies Investment Trust Plc
JPMorgan Funds - JF Japan Equity Fund
JPMorgan Funds - JF Japan Small Cap Fund

### Part E – JP Morgan Asset Management (Japan) Limited

JF - E Frontier Open Fund
JF Japan Discovery Fund
JF Japan Open
JF Japan Small Stock Open
JF Japan Tactical Investment Mother Fund
JPM Japan Active Bond Mother Fund
JF Pension Fund - Japanese Bond Portfolio
JF Pension Mother Fund - Japanese Equity Portfolio
JF Smaller Co. Equity Open
JF The Japan

### Part F – JPMorgan Asset Management (UK) Limited

JPMorgan Investment Funds - Europe Short Duration Fund
JPMorgan Funds - Global Convertibles Fund (EUR)
JPMorgan Investment Funds - Global Capital Preservation Fund (EUR)
JP Morgan Funds - Europe Aggregate Plus Bond Fund
JPMorgan Funds - Global Aggregate Bond Fund
JPMorgan Investment Funds - Global Bond Fund (EUR)
JPMorgan Investment Funds - Global Bond Fund (USD)
JPMorgan Investment Funds - Global Enhanced Bond Fund

**HighBridge Funds**

Highbridge Asia Opportunities Master Fund, L.P.
Contrarian Value, L.P.
Highbridge Convertible Arbitrage Master Fund, L.P.
Highbridge International LLC
Smithfield Fiduciary LLC
Highbridge Statistically Enhanced Equity Master Fund - Europe, L.P.
HB Quantitative Equity Strategies Limited
Cobra LLC

# **Exhibit C**

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

ALMATY
ASHGABAT
ASTANA
DUBAI
FRANKFURT
HOUSTON
ISTANBUL

LONDON
MEXICO CITY
MILAN
MUSCAT
PARIS
WASHINGTON, D.C.

ATTORNEYS AND COUNSELLORS AT LAW

101 PARK AVENUE
NEW YORK, NEW YORK 10178-0061

TELEPHONE 212-696-6000
FACSIMILE 212-697-1559
WWW.CURTIS.COM

February 24, 2012

<u>**VIA EMAIL**</u>

Herb Baer
Epiq Systems, Inc.
Bankruptcy Solutions
Email: hbaer@epiqsystems.com

        Re:    *In re Lehman Brothers Holdings Inc. et al.,*
              Case No. 08-13555(JMP):  Joint Notice and
              Request for Modification of Claims

Dear Mr. Baer:

        The JPMorgan asset management funds set forth on <u>Schedule 1</u> annexed hereto (the "Funds") recently entered into a settlement transaction (the "Settlement") with Lehman Brothers Holdings Inc. and its affiliated debtors and debtors in possession (the "Debtors").  The Settlement was approved by Order dated February 15, 2012 [Docket No. 25383].

        Pursuant to the Settlement, the Funds and the Debtors have agreed that the claims set forth on <u>Schedule 2</u> are to be disallowed and expunged in their entirety.

        The Funds and the Debtors have further agreed that the claims set forth on <u>Schedule 3</u> are modified to the amounts reflected on <u>Schedule 3</u> in the column entitled "Reduced Amount."  Any amounts in excess of the Reduced Amount are to be disallowed subject, as indicated on <u>Schedule 3</u>, to the Funds' rights to further amend the amounts.  The claims set forth on <u>Schedule 3</u> shall be classified as unsecured claims and no portion of the claims is allowed as a secured claim.  The Debtors and the Funds agree that the Debtors retain the right to further challenge the amount and validity of any claims set forth on <u>Schedule 3</u> and that the Funds reserve the right to further amend the amount of the claims listed on <u>Schedule 3</u>.

        The Debtors and the Funds have also agreed that that the claims set forth on <u>Schedule 4</u> are allowed in the amounts set forth in the column entitled "Allowed Amount."  Any amounts in excess of the Allowed Amount are to be disallowed.  The claims set forth on

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELLORS AT LAW

Page 2

Herb Baer
February 24, 2012

Schedule 4 shall be classified as unsecured claims and no portion of the claims is to be allowed as a secured claim.

