UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
: 
In re                                                                          :    Chapter 11 Case No.
                                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                                   :
                         Debtors.                                    :    (Jointly Administered)
                                                                                   :
                                                                                   :
-------------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 9019 FOR APPROVAL OF A SETTLEMENT AGREEMENT WITH LEHMAN RE LTD AND CERTAIN OTHER PARTIES

Upon the motion, dated February 28, 2012 (the "Motion"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above referenced chapter 11 cases (collectively, the "Debtors"), pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rule 9019, for authorization to enter into a settlement agreement with Lehman Re Ltd., Pulsar Re, Ltd., and Congress Life Insurance Company, as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures (ECF No. 9635); and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all

---

[1]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

08-13555-mg    Doc 27085    Filed 03/22/12    Entered 03/22/12 12:07:05    Main Document
Pg 2 of 4

such parties; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors and their creditors and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that, the Court having determined and found that the proposed compromise and settlement set forth in the Settlement Agreement is reasonable and appropriate, and consummation of the transactions contemplated by the Agreement is in the best interests of the Debtors and their creditors, the Motion is GRANTED; and it is further

ORDERED that any objections to the Motion that have not otherwise been withdrawn or resolved are overruled; and it is further

ORDERED that pursuant to Bankruptcy Rule 9019, the compromise and settlement described in the Motion and contemplated by and provided for in the Settlement Agreement is approved; and it is further

ORDERED that pursuant to section 502 of the Bankruptcy Code, on the Effective Date, without necessity of any further filings or amendments, Lehman Re's claim against LCPI, Claim No. 28305 shall (i) be allowed as an unsecured, non-priority affiliate claim against LCPI in the fixed, liquidated amount of $490,000,000.00, (ii) be classified under the Plan in LCPI Class 5C, and (iii) not be subject to reconsideration, objection, reduction, increase, counterclaim, subordination, offset or recoupment; and it is further

2

ORDERED, that pursuant to section 502 of the Bankruptcy Code, on the Effective Date, without necessity of any further filings or amendments, Lehman Re's claim against LBSF, Claim No. 28306, shall (i) be allowed as an unsecured, non-priority affiliate claim against LBSF in the fixed, liquidated amount of $25,430,000, (ii) be classified under the Plan in LBSF Class 5C, and (iii) not be subject to reconsideration, objection, reduction, increase, counterclaim, subordination, offset or recoupment; and it is further

ORDERED, that pursuant to section 502 of the Bankruptcy Code, on the Effective Date, without necessity of any further filings or amendments, Lehman Re's claim against LBCC, Claim No. 28308, shall (i) be allowed as an unsecured, non-priority affiliate claim against LBCC in the fixed, liquidated amount of $87,621,000, (ii) be classified under the Plan in LBCC Class 5C, and (iii) not be subject to reconsideration, objection, reduction, increase, counterclaim, subordination, offset or recoupment; and it is further

ORDERED, that pursuant to section 502 of the Bankruptcy Code, on the Effective Date, without necessity of any further filings or amendments, Lehman Re's claim against LBHI, Claim No. 28307, shall (i) be allowed as an unsecured, non-priority affiliate claim against LBHI in the fixed, liquidated amount of $415,000,000, (ii) be classified under the Plan in LBHI Class 8, and (iii) not be subject to reconsideration, objection, reduction, increase, counterclaim, subordination, offset or recoupment; and it is further

ORDERED, that pursuant to section 365 of the Bankruptcy Code, all contracts between the Lehman US Parties on the one hand, and Lehman Re and/or Congress Life on the other, other than the MRA Settlement Agreement and all assignment and assumption agreements, allonges, and other transfer documentation executed thereunder, shall be rejected in accordance with the Plan, and/or terminated and of no force and effect, and any claims arising

3

from the rejection of such contracts are deemed to be satisfied in full in accordance with the Settlement Agreement; and it is further

ORDERED that pursuant to sections 105 and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, the Settlement Agreement is approved and the Debtors are duly to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that the requirements of Bankruptcy Rule 6004(h) are waived and the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated: New York, New York
       March 22, 2012

                                                *s/ James M. Peck*
                                                HONORABLE JAMES M. PECK
                                                UNITED STATES BANKRUPTCY JUDGE