**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re:                                              Chapter 11

**LEHMAN BROTHERS HOLDINGS, INC.,** *et al.*,        Case No. 08-13555 (JMP)

              Debtors.                        (Jointly Administered)

---------------------------------------------------------------x

**NOTICE REGARDING TRANSFER OF CLAIM NO. 55854**
**PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3001(e)(2)**

To:    Bank Hapoalim B.M.
        1177 Avenue of the Americas
        New York, NY 10036
        Attention: David Hertz and Harold J. Weissler

Your right, title, and interest in and to the allowed general unsecured claim evidenced by proof of claim no. **55854**, date-stamped **October 29, 2009**, against Lehman Brothers Holdings Inc., a debtor in the above-captioned case (the first page of which proof of claim is attached hereto as Exhibit A), has been transferred, pursuant to the terms of the Agreement and Evidence of Partial Transfer of Claim attached hereto as Exhibit B, solely to the extent of **$1,590,000.00** thereof, to RBS Securities Inc. ("Transferee"), its successors and assigns, with offices located at:

        RBS Securities Inc.
        600 Washington Blvd.
        Stamford, CT 06901
        Attention: Matthew Rosencrans
        Telephone: (203) 897-2644
        Facsimile: (201) 215-9316
        E-mail: loanops@rbs.com / matthew.rosencrans@rbs.com

No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 20 DAYS OF THE DATE OF THIS NOTICE YOU MUST FILE A WRITTEN OBJECTION WITH:**

        United States Bankruptcy Court
        Southern District of New York
        One Bowling Green
        New York, New York 10004-1408

dc-672777

SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.
Refer to Internal Control No. _____ in your objection.
IF YOU FILE AN OBJECTION, A HEARING WILL BE SCHEDULED.
IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED ON OUR RECORDS AS THE CLAIMANT.

_____Clerk of the Court_____

FOR CLERK'S OFFICE USE ONLY:
This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2012.

INTERNAL CONTROL NO._____
Copy to Transferee:         _____
Claims Agent Noticed: _____

_____
Deputy Clerk

dc-672777

# **EXHIBIT A**

**Proof of Claim No. 55854**

dc-672777

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 || **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000055854 |
| Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009 || |

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>Bank Hapoalim B.M.<br>1177 Avenue of the Americas<br>New York, NY 10036<br>Attention: David Hertz & Harold J. Weissler<br>With copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas,<br>New York, NY 10019-6064, Attention: Douglas R. Davis<br>Telephone number: (212) 373-3000    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above)<br><br><br>Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $ __Please See Attachment__ (Required)**

☒    Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN): __Please See Attachment__ (Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

__Please See Attachment__                         **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
__Please See Attachment__                         **(Required)**

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. || FOR COURT USE ONLY<br>**FILED / RECEIVED**<br><br>OCT 2 9 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|
| Date. | Signature: David N. Hertz<br>General Counsel – USA<br>*[signature]*    Harold J. Weissler<br>Deputy General Counsel - USA<br>*[signature]* | |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

# EXHIBIT B

## Agreement and Evidence of Partial Transfer of Claim

dc-672777

[Hapoalim as Seller]

## AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT   RBS SECURITIES INC.

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, Bank Hapoalim B.M. ("Seller"), acting on behalf of one or more of its customers (the "Customer"), hereby unconditionally and irrevocably sells, transfers and assigns to ~~Royal Bank of Scotland PLC~~ (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 55854 filed by Seller (acting for itself and on behalf of its customers (including Customer)) (the "Proof of Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller and/or its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and/or Customer's right, title and interest in, to and under the transfer agreements, if any, under which Seller, Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller's Customer is the beneficial owner of the Purchased Securities relating to the Purchased Claim and specified in Schedule 1 attached hereto; (d) Seller and its Customer collectively own and have good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or its Customer or against Seller or its Customer; (e) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Partial Transfer of Claim, including on behalf of Customer; (f) without limiting the generality of the foregoing, Seller has full power and authority to convey to Purchaser Customer's right, title and interest in the Transferred Claims and Purchased Securities; (f) the Purchased Claim is a valid and enforceable claim against the Debtor; (g) no payment or other distribution has been received by or on behalf of Seller or Customer in respect of the Transferred Claims; (h) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (i) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of guarantee claims against the Debtor in respect of Lehman Program Securities of the same type as the Purchased Securities.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of

Doc#: US1:5895542v1                                                    1

[Hapoalim as Seller]

Bankruptcy Procedure 3001(e) in the form attached as Exhibit A hereto, including this Agreement and Evidence of Partial Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Partial Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days after Seller's receipt thereof) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both Purchaser and Seller), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Partial Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Partial Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM is executed this ___ day of _____, 2011.

Seller:

BANK HAPOALIM B.M.

By: _____
Name: Ron Rushi
Title: EVP, Manager of PB USA

By: _____
Name: 
Title: 

Address:

18851 NE 29th Ave
Aventura, FL 33180
USA

Purchaser:

RBS SECURITIES, INC.

By: _____
Name: Jon Weiss
Title: Authorized Signatory

Address: 600 WASHINGTON BLVD.
STAMFORD, CT 06901

Doc#: US1:5895542v1                          2

Schedule 1

## Transferred Claims

**Purchased Claim**

$1,590,000 of $107,993,120 (the outstanding amount of the Proof of Claim as of October 29, 2009).

**Lehman Programs Securities to which Transfer Relates**

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|
| 3P07115 LEHM INDEX BKT 10/4/10 | XS0319211982 | Lehman Brothers | Lehman Brothers Holdings Inc | -90,000.00 | N/A | 10/4/2010 |
| 3P07115 LEHM INDEX BKT 10/4/10 | XS0319211982 | Lehman Brothers | Lehman Brothers Holdings Inc | -80,000.00 | N/A | 10/4/2010 |
| 3P07179 LEHM INDEX BKT 1/10/12 | XS0334918322 | Lehman Brothers | Lehman Brothers Holdings Inc | -50,000.00 | N/A | 1/10/2012 |
| 3P07179 LEHM INDEX BKT 1/10/12 | XS0334918322 | Lehman Brothers | Lehman Brothers Holdings Inc | -100,000.00 | N/A | 1/10/2012 |
| 3P07179 LEHM INDEX BKT 1/10/12 | XS0334918322 | Lehman Brothers | Lehman Brothers Holdings Inc | -50,000.00 | N/A | 1/10/2012 |
| 3P0810 LEHM CMDTY 2/15/11 | XS0339538448 | Lehman Brothers | Lehman Brothers Holdings Inc | -50,000.00 | N/A | 2/15/2011 |
| 3P0810 LEHM CMDTY 2/15/11 | XS0339538448 | Lehman Brothers | Lehman Brothers Holdings Inc | -70,000.00 | N/A | 2/15/2011 |
| 3P0847 LEHM 4 BKT IDX 3/18/10 | XS0346859084 | Lehman Brothers | Lehman Brothers Holdings Inc | -100,000.00 | N/A | 3/18/2010 |
| 3P08152TX LEHM C EQ LK 5/27/09 | XS0364868058 | Lehman Brothers | Lehman Brothers Holdings Inc | -1,000,000.00 | N/A | 5/27/2009 |
| | | | Total - | -1,590,000.00 | | |