**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                                   :    **Chapter 11 Case No.**
                                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                                         :
                                    Debtors.              :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED SIXTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the two hundred sixty-sixth omnibus objection to claims, dated February 6, 2012 (the "Two Hundred Sixty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and LBHI's and Lehman Brothers Special Financing Inc.'s ("LBSF") books and records, as more fully described in the Two Hundred Sixty-Sixth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Sixth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Sixty-Sixth Omnibus Objection to Claims.

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to the Two Hundred Sixty-Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Sixty-Sixth Omnibus Objection to Claims is in the best interests of LBHI and LBSF, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Sixty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Sixty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u> annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under the column heading "Modified Amount" and any asserted amount in excess of the modified amount are disallowed; and it is further

ORDERED that the Plan Administrator has adjourned to April 26, 2012, at 10:00 a.m. (Prevailing Eastern Time)(or as may be further adjourned by the Plan Administrator), the Two Hundred Sixty-Sixth Omnibus Objection as to each Valued Derivative Claim listed on <u>Exhibit 2</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Two Hundred Sixty-Sixth Omnibus Objection to Claims that does not appear on Exhibit 1 or Exhibit 2 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       March 22, 2012                           *s/ James M. Peck*
                                                Honorable James M. Peck
                                                United States Bankruptcy Judge