UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  : 08-13555 (JMP)
                                                     :
                             Debtors.                : (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' OBJECTION TO THE CLAIM OF
### AMERICAN INVESTORS LIFE INSURANCE CO., INC. (CLAIM 65963)

Upon the objection to claim no. 65963 of American Investors Life Insurance Co., Inc., dated January 6, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the Duplicative No Liability Claim on the grounds that (i) it is substantially duplicative of the OMX Claim, (ii) the Debtors have no liability for the Duplicative No Liability Claim, and (iii) American Investors has not established that the conditions precedent for it to seek recovery on the Notes in its individual capacity have been satisfied, all as more fully described in the Objection; and due and proper notice of the Objection having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Objection; and (vii) all other parties entitled to notice in accordance with the procedures

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Duplicative No Liability Claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Claim to be Disallowed and Expunged*" is disallowed and expunged with prejudice to the extent set forth in <u>Exhibit 1</u>; and it is further

ORDERED that the OMX Claim listed on <u>Exhibit 1</u> annexed hereto under the heading "*Surviving Claim*" will remain on the claims register subject to the Debtors' rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the Duplicative No Liability Claim constitutes any admission or finding with respect to the OMX Claim, and the Debtors' rights to object to the OMX Claim on any basis are preserved, except as agreed to by the Debtors in the Stipulation; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any portion of the Duplicative No Liability Claim that is

not subject to the Objection and (ii) except as set forth in the Stipulation, the OMX Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
March 23, 2012

                                                     *s/ James M. Peck*
                                               UNITED STATES BANKRUPTCY JUDGE