**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., et al.,                     :    08-13555 (JMP)
                                                           :
             Debtors.                                      :    (Jointly Administered)
-----------------------------------------------------------x
                                                           :
In re                                                      :    Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS INC.,                                      :    08-01420 (JMP) (SIPA)
                                                           :
             Debtor.                                       :
-----------------------------------------------------------x
```

**STIPULATION AND AGREED ORDER CONFIRMING DETERMINATION
OF SECURITIES COLLATERAL UNDER COLLATERAL DISPOSITION
AGREEMENT BENEFICIALLY OWNED BY LEHMAN BROTHERS INC.**

Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors as debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases, and James W. Giddens, Trustee for the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), by and through their respective attorneys, hereby agree to this stipulation (the "Stipulation") as follows:

**RECITALS**

A.  On September 15, 2008, and periodically thereafter, LBHI and the Debtors commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors are authorized to continue to operate their business and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B. On September 19, 2008, a proceeding was commenced in the District Court for the Southern District of New York under the Securities Investor Protection Act of 1970, as amended ("SIPA"), with respect to LBI and the SIPA Trustee was to administer LBI's estate (such proceeding, the "SIPA Proceeding"). The SIPA Proceeding was removed pursuant to SIPA § 78eee(b)(4) and is currently pending in the Bankruptcy Court.

C. On March 16, 2010, the Debtors and JPMorgan Chase Bank, N.A. ("JPMCB") and certain of its affiliates and subsidiaries (collectively, "JPMorgan") entered into the Collateral Disposition Agreement ("CDA") which was approved by this Court on March 24, 2010 (the "CDA Order") [Docket No. 7785].[1]

D. On December 6, 2011, the Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") [Docket No. 23023].

E. Pursuant to the CDA, JPMorgan transferred to LBHI certain securities that it held as collateral in exchange for the provisional allowance of its claims. JPMorgan was also authorized to provisionally apply certain cash collateral it held against its claims against LBHI. The list of collateral that JPMorgan transferred to LBHI is listed on **Annex B**, as amended, of the CDA (the "Securities Collateral").[2]

F. The Debtors and the SIPA Trustee have a mutual interest in confirming their understanding regarding the beneficial ownership of Securities Collateral listed on **Annex B** of the CDA, as amended. Confirmation of the ownership of such Securities Collateral will facilitate

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the CDA.
[2] As explained in the *Debtors Motion Pursuant to Section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 for Approval of Collateral Disposition Agreement with JPMorgan Chase Bank, N.A., et al.* [Docket No. 7269], Annex B of the CDA was redacted to protect the commercially sensitive nature of information regarding such assets, disclosure of which could significantly impair the ability to maximize the value of such assets in the open market. Thus, the Schedules attached hereto, which identify the assets previously listed on Annex B, as amended, that are beneficially owned by LBI, have also been redacted. The information on the Schedules attached hereto will be provided to the Creditors' Committee and the Court.

2

the SIPA Trustee's and LBHI's calculation of any deficiency claim with respect to LBHI's Subrogated Claims against LBI, which is the difference between such Subrogated Claims and the amount of LBI's Collateral applied by LBHI to such claims.  Furthermore, confirmation of the Securities Collateral beneficially owned by LBI will facilitate LBHI's transfer of collateral owned by other Debtors for distribution to such Debtors' creditors under the Chapter 11 Plan.

   G. Thus, the Debtors and the SIPA Trustee have engaged in extensive discussions and investigation concerning the beneficial ownership of the Securities Collateral.

   H. LBHI has represented to LBI that the items of Securities Collateral listed on **Schedule A** attached hereto were never transferred to LBHI by JPMCB as such securities were listed in **Annex B** to the CDA with "no position" or held elsewhere.

## AGREEMENT

   **NOW THEREFORE**, the Debtors and the SIPA Trustee (the "Parties"), by and through their respective attorneys, hereby agree as follows:

   1. Based upon the extensive research, discussions and investigation between the Parties, the Parties confirm that any of the Securities Collateral listed on **Schedule A** attached hereto if transferred to LBHI will be considered beneficially owned by LBI and considered to constitute collateral for the Subrogated Claims against LBI.

   2. Based upon the extensive research, discussions and investigation between the Parties, the Parties confirm that the Securities Collateral listed on **Schedule B** attached hereto is beneficially owned by LBI and constitutes collateral for the Subrogated Claims against LBI.

   3. The Parties agree to waive the right to contest the determination of the beneficial ownership listed on **Schedules A** and **B** attached hereto and LBI waives the right to

assert beneficial ownership of any other Securities Collateral on **Annex B** to the CDA (together, the "Securities Collateral Ownership Determination").

4. Except for the waiver of the right to contest the Securities Collateral Ownership Determination, nothing herein is intended, and this Stipulation shall not be construed, to impair any right, remedy or obligation of the SIPA Trustee or the Debtors, including the rights and remedies of the SIPA Trustee against the Debtors and the rights and remedies of the Debtors against the SIPA Trustee; and such rights and remedies shall not be prejudiced or otherwise impaired in any way by this Stipulation.

5. The terms and conditions of this Stipulation shall become effective only upon entry of this Order, and this Order becoming a final order, not subject to appeal, rehearing, or other consideration.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Debtors or LBI.

7. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

8. No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

9. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10. This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

[*Remainder of page left intentionally blank.*]

11. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: March 8, 2012
       New York, New York

| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| By: */s/ L. P. Harrison 3rd*<br>   Joseph D. Pizzurro<br>   L. P. Harrison 3rd<br>   Dienna Ching<br>101 Park Avenue<br>New York, New York 10178-0061<br>Telephone:  (212) 696-6000<br>Facsimile:  (212) 697-1559<br><br>*Counsel for Debtors and Debtors-in-Possession* | By: */s/ Jeffrey M. Greilsheimer*<br>   James B. Kobak, Jr.<br>   Jeffrey M. Greilsheimer<br>One Battery Park Plaza<br>New York, New York 10004<br>Telephone:  (212) 837-6000<br>Facsimile:  (212) 422-4726<br><br>-and-<br><br>Kenneth E. Lee<br>**LEVINE LEE LLP**<br>570 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 223-4400<br>Facsimile:  (212) 223-4425<br>E-mail: klee@levinelee.com<br><br>*Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* |

**SO ORDERED:**

Dated: New York, New York
       March 23, 2012

                                    *s/ James M. Peck*
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

## SCHEDULE A

**[REDACTED]**

## **SCHEDULE B**

**[REDACTED]**