

To The Honorable Judge Peck;
Weil Gotshal & Manges;
Hughes, Hubbard & Reed
March 16, 2012

<u>Re</u>: Claim number 7082

I am writing to you to request that my claim be re-classified as a claim against Lehman Brothers Inc.,
which, according to the 117th Omnibus Objection to Claims, I now understand may be the proper entity
against which I should have originally asserted my claim.  I timely and properly submitted the original
claim to Lehman Brothers Holdings Inc. for my severance payment in the amount of $140,658.90. Here
are the specific details:

1)  I submitted my original claim for my Lehman Brothers severance via certified mail on August 3,
    2009, well within the claims deadline. While I received several forms directly from the debtors, I
    used the one and only claim form sent to me which was clearly pre-populated with my
    severance amount and therefore believed this form to be the correct one. I attach the original
    submission as <u>Attachment A</u>.

2)  I then received a notice from the bankruptcy court on or around March 25, 2011 indicating that
    my claim, claim #7082, for previously agreed upon severance payments would be disallowed
    and expunged because I submitted the claim against LBHI which the debtors now apparently are
    trying to claim was not the proper entity for payment of my severance claim. I attach that notice
    in <u>Attachment B.</u>

3)  Thereafter, I submitted a response to the objection at that time in or about April 2011,
    requesting that my claim not be disallowed and not be expunged. I requested that, to the extent
    necessary, my claim, which was timely filed, be reclassified against the proper entity, whether it
    be Lehman Brothers Inc. or some other affiliate of Lehman.  I attach my letter to the court and
    other entities in <u>Attachment C</u>.

4)  Fully understanding that there are thousands of claims to be investigated, I continue to wait for
    further instruction from the Court and/or from representing lawyers on whether my claim can
    be reclassified to the proper entity – Lehman Brothers Incorporated. Since the hearing date has
    been postponed, I felt it appropriate to send a letter now to include sending the file to Hughes,
    Hubbard & Reed who I now understand is representing Lehman Brothers, Inc.

As my letter in Attachment C indicates, I received several claim forms after the bankruptcy was filed and
was <u>genuinely confused</u> on which one to fill out. I relied upon and completed the only claim form that
already had my name and severance amount pre-populated on the form, figuring this was correct.  And
then I mailed the executed claim form to the entity at the top of the form – Lehman Brothers Holdings
Inc. Based on the information I was provided, there was no reasonable basis to believe that Lehman
Brothers Holdings Inc. was or could be the wrong entity to which I should send the claim. I suspect that
there are many other former employee claimants who transacted similarly, suggesting that the high
level of scrutiny on "Inc." vs. "Holdings", vs. any other LB entity is not something your regular employee
considers.  Quite frankly, it is no secret that we (meaning all of the employees) thought that we were

employees of "Lehman Brothers", and the particular entity which was obligated to make the agreed upon severance payment was never disclosed or discussed. I had no knowledge that LBHI was not the proper entity, especially under the circumstances including my receipt of the pre-populated claim form with both the severance amount and my name thereon. Why would they send it to me if it was not accurate? Had I been provided with the proper claim form with the proper entity (to the extent LBHI is deemed to not be the proper entity by this Court), this would be a moot issue.

Again, I would respectfully request that my claim, Claim No. 7082, be reclassified, as necessary, against the proper Lehman entity. Any other result would be inequitable.

Many thanks,

Andrea Tolchinsky
119 Chestnut Hill Road
Wilton, CT 06897

Claim number: 7082
Classification and amount: General Unsecured Claim; $140,658.90

**COPIES OF THIS LETTER ALSO SENT TO:**
1) Honorable James M. Peck, One Bowling Green, NY, NY 1004; Courtroom 601
2) Attorneys for Lehman Brothers Holdings, Weil Gotshal & Manges, LLP, 767 Fifth Avenue NY, NY 10153 (Attn: Shai Wiseman, Esq. and Mark Bernstein, Esq.)
3) Office of the US Trustee for Region 2, 33 Whitehall Street, 21st Floor, NY, NY 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.)
4) Attorneys for the Official Committee of Unsecured Creditors, Millbank, Tweed & McCloy LLP, 1 Chase Manhattan Plaza, NY, NY 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Flock, Esq.)
5) Attorneys for Lehman Brothers Incorporated, Hughes Hubbard & Reed, LLP; One Battery Park Plaza, NY, NY 10004 (Attn: James Kobak, Esq.)

