Hearing Date: April 26, 2012 at 10:00 a.m.

David R. Hurst, Esq.
Young Conaway Stargatt & Taylor, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
dhurst@ycst.com

*Counsel for Nikesh Daryani, Neelam Daryani,
Parasram Daryani and Vikas Daryani*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re:                                              :   Chapter 11
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   Case No. 08-13555 (JMP)
                                                    :
                                   Debtors.         :   (Jointly Administered)
                                                    :
------------------------------------------------------------x

### RESPONSE OF NIKESH DARYANI, NEELAM DARYANI, PARASRAM DARYANI AND VIKAS DARYANI TO THE DEBTORS' TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Nikesh Daryani, Neelam Daryani, Parasram Daryani and Vikas Daryani (the "Daryanis"), by and through their undersigned counsel, hereby respond to the Debtors' Two Hundred Sixteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim (Docket No. 20105) (the "216th Omnibus Objection"), and respectfully represent as follows:

### JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core

01:11886038.1

proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested herein is section 502(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

2.       Beginning on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and the other debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

3.       On or about October 6, 2009, the Daryanis timely filed two proofs of claim (Claim Nos. 36634, 36639) in the aggregate amount of $1.1 million (plus unliquidated and/or undetermined amounts) (the "October 6 Claims").

4.       Then, on October 30, 2009, UBS AG timely filed a proof of claim (Claim No. 59233) in its name for the benefit of various beneficial holders, including the Daryanis. UBS AG later transferred the Daryanis' portion of this claim in the amount of $1 million to the Daryanis (the "October 30 Claim" and, collectively with the October 6 Claims, the "Claims"), and the Daryanis now appear on the Debtors' claim register as the record holder of such claim.

5.       On or about September 16, 2011, the Debtors filed the (i) 216th Omnibus Objection and (ii) the Debtors' Two Hundred Fourteenth Omnibus Objection to Disallow and Expunge Certain Filed Proofs of Claim (Docket No. 20103) (the "214th Omnibus Objection" and, together with the 216th Omnibus Objection, the "Objections"), thereby seeking to disallow and expunge the Claims or, in the alternative, reclassify the claims as equity interests. The Objections are identical, but they apply to different claims.

6. On November 22, 2011, the Daryanis timely filed the Response of Nikesh Daryani, Neelam Daryani, Parasram Daryani and Vikas Daryani to the Debtors' Two Hundred Fourteenth Omnibus Objection to Claims (Docket No. 22507) (the "Response"). The Response is attached hereto as Exhibit A.

7. The Objections initially were scheduled for hearing on November 30, 2011. The 214th Omnibus Objection has been adjourned several times (Docket Nos. 22684, 24306, 25135, 26865), and presently is set for hearing on April 26, 2012. Similarly, the 216th Omnibus Objection has been adjourned several times (Docket Nos. 22938, 24308, 25137, 26869), and presently is set for hearing on April 26, 2012.

8. The Daryanis' Claim Nos. 36634 and 36639 are listed on the 214th Omnibus Objection, and have been listed on the various notices of adjournment relating to such omnibus objection. Although the Daryanis' Claim No. 59233 was not initially listed on the 214th Omnibus Objection, it was listed on the November 28, 2011 notice of adjournment of such omnibus objection (Docket No. 22684); the Daryanis' Claim No. 59233 was not listed on subsequent notices of adjournment for the 214th Omnibus Objection. The Daryanis have received notice of the 214th Omnibus Objection and the various adjournments of same.

9. UBS AG's Claim No. 59233 is listed on the 216th Omnibus Objection, and has been listed on the various notices of adjournment relating to such omnibus objection. The 216th Omnibus Objection and related notices of adjournment also list various transferees of Claim No. 59233—but they do not list the Daryanis. The Daryanis have not received notice of the 216th Omnibus Objection or the various adjournments of same.

10. Although the Daryanis' Claim No 59233 did not appear on the 216th Omnibus Objection and has not been listed on any of the subsequent notices of adjournment, the

Daryanis believe that the Debtors may nonetheless assert that the Daryanis' Claim No 59233 is subject to such objection (i.e., rather than the 214th Omnibus Objection).

## RELIEF REQUESTED

11. The Daryanis hereby request that, to the extent their Claim No. 59233 ultimately is deemed subject to the 216th Omnibus Objection, the Court overrule the 216th Omnibus Objection and allow their Claim No. 59233 in the amount set forth in their proof of claim.

## BASIS FOR RELIEF REQUESTED

12. As set forth above, the 214th Omnibus Objection and 216th Omnibus Objection are identical, although they apply to different claims. Accordingly, the Daryanis incorporate in full their prior Response (Docket No. 22507) to the 214th Omnibus Objection.

