Presentment Date and Time: April 5, 2012 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: April 4, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Lehman Brothers Holdings Inc.

HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, New York 10004
Telephone: (212) 837-6000
Facsimile: (212) 422-4726
Sarah L. Cave
Jeffrey S. Margolin

Attorneys for James W. Giddens, Esq.,
as Trustee for the SIPA Liquidation of Lehman
Brothers Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
---------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                    Debtors.                  :    (Jointly Administered)
                                              :
---------------------------------------------------------------x
                                              :
In re                                         :
                                              :
LEHMAN BROTHERS INC.                          :    Case No. 08-01420 (JMP) SIPA
                                              :
                    Debtor.                   :
---------------------------------------------------------------x
```

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER**
**GRANTING PHILIP WALSH LIMITED RELIEF FROM THE AUTOMATIC STAY**

       **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order granting Philip Walsh limited relief from the automatic stay (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 5, 2012 at 12:00 noon (Prevailing Eastern Time).**

       **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 4, 2012 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

       **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order

on **April 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

      **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: March 27, 2012
   New York, New York

| | |
|---|---|
| /s/ Richard P. Krasnow | /s/ Jeffrey S. Margolin |
| Richard P. Krasnow | Sarah L. Cave |
| | Jeffrey S. Margolin |
| | |
| WEIL GOTSHAL & MANGES LLP | HUGHES HUBBARD & REED LLP |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| | |
| Attorneys for Lehman Brothers Holdings Inc. | Attorneys James W. Giddens, Esq., as Trustee for the SIPA Liquidation of Lehman Brothers Inc. |

Presentment Date and Time: April 5, 2012 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: April 4, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                      Debtors.                                 :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x
                                                               :
In re                                                          :
                                                               :
LEHMAN BROTHERS INC.                                           :    Case No. 08-01420 (JMP) SIPA
                                                               :
                      Debtor.                                  :
---------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER GRANTING**
**PHILIP WALSH LIMITED RELIEF FROM THE AUTOMATIC STAY**

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases ("LBHI"), James W. Giddens, Trustee for the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), and Philip Walsh ("Walsh," together with LBHI and the SIPA Trustee, the "Parties"), by and through their respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation, Agreement and Order") and represent and agree as follows:

**RECITALS**

A. On September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced in this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B. On September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa

US_ACTIVE:\43696817\12\58399.0003

et seq., with respect to LBI and James W. Giddens was appointed as SIPA Trustee under SIPA to administer LBI's estate.

C. On January 14, 2009, Walsh filed a proof of claim (the "Walsh Claim") in the Chapter 11 Cases. The Walsh Claim, which was assigned proof of claim number 1707 by the Debtors' Bankruptcy Court-approved claims and noticing agent, asserts that Walsh is entitled to a payment from LBHI in the amount of $837,859.29 relating to (i) certain restricted stock units and stock options that he alleges were due to him as part of his compensation as an employee of LBI, and (ii) monies allegedly withheld from his compensation by LBI to purchase restricted stock units.

D. On July 2, 2009, the Bankruptcy Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing, among other things, September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against LBHI and certain of the other Debtors [LBHI ECF No. 4271]. The Walsh Claim was the only proof of claim that Walsh filed against the Debtors prior to the Bar Date.

E. On December 3, 2009, this Court so ordered a stipulation (the "Promissory Note Stipulation") between LBHI and the SIPA Trustee [LBHI ECF No. 6038, LBI ECF No. 2159]. The Promissory Note Stipulation provides for the assignment of LBI's right (if any) to collect in connection with certain promissory notes given by former employees to LBHI or LBI (the "Promissory Notes").

F. The Promissory Notes each contained arbitration provisions that provide for disputes to be resolved by arbitration.

G. On December 15, 2010, LBHI filed a statement of claim with the Arbitration Division of the Financial Industry Regulatory Authority ("FINRA") relating to a Promissory Note that Walsh had given to LBI on or about August 20, 2008 (the "Walsh Promissory Note"). This statement of claim commenced an arbitration proceeding (the "FINRA Arbitration").

H. On February 17, 2011, Walsh filed a motion in the Chapter 11 Cases for determination that the automatic stay extant in the Chapter 11 Cases pursuant to section 362(a) of the Bankruptcy Code (the "Automatic Stay") does not apply or, alternatively, for relief from the Automatic Stay to assert counterclaims and defenses in the FINRA Arbitration (the "Walsh Motion") [LBHI ECF No. 14571].

I. On April 6, 2011, the Debtors filed their One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim As Equity Interests) (the "Omnibus Objection to Claims") [LBHI ECF No. 15666]. The Walsh Claim was included among the proofs of claim subject to the Omnibus Objection to Claims. On May 18, 2011, Walsh filed an objection to the Omnibus Objection to Claims [LBHI ECF No. 16947]. The Omnibus Objection to Claims, as it relates to the Walsh Claim, is still pending.

J. On December 6, 2011, the Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [LBHI ECF No. 23023] (the "Plan"). The Plan became effective on March 6, 2012.

K. On February 9, 2012, LBHI filed a response to the Walsh Motion in the Chapter 11 Cases (the "LBHI Response") [LBHI ECF No. 25152].

L. In order to allow the FINRA Arbitration to proceed, the Parties have agreed that it is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and conditions herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay shall be modified respectively in the Chapter 11 Cases and the SIPA Proceeding solely to the extent necessary to allow Walsh to assert in the FINRA Arbitration (i) any defenses to enforcement of the Walsh Promissory Note

(including any defenses Walsh has against LBI), and / or (ii) any Counterclaims (for setoff only) Walsh has against LBHI or LBI, but only to the extent necessary to determine the amount, if any, of such counterclaims for setoff purposes.[1]

    3.    Except as expressly provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the commencement of the Chapter 11 Cases or the SIPA Proceeding, as applicable, from the Debtors' estates and/or assets or property of the Debtors' estates or from LBI's estate and/or assets or property of the LBI's estate (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

    4.    Upon the Effective Date, the Walsh Motion shall be deemed resolved.

    5.    Each person who executes this Stipulation, Agreement and Order on behalf of a Party represents that he or she is duly authorized to execute this Stipulation, Agreement and Order on behalf of such Party.

    6.    This Stipulation, Agreement and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

    7.    This Stipulation, Agreement and Order can only be amended or otherwise modified by a signed writing executed by the Parties.

    8.    This Stipulation, Agreement and Order was drafted jointly by the Parties and each Party has consulted with attorneys of its choosing and fully understands the terms hereof. This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

    9.    This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a) (3).

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the LBHI Response.

10. This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated: March 27, 2012

| | |
|---|---|
| /s/ Richard P. Krasnow | /s/ Jeffrey S. Margolin |
| Richard P. Krasnow | Sarah L. Cave |
| | Jeffrey S. Margolin |
| | |
| WEIL GOTSHAL & MANGES LLP | HUGHES HUBBARD & REED LLP |
| 767 Fifth Avenue | One Battery Park Plaza |
| New York, New York 10153 | New York, New York 10004 |
| Telephone: (212) 310-8000 | Telephone: (212) 837-6000 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 422-4726 |
| | |
| Attorneys for Lehman Brothers Holdings Inc. | Attorneys for James W. Giddens, Esq., as Trustee for the SIPA Liquidation of Lehman Brothers Inc. |

/s/ Willard Knox
Leonard Weintraub
Willard Knox

PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
Facsimile: (212) 785-9099

Attorneys for Philip Walsh


SO ORDERED this ____ day of April, 2012

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE