UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                                    :    Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                              :
                              Debtors.                      :    (Jointly Administered)
                                                                              :
-----------------------------------------------------------------x

### ORDER DENYING OBJECTION TO MOTION OF LEHMAN BROTHERS HOLDINGS INC. FOR AUTHORITY TO USE NON-CASH ASSETS IN LIEU OF AVAILABLE CASH AS RESERVES FOR DISPUTED CLAIMS PURSUANT TO SECTION 8.4 OF THE DEBTORS' CONFIRMED JOINT CHAPTER 11 PLAN

Upon the motion (the "Motion")[1] of Lehman Brothers Holdings Inc., as Plan Administrator, for authority for each of the Participating Debtors (i) to substitute a Participating Debtor's Non-Cash Assets for a portion of Available Cash for the reserves required on account of unsecured, non-priority Disputed Claims against such Participating Debtor,[2] and (ii) to remit that portion of the Available Cash to holders of Allowed Claims against such Participating Debtor in accordance with the Plan, as described more fully in the Motion; and an objection to the Motion having been filed by Jamie H. Murcia (the "Objector"), ECF No. 25379 (the "Objection"); and LBHI having filed a reply to the Objection and in further support of the Motion, ECF No. 25554; and the declaration of Steven J. Cohn having been filed in support of the Motion, ECF No. 25393; and the Official Committee of Unsecured Creditors having filed a statement in support of the Motion, ECF No. 25546; and the Court having jurisdiction to

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion or Plan, as applicable.

[2] For the purpose of this Order, "Disputed Claims" shall include only the unsecured, non-priority Disputed Claims in any of LBHI Classes 3, 4A, 4B, 5, 7, 8 or 9A, LCPI or LBSF Classes 4A or 5C, and LOTC, LBCC or LBCS Classes 4 or 5C.

consider the Motion and the Objection and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (i) the United States Trustee for Region 2; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vii) all holders of affected Disputed Claims against the Participating Debtors in accordance with Section 8.4 of the Plan and the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases, ECF No. 9635; and the Court having entered an order granting the Motion with respect to all claims other than the claim of the Objector, ECF No. 25641; and the relief sought in the Motion is in the best interests of the Debtors, their creditors and all parties in interest; and the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Objection is overruled for the reasons set forth on the record at the hearings on February 22, 2012 and March 21, 2012; and it is further

3

ORDERED that the Motion is granted with respect to the claim of the Objector; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       March 28, 2012

                                            *s/ James M. Peck*
                                     UNITED STATES BANKRUPTCY JUDGE

3