Hearing Date and Time: TBD

Brady C. Williamson
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Attorneys for the Fee Committee

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---

**FEE COMMITTEE'S LIMITED OBJECTION TO THE NINTH INTERIM
PERIOD FEE APPLICATION OF PAUL HASTINGS LLP, SPECIAL COUNSEL TO
THE DEBTORS, FOR SERVICES PROVIDED FROM
<u>JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011</u>**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The Fee Committee appointed in the above-captioned chapter 11 cases (the "**Fee Committee**") submits this Limited Objection to the *Fifth Interim Application [for the Ninth Interim Fee Period] of Paul Hastings LLP, Special Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from June 1, 2011 Through September 30, 2011* (the "**Fifth Fee Application**") [Docket No. 23950] and respectfully represents:

**PRELIMINARY STATEMENT**

The Fee Committee objects to $72,421.32 in charges contained in the Fifth Fee Application that are directly attributable to unjustified or unjustifiable hourly rate increases imposed unilaterally by the applicant after March 1, 2010.

**BACKGROUND**

1.      Commencing on September 15, 2008, and periodically thereafter (as applicable, the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its subsidiaries (collectively, the "**Debtors**") filed voluntary cases under title 11 the United States Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases were consolidated for procedural purposes only and were being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On August 10, 2010, this Court granted the Debtors' application to employ and retain Paul Hastings LLP ("**Paul Hastings**"), *nunc pro tunc* to March 1, 2010, as their attorneys in connection with real estate and derivatives litigation matters as described in the *Application of the Debtors Pursuant to Sections 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker, LLP as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010* [Docket No. 10401].[1]

---

[1] Since its retention under the name Paul, Hastings, Janofsky & Walker LLP, the applicant has changed its name to Paul Hastings LLP.

3.  The Court appointed a Fee Committee on May 26, 2009 to execute the duties set forth in the Fee Committee Order, amended from time to time,[2] including, among other things, monitoring the fees and expenses incurred by professionals approved by the Court ("**Retained Professionals**") in these cases. On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as Successor Independent Member of the four-member Fee Committee and, by an order the same day, the Court approved the recommendation. *See Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member* [Docket No. 14117] (the "**Gitlin Appointment Order**").

4.  Pursuant to the Court's *Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* (the "**Confirmation Order**") [Docket No. 23023], the reorganized Debtors emerged from bankruptcy on March 6, 2012 (the "**Effective Date**"). *See Notice of Effective Date and Distribution Date in Connection with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [Docket No. 26039].

5.  On January 3, 2012, Paul Hastings filed the Fifth Fee Application—for services rendered during the ninth interim period from June 1, 2011 through September 30, 2011—requesting $1,194,841.16 in compensation for professional services and $5,019.09 in reimbursement of expenses from the Debtors' estates. Fifth Fee Application, ¶ 14. Since the Fee Committee issued its confidential letter report regarding the Fifth Fee Application on February 17, 2012 (the "**Report**"), the Fee Committee and Paul Hastings have corresponded and exchanged information related to several Fee Committee inquiries, resolving most but not all

---

[2] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "**Amended Fee Protocol**" [Docket No. 15998].

3

issues.  Included among those issues raised in the Report was the reasonableness of Paul Hastings' charges directly attributable to hourly rate increases.

6.   Under the Amended Fee Protocol, the Fee Committee is authorized to file an objection within 15 days after the 30-day Negotiation Period expires with respect to any unresolved issues (the "**Objection Deadline**").  The Objection Deadline for the Fifth Fee Application is April 3, 2012 for any issue not resolved consensually.

## RATE INCREASES

To gain a better appreciation for the bases of Paul Hastings' hourly rate increases, the Fee Committee asked the firm to provide both historical data on fee increases since its March 1, 2010 *nunc pro tunc* retention and the justification for the increases—in terms of firm practices and the legal services market.  The Fee Committee's ability to ascertain whether Paul Hastings' rate increases have been reasonable depends, in large part, upon the firm's willingness to provide the Fee Committee with the data and explanations necessary to assess rate increases.

On September 8, 2011, Paul Hastings provided a schedule of historical rate data along with narrative explanations containing conclusory statements about Paul Hastings' practice of adjusting timekeepers' rates up to two times each year—in January and June. On March 6, 2012, Paul Hastings provided an updated schedule of historical rate data and a calculation of $72,421.32 as the amount of ninth fee period fees directly attributable to hourly rate increases imposed after March 1, 2010.  Paul Hastings has not provided any evidence or detailed explanations, however, about changes to the prevailing market to justify the firm's rate increases, ranging from approximately 5.38 to 37.5 percent for individual timekeepers for whom Paul Hastings provided historical rate information going back to March 2010.[3]

---

[3] For certain other timekeepers, Paul Hastings' historical rata data appears to reach only as far as June 2010.

4

## ARGUMENT

7.      A retained professional's compensation—including rate increases—must be reasonable, and the burden for demonstrating the reasonableness of a compensation request falls on the professional. *See* 11 U.S.C. § 330(a)(3); *Houlihan Lokey Howard & Zukin Capital v. High River Ltd. P'ship*, 369 B.R. 111, 115 (S.D.N.Y. 2007); *Zeisler & Zeisler, P.C. v. Prudential Ins. Co. (In re JLM, Inc.)*, 210 B.R. 19, 24 (B.A.P. 2d Cir. 1997). The burden of proof is not taken lightly, and it must be supported by evidence rather than conclusory statements. *See In re Computer Learning Ctrs., Inc.*, 285 B.R. 191, 200, 226 (Bankr. E.D. Va. 2002) (citations omitted).

8.      To be reasonable, the requested rates must be consistent with the prevailing market rates and, in the context of increases, the request must be supported by evidence of a change in the prevailing market rates. "The mere passage of time is not itself sufficient to justify a change in an attorney's hourly rate and does not necessarily indicate a change in the prevailing market hourly rates." *Id*. at 237. The professional's actual rate is not itself determinative of the prevailing market rate. *Id*.

9.      Based on the information available to the Fee Committee, Paul Hastings' Fifth Fee Application contains at least $72,421.32 in charges directly attributable to rate increases imposed after March 1, 2010.

10.     Paul Hastings has failed to produce evidence of significant movement in the prevailing market rates since its *nunc pro tunc* retention on March 1, 2010. Moreover, those charges directly attributable to rate increases are impermissible to the extent that they were inadequately communicated to the Debtors or the Court prior to their imposition. *See Computer Learning*, 285 B.R. at 236-37 ("conspicuous disclosure" of rate increases required); ABA

Comm. on Ethics & Prof'l Responsibility, Formal Op. 458 (2011) (periodic rate increases must be timely communicated and must be reasonable under the circumstances).

## CONCLUSION

WHEREFORE, the Fee Committee objects to at least $72,421.32 of the compensation requested in Paul Hastings' Fifth Fee Application, which Paul Hastings has calculated as the amount of fees directly attributable to hourly rate increases imposed after March 1, 2010.

Dated: March 29, 2012.

/s/ *Katherine Stadler*
Katherine Stadler
GODFREY & KAHN, S.C.
One East Main Street, Suite 500
Madison, Wisconsin 53703
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

*Attorneys for the Fee Committee*

7677141_1