JENEA L. WILLIAMS-PATE
1020 LONGPOINTE PASS
ALPHARETTA, GA 30005

FILED
U.S. BANKRUPTCY COURT
2012 APR -2  P 1: 22
S.D. OF N.Y.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re                                    ) Case No.: _____
                                         )
LEHMAN BROTHERS HOLDINGS INC             )
                                         )   ADVERSARY PROCEEDING
    DEBTOR                               )
                                         )   ADV. NO: 0813555-JMP
_____  )
                                         )
JENEA L. WILLIAMS-PATE                   )
                                         )
1020 LONGPOINTE PASS                     )
                                         )
ALPHARETTA, GA 30005,                    )
                                         )
        Plaintiff,                       )
                                         )
    vs.                                  )
                                         )
LEHMAN BROTHERS HOLDINGS INC,            )
                                         )
745 SEVENTH AVENUE                       )
                                         )
NEW YORK, NY 10019                       )
                                         )
TAX ID/EIN: 12-3216325                   )
                                         )
AND                                      )
                                         )
AURORA BANK FSB                          )
                                         )
AND                                      )
                                         )
MCCURDY & CANDLER, LLC                   )
                                         )
SIX PIEDMONT CENTER, SUITE 700           )
                                         )
3525 PIEDMONT ROAD, NE                   )
                                         )
ATLANTA, GA 30305                        )
                                         )
        Defendant                        )

**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED**

# COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED CLAIM AS PROOF OF CLAIM, TILA <u>VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF</u>

COMES NOW Plaintiff Jenea L. Williams-Pate, pro se herein, ("Plaintiff"), and respectfully alleges the following:

1. This adversary proceeding is brought pursuant to 11 U.S.C. 506 and Federal Rule of Bankruptcy Procedure 7001.

2. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 151, 157 and 1334(b). Venue is proper pursuant to 28 U.S.C. 1409.

3. This Adversary Proceeding is a core proceeding as defined at 28 U.S.C. 157(b) 2(b) and (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on property evidenced by a Deed/Assignment of trust, and the allowance of disallowance of a claim. This is a core proceeding pursuant to 28 U.S.C. 157(b), and jurisdiction exists pursuant to 11 U.S.C. 502(a) and (b)(1), 11 U.S.C 544(a)(3) and(b)(1), 28 U.S.C. 1334, 28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4. Plaintiff is informed and believes and therefore alleges that her loan was Securitized under the Mortgage Pass-Through Certificates Series 2007-1.

5. Defendant U.S. Bank National Association, described as the Trustee of the Trust under the PSA, is a national banking association with its corporate trust office located at One Federal Street, Boston, MA 02110.

6. There is no endorsement to U.S. Bank as Trustee on said copy of attached Note;

7. There are no recorded intervening assignments to prove such ownership of the security instruments or beneficial interest in Plaintiff.

8. Aurora Bank FSB and Lehman Brothers Holding blatantly committed fraud upon this court in filing its Proof of Claim as servicing agent to U.S. Bank without any shred of proof that Aurora Bank FSB is authorized to do so.

9. The Chapter 11 Trustee has filed an abandonment of all claims by the bankruptcy estate, and there have been no timely objections. Debtor has elected to pursue this adversary proceeding.

## PARTIES

10. Plaintiff is an individual, and her alleged Mortgage Note is an asset within captioned Bankruptcy case. Plaintiff is the Owner of the Property at 1020 Longpointe Pass Alpharetta, GA 30005.

11. Debtor Lehman Brothers Holdings Inc filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008, ("The Bankruptcy Case") in the Southern District of New York.

12. The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants') are unknown to Plaintiff. These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; to that property at 1020 longpointe Pass Alpharetta, Georgia 30005.

