HEARING DATE AND TIME: May 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: May 2, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE THE PROOF OF CLAIM FILED BY ANITA BRYANT.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LBHI'S COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON**
**OBJECTION TO CLAIM OF ANITA BRYANT (CLAIM NO. 1557)**

**PLEASE TAKE NOTICE** that on April 2, 2012, Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator") as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") filed its objection to Claim No. 1557 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 31, 2012, at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 2, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 2, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Debtors
and Debtors in Possession

**HEARING DATE AND TIME: May 31, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: May 2, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                         : Chapter 11 Case No.
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*   : 08-13555 (JMP)
                                              :
                    Debtors.                  : (Jointly Administered)
------------------------------------------------------------------x

**DEBTORS' OBJECTION TO CLAIM OF ANITA BRYANT (CLAIM NO. 1557)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE THE PROOFS OF CLAIM FILED BY ANITA BRYANT.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LBHI' COUNSEL, MAURICE HORWITZ, AT 212-310-8883.**

US_ACTIVE:\43950891\01\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>"), respectfully represents:

### Relief Requested

1.  The Plan Administrator files this objection (the "<u>Objection</u>") to the claim filed by Anita Bryant (Claim No. 1557) (the "<u>Claim</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") seeking disallowance and expungement of the Claim, for which the Debtors have no liability. The Claim was filed against LBHI by Anita Bryant ("<u>Ms. Bryant</u>") in connection with a personal injury action that Ms. Bryant commenced against LBHI among other parties. The action has been settled and discontinued with prejudice, and Ms. Bryant has agreed to hold LBHI harmless from any liability in connection with the action. LBHI therefore respectfully requests that the Court enter an order disallowing and expunging the Claim in its entirety.

### Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

3.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

      4.      On July 2, 2009, this Court entered the Bar Date Order. A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com. Claimants also received notice of the Bar Date Order by mail. (*See* Notice of Deadlines for Filing Proofs of Claim)

      5.      On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against LBHI.

## The Claim Should Be Disallowed and Expunged

      6.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

      7.      Ms. Bryant was allegedly employed as an electrician by Unity Electric ("Unity"), an electrical subcontractor that was providing services at an office renovation project for LBHI, located at 1301 6th Avenue, New York, New York (the "Project").

      8.      On or about April 26, 2005, Ms. Bryant was allegedly injured as a result of a construction accident at the Project (the "Construction Accident").

9. On or about December 27, 2005, Ms. Bryant commenced an action in the Supreme Court of New York, Queens County, styled as index number 25563/05 (the "Action"), against LBHI, Henegan Construction Company, Inc. ("Henegan"), the general contactor, 1301 Properties LLC, the building owner, and Equity Office Properties Management Corporation, the property management company (collectively, the "Defendants"), to recover money damages for personal injuries Ms. Bryant purportedly incurred as a result of the Construction Accident.

10. Travelers Indemnity Company ("Travelers") issued a commercial general liability insurance policy to Henegan for the Project (the "Travelers Policy"). LBHI is an additional insured under the Travelers Policy. After commencement of the Action, Travelers agreed to assume the defense and indemnification.

11. Certain Defendants in the Action commenced a declaratory judgment action against Unity's insurer, Virginia Surety Company, Inc. ("Virginia Surety"), in the Supreme Court of New York, County of New York, styled as index number 111306/08 (the "Declaratory Judgment Action"), to enforce their contractual indemnification rights as additional insureds under Unity's policy for the Project provided by Virginia Surety (the "Virginia Surety Policy").

12. As a result of the commencement of the Debtors' chapter 11 cases, the Action was stayed as against LBHI pursuant to section 362 of the Bankruptcy Code (the "Automatic Stay").

13. Ms. Bryant subsequently requested relief from the Automatic Stay imposed in LBHI's chapter 11 case to continue the Action and limit her recovery, if any, to the extent of the insurance policy proceeds that may be payable to Ms. Bryant under the Travelers Policy, Virginia Surety Policy, or any other applicable policy that covers the claims asserted by

Ms. Bryant in her Action (the "Insurance Proceeds"). The Debtors agreed to seek a modification of the Automatic Stay for the limited purpose of permitting Ms. Bryant to continue the Action against the Defendants and/or settle the Action and limit her recovery to the Insurance Proceeds.

14. On January 29, 2009, this Court entered a *Stipulation, Agreement, and Order Between The Debtors And Anita Bryant Providing For Relief From The Automatic Stay For The Limited Purpose of Permitting Anita Bryant To Continue The Action And Limit Any Recovery To The Insurance Proceeds*, ECF No. 2687.

