**<u>EXHIBIT H</u>**
**(60(b) Motion)**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## (GREENBELT DIVISION)

| | |
|---|---|
| **Arnold, et. al,** ) | |
| ) | **Case No: RWT 07-2617** |
| ) | |
| Plaintiffs, ) | **MOTION FRCP § 60(b)(2)** |
| ) | **and (4) -** |
| vs. ) | **"VOID ORDERS" AND,** |
| ) | **DISCOVERY OF EVIDENCE** |
| **CitiMortgage Inc., et. al.,** ) | |
| ) | |
| ) | |
| ) | |
| Defendants, ) | |

§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§§

### FRCP MOTION § 60(b)(2) and (4) - "VOID ORDERS" AND, DISCOVERY OF EVIDENCE

### I. RELEVANT CASES

1) **Case No. 04-0-05-000046 FC, CitiMortgage Inc. et. al., vs. Arnold and Cotten, 01/14/2005, Calvert County Circuit Court;**

2) **Case No. 55-06253-(bk), Docket No. 130, 06/19/2006, in Bk. Case No. 05-13246 TJC, CitiMortgage Inc. is Plaintiff Creditor, vs. Arnold and Cotten, Defendants,** 2nd Illegal Complaint to Foreclose & Lift Stay Action filed by CitiMortgage;

3) **Case No. 06-2056-(bk), 12/14/2006, Counter Defendant, Cotten in reply to Case No. 55-06253, Docket No. 130, 06/19/2006, Bk. Case No. 05-13246 TJC;**

4) **United States Federal District Court, Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart this Motion for Relief, FRCP § 60(b);**

All Fraudulently removed cases relate-back to 1st. Civil Case No. 04-0-05-000046 FC, 01/14/2005, and Bk. Adversary Case No. 55-06253-(bk), Docket No. 130, 06/19/2006, and Counter-Complaint, Bk. 06-2056, 12/14/2006, Cotten and Arnold, "Original Defendants", Bk. Case No. 05-13246 TJC.

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## II. CASE INDEX:NO. 1

I.      RELEVANT CASES………………………………………………………………..

II.     CASE INDEX No. 1 & 2………………………………………………………………

III.    CASES CITED No. 1, 2, 3, 4, 5, & 6…………………………………………………

IV.     FEDERAL AND STATE LAWS……………………………………………………....

V.      PRELIMINARY STATEMENTS……………………………………………………

VI.     COURTS JURISDICTION…………………………………………………………....

VII.    GENERAL MATERIAL FACTS……………………………………………………..

VIII.   ISSUES…………………………………………………………………………..

IX.     COURTS OF COMPETENT JURISDICTION……………………………………….

X.      COURTS WANTING OF SUBJECT MATTER JURISDICTION………………..

XI.     U.S. DISTRICT COURTS APPLIED LAWS UNEQUALLY AS TO
        AUTOMATIC STAY AND THE EFFECTS ON THE DEBTOR AND
        PROPERTY OF THE ESTATE AND THE RETURN TO STATUS QUO UPON
        DISCHARGE, DISMISSAL OR CASE CLOSURE……………………………………

XII.    TILA ABUSE OF DISCRETION OBJECTIONS AS TO UNEVEN
        APPLICATION OF LAWS……………………………………………………………

XIII.   LEGAL FACTS…………………………………………………………………………..

XIV.    COURTS ABILITY TO REVIEW DE NOVA THE LAWS FOR ABUSE OF
        DISCRETION……………………………………………………………………………

2

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## II. CASE INDEX:NO. 2

XV.    STANDARD OF REVIEW FOR MOTION TO SET ASIDE "VOID ORDERS" ON MOTION PURSUANT TO FRCP 60(b)(2)(4)…………………………………..

XVI.   JURISDICTION ARGUMENTS…………………………………………………..

XVII.  ARGUMENTS AND MEMORANDUM OF LAW………………………………….

XVIII. LEGAL ACTIONS BY CASES & PARTY POSITION CHRONOLOGICAL LITIGATION HISTORY………………………………………………………

XIX.   VERIFICATION……………………………………………………………

XX.    CERTIFICATE OF SERVICE…………………………………………………..

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 1

1.    Adams v. Administer Defense Servs., Inc., 901 F. Supp. 78, 79 (D. Conn. 1995)……..

2.    American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 951)…

3.    Arizonans for Official English v. Arizona, ... 520 U.S. 43, 117 S.Ct. 1055, 1071, 137
       L.Ed.2d 170 ... (1997)....Id., 118 S.Ct. at 1012-13……………………………………..

4.    Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc., 145 F.3d 660, (4th Cir. 1998)…...

5.    Baumlin & Ernst, Ltd. v.Gemini, Ltd., 637 F.2d 238, 242 (4th Cir. 1980)……………

6.    Benson v. State, 389 Md. 615, 653 (2005); Wormwood v. Batching Systems, Inc.,
       124 Md. App. 695, 700 (1999)…………………………………………………………...

7.    Broadcast Music, Inc. v. M.T.S. Enters., Inc., 811 F.2d 278, 280 (5th Cir. 1987)……..

8.    Bufalino v. Michigan Bell Tel. Co., 404 F.2d 1023, 1029 (6th Cir.1968)……………...
       California v. LaRue, 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d
       342 (1972)…………………………………………………………………………………..

9.    Capron v. Van Noorden, 2 Cranch 126……………………………………………………

10.   Carter v. Fenner, 136 F.3d 1000, 1006 (5th Cir. 1998)…………………………………

11.   Celotex Corporation v. Edwards, 514 U.S. 300, 313, 115 S. Ct. 1493, 1501, 131 L.
       Ed.2d 403 (1995)………………………………………………………………………….

12.   Central Laborer's Pension and Annuity Funds v. Griffee, 198 F.3d 642,
       644(7th cir. 1999)...……………………………………………………………………….

13.   Chandler v. Judicial Council of Tenth Circuit, 398 U.S. 74, 86—88…………………

14.   Christian v. College Boulevard Nat. Bank, 795 F.Supp. 370, 371 (D. Kan. 1992)……..

15.   Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 21, 116 S. Ct. 286, 290, 133
       L.Ed.2d 258 (1995)……………………………………………………………………....

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 2

16.     Coburg, 369 F.3d 811…………………………………………………………………...

17.     Compton v. Alton S.S. Co., 608 F.2d 96, 107 (4th Cir. 1979)………………………….

18.     Conway v. Delgado, C.A. No. 92-0905(JHG), 1992 WL 189428, at *2 (D.D.C. July 21, 1992)……………………………………………………………………………….

19.     Dawson v. Orkin Exterminating Co., Inc., 736 F.Supp. 1049, 1050 (D.Colo. 1990)…...

20.     Delta Am. Re Ins. Co., 900 F.2d 890, 892 (6th Cir. 1990)…………………………

21.     Eberhardt v. Integrated Design & Constr., Inc., 167 F.3d 861, 871 (4th Cir. 1999)…

22.     Elgin v. Marshall, 106 U.S. 578 , 1 S.Ct. 484……………………………………………

23.     Ex-parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)..…………………………..

24.     Fajen v. Foundation Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982)…………….

25.     Fisher v. Amaraneni, 565 So. 2d 84 (Ala. 1990)…………………………………………..

26.     Florence v. ABM Indus., 226 F.Supp.2d 747, 749 (D.Md.2002) ………………..

27.     Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, 135………

28.     Galvez v. Kuhn, 933 F.3d 773, 775 n.4 (9th Cir. 1991)……………………………..

29.     Guas v. Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992)…………………………………

30.     Healy v. Ratta, 292 U.S. 263, 270 , 54 S.Ct. 700, 703 supra part II……………………

31.     Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1130 (11th Cir. 1994)…………

32.     Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 (4th Cir. 1997)…………………………...

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 3

33.   International Science & Tech. Inst. v. INACOM Communications, Inc., 106 F.3d 1146, 1157 (4th Cir. 1997) (quoting Thomasson v. Perry, 80 F.3d 915, 928(4th Cir. 1996)...................................................................................................

34.   Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) 456 U. S.  694, 702(1982).........

35.   Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).....................................................................................

36.   King v. Ionization Int'l, Inc., 825 F.2d 1180, 1188 (7th Cir. 1987).........................

37.   Kline v. Burke Constr. Co., 260 U.S. 226, 234, 43 S.Ct. 79, 82, 67 L.Ed. 226 (1922)..........................................................................................................

38.   Kocher v. Dow Chem. Co., 132 F.3d 1225, 1230-31 (8th Cir. 1997)....................

39.   Laughlin v. Prudential Ins. Co., 882 F.2d. 187 (5th Cir. 1989).............................

40.   Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995)...............................

41.   Matthews v. Rodgers, 284 U.S. 521, 525 , 52 S.Ct. 217, 219..............................

42.   Matter of Eugene L. Pieper, P.C., 202 B.R. 294 (D.Neb. 1996)............................

43.   Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 326-27 (5th Cir. 1998)...........................................................................................................

44.   Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278, 97 S.Ct. 568, 571, 50 L.Ed.2d 471 (1977).................................................................................

45.   National Railroad Passenger Corp. v. National Assn. of Railroad Passengers, 414 U.S. 453, 465, n. 13............................................................................................

46.   New York Life Ins. Co. v. Brown, 84 F.3d 137, 142 (5th Cir. 1996)....................

47.   Norton v. Mathews, 427 U.S. 524, 531.........................................................

6

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 4

48.    Overby v. Overby , 457 S.W.2d 851 (Tenn. 1970)..........................................

49.    Powder Power Tool Corp. v. Powder Actuated Tool Co., 230 F.2d 409, 414 (7th Cir.1956)..............................................................................................................

50.    Roxbury Condo. Ass'n v. Anthony S. Cupo Agency, 316 F.3d 224, 226 (3d Cir. 2003).................................................................................................................

51.    Rook v. Rook, 233 Va. 92, 95, 353 S.E.2d 756, 758 (1987)................................

52.    Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049 (11th Cir. 2001)..

53.    Scott v. Communications Services, Inc., 762 F.Supp. 147, 150 (S.D. Texas   1991)...

54.    Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992)..............................

55.    Secretary of Navy v. Avrech, 418 U.S. 676 , 678 (per curiam).............................

56.    Lubben v. Selective Service System, 453 F.2d 645, 649 (1st Cir. 1972....................

57.    Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct. 510, 511,  28 L.Ed. 462 (1884)..............................................................................................................

58.    Moore v. Permanente Med. Group, Inc., 981 F.2d 443, 447 (9th Cir. 1992)...........

59.    Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S. Ct. 868,  85 L.Ed. 1214...................................................................................................................

60.    Stoll v. Gottlieb, 305 U.S. 165, 171- 72, 59 S.Ct. 134 (1938)..............................

61.    Scott v. Communications Services, Inc., 762 F.Supp. 147, 150 (S.D. Texas   1991)...

62.    Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)...................................................................................................................

7

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 5

63.  Snell v. Cleveland, Inc., 316 F.3d 822, 824, 826 (9th Cir. 2002) ...........................

64.  Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.....................................

64.  Sylvia, 48 F.3d at 819. SUSTAINED 473 U.S. 432, 440 (1985)...........................

66.  H. Rept. No. 1078, 49th Cong., 1st Sess., p. 17..............................................

67.  Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985)..........

68.  Townsell v. City of Kansas City, Kansas, Case No. 95-2339-KHV, 1996 WL 225194 (D.Kan. April 12, 1996)..........................................................................

69.  Transamerica Ins. Co. v. South, 975 F.2d 321, 325-26 (7th Cir. 1992)....................

70.  Tucker v. Tucker, 35 Md. App. 710, 373 A.2d 16 (1977)...................................

71.  Wall. 139 West v. Aurora City 73 U.S. 139, 18 L.Ed. 819, 6...............................

72.  United States v. Daniels, 902 F.2d 1238, 1240 (7th Cir. 1990)...........................

73.  United States v. Augenblick, 393 U.S. 348...................................................

74.  Victory Carriers, Inc. v. Law, 404 U.S. 202, 212, 92 S.Ct. 418, 425, 30 L.Ed.2d 83 (1971)...........................................................................................

