# **EXHIBIT J**
**(Transcript for the June 15, 2011 Hearing)**

US_ACTIVE:\43927600\02\58399.0003

Page 1

```
 1
 2    UNITED STATES BANKRUPTCY COURT
 3    SOUTHERN DISTRICT OF NEW YORK
 4    - - - - - - - - - - - - - - - - - - -x
 5    In the Matter of:
 6                                              Case No.
 7    LEHMAN BROTHERS HOLDINGS INC., ET AL.,    08-13555-jmp
 8           Debtors.
 9
10    - - - - - - - - - - - - - - - - - - -x
11    In the Matter of:
12                                              Case No.
13    LEHMAN BROTHERS INC.,                    08-01420-jmp SIPA
14           Debtor.
15
16    - - - - - - - - - - - - - - - - - - -x
17    LEHMAN BROTHERS SPECIAL FINANCING INC.
18             Plaintiff,                       Adv. No.
19        v.                                    09-01032-jmp
20
21    BALLYROCK ABS CDO 2007-I LIMITED
22             Defendant.
23
24    - - - - - - - - - - - - - - - - - - -x
25
```

```
                                                           Page 2
 1   - - - - - - - - - - - - - - - - - - - - - -x
 2   KATHLEEN ARNOLD AND TIMOTHY COTTEN,
 3              Plaintiffs,                  Adv. No.
 4         v.                                11-01540-jmp
 5
 6   LEHMAN BROTHERS HOLDINGS INC., ET AL.,
 7              Defendants.
 8
 9   - - - - - - - - - - - - - - - - - - - - - -x
10   TURNBERRY, ET AL.,
11              Plaintiffs,                  Adv. No.
12         v.                                09-01062-jmp
13
14   LEHMAN BROTHERS HOLDINGS INC., ET AL.,
15              Defendants.
16
17   - - - - - - - - - - - - - - - - - - - - - -x
18   LEHMAN BROTHERS HOLDINGS INC., ET AL.,
19              Plaintiffs,                  Adv. No.
20         v.                                10-02821
21   J. SOFFER, FONTAINBLEAU RESORTS, LLC.,
22              Defendant
23   - - - - - - - - - - - - - - - - - - - - - -x
24
25
```

Pg 4 of 13

Page 3

```
 1   - - - - - - - - - - - - - - - - - - - -x
 2   LEHMAN BROTHERS HOLDINGS INC., ET AL.,
 3              Plaintiffs,              Adv. No.
 4        v.                             10-02823
 5   J. SOFFER, FONTAINBLEAU RESORTS, LLC.,
 6              Defendant
 7   - - - - - - - - - - - - - - - - - - - -x
 8
 9
10
11           U.S. Bankruptcy Court
12           One Bowling Green
13           New York, New York
14           June 15, 2011
15           10:04 AM
16
17
18
19
20
21
22   B E F O R E:
23   HON. JAMES M. PECK
24   U.S. BANKRUPTCY JUDGE
25
```

VERITEXT REPORTING COMPANY
212-267-6868         www.veritext.com         516-608-2400

08-13555-mg   Doc 27263-10   Filed 04/03/12   Entered 04/03/12 18:11:17   Exhibit J
Pg 5 of 13
LEHMAN BROTHERS INC. (SIPA)/LBHI, ET AL.

Page 91

1   a settlement.  I also needed the time to separate the Harrier
2   decision from the Ballyrock decision because they were co-
3   joined in almost every way.
4           So for that reason, I'll enter the orders in the
5   ordinary course probably before the end of the week, it might
6   be early next week.  And I encourage the parties to engage one
7   another in a good faith effort to try to resolve this either
8   with or without the involvement of a skilled mediator.
9           It seems to me, however, that given the history of the
10  discussions to date, that the parties might be aided in the
11  process of discussing these issues by having a mediator
12  familiar with the derivatives book at Lehman to act as a
13  facilitator and I encourage that but I'm not ordering it at
14  this moment.  The parties are sophisticated here and can plot
15  their own destinies as well as anybody.  So I'll take the
16  orders when you're ready and we'll see what happens next.
17          MR. SLACK:  Thanks, Your Honor.
18          MR. LACY:  Thank you, Your Honor.
19          MR. WIN:  Good afternoon, Your Honor.  Zaw Win, Weil
20  Gotshal Manges for the debtors.  The next matter on the agenda
21  is the motion of Kathleen Arnold and Timothy Cotten for the
22  Court's determination.  Just as a brief preface, the debtors
23  understood from the Court's comments at the May 18 hearing that
24  these matters would all be moved to the July 20 hearing at
25  which time the Court would have an opportunity to discuss or to

