UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 11 |
| LEHMAN BROTHERS HOLDINGS INC., ET AL. ) | CASE NO. 08-13555 – jmp |
| ) | |
| ) | (Jointly Administered) |
| Debtors ) | |
| ) | |

**AFFIRMATION IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY**

I, Erin P. Severini, Esq., the undersigned, an attorney admitted to practice in the courts of this state, aver that:

**A. INTRODUCTION**

1. I am an associate with Doonan, Graves, & Longoria, LLC, the attorneys for ClearVue Opportunity XVIII, LLC ("ClearVue"), the holder of a note and first mortgage relative to the premises commonly known as 7437 E. Main Street, Stockton, CA (the "Property") title to which is currently held by Jose Manual Ochoa ("Borrower"), an unmarried man, and Ricardo Apolinar Ayalos and Claudia Aguilar, husband and wife, all as joint tenants.

2. This Court has jurisdiction to hear this matter and enter a final order pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The motion constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

3. On January 9, 2009, BNC Mortgage, LLC ("BNC") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

4. On January 14, 2009, this Court issued an Order in BNC's case directing joint administration of its case with Lehman Brothers Holdings, Inc.

**B. FACTUAL BACKGROUND**

5. On or about October 30, 2006, the Borrower executed and delivered a promissory note in the

amount of $440,000.00 to WMC Mortgage Corporation. *See* Exhibit A (a true and correct copy of the Note is attached hereto).

6. To secure the obligation, the Borrower gave a deed of trust, dated October 30, 2006, to Westwood Associates as Trustee for the Benefit of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corporation, in the amount of $440.000.00 (the "WMC Deed of Trust"). *See* Exhibit B (a true and correct copy of the Deed of Trust is attached hereto).

7. The Deed of Trust was secured by the Property then owned solely by the Borrower.

8. In lieu of the recordation of the WMC Deed of Trust, another deed of trust was erroneously recorded in its place, on November 7, 2006, as Instrument Number 2006-234921 in the Official Records of the County of San Joaquin (the "Erroneous Deed of Trust."). *See* Exhibit C (a true and correct copy of the Erroneous Deed of Trust is attached hereto).

9. The Erroneous Deed of Trust incorrectly states that BNC Mortgage Inc.[1] ("BNC") was the lender for the loan transaction instead of WMC Mortgage Corporation. The designation of BNC as the lender is a scrivener's error since the promissory note establishes that WMC Mortgage Corporation is the actual lender.

10. On or about August 5, 2011, MERS, as nominee for WMC Mortgage, LLC, successor-in-interest to WMC Mortgage Corporation, assigned the WMC Deed of Trust (and, accordingly, the Erroneous Deed of Trust), to GE Money Mortgage Holding Company, LLC. *See* Exhibit D (a true and correct copy of the recorded assignment is attached hereto).

11. In August 2011, ClearVue purchased the subject loan and received an assignment of the

---

[1] According to representations made by BNC's counsel in court filings, BNC Mortgage, Inc.

WMC Deed of Trust (and, accordingly, the Erroneous Deed of Trust), from GE Money Mortgage Holding Company, LLC. *See* Exhibit E (a true and correct copy of the recorded assignment is attached hereto).

12. In order to correct the above-referenced scrivener's error, ClearVue commenced a quiet title action in California state court on September 9, 2011 ("Quiet Title Action"), naming BNC as a party defendant, seeking to reform the Erroneous Deed of Trust to reflect the true intention of the parties, namely that WMC Mortgage Corporation is the beneficiary under the deed of trust and that WMC Mortgage Corporation had a valid, enforceable secured first priority lien against the Property. *See* Exhibit F (a true and correct copy of the state court docket is attached hereto).

13. On December 14, 2011, BNC's counsel notified ClearVue of its bankruptcy filing and subsequently filed a Notice of Stay of Proceedings in the Quiet Title Action.

**C. BASIS FOR RELIEF**

14. Although ClearVue is the current owner of the subject loan and holds all beneficial interest in the WMC Deed of Trust (and, accordingly, the Erroneous Deed of Trust), the recordation of the Erroneous Deed of Trust in lieu of the WMC Deed of Trust prevents ClearVue from enforcing its rights relative to the Property and proceeding with a nonjudicial foreclosure of the Property even though the Borrower has long ago defaulted under the terms of the loan.

15. BNC is named as a party defendant in the Quiet Title Action due to the fact it was mistakenly identified as the lender on the deed of trust recorded with the County Recorder.

16. BNC was not the original lender for the loan transaction and has never held or asserted to hold any direct interest in the subject loan or the Property.

---

and BNC Mortgage, LLC are the same entity.

17. ClearVue commenced the Quiet Title Action seeking equitable relief, namely the reformation of the Erroneous Deed of Trust and declaratory judgment affirming ClearVue's senior lienholder status.

18. Based on the foregoing, cause exists for relief from the automatic stay, pursuant to 11 U.S.C. § 362(d), because BNC has no interest in the Property and, thus, the Property is not necessary to BNC's effective reorganization.

19. No prior application has been made by ClearVue for the relief requested herein.

WHEREFORE, ClearVue prays that this Court issue an Order terminating or modifying the stay and granting the following:

1. Relief from the stay allowing ClearVue (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Quiet Title Action.

2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

3. For such other relief as the Court deems proper.

Respectfully Submitted,

ClearVue Opportunity XVIII, LLC
By its attorneys,

DATED: April 6, 2012

/s/ Erin P. Severini
Erin P. Severini, Esq. (ES8383)
Kevin Graves, Esq.
Doonan, Graves, & Longoria, LLC
35 Old Tarrytown Road,
White Plains, NY 10603
Tel. (914) 949-8373
100 Cummings Center Ste. 225D
Beverly, MA 01915
Tel. (978) 921-2670
es@dgandl.com

4