**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:                                                              ) | |
|                                                                            ) | **CHAPTER 11** |
| **LEHMAN BROTHERS HOLDINGS INC., ET AL.**    ) | **CASE NO. 08-13555 – jmp** |
|                                                                            ) | |
|                                                                            ) | **(Jointly Administered)** |
|                             **Debtors**                    ) | |
|                                                                            ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

ClearVue Opportunity XVIII, LLC ("ClearVue") hereby submits this memorandum of law in support of its motion for relief from the automatic stay, pursuant to 11 USC § 362(d), to enforce its rights in a quiet title action filed in San Joaquin Superior Court, Stockton, California, relative to real property located at 7437 E. Main Street, Stockton, California (the "Property").

**A. STATEMENT OF FACTS**

On January 9, 2009, BNC Mortgage, LLC ("BNC") filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On January 14, 2009, this Court issued an Order in BNC's case directing joint administration of its case with Lehman Brothers Holdings, Inc.

On or about October 30, 2006, Jose Manual Ochoa (the "Borrower") executed and delivered a promissory note in the amount of $440,000.00 to WMC Mortgage Corporation. To secure the obligation, the Borrower gave a deed of trust, dated October 30, 2006, to Westwood Associates as Trustee for the Benefit of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corporation, in the amount of $440.000.00 (the "WMC Deed of Trust"). In lieu of the recordation of the WMC Deed of Trust, another deed of trust was erroneously recorded in its place against the Property, on November 7, 2006, as Instrument Number 2006-234921 in the Official Records of the County of San Joaquin (the "Erroneous Deed of Trust."). The Erroneous Deed of Trust incorrectly states that BNC Mortgage, Inc. ("BNC") was the lender for the loan

transaction instead of WMC Mortgage Corporation. The designation of BNC as the lender is a scrivener's error since the promissory note establishes that WMC Mortgage Corporation was the actual lender.

In August 2011, ClearVue purchased the subject loan and is the current holder of the promissory note and assignee of record of the deed of trust  In order to correct the above-referenced scrivener's error, ClearVue commenced a quiet title action in California state court on September 9, 2011 ("Quiet Title Action"), naming BNC as a party defendant, seeking, among other things, to reform the Erroneous Deed of Trust to reflect the true intention of the parties, namely that WMC Mortgage Corporation is the beneficiary under the deed of trust and that WMC Mortgage Corporation had a valid, enforceable secured first priority lien against the Property.

## B. ARGUMENT

    A.    <u>Relief From the Automatic Stay Standard</u>

Pursuant to 11 USC § 362(d), a party in interest may seek relief from the automatic stay:

    (1) "for cause, including lack of adequate protection of an interest in property of such party in interest"; or

    (2) "with respect to a stay of an act against property . . .if (A) the debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization."

    B.    <u>BNC does not have any interest in the Property.</u>

As aforementioned and further demonstrated in ClearVue's affirmation in support of its motion for relief from the automatic stay, BNC was not the original lender for the underlying loan transaction and has never held any interest in the subject loan or Property. BNC was mistakenly identified as the lender on the deed of trust recorded with the County Recorder and now ClearVue is seeking to rectify this error through its Quiet Title Action.

  C. <u>The Property is Not Necessary to BNC's Reorganization.</u>

In this case, BNC has no interest in the Property or the underlying loan transaction; thus, the Property is unnecessary for reorganization.

## **C. CONCLUSION**

Based on the foregoing, ClearVue is entitled to relief from the automatic stay, pursuant to 11 USC § 362(d) and Bankruptcy Rule 4001-1 and 9014.

WHEREFORE, ClearVue requests that this motion be granted, and for all other relief as is deemed just.

            Respectfully Submitted,

            ClearVue Opportunity XVIII, LLC
            By its attorneys,

DATED: April 6, 2012    /s/ Erin P. Severini
            Erin P. Severini, Esq. (ES8383)
            Kevin Graves, Esq.
            Doonan, Graves, & Longoria, LLC
            35 Old Tarrytown Road,
            White Plains, NY 10603
            Tel. (914) 949-8373
            100 Cummings Center Ste. 225D
            Beverly, MA 01915
            Tel. (978) 921-2670
            es@dgandl.com