Page 1

1    UNITED STATES BANKRUPTCY COURT

2    FOR THE SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-13555 (JMP) (Jointly Administered)

4    - - - - - - - - - - - - - - - - - - - - - -x

5    In Re:

6

7    LEHMAN BROTHERS HOLDINGS, INC., et al.,

8

9              Debtors.

10

11    - - - - - - - - - - - - - - - - - - - - - -x

12

13              United States Bankruptcy Court

14              One Bowling Green

15              Room 601

16              New York, NY  10004-1408

17

18

19              March 22, 2012

20              10:04 AM

21

22    B E F O R E:

23    HON. JAMES M. PECK

24    U.S. BANKRUPTCY JUDGE

25

Page 2

1   Motion of Lehman Brothers Holdings Inc. and Lehman Brothers

2   Special Financing, Inc. to Estimate Claims filed by Citadel

3   Equity Fund Ltd. For Purposes of Establishing Reserves [ECF No.

4   26097]

5

6   Debtors' Ninety-Second Omnibus Objection to Claims (No Blocking

7   Number LPS Claims) [ECF No. 14472]

8

9   Debtors' One Hundred Thirty-Sixth Omnibus Objection to Claims

10  (Misclassified Claims) [ECF No. 16867]

11

12  Debtors' One Hundred Tenth Omnibus Objection to Claims (Pension

13  Claims) [ECF No. 15010]

14

15  Debtors' One Hundred Twenty-First Omnibus Objection to Claims

16  (To Reclassify Proofs of Claim as an Equity Interest) [ECF No.

17  16075]

18

19  Debtors' One Hundred Thirty-Sixth Omnibus Objection to Claims

20  (Misclassified Claims) [ECF No. 16867]

21

22  Debtors' One Hundred Eighty-Ninth Omnibus Objection to Claims

23  (No Liability Repo Claims) [ECF No. 19870]

24

25  Debtors' Twenty-Eighth Omnibus Objection to Claims (Valued

1    Derivative Claims) [ECF No. 9983]

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Transcribed by:  Anna Maria Leon

```
1    A P P E A R A N C E S :

2    WEIL, GOTSHAL & MANGES LLP

3          Counsel for the Debtors

4          767 Fifth Avenue

5          New York, NY  10153-0119

6

7    BY:   SUNNY SINGH, ESQ.

8          MARK BERNSTEIN, ESQ.

9

10

11   COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

12         Counsel for Highland Credit Strategies Master Fund, L.P.

13         900 Third Avenue, 16th Floor

14         New York, NY  10022

15

16   BY:   KENNETH L. BAUM, ESQ.

17

18

19   DORSEY & WHITNEY LLP

20         Counsel for Marquette Financial Companies

21         51 West 52nd Street

22         New York, NY  10019-6119

23

24   BY:   JESSICA D. MIKHAILEVICH, ESQ.

25
```

Page 5

P R O C E E D I N G S

1

2          THE COURT:   Be seated, please.  Good morning.

3          MR. SINGH:   Good morning, Your Honor.  Sunny Singh,

4     Weil, Gotshal & Manges on behalf of the debtors.

5          THE COURT:   Good morning.

6          MR. SINGH:   Debtor re-filed an agenda yesterday for

7     today's claims hearing and with your permission, I propose we

8     just walk through the items on the agenda.

9          THE COURT:   Let's do that.

10          MR. SINGH:   Your Honor, the first item on the agenda

11     is the motion of Lehman Brothers Holdings Inc. and Lehman

12     Brothers Special Financing Inc. for estimation of certain

13     claims filed by Citadel Equity Fund Ltd. for purposes of

14     establishing distribution reserves under the plan.  Your Honor,

15     specifically for the reasons we set forth in the motion, the

16     debtors seek the entry of an order estimating certain claims

17     filed by Citadel, specifically a contingent claim filed by

18     Citadel against LBSF, that's claim number 33631 at zero

19     dollars; a contingent guarantee claim filed by Citadel against

20     LBHI, that's claim number 33632 at zero dollars; and a portion

21     of Citadel's guarantee claim against LBHI that relates to

22     LBHI's guarantee of LBIE at approximately $423 million, that's

23     claim number 33633.  That reduction -- the claim for Libby

24     reflects a reduction of approximately $56 million in post-

25     petition interest that accrued.

