Presentment Date and Time: April 17, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Deadline: April 16, 2012 at 4:00 p.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
                                                    :
**In re**                                           :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*        :    **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :    **(Jointly Administered)**
-------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER REGARDING CERTAIN PROOFS OF CLAIM FILED BY BNP PARIBAS

**PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order (the "Stipulation") between Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter 11 cases, and BNP Paribas ("BNPP"), regarding certain proofs of claim filed by BNPP against LBHI to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 17, 2012 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY, 10153, Attn: Robert J. Lemons, attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates; and (iii) Mayer Brown LLP, 1675 Broadway, New York, NY 10019, Attn: Howard S. Beltzer, attorneys for BNPP, so as to be received by **April 16, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation on **April 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43961559\03\58399.0003

        **PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the
Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 10, 2012
        New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc. and
                                        Certain of Its Affiliates

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                             :
In re                                        :    Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :    08-13555 (JMP)
                                             :
                      Debtors.               :    (Jointly Administered)
------------------------------------------------------------------x
```

## STIPULATION, AGREEMENT AND ORDER
## REGARDING CERTAIN PROOFS OF CLAIM FILED BY BNP PARIBAS

This stipulation, agreement and order (the "Stipulation") is entered into by and

between Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan

Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the chapter 11 entities in the

above referenced chapter 11 cases, and BNP Paribas ("BNPP").  The Plan Administrator and

BNPP shall each be referred to in this Stipulation as a "Party" and collectively the "Parties."

RECITALS

A.       Commencing on September 15, 2008 and periodically thereafter, LBHI

and certain of its subsidiaries (the "Chapter 11 Entities") commenced voluntary cases (the

"Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

Code") in the United States Bankruptcy Court for the Southern District of New York (the

"Bankruptcy Court").

        B.      On December 6, 2011, the Bankruptcy Court entered an order confirming

the Plan [ECF No. 23023].  The Effective Date for the Plan occurred on March 6, 2012.

Pursuant to the Plan, LBHI was appointed as the Plan Administrator for each of the Chapter 11

Entities and, in its capacity as Plan Administrator, is authorized to control and effectuate the

claims reconciliation process with respect to claims filed against the Chapter 11 Entities.

Proof of Claim Number 67346

        C.      On February 25, 2011, BNPP filed an amended omnibus proof of claim

(claim number 67346) against LBHI asserting unsecured amounts due from LBHI for, among

other things, certain alleged indemnification obligations, amounts outstanding on account of a

master promissory note issued by LBHI and certain guarantees by LBHI of derivatives

obligations of various foreign and domestic affiliates of LBHI, in an aggregate amount of

$882,732,829.89 plus interest and additional unliquidated and contingent amounts.  BNPP also

asserted an administrative expense claim against LBHI in the amount of $1,033,742.00.

        D.      On June 30, 2011, BNPP, LBHI, Lehman Brothers Special Financing Inc.

("LBSF") and Lehman Brothers Commodity Services Inc. ("LBCS") entered into certain

settlement agreements to allow certain derivatives claims and derivatives guarantee claims

asserted by BNPP against such Chapter 11 Entities in accordance with the Order, dated

December 16, 2008, pursuant to sections 105 ad 365 of the Bankruptcy Code to establish

procedures for the settlement or assumption and assignment of prepetition derivatives contracts

[ECF No. 2257].  As a result, (i) the portion of claim number 67346 relating to LBHI's guarantee

of BNPP's derivatives claim against LBSF was allowed in the amount of $367,219,369 (the

                                               2

"Allowed LBSF Derivative Guarantee Claim") and (ii) the portion of claim number 67346

relating to LBHI's guarantee of BNPP's derivatives claim against LBCS was allowed in the

amount of $2,253,419 (the "Allowed LBCS Derivative Guarantee Claim," and collectively with

the Allowed LBSF Derivative Guarantee Claim, the "Allowed Derivatives Guarantee Claims").

  E. From time to time thereafter, the Parties reconciled BNPP's asserted claim

against LBHI relating to a Master Promissory Note in the aggregate principal amount of

$250,000,000 (the "Promissory Note"), dated as of June 19, 2008, by and among LBHI, as

borrower, and BNPP or any of its branches or agencies, collectively as lender.  The Parties have

agreed that BNPP's claim on account of the Promissory Note, inclusive of interest accrued

prepetition, should be allowed in the amount of $250,650,677.16 (the "Allowed Note Claim"

together with the Allowed Derivatives Guarantee Claims, the "Allowed BNPP LBHI Claims").

BNPP has also asserted attorneys fees against LBHI relating to the Master Promissory Note,

which have not been allowed to date.

  F. BNPP has transferred portions of the Allowed BNPP LBHI Claims as

follows to various transferees (excluding certain intermediate transferees) as reflected on the

claims register (the "Claims Register") for the Chapter 11 Cases:

