# United States Bankruptcy Court
## Southern District of New York

In Re: **LEHMAN BROTHERS HOLDINGS, INC.**
Case No: 08-13555

### NOTICE OF PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

CLAIM NO. <u>55854</u> HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bank. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Name of Transferee:
**SEA PORT GROUP SECURITIES, LLC**

Name of Transferor:
**RESTORATION HOLDINGS LTD.**

Name and address where notices to transferee should be sent:

Court Claim # (if known):  55854
Amount of Allowed Claim:  $5,739,069.86
Date Claim Filed:  October 29, 2009

Sea Port Group Securities, LLC
360 Madison Avenue, 22nd Floor
New York, NY  10017
Attn: Jon Silverman

Name and Address of Transferor:

Phone:  212-616-7713
Last Four Digits of Acct #: __N/A__

Phone: _____
Last Four Digits of Acct. #: __N/A__

Name and Address where transferee payments
Should be sent (if different from above):

Phone: ____N/A____
Last Four Digits of Acct. #: _____N/A_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _/s/ Jonathan Silverman_     Jonathan Silverman
       Transferee / Transferee's Agent       General Counsel       Date: 4/10/12

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both  18 U.S.C. §§ 152 & 3571*

---

### --DEADLINE TO OBJECT TO TRANSFER--

The transferor of claim named above is advised that this Notice of Transfer of Claim Other Than for Security has been filed in the clerk's office of this court as evidence of the transfer. Objections must be filed with the court within twenty (20) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
**CLERK OF THE COURT**

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Restoration Holdings Ltd.** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Sea Port Group Securities, LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **Transferred Amounts** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55854** filed by or on behalf of Seller's predecessor in interest, **Bank Hapoalim B.M.** (the "Proof of Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (the Purchased Claim, together with the rights and interests as described in clauses (a), (b), (c) and (d), are collectively referred to herein as the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim ("Agreement"); (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged (and shall not engage) in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense, or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of allowed unsecured claims against the Debtor of the same class or type; (g) pursuant to that certain Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. (Dkt. 19120, entered on August 10, 2011) (the "Structured Securities Allowance Order") each Purchased Security has been allowed in the amount as set forth on Schedule 1 hereto; and (h) there exists no basis for an objection to the Transferred Claims on any grounds upon which the Debtors reserved the right to object as set forth in the Structured Securities Allowance Order.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and

KL2 2741566.2

distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller agrees that in the event Seller shall receive any distributions or notices with respect to the Transferred Claims after the date hereof, Seller shall accept the same and shall hold the same in trust for the sole benefit of Purchaser and Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, with the endorsement of Seller (without recourse, representation or warranty) when necessary or appropriate. In the event Seller fails to deliver any payments, distributions or proceeds to Purchaser within five (5) business days of Seller's receipt, Seller shall be obligated to pay Purchaser interest on such payment, distribution or proceed at 7% per annum, from the date of Seller's receipt to the date of Purchaser's receipt. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. If for any reason, Seller (and not Purchaser) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote), Seller shall exercise such rights in a timely manner in accordance with Purchaser's written instructions, except as prohibited under any applicable law, rule or order.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9 day of April 2012.

| RESTORATION HOLDINGS LTD. | SEA PORT GROUP SECURITIES, LLC |
|---|---|
| | By: The Seaport Group LLC, its sole member |
| By: *Pamela M. Lawrence* | By: *Jordan Silverman* |
| Name: | 360 Madison Avenue, 22nd Floor  Jordan Silverman |
| Title: Pamela M. Lawrence, Director | New York, NY 10017    General Counsel |

KL2 2741566.2

Schedule 1

Transferred Claims

Purchased Claim

5.268854% - USD $5,690,000.00 of USD $107,993,120.00 (the outstanding amount of the Proof of Claim as of the 7 day of April 2012), plus all accrued and unpaid interest, fees and any other recovery or return due.

Lehman Programs Securities to which Transfer Relates

| ISIN | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|
| XS0346461634 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $400,000.00 | N/A | 18 March 2011 | N/A | $400,000.00 |
| XS0364167006 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $250,000.00 | N/A | 21 May 2013 | N/A | $253,166.67 |
| XS0346466781 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $990,000.00 | N/A | 18 March 2015 | N/A | $1,010,443.50 |
| XS0329201528 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $100,000.00 | N/A | 05 November 2019 | N/A | $100,888.89 |
| XS0327725528 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $400,000.00 | N/A | 05 November 2019 | N/A | $403,733.33 |
| XS0351984827 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $350,000.00 | N/A | 18 March 2020 | N/A | $357,714.00 |
| XS0339215351 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $150,000.00 | N/A | 15 February 2020 | N/A | $151,062.50 |
| XS0347872128 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $2,450,000.00 | N/A | 04 March 2023 | N/A | $2,457,560.97 |

Schedule 1-1

KL2 2741566.2

| XS0340592681 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $600,000.00 | N/A | 15 February 2023 | N/A | $604,500.00 |

KL2 2741566.2