UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
                                                 :

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

----------------------------------------------------------------x
                                                 :

| | | |
|---|---|---|
| In re | : | |
| | : | |
| LEHMAN BROTHERS INC. | : | Case No. 08-01420 (JMP) SIPA |
| | : | |
| Debtor. | : | |

----------------------------------------------------------------x

### STIPULATION, AGREEMENT AND ORDER GRANTING
### PHILIP WALSH LIMITED RELIEF FROM THE AUTOMATIC STAY

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases ("LBHI"), James W. Giddens, Trustee for

the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), and Philip Walsh

("Walsh," together with LBHI and the SIPA Trustee, the "Parties"), by and through their

respective counsel, hereby enter into this Stipulation, Agreement and Order (this "Stipulation,

Agreement and Order") and represent and agree as follows:

### RECITALS

A.     On September 15, 2008 and periodically thereafter, LBHI and certain of its

subsidiaries (collectively, the "Debtors") commenced in this Court voluntary cases (the "Chapter

11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

B.     On September 19, 2008, a proceeding (the "SIPA Proceeding") was commenced

under the Securities Investor Protection Act of 1970, as amended ("SIPA"), 15 U.S.C. §§ 78aaa

et seq., with respect to LBI and James W. Giddens was appointed as SIPA Trustee under SIPA to administer LBI's estate.

C.      On January 14, 2009, Walsh filed a proof of claim (the "Walsh Claim") in the Chapter 11 Cases.  The Walsh Claim, which was assigned proof of claim number 1707 by the Debtors' Bankruptcy Court-approved claims and noticing agent, asserts that Walsh is entitled to a payment from LBHI in the amount of $837,859.29 relating to (i) certain restricted stock units and stock options that he alleges were due to him as part of his compensation as an employee of LBI, and (ii) monies allegedly withheld from his compensation by LBI to purchase restricted stock units.

D.      On July 2, 2009, the Bankruptcy Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and rule 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") establishing, among other things, September 22, 2009 (the "Bar Date") as the deadline for parties in interest to file proofs of claim against LBHI and certain of the other Debtors [LBHI ECF No. 4271].  The Walsh Claim was the only proof of claim that Walsh filed against the Debtors prior to the Bar Date.

E.      On December 3, 2009, this Court so ordered a stipulation (the "Promissory Note Stipulation") between LBHI and the SIPA Trustee [LBHI ECF No. 6038, LBI ECF No. 2159]. The Promissory Note Stipulation provides for the assignment of LBI's right (if any) to collect in connection with certain promissory notes given by former employees to LBHI or LBI (the "Promissory Notes").

F.      The Promissory Notes each contained arbitration provisions that provide for disputes to be resolved by arbitration.

G.      On December 15, 2010, LBHI filed a statement of claim with the Arbitration Division of the Financial Industry Regulatory Authority ("FINRA") relating to a Promissory Note that Walsh had given to LBI on or about August 20, 2008 (the "Walsh Promissory Note"). This statement of claim commenced an arbitration proceeding (the "FINRA Arbitration").

H.      On February 17, 2011, Walsh filed a motion in the Chapter 11 Cases for

determination that the automatic stay extant in the Chapter 11 Cases pursuant to section

362(a) of the Bankruptcy Code (the "Automatic Stay") does not apply or, alternatively, for relief

from the Automatic Stay to assert counterclaims and defenses in the FINRA Arbitration (the

"Walsh Motion") [LBHI ECF No. 14571].

I.      On April 6, 2011, the Debtors filed their One Hundred Eighteenth Omnibus

Objection to Claims (To Reclassify Proofs of Claim As Equity Interests) (the "Omnibus

Objection to Claims") [LBHI ECF No. 15666].  The Walsh Claim was included among the

proofs of claim subject to the Omnibus Objection to Claims.  On May 18, 2011, Walsh filed an

objection to the Omnibus Objection to Claims [LBHI ECF No. 16947].  The Omnibus Objection

to Claims, as it relates to the Walsh Claim, is still pending.

