# EXHIBIT A

QUINN EMANUEL URQUHART OLIVER
   & HEDGES, LLP
Susheel Kirpalani
James C. Tecce
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone: (212) 849-7000
Telecopier: (212) 849-7100

*Proposed Special Counsel To Official
Committee Of Unsecured Creditors Of
Lehman Brothers Holdings Inc., et al.*

WACHTELL, LIPTON, ROSEN & KATZ

Harold S. Novikoff
Amy R. Wolf
51 West 52nd Street
New York, New York 10019-6150
Telephone: (212) 401-1000
Telecopier: (212) 403-2000

*Counsel For JPMorgan Chase Bank, N.A.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re:                                                         :
                                                               :  Chapter 11
LEHMAN BROTHERS HOLDINGS INC.,                                 :
ET AL.,                                                        :  Case No. 08-13555 (JMP)
                                                               :  (Jointly Administered)
                          Debtors.                             :
---------------------------------------------------------------x

**STIPULATION AND CONSENT ORDER (I) GOVERNING INTERIM
PRODUCTION OF DOCUMENTS AND (II) ADJOURNING REMAINDER OF
MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF
LEHMAN BROTHERS HOLDINGS, INC., ET AL. FOR LEAVE TO CONDUCT
DISCOVERY OF JPMORGAN CHASE BANK, N.A. PURSUANT TO
11 U.S.C. §§ 105(A) AND 1103(C) AND FEDERAL RULE OF
BANKRUPTCY PROCEDURE RULE 2004**

WHEREAS, on October 2, 2008, counsel to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al. (the "**Creditors' Committee**") filed the Motion Of Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings, Inc. Et Al. (the "**Debtors**") For Leave To Conduct Discovery Of JPMorgan Chase Bank, N.A. Pursuant To 11 U.S.C. §§ 105(a) And 1103(c) And Federal Rule Of Bankruptcy Procedure Rule 2004 (the "**Rule 2004 Motion**") requesting the production of documents from JPMorgan Chase Bank, N.A. and its affiliates ("**JPMC**"); and

WHEREAS, on October 13, 2008, JPMC filed the Objection Of JPMorgan Chase Bank, N.A. To Rule 2004 (the "**JPMC Objection**"); and

WHEREAS, the Creditors' Committee has agreed to adjourn the hearing on the Rule 2004 Motion based upon JPMC's agreement to produce a limited subset of documents requested therein in accordance with this Stipulation and Consent Order.

IT IS HEREBY STIPULATED AND AGREED that:

1. The Creditors' Committee shall adjourn the hearing on the Rule 2004 Motion for 90 days from November 5, 2008 and shall not seek additional discovery from JPMC pursuant to Bankruptcy Rule 2004 during that 90-day period.

2. In exchange for the Creditors' Committee's agreement to adjourn presentment of the Rule 2004 Motion, JPMC, from and after the date of the entry of this Stipulation and Consent Order, shall produce on a rolling basis to Quinn Emanuel Urquhart Oliver & Hedges LLP, Houlihan Lokey Zukin & Howard and FTI Consulting (collectively, the "**Committee Designees**") and Curtis, Mallet-Prevost, Colt & Mosle LLP and Alvarez and Marsal (together, the "**Lehman Designees**") the documents identified on Exhibit A; *provided*, that the Committee Designees and the Lehman Designees shall execute a confidentiality agreement in a form acceptable to the Creditors' Committee, the Debtors and JPMC.

4. In the event an examiner is appointed in the above-captioned cases that is tasked with reviewing the transactions among the Debtors and JPMC, then JPMC reserves any and all rights to seek relief from its obligations to produce documents in accordance with this Stipulation and Consent Order. To the extent that JPMC obtains relief from its agreements and obligations under this Stipulation And Consent Order, the Committee Designees and the Lehman Designees shall also be relieved of their agreements and obligations.

5. The balance of the document requests contained in the Rule 2004 Motion (to the extent not addressed by this Stipulation and Consent Order) shall be submitted for approval when the Rule 2004 Motion is heard by the Bankruptcy Court, subject to the JPMC Objection and any supplemental pleadings filed in connection therewith.

6. To the extent JPMC withholds from production any documents on the basis of privilege, then JPMC shall provide the Committee Designees and the Lehman Designees with a privilege log with respect thereto on a rolling basis within 30 days after the relevant document(s) are withheld.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Stipulation and Consent Order.

