Hearing Date and Time: April 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)<br>
Objection Deadline: April 11, 2012

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| Lehman Brothers Holdings, Inc. *et al.*, | : | Case No. 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

**FEE COMMITTEE'S STATEMENT OF NO OBJECTION TO
THE FINAL FEE APPLICATION OF THE EXAMINER,
ANTON R. VALUKAS, AND JENNER & BLOCK LLP**

**TO:   THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE**

The Fee Committee submits this *Statement of No Objection* in connection with the *Final Fee Application of the Examiner and Jenner & Block LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses* [Docket No. 27189] (the "**Final Fee Application**"). Through the Final Fee Application, the Examiner, Anton R. Valukas, and Jenner & Block LLP (collectively, the "**Applicants**") seek final Court approval for an award of $51,271,849.80 in fees and $7,906,417.06 in expenses. After reviewing the Final Fee Application, the Applicants' interim applications, and discussing the compensation request with

the Applicants, the Fee Committee submits this *Statement of No Objection* to the requested award.

## BACKGROUND

1.  Commencing on September 15, 2008, and periodically thereafter (as applicable, the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its subsidiaries (the "**Debtors**") filed voluntary cases under title 11 of the U.S. Code (the "**Bankruptcy Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.  On September 17, 2008, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "**Creditors' Committee**").

3.  On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("**SIPA**") with respect to Lehman Brothers, Inc. ("**LBI**").  A trustee appointed under SIPA (the "**SIPC Trustee**") is administering the LBI estate.

4.  On January 20, 2009, the Court approved the appointment of Anton R. Valukas as Examiner to investigate the events immediately preceding the initiation of these cases, including certain transfers and actions taken by the Debtors or their affiliates.  [Docket No. 2583].  On February 11, 2009, the Court approved the Examiner's motion to retain Jenner & Block LLP ("**Jenner**") as the Examiner's Counsel *nunc pro tunc* to January 19, 2009.  [Docket No. 2803].

5.  On July 13, 2010, the Court discharged the Examiner and further ordered that the Applicants not be required to file a fee application for services rendered after the Examiner's

2

discharge unless incurring more than $150,000 in charges for services and expenses payable by the Debtors. *See* Docket No. 10169. The Applicants have not filed any fee applications as a Retained Professional since July 12, 2010 (the "**Termination Date**").

6. On May 26, 2009, the Court appointed the Fee Committee to execute the duties set forth in the Fee Committee Order, amended from time to time,[1] including, among other things, monitoring the fees and expenses incurred by professionals ("**Retained Professionals**"). On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as the successor Independent Member on the four-member Fee Committee and, by an order the same day, the Court approved the recommendation. *See Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member* [Docket No. 14117](the "**Gitlin Appointment Order**").

7. On December 15, 2009, the Court entered an order authorizing the employment of BrownGreer PLC ("**BrownGreer**") as fee and expense auditor and consultant to the Fee Committee *nunc pro tunc* to June 10, 2009.

8. On April 6, 2011, the Court entered the *Order Authorizing the Employment and Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee Nunc Pro Tunc as of January 24, 2011* [Docket No. 15663] ("**Godfrey & Kahn**") to assist the Fee Committee in fulfilling the duties set forth in the Fee Protocol, as last amended on April 14, 2011.

9. On December 6, 2011, the Court entered the *Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors*, [Docket No. 23023] and the Plan of Reorganization became effective on March 6, 2012. *See Notice of Effective Date and Distribution Date in Connection with the Modified Third Amended*

---

[1] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "Amended Fee Protocol." [Docket No. 15998].

3

*Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [Docket No. 26039].

## INTERIM FEE APPLICATIONS AND INTERIM COMPENSATION

10. The Applicants filed six interim fee applications during these cases, seeking combined interim compensation of $51,885,167.61 in fees for professional services rendered and $7,958,855.48 for actual and necessary expenses. Through this Court's monthly and interim compensation orders, described in detail below, the Applicants have been awarded $50,502,363.15 in interim compensation and $7,629,540.58 in interim expenses to date.

11. Through the Final Fee Application, the Applicants seek a final award of $51,271,849.80 in fees and $7,906,417.06 in expenses. If the Court approves the requested compensation request, the Applicants will receive a final payment from the Debtors of $769,486.65 in compensation for professional services rendered and $276,876.38 in additional payment for expenses incurred.

