Presentment Date and Time: April 24, 2012 at 12:00 noon (Prevailing Eastern Time)
Objection Deadline: April 23, 2012 at 12:00 noon. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): April 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                            :
In re                                       :   Chapter 11 Case No.
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :   08-13555 (JMP)
                                            :
            Debtors.                        :   (Jointly Administered)
-----------------------------------------------------------------x

**NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT
AND ORDER AMONG LEHMAN COMMERCIAL PAPER INC.,
AND CCP ACQUISITION HOLDINGS, LLC AND CCP CREDIT ACQUISITION
HOLDINGS, LLC, AND HLI CREDIT INVESTOR IRISHCO LIMITED REGARDING
SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN FUTURE PAYMENTS**

      **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation, Agreement and Order among Lehman Commercial Paper Inc., acting through Lehman Brothers Holdings Inc. in its capacity as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter 11 cases, and CCP Acquisition Holdings, LLC and CCP Credit Acquisition Holdings, LLC, and HLI Credit Investor Irishco Limited regarding settlement of claims and turnover of certain future payments (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **April 24, 2012 at 12:00 noon (Prevailing Eastern Time).**

      **PLEASE TAKE FURTHER NOTICE** that, unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **April 23, 2012 at 12:00 noon (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

      **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **April 26, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 13, 2012
      New York, New York

           /s/ Jacqueline Marcus
           Jacqueline Marcus
           WEIL, GOTSHAL & MANGES LLP
           767 Fifth Avenue
           New York, New York 10153
           Telephone: (212) 310-8000
           Facsimile: (212) 310-8007

           Attorneys for Lehman Brothers Holdings Inc.
           and Certain of Its Affiliates

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                         :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,      :    **08-13555 (JMP)**
:
  Debtors.                                        :    (Jointly Administered)
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER**
**AMONG LEHMAN COMMERCIAL PAPER INC., AND**
**CCP ACQUISITION HOLDINGS, LLC AND CCP CREDIT ACQUISITION**
**HOLDINGS, LLC, AND HLI CREDIT INVESTOR IRISHCO LIMITED REGARDING**
**SETTLEMENT OF CLAIMS AND TURNOVER OF CERTAIN FUTURE PAYMENTS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Commercial Paper Inc. ("LCPI"), acting through Lehman Brothers Holdings Inc. ("LBHI") in its capacity as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Entities"), CCP Acquisition Holdings, LLC ("CCP Acquisition"), CCP Credit Acquisition Holdings, LLC ("CCP Credit" and, together with CCP Acquisition, the "Centerbridge Entities"), and HLI Credit Investor Irishco Limited ("Providence" and, collectively with the Plan Administrator and the Centerbridge Entities, the "Parties"), by and through their respective attorneys, hereby stipulate and agree as follows:

US_ACTIVE:\43931605\12\58399.0008

**RECITALS:**

  A. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries, including LCPI, commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP). LCPI commenced its voluntary case with this Court on October 5, 2008 (the "Commencement Date"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

  B. Prior to the Commencement Date, a substantial portion of LCPI's business involved providing loans to third parties either directly or by acquiring loans or participation interests in loans originated by other financial institutions. LCPI's business also involved buying and selling loans or participation interests in loans originated by other financial institutions.

  C. On March 17, 2008, LCPI entered into several trades with the Centerbridge Entities, as evidenced by certain Par/Near Par Trade Confirmation Letters confirming such trades between LCPI, as seller, and the Centerbridge Entities, as buyers (the "CDW Trade Confirmations"). Pursuant to the Trade Confirmations, the Centerbridge Entities purchased from LCPI portions of certain loans (the "Bridge Loan Participation Interests") under that certain Senior Bridge Loan Agreement, dated as of October 12, 2007 (as amended and restated as of March 12, 2008), among CDW Corporation, as borrower, VH Holdings, Inc., the subsidiary guarantors party thereto, the lenders party thereto and J.P. Morgan Chase Bank, N.A., as administrative agent (the "Bridge Loan Agreement").

  D. The Centerbridge Entities and Providence have advised LCPI that on March 17, 2008, CCP Credit entered into that certain Par/Near Par Trade Confirmation Letter

between CCP Credit, as seller, and Providence, as buyer (the "Providence Trade Confirmation"), pursuant to which CCP Credit sold certain Bridge Loan Participation Interests to Providence (the "Providence Interests").

E.  Pursuant to the CDW Trade Confirmations, LCPI agreed to make periodic make-whole payments (the "Make-Whole Payments") to the Centerbridge Entities under certain circumstances, in an amount equal to the product of (x) the Bridge Loan Participation Interests, and (y) the difference between the stated interest rate applicable to the Bridge Loan Participation Interests under the Bridge Loan Agreement and 11.00%. Pursuant to the terms of the Bridge Loan Agreement, the stated interest payable on the Bridge Loan Participation Interests periodically increased, reaching 11.00% on July 10, 2010 (the "Make-Whole Payment Termination Date"). The Centerbridge Entities and Providence have advised LCPI that, pursuant to the Providence Trade Confirmation, CCP Credit agreed to make Make-Whole Payments to Providence in respect of the Providence Interests.

