United States Bankruptcy Court
Southern District of New York

In re Lehman Brothers Holdings Inc.            Case No. 08-13555 (JMP)
                                                (Jointly Administered)

### TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Aurelius Investment, LLC                        Sea Port Group Securities, LLC
_____                  _____
      Name of Transferee                              Name of Transferor

                                                Court Claim #: 55854
                                                Amount of Allowed Claim: $5,994,229.88

Name and Address where notices to Transferee
should be sent:

Aurelius Investment, LLC
535 Madison Avenue, 22nd Floor
New York, NY 10022
Attn: David Tiomkin
Tel: (646) 445-6547
Email: dtiomkin@aurelius-capital.com


I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.


AURELIUS INVESTMENT, LLC,
By: Aurelius Capital Management, LP, solely as manager and not in its
individual capacity

By: _____                     Date: April 12, 2012
Name: David Newman
Title: Chief Operating Officer



AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **Sea Port Group Securities, LLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Aurelius Investment, LLC** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the Transferred Amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **55854** filed by or on behalf of Seller's predecessor in interest, Bank Hapoalim B.M. (the "Proof of Claim") against Lehman Brothers Holdings, Inc. (the "Debtor"), the debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation or guaranty relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (the Purchased Claim, together with the rights and interests as described in clauses (a), (b), (c) and (d), are collectively referred to herein as the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto. For the avoidance of doubt, Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2. (a) Seller hereby represents and warrants to Purchaser that: (i) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim (this "Agreement"); (ii) Seller has not engaged (and shall not engage) in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense, or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of allowed unsecured claims against the Debtor of the same class or type; and (iii) annexed hereto is a true and correct copy of the prior agreement (the "Prior Agreement").

(b) Assuming the truth and accuracy of the representations made by prior seller (the "Prior Seller") in the Prior Agreement, Seller hereby represents and warrants to Purchaser that: (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Programs Securities"; (ii) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (iii) Seller will, on the settlement date, own and have good and marketable title to the Transferred Claims and the Purchased Security, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (iv) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (v) Prior Seller has not engaged (and shall not engage) in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense, or counterclaim or will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other holders of allowed unsecured claims against the Debtor of the same class or type; (vi) pursuant to that certain Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc. (Dkt. 19120, entered on August 10, 2011) (the "Structured Securities Allowance Order") each Purchased Security has been allowed in the amount as set

KL2 2742874.2

DT

forth on Schedule 1 hereto; and (vii) there exists no basis for an objection to the Transferred Claims on any grounds upon which the Debtors reserved the right to object as set forth in the Structured Securities Allowance Order.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller agrees that in the event Seller shall receive any distributions or notices with respect to the Transferred Claims after the date hereof, Seller shall accept the same and shall hold the same in trust for the sole benefit of Purchaser and Seller shall promptly (but in any event no later than five (5) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, with the endorsement of Seller (without recourse, representation or warranty) when necessary or appropriate. In the event Seller fails to deliver any payments, distributions or proceeds to Purchaser within five (5) business days of Seller's receipt, Seller shall be obligated to pay Purchaser interest on such payment, distribution or proceed at 7% per annum, from the date of Seller's receipt to the date of Purchaser's receipt. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. If for any reason, Seller (and not Purchaser) is entitled to exercise any such rights after the date hereof (including, without limitation, the right to vote), Seller shall exercise such rights in a timely manner in accordance with Purchaser's written instructions, except as prohibited under any applicable law, rule or order.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

[Signature Page Follows]

KL2 2742874.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9 day of April 2012.

**SEA PORT GROUP SECURITIES, LLC**
By: The Seaport Group LLC, its sole member

By: _____
    Jonathan Silverman
    General Counsel
360 Madison Avenue, 22nd Floor
New York, NY 10017

**AURELIUS INVESTMENT, LLC**
By: Aurelius Capital Management, LP, solely as manager and not in its individual capacity

By: _____
535 Madison Avenue, 22nd Floor
New York, NY 10022

KL2 2742874.2

DT

Schedule 1

Transferred Claims

Purchased Claim

5.5049803% - USD $5,945,000.00 of USD $107,993,120.00 (the outstanding amount of the Proof of Claim as of the 9 day of April 2012), plus all accrued and unpaid interest, fees and any other recovery or return due.

Lehman Programs Securities to which Transfer Relates

| ISIN | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Claim Amount |
|---|---|---|---|---|---|---|---|
| XS0346461634 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $346,000.00 | N/A | 18 March 2011 | N/A | $346,000.00 |
| XS0364167006 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $216,000.00 | N/A | 21 May 2013 | N/A | $218,736.00 |
| XS0346466781 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $857,000.00 | N/A | 18 March 2015 | N/A | $874,697.05 |
| XS0329201528 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $87,000.00 | N/A | 05 November 2019 | N/A | $87,773.33 |
| XS0327725528 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $346,000.00 | N/A | 05 November 2019 | N/A | $349,229.33 |
| XS0351984827 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $303,000.00 | N/A | 18 March 2020 | N/A | $309,678.12 |
| XS0339215351 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $130,000.00 | N/A | 15 February 2020 | N/A | $130,920.83 |
| XS0347872128 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $2,120,000.00 | N/A | 04 March 2023 | N/A | $2,126,542.55 |

Schedule 1-1

KL2 2742874.2

| XS0340592681 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $865,000.00 | N/A | 15 February 2023 | N/A | $871,487.50 |
|---|---|---|---|---|---|---|---|
| XS0334732491 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $199,000.00 | N/A | 03 January 2020 | N/A | $202,184.00 |
| XS0347925264 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $389,000.00 | N/A | 27 February 2020 | N/A | $389,000.00 |
| XS0216140094 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc | USD $87,000.00 | N/A | 19 April 2020 | N/A | $87,981.17 |

KL2 2742874.2