HEARING DATE AND TIME: May 31, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: May 17, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

------------------------------------------------------------------------x

**NOTICE OF HEARING ON TWO HUNDRED EIGHTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS (ASSIGNED CONTRACT CLAIMS)**

PLEASE TAKE NOTICE that on April 16, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for certain entities in the above-referenced chapter 11 cases (the "Chapter 11

Estates"), filed its two hundred eighty-sixth omnibus objection to claims (the "Two Hundred

Eighty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the

Two Hundred Eighty-Sixth Omnibus Objection to Claims will be held before the Honorable

James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004, on **May 31, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel

may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Two Hundred

Eighty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice

Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea Schwartz, Esq.); so as to be so filed and received by no later than

**May 17, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and

served with respect to the Two Hundred Eighty-Sixth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two

Hundred Eighty-Sixth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated:  April 16, 2012
        New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**TWO HUNDRED EIGHTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (ASSIGNED CONTRACT CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS TWO HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC KASENETZ, AT 212-310-8737.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

## Relief Requested

1.      The Plan Administrator files this two hundred eighty-sixth omnibus

objection to claims (the "Two Hundred Eighty-Sixth Omnibus Objection to Claims"), pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on

Exhibit A (collectively, the "Assigned Contract Claims") and has determined that they assert

claims related to contracts of the Chapter 11 Estates that were assigned to Barclays Capital Inc.

("Barclays") and for which Barclays assumed liability.  With respect to those contracts, the Court

found in its September 19, 2008 order [ECF No. 258] (the "Barclays Sale Order") that, to the

extent necessary, the Chapter 11 Estates cured or provided adequate assurance of cure of any

default existing prior to entry of the Barclays Sale Order and provided compensation or adequate

assurance of compensation to any party that suffered pecuniary loss as a result of such default, as

required by section 365 of the Bankruptcy Code.  Furthermore, section 365(k) of the Bankruptcy

Code relieves the Chapter 11 Estates from any liability for defaults occurring after assignment of

the relevant contracts to Barclays.  Accordingly, the Chapter 11 Estates have no liability for the

Assigned Contract Claims, and the Plan Administrator requests that they be disallowed and

expunged in their entirety.

3.    The Plan Administrator reserves all its rights to object on any basis to any

Assigned Contract Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.    Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.    On September 16, 2008, the Chapter 11 Estates and Barclays entered into

an asset purchase agreement (the "Asset Purchase Agreement") with respect to the sale of all

assets (except for certain excluded assets) used in connection with the Chapter 11 Estates' North

American capital markets and investment banking business.  Pursuant to the Asset Purchase

Agreement, Barclays had sixty days from the closing of the sale to designate contracts related to

the purchased assets for assignment to Barclays (the "Assigned Contracts").  (*See* Asset Purchase

Agreement § 2.5.)  Upon assignment, Barclays would assume the obligations under the Assigned

Contracts on a going-forward basis and would be obligated to pay any cure amounts due on those

Assigned Contracts.  (*See id*. §§ 2.3(b) and 2.5.)

7.    The sale to Barclays was consummated pursuant to the Barclays Sale

Order and a clarification letter dated as of September 20, 2008, and executed on September 22,

2008.  Pursuant to section 2.5 of the Asset Purchase Agreement, Barclays designated hundreds of

the Chapter 11 Estates' contracts as Assigned Contracts and assumed the obligations related

thereto.  (*See* "Closing Date Contracts," *available at* http://www.lehman-docket.com under

"Case Information"; Docket Nos. 709-712, 1061, 1433, 1634, 1671, 1677, 1678.)

8.       On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

9.       On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.

10.      Pursuant to the Plan, the Plan Administrator is authorized to impose and

prosecute objections to claims filed against the Chapter 11 Estates.

### The Assigned Contract Claims Should Be Disallowed and Expunged

11.      In its review of the claims filed on the claims register in these chapter 11

cases, the Plan Administrator has identified the claims on Exhibit A as claims related to

Assigned Contracts assigned to Barclays and for which the Chapter 11 Estates do not have

liability.  A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11

U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida*

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729

(REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr.*

*Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the

Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that

"such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

12.    The Assigned Contract Claims are claims based on Assigned Contracts that were assigned to Barclays pursuant to section 2.5 of the Asset Purchase Agreement.  Under the Asset Purchase Agreement, Barclays has the obligation to cure any amounts outstanding on the Assigned Contracts and responsibility for any obligations incurred thereafter.  Thus, any liability related to the Assigned Contracts belongs to Barclays, not the Chapter 11 Estates.  (*See* Asset Purchase Agreement §§ 2.3(b) and 2.5.)

13.    Section 365(f) of the Bankruptcy Code governs assignment of executory contracts and further establishes that the Chapter 11 Estates do not have liability for the Assigned Contract Claims.  Section 365(f)(2)(A) requires the assignor of an executory contract to assume the contract in accordance with the provisions of section 365.  11 U.S.C. § 365(f)(2)(A).  Section 365(b), in turn, requires a debtor in possession assuming an executory contract to cure, or provide adequate assurance that the debtor will promptly cure, defaults, subject to certain exceptions for which cure of the default is not required.  11 U.S.C. § 365(b)(1)(A).  Section 365(b) further requires the debtor in possession to compensate, or provide adequate assurance that the debtor in possession will compensate, a party suffering pecuniary loss as a result of such default.  11 U.S.C. § 365(b)(1)(B).  Section 365(k) relieves a debtor that assigns an executory contract from liability for any default occurring after such assignment.  11 U.S.C. § 365(k).

14.    The Court found in the Barclays Sale Order that the conditions of section 365 had been met.  Specifically, the Court found that the Chapter 11 Estates had, "(i) to the extent necessary, cured or provided adequate assurance of cure, of any default existing prior to the date hereof with respect to the [Assigned Contracts], within the meaning of 11 U.S.C.

§§ 365(b)(1)(A) and 365(f)(2)(A), and (ii) to the extent necessary, provided compensation or adequate assurance of compensation to any party for any actual pecuniary loss to such party resulting from a default prior to the date hereof with respect to the [Assigned Contracts], within the meaning of 11 U.S.C. § 365(b)(1)(B) and 365(f)(2)(A)." (Barclays Sale Order ¶ T.) Accordingly, the Chapter 11 Estates are relieved of liability for any defaults that occurred after assignment of the Assigned Contracts to Barclays pursuant to section 365(k).

15.     Under both the terms of the Asset Purchase Agreement and the Barclays Sale Order, the Chapter 11 Estates have no liability on the Assigned Contracts.  If the Assigned Contract Claims remain on the claims register, the potential exists for recoveries by parties that do not hold valid claims against the Chapter 11 Estates.  As such, the Plan Administrator respectfully requests that the Court disallow and expunge the Assigned Contract Claims listed on Exhibit A attached hereto.

## Notice

16.     No trustee has been appointed in these chapter 11 cases.  Notice of this Two Hundred Eighty-Sixth Omnibus Objection to Claims has been provided to (i) United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

17.     No previous request for the relief sought herein has been made by the the Plan Administrator to this or any other Court.

US_ACTIVE:\43978949\04\58399.0008                    6

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated: April 16, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

8

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 286: EXHIBIT A – ASSIGNED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | AKF ENGINEERS LLP (F/K/A ATKINSON KOVEN FEINBERG ENGINEERS, LLP) ROBERT L'INSALATA 1501 BROADWAY, SUITE 700 NEW YORK, NY 10036 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11335 | $45,678.62 |
| 2 | ALLTELL INFORMATION SERVICES, INC. N/K/A FIDELITY NATIONAL INFORMATION SERVICES, INC. 601 RIVERSIDE AVENUE, T/2 JACKSONVILLE, FL 32204 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25657 | $26,120.00 |
| 3 | ALLTELL INFORMATION SERVICES, INC. N/K/A FIDELITY NATIONAL INFORMATION SERVICES, INC. 601 RIVERSIDE AVENUE, T/2 JACKSONVILLE, FL 32204 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25658 | $281,150.00 |
| 4 | ALLTELL INFORMATION SERVICES, INC. N/K/A FIDELITY NATIONAL INFORMATION SERVICES, INC. 601 RIVERSIDE AVENUE, T/2 JACKSONVILLE, FL 32204 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25659 | $129,800.00 |
| 5 | DATA INC. 72 SUMMIT AVE. MONTAVALE, NJ 07645 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2009 | 35883 | $5,400.00 |
| 6 | GLOBAL COAL LIMITED ENERGY HOUSE 9 KING STREET LONDON, EC2V 8EA UNITED KINGDOM | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 10/22/2008 | 337 | $14,100.00 |
| 7 | GREYWARE AUTOMATION PRODUCTS, INC. 308 ORIOLE CT MURPHY, TX 75094 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/24/2008 | 17 | $20,460.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 286: EXHIBIT A – ASSIGNED CONTRACT CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 8 | IESMARTSYSTEMS, LLC C/O JOSHUA W. WOLFSHOHL PORTER & HEDGES, L.L.P. 1000 MAIN STREET, 36TH FLOOR HOUSTON, TX 77002 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/21/2009 | 3873 | $101,240.84* |
| 9 | IM2 CONSULTING / RAINMAKER GROUP LLC ATTN BRIAN C WINTERS 230 PARK AVENUE SUITE 1000 NEW YORK, NY 10169 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2008 | 67 | $304,000.00 |
| 10 | INTERNATIONAL SOS ASSISTANCE INC. 3600 HORIZON BOULEVARD SUITE 300 TREVOSE, PA 19053 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/29/2008 | 48 | $4,000.00 |
| 11 | KELNARD ATTN:SHELDON NEIL 38-26 TENTH ST LONG ISLAND CITY, NY 11101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30425 | $1,652.11 |
| 12 | LCM COMMODITIES LLC 445 PARK AVE FL 16 NEW YORK, NY 10022-8618 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 10/13/2008 | 169 | $480.00 |
| 13 | LCM COMMODITIES LLC 445 PARK AVE FL 16 NEW YORK, NY 10022-8618 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 10/13/2008 | 170 | $35,190.00 |
| 14 | MCLARTY ASSOCIATES PAUL HART, CFO 8028 CANTRELL ROAD, SUITE 201 LITTLE ROCK, AR 72227 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/09/2008 | 1256 | $100,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 2 of 3

### IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 286: EXHIBIT A – ASSIGNED CONTRACT CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 15 | NEW YORK MERCANTILE EXCHANGE, INC ATTN: LISA A DUNSKY DIRECTO AND ASSOCIATE GENERAL COUNSEL CME GROUP INC. 20 S WACKER DRIVE CHICAGO, IL 60606 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 09/10/2009 | 11304 | Undetermined |
| 16 | RIDGE TECHNOLOGIES, INC. ATTN: THOMAS RIDGEWAY, PRESIDENT 1111 SECAUCUS ROAD SECAUCUS, NJ 07094 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2008 | 66 | $79,348.00 |
| 17 | TALKPOINT HOLDINGS, LLC 100 WILLIAM STREET, 9TH FLOOR NEW YORK, NY 10038 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2008 | 9 | $70,225.00 |
| 18 | VALTERA CORPORATION ATTN: LEGAL DEPT. 1701 GOLF ROAD, TOWER 2-1100 ROLLING MEADOWS, IL 60008 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/26/2008 | 38 | $44,941.00 |
| | | | | | TOTAL | $1,263,785.57 |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                               :        Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :        08-13555 (JMP)
                                                    :
            Debtors.                                :        (Jointly Administered)

------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED EIGHTY-SIXTH
### OMNIBUS OBJECTION TO CLAIMS (ASSIGNED CONTRACT CLAIMS)

Upon the two hundred eighty-sixth omnibus objection to claims, dated April 16,

2012 (the "Two Hundred Eighty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan") for certain entities in the above-referenced chapter 11 cases (the "Chapter

11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), seeking disallowance and expungement of the Assigned Contract

Claims on the grounds that they assert claims related to contracts for which the Chapter 11

Estates do not have liability, all as more fully described in the Two Hundred Eighty-Sixth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eighty-Sixth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Eighty-Sixth Omnibus Objection to Claims.

Hundred Eighty-Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice

in accordance with the procedures set forth in the second amended order entered on June 17,

2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Two Hundred Eighty-Sixth Omnibus

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Two Hundred Eighty-Sixth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eighty-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Assigned Contract Claims") are disallowed

and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Eighty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE