HEARING DATE AND TIME: May 31, 2012 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: May 17, 2012 at 4:00 PM (Eastern Time)

> **THE TWO HUNDRED EIGHTY SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
|  | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
|  | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON
TWO HUNDRED EIGHTY SEVENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

   **PLEASE TAKE NOTICE** that on April 16, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for certain entities in the above-referenced chapter 11 cases (the "Chapter 11

Estates"), filed its Two Hundred Eighty Seventh Objection to claims (the "Two Hundred Eighty

US_ACTIVE:\43974455\03\58399.0011

Seventh Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Eighty Seventh Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 31, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Eighty Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 17, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Eighty Seventh Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Eighty Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 16, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: May 31, 2012 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: May 17, 2012 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                             Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x

**TWO HUNDRED EIGHTY SEVENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THE DEBTORS' TWO HUNDRED EIGHTY SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-reference chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1. The Plan Administrator files this omnibus objection to claims (the "Two Hundred Eighty Seventh Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which the Chapter 11 Estates have no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Claims") were filed against certain of the Chapter 11 Estates, but are based upon alleged wrongdoing by, or the prepetition obligations of, entities which are not debtors in these chapter 11 cases. None of the Chapter 11 Estates has any actual or potential liability with respect to any of the No Liability Claims.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the

2

Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

7. Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

### The No Liability Claims Should Be Disallowed and Expunged

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9. The Plan Administrator has examined the No Liability Claims and has determined that such claims should be disallowed and expunged on the basis that they provide no basis of liability as to the Chapter 11 Estates. The No Liability Claims are based upon alleged contractual obligations or the alleged wrongdoing of entities other than the Chapter 11 Estates.

3

In particular, upon a review of the supporting documents affixed to certain proofs of claim and the internal review of the Chapter 11 Estates' books and records, the Plan Administrator has determined that, based on the fair and accurate examination of the agreements, the No Liability Claims are based on contractual obligations of Lehman Brothers Inc. ("LBI") or other non-debtor affiliates. None of the Chapter 11 Estates is liable for any actual or potential liability that LBI or any other non-debtor affiliate may have.

10. The Plan Administrator believes, after a thorough review, that none of the No Liability Claims contains any actual or potential claims against the Chapter 11 Estates. Unless the No Liability Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the estates. The Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the No Liability Claims in their entirety.

## Reservation of Rights

11. The Plan Administrator reserves all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

## Notice

12. No trustee has been appointed in these chapter 11 cases. Notice of this Two Hundred Eighty Seventh Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

4

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 16, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

**Exhibit A**

US_ACTIVE:\43974455\03\58399.0011

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 287: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | AEO MANAGEMENT CO.<br>ATTN: NEIL BULMAN<br>77 HOT METAL STREET<br>PITTSBURGH, PA 15203-2382 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28550 | $61,462.50 |
| 2 | CA INC.<br>ATTENTION: ROBERT AUSTEN<br>ONE CA PLAZA<br>ISLANDIA, NY 11792 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/17/2009 | 3806 | $394,163.00 |
| 3 | CAMBIUM MANAGEMENT INC<br>C/O FALCON CLIFF<br>PALACE ROAD<br>DOUGLAS, IM2 4LB<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33146 | $389,618.00 |
| 4 | CQG, INC.<br>ATTN: BILLING<br>1050 17TH ST., SUITE 2000<br>DENVER, CO 80265 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/14/2008 | 181 | $5,123.16 |
| 5 | JOHNSON CONTROLS INC<br>ATTN: BRIAN WILDERMAN M-72<br>507 E MICHIGAN ST<br>MILWAUKEE, WI 53202 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/26/2008 | 35 | $4,239.63 |
| 6 | OUTTASK LLC (WHOLY-OWNED SUBSIDIARY OF CONCUR TECHNOLOGIES INC)<br>ATTN LEGAL DEPARTMENT<br>18400 NE UNION HILL ROAD<br>REDMOND, WA 98052 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/22/2008 | 360 | $64,656.87 |
| 7 | STONE & MCCARTHY RESEARCH ASSOCIATES, INC.<br>518 BUSINESS PARK DR<br>CN 845<br>PRINCETON, NJ 08542 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 06/08/2009 | 4808 | $1,035.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

## IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 287: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 8 | TRI-STAR DESIGN, INC<br>63 SOUTH ST STE 275<br>HOPKINTON, MA 01748-2239 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/23/2008 | 7 | $288,000.00 |
| | | | | | TOTAL | $1,208,298.16 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                                           :
                                                                :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    08-13555 (JMP)
                                                                :
            Debtors.                                            :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### ORDER GRANTING THE
### TWO HUNDRED EIGHTY SEVENTH OMNIBUS
### OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred eighty seventh omnibus objection to claims, dated April 16, 2012 (the "Two Hundred Eighty Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Chapter 11 Estates have no liability for such claims, all as more fully described in the Two Hundred Eighty Seventh Objection to Claims; and due and proper notice of the Two Hundred Eighty Seventh Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Two Hundred Eighty Seventh Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Two

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Two Hundred Eighty Seventh Omnibus Objection to Claims.

US_ACTIVE:\43974455\03\58399.0011

Hundred Eighty Seventh Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eighty Seventh Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Two Hundred Eighty Seventh Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43974455\03\58399.0011