Response Deadline: April 17, 2012 at 4:00 p.m. (Eastern) *
Hearing Date and Time: May 31, 2012 at 10:00 a.m. (Eastern)

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sarah N. Campbell

*Counsel to CNP Assurances and*
*Counsel to Anthracite Investments (Ireland) Plc.*
*with respect to Series 12, 18 and 27*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : | |
| : | Case No. 08-13555 (JMP) |
| Debtors. : | |
| : | (Jointly Administered) |

---------------------------------------------------------------x

**RESPONSE OF CNP ASSURANCES AND ANTHRACITE INVESTMENTS (IRELAND) PLC. TO THE DEBTORS' TWO HUNDRED FORTY-FOURTH OMNIBUS <u>OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)</u>**

CNP Assurances ("<u>CNP</u>" or the "<u>Noteholder</u>") and Anthracite Investments (Ireland) Plc. ("<u>Anthracite</u>" or the "<u>Issuer</u>" and, together with CNP, the "<u>Parties</u>") in relation to each of Series 12, 18 and 27 (as defined below), by and through their undersigned counsel, respectfully submit this response ("<u>Response</u>") to the Debtors' Two Hundred Forty-Fourth Omnibus Objection to Claims (No Liability Derivatives Claims) [Docket No. 23250], dated December 12, 2011 (the "<u>Objection</u>"), and in support thereof respectfully state as follows:

\* Extended to April 17, 2012 by agreement of counsel.

**PRELIMINARY STATEMENT AND BACKGROUND**

1. The Debtors' Objection is insufficient to overcome the *prima facie* validity of the properly filed Claims (defined below). To properly shift the burden back to the Parties, the Debtors are required to adduce evidence of equal or greater probative force than that put forth by the Parties. The cursory allegation that "the Debtors have determined that, based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts to the claimants…" is not sufficient. Objection at ¶ 11.[1]

2. Anthracite is the issuer with respect to certain series of notes including, without limitation, Series 12 €28,750,000 French InflationLinked Bonds Portfolio Notes due 2036 ("Series 12"), Series 18 €78,000,000 French Inflation Linked Bonds Portfolio Notes due 2037 ("Series 18"), and Series 27 €260,998,500 French Inflation Linked Bonds Portfolio Notes due 2055 ("Series 27" and collectively, the "Series"), derivative contracts with respect to each of which are implicated by the Objection.

3. Prior to commencement of the Debtors' chapter 11 bankruptcy cases, derivative agreements were entered into between LBSF and Anthracite pursuant to which various credit default swaps, total return swaps and inflation rate swaps were entered into between the parties in respect of the Series. Specifically, Anthracite and LBSF entered into separate ISDA Master Agreements with respect to each of the Series, each dated as of November 3, 2003 (as amended, together with the Schedules, Credit Support Annexes and confirmations setting forth terms and

---

[1] The Declaration of Gary H. Mandelblatt, which is also cited in support of the Objection, [Docket No. 4113] (the "Mandelblatt Declaration") is of no moment as it contains a generalized discussion of the Debtors' 'valuation process' and does not in any way purport to address the specific merits of any claim let alone the Claims identified in the currently pending Objection.

conditions for particular transactions thereunder and related agreements, the "Swap Agreements").[2]

4.    On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  On October 3, 2008, LBSF commenced a voluntary case in this Court under the Bankruptcy Code.  These chapter 11 cases, as well as the chapter 11 cases of certain affiliates of LBHI (such affiliates together with LBHI and LBSF, the "Debtors"), have been consolidated for procedural purposes only and are being jointly administered pursuant to the Federal Rules of Bankruptcy Procedure.

5.    The commencement of voluntary bankruptcy proceedings constituted an Event of Default under the Swap Agreements under the Swap Agreements following which Anthracite, as the Non-defaulting Party, terminated all the transactions under the Swap Agreements and termination payments thereunder were calculated.  On September 21, 2009, pursuant to the Bar Date Order,[3] Anthracite timely filed claims in respect of the Swap Agreements for each of the Series against LBSF as well as corresponding guarantee claims against LBHI as follows: (i) claim numbers 20324 and 20325, respectively, each in the amount of $13,115,693.67 (plus interest, fees and costs) in respect of Series 12; (ii) claim numbers 20326 and 20327, respectively, each in the amount of $32,723,011.81 (plus interest, fees and costs) in respect of Series 18; and (iii) claim numbers 20333 and 20329, respectively, in the amount of $62,657,178.81 (plus interest, fees and costs) in respect of Series 27, collectively, the "Claims".  Thereafter, Anthracite

---

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Swap Agreements.

[3]    On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

- 3 -

submitted derivative and guarantee questionnaires pursuant to the Bar Date Order (collectively, the "Questionnaires").[4]

6. By their Objection, the Debtors are seeking to disallow and expunge each of the Claims in its entirety.[5]

7. As noted above, the disallowance of the Claims is sought based upon no more than a generic statement that "based on the fair, accurate, and reasonable values of the subject Derivatives Contracts and the netting provisions thereunder, the Debtors do not owe any amounts" to the Parties. Objection at ¶ 11. The Objection also sets forth a generic description of the "multi-step process" used by the Debtors to review claims based on derivative contracts. Objection at ¶ 13. To the extent that the Objection rests upon the foregoing to shift the burden back to the claimant who was entitled to calculate the Settlement Amount as the Non-defaulting Party under the Swap Agreements, it fails.

---

[4] In accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information and documentation submitted by Anthracite in connection with the Claims and Questionnaires are part of the record and incorporated herein. Anthracite is not required to submit them in connection with this Response.

[5] Notwithstanding that the current Objection seeks the disallowance of claim 20333 in respect of Series 27 in its entirety, such claim also is the subject of the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims (Valued Derivative Claims) (the "Valued Derivative Objection"), which seeks to reduce and *allow* a portion of such claim in the amount of $34,860,032.00 and pursuant to that objection, the remaining portion of claim 20333(in the amount of $7,610,790.81) is not being affected and the Debtors' rights to object to that portion of claim 2033 are being reserved. Valued Derivative Objection, Exhibit A, pg. 1, note 1.

**Argument**

*Applicable Legal Standard*

8.  A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies. 11 U.S.C. §502(b); *In re Rockefeller Center Properties*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

9.  Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector to show "sufficient evidence" to negate such *prima facie* validity. *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15 (Bankr. S.D.N.Y., Feb. 20, 2007); *J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.)*, Case Nos. 03-11540 (BRL), 06-CV-13477 (CM), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007). Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (*internal quotations omitted*) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-174 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15; *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force). "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999)

("The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (testimonial evidence was sufficient to shift the burden back to the claimant to prove the validity of its claim).

10. Only when the objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant and the claimant "is required to meet the usual burden of proof to establish the validity of the claim." *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

*The Debtors Have Not Put Forth Evidence to Rebut the Claims*

11. In order to satisfy their burden, the Debtors would have had to put forth sufficient evidence to demonstrate that the Claims should be disallowed and expunged. The Debtors did not put forth any "evidence" to rebut the *prima facie* validity of the Claims. Instead, the Objection summarily asserts that "the Debtors do not owe any . . . money."[6] Objection at ¶ 14.

12. The Debtors' statements are conclusory and amount to, at best, mere assertions. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence). In addition, with respect to claim 20333, the assertions are contradicted by the Debtors in

---

[6] The Objection also describes the Debtors' purported "thorough, multi-step process to review claims," which in general terms is set forth as follows: "collect and review documents… reconcile posted collateral…review the valuation methodology." Objection at ¶ 13.

connection with their subsequent Valued Derivative Objection (filed on the same date), which seeks to *allow* a portion of such claim.

13.  The Debtors have not met their initial burden of refuting the Claims and, accordingly, have not shifted the burden of proving the Claims to the Parties. The burden remains with the Debtors to produce "sufficient evidence" that the Claims should be disallowed and expunged.

*Reservation of Rights*

14.  The Parties reserve their right to file a supplemental and/or amended response to the Objection shall they deem it necessary. To the extent that an evidentiary hearing is necessary on the merits of the Claims, the Parties reserve the right to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the basis for the calculation of and amount of the Claims.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Parties respectfully request that the Bankruptcy Court (i) overrule the Objection as it pertains to the Claims, and (ii) grant such further relief as the Bankruptcy Court deems just.

Dated:  New York, New York
April 17, 2012

        Respectfully submitted,
        CLIFFORD CHANCE US LLP

        By: /s/ Jennifer C. DeMarco
        Jennifer C. DeMarco
        Sarah N. Campbell

        31 West 52nd Street
        New York, NY 10019
        Tel:  (212) 878-8000
        Fax:  (212) 878-8375

*Counsel to CNP Assurances and*
*Counsel to Anthracite Investments (Ireland)*
*Plc. with respect to Series 12, 18 and 27*