Response Deadline: April 17, 2012 at 4:00 p.m. (Eastern)*
Hearing Date and Time: May 31, 2012 at 10:00 a.m. (Eastern)

CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Facsimile: (212) 878-8375
Jennifer C. DeMarco
Sarah N. Campbell

*Counsel to CNP Assurances and*
*Counsel to Anthracite Investments (Ireland) Plc.*
*with respect to Series 7 and 27*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
In re                                                          :
                                                               :     Chapter 11
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                      :
                                                               :     Case No. 08-13555 (JMP)
Debtors.                                                       :
                                                               :     (Jointly Administered)
----------------------------------------------------------------x

**RESPONSE OF CNP ASSURANCES AND ANTHRACITE INVESTMENTS (IRELAND) PLC. TO THE DEBTORS' TWO HUNDRED FORTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

CNP Assurances ("CNP" or the "Noteholder") and Anthracite Investments (Ireland) Plc. ("Anthracite" or the "Issuer" and, together with CNP, the "Parties") in relation to each of Series 7 and 27 (as defined below), by and through their undersigned counsel, respectfully submit this response ("Response") to the Debtors' Two Hundred Forty-Sixth Omnibus Objection to Claims (Valued Derivatives Claims) [Docket No. 23253], dated December 12, 2011 (the "Objection"), and in support thereof respectfully state as follows:

---

* Extended to April 17, 2012 by agreement of counsel.

**PRELIMINARY STATEMENT AND BACKGROUND**

1.      The Debtors' Objection is insufficient to overcome the *prima facie* validity of the properly filed Claims (defined below).  To properly shift the burden back to the Parties, the Debtors are required to adduce evidence of equal or greater probative force than that put forth by the Parties.  The cursory allegation that Parties' calculations are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records" is not sufficient.  Objection at ¶ 13.[1]

2.      Anthracite is the issuer with respect to certain series of notes including, without limitation, Series 7 €182,000,000 French InflationLinked Bonds Portfolio Notes due 2033 ("Series 7") and Series 27 €260,998,500 French Inflation Linked Bonds Portfolio Notes due 2055 ("Series 27" and collectively, the "Series"), derivative contracts with respect to each of which are implicated by the Objection.

3.      Prior to commencement of the Debtors' chapter 11 bankruptcy cases, derivative agreements were entered into between LBSF and Anthracite pursuant to which various credit default swaps, total return swaps and inflation rate swaps were entered into between the parties in respect of the Series.  Specifically, Anthracite and LBSF entered into separate ISDA Master Agreements with respect to each of the Series, each dated as of November 3, 2003 (as amended, together with the Schedules, Credit Support Annexes and confirmations setting forth terms and

---

[1]     The Declaration of Gary H. Mandelblatt, which is also cited in support of the Objection, [Docket No. 4113] (the "Mandelblatt Declaration") is of no moment as it contains a generalized discussion of the Debtors' 'valuation process' and does not in any way purport to address the specific merits of any claim let alone the Claims identified in the currently pending Objection.

- 2 -

conditions for particular transactions thereunder and related agreements, the "Swap Agreements").[2]

4.  On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On October 3, 2008, LBSF commenced a voluntary case in this Court under the Bankruptcy Code. These chapter 11 cases, as well as the chapter 11 cases of certain affiliates of LBHI (such affiliates together with LBHI and LBSF, the "Debtors"), have been consolidated for procedural purposes only and are being jointly administered pursuant to the Federal Rules of Bankruptcy Procedure.

5.  The commencement of voluntary bankruptcy proceedings constituted an Event of Default under the Swap Agreements following which Anthracite, as the Non-defaulting Party, terminated all the transactions under the Swap Agreements and termination payments thereunder were calculated. On September 21, 2009, pursuant to the Bar Date Order,[3] Anthracite timely filed claims in respect of the Swap Agreements for each of the Series against LBSF as follows: (i) claim number 20335 in the amount of $49,024,807.95 (plus interest, fees and costs) in respect of Series 7 and (ii) claim number 20333 in the amount of $62,657,178.81 (plus interest, fees and costs) in respect of Series 27, collectively, the "Claims". Thereafter, Anthracite submitted derivative and guarantee questionnaires pursuant to the Bar Date Order (collectively, the "Questionnaires").[4]

---

[2]  Capitalized terms not otherwise defined herein shall have the meanings ascribed in the Swap Agreements.

[3]  On July 2, 2009, the Bankruptcy Court entered the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "Bar Date Order").

[4]  In accordance with the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative

6.      By their Objection, the Debtors are seeking to reduce each of the Claims. With respect to claim 20335 in respect of Series 7, the Debtors are seeking to reduce the claim to $35,198,671.85. With respect to claim 20333 in respect of Series 27, the Debtors state that they are seeking to reduce a $55,046,388.00 portion of that claim to $34,860,032.00.[5]

7.      As noted above, this reduction is sought based upon no more than a generic statement that the Claims "are greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors after a review of the supporting documentation provided by the claimants and the Debtors' books and records." Objection at ¶ 13. The Objection also sets forth a generic description of the "multi-step process" used by the Debtors to review claims based on derivative contracts. Objection at ¶ 14. To the extent that the Objection rests upon the foregoing to shift the burden back to the claimant who was entitled to calculate the Settlement Amount as the Non-defaulting Party under the Swap Agreements, it fails.

## Argument

*Applicable Legal Standard*

8.      A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. §502(a). Section 502(b) provides, in pertinent part, that if an objection to a claim is made, the court, after notice and a hearing, shall determine the amount of the claim and shall allow the claim in such amount except to the extent that one of the exceptions enumerated in section 502(b) applies. 11 U.S.C. §502(b); *In re Rockefeller Center Properties*, 272 B.R. 524,

---

Dispute Resolution Procedures for Claims Against Debtors, dated as of April 19, 2010, all of the information and documentation submitted by Anthracite in connection with the Claims and Questionnaires are part of the record and incorporated herein. Anthracite is not required to submit them in connection with this Response.

[5]  We note, claim 20333 in respect of Series 27 is also subject to the Debtors' Two Hundred Forty-Fourth Omnibus Objection to Claims (No Liability Derivative Claims), which seeks to disallow such claim in its entirety. Clearly the Debtors conflicting determinations with respect to the same claim are inherently suspect.

539 (Bankr. S.D.N.Y. 2000). A properly filed proof of claim is *prima facie* evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

9. Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector to show "sufficient evidence" to negate such *prima facie* validity. *In re Adelphia Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15 (Bankr. S.D.N.Y., Feb. 20, 2007); *J.P. Morgan Sec's., Inc. v. Spiegel Creditor Trust (In re Spiegel, Inc.)*, Case Nos. 03-11540 (BRL), 06-CV-13477 (CM), 2007 WL 2456626 at * 15 n.6 (S.D.N.Y. Aug. 22, 2007). Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (*internal quotations omitted*) (quoting *In re Allegheny Intern., Inc.* 954 F.2d 167, 173-174 (3d Cir. 1992) quoting *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)); *In re Spiegel, Inc.*, 2007 WL 2456626 at *15; *In re DJK Residential LLC*, 416 B.R. 100, 105 (Bankr. S.D.N.Y. 2009) (evidence must be of equal force). "Mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively *produce* evidence to counter the creditor's claim."); *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (testimonial evidence was sufficient to shift the burden back to the claimant to prove the validity of its claim).

10. Only when the objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant and the claimant "is required to meet the usual burden of proof to establish the validity of the claim." *In re Adelphia*

*Comm's Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

*The Debtors Have Not Put Forth Evidence to Rebut the Claims*

11.     In order to satisfy their burden, the Debtors would have had to put forth sufficient evidence to demonstrate that the Claims should be reduced.  The Debtors did not put forth any "evidence" to rebut the *prima facie* validity of the Claims.  Instead, the Objection summarily asserts that the Claims are "greater than the fair, accurate, and reasonable value of the claim as determined by the Debtors."[6]  Objection at ¶ 13.

12.     The Debtors' statements are conclusory and amount to, at best, mere assertions. *See*, *Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, Case No. 98 Civ. 4990 (HB), 1999 WL 178788 at *3-4 (S.D.N.Y. Mar. 31, 1999) ("mere objections" do not constitute "sufficient evidence" and are insufficient to refute a claimant's *prima facie* evidence).

13.     The Debtors have not met their initial burden of refuting the amounts of the Claims and, accordingly, have not shifted the burden of proving the Claims to the Parties.  The burden remains with the Debtors to produce "sufficient evidence" that the Claims should be reduced.

*Reservation of Rights*

---

[6]  The Objection also describes the Debtors' purported "thorough, multi-step process to review claims," which in general terms is set forth as follows: "collect and review documents… reconcile posted collateral…review valuation methodology."  Following the implementation of such process the Debtors apparently sought review of the Proposed Settlement Amount from the Settlement Adjudication Committee, as those terms are defined in the Objection.  Objection at ¶¶ 14-15.  It is the Debtors' senior management and chief restructuring officer, Alverez & Marsal, that make up the "committee".

14. The Parties reserve their right to file a supplemental and/or amended response to the Objection shall they deem it necessary. To the extent that an evidentiary hearing is necessary on the merits of the Claims, the Parties reserve the right to request a full evidentiary hearing pursuant to Rule 9014(e) of the Federal Rules of Bankruptcy Procedure and Rule 9014-2 of the Local Rules of Bankruptcy Procedure to determine the basis for the calculation of and amount of the Claims.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Parties respectfully request that the Bankruptcy Court (i) overrule the Objection as it pertains to the Claims, and (ii) grant such further relief as the Bankruptcy Court deems just.

Dated: New York, New York
April 17, 2012

Respectfully submitted,
CLIFFORD CHANCE US LLP

By: /s/ Jennifer C. DeMarco
Jennifer C. DeMarco
Sarah N. Campbell

31 West 52nd Street
New York, NY 10019
Tel: (212) 878-8000
Fax: (212) 878-8375

*Counsel to CNP Assurances and*
*Counsel to Anthracite Investments (Ireland)*
*Plc. with respect to Series 7 and 27*