Presentment Date and Time: May 1, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: May 1, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Richard P. Krasnow

Attorneys for Lehman Brothers
Holdings Inc. and Its Affiliated Debtors

------------------------------------------------------------------x
                                                          :
In re                                                     :          Chapter 11 Case No.
                                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :          08-13555 (JMP)
                                                          :
                          Debtors.                        :          (Jointly Administered)
                                                          :
------------------------------------------------------------------x

## NOTICE OF PRESENTMENT OF SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF THEIR RETENTION OF BINGHAM McCUTCHEN LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO JANUARY 1, 2012

PLEASE TAKE NOTICE that the undersigned will present the annexed second

supplemental application (the "Second Supplemental Application") of the Debtors pursuant to

Section 327(e) of title 11 of the United States Code and Rule 2014 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of their

retention of Bingham McCutchen LLP, as special counsel to the Debtors, *nunc pro tunc* to

January 1, 2012, as more fully described in the Second Supplemental Application, to the

Honorable James M. Peck, United States Bankruptcy Judge, for approval and signature on **May**

**1, 2012 at 12:00 p.m. (Prevailing Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), and served in accordance with General Order M-399 and on: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Bingham McCutchen LLP, One State Street, Hartford, CT, Attn:  Jonathan B. Alter, Esq., **so as to be so filed and received by no later than May 1, 2012 at 10:00 a.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that only if a written objection is timely filed and served, a hearing will be held on **May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)** at the United States Bankruptcy Court for the Southern District of New York, Honorable James M. Peck, United States Bankruptcy Judge, One Bowling Green, New York, New York

A/74877971.1

10004-1408. If an objection is filed the moving and objecting parties are required to attend the

hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 17, 2012
     New York, New York

                  /s/ Richard P. Krasnow
                  Richard P. Krasnow

                  WEIL, GOTSHAL & MANGES LLP
                  767 Fifth Avenue
                  New York, New York 10153
                  Telephone:  (212) 310-8000
                  Facsimile:  (212) 310-8007

                  Attorneys for Lehman Brothers
                  Holdings Inc. and Its Affiliated Debtors

A/74877971.1

Presentment Date and Time: May 1, 2012 at 12:00 p.m. (Prevailing Eastern Time)
Objection Deadline: May 1, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (If an Objection is Filed): May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Lehman Brothers
Holdings Inc. and Its Affiliated Debtors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| ------------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| ------------------------------------------------------------------x | | |

**SECOND SUPPLEMENTAL APPLICATION**
**OF THE DEBTORS PURSUANT TO SECTION 327(e)**
**OF THE BANKRUPTCY CODE AND RULE 2014 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE TO EXPAND**
**THE SCOPE OF BINGHAM McCUTCHEN LLP'S RETENTION AS**
**SPECIAL COUNSEL, *NUNC PRO TUNC* TO JANUARY 1, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (the "Chapter 11 Cases"), as debtors (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), file this second supplemental application (the "Second Supplemental Application") of the Debtors pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand their retention of

Bingham McCutchen LLP ("Bingham") as special counsel to the Debtors, *nunc pro tunc* to January 1, 2012, as set forth herein and respectfully represent:

### Jurisdiction

1.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

5.    On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") [ECF No. 19627]. By order dated December 6, 2011, the Court confirmed the Plan, as the same was supplemented, modified and amended (the "Confirmed Plan") [ECF No. 23023]. The Confirmed Plan went effective on March 6, 2012, and the Debtors are seeking Court approval for services rendered prior to the effective date of the Confirmed Plan.

A/74877971.1

## Relief Requested

6.      By this Second Supplemental Application, the Debtors request authorization, pursuant to section 327(e) of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to modify the scope of Bingham's retention as special counsel, previously approved by the Retention Orders (defined below), *nunc pro tunc* to January 1, 2012, to include legal services with respect to tax related services, specifically, assisting the Debtors in connection with new audits opened by the Internal Revenue Service (the "IRS") for the years 2008-2010 (the "Representative Matters").

## Retention of Bingham

7.      By order dated November 5, 2008, the Court approved the Debtors' application seeking authorization to retain McKee Nelson LLP ("McKee") to provide legal services in connection with tax related matters, including without limitation, representing the Debtors in ongoing IRS audits for the tax years of 1997 – 2007 and potential related litigation (the "Tax Matters"), *nunc pro tunc* to the Commencement Date [ECF No. 13874] (the "Initial Retention Order").

8.      On March 24, 2009, the Court approved the Debtors' supplemental application to expand the scope of McKee's retention (the "Supplemental Retention Order" and together with the Initial Retention Order, the "Retention Orders") [ECF No. 3206].   The Supplemental Retention Order authorized McKee to provide the following services: (i) drafting and sending out compliance certifications required under certain securitization documents; (ii) drafting and signing compliance opinions required under certain securitization documents; (iii) tracking and filing UCC continuation statements; (iv) renewing service of process agents; (v) engaging in discussions with trustees regarding deal documentation issues including waterfalls,

3

derivative issues, filing requirements and other securitization legal matters; (vi) researching and reviewing aspects of previous deals in connection with current corporate or litigation matters engaging in financing and/or securitization transactions or other dispositions undertaken by the Debtors' estates on behalf the Debtor or its affiliates; and (viii) any other securitization or capital markets matters requested by the Debtors related to the foregoing (collectively, with the Tax Matters, the "Initial Representative Matters").

9.     On August 1, 2009, McKee combined with Bingham.  The Debtors have continued to be advised and represented in the Initial Representative Matters by attorneys and paralegals formerly from McKee and currently at Bingham, as authorized under the Retention Orders.

## Scope of Services

10.     The Debtors seek to expand Bingham's retention to include the audit and tax controversy legal services required in connection with the Representative Matters.

## Basis for Relief Requested

11.     Subject to further order of this Court, it is proposed that Bingham's retention as special counsel, previously approved by Retention Orders, be modified to include legal services with respect to the Representative Matters, *nunc pro tunc* to January 1, 2012. Bingham's retention under the terms described herein is appropriate under Bankruptcy Code sections 327(e) and 1107.  Section 327(e) provides for the appointment of special counsel where the proposed counsel does not possess any interest that is materially adverse to the debtor with regard to the matter that will be handled by counsel.  Section 327(e) provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or

4

hold any interest adverse to the debtor or to the estate with respect
to the matter on which such attorney is to be employed.

12.     Accordingly, section 327(e) of the Bankruptcy Code authorizes the retention of counsel who previously represented a debtor prepetition provided that: (a) the appointment is in the best interest of the debtor's estate; (b) counsel does not hold an interest adverse to the estate with respect to the matter for which counsel is to be employed; and (c) the specified special purpose for which counsel is being retained does not rise to the level of conducting the bankruptcy case for the debtor in possession.  *See In re AroChem Corp.*, 176 F.3d 610, 622 (2d Cir. 1999) (noting that "where the interest of the special counsel and the interest of the estate are identical *with respect to the matter for which special counsel is retained*, there is no conflict and the representation can stand") (emphasis in original); *In re DeVlieg, Inc.*, 174 B.R. 497 (N.D. Ill. 1994).  As explained more fully below, the Debtors submit that each of these factors is satisfied with respect to Bingham and that, therefore, its expanded retention should be approved under section 327(e) of the Bankruptcy Code.

### The Employment and Retention of Bingham with Respect to the Representative Matters is in the Best Interests of the Estates

13.     As described in the declaration of Rajiv Madan in support of this Second Supplemental Application, attached hereto as Exhibit 1 (the "Madan Declaration"), Bingham is well qualified to act as special tax counsel with respect to the Representative Matters because: (a) Bingham has extensive knowledge and experience in tax audit and tax controversy matters; (b) Bingham has actively represented the Debtors and their affiliates with regard to various matters, including tax audit and tax controversy matters, for over seven years; and (c) the Debtors believe that the continuation of such representation is in the best interest of the estates.

5

## Bingham Holds No Interest Adverse to the Debtors or the
## Debtors' Estates With Respect to the Representative Matters

14.    The Debtors' knowledge, information and belief regarding the matters set forth in this Second Supplemental Application are based on and made in reliance upon the Madan Declaration.

15.    Bingham has informed the Debtors that it does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Representative Matters. *See In re AroChem*, 176 F. 3d at 622 (emphasizing that, under section 327(e) of the Bankruptcy Code, potential conflicts must be evaluated only with respect to the scope of the proposed retention).  The Debtors have also been informed that Bingham will continue to update its conflicts disclosures contained in the Madan Declaration and other supporting documentation filed in connection with the Second Supplemental Application in accordance with the Bankruptcy Rules, the Local Rules, any orders of this Court, and Bingham's past practices and established conflicts procedures relating to chapter 11 proceedings.  Accordingly, the Debtors submit that employing and retaining Bingham with respect to the Representative Matters is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

## Bingham Will Not Conduct The Debtors' Bankruptcy Case

16.    By separate applications, the Debtors have sought the Court's approval to retain and employ Weil, Gotshal & Manges LLP as the Debtors' general bankruptcy counsel, and Curtis, Mallet-Prevost, Colt & Mosle LLP as conflicts counsel.  By contrast, Bingham's postpetition work is limited to the Initial Representative Matters and Representative Matters. None of these matters involve the conduct of the bankruptcy cases themselves.  Additionally, because Bingham is not serving as the Debtors' general bankruptcy counsel, the Debtors believe

6

that Bingham has not rendered "services . . . in contemplation of, or in connection with the case" within the meaning of section 329(a) of the Bankruptcy Code.  Accordingly, the services rendered and functions to be performed by Bingham will not be duplicative of any bankruptcy-related work performed by other law firms retained by the Debtors.  It is the Debtors understanding that Bingham will coordinate with the Debtors' other professionals to ensure that its services are, to the maximum extent possible, complimentary to other professionals' services.

### Professional Compensation

17.    The Debtors propose to pay Bingham its customary hourly rates that are in effect from time to time for services rendered in connection with the Representative Matters, as previously set forth in the Supplemental Retention Order, and to reimburse Bingham according to its customary reimbursement policies, in accordance with sections 330(a) and 331 of the Bankruptcy Code.

18.    All of Bingham's fees and expenses incurred during these Chapter 11 Cases will be subject to approval of the Court upon proper application by Bingham in accordance with section 330 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the guidelines promulgated by the U.S. Trustee, as those procedures may be modified or supplemented by order of this Court, including this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], this Court's Order Amending the Fee Protocol [ECF No. 15998] and General Order M-389.

7

### *Nunc Pro Tunc* Approval is Warranted

19.     The Debtors' request that Bingham's retention be made effective *nunc pro tunc* to January 1, 2012 to allow Bingham to be compensated for work performed on behalf of the Debtors on or after January 1, 2012, but prior to the submission of this Second Supplemental Application.  The Debtors submit that retroactive approval is warranted as Bingham provided necessary services to the Debtors and such services are of value to the estate and all parties in interest.  *See In re Hasset, Ltd.*, 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002) (approving *nunc pro tunc* retention application and recognizing that "*nunc pro tunc* applications are disfavored in this Circuit but have been permitted when the attorney performs services of 'value' to the estate" (internal citations omitted)); *see also In re Motors Liquidation Company*, 438 B.R. 365 (Bankr. S.D.N.Y. 2010) (stating that in exercising its discretion regarding the existence of "extraordinary circumstances," a bankruptcy court considers factors such as . . . whether the applicant was under time pressure to begin service without approval); *In re Jarvis*, 53 F.3d 416 (1st Cir. 1995) (finding that a bankruptcy court may grant post facto application if employment meets statutory requirements and delay results from extraordinary circumstances); *Matter of Arkansas Co. Inc.*, 798 F.2d. 645 (3d Cir. 1986) (opining that bankruptcy courts have discretion in extraordinary circumstances to retroactively approve a professional's employment).

20.     It is the Debtors' understanding that a delay in the provision of legal services relating to the Representative Matters could, under the circumstances, have resulted in immediate and potentially significant prejudice to the Debtors and their estates by, *inter alia*, delaying the Debtors' ability to respond to the IRS audit, for which the opening conference was held on January 20, 2012.  Bingham provided services to the Debtors relating to the audit of the 2008-2010 tax years beginning January 1, 2012, in preparation for this audit.  The estimated fees

A/74877971.1

and expenses from January 1, 2012 through the effective date of the Confirmed Plan for services relating to the 2008-2010 audit total approximately $100,000.

21.    The Debtors therefore believe that retaining and employing Bingham *nunc pro tunc* to January 1, 2012 is appropriate under the circumstances.

22.    The global nature and complexity of these Chapter 11 Cases and often times need for professionals to immediately provide services as a result of the exigencies of circumstances, warrants retroactive approval.  This Court has granted *nunc pro tunc* approval of the retention of numerous other professionals in these cases.[1]

23.    For the foregoing reasons, the proposed relief requested in this Second Supplemental Application is in the best interests of the Debtors, their estates, and their creditors and should be approved by the Court.

### Notice

24.    No trustee has been appointed in these Chapter 11 Cases.  The Debtors have served notice of this Second Supplemental Application in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

---

[1] *See, e.g.,* [ECF No. 7824] (approving *nunc pro tunc* appointment dating approximately 1 year and 4 months prior), [ECF No. 9724] (approving *nunc pro tunc* appointment dating approximately 3 months prior), [ECF No. 5305] (approving *nunc pro tunc* appointment dating approximately 11 months prior), [ECF No. 2547] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 9857] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 5037] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 2925] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 7825] (approving *nunc pro tunc* appointment dating approximately 9 months prior), [ECF No. 12204] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10647] (approving *nunc pro tunc* appointment dating approximately 6 months prior), [ECF No. 4009] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10677] (approving *nunc pro tunc* appointment dating approximately 5 months prior), [ECF No. 2680] (approving *nunc pro tunc* appointment dating approximately 4 months prior), [ECF No. 10949] (approving *nunc pro tunc* appointment dating approximately 7 months prior).

A/74877971.1

(vi) Bingham; and (vii) all parties who have requested notice in these Chapter 11 Cases. The Debtors submit that no other or further notice need be provided.

25.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated:   April 17, 2012
         New York, New York

/s/ Richard P. Krasnow
Richard P. Krasnow

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Its Affiliated Debtors

10

**<u>EXHIBIT 1</u>**

**<u>Madan Declaration</u>**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                 :

**In re**                          :      **Chapter 11 Case No.**
                                 :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :      **08-13555 (JMP)**
                                 :

              **Debtors.**         :      **(Jointly Administered)**
                                 :

                                 :
-----------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF RAJIV MADAN
### ON BEHALF OF BINGHAM McCUTCHEN LLP PURSUANT TO
### SECTION 327(e) OF THE BANKRUPTCY CODE AND RULES
### 2014(a) AND 2016(b) OF THE BANKRUPTCY RULES

Rajiv Madan, being duly sworn, deposes and says:

1.    I am an attorney and member of the firm Bingham McCutchen LLP ("Bingham"

or the "Firm") and am duly authorized to make this declaration on the Firm's behalf. I was

formerly a member of the firm McKee Nelson LLP ("McKee"), which combined with Bingham

effective as of August 1, 2009. I submit this Supplemental Declaration in support of the

Application by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively,

the "Debtors") under section 327(e) of title 11 of the United States Code (the "Bankruptcy

Code") for Authorization to Expand the Scope of the Retention of Bingham, *Nunc Pro Tunc,* as

Special Tax Counsel (the "Application"). I have been the principal partner in charge of the tax

controversy matters related to the Debtors since March 2005, and have continued in that capacity

since being retained by the Debtors in their chapter 11 cases. Attorneys and paralegals formerly

from McKee and currently at Bingham have continued to advise Debtors as authorized under the

current Retention Orders, and I intend to have them continue their work on behalf of the Debtors.[1]

2.      This Supplemental Declaration supplements my previous declarations in support of Bingham's retention dated August 1, 2009 (Docket No. 4636) (the "August Declaration"), October 22, 2009 (Docket No. 5602), April 27, 2010 (Docket No. 8684), May 28, 2010 (Docket No. 9332), July 19, 2010 (Docket No. 10294), October 7, 2010 (Docket No. 11860), December 9, 2010 (Docket No. 13361), March 21, 2011 (Docket No. 15204), and June 1, 2011 (Docket No. 17278) and the declaration of my partner, Michael Levy, dated February 18, 2010 (collectively with the Original Declaration and August Declaration, the "Previous Declarations").    The purpose of this Supplemental Declaration is to support the Application and to make additional disclosures which may be required by the Bankruptcy Code and the Bankruptcy Rules.

3.      Except as otherwise stated herein, I have personal knowledge of the matters set forth herein, and, if called as a witness, would testify competently thereto.[2]    Except as specifically set forth herein, this Supplemental Declaration does not modify the statements in the Previous Declarations.    To the extent any information disclosed herein requires amendment or modification upon Bingham's completion of further review, or as additional party in interest information becomes available to it, a further supplemental declaration reflecting such amended or modified information will be submitted to the Court.

---

[1] Unless otherwise indicated, all defined terms have the meanings provided in the Application.

[2] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at Bingham (including former McKee attorneys) and are based on information provided by them.

## The Nature Of The Expanded
## Scope Of Retention

4.    With one of the largest tax groups of any law firm in the United States, Bingham specializes in handling significant tax controversy matters for Fortune 100 companies before the United States government.    Our tax lawyers have expertise in a range of areas within tax, including international tax, partnership tax, corporate tax, transfer pricing, administrative dispute resolution, and litigation.    Many of the partners in the firm's tax group are former senior officials from the Department of Treasury or former tax litigators from the Department of Justice and the Internal Revenue Service ("IRS").    I am a former tax litigator from the IRS's New York office. The firm represents a range of major domestic and foreign institutions, including several financial institutions, at all levels of tax controversy, including IRS audits, IRS appeals, trial, and appellate litigation.    The firm's tax litigators have appeared before the U.S. Tax Court, U.S. Court of Federal Claims, and numerous U.S. District Courts, Bankruptcy Courts, and U.S. Courts of Appeals.

5.    Since 2005, attorneys currently at Bingham and formerly at McKee have been involved in all aspects of the Debtors' and their affiliates' tax controversy defense, including managing the substantial document discovery sought by the IRS, making formal presentations to the IRS, defending depositions, responding to interrogatories, drafting Protests and other legal memoranda, setting forth factual and legal rebuttals to the IRS positions, and negotiating with the IRS.

6.    More specifically, Bingham currently represents the Debtors and their affiliates with respect to several distinct tax controversy matters, as described in the previous Retention Orders:

- Bingham professionals and paraprofessionals render services in connection with pursuing a resolution of the issues included in Debtors' claims for refund from the IRS of taxes, penalties, and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claims");

- Bingham professionals and paraprofessionals render services in connection with pursuing a resolution of the issues raised in the IRS audit of Debtors' 2001-2007 tax years (the "2001-2007 Audit Issues");

- Bingham professionals and paraprofessionals render services in connection with two ongoing audits with respect to the Debtors and their affiliates, involving specific aspects of their business (the "Transaction Audits").

7. The Application seeks to expand Bingham's retention as special counsel to include tax related legal services with respect to assisting the Debtors in connection with new audits opened by the IRS for the years of 2008-2010.

### Bingham's Connections to Parties In Interest
### In Matters Related to the Debtors' Chapter 11 Cases

8. In certain of the Previous Declarations, I disclosed that Bingham represents clients whose interests are adverse to the Debtors (the "Bingham Clients") and identified those clients (the "Bingham Client List"). The Bingham Client List is hereby supplemented to include The Bank of Fukuoka, Ltd, Lincoln National Life Insurance Company, and the JPM Funds listed on Schedule 1 of the Seventh Amended Verified Statement of Bingham McCutchen LLP Pursuant to Federal Rule of Bankruptcy Procedure 2019, filed on January 24, 2012 (the "JPM Funds").

9. I note that Bingham personnel providing services for The Bank of Fukuoka, Ltd, Lincoln National Life Insurance Company, and the JPM Funds, are and will continue to be bound by the same procedures outlined in the August Declaration, including, without limitation, the ethical wall procedures. I will supplement this Supplemental Declaration to the extent additional relevant information becomes available during the pendency of these cases.

4

10.     Representation of Bingham Clients have thus far been limited in scope and are unrelated to the tax, securitization and capital markets matters for which the McKee attorneys were originally retained.  To that end, I note the following:

- Bingham has not advised any of the Bingham Clients in connection with any tax issues related to the Debtors' chapter 11 cases.

- Most of the issues raised in the pleadings filed to date by Bingham on behalf of the Bingham Clients have been resolved, with the exception of certain claims objections.

- Nearly all of the issues being handled for the Bingham Clients arise out of stand-alone actual or potential claims.  A number of the Bingham Clients' claims arise in circumstances where the primary Lehman entity involved is not a chapter 11 debtor (but is, instead, involved in the Lehman Brothers, Inc. ("LBI") proceeding under the Securities Investor Protection Act of 1970 ("SIPA") or one of the foreign insolvency cases), and the only issue in the chapter 11 cases is a potential guaranty claim.

11.     I do not believe there are any actual or potential conflicts which would preclude Bingham from simultaneously representing the Debtors and the Bingham Clients.  Based on, among other things, the following pertinent facts, I do not believe such dual representation will cause any harm to the Debtors or the Bingham Clients:

- The Debtors have requested that Bingham continue to represent them as special counsel in their chapter 11 cases.

- The Debtors have consented to and have waived any potential conflicts resulting from Bingham's representation of the Bingham Clients on matters that may be adverse to the Debtors, so long as those engagements are not related to and would not cause Bingham to represent a party adverse to the Debtors on the tax, securitization and capital markets matters for which the Firm is retained.

- Each Bingham Client has consented to, or will consent to, and has waived, or will waive, any potential conflicts resulting from Bingham's simultaneous representation of it and the Debtors in connection with the Debtors' chapter 11 cases.

- The attorneys or non-attorneys who are involved in Bingham's representation of the Bingham Clients (collectively, the "Creditors' Team") are primarily located in the Firm's New York, Boston, Hartford and UK offices.  In contrast, nearly all of

5

the attorneys or non-attorneys from McKee who are working on the Debtors'
substantive tax, securitization and capital markets matters (collectively, the
"Debtors' Team") are based in Washington, D.C.

- None of the work performed or anticipated to be performed for the Bingham
Clients is related to the Firm's work for the Debtors, and the Debtors' Team has
not been (and does not expect to be) adverse to the Creditors' Team in any matter
related to the Debtors.

- Attorneys working on substantive tax and securitization matters for the Debtors
will be in completely separate administrative groups within Bingham from the
attorneys working on the matters for the Bingham Clients. (Former McKee
attorneys working on tax matters for the Debtors are part of Bingham's "Tax and
Employee Benefits" group within the "Corporate" area, and former McKee
attorneys working on securitization or capital markets matters for the Debtors are
part of Bingham's "Capital Markets" group within the "Securities" area. In
contrast, most of the attorneys representing the Bingham Clients are in the
"Financial Restructuring" group within the "Financial Institutions" area, and none
are in the Tax and Employee Benefits Group.

- The only parties adverse to the Debtors with respect to the matters for which
McKee has been retained are the Internal Revenue Service and the Department of
Justice, neither of whom I believe are or have ever been Bingham clients.

12.    While I do not believe there are any actual or potential conflicts (or any
restrictions under section 327(e) of the Bankruptcy Code) which would preclude Bingham from
representing the Debtors and the Bingham Clients, to avoid even the appearance of impropriety
resulting from such representations, the Firm has implemented certain voluntary safeguards,
including, as set forth more fully below, establishing an ethical wall between the Debtors' Team
and the Creditors' Team. In order to implement the wall, Bingham management has sent or will
send a memorandum to all personnel at Bingham who have billed time (or, in the case of non-
billing personnel, who support those who have billed time) to matters related to the Debtors'
chapter 11 cases. Each recipient of the memorandum is required to sign and return it to a
designated person, which signature will indicate the recipient's understanding of the

memorandum and his/her obligation to comply therewith. The memorandum includes the following provisions:

- The members of the Debtors' Team shall not be permitted to be involved in any way in Bingham's representation of any of the Bingham Clients in connection with the Debtors' chapter 11 cases.

- The members of the Creditors' Team shall not be permitted to be involved in any way in Bingham's representation of any of the Debtors in connection with the Debtors' chapter 11 cases.

- No member of the Debtors' Team may disclose to anyone on the Creditors' Team any confidences or secrets or work product of the Debtors or seek to obtain confidences or secrets or work product from members of the Creditors' Team.

- No member of the Creditors' Team may disclose to anyone on the Debtors' Team any confidences or secrets or work product of the Bingham Clients or seek to obtain confidences or secrets or work product from members of the Debtors' Team.

- Each member of the Debtors' Team and the Creditors' Team is responsible for ensuring that all documents relating to the work of its team are kept in a secure location when not in use and for ensuring that such secure locations are not accessible to members of the other team.

- To the extent reasonably practicable, files should not be maintained on shared Firm directories, and secure areas for file storage must be created. Files relevant to the Bingham Clients and/or the Debtors which are maintained on individuals' desktop or laptop computers must be backed up to these secure areas.

- The procedures set forth in this memorandum are mandatory and must be complied with. Such compliance is of utmost importance both to the interests of our clients and to the integrity and reputation of our Firm. Any breach of the procedures set forth in this memorandum by any person will be grounds for sanctions, including dismissal where circumstances warrant, and may subject such person to liability.

13.     In furtherance of the foregoing, to the extent practicable, Bingham will take the steps necessary to ensure that the Debtors' Team will not have access to any electronic or other documents related to the Debtors that are drafted or maintained by the Creditors' Team and the

Creditors' Team will not have access to any electronic or other documents related to the Debtors that are drafted or maintained by the Debtors' Team.

14.    The Debtors' Team provides services to the Debtors for various tax controversy matters that are distinct from the non-tax services provided to the Bingham Clients by the Creditors' Team. Given the length of time during which the Debtors' chapter 11 cases have been pending, it has occurred on a few occasions that the interests of Debtors may be best served by allowing an attorney with unique expertise who has performed and completed very limited work in the past as a member of the Creditor's Team to become a member of the Debtor's Team. In these rare instances, a determination will be made that the representation of the Debtors will not be materially limited and that competent and diligent representation will be provided, and informed consent will be obtained from the Debtors as well as from each Creditor for whom the attorney has performed work. In such circumstances, the attorney in question will not work on any specific matters as a member of the Debtor's Team that are directly or adversely related to the work performed by the attorney as a member of the Creditor's Team. In addition, the attorney shall not disclose any confidences learned or work product created during the time in which such attorney was a member of the Creditor's Team.

15.    Additionally, Bingham will not represent any creditors in the Debtors' chapter 11 cases adverse to the Debtors on the tax controversy matters and securitization and capital markets transactions for which the Firm is retained, as required by section 327(e) of the Bankruptcy Code. The Creditors' Team intends to continue to advise clients in connection with the Debtors' chapter 11 cases (including, but not limited to, the Bingham Clients listed on the Bingham Client List as supplemented from time to time). No member of the Debtors' Team will be permitted to participate in any such representations (and, in particular, no member of the

8

Debtors' Team will provide any tax or other advice to the Bingham Clients in connection with the Debtors' chapter 11 cases).

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Declaration was executed on April 13, 2012.

Rajiv Madan, Esq.
Partner
Bingham McCutchen LLP

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
                       :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

---------------------------------------------------------------------x

## ORDER GRANTING SECOND SUPPLEMENTAL APPLICATION OF THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, TO EXPAND THE SCOPE OF THEIR RETENTION OF BINGHAM McCUTCHEN LLP AS SPECIAL COUNSEL, *NUNC PRO TUNC* TO JANUARY 1, 2012

Upon consideration of the application, dated April 17, 2012 (the "Second Supplemental Application"),[1] of Lehman Brothers Holdings Inc. and together with its affiliated debtors in the above-captioned chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to expand the scope of their retention of Bingham McCutchen LLP ("Bingham"), as special counsel to the Debtors, *nunc pro tunc* to January 1, 2012; and upon the declaration of Rajiv Madan in support of the Second Supplemental Application, and attached thereto as Exhibit 1 (the "Madan Declaration"); and the Court being satisfied, based on the representations made in the Second Supplemental Application and the Madan Declaration, that Bingham represents no interest adverse to the Debtors or the Debtors' estates with respect to the matters upon

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

which it is to be engaged, under section 327(e) of the Bankruptcy Code as modified by

section 1107(b); and the Court having jurisdiction to consider the Second Supplemental

Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and

1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern

District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward,

Acting C.J.); and consideration of the Second Supplemental Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and

proper notice of the Second Supplemental Application having been provided in

accordance with the procedures set forth in the second amended order entered June 17,

2010, governing case management and administrative procedures, [ECF No. 9635], to (i)

the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) Bingham and (vii) all parties who have requested

notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the

Second Supplemental Application is in the best interests of the Debtors, their estates and

their creditors, and all parties in interest and that the legal and factual bases set forth in

the Second Supplemental Application establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Second Supplemental Application is approved as set

forth herein; and it is further

2

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors are hereby authorized to employ and retain Bingham as special counsel, effective January 1, 2012, on the terms set forth in the Second Supplemental Application and this order, for the Representative Matters identified in the Second Supplemental Application and in accordance with Bingham's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Bingham shall, solely with respect to fees and expenses to be paid to Bingham for services rendered as of January 1, 2012, through the effective date of the Confirmed Plan, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Second Supplemental Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated:  May __, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE