HEARING DATE AND TIME: May 31, 2012  at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: May 17, 2012 at 4:00 PM (Eastern Time)

---

**THE TWO HUNDRED EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.
PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE
IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION
AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                 Debtors.                :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON
TWO HUNDRED EIGHTY-EIGHTH OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

PLEASE TAKE NOTICE that on April 17, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for certain entities in the above-referenced chapter 11 cases (the "Chapter 11

Estates"), filed its two hundred eighty-eighth omnibus objection to claims (the "Two Hundred

Eighty-Eighth Objection to Claims"), and that a hearing (the "<u>Hearing</u>") to consider the Two

Hundred Eighty-Eighth Omnibus Objection to Claims will be held before the Honorable James

M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy

Court for the Southern District of New York, One Bowling Green, New York, New York 10004,

on **May 31, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred

Eighty-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J.

Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for

Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and

received by no later than **May 17, 2012 at 4:00 p.m. (Eastern Time)** (the "<u>Response

Deadline</u>").

   **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Two Hundred Eighty-Eighth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Two Hundred Eighty-Eighth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: April 17, 2012
     New York, New York

                        /s/ Robert J. Lemons
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Lehman Brothers Holdings Inc.
                        and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

## TWO HUNDRED EIGHTY-EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

> **THE TWO HUNDRED EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Jurisdiction

1.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2.        Commencing on September 15, 2008 and periodically thereafter, (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases

have been consolidated for procedural purposes only and are being jointly administered pursuant

to Bankruptcy Rule 1015(b).

3.        On January 14, 2010, the Court entered the order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to up to

500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d)

and those additional grounds set forth in the Procedures Order.

4.        On December 6, 2011, the Court entered the order confirming the

Modified Third Amended Joint Chapter 11 Plan of LBHI and its Affiliated Debtors [Docket No.

23023].

2

5.      Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against LBHI.

### The Employment-Related Claims

6.      The proofs of claim listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Employment-Related Claims</u>") assert claims for one or more of the following:

- bonus compensation or payment for unused vacation days arising out of employment with an entity that is one of the Chapter 11 Estates (the "<u>Bonus/Unused Vacation Claims</u>");

- compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Non-Debtor Employee Claims</u>");

- deferred compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Deferred Compensation Claims</u>"); and

- losses associated with the claimant's 401(k) savings plan (the "<u>401(k) Claims</u>").

### Relief Requested

7.      The Plan Administrator files this omnibus objection, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Procedures Order, to disallow and expunge certain claims for which the Chapter 11 Estates have no liability.

### Argument

8.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389

3

(Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.      The liabilities asserted in the Employment-Related Claims are not valid claims against LBHI or any of the Chapter 11 Estates.  Unless the Employment-Related Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates.  The Court has previously granted similar relief with respect to other proofs of claim asserting similar grounds.  *See, e.g., Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)*, ECF No. 21382; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)*, ECF No. 27107.  Exhibit B annexed hereto specifies the category of the objections to each of the Employment-Related Claims.

## I.  The Bonus/Unused Vacation Claims Should Be Disallowed and Expunged.

10.      The Bonus/Unused Vacation Claims were filed by current and former employees of the Chapter 11 Estates that assert claims for bonus compensation and/or payment for unused vacation days.

11.      LBHI is not liable for the Bonus/Unused Vacation Claims that assert a claim for bonus compensation.  Granting bonus compensation was within the discretion of the Chapter 11 Estates, and Chapter 11 Estates' books and records do not reflect that any of the claimants asserting Bonus/Unused Vacation Claims are entitled to a bonus.  The Bonus/Unused Vacation Claims do not set forth any legal argument or factual basis that entitles the claimants to bonus compensation.  The Bonus/Unused Vacation Claims do not assert a right to receive a bonus and do not present any evidence that a bonus was awarded or required.  The majority of

4

the claimants base their claim for bonuses on the fact that they received bonuses in 2007, but

receipt of a bonus in 2007 does not entitle claimants to a bonus in 2008.  As such, LBHI is not

liable for bonus compensation.

12.    Similarly, LBHI is not liable for the Bonus/Unused Vacation Claims that

assert claims for unused vacation.  As set forth in the "Guide to Working at Lehman Brothers,"

attached hereto as Exhibit C, " [employees] will not receive compensation in lieu of unused

vacation time unless required by applicable law."  Applicable law does not require payment for

unused vacation days, and as such, LBHI is not liable for unpaid vacation.

13.    LBHI requests the Court enter an order disallowing and expunging in their

entirety the portions of the Employment-Related Claims based on Bonus/Unused Vacation

Claims.

## II.  The Non-Debtor Employee Claims Should Be Disallowed and Expunged.

14.    The Non-Debtor Employee Claims were filed by former Lehman

employees.  They assert claims for commissions, fees, wages, bonuses "hypothetical tax

withholding" (*i.e.*, compensation that was allegedly withheld from the claimant for the purposes

of meeting international tax withholding and/or income tax requirements), and "tax equalization"

(*i.e.*, an alleged obligation of the Chapter 11 Estates to reimburse the claimant for additional

taxes paid by the claimant in a foreign country as a result of claimant's assignment to an

overseas Lehman entity).  The Chapter 11 Estates reviewed their records and determined that the

claimants were not employees of any of the Chapter 11 Estates, but were employees of other

Lehman entities, including Lehman Brothers Inc. ("LBI").  A claim against an entity other than

the Chapter 11 Estates does not result in a claim against, or a right to payment from, any of the

Chapter 11 Estates.  As a result, the employers of the claimants may be liable for such

compensation claims, but neither the records of the Chapter 11 Estates nor the Non-Debtor

5

Employee Claims themselves provide any ground for liability by any of the Chapter 11 Estates
for the Non-Debtor Employee Claims.

15.    The Court has previously disallowed and expunged similar proofs of claim
filed by employees of entities that are not a part of these chapter 11 cases.  *See, e.g., Order
Granting Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-
Debtor Employee Claims)*, ECF No. 17366; *Order Granting Debtors' One Hundred Seventy-
Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)*, ECF No.
20627.  LBHI requests the Court enter an order disallowing and expunging in their entirety the
portions of the Employment-Related Claims based on Non-Debtor Employee Claims.

**III.  The Deferred Compensation Claims Should Be Disallowed and Expunged.**

16.    Portions of certain Employment-Related Claims assert claims for deferred
compensation.  Many of the Deferred Compensation Claims are based on one or more deferred
compensation plans, retirement plans, or deferred compensation agreements entered into or
assumed by LBI or other entities that are not Chapter 11 Estates, including plans of E.F. Hutton
and LBI (collectively, the "Deferred Compensation Plans").

17.    The Chapter 11 Estates reviewed their records and determined that the
claimants submitting Deferred Compensation Claims were not employees of the Chapter 11
Estates.  Moreover, none of the Chapter 11 Estates was ever a party to the Deferred
Compensation Plans cited in the Deferred Compensation Claims, and none of the Chapter 11
Estates ever assumed liability for such plans.  Nothing in the records of the Chapter 11 Estates or
in the Deferred Compensation Claims indicates any ground for liability by any of the Chapter 11
Estates for the Deferred Compensation Claims.  Many of the Deferred Compensation Claims
attached letters and account statements sent by entities that are not Chapter 11 Estates evidencing
amounts owing to the claimants under the Deferred Compensation Plans; however, a claim

6

against an entity that is not a Chapter 11 Estate does not result in a claim against, or a right to

payment from, the Chapter 11 Estates.

18.    The Court has granted similar relief with respect to other claims for

deferred compensation.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Third

Omnibus Objection to Claims (No Liability Employee Claims)*, ECF No. 20609.  LBHI requests

the Court enter an order disallowing and expunging in their entirety the portions of the

Employment-Related Claims based on Deferred Compensation Claims.

**IV.  The 401(k) Claims Should Be Disallowed and Expunged.**

19.    The portions of the Employment-Related Claims based on 401(k) Claims

assert claims for losses associates with the claimant's 401(k) savings plan.  The claimants'

401(k) savings plans contain a variety of financial products, including stocks and bonds that

were issued by companies unrelated to the Chapter 11 Estates and funds that are in no way

connected to the Chapter 11 Estates.  The 401(k) savings plans may also contain common stock

in LBHI.  The 401(k) Claims do not assert rights as owners of LBHI stock but merely assert

claims for losses associated with the claimants' 401(k) accounts.  Losses of a claimant's savings

does not give rise to a valid claim against the Chapter 11 Estates.  None of the 401(k) Claims

offers any legal theory or basis for why any of the Chapter 11 Estates is liable for a decrease in

value of a 401(k) savings plan.  The claimants have access to their 401(k) accounts, and such

accounts are not property of the Chapter 11 Estates.  To the extent that claimants submitted

claims for LBHI stock held in their 401(k) accounts, such claims should be subordinated

pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.[1]

---

[1] Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission
of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the
purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim

7

20.    The Court has granted similar relief with respect to claims based on 401(k) plans.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims (No Liability 401(k) Claims)*, ECF No. 20631.  LBHI respectfully requests the Court enter an order disallowing and expunging in their entirety the portions of the Employment-Related Claims based on 401(k) Claims.

**Reservation of Rights**

21.    LBHI reserves all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

22.    No trustee has been appointed in these chapter 11 cases.  Notice of this Two Hundred Eighty-Eighth Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

23.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

---

or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

US_ACTIVE:\43966076\03\58399.0008

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: April 17, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                  :        08-13555 (JMP)
                                                         :
                              Debtors.                    :        (Jointly Administered)
---------------------------------------------------------------------x

## ORDER GRANTING THE
## TWO HUNDRED EIGHTY-EIGHTH OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred eighty-eighth omnibus objection to claims, dated April 17,

2012 (the "Two Hundred Eighty-Eighth Omnibus Objection to Claims"),[2] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's

order approving procedures for the filing of omnibus objections to proofs of claim [Docket No.

6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI

has no liability for such claims, all as more fully described in the Two Hundred Eighty-Eighth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eighty-Eighth

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief requested in

the Two Hundred Eighty-Eighth Omnibus Objection to Claims is in the best interests of LBHI,

its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the

---

[2] Terms not defined herein shall have the same meaning ascribed to them in the Two Hundred Eighty-Eighth
Omnibus Objection to Claims.

Two Hundred Eighty-Eighth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

       ORDERED that the relief requested in the Two Hundred Eighty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

       ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

       ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Two Hundred

Eighty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                    _____
                    UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43966076\03\58399.0008

**EXHIBIT A**

US_ACTIVE:\43966076\03\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 288: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | ALTIDOR, FRITZNER L.<br>514 UNION ST<br>LINDEN, NJ 07036 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29299 | $10,500.00 |
| 2 | BARBUZZA, SALVATORE V.<br>3802 BEECHWOOD PLACE<br>SEAFORD, NY 11783 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26411 | $77,000.00 |
| 3 | BASS, BRADLEY<br>110 E DELAWARE PL APT 804<br>CHICAGO, IL 60611-1485 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2009 | 65219 | $38,771.10 |
| 4 | BELK IV, SAMUEL E.<br>WARREN J. MARTIN, ESQ.<br>PORZIO BROMBERG & NEWMAN, P.C.<br>100 SOUTHGATE PARKWAY<br>MORRISTOWN, NJ 07962 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/25/2009 | 3015 | $300,928.59 |
| 5 | BESS, DONNA E<br>1777 GRAND CONCOURSE #4E<br>BRONX, NY 10453 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26345 | $12,053.00 |
| 6 | BRODERICK, MARCIA A<br>PO BOX 155<br>MORRILL, NE 69358-0155 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/10/2009 | 7896 | $10,000.00 |
| 7 | CHERNINA, DARYA<br>2780 WEST 5TH ST.<br>APT. 2J<br>BROOKLYN, NY 11224 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31290 | $20,530.74 |
| 8 | COHEN, MICHAEL C<br>9 MEADOW WOODS ROAD<br>LAKE SUCCESS, NY 11020 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30003 | $20,000.00 |
| 9 | GABBAY, MARK<br>HOUSE 11<br>51-55 DEEP WATER BAY ROAD<br>HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/10/2009 | 11077 | $24,842.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 288: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 10 | GARG, SANDEEP<br>35 E 12TH ST APT 2C<br>NEW YORK, NY 10003-4630 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15686 | $405,288.00 |
| 11 | GERAGHTY, RONALD J.<br>17 BRANDYWINE LANE<br>COLTS NECK, NJ 07722 | | Lehman No Case Asserted/All Cases Asserted | 09/18/2009 | 17076 | $950,000.00 |
| 12 | HOY, ROBERT J.<br>6 TOWHEE HILL LN<br>YORK, ME 03909-1383 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28224 | $55,250.00* |
| 13 | KLANG, LINDA<br>21 MONROE STREET<br>LYNBROOK, NY 11563 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26344 | $26,389.00 |
| 14 | KOZLOV, ANATOLY<br>82 ACORN ST<br>STATEN ISLAND, NY 10306-3917 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 26259 | $9,519.00 |
| 15 | KOZLOV, ANATOLY<br>82 ACORN STREET<br>STATEN ISLAND, NY 10306 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/23/2011 | 67741 | $123,750.01 |
| 16 | LI, CYNTHIA<br>2 CUESTA DR APT 2<br>LOS ALTOS, CA 94022-3938 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/14/2009 | 12365 | $5,000.00 |
| 17 | LILL, EDWARD J.<br>415 L'AMBIANCE DRIVE<br>UNIT 404<br>LONGBOAT KEY, FL 34228 | | Lehman No Case Asserted/All Cases Asserted | 07/15/2009 | 5343 | $3,889,728.69 |
| 18 | LOCKE, RICHARD S.<br>145 HAWTHORNE AVENUE<br>LARKSPUR, CA 94939 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/26/2009 | 9581 | $550,000.00 |
| 19 | MURPHY, PAT<br>71 HAYES STREET<br>GARDEN CITY, NY 11530 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17258 | $45,000.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 288: EXHIBIT A – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 20 | O'BRIEN, BARRY J 22 MEADOWBROOK ROAD SHORT HILLS, NJ 07078-3316 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29922 | $76,158.00 |
| 21 | O'BRIEN, BARRY J 22 MEADOWBROOK ROAD SHORT HILLS, NJ 07078-3316 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32450 | $6,500.00 |
| 22 | PIPKIN, GREGORY 11227 SMITHDALE RD HOUSTON, TX 77024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/13/2009 | 4275 | $440,000.00 |
| 23 | PIPKIN, GREGORY 11227 SMITHDALE RD HOUSTON, TX 77024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/22/2010 | 66960 | $439,000.00 |
| 24 | SCHOENHERR, CHARLES 41 BROAD BROOK LANE STAMFORD, CT 06907 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/15/2009 | 12945 | $149,904.00 |
| 25 | SHAUGHNESSY, JOHN C 11 BUTLER HILL ROAD NORTH SOMERS, NY 10589-2410 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/07/2011 | 67712 | $150,000.00 |
| 26 | TANG, NORAH 100 BEEKMAN ST #14L NEW YORK, NY 10038 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26340 | $9,625.00 |
| | | | | | TOTAL | $7,845,737.13 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**

US_ACTIVE:\43966076\03\58399.0008

### EXHIBIT B: BASIS FOR OBJECTIONS AS TO EACH CLAIM

| Claimant Name | Claim # | No Liability Employee Claims | Non-Debtor Employee Claims | Deferred Compensation Claims | 401(k) Claims |
|---|---|:---:|:---:|:---:|:---:|
| Altidor, Fritzner L. | 29299 | X | | | |
| Barbuzza, Salvatore V. | 26411 | X | | | |
| Bass, Bradley | 65219 | | X | | |
| Belk IV, Samuel E. | 3015 | | X | | |
| Bess, Donna E. | 26345 | X | | | |
| Broderick, Marcia | 7896 | | | | X |
| Chernina, Darya | 31290 | X | | | X |
| Cohen, Michael C. | 30003 | | X | | |
| Gabbay, Mark | 11077 | | X | | |
| Garg, Sandeep | 15686 | X | | | |
| Geraghty, Ronald | 17076 | X | | | |
| Hoy, Robert J. | 28224 | | X | | |
| Klang, Linda | 26344 | X | | | |
| Kozlov, Anatoly | 67741 | X | | | |
| Kozlov, Anatoly | 26259 | X | | | |
| Li, Cynthia | 12365 | | X | | |
| Lill, Edward J. | 5343 | | | X | |
| Locke, Richard S. | 9581 | | | X | |
| Murphy, Pat | 17258 | X | | | |
| O'Brien, Barry J. | 29922 | X | | | |
| O'Brien, Barry J. | 32450 | X | | | |
| Pipkin, Gregory | 4275 | | X | | |
| Pipkin, Gregory | 66960 | | X | | |
| Schoenherr, Charles | 12945 | | X | | |
| Shaughnessy, John C. | 67712 | X | | | |
| Tang, Norah | 26340 | X | | | |

**EXHIBIT C**

US_ACTIVE:\43966076\03\58399.0008

### GUIDE TO

# LIFE BALANCE

### @ LEHMAN BROTHERS







# LEHMAN BROTHERS



# TIME OFF

## VACATION

Lehman Brothers offers a vacation policy that provides individuals with time away from work to relax and rejuvenate, as well as to meet personal life demands. We strongly encourage you to take all the vacation time to which you are entitled. The Firm's vacation policy can also be found on LehmanLive, keyword: **timeoff**.

### Vacation Eligibility

If you are an active full-time employee, you are eligible for paid vacation time, based on your length of employment and corporate title, according to the schedule below.

In addition to the schedule below, full-time employees who have completed one year of service will be eligible for one week of unpaid vacation time per vacation year. This week is available after all paid vacation time has been used and when additional vacation may be needed. Unpaid vacation time will be approved only for five consecutive days away from the office.

Employees who are regularly scheduled to work a minimum of 20 hours per week on an ongoing basis are eligible for one week of vacation per year after they have completed six months of continuous employment, and two weeks of vacation per year after five years of service. The vacation eligibility is determined by their regular or average work schedule.

Vacation time may be scheduled at any time that is mutually convenient for you and your department, and should be approved by your manager in advance. The Firm's vacation year begins January 1 and ends December 31. Vacation time may be taken in half-day or full-day increments. Vacation time that is not taken in the calendar year in which you are eligible for it may not be carried over into the subsequent calendar year unless it is approved in writing by your manager and your divisional Human Resources director. Please note that you will not receive compensation in lieu of unused vacation time unless required by applicable law.

| Title / Tenure | Time Off |
|---|---|
| **Up to Vice President Level** | |
| Through the 5th anniversary | 3 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 10th anniversary | 4 weeks |
| On the 15th anniversary | 4 weeks |
| On the 20th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |
| **Vice Presidents and Above** | |
| Through the 5th anniversary | 4 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 15th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |

*Please refer to the full policy on LehmanLive, keyword: **timeoff**, for new hire eligibility



### Vacation Eligibility for Commissioned Individuals

Investment Representatives and other individuals paid by draw and/or commissions are eligible for the same vacation schedule as other members of the Firm. If you are paid through commissions, you are eligible to receive any applicable draw and/or commissions generated in your absence as agreed upon by your manager and your divisional Human Resources director.

### Change of Status

If your status changes (e.g., part-time to full-time, promotion to Vice President), you are eligible for vacation time at the new level, effective immediately, according to your total length of service.

### Vacation Eligibility When You Separate

If you separate from the Firm, either voluntarily or involuntarily, you will not receive pay in lieu of unused vacation days, except as required by applicable law or pursuant to the Lehman Brothers Inc. Severance Plan.

## FIRM HOLIDAYS

Lehman Brothers' holiday schedule conforms to that of the New York Stock Exchange. The following holidays are generally observed:

- New Year's Day
- Martin Luther King, Jr. Day
- Presidents' Day
- Good Friday
- Memorial Day
- Independence Day
- Labor Day
- Thanksgiving Day
- Christmas Day

For information about your eligibility for holiday pay, refer to the Firm Holidays Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **timeoff**.



# TIME OFF

## PERSONAL DAYS

The Firm provides you with days off to attend to personal matters during the year. Similar to vacation time, personal days should be scheduled with your manager in advance when possible. The number of personal days to which you are entitled is based upon your employment status:

- If you are full-time, you are eligible for three personal days each calendar year after you have completed six months of continuous employment.

- If you are part-time salaried, you are eligible for one personal day each calendar year after you have completed six months of continuous employment. After your fifth anniversary, you are eligible for two personal days each calendar year.

- If you are temporary or part-time hourly, you are not eligible for personal days.

Unused personal days may not be carried over into the next calendar year. In addition, you will not receive pay in lieu of any unused personal days, unless otherwise required by applicable law.

## SICK DAYS

Lehman Brothers supports your need to take time off from work as medically necessary to recover from your own illness or to care for someone else during an illness for whom you are the primary caregiver, such as your child or your parent. Sick days are intended for single day or short-term absences, and should be used as appropriate; you do not accumulate sick days at Lehman Brothers. If you are away from work for more than three consecutive days, you should consult with your divisional Human Resources staff as you may be eligible for an Employee Medical Leave of Absence or a Family Medical Leave of Absence under the Firm's policies. For more information regarding medical leaves, please refer to LehmanLive, keyword: **leaves**.

You may be required to provide medical documentation substantiating your absences, e.g., when your absence is due to a communicable condition, you are sent home or to a medical professional due to the illness or your absences are excessive. Your manager and your divisional Human Resources staff can provide you with guidelines for "excessive" absenteeism. For more information, you can also refer to the Attendance and Punctuality Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **workpractices**.

## RELIGIOUS OBSERVANCE

Lehman Brothers makes reasonable efforts to accommodate its employees' religious beliefs. This includes providing sufficient time off for religious observance if the absence does not cause undue hardship for the business. At the beginning of each calendar year, you should schedule available paid time off (personal and vacation days) for all known religious observances. If you have used all available paid time off, please discuss appropriate arrangements with your manager.



## BEREAVEMENT LEAVE

The Firm provides time away from the office in the event you suffer the loss of a family member. If you are full-time or part-time salaried, you are provided up to five days of leave with pay in the event of a death in your immediate family. Your manager may approve a request for additional time away from the office if there are extenuating circumstances.

For purposes of the Firm's Bereavement Leave Policy, immediate family includes your spouse or domestic partner, child, parent, sibling, grandparent or grandchild, as well as your spouse or domestic partner's child, parent, sibling, grandparent or grandchild. A domestic partner is an individual who is not related to you, but who is living with you on a continuous basis and who has a close and committed personal relationship with you.

## JURY DUTY/SUBPOENA DUTY

Lehman Brothers supports your efforts to perform your civic duty by serving on a jury or testifying in a court of law. If you are either full-time or part-time salaried and you are summoned for jury or subpoena duty, you will receive your regular pay for the period of active jury/subpoena duty for up to 20 business days in any revolving 12 months. You are also permitted to retain any compensatory fees for performance of jury service (e.g., juror fees).

If called to serve, you should:

- Present your manager with a copy of your juror summons or subpoena as far in advance as possible prior to the date you will be required to be away from work;

- Call your manager daily to report your status;

- Return to work during any regular office hours when you are excused from duty; and

- Provide your manager with a notice of confirmation stating the duration of duty served.

If you are either part-time hourly or temporary, you are not eligible to receive your regular pay during jury or subpoena duty, unless otherwise required by applicable law.

## TIME OFF TO VOTE

The Firm supports your right to vote in national, state and local elections. Each Election Day, the Firm will provide you with information detailing the polling hours in your state. When possible, you should make arrangements to vote before or after regular work hours. If you are unable to vote during non-working time, you should request time away from the office from your manager.