HEARING DATE AND TIME: May 31, 2012 at 10:00 AM (Eastern Time)
RESPONSE DEADLINE: May 17, 2012 at 4:00 PM (Eastern Time)

---

**THE TWO HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON
TWO HUNDRED EIGHTY-NINTH OMNIBUS
<u>OBJECTION TO CLAIMS (PARTNERSHIP INTEREST CLAIMS)</u>**

**PLEASE TAKE NOTICE** that on April 17, 2012, Lehman Brothers Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>") for certain entities in the above-referenced chapter 11 cases (the "<u>Chapter 11 Estates</u>"), filed the two hundred eighty-ninth omnibus objection to claims (the "<u>Two Hundred Eighty-Ninth Objection to Claims</u>"), and

US_ACTIVE:\43966551\03\58399.0008

that a hearing (the "Hearing") to consider the Two Hundred Eighty-Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **May 31, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Eighty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Garrett Fail, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **May 17, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Eighty-Ninth Omnibus Objection to Claims or any

claim set forth thereon, LBHI may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Eighty-Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: April 17, 2012
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

**HEARING DATE AND TIME: May 31, 2012 at 10:00 AM (Eastern Time)**
**RESPONSE DEADLINE: May 17, 2012 at 4:00 PM (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                            :    Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :    08-13555 (JMP)
                                                 :
                      Debtors.                   :    (Jointly Administered)
------------------------------------------------------------------x

# TWO HUNDRED EIGHTY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (PARTNERSHIP INTEREST CLAIMS)

---

**THE TWO HUNDRED EIGHTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this omnibus objection to claims (the "Two Hundred Eighty-Ninth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which LBHI has no liability.

2. The Plan Administrator seeks to disallow and expunge each proof of claim listed on Exhibit A annexed hereto (collectively, the "Partnership Claims") filed against LBHI. The Partnership Claims assert and are based solely on either an ownership interest in one or more partnership funds or losses associated with such interest. LBHI has no liability for the claimants' interests in the partnerships and no liability for the Partnership Claims. The partnerships identified in the Partnership Claims are separate corporate entities from LBHI and are not debtors in the above-captioned cases.

**Jurisdiction**

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order, including "the Claims seek recovery of amounts for which the Debtors are not liable." *See* Procedures Order at 2.

6. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

7. Pursuant to the Plan, the Plan Administrator is authorized to impose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3

9. In its review of the claims filed on the claims register in these chapter 11 cases, the Plan Administrator has identified the Partnership Claims as asserting a claim for an interest in one or more of the following funds (or their related feeder funds): Lehman Brothers MLP Opportunity Capital Partners, L.P.; Lehman Brothers MLP Opportunity Delaware Fund, L.P.; Lehman Brothers Partnership Account 2000/2001, L.P.; LibertyView Credit Opportunities Fund, L.P.; LibertyView Credit Select Fund, L.P.; and LibertyView Special Opportunities Fund, L.P. (collectively, the "Funds"). The Funds are not debtors in the above-captioned cases. Furthermore, neither LBHI nor any of the debtors in the above-captioned cases are general partners of the Funds. The Partnership Claims do not indicate any ground for liability by LBHI or any of the debtors in the above-captioned cases. An interest in a non-debtor partnership fund does not result in a claim against, nor a right to payment from, LBHI or any of the debtors.

10. Unless the Partnership Claims are disallowed and expunged, parties who do not hold valid claims against LBHI's estate may nonetheless recover from LBHI. LBHI respectfully requests that the Court enter an order disallowing and expunging in their entirety the Partnership Claims.

**Reservation of Rights**

11. LBHI reserves all rights to object on any basis to any No Liability Claim as to which the relief requested herein is not granted.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. Notice of this Two Hundred Eighty-Ninth Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth

4

US_ACTIVE:\43966551\03\58399.0008

in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Debtors to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: April 17, 2012
       New York, New York

                                      /s/ Robert J. Lemons
                                      Robert J. Lemons

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Lehman Brothers Holdings Inc.
                                      and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                   :      Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :      08-13555 (JMP)
                                                        :
            Debtors.                                    :      (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE
### TWO HUNDRED EIGHTY-NINTH OMNIBUS
### OBJECTION TO CLAIMS (PARTNERSHIP INTEREST CLAIMS)

Upon the two hundred eighty-ninth omnibus objection to claims, dated April 17, 2012 (the "Two Hundred Eighty-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Two Hundred Eighty-Ninth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eighty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Two Hundred Eighty-Ninth Omnibus Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Two

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Two Hundred Eighty-Ninth Omnibus Objection to Claims.

Hundred Eighty-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eighty-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Two Hundred Eighty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

US_ACTIVE:\43966551\03\58399.0008

# EXHIBIT A

3

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 289: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR.<br>DOROTHY LEWIS, TRUSTEE<br>47 EAST 88TH ST.<br>APT. 15C<br>NEW YORK, NY 10128 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19087 | $37,340.00 |
| 2 | CARSON, DOUGLAS F.<br>907 FEARRINGTON POST<br>PITTSBORO, NC 27312 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10810 | $70,000.00 |
| 3 | DAVID L. MCDONALD LIVING TRUST<br>14141 MILLERTON ROAD<br>PRATHER, CA 93651-9798 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/27/2009 | 9539 | $3,000,000.00 |
| 4 | FRADIN, RUSSELL P & JUDITH B TEN IN COM<br>400 E 84TH ST APT 27B<br>NEW YORK, NY 10028-5612 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/29/2009 | 2146 | $1,000,000.00 |
| 5 | FRESNO REGIONAL FOUNDATION<br>5250 N PALM AVENUE SUITE 424<br>FRESNO, CA 93704-2214 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/30/2009 | 6672 | $700,000.00 |
| 6 | GENIRS, KEVIN R.<br>411 WEST END AVE<br>APARTMENT 7A<br>NEW YORK, NY 10024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28478 | $28,005.00 |
| 7 | HALEY, ROY W. & EDYTHE F. JTWROS<br>5198 VARDON DR<br>WINDERMERE, FL 34786-8960 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14774 | $1,000,000.00 |
| 8 | HAYAT, CLAUDE<br>110 EAST 57TH STREET<br>APARTMENT 10E<br>NEW YORK, NY 10022-2618 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21343 | $49,138.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 289: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 9 | IRA CINI L.P.<br>COLLEEN E. MCMANUS<br>MIUCH SHELIST DENENBERG AMENT &<br>RUBENSTEIN, P.C.<br>191 N. WACKER DRIVE, SUITE 1800<br>CHICAGO, IL 60606 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 05/20/2009 | 4456[1] | $3,426,012.55 |
| 10 | LIEBERBERG, ROBERT<br>120 EAST END AVE.<br>APT 4B<br>NEW YORK, NY 10028 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13412 | $48,500.00 |
| 11 | MAIDMAN, DAGNY<br>770 RHODE ISLAND STREET<br>SAN FRANCISCO, CA 94107-2630 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 07/30/2009 | 6668 | $50,000.00 |
| 12 | MARINO, THOMAS<br>91 CENTRAL PARK WEST APT 14A<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 15172 | $178,576.87 |
| 13 | MAYROCK, ISIDORE<br>395 DUCK POND ROAD<br>LOCUST VALLEY, NY 11560 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2302 | $1,500,000.00 |
| 14 | MAYROCK, ISIDORE<br>395 DUCK POND ROAD<br>LOCUST VALLEY, NY 11560 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2303 | $1,000,000.00 |
| 15 | MIKULICH, RAYMOND C.<br>15 CENTRAL PARK WEST, APT 15D<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23845 | $1,000,000.00 |

---

[1] Claim 4456 is being expunged solely with respect to its asserted claim of $1,704,662.55, related to LibertyView Credit Opportunities Fund II, LLC.  The remaining portion of Claim 4456 was previously expunged pursuant to the Order Granting the Debtors' Twentieth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated Sept. 21, 2010, ECF No. 11501 (the "Duplicative Claim Order").  The dollar amount of the previously expunged portion of Claim 4456 identified in the Duplicative Claim Order was incorrect; however, upon entry of this Order, Claim 4456 shall be disallowed and expunged in its entirety.

## OMNIBUS OBJECTION 289: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 16 | PEREIRA, BRIAN<br>22 MEADOW ROAD<br>SCARSDALE, NY 10583 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31133 | $200,000.00 |
| 17 | RIVERSIDE ASSET MANAGEMENT, LLC<br>C/O JAMES J. CHESTER<br>65 EAST STATE STREET, SUITE 1000<br>COLUMBUS, OH 43215 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/26/2009 | 1990 | $600,000.00 |
| 18 | ROSEN, LEONARD G.<br>64 PINKAS STREET<br>APARTMENT 153<br>TEL AVIV, 62157<br>ISRAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33637 | $36,375.00 |
| 19 | SAHN, BOBBY<br>1 CENTRAL PARK SOUTH<br>APARTMENT 806<br>NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28312[2] | $1,000,000.00 |
| 20 | SPIEGEL, WILLIAM & KADIN, LISA<br>2109 BROADWAY, APT. 16-144<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2295 | $500,000.00 |
| 21 | SPIEGEL, WILLIAM & KADIN, LISA<br>2109 BROADWAY, APT. 16-144<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 01/30/2009 | 2297 | $500,000.00 |
| 22 | SUMMIT CAPITAL PARTNERS LP<br>C/O CHESTER B. SALOMON, ESQ.<br>BECKER, GLYNN, MELAMED & MUFFLY LLP<br>299 PARK AVENUE<br>NEW YORK, NY 10171 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 22074 | $1,200,000.00 |

---

[2] **The portion of Claim No. 28312 relating to cusip 52520W143 in the amount of $221,783.85 remains unaffected by this Order.**

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 289: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 23 | SURYAN FAMILY TRUST<br>C/O FRANK SURYAN JR.<br>3821 SEASCAPE DRIVE<br>HUNTINGTON BEACH, CA 92649-2523 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 19330 | $625,766.72 |
| 24 | TASHLIK, THEODORE WM<br>IRA CUSTODIAN<br>9 OVERLOOK CIR<br>MANHASSET, NY 11030-3933 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/15/2009 | 40345[3] | $1,000,000.00 |
| 25 | UBELHART, KAREN A<br>800 WEST END AVE<br>APT 7A<br>NEW YORK, NY 10025-5467 | | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 30621[4] | $53,573.00 |
| 26 | WOLT, ETHAN M.<br>155 WEST 68TH STREET<br>APARTMENT 24B<br>NEW YORK, NY 10023 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30461 | $250,000.00 |
| | | | | | TOTAL | $19,053,287.14 |

---

[3] The portion of Claim No. 40345 relating to cusip 52517P7H8 in the amount of $100,000 was previously expunged pursuant to the Order Granting the Debtors' One Hundred Forty-Eighth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated July 21, 2011, ECF No. 18712.

[4] Claim 30621 is being expunged solely with respect to its asserted claim of $53,573.00, related to MLP Opportunity Capital Partners, L.P. A remaining portion of Claim 30621, in the amount of $9,654.00, was previously reclassified as an equity interest pursuant to the Order Granting the Debtors' One Hundred Forty-Ninth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests), dated Sept. 21, 2011, ECF No. 18708.