WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**OBJECTION OF LEHMAN BROTHERS HOLDINGS INC.
TO THE MOTION OF WILLIAM KUNTZ III FOR RELIEF**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-reference chapter 11 cases (the "Chapter 11 Estates"), respectfully submits this objection to the motion (the "Motion"), filed on November 7, 2011, ECF No. 22236, by William Kuntz, III ("Kuntz") to vacate or modify the decision of this Court granting Debtors' Objection to Claims 33550, 33551, 33552, 35121 and 35430 of William Kuntz III (the "Memorandum Decision"), entered on November 10, 2010, ECF No. 12662, and respectfully represents:

**Background**

1.  Kuntz filed eleven separate proofs of claim (each a "Claim") against the Chapter 11 Estates, which Claims were assigned claim numbers 10509, 10510, 10511, 33550,

33551, 33552, 35120, 35121, 35122, 35123 and 35430 by Epiq Systems, Inc. ("Epiq"), the Court-appointed claims agent. On January 29, 2010, LBHI and certain of its affiliates filed the Fourth Omnibus Objection to Claims (Amended and Superseded Claims), ECF No. 6876, seeking to disallow and expunge Claims 10510 and 10511 on the grounds that they were amended and superseded by Claims 33551 and 33550, respectively. At a hearing on March 17, 2010, Kuntz attempted to argue the validity of the Claims, despite the limited scope of the hearing—a determination of whether the Claims were duplicative and not whether the Claims were valid. The Court instructed Kuntz: "[T]he debtors in the fourth omnibus objection to claims are simply dealing ministerially, I might add, with amended and superseded claims and not dealing with the substance of the claims or the rights of the claimants to collect anything." Hr'g Tr. 110:7-9, Mar. 17, 2010. As such, the Court determined that evidence weighing on the merits of the Claims "may ultimately prove to be relevant to something but it's not relevant to what's before me at this moment." *Id.* at 110:25-111:1. Claims 10510 and 10511 were disallowed and expunged by the *Order Granting Debtors' Fourth Omnibus Objection to Claims (Amended and Superseded Claims)*, filed March 25, 2010, ECF No. 7828. Pursuant to two additional orders of this Court,[1] all but five of the Claims were determined to be amended and superseded by other claims and were disallowed and expunged.

    2. On September 15, 2010, LBHI filed an objection (the "Objection"), ECF No. 11351, to the proofs of claim filed by William Kuntz III, claims numbered 33550, 33551, 33552, 35121 and 35430 (collectively, the "Kuntz Claims") seeking to expunge the Kuntz Claims on their merits. Of the five Kuntz Claims, Kuntz advised the Court that Claims 33550,

---

[1] *See Order Granting Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims)*, entered on May 25, 2010, ECF No. 9234 and *Order Granting Debtors' Fourteenth Omnibus Objection to Claims (Amended and Superseded Claims)*, entered on July 1, 2010, ECF No. 9990.

33551, and 33552 (collectively, the "Surviving Claims") were the only three claims that he intended to pursue, as the Surviving Claims amended or otherwise superseded other Claims. *See* Objection at ¶ 12. The Objection set forth in detail the interactions between Kuntz and Grand Union and Lehman Commercial Paper Inc. ("LCPI") and Grand Union in its several bankruptcy cases.

3.  The Surviving Claims each purported to assert a claim against LCPI based on Kuntz's alleged claims against Grand Union Capital Corporation ("GU Capital"), an entity wholly unrelated to the Chapter 11 Estates, yet Kuntz did not explain the relationship between GU Capital and the Chapter 11 Estates that would give rise to a valid claim against LCPI. Kuntz made reference to the "cash escrow fund created in the 1995 case" that was established by Grand Union Company ("GU Company"), an entity distinct from GU Capital, and allegedly paid to LCPI. Kuntz again failed to provide any evidence of the existence of such cash escrow fund, that Kuntz had an interest in such fund, that the fund was paid to LCPI, or that his interest in such fund provided a legal basis for a claim against LCPI.

4.  Kuntz filed several responses and notices related to the Objection: Reply of William Kuntz, III to Debtors' Objection to Proofs of Claim, filed September 21, 2010, ECF No. 11669; First Supplemental Reply to Debtors' Objection to Proofs of Claim, filed September 21, 2010, ECF No. 11670; Supporting Affidavit, filed October 8, 2010, ECF No. 11880; and Notice to Call Witnesses in Defense of Proofs of Claim, filed September 30, 2010, ECF No. 11739.

5.  A hearing on the Objection was held before the Court on October 27, 2010, and the Court disallowed and expunged the Kuntz Claims in their entirety. In its decision, the Court stated:

> The Kuntz Claims themselves are quite obviously devoid of any documentary support and fail to state facts that show how anything that occurred in the Grand Union cases would give Mr. Kuntz a right to payment from LCPI or any other Lehman entity. Because the Kuntz Claims are so lacking in supporting evidence and logical linkage to the Debtors' cases, they are not entitled to any presumption that they are *prima facie* valid, and the burden of proof has shifted to Mr. Kuntz.

Memorandum Decision, pages 5-6.

6. The Court specifically addressed the question "whether the Kuntz Claims are sufficiently plausible on their face that Mr. Kuntz should be allowed to call witnesses. . ." Memorandum Decision, page 7. The Court considered Kuntz's request for an evidentiary hearing and clearly denied such request:

- "Given the implausibility of Mr. Kuntz's theory of liability and the tenuous connection that these witnesses (particularly Mssrs. Gutfreund and Buffet) have to the subject matter of the Kuntz Claims, it would be both wasteful and unduly burdensome to the Court, the Debtors and the witnesses themselves to conduct such an evidentiary hearing." Memorandum Decision, page 7.

- ". . . the Court is unable to discern any merit whatsoever to Mr. Kuntz's theory of liability and concludes that he should not even be permitted to try to establish the validity of his claim by calling witnesses such as Warren Buffet who are obvious strangers to the facts." Memorandum Decision, page 9 (footnote omitted).

- "To permit the hearing proposed by Mr. Kuntz in the context of these cases would be unnecessary, unreasonable and, in the Court's view, vexatious." Memorandum Decision, page 10.

7. On November 16, 2010, Kuntz filed a notice of appeal of the Memorandum Decision, ECF No. 12876, and a motion for stay pending the appeal, ECF No. 12877. Kuntz's appeal was docketed in the District Court for the Southern District of New York on December 23, 2010, ECF No. 1, *William Kuntz, III v. Lehman Brothers Holdings Inc.*, Case No. 10-09556. A court conference was held before Judge Rakoff on January 24, 2011. At the

conference, Kuntz stated that he wished to file his moving brief "after my Rule 60 motion is considered by Judge Peck . . ." Hr'g Tr. 2:22-23, Jan. 24, 2011. The Court responded, "If you're not prepared to proceed with your appeal, I'll dismiss your appeal." *Id.* at 2:24-25. An order and a judgment were issued on January 25, 2011, dismissing the appeal, ECF Nos. 3 and 4.

### Kuntz Has Not Satisfied the Standard for Relief Under Rule 60(b)

8.  Kuntz is not entitled to relief under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)").[2] Rule 60(b), made applicable here pursuant to Rule 9024 of the Bankruptcy Rules, permits a court, in its discretion, to rescind or amend a final judgment or order under certain limited circumstances. *See Unsecured Claims Estate Representative of Teligent, Inc., et al. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 221-23 (S.D.N.Y. 2005). Those circumstances are, in relevant part: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence. . .; (3) fraud. . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged. . .; or (6) any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b). The Second Circuit has indicated that the movant bears a heavy burden of proof on a motion for relief from an order or final judgment. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994) ("since 60(b) allows extraordinary relief, it is invoked only if the moving party meets its burden of demonstrating 'exceptional circumstances'"); *see also Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986).

---

[2] To the extent that the Motion requests a modification of the Memorandum Decision pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"), the Motion is untimely and should not be granted. According to Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), a motion requesting relief pursuant to Rule 59(e) must be made "no later than 14 days after entry of judgment." Similarly, Local Rule 9023-1 of the Local Bankruptcy Rules for the Southern District of New York provides "[a] motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion…." The Motion was filed on November 7, 2011, almost one year after the Memorandum Decision was entered on November 10, 2010, and is therefore untimely under both Federal and local procedural rules, to the extent that it is a motion for relief under Rule 59(e).

9. The Motion does not satisfy the strict standards for modification of a final judgment or order for several reasons. First, the Motion fails to set forth under which subsection of Rule 60(b) Kuntz is relying on for relief from this Court. Subsections (1)-(5) of Rule 60(b) are clearly not applicable to the Motion and are not proper grounds for relief in this case. Further, Kuntz cannot overcome the high burden for relief under Rule 60(b)(6). Courts in this circuit have held that relief should be granted under Rule 60(b)(6) ("any other reason that justifies relief") only where the moving party has demonstrated "extraordinary circumstances" or "extreme and undue hardship" and only where the more specific provisions of Rule 60(b) do not apply. *See In re Teligent, Inc.*, 326 B.R. at 227; *see also Nemaizer*, 793 F.2d at 63 ("[Rule 60(b)(6)] is properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." (citations omitted)). The Motion does not set forth a basis for relief under Rule 60(b)(6).

10. Second, Kuntz relies on two irrelevant arguments in support of his request for relief under Rule 60(b): (i) the Court's refusal to admit into evidence his documents regarding the substance of his Claims in connection with an objection to his Claims as duplicative and (ii) an erroneous assertion that the Court never ruled on the existence of an alleged cash escrow held by LCPI and whether any such escrow was property of the estate. The Court's refusal to admit evidence regarding the substance of his Claims in connection with a hearing on a duplicate claim objection (which Kuntz ultimately agreed was a valid objection) is irrelevant to a request for relief under Rule 60(b) of an order entered expunging the Kuntz Claims on the merits. Kuntz is incorrect in asserting that the Court never ruled on whether an escrow at LCPI existed for his benefit and whether an escrow was property of the LCPI estate.

In the Memorandum Decision, the Court stated, "[T]he Court concludes that there is no provable nexus between Mr. Kuntz's investments in Grand Union and the Kuntz Claims against the Debtors. The Kuntz Claims are founded on pure speculation, and such speculation, without more, does not constitute sufficient cause to defeat the Kuntz Objection." Memorandum Decision, pages 7-8. Neither of these irrelevant assertions is grounds for granting the Motion.

11.    Kuntz's only other basis included in his Motion appears to be unsupported and inappropriate disparaging comments regarding the Chapter 11 Estates' professionals and the Court. ("According[ly], the only conclusion a rea[s]onable mind can draw is that the motion and prior resistance has been made in bad faith in order to protect Weil's lucrative bankruptcy trade." Motion, page 3; "In working backwards from a predisposition to find against Movant the Court never addresses the central and most important issue." Motion, page 2.)

12.    The Memorandum Decision is reasonable and fairly concluded all issues and arguments raised by Kuntz to arrive at the correct conclusion. Kuntz attempts to rehash his arguments in this Motion, which seeks relief under Rule 60(b) similar to a modification or amendment of an order.

13. Kuntz has failed to satisfy his burden under Rule 60(b). Therefore, the Motion should be denied.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just.

Dated: April 17, 2012
New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates