Hearing Date and Time: May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time: April 26, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
:
------------------------------------------------------------------x

**NOTICE OF LEHMAN BROTHERS HOLDINGS INC.'S MOTION PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR
AN ORDER AMENDING THE TIER 2 ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $1 MILLION**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 105(a) of title 11 of the United States Code

and General Order M-390 (which can be found at www.nysb.uscourts.gov), for an order

amending the *Tier 2 Alternative Dispute Resolution Order for Affirmative Claims of the Debtors*

*Under Derivatives Contracts for Amounts Equal to or Less Than $1 Million* [ECF No. 11649]

(the "Motion"), will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom

US_ACTIVE:\43929999\08\58399.0003

601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"), on **May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn:  Robert J. Lemons, Esq. and Lee Goldberg, Esq., attorneys for the LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) all parties who have requested notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **April 26, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: April 18, 2012
      New York, New York

/s/ Robert J. Lemons
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

Hearing Date and Time:  May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  April 26, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter Gruenberger
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                  :
In re                                                             :   Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :   08-13555 (JMP)
                                                                  :
            Debtors.                                              :   (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

**LEHMAN BROTHERS HOLDINGS INC.'S MOTION PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390
FOR AN ORDER AMENDING THE TIER 2 ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $1 MILLION**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this Motion and respectfully

represents:

**Background**

        1.      Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain

US_ACTIVE:\43929999\08\58399.0003

of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective on March 6, 2012 (the "Effective Date").  Pursuant to sections 6.1 and 13.1 of the Plan, the Plan Administrator has the authority and right to, among other things, liquidate and collect the assets belonging to the chapter 11 estates of LBHI and its affiliates who commenced the Chapter 11 Cases (the "Chapter 11 Estates").

3. On September 17, 2009, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 5207] (the "Derivatives ADR Order"), establishing alternative dispute resolution ("ADR") procedures (the "Derivatives ADR Procedures") to facilitate the settlement of the Chapter 11 Estates' Derivative Contracts with Recovery Potential (as defined below).  On September 27, 2010, the Court entered the *Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts for Amounts Not More Than $1 Million* [ECF No. 11649] (the "Tier 2 Derivatives ADR Order"), establishing faster and more streamlined ADR procedures for the Chapter 11 Estates' Derivative Contracts with Recovery Potential for which a Chapter 11 Estate's claim is equal to or less than $1 million (the "Tier 2 Derivatives ADR Procedures").  On March 3, 2011, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives*

*Transactions with Special Purpose Vehicle Counterparties* [ECF No. 14789] (the "SPV Derivatives ADR Order," and, together with the Derivatives ADR Order and the Tier 2 Derivatives ADR Order, the "Affirmative ADR Orders"), establishing ADR procedures related to special purpose vehicles (the "SPV Derivatives ADR Procedures," and, together with the Derivatives ADR Procedures and the Tier 2 Derivatives ADR Procedures, the "Affirmative ADR Procedures"). Pursuant to paragraph 63 of the Confirmation Order, the Affirmative ADR Orders continue to apply and are binding on all parties following the Effective Date through the Closing Date (as defined in the Plan).

    4.  As of April 18, 2012, the Chapter 11 Estates have commenced proceedings under the Affirmative ADR Procedures by serving 237 ADR notices and have successfully settled 194 ADR matters with 216 counterparties. Also, as of April 18, 2012, 73 matters have reached the mediation stage of the Affirmative ADR Procedures, and 69 of such mediations have resulted in a settlement. As a result of these 194 settlements, the Chapter 11 Estates have received a total of over $1.1 billion new dollars, all without Court intervention. Accordingly, each ADR settlement on average has gained approximately $5.75 million for the applicable Chapter 11 Estate.

## Jurisdiction

    5.  This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

    6.  The Plan Administrator requests, pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390 (the "Standing Order"), an order, annexed hereto as Exhibit A, amending the Tier 2 Derivatives ADR Procedures Order to increase

the threshold for the Tier 2 Derivatives ADR Procedures from $1 million to $5 million (the "Amended Tier 2 Derivatives ADR Order").  The Plan Administrator is also seeking approval that notice of this Motion by e-mail or facsimile is good and sufficient notice of the Motion.

### The Threshold

7. As of the Commencement Date, the Chapter 11 Estates were party to more than 900,000 prepetition derivatives contracts (the "Derivatives Contracts"), many of which were "in the money" to the Chapter 11 Estates ("Derivatives Contracts with Recovery Potential"). These Derivatives Contracts with Recovery Potential constitute significant assets of the Chapter 11 Estates and liabilities of counterparties (the "Derivatives Counterparties") to such contracts.

8. In order to facilitate the settlement of the Derivatives Contracts with Recovery Potential, and avoid time-consuming and expensive litigation causing undue delay in the administration of these chapter 11 cases and risking loss of the current value embedded in such Derivatives Contracts with Recovery Potential, the Chapter 11 Estates sought entry of and the Court approved the Derivatives ADR Order.  The Derivatives ADR Procedures implemented pursuant to the Derivatives ADR Order have been successful and a useful mechanism for the Chapter 11 Estates to resolve numerous disputes related to Derivatives Contracts without the need for intervention by the Court.

9. To increase the speed and effectiveness and minimize the costs of the Derivatives ADR Procedures for Derivatives Contracts with Recovery Potential for which a Chapter 11 Estate's claim was equal to or less than $1 million (the "Tier 2 Derivatives Contracts with Recovery Potential"), the Chapter 11 Estates sought and the Court approved the Tier 2 Derivatives ADR Order.

10. The Tier 2 Derivatives ADR Procedures, which are a modified and streamlined version of the Derivatives ADR Procedures, have fostered a more efficient use of the Chapter 11 Estates' limited time and resources and maximized the recoveries to the Chapter 11 Estates from the Tier 2 Derivatives Contracts with Recovery Potential. In addition to the fact that the Tier 2 Derivatives ADR Procedures require shorter time periods leading up to mediation, two other features in particular have promoted the Tier 2 Derivatives ADR Procedures' efficiency: first, the Tier 2 Derivatives ADR Procedures have been assigned to a different group of approved mediators than the Derivatives ADR Procedures, and second, the Chapter 11 Estates have utilized in-house counsel exclusively to effectuate the Tier 2 Derivatives ADR Procedures. These features have enabled the Derivatives ADR Procedures and the Tier 2 Derivatives ADR Procedures to proceed on parallel tracks, leading to a more prompt conclusion of settlements than if all Derivatives Contracts with Recovery Potential, including Tier 2 Derivatives Contracts with Recovery Potential, were subject to the Derivatives ADR Procedures alone.

11. At the time the Chapter 11 Estates sought approval of the Tier 2 Derivatives ADR Procedures, the Chapter 11 Estates estimated that disputes existed with potentially at least 100 Derivatives Counterparties involving Tier 2 Derivatives Contracts with Recovery Potential that would be subject to the Tier 2 Derivatives ADR Procedures. That pool of Derivatives Counterparties is rapidly diminishing. Meanwhile, the pool of Derivatives Counterparties involving Derivatives Contracts with Recovery Potential subject to the Derivatives ADR Procedures is diminishing at a slower rate. Specifically, approximately 200 Derivatives Counterparties remain in the latter pool. Should the threshold for the Tier 2 Derivatives ADR Procedures be raised from $1 million to $5 million, more than 50 Derivatives

Counterparties from such pool will fall within the scope of the Tier 2 Derivatives ADR Procedures.

12.     The Plan Administrator therefore proposes to reallocate certain Derivatives Contracts with Recovery Potential from the pool subject to the Derivatives ADR Procedures to the pool subject to the Tier 2 ADR Procedures by increasing the threshold for the Tier 2 Derivatives ADR Procedures from $1 million to $5 million.  Such reallocation will allow the Chapter 11 Estates to take full advantage of the parallel consensual resolution processes, which will reduce the costs associated with, and overall time expended on, the reconciliation and collection of the Chapter 11 Estates' affirmative claims under all Derivatives Contracts with Recovery Potential.  This, in turn, will benefit the Chapter 11 Estates and the economic stakeholders in these cases through the faster recovery of cash proceeds to distribute to holders of allowed claims.

13.     The Amended Tier 2 Derivatives ADR Order preserves the status quo in two key respects.  First, as is the case currently, the proposed order continues to reserve the rights of the Plan Administrator in all cases to determine, in its sole discretion, whether to utilize the Derivatives ADR Procedures or the Tier 2 Derivatives ADR Procedures for Tier 2 Derivatives Contracts with Recovery Potential.  Second, as also is the case currently, Derivatives Contracts between a Chapter 11 Estate and a special purpose vehicle as to which there exists an Indenture Trustee[1] will not be subject to the Amended Tier 2 Derivatives ADR Order or the Tier 2 Derivatives ADR Procedures in any respect.

14.     The Plan Administrator submits that the increased threshold for the Tier 2 Derivatives ADR Procedures from $1 million to $5 million will enable the Chapter 11 Estates to

---

[1] "Indenture Trustee" means a trustee, indenture trustee or party acting in a fiduciary capacity in connection with a trust or other financing arrangement that relates to a Derivatives Contract with any of the Chapter 11 Estates.

reduce unnecessary administrative expenses, maximize the value of the Chapter 11 Estates' claims under the Derivatives Contracts, and promote judicial efficiency by consensually resolving these claims. Based upon the foregoing, the Plan Administrator requests that the Court enter the Amended Tier 2 Derivatives ADR Order.

**Notice**

15. No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635], has served notice of this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all Derivatives Counterparties; and (vi) all parties who have requested notice in these chapter 11 cases. The Plan Administrator submits that no other or further notice need be provided.

16. Other than the request for the establishment of the Affirmative ADR Procedures which were granted by the Court, no previous request for the relief sought herein has

been made by the Plan Administrator to this or any other court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: April 18, 2012
New York, New York

/s/ Robert J. Lemons
Peter Gruenberger
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## Exhibit A

**Proposed Order**

US_ACTIVE:\43929999\08\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                          :    Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                       :    08-13555 (JMP)
                                                               :
                        Debtors.                               :    (Jointly Administered)
                                                               :
---------------------------------------------------------------x

**AMENDED ORDER PURSUANT TO SECTION 105(a) OF
THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR
AN ORDER AMENDING THE TIER 2 ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $5 MILLION**

Upon the motion, dated April 18, 2012, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for an order amending the *Tier 2 Alternative Dispute Resolution Order for Affirmative Claims of the Debtors Under Derivatives Contracts for Amounts Equal to or Less Than $1 Million* (the "Tier 2 Derivatives ADR Order") [ECF No. 11649] (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all Derivatives Counterparties; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the threshold in the definition of "Tier 2 Derivatives Contracts with Recovery Potential" in the Tier 2 Derivatives ADR Order is increased from $1 million to $5 million; and it is further

ORDERED that all terms of the Tier 2 Derivatives ADR Order shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED that service of notice of the Motion by e-mail or facsimile shall be good and sufficient notice of the Motion.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE