**HEARING DATE AND TIME: April 26, 2012 at 10:00 A.M. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

# OMNIBUS REPLY TO RESPONSES TO DEBTORS'
# TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 (the "Plan")[1], files this reply to responses (the "Responses") filed in connection with the Debtors' Two Hundred Thirteenth Omnibus Objection to Claims, dated September 16, 2011 [ECF No. 20102] (the "Objection"), and respectfully represents as follows:

## Reply

1. The basis for the proofs of claim subject to the Objection (the "Subordinated Guarantee Claims") is a prepetition guarantee by LBHI of certain obligations of a non-Debtor:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Lehman Brothers UK Capital Funding IV L.P.[2] ("LB UK IV") or Lehman Brothers UK Capital Funding V L.P.[3] ("LB UK V," and together, the "Issuers"). The Objection sought to disallow or, in the alternative, reclassify the Subordinated Guarantee Claims.

2. Each of the Responses opposed disallowance of the Subordinated Guarantee Claims. The arguments raised against disallowance are summarized on Exhibit 2 attached hereto. Although the Plan Administrator does not concede the validity of these arguments, it hereby withdraws, without prejudice, the request to disallow the Subordinated Guarantee Claims for which the Responses were filed.[4]

3. It remains clear that LBHI's obligations, if any, for the Subordinated Guarantee Claims are contractually subordinated. Pursuant to the express language in the relevant guarantees (the "Subordinated Guarantees"), LBHI's obligations rank junior to all subordinated liabilities of LBHI. *See* Prospectus IV at 36; Prospectus V at 35. As described below, the Responses contain no fact or law to dispute this. Accordingly, the Plan Administrator requests that the remaining Subordinated Guarantee Claims be reclassified such that they are treated as Equity Interests, so that for distribution purposes under the Plan, they would be junior to all subordinated liabilities of LBHI.

---

[2] The prospectus for securities issued by LB UK IV ("Prospectus IV") was attached as Exhibit B to the Objection and included a form of the Subordinated Guarantee.

[3] The prospectus for securities issued by LB UK V ("Prospectus V") was attached as Exhibit C to the Objection and included a form of the Subordinated Guarantee.

[4] By order entered on December 5, 2011 [ECF No. 22934], the Court disallowed and expunged the remaining Subordinated Guarantee Claims asserting approximately $60,313,345.69 in the aggregate.

### The Subordinated Guarantee Claims Should Be
### Reclassified As Equity Interests For Purposes of Distribution Under the Plan

4. Only eight (8) Responses objected to the Debtors' request to reclassify the Subordinated Guarantee Claims as Equity Interests. Each of the arguments made in these Responses is addressed on Exhibit 1 attached hereto, and set forth below are replies to certain arguments that appear in more than one Response.

A. **The Objection is procedurally proper.**

5. Throughout these cases, this Court has routinely ordered subordination of claims pursuant to Bankruptcy Code section 510 in contested matters.[5] Three Responses incorrectly argue that the Objection should be denied because Bankruptcy Rule 7001(8) required the Debtors to commence an adversary proceeding to obtain the relief requested. Bankruptcy Rule 7001(8) was inapplicable because the Subordinated Guarantee Claims were not "allowed" claims. *See* FED. R. BANKR. P. 7001(8) (referring to "allowed claim or interest"). The Subordinated Guarantee Claims were subject to an objection seeking disallowance and, as such, were not "allowed" claims. *See In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested

---

[5] *See, e.g.*, Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17350]; Order Granting Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20629]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610].

3

matter under FED. R. BANKR. P. 9014."). Respondents have failed to cite any authority to the contrary.

6.  In addition, the Responses allege no prejudice to the holders of the Subordinated Guarantee Claims arising from the current procedural posture. In such instances, where courts have concluded that "the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed." *In re Command Servs. Corp.*, 102 B.R. 905, 908 (Bankr. N.D.N.Y. 1989); *accord In re R.F. Cunningham & Co.*, 355 B.R. 408, 415-416 (Bankr. E.D.N.Y. 2006). Both Bankruptcy Rule 7008(a), which provides that "all pleadings shall be so construed as to do substantial justice," and Bankruptcy Rule 9005, which provides that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties," support this interpretation by a court of equity. *See Command Servs.*, 102 B.R. at 908-09. Requiring the Plan Administrator to commence adversary proceedings to enforce the contractual subordination of the Subordinated Guarantees would be burdensome and a waste of the Court's and LBHI's resources.

**B.    The Plan Administrator is not estopped from prosecuting the Objection.**

7.  Two Responses assert that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims as Equity Interests because the Debtors included preferred equity securities issued by the Issuers (not the Subordinated Guarantee or the Subordinated Guarantee Claims) on a list of "Lehman Programs Securities" that the Debtors published in accordance with the Bar Date Order.

8.  By publishing the list of Lehman Programs Securities, the Debtors did not concede any liability for the securities listed thereon or any guarantees thereof and did not

4

discuss the relative priority of any claims that may arise therefrom. The sole purpose of publishing the list of Lehman Programs Securities was to alert the holders of particular securities (a group of unknown potential claimants) that certain alternative claim filing procedures applied to them. Respondents have failed to cite any authority to support their position that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims. The Debtors took no actions upon which Claimants detrimentally relied – in fact, the Plan Administrator is not in this Objection contesting the allowance of the Subordinated Guarantee Claims on any procedural grounds – and the Plan Administrator should not be estopped from reclassifying the Subordinated Guarantee Claims. *See generally Texaco Inc. v. Bd. of Comm'rs. for the LaFourche Basin Levee Dist.* (*In re Texaco Inc.*), 254 B.R. 536, 560-61 (Bankr. S.D.N.Y. 2000) ("Equitable estoppel applies where the disadvantaged party (1) lacked knowledge of the true facts, (2) reasonably relied on the Debtor's misleading conduct, and (3) suffered prejudice as a result of their reliance.").

C.  **The subordination provision should be enforced.**

9.  One Response asserted that a clause of the subordination provision in the Subordinated Guarantee is ambiguous and, as a result, is unenforceable. Response of S.A.B. Von Rooy (the "Response") at ¶¶ 130-34.[6] The Response implied, therefore, that the Subordinated Guarantee should yield an enforceable senior claim. *Id*. at ¶ 134. The assertion and implication fail because (i) the alleged ambiguity is a red herring, (ii) the subordination clause is unambiguous, as it is reasonably susceptible to only one meaning, and (iii) assuming, *arguendo*, that the clause is ambiguous, the subordination provision should nonetheless be enforced.

---

[6] The Response was not filed on the docket in the above-captioned chapter 11 cases.

5

      **i.**      <u>**The alleged ambiguity is a red herring.**</u>

10.    Critically, the Response does not dispute that the Subordinated Guarantee Claims "will at all times rank: (a) junior to all subordinated liabilities of LBHI… [and] (c) senior to the [common stock] of LBHI." Prospectus IV at 36; Prospectus V at 35.

11.    The Response alleges there is ambiguity only as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims are *pari passu* – i.e., which *other* Claims or Equity Interests are also both junior to all subordinated liabilities of LBHI and senior to the common stock of LBHI. Response at ¶¶ 130-34 (referring only to clause (b) of section 2.9 of the Subordinated Guarantee (section 2.9 of the Subordinated Guarantee hereinafter referred to as the "<u>Subordination Provision</u>")). This allegation is irrelevant to the relief requested by the Objection. The Objection seeks to reclassify the Subordinated Guarantee Claims as Equity Interests for purposes of Distribution under the Plan to enforce the clear contractual subordination to all subordinated liabilities of LBHI.

12.    Based on LBHI's current Distribution estimates, the Court need not address at this time the alleged ambiguity as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims should be *pari passu*. The Plan provides that "each holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date." Plan at § 4.17(c). The Court retains jurisdiction to resolve any dispute that may arise in the future in the extremely remote event that there are assets available for Distributions to Equity Interests. Plan at § 14.1.

6

### ii. The Subordination Provision is unambiguous.

13. Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). In this case, the Subordinated Guarantees are governed by, and are to be construed and interpreted in accordance with, the laws of the State of New York. Prospectus IV at 39; Prospectus V at 38.

14. Under New York law, a contractual provision is ambiguous if it is "*reasonably susceptible to more than one meaning.*" *In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71 (Bankr. S.D.N.Y. 2007) (emphasis added); *see also U.S. Fire Ins. Co. v. Gen. Reinsurance Corp.*, 949 F.2d 569, 572 (2d Cir. 1991) ("As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading."). A contract is not ambiguous simply because the parties disagree on the meaning of its terms. *Met. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir.1990) ("language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation"); *see also Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir.1989).

15. When evaluating whether a contractual provision is "reasonably susceptible to more than one meaning," courts must consider the provision in the context of the agreement as a whole. *See Sayers v. The Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir.1993) (stating that "[c]ontract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business").

16. The Subordination Provision at issue provides:

> LBHI agrees that its obligations hereunder constitute unsecured obligations of LBHI subordinated in right of payment to Senior Creditors and will at all time rank: (a) junior to all subordinated liabilities of LBHI… (b) *pari passu* with Parity Securities, if any, issued by LBHI and any guarantee or support agreement of LBHI ranking *pari passu* with this Subordinated Guarantee and issued in respect of Parity Securities issued by the Issuer or any Subsidiary; and (c) senior to the Junior Share Capital of LBHI.

Prospectus IV at 36; Prospectus V at 35. As referenced above, the Response alleges ambiguity only with respect to clause (b) of the Subordination Provision.

17. Clause (b) is not reasonably susceptible to more than one meaning when it is read with the remainder of the Subordination Provision. It can only mean that the Subordinated Guarantee Claims rank equal in priority to various issuances of preferred equity of LBHI (i.e., junior to debt obligations of LBHI and senior to common equity of LBHI) and that LBHI's obligations under one Subordinated Guarantee (e.g., the guarantee issued in respect of LB UK IV) rank the same as LBHI's obligations under other Subordinated Guarantees (e.g., the guarantee issued in respect of LB UK V).

18. Further, reading the Subordination Provision within the context of the Subordinated Guarantee as a whole and the prospectus with which it was made available to creditors confirms the sole reasonable meaning of the Subordination Provision: to rank LBHI's obligation under the Subordinated Guarantee junior to all subordinated liabilities of LBHI and *pari passu* with preferred securities or other Subordinated Guarantees. Examples of the prospectuses' numerous references to the subordinated nature of LBHI's obligations under the Subordinated Guarantee include the following:

- "The Subordinated Guarantee will rank *pari passu* with the non-cumulative perpetual preferred securities or preferred stock of LBHI (whether or not in issue)." Prospectus IV at 6; Prospectus V at 6.

8

- "The obligations of LBHI under the Subordinated Guarantee will rank junior as to payments to all liabilities to creditors of LBHI (including without limitation general creditors and subordinated debt holders excluding Parity Securities and Junior Share Capital) and claims of holders of senior ranking securities. In the event that LBHI is wound-up, liquidated or dissolved, the assets of LBHI would be available to pay obligations under the Subordinated Guarantee only after all payments have been made on such senior liabilities and claims." Prospectus IV at 16; Prospectus V at 6.

- "The Preferred Securities are guaranteed on a limited and subordinated basis by LBHI pursuant to the terms of the Subordinated Guarantee. Accordingly, if LBHI's financial condition were to deteriorate, the Holders may suffer direct and materially adverse consequences, including non-payment… of payments under the Subordinated Guarantee." Prospectus IV at 15; Prospectus V at 6.

- "The Preferred Securities, together with the Subordinated Guarantee, are intended to provide Holders, with respect to the Issuer, with rights on liquidation of the Issuer equivalent to non-cumulative preferred stock of LBHI, whether or not issued." Prospectus IV at 9; Prospectus V at 9.

19.     Rather than assert that the Subordination Provision is reasonably susceptible to an alternative meaning, the Response asserts that clause (b) and the use of the term "Parity Securities" in such clause are contradictory and circular. Response at ¶¶ 130-34. In other words, the Response asserts that clause (b) has no meaning and that this Court should invalidate the entirety of the Subordination Provision as a result. *Id.* The Court should reject this assertion. "It is a cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Corhill Corp. v. S. D. Plants, Inc.*, 9 N.Y.2d 595, 599, (1961); *see also Zahler v. Twin City Fire Ins. Co.*, No. 04-10299, 2006 WL 846352 at *6 (S.D.N.Y. Mar. 31, 2006) (interpreting contractual provision to avoid rendering others meaningless); *Laish, Ltd. v. Jafora-Tabori, Ltd.*, No. 02-1322, 2006 WL 270250 at * 5 (E.D.N.Y. Feb. 1, 2006) ("a contract provision will not be read to render a disputed clause meaningless").

9

### ii. An ambiguous agreement is nonetheless enforceable.

20. Assuming, *arguendo*, the Court determines clause (b) of the Subordination Provision is ambiguous, the Court may and should still enforce the Subordination Provision.[7] As noted above, section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). Under New York law, where a contractual provision is ambiguous, it is up to the court to interpret and enforce the provision in accordance with the intent of the parties. *See Kass v. Kass*, 91 N.Y.2d 554, 567 (1998) ("Where the document makes clear the parties' over-all intention, courts examining isolated provision should then choose that construction which will carry out the plain purpose and object of the agreement"); *see also In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71-72 (Bankr. S.D.N.Y. 2007); 22 N.Y. Jur. 2d Contracts § 222 ("Where the parties have chosen words which leave room for construction, that construction of the contract should be adopted which will carry out its plain purpose and object.").

21. The intent of the Subordination Provision is clear from the text of the Subordination Provision itself: LBHI's obligations under the Subordinated Guarantee "will at all times rank … junior to all subordinated liabilities of LBHI…." The intent is further evidenced, and in no way contradicted, by the plain meaning of the numerous references in the prospectus to the subordinated nature of the Subordinated Guarantees. Accordingly, the Court should enforce the Subordination Provision and reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for purposes of Distributions under the Plan. Failure to

---

[7] The Response asserts that the Debtors conceded that an "unambiguous" subordination right must be demonstrated in order to subordinate the Subordinate Guarantee Claims. The Debtors made no such concession or assertion. In the Objection, the Debtors merely stated that "(u)nder general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement."

10

enforce the Subordination Provision would lead to an absurd and inequitable result that the parties did not intend.

## Conclusion

22.  As a result of the foregoing, the arguments set forth in the Objection, and further arguments which may be made at the hearing to consider the Objection, the Responses should be overruled and the Subordinated Guarantee Claims should be reclassified as Equity Interests and included in LBHI Class 12 for distribution purposes under the Plan.

Dated: April 21, 2011
   New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit 1**

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| Jose Lecue Salcedo | 55068 | [ ][1] | ▪ Asserts "a right to be included in the bankruptcy liquidation proceeding on the same basis as other creditors." | ▪ Respondent asserts no basis to dispute or disregard contractual subordination provisions. Any Distributions which the Respondent may be entitled to under the Plan shall be made on the same basis as Distributions to other holders of Subordinated Guarantee Claims which have been reclassified as Equity Interests. |
| Luis Miguel da Silveira Ribeiro Vaz | 36305 | [ ] | ▪ Asserts that the instruments "may be unsecured but they are still debt instruments." | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes. |
| Dotson Investment | 47035 | 22023 | ▪ Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).<br>▪ The Debtors' should be estopped from reclassifying the Subordinated Guarantee Claims as equity interests because the Debtors included preferred securities of the Issuer on the list of Lehman Program Securities. | ▪ *See* Reply at ¶¶ 5-6.<br>▪ *See* Reply at ¶¶ 7-8. |
| Banque Populaire Cote d' Azur | 37176 | 22304 | ▪ Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).<br>▪ The Debtors cannot reclassify because under section 2.9 of the guarantees, the claims are referred to as unsecured obligations senior to common stock and *pari passu* with preferred securities. | ▪ *See* Reply ¶¶ 5-6.<br>▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator |

---

[1] "[ ]" refers to letters received by the Debtors that were not formally served and do not appear on the docket in the above-captioned chapter 11 cases.

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | | seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes. |
| Andres Linuesa Sanchez | 42390 | [ ] | ▪ Invested in preferred shares of an LBHI subsidiary and LBHI is responsible for and guaranteed the preferred shares. | ▪ Respondent asserts no basis to dispute or disregard contractual subordination provisions. |
| Enrique Villagrasa Martinez | 41489 | [ ] | ▪ Invested in preferred shares of an LBHI subsidiary and LBHI is responsible for and guaranteed the preferred shares. | ▪ Respondent asserts no basis to dispute or disregard contractual subordination provisions. |
| S.A.B. Von Rooy | 54549 | [ ] | ▪ Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).<br>▪ The Debtors' should be estopped from reclassifying the Subordinated Guarantee Claims as equity interests because the Debtors included preferred securities of the Issuer on the list of Lehman Program Securities.<br>▪ The subordination clause is ambiguous because the definition of "Parity Securities" is circular and contradictory. This precludes the Debtors from enforcing the subordination clause because the Debtors cannot demonstrate an "unambiguous" subordination right.<br>▪ There is no indication that the holders of the Subordinated Guarantee Claims ever agreed to subordinate their claims. The subordination clause states only that "LBHI agrees" that its obligations constitute subordinated unsecured obligations. | ▪ *See* Reply at ¶¶ 5-6.<br>▪ *See* Reply at ¶¶ 7-8.<br>▪ *See* Reply at ¶¶ 9-21.<br>▪ The Subordinated Guarantee is an integrated agreement. If Respondent wishes to enforce the Subordinated Guarantee, Respondent cannot pick and choose the provisions to which she is bound. |
| Banco Pastor | 58985 | 22636 | ▪ The Debtors cannot reclassify because under section 2.9 of the guarantees, the claims are referred to as unsecured obligations senior to common stock and *pari passu* with preferred securities.<br>▪ To the extent the claim is reclassified, such equity interest must maintain its relative priority vis-à-vis other equity interests. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for |

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | | distribution purposes.<br>▪ The priority of Respondent's interest will be respected.  Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's right of payment prior existing immediately prior to the Commencement Date." |

**Exhibit 2**

| Claimant | Claim | Docket | Respondent's Response to Disallowance |
|---|---|---|---|
| Jose Lecue Salcedo | 55068 | [ ][1] | ▪ Asserts "a right to be included in the bankruptcy liquidation proceeding on the same basis as other creditors." |
| Luis Miguel da Silveira Ribeiro Vaz | 36305 | [ ] | ▪ "[B]ecause the issuer is Lehman Brothers UK CAP FUND and the issue is guaranteed by LBHI, I believe there is absolutely no question on the merits of the claim." |
| Dotson Investment | 47035 | 22023 | ▪ Even if there was a dissolution of the Issuer, it does not relieve LBHI of its guarantee obligations.<br>▪ Bankruptcy Code Section 502(b) requires claims to be determined as of the petition date; thus postpetition dissolution of Issuer cannot result in disallowance of claim.<br>▪ Joinder to all others Responses. |
| Banque Populaire Cote d' Azur | 37176 | 22304 | ▪ Joinder to Responses of Lloyds TSB Bank PLC (Geneva Branch) [Docket Nos. 22008, 22011, 22012, 22013, and 22014], Banco Itau Europa Luxembourg S.A. [Docket No. 21998], Dotson Investments Limited [Docket No. 22023], and (iv) Lamita Jabbour [Docket No. 22020].<br>▪ LBHI conceded liability by including the securities of Issuer on the list of Lehman Program Securities. LBHI is estopped from denying liability.<br>▪ Bankruptcy Code section 502(b) requires claims to be determined as of the petition date; thus, postpetition dissolution of Issuer cannot result in disallowance of claim.<br>▪ Even if there was a dissolution of the Issuer, such does not relieve LBHI of its guarantee obligations.<br>▪ LBHI was not being wound up at the time the Issuers were allegedly dissolved; thus the act of dissolving the Issuers violates section 3.3 of the Subordinated Guarantee. |
| Andres Linuesa Sanchez | 42390 | [ ] | ▪ Respondent invested in preferred shares of an LBHI subsidiary and LBHI is responsible for and guaranteed the preferred shares. |
| Enrique Villagrasa Martinez | 41489 | [ ] | ▪ Respondent invested in preferred shares of an LBHI subsidiary and LBHI is responsible for and guaranteed the preferred shares. |
| Mrs. S.A.B. Von Rooy | 54549 | [ ] | ▪ The Base Prospectus has to comply with the requirements of Directive 2003/71/EC of the European Parliament.<br>▪ Bankruptcy Code section 502(b) requires claims to be determined as of the petition date; thus, postpetition dissolution of Issuer cannot result in disallowance of claim.<br>▪ Even if there was a dissolution, it does not relieve LBHI of its guarantee obligations.<br>▪ LBHI was not being wound up at the time the Issuers were allegedly dissolved; thus the act of dissolving the Issuers violates section 3.3 of the Subordinated Guarantee.<br>▪ The issuers are still listed as "active" and the Debtors haven't supplied sufficient proof that the partnerships are terminated.<br>▪ LBHI did not take reasonable steps to comply with its legal obligations, and if it had, the partnerships would not have dissolved. |
| Banco Pastor | 58985 | 22636 | ▪ LBHI conceded its liability by including the securities held by the Respondent on the list of securities subject to the LPS claims process. LBHI is estopped from denying liability.<br>▪ The Objection fails to provide sufficient evidentiary support for assertion of no liability. |

---

[1] "[ ]" refers to letters received by the Debtors that were not formally served and do not appear on the docket.

| Claimant | Claim | Docket | Respondent's Response to Disallowance |
|---|---|---|---|
| | | | ▪ Postpetition dissolution of the Issuers "does not absolve LBHI of timely claims filed against it in respect of the LBHI Guarantee."<br>▪ The Subordinated Guarantee is ambiguous with respect to whether the dissolution of the Issuers is grounds for termination of LBHI's obligations thereunder.<br>▪ LBHI could not dissolve the Issuers because they were not yet being "wound up." |
| A.van Woensel | 52186 | 21501 | ▪ Attaches bank account statement and Notice of Approval of Disclosure Statement and asserts that "Lehman Brothers" is indeed the debtor regarding this position." |
| Johanna Leisse | 36481 | 21547 | ▪ Asserts lawful possession over ISIN XS0282978666 and argues that Respondent properly complied with the procedures for filing claims in order to document such lawful possession.<br>▪ Asserts (i) that LBHI issued this security under the name of Lehman Brothers UK Capital Funding IV L.P. and (ii) that LBHI provided a subordinated guarantee of this security. |
| Fritz Leisse | 36479 | 21550 | ▪ Asserts lawful possession over ISIN XS0282978666 and argues that Respondent properly complied with the procedures for filing claims in order to document such lawful possession.<br>▪ Asserts (i) that LBHI issued this security under the name of Lehman Brothers UK Capital Funding IV L.P. and (ii) that LBHI provided a subordinated guarantee of this security. |
| Marius Stankoweit | 35620 | 21575 | ▪ Asserts lawful possession over ISIN XS0282978666 and argues that Respondent properly complied with the procedures for filing claims in order to document such lawful possession.<br>▪ Asserts (i) that LBHI issued this security under the name of Lehman Brothers UK Capital Funding IV L.P. and (ii) that LBHI provided a subordinated guarantee of this security. |
| Philip Stankoweit | 36103 | 21612 | ▪ Asserts lawful possession over ISIN XS0282978666 and argues that Respondent properly complied with the procedures for filing claims in order to document such lawful possession.<br>▪ Asserts (i) that LBHI issued this security under the name of Lehman Brothers UK Capital Funding IV L.P. and (ii) that LBHI provided a subordinated guarantee of this security. |
| Henry Manzano Haleby | 36737 | 21618 | ▪ Asserts that Lehman Brothers UK Capital Funding II LP was the issuer, Lehman Brothers Holdings PLC was the guarantor, and LBI was the lead manager.<br>▪ Asserts that because these entities were all related to each other and to LBHI, all the Lehman Entities are liable and Respondent should be included in the bankruptcy process. |
| Frank Cole | 37020 | 21648 | ▪ The general partner was not permitted to take any action that may lead to the liquidation or dissolution of the Issuer and it is unethical to dissolve a wholly-owned Issuer in order to escape one's responsibility and guarantee.<br>▪ Even if there was a dissolution, it would not relieve LBHI of its obligations.<br>▪ Asserts that never received a "Trigger Event Notice" and thus is entitled to a "Liquidation Distribution" out of the assets of the Issuer. |
| Isabel Maria Yarnoz Diez | 37668 | 21698 | ▪ Asserts an entitlement to the full claim amount because Respondent holds preferred securities guaranteed by LBHI. |
| Clara Diez Ezcurra | 37672 | 21714 | ▪ Asserts an entitlement to the full claim amount because Respondent holds preferred securities guaranteed by LBHI. |
| Heinz-Joachim Elbe | 24466 | [ ] | ▪ Attaches bank statement showing a holding of ISIN XS0282978666, which Respondent "consider(s) to be proof that Lehman Bros owes me money." |
| Maria Agueda Mateos Escudero | 46683 | [ ] | ▪ Asserts that the investment was secured by a guarantee from one of the most prestigious financial institutions in the world, with a AAA rating. |

| Claimant | Claim | Docket | Respondent's Response to Disallowance |
|---|---|---|---|
| | | | ▪ Asserts that dissolution of the Issuer, which was a consequence of the bankruptcy, should not terminate the Debtor's guarantee. |
| Blas Perez Garcia | 57034 | [ ] | ▪ States that "I OPPOSE the disallowance and expungement of my claim," and attaches (i) Epiq's Acknowledgment of Receipt of Proof of Claim and (ii) a bank certification showing a holding of ISIN XS0282978666. |
| Zeeland International Limited | 37379 | 22265 | ▪ Asserts that Issuer purchased Subordinated Notes from LBHI making the partnership a creditor of LBHI. Therefore, both the partnership and the holders of securities issued by the partnership are "entitled to LBHI's liquidation proceeds." |
| Forler Chantal Catherine | 43231 | 22310 | ▪ Asserts that claim rests "on the possession of real products issued in the name of the Debtors" and that "the Debtors' bankruptcy has been the cause of destruction in value of the capital invested in its products." |
| Gonzalo Perez de Guzman San Roman | 50562 | 22320 | ▪ Dissolution of the Issuer does not expunge the subordinated guarantee.<br>▪ The prospectus establishes a Trigger Event, which would require substitution of Preferred Securities with fully paid for non-cumulative preferred stock of LBHI. Respondent argues that a Trigger Event has occurred, and yet the proper procedures haven't been followed.<br>▪ Asserts that the claim should not be disallowed based on the basis that any guarantee is not valid because the prospectus states that the subordinated guarantee is solely the obligation of LBHI. |
| Jimenez Casado, Maria Del Carmen | 41120 | 22569 | ▪ "[T]he debtor acted fraudulently concealing information and lying on their balance sheets so that gave us a misleading picture of the real situation." |
| Jimenez Casado, Santiago | 41121 | 22566 | ▪ "[T]he debtor acted fraudulently concealing information and lying on their balance sheets so that gave us a misleading picture of the real situation." |
| Maria Pilar Barnuevo Vigil de Quninones | 44436 | [ ] | ▪ Plan objection that doesn't assert specific grounds for opposing disallowance. |
| Gestion Participativa XXI, S.L. | 50526 | [ ] | ▪ Plan objection that doesn't assert specific grounds for opposing disallowance. |
| Genevieve Marie Deverd | 47323 | [ ][2] | ▪ States that Respondent believed the amount was "capital guaranteed." |
| Sanso Jover Ana Maria Jover | 51600 | [ ][3] | ▪ States that the securities purchases were traded as Lehman Brothers Holdings, Inc. secured bonds. The marketing material indicated the securities were Bonds and did not indicate that the issuer would be an entity other than Lehman Brothers Holdings, Inc. |
| Fernando Martin Anchorena | 55675 | 22316[4] | ▪ Asserts that he purchased, in good faith, what he thought were good and safe bonds. |

---

[2] Response received after November 30, 2011 hearing to consider the Objection. Proof of claim has been expunged pursuant to this Court's order entered on December 5, 2011 [ECF No. 22934].

[3] Response received after November 30, 2011 hearing to consider the Objection. Proof of claim has been expunged pursuant to this Court's order entered on December 5, 2011 [ECF No. 22934].

[4] Response incorrectly titled as a response to the Debtors' Two Hundred and Fourteenth Omnibus Objection to Claims.