WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | |
|---|---|
| In re | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : **08-13555 (JMP)** |
| | : |
| Debtors. | : **(Jointly Administered)** |

-----------------------------------------------------------------x

**OMNIBUS REPLY TO RESPONSES TO DEBTORS'**
**TWO HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors, dated December 5, 2011 (the "Plan")[1], files this reply to responses (the

"Responses") filed in connection with the Debtors' Two Hundred Fourteenth Omnibus Objection

to Claims, dated September 16, 2011 [ECF No. 20103] (the "Objection"), and respectfully

represents as follows:

**Reply**

       1.     The basis for the proofs of claim subject to the Objection (the "Subordinated

Guarantee Claims") is a prepetition guarantee by LBHI of certain obligations of a non-Debtor:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Lehman Brothers UK Capital Funding IV L.P.[2] ("LB UK IV") or Lehman Brothers UK Capital Funding V L.P.[3] ("LB UK V," and together, the "Issuers"). The Objection sought to disallow or, in the alternative, reclassify the Subordinated Guarantee Claims.

2.      Each of the Responses opposed disallowance of the Subordinated Guarantee Claims. The arguments raised against disallowance are summarized on Exhibit 2 attached hereto. Although the Plan Administrator does not concede the validity of these arguments, it hereby withdraws, without prejudice, the request to disallow the Subordinated Guarantee Claims for which the Responses were filed.[4]

3.      It remains clear that LBHI's obligations, if any, for the Subordinated Guarantee Claims are contractually subordinated. Pursuant to the express language in the relevant guarantees (the "Subordinated Guarantees"), LBHI's obligations rank junior to all subordinated liabilities of LBHI. See Prospectus IV at 36; Prospectus V at 35. As described below, the Responses contain no fact or law to dispute this. Accordingly, the Plan Administrator requests that the remaining Subordinated Guarantee Claims be reclassified such that they are treated as Equity Interests, so that for distribution purposes under the Plan, they would be junior to all subordinated liabilities of LBHI.

---

[2] The prospectus for securities issued by LB UK IV ("Prospectus IV") was attached as Exhibit B to the Objection and included a form of the Subordinated Guarantee.

[3] The prospectus for securities issued by LB UK V ("Prospectus V") was attached as Exhibit C to the Objection and included a form of the Subordinated Guarantee.

[4] By order entered on December 5, 2011 [ECF No. 22881] (the "Order"), the Court disallowed and expunged certain Subordinated Guarantee Claims, as identified on Exhibit 2 of the Order, asserting approximately $98,432,918.96 in the aggregate and reclassified as Equity Interests in LBHI certain Subordinated Guarantee Claims, as identified on Exhibit 3 of the Order, asserting approximately $2,517,000.00 in the aggregate.

08-13555-mg    Doc 27541    Filed 04/21/12    Entered 04/21/12 13:49:57    Main Document
Pg 3 of 18

**The Subordinated Guarantee Claims Should Be**
**Reclassified As Equity Interests For Purposes of Distribution Under the Plan**

4.      Only six (6) Responses objected to the Debtors' request to reclassify the

Subordinated Guarantee Claims as Equity Interests.  Each of the arguments made in these

Responses is addressed on Exhibit 1 attached hereto, and set forth below are replies to certain

arguments that appear in more than one Response.

**A.      The Objection is procedurally proper**

5.      Throughout these cases, this Court has routinely ordered subordination of claims

pursuant to Bankruptcy Code section 510 in contested matters.[5]  One Response, which was

adopted in two others, incorrectly argues that the Objection should be denied because

Bankruptcy Rule 7001(8) required the Debtors to commence an adversary proceeding to obtain

the relief requested.  Bankruptcy Rule 7001(8) was inapplicable because the Subordinated

Guarantee Claims were not "allowed" claims.  *See* FED. R. BANKR. P. 7001(8) (referring to

"allowed claim or interest").  The Subordinated Guarantee Claims were subject to an objection

seeking disallowance and, as such, were not "allowed" claims.  *See In re Lernout & Hauspie

Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears

to limit subordination complaints to allowed claims, the appropriate procedural vehicle for

---

[5] *See, e.g.*, Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17350]; Order Granting Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20629]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610].

resolution of the issue is a contested matter under FED. R. BANKR. P. 9014.").  Respondents have

failed to cite any authority to the contrary.

6.      In addition, the Response alleges no prejudice to the holders of the Subordinated

Guarantee Claims arising from the current procedural posture.  In such instances, where courts

have concluded that "the rights of the affected parties have been adequately presented so that no

prejudice has arisen, form will not be elevated over substance and the matter will be allowed to

proceed on the merits as originally filed."  *In re Command Servs. Corp.*, 102 B.R. 905, 908

(Bankr. N.D.N.Y. 1989); *accord In re R.F. Cunningham & Co.*, 355 B.R. 408, 415-416 (Bankr.

E.D.N.Y. 2006).  Both Bankruptcy Rule 7008(a), which provides that "all pleadings shall be so

construed as to do substantial justice," and Bankruptcy Rule 9005, which provides that "the court

at every stage of the proceeding must disregard any error or defect in the proceeding which does

not affect the substantial rights of the parties," support this interpretation by a court of equity.

*See Command Servs.*, 102 B.R. at 908-09.  Requiring the Plan Administrator to commence

adversary proceedings to enforce the contractual subordination of the Subordinated Guarantees

would be burdensome and a waste of the Court's and LBHI's resources.

**B.      <u>The Plan Administrator is not estopped from prosecuting the Objection</u>**

7.      One Response incorporated by reference the arguments of all other holders of the

Subordinated Guarantee Claims, including the argument that the Debtors should be estopped

from reclassifying the Subordinated Guarantee Claims as Equity Interests because the Debtors

included preferred equity securities issued by the Issuers (not the Subordinated Guarantee or the

Subordinated Guarantee Claims) on a list of "Lehman Programs Securities" that the Debtors

published in accordance with the Bar Date Order.

8.      By publishing the list of Lehman Programs Securities, the Debtors did not concede any liability for the securities listed thereon or any guarantees thereof and did not discuss the relative priority of any claims that may arise therefrom.  The sole purpose of publishing the list of Lehman Programs Securities was to alert the holders of particular securities (a group of unknown potential claimants) that certain alternative claim filing procedures applied to them.  Respondents have failed to cite any authority to support their position that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims.  The Debtors took no actions upon which Claimants detrimentally relied – in fact, the Plan Administrator is not in this Objection contesting the allowance of the Subordinated Guarantee Claims on any procedural grounds – and the Plan Administrator should not be estopped from reclassifying the Subordinated Guarantee Claims.  *See generally Texaco Inc. v. Bd. of Comm'rs. for the LaFourche Basin Levee Dist.* (*In re Texaco Inc.*), 254 B.R. 536, 560-61 (Bankr. S.D.N.Y. 2000) ("Equitable estoppel applies where the disadvantaged party (1) lacked knowledge of the true facts, (2) reasonably relied on the Debtor's misleading conduct, and (3) suffered prejudice as a result of their reliance.").

**C.      The subordination provision should be enforced.**

9.      One Response incorporated by reference the arguments of all other holders of the Subordinated Guarantee Claims, including the arguments asserted in the Response of Lamita Jabbour [ECF No. 22020] (the "Jabbour Response").  The Jabbour Response asserted that a clause of the subordination provision in the Subordinated Guarantee is ambiguous and, as a result, is unenforceable.  Jabbour Response at ¶¶ 17-23.  The Jabbour Response implied, therefore, that the Subordinated Guarantee should yield an enforceable senior claim.  *Id.* at ¶ 22. The assertion and implication fail because (i) the alleged ambiguity is a red herring, (ii) the

subordination clause is unambiguous, as it is reasonably susceptible to only one meaning, and (iii) assuming, *arguendo*, that the clause is ambiguous, the subordination provision should nonetheless be enforced.

### i.    The alleged ambiguity is a red herring.

10.    Critically, the Jabbour Response does not dispute that the Subordinated Guarantee Claims "will at all times rank: (a) junior to all subordinated liabilities of LBHI… [and] (c) senior to the [common stock] of LBHI."  Prospectus IV at 36; Prospectus V at 35.

11.    The Jabbour Response alleges there is ambiguity only as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims are *pari passu* – i.e., which *other* Claims or Equity Interests are also both junior to all subordinated liabilities of LBHI and senior to the common stock of LBHI.  Jabbour Response at ¶¶ 18-22 (referring only to clause (b) of section 2.9 of the Subordinated Guarantee (section 2.9 of the Subordinated Guarantee hereinafter referred to as the "Subordination Provision")).  This allegation is irrelevant to the relief requested by the Objection.  The Objection seeks to reclassify the Subordinated Guarantee Claims as Equity Interests for purposes of Distribution under the Plan to enforce the clear contractual subordination to all subordinated liabilities of LBHI.

12.    Based on LBHI's current Distribution estimates, the Court need not address at this time the alleged ambiguity as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims should be *pari passu*.  The Plan provides that "each holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date."  Plan at § 4.17(c).  The Court retains jurisdiction to resolve any dispute that may arise in the future in the

extremely remote event that there are assets available for Distributions to Equity Interests.  Plan at § 14.1.

### ii.    The Subordination Provision is unambiguous.

13.    Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law."  11 U.S.C. § 510(a).  In this case, the Subordinated Guarantees are governed by, and are to be construed and interpreted in accordance with, the laws of the State of New York.  Prospectus IV at 39; Prospectus V at 38.

14.    Under New York law, a contractual provision is ambiguous if it is "*reasonably susceptible to more than one meaning.*"  *In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71 (Bankr. S.D.N.Y. 2007) (emphasis added); *see also U.S. Fire Ins. Co. v. Gen. Reinsurance Corp.*, 949 F.2d 569, 572 (2d Cir. 1991) ("As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading.").  A contract is not ambiguous simply because the parties disagree on the meaning of its terms.  *Met. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir.1990) ("language whose meaning is otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation"); *see also Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir.1989).

15.    When evaluating whether a contractual provision is "reasonably susceptible to more than one meaning," courts must consider the provision in the context of the agreement as a whole.  *See Sayers v. The Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir.1993) (stating that "[c]ontract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the

context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business").

16.    The Subordination Provision at issue provides:

> LBHI agrees that its obligations hereunder constitute unsecured obligations of LBHI subordinated in right of payment to Senior Creditors and will at all time rank: (a) junior to all subordinated liabilities of LBHI… (b) *pari passu* with Parity Securities, if any, issued by LBHI and any guarantee or support agreement of LBHI ranking *pari passu* with this Subordinated Guarantee and issued in respect of Parity Securities issued by the Issuer or any Subsidiary; and (c) senior to the Junior Share Capital of LBHI.

Prospectus IV at 36; Prospectus V at 35.  As referenced above, the Jabbour Response alleges ambiguity only with respect to clause (b) of the Subordination Provision.

17.    Clause (b) is not reasonably susceptible to more than one meaning when it is read with the remainder of the Subordination Provision.  It can only mean that the Subordinated Guarantee Claims rank equal in priority to various issuances of preferred equity of LBHI (i.e., junior to debt obligations of LBHI and senior to common equity of LBHI) and that LBHI's obligations under one Subordinated Guarantee (e.g., the guarantee issued in respect of LB UK IV) rank the same as LBHI's obligations under other Subordinated Guarantees (e.g., the guarantee issued in respect of LB UK V).

18.    Further, reading the Subordination Provision within the context of the Subordinated Guarantee as a whole and the prospectus with which it was made available to creditors confirms the sole reasonable meaning of the Subordination Provision: to rank LBHI's obligation under the Subordinated Guarantee junior to all subordinated liabilities of LBHI and *pari passu* with preferred securities or other Subordinated Guarantees.  Examples of the prospectuses' numerous references to the subordinated nature of LBHI's obligations under the Subordinated Guarantee include the following:

- "The Subordinated Guarantee will rank *pari passu* with the non-cumulative perpetual preferred securities or preferred stock of LBHI (whether or not in issue)." Prospectus IV at 6; Prospectus V at 6.

- "The obligations of LBHI under the Subordinated Guarantee will rank junior as to payments to all liabilities to creditors of LBHI (including without limitation general creditors and subordinated debt holders excluding Parity Securities and Junior Share Capital) and claims of holders of senior ranking securities. In the event that LBHI is wound-up, liquidated or dissolved, the assets of LBHI would be available to pay obligations under the Subordinated Guarantee only after all payments have been made on such senior liabilities and claims." Prospectus IV at 16; Prospectus V at 6.

- "The Preferred Securities are guaranteed on a limited and subordinated basis by LBHI pursuant to the terms of the Subordinated Guarantee. Accordingly, if LBHI's financial condition were to deteriorate, the Holders may suffer direct and materially adverse consequences, including non-payment… of payments under the Subordinated Guarantee." Prospectus IV at 15; Prospectus V at 6.

- "The Preferred Securities, together with the Subordinated Guarantee, are intended to provide Holders, with respect to the Issuer, with rights on liquidation of the Issuer equivalent to non-cumulative preferred stock of LBHI, whether or not issued." Prospectus IV at 9; Prospectus V at 9.

19.    Rather than assert that the Subordination Provision is reasonably susceptible to an alternative meaning, the Jabbour Response asserts that clause (b) and the use of the term "Parity Securities" in such clause are contradictory and circular. In other words, the Jabbour Response asserts that clause (b) has no meaning and that this Court should invalidate the entirety of the Subordination Provision as a result. *See* Jabbour Response at ¶¶ 17-22. The Court should reject this assertion. "It is a cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Corhill Corp. v. S. D. Plants, Inc.*, 9 N.Y.2d 595, 599, (1961); *see also Zahler v. Twin City Fire Ins. Co.*, No. 04-10299, 2006 WL 846352 at *6 (S.D.N.Y. Mar. 31, 2006) (interpreting contractual provision to avoid rendering others meaningless); *Laish, Ltd. v. Jafora-Tabori, Ltd.*, No. 02-1322, 2006 WL

270250 at * 5 (E.D.N.Y. Feb. 1, 2006) ("a contract provision will not be read to render a disputed clause meaningless").

ii.    <u>An ambiguous agreement is nonetheless enforceable.</u>

20.    Assuming, *arguendo*, the Court determines clause (b) of the Subordination Provision is ambiguous, the Court may and should still enforce the Subordination Provision.[6]  As noted above, section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law."  11 U.S.C. § 510(a).  Under New York law, where a contractual provision is ambiguous, it is up to the court to interpret and enforce the provision in accordance with the intent of the parties.  *See Kass v. Kass*, 91 N.Y.2d 554, 567 (1998) ("Where the document makes clear the parties' over-all intention, courts examining isolated provision should then choose that construction which will carry out the plain purpose and object of the agreement"); *see also In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71-72 (Bankr. S.D.N.Y. 2007); 22 N.Y. Jur. 2d Contracts § 222 ("Where the parties have chosen words which leave room for construction, that construction of the contract should be adopted which will carry out its plain purpose and object.").

21.    The intent of the Subordination Provision is clear from the text of the Subordination Provision itself: LBHI's obligations under the Subordinated Guarantee "will at all times rank … junior to all subordinated liabilities of LBHI…."  The intent is further evidenced, and in no way contradicted, by the plain meaning of the  numerous references in the prospectus to the subordinated nature of the Subordinated Guarantees.  Accordingly, the Court should

---

[6] The Response asserts that the Debtors conceded that an "unambiguous" subordination right must be demonstrated in order to subordinate the Subordinate Guarantee Claims.  The Debtors made no such concession or assertion.  In the Objection, the Debtors merely stated that "(u)nder general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement."

enforce the Subordination Provision and reclassify the remaining Subordinated Guarantee

Claims such that they are treated as Equity Interests for purposes of Distributions under the Plan.

Failure to enforce the Subordination Provision would lead to an absurd and inequitable result that

the parties did not intend.

## Conclusion

22.      As a result of the foregoing, the arguments set forth in the Objection, and further

arguments which may be made at the hearing to consider the Objection, the Responses should be

overruled and the Subordinated Guarantee Claims should be reclassified as Equity Interests and

included in LBHI Class 12 for distribution purposes under the Plan.

Dated:  April 21, 2011
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## Exhibit 1

| Claimant | Claim | Docket | Respondents' Arguments Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| Banque Populaire Cote d' Azur | 37175 | 22304 | ▪ Under section 2.9 of the guarantees, the claims are referred to as unsecured obligations senior to common stock and *pari passu* with preferred securities.<br>▪ Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).<br>▪ Incorporates by reference the Responses of Lloyds TSB Bank plc (Geneva Branch) to Debtors' Two Hundred Fifteenth Omnibus Objection to Claims [ECF Nos. 2208, 22011-14], Response of Banco Itau Europa Luxembourg S.A. to Debtors' Two Hundred Fifteenth Omnibus Objection to Claims [ECF No. 21998], Response of Dotson Investments Limited to Debtors' Two Hundred Thirteenth Omnibus Objection to Claims [ECF No. 22023], and Response of Lamita Jabbour ro Debtors' Two Hundred Fifteenth Omnibus Objection to Claims [ECF No. 22020]. Certain of these Responses include the arguments that the Debtors (i) should be estopped from reclassifying the Subordinated Guarantee Claims as equity interests because the Debtors included preferred securities of the Issuer on the list of Lehman Program Securities, and (ii) cannot demonstrate an unambiguous subordination right inasmuch as the Guarantee uses terms that are ambiguous and contradictory. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.<br>▪ *See* Reply at ¶¶ 5-6.<br>▪ *See* Reply at ¶¶ 7-21. |
| Grace Sin Yu Fung | 36560 | [ ][1] | ▪ The ranking of the claim should be determined in accordance with applicable law and legal documents, but there is no reason why it should be reclassified as equity. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims |

---

[1] [ ] refers to letters received by the Debtors that were not formally served and do not appear on the docket.

| Claimant | Claim | Docket | Respondents' Arguments Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | | such that they are treated as Equity Interests for distribution purposes. |
| Ip Lam Sang & Tse Siu Mui | 45386 | [ ] | ▪ Claimant argues that as holders of a Lehman Brothers bond, they are creditors of LBHI. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes. |
| Yuen Sum & Ma Kwok, Michael Leung Wu | 46847 | [ ] | ▪ The ranking of the Subordinated Guarantee Claims should be determined in accordance with applicable law and legal documents, but there is no reason why it should be reclassified as equity. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes. |
| UBS AG [Response filed by Nikesh Daryani, Neelam Daryani, Parasram Daryani, and Vikas Daryani, as beneficial holders] | 36634, 36639 | 22507 | ▪ Because the subordination provision is circular, it is impossible to determine the Claims or Equity Interests with which the Subordinated Guarantee Claims are *pari passu*.<br>▪ Absent an explicit subordination provision, the Subordinated Guarantee Claims should rank above any preferred shares issued by LBHI and should be classified as subordinated claims – not Equity Interests – because the claims arise from a guarantee and not an ownership interest.<br>▪ Joinder to all other Responses filed in connection with the Two Hundred Fourteenth Omnibus Objection to Claims. | ▪ Based on LBHI's current Distribution estimates, the Court need not address at this time the alleged ambiguity as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims should be *pari passu*. The Plan provides that "each holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date." Plan at § 4.17(c). The Court retains jurisdiction to resolve any dispute that may arise in the future in the extremely remote event that there are assets available for Distributions to Equity Interests. Plan at § 14.1.<br>▪ The Subordinated Guarantee is clear: LBHI's obligations under the Subordinated Guarantee "will at all times rank … junior |

| Claimant | Claim | Docket | Respondents' Arguments Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | | to all subordinated liabilities of LBHI…." The Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce this contractual subordination. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations.  Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.  ▪ *See* the Replies to Responses listed above. |
| Lionel Dardo Occhinone | 47474 | 21853 | ▪ Joinder to Responses of "similarly situated creditors around the world" | ▪ *See* the Replies to Responses listed above. |

**Exhibit 2**

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Banque Populaire Cote d' Azur | 37175 | 22304 | ▪ LBHI conceded liability on the guarantee by listing the securities issued by the Issuers on the list of Lehman Programs Securities.<br>▪ The purported dissolution of the Issuers cannot affect the validity of the claims because both the petition date and the filing of the claims pre-dated such dissolution.<br>▪ Even if there was a dissolution, that does not relieve LBHI of its obligations because the guarantees specify that they continue even if the Issuer dissolves.<br>▪ LBHI was not being "wound up" at the time the Issuers were allegedly dissolved, and thus the act of dissolving them is a violation of section 3.3 of the guarantee.<br>▪ Joinder to the Responses of Lloyds TSB Bank plc [ECF Nos. 22008, 22011, 22012, 22013, and 22014], Banco Itau Europa Luxembourg S.A. [ECF No. 21998], Dotson Investments Limited [ECF No. 22023], and Lamita Jabbour [ECF No. 22020]. |
| Grace Sin Yu Fung | 36560 | [ ] | ▪ Because the purpose of a guarantee is that the guarantor will step in if the Issuer fails, "it would repel against common sense to say that guarantee would be terminated upon dissolution of the Issuer to the extent that even liabilities already accrued would be expunged." |
| Lionel Dardo Occhinone | 47474 | 21853 | ▪ Joinder to Responses of "similarly situated creditors around the world."<br>▪ The Debtors' objection is not supported by sufficient evidence to overcome presumptive validity of the claim. |
| Ip Lam Sang & Tse Siu Mui | 45386 | [ ] | ▪ Asserts that "LBHI has no right to reject the claim by revoking guarantees." |
| Yuen Sum & Ma Kwok, Michael Leung Wu | 46847 | [ ] | ▪ Asserts an entitlement to interest and principal on the bond.<br>▪ States that "Lehman Brothers has owed us money and therefore, we see no reason why our claim is being rejected." |
| Nikesh Daryani, Neelam Daryani, Parasram Daryani, Vikas Daryani | 36634, 36639 | 22507 | ▪ Section 502(b) states that a claim amount is determined as of the petition date. Because the guarantee did not terminate, if at all, until after the petition date, the Debtors cannot avoid liability on the basis of the post-petition termination of the guarantee based on the dissolution of LB UK V. |
| Klaus Peter Sauer | 34579 | 21504 | ▪ Asserts that bought bonds from "Lehman Brothers" because he thought it was an "A rated bank which no doubt will honor all claims." |
| Adventist Union Limited | 40232 | 21529 | ▪ States that "we are opposing and are not accepting our claim to be disallowed and expunged." |
| Atil Birol | 10985 | 21659 | ▪ Asserts that claimant bought the security and therefore has a claim. Claimant provides bank statement as support and states that the security was issued by "Lehman Brothers." |
| Sylvia Garcia Pastori | 36815 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Juan Enrique Llovet Garcia | 36808 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Maria Dolores Llovet Garcia | 36810 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Maria Isabel Llovet Garcia | 36806 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Jaun Enrique Llovet Rubio | 36809 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Maria Dolores Llovet Garcia | 36807 | 21687 | ▪ Asserts that Debtors' objection is an effort to reduce recoveries of certain claimants in favor of other claimants and that all claimants should be treated equally. |
| Surplus Link Limited | 37507 | [ ] | ▪ States that "we are the said perpetual bond holder" and that "we should be allowed to partake in the distribution of whatever cash is available for distribution under this class of debtors." |
| Alberto Borrino | 41133 | 21234 | ▪ Asserts that he acquired the bonds from "Lehman Bros… on the belief that Lehman Brothers will repay these bonds as offered in the corresponding issuance prospectus." |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Eduardo Rafael Schiariti | 36819 | 21087 | ▪ Asserts that acquired LBHI preferred stock in good faith and sees no "valid reasons why (his) lawful right to collect the debt should be impaired." |
| Amr Samir Mohamed Zaki Abdel Kader | 36674 | 22212 | ▪ Asserts that he invested with "Lehman Brothers Holdings" and that he holds a legal basis to his claim. |
| Middle East Shipping | 44060 | [ ] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Banque Bemo Sal | 13115 | [ ] | ▪ Asserts that because it purchased the relevant securities and properly filed a claim, it is "entitled to claim our rights in as much as such rights could be satisfied from the liquidation process." |
| Banque Bemo Sal | 13118 | [ ] | ▪ Asserts that because it purchased the relevant securities and properly filed a claim, it is "entitled to claim our rights in as much as such rights could be satisfied from the liquidation process." |
| Wong Hung Ying | 43442 | [ ] | ▪ Asserts that has a position in a bond issued by Lehman Brother UK Capital Funding, which is a wholly owned subsidiary of LBHI.<br>▪ Asserts that the guarantor is Lehman Brothers Holdings plc, which is also a wholly owned subsidiary of LBHI. |
| Rajiv Jain & Rippan Jain | 6161 | [ ] | ▪ States that "full of the claim should be allowed without granting any relief to the debtors." |
| Margarita Roldos | 36818 | 22273 | ▪ Asserts that all claimants that legally and timely filed their claims should be treated on an equal basis.<br>▪ Asserts that invested "with Lehman" because the firm had a good credit reputation. |
| Margarita Michelini | 36811 | 22302 | ▪ Asserts that all claimants that legally and timely filed their claims should be treated on an equal basis.<br>▪ Asserts that invested "with Lehman" because the firm had a good credit reputation. |
| Jorge Roldos | 36814 | 22272 | ▪ Asserts that all claimants that legally and timely filed their claims should be treated on an equal basis.<br>▪ Asserts that invested "with Lehman" because the firm had a good credit reputation. |
| Carolina de Baeremaecker | 36813 | 22274 | ▪ Asserts that all claimants that legally and timely filed their claims should be treated on an equal basis.<br>▪ Asserts that invested "with Lehman" because the firm had a good credit reputation. |
| Mirta Bessio | 47444 | 22268 | ▪ Asserts that he purchased, in good faith, what he thought were good and safe bonds. |
| Daniel Nemoy | 36817 | 22307 | ▪ Asserts that all claimants that legally and timely filed their claims should be treated on an equal basis.<br>▪ Asserts that invested "with Lehman" because the firm had a good credit reputation. |
| Tak Chung J, Tong Yuk Kwan | 47294 | 22311 | ▪ Asserts an entitlement to interest and principal on the bond.<br>▪ States that "Lehman Brothers has owed us money and therefore, we see no reason why our claim is being rejected." |
| Lung Wing Man Virginia | 47296 | 22311 | ▪ Asserts an entitlement to interest and principal on the bond.<br>▪ States that "Lehman Brothers has owed us money and therefore, we see no reason why our claim is being rejected."Entitled to interest and principal on bond |
| Fernando Martin Anchorena | 55675 | 22316 | ▪ Asserts that he purchased, in good faith, what he thought were good and safe bonds. |
| Wilhelm Kraemer | 41222 | 22349 | ▪ Asserts that he bought the security and therefore has a claim.  Claimant provides bank statement as support. |
| Wing Lung Bank LTD on behalf of Timy Lam Yik Ping & Elaine Li Yuet Ling | 45202 | [ ] | ▪ Asserts an entitlement to interest and principal on the bond.<br>▪ States that "Lehman Brothers has owed us money and therefore, we see no reason why our claim is being rejected." |
| A Cheung Fan Kit Ling | 41254 | 22515 | ▪ Asserts that he purchased, in good faith, what he thought were good and safe bonds. |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Lin Wen Yen and Lin-Chou Chiang Hua | 41316 | [ ] | ▪ Asserts that he bought the security and therefore has a claim. Claimant provides bank statement as support. |
| Rosa Te Chen | 40968 | [ ] | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ States that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Caridad and Allen Antonio Tan | 45610 | [ ] | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Charles and Patty Tu | 55003 | [ ] | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Bloomingdale's Int Vent Ltd. | 45086 | 22534 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Buoyang Hill Corporation | 45682 | 22525 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Peter And Rose Chan | 41639 | 22524 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| China Unique Holdings Ltd | 40813 | 22545 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Chiphar Corporation | 40814 | 22546 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Lee, Tsu-Shiu And Lee, Yen Shu Meei | 42343 | 22523 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Luminance Ventures Ltd | 40810 | 22537 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Matrix Control | 40812 | 22542 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Mm2275 Co. Ltd. | 40397 | 22528 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Pinky Limited | 42614 | 22527 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Ridgecrest Holdings Ltd | 46589 | 22526 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Bambang/ Lau Ha Chun Sugiarto | 36650 | 22234 | ▪ Attaches bank statement and states the following: "we restate our claim and attach the statement issued by the investment bank to prove that we are the owner of the claim." |
| Suwang-Sun Co Ltd | 40811 | 22540 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Tsai Hsiang Wang | 36470 | 22626 | ▪ Opposes disallowance because "the bond I purchased is no different than others." |
| Yetti Ltd. | 40541 | 22548 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Shyh-An Su and Shiouw-Chin Su Luo | 40346 | 22512 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Manuel Avelino Ornelas | 43259 | [ ][1] | ▪ Asserts that they oppose disallowance and expungement of claims |
| Primax International Investments Ltd. | 40370 | [ ] | ▪ States that Respondent "strongly object[s] and oppose[s]" unilateral decision to disallow. |
| Rafael Alonso Vertiz | 47459 | [ ][2] | ▪ Asserts that "the terms of the Subordinated Guarantee contain internal contradiction with respect to the termination of such Guarantee." "Such ambiguity should be resolved in the sense that the Guarantee is not terminated by the dissolution of the issuer…"<br>▪ Asserts that the claims should not be disallowed because the proof of claim was filed before dissolution of the issuer. |

---

[1] Response received via email from Respondent dated November 11, 2011.

[2] Response received after initial hearing date and after claimant's claim has already been expunged.