HEARING DATE AND TIME: April 26, 2012 at 10:00 A.M. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | |
|---|---|
| In re : | **Chapter 11 Case No.** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | **08-13555 (JMP)** |
| : | |
| Debtors. : | **(Jointly Administered)** |

-----------------------------------------------------------------x

**OMNIBUS REPLY TO RESPONSES TO DEBTORS'**
**TWO HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 (the "Plan")[1], files this reply to responses (the "Responses") filed in connection with the Debtors' Two Hundred Fifteenth Omnibus Objection to Claims, dated September 16, 2011 [ECF No. 20104] (the "Objection"), and respectfully represents as follows:

**Reply**

1.     The basis for the proofs of claim subject to the Objection (the "Subordinated Guarantee Claims") is a prepetition guarantee by LBHI of certain obligations of a non-Debtor:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Lehman Brothers UK Capital Funding IV L.P.[2] ("LB UK IV") or Lehman Brothers UK Capital Funding V L.P.[3] ("LB UK V," and together, the "Issuers"). The Objection sought to disallow or, in the alternative, reclassify the Subordinated Guarantee Claims.

2. Each of the Responses opposed disallowance of the Subordinated Guarantee Claims. The arguments raised against disallowance are summarized on Exhibit 2 attached hereto. Although the Plan Administrator does not concede the validity of these arguments, it hereby withdraws, without prejudice, the request to disallow the Subordinated Guarantee Claims for which the Responses were filed.[4]

3. It remains clear that LBHI's obligations, if any, for the Subordinated Guarantee Claims are contractually subordinated. Pursuant to the express language in the relevant guarantees (the "Subordinated Guarantees"), LBHI's obligations rank junior to all subordinated liabilities of LBHI. *See* Prospectus IV at 36; Prospectus V at 35. As described below, the Responses contain no fact or law to dispute this. Accordingly, the Plan Administrator requests that the remaining Subordinated Guarantee Claims be reclassified such that they are treated as Equity Interests, so that for distribution purposes under the Plan, they would be junior to all subordinated liabilities of LBHI.

---

[2] The prospectus for securities issued by LB UK IV ("Prospectus IV") was attached as Exhibit B to the Objection and included a form of the Subordinated Guarantee.

[3] The prospectus for securities issued by LB UK V ("Prospectus V") was attached as Exhibit C to the Objection and included a form of the Subordinated Guarantee.

[4] By order entered on December 5, 2011, the Court disallowed and expunged certain Subordinated Guarantee Claims, as identified on Exhibit 1 of the Order, asserting $95,472,632.43 in the aggregate and reclassified as Equity Interests in LBHI certain Subordinated Guarantee Claims, as identified on Exhibit 2 of the Order, asserting $204,000 in the aggregate.

2

**The Subordinated Guarantee Claims Should Be
Reclassified As Equity Interests For Purposes of Distribution Under the Plan**

4.      Only twelve (12) Responses objected to the Debtors' request to reclassify the Subordinated Guarantee Claims as Equity Interests. Each of the arguments made in these Responses is addressed on <u>Exhibit 1</u> attached hereto, and set forth below are replies to certain arguments that appear in more than one Response.

A.      **The Plan Administrator is not estopped from prosecuting the Objection.**

5.      Certain Responses assert that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims as Equity Interests because the Debtors included preferred equity securities issued by the Issuers (not the Subordinated Guarantee or the Subordinated Guarantee Claims) on a list of "Lehman Programs Securities" that the Debtors published in accordance with the Bar Date Order.

6.      By publishing the list of Lehman Programs Securities, the Debtors did not concede any liability for the securities listed thereon or any guarantees thereof and did not discuss the relative priority of any claims that may arise therefrom. The sole purpose of publishing the list of Lehman Programs Securities was to alert the holders of particular securities (a group of unknown potential claimants) that certain alternative claim filing procedures applied to them. Respondents have failed to cite any authority to support their position that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims. The Debtors took no actions upon which Claimants detrimentally relied – in fact, the Plan Administrator is not in this Objection contesting the allowance of the Subordinated Guarantee Claims on any procedural grounds – and the Plan Administrator should not be estopped from reclassifying the Subordinated Guarantee Claims. *See generally Texaco Inc. v. Bd. of Comm'rs. for the LaFourche Basin Levee Dist.* (*In re Texaco Inc.*), 254 B.R. 536, 560-61 (Bankr. S.D.N.Y. 2000)

3

("Equitable estoppel applies where the disadvantaged party (1) lacked knowledge of the true facts, (2) reasonably relied on the Debtor's misleading conduct, and (3) suffered prejudice as a result of their reliance.").

**B.    The subordination provision should be enforced.**

7.    One Response, which was adopted in three others, asserted that a clause of the subordination provision in the Subordinated Guarantee is ambiguous and, as a result, is unenforceable. Response of Lamita Jabbour [ECF No. 22020] (the "Response") at ¶¶ 17-23. The Response implied, therefore, that the Subordinated Guarantee should yield an enforceable senior claim. *Id*. at ¶ 22. The assertion and implication fail because (i) the alleged ambiguity is a red herring, (ii) the subordination clause is unambiguous, as it is reasonably susceptible to only one meaning, and (iii) assuming, *arguendo*, that the clause is ambiguous, the subordination provision should nonetheless be enforced.

### i.    The alleged ambiguity is a red herring.

8.    Critically, the Response does not dispute that the Subordinated Guarantee Claims "will at all times rank: (a) junior to all subordinated liabilities of LBHI… [and] (c) senior to the [common stock] of LBHI." Prospectus IV at 36; Prospectus V at 35.

9.    The Response alleges there is ambiguity only as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims are *pari passu* – i.e., which *other* Claims or Equity Interests are also both junior to all subordinated liabilities of LBHI and senior to the common stock of LBHI. Response at ¶¶ 18-22 (referring only to clause (b) of section 2.9 of the Subordinated Guarantee (section 2.9 of the Subordinated Guarantee hereinafter referred to as the "Subordination Provision")). This allegation is irrelevant to the relief requested by the Objection. The Objection seeks to reclassify the Subordinated Guarantee Claims as Equity

4

Interests for purposes of Distribution under the Plan to enforce the clear contractual subordination to all subordinated liabilities of LBHI.

10. Based on LBHI's current Distribution estimates, the Court need not address at this time the alleged ambiguity as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims should be *pari passu*. The Plan provides that "each holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date." Plan at § 4.17(c). The Court retains jurisdiction to resolve any dispute that may arise in the future in the extremely remote event that there are assets available for Distributions to Equity Interests. Plan at § 14.1.

### ii. The Subordination Provision is unambiguous.

11. Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). In this case, the Subordinated Guarantees are governed by, and are to be construed and interpreted in accordance with, the laws of the State of New York. Prospectus IV at 39; Prospectus V at 38.

12. Under New York law, a contractual provision is ambiguous if it is "*reasonably susceptible to more than one meaning.*" *In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71 (Bankr. S.D.N.Y. 2007) (emphasis added); *see also U.S. Fire Ins. Co. v. Gen. Reinsurance Corp.*, 949 F.2d 569, 572 (2d Cir. 1991) ("As with contracts generally, a provision in an insurance policy is ambiguous when it is reasonably susceptible to more than one reading."). A contract is not ambiguous simply because the parties disagree on the meaning of its terms. *Met. Life Ins. Co. v. RJR Nabisco, Inc.*, 906 F.2d 884, 889 (2d Cir.1990) ("language whose meaning is

5

otherwise plain is not ambiguous merely because the parties urge different interpretations in the litigation"); *see also Hunt Ltd. v. Lifschultz Fast Freight, Inc.*, 889 F.2d 1274, 1277 (2d Cir.1989).

13.     When evaluating whether a contractual provision is "reasonably susceptible to more than one meaning," courts must consider the provision in the context of the agreement as a whole. *See Sayers v. The Rochester Tel. Corp. Supplemental Mgmt. Pension Plan*, 7 F.3d 1091, 1095 (2d Cir.1993) (stating that "[c]ontract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement and who is cognizant of the customs, practices, usages and terminology as generally understood in the particular trade or business").

14.     The Subordination Provision at issue provides:

> LBHI agrees that its obligations hereunder constitute unsecured obligations of LBHI subordinated in right of payment to Senior Creditors and will at all time rank: (a) junior to all subordinated liabilities of LBHI… (b) *pari passu* with Parity Securities, if any, issued by LBHI and any guarantee or support agreement of LBHI ranking *pari passu* with this Subordinated Guarantee and issued in respect of Parity Securities issued by the Issuer or any Subsidiary; and (c) senior to the Junior Share Capital of LBHI.

Prospectus IV at 36; Prospectus V at 35.  As referenced above, the Response alleges ambiguity only with respect to clause (b) of the Subordination Provision.

15.     Clause (b) is not reasonably susceptible to more than one meaning when it is read with the remainder of the Subordination Provision.  It can only mean that the Subordinated Guarantee Claims rank equal in priority to various issuances of preferred equity of LBHI (i.e., junior to debt obligations of LBHI and senior to common equity of LBHI) and that LBHI's obligations under one Subordinated Guarantee (e.g., the guarantee issued in respect of LB UK

6

IV) rank the same as LBHI's obligations under other Subordinated Guarantees (e.g., the guarantee issued in respect of LB UK V).

16.  Further, reading the Subordination Provision within the context of the Subordinated Guarantee as a whole and the prospectus with which it was made available to creditors confirms the sole reasonable meaning of the Subordination Provision: to rank LBHI's obligation under the Subordinated Guarantee junior to all subordinated liabilities of LBHI and *pari passu* with preferred securities or other Subordinated Guarantees.  Examples of the prospectuses' numerous references to the subordinated nature of LBHI's obligations under the Subordinated Guarantee include the following:

- "The Subordinated Guarantee will rank *pari passu* with the non-cumulative perpetual preferred securities or preferred stock of LBHI (whether or not in issue)."  Prospectus IV at 6; Prospectus V at 6.

- "The obligations of LBHI under the Subordinated Guarantee will rank junior as to payments to all liabilities to creditors of LBHI (including without limitation general creditors and subordinated debt holders excluding Parity Securities and Junior Share Capital) and claims of holders of senior ranking securities.  In the event that LBHI is wound-up, liquidated or dissolved, the assets of LBHI would be available to pay obligations under the Subordinated Guarantee only after all payments have been made on such senior liabilities and claims."  Prospectus IV at 16; Prospectus V at 6.

- "The Preferred Securities are guaranteed on a limited and subordinated basis by LBHI pursuant to the terms of the Subordinated Guarantee.  Accordingly, if LBHI's financial condition were to deteriorate, the Holders may suffer direct and materially adverse consequences, including non-payment… of payments under the Subordinated Guarantee."  Prospectus IV at 15; Prospectus V at 6.

- "The Preferred Securities, together with the Subordinated Guarantee, are intended to provide Holders, with respect to the Issuer, with rights on liquidation of the Issuer equivalent to non-cumulative preferred stock of LBHI, whether or not issued."  Prospectus IV at 9; Prospectus V at 9.

17.  Rather than assert that the Subordination Provision is reasonably susceptible to an alternative meaning, the Response asserts that clause (b) and the use of the term "Parity

7

Securities" in such clause are contradictory and circular. In other words, the Response asserts that clause (b) has no meaning and that this Court should invalidate the entirety of the Subordination Provision as a result. Response at ¶¶ 17-22. The Court should reject this assertion. "It is a cardinal rule of construction that a court should not adopt an interpretation which will operate to leave a provision of a contract without force and effect." *Corhill Corp. v. S. D. Plants, Inc.*, 9 N.Y.2d 595, 599, (1961); *see also Zahler v. Twin City Fire Ins. Co.*, No. 04-10299, 2006 WL 846352 at *6 (S.D.N.Y. Mar. 31, 2006) (interpreting contractual provision to avoid rendering others meaningless); *Laish, Ltd. v. Jafora-Tabori, Ltd.*, No. 02-1322, 2006 WL 270250 at * 5 (E.D.N.Y. Feb. 1, 2006) ("a contract provision will not be read to render a disputed clause meaningless").

### ii. An ambiguous agreement is nonetheless enforceable.

18. Assuming, *arguendo*, the Court determines clause (b) of the Subordination Provision is ambiguous, the Court may and should still enforce the Subordination Provision.[5] As noted above, section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). Under New York law, where a contractual provision is ambiguous, it is up to the court to interpret and enforce the provision in accordance with the intent of the parties. *See Kass v. Kass*, 91 N.Y.2d 554, 567 (1998) ("Where the document makes clear the parties' over-all intention, courts examining isolated provision should then choose that construction which will carry out the plain purpose and object of the agreement"); *see also In re Enron Creditors Recovery Corp.*, 370 B.R. 64, 71-72 (Bankr. S.D.N.Y. 2007); 22 N.Y. Jur. 2d

---

[5] The Response asserts that the Debtors conceded that an "unambiguous" subordination right must be demonstrated in order to subordinate the Subordinate Guarantee Claims. The Debtors made no such concession or assertion. In the Objection, the Debtors merely stated that "(u)nder general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement."

8

Contracts § 222 ("Where the parties have chosen words which leave room for construction, that construction of the contract should be adopted which will carry out its plain purpose and object.").

19.   The intent of the Subordination Provision is clear from the text of the Subordination Provision itself: LBHI's obligations under the Subordinated Guarantee "will at all times rank … junior to all subordinated liabilities of LBHI…." The intent is further evidenced, and in no way contradicted, by the plain meaning of the numerous references in the prospectus to the subordinated nature of the Subordinated Guarantees. Accordingly, the Court should enforce the Subordination Provision and reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for purposes of Distributions under the Plan. Failure to enforce the Subordination Provision would lead to an absurd and inequitable result that the parties did not intend.

## Conclusion

20.   As a result of the foregoing, the arguments set forth in the Objection, and further arguments which may be made at the hearing to consider the Objection, the Responses should be

overruled and the Subordinated Guarantee Claims should be reclassified as Equity Interests and included in LBHI Class 12 for distribution purposes under the Plan.

Dated: April 21, 2011
      New York, New York

                                      /s/ Robert J. Lemons
                                      Robert J. Lemons

                                      WEIL, GOTSHAL & MANGES LLP
                                      767 Fifth Avenue
                                      New York, New York 10153
                                      Telephone: (212) 310-8000
                                      Facsimile: (212) 310-8007

                                      Attorneys for Lehman Brothers Holdings Inc.
                                      and Certain of Its Affiliates

**Exhibit 1**

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| Banco Itau Europa Luxembourg S.A. | 67497 | 21998 | ▪ Debtors included securities issued by Issuer on the list of Lehman Program Securities. | ▪ *See* Reply ¶¶ 5-6. |
| Lloyds TSB Bank plc (Geneva Branch) | 55516 55506 55515 55517 55508 | 22008 22011 22012 22013 22014 | ▪ Under section 2.9 of the guarantee, the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities.<br>▪ To the extent reclassification is allowed, the Court must preserve the relative priority described in the Subordinated Guarantee. | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.<br>▪ The priority of claimant's interest will be respected. Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date." |
| Lamita Jabbour | 56189 | 22020 | ▪ The Debtors cannot demonstrate an unambiguous subordination right inasmuch as the Guarantee uses terms that are ambiguous and contradictory.<br>▪ Nothing in the Subordinated Guarantee indicates that Claimants agreed to subordinate their claims, only LBHI agreed that the claims would be subordinated. | ▪ See Reply ¶¶ 7-19.<br>▪ The Subordinated Guarantee is an integrated agreement. If Respondent wishes to enforce the Subordinated Guarantee, Respondent cannot pick and choose the provisions to which she is bound. |
| Banco Pastor | 58983 | 22637 | ▪ Under section 2.9 of the guarantee, the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities.<br>▪ To the extent reclassification is allowed, the Court must preserve the relative priority described in the | ▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to |

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | Subordinated Guarantee. | LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.<br>▪ The priority of Respondents' interest will be respected. Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's right of payment prior existing immediately prior to the Commencement Date." |
| Jamie H. Murcia | 67453 | 22672 | ▪ There is no basis for reclassifying the claims under the Prospectus or Subordinated Guarantee.<br>▪ Under Section 2.9 of the guarantee the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities.<br>▪ To the extent reclassification is allowed, the Court must preserve the relative priority described in the Subordinated Guarantee. | ▪ The terms of the Subordinated Guarantee establish a sufficient basis for subordinating the Subordinated Guarantee Claims to the level of an Equity Interest. LBHI did not agree to a greater priority for its guarantee of preferred equity of the Issuers.<br>▪ Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.<br>▪ The priority of Respondents' interest will be respected. Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's right of payment prior existing immediately prior to the Commencement Date." |
| Souad Salame | 67350 | 22135 | ▪ Joinder to Responses of Banco Itau Europa Luxembourg S.A.[ECF No. | ▪ *See* Reply to Responses of Banco Itau Europa Luxembourg S.A., |

| Claimant | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| | | | 21998], Lloyds TSB Bank PLC [ECF Nos. 22008, 22011-14], and Lamita Jabbour [ECF No. 22020]. | Lloyds TSB Bank PLC , and Lamita Jabbour above. |
| Alberto Bension and Zulema Mallo | 47495 | [ ][1] | ▪ Joinder to Responses of Banco Itau Europa Luxembourg S.A. [ECF no. 21998]; Lloyds TSB Bank PLC [ECF Nos. 22008, 220011-14]; Lamita Jabbour [ECF No. 22020]; Banco Pastor [ECF No. 22637]: and Jamie H Murcia [ECF No. 22672]. | ▪ *See* Reply to Responses of Banco Itau Europa Luxembourg S.A., Lloyds TSB Bank PLC, Lamita Jabbour, Banco Pastor, and Jamie H Murcia above. |
| Andres Bension Hallo | 47496 | [ ] | ▪ Joinder to Responses of Banco Itau Europa Luxembourg S.A. [ECF no. 21998]; Lloyds TSB Bank PLC [ECF Nos. 22008, 220011-14]; Lamita Jabbour [ECF No. 22020]; Banco Pastor [ECF No. 22637]: and Jamie H Murcia [ECF No. 22672]. | ▪ *See* Reply to Responses of Banco Itau Europa Luxembourg S.A., Lloyds TSB Bank PLC, Lamita Jabbour, Banco Pastor, and Jamie H Murcia above. |

---

[1] [ ] refers to letters received by the Debtors that were not formally served and do not appear on the docket.

**Exhibit 2**

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Banco Itau Europa Luxembourg S.A. | 67497 | 21998 | <ul><li>Claims are determined under section 510(b) on the date of LBHI's filing and not on the date of the subsequent dissolutions of the Issuers. Thus, the guarantees were valid and enforceable as of the filing date.</li><li>LBHI is not being "wound up" or liquidated, and therefore the provision in the Subordination Agreement that would allow LBHI to dissolve the trust if it is being wound up is in applicable.</li><li>To the extent LBHI was involved in the dissolution of the Issuer, it cannot benefit from the resulting termination of the guarantee and the disallowance of the Claim.</li></ul> |
| Lloyds TSB Bank plc (Geneva Branch) | 55516 55506 55515 55517 55508 | 22008 22011 22012 22013 22014 | <ul><li>LBHI is a guarantor and conceded liability on the guarantee by listing the securities issued by the Issuers on the list of Lehman Program Securities.</li><li>The Debtors' argument that the guarantee had been terminated must fail because the claim was filed prior to the dissolution of the Issuer.</li><li>The only reason claimant had not previously sought to enforce the guarantee was because of the automatic stay. It is not fair for the Debtors to hide behind the automatic stay and then later dissolve the entities and attempt to expunge the claims.</li><li>Under the terms of the guarantee, dissolution of the Issuers does not relieve LBHI of its obligations under the guarantee.</li><li>LBHI could not dissolve the Issuers because under section 3.3 of the Subordinated Guarantee, LBHI may not dissolve the Issuer unless it is being would up. The Debtors' plan is a plan of reorganization and not a plan of liquidation. Thus, LBHI is not being "wound up," and if LBHI was involved in the dissolution of the Issuers, it may not benefit from the termination of the guarantee and disallow the claim.</li></ul> |
| Lamita Jabbour | 56189 | 22020 | <ul><li>The termination clause is not controlling because: (i) it has a reinstatement provision, (ii) it is contradicted by a survival clause and (iii) only the survival clause should control. Under NY law, when two contractual provisions are irreconcilable, courts will only uphold the provision that is more specific or more principle to the contract – in this case, the survival clause. Further, ambiguities are generally interpreted against the drafter.</li><li>Upon the dissolution of the Issuer, holders of Preferred Securities became entitled to a Liquidation Distribution, which they did not receive.</li><li>LBHI became obligated under the guarantee for certain guaranteed payments, including the Optional Redemption Price. The Optional Redemption Price is defined as including the Liquidation Preference, which is defined as including the Liquidation Distribution.</li></ul> |
| Souad Salame | 67350 | 22135 | <ul><li>Joinder to Responses of Banco Itau Europa Luxembourg S.A.[ECF No. 21998], Lloyds TSB Bank PLC [ECF Nos. 22008, 22011-14], and Lamita Jabbour [ECF No. 22020].</li></ul> |
| Alberto Bension and Zulema Mallo | 47495 | [ ] | <ul><li>Joinder to Responses of Banco Itau Europa Luxembourg S.A. [ECF no. 21998]; Lloyds TSB Bank PLC [ECF Nos. 22008, 220011-14]; Lamita Jabbour [ECF No. 22020]; Banco Pastor [ECF No. 22637]: and Jamie H Murcia [ECF No. 22672].</li></ul> |
| Andres Bension Hallo | 47496 | [ ] | <ul><li>Joinder to Responses of Banco Itau Europa Luxembourg S.A. [ECF no. 21998]; Lloyds TSB Bank PLC [ECF Nos. 22008, 220011-14]; Lamita Jabbour [ECF No. 22020]; Banco Pastor [ECF No. 22637]: and Jamie H Murcia [ECF No. 22672].</li></ul> |
| Banco Pastor | 58983 | 22637 | <ul><li>LBHI is a guarantor and conceded liability on the guarantee by listing the securities issued by the Issuers on the list of Lehman Program Securities.</li><li>The Debtors' argument that the guarantee had been terminated must fail because the claim was filed prior to the dissolution of the Issuer.</li><li>The only reason claimant had not previously sought to enforce the guarantee was because of the automatic stay. It is not fair for the Debtors to hide behind the automatic stay and then later dissolve the entities and attempt to expunge the</li></ul> |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| | | | claims.<br>▪ Under the terms of the guarantee, dissolution of the Issuers does not relieve LBHI of its obligations under the guarantee.<br>▪ LBHI could not dissolve the Issuers because under section 3.3 of the Subordinated Guarantee, LBHI may not dissolve the Issuer unless it is being would up. The Debtors' plan is a plan of reorganization and not a plan of liquidation. Thus, LBHI is not being "wound up," and if LBHI was involved in the dissolution of the Issuers, it may not benefit from the termination of the guarantee and disallow the claim. |
| Jamie H. Murcia | 67453 | 22672 | ▪ Section 502(b) of the Bankruptcy Code provides that the Court shall determine the amount of claims as of the date of the filing of the petition. As of the petition date, the Issuers were in existence and had not yet allegedly dissolved. Therefore, as of the petition date, the guarantee was valid and enforceable.<br>▪ The Debtors' reliance on the dissolution of the Issuer is troubling, considering that the Issuer's general partner was a wholly owned subsidiary of LBHI. LBHI alone had the ability, if any, to bring about the events on which the instant objection is premised.<br>▪ The Court must determine whether the act of dissolution was *ultra vires*, or whether LBHI was required to obtain court approval before undertaking this action to the extent that a dissolution of the Issuer was tantamount to the use, sale or other disposition of estate property outside the ordinary course of the Debtors' business, subject to the provisions of Section 363 of the Bankruptcy Code.<br>▪ The Debtors have failed to articulate any basis why they are not liable for the Liquidation Distributions on account of the Subordinated Guarantee. |
| Alejandro Diego Duarte | 61645 | | ▪ Asserts that Respondent holds a claim and is entirely opposed to the disallowance. |
| Rosa Maria Calzada Rebolledo & Claudia Elena Sharpe Calzada | 56936 | 21715 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Ernesto Javier Almada Gonzalez & Ana Maria Gomez Mundo | 51285 | 21500 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Francisco Orozco Covarrubias | 51092 | 21503 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Monica Diaz Clark | 49486 | 21510 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Alicia Gonzalez, Ruben Garcia Conzalez, & Enrique G. Garcia | 51597 | 21511 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Octavio Velasco Ruvalcaba, Margarita Sevilla, & Octavio Velasco Sevilla | 50683 | 21513 | ▪ States that "the purchase of the securities was legitimate and the claim was filed on time." |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Hector Castellanos Ramirez & Lillian Frank de Castellanos | 50682 | 21514 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Ethela M. Guzman Aldana | 51091 | 21516 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Gerardo Armando Vidrio Chavez | 56046 | 21520 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Gerardo Armando Vidrio Chavez | 57713 | 21521 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Jaime Hernandez Gallego & Regina Hernandez Tercero | 50393 | 21539 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Tahra Holdings | 57049 | 21571 | • Objects to disallowance and expungement "since I only invested money on debtors hands and had no participation on the handling of the trust." |
| Ma. De La Paz Gomez Flores, Ma. Del Refugio Gomez Flores, Salvador Gomez Flores | 56949 | 21677 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| Herminia Castaneda Sanroman & Silvia H. Ramirez Castaneda | 50842 | 21681 | • States that "the purchase of the securities was legitimate and the claim was filed on time." |
| David Jesus Alpizar Carrillo & Marissa Navarrete Sierra | 49481 | 21686 | • Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>• Asserts that disallowance of claim is a violation of "human international rights."<br>• Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Jose Francisco D'Luna Canton, Veronica V. D'Luna Ascencio, Cynthia P. D'Luna Ascencio, Liliana Ascencio De Luna, Jacqueline I. D'Luna Ascencio | 65592 | 21688 | • Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |

| Claimant | Claim | Docket | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Patricia De Guadalupe Paramo & Jose Ma De Los Angeles Oliveros | 65675 | 21696 | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Georgina Margarita Gonzalez | 49490 | 21701 | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Jose Ricardo Alcala Luna, Ana Maria Ocampo Flores | 56480 | 21712 | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Janus Systems S.A. | 55211 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Antonia Briceno Vargas & Patricia De La R. De Brinceno | 49488 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Josefina Flores Ochoa & Sergio Leal Flores | 64860 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Josefina Flores Ochoa & Sergio Leal Flores | 64859 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Josefina Flores Ochoa & Josefina Leal Flores | 64861 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Eduardo Camerena Padilla, Ma De La Luz Camarena Padilla | 56943 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Rosa Evelia Camarena Padilla & Ma De La Luz Camarena Padilla | 56944 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Rosa Evelia Camarena Padilla & Ma De La Luz Camarena Padilla | 56945 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |

| **Claimant** | **Claim** | **Docket** | **Respondents' Argument Against Disallowance** |
|---|---|---|---|
| Socorro Camarena Padilla & Ma De La Luz Camarena Padilla | 56942 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Ana Maria Preciat de Menendez | 51128 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time."<br>▪ Asserts that disallowance of claim is a violation of "human international rights."<br>▪ Asserts that objection is "an attempt by the debtor to eliminate small savers who cannot defend themselves." |
| Gregorio Blasco Martin & Natividad Martinez Farcia | 60503 | [] | ▪ Asserts that they purchased ISIN XS028297866 and filed evidentiary documentation with the court to prove such purchase. |
| Antonio Walker Touche Irma Olvera De Walker | 50394 | [] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Joaquim Armindo Santos Gradim | 61429 | [ ] | ▪ Asserts that "the purchase of the securities was legitimate and the claim was filed on time." |
| Banco Pastor, S.A. | 67376 | [ ] | ▪ Asserts that "the claim should be paid in its entirety" because it was an investment grade product. |
| Jorge Saez Concepcion | 60501 | 22243 | ▪ Response is in Spanish. Respondent states that "he does not agree" and that he does not give up his preferred shares. |
| Tactics Limited | 54791 | 22529 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |
| Charles and Patty Tu | 55003 | 22510 | ▪ Asserts that the bond was issued by Lehman Brothers directly or indirectly through one of its entities and the claimant bought the bond based on the credibility of Lehman Brothers.<br>▪ Argues that "the court should uphold the claims of all common retail investors who bought these bonds in good faith." "Allowing the debtors to not pay their debts is immoral and unethical." |