HEARING DATE AND TIME: April 26, 2012 at 10:00 A.M. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**OMNIBUS REPLY TO RESPONSES TO DEBTORS'**
**TWO HUNDRED SIXTEENTH OMNIBUS OBJECTION TO CLAIMS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated December 5, 2011 (the "Plan")[1], files this reply to responses (the "Responses") filed in connection with the Debtors' Two Hundred Sixteenth Omnibus Objection to Claims, dated September 16, 2011 [ECF No. 20105] (the "Objection"), and respectfully represents as follows:

**Reply**

1. The basis for the proofs of claim subject to the Objection (the "Subordinated Guarantee Claims") is a prepetition guarantee by LBHI of certain obligations of a non-Debtor:

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Lehman Brothers UK Capital Funding IV L.P.[2] ("LB UK IV") or Lehman Brothers UK Capital Funding V L.P.[3] ("LB UK V," and together, the "Issuers"). The Objection sought to disallow or, in the alternative, reclassify the Subordinated Guarantee Claims.

2. Each of the Responses opposed disallowance of the Subordinated Guarantee Claims. The arguments raised against disallowance are summarized on Exhibit 2 attached hereto. Although the Plan Administrator does not concede the validity of these arguments, it hereby withdraws, without prejudice, the request to disallow the Subordinated Guarantee Claims for which the Responses were filed.[4]

3. It remains clear that LBHI's obligations, if any, for the Subordinated Guarantee Claims are contractually subordinated. Pursuant to the express language in the relevant guarantees (the "Subordinated Guarantees"), LBHI's obligations rank junior to all subordinated liabilities of LBHI. *See* Prospectus IV at 36; Prospectus V at 35. As described below, the Responses contain no fact or law to dispute this. Accordingly, the Plan Administrator requests that the remaining Subordinated Guarantee Claims be reclassified such that they are treated as Equity Interests, so that for distribution purposes under the Plan, they would be junior to all subordinated liabilities of LBHI.

---

[2] The prospectus for securities issued by LB UK IV ("Prospectus IV") was attached as Exhibit B to the Objection and included a form of the Subordinated Guarantee.

[3] The prospectus for securities issued by LB UK V ("Prospectus V") was attached as Exhibit C to the Objection and included a form of the Subordinated Guarantee.

[4] By order entered on December 5, 2011 [ECF No. 22938] (the "Order"), the Court disallowed and expunged certain Subordinated Guarantee Claims, as identified on Exhibit 2 of the Order, asserting approximately $137,409,388.22 in the aggregate and reclassified as Equity Interests in LBHI certain Subordinated Guarantee Claims, as identified on Exhibit 3 of the Order, asserting approximately $3,105,000.00 in the aggregate.

2

## The Subordinated Guarantee Claims Should Be
## Reclassified As Equity Interests For Purposes of Distribution Under the Plan

4.  Only seven (7) Responses objected to the Debtors' request to reclassify the Subordinated Guarantee Claims as Equity Interests. Each of the arguments made in these Responses is addressed on Exhibit 1 attached hereto, and set forth below are replies to certain arguments that appear in more than one Response.

A.  **The Objection is procedurally proper.**

5.  Throughout these cases, this Court has routinely ordered subordination of claims pursuant to Bankruptcy Code section 510 in contested matters.[5] Two Responses incorrectly argue that the Objection should be denied because Bankruptcy Rule 7001(8) required the Debtors to commence an adversary proceeding to obtain the relief requested. Bankruptcy Rule 7001(8) was inapplicable because the Subordinated Guarantee Claims were not "allowed" claims. *See* FED. R. BANKR. P. 7001(8) (referring to "allowed claim or interest"). The Subordinated Guarantee Claims were subject to an objection seeking disallowance and, as such, were not "allowed" claims. *See In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested

---

[5] *See, e.g.*, Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17350]; Order Granting Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20629]; Order Granting Debtors' One Hundred Eighteenth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17349]; Order Granting Debtors' One Hundred Thirtieth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17369]; Order Granting Debtors' One Hundred Thirty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 17353]; Order Granting Debtors' One Hundred Thirty-Third Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18177]; Order Granting Debtors' One Hundred Thirty-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18187]; Order Granting Debtors' One Hundred Thirty-Fifth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 18178]; Order Granting Debtors' One Hundred Seventy-Sixth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) [ECF No. 20610].

matter under FED. R. BANKR. P. 9014."). Respondents have failed to cite any authority to the contrary.

6. In addition, the Responses allege no prejudice to the holders of the Subordinated Guarantee Claims arising from the current procedural posture. In such instances, where courts have concluded that "the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed." *In re Command Servs. Corp.*, 102 B.R. 905, 908 (Bankr. N.D.N.Y. 1989); *accord In re R.F. Cunningham & Co.*, 355 B.R. 408, 415-416 (Bankr. E.D.N.Y. 2006). Both Bankruptcy Rule 7008(a), which provides that "all pleadings shall be so construed as to do substantial justice," and Bankruptcy Rule 9005, which provides that "the court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties," support this interpretation by a court of equity. *See Command Servs.*, 102 B.R. at 908-09. Requiring the Plan Administrator to commence adversary proceedings to enforce the contractual subordination of the Subordinated Guarantees would be burdensome and a waste of the Court's and LBHI's resources.

**B.    The Plan Administrator is not estopped from prosecuting the Objection.**

7. One Response, which was adopted in a second, asserts that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims as Equity Interests because the Debtors included preferred equity securities issued by the Issuers (not the Subordinated Guarantee or the Subordinated Guarantee Claims) on a list of "Lehman Programs Securities" that the Debtors published in accordance with the Bar Date Order.

8. By publishing the list of Lehman Programs Securities, the Debtors did not concede any liability for the securities listed thereon or any guarantees thereof and did not

4

discuss the relative priority of any claims that may arise therefrom. The sole purpose of publishing the list of Lehman Programs Securities was to alert the holders of particular securities (a group of unknown potential claimants) that certain alternative claim filing procedures applied to them. Respondents have failed to cite any authority to support their position that the Debtors should be estopped from reclassifying the Subordinated Guarantee Claims. The Debtors took no actions upon which Claimants detrimentally relied – in fact, the Plan Administrator is not in this Objection contesting the allowance of the Subordinated Guarantee Claims on any procedural grounds – and the Plan Administrator should not be estopped from reclassifying the Subordinated Guarantee Claims. *See generally Texaco Inc. v. Bd. of Comm'rs. for the LaFourche Basin Levee Dist.* (*In re Texaco Inc.*), 254 B.R. 536, 560-61 (Bankr. S.D.N.Y. 2000) ("Equitable estoppel applies where the disadvantaged party (1) lacked knowledge of the true facts, (2) reasonably relied on the Debtor's misleading conduct, and (3) suffered prejudice as a result of their reliance.").

**Conclusion**

9. As a result of the foregoing, the arguments set forth in the Objection, and further arguments which may be made at the hearing to consider the Objection, the Responses should be overruled and the Subordinated Guarantee Claims should be reclassified as Equity Interests and included in LBHI Class 12 for distribution purposes under the Plan.

Dated: April 21, 2011
      New York, New York

    /s/ Robert J. Lemons
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

**Exhibit 1**

| Respondent | Claim | Docket | Respondents' Argument Against Reclassification | Debtors' Reply |
|---|---|---|---|---|
| Lloyds TSB Bank plc (Geneva Branch) | 55502 | 22015 | <ul><li>Under section 2.9 of the guarantee, the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities.</li><li>To the extent reclassification is allowed, the Court must preserve the relative priority described in the Subordinated Guarantee.</li></ul> | <ul><li>Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.</li><li>The priority of Respondent's interest will be respected. Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's right of payment existing immediately prior to the Commencement Date."</li></ul> |
| Bank of Valletta plc | 58114 | 22173 | <ul><li>Joinder to Response of Lloyds TSB Bank plc (Geneva Branch) [Docket No. 22015].</li></ul> | <ul><li>*See* Reply to Response of Lloyds TSB Bank plc (Geneva Branch) above.</li></ul> |
| HSBC Private Bank (Suisse) SA [Response filed by Wong Chin Pang Alex, as beneficial holder] | 56671 | 22262 | <ul><li>Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).</li><li>The Debtors' should be estopped from reclassifying the Subordinated Guarantee Claims as equity interests because the Debtors included preferred securities of the Issuer on the list of Lehman Program Securities.</li><li>To the extent the claim is reclassified, such equity interest must maintain its relative priority vis-à-vis other equity interests.</li></ul> | <ul><li>*See* Reply ¶¶ 5-6</li><li>*See* Reply ¶¶ 7-8</li><li>The priority of Respondent's interest will be respected. Section 4.17(c) of the Plan provides that "the holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's right of payment existing immediately prior to the Commencement Date."</li></ul> |
| Banque Privee Edmond de Rothschild S.A. | 46890 | 22334 | <ul><li>Joinder to response of Lloyds TSB Bank plc (Geneva Branch) [Docket No. 22015].</li></ul> | <ul><li>*See* Reply to Response of Lloyds TSB Bank plc (Geneva Branch) above.</li></ul> |
| Banqu Safdie SA | 65272 | 22348 | <ul><li>Under section 2.9 of the guarantee, the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities. Therefore, there is no basis for the claim to be</li></ul> | <ul><li>Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity</li></ul> |

| | | | | |
|---|---|---|---|---|
| | | | reclassified simply as an "equity interest." | interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes. |
| Andorra Banc Agricol Reig, S.A. | 63849 | 22662 | <ul><li>Subordination/reclassification requires the commencement of an adversary proceeding pursuant to Bankruptcy Rule 7001(8).</li><li>Under section 2.9 of the guarantee, the claim constitutes an unsecured obligation of LBHI, which must rank senior to common stock and *pari passu* with, among other things, its non-cumulative preferred stock and non-cumulative preferred securities. Therefore, there is no basis for the claim to be reclassified simply as an "equity interest."</li></ul> | <ul><li>*See* Reply ¶¶ 5-6.</li><li>Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce the contractual subordination provisions in the Subordinated Guarantees. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations and *pari passu* with the level of preferred equity in LBHI. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.</li></ul> |
| UBS AG [Response filed by Nikesh Daryani, Neelam Daryani, Parasram Daryani, and Vikas Daryani, as beneficial holders] | 59233 | [ ][1] [2] | <ul><li>Because the subordination provision is circular, it is impossible to determine the Claims or Equity Interests with which the Subordinated Guarantee Claims are *pari passu*.</li><li>Absent an explicit subordination provision, the Subordinated Guarantee Claims should rank above any preferred shares issued by LBHI and should be classified as subordinated claims – not Equity Interests – because the claims arise from a guarantee and not an ownership interest.</li><li>Joinder to all other Responses filed in connection with the Two Hundred Fourteenth Omnibus Objection to Claims.</li></ul> | <ul><li>Based on LBHI's current Distribution estimates, the Court need not address at this time the alleged ambiguity as to which *other* Claims or Equity Interests the Subordinated Guarantee Claims should be *pari passu*. The Plan provides that "each holder of an Equity Interest in LBHI may receive its share of any remaining assets of LBHI consistent with such holder's rights of payment existing immediately prior to the Commencement Date." Plan at § 4.17(c). The Court retains jurisdiction to resolve any dispute that may arise in the future in the extremely remote event that there are assets available for Distributions to Equity Interests. Plan at § 14.1.</li></ul> |

---

[1] "[ ]" refers to letters received by the Debtors that were not formally served and/or do not appear on the docket.

[2] Respondent filed a Response [ECF No. 22507] to the Two Hundred Fourteenth Omnibus Objection to Claims and requested that the Debtors treat such Response as a Response to the Two Hundred Sixteenth Omnibus Objection as well. As noted in the Objection, the Plan Administrator reserves all its rights to object on any other basis to any Subordinated Guarantee Claim or any portion of any Subordinated Guarantee Claim for which the Court does not grant the relief requested therein, including its right to object to such claims because they are duplicative of other claims filed in the above-captioned chapter 11 cases.

|  |  |  |  |  | <ul><li>The Subordinated Guarantee is clear: LBHI's obligations under the Subordinated Guarantee "will at all times rank … junior to all subordinated liabilities of LBHI…." The Subordinated Guarantee Claims are being recharacterized as Equity Interests for distribution purposes under the Plan to enforce this contractual subordination. While the Subordinated Guarantees did not give rise to an equity interest in LBHI, claimant's right to distributions are subordinated to LBHI's other debt obligations. Accordingly, the Plan Administrator seeks to reclassify the remaining Subordinated Guarantee Claims such that they are treated as Equity Interests for distribution purposes.</li><li>*See* the Replies to Responses listed above.</li></ul> |

**Exhibit 2**

| Respondent | Claim No. | Docket No. | Respondents' Argument Against Disallowance |
|---|---|---|---|
| Lloyds TSB Bank Plc (Geneva Branch) | 55502 | 22015 | ▪ LBHI conceded liability on the guarantee by listing the securities issued by the Issuers on the list of Lehman Programs Securities.<br>▪ The Debtors' argument that the guarantee had been terminated must fail because the claim was filed prior to the dissolution of the Issuer.<br>▪ The only reason claimant had not previously sought to enforce the guarantee was because of the automatic stay. It is not fair for the Debtors to hide behind the automatic stay and then later dissolve the entities and attempt to expunge the claims.<br>▪ Under the terms of the guarantee, dissolution of the Issuers does not relieve LBHI of its obligations under the guarantee.<br>▪ LBHI could not dissolve the Issuers because under section 3.3 of the Subordinated Guarantee, LBHI may not dissolve the Issuer unless it is being would up. The Debtors' plan is a plan of reorganization and not a plan of liquidation. Thus, LBHI is not being "wound up," and if LBHI was involved in the dissolution of the Issuers, it may not benefit from the termination of the guarantee and disallow the claim. |
| Bank of Valletta plc | 58114 | 22173 | ▪ Joinder to Response of Lloyds TSB Bank plc (Geneva Branch) [Docket No. 22015]. |
| HSBC Private Bank (Suisse) SA [Response filed by Wong Chin Pang Alex, a beneficial holder] | 56671 | 22262 | ▪ The Debtors' objection is not supported by substantial evidence as is required by Bankruptcy Rule 3001(f). An objection does not deprive the presumptive validity of a claim absent substantial evidence.<br>▪ The postpetition dissolution of the Issuer does not matter because section 502(b) states that a proof of claim is based on amounts owed as of the petition date.<br>▪ Joinder to Responses of Lloyds TSB Bank plc (Geneva Branch) [Docket No. 22015] and Dotson Investments Limited [ECF No. 22023]. Claimant also joins the Plan Objections of China Development Industrial Bank and Dotson Investments, both of which were withdrawn prior to confirmation of the Plan. |
| Banque Privee Edmond de Rothschild S.A. | 46890 | 22334 | ▪ Joinder to Response of Lloyds TSB Bank plc (Geneva Branch) [Docket No. 22015].<br>▪ The prospectuses state that LBHI irrevocably agrees to pay holders the guaranteed payment in full and that the obligations under the subordinated guarantee shall not be affected by a voluntary or involunatary wind–up, dissolution, etc. Thus, the Debtors' objection contravenes the express terms of the guarantee and where the provisions of the guarantee are ambiguous, the ambiguity must be construed against the Debtors. |
| Banqu Safdie SA | 65272 | 22348 | ▪ LBHI conceded liability on the guarantee by listing the securities issued by the Issuers on the list of Lehman Programs Securities.<br>▪ The LBHI guarantee has not been invalidated because (i) the claims were filed prior to the purported dissolution of the Issuers, and (ii) LBHI could not dissolve the Issuers because LBHI was and is not being "wound-up" given that it will pass through the Effective Date as a reorganized entity. |
| Andorra Banc Agricol Reig, S.A. | 63849 | 22662 | ▪ Even if LBHI's obligations under the guarantees were terminated upon the alleged postpetition dissolution of the Issuers, the termination of the LBHI guarantees would not affect any of LBHI's guarantee obligations incurred prior to such termination.<br>▪ LBHI was not authorized to dissolve the Issuers because LBHI was not being wound-up. |
| S. Feij | 63000 | 22251 | ▪ Asserts that the claim is unsecured and that "the company misled us (the investors) about their financial situation." |
| Nikesh Daryani, Neelam Daryani, Parasram | 59233 | [ ] | ▪ Section 502(b) states that a claim amount is determined as of the petition date. Because the Guarantee of LBHI did not terminate, if at all, until after the petition date, the Debtors cannot avoid liability on the basis of the post-petition termination of the Guarantee based on the dissolution of LB UK V.<br>▪ Absent production of the executed guarantee, the Debtors have failed to provide |

| Daryani, Vikas Daryani | | | sufficient evidence to overcome the presumed validity of the claim under Fed. R. Bankr. P. 3001(f). |
|---|---|---|---|