WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |

-------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING DEBTORS' OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON APRIL 26, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), filed the following omnibus claims objections (collectively, the "Claims

Objections") with the Court for hearing on or before April 26, 2012:

a.      Debtors' Two Hundred Nineteenth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 20787]**

b.      Debtors' Two Hundred Thirty-Second Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 21727]**

c.      Two Hundred Forty-First Omnibus Objection to Claims (No Liability Claims) **[ECF No. 23247]**

d.      Debtors' Two Hundred Sixty-Fifth Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 24999]**

e.      Debtors' Two Hundred Sixty-Seventh Omnibus Objection to Claims (No Liability Claims) **[ECF No. 26087]**

f.      Debtors' Two Hundred Sixty-Ninth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 26236]**

g.      Two Hundred Seventy-First Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 26233]**

h.      Two Hundred Seventy-Second Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests) **[ECF No. 26234]**

i.      Two Hundred Seventy-Third Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 26237]**

j.      Two Hundred Seventy-Fourth Omnibus Objection to Claims (Amended and Superseded Claims) **[ECF No. 26238]**

k.      Two Hundred Seventy-Fifth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 26239]**

l.      Two Hundred Seventy-Sixth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) **[ECF No. 26240]**

m.      Two Hundred Seventy-Seventh Omnibus Objection to Claims (No Guarantee Claims) **[ECF No. 26241]**

n.      Two Hundred Seventy-Eighth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 26242]**

o.      Two Hundred Seventy-Ninth Omnibus Objection to Claims (Misclassified Claims) **[ECF No. 26235]**

p.      Debtors' Objection to Claim of Gadeco, LLC **[ECF No. 26086]**

2.      In accordance with the Second Amended Case Management Order, the Debtors established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses. The Response Deadlines have been extended for certain creditors from time to time. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on Debtors' counsel by any of the holders of the claims included Exhibit 1 to any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted. Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections. The hearing on the Claims Objections as to any proof of claim for which a response was either filed on the docket or received by the Debtors, and which objection has not been resolved, has been adjourned to a future date.

4.      Accordingly, the Debtors respectfully request that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through P, which, except for the inclusion of additional language to indicate that such order is supplemental to a previously entered order for a Claim Objection or to reference the inclusion of separate exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is granted, adjourned or

withdrawn, are unmodified since the filing of the Claims Objections, be entered in accordance

with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: April 25, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**EXHIBIT A**
**(Proposed Order – ECF No. 20787)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                             :        **Chapter 11 Case No.**
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :        **08-13555 (JMP)**
                                                                  :
                                        **Debtors.**              :        **(Jointly Administered)**
------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING THE TWO HUNDRED NINETEENTH
OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)**

Upon the two hundred nineteenth omnibus objection to claims, dated

October 12, 2011 (the "Two Hundred Nineteenth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures

Order"), seeking to reduce and allow the Valued Derivative Claims on the basis that the

amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable

values determined by the Debtors after a review of the claimants' supporting

documentation and Lehman Brothers Special Financing Inc.'s ("LBSF") books and

records, as more fully described in the Two Hundred Nineteenth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Nineteenth Omnibus Objection to

---

[1]         Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Two Hundred Nineteenth Omnibus Objection to Claims.

Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to the Two

Hundred Nineteenth Omnibus Objection to Claims; and (vi) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9653]; and it appearing that no other or further notice need be

provided; and upon the resolution of the Response filed by Yakima-Tieton Irrigation

District [Docket No. 3848]; and a hearing having been held on April 26, 2012; and the

Court having found and determined that the relief sought in the Two Hundred Nineteenth

Omnibus Objection to Claims is in the best interests of LBSF, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Two Hundred

Nineteenth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Nineteenth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u>

annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Two

2

Hundred Nineteenth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u>

annexed hereto; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 219: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | YAKIMA-TIETON IRRIGATION DISTRICT C/O FOSTER PEPPER PLLC ATTN: JANE PEARSON 1111 THIRD AVENUE, SUITE 3400 SEATTLE, WA 98101-3299 | 3848 | 04/20/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $546,568.34* | Lehman Brothers Special Financing Inc. | Unsecured | $312,174.00 |
| | | | | | TOTAL | $546,568.34 | | TOTAL | $312,174.00 |

**EXHIBIT B**
**(Proposed Order – ECF No. 21727)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :        **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING THE TWO HUNDRED THIRTY-SECOND OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the two hundred thirty-second omnibus objection to claims, dated November 7, 2011 (the "Two Hundred Thirty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"); pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the LBHI's and Lehman Brothers Special Financing Inc.'s ("LBSF") books and records, as more fully described in the Two Hundred Thirty-Second Omnibus Objection to Claims; and due and proper notice of the Two Hundred Thirty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

---
[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Thirty-Second Omnibus Objection to Claims.

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

A attached to the Two Hundred Thirty-Second Omnibus Objection to Claims; and (vi) all

other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [Docket No. 9653]; and it appearing that no other or further

notice need be provided; and upon the resolution of Proof of Claim numbers 16059 and

16060 filed by Taconic Entities Transferor: Merrill Lynch Credit Products, LLC; these

claims having been objected to in the Two Hundred Thirty-Second Omnibus Objection to

Claims; and a hearing having been held on April 26, 2012; and the Court having found

and determined that the relief sought in the Two Hundred Thirty-Second Omnibus

Objection to Claims is in the best interests of LBHI and LBSF, their estates, creditors,

and all parties in interest and that the legal and factual bases set forth in the Two Hundred

Thirty-Second Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Thirty-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Two

Hundred Thirty-Second Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

           ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                        _____
                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 232: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | TACONIC OPPORTUNITY FUND L.P. TRANSFEROR: MERRILL LYNCH CREDIT PRODUCTS, LLC C/O TACONIC CAPITAL ADVISORS L.P. ATTN: TIM ANDRIKS 450 PARK AVENUE NEW YORK, NY 10022 | 16059 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $12,393,189.00* | Lehman Brothers Special Financing Inc. | Unsecured | $9,247,898.00 |
| | TRANSFERRED TO: TACONIC CAPITAL PARTNERS 1.5 L.P. TRANSFEROR: MERRILL LYNCH CREDIT PRODUCTS, LLC C/O TACONIC CAPITAL ADVISORS, L.P. ATTN: TIM ANDRIKS 450 PARK AVENUE NEW YORK, NY 10022 | 16059 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,187,034,00* | Lehman Brothers Special Financing Inc. | Unsecured | $1,631,982.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 232: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| | | | | **ASSERTED** | | | **MODIFIED** | | |
| 2 | TACONIC OPPORTUNITY FUND L.P. TRANSFEROR: MERRILL LYNCH CREDIT PRODUCTS, LLC C/O TACONIC CAPITAL ADVISORS L.P. ATTN: TIM ANDRIKS 450 PARK AVENUE NEW YORK, NY 10022 | 16060 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $12,677,173.00* | Lehman Brothers Holdings Inc. | Unsecured | $9,535,971.50 |
| | TRANSFERRED TO: TACONIC CAPITAL PARTNERS 1.5 LP TRANSFEROR: MERRILL LYNCH CREDIT PRODUCTS, LLC C/O TACONIC CAPITAL ADVISORS LP ATTN: TIM ANDRIKS 450 PARK AVENUE NEW YORK, NY 10022 | 16060 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,237,149,00* | Lehman Brothers Holdings Inc. | Unsecured | $1,682,818.50 |
| | | | | | **TOTAL** | $29,494,545.00 | | **TOTAL** | $22,098,670.00 |

**EXHIBIT C**
**(Proposed Order – ECF No. 23247)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                                               :
                                      **Debtors.**   :        **(Jointly Administered)**
-------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING DEBTORS' TWO HUNDRED FORTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the Debtors' two hundred forty-first omnibus objection to claims, dated December 12, 2011 (the "Two Hundred Forty-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that the Debtors have no liability for such claims, all as more fully described in the Two Hundred Forty-First Omnibus Objection to Claims; and due and proper notice of the Two Hundred Forty-First Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Forty-First Omnibus Objection to Claims is in the best interests of the Debtors and their creditors, and that the legal and factual bases set forth in the Two Hundred Forty-First Omnibus Objection to Claims establish just cause

---

[1] Terms not defined herein shall have the meanings ascribed to them in the Two Hundred Forty-First Omnibus Objection to Claims.

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

        ORDERED that the relief requested in the Two Hundred Forty-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

        ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

        ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                         _____
                         UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 241: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | D&D SECURITIES INC 302 NORTH NASSAU AVENUE MARGATE, NJ 08402 | | 07/20/2009 | 5637 | $141,306.75 | No Liability Claim |
| 2 | BLACKROCK FINANCIAL MANAGEMENT, INC. ATTN: PETER VAUGHAN, ESQ. 40 EAST 52ND STREET NEW YORK, NY 10022 | | 9/22/2009 | 28686 | $654,652.00* | No Liability Claim |
| | | | TOTAL | | $795,958.75 | |

**EXHIBIT D**
**(Proposed Order – ECF No. 24999)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :          **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :          **(Jointly Administered)**

---------------------------------------------------------------------x

## SUPPLEMENTAL ORDER GRANTING
## DEBTORS' TWO HUNDRED SIXTY-FIFTH OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the two hundred sixty-fifth omnibus objection to claims, dated February 6,

2012 (the "Two Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the No Liability Derivatives Claims on the grounds that they assert claims for

which the Debtors have no liability, all as more fully described in the Two Hundred Sixty-Fifth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Fifth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Two Hundred Sixty-Fifth Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Two Hundred Sixty-Fifth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Two Hundred Sixty-Fifth Omnibus Objection to Claims

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Two Hundred Sixty-Fifth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Sixty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and (ii)

any claim listed on Exhibit A annexed to the Two Hundred Sixty-Fifth Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two Hundred

Sixty-Fifth Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 27104];

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                         _____
                                         UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 265: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 1 | HSBC BANK USA, NA AS TTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-5 SUPPLEMENTAL INTEREST TRUST CTLA- STRUCTURED FINANCE ATTN: CHI LE 10 EAST 40TH STREET, 14TH FLOOR NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28380 | Undetermined | No Liability Claim |
| 2 | HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS - THROUGH CERTIFICATES SERIES 2006-5 SUPPLEMENTAL INTEREST TRUST CTLA - STRUCTURED FINANCE ATTN: FERNANDO ACEBEDO NEW YORK, NY 10016 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28779 | Undetermined | No Liability Claim |
| | | | | | TOTAL | Undetermined | |

**EXHIBIT E**
**(Proposed Order – ECF No. 26087)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**    :        **08-13555 (JMP)**
                                                               :
                                    **Debtors.**    :        **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED SIXTY-SEVENTH
### OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the Debtors' two hundred sixty-seventh omnibus objection to claims, dated

March 7, 2012 (the "Two Hundred Sixty-Seventh Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502 of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the

No Liability Claims on the basis that the Debtors have no liability for such claims, all as more

fully described in the Two Hundred Sixty-Seventh Omnibus Objection to Claims; and due and

proper notice of the Two Hundred Sixty-Seventh Omnibus Objection to Claims having been

provided, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Two Hundred Sixty-Seventh Omnibus

Objection to Claims is in the best interests of the Debtors and their creditors, and that the legal

and factual bases set forth in the Two Hundred Sixty-Seventh Omnibus Objection to Claims

---

[1] Terms not defined herein shall have the meanings ascribed to them in the Two Hundred Sixty-Seventh Omnibus
Objection to Claims.

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Debtors' Two

Hundred Sixty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed

hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 267: EXHIBIT 1- NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | PUTERMAN, SAMUEL C/O DAVID M. BUCKNER, ESQ. KOZYAK TROPIN & THROCKMORTON, P.A. 2525 PONCE DE LEON, 9TH FLOOR MIAMI, FL 33134 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30674 | $70,000,000.00 | No Liability Claim |
| 2 | REYNO, FREDDIE & WOLFKIND-REYNO, JUNE F. 10170 PRESLET STREET SAN DIEGO, CA 92126 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 4520 | $1,540,000.00 | No Liability Claim |
| 3 | RIVERSIDE HOLDINGS, LLP 192 LEXINGTON AVENUE NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25546 | $6,945,592.00* | No Liability Claim |
| 4 | WEISS, ROGER J AND SUZANNE, AS CO-EXECUTORS OF THE ESTATE OF STEPHEN H WEISS ROGER J WEISS 16 THE CROSSING AT BLIND BROOK PURCHASE, NY 10577 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2009 | 35917 | $400,000.00* | No Liability Claim |
| | | | | TOTAL | | $78,885,592.00 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 26236)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                      :          **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :          **08-13555 (JMP)**
                                                           :
                     **Debtors.**                          :          **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE**
**TWO HUNDRED SIXTY-NINTH OMNIBUS**
**<u>OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>**

Upon the two hundred sixty-ninth omnibus objection to claims, dated March 12, 2012 (the "<u>Two Hundred Sixty-Ninth Omnibus Objection to Claims</u>"),[1] of Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>"), pursuant to section 502 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the No Liability Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Two Hundred Sixty-Ninth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Ninth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Two Hundred Sixty-Ninth Omnibus Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Two

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Two Hundred Sixty-Ninth Omnibus Objection to Claims.

Hundred Sixty-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the hearing on the Two Hundred Sixty-Ninth Omnibus Objection

to Claims is adjourned *sine die* with respect to the claims listed on Exhibit 2 annexed hereto; and

it is further

ORDERED that the Court-appointed claims agent is authorized to modify the

claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Two Hundred

Sixty-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                 _____
                                 UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 269: EXHIBIT 1 – NO LIABILITY 401(k) CLAIMS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | ANDREWS, TAMATHA LEE<br>3030 S MACON CIR<br>AURORA, CO 80014-3053 | Lehman Brothers Holdings Inc. | 01/30/2009 | 2340 | $1,784.23 | No Liability |
| 2 | BAKER, CHRISTINE D.<br>9204 WEEPING WILLOW PLACE<br>LITTLETON, CO 80130 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2328 | $28,385.89 | No Liability |
| 3 | BERCELLIE, PATRICIA M. V.<br>4259 E LARK SPARROW ST<br>HIGHLAND RANCH, CO 80126 | Lehman Brothers Holdings Inc. | 02/02/2009 | 2390 | $4,563.04 | No Liability |
| 4 | BIAMONTE, ANN M.<br>2132 RALEIGH STREET<br>DENVER, CO 80212 | Lehman Brothers Holdings Inc. | 01/30/2009 | 2544 | $9,354.49 | No Liability |
| 5 | BYERS, KIMBERLEE<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2379 | $4,000.00 | No Liability |
| 6 | BYERS, LUCAS<br>10656 CEDARCREST CIRCLE<br>HIGHLANDS RANCH, CO 80130 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2381 | $4,000.00 | No Liability |
| 7 | CANHEDO, DANIELLE<br>15230 SW 74TH CT<br>PALMETTO BAY, FL 33157-2494 | Lehman Brothers Holdings Inc. | 09/18/2009 | 18134 | $2,792.85 | No Liability |
| 8 | CHAN, MICHAEL H<br>4215 WESTMINSTER RD<br>GREAT NECK, NY 11020 | Lehman Brothers Holdings Inc. | 09/18/2009 | 18951 | $4,000.00 | No Liability |
| 9 | CHIN, NEVILLE<br>61 RIDGEWAY AVENUE<br>STATEN ISLAND, NY 10314 | Lehman Brothers Holdings Inc. | 09/10/2009 | 11321 | $4,000.00 | No Liability |
| 10 | DERIEG, MICAH<br>10233 URAVAN ST.<br>COMMERCE CITY, CO 80022 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2386 | $4,000.00 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 269: EXHIBIT 1 – NO LIABILITY 401(k) CLAIMS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 11 | DREYER, JERALD WAYNE<br>9797 MAYFAIR STREET #B<br>ENGLEWOOD, CO 80112 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2362 | $4,000.00 | No Liability |
| 12 | FORD, KAREN POST<br>12202 SHORT COURT<br>CYPRESS, TX 7429 | Lehman Brothers Holdings Inc. | 7/23/2009 | 5972 | $7,192.56* | No Liability |
| 13 | GUERRA, ROBERTO<br>190 PARK AVENUE<br>HARRISON, NY 10528 | Lehman Brothers Holdings Inc. | 09/21/2009 | 23778 | Undetermined | No Liability |
| 14 | HAYNES, SUSAN M<br>108 SAGAMORE ROAD<br>3G<br>TUCKAHOE, NY 10707 | Lehman Brothers Holdings Inc. | 09/22/2009 | 28687 | $3,333.33 | No Liability |
| 15 | HOLLOWAY, ALEX B<br>3223 LEMMON AVE APT 5120<br>DALLAS, TX 75204-1879 | Lehman Brothers Holdings Inc. | 08/06/2009 | 7552 | $5,891.24 | No Liability |
| 16 | INGRAM, EARON M.<br>1455 S. IVY WAY<br>DENVER, CO 80224 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2359 | $733.16 | No Liability |
| 17 | KAPLUN, ALEXANDER<br>45 RIDGE ROAD<br>NEWTON, MA 02468 | Lehman Brothers Holdings Inc. | 09/22/2009 | 29899 | $4,000.00 | No Liability |
| 18 | KARR, RAYMOND P.<br>16494 E. POWERS AVENUE<br>CENTENNIAL, CO 80015 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2332 | $1,713.42 | No Liability |
| 19 | KASE, DAVID<br>305 W 50TH ST APT 10A<br>NEW YORK, NY 10019-8405 | Lehman No Case Asserted | 09/02/2009 | 10087 | $5,000.00 | No Liability |
| 20 | LENHART, DEBORAH A.<br>16494 E. POWERS AVENUE<br>CENTENNIAL, CO 80015 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2370 | $1,829.52 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 269: EXHIBIT 1 – NO LIABILITY 401(k) CLAIMS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 21 | LIU, TINA<br>56-15 206TH STREET<br>OAKLAND GARDENS, NY 11364 | Lehman Brothers Holdings Inc. | 09/22/2009 | 34215 | $4,000.00 | No Liability |
| 22 | LOOS, RICHARD JR.<br>129 CYPRESS DRIVE<br>NEWARK, DE 19713 | Lehman Brothers Holdings Inc. | 09/22/2009 | 31749 | $4,000.00 | No Liability |
| 23 | MALIZIA, ROSE M.<br>1109 BRASSIE AVENUE<br>FLOSSMOOR, IL 60422 | Lehman Brothers Holdings Inc. | 08/10/2009 | 7879 | $1,919.89* | No Liability |
| 24 | MALKANI, KUNAL<br>646 WARREN STREET<br>APT #3<br>BROOKLYN, NY 11217 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28672 | $7,581.58 | No Liability |
| 25 | MCGEE, JENNY M.<br>3 PENNY LANE<br>BEVERLY, MA 01915 | Lehman Brothers Holdings Inc. | 09/10/2009 | 11235 | $4,000.00 | No Liability |
| 26 | MERRIMAN, SHAWNDA D.<br>567 KRYPTONITE DR.<br>CASTLE ROCK, CO 80108 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2358 | $4,000.00 | No Liability |
| 27 | MESTAS, JENNIFER<br>9263 E. OXFORD DRIVE<br>DENVER, CO 80237 | Lehman Brothers Holdings Inc. | 01/30/2009 | 2342 | $8,123.59 | No Liability |
| 28 | MOORMANN, DIANE KELLY<br>6612 W ELDORADO PLACE<br>DENVER, CO 80227 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2366 | $4,000.00 | No Liability |
| 29 | MORRISON, E. VICTORIA<br>3912 ALCAZAR DR.<br>CASTLE ROCK, CO 80109 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2371 | $4,000.00 | No Liability |
| 30 | NOVELLO, MICHAEL<br>511 WESTFIELD ROAD<br>SCOTCH PLAINS, NJ 07076 | Lehman Brothers Holdings Inc. | 09/21/2009 | 22993 | $4,000.00 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 269: EXHIBIT 1 – NO LIABILITY 401(k) CLAIMS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 31 | OLDS, MICHELE LYNN<br>8475 LIVERPOOL CIRCLE<br>LITTLETON, CO 80125 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2383 | $4,000.00 | No Liability |
| 32 | ORLOWSKY, JOSEPH<br>5411 PINEHURST DRIVE<br>WILMINGTON, DE 19808 | Lehman Brothers Holdings Inc. | 09/22/2009 | 28088 | $4,000.00* | No Liability |
| 33 | PARK, JENNIFER<br>26 ALEXANDER DRIVE<br>SYOSSET, NY 11791 | Lehman No Case Asserted/All Cases Asserted | 09/22/2009 | 28677 | $4,000.00 | No Liability |
| 34 | SARDINA, LAUREN<br>880 LOMBARD STREET<br>SAN FRANCISCO, CA 94133 | Lehman Brothers Holdings Inc. | 09/22/2009 | 31089 | $3,372.43 | No Liability |
| 35 | SHERMAN, LINDA A.<br>8775 S. CRESTHILL LANE<br>HIGHLANDS RANCH, CO 80130 | Lehman Brothers Holdings Inc. | 02/02/2009 | 2421 | $4,000.00 | No Liability |
| 36 | SLATTERY, RYAN GORDON<br>5509 E BRIARWOOD CIRCLE<br>CENTENNIAL, CO 80122 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2378 | $4,000.00 | No Liability |
| 37 | STANFIELD, EARLANE<br>118-82 METROPOLITAN AVE APT 7C<br>KEW GARDENS, NY 11415 | Lehman Brothers Holdings Inc. | 09/22/2009 | 29460 | Undetermined | No Liability |
| 38 | STEVENSON, AUTUMN LYN<br>11857 E. FAIR AVE.<br>GREENWOOD VILLAGE, CO 80111 | Lehman Brothers Holdings Inc. | 01/29/2009 | 2361 | $4,000.00 | No Liability |
| 39 | SZABO, ZOLTAN<br>9591 PEARL CIRCLE #104<br>PARKER, CO 80134 | Lehman Brothers Holdings Inc. | 02/02/2009 | 2391 | $184.60 | No Liability |
| 40 | TAKANO, NAO<br>8080 S. SAN JUAN RANGE RD.<br>LITTLETON, CO 80127 | Lehman Brothers Holdings Inc. | 01/30/2009 | 2541 | $3,352.01 | No Liability |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 269: EXHIBIT 1 – NO LIABILITY 401(k) CLAIMS**

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 41 | VAUGHN, ANNE M<br>1 CRESCENT PLACE<br>HO HO KUS, NJ 07423 | Lehman Brothers Holdings Inc. | 09/08/2009 | 10525 | $4,000.00 | No Liability |
| 42 | WENIG, BARBARA<br>24 RUTLEDGE ROAD<br>MARLBORO, NJ 07746 | Lehman Brothers Holdings Inc. | 09/21/2009 | 23732 | $28,334.60 | No Liability |
| 43 | WU, JASON<br>2134 EAST 19TH STREET<br>BROOKLYN, NY 11229 | Lehman Brothers Holdings Inc. | 07/21/2009 | 5824 | $4,000.00 | No Liability |
| | | | | TOTAL | $213,442.43 | |

# EXHIBIT 2

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 269: EXHIBIT 2 – NO LIABILITY 401(k) CLAIMS – ADJOURNED OBJECTIONS

| | NAME | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|
| 1 | METLITSKY, DMITRY 2469 65TH STREET APT 6A BROOKLYN, NY 11204 | Lehman Brothers Holdings Inc. | 07/13/2009 | 5258 | $6,545.00 | No Liability |
| 2 | TSEKOV, GEORGI I. 213 S. SCOTCH PLAINS AVE WESTFIELD, NJ 07090 | Lehman Brothers Holdings Inc. | 12/31/2008 | 1525 | $2,268.51 | No Liability |
| | | | | TOTAL | $8,813.51 | |

**EXHIBIT G**
**(Proposed Order – ECF No. 26233)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
In re                                              :        **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :        **08-13555 (JMP)**
                                                   :
                              **Debtors.**         :        **(Jointly Administered)**
-------------------------------------------------------------------x

<u>**ORDER GRANTING TWO HUNDRED SEVENTY-FIRST**</u>
<u>**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**</u>

Upon the two hundred seventy-first omnibus objection to claims, dated March 12,

2012 (the "<u>Two Hundred Seventy-First Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "<u>Plan</u>"), pursuant to section 502(b) of title 11 of the United States Code (the

"<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "<u>Procedures Order</u>"), seeking disallowance and expungement of the No Liability

Derivatives Claims on the grounds that they assert claims for which LBHI, Lehman Brothers

Special Financing Inc., and Lehman Brothers Financial Products Inc. (together, the "<u>Chapter 11</u>

<u>Estates</u>"), have no liability, all as more fully described in the Two Hundred Seventy-First

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-First

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to the Two

Hundred Seventy-First Omnibus Objection to Claims; and (vi) all other parties entitled to notice

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-First Omnibus Objection to Claims.

in accordance with the procedures set forth in the second amended order entered on June 17,

2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and the Court having found and determined that the relief sought in the Two Hundred

Seventy-First Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates,

their creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Seventy-First Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Seventy-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                            _____
                                            UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 271: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | THE BANK OF NEW YORK MELLON, TRUSTEE FOR CREDITOR STRUCTURED ASSET SECURITIES CORPORATION MORTGAGE PASS-THROUGH CERTIFICATES, SER 2003-BC3 ATTN: MARTIN FEIG, VICE PRESIDENT 101 BARCLAY STREET; 8 WEST NEW YORK, NY 10286 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 14578 | Undetermined | No Liability Claim |
| 2 | COUNTRYWIDE ALTERNATIVE LOAN TRUST, SERIES 2006-OC5N THE BANK OF NEW YORK MELLON, CORRIDOR CONTRACT ADMINISTRATOR FOR CREDITOR 101 BARCLAY STREET; 8 WEST ATTN: MARTIN FEIG - VICE PRESIDENT NEW YORK, NY 10286 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/17/2009 | 14481 | Undetermined | No Liability Claim |
| 3 | COUNTRYWIDE ALTERNATIVE LOAN TRUST, SERIES 2006-OC5N THE BANK OF NEW YORK MELLON, CORRIDOR CONTRACT ADMINISTRATOR FOR CREDITOR 101 BARCLAY STREET; 8 WEST ATTN: MARTIN FEIG - VICE PRESIDENT NEW YORK, NY 10286 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/17/2009 | 14485 | Undetermined | No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 271: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 4 | HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS SERIES 2001-38-PT CTLA STRUCTURED FINANCE ATTN: CHI S. LE 10 EAST 40TH ST 14TH FLOOOR NEW YORK, NY 10016 | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 09/22/2009 | 28789 | Undetermined | No Liability Claim |
| 5 | VIATHON CAPITAL MASTER FUND, L.P. DOUGLAS HIRSCH, ESQ. SADIS & GOLDBERG, LLP 551 5TH AVE 21ST FL NEW YORK, NY 10176 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 33681 | $37,371,560.00 | No Liability Claim |
| 6 | ZEELAND ALUMINUM COMPANY AG BAARERSTRASSE 63 ZUG, 6300 SWITZERLAND | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25380 | $81,705,458.43 | No Liability Claim |
| 7 | ZEELAND ALUMINUM COMPANY AG BAARERSTRASSE 63 ZUG, 6300 SWITZERLAND | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25381 | $81,705,458.43 | No Liability Claim |
| | | | | | TOTAL | $200,782,476.86 | |

**EXHIBIT H**
**(Proposed Order – ECF No. 26234)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
----------------------------------------------------------------------x

**ORDER GRANTING THE**
**TWO HUNDRED SEVENTY-SECOND OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the two hundred seventy-second omnibus objection to claims, dated

March 12, 2012 (the "Two Hundred Seventy-Second Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule

3007(d), and this Court's order approving procedures for the filing of omnibus objections

to proofs of claim [Docket No. 6664], seeking to reclassify Stock Claims as equity

interests, all as more fully described in the Two Hundred Seventy-Second Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Seventy-Second

Omnibus Objection to Claims having been provided; and it appearing that no other or

further notice need be provided; and the Court having found and determined that the

relief requested in the Two Hundred Seventy-Second Omnibus Objection to Claims is in

the best interests of LBHI and its creditors, and that the legal and factual bases set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Second Omnibus Objection to Claims.

the Two Hundred Seventy-Second Omnibus Objection to Claims establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

      ORDERED that the relief requested in the Two Hundred Seventy-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that the claims listed on <u>Exhibit 1</u> annexed hereto are hereby

reclassified as equity interests and have the same priority as, and no greater priority than,

common stock interests in LBHI as set forth in <u>Exhibit 1</u>; and it is further

      ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                _____
                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 272: EXHIBIT 1 – PROOFS OF CLAIM TO BE RECLASSIFIED AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | CALAFIORE, ANTHONY S. 56 RYAN PLACE STATEN ISLAND, NY 10312 | | No Case Asserted/All Cases Asserted | 02/10/2012 | 67878 | $20,000.00 |
| 2 | WOLFSOHN, SYDELLE 1712 OLD MILL RD MERRICK, NY 11566-1506 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/01/2012 | 67872 | Undetermined |
| | | | | | TOTAL | $20,000.00 |

**EXHIBIT I**
**(Proposed Order – ECF No. 26237)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                           :        **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                                :
                                            **Debtors.**    :        **(Jointly Administered)**
-----------------------------------------------------------------------x

**ORDER GRANTING TWO HUNDRED SEVENTY-THIRD**
**OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

Upon the two hundred seventy-third omnibus objection to claims, dated

March 12, 2012 (the "Two Hundred Seventy-Third Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the

Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities

Programs Bar Date, as applicable, all as more fully described in the Two Hundred Seventy-Third

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-Third

Omnibus Objection to Claims having been provided; and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Two Hundred Seventy-Third Omnibus Objection to Claims is in the best interests of the Chapter

11 Estates and their creditors, and that the legal and factual bases set forth in the Two Hundred

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Seventy-Third Omnibus Objection to Claims.

Seventy-Third Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Late-Filed Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 273: EXHIBIT 1- LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | IRA FBO RICHARD FELS PERSHING LLC AS CUSTODIAN 227 SUNSET AVE RIDGEWOOD, NJ 07450 | | | 02/21/2012 | 67905 | Undetermined | Late-Filed Claim |
| 2 | PARKHOUSE, RICHARD 9 BELGRAVE ROAD BARNES, SW13 9NS UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/10/2012 | 67882 | $486,889.00 | Late-Filed Claim |
| 3 | ROTH IRA FBO RICHARD FELS PERSHING LLC AS CUSTODIAN 227 SUNSET AVE RIDGEWOOD, NJ 07450 | | | 02/21/2012 | 67904 | Undetermined | Late-Filed Claim |
| | | | | | TOTAL | $486,889.00 | |

**EXHIBIT J**
**(Proposed Order – ECF No. 26238)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                         :
                                Debtors.                 :        (Jointly Administered)
-----------------------------------------------------------------x

**ORDER GRANTING TWO HUNDRED SEVENTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

Upon the two hundred seventy-fourth omnibus objection to claims, dated

March 12, 2012 (the "Two Hundred Seventy-Fourth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Amended and Superseded Claims on the basis that

such claims have been amended and superseded by the corresponding Surviving Claims,

all as more fully described in the Two Hundred Seventy-Fourth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Seventy-Fourth Omnibus

Objection to Claims having been provided; and it appearing that no other or further notice

need be provided; and the Court having found and determined that the relief sought in the

Two Hundred Seventy-Fourth Omnibus Objection to Claims is in the best interests of the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Fourth Omnibus Objection to Claims.

Chapter 11 Estates and their creditors and that the legal and factual bases set forth in the

Two Hundred Seventy-Fourth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the relief requested in the Two Hundred Seventy-Fourth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and

Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the

claims register subject to the Chapter 11 Estates' right to further object as set forth herein;

and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Amended and Superseded Claims listed on Exhibit 1 annexed hereto;

and it is further

ORDERED that all information included on and all documentation filed in

support of any Amended and Superseded Claim, including, but not limited to, derivative

and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of and included in the corresponding Surviving Claim; and it is

further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Chapter 11 Estate's rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Chapter 11 Estates may not object to a Surviving Claim that is listed on Exhibit 1 annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim in these chapter 11 cases (the "Reinstated Claim") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that notwithstanding any other provision of this Order, a Surviving Claim and all documentation previously filed in support of the Surviving Claim, including, but not limited to, amended derivative and guarantee questionnaires and supporting documentation, shall be deemed timely filed to the extent it appropriately amended and superseded, directly or indirectly, a claim that had been timely filed; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANK OF NOVA SCOTIA, THE BRADLEY TATE, LL.B 40 KING STREET WEST SCOTIA PLAZA 8TH FLOOR TORONTO, ON M5H 1H1 CANADA | 09/04/2009 | 08-13555 (JMP) | 10402 | $131,795,492.00* | BANK OF NOVA SCOTIA, THE BRADLEY TATE, LL.B. 40 KING STREET WEST SCOTIA PLAZA 8TH FLOOR TORONTO, ON M5H 1H1 CANADA | 02/28/2012 | 08-13555 (JMP) | 67931 | $131,667,013.00 |
| 2 | BNP PARIBAS ARBITRAGE 8 RUE DE SOFIA ATTN: FRANCOIS ARTIGALA PARIS, 75018 FRANCE | 01/11/2012 | 08-13555 (JMP) | 67841 | $1,047,074.96* | BNP PARIBAS ARBITRAGE ATTN: FRANCOIS ARTIGALA 8, RUE DE SOFIA PARIS, 75018 FRANCE | 02/13/2012 | 08-13555 (JMP) | 67891 | $4,659,162.00* |
| 3 | FORTIS BANK WARANDEBERG 3 1000 BRUSSEL, 1000 BELGIUM | 09/18/2009 | 08-13885 (JMP) | 16063 | $8,609,430.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13885 (JMP) | 67887 | $8,609,430.00* |
| 4 | FORTIS BANK WARANDEBERG 3 1000 BRUSSEL, 1000 BELGIUM | 09/18/2009 | 08-13555 (JMP) | 16064 | $8,609,430.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67886 | $8,609,430.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | FORTIS BANK NV WARANDEBERG 3 1000 BRUSSEL, BELGIUM | 09/18/2009 | 08-13888 (JMP) | 16065 | $99,491,693.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13888 (JMP) | 67888 | $99,491,693.00* |
| 6 | FORTIS BANK NV WARANDEBERG 3 1000 BRUSSEL, BELGIUM | 09/18/2009 | 08-13555 (JMP) | 16066 | $99,491,693.00* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67889 | $99,491,693.00* |
| 7 | FORTIS BANK NV/SA ATTN: ANNEMARIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26438 | $4,471,257.00* | FORTIS BANK NV/SA MONTAGNE DU PARC, 3 ATTN HILDE VAN VERRE & MARC GALLET BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67875 | $2,502,020.49* |
| 8 | FORTIS BANK NV/SA ANNMERIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26444 | $3,189,947.35* | FORTIS BANK NV/SA MONTAGNE DU PARC 3 ATTN HILDE VAN VERRE & MARC GALLET BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67874 | $8,522,649.41* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 9  FORTIS BANK NV/SA ANNMERIE JUNG AND PHILIP STEEGMANS MONTAGNE DE PARC, 3 BRUSSELS, BELGIUM | 09/22/2009 | 08-13555 (JMP) | 26445 | $4,211,503.00* | FORTIS BANK NV/SA MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67873 | $8,796,204.97* |
| 10  FORTIS BANK NV/SA MONTAGNE DU PARC 3 ATTN HILDE VAN VERRE & MARC GALLET BRUSSELS, BELGIUM | 02/01/2012 | 08-13555 (JMP) | 67874 | $8,522,649.41* | FORTIS BANK NV/SA ATTN: HILDE VAN VERRE/REGINE OUYANG MONTAGNE DU PARC, 3 BRUSSELS, BELGIUM | 02/13/2012 | 08-13555 (JMP) | 67890 | $9,274,399.41* |
| 11  INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, LLLP ATTN: CHRIS JACOBY 6501 E. BELLEVIEW AVE, SUITE 400 ENGELWOOD, CO 80111 | 09/21/2009 | 08-13555 (JMP) | 21667 | $39,372,000.00* | INTERNATIONAL EQUITY INDEX FUND III ACCREDITED LLLP INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, L.L.L.P. 6501 E BELLEVIEW AVE, SUITE 400 ENGELWOOD, CO 80111 | 01/30/2012 | 08-13555 (JMP) | 67865 | $28,332,204.07 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 12 | INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, LLLP ATTN: CHRIS JACOBY 6501 E. BELLEVIEW AVE., SUITE 400 ENGLEWOOD, CO 80111 | 09/21/2009 | 08-13893 (JMP) | 21668 | $39,372,000.00* | INTERNATIONAL EQUITY INDEX FUND III ACCREDITED LLLP INTERNATIONAL EQUITY INDEX FUND III ACCREDITED, L.L.L.P. 6501 E BELLEVIEW AVE, SUITE 400 ENGLEWOOD, CO 80111 | 01/30/2012 | 08-13893 (JMP) | 67866 | $28,332,204.07 |
| 13 | LEXINGTON INSURANCE COMPANY ATTN: BILL FISH C/O AIG GLOBAL INVESTMENT CORP. 70 PINE STREET, 13TH FLOOR NEW YORK, NY 10270 | 09/21/2009 | 08-13555 (JMP) | 34193 | Undetermined | LEXINGTON INSURANCE COMPANY C/O AIG ASSET MANAGEMENT ATTN: OZZIE BAYAZITOGLU, ESQ. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 02/17/2012 | 08-13555 (JMP) | 67895 | $158,124.96* |
| 14 | LEXINGTON INSURANCE COMPANY C/O AIG GLOBAL INVESTMENT CORP ATTN: BILL FISH 70 PINE STREET, 13TH FLOOR NEW YORK, NY 10038 | 09/21/2009 | 08-13888 (JMP) | 34196 | Undetermined | LEXINGTON INSURANCE COMPANY C/O AIG ASSET MANAGEMENT ATTN: OZZIE BAYAZITOGLU, ESQ. 2929 ALLEN PARKWAY, A36-01 HOUSTON, TX 77019 | 02/17/2012 | 08-13888 (JMP) | 67896 | $158,124.96 |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 15 | MACQUARIE BANK LIMITED ATTN: EXECUTIVE DIRECTOR, LEGAL RISK MANAGEMENT TREASURY AND COMMODITIES GROUP NO. 1 MARTIN PLACE SYDNEY, NSW2000 AUSTRALIA | 09/18/2009 | 08-13555 (JMP) | 18855 | $29,192,648.71 | MACQUARIE BANK LIMITED ATTN: EXECUTIVE DIRECTOR, LEGAL RISK MANAGEMENT TREASURY AND COMMODITIES GROUP NO. 1 MARTIN PLACE SYDNEY, NSW 2000 AUSTRALIA | 01/30/2012 | 08-13555 (JMP) | 67864 | $31,592,120.56 |
| 16 | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/17/2009 | 08-13555 (JMP) | 15632 | $163,492,113.10* | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 02/28/2012 | 08-13555 (JMP) | 67932 | $226,738,674.00* |
| 17 | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/25/2012 | 08-13555 (JMP) | 67856 | $226,609,153.00* | SOCIETE GENERALE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 02/28/2012 | 08-13555 (JMP) | 67932 | $226,738,674.00* |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 18  SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON C/O SOCIETE GENERALE 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/22/2009 | 08-13555 (JMP) | 28253 | $1,651,906.39* | SOCIETE GENERALE, AS SUCESSOR IN INTEREST TO SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/26/2012 | 08-13555 (JMP) | 67861 | $1,748,852.14* |
| 19  SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON C/O SOCIETE GENERALE 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 09/22/2009 | 08-13555 (JMP) | 28254 | $8,391,937.37* | SOCIETE GENERALE, AS SUCESSOR IN INTEREST TO SOCIETE GENERALE ASSET MANAGEMENT BANQUE ATTN: CAROL MORRISON 1221 AVENUE OF THE AMERICAS NEW YORK, NY 10020 | 01/26/2012 | 08-13555 (JMP) | 67860 | $8,410,680.49* |
| 20  SUMITOMO MITSUI BANKING CORPORATION ATTN SCOTT DIAMOND, LEGAL 277 PARK AVENUE 6TH FLOOR NEW YORK, NY 10172-0601 | 09/21/2009 | 08-13555 (JMP) | 26237 | $15,097,032.06* | SUMITOMO MITSUI BANKING CORPORATION ATTN: SCOTT DIAMOND, LEGAL 277 PARK AVENUE, 6TH FLOOR NEW YORK, NY 10172-0601 | 01/26/2012 | 08-13555 (JMP) | 67858 | $15,790,483.35* |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 274: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 21 | SUMITOMO MITSUI BANKING CORPORATION ATTN SCOTT DIAMOND, LEGAL 277 PARK AVENUE NEW YORK, NY 10172-0601 | 09/21/2009 | 08-13888 (JMP) | 26238 | $15,097,032.06* | SUMITOMO MITSUI BANKING CORPORATION ATTN: SCOTT DIAMOND, LEGAL 277 PARK AVENUE, 6TH FLOOR NEW YORK, NY 10172-0601 | 01/26/2012 | 08-13888 (JMP) | 67859 | $15,790,483.35* |
| 22 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: MS SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG, CHINA | 09/21/2009 | 08-13555 (JMP) | 22807 | Undetermined | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F, THE LEE GARDENS 33 HYSAN AVENUE CAUSEWAY BAY, HONG KONG | 02/06/2012 | 08-13555 (JMP) | 67876 | $7,917,540.04* |

TOTAL        $907,715,992.41

**EXHIBIT K**
**(Proposed Order – ECF No. 26239)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                      :        **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                           :
                              **Debtors.**                 :        **(Jointly Administered)**
-----------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

Upon the two hundred seventy-fifth omnibus objection to claims, dated March 12, 2012 (the "Two Hundred Seventy-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Duplicative Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Seventy-Fifth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-Fifth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Seventy-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates and their creditors and that the legal and factual bases set forth in the Two Hundred Seventy-Fifth

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Fifth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative Claims, including, but not limited to, derivative and guarantee

questionnaires and supporting documentation, shall be treated as having been filed in support of

the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative Claims constitutes any admission or finding with respect to any of the Surviving

Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are

preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred

Seventy-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and*

*Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim; *provided,*

*however*, that if the Court subsequently orders that a Surviving Claim is not appropriately

duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized

and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the

"<u>Reinstated Claim</u>"), and the rights of all interested parties with respect to the Reinstated Claim

shall be expressly reserved; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
    New York, New York

                        _____
                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 275: EXHIBIT 1 – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | DEUTSCHE BANK (OSTERREICH) AG (FKA SAL. OPPENHEIM JR. & CIE. (OSTERREICH) AG) STOCK IM EISEN-PLATZ 3 VIENNA, A-1010 AUSTRIA | 02/10/2012 | 08-13555 (JMP) | 67881 | Undetermined | SAL. OPPENHEIM JR. & CIE (OSTERREICH) AG STOCK IM-EISEN-PLATZ 3 VIENNA, A-1010 AUSTRIA | 10/30/2009 | 08-13555 (JMP) | 58689 | $2,065,960.13 |
| 2 | DEUTSCHE BANK AG, LONDON BRANCH TRANSFEROR: CANDLEWOOD SPECIAL SITUATIONS MASTER FUND LIMITED C/O DEUTSCHE BANK SECURITIES INC. ATTN: MATTHEW WEINSTEIN 60 WALL STREET, 3RD FLOOR NEW YORK, NY 10005 | 11/03/2010 | 08-13900 (JMP) | 67186 | $148,629.84 | DEUTSCHE BANK AG, LONDON BRANCH TRANSFEROR: CANDLEWOOD SPECIAL SITUATIONS MASTER FUND, LIMITED C/O DEUTSCHE BANK SECURITIES INC. ATTN: MATTHEW WEINSTEIN 60 WALL STREET, 3RD FLOOR NEW YORK, NY 10005 | 09/21/2009 | 08-13900 (JMP) | 22840 | $148,629.84 |
| 3 | DURR, MAX MOOSEWIESSTRASSE 84 GOSSAU, 9200 SWITZERLAND | 02/10/2012 | 08-13555 (JMP) | 67879 | $90,050.00 | DURR, MAX MOOSEWIESSTRASSE 84 GOSSAU SG, 9200 SWITZERLAND | 10/27/2009 | 08-13555 (JMP) | 48907 | $52,301.90 |

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 275: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 4  MORGAN STANLEY & CO. INTERNATIONAL PLC TRANSFEROR: DELTA LLOYD N.V. 25, CABOT SQUARE CANARY WHARF LONDON, E14 4QA UNITED KINGDOM | 01/12/2012 | 08-13555 (JMP) | 67842 | $9,323,107.88 | MORGAN STANLEY & CO. INTERNATIONAL PLC TRANSFEROR: DELTA LLOYD LIFE NV 25, CABOT SQUARE CANARY WHARF LONDON, E14 4QA UNITED KINGDOM | 10/30/2009 | 08-13555 (JMP) | 59315 | $9,323,107.88 |
| 5  SRM GLOBAL MASTER FUND LIMITED PARTNERSHIP C/O SRM ADVISERS (LONDON) LLP ATTN: IAN BARCLAY 3 CADOGAN GATE LONDON, SW1X 0AS UNITED KINGDOM | 09/21/2009 | 08-13555 (JMP) | 21959 | $305,039,923.00* | SRM GLOBAL MASTER FUND LIMITED PARTNERSHIP C/O SRM ADVISERS (LONDON) LLP ATTN: IAN BARCLAY 3 CADOGAN GATE LONDON, SW1X 0AS UNITED KINGDOM | 09/22/2009 | 08-13555 (JMP) | 29606 | $305,039,923.00* |
| 6  YIU YUEN ON PAUL FLAT 7D WING ON COURT 24 HO MAN TIN HILL ROAD KOWLOON, HONG KONG | 02/17/2012 | 08-13555 (JMP) | 67897 | $500,000.00 | YIU YUEN ON PAUL FLAT 7D WING ON COURT 24 HO MAN TIN HILL ROAD KOWLOON, HONG KONG | 11/03/2009 | 08-13555 (JMP) | 64396 | $500,000.00 |
| | | | TOTAL | $315,101,710.72 | | | | | |

**EXHIBIT L**
**(Proposed Order – ECF No. 26240)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred seventy-sixth omnibus objection to claims, dated

March 12, 2012 (the "Two Hundred Seventy-Sixth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the Duplicative of Indenture

Trustee Claims on the grounds that such claims are substantively duplicative of the

corresponding Indenture Trustee Claims, all as more fully described in the Two Hundred

Seventy-Sixth Omnibus Objection to Claims; and due and proper notice of the Two Hundred

Seventy-Sixth Omnibus Objection to Claims having been provided; and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Two Hundred Seventy-Sixth Omnibus Objection to Claims is in the best

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Seventy-Sixth Omnibus Objection to Claims.

interests of LBHI and its creditors and that the legal and factual bases set forth in the Two

Hundred Seventy-Sixth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged with

prejudice as set forth in Exhibit 1; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Indenture Trustee Claims") will remain on the claims

register subject to the Plan Administrator's rights to further object as set forth herein; and it is

further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claims constitutes any admission or finding with respect to the

Indenture Trustee Claims, and LBHI's rights to object to the Indenture Trustee Claims on any

basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to the Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 276: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | CLAIMS TO BE DISALLOWED AMD EXPUNGED | | | | | SURVIVING CLAIMS | | | | | |
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 1 | CULKIN, GERALD T. 7312 MYSTIC WAY PORT SAINT LUCIE, FL 34986 | 02/13/2012 | 08-13555 (JMP) | 67883 | $32,847.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520B206 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22122 | $311,742,937.05 | Duplicative of Indenture Trustee Claim |
| 2 | GATES, EDWARD 1013 US HWY 321 N WINNSBORO, SC 29180 | 02/13/2012 | 08-13555 (JMP) | 67885 | $7,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 276: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | | CLAIMS TO BE DISALLOWED AMD EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 3 | JARAMILLO, ROBERT E. 24 BRIGHT VIEW LANE WATSONVILLE, CA 95076 | 02/27/2012 | 08-13555 (JMP) | 67928 | $20,671.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |
| 4 | KRASNER, DENNIS R. IRA 4 EILEEN LANE MARLBORO, NJ 07746 | 02/15/2012 | 08-13555 (JMP) | 67893 | $10,222.48 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 276: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | CLAIMS TO BE DISALLOWED AMD EXPUNGED | | | | SURVIVING CLAIMS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 5  NEW JERSEY TRANSIT CORP ATTN: ROBERT WEBB 1 PENN PLAZA NEWARK, NJ 07105-2246 | 09/22/2009 | 08-13555 (JMP) | 28347 | $18,519,626.35 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |
| 6  PLATH, HEIKE 307 OLD POINTE RD PAWLEYS ISLAND, SC 29585 | 02/21/2012 | 08-13555 (JMP) | 67906 | $40,000.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 276: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | | CLAIMS TO BE DISALLOWED AMD EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **REASON** |
| 7 VANGUARD SHORT-TERM BOND INDEX FUND, A SERIES OF VANGUARD BOND INDEX FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16824 | $5,086,228.03 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: PAMELA WIEDER, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | Duplicative of Indenture Trustee Claim |
| 8 VANGUARD TOTAL BOND MARKET INDEX FUND, A SERIES OF VANGUARD BOND INDEX FUNDS ATTN: MICHAEL DRAYO P.O. BOX 2600 MAIL STOP V26 VALLEY FORGE, PA 19482 | 09/18/2009 | 08-13555 (JMP) | 16827 | $6,688,389.86 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: PAMELA WIEDER, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 30871 | Undetermined | Duplicative of Indenture Trustee Claim |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 276: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AMD EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 9 | VOSS, JERRY NEAL 11 MEADOW LAKE DRIVE TEXARKANA, TX 75503 | 02/21/2012 | | 67908 | $91,250.00 | BANK OF NEW YORK MELLON, AS INDENTURE TRUSTEE FOR CUSIP 52520E200 THE BANK OF NEW YORK ATTN: JOHN GUILIANO 101 BARCLAY STREET 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 22123 | $416,013,746.69 | Duplicative of Indenture Trustee Claim |
| 10 | WASHINGTON STATE PLUMBING AND PIPEFITTING INDUSTRY PENSION PLAN JERI TRICE, ZENITH ADMINISTRATORS 201 QUEEN ANNE AVENUE NORTH SUITE 100 SEATTLE, WA 98109-4896 | 05/22/2009 | 08-13555 (JMP) | 4492 | $59,726.40 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

TOTAL    $30,555,961.12

**EXHIBIT M**
**(Proposed Order – ECF No. 26241)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                               :
                          Debtors.                      :        (Jointly Administered)
------------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED SEVENTY-SEVENTH
## OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the two hundred seventy-seventh omnibus objection to claims, dated March

12, 2012 (the "Two Hundred Seventy-Seventh Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Two Hundred Seventy-Seventh Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Seventy-Seventh Omnibus

Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two

Hundred Seventy-Seventh Omnibus Objection to Claims; and (vi) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Seventy-Seventh Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Two Hundred Seventy-Seventh Omnibus

Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest

and that the legal and factual bases set forth in the Two Hundred Seventy-Seventh Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that the Plan Administrator has adjourned to May 31, 2012 (or as may

be further adjourned by the Plan Administrator) the Two Hundred Seventy-First Omnibus

Objection to Claims with respect to the claim listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Guarantee Claims listed on Exhibit 1 and Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Seventy-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

2

matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 277: EXHIBIT 1 – NO GUARANTEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | NEW SOUTH FEDERAL SAVINGS BANK, F.S.B. ATTN: BETSY REYNOLDS 1900 CRESTWOOD BLVD. BIRMINGHAM, AL 35210 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29996 | $913,798.17* | No Guarantee |
| 2 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32809 | $10,378.33* | No Guarantee |
| 3 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32913 | $9,378.33* | No Guarantee |
| 4 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS 1D 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32980 | $12,378.33* | No Guarantee |
| | | | | | TOTAL | $945,933.16 | |

# EXHIBIT 2

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 277: EXHIBIT 2 – NO GUARANTEE CLAIMS – ADJOURNED OBJECTIONS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BANCA ITALEASE S.P.A C/O LOVELLS STUDIO LEGALE ATTN: FEDERICO DEL MONTE VIA SANTA MARIA ALLA PORTA 2 MILAN, 20123 ITALY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30708 | $5,163,384.15 | No Guarantee |
| | | | | | TOTAL | $5,163,384.15 | |

**EXHIBIT N**
**(Proposed Order – ECF No. 26242)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                    :        Chapter 11 Case No.
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :        **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED SEVENTY-EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the two hundred seventy-eighth omnibus objection to claims, dated March

12, 2012 (the "Two Hundred Seventy-Eighth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on

the grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Two Hundred Seventy-Eighth Omnibus Objection

to Claims; and due and proper notice of the Two Hundred Seventy-Eighth Omnibus Objection to

Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) each claimant listed on Exhibit A attached to the Two Hundred

Seventy-Eighth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Seventy-Eighth Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [Docket No. 9635];

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Two Hundred Seventy-Eighth Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Two Hundred Seventy-Eighth Omnibus Objection

to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Eighth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged with

prejudice to the extent set forth in Exhibit 1; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Settled Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Seventy-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 278: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | **ALASKA PERMANENT FUND CORPORATION** C/O RICHARD CULL, LEGAL COUNSEL AUGUSTUS ASSET MANAGERS LIMITED 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | **08-13555 (JMP)** | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 25885 | $19,349,834.00 | **Settled Derivatives Claim** |
| 2 | **DIAMOND FINANCE PLC SERIES 2006-1H** C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | **08-13888 (JMP)** | **Lehman Brothers Special Financing Inc.** | 09/18/2009 | 17989 | Undetermined | **Settled Derivatives Claim** |
| 3 | **DIAMOND FINANCE PLC SERIES 2006-1H** C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN:SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | **08-13555 (JMP)** | **Lehman Brothers Holdings Inc.** | 09/18/2009 | 18001 | Undetermined | **Settled Derivatives Claim** |
| 4 | **SUNTRUST BANK** ATTN: FRED D. WOOLF, DIRECTOR FINANCIAL RISK MGMT OPERATIONS MAIL CODE GA-ATL-3913 3333 PEACHTREE STREET, N.E. ATLANTA, GA 30326 | **08-13555 (JMP)** | **Lehman Brothers Holdings Inc.** | 09/21/2009 | 22753 | $2,055,788.81* | **Settled Derivatives Claim** |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 278: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | SUNTRUST BANK ATTN: FRED D. WOOLF, DIRECTOR FINANCIAL RISK MANAGEMENT OPERATIONS MAIL CODE GA-ATL-3913 3333 PEACHTREE STREET, N.E. ATLANTA, GA 30326 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 26185 | $2,055,788.81* | Settled Derivatives Claim |
| | | | | | TOTAL | $23,461,411.62 | |

**EXHIBIT O**
**(Proposed Order – ECF No. 26235)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                       :         **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :         **08-13555 (JMP)**
                                               :
                       **Debtors.**           :         **(Jointly Administered)**
-------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED SEVENTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

        Upon the two hundred seventy-ninth omnibus objection to Claims, dated

March 12, 2012 (the "Two Hundred Seventy-Ninth Omnibus Objection to Claims"),[1] of

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") in accordance with Rule

3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664],

seeking to reclassify Misclassified Claims as unsecured claims, all as more fully

described in the Two Hundred Seventy-Ninth Omnibus Objection to Claims; and due and

proper notice of the Two Hundred Seventy-Ninth Omnibus Objection to Claims having

been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the

attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission;

(v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern

District of New York, and (vii) all other parties entitled to notice in accordance with the

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Ninth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9635], and it

appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Two Hundred Seventy-Ninth Omnibus

Objection to Claims is in the best interests of the Chapter 11 Entities, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the

Two Hundred Seventy-Ninth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore,

it is

ORDERED that the relief requested in the Two Hundred Seventy-Ninth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on Exhibit 1 annexed

hereto is hereby reclassified as a general unsecured nonpriority claim as indicated in

Exhibit 1; and it is further

ORDERED that the Court-appointed claims agent is authorized and

directed to reclassify the Misclassified Claims pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any valid rights of setoff, netting and/or recoupment in connection with any claims listed

on Exhibit 1 annexed hereto and that all such rights, if any, of setoff, netting and/or

recoupment, and all defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

any claims listed on Exhibit A annexed to the Two Hundred Seventy-Ninth Omnibus

2

Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                _____
                UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT 1 – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 1 | AB SVENSK EXPORTKREDIT (PUBL) ATTN: CHIEF FINANCIAL OFFICER P.O. BOX 16368 VASTRA TRADGARDSGATAN 11B STOCKHOLM, SE 103 27 SWEDEN | 67682 | 10/11/2011 | Lehman Brothers Special Financing Inc. | Secured Unsecured Subtotal | Undetermined $10,369,106.00* $10,369,106.00 | Unsecured | $10,369,106.00* |
| 2 | AXIS BROKERAGE, LP 19855 SOUTHWEST FREEWAY SUITE 250 SUGAR LAND, TX 77479 | 1491 | 12/29/2008 | Lehman Brothers Commodity Services Inc. | Priority | $3,670.00 | Unsecured | $3,670.00 |
| 3 | BENNETT, PAUL F 546 PACIFIC STREET # 2 BROOKLYN, NY 11217 | 13373 | 09/16/2009 | Lehman Brothers Holdings Inc. | Priority | $9,067.50 | Unsecured | $9,067.50 |
| 4 | DAI-ICHI LIFE INSURANCE COMPANY, LIMITED THE 13-1, YURAKUCHO 1 - CHOUME CHIYODA-KU, TOKYO, 100-8411 JAPAN | 67022 | 08/13/2010 | Lehman Brothers Holdings Inc. | Secured Unsecured Subtotal | Undetermined $5,191,608.91* $5,191,608.91 | Unsecured | $5,191,608.91* |
| 5 | DAV-EL RESERVATIONS SYSTEM, INC. 200 SECOND STREET CHELSEA, MA 02150-1802 | 24929 | 09/21/2009 | Lehman Brothers Holdings Inc. | Administrative | $87,937.88 | Unsecured | $87,937.88 |
| 6 | DON PROHASKA & ASSOCIATES 3465 REGENT AVENUE EUSENE, OR 97401 | 5780 | 07/20/2009 | Lehman Brothers Holdings Inc. | Priority Unsecured Subtotal | $10,950.00 $42,854.48 $53,804.48 | Unsecured | $53,804.48 |
| 7 | ENAM SECURITIES PVT LTD. 109/112 DALAMAL TOWER NARIMAN POINT MUMBAI, 400021 INDIA | 25332 | 09/21/2009 | Lehman Brothers Holdings Inc. | Priority Unsecured Subtotal | $7,609.50 $7,609.50 $15,219.00 | Unsecured | $15,219.00 |

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT 1 – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 8 | FINDLAY RSI<br>1210 DISTRIBUTION WAY<br>VISTA, CA 920818816 | 19834 | 09/21/2009 | Lehman Brothers Holdings Inc. | Priority<br>Unsecured<br><br>Subtotal | $258,186.64<br>$104,548.78<br><br>$362,735.42 | Unsecured | $362,735.42 |
| 9 | GRIFFITHS, HILDA A.<br>306 FLURRY LANE<br>WEST BABYLON, NY 11704 | 103 | 10/06/2008 | Lehman Brothers Holdings Inc. | Priority | $9,515.00 | Unsecured | $9,515.00 |
| 10 | HARRIS, ROTHENBERG INTERNATIONAL, LLC<br>99 WALL STREET<br>NEW YORK, NY 10005 | 106 | 10/06/2008 | Lehman Brothers Holdings Inc. | Priority | $86,125.40 | Unsecured | $86,125.40 |
| 11 | HARTMEIER, MICHAEL<br>706 LAUSANNE ROAD<br>LOS ANGELES, CA 90077 | 3168 | 03/02/2009 | Lehman Brothers Holdings Inc. | Priority<br>Unsecured<br><br>Subtotal | $10,950.00<br>$1,357.69<br><br>$12,307.69 | Unsecured | $12,307.69 |
| 12 | LEXINGTON INSURANCE COMPANY<br>C/O AIG ASSET MANAGEMENT<br>ATTN: OZZIE BAYAZITOGLU, ESQ.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 67895 | 02/17/2012 | Lehman Brothers Holdings Inc. | Secured | $158,124.96* | Unsecured | $158,124.96* |
| 13 | LEXINGTON INSURANCE COMPANY<br>C/O AIG ASSET MANAGEMENT<br>ATTN: OZZIE BAYAZITOGLU, ESQ.<br>2929 ALLEN PARKWAY, A36-01<br>HOUSTON, TX 77019 | 67896 | 02/17/2012 | Lehman Brothers Special Financing Inc. | Secured | $158,124.96* | Unsecured | $158,124.96* |
| 14 | PJM INTERCONNECTION, LLC<br>C/O NICHOLAS J. LEPORE, III<br>SCHNADER HARRISON SEGAL & LEWIS LLP<br>1600 MARKET STREET, STE 3600<br>PHILADELPHIA, PA 19103 | 25223 | 09/21/2009 | Lehman Brothers Commodity Services Inc. | Administrative<br>Unsecured<br><br>Subtotal | $18,063,731.74<br>$0.00<br><br>$18,063,731.74 | Unsecured | $18,063,731.74 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

US_ACTIVE:\43949019\01\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)

## TWO HUNDRED SEVENTY-NINTH OMNIBUS OBJECTION: EXHIBIT 1 – MISCLASSIFIED CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| 15 | SOLAR INVESTMENT GRADE CBO I, LTD<br>THE BANK OF NEW YORK TRUST COMPANY, AS TRUSTEE<br>ATTN: GLOBAL CORPORATE TRUST-SOLAR INVESTMENT GRADE CBO I, LTD<br>601 TRAVIS, 16TH FLOOR<br>HOUSTON, TX 77002 | 66917 | 07/02/2010 | Lehman Brothers Special Financing Inc. | Secured<br>Unsecured<br><br>Subtotal | $1,650,000.00<br>$8,525,302.66<br><br>$10,175,302.66 | Unsecured | $10,175,302.66 |
| 16 | SOLAR INVESTMENT GRADE CBO II, LTD<br>THE BANK OF NEW YORK TRUST COMPANY, AS TRUSTEE<br>ATTN: GLOBAL CORPORATE TRUST-SOLAR INVESTMENT GRADE CBO II, LTD<br>601 TRAVIS, 16TH FLOOR<br>HOUSTON, TX 77002 | 66915 | 07/02/2010 | Lehman Brothers Special Financing Inc. | Secured<br>Unsecured<br><br>Subtotal | $660,000.00<br>$3,405,113.62<br><br>$4,065,113.62 | Unsecured | $4,065,113.62 |
| 17 | SWIFT MASTER AUTO RECEIVABLES TRUST<br>C/O ALLY FINANCIAL INC.<br>ATTN: STEPHEN VAN DOLSEN<br>1185 AVENUE OF THE AMERICA,S 2ND FLOOR<br>NEW YORK, NY 10036 | 67867 | 01/30/2012 | Lehman Brothers Special Financing Inc. | Secured | $36,968,786.94* | Unsecured | $36,968,786.94* |
| 18 | WINNING MIND, LLC<br>1010 UNIVERSITY AVE., #265<br>SAN DIEGO, CA 92103 | 1428 | 12/23/2008 | Lehman Brothers Holdings Inc. | Priority<br>Unsecured<br><br>Subtotal | $10,950.00<br>$20,695.62<br><br>$31,645.62 | Unsecured | $31,645.62 |
| | | | | | TOTAL | $85,821,927.78 | TOTAL | $85,821,927.78 |

* - Indicates claim contains unliquidated and/or undetermined amounts

† - Indicates that the Debtor on the filed proof of claim has been previously ordered modified to the Debtor listed on this exhibit

US_ACTIVE:\43949019\01\58399.0008

**EXHIBIT P**
**(Proposed Order – ECF No. 26086)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                  :        Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,               :        08-13555 (JMP)
                                                       :
                             Debtors.                  :        (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING DEBTORS' OBJECTION
## TO CLAIM OF GADECO, LLC (CLAIM NO. 32441)

Upon the objection, dated March 7, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively,

the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule

3007(d) of the Federal Rules of Bankruptcy Procedure to disallow and expunge the claim filed by Gadeco, LLC

("Gadeco"), Claim No. 32441 (the "Gadeco Claim") on the basis that the Debtors have no liability for the Gadeco

Claim, all as more fully described in the Objection; and due and proper notice of the Objection having been

provided, and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Gadeco Claim is

disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.

Dated: _____, 2012
          New York, New York


                                                       _____
                                                       UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.