IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS                Case No. 08-13555 (JMP)
                                                                     JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

[*Nome del cessionario*]                              [*Nome del cedente*]
Name of Transferee                                    Name of Transferor
                                                      **BANCO DI CREDITO P. AZZOAGLIO SPA**
Name and Address where notices to transferee          Court Claim # (if known): **56112**
should be sent:  **Banca Euromobiliare (Suisse) SA**  [*numero del Claim insinuato*]
                 **Via Balestra 17**                  Amount of Claim: $[*ammontare del Claim*]
                 **6900 Lugano**                      **97,866.50 USD**
                                                      Date Claim Filed: **October 29, 2009**
[*Indirizzo del cessionario*]                         [*data di deposito del Claim*]
Attn: [*Persona di riferimento per il cessionario*]
E-mail: [*Indirizzo e-mail del cessionario*]
   **Ms. Elena Carosi    E-mail: e.carosi@euromobiliare.ch**
Phone: [*contatto telefonico del cessionario*]        Phone: [*contatto telefonico del cedente*]
Last Four Digits of Acct #: N/A                       Last Four Digits of Acct. #: N/A
   **Tel +41919125555**                               **Mr ROSSI Alessandro – Legal Department**
Name and Address where transferee payments            **Tel. +390174724205**
should be sent (if different from above):

Phone: [*contatto telefonico del ricevente il pagamento per conto del cessionario*]
Last Four Digits of Acct #: N/A

[*Inserire riferimenti bancari del cessionario*]

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: _____                  Date: [*data di invio comunicazione*]  23 APR. 2012
    Transferee/Transferee's Agent **Elena Carosi**

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, [BANCO DI CREDITO P. AZZOAGLIO S.P.A.] ("Seller"), [acting on behalf of one or more of its customers (the "Customers")] hereby unconditionally and irrevocably sells, transfers and assigns to [EUROMOBILIARE SUISSE S.A.] (the "Purchaser"), [acting on behalf of one or more of its customers,] and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the [applicable percentage / principal amount / nominal amount] specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number [56112] filed by or on behalf of [Seller] [Seller's predecessor in interest] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of [Seller / its Customers] relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of [Seller's / its Customers'] right, title and interest in, to and under the transfer agreements, if any, under which [Seller / Customer(s)] or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) [Seller / its Customer] owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) [neither] Seller [nor its Customer] has [not] engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller.



Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the [[Republic of Italy]/[State of New York]] (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in [[*inserire corte italiana competente se scelta la legge italiana*]/[the County of New York in the State of New York]]. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of ____ 2010.

[SELLER]
BANCO DI CREDITO P. AZZOAGLIO SPA
By:_____
Name: Mr Francesco Azzoaglio
Title: CEO of Banco di Credito P. Azzoaglio SpA

[Address]
[City, State, Zip]
Via A. Doria, 17 – Ceva (CN) 12073 - Italy

[PURCHASER]
EUROMOBILIARE SUISSE S.A.
By:_____
Name:
Title:    Ivan Mattei            Elena Carosi
         Deputy Gen. Manager    Vice President

[Address]
[City, State, Zip]
Via Balestra 17 – 6900 Lugano - Switzerland

Schedule 1

Transferred Claims

Purchased Claim

[[0,94]%] [$[97,866.50]] of $[10,373,706.14] (the outstanding amount of the Proof of Claim as of [insert date of Agreement and Evidence of Transfer]).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| [LEHMAN 23/04/14 TV] | [XS0189294225] | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | [USD 96,226.80] | [USD 1,639.70] | [Apr.23,2014] | [USD 97,866.50] |



**BANCA EUROMOBILIARE (SUISSE)**

via S.Balestra, 17 – CH 6901 Lugano
tel. +41.91.912.55.55 – fax +41.91.912.55.22

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Inc
757 Third Avenue, 3rd Floor
New York, NY 10017
USA

Lugano, April 23rd 2012

**Transfer of claim # 56112**

Dear Sirs,

Please find herewith attached the "Transfer o claim other than for security", duly filled in and signed both by the Trasferor Banca di Credito P.Azzoaglio Spa and the Transferee (Banca Euromobiliare (Suisse) SA.

Kindest regards,

Banca Euromobiliare (Suisse) SA

Elena Carosi                                Demis Ticozzi
Vice President                              Assistant Vice President

| | | |
|---|---|---|
| Sender's Account Number | 0 0 0 2 5 5 9 3 4 | Sending Depot / Receiving Depot |
| 2. Invoice to Receiver | SENDER LIABLE FOR UNPAID CHARGES | TNT SWISS POST |
| | Receiver's account number | |
| 3. Customer Reference | | |

Barcode: GD 393 429 518 WW

**4. From (Collection Address)**
- Name: BANCA EUROMOBILIARE (SUISSE) SA
- Address: VIA BALESTRA 17
- City: LUGANO
- Postal / Zip Code: 6901
- Country: SWITZERLAND

**5. To (Receiver)**
- Name: Epiq Bankruptcy Solutions LLC
- Address: 757 Third Avenue, 3rd floor
- City: New York
- Province/Region: NY
- Postal / Zip Code: 10017
- Country: USA
- Contact Name: Lehman Brothers Holdings Inc

RECEIVED APR 25 2012

**8a. Services**: Special Express, 9:00 Express, 10:00 Express, 12:00 Express, Express, Economy Express
**8b. Options**: Priority, Insurance

**6. Delivery Address** — LBH

**7. Dangerous Goods**: No

Your Signature: [signed]
Date: 24/04/12
Received by TNT
Date: 23/04/12

**10. Goods Descriptions** (blank)

**11. Dutiable Shipment Details**

DATA PREP COPY
Form 38-2691

---

TNT
39429518 01/01
ORIGIN: LUG
23.04.12
TNT REF: BMI_QUA_120402
12114 18:15 W376VML
EXPRESS (DOCS)
DELIVERY: NEW YORK
A 10017
DESTINATION: NYC NY
US UNITED STATES
LOCAL HUB: LGG 9
AIR XRAY 2