WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
**In re** : **Chapter 11 Case No.**
: 
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : 08-13555 (JMP)
: 
Debtors. : (Jointly Administered)
: 
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746 REGARDING
LEHMAN BROTHERS HOLDINGS INC.'S MOTION PURSUANT TO SECTION
105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR
AN ORDER AMENDING THE TIER 2 ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER
DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $1 MILLION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of

the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice

and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

1. Lehman Brothers Holdings Inc. ("LBHI" and the "Plan

Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed Lehman Brothers Holdings Inc.'s Motion Pursuant to Section 105(a) of the Bankruptcy Code and General Order M-390 for an Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts for Amounts Not More Than $1 Million [ECF No. 27453] (the "Motion") with this Court on April 18, 2012. In accordance with the Second Amended Case Management Order, April 26, 2012 at 4:00 p.m. (Prevailing Eastern Time), was established as the deadline (the "Objection Deadline") for parties to object or file a response to the Motion.

2. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that, *inter alia*, no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements. The Objection Deadline has now passed and, to the best of my knowledge, no objection or other responsive pleading to the Motion has been filed on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor has any objection or other responsive pleading to the Motion been served on the Plan Administrator's counsel.

3. Accordingly, for the reasons set forth in the Motion, the Plan Administrator respectfully requests that the Proposed Order annexed hereto as Exhibit A, be

entered in accordance with the procedures described in the Second Amended Case Management Order.

      I declare that the foregoing is true and correct.

Dated: April 26, 2012
      New York, New York

                                    /s/ Robert J. Lemons
                                    Robert J. Lemons

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates

# **EXHIBIT A**

**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
: 
In re                                                            :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :   08-13555 (JMP)
                                                                 :
              Debtors.                                 :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### AMENDED ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE AND GENERAL ORDER M-390 FOR AN ORDER AMENDING THE TIER 2 ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR AFFIRMATIVE CLAIMS OF DEBTORS UNDER DERIVATIVES CONTRACTS FOR AMOUNTS NOT MORE THAN $5 MILLION

Upon the motion, dated April 18, 2012, of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for an order amending the *Tier 2 Alternative Dispute Resolution Order for Affirmative Claims of the Debtors Under Derivatives Contracts for Amounts Equal to or Less Than $1 Million* (the "Tier 2 Derivatives ADR Order") [ECF No. 11649] (the "Motion"),[1] all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all Derivatives Counterparties; and (vi) all parties who have requested notice in these chapter 11 cases; and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the threshold in the definition of "Tier 2 Derivatives Contracts with Recovery Potential" in the Tier 2 Derivatives ADR Order is increased from $1 million to $5 million; and it is further

ORDERED that all terms of the Tier 2 Derivatives ADR Order shall otherwise continue to apply and remain in full force and effect without modification; and it is further

ORDERED that service of notice of the Motion by e-mail or facsimile shall be good and sufficient notice of the Motion.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3