**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED SEVENTY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the two hundred seventy-eighth omnibus objection to claims, dated March

12, 2012 (the "Two Hundred Seventy-Eighth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and

this Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on

the grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Two Hundred Seventy-Eighth Omnibus Objection

to Claims; and due and proper notice of the Two Hundred Seventy-Eighth Omnibus Objection to

Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) each claimant listed on Exhibit A attached to the Two Hundred

Seventy-Eighth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Seventy-Eighth Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [Docket No. 9635];

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Two Hundred Seventy-Eighth Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, creditors, and all parties in interest and

that the legal and factual bases set forth in the Two Hundred Seventy-Eighth Omnibus Objection

to Claims establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Seventy-Eighth

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged with

prejudice to the extent set forth in Exhibit 1; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Settled Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Seventy-Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
       April 27, 2012

                                    *s/ James M. Peck*
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE