**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
In re                                                                 :    Chapter 11 Case No.
                                                                      :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    08-13555 (JMP)
                                                                      :
                                      Debtors.                  :    (Jointly Administered)
-----------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED SEVENTY-NINTH
### OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

Upon the two hundred seventy-ninth omnibus objection to Claims, dated March 12, 2012 (the "Two Hundred Seventy-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Misclassified Claims as unsecured claims, all as more fully described in the Two Hundred Seventy-Ninth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Seventy-Ninth Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii) the U.S. Trustee; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Seventy-Ninth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Seventy-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Entities, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Seventy-Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Seventy-Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on <u>Exhibit 1</u> annexed hereto is hereby reclassified as a general unsecured nonpriority claim as indicated in <u>Exhibit 1</u>; and it is further

ORDERED that the Court-appointed claims agent is authorized and directed to reclassify the Misclassified Claims pursuant to this Order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on any valid rights of setoff, netting and/or recoupment in connection with any claims listed on <u>Exhibit 1</u> annexed hereto and that all such rights, if any, of setoff, netting and/or recoupment, and all defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on any claims listed on <u>Exhibit A</u> annexed to the Two Hundred Seventy-Ninth Omnibus

Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
April 27, 2012

          *s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE