**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                         :
                        **Debtors.**           :    **(Jointly Administered)**
-------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING**
**DEBTORS' TWO HUNDRED SIXTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Upon the two hundred sixty-fifth omnibus objection to claims, dated February 6,

2012 (the "Two Hundred Sixty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the No Liability Derivatives Claims on the grounds that they assert claims for

which the Debtors have no liability, all as more fully described in the Two Hundred Sixty-Fifth

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Fifth

Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for

the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Two Hundred Sixty-Fifth Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Sixty-Fifth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Two Hundred Sixty-Fifth Omnibus Objection to Claims

is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Two Hundred Sixty-Fifth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Sixty-Fifth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and (ii)

any claim listed on Exhibit A annexed to the Two Hundred Sixty-Fifth Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two Hundred*

*Sixty-Fifth Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 27104];

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: New York, New York
       April 27, 2012

                              _____s/ James M. Peck_____
                              HONORABLE JAMES M. PECK
                              UNITED STATES BANKRUPTCY JUDGE