RECEIVED APR 1 2 2012 U.S. BANKRUPTCY COURT, SDNY

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                                          Chapter 11

LEHMAN BROTHERS HOLDINGS INC., et al.,      Case No. - 08-13555
                                                                                   (Jointly Administered)

                                      Debtor(s).
------------------------------------------------------------x

The Honorable James M. Peck
One Bowling Green
New York, New York 10004
Courtroom 601

### RESPONSE BY GEORGI I TSEKOV TO THE DEBTOR'S TWO HUNDRED AND SIXTY NINTH OMNIBUS OBJECTION SEEKING TO DISALLOW AND EXPUNGE THE PROOF OF CLAIM # 1525 FILED ON 12/31/2008

Georgi I Tsekov, as creditor of Lehman Brothers Holdings Inc., et al., debtors in the above-referenced Chapter 11 cases, hereby submits this reply in response to the One Hundred and Sixty Ninth Omnibus Objection, filed on March, 12, 2012 by the Debtors and Debtors in Possession through their counsel, Weil, Gothal & Manges LLP, and state the following:

1. Georgi I Tsekov's claim #1525 is valid based on the presented proof of claim.

2. Debtors' objection paper appears to make the argument that LBHI is not liable for the promised 401(k) matching contribution to the claimant's account for benefit

year 2008

3. The Debtors further argue in the objection that according to the 401(k) savings plan "…must remain employed with the Lehman enterprise on the last day of the calendar year to be eligible for a matching contribution." (Debtor's Objection, p.4).

4. The Debtors' position is flawed. The presented proof of claim is a statement of plan contributions made by the claimant up to the time of the bankruptcy filing. The matching contribution has been customary as evidenced by the actual match during the previous years of service of the claimant.

5. Furthermore, as part of the Asset Purchase Agreement among LBHI, LBI Inc, LB 745 LLC and Barclays Capital Inc, dated as of September 16, 2008, Barclays Capital as a purchaser was required to continue to employ each offeree or all active employees as defined in Article IX, Sec 9.1. The claimant, Georgi I Tsekov, was therefore transferred to work for Barclay's Capital and did not have the choice to remain a Lehman employee through 31 December 2008 (the last day of the calendar year).

6. Debtors' argument is not substantiated also by the fact that no evidence has been presented indicating that the claimant was given a choice of continued employment with LBHI or that Barclay's Capital Inc offered to assume the 401(k) match.

WHEREFORE,

Georgi I Tsekov respectfully requests that the Debtors' objection to the proof of his

claim is denied on the grounds that the said objection is unsubstantiated and its main argument contradicts statements by the Debtor's counsel made elsewhere.

Dated 11 April, 2011
Westfield, New Jersey

Georgi I. Tsekov
213 S Scotch Plains Avenue
Westfield, NJ 07090
Telephone: (908) 233 18 09
Email :gtsekov@earthlink.et

I hereby certify that a copy of the foregoing response has been mailed to counsel for the Debtor, the Office of the United States Trustee for Region 2 and the Official Committee of Unsecured Creditors on 11 April, 2011.

Georgi I. Tsekov