UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.          Case No. 08-13555-JMP

           Debtor.                             Chapter 11
_____/

**PRIORITY CREDITOR DAWN BRICKMAN'S (1) RESPONSE TO OBJECTION TO HER PROOF OF CLAIM (CLAIM NO. 68052) CONTAINED WITHIN THE TRUSTEE'S TWO-HUNDRED EIGHTY SECOND OMNIBUS OBJECTION TO CLAIMS (LATE FILED CLAIM) FILED APRIL 16, 2012 AND (2) MOTION TO CONTINUE MAY 31, 2012 HEARING ON SUCH OBJECTION**

Priority creditor Dawn M. Brickman ("Respondent") files this (1) Response to the Objection to her Proof of Claim (Claim No. 68052) Contained within the Trustee's Two-Hundred Eighty Second Omnibus Objection to Allow Late Filed Claim filed April 16, 2012, and Motion to Continue May 31, 2012 Hearing on such Objection, and states:

**1. Response to Objection to Proof of Claim (Claim No. 68052)**

      1.    Respondent is a former employee of Lehman Brothers Holdings, Inc. and is owed three month's severance pay in the amount of $11,875.

      2.    Respondent never received notice of this bankruptcy proceeding and did not know of the bar date for creditors to file proofs of claim. Movant did not know of an obligation to file a proof of claim.

      3.    On March 13, 2012, Respondent filed a proof of claim (Claim No. 68052) and attached documentation for her claim, contemporaneously with a motion to allow late-filed claim (copies of both of which are attached to this response) and sent the claims processor Epiq Bankruptcy Solutions, LLC a completed W-9 and an OFAC certification.

**2. Motion to Continue Hearing on the Objection to her Proof of Claim**

      4.    On April 19, Respondent received the objection to her claim and notice of hearing set for May 31, 2012.

      5.    Respondent is unavailable on May 31, because she will be out of the country on a previously-scheduled trip to visit her family. Respondent booked her flight on April 18, 2012. Movant cannot afford to hire an attorney. Respondent will return to the USA on June 7, 2012.

      6.    This is Respondent's first request for a continuance.

7.  On April 20, 2012, Respondent contacted the Debtor's counsel Maurice Horwitz, who said that because Respondent will be out of country, the hearing date would have to be adjourned.

WHEREFORE, Dawn M. Brickman requests this court continue the hearing on the objection to her proof of claim currently scheduled for May 31, 2012 to a date after June 7, 2012, overrule the objection to her proof of claim, allow her as a priority claim to the extent allowable under the law pursuant to 11 U.S.C. Section 507(a)(4) and a general unsecured claim for the remainder, provide for a distribution to movant under the plan, and for such other relief as the court may deem just and proper.

Dated: April 30, 2012

Dawn M. Brickman

## CERTIFICATE OF SERVICE

I certify that I filed this motion by hand with the clerk of court and served a copy of the foregoing via certified mail to (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Attorneys for Lehman Brothers Holdings Inc., Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis , Esq., Elisabeth Gasparini, Esq., and Andrea Schwartz, Esq.); on this ___ day of April, 2012.

Dawn M. Brickman

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **PROOF OF CLAIM** |
|---|---|

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 |

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Dawn M. Brickman
270 First Avenue, Apt. 4F
New York, NY 10009

dawnmbrickman@gmail.com

Telephone number: (863) 398-3437    Email Address: see above

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 11,875
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** employee wages (see attached)
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate ____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____   Basis for perfection: _____
Amount of Secured Claim: $ 0    ☒ Amount Unsecured: $ 925

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:
$ 10,950

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED
12 MAR 13 P 4: 03
U.S. BANKRUPTCY COURT
S.D. OF N.Y.

Date: 3/13/12

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. [signature]

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

LEHMAN BROTHERS HOLDINGS INC., et al.          Case No. 08-13555-JMP

Debtor.                                         Chapter 7

_____/

## PRIORITY CREDITOR'S MOTION TO ALLOW LATE FILED CLAIM

Priority creditor Dawn M. Brickman files this Motion to Allow Late Filed Claim, and states:

1. Movant is a former employee of Lehman Brothers Holdings, Inc. and is owed three month's severance pay in the amount of $11,875.

2. Movant never received notice of this bankruptcy proceeding and did not know of the bar date for creditors to file proofs of claim.

3. Movant filed the attached proof of claim contemporaneously with this motion. Movant has also sent the claims processor Epiq Bankruptcy Solutions, LLC a completed W-9 and an OFAC certification.

WHEREFORE, movant requests this court deem her claim timely filed as a priority claim to the extent allowable under the law pursuant to 11 U.S.C. Section 507(a)(4) and a general unsecured claim for the remainder, provide for a distribution to movant under the plan, and for such other relief as the court may deem just and proper.

Dated: March 13, 2012

Dawn M. Brickman

## CERTIFICATE OF SERVICE

I certify that I filed this motion by hand with the clerk of court and served a copy of this motion along with a copy of the proof of claim, W-9, and OFAC certification via certified mail to Lehman Brothers Holdings Claims Processing c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5076, New York, NY 10150-5076 on this 13 day of March, 2012.

Dawn M. Brickman

[Filed stamp: U.S. BANKRUPTCY COURT, S.D. OF N.Y., 2012 MAR 13 P 4:03]

# LEHMAN BROTHERS

MARIJANE ZONA
VICE PRESIDENT

September 9, 2008

Dawn Brickman
By Hand

Dear Dawn Marcella:

This is an agreement and release concerning your separation from employment by Lehman Brothers. If you sign and comply with this agreement, you will receive the payments and benefits discussed below.

**Effective Dates, Payments and Benefits**

1. Today will be the last day that you are expected to report to work.

2. Provided you sign and comply with this agreement, you are eligible to continue to receive your current base salary and benefits coverage through the earlier of December 6, 2008 or the date on which you become actively employed with another firm (the "separation date"), as follows.

    a. You will continue to receive your current base salary and benefits continuation through November 8, 2008 (the "notice period").

    b. Immediately after the notice period and in lieu of a lump sum separation payment consisting of 2 weeks of severance pay and two weeks of unused vacation pay, you will continue to receive your current base salary and certain benefits continuation, including medical benefits, through December 6, 2008.

    Salary continuation will be paid on a biweekly basis at your current biweekly base salary rate, in accordance with the Firm's regular payroll practices. While you are on salary continuation, you will be eligible to continue your benefits coverage under the terms of our plans. All payments will be subject to withholding, payroll taxes and other applicable deductions.

3. Lehman Brothers has retained Lee Hecht Harrison to provide you with outplacement counseling services. These services are designed to assist you with counseling on resume writing, interviewing skills, networking techniques, and a job search campaign. We encourage you to take advantage of these services in order to ensure a smooth career transition. To sign up, please call Sasha Hohri af (866) 949-3325.

4. You and your covered dependents, pursuant to the COBRA law, may be eligible to continue health insurance coverage for up to 18 months from your separation date, at your own expense. Your right to continue or convert coverage (including COBRA coverage) after your separation date will be governed by the terms of our plans.

5. Your rights to benefits under any employee benefits plans will be determined in accordance with the terms of such plans. Our employee benefits plans may be modified or terminated at any time.

6. Should you become employed by another firm as an employee, consultant or independent contractor at any time while you are on salary continuation, you are obligated to inform the Firm so that you can be terminated from the Firm's payroll at that time. This date will be your separation date for purposes of this agreement. As of this separation date, your salary and benefits coverage continuation will

Dawn Brickman
page 2

end. Provided you have signed and complied with this agreement, you will receive a lump sum payment representing the remainder of the payments described in paragraph 2, payable within 4 weeks of your separation date.

7. Should you be rehired by Lehman or any of its subsidiaries or affiliates as an employee, consultant or independent contractor at any time through your separation date you will no longer be eligible to receive the remainder of the payments described in paragraph 2.

8. As you are aware, for certain of your outstanding and unvested restricted stock unit awards ('RSUs') granted to you in connection with the Lehman Brothers Equity Award Program, you are expressly required to execute a release agreement as a condition of 'involuntary termination without cause' treatment under those awards. If you sign and comply with this separation agreement, you will satisfy the release requirement applicable to such awards.

**Complete Release**

You agree to forever release Lehman Brothers Inc., any of its affiliated companies, past and present parents, subsidiaries, divisions and present and former employees, officers, directors, successors and assigns from all claims you may now have based on your employment with any Lehman affiliate or the separation of that employment, to the maximum extent permitted by law. This includes a release, to the maximum extent permitted by law, of any rights or claims you may have under: the Age Discrimination Employment Act, which generally prohibits age discrimination in employment; Title VII of the Civil Rights Act of 1964, which generally prohibits discrimination in employment based on race, color, national origin, religion or sex; the Equal Pay Act, which generally prohibits paying men and women unequal pay for equal work; the Americans with Disabilities Act, which generally prohibits discrimination on the basis of disability; the Employee Retirement Income Security Act of 1974, which governs the provision of pension and welfare benefits; the Conscientious Employee Protection Act, which generally prohibits retaliation due to an employee's whistle blowing-related activities; and all other federal, state or local laws prohibiting employment discrimination. This also includes a release by you of any claims for wrongful discharge, any compensation claims, or any other claims under any statute, rule, regulation, or under the common law. This release covers both claims that you know about and those you may not know about.

**Non-disclosure Provisions**

You agree not to disclose to anyone except your immediate family, accountant, and lawyer any information relating to the subject matter or existence of this agreement, including the dollar amount set forth, except to the extent required by legal process. Any disclosure to your immediate family, accountant or lawyer shall be made only upon their agreement not to disclose these terms to another person. Notwithstanding the foregoing, the parties may disclose to any and all persons, without limitation of any kind, the tax treatment and tax structure of the transaction and all materials of any kind (including opinions or other tax analyses) that are provided to either party relating to such tax treatment.

**Firm Property; Confidential Information**

You agree that all proprietary or confidential information concerning Lehman, its business or customers which you learned, received, or developed while an employee of Lehman is and shall remain the exclusive property of Lehman. You agree that you will not, without Lehman's express written consent, (1) disclose any of Lehman's confidential or proprietary information to any entities or individuals outside of Lehman, including to any competitors, the media, or other third parties, or (2) use such information for your own personal benefit or for the benefit of any individual or entity

Dawn Brickman
page 3

other than Lehman. You further agree to return to Lehman any and all Lehman property that you possess, including Lehman confidential or proprietary information, within one week after your last day of active employment.

**Registration**

If you are currently registered with Lehman, your registration will cease as of your last day of active employment. Once you join another firm, you should immediately contact the new firm's Registration Department to transfer your registrations, as the transfer does not occur automatically. Your new firm should have you complete a new U-4 form.

**Disparaging Remarks**

You agree not to make any remarks now or at any time in the future to any third party, including to a client, a competitor, or the media, that could be detrimental in any way to Lehman or to individual directors or employees of Lehman. This does not restrict your ability to respond to any inquiry that you may receive from applicable regulatory authorities or to disclose information pursuant to subpoena or legal process.

**Future Cooperation**

You agree to reasonably cooperate with Lehman, its financial and legal advisors and/or government officials in connection with any business matters in which you were involved or any claims, investigations, administrative proceedings or lawsuits which relate to your Lehman employment. Related travel and accommodation expenses will be reimbursed in accordance with Lehman's standard policies.

**Arbitration**

Any controversy arising out of or relating to this agreement shall be submitted to arbitration pursuant to the constitution and rules of the Financial Industry Regulatory Authority (FINRA).

**Consultation with Attorney**

You have been advised to consult with an attorney concerning this agreement and acknowledge that you have had ample opportunity to do so before signing.

**Separation Booklet**

You acknowledge that you have received and reviewed a copy of the Firm's booklet, "Guide to Leaving Lehman Brothers."

**Employment Inquiries**

It is the Firm's policy to provide only limited information to non-Lehman individuals or organizations. Verify Job System, the vendor retained to provide this information, will disclose dates of employment and your last job title. Requestors can access the verification system online at www.vjsus.com or by calling 800-800-4857. Requestors will need your Social Security number in order to verify your employment information for a nominal fee. This shall not restrict Lehman's ability to provide complete information with respect to your employment when expected to do so under applicable regulatory requirements.

**Entire Agreement**

This agreement constitutes the entire agreement between the parties and cannot be altered except in writing signed by both parties. The terms of this agreement supersede any other oral or written arrangement between you and the Firm with respect to your employment or the separation of your employment by the Firm including but not limited to any entitlements you may have under the Firm's severance policy. Both parties acknowledge that no representations were made to induce execution of this agreement, which are not expressly contained in this agreement.

**Successorship; Controlling Law**

This agreement will be binding on Lehman and its successors and assigns and will also be binding on you, your heirs, administrators, executors and assigns. This agreement will be construed under the substantive law of the State of New Jersey, without regard to conflict of law principles.

**Period for Review and Consideration of Agreement**

You have been given a period of fourteen (14) days from the date of this letter to review and consider this agreement before signing it. Please return this document to my attention in one of the following ways:

| | |
|---|---|
| By Mail: | 1301 Avenue of the Americas<br>New York, NY 10019 |
| or by Fax: | (646) 758-1697 |
| or by E-Mail: | marijane.zona@lehman.com |

You may use as much of this of fourteen (14) day period as you wish prior to signing. If you have not signed and returned this agreement by that date, you will not be eligible to receive the payments and benefits described in this agreement.

**You acknowledge that you have read this agreement, understand it and are voluntarily entering into it.**

LEHMAN BROTHERS INC.

*/s/ Marijane Zona/*
Marijane Zona

*/s/ Dawn Brickman/*
Dawn Brickman

9/9/08
Date