**Presentment Date and Time:  May 30, 2012 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**
**Objection Date and Time:  May 30, 2012 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------- x
In re                                                      :          **Chapter 11**
                                                           :
LEHMAN BROTHERS HOLDINGS, INC. *et al.,*                   :          **Case No. 08-13555 (JMP)**
                                                           :
                                    Debtors.               :          **(Jointly Administered)**
---------------------------------------------------------- x

**NOTICE OF PRESENTMENT OF ORDER GRANTING THE SECOND**
**CONSOLIDATED APPLICATION OF RICHARD A. GITLIN, FEE COMMITTEE**
**CHAIR, AND GODFREY & KAHN, S.C., COUNSEL TO THE FEE COMMITTEE, FOR**
**RETROACTIVE AND INTERIM ALLOWANCE OF FIXED FEE COMPENSATION**
**FOR PROFESSIONAL SERVICES RENDERED FROM MAY 1, 2011 THROUGH**
**AUGUST 31, 2011, AND REIMBURSEMENT OF ACTUAL AND NECESSARY**
**EXPENSES INCURRED FROM AUGUST 31, 2011 TO FEBRUARY 29, 2012**

**PLEASE TAKE NOTICE** that the undersigned will present the attached *Second*

*Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C.,*

*Counsel to the Fee Committee, for Retroactive and Interim Allowance of Fixed Fee*

*Compensation for Professional Services Rendered from May 1, 2011 Through August 31, 2011,*

*and Reimbursement of Actual and Necessary Expenses Incurred from August 31, 2011 to*

*February 29, 2012* (the "**Second Fee Application**") and *Order Granting the Second Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim Allowance of Fixed Fee Compensation for Professional Services Rendered from May 1, 2011 Through August 31, 2011, and Reimbursement of Actual and Necessary Expenses Incurred from August 31, 2011 to February 29, 2012* (the "**Second Consolidated Order**") proposed by the Fee Committee appointed in Lehman Brothers Holdings, Inc. ("**LBHI**") with its affiliated debtors in possession (together, the "**Debtors**" and, collectively with their non-debtor affiliates, "**Lehman**") pursuant to the *Order Appointing Fee Committee and Approving Fee Protocol* (the "**Fee Committee Order**") [Docket No. 3651] and as amended by the April 14, 2011 *Order Amending the Fee Protocol* [Docket No. 15998], to the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") for approval and signature on **May 30, 2012 at 12:00 noon (Prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that the Application seeks allowance of interim compensation for professional services performed during the period from May 1, 2011 through August 31, 2011, and reimbursement of actual and necessary expenses incurred during the period from August 31, 2011 through February 29, 2012, pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Application shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the Bankruptcy Court for the Southern District of New York (the

"**Local Rules**"), shall set forth the name of the objecting party, the basis for the objection and specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov ) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York, 10153, Attn: Richard P. Krasnow, Esq., attorneys for the Debtors; (iii) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York, 10004, Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq., and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York, 10005, Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) Godfrey & Kahn, S.C., One East Main Street, Suite 500, Madison, WI 53703, Attn: Brady C. Williamson, Esq. and Katherine Stadler, Esq. attorneys for the Fee Committee **so as to be so filed and received by no later than May 30, 2012 at 11:00 a.m. (Prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that the relief requested may be granted without a hearing if no objection is timely filed and served in accordance with the procedures outlined above.  If a written objection is timely filed and served, a hearing will be scheduled by the Court to be held at the United States Bankruptcy Court for the Southern District of New York, Judge James M. Peck, presiding, One Bowling Green, New York, New York 10004-1408.  If an objection is filed, the moving and objecting parties are required to attend the hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: Madison, Wisconsin
      May 3, 2012.

GODFREY & KAHN, S.C.

By:      /s/ *Katherine Stadler*
      Brady C. Williamson (BW 2549)
      Katherine Stadler (KS 6831)

      GODFREY & KAHN, S.C.
      One East Main Street, Suite 500
      P.O. Box 2719
      Madison, Wisconsin 53701-2719
      Telephone: (608) 257-3911
      Facsimile: (608) 257-0609
      E-mail: bwilliam@gklaw.com
              kstadler@gklaw.com

      *Attorneys for the Fee Committee*

7890425_1

**Presentment Date and Time:  May 30, 2012 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**
**Objection Date and Time:  May 30, 2012 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------

| | | |
|---|---|---|
| | x | |
| **In re** | : | **Chapter 11** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | x | |

--------------------------------------------------------------

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FILED UNDER 11 U.S.C. § 330 FOR FIXED FEE COMPENSATION AND REIMBURSEMENT OF EXPENSES

## SECOND INTERIM FEE APPLICATION

Name of Applicants:          Richard A. Gitlin, Fee Committee Chair
                             Godfrey & Kahn, S.C., Counsel to the Fee Committee

Time Period:                 May 1, 2011 through August 31, 2011

Current Application:         Total Fixed Fees Requested through August 31, 2011:
                             $950,000.00 (reflecting $50,000.00 voluntary reduction)


                             Total Expenses Requested:  $95,404.35
                             (through February 29, 2012)

| | |
|---|---|
| Prior Applications: | *First Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim Allowance of compensation for Professional Services Rendered From January 24, 2011 Through April 30, 2011, and Reimbursement of Actual and Necessary Expenses Incurred From January 24, 2011 to August 30, 2011* [Docket No. 22392] |
| | *Order Granting First Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim Allowance of compensation for Professional Services Rendered From January 24, 2011 Through April 30, 2011, and Reimbursement of Actual and Necessary Expenses Incurred From January 24, 2011 to August 30, 2011* [Docket No. 23643] |
| | $806,450.00-Fees<br>$67,239.61-Expenses |
| Interim Payments from Debtors: | None. |

### Summary of Professionals and Paraprofessionals Providing Services

| Name of Godfrey & Kahn Professional | Practice Group(s) and Year of Attorney Admission | | Hourly Billing Rate | Total Billed Hours | Total Fees (in absence of flat fee) |
|---|---|---|---|---|---|
| **Shareholders** | | | | | |
| Brady C. Williamson | Bankruptcy | 1975 | $525.00 | 159.30 | $83,632.50 |
| Katherine Stadler | Litigation/Bankruptcy | 1997 | $430.00 | 273.60 | $117,648.00 |
| Eric Wilson | Litigation | 1994 IL<br>2003 WI | $450.00 | 88.70 | $39,915.00 |
| **Special Counsel** | | | | | |
| Carla Andres | Bankruptcy | 1989 OH<br>1993 WI | $350.00 | 101.35 | $35,472.50 |

| Name of Godfrey & Kahn Professional | Practice Group and Year of Attorney Admission | | Hourly Rate | Hours Billed | Total Fees (in absence of flat fee) |
|---|---|---|---|---|---|
| **Associates** | | | | | |
| Peggy L. Barlett | Bankruptcy | 2009 | $225.00 | 186.70 | $42,007.50 |
| Monica Santa Maria | Litigation | 2008 | $240.00 | 311.50 | $74,760.00 |
| Brian C. Spahn | Litigation | 2006 | $255.00 | 121.15 | $30,893.25 |
| Patricia Wheeler | Litigation | 2005 | $285.00 | 196.20 | $55,917.00 |
| **Paraprofessionals** | | | | | |
| Rebecca (Jill) Bradshaw | Research | | $175.00 | 9.20 | $1,610.00 |
| Sally Granec | Transactional Paralegal | | $175.00 | 14.70 | $2,572.50 |
| Zerithea Raiche | Bankruptcy Paralegal | | $165.00 | 477.50 | $78,787.50 |
| Maribeth Roufus | Bankruptcy Paralegal | | $165.00 | 24.20 | $3,993.00 |
| Nicole E. Talbott Settle | Litigation Paralegal | | $165.00 | 272.35 | $44,937.75 |
| Leah Viola | Bankruptcy Paralegal | | $155.00 | 110.40 | $17,112.00 |

| | | |
|---|---|---|
| **TOTAL:** | **2,346.85** | **$629,258.50[1]** |

### Fee Committee Chair

| Richard Gitlin | $946.46 | 184.90 | $175,000.00 |
|---|---|---|---|

### Summary of Hours and Fees by Project Category

| Matter Number | Project Category | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| 2 | General Case Administration | 311.60 | $56,417.00 |
| 3 | Godfrey & Kahn's Fee Application | 47.40 | $13,626.50 |
| 5 | Project Monitoring/Calendar and Docket Maintenance | 5.50 | $907.50 |
| 6 | General Contact/Communication | 53.30 | $24,397.00 |

---

[1] The total compensation requested in this Application includes a voluntary reduction in the amount of $51,083.00 in fees by Godfrey & Kahn—to reflect the application of billing judgment—and an additional $50,000.00 reduction from the $1 million total paid to moderate aggregate blended rates during this fee period as a result of the flat fee billing order.  See Application, ¶ 2.

| Matter Number | Project Category | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| 8 | Prepare for and Attend Fee Committee Meetings | 286.20 | $75,074.50 |
| 9 | Non-Working Travel[2] | 96.25 | $34,414.00 |
| 10 | Preparation of Summary Reports | 45.80 | $17,129.50 |
| 11 | Prepare for and Attend Hearings and Court Communication | 3.50 | $1,592.50 |
| 12 | Godfrey & Kahn's Retention Issues | 1.20 | $516.00 |
| 13 | Legal/Factual Research | 42.70 | $10,395.00 |
| 14 | General Case Meetings | 111.10 | $30,048.50 |
| 15 | Preparation of Fee Protocols/Orders/Other Pleadings | 56.30 | $17,255.00 |
| 16 | Retained Professionals | 27.20 | $8,965.50 |
| 16A | Alvarez & Marsal | .20 | $105.00 |
| 16C | Bingham McCutchen LLP | 40.30 | $11,249.00 |
| 16D | Bloomer deVere Group Avia, Inc. | .2 | $86.00 |
| 16E | Bortstein Legal, LLC | 11.70 | $2,924.50 |
| 16F | BrownGreer PLC | 210.60 | $52,009.00 |
| 16G | CB Richard Ellis, Inc. | .20 | $95.50 |
| 16H | Clyde Click, P.C. | 10.70 | $2,956.50 |
| 16I | Curtis Mallet-Prevost, et al. | 60.20 | $16,421.00 |
| 16J | Dechert LLP | 22.80 | $6,044.50 |
| 16K | Deloitte Tax LLP | 18.10 | $5,384.00 |
| 16M | Duff & Phelps | 4.50 | $1,773.50 |
| 16N | Ernst & Young LLP | .20 | $105.00 |
| 16O | FTI Consulting, Inc. | 60.80 | $16,531.00 |
| 16P | Gibson Dunn & Crutcher LLP | 52.00 | $15,212.00 |
| 16Q | Houlihan, Lokey, Howard et al. | 27.00 | $5,672.50 |
| 16T | Jenner & Block LLP | .30 | $129.00 |
| 16U | Jones Day | 80.70 | $21,080.50 |
| 16V | Kasowitz, Benson, Torres et al. | 18.20 | $4,933.00 |
| 16W | Kleyr Grasso Associates | 15.00 | $4,243.00 |
| 16X | Latham & Watkins LLP | 21.20 | $5,985.00 |
| 16Y | Lazard Freres & Co. LLC | 18.20 | $6,372.00 |
| 16AA | McKenna Long & Aldridge LLP | 36.30 | $9,915.50 |
| 16BB | Milbank, Tweed, Hadley et al. | 112.60 | $28,079.00 |
| 16CC | MMOR Consulting, Inc. | 12.50 | $3,985.50 |
| 16DD | Momo-O, Matsuo & Namba | 5.00 | $1,328.50 |
| 16FF | Pachulski, Stang, Ziehl & Jones LLP | 35.50 | $10,075.50 |

---

[2] Total travel time is 192.5 hours and $68,828.00 in fees. The amounts listed represent a reduction of 50% for non-working travel time.

| Matter Number | Project Category | Total Billed Hours | Total Billed Fees |
|---|---|---|---|
| 16GG | Paul Hastings Janofsky & Walker LLP | 15.20 | $3,628.50 |
| 16HH | PricewaterhouseCoopers LLP | 16.80 | $5,439.00 |
| 16II | Quinn, Emanuel, Urquhart & Sullivan LLP | 66.20 | $15,447.00 |
| 16JJ | Reed Smith LLP | 28.20 | $6,744.50 |
| 16KK | Reilly Pozner LLP | 39.40 | $11,544.00 |
| 16LL | Richard Sheldon QC | .60 | $135.00 |
| 16MM | Simpson Thacher & Bartlett LLP | 22.10 | $5,869.50 |
| 16NN | SNR Denton US LLP | 20.40 | $6,923.00 |
| 16OO | Sutherland Asbill & Brennan LLP | 19.60 | $5,369.50 |
| 16PP | The O'Neil Group | 11.90 | $4,133.50 |
| 16QQ | Weil Gotshal & Manges LLP | 105.20 | $30,482.50 |
| 16RR | Windels Marx Lane & Mittendorf LLP | 12.90 | $4,177.00 |
| 16SS | Wollmuth Maher & Deutsch LLP | 23.60 | $5,439.00 |
| 16TT | Foster, Graham, Milstein & Calisher LLP | .80 | $139.50 |
| 16UU | Locke Lord Bissell & Liddell LLP | .20 | $105.00 |
| 16WW | Kramer Levin Naftalis & Frankel LLP | .50 | $162.00 |
| 16YY | Moulton Bellingham, P.C. | .20 | $86.00 |

| | |
|---|---|
| **TOTAL HOURS:** | **2,346.85** |

| | |
|---|---|
| **TOTAL FEES IN ABSENCE OF FLAT FEE:** | **$629,258.50** |

**Blended Hourly Rates:**

    **Fee Committee Chair: $946.46[3]**

    **All Fee Committee Counsel attorneys: $333.85**

    **All Fee Committee Counsel professionals/paraprofessionals: $268.12[4]**

7591215_5

---

[3] This blended rate is based on the provisional distribution to the Fee Committee Chair of $225,000 of the total compensation requested in this Application, less $50,000.00. *See supra* n. 1. The Fee Committee counsel and the Chair may agree to a different allocation for this and subsequent interim fee periods, resulting in a change in blended hourly rates. The aggregate blended rate for the Chair for interim periods one and two is now $922.30.

[4] Blended rates are based on the total billed compensation requested in this Application, which includes a voluntary reduction in the amount of $51,083.00 in fees by Godfrey & Kahn, but it does not reflect adjustment for the allocation of flat fee payments to Godfrey & Kahn. Dividing the flat fee payments allocated to Godfrey & Kahn by the total number of hours billed by Godfrey & Kahn attorneys and staff professionals adjusts the total blended hourly rate to $330.23. See Application, ¶ 2.

**Presentment Date and Time:  May 30, 2012 at 12:00 p.m. (Noon) (Prevailing Eastern Time)**
**Objection Date and Time:  May 30, 2012 at 11:00 a.m. (Prevailing Eastern Time)**
**Hearing Date and Time (if an Objection is Filed):  TBD**

GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone:  (608) 257-3911
Facsimile:  (608) 257-0609

Katherine Stadler
Brady C. Williamson

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**SECOND CONSOLIDATED APPLICATION OF RICHARD A. GITLIN, FEE
COMMITTEE CHAIR, AND GODFREY & KAHN, S.C.,
COUNSEL TO THE FEE COMMITTEE, FOR RETROACTIVE AND
INTERIM ALLOWANCE OF FIXED FEE COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED FROM MAY 1, 2011 THROUGH AUGUST 31, 2011, AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM AUGUST 31, 2011 TO FEBRUARY 29, 2012**

**TO:    THE HONORABLE JAMES M. PECK**
**UNITED STATES BANKRUPTCY JUDGE**

Richard A. Gitlin, Fee Committee Chair ("**Chair**"), and Godfrey & Kahn, S.C.

("**Godfrey & Kahn**"), Counsel to the Fee Committee (collectively the "**Applicants**"), appointed

in these cases submit this *Second Consolidated Application of Richard A. Gitlin, Fee Committee*

*Chair, and Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim*

*Allowance of Fixed Fee Compensation for Professional Services Rendered from May 1, 2011*

*Through August 31, 2011 and Reimbursement of Actual and Necessary Expenses Incurred from*

*August 31, 2011 to February 29, 2012* (the "**Second Fee Application**") pursuant to 11 U.S.C.

§§ 330 and 331 and Fed. R. Bankr. P. 2016.  Subject to the fixed compensation arrangement

established in the Amended Fee Protocol, the Fee Application requests interim allowance of

compensation for professional services from May 1, 2011 through August 31, 2011 and for

reimbursement of actual and necessary expenses through February 29, 2012 (the

"**Compensation Period**").

## SUMMARY STATEMENT

On January 24, 2011 and on April 6, 2011, little more than a year ago, the Court entered

orders approving the appointment of Richard Gitlin as the Fee Committee's chair and Godfrey &

Kahn as the Fee Committee's counsel.  The orders provided for their compensation on a fixed

fee monthly basis, not an hourly basis, subject to retroactive review for reasonableness.  The total

amount of fixed fee compensation was $250,000 a month, a negotiated amount that corresponded

precisely to the amount previously paid to the predecessor Fee Committee chair and his firm.

The achieved goal was to ensure that the transition would not add to the costs of administering

the estates.  It has not.

To permit a comprehensive analysis of the fixed fee charges by the Fee Committee chair

and its counsel, this application and the preceding application provide totals and details for hours

worked and normal hourly rates--even though the compensation order provides for a fixed fee.

In the first application period, the work done by Godfrey & Kahn, if billed at normal hourly

rates, would have resulted in a significant reduction in those hourly rates given the fixed

compensation.  In this application period, the work done by Godfrey & Kahn and the Fee

2

Committee chair, if billed at normal hourly rates, would reflect a slight "premium" above those normal hourly rates.  However, the applicants will submit at least three more retrospective interim applications (along with a final fee application) and any evaluation of the fixed fee arrangement in hindsight can only be done in the aggregate, period to period and for all periods.  Nevertheless, the applicants have taken a voluntary reduction of $50,000.00 for this period to ensure that any disparity between the fixed fee arrangement and a standard hourly rate arrangement under 11 U.S.C. § 327, if that had been the basis for compensation, would not reach a point of discomfort for the estates or any interested party.

1.      This Fee Application covers the four calendar months of the Applicants' services from May 1, 2011 through August 31, 2011.  During that period, the Fee Committee analyzed at least 35 interim fee applications (corresponding to the seventh interim fee period, October 1, 2010 through January 31, 2011), totaling nearly $88 million in fees and $2.8 million in expenses.  Under the supervision of and in consultation with the Fee Committee, the Applicants reviewed the seventh interim period fee applications, which included identifying and resolving potential objections to the fees and expenses of the Retained Professionals.  In addition, the Applicants continued their work establishing measures to assist the Court in ensuring that compensation and expenses paid by the estates are reasonable, actual and necessary under the Bankruptcy Code and the related rules, orders and precedent.

2.      The Applicants request retrospective Court approval—pursuant to the U.S. Bankruptcy Code, the U.S. Trustee Guidelines, and the orders approving the Applicants' retention – of a total of $950,000.00 in fees (reflecting the voluntary $50,000.00 reduction) and $95,404.35 in expenses.[1]  Of the amounts received from the estates during the Compensation

---

[1] This expense total is comprised of $92,040.12 (reflecting a $200 reduction for cab fares and a $387.00 reduction for an Amtrak fare on January 31, 2012, *see* ¶ 53 *infra)* in expenses for Godfrey & Kahn from August 31, 2011

Period, $225,000 has been allocated under the fixed fee arrangement to the Fee Committee's

Independent Chair and $775,000 to the Fee Committee's counsel.[2]  Any blended hourly rate,

while inapplicable under the Amended Fee Protocol and the Court's orders, can be determined

by dividing those totals by the total hours recorded and reflected in this Application.  The Fee

Committee Chair and counsel anticipate that over the course of the proceeding, the blended

hourly rates will, in fact, approximately reflect the hourly rates normally charged by Godfrey &

Kahn and by Mr. Gitlin.  Period to period, however, those blended hourly rates have fluctuated

and will continue to fluctuate.  For example, the blended hourly rate for the law firm for the first

application was significantly less than its normally charged hourly rates and for this period

slightly more than the normal hourly rates.   In the monthly statement to the Debtors issued on

April 1, 2012, the Applicants have taken a voluntary reduction in the amount of 10 percent of its

monthly flat fee ($25,000) to moderate aggregate blended rates during this fee period as a result

of the flat fee billing arrangement.  The Applicants will take an additional $25,000.00 voluntary

reduction from its May monthly flat fee to further moderate rates.

> 3.      The Applicants request that the Court approve this Second Fee Application,

incorporating services and expenses during the Compensation Period, because they have

completed their assignment in a timely, efficient and effective manner.

> A.      Their services have provided direct benefit to the estates, both tangible and

intangible, by saving amounts inadvertently, improvidently or inappropriately billed to the

estates.

---

through February 29, 2012 and $3,364.23 in expenses for the Fee Committee Chair incurred from July 1, 2011
through February 22, 2012.

[2] The Fee Committee Chair has received no compensation for the first three months of 2012—in effect, creating a
provisional holdback of $150,000.00.

B.    The services have assisted the Fee Committee, the Court and the U.S. Trustee in fulfilling their own responsibilities, and those same services have encouraged the Retained Professionals to submit applications for compensation and reimbursement that meet the requirements of the U.S. Bankruptcy Code, the U.S. Trustee Guidelines and the local rules of the Southern District of New York.

4.    The services provided by the Applicants neither can be nor should be evaluated solely in terms of documented savings to the estates.  Any "savings" total does not reflect the time or expense saved by the Fee Committee, by the Court, by the U.S. Trustee, or by interested parties and Retained Professionals reviewing each other's fee and expense applications.

A.    Nor does the total reflect the beneficial if intangible effect of the fee review process itself, which can be "measured" in fees and expenses never billed to the estates as a result of professional judgment—avoiding scrutiny and objections for fees and expenses that might have been, however improvidently or mistakenly, requested.

B.    Nevertheless, for Retained Professionals' services rendered and costs incurred from October 1, 2010 through January 31, 2011 (the seventh interim period), by negotiation and objection, more than $1.5 million in consensual reductions from fee and expense applications have directly resulted from the review process.[3]

5.    With the accompanying daily and detailed statement of time spent and expenses incurred, the Applicants submit this summary:

---

[3] An additional $1 million in deductions has been held back from interim compensation subject to the parties pending dispute and negotiations regarding hourly rate increases.  *See infra*, ¶49(G).

- The billing records reflect Godfrey & Kahn's standard hourly rates for Milwaukee-based clients[4] before adjustment to reflect and incorporate the flat fee arrangement.

- In the exercise of billing judgment, Godfrey & Kahn has initially written off 181.1 hours, representing at least $51,083.00 if billed at Godfrey & Kahn's standard hourly rates, to avoid charges for duplicative time, time appropriately characterized as introductory, or time that may have been otherwise non-compensable.

- Travel time has been discounted 50 percent (pursuant to local practice).

- Time recorded by most transient billers—those who spent fewer than 10 hours over the Compensation Period—has been eliminated.

- In calculating the value of services rendered, without regard to the fixed compensation, no Godfrey & Kahn timekeeper has "billed" at a higher rate than his or her respective rate for Milwaukee-based clients in non-bankruptcy cases. Some timekeepers have been billed at lower rates than rates generally applicable to Milwaukee-based clients in non-bankruptcy cases.

- Where the time entries reflect meetings or conferences, whether in person or by telephone, the subject matter of the meeting and the participants are generally noted—unless the meetings are purely internal between or among lawyers, paralegals and staff at Godfrey & Kahn (*see infra*, ¶ 22) in which case only the subject matter is noted to reduce redundancy and length of the entries.

- No hotel charge for which reimbursement is sought exceeds $500 a night, and no reimbursement request for a travel meal charge exceeds $40 for each meal and for

---

[4] Godfrey & Kahn, S.C. is a Milwaukee-based law firm.

each person.  Travel has been booked and paid at coach class rates with a single

exception.[5]

- The fee application and detail include no time for reviewing, editing, or categorizing

    daily time records.  The preparation of time records themselves has not been—and

    will not be—billed in any way to the estates.

## BACKGROUND

6.      Commencing on September 15, 2008, and periodically thereafter (as applicable,

the "**Commencement Date**"), Lehman Brothers Holdings, Inc. ("**LBHI**") and certain of its

subsidiaries (the "**Debtors**") filed voluntary cases under the U.S. Code (the "**Bankruptcy**

**Code**").  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and

are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "**Bankruptcy Rules**").  The Debtors are authorized to operate their businesses

and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of

the Bankruptcy Code.

7.      On September 17, 2008, the United States Trustee for Region 2 (the "**U.S.**

**Trustee**") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "**Creditors' Committee**").

8.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("**SIPA**") with respect to Lehman Brothers, Inc. ("**LBI**").  A

trustee appointed under SIPA (the "**SIPC Trustee**") is administering the LBI estate.

---

[5] The outbound portion of a 5:30 a.m. flight on November 28, 2011 from Madison through Detroit to LaGuardia was booked in first class at a price of $914.10, which included a $150.00 change fee.  No coach fare seats were available on the outbound flights.  A coach class ticket had been booked earlier but due to last minute scheduling changes involving in-person meetings with Retained Professionals, the flight had to be re-booked at the last minute to secure an earlier arrival time in New York, resulting in the limited seat availability. The alternative would have been departing the previous day, necessitating a second hotel night in New York and additional expenses associated with that.

9.      The Court appointed a Fee Committee on May 26, 2009 to execute the duties set

forth in the Fee Committee Order, amended from time to time,[6] including, among other things,

monitoring the fees and expenses incurred by professionals ("**Retained Professionals**") in these

chapter 11 cases.  On January 24, 2011, the Fee Committee recommended the appointment of

Richard A. Gitlin as the successor (to Kenneth Feinberg) Independent Member on the

four-member Fee Committee and, by an order the same day, the Court approved the

recommendation.  *See Order Approving Fee Committee's Recommendation of Appointment of*

*Successor Independent Member* [Docket No. 14117](the "**Gitlin Appointment Order**").

10.     On April 6, 2011, the Court entered the *Order Authorizing the Employment and*

*Retention of Godfrey & Kahn, S.C. as Counsel to the Fee Committee Nunc Pro Tunc as of*

*January 24, 2011* [Docket No. 15663] to assist the Fee Committee in fulfilling the duties set

forth in the Fee Protocol, as amended on April 14, 2011 (the "**Godfrey & Kahn Employment**

**Order**").[7]

11.     On November 18, 2011, the Applicants filed the *First Consolidated Application*

*of Richard A. Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C., Counsel to the Fee*

*Committee, for Retroactive and Interim Allowance of Compensation for Professional Services*

*Rendered from January 24, 2011 Through April 30, 2011 and Reimbursement of Actual and*

*Necessary Expenses Incurred from January 24, 2011 to August 30, 2011* (the "**First Fee**

**Application**") [Docket No. 22392] and, on December 22, 2011, the Court entered the *Order*

---

[6] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "Amended Fee Protocol."  [Docket No. 15998].

[7] On February 27, 2012, the Court entered the *Order Authorizing Retention of Richard Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C. as Counsel to the Fee Committee to Conduct Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011* (the "Supplemental Retention Order") [Docket No. 25827], separately authorizing the retention of the Applicants to review fee applications filed prior to the Gitlin Appointment Order.  This Application does not include any request for compensation pursuant to the Supplemental Retention Order, which was anticipated in the Amended Fee Protocol.  That request will be made in a separate fee application.

*Granting First Consolidated Application of Richard A. Gitlin, Fee Committee Chair, and*

*Godfrey & Kahn, S.C., Counsel to the Fee Committee, for Retroactive and Interim allowance of*

*Compensation for Professional Services Rendered from January 24, 2011 Through April 30,*

*2011, and Reimbursement of Actual and Necessary Expenses Incurred From January 24, 2011 to*

*August 30, 2011* (the "**First Compensation Order**") [Docket No. 23643]. The First Fee

Application is incorporated here by reference.

12.     On December 6, 2011, the Court entered the *Order Confirming Modified Third*

*Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors*

[Docket No. 23023] (the **"Plan Confirmation Order"**).

13.     On March 6, 2012, the Debtors issued the *Notice of Effective Date and*

*Distribution Date In Connection With the Modified Third Amended Joint Chapter11 Plan of*

*Lehman Brothers Holdings Inc. and Its Affiliated Debtors*, [Docket No. 26039], announcing that

the Effective Date had been established as March 6, 2012 at 12:01 a.m. and that distributions

under the plan would commence on April 17, 2102.

14.     Pursuant to the terms of the Amended Fee Protocol and the Godfrey & Kahn

Employment Order, the Applicants collectively have received a $250,000 per month fixed (not

hourly rate) payment for May, June, July, and August, 2011 (and thereafter). These amounts

have been conditionally paid to the Fee Committee's counsel and distributed to it and to the

Chair, subject to the filing of this Application. Of these amounts, for the Compensation Period,

the Fee Committee's counsel and the Chair distributed $775,000 to Godfrey & Kahn and

$225,000 to the Chair, subject to subsequent adjustment between them and to Court approval.

*See supra* at ¶ 2. These paid amounts do not include, among other things, actual and reasonable

expenses and compensation for Transition Work as defined in paragraph E of the Amended Fee

Protocol and in the Supplemental Retention Order.

## PRELIMINARY STATEMENT

15.    Since the Commencement Date, the Debtors and the Creditors' Committee,

combined, have retained approximately 50 professional firms.  They not only provide legal and

financial advice but, in essence, help manage the billion-dollar, multi-national, multi-

dimensional corporation in the interests of its creditors and, to the extent consistent with the U.S.

Bankruptcy Code, its equity holders and other interested parties.  These interested parties include

some of the largest financial companies and pension funds in the world.

16.    Through September 30, 2011, and nine interim fee periods, the Retained

Professionals collectively have sought interim Court approval for $978,636,149.81 in fees for

professional services and $37,456,381.19 in expense reimbursements.[8]  This amount does not

include the Debtors' payments to Alvarez & Marsal Holdings LLC, retained at the beginning of

the cases to provide the Debtors with a Chief Restructuring Officer and additional personnel both

to operate the companies, day-to-day, and to develop and implement the Debtors' strategy for

reorganization and liquidation.

17.    The Fee Committee met six times during the Compensation Period.  Under its

Chairman, the Committee has continued the process begun early last year to implement the

Amended Fee Protocol, which favors an application-by-application process rather than

across-the-board policies for the management, review and approval of fees and expenses.

---

[8] Pursuant to the Court's Monthly Compensation Order, the Retained Professionals generally have received each
month on an interim basis 80 percent of the amounts they have invoiced for their services and 100 percent of their
expenses—all subject to adjustment, objection and Court approval.

18.    The Fee Committee also has continued the budget process that, with the cooperation of the Retained Professionals, has provided both benchmarks and projections for fees to be incurred.

19.    During the Compensation Period, in addition to work on the seventh interim fee applications, the Applicants continued their work negotiating, advising the Fee Committee on, and resolving outstanding disputes remaining from the sixth interim fee period.

20.    The fee review process for the seventh interim fee applications began, as it had for earlier compensation periods, with a data audit by BrownGreer, the Richmond firm retained by the Debtors.  BrownGreer reviewed the applications for accuracy and quantitative inconsistencies.  Godfrey & Kahn then analyzed the applications virtually line-by-line.  The Fee Committee next sent each firm a letter report (the "**Report**"), consistent with the Amended Fee Protocol, raising questions, outlining concerns and defining differences concerning the application of the Bankruptcy Code, the U.S. Trustee Guidelines, and case law.

21.    The Applicants engaged in communications with all Retained Professionals regarding their fee applications; sought additional explanations and supporting documentation from many of them; and, negotiated significant stipulated reductions.  These efforts— documented in a series of reports, correspondence regarding negotiations, and stipulations resolving disputed fees and expenses—avoided the need for any contested hearings.  Of the 35 applications reviewed by the Fee Committee and the Applicants during the Compensation Period, all were consensually resolved, excepting only the reserved rate-increase issue with certain retained professionals. *See infra* at ¶ 49 (G).

22.    Only a relatively small number of Godfrey & Kahn professionals work on these matters, and their assignments have been designed to reduce, to the extent possible, duplication

of effort.[9] The majority of the work has been performed by Brady C. Williamson, Katherine

Stadler, Carla O. Andres, Eric J. Wilson, Monica Santa Maria, Peggy L. Barlett, Brian C. Spahn,

Patricia L. Wheeler, Zerithea G. Raiche, and Nicole Talbot Settle.  The background and

experience of each professional are summarized in the First Fee Application.

23.    The Chair, Richard A. Gitlin, has extensive experience with international

financial and corporate restructuring.  He has served as an advisor to the International Monetary

Fund as well as the governments of Canada, Korea, Indonesia and Mexico regarding corporate

and/or sovereign restructuring reform.  Mr. Gitlin was a founder and former president of the

American Bankruptcy Institute, Chair of the American College of Bankruptcy, and Chairman of

INSOL International.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES

24.    The Applicants seek approval of $950,000.00 in flat fee compensation (after

application of $50,000.00 in voluntary reductions) for professional services performed from

May 1 through August 31, 2011 and $95,404.35 in reimbursement for actual and necessary

expenses (after application of the $587 voluntary expense reduction) incurred through February

29, 2012.[10]  Other than the flat rate monthly payments set forth in the Amended Fee Protocol, the

Godfrey & Kahn Employment Order, and the Supplemental Retention Order, the Applicants

have not sought, received or been promised any payment from the Debtors pursuant to the

Compensation Order or from any other entity or source.

25.    The detailed time records (which, for Godfrey & Kahn, total $629,258.50 at

normal hourly rates) accompanying the Application reflect the Applicants' voluntary reductions.

---

[9] The billing records have again been reviewed in detail to try to ensure that duplicative or otherwise unproductive time has not been reflected.

[10] This expense total includes expenses incurred by the Fee Committee Chair through February 22, 2012.

For the convenience of the Court and interested parties, some (but not all) of the charges and expenses for which the Applicants do not seek compensation or reimbursement—which total $51,083.00 in fees and $990.69 in expenses—are nonetheless described in the detailed time records with a "no charge" notation.  The fees and expenses for which the Applicants generally do not seek reimbursement include: interoffice travel, certain in-house meals and some travel-related meals, long distance telephone charges, and secretarial and paralegal overtime.[11]

26.    The fees and expenses recorded are in accordance with the Applicants' existing billing rates and practices.  It is the Applicants' standard practice to evaluate its professionals' billing rates for market- and seniority-based adjustments that routinely take effect on January 1st of each year; however, the rates used to calculate the value of services provided in these cases have not changed and will not change for this engagement—except, if at all, on notice and an opportunity to be heard.

27.    There is no agreement or understanding between the Applicants and any other entity for the sharing of compensation to be received for services rendered here.  The Chair and Godfrey & Kahn have agreed to an allocation between them of their collective flat rate fee— adjustable by agreement, necessarily—that, both believe, will reflect over time their respective contributions to the Fee Committee's work.  There is no agreement or understanding between Godfrey & Kahn and any other entity, other than shareholders of Godfrey & Kahn, for the sharing of compensation to be received for the services rendered.

28.    Attached to this Fee Application as **Exhibit A** are certifications of compliance with Administrative Order M-389.

---

[11] Consistent with Administrative Order M-389, however, all such fees are included in the Applicants' calculation of total voluntary reductions.

29.     Attached as **<u>Exhibit B</u>** is a chart identifying each Godfrey & Kahn professional who provided services during the Compensation Period, organized by project category.

30.     Attached as **<u>Exhibit C</u>** are the detailed time records summarizing the services provided by Godfrey & Kahn during the Compensation Period, separated by project category.

31.     Attached as **<u>Exhibit D</u>** is a chart identifying the expense categories for which Godfrey & Kahn is seeking reimbursement and the total amount for each such category.

32.     Attached as **<u>Exhibit E</u>** are the detailed expense records summarizing the expenses for which Godfrey & Kahn requests reimbursement.[12]

33.     Attached as **<u>Exhibit F</u>** are the detailed time records summarizing the services provided by the Chair.

34.     Attached as **<u>Exhibit G</u>** is a summary of the expenses for which the Chair requests reimbursement.[13]

### SUMMARY OF PROFESSIONAL SERVICES RENDERED DURING THE COMPENSATION PERIOD

35.     Godfrey & Kahn provided at least 2,346.85 hours of services necessary to the administration of the Debtors' cases. Godfrey & Kahn's services were provided primarily by professionals and paraprofessionals in its Bankruptcy and Litigation practice groups with

---

[12] Additional documentation of expenses and disbursements has not been filed with this Application but has been compiled and provided to the Fee Committee, U.S. Trustee, the Debtors, counsel to the Debtors and counsel to the Creditors' Committee. The documentation has been redacted, as necessary, to remove personal information or information relating to other clients and matters.

[13] The Fee Committee Chair has a primary residence in Florida and a secondary residence in West Hartford, Connecticut. To attend meetings in New York from Florida requires travel by air from West Palm Beach to New York and, sometimes, a hotel stay in New York depending on the timing and number of meetings scheduled. All airfare has been booked at coach fare and none of the three hotel nights charged (one in November, one in December, and one in January) exceeds the established case maximum. When traveling from Connecticut, the Chair uses his own personal vehicle but hires a driver through Arthur's Private Transport so that he may work and prepare for meetings on the two-hour drive from Connecticut. No additional mileage or gas charges are added. During the applicable expense period covered in this fee application (July 2011 through February 2012), the Chair made ten trips to New York for work on these cases. The total expenses charged, $3,364.23, average $336.42 per trip (all inclusive: transportation and lodging).

additional support by Corporate practice group members—at billing rates, if there were no fixed

fee compensation order, ranging from $165 to $525 an hour.

        A.     The Applicants have omitted charges for at least 181.1 hours of Godfrey

& Kahn services and, accordingly, have included only 88 percent of the total legal services

provided in their calculation of value.

        B.     The time spent by Godfrey & Kahn professionals, if billed at standard

Milwaukee rates, would  reflects a blended hourly rate for all Godfrey & Kahn attorneys of

$333.85 and a total blended rate of $268.12 for all timekeepers.  Dividing Godfrey & Kahn's

allocation of flat fee payments for the Compensation Period by the total number of hours worked

by Godfrey & Kahn professionals adjusts the overall blended hourly rate to $330.23.

       36.     The services for which the Applicants request compensation have been provided

in 61 project categories, summarized here.

       37.     <u>Matter 0002:  General Case Administration:  $56,417.00</u>.  Services provided in

this category included general case management activities that do not fit easily into another

substantive category.  These tasks include maintaining Godfrey & Kahn's "intranet" site,

forwarding daily filings and postings, and managing the communications between and among

Godfrey & Kahn professionals and paraprofessionals.  Many of the tasks in this matter category

have been performed by an experienced bankruptcy paralegal, Gale Raiche, at a rate of $165 per

hour.  Her work on this engagement includes, on a daily or nearly daily basis, monitoring all

communications between Godfrey & Kahn attorneys responsible for fee review and the Retained

Professionals.  All attorneys copy Ms. Raiche on their communications.  She reviews every

communication and determines, as a matter of judgment, whether it is of a substantive nature

requiring it to be indexed and noted on the firm's internal website that houses all case materials

and documents.  If the communication is of a substantive nature relating to Fee Committee

counsel's negotiations and discussions with a Retained Professional, Ms. Raiche assigns a

naming convention summarizing the document, which contains the date and pertinent details

about the communication that allow it to be easily searched and retrieved by other attorneys and

staff.[14]

38.    <u>Matter 0003:  Fee Application Preparation:  $13,626.50</u>.  Services provided in this

project category included some of the time spent working on the First Fee Application.

39.    <u>Matter 0005: Project Monitoring/Calendar and Docket Maintenance: $907.50.</u>

Work in this project category is that of Ms. Raiche, responsible for--several times per week--

monitoring the electronic Epiq docket to maintain an internal case calendar of deadlines and

pertinent docket dates for use by attorneys and staff.  Each time Ms. Raiche checks the docket,

she verifies the deadlines and calendar dates associated with different court activities.  However,

her task descriptions have been standardized for brevity and clarity, eliminating repeatedly

unnecessary description of specific docket items.

40.    <u>Matter 0006:  General Contact/Communication:  $24,397.00</u>.  Services provided

in this category included communications between and among the Fee Committee counsel,

Chair, and members outside of the context of preparation for and attendance at formal Fee

Committee meetings (matter 0008).  This category also included communications between Fee

Committee counsel and professionals that do not have a segregated matter number (16A-16YY),

including ordinary course professionals.

---

[14] Ms. Raiche is also responsible for maintaining and updating the naming conventions on a periodic basis to assure
they allow efficient cataloguing and searching of case documents.  Those conventions, when updated, are distributed
to all administrative staff so that others naming and saving materials do so consistently with the uniform system that
Ms. Raiche has developed and implemented.

41.    <u>Matter 0008:  Prepare for and Attend Fee Committee Meetings:  $75,074.50</u>. During the Compensation Period, the Applicants attended meetings of the Fee Committee, in person, on May 24, July 14 , and August 17, 2011.  The Applicants also conducted telephonic Fee Committee meetings on May 9, June 16, and July 20. The Applicants seek compensation and reimbursement only for the time of those professionals who had a participating role in the meetings.  The Applicants have also attended, by telephone, other meetings to address fee-related issues.  This matter also reflects time spent preparing agendas, minutes, and comprehensive binders of materials prepared for each Fee Committee member.

42.    <u>Matter 0009:  Travel:  $34,414.00</u>.  Consistent with the practice of the Southern District of New York, charges for all non-working travel time have been reduced by half.  The Chair, Mr. Williamson and Ms. Stadler traveled to New York in May, June, and August for Fee Committee meetings and for the August 17, 2011 chambers conference.[15]   In June, attorneys and paralegals from Godfrey & Kahn traveled to Richmond to spend time working with BrownGreer to develop and refine data management, exhibit generation, and other quantitative capabilities.

43.    <u>Matter 0010:  Preparation of Summary Reports:  $17,129.50</u>.  In this category, services included preparation of general content for the Fee Committee's Reports for each Retained Professional.  This task category also included time spent working on summary materials and compiling all professionals' data for reporting and monitoring.

---

[15] On August 16, 2011 , Mr. Williamson was in Washington, D.C. on other business immediately prior to scheduled meetings and the chambers conference with Judge Peck in New York.  Rather than returning separately to Madison, Wisconsin and then flying to New York for a Fee Committee meeting, Mr. Williamson took the Acela Express Amtrak train from Washington to New York at an expense less than airfare from Madison would have cost.  The Acela Express has two classes of service only: business and first.  Mr. Williamson traveled at the least expensive, that is, business class, fare.

44.    <u>Matter 0011:  Preparation for and Attend Hearings and Court Communication:</u>
<u>$1,592.50</u>.  Services provided in this category included preparing for and attending the informal

chambers conference on August 17, 2011 and directly related meetings of the Fee Committee.

45.    <u>Matter 0012:  Retention/Disclosure Issues:  $516.00</u>.  Services recorded in this

category included work necessary to monitor and update Godfrey & Kahn's mandatory

disclosures as required by the Bankruptcy Code.

46.    <u>Matter 0013:  Legal/Factual Research: $10,395.00</u>.  In this category, services

included legal research not specific to any other billing category and the review of case materials

and background information.  For the Compensation Period, this task category includes a total of

7.3 hours of time researching, drafting, and revising a memorandum to the Fee Committee on the

legal standards governing section 503(b) administrative expense applications and analyzing the

Fee Committee's potential role, if any, in evaluating such applications under the Amended Fee

Protocol.  In this application, the Fee Committee counsel and chair have not charged for any

work related to 503(b) applications after the August 17 chambers conference addressing that

issue.  Any future billings on 503(b) issues are without prejudice to any party's right to object to

the Fee Committee's analysis of 503(b), should it ultimately be determined that the Fee

Committee will play no significant role in the evaluation of such applications.

47.    <u>Matter 0014:  General Case Meetings:  $30,048.50</u>.  From the outset of its

engagement, Fee Committee counsel began conducting weekly working group meetings.  These

meetings are usually led by Ms. Stadler and attended by Ms. Andres, Mr. Wilson, Ms. Santa

Maria, Ms. Barlett, Mr. Spahn, Ms. Wheeler, Ms. Raiche and Ms. Talbot Settle.  Most meetings

last no more than one-half hour unless the group is addressing a major substantive issue or

completing a cycle of interim letter reports.  There are two principal reasons for the meetings.

The first is to communicate decisions of the Fee Committee in its formal meetings and determine

how most effectively to implement them.  Second, the meetings allow firm members to discuss

issues arising in the fee application review process, comparing treatment and approaches to

ensure applications are handled consistently.  In addition, the meetings allow the attorneys and

staff to identify issues that require Fee Committee consideration, as well as coordinate the

preparation and compilation of data for separate professionals whose fees were evaluated during

the Compensation Period.  These weekly meetings have ensured, to the extent practical, greater

uniformity of treatment of Retained Professionals, a Fee Committee priority.

48.     Matter 0015:  Preparation of Fee Protocols, Orders, and other Pleadings:

$17,255.00.  Work in this category included drafting, refining, and filing confidentiality

agreements and protective orders to permit professionals to provide Fee Committee counsel with

work product or other privileged materials without fear of privilege waiver; drafting and filing

stipulations for the resolution of sixth interim fee applications; work, generally, on legal

discussion and argument to be included in Reports and objections; and, the drafting, submission,

and monitoring of compensation orders.

49.     Matters 16-16YY:  Analysis, Reports and Recommendations Regarding

Professionals' Fee Applications:  $347,485.50.

A.      During the Compensation Period, the Applicants reviewed at least 35 fee

applications for services during the seventh interim period.  The fee applications were divided

into three groups and, to reduce the likelihood of duplication, each group was assigned to a

single supervising attorney.  *See* First Fee Application, ¶¶ 21-27.

B.      In general, each fee application and supporting expense or other

documentation—including spreadsheet analysis provided by BrownGreer—were initially

19

reviewed by one attorney.  Questionable billing practices were identified in this initial review.

Through internal meetings, Godfrey & Kahn identified distinguishing circumstances surrounding

each application and narrowed the list of practices to those that would be brought to each

Retained Professional's, the Fee Committee's and, if necessary, the Court's attention.

       C.      Godfrey & Kahn professionals regularly kept each other, the Chair, and

the Fee Committee apprised of the issues in the applications they examined to ensure as

consistent an application of standards as possible.  The detailed time records for Godfrey &

Kahn's internal communications and conferences involving the professionals and

paraprofessionals do not invariably identify each participant.  External communications are

identified both by participant and subject matter in the detailed billing records.

       D.      The Applicants prepared Reports for each Retained Professional, covering

the seventh interim fee period, identifying specific billing practices potentially not in compliance

with the applicable standards.  These Reports also included the bases for the reductions requested

by the Fee Committee in established case law, guidelines, local rules and this Court's orders.  In

addition to the narrative reports, the Applicants prepared exhibits, some with the assistance of

BrownGreer, detailing the specific billing entries that did not comport with the guidelines.

       E.      The Reports formed the basis for a dialogue with the Retained

Professionals, through a formal "Negotiation Period" commencing with the Report and

extending 30 days, to enable each professional to comment and respond to the Fee Committee's

concerns for each application.[16]

---

[16] On several occasions, by agreement, a Retained Professional and the Applicants have agreed to variances from
this schedule.

20

F.      The Reports were intended to provide transparency, and each Report explained the basis for any possible objection, rather than merely quantifying the proposed or agreed-upon reduction.

G.      The Applicants' analysis of the fee applications reviewed during the Compensation Period directly resulted in at least $1.5 million in reductions.[17] All of the applications reviewed during the Compensation Period have been, with the exception of a single issue involving hourly rate increases, resolved by stipulated orders, subject to the final fee application process.  Most of the professionals for which hourly rate increases are an issue have participated in productive discussions and exchanges of information with the Fee Committee.

## SUMMARY OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE COMPENSATION PERIOD

50.     Godfrey & Kahn incurred total expenses through February 29, 2012 in the amount of $93,030.81, of which $990.69 has been voluntarily assumed and not billed to the estates.  The Chair incurred total expenses in the amount of $3,364.23.  Exhibits D, E and G contain the expense categories for which the Applicants seek reimbursement and the detailed expense records, respectively.

A.      The expenses for which the Applicants seek reimbursement include only some of those routinely charged to the Applicants' clients.

B.      The Applicants are not making a profit on any expense incurred as a result of services provided by a third party and have made a reasonable estimate of the actual cost for expenses incurred for any services provided in-house.  The Applicants' charges in these cases are at the same rates or lower than those routinely charged to, and paid by, the Applicants' clients.

---

[17] An additional $1 million has been held back from seventh interim compensation paid, subject to negotiations on the rate increase dispute.

51.    The largest expenditure, totaling $40,236.97, has been for the development of a

supplemental database to permit a comprehensive analysis of the first through fourth interim fee

applications and to integrate that analysis with that conducted for subsequent fee periods--all

to permit a comprehensive analytical approach to final fee applications when they are filed.

Godfrey & Kahn attorneys and staff have worked to ensure that it has the capacity to store and

analyze the voluminous data submitted by retained professionals in these cases, without

duplicating work already performed by the Debtors or others.

A.    Of the total expenditures on database development, $8,116.97 was for the

acquisition of a Microsoft Enterprise SQL server which, along with the database and data, is

property of the LBHI bankruptcy estates and will be delivered to the Debtors at the conclusion of

Fee Committee counsel's work.

B.    If the Debtors conclude that the hardware and related data have no appreciable

value to them, Godfrey & Kahn will reimburse the estates for their costs, and Godfrey & Kahn

will retain ownership of them.

52.    Another significant expense, totaling $14,578.86, is for photocopies provided

through a vendor, including copies of comprehensive materials prepared and sent to the Fee

Committee members in preparation for each of its meetings.  For internal copies, Godfrey &

Kahn typically charges clients $0.15 for each black-and-white copy and $0.50 for each color

copy; however, both rates have been reduced to $0.10 a copy.  Photocopies provided by third-

party vendors have been paid at rates of $0.08 to $0.125 per page for black-and-white and $1.00

per page for color.  The Applicants have made supporting documentation available for all

external photocopying charges.  The next largest expenses (other than travel) were for service of

process through Epiq Bankruptcy Solutions ($8,313.89) and overnight mail service primarily

related to providing Reports and exhibits to Retained Professionals and Fee Committee materials to its members ($4,493.87).

53.      The Applicants have voluntarily written off all staff overtime, in-house meals, some travel meals, and the cost of traveling between and among Godfrey & Kahn offices. Though the Fee Committee routinely allows reasonable business travel by cab within New York City between and among hotels and business destinations, Godfrey & Kahn has taken a voluntary $200.00 deduction for intra-city cab fares while working in New York.  Godfrey & Kahn has also deducted a $387.00 expense itemized in Exhibit E for a January 31, 2012 Amtrak fare.

54.      The expenses are actual, reasonable and necessary in light of the scope of the Applicants' retention to aid in the administration of these cases.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

55.      Interim compensation to professionals is governed by 11 U.S.C. §§ 330 and 331. The Court is authorized to grant "reasonable compensation for actual, necessary services rendered by the [professional person] and reimbursement for actual, necessary expenses."

56.      The Applicants respectfully maintain that the services provided were actual and necessary to the administration of the fee examination process in these cases.  The fee review process is a statutory mandate in all chapter 11 cases.  Given the size and complexity of these cases, however, the U.S. Trustee proposed the creation of a Fee Committee to aid both the U.S. Trustee and the Court.  The Debtors and Creditors' Committee concurred in the U.S. Trustee's proposal that a Fee Committee be appointed.

57.      In reviewing whether a compensation request should be granted, the Court should be guided by the following factors:

23

> [T]he nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than these under this title;

11 U.S.C. § 330.

58.    The requested compensation and reimbursement meet the statutory requirements for allowance.  The Applicants have completed their work in a timely and efficient manner commensurate with the complexity, importance and nature of the issues involved.  The projects were staffed by professionals and paraprofessionals with demonstrated skill in the bankruptcy context, and all work has been assigned consistently with the need to prevent unnecessary duplication and to ensure that work is performed by the least senior person competent to handle the matter efficiently.

59.    Moreover, the requested compensation is reasonable because it is based on the customary compensation charged by comparably skilled professionals in Godfrey & Kahn's Milwaukee market and paid by Godfrey & Kahn's non-bankruptcy clients.  The Applicants have

also thoroughly reviewed their time and expense detail and voluntarily written off more than $50,000.00 in combined charges.

60.    The total flat-fee compensation allocated for Godfrey & Kahn's services during the Compensation Period exceeds, by $145,741.50, the hourly rate value of those services as reflected in the detailed billing records.  In the First Fee Application, however, the reverse was true, with Godfrey & Kahn uncompensated for $119,025.00 (calculated on an hourly rate basis) in otherwise compensable services as a result of the flat-fee arrangement and allocation.  As such, the flat fee arrangement appears, roughly, to accurately reflect the hourly rate value of Godfrey & Kahn's services to the Fee Committee on an aggregate basis.

61.    Accordingly, approval of the requested compensation is warranted.

**NOTICE**

62.    Notice of this Fee Application has been provided to the parties in interest in accordance with the *Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures* [Docket No. 9635].  The Applicants submit that such notice is sufficient and that no other or further notice need be provided.

63.    Other than the First Fee Application, no previous request for compensation has been made by the Applicants to this or any other Court for these matters.

**CONCLUSION**

The Applicants respectfully request that the Court enter an order retrospectively authorizing interim allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,045,404.35 consisting of $950,000.00 in fees and $95,404.35 in actual and necessary expenses incurred during the Compensation Period.

25

Dated:  Madison, Wisconsin
        May 3, 2012.

                            GODFREY & KAHN, S.C.


                    By:      /s/ Katherine Stadler
                            Brady C. Williamson (BW 2549)
                            Katherine Stadler (KS 6831)

                            GODFREY & KAHN, S.C.
                            One East Main Street, Suite 500
                            P.O. Box 2719
                            Madison, Wisconsin 53701-2719
                            Telephone: (608) 257-3911
                            Facsimile: (608) 257-0609
                            E-mail: bwilliam@gklaw.com
                                     kstadler@gklaw.com

                            *Attorneys for the Fee Committee*


7565103_6

26