Presentment Date and Time: May 15, 2012 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: May 14, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                :
                        Debtors.                :    **(Jointly Administered)**
                                                :
------------------------------------------------------------------x

### NOTICE OF PRESENTMENT OF STIPULATION, AGREEMENT AND ORDER BETWEEN BNC MORTGAGE LLC AND CLEARVUE OPPORTUNITY XVIII LLC FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD TO CERTAIN REAL PROPERTY LOCATED IN STOCKTON, CALIFORNIA

   **PLEASE TAKE NOTICE** that the undersigned will present the annexed stipulation, agreement and order between BNC Mortgage LLC and ClearVue Opportunity XVIII LLC, providing for relief from the automatic stay with regard to certain real property located at 7437 E. Main Street, Stockton, California (the "Stipulation, Agreement and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **May 15, 2012 at 12:00 noon (Prevailing Eastern Time).**

   **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Stipulation, Agreement and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **May 14, 2012 at 11:00 a.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation, Agreement and Order may be signed.

   **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation, Agreement and Order on **May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

US_ACTIVE:\43989304\06\58399.0011

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

Presentment Date and Time: May 15, 2012 at 12:00 p.m. noon (Prevailing Eastern Time)
Objection Deadline: May 14, 2012 at 11:00 a.m. (Prevailing Eastern Time)
Hearing Date and Time (Only if Objection Filed): May 16, 2012 at 10:00 a.m. (Prevailing Eastern Time)

WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers
Holdings Inc. and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
**In re**                                          :    **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
:
Debtors.                            :    **(Jointly Administered)**
:
------------------------------------------------------------------x

**STIPULATION, AGREEMENT AND ORDER BETWEEN
BNC MORTGAGE LLC AND CLEARVUE OPPORTUNITY XVIII
LLC FOR RELIEF FROM THE AUTOMATIC STAY WITH REGARD
TO CERTAIN REAL PROPERTY LOCATED IN STOCKTON, CALIFORNIA**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

This Stipulation, Agreement and Order (the "Stipulation, Agreement and Order") is entered into by Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases, on behalf of BNC Mortgage LLC ("BNC"), and ClearVue Opportunity XVIII LLC ("ClearVue").

US_ACTIVE:\43989304\06\58399.0011

## RECITALS

A.     On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (collectively, the "Debtors") commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  BNC commenced its Chapter 11 Case on January 9, 2009.

B.     On December 6, 2011, the Court entered an order confirming the Plan (the "Confirmation Order") [ECF No. 23023].  The Plan became effective on March 6, 2012.

C.     ClearVue represents that on or about, October 30, 2006, Jose Manuel executed a deed of trust (the "Deed of Trust") in favor of WMC Mortgage, Inc. ("WMC"), as security for repayment of the original principal sum of $440,000 due under a note (the "Note" and, together with the Deed of Trust, the "Loan").  The Deed of Trust granted Westwood Associates, as Trustee for Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for WMC, a security interest in certain real property located at 7437 E. Main Street, Stockton, California (the "Property").

D.     On or about November 7, 2007 a grant deed was recorded on the property (the "BNC Deed") naming BNC Mortgage, Inc.[1] as the lender rather than WMC.

E.     ClearVue represents that the BNC Deed was a clerical error not consistent with the intent of the parties or the actual conveyance of the interest in the property.  ClearVue further represents that, on or about August 5, 2011, MERS, as nominee for WMC Mortgage,

---

[1] BNC Mortgage, Inc. and BNC Mortgage LLC are the same entity.  BNC was originally organized under the laws of Delaware as a corporation under the name "BNC Mortgage, Inc."  On or about January 13, 1998, BNC changed its corporate form from a corporation to a limited liability company under the name "BNC Mortgage LLC."  BNC is still referred to as "BNC Mortgage Inc." in those states in which it is registered to conduct business under its former name.

LLC, successor-in-interest to WMC, assigned the Deed of Trust to GE Money Mortgage Holding Company, LLC ("GE") and that on or about August 2011, ClearVue purchased the Loan from GE and GE assigned the Deed of Trust to ClearVue.

F. On September 9, 2011, ClearVue brought an action against BNC in Superior Court of the State of California for the County of San Joaquin (Case No. 39-2011-00269309-CU-OR-STK) (the "State Court Action") seeking, among other remedies, reformation of the BNC Deed, because it named BNC as the lender rather than WMC, as intended by the parties.

G. The Plan Administrator has reviewed the Debtors' records and determined that neither BNC nor any of the Debtors hold an interest in the Property.

H. The existence of the BNC Deed in the local property records has resulted in an impediment to ClearVue' ability to acquire a clean title to the Property. Accordingly, ClearVue seeks entry of an order partially modifying the automatic stay extant in BNC's Chapter 11 Case pursuant to section 362 of the Bankruptcy Code and the Confirmation Order (the "Automatic Stay") in order to allow ClearVue to exercise its non-bankruptcy rights and remedies as to the Property including, but not limited to, commencing an action to quiet title or to foreclose on its interest in the Property.

I. In light of the foregoing, and to ensure that ClearVue is not prohibited from exercising its rights with respect to the Property, BNC and ClearVue (each a "Party" and together, the "Parties") have agreed, subject to approval of this Court, to the terms set forth below.

**NOW, THEREFORE, UPON THE FOREGOING RECITALS, WHICH ARE INCORPORATED AS THOUGH FULLY SET FORTH HEREIN, IT IS HEREBY STIPULATED AND AGREED, BY AND BETWEEN CLEARVUE AND LBHI**

**THROUGH THEIR UNDERSIGNED COUNSEL, AND, UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. This Stipulation, Agreement and Order shall have no force or effect unless and until approved by the Court (the "Effective Date").

2. Upon the Effective Date, the Automatic Stay shall be modified solely with respect to BNC's interest in the Property and ClearVue shall be permitted to exercise its rights under applicable non-bankruptcy law against the Property, including, but not limited to, commencing or continuing a proceeding to quiet title or to foreclose on its interests in the Property.

3. Except as provided in paragraph 2, the provisions of section 362(a) of the Bankruptcy Code and paragraph 54 of the Confirmation Order, including, without limitation, those provisions prohibiting any act to collect, assess, or recover a claim that arose prior to the Commencement Date from BNC's estate and/or assets or property of BNC (as defined in section 541 of the Bankruptcy Code) shall remain in full force and effect.

4. This Stipulation, Agreement and Order may only be amended or otherwise modified by a signed writing executed by the Parties.

5. Each person who executes this Stipulation, Agreement and Order by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation, Agreement and Order on behalf of such Party.

6. This Stipulation, Agreement and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation, Agreement and Order to present any copy, copies, electronic copies, or facsimiles signed by the Parties.

   7. This Stipulation, Agreement and Order was drafted jointly by the Parties and each Party represents that it and fully understands the terms hereof.  This Agreement shall not be strictly construed against either Party on the ground that the rules for the construction of contracts require the resolution of any ambiguity against the Party that drafted the document.

   8. This Stipulation, Agreement and Order shall be effective immediately upon its entry and shall not be stayed pursuant to Bankruptcy Rule 4001(a)(3).

   9. This Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation, Agreement and Order.

Dated: May 4, 2012
   Santa Ana, California

         /s/ Bruce T. Bauer
         Michael R. Brooks
         Bruce T. Bauer

         Brooks Bauer LLP
         2677 N. Main Street, Suite 560.
         Santa Ana, CA 92705
         Telephone: (714) 558-1961
         Facsimile: (714) 564-9302

         Attorneys for ClearVue Opportunity XVIII LLC

Dated: May 4, 2012
   New York, New York

         /s/ Jacqueline Marcus
         Jacqueline Marcus

         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, New York 10153
         Telephone: (212) 310-8000
         Facsimile: (212) 310-8007

         Attorneys for Lehman Brothers Holdings Inc. and
         Certain of its Affiliates

SO ORDERED, this ___ day of May, 2012 in New York

_____
United States Bankruptcy Judge