B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re: Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Tannor Partners Credit Fund, LP | PORTAGALLO, MARGUERITE & JAMES |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent: | Name and Address where notices to transferor should be sent: |
|---|---|
| Tannor Partners Credit Fund, LP<br>150 Grand Street, STE 401<br>White Plains, NY 10601<br>Phone: (914) 509-5000 | PORTAGALLO, MARGUERITE & JAMES<br>6 TULLER CT<br>LINCROFT, NJ 07738-1626<br>Phone: _____ |
| Last Four Digits of Acct #: _____ | Court Claim # (if known) 9550<br>Amount of Claim: See attached<br>Date Claim Filed: 8/27/2009 |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor          Date:   5/4/2012
      Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C.§§152 & 3571.*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

1. In consideration of the _____, _____ of the currently outstanding allowed amount of **$201,166.77** as specified in Schedule 1 attached hereto (the "Purchased Claim"), the adequacy and sufficiency of which are hereby acknowledged, **PORTAGALLO, MARGUERITE & JAMES** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), (a) an undivided interest, to the extent of the Purchased Claim, in Seller's right, title and interest in and to Proof of Claim Number **9550** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., a debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code"), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the allowed amount of the Purchased Claim is not less than the Purchased Claim, no objection to the Purchased Claim exists, and the Purchased Claim is a valid, enforceable claim against the Debtor; (b) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution delivery and performance of this Agreement by Seller, this Agreement has been duly authorized, executed and delivered by the Seller and Seller has the requisite power and authority to execute, deliver and perform this Agreement, and this Agreement constitutes the valid, legal and binding agreement of Seller, enforceable against Seller in accordance with its terms; (c) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that might result in the Purchaser receiving in respect of the claim proportionally less payments or distributions or less favorable treatment than other Class 5 Senior Unsecured Claims, as defined in the Third Amended Joint Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors; (d) the Purchased Claim is not subject to any factoring agreement; (e) no payment has been received by Seller, or by any third party claiming through Seller, in full or partial satisfaction to the Purchased Claim, and Seller has not previously assigned sold or pledged the Purchased Claim to any third party, in whole or in part; (f) Seller owns and has good and marketable title to the Purchased Claim free and clear of any and all liens, claims, set-off rights, security interests, participations or encumbrances of any kind or nature whatsoever, and there are no offsets or defenses or preferential payment demands that have been or may be asserted by or on behalf of Debtor or any other party to reduce the amount of the Purchased Claim or to impair its value; (g) Seller is not "insolvent" within the meaning of Section 1-201(23) of the Uniform Commercial Code or within the meaning of Section 101(32) of the Bankruptcy Code; (h) Seller is not an "insider", as that term is defined in the Bankruptcy Code Section 101(31), of the Debtor or its affiliates or a member of any official or unofficial committee in the Proceedings; (i) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (j) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (k) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (l) the Notice of Proposed Allowed Claim Amount ("Notice") for claim **9550** provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for claim number **9550**; and (l) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors).

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without

1

562011v.7

limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.  All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.  If (a) all or any part of the Purchased Claim is avoided, disallowed, subordinated, reduced, or otherwise impaired, for any reason whatsoever, including without limitation a breach of any of the terms or conditions of this Agreement; or (b) any of the representations and warranties herein are found to be untrue (each of (a) or (b) is a "Disallowance"), then Seller shall make immediate restitution and repayment to Purchaser of the proportional Purchase Price equal to the ratio of the amount of the Disallowance divided by the Purchased Claim ("Restitution Payment"), no later than 15 days after receiving notice of such Disallowance. Such Restitution Payment shall be made together with interest, calculated at the rate of ten (10%) percent per annum, from the date of Seller's execution of this Agreement until the date that such Restitution Payment is received by Purchaser.

6.  Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

7.  Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

8.  Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 3rd day of May, 2012.

**SELLER**

By: _Marguerite Portagallo_
Name: MARGUERITE PORTAGALLO
Title:

PORTAGALLO, MARGUERITE & JAMES
6 TULLER CT
LINCROFT, NJ 07738-1626

Email MARG928@VERIZON.NET

**PURCHASER**

By: _____
Name: Robert J. Tannor
Title: Managing Director

Tannor Partners Credit Fund, LP
150 Grand Street, Suite 401
White Plains, New York 10601
Telephone: 914-509-5000

2

*Transfer of LBHI Claim # 9550*
*PROGRAM SECURITY*

Schedule 1

Transferred Claims

Purchased Claim

100% x $201,166.77 of $201,166.77 (the outstanding amount of the Proof of Claim as of May 3, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| WTS LEHMAN BROS HLDGS INC CALL WT LKD MILLENNIUM | 524935111 | Lehman Brothers Holdings Inc. | N/A | $158,860.00 | N/A | N/A | N/A |
| WTS LEHMAN BROS HLDGS INC CALL WT LKD DE SHAW OCCULUS FD ACCD INVS | 52520W143 | Lehman Brothers Holdings Inc. | N/A | $91,653.90 | N/A | N/A | N/A |