B 210A (Form 210A) (12/09)12

# UNITED STATES BANKRUPTCY COURT
Southern District of New York

In re Lehman Brothers Holdings Inc., et al.     Case No. 08-13555 (JMP) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Avignon Capital Ltd.                              Minardi Capital Corp.
       Name of Transferee                              Name of Transferor

Name and Address where notices to transferee     Court Claim # (if known): 62725
should be sent:                                   Amount of Claim: ISIN XS0336336531 in the
                                                  amount of $46,084,456.84
                                                  Date Claim Filed: November 2, 2009

Avignon Capital Ltd.
c/o Citco B.V.I. Ltd.
Wickhams Capy, P.O. Box 662
Road Town, Tortola
British Virgin Islands

With a copy to:
Chadbourne & Parke LLP
30 Rockefeller Plaza
New York, NY 10112
Attn: David LeMay, Esq.
      Christy Rivera, Esq.

Name and Address where transferee payments should be sent (if different from above):

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By _[signature]_                                  Date: 5/7/12
   Transferee/Transferee's Agent
   Carrie L. Tillman
   Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

CPAM: 4670847.1

## TRANSFER AND ASSIGNMENT AGREEMENT

This TRANSFER AND ASSIGNMENT AGREEMENT is entered into as of November 29, 2011 (this "Agreement"), by and between MINARDI CAPITAL CORP., a company organized and existing under the laws of the British Virgin Islands as an International Business Company on December 27, 2000, with offices located at Calle Aquilino de la Guardia, Edificio IGRA, Panama, Panama, registered under Number 422439 (together with any successors and assigns, "Assignor"), and AVIGNON CAPITAL LTD., a company organized and existing under the laws of the British Virgin Islands, with offices located at c/o Citco B.V.I. Limited, Wickhams Cay, P.O. Box 662, Road Town, Tortola, British Virgin Islands (together with any successors and assigns, "Assignee") (each, a "Party" and, collectively, the "Parties").

WITNESSETH:

WHEREAS, Assignor is the owner and holder of Notas Estructuradas issued by Lehman Brothers Treasury Co. B.V. ("LBT") on December 6, 2007, with maturity date on December 20, 2008, identified by ISIN code number: XS0336336531, and with the principal amount of Bs. 92,621,250 (Net Amount: Bs. 97,020,759.39) (the "Note"), and the right, title, interest, claims and causes of action in and with respect to the Note;

WHEREAS, Assignor desires to sell, transfer and assign to Assignee, and Assignee desires to purchase, assume and accept by assignment from Assignor, Assignor's right, title, interest, claims and causes of action in and with respect to the Note;

WHEREAS, the Note is currently held in escrow pursuant to an escrow agreement, dated as of June 30, 2008, by and among Assignor, as purchaser, C.A. Central Banco Universal, as seller, Humoso Business S.A., as investors, and Violy Management, LLC, as escrow agent (the "Escrow Agreement," and the parties to the Escrow Agreement, the "Escrow Parties"); and

WHEREAS, concurrently with the execution and delivery of this Agreement, Minardi is instructing the escrow agent under the Escrow Agreement to release the Note to Assignee pursuant to the terms of this Agreement.

NOW, THEREFORE, in consideration of the foregoing and the mutual agreements contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto intending to be legally bound do hereby agree as follows:

1. Transfer and Assignment. Upon the terms and conditions of this Agreement, Assignor hereby absolutely and unconditionally sells, transfers and assigns to Assignee, and Assignee hereby purchases, assumes and accepts from Assignor, all of Assignor's right, title, interest, claims and causes of action in and to, or arising under or in connection with (a) the Note, and (b) any and all claims (the "Claims") relating to the Note filed or to be filed in the

insolvency proceedings of LBI, LBT and Lehman Brothers Holdings Inc. ("LBHI"),[1] as well as any of its domestic and international subsidiaries and affiliates (collectively, the "Debtors"). For the avoidance of doubt, such transfer and assignment includes, without limitation, in connection with (a), and (b), (i) all of Assignor's right, title and interest in and to any and all proofs of claim filed in respect of the Claims or the Note, (ii) all of Assignor's right, title and interest in and to all agreements, instruments and other documents evidencing or relating to the Claims or the Note, (iii) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of or in connection with any of the foregoing, and (iv) all other claims or causes of action against the Debtors, its affiliates, any guarantor or other third party, together with voting and other rights and benefits arising from, under, or relating to the Claims or the Note, including, without limitation, all of Assignor's rights to receive cash, securities, instruments and/or other property or distributions issued in connection with any of the foregoing or under the Bankruptcy Code or otherwise (the Claims, the Note and the items referenced to in (i) through (iv) above are collectively referred to as the "Assigned Interests").

2.  Notices/Distributions. Assignor agrees that in the event Assignor shall receive payments or distributions, or notices or any other communication with respect to or relating to the Assigned Interests or the subject matter of this Agreement after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same forthwith to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind) and, in the case of securities, in good deliverable form, with the endorsement of Assignor (without recourse, representations or warranties except as set forth herein) when necessary or appropriate. To the extent that any payment or distribution made by any Debtor on account of the Assigned Interests is in the form of securities (a "Securities Distribution") and to the extent such Securities Distribution is issued in the name of Assignor, then promptly after Assignor's receipt of such Securities Distribution, Assignor shall take whatever steps are necessary to have such Securities Distribution reissued to or the ownership thereof transferred to Assignee.

3.  Power of Attorney. Assignor hereby irrevocably appoints Assignee with full power of substitution as its true and lawful attorney and authorizes Assignee to act reasonably in Assignor's name, place and stead, to demand, sue for, compromise and recover all such sums of money which now are, or may hereafter become due and payable necessary to enforce the Assigned Interests and Assignor's rights thereunder or related thereto pursuant to this Agreement.

4.  Further Assurance. Assignor agrees, at Assignor's expense, to execute, acknowledge and deliver all such further certificates, instruments and other documents and to make all registrations required by any applicable law and to take all such further action as may be reasonably necessary or appropriate or required by any applicable law to effect the assignment of the Assigned Interests and all interests therein to Assignee, and to effectuate the intent and purposes of, and to carry out the terms of, this Agreement. The Assignor shall instruct the

---

[1] Most of the Lehman Brothers' domestic insolvency proceedings are being jointly administered under *In re Lehman Brothers Holdings Inc., et al.*, Case Number 08-13555 under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

escrow agent under the Escrow Agreement to release, and to take all actions necessary in connection with the release of, the Note from escrow under the Escrow Agreement to an account specified by the Assignor.

5. <u>Cooperation</u>. Each Party shall cooperate fully with each other and with their representatives, counsel and accountants in connection with any steps required to be taken as part of their respective obligations under this Agreement, and will use their best efforts to consummate the transactions contemplated hereby and fulfill their obligations hereunder.

6. <u>Survival</u>. All representations, warranties, covenants and agreements contained herein shall survive the execution and delivery of this Agreement and the purchase and sale of the Assigned Interests and shall inure to the benefit of, be binding upon, and enforceable by the Parties and their respective successors and assigns.

7. <u>Governing Law</u>. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.

8. <u>Jurisdiction; Waiver of Trial by Jury</u>. Each Party hereby irrevocably consents to the jurisdiction of the state and federal courts located in the State of New York, County of New York and of the Bankruptcy Court in any action to enforce, interpret or construe any provision of this Agreement or of any other agreement or document delivered in connection with this Agreement, and also hereby irrevocably waives any defense of improper venue, *forum non conveniens* or lack of personal jurisdiction to any such action brought in such courts. Each Party further irrevocably agrees that any action to enforce, interpret or construe any provisions of this Agreement will be brought only in such courts and each Party waives its right to trial by jury.

9. <u>Waiver of Notice and Hearing Requirement</u>. Assignor hereby waives any notice or hearing requirements imposed under the Bankruptcy Code (including, but not limited to, Rule 3001 of the Federal Rules of Bankruptcy Procedure) or otherwise and stipulates that an order may be entered recognizing this Agreement as an unconditional assignment and Assignee herein as the valid owner of the Assigned Interests.

10. <u>Complete Agreement; Amendment</u>. This Agreement and the Escrow Agreement shall constitute the complete agreement of the Parties with respect to the subject matters referred to herein and supersedes all prior or contemporaneous negotiations, promises, covenants, agreements or representations of every nature whatsoever with respect thereto, all of which have become merged and finally integrated into this Agreement. This Agreement cannot be amended, modified, or supplemented except by an instrument in writing executed by the Parties hereto.

11. <u>Counterparts</u>. This Agreement may be executed by telecopy in multiple counterparts and all of such counterparts taken together shall be deemed to constitute one and the same instrument. Transmission by telecopier of this Agreement shall be deemed to constitute due and sufficient delivery of such counterpart. Each fully executed counterpart of this Agreement shall be deemed to be a duplicate original.

IN WITNESS WHEREOF, the undersigned has duly executed this Agreement by their respective duly authorized representatives as of the date first above written.

ASSIGNOR:

MINARDI CAPITAL CORP.

By: _____
Name: Lilian R. de Muschett
Title: Director/President

ASSIGNEE:

AVIGNON CAPITAL LTD.

By: OPORTO CAPITAL LLC

By: _____
Name: Carrie L. Tillman
Title:  Manager

[Escribir texto]