AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, each seller (severally, and not joint and several), as set forth on Schedule 1 attached hereto (each a "Seller," as applicable) hereby unconditionally and irrevocably sells, transfers and assigns to **J.P. Morgan Securities LLC** ("Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof,

(a) an undivided interest, to the extent relating to Seller's record and beneficial ownership interest in commercial paper issued by the Debtor (as defined below) as specified in Schedule 1 attached hereto, in Seller's right, title and interest in and to Proof of Claim Number 67903 (the "Amended Proof of Claim"), as originally filed by or on behalf of The Reserve International Liquidity Fund Ltd. ("Original Creditor") and which Proof of Claim amended and superseded the originally filed claim number 17320 (the "Original Proof of Claim"), against Lehman Brothers Holdings, Inc., (the "Debtor") in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court") administered under Case No. 08-13555 (JMP) (the "Purchased Claim"),

(b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever that Seller may have, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim and (iv) to the extent relating to the Purchased Claim, all of Seller's right, title and interest in, to and under each Predecessor Agreement as set forth on Exhibit A, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim.

(c) any and all proceeds of any of the foregoing, excluding any principal, interest or other payments relating to the Purchased Security (as defined below) actually received by Seller prior to September 15, 2008 (collectively, as described in clauses (a), (b) and (c), the "Transferred Claims"), and

(d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

For the avoidance of doubt, the parties agree that (x) the Purchased Claim relates to the Purchased Security described in Section 2 of the Original Proof of Claim and specified in Schedule 1 attached hereto, (y) this Agreement relates only to the Purchased Claim and the Purchased Security and not to any other proof of claim ("Other Claim") or other security ("Other Security") of the Seller or any other party, and (z) Seller does not waive, relinquish, assign or transfer to Purchaser any action, claim, right or lawsuit of any nature whatsoever in whole or in part (i) arising out of or in connection with any Other Claim or Other Security, or (ii) that any party other than Seller may have or may pursue, whether against the Debtor or any other party, arising out of or in connection with any claim, security, matter or issue whatsoever.

For the avoidance of doubt, distributions in the amount of $4,504,726.92 (the "Interim Distribution") have been paid in respect of the Purchased Claim and are being retained by Seller and are not being transferred to the Purchaser, and are expressly excluded from the Transferred Claims.

2.    Seller hereby represents and warrants to Purchaser and to Purchaser's successors and assigns that: (a) the Original Proof of Claim was duly and timely filed in accordance with the Court's order setting the deadline

for filing proofs of claim and the applicable procedures set forth in that certain Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (Dkt. No. 4271); (b) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (c) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (d) the Amended Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (e) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in respect of the Transferred Claims, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      As of the date hereof, Seller shall promptly (but in any event no later than five (5) business days) remit any payments distributions or proceeds (except for the Interim Distribution, which for the avoidance of doubt, Seller shall retain) received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, each Purchased Security to a DTC account designated in writing by Purchaser to Seller against payment by Purchaser of the Purchase Price. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of the relevant clearing system with respect to the purchase and sale of each Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Amended Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.      For the avoidance of doubt, each Seller and Purchaser acknowledge and understand that each Seller is executing this agreement solely in its individual capacity with respect to its Purchased Claim, and that all obligations and/or liabilities of each Seller hereunder with are enforceable solely against such Seller and such Seller's assets (severally, and not joint and severable). The agreements made by each Seller hereunder and all

- 2 -

obligations and liabilities of each Seller shall be several (and not joint and several) in accordance with each Seller's respective Purchased Claim.

KL2 2744756.2

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ⅂ day of May, 2012.

**J.P. MORGAN SECURITIES LLC**

By: _____
Name: ~~Peter Schoepe~~
Title: ~~Authorized Signatory~~

Address:
c/o J.P. Morgan Securities
Mail Code: NY1-M138
383 Madison Avenue, Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo

**FARALLON CAPITAL PARTNERS, L.P.**
By: Farallon Partners, L.L.C.,
    Its General Partner

By: _____
Name: Michael G. Linn
Title: Managing Member

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

**FARALLON CAPITAL INSTITUTIONAL PARTNERS, L.P.**
By: Farallon Partners, L.L.C.,
    Its General Partner

By: _____
Name: Michael G. Linn
Title: Managing Member

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

**FARALLON CAPITAL INSTITUTIONAL PARTNERS II, L.P.**
By: Farallon Partners, L.L.C.,
    Its General Partner

By: _____
Name: Michael G. Linn
Title: Managing Member

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

- 4 -

**FARALLON CAPITAL OFFSHORE
INVESTORS II, L.P.**
**By: Farallon Partners, L.L.C.,**
    **Its General Partner**

By:_____
Name:_____Michael G. Linn_____
Title:_____Managing Member_____

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

**FARALLON CAPITAL (AM)
INVESTORS, L.P.**
**By: Farallon Partners, L.L.C.,**
    **Its General Partner**

By:_____
Name:_____Michael G. Linn_____
Title:_____Managing Member_____

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

**FARALLON CAPITAL INSTITUTIONAL
PARTNERS III, L.P.**
**By: Farallon Partners, L.L.C.,**
    **Its General Partner**

By:_____
Name:_____Michael G. Linn_____
Title:_____Managing Member_____

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

- 5 -

**NOONDAY OFFSHORE, INC.**
**By: Farallon Capital Management, L.L.C.,**
       **Its Agent and Attorney-in-Fact**

By: _____
Name: __Michael G. Linn_____
Title: __Managing Member_____

Address:
Farallon Capital Management
One Maritime Plaza, Suite 2100
San Francisco, CA 94111
Attn: Anatoly Bushler

KL2 2744756.2

**Exhibit A**
Predecessor Transfer Agreements

1.  Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JP Morgan Chase Bank, N.A. ("JPM") (as seller) and  Noonday Offshore, Inc. (as buyer);

2. Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Partners, L.P. (as buyer);

3. Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Offshore Investors III, Inc. (as buyer);

4.  Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Offshore Investors II, L.P. (as buyer);

5. Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Institutional Partners, L.P. (as buyer);

6. Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Institutional Partners III, L.P. (as buyer);

7. Agreement and Evidence of Transfer of Claim dated as of June 10, 2010, by and between JPM (as seller) and Farallon Capital Institutional Partners II, L.P. (as buyer);

8. Agreement and Evidence of Transfer of Claim dated as of January 1, 2011, by and between Farallon Capital Offshore Investors III, Inc. (as seller) and Farallon Capital Offshore Investors II, L.P. (as buyer);

9. Agreement and Evidence of Transfer of Claim dated as of January 1, 2011, by and between Farallon Capital Offshore Investors II, L.P. (as seller) and Farallon Capital (AM) Investors, L.P. (as buyer)

KL2 2744756.2

**Schedule 1**
Transferred Claims

Purchased Claim

100% of CUSIP 52525MKA5 or $49,895,834.72 (the Amended POC Amount of CUSIP 52525MKA5 as described in the Amended Proof of Claim), plus all interest related thereto.

100% of CUSIP 52525MKV9 or $24,886,638.96 (the Amended POC Amount of CUSIP 52525MKV9 as described in the Amended Proof of Claim), plus all interest related thereto.

Description of the Purchased Securities

| Seller | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Amended POC Amount | Coupon | Maturity |
|---|---|---|---|---|---|---|---|
| Farallon Capital Partners, L.P. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 12,473,958.68 | 2.99% | 10/10/2008 |
| Farallon Capital Institutional Partners, L.P. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 15,467,708.77 | 2.99% | 10/10/2008 |
| Farallon Capital Institutional Partners II, L.P. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 623,697.93 | 2.99% | 10/10/2008 |
| Farallon Capital Offshore Investors II, L.P. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 18,769,928.07 | 2.99% | 10/10/2008 |
| Farallon Capital (AM) Investors LP | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 689,447.47 | 2.99% | 10/10/2008 |
| Farallon Capital Institutional Partners III, L.P. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 873,177.11 | 2.99% | 10/10/2008 |
| Noonday Offshore, Inc. | Commercial Paper | 52525MKA5 | Lehman Brothers Holdings Inc. | None | USD 997,916.69 | 2.99% | 10/10/2008 |

KL2.2744756.2

| Farallon Capital Partners, L.P. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 6,221,659.74 | 3.71% | 10/29/2008 |
|---|---|---|---|---|---|---|---|
| Farallon Capital Institutional Partners, L.P. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 7,714,858.08 | 3.71% | 10/29/2008 |
| Farallon Capital Institutional Partners II, L.P. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 310,585.25 | 3.71% | 10/29/2008 |
| Farallon Capital Offshore Investors II, L.P. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 9,361,908.79 | 3.71% | 10/29/2008 |
| Farallon Capital (AM) Investors LP | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 343,880.41 | 3.71% | 10/29/2008 |
| Farallon Capital Institutional Partners III, L.P. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 436,013.91 | 3.71% | 10/29/2008 |
| Noonday Offshore, Inc. | Commercial Paper | 52525MKV9 | Lehman Brothers Holdings Inc. | None | USD 497,732.78 | 3.71% | 10/29/2008 |

KL2 2744756.2