**Presentment Date and Time: June 4, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 25, 2012 at 4:00 p.m. (Prevailing Eastern Time)**
**Hearing Date and Time (Only if Objection Filed): June 13, 2012 at 10:00 a.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard P. Krasnow

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
In re                                                                      Chapter 11 Case No.:
                                                                                  08-13555(JMP)

**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     (Jointly Administered)

                         **Debtors.**
------------------------------------------------------------------X
**WENDY M. UVINO,**

                         Plaintiff,                               Adv. Proc. No.: 10-05428 (JMP)

       - against –

**LEHMAN BROTHERS HOLDINGS INC.**
                         **Defendant.**
------------------------------------------------------------------X

## NOTICE OF PRESENTMENT OF STIPULATION AND ORDER
## REGARDING SETTLEMENT AND DISMISSAL OF ADVERSARY PROCEEDING

       **PLEASE TAKE NOTICE** that the undersigned will present the annexed Stipulation and Order Between Wendy M. Uvino and Lehman Brothers Holdings Inc. Regarding Settlement and Dismissal of Adversary Proceeding (the "Stipulation and Order") to the Honorable James M. Peck, United States Bankruptcy Judge, for signature on **June 4, 2012 at 10:00 a.m. (Prevailing Eastern Time)**.

       **PLEASE TAKE FURTHER NOTICE** that unless a written objection to the proposed Stipulation and Order, with proof of service, is served and filed with the Clerk of the Court and a courtesy copy is delivered to the Bankruptcy Judge's chambers and the undersigned so as to be received by **May 25, 2012 at 4:00 p.m. (Prevailing Eastern Time)**, there will not be a hearing and the Stipulation and Order may be signed.

       **PLEASE TAKE FURTHER NOTICE** that if a written objection is timely served and filed, a hearing (the "Hearing") will be held to consider the Stipulation and Order on **June 13, 2012 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable James M. Peck,

United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 11, 2012
      New York, New York

    /s/ Richard P. Krasnow
    Richard P. Krasnow

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
In re                                                                                    Chapter 11 Case No.: 08 13555(JMP)

LEHMAN BROTHERS HOLDINGS INC., *et al.*,           (Jointly Administered)

                              Debtors.
------------------------------------------------------------------X
WENDY M. UVINO,

                             Plaintiff,                         Adv. Proc. No.: 10-05428 (JMP)

     - against –

LEHMAN BROTHERS HOLDINGS INC.


                             Defendant.
------------------------------------------------------------------X

**STIPULATION AND ORDER BETWEEN WENDY M. UVINO AND LEHMAN
BROTHERS HOLDINGS INC. REGARDING
<u>SETTLEMENT AND DISMISSAL OF ADVERSARY PROCEEDING</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Wendy M. Uvino ("<u>Plaintiff</u>") and Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and

together with Plaintiff, the "<u>Parties</u>") hereby enter into this Stipulation and Order and represent

and agree as follows:

**RECITALS**

      A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and

certain of its subsidiaries commenced voluntary cases (Case No. 08-13555 (JMP)) (the "<u>LBHI

Bankruptcy Proceeding</u>") under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy

Code</u>") with the United States Bankruptcy Court for the Southern District of New York (the

"<u>LBHI Bankruptcy Court</u>").   On December 6, 2011, the LBHI Bankruptcy Court entered an

order confirming the Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan").  The Plan became effective on March 6, 2011.  Pursuant to the Plan, LBHI was appointed as "Plan Administrator" for each of the chapter 11 entities.

      B.      On August 27, 2009, Plaintiff together with Joseph F. Uvino (together, the "Individual Debtors") filed a voluntary case (Case No. 09-15225 (BRL)) under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Uvino Bankruptcy Court").  During the administration of their bankruptcy case, the Individual Debtors remained in possession of their assets and finances and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.  On February 15, 2012, the Uvino Bankruptcy Court entered an order confirming the Individual Debtors' chapter 11 plan.

      C.      Plaintiff was employed by LBHI as Director of Human Resources until she voluntarily resigned her employment on June 16, 2010.

      D.      On December 14, 2010, Plaintiff instituted the above-captioned adversary proceeding (the "Adversary Proceeding") in the LBHI Bankruptcy Court against LBHI, Alvarez & Marsal ("A&M"), and Robert Hershan, asserting the following causes of action: (i) *Quantum Meruit* against LBHI (First Cause of Action); (ii) Constructive Discharge against LBHI, A&M and Mr. Hershan (Second Cause of Action); and (iii) Hostile Work Environment against A&M and Mr. Hershan (Third Cause of Action).

      E.      On January 13, 2011, LBHI filed a Motion to Dismiss Adversary Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 4).

  F. On March 22, 2011, Plaintiff voluntarily dismissed her Third Cause of Action for Hostile Work Environment (ECF 12).

  G. On April 27, 2011, Plaintiff voluntarily dismissed all claims against A&M and Mr. Hershan with prejudice (ECF 15).

  H. On June 20, 2011, the LBHI Bankruptcy Court entered an Order Granting Defendant's Motion to Dismiss But Allowing *Quantum Meruit* Claim for Work Performed in 2010 (ECF 17) and provided Plaintiff with 30 days in which to file an amended complaint.

  I. On July 19, 2011, Plaintiff filed an Amended Adversary Complaint (ECF 18) against LBHI, asserting two causes of action: (1) *Quantum Meruit* (First Cause of Action), and (2) Breach of Contract (Second Cause of Action).

  J. On August 29, 2011, LBHI filed a Motion to Dismiss Amended Adversary Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 22).

  K. On December 12, 2011, the LBHI Bankruptcy Court Court entered an Order Denying Defendant's Motion to Dismiss Amended Adversary Complaint, without prejudice to renewal as a motion for summary judgment after the completion of some discovery (ECF 29).

  L. On January 13, 2012, LBHI filed an Answer to Amended Adversary Complaint (ECF 32).

  M. Given the uncertainties, burden, expense, and potentially protracted nature attendant to litigation, the Parties commenced negotiations with regard to a potential resolution of the Adversary Proceeding.  Those negotiations resulted in a compromise and settlement, the terms of which are set forth in the Parties' Agreement executed by Plaintiff on May 2, 2012 and by LBHI on May 10, 2012, attached hereto as <u>Exhibit A</u> (the "<u>Settlement Agreement</u>").

N.  Generally, subject to approval by both the LBHI Bankruptcy Court (with respect to LBHI) and the Uvino Bankruptcy Court (with respect to Plaintiff), in exchange for the payment of the gross sums of $58,750 to Plaintiff and $26,250 to be applied to Plaintiff's legal fees payable to the Law Offices of Avrum J. Rosen, PLLC, Plaintiff has agreed to release any and all rights, claims or causes of action she may have against LBHI, Alvarez & Marsal and each of their officers and employees (including, without limitation, Robert Hershan), other than the following claims filed by Plaintiff in the LBHI Bankruptcy Proceeding: Claim No. 4770, Claim No. 28566, Claim No. 12853, Claim No. 4771, Claim No. 15680, Claim No. 12672.[1]

**IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN THE PARTIES, AND UPON COURT APPROVAL HEREOF, IT SHALL BE ORDERED THAT:**

1. The recitals set forth above are incorporated as if fully set forth herein.

2. Upon the date that this Stipulation and Order is "so ordered" by the LBHI Bankruptcy Court, the Settlement Agreement shall be deemed approved with respect to LBHI.

3. Upon the Effective Date (as defined in the Settlement Agreement), Plaintiff's claims in the Adversary Proceeding shall be deemed dismissed with prejudice.

4. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties.

5. Each person who executes this Stipulation and Order represents that he or she has the authority to execute this document on behalf of the Party for which he or she is signing.

6. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and

---

[1] To the extent there is a conflict between the summary of the Settlement Agreement set forth in this Stipulation and Order and the Settlement Agreement itself, the Settlement Agreement shall control.

it shall constitute sufficient proof of this Stipulation and Order to present any copy, copies or facsimiles signed by the party hereto to be charged.

7.  The Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation and Order.

Dated: May 11, 2012

| /s/ Avrum J. Rosen | /s/ Richard P. Krasnow |
|---|---|
| Avrum J. Rosen | Richard P. Krasnow |
| The Law Offices of Avrum J. Rosen, PLLC | Lawrence J. Baer |
| 38 New Street | A. Millie Warner |
| Huntington, New York 11743 | WEIL, GOTSHAL & MANGES LLP |
| Telephone: (631) 423-8527 | 767 Fifth Avenue |
| Facsimile: (631) 423-4536 | New York, New York 10153 |
| | Telephone: (212) 310-8000 |
| Attorneys for Plaintiff | Facsimile: (212) 310-8007 |
| | Attorneys for Defendant Lehman Brothers Holdings Inc. |

**SO ORDERED** this day of _____ 2012

_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

# Exhibit A

SETTLEMENT AGREEMENT IN FULL
AND FINAL RELEASE OF ALL CLAIMS

between

WENDY M. UVINO

and

LEHMAN BROTHERS HOLDINGS INC.

This settlement agreement and release (the "Agreement") is made and entered into by and between Wendy M. Uvino ("Plaintiff") and Lehman Brothers Holdings Inc. ("LBHI"). Plaintiff and LBHI may each be referred to as a "Party," and together, the "Parties," in this Agreement.

W I T N E S S E T H :

WHEREAS, commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases (Case No. 08-13555 (JMP)) (the "LBHI Bankruptcy Proceeding") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "LBHI Bankruptcy Court").   On December 6, 2011, the LBHI Bankruptcy Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan for Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan").   The Plan became effective on March 6, 2011.   Pursuant to the Plan, LBHI was appointed as "Plan Administrator" for each of the chapter 11 entities.

WHEREAS, on August 27, 2009, Plaintiff together with Joseph F. Uvino (together, the "Individual Debtors") filed a voluntary case (Case No. 09-15225 (BRL)) under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Southern District of New York (the "Uvino Bankruptcy Court").   During the administration of their

bankruptcy case, the Individual Debtors remained in possession of their assets and finances and managed their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. On February 15, 2012, the Uvino Bankruptcy Court entered an order confirming the Individual Debtors' chapter 11 plan.

WHEREAS, Plaintiff was employed by LBHI as Director of Human Resources until she resigned her employment on June 16, 2010.

WHEREAS, on December 14, 2010, Plaintiff commenced an adversary proceeding in the LBHI Bankruptcy Court styled: <u>Wendy M. Uvino v. Lehman Brothers Holdings Inc., Alvarez & Marsal ("A&M"), and Robert Hershan</u>, Adv. Proc. No. 10-05428 (the "<u>Adversary Proceeding</u>"), in which Plaintiff asserted the following causes of action: (i) *Quantum Meruit* against LBHI (First Cause of Action); (ii) Constructive Discharge against LBHI, A&M and Mr. Hershan (Second Cause of Action); and (iii) Hostile Work Environment against A&M and Mr. Hershan (Third Cause of Action).

WHEREAS, on January 13, 2011, LBHI filed a Motion to Dismiss Adversary Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 4).

WHEREAS, on March 22, 2011, Plaintiff voluntarily dismissed her Third Cause of Action for Hostile Work Environment (ECF 12).

WHEREAS, on April 27, 2011, Plaintiff voluntarily dismissed all claims against A&M and Mr. Hershan with prejudice (ECF 15).

WHEREAS, on June 20, 2011, the LBHI Bankruptcy Court entered an Order Granting Defendant's Motion to Dismiss But Allowing *Quantum Meruit* Claim for Work Performed in 2010 (ECF 17), and provided Plaintiff with 30 days in which to file an amended complaint.

2

WHEREAS, on July 19, 2011, Plaintiff filed an Amended Adversary Complaint (ECF 18) against LBHI, asserting two causes of action: (1) *Quantum Meruit* (First Cause of Action), and (2) Breach of Contract (Second Cause of Action).

WHEREAS, on August 29, 2011, LBHI filed a Motion to Dismiss Amended Adversary Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF 22).

WHEREAS, on December 12, 2011, the LBHI Bankruptcy Court entered an Order Denying Defendant's Motion to Dismiss Amended Adversary Complaint, without prejudice to renewal as a motion for summary judgment after the completion of some discovery (ECF 29).

WHEREAS, on January 13, 2012, LBHI filed an Answer to Amended Adversary Complaint (ECF 32).

WHEREAS, given the uncertainties, burden, expense, and potentially protracted nature attendant to litigation, the Parties commenced negotiations with regard to a potential resolution of the Adversary Proceeding.  Those negotiations resulted in a compromise and settlement, the terms of which are set forth below;

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Plaintiff and LBHI agree as follows:

1. This Agreement shall become effective on the first business date that each of the following have occurred (the "Effective Date"): (i) the Stipulation and Order approving this Agreement is "so ordered" by the LBHI Bankruptcy Court; and (ii) this Agreement is approved by the Uvino Bankruptcy Court.

2. Upon the Effective Date, Plaintiff's claims in the Adversary Proceeding will be dismissed with prejudice.

3

3. Within ten (10) business days after the Effective Date, LBHI shall pay to Plaintiff

   a. the gross sum of $48,750 in consideration for the release provided in Paragraph 4, other than the release of claims under the Age Discrimination in Employment Act of 1967, as amended by the Older Workers Protection Act of 1990 (29 U.S.C. §§ 621 *et seq.*) (collectively, "ADEA"), less applicable deductions required by law, in respect of which LBHI shall issue to Plaintiff and the appropriate taxing authorities an IRS Form W-2.

   b. provided that Plaintiff has not revoked her release of her claims under ADEA, as provided in Paragraph 11 below, the lump sum of $10,000, less applicable deductions required by law, in consideration for the release of her claims under ADEA provided in Paragraph 4 below, in respect of which LBHI shall issue to Plaintiff and appropriate taxing authorities an IRS Form W-2.

   c. the sum of $26,250 to be applied to Plaintiff's legal fees payable to the Law Offices of Avrum J. Rosen, PLLC, for which LBHI shall issue to that firm and the appropriate taxing authorities an IRS Form 1099, and to Plaintiff and the appropriate taxing authorities an IRS Form W-2.

   d. LBHI agrees to wire transfer the payments detailed in sections 3(a), (b) and (c) of this Agreement to Plaintiff in accordance with Plaintiff's Counsel's written instructions, provided such counsel has furnished LBHI with a completed IRS Form W-9.

4. Plaintiff, for herself, her estate, creditors, heirs, executors, administrators, and assigns, does hereby fully, finally and forever release and discharge LBHI and A&M, and their predecessors, successors and assigns, corporate affiliates, and their respective past and present,

4

shareholders, directors, officers (including, but not limited to Robert Hershan), employees, agents, and attorneys of and from any and all claims, demands, actions, causes of actions, suits, damages, losses, expenses of any kind and every nature whatsoever which she has or may have against them, whether the same be known or unknown, at law, in equity, or mixed, growing out of or arising from or pertaining to any transaction, dealing, employment relationship, conduct, act or omission, or any other matters or things occurring or existing at any time prior to the date of execution hereof by Plaintiff, including but not limited to any matters which were alleged or could have been alleged in the Adversary Proceeding, and those in any way arising out of or relating in any way to Plaintiff's employment by LBHI or her separation from that employment, from the beginning of time through the date of this Agreement, including, without limitation, any tort and/or contract claims, common law or statutory claims, claims under any local, state or federal wage and hour law, employee benefits, wage collection or labor relations law, claims under any common law or other statute, claims of age, race, sex, sexual orientation, religion, disability, national origin, ancestry, citizenship, retaliation or any other claim of employment discrimination, and any claims based on any deprivation of rights under the following Acts and any amendments thereto: Title VII of the Civil Rights Acts of 1964 and 1991 (42 U.S.C. §§ 2000e *et seq.*); ADEA; the Americans with Disabilities Act (42 U.S.C. §§ 1201 *et seq.*); the Family Medical Leave Act (29 U.S.C. §§ 2601 *et seq.*); the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*); the Employee Retirement Income Security Act (29 U.S.C. §§ 2001 *et seq.*); the Equal Pay Act of 1963 (29 U.S.C. § 206(d) *et seq.*); the Sarbanes-Oxley Act of 2002; the New York State Executive Law; the New York City Administrative Code, and all other federal, state or local statutes, regulations or common laws or common law claims, contractual claims and all other actions or matters relating to employment, discrimination in employment, retaliation in

employment, termination of employment, wages, compensation, benefits or otherwise, including claims for attorneys' fees and costs relating to such matters.   Notwithstanding the above, nothing herein shall release LBHI from any obligation it may have to indemnify Plaintiff in accordance with its corporate charter or by-laws or applicable law.   Nothing contained herein shall be deemed or construed as (a) an admission, concession or acknowledgement that LBHI shall provide any such defense or pay any such claim; (b) an admission, concession or acknowledgement of any priority of such obligation or claim; (c) an amendment, modification or supplement to the proofs of claim referred to below or a formal or informal proof of claim; or (d) a waiver or modification of any order entered in the LBHI Bankruptcy Proceeding, fixing a bar date for filing proofs of claim.   The foregoing release is also not intended to affect Plaintiff's right to enforce the terms of this Agreement.   Additionally, the foregoing release is not intended as a release of any claim for vested benefits by Plaintiff under the Lehman Brothers Holdings Inc. Retirement Plan (the "Retirement Plan") against the Retirement Plan or against the Pension Benefit Guaranty Corporation; nor is the foregoing release intended to affect Plaintiff's vested rights, if any, under the Lehman Brothers Savings Plan (the "Savings Plan"); <u>provided</u>, <u>however</u>, that the foregoing reference to said Savings Plan and Retirement Plan shall not encompass any claims assertable against LBHI or any of its affiliates, which claims are intended to be covered by the foregoing release.   Additionally, the foregoing release is not intended as a release of any of the following claims filed by Plaintiff in the LBHI Bankruptcy Proceeding: Claim No. 4770, Claim No. 28566, Claim No. 12853, Claim No. 4771, Claim No. 15680, Claim No. 12672.

     5.     Plaintiff agrees that in order to avoid the possibility of any employment-related claims in the future, she will not now or at any time in the future apply for or otherwise solicit employment with LBHI or A&M, or their then existing affiliates.

6

6. Plaintiff acknowledges and agrees that during the period of her employment with LBHI, she had access to confidential, sensitive and/or proprietary information as well as trade secrets of LBHI and she represents that she has not and agrees that she will not use or disclose any such information on her own behalf or on behalf of any third party, unless compelled to do so through legal process from a court or tribunal of competent jurisdiction; <u>provided</u>, <u>however</u>, that upon receipt of any such legal process, Plaintiff shall provide LBHI with written notice within five (5) calendar days, in accordance with the notice requirements set forth in Paragraph 12 below, prior to disclosing any such confidential, sensitive and/or proprietary information or trade secrets of LBHI covered by this Paragraph so that LBHI may seek a protective order or other appropriate relief, if it so chooses. Plaintiff agrees to cooperate at all times with LBHI to maintain the confidentiality of any such information covered by this Paragraph to the greatest extent permitted by law.

7. Plaintiff and LBHI agree and affirm that this Agreement does not constitute any admission by LBHI of any failure of performance, wrongdoing or violation of any statute, regulation, or common law.

8. The Parties agree and affirm that the only consideration for their agreement to execute, and their execution of this Agreement, are the terms stated herein and that there are no other promises or agreements of any kind which have caused them to execute this instrument.

9. The Parties agree that this Agreement has been drafted by each of them and that to the extent it is subsequently reviewed by a court, it shall not be deemed to have been drafted by one or the other and, hence, shall not be interpreted or construed for that reason against or in favor of any party.

7

10. Plaintiff affirms that she fully understands the meaning and intent of this Agreement, including the final and binding effect of the release by her of the claims set forth in Paragraph 4 above, and that she has had the advice of her legal counsel, Avrum J. Rosen, Esq., before executing this Agreement, and that she executed the same as her own free act and deed.

11. Plaintiff acknowledges and agrees that:

   a. Plaintiff is waiving and releasing any rights Plaintiff may have under ADEA and that this waiver and release is knowing and voluntary;

   b. the consideration given for this waiver and release under this Agreement is in addition to anything of value to which Plaintiff was already entitled;

   c. Plaintiff consulted with legal counsel of her choice, Avrum J. Rosen, Esq., prior to executing this Agreement;

   d. Plaintiff was provided with up to twenty-one (21) days to consider, sign and return this Agreement;

   e. Plaintiff may revoke this Agreement after signing it, but only insofar as it releases her claims under ADEA and only by delivering a signed revocation notice to LBHI in accordance with Paragraph 12 below within seven (7) days of Plaintiff's signing of this Agreement.

12. Any notices from Plaintiff to Defendant, including, without limitation, any notice of revocation of this Agreement pursuant to Paragraph 11 above, shall not be effective unless given in writing to LBHI via (a) personal delivery or any reputable overnight courier; and (b) first class U.S. Mail, postage prepaid, to the following address:

   Lehman Brothers Holdings Inc.
   c/o Thomas Hommel
   1271 Avenue of the Americas, 38th Floor
   New York, New York 10020

8

13. This Agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements between them relating to such subject matter. This Agreement may not be modified other than by a signed writing executed by the Parties hereto.

14. The Parties acknowledge and agree that this Agreement shall be construed in accordance with and otherwise governed by the laws of the State of New York.

15. This Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Agreement to present any copy, copies, or facsimiles signed by the party hereto to be charged.

WENDY M. UVINO                                    LEHMAN BROTHERS HOLDINGS INC.


/s/ Wendy Uvino                                    By: /s/ Robert Hershan

5/2/2012                                           5/10/2012
Date Signed                                        Date Signed

9