**BINGHAM McCUTCHEN LLP**
399 Park Avenue
New York, New York 10022
(212) 705-7000

*Attorneys for Highbridge International LLC*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 Case No. |
| Lehman Brothers Holdings Inc., et al., | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**HIGHBRIDGE INTERNATIONAL LLC'S RESPONSE TO**
**LEHMAN BROTHERS HOLDINGS INC.'S AND CREDITORS COMMITTEE'S**
**OBJECTION TO CLAIM NO. 67911**

Highbridge International LLC ("Highbridge"), by and through its undersigned attorneys, submits this response (the "Response") to Lehman Brothers Holdings Inc.'s and Creditors Committee's Objection (the "Objection")[1] to Claim No. 67911 (the "Claim"), and in support of the Response respectfully states as follows:

**PRELIMINARY STATEMENT**

1.      Highbridge and the Objectors dispute the appropriate treatment of certain claims (the "Claims") set forth in the Amended Proof of Claim. Pursuant to the applicable Claims Hearing Procedures (as defined below), the Objectors have challenged

---

[1] All capitalized terms not defined herein shall have the definitions ascribed to them in the Objection.

the "legal sufficiency" of the Claims based on their recharacterization as set forth in the Amended Proof of Claim.[2]

2. Specifically, the Objectors ask this Court to disallow and expunge the Claims -- with no evidentiary record[3] -- on the grounds that either the Claims merely duplicate claims previously disallowed and expunged by operation of the Settlement Agreement or, alternatively, the Amended Proof of Claim reflects an "untimely amendment" of the Prior Proof of Claim. Objection ¶ 9. Both grounds rely on an inaccurate or incomplete recitation of the relevant facts and an erroneous interpretation of the law.

3. Contrary to the Objectors' factual recitation: (i) the Settlement Agreement expressly did <u>not</u> address the merits or amount of any of the underlying claims and settled <u>only</u> claims under the Settled Guaranties (not relevant here); (ii) Highbridge clearly notified the Objectors of its intent to amend the Claims; and (iii) the Claims, as amended, each relate back to a timely filed proof of claim.

4. At this stage of the proceedings, with all inferences to be drawn in Highbridge's favor, Highbridge respectfully submits that it has "state[d] a claim." Should the Court decline to deny the Objection now, Highbridge further submits that an

---

[2] The standard to be applied to the Claims at the May 31, 2012 hearing will be "equivalent to the standard applied by the Court on a motion to dismiss for failure to state a claim" -- i.e., with all inferences to be drawn in Highbridge's favor. See "<u>Claims Hearing Procedures</u>" annexed as Exhibit A to the Court's April 19, 2010 Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "<u>Procedures Order</u>") at 2.

[3] The Claims Hearing Procedures require a "<u>Notice of Merits Hearing</u>" before discovery and an evidentiary hearing can take place. The Objectors have not served a Notice of Merits Hearing on Highbridge and, accordingly, have challenged only the "legal sufficiency" of the Claims. See Claims Hearing Procedures at 2 and Local Bankruptcy Rule 9014-2 (precluding the first hearing on an objection from being evidentiary absent circumstances not present here).

2

evidentiary hearing, following appropriate discovery,[4] will be necessary to resolve the dispute.

5.  For these reasons, as more fully described below, the Court should overrule the Objection or, in the alternative, schedule an evidentiary hearing to determine whether the Claims ought -- as a matter of law <u>and</u> fact -- to be disallowed and expunged.

## RELEVANT BACKGROUND

**The Claims**

6.  Prior to the commencement of LBHI's bankruptcy case (the "<u>LBHI Bankruptcy Case</u>") and the appointment of voluntary administrators to LBIE (the "<u>LBIE Administration</u>"), on September 15, 2008, Highbridge and LBIE were parties to certain commercial and financial agreements and transactions, including (but not limited to) (i) a prime brokerage arrangement, (ii) derivatives transactions entered into pursuant to the LBIE ISDA Agreement (as defined in the Amended Proof of Claim), and (iii) repurchase transactions entered into pursuant to the GMRA (as defined in the Amended Proof of Claim). LBIE's obligations arising under certain of the agreements and transactions were guaranteed by LBHI under various instruments (as more fully particularized below).

7.  The Claims, which arise under the above agreements and transactions, may be summarized as follows:

    a.  Highbridge is owed $21,061,073 plus interest by LBIE under the LBIE ISDA Agreement with respect to certain forward foreign exchange transactions and a bond option transaction arising thereunder (the "<u>FX/Bond Trades</u>"), which obligation

---

[4] Since service of the Objection, Highbridge has been enjoined under the Procedures Order and the Claims Hearing Procedures from conducting discovery. *See* Procedures Order at 2-3, Claims Hearing Procedures at 4.

was guaranteed by LBHI under a guarantee that accompanied the LBIE ISDA Agreement (the "LBIE ISDA Guaranty"); and

  b. Highbridge is owed $3,582,741 plus interest by LBIE under the GMRA with respect to certain repurchase transactions arising thereunder (the "Repo Trades"), which obligation was guaranteed by LBHI under the GMRA Guarantee (as defined in the Amended Proof of Claim).

**The Original Proof of Claim**

  8. Prior to the LBHI Bankruptcy Case and LBIE Administration, Highbridge included the FX/Bond Trades and Repo Trades in its internal records under the prime brokerage trades transacted with LBIE. This was because LBIE itself categorized them in the same manner in its account statements as sent to Highbridge.

  9. On September 22, 2009 Highbridge timely filed proof of claim number 28632 against LBHI (the "Original Proof of Claim"), which asserted claims pursuant to guaranties entered into by LBHI in favor of certain of its subsidiaries. The claims asserted by Highbridge against LBHI were as follows:

  a. amounts owed to Highbridge under the September Agreements;

  b. amounts owed to Highbridge under the Board Resolution Guaranties;

  c. amounts owed to Highbridge under the LBIE ISDA Guaranty; and

  d. amounts owed to Highbridge under a guaranty that accompanied the LBSF ISDA Agreement (as defined in the Amended Proof of Claim) (the "LBSF ISDA Guaranty").

4

10. The Claims (i.e., the FX/Bond Trades and Repo Trades) were included in the LBIE prime brokerage component of the Original Proof of Claim as guaranty claims against LBHI. That is, the total LBIE-related prime brokerage guaranty claim amount of $55,629,538 included the claim amounts against LBHI for its guaranty of each of the FX/Bond Trades and Repo Trades ($21,061,073 and $3,582,741, respectively), even though the guaranty claim amounts for the FX/Bond Trades actually arose under the LBIE ISDA Guaranty and the guaranty claim amounts for the Repo Trades actually arose under the GMRA Guarantee.

**The CDA and the First Claim Amendment**

11. On March 16, 2010, LBHI, Highbridge and certain of Highbridge's affiliates entered into a Collateral Disposition Agreement (as supplemented and amended prior to the date hereof, the "CDA"), pursuant to which specified cash was provisionally applied to certain (i) of the Claims, and (ii) other claims of certain of Highbridge's affiliates, against LBHI and its subsidiaries, with all such claims being assigned to LBHI by Highbridge and its affiliates (the "Claimant Parties"), and LBHI also being subrogated to the rights of the Claimant Parties in respect of such claims, in each case subject to the reservations of rights and defenses and other provisions of the CDA.

12. On April 1, 2010, the Prior Proof of Claim was filed with the Court. The Prior Proof of Claim amended the Original Proof of Claim to include a reference to the CDA and its operation.

13. On and after July 15, 2010, LBIE informed Highbridge of the inadvertent misclassification of the FX/Bond Trades and Repo Trades in the prime brokerage trades (as described above). Highbridge further understood from communications with LBIE

that, properly construed, the (i) FX/Bond Trades should be transferred to the derivatives trades governed by the LBIE ISDA Agreement, and (ii) Repo Trades should be transferred to the repurchase trades governed by the GMRA.

14. Given the terms and operation of the CDA, Highbridge was not in a position to further amend the Prior Proof of Claim until the effectiveness of the Settlement Agreement (to be more precise, upon issuance of the Joint Instruction Letter following the effectiveness of the Settlement Agreement). It was only after the effectiveness of the Settlement Agreement that the Claims transferred to LBHI under the CDA were transferred back to Highbridge, thus enabling Highbridge to amend the Prior Proof of Claim.

**Highbridge's Notice of Intent to Amend**

15. On February 13, 2012, the Claimant Parties and LBHI, among others, entered into the Settlement Agreement, pursuant to which (among other things) (i) the Claimant Parties and LBHI gave effect to the settlement of certain claims of the Claimant Parties against LBHI and its subsidiaries (including certain of the claims set forth in the Original Proof of Claim and the Prior Proof of Claim); and the claims and defenses of LBHI relating to all of such claims; (ii) a reassignment (in favor of the Claimant Parties) of the assigned claims described above was effected; (iii) Highbridge ceased to be a party to the CDA and retained no continuing obligations thereunder; and (iv) the CDA was otherwise amended in certain respects so as to take account of the settlement.

16. By February 13, 2012 (at the latest), LBHI and Highbridge and their respective advisors confirmed that the claim amounts set forth in the Prior Proof of Claim

6

were subject to change and, therefore, would necessitate a further amendment to the Prior Proof of Claim (the "Proposed Amendment").

17. On February 21, 2012 (if not earlier), LBHI and Highbridge and their respective advisors discussed the particulars of the Proposed Amendment (including the need to recharacterize claims, the existence of other guarantee obligations of LBHI and the inability of Highbridge to give effect to such amendment while and for so long as the CDA was operative).

18. In order to give effect to the terms of the Settlement Agreement, on February 24, 2012, the parties to the Settlement Agreement issued the Joint Instruction Letter. Under the Joint Instruction Letter, among other things, the Prior Proof of Claim was admitted as an allowed unsecured claim in the LBHI Bankruptcy Case (Class LBHI 9A) in the amount of $41,818,197.00. This amount reflected Highbridge's claims under the LBSF ISDA Agreement ($34,798,385) (as guaranteed by LBHI under the LBSF ISDA Guaranty) and the LBIE ISDA Agreement ($7,019,812) (as guaranteed by LBHI under the LBIE ISDA Guaranty). Objection, Exhibit C (Joint Instruction Letter, Schedule 3).

19. For the reasons set forth above, the following language was included in the Joint Instruction Letter:

> The Funds and the Debtors have further agreed that the claims set forth on Schedule 3 are modified to the amounts reflected on Schedule 3 in the column entitled "Reduced Amount." Any amounts in excess of the Reduced Amount are to be disallowed subject, as indicated on Schedule 3, **to the Funds' [including Highbridge's] rights to further amend the amounts**. The claims set forth on Schedule 3 shall be classified as unsecured claims and no portion of the claims is allowed as a secured claim. The Debtors and the Funds agree that the Debtors retain the right to further

7

>challenge the amount and validity of any claims set forth on Schedule 3 and that the Funds reserve the right to further amend the amount of the claims listed on <u>Schedule 3</u>.

Objection, Exhibit C (Joint Instruction Letter at 1) (emphasis added).

20. Schedule 3 to the Joint Instruction Letter further provides that:

>\* The Funds [including Highbridge] reserve the right to further amend the amount of the claims listed on Schedule 3. The claims listed on Schedule 3, including any amended proofs of claim filed by the Funds, are subject to further challenge by the Debtors.

Objection, Exhibit C (Joint Instruction Letter, <u>Schedule 3</u>).

## **ARGUMENT**

### I.   **The Claims Were Neither Disallowed by Order of the Court Nor Released Under the Settlement Agreement.**

21. The Claims were not released under the Settlement Agreement, as they are not based upon the Settled Guaranties; they are based upon the LBIE ISDA Guaranty (FX/Bond Trades) and the GMRA Guaranty (Repo Trades). As a result, Sections 6(a)(ii) and (iii) of the Settlement Agreement are irrelevant to a determination of the Objection. The relevant provision of the Settlement Agreement is Section 2, which provides that the Settlement Agreement "does not settle or otherwise affect any Excluded Claim or defense to an Excluded Claim." Objection, Ex. A (Settlement Agreement) at § 2.

22. The definitions of "Excluded Claims" and "Underlying JPM Funds Claims" carve out "underlying claims . . . against any of the Debtors or any of their affiliates guaranteed or secured under, or otherwise existing wholly apart from," the September Agreements or the Board Resolution Guaranties. *Id*. at § 1. The Claims, based upon the LBIE ISDA Guaranty (FX/Bond Trades) and the GMRA Guaranty (Repo Trades), fall squarely within those definitions.

8

A/74940926.5

23. At all material times, LBHI (and/or one of its affiliates) recognized the miscategorization of the guaranty claims for the FX/Bond Trades and Repo Trades within the prime brokerage arrangement. As soon as it was permitted to do so following the effectiveness of the Settlement Agreement, Highbridge sought to rectify this error in the Prior Proof of Claim. In addition, Highbridge and its advisors expressly informed LBHI and its advisors of the need to amend the claim amount relating to the Prior Proof of Claim set forth in the Joint Instruction Letter. As a result, the Debtors' assertion that they were unaware of this issue during the period in which the Settlement Agreement was negotiated, entered into and became effective (Objection ¶ 28) is simply not correct. The terms of the Joint Instruction Letter confirm the mutual understanding of the parties.

24. The Debtors also assert that the Court's Order approving the Settlement Agreement dated February 15, 2012 (the "Settlement Approval Order") "was the equivalent of a final judgment with preclusive effect." Objection ¶ 31. In support of this assertion, the Debtors rely upon a number of cases that have held that a court order determining the allowance or disallowance of a proof of claim is a final judgment. Objection ¶ 30. The Debtors further assert that the doctrine of *res judicata* applies to the Amended Proof of Claim on the basis that it is an attempt to re-litigate the Claims. Objection ¶ 30. However, for the reasons set forth above, none of the Debtor's cases are applicable. Since the Settlement Approval Order does not sanction the allowance or disallowance of a proof of claim, it is not a final judgment as asserted by the Debtors; and the Claims were not released under the Settlement Agreement, as they are not based upon the Settled Guaranties.

9

**II.     Highbridge Should Be Permitted to Amend Its Timely Filed Proof of Claim.**

25.     Once the Court accepts that the Claims were not released by the Settlement Agreement, nor disallowed by the Settlement Approval Order, the only issue remaining for determination is whether Highbridge should be permitted to amend the Prior Proof of Claim and, in so doing, rely upon the Amended Proof of Claim moving forward.  As shown below, Highbridge respectfully submits that it has met the applicable standard for amending the Prior Proof of Claim.

26.     Courts have recognized that timely filed amendments should be "freely allowed." *In re Hemingway Transp., Inc.*, 954 F.2d 1, 10 (1st Cir. 1992); *see also In re Unioil, Inc.*, 962 F.2d 988, 993 (10th Cir. 1992).  Bankruptcy courts have a "substantial amount of discretion in allowing amendments or amplifications of prior claims or pleadings." *In re Miss Glamour Coat Co., Inc.*, 79 Civ. 2605, 1980 WL 1668, at *3 (S.D.N.Y. Oct. 8, 1980).  Such claims must (i) relate back to an original, timely-filed claim, and (ii) be equitably fair to the parties to the bankruptcy. *Id.* at *3; *see also In re G.L. Miller & Co.*, 45 F.2d 115, 116 (2d Cir. 1930).

27.     Here, in each of the Original Proof of Claim and the Prior Proof of Claim, Highbridge reserved the right (among others) to amend and supplement each proof of claim, and to file additional proofs of claim for additional claims.  Original Proof of Claim ¶ 7; Prior Proof of Claim ¶ 7.  As discussed above, the Joint Instruction letter likewise reserved the right to amend the Claims.

28.     The Objectors do not dispute that the Original Proof of Claim, upon which the Prior Proof of Claim and Amended Proof of Claim are based, was timely filed.  The Amended Proof of Claim, and the Claims thereunder, are all based on the same

10

transaction or occurrence. All of the Claims under the Amended Proof of Claim relate back to the Original Proof of Claim as follows:

    a.    the guaranty claim amounts for each of the FX/Bond Trades and Repo Trades were included in the Original Proof of Claim (albeit inadvertently in another claim category);

    b.    the LBIE ISDA Agreement and the LBIE ISDA Guaranty, under which the guaranty claims relating to the FX/Bond Trades arise, were both expressly referred to, and relied upon, in the Original Proof of Claim;

    c.    all of Highbridge's claims against LBHI, including the Claims, arise under parent company guarantees that were granted as credit support in commercial and financial agreements and transactions between Highbridge and one or more of LBHI's subsidiaries.

29.    The Debtors have identified five factors to be taken into account where a balancing of the equities is required by the Court exercising its discretion to permit an amendment to a timely filed proof of claim. Objection ¶ 36. *In re McClean Indus., Inc.*, 121 B.R. 704, 708; *see also In re Andover Togs, Inc.*, 231 B.R. 521, 549 (Bankr. S.D.N.Y. 1999). As indicated below, each factor favors Highbridge and not the Debtors:

    a.    prejudice to opposing party -- there is no prejudice to the Debtors as, contrary to the Debtors' assertions, there is no diminution to the value of the settlement post-closing; at all times, the Debtors were aware that the claim amounts under the Prior Proof of Claim were subject to change post-closing;

    b.    bad faith on part of claimant -- at all times, Highbridge has acted in good faith, specifically with respect to informing the Debtors of the need to amend the

11

Prior Proof of Claim and revise the claim amounts thereunder, as the Settlement Agreement was being finalized and thereafter effected;

   c. creditor windfall -- other similarly situated creditors will receive a windfall if the Claims are disallowed;

   d. prejudice to other claimants -- there is no prejudice to other claimants if the Claims are allowed;

   e. necessity for amendment -- Highbridge was precluded from further amending the Prior Proof of Claim while and for so long as the CDA was operative; on the same day as the Joint Instruction Letter (which gives effect to the terms of the Settlement Agreement) was issued, the Amended Proof of Claim was filed.

30. In addition, the Amended Proof of Claim does not seek to increase claim amounts previously particularized in the Original Proof of Claim and Prior Proof of Claim. The proposed amendments simply seek to rectify an inadvertent misclassification of certain underlying transactions and state with greater particularity the circumstances under which certain guarantee obligations arose. As set forth above, Highbridge has also provided a justifiable explanation for the circumstances surrounding the proposed amendments. The courts have held that such amendments are permissible. *See, e.g.*, *In re Andover Togs, Inc.*, 231 B.R. at 549-50 (1999); *Matter of Commonwealth Corp.*, 617 F.2d 415, 421-22 (5th Cir. 1980).

### III. An Evidentiary Hearing Will Be Needed if the Objection Is Not Overruled.

31. The parties have taken no discovery on the Objection. Nor could they under the Procedures Order, which provides that: "upon service of an objection, omnibus or otherwise, to a Proof of Claim filed by a Claimant . . ., the Debtors, [and] each

Claimant . . . shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the 'Temporary Litigation Injunction')." Procedures Order at 2-3.

32.  Under the Court-Ordered Claims Hearing Procedures and Alternative Dispute Resolution Procedures, the Objectors have noticed only "a non-evidentiary hearing to address the legal sufficiency of the particular claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a 'Sufficiency Hearing') . . . ".[5]

33.  At a Sufficiency Hearing "[t]he standard of review that will be applied by the Court . . . will be equivalent to the standard applied by the Court on a motion to dismiss for failure to state a claim." Procedures Order, Ex. A at 3. As noted above, "[o]n a motion to dismiss the court must '. . . draw all inferences in the non-moving party's favor.'" *Grocery Haulers, Inc. v. C & S Wholesale Grocers, Inc.*, 11 Civ. 3130, 2011 WL 4031203, at *2 (S.D.N.Y. Sept. 12, 2011) (quoting *LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009)).

34.  Highbridge respectfully submits that, with all inferences drawn in Highbridge's favor, the Objectors have failed to demonstrate that the Claims should be disallowed and expunged on the ground that either (i) they are duplicative of claims disallowed and expunged by operation of the Settlement Agreement or, alternatively, (ii)

---

[5] The Claims Hearing Procedures accord with Local Bankruptcy Rule 9014-2, which provides that, absent circumstances not present here, the "first scheduled hearing in a contested matter will not be an evidentiary hearing at which witnesses may testify."

the Amended Proof of Claim, under which the Claims are allegedly asserted, reflects an "untimely amendment" to the Prior Proof of Claim.

35. As a result, should the Court decline to overrule the Objection, Highbridge submits that the Court will require an evidentiary record, developed after appropriate discovery.

## RESERVATION OF RIGHTS

36. All documentation supporting the Claims, and all other claims of Highbridge against LBHI, is in the possession, custody or control of the Debtors. Highbridge otherwise incorporates by reference the matters set forth in paragraph 6 of the Original Proof of Claim. Original Proof of Claim ¶ 6.

37. Highbridge expressly reserves the right to amend, modify or supplement this Response, and to file additional pleadings in relation to this matter.

## NOTICE

38. Highbridge has served the Response in accordance with the Debtors' Notice of Hearing on the Objection and in accordance with the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, and has filed the Response on the docket electronically. Highbridge submits that this constitutes good and adequate service of the Response.

**CONCLUSION**

39. For the reasons set forth above, Highbridge respectfully requests that this Court overrule the Objection, or in the alternative, set the matter down for an evidentiary hearing to be held following appropriate discovery, and grant such other and further relief as the Court deems just and proper.

Dated: May 14, 2012
       New York, New York

**BINGHAM McCUTCHEN LLP**

By: /s/ Edwin E. Smith
    Edwin E. Smith
    edwin.smith@bingham.com
    Jared R. Clark
    jared.clark@bingham.com
    R. Jeffery Black
    jeffery.black@bingham.com
    C. Ryan Soots
    ryan.soots@bingham.com
    399 Park Avenue
    New York, New York  10022
    (212) 705-7000

*Attorneys for Highbridge International LLC*

15

A/74940926.5