HEARING DATE AND TIME: June 28, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 13, 2012 at 4:00 p.m. (Eastern Time)

---

IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.S' COUNSEL, MICHAEL A. ROLLIN, AT
(303) 893-6100.

---

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re                                  :   Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al.  :   08-13555 (JMP)
                                       :
                    Debtors.           :   (Jointly Administered)
-------------------------------------------------------------x
```

### NOTICE OF HEARING ON THE OBJECTION TO
### CLAIM NO. 58912 FILED BY CITIBANK, N.A., LONDON BRANCH

**PLEASE TAKE NOTICE** that on May 14, 2012, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, filed an objection to proof of claim numbered 58912 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on June 28, 2012, at 10:00 a.m. **(Eastern Time)**, or as soon thereafter as counsel may be heard.

667804

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **June 13, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 14, 2012

667804

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
In re                                           :   Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*     :   08-13555 (JMP)
                                                :
                          Debtors.              :   (Jointly Administered)
---------------------------------------------------------------------x

**OBJECTION TO CLAIM NO. 58912**
**FILED BY CITIBANK, N.A., LONDON BRANCH**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan") files this objection (the "Objection") and respectfully represents:

**Relief Requested**

1. The Plan Administrator files this objection seeking to disallow proof of claim numbered 58912 (the "Claim" attached as Exhibit A, hereto) filed by Citibank, N.A., London Branch ("Citibank" or "Claimant") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

4

667804

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2. The Claim seeks to recover losses for a security that was not issued by LBHI or any of its affiliates. LBHI has no liability for such security and therefore requests that the Claim be disallowed and expunged in its entirety.

3. LBHI reserves all its rights to object to the Claim on any other basis if the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The chapter 11 cases of LBHI and its affiliates in the above-referenced cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order"). The Bar Date Order set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply

5

667804

to the "filing of any and all claims (including claims under a related Guarantee) against LBHI arising from securities issued by LBHI or any of its affiliates [to investors] located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ." (Bar Date Ord. at 12.) The Lehman Programs Securities Procedures resulted from extensive negotiations among LBHI, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank, Clearstream Bank, and a large group of creditors.

7. The Plan was confirmed by the Court on December 6, 2011. The Plan became effective on April 6, 2012.

## The Claim

8. Citibank filed the Claim pursuant to the alternative procedures for Lehman Programs Securities proofs of claim. The security that is the subject of the Claim—identified with an International Securities Identification Number of XS0275105319 (the "Security")—was issued by an entity unaffiliated with LBHI. According to a notice to the holders of the Security dated March 2, 2011 (attached as Exhibit B, hereto, publicly available at http://www.cisx.com/listedsecuritynewsitems.php?companyID=1590), the Security was issued by Windermere IX CMBS (Multifamily) S.A (the "Issuer"). Although the Security appears on the list of Lehman Programs Securities, LBHI is not affiliated with the Issuer and is not liable for any payments due to the holder(s) of the Security or any other obligation of the Issuer.

9. The Claim also describes various guarantee agreements, pursuant to which LBHI guaranteed the liabilities of various subsidiaries or affiliates:

    a) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated

6

667804

      June 9, 2005, under which LBHI guaranteed payment of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "LBHI Board Guarantee");

b) that certain Guaranty dated January 7, 2004, as amended on September 9, 2008, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (as amended, the "January 2004 Guarantee");

c) that certain Guaranty dated July 26, 2005, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (the "July 2005 Guarantee");

d) a representation from the Debtors dated April 24, 2008 specifically referencing LBHI's full guarantee of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "April 2008 Guarantee Statement");

e) that certain Guarantee of Lehman Brothers Holdings Inc. as addressed to Standard & Poor's Rating Services, dated January 4, 2008, under which LBHI guaranteed payment of all liabilities, obligations and commitments of LBIE (the "S&P Guarantee," and collectively, with the LBHI Board Guarantee, the January 2004 Guarantee, the July 2005 Guarantee, and the April 2008 Guarantee Statement, the "LBHI Guarantees").

(Claim at ¶ 4.) Citibank alleges that pursuant to these guarantees, "LBHI guaranteed the obligations of numerous of LBHI's subsidiaries and affiliates, some of which directly issued Lehman Programs Securities" and that "LBHI may be liable to Claimant . . . on account of the Lehman Programs Securities and/or, pursuant to the LBHI Guarantees." (*Id.* at ¶¶ 4, 6.)

      10.    Thus, Citibank does not actually allege that the Security was issued by an LBHI affiliate or that any of the referenced guarantees apply to Citibank's interest in the Security. In fact, none of the guarantees listed above provide a basis for LBHI's alleged guarantee of the Issuer's obligations or otherwise relate to the Security.

667804

## The Claim Should Be Disallowed and Expunged

11. In its review of the claims filed on the claims register in these chapter 11 cases, LBHI has identified the Claim as one for which it has no liability because it has no contractual relationship, privity, or other obligation with or to the holder(s) of the security upon which the Claim is based.

12. The source of confusion with respect to the Security may result from the fact that it was inadvertently included on the list of Lehman Programs Securities posted by LBHI on its website www.lehman-docket.com. The purpose of the list of Lehman Programs Securities was to provide an exclusive list of securities for which alternative claim filing procedures included in the Bar Date Order applied. The inclusion of any security on the list of Lehman Programs Securities is not an admission of liability and does not create any liability on the part of LBHI.

13. As part of the accommodation regarding the alternative claim filing procedures for certain securities, the Bar Date Order included established procedures for the creation of the list of Lehman Programs Securities. Pursuant to such procedures, dozens of parties submitted thousands of securities to LBHI for inclusion on the list. The final list of Lehman Programs Securities was created over the period of only a few days and during which time, LBHI was unable to review every one of the more than 6,700 securities included on the final list to confirm that such security was a valid obligation of LBHI or its affiliates.

14. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,

No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

15. Citibank seeks recovery as a holder of the Security but has not articulated any legal or factual justification for asserting a claim against LBHI or its affiliates. If the Claim remains on the claims register, the potential exists for recovery by a party who does not hold a valid claim against LBHI. Accordingly, the Plan Administrator respectfully requests the Court disallow and expunge the Claim in its entirety.

## Notice

16. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for Region 2; (v) attorneys for the Claimant and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

17. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated:  May 14, 2012

667804

       */s/* Michael A. Rollin
       Michael A. Rollin
       REILLY POZNER LLP
       1900 16th Street, Suite 1700
       Denver, Colorado 80202
       Telephone: (303) 893-6100
       Facsimile: (303) 893-6110

       Attorneys for Lehman Brothers
       Holdings Inc. and Certain of its
       Affiliates

667804

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

### ORDER GRANTING OBJECTION TO
### CLAIM NO. 58912 FILED BY CITIBANK, N.A., LONDON BRANCH

Upon objection to proof of clam numbered 58912, dated May 14, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI") as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, to disallow and expunge proof of claim 58912 on the grounds that such claim is unenforceable against LBHI under any agreement or applicable law, and, therefore, does not constitute a valid *prima facie* claim, all as more fully described in the Objection; and due and proper notice of such objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

11

667804

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, proof of claim 58912 is disallowed and expunged with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

667804