HEARING DATE AND TIME: June 28, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 13, 2012 at 4:00 p.m. (Eastern Time)

> IF YOU HAVE QUESTIONS, PLEASE CONTACT
> LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, MICHAEL A. ROLLIN, AT
> (303) 893-6100.

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*     :    08-13555 (JMP)
                                                :
               Debtors.                         :    (Jointly Administered)
------------------------------------------------------------------x

### NOTICE OF HEARING ON THE PARTIAL OBJECTION TO CLAIM NO. 67735 FILED BY CITIGROUP GLOBAL MARKETS, INC.

**PLEASE TAKE NOTICE** that on May 14, 2012, Lehman Brothers Holdings Inc.("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, filed the objection to proof of claim numbered 67735 (the "Objection"), and that a hearing (the "Hearing") to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on June 28, 2012, at 10:00 a.m. (**Eastern Time**), or as soon thereafter as counsel may be heard.

668005

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq.) and Reilly Pozner LLP, 1900 16th Street, Suite 1700, Denver, Colorado 80202 (Attn: Michael Rollin, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.);; so as to be so filed and received by no later than **June 13, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no response is timely filed and served with respect to the Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 14, 2012

/s/ Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for Lehman Brothers Holdings Inc. and Certain of its Affiliates

3

668005

REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110
Michael A. Rollin

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.* | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

### PARTIAL OBJECTION TO
### CLAIM NO. 67735 FILED BY CITIGROUP GLOBAL MARKETS, INC.

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

    Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), files this objection (the "Objection") and respectfully represents:

### Relief Requested

    1.  The Plan Administrator files this objection seeking to disallow part of proof of claim numbered 67735 (the "Claim" attached as Exhibit A, hereto) filed by Citigroup Global Markets, Inc. ("Citigroup" or "Claimant") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

4

668005

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's Order approving procedures for the filing of objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664].

2. The Claim is based on LBHI's guarantee of certain debts of its affiliates, including Structured Asset Securities Corporation II ("SASCO II"). Section "D" of the Claim (¶¶ 27-30) is based on debts allegedly owed by SASCO II in connection with mortgage asset-backed certificates held by Citigroup. Citigroup has failed to allege or offer evidence that LBHI is liable under any agreement or applicable law in connection with these certificates. The Plan Administrator therefore requests that Section D of the Claim be disallowed and expunged in its entirety.

3. The Plan Administrator reserves all its rights to object to the sections of the Claim not subject to this objection, and reserves its rights to object to Section D of the Claim on any other basis if the Court does not grant the relief requested herein.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code. The chapter 11 cases of LBHI and its affiliates in the above-referenced cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5

668005

6. On July 2, 2009, this Court entered an order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No. 4271]. The Bar Date Order sets forth the required contents for proofs of claim, including, as relevant here: (a) the specific "legal and factual basis for the alleged claim" and (b) "supporting documentation or an explanation as to why documentation is not available." (Bar Date Ord. at 6.) Furthermore, the Bar Date Order provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order on or before the Bar Date… specifying the applicable Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)…" (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com.

7. The Plan was confirmed by the Court on December 6, 2011. The Plan became effective on April 6, 2012.

### Section D of the Claim

8. Section D of the Claim arises from loans LBHI or its affiliates sold to non-debtor securitization trusts, which then issue certificates collateralized by payments of interest and principal on the loans. Citigroup asserts Section D in its capacity as holder of certificates issued by those trusts (the "Certificates"). The crux of Section D is that LBHI broadly guaranteed the obligations of its subsidiaries and, therefore, is liable to Citigroup for claims Citigroup holds against SASCO II (the "Underlying Claims"). The Underlying Claims simply state that "SASCO II is liable to Claimant for various amounts owed under numerous

6

668005

certificates . . ." (Claim at ¶¶ 27, 28.) Citigroup alleges that these claims against SASCO II fall within the scope of LBHI's written guaranty in favor of Citigroup dated July 26, 2005 (the "Guaranty" attached as Exhibit C, hereto).

9. Notwithstanding the Underlying Claims, SASCO II has no contractual relationship, privity, or other obligation with or to certificateholders such as Citigroup. As a depositor, SASCO II was created with the limited purpose of transferring mortgage assets to the non-debtor securitization trusts that issued the Certificates. Accordingly, SASCO II did not issue the Certificates and is not liable for payments to certificateholders or any other obligations of the trusts.

### Section D Should Be Disallowed and Expunged

10. A proof of claim is entitled to a *prima facie* presumption of validity if the claim is "executed and filed in accordance with [the Bankruptcy] rules." Fed. R. Bankr. P. 3001(f). For a proof of claim to be legally sufficient under Rule 3001(f), however, the proof of claim must set forth the necessary facts in support of the claim. *In re Porter,* 374 B.R. 471, 480 (Bankr. D. Conn. 2007) ("If . . . the claimant fails to allege facts in the proof of claim that are sufficient to support the claim . . . [the claim is] deprived of any *prima facie* validity which it could otherwise have obtained."); *see also In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (explicitly adopting *Porter*).

11. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd*., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12. Notwithstanding the Court's order requiring proofs of claims to set "forth with specificity the legal and factual basis for the alleged claim," Section D fails to set forth any facts or legal theory that would give rise to LBHI's liability to Citigroup. (Bar Date Order at 6.) Therefore, Section D of the Claim should be disallowed and expunged on the basis that it does not set forth facts necessary to support the claim and is unenforceable against LBHI under any agreement or applicable law.

A. **The Underlying Claims are unenforceable.**

13. While Citigroup has produced a copy of the Guaranty, it has not identified any specific liabilities of SASCO II to which it relates. Section D states that SASCO II is liable to Citigroup for "various amounts owed under numerous certificates," but contains no information and/or documentation indicating that Citigroup has any basis for reaching such a conclusion. Moreover, the Certificates were not issued or otherwise guaranteed by LBHI and it is unlikely that Citigroup has any basis for asserting the Underlying Claims against SASCO II.

B. **Even if the Underlying Claims are valid, they are unenforceable against LBHI under the Guaranty.**

14. Although the Guaranty may establish LBHI as the guarantor of certain debts of its subsidiaries for the benefit of Citigroup, it does not extend to obligations specific to a depositor of securitized mortgage loan pools, such as SASCO II. Pursuant to the Guaranty, LBHI guaranteed to Citigroup the "punctual payment when due… of all obligations… of each Borrower to [Citigroup] under any and all *extensions of credit* extended and/or maintained by [Citigroup]." (Guaranty at ¶ 1 (emphasis added).) Under the Guaranty, the term "Borrower"

refers various subsidiaries of LBHI, including SASCO II. As discussed above, however, SASCO II was a limited purpose entity and, as such, it did not receive any "extensions of credit" from Citigroup pursuant to its limited role in the securitization process. Nevertheless, Citigroup has asserted claims for the entire unpaid principal balance of the Certificates without identifying any extension of credit made to SASCO II. Without alleging such an extension of credit, there can be no liability under the Guaranty.

15. Thus, based on the information provided by Citigroup to date, the Guaranty is entirely inapplicable to the Underlying Claims. Moreover, even if the Underlying Claims are valid, which they are not, the Guaranty does not provide a basis for LBHI's liability. Citigroup has failed to include sufficient factual support on which this Court could reasonably rely to accept the Claim as *prima facie* valid. According to this Court's Procedures Order, the proper remedy for unsupported claims is disallowance and expungement. (Procedures Order at 2.)

**C. Section D should be disallowed on the basis that it was filed by an improper party.**

16. As a certificateholder and trust beneficiary, Citigroup lacks standing to bring suit over trust property unless it can establish both (1) a demand upon the trustee to sue and (2) the trustee's unjustifiable refusal or the futility of such a demand. *Besser v. Miller*, 785 N.Y.S.2d 625 (App. Div. 2004); *In re Stoll*, 252 B.R. 492, 495-96 (B.A.P. 9th Cir. 2000) (holding in bankruptcy court that "a beneficiary of a trust generally lacks standing to sue third parties on behalf of the trust"); *see also* Restatement (Second) of Trusts § 281 (1959); George G. Bogert, George T. Bogert & Amy Morris Hess, *The Law of Trusts and Trustees* § 869 (2010). Citigroup has not alleged a demand upon the applicable trustees to sue and the trustees' unjustifiable refusal, nor has Citigroup asserted any facts indicating the futility of such a demand. Consequently, Citigroup is not the proper party to maintain an action based on the

9

668005

Certificates and Section D should be disallowed for lack of standing.

## Notice

17. No trustee has been appointed in these chapter 11 cases. The Debtors have served notice of this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) attorneys for the Claimant and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully request entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: May 14, 2012

*/s/* Michael A. Rollin
Michael A. Rollin
REILLY POZNER LLP
1900 16th Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 893-6100
Facsimile: (303) 893-6110

Attorneys for LBHI and Certain
of its Affiliates

10

668005

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

# ORDER GRANTING PARTIAL OBJECTION TO CLAIM NO. 67735 FILED BY CITIGROUP GLOBAL MARKETS, INC.

Upon the partial objection to proof of claim numbered 67735, dated May 14, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, to disallow and expunge Section D proof of claim 67735 on the grounds that such claim is unenforceable against LBHI under any agreement or applicable law, and, therefore, does not constitute a valid *prima facie* claim, all as more fully described in the Objection; and due and proper notice of such objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Objection is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

11

668005

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Section D of proof of claim numbered 67735 is disallowed and expunged with prejudice; and it is further

ORDERED that the Plan Administrator shall retain all its rights to object to the portions of proof of claim 67735 not subject to the Objection; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE