# EXHIBIT A

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: Lehman Brothers Holdings Inc. | Case No. of Debtor: 08-13555 (JMP) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP) 0000067735

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Citigroup Global Markets, Inc.
388 Greenwich Street
New York, New York 10013-2375
Attn: Edward G. Turan
With copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019-6064,
Attention: Douglas R. Davis

Telephone number: (212) 373-3000 Email Address:

☑ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: 29879
(*If known*)

Filed on: 9/22/09

Name and address where payment should be sent (if different from above)

Telephone number: Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ Please See Attachment

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** Please See Attachment
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** ____________
**3a. Debtor may have scheduled account as:** ____________
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☑ Other

Describe: ____________

Value of Property: $____________ Annual Interest Rate ______%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$____________ Basis for perfection: ____________

**Amount of Secured Claim:** $ See Attachment **Amount Unsecured:** $ See Attachment

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).

**Amount entitled to priority:**

$____________

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $____________
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:
Please See Attachment

FOR COURT USE ONLY

FILED / RECEIVED
NOV 18 2011
EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date:** 11/17/11

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Vice President

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**ATTACHMENT TO PROOF OF CLAIM OF CITIGROUP GLOBAL MARKETS INC. AGAINST LEHMAN BROTHERS HOLDINGS INC.**

1. This amended proof of claim (the "Proof of Claim") is filed by and on behalf of Citigroup Global Markets Inc. (the "Claimant"), for obligations owing to it by Lehman Brothers Holdings Inc. ("LBHI"). This Proof of Claim amends claim number 29879, which Claimant filed on September 22, 2009 (the "Original Claim"). Since filing the Original Claim in September 2009, Claimant has continued to review and reconcile its books and records as they relate to LBHI. Claimant files this Proof of Claim to revise certain amounts provided in the Original Claim. In all, Claimant's revisions to the Original Claim, as reflected in this Proof of Claim, *reduce* LBHI's net obligations to Claimant.

2. Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, LBHI and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

3. On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among other things, established September 22, 2009 at 5:00 pm (ET) as the general deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors.

4. Claimant accordingly files this Proof of Claim for various amounts owing to Claimant by LBHI on account of LBHI's various guarantees of obligations and amounts owing to Claimant by Lehman Brothers International (Europe) ("LBIE"), Lehman Brothers Inc. ("LBI"), Neuberger Berman LLC ("Neuberger"), and Structured Asset Securities Corporation II ("SASCO II").

5. LBHI's guarantee obligations arise under: (a) that certain Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. dated June 9, 2005, under which LBHI guaranteed payment of all liabilities, obligations and commitments of numerous LBHI subsidiaries (the "LBHI Board Guarantee");[1] (b) that certain Guaranty dated January 7, 2004, as amended on September 9, 2008, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (as amended, the "January 2004 Guarantee"); (c) that certain Guaranty dated July 26, 2005, under which LBHI guaranteed to Citigroup Inc., and each subsidiary or affiliate thereof, including Claimant, the payment of all Obligations (as defined therein) of various subsidiaries of LBHI (the "July 2005 Guarantee"); (d) that certain Guarantee of Lehman Brothers Holdings Inc. as addressed to Standard & Poor's Rating Services, dated January 4, 2008, under which LBHI guaranteed payment of all liabilities, obligations and commitments of LBIE (the "S&P Guarantee"); and (e) that certain Full and Unconditional Guarantee by Lehman Brothers Holdings Inc. of Debt Securities of Lehman Brothers Inc., dated October 3, 2003, under which LBHI guaranteed the

---

[1] The Bar Date Order requires holders of claims against a Debtor based on amounts owed pursuant to a guarantee to complete an electronic Guarantee Questionnaire (as such term is defined in the Bar Date Order). Bar Order at p. 7. The Bar Date Order further provides that any such claimant "electronically upload supporting documentation and evidence of the underlying claim amount on the website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim." Bar Date Order at pp. 7-8. Claimant uploaded to the Debtors' website the applicable agreements and documentation to support Claimant's claims.

payment of principal, premium and interest of certain securities issued by LBI (the "LBI Securities Guarantee").

**A. LBHI's Guarantee of Obligations of LBIE**

6. Prior to September 15, 2008, when LBIE entered administration in the United Kingdom, Claimant and LBIE regularly agreed to purchase or sell securities to one another (the "Securities Sales Transactions"). The Securities Sales Transactions took several forms: (i) sometimes Claimant would sell securities to LBIE, who was acting as prime broker for an LBIE customer; (2) sometimes Claimant, acting as a prime broker on behalf of one of Claimant's customer, would purchase securities from LBIE, who would act as the clearing broker; and (3) sometimes Claimant and LBIE would buy and sell securities to one another as principals, and not on behalf of customers.

7. On or about June 9, 2005, the Executive Committee of the Board of Directors of LBHI executed a unanimous written consent pursuant to which it issued the LBHI Board Guarantee. Among other things, the LBHI Board Guarantee provides a full guarantee of the payment of all liabilities, obligations and commitments of certain of LBHI's subsidiaries, including LBIE.

8. On or about January 7, 2004, LBHI executed the January 2004 Guarantee, which was amended on September 9, 2008. Among other things, the January 2004 Guarantee provides a full guarantee of the Obligations (as defined in the January 2004 Guarantee) of certain of LBHI's subsidiaries, including LBIE.

9. On or about January 4, 2008, LBHI executed the S&P Guarantee. Among other things, the S&P Guarantee provides a full guarantee of the payment of all liabilities, obligations

and commitments of LBIE.

10. As of September 15, 2008, numerous Securities Sales Transactions had been agreed upon between Claimant and LBIE but had not settled (the "Failed Transactions"), for which LBIE was liable to Claimant for USD 5,637,874 (the "Securities Sales Claim"). As of the filing of this Proof of Claim, Claimant has not received payment for the Securities Sales Claim from LBIE or from LBHI. Accordingly, pursuant to the terms of the LBHI Board Guarantee, the January 2004 Guarantee and the S&P Guarantee, LBHI continues to owe Claimant the full amount of the Securities Sales Claim.

**B. LBHI's Guarantee of Obligations of Neuberger**

11. On December 6, 2004, Claimant and Neuberger entered into that certain Master Securities Lending Agreement (the "Securities Lending Agreement"). The Securities Lending Agreement created a lending program that allows Neuberger and Claimant to lend and borrow securities from each other provided that the borrower provide collateral equal to or greater than the value of the borrowed security (the "Securities Lending Transactions").

12. Upon information and belief, Neuberger was sold to NBSH Acquisition, LLC pursuant to that certain Unit Purchase Agreement dated as of December 1, 2008 (the "Neuberger Sale Agreement"). The Neuberger Sale Agreement was approved by the Bankruptcy Court pursuant to that certain *Order Authorizing and Approving Debtors Sale of Purchased Assets and the Assumption and Assignment of Executory Contracts and Unexpired Leases in Connection With Sale of Lehman Brothers Investment Management Division* [Docket No. 2350], dated as of December 22, 2008.

13. On or about January 7, 2004, LBHI executed the January 2004 Guarantee, which was amended on September 9, 2008. Among other things, the January 2004 Guarantee provides a full guarantee of the Obligations (as defined in the January 2004 Guarantee) of certain of LBHI's subsidiaries, including Neuberger.

14. Prior to the execution of the Neuberger Sale Agreement, Neuberger was liable to Claimant for USD 49,722 for obligations under the Securities Lending Transactions, including, but not limited to, obligations related to: (1) the cost to Claimant to repurchase borrowed securities that were never returned; and (2) loan and collateral fees required under the Securities Lending Agreement (collectively, the "Securities Lending Claim").

15. As of the filing of this Proof of Claim, Claimant has not received payment for the Securities Lending Claim or any portion thereof from Neuberger or from LBHI. Accordingly, pursuant to the terms of the January 2004 Guarantee, LBHI continues to owe Claimant the full amount of the Securities Lending Claim.

**C. LBHI's Guarantee of Obligations of LBI**

*(i) Obligations of LBI as set forth in LBI Proof of Claim*

16. On September 19, 2008, LBI commenced a liquidation proceeding pursuant to the provisions of the Securities Investor Protection Act of 1970, 15 U.S.C. § 78aaa *et seq*. (as amended, "SIPA, and the "LBI SIPA Proceeding"). On or about May 29, 2009, Claimant submitted a proof of claim against LBI in accordance with that certain *Order Approving Form and Manner of Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA* [Docket No. 241], which, among other things, established June 1, 2009 as the deadline by which all creditors of LBI must file proofs of general claims in the LBI SIPA Proceeding. On May 24, 2011, Claimant amended its

original proof of claim against LBI in the LBI SIPA Proceeding (as amended, the "LBI Proof of Claim").

17. In the LBI Proof of Claim, Claimant asserted numerous claims against LBI, including, without limitation, that certain (1) Securities Lending Claim in the amount of USD 2,979,384; (2) Repurchase Payable in the amount of USD 436,940; (3) Failed Trades Payable in the amount of USD 19,069,781; (4) Underwriting Claim in the amount of USD 5,409,268; and (5) Brokerage Fees Claim in the amount of USD 666,881 (each as defined in the LBI Proof of Claim, and collectively, the "LBI Claims"). Claimant hereby incorporates the LBI Claims asserted in Claimant's LBI Proof of Claim, including the liquidated and unliquidated claim amounts specified therein, as if the LBI Claims were fully set forth herein and hereby reserves and preserves all rights asserted in the LBI Proof of Claim as if fully set forth herein.

18. On or about January 7, 2004, LBHI executed the January 2004 Guarantee, which was amended on September 9, 2008. Among other things, the January 2004 Guarantee provides a full guarantee of the Obligations (as defined in the January 2004 Guarantee) of certain of LBHI's subsidiaries, including LBI.

19. As of the filing of this Proof of Claim, Claimant has not received payment for the LBI Claims or any portion thereof from LBI or from LBHI. Accordingly, pursuant to the terms of the January 2004 Guarantee, LBHI continues to owe Claimant the full amount of the LBI Claims.

*(ii) Obligations of LBI under Notes due 2026*

20. Under that certain Indenture dated as of March 1, 1996, from LBI to The First National Bank of Chicago, LBI issued those certain 7 ½% Senior Subordinated Notes Due 8/1/2026 and identified by CUSIP 524909AW8 (the "LBI Notes"). The commencement of the LBI SIPA Proceeding constituted an event of default with respect to the LBI Notes.

21. On or about October 3, 2003, LBHI issued the LBI Securities Guarantee. Among other things, the LBI Securities Guarantee provides for the full and prompt payment of the principal of, premium if any, and interest on certain debt securities issued by LBI, including the LBI Notes.

22. Claimant holds LBI Notes in the aggregate principal amount of USD 8,132,177 for which Claimant has not yet received payment (the "LBI Notes Claim").

23. As of the filing of this Proof of Claim, Claimant has not received payment for the LBI Notes Claim or any portion thereof from LBI or from LBHI. Accordingly, pursuant to the terms of the LBI Securities Guarantee and the January 2004 Guarantee, LBHI continues to owe Claimant the full amount of the LBI Notes Claim plus all applicable premiums, interest, fees, costs, expenses, advances, charges, and other amounts of any kind that may be due or will become due on the LBI Notes.

*(iii) Obligations of LBI under LBI Certificates*

24. LBI is liable to Claimant for various amounts owed under numerous certificates as identified in the following table (collectively, the "LBI Certificates"):

| Description | CUSIP | Maturity Date | Offering Documents | Principal Amount in USD |
|---|---|---|---|---|
| REMIC SER 2007-3A CLASS 1A4 †[2] | 52521UAQ7 | 10/25/2037 | N/A | 8,100,000 |
| REMIC SER 2007-3A CLASS 1A1 † | 52521UAA2 | 10/25/2037 | N/A | 3,750,000 |
| LEHMAN BROS SML BAL F/R 2005 -2X M3 † | 38093A9A5 | 9/25/2030 | N/A | 4,680,000 |

[2] Claimant does not have full information relating to securities marked with a dagger (†) but believes they are obligations of LBI.

| Description | CUSIP | Maturity Date | Offering Documents | Principal Amount in USD |
|---|---|---|---|---|
| | | | **Total:** | 16,530,000 |

25. Claimant holds LBI Certificates in the aggregate principal amount of USD 16,530,000 for which LBI remains liable to Claimant (the "LBI Certificates Claim").

26. Pursuant to the terms of the January 2004 Guarantee, LBHI continues to owe Claimant the full amount of the LBI Certificates Claim plus all applicable premiums, interest, fees, costs, expenses, advances, charges, and other amounts of any kind that may be due or will become due on the LBI Certificates.

**D. LBHI's Guarantee of Obligations of SASCO II**

27. SASCO II is liable to Claimant for various amounts owed under numerous certificates as identified in the following table (collectively, the "SASCO II Certificates"):

| Description | CUSIP | Maturity Date | Offering Documents | Principal Amount in USD |
|---|---|---|---|---|
| SASC 2007-BHC1 Class A2 | 78402KAB1 | 12/18/2049 | Offering Memorandum (Commercial Mortgage-Backed Securities Pass-Through Certificates, Series 2007-BHC1), dated March 8, 2007. | 10,000,000 |
| SASC 2007-BHC1 Class B | 78402KAD7 | 12/18/2049 | Offering Memorandum (Commercial Mortgage-Backed Securities Pass-Through Certificates, Series 2007-BHC1), dated March 8, 2007. | 14,292,000 |
| SASC 2007-BHC1 Class C | 78402KAE5 | 12/18/2049 | Offering Memorandum (Commercial Mortgage-Backed Securities Pass-Through Certificates, Series 2007-BHC1), dated March 8, 2007. | 8,026,000 |
| SASC 2007-BHC1 Class H | 78402KAK1 | 12/18/2049 | Offering Memorandum (Commercial Mortgage-Backed Securities Pass- | 6,146,000 |

| Description | CUSIP | Maturity Date | Offering Documents | Principal Amount in USD |
|---|---|---|---|---|
| | - | | Through Certificates, Series 2007-BHC1), dated March 8, 2007. | |
| LBFRC2004-LLFA B | 52519NJD7 | 10/15/2017 | Offering Circular (Commercial Mortgage Trust Multiclass Pass-Through Certificates, Series 2004-LLF C5), dated August 13, 2004. | 18,000,000 |
| LBFRC 2004-LLFA D | 52519NJF2 | 10/15/2017 | Offering Circular (Commercial Mortgage Trust Multiclass Pass-Through Certificates, Series 2004-LLF C5), dated August 13, 2004. | 10,000,000 |
| LBFRC 2005-LLFA H 144A | 52519NLC6 | 7/15/2018 | Addendum (Lehman Brothers Floating Rate Commercial Mortgage Trust 2005-LLF C4 - Commercial Mortgage Pass-Through Certificates, Series 2005-LLF C4), dated October 13, 2005. | 1,000,000 |
| LBFRC2005-LLFA K | 52519NLE2 | 7/15/2018 | Addendum (Lehman Brothers Floating Rate Commercial Mortgage Trust 2005-LLF C4 - Commercial Mortgage Pass-Through Certificates, Series 2005-LLF C4), dated October 13, 2005. | 2,000,000 |
| LBFRC2006-LLFA K | 52521TBC0 | 9/15/2021 | Offering Circular (Lehman Brothers Floating Rate Commercial Mortgage Trust 2006-LLF C5 - Commercial Mortgage Pass-Through Certificates, Series 2006-LLF C5), dated August 17, 2006. | 12,000,000 |
| LBFRC2006-LLFA L | 52521TBL0 | 9/15/2021 | Offering Circular (Lehman Brothers Floating Rate Commercial Mortgage Trust 2006-LLF C5 - Commercial Mortgage Pass-Through Certificates, Series 2006-LLF C5), dated August 17, | 25,000,000 |

| Description | CUSIP | Maturity Date | Offering Documents | Principal Amount in USD |
|---|---|---|---|---|
| | | | 2006. | |
| LEHMAN BROS FLTG RTE F/R †††[3] | 50246K9E6 | 10/15/2017 | N/A | 5,000,000 |
| REMIC SER 2004-LLFA CLASS H ††† | 52519NJK1 | 10/15/2017 | N/A | 3,000,000 |
| | | | **Total:** | 114,464,000 |

28. Claimant holds SASCO II Certificates in the aggregate principal amount of USD 114,464,000 for which SASCO II remains liable to Claimant (the "SASCO II Certificates Claim").

29. On or about July 26, 2005, LBHI executed the July 2005 Guarantee. Among other things, the July 2005 Guarantee provides a full guarantee of the Obligations (as defined in the January 2004 Guarantee) of certain of LBHI's subsidiaries, including SASCO II.

30. Pursuant to the terms of the July 2005 Guarantee, LBHI continues to owe Claimant the full amount of the SASCO II Certificates Claim plus all applicable premiums, interest, fees, costs, expenses, advances, charges, and other amounts of any kind that may be due or will become due on the SASCO II Certificates.

* * * * *

31. Claimant has filed this Proof of Claim under compulsion of the Bar Date Order and to protect the Claimant from forfeiture of Claimant's claims against the Debtors by reason of the Bar Date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any

[3] Claimant does not have full information relating to securities marked with a triple dagger (†††) but believes they are obligations of SASCO II.

time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

32. Except to the extent the Original Claim is amended hereby, the filing of this Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim filed against LBI in the LBI SIPA Proceeding.

33. Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein. Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

34. Without limiting the rights otherwise asserted in this Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

35. In executing and filing this Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under the contracts described herein and attached as exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or any of their affiliates. Claimant further does not waive (and this Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, LBI, Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

36. The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated

legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

37. All notices regarding this Proof of Claim should be sent to: Citigroup Global Markets, Inc., 388 Greenwich Street, New York, New York 10013, Attention: Edward G. Turan, Senior Deputy General Counsel and Managing Director, with copies to Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019-6064, Attention: Douglas R. Davis.

H A N D D E L I V E R Y




RECEIVED BY: | DATE | 5:35 TIME