HEARING DATE AND TIME: June 28, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: June 14, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF TWO HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :    08-13555 (JMP)
                                                   :
                      Debtors.                     :    (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON TWO HUNDRED NINETY-EIGHTH
OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

**PLEASE TAKE NOTICE** that on May 14, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

1

US_ACTIVE:\43996775\05\58399.0008

certain entities in the above-referenced chapter 11 cases, filed its two hundred ninety-eighth omnibus objection to claims (the "Two Hundred Ninety-Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Two Hundred Ninety-Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **June 28, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Two Hundred Ninety-Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **June 14, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Two Hundred Ninety-Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Two Hundred Ninety-Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 14, 2012
       New York, New York

                                     /s/ Jacqueline Marcus
                                     Jacqueline Marcus

                                     WEIL, GOTSHAL & MANGES LLP
                                     767 Fifth Avenue
                                     New York, New York 10153
                                     Telephone: (212) 310-8000
                                     Facsimile: (212) 310-8007

                                     Attorneys for Lehman Brothers Holdings Inc.
                                     and Certain of Its Affiliates

**HEARING DATE AND TIME: June 28, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: June 14, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                       Debtors.                    :    (Jointly Administered)
------------------------------------------------------------------x

**TWO HUNDRED NINETY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS TWO HUNDRED NINETY-EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

       Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

US_ACTIVE:\43996775\05\58399.0008

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.  The Plan Administrator files this two hundred ninety-eighth omnibus objection to claims (the "Two Hundred Ninety-Eighth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto which are duplicative of other filed claims based on Lehman Programs Securities.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims"), which generally were filed by the beneficial holders of Lehman Programs Securities, are substantively duplicative, in whole or in part, of the corresponding claims identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims"), which generally were filed by a bank, broker or other party on behalf of the beneficial holders of the same Lehman Programs Securities.

3.  This Two Hundred Ninety-Eighth Omnibus Objection to Claims does not affect the Surviving Claims and does not constitute any admission or finding with respect to the Surviving Claims. Further, the Plan Administrator reserves all its rights to object on any other basis to any Duplicative LPS Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

8.  On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form (the "Bar Date Order").  The Bar Date Order set forth specific alternative claim filing procedures (the "Lehman Programs Securities Procedures") that apply to the "filing of any and all claims (including claims under a related Guarantee) against the Debtors arising from securities issued by the Debtors or any of the Debtors' affiliates located outside of the United States, solely to the extent identified on http://www.lehman-docket.com under the heading 'Lehman Programs Securities' (any such security, a 'Lehman Program Security') . . . ."  (Bar

Date Order at 12). The Lehman Programs Securities Procedures resulted from extensive negotiations among the Chapter 11 Estates, the Creditors' Committee, the issuers of Lehman Programs Securities, Euroclear Bank ("Euroclear"), Clearstream Bank ("Clearstream"), and a large group of creditors.

     9.  The Bar Date Order set forth the Lehman Programs Securities Procedures that specifically required, among other things, that claims for Lehman Programs Securities "include either a Euroclear electronic instruction reference number or a Clearstream blocking reference number" (a "Blocking Number"). (*Id.* at 13.) Each Blocking Number issued by the applicable clearing agency relates to a specific holder of a specific Lehman Programs Security in a specific amount. The issuance of a Blocking Number prevented the holder of a Lehman Programs Security from trading that security through November 2, 2009 (the "Lehman Programs Securities Bar Date") and the Blocking Number is utilized by the Plan Administrator to reconcile such claims.

     10.  The Lehman Programs Securities did not have an indenture trustee that would file a global claim on behalf of all holders of a particular security; therefore, there was uncertainty among some security holders as to the appropriate and authorized party to file such claims. To address such uncertainty, the Lehman Programs Securities Procedures provided flexibility regarding the identity of the party authorized to file such claims ("claims based on any Lehman Programs Securities shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b).") (Bar Date Order at 14.) Claims based on Lehman Programs Securities were filed by beneficial holders of such security and/or banks, brokers, custodians or other parties on behalf of the beneficial holders.

11. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012 (the "<u>Effective Date</u>").

12. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### **The Duplicative LPS Claims Should Be Disallowed and Expunged**

13. The Plan Administrator has reviewed claims based on Lehman Programs Securities. Using the Blocking Numbers, the International Security Identification Numbers ("<u>ISIN</u>"), notional amounts, and other information provided on the claims, the Plan Administrator has determined that in certain cases, duplicative claims were filed in respect of a particular security. In such cases, the beneficial holder of the security filed a claim based on its holdings, and another party (including, without limitation, a beneficial holder's bank, broker or other agent) also filed a claim on behalf of such holder based on the same security.

14. Each Duplicative LPS Claim seeks to recover, in whole or in part, for the same alleged obligation and on behalf of the same individual as the Surviving Claim. To avoid paying out distributions twice on the same obligation, this objection seeks to expunge the Duplicative LPS Claims.

15. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

16. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

17. Further, the Chapter 11 Estates cannot be required to pay on the same claim more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against each Chapter 11 Estate.

18. The Duplicative LPS Claims should be disallowed as substantively duplicative, in whole or in part, of the Surviving Claims. For the sake of administrative efficiency and in the interest of reducing expenses relating to the administration of these claims, the Plan Administrator is generally seeking to expunge claims filed by the beneficial holders of Lehman Programs Securities and deem the claims of the banks, brokers, custodians or other parties filed on behalf of the beneficial holders as the Surviving Claims. Any distribution that is made on the Surviving Claims will be made to the bank, broker, custodian or other party, and such party will then be responsible for remitting such distributions to the applicable beneficial holders of the Lehman Programs Securities. Such procedures will enable the Plan Administrator to communicate with fewer parties regarding a determination of the allowed amount of such

claims and to make distributions to fewer parties on account of such claims. Notwithstanding anything in this paragraph, if the claim filed by a beneficial holder includes a valid Blocking Number, but a claim filed by another party on account of the same security on behalf of such beneficial holder does not include a valid Blocking Number, the Plan Administrator is seeking to disallow and expunge the claim of such other party as duplicative and deem the claim of the beneficial holder as the Surviving Claim.

19. The Effective Date has occurred and distributions began on April 17, 2012. It would be inequitable and inappropriate for the Plan Administrator to be required to make distributions on account of Duplicative LPS Claims. Accordingly, to avoid the possibility of a creditor receiving duplicative or multiple recoveries on its claim, the Plan Administrator requests that the Court disallow and expunge the Duplicative LPS Claims listed on <u>Exhibit A</u> to the extent set forth therein. The Surviving Claims will remain on the claims register subject to the Plan Administrator's right to file further objections on any basis, unless the applicable Surviving Claim has previously been allowed by order of this Court.

### Notice

20. No trustee has been appointed in these chapter 11 cases. Notice of this Two Hundred Ninety-Eighth Omnibus Objection to Claims has been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u> under the heading "*Claims to be Disallowed and Expunged*;" and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

21. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 14, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# EXHIBIT A

US_ACTIVE:\43996775\05\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 298: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BINDER TRUST LIMITED 5TH FLOOR BEAUX LANE HOUSE MERCER STREET LOWER DUBLIN 2, IRELAND | 10/21/2009 | 08-13555 (JMP) | 43158[1] | $6,985,317.66 | VARDE MANAGEMENT, L.P. (AS AGENT FOR VARDE FUND, LP, VARDE FUND V-B L.P., VARDE FUND VII-B, L.P., VARDE FUND VIII, L.P., VARDE FUND IX, L. P., VARDE FUND IX-A, L.P., VARDE FUND X (MASTER), L.P., VARDE INVESTMENT PARTNERS (OFFSHORE) MASTER, L.P., VARDE INVESTMENT PARTNERS L.P.) C/O BROWN RUDNICK LLP NEW YORK, NY 10036 TRANSFERRED TO: FIR TREE CAPITAL OPPORTUNITY MASTER FUND, L.P. TRANSFEROR: BARCLAYS BANK PLC C/O FIR TREE PARTNERS ATTN: STEVEN SCARPULLA 505 FIFTH AVENUE, 21ST FLOOR NEW YORK, NY 10017 TRANSFERRED TO: FIR TREE VALUE MASTER FUND, L.P. TRANSFEROR: BARCLAYS BANK PLC C/O FIR TREE PARTNERS; ATTN: STEPHEN SCARPULLA 505 FIFTH AVE, 23RD FLOOR NEW YORK, NY 10017 | 09/20/2010 | 08-13555 (JMP) | 67078 | $7,180,675.22 |

---

[1] Claim 43158 is being expunged solely with respect to its asserted claim of $6,985,317.66 for the security with ISIN XS0187189104.  The remaining portion of Claim 43158 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 43158 are reserved.

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 298: EXHIBIT A – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 2 | KONNER, INGRID<br>KONIGENDORFER STR. 7<br>DESSAU-ROBLAN, 06847<br>GERMANY | 10/08/2009 | 08-13555 (JMP) | 37041 | Undetermined | KOENNER, BERNHARD<br>C/O NABER PC<br>300 CENTRAL AVENUE<br>GREAT FALLS, MT 59401 | 12/17/2010 | 08-13555 (JMP) | 67263 | $26,215.52 |
| 3 | MUELLER, MARTHA CHILTON<br>C/O SILVERMAN ACAMPORA, LLP<br>ATTN: RONALD J. FRIEDMAN<br>100 JERICHO QUADRANGLE<br>SUITE 300<br>JERICHO, NY 11753 | 11/02/2009 | 08-13555 (JMP) | 62746 | $1,405,373.85 | BANK J.SAFRA (GIBRALTAR) LTD<br>SUITE 971<br>EUROPORT<br>PO BOX 542<br><br>GIBRALTAR | 10/26/2009 | 08-13555 (JMP) | 46166 | $386,547.44 |
| | | | | TOTAL | $8,390,691.51 | | | | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED NINETY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the two hundred ninety-eighth omnibus objection to claims, dated May 14, 2012 (the "Two Hundred Ninety-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Ninety-Eighth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Ninety-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Ninety-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Eighth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Ninety-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Ninety-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claim shall be treated as having been filed in support of the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved, unless the applicable Surviving Claim has previously been allowed by order of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Ninety-Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Surviving Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE