---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-8325.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                    Debtors.             :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THREE HUNDRED FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATE DERIVATIVES CLAIMS)**

            **PLEASE TAKE NOTICE** that on May 14, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred fourth omnibus

objection to claims (the "Three Hundred Fourth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Three Hundred Fourth Omnibus Objection to Claims will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601

of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **June 28, 2012 at 10:00 a.m. (Eastern Time),** or as

soon thereafter as counsel may be heard.

      **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Mark Bernstein, Esq.);

and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor,

New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and

Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **June 14, 2012 at**

**4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fourth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fourth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: May 14, 2012
        New York, New York

                                /s/ Jacqueline Marcus
                                Jacqueline Marcus

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Lehman Brothers Holdings Inc.
                                and Certain of Its Affiliates

3

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THREE HUNDRED FOURTH OMNIBUS**
**OBJECTION TO CLAIMS (DUPLICATE DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, RYAN MARTIN, AT 212-310-83265.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1.      The Plan Administrator files this three hundred fourth omnibus objection

to claims (the "Three Hundred Fourth Omnibus Objection to Claims"), pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures

Order"), ECF No. 6664, seeking to disallow and expunge the claims listed on Exhibit A annexed

hereto identified under the heading "*Disallowed Claims*" (the "Duplicate Claims"), which are

duplicative of the claims identified under the heading "*Surviving Claims*" (the "Surviving

Claims").

2.      The Plan Administrator has examined the proofs of claim related to the

Duplicate Claims, which were generally filed by indenture trustees (the "Trustees") for certain

issuances of municipal or revenue bonds in connection with amounts owed under various Debt

Service Deposit Agreements and Reserve Fund Agreements (the "Agreements"), and determined

that they are substantively duplicative of the Surviving Claims, which were generally filed by the

issuers of municipal or revenue bonds to which the deposit or reserve funds relate (the

"Issuers").[1]

3.      The Three Hundred Fourth Omnibus Objection to Claims does not affect

the Surviving Claims and does not constitute any admission or finding with respect to the

---

[1] Claims Nos. 17634 and 17635 are based on an ISDA Master Agreement and a guarantee thereof, respectively, and
are duplicative of claims filed based on the same ISDA Master Agreement and guarantee by an affiliate of the initial
claimant in Claim Nos. 18694 and 18695.

Surviving Claims.  Further, the Plan Administrator reserves all its rights to object on any other

basis to any Duplicate Claim if the Court does not grant the relief requested herein.

### Jurisdiction

4.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only

and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.        On January 14, 2010, the Court entered the Procedures Order, which

authorizes, among other things, the filing of omnibus objections to no more than 500 claims at a

time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.

7.        On July 2, 2009, the Court entered its Order Pursuant to Section 502(b)(9)

of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing

Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of

Claim Form (the "Bar Date Order"), ECF No. 4271.

8.        On December 6, 2011, the Court approved and entered an order

confirming the Plan, ECF No 23023.  The Plan became effective on March 6, 2012 (the

"Effective Date").

9.        Pursuant to the Plan, the Plan Administrator is authorized to prosecute

objections to claims filed against the Chapter 11 Estates.

## The Duplicate Claims Should Be Disallowed and Expunged

10.    The Plan Administrator reviewed the claims listed on Exhibit A which
were filed by the Trustees, and determined that they are substantively duplicative of the
Surviving Claims which were generally filed by the Issuers.  In each case, the Duplicate Claim
and the Surviving Claim are based on the same underlying Agreement and seek to recover for the
same obligation of a Chapter 11 Estate.  While both the Trustees and Issuers are parties to the
applicable Agreements, the Agreements provide that following an event of default, the Issuer is
the proper party to collect amounts due under the Agreements.  Indeed, certain of the Trustees
have indicated in their Proofs of Claim that they are aware that the Issuers may be filing claims
based on the same agreements. Therefore, to avoid paying out distributions twice on the same
obligation, this objection seeks to expunge the claims filed by the Trustees as duplicative of the
claims filed by the Issuers.

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . .
objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential
allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See
In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*,
Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20,
2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a
claim may not be allowed to the extent that "such claim is unenforceable against the debtor and
property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).
Accordingly, courts in the Southern District of New York routinely disallow and expunge
duplicative claims filed against the same debtor.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-
13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate

claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

13.    Further, the Chapter 11 Estates cannot be required to pay on the same claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

14.    Based on the foregoing, the Duplicate Claims should be disallowed as substantively duplicative of the Surviving Claims.  Such treatment will more accurately reflect the nature of the claims and interests held by the parties by ensuring that any distribution made on the Surviving Claims will be made to Issuers rather than the Trustees.  Elimination of redundant claims will also enable the Plan Administrator to maintain a claims register that more accurately reflects the proper claims existing against the Chapter 11 Estates.

## Notice

15.    No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Fourth Omnibus Objection to Claims has been provided to (i) the Unites States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

      16.     No previous request for the relief sought herein has been made by the Plan Administrator or any Chapter 11 Estate to this or any other Court.

      WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 14, 2012
      New York, New York

              /s/ Jacqueline Marcus
              Jacqueline Marcus

              WEIL, GOTSHAL & MANGES LLP
              767 Fifth Avenue
              New York, New York 10153
              Telephone: (212) 310-8000
              Facsimile: (212) 310-8007

              Attorneys for Lehman Brothers Holdings Inc.
              and Certain of Its Affiliates

EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS**

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | AVIVA ASSICURAZIONI S.P.A. C/O MARK SHERRILL SUTHERLAND, ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 09/18/2009 | 08-13555 (JMP) | 18174 | $717,550.00 | RUBY FINANCE PLC SERIES 2007-2 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/29/2009 | 08-13555 (JMP) | 55570 | $179,826,554.28* |
| 2 | AVIVA ITALIA S.P.A. C/O MARK SHERRILL SUTHERLAND, ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 09/18/2009 | 08-13555 (JMP) | 18167 | $22,968,160.00 | RUBY FINANCE PLC SERIES 2007-2 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/29/2009 | 08-13555 (JMP) | 55570 | $179,826,554.28* |

*\* - Indicates claim contains unliquidated and/or undetermined amounts*                                                                 Page 1 of 8

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 3 | AVIVA LIFE S.P.A. C/O MARK D. SHERRILL SUTHERLAND ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 09/18/2009 | 08-13555 (JMP) | 18166 | $861,306.00 | RUBY FINANCE PLC SERIES 2007-2 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/29/2009 | 08-13555 (JMP) | 55570 | $179,826,554.28* |
| 4 | AVIVA S.P.A. C/O MARK D. SHERRILL SUTHERLAND ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 09/18/2009 | 08-13555 (JMP) | 18173 | $120,152,187.00 | RUBY FINANCE PLC SERIES 2007-2 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/29/2009 | 08-13555 (JMP) | 55570 | $179,826,554.28* |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | AVIVA VITA S.P.A. C/O MARK SHERRILL SUTHERLAND, ASBILL & BRENNAN LLP 1275 PENNSYLVANIA AVENUE, NW WASHINGTON, DC 20004 | 09/18/2009 | 08-13555 (JMP) | 18168 | $49,094,420.00 | RUBY FINANCE PLC SERIES 2007-2 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 10/29/2009 | 08-13555 (JMP) | 55570 | $179,826,554.28* |
| 6 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 31025 | $2,733,722.12* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |
| 7 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 31027 | $695,553.29* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 31029 | $1,045,767.15* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |
| 9 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 31043 | $2,733,722.12* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |
| 10 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 31053 | Undetermined | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 11 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 31054 | $51,319.96* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |
| 12 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 31055 | $695,553.29* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |
| 13 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 31057 | $798,922.10* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 14 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 32860 | Undetermined | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |
| 15 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 32869 | Undetermined | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |
| 16 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 32870 | $51,319.96* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 17 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 32871 | $1,045,767.15* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |
| 18 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13555 (JMP) | 32872 | Undetermined | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 09/17/2009 | 08-13555 (JMP) | 15761 | $5,218,523.91 |
| 19 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 09/22/2009 | 08-13888 (JMP) | 32873 | $51,319.96* | MASSACHUSETTS STATE COLLEGE BUILDING AUTHORITY ATTN: EDWARD ADELMAN 253 SUMMER ST STE 300 BOSTON, MA 02210-1114 | 01/19/2009 | 08-13888 (JMP) | 1776 | $5,218,523.91 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 304: EXHIBIT A – DUPLICATE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 20 | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE ATTN: TIMOTHY PILLAR, VICE PRESIDENT US BANK CORPORATE TRUST SERVICES, ED-MN-WS1D 60 LIVINGSTON AVENUE ST PAUL, MN 55107 | 09/09/2009 | 08-13888 (JMP) | 10995 | $3,500,000.00* | SISTEMA UNIVERSITARIO ANA G. MENDEZ, INCORPORADO ATTN: ADA L. SOLA-FERNANDEZ, ASSOCIATE VP FOR FINANCIAL AFFAIRS PO BOX 21345 SAN JUAN, PR 00928-1345 | 09/22/2009 | 08-13888 (JMP) | 30843 | $1,237.00 |
| | | | | TOTAL | $207,196,590.10 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                    :         **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :         **08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :         **(Jointly Administered)**
----------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FOURTH
## OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE DERIVATIVES CLAIMS)

Upon the three hundred fourth omnibus objection to claims, dated May [ ], 2012

(the "Three Hundred Fourth Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases, seeking, pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge

the Duplicate Claims on the grounds that such claims are duplicative of the corresponding

Surviving Claims, all as more fully described in the Three Hundred Fourth Omnibus Objection

to Claims; and due and proper notice of the Three Hundred Fourth Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief sought in the Three Hundred Fourth

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Three Hundred Fourth

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fourth Omnibus Objection to Claims.

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Fourth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Disallowed Claim*" are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" will remain on the claims register, subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicate Claims shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicate Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE