UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr.P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| **LBVN Holdings, L.L.C.** | **Yorvik Partners LLP** |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

    P.O. Box 1641
    New York, New York 10150
    E-mail: lbvn@lbvn.myhostedsolution.net
    Phone: N/A
    Last Four Digits of Acct #: N/A

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Attention: Andrew N. Rosenberg
Phone: (212) 373-3125
Facsimile: (212) 492-0125
E-Mail: arosenberg@paulweiss.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 66501 (amending 40530)
Amount of Claim as Filed with respect to ISIN XS0268043709: $49,753,203.50
Amount of Claim as Filed with respect to ISIN XS0268043709 to be Transferred: $4,358,286.90 (or 8.759811616% of the Amount of Claim as Filed)

Allowed Amount of Claim with respect to ISIN XS0268043709: $43,514,040.27
Allowed Amount of Claim with respect to ISIN XS0268043709 to be Transferred: $3,811,747.95 (or 8.759811616% of the Allowed Amount of Claim)
Date Claim Filed: April 6, 2010 (amending original filing from October 15, 2009)

Name and Address of Transferor:
Yorvik Partners LLP
11 Ironmonger Lane
London EC2V 8 EY
United Kingdom
Contact: Lisa King
Phone: +44-207-796-5906
Fax: +44-207-796-5919
Email: L.King@yorvikpartners.com
**PLEASE SEE ATTACHED EXHIBITS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____       Date: May 14, 2012
    Transferee/Transferee's Agent
    Andrew N. Rosenberg/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Exhibit A

Evidence of Transfer of Claim

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Yorvik Partners LLP** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **LBVN Holdings, L.L.C.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the 14 May 2012 (the "Effective Date"), (a) an undivided interest, to the extent of the **applicable percentage** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 66501 (amending original claim 40530 filed on October 15, 2009) filed by or on behalf of **Semper Constantia Privatbank AG (as successor to former creditor Constantia Privatbank)** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller is not, and shall not, prior to the recognition by the Debtor of Purchaser as the holder of the Proof of Claim, become, a PSA Creditor (as defined in the proposed Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, dated August 31, 2011); (h) Seller has delivered to Purchaser true and correct copies of all notices with respect to the Transferred Claims, including without limitation, the Notice of Proposed Claim Amount, dated August 24 2011, and any revision thereto (collectively, the "Notice"); and (i) neither Seller (nor any of its predecessors-in-title) delivered a Response (as defined in the Notice) with respect to the Transferred Claims.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect

to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than two (2) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller agrees to (a) forward to Purchaser all notices received with respect to the Transferred Claims; (b) vote the Transferred Claims in a timely manner and in accordance with (i) Purchaser's instructions or (ii) if the Transferred Claims cannot be voted separately, the instruction of holders of a majority of the claims, including the Transferred Claims, that can be voted separately, and (c) take such further action with respect to the Transferred Claims in the Proceedings as Purchaser may from time to time request. Seller shall transfer on the Effective Date, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 14ᵗʰ day of May 2012.

YORVIK PARTNERS LLP

By:
Name:
Title:        SIMON MULLALY
              PARTNER

11 Ironmonger Lane
London EC2V 8EY
United Kingdom

LBVN HOLDINGS, L.L.C.

By:
Name: Andrew Rosenberg
Title: Authorized Agent

P.O. Box 1641
New York, NY 10150

562011v.4

Schedule 1

Transferred Claims

Purchased Claim

8.75981161 6% of the filed amount of the Proof of Claim under ISIN XS0268043709 which is equal to US$4,358,286.90 of US$49,753,203.50, or 8.75981161 6% of the allowed amount set forth in the Notice for ISIN XS0268043709 which is equal to US$3,811,747.95 of US$43,514,040.27.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|
| EUR 60MM FX Basket-Linked Notes | XS0268043709 | Lehman Brothers Treasury & Co B.V. | Lehman Brothers Holdings Inc | EUR 3,069,000.00 which is the equivalent of US$4,358,286.90 | n/a | 5 December 2010 | n/a |

Schedule 1-1

562011 v.4

<u>Exhibit B</u>

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al., Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000066501

**Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Semper Constantia Privatbank AG
(as successor to former creditor Constantia Privatbank)
Bankgasse 2, 1010 Wien, Austria
Attention: Mag. Elisabeth Staudner and Mag. Martin Schiller

Telephone number: +43 1 53 616-310      Email Address: e.staudner@semperconstantia.at
                  +43 1 53 616-238                    m.schiller@semperconstantia.at

☑ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** 40530
(If known)

Filed on: 10/15/2009

Name and address where payment should be sent (if different from above)



Telephone number:          Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1.  Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim: $** Please see attachment _____ **(Required)**

☑ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2.    Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):** Please see attachment _____ **(Required)**

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

Please see attachment                    **(Required)**

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**
Please see attachment                    **(Required)**

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FILED RECEIVED
FOR COURT USE ONLY
APR - 6 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date. 4/6/10 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Jerome Ranawake, Attorney-In-Fact 520 Madison Ave, 34F, NY, NY10022, 2122714034 |
|---|---|

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571*

**ATTACHMENT TO THE AMENDED PROOF OF CLAIM OF
SEMPER CONSTANTIA PRIVATBANK AG
(AS SUCCESSOR TO FORMER CREDITOR CONSTANTIA PRIVATBANK)
AGAINST LEHMAN BROTHERS HOLDINGS INC.**

1.      Commencing on September 15, 2008 (the **Petition Date**) and periodically thereafter, Lehman Brothers Holdings Inc. (**LBHI**), and certain of its subsidiaries (LBHI, together with such subsidiaries, the **Debtors**), filed voluntary petitions (the **Chapter 11 Cases**) for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the **Bankruptcy Code**).  The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.      On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the **Bar Date Order**) which, among other things, establishes November 2, 2009 at 5:00 pm (ET) as the deadline (the **Bar Date**) for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on any Lehman Programs Security, as identified on the Debtors' website, against the Debtors.

3.      Semper Constantia Privatbank AG (the **Claimant**) files this amended Lehman Programs Securities Proof of Claim (the **Amended Proof of Claim**) for various amounts owing to Claimant by LBHI in respect of Lehman Programs Securities held by Claimant in a proprietary

capacity on Claimant's own behalf and/or in a custodial capacity on behalf of one or more of Claimant's customers.[1]

4.      This Amended Proof of Claim amends claim number 40530, which Constantia Privatbank filed on October 15, 2009 against LBHI (*Claim # 40530*) under compulsion of the Bar Date Order.   Pursuant to a major internal group restructuring, Constantia Privatbank transferred all of its banking activities to its wholly-owned subsidiary Aviso Epsilon Bank Aktiengesellschaft as of December 7, 2009.  Aviso Epsilon Bank Aktiengesellschaft changed its name to Semper Constantia Privatbank AG as of December 30, 2009.  This Amended Proof of Claim amends Claim # 40530 by substituting Constantia Privatbank with Semper Constantia Privatbank AG as claimant.

5.      As of the filing of this Amended Proof of Claim, Claimant is the record holder of or represents the record holder of the following Lehman Programs Securities:[2]

| International Securities Identification Number (ISIN) | Depository Blocking Reference Number | Depository Participant Account Number | Principal Component | Interest Component (up to and including September 15, 2008) | Amount of Claim |
|---|---|---|---|---|---|
| XS0268043709 | 9404527 | 90358 | $49,753,203.50 | - | $49,753,203.50 |
| DE000A0TLKY4 | 9404526 | 90358 | $7,131,742.20 | - | $7,131,742.20 |
| DE000A0TN6J5 | 9404525 | 90358 | $4,758,755.10 | - | $4,758,755.10 |

---

[1]     The Bar Date Order provides "claims based on any Lehman Programs Security shall not be disallowed on the ground that such claims were not filed by the proper party or an authorized agent, as contemplated by Bankruptcy Rule 3001(b)." Bar Date Order at p. 14.

[2]     The Bar Date Order provides "persons or entities that file claims based on any Lehman Programs Security are not required to attach or submit any documentation supporting any claim based on such Lehman Programs Security." Bar Date Order at p. 14.

| | | | | | |
|---|---|---|---|---|---|
| XS0229269856 | 9384815 | 90358 | $142,010.00 | - | $142,010.00 |
| XS0282937985 | 9404752 | 90358 | $426,030.00 | $2,369.01 | $428,399.01 |
| XS0238228901 | 9384811 | 90358 | $1,716,900.90 | - | $1,716,900.90 |
| DE000A0G4LS9 | 9374765 | 90358 | $266,978.80 | - | $266,978.80 |
| XS0231181222 | 9374766 | 90358 | $607,802.80 | - | $607,802.80 |
| XS0252173066 | 9374783 | 90358 | $606,382.70 | - | $606,382.70 |
| | | | | | |
| **Total:** | | | $65,409,806.00 | $2,369.01 | **$65,412,175.01** |

6.    Claimant is the record holder or representative of the record holder of Lehman Programs Securities in the aggregate principal amount of USD 65,409,806.00 and aggregate accrued and unpaid interest amount or other return (up to and including September 15, 2008) of USD 2,369.01. LBHI either issued, or guaranteed the full and punctual payment of all obligations related to, the Lehman Programs Securities. Accordingly, LBHI remains liable to Claimant for no less than **USD 65,412,175.01** (the *Lehman Programs Securities Claim*). The foregoing amounts have been converted from EUR to US dollars using the exchange rate prevailing on the Petition Date.

7.    Claimant reserves the right to further amend and/or supplement this Amended Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claims which may be based on the same or additional documents or grounds of liability.

8.    The filing of this Amended Proof of Claim shall be without prejudice to any previous, contemporaneous or future claims made by or on behalf of Claimant or any of its

3

affiliates against LBHI or any of its affiliates in this or any other proceeding, including, without limitation, any proofs of claim that may be filed against Lehman Brothers Treasury Co. B.V., Lehman Brothers Securities N.V., or any other entity which issued Lehman Programs Securities.

9.     Claimant hereby expressly reserves the right to further amend and/or supplement this Amended Proof of Claim at any time to restate the amount of the Lehman Programs Securities Claim based on the method ultimately used to value the Lehman Programs Securities referenced herein, including, without limitation, the ultimate determination of the applicable interest or coupon rate, or other return, or the principal-protected amount, on any Lehman Programs Security.  Additionally, nothing contained in this Amended Proof of Claim shall prejudice or limit Claimant's right to receive any distribution with respect to the Lehman Programs Securities Claim based on any valuation method that is ultimately used to value any Lehman Programs Security.

10.     Claimant hereby expressly reserves the right to further amend and/or supplement this Amended Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein.  Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or

4

other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in Section 503(b) of the Bankruptcy Code.

11.    Without limiting the rights otherwise asserted in this Amended Proof of Claim, Claimant hereby preserves and reserves all rights of setoff against LBHI whether in respect of claims directly between Claimant and LBHI, claims between affiliates of Claimant and LBHI or claims between Claimant, or its affiliates, and affiliates of LBHI, including, without limitation, under Sections 362(b)(6), 362(b)(7), 362(b)(17), 362(b)(27), 553, 555, 556, 559, 560 and 561 of the Bankruptcy Code, under any agreement or other instrument, under applicable non-bankruptcy law or otherwise.

12.    In executing and filing this Amended Proof of Claim, Claimant does not waive (a) any obligation owed to Claimant under any of the contracts described herein or that may be attached as exhibits hereto, or (b) any past, present or future breaches of such contracts by the Debtors or any of their affiliates. Claimant further does not waive (and this Amended Proof of Claim shall not be deemed or construed to waive) any claims or right to assert any claims, or preserve any remedies, including setoff and recoupment, that Claimant has against any of the Debtors, Lehman Brothers Inc., Lehman Brothers International (Europe) or any other affiliates of the Debtors, whether arising from or related to transactions described herein or otherwise.

13.    The filing of this Amended Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving

Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (d) a consent by Claimant to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Amended Proof of Claim, any objection thereto or other proceeding which may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

14.    All notices regarding this Amended Proof of Claim should be sent to: Semper Constantia Privatbank AG, Bankgasse 2, 1010 Wien, Austria, <u>Attention</u>: Mag. Elisabeth Staudner, Telephone Number +43 1 53 616-310, E-Mail: <u>e.staudner@semperconstantia.at</u> and Mag. Martin Schiller, Telephone Number +43 1 53 616-238, E-Mail: <u>m.schiller@semperconstantia.at</u>, with copies to Freshfields Bruckhaus Deringer US LLP, 520 Madison Avenue, 34th Floor, New York, New York 10022, Telephone number: 212-277-4000, <u>Attention</u>: Jerome Ranawake and Harvey Dychiao.

## POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, THAT **Semper Constantia Privatbank Aktiengesellschaft**, a corporation duly organized and validly existing under the laws of the Republic of Austria, registered in the company register of **Handelsgericht Wien, Marxergasse 1a, 1030 Vienna** under **FN 330441v**, with corporate seat in **1010 Vienna, Austria** and business address at **Bankgasse 2, 1010 Vienna** (the "Company"), represented by Dr. **Helmut URBAN** and **Mag. Friedrich RACHER** as members of the management board with the power to represent the Company jointly with another member of the management board, the undersigned claimant in the bankruptcy cases styled In re Lehman Brothers Holdings Inc., Case No. 08-13555 (JMP) (Jointly Administered) (the "Bankruptcy Case") pending in the United States Bankruptcy Court for the Southern District of New York, hereby authorizes **Jerome Ranawake and Harvey Dychiao of Freshfields Bruckhaus Deringer US LLP**, acting jointly or singly, as attorneys in fact for the undersigned, with the full power of attorney to execute and/or file all proofs of claim, documents or court papers he may consider necessary or advisable in connection with the claims to be made in the Bankruptcy Case.

**Semper Constantia Privatbank Aktiengesellschaft** further declares that this power of attorney is given for the purpose of vesting in the attorney in fact all authority required or desirable to be vested in an attorney in fact for the above-stated purpose and gives and grants the attorney in fact full and absolute power and authority to do all things necessary to be done in and about the premises.

This Power of Attorney shall be construed in accordance with, and this Power of Attorney and all matters arising out of or relating in any way whatsoever to this Power of Attorney shall be governed by, the law of the State of New York.

IN WITNESS WHEREOF, the undersigned has hereunto set his Hand and Seal this [●]*25*th day of March 2010.

Sealed and Delivered
in the Presence of

Name [●]
Title [●]    WOLFGANG LEDL

[_____]

_____
Dr. Helmut URBAN
Member of the Management Board
for
Semper Constantia Privatbank Aktiengesellschaft

_____
Name [●]    LOUIS OBROWSKY
Title [●]    MMAG

_____
Mag. Friedrich RACHER
Member of the Management Board
for
Semper Constantia Privatbank Aktiengesellschaft

# SEMPER CONSTANTIA
### PRIVATBANK

## UNTERSCHRIFTENVERZEICHNIS

### Verzeichnis Nummer 3  – 8. Jänner 2010

1. Zur rechtsverbindlichen Zeichnung für die Semper Constantia Privatbank Aktiengesellschaft sind berechtigt:

   Je zwei der in der Beilage angeführten A- und B-Zeichnungsberechtigten gemeinschaftlich mit der Einschränkung, dass ein B-Zeichnungsberechtigter nur gemeinsam mit einem A-Zeichnungsberechtigten unterzeichnen darf.

2. Mitteilungen, die keine Verbindlichkeit des Institutes nach sich ziehen, können auch nur von einem A- oder B-Zeichnungsberechtigten gefertigt werden.

3. Über unsere EDV-Anlage erstellte Schlussbestätigungen werden nicht unterschrieben. Dies gilt sowohl für Devisen- und Geldhandelsabschlüsse als auch für Wertpapiergeschäfte.

4. Dieses Unterschriftsverzeichnis ersetzt alle bisher gültigen Verzeichnisse und ist mit sofortiger Wirkung gültig.

## LIST OF AUTHORIZED SIGNATURES

### List Number 3 –  January 8th, 2010

1. Entitled to affix legally binding signatures on behalf of Semper Constantia Privatbank Aktiengesellschaft are:

   Any two of the authorized signatories of category A and B as listed in the enclosure can sign jointly, subject to the proviso that an authorized signatory of category B may only sign jointly with an authorized signatory of category A.

2. Notices which involve no obligation on the part of the institution can also be signed only by an authorized signatory of the category A or B.

3. Contract confirmations produced by our computer system are not signed. This rule applies to foreign exchange and money market transactions.

4. This list of authorized signatures replaces all previously published lists and is valid with immediate effect.

| | | |
|---|---|---|
| Mag. Friedrich Robert Racher<br>Mitglied des Vorstandes | A | |
| Dr. Helmut Urban<br>Mitglied des Vorstandes | A | |
| Wolfgang Ledl<br>Prokurist | A | |
| Mag. Brigitte Ludwig<br>Prokuristin | A | |
| Peter Manquet<br>Prokurist | A | |
| MMag. Louis Obrowsky<br>Prokurist | A | |

SEMPER CONSTANTIA PRIVATBANK AKTIENGESELLSCHAFT
1010 Wien Bankgasse 2 Tel.: +43/1-536 16- 0  Fax: +43/1-536 16- 900  e-mail: marketing@semperconstantia.at  www.semperconstantia.at
BIC COPRATWW  BLZ 76520  FN 330441v HG Wien  Firmensitz: Wien  UID: ATU 65101613

# SEMPER CONSTANTIA
### PRIVATBANK

**Beilage 1 zum Unterschriftenverzeichnis Nr. 3**

| | | |
|---|---|---|
| Inga Maria Penteker, Bakk.<br>Prokuristin | A | |
| Gernot Rux<br>Prokurist | A | |
| Leopoldine Blach<br>Handlungsbevollmächtigte | A | |
| Angelika Bürgl<br>Handlungsbevollmächtigte | A | |
| Wolfgang Buxbaum<br>Handlungsbevollmächtigter | A | |
| Michaela Cervik<br>Handlungsbevollmächtigte | A | |
| Petra Gründler<br>Handlungsbevollmächtigte | A | |
| Katharina Kutscha-Lissberg<br>Handlungsbevollmächtigte | A | |
| Karin Magenschab<br>Handlungsbevollmächtigte | A | |
| Maria Evelyn Muthenthaller<br>Handlungsbevollmächtigte | A | |
| Birgit Neumayer<br>Handlungsbevollmächtigte | A | |
| Heike Österreicher<br>Handlungsbevollmächtigte | A | |
| Mag. Barbara Pucher<br>Handlungsbevollmächtigte | A | |
| Werner Scharrer<br>Handlungsbevollmächtigter | A | |

SEMPER CONSTANTIA PRIVATBANK AKTIENGESELLSCHAFT
1010 Wien Bankgasse 2 Tel.: +43/1-536 16- 0  Fax: +43/1-536 16- 900  e-mail: marketing@semperconstantia.at  www.semperconstantia.at
BIC COPRATWW  BLZ 76520  FN 330441v HG Wien  Firmensitz: Wien  UID: ATU 65101613

# SEMPER CONSTANTIA
### PRIVATBANK

**Beilage 2 zum Unterschriftenverzeichnis Nr. 3**

| | | |
|---|---|---|
| Monika Ullrich<br>Handlungsbevollmächtigte | A | |
| Birgit Wagner<br>Handlungsbevollmächtigte | A | |
| Andrea Bischinger<br>Handlungsbevollmächtigte | B | |
| Regina Domin<br>Handlungsbevollmächtigte | B | |
| Mag. Matthias Guggenberg<br>Handlungsbevollmächtigter | B | |
| Mag. Iris Haubner<br>Handlungsbevollmächtigte | B | |
| Christian Kohout<br>Handlungsbevollmächtigter | B | |
| Birgit Kottal<br>Handlungsbevollmächtigte | B | |
| Georg Kreinhöfner<br>Handlungsbevollmächtigter | B | |
| Bettina Kroutil<br>Handlungsbevollmächtigte | B | |
| Bibiana Maier-Neuber<br>Handlungsbevollmächtigte | B | |
| Doris Stremitzer<br>Handlungsbevollmächtigte | B | |
| Alexander Waglechner<br>Handlungsbevollmächtigter | B | |

Angaben zum Firmenbuch: Handelsgericht Wien, Firmenbuchnummer 330441v

H
A
N
D

D
E
L
I
V
E
R
Y

RECEIVED BY:

FILED / RECEIVED

APR - 6 2010

EPIQ BANKRUPTCY SOLUTIONS, LLC

DATE

1212

TIME