Hearing Date and Time: May 31, 2012 at 10:00 a.m. (Eastern Time)
Response Deadline: May 17, 2012 at 4:00 p.m. (Eastern Time)

Craig A. Bruens
Brian E. Schartz
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

-and-

David R. Seligman, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

*Counsel to Smurfit Kappa Acquisitions*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**RESPONSE OF SMURFIT KAPPA ACQUISITIONS TO DEBTORS' TWO HUNDRED THIRTY-THIRD OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVE CLAIMS)**

Smurfit Kappa Acquisitions (f/k/a JSG Acquisitions f/k/a MDCP Acquisitions I) ("**Smurfit**"), by and through its undersigned counsel, hereby submits this response (the "**Response**") to the *Debtors' Two Hundred Thirty-Third Objection to Claims (No Liability Derivative Claims)* [Docket No. 21741], dated November 8, 2011 (the "**Objection**"), and in support thereof respectfully represents as follows:

## BACKGROUND

1.     Smurfit and Lehman Brothers Special Financing Inc. ("**LBSF**"), a subsidiary of

Lehman Brothers Holdings Inc. ("**LBHI**"), are parties to a master agreement dated October 4, 2002 (the "**Master Agreement**"), a schedule to the Master Agreement dated October 4, 2002 (the "**Schedule**"), and a confirmation dated January 17, 2002 (the "**Confirmation**" and, together with the Master Agreement and Schedule, the "**Swap Agreement**").

2.      Pursuant to Exhibit A to the Schedule, LBHI unconditionally guaranteed the obligations of LBSF arising out of the Swap Agreement.[1]

3.      On and after September 15, 2008 (the "**Petition Date**"), LBHI and certain of its subsidiaries (together with LBHI, the "**Debtors**") commenced voluntary cases before this Court under title 11 of chapter 11 of the United States Code (the "**Bankruptcy Code**").[2]  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

4.      On October 8, 2008, the Swap Agreement matured (the "**Maturity Date**") in accordance with its terms.  As a result, LBSF was required to pay Smurfit $548,692 at that time.

5.      On July 2, 2009, this Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* (the "**Bar Date Order**") [Docket No. 4271].  The Bar Date Order established September 22, 2009 as

---

[1]    Additionally, on June 9, 2005, the Executive Committee of the Board of Directors of LBHI adopted a resolution by unanimous written consent in accordance with Section 141(f) of the General Corporation Law of the State of Delaware.  *See* Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc. (June 9, 2005), *available at* http://www.jenner.com/lehman/docs/debtors/LBEX-AM%20003415-003417.pdf. (hereinafter the "**Unanimous Board Resolution**").  Through the Unanimous Board Resolution, LBHI "fully guarantee[d] the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A [thereto], each of which shall be a Guaranteed Subsidiary for purposes of the Code."  Unanimous Board Resolution, at 2.  LBSF is listed as a Guaranteed Subsidiary on Schedule A to the Unanimous Board Resolution.

[2]    LBSF commenced its chapter 11 case on October 3, 2008.

K&E

the date by which claims against the Debtors must be filed and October 22, 2009 as the date by

which claimants must complete an online questionnaire with respect to Derivative Claims and

Guarantee Claims, as such terms are defined in the Bar Date Order.

6.    On September 17, 2009, Smurfit timely filed two proofs of claim.  Claim number

15913 asserts an unsecured claim in the amount of $548,692 against LBSF on the basis of its

obligations under the Swap Agreement (the "**LBSF Claim**").  That claim has been allowed.[3]  Claim

number 15914 asserts an unsecured claim in the amount of $567,457[4] against LBHI as guarantor of

LBSF's obligations under the Swap Agreement (the "**LBHI Guarantee Claim**").  Pursuant to the

terms of the Bar Date Order, Smurfit timely completed the requisite online questionnaires in

connection with the LBHI Guarantee Claim.  A copy of the LBHI Guarantee Claim is attached

hereto as **Exhibit B**.

7.    On November 8, 2011, the Debtors filed the Objection, which seeks to disallow and

expunge the LBHI Guarantee Claim, along with 59 other proofs of claim, on the basis that "the

Debtors do not owe any of the claimants money and that either no amounts are owed to either party

or the claimant in fact owes the Debtors money."  Objection, at 14.  The Debtors offer no evidence

in support of this assertion or detail concerning the Debtors' calculations with respect to the

underlying derivative contracts, including the Swap Agreement.  Indeed, the Debtors are objecting to

the LBHI Guarantee Claim notwithstanding the fact that they have not challenged the LBSF Claim,

---

[3]    A listing of the relevant claims, including the LBSF Claim, as found on the website of the Debtors' claims agent, Epiq Bankruptcy Solutions, is attached hereto as **Exhibit A**.

[4]    The amount owed to Smurfit was initially stated in Euros, in the amount of €398,411.11.  This amount was converted from Euros to United States Dollars based on the prevailing exchange rate of €1.0/$1.4243 (published by Bloomberg Finance L.P.) as of the Petition Date.

    Although both the LBHI Guarantee Claim and the LBSF claim arise from the same right to payment, their amounts differ as a result of changes in the exchange rate of Dollars for Euros from the Petition Date compared to October 3, 2008, the date LBSF commenced its chapter 11 case.

3

K&E

which arises from the very same right to payment (*i.e.*, the Swap Agreement).

## ARGUMENT

**A.    Applicable Legal Standard.**

8.    A properly filed proof of claim is deemed allowed unless a party in interest objects. *See* 11 U.S.C. § 502(a).  Furthermore, "[a] proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f).

9.    After a claimant has established the prima facie validity of its claim, the objecting party bears the initial burden of persuasion to rebut the validity and/or amount of a claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida Ltd.*, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010).  If the objecting party produces evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency, the burden of proof then shifts to the claimant.  *See id.* (quoting *In re Allegheny Intern., Inc.,* 954 F.2d 167, 173–174 (3d Cir. 1992) (in turn, quoting *In re Holm,* 931 F.2d 620, 623 (9th Cir. 1991))) (internal quotes omitted).  Such evidence must be of equal or greater probative force to that of the proof of claim.  *Id*.  Moreover, "the case law is clear" that "the objector must affirmatively *produce* evidence to counter the creditor's claim." *In re Make Meat Corp.*, 1999 WL 178788 at *4 (S.D.N.Y. Mar. 31, 1999) (citing *In re Woodmere Investors Ltd. P'ship*, 178 B.R. 346, 354-55 (Bankr. S.D.N.Y. 1995) for the proposition that a debtor's mere assertion that a claimant failed to provide justification for its fees is insufficient as evidence to refute that claimant's prima facie evidence of its claim's validity) (emphasis in original).

10.    Only when the burden is shifted back to the claimant must the claimant then prove, by a preponderance of the evidence, that under applicable law the claim should be allowed.  *See In re DJK Residential LLC*, 416 B.R. 100, 104-05 (Bankr. S.D.N.Y. 2009) (citing *Oneida*, 400 B.R. at

4

389) (internal quotes omitted).

**B.    The Debtors Have Put Forth No Evidence to Rebut the LBHI Guarantee Claim.**

11.    Through the Objection, the Debtors seek to summarily expunge the LBHI Guarantee Claim, but fail to present any basis sufficient to rebut its well-settled prima facie validity.  Rather, the Debtors merely assert that they "do not owe any of the claimants money."  Objection, at 14.  The case law is clear that such hollow assertions fall far short of satisfying the applicable legal standard. In short, the Objection is not evidence.

12.    And, even if the Objection was evidence, it does nothing to refute *any* of the allegations essential to the legal sufficiency of the LBHI Guarantee Claim.  The Objection contains only a description of the Debtors' "multi-step" claims review process and provides no specific calculations with respect to the LBHI Guarantee Claim or other descriptions of any alleged deficiencies of that claim.  Moreover, the Objection to the LBHI Guarantee Claim is particularly perplexing because the Debtors do not dispute the amount of the LBSF Claim, which underlies the LBHI Guarantee Claim.

13.    Because the Objection offers no supporting evidence or explanation beyond a conclusory proposition that the Debtors have determined, in their sole discretion, that no liability exists on account of the LBHI Guarantee Claim, the Debtors have not — and cannot — satisfy the applicable legal standard to overcome the prima facie validity of the LBHI Guarantee Claim. Accordingly, as a matter of law, the Objection must be overruled as it applies to the LBHI Guarantee Claim.

## RESERVATION OF RIGHTS

14.    Smurfit expressly reserves its right to provide a supplemental and/or amended briefing on the applicable legal and factual issues.  To the extent that an evidentiary hearing is necessary, Smurfit reserves the right to request a full evidentiary hearing pursuant to Bankruptcy

K&E

Rule 9014(e) and Rule 9014-2 of the Local Rules of Bankruptcy Procedure for the Southern District

of New York and to present evidence in defense of the Objection, including documents and live

testimony.

[*Remainder of page is intentionally left blank.*]

K&E

**WHEREFORE**, for the foregoing reasons, Smurfit respectfully requests that this Court deny the Objection as to the LBHI Guarantee Claim, and allow the LBHI Guarantee Claim in the amount of $567,457 and grant such other and further relief as this Court may deem appropriate under the circumstances.

New York, New York
Dated:  May 17, 2012

/s/ David R. Seligman, P.C.
_____

Craig A. Bruens
Brian E. Schartz
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

-and-

David R. Seligman, P.C.
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

## **Exhibit A**

**Smurfit Claim**s





## **Exhibit B**

**LBHI Guarantee Claim**

| *United States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.<br>Debtors. | Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| Lehman Bros. Holdings Inc. | 08-13555 |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)                    0000015914

**THIS SPACE IS FOR COURT USE ONLY**

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Smurfit Kappa Acquisitions
f/k/a JSG Acquisitions
f/k/a MDCP Acquisitions I
Beech Hill
Clonskeagh
Dublin 4, Ireland
Attn: Brendan Glynn
Tel: +353 2600900
Email: brendan.glynn@smurfitkappa.com

(with a copy to)
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
Attn: Scott J. Gordon
Attn: Cindy Y. Chen
Tel: 212-446-4800
Email: scott.gordon@kirkland.com
cindy.chen@kirkland.com

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim
Number:** _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

**1.   Amount of Claim as of Date Case Filed: $** See attachment

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See attachment
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____N/A_____
**3a. Debtor may have scheduled account as:** __N/A__
(See instruction #3a on reverse side.)

**4.   Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
**Amount of Secured Claim: $**_____ **Amount Unsecured: $**_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $**_____
(See instruction #6 on reverse side.)

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

**7.   Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8.   Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attachment and to-be completed on-line questionnaire.

**FOR COURT USE ONLY**

**FILED / RECEIVED**

**SEP. 1 7 2009**

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

| Date: | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|
| | PAUL REGAN  DIRECTOR<br>Paul Reg~~~~<br>SMURFIT KAPPA Acquisitions |

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

ATTACHMENT TO PROOF OF CLAIM OF
SMURFIT KAPPA ACQUISITIONS
F/K/A JSG ACQUISITIONS
F/K/A MDCP ACQUISITIONS I
AGAINST
LEHMAN BROTHERS HOLDINGS INC.

**A.    General Background**

1.    On and after September 15, 2008 (the "**Petition Date**"), Lehman Brothers

Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively together with LBHI, the

"**Debtors**") commenced voluntary cases under title 11 of chapter 11 of the United States Code

(the "**Bankruptcy Code**").  Pursuant to an order, dated July 2, 2009 (the "**Bar Date Order**"), the

Debtors have established September 22, 2009 as the date by which claims against them have to be

filed (the "**Bar Date**").  Additionally, the Debtors have established October 22, 2009 as the date

by which parties must complete an on-line questionnaire with respect to certain prepetition

"Derivative Claims" and "Guarantee Claims," as such terms are defined in the Bar Date Order.

2.    This attachment (this "**Attachment**") is filed by Smurfit Kappa Acquisitions f/k/a

JSG Acquisitions f/k/a MDCP Acquisitions I (the "**Claimant**"), as a supplement to the

Claimant's written proof of claim and to-be submitted on-line questionnaire (together, the

"**Proof of Claim**") against LBHI, a Debtor in these chapter 11 cases.  All statements and

assertions made in the Proof of Claim are incorporated herein by reference.

**B.    Basis for Claim**

3.    Claimant and LBSF are parties to a Master Agreement (the "**Master Agreement**") dated October 4, 2002, a Schedule to the Master Agreement (the "**Schedule**") dated as of October 4, 2002, and a Confirmation dated January 17, 2002 (collectively, the "**Swap Agreement**").[1]  Pursuant to Exhibit A to the Schedule, LBHI unconditionally guaranteed the obligations of LBSF arising out of the Swap Agreement.  The Swap Agreement matured on October 8, 2008 (the "**Maturity Date**") in accordance with its terms.  The Maturity Date was the final payment date under the Swap Agreement.  As reflected in the Final Net Swap Payment Statement, attached hereto as **Exhibit A**, €398,411.11 was owing by LBSF to Claimant on the Maturity Date, which amount has not been received as of the date hereof.

4.    Based on the foregoing, Claimant asserts an unsecured claim against LBHI, as guarantor to LBSF, in the total amount of $567,457.[2]

**C.    Reservation of Rights**

5.    Claimant reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.  No such amounts are included in the amount asserted in the foregoing paragraph 4.

6.    The filing of the Proof of Claim (including this Attachment and attachments and any documents or attachments submitted in connection therewith) does not constitute a concession or admission by Claimant of liability, of any facts, or as to whether all or a portion of

---

[1]    All capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Master Agreement.

[2]    Amount owed to Claimant initially stated in Euros in the amount of €398,411.11.  This amount has been converted from Euros to United States dollars based on the prevailing exchange rate of €1.0/$1.4243 published by Bloomberg Finance L.P., as of the Petition Date.

the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant or against the Debtors and their estates.

7.      Claimant has filed the Proof of Claim (including this Attachment and any documents or attachments submitted in connection therewith) under compulsion of the Bar Date Order entered in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of the dates established thereby. Claimant reserves the right to amend and/or supplement the Proof of Claim (including this Attachment and any documents or attachments submitted in connection therewith) at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

8.      The filing of the Proof of Claim (including this Attachment and any documents or attachments submitted in connection therewith) is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters set forth in or related to the Proof of Claim, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States

3

Constitution; (d) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters set forth in or related to the Proof of Claim or in any case, controversy, or proceeding related to the Proof of Claim, pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (f) a waiver of the right to move to withdraw the reference with respect to the subject matter of the Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (g) an election of remedies.

9.    All notices regarding this Attachment and the Proof of Claim should be sent to Smurfit Kappa Acquisitions, Beech Hill, Clonskeagh, Dublin 4, Ireland, Attn:  Brendan Glynn and Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York, 10022, Attn:  Scott J. Gordon, Esq. and Cindy Y. Chen, Esq.

**<u>Exhibit A</u>**

**Final Net Swap Payment Statement**

# LEHMAN BROTHERS

**To:**  Derivative Operations
Smurfit Kappa Acquisitions                      *SWAP00084*

**From:**  Derivative Middle Office
Lehman Brothers Special Financing Inc

For Settlement and Payments please contact Derivative Operations at:
Phone: (212) 526-0200  Fax: (212)526-1795 or (212)526-6336

**Date:**  July 04, 2008

**Re:**  Calculation of amount due October 08, 2008
EUR 100,000,000.00 Swap Transaction
Maturing October 08, 2008

*Our Reference: 293978L / 355359*

FIXED AMOUNT:
MDCP ACQUISITIONS 1 to LBSF Inc.

Calculation Period from July 08, 2008 to October 08, 2008

EUR 100,000,000.00 x 3.40000% x 92 / 360 =                       EUR 868,888.89

FLOATING AMOUNT:
LBSF Inc. to MDCP ACQUISITIONS 1
Calculation Period from July 08, 2008 to October 08, 2008

| | |
|---|---|
| Floating Rate Option: | Euribor |
| Designated Maturity: | 3 Months |
| Reference Source: | Telerate page 248 |
| Rate Setting Date: | July 04, 2008 |
| Quoted Rate: | 4.95900% |
| Floating Rate Spread: | 0.00000% |
| Floating Rate: | 4.95900% |

| From | To | Notional - EUR | Floating Rate | Day Count Fraction | Amount - EUR |
|------|-----|----------------|---------------|--------------------|--------------|
| 07/08/08 | 10/08/08 | 100,000,000.00 | 4.95900% | 92/360 | 1,267,300.00 |

Amount due MDCP ACQUISITIONS 1                                  EUR 398,411.11

LBSF Inc. will pay EUR 398,411.11 to MDCP ACQUISITIONS 1 on October 08, 2008 in immediately available funds, as per the following instructions:

*Payment Instructions*

Would you like to confirm payments and retrieve reset calculations online? Please contact us at *212-526-0200* and we will grant you access to our eSAP system. This can be found at www.lehmanlive.com

HAND DELIVERY

N. Roman

RECEIVED BY:

9-17-09

DATE

4:24

TIME