**Hearing Date and Time: June 13, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: June 6, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                              :
**In re**                                     :         **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :         **08-13555 (JMP)**
                                              :
                          **Debtors.**        :         **(Jointly Administered)**
                                              :
-----------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR**
**APPROVAL OF SETTLEMENT AGREEMENT BETWEEN LEHMAN**
**BROTHERS HOLDINGS INC. AND JAPAN LOANS OPPORTUNITIES B.V.**

        PLEASE TAKE NOTICE that a hearing on the annexed Motion (the "Motion") of
Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator
under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and
Its Affiliated Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy
Procedure (the "Bankruptcy Rules"), for approval of a settlement agreement with Japan Loans
Opportunities B.V. ("Japan Loans"), all as more fully described in the Motion, will be held
before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States
Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green,
New York, New York 10004 (the "Bankruptcy Court"), on **June 13, 2012 at 10:00 a.m.**
**(Prevailing Eastern Time)** (the "Hearing").

        PLEASE TAKE FURTHER NOTICE that any responses to the Motion must be in
writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court,
and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order
M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy
Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in
text-searchable portable document format (PDF) (with a hard copy delivered directly to
Chambers), in accordance with the customary practices of the Bankruptcy Court and General
Order M-399, to the extent applicable, and served in accordance with General Order M-399 and
on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal &
Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.
and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33
Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,
Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); (iv) attorneys for Japan Loans, Paul,
Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York
10019 (Attn: Jeffrey Saferstein, Esq. and Elanit Snow, Esq.); (v) all parties who have requested
notice in these chapter 11 cases; and (vi) all parties with a particularized interest in the Motion,
so as to be so filed and received by no later than **June 6, 2012 at 4:00 p.m. (Eastern Time)** (the
"Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not
received by the Objection Deadline, the relief requested shall be deemed unopposed, and the
Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend
the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 16, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
------------------------------------------------------------------x
                                              :
In re                                         :    Chapter 11 Case No.
                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,        :    08-13555 (JMP)
                                              :
                     Debtors.                 :    (Jointly Administered)
                                              :
------------------------------------------------------------------x
```

**MOTION PURSUANT TO RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY**
**PROCEDURE FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN**
**LEHMAN BROTHERS HOLDINGS INC. AND JAPAN LOANS OPPORTUNITIES B.V.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this motion (the "Motion") pursuant to

Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval

of a settlement agreement between LBHI and Japan Loans Opportunities B.V. ("Japan Loans,"

and, together with LBHI, the "Parties"), and respectfully represents:

**Preliminary Statement**

1.      Japan Loans is the holder of two claims against LBHI based on LBHI's

guarantee of certain obligations of its subsidiaries.  The Plan Administrator recognizes the

underlying guarantee obligation as a valid and enforceable liability; however, it disputes certain elements of the claims, including, the applicable exchange rate and the calculation of interest.

2.       In order to avoid the expense and uncertainty attendant to litigating this dispute, the Parties have agreed to resolve their differences in accordance with the terms set forth in that certain Settlement Agreement, dated May 16, 2012 (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A.  In effect, the Settlement Agreement provides that Japan Loans and its successors and assigns shall have a reduced and allowed unsecured guarantee claim, in an amount (i) that uses the exchange rate as set forth in the Disclosure Statement related to the Plan (the "Disclosure Statement") and (ii) that does not include a claim for postpetition interest.  The Settlement Agreement also contains terms protecting LBHI in the event that Japan Loans or its successors and assigns receive full payment of its claims from its primary obligors and/or LBHI.

3.       The Plan Administrator believes that the compromise embodied in the Settlement Agreement is a reasonable resolution of the dispute between the Parties because it resolves LBHI's dispute with respect to the claims, while enabling Japan Loans and its successors and assigns to collect only those amounts to which it is entitled.

## Background

4.       Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On December 6, 2011, the Court approved and entered an order

confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

### Jurisdiction

6.      This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

7.      The Plan Administrator seeks approval of the Settlement Agreement

pursuant to Bankruptcy Rule 9019.  The Plan Administrator has determined, in the exercise of its

sound business judgment, that the Settlement Agreement is in the best interests of LBHI, its

estate and its creditors and should be approved.

### The Claims

8.      Commonwealth Bank of Australia, acting through its Tokyo Branch

("Commonwealth"), as lender, and Lehman Brothers Holdings Japan Inc. ("LBHJ"), as

borrower, entered into an uncommitted revolving credit facility agreement, dated June 28, 2007,

as amended, pursuant to which Commonwealth loaned LBHJ JPY 10 billion (the

"Commonwealth Credit Facility").  On June 15, 2007, LBHI issued a guarantee in favor of

Commonwealth, as inducement for Commonwealth's anticipated extension of credit to LBHJ,

which guaranteed sums due and payable by LBHJ under the Commonwealth Credit Facility (the

"Commonwealth Guarantee").

9.      Shinkin Central Bank ("Shinkin"), as lender, and LBHJ, as borrower,

entered into a revolving credit facility agreement, dated May 31, 2007, as amended, pursuant to

which Shinkin loaned LBHJ JPY 10 billion (the "Shinkin Credit Facility").  On May 1, 2007,

LBHI issued a guarantee in favor of Shinkin, as inducement for Shinkin's anticipated extension

of credit to LBHJ, which guaranteed certain sums due and payable by LBHJ to Shinkin (the "Shinkin Guarantee"), including amounts payable under the Shinkin Credit Facility. On February 3, 2009, Banc of America Securities Limited, a successor of Shinkin, sold its interest in JPY 7 billion of receivables under the Shinkin Credit Facility to Japan Loans.

10.    On September 17, 2009, Commonwealth filed a Proof of Claim, which was assigned claim number 14795 (such claim, "Claim 14795") by the Court-approved claims and noticing agent (the "Claims Agent"), asserting an unsecured claim in the amount of $95,260,422.44 and a secured claim in an undetermined or unliquidated amount against LBHI based upon the Commonwealth Guarantee.

11.    Japan Loans acquired a $71,444,505.27 portion (the "JL Claim 14795 Portion") of Claim 14795 on March 14, 2011, ECF No. 14974.

12.    On June 11, 2011, the Court entered an order granting the One Hundred Thirty-Sixth Omnibus Objection to Claims (Misclassified Claims), ECF No. 18401, reclassifying Claim 14795 as an unsecured claim.

13.    On September 18, 2009, Japan Loans filed a Proof of Claim, which was assigned claim number 18829 by the Claims Agent, asserting an unsecured claim in the amount of $67,013,453.00 against LBHI based upon the Shinkin Guarantee (such claim, "Claim 18829" and together with the JL Claim 14795 Portion, the "Claims").

**The Dispute and the Settlement Agreement**[1]

14.    The Claims were calculated by the creditor using exchange rates, interest rates, and accrued interest amounts that LBHI disputed. Following negotiations, the Parties

---

[1] The terms described below are provided as a summary of the terms of the Settlement Agreement. In the case of an inconsistency between the terms set forth in this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

agreed to use the exchange rate set forth in the Disclosure Statement, agreed on interest rates, and agreed on the calculation of accrued prepetition interest.  As a result, pursuant to the Settlement Agreement, the JL Claim 14795 Portion was reduced by $844,824.79, resulting in an allowed unsecured guarantee claim in LBHI Class 5 of the Plan in the amount of $70,599,681.48 (the "Allowed JL Claim 14795")[2] and Claim 18829 was reduced by $1,090,381.82, resulting in an allowed unsecured guarantee claim in LBHI Class 5 of the Plan in the amount of $65,923,071.29 (the "Allowed Claim 18829" and together with Allowed JL Claim 14975, the "Allowed Claims").

15.      Pursuant to the Settlement Agreement, Japan Loans agreed to be jointly and severally liable with any subsequent holders of the Allowed Claims to LBHI for the disgorgement of any distributions or other consideration, including, without limitation, by way of set-off, received on account of the Allowed Claims, to the extent that such distributions or other consideration combined with distributions or other consideration made or paid by, or on behalf of, LBHJ to Japan Loans or any such subsequent holder on account of any corresponding claim against LBHJ in the aggregate exceed the amount of the Allowed Claims.

**The Settlement Agreement Meets the Legal Standard Established Under
Bankruptcy Rule 9019 and Is in the Best Interests of the LBHI and Its Estate**

16.      Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a).  This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate."  *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also*

---

[2] The Settlement Agreement does not apply to or affect any portion of Claim 14795 other than the JL Claim 14795 Portion.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414,

424 (1968); *Fisher v. Pereira* (*In re 47-49 Charles St., Inc.*), 209 B.R. 618, 620 (S.D.N.Y. 1997);

*In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir.

1994).  Indeed, courts have long considered compromises to be "a normal part of the process of

reorganization."  *TMT Trailer Ferry*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber

Prods. Co.*, 308 U.S. 106, 130 (1939)).

17.    The decision to approve a particular compromise lies within the sound

discretion of the bankruptcy court.  *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994).  The

settlement need not result in the best possible outcome for the debtor, but must not fall beneath

the lowest point in the range of reasonableness.  *Drexel Burnham Lambert Group*, 134 B.R. at

505; *see also Cosoff v. Rodman* (*In re W.T. Grant Co.*), 699 F.2d 599, 608 (2d Cir. 1983); *In re

Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Additionally, a court may exercise its

discretion "in light of the general public policy favoring settlements."  *In re Hibbard Brown &

Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998).  However, the analysis must focus on the

question of whether a particular compromise is "fair and equitable, and in the best interest of the

estate."  *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations

omitted).

18.    While a court must "evaluate . . . all . . . factors relevant to a fair and full

assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court

need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699

F.2d at 608, or conduct a full independent investigation.  *Drexel Burnham Lambert Group*, 134

B.R. at 496.  "[T]he bankruptcy judge does not have to decide the numerous questions of law and

fact. . . .  The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness."  *Nellis*, 165 B.R. at 123 (internal citations omitted).

19.     The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise."  *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. . . .  If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

20.     The compromise set forth in the Settlement Agreement is fair and equitable, in the best interests of LBHI's estate and its creditors, and an appropriate exercise of the Plan Administrator's sound business judgment.  The Settlement Agreement provides that the Claims should be reduced to reflect that (i) the exchange rate established in the Disclosure Statement shall be used to convert the claim from Japanese yen to US dollars and (ii) Japan Loans is not entitled to postpetition interest.

21.     For the reasons stated above, and in the Plan Administrator's informed business judgment, the compromises set forth in the Settlement Agreement are a "fair and equitable" resolution of the issues described herein, are well within the "range of reasonableness," and are in the best interests of LBHI's estate and its creditors.  Accordingly, the Plan Administrator requests that the Settlement Agreement be approved.

## Notice

22.    No trustee has been appointed in the Chapter 11 Cases.  The Plan Administrator has served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for Japan Loans; and (vi) all parties who have requested notice in the Chapter 11 Cases.  The Plan Administrator submits that no other or further notice need be provided.

23.    No previous request for the relief sought herein has been made by the Plan Administrator or LBHI to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 16, 2012
         New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## **Exhibit A**

**(The Settlement Agreement)**

## SETTLEMENT AGREEMENT RESOLVING
## CLAIMS OF JAPAN LOANS OPPORTUNITIES B.V.

This settlement agreement (the "Settlement Agreement") is entered into as of May 16, 2012 by and between Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), for itself and as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), on the one hand, and Japan Loans Opportunities B.V. (collectively, "Japan Loans" or "Claimant"), on the other hand (collectively, the "Parties").  Capitalized terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Plan.

## RECITALS:

A.    Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP).  The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B.    Pursuant to that certain *Order pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established:  (i) September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") in the chapter 11 cases (the "General Bar Date"); (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract and Guarantee (each as defined in the Bar Date Order) claims (together, the "Derivative and Guarantee Questionnaires"); and (iii) November 2, 2009 as the deadline to file Proofs of Claim with respect to any Lehman Program Securities (as defined in the Bar Date Order).

C.    Commonwealth Bank of Australia, acting through its Tokyo Branch ("Commonwealth"), as lender, and Lehman Brothers Holdings Japan Inc. ("LBHJ"), as borrower, entered into an uncommitted revolving credit facility agreement, dated June 28, 2007, as amended, pursuant to which Commonwealth loaned LBHJ JPY 10 billion (the "Commonwealth Credit Facility").  On June 15, 2007, LBHI issued a guarantee in favor of Commonwealth guaranteeing sums due and payable by LBHJ under the Commonwealth Credit Facility (the "Commonwealth Guarantee").

D.    Shinkin Central Bank ("Shinkin"), as lender, and LBHJ, as borrower, entered into a revolving credit facility agreement, dated May 31, 2007, as amended, pursuant to which Shinkin loaned LBHJ JPY 10 billion (the "Shinkin Credit Facility").  On May 1, 2007, LBHI issued a guarantee in favor of Shinkin guaranteeing certain sums due and payable by LBHJ to Shinkin (the "Shinkin Guarantee"), including amounts payable under the Shinkin Credit Facility.  On February 3, 2009, Banc of America Securities Limited, a successor of Shinkin, sold its interest in JPY 7 billion of receivables under the Shinkin Credit Facility to Japan Loans.

E.      On September 17, 2009, Commonwealth filed a Proof of Claim, which was assigned claim number 14795 (such claim, "Claim 14795") by the court-approved claims and noticing agent (the "Claims Agent"), asserting an unsecured claim in the amount of $95,260,422.44 and a secured claim in an undetermined or unliquidated amount against LBHI based upon the Commonwealth Guarantee.

F.      Japan Loans acquired a $71,444,505.27 portion (the "JL Claim 14795 Portion") of Claim 14795 on March 14, 2011, ECF No. 14974.

G.      On June 11, 2011, the Court entered an order granting the One Hundred Thirty-Sixth Omnibus Objection to Claims (Misclassified Claims), ECF No. 18401, reclassifying Claim 14795 as an unsecured claim.

H.      On September 18, 2009, Japan Loans filed a Proof of Claim, which was assigned claim number 18829 by the Claims Agent, asserting an unsecured claim in the amount of $67,013,453.00 against LBHI based upon the Shinkin Guarantee (such claim, "Claim 18829" and together with JL Claim 14795 Portion, the "Claims").

I.      The Plan Administrator has informally challenged the amount of the Claims.

J.      After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Claims pursuant to the terms and conditions set forth in this Settlement Agreement.

## AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.      The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2.      This Settlement Agreement shall become effective once it has been executed by all Parties and the Court has entered an order (the "Approval Order") in form and substance reasonably satisfactory to the Parties, approving LBHI's entry into this Settlement Agreement pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Effective Date").

3.      Upon the Effective Date, the JL Claim 14795 Portion shall be reduced and allowed as an unsecured guarantee claim against LBHI in the amount of $70,599,681.48 (the "Allowed Claim 14795") and included in LBHI Class 5 of the Plan.  Claimant authorizes LBHI to provide a copy of this Settlement Agreement to the Claims Agent to update the claims registry accordingly.

4.      Upon the Effective Date, Claim 18829 shall be reduced and allowed as an unsecured guarantee claim against LBHI in the amount of $65,923,071.29 (the "Allowed Claim 18829" and together with Allowed Claim 14975, the "Allowed Claims") and included in LBHI Class 5 of the Plan.  Claimant authorizes LBHI to provide a copy of this Settlement Agreement

to the Claims Agent to update the claims registry accordingly.

5.      This Settlement Agreement shall have no effect on any portions of the Claims held by any parties others than Japan Loans.

6.      Other than the right to receive payments, distributions or other consideration on account of the Allowed Claims, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall have no further right to payment from LBHI, the affiliates controlled by LBHI, or their respective successors or assigns (collectively, the "Lehman Parties") on account of the Claim 18829, the JL Claim 14795 Portion, or the Commonwealth Guarantee and/or the Shinkin Guarantee as they relate to Claim 18829 and the JL Claim 14795 Portion.

7.      Claimant (i) acknowledges that pursuant to sections 8.13 and 8.14 of the Plan, the Plan Administrator may require Claimant to provide certain certifications and undertakings as a prerequisite to receiving Distributions on the Allowed Claims, and (ii) agrees to be liable, jointly and severally with any subsequent holders of the Allowed Claims, to LBHI for the disgorgement of any Distributions or other consideration, including, without limitation, by way of set-off, received on account of the Allowed Claim (excluding Distributions contributed to the Plan Adjustment on account of the Allowed Claim) to the extent that such Distributions or other consideration combined with distributions or other consideration made or paid by, or on behalf of, LBHJ to Claimant or any such subsequent holder on account of any corresponding claim against LBHJ in the aggregate exceed the amount of the Allowed Claim.

8.      This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

9.      This Settlement Agreement may not be modified other than by signed writing executed by the Parties hereto.

10.     The Plan Administrator shall file a motion with the Court seeking entry of the Approval Order.

11.     As of the date hereof, Japan Loans represents and warrants that it is the legal and beneficial owner of the JL Claim 14795 Portion asserted in the amount of $71,444,505.27 and Claim 18829 asserted in the amount of $67,013,453.12 and has authority to enter into this Settlement Agreement.

12.     Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Settlement Agreement.

13.     This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any

copy, copies, or facsimiles signed by the Parties hereto to be charged.

14.    This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

15.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 6. Section 1542 of the California Civil Code reads as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

16.    This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

17.    The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Print Name: _____
Title: _____
 Daniel Ehrmann
 Senior Vice President

JAPAN LOANS OPPORTUNITIES B.V.

By: _____
Print Name: _____
Title: _____

By: _____
Print Name: _____
Title: _____

Dated: May 15, 2012
 New York, New York

Dated: _____ ___, 2012
 New York, New York

copy, copies, or facsimiles signed by the Parties hereto to be charged.

        14.    This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

        15.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 6. Section 1542 of the California Civil Code reads as follows:

        "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

        16.    This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

        17.    The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.
By: _____
Print Name:
Title:

JAPAN LOANS OPPORTUNITIES B.V.
By: _____
Print Name: _DAWN CHUMA_
Title: _DIRECTOR A_

By: _____
Print Name:
Title:     **Roel Langelaar**
          Managing Director

Dated: _____, 2012
      New York, New York

Dated: _May 16_, 2012
      Amsterdam, the Netherlands

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                        :
In re                                                   :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,            :        **08-13555 (JMP)**
                                                        :
                                  **Debtors.**          :        **(Jointly Administered)**
                                                        :
---------------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE**
**FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF**
**SETTLEMENT AGREEMENT WITH JAPAN LOANS OPPORTUNITIES B.V.**

Upon the motion, dated May 16, 2012 (the "Motion"), of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules") for approval of that certain Settlement Agreement, dated May 16, 2012 (the

"Settlement Agreement"), a copy of which is attached to the Motion as Exhibit A, all as more

fully described in the Motion;[1] and the Court having jurisdiction to consider the Motion and the

relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61

Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings

Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the second

amended order entered June 17, 2010 governing case management and administrative procedures

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange

Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

District of New York; (v) the attorneys for Japan Loans; and (vi) all parties who have requested

notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided;

and a hearing (the "Hearing") having been held to consider the relief requested in the Motion;

and the Court having found and determined that the relief sought in the Motion is in the best

interests of LBHI's estate, its creditors, and all other parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is

approved; and it is further

ORDERED that LBHI is duly authorized to execute, deliver, implement and fully

perform any and all obligations, instruments, documents and papers and to take any and all

actions reasonably necessary or appropriate to consummate the Settlement Agreement and

perform any and all obligations contemplated therein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good

and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated: _____, 2012
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE