**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, New Jersey 07962
(973) 538-4006
     -and-
156 West 56th Street, Suite 803
New York, New York 10019-3800
Warren J. Martin Jr.
Matthew B. Heimann

*Counsel to Samuel E. Belk IV*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>LEHMAN BROTHERS HOLDING INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

**RESPONSE OF CLAIMANT SAMUEL E. BELK IV TO DEBTORS' TWO
HUNDRED EIGHTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
(EMPLOYMENT-RELATED CLAIMS)**

TO:    THE HONORABLE JAMES M. PECK
           UNITED STATES BANKRUPTCY JUDGE

Mr. Samuel E. Belk IV, by and through his undersigned counsel, submits this response ("Response") to the Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims), dated April 17, 2012 (the "Objection") [Doc. No. 27397], filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors (collectively with LBHI, the "Debtors"), and respectfully states as follows:

**JURISDICTION**

1.    This Court has jurisdiction to consider the Objection and Response pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2115119

**RELEVANT BACKGROUND**

2. From around September 2000 until April 2008, Mr. Belk was an employee of LBHI, as evident from the supporting documents filed with Mr. Belk's proof of claim (the "Claim"). The Claim was timely filed on February 25, 2009, and is recorded as claim number 3015. A true copy of the Claim is attached as **Exhibit A** to the Certification of Matthew B. Heimann (the "MBH Cert.") filed in support of the Response.

3. In August 2000, Mr. Belk and LBHI entered into that certain employee agreement (the "Agreement," attached to the Claim), which set forth the terms of his work assignment to Tokyo, Japan. Among other terms, the Agreement memorialized Mr. Belk's compensation and expatriate benefits. Most notably, the Agreement identifies LBHI as Mr. Belk's "US employer" and affirms that Mr. Belk's assignment to Tokyo "[would] not alter . . . [his] employment with Lehman Brothers Holdings Inc." MBH Cert, Exhibit A, Agreement, p.1, ¶ 2.

4. The Agreement also included a Foreign Assignment Handbook, which outlined LBHI's Tax Equalization Policy that Mr. Belk (and LBHI) was required to participate in and follow.

5. Pursuant to the Tax Equalization Policy, LBHI assumed responsibility for Mr. Belk's actual tax liability. LBHI would withhold taxes from Mr. Belk's paycheck based on a hypothetical tax return that was prepared as if Mr. Belk had earned his employment-related income in the United States. Then, after LBHI performed a tax-equalization reconciliation, Mr. Belk would either be refunded for excess withholdings or reimburse LBHI for a shortfall, as the case may be. Either way, LBHI was required to pay the actual tax liability on Mr. Belk's compensation and expatriate benefits. MBH Cert, Exhibit A, Claim and Agreement.

6. For the months of January 2008 through April 2008, LBHI withheld $292,229.19 in taxes from Mr. Belk. Yet not one cent of those withholdings was ever paid over to the appropriate taxing authority, leaving Mr. Belk exposed to an enormous tax liability. (Mr. Belk is also owed $8,699.40 in repatriation expenses for which, pursuant to the Agreement, LBHI is liable.[1])

7. In April 2012, LBHI filed the Objection to the Claim on the sole ground that Mr. Belk was not an employee of LBHI and that LBHI is not responsible for his compensation claims.

## RESPONSE

8. The Objection fails completely to overcome the *prima facie* validity of Mr. Belk's Claim. For the following legal reasons, the Objection should be denied as it relates to the Claim.

9. A properly filed proof of claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). A properly filed proof claim, moreover, is *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f).

10. Following the establishment of a claim's *prima facie* validity, the burden shifts to the objector or movant to show "sufficient evidence" to negate such *prima facie* validity. *In re Adelphia Comm's Corp.*, 2007 Bankr. LEXIS 660, *15 (Bankr. S.D.N.Y. 2007). Such "sufficient evidence" must be of equal or greater probative force to that of the proof of claim, "which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (quoting *In re Allegheny Int'l., Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)).

---

[1] The $8,699.40, plus $2,250.60 from Mr. Belk's tax withholdings, is afforded priority status under 11 U.S.C. § 507(a)(4).

3

11. "Mere objections" to a filed claim do not constitute "sufficient evidence" and are thus insufficient to refute a claimant's *prima facie* evidence. *See Riverbank, Inc. v. Make Meat Corp. (In re Make Meat Corp.)*, 1999 U.S. Dist. LEXIS 3974, *9-10 (S.D.N.Y. Mar. 31, 1999) ("The case law is clear. To prevail, the objector must affirmatively produce evidence to counter the creditor's claim.").

12. Only when an objector overcomes its burden and puts forth such "sufficient evidence" does the burden of going forward shift back to the claimant, who is then "required to meet the usual burden of proof to establish the validity of the claim." *In re Adelphia*, 2007 Bankr. LEXIS 660, *15-16; *In re Oneida Ltd.*, 400 B.R. at 389.

13. Here, the Debtors have failed to present any legally cognizable evidence—e.g., a certification or any sworn document—to satisfy their burden to demonstrate (i) that the Claim is not against LBHI and the Debtors' chapter 11 estates and (ii) that Mr. Belk was not an employee of LBHI. To satisfy their burden, the Debtors would have had to produce "sufficient evidence" to overcome the *prima facie* validity of Mr. Belk's sworn Claim and the documentary evidence annexed thereto.

14. The Objection, instead, is limited to a single, unverified, unsworn, and conclusory assertion that Mr. Belk was not an employee of LBHI but, rather, an "employee[] of other Lehman entities, including Lehman Brothers Inc. ('LBI')." Objection, ¶ 14. No "evidence" is provided to support the Objection as it relates to Mr. Belk's Claim or to counter that Mr. Belk's Claim is properly filed against LBHI.

15. Conversely, Mr. Belk's Claim <u>does</u> include supporting documentation, e.g., the Agreement, which that clearly states that LBHI was Mr. Belk's "U.S. employer." MBH Cert, Exhibit A, Agreement. Indeed, the Agreement clarifies that Mr. Belk's assignment to Tokyo

4

"[would] not alter the existing terms and conditions <u>of your employment with Lehman Brothers Holdings Inc</u>. . . ." *Id.* (emphasis added). Without evidence to the contrary, the Debtors have not met their initial burden of refuting the validity of the Claim and, therefore, have not shifted the burden of proving the Claim to Mr. Belk. The burden remains with the Debtors to produce "sufficient evidence" that the Claim should be disallowed and expunged. Because the Debtors have not done so, the Objection as it pertains to the Claim should be denied.

## **Possibility of Inconsistent Results**

16.    Mr. Belk did also file a protective claim in the SIPA proceedings for Lehman Brothers Inc. ("LBI") (case no. 08-1420 (JMP)). That matter, however, to counsel's knowledge, has not proceeded to the allowance/disallowance of claims.

17.    In addition to the arguments above, this Court should hesitate to disallow the Claim on the ground that it is a claim against the separate entity LBI, unless such ruling would have a *res judicata* effect in the LBI SIPA proceeding. Otherwise, Mr. Belk—who was likely an employee of <u>both</u> entities, but at the very least of <u>one</u> of them—could find himself the victim of rulings that would be ludicrous in their inconsistency, given the evidence that Mr. Belk has offered of employment by <u>both</u> LBHI and LBI.

## **Discovery**

18.    This matter is now a contested matter under Bankruptcy Rule 9014, and Mr. Belk intends to seek documents and other information from the Debtors pursuant to Rules 7026 and 9014(c) of the Federal Rules of Bankruptcy Procedure and Rule 9014-1 of the Local Bankruptcy Rules for the Southern District of New York, along with reserving the right to request a full evidentiary hearing pursuant to Rule 9014-2 of the Local Bankruptcy Rules for the Southern District of New York. Mr. Belk expressly reserves such rights.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, Samuel E. Belk IV respectfully requests that this Court (i) overrule the Objection as it pertains to the Claim and (ii) grant such further relief as this Court deems just.

<u>Dated</u>: May 17, 2012

Respectfully submitted,

**PORZIO, BROMBERG & NEWMAN, P.C.**

By:  /s/ Matthew B. Heimann.
   Warren J. Martin Jr.
   Matthew B. Heimann

100 Southgate Parkway
Morristown, New Jersey 07962
(973) 538-4006
  -and-
156 West 56th Street, Suite 803
New York, New York 10019-3800
Warren J. Martin Jr.
Matthew B. Heimann

*Counsel to Samuel E. Belk IV*