B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.

Case No. 08-13555 (JMP)
(Jointly Administered)

# PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Rust Belt Holdings, L.L.C. | Deutsche Bank AG, London Branch |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

    Rust Belt Holdings, L.L.C.
    P.O. Box 8155
    New York, New York 10150
    E-mail: claims@rustbeltholdings.net
    Phone: N/A
    Last Four Digits of Acct #: N/A

With a copy to:
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, New York 10019-6064
Attention: Alice Belisle Eaton
Phone: (212) 373-3125
Facsimile: (212) 492-0125
E-Mail: aeaton@paulweiss.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 59006
Total Amount of Claim as Filed: $1,243,497,721.16
Total Allowed Amount of Claim:
$1,015,500,000.00
Allowed Amount of Claim to be Transferred:
$10,000,000.00

Date Claim Filed: 10/30/2009
Debtor: Lehman Commercial Paper Inc.

Name and Address of Transferor:

Deutsche Bank AG, London Branch
c/o Deutsche Bank Securities Inc.
60 Wall Street
New York, New York 10005
Attn:   Rich Vichaidith
Email: richard.vichaidith@db.com

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**RUST BELT HOLDINGS, L.L.C.**

By: _____     Date: May 18, 2012
    Transferee/Transferee's Agent
    Alice Belisle Eaton/Authorized Signatory

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:     United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
        Attn: Clerk

AND TO: Lehman Commercial Paper Inc. ("Debtor")
        Case No. 08-13555 (JMP) (Jointly Administered)

Proof of Claim Number 59006

**DEUTSCHE BANK AG, LONDON BRANCH**, its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**Rust Belt Holdings, L.L.C.**
**PO Box 8155**
**New York, NY 10150**

its successors and assigns ("Buyer"), all right, title and interest in and to $10,000,000.00 of the Claim of Seller, represented by Proof of Claim Number 59006, against Lehman Commercial Paper, Inc., in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor (the "Assigned Claim").

Seller hereby waives any objection to the transfer of the Assigned Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Assigned Claim and recognizing the Buyer as the sole owner and holder of the Assigned Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Assigned Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Partial Transfer of Claim by its duly authorized representative dated May 18, 2012.

**DEUTSCHE BANK AG, LONDON BRANCH**     |     **RUST BELT HOLDINGS, L.L.C.**

Ross Miller
Director

By: _____              By: _____
    Name:                                     Name:
    Title:                                    Title:

By: _____
    Name:          Philipp Roever
    Title:         Vice President

EVIDENCE OF PARTIAL TRANSFER OF CLAIM

TO:    United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court")
       Attn: Clerk

AND TO:    Lehman Commercial Paper Inc.  ("Debtor")
           Case No. 08-13555 (JMP) (Jointly Administered)

Proof of Claim Number 59006


**DEUTSCHE BANK AG, LONDON BRANCH**, its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**Rust Belt Holdings, L.L.C.**
**PO Box 8155**
**New York, NY 10150**

its successors and assigns ("Buyer"), all right, title and interest in and to $10,000,000.00 of the Claim of Seller, represented by Proof of Claim Number 59006, against Lehman Commercial Paper, Inc., in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor (the "Assigned Claim").

Seller hereby waives any objection to the transfer of the Assigned Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Assigned Claim and recognizing the Buyer as the sole owner and holder of the Assigned Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Assigned Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Partial Transfer of Claim by its duly authorized representative dated ~~May 18,~~ , 2012.


**DEUTSCHE BANK AG, LONDON BRANCH**          **RUST BELT HOLDINGS, L.L.C.**


By: _____          By: _____
    Name:                                       Name: ALICE BELISLE EATON
    Title:                                       Title: AUTHORIZED SIGNATORY

By: _____
    Name:
    Title:

Exhibit B

Proof of Claim

**United States Bankruptcy Court/Southern District of New York**

Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, NY 10017

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. | Case No. 08-13555 (JMP) |
| Debtors. | (Joint Administered) |
| Name of Debtor Against Which Claim is Held | One No. Of Debtor |
| Lehman Commercial Paper Inc. | 08-13900 (JMP) |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 USC § 503.

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000059006

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Lehman Brothers Bankhaus AG (in Insolvenz) **Felix Schaefer**
(See attached Schedule for notice information) **Rechsanwalt**

**CMS Hasche Sigle, Breite Str. 3
40213 Dusseldorf, Germany**

Telephone number:          Email Address:

- ☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

- ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- ☐ Check this box if you are the debtor or trustee in this case.

NOTICE OF SCHEDULED CLAIM:
Your Claim is scheduled by the indicated Debtor as:

1. Amount of Claim as of Date Case Filed: $ **not less than** $1,243,497,721.16*

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.
- ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
- ☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
- ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. Basis for Claim: (See attached Schedule)
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: __N/A__
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☒ Other
Describe: (See attached Schedule)
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $ **see attached** Amount Unsecured: **see attached**

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:
- ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
- ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a)(4).
- ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507(a)(5).
- ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507(a)(7).
- ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507(a)(8).
- ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$___N/A___

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $__N/A__
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: (See attached schedule)

FOR COURT USE ONLY

**FILED / RECEIVED**

OCT 3 0 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: Oct 29, 2009 | Signature: Lehman Brothers Bankhaus AG (in Insolvenz) |
| | Name: Dr. Michael C. Frege |
| | Title: Insolvency Administrator of Lehman Brothers Bankhaus AG (in Insolvenz) |

Penalty for presenting fraudulent claims: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Plus contingent/unliquidated claims.
USActive 17182192.2

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>LEHMAN BROTHERS HOLDINGS, INC., et al.<br><br>Debtors. | Chapter 11<br><br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held<br><br>LEHMAN COMMERCIAL PAPER INC. | Chapter 11<br><br>Case No. 08-13900 (JMP) |

## SCHEDULE TO PROOF OF CLAIM OF
## LEHMAN BROTHERS BANKHAUS AG (in *INSOLVENZ*)

1.      Lehman Brothers Bankhaus AG (in *Insolvenz*) ("LBB"), acting through Dr. Michael C. Frege (*Insolvenzverwalter*) ("Insolvency Administrator") as duly authorized Insolvency Administrator and putative foreign representative of LBB and without personal liability, hereby files this claim (the "Claim") against Lehman Commercial Paper Inc. ("LCPI," and together with Lehman Brothers Holdings Inc. ("LBHI") and its direct and indirect subsidiaries, the "Lehman Group"), case number 08-13900 (JMP) (the "Bankruptcy Proceeding") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). LBB files this Claim in connection with the Bar Date and Questionnaire Deadline for the Foreign Protocol Signatories, as defined in the Stipulation, Agreement and Order Between the Debtors and the Signatories to the Cross-Border Insolvency Protocol With Respect to the Bar Date Order (the "Protocol Signatories Stipulation, Agreement and Order") approved August 25, 2009 by the Bankruptcy Court, for the purpose of preserving its rights under title 11

of the United States Code (the "Bankruptcy Code"). This Claim, including, without limitation, each of the values identified herein and in any supporting documents attached hereto, has been calculated to the best of the Insolvency Administrator's knowledge in reliance on LBB's books and records as of the date of this filing and as qualified in every respect as set forth in greater detail herein. LBB reserves the right to supplement, amend or correct the claim population and each claim value or placeholder reported in this Claim.

## A.    BACKGROUND

2.    LBB is a stock corporation organized under German law (an *Aktiengesellschaft, AG*). On August 28, 1987, Germany's Federal Supervisory Authority, *Bundesanstalt für Finanzdienstleistungsaufsicht* ("BaFin") issued LBB a banking license to conduct its business. Since then, LBB has been subject to the regulation and control of BaFin and the German Federal Reserve Bank *(Deutsche Bundesbank)*. LBB was established on June 3, 1987, and registered with the commercial register of the Lower District Court *(Amtsgericht)* of Frankfurt am Main under file no. HRB 28139 on September 14, 1987. Lehman Brothers Holdings Inc. ("LBHI") is the sole shareholder of LBB.

3.    The corporate purpose of LBB is to conduct banking activities of any kind excluding (i) mortgage backed lending, (ii) the business of building societies, and (iii) the mutual investment fund business. Within the framework of its legally admissible business operations, LBB is authorized to execute all activities and to take all measures in furtherance of its economic purpose, including, but not limited to, the establishment of branch offices and participations in other business entities.

2

4.    On September 15, 2008 (the "Administration Date"), BaFin issued an order under Section 46a of the German Banking Act *(Kreditwesengesetz)* (the "September 15 Order"). Pursuant to the September 15 Order, LBB was prohibited from: (i) disposing of any assets and making any payments, (ii) keeping its business open for contact with its customers, and (iii) accepting any payments from third parties except in exchange for redemption of debt owing to LBB. To the extent possible under the restrictions of the September 15 Order, LBB continued its business through its management, while management, the deposit insurance fund of German private banks *(Einlagensicherungsfonds)*, and BaFin were evaluating a possible restructuring to rescue LBB from insolvency.

5.    On October 5, 2008 (the "Petition Date"), LCPI filed for bankruptcy protection in the Bankruptcy Court pursuant to chapter 11 of the Bankruptcy Code.

6.    On November 12, 2008, BaFin filed an application for the opening of insolvency proceedings with the insolvency court at the Frankfurt Lower District Court *(Amtsgericht Frankfurt am Main)* (the "German Court"). Following such application, insolvency proceedings were opened by the German Court on November 13, 2008.

7.    On November 13, 2008, the German Court issued an order appointing Dr. Frege as the Insolvency Administrator *(Insolvenzverwalter)* of LBB.

8.    On April 29, 2009, the Insolvency Administrator filed a Verified Petition Under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Representative and Foreign Main Proceeding and for Additional Relief Under 11 U.S.C. § 1521 in the Bankruptcy Court, case number 09-12704 (JMP). On May 22, 2009, the Bankruptcy

Court entered an Order Granting Recognition of Foreign Representative and Foreign Main Proceeding and for Additional Relief Under 11 U.S.C. § 1521.

**B.    CLAIM AND GROUNDS FOR LIABILITY**

9.    LBB and LCPI had a complex financial intercompany relationship, which has resulted in a debt being owed by LCPI to LBB.  This Claim consists of numerous underlying transactions and intercompany debts.

10.    The transactions and debts broadly fall into the following categories:  (i) general intercompany accounts; (ii) repurchase agreement claims; (iii) contingent claims; and (iv) other claims. LBB estimates that the aggregate liquidated amount owing to LBB from LCPI, subject in all respects to LBB's reservation of rights and the further discussion as set forth herein, is not less than USD 1,243,497,721.16.  In addition, the Claim includes unliquidated and contingent amounts as described herein in an amount up to at least USD 3,299,347,636.37.

    **i.    General Intercompany Account Claims**

11.    LBB had an intercompany account with LCPI (the "Intercompany Account").  The Intercompany Account reflected the balances as between LCPI and LBB as a result of a variety of intercompany transactions.   Given the complexity of the historical intercompany business, it was usual in the past for LBB and LCPI to reconcile the intercompany balances from time to time, and make balancing payments accordingly. Under the Lehman Group's pre-Petition Date cash management process, LBHI managed substantially all of the material cash resources of LBB.

12.     According to LBB's records, the aggregate amount of the respective claims attributable to the Intercompany Account is USD 6,497,721.16.   Evidence in support of this figure is attached hereto as Exhibit A.

13.     The Insolvency Administrator continues to investigate the component elements of the Intercompany Account, and to verify the appropriateness of any netting that has been applied to the Intercompany Account.  In the event that LBB's records are incorrect or incomplete for reasons currently unknown to the Insolvency Administrator and/or that new or corrected information results in a change to the current balance owing to LBB, the Insolvency Administrator will amend the Intercompany Account claim accordingly.

14.     LBB hereby asserts and reserves all rights of setoff under applicable law and section 553 of the Bankruptcy Code.  LBB further asserts and reserves all rights of recoupment arising from its transactions with LCPI. Moreover, in accordance with section 506 of the Bankruptcy Code, LBB hereby asserts that its claims against LCPI are secured to the extent of any such setoff rights.  In addition, to the extent applicable, LBB asserts a lien over assets in LCPI's custody for clients that are indebted to LBB.

**ii.      Repurchase Agreement Claims**

15.     Pursuant to certain master repurchase agreement dated October 16, 1998, as amended from time to time, between, *inter alia*, LBB and LCPI, (the "Repo Agreement"), LBB and LCPI entered into transactions where one party would sell securities or other assets to the other. The selling party would simultaneously agree to repurchase such securities or other assets at a fixed price in the future.  The Repo Agreement and related amendments are attached hereto as Exhibit B.

5
176536661\V-1

16.    As part of a series of three repurchase transactions under the Repo Agreement, LCPI sold LBB USD at least USD 1,237,000,000 worth of certain floating rate secured notes issued in connection with that certain EUR 2,500,000,000 Multi-Structure Note Programme with 7th Avenue as issuer, pursuant to which four series of notes (the "7th Avenue Notes") were issued.  LCPI was required to repurchase the notes sold to LBB at a later date as provided for in the Repo Agreement.  Specifically, LCPI sold LBB (i) USD 847,000,000 worth of Series 4 Notes (ISIN XS0385832711) on August 28, 2008; (ii) USD 190,000,000 worth of Series 3 Notes (ISIN XS0207405746) on September 13, 2007; and (iii) USD 200,000,000 worth of Series 2 Notes (ISIN XS0206017286) on December 8, 2004.  LCPI did not repurchase the 7th Avenue Notes as required under the Repo Agreement.  As a consequence, LBB holds a claim of at least USD 1,237,000,000.00 in principal due on account of LCPI's failure to honor the terms of the Repo Agreement and repurchase the securities, not including default interest and costs.  Annexed hereto as Exhibit C is a copy of book entries in Lehman Groups repo booking system confirming the repurchase transactions (in the case of the purchase of the Series 3 Notes, the book entries shown in Exhibit D date from September 13, 2007, when the term of the original repurchase transaction was extended).  Other documentation regarding the repo transactions is in the custody and control of the Lehman Group.

17.    The Insolvency Administrator continues to investigate the component elements of the Repo Agreement.  In the event that LBB's records are incorrect or incomplete for reasons currently unknown to the Insolvency Administrator and/or that new or corrected information results in a change to the current balance owing to LBB, the Insolvency Administrator will amend the amend LBB's claim accordingly.

18.    LBB reserves the right to base its claim for payment of at least USD 1,237,000,000.00 in respect of the aforementioned reverse repurchase transactions on alternative or additional legal grounds, including but not limited to Sections 57, 62 of the German Stock Corporation Act and/or the exercise of insolvency clawback rights under the German Insolvency Act, and reserves the right to show that one or more of these alternative or additional legal grounds for its claim give rise to a constructive trust under New York law in respect of the amounts disbursed by LBB to LCPI.

19.    In addition, LBB reserves all rights against LCPI's bankruptcy estate, including, but not limited to, all rights to assert that such claims are secured claims, and claims of setoff, recoupment, and netting in accordance with and as permitted, without limitation, under sections 553, 555, 556, 559, 560, 561, 362(b)(6), 362(b)(7), 362(b)(17) and 362(b)(27) of the Bankruptcy Code and other applicable U.S. or foreign law.

### iii.    Contingent Participation Agreement Claims

20.    Prior to the Petition Date, LBB was party to a number of loan participation agreements (the "Participation Agreements") entered into by LBB as participant and, *inter alia*, LCPI as lead lender. A list of these Participation Agreements and the amounts outstanding thereunder is attached hereto as Exhibit D. Pursuant to the Participation Agreements, LBB was granted an interest in the underlying loan. In that instance, the proceeds of the Loan would be owned by LBB with LCPI holding only bare legal title thereto.

21.    In a "true" participation agreement, the cash proceeds from the loans are not property of a debtor's estate, but belong to the participant. LBB believes the Participation Agreements are "true" participation agreements and that the proceeds of all

7

the loans that are the subject of the Participation Agreements belong to LBB to the extent of LBB's participation interest. If, however, the Participation Agreements are deemed not to be "true" participation agreements, then LBB may be considered to have provided a loan to LCPI. In the latter case, LBB could be deemed to hold only unsecured claims against LCPI for the amount of its interest in the Participation Agreements. LBB therefore has filed a contingent claim for LBB's stake in the Participation Agreements in the amount of at least USD 3,299,347,636.37 should the Participation Agreements ultimately be found to be loans rather than "true" participation agreements.

22.     In addition, LBB reserves all its rights to assert claims against LCPI's bankruptcy estate, including, but not limited to, all rights of setoff, recoupment, and netting in accordance with and as permitted, without limitation, under sections 553, 555, 556, 559, 560, 561, 362(b)(6), 362(b)(7), 362(b)(17) and 362(b)(27) of the Bankruptcy Code and other applicable U.S. or foreign law. Moreover, LBB reserves the right to claim that all or a part of its claim is a secured claim and all setoff rights in connection therewith.

### iv.    Other Claims

23.     Members of the Lehman Group engaged in numerous and a wide variety of transactions both among themselves and with third parties. Some of these transactions are subject to contracts and/or circumstances howsoever arising that may result in a counterparty (whether a member of the Lehman Group or otherwise) (i) seeking to setoff an amount the counterparty owes to LBB; or (ii) asserting a lien or other right over assets in or to which LBB has a proprietary claim (including without limitation a beneficial interest under a trust), against some or all of an amount owing to the counterparty or an

8
17655666\V-1

affiliate of that counterparty by a member of the Lehman Group (e.g., LCPI). To the extent that a setoff against LBB is successfully asserted, LBB will be subrogated to such counterparty's rights against LCPI or otherwise have a claim against LCPI in connection with such setoff (the "Transactional Setoffs Claim").

24.      Until all claims as between all members of the Lehman Group and other parties are reconciled, and because not all setoffs may have occurred or liens or other rights may have been asserted prior to the filing of this Claim, the total amount LCPI owes to LBB as a result of any such successful setoff or assertion of a lien or other right cannot be reasonably calculated or estimated. LBB does not waive its rights to any and all amounts owing to LBB as a result of the Transactional Setoffs Claim by not stating a specific figure at this time.

25.      LBB and LCPI may also have been parties to certain financial contracts for purchases or sales of securities or stock loans or borrows which were entered into between LBB and LCPI prior to the insolvency of the Lehman Group but that were not settled successfully (the "Failed Trades").

26.      According to LBB's records, there is currently no amount owing to LBB from LCPI for Failed Trades. LBB nonetheless submits a claim with respect to Failed Trades on the basis that the Insolvency Administrator continues to investigate the component elements of the Failed Trades, and to verify the appropriateness of any netting that has been applied with respect to the Failed Trades. In the event that LBB's records are incorrect or incomplete for reasons currently unknown to the Insolvency Administrator and/or that new or corrected information results in the current balance

9
17655666\V-1

becoming a receivable to LBB, the Insolvency Administrator will amend the Failed Trades claim accordingly.

27.   LBB hereby asserts a claim for interest and other costs including but not limited to attorneys' fees and/or other professional fees on the constituent parts of the Claim where appropriate and expressly reserves the right to amend the Claim accordingly.

## C.   RESERVATION OF RIGHTS

28.   This Claim is filed with full reservation of rights, including the right to assert additional, supplementary and/or amended proofs of claim based on events, information and/or documents obtained from the Lehman Group or otherwise through discovery or otherwise, and with full reservation of the rights and/or claims of LBB against any party other than the Lehman Group entities in chapter 11 proceedings (the "Debtors"), including but not limited to affiliates of the Debtors.

29.   Moreover, LBB preserves all rights to assert: (i) that assets or cash held by the Debtors is not property of the Debtors' estates; and (ii) additional claims, for damages or otherwise, that LBB may have, whether known or unknown, against the Debtors, including without limitation any and all claims under US or German law.

30.   LBB reserves all rights with respect to the aforementioned causes of action in connection with the basis of this Claim which may arise out of any number of relationship dynamics as between LBB and LCPI or other factual bases (including the bases for this Claim), including but not limited to: (a) the nature of the Lehman Group cash management process; (b) intercompany balances; (c) pre- and post-administration transfer pricing arrangements; (d) trading activities; (e) actions of affiliates and

10

17655669\V-1

subsidiaries taken at the direction of LBHI; (f) parent company guarantee agreements in respect of LBHI's subsidiaries; (g) custody arrangements among the Lehman Group; (h) transfer of client monies; (i) payments that were ultimately intended to be for the benefit of or receipt by LBB; (j) intercompany assignment agreements; (k) insurance policies maintained by LBHI covering various affiliates and subsidiaries; (l) failure to return assets; (m) setoffs and claimed rights of setoff asserted by counterparties; (n) parent company indemnity agreements in respect of LBHI's affiliates and subsidiaries; (o) employee compensation and benefits liabilities; (p) Directors and Officers liability coverage; (q) partially or undocumented intercompany arrangements causing debts to arise; (r) right to indemnification for liabilities; (s) general LBHI management of the Lehman Group; (t) tax matters in the US and/or any other jurisdiction; and (u) instances where LBB is made the defendant in legal proceedings or is otherwise subject to a lawsuit by a counterparty (including, without limitation, a member of the Lehman Group) in circumstances where it has been acting in an administrative or similar capacity (including, without limitation, as agent or calculation agent) for a particular transaction.

31.    This Claim is necessarily being filed in reliance on the Insolvency Administrator's best understanding of LBB's books and records as of the date of this filing. LBB reserves all rights to update, revise and supplement the data supporting this Claim, including with respect to, but not limited to, the valuation of cash, securities and other positions as described herein, as LBB continues to reconcile its books and records with LCPI and other members of the Lehman Group as applicable. LBB does not waive any right to amounts due for the Claim asserted herein by not stating a specific amount due for any such claims at this time.

32.     LBB and the Insolvency Administrator reserve their rights in respect of any amounts calculated by LCPI and in respect of the purported termination of any of the agreements referenced in this Claim, and accordingly no admission is made as to the validity of the calculation of such amounts or as to any such purported termination of any of the agreements.

33.     This Claim is comprised of many individual transactions. The claims not denominated in USD have been converted to USD for the purpose of this submission as of September 15, 2008. In general, LBB has relied on exchange rates taken from the Lehman Group's general ledger or the ECB rate on the appropriate date determined on a transaction by transaction basis. LBB reserves its rights to correct, amend or change the foreign exchange rates applicable to any given transaction(s) as new or different information becomes available, and as LBB continues its analysis and reconciliation of the individual transactions.    Ultimately, LBB reserves its rights as to the appropriate foreign exchange rates upon which to base any of its claims.

34.     To the extent not already in the possession of LCPI, LBB will use its reasonable efforts to make any additional relevant contracts, agreements and other information pertinent to the Claim available upon reasonable request by LCPI in a manner and time to be agreed by the parties.

35.     The agreements that are referred to in this Claim remain subject to LBB's continuing review and references to these agreements are therefore subject to revision.

36.     To the extent that any portion of the Claim is entitled to administrative priority status under section 507 of the Bankruptcy Code, LBB claims such priority status to the maximum amount allowed by law. The filing of this Claim shall in no way be

12

17655660\V-1

deemed a waiver of LBB's right to assert that any or all of the amounts owed to it by LCPI are entitled to administrative priority status.

37.     LBB does not waive any right or rights of action that LBB has or may have against LCPI's estate or any other entity. LBB reserves any and all rights it has or may have with respect to any other agreements that may exist between LBB and LCPI, including without limitation, any rights of setoff, recoupment or netting. Nothing herein shall be deemed a waiver by LBB of any of its rights and remedies in connection with such agreements.

38.     By filing this Claim, LBB does not submit itself to the jurisdiction of the Bankruptcy Court or any other U.S. court or tribunal for any purpose other than with respect to this Claim. Where U.S. jurisdiction does exist with respect to this Claim, LBB does not waive or release its rights to (i) withdraw the reference or (ii) a jury trial with respect to the subject matter of this Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving LBB. By filing this Claim, LBB does not waive any of its rights and remedies against any other person or entity who may be liable for all or part of the claims set forth herein, whether LBHI, another affiliate of LBHI, or an assignee, guarantor or otherwise. LBB reserves all rights to assert (i) any claim, defense, offset or other right against any party, including but not limited to LCPI or any of its affiliated Debtors or non-debtors, in a foreign jurisdiction, including but not limited to claims based on U.S. and German or other foreign law, and (ii) any claims, defenses, offsets or other rights available to it under U.S. or any other jurisdiction's law in the event LCPI asserts counterclaims or affirmative claims against LBB in the Bankruptcy Court. Furthermore, LBB asserts that any counterclaim or

13
17655666\V-1

affirmative claim by LCPI against LBB must be asserted in its applicable foreign proceeding, whether in Germany or in another foreign jurisdiction, and LBB reserves the right to assert therein any claim, defense, offset or other right that may be asserted in such German or other foreign proceeding. LBB further reserves all rights to assert that, under principles of equity or comity or otherwise, a court other than the Bankruptcy Court would be the appropriate forum in which to hear and decide any matter in connection with this Claim.

39.    Any balances referenced in this Claim as debts owed to LCPI by LBB, shall in no way be deemed to constitute an admission by LBB of the nature or amount of any claim by LCPI against LBB's estate. Even where amounts owing to LCPI are referenced, LBB explicitly reserves its right to supplement, amend or revise any such valuations as more information becomes available.

40.    This Claim is not intended to be and shall not be construed as (a) an election of remedies; (b) a waiver of any defaults; or (c) a waiver or limitation of any rights, remedies, claims or interests of LBB.

41.    LBB reserves the right to replace, amend or supplement this Claim at any time and in any respect, including, without limitation, for the purpose of (a) setting forth or changing the basis of the claims described herein and (b) providing further description or evidence of such claims. In the event that any order of the Bankruptcy Court is entered into which effects: (i) a recharacterization or subordination of claims, including without limitation, this Claim; (ii) substantive consolidation of some or all of the Debtors with any of their affiliates; or (iii) any other similar remedy, the rights of LBB to file additional proofs of claim or amended proofs of claim against LCPI or any of its affiliates

is specifically reserved. This Claim is submitted without prejudice to any of LBB's rights in all respects.

42.    The Insolvency Administrator has signed this Claim as agent for and on behalf of LBB and neither he, his firm, partners, employees, agents, advisers or representatives shall incur any personal liability whatsoever in respect of, or in relation to, this Claim. The exclusion of liability set out in this paragraph shall arise and continue notwithstanding the termination of the agency of the Insolvency Administrator and shall operate as a waiver of any claims in tort as well as under the laws of contract.

### D.    NOTICES

43.    Notices regarding this claim should be sent to:

> Felix Schaefer
> Rechsanwalt
> CMS Hasche Sigle
> Breite Str. 3
> 40213 Düsseldorf
> Germany
>
> And
>
> Patrick Maxcy
> Sonnenschein Nath & Rosenthal LLP
> 233 South Wacker Drive
> Suite 7800
> Chicago, Illinois 60606-6404
> USA

[Note: The remainder of this Proof of Claim was redacted by Transferee due to
volume, and is available from Transferee upon request.]