McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819
Christopher F. Graham

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile:  (404) 527-4198
Charles D. Weiss

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                                     :
In re                                                :    **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                     :
                              Debtors.               :    **(Jointly Administered)**
                                                     :
------------------------------------------------------------------x

**SUMMARY SHEETS ACCOMPANYING TENTH APPLICATION**
**OF McKENNA LONG & ALDRIDGE LLP FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Name of Applicant:**        McKenna Long & Aldridge LLP

**Role in the Case:**         Special Counsel to Debtors and Debtors in Possession

**Date of Retention:**        December 18, 2008, *Nunc Pro Tunc* to September 15, 2008

**Time Period:**              October 1, 2011 – March 6, 2012

**Application:**              Total Fees Requested:  $35,417.00

                             Total Expenses Requested:  $1,200.99

**Prior Applications:**    First Interim Fee Application Dated April 10, 2009

Second Interim Fee Application Dated August 14, 2009

Third Interim Fee Application Dated December 14, 2009

Fourth Interim Fee Application Dated April 16, 2010

Fifth Interim Fee Application Dated August 16, 2010

Sixth Interim Fee Application Dated December 14, 2010

Seventh Interim Fee Application Dated June 2, 2011

Eighth Interim Fee Application Dated August 15, 2011

Ninth Interim Fee Application Dated December 14, 2011

## SUMMARY OF MONTHLY FEE STATEMENTS

| Period | Fees Requested | Expenses Requested | Fees Paid (*80% Requested*) | Expenses Paid (*100% Requested*) |
|---|---|---|---|---|
| 10/1/2011 – 10/31/2011 | $11,396.00 | $375.79 | $9,116.80 | $375.79 |
| 11/1/2011 – 11/31/2011 | $6,640.50 | $12.77 | $0.00 | $0.00 |
| 12/1/2011 – 12/31/2011 | $11,293.00 | $718.96 | $0.00 | $0.00 |
| 1/1/2012 – 1/31/2012 | $1,087.50 | $8.60 | $0.00 | $0.00 |
| 2/1/2012 – 3/6/2012 | $5,000.00 | $84.87 | $0.00 | $0.00 |
| **Total for Tenth Interim Period** | **$35,417.00** | **$1200.99** | **$9,116.80** | **$375.79** |

## FEE SUMMARY ORGANIZED BY PROFESSIONALS

| Name of Professional | Title and Office | Year Admitted | 2011 Billing Rate[1] | Total Hours | Total Amount Billed | Total Amount Requested |
|---|---|---|---|---|---|---|
| Christopher F. Graham | Partner, New York | 1983 | $785.00 | 5.90 | $4,631.50 | $4,528.39 |
| Charles D. Weiss | Partner, Atlanta | 1989 | $550.00 | 1.00 | $550.00 | $429.60 |
| Alan F. Kaufman | Partner, New York | 2000 | $475.00 | 6.90 | $3,277.50 | $3,277.50 |
| Gerald Walling | Counsel, Atlanta | 1972 | $445.00 | 1.60 | $712.00 | $653.55 |
| B. Summer Chandler | Partner, Atlanta | 2001 | $435.00 | 1.10 | $478.50 | $478.50 |
| Jill C. Kuhn | Associate, Atlanta | 1999 | $425.00 | 0.10 | $42.50 | $42.50 |
| Alison M. Elko | Associate, Atlanta | 2003 | $375.00 | 77.10 | $29,225.00 | $26,006.96 |
| | Professionals: | | Blended Rate: $377.98 | Total Hours: 93.70 | Total Fees: $38,917.00 | Total Fees Requested: $35,417.00[2] |

[1] These rates are the same rates charged to the non-bankruptcy clients of McKenna Long & Aldridge LLP. All professionals and paraprofessionals submitted time records to (i) the Fee Committee; (ii) Lehman Brothers Holdings Inc.; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the United States Trustee for the Southern District of New York in accordance with the Order Appointing Fee Committee and Approving Fee Application Protocol and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals.

[2] McKenna voluntarily agreed to a $3,500 reduction in its fees for services provided in October 2011 in connection with the Bankruptcy Employment Matter.

## FEE SUMMARY ORGANIZED BY MATTER

### Kontrabecki in NY Bankruptcy Action (30837.0001)

| Name of Professional | Title and Office | Year Admitted | 2011 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| B. Summer Chandler | Partner, Atlanta | 2001 | $435.00 | 0.80 | $348.00 |
| | | | **Total** | **0.80** | **$348.00** |

### Bankruptcy Employment Matter (30837.0002)

| Name of Professional | Title and Office | Year Admitted | 2011 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Christopher F. Graham | Partner, New York | 1983 | $785.00 | 0.60 | $471.00 |
| Charles D. Weiss | Partner, Atlanta | 1989 | $550.00 | 0.50 | $275.00 |
| Alan F. Kaufman | Partner, New York | 2000 | $475.00 | 0.50 | $237.50 |
| B. Summer Chandler | Partner, Atlanta | 2001 | $435.00 | 0.30 | $130.50 |
| Gerald Walling | Counsel, Atlanta | 1972 | $445.00 | 1.60 | $712.00 |
| Alison M. Elko | Associate, Atlanta | 2003 | $375.00 | 77.10 | $29,225.00 |
| | | | **Total** | **80.60** | **$31,051.00** |
| | | | | ***Total Requested*** | **$27,551.00** |

### AZ 72 LLC (30837.0003)

| Name of Professional | Title and Office | Year Admitted | 2011 Billing Rate | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Christopher F. Graham | Partner, New York | 1983 | $785.00 | 5.30 | $4,160.50 |
| Alan F. Kaufman | Partner, New York | 2000 | $475.00 | 6.40 | $3,040.00 |
| Jill C. Kuhn | Associate, Atlanta | 1999 | $425.00 | 0.10 | $42.50 |
| | | | **Total** | **11.80** | **$7,243.00** |

2

| Middle Mountain 156 LLC (04406.0222) | | | | | |
|---|---|---|---|---|---|
| Name of Professional | Title and Office | Year Admitted | 2011 Billing Rate | Total Hours | Total Amount Billed |
| Charles D. Weiss | Partner, Atlanta | 1989 | $550.00 | 0.50 | $275.00 |
| | | | Total | 0.50 | $275.00 |

| | Total Hours: | Total Amount Billed: | Total Amount Requested: |
|---|---|---|---|
| Total for Professionals: | 93.70 | $38,917.00 | $35,417.00[3] |

---

[3]  McKenna voluntarily agreed to a $3,500 reduction in its fees for services provided in October 2011 in connection with the Bankruptcy Employment Matter.

3

McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
New York, New York 10169
Telephone: (212) 922-1800
Facsimile: (212) 922-1819
Christopher F. Graham

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia 30308
Telephone: (404) 527-4000
Facsimile: (404) 527-4198
Charles D. Weiss

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
|                                          | :  |                                    |
| **In re**                                | :  | **Chapter 11 Case No.**            |
|                                          | :  |                                    |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | :  | **08-13555 (JMP)**             |
|                                          | :  |                                    |
| **Debtors.**                             | :  | **(Jointly Administered)**         |
|                                          | :  |                                    |
|                                          | :  |                                    |
------------------------------------------------------------------x

**TENTH APPLICATION OF McKENNA LONG & ALDRIDGE LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

McKenna Long & Aldridge LLP ("McKenna" or "Applicant"), Special Counsel for

Lehman Brothers Holdings Inc. (the "Debtor") and certain of its subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), as well as their non-debtor affiliates

(collectively with the Debtors, "Lehman"), files the Tenth Application of McKenna Long &

Aldridge LLP for Allowance of Compensation and Reimbursement of Expenses (the "Tenth

Interim Fee Application" or this "Application") relating to the above-referenced bankruptcy case for the period from October 1, 2011 through March 6, 2012 (the "Tenth Interim Period"). Pursuant to the Tenth Interim Fee Application, McKenna seeks: (i) allowance of compensation for professional services McKenna performed during Tenth Interim Period in the total amount of $35,417.00; and (ii) allowance of its actual and necessary expenses incurred during the Tenth Interim Period in the total amount of $1,200.99. McKenna files this Tenth Interim Fee Application pursuant to Sections 330 and 331 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the "Fee Order") and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Fourth Amended Interim Compensation Procedures Order"). The total amount sought for fees represents approximately 93.7 hours of professional services, with blended rates of $377.98 for professionals. In support of this Tenth Interim Fee Application, McKenna shows the Court the following:

## **Background of the Chapter 11 Cases**

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to

2

operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (Region 2) (the "U.S. Trustee") appointed the official committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to Section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned Chapter 11 cases pursuant to an order of the same date [Docket No. 3651].  On January 24, 2011, the Court entered an order appointing Richard A. Gitlin as Successor Independent Member of the Fee Committee [Docket No. 14117].

6.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629].  On September 1, 2011, the Bankruptcy Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in

connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

7.      On September 15, 2011, the Bankruptcy Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.

8.      On December 6, 2011, the Bankruptcy Court entered an order [Docket No. 23023] confirming the Plan (as subsequently supplemented, amended and/or modified).

### The Debtors' Businesses

9.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10.      Additional information regarding the Debtors' businesses, capital structures and the circumstances leading to the commencement of these Chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Jurisdiction

11.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b).

### McKenna's Retention

12.      On December 2, 2008, the Debtors filed the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP

4

as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2021] (the "<u>Employment Application</u>").  On December 18, 2008, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2309] (the "<u>Order Authorizing Employment</u>").  No objections to the Employment Application were filed, and, accordingly, the Order Authorizing Employment became final.

### Interim Compensation Procedures

13.    On October 11, 2008, the Debtors filed the Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 833] (the "<u>Interim Compensation Motion</u>").  A hearing on the Interim Compensation Motion was held on November 5, 2008.

14.    On November 5, 2008, the Court entered the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1388] (the "<u>Interim Compensation Order</u>").

15.    On November 11, 2008, the Debtors filed the Notice of Presentment of Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1449] requesting that the Court amend the Interim Compensation Order.

16.    On November 19, 2008, the Court entered the Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1604] (the "Amended Interim Compensation Procedures Order").

17.     On March 9, 2009, the Debtors filed the Notice of Presentment of Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3029] requesting that the Court amend the Amended Interim Compensation Procedures Order.

18.     On March 13, 2009 the Court entered the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] (the "Second Amended Interim Compensation Procedures Order").

19.     On May 26, 2009, the Court entered the Fee Order in the above-styled case.

20.     On June 13, 2009, the Debtors filed the Notice of Presentment of Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3915] requesting that the Court amend the Second Amended Interim Compensation Procedures Order.

21.     On June 25, 2009 the Court entered the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] (the "Third Amended Interim Compensation Procedures Order").

22.     On January 24, 2011, the Court entered an order modifying the composition of the Fee Committee that had been previously appointed in these Chapter 11 cases and appointed Richard A. Gitlin as Successor Independent Member of the Fee Committee [Docket No. 14117].

23.    On March 11, 20011, the Debtors filed the Notice of Presentment of Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 14968] requesting that the Court amend the Third Amended Interim Compensation Procedures Order.

24.    On April 6, 2011, the Debtors filed the Notice of Revised Proposed Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 15678] requesting that the Court amend the Third Amended Interim Compensation Procedures Order.

25.    On April 14, 2011 the Court entered the Fourth Amended Interim Compensation Procedures Order.

26.    Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and standing General Orders M-219 and M-348 of the Bankruptcy Court for the Southern District of New York, the Fourth Amended Interim Compensation Procedures Order authorizes the interim monthly compensation and reimbursement of expense procedures set forth in the Interim Compensation Motion.

27.    The Fee Order and the Fourth Amended Interim Compensation Procedures Order authorize professionals paid from the Debtors' bankruptcy estates to serve monthly statements ("Monthly Statements"), via hand or overnight delivery, seeking payment for services rendered and for out-of-pocket expenses or other charges incurred on or before the thirtieth (30th) day of each month following the month for which compensation is sought on (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the

7

Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.  The Fourth Amended Interim Compensation Order authorizes the Debtors to pay professionals eighty percent (80%) of fees requested and one hundred percent (100%) of expenses identified in each Monthly Statement, if no objection is made to such Monthly Statement.

### McKenna's Tenth Interim Fee Application

28.    In accordance with Sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, the Fee Committee Order and the Fourth Amended Interim Compensation Procedures Order, McKenna seeks: (i) allowance of compensation for professional services McKenna performed during the Tenth Interim Period in the total amount of $35,417.00; and (ii) allowance of its actual and necessary expenses incurred during the Tenth Interim Period in the total amount of $1,200.99.

29.    In accordance with customary practice, McKenna has increased its timekeepers' billing rates for the year 2011, effective as of February 1, 2011, to reflect the timekeeper's increased experience, particularly with respect to associates and junior partners.  Moreover, McKenna has raised the rates of associates who are promoted to the next level or to the partnership.  Such increases in billing rates are standard across the industry, and McKenna's increases in its below-market rates are modest.

30.    By this Application, McKenna submits its Monthly Statements in the total amount of $36,617.79 (fees in the amount of $35,417.00 and expenses in the amount of $1,200.99) for services performed and expenses incurred during the Tenth Interim Period.[1]  During the Tenth

---

[1]  McKenna voluntarily agreed to a $3,500 reduction in its fees for services provided in October 2011 in connection with the Bankruptcy Employment Matter.

Interim Period, McKenna received payment from the Debtors in the amount of $9,492.59 (fees in the amount of $9,116.80 and expenses in the amount of $375.79); therefore, McKenna has an outstanding balance, as of the date of this Application, of $27,125.20 for which McKenna seeks an award of interim compensation as for the period of October 1, 2011 through March 6, 2012.

31.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these Chapter 11 cases.  McKenna has served a copy of this Fee Application upon (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.

32.     Under Section 330 of the Bankruptcy Code, the Court may allow compensation and reimbursement of McKenna's expenses only after notice and hearing.  Bankruptcy Rule 2002(a) provides that hearings on applications for compensation and reimbursement of expenses totaling in excess of $1,000 must be on twenty (20) day notice to parties in interest.  Section 331 of the Bankruptcy Code authorizes the filing of interim fee applications.  This Application is the tenth such application made by McKenna under Section 331 of the Bankruptcy Code.

33.     All legal services performed by McKenna were performed for and on behalf of Lehman and not on behalf of any committee, creditor, or other person or entity.

34.     Attached hereto as Exhibit "C" is a summary of the hours for which compensation is sought.

35.     Attached hereto as Exhibit "D" is a summary of the expenses for which reimbursement is sought.

36.     Attached hereto as Exhibits "E1" through "E5" are copies of the invoices for the Tenth Interim Period, which include time descriptions by McKenna professionals by code related to the matter or tasks reflected in the time entries, the expense detail for a given month sorted by category, and supplemental information sheets that provide further detail and supporting documentation for expenses.

37.     The following is a brief summary of the qualifications of each of the professionals from McKenna representing the Debtors for which compensation is sought:

*Professionals*:

Christopher F. Graham: Christopher F. Graham is a partner with the law firm of McKenna, practicing since 1983, who has experience in bankruptcy matters.

Charles D. Weiss:   Charles D. Weiss is a partner with the law firm of McKenna, practicing since 1989, who has experience in commercial real estate finance and development.

Alan F. Kaufman:   Alan F. Kaufman is a partner with the law firm of McKenna, practicing since 2000, who has experience in bankruptcy matters.

Gerald Walling:   Gerald Walling is of counsel of the law firm of McKenna, practicing since 1972, who has experience in commercial real estate finance and development.

B. Summer Chandler:   B. Summer Chandler is a partner with the law firm of McKenna, practicing since 2001, who has experience in bankruptcy matters.

Jill C. Kuhn:   Jill C. Kuhn is an associate with the law firm of McKenna, practicing since 1999, who has experience in litigation related to commercial disputes.

Alison M. Elko:   Alison M. Elko is an associate with the law firm of McKenna, practicing since 2003, who has experience in bankruptcy matters.

## Summary of Activities Undertaken During the
## Tenth Interim Period Covered by This Application

38.    The major activities undertaken by McKenna during the Tenth Interim Period are summarized below, broken down by matter type.   The following summary is intended to highlight the services rendered by McKenna, and is not meant to be a detailed description of all of the work performed.   Detailed descriptions of the day-to-day services provided by McKenna and the time expended performing such services in each project billing category are fully set forth in Exhibits "E1" through "E5."

(1)    Kontrabecki in NY Bankruptcy Action (30837.0001)

Time recorded under this matter reflects, among other things, legal services consisting of the following: consideration of issues related to the post-settlement disposition of Lehman's litigation discovery database for the litigation and determination of the resolution of same; internal communications regarding the same; and communications with Lehman, co-counsel and litigation database service provider regarding same.

(2)    Bankruptcy Employment Matters (30837.0002)

Time recorded under this matter reflects, among other things, legal services consisting of the following: preparation and filing of supplemental declaration in connection with McKenna's employment as special counsel to Lehman; review and revision of invoices to comply with applicable court orders and Fee Committee Protocol; preparation and submission of interim monthly statements; preparation and submission of monthly budgets; preparation and submission of the Ninth Interim Fee Application; preparation and submission of responses to the Fee Committee's Reports regarding the Eighth Interim Fee Application and the Ninth Interim Fee Application; preparation and submission of responses to the Fee Committee's analyses, comments and requests with respect to monthly statements, the Fifth Interim Fee Application, the Eighth Interim Fee Application and the Ninth Interim Fee Application; resolution of the Fee Committee's objections with respect to the Eighth Interim Fee Application; negotiations to resolve the Fee Committee's objections with respect to the Fifth Interim Fee Application and the Ninth Interim Fee Application; review and revision of proposed stipulations and orders approving the Sixth Interim Fee Application, Seventh Interim Fee Application and Eighth Interim Fee Application; review, analysis and correspondence with the Fee Committee regarding its hourly billing rate inquiry; and communications with counsel for the Fee Committee regarding prior fee applications and outstanding objections and issues with respect thereto.

(3)    AZ 72 LLC (30837.0003)

Time recorded under this matter reflects, among other things, legal services consisting of the following: consultation with the Debtors regarding settlement, payment of the settlement and dismissal of the action; communications with opposing counsel regarding settlement, payment of the settlement and dismissal of the action; review, analysis and revision of the settlement agreement; review, analysis and revision of the stipulation of dismissal.

(4)    Middle Mountain 156 LLC (04406.0222)

Time recorded under this matter reflects McKenna's representation of the Debtor concerning matters related to the Debtor's loan to Middle Mountain 156, LLC, including, among other things: review and analysis of the pending foreclosure sale of property owned by guarantor/judgment debtor N. Bonanno; review and analysis of the domestication and the enforcement of the guaranty judgment.

### Statutory Basis for Compensation

39.    Sections 330 and 331 of the Bankruptcy Code provide the statutory basis for compensation of professionals in bankruptcy cases.  Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A)    the time spent on such services;
> (B)    the rates charged for such services;
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

40.    The Bankruptcy Code provisions concerning the compensation of professionals are designed to ensure that qualified attorneys will be compensated for services rendered to

debtors at a market rate for comparable services rendered in non-bankruptcy cases.  In re Ames

Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996).  The rationale behind this goal is to ensure that

counsel will not be deterred from taking bankruptcy cases due to failure to pay adequate

compensation.  Id. at 72.

      41.     McKenna respectfully represents to the Court that the fees and expenses requested

to be paid are allowable and reasonable pursuant to the twelve (12) factor test as set forth in

Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as well as the

amendments to Section 330 of the Bankruptcy Code.  Those tests and the applicability of each

test to the services performed by McKenna in this case are set forth below:

      A.     Time and Labor Required:  During the period of October 1, 2011 through

March 6, 2012, McKenna has expended 93.7 hours as Special Counsel to Lehman.  The

approximate blended hourly rate is $377.98 for professionals.  The substance of the time

expended is set forth fully in Exhibits "E1" through "E5" to this Application.

      B.     Novelty and Difficulty of Questions Presented:  Several of the above-

referenced matters have involved novel and difficult issues.

      C.     Skill Requisite to Perform Legal Services:  McKenna respectfully

represents that it has the skill to perform the legal services rendered in a professional fashion.

      D.     Preclusion of Other Employment Due to Acceptance of the Case:  The

amount of time devoted to the above-referenced matters by the attorneys and paraprofessionals

of McKenna significantly precluded them from performing other work to the extent of the time

devoted to this case as covered by this Application.

      E.     Customary Fees for the Type of Services Rendered:  McKenna

respectfully represents that the fees requested herein are within the range of customary fees for

13

the type of services rendered and are based upon the hours actually spent and multiplied by the normal billing rates for work of this nature, and that the billing rates are in keeping with the hourly rates charged by McKenna in non-bankruptcy matters.

F.    <u>Whether the Fee is Fixed or Contingent</u>:  McKenna believes that its fees and expenses in the above-referenced matters are contingent only to the extent that they are subject to this Court's approval.

G.    <u>Time Limitations Imposed by the Client or the Circumstances</u>:  The time limitations imposed or created by the circumstances of the above-referenced matters often required intense work by McKenna under short time-frames.

H.    <u>Amounts Involved and Results Obtained</u>:    McKenna respectfully represents that it has obtained good results for Lehman as Special Counsel thus far in the above-referenced matters.

I.    <u>Experience, Reputation and Ability of Attorneys</u>:  McKenna respectfully represents that McKenna has experience within the areas involved in its representation of Lehman.

J.    <u>Undesirability of the Case</u>:  McKenna respectfully represents that this factor is not applicable to this proceeding.

K.    <u>Nature and Length of Professional Relationship with Client</u>:  McKenna has represented Lehman for more than fifteen (15) years.

L.    <u>Awards in Similar Cases</u>:  McKenna respectfully represents that this Tenth Interim Fee Application, and the costs and fees sought herein, is in keeping with similar applications for the payment of professional fees and expenses, including attorneys' fees in other cases.

14

42.      Based on the foregoing, McKenna submits that the services rendered to Lehman, for which compensation is sought herein, were necessary and beneficial to the Debtors' estates and parties in interest.  McKenna further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

## Compliance with Applicable Rules

43.      Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Amended Guidelines"), attached hereto as Exhibit "A" is a copy of the Certification of Charles D. Weiss (the "Weiss Certification") certifying compliance with the same.

44.      During the Tenth Interim Period, McKenna received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity in connection with the fees and expenses sought to be allowed pursuant to this Application.  There is no agreement or understanding between McKenna and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

45.      As set forth in the Weiss Certification, the fees charged by McKenna in these cases are billed in accordance with its existing billing rates and procedures in effect during the Tenth Interim Period.  The rates McKenna charges for the services rendered by its professionals and paraprofessionals in these cases are the same rates McKenna charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.

46.     Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), attached hereto as Exhibit "B" is a breakdown of the hours, hourly rates and fees attributable to the various individuals at McKenna who rendered the services for which compensation is sought in the Tenth Interim Fee Application.

### Actual and Necessary Expenses

47.     As set forth in Exhibit "D" attached hereto, McKenna has incurred $1,200.99 of expenses in providing professional services to the debtors during the Tenth Interim Period.

48.     McKenna charged $0.10 per page for photocopying.    McKenna utilizes an electronic device that electronically records the number of copies made.    Whenever feasible, McKenna sends large photocopying projects to an outside service that charges a reduced rate for photocopying.    McKenna does not charge for incoming facsimile transmissions and only charges the cost of the long distance telephone call, if applicable, for outgoing facsimile transmissions.

49.     McKenna's charges for photocopying and facsimile transmissions do not exceed the maximum rate set forth by the Amended Guidelines.    These charges are intended to cover McKenna's direct operating costs, including the use of machines, supplies and labor expenses, which costs are not incorporated in the McKenna hourly billing rates.

50.     McKenna has flat rate contracts with LEXIS and WESTLAW for computerized legal research.    The charges incurred each month are allocated to relevant clients.    The resulting rates are less than the standard rates charged by LEXIS and WESTLAW.

51.     McKenna believes the foregoing rates and expenses are the market rates generally employed by the majority of law firms when charging their clients for such services.

16

## **Notice**

52.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these Chapter 11 cases.   McKenna has served a copy of this Fee Application upon (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

## Conclusion

WHEREFORE, McKenna respectfully requests the entry of an order in the form attached hereto as Exhibit "F":

1.      allowing the compensation for professional services performed by McKenna during the Tenth Interim Period in the total amount of $35,417.00 and reimbursement of actual expenses McKenna incurred during the Tenth Interim Period in the amount of $1,200.99;

2.      authorizing the release of the twenty percent (20%) holdback withheld from the Monthly Statements in the amount of $6,083.40; and

3.      granting McKenna such other and further relief as this Court deems just and proper.

Respectfully submitted this 21st day of May, 2012.

McKENNA LONG & ALDRIDGE LLP

By:    /s/ Christopher F. Graham
       Christopher F. Graham
       230 Park Avenue
       New York, New York  10169
       Telephone: (212) 922-1800
       Facsimile:  (212) 922-1819
       Email:      cgraham@mckennalong.com

       - and -

       /s/ Charles D. Weiss
       Charles D. Weiss
       303 Peachtree Street, N.E., Suite 5300
       Atlanta, Georgia  30308
       Telephone:  (404) 527-4000
       Facsimile:  (404) 527-4198
       Email:      cweiss@mckennalong.com

       *Special Counsel for Debtors
       and Debtors in Possession*