**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
                                                            :
In re                                                       :          **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* :          **08-13555 (JMP)**
                                                            :
                   Debtors.                            :          **(Jointly Administered)**
                                                            :
-------------------------------------------------------------------------X

**SUMMARY STATEMENT FOR TENTH INTERIM FEE**
**APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE**
**DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| | |
|---|---|
| **Name of Applicant:** | Bingham McCutchen LLP |
| **Time Periods:** | October 1, 2011 through March 6, 2012 |
| **Role in the Case:** | Bingham McCutchen LLP is Retained as Special Counsel to the Debtors Under Section 327(e) of the Bankruptcy Code |
| **Current Application:** | Total Fees Requested:  $2,733,159.75<br>Total Expenses Requested:  $297,387.52 |
| **Prior Applications:** | First Interim Fee Application Dated April 9, 2009<br>Second Interim Fee Application Dated August 14, 2009<br>Third Interim Fee Application Dated December 14, 2009<br>Fourth Interim Fee Application Dated April 16, 2010<br>Fifth Interim Fee Application Dated August 16, 2010<br>Sixth Interim Fee Application Dated December 14, 2010<br>Seventh Interim Fee Application Dated May 31, 2011<br>Eighth Interim Fee Application Dated August 15, 2011<br>Ninth Interim Fee Application Dated December 14, 2011 |
| **This Application is:** | ___X___ Interim _____ Final |

**Professional Hours Billed During Tenth Interim Fee Period[1]**

| Partners and Of Counsel | | | | |
|---|---|---|---|---|
| Name | Admission Date | Position | Total Hours Billed | Total Amount Billed |
| Alter, Jonathan B. | 1989 | Partner | 2.30 | 2,185.00 |
| Armitage, J. Clark | 1991 | Of Counsel | 153.90 | 149,112.00 |
| Blanchard, Jr., Hartman E. | 1994 | Partner | 571.60 | 433,681.75 |
| Boelitz, Anna M. | 1997 | Of Counsel | 0.30 | 190.50 |
| Bowers, Chris | 1999 | Partner | 287.30 | 258,160.00 |
| Bridgeman, James D. | 1981 | Partner | 7.10 | 7,277.50 |
| Brody, Steven G. | 1987 | Partner | 69.40 | 64,050.00 |
| Buch, Ronald L. | 1993 | Partner | 41.10 | 32,928.00 |
| Buddhdev, Sheena | 1999 | Of Counsel | 2.50 | 1,787.50 |
| Dawkins, Mark | 1985 | Partner | 12.30 | 10,762.50 |
| Dillon, Sheri A. | 1999 | Partner | 59.30 | 51,131.50 |
| Howard, Jasper A. | 1989 | Partner | 1.30 | 1,332.50 |
| Johnson, Jeffrey R. | 1993 | Partner | 3.00 | 2,640.00 |
| Katcher, Bob | 1978 | Partner | 8.10 | 8,322.50 |
| Kliegman, Matthew I. | | Of Counsel | 5.70 | 3,933.00 |
| Kroll, Amy | 1992 | Partner | 11.70 | 8,541.00 |
| Madan, Raj | 1993 | Partner | 201.80 | 172,073.50 |
| Sharon, Craig A. | 1988 | Partner | 3.00 | 3,420.00 |
| Sweet, Charles A. | 1988 | Partner | 7.30 | 6,935.00 |
| | | | 1,449.00 | $1,218,463.75 |

| Associates and Staff Attorneys | | | | |
|---|---|---|---|---|
| Name | Admission Date | Position | Total Hours Billed | Total Amount Billed |
| Cox, Sean A. | 2010 | Associate | 1.30 | 624.00 |
| Flaherty, Renee D. | 2012 | Associate | 179.70 | 84,422.50 |
| Kummer, Michael | 2008 | Associate | 137.30 | 66,953.00 |
| Leonard, Bob | 2007 | Associate | 12.00 | 7,980.00 |
| Margulies, Oren P. | 2007 | Associate | 50.90 | 35,375.50 |
| Mezei, Saul | 2003 | Associate | 26.70 | 18,391.50 |
| Rankin, Kiara L. | 2007 | Associate | 694.70 | 425,999.00 |
| Robins, Sima Gavriella | 2009 | Associate | 8.80 | 4,884.00 |
| Schatz, Brian D. | 2009 | Associate | 156.90 | 90,217.50 |
| Smith, David K. | 2008 | Associate | 14.80 | 7,252.00 |
| Sosna, Daniel | 2010 | Associate | 279.70 | 134,586.00 |
| Stults, Kevin R. | 2005 | Associate | 524.70 | 353,377.00 |
| Tidwell, Royce | 2007 | Associate | 121.60 | 77,052.50 |
| Wacker, Nathan P. | 2010 | Associate | 36.10 | 17,266.00 |
| Wilkins, Nicholas | 2011 | Associate | 154.80 | 75,673.00 |
| Wright, Hannah | N/A | Associate | 10.40 | 3,120.00 |
| | | | 2,410.40 | $1,403,173.50 |

---

[1] For billing rates for individual professionals and paraprofessionals, please see Exhibit B.

| Paralegals and Library Researchers | | | | |
|---|---|---|---|---|
| Name | Admission Date | Position | Total Hours Billed | Total Amount Billed |
| Abdel-Nour, Francesca | N/A | Paralegal | 65.30 | 16,847.00 |
| Bohls, Dawn | N/A | Library Researcher | 17.50 | 6,153.00 |
| Bruce, Meredith | N/A | Paralegal | 0.40 | 78.00 |
| Carrera, Alex | N/A | Paralegal | 1.50 | 420.00 |
| Dana, Anne M. | N/A | Library Researcher | 0.10 | 23.50 |
| Hensel, Jeannie H. | N/A | Temp Paralegal | 58.70 | 21,254.00 |
| Humphreys, Amber | N/A | Paralegal | 3.90 | 815.00 |
| Lepine, Gina M. | N/A | Paralegal | 12.40 | 4,450.00 |
| Murray, Ann C. | N/A | Paralegal | 14.70 | 5,301.00 |
| Owens, Angela M. | N/A | Paralegal | 141.70 | 40,220.00 |
| Ross, Mark | N/A | Paralegal | 1.00 | 310.00 |
| Soverel, Myles C. | N/A | Paralegal | 12.50 | 2,437.50 |
| Trevicano, Luisa | N/A | Paralegal | 0.80 | 224.00 |
| | | | 330.50 | $98,533.00 |

| Litigation Support Specialists | | | | |
|---|---|---|---|---|
| Name | Admission Date | Position | Total Hours Billed | Total Amount Billed |
| Metcalfe, Jonathon | N/A | Lit Specialist | 0.20 | 53.00 |
| Zukowski, Todd | N/A | Lit Specialist | 12.90 | 3,101.50 |
| Neal, Stephen | N/A | Lit Specialist | 36.80 | 9,835.00 |
| | | | 49.90 | $12,989.50 |

| Summary of Professionals and Paraprofessionals | | | |
|---|---|---|---|
| Professional Title | Blended Rate | Hours Billed | Total Compensation |
| Partner and Of Counsel | 840.90 | 1,449.00 | 1,218,463.75 |
| Associate and Staff Attorney | 582.13 | 2,410.40 | 1,403,173.50 |
| Paraprofessional - Paralegal | 298.13 | 330.50 | 98,533.00 |
| Paraprofessional - Litigation Support | 260.31 | 49.90 | 12,989.50 |
| **Total Fees Requested** | | **4,239.80** | **$2,733,159.75** |

## Professional Services Rendered by Category During Tenth Interim Fee Period

| Matter Number | Description | Hours | Fees |
|---|---|---|---|
| 1101400015 | Various Shelf Matters | 30.6 | 10,249.50 |
| 1101400402 | Matter 402 | 600 | 411,723.25 |
| 1101400474 | Matter 474 | 3,012.60 | 1,935,909.50 |
| 1101400561 | Matter 561 | 76.6 | 54,505.00 |
| 1101400667 | Matter 667 | 8.5 | 6,022.00 |
| 1101400750 | Matter 750 | 197.5 | 114,068.00 |
| 1101400901 | Responding to Fee Committee Requests | 52 | 33,502.00 |
| 1101400902 | Fee Application Preparation | 131.1 | 59,305.00 |
| 1101400903 | Retention Issues | 7.8 | 6,118.50 |
| 1101400907 | Matter 907 | 3.3 | 2,046.00 |
| 1101400910 | Matter 910 | 106 | 86,430.00 |
| 1101400911 | Matter 911 | 13.8 | 13,281.00 |
| **Total Fees Requested** | | **4,239.80** | **$2,733,159.75** |

**Expenses Incurred During Tenth Interim Fee Period**

| Expense Category | Actual Expense |
|---|---|
| Consulting | 212,034.28 |
| Court Costs | 129.75 |
| Filing Fees | 1,654.26 |
| Ground Transportation | 25.72 |
| Index/Binding | 846.16 |
| Library Retrieval Services | 55.78 |
| Meals: Client Meeting | 2,186.63 |
| Meals: Working Lunch | 13.48 |
| Meeting Space | 2,136.17 |
| Online Legal Research | 21,565.51 |
| Other Electronic Research | 948.97 |
| Outside Service: Copy & Printing | 247.56 |
| Overnight/Express Delivery | 1,391.82 |
| Photocopies | 6,868.44 |
| Photocopies: Color | 678.86 |
| Scanning | 162.03 |
| Teleconference | 250.20 |
| Transcripts | 59.94 |
| Travel: Air Transportation | 45,743.86 |
| Travel: Coach Services | 9,939.70 |
| Travel: Ground Transportation | 1,036.15 |
| Travel: Lodging | 22,799.65 |
| Travel: Meals | 2,319.37 |
| Travel: Parking | 118.00 |
| Travel: Rail Transportation | 4,321.00 |
| **Subtotal of Expenses Incurred** | **$337,533.29** |
| **Less Voluntary Reductions Taken in Monthly Statements** | **($40,145.77)** |
| **Total Expenses Requested** | **$297,387.52** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X
                                                            :
In re                                                       :        **Chapter 11 Case No.**
                                                            :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.* :        **08-13555 (JMP)**
                                                            :
            **Debtors.**                                    :        **(Jointly Administered)**
                                                            :
---------------------------------------------------------------------------X

### TENTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Bingham McCutchen LLP ("Bingham"), special counsel for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its Tenth Interim Fee Application (the "Application") seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors from October 1, 2011 through March 6, 2012, (the "Tenth Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of the Application, Bingham respectfully states as follows:

1

## Background

### A.    The Chapter 11 Cases

1.    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.    On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in

these Chapter 11 Cases [Docket No. 14117].  On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these Chapter 11 Cases [Docket No. 15998].

6.    On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

7.    On July 1, 2011, the Debtors filed the second amended joint chapter 11 plan and disclosure statement [Docket Nos. 18204 and 18205].

8.    On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (as modified, the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629, respectively].  On September 1, 2011, the Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.  On September 15, 2011, the Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.  On November 29, 2011, the Debtors filed a modified Plan [Docket No. 22737].

9.    The Court entered an order confirming the Plan on December 6, 2011 [Docket No. 23023].  The Notice Of Effective Date And Distribution Date In Connection With The Modified Third Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. and Its Affiliated Debtors became effective March 6, 2012 [Docket No. 26039].

**B.    The Debtors' Businesses**

10.    Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

11.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## **Jurisdiction**

12.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

13.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  By this Application, Bingham respectfully seeks Court approval and allowance for compensation for fees requested for professional services rendered to the Debtors during the Tenth Interim Fee Period in the aggregate amount of $2,733,159.75 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $297,387.52.

## Basis for Relief

**A.     Bingham's Retention**

14.     On August 14, 2009,[1] the Debtors filed an Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Bingham McCutchen LLP as Special Counsel, *nunc pro tunc*, to August 1, 2009 [Docket No. 4811].   The application was approved by order dated August 25, 2009 [Docket No. 4927].[2]   In connection therewith, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules [Docket No. 4636] (the "Augustt Declaration").   Since the filing of the August Declaration, Bingham has filed additional supplemental disclosures with the Court. [Docket Nos. 5602, 8684, 9332, 10294, 11860, 13361, 15204, and 17278].

15.     On April 17, 2012, the Debtors filed a Notice of Presentment of Second Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal rules of Bankruptcy Procedure, to Expand the Scope of their Retention of Bingham McCutchen LLP as Special Counsel, *nunc pro tunc* to January 1, 2012 [Docket No. 27394] (the "Motion to Expand").   The application was approved by order dated May 10, 2012 [Docket No. 27790].

---

[1] Bingham combined with McKee Nelson LLP ("McKee"), effective August 1, 2009.  McKee was previously retained by the Debtors for the tax and securitization matters.  As of August 1, 2009, all McKee attorneys who represented the Debtors in their Chapter 11 Cases became attorneys at Bingham.

[2] On February 19, 2010, the Debtors filed a Motion Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc*, to the Engagement Date [Docket No. 7175], in connection with a supplemental litigation matter.  Bingham's retention by the Debtors for the supplemental litigation matter was approved by Court Order on March 9, 2010 [Docket No. 7491].

B.      **Compensation**

        16.     On April 9, 2009, McKee filed its First Interim Fee Application seeking

Court approval and allowance for compensation for professional services rendered to the Debtors

and reimbursement of actual and necessary expenses incurred from September 15, 2008, through

January 31, 2009 (the "First Interim Fee Application") [Docket No. 3318], in the amounts of

$2,727,562.00 and $105,916.85, respectively.   The Court granted the First Interim Fee

Application, awarding $2,454,805.80 in fees and $105,916.85 in expenses, by order dated

August 13, 2009, reflecting a 50% reduction of the initial 20% holdback of fees [Docket No.

4795].  On August 20, 2009, Bingham received these amounts pursuant to the Court's order.  On

September 25, 2009, the Court awarded Bingham the remaining holdback for the First Interim

Fee Period [Docket No. 5274], and Bingham received this remaining holdback amount of

$272,756.20 on October 20, 2009.

        17.     On August 14, 2009, Bingham filed its Second Interim Fee Application

seeking Court approval and allowance for compensation for professional services rendered to the

Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2009,

through May 31, 2009 (the "Second Interim Fee Application") [Docket No. 4810], in the

amounts of $2,967,972.25 and $171,034.92, respectively.  By order dated September 25, 2009,

the Court granted the Second Interim Fee Application, awarding $2,671,175.03 in fees and

$171,034.92 in expenses, reflecting a 50% reduction in the initial 20% holdback of fees [Docket

No. 5274].  Bingham received these amounts on October 20, 2009.  On December 23, 2009, the

Court entered an order awarding $210,379.05 of the remaining holdback for the Second Interim

Fee Period, determined after applying the Fee Committee's final recommended deductions to the

outstanding amounts [Docket No. 6354].  Bingham received payment of $210,379.05 pursuant to

the Court's Order on December 30, 2009.  Bingham has reserved its rights to challenge the Fee
Committee's final recommended deductions.

18.    On December 14, 2009, Bingham filed its Third Interim Fee Application
seeking Court approval and allowance for compensation for fees accrued for professional
services rendered to the Debtors and reimbursement of actual and necessary expenses incurred
from June 1, 2009, through September 30, 2009 (the "Third Interim Fee Application") [Docket
No. 6177], in the amounts of $2,674,901.00 and $108,636.71, respectively.  On April 9, 2010,
the Court entered an Order Granting Applications for the Allowances of Interim Compensation
for the Period of June 1, 2009, through September 30, 2009, for Professional Services Performed
and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No.
8211], awarding Bingham $2,594,831.51 in fees and $107,213.40 in expenses, determined after
applying the Fee Committee's final recommended deductions to the requested amounts.
Bingham has reserved its rights to challenge the Fee Committee's final recommended
deductions.

19.    On April 16, 2010, Bingham filed its Fourth Interim Fee Application
seeking Court approval and allowance for compensation for professional services rendered to the
Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2009
through January 31, 2010 (the "Fourth Interim Fee Application") [Docket No. 8387], in the
amounts of $2,605,491.77 and $97,483.70, respectively.  On September 9, 2010, the Court
entered an Order Granting Applications for the Allowances of Interim Compensation for the
Period of October 1, 2009, through January 31, 2010, for Professional Services Performed and
Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No.
11237], awarding Bingham $2,485,041.94 in fees and $87,857.38 in expenses, determined after

7

applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

20.    On August 16, 2010, Bingham filed its Fifth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2010, through May 31, 2010 (the "Fifth Interim Fee Application") [Docket No. 10759], in the amounts of $2,746,440.48 and $103,873.32, respectively.  On May 12, 2011, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of February 1, 2010 to May 30, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 16972], awarding Bingham $2,616,539.44 in fees and $103,363.01 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts.  Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

21.    On December 14, 2010, Bingham filed its Sixth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2010, through September 30, 2010 (the "Sixth Interim Fee Application") [Docket No. 13447], in the aggregate of $2,042,918.90 and $188,198.37, respectively. On November 22, 2011, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of June 1, 2010 to September 30, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 22505], awarding Bingham $2,010,384.15 in fees and $187,655.49 in expenses, determined after

8

applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

22.    On May 31, 2011, Bingham filed its Seventh Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2010, through January 31, 2011 (the "Seventh Interim Fee Application") [Docket No. 17237], in the aggregate of $1,683,554.39 and $206,529.67, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Seventh Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period October 1, 2010 Through January 31, 2011, was filed March 24, 2012 [Docket No. 27153].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $3,604.00 for professional services rendered and $584.82 for expenses incurred by Bingham in the Seventh Interim Period.   The Stipulation is still pending before the Court.

23.    On August 15, 2011, Bingham filed its Eighth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2011, through May 31, 2011 (the "Eighth Interim Fee Application") [Docket No. 19235], in the aggregate of $1,919,507.31 and $144,616.38, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Eighth Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period February 1, 2011 Through May 31, 2011, was filed March 24, 2012

[Docket No. 27154].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $4,883.50 for professional services rendered and $428.12 for expenses incurred by Bingham in the Eighth Interim Period.   The Stipulation is still pending before the Court.

24.    On December 14, 2011, Bingham filed its Ninth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2011, through September 30, 2011 (the "Ninth Interim Fee Application") [Docket No. 23305], in the aggregate of $1,559,850.00 and $140,707.96, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Ninth Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period June 1, 2011 Through September 30, 2011, was filed March 24, 2012 [Docket No. 27155].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $597.50 for professional services rendered and no reduction for expenses incurred by Bingham in the Ninth Interim Period.   The Stipulation is still pending before the Court.

C.    **Applicable Authority**

25.    This Application has been prepared in accordance with:    (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 (the "UST Guidelines"); and (c) the Fourth Amended Order Pursuant to

10

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated April 14, 2011 [Docket No. 15997] (the "Interim Fee Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit A.

26.    In preparing this Application, Bingham has also reviewed and considered the Fee Committee Reports Pertaining to the Interim Fee Applications of All Retained Professionals (the "Committee Reports") [Docket Nos. 4655, 5104, 6165, 7498, 10947 and 18603, respectively]. Bingham has also received specific guidance from the Fee Committee in connection with the Fee Applications previously submitted and has considered such guidance in preparing this Application.

**Fees and Expenses**

27.    During the Tenth Interim Fee Period, Bingham accrued fees for professional services rendered in the aggregate of $2,733,159.75[3] and incurred expenses in the aggregate of $297,387.52.[4] Bingham professionals and paraprofessionals expended a total of 4,239.80 hours for which compensation is requested. Bingham's requests for compensation in the monthly fee statements are as follows:

---

[3] The amount of fees requested in this Fee Application is $2,733,159.75. Bingham voluntarily reduced its fees at the time of filing its monthly statements by $106,930.25 consistent with Fee Committee guidance providing for billing non-working travel time at 50% of regular rates.

[4] Bingham voluntarily reduced its requested expenses at the time of filing its monthly statements in the amount of $40,145.77 to comply with guidelines issued by the Fee Committee.

| Period Covered | Hours | Requested | | Received | | Outstanding | |
|---|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | Fees | Expenses |
| 10/1/2011 - 10/31/2011 | 706.30 | 431,259.00 | 46,188.40 | 345,007.20 | 46,188.40 | 86,251.80 | 0.00 |
| 11/1/2011 - 11/30/2011 | 777.10 | 500,576.50 | 40,479.84 | 400,461.20 | 40,479.84 | 100,115.30 | 0.00 |
| 12/1/2011 - 12/31/2011 | 495.20 | 320,269.00 | 20,614.57 | 256,215.20 | 20,614.57 | 64,053.80 | 0.00 |
| 1/1/2012 - 1/31/2012 | 988.60 | 647,963.00 | 97,965.46 | 518,370.40 | 97,965.46 | 129,592.60 | 0.00 |
| 2/1/2012 - 3/6/2012 | 1,272.60 | 833,092.25 | 92,139.25 | 666,473.80 | 92,139.25 | 166,618.45 | 0.00 |
| Totals: | 4,239.80 | $2,733,159.75 | $297,387.52 | $2,186,527.80 | $297,387.52 | $546,631.95 | $0.00 |

28.    Other than pursuant to the Interim Fee Order, Bingham has not received payment or promises of payment from any source for services rendered or to be rendered in these Chapter 11 Cases during the Tenth Interim Fee Period.  There is no agreement or understanding between Bingham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.  Bingham has not received a security retainer or advance payment for fees and expenses incurred in connection with its representation of the Debtors in these Chapter 11 Cases.

29.    Bingham charged its fees in these Chapter 11 Cases in accordance with billing rates and procedures in effect during the Tenth Interim Fee Period and as set forth in the Retention Application.  On January 1, 2012, Bingham adjusted the billing rates for professionals and paraprofessionals in the normal course of its business.  The rates charged by Bingham for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same as or less than the rates charged by Bingham for professional services rendered in comparable non-bankruptcy related matters.

30.    Pursuant to the Guidelines, attached hereto as Exhibit B is a schedule setting forth all Bingham professionals and paraprofessionals who performed services during the Tenth Interim Fee Period, the position of each professional at Bingham during the Tenth Interim Fee Period, the date of bar admission for each professional if applicable, the hours worked by

12

each professional and paraprofessional, and the hourly rate of each professional and paraprofessional. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases.

31.    Pursuant to the Guidelines, attached hereto as Exhibit B1 is a schedule identifying each timekeeper at Bingham providing services on each matter with the timekeeper's hours and fees for the project during the Tenth Interim Fee Period. To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has used matter numbers in lieu of substantive matter names.

32.    Pursuant to the Guidelines, attached hereto as Exhibit C is a summary of Bingham's time records billed during the Tenth Interim Fee Period, utilizing the project categories as described below. Detailed records of the hours expended and associated fees by professionals and paraprofessionals during the Tenth Interim Fee Period are attached hereto as Exhibits C1-C5. To protect confidentiality and maintain attorney-client privilege and work product protection over the advice Bingham has provided to the Debtors, Bingham has redacted its time entry and expense descriptions. Similarly, Bingham has used matter numbers in lieu of substantive matter names.

33.    Pursuant to the Guidelines, attached hereto as Exhibit D is a categorical summary of the expenses billed during the Tenth Interim Fee Period. Detailed records of the expenses billed during the Tenth Interim Fee Period are attached hereto within Exhibits C1-C5.

34.    To the extent that time or expense charges for services rendered or expenses incurred relate to the Tenth Interim Fee Period, but were not processed prior to the preparation of the Application, Bingham reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.

13

**Voluntary Reductions**

35.     Responding to and in its efforts to comply with guidance received from the Fee Committee, Bingham previously took voluntary reductions for fees incurred in the amount of $106,930.25 and expenses incurred in the amount of $40,145.77 when it submitted its monthly statements for the Tenth Interim Fee Period.

**Summary of Services**

36.     In accordance with the Retention Order, Bingham provided such services as were necessary and appropriate in order to advise the Debtors regarding tax controversy matters, certain securitization and capital markets matters, and supplemental litigation matters in the course of these Chapter 11 Cases.  The full scope and breadth of the services rendered during the Tenth Interim Fee Period is reflected in the monthly statements, which have been provided to the Notice Parties (as defined in the Interim Fee Order) and incorporated herein as Exhibits C1-C5.  The following is a summary by category of the significant professional services rendered by Bingham during the Tenth Interim Fee Period:

a.     1997-2000 Refund Claims

Bingham professionals and paraprofessionals rendered services in connection with pursuing a resolution of the remaining issue included in Debtors' claims for refund from the Internal Revenue Service (the "IRS") of taxes, penalties, and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claims"), which is also disputed in certain tax years from 2001 through 2008.  This issue has proceeded to litigation.  During the Tenth Interim Fee Period, Bingham professionals and paraprofessionals continued to render services in connection with the litigation on the matter for which no administrative resolution could be reached.  During the Tenth Interim Fee Period, this case was in the discovery phase of litigation and, consequently, Bingham's work involved managing document productions, resolution of privilege disputes,

14

propounding and responding to interrogatories, and preparation for and defense of depositions.

This process entailed coordination with the Creditors' Committee.    In addition, Bingham

professionals conducted other tasks and projects not specifically enumerated in order to preserve

confidentiality and protect privileged information.    These services are noted in Exhibits C1-C5

under Matter Code 474.    Upon request, Bingham will provide further information regarding the

matter and specific services provided.

        b.     2001-2007 Audit Issues

The IRS audit of Debtors' 2001-2007 tax years, involving approximately 20

significant issues, some of which are carryover issues from those included in the 1997-2000

Refund Claims (the "2001-2007 Audit Issues"), has been completed.    Eight issues remain

unresolved:  an administrative resolution continues to be pursued with the IRS for seven of these

issues, while the eighth issue is a carryover issue from the 1997-2000 Refund Claims and will

proceed to litigation.    During the Tenth Interim Fee Period, Bingham professionals and

paraprofessionals analyzed positions in preparation for settlement negotiations, drafted legal and

factual memoranda with respect to the issues raised, and reviewed legal memoranda submitted

by the IRS.  As described above in Paragraph 36.a, Bingham professionals and paraprofessionals

also continued to render services in connection with the litigation on the matter for which no

administrative resolution could be reached.    These processes entailed coordination with the

Creditors' Committee.    Bingham professionals also conducted other tasks and projects not

specifically enumerated in order to preserve confidentiality and protect privileged information.

These services are noted in Exhibits C1-C5 under Matter Codes 402, 474, 667, and 907.    Upon

request, Bingham will provide further information regarding the matters and specific services

provided.

c.    2008-2010 Audit Issues

The IRS has begun its post-petition audit of Debtors' 2008-2010 tax years, which is expected to implicate several significant issues (the "2008-2010 Audit Issues").  During the Tenth Interim Fee Period, Bingham professionals and paraprofessionals participated in meetings and teleconferences with the Debtors concerning planning for the 2008-2010 audit and performed preliminary analysis of Debtors' positions for those taxable years.  Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.  These services are noted in Exhibits C1-C5 under Matter Code 402 and 910.  Upon request, Bingham will provide further information regarding the matters and specific services provided.

d.    Transaction Audits

Bingham professionals and paraprofessionals advised on and helped manage two other of Debtors' IRS audits involving specific aspects of Debtors' business activities (the "Transaction Audits").  Debtors have reached an agreement in principle to settle the first of these audits and are currently working with the IRS to finalize documentation of the settlement terms. The other audit has been completed, and has entered an issue resolution phase where the Debtors and IRS continue to pursue an administrative resolution of the unresolved issues.  In addition to audit management, Bingham professionals researched and analyzed transaction data to further develop factual and legal arguments on the Debtors' behalf for the ongoing matter.  This process entailed coordination with the SIPC Trustee administering LBI's estate.  Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.  These services are noted in Exhibits C1-C5 under Matter Codes 561 and 750.  Upon request, Bingham will provide further information

16

regarding the matters and specific services provided.

        e.      <u>Non-Matter Specific Tax Services</u>

This category pertains to Bingham professionals and paraprofessionals rendering generally applicable tax controversy advice in these proceedings.  During the Tenth Interim Fee Period, Bingham professionals and paraprofessionals discussed procedure with the Debtors' tax department to position the various matters for litigation or resolution in appeals, performed ongoing management of the issues related to the audits, including coordination with the Debtors and Debtors bankruptcy counsel, developed and analyzed the procedure for resolution of the various issues subject to the audits, including legal research on the effects of the bankruptcy proceedings on these procedures, and analyzed and prepared various tax calculations.  This process entailed coordination with the Creditors' Committee.  Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.  These services are noted in <u>Exhibits C1-C5</u> under Matter Codes 402 and 911.  Upon request, Bingham will provide further information regarding the matters and specific services provided.

        f.      <u>Securitization and Capital Markets Matters</u>

Bingham professionals and paraprofessionals rendered services in connection with certain securitization and capital markets matters.  These services are noted in <u>Exhibits C1-C5</u> under Matter Code 015.  Specifically, Bingham professionals and paraprofessionals drafted compliance opinions required under certain securitization documents, tracked and filed UCC continuation statements, renewed service of process agents, handled a variety of deal document issues, including responding to document requests from transaction parties, derivative issues, and filing requirements, and handled various filing requirements and associated issues under related

17

securities laws and regulations.    In addition, Bingham professionals and paraprofessionals conducted any other securitization or capital markets matters requested by the Debtors in relation to the foregoing.

g.    Retention Application Preparation

Bingham professionals and paraprofessionals conducted conflicts searches and submitted supplemental declarations related thereto during the Tenth Interim Fee Period.  These services are noted in Exhibits C4-C5 under Matter Code 903.

h.    Fee Application Preparation

The billing procedures required by the Guidelines and the Fee Committee in these Chapter 11 Cases have required significant effort on the part of certain professionals and paraprofessionals to ensure compliance with the same.  Specifically, Bingham professionals and paraprofessionals have reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred, and drafted the narratives and schedules included in Bingham's monthly statements.  During the Tenth Interim Fee Period, Bingham professionals and paraprofessionals also prepared the Ninth Interim Fee Application and supporting exhibits.  These services are noted in Exhibits C1-C5 under Matter Code 902.

i.    Responding to Fee Committee Requests

During the Tenth Interim Fee Period, Bingham professionals and paraprofessionals analyzed responded to requests by the Fee Committee for information on billing practices and procedures, responded to the Fee Committee regarding requested historical data, and corresponded with the Fee Committee on a variety of issues including the protection of privileged information.  These services are noted in Exhibits C1-C5 under Matter Code 901.

37.    The foregoing professional services performed by Bingham were necessary and appropriate to the administration of the Debtors' Chapter 11 Cases.    The professional services performed by Bingham were in the best interest of the Debtors, their estates, and other parties in interest.    Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved.  The professional services were performed in an efficient manner.

38.    The professional services performed by Bingham on behalf of the Debtors during the Tenth Interim Fee Period required an aggregate expenditure of 4,239.80 recorded hours by Bingham professionals and paraprofessionals.    Of the aggregate time expended, 1,449.00 recorded hours were expended by partners, of counsel and counsel, 2,410.40 recorded hours were expended by associates and staff attorneys, and 380.40 recorded hours were expended by paraprofessionals and litigation technology support analysts of Bingham.    During the Tenth Interim Fee Period, Bingham billed the Debtors for time expended by professionals and paraprofessionals based on Bingham's regular hourly rates.

### Actual and Necessary Expenses

39.    As set forth in Exhibit D, Bingham is requesting $297,387.52 for expenses incurred in providing professional services during the Tenth Interim Fee Period.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified to serve the needs of the Debtors, their estates, and creditors, and Bingham made every effort to minimize its expenses in these cases.  As more fully described in Exhibits C1-C5, Bingham seeks reimbursement for various categories of expenses, including:  Consulting, Court Costs, Filing Fees, Ground Transportation, Index/Binding, Library Retrieval Services, Meals: Client Meeting, Meals: Working Lunch,  Meeting Space, Online Legal Research, Other Electronic

Research, Outside Copy and Print Services, Overnight/Express Delivery, Photocopies, Photocopies: Color, Scanning, Teleconference, Transcripts, Travel: Air Transportation, Travel: Coach Services, Travel: Ground Transportation, Travel: Lodging, Travel: Meals, Travel: Parking, and Travel: Rail Transportation.  All entries in <u>Exhibits C1-C5</u> are in accordance with the Guidelines.

<strong><u>The Requested Compensation Should Be Allowed</u></strong>

40.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.    The services for which Bingham seeks compensation and the expenditures for which Bingham seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.

42.    All of Bingham's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended.  In certain instances, however, conferences and/or collaboration were necessary among Bingham's professionals.

43.    Whenever possible, Bingham sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered.  At the request of the Debtors, due to the complexity and magnitude of certain issues and the specific expertise of certain attorneys, Bingham utilized more senior professionals as it was determined it would create greater efficiencies and therefore be more cost-effective.

44.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

45.    In sum, the services rendered by Bingham were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with

the complexity, importance, and nature of the issues involved, and approval of the compensation

for professional services and reimbursement of expenses sought herein is warranted.

## Notice

46.     Notice of this Application will be served on May 21, 2012, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases. Notice will also be given to each of the retained professionals in these Chapter 11 Cases. Bingham submits that no other or further notice need be provided.

## Conclusion

WHEREFORE Bingham respectfully requests that the Court enter an order (i) awarding Bingham interim compensation from the Debtors for fees accrued for actual and necessary professional services rendered during the Tenth Interim Fee Period in the aggregate amount of $2,733,159.75, (ii) allowing Bingham interim reimbursement for actual and necessary expenses incurred during the Tenth Interim Fee Period in the aggregate amount of $297,387.52, (iii) holding that the allowance of such interim compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bingham's right to seek additional compensation for services performed and expenses incurred during the Tenth Interim Fee Period which were not processed at the time of this Application; and (iv) granting Bingham such other and further relief as it deems just and proper.

Dated: May 21, 2012
       Washington, D.C.

Rajiv Madan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Special Counsel for the Debtors
and Debtors in Possession