## Exhibit A

Certification of Rajiv Madan, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                    :
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., et al.               :    08-13555 (JMP)
                                                    :
Debtors.                                            :    (Jointly Administered)
                                                    :
-------------------------------------------------------------------X

### CERTIFICATION OF RAJIV MADAN, ESQ. IN SUPPORT OF THE TENTH INTERIM FEE APPLICATION OF BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

I, RAJIV MADAN, hereby certify that:

2.  I am a partner with the applicant firm, Bingham McCutchen LLP ("Bingham" or the "Firm").

3.  I submit this Certification in connection with the filing of the Tenth Interim Fee Application (the "Application") of Bingham, special counsel for Lehman Brothers Holdings, Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), for compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with Bingham's representation of the Debtors in tax controversy and securitization and capital markets matters, from October 1, 2011 through March 6, 2012 (referred to herein as the "Tenth Interim Fee Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.  Except as may be otherwise set forth herein, described in the Application, or specifically mandated by this Court in these chapter 11 cases, I hereby certify that I have read

the Application, and, to the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the order dated November 5, 2008, approving the retention of McKee Nelson LLP ("McKee")[6] as special tax counsel for the Debtors [Docket No. 1387], the order dated March 24, 2009, approving the retention of McKee for certain limited non-tax matters [Docket No. 3206], the order dated August 25, 2009, approving the employment and retention of Bingham as special counsel [Docket No. 4927], the order dated March 9, 2010, approving the expansion of Bingham's retention to include work related to the supplemental litigation matter [Docket No. 7491], the order dated May 10, 2012, approving the expansion of Bingham's retention, *nunc pro tunc*, to January 1, 2012, to include work on the post-petition audit opened by the IRS during the Tenth Interim Fee Period [Docket No. 27790], the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995, the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996, and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated April 14, 2011 [Docket No. 15997].

        5.    I further certify that the fees and disbursements sought are billed at rates and in accordance with practices that were customarily employed by Bingham and generally accepted by Bingham's clients.

---

[6] Bingham and McKee combined on August 1, 2009.

6. I further certify that in providing a reimbursable service, Bingham does not make a profit on that service, whether the service was performed by Bingham in-house or through a third party; provided, however, that Bingham's standard charges for in-house expenses may yield profits or losses depending on annual volumes copied and the methods of cost allocation employed.

7. I further certify that the Debtors, attorneys for the Statutory Committee of Unsecured Creditors and the United States Trustee for the Southern District of New York have all been provided with monthly statements of Bingham's fees and expenses incurred during the Tenth Interim Fee Period.

8. I further certify that the Debtors, attorneys for the Statutory Committee of Unsecured Creditors and the United States Trustee for the Southern District of New York will all be provided with a copy of the Application.

Dated: May 21, 2012
      Washington, D.C.

                                                     Rajiv Madan, Esq.
                                                     Partner
                                                     BINGHAM McCUTCHEN LLP