PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel for the
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                            :    **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **Case No. 08-13555 (JMP)**
:
                                    **Debtors.**     :    **(Jointly Administered)**
:
:
---------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

**SIXTH INTERIM FEE APPLICATION**

NAME OF APPLICANT:              Paul Hastings LLP fka Paul, Hastings, Janofsky & Walker LLP

DATE OF RETENTION:             Order entered August 10, 2010, *nunc pro tunc* to March 1, 2010 [Docket No. 10677]

TIME PERIOD:                    10-1-11 through 3-6-12

ROLE IN THE CASE:              Special Counsel for Debtors and Debtors in Possession

Fees Incurred:                  $865,721.52
  Less application of third party payment:[1]    ($528,663.07)

  AMOUNT OF COMPENSATION SOUGHT:    $337,058.45

---

[1]  Please see discussion below entitled "Calvino Third Party Payment".

Expenses Incurred:                               $7,341.26
  Less application of third party payment:    ($2,613.34)

AMOUNT OF EXPENSE                               $4,727.92
REIMBURSEMENT SOUGHT:

PRIOR APPLICATIONS:

| Date Filed | Dkt. No. | Period Covered | Fees | Expenses |
|---|---|---|---|---|
| 9/24/10 | 11569 | 3/1/10 through 5/31/10 | $296,514.21 | $197.94 |
| 11/18/10 | 12889 | 6/1/10 through 9/30/10 | $549,819.95 | $1,890.72 |
| 3/22/11 | 15244 | 10/1/10 through 1/31/11 | $511,306.62 | $3,013.94 |
| 8/9/11 | 19097 | 2/1/11 through 5/31/11 | $1,062,359.02 | $12,243.73 |
| 1/3/12 | 23950 | 6/1/11 through 9/30/11 | $1,194,841.16 | $5,019.09 |

## COMPENSATION BY PROFESSIONAL

## AND PARAPROFESSIONAL

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE IN POUNDS OR EUROS (INCLUDING CHANGES) | RATE IN US DOLLARS[2] (INCLUDING CHANGES) | HOURS | AMOUNT |
|---|---|---|---|---|---|
| **PARTNERS** | | | | | |
| Mark J. Eagan  (Real Estate, London) | 1985 | £700 | $1107.03 | 2.10 | $2,324.76 |
| Mark J. Eagan  (Real Estate, London) | 1985 | £700 | $1109.33 | 2.10 | $2,329.59 |
| Mark J. Eagan  (Real Estate, London) | 1985 | £685 | $1071.77 | 42.80 | $45,871.75 |
| Mark J. Eagan  (Real Estate, London) | 1985 | £685 | $1072.88 | 88.00 | $94,413.21 |
| Mark J. Eagan  (Real Estate, London) | 1985 | £685 | $1068.18 | 78.80 | $84,172.28 |
| Karl J. K. Clowry (Corporate, London) | 1998 | £680 | $1075.40 | 3.60 | $3,871.46 |
| Karl J. K. Clowry (Corporate, London) | 1998 | £680 | $1077.64 | 2.30 | $2,478.57 |
| Karl J. K. Clowry (Corporate, London) | 1998 | £640 | $1001.36 | 61.50 | $61,583.72 |
| Karl J. K. Clowry (Corporate, London) | 1998 | £640 | $1002.40 | 69.10 | $69,265.59 |
| Karl J. K. Clowry (Corporate, London) | 1998 | £640 | $998.00 | 85.80 | $85,628.74 |
| Arun Birla (Tax, London) | 1999 | £650 | $1017.01 | 4.00 | $4,068.03 |
| Arun Birla (Tax, London) | 1999 | £650 | $1018.06 | 4.40 | $4,479.46 |
| Arun Birla (Tax, London) | 1999 | £650 | $1013.60 | 1.80 | $1,824.48 |
| Barry Brooks (Corporate, New York) | 1981 | £620 | $971.07 | 0.60 | $582.64 |
| Barry Brooks (Corporate, New York) | 1981 | £620 | $966.82 | 5.60 | $5,414.17 |
| Hergen Haas (Corporate, Frankfurt) | 1996 | €635 | $837.94 | 1.80 | $1,508.29 |
| | | | | | |
| Joel H. Rothstein (Real Estate, Beijing) | 1990 | | $995.00 | 1.80 | $1,791.00 |
| Rick S. Kirkbride (Real Estate, LA) | 1983 | | $965.00 | 0.90 | $868.50 |
| Douglas I. Koff (Litigation, NY) | 1995 | | $980.00 | 2.40 | $2,352.00 |
| Douglas I. Koff (Litigation, NY) | 1995 | | $930.00 | 1.70 | $1,581.00 |
| David J. Freeman (Real Estate, NY) | 1975 | | $960.00 | 0.60 | $576.00 |
| David J. Freeman (Real Estate, NY) | 1975 | | $910.00 | 1.20 | $1,092.00 |
| Zachary D. Fasman (Employment, NY) | 1995 | | $890.00 | 3.40 | $3,026.00 |
| Edouard Lange (Corporate, Frankfurt) | 2003 | | $860.00 | 16.80 | $14,448.00 |
| Edouard Lange (Corporate, Frankfurt) | 2003 | | $810.00 | 3.00 | $2,430.00 |
| Robert M. Keane, Jr. (Real Estate, LA) | 1997 | | $895.00 | 0.80 | $716.00 |
| Robert M. Keane, Jr. (Real Estate, LA) | 1997 | | $850.00 | 0.60 | $510.00 |
| | **TOTAL PARTNERS** | | | **487.50** | **$499,207.24** |

---

[2]    The rates of the Paul Hastings timekeepers resident in London or Milan have been converted from Pounds (£) or Euros (€) to U.S. Dollars ($) as follows:  for the October services (£0.63913 = $1; €0.74073 = $1); for the November services (£0.63847 = $1; €0.76682 = $1); for the December services (£0.64128 = $1; €0.769 = $1); for the January services (£0.63101 = $1; €0.74557 = $1); and for February-March services (£0.63232 = $1; €0.75781 = $1). Accordingly, multiple rates are shown for the London and Milan timekeepers.

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE IN POUNDS OR EUROS (INCLUDING CHANGES) | RATE IN US DOLLARS[2] (INCLUDING CHANGES) | HOURS | AMOUNT |
|---|---|---|---|---|---|
| **COUNSEL** | | | | | |
| Lorenza Talpo (Corporate, London) | 1996 | £640 | $1014.25 | 0.20 | $202.85 |
| Lorenza Talpo (Corporate, London) | 1996 | £615 | $962.25 | 0.20 | $192.45 |
| Lorenza Talpo (Corporate, London) | 1996 | £615 | $963.24 | 0.30 | $288.97 |
| Lorenza Talpo (Corporate, London) | 1996 | £615 | $959.02 | 5.30 | $5,082.80 |
| Bernadette Accili (Tax, Milan) | 1994 | £515 | $814.46 | 0.10 | $81.45 |
| Bernadette Accili (Tax, Milan) | 1994 | £495 | $774.49 | 3.90 | $3,020.51 |
| Bernadette Accili (Tax, Milan) | 1994 | £495 | $775.29 | 5.20 | $4,031.51 |
| Bernadette Accili (Tax, Milan) | 1994 | £495 | $771.89 | 5.90 | $4,554.17 |
| | | | | | |
| Katherine A. Traxler (Corporate, LA) | 1990 | | $715.00 | 10.40 | $7,436.00 |
| | **TOTAL COUNSEL** | | | **31.50** | **$24,890.71** |
| **ASSOCIATES** | | | | | |
| Miles B. Flynn (Corporate, London) | 2005 | £440 | $688.44 | 0.50 | $344.22 |
| Alessio Giammarino (Corporate, Milan) | 2003 | £375 | $586.74 | 1.00 | $586.74 |
| Alessio Giammarino (Corporate, Milan) | 2003 | £375 | $584.77 | 1.80 | $1,052.58 |
| Marc-Alexandre Courtejoie (Corporate, Milan) | 2006 | £410 | $641.50 | 12.10 | $7,762.11 |
| Marc-Alexandre Courtejoie (Corporate, Milan) | 2006 | £410 | $648.41 | 3.90 | $2,528.78 |
| Marc-Alexandre Courtejoie (Corporate, Milan) | 2006 | £410 | $642.16 | 4.90 | $3,146.58 |
| Marc-Alexandre Courtejoie (Corporate, Milan) | 2006 | £410 | $639.35 | 20.80 | $13,298.40 |
| Marc-Alexandre Courtejoie (Corporate, Milan) | 2006 | £410 | $649.75 | 3.40 | $2,209.16 |
| Jiten Tank (Tax, London) | 2009 | £335 | $524.15 | 10.00 | $5,241.50 |
| Jiten Tank (Tax, London) | 2009 | £335 | $524.69 | 3.30 | $1,731.48 |
| Jiten Tank (Tax, London) | 2009 | £335 | $522.39 | 4.10 | $2,141.81 |
| Liam Mills (Corporate, London) | 2009 | £370 | $585.15 | 2.60 | $1,521.38 |
| Liam Mills (Corporate, London) | 2009 | £370 | $586.36 | 2.60 | $1,524.54 |
| Liam Mills (Corporate, London) | 2009 | £335 | $524.69 | 75.80 | $39,771.64 |
| Liam Mills (Corporate, London) | 2009 | £335 | $522.39 | 92.80 | $48,478.04 |
| Liam Mills (Corporate, London) | 2009 | £335 | $524.15 | 30.80 | $16,143.82 |
| Alexandra Morris (Real Estate, London) | 2009 | £370 | $586.36 | 0.60 | $351.82 |
| Alexandra Morris (Real Estate, London) | 2009 | £335 | $524.15 | 31.40 | $16,458.31 |
| Alexandra Morris (Real Estate, London) | 2009 | £335 | $524.69 | 55.50 | $29,120.40 |
| Alexandra Morris (Real Estate, London) | 2009 | £335 | $522.39 | 80.00 | $41,791.42 |
| David Mallett (Tax, London) | 2010 | £315 | $493.37 | 1.10 | $542.70 |
| Felicia Y. Yen (Corporate, New York) | 2011 | £240 | $374.25 | 4.40 | $1,646.71 |
| Rebecca Coveney (Corporate, London) | 2007 | €455 | $600.41 | 7.50 | $4,503.11 |
| | | | | | |
| Jeffrey D. Diener (Real Estate, LA) | 2001 | | $725.00 | 11.00 | $7,975.00 |
| Edgar Khalatian (Real Estate, LA) | 2003 | | $700.00 | 4.00 | $2,800.00 |

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE IN POUNDS OR EUROS (INCLUDING CHANGES) | RATE IN US DOLLARS[2] (INCLUDING CHANGES) | HOURS | AMOUNT |
|---|---|---|---|---|---|
| Anthony Antonelli (Litigation, New York) | 2006 | | $685.00 | 31.40 | $21,509.00 |
| Anthony Antonelli (Litigation, New York) | 2006 | | $670.00 | 4.60 | $3,082.00 |
| Christian M. Auty (Corporate, Chicago) | 2005 | | $670.00 | 8.20 | $5,494.00 |
| Lauren L. Giovannone (Real Estate, LA) | 2005 | | $655.00 | 13.60 | $8,908.00 |
| Markus Schuback (Corporate, Frankfurt) | 2002 | | $620.00 | 8.50 | $5,270.00 |
| Nicholas J. Begakis (Litigation, LA) | 2007 | | $600.00 | 1.30 | $780.00 |
| Elena Branzburg (Real Estate, LA) | 2009 | | $505.00 | 10.50 | $5,302.50 |
| Elena Branzburg (Real Estate, LA) | 2009 | | $495.00 | 5.00 | $2,475.00 |
| Rachel Prandini (Real Estate, LA) | 2010 | | $395.00 | 8.40 | $3,318.00 |
| Charlene Ho Jung Kim (Real Estate, LA) | 2011 | | $360.00 | 12.70 | $4,572.00 |
| | TOTAL ASSOCIATES | | | 570.10 | $313,382.75 |
| **PARAPROFESSIONALS AND OTHER TIMEKEEPERS** | | | | | |
| Robin Riley (Corporate, New York) | N.A. | £195 | $304.08 | 0.50 | $152.04 |
| Larry R. Mehringer (New York) | N.A. | £155 | $242.77 | 1.00 | $242.77 |
| Larry R. Mehringer (New York) | N.A. | £155 | $241.70 | 5.50 | $1,329.37 |
| Aman Dillon (Solicitor Trainee, London) | N.A. | £150 | $237.22 | 3.70 | $877.72 |
| Aman Dillon (Solicitor Trainee, London) | N.A. | £150 | $234.69 | 4.10 | $962.25 |
| Aman Dillon (Solicitor Trainee, London) | N.A. | £150 | $234.94 | 11.50 | $2,701.77 |
| Aman Dillon (Solicitor Trainee, London) | N.A. | £150 | $233.91 | 30.30 | $7,087.39 |
| Aman Dillon (Solicitor Trainee, London) | N.A. | £150 | $237.71 | 1.60 | $380.34 |
| Polly Blenkin (Solicitor Trainee, London) | N.A. | £150 | $233.91 | 0.40 | $93.56 |
| Domenico Gioia (Associate Trainee, London) | N.A. | £135 | $211.44 | 1.50 | $317.16 |
| Dennis M. Cairns (New York) | N.A. | £120 | $187.13 | 2.80 | $523.95 |
| Rebecca Borowitz (Litigation, New York) | N.A. | | $315.00 | 2.40 | $756.00 |
| Myron E. Williams (New York) | N.A. | | $285.00 | 0.30 | $85.50 |
| Lito M. Natividad (LA) | N.A. | | $240.00 | 23.50 | $5,640.00 |
| Johannes F. Kamprath (Frankfurt) | N.A. | | $190.00 | 26.90 | $5,111.00 |
| Samuel von Eicke (Frankfurt) | N.A. | | $190.00 | 9.00 | $1,710.00 |
| Lindsey Chandler (New York) | N.A. | | $100.00 | 2.70 | $270.00 |
| | TOTAL PARAPROFESSIONALS | | | 127.70 | $28,240.82 |
| | TOTAL FEES INCURRED | | | 1,216.80 | $865,721.52 |
| | LESS APPLICATION OF THIRD PARTY PAYMENT | | (695.30) | ($528,663.07) |
| | TOTAL FEES REQUESTED | | | 521.50 | $337,058.45 |
| | | | | | $646.32 |

| NAME , DEPARTMENT, AND LOCATION | YEAR OF ADMISSION | RATE IN POUNDS OR EUROS (INCLUDING CHANGES) | RATE IN US DOLLARS[2] (INCLUDING CHANGES) | HOURS | AMOUNT |
|---|---|---|---|---|---|
| BLENDED HOURLY RATE | | | | | |

## FEES INCURRED BY PROJECT CATEGORY

| Project Code and Description | Hours | Fees |
|---|---|---|
| 2300   Real Estate Matters (United States) | 108.20 | $67,496.00 |
| 2300   Real Estate Matters (London) | 989.20 | $743,837.02 |
| 2500   Derivatives / SWAP Agreement Issues | 90.20 | $44,673.00 |
| 4600   Fee Applications | 29.20 | $9,715.50 |
| **TOTAL FEES INCURRED:** | **1,216.80** | **$865,721.52** |
| **LESS APPLICATION OF THIRD PARTY PAYMENT:** | **(695.30)** | **($528,663.07)** |
| **TOTAL FEES REQUESTED:** | **521.50** | **$337,058.45** |

## EXPENSE SUMMARY

| Description | Total Requested Expenses |
|---|---|
| Meals (while working on Lehman matters) | $363.27 |
| Taxi / Ground Transportation (all between the hours of 8:00 p.m. and 5:00 a.m.) | $1,108.55 |
| Search fee (Certificates) | $93.56 |
| Notarization fee | $1,243.61 |
| Filing fee | $26.14 |
| Corporation Service Company; Certificate of Status; Document retrieval | $238.55 |
| Outside Professional Services-Certified Company registration | $57.57 |
| Outside Professional Services-Article 9 Agents LLC-Bringdown letter; SF good standing certificate | $153.21 |
| Conference calls – International | $8.30 |
| In-house Reproduction Charges (5052 copies at $0.10 per copy) | $505.36 |
| Courier Service | $2,808.09 |
| Postage | $11.18 |
| | |
| **TOTAL EXPENSES INCURRED:** | **$7,341.26** |
| **LESS APPLICATION OF THIRD PARTY PAYMENT:** | **($2,613.34)** |
| **TOTAL EXPENSES REQUESTED:** | **$4,727.92** |

## MONTHLY STATEMENT SUMMARY

| MATTER | INVOICE NUMBER | PERIOD COVERED | REQUESTED FEES | REQUESTED EXPENSES |
|---|---|---|---|---|
| 75305-00003 Brickstone Environmental Audit | 1905915 | October 2011 | $910.00 | $0.00 |
| 75441-00006 Calvino | 1011022 | October 2011 | $162,235.38 | $318.67 |
| 75499-00007 Yongye JV Exit | 1905916 | October 2011 | $1,791.00 | $0.00 |
| 75545-00003 Seneca | 1905917 | October 2011 | $3,295.00 | $0.00 |
| 75545-00004 Schwartzman Bankruptcy | 1905918 | October 2011 | $1,136.50 | $932.61 |
| 77277-00002 On The Avenue | 1905919 | October 2011 | $16,529.00 | $44.70 |
| 78396-00002 Exxon Dispute | 1905920 | October 2011 | $2,316.00 | $0.00 |
| 75441-00006 Calvino **Less Application of Third Party Payment**[3] **Net Invoice** | 1011088 | November 2011 | $250,635.89 (250,635.89) $0.00 | $225.26 (225.26) $0.00 |
| 75545-00003 Seneca | 1909933 | November 2011 | $2,320.00 | $0.00 |
| 75545-00004 Schwartzman Bankruptcy | 1909934 | November 2011 | $7,213.00 | $392.98 |
| 76991-00002 MBIA | 1909935 | November 2011 | $651.00 | $0.00 |
| 77277-00002 On The Avenue | 1909990 | November 2011 | $11,548.50 | $117.10 |
| 78396-00002 Exxon Dispute | 1909936 | November 2011 | $5,404.00 | $0.00 |
| 75305-00003 Brickstone Environmental Audit | 1913654 | December 2011 | $182.00 | $0.00 |
| 75441-00006 Calvino **Less Application of Third Party Payment** **Net Invoice** | 1011164 | December 2011 | $304,271.92 (278,027.18) $26,244.74 | $2,381.99 (2,381.99) $0.00 |

---

[3]   On the Calvino matter, the third party borrower paid a portion of Paul Hastings' fees and expenses at closing.  In this Application, the Firm seeks approval and payment of the outstanding fees and expenses.

| | | | | |
|---|---|---|---|---|
| 75545-00004<br>Schwartzman Bankruptcy | 1913655 | December 2011 | $1,601.00 | $69.48 |
| 77277-00002<br>On The Avenue | 1913656 | December 2011 | $590.00 | $47.06 |
| 78396-00002<br>Exxon Dispute | 1913657 | December 2011 | $5,702.00 | $0.00 |
| 75545-00003<br>Seneca | 1914989 | January 2012 | $50.50 | $0.00 |
| 75545-00004<br>Schwartzman Bankruptcy | 1914990 | January 2012 | $858.00 | $843.30 |
| 75441-00006<br>Calvino<br>**Less Application of**<br>**Third Party Payment**<br><br>**Net Invoice** | 1011193 | January 2012 | $7,591.00<br>($0.00)<br><br>$7,591.00 | $1,212.45<br>(6.09)<br><br>$1,206.36 |
| 75441-00007<br>Newday | 1011192 | January 2012 | $1,885.87 | $0.00 |
| 78396-00002<br>Exxon Dispute | 1914991 | January 2012 | $30,600.00 | $101.93 |
| 75305-00003<br>Brickstone Environmental Audit | 1920335 | February 1 –<br>March 6, 2012 | $576.00 | $0.00 |
| 75441-00006<br>Calvino | 1011235 | February 1 –<br>March 6, 2012 | $9,212.90 | $60.82 |
| 75441-00007<br>Newday | 1011236 | February 1 –<br>March 6, 2012 | $1,992.66 | $0.00 |
| 75441-00008<br>Caliburn | 1011237 | February 1 –<br>March 6, 2012 | $6,011.40 | $0.00 |
| 75545-00003<br>Seneca | 1920336 | February 1 –<br>March 6, 2012 | $5,968.00 | $2.40 |
| 75545-00004<br>Schwartzman Bankruptcy | 1920337 | February 1 –<br>March 6, 2012 | $3,217.50 | $560.43 |
| 78396-00002<br>Exxon Dispute | 1920338 | February 1 –<br>March 6, 2012 | $19,425.50 | $30.08 |
| | **Total** | | **$337,058.45** | **$4,727.92** |

## Lehman Fee Committee Requested Information

Paul Hastings provides the following information at the request of the Lehman Fee Committee:

## Conversion Reconciliation

Per the request of the Lehman Fee Committee received on September 29, 2011, the invoices for services rendered during the interim period (October 1, 2011 through March 6, 2012) reflect conversion rates as of the date of the invoice. Using conversion rates as of the date of this Application, i.e., May 16, 2012 (£ = $1; € = $1), the fees and expenses for the Compensation Period would be:

| CONVERSION RATE | TOTAL FEES | TOTAL EXPENSES |
|---|---|---|
| At Date of Invoice Conversion Rates | $337,058.45 | $4,727.92 |
| At Fee Application Date Conversion Rates | $350,813.93 | $4,795.96 |
| Difference | $13,755.48 | $68.04 |

## Hourly Rate Increases

In January 2012, Paul Hastings increased its hourly rates as part of its customary, annual, firm-wide, rate increase. The rate increase was instituted across all of our clients and not solely with respect to the Debtors. The Firm's rate increase was primarily the result of advanced seniority and accumulated experience and an adjustment to market triggered by either firms considered peers or market information.

For the Compensation Period, the table below shows the Firm's services calculated at the previous rates as compared to the updated rates. The difference between the previous rates and the updated rates for the Firm's services during the Compensation Period amounted to $49,565.29.

| HOURLY RATE | TOTAL FEES |
|---|---|
| At Previous Rates | $287,493.16 |
| At Updated Rates | $337,058.45 |
| Difference | ($49,565.29) |

Timekeepers in the real estate and litigation departments[4] (of the same or similar seniority as those representing the Debtors) have the same (or similar) hourly rates and had the same (or similar) rate increase in January 2012 as the Paul Hastings timekeepers representing the Debtors. Please note that, like most law firms, Paul Hastings does not have multiple senior attorneys at the same level with the same expertise. Accordingly, two attorneys who represent the Debtors (Robert M. Keane, Jr. and Jeffrey D. Diener) do not have comparable peers for rate comparison purposes.

## Calvino Third Party Payment

Last year, Paul Hastings represented the Debtors with respect to their interest, as lender, in a credit facility. In December 2011, the parties closed the Calvino transaction, a restructuring of the credit facility. Pursuant to the terms of the transaction, a third party (i.e., Lehman's borrower on the transaction) agreed to pay a portion of Lehman's legal fees incurred in the Calvino matter. Accordingly, in late December, Paul Hastings received payment in the amount of €408,000.00 from the third party. Paul Hastings placed the funds in trust.

After discussions with counsel to the Lehman Fee Committee and Richard Hiom, on Lehman's behalf, Paul Hastings applied the third party payment as provided in the Third Supplemental Affidavit of Robert M. Keane, Jr. in Connection with Paul Hastings' Retention as Special Counsel to the Debtors [Docket No. 24800]. Commencing with the statement for the Firm's November 2011 services in the Calvino matter, the Firm's monthly statements reflect, as a credit, application of the third party payment to the Firm's fees and expenses.

---

[4]   Paul Hastings serves as special real estate and litigation counsel to the Debtors.

PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel for the
Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                    :

**In re**                           :       **Chapter 11**

                                      :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :       **Case No. 08-13555 (JMP)**

                                      :

               **Debtors.**        :       **(Jointly Administered)**

                                      :

                                      :

-------------------------------------------------------------x

### SIXTH INTERIM APPLICATION OF PAUL HASTINGS LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012

TO THE HONORABLE JAMES M. PECK,

UNITED STATES BANKRUPTCY JUDGE:

         Paul Hastings LLP ("Paul Hastings" or the "Firm"), successor in interest to Paul, Hastings, Janofsky & Walker LLP, special counsel for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), for its sixth application (the "Application"), pursuant to sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the interim allowance of compensation for professional

services performed by Paul Hastings for the period commencing October 1, 2011 through

and including March 6, 2012 (the "Compensation Period"), and for reimbursement of its

actual and necessary expenses incurred during the Compensation Period, respectfully

represents:

## BACKGROUND

1.    Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI")

and certain of its subsidiaries commenced with this Court voluntary cases under chapter

11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).  The Debtors are authorized to operate their businesses and manage their

properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors

Committee").

3.    On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

as examiner in the above-captioned chapter 11 cases (the "Examiner") and, by order

dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's

- 2 -

appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.     On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to make recommendations with respect to fees and expenses of retained professionals in these chapter 11 cases [Docket No. 3651].  On January 24, 2011, the Court entered an order appointing Richard A. Gitlin as Successor Independent Member of the Fee Committee [Docket No. 14117].

6.     On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan [Docket No. 19627] and the Disclosure Statement for the plan [Docket No. 19629].  On September 1, 2011, the Court entered an amended order approving the Debtors' Disclosure Statement [Docket No. 19631].

7.     On December 6, 2011, the Court entered an order [Docket No. 23023] confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011 [Docket No. 22973].  The effective date of the Plan occurred on March 6, 2012.

8.     On March 7, 2012, the Lehman Fee Committee instructed retained professionals in these cases to cover the period from October 1, 2011 through March 6, 2012 in their next interim fee application.  Accordingly, Paul Hastings respectfully submits this Application for that period.

## PAUL HASTINGS AS AN ORDINARY COURSE PROFESSIONAL

9.     Until March 1, 2010, Paul Hastings performed legal services on the Debtors' behalf as a professional utilized in the ordinary course of business ("Ordinary

- 3 -

Course Professional") in these chapter 11 cases pursuant to this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008 [Docket No. 1394] (the "OCP Order"). On October 31, 2008, the Debtors submitted the Notice of Second Amendment to the List of Ordinary Course Professionals (the "Second Amendment") [Docket No. 1326]. The Debtors included Paul Hastings in the Second Amendment as "Litigation and Real Estate Counsel."

      10.    In accordance with the OCP Order, Paul Hastings provided services to the Debtors and was or will be compensated for those services in the ordinary course of business through the period ending February 28, 2010.

      11.    The OCP Order prohibits the Debtors' payment of more than $1 million to any one Ordinary Course Professional during the chapter 11 cases. Under the OCP Order, "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ."

      12.    Paul Hastings reached and exceeded the $1 million compensation cap for Ordinary Course Professionals with its March 2010 fees. Accordingly, on July 23, 2010, the Debtors filed the Application Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Paul, Hastings, Janofsky & Walker LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010 [Docket No. 10401].

- 4 -

13.     By order of this Court entered August 10, 2010 (the "Retention Order") [Docket No. 10677], Paul Hastings' retention as special counsel to the Debtors was approved effective as of March 1, 2010. The Retention Order authorized Paul Hastings to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

14.     On September 24, 2010, Paul Hastings submitted its first interim fee application for the period from March 1, 2010 through May 31, 2010 [Docket No. 11569]. On November 18, 2010, Paul Hastings submitted its second interim fee application for the period from June 1, 2010 through September 30, 2010 [Docket No. 12889]. On March 22, 2011, Paul Hastings submitted its third interim fee application for the period from October 1, 2010 through January 31, 2011 [Docket No. 15244]. On August 9, 2011, Paul Hastings submitted its fourth interim fee application for the period from February 1, 2010 through May 31, 2011 [Docket No. 19097]. On January 3, 2012, Paul Hastings submitted its fifth interim fee application for the period from June 1, 2011 through September 30, 2011 [Docket No. 23950]. This Application is the Firm's sixth interim fee application and covers the period from October 1, 2011 through March 6, 2012.

15.     The Debtors retained Paul Hastings to provide legal advice and services relating to certain real estate and litigation matters.

## COMPENSATION AND REIMBURSEMENT REQUEST

16.     Paul Hastings seeks allowance of interim compensation for professional services rendered to the Debtors during the Compensation Period in the amount of $337,058.45, and reimbursement of expenses incurred in connection with

- 5 -

rendering such services in the amount of $4,727.92.[5] During the Compensation Period, Paul Hastings' attorneys and paraprofessionals expended a total of 521.50 hours for which compensation is requested. Of this time, 186.80 recorded hours were expended by partners and counsel of Paul Hastings, 229.70 recorded hours were expended by associates, and 105.00 recorded hours were expended by paraprofessionals and other timekeepers of Paul Hastings.

17.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Administrative Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines"). Further, Paul Hastings seeks to comply with the directions provided by the Fee Committee and will provide a copy of this Application to the Fee Committee.

---

[5]   Paul Hastings represents the Debtors in a variety of matters, including matters in the UK and Milan. To prepare this Application, the Firm converted its London and Milan fees and expenses from Pounds (£) or Euros (€) to U.S. Dollars at the conversion rates requested by the Lehman Fee Committee.

- 6 -

18.     For services rendered from October 1, 2011 through and including March 6, 2012, Paul Hastings has received payment in the amount of 80% of those fees and 100% of those expenses not subject to Fee Committee objection with the following exception:  no payment has been received for the November 2011 services other than partial payment of the On the Avenue matter (Invoice No. 1909990) and the third party payment on the Calvino matter (Invoice No. 1011088).[6]  There is no agreement or understanding between Paul Hastings and any other person, other than attorneys and employees of the Firm, for the sharing of compensation to be received for services rendered in these cases.

19.     The fees charged by Paul Hastings in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Paul Hastings charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates Paul Hastings charges for professional and paraprofessional services rendered in comparable bankruptcy and nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and nonbankruptcy cases in a competitive national legal market.

20.     During the Compensation Period, Paul Hastings' billing rates for attorneys rendering services in this matter ranged from $360 to $980 per hour in the United States and from $493 to $1109 per hour in London / Milan.

---

[6]  On the Calvino matter, the third party borrower paid a portion of Paul Hastings' fees and expenses at closing. In this Application, the Firm seeks approval and payment of the outstanding fees and expenses.

LEGAL_US_E # 96481229.1

21.    Pursuant to the Local Guidelines, annexed hereto as Exhibit A is a certification regarding compliance with the Guidelines. To the extent necessary, Paul Hastings requests a waiver for cause shown of any Guideline requirement not met by this Application.

22.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule setting forth all Paul Hastings professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by Paul Hastings, the department in which each individual practices, the hourly billing rate charged by Paul Hastings for services performed by such individual, the aggregate number of hours expended in this matter and fees billed therefor, and the year in which each professional was first licensed to practice law.

23.    Annexed hereto as Exhibit B is a schedule specifying the categories of expenses for which Paul Hastings seeks reimbursement, and the total amount for each such expense category.  An itemized schedule of all such expenses is included in Paul Hastings' monthly statements, which have been provided to the Debtors, the Debtors' counsel, the attorneys for the Creditors Committee, the U.S. Trustee, and the Fee Committee.

24.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of Paul Hastings' time records billed during the Compensation Period using project categories as hereinafter described.

25.    Paul Hastings maintains computerized records, in the form of monthly statements, of the time spent by all Paul Hastings' attorneys and

- 8 -

paraprofessionals in connection with the services rendered on the Debtors' behalf during

these chapter 11 cases. To the extent that time or disbursement charges for services

rendered or disbursements incurred relate to the Compensation Period, but were not

processed before the preparation of this Application, Paul Hastings reserves the right to

request additional compensation for such services, and reimbursement of such expenses

in a future application.

## SUMMARY OF SERVICES

26. During the Compensation Period, Paul Hastings rendered

professional services in furtherance of the Debtors' reorganization efforts in these

chapter 11 cases. The following is a summary of the significant professional services

rendered by Paul Hastings during the Compensation Period. This summary is organized

in accordance with the Uniform Lehman Billing Task Codes.

### 2300 -- Real Estate Matters
During the Compensation Period, Paul Hastings represented the Debtors in
(a) asset management and liquidation activities with respect to loans and
other assets, and (b) the negotiation of commercial real estate lease
transactions, such as subleases, assignments, and amendments to existing
leases. More specifically, Paul Hastings advised the Debtors in the
following matters:

• **Brickstone Environmental Audit**. The Firm advised the Debtors and,
as necessary, communicated with the Debtors' environmental consultants
and representatives of the current property owner, regarding the respective
parties' environmental obligations relating to the Brickstone Square
project in Andover, Massachusetts. Paul Hastings advised as to, among
other matters, (a) the scope of work and estimated costs for semi-annual
groundwater monitoring at the site; (b) the charges assessed to the Debtor
by the Massachusetts Department of Environmental Protection; (c) the
preparation by the Debtor's environmental consultants of a draft Remedial
Action Plan; and (d) the development and execution of a strategy for
regulatory closure of the site.

- 9 -

- **Seneca**. Paul Hastings advised the Debtors in connection with the non-judicial foreclosure of the property, which was finalized on December 23, 2010. Paul Hastings continues to advise the Debtors on certain post-closing title and entitlement/land use matters for this project and has been engaged to represent the Debtor in the sale of the property. The purchase agreement for the sale of the property was signed on September 8, 2011, and the sale is expected to closing in early/mid 2012.

- **Schwartzman Bankruptcy**. Paul Hastings represented the Debtor in connection with various foreclosures, claims, settlements and proposed settlements, and negotiations related to a series of joint ventures between affiliates of the Debtor and affiliates of David Schwartzman and a loan made by the Debtor to David Schwartzman personally. Such representation included the review and analysis of court filings and ongoing settlement negotiations with Mr. Schwartzman and his affiliates. The settlement closed on January 21, 2011. Paul Hastings continues to represent the Debtor on certain limited post-closing matters.

- **Calvino**. Paul Hastings advised the Debtors in restructuring their credit facility with Zwinger, a Dutch borrower owning units in an Italian unit trust. Paul Hastings' services included (a) redrafting the facility agent replacement deed, (b) drafting and negotiating the Amended and Restated Facility Agreement and related security documents, (c) providing UK and Italian law advice in connection with the restructuring, (d) liaising with Dutch counsel to provide Dutch advice in connection with the restructuring, (e) negotiating the revised Shareholders Agreement and Articles, (f) negotiating a servicing agreement with the new servicer, (g) completing on the transaction, and (h) attending to various post-completion matters.

- **Newday**. Paul Hastings advised the Debtor in connection with various questions arising following the completion of the debt-for-equity swap and new money arrangements.

- **On the Avenue**. Paul Hastings represented the Debtor in negotiations with the borrower parties and manager of the On The Ave Hotel in connection with the Debtor's position as mortgage and mezzanine lender on debt secured by the property and the borrower's equity. Paul Hastings continues to represent the Debtor, as the hotel owner, in connection with certain post-closing and operational matters, including leasing, renovation, and management issues.

## 2500 -- Derivative / SWAP Agreement Matters

During the Compensation Period, Paul Hastings represented the Debtors in connection with various derivative trades between the Debtors and other entities and provided the Debtors with (a) mediation and mediation related

- 10 -

services, (b) litigation and litigation related services, and (c) pre- and post-litigation and dispute resolution services. More specifically, Paul Hastings advised the Debtors in the following matters:

• **MBIA Guarantee**. Paul Hastings advised the Debtor in connection with a dispute over a guarantee issued by MBIA to the Debtor.

• **Exxon Dispute**. Paul Hastings advised the Debtor in connection with certain Exxon Germany matters.

27.     The foregoing professional services were necessary and appropriate to the administration of these cases and were in the best interests of the Debtors, the estates, the creditors, and other parties in interest.  Compensation for the foregoing services, as requested, is commensurate with the complexity, importance and nature of the problems, issues or tasks involved.

28.     The professional services were performed in an expeditious and efficient manner.  The Firm achieved cost efficiencies by utilizing attorneys with (a) extensive expertise, experience, and knowledge in the fields of real estate and litigation, and (b) familiarity with the Debtors and their business operations.

## ACTUAL AND NECESSARY DISBURSEMENTS

29.     As set forth in Exhibit B hereto, Paul Hastings has disbursed $4,727.92, as expenses incurred in providing professional services during the Compensation Period.

30.     Paul Hastings' standard charge for photocopies is $0.20 per page. For purposes of these chapter 11 cases, the Firm has reduced this charge to $0.10 per page. Also, Paul Hastings customarily charges its clients $1.25 per page for out-going facsimile transmissions. For purposes of these cases, the Firm has reduced this charge to

LEGAL_US_E # 96481229.1

$1.00 per page. Actual long-distance carrier charges for outgoing facsimile transmissions are reflected in the long-distance telephone charges.

31.    Regarding providers of on-line legal research (e.g., LEXIS and WESTLAW), Paul Hastings pays a fixed monthly fee. To allow the Firm to charge its clients for the reasonable cost of actual searches performed on their behalf, the legal research vendors provide the Firm with the retail cost of the individual research sessions performed each month based upon their standard retail cost factors. In recognition of the average annual volume discount implicit in the Firm's fixed fee contracts, the Firm passes through the standard retail cost amounts less 10% to those clients for whom research sessions are actually performed each month. The Firm believes this is the most accurate way to bill those clients on whose behalf research is performed. Because the Firm believes that on-line research is far more cost-efficient than manual research using hard-bound volumes or courthouse record searches, the Firm encourages computerized legal research even though it is not a profit center for the Firm.

32.    The time constraints imposed by the circumstances of the real estate and litigation matters handled by the Firm during the Compensation Period required Paul Hastings attorneys and other employees, at times, to devote substantial time during the evenings and on weekends to perform legal services on behalf of the Debtors. These extraordinary services were essential to meet deadlines, timely respond to inquiries on a daily basis from parties involved in the matter, and satisfy the Debtors' needs and demands. Consistent with Firm policy, attorneys and other Paul Hastings employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs. Paul Hastings' regular practice is not to include components for

- 12 -

those charges in overhead when establishing billing rates, but rather to charge its clients

for these and all other out-of-pocket disbursements incurred during the regular course of

the provision of legal services.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

33.    Section 331 of the Bankruptcy Code provides for interim

compensation of professionals and incorporates the substantive standards of section 330

to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the

Bankruptcy Code provides that a court may award a professional employed under

section 327 of the Bankruptcy Code "reasonable compensation for actual necessary

services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C.

§ 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award

of such compensation and reimbursement:

> (3)    In determining the amount of reasonable
> compensation to be awarded to an examiner, trustee under
> chapter 11, or professional person, the court shall consider
> the nature, the extent, and the value of such services, taking
> into account all relevant factors, including --
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this title;
>
> (d)    whether the services were performed within
> a reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (e)    with respect to a professional person,
> whether the person is board certified or otherwise
> has demonstrated skill and experience in the
> bankruptcy field; and

- 13 -

> (f)     whether the compensation is reasonable
> based on the customary compensation charged by
> comparably skilled practitioners in cases other than
> cases under this title.

11 U.S.C. § 330(a)(3).

34.     In the instant case, Paul Hastings respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates during the pendency of these chapter 11 cases. The services rendered to the Debtors were performed economically, effectively, and efficiently, and the results obtained to date have benefited not only the Debtors, but also the Debtors' estates and the unsecured creditor body as a whole. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

35.     The work conducted was carefully assigned to appropriate professionals or paraprofessionals according to the experience and level of expertise required for each particular task. Whenever possible, Paul Hastings sought to minimize the costs of Paul Hastings' services to the Debtors by utilizing talented junior attorneys and paraprofessionals to handle the more routine aspects of the assignments. A small group of the same Paul Hastings attorneys was utilized for the vast majority of the work in this case, to minimize the costs of intra-Paul Hastings communication and education about the Debtors' circumstances. As demonstrated by this Application and the exhibits attached hereto, Paul Hastings spent its time economically and without unnecessary duplication.

- 14 -

36.    In sum, the services rendered by Paul Hastings were necessary and beneficial to the Debtors, their estates, and their creditors and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved.  Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

WHEREFORE, Paul Hastings respectfully requests entry of an order (i) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $337,058.45, representing 100% of fees incurred during the Compensation Period, and reimbursement of $4,727.92, representing 100% of actual and necessary expenses incurred during the Compensation Period; (ii) authorizing and directing the Debtors' payment of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order; (iii) allowing such compensation for professional services rendered and reimbursement of

/ / /

LEGAL_US_E # 96481229.1

actual and necessary expenses incurred be without prejudice to Paul Hastings' right to

seek such further compensation for the full value of services performed and expenses

incurred; and (iv) granting Paul Hastings such other and further relief as is just.

Dated:     Los Angeles, CA
           May 16, 2012

                              Respectfully submitted,

                              _____
                              Robert M. Keane, Jr. (CA Bar No. 192080)
                              PAUL HASTINGS LLP
                              515 South Flower Street
                              Twenty-Fifth Floor
                              Los Angeles, CA 90071-2228
                              Telephone: 213-683-6000
                              Fax: 213-627-0705

                              Special Counsel for the Debtors and Debtors-in-
                              Possession

LEGAL_US_E # 96481229.1

**EXHIBIT A**

PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705
Robert M. Keane, Jr. (CA Bar No. 192080)

Special Counsel to the Debtors
and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
**In re** : **Chapter 11**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, : **Case No. 08-13555 (JMP)**
:
**Debtors.** : **(Jointly Administered)**
:
:
-----------------------------------------------------------------x

**CERTIFICATION OF ROBERT M. KEANE, JR.**

I, Robert M. Keane, Jr., hereby certify that:

1.    I am a partner in the law firm of Paul Hastings LLP ("Paul Hastings"), successor in interest to Paul, Hastings, Janofsky & Walker LLP. I submit this certification with respect to the Sixth Interim Application of Paul Hastings LLP, Special Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses for the Period from October 1, 2011 through March 6, 2012 (the "Application").

2.    I make this certification in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the United States Bankruptcy Court for the

Southern District of New York on April 19, 1995 (the "Local Guidelines"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996

(the "UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and

331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals, (the

"Administrative Order").

        3.     With respect to section B.1 of the Local Guidelines, I hereby

certify that:

        (i)     I have read the Application;

        (ii)     to the best of my knowledge, information, and belief formed after reasonable inquiry and, except as otherwise provided in the Application, the fees and disbursements sought in the Application fall within the Local Guidelines;

        (iii)     To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Paul Hastings and generally accepted by Paul Hastings' clients; and

        (iv)     To the best of my knowledge, information, and belief formed after reasonable inquiry, in providing a reimbursable service, Paul Hastings does not make a profit on that service, whether the service is performed by Paul Hastings in-house or through a third party.

        4.     With respect to section B.2 of the Local Guidelines, and as

required by the Administrative Order, I hereby certify that Paul Hastings has complied

with those provisions requiring it to provide the Office of the United States Trustee for

the Southern District of New York (the "U.S. Trustee"), the Debtors, and any official

committee appointed in these cases with a statement of Paul Hastings' fees and

disbursements accrued during each month for which compensation is sought in the

Application (the "Statements"), although (i) the Statements may not have been provided

within the timeframe set forth in the Local Guidelines due to administrative limitations,

and (ii) the Statements were provided to counsel for (rather than the chair of) the Official

Committee of Unsecured Creditors (the "Committee").

        5.      With respect to section B.3 of the Local Guidelines, I hereby

certify that the Debtors, the U.S. Trustee, and counsel for the Committee are each being

provided with a copy of the Application in accordance with the Administrative Order,

although (i) the Application may not have been provided within the timeframe set forth in

the Local Guidelines due to administrative limitations, and (ii) the Application is being

provided to counsel for (rather than the chair of) the Committee.

Dated:     May 16, 2012

                        Robert M. Keane, Jr. (CA Bar No. 192080)

LEGAL_US_E # 96481229.1

**EXHIBIT B**
**EXPENSE SUMMARY**

| Description | Total Requested Expenses |
|---|---|
| Meals (while working on Lehman matters) | $363.27 |
| Taxi / Ground Transportation (all between the hours of 8:00 p.m. and 5:00 a.m.) | $1,108.55 |
| Search fee (Certificates) | $93.56 |
| Notarization fee | $1,243.61 |
| Filing fee | $26.14 |
| Corporation Service Company; Certificate of Status; Document retrieval | $238.55 |
| Outside Professional Services-Certified Company registration | $57.57 |
| Outside Professional Services-Article 9 Agents LLC-Bringdown letter; SF good standing certificate | $153.21 |
| Long Distance Telephone – International Calls | $723.87 |
| Conference calls – International | $8.30 |
| In-house Reproduction Charges (5052 copies at $0.10 per copy) | $505.36 |
| Courier Service | $2,808.09 |
| Postage | $11.18 |
|  |  |
| **TOTAL EXPENSES INCURRED:** | **$7,341.26** |
| **LESS APPLICATION OF THIRD PARTY PAYMENT:** | **($2,613.34)** |
| **TOTAL EXPENSES REQUESTED:** | **$4,727.92** |

## EXHIBIT C
## SUMMARY OF SERVICES BY TASK CODE

| Project Code and Description | | Hours | Fees |
|---|---|---|---|
| 2300 | Real Estate Matters (United States) | 108.20 | $67,496.00 |
| 2300 | Real Estate Matters (London) | 989.20 | $743,837.02 |
| 2500 | Derivatives / SWAP Agreement Issues | 90.20 | $44,673.00 |
| 4600 | Fee Applications | 29.20 | $9,715.50 |
| **TOTAL FEES INCURRED:** | | **1,216.80** | **$865,721.52** |
| **LESS APPLICATION OF THIRD PARTY PAYMENT:** | | **(695.30)** | **($528,663.07)** |
| **TOTAL FEES REQUESTED:** | | **521.50** | **$337,058.45** |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re:** | **Case No. 08-13555 (JMP)** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | Chapter |
| **Debtors.** | |

**ORDER GRANTING SIXTH INTERIM APPLICATION OF PAUL HASTINGS
LLP, SPECIAL COUNSEL TO THE DEBTORS, FOR ALLOWANCE OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR
THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

Upon consideration of the Application of Paul Hastings LLP, Special

Counsel to the Debtors, for Allowance of Interim Compensation and Reimbursement of

Expenses (the "Application") for professional services rendered and expenses incurred

during the period commencing October 1, 2011 through and including March 6, 2012;

and a hearing having been held before this Court to consider the Application on _____,

2012; and notice having been given pursuant to Federal Rules of Bankruptcy Procedure

2002(a)(7) and (c)(2); and due consideration having been given to any responses thereto;

and sufficient cause having been shown therefor; it is hereby

ORDERED that the Application is granted to the extent set forth in

Schedule A.

Dated: New York, New York

_____

_____
United States Bankruptcy Judge

Schedule A

Case No.: 08-13555 (JMP)
Case Name: Lehman Brothers Holdings Inc., et al.

## CURRENT INTERIM FEE PERIOD
October 1, 2011 through March 6, 2012

| (1) Applicant | (2) Date Filed/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for Prior Fee Period(s) (if any) (i.e., Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Paul Hastings LLP, as successor in interest to Paul, Hastings, Janofsky & Walker LLP | | $337,058.45 | | | | | $4,727.92 | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

DATE ON WHICH ORDER WAS SIGNED: _____

INITIALS: _____ USBJ

Revised September 2011

LEGAL_US_E # 96481229.1