PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---

### NINTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM <u>OCTOBER 1, 2011 THROUGH MARCH 6, 2012</u>

Name of Applicant:                                    <u>Pachulski Stang Ziehl & Jones LLP</u>

Role in Case:                                             <u>Special Counsel to Debtors</u>

Date of Retention:                                      <u>February 25, 2009</u>

Period for which Compensation and
Reimbursement is Sought:                          <u>October 1, 2011 through March 6, 2012</u>

Amount of Compensation Sought
as Actual, Reasonable and Necessary:        <u>$ 792,810.98</u>

Amount of Expense Reimbursement Sought
as Actual, Reasonable and Necessary:        <u>$ 114,253.04</u>

Total Amount Sought:                                 <u>$ 907,064.02</u>

This is a/n:  <u>  X  </u>  Interim  _____  Final Application.

Prior Applications:                          <u>First-Eighth Interim Applications</u>

Total Amount Received for the
Interim Period:                              <u>$ 519,596.63</u>

### Total Compensation and Expenses Previously Requested and Awarded:

| Application | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|---|
| First | 08/14/09 | February 2009 – May 2009 | $189,797.67 | $6,538.14 | $181,564.17 | $6,538.14 |
| Second | 12/14/09 | June 2009 – September 2009 | $432,763.22 | $13,510.21 | $430,099.27 | $12,858.05 |
| Third | 04/16/10 | October 2009 – January 2010 | $454,706.30 | $6,844.14 | $338,678.45 | $5,876.14 |
| Fourth | 08/17/10 | February 2010 – May 2010 | $469,354.86 | $3,843.96 | $350,611.11 | $2,688.24 |
| Fifth | 12/14/10 | June 2010 – September 2010 | $421,357.98 | $11,077.86 | $406,173.43 | $10,985.36 |
| Sixth | 04/15/11 | October 2010 – January 2011 | $454,632.83 | $29,107.78 | $415,047.71 | $28,103.08 |
| Seventh | 08/15/11 | February 2011 – May 2011 | $625,068.78 | $18,905.05 | $556,084.43 (pursuant to stipulation; subject to entry of Court order) | $17,932.45 (pursuant to stipulation; subject to entry of Court order) |
| Eighth | 12/14/11 | June 2011 – September 2011 | $1,110,798.65 | $101,119.34 | N/A | N/A |

## SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD OCTOBER 1, 2011 THROUGH MARCH 6, 2012

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| Richard M. Pachulski, Partner | 1979 | $475.00 | 6.00 | $2,850.00 |
| Richard M. Pachulski, Partner | 1979 | $950.00 | 334.00 | $317,300.00 |
| Richard M. Pachulski, Partner | 1979 | $975.00 | 151.50 | $147,712.50 |
| James I. Stang, Partner | 1980 | $955.00 | 0.30 | $286.50 |
| Dean A. Ziehl, Partner | 1978 | $895.00 | 273.30 | $244,603.50 |
| Dean A. Ziehl, Partner | 1978 | $955.00 | 67.90 | $64,844.50 |
| Robert B. Orgel, Partner | 1981 | $850.00 | 588.40 | $500,140.00 |
| Robert B. Orgel, Partner | 1981 | $875.00 | 289.40 | $253,225.00 |
| Ira D. Kharasch, Partner | 1983 | $850.00 | 12.90 | $10,965.00 |
| Ira D. Kharasch, Partner | 1983 | $875.00 | 2.80 | $2,450.00 |
| Alan J. Kornfeld, Partner | 1987 | $825.00 | 29.50 | $24,337.50 |
| Henry C. Kevane, Partner | 1986 | $795.00 | 7.60 | $6,042.00 |
| Henry C. Kevane, Partner | 1986 | $815.00 | 0.30 | $244.50 |
| Kenneth H. Brown, Partner | 1981 | $750.00 | 0.30 | $225.00 |
| Stanley E. Goldich, Partner | 1980 | $775.00 | 0.50 | $387.50 |
| Steven J. Kahn, Of Counsel | 1977 | $725.00 | 250.30 | $181,467.50 |
| Steven J. Kahn, Of Counsel | 1977 | $745.00 | 151.00 | $112,495.00 |
| Daryl G. Parker, Of Counsel | 1970 | $725.00 | 22.70 | $16,457.50 |
| Daryl G. Parker, Of Counsel | 1970 | $745.00 | 15.50 | $11,547.50 |
| Victoria A. Newmark, Of Counsel | 1996 | $650.00 | 59.90 | $38,935.00 |
| Shirley S. Cho, Of Counsel | 1997 | $650.00 | 6.40 | $4,160.00 |
| Harry Hochman, Of Counsel | 1987 | $650.00 | 162.70 | $105,755.00 |
| Harry Hochman, Of Counsel | 1987 | $675.00 | 45.30 | $30,577.50 |
| Jonathan J. Kim, Of Counsel | 1995 | $595.00 | 27.70 | $16,481.50 |
| Maria A Bove, Of Counsel | 2001 | $312.50 | 19.50 | $6,093.75 |
| Maria A Bove, Of Counsel | 2001 | $625.00 | 296.80 | $185,500.00 |
| Maria A Bove, Of Counsel | 2001 | $645.00 | 118.50 | $76,432.50 |

| Name of Professional & Title | Year Admitted to Practice | Billing Rate | Total Hours Billed | Fee Totals |
|---|---|---|---|---|
| John W. Lucas, Associate | 2005 | $247.50 | 10.00 | $2,475.00 |
| John W. Lucas, Associate | 2005 | $495.00 | 267.20 | $132,264.00 |
| John W. Lucas, Associate | 2005 | $525.00 | 26.70 | $14,017.50 |
| Teddy M. Kapur, Associate | 2006 | $475.00 | 0.40 | $190.00 |
| Jason H. Rosell, Associate | 2010 | $395.00 | 225.90 | $89,230.50 |
| Jason H. Rosell, Associate | 2010 | $425.00 | 2.00 | $850.00 |
| Leslie A. Forrester, Paralegal | N/A | $275.00 | 23.40 | $6,435.00 |
| Patricia J. Jeffries, Paralegal | N/A | $255.00 | 36.80 | $9,384.00 |
| Denise A. Harris, Paralegal | N/A | $255.00 | 3.60 | $918.00 |
| David L. Downing, Paralegal | N/A | $220.00 | 9.60 | $2,112.00 |
| Mike A. Matteo, Paralegal | N/A | $220.00 | 28.90 | $6,358.00 |
| Mike A. Matteo, Paralegal | N/A | $240.00 | 2.50 | $600.00 |
| Thomas J. Brown, Paralegal | N/A | $220.00 | 45.90 | $10,098.00 |
| Jorge E. Rojas, Paralegal | N/A | $250.00 | 20.10 | $5,025.00 |
| Kati L. Suk, Paralegal | N/A | $200.00 | 1.30 | $260.00 |
| | **TIME CHARGES TOTAL:** | | **3,645.30** | **$2,641,733.25** |

**Total Hours:**    3,645.30

**Blended Hourly Rate:**    $724.70
**(Attorneys and Paralegals)**

**Blended Hourly Rate:**    $748.75
**(Attorneys)**

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**NINTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP
FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM
OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

TO:    THE HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE:

        Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), special counsel for

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11

cases (collectively, the "Debtors"), submits this ninth interim application (the "Interim

Application") seeking allowance of (a) compensation for professional services rendered by PSZJ

to the Debtors in the amount of $792,810.98, and (b) reimbursement of actual and necessary

charges and disbursements incurred by PSZJ in the rendition of required professional services on

behalf of the Debtors in the amount of $114,253.04, in each case for the period from October 1,

2011 through March 6, 2012 (the "Interim Period") pursuant to section 330(a) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing

Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330,

adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases (the "Local Guidelines"), the *Fourth Amended Order Pursuant to Sections*

*105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures*

*for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket

No. 15997] entered on April 14, 2011 (the "Interim Compensation Order"), and the Fee

Committee Guidelines (as defined below and, collectively with the UST Guidelines, the Local

Guidelines and the Interim Compensation Order, the "Guidelines").  In support of this Interim

Application, PSZJ respectfully represents as follows:

### Background

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other

Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").   A trustee appointed under SIPA is administering LBI's estate.   On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol").   On April 14, 2011,

the Court entered the *Order Amending the Fee Protocol* [Docket No. 15998].   Pursuant to the

Fee Protocol, the Fee Committee subsequently has submitted additional reports, which provide,

*inter alia*, additional guidelines regarding compensation procedures for professionals retained in

these cases (the "Fee Committee Guidelines").

5.      The effective date of the confirmed *Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors* was March 6,

2012.

### Jurisdiction and Venue

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §

1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).   Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Retention of PSZJ

7.      On June 3, 2009, the Debtors filed their *Application Pursuant to Sections

327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for

Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to*

*LBHI* and *Lehman Commercial Paper, Inc.* ("LCPI"), effective *nunc pro tunc* to February 25, 2009 (the "Engagement Date") with respect to the matters arising in the chapter 11 cases (the "SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al.* (collectively, the "SunCal Debtors"), which are pending in the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") under jointly administered Case No. 08-17206.[1]

8.      On June 17, 2009, the Court entered the *Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date* (the "Retention Order").

9.      Pursuant to the Retention Order, PSZJ has been retained with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including litigation with respect thereto; (ii) representing the

---

[1] The SunCal Debtors consist of (i) the following 17 debtors (collectively, the "SunCal Voluntary Debtors"): Palmdale Hills Property, LLC (Main Case No. 08-17206-ES) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES); and (ii) the following 9 debtors the (collectively, the "SunCal Trustee Debtors"): SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES). On or about January 15, 2009, the California Bankruptcy Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee Debtors' cases. Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the chapter 11 trustee for the Trustee Debtors.

Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against them in the California Bankruptcy Court. PSZJ's services are limited to matters in the California Bankruptcy Court and any appellate courts with respect to appeals arising in connection with the Representative Matters, and PSZJ has not represented the Lehman Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to PSZJ's employment and matters arising in connection with the SunCal Chapter 11 Cases.

10.    In connection with certain of the Representative Matters, PSZJ is also representing the following non-debtor affiliates of LBHI and LCPI: Lehman ALI, Inc.; Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC (collectively with LCPI, the "Lehman Entities"). *See* Declaration of Dean A. Ziehl in Support of Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors at ¶ 5. Prepetition certain Lehman Entities made various loans to certain SunCal Debtors and certain of their non-debtor affiliates pursuant to various separate loan agreements (collectively, the "Lehman Loans"). Over $2.0 billion, including accrued interest, was owed on the Lehman Loans.

11.    As described fully below, PSZJ is seeking compensation separately from the foregoing non-debtor affiliates for services provided on their behalf in connection with certain of the Representative Matters during the Interim Period. *See id.; see also First*

*Supplemental Declaration of Dean A. Ziehl in Support of the Retention by the Debtors, Pursuant*

*to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy*

*Procedure, of Pachulski Stang Ziehl & Jones LLP as Special Counsel* [Docket No. 21566] (the

"Supplemental Ziehl Declaration").

<u>**Relief Requested**</u>

12.    Prefixed to this Interim Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year each attorney was first admitted to practice law.  In addition,

the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the

total hours billed during the Interim Period, and (c) the total compensation for such hours.

13.    PSZJ previously requested compensation from the Court for professional

services and reimbursement of expenses in its first interim application dated August 14, 2009

(the "First Interim Fee Application").  On September 25, 2009, the Court entered an order

approving PSZJ's First Interim Fee Application, and on April 9, 2010 entered an amended order

with respect to such application.

14.    In addition, PSZJ previously requested compensation from the Court for

professional services and reimbursement of expenses in its second interim application dated

December 14, 2009 (the "Second Interim Fee Application").  On April 9, 2010, the Court entered

an order approving the Second Interim Fee Application, subject to certain reductions requested

by the Fee Committee.

15.     On April 16, 2010, PSZJ filed its third interim application (the "Third Interim Application"). On September 7, 2010, the Court entered an order approving the Third Interim Application, subject to certain reductions requested by the Fee Committee.

16.     On August 17, 2010, PSZJ filed its fourth interim application (the "Fourth Interim Application"). On September 7, 2010, the Court entered an order approving the Fourth Interim Application, subject to certain reductions requested by the Fee Committee.

17.     On December 14, 2010, PSZJ filed its fifth interim fee application (the "Fifth Interim Application"). On December 2, 2011, the Court entered an order approving the Fifth Interim Application, subject to certain reductions requested by the Fee Committee.

18.     On April 15, 2011, PSZJ filed its sixth interim fee application (the "Sixth Interim Application"). On December 2, 2011, the Court entered an order approving the Sixth Interim Application, subject to certain reductions requested by the Fee Committee.

19.     On August 15, 2011, PSZJ filed its seventh interim fee application (the "Seventh Interim Application"). On March 24, 2012, the Fee Committee filed the *Stipulation Between Pachulski Stang Ziehl & Jones LLP and the Fee Committee Regarding the Eighth Interim Period Application of Pachulski Stang Ziehl & Jones LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period From February 1, 2011 Through May 31, 2011* [Docket No. 27158] agreeing that the Court may enter an order approving PSZJ's request for interim compensation and reimbursement of expenses in the reduced amounts set forth in the stipulation. As of the date hereof, an order has not yet been entered with respect to the Seventh Interim Application.

20.    On December 14, 2011, PSZJ filed its eighth interim fee application (the "Eighth Interim Application"). The Fee Committee and PSZJ have reached a resolution in principle with respect to disputed fees and expenses sought pursuant to the Eighth Interim Application. As of the date of the filing of this Interim Application, a stipulation and order have not yet been entered with respect to the Eighth Interim Application.

21.    By this Interim Application, PSZJ seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $792,810.98, and for reimbursement of actual, necessary expenses incurred during the Interim Period in connection with such services in the aggregate amount of $114,253.04.

22.    In accordance with the Interim Compensation Order, PSZJ has received payments totaling $519,596.63 ($458,230.02 of which is for services rendered and $61,366.61 of which is for reimbursement of expenses) for the Interim Period. By this Interim Application, PSZJ seeks payment of the remaining $382,473.84, which amount consists of: (i) the Court-ordered 20% holdback of PSZJ requested fees for the months of October 2011, November 2011, and December 2011 in the total amount of $115,366.22; and (ii) the unpaid amounts for the months of December 2011, January 2012, and February 2012 (through March 6, 2012) in the total amount of $272,101.17, **LESS** (i) the unpaid, held back amount of $4,043.55 attributable to rate increases pursuant to the Fee Committee's *Notice of Objection to Fee Statement* dated April

20, 2012 and (ii) the amount of $950.00 inadvertently billed at the attorney's full rate for non-working travel as set forth in paragraph 34.[2]

 23. During the Interim Period, PSZJ attorneys and paraprofessionals expended a total of 3,645.30 hours for services provided in connection with the Representative Matters, and incurred fees in the total amount of $2,641,733.25 and expenses in the total amount of $380,843.47 in connection with such services. The foregoing fees and expenses reflect voluntary write-offs made by PSZJ during the Interim Period for fees in the amount of $59,749.25 and for expenses in the amount of $25,536.37.

 24. Due to the nature of the matters pending in the SunCal Debtors' Chapter 11 Cases, the services performed and expenses incurred by PSZJ during the Interim Period were provided on behalf of and rendered a benefit to all of the Lehman Entities, including LCPI. PSZJ has allocated the fees and expenses for such services between the Debtors' estates, on the one hand, and the nondebtor affiliates on the other hand, in accordance with the applicable loan balances attributed to the loans extended by each respective Lehman Entity to each respective SunCal Debtor. Pursuant to such allocation, 30% of fees and expenses incurred by PSZJ are attributable to the Debtors' estates and 70% of fees and expenses incurred by PSZJ are attributable to the nondebtor Lehman Entities. *See* Supplemental Ziehl Declaration.

 25. Accordingly, during the Interim Period, (a) of the total fees in the amount of $2,642,703.25 incurred for the benefit of all the Lehman Entities (including LCPI), PSZJ seeks compensation in the amount of $792,810.98 from the Debtors' estates, and (b) of the total

---

[2] As of the date of the filing of this Interim Application, PSZJ has not been paid any amount in connection with fees and expenses for the periods of January 2012 and February 1 – March 6, 2012.

expenses in the amount of $380,843.47 incurred for the benefit of all Lehman Entities (including

LCPI), PSZJ seeks compensation in the amount of $114,253.04 from the Debtors' estates.  PSZJ

has sought payment from the non-debtor Lehman Entities for the remaining fees and expenses it

incurred during the Interim Period in the amount of $2,116,482.70, and as of the date hereof has

received a total of $1,274,315.49 for fees and expenses requested for the months of October and

November 2011.

26.    In sum, pursuant to this Interim Application, PSZJ hereby seeks allowance

and compensation from the Debtors' estates of the following: (a) compensation for professional

services rendered during the Interim Period in the aggregate amount of $792,810.98 and (b)

reimbursement of expenses incurred during the Interim Period in connection with such services

in the aggregate amount of $114,253.04.

27.    Annexed hereto as Exhibit A is a summary of all services rendered by

PSZJ during the Interim Period by project category.  Annexed hereto as Exhibit B is a summary

of time charges and hourly rates by professional.  Annexed hereto as Exhibit C is a summary of

the types of expenses for which reimbursement is sought.  Annexed hereto as Exhibit D is a

listing of the detailed time entries of PSZJ professionals and paraprofessionals, by project

category, with respect to the compensation requested as well as a detailed itemization of

expenses for which reimbursement is sought.  Annexed hereto as Exhibit E is the certification of

Dean A. Ziehl with respect to the Interim Application pursuant to the Local Guidelines.

## Summary of Services Rendered

28.    The names of the partners and associates of PSZJ who have rendered

professional services in this case during the Interim Period, and the paralegals who provided

services to these attorneys during the Interim Period, are set forth in the attached Exhibit B.

29.    PSZJ, by and through the above-named persons, has prepared and assisted

in the preparation of various pleadings submitted to the California Bankruptcy Court, the Ninth

Circuit Bankruptcy Appellate Panel (the "9th Cir. BAP"), and the United States Court of Appeals

for the Ninth Circuit (the "9th Circuit") for consideration, advised the Lehman Entities on a

regular basis with respect to various matters in connection with the SunCal Chapter 11 Cases,

and performed all necessary professional services which are described and narrated in detail

below.

## Summary of Services by Categories

30.    The services rendered by PSZJ during the Interim Period can be grouped

into the categories set forth below.  PSZJ attempted to place the services provided in the category

that best relates to such services.  However, because certain services may relate to one or more

categories, services pertaining to one category may in fact be included in another category.

These services performed, by categories, are generally described below, with a more detailed

identification of the actual services provided set forth on the attached Exhibit D.  Exhibit D

identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each

category.

A.    **General Case Administration [Code 0100]**

31.    Time billed in this category relates to reviewing the dockets for filings and

the status of various matters in the SunCal Chapter 11 Cases, and reviewing filed pleadings,

proofs of claim and various other documents in connection with such cases.

Fees:  $18,125.00        Total hours:  19.80

B.    **General Case Strategy Meetings [Code 0200]**

32.    Time billed in this category relates to the preparation for and participation

in meetings with the Lehman Entities, Lehman Entities' professionals, and counsel for other

constituencies in the SunCal Chapter 11 Cases regarding various pending matters in the SunCal

Chapter 11 Cases, including weekly team conferences and various conferences regarding

strategy and settlement options in such cases.

Fees:  $58,826.50        Total hours:  73.60

C.    **Hearings and Court Communications [Code 0400]**

33.    Time billed in this category relates to communicating with the California

Bankruptcy Court regarding filings and scheduling matters in the SunCal Chapter 11 Cases,

appearing at hearings and preparing for such hearings.

Fees:  $46,640.00        Total hours:  56.20

D.    **Non-working Travel [Code 0500]**

34.    Time billed in this category relates to travel to the California Bankruptcy

Court for hearings and travel to/from New York, San Francisco and Los Angeles in connection

with the hearing to consider confirmation of the Lehman Plans (defined below).  All non-

working travel is billed at one-half of the attorney's regular rate.  The Firm inadvertently charged

the full rate for Mr. Pachulski's travel to the California Bankruptcy Court on October 25, 2011, resulting in overbilling in the amount of $950.00. As set forth in paragraph 22, the Firm has deducted such amount from the total amount sought pursuant to this Application.

Fees:   $13,318.75          Total hours:   37.50

### E.   Cash Management [Code 1200]

35.     Time billed in this category relates to reviewing the SunCal Debtors' monthly operating reports in connection with monitoring the Lehman Entities' cash collateral.

Fees:   $2,387.00          Total hours:   2.60

### F.   Real Estate Matters [2300]

36.     Time billed in this category relates to meetings and correspondence related to and analyzing issues with respect to (i) the "Pacific Point Project," "Emerald Meadows Project" and "Ritter Ranch Project,"  which are real estate projects owned or formerly owned by certain SunCal Debtors and subject to interests asserted by the Lehman Entities, (ii) preparation for the transition of ownership of certain real estate projects to nominees named by certain Lehman Entities under the Lehman Plans and property management issues related thereto and (iii) claims asserted against the SunCal real estate projects and proposed settlements thereof.

Fees:   $90,161.00          Total hours:   98.20

### G.   Non-Derivative Stay/Safe Harbor [Code 3000]

37.     Time billed in this category relates to services provided in connection with stay relief requests filed in the SunCal Chapter 11 Cases by creditors with respect to real property in which the Lehman Entities assert interests.

Fees:   $3,290.00          Total hours:   4.40

**H.**    **Non-Derivative Contracts [Code 3200]**

38.    Time billed to this category relates to conferences attended and the review

and analysis of the SunCal Debtors' executory contracts to be assumed under the Lehman Plans

and research regarding and the preparation of documents related thereto.[3]

Fees:    $83,533.00        Total hours:    105.30

**I.**    **DIP Financing [Code 3300]**

39.    Time billed in this category relates to services with respect to

(a) postpetition financing provided by the Lehman Entities to the SunCal Trustee Debtors for use

by such debtors in maintaining their estates' real property projects and to pay professional and

related fees and (b) the use of cash collateral by the SunCal Debtors for property maintenance

purposes, and the preparation of budgets, motions, stipulations and orders in connection

therewith, including with respect to financing and cash collateral use with respect to the payment

of postpetition real property taxes.

Fees:    $68,015.50        Total hours:    98.80

**J.**    **Plan of Reorganization [Code 3500]**

40.    Time billed in this category relates to correspondence, meetings, research

and the preparation of documents with respect to (a) the determination of distributions under the

Lehman Entities' plan of reorganization with respect to eight of the SunCal Trustee Debtors (the

"Lehman TD Plan") and the Lehman Entities' plan with respect to eleven of the SunCal

Voluntary Debtors (the "Lehman VD Plan" and, together with the Lehman TD Plan, the

---

[3]  Due to the overlapping nature of such services with plan-related services, time entries for such services also
     appear in category 3500.

"Lehman Plans"),[4] (b) strategies and risks associated with the Lehman Plans, (c) the amended

Lehman Plans, (d) contested confirmation of the competing Lehman Plans and the seven plans of

reorganization proposed by the SunCal Debtors (collectively, the "SunCal Plans"), (e) briefing in

support of confirmation of the Lehman Plans and in opposition to confirmation of the SunCal

Plans, (f) Lehman Entities' motion to vacate the confirmation hearing with respect to the SunCal

Plans and supporting documents, (g) supplements and amended supplements to the Lehman

Plans, including lists of assumed and rejected contracts and leases and real property conveyance

documents,  (h) negotiations regarding and documentation of global settlement with SunCal

Debtors and related nondebtor parties resulting in uncontested confirmation hearing on the

Lehman Plans, (i) sixteen orders providing for the transfer of the SunCal real estate projects to

nominees named by the Lehman Entities pursuant to the Lehman Plans, and declarations and

exhibits in connection therewith, (j) preparation for the transfer of such projects, including

extensive meetings with title companies and preparation of materials required by the title

companies prior to such transfers, (k) confirmation orders and notices, (l) motion to extend the

effective dates of the Lehman Plans, (m) preparation for the effective dates of the Lehman Plans,

and (n) implementation of second opportunity for creditors that did not vote on the plan, and for

creditors that submitted mechanically incorrect ballots, to elect to provide a release of the

Lehman Entities in order to receive enhanced distributions under the Lehman Plans.

Fees:   $1,505,430.50        Total hours:    1,975.00

---

[4] The Lehman VD Plan has been withdrawn with respect to two of the eleven debtors (*i.e.*, Tesoro SF, LLC and SCC Communities, LLC.

**K.**     **Disclosure Statement/Voting [Code 3600]**

        41.     Time billed in this category relates to correspondence, meetings, research and preparation of documents regarding (a) stipulations pursuant to Bankruptcy Rule 3018 for the temporary allowance of claims for voting purposes, (b) multiple motions by SunCal Management LLC ("SunCal Management") to reclassify claims for voting purposes, (c) the review and tabulation of ballots with respect to the Lehman Plans, preparation of voting reports and various analyses thereof, and preparation of declarations with respect to the tabulation and submission of such ballots, and (d) review of ballots and balloting declarations filed by the SunCal Debtors with respect to their proposed plans and the preparation of objections thereto.

Fees:   $203,313.50       Total hours:    381.00

**L.**     **Non-Derivative Claims Issues [Code 3700]**

        42.     Time billed in this category relates to services in connection with the (a) continued analysis of proofs of claim filed against each of the SunCal Debtors, including the extensive analysis of mechanic's lien claims targeted for objections, (b) preparation and prosecution of omnibus objections and standalone objections to claims, and correspondence with co-counsel, client and creditors regarding such claim objections and settlement discussions in connection therewith, (c) conferences and research regarding the motion by SunCal Emerald Meadows, LLC pursuant to Bankruptcy Rule 9019 to approve settlements with certain claimants, (d) transition to the Lehman Entities of pending preference claim actions brought by the SunCal Debtors, (e) analysis of secured real property tax claims and cure amounts, research for and preparation of objection and related documents with respect thereto, and (f) preparation of

objections to claims filed by nondebtor insiders SCC Acquisitions, Inc. and Bruce Elieff and purportedly assigned to Gray 1 LLC.

Fees:  $431,244.00        Total hours:    623.90

## M.    Other Motions and Matters [Code 3800]

43.    Time billed in this category relates to services provided in connection with the various motions filed by the SunCal Debtors and Lehman Entities in the SunCal Chapter 11 Cases and litigation with respect thereto.

Fees:  $4,420.00         Total hours:    6.80

## N.    Non-Derivative Litigation [Code 3900]

44.    Time billed in this category relates to the services performed by PSZJ in connection with (a) the action captioned *Palmdale Hills Property, LLC v. Lehman ALI, Inc., et al.*, Adv. P. 09-01005 (the "Equitable Subordination Action"), including opposition to plaintiffs' motion for summary judgment and extensive discovery conducted in connection therewith, (b) the action captioned *Acton Estates, LLC v. Lehman ALI, Inc., et al.*, Case No. 30-2011-00460847-CU-BC-CJC commenced in the Superior Court of California, County of Orange, and removed to the California Bankruptcy Court as Adv. Pro. 11-1212-ES, and (c) a declaratory relief complaint filed in the California Bankruptcy Court by PSV 309, LLC ("PSV 309") against SunCal PSV, LLC with respect to a determination of its alleged security interest in real property owned by such debtor.[5]

Fees:  $32,847.00        Total hours:    39.10

---

[5] Time entries for certain services involving PSV 309's claims were also billed under category 3700 due to the overlapping nature of the proof of claim and complaint filed by PSV 309.

**O.**     **Non-Bankruptcy Litigation [Code 4000]**

45.     Time billed in this category relates to services in connection with a state court action pending against SunCal Marblehead, LLC.

Fees:   $1,937.00          Total hours:    2.60

**P.**     **Appeals [Code 4200]**

46.     Time billed in this category relates to the preparation of pleadings, correspondence, preparation for hearings and related services in connection with the appeals (the "Appeals") of various orders of the California Bankruptcy Court and the 9th Cir. BAP as follows:

(a)     9th Cir. BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy Appellate Panel for the Ninth Circuit of several orders entered by the California Bankruptcy Court denying various motions for relief from the automatic stay filed by LCPI and Lehman ALI in the SunCal Chapter 11 Cases. LCPI and Lehman ALI appealed aspects of the orders impacting the automatic stay applicable to LCPI.

(b)     Case No. 10-6004 pending in the 9th Circuit relates to the appeal by the SunCal Debtors of the decision by the 9th Cir. BAP in the 9th Cir. BAP appeals set forth above in subsection (a), which decision reversed the California Bankruptcy Court.

(c)     9th Cir. BAP No. 10-1007 relates to the consolidated cross-appeals to the 9th Circuit of the Lehman Entities and the SunCal Debtors of the California Bankruptcy Court's order providing, among other things, that the Lehman Entities were authorized to file proofs of claim in the SunCal Chapter 11 Cases as agents of Fenway.

(d)     9th Cir. BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order

entered by the California Bankruptcy Court granting the SunCal Debtors' motion

for leave to file a second amended complaint to, among other things, name LCPI

as a defendant in the Equitable Subordination Action.

(e)     9th Cir. BAP No. 11-1435 relates to the appeal to the 9th Cir. BAP of an order

entered by the California Bankruptcy Court granting the Lehman Entities' motion

to clarify prior financing orders.

Services in this category also relate to the analysis with respect to appealing the order of the

California Bankruptcy Court regarding the disallowance of claims of certain Lehman Entities

against Acton Estates, LLC.

Fees:   $11,675.50          Total hours:   17.80

**Q.     PSZJ Fees [Code 4600]**

47.     Time billed in this category relates to the preparation of interim fee

applications and responses to Fee Committee reports and related services, analysis of rate

increase issues in response to Fee Committee objection, and preparation of supplemental

declaration regarding allocation of the Firm's fees and expenses.

Fees:   $30,938.00          Total hours:   62.30

**R.     Third Party Retention / Fees [4800]**

48.     Time billed in this category relates to communications and conferences

with respect to, and the preparation of a scheduling stipulation regarding, final fees and expenses

to be sought by professionals retained in the SunCal Chapter 11 Cases, and the review and

analysis of certain such professionals' fees.

Fees:   $36,601.00          Total hours:   40.40

### Expenses Incurred by PSZJ

49.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  The total amount of the expenses is $380,843.47 for the Interim Period, as detailed in the

attached Exhibit D.  As set forth above in paragraph 21, PSZJ seeks reimbursement for expenses

incurred in rendering services to the Debtors during the Interim Period in the amount of

$114,253.04.

50.     In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to

expenses for which reimbursement is sought herein:

(a)     No amortization of the cost of any investment, equipment, or capital
        outlay is included in the expenses. In addition, for those items or services
        that PSZJ purchased or contracted from a third party (such as outside copy
        services), PSZJ seeks reimbursement only for the exact amount billed to
        PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

(b)     Black and white photocopies were charged at 10 cents per page. To the
        extent practicable, PSZJ utilized less expensive outside copying services.

(c)     Telecopying by PSZJ was charged to its clients at the cost of the long
        distance call required to send the facsimile. The firm did not impose any
        charge to its clients for local facsimiles, interoffice facsimiles or
        facsimiles costing less than $1.00. PSZJ did not charge for incoming
        facsimiles.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out
        of town travel, working meetings, or dinner for PSZJ professionals
        working past 8:00 p.m.  All meals have been written down to $20 per
        person.

(e)     The time pressures associated with the services rendered by PSZJ
        frequently required PSZJ's professionals and paraprofessionals to devote
        substantial amounts of time during the evenings and on weekends. PSZJ

has not charged the Debtors for secretarial and other staff overtime expense associated with such after-hours work unless such overtime was necessary under the circumstances.

## The Requested Compensation Should Be Allowed

51.    Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

    (A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

    (B)    reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1).

11 U.S.C. § 330(a)(1).

52.    In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including—

    (A)    the time spent on such services;

    (B)    the rates charged for such services;

    (C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

    (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

    (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

    (F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

53.     PSZJ respectfully submits that it has satisfied the requirements for the

allowance of the compensation and reimbursement of expenses sought herein.  The services

described above, at the time they were provided, were necessary and beneficial to the

administration of the Debtors' chapter 11 cases.  PSZJ's services were consistently performed in

a timely manner, commensurate with the complexity of the issues facing the Debtors and the

nature and importance of the problems, issues, and tasks.  Furthermore, the compensation sought

by PSZJ is reasonable because it is based on the customary compensation charged by

comparably skilled practitioners outside of bankruptcy.  Accordingly, approval of the

compensation sought herein is warranted.

### Statements of PSZJ Pursuant to Bankruptcy Rule 2016(a)

54.     PSZJ has received a total of $519,596.63 from the Debtors relating to fees

and expenses on account of services provided by PSZJ for the benefit of the Debtors during the

Interim Period.

55.     No agreement or understanding exists between PSZJ and any third person

for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code

and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among

partners of PSZJ.  All of the services for which compensation is sought in this Interim

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

### Notice

56.     Notice of this Interim Application and its exhibits will be given to (a) the

Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors'

Committee; and (e) the Fee Committee.  PSZJ respectfully submits that no other or further notice is required.

WHEREFORE, PSZJ respectfully requests that the Court enter an order: (a) allowing interim compensation of $792,810.98 to PSZJ for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $114,253.04 in connection with PSZJ's services during the Interim Period; (b) authorizing and directing the Debtors to pay to PSZJ the amount of $382,473.84, which consists of (i) the unpaid amount held back for the months of October 2011, November 2011, and December 2011 in the total amount of $115,366.22; and (ii) fees and expenses incurred during December 2011, January 2012, and February 2012 (through March 6, 2012) in the total amount of $272,101.17, **LESS** (i) the unpaid, held back amount of $4,043.55 attributable to rate increases pursuant to the Fee Committee's *Notice of Objection to Fee Statement* dated April 20, 2012 and (ii) the amount of $950.00 inadvertently billed at the attorney's full rate for non-working travel as set forth in paragraph 34; and (c) granting to PSZJ such other and further relief as the Court may deem proper.

Dated:    May 15, 2012                        PACHULSKI STANG ZIEHL & JONES LLP


By    _/s/ Dean A. Ziehl_____
     Richard M. Pachulski
     Dean A. Ziehl
     Maria A. Bove
     780 Third Avenue, 36th Floor
     New York, NY 10017
     Telephone: (212) 561-7700
     Facsimile:  (212) 561-7777