DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

and

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al.</u>, | ) | Case No. 08 - 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUMMARY STATEMENT FOR SIXTH APPLICATION OF DECHERT LLP,**
**SPECIAL COUNSEL FOR THE DEBTORS, FOR INTERIM ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
<u>**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**</u>

| | |
|---|---|
| Name of Applicant: | <u>Dechert LLP</u> |
| Role in the Case: | <u>Special Counsel to the Debtors</u> |
| Date of Retention: | <u>June 22, 2010 (*Nunc pro tunc* to March 1, 2010)</u> |

| | |
|---|---|
| Period for which compensation and reimbursement are sought: | October 1, 2011, through and including March 6, 2012 |
| Total amount of compensation sought for fees: | $2,403,776.05 |
| Total amount of reimbursement sought for expenses: | $44,548.38 |

Prior Interim Applications filed:

First Application for Interim Professional Compensation, dated August 16, 2010

| | |
|---|---|
| Fees Previously Requested: | $624,268.85 |
| Fees Previously Awarded: | $611,775.69 |
| Expenses Previously Requested: | $11,199.34 |
| Expenses Previously Allowed: | $10,981.51 |

Second Application for Interim Professional Compensation, dated January 6, 2011

| | |
|---|---|
| Fees Previously Requested: | $1,003,591.25 |
| Fees Previously Awarded: | $981,455.25 |
| Expenses Previously Requested: | $9,683.37 |
| Expenses Previously Allowed: | $9,683.37 |

Third Application for Interim Professional Compensation, dated April 15, 2011

| | |
|---|---|
| Fees Previously Requested: | $867,568.55 |
| Fees Previously Awarded: | $837,390.17 |
| Expenses Previously Requested: | $13,669.12 |
| Expenses Previously Allowed: | $13,555.69 |

Fourth Application for Interim Professional Compensation, dated August 12, 2011

| | |
|---|---|
| Fees Previously Requested: | $1,548,892.25 |
| Fees Previously Awarded: | Pending |
| Expenses Previously Requested: | $37,766.05 |
| Expenses Previously Allowed: | Pending |

Fifth Application for Interim Professional Compensation, dated December 9, 2011

| | |
|---|---|
| Fees Previously Requested: | $2,077,404.75 |
| Fees Previously Awarded: | Pending |
| Expenses Previously Requested: | $38,415.70 |
| Expenses Previously Allowed: | Pending |

| | |
|---|---|
| This Application is: | __X__ Interim _____ Final |

**PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES IN USD**

From October 1, 2011 through March 6, 2012

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
| | | | 115.70 | 1,030.00 | $119,171.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
| | | | 139.80 | 995.00 | $139,101.00 |
| Michael J. Rufkahr | Partner | 1979 | 1.80 | 1,030.00 | $1,854.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
| | | | 172.00 | 995.00 | $171,140.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
| | | | 2.40 | 985.00 | $2,364.00 |
| Lewis A. Burleigh | Partner | 1965 | 11.60 | 995.00 | $11,542.00 |
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
| | | | 162.40 | 935.00 | $151,844.00 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Jay Zagoren | Partner | 1988 | 27.60 | 915.00 | $25,254.00 |
| | | | 20.30 | 885.00 | $17,965.50 |
| Katherine A. Burroughs | Partner | 1988 | 86.30 | 915.00 | $78,964.50 |
| | | | 84.70 | 885.00 | $74,959.50 |
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
| | | | 2.90 | 885.00 | $2,566.50 |
| Kathleen N. Massey | Partner | 1988 | 88.00 | 885.00 | $77,880.00 |
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| | | | 2.10 | 820.00 | $1,722.00 |
| Bruce D. Hickey | Partner | 1988 | 28.45 | 825.00 | $23,471.25 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
| Gary L. Green | Partner | 1978 | 0.70 | 820.00 | $574.00 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| | | | 5.90 | 775.00 | $4,572.50 |
| Brian E. Greer | Partner | 1998 | 7.90 | 760.00 | $6,004.00 |
| | | | 5.50 | 740.00 | $4,070.00 |
| Lee D. Caney | Partner | 1993 | 10.30 | 680.00 | $7,004.00 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| James J. Johnston | Counsel | 1997 | 5.30 | 660.00 | $3,498.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |

17054055

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| | | | 239.20 | 650.00 | $155,480.00 |
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| | | | 80.30 | 650.00 | $52,195.00 |
| | | | 12.00 | 325.00 | $3,900.00 |
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| | | | 124.40 | 630.00 | $78,372.00 |
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| | | | 6.80 | 610.00 | $4,148.00 |
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| | | | 88.30 | 595.00 | $52,538.50 |
| Jessica S. Bula | Associate | 2006 | 93.60 | 625.00 | $58,500.00 |
| | | | 42.00 | 595.00 | $24,990.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| | | | 2.80 | 565.00 | $1,582.00 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| | | | 16.80 | 565.00 | $9,492.00 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| | | | 124.90 | 490.00 | $61,201.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| | | | 28.70 | 510.00 | $14,637.00 |
| Nathan Smith | Associate | 2006 | 4.60 | 520.00 | $2,392.00 |
| Erika Becker | Associate | 2007 | 8.30 | 510.00 | $4,233.00 |
| Jason G. Kurth | Associate | 2007 | 0.50 | 510.00 | $255.00 |
| Katherine K. Rankin | Associate | 2008 | 7.10 | 490.00 | $3,479.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 60.70 | 480.00 | $29,136.00 |
| | | | 50.20 | 455.00 | $22,841.00 |
| Melissa E. Brody | Associate | 2009 | 54.40 | 480.00 | $26,112.00 |
| | | | 85.00 | 455.00 | $38,675.00 |
| Wayne I. Pollock | Associate | 2009 | 95.00 | 455.00 | $43,225.00 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| | | | 4.65 | 420.00 | $1,953.00 |
| Robert F. Alleman | Associate | 2010 | 2.10 | 420.00 | $882.00 |
| Sara Corris | Associate | 2010 | 73.10 | 420.00 | $30,702.00 |

2

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |
| Mark J. Deal | Associate | 2010 | 13.20 | 420.00 | $5,544.00 |
| Katrina V. Pape | Associate | 2009 | 4.90 | 420.00 | $2,058.00 |
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Eric J. Kotloff | Associate | 2011 | 11.20 | 375.00 | $4,200.00 |
| Matthew H. Fischer | Associate | 2011 | 0.70 | 375.00 | $262.50 |
| Victoria S. Cudd | Associate | 2011 | 0.80 | 375.00 | $300.00 |
| Margaret Budnik | Law Clerk | N/A | 9.00 | 240.00 | $2,160.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
| | | | 9.10 | 260.00 | $2,366.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| | | | 8.60 | 245.00 | $2,107.00 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| | | | 7.00 | 245.00 | $1,715.00 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| | | | 4.50 | 245.00 | $1,102.50 |
| Julio C. Pereira | Legal Assistant | N/A | 4.40 | 245.00 | $1,078.00 |
| | | | 4.70 | 235.00 | $1,104.50 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| | | | 20.40 | 185.00 | $3,774.00 |
| Jefferson Holder | Legal Assistant | N/A | 3.60 | 40.00 | $144.00 |
| | | | | | |
| **TOTAL** | | | **3,503.32** | | **$2,403,776.05** |

## Summary of Professionals and Paraprofessionals

| | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| | | | |
| **Attorneys and Law Clerks** | $702.11 | 3,383.72 | $2,375,743.65 |
| **Paraprofessionals** | $234.38 | 119.6 | $28,032.40 |
| | | | |
| **TOTALS** | **$686.14** | **3,503.32** | **$2,403,776.05** |

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax: (212) 698-3599
Email: brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Case No. 08 - 13555 (JMP) |
| Debtors. | Jointly Administered |

**SIXTH APPLICATION OF DECHERT LLP, AS SPECIAL COUNSEL**
**FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The law firm of Dechert LLP ("Dechert"), attorneys authorized to provide legal services

as special counsel to Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the

above-captioned chapter 11 cases (collectively the "Debtors"), hereby files this sixth application

17054055

(this "Application") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010, dated June 22, 2010[1] [ECF No. 9724] (the "Special Counsel Order", a copy of which is annexed hereto as Exhibit A), for the entry of an order awarding interim compensation for professional services rendered to the Debtors in the amount of $2,403,776.05, incurred during the period from October 1, 2011 through March 6, 2012 (the "Tenth Interim Fee Period"), and reimbursement of disbursements incurred during that same period in the amount of $44,548.38. In support thereof, Dechert respectfully represents as follows:

## JURISDICTION AND VENUE

1.  The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

A.  **The Chapter 11 Cases**

2.  On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural

---

[1]    The scope of Dechert's retention as special counsel was expanded by order of this Court on August 15, 2011 [ECF No. 19255] and November 14, 2011 [ECF No. 22090].

purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. During the Chapter 11 Cases, the Debtors were authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

5.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner"). On March 11, 2010, the Examiner issued his report pursuant to section 1106(b) of the Bankruptcy Code. On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

6.     On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol [ECF No. 3651]. On January 24, 2011, the Fee Committee recommended Richard A. Gitlin as successor independent member to the Fee Committee, and the Court entered an order appointing Richard A. Gitlin to the Fee Committee [ECF No. 14117]. On March 11, 2011, the Fee Committee submitted its motion to amend the fee protocol [ECF No. 14969]. On April 14, 2011, the Court entered the Order Amending the Fee Protocol (the "Amended Fee Protocol") [ECF No. 15998].

7.     On April 14, 2011, the Court entered the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

3

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Interim Compensation Order", a copy of which is annexed hereto as Exhibit B) [ECF No. 15997].

8.     On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629]. On September 1, 2011, the Court entered an amended order [ECF No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.  On September 15, 2011, the Court entered an order [ECF No. 20016] approving a modification to the Disclosure Statement.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").

**B.     The Debtors' Business**

9.     Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman has been a leader in the global financial markets, serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

10.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Ian T. Lowitt Pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New

4

York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## RELIEF REQUESTED

11.      The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  By this Application, Dechert respectfully seeks Court approval and allowance for compensation for professional services rendered to the Debtors during the Tenth Interim Fee Period in the amount of $2,403,776.05 and reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $44,548.38, as set forth below.

## BASIS FOR RELIEF

### A.      Dechert's Retention

12.      Dechert began performing legal services on behalf of the Debtors as an ordinary course professional pursuant to this Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated January 22, 2009 [ECF No. 2598] (the "Ordinary Course Professional Order").  In accordance with the procedures set forth in the Ordinary Course Professional Order, such retention became effective *nunc pro tunc* to the Commencement Date.

13.      On June 1, 2010, the Debtors filed the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to March 1, 2010 (the "Retention Application") [ECF No. 9357]

because Dechert's total fees exceeded $1 million in or about May 2010. The Court entered the Special Counsel Order approving the Debtors' retention of Dechert on June 22, 2010.

14.    On July 29, 2011, the Debtors filed the Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to June 21, 2011 (the "Supplemental Retention Application") [ECF No. 18895] seeking to modify the scope of Dechert's retention as special counsel, previously approved by the Special Counsel Order, to include legal services with respect to the representation of certain current and former Independent Directors of LBHI that have been issued deposition subpoenas or otherwise asked to submit to certain depositions, or may otherwise be called to testify in connection with the adversary proceeding in these Chapter 11 Cases, *Lehman Brothers Holdings Inc. and the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP).[2]   The Court entered an order approving the Supplemental Retention Application on August 15, 2011 (the "Supplemental Retention Order") [ECF No. 19255].

15.    On October 26, 2011, the Debtors filed the Second Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure to Expand the Scope of Dechert LLPs Retention as Special Counsel, *Nunc Pro Tunc* to September 27, 2011 (the "Second Supplemental Retention

---

[2]    As disclosed in the Retention Application, Dechert represents certain current and former Independent Directors of LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's representation of the Debtors as special counsel. Dechert has been paid by the Debtors' primary 2007-2008 insurance policy purchased from XL Specialty Insurance Company plus additional excess coverage for total directors' and officers' liability insurance coverage up to $250 million. Dechert's services to be provided under the proposed retention in the Supplemental Retention Application would be compensated by the Debtors' estates.

Application") [ECF No. 21290] seeking to modify the scope of Dechert's retention as special counsel, previously approved by the Special Counsel Order and Supplemental Retention Order, to include legal services with respect to a summons issued by the Internal Revenue Service (the "IRS") on Lehman Commercial Paper, Inc. ("LCPI"), dated June 27, 2011 (the "IRS Summons").   The Court entered an order approving the Second Supplemental Retention Application on November 14, 2011 [ECF No. 22090].

**B.    Dechert's Prior Applications**

16.    This Application is Dechert's sixth application for interim compensation and reimbursement of expenses as special counsel in these Chapter 11 Cases.

17.    Prior to the Tenth Interim Fee Period, Dechert submitted the following applications for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses:

(i)    the First Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period March 1, 2010 through May 31, 2010, filed on August 16, 2010 [ECF No. 10768] (the "First Fee Application");

(ii)    the Second Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period June 1, 2010 through September 30, 2010, filed on January 6, 2011 [ECF No. 13814] (the "Second Fee Application");

(iii)    the Third Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2010 through January 31, 2011 [ECF No. 16082] (the "Third Fee Application");

(iv)    the Fourth Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2011 through May 31, 2011 [ECF No. 19211] (the "Fourth Fee Application"); and

(v)     the Fifth Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2011 through September 30, 2011 [ECF No. 23158] (the "Fifth Fee Application").

18.     Dechert's First Fee Application sought compensation for services rendered and reimbursement of expenses rendered as special counsel to the Debtors from the period commencing March 1, 2010 through and including May 31, 2010 (the "Fifth Interim Fee Period").[3]   In November 2010, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and agreed to voluntary reductions with respect to its First Fee Application.  In particular, Dechert agreed to reduce the amount sought for compensation of fees by $12,493.16 and to reduce the amount sought for reimbursement of expenses by $217.83, for a total reduction of $12,710.99 for the Fifth Interim Fee Period.  After Dechert's voluntary reduction, with respect to its First Fee Application, Dechert agreed to compensation for services rendered in the amount of $611,775.69 and reimbursement for expenses in the amount of $10,981.51 with respect to the Fifth Interim Fee Period.  On May 19, 2011, this Court entered an order granting Dechert's First Fee Application [ECF No. 16972].

19.     Dechert's Second Fee Application sought compensation for services rendered and reimbursement of expenses incurred as special counsel to the Debtors from the period commencing June 1, 2010 through and including September 30, 2010 (the "Sixth Interim Fee Period").   In August 2011, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and agreed to voluntary reductions with respect to its Second Fee Application.  In particular, Dechert agreed to reduce the amount sought for compensation of

---

[3]     The fifth interim period for compensation of retained professionals in these Chapter 11 Cases commenced on February 1, 2010 through May 31, 2010.  Dechert's retention as special counsel is effective *nunc pro tunc* to March 1, 2010.  Therefore, Dechert's First Fee Application for services rendered as special counsel only covered the period from March 1, 2010 through May 31, 2010.

fees by $21,591.00 and to reduce the amount sought for reimbursement of expenses by $545.00, for a total reduction of $22,136.00 for the Sixth Interim Fee Period. After Dechert's voluntary reduction, with respect to its Second Fee Application, Dechert agreed to compensation for services rendered in the amount of $982,000.25 and reimbursement for expenses in the amount of $9,138.37 with respect to the Sixth Interim Fee Period. On November 10, 2011, this Court entered an order granting Dechert's Second Fee Application [ECF No. 21950].

20.     Dechert's Third Fee Application sought compensation for services rendered and reimbursement of expenses incurred as special counsel to the Debtors from the period commencing October 1, 2010 through and including January 31, 2011 (the "Seventh Interim Fee Period"). In December 2011, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and agreed to voluntary reductions with respect to its Third Fee Application. In particular, Dechert agreed to reduce the amount sought for compensation of fees by $30,178.38 and to reduce the amount sought for reimbursement of expenses by $113.43, for a total reduction of $30,291.81 for the Seventh Interim Fee Period. After Dechert's voluntary reduction, with respect to its Third Fee Application, Dechert agreed to compensation for services rendered in the amount of $837,390.17 and reimbursement for expenses in the amount of $13,555.69 with respect to the Seventh Interim Fee Period. On December 20, 2011, this Court entered an order granting Dechert's Third Fee Application [ECF No. 23590].

21.     Dechert's Fourth Fee Application sought compensation for services rendered and reimbursement of expenses incurred as special counsel to the Debtors from the period commencing February 1, 2011 through and including May 31, 2011 (the "Eighth Interim Fee Period"). In March 2012, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and agreed to voluntary reductions with respect to its Fourth

Fee Application.  In particular, Dechert agreed to reduce the amount sought for compensation of fees by $55,527.88 and to reduce the amount sought for reimbursement of expenses by $458.69, for a total reduction of $55,986.57 for the Eighth Interim Fee Period.  After Dechert's voluntary reduction, with respect to its Fourth Fee Application, Dechert agreed to compensation for services rendered in the amount of $1,493,364.37 and reimbursement for expenses in the amount of $37,307.36 with respect to the Eighth Interim Fee Period.  On May 10, 2012, this Court entered an order granting Dechert's Fourth Fee Application [ECF No. 27792].

22.    Dechert's Fifth Fee Application sought compensation for services rendered and reimbursement of expenses incurred as special counsel to the Debtors from the period commencing June 1, 2011 through and including September 30, 2011 (the "Ninth Interim Fee Period").  The Court has not yet entered an order with respect to Dechert's Fifth Fee Application.

**C.**    **Request for Compensation**

23.    By this Application, Dechert seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Tenth Interim Fee Period in the amount of $2,403,776.05.  During the Tenth Interim Fee Period, Dechert attorneys and paraprofessionals expended a total of 3,503.32 hours at a blended hourly rate of $684.14 for which compensation is requested.

24.    This Application seeks compensation of Dechert for the fair and reasonable fees and expenses incident to the professional services rendered by Dechert to the Debtors' estates during the Tenth Interim Fee Period.  The compensation requested herein is consistent with the fees customarily charged by Dechert for similar services, reflects the time, labor, and expertise brought to bear on the problems presented, and is in line with the rates charged by similar firms operating in a competitive market for legal services.

10

25.     In compliance with the Interim Compensation Order, Dechert submitted monthly fee statements to the Debtors during the Tenth Interim Fee Period seeking payment in the amount of $1,923,020.84 representing 80% of the fees billed, and $44,548.38 representing 100% of the expenses incurred.  Dechert has received monthly payments for fees and expenses in the amount of $1,631,960.95 in connection with fees and expenses for the months of October 2011, November 2011, December 2011 and January 2012.  The remaining payment in the amount of $335,608.27 in connection with fees and expenses for February 1, 2012 through March 6, 2012 is currently pending.

26.     Dechert has utilized its existing hourly rate structure and has calculated its request for compensation by multiplying the hours of time spent on services rendered on behalf of the Debtors by the hourly rate assigned to each attorney or paraprofessional rendering such services. Dechert respectfully submits that the fees sought herein are customary and based on its normal criteria in matters of this type and are commensurate with the fees that Dechert has been allowed in other chapter 11 cases, including in this District.

27.     In connection with the Debtors' Retention Application, Dechert previously disclosed to the Court that its hourly rates change from time to time in accordance with Dechert's established billing practices and procedures.  On June 22, 2010, the Court entered the Special Counsel Order approving Dechert's Retention Application and Dechert's retention in accordance with Dechert's customary rates in effect from time to time.  In addition, the Court entered two orders approving Dechert's supplemental retention on August 15, 2011 and November 14, 2011, respectively, approving Dechert's rates in place for 2011.

28.     In order to maintain competitive rates, Dechert follows standard and customary industry practice by instituting annual rate increases.  On January 1, 2012, Dechert implemented

11

adjustments of the hourly rates of its professionals and paraprofessionals in accordance with Dechert's established practices and procedures for annual rate adjustments. These ordinary and customary annual rate adjustments apply to clients with respect to matters across all of Dechert's practices areas.

29.    The professional services for which compensation is sought were rendered in the ordinary course of the Debtors' business and solely on behalf of the Debtors. There is no agreement between Dechert and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

**D.    Applicable Authority**

30.    Dechert prepared this Application in accordance with: (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases, adopted by the Court on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"); (c) the Interim Compensation Order; and (d) this Court's Order Amending the Fee Protocol [ECF No. 15998] (the "Fee Protocol Order", and together with the Local Guidelines, UST Guidelines, and the Interim Compensation Order, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit C.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

31.    Dechert believes that the fair and reasonable value of its professional services rendered during the Tenth Interim Fee Period is $2,403,776.05. Based upon the total time expended of Dechert's attorneys and paraprofessionals in the amount of 3,503.32 hours, and a

12

resulting blended hourly rate of $684.14 for professionals, Dechert respectfully submits that the compensation requested herein is both reasonable and appropriate.

32.     Dechert also seeks reimbursement of its actual, reasonable, and necessary out-of-pocket expenses in the aggregate amount of $44,548.38. These expenses were incurred during the course of rendering professional services on behalf of the Debtors during the Tenth Interim Fee Period.

33.     This Application does not detail every correspondence, drafting session, meeting, discussion, or conference held, all research conducted, or each of the numerous tasks performed by Dechert. Those matters are set forth in detail in the contemporaneous time records attached as Exhibit D,[4] which indicate the date services were performed, the name of the professional or paraprofessional who rendered the services, a description of the services provided, the amount of time expended, and the cost of such services.

34.     In addition, detail for expenses that were incurred by Dechert during the Tenth Interim Fee Period is set forth in Exhibit E.[5] All such expenses are reflected in the books and records of Dechert, which are contemporaneously maintained in the ordinary course of its business.

35.     Pursuant to the UST Guidelines, annexed hereto as Exhibit F is a schedule setting forth: (a) all Dechert professionals and paraprofessionals who have performed services in these Chapter 11 Cases during the Tenth Interim Fee Period; (b) the capacities in which each such

---

[4]     Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Fee Committee.

[5]     Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Fee Committee.

individual is employed by Dechert; (c) the hourly rate charged by Dechert for services performed by each such individual; (d) the aggregate number of hours expended by each such individual on behalf of the Debtors during the Tenth Interim Fee Period and (e) the year in which each professional graduated from law school.

36.     Annexed hereto as <u>Exhibit G</u> is a schedule specifying the categories of expenses for which Dechert in seeking reimbursement and the total amount of reimbursement requested for each such expense category.

37.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit H</u> is a summary by matter project of the services performed by Dechert during the Tenth Interim Fee Period.

38.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit I</u> is a summary by timekeepers of the services performed by Dechert for each project category during the Tenth Interim Fee Period.

39.     Dechert maintains computerized records of the time spent by all Dechert attorneys and paraprofessionals in connection with its representation of the Debtors.  Subject to redaction for attorney client privilege where necessary to protect the Debtors and their estates, copies of such computerized records for the Tenth Interim Fee Period will be delivered to applicable parties as <u>Exhibit D</u> and copies of Dechert's disbursement records for the Tenth Interim Fee Period will be delivered to applicable parties as <u>Exhibit E</u>.

## SERVICES RENDERED BY DECHERT

40.     Dechert is a full service law firm with well-developed practices in the areas of business restructuring and reorganization, corporate and securities, complex litigation, finance and real estate, financial services and tax.

14

41.    The Debtors have asked that Dechert represent the Debtors in a wide variety of real estate matters including loan modifications, loan and asset sales, asset management issues, and workouts and foreclosure of defaulted loans and related matters involving distressed assets, as well as certain litigation matters and tax matters.

42.    Dechert also represents certain Debtors and non-Debtor affiliates in connection with matters where Dechert's fees are paid by unaffiliated non-Debtor entities.  Because such fees and expenses are not being paid by the Debtors, fees and expenses for those matters have not been included in this Fee Application.  Dechert reserves the right to request payment of such fees by the Debtors in accordance with the Interim Compensation Order in the event those fees are not paid by the unaffiliated entities.

43.    The description of services below summarizes the primary services rendered by Dechert during the Tenth Interim Fee Period and highlights the benefits conferred upon the Debtors and their estates and creditors as a result of Dechert's services.  The following is a summary description of the matters for which Dechert provided legal services to the Debtors during the Tenth Interim Fee Period:

**(a)    Loans and Investments Project Category (Hours: 2,158.50; Fees: $1,511,469.25)**

44.    During the Tenth Interim Fee Period, Dechert performed a variety of services relating to its loans and investments project category, including the following:

- Dechert professionals analyzed borrower issues under various loan documents, drafted various transaction agreements, researched complex tax issues, negotiated restructuring terms and provided advice in connection with the potential foreclosure or restructuring of approximately $1.2 billion in debt related to the property located at 237 Park Avenue. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 474.50 hours for this matter resulting in time charges of $409,072.50.  (237 Park, Matter # 102878)

15

- Dechert professionals reviewed loan documents, drafted foreclosure and restructuring documents, researched complex tax and equity issues and coordinated loan extensions in connection with the BIII portfolio for which the Debtors previously completed a partial foreclosure and now control the BIII properties. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 390.00 hours for this matter resulting in time charges of $301,307.50. (BIII Workout, Matter # 102927)

- Dechert professionals drafted, as well as prepared modifications to, loan documents, coordinated loan extensions, researched complex tax and zoning issues and analyzed foreclosure issues in connection with the potential foreclosure and restructure of the Ballpark mortgage and mezzanine loan portfolio totaling approximately $62 million secured by the Ballpark mixed use development in Washington D.C. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 537.70 hours for this matter resulting in time charges of $297,800.50. (Ballpark, Matter # 108387)

- Dechert professionals drafted agreements, reviewed and commented on loan documents, researched complex tax and equity issues and analyzed borrower issues on behalf of the Debtors in connection with the consensual strict foreclosure of a junior mezzanine loan indirectly secured by office property and the termination of the property manager and the replacement thereof for such property. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 65.70 hours for this matter resulting in time charges of $57,079.50. (1000 Wilshire, Matter #109963; 116 Huntingdon, Matter # 116587)

- Dechert professionals drafted agreements, reviewed various loan documents, researched complex tax and real property issues, planned restructuring strategies and negotiated on behalf of the Debtors in connection with the restructuring of the Debtors' equity investment totaling approximately $80 million in a mixed use development in Washington D.C. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 275.90 hours for this matter resulting in time charges of $171,421.00. (Monument Ballpark, Matter # 108403)

- Dechert professionals drafted loan extension documents, analyzed loan extension and guaranty issues, and negotiated on behalf of the Debtors in connection with a potential consensual foreclosure of loans of the Debtors totaling approximately $67 million, which are indirectly secured by real property located in Austin, Texas. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 13.30 hours for this matter resulting in time charges of $10,223.50. (Austin Center, Matter # 110503)

- Dechert professionals tracked down from public records and title companies documents requested in response to a request for production of certain missing documents in connection with a large mortgage securitization. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 6.50 hours for this matter resulting in time charges of $1,627.50. (First State Investors, Matter # 115015)

- Dechert professionals drafted various loan documents, researched complex tax issues, drafted memoranda outlining restructuring strategies and participated in settlement negotiations in connection with the change in control of the Anaheim property, representation of Lehman as borrower for a mortgage loan on the Anaheim property and related restructuring issues in the Innkeepers chapter 11 cases.[6] Dechert professionals and paraprofessionals expended 334.85 hours for this matter resulting in time charges of $211,123.00. (Innkeepers, Matter # 386500 and Innkeepers Bankruptcy Matter # 109115)

- Dechert professionals drafted transaction agreements, analyzed foreclosure strategies and borrower's proposals, and researched complex transfer tax issues in connection with the Debtor's rights as a junior participant in a $62 million second mezzanine loan in the owner of a portfolio of hotel properties in nine states following foreclosure thereof. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 42.95 hours for this matter resulting in time charges of $37,931.75. (Wyndham Portfolio, Matter # 116587)

- In connection with Dechert's loans and investments project category, Dechert professionals corresponded electronically and participated in conference calls with the Debtors and several of their professionals regarding, among other things, debtor-creditor issues, restructuring strategies and settlement negotiations.

45.    During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 2,158.50 hours to the loans and investments project category resulting in time charges of $1,511,469.25.

---

[6]    Dechert represents Lehman ALI Inc. in connection with the restructuring of Innkeepers USA Trust. While Innkeepers USA Trust agreed to provide compensation and reimbursement for Dechert's fees and expenses in connection with this representation, the Debtors agreed to reimburse Dechert for fees and expenses related to the Anaheim property and certain other issues related to the Innkeepers chapter 11 cases.

**(b)**      **Real Estate Project Category (Hours: 898.72; Fees: $632,213.80)**

46.      During the Tenth Interim Fee Period, Dechert performed a variety of services

relating to its real estate project category, including the following:

- Dechert professionals drafted transaction agreements, reviewed loan documents and analyzed bankruptcy litigation issues in connection with mortgage and mezzanine loan workouts related to two properties located in New York, New York, including contemplated mortgage and mezzanine loan foreclosures. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 15.1 hours for these two matters resulting in time charges of $9,341.00. (1107 Broadway, Matter # 102197; and 325 West Broadway, Matter # 102198)

- Dechert professionals drafted memoranda to the Debtors regarding trademark arbitration and litigation issues, researched complex trademark issues, drafted pleadings including answers to counterclaims, motion to dismiss and documents requests, prepared discovery strategies and prepared for and participated in oral argument in connection with the modification of a loan secured by hotel trademark collateral. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 221.50 hours for this matter resulting in time charges of $163,114.50. (Setai, Matter # 107269)

- Dechert professionals prepared and researched litigation strategies, drafted pleadings, researched complex trust law issues, analyzed terms of proposed settlement, and participated in mediation discussions in connection with a mezzanine loan secured by a multi-family portfolio in Phoenix Arizona, including commencing a mezzanine loan foreclosure and litigation against guarantor. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 187.00 hours for this matter resulting in time charges of $137,433.00. (Bethany, Matter # 108442)

- Dechert professionals drafted transaction agreements, researched complex tax and securities law issues, prepared foreclosure strategies, reviewed due diligence searches, advised the Debtors on negotiations with senior lien holders and enforcement strategies, drafted UCC foreclosure documents, attended UCC foreclosure sale, drafted and negotiated new property management and listing agreements, and advised on property transition matters in connection with the mezzanine foreclosures of two real estate properties. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 249.00 hours for these matters resulting in

18

time charges of $174,927.50.[7]  (Mezz Loan Foreclosure- Wachovia Place, Matter # 117022; Mezz Loan Foreclosure- Liberty Square; Matter # 117023)

- Dechert professionals responded to client questions on distressed loan and transfer tax issues, drafted transaction documents, analyzed guaranty issues, and analyzed loan extension options and strategies in connection with a defaulted mezzanine loan secured by pledges of equity interest in the mezzanine borrower, property owner and certain other affiliates. During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals expended 222.02 hours for this matter resulting in time charges of $144,199.30.  (350 Broadway Property; Matter # 117095)

- Dechert professionals analyzed issues under lease agreements and forbearance agreements and advised the Debtors on their rights in foreclosure related to the Debtors' various real estate matters.  During the Compensation Period, Dechert professionals and paraprofessionals expended 21.20 hours for these two matters resulting in time charges of $17,081.00.  (T-Rex Matter, # 103274; 321-329 Riverside, Matter # 102720)

- In connection with Dechert's real estate project category, Dechert professionals participated in telephone conferences and corresponded electronically with the Debtors and various other professionals regarding, among other things, debtor-creditor issues and restructuring strategies.

47.    During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 898.72 hours to the real estate project category resulting in time charges of $632,213.80.

**(c)    Litigation Project Category (Hours: 219.10; Fees: $139,817.00)**

48.    During the Tenth Interim Fee Period, Dechert performed a variety of services relating to its litigation project category, including the following:

- Dechert professionals prepared and researched litigation issues for depositions, drafted deposition memoranda, prepared clients for depositions, attended a deposition and coordinated with various parties with respect to the representation of certain current and former Independent Directors of LBHI that have been issued deposition subpoenas or otherwise asked to submit to certain depositions, or may otherwise be called to testify in connection with the adversary

---

[7]    These figures exclude time expended for non-working travel, which was billed at a discounted rate.

19

proceeding against JP Morgan in these Chapter 11 Cases.   (JPMorgan Litigation, Matter # 116665)

49.     During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 219.10 hours to the litigation project category resulting in time charges of $139,817.00. [8]

**(d)     Tax Matter (Hours: 27.00: Fees $26,820.50)**

50.     During the Tenth Interim Fee Period, Dechert performed a variety of services relating to its tax project category, including the following:

- Dechert professionals analyzed reply issues, researched and drafted memoranda regarding strategy, participated in telephone conferences with the Internal Revenue Service and conducted discovery with respect to a summons issued by the Internal Revenue Service on Lehman Commercial Paper, Inc. (Tax Inquiry, Matter # 118174)

51.     During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 27.00 hours to the litigation project category resulting in time charges of $26,820.50.

**(e)     Non-working Travel Project Category (Hours: 31.80; Fees: $10,944.00)**

52.     Dechert professionals minimize the amount of time spent on non-working travel by often working while traveling.   However, in certain instances, due to privilege and confidentiality issues while traveling via mass transit to attend hearings and meetings, Dechert professionals exerted proper discretion in refraining from working while traveling.   For the rare occasions that Dechert professionals travel without working, Dechert voluntarily reduces its rates by half.

53.     During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 31.80 hours to the non-working travel project category resulting in discounted time charges of $10,944.00.

---

[8]     These figures exclude time expended for non-working travel, which was billed at a discounted rate.

**(f)**    **Retention Issues and Fee Applications (Hours: 168.2; Fees: $82,511.50)**

54.    During the Tenth Interim Fee Period, Dechert performed a variety of services relating to its retention and compensation including the following:

- Dechert professionals drafted and filed Dechert's Fifth Interim Fee Application, reviewed the proposed order in connection with Dechert's First Fee Application, prepared monthly statements, drafted monthly budgets and reviewed monthly invoices.   (Fee Application, Matter # 104595)

- Dechert professionals drafted the Second Supplemental Retention Application, reviewed and responded to Fee Committee reports and participated in conference calls and an in-person conference with the Fee Committee regarding fee / retention related issues.   (327(e) Retention Issues, Matter # 108343)

55.    During the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 67.90 hours to Retention Issues resulting in time charges of $35,519.50.   In addition, during the Tenth Interim Fee Period, Dechert professionals and paraprofessionals devoted 100.30 hours to Fee Application issues resulting in time charges of $46,992.00.

56.    Dechert respectfully submits that for the reasons set forth above, the professional services rendered by Dechert on behalf of the Debtors during the Tenth Interim Fee Period were necessary and reasonable.

## EXPENSES INCURRED BY DECHERT

57.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.   11 U.S.C. § 330. Accordingly, Dechert seeks reimbursement of expenses incurred in rendering services during the Tenth Interim Fee Period.

58.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Dechert maintains the following policies with respect to expenses for which reimbursement is sought:

21

a.  <u>Internal Duplicating</u> - Charged at $0.10 per page, based upon the cost of duplicating services, which varies due to volume;[9]

b.  <u>Outside Duplicating</u> - Outside duplicating by third parties is charged at the actual cost billed to Dechert;

c.  <u>Computer Research Charges</u> - Westlaw and Lexis legal research is charged according to an equation based on the flat fee charged to Dechert (approximately 50% of the estimated cost for hourly rate for Lexis; approximately 70% of the estimated cost for hourly rate for Westlaw);

d.  <u>Local Car Service and Parking</u> - In accordance with the Guidelines, Dechert allows attorneys, legal assistants, and secretaries to charge car service to the appropriate client limited to $100.00 after 8:00 p.m.;

e.  <u>Delivery Services</u> - Dechert's practice is to charge postal, overnight delivery, and courier services at actual cost;

f.  <u>Meals</u> - In accordance with the Guidelines, meals charged to the Debtors were either associated with (i) out-of-town travel and are limited to $40.00 per person; or (ii) attorneys working at least two hours beyond their normal workday on matters concerning the Chapter 11 Cases and are limited to $20.00 per person; and

g.  <u>Document Charges</u> - Dechert's practice is to charge certified document charges, docket fees, filing fees and subpoena fees at actual cost.

## AUTHORITY FOR
## ALLOWANCE OF COMPENSATION

59.    Bankruptcy Code section 331 allows a bankruptcy court to authorize interim compensation for "[a] trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title… not more than once every 120 days after an order for relief in a case under this title…."

60.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327 reasonable

---

[9]    In accordance with the Guidelines, Dechert has voluntarily reduced its charges for internal duplicating from $0.15 per page to $0.10 per page.

compensation for services and reimbursement of expenses.  Specifically, section 330 of the

Bankruptcy Code provides that:

> (a)(1) After notice to the parties in interest and the United States
> Trustee and a hearing, and subject to sections 326, 328 and 329,
> the court may award to . . . a professional person employed under
> section 327 or 1103 –
>
>> (A) reasonable compensation for actual, necessary services
>> rendered by . . . professional person, or attorney and by any
>> paraprofessional person employed by any such person; and
>>
>> (B) reimbursement for actual necessary expenses. . . .
>
> (3) In determining the amount of reasonable compensation to be
> awarded, the court shall consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including–
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the
>> administration of, or beneficial at the time at which the
>> services were rendered toward the completion of, a case
>> under this title;
>>
>> (D) whether the services were performed within a
>> reasonable amount of time commensurate with the
>> complexity, importance, and nature of the problem, issue,
>> or task addressed;
>>
>> (E) with respect to a professional person, whether the
>> person is board certified or otherwise has demonstrated
>> skill and experience in the bankruptcy field; and
>>
>> (F) whether the compensation is reasonable based on the
>> customary compensation charged by comparably skilled
>> practitioners in case other than cases under this title.

61.    As noted in In re Guyana Dev. Corp., 201 B.R. 462 (Bankr. S.D. Tex. 1996),

Bankruptcy Code section 330(a)(3) is a codification of the factors set forth in Johnson v. Georgia

Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which provided guidelines for evaluating

fee applications.  See Johnson, 488 F.2d at 717 (evaluating fee applications based on (1) time

and labor required; (2) novelty and difficulty of questions presented; (3) skill required to perform

legal services properly; (4) preclusion of other employment due to acceptance of case; and (5)

the customary fee paid for such services in the same legal market).

62.    As set forth below, under the standards set forth in Bankruptcy Code section

330(a) and related case law, Dechert's representation of the Debtors warrants payment of its fees

and reimbursement of its expenses.

a.  Time and labor required:  As stated above, Dechert has expended
3,503.32 hours in its representation of the Debtors during the Tenth
Interim Fee Period, with a blended average billable rate of $684.14 per
hour.  All of the time spent by Dechert in these cases was necessary
and appropriate and benefited the Debtors, their estates, their creditors,
and other parties-in-interest.  Dechert submits that it has represented
the Debtors in an efficient, timely, and cost-effective manner.

b.  Novelty and difficulty of questions presented:  The issues attended to
by Dechert in connection with these cases were novel, complex, and
difficult, requiring thorough attention and substantial firm resources.

c.  Skill required to perform legal services properly:  The experience,
knowledge, and expertise of the various Dechert professionals and
paraprofessionals representing the Debtors in these Chapter 11 Cases
have facilitated and expedited the results achieved.  Providing real
estate transaction advice and litigation advice to large debtors is a
specialized practice that requires attorneys, such as the Dechert
attorneys involved in this matter, with substantial expertise in various
areas of the law.

d.  Preclusion of other employment:  Dechert's representation of the
Debtors in these cases took time and effort that was not therefore
available to provide comparable services to other current or potential
clients.

e.  Customary fee paid for such legal services:  The hourly rates charged
by Dechert for the services performed in these cases are the hourly
rates regularly charged by Dechert in other similar matters and
representations, and Dechert submits that they are comparable to the
customary charges of other professionals and paraprofessionals with
similar degrees of skill and expertise.

24

f.  <u>Experience, reputation, and ability of attorney</u>:  Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters.  Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g.  <u>Allowance in similar cases</u>:  Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are not excessive and are commensurate with the compensation sought and allowed in similar cases for similar services rendered and results obtained by Dechert and by its peer law firms.

## <u>NOTICE</u>

63.   Notice of this application will be served prior to May 21, 2012, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditor's Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases. Notice will also be given to each of the retained professionals in these Chapter 11 Cases. Dechert submits that no other or further notice need be provided.

## **CONCLUSION**

WHEREFORE, Dechert respectfully requests that the Court enter an order (i) authorizing an interim allowance of compensation for professional services rendered as special counsel for the Debtors during the Tenth Interim Fee Period in the amount of $2,403,776.05; (ii) authorizing the reimbursement of actual and necessary disbursements incurred and recorded by Dechert during the Tenth Interim Fee Period in the amount of $44,548.38; (iii) authorizing and directing the Debtors to pay to Dechert the unpaid balance of all approved fees and expenses; (iv) providing that the allowance of such interim compensation for professional services rendered and reimbursement of actual necessary expenses incurred be without prejudice to Dechert's right to seek additional compensation for services performed and reimbursement of expenses incurred during the Tenth Interim Fee Period which were not processed at the time of this Application; and (v) granting Dechert such other and further relief as it deems just and proper.

Dated:  May 17, 2012            DECHERT LLP
      Hartford, Connecticut

                                               */s/ Katherine A. Burroughs*
                                               Katherine A. Burroughs
                                               Brian E. Greer
                                               DECHERT LLP
                                               1095 Avenue of the Americas
                                             New York, New York  10036
                                             Telephone: (212) 698-3500
                                             Facsimile: (212) 698-3599
                                             katherine.burroughs@dechert.com
                                             brian.greer@dechert.com

                                             Special Counsel for Lehman Brothers
                                             Holdings, Inc., *et al.*
                                             Debtors in Possession

## EXHIBIT A

**Special Counsel Order**

17054055

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

|  | : |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |

---------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF DECHERT LLP, AS SPECIAL COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 1, 2010

Upon consideration of the application, dated June 1, 2010 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to

employ and retain Dechert LLP ("Dechert") as special counsel to the Debtors, effective *nunc pro*

*tunc* to March 1, 2010, all as more fully described in the Application; and upon the Declaration

of Katherine A. Burroughs (the "Burroughs Declaration"), filed in support of the Application;

and the Court being satisfied, based on the representations made in the Application and the

Burroughs Declaration, that Dechert represents no interest adverse to the Debtors or the Debtors'

estates with respect to the matters upon which it is to be engaged, under section 327 of the

Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider

---

[1]    Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Dechert, and it appearing that no other or further notice need be provided; and no

objections to the Application having been filed; and the Unites States Trustee having filed a

Statement of No Objection on June 4, 2010 (Docket No. 9406); and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

        ORDERED that the Application is approved; and it is further

        ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Dechert as special counsel to the Debtors, effective

*nun pro tunc* to March 1, 2010 on the terms set forth in the Application and this order for the

Additional Representative Matters identified in the Application and in accordance with Dechert's

customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Dechert shall, solely with respect to fees and expenses paid to

Dechert by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for

compensation and reimbursement of expenses in accordance with the procedures set forth in

sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and

orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that

have been or may be fixed by order of this Court, including but not limited to the Court's Third

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee

Committee and Approving a Fee Protocol [Docket No. 3651].


Dated: New York, New York
        June 22, 2010

_____*s/ James M. Peck*_____
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT B**

**Interim Compensation Order**

17054055

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- x

In re                                                    :            **Chapter 11**
                                                         :
LEHMAN BROTHERS HOLDINGS, INC. *et al.,*                  :            **Case No. 08-13555 (JMP)**
                                                         :
                          **Debtors.**                   :            **(Jointly Administered)**

--------------------------------------------------------------- x

**FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a)**
**AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY**
**RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

     Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth**

**Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a)

and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and

Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to

establish procedures for interim monthly compensation and reimbursement of expenses of

professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant

to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for

Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of

Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon

the notice of presentment of the proposed Fourth Amended Order; and the Court having

jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation**

**Procedures**"):

(a)     On or before the forty-fifth (45th) day following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional or a professional retained by the Examiner appointed in these Chapter 11 cases, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin, Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may be amended from time to time, the "**Fee Protocol**") c/o Godfrey & Kahn, S.C., One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "**Notice Parties**").  In addition to being served with a paper copy, the Office of the United States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers Holdings, Inc. shall also be served with a disc containing an electronic version of the Monthly Statement.

(b)     The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Fourth Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)     Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d)     Each Notice Party shall have at least thirty (30) days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or expense reimbursement sought in a particular statement, such Notice Party shall, no later than the thirty-first (31st) day following receipt of the Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)     At the expiration of the Monthly Statement Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn or modified and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code, including any final application.

(j)     Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "**Interim**

4

**Fee Period**"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)    Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "**OCP Order**")) or a professional retained by the Examiner seeks more than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

date from the Court for the hearing of the fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.


Dated: New York, New York
       April 14, 2011

                                    *s/ James M. Peck*
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

**<u>EXHIBIT C</u>**

**Certification**

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone: (860) 524-3999
Fax: (860) 524-3930
Email: katherine.burroughs@dechert.com

and

Brian E. Greer
1095 Avenue of the Americas
New York, New York  10036
Telephone: (212) 698-3500
Fax : (212) 698-3599
Email : brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., <u>et al</u>., | ) | Case No. 08 – 13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

<u>**CERTIFICATION OF PROFESSIONAL**</u>

Katherine A. Burroughs, a partner of the firm of Dechert LLP (the "<u>Applicant</u>"),

attorneys authorized to provide legal services as special counsel to Lehman Brothers Holdings,

Inc. ("<u>LBHI</u>"), and its affiliated debtors in the above-captioned cases, and partner in charge of

this matter, hereby certifies as follows:

17054055

1.      I have read Sixth Application of Dechert LLP as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2011 through March 6, 2012 (the "Application").[1]

2.      To the best of my knowledge, information and belief, formed after reasonable inquiry, the Application substantially complies with the (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases, adopted by the Court on April 19, 1995; (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996; (c) Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15999]; and (d) this Court's Order Amending the Fee Protocol [ECF No. 15998] (together, the "Guidelines").

3.      To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines.

4.      The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

---

[1]      Capitalized terms used but not defined shall have the meaning ascribed to them in the Application.

C-2

5.      LBHI has been provided with a copy of the Application prior to the date set by the

Court or any applicable rules for filing fee applications, has reviewed the Application and has

approved it.

6.      The disbursements requested to be reimbursed in the Application:

      a.      do not include any amount of profit for the Applicant;

      b.      do not include the amortization of the cost of any investment, equipment

          or capital outlay; and

      c.      to the extent provided by a third party vendor only include the amount

          billed to the Applicant to such vendor.

Dated: May 17, 2012                                    DECHERT LLP
       Hartford, Connecticut

                                   */s/ Katherine A. Burroughs*
                                   Katherine A. Burroughs
                                   Brian E. Greer
                                   DECHERT LLP
                                   1095 Avenue of the Americas
                                   New York, New York 10036
                                   Telephone: (212) 698-3500
                                   Facsimile: (212) 698-3599
                                   katherine.burroughs@dechert.com
                                   brian.greer@dechert.com

                                   Special Counsel for Lehman Brothers
                                   Holdings, Inc., *et al.*
                                   Debtors in Possession

C-3

**EXHIBIT D**

**Time Records[1]**

---

[1]    Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Fee Committee.

17054055

**EXHIBIT E**

**Disbursement Records**[1]

---

[1]    Due to the volume of the time records and the detailed expense descriptions at issue, these materials are not being filed with the Court, but copies thereof have been delivered to (i) the Court; (ii) the United States Trustee; (iii) counsel for the Debtors; and (iv) the Fee Committee.

17054055

**EXHIBIT F**

**Summary of Professional Compensation Sought (By Timekeeper)**
From October 1, 2011 through March 6, 2012

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
| | | | 115.70 | 1,030.00 | $119,171.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
| | | | 139.80 | 995.00 | $139,101.00 |
| Michael J. Rufkahr | Partner | 1979 | 1.80 | 1,030.00 | $1,854.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
| | | | 172.00 | 995.00 | $171,140.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
| | | | 2.40 | 985.00 | $2,364.00 |
| Lewis A. Burleigh | Partner | 1965 | 11.60 | 995.00 | $11,542.00 |
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
| | | | 162.40 | 935.00 | $151,844.00 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Jay Zagoren | Partner | 1988 | 27.60 | 915.00 | $25,254.00 |
| | | | 20.30 | 885.00 | $17,965.50 |
| Katherine A. Burroughs | Partner | 1988 | 86.30 | 915.00 | $78,964.50 |
| | | | 84.70 | 885.00 | $74,959.50 |
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
| | | | 2.90 | 885.00 | $2,566.50 |
| Kathleen N. Massey | Partner | 1988 | 88.00 | 885.00 | $77,880.00 |
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| | | | 2.10 | 820.00 | $1,722.00 |
| Bruce D. Hickey | Partner | 1988 | 28.45 | 825.00 | $23,471.25 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
| Gary L. Green | Partner | 1978 | 0.70 | 820.00 | $574.00 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| | | | 5.90 | 775.00 | $4,572.50 |
| Brian E. Greer | Partner | 1998 | 7.90 | 760.00 | $6,004.00 |
| | | | 5.50 | 740.00 | $4,070.00 |

17054055

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Lee D. Caney | Partner | 1993 | 10.30 | 680.00 | $7,004.00 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| James J. Johnston | Counsel | 1997 | 5.30 | 660.00 | $3,498.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| | | | 239.20 | 650.00 | $155,480.00 |
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| | | | 80.30 | 650.00 | $52,195.00 |
| | | | 12.00 | 325.00 | $3,900.00 |
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| | | | 124.40 | 630.00 | $78,372.00 |
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| | | | 6.80 | 610.00 | $4,148.00 |
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| | | | 88.30 | 595.00 | $52,538.50 |
| Jessica S. Bula | Associate | 2006 | 93.60 | 625.00 | $58,500.00 |
| | | | 42.00 | 595.00 | $24,990.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| | | | 2.80 | 565.00 | $1,582.00 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| | | | 16.80 | 565.00 | $9,492.00 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| | | | 124.90 | 490.00 | $61,201.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| | | | 28.70 | 510.00 | $14,637.00 |
| Nathan Smith | Associate | 2006 | 4.60 | 520.00 | $2,392.00 |
| Erika Becker | Associate | 2007 | 8.30 | 510.00 | $4,233.00 |
| Jason G. Kurth | Associate | 2007 | 0.50 | 510.00 | $255.00 |
| Katherine K. Rankin | Associate | 2008 | 7.10 | 490.00 | $3,479.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 60.70 | 480.00 | $29,136.00 |
| | | | 50.20 | 455.00 | $22,841.00 |
| Melissa E. Brody | Associate | 2009 | 54.40 | 480.00 | $26,112.00 |

F-2

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Melissa E. Brody | Associate | 2009 | 85.00 | 455.00 | $38,675.00 |
| Wayne I. Pollock | Associate | 2009 | 95.00 | 455.00 | $43,225.00 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| | | | 4.65 | 420.00 | $1,953.00 |
| Robert F. Alleman | Associate | 2010 | 2.10 | 420.00 | $882.00 |
| Sara Corris | Associate | 2010 | 73.10 | 420.00 | $30,702.00 |
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |
| Mark J. Deal | Associate | 2010 | 13.20 | 420.00 | $5,544.00 |
| Katrina V. Pape | Associate | 2009 | 4.90 | 420.00 | $2,058.00 |
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Eric J. Kotloff | Associate | 2011 | 11.20 | 375.00 | $4,200.00 |
| Matthew H. Fischer | Associate | 2011 | 0.70 | 375.00 | $262.50 |
| Victoria S. Cudd | Associate | 2011 | 0.80 | 375.00 | $300.00 |
| Margaret Budnik | Law Clerk | N/A | 9.00 | 240.00 | $2,160.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
| | | | 9.10 | 260.00 | $2,366.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| | | | 8.60 | 245.00 | $2,107.00 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| | | | 7.00 | 245.00 | $1,715.00 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| | | | 4.50 | 245.00 | $1,102.50 |
| Julio C. Pereira | Legal Assistant | N/A | 4.40 | 245.00 | $1,078.00 |
| | | | 4.70 | 235.00 | $1,104.50 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| | | | 20.40 | 185.00 | $3,774.00 |
| Jefferson Holder | Legal Assistant | N/A | 3.60 | 40.00 | $144.00 |
| | | | | | |
| **TOTAL** | | | **3,503.32** | | **$2,403,776.05** |

F-3

**Summary of Professionals and Paraprofessionals**

|  | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
|  |  |  |  |
| **Attorneys and Law Clerks** | $702.11 | 3,383.72 | $2,375,743.65 |
| **Paraprofessionals** | $234.38 | 119.6 | $28,032.40 |
|  |  |  |  |
| **TOTALS** | **$686.14** | **3,503.32** | **$2,403,776.05** |

## EXHIBIT G

**Summary of Expense Reimbursements Sought**

| Description | Amount |
|---|---|
| Air Fare | $6,159.96 |
| Binding | $3.00 |
| Consultants Fees | $1,050.00 |
| Court Reporter Fees | $479.75 |
| Docket Fees | $244.08 |
| Document Storage/Retrieval | $526.80 |
| Duplication Charges | $313.31 |
| Facsimile | $29.99 |
| Federal Express Charges | $2,983.60 |
| Filing Fees and Related | $5,210.93 |
| Food Service/Catering - NY | $202.51 |
| Hotel | $2,529.66 |
| Lexis/Legal Research | $369.03 |
| Local Mileage Charges | $34.52 |
| Local Parking Charges | $208.25 |
| Local Taxi Charges | $234.88 |
| Meals - Personal | $215.94 |
| Meals- Business Conferences | $3,217.79 |
| Messenger Services | $77.15 |
| Miscellaneous Expenses | $1,445.00 |
| Overtime Dinner Expense | $797.26 |
| Postage | $117.15 |
| Research Fees | $4.68 |
| Search Fees | $13,372.71 |
| Staff Overtime Charges - Secretary | $160.20 |
| Subpoena | $405.00 |
| Subway | $9.50 |
| Taxi Fare | $500.38 |
| Telephone | $20.72 |
| Tips | $54.00 |
| Train Fare | $265.50 |

17054055

| Description | Amount |
|---|---|
| Transcripts | $140.00 |
| UCC Filing Fees | $508.00 |
| Westlaw Search Fees | $2,657.13 |
| **TOTAL** | **$44,548.38** |

## EXHIBIT H

### Summary of Professional Compensation Sought by Matter

| MATTER # | DESCRIPTION | HOURS | FEES AMOUNT |
|---|---|---|---|
| 109963 | 1000 Wilshire (BIII Portfolio Property) | 63.10 | $54,919.00 |
| 102197 | 1107 Broadway - Toy Building | 13.70 | $8,477.00 |
| 110032 | 116 Huntingdon (BIII Portfolio Property) | 2.60 | $2,160.50 |
| 102878 | 237 Park Mezz Debt Restructure | 474.50 | $409,072.50 |
| 102198 | 325 West Broadway (Tootsie Roll Building) | 1.40 | $864.00 |
| 108343 | 327(e) Retention Issues | 67.90 | $35,519.50 |
| 117095 | 350 Broadway Property | 222.02 | $144,199.30 |
| 110503 | Austin Center | 13.30 | $10,223.50 |
| 108387 | Ballpark | 537.70 | $297,800.50 |
| 108442 | Bethany | 187.00 | $137,433.00 |
| 102927 | BIII Workout | 390.00 | $301,307.50 |
| 104595 | Fee Application | 100.30 | $46,992.00 |
| 115015 | First State Investors | 6.50 | $1,627.50 |
| 386500 | Innkeepers | 242.60 | $157,721.50 |
| 109115 | Innkeepers Bankruptcy | 92.25 | $53,401.50 |
| 116665 | Lehman - JPMorgan Litigation | 238.90 | $146,861.00 |
| 117023 | Mezz Loan Foreclosure (Liberty Square) | 204.80 | $136,686.00 |
| 117022 | Mezz Loan Foreclosure (Wachovia Place) | 56.20 | $42,141.50 |
| 108403 | Monument/Ballpark Equity | 275.90 | $171,421.00 |
| 118310 | Riverside | 17.10 | $13,882.50 |
| 107269 | Setai | 221.50 | $163,114.50 |
| 118174 | Tax Inquiry | 27.00 | $26,820.50 |
| 103274 | T-Rex, St. John | 4.10 | $3,198.50 |
| 116587 | Wyndham Portfolio | 42.95 | $37,931.75 |
| | | | |
| | **TOTAL** | **3,503.32** | **$2,403,776.05** |

17054055

**EXHIBIT I**

**Summary of Professional Compensation Sought For Each Project Category by Timekeeper**

**(a)       Loans and Investments**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|-------------------------------|-------|------|-------|
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
| Michael Hirschfeld | Partner | 1975 | 99.90 | 1,030.00 | $102,897.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
| Timothy A. Stafford | Partner | 1983 | 170.00 | 995.00 | $169,150.00 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
| David W. Forti | Partner | 1995 | 139.80 | 995.00 | $139,101.00 |
| Michael J. Rufkahr | Partner | 1979 | 1.80 | 1,030.00 | $1,854.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
| Michael J. Sage | Partner | 1988 | 2.40 | 985.00 | $2,364.00 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Jay Zagoren | Partner | 1979 | 27.60 | 915.00 | $25,254.00 |
| Jay Zagoren | Partner | 1979 | 20.30 | 885.00 | $17,965.50 |
| Katherine A. Burroughs | Partner | 1988 | 0.30 | 915.00 | $274.50 |
| Katherine A. Burroughs | Partner | 1988 | 0.30 | 885.00 | $265.50 |
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
| Abbi L. Cohen | Partner | 1983 | 2.90 | 885.00 | $2,566.50 |
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Bruce D. Hickey | Partner | 1988 | 28.45 | 825.00 | $23,471.25 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
| Gary L. Green | Partner | 1978 | 0.70 | 820.00 | $574.00 |
| Brian E. Greer | Partner | 1998 | 2.10 | 760.00 | $1,596.00 |
| Brian E. Greer | Partner | 1998 | 0.20 | 740.00 | $148.00 |
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| Derrick E. Champagne | Associate | 2002 | 239.20 | 650.00 | $155,480.00 |
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| Matthew B. Ginsburg | Associate | 2004 | 124.40 | 630.00 | $78,372.00 |
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |

17054055

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| Jessica S. Bula | Associate | 2005 | 21.20 | 625.00 | $13,250.00 |
| Jessica S. Bula | Associate | 2005 | 33.30 | 595.00 | $19,813.50 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| Justin J. Gdula | Associate | 2006 | 16.80 | 565.00 | $9,492.00 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| David A. Pildis | Associate | 2007 | 124.90 | 490.00 | $61,201.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| Nicole B. Herther-Spiro | Associate | 2007 | 25.10 | 510.00 | $12,801.00 |
| Jason G. Kurth | Associate | 2007 | 0.50 | 510.00 | $255.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 40.70 | 480.00 | $19,536.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 26.30 | 455.00 | $11,966.50 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| Gretchen A. Corey | Associate | 2010 | 4.65 | 420.00 | $1,953.00 |
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Margaret Budnik | Law Clerk | N/A | 3.60 | 240.00 | $864.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| Ann Marie Cotharin | Legal Assistant | N/A | 8.60 | 245.00 | $2,107.00 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| Steven M. Gruber | Legal Assistant | N/A | 4.50 | 245.00 | $1,102.50 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| Barbara Lau | Legal Assistant | N/A | 7.00 | 245.00 | $1,715.00 |
| Julio C. Pereira | Legal Assistant | N/A | 0.60 | 245.00 | $147.00 |
| Julio C. Pereira | Legal Assistant | N/A | 4.10 | 235.00 | $963.50 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 20.40 | 185.00 | $3,774.00 |
| | | | | | |
| **TOTAL** | | | **2,158.50** | | **$1,511,469.25** |

I-2

(b)    **Real Estate Matters**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|-------------------------------|-------|------|-------|
| Timothy A. Stafford | Partner | 1983 | 2.00 | 995.00 | $1,990.00 |
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
| Joseph F. Donley | Partner | 1977 | 162.40 | 935.00 | $151,844.00 |
| Katherine A. Burroughs | Partner | 1988 | 85.20 | 915.00 | $77,958.00 |
| Katherine A. Burroughs | Partner | 1988 | 82.20 | 885.00 | $72,747.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| Glenn A. Gundersen | Partner | 1980 | 2.10 | 820.00 | $1,722.00 |
| Brian E. Greer | Partner | 1998 | 0.60 | 740.00 | $444.00 |
| Lee D. Caney | Partner | 1993 | 10.30 | 680.00 | $7,004.00 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| James J. Johnston | Counsel | 1997 | 5.30 | 660.00 | $3,498.00 |
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| Jonathan A. Rini | Associate | 2003 | 68.30 | 650.00 | $48,295.00 |
| Jonathan A. Rini | Associate | 2003 | 12.00 | 325.00 | $3,900.00 |
| Jessica S. Bula | Associate | 2005 | 72.40 | 625.00 | $45,250.00 |
| Jessica S. Bula | Associate | 2005 | 8.70 | 595.00 | $5,176.50 |
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| David P. Staubitz | Associate | 2005 | 88.30 | 595.00 | $52,538.50 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| Christine M. Hernandez | Associate | 2004 | 6.80 | 610.00 | $4,148.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| Jacob R. Bishop | Associate | 2006 | 2.80 | 565.00 | $1,582.00 |
| Nathan Smith | Associate | 2006 | 4.60 | 520.00 | $2,392.00 |
| Katherine K. Rankin | Associate | 2008 | 7.10 | 490.00 | $3,479.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 20.00 | 480.00 | $9,600.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 23.90 | 455.00 | $10,874.50 |
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| Mark J. Deal | Associate | 2010 | 13.20 | 420.00 | $5,544.00 |
| Robert F. Alleman | Associate | 2010 | 2.10 | 420.00 | $882.00 |
| Sara Corris | Associate | 2010 | 32.70 | 420.00 | $13,734.00 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Matthew H. Fischer | Associate | 2011 | 0.70 | 375.00 | $262.50 |
| Eric J. Kotloff | Associate | 2011 | 11.20 | 375.00 | $4,200.00 |
| Victoria S. Cudd | Associate | 2011 | 0.80 | 375.00 | $300.00 |

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Margaret Budnik | Law Clerk | N/A | 5.40 | 240.00 | $1,296.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
| Bernard G. Powell | Legal Assistant | N/A | 7.10 | 260.00 | $1,846.00 |
| Jefferson Holder | Legal Assistant | N/A | 3.60 | 40.00 | $144.00 |
| | | | | | |
| **TOTAL** | | | **898.72** | | **$632,213.80** |

**(c)**    **Litigation Matters**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Kathleen N. Massey | Partner | 1988 | 76.50 | 885.00 | $72,747.00 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| Adam J. Wasserman | Partner | 1997 | 5.00 | 775.00 | $3,875.00 |
| Erika Becker | Associate | 2007 | 8.30 | 510.00 | $4,233.00 |
| Wayne I. Pollock | Associate | 2009 | 86.70 | 455.00 | $41,314.00 |
| Sara Corris | Associate | 2010 | 40.40 | 420.00 | $16,968.00 |
| Bernard G. Powell | Legal Assistant | N/A | 2.00 | 260.00 | $520.00 |
| | | | | | |
| **TOTAL** | | | **219.10** | | **$139,817.00** |

**(d)**    **Tax Matters**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Michael Hirschfeld | Partner | 1975 | 15.70 | 1,030.00 | $16,171.00 |
| Lewis A. Burleigh | Partner | 1965 | 10.20 | 995.00 | $10,149.00 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| | | | | | |
| **TOTAL** | | | **27.00** | | **$26,820.50** |

I-4

**(d)      Non-working Travel[1]**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Kathleen N. Massey | Partner | 1988 | 11.50 | 885.00 | $5,133.00 |
| Jonathan A. Rini | Associate | 2003 | 12.00 | 650.00 | $3,900.00 |
| Wayne I. Pollock | Associate | 2009 | 8.30 | 455.00 | $1,911.00 |
| | | | | | |
| **TOTAL** | | | **31.80** | | **$10,944.00** |

**(e)      Retention Issues**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|------|-------|------------------------------|-------|------|-------|
| Michael Hirschfeld | Partner | 1975 | 0.10 | 1,030.00 | $103.00 |
| Lewis A. Burleigh | Partner | 1965 | 1.40 | 995.00 | $1,393.00 |
| Katherine A. Burroughs | Partner | 1988 | 0.80 | 915.00 | $732.00 |
| Katherine A. Burroughs | Partner | 1988 | 1.70 | 885.00 | $1,504.50 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 775.00 | $155.00 |
| Brian E. Greer | Partner | 1998 | 5.80 | 760.00 | $4,408.00 |
| Brian E. Greer | Partner | 1998 | 3.60 | 740.00 | $2,664.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 3.60 | 510.00 | $1,836.00 |
| Melissa E. Brody | Associate | 2009 | 25.00 | 480.00 | $12,000.00 |
| Melissa E. Brody | Associate | 2009 | 17.00 | 455.00 | $7,735.00 |
| Katrina V. Pape | Associate | 2009 | 4.90 | 420.00 | $2,058.00 |
| Julio C. Pereira | Legal Assistant | N/A | 3.80 | 245.00 | $931.00 |
| | | | | | |
| **TOTAL** | | | **67.90** | | **$35,519.50** |

---

[1]      Dechert voluntary reduces the rates of its attorneys by 50% for time billed to the Debtors as non-working travel.

I-5

**(f)**    **Fee Applications**

| Name | Title | Year of Law School Graduation | Hours | Rate | Total |
|---|---|---|---|---|---|
| Katherine A. Burroughs | Partner | 1988 | 0.50 | 885.00 | $442.50 |
| Adam J. Wasserman | Partner | 1997 | 0.70 | 775.00 | $542.50 |
| Brian E. Greer | Partner | 1998 | 1.10 | 740.00 | $814.00 |
| Melissa E. Brody | Associate | 2009 | 97.40 | 480.00 | $45,052.00 |
| Julio C. Pereira | Legal Assistant | N/A | 0.60 | 235.00 | $141.00 |
| | | | | | |
| **TOTAL** | | | **100.30** | | **$46,992.00** |

I-6