Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile: (212) 859-4000

*Special Counsel for the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

| | : | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------------------x

**SUMMARY OF SECOND INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

## SUMMARY

| | |
|---|---|
| <u>Name of Applicant</u>: | Fried, Frank, Harris, Shriver & Jacobson LLP ("<u>Fried Frank</u>") |
| <u>Authorized to Provide Professional Services to</u>: | Debtors and Debtors in Possession |
| <u>Date of Retention</u>: | Order entered on October 5, 2011 retaining Fried Frank, *nunc pro tunc*, to June 1, 2011 |
| <u>Period for which compensation and reimbursement is sought</u>: | March 1, 2011 through March 31, 2011 and October 1, 2011 through March 6, 2012 |

| Amount of compensation sought as actual and necessary: | $389,623.50[1] |
| --- | --- |

| Amount of expense reimbursement Sought as actual and necessary: | $16,083.58 |
| --- | --- |

| Prior Interim Applications: | First Interim Fee Application of Fried, Frank, Harris, Shriver & Jacobson LLP, Special Counsel to the Debtors and Debtors in Possession, for Interim Allowance of Compensation for Professional Services Rendered and for Reimbursement of Actual and Necessary Expenses Incurred from (i) March 1, 2011 through March 31, 2011, and (ii) June 1, 2011 through September 30, 2011 [ECF No. 23306] (the "First Interim Fee Application").[2] |
| --- | --- |

Prior Monthly Applications:

| Date Submitted | Period Covered | Requested | | Paid | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| 5/2/2011 | 3/1/2011 – 3/31/2011 (Pinnacle Matter) | $204,320.50 | $18,841.94 | $163,456.40 | $18,841.94 |
| 10/17/2011 | 6/1/2011 – 8/31/2011 | $219,789.50 | $2,421.99 | $175,831.60 | $2,421.99 |
| 11/14/2011 | 9/1/2011 – 9/30/2011 | $36,404.50 | $22.94 | $29,123.60 | $22.94 |
| 12/14/2011 | 10/1/2011-10/31/2011 | $82,993.50 | $3,218.70 | $0.00 | $0.00 |
| 1/17/2012 | 11/1/2011-11/30/2011 | $36,044.50 | $2,936.14 | $28,835.60 | $2,936.14 |
| 2/15/2012 | 12/1/2011-12/31/2011 | $67,375.50 | $1,044.72 | $53,900.40 | $1,044.72 |
| 3/15/2012 | 1/1/2012-1/31/2012 | $81,080.50 | $1,962.55 | $64,864.40 | $1,962.55 |
| 4/16/2012 | 2/1/2012-3/6/2012 | $60,355.00 | $2,342.46 | $0.00 | $0.00 |
| **TOTALS** | | **$788,363.50** | **$32,791.44** | **$516,012.00** | **$27,230.28** |

---

[1] This amount includes sums already paid to Fried Frank as well as the 20% of such fees held back pursuant to the Interim Compensation Order (defined below).

[2] The First Interim Fee Application requested fees in the amount of $460,514.50 and expenses in the amount of $21,286.87. Fried Frank has subsequently agreed with the Fee Committee to reduce the amounts requested by $16,984.00 for professional services and $578.07 in expenses. See Stipulation Between Fried, Frank, Harris, Shriver & Jacobson LLP and the Fee Committee Regarding the First Interim Application for Compensation and Expenses for the Periods March 1, 2011 Through March 31, 2011 and June 1, 2011 Through September 30, 2011 [ECF No. 27727].

## COMPENSATION BY PROFESSIONAL DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Hudson Yards Matter in March 2011 | Total Compensation Requested during Fee Period and for Hudson Yards Matter in March 2011 |
|---|---|---|---|---|
| Meyer Last | Joined firm in 1987 and became a Partner in 1991. Member of NY Bar since 1983. | $995.00 | 3.00 | $2,985.00 |
| Janice Mac Avoy | Joined firm in 1988 and became a Partner in 1996. Member of NY Bar since 1989. | $970.00/ $995.00 | 21.00 | $20,445.00 |
| Jonathan L. Mechanic | Joined firm in 1978 and became a Partner in 1987. Member of NY Bar since 1978. | $995.00/ $1,025.00 | 8.70 | $8,758.50 |
| Adrienne Bernard | Joined firm in 2003 and became Special Counsel in 2003. Member of NY Bar since 1983. | $760.00/ $795.00 | 104.90 | $81,649.00 |
| John A. Borek | Joined firm in 1984 and became Special Counsel in 1997. Member of NY Bar since 1982. | $760.00/ $795.00 | 5.10 | $3,981.00 |
| Nazar Altun | Joined firm as an Associate in 2004. Member of NY Bar since 2005. | $645.00/ $660.00/ $690.00 | 81.00 | $52,942.50 |
| Zachary Bernstein | Joined firm as an Associate in 2008. Member of NY Bar since 2006. | $645.00 | 7.40 | $4,773.00 |
| Ilana Ettinger | Joined firm as an Associate in 2011. Member of NY Bar since 2012. | $395.00 | 14.40 | $5,688.00 |
| Rachel Kravitz | Joined firm as an Associate in 2008. Member of NY Bar since 2009. | $520.00/ $550.00/ $575.00 | 144.20 | $79,104.00 |

---

[3]    The hourly rates of certain Fried Frank attorneys increased on September 1, 2011 and January 1, 2012.

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[3] | Total Hours Billed during Fee Period and for Hudson Yards Matter in March 2011 | Total Compensation Requested during Fee Period and for Hudson Yards Matter in March 2011 |
|---|---|---|---|---|
| Laurinda Martins | Joined firm as an Associate in 2011.  Not admitted in NY.  Member of FL Bar since 2004.  Member of DC Bar since 2010. | $660.00/ $690.00 | 70.80 | $47,877.00 |
| Nicole Naghi | Joined firm as an Associate in 2010.  Member of NY Bar since 2010. | $460.00 | 37.90 | $17,434.00 |
| Robert Sitman | Joined firm as an Associate in 2008.  Member of NY Bar since 2009. | $550.00-$575.00 | 111.90 | $63,342.50 |
| Steven Starr | Joined firm as an Associate in 2011.  Member of NY Bar since 2010. | $460.00 | 1.40 | $644.00 |
| **TOTAL** | | | **611.70** | **$389,623.50** |

**Blended Rate:**[4] **$636.95**

---

[4]    No paraprofessional time was billed to the Debtors during the Fee Period.

4

## COMPENSATION BY PROJECT CATEGORY DURING THE PERIODS FROM (I) MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012

| Matter Description | Lehman Billing Task Code | Total Billed Hours | Total Fees Requested |
|---|---|---|---|
| Hudson Yards | 2300 | 282.50 | $169,045.50 |
| Sandy Springs | 2300 | 189.90 | $117,564.50 |
| Broad Street | 2300 | 93.70 | $73,361.50 |
| 237 Park | 2300 | 45.60 | $29,652.00 |
| **SUBTOTAL** | | **611.70** | **$389,623.50** |
| **Total Fees Requested** | | | **$389,623.50** |

**EXPENSE SUMMARY DURING THE PERIODS FROM (I)
MARCH 1, 2011 THROUGH MARCH 31, 2011, AND
(II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

| Nature of Disbursements | Amount |
|---|---|
| Corporation Service | $3,836.49 |
| Courier Service | $126.65 |
| Court Reporting | $252.00 |
| Data Research - MA | $1,403.88 |
| Data Research - Westlaw | $1,830.62 |
| Duplicating | $516.11 |
| External Duplicating | $76.21 |
| Filing Fees | $101.75 |
| Lexis | $7,198.94 |
| Local Transportation (taxis) | $448.32 |
| Meals | $161.20 |
| Outside Messenger Service | $48.65 |
| Postage | $4.51 |
| Teleconferencing | $78.25 |
| **Total** | **$16,083.58** |

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
  & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone:  (212) 859-8000
Facsimile:  (212) 859-4000

*Special Counsel for the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
                                :

**In re**                       :          **Chapter 11 Case No.**

                                :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :          **08-13555 (JMP)**

                                :

               **Debtors.**         :          **(Jointly Administered)**

                                :

                                :
-------------------------------------------------------------------------x

**SECOND INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF
ACTUAL AND NECESSARY EXPENSES INCURRED FROM (I) MARCH 1, 2011
THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

---

TO: THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), special counsel to Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases (the

"Chapter 11 Cases"), as debtors and debtors in possession (together, the "Debtors" and

collectively with their non-debtor affiliates, "Lehman") under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code"), hereby submits this second interim fee application (the

"Fee Application") for (a) payment of compensation in the amount of $389,623.50 for the

reasonable and necessary legal services rendered by Fried Frank on behalf of the Debtors (the

"<u>Fees</u>") during the period from (i) March 1, 2011 through March 31, 2011,[1] and (ii) October 1,

2011 through March 6, 2012 (the "<u>Fee Period</u>"), and (b) reimbursement in the amount of

$16,083.58 for the actual and necessary expenses incurred and posted (the "<u>Expenses</u>") during

the period covered by this Fee Application.  Fried Frank submits this Fee Application pursuant to

sections 330 and 331 of the Bankruptcy Code and in accordance with (i) the Fourth Amended

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals, dated April 14, 2011 [ECF No. 15997] (the "<u>Interim Compensation Order</u>"), (ii)

the Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business,

dated March 25, 2010 [ECF No. 7822] (the "<u>Amended Ordinary Course Professionals Order</u>"),

(iii) the order of the Court, dated October 5, 2011, pursuant to sections 327(e) and 328 of title 11

of the United States Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local

Rule 2014-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court

for the Southern District of New York, modifying the procedures for compensating and

reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP as special counsel to the Debtors,

effective as of June 1, 2011 [ECF No. 20586] (the "<u>Fried Frank Retention Order</u>")[2], (iv) Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 2016-1

of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>"), (v)

---

[1]    As explained in greater detail below, Fried Frank was engaged as an ordinary course professional starting on May 13, 2010.
In March 2011, Fried Frank exceeded the monthly fee cap for ordinary course professionals and, as such, was required to
file a fee application with respect to such time for March 2011.  Fried Frank was subsequently retained by the Debtors as
special counsel pursuant to Section 327(e) of the Bankruptcy Code and became subject to the Interim Compensation Order
(defined below).  Fried Frank applied for March 2011 fees and expenses related to the Pinnacle matter in the First Interim
Fee Application, but had determined that it was not required to apply for March 2011 fees and expenses related to the
Hudson Yards matter.  After consultation with the Fee Committee and Debtors' counsel, however, Fried Frank subsequently
agreed to apply for the approval and payment of such amounts herein.

[2]    A copy of the Fried Frank Retention Order is attached hereto as **Exhibit A**.

2

the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases, adopted by this Court on November 25, 2009 (the "Amended

Guidelines"), and (vi) the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 (the "UST

Guidelines").  In support of this Fee Application, Fried Frank respectfully states as follows:

## BACKGROUND

1.      On September 15, 2008 and periodically thereafter, LBHI and certain of its

subsidiaries filed with this Court voluntary cases under the Bankruptcy Code.  The Debtors'

Chapter 11 Cases were consolidated for procedural purposes only and are being jointly

administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The Debtors are authorized to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of

New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On May 26, 2009, the Court entered an order appointing a fee committee (the

"Fee Committee") and approving a fee protocol [ECF No. 3651].  On January 24, 2011, the Fee

Committee recommended Richard A. Gitlin as successor independent member to the Fee

Committee, and the Court entered an order appointing Richard A. Gitlin (the "Chair") to the Fee

Committee [ECF No. 14117].

4.      Previously, on October 13, 2008, the Debtors filed a motion (the "Ordinary

Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and

330 of the Bankruptcy Code, to retain, *nunc pro tunc* to their retention dates, professionals

utilized in the ordinary course of business (the "Ordinary Course Professionals") without the

3

submission of separate retention applications and the issuance of separate retention orders for

each individual professional. The Ordinary Course Professional Motion was granted by the

Court by order dated November 5, 2008 and has since been supplemented most recently by the

Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business

(the "Amended Ordinary Course Professionals Order"). The Amended Ordinary Course

Professional Order provides that the Debtors are authorized to supplement their list of Ordinary

Course Professionals from time to time. Accordingly, on June 4, 2010 Fried Frank was retained

*nunc pro tunc* to May 13, 2010 by the Debtors pursuant to the Notice of Fifty-First Supplemental

List of Ordinary Course Professionals.

  5. The Amended Ordinary Course Professionals Order outlines the procedures that

all Ordinary Course Professionals must follow in order to receive compensation and

reimbursement of expenses for services provided to the Debtors. With respect to any Ordinary

Course Professional seeking compensation in excess of $150,000 in any given month, the

Amended Ordinary Course Professionals Order provides, in pertinent part, that "in the event that

an Ordinary Course Professional seeks more than $150,000 per month, that professional will be

required to file a fee application for the full amount of its fees and expenses for that month in

accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local

Bankruptcy Rules for the Southern District of New York, the Fee Guidelines promulgated by the

US Trustee, and any and all orders of the Court."

  6. In addition, the Amended Ordinary Course Professionals Order provides that,

"payment to any one Ordinary Course Professional shall not exceed $1 million for the period

prior to the conversion of, dismissal of, or entry of a confirmation in these Chapter 11 Cases"

4

(the "Chapter 11 Period"), and that "in the event payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such Ordinary Course Professional shall be required to file a retention application to be retained as a professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . ." (the "OCP Cap").

7.      During the periods from May 13, 2010 through February 28, 2011 and April 1, 2011 through May 31, 2011, Fried Frank did not seek more than $150,000 per month in compensation for services rendered and expenses incurred and, pursuant to the Amended Ordinary Course Professional Order, was paid and compensated in the customary manner in accordance with Fried Frank's standard billing practices.

8.      However, in March 2011, the Debtors required an increase in the services that were being performed by Fried Frank in connection with the Pinnacle matter.  These services included, among other things, a UCC foreclosure and auction process.  As a result, Fried Frank sought compensation for services rendered and reimbursement of expenses incurred for March 2011 in excess of the $150,000 cap, and pursuant to the Amended Ordinary Course Professionals Order, received payments for 80% of the services rendered and 100% of the expenses incurred with respect to the Pinnacle matter.  In addition to the Pinnacle Matter, Fried Frank sought compensation for services rendered in the amount of $63,764.00 and reimbursement of expenses in the amount of $4,723.20 relating to the Hudson Yards matter in March 2011.

9.      In June 2011, Fried Frank determined that the aggregate amount of its fees and expenses accrued during the Chapter 11 Cases through the month of June 2011 would result in Fried Frank exceeding the OCP Cap.  Thus, in accordance with the Amended Ordinary Course Professionals Order, on September 15, 2011, the Debtors filed the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of

Bankruptcy Procedure for Authorization to Modify the Procedures for Compensating and Reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP, as Special Counsel to Debtors, Effective as of June 1, 2011 (the "Fried Frank Retention Application").

10.    On October 5, 2011, the Court entered the Fried Frank Retention Order granting the relief sought in the Fried Frank Retention Application.

11.    On December 14, 2011, Fried Frank filed the First Interim Fee Application seeking compensation for services rendered in the amount of $460,514.50 and reimbursement of expenses incurred in the amount of $21,286.87. Fried Frank subsequently agreed with the Fee Committee to reduce such amounts by $16,984.00 for professional services and $578.07 in expenses.[3] While in the First Interim Fee Application, Fried Frank requested compensation for services rendered in the amount of $204,320.50 and reimbursement of expenses incurred in the amount of $18,841.94 relating to the Pinnacle matter during the time period of March 1, 2011 through March 31, 2011, it had determined that it was not required to seek compensation for services rendered and reimbursement of expenses incurred relating to the Hudson Yards matter during the time period of March 1, 2011 through March 31, 2011.[4]

### JURISDICTION AND VENUE

12.    This Court has jurisdiction over the Fee Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

---

[3]    See Stipulation Between Fried, Frank, Harris, Shriver & Jacobson LLP and the Fee Committee Regarding the First Interim Application for Compensation and Expenses for the Periods March 1, 2011 Through March 31, 2011 and June 1, 2011 Through September 30, 2011 [ECF No. 27727].

[4]    While Fried Frank had stated in the First Interim Fee Application that it received payment in full for the services rendered and expenses incurred during March 2011 as an Ordinary Course Professional in the aggregate amount of $69,454.70, upon further review, Fried Frank determined that payment with respect to the Hudson Yards matter from March 1, 2011 through March 31, 2011 had not in fact been received and, after consultation with the Fee Committee and Debtors' counsel, is applying for such amounts herein. Accordingly, by this Fee Application, Fried Frank is seeking Court approval of the fees charged and expenses incurred with respect to the Hudson Yards matter from March 1, 2011 through March 31, 2011.

### COMPLIANCE WITH APPLICABLE ORDERS AND GUIDELINES

13.     This Fee Application has been prepared in compliance with the Interim

Compensation Order, the Amended Ordinary Course Professionals Order, the Fried Frank

Retention Order, the Bankruptcy Rules, the Local Rules, the Amended Guidelines, and the UST

Guidelines.  Pursuant to the Amended Guidelines, a certification regarding compliance is

attached hereto as **Exhibit B**.

### SUMMARY OF APPLICATION

14.     Since its retention by the Debtors, Fried Frank has acted as counsel to the Debtors

and has advised the Debtors with respect to numerous real estate related issues in the Chapter 11

Cases.  As more fully described below, the professional services rendered by Fried Frank during

the period covered by this Fee Application for the Debtors and their subsidiaries relate to various

real estate and litigation matters including, but not limited to, representing the Debtors in

connection with matters involving properties, loans or joint venture interests held by the Debtors

and their subsidiaries.

15.     During the period covered by this Fee Application, the partners, counsel and

associates of Fried Frank devoted 611.70 hours in the rendition of professional services on behalf

of the Debtors.  A schedule setting forth the number of hours expended by each of the partners,

counsel and associates of Fried Frank accompanies this Fee Application as **Exhibit C**.

16.     In addition, Fried Frank is requesting reimbursement of disbursements in the

amount of $16,083.58 for expenses incurred and posted during the period covered by this Fee

Application.  With respect to the disbursements incurred and posted, Fried Frank has eliminated

disbursements that are non-compensable.  A schedule setting forth the categories of expenses for

which Fried Frank is seeking reimbursement and the total amount for each expense category is

attached hereto as **Exhibit D.**

17.    Pursuant to section b.4. of the UST Guidelines, a schedule setting forth a description of the project categories utilized by Fried Frank in the Chapter 11 Cases, the number of hours expended by the partners, counsel and associates of Fried Frank by each Representative Matter, and the aggregate fees associated with each Representative Matter is attached hereto as **Exhibit E**.

18.    There does not exist any agreement or understanding between Fried Frank and any other entity for the sharing of compensation to be received for services rendered in or in connection with the Chapter 11 Cases.

**REASONABLE AND NECESSARY SERVICES RENDERED BY FRIED FRANK**

19.    Set forth below is a description of the services rendered during the period covered by this Fee Application.  The attorneys of Fried Frank maintained daily detailed records of their time concurrently with the rendition of professional services.  To the fullest extent possible, the details of each and every conference, telephone conversation, letter, memorandum, factual investigation, drafting activity and research project that occupied the time of a Fried Frank professional were set forth in such time records.  Accompanying this Fee Application as **Exhibit F** are compilations of the contemporaneous daily time entries recorded by Fried Frank's attorneys during the period covered by this Fee Application.  Those entries describe in full and complete detail the services rendered by each attorney, as corrected to reflect errors that were found in Fried Frank's review.  Accordingly, the following is intended to serve as a summary description of the principal professional services Fried Frank rendered for the Debtors during the period covered by this Fee Application.

8

<u>Hudson Yards (Task Code 2300)</u>:

20.    The Debtors entered into a loan agreement and mortgage with 37-11 Development LLC and 1031 37-11 LLC.  As of December 2008, the loan has been in default. An action to foreclose on the mortgage was brought in December 2010.  During March 2011, Fried Frank spent a considerable amount of time researching and analyzing issues in connection with this defaulted loan and drafting a memorandum of law in support of the Debtors' motion for summary judgment on behalf of the Debtors with respect to the foreclosure of the mortgage on real property owned by 37-11 Development LLC and 1031 37-11 LLC.  The Debtors filed their motion in June 2011.

21.    During the Fee Period, Fried Frank researched and analyzed issues with respect to the preparation of a reply memorandum of law in support of the Debtors' motion for summary judgment.  Fried Frank also spent time preparing for oral argument on the Debtors' motion for summary judgment.  Following the New York State Supreme Court's award of summary judgment in favor of the Debtors, Fried Frank has spent time preparing documents for the Referee who was appointed by the Court to compute the amount due to Debtors under the loan. During the period covered by this Fee Application, Fried Frank professionals devoted 282.50 hours in the rendition of professional services on behalf of the Debtors in connection with the Hudson Yards matter.

<u>Sandy Springs (Task Code 2300)</u>:

22.    Fried Frank served as counsel to the Debtors in connection with the workout of a mortgage loan and the forbearance of the mortgage lender's exercise of its remedies thereunder following a UCC foreclosure of the related mezzanine loan.  Services provided during the Fee Period included the review and negotiation of a forbearance agreement and various ancillary

agreements, review and coordination of title issues, negotiation and drafting of settlement agreements pertaining to mechanic's liens, preparation of organizational documents and resolutions, and attention to related post-foreclosure issues. During the Fee Period, Fried Frank professionals devoted 189.90 hours in the rendition of professional services on behalf of the Debtors in connection with the Sandy Springs matter.

Broad Street (Task Code 2300):

23.    Fried Frank's work on the Broad Street matter during the Fee Period continued to focus on negotiating an access and release agreement with the owner and tenant of 41 Broad Street to obtain access to the building and property located at 41 Broad Street. Access is required to perform work on the adjacent building located at 25 Broad Street. The access and release agreement also sought to obtain the release of all claims by the owner of 41 Broad Street and its tenant relating to the failure of the Debtors to seal and make water-tight the southern wall of 41 Broad Street at the time the building on the 45 Broad Street site was demolished. During the Fee Period, Fried Frank professionals devoted 93.70 hours in the rendition of professional services on behalf of the Debtors in connection with the Broad Street matter.

237 Park (Task Code 2300):

24.    Fried Frank's work on the 237 Park matter during the Fee Period was to review the history of land use approvals and current status of certain features of the building located at 237 Park Avenue, New York, New York, including the atrium, the loading dock, and the building's size and massing. A detailed memorandum summarizing these issues was prepared for the Debtors. During the Fee Period, Fried Frank professionals devoted 45.60 hours in the rendition of professional services on behalf of the Debtors in connection with the 237 Park matter.

**FRIED FRANK'S FEES AND EXPENSES ARE FAIR AND REASONABLE**

25.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

Fried Frank believes that the total fees and expenses for the Fee Period and from March 1, 2011

through March 31, 2011 are fair and reasonable in view of the time spent, the complexity and

intricacy of the proceedings, and the problems and issues encountered.  Notably, Fried Frank has

avoided duplication of efforts and has spent its time economically and efficiently in these

Chapter 11 Cases.  Therefore, in accordance with the factors enumerated in section 330(a)(3) of

the Bankruptcy Code, Fried Frank believes that the compensation sought herein should be

approved.

**APPLICABLE AUTHORITY**

26.     In awarding compensation pursuant to sections 327 and 328 of the Bankruptcy

Code, this Court must take into account the reasonableness of the terms and conditions of

employment.  Section 328(a) of the Bankruptcy Code provides:

>           (a)     The trustee, or a committee appointed under section 1102 of this title, with
> the court's approval, may employ or authorize the employment of a professional
> person under section 327 or 1103 of this title, as the case may be, on any
> reasonable terms and conditions of employment, including on a retainer, on an
> hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.
> Notwithstanding such terms and conditions, the court may allow compensation
> different from the compensation provided under such terms and conditions after
> the conclusion of such employment, if such terms and conditions prove to have
> been improvident in light of developments not capable of being anticipated at the
> time of the fixing of such terms and conditions.

11 U.S.C. § 328(a).

27.     In awarding compensation to professionals pursuant to section 330 of the

Bankruptcy Code, this court must take into account the cost of comparable non-bankruptcy

services, among other factors.  Section 330(a) of the Bankruptcy Code provides in pertinent part:

>           (a) (1)  . . . [T]he court may award to a trustee, . . . an examiner, . . . or a
> professional person employed under section 327 or 1103 –

11

(A)  reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)  reimbursement for actual, necessary expenses.

. . . .

(3)  In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)  the time spent on such services;

(B)  the rates charged for such services;

(C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a).

28.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, Fried Frank respectfully submits that the fees and expenses incurred in the course of rendering professional services are actual, necessary and reasonable, based upon the nature, extent and value of such services, the time spent thereon, and the costs of comparable services in non-bankruptcy cases, so as to best serve the needs of the Debtors' estates.  Fried Frank submits

12

further that the legal services performed herein among partners and associates have been

executed in accordance with the principles outlined above, and moreover, in a manner consistent

with the overall goal of Fried Frank to provide the highest quality of legal representation at a

reasonable cost.  Fried Frank has demonstrated by this Fee Application that the work it has done

on behalf of the Debtors was necessary, reasonable and benefits the Debtors' estates.

29.    This Fee Application clearly reflects (a) the number of hours of recorded time

Fried Frank has devoted to the performance of legal services; (b) the number of hours worked by

each of Fried Frank's professionals and the hourly rate customarily charged by such persons; (c)

a detailed description of the services provided by Fried Frank's professionals during each of

those hours; and (d) the quality and nature of the services provided by each of Fried Frank's

professionals.  Fried Frank submits that its fees and expenses were actual, necessary, reasonable

and justified and therefore, should be allowed in full.

## COMPENSATION REQUESTED

30.    During the period covered by this Fee Application, 611.70 hours were expended

by Fried Frank's partners, counsel and associates in the rendition of Fried Frank's professional

services.

31.    Fried Frank believes that its services were rendered in a highly efficient manner,

by attorneys with high levels of skill in the areas for which they rendered services.  The various

Fried Frank attorneys working on these matters have expended considerable time in connection

with advancing the interests of the Debtors.

32.    For all the foregoing reasons, Fried Frank respectfully requests approval and

allowance of its compensation in the amount of $389,623.50, with an authorization for, and

direction to, the Debtors to disburse such amounts to Fried Frank (to the extent not previously

disbursed).[5] This Fee Application is Fried Frank's second interim fee application for allowance

of fees and disbursements incurred by Fried Frank as special counsel to the Debtors.  An

allowance of compensation in the amount sought in this Fee Application would result in a

blended aggregate average billing rate of approximately $636.95 per hour (based on recorded

hours).  No paraprofessional time was billed to the Debtors during the period covered by this Fee

Application.

## EXPENSES

33.    As noted above, Fried Frank incurred and posted disbursements in the amount of

$16,083.58 for actual and necessary expenses incurred and recorded during the period covered

by this Fee Application.  These disbursements are itemized in **Exhibit D.**

34.    Fried Frank's billing rates do not include components for duplicating, word

processing and other extraordinary charges that may be incurred by particular clients because of

the exigencies of time and volume of demand.  Fried Frank's billing method, whereby only the

clients who use copying, word processing and other office services are charged for such services,

maximizes fairness to all clients.  Fried Frank commenced a review to determine its actual costs

per page for duplicating.  Such review determined that, at the present time, Fried Frank's actual

duplicating costs are $0.12 per page, however, Fried Frank is only seeking reimbursement of

duplicating charges in this Fee Application at the rate of $0.10 per page in accordance with the

guidelines promulgated by the Fee Committee in these Chapter 11 Cases.

35.    Fried Frank's attorneys and other employees who worked late into the evenings

were reimbursed for their reasonable meal costs and their transportation costs home.  Such

---

[5]    After its discussions with the Fee Committee relating to the First Interim Fee Application, Fried Frank revised and clarified
certain time charges and expenses relating to the period covered by this Fee Application, which resulted in a credit of
$261.74.  The amounts that Fried Frank is seeking approval for in this Fee Application reflect this credit.  In addition, Fried
Frank will be crediting the Debtors the amount of $354.00 for certain paraprofessional fees incurred in March 2011 related
to the Pinnacle matter that were subsequently billed to the Debtors in May 2011.

14

transportation costs are necessary expenses because it is a Fried Frank policy to ensure safe transportation for its attorneys and staff after the hours when public transportation cannot be deemed safe. Fried Frank's regular practice is to charge its clients for these and other out-of-pocket disbursements incurred during the regular course of the rendition of services.

36.    Fried Frank made every effort to minimize its disbursements in providing its legal services to the Debtors. The expenses incurred in the rendition of professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors and were billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients.

## NOTICE

37.    No trustee has been appointed in these Chapter 11 Cases. Fried Frank has served notice of this Fee Application in accordance with the Interim Compensation Order on: (i) the U.S. Trustee; (ii) the Chair of the Fee Committee; (iii) the Debtors and their attorneys; and (iv) the attorneys for the Creditors' Committee. Fried Frank submits that no other or further notice need be provided.

## CONCLUSION

38.    Although every effort has been made to include all Fees and Expenses incurred during the period covered by this Fee Application, some Fees and Expenses might not be included in this Fee Application due to delays caused by accounting processing procedures. Fried Frank reserves the right to make further application to this Court for allowance of such Fees and Expenses not included herein. Subsequent fee applications will be filed in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, the Amended Ordinary Course Professionals Order and the Fried Frank Retention Order.

39.     For the reasons set forth above, Fried Frank respectfully submits that the professional services rendered and disbursements incurred and posted on behalf of the Debtors were of substantial benefit to the Debtors and their creditors.  Fried Frank submits further that it provided such services in an economical and efficient manner.  Accordingly, Fried Frank respectfully requests that the relief requested in this Fee Application be granted in full.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

WHEREFORE, Fried Frank requests that it be allowed and paid interim compensation for its Fees and Expenses in the total amount of $405,707.08 consisting of (a) $389,623.50 for reasonable and necessary professional services rendered by Fried Frank, and (b) $16,083.58 for actual and necessary Expenses incurred on behalf of the Debtors.  Fried Frank further requests that the total amount of $405,707.08 be paid as an administrative expense of the Debtors' estates.

Dated: New York, New York
      May 21, 2012

                    FRIED, FRANK, HARRIS, SHRIVER
                      & JACOBSON LLP

                    By:   /s/ Bonnie Steingart
                          Bonnie Steingart

                    One New York Plaza
                    New York, New York 10004
                    Telephone:  212.859.8000
                    Facsimile:  212.859.4000

                    *Special Counsel for the Debtors and*
                    *Debtors in Possession*

**Exhibit A**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
                                                    :
In re                                               :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :    **08-13555 (JMP)**
                                                    :
                        **Debtors.**                :    **(Jointly Administered)**
                                                    :
--------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP, AS SPECIAL COUNSEL TO DEBTORS, EFFECTIVE AS OF JUNE 1, 2011

Upon consideration of the application, dated September 15, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11

cases, as debtors in possession (collectively, the "Debtors"), pursuant to section 327(e) of title 11

of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the procedures for

compensating and reimbursing Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank")

as special counsel to the Debtors, effective as of June 1, 2011; and upon the declaration of

Janice Mac Avoy (the "Mac Avoy Declaration"), annexed as Exhibit A to the Application; and

the Court being satisfied, based on the representations made in the Application and the Mac

Avoy Declaration, that Fried Frank does not represent or hold any interest adverse to the

Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under

section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having

determined that Fried Frank is eligible for employment as special counsel to the Debtors; and

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

the Court having jurisdiction to consider the Application and the relief requested therein in

accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to

Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11,

dated July 10, 1984 (Ward, Acting C.J.); and the Court having determined that consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided in accordance with the

procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635], to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service;

(v) the United States Attorney for the Southern District of New York; (vi) Fried Frank and

(vii) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief sought in the Application is in the best interests of the Debtors, their estates and their

creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the

employment and retention of Fried Frank as special counsel to the Debtors is hereby authorized

and approved on the terms set forth in the Application and this Order, for the Representative

Matters identified in the Application and in accordance with Fried Frank's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Fried Frank shall, solely with respect to fees and expenses to be paid to Fried Frank in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 15997], the Court's Order Amending the Fee Protocol [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.


Dated: New York, New York
        October 5, 2011

                                    _s/ James M. Peck_____
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

3

**Exhibit B**

Bonnie Steingart, Esq.
FRIED, FRANK, HARRIS, SHRIVER
 & JACOBSON LLP
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8000
Facsimile:  (212) 859-4000

*Special Counsel for the Debtors and Debtors in
Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

-------------------------------------------------------------------------x

**CERTIFICATION OF RESPONSIBLE PROFESSIONAL WITH RESPECT TO SECOND
INTERIM FEE APPLICATION OF FRIED, FRANK, HARRIS, SHRIVER &
JACOBSON LLP, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN
POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION FOR
PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL
AND NECESSARY EXPENSES INCURRED FROM (I) MARCH 1, 2011 THROUGH
MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy

Court for the Southern District of New York on November 25, 2009 (the "Amended

Guidelines") and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "UST

Guidelines"), the undersigned, a member of the firm of Fried, Frank, Harris, Shriver &

Jacobson LLP ("Fried Frank"), counsel to Lehman Brothers Holdings Inc. ("LBHI") and its

affiliated debtors in the above-captioned cases (the "Chapter 11 Cases") under chapter 11 of title

11 of the United States Code, as debtors and debtors in possession (together, the "Debtors" and

collectively with their non-debtor affiliates, "Lehman"), as the professional designated by Fried

Frank with responsibility for compliance with the Amended Guidelines, hereby states, with

respect to Fried Frank's second interim fee application (the "Fee Application") for (a) allowance

and payment of compensation in the amount of $389,623.50 for the reasonable and necessary

legal services rendered by Fried Frank on behalf of the Debtors during the period covered by the

Fee Application, and (b) reimbursement in the amount of $16,083.58 for the actual and necessary

expenses incurred and posted during the period covered by the Fee Application,[1] as follows:

    1.    In accordance with Section A.1. of the Amended Guidelines, I certify that

        A.    I have read the Fee Application;

        B.    to the best of my knowledge, information and belief (formed after reasonable inquiry), the fees and disbursements sought by Fried Frank fall within the Amended Guidelines and the UST Guidelines and, except as may be specifically noted in this certification the fees and disbursements sought by Fried Frank are billed at rates and in accordance with practices customarily employed by Fried Frank and generally accepted by Fried Frank's clients; and

        C.    in providing a reimbursable service, Fried Frank does not make a profit on that service, whether the service is performed by Fried Frank in-house or through a third party.

    2.    In accordance with Section A.2 of the Amended Guidelines, I certify that Fried

Frank has provided monthly statements of Fried Frank's fees and disbursements by serving

monthly statements in compliance with (i) the Fourth Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated

April 14, 2011 [ECF No. 15997] (the "Interim Compensation Order"), (ii) the Amended Order

---

[1]    Fried Frank reserves the right to make further application to this Court for allowance of fees and expenses not included in any prior fee statement or interim fee application as a result of delays caused by accounting processing procedures.

Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code Authorizing the Debtors

to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010

[ECF No. 7822] (the "Amended Ordinary Course Professionals Order"), (iii) the order of the

Court, dated October 5, 2011, pursuant to sections 327(e) and 328 of title 11 of the United States

Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 of the

Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the Southern

District of New York, modifying the procedures for compensating and reimbursing Fried,

Frank, Harris, Shriver & Jacobson LLP as special counsel to the Debtors, effective as of June 1,

2011 [ECF No. 20586] (the "Fried Frank Retention Order"), and (iv) Rule 2016 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "Local Rules").

      3.     In accordance with Section A.3 of the Amended Guidelines, I certify that notice

of the Fee Application has been provided to: (a) the Debtors; (b) the Office of the United States

Trustee for the Southern District of New York; (c) counsel to the Official Committee of

Unsecured Creditors; and (d) the chairman of the Fee Committee (as defined in the Interim

Compensation Order).

      4.     Pursuant to the Amended Guidelines, Fried Frank does not charge for daytime

meals unless the individual is participating, during the meal, in a necessary meeting regarding the

Chapter 11 Cases.  Fried Frank expense reporting forms and computer categories do not put into

separate categories meals that were chargeable because the Fried Frank professional was

working overtime, on the one hand, or because the meal was consumed at a working meeting, on

the other.  While technically it would be possible to manually review every expense reporting

form for every professional who had worked on the case during the period covered by the Fee

Application to ascertain the place, type of meal, and participants at each meal for which reimbursement is sought, this would be an extremely burdensome and expensive undertaking. Thus, Fried Frank cannot practicably segregate the expense incurred with respect to overtime meals and meals consumed at a working meeting.

5.    Consistent with the Amended Guidelines, Fried Frank has made every effort to minimize its use of local transportation and relies on mass transit whenever possible.  Fried Frank's expense reporting forms and computer categories do not separately categorize expenses for radio car or taxi rides that were chargeable because the Fried Frank professional was working overtime, on the one hand, or because the professional was going to or coming from a meeting, on the other.  While it would be technically possible (although very expensive) to manually review all of the radio car vouchers to ascertain the time, origin, and destination of the trip, even this would be especially impracticable with respect to trips in taxicabs for which the fare was paid in cash.  Thus, Fried Frank cannot practicably segregate the expense incurred with respect to transportation after working overtime and with respect to local transportation.  For this reason, all chargeable transportation expenses have been placed in the same category.

Dated: New York, New York
       May 21, 2012

                              FRIED, FRANK, HARRIS, SHRIVER
                                & JACOBSON LLP

                              By:   /s/ Bonnie Steingart
                                    Bonnie Steingart

                              One New York Plaza
                              New York, New York 10004
                              Telephone:  212.859.8000
                              Facsimile:  212.859.4000

                              *Special Counsel for the Debtors and
                              Debtors in Possession*

**Exhibit C**

**COMPENSATION BY PROFESSIONAL DURING THE PERIODS FROM (I)
MARCH 1, 2011 THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH
MARCH 6, 2012**

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[1] | Total Hours Billed during Fee Period and for Hudson Yards Matter in March 2011 | Total Compensation Requested during Fee Period and for Hudson Yards Matter in March 2011 |
|---|---|---|---|---|
| Meyer Last | Joined firm in 1987 and became a Partner in 1991.  Member of NY Bar since 1983. | $995.00 | 3.00 | $2,985.00 |
| Janice Mac Avoy | Joined firm in 1988 and became a Partner in 1996.  Member of NY Bar since 1989. | $970.00/ $995.00 | 21.00 | $20,445.00 |
| Jonathan L. Mechanic | Joined firm in 1978 and became a Partner in 1987.  Member of NY Bar since 1978. | $995.00/ $1,025.00 | 8.70 | $8,758.50 |
| Adrienne Bernard | Joined firm in 2003 and became Special Counsel in 2003.  Member of NY Bar since 1983. | $760.00/ $795.00 | 104.90 | $81,649.00 |
| John A. Borek | Joined firm in 1984 and became Special Counsel in 1997.  Member of NY Bar since 1982. | $760.00/ $795.00 | 5.10 | $3,981.00 |
| Nazar Altun | Joined firm as an Associate in 2004.  Member of NY Bar since 2005. | $645.00/ $660.00/ $690.00 | 81.00 | $52,942.50 |
| Zachary Bernstein | Joined firm as an Associate in 2008.  Member of NY Bar since 2006. | $645.00 | 7.40 | $4,773.00 |
| Ilana Ettinger | Joined firm as an Associate in 2011.  Member of NY Bar since 2012. | $395.00 | 14.40 | $5,688.00 |
| Rachel Kravitz | Joined firm as an Associate in 2008.  Member of NY Bar since 2009. | $520.00/ $550.00/ $575.00 | 144.20 | $79,104.00 |

---

[1]    The hourly rates of certain Fried Frank attorneys increased on September 1, 2011 and January 1, 2012.

| Name of Professional Individual | Position, year assumed position, prior relevant experience, year of obtaining relevant license to practice | Hourly Billing Rate during Fee Period[1] | Total Hours Billed during Fee Period and for Hudson Yards Matter in March 2011 | Total Compensation Requested during Fee Period and for Hudson Yards Matter in March 2011 |
|---|---|---|---|---|
| Laurinda Martins | Joined firm as an Associate in 2011.  Not admitted in NY.  Member of FL Bar since 2004.  Member of DC Bar since 2010. | $660.00/ $690.00 | 70.80 | $47,877.00 |
| Nicole Naghi | Joined firm as an Associate in 2010.  Member of NY Bar since 2010. | $460.00 | 37.90 | $17,434.00 |
| Robert Sitman | Joined firm as an Associate in 2008.  Member of NY Bar since 2009. | $550.00-$575.00 | 111.90 | $63,342.50 |
| Steven Starr | Joined firm as an Associate in 2011.  Member of NY Bar since 2010. | $460.00 | 1.40 | $644.00 |
| **TOTAL** | | | **611.70** | **$389,623.50** |

**Blended Rate:**[2] **$636.95**

---

[2]    No paraprofessional time was billed to the Debtors during the Fee Period.

**Exhibit D**

**EXPENSE SUMMARY DURING THE PERIODS FROM (I) MARCH 1, 2011
THROUGH MARCH 31, 2011, AND (II) OCTOBER 1, 2011 THROUGH
MARCH 6, 2012**

| Nature of Disbursements | Amount |
|---|---:|
| Corporation Service | $3,836.49 |
| Courier Service | $126.65 |
| Court Reporting | $252.00 |
| Data Research - MA | $1,403.88 |
| Data Research - Westlaw | $1,830.62 |
| Duplicating | $516.11 |
| External Duplicating | $76.21 |
| Filing Fees | $101.75 |
| Lexis | $7,198.94 |
| Local Transportation (taxis) | $448.32 |
| Meals | $161.20 |
| Outside Messenger Service | $48.65 |
| Postage | $4.51 |
| Teleconferencing | $78.25 |
| **Total** | **$16,083.58** |

**Exhibit E**

HUDSON YARDS

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 18.20 | $17,729.00 |
| **Total Partners** | **18.20** | **$17,729.00** |

| Counsels | | |
|---|---|---|
| Borek, J. | 5.10 | $3,981.00 |
| **Total Counsels** | **5.10** | **$3,981.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Altun, N. | 81.00 | $52,942.50 |
| Kravitz, R. | 140.30 | $76,959.00 |
| Naghi, N. | 37.90 | $17,434.00 |
| **Total Associates** | **259.20** | **$147,335.50** |
| **CUMULATIVE TOTALS** | **282.50** | **$169,045.50** |

SANDY SPRINGS

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mac Avoy, J. | 2.80 | $2,716.00 |
| Last, M. | 3.00 | $2,985.00 |
| **Total Partners** | **5.80** | **$5,701.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Martins, L. | 70.80 | $47,877.00 |
| Sitman, R. | 111.90 | $63,342.50 |
| Starr, S. | 1.40 | $644.00 |
| **Total Associates** | **184.10** | **$111,863.50** |
| **CUMULATIVE TOTALS** | **189.90** | **$117,564.50** |

BROAD STREET

| Partners | HOURS | TOTAL FEES |
|---|---|---|
| Mechanic, J. | 8.70 | $8,758.50 |
| **Total Partners** | **8.70** | **$8,758.50** |

| Counsels | HOURS | TOTAL FEES |
|---|---|---|
| Bernard, A. | 73.70 | $57,685.00 |
| **Total Counsels** | **73.70** | **$57,685.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Bernstein, Z. | 7.40 | $4,773.00 |
| Kravitz, R. | 3.90 | $2,145.00 |
| **Total Associates** | **11.30** | **$6,918.00** |
| **CUMULATIVE TOTALS** | **93.70** | **$73,361.50** |

237 PARK

| Counsels | HOURS | TOTAL FEES |
|---|---|---|
| Bernard, A. | 31.20 | $23,964.00 |
| **Total Counsels** | **31.20** | **$23,964.00** |

| Associates | HOURS | TOTAL FEES |
|---|---|---|
| Ettinger, I. | 14.40 | $5,688.00 |
| **Total Associates** | **14.40** | **$5,688.00** |

| **CUMULATIVE TOTALS** | **45.60** | **$29,652.00** |
|---|---|---|

# Exhibit F

8521023

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**    **Lehman**
**Matter:**    **Hudson Yards**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 3.10 | 3,007.00 |
| John A. Borek | Spec Counsel | 0.20 | 152.00 |
| Nazar Altun | Associate | 39.30 | 25,348.50 |
| Rachel Kravitz | Associate | 30.70 | 15,964.00 |
| Nicole Naghi | Associate | 37.90 | 17,434.00 |
| | Totals | 111.20 | 61,905.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/02/11 | Janice Mac Avoy | Communication with client and borrower re: case status. | 0.20 | 194.00 |
| 03/11/11 | Janice Mac Avoy | Review answers filed with court and communication with client re: same. | 0.50 | 485.00 |
| 03/14/11 | Janice Mac Avoy | Office conferences with team regarding strategy for summary judgment motion (.2); conference call with client regarding same (.3). | 0.50 | 485.00 |
| 03/14/11 | Rachel Kravitz | Discuss drafting points of summary judgment motion w/ N. Naghi (.4); call w/ client re: answers and summary judgment motion (.3). | 0.70 | 364.00 |
| 03/14/11 | Nicole Naghi | Conf. with R. Kravitz re: strategy for summary judgment motion (.4); conference call with client re: same (.3). | 0.70 | 322.00 |
| 03/15/11 | Janice Mac Avoy | Communications with team regarding strategy for summary judgment motion. | 0.40 | 388.00 |
| 03/15/11 | Nicole Naghi | Research and prepare initial draft of motion for partial summary judgment. | 5.90 | 2,714.00 |
| 03/16/11 | Nicole Naghi | Draft and revise summary judgment motion. | 3.50 | 1,610.00 |
| 03/17/11 | Nicole Naghi | Draft Brusco affidavit (4.3); case research for summary judgment motion (2.0). | 6.30 | 2,898.00 |
| 03/18/11 | Rachel Kravitz | Review and revise draft motion for summary judgment. | 4.00 | 2,080.00 |
| 03/18/11 | Nicole Naghi | Draft affidavit of regularity for Janice Mac Avoy. | 3.80 | 1,748.00 |
| 03/20/11 | Rachel Kravitz | Review draft of motion for summary judgment and provide comments to N. Naghi (2.0); review cases cited in same (1.6). | 3.60 | 1,872.00 |
| 03/20/11 | Nicole Naghi | Revise memorandum of law for partial summary judgment based on comments received. | 1.80 | 828.00 |
| 03/21/11 | John A. Borek | O/c with R. Kravitz re: summary judgment motion procedure. | 0.10 | 76.00 |
| 03/21/11 | Nazar Altun | Communications with R. Kravitz re: foreclosure summary judgment (.3); review draft memorandum of law in support of partial summary judgment motion (3.5). | 3.80 | 2,451.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
|---------|--------|
| Matter: | Hudson Yards |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/21/11 | Rachel Kravitz | Review summary judgment motion and related affidavits. | 2.80 | 1,456.00 |
| 03/21/11 | Nicole Naghi | Revise affidavits and memorandum of law in support of summary judgment motion (3.1); draft related notice of motion (.5). | 3.60 | 1,656.00 |
| 03/22/11 | Nazar Altun | Review and comment on summary judgment brief (4.1); communications with N. Naghi, R. Kravitz and J. Mac Avoy re: same (.4). | 4.50 | 2,902.50 |
| 03/22/11 | Rachel Kravitz | Review and revise drafts of summary judgment motion and related memorandum of law (3.2); discuss w/ N. Altun (.3). | 3.50 | 1,820.00 |
| 03/22/11 | Nicole Naghi | Review and revise notice of summary judgment motion. | 0.20 | 92.00 |
| 03/23/11 | Nazar Altun | Review and revise draft of summary judgment motion. | 3.60 | 2,322.00 |
| 03/23/11 | Nicole Naghi | Review and revise summary judgment motion and ancillary documents. | 2.80 | 1,288.00 |
| 03/24/11 | Janice Mac Avoy | Review and revise summary judgment brief. | 0.70 | 679.00 |
| 03/24/11 | John A. Borek | O/c with R. Kravitz re: summary judgment brief procedure. | 0.10 | 76.00 |
| 03/24/11 | Nazar Altun | Review revised summary judgment memorandum of law (1.2); review case law to supplement brief (2.3); review draft Brusco affidavit (.8); communications w/ J. Mac Avoy and R. Kravitz re: summary judgment brief (.2). | 4.50 | 2,902.50 |
| 03/24/11 | Rachel Kravitz | Review and revise summary judgment brief (3.6); revise related affidavits (1.9); t/c with N. Altun re: same (.1); o/c with J. Borek re: same (.1). | 5.70 | 2,964.00 |
| 03/24/11 | Nicole Naghi | Revise affidavit of R. Brusco. | 0.50 | 230.00 |
| 03/25/11 | Nazar Altun | Review draft summary judgment brief and related affidavits (3.4); review of case law cited in summary judgment brief (3.2); communications with R. Kravitz and N. Naghi re: same (.2). | 6.80 | 4,386.00 |
| 03/25/11 | Rachel Kravitz | Revise draft summary judgment brief (4.7); discuss research of same w/ N. Naghi (.2); discuss draft w/ N. Altun (.1). | 5.00 | 2,600.00 |
| 03/25/11 | Nicole Naghi | Research affirmative defense argument waiver and estoppel (4.2); revise affidavit in support of summary judgment motion (2.6); communications with R. Kravitz re: same (.2). | 7.00 | 3,220.00 |
| 03/26/11 | Nazar Altun | Review and revise draft summary judgment memorandum of law (3.1); communications with R. Kravitz re: same (.1); review of case law cited in summary judgment memorandum of law (1.9). | 5.10 | 3,289.50 |
| 03/27/11 | Nicole Naghi | Revise Brusco Affidavit. | 0.80 | 368.00 |
| 03/28/11 | Nazar Altun | Communications with R. Kravitz, J. Mac Avoy, N. Naghi re: summary judgment brief (.3); review summary judgment memorandum of law (5.8); call with counsel for Robert Marx re: guaranty (.2). | 6.30 | 4,063.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Hudson Yards |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 03/28/11 | Rachel Kravitz | Revise draft summary judgment motion and Brusco affidavit. | 3.10 | 1,612.00 |
| 03/28/11 | Nicole Naghi | Review draft of summary judgment motion (.6); draft request for judicial intervention (.4). | 1.00 | 460.00 |
| 03/29/11 | Janice Mac Avoy | Review summary judgment motion (.5); communication to client regarding Robert Marx guaranty issue (.3). | 0.80 | 776.00 |
| 03/29/11 | Nazar Altun | Review and revise draft summary judgment brief (3.1); communications with J. Mac Avoy and R. Kravitz re: same (.2); email to R. Brusco re: same (.3); review of case law cited in summary judgment brief (.6). | 4.20 | 2,709.00 |
| 03/29/11 | Rachel Kravitz | Revise drafts of motion for summary judgment and Brusco affidavit (2.0); draft email to client (.1); discuss issues w/ N. Altun and J. Mac Avoy re: same (.2). | 2.30 | 1,196.00 |
| 03/31/11 | Nazar Altun | T/cs with client re: summary judgment motion and Robert Marx guranty issue (.3); communications with J. Mac Avoy and R. Kravitz re: same (.2). | 0.50 | 322.50 |
| | | Total: | 111.20 | 61,905.50 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Lexis | 1,591.52 |
| Data Research - MA | 1,287.61 |
| Data Research - Westlaw | 1,830.62 |
| Total: | 4,709.75 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                                      Page 1

**Client:**     **Lehman**
**Matter:**     **Hudson Yards**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 2.10 | 2,037.00 |
| Nazar Altun | Associate | 29.70 | 19,602.00 |
| Rachel Kravitz | Associate | 56.00 | 30,800.00 |
| | Totals | 87.80 | 52,439.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 10/12/11 | Rachel Kravitz | Review opposition brief (.5); draft email to client summarizing opposition brief (.9). | 1.40 | 770.00 |
| 10/13/11 | Rachel Kravitz | Review filing by 1031 Borrower defendant. | 0.30 | 165.00 |
| 10/18/11 | Janice Mac Avoy | Office communication with N. Altun re: summary judgment opposition. | 0.40 | 388.00 |
| 10/18/11 | Nazar Altun | Reviewed defendants' opposition papers and communcations with J. Mac Avoy and R. Kravitz re: same (1.0); review of case law (1.0). | 2.00 | 1,320.00 |
| 10/18/11 | Rachel Kravitz | Review opposition papers (3.3); review and analyze cases cited in opposition papers (3.0). | 6.30 | 3,465.00 |
| 10/19/11 | Rachel Kravitz | Review and analyze cases in opposition brief. | 4.20 | 2,310.00 |
| 10/20/11 | Nazar Altun | Communications with R. Kravitz re: summary judgment reply brief. | 0.50 | 330.00 |
| 10/20/11 | Rachel Kravitz | Draft outline for reply brief. | 6.10 | 3,355.00 |
| 10/21/11 | Rachel Kravitz | Draft outline for reply brief (6.0); research for reply brief (3.0). | 9.00 | 4,950.00 |
| 10/23/11 | Rachel Kravitz | Draft reply brief preliminary statement (.7); draft estoppel section of brief (1.2); draft waiver section of brief (.4). | 2.30 | 1,265.00 |
| 10/24/11 | Janice Mac Avoy | Office communication with team re: case law in reply brief. | 0.40 | 388.00 |
| 10/24/11 | Rachel Kravitz | Draft reply brief for summary judgment motion (2.9); draft estoppel section (1.3); research case law on estoppels and waiver (1.4); review defendant's cases (.7). | 6.30 | 3,465.00 |
| 10/25/11 | Nazar Altun | Communications with Rachel Kravitz regarding summary judgment reply brief. | 0.80 | 528.00 |
| 10/25/11 | Nazar Altun | Review of first draft of Reply Brief. | 0.90 | 594.00 |
| 10/25/11 | Rachel Kravitz | Draft reply motion for summary judgment (.4); draft section on prima facie foreclosure (.8); draft sections on default and affirmative defenses (3.1). | 4.30 | 2,365.00 |
| 10/26/11 | Nazar Altun | Draft preliminary statement and statement of facts for reply brief (2.4); review of factual records re: same (.6). | 3.00 | 1,980.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Hudson Yards

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 10/26/11 | Rachel Kravitz | Research multiple estoppel issues (4.2); incorporate research into brief (3.8). | 8.00 | 4,400.00 |
| 10/27/11 | Nazar Altun | Review of case law cited in reply brief (3.5); draft argument sections of brief (4.7). | 8.20 | 5,412.00 |
| 10/27/11 | Nazar Altun | Communications with R. Kravitz regarding the reply brief. | 2.00 | 1,320.00 |
| 10/27/11 | Rachel Kravitz | Review and revise sections of reply brief w/ N. Altun (2.0); research open issues for reply brief (1.6). | 3.60 | 1,980.00 |
| 10/28/11 | Nazar Altun | Review and revise summary judgment reply brief. | 6.20 | 4,092.00 |
| 10/30/11 | Janice Mac Avoy | Review and revise summary judgment reply brief. | 1.30 | 1,261.00 |
| 10/30/11 | Nazar Altun | Revise argument section of reply brief (4.0); communications with R. Kravitz re: same (.2). | 4.20 | 2,772.00 |
| 10/31/11 | Nazar Altun | Communications with R. Kravitz and J. Mac Avoy regarding summary judgment reply brief. | 0.90 | 594.00 |
| 10/31/11 | Nazar Altun | Review of reply brief | 1.00 | 660.00 |
| 10/31/11 | Rachel Kravitz | Revise reply brief as per J. Mac Avoy's comments (2.2); research for reply brief (2.0). | 4.20 | 2,310.00 |
| | | Total: | 87.80 | 52,439.00 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Duplicating | 112.20 |
| Lexis | 2,942.10 |
| Data Research - MA | 14.86 |
| Total: | 3,069.16 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Sandy Springs

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 2.10 | 2,037.00 |
| Laurinda Martins | Associate | 14.10 | 9,306.00 |
| Robert J. Sitman | Associate | 23.90 | 13,145.00 |
| | Totals | 40.10 | 24,488.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 10/04/11 | Robert J. Sitman | Reviewed forbearance agreement term sheet and forbearance agreement (2.0); reviewed and distributed various senior loan documents to client (0.7). | 2.70 | 1,485.00 |
| 10/05/11 | Robert J. Sitman | Reviewed and marked-up forbearance agreement (2.5), reviewed underlying loan documents in connection therewith (1.0), correspondence with L. Martins in connection therewith (0.3) | 3.80 | 2,090.00 |
| 10/07/11 | Laurinda Martins | Discuss forbearance agreement with R. Sitman. | 0.30 | 198.00 |
| 10/07/11 | Robert J. Sitman | Reviewed forbearance agreement (0.5), meeting with L. Martins re: same (0.3) | 0.80 | 440.00 |
| 10/10/11 | Laurinda Martins | Reviewing LNR Agreement (2.7); emails to client re: same (.2). | 2.90 | 1,914.00 |
| 10/10/11 | Robert J. Sitman | Reviewed senior mortgage and prepared summary of reps and covenants for L. Martins (2.0); reviewed intercreditor agreement and prepared summary of foreclosure requirements for L. Martins (.8). | 2.80 | 1,540.00 |
| 10/11/11 | Janice Mac Avoy | Telephone communication with L. Martins re: forbearance agreement. | 0.30 | 291.00 |
| 10/11/11 | Laurinda Martins | Draft issues list re: forbearance agreement (1.5); t/c with client re same (1.0). | 2.50 | 1,650.00 |
| 10/11/11 | Robert J. Sitman | Reviewed and revised forbearance agreement (3.3); call with client in connection therewith (1.0); prepared summary of major issues set forth therein (1.5); reviewed and abstracted loan documents (2.0) | 7.80 | 4,290.00 |
| 10/12/11 | Laurinda Martins | CC with client re forbearance agreement (.5); review backstop and prepare comments thereto (.5) | 1.00 | 660.00 |
| 10/12/11 | Robert J. Sitman | Call with client re: Forbearance Agreement (0.6); prepared issues list for property manager (0.4); revisions to and review of Forbearance Agreement (1.2). | 2.20 | 1,210.00 |
| 10/14/11 | Janice Mac Avoy | Reviewing forbearance agreement. | 0.50 | 485.00 |
| 10/14/11 | Laurinda Martins | Review and revise forbearance agreement | 1.00 | 660.00 |
| 10/14/11 | Robert J. Sitman | Revisions to forbearance agreement (0.4); correspondence with L. Martins re: same (0.3). | 0.70 | 385.00 |
| 10/15/11 | Janice Mac Avoy | Communication with client re: indemnity. | 0.20 | 194.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Sandy Springs |

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|------|-----------|-------------|-------|--------|
| 10/17/11 | Janice Mac Avoy | Telephone communication with L. Martins re: forbearance agreement. | 0.20 | 194.00 |
| 10/17/11 | Laurinda Martins | Emails with client re: forbearance agreement (.3); TC with client re open issues re: forbearance agreement (.4); TC with LNR's counsel re: forbearance agreement (.4). | 1.10 | 726.00 |
| 10/17/11 | Robert J. Sitman | Review forbearance agreement mark-up (0.3); call with LNR's counsel re: same (0.4); call with client re: same (0.4). | 1.10 | 605.00 |
| 10/18/11 | Janice Mac Avoy | Telephone communication with L. Martins re: forbearance agreement/backstop indemnity (.2); cc with client re: same (.5). | 0.70 | 679.00 |
| 10/18/11 | Laurinda Martins | CC with client re: forbearance/backstop indemnity; TC with C.DeMartino re: same. | 0.90 | 594.00 |
| 10/18/11 | Robert J. Sitman | Call with client, L. Martins and J. Mac Avoy re: forbearance agreement. | 0.50 | 275.00 |
| 10/19/11 | Laurinda Martins | Review emails from client re: backstop indemnity. | 0.20 | 132.00 |
| 10/19/11 | Robert J. Sitman | Reviewed backstop indemnity and client comments thereto (0.4); call with Lyon's counsel re: same (0.4). | 0.80 | 440.00 |
| 10/20/11 | Laurinda Martins | Emails with lender's counsel and with client regarding forbearance agreement. | 0.30 | 198.00 |
| 10/20/11 | Robert J. Sitman | Prepared summary of certain SPE provisions (0.5); correspondence with client and L. Martins in connection therewith (0.2). | 0.70 | 385.00 |
| 10/24/11 | Janice Mac Avoy | Telephone communication with L. Martins re: forbearance agreement. | 0.20 | 194.00 |
| 10/24/11 | Laurinda Martins | Emails with client regarding Forbearance Agreement and corrective documents (.5); TC with client re status (.4); TC to Lender's counsel re same (.1) | 1.00 | 660.00 |
| 10/25/11 | Laurinda Martins | TCs with client re open issues on forbearance agreement (.9); TC with Lender's counsel re same (.3); review emails from client re: same (.2). | 1.40 | 924.00 |
| 10/26/11 | Laurinda Martins | TC with client re open issues on forbearance agreement (.3); emails to client re: same (.2) | 0.50 | 330.00 |
| 10/27/11 | Laurinda Martins | Emails from lender's counsel and emails to client re: status of forbearance agreement. | 0.30 | 198.00 |
| 10/31/11 | Laurinda Martins | CC with client re: forbearance agreement (.4); TC with Lender's counsel re: same (.2); review emails from client re: same (.1) | 0.70 | 462.00 |
| | | Total: | 40.10 | 24,488.00 |

**Fried, Frank, Harris, Shriver & Jacobson LLP**

**Client:**     **Lehman**
**Matter:**    **Sandy Springs**


## Disbursement Summary

| Description | Amount |
|---|---|
| Meals | 35.70 |
| Local Transportation (Taxis) | 32.19 |
| Teleconferencing | 14.17 |
| Total: | 82.06 |

**Client:**   **Lehman**
**Matter:**   **Broad Street**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Adrienne Bernard | Spec Counsel | | 3.00 | 2,280.00 |
| Zachary Bernstein | Associate | | 3.90 | 2,515.50 |
| | | Totals | 6.90 | 4,795.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 10/03/11 | Zachary Bernstein | Review correspondence regarding site safety plan and access to 41 Broad Street. | 0.10 | 64.50 |
| 10/21/11 | Adrienne Bernard | Conference call with Team regarding settlement proposal. | 1.00 | 760.00 |
| 10/25/11 | Zachary Bernstein | Review settlement memorandum and court petition regarding access to 41 Broad Street. | 1.00 | 645.00 |
| 10/26/11 | Adrienne Bernard | Conference call with Team regarding settlement proposal. | 1.00 | 760.00 |
| 10/26/11 | Zachary Bernstein | Review RPAPL petition and zoning lot development agreement (.8); Teleconference with receivers, LCOR, and client regarding negotiation with Stroock for access to 41 Broad Street (1.0). | 1.80 | 1,161.00 |
| 10/28/11 | Adrienne Bernard | Review Skaller/Jacobs memorandum regarding response to 41 Broad settlement proposal (.4); mark up and comment on same (.6). | 1.00 | 760.00 |
| 10/28/11 | Zachary Bernstein | Review response to Stroock regarding RPAPL proceeding. | 0.80 | 516.00 |
| 10/31/11 | Zachary Bernstein | Review correspondence regarding response to Stroock with respect to RPAPL proceeding. | 0.20 | 129.00 |
| | | Total: | 6.90 | 4,795.50 |

## Disbursement Summary

| Description | | Amount |
|-------------|---|--------|
| Teleconferencing | | 32.92 |
| | Total: | 32.92 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** **Lehman**
**Matter:** **237 Park**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Adrienne Bernard | Spec Counsel | | 1.60 | 1,216.00 |
| | | Totals | 1.60 | 1,216.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 10/28/11 | Adrienne Bernard | Conference call with Monday Properties and Lehman regarding zoning questions and proposed work. | 0.50 | 380.00 |
| 10/31/11 | Adrienne Bernard | Review prior zoning memorandum and plans. | 1.10 | 836.00 |
| | | Total: | 1.60 | 1,216.00 |

## Disbursement Summary

| Description | | Amount |
|-------------|---|--------|
| Duplicating | | 10.10 |
| | Total: | 10.10 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** **Lehman**
**Matter:** **Hudson Yards**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 0.60 | 582.00 |
| John A. Borek | Spec Counsel | 1.10 | 836.00 |
| Nazar Altun | Associate | 5.50 | 3,630.00 |
| Rachel Kravitz | Associate | 12.10 | 6,655.00 |
| | Totals | 19.30 | 11,703.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 11/02/11 | John A. Borek | Conference with R. Kravitz re: reply brief. | 0.20 | 152.00 |
| 11/02/11 | Nazar Altun | Edited summary judgement reply brief. | 3.20 | 2,112.00 |
| 11/02/11 | Rachel Kravitz | Review and revise reply brief. | 2.90 | 1,595.00 |
| 11/03/11 | Rachel Kravitz | Revise reply brief. | 1.10 | 605.00 |
| 11/06/11 | Rachel Kravitz | Review and revise reply brief. | 1.70 | 935.00 |
| 11/07/11 | John A. Borek | Review and revise draft memo of law. | 0.50 | 380.00 |
| 11/07/11 | Nazar Altun | Finalized summary judgment reply brief for filing (2.0); communications with J. Mac Avoy and R. Kravitz re: same (0.3) | 2.30 | 1,518.00 |
| 11/07/11 | Rachel Kravitz | Revise summary judgment brief (5.0); attention to issues regarding filing and service of brief (1.4). | 6.40 | 3,520.00 |
| 11/22/11 | Janice Mac Avoy | Communication with Borrower's counsel and client re: current status. | 0.20 | 194.00 |
| 11/23/11 | John A. Borek | Respond to N. Altun email re: rescheduling summary judgment hearing. | 0.20 | 152.00 |
| 11/28/11 | Janice Mac Avoy | Telephone communication with client re: potential settlement (.2); telephone communication with Borrower re: same (.2). | 0.40 | 388.00 |
| 11/28/11 | John A. Borek | Respond to R. Kravitz email re: rescheduling summary judgment hearing. | 0.20 | 152.00 |
| | | Total: | 19.30 | 11,703.00 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Duplicating | 85.15 |
| Postage | 1.88 |
| Local Transportation (Taxis) | 272.54 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Hudson Yards

| Description | Amount |
| --- | --- |
| Lexis | 2,333.25 |
| Data Research - MA | 14.15 |
| Courier Service | 61.02 |
| Total: | 2,767.99 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Sandy Springs

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 0.40 | 388.00 |
| Laurinda Martins | Associate | 6.60 | 4,356.00 |
| Robert J. Sitman | Associate | 5.30 | 2,915.00 |
| | Totals | 12.30 | 7,659.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 11/01/11 | Janice Mac Avoy | Revising Critter Capture settlement agreement. | 0.40 | 388.00 |
| 11/01/11 | Laurinda Martins | Revise settlement agreement (.6); emails to J. Mac Avoy re: same (.2); TC with Lender's counsel re: same (.2). | 1.00 | 660.00 |
| 11/01/11 | Robert J. Sitman | Reviewed critter capture settlement agreement. | 0.40 | 220.00 |
| 11/02/11 | Laurinda Martins | Discuss corrective assignments with client (.3); TC with LNR's counsel re: same (.2); emails re same (.2); review settlement agreement and prepare comments (.4); email with local counsel re same (.1). | 1.20 | 792.00 |
| 11/03/11 | Laurinda Martins | Reviewed settlement agreement. | 0.30 | 198.00 |
| 11/03/11 | Robert J. Sitman | Reviewed and commented on Critter Capture Settlement Agreement. | 0.30 | 165.00 |
| 11/07/11 | Laurinda Martins | Review and revise settlement agreement. | 0.60 | 396.00 |
| 11/07/11 | Robert J. Sitman | Reviewed and revised Critter Capture settlement agreement. | 0.50 | 275.00 |
| 11/14/11 | Laurinda Martins | Review email from Lender's counsel and draft email to client re: Forbearance Agreement. | 0.20 | 132.00 |
| 11/14/11 | Robert J. Sitman | Review lender re-draft of forbearance agreement (.5); prepare issues list in connection therewith (1.5). | 2.00 | 1,100.00 |
| 11/15/11 | Robert J. Sitman | Revisions to forbearance agreement issues list. | 0.60 | 330.00 |
| 11/21/11 | Laurinda Martins | Review Forberrance Agreement (.5); prepare issues list re: same (.5). | 1.00 | 660.00 |
| 11/22/11 | Laurinda Martins | TC with client re forbearance agreement (.4); TC with Lender's counsel re: same (.6); follow up TCs with client re: same (.5). | 1.50 | 990.00 |
| 11/28/11 | Robert J. Sitman | Reviewed issues lists (.4); prepared issues list for discussion with lender's counsel (.6). | 1.00 | 550.00 |
| 11/30/11 | Laurinda Martins | Draft and reply to emails with Lender's counsel and with the client regarding forbearance agreement (.6); exchange of emails with client re same (.2). | 0.80 | 528.00 |
| 11/30/11 | Robert J. Sitman | Summarized events of default provision of senior mortgage. | 0.50 | 275.00 |
| | | Total: | 12.30 | 7,659.00 |

**Fried, Frank, Harris, Shriver & Jacobson LLP**

**Client:**    **Lehman**
**Matter:**    **Sandy Springs**

## Disbursement Summary

| Description | Amount |
|---|---|
| Local Transportation (Taxis) | 64.38 |
| Total: | 64.38 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**     **Lehman**
**Matter:**     **Broad Street**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Jonathan L. Mechanic | Partner | 1.60 | 1,592.00 |
| Adrienne Bernard | Spec Counsel | 1.60 | 1,216.00 |
| Zachary Bernstein | Associate | 3.20 | 2,064.00 |
| Rachel Kravitz | Associate | 3.90 | 2,145.00 |
| | Totals | 10.30 | 7,017.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 11/02/11 | Zachary Bernstein | Correspondence with B. Boyd regarding order to show cause with respect to foreclosure action. | 0.30 | 193.50 |
| 11/02/11 | Rachel Kravitz | Review order to show cause and emails re: same. | 1.20 | 660.00 |
| 11/03/11 | Adrienne Bernard | Conference call with team regarding settlement proposal. | 0.60 | 456.00 |
| 11/03/11 | Zachary Bernstein | Review motion to intervene in foreclosure (.4); Teleconference and correspondence with J. Palmer and J. Halperin regarding same (.3); Preparation and teleconference with clients and outside counsel regarding same (.8). | 1.50 | 967.50 |
| 11/03/11 | Rachel Kravitz | Review documents related to order to show cause (2.5); discuss matter w/ Z. Bernstein (.2). | 2.70 | 1,485.00 |
| 11/08/11 | Adrienne Bernard | Prepare comments on 25 Broad settlement memorandum (.7); emails with client regarding same and adjournment of order to show cause (.3). | 1.00 | 760.00 |
| 11/08/11 | Zachary Bernstein | Review correspondence regarding order to show cause with respect to 41 Broad Street. | 0.60 | 387.00 |
| 11/09/11 | Zachary Bernstein | Review correspondence regarding order to show cause with respect to 41 Broad Street. | 0.40 | 258.00 |
| 11/10/11 | Zachary Bernstein | Review correspondence from B. Boyd regarding court proceedings. | 0.10 | 64.50 |
| 11/15/11 | Zachary Bernstein | Review correspondence from bankruptcy counsel and counsel for receivers regarding order to show cause by 41 Broad Street owner. | 0.30 | 193.50 |
| 11/21/11 | Jonathan L. Mechanic | Telephone conference with Lenny Boxer re: construction date (.3); telephone conference with Joelle Halperin re: same (.2). | 0.50 | 497.50 |
| 11/22/11 | Jonathan L. Mechanic | Telephone conversation with Joelle Halperin re: construction date (.2); telephone conversation with Lenny Boxer re: same (.1). | 0.30 | 298.50 |
| 11/29/11 | Jonathan L. Mechanic | Telephone conversation with Lenny Boxer re: construction date (.2); telephone conversation with Joelle Halperin re: same (.2). | 0.40 | 398.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| | |
|---|---|
| Client: | **Lehman** |
| Matter: | **Broad Street** |

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 11/30/11 | Jonathan L. Mechanic | Telephone conversation with Joelle Halperin re: construction date (.2); telephone conversation with Lenny Boxer re: same (.2). | 0.40 | 398.00 |
| | | Total: | 10.30 | 7,017.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

Client:      **Lehman**
Matter:      **237 Park**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Adrienne Bernard | Spec Counsel | 8.20 | 6,232.00 |
| Ilana Ettinger | Associate | 8.50 | 3,357.50 |
| | Totals | 16.70 | 9,589.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 11/01/11 | Adrienne Bernard | Site visit with A. Cleary (1.5); review zoning memorandum provided by client (.3); conference with I. Ettinger regarding review of Board of Standards and Appeals files and research regarding cancellation of restrictive declaration (1.1); retrieve and review City map regarding Depew Place (.3); review and email to client regarding public space listing of atrium (.6). | 3.80 | 2,888.00 |
| 11/01/11 | Ilana Ettinger | Conference with A. Bernard re: Board of Standards and Appeals variance and restrictive declaration. | 1.10 | 434.50 |
| 11/01/11 | Ilana Ettinger | Board of Standards and Appeals research (.2); call to Board of Standards and Appeals to locate variance (.1). | 0.30 | 118.50 |
| 11/03/11 | Adrienne Bernard | Telephone conference with Westreich regarding project and Max capital files. | 0.20 | 152.00 |
| 11/04/11 | Ilana Ettinger | Researching Automated City Register Information System for cancellation of restrictive declaration on the property. | 0.50 | 197.50 |
| 11/07/11 | Adrienne Bernard | Conference with I. Ettinger regarding review of Max Capital first termination of restrictive declaration (.4); telephone conference with Kohn Pedersen Fox regarding substitution of office for retail and vice versa (.7). | 1.10 | 836.00 |
| 11/07/11 | Ilana Ettinger | Research re: termination of restrictive declaration on Automated City Register Information System. | 0.60 | 237.00 |
| 11/07/11 | Ilana Ettinger | Call to Board of Standards and Appeals to follow up on status of document request. | 0.20 | 79.00 |
| 11/07/11 | Ilana Ettinger | Conference with A. Bernard re: Max Capital first termination of restrictive declaration. | 0.40 | 158.00 |
| 11/07/11 | Ilana Ettinger | Research re: internal records from previous transactions on the property. | 0.40 | 158.00 |
| 11/07/11 | Ilana Ettinger | Researching property boundary. | 0.50 | 197.50 |
| 11/09/11 | Adrienne Bernard | Conference with I. Ettinger regarding easement for loading dock and termination of restrictive declaration. | 0.50 | 380.00 |
| 11/09/11 | Ilana Ettinger | Reviewing internal records for information about the restrictive declaration. | 0.90 | 355.50 |
| 11/09/11 | Ilana Ettinger | Discussion with A. Bernard re: easements. | 0.10 | 39.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
|---|---|
| Matter: | 237 Park |

| Date | Timekeeper | Description | Hours | Amount |
|---|---|---|---|---|
| 11/09/11 | Ilana Ettinger | Conference with A. Bernard re: Restrictive Declaration. | 0.50 | 197.50 |
| 11/09/11 | Ilana Ettinger | Research and analyze easements. | 2.20 | 869.00 |
| 11/11/11 | Adrienne Bernard | Email to I. Ettinger regarding art work in atrium. | 0.10 | 76.00 |
| 11/11/11 | Ilana Ettinger | Reviewing documents for references to issues relating to the atrium space. | 0.40 | 158.00 |
| 11/15/11 | Adrienne Bernard | Email regarding art work in atrium (.1); review meeting minutes (.3). | 0.40 | 304.00 |
| 11/18/11 | Ilana Ettinger | Call to Board of Standards and Appeals re: status of order for plans. | 0.10 | 39.50 |
| 11/23/11 | Adrienne Bernard | Multiple telephone conferences with Board of Standards and Appeals regarding retrieval of file. | 0.30 | 228.00 |
| 11/23/11 | Ilana Ettinger | Call to Board of Standards and Appeals re: status of order for plans. | 0.30 | 118.50 |
| 11/30/11 | Adrienne Bernard | Prepare for and attend meeting with Kohn Pedersen Fox and Monday Properties regarding zoning issues. | 1.80 | 1,368.00 |
| | | Total: | 16.70 | 9,589.50 |

## Disbursement Summary

| Description | Amount |
|---|---|
| Duplicating | 12.60 |
| External Duplicating | 76.21 |
| Total: | 88.81 |

Fried, Frank, Harris, Shriver & Jacobson LLP

Client:      **Lehman**
Matter:      **Hudson Yards**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 9.40 | 9,118.00 |
| John A. Borek | Spec Counsel | 0.80 | 608.00 |
| Nazar Altun | Associate | 4.10 | 2,706.00 |
| Rachel Kravitz | Associate | 12.90 | 7,095.00 |
| | Totals | 27.20 | 19,527.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 12/01/11 | Rachel Kravitz | Preparations for oral arguments (1.3); revise oral argument outline (1.4). | 2.70 | 1,485.00 |
| 12/02/11 | Rachel Kravitz | Review and revise oral argument outline. | 2.70 | 1,485.00 |
| 12/04/11 | Janice Mac Avoy | Preparations for oral argument. | 1.20 | 1,164.00 |
| 12/05/11 | Janice Mac Avoy | Communication with client and L. Sklar re: settlement (.3); prepare for oral argument (1.3). | 1.60 | 1,552.00 |
| 12/08/11 | Janice Mac Avoy | Prepare for oral argument. | 3.40 | 3,298.00 |
| 12/08/11 | Rachel Kravitz | Preparation of materials for oral argument. | 0.80 | 440.00 |
| 12/09/11 | Janice Mac Avoy | Prepare for oral argument (.5); review summary judgment motion (2.1). | 2.60 | 2,522.00 |
| 12/09/11 | Nazar Altun | Preparations for oral argument (1.0); oral argument re: Summary Judgement Motion (2.3); communications with J. Mac Avoy and R. Kravitz re: oral argument issues (.3) | 3.60 | 2,376.00 |
| 12/09/11 | Rachel Kravitz | Oral argument before Judge Fried. | 2.50 | 1,375.00 |
| 12/15/11 | Janice Mac Avoy | Communication with client and L. Sklaw re: settlement. | 0.20 | 194.00 |
| 12/21/11 | Janice Mac Avoy | Review judge's decision (.2); communicate with counsel re: same (.2). | 0.40 | 388.00 |
| 12/21/11 | John A. Borek | Conf. with R. Kravitz re: necessary filings related to summary judgment foreclosure decision. | 0.40 | 304.00 |
| 12/21/11 | Rachel Kravitz | Review decisions granting summary judgment of foreclosure (.4); draft proposed order (1.6); discuss necessary filings to settle order with J. Borek (.4). | 2.40 | 1,320.00 |
| 12/22/11 | John A. Borek | Review draft order (.2); respond to R. Kravitz emails re: same (.2). | 0.40 | 304.00 |
| 12/22/11 | Nazar Altun | Communications with Rachel Kravitz re: summary judgment decision follow up. | 0.50 | 330.00 |
| 12/22/11 | Rachel Kravitz | Draft proposed order for grant of summary judgment (1.5); draft notice of settlement (.3). | 1.80 | 990.00 |
| | | Total: | 27.20 | 19,527.00 |

**Fried, Frank, Harris, Shriver & Jacobson LLP**

Client:        **Lehman**
Matter:        **Hudson Yards**

## Disbursement Summary

| Description | Amount |
| --- | --- |
| Duplicating | 201.30 |
| Local Transportation (Taxis) | 20.00 |
| Court Reporting | 252.00 |
| Lexis | 54.44 |
| Data Research - MA | 14.15 |
| Total: | 541.89 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Sandy Springs

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 0.30 | 291.00 |
| Laurinda Martins | Associate | 11.80 | 7,788.00 |
| Robert J. Sitman | Associate | 10.80 | 5,940.00 |
| Steven Starr | Associate | 1.40 | 644.00 |
| | Totals | 24.30 | 14,663.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 12/02/11 | Laurinda Martins | TC with client re open issues on the forbearance agreement (.3); email to Lender's counsel re: same (.2). | 0.50 | 330.00 |
| 12/12/11 | Robert J. Sitman | Drafted LLC Agreement of Sandy Springs Holdings LLC (0.4); reviewed precedent (0.2) and Lehman entity information sheet (0.2). | 0.80 | 440.00 |
| 12/13/11 | Laurinda Martins | TC with Lender's counsel re: guarantor issue. | 0.20 | 132.00 |
| 12/15/11 | Janice Mac Avoy | Communication with team re: research re: automatic stay/bankruptcy waiver. | 0.30 | 291.00 |
| 12/15/11 | Laurinda Martins | Revise letter re: financials and forbearance agreement (3.9); review emails from Lender's counsel re: corrective assignments (.5). | 4.40 | 2,904.00 |
| 12/15/11 | Robert J. Sitman | Reviewed and revised L. Martins mark-up to forbearance agreement (.7) and cover letter re: guarantor (.3); email correspondence with L. Martins and J. Mac Avoy re: same (.3). | 1.30 | 715.00 |
| 12/15/11 | Steven Starr | Research re waiver of automatic stay in Georgia. | 1.40 | 644.00 |
| 12/16/11 | Laurinda Martins | Review emails with client re: guarantor and comments to the forbearance agreement. | 0.80 | 528.00 |
| 12/19/11 | Laurinda Martins | Review emails re: client comments to forbearance agreement (.3); CC with client re same (.4); revise forbearance agreement (.5); review and discuss corrective documents (.9); TC to Lender's counsel re same (.3); emails with client re: same (.2); TC with Client re replacement guarantor (.2); Review comments to letter agreement (.2) | 3.00 | 1,980.00 |
| 12/19/11 | Robert J. Sitman | Call with client re: forbearance agreement (0.4); revisions thereto and distribution thereof (0.5); reviewed corrective assignments and prepared summary thereof for L. Martins (2.6); call with lender's counsel re: corrective assignments (0.3); correspondence with L. Martins and M. Barker re: corrective assignments (0.4). | 4.20 | 2,310.00 |
| 12/22/11 | Laurinda Martins | Revise letter re: guarantor. | 0.30 | 198.00 |
| 12/23/11 | Robert J. Sitman | Review assignment/correction documentation. | 1.00 | 550.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** **Lehman**
**Matter:** **Sandy Springs**

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 12/27/11 | Laurinda Martins | Review emails with client re: guarantor letter and corrective assignments. | 0.20 | 132.00 |
| 12/27/11 | Robert J. Sitman | Reviewed corrective assignment documents (1.0) and prepared summary of issues relating thereto (1.2). | 2.20 | 1,210.00 |
| 12/28/11 | Laurinda Martins | Discuss guarantor letter with client (.2); revise same (.2); review emails re: same (.1); discuss corrective assignments (.2); emails with Lender's counsel re: same (.1). | 0.80 | 528.00 |
| 12/29/11 | Laurinda Martins | TC with Lender's counsel re: corrective assignments. | 0.30 | 198.00 |
| 12/29/11 | Robert J. Sitman | Reviewed forbearance agreement mark-up (1.0); call with LNR's counsel and L. Martins re: corrective assignments (.3). | 1.30 | 715.00 |
| 12/30/11 | Laurinda Martins | Review forbearance agreement (.3); TC with Lender's counsel re comments to same (.6); follow up emails with client re: same (.4). | 1.30 | 858.00 |
| | | Total: | 24.30 | 14,663.00 |

## Disbursement Summary

| <u>Description</u> | <u>Amount</u> |
|---|---|
| Corporation Service | 106.86 |
| Teleconferencing | 8.24 |
| Total: | 115.10 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| | |
|---|---|
| Client: | **Lehman** |
| Matter: | **Broad Street** |

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Jonathan L. Mechanic | Partner | 3.70 | 3,681.50 |
| Adrienne Bernard | Spec Counsel | 21.30 | 16,188.00 |
| Zachary Bernstein | Associate | 0.30 | 193.50 |
| | Totals | 25.30 | 20,063.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 12/01/11 | Jonathan L. Mechanic | Telephone conversation with L. Boxer re: open issues on license (.2); telephone conversation with J. Halperin re: same (.2). | 0.40 | 398.00 |
| 12/02/11 | Jonathan L. Mechanic | Telephone conferences with Lenny Boxer and Joelle Halperin regarding proposed settlement (.5); telephone conferences regarding postponing bankruptcy court motion (.5). | 1.00 | 995.00 |
| 12/06/11 | Adrienne Bernard | Incorporation of settlement terms into license agreement. | 0.80 | 608.00 |
| 12/09/11 | Adrienne Bernard | Telephone conference with D. Degenshein regarding open issues on license agreement (.3); review release agreement and settlement emails (2.0). | 2.30 | 1,748.00 |
| 12/09/11 | Zachary Bernstein | Teleconferences with A. Bernard, D. Degenshein regarding settlement discussions. | 0.30 | 193.50 |
| 12/12/11 | Adrienne Bernard | Review correspondence regarding open issues related to license agreement (.6); send license agreement to team (.2). | 0.80 | 608.00 |
| 12/13/11 | Adrienne Bernard | Site visit to 41 Broad (.5); conference with D. Degenshein regarding open issues related to license agreement (.5). | 1.00 | 760.00 |
| 12/14/11 | Jonathan L. Mechanic | Meeting to resolve open issues on wall repair and Local Law 11. | 2.00 | 1,990.00 |
| 12/14/11 | Jonathan L. Mechanic | Telephone conference with Joelle Halperin re: license agreement. | 0.30 | 298.50 |
| 12/14/11 | Adrienne Bernard | All hands meeting with 41 Broad owner, 25 Broad receiver and client to resolve open issues on license/settlement agreement (2.0); revise draft agreement to incorporate agreements (4.5). | 6.50 | 4,940.00 |
| 12/15/11 | Adrienne Bernard | Revise license agreement (4.5); email to client regarding same (.5); telephone conference with D. Degenshein (.2) and email J. Halperin regarding adjournment of response in bankruptcy proceedings (.3). | 5.50 | 4,180.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Broad Street |

| Date | Timekeeper | Description | Hours | Amount |
|-------|------------|-------------|-------|--------|
| 12/16/11 | Adrienne Bernard | Revise agreement to respond to J. Halperin comments (.2); telephone conference with J. Halperin regarding same (2.0). | 2.20 | 1,672.00 |
| 12/19/11 | Adrienne Bernard | Further revise agreement to respond to Martinelli & Palmer comments (1.8); email agreement to D. Degenshein (.1). | 1.90 | 1,444.00 |
| 12/20/11 | Adrienne Bernard | Telephone conference with D. Degenshein regarding open issues for license agreement. | 0.30 | 228.00 |
| | | Total: | 25.30 | 20,063.00 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Duplicating | 0.36 |
| Meals | 113.25 |
| Total: | 113.61 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** **Lehman**
**Matter:** **237 Park**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|--|-------|--------|
| Adrienne Bernard | Spec Counsel | | 14.20 | 10,792.00 |
| Ilana Ettinger | Associate | | 5.90 | 2,330.50 |
| | | Totals | 20.10 | 13,122.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 12/01/11 | Adrienne Bernard | Multiple telephone conferences with I. Ettinger regarding Board of Standards and Appeals file (.2); telephone conference with A. Cleary regarding 230 Park easement (.1). | 0.30 | 228.00 |
| 12/01/11 | Ilana Ettinger | Calls to Board of Standards and Appeals re: files. | 0.20 | 79.00 |
| 12/01/11 | Ilana Ettinger | Call to A. Bernard re: files from Board of Standards and Appeals. | 0.20 | 79.00 |
| 12/01/11 | Ilana Ettinger | Retrieve and verify case file from Board of Standards and Appeals. | 2.60 | 1,027.00 |
| 12/02/11 | Adrienne Bernard | Review easement for 230 Park loading dock and emergency egress. | 1.00 | 760.00 |
| 12/02/11 | Ilana Ettinger | Reviewing case file from Board of Standards and Appeals. | 1.60 | 632.00 |
| 12/05/11 | Adrienne Bernard | Review Board of Standards and Appeals plans and Board of Standards and Appeals file documents (.9); email to client group regarding same (.4). | 1.30 | 988.00 |
| 12/05/11 | Ilana Ettinger | Reviewing easement agreements (.9); meeting with A. Bernard re: same (.4). | 1.30 | 513.50 |
| 12/09/11 | Adrienne Bernard | Review loading dock easement. | 0.50 | 380.00 |
| 12/12/11 | Adrienne Bernard | Attend team meeting regarding due diligence for proposed alterations. | 1.50 | 1,140.00 |
| 12/13/11 | Adrienne Bernard | Draft memorandum regarding zoning due diligence issues. | 5.60 | 4,256.00 |
| 12/14/11 | Adrienne Bernard | Revise zoning memorandum (.6); telephone conference with A. Cleary regarding same (.2); emails with A. Cleary and M. Santiago regarding same (.2). | 1.00 | 760.00 |
| 12/15/11 | Adrienne Bernard | Prepare exhibits to zoning memorandum (1.1); revise memorandum (.4). | 1.50 | 1,140.00 |
| 12/19/11 | Adrienne Bernard | Final revision of zoning memorandum. | 0.30 | 228.00 |
| 12/20/11 | Adrienne Bernard | Prepare final version of memorandum for delivery to Kohn Pedersen Fox (.9); telephone conference with A. Cleary regarding same (.1). | 1.00 | 760.00 |
| 12/21/11 | Adrienne Bernard | Revise Kohn Pedersen Fox Table of Contents and Exhibit schedule for memorandum. | 0.20 | 152.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**  **Lehman**
**Matter:**  **237 Park**

| Date | Timekeeper | Description | | Hours | Amount |
|------|-----------|-------------|------|-------|--------|
| | | | Total: | 20.10 | 13,122.50 |

## Disbursement Summary

| Description | | Amount |
|-------------|------|--------|
| Outside Messenger Service | | 34.75 |
| Duplicating | | 46.30 |
| Filing Fees | | 101.75 |
| | Total: | 182.80 |

Fried, Frank, Harris, Shriver & Jacobson LLP                                          Page 1

| Client: | Lehman |
| Matter: | Hudson Yards |

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 2.30 | 2,288.50 |
| John A. Borek | Spec Counsel | 1.90 | 1,510.50 |
| Nazar Altun | Associate | 1.20 | 828.00 |
| Rachel Kravitz | Associate | 0.90 | 517.50 |
| | Totals | 6.30 | 5,144.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/03/12 | John A. Borek | Review and revise draft notice of settlement and proposed order. | 0.50 | 397.50 |
| 01/05/12 | John A. Borek | Review and revise draft order (1.2); confs with R. Kravitz re: same (.2). | 1.40 | 1,113.00 |
| 01/05/12 | Rachel Kravitz | Revise proposed order and notice of settlement. | 0.90 | 517.50 |
| 01/06/12 | Janice Mac Avoy | Review summary judgment order. | 0.20 | 199.00 |
| 01/10/12 | Janice Mac Avoy | Communication with team and client regarding property access. | 2.10 | 2,089.50 |
| 01/10/12 | Nazar Altun | Advised client as to right to access property (.2); research as to same (.8); communications with Janice Mac Avoy re: same (.2) | 1.20 | 828.00 |
| | | Total: | 6.30 | 5,144.50 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Duplicating | 4.70 |
| Postage | 1.08 |
| Local Transportation (Taxis) | 5.00 |
| Total: | 10.78 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**   **Lehman**
**Matter:**   **Sandy Springs**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Laurinda Martins | Associate | | 38.30 | 26,427.00 |
| Robert J. Sitman | Associate | | 52.40 | 30,130.00 |
| | | Totals | 90.70 | 56,557.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/03/12 | Laurinda Martins | Coordinate delivery of guarantor financials (.4); review confidentiality letter (.5); coordinate due diligence deliverables (.4). | 1.30 | 897.00 |
| 01/03/12 | Robert J. Sitman | Reviewed and coordinated title and lien searches (0.7); internal correspondence with L. Martins re: open issues re: forbearance (0.4); reviewed underlying loan provisions, per client request (0.4). | 1.50 | 862.50 |
| 01/04/12 | Laurinda Martins | Review open issues and emails with client re closing deliverables (.6); tc with client re open issues re: forbearance (.5). | 1.10 | 759.00 |
| 01/04/12 | Robert J. Sitman | Call with client re: open issues/action items re: forbearance (0.5); follow-up re: open issues/action items (0.5); prepared summary of recourse provisions and financial covenants (0.8); reviewed loan documents re: cure periods (0.4); research/correspondence with local/tax counsel re: assignment of LLC interests (0.8); coordinated diligence (0.6). | 3.60 | 2,070.00 |
| 01/05/12 | Laurinda Martins | Coordinate deliverables (.6); emails with client re guarantor financials (.3). | 0.90 | 621.00 |
| 01/05/12 | Robert J. Sitman | Revisions to LLC Agreement (0.3); prepared draft of Assignment of LLC Interests (0.7). | 1.00 | 575.00 |
| 01/06/12 | Laurinda Martins | Emails with Lender's counsel re corrective assignments (.2); emails with client re LOC (.2); emails with client re guarantor financials (.2); TC with client re same (.3). | 0.90 | 621.00 |
| 01/06/12 | Robert J. Sitman | Reviewed guarantor financials letter for L. Martins. | 0.30 | 172.50 |
| 01/09/12 | Laurinda Martins | Coordinate deliverables (.3); review emails with R. Sitman re: title issues (.2); review title report and lien searches (.6). | 1.10 | 759.00 |
| 01/09/12 | Robert J. Sitman | Reviewed updated title report (1.0) and prepared summary of issues contained therein (0.5); reviewed revised forbearance agreement (0.5); distribution of diligence materials to LNR counsel (0.5). | 2.50 | 1,437.50 |
| 01/10/12 | Laurinda Martins | Review loan documents (.4); review FB Agreement (.7); CC with client re same (1.0). | 2.10 | 1,449.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Sandy Springs |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/10/12 | Robert J. Sitman | Call with client and L. Martins re: Forbearance Agreement (1.0); reviewed underlying loan documents (0.8); various distributions in connection therewith (0.5). | 2.30 | 1,322.50 |
| 01/11/12 | Laurinda Martins | Coordinate deliverables (.4); TC with B.Cooper re opinion letter (.5). | 0.90 | 621.00 |
| 01/11/12 | Robert J. Sitman | Drafted resolutions (1.5); correspondence with, and distribution of documents to, local counsel (0.5); correspondence with Lender's counsel re: diligence deliverables (0.2). | 2.20 | 1,265.00 |
| 01/12/12 | Laurinda Martins | Revise Forbearance Agreement. | 1.50 | 1,035.00 |
| 01/13/12 | Laurinda Martins | Review emails with clients and R. Sitman re: diligence deliverables (.3); discuss open issues re: forbearance agreement with R. Sitman (.4); review Forbearance Agreement (.7); revise loan documents (1.0); TC with Lender's counsel re: open issues on forbearance agreement (.3); TCs with client re: open issues on forbearance agreement and corrective assignment documents (.4). | 3.10 | 2,139.00 |
| 01/13/12 | Robert J. Sitman | Prepared resolutions, certificates and assignment documentation (2.0); email correspondence with L. Martins and client re: forbearance agreement (0.4); revised and distributed forbearance agreement (0.5). | 2.90 | 1,667.50 |
| 01/17/12 | Laurinda Martins | Review revised draft of legal opinion (.4); review loan documents and prepare comments (1.7); coordinate diligence items (.5); TCs with client re: open issues on forbearance agreement, ancillary loan documents and corrective assignment documents (.8); review emails with client and R. Sitman re status and open items re: forbearance agreement (.5). | 3.90 | 2,691.00 |
| 01/17/12 | Robert J. Sitman | Reviewed enforceability opinion (0.4); revised and distributed closing checklist (0.3); correspondence with L. Martins re: transaction status (0.2); revisions to resolutions, assignment and intercreditor certificate (1.5); reviewed revised corrective assignment documents (0.4); reviewed guaranty and termination of guaranty (0.6); various document distributions to client and LNR's counsel (0.4). | 3.80 | 2,185.00 |
| 01/18/12 | Laurinda Martins | Review and discuss organizational documents with client and R. Sitman (.7); coordinate misc deliverables (.5); discuss lien issue with M. Rios (.3). | 1.50 | 1,035.00 |
| 01/18/12 | Robert J. Sitman | Reviewed/commented on revised loan documents (1.5); calls with client and L. Martins re: title issues, document status; forbearance agreement issues (1.0); revisions to organizational documents and correspondence relating thereto (1.3). | 3.80 | 2,185.00 |
| 01/19/12 | Laurinda Martins | Review loan document and prepare comments (1.2); coordinate open/pending items (.3); TC with lender's counsel re: open issues on forbearance agreement (.3); review comments to the assignment of management agreement (.3); TC with M.Rios re same (.4). | 2.50 | 1,725.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Sandy Springs |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/19/12 | Robert J. Sitman | Revisions to loan documents and organizational documents (4.0), calls with client and lender's counsel re: forbearance agreement (.7); prepared delivery of corrective assignment documents (.7); | 5.40 | 3,105.00 |
| 01/20/12 | Laurinda Martins | Coordinate deliverables (.4); emails with R. Sitman and Lender's counsel re: status of transaction (.6); TC with client re: diligence deliverables and letter of credit (.4); TC with lender's counsel re: letter of credit (.2). | 1.60 | 1,104.00 |
| 01/20/12 | Robert J. Sitman | Reviewed co-lender agreement (0.4), prepared and circulated organizational chart and various internal organizational docs (0.2); correpsondence with L. Martins and LNR's counsel re: status of transaction (0.2). | 0.80 | 460.00 |
| 01/23/12 | Laurinda Martins | Review revised forbearance documents (2.5); TC with client re same (.5); review corrective assignments and underlying documents (.7); Discuss DACA and other open issues with client (.8). | 4.20 | 2,898.00 |
| 01/23/12 | Robert J. Sitman | Drafted, revised and reviewed resolutions and organization documents of various entities (1.2), calls with client re: same (0.5); revisions to loan documents and distribution thereof (1.0); call with client re: forbearance agreement (0.4); reviewed forbearance agreement mark-up (0.3), prepared and distributed issues list re: forbearance agreement (0.4); prepared form title affidavit (0.5). | 4.30 | 2,472.50 |
| 01/24/12 | Laurinda Martins | Prepare comments to forbearance documents (1.0); TCs with client re open issues re: forbearance (.7); coordinate opinion and other closing deliverables (.6). | 2.30 | 1,587.00 |
| 01/24/12 | Robert J. Sitman | Revisions to assignment agreement and resolutions (0.6); correspondence with client re: same (0.4); reviewed and commented on revised loan documents (1.0); reviewed LNR comments to opinion (0.5); call with client re: corrective assignment documentation (0.3). | 2.80 | 1,610.00 |
| 01/25/12 | Laurinda Martins | Emails with client and local counsel re: diligence deliverables (.3); coordinate closing deliverables (.3); TC with client re financial's and signatures (.4). | 1.00 | 690.00 |
| 01/25/12 | Robert J. Sitman | Coordinated good standing certificates with client and local counsel (0.4); prepared and distributed mark-ups to forbearance agreement and subordination of management agreement (1.2); correspondence with L. Martins and client re: signatures (0.4). | 2.00 | 1,150.00 |
| 01/26/12 | Laurinda Martins | Coordinate closing deliverables (.3); revised loan documents (.9); TCs with client re same (.5). | 1.70 | 1,173.00 |
| 01/26/12 | Robert J. Sitman | Revisions to, and distribution of, organizational documents based on revised structure (1.0); reviewed secretary's certificates (0.4); revisions to title affidavit, forbearance agreement and termination of intercreditor agreement (1.0); various email correspondences with client and L. Martins re: status of transaction (0.5). | 2.90 | 1,667.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Sandy Springs |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/27/12 | Laurinda Martins | Coordinate closing deliverables and open issues (1.7); TCs w. client re same (1.0); TCs with lender's counsel re: open items and closing (.5). | 3.20 | 2,208.00 |
| 01/27/12 | Robert J. Sitman | Coordinated closing mechanics and signature pages (2.2); calls with client, lender's counsel and L. Martins re: closing (0.5); revisions to corrective assignments (0.3); drafted notice provision for insertion in Forbearance Agreement (0.3); reviewed/commented on LOC (0.4); various document distributions (0.4). | 4.10 | 2,357.50 |
| 01/29/12 | Robert J. Sitman | Reviewed revised drafts of forbearance agreement and subordination of management agreement (0.6) and prepared issues list re: same (0.6). | 1.20 | 690.00 |
| 01/30/12 | Laurinda Martins | Review revised documents re: forbearance (1.0); TCs with client re same (.6); TC with lender's counsel re comments to forbearance (.4); emails with client re: organizational documents and diligence deliverables (.8). | 2.80 | 1,932.00 |
| 01/30/12 | Robert J. Sitman | Various calls with client, lender's counsel and L. Martins re: closing (0.8); revised and distributed mark-up of termination of intercreditor agreement and forbearance agreement (0.6); drafted and revised joinder to property management agreement (0.7); reviewed underlying loan documents for Independent Director issues (0.6); calls with client re: forbearance agreement waterfall issues (0.6). | 3.30 | 1,897.50 |
| 01/31/12 | Laurinda Martins | Emails with client re: closing and open items re: closing. | 0.70 | 483.00 |
| 01/31/12 | Robert J. Sitman | Revisions to and distributions of corrective assignment documents (1.0); calls with client and L. Martins re: closing (0.4); coordinated closing mechanics (0.3). | 1.70 | 977.50 |
| | | Total: | 90.70 | 56,557.00 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Outside Messenger Service | 6.95 |
| Duplicating | 4.60 |
| Corporation Service | 1,917.30 |
| Teleconferencing | 22.92 |
| Total: | 1,951.77 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Broad Street

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Jonathan L. Mechanic | Partner | | 1.30 | 1,332.50 |
| Adrienne Bernard | Spec Counsel | | 15.90 | 12,640.50 |
| | | Totals | 17.20 | 13,973.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/05/12 | Adrienne Bernard | Telephone conference with D. Degenshein (.2) and email to client (.3) regarding open issues on license agreement. | 0.50 | 397.50 |
| 01/09/12 | Adrienne Bernard | Review D. Degenshein redraft of license agreement (2.0); draft emails to client and J. Mechanic regarding comments to same (1.2). | 3.20 | 2,544.00 |
| 01/10/12 | Adrienne Bernard | Emails regarding conference call with client on comments to revised license agreement (.2); email with D. Degenshein regarding same (.1). | 0.30 | 238.50 |
| 01/11/12 | Jonathan L. Mechanic | Conference call with client regarding open issues re: response to Stroock redraft of license agreement. | 0.50 | 512.50 |
| 01/11/12 | Adrienne Bernard | Conference call with client and J. Mechanic regarding response to Stroock redraft (.5); telephone conference with J. Halperin regarding legal issues in redraft (.3). | 0.80 | 636.00 |
| 01/12/12 | Adrienne Bernard | Email to D. Degenshein regarding status of negotiation on license agreement. | 0.20 | 159.00 |
| 01/13/12 | Jonathan L. Mechanic | Telephone conference with Anthony Barsanti re: open issues related to license agreement (.2); telephone conversation with Adrienne Bernard re same (.1). | 0.30 | 307.50 |
| 01/13/12 | Adrienne Bernard | Telephone conference with D. Degenshein regarding open issues on license (.3); telephone conference with J. Mechanic regarding same (.1); email to client regarding same (.1). | 0.50 | 397.50 |
| 01/16/12 | Adrienne Bernard | Emails with K. Kirk regarding escrow agreement. | 0.20 | 159.00 |
| 01/17/12 | Adrienne Bernard | Meeting with D. Degenshein to settle open issues and revise document (3.0); email to client regarding follow-up items (.3). | 3.30 | 2,623.50 |
| 01/18/12 | Adrienne Bernard | Email to client transmitting revised license agreement and explaining changes (.5); email to D. Degenshein providing insurance contract (.1); email to S. Martinelli regarding input on construction issues (.1). | 0.70 | 556.50 |

**Client:** Lehman
**Matter:** Broad Street

| <u>Date</u> | <u>Timekeeper</u> | <u>Description</u> | <u>Hours</u> | <u>Amount</u> |
|---|---|---|---|---|
| 01/19/12 | Adrienne Bernard | Telephone conference with C. Carbone regarding requested compensation for school's inability to utilize play roof (.4); email to client regarding same (.3); email D. Degenshein regarding status of negotiation (.1); telephone conference with B. Jacobs regarding status of negotiation with 41 Broad (.4). | 1.20 | 954.00 |
| 01/20/12 | Adrienne Bernard | Email correspondence with B. Jacobs regarding involvement of school in settlement (.4); email with S. Martinelli regarding open construction issues (.1). | 0.50 | 397.50 |
| 01/24/12 | Jonathan L. Mechanic | Telephone conference with Adrienne Bernard and Joelle Halperin re: school strategy and related open issues. | 0.50 | 512.50 |
| 01/24/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein regarding remaining issues and strategy with school (.5); conference call with J. Halperin and J. Mechanic regarding same (.2); research school floor plate size (.2). | 0.90 | 715.50 |
| 01/25/12 | Adrienne Bernard | Telephone conference with D. Degenshein regarding review of lease for school. | 0.20 | 159.00 |
| 01/26/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein and M. Slama regarding consolidation of 881 and foreclosure actions (.8); telephone conference with C. Carbone regarding response to school compensation (.2). | 1.00 | 795.00 |
| 01/27/12 | Adrienne Bernard | Emails with J. Palmer regarding D. Degenshein letter to Justice Goodman. | 0.20 | 159.00 |
| 01/30/12 | Adrienne Bernard | Email to client regarding letter to Judge Goodman re: pending motions (.2); email to C. Carbone regarding need to view school lease (.2). | 0.40 | 318.00 |
| 01/31/12 | Adrienne Bernard | Conf call with client and M. Slama re status of litigation and open issues on license (.5); research availability of lease in City Register records (.2); conf with J. Mechanic re offer of compensation to school (.1); email to J. Palmer re school request for compensation (.1); review license and J. Palmer draft summary of financial terms of license and email to Palmer with comments (.5); telephone conference with M. Slama and D. Skaller re reassignment of 881 proceeding from J. Goodman (.4). | 1.80 | 1,431.00 |
| | | Total: | 17.20 | 13,973.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**   **Lehman**
**Matter:**   **237 Park**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|-|-------|--------|
| Adrienne Bernard | Spec Counsel | | 6.80 | 5,406.00 |
| | | Totals | 6.80 | 5,406.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 01/13/12 | Adrienne Bernard | Meeting with Monday Properties regarding due diligence on alteration plans and required zoning approvals. | 2.50 | 1,987.50 |
| 01/18/12 | Adrienne Bernard | Review proposal for expansion of 21st floor (.8); telephone conference with A. Cleary regarding same (.6). | 1.40 | 1,113.00 |
| 01/19/12 | Adrienne Bernard | Telephone conference with A. Westreich regarding transfer of development rights to site. | 0.20 | 159.00 |
| 01/23/12 | Adrienne Bernard | Review BSA plans and zoning (1.5); email and telephone conference with A. Cleary regarding expansion of 21st floor and zoning lot merger with 230 Park (.5). | 2.00 | 1,590.00 |
| 01/26/12 | Adrienne Bernard | Telephone conference with BSA counsel regarding applicable zoning in modification application and hardship (.4); email to client and telephone conference with A. Cleary regarding same (.3). | 0.70 | 556.50 |
| | | Total: | 6.80 | 5,406.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**     **Lehman**
**Matter:**    **Hudson Yards**

## Time Summary

| Name | Title | Hours | Amount |
|------|-------|-------|--------|
| Janice Mac Avoy | Partner | 0.70 | 696.50 |
| John A. Borek | Spec Counsel | 1.10 | 874.50 |
| Nazar Altun | Associate | 1.20 | 828.00 |
| Rachel Kravitz | Associate | 27.70 | 15,927.50 |
| | Totals | 30.70 | 18,326.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 02/08/12 | John A. Borek | Conference with R. Kravitz re: draft order (.2); review and revise draft order (.1). | 0.30 | 238.50 |
| 02/08/12 | Rachel Kravitz | Revise proposed order to reflect court's comments (2.4); review proposed order w/ J. Borek (.2) | 2.60 | 1,495.00 |
| 02/09/12 | Rachel Kravitz | Finalize proposed order for filing (1); direct service and filing issues (.4). | 1.40 | 805.00 |
| 02/13/12 | Rachel Kravitz | Research re: filings related to referee's report (obtain samples and review treatise for what must be included). | 3.50 | 2,012.50 |
| 02/14/12 | Rachel Kravitz | Review mortgage and loan regarding costs recoverable in foreclosure (2.3); Draft pleadings to accompany referee's report (1.7); draft referees report (2.3). | 6.30 | 3,622.50 |
| 02/16/12 | Janice Mac Avoy | Office conference with team to discuss strategy regarding court's status conference. | 0.30 | 298.50 |
| 02/16/12 | Rachel Kravitz | Revise proposed order of foreclosure (2.3); draft Trimont affidavit in support of referee's report (3.9). | 6.20 | 3,565.00 |
| 02/17/12 | Janice Mac Avoy | Communication with client regarding appointment of referee (.1); reviewing referee list (.3). | 0.40 | 398.00 |
| 02/17/12 | Rachel Kravitz | Revise pleadings relating to referee's report (3.4); research potential referees (.8); send email to opposing counsel re: proposed referees (.2) | 4.40 | 2,530.00 |
| 02/21/12 | Rachel Kravitz | Draft letter to court re: referee. | 0.60 | 345.00 |
| 02/23/12 | Nazar Altun | Review documents re: referee selection. | 1.20 | 828.00 |
| 02/23/12 | Rachel Kravitz | Revise letter to court (.5); call to opposing counsel re: referee selection (.5); file letter w/ court (.2) | 1.20 | 690.00 |
| 03/05/12 | John A. Borek | Confs with R. Kravitz re: filing notice of entry (.2); review order (.2); review draft notice of entry (.2); t/c with K. Egan (NY County Supreme) and conf with E. Strecker re: filing notice of entry (.1); respond to R. Kravitz emails re: filing notice of entry (.1). | 0.80 | 636.00 |
| 03/05/12 | Rachel Kravitz | Review order (.2); draft email to client re: order (.4); draft, revise and send letter to opp. counsel re: referee (.6), draft notice of entry (.1), o/c re: filing of notice of entry w/ J. Borek (.2) | 1.50 | 862.50 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Hudson Yards

| Date | Timekeeper | Description | | Hours | Amount |
|------|-----------|-------------|--|-------|--------|
| | | | Total: | 30.70 | 18,326.50 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Duplicating | 1.10 |
| Postage | 1.55 |
| Local Transportation (Taxis) | 22.02 |
| Lexis | 277.63 |
| Data Research - MA | 73.11 |
| Courier Service | 33.90 |
| Total: | 409.31 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** Lehman
**Matter:** Sandy Springs

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Meyer Last | Partner | | 3.00 | 2,985.00 |
| Robert J. Sitman | Associate | | 19.50 | 11,212.50 |
| | | Totals | 22.50 | 14,197.50 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 02/01/12 | Robert J. Sitman | Correspondence with client, L. Martins and lender's counsel re: closing (1.0); prepare signature pages and corrective assignments (0.3). | 1.30 | 747.50 |
| 02/03/12 | Meyer Last | T/c Halperin re: cash deposit in lieu of LOC side letter. | 0.20 | 199.00 |
| 02/08/12 | Robert J. Sitman | Reviewed and marked-up side letter re: cash deposit in lieu of LOC (1.2); correspondence with client re: same (0.3). | 1.50 | 862.50 |
| 02/09/12 | Meyer Last | Review escrow letter and email re same (.4); review and revise DACA (.4). | 0.80 | 796.00 |
| 02/09/12 | Robert J. Sitman | Reviewed and commented on DACA (1.8); correspondence with client and M. Last re: same (0.3); drafted escrow letter (0.7); coordinated closing mechanics and distributions (0.7). | 3.50 | 2,012.50 |
| 02/10/12 | Meyer Last | T/c's Lehman and LNR re: DACA and cash deposit side letter (.5); Draft escrow agreement and arrange escrow (1.5). | 2.00 | 1,990.00 |
| 02/10/12 | Robert J. Sitman | Coordinate closing mechanics and document distributions (1.9); d rafting/negotiating/reviewing DACA (0.5); coordinate escrow arrangement (1.0); correspondence with all parties regarding the foregoing (0.7). | 4.10 | 2,357.50 |
| 02/13/12 | Robert J. Sitman | Coordinated post-closing requirements/deliverables (0.7); correspondence with Wells, client and LNR re: DACA issues (0.5). | 1.20 | 690.00 |
| 02/14/12 | Robert J. Sitman | Review escrow arrangement and Wells Fargo DACA. | 1.80 | 1,035.00 |
| 02/15/12 | Robert J. Sitman | Review escsrow transfer (0.6); correspondence with client in connection therewith (0.4). | 1.00 | 575.00 |
| 02/16/12 | Robert J. Sitman | Distribution of all closing documents in response to clients request therefor. | 0.50 | 287.50 |
| 02/27/12 | Robert J. Sitman | Reviewed amendment to forbearance agreement; correspondence with client re: lockbox requirements. | 3.70 | 2,127.50 |
| 03/05/12 | Robert J. Sitman | Correspondence with client and property manager re: deposit account set-up. | 0.60 | 345.00 |
| 03/06/12 | Robert J. Sitman | Reviewed account control setup package. | 0.30 | 172.50 |
| | | Total: | 22.50 | 14,197.50 |

**Fried, Frank, Harris, Shriver & Jacobson LLP** Page 2

Client:     **Lehman**
Matter:     **Sandy Springs**

## Disbursement Summary

| Description | Amount |
|---|---|
| Duplicating | 6.00 |
| Meals | 12.25 |
| Local Transportation (Taxis) | 32.19 |
| Corporation Service | 1,812.33 |
| Courier Service | 17.06 |
| Total: | 1,879.83 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:**    **Lehman**
**Matter:**    **Broad Street**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|------|--------|
| Jonathan L. Mechanic | Partner | | 2.10 | 2,152.50 |
| Adrienne Bernard | Spec Counsel | | 31.90 | 25,360.50 |
| | | Totals | 34.00 | 27,513.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|------|--------|
| 02/01/12 | Adrienne Bernard | Telephone conference with D. Degenshein regarding status of court proceedings and help with school tenant. | 0.20 | 159.00 |
| 02/02/12 | Adrienne Bernard | Email to J. Mechanic regarding status of license negotiation (.2); telephone conference with C. Carbone regarding copy of lease (.1); telephone conference with M. Slama regarding receiver's requests (.2). | 0.50 | 397.50 |
| 02/06/12 | Jonathan L. Mechanic | Telephone conferences with Lenny Boxer regarding settlement. | 0.50 | 512.50 |
| 02/07/12 | Jonathan L. Mechanic | Telephone conference with Lenny Boxer regarding settlement. | 0.30 | 307.50 |
| 02/08/12 | Jonathan L. Mechanic | Office conference with Joelle Halperin re: settlement (.2); telephone conference with Lenny Boxer regarding same (.3). | 0.50 | 512.50 |
| 02/08/12 | Jonathan L. Mechanic | Telephone conference with Joelle Halperin re: settlement (.2); telephone conference with Adrienne Bernard re: same (.1). | 0.30 | 307.50 |
| 02/08/12 | Adrienne Bernard | Emails to client regarding review of insurance clauses. | 0.30 | 238.50 |
| 02/09/12 | Adrienne Bernard | Send license agreement to J. Halperin (.2); telephone conference with J. Halperin regarding offer to school (.3); telephone conference with D. Degenshein regarding same and issues in license agreement (.3). | 0.80 | 636.00 |
| 02/10/12 | Jonathan L. Mechanic | Telephone conferences with Lenny Boxer, Adrienne Bernard and Joelle Halperin regarding offer to school (.3); emails regarding same (.2). | 0.50 | 512.50 |
| 02/10/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein regarding offer to school (.4); multiple emails to J. Mechanic regarding same (.4); review Stroock redraft of license agreement (1.8). | 2.60 | 2,067.00 |
| 02/13/12 | Adrienne Bernard | Telephone conference with J. Halperin regarding offer to school (.2); telephone conversation with D. Degenshein regarding comments on license and approach to school (.3); revise license agreement (1.5); draft language regarding school compensation (.5); telephone conference with D. Skaller regarding status of litigation (.3). | 2.80 | 2,226.00 |

Fried, Frank, Harris, Shriver & Jacobson LLP

| Client: | Lehman |
| Matter: | Broad Street |

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 02/15/12 | Adrienne Bernard | Review and send revised license agreement to D. Degenshein (.4); email to client regarding settlement with school (.2); telephone conference with D. Degenshein regarding same (.2). | 0.80 | 636.00 |
| 02/16/12 | Adrienne Bernard | Emails to D. Degenshein regarding negotiation with school and license issues. | 0.50 | 397.50 |
| 02/27/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein and C. Carbone regarding settlement with school (.4); multiple telephone conferences with S. Martinelli regarding status of violations (.4); revise License Agreement to include school as party (2.8); draft provisions for obligations to school (2.6); draft provisions for school acknowledgement of construction conditions (2.5); t/c client and Degenshein re: same (.5); revise License Agreement to incorporate new provisions and add school as party for representations and acknowledgments (2.6); multiple emails to client and J. Mechanic regarding school settlement (.2). | 12.00 | 9,540.00 |
| 02/28/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein regarding open school issues (.4); revise draft of license agreement (7.0); emails with client regarding same (.4). | 7.80 | 6,201.00 |
| 02/29/12 | Adrienne Bernard | Multiple telephone conferences with D. Degenshein regarding comments on revised draft of license agreement. | 0.50 | 397.50 |
| 03/05/12 | Adrienne Bernard | Revise draft license agreement (2.0); telephone conference with C. Carbone regarding comments on prior draft (.4). | 2.40 | 1,908.00 |
| 03/06/12 | Adrienne Bernard | Emails to J. Halperin regarding progress on settlement with school (.2); telephone conferences with J. Palmer regarding construction meeting and need to install wall on roof (.5). | 0.70 | 556.50 |
| | | Total: | 34.00 | 27,513.00 |

## Disbursement Summary

| Description | Amount |
|-------------|--------|
| Outside Messenger Service | 6.95 |
| Duplicating | 12.20 |
| Courier Service | 14.67 |
| Total: | 33.82 |

Fried, Frank, Harris, Shriver & Jacobson LLP

**Client:** **Lehman**
**Matter:** **237 Park**

## Time Summary

| Name | Title | | Hours | Amount |
|------|-------|---|-------|--------|
| Adrienne Bernard | Spec Counsel | | 0.40 | 318.00 |
| | | Totals | 0.40 | 318.00 |

## Time Detail

| Date | Timekeeper | Description | Hours | Amount |
|------|-----------|-------------|-------|--------|
| 02/08/12 | Adrienne Bernard | Telephone conference with A. Cleary regarding schedule of public approvals. | 0.40 | 318.00 |
| | | Total: | 0.40 | 318.00 |

## Disbursement Summary

| Description | | Amount |
|-------------|---|--------|
| Duplicating | | 19.50 |
| | Total: | 19.50 |