The Funds and the Debtors request that you update the claims register to reflect the disallowances and expungements set forth on Schedule 2, modifications set forth on Schedule 3 and the allowances set forth on Schedule 4.

*[Signature pages to follow.]*

## Schedule 1

Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets Opportunity-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Enhanced Cash) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Extended Duration) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Fixed Income Relative Value 4% VAR) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Investment Grade) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Plus) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Mortgage Private Placement) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Subadvised Fixed Income - W) of JPMorgan Chase Bank, N.A.
JPMorgan Core Bond Fund, a series of JPMorgan Trust II
JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II
JPMorgan Diversified Fund, a series of JPMorgan Trust I
JPMorgan Emerging Markets Debt Fund, a series of JPMorgan Trust I
JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust
JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Limited Duration Bond Fund (formerly known as JPMorgan Ultra Short Duration Bond Fund), a series of JPMorgan Trust II
JPMorgan Real Return Fund, a series of JPMorgan Trust I
JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II
JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group
JPMorgan Total Return Fund, a series of JPMorgan Trust I
JPMorgan Absolute Return Credit Master Fund Ltd.
JPMorgan Distressed Debt Master Fund, Ltd.
JPMorgan Fixed Income Opportunity Institutional Fund, Ltd.
JPMorgan Fixed Income Opportunity Master Fund, L.P.
JPMorgan Mortgage-Backed Securities Fund Trust
JPMorgan Funds - Emerging Markets Debt Fund
JPMorgan Funds - US Aggregate Bond Fund
JPMorgan Investment Funds - Highbridge Statistical Market Neutral Fund
JPMorgan Investment Funds - US Bond Fund

J.P. Morgan Tokyo Fund - JPM Japan GTA Fund
JPMorgan Investment Funds - Income Opportunity Fund
JPM Emerging Sovereign Open Mother Fund
JPMorgan Fund ICVC - JPM Institutional Japan Fund
JF Japan Technology Fund
JF SAR Japan Fund
JPMorgan Fleming Japanese Smaller Companies Investment Trust Plc
JPMorgan Funds - JF Japan Equity Fund
JPMorgan Funds - JF Japan Small Cap Fund
JF E - Frontier Open Fund
JF Japan Discovery Fund
JF Japan Open
JF Japan Small Stock Open
JF Japan Tactical Investment Mother Fund
JPM Japan Active Bond Mother Fund
JF Pension Fund - Japanese Bond Portfolio
JF Pension Mother Fund - Japanese Equity Portfolio
JF Smaller Co. Equity Open
JF The Japan
JPMorgan Investment Funds - Europe Short Duration Fund
JPMorgan Funds - Global Convertibles Fund (EUR)
JPMorgan Investment Funds - Global Capital Preservation Fund (EUR)
JP Morgan Funds - Europe Aggregate Plus Bond Fund
JPMorgan Funds - Global Aggregate Bond Fund
JPMorgan Investment Funds - Global Bond Fund (EUR)
JPMorgan Investment Funds - Global Bond Fund (USD)
JPMorgan Investment Funds - Global Enhanced Bond Fund
Highbridge Asia Opportunities Master Fund, L.P.
Contrarian Value, L.P.
Highbridge Convertible Arbitrage Master Fund, L.P.
Highbridge International LLC
Smithfield Fiduciary LLC
Highbridge Statistically Enhanced Equity Master Fund - Europe, L.P.
HB Quantitative Equity Strategies Limited
Cobra LLC

**Schedule 2**
**Claims to be Disallowed and Expunged**

| Claim No. | Creditor | Debtor |
|---|---|---|
| 15371 | JF Japan Small Stock Open | Lehman Brothers Holdings Inc. |
| 15372 | JF Japan Tactical Investment Mother Fund | Lehman Brothers Holdings Inc. |
| 15373 | JF Japan Open | Lehman Brothers Holdings Inc. |
| 15374 | JF E-Frontier Open | Lehman Brothers Holdings Inc. |
| 15375 | JF Japan Discovery Fund | Lehman Brothers Holdings Inc. |
| 15376 | JPM Japan Active Bond Mother Fund | Lehman Brothers Holdings Inc. |
| 15377 | JF the Japan | Lehman Brothers Holdings Inc. |
| 15378 | JF Smaller Co. Equity Open | Lehman Brothers Holdings Inc. |
| 15379 | JF Pension Mother Fund - Japanese Equity Portfolio | Lehman Brothers Holdings Inc. |
| 15380 | JF Pension Fund - Japanese Bond Portfolio | Lehman Brothers Holdings Inc. |
| 18753 | JPMorgan Funds - Global Convertibles Fund (EUR) | Lehman Brothers Holdings Inc. |
| 18754 | JPMorgan Investment Funds - Europe Short Duration Fund | Lehman Brothers Holdings Inc. |
| 18755 | JPMorgan Investment Funds - Global Capital Preservation Fund (EUR) | Lehman Brothers Holdings Inc. |
| 18756 | JPMorgan Funds - Europe Aggregate Plus Bond Fund | Lehman Brothers Holdings Inc. |
| 22880 | JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust | Lehman Brothers Holdings Inc. |
| 22881 | JPMorgan Core Bond Fund, a series of JPMorgan Trust II | Lehman Brothers Holdings Inc. |
| 22886 | Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 22971 | JPMorgan Funds - JF Japan Equity Fund | Lehman Brothers Holdings Inc. |
| 22972 | JPMorgan Fleming Japanese Smaller Companies Investment Trust plc | Lehman Brothers Holdings Inc. |
| 22973 | JF SAR Japan Fund | Lehman Brothers Holdings Inc. |
| 22974 | JF Japan Technology Fund | Lehman Brothers Holdings Inc. |
| 22975 | JPMorgan Funds - JF Japan Small Cap Fund | Lehman Brothers Holdings Inc. |
| 22976 | JPMorgan Fund ICVC - JPM Institutional Japan Fund | Lehman Brothers Holdings Inc. |
| 22995 | JPMorgan Funds - Global Aggregate Bond Fund | Lehman Brothers Holdings Inc. |
| 22996 | JPMorgan Funds - US Aggregate Bond Fund | Lehman Brothers Holdings Inc. |
| 22997 | JPMorgan Investment Funds - Global Bond Fund (EUR) | Lehman Brothers Holdings Inc. |
| 22998 | JPMorgan Investment Funds - Global Bond Fund (USD) | Lehman Brothers Holdings Inc. |
| 22999 | JPMorgan Investment Funds - Global Enhanced Bond Fund | Lehman Brothers Holdings Inc. |

| 23002 | J.P. Morgan Tokyo Fund - JPM Japan GTA Fund | Lehman Brothers Holdings Inc. |
|---|---|---|
| 23003 | JPM Emerging Sovereign Open Mother Fund | Lehman Brothers Holdings Inc. |
| 23004 | JPMorgan Investment Funds – Income Opportunity Fund | Lehman Brothers Holdings Inc. |
| 23007 | Commingled Pension Trust Fund (Subadvised Fixed Income – W) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 23011 | JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust | Lehman Brothers Holdings Inc. |
| 23012 | JPMorgan Limited Duration Bond (formerly known as JPMorgan Ultra Short Duration Bond Fund), a series of JPMorgan Trust II | Lehman Brothers Holdings Inc. |
| 23013 | JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II | Lehman Brothers Holdings Inc. |
| 23014 | JPMorgan Mortgage-Backed Securities Fund Trust | Lehman Brothers Holdings Inc. |
| 23022 | Commingled Pension Trust Fund (Public Bond) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 23024 | Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 23026 | Commingled Pension Trust Fund (Enhanced Cash) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 23027 | Commingled Pension Trust Fund (Extended Duration) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. |
| 28629 | Cobra LLC | Lehman Brothers Holdings Inc. |
| 28634 | HB Quantitative Equity Strategies Limited | Lehman Brothers Holdings Inc. |
| 28637 | Smithfield Fiduciary LLC | Lehman Brothers Holdings Inc. |
| 59802 | JPMorgan Investment Funds - Highbridge Statistical Market Neutral Fund | Lehman Brothers Holdings Inc. |
| 66461 | Contrarian Value, L.P. | Lehman Brothers Holdings Inc. |

11244893

**Schedule 3**
**Claims to be Reclassified in Reduced Amounts**

| Claim No. | Creditor | Debtor | Reduced Amount[*] | Classification Under Plan |
|---|---|---|---|---|
| 28635 | Highbridge Convertible Arbitrage Master Fund, L.P. | Lehman Brothers Holdings Inc. | $1,678,007.12 | LBHI 9A |
| 28638 | Highbridge Statistically Enhanced Equity Master Fund – Europe, L.P. | Lehman Brothers Holdings Inc. | $319,787.00 | LBHI 9A |
| 66458 | Highbridge Asia Opportunities Master Fund, L.P. | Lehman Brothers Holdings Inc. | $23,820,450.00 | LBHI 9A |
| 66459 | Highbridge International, LLC | Lehman Brothers Holdings Inc. | $41,818,197.00 | LBHI 9A |

---

[*] The Funds reserve the right to further amend the amount of the claims listed on Schedule 3. The claims listed on Schedule 3, including any amended proofs of claim that may be filed by the Funds, are subject to further challenge by the Debtors.

## Schedule 4
## Claims to be Allowed as Unsecured

| Claim No. | Creditor | Debtor | Allowed Amount | Classification Under Plan* |
|---|---|---|---|---|
| 22857 | Commingled Pension Trust Fund (Emerging Markets Opportunity Fixed Income) | Lehman Brothers Special Financing Inc. | $2,966,487.23 | LBSF 4A |
| 22858 | Commingled Pension Trust Fund (Intermediate Bond) | Lehman Brothers Holdings Inc. | $7,081,477.97 | LBHI 9A |
| 22859 | Commingled Pension Trust Fund (Intermediate Bond) | Lehman Brothers Special Financing Inc. | $7,081,477.97 | LBSF 4A |
| 22860 | Commingled Pension Trust Fund (Intermediate Credit) | Lehman Brothers Special Financing Inc. | $585,396.43 | LBSF 4A |
| 22861 | Commingled Pension Trust Fund (Intermediate Credit) | Lehman Brothers Holdings Inc. | $585,396.43 | LBHI 9A |
| 22862 | Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. | $1,019,693.74 | LBHI 9A |
| 22863 | Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A. | Lehman Brothers Special Financing Inc. | $1,019,693.74 | LBSF 4A |
| 22864 | Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A. | Lehman Brothers Special Financing Inc. | $71,034.00 | LBSF 4A |
| 22865 | JPMorgan Fixed Income Opportunity Institutional Fund Ltd. | Lehman Brothers Holdings Inc. | $2,714,445.00 | LBHI 9A |
| 22866 | JPMorgan Fixed Income Opportunity Master Fund, L.P. | Lehman Brothers Special Financing Inc. | $5,761,805.00 | LBSF 4A |
| 22867 | JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust | Lehman Brothers Special Financing Inc. | $50,407.00 | LBSF 4A |
| 22868 | JPMorgan Real Return Fund, a series of JPMorgan Trust I | Lehman Brothers Holdings Inc. | $9,457.00 | LBHI 6B |

---

* The Funds may elect Convenience Class treatment by notifying Cindi Eilbott Giglio at Curtis, Mallet-Prevost, Colt & Mosle LLP (email – cgiglio@curtis.com) at any time prior to 12:00 noon (Eastern) on Wednesday, February 29, 2012.

| 22869 | JPMorgan Real Return Fund, a series of JPMorgan Trust I | Lehman Brothers Special Financing Inc. | $9,457.00 | LBSF 3 |
| 22870 | JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group | Lehman Brothers Special Financing Inc. | $19,428.00 | LBSF 4A |
| 22871 | JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group | Lehman Brothers Holdings Inc. | $19,428.00 | LBHI 9A |
| 22872 | Commingled Pension Trust Fund (Emerging Markets Opportunity Fixed Income) | Lehman Brothers Holdings Inc. | $2,966,487.23 | LBHI 9A |
| 22873 | JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II | Lehman Brothers Special Financing Inc. | $521,581.98 | LBSF 4A |
| 22874 | JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II | Lehman Brothers Holdings Inc. | $521,581.98 | LBHI 9A |
| 22875 | JPMorgan Diversified Fund, a series of JPMorgan Trust I | Lehman Brothers Special Financing Inc. | $58,849.00 | LBSF 4A |
| 22876 | JPMorgan Diversified Fund, a series of JPMorgan Trust I | Lehman Brothers Holdings Inc. | $58,849.00 | LBHI 9A |
| 22877 | JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust | Lehman Brothers Holdings Inc. | $50,407.00 | LBHI 9A |
| 22878 | Commingled Pension Trust Fund (Emerging Markets-Fixed Income) | Lehman Brothers Holdings Inc. | $2,219,760.39 | LBHI 3 |
| 22879 | JPMorgan Emerging Markets Debt Fund, a series of JPMorgan Trust I | Lehman Brothers Holdings Inc. | $5,049,703.79 | LBHI 3 |
| 22882 | JPMorgan Absolute Return Credit Master Fund Ltd. | Lehman Brothers Special Financing Inc. | $4,433,104.00 | LBSF 4A |
| 22883 | JPMorgan Distressed Debt Master Fund, Ltd. | Lehman Brothers Special Financing Inc. | $393,577.00 | LBSF 4A |
| 22884 | JPMorgan Distressed Debt Master Fund, Ltd. | Lehman Brothers Holdings Inc. | $393,577.00 | LBHI 9A |
| 22885 | JPMorgan Fixed Income Opportunity Institutional Fund Ltd. | Lehman Brothers Special Financing Inc. | $2,714,445.00 | LBSF 4A |
| 22887 | JPMorgan Absolute Return Credit Master Fund Ltd. | Lehman Brothers Holdings Inc. | $4,433,104.00 | LBHI 9A |

11244893

| 22888 | JPMorgan Total Return Fund, a series of JPMorgan Trust I | Lehman Brothers Special Financing Inc. | $158,947.00 | LBSF 4A |
|---|---|---|---|---|
| 22889 | JPMorgan Total Return Fund, a series of JPMorgan Trust I | Lehman Brothers Holdings Inc. | $158,947.00 | LBHI 9A |
| 23005 | JPMorgan Investment Funds – Income Opportunity Fund | Lehman Brothers Commercial Corporation | $18,922.00 | LBCC 3 |
| 23008 | JPMorgan Funds - Emerging Markets Debt Fund | Lehman Brothers Holdings Inc. | $128,063.10 | LBHI 3 |
| 23009 | JPMorgan Fixed Income Opportunity Master Fund, L.P. | Lehman Brothers Holdings Inc. | $5,761,805.00 | LBHI 9A |
| 23015 | Commingled Pension Trust Fund (Corporate High Yield ) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. | $381,065.00 | LBHI 9A |
| 23016 | Commingled Pension Trust Fund (Corporate High Yield ) of JPMorgan Chase Bank, N.A. | Lehman Brothers Special Financing Inc. | $381,065.00 | LBSF 4A |
| 23017 | Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A. | Lehman Brothers Holdings Inc. | $71,034.00 | LBHI 9A |
| 23018 | Commingled Pension Trust Fund (Long Duration Investment Grade) | Lehman Brothers Special Financing Inc. | $280,257.00 | LBSF 4A |
| 23019 | Commingled Pension Trust Fund (Long Duration Investment Grade) | Lehman Brothers Holdings Inc. | $280,257.00 | LBHI 9A |
| 23020 | Commingled Pension Trust Fund (Long Duration Plus) | Lehman Brothers Special Financing Inc. | $168,154.20 | LBSF 4A |
| 23021 | Commingled Pension Trust Fund (Long Duration Plus) | Lehman Brothers Holdings Inc. | $168,154.20 | LBHI 9A |
| 59801 | JPM Emerging Sovereign Open Mother Fund | Lehman Brothers Holdings Inc. | $5,114,827.39 | LBHI 5 |

11244893

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN BROTHERS SPECIAL FINANCING
INC.

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


LEHMAN BROTHERS COMMERCIAL
CORPORATION

By: _____
Name: John Suckow
Title: President and Chief Operating Officer


*[The remainder of page is intentionally left blank.]*


[Signature Page to Joint Instruction Letter]

JPMORGAN CHASE BANK, N.A.

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I


JPMORGAN MUTUAL FUNDS

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I


J.P. MORGAN INVESTMENT MANAGEMENT INC.

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I


JF ASSET MANAGEMENT LIMITED

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I

JPMORGAN CHASE BANK, N.A.

_____
Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the
attached Schedule I

JPMORGAN MUTUAL FUNDS

_____
Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I

J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____
Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C
of the attached Schedule I

JF ASSET MANAGEMENT LIMITED

_____
Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D
of the attached Schedule I

JPMORGAN CHASE BANK. N.A.

_____

Patricia A. Maleski
Managing Director, JPMorgan Chase Bank, N.A.
In its capacity as Trustee for each of the Commingled Pension Trust Funds listed in Part A of the attached Schedule I

JPMORGAN MUTUAL FUNDS

_____

Patricia A. Maleski
President
On behalf of each of the JPMorgan Mutual Funds listed in Part B of the attached Schedule I

J.P. MORGAN INVESTMENT MANAGEMENT INC.

_____

Mickey Kim
Executive Director, J.P. Morgan Investment Management Inc.
In its capacity as investment manager and agent for each of the investment funds listed in Part C of the attached Schedule I

JF ASSET MANAGEMENT LIMITED

_____

Roger Hepper
Managing Director & Chief Operating Officer, JF Asset Management Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part D of the attached Schedule I

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I


JPMORGAN ASSET MANAGEMENT (UK) LIMITED

_____

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I


*[Remainder of page intentionally left blank]*

JPMORGAN ASSET MANAGEMENT (JAPAN) LIMITED

_____

David Tse
Client Business Chief Operating Officer, JPMorgan Asset Management (Japan) Limited
In its capacity as investment manager for each of the investment funds listed in Part E of the
attached Schedule I

JPMORGAN ASSET MANAGEMENT (UK) LIMITED

_____

Roger Thompson
Managing Director, JPMorgan Asset Management (UK) Limited
In its capacity as investment manager and agent for each of the investment funds listed in Part F
of the attached Schedule I

*[Remainder of page intentionally left blank]*

HIGHBRIDGE ASIA OPPORTUNITIES MASTER FUND, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:          Jim Glynn
Title:          Chief Financial Officer

COBRA LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:          Jim Glynn
Title:          Chief Financial officer

CONTRARIAN VALUE, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:          Jim Glynn
Title:          Chief Financial Officer

HIGHBRIDGE CONVERTIBLE ARBITRAGE MASTER FUND, L.P.

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:          Jim Glynn
Title:          Chief Financial officer

HIGHBRIDGE INTERNATIONAL LLC

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:          Jim Glynn
Title:          Chief Financial officer

**SMITHFIELD FIDUCIARY LLC**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:                    Jim Glynn
Title:                    Chief Financial Officer

**HIGHBRIDGE STATISTICALLY ENHANCED EQUITY MASTER FUND - EUROPE, L.P.**

By: Highbridge Capital Management, LLC, as Trading Manager

By: _____
Name:                    Jim Glynn
Title:                    Chief Financial Officer

**HB QUANTITATIVE EQUITY STRATEGIES LIMITED**

By: Highbridge Capital Management, LLC, as Investment Adviser

By: _____
Name:                    Jim Glynn
Title:                    Chief Financial Officer

**Schedule 1**

## The JPM Funds

### Part A – JPMorgan Chase Bank, N.A.

Commingled Pension Trust Fund (Core Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Corporate High Yield) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets-Fixed Income) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Emerging Markets Opportunity-Fixed Income) of JPMorgan Chase
Bank, N.A.
Commingled Pension Trust Fund (Enhanced Cash) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Extended Duration) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Fixed Income Relative Value 4% VAR) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Intermediate Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Credit) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Investment Grade) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Long Duration Plus) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Market Plus Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Mortgage Private Placement) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Public Bond) of JPMorgan Chase Bank, N.A.
Commingled Pension Trust Fund (Subadvised Fixed Income - W) of JPMorgan Chase Bank, N.A.

### Part B – JPMorgan Mutual Funds

JPMorgan Core Bond Fund, a series of JPMorgan Trust II
JPMorgan Core Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Core Plus Bond Fund, a series of JPMorgan Trust II
JPMorgan Diversified Fund, a series of JPMorgan Trust I
JPMorgan Emerging Markets Debt Fund, a series of JPMorgan Trust I
JPMorgan Insurance Trust Core Bond Portfolio, a series of JPMorgan Insurance Trust
JPMorgan Intermediate Bond Trust, a series of JPMorgan Institutional Trust
JPMorgan Limited Duration Bond Fund (formerly known as JPMorgan Ultra Short Duration Bond Fund), a
    series of JPMorgan Trust II
JPMorgan Real Return Fund, a series of JPMorgan Trust I
JPMorgan Short Duration Bond Fund, a series of JPMorgan Trust II
JPMorgan Short Term Bond Fund II, a series of J.P. Morgan Mutual Fund Group
JPMorgan Total Return Fund, a series of JPMorgan Trust I

### Part C – J.P. Morgan Investment Management Inc.

JPMorgan Absolute Return Credit Master Fund Ltd.
JPMorgan Distressed Debt Master Fund, Ltd.
JPMorgan Fixed Income Opportunity Institutional Fund, Ltd.
JPMorgan Fixed Income Opportunity Master Fund, L.P.
JPMorgan Mortgage-Backed Securities Fund Trust
JPMorgan Funds - Emerging Markets Debt Fund
JPMorgan Funds - US Aggregate Bond Fund
JPMorgan Investment Funds - Highbridge Statistical Market Neutral Fund
JPMorgan Investment Funds - US Bond Fund
J.P. Morgan Tokyo Fund - JPM Japan GTA Fund
JPMorgan Investment Funds - Income Opportunity Fund
JPM Emerging Sovereign Open Mother Fund

### Part D – JF Asset Management Limited

JPMorgan Fund ICVC - JPM Institutional Japan Fund
JF Japan Technology Fund
JF SAR Japan Fund
JPMorgan Fleming Japanese Smaller Companies Investment Trust Plc
JPMorgan Funds - JF Japan Equity Fund
JPMorgan Funds - JF Japan Small Cap Fund

### Part E – JP Morgan Asset Management (Japan) Limited

JF - E Frontier Open Fund
JF Japan Discovery Fund
JF Japan Open
JF Japan Small Stock Open
JF Japan Tactical Investment Mother Fund
JPM Japan Active Bond Mother Fund
JF Pension Fund - Japanese Bond Portfolio
JF Pension Mother Fund - Japanese Equity Portfolio
JF Smaller Co. Equity Open
JF The Japan

### Part F – JPMorgan Asset Management (UK) Limited

JPMorgan Investment Funds - Europe Short Duration Fund
JPMorgan Funds - Global Convertibles Fund (EUR)
JPMorgan Investment Funds - Global Capital Preservation Fund (EUR)
JP Morgan Funds - Europe Aggregate Plus Bond Fund
JPMorgan Funds - Global Aggregate Bond Fund
JPMorgan Investment Funds - Global Bond Fund (EUR)
JPMorgan Investment Funds - Global Bond Fund (USD)
JPMorgan Investment Funds - Global Enhanced Bond Fund