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

## PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555339800

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000007082

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. This form should not be used to make a claim for Lehman Program Securities (See definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555339800*****
TOLCHINSKY,ANDREA
119 CHESTNUT HILL ROAD
WILTON, CT 06897

Telephone number: 203 563 9921    Email Address: agtolchinsky@gmail.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)
Filed on: _____

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

$140,658.90 UNSECURED UNLIQUIDATED CONTINGENT

DESCRIPTION:
OUTSTANDING SEVERANCE

Name and address where payment should be sent (if different from above):
(same as above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **$140,658.90**
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: **See above**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **3732**
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
AUG 03 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 7/26/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

To: Lehman Brothers Holdings Inc. 08-13555
Creditor: Andrea Tolchinsky.


I am claiming  $140,658.90 for unpaid
and outstanding severance as noted in
the proof of claim form that was generated.
and sent to me.

Thank you.

Attachment A-3



Lehman Brothers Holdings
Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station    P.O. Box 5076
New York, NY
10150-5076

CERTIFIED MAIL

7009 0960 0000 2852 3867

WESTPORT, CT 06880
JUL 30 2009
USPS

Ms. Andrea Tolchinsky
7 Chestnut Hill Rd.
Wilton, CT 06897

*Attachment B-1*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------x
In re                                           :        **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                :
                              **Debtors.**      :        **(Jointly Administered)**
                                                :
------------------------------------------------------x

LBH OMNI117 03-25-2011 (MERGE2,TXNUMZ) 4000053927 BAR(23) MAIL ID *** 000043626386 *** BSHUSE: 119

TOLCHINSKY, ANDREA
119 CHESTNUT HILL ROAD
WILTON, CT 06897

**THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**IF YOU HAVE ANY QUESTIONS ABOUT THIS NOTICE OR THE OBJECTION,
PLEASE CONTACT DEBTORS' COUNSEL, ERIKA DEL NIDO, ESQ., AT 212-310-8323.**

**NOTICE OF HEARING ON DEBTORS' ONE HUNDRED SEVENTEENTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY NON-DEBTOR EMPLOYEE CLAIMS)**

| CLAIM TO BE DISALLOWED & EXPUNGED | |
|---|---|
| **Creditor Name and Address:**<br>TOLCHINSKY, ANDREA<br>119 CHESTNUT HILL ROAD<br>WILTON, CT 06897 | **Claim Number:**      7082 |
| | **Date Filed:**      8/3/2009 |
| | **Debtor:**      08-13555 |
| | **Classification and Amount:**      **UNSECURED: $ 140,658.90**<br>**UNLIQUIDATED** |

PLEASE TAKE NOTICE that, on March 25, 2011, Lehman Brothers Holdings Inc. and certain of its affiliates (collectively, the "Debtors") filed their One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims) (the "Objection") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").[1]

The Objection requests that the Bankruptcy Court disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases. Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.

If you do NOT oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then you MUST file with the Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. prevailing Eastern Time on May 18, 2011 (the "Response Deadline").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

the claim should not be disallowed and expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court or provided to the Debtors in response to the Derivative Questionnaire and/or Guarantee Questionnaire (as defined in the order, dated July 2, 2009, establishing the deadline for filing proofs of claim, approving the form and manner of notice thereof and approving the proof of claim form [Docket No. 4271]), upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received <u>only if</u> the original response is <u>actually received</u> on or before the Response Deadline by (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Debtors, Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Waisman, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.); and (iv) attorneys for the official committee of unsecured creditors appointed in these cases, Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.)

A hearing will be held on June 2, 2011 to consider the Objection. The hearing will be held at 10:00 a.m. prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 601. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim. If the Debtors do continue the hearing with respect to your claim, then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim, then a hearing on the Objection will be conducted on the above date.

If the Bankruptcy Court does NOT disallow and expunge your claim listed above under CLAIM TO BE DISALLOWED & EXPUNGED, then the Debtors have the right to object on other grounds to the claim (or to any other claims you may have filed) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Court's instructions (including, without limitation, providing prior written notice to counsel for the Debtors and any statutory committees), which can be found on the Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.lehman-docket.com. If you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Epiq Bankruptcy Solutions, LLC toll-free at 1-866-879-0688.

If you have any questions about this notice or the Objection, please contact Debtors' counsel, Erika del Nido, Esq., at 212-310-8323. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED: March 25, 2011
     New York, New York

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
(212) 310-8000
Shai Y. Waisman
ATTORNEYS FOR DEBTORS
AND DEBTORS IN POSSESSION

Attachment C-1

To the United States Bankruptcy Court
Southern District of New York

In re LEHMAN BROTHERS HOLDINGS, INC. et al, Debtors
Chapter 11 Case No. 08-13555 (JMP)

Re: Response to Objection to Claim No. 7082

I recently received notice indicating that my claim #7082 for previously agreed upon severance would be disallowed and expunged *"on the ground that it was filed against the Debtors asserting claims for compensation arising out of your employment with entities that are not Debtors in these chapter 11 cases".*

As I understand, in lay terms, this means that my claim for unpaid severance will be disallowed and expunged because I submitted the claim as against LBHI which apparently was not the proper entity for the payment of severance claims.

Please accept this letter as my response to the objection, and as a request for my claim to be reclassified and filed against the proper Lehman entity that is considering severance claims against Lehman Brothers.

I am not a lawyer nor do I have any background in bankruptcy proceedings or law. I received several claim forms after the bankruptcy was filed and was genuinely confused on which one to fill out. I relied upon and completed the only claim form that already had my name and correct severance amount pre-populated on the form, figuring this was correct. And then I mailed the executed claim form to the entity at the top of the form – Lehman Brothers Holdings. Based on the information I was provided, there was no reasonable basis to believe that Lehman Brothers holdings could be the wrong entity to which I should send the claim. In some ways, it was deceptive that the bankruptcy entities should exploit an already confusing situation by not providing more clarity on which form to fill out.

I suspect that there are many other former employee claimants who transacted similarly, suggesting that the high level of scrutiny on "Inc." vs. "Holdings", vs. any other LB entity is not something your regular employee considers. I relied upon the proof of claim form that seemed most appropriate – the pre-populated one – and sent it in in a timely manner. Had I been provided with the proper information, I would have certainly filed with the proper entity – after all, it was not a complicated forms process. I also understand that certain claim forms that were misdirected (e.g. forms that were mistakenly sent as customer claims to LBI, were automatically reclassified by Counsel to the employee claims). If this is correct, then why not allow for reclassifications like my own? They were presumably all based on the same root cause – a true misunderstanding by a lay employee on what form to fill out.

I would respectfully request that the objection to my claim be denied and that my claim be reclassified as against the proper entity – which as I understand right now, to be Lehman Brothers Inc.

CREDITOR:
Andrea Tolchinsky
119 Chestnut Hill Road
Wilton, CT 06897
Tel: 203-563-9921

CLAIM NUMBER: 7082

Attachment C-2.

**DATE FILED**: 8/3/2009

**DEBTOR**: 08-13555

**CLASSIFICATION AND AMOUNT:**
Unsecured: $140,658.90 unliquidated

**COPIES OF THIS LETTER ALSO SENT TO:**
1) Honorable James M. Peck, One Bowling Green, NY, NY 1004; Courtroom 601
2) Attorneys for the Debtor, Weil Gotshal & Manges, LLP, 767 Fifth Avenue NY, NY 10153 (Attn: Shai Wiseman, Esq. and Mark Bernstein, Esq.)
3) Office of the US Trustee for Region 2, 33 Whitehall Street, 21st Floor, NY, NY 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.)
4) Attorneys for the Official Committee of Unsecured Creditors, Millbank, Tweed & McCloy LLP, 1 Chase Manhattan Plaza, NY, NY 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Flock, Esq.)