01:11886038.1

## **CONCLUSION**

13. For all of the reasons stated above and in the Response, the Daryanis respectfully request that the Court overrule the 216th Omnibus Objection and allow their Claim No. 59233 in the amount set forth in the proof of claim.

Dated: New York, New York
       March 27, 2012

YOUNG CONAWAY STARGATT & TAYLOR, LLP

*/s/ David R. Hurst*

David R. Hurst, Esq.
1270 Avenue of the Americas
Suite 2210
New York, New York 10020

*Counsel for Nikesh Daryani, Neelam Daryani,
 Parasram Daryani and Vikas Daryani*

# EXHIBIT A

## Prior Response

Hearing Date: **November 30, 2011 at 10:00 a.m.**

David R. Hurst, Esq.
Young Conaway Stargatt & Taylor, LLP
1270 Avenue of the Americas
Suite 2210
New York, New York 10020
Tel: (212) 332-8840
Fax: (212) 332-8855
dhurst@ycst.com

*Counsel for Nikesh Daryani, Neelam Daryani,
Parasram Daryani and Vikas Daryani*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------x
In re:                                          :   Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :   Case No. 08-13555 (JMP)
                                                :
                     Debtors.                   :   (Jointly Administered)
                                                :
----------------------------------------------x

## RESPONSE OF NIKESH DARYANI, NEELAM DARYANI, PARASRAM DARYANI AND VIKAS DARYANI TO THE DEBTORS' TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Nikesh Daryani, Neelam Daryani, Parasram Daryani and Vikas Daryani (the "Daryanis"), by and through their undersigned counsel, hereby respond to the Debtors' Two Hundred Fourteenth Omnibus Objection to Claims (Docket No. 20103) (the "Objection"), and respectfully represent as follows:

### JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested

herein is section 502(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code").

## BACKGROUND

2.  Beginning on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and the other debtors and debtors-in-possession in the above-captioned cases (collectively, the "Debtors") filed with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

3.  On or about October 6, 2009, the Daryanis timely filed two proofs of claim (Claim Nos. 36634, 36639) in the aggregate amount of $1.1 million (plus unliquidated and/or undetermined amounts) (the "October 6 Claims").

4.  Then, on October 30, 2009, UBS AG timely filed a proof of claim (Claim No. 59233) in its name for the benefit of various beneficial holders, including the Daryanis. UBS AG recently transferred the Daryanis' portion of this claim in the amount of $1 million to the Daryanis (the "October 30 Claim" and, collectively with the October 6 Claims, the "Claims"), and the Daryanis now appear on the Debtors' claim register as the record holder of such claim.

5.  The Claims arose under a guarantee (the "Guarantee") issued by LBHI to the Daryanis and other similarly-situated holders (collectively, the "Holders") of certain securities issued by non-Debtor Lehman Brothers UK Capital Funding V L.P. The prospectus for such securities (the "Prospectus") is attached to the Objection as Exhibit C.[1]

---

[1]   The Prospectus contains the terms of the LBHI Guarantee "substantially in the form to be executed by LBHI." See Prospectus at page 33.

6.  On or about September 16, 2011, the Debtors filed their Objection, thereby seeking to disallow and expunge the Claims or, in the alternative, reclassify the claims as equity interests.

### RELIEF REQUESTED

7.  The Daryanis hereby request that the Court overrule the Objection and allow their Claims in the amounts set forth in their proofs of claim.

### BASIS FOR RELIEF REQUESTED

8.  The Debtors' Objection first seeks to disallow and expunge the Claims because the Guarantee that forms the basis for the Claims expired during the Debtors' chapter 11 cases. In the alternative, the Debtors seek to reclassify the Claims as equity interests based on their misreading of the Guarantee. As detailed below, both of the Debtors' arguments fail when scrutinized.

**A.    The Claims Should Not Be Disallowed And Expunged**

9.  The Debtors initially argue that they have no liability to the Daryanis and the other Holders because the Guarantee purportedly terminated during the chapter 11 cases. *See* Objection at ¶ 10. However, section 502(b) of the Bankruptcy Code provides that, except under certain limited circumstances that are not applicable here, the amount of a claim is determined on the chapter 11 petition date:

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States *as of the date of the filing of the petition*, and shall allow such claim in such amount ....

11 U.S.C. § 502(b) (emphasis added).

10. Here, the Debtors do not dispute that the Guarantee was in place on the Petition Date. Indeed, even under the Debtors' view of events, the Guarantee did not terminate until May 2011. *See* Objection at ¶ 10.

11. Accordingly, the Debtors' argument that they have no liability to the Holders because the Guarantee purportedly terminated in 2011 fails under the plain language of section 502(b) of the Bankruptcy Code.

**B.    The Claims Should Not Be Reclassified As Equity Interests**

12. By its terms, the Guarantee is an unsecured obligation of LBHI that ranks (i) junior to subordinated liabilities of LBHI, (ii) *pari passu* with "Parity Securities," if any, and (iii) senior to LBHI's common stock:

> Subject to applicable law, LBHI agrees that its obligations hereunder constitute unsecured obligations of LBHI subordinate in right of payment to Senior Creditors and will at all times rank:
>
> (a)    junior to all subordinated liabilities of LBHI (in each case other than any liability of LBHI which is referred to in (b) or (c) below and any other liability expressed to rank *pari passu* with or junior to this Subordinated Guarantee) (the Senior Creditors);
>
> (b)    *pari passu* with Parity Securities, if any, issued by LBHI and any guarantee or support agreement of LBHI ranking *pari passu* with this Subordinated Guarantee and issued in respect of Parity Securities issued by the Issuer or any Subsidiary; and
>
> (c)    senior to the Junior Share Capital of LBHI.[2]

Guarantee § 2.9.

---

[2]   "Junior Share Capital" is defined to mean "LBHI's common stock, together with any other securities or obligations of LBHI expressed to rank junior to this Subordinated Guarantee and the Parity Securities." Guarantee § 1.

13. "Parity Securities" are defined in the Guarantee to mean any non-cumulative preferred stock, non-cumulative preferred securities or other securities issued directly by LBHI and ranking *pari passu* with LBHI's obligations under the Guarantee.[3] Thus, "Parity Securities" does not simply mean any preferred stock issued by LBHI, but rather means only preferred stock or other securities issued by LBHI and ranking *pari passu* with LBHI's obligations under the Guarantee. In other words, LBHI's obligations under the Guarantee rank *pari passu* with Parity Securities, but Parity Securities are only those securities that rank *pari passu* with LBHI's obligations under the Guarantee. If these circular provisions mean anything, it is that LBHI's obligations under the Guarantee—and therefore the Daryanis' Claims—rank *pari passu* with some hypothetical securities which may or may not exist in LBHI's capital structure. If these Parity Securities exist and can be identified, the terms of these securities will determine where the Daryanis' Claims fall in LBHI's capital structure—whether that is above, below or at the same level as other preferred stock issued by LBHI.

14. Absent evidence that any "Parity Securities" actually exist, the language of the Guarantee effectively provides only that LBHI's obligations under the Guarantee are unsecured obligations that are junior to the subordinated liabilities of LBHI and senior to its common stock. However, absent an explicit subordination provision, the Daryanis' Claims—which arise from a contractual guarantee and do not represent an ownership interest—presumably would rank above any preferred shares issued by LBHI. In short, the language of the Guarantee suggests that the Claims are not properly classified as equity—but rather should be

---

[3]   *See* Guarantee § 1 ("Parity Securities means any non-cumulative preferred stock, non-cumulative preferred securities (other than the Preferred Securities) or other securities either (a) issued directly by LBHI and ranking *pari passu* with LBHI's obligations under this Subordinated Guarantee or (b) issued by the Issuer or any Subsidiary or other entity and entitled to the benefit of this Subordinated Guarantee or benefiting from any other guarantee or support agreement from LBHI ranking *pari passu* with this Subordinated Guarantee.")

classified as subordinated claims. Accordingly, the Daryanis submit that the requested reclassification of their Claims is improper and should be denied.

### C.    The Documentation Supporting The Claim Objection Is Inadequate

15.    The Debtors' Objection hinges on the language of the Guarantee, but the Debtors have filed only the form of guarantee attached to the Prospectus—and not the actual executed guarantee. Although the actual guarantee may mirror the form of guarantee attached to the Objection, the Debtors should be required to produce the actual guarantee before so dramatically affecting the property interests of the Daryanis and other Holders. Indeed, absent production of the executed guarantee, the Daryanis submit that the Debtors have failed to provide evidence sufficient to overcome the presumed validity of the Daryanis' claims under Fed. R. Bankr. P. 3001(f).

### JOINDER

16.    To the extent not inconsistent with this Response, the Daryanis hereby join in the responses to the Objection filed by other Holders, including without limitation the response filed by Banque Populaire Côte D'Azur (Docket No. 22304).

### RESERVATION OF RIGHTS

17.    The Daryanis reserve any and all applicable rights at law and equity, all claims and all defenses, including without limitation the right to discovery in connection with the Objection and the right to amend or supplement this Response.

## CONCLUSION

18.     For all of the above-stated reasons, the Daryanis respectfully request that the Court overrule the Objection and allow their claims in the amounts set forth in their proofs of claim.

Dated: New York, New York
       November 22, 2011

>                        YOUNG CONAWAY STARGATT & TAYLOR, LLP
>
>                        *David R. Hurst*
>                        _____
>                        David R. Hurst, Esq.
>                        1270 Avenue of the Americas
>                        Suite 2210
>                        New York, New York 10020
>
>                        *Counsel for Nikesh Daryani, Neelam Daryani,*
>                        *Parasram Daryani and Vikas Daryani*