13. Plaintiff is ignorant of the true names and capacities of "Defendants" sued herein as "DOES" 1 through 32, and therefore sue these "Defendants" by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiff are informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter described property adverse to Plaintiffs' title and their claims, and each of them, constitute a cloud on Plaintiffs' title to that property.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED

CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF - 3

                                        Pg 4 of 10

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Aurora Bank FSB represents itself and holds itself out as the "Creditor", and holder of Plaintiff's Note.

15. LEHMAN Brothers Holding, Inc., represents itself and holds itself out as the "Creditor", and holder of Plaintiff's Note.

16. Plaintiff is informed and believes and therefore alleged that Aurora Bank FSB represented to Plaintiff that they were the "Originator of the Subject mortgage" by an unknown mechanism transferred unknown interest to LEHMAN BROTHERS HOLDING INC.

17. Lehman Brothers Holding Inc and Aurora Bank FSB caused to be filed false "Assignments of Deed of Trusts" or Wild Deed Instruments" with the Fulton County Recorder, Georgia, as part of its continuing fraud upon the Court, clouding Plaintiff title and ownership interest in the subject property.

18. Defendant Lehman Brothers holding Inc., and Aurora Bank FSB fraudulent claims are facilitated by using these "Wild Deed Instruments". A "Wild Deed" is a recorded deed that is not in the CHAIN OF TITLE because a previous instrument connected to the chain of title was not recorded. A "Wild Deed" will not provide constructive notice to later purchasers of the property; because subsequent bona fide purchasers cannot reasonable expect to locate the "Deed" while investigating the chain of title to the property. These instruments are unsecured and as such no security attaches to these "Wild Deed Instruments."

## THE STYLED "PROMISSORY NOTE AND DEED OF TRUST"

19. Plaintiff signed a document styled as a "First Note" (hereinafter referred to as NOTE") on the subject property.

20. Upon information and belief, the Assignment of the Deed of Trust was created and recorded for the sole purpose of enriching Defendants at the cost and detriment of the Plaintiff.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED

CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF - 4

21. Plaintiff is informed and believes and therefore alleges that Aurora Bank FSB, falsely represented that they were funding the "NOTE".

22. The "origination Funds" for the "NOTE" came from another undisclosed source. The indebtedness to this "NOTE" remains uncertain. Plaintiff has not seen the original styled "NOTE" since signing and its whereabouts or existence is undisclosed.

23. A Georgia State Foreclosure action was initiated by Aurora Bank FSB and McCurdy & Candler, LLC.

24. Aurora Bank FSB, the foreclosing entity, is a third party entity. The entity and Lehman Brothers lacks standing and the capacity to foreclose. The entity has no first hand knowledge of the loan, no authority to testify or file affidavits as to the validity of the loan documents or the existence of the loan. The entity has no legal authority to draft mortgage assignments relating to the loan. This foreclosing entity and its agents regularly commit perjury in relation to their testimony.

25. The "True Beneficiary" of the mortgage loan has not declared a default (it has been paid fully as required by the Pooling and servicing Agreement) and does not have an interest in the actual "Mortgage note", all the cash flows from the mortgages are paid on time. AURORA BANK FSB nor LEHMAN BROTHERS HOLDING INC Investor does not OWN THE NOTES".

26. Here, the 'NOTE" and the "Security Interests" were severed or bifurcated when the "Deed of Trust" was fraudulently assigned to Aurora Bank FSB and Lehman Brothers Holding.

## FIRST CLAIM FOR RELIEF
### (Declaratory Relief to Determine an Interest in Property)
### F.R.B.P 7001(2) AND 7001(9))
### {EXPUNGE PROOF OF CLAIM FILED BY AURORA BANK FSB AND <u>LEHMAN BROTHERS HOLDINGS</u>}

27. Plaintiff re-alleges and incorporates the allegations contained in the preceding paragraphs as though set forth at length herein.

28. Plaintiff alleges that she holds an interest in the Property free and clear and any interest of Defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly unsecured, and that accordingly the Deed of Trust is NULL AND VOID.

29. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature and extent of their interest in the Subject Property.

30. It is very necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants interest in the Property.

31. Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

32. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contentions Plaintiff alleges herein.

33. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

34. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurora Bank FSB and Lehman Brothers Holding Inc as follows:

1. That the Court determine the nature and extent and validity of Defendant's interest in the real property located at 1020 Longpointe Pass Alpharetta, GA 30005;

2. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;

3. That the Court determine that the claim owed to Lehman Brothers Holding Inc., by Plaintiffs is wholly unsecured;

4. That the Court determine that the Deed of Trust is NULL and VOID;

5. That Defendant Lehman Brothers is not the Owner of Plaintiff's property because defendant filed for Chapter 11 Bankruptcy Protection and has not been discharged from the Court.

## SECOND CLAIM FOR RELIEF

## [DECLARATORY RELIEF TO DETERMINE STATUS OF LEHMAN BROTHER AND AURORA LOAN SERVICES'S CLAIM

## 11 U.S.C. 506 AND F.R.B.P 7001]

35. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

36. Plaintiff alleges that the lien as evidenced by the Deed of Trust has no value since it is wholly unsecured; that Aurora Loan Services and Lehman Brothers Holding's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments is null and void.

37. Plaintiff is informed and believes and thereon alleges that U.S. Bank disputes the contention alleges herein.

38. An actual controversy exists between Plaintiff and Lehman Brothers Bank, FSB with regard to the status of its claim as secured or unsecured.

39. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether Lehman Brother and Aurora Bank FSB claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

40. That the Court determine the nature and extent and validity of Defendants' interest in the subject property;

41. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;

42. That the Court determine that the claim owed to Aurora Bank and Lehman Brother's by Plaintiff is wholly unsecured;

43. That the Court determine that the Deed of Trust is null and void;

44. For costs of suit incurred herein; and

45. For such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF

[AS TO ALL DEFENDANTS AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE THERETO AND DOES 1-45]

[LIBEL]

46. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

47. The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in her business and reputation and has also caused pain and suffering.

48. Such libel has occurred on a continuing basis form approximately 2010 through the present.

49. As a result of Defendants' acts and omissions, Plaintiff has been injured in an amount yet to be determined.

50. The conduct of these Defendants as alleges herein was willful, fraudulent, malicious, and oppressive. As a result, Plaintiff requests an award of punitive damages.

### FOURTH CLAIM FOR RELIEF

[AS TO LEHMAN BROTHERS HOLDING, AURORA BANK, US BANK NATIONAL ASSOCIATION AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN , OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE THERETO AND DOES 1-50]

[QUIET TITLE]

51. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

52. Plaintiff is the owner of the subject property now held by the Plaintiff's estate.

53. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

54. Plaintiff is informed and believes and on such information and belief alleges that Defendant McCurdy & Candler, LLC, Aurora Bank FSB, Lehman Brother's Holding, US Bank National Association and all persons claiming, by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property. Some of the Defendants including Lehman Brothers Holding, Aurora Bank, US Bank National Association and unknown defendants, specifically those additionally designated as DOES 1-51, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; for fees and costs of suit and incurred herein; and, for such other and further relief as the court deems just and proper.

Dated this 02, April 2012

JENEA L. WILLIAMS-PATE

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF - 9

# CERTIFICATION SERVICE

I hereby certify and affirm under the penalties of perjury that I sent a copy of the foregoing pleading and a proposed Order to the following, via first class mail, postage prepaid, on this 2nd day of April, 2012:

1. LEHMAN BROTHERS HOLDINGS INC,
   745 SEVENTH AVENUE
   NEW YORK, NY 10019
   TAX ID/EIN: 12-3216325

2. AURORA BANK FSB

3. MCCURDY & CANDLER, LLC
   SIX PIEDMONT CENTER, SUITE 700
   3525 PIEDMONT ROAD, NE
   ATLANTA, GA 30305

Dated this 02, April, 2012

*[signature]*

JENEA L. WILLIAMS-PATE