15. On April 23, 2010, Ms. Bryant signed a Hold Harmless Agreement, attached hereto as "Exhibit A" (the "Hold Harmless Agreement"). The Hold Harmless Agreement states that the Action "was settled in the amount of $122,500.00," and provides that Ms. Bryant will (i) "defend, indemnify, and hold harmless the Defendants against any known liens, claims or actions" arising from the settlement; (ii) "have sole responsibility to satisfy any known liens or claims asserted against the settlement proceeds"; (iii) "will not prosecute or assert any claims or action against any other person or entity for liability for any acts or omissions of [the Defendants] resulting from the [Construction Accident]"; (iv) "will hold harmless and indemnify [the Defendants] on any claim or action for contribution, indemnification or subrogation arising out of any alleged acts or omissions of [the Defendants] resulting from [the Construction Accident]"; and (v) "will completely satisfy any and all known claims by Medicare and other may have [*sic*] with respect to the settlement of [the Action and the claims asserted in [the Action]."

16. On May 10, 2010, the attorneys for Ms. Bryant and the Defendants executed a stipulation, attached hereto as "Exhibit B," which provides that the Action "is discontinued with prejudice."

17. For the foregoing reasons, the Plan Administrator respectfully requests the Court enter an order disallowing and expunging the Claim in its entirety.

## Notice

18. No trustee has been appointed in these chapter 11 cases. Notice of the Objection has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) Ms. Bryant; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Plan Administrator or the Debtors to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: April 2, 2012
    New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

# Exhibit A

## HOLD HARMLESS AGREEMENT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------X

ANITA BRYANT,                                          Index No.: 25563/05

                                Plaintiff,

    -against-

LEHMAN BROTHERS HOLDINGS INC., HENEGAN CONSTRUCTION CO.,
INC., 1301 PROPERTIES, L.L.C., UNITY ELECTRICS and EQUITY OFFICE
PROPERTIES MANAGEMENT CORP,

                                Defendants.
-------------------------------------X

The above-entitled action was settled in the amount of $ 122,500.00.

1. The plaintiff(s) ANITA BRYANT will defend, indemnify and hold harmless LEHMAN BROTHERS HOLDINGS INC., HENEGAN CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C., UNITY ELECTRICS and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., against any known liens, claims or actions arising from the settlement which are asserted against the settlement proceeds, Including all defense costs.

2. The plaintiff(s) will have sole responsibility to satisfy any known liens or claims asserted against the settlement proceeds arising from this settlement.

3. The plaintiff(s) will not prosecute or assert any claims or action against any other person or entity for liability for any acts or omissions of LEHMAN BROTHERS HOLDINGS INC., HENEGAN CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C., UNITY ELECTRICS and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., resulting from the accident of 4/26/05.

4. The plaintiff (s) will hold harmless and indemnify LEHMAN BROTHERS HOLDINGS INC., HENEGAN CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C., UNITY ELECTRICS and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., on any claim or action for contribution, indemnification or subrogation arising out of any alleged acts or omissions of LEHMAN BROTHERS HOLDINGS INC., HENEGAN CONSTRUCTION CO., INC., 1301 PROPERTIES, L.L.C., UNITY ELECTRICS and EQUITY OFFICE PROPERTIES MANAGEMENT CORP., resulting from the accident of 4/26/05.

5. The plaintiff(s) will completely satisfy any and all known claims by Medicare and others may have with respect to the settlement of this action and the claims asserted in this action.

Dated: April 23, 2010

                                                               ANITA BRYANT

# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
_____x

ANITA BRYANT,,

                              Plaintiffs,

        -against-

LEHMAN BROTHERS HOLDINGS INC.,
HENEGAN CONSTRUCTION CO., INC. 1301
PROPERTIES, L.L.C. UNITY ELECTRICS and
EQUITY OFFICE PROPERTIES MANAGEMENT CORP.,

                     Defendant (s).
_____x

**STIPULATION DISCONTINUING ACTION WITH PREJUDICE**

Index No. ~~22563/05~~ 25563/05

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the attorneys of record for all the parties to the above-entitled action, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed and no person not a party has an interest in the subject matter of the action, the above-entitled action be, and the same hereby is discontinued with prejudice, without costs to either party as against the other. This stipulation may be filed without further notice with the Clerk of the Court.

Dated: Carle Place, New York
        May 10, 2010

_____
WESTERMANN, SHEEHY, KEENAN
SAMAAN, AYDELOTT, LLP
Attorney for Defendant(s)
333 Earl Ovington Blvd; Suite 702
Uniondale, NY 11553

_____
LAW OFFICES OF NEIL MOLDOVAN, P.C.
By: Neil Moldovan
Attorney for Plaintiff(s)
One Old Country Road
Suite 270
Carle Place, NY 11514

2010 JUN -2 AM 10: 38
RECEIVED
QUEENS COUNTY CLERK

# Proposed Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                                        :    Chapter 11 Case No.
                                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                :
                                    Debtors.                        :    (Jointly Administered)
------------------------------------------------------------------x

# ORDER GRANTING DEBTORS' OBJECTION
# TO CLAIM OF ANITA BRYANT (CLAIM NO. 1557)

Upon the objection, dated April 2, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure to disallow and expunge the claim filed by Anita Bryant, Claim No. 1557 (the "Claim"), on the basis that the Debtors have no liability for the Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Debtors, their creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\43950891\01\58399.0008                    7

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                                               _____
                                                                               UNITED STATES BANKRUPTCY JUDGE