75.  Victory Carriers, 404 U.S. at 212, 92 S.Ct. at 425..........................................

76.  Watts v. Pinckney, 752 F.2d 406, 410 (9th Cir.1985)........................................

77.  Waters v. Browning Ferris Indus., 252 F.3d 796, 797 (5th Cir.2001)........................

78.  West v. Aurora City, supra. See H. Rept. No. 1078, 49th Cong., 1st Sess., p. 1...........

79.  Williams v. Taylor, 529 U.S. 362, 412-13 (2000).........................................

8

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## III. CASES CITED, No. 6

80.  Wright, Miller and Cooper, Federal Practice and Procedure: Jurisdiction 3d §3731 (1998) supra, § 3522, at 61-62...........................................................................

81.  Wonder v. Southbound Records, Inc., 364 So. 2d 1173 (Ala. 1978)...................

82.  Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir.1990)............................

83.  Zoren v. Genesis Energy, **L.P.,** 195 F. Supp. 2d 598, 602 (D. Del. 2002).............

9

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## IV. FEDERAL AND STATE LAWS

### FEDERAL LAWS

28 U.S.C. § 455.(a)(b)(1)
28 U.S.C. § 144
404 U.S. § 202, 212,
28 U.S.C. FRCP § 60(b)(2)(4)
28 U.S.C. §1331,§ 1332, §1441(a), §1441 (b), §1446 (b),§1447(c)
United States Constitutional III Amendments § 1, 5 and 14
9 U.S.C. § 12

### UNITED STATES BANKRUPTCY CODE

Title 11 U.S.C. (§§ 101—112);
Title 11 U.S.C. Code § 101(31);
Title 11 U.S.C. Code § 547:
28 U.S.C. § 157:
11 U.S.C. § 362(a);

### FEDERAL CONSUMER

15 U.S.C. § 1607(e)(1).4
15 USC § 1611;
15 USC § 1625(B);
15 USC § 1615;
15 USC § 1635(b);
15 USC § 1641;
Reg. Z, Subpart B.

### MARYLAND LAWS

Maryland Constitution, Amendments 1, 5 and 14;
Maryland Rule § 7-105, Real Property.

10

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## V. PRELIMINARY STATEMENTS

**NOW COMES, "Original Defendants, Kathleen Arnold and Timothy A. Cotten",**
**in the above captioned case,** and, arising from the initial action filed in Calvert County
Circuit Court, Civil Case No. 04-0-05-000046 FC, declare they are, "Original Defendants"
for removal and other legal purposes in the above captioned case, this case, and at all times
hereto, CitiMortgage Inc. et. al., "(CMI)" are, the "Original Plaintiffs/Counter-Defendants of
both Civil Case No. 04-0-05-000046 FC and Bankruptcy Adversary Complaint to Lift Stay to
Foreclose, Case No. 55-06253, Docket No. 130, 06/19/2006 of Bk. Case No. 05-13246 TJC,
and, Counter-Defense Complaint, filed by Arnold and Cotten, "Original Defendants" to reply
Adversary Case No. 06-2056, 12/14/2006 Counter-Complaint, in Bk. Case No. 05-13246
TJC, see Attached Exhibits, Docket Sheets in Evidence, ( all attached exhibits are
incorporated into this motion by reference hereafter).

1.     **"Original Defendants, Arnold and Cotten",** further present reversible error and
abuse of discretion of the courts in dismissal of non-diverse defendant who was properly
served with summons, defendant "Congressional Funding Inc.", or, "CFI". The courts in
error during the January 26, 2010, did so on rushed assertions, wherein it was purported the
courts possessed a wanting of subject matter jurisdiction over CFI who purportedly was in
bankruptcy as of January 26, 2010. Those relied on assertions incorrect and were incorrect

11

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

the day of the hearing and caused improper dismissal of Arnold and Cottens claims against

defendants "CFI". The courts improperly dismissed the causes against CFI as opposed to

rendering due summary judgment for defendants default in answering the complaint, also an

abuse of discretion. The court failed to confirm these facts without first exercising what

would have been considered the usual judicial care, failing to at a minimum, confirm by

PACER CFM Courts system, those ill proffered statements. Instead the courts dismissed CFI

without further proof of the bankruptcy. In contrast, CFI was never in bankruptcy at all but

was merely a party to an action in the bankruptcy courts, therefore the claims against CFI

were improperly dismissed, see Attached Exhibits, (Pacer Bk. CFM Search of CFI), and is as

said, a reversible mistake and error by the courts, justly due to be corrected by this timely

motion FRCP §  60(b)(2) and (4) as it applies to VOIDS.

2.      This Motion to Set Aside for "Void", FRCP §  60(b)4 - arises out of the fraudulently

removed cases by "(CMI)" and the courts refusal to remand those cases nor hold a hearing

and render ruling as to the courts challenged jurisdiction that which may be reviewed because

Section 1447(d) does not bar review where the remand was based on a party's contractual

waiver of removal rights. In addition, appellate review is not barred on the issue of attorney

fees awarded under § 1447(c)., such fees were wrongfully awarded in this case. *See* Waters

v. Browning Ferris Indus., 252 F.3d 796, 797 (5th Cir. 2001); *In re* Delta Am. Re Ins. Co.,

900 F.2d 890, 892 (6th Cir. 1990). AND, *See e.g.*, Roxbury Condo. Ass'n v. Anthony S.

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

Cupo Agency, 316 F.3d 224, 226 (3d Cir. 2003); Moore v. Permanente Med. Group, Inc.,

981 F.2d 443, 447 (9th Cir. 1992).

3     "(CMI)" initiated all fraudulent removals knowing very well they were never

qualifying defendants entitled to avail themselves to removal pursuant to 28 U.S.C. §

1441(a)(e).

4.    By fact, the initial foreclosure Complaint giving rise to this action, raised no issue of

federal law and was filed by original plaintiffs "(CMI)"in the state Circuit Courts.

5.    Established, followed law dictates removal extends only to defendants and not to

plaintiffs and that a federal counterclaims does not qualify as an action *"arising under"* and

does not extend to those claims, see Shamrock Oil, 313 U.S. at 106; Holmes Group, Inc. v.

Vornado Air Circulation Systems, Inc., 535 U. A party seeking removal bears the burden of

proving their right to removal, "(CMI)" here, failed to carry their burden forward to the

courts, see also in, Steel Valley Auth. v. Union Switch & Signal Div. Am. Standard, Inc., 809

F.2d 1006, 1010 (3d Cir. 1987); Zoren v. Genesis Energy, **L.P.,** 195 F. Supp. 2d 598, 602 (D.

Del. 2002), "(CMI)" could never carry their burden to the courts because they were not and

are still not "True Defendants" who could never remove.

6.    Pursuant to the "Well Plead Complaint", the rule does not permit a counterclaim to

serve as the basis for the ***"arising under" federal jurisdiction §1331***, exactly as "(CMI)",

based their fraudulent rights to remove upon as well as relying further on a purported

13

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

"Diversity of Jurisdiction" which candidly, at the time of the removal, never and still does not exist, see In Holmes, the Supreme Court reiterated the primary reasons supporting the well settled rules on removal based upon federal claims contained in counterclaims and found accordingly:

> *"Allowing a counterclaim to establish "arising under" jurisdiction would also contravene the long standing precedents. The courts abused their discretion in applying the "arising under", (though "(CMI)", was barred from removal). The Courts reasonably found that to allow counter defendants such leave for acceptance or rejection of a state forum, would in fact make the counter defendants and would confer a power upon the defendant that would radically expand the "due regard for the rightful independence of state governments" Corp. v. Sheets, 313 U.S. 100, 109, 85 L.Ed. 1214, 61 S.Ct. 868 (1941)".*

7.    "The appropriate course [for a federal court] is to examine for subject matter jurisdiction constantly and, if, it is found lacking, to remand to state court if appropriate, or otherwise dismiss." *Because the right of removal is vested exclusively in true defendants, a plaintiff who has chosen to commence the action in state court cannot later remove to federal court, even to defend against the counterclaim, the case here and now brought correctly on this rule FCRP 60(b)4 Motion. See* 14C Wright, Miller and Cooper, *Federal Practice and Procedure*: Jurisdiction 3d §3731 (1998). The *"well-established rule is that*

14

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

*the plaintiff, who chooses the forum, is bound by that choice and may not remove the*

*case." Scott v. Communications Services, Inc.*, 762 F.Supp. 147, 150 (S.D. Texas 1991).

8.      By law and fact, "(CMI)" could never avail themselves to removal relief from a

counterclaim regardless even if pleading a Federal Matter Question raised as a

counterclaim.", (the case here in Arnold and Cottens case matters). *Metro Ford Truck Sales,*

*Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998).    The courts abused their

discretion in overlooking the fact A Plaintiff is the "Master of the Claim", The "well

pleaded".    This removal was 'improvident as is the case here in this instant matter and

without jurisdiction, see Adams v. Administer Defense Servs., Inc., 901 F. Supp. 78, 79 (D.

Conn. 1995) wherein they held ("It is axiomatic that in the usual case, removal can be

achieved only by a defendant, *who is by implication a party to the state-court action."*) and,

Conway v. Delgado, C.A. No. 92-0905(JHG), 1992 WL 189428, at *2 (D.D.C. July 21,

1992) (concluding that the parties seeking removal from state court did not have standing to

remove a case in which they were not defendants), like Arnold and Cotten, "(CMI)" did not

have the right to remove.

9.      "(CMI)" when deciding to foreclose fraudulently against Arnold and Cottens home

were at all times "the masters of their claims" and were bound to the courts they had selected,

those being, the Circuit Courts of Calvert County.    Federal courts have limited jurisdiction

and may only exercise that power prescribed to them by the Constitution or the United States

15

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co. of America., 511 U.S. 375, 377

(1994). "*A Defendant may remove a case which has originally been filed in state court to a federal district court pursuant* to 28 U.S.C. § 1441(a)", in the alternative, if,…..the district court has original jurisdiction over the matter"(CMI)" is not a defendant and never was a defendant but is the "True, Original Plaintiff" and was never vested with removal rights as narrowly granted by law.

10.    All actions arouse out of "(CMI)" fraudulent foreclosure actions against Arnold and Cottens property. "(CMI)" knew by fact and law they were prohibited and barred from removal because they first, waived their rights in failing to remove then, (though they were barred), the first affirmative action case, (5th Case No. 04C07000353, 03/20/2007, Calvert County Circuit Courts). "(CMI)" were never "True and Original Defendants" in the 2 Initial Foreclosure Cases" and are not a party who may avail themselves to removal options, no matter when nor how or if Arnold and Cottens counter-claims are ones raising Federal Question.

11.    The courts abused their discretion upon failing to conclude these facts based on pleadings, inferences and other reasonable investigations into"(CMI)"purported removal rights. Had the courts not abused their discretion in failing to burden "(CMI)", the removing party, to carry their burden onto the courts at the outset of the case and the behest of Arnold and Cottens objections, the courts would have, and should have, properly concluded the case

16

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

was not one that could be removed.

12.    Repeatedly Arnold and Cotten stated these case facts, clearly relating them back to their Initial Counter-Claims Defensive Claims.

13.    "(CMI)", deceptively omitted the "Related Cases" from their Case Removal Intake Forms, doing so with the expressed intent of misleading the courts as these omissions clearly did mislead the, causing unreasonable reliance on these deceptive forms by the courts and is an unmistakable knowing fraud onto the courts by "(CMI)" and their legal agents.

14.    In fact, these omissions made by "(CMI)" damaged Arnold and Cotten and grossly prejudiced them to the courts; notably the Courts Admonished and flogged Arnold and Cotten in one of their "Orders" "indicating the parties had closed on a loan and then Arnold and Cotten filed a "plethora of lawsuits". By fact this was a false and prejudicial assumption drawn directly by the courts from the "(CMI)" removal case intake forms. The courts admonishments were that Arnold and Cotten, out of the blue sky, just randomly and devoid of cause sued "(CMI)". Had the Intake forms been filled out correctly by "(CMI)", the courts may not have been prejudiced but instead would have realized Arnold and Cotten were defendants and may have valid claims due redress by way of counter-claims for the injuries sustained by "(CMI)" and, as provided by law, therefore the courts abused their discretion in drawing these unfounded conclusions wrongfully and in error.

15.    Had the courts known of those two initial foreclosure cases in which"(CMI)" was at

17

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

all times, the true and Original Plaintiffs, the fraudulently removed cases would have been remanded and sanctions should have been rightfully imposed by the courts for such deliberate deception and fraud onto the courts.

16.     To the detriment of Arnold and Cotten, and for the benefit of "(CMI)", "(CMI)", deceptively omitted from all removal forms their two fraudulent foreclosure actions that started "the purported plethora of lawsuits", not Arnold and Cotten as the courts wrongfully found. "(CMI)" left these "related cases" off of the removal forms intentionally and with the intent to deceive the courts as they so did, because in providing the required information, "(CMI)" could not justify any right to remove and in answering the removal case intake forms factually and honestly, these facts would have been known from the outset and removal would have and should have been denied. The Court must *sua sponte* review all removed actions to confirm that federal jurisdiction is proper. 28 U.S.C. § 1446(c)(4) (stating that the "district court in which such a notice [of removal] is filed shall examine the notice promptly"); *Snell v. Cleveland, Inc.*, 316 F.3d 822, 824, 826 (9th Cir. 2002) (explaining that a "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time"); *Galvez v. Kuhn*, 933 F.3d 773, 775 n.4 (9th Cir. 1991) (defects in jurisdiction can be raised *sua sponte*, whether the parties raise the issue or not). Under 28 U.S.C. § 1441(a), an action must be "fit for federal adjudication when the case is removed, in contrast to the court's ability to remand *sua sponte* for procedural defects upon removal. *See Kelton Arms Condominium*

18

diligence extending well beyond the superficial misrepresentations stated by "(CMI)" on the Removal Case Intake Forms provided by the removing party, "(CMI)", in their fraudulent attempts to illegally retain the federal courts jurisdiction. It is established law, the burden of proof lies with the party seeking removal and that party is charged with the burden of proving the grounds necessary to support removal, including compliance with procedural requirements, clearly lacking here in this case now on motion, *See Christian v. College Boulevard Nat. Bank*, 795 F.Supp. 370, 371 (D. Kan. 1992); *Dawson v. Orkin Exterminating Co., Inc.*, 736 F.Supp. 1049, 1050 (D.Colo. 1990); *Laughlin v. Prudential Ins. Co.*, 882 F.2d. 187 (5th Cir. 1989).

19.    The courts abused their discretion in refusing to force "(CMI)" to carry their burden forward onto the courts. Arnold and Cotten noticed the courts repeatedly they lacked jurisdiction and that there was no diversity of citizens at the time of removal because CFI and Martin Dennis both resided in the forum state of Arnold and Cotten, Maryland. Not even the courts erroneous dismissal of defendant CFI, based on an erroneously purported bankruptcy filings by CFI, still could never grant onto the courts complete diversity of jurisdiction, (immaterial here however because "(CMI)" are plaintiffs, and could never remove the TILA counter claims of Arnold and Cotten).

20.    Defendants CFI was never in Bankruptcy and in fact, was properly served with the complaint. CFI failed to appear nor answer the complaint with a default judgment due to be

granted not an order of dismissal.

21.     A PACER Court System CFM, public bankruptcy case search shows CFI was never in

Bankruptcy as of the hearing on January 26, 2010, and the erroneous entry of the courts

Order dismissing the case. Arnold and Cotten could not address this surprise revelation

during the hearing but did expect that at a minimum, due diligence would prevail and the

courts would have at least performed a PACER Courts System case search, doing so during

the hearing as oppose to merely accepting false and unsubstantiated proffered information,

information patently wrong, presented with the sole intent, just as it did, to mislead the courts

and trick an entry of dismissal.

22.     The courts err in dismissing the case against CFI in what could appear to be an

attempt to wrongfully extend jurisdiction to the courts, (noting this very notion is flawed if it

were legally factual but, by fact, wrongfully dismissing CFI, still never entitled "(CMI)" to

fraudulently remove any of the cases because they are the true, original plaintiffs who have

been subjected to counter claims and are otherwise not defendants and are barred from

removal.

23.     Had the federal courts functioned as statutorily mandated in removal matters, being

courts of limited jurisdiction, they would have demanded the case Removal Intake Forms be

completely and correctly filled out and that "(CMI)" be forced to carry their burden of right

to remove onto the courts, with the courts abusing their discretion in failing to enforce these

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

statutory mandates and the Removal Statutes be Strictly Applied. Because there is a presumption against removal jurisdiction, the court must strictly construe the federal removal statute and resolve all doubt in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The courts abused their discretion in failing and refusing to remand as doubt was correctly raised with legitimate and timely challenges to the courts standing and "(CMI)" being barred from removing their counterclaims.

24.     The District courts abused their discretion in refusing to ensure accuracy in the removal forms, as mere superficial recitals of statutes and conclusions are not sufficient reasons do confer nor act to establish legal authority and rights to removal that grant the Federal Courts Subject Matter Jurisdiction, what was lacking at the entry of the courts orders in these grave matters and is still lacking and that must be corrected by this motion to "Void and Set Aside".

25.     All Case Removal Intake Forms failed to join all parties to the removing complaint as mandated and, the courts refused to accept these challenges in error when they overlooked all of Arnold and Cottens timely, technical and subject matter jurisdictions challenges to removal; the lacking of complete diversity of citizens of the removing parties also, see Attached Exhibits, Case Dockets, Arnold and Cottens timely removal objections to technical removal fatalities with the removals being fraudulent as correctly and rightfully alleged. *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1049, (11th Cir. 2001) and  Guas

22

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

v. Miles Inc., 980 F.2d 564, 566 (9th Cir. 1992). The court refused to remand and refused to

defend subject matter jurisdiction therefore review is permitted.

26.    The courts violated Arnold and Cottens "Due Process Rights", a right to be heard and

to receive redress of their claims in a forum which the law provides, that being their State

Courts; plaintiffs "(CMI)" are barred from removal to federal courts and were the masters of

their complaints. "(CMI)"sued in the Circuit Courts of Calvert County and were not allowed

to remove their counter complaints to the federal courts regardless of their being named as

defendants.    The courts abused their discretion in not drawing reasonable inferences from

these facts that were contained in Arnold and Cottens pleadings, motions and many and

timely demands for remand.

27.    Fact is, all of these things collectively should have put the U.S. Federal District Courts

of Beltsville on a more then reasonable Notice the removals were fraudulent and defective

and that this created doubts that were real and that the courts had a duty to question, abusing

their discretion in refusing to exercise such diligence and definitely when failing to resolve

the matters by remand with the presumption against removal jurisdiction, the court must

strictly construe the federal removal statute and resolve all doubt in favor of remand. *Fajen*

*v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

28.    The courts had to conclude at some time and point "(CMI)" was not a defendant who

could avail themselves to removal relief therefore these federal District Courts at all times

23

lack subject matter jurisdiction pursuant to 28 U.S.C. § 1441.

29.     Leaving out the above errors with the removal case intake form and the illegitimacy of
the fraudulent removals, once the court read the complaint, it would have become apparent
beyond doubt through inferences made in the well plead complaint, the removing parties
"(CMI)", were not in fact "Defendants" vested with right to remove because "(CMI)", was at
all times relevant thereto, and is, for removal purposes, the "Original Plaintiffs"; these party
facts, underscore the motivational causes and considerations for "(CMI)" to fraudulently and
knowingly by intention, omit their two previous illegal foreclosure cases wherein they are the
"Original Plaintiffs", see Attached Chronology of Cases.

30.     Arnold and Cotten present correctly on this motion, in this motion to "Void and
Set Aside" the courts void orders for wanting at all times of subject matter jurisdiction
pursuant to 28 U.S.C. § 1441, plaintiffs may not remove and "(CMI)", are the true
plaintiffs with no counter claim changing these facts whatsoever. Arnold and Cotten seek
a Demand for Orders of Remand from these Courts because at no time ever, did these
courts obtain or possess jurisdictional authority and lack subject matter jurisdiction
causing this courts orders to be "Void Orders" and are, "Voids" and "Nullities", *ab initio,*
at inceptions; as such, Arnold and Cotten are seeking due and just relief from this Courts
Wrongful Orders and that they be declared "VOIDS".

24

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

31.    By law and fact, Arnold and Cotten should have been granted remand of their cases fraudulently removed, 28 U.S.C. §1447(c). *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 71 S.Ct. 534 (1951). In addition, the court can, and should raise lack of subject matter jurisdiction on its own motion, *sua spontra*. See *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("If the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). S*ua sponte* remand for procedural defects is also permissible in Kansas. See *Townsell v. City of Kansas City, Kansas*, Case No. 95-2339-KHV, 1996 WL 225194 (D.Kan. April 12, 1996). This motion to "Void and Set Aside is made Pursuant to FRCP § 60(b)4, for the courts wanting of Subject Matter Jurisdiction, and at all times relevant thereto, Arnold and Cotten are the "Original Defendants" as defined by law for Removal Purposes.

32.    **This Motion to Set Aside, Void and Remand**, arises from all Fraudulently removed Cases from the Circuit Courts of Calvert County by "Original Plaintiffs" "(CMI)". Arnold and Cotten, are the "Original Defendants", see Attached Exhibits, Calvert County Circuit Court, Civil Case No. 04-0-05-000046 FC, and, Bankruptcy Complaint to Lift Stay to Foreclose, Case No. 55-06253, Docket No. 130, 06/19/2006, in Bk. Case No. 05-13246 TJC and Counter-Defense Complaint, Case No. 06-2056, 12/14/2006 Counter-Complaint in Bk. Case by Arnold and Cotten, in Bk. Case No. 05-13246 TJC.

33.    Arnold and Cotten "framed-up" and initiated their counter-defenses against "(CMI)",

25

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

therefore "(CMI)", knew, at all times they were never a defendant party who could remove

the case to federal courts, regardless of counterclaims raising federal questions, removal was

clearly barred.  "(CMI)", desired to escape liability from Arnold and Cottens State Courts.

## VI. COURTS JURISDICTION

34.    Jurisdiction is as correct as can be for this motion in as much as this motion is dealing

with the intrusion of the Federal Courts into Arnold and Cottens matters without jurisdiction

to have done so.

35.    This court entered its Order on January 26, 2010 and this Motion is being filed on

January 10, 2011, less then one year and as soon as practical, exhausting all other relief.

36.    These Honorable District Courts had no authority to preside over the fraudulently

removed cases and abused their discretion in so doing therefore making of their orders as

"Void Orders" that are "Legal Nullities" for the Federal District Courts wanting of "Subject

Matter Jurisdiction" in all Removed Cases and hearing because Arnold and Cotten are the

"Original Defendants" therefore, beyond doubt, Plaintiffs "(CMI)", lacked authority to ever

legitimately remove any case from the state courts even though they were characterized as

defendants in the counter claims filed by Arnold and Cotten. "(CMI)"knew they were *"not*

*the sort of defendant permitted to avail themselves to removal"*.  "(CMI)", deceptively and

fraudulently removed Arnold and Cottens cases, time and time again from their state courts

with the intention to, as it did, cause them harm, undue delay, frustration and denial of

26

redress and due process and in the forum of their choosing, as provided by law.

37.    28 U.S.C. § 1331, to remove a case "arising under" federal law, 28 U.S.C. § 1446(b)

provides that the case stated by the initial pleading must, in the first instance, be removable:

Foreclosure was the first case filed by "(CMI)" in the Circuit Courts of Calvert County and

would not have been removable ever by "(CMI)".

38.    Arnold and Cottens counterclaims could never form the basis for invoking removal to

federal court. *See also Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th

Cir. 1985) ("*The federal question defendants raise in their counterclaims does not provide

a basis for removal.*"). Therefore, although in their counterclaim Arnold and Cotten assert

that Plaintiff "(CMI)" violated federal law, the counterclaims fraudulently removed to federal

courts, (all cases), cannot serve as the basis for invoking federal jurisdiction, only "True

Defendants are allowed to remove" thus defendants cannot bring their counterclaims to

federal court.

39.    The serious problems with "Subject Matter Jurisdiction", based on the pleadings, the

courts should have recognized their abuse of discretion at some time and immediately

remanded the cases to State court for failure of the complaint to constitute a suit that may be

removed under the 12th Section of the Judicial Act., see, 73 U.S. 139, 18 L.Ed. 819, 6 Wall.

139 West v. Aurora City., December Term, 1867, see See H. Rept. No. 1078, 49th Cong., 1st

Sess., p. 17. "*If, in reenacting in substance the pertinent provisions of 12 of the Judiciary*

27

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

*Act, Congress intended to restrict the operation of those provisions or to reject the construction which this Court had placed upon them, by saving the right of a plaintiff, in any case or to any extent, to remove the cause upon the filing of a counterclaim praying an affirmative judgment against him, we can hardly suppose that it would have failed to use some appropriate language to express that intention.*"

40.    In Shamrock Oil and Gas Corporation v. Sheets, 313 U.S. 100, 61 S. Ct. 868, 85 L. Ed. 1214, *the Supreme Court held that the filing by the defendant in a suit in a State court of a counterclaim setting up an independent cause of action does not confer upon the plaintiff the right of removal, this applies here and must be applied.*

41.    Appellant courts are to look to the supreme courts words, "Quoted further from the Court's opinion in the Shamrock case at page 108 of 313 U.S., at page 872 of 61 S. Ct., 85 L. Ed. 1214": "*Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. 'Due regard for the rightful independence of state governments, which should actuate federal courts, requires that they scrupulously confine their own jurisdiction to the precise limits which the statute has defined* ."

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

42.      These Courts abused their discretion in presiding over and exercising jurisdiction they could not gain legally in all illegally and fraudulently removed cases. The power reserved to the states [313 U.S. 100, 109], under the Constitution to provide for the determination of controversies in their courts, and may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution. Arnold and Cottens injuries arouse from "(CMI)", 2 fraudulent foreclosure actions, therefore the case was not one that the federal District Courts would have had initial jurisdiction over.

43.      While this honorable courts orders are "Void" due to lack of subject matter jurisdiction and cannot make a finding as to these matters, Arnold and Cotten maintain also these courts misapplied the laws and TILA statutes even going against settled law of this very court. Arnold and Cotten exercised their extended right to rescind the loan for material disclosure violations affecting the amount financed, the interest rate, the total of payments and the cost of the credit disclosures. The evidence is plead in the Complaint and Evidence Submitted by both parties and is a part of the record, the courts need not look any further. The record reveals there are unresolved controversies and technical violations of the "Act" affecting Arnold and Cottens extended rights to rescission with summary judgment issued in error and not supported by the case file facts and exhibits entered thereto that clearly support rescission for material disclosure violations was proper and timely issued.

44.      Consumers have an ongoing right to rescind as an affirmative defense and may seek

29

redress far past the three-year statute of limitations by equitable remedy of recoupment, a remedy that well exceeds the three-year statute of limitations under "TILA", a statute of repose.

45.    The equitable provisions under TILA allow that rescission may be used as a bases of counter defense and can be issued in counter-defense of a foreclosure action as Arnold and Cottens rescission was so issued in counter-defense of "(CMI)", in response to their illegal foreclosure actions.

46.    Notably Arnold and Cotten issued rescission within......the three year extended right to rescind; there was no default of mortgage payments.

47.    Importantly, 9 U.S.C. § 12, equitable tolling is to be applied unless a statute expressly prohibits the tolling of a specific statute; no prohibition exist for a consumer to exercise their extended rights to rescission for material loan disclosure violations as detailed in the appellants 4th amended complaint, rescission being timely at all times therefore Arnold and Cotten take issue with the uneven, misapplication of the law that of which is contained in the case file and is free and independent of the case history that is not needed to draw the same inferences and conclusions of law that will support these assertions the District Courts misapplied the laws unequally.

48.    Pursuant to TILA Violations 15 U.S.C. 1641, an enforcement action may ensue up to one year from the date of default of the offending creditor thus making the latest time

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

appellants could have brought their affirmative counterclaims defense lawsuit being far later then August 27, 2007.

49.     The courts error in applying case relation back requirements and TILA criminal liability statutes to an offending creditor for refusing to rescind the loan and application of legal remedy requirements available to the offending creditor to seek out an injunctive order within the same 20 days they are allowed to complete the acts of rescission.

50.     Arnold and Cotten at all times relevant thereto the rescission, were willing, ready and poised to tender, requesting time and again repeatedly payoff statements reflecting the effects of the rescission, reiterating this was 2006 and mortgage loans were still readily available to Arnold and Cotten, even though "(CMI)" had destroyed their credit with fraudulent reporting and illegal collection of a debt not due and owed nor was ever in default.

51.     These Federal courts have abused their discretion when failing to apply the laws equally and fairly in all matters before the District Courts.

52.     The District Courts undermine all faith Arnold and Cotten would hold in the federal courts based on their unconstitutional behavior in administering their fraudulently removed cases and eschewing of the laws just in the removal matters alone yet, the wrongful application of BK Stay on Legal Claims of the Estate and legal mutilation of the strict technical requirements of the courts under TILA, the "Act".

53.     The courts have misapplied the laws in the fraudulent removals alone, Arnold and

31

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

Cotten have been oppressed and denied additionally their due process and access to redress in the Courts of their forum, those being Maryland State Courts.

54.    Arnold and Cotten were never met by bar to seek out redress for creditor violations of "TILA" with no case and record evidencing any such legal facts. The courts should have been well able to infer from the case record Arnold and Cotten were met with any bar in brining their TILA Violation Cause case.

55.    The courts further abused their discretion in their continuing to preside over non-removable State Law Claims and when allowing parties not restrained by strict mandatory statutes to remove cases to Federal Courts, the Plaintiffs "(CMI)", intentionally disrupted Arnold and Cottens state case and their litigation.

56.    Because the "Order is Void" as a matter of law, Arnold and Cotten are being detained further by these courts in that not only may Arnold and Cotten seek relief under Rule 60(b)4, so can the violating defendants should ever they have such whim or need and therefore such void "Orders" have create uncertainty and undermine the judiciary system.

57.    In the Courts allowing the fraudulently removed cases, the Federal Courts have traveled well beyond their jurisdictional territory with all "***Orders being Nullities***" and "***Voids" ab initio.***", the District Court never had jurisdiction over the cases and could not gain authority because "(CMI)", was the sort of defendant barred from removal.

32

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

## VII. GENERAL MATERIAL FACTS

58.    The U.S. District Courts of Maryland, Beltsville, seems to have willfully engaged in a method, either freely or for other Political and Judicial Agendas, that is contrary to those orders to the Court Mandating Due Process, Equal Access and Equal Application of the Peoples Laws.

59.    These District Federal Courts have neglectfully mishandled all fraudulent removals of Arnold and Cottens cases from their Circuit Courts of Calvert County by litigants, "(CMI)",, who failed at all times to meet removal defendant criteria established by Supreme Courts Removal Dictum, "*a Plaintiff is barred from removal relief*".

60.    "(CMI)", removal frauds rest on the Removal Forms, Court Case Intakes Forms wherein, "(CMI)", knowingly Omitted from the Case Removal Forms all "Related Case Information", those which include their two illegal foreclosure actions and Arnold and Cottens Counter-Claims and Adversary Complaint, (*Cotten and Arnold are the defendants in these actions*).

61.    Arnold and Cotten contend "(CMI)", sought dismissal of "(CMI)", **Case No. 04-0-05-000046 FC, CitiMortgage Inc. et. al., vs. Arnold and Cotten, 01/14/2005 and closed on 01/9/2007,** the state court foreclosure claims expanding far and well over one year after the case was filed therefore another reason as to fraudulent removal, No Diversity of Parties, and Federal Question, purported to grant right to remove by "(CMI)" yet not proven to

33

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

sufficiently grant removal jurisdiction and, most importantly, fraudulent removals under the guise of "arising under" federal question jurisdiction as asserted by "(CMI)", a plaintiffs counter claims brought by defendants are not removable.

62.     The District Courts after being put on notice there were more then legitimate disputes and causes to Arnold and Cottens objections to the fraudulent removals of all cases by "(CMI)", and that the courts were on guard, that in their proceeding without defending first their challenged jurisdiction, they not only exercised powers well beyond their judicial authority and traveled beyond the courts boundaries, acting to detain by force and restraint, Arnold and Cotten in these federal courts, denying them from seeking their due redress in the forum of their choosing, the courts ignored their statutory mandates that the Removal Statutes be Strictly Applied. Because there is a presumption against removal jurisdiction, the court must strictly construe the federal removal statute and resolve all doubt in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).  The courts refused to uphold their judicial mandates here in these matters.

63.     These District Federal Courts exhibited extreme and severe abuses of discretion in their prejudicial treatment of Arnold and Cotten, when refusing to afford the same and equal applications of the laws as guaranteed them under law and decidedly gave preferential treatment of the law  "(CMI)" they were not judicially due to receive because they had knowingly and fraudulently removed the cases, there was no mistake in these actions

34

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

whatsoever.

64.    As a direct and proximate result thereto, these courts and "***Original Plaintiffs***"
"(CMI)" have caused, and continue to cause, severe harm, disruption, frustration, and
insuperable barriers to justice, those which cause further Delay and Loss of Opportunities
justly due the "***Original Defendants***", Arnold and Cotten, in their state forum to which
Arnold and Cotten have right to choose, and did so choose their State Courts to bring their
counterclaims in the forum where the claims arouse out of free of harassment, delay and
upset and have reasonable right to rely on equal applications of these laws to their ends.

65.    The Federal Courts would not have had ever "Original Jurisdiction" if the originating
foreclosure case could be or were filed in the U.S. District Courts of Beltsville, MD, Prince
Georges County: The Foreclosure case is an Action by Plaintiffs "(CMI)", Case No. 04-0-05-
000046 FC, 01/14/2005, Calvert County Circuit Court Case and is the Originating Case that
began all ensuing litigation.

66.    The Competence of the U.S. District Courts discretion in the Fraudulently Removed
Cases is Justly Concerning, Questioned and Challenged by Arnold and Cotten as these courts
proceeded to knowingly trespass on the law by courts who lacked capacity at all times over
the Issues and Parties of the fraudulently removed cases.

67.    Congress expressly limited Federal Courts Jurisdictional Powers and especially so in
Removed Cases, realizing the harm that could come out of wrongfully and fraudulently

35

removed cases from state courts, just as Arnold and Cotten have been wittingly frustrated, delayed and harmed by this uneven and wrongful application of clear law.

68.    Congress has long perceived these fraudulently removed cases would acquire a most grave threat, and that federal courts would usurp state courts' residual jurisdiction authority, a threat that is very real and is precisely what has occurred here in these instant matters in which relief from these "Void and Null Orders" is justly being sought out by Arnold and Cotten in this FRCP 60(b)4 Motion.

69.    The Federal Courts abused their discretion in failing to examine continuously their right to jurisdiction as had they removed political persuasions and discretion and applied the laws as the courts are charged with such duty with strictness in removal and jurisdictional disputes, the courts would have had to identify, *sua spontra,* at some point and time over the three year plus long period the District Courts wrongfully detained Arnold and Cottens case and in which Arnold and Cotten were oppressed by the courts abuse of discretion and detained by the overreaching of these federal courts, as it had to have become apparent in one of their four amended complaints, Arnold and Cotten were complaining of injuries sustained at the hands of "(CMI)" and their two illegal foreclosure actions and that logically speaking, "(CMI)" could not be a Defendant accorded the legal right to removal ever, how did these Federal Courts get this so very wrong, or, why did they? The courts clearly abused their discretion in getting these facts wrong, which is clear however, as a result thereto, lacked

necessary subject matter jurisdiction to preside over these matters.

70.     Why were Arnold and Cottens motions never answered and they not afforded an opportunity to be heard with the courts prejudicially treating them with a lesser regard then their adversaries "(CMI)"?

71.     The District Courts further abused their discretion in failing to recuse, as it is apparent these courts have acted in a prejudicial manner when favoring one party so much that they refuse the duties of their position and refuse to treat parties and laws equally and fairly in administration upon refusing to defend subject matter jurisdiction as the courts were required. This type of judicial abuse and overreaching is exactly what Congress sought out to stem and protect their citizens against, Arnold and Cotten here in these matters.

72.     The courts abused their discretion in determining their Subject Matter Jurisdiction as for fact and in particular to Removed cases, those which mandate a greater care of handling by the courts; it appears the courts shrugged off their duty to investigate, refusing to venture beyond the exterior, shallow and superficial surface of "(CMI)", Case Intake Forms, something these courts possessed a binding duty to ensure care be exercised in removals based on superficial proffers and incomplete forms, all justly challenged by Arnold and Cotten timely pleads in addition to their pleads to wanting of Subject Matter Jurisdiction of the Courts, the courts denied Arnold and Cotten equal treatment of the law, due process, redress, and equal access to the courts, violating their protected constitutional rights of due

37

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

process in so doing.

73.     The courts possessed a much greater burden upon removal, a duty to go beyond the superficial surface of words, recitals of statutes, conclusions of law on the Case Removal Intake Form and were to exercise judicial prudence and due diligence, that would guide them to journey to the ends necessary to establish their jurisdiction beyond doubt; as such, the courts failed to investigate omitted facts by the removing party "(CMI)", and accepted in error these recitals of statutes, words and statements of proffered entitlement to remove.

74.     "(CMI)", clearly did not carry their burden to remove onto the courts and the courts clearly ignored "(CMI)" infirmed removal statements as legal facts, "(CMI)", was never a defendant who could remove and in their omitting the related cases and foreclosure cases, by actions of these frauds, gained access to the Federal Courts they otherwise did not have right to admittance.

75.     None of the deficient Removal Forms identifies the cases related, the two foreclosure cases that are, and remain, the nexus of Arnold and Cottens injuries as do their TILA injuries and other well plead consumer injuries alike.

76.     Had the courts read the complaints in the proper light and examined the case records, it would have concluded some three years sooner, the removals were fraudulent because "(CMI)" was not a defendant who could avail themselves to Removal Remedies that raises questions as to exactly why "(CMI)" and their legal agents not know these material facts and

38

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

how did the courts miss case inferences as to these facts plead?

77.    These grave material facts then must rationally draw into question exactly what the federal courts are attempting to accomplish in their acts of judicial defiance as to established black letter law; one may reasonably infer by their actions contrary in the law, the Federal Courts may possess other agendas such as political and judicial agendas that decidedly happen to rest outside the alignments with the Maryland and United States Supreme Courts Laws governing Removals and Mandated Limitations placed on Federal Courts Jurisdiction.

78.    Throughout the whole of these matters and thru even the appeal process, Arnold and Cotten have justly challenged the federal courts lack of subject matter jurisdiction and that, all, these challenges have gone unanswered to this very day and in stark contrast of exactly what is not suppose to happen in cases that are fraudulently removed and in which a party justly challenges the courts Standing Orders of Removals as Cotten and Arnold so did repeatedly and do now yet still, the cause of their valid Motion to Void and Set Aside the courts orders.

79.    The District Courts pushed their jurisdiction onto Arnold and Cotten when by law and fact they had no right to exercise any jurisdiction at all over the parties and the issues raised in the fraudulently removed cases and had they not abused their discretion, and, had they afforded Arnold and Cottens motioned hearings, it is thought jurisdictional issues could have been resolved three years sooner and at a far less cost to Arnold and Cotten.

39

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

80.    The District Courts have acted in a manner so as deny constitutional redress rights and have burdened Arnold and Cottens fundamental rights under their constitutional Amendments 1, 5 and 14 and have exercised a jurisdiction denied those federal courts by the clear and unambiguous Supreme Courts Removal Case Laws followed to date in Shamrock Oil, West vs. Aurora and Holmes.

81.    The courts must sustain constitutional protections and equal application of the laws of the land.

82.    The federal courts are courts of limited jurisdiction for very good concern of federalism that which is real and present when a court attempts to further agendas whether those be political and or judicial agenda matters, pushing them onto states and their citizens for who they do not have such authority or right over, exactly what has occurred in this instant case at bar.

83.    Arnold and Cotten are under consumer protection classification of citizens and maintain the federal courts must sustain those laws as opposed to flouting these laws and mandates when acting without authority in attempting to modify, alter and exceed judicial rights these courts never possessed by clear, applied and followed law.

84.    The federal courts in their overreaching have overlooked the applied rational basis of scrutiny, which presumes the Consumer protection and debtors rights under the laws enacted by government legislation and are to be valid so long as "the classification, (Arnold and

40

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

Cotten are Consumers), and are rationally related to a legitimate state interest."

85.    Such a classification of Citizen, as does in TILA, Bk. and the Fraudulent Removals, may appear on the face of the legislation or may be demonstrated by the plaintiff to have been intentionally utilized in the government's administration of the law. See Sylvia, 48 F.3d at 819. SUSTAINED 473 U.S. 432, 440 (1985) (citations omitted); see Front Royal & Warren County Indus. Park Corp. v. Town of Front Royal, 135 F.3d 275, 290 (4th Cir. 1998) (citations omitted).

86.    The legislation must be sustained "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification." International Science & Tech. Inst. v. INACOM Communications, Inc., 106 F.3d 1146, 1157 (4th Cir. 1997) (quoting Thomasson v. Perry, 80 F.3d 915, 928 (4th Cir. 1996)).  These mandates were ignored, pushed to the side and and overlooked by these federal courts. See Case Chronology of Cases and Parties, XVIII.

## VIII. ISSUES

87.    Arnold and Cotten declare their rights to obtain redress and a rendering of due process of their claims and injuries sustained at the hands of the offending removing plaintiffs and as a proximate result, have a right to expect these claims will be heard by an impartial and unbiased court of law, and by a fact finder who is disinterested and possesses free of conflicts

all and any duties owed to either party.

88.     The District Courts September 12, 2008 Multiple Case Disposition Order, see Attached Exhibit, Contained No Supporting Proof as to the Courts Meeting their Jurisdictional Duty to Removal and Subject Matter Jurisdictional Challenges, failing to ever carry the courts burden forward in proving jurisdiction explanations upon refusing to establish proof of subject matter jurisdiction, the District Courts never had and could never have acquired jurisdiction due to the removing party, "(CMI)", not being a class of "Original Defendant" allowed to avail themselves by law to removal relief, as such, the courts abused their discretion in refusing to hear and ignoring these legal facts.

89.     In eschewing the Federal Courts duties as to just challenges to Jurisdiction, the courts, 1) failed to apply the law fairly and equally as guaranteed by law, 2) denied Arnold and Cotten their right to redress of their injuries in the forum of their state court and dong so free from vexatious, expensive disruption to the litigation, 3) denied equal access to the courts and 4) abused its discretion in so doing all, with which resulted in misapplication of Established Laws of the Supreme Court Removal Rulings and Dictum and Consumer Laws alike.

90.     Fraudulent Removals wrongly convey jurisdiction to Federal Courts they otherwise would not have and could not have attained by any legal means, what has occurred here and must be corrected by an "***Order to Set Aside as Voids and Remand of All Cases***

### *Fraudulently Removed*".

91.    Federal courts are known to seat themselves in matters in which they lack jurisdiction

in doing so in direct contravention as to schemes rooted not in due process and the doing of

the peoples work but in the courts own agendas, those which congress has vowed to protect

citizens against in limiting those federal courts powers and jurisdiction as they so did in

removal jurisdiction.

92.    A watchful eye must be lent at all times to protect against those Federal Courts of

limited jurisdiction from their overreaching tentacles, traveling beyond their granted

boundaries, just as they have done in these very same matters regarding Arnold and Cotten

and the fraudulent removals by "(CMI)".

93.    The Federal Courts have acted in a manner consistent with overreaching, doing so

without legal compass nor sight. One must infer the courts cause and interest in proceeding

in matters in which they lack clear jurisdiction is not one associated to the works of those

courts citizens, the people. Arnold and Cotten make a more persuasive augment in favor of

the appearance that these Federal Courts are operating in a more Political and Judicial

manner then one that is Just and Legal in these matters.

94.    Arnold and Cotten maintain the District Courts have overstepped their judicial

boundaries as is the case with the U.S. District Federal Courts of Beltsville, and, is, exactly

why Congress restricted the powers of federal Courts as to jurisdictions, for fear they could

wrongfully attempt to exercise for political and or other judicial agendas such as "Tort Reform by Force", in exercising power over people and property they are not entitled to, exactly, sadly what has occurred in this instant case.

95.      Congress intended to protect the public from Federal Courts with Overreaching Political and Judicial Agendas by enacting the limiting powers of federal courts, and thus, limiting federalism.

96.      These limitations were put in place by congress to protect citizens from a courts political and or other like judicial agendas which do not embody the laws and United States and Maryland Constitutional protections as to the most fundamental of rights to Due Process and Legal Redress under the 1st, 5th and 14th Constitutional Amendment Rights.

97.      The U.S. District Court Case No. RWT 07-2617 was by far not the first civil case fraudulently removed and should not have been regarded in the determining of any bar dates, or for like purposes however remarkably, the federal courts lacked capacity to ever make any findings of merit because they are not courts of competent jurisdiction for wanting of subject matter jurisdiction and therefore are trespassers on the law.

98.      The federal courts lacked Subject Matter Jurisdiction over state law counterclaims and cases, the initial foreclosure action of Plaintiffs "(CMI)", Case No. 04-0-05-000046 FC, 01/14/2005, Calvert County Circuit Court, therefore acting at all times beyond their powers in their continued attempt to enforce the "Void Orders" and, the undue exercise of restraint

44

caused onto Arnold and Cottens personal jurisdiction that could not be otherwise attained by those federal courts because "(CMI)" was and could never be a defendant who could remove and was not allowed to escape liability of Arnold and Cotten in their state court forum for injuries exacted against Arnold and Cotten in their fraudulent foreclosure actions, instituted by "(CMI)" in their state court actions as plaintiffs, those being, the originating cases along with the subsequent affirmative counter claims defense actions.

99.    *As evidenced in a long line of Supreme Court Cases*, the supreme courts have found consistently to date, a court eschewing Subject Matter Jurisdictional challenges may not ignore correct challenges in an attempt to exercise personal jurisdiction first, that which is, and forever remains dependant first on the courts Subject Matter Jurisdiction. The Federal Courts never could have had, and could not attain by any means except fraud and oppression, (exactly what occurred here), Subject Matter Jurisdiction. "(CMI)" is not being the type of defendant vested with the rights to remove.

100.    The federal courts in their abusive overreaching have disrupted the otherwise efficient administration of the state courts and Arnold and Cottens case and while technicalities in removal procedure can be waived if not challenged, (technical objections were timely and made, the court refused to remand), Subject Matter Jurisdiction can never be waived and must be promptly defended by the court who is challenged, by statutory mandates, the Removal Statutes are to be Strictly Applied. Because there is a presumption against removal

45

jurisdiction, the court must strictly construe the federal removal statute and resolve all doubt in favor of remand. *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The courts abused their discretion in refusing to remand and therefore may be reviewed.

## IX. COURTS OF COMPETENT JURISDICTION

101. The U.S. Federal District Courts have proven themselves incompetent courts of jurisdiction in these matters upon presiding over matters in which reasonably their jurisdiction was properly, timely and continuously challenged but yet never defended against by the court.

102. A court of competent jurisdiction is a court that does the work of its people and applies the laws of the land equally and fairly. Decidedly correct because, another Court would not have reached the same conclusions of law as did the District Federal Courts in these matters when getting it so wrong upon eschewing justly challenged objections to the courts Standing Orders of Removals, and in allowing the fraudulent removals to remain in their courts when they had to know the removals were illegal and fraudulent as per the case pleadings in objection and the courts refusal to defend and account vigorously against challenges to the Federal Courts Subject Matter Jurisdiction and resolve all disputes by an order of remand as mandated.

103. It appears the District Federal Courts have taken the notion Subject Matter Jurisdiction

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

may be waived, even though it flies in the face of well established removal law that dictates precisely, defendants such as those like "(CMI)" are not "Defendants" who may avail themselves to removal, why were they granted removal rights wrongfully by these courts and allowed to upset, disrupt and interfere with Arnold and Cottens Affirmative Defense Actions in their state courts?

## X. COURTS WANTING OF SUBJECT MATTER JURISDICTION

104.    In fact, the legal ends and conclusions of the Federal Courts overreaching is that they are trespassers onto jurisdictions, laws and parties for want of "Subject Matter Jurisdiction"; only a defendant may remove a case to federal courts, Arnold and Cotten are the true Defendants who filed their Counterclaims in the state courts and had right to expect they would not be disturbed by vexatious litigants fraudulently removing their cases in order to seek preferential treatment wrongfully attained in pretending to be the unfortunately attacked defendants they were not. The courts feed into "(CMI)" deceptions and even attacked Arnold and Cotten accordingly in their admonishments as to Arnold and Cottens purports to "filing a Plethora of lawsuits", implying that "(CMI)" were victims when in fact the opposite was fact. What is worse, "(CMI)" was allowed to continue these fraudulent removals at the objection and expense of Arnold and Cotten.

105.    The Federal District Courts had no legal right to proceed first to the findings on merits and will be denied all illegal takings of authority exercised in traveling well beyond their

47

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

boundaries of jurisdiction, acting beyond their power. Fact remains, the District Court was without authority and jurisdiction when it entered its "Void Orders".

106.    By established and followed Supreme Court Law and Cases involving removal challenges to "Subject Matter Jurisdiction" are accorded a unique status. See, e.g., Insurance Corp. of Ireland v. Compagnie Des Bauxites De Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982) (*"[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."*); California v. LaRue, 409 U.S. 109, 112 n. 3, 93 S.Ct. 390, 394 n. 3, 34 L.Ed.2d 342 (1972) (*parties may not confer subject-matter jurisdiction upon the court by consent*); American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951) (*principles of estoppel may not be used to confer subject-matter jurisdiction on a court that would otherwise lack it). Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself. Von Dunser v. Aronoff, 915 F.2d 1071, 1074 (6th Cir.1990).*

107.    Wherein a case is purportedly tried on the merits, and the federal district court enters judgment, *the issue of subject-matter jurisdiction is cognizable upon appeal.* Von Dunser, 915 F.2d at 1074; the appeals court evaded their duty alike to find correctly Original Plaintiffs, who became counterclaim defendants, "(CMI)", were not defendants permitted to remove and who in no way could avail themselves to the remedy relief of removal.

108.    Because this federal court refused to remand and refused to accept timely challenges

48

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

to all fraudulent removals and subject matter jurisdiction, this court has authority to review under abuse of discretion *De Novo* for the courts refusal to remand and accept the authority of their position, that which does not lend validity to actions and hearings that were *"Voids" "ab initio"* and cannot be corrected by an *"Order" nunc pro tunc*, but must be "Set Aside as Voids" and "Legal Nullities".

109.    The other jurisdictional challenges were bar for failure to remove, (though removal not permitted, "(CMI)" did not remove timely also), for the lack of diversity jurisdiction, facts also alleged by Arnold and Cotten yet ignored by the District courts, and new evidence CFI was never in bankruptcy at the time of the hearing on January 26, 2010, therefore dismissals was in error and must be reversed and all cases be remanded to state courts.

## XI. U.S. DISTRICT COURTS APPLIED LAWS UNEQUALLY AS TO AUTOMATIC STAY AND THE EFFECTS ON THE DEBTOR AND PROPERTY OF THE ESTATE AND THE RETURN TO STATUS QUO UPON DISCHARGE, DISMISSAL OR CASE CLOSURE

110.    While these matters are moot because the federal courts lacked jurisdiction to entertain their orders, the district courts wrongly applied established bankruptcy law when looking past the fact "a bankruptcy filing automatically stays 'any legal act to obtain possession of property of the estate or exercise control over property of the estate,' and 'any act to collect, assess, or recover a claim against the debtor which arose before the commencement of the case[.]'" *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21, 116

49

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

S. Ct. 286, 290, 133 L.Ed.2d 258 (1995).[1]   The automatic stay is triggered by the act of filing

a bankruptcy petition and the "Order for Relief" by the court, (not an order of Discharge), see

*Matter of Eugene L. Pieper, P.C.*, 202 B.R. 294 (D.Neb. 1996).

111.   The debtor and or creditor will be returned as much as possible to "***Status Quo***" upon

either three events, Dismissal, Discharge or Closure of Case, until one of these events occurs,

the United States Bankruptcy Court maintains complete control of the property of the estate.

112.   The District Courts wrongly applied none Bk. law statute of limitations as to claims of

---

[1]The automatic stay provision of 11 U.S.C. § 362(a) provides:

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section

5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. § 78(a)(3)), operates as a stay, applicable to all entities, of

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

(3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding before the United States Tax Court concerning the debtor.

the estate, the timely Counterclaims filed by Arnold and Cotten by way of their December 14, 2006 Adversary Complaint against Plaintiff Creditors, "(CMI)", see Attached Exhibits, Bk Docket evidencing Plaintiffs "(CMI)", the filing of their second fraudulent foreclosure and Motion to Lift Stay and Cottens answer wherein Cotten filed his Counterclaim Adversary Complaint and framed up and executed his "Defensive Defendant Complaints". The courts were apprised as the record was replete with these facts by way of pleadings, motions, the complaint yet, the courts ignored these facts and all indications pointing to "(CMI)" not being a defendant allowed to remove their counter claim defenses to federal courts, how and why did the courts get this so wrong?

113.    The court misapplied the law regarding consumer actions against TILA Violations of the "Act". Arnold and Cotten had one year from the date of creditor, "(CMI)", Default under the "Act" by the offending Creditor in which the injured consumer may file a complaint for violation of the "Act" TILA. In this instance the violating creditor, ("(CMI)"), refusing to rescind the loan or, in the alternative, seek out an immediate Injunctive Order of Determination by the offending creditor. A creditor who does not abide by these requirements waives in complete to preserve any creditor defense a creditor may mount at a later time.

114.    "(CMI)" violated the "Act" in their refusal to rescind and while they sent a boiler plate letter of denial to Arnold and Cotten on August 23, 2006, the bases for their denial was

51

patently frivolous and misplaced as properly rebutted presumptions to these facts were properly plead in Arnold and Cottens 4th Amended Affirmative Defense Complaint that sustained these defenses.

115.   Applying the none bk. laws of tolling: Arnold entered **Bk on 2/14/2005** - all defenses and legal actions vested to the estate controlled by the courts pursuant to the estate created and managed by the courts pursuant to 28 U.S.C. § 157, Estate Matters. The Bk. case was closed on **May 29, 2007,** see Attached Exhibits, Bk. docket sheets.

116.   Cotten and Arnold had one year from May 29, 2007 to file their Violation of TILA action and would be barred after May 29, 2008.

117.   TILA expressly applies equitable tolling statutes in enforcement actions, permitting the relating back to the initial action filed within one year of the violation. The courts make no distinction between three years and one year right to bring the action for violation of the "Act". "(CMI)" violated the "Act" on August 23, 2006 upon refusing to rescind. The record shows three actions were filed; the first on December 14, 2006, the second on March 20, 2007 and the third on August 6, 2007. All actions timely filed and all amended complaints should have as plead in the complaints relate back to these dates as for bar questions and dates are concerned.

118.   The Bk and Maryland Court Records uphold Arnold and Cotten timely filed their violation actions immediately upon "(CMI)",. defaulting on rescission on August 23, 2006,

the date of "(CMI)" unfounded Denial Letter.

119.   Cotten and Arnold filed their first Defensive Counterclaim complaint just over three months later on December 14, 2006, more then well within one year of the violation with public evidence in contradiction the courts misapplication of the law, and same findings also found in the case records as this was a summary judgment hearing, no fact finding was conducted and the prima fascia evidence as to "Material Disclosure Violations" submitted with the complaint supports.  The court acted without authority in refusing to find the non-disclosure of PMI was a material violation affecting interest charges, interest, amount financed and total of payments as was the failure to properly disclose the payment schedules was also a Material Disclosure Violation with the courts rulings being without merit and law.

120.   All amended complaint actions related back to "(CMI)" initial fraudulent foreclosure actions and again to Cottens December 14, 2006 Affirmative Defense Adversary Complaint filed in the Bk. Case.  Just because "(CMI)", did not press on with their fraudulent foreclosure actions after being served with Arnold and Cottens Counterclaims, this is not a grant to removal rights to the "Original and True Plaintiffs".  "(CMI)" is the Plaintiff for removal purposes and were never a qualifying defendants under established removal case law, and were barred from ever removing.

121.   The stay is effective upon the filing of the petition even though the parties have no notice of its existence.  *In re Scott*, 24 B.R. 738 (M.D.Ala. 1982).  The automatic stay is

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

broad in scope and applies to almost every formal and informal action against the debtor or

property of the debtor, except as set forth under 11 U.S.C. § 362(b). 2 Lawrence P. King, et

al., Collier on Bankruptcy ¶ 362.04, at 362-34 (15th ed. 1996).

122.    The Federal District Courts declined to apply equitable tolling statutes, (though none

need be applied as Arnold and Cotten were well within their bar dates), to the filing of the

bankruptcy on February 14, 2005 and the Closing of the Case on May 29, 2007, this uneven

application of established law is in error because all statute of limitations that are non-

bankruptcy law statute of limitations were merely paused during the pending Bk case (except

for Tila Rescission, the action of rescinding is a statute of repose and was timely exercised.

Rescission was Timely and not the issue), and resumed upon the May 29, 2007 Final

Dispositional Order closing Arnolds Bk. case with the courts release of the debtors estate

property, Cottens interest alike, because their interest was at all times joint and because

Cotten was also a creditor under Title 11.

123.    The courts refused to apply TILA law in bringing of the action and instead applied

Maryland general statute of limitation rules wrongfully, because 5-103 is a none bankruptcy

statute subject to the stay while Arnold was in Bk. and therefore was tolled until the case was

dismissed in May of 2007.

124.    Applying the tolling statutes in accord to followed settled federal law that equitable

tolling will be read into every statute unless the law specifically states contrary; there was no

54

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

need to toll the statute of repose requiring Arnold and Cotten rescind within the 3 years allowed them; they clearly rescinded timely so, the only tolling that was not applied was the general limitations period and as presented in the 4th Amended Complaint and in the record accord, Arnold and Cotten did not have to bring their first enforcement action against Plaintiffs "(CMI)", until at the very earliest, February 8, 2008; they brought their Counterclaim complaints first on December 14, 2006 and again on March 20, 2007, with these cases and the initial foreclosure actions of "(CMI)",as Relation Back to Cases, what did the court miss here and how did they grossly misapply the law substantially to Arnold and Cottens detriment?

125.   Arnold and Cotten, framed up and executed Counterclaims as true defendants that could not be removed to Federal Courts as they fraudulently were, and in which the federal courts have presided over said matters without jurisdictional authority and right.

126.   The District Courts wrongfully applied the laws in contradiction to settled law cases to the contrary in both TILA and BK case matters as well as removal matters as plead.

127.   Worse case scenario, Arnold and Cotten have TILA claims in Recoupment.

## XII. TILA ABUSE OF DISCRETION OBJECTIONS AS TO UNEVEN APPLICATION OF LAWS

128.   Arnold and Cotten timely rescinded within the extended three year statute of limitations, the loan closed on September 15, 2003 and Cotten rescinded on August 7, 2006,

55

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

in defense to "(CMI)", second illegal foreclosure action with notice of rescission issued by

Arnold and Cotten for "Material Disclosure Violations" as plead in Arnold and Cottens 4th

Amended Complaint for TILA Violations, emphasis added.

129.    "(CMI)", failed to seek out an injunctive order to determine the validity of their

objections to the rescission therefore is estopped from any such creditor defenses, see Supra,

National Consumer Law Center, 5th Edition, Truth in Lending Series, The Consumer Credit

and Sales Legal Practice Series, plaintiffs "(CMI)", never sought out an order of injunction

pursuant to 15 U.S.C. 1625(b) and therefore, has no defense protections due them nor

exemptions to be granted.

130.    The Courts abused their discretion in application of the law as there was never a bar to

Arnold and Cotten bringing their Counterclaims timely and within statute, reminding the

Court, see Case No. 06-2056, 12/14/2006 Counterclaim in Bk. Case by Arnold and Cotten,

"True Original Defendants" Adversary, Bk. Case No. 05-13246 TJC.

131.    Plaintiffs "(CMI)", are in knowing violation of "TILA The Act" and the substantive

consumer protections afforded consumers relief thereto and remain in violation to this very

day unabated.

132.    The courts erred in refusing to apply TILA technical requirements to violations of the

"Act".

133.    Arnold and Cotten argue the courts wrongfully applied TILA Criminal Statute

56

Violations for Willful and Knowingly Violating TILA, refusal to rescind and issuing and giving misleading material disclosures constitutes knowing and willful violations of the "Act" pursuant to 15 U.S.C. 1607, 1611 and 1615.

134.    Plaintiffs "(CMI)", and their willful refusal to rescind, and knowing reliance on materially defective disclosures they knew were materially altered and forged as they had altered and forged these documents themselves and thus, these very disclosures were never given.

135.    Arnold and Cotten provided prima fascia evidence of fraud and deed forgery and fraudulent knowing of disclosure violations yet the courts ignored these facts also. The facts are sufficient enough to establish a knowing admittance of "(CMI)"; respectively the violating creditor is supposed to be unable to avail themselves to any such creditor defenses whatsoever. The District Court abused their discretion in allowing any such arguments under the strict mandates of "TILA" and the creditors mandatory compliance mandates as to rescission. The courts have acted in direct contradiction of their subsequent rulings of these very courts and of the Supreme Courts with the District courts refusing to apply established TILA and BK laws as this case record clearly and establishes and proves with the laws being applied unevenly and unfairly in this case and these matters.

136.    Another court most assuredly would have recognized as plead in the 4th Amended, Well Plead Complaint, Arnold and Cotten were forced to rescind the loan in a defensive

57

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

action in reply to "(CMI)", and their two illegal foreclosure attempts, yet and the courts abused their discretion when ignoring these case facts.

137.   Because "(CMI)", 2 illegal foreclosures disclosed loan terms that were in direct contradiction to sums disclosed and paid "(CMI)", and their illegal misapplication of more then timely mortgage payments, Arnold and Cotten rescinded when they discovered their TILA material disclosure violations on or about August 7, 2006 as to "Material Disclosure Violations" affecting *interest rate, amount financed, total cost of credit and payment schedules and contradicting documents and disclosures thereto that had been forged post closing and without their knowing or consent.*

138.   Arnold and Cotten had a three-year extended right to rescind until September 15, 2006, for material disclosure violations correctly plead in Arnold and Cottens 4th Amended Complaints and that those causes relate back to the foreclosures and Counterclaims that were filed timely.

139.   Enforcement actions for violations of the "Act" make no distinction in calculating the year statute in 1 year or 3 year actions because it is the creditors actions or inactions that causes "the violation of the "Act" with the action beginning to accrue for the first time upon the creditors violations. Hence, anytime a creditor violates the Act or continues to violate the Act, the consumers right is ongoing and any creditor who refuses to uphold the "Act" is in violation of the "Act", so how did the Federal District Courts get this so wrong also? The

58

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

complaint contained well plead facts in support of these facts and TILA Material Disclosure Violations.

140.    Another Court would clearly recognize Arnold and Cottens rights by mandate to avail themselves to remedies of rescission when a creditor is attempting to fraudulently foreclose and, in particularly, under TILA, Regulation Z. Subpart B and fair credit and billing act, when a creditor is claiming interest, loan alterations and charges and a default not legally due and owed, facts in Arnold and Cottens case.

141.    The offending **Creditor pursuant to National Consumer Law Center, 5th Edition, Truth in Lending Series, The Consumer Credit and Sales Legal Practice Series, Supra 6.9.5.1 Vesting of Ownership in the Consumer If the Creditor Does Not Accept Tender.**

142.    **"(CMI)", only needed to provide a payoff balance reflecting the affects of rescission and therefore is** a creditor who refuses to knowingly and willingly carry out any section or provision under Regulation Z, Subpart B, of "the Act", such creditor is therefore denied and estopped from making those counter-defenses in a consumer brought actions for violation of the "Act".

143.    TILA is self regulating and to force consumers into court to attain redress due by the violating creditors was never envisioned by congress because creditors are mandated and expected to comply with all provisions of the "Act", these were voluntary solutions the credit industry sought out as opposed to more extensive and stringent regulation and government

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All
Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

control and oversight of the industry.

144.    "(CMI)", was estopped and not allowed to make any defenses yet the courts failed to
apply the law equally and fairly noting that even the slightest technical violation of the "Act"
is met with harsh an severe consequences to the offending creditor; these laws were meant to
deter creditors from Knowingly and Willfully violating the "Act", not encourage and enable
them as is the case here in these very sad and grave matters.

145.    The District Courts ignored the well plead violations and prima fascia evidence of
material violations contained in the 4th Amended Complaint and contained in the Exhibits
with there being more than sufficient evidence disclosures were materially deficient,
misleading and deceptive as they relate to the true cost of the loans interest, cost, payments
and amount financed.  The District Courts instead attempted to hide behind a purported bar
statute that further fails in law, fact, argument and merit, as detailed above and herein.  All
subsequent actions flowed from the initial foreclosure actions and Arnold and Cotten were
and are the "True, Original Defendants" who brought their initial Counterclaim complaint in
just over three months of the offending creditors violation of the "Act" pursuant to 15 U.S.C.
1640, for just cause of "(CMI)", refusal to rescind and refusing yet further Arnold and
Cottens many attempts to Tender while refinance mortgages were readily available even
though "(CMI)", had destroyed their credit fraudulently, they still were able to locate a
refinance loan programs in 2005-2007.

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

146.   A violating creditor of the "Act" comes with no defenses in hand.   The offending **Creditor pursuant to National Consumer Law Center, 5th Edition, Truth in Lending Series, The Consumer Credit and Sales Legal Practice Series, Supra 7.5 Creditors Defense Not Expressly Provided by TILA affects of rescission and therefore** "Material Violations" were correctly plead by Arnold and Cotten with specific enough detail in the 4th Amended Complaint as well as there was sufficient evidence to prove Arnold and Cotten, rescinded the loan within the three year extended right period also and did so in Counterclaim of "(CMI)", in reply to their 2nd fraudulent foreclosure actions.

147.   The federal courts overlooked the fact Cotten and Arnold stated and correctly plead their action that was for "Violation of "TILA" the "Act" and offered sufficient evidence in support, i.e. the four first payment letters documenting conflicting disclosures of the first payment amounts due, the charging of PMI that was never disclosed on the Good Faith Estimates or HUD-1 and all violations plead in the 4th Amended Complaint that either were or lead to "Material Disclosure Violations".

148.   The loan transaction was one wherein Arnold and Cotten relied to their detriment on false and misleading disclosures causing them to cancel an already closed loan to accept the "better loan terms proffered" but not honored by the Loan Originator.

149.   Arnold and Cotten framed up their Counter-Affirmative Defenses in both illegal foreclosure cases.

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All
Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

150.    To the extent tolling is to be applied to the federal mandates requiring the liberal

reading of Equitable Tolling into every federal statute.......unless expressly prohibited

otherwise by law, (no prohibitions exist in Creditor Violation Actions Under 15 U.S.C.

1640), with no distinction given to an action brought in one year or three years or upon

creditor default as was and is the case here in these case matters for violation of the Act as it

is the act of the Creditor Refusal to Carry Out their mandates in Knowingly Violating the Act

by refusing to uphold TILA mandates, therefore Violating TILA, "the Act", not the matter on

which the violations were based, in this instant case the "Misleading and Defective Material

Disclosure Violations", but their refusal to carry out the acts of rescission those plead in

detail in Arnold and Cottens 4th Amended Complaint pursuant the Well Plead Complaint.

151.    Disturbingly there was a finding that the TILA violating creditors who refused to

rescind a timely issued extended right to rescission, was entitled to protections of the District

Courts; in fact, the case evidences contrary, exhibiting "(CMI)", creditor defying the "Act"

Knowingly and Willingly in refusing to seek out an injunctive order within the rescission

period time allotted the creditor, 20 days by law, or to carry out their duty to Rescind the

Loan and Tender the Mandated Sums by way of the payoff statement, how did the courts get

this wrong and why did they get it so wrong?

152.    Arnold and Cotten sought out an adjusted payoff statement reflecting the effects of the

rescission so they could obtain loans they had secured in ready to tender however "(CMI)",

refused to provide a payoff statement reflecting the effects of the Rescission, therefore these creditors were in knowing violation at all times hereto and remain in violation of the "Act" refusing to rescind and file the canceling documents as they were mandated to do.

153.   "(CMI)", has by fact waived any right to a Creditors Defense, see Supra, 7.5 National Consumer Law Center, Truth in Lending, Professional Law Practice.

154.   A rebuttal presumption was clearly plead in the complaint wherein Arnold and Cotten alleged they did not receive the disclosures and that the signatures had been applied by forgery post closing of the loan and not by their hand, these facts which are clearly laid out and are legitimate and correct presumptive rebuttal arguments were clearly made in the well plead complaint.

155.   Arnold and Cotten were always able to establish detrimental reliance on the loan disclosures, as plead in the complaint, because the disclosures clearly were deceptive at all times failing to disclose the real loan offered and the true interest rate, amounts payments and cost, in which the consumers correctly moved to cancel the loan in response to "Material Loan Disclosure Violations" discovered on or about August 7, 2006 when they issued their Extended Right of Rescission Notice to "(CMI)"  who patently refused to Rescind as mandated under law, they were and remain in willful and knowing violation of TILA mandates as is also this court is also in their refusal to administer and apply these laws as intended by congress, no liberal application mandates evident here by these courts.

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

156.   CFI's agent never appeared in the Summary Judgment hearing and the courts did not verify CFI was in fact bankrupt when, by law and fact, CFI was not bankrupt and happened to be a party only in two actions before the Bk courts.

157.   This unwarranted dismissal appears to be a possible cure to the supposed diversity of citizen defect, not that it applies here at all because "(CMI)", is not a Defendant that may be availed to removal relief.  This sustains Arnold and Cottens timely challenges to "Subject Matter Jurisdiction" and correctly placed opposition to the Plaintiffs "(CMI)", fraudulent removals.

158.   In summary, the United States Federal District Courts of Beltsville trespass upon the Law and Act this Courts Jurisdictional Powers with Knowing Usurp of the Maryland State Courts Powers and these limited jurisdictional federal courts powers in this court acting in a manner that is *beyond their powers and* contrary to established rulings regarding Removals, and Government Mandates under Req. Z. Subpart B, TILA and Bk laws of the Supreme Court Rulings Contrary said.

159.   When a federal court acts outside their statutory rights of "***Subject-Matter Jurisdiction, it violates the fundamental constitutional precept of limited federal power***".

## XIII. LEGAL FACTS

160.   This case wrongfully found its way to the United States Federal District Court of Beltsville by way of Fraudulent Removals by offending, "Original Case Plaintiffs" "(CMI)".

64

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All*
*Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

161.    "(CMI)" became Counter-Defendants when Arnold and Cotten filed their second

defensive counterclaim complaint in their Circuit Courts of Calvert County. for "(CMI)"

Illegal Foreclosure Actions, TILA and Illegal Collection of a Debt and other related claims.

162.    Arnold and Cotten framed up their Counter-Affirmative Defenses in both illegal

foreclosure cases, see Attached Exhibit, Foreclosure Case History and Bk Docket reflecting

Plaintiffs "(CMI)" Notice to Foreclose and Motion for Relief From Stay Case No. 04-0-05-

000046 FC, 01/14/2005, Calvert County Circuit Court and "(CMI)" Motion to Lift Stay to

Foreclose, Case No. 55-06253, Docket No. 130, 06/19/2006, in Bk. Case No. 05-13246 TJC,

"(CMI)", is Plaintiff Creditor, AND, Case No. 06-2056, 12/14/2006 in Bk. Case, Arnold and

Cotten, "True, Original Defendants" Adversary Counterclaim to Illegal Foreclosures and

TILA claims", Bk. Case No. 05-13246 TJC.

163.    Arnold and Cotten have always maintained they were never in default of their

mortgage payments and can still prove those facts today.

164.    Upon fraudulent removal of all cases contained in this motion, see case Chronology,

the First, Third and Fourth cases prove "(CMI)" was at all times hereto the "Original

Plaintiffs", who, at "(CMI)", own behest, withdrew their complaints to foreclose.

165.    The supreme court has time and time again rejected courts who elude "Subject Matter

Jurisdiction" questions by attempting to proceed immediately to the merits question, in the

face of jurisdictional objections, as is the case here in these matters and constitutes an abuse

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders". Case No: RWT 07-2617. (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

of discretion of the courts in exercising a discretion when is permitted, Arnold and Cottens

claims belonged in their State Courts where they had filed them as Counter Defendants.

166.    The Supreme Court has declined to endorse such a misplaced approach because it

carries the courts beyond the bounds of authorized judicial action and thus offends

fundamental principles of separation of powers. This conclusion should come as no surprise

to those Federal Courts, since it is reflected in a long and venerable line of court cases.

"*Without Jurisdiction the Court Cannot Proceed at All in Any Cause*".

167.    Jurisdiction is power to declare the law, and when it ceases to exist, the only function

remaining to the court is that of announcing the fact and dismissing the cause." Ex-parte

McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868)....

168.    T*he requirement that jurisdiction be established as a threshold matter "spring[s]*

*from the nature and limits of the judicial power of the United States" and is "inflexible*

*and without exception." Mansfield,* C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382, 4 S.Ct.

510, 511, 28 L.Ed. 462 (1884).

169.    The rule that a court first addresses its jurisdiction is so fundamental that "the courts

are obliged to inquire sua sponte whenever a doubt arises as to the existence of federal

jurisdiction." Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278, 97 S.Ct.

568, 571, 50 L.Ed.2d 471 (1977) (citations omitted).

170.    "*The general rule is that the parties cannot confer on a federal court jurisdiction*

66

*that has not been vested in that court by the Constitution and Congress". This means that the parties cannot waive lack of [subject-matter] jurisdiction by express consent, or by conduct, or even by estoppel; the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants."* 13 WRIGHT ET AL., supra, § 3522, at 66-68 (citations omitted); see, e.g., Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982).

171.    These Courts cannot dispute a Federal District court must determine its jurisdiction before proceeding to the merits of the case. It contests only the proposition that the federal court must reach the issue of "Subject-Matter Jurisdiction before reaching a challenge to personal jurisdiction.

## XIV. MARYLAND HONORABLE COURT OF APPEALS ABILITY TO REVIEW DE NOVA THE LAWS FOR ABUSE OF DISCRETION

172.    Subject Matter Jurisdiction cannot be waived or consented to, particularly in Removal cases, where genuine concern for overreaching of federal courts remains a real and viable apprehension for every state court. Arnold and Cotten ask these Honorable Courts to Void and Set Aside All Orders.

173.    There is no evidence the District Federal Courts would ever have jurisdiction over Arnold and Cottens Counterclaims because the removal laws are clear on qualifying

67

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

defendant criteria that only "True Original Defendants" may remove, "(CMI)", are "True Original Plaintiffs" and cannot remove.

174.   Plaintiffs preserved technical arguments from the fraudulently removed cases in support of "(CMI)" fraudulent removals and because the District Courts refusal to apply the laws of the land equally and due all United States, Maryland Citizens, these acts constitute denial of due process and are an abuse of the courts discretion because a court is without discretion in matters regarding "Subject Matter Jurisdiction" of a court and is correctly addressed by this *"FRCP 60(b)(2)(4) Motion to Set Aside and Void"*.

175.   The District Courts of Beltsville, MD have interfered with legally protected due process and right to redress rights and have denied these right to Maryland Citizens doing so against established Supreme Court Removal Laws and Constitutional Rights.

176.   It appears clear these Federal Courts have exhibited a gross abuse of the courts discretion in all these matters now stated in this Motion to Set Aside and "Void" all Orders.

177.   A trial court's ruling on a motion to alter or amend falls under a review for abuse of discretion. Benson v. State, 389 Md. 615, 653 (2005); Wormwood v. Batching Systems, Inc., 124 Md. App. 695, 700 (1999).

178.   The existence of a factual predicate of fraud, mistake, or irregularity, necessary to support vacating a judgment under § FRAP 60(b)(1)(2)(3) or, the Order was a "Void" § FRAP 60(b)4, hence, a Courts Lacking of Subject Matter Jurisdiction is the making of "Void

68

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

Orders", that are a question of law, see  Tucker v. Tucker, 35 Md. App. 710, 373 A.2d 16

(1977). In re Adoption/Guardianship No. 93321055/CAD,: 344 Md. 458, 475, n.5 (1997). If

the factual predicate exists, the court's decision on the motion is reviewed for abuse of

discretion. Id. At 475.

179.   Arnold and Cotten assert and maintain such predicate exist as a matter of fact and law

in these matters now before these honorable courts.

180.   In the above captioned Civil Cases, Civil Case No. 04-0-05-000046 FC, Arnold and

Cotten are "Original Defendants" to this initial illegal action on which all subsequent actions

are predicated on with the counterclaim lawsuits being barred from removal.

180.   "(CMI)" sought to foreclose were, and still are, "Original Plaintiffs".  "(CMI)" are

"(CMI)" is again the Plaintiff in their second Illegal Complaint to Foreclose and Lift

Stay,(filed by "(CMI)" Docket No. 130, No. 55-06253 of Bk).

181.   Motion to these courts as a matter of law and fact, that be known now onto these

Courts, just as Arnold and Cotten have discovered, the "Order" is a "Void" and "Nullity"

"*ab initio*", and must be set aside for what they are, nullities at inception for the courts

wanting at all times of "Subject Matter Jurisdiction" over both "Issues and Parties".

182.   The courts could never attain personal jurisdiction over Arnold and Cottens claims

because they had a binding right to litigate their claims in their state courts forum where the

actions started out and because they were and are the "True Original Defendants" for the

69

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

purpose of all related removal actions. "(CMI)" is and was the "Original Plaintiffs" and not allowed to remove.

183.    Subject Matter Jurisdiction May not Be Waived Nor Estopped and has been Wrongfully Conferred to the District Federal Courts by "(CMI) acts of Fraud in the procurement of judgment.

## XV. STANDARD OF REVIEW FOR MOTION TO SET ASIDE "VOID ORDERS" ON MOTION PURSUANT TO FRCP 60(b)4

185.    Motion to Void FRCP § 60(b)(2)(4),  for Mistake and for Void is properly before these honorable Courts by motion that is being made before the expiration of one year as this statute applies to FRCP § 60(b)(2) Mistake, in that these courts dismissed defendant CFI wrongfully and § 60(b)(2) Void has also been reasonably brought.

186.    On Motion to set aside and void, this court is vested with the just authority to Set Aside and Vacate the "Orders as Nullities and Voids" because they are just that, "Voids" for both Courts Wanting of Jurisdiction, pursuant to Rule § 60(b)(4), *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

187.    Arnold and Cotten assert these Honorable Courts possess full authority vested to review a motion to vacate a judgment under Rule 60(b)(4) for lack of a courts jurisdictional authority, abuse of that courts discretion and violation of due process. *See Heyman v. M.L. Mktg. Co.*, 116 F.3d 91, 94 (4th Cir. 1997).

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

188.    Here in this motion to vacate the courts "Orders", the "Orders" Collectively are clearly "Void Orders" under Rule 60(b)(4) and are due to receive the relief requested in this motion for lack of the courts jurisdictional authority, abuse of the courts discretion and violations of due process in refusing to apply the laws equally and fairly as they are due to be applied.

189.    This court has the authority to review de novo, for abuse of discretions. *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 107 (4th Cir. 1979) (stating, motions "under FRCP § 60(b)(4) are reviewed for abuse of discretion, that of which must also be considered in this case as well as FRCP § 60(b)(4)); *see also New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996).

190.    "(CMI)" fraudulently removed the cases detailed in the case Chronology contained in this Motion to Set Aside and Void and did so with the intent to mislead the courts as had they listed all related cases, the courts long ago would have had no choice, as is the same now, but to decline jurisdiction not due this court over the fraudulently removed cases as the courts would have due notice and warning, aside from those warnings provided the courts by Arnold and Cotten, remand for lack of jurisdiction of these Federal Courts.

191.    Under FRCP § 60(b)(4), any court of law may relieve a party from a final judgment or order that is a "Void or a Nullity", Arnold and Cotten justly are seeking this honorable courts relief.

192.    **A *movant claiming relief under Rule 60(b)(4) need not establish a meritorious***

71

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

*defense. See Broadcast Music, Inc. v. M.T.S. Enters., Inc.,* 811 F.2d 278, 280 (5th Cir. 1987).

193.    Relief under Rule § 60(b)(4) remains an extraordinary remedy resting exclusively in the concept giving rise to the fact that a "Void Judgment" arises out of and from the assumption there has been an abuse in its discretion by those Courts, those facts clearly laid out now and proven herein and now, the courts clearly abused their discretion and employed discretion in considering the objections to "Subject Matter Jurisdiction" claims in this instant action at bar. It is clear discretion has no place where "Subject Matter Jurisdiction" is concerned, the case facts must convey jurisdiction.

194.    In so much as the Orders of this Courts are Voids *ab initio,* and the Court had a duty which requires they examine jurisdiction continuously and ***sua sponta, that*** which cannot be ignored, it is clear nothing can save these "Orders" that are "Voids and Legal Nullities", parties cannot and did not agree to jurisdiction trespasses of the fraudulent removals that extend no authority to these courts because "(CMI)" are the "True and Original plaintiffs for who cannot remove to federal courts nor can they remove counterclaims either.

195.    These Orders may not be held to be Orders that are "Void" merely because it is or may be erroneous." *Baumlin & Ernst, Ltd. v.Gemini, Ltd.,* 637 F.2d 238, 242 (4th Cir. 1980).

196.    Instead, a judgment may be vacated for voidness under Rule § 60(b)(4) only if the rendering court lacked Personal and Subject Matter Jurisdiction, or acted in a manner inconsistent with due process of law, all is exactly what happened in these matters at bar, *See*

72

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b)(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

*Eberhardt v.Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999); *Schwartz v. United States*, 976 F.2d 213, 217 (4th Cir. 1992), all of these events have occurred in these instant matters before the courts now on this motion.

197.    The courts may not dodge Subject Matter Jurisdiction requirements of the court's hence resulting in the judgment being a "complete nullity and without legal effect.." *Baumlin & Ernst, Ltd. v. Gemini, Ltd.*, 637 F.2d at 241 (4th Cir. 1980).

198.    "Subject Matter Jurisdiction" may not be granted by a few parties, as the District courts "Orders" wrongfully imply and these courts order must be set aside on all fraudulently removed cases.

## XVI. JURISDICTION ARGUMENTS

199.    Plaintiffs "(CMI)" never had the authority to remove and achieved removal by deceptively failing to record all related cases, accomplishing the removal by their acts of fraud, specifically, Civil Case No. 04-0-05-000046 FC and, Bankruptcy Complaint to Lift Stay to Foreclose, Case No. 55-06253, Docket No. 130, 06/19/2006, in Bk. Case No. 05-13246 TJC, and Bk. Case No. 06-2056, 12/14/2006 Counterclaims in Bk. Case by Arnold and Cotten, "Original Defendants" Adversary Counterclaims by "Original Defendants Arnold and Cotten", Bk. Case No. 05-13246 TJC: The courts violated due process when ignoring Arnold and Cottens many demands for remand and objections to the fraudulent removals.

73

200.    This court made a clear error in their jurisdictional authority and abused their

discretion in continuing to preside over matters when it was without doubt they had

usurped Congress and the Bankruptcy courts Authority and Power when refusing to carry

out the laws mandates and must be corrected as to permitting courts to act in such a

conflicting capacity as such actions, "seriously undercuts the orderly process of the law."

*Celotex Corporation v. Edwards*, 514 U.S. 300, 313, 115 S. Ct. 1493, 1501, 131 L. Ed.2d

403 (1995).

201.    Lack of jurisdiction cannot be corrected by an order nunc pro tunc as evidenced

here in this instant case. The only proper office of a Nunc Pro Tunc order is to correct a

mistake in the records; it cannot be used to rewrite history." E.g., *Transamerica Ins. Co.*

*v. South*, 975 F.2d 321, 325-26 (7th Cir. 1992); *United States v. Daniels*, 902 F.2d 1238,

1240 (7th Cir. 1990); *King v. Ionization Int'l, Inc.*, 825 F.2d 1180, 1188 (7th Cir. 1987).

And *Central Laborer's Pension and Annuity Funds v. Griffee*, 198 F.3d 642, 644(7th cir.

1999).

        **WHEREFORE PLAINTIFFS PREY FOR RELIEF,** properly and justly compel

these Honorable Courts to "Order and DECREE "Void" this Courts "Orders" as

"Nullities" and restore onto "True, Original Defendants" Arnold and Cotten, the "Status

Quo" of all their Fraudulently Removed Cases, vesting further all legal rights thereto of

the fraudulently removed cases and Order Remand, Vacating All Orders and to grant all

*Arnold et. al. vs. CitiMortgage Inc. et. al., for FRCP § 60(b(2)(4) Motion to Set Aside "Void Orders", Case No: RWT 07-2617, (All Consolidated Cases as Detailed in Case and Party Chronicle Apart to this Motion)*

and any other relief these honorable courts deem just and due, that which must further

include Court Cost and Sanctions for All Fraudulent Removals.

Respectfully Submitted.

Kathleen Arnold & Timothy A. Cotten,
Pro Se Defendants
9543 North Side Drive
Owings, Md  20736
(410) 257-5283

75