Page 92

1  decide on subject matter jurisdiction.
2           THE COURT:  That's correct.  I mean let me be clear.
3  First of all, let me find out first of all if Kathleen Arnold
4  and Timothy Cotten are on the telephone.  I don't see them in
5  the courtroom.
6           MS. ARNOLD:  We are, Judge.
7           THE COURT:  All right.
8           MS. ARNOLD:  We enter our appearance.
9           THE COURT:  At the last hearing, I think I was fairly
10 clear in stating that the expedited motion would in fact not be
11 expedited but will be deferred until after the Court herd on
12 the merits the debtors' motions to dismiss the adversary
13 proceeding.  And we spent some time during the last status
14 conference discussing the possibility that the plaintiffs might
15 engage counsel so that they might be better equipped to deal
16 with the sophistication of the legal arguments that they need
17 to address in order to overcome a motion to dismiss based upon
18 subject matter jurisdiction.
19          So one of my questions for the plaintiffs is whether
20 first, you have made any progress in engaging a lawyer, and
21 second, whether you wish to engage a lawyer.  It's ultimately
22 your choice to do that or not do that.
23          MS. ARNOLD:  May we speak now?
24          THE COURT:  Yes, and please speak up because at least
25 I am having some difficulty hearing you and you may not --

Page 93

```
 1          MS. ARNOLD:  It's terrible, Your Honor, I know.
 2          THE COURT:  -- be on the record if you're not picked
 3   up by the recording equipment here in court.
 4          MS. ARNOLD:  Okay.  One moment, sir.  I'm just trying
 5   to turn this down completely.
 6       (Pause)
 7          MS. ARNOLD:  Hello, I am sorry.  Yes?  Yes, Your
 8   Honor, I'm sorry.
 9          THE COURT:  Question one is --
10          MS. ARNOLD:  Yes.
11          THE COURT:  -- have you been looking for a lawyer?
12   Question two is do you want a lawyer?
13          MS. ARNOLD:  Yes, we want a lawyer and yes, we have
14   made substantial effort in trying to.  We followed up to
15   your -- on your -- I was going to send you over a written
16   report of who we contacted but that's substantial and we're
17   still contacting people as we talk right now.  We contacted our
18   local pro bono who sent us to some pro bonos up in New York and
19   other places.
20          MR. COTTEN:  With more time, Your Honor, we do believe
21   we can, you know, get somebody to serve as -- to help us.  It's
22   been -- it's just been horrendous dealing with it so far.
23          MS. ARNOLD:  We understand -- we do want to say this
24   officially.  We have the utmost appreciation for what lawyers
25   and judges go through.  And hearing these cases we understand
```

Page 94

1  that. It's a lot of work. We know that and we do not take
2  anything that we're doing very lightly at all. We spent three
3  days just trying to respond to the brief that we just
4  submitted. I do respect the Court, the judges and the lawyers.
5  I understand how hard this work is. So it's not anything we
6  take lightly.
7       We are -- we are aware that our rights will be
8  affected by the discharge in reading the debtors proposed plan
9  and that's the other thing, just the voluminous nature of these
10 proceedings, we understand and we know and we are not trying in
11 any way to be frivolous or wasteful or anything. So we want to
12 put that out there.
13      Yes, we do want a lawyer. We would love to have a
14 lawyer. We've had seven lawyers, Your Honor. In almost seven
15 years we've had seven. Our last lawyer right now is being
16 disbarred. He's in disbarment proceedings in D.C. over
17 defrauding his clients.
18      THE COURT: Okay. Let me try to cut through and
19 understand what you've just said. And it's difficult because
20 you're not physically present in court and you seem to be --
21      MS. ARNOLD: I understand, Your Honor.
22      THE COURT: Just let me finish what I am saying so
23 that we can have as understandable a record as possible. That
24 means that we can only speak one at a time.
25      I believe that you said that you would like to get a

Page 95

1  lawyer and that you need some more time to try to get a lawyer.
2  And that you've had seven lawyers in your --
3           MS. ARNOLD:  Seven years.
4           THE COURT:  -- various litigations that relate to what
5  happened to your home.  And that if I gave you some more time,
6  you would continue the process of looking for a lawyer.  Did I
7  understand all that correctly?
8           MS. ARNOLD:  You did, Your Honor.
9           THE COURT:  All right.  How much time -- first of all,
10 I'm in no hurry on this.  I don't even know if the debtors are
11 in a hurry on this.  One of the things that is bothering me and
12 you should know, is that there are perhaps twenty people in the
13 courtroom right now and they are not here necessarily to listen
14 to this.  They're here on other matters that are on the
15 afternoon docket.
16          Based upon the complaint that you have lodged, and
17 based upon the motion to dismiss, it seems apparent to me that
18 you have brought claims against Lehman Brothers Holdings Inc.
19 that Lehman Brothers Holdings Inc. as a separate entity has no
20 liability for, even if you're right.  And that's the problem.
21          The problem is that you've made claims that relate to
22 whether they're correct or incorrect, a subsidiary of Lehman
23 Brothers Holdings Inc. that is not a debtor before me.  For
24 that reason, I am likely to dismiss your complaint.  I'm not
25 saying I've made the decision to do that but at the last

08-13555-mg Doc 27263-10 Filed 04/03/12 Entered 04/03/12 18:11:17 Exhibit J
Pg 10 of 13
LEHMAN BROTHERS INC. (SIPA)/LBHI, ET AL.

Page 96

1 hearing in May, a similar matter was before the Court that
2 involved some claims against Aurora. I entered a motion to
3 dismiss that.
4     MS. ARNOLD: What is the case, Your Honor, please?
5     THE COURT: I can't do legal research for you.
6     MS. ARNOLD: I'm not asking you --
7     THE COURT: I'm simply telling you that at the last
8 hearing --
9     MS. ARNOLD: No, no.
10     THE COURT: -- on May 18, one of the matters that was
11 before me was an adversary proceeding. There was a motion to
12 dismiss brought. I granted the motion to dismiss. Now while
13 the facts are entirely different, the legal principle is the
14 same. I do not adjudicate claims against non-debtors. I only
15 deal with matters that arise out of or relate to the bankruptcy
16 cases that are assigned to me. And I believe as a result, that
17 it is highly likely even if you have a lawyer, that I will
18 dismiss your case, unless you can show me and I don't know that
19 you're going to be able to , that your claims somehow are
20 properly asserted against the ultimate parent.
21     There are substantial issues in this bankruptcy case
22 that go to the questions of whether or not these debtors before
23 me should be administered separately or on a consolidated
24 basis. It's one of the most fundamental questions in the case.
25 It is not going to be decided in your adversary proceeding.

08-13555-mg  Doc 27263-10  Filed 04/03/12  Entered 04/03/12 18:11:17  Exhibit J
LEHMAN BROTHERS INC. (SIPA)/LBHI, ET AL.  Pg 21 of 23

Page 97

1  And at this moment --

2         MS. ARNOLD:  It's not -- that's not --

3         THE COURT:  Excuse me.  I'm not quite done.  At this

4  moment, on its face it appears that you are not entitled to

5  relief.  I recognize that you feel aggrieved.  I recognize that

6  you have litigated these issues for many years both in the

7  state court and in the federal district court and at the

8  appellate level, but that doesn't give you a right to be here.

9         And so while I am not deciding the question now, I'm

10 giving you comments in much the same way that I gave comments

11 to the lawyers who appeared in the case just before yours.  The

12 principle comment is please find a lawyer who can tell you

13 whether or not you have a basis to proceed because I believe

14 you are wasting your time and I believe you are wasting the

15 Court's time.

16        MS. ARNOLD:  I mean I -- obviously I don't agree with

17 that.  I just like I said --

18        THE COURT:  Well --

19        MS. ARNOLD:  I respect Your Honor's --

20        THE COURT:  -- you don't have to agree with me but you

21 have to get a lawyer who can explain this to you.

22        MS. ARNOLD:  We are trying to do that, Your Honor.

23        THE COURT:  And we are not going to hear this today.

24 And we're not going to hear this on July 20 either because you

25 need to find a lawyer and if you can't find one, there will be

Page 98

1  a hearing. You will be physically present. You will have
2  filed papers in response to the motion to dismiss. You will
3  try to explain as best you can why you believe that the
4  complaint that you have filed against Lehman Brothers Holdings
5  Inc. is a complaint that belongs before me in New York.
6      MS. ARNOLD: Thank you, Your Honor.
7      THE COURT: Okay?
8      MS. ARNOLD: Thank you.
9      THE COURT: So what I suggest is that you have a
10 conversation relating to scheduling. I am in effect adjusting
11 the oral order that I entered last time which listed this for
12 hearing on July 20, giving you more time to find a lawyer and
13 encouraging you to work out a date by which you will either
14 file papers in opposition to the motion to dismiss or the
15 motion to dismiss will be deemed unopposed. And if it
16 unopposed, I will grant it.
17     MS. ARNOLD: Okay. So we have to agree on a date that
18 will be --
19     THE COURT: Either that or I will tell --
20     MS. ARNOLD: -- sufficient date --
21     THE COURT: Can you agree to things with counsel
22 because I have done this -- I did this last time, as well.
23     MS. ARNOLD: No, Your Honor, I understand. No, I --
24     THE COURT: Let me explain something. Due process
25 involves predictability, schedules that people comply with,

1 fair notice to your adversary, and an opportunity before an
2 unbiased tribunal to be heard. You're going to have that right
3 but that means answering the motion to dismiss and you're
4 either going to do that on your own or you're going to do it
5 with a lawyer. Or you're going to choose not to do it.
6     If you do it on your own, because you're doing it
7 without a lawyer, it will be by a date that either I set or
8 that you agree to with your adversary. If you can't reach an
9 agreement as to when that will be, I will set the date.
10     MR. COTTEN: That's perfectly acceptable. Thank you,
11 sir.
12     THE COURT: Can't hear you.
13     MR. COTTEN: I said perfectly acceptable.
14     THE COURT: Fine. Okay.
15     MR. WIN: Could I ask a quick question?
16     THE COURT: Sure.
17     MR. WIN: Just so we're totally clear, so the only
18 matter that will be on at that hearing is the debtors' motion
19 to dismiss.
20     THE COURT: Yes.
21     MR. WIN: Okay.
22     THE COURT: And that's consistent with what I said
23 last month.
24     MR. WIN: Thank you, Your Honor.
25     THE COURT: All right. We'll move on to the next one.