Page 6

1          Your Honor, the principal portion of the Libby claim

2    has been sold to Credit Suisse Funding LLC in response to some

3    comments we received from Credit Suisse, we've clarified and

4    filed a revised proposed order clarifying that the reduction of

5    distribution reserves relates only to the portion of post-

6    petition interest which is stilled owed by Citadel, not to the

7    principal portion which is owned by Credit Suisse.  Your Honor,

8    we filed a motion in accordance with a case management order

9    and served it on Citadel.  No response has been filed.  And

10   unless Your Honor has any questions, we request that the order

11   be entered.

12          THE COURT:   It will be entered.

13          MR. SINGH:   Thank you.

14          Your Honor, the balance of the agenda will be handled

15   by my colleague, Mark Bernstein.

16          MR. BERNSTEIN:   Good morning, Your Honor.  Mark

17   Bernstein, Weil, Gotshal & Manges on behalf of Lehman Chapter

18   11 debtors.

19          The next item on the agenda is the Ninety-Second

20   Omnibus Claim Objection to the claim of Christina Kim.  This is

21   a carry-over item from the last hearing where the debtors had

22   told Your Honor that we had reached out to Ms. Kim to see if

23   she could provide us any information to resolve our No Blocking

24   Number Objection, if she could prove that she -- that there was

25   no duplicate claims and she can validate her ownership.  At

Page 7

1    that time she hadn't responded to our first letter.  We did

2    send her a second letter following that hearing letting her

3    know that Your Honor had provisionally granted the objection,

4    but gave her 30 days to respond to us.  She -- we have not

5    received any further response and at this time, we respect that

6    her claim be expunged from claims registered.

7              THE COURT:   The relief you seek will be granted.

8              MR. BERNSTEIN:   Thank you, Your Honor.

9              The next item under -- on the agenda is the Hundred

10   and Thirty-Six Omnibus Objection to Claims.  This seeks to

11   reclassify certain claims that were filed as secured claims as

12   unsecured claims on the claims register.

13             The debtors have resolved the issue with respect to

14   these claims, with respect to Diamondback Master Fund, LMA SPC

15   on behalf of Map I, and Tronox, who had initially been opposing

16   the omnibus objection and the reclassification of their claims.

17   The debtors have a black line of an order with some additional

18   language that addresses some of the concerns of the parties.

19   May I hand it up to Your Honor?

20             THE COURT:   Yes.

21             MR. BERNSTEIN:   The new language in the order

22   effectively provides for two things; one, with respect to

23   Diamondback and LMA SPC, they -- those are prime brokerage

24   creditors and they wanted to reserve any rights they may have

25   to assert in the future that certain property is not property

Page 8

1    of the estate, but rather property of those creditors.

2          The debtors are willing to allow them to reserve that

3    right and not trying to affect that.  However, that doesn't

4    mean their claim should be secured.  So, with the inclusion of

5    this language, they are -- they agree to have their claims be

6    reclassified as unsecured claims.  And then the language on the

7    second -- the top of page -- the second page, top of page 3,

8    sorry -- preserves any parties' valid rights of set-off to the

9    extent they have them.  With that language, this is going

10   forward on an uncontested basis.  I request Your Honor grant

11   the Hundred and Thirty-Sixth with respect to Diamondback, LMA,

12   and Tronox.

13         THE COURT:   The relief you seek is granted as to

14   these parties on an uncontested basis.

15         MR. BERNSTEIN:   Thank you, Your Honor.

16         The -- now, we now move to the contested portion of

17   the agenda and the first item on here is the Debtors' One

18   Hundred Tenth Omnibus Objection to Claims.  This was an

19   objection to the claim of Margaret Gattuso.  Her claim was

20   filed against the debtor seeking to recover based on certain

21   pension obligations that LBHI had at one point.  Pursuant to a

22   settlement agreement that the debtors entered into with the

23   PBGC back in 2008, the debtors made a payment to the PBGC of

24   about $127 million and that satisfied all of LBHI's obligations

25   in connection with the pension plan, and any payments to the

Page 9

1  participants in that plan is being -- are being made by the

2  PBGC who is the Trustee and the Administrator of that plan at

3  this time.

4       We have reached out to this creditor and explained to

5  her that that's the case and that any recovery she has should -

6  - she should request from the PBGC.  We're happy to continue to

7  speak with her and facilitating discussions about when and if

8  she may receive any distributions, but pursuant to the

9  agreement, the settlement agreement, and also pursuant to

10  ERISA, she's not entitled to a double recovery from the estates

11  as well.  So at this point, we're seeking to expunge her claim

12  from the claims register.

13       THE COURT:  If I recall correctly, this claimant

14  filed a letter in the docket objecting to this treatment of her

15  claim and indicated that she intended to appear.  I believe

16  that was in June of last year.

17       I'm just going to ask if Margaret Gattuso is present

18  in Court or participating by telephone or if any representative

19  is speaking on her behalf?

20       There's no response.  Having reviewed the objection

21  and also her response to the objection, I grant the objection

22  inasmuch as her petition is sympathetic but lacking in merit.

23       MR. BERNSTEIN:  Thank you, Your Honor.

24       The next item on the agenda is the One Hundred

25  Twenty-First Omnibus Objection to Claims.  This objection seeks

Page 10

1    to reclassify certain claims as equity interest in the debtors

2    as they were filed based on common or preferred stock of LBHI.

3    The claim filed by Mary Lynch has attached to it a one-page --

4    what appears to be some kind of hand-written statement or

5    statement prepared by the claimant, which identifies her

6    holdings in Lehman by the ticker symbol "LEMHQ."  While that is

7    actually not a ticker for any security registered anywhere,

8    "LEHMQ" is -- was the ticker symbol for the old Lehman Brothers

9    common stock.  So based on her proof of claim, we believe she

10   is a holder of Lehman Brothers common stock.

11          The reply letter that we received from this claimant

12   didn't make it any more clear that she was asserting a claim

13   for anything other than common stock.  And therefore at this

14   point, we're seeking to have her claim reclassified as equity,

15   which is what we believe that it is.

16          THE COURT:   All right.  Is Mary Lynch present or on

17   the telephone or is anyone here to speak on her behalf?

18          I hear no response.  This is an unopposed objection

19   to claim seeking to reclassify that claim as equity.  The

20   arguments made are persuasive on behalf of the debtor and I

21   grant the objection as to the Mary Lynch claim.

22          MR. BERNSTEIN:   Thank you, Your Honor.

23          The next item on the agenda, number 6, is again the

24   Debtors' Omnibus -- One Hundred Thirty-Sixth Omnibus Objection

25   to Claims that seeks to reclassify claims that were filed as

Page 11

1   secured as unsecured claims.  We're going forward today with

2   the claim of Stadt Schwaebisch Hall.  The claim was initially

3   asserted as secured, with the language in the claim that says,

4   "the claim is filed as a secured claim to the extent of the

5   value of any right of set-off, and as a general unsecured claim

6   to the extent of the remaining amount of the claim."

7           The proof of claim does not assert any actual or any

8   rights of set-off or that they are actually holding money that

9   they're seeking to set-off, and the response letter sent by

10  this creditor also does not assert any basis for a claim -- for

11  secured claim.  It just gives more detail about the unsecured

12  claim which they're seeking to collect on.  As a result, the

13  debtors believe that this claim is an unsecured claim and

14  should be reclassified on the docket as an unsecured claim.

15          THE COURT:   Based upon my review of the Stadt

16  Schwaebisch Hall submission, it appears that what literally it

17  is asserting an unsecured claim rather than a secured claim,

18  and has done a calculation in Euros converted to dollars.  I

19  believe we're talking about a $54,000.

20          I'm just going to ask if anyone is here representing

21  Stadt Schwaebisch Hall in person or on the telephone.

22          There's no response.  Based upon my review of the

23  submission and the positions asserted by the debtors, I grant

24  the objection as to this particular claimant and it will be

25  reclassified as an unsecured claim.

Page 12

1              MR. BERNSTEIN:    Thank you, Your Honor.

2              The last item on the agenda is the Debtors' One

3    Hundred Eighty-Ninth Omnibus Objection to Claims.  This

4    objection sought to disallow and expunge certain claims

5    asserted against LCPI based on repurchase agreements that were

6    entered into with third parties.  We're here today on a

7    contested basis with respect to the claims of Marquette

8    Financial Companies and Highland Credit Strategies Master Fund.

9    Both of these creditors have very similar situations.  They

10   entered into repurchase agreements with -- were LCPI as well as

11   LBI were the Lehman parties that were subject to them.  The

12   repurchase agreements are similar to the derivative contracts

13   that we've dealt with in this case in that there's a standard

14   form agreement that cannot be changed and then parties can

15   enter into supplemental terms and conditions, modifying the

16   standard terms and then also enter into a confirmation

17   detailing the specific financial terms of each transaction.

18   Each confirmation, when taken together with the master

19   repurchase agreement and any supplemental terms, represents its

20   own individual transaction and to the extent that one party,

21   one Lehman party is listed on the confirmation or is party to

22   an individual transaction, there's no liability for the other

23   Lehman party.  And the supplemental terms make that clearer

24   when they say that with respect to individual repurchase

25   transactions, this agreement shall only apply to the Lehman

Page 13

1    Brothers entity, i.e., Lehman Brothers Inc., Lehman Brothers

2    Commercial Paper Inc., printed on the confirmation as described

3    in Section 3(b) provided to the counter-party of Lehman

4    Brothers entity.  So to the extent that LBI is on the

5    confirmation, the party is not entitled to collect from LCPI

6    and vice versa as well.

7           The confirmations in connection with these particular

8    transactions unfortunately don't list either LBI or LCPI, but

9    rather they list Lehman Brothers Global Trading Finance as the

10   counter-party to the particular repo transaction.  The two

11   creditors seeking to -- that are here today assert that Lehman

12   Brothers Global Trading Finance was a trade name for Lehman

13   Commercial Paper Inc. and therefore they're entitled to collect

14   from Lehman Commercial Paper Inc. for these claims.  This is

15   inconsistent with the debtors' records.  The debtors have

16   reviewed their records and these two trades with Marquette and

17   Highland were included on LBI's books and records, and were

18   included in Lehman's systems as we attached to our reply as LBI

19   trades and as trades that rolled up to LBI.

20          Furthermore, the confirmations included a company of

21   ledger code on them and the codes were "G4SK" and "G422."

22   We've also attached to our reply Lehman's company ledger code

23   list which identifies which codes apply to which Lehman

24   Brothers entities.  Lehman Brothers Global Trading Finance is

25   not listed on this company ledger code list in any way,

Page 14

1    actually, and neither are the specific codes "G4SK" nor "G422."

2    However, the code that begins with "G" only relates to Lehman

3    Brothers Inc. and there's no other entities that have a code

4    that begins with the letter "G" and therefore, based on

5    Lehman's records and on this code list, it is Lehman's position

6    that these were LBI trades and therefore these creditors should

7    seek to collect from LBI and are not entitled to collect from

8    LCPI.  And as a result, we request that their claims be

9    disallowed and expunged.

10            THE COURT:   I take it we have counsel here for both

11   Marquette and Highland Credit.  So why don't we hear from them

12   in turn?

13            MR. BAUM:   Yes, Your Honor.  May I speak from the

14   attorney's table?

15            THE COURT:   I'd prefer if you spoke from the podium.

16            MR. BAUM:   Certainly.

17            Good morning, Your Honor.  Kenneth Baum, Cole,

18   Schotz, Meisel, Forman & Leonard representing Highland Credit

19   Strategies Master Fund, L.P., claim number 3136 specifically in

20   the context of this motion.

21            Your Honor, it appears, and I think it's been made

22   clear certainly, that there is a -- there is only really one

23   major dispute issue of fact here, but it is a critical one,

24   obviously.  The question is who was this transaction

25   consummated between.  On the one side, there's no dispute it

Page 15

1   was my client.  On the other side, the question is which Lehman

2   entity, and there's no dispute that under the master repo

3   agreement, it does depend upon -- notwithstanding who was a

4   party to the master repo agreement, it does depend upon who the

5   particular transaction was consummated with.

6           THE COURT:   Can I ask you a question?

7           MR. BAUM:   Sure.

8           THE COURT:   Have you made a claim in the LBI case?

9           MR. BAUM:   I -- Your Honor, I don't believe so.

10  I've not had a chance to check with my client.  They have

11  handled all the filings of the claims in-house, but I can

12  verify that with them, but standing here today, I don't know

13  right now.

14          THE COURT:   All right.  I think that will be a

15  useful thing to find out.

16          MR. BAUM:   I think it would be helpful as well, and

17  I will certainly look into that.

18          But with regard to the issue at stake here, Your

19  Honor, the reality is anything that's been advanced by the

20  debtors thus far has not been in the context of a sworn

21  statement from a Lehman representative.  All we've had thus far

22  are unsworn statements of counsel, we've had documents

23  produced.  We had a document submitted as part of pleadings,

24  but nothing that's been in response to a specific discovery

25  request, nothing that's given as part of sworn testimony, and

Page 16

1    before a claim can be expunged where the issue has been joined,

2    I would submit that that is simply not a competent basis to

3    adjudicate a critical issue of fact like this.  Quite frankly,

4    this had been adjourned as Your Honor is probably aware.  This

5    hearing had been adjourned and rolled over several times until

6    earlier this week when we found the latest reply filed by the

7    debtors, so we had not had a chance to conduct any kind of --

8    we simply didn't conduct discovery because it was our opinion

9    that the -- or it was our belief based upon my conversations

10   with debtors' counsel that they were still looking at this.  So

11   the latest filing simply came as, "well, we're submitting this

12   now, and we're ready to go forward on Thursday."  But quite

13   frankly having unsworn statements of counsel, no records really

14   have been created here, and I would submit that before Your

15   Honor can properly adjudicate this, we would have to be

16   afforded the right to conduct some kind of very brief and very

17   limited and very specific discovery, of course, on this issue

18   and obtain documents the way documents should properly be

19   produced and testimony given under the Federal rules and

20   Bankruptcy Rule 9014.

21            THE COURT:   Does your client have any evidence of

22   its own that would connect Lehman Brothers Global Trading and

23   Finance to LCPI?

24            MR. BAUM:   Their only belief was that based upon the

25   transaction confirmation sheet --

1                THE COURT:   The question is whether you have any

2     evidence.

3                MR. BAUM:   I -- standing here today, Your Honor, no.

4     No independent evidence.

5                THE COURT:   All right.  So if there were discovery

6     taken and discovery were addressed to your client and you were

7     asked to identify anything that would connect the counter-party

8     to this trade to the party against whom you are asserting your

9     claim, you would have no information that would connect LBGTF

10    to LCPI?

11               MR. BAUM:   Again, Your Honor, that would of course

12    have to be through my client giving a sworn statement.  As of

13    here today, I don't -- I can't say yes, but that would have to

14    be them telling me under a sworn statement filed with Your

15    Honor whether it does.  I don't know.  As of today, I don't

16    know that.  I can't say that I do.

17               THE COURT:   All right.  I understand your position.

18               MR. BAUM:   Okay.

19               MS. MIKHAILEVICH:   Good morning, Your Honor.

20    Jessica Mikhailevich, Dorsey & Whitney on behalf of Marquette

21    Financial Companies.

22               We're very similar position to Highland Creditor.  We

23    filed our proof of claim 22949 in these proceedings, also

24    feeling that the Lehman entity that was responsible is LCPI,

25    not LBI.  We did file a place holder proof of claim in the LBI

Page 18

1    proceedings, however we do feel that the party that is

2    accountable for this trade and responsible for the loss on the

3    trade itself is LCPI.  We don't have any documents to put forth

4    that LGBTF (verbatim) is LCPI, but we want to conduct discovery

5    from the debtor and we feel that their response didn't

6    necessarily rise to the level of proving that our claim should

7    be disallowed entirely.  We would like to conduct discovery and

8    see what else they can provide to show that it's not that just

9    the "G" code linked to LBI in other trades can somehow

10   attribute that LGBTF (verbatim) in this situation was linked to

11   LBI.

12            THE COURT:   When your client filed -- if you know,

13   when your client filed the protective proof of claim in the LBI

14   case, and a proof of claim against LCPI here, was there any

15   information within your client's records to your knowledge that

16   would connect LBGTF to LCPI?

17            MS. MIKHAILEVICH:   Your Honor, I don't have

18   information about that.  I was not involved in the place holder

19   filing, so I don't really know what the link was or what was

20   submitted in terms of connecting LGBTF (verbatim) to LBI or

21   LCPI.

22            THE COURT:   All right.  Thank you.

23            MS. MIKHAILEVICH:   Thank you.

24            THE COURT:   So what do you have to say about all of

25   this?

1          MR. BERNSTEIN:    The debtors have searched their

2     records and believe that what we've attached to the reply is

3     all there is as to determine who the party to this trade is and

4     who LBGTF, which entity that actually relates to.

5          THE COURT:    Is there an individual who could provide

6     a declaration that would connect all of the dots as to the

7     relationship, if any, between LBGTF and LCPI, and the

8     relationship between LBGTF and LBI?  Because while I think your

9     reply papers are persuasive that there is in fact no connection

10    between LCPI and this trade name, it would be helpful to the

11    parties who are expressing uncertainty as to your assertions

12    and it will be helpful to the Court if there were some more

13    definitive evidence that would make clear that LBGTF is in fact

14    a synonym for LBI and not for LCPI.  I also don't understand

15    how this trade ended up with what appears to be an almost

16    fictitious entity.  I don't know what Lehman Brothers Global

17    Trading and Finance is, and I've been involved in this case for

18    three-and-a-half years -- I think it's been more than three-

19    and-a-half years.

20          So some showing as to what this name is, why it was

21    used, how it ended up on the trade, and whether or not LBI

22    itself would in effect attorn to these creditors would be also

23    of use to know.  I don't know what position LBI is taking.  Do

24    you?

25          MR. BERNSTEIN:    I do not.  Happy to find that

Page 20

1   information out and to provide a declaration.  I think that any

2   declaration we provide is going to be mostly linked to the

3   information that's attached to our reply because anybody who

4   was around when these trades were entered into is no longer

5   around the Lehman, and they -- the -- many of the records that

6   were around at that time obviously went with different

7   divisions as they were sold as well, possibly are at LBI.  But

8   we're certainly happy to provide the declaration of, you know,

9   what information we know.

10          THE COURT:   Well, in effect, counsel for Highland is

11  taking the position that as a matter of procedure in order to

12  deal with the assertions made in the reply papers, there should

13  be somebody providing evidence other than counsel.  You know,

14  whether or not that's a good position or not to take in every

15  instance, at least in this case, it seems reasonable given the

16  question marks that surround what I'm going to call this

17  fictitious name, that we should be able to connect this name to

18  the proper entity, and that these creditors should not be left

19  guessing as to whether or not the assertions you're making in

20  your papers are true or not.

21          So I'm going to suggest that at this juncture we

22  carry this to another omnibus date.  It could be the next one

23  or whichever one is appropriate to provide an updated

24  submission and that the parties work cooperatively with each

25  other in the interim to answer these questions as efficiently

Page 21

```
 1    as possible.  It seems to me that we're not talking about

 2    something that's particularly esoteric.  We're really trying to

 3    track a name to an entity.  If it turns out that the name

 4    doesn't track to an entity, I think we're going to have an

 5    interesting problem.  I'd be particularly anxious to know

 6    whether LBI itself through the Trustee would acknowledge that

 7    claims arising from this fictitious name actually are claims

 8    against LBI.  Since I don't have an answer to that question

 9    yet, that's another piece of information that I'd like to have.

10    And I think that Highland Credit would probably be well advised

11    to check to see if like Marquette a protective filing was made.

12    If one was made, maybe we don't have much to talk about.  If

13    one wasn't made, maybe they're in trouble.  I don't know yet.

14            So let's put this over until some more work has been

15    done on resolving the dispute.

16            MR. BERNSTEIN:   Sure.  We'll find out what we can

17    and come back to you.

18            THE COURT:   Okay.

19            MR. BAUM:   Your Honor, may we have the right to

20    submit limited discovery on this issue in the interim?  We're

21    obviously not talking, you know --

22            MR. BERNSTEIN:   We're happy to cooperate and provide

23    whatever information they're looking for.

24            THE COURT:   I don't think that this is a -- I don't

25    think -- and, you know, you're -- this obviously is a courtroom
```

Page 22

1    and we are governed by the Federal rules of practice and

2    procedure, but I'm proposing an informal exchange of

3    information, not the granting of discovery rights in converting

4    this into, to use the vernacular, a Federal case.  This is a

5    dispute that can be resolved cooperatively and presumably

6    efficiently.  If there's a problem, you're of course free to

7    come back and seek such discovery as may be needed through more

8    coercive means.

9            I think we're done for the day, and we're adjourned.

10           MR. BERNSTEIN:   That's the last item.  Correct.

11           THE COURT:   Thank you.  See you next time.

12

13       (Whereupon these proceedings were concluded at 10:32 AM)

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                        I N D E X

 2

 3                        RULINGS

 4                                         Page    Line

 5    Debtors' Motion to Estimate Claims filed by   6      12

 6    Citadel Equity Fund Ltd. - approved

 7    Debtors' Ninety-Second Omnibus Objection      7       7

 8    To Claims - approved

 9    Debtors' One Hundred Thirty-Sixth Omnibus     8      13

10    Objection to Claims - approved

11    Debtors'One Hundred Tenth Omnibus Objection   9      21

12    To Claims - approved

13    Debtors' One Hundred Twenty-First Omnibus    10      21

14    Objection to Claims - approved

15    Debtors' One Hundred Thirty-Sixth Omnibus    11      23

16    Objection to Claims - approved

17    Debtors' One Hundred Eighty-Ninth Omnibus    20      22

18    Objection to Claims - carried forward

19

20

21

22

23

24

25
```

Page 24

1

2                         C E R T I F I C A T I O N

3

4        I, Anna Maria Leon, certify that the foregoing transcript is a

5        true and accurate record of the proceedings.

6

7

8        Anna Maria          Digitally signed by Anna Maria Leon
         Leon                DN: cn=Anna Maria Leon,
                             o=Veritext, ou,
9                            email=digital1@veitext.com, c=US
                             Date: 2012.03.27 11:37:37 -04'00'

10       ANNA MARIA LEON

11

12       Veritext

13       200 Old Country Road

14       Suite 580

15       Mineola, NY 11501

16

17

18       Date:  March 23, 2012

19

20

21

22

23

24

25