  (i) $185,000,000.00 of the Allowed LBSF Derivative Guarantee

Claim to Royal Copper Fund, L.L.C;

  (ii) $2,253,419.00 of the Allowed LBCS Derivative Guarantee Claim

to Deutsche Bank AG, London Branch; and

  (iii) $50,000,000.00 of the Allowed Note Claim to Canpartners

Investments IV, LLC.

G.     BNPP represents that it currently owns the balance of the Allowed BNPP

LBHI Claims.

Proof of Claim Number 67877

H.     On February 9, 2012, BNPP filed an omnibus proof of claim (claim

number 67877) against LBHI, which amended proof of claim number 67346 only with respect to

the amounts asserted by BNPP in claim number 67346, asserting unsecured amounts due from

LBHI, inclusive of the Allowed BNPP LBHI Claims, in the aggregate amount of

$970,648,596.47 plus interest and additional unliquidated and contingent claims.  BNPP also

increased its asserted administrative expense claim to $17,659,061.98 plus interest and additional

unliquidated and contingent claims, which was asserted on the basis of section 503(b)(9) of the

Bankruptcy Code.

Proof of Claim Number 67938

I.      On March 2, 2012, BNPP filed an omnibus proof of claim (claim number

67938) against LBHI, which amended proof of claim number 67877 solely to correct that

BNPP's asserted administrative expense claim was asserted on the basis of section 507(a)(2) of

the Bankruptcy Code, not section 503(b)(9) of the Bankruptcy Code.  Otherwise, proof of claim

number 67938 was unchanged from proof of claim number 67877 and asserted unsecured

amounts due from LBHI, inclusive of the Allowed BNPP LBHI Claims, in the aggregate amount

of $970,648,596.47 plus interest and additional unliquidated and contingent claims.

J.     The Parties wish to (i) accurately reflect their agreements and

understandings with respect to the Allowed BNPP LBHI Claims on the Claims Register, (ii)

eliminate duplicative claims from the Claims Register, and (iii) confirm their agreement and

understanding with respect to Distributions under the Plan on account of the Allowed BNPP

LBHI Claims.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.       The Parties confirm and agree that proof of claim number 67346 is (a) allowed as a general unsecured claim in LBHI Class 9A in the amount of $367,219,369, which reflects the Allowed LBSF Derivative Guarantee Claim, (b) allowed as a general unsecured claim in LBHI Class 9A in the amount of $2,253,419, which reflects the Allowed LBCS Derivative Guarantee Claim, (c) allowed as a general unsecured claim in LBHI Class 3 in the aggregate amount of $250,650,677.16, which reflects the Allowed Note Claim, and (d) disallowed as to any additional claims or amounts asserted therein by BNPP, including any unliquidated and contingent claims or amounts.  LBHI shall make Distributions on account of the Allowed BNPP LBHI Claims to BNPP and the applicable transferees of proof of claim number 67346 (as reflected on the Claims Register) in accordance with the Plan.

2.       Proof of claim number 67938 (a) is disallowed as to the Allowed BNPP LBHI Claims, which are marked as allowed on proof of claim number 67346 in accordance with paragraph 1 of this Stipulation, and (b) shall remain open on the Claims Register with respect to all remaining claims asserted by BNPP therein in the aggregate (i) unsecured amount of $332,866,069.33 plus interest and additional unliquidated and contingent amounts, and (ii) administrative amount of $17,659,061.98 plus interest and additional unliquidated and contingent claims (the "Remaining Claim"), pending further reconciliation by the Parties.

3.       Nothing in this Stipulation is or shall be deemed to be (a) a determination, allowance or disallowance of the Remaining Claim, or (b) an admission, release or waiver of each Parties' rights, claims and defenses with respect to the Remaining Claim.  BNPP's rights to prosecute the Remaining Claim and the Plan Administrator's rights to object to or contest the validity of the Remaining Claim on any basis whatsoever are fully preserved.

4.       Proof of claim number 67877 is disallowed and shall be expunged from the Claims Register.

5.       Upon entry of this Stipulation by the Bankruptcy Court, the claims agent shall update the Claims Register in accordance with this Stipulation.

6.       To the extent there is ever a conflict between the terms of this Stipulation and (a) that certain termination and settlement agreement, dated June 30, 2011, between BNPP, on the one hand, and LBSF and LBHI, as credit support provider, on the other, or (b) that certain termination and settlement agreement, dated June 30, 2011, between BNPP, on the one hand, and LBCS and LBHI, as credit support provider, on the other (each, a "Settlement Agreement" and together the "Settlement Agreements"), the Settlement Agreements shall control.

7.       This Stipulation and the Settlement Agreements contain the entire agreement between the Parties as to the subject matter hereof, but does not affect any prior agreements between the Parties regarding amounts to be reserved under the Plan in respect of the Remaining Claim.

8.       This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns.  Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

9.       Each person who executes this Stipulation represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation.

10.      This Stipulation may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it

shall constitute sufficient proof of this Stipulation to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

11.     This Stipulation shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

12.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

Dated: April 10, 2012
       New York, New York

/s/ Howard S. Beltzer
Howard S. Beltzer
Mayer Brown LLP
1675 Broadway
New York, New York 10019
Telephone: (212) 506-2684
Facsimile: (212) 262-1910

Attorneys for BNP Paribas

Dated: April 10, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

SO ORDERED, this
___ day of April, 2012 in New York

_____
United States Bankruptcy Judge