J.      On December 6, 2011, the Court entered an order confirming the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors

[LBHI ECF No. 23023] (the "Plan").  The Plan became effective on March 6, 2012.

K.      On February 9, 2012, LBHI filed a response to the Walsh Motion in the Chapter

11 Cases (the "LBHI Response") [LBHI ECF No. 25152].

L.      In order to allow the FINRA Arbitration to proceed, the Parties have agreed that it

is in their best interests to enter into this Stipulation, Agreement and Order upon the terms and

conditions herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, BY AND AMONG
THE PARTIES, THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT
APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1.      This Stipulation, Agreement and Order shall have no force or effect unless and

until approved by the Court (the "Effective Date").

2.      Upon the Effective Date, the Automatic Stay shall be modified respectively in the

Chapter 11 Cases and the SIPA Proceeding solely to the extent necessary to allow Walsh to

assert in the FINRA Arbitration (i) any defenses to enforcement of the Walsh Promissory Note

(including any defenses Walsh has against LBI), and / or (ii) any Counterclaims (for setoff only)

Walsh has against LBHI or LBI, but only to the extent necessary to determine the amount, if any,

of such counterclaims for setoff purposes.[1]

      3.      Except as expressly provided in paragraph 2, the provisions of section 362(a) of

the Bankruptcy Code, including, without limitation, those provisions prohibiting any act to

collect, assess, or recover a claim that arose prior to the commencement of the Chapter 11 Cases

or the SIPA Proceeding, as applicable, from the Debtors' estates and/or assets or property of the

Debtors' estates or from LBI's estate and/or assets or property of the LBI's estate (as defined in

section 541 of the Bankruptcy Code) shall remain in full force and effect.

      4.      Upon the Effective Date, the Walsh Motion shall be deemed resolved.

      5.      Each person who executes this Stipulation, Agreement and Order on behalf of a

Party represents that he or she is duly authorized to execute this Stipulation, Agreement and

Order on behalf of such Party.

      6.      This Stipulation, Agreement and Order may be executed in multiple counterparts,

each of which shall be deemed an original but all of which together shall constitute one and the

same instrument.

      7.      This Stipulation, Agreement and Order can only be amended or otherwise

modified by a signed writing executed by the Parties.

      8.      This Stipulation, Agreement and Order was drafted jointly by the Parties and each

Party has consulted with attorneys of its choosing and fully understands the terms hereof.  This

Agreement shall not be strictly construed against either Party on the ground that the rules for the

construction of contracts require the resolution of any ambiguity against the Party that drafted the

document.

      9.      This Stipulation, Agreement and Order shall be effective immediately upon its

entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a) (3).

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the LBHI Response.

10.     This Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation, Agreement and Order.

Dated:  March 27, 2012


/s/ Richard P. Krasnow                             /s/ Jeffrey S. Margolin
Richard P. Krasnow                                 Sarah L. Cave
                                               Jeffrey S. Margolin

WEIL GOTSHAL & MANGES LLP        HUGHES HUBBARD & REED LLP
767 Fifth Avenue                             One Battery Park Plaza
New York, New York 10153            New York, New York 10004
Telephone: (212) 310-8000           Telephone: (212) 837-6000
Facsimile: (212) 310-8007            Facsimile: (212) 422-4726

Attorneys for Lehman Brothers Holdings Inc.    Attorneys for James W. Giddens, Esq.,
                                         as Trustee for the SIPA Liquidation of
                                         Lehman Brothers Inc.


/s/ Willard Knox
Leonard Weintraub
Willard Knox

PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas
Ninth Floor
New York, New York 10020
Telephone: (212) 785-9100
Facsimile: (212) 785-9099

Attorneys for Philip Walsh


**SO ORDERED:**


Dated: New York, New York
      April 11, 2012

                                   *s/ James M. Peck*
                                  HONORABLE JAMES M. PECK
                                  UNITED STATES BANKRUPTCY JUDGE