Dated: November 4, 2008
      New York, New York

| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | WACHTELL, LIPTON, ROSEN & KATZ |
|---|---|
| By: _____<br>Susheel Kirpalani (SK 5246)<br>James C. Tecce (JT 5910)<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Telephone: (212) 849-7000<br>Telecopier: (212) 849-7100<br><br>*Proposed Special Counsel To Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.* | By: _____<br>Harold S. Novikoff (HN 3898)<br>Amy R. Wolf (AW 6646)<br>51 West 52nd Street<br>New York, New York 10019-6150<br>Telephone: (212) 401-1000<br>Telecopier: (212) 403-2000<br><br>*Counsel For JPMorgan Chase Bank, N.A.* |

SO ORDERED THIS ___ DAY OF NOVEMBER 2008:

_____
Honorable James M. Peck
United States Bankruptcy Judge

3

5. The balance of the document requests contained in the Rule 2004 Motion (to the extent not addressed by this Stipulation and Consent Order) shall be submitted for approval when the Rule 2004 Motion is heard by the Bankruptcy Court, subject to the JPMC Objection and any supplemental pleadings filed in connection therewith.

6. To the extent JPMC withholds from production any documents on the basis of privilege, then JPMC shall provide the Committee Designees and the Lehman Designees with a privilege log with respect thereto on a rolling basis within 30 days after the relevant document(s) are withheld.

7. The Court shall retain jurisdiction to resolve any disputes arising from this Stipulation and Consent Order.

Dated: November 4, 2008
New York, New York

| | |
|---|---|
| QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP | WACHTELL, LIPTON, ROSEN & KATZ |
| By: /s/ [signature] | By: _____ |
| Susheel Kirpalani (SK 5246) | Harold S. Novikoff (HN 3898) |
| James C. Tecce (JT 5910) | Amy R. Wolf (AW 6646) |
| 51 Madison Avenue, 22nd Floor | 51 West 52nd Street |
| New York, New York 10010 | New York, New York 10019-6150 |
| Telephone: (212) 849-7000 | Telephone: (212) 401-1000 |
| Telecopier: (212) 849-7100 | Telecopier: (212) 403-2000 |
| *Proposed Special Counsel To Official Committee Of Unsecured Creditors Of Lehman Brothers Holdings Inc., et al.* | *Counsel For JPMorgan Chase Bank, N.A.* |

SO ORDERED THIS 5th DAY OF NOVEMBER 2008:

s/ James M. Peck
_____
Honorable James M. Peck
United States Bankruptcy Judge

3

# EXHIBIT A

# EXHIBIT A

## IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL.,
## CASE NO. 08-13555 (JMP) (BANKR. S.D.N.Y.):
## INTERIM NEGOTIATED RESOLUTION OF RULE 2004 MOTION

| DOCUMENT REQUESTS PROPOUNDED IN COMMITTEE 2004 MOTION | NEGOTIATED RESOLUTION[1] |
|---|---|
| **Doc. Req. No. 1.** Documents concerning the legal and contractual relationships between LBHI and JPMC, including documents governing credit, liquidity, or clearing relationships, including credit agreements, repurchase agreements, securities contracts, swap agreements, security agreements, guarantee agreements, clearing agreements, and amendments to those agreements. | • JPMC will inform the Creditors' Committee of the sources and currently known amounts of JPMC's principal claims against LBHI and will provide documents supporting both the amount and validity of such claims. These consist of (i) derivative transactions -- for which JPMC will provide calculation statements and ISDA Master Agreements but will not provide confirmations and (ii) clearing advances -- for which JPMC will provide a summary of the clearing advances made to LBI during the period from September 15 through September 19, 2008. |
| **Doc. Req. No. 2.** Documents concerning any assets either owned by LBHI or in which LBHI has an interest held by JPMC, including documents identifying the particular assets held, the value of such assets, the accounts in which such assets are/were held, the terms governing the operation of those accounts, any and all actions by JPMC and and/or Lehman Brothers on those accounts. | • JPMC will inform the Creditors' Committee of the types and amounts of LBHI collateral held by JPMC and identify the accounts in which such assets are/were held and the terms governing the operation of those accounts. |
| **Doc. Req. No. 3.** All documents concerning the collateral and any valuation of the collateral, including on-line access to the list of all collateral in the same manner provided to LBHI prior to the Petition Date. | • Except to the extent produced pursuant to another request, the entire Request No. 3 will be deferred until consideration of the Rule 2004 Motion. |
| **Doc. Req. No. 4.** All documents concerning any decision by JPMC to freeze accounts held by Lehman Brothers or otherwise limit, circumscribe or restrict Lehman Brothers' ability to access such accounts, on or after September 9, 2008, including documents regarding any discussion within JPMC, or between JPMC and any third party regarding the propriety or advisability of taking such actions, including any communications concerning the same. | • JPMC will identify the JPMC personnel principally responsible for LBHI's collateral accounts and produce all correspondence (including electronic correspondence) between those JPMC principals and LBHI regarding LBHI's collateral accounts and the status of those accounts for the period from August 15, 2008 through the Petition Date. |

---

[1] All references herein to the Creditors' Committee shall be deemed to also include the Lehman Designees. In addition, all information to be provided by JPMC shall be provided in writing.

| DOCUMENT REQUESTS PROPOUNDED IN COMMITTEE 2004 MOTION | NEGOTIATED RESOLUTION[1] |
|---|---|
| **Doc. Req. No. 5.** Documents concerning any decision by JPMC to liquidate assets following the Petition Date that are or were, immediately prior to the Petition Date, the property of LBHI or in which LBHI has an interest, including all documents pertaining to any requests for bids, responses received, or transactions undertaken as part of such liquidation and all documents reflecting any analysis or discussion within JPMC, or between JPMC and any third party regarding the propriety of such liquidation. | • JPMC will advise and discuss with the Creditors' Committee in advance of any liquidation of any and all LBHI collateral after the date hereof, irrespective of whether the collateral constitutes cash or cash equivalents. |
| **Doc. Req. No. 6.** Documents concerning any communications, correspondence or other exchanges involving JPMC and any third party concerning the financial condition of LBHI, its accounts, or the management and administration of its accounts. | • Except to the extent produced pursuant to another request, the entire Request No. 6 will be deferred until consideration of the Rule 2004 Motion. |
| **Doc. Req. No. 7.** Documents concerning communications involving JPMC concerning a possible bankruptcy filing by Lehman Brothers prior to the Petition Date. | • Except to the extent produced pursuant to another request, the entire Request No. 7 will be deferred until consideration of the Rule 2004 Motion. |
| **Doc. Req. No. 8.** All documents concerning clearing advances by JPMC to LBHI between Sept. 12 and Sept. 16, 2008, including all documents regarding communications involving JPMC regarding such advances and all documents regarding the repayment of such advances. | • JPMC will provide (a) documents (if any) responsive to this request and (b) a summary of clearing advances by JPMC to or for the benefit of LBHI's subsidiaries during this 5 day period. |
| **Doc. Req. No. 9.** All documents concerning the Guaranty dated August 26, 2008, the May 2008 and August 2008 amendments to the Clearing Agreements, and the Guaranty dated September 9, 2008, including but not limited to, documents concerning JPMC's requests for such guarantees and amendments, any negotiations over such guarantees and amendments, the pledging of security for such guarantees and amendments, any property transferred to LBHI in exchange for such guarantees and amendments, the execution of such guarantees and amendments, including copies of the fully executed guarantees and amendments, and any communications regarding the same. | • JPMC will identify the key JPMC personnel principally responsible for the Guaranties and related security agreements and provide correspondence (including electronic correspondence) between those JPMC principals and LBHI concerning those Guaranties and agreements for the period between August 15, 2008 and the Petition Date. JPMC also will produce complete copies of such Guaranties and security agreements. |

6

| DOCUMENT REQUESTS PROPOUNDED IN COMMITTEE 2004 MOTION | NEGOTIATED RESOLUTION[1] |
|---|---|
| **Doc. Req. No. 10**. All documents concerning any requests by Lehman Brothers for credit, including, in the form of loans, advances, and other financing, and any responses by JPMC to such requests, in each case limited to the period from August 15, 2008 to the Petition Date. | • Except to the extent produced pursuant to another request, the entire Request No. 10 will be deferred until consideration of the Rule 2004 Motion. |
| **Doc. Req. No. 11**. All documents concerning the ability of Lehman Brothers to obtain financing from sources other than JPMC during the period from August 15, 2008 to the Petition Date. | • Except to the extent produced pursuant to another request, the entire Request No. 11 will be deferred until consideration of the Rule 2004 Motion. |
| Deposition of person designated as Fed. R. Civ. P. 30(b)(6) witness. | • The Creditors' Committee's request for the deposition of a person designated as a Fed. R. Civ. P. 30(b)(6) witness will be deferred until consideration of the Rule 2004 Motion. |

7