12. This is a summary of each interim application the Applicants have filed—and corresponding compensation order:

   A. On April 10, 2009, the Applicants filed their first interim fee application—for services rendered from their *nunc pro tunc* retention dates on January 19 through January 31, 2009—requesting interim compensation of $613,650.37 in fees for professional services and $13,514.99 for expenses. *See* Docket No. 3319. On August 13 and September 25, 2009, the Court entered two compensation orders approving the Applicants' first fee application in the amount of $613,650.37 in fees and $13,514.99 in expenses. *See* Docket Nos. 4795 and 5274.

4

B.  On August 14, 2009, the Applicants filed their second interim fee application—for services rendered for the period from February 1 through May 31, 2009—requesting interim compensation of $10,797,341.63 for professional services and $429,093.04 for expenses. *See* Docket No. 4808. Through two orders entered on September 29 and December 23, 2009, the Court approved the Applicants' second fee application in the amount of $10,733,071.24 in fees and $429,093.04 in expenses. *See* Dockets No. 5274 (creating holdback), 6354 (awarding most of holdback).

C.  On December 14, 2009, the Applicants filed their third interim fee application—for services rendered for the period June 1 through September 30, 2009—requesting interim compensation of $16,227,724.95 for professional services and $4,129,426.78 for expenses. *See* Docket No. 6188. On April 9, 2010, the Court entered a compensation order approving the Applicants' third fee application in the amount of $16,065,360.70 in fees and $4,065,323.18 in expenses. *See* Docket No. 8211.

D.  On April 16, 2010, the Applicants filed their fourth interim fee application—for services rendered for the period from October 1, 2009 through January 31, 2010—requesting interim compensation of $20,604,413.25 for professional services and $3,014,481.99 for expenses. *See* Docket No. 8404. On September 9, 2010, the Court entered a compensation order approving the Applicants' fourth fee application in the amount of $19,786,320.74 in fees and $2,797,333.93 in expenses. *See* Docket No. 11237.

E.  On August 16, 2010, the Applicants filed their fifth interim fee application—for services rendered for the period from February 1 through May 31, 2010—requesting interim compensation of $3,527,374.26 for professional services and

$362,281.56 in reimbursement for expenses. *See* Docket No. 10779. On May 19, 2011, the Court entered a compensation order approving the Applicants' fifth fee application in the amount of $3,303,960.10 in fees and $324,275.54 in expenses. *See* Docket No. 16796.

  *F.* On December 14, 2010, the Applicants filed their sixth interim fee application—for services rendered during the sixth interim fee period from June 1, 2010 through the Termination Date—requesting interim compensation of $114,663.15 for professional services and $10,057.12 in reimbursement for expenses. *See* Docket No. 13462. The Court has not yet entered an order approving any of the fees or expenses requested on this application.

## APPLICABLE STANDARDS

  13. The Final Fee Application has been evaluated for compliance with the *Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-104 (Bankr. S.D.N.Y. June 20, 1991) and *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, Administrative Order M-389 (Bankr. S.D.N.Y. Nov. 25, 2009) (collectively, the "**Local Guidelines**"); the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330*, 28 C.F.R. Part 58, Appendix A (the "**U.S.T. Guidelines**"); and applicable case law.

## COMMENTS

  14. Through its counsel, the Fee Committee has thoroughly reviewed each of the Applicants' interim fee applications and each of its monthly statements. Fee Committee counsel has engaged in extensive consultations with the Applicants regarding appropriate deductions.

The Fee Committee has negotiated with the Applicants for the reductions in fees and expenses incorporated in the Applicants' Final Fee Application.

15. The Applicants have voluntarily reduced their prior fees requested for the six interim fee applications from a combined total of $51,885,167.61 to $51,271,849.80, amounting to a reduction of by $613,317.81 (the "**Voluntary Reduction**"). The Fee Committee concludes that the Voluntary Reduction adequately addresses all of the Fee Committee's concerns related to the reasonableness of the Applicants' fees and expenses, including appropriate reductions for time spent on routine invoicing, for administrative overhead, for vague or repetitive time entries and for "lumped" or block billed entries.

16. The Fee Committee has unanimously resolved, therefore, to file this *Statement of No Objection* to the Final Fee Application.

[Signature page follows]

## CONCLUSION

WHEREFORE, the Fee Committee respectfully submits this *Statement of No Objection* to the Final Fee Application.

Dated: Madison, Wisconsin
April 11, 2012.

GODFREY & KAHN, S.C.

By:   */s/ Katherine Stadler*
Katherine Stadler

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609
E-mail: kstadler@gklaw.com

*Attorneys for the Fee Committee*

7795843_1