F.  At the time it entered into the CDW Trade Confirmations, LCPI did not own a sufficient dollar amount of the Bridge Loan Participation Interests to satisfy its obligations to the Centerbridge Entities under the CDW Trade Confirmations. Consequently, LCPI purchased the necessary amount of the Bridge Loan Participation Interests from Deutsche Bank AG Cayman Island Branch ("Deutsche Bank") and Morgan Stanley Bank ("Morgan Stanley"). Deutsche Bank and Morgan Stanley agreed to make periodic make-whole payments (the "Bank Payments") to LCPI under the same terms as those set forth in the CDW Trade Confirmations.

G.  On June 5, 2008, pursuant to certain assignment and assumption agreements (the "Assignment and Assumption Agreements") among LCPI, the Centerbridge Entities and the aforementioned administrative agent, LCPI and the Centerbridge Entities

consummated the Centerbridge Entities' purchase of the Bridge Loan Participation Interests from LCPI.

  H. Since the Commencement Date, Deutsche Bank and Morgan Stanley have made Bank Payments owed to LCPI directly to the Centerbridge Entities. The Centerbridge Entities and Providence represent that, in turn, Providence received certain Bank Payments from the Centerbridge Entities in respect of the Providence Interests. The Centerbridge Entities represent to LCPI that the aggregate amount of the Bank Payments made by Deutsche Bank and Morgan Stanley to the Centerbridge Entities subsequent to the Commencement Date is $8,882,987.08 (the "Post-Petition Make-Whole Payments"). Providence represents that it has not received any payments directly from Deutsche Bank or Morgan Stanley in respect of the Providence Interests since the Commencement Date.

  I. On September 22, 2009, the Centerbridge Entities filed two proofs of claim against LCPI, which were assigned claim numbers 33560 and 33563 by the court-approved claims and noticing agent appointed in the Chapter 11 Cases (the "Claims Agent"), asserting claims in the aggregate liquidated amount that are not less than $10,018,282.05 (the "Aggregate Amount") and other unliquidated amounts for amounts allegedly owed by LCPI in respect of damages arising from LCPI's nonpayment of Make-Whole Payments (collectively, the "Make-Whole Claims"). According to the Centerbridge Entities, the Aggregate Amount reflects the balance of amounts owed by LCPI to Centerbridge after subtracting $5,425,732.98 of Bank Payments that were made directly by Deutsche Bank and Morgan Stanley to the Centerbridge Entities, as of September 22, 2009, from the total amount of Make-Whole Payments that LCPI should have paid to the Centerbridge Entities, which, according to the Centerbridge Entities, equals $15,444,015.03. Centerbridge received additional Bank Payments of $3,457,254.10

directly from Deutsche Bank and Morgan Stanley subsequent to the filing of the Make-Whole Claims, which effectively reduced the Aggregate Amount to $6,561,027.95 (the "Revised Aggregate Amount").

   J. The total amount of Make-Whole Payments that LCPI allegedly owes to the Centerbridge Entities, without taking into account the Post-Petition Make-Whole Payments, is $15,444,015.03.

   K. LCPI has advised the Centerbridge Entities that the Post-Petition Make-Whole Payments constitute property of LCPI's estate and should be returned to LCPI.

   L. The Centerbridge Entities dispute that the Post-Petition Make-Whole Payments constitute property of LCPI's estate and contend that they should be permitted to retain the Post-Petition Make-Whole Payments and should have allowed Make-Whole Claims against LCPI for the Revised Aggregate Amount.

   M. On September 21, 2009, CCP Credit also filed a proof of claim against LCPI in the amount of not less than $685,000.00, which was assigned claim number 33559 by the Claims Agent (the "Univision Trade Claim," and collectively with the Make-Whole Claims, the "Centerbridge Claims").  Pursuant to the Univision Trade Claim, CCP Credit asserted that LCPI owes CCP Credit damages resulting from LCPI's rejection of an open trade pursuant to which LCPI had agreed to purchase from CCP Credit debt issued by Univision Communications, Inc.

   N. LCPI has informally challenged the amount of the Univision Trade Claim.

   O. After good-faith, arms'-length negotiations, the Parties, each having recognized the benefits of avoiding litigation with respect to the issues set forth herein, have agreed to resolve the disputes concerning the Centerbridge Claims and the Post-Petition Make-

Whole Payments pursuant to the terms and conditions set forth in this stipulation, agreement and order (the "Stipulation, Agreement and Order").

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** by and among the Plan Administrator, the Centerbridge Entities, and Providence, through their undersigned attorneys, that:

1. The Recitals set forth above shall form an integral part of this Stipulation, Agreement and Order and are incorporated fully herein.

2. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

3. Upon the Effective Date, (i) the Make-Whole Claims shall be disallowed and expunged, and (ii) the Univision Trade Claim shall be allowed as a general unsecured claim against LCPI in Class 4A under the Plan in the amount of $362,800.00 (the "Allowed Univision Trade Claim"). The Centerbridge Entities shall be deemed to authorize the Plan Administrator to provide a copy of this Stipulation, Agreement and Order to the Claims Agent and direct the Claims Agent to update the claims registry accordingly.

4. Upon the Effective Date, the Centerbridge Entities are authorized to retain the Post-Petition Make-Whole Payments in full settlement, satisfaction, release and discharge of the Make-Whole Claims. The effect of this Stipulation, Agreement and Order is that the Centerbridge Entities shall receive a distribution equal to 57.52% in respect of the Make-Whole Claims.

5. Commencing on the Effective Date, the Centerbridge Entities and Providence agree to remit to LCPI any Bank Payments that they may receive after the date hereof with respect to the Bridge Loan Participation Interests.

6. Upon the Effective Date, other than the right to receive distributions on account of the Allowed Univision Trade Claim, the Centerbridge Entities and their affiliates, successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Centerbridge Parties"), shall have no further right to payment from the Plan Administrator, the Chapter 11 Entities, their affiliates, their estates or their respective successors or assigns (collectively, the "Lehman Parties") on account of the Centerbridge Claims. Except as set forth in this Stipulation, Agreement and Order, the Centerbridge Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature, solely to the extent such claims, counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action, arise out of or relate to the Centerbridge Claims (collectively, the "Centerbridge Released Claims") against any of the Lehman Parties, and are hereby barred from asserting any and all Centerbridge Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

7. Upon the Effective Date, the Plan Administrator, the Chapter 11 Entities, the affiliates controlled by the Chapter 11 Entities, and their respective successors and assigns, and their past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "LCPI Parties"), shall have no further right to payment from the Centerbridge Entities or Providence on account of the Post-Petition Make-Whole Payments. Except as set

forth in this Stipulation, Agreement and Order, the LCPI Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature, solely to the extent such claims, counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action, arise out of or relate to the Post-Petition Make-Whole Payments (collectively, the "LCPI Released Claims") against the Centerbridge Entities and Providence, and are hereby barred from asserting any and all LCPI Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

8. By signing this Stipulation, Agreement and Order, Providence, its successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys hereby acknowledge and agree to the treatment of the Make-Whole Claims set forth herein and release any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature against CCP Credit, solely to the extent such claims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action arise out of or relate to Make-Whole Claims based on the Providence Interests. Upon the Effective Date, CCP Credit, its successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys hereby waive and release any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff,

debt, liens, losses, demands, damages, costs and causes of action of whatever nature against Providence, solely to the extent such claims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action arise out of or relate to the Make-Whole Claims based on the Providence Interests.

9. Upon the Effective Date, Providence and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Providence Parties") shall have no further right to payment from the LCPI Parties on account of the Make-Whole Claims. The Providence Parties hereby irrevocably waive any and all claims (as defined in section 101(5) of the Bankruptcy Code), counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action of whatever nature, solely to the extent such claims, counterclaims, defenses, rights of setoff, debt, liens, losses, demands, damages, costs and causes of action, arise out of or relate to the Make-Whole Claims (collectively, the "Providence Released Claims") against any of the LCPI Parties, and are hereby barred from asserting any and all Providence Released Claims whatsoever, whether known or unknown, presently existing, whether or not asserted, and whether found in fact or law or in equity, in existence as of the execution of this Stipulation, Agreement and Order.

10. This Stipulation, Agreement and Order contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

11. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

12. This Stipulation, Agreement and Order shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and assigns. Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation, Agreement and Order.

13. Each person who executes this Stipulation, Agreement and Order represents that he or she is duly authorized to do so on behalf of the respective Party or Parties hereto and that each such party has full knowledge and has consented to this Stipulation, Agreement and Order.

14. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties hereto to be charged.

15. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the releases in Paragraphs 6 and 7. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

16. This Stipulation, Agreement and Order shall be governed by and interpreted in accordance with the laws of the state of New York, except to the extent that the

Bankruptcy Code applies, without regard to principles of conflict of laws that would require the application of laws of another jurisdiction.

17.   This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

*[Signature Page to Follow]*

Dated: April 12, 2012
      New York, New York

/s/ Brian S. Hermann
Brian S. Hermann
PAUL, WEISS, RIFKAND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

Attorneys for the Centerbridge Entities

Dated: April 12, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

Dated: April 12, 2012
      New York, New York

/s/ Howard Steel
Howard Steel
BROWN RUDNICK LLP
7 Times Square
New York, New York 10036
Telephone: (212) 209-4917
Facsimile: (212) 209-4801

Attorneys for HLI Credit Investor Irishco Limited

SO ORDERED, this
___ day of April, 2012 in New York

_____
United States Bankruptcy Judge