KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
31-33 rue Ste Zithe
L-2763 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*** | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

-------------------------------x

**SEVENTH INTERIM APPLICATION OF KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

**FOR THE TENTH INTERIM PERIOD**

| | |
|---|---|
| Name of Applicant: | KLEYR GRASSO ASSOCIES |
| Role in Case: | Special Counsel to Debtors and Debtors in Possession |
| Date of Retention: | June 1, 2009 |
| Period for which Compensation and Reimbursement are Sought: | October 1, 2011 to March 6, 2012 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $ 108,656.00 (being the equivalent amount of € 80,745.50) |
| Amount of Disbursements and Expenses Reimbursement Sought as Actual, Reasonable and Necessary: | $ 1,703.13 (€ 1,284.47) |
| Total Amount Sought: | $ 110,359.13 (€ 82,029.97) |
| This is an: | Interim Fee Application |

| | |
|---|---|
| Prior Applications: | First Interim Fee Application relating to the period June 1, 2009 to January 31, 2010 filed on April 12, 2010 |
| | Second Interim Fee Application relating to the period February 1, 2010 to May 31, 2010 filed on August 16, 2010 |
| | Third Interim Fee Application relating to the period June 1, 2010 to September 30, 2010 filed on December 14, 2010 |
| | Fourth Interim Fee Application relating to the period October 1, 2010 to January 31, 2011 filed on June 1, 2011. |
| | Fifth Interim Fee Application relating to the period February 1, 2011 to May 31, 2011 filed on August 12, 2011. |
| | Sixth Interim Fee Application relating to the period June 1, 2011 to September 30, 2011 filed on December 12, 2011. |
| Prior Amounts Requested | |
| Fees Previously Requested: | First Interim Fee Application<br>$ 244,551.06 (€ 180,015.50) |
| | Second Interim Fee Application<br>$ 198,958.50 (€ 150,809.00) |
| | Third Interim Fee Application<br>$ 65,871.59 (€ 50,125.00) |
| | Fourth Interim Fee Application<br>$ 72,948.45 (€ 54,597.00) |
| | Fifth Interim Fee Application<br>$ 250,153.93 (€ 172,711.00) |
| | Sixth Interim Fee Application<br>$ 273,820.26 (€ 193,111.00) |
| Fees Previously Awarded: | First Interim Fee Application<br>$ 216,918.02 |
| | Second Interim Fee Application<br>$ 123,264.86 |
| | Third Interim Fee Application<br>$ 54,979.70 |

| | |
|---|---|
| | Fourth Interim Fee Application<br>$ 72,948.45 |
| | Fifth Interim Fee Application<br>$ 242,152.99 |
| | Sixth Interim Fee Application<br>$ 0.00 |
| Disbursements and Expenses Previously Requested: | First Interim Fee Application<br>$ 3,981.74 (€ 2,930.98) |
| | Second Interim Fee Application<br>$ 4,706.27 (€ 3,595.88) |
| | Third Interim Fee Application<br>$ 2,138.00 (€ 1,627.42) |
| | Fourth Interim Fee Application<br>$1,602.96 (€ 1,208.41) |
| | Fifth Interim Fee Application<br>$ 2,087.87 (€ 1,454.59) |
| | Sixth Interim Fee Application<br>$ 1,927.05 (€ 1,352.06) |
| Disbursements and Expenses Previously Awarded: | First Interim Fee Application<br>$ 2,935.61 |
| | Second Interim Fee Application<br>$ 3,780.13 |
| | Third Interim Fee Application<br>$ 2,138.00 |
| | Fourth Interim Fee Application<br>$ 1,602.96 |
| | Fifth Interim Fee Application<br>$ 2,087.87 |
| | Sixth Interim Fee Application<br>$ 0.00 |
| Aggregate Amounts Paid to Date: | $ 959,191.89 |

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

Below is a list of each individual at KLEYR GRASSO ASSOCIES who has performed work during the Interim Period, as defined later herein, on behalf of the Debtors, the position of each such individual in the Firm, the year of admittance to practice of each individual, his or her hourly billing rate, the aggregate time expended by each individual during the Interim Period, and the amount of KLEYR GRASSO ASSOCIES fees attributable to each individual during the Interim Period.

We wish to stress, in order to avoid any confusion, that internally, junior lawyers, although already admitted to the Luxembourg Bar Association *("avocats")* rank as (Junior) Associates, with the lowest billing rates applied by our firm.

After having passed and succeeded a "second" bar examination, they will become qualified lawyers *("avocats à la Cour")* and their internal status will be Associate, with a higher billing rate.

Accordingly, the trainee lawyers, Associates, ranking internally as Junior, can be distinguished from the qualified lawyers, Associates, using their billing rate of (€ 195.-), while the usual billing rate of (non Junior) Associates is (€ 255.-).

All amounts herein are set out in US dollars and additionally in the conversion amount in euros.

The US dollars amounts set forth herein result from the addition of all the USD amounts set forth in the relevant monthly statements, whereby such amounts were converted from euro to US dollars using the official exchange rate of the European Central Bank as of the day of submission of each monthly statement, being (a) October 31, 2011[1] for the October 2011 monthly statement (Euro/USD rate 1.4001), (b) December 7, 2011 for the November 2011 monthly statement (Euro/USD rate 1.3377), (c) January 9, 2012 for the December 2011 monthly statement (Euro/USD rate 1.2728), (d) February 16, 2012 for the January 2012 monthly statement (Euro/USD rate 1.2982), (e) March 14, 2012 for the February 2012 monthly statement (Euro/USD rate 1.3062) and (f) April 23, 2012 for the March 2012 monthly statement ((Euro/USD rate 1.3131).

The Fee Committee has requested that a "true-up" calculation be included in each interim fee application, based on the exchange rate applicable as of the day of filing of the relevant interim fee application.

Accordingly, using the official exchange rate of the European Central Bank as of May 21, 2012 (Euro/USD rate 1.2750), the "true-up" calculation is as follows:

Total fees for the interim period: € 80,745.50/ $ 102,950.51

Total disbursements for the interim period: € 1,284.47/ $ 1,637.70

---

[1] Please note that for this monthly statement, we have used the official exchange rate of the European Central Bank as of the last day of the month for which compensation is sought, while the Fee Committee guidelines with respect to this matter have been changed as from the November monthly statement.

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 420.- | 34:48 | $ 19,512.22 | € 14,616.00 |
| Marc Kleyr, Managing Partner | 1991 | € 420.- | 29:48 | $ 17,269.78 | € 12,516.00 |
| Pascal Sassel Partner | 2002 | € 420.- | 5:42 | $ 3,179.47 | € 2,394.00 |
| Jérôme Burel, Senior Associate | 2005 | € 295.- | 129:48 | $ 51,054.68 | € 38,291.00 |
| Katia Bartholomé, Associate | 2009 | € 255.- | 50:42 | $ 17,639.85 | € 12,928.50 |
| TIME CHARGES TOTAL: | | | 250:48 | $ 108,656.00 | € 80,745.50 |

**Total Hours:**          **250:48**
**Total Fees:**           **$ 108,656.00 (€ 80,745.50)**
**Blended Hourly Rate:**  **$ 433.24 (€ 321.95)**

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
31-33 rue Ste Zithe
L-2763 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** ***et al.*** | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

---------------------------------x

**SEVENTH INTERIM APPLICATION OF**
**KLEYR GRASSO ASSOCIES, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

**FOR THE TENTH INTERIM PERIOD**

KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel for Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), submits this seventh interim application (the "Seventh Interim Application") seeking allowance of (a) compensation for professional services rendered by Kleyr Grasso to the Debtors in the amount of $ 108,656.00 (€ 80,745.50) and (b) reimbursement of actual and necessary expenses and disbursements incurred by Kleyr Grasso in the rendition of required professional services on behalf of the Debtors in the amount of $ 1,703.13 (€ 1,284.47), in each case for the period from October 1, 2011 through March 6, 2012 (the "Interim Period") pursuant to section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), the Fourth Amended Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on April 14, 2011 (the "Interim Compensation Order"), and the Fee Committee Guidelines (as defined below and, collectively with the UST Guidelines, the Local Guidelines and the Interim Compensation Order, the "Guidelines"). In support of this Seventh Interim Application, Kleyr Grasso respectfully represents as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

5.      This Seventh Interim Application is submitted in accordance with the Interim Compensation Order, which is annexed hereto as Exhibit A.

6.      On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in these chapter 11 cases [Docket No. 14117]. On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998] (the "Fee Committee Guidelines").

7.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629].

8.      On September 1, 2011, the Bankruptcy Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

9.      On September 15, 2011, the Bankruptcy Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.

10.     On April 12, 2010, Kleyr Grasso filed its first interim fee application (the "First Interim Application", [Docket No. 8241]) in connection with the rendering of services from June 1, 2009 through January 31, 2010.

11.     On August 16, 2010, Kleyr Grasso filed its second interim fee application (the "Second Interim Application", [Docket No. 10774]) in connection with the rendering of services from February 1, 2009 through May 31, 2010.

12.     On December 14, 2010, Kleyr Grasso filed its third interim fee application (the "Third Interim Application"), [Docket No. 13464]) in connection with the rendering of services from June 1, 2010 through September 30, 2010.

13.    On June 1, 2011, Kleyr Grasso filed its fourth interim fee application (the "Fourth Interim Application"), [Docket No. 17264]) in connection with the rendering of services from October 1, 2010 through January 31, 2011.

14. On August 12, 2011, Kleyr Grasso filed its fifth interim fee application (the "Fifth Interim Application"), [Docket No. 19208]) in connection with the rendering of services from February 1, 2011 through May 31, 2011.

15. On December 12, 2011, Kleyr Grasso filed its sixth interim fee application (the "Sixth Interim Application"), [Docket No. 23214]) in connection with the rendering of services from June 1, 2011 through September 30, 2011.

**Retention of Kleyr Grasso**

16.    On March 2, 2010, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Kleyr Grasso as Special Counsel to LBHI, effective *nunc pro tunc* to June 1, 2009 (the "Engagement Date") with respect to the matters arising in relation with the Luxembourg Entities, as defined later herein.

17.    On March 25, 2010, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Kleyr Grasso as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date (the "Retention Order", [Docket No. 7825]).

18.    Pursuant to the Retention Order, Kleyr Grasso has been retained to continue its engagement as local counsel in Luxembourg in relation to insolvency law and corporate law issues/questions which arise or may arise in relation to direct or indirect subsidiaries as well as affiliates for which it is likely that these are Luxembourg entities/undertakings of LBHI (the "Luxembourg Entities"); thus Kleyr Grasso provides legal services as to the Debtors in matters not directly related to these chapter 11 cases, but solely concerning the Luxembourg Entities and Luxembourg law (the "Luxembourg Matters"). Kleyr Grasso does not and will not represent the Lehman Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to Kleyr Grasso's employment. On August 23, 2011, Kleyr Grasso filed a declaration / supplemental declaration and disclosure statement of Maître Marc Kleyr on behalf of Kleyr Grasso Associes in relation to some separate engagements with certain Luxembourg Entities [Docket No. 19433].

**Relief Requested**

19.    Prefixed to this Seventh Interim Application is the cover sheet required by the UST Guidelines, which includes a schedule setting forth the names of all Kleyr Grasso professionals who have performed services for which compensation is sought, the person's position in the Firm, and the year each lawyer was first admitted to practice law. In addition, the schedule sets forth for each person (a) the hourly rate(s) during the Interim Period, (b) the total hours billed during the Interim Period, and (c) the total compensation for such hours. The rate for each of the individuals listed in afore mentioned cover sheet is equal to the billing rate for such individual's time for similar services to clients in connection with other similar matters. Kleyr Grasso believes that these rates are equal to or less than the rates charged by professionals with similar experience.

20.    By this Seventh Interim Application, Kleyr Grasso seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period in the aggregate amount of $ 108,656.00 (€ 80,745.50), and for reimbursement of actual, necessary expenses and disbursements incurred during the Interim Period in connection with such services in the aggregate amount of $ 1,703.13 (€ 1,284.47).

**Kleyr Grasso's Fees**

21.    This Seventh Interim Application is filed in accordance with the Interim Compensation Order.

The Debtors have incurred fees of $ 108,656.00 (€ 80,745.50) for services rendered over 250,8 hours by Kleyr Grasso during the Interim Period, resulting in a blended hourly rate of approximately $ 433.24 (€ 321.95).

22.    For services rendered for the period from and including October 1, 2011 through October 31, 2011 (the "October 2011 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 36,279.40, representing eighty percent (80.00%) of the $ 45,349.24 (€ 32,390.00) total fees incurred by the Debtors for services rendered for the October 2011 Statement Period.

23.    For services rendered for the period from and including November 1, 2011 through November 30, 2011 (the "November 2011 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 0.00, representing eighty

percent (0.00%) of the $ 29,086.30 (€ 21,743.50) total fees incurred by the Debtors for services rendered for the November 2011 Statement Period.

24.    For services rendered for the period from and including December 1, 2011 through December 31, 2011 (the "December 2011 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 15,495.58, representing eighty percent (80.00%) of the $ 19,369.47 (€ 15,218.00) total fees incurred by the Debtors for services rendered for the December 2011 Statement Period.

25.    For services rendered for the period from and including January 1, 2012 through January 31, 2012 (the "January 2012 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 0.00, representing eighty percent (0.00%) of the $ 6,868.11 (€ 5,290.50) total fees incurred by the Debtors for services rendered for the January 2012 Statement Period.

26.    For services rendered for the period from and including February 1, 2012 through February 29, 2012 (the "February 2012 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 4,789.05, representing eighty percent (80.00%) of the $ 5,986.31 (€ 4,583.00) total fees incurred by the Debtors for services rendered for the February 2012 Statement Period.

27.    For services rendered for the period from and including March 1, 2012 through March 6, 2012 (the "March 2012 Statement Period"), Kleyr Grasso has been paid, in accordance with the Interim Compensation Order $ 0.00, representing zero percent (0.00%) of the $ 1,996.57 (€ 1,520.50) total fees incurred by the Debtors for services rendered for the March 2012 Statement Period.

28.    Kleyr Grasso has annexed to the Seventh Interim Application, as Exhibit B, a copy of the invoices for the October 2011 Statement Period, the November 2011 Statement Period, the December 2011 Statement Period, the January 2012 Statement Period, the February 2012 Statement Period and the March 2012 Statement Period, together with the respective summary sheet belonging to each of the afore mentioned respective statement period. Attached to each invoice are the relevant daily time records broken down by matter and listing the name of the individual performing the services, the date on which the services were performed, and the amount of time spent performing the services.

Additionally, annexed to this Seventh Interim Application, (i) as Exhibit C, is a list of all of the matters for which services were rendered and the aggregate amount of hours and fees expended for such matters during the Interim Period, and (ii) as Exhibit D, is a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period.

29. No objections have been submitted to Kleyr Grasso with respect to Kleyr Grasso's monthly statements relating to the periods mentioned under foregoing paragraph 28.

30. By this Seventh Interim Application, Kleyr Grasso seeks allowance for payment of $ 108,656.00 (€ 80,745.50), which amount represents hundred percent (100%) of the total of Kleyr Grasso's requested fees during the Interim Period, as special counsel to the Debtors.

31. During the Interim Period, Kleyr Grasso lawyers expended a total of roughly 251 hours for services provided in connection with the Luxembourg Matters (more precisely described below in section "Summary of Services by Categories"), and incurred fees in the total amount of $ 108,656.00 (€ 80,745.50), and disbursements and expenses in the total amount of $ 1,703.13 (€ 1,284.47) in connection with such services.

32. The services performed and expenses incurred by Kleyr Grasso during the Interim Period were provided only on behalf of and rendered a benefit to LBHI.

33. In sum, pursuant to this Seventh Interim Application, Kleyr Grasso hereby seeks allowance and compensation from the Debtors' estates of the following:

(a) Compensation for professional services rendered during the Interim Period in the aggregate amount of $ 108,656.00 (€ 80,745.50); and

(b) Reimbursement of disbursements and expenses incurred during the Interim Period in connection with such services in the aggregate amount of $ 1,703.13 (€ 1,284.47) , while as a matter of courtesy, only external disbursements have been invoiced to the exclusion of any other expenses (like photocopying, online legal researches, etc...) .

34. Annexed hereto, as Exhibit C, is a summary of all services rendered by Kleyr Grasso during the Interim Period by project category. Annexed hereto, as Exhibit D, is a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period. Annexed hereto, as Exhibit E, is a summary of time charges and hourly rates by professional. Annexed hereto, as Exhibit F, is a summary of the types of expenses for which reimbursement is sought. Annexed hereto, as Exhibit G, is the certification of Rina Breininger, Partner of Kleyr Grasso, with respect to this Seventh Interim Application pursuant to the Local Guidelines.

35. During the Interim Period, Kleyr Grasso encountered a variety of challenging legal issues, often requiring substantial research and negotiation. When possible, Kleyr Grasso delegated tasks to lower cost junior lawyers, being stressed that Kleyr Grasso, as a small sized law firm in Luxembourg, does not employ so-called "paralegals" often employed at the level of U.S. law firms. This approach has resulted in enhanced cost efficiency. Kleyr Grasso submits that the services it rendered were beneficial to the Debtors' estate and were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved. Moreover, the Firm's request for compensation is reasonable in light of the nature, extent, and value of its services to the Debtors. Accordingly, approval of the compensation for professional services sought herein is warranted.

36. All services for which Kleyr Grasso seeks compensation were performed for and on behalf of the Debtors. No agreement or understanding exists between the Firm and any other person for the sharing of compensation to be received for the services rendered in connection with the Firm's representation of the Debtors. No action prohibited by Section 504 of the Bankruptcy Code has been, or will be, made by Kleyr Grasso; see hereto the Affidavit of Marc Kleyr, Esq., dated February 26, 2010, annexed to this Seventh Interim Application as Exhibit H.

**Summary of Services Rendered**

37. The names of the partners and associates of Kleyr Grasso, who have rendered professional services in this case during the Interim Period, are set forth in the attached Exhibit E and in the cover sheet to this Seventh Interim Application.

38. Kleyr Grasso, by and through the above-named persons, has prepared and assisted in the preparation of various documents, advised the Debtors on a regular basis with respect to the Luxembourg Matters, and performed all necessary professional services which are described and narrated in detail below and in the time sheets of the invoices attached hereto as Exhibit B.

**Summary of Services by Categories**

39. The services rendered by Kleyr Grasso during the Interim Period can be grouped into the categories set forth below. Kleyr Grasso, as a non-U.S. law firm, has been advised that, except as regards (a) the preparation of the documentation in order to be retained as special counsel in accordance with the applicable U.S. law requirements, and (b) the preparation of monthly statements and fee applications, all the services rendered by Kleyr Grasso with respect to the Luxembourg Matters, should be considered as being performed in relation with the project category "International Assets". Furthermore a summary table identifying every timekeeper who provided services in each task code with the relevant hours and fees expended per task code during the interim period has been annexed hereto, as Exhibit D.

**A. International Assets**

40. Time billed in this category relates to the services performed by Kleyr Grasso in connection with the Firms function as "interface" in between Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, WGM, the Debtors' general bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this context, Kleyr Grasso assisted A&M during the Interim Period with providing frequently information as regards the Luxembourg Entities; especially but not limited to information relevant and necessary to gain and/or to maintain the assets of certain Luxembourg Entities. Thereby, Kleyr Grasso provided information concerning the current and former managers and the registered offices of the Luxembourg Entities.

With respect to the Luxembourg Entities which are already under A&M's control, Kleyr Grasso was advising the people from A&M as regards their obligations as managers of these Luxembourg Entities and supported them – where required – in providing information to and/or liaising with the Luxembourg authorities (especially tax authorities) and/or drafting of required Luxembourg corporate documentation. Kleyr Grasso also liaised with the auditors of certain Luxembourg Entities in order to facilitate their work and to achieve a quick regularization of

some Luxembourg Entities under the threat of a possible compulsory liquidation at the request of the Luxembourg public prosecutor. The moreover, Kleyr Grasso liaised with the domiciliation agents of certain Luxembourg Entities in order to get access to the corporate documents deposited with these domiciliation agents in order to assess the accurate assets/liabilities situation of the relevant Luxembourg Entities. In particular, Kleyr Grasso has drafted Luxembourg corporate law documents in relation to the approval of (i) the third amendment to chapter 11 plan and (ii) the annual accounts for the years 2006 and 2007 of the company Lehman Brothers Helsinki Holdings S.à r.l. (as a result of the deregistration of Hartcliffe Limited from Gibraltar's company register) and liaised with GT Fiduciaires S.A. regarding the financial/accounting consequences of the deregistration of Hartcliffe Limited from Gibraltar's company register on the annual accounts of Lehman Brothers Helsinki Holdings S.à r.l.

41.      Kleyr Grasso assisted also by drawing i) a memorandum regarding Luxembourg law aspects of the proposed sale of Vintners Place and ii) a memorandum as regards the liquidation of ELN securitization S.à r.l..

42.      The services performed by Kleyr Grasso during the Interim Period were also related to (i) the approval of a settlement agreement and the admittance of claims as regards the liquidation of LEHMAN BROTHERS (Luxembourg) S.A. under compulsory liquidation (*en liquidation judiciaire*), and (ii) the preparation of the creditor's meeting held at the Luxembourg commercial court on November 9, 2011.

43.      Kleyr Grasso performed services with respect to issues relating to the liquidation of the so-called Brasstown entities in relation to which the documents for the closing of the liquidation have been amended. In particular, Kleyr Grasso has drafted a memorandum regarding evolution of figures and restructuring of Brasstown Entrada I SCA since 2007. Kleyr Grasso has also (i) liaised with LUXEMBOURG INTERNATIONAL CONSULTING S.A. as regards possibility to appoint them as managers of Entrada II S.à r.l. and Mansfield II S.à r.l. and (ii) drafted the necessary documents in order to be able to liquidate Mansfield II S.à r.l. and Entrada II S.à r.l.

Fees: $ 85,605.42 (€ 63,566.00)        Total hours: 194:06

**B. Special Counsel Procedure**

44. This category includes (i) reviewing of legal applicable provisions (UST Guidelines, Local Guidelines, the Interim Compensation Order, Fee Protocol, OCP Order, etc...), and other documents and memoranda issued by the Fee Committee, (ii) drawing and finalizing the supplemental declarations of Kleyr Grasso in relation to separate engagements by Lehman affiliated entities, and (iii) reviewing of the stipulations with respect to the fourth, fifth and sixth Interim Applications.

Fees: $ 4,386.00 (€ 5,827.96) Total hours: 13:18

**C. Preparation of monthly statements and fee applications**

45. In connection with this matter, Kleyr Grasso prepared and served monthly fee statements in accordance with the Guidelines. As requested, Kleyr Grasso also provided excel versions of its invoices including the conversion of all amounts thereof in USD. Additionally, Kleyr Grasso prepared and served its Sixth Interim Application. Tasks included reviewing all expenses, timekeeper entries, and fee statement schedules and tables for accuracy and compliance with the Guidelines. Finally, Kleyr Grasso responded to requests from the Fee Committee.

Fees: $ 17,222.63 (€ 12,793.50) Total hours: 43:24

**Expenses Incurred by Kleyr Grasso**

46. Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code. The total amount of the expenses and disbursements is $ 1,703.13 (€ 1,284.47) for the Interim Period, as detailed in the attached Exhibit F. As set forth above, Kleyr Grasso seeks reimbursement for external disbursements only, incurred in rendering services to the Debtors during the Interim Period in the amount of $ 1,703.13 (€ 1,284.47).

47. In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Kleyr Grasso maintains the following policies with respect to expenses for which reimbursement is sought herein:

(a) No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses. In addition, for those items or services that Kleyr Grasso purchased or contracted from a third party (such as the Luxembourg register of commerce and companies), Kleyr Grasso seeks reimbursement only for the exact amount billed to Kleyr Grasso by the third party vendor and paid by Kleyr Grasso to the third party vendor; such costs being referred to as disbursements.

(b) Photocopying as well as long distance calls and online legal researches were not charged by Kleyr Grasso, as a matter of courtesy, so that finally only disbursements are (re-)charged to the Debtors.

**The Requested Compensation Should Be Allowed**

48.    Section 330 of the Bankruptcy Code provides that the Court may award a professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses. 11 U.S.C. § 330(a)(1). Section 330(a)(3)(A) further provides the following standards for the Court's review of a fee application:

49.    In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. 11 U.S.C. § 330(a)(3)(A).

50. Kleyr Grasso respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases. Kleyr Grasso's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks. Furthermore, the compensation sought by Kleyr Grasso is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy. Accordingly, approval of the compensation sought herein is warranted.

**Statements of Kleyr Grasso Pursuant to Bankruptcy Rule 2016(a)**

51. After have been retained, *nunc pro tunc* to June 1, 2009, as special counsel to the Debtors by the Retention Order dated March 25, 2010, Kleyr Grasso has submitted monthly statements during the Interim Period. Kleyr Grasso submitted monthly statements with respect to (a) October 2011 (the "October Statement") on November 11, 2011, (b) November 2011 (the "November Statement") on December 7, 2011, (c) December 2011 (the "December Statement") on January 9, 2012, (d) January 2012 (the "January Statement") on February 16, 2012, (e) February 2012 (the "February Statement") on March 14, 2012, and (f) March 2012 (the "March Statement") on April 23, 2012.

52. No agreement or understanding exists between Kleyr Grasso and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of Kleyr Grasso. All of the services for which compensation is sought in this Seventh Interim Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or on behalf of, any other person or entity.

**Notice**

53. Notice of this Seventh Interim Application and its exhibits will be given to (a) the Debtors; (b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Creditors' Committee; and (e) the Fee Committee. Kleyr Grasso respectfully submits that no other or further notice is required.

WHEREFORE, Kleyr Grasso respectfully requests that the Court enter an order: (a) allowing interim compensation of $ 108,656.00 (€ 80,745.50) to Kleyr Grasso for professional services rendered as special counsel for the Debtors during the Interim Period, plus reimbursement of actual and necessary expenses and disbursements incurred in the sum of $ 1,703.13 (€ 1,284.47), in connection with Kleyr Grasso's services during the Interim Period; (b) authorizing and directing the Debtors to pay to Kleyr Grasso any and all unpaid amounts for the Interim Period in the amount of $ 52,654.11 and (c) granting to Kleyr Grasso such other and further relief as the Court may deem proper.

Dated May 21, 2012 KLEYR GRASSO ASSOCIES

By

p.p. Rina Breininger
31-33, rue Ste Zithe
L-2763 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

**EXHIBIT A**

**INTERIM COMPENSATION ORDER**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11** |
| **LEHMAN BROTHERS HOLDINGS, INC. *et al.*,** | : | **Case No. 08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon the notice of presentment of the proposed Fourth Amended Order; and the Court having jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the proposed Fourth Amended Order and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket No. 4165], governing the procedures for interim monthly compensation and reimbursement of expenses of professionals; and the Court then concluding that there is cause to make certain amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended Order being in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion and the proposed Fourth Amended Order establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation Procedures**"):

(a) On or before the forty-fifth (45th) day following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional or a professional retained by the Examiner appointed in these Chapter 11 cases, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin, Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may be amended from time to time, the "Fee Protocol") c/o Godfrey & Kahn, S.C., One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "Notice Parties"). In addition to being served with a paper copy, the Office of the United States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers Holdings, Inc. shall also be served with a disc containing an electronic version of the Monthly Statement.

(b) The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Fourth Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c) Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d) Each Notice Party shall have at least thirty (30) days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or expense reimbursement sought in a particular statement, such Notice Party shall, no later than the thirty-first (31st) day following receipt of the Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e) At the expiration of the Monthly Statement Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f) If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g) If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn or modified and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h) All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i) The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code, including any final application.

(j) Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "**Interim**

Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k) The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l) The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m) Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n) Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o) Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "**OCP Order**")) or a professional retained by the Examiner seeks more than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

date from the Court for the hearing of the fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
April 14, 2011

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

**EXHIBIT B**

**INVOICES OCTOBER 2011, NOVEMBER 2011, DECEMBER 2011, JANUARY 2012, FEBRUARY 2012, MARCH 2012**

File **301182**
16361

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from October 1, 2011
to October 31, 2011

**Total per lawyer**

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011 = 1,4001

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 1356 | 6 667,00 | 9 334,47 |
| KB | Katia BARTHOLOME | 210 | 892,50 | 1 249,59 |
| RB | Rina BREININGER | 462 | 3 234,00 | 4 527,92 |
| | | 2028 | 10 793,50 | 15 111,98 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011 [illegible] | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 03/10/2011 | JEB | Tel. conversation with Mrs Scarcelli (Interconsult) regarding progress in the assessment of the situation of Entrada II and Mansfield II and possible mandates to be undertaken by Interconsult | 12 | 59,00 | 82,61 |
| 1900 | 03/10/2011 | JEB | Study of the file : email of A. Scarcelli and quick review of enclosed bank statement setting forth payments made by Brasstown Mansfield I SCA | 12 | 59,00 | 82,61 |
| 1900 | 03/10/2011 | JEB | Correspondance with Interconsult re: update on Mansfield II and Entrada II further to call with them | 12 | 59,00 | 82,61 |
| 1900 | 03/10/2011 | JEB | Correspondance with Majeed - re: bank statement setting forth payments done by Brasstown Entrada I S.C.A. | 6 | 29,50 | 41,30 |
| 1900 | 04/10/2011 | JEB | Study of the file : email of Mr. Debaty confirming Interconsult's agreement to be appointed as managers of Entrada II and Mansfield II | 6 | 29,50 | 41,30 |
| 1900 | 04/10/2011 | KB | Drawing first draft acknowledgment and amendment agreement to the transfer agreement for the company Mansfield I SCA | 48 | 204,00 | 285,62 |
| 1900 | 05/10/2011 | JEB | Tel. conversation with Interconsult (assistant of Mr. Debaty) re: supplemental Informations required | 6 | 29,50 | 41,30 |
| 1900 | 05/10/2011 | JEB | Study of the file : email of Mr. Debaty regarding financials as of 30 Sept. 2011 for Brasstown Entrada I SCA and Brasstown Mansfield I SCA | 12 | 59,00 | 82,61 |
| 1900 | 05/10/2011 | RB | Study of the file email of Mr. Debaty confirming Interconsult's agreement to be appointed as managers of Entrada II and Mansfield II | 6 | 42,00 | 58,80 |
| 1900 | 05/10/2011 | RB | Study of the file email of Interconsult setting forth the loan amounts/debt amounts/transfers to be retained/considered and made with respect to closing of liquidation | 12 | 84,00 | 117,61 |
| 1900 | 07/10/2011 | JEB | Study of the file : email exchange between Interconsult and Majeed regarding Entrada Balances/Provision for 2007 and provisions/payments until closing of liquidations | 18 | 88,50 | 123,91 |
| 1900 | 07/10/2011 | JEB | Internal meeting between JEB and KB regarding amendments to be made to draft agreements for both Brasstown SCAs | 18 | 88,50 | 123,91 |
| 1900 | 07/10/2011 | KB | Internal meeting between JEB and KB regarding amendments to be made to draft agreements for both Brasstown SCAs | 18 | 76,50 | 107,11 |
| 1900 | 07/10/2011 | KB | Drawing / amending drafts substitution agreement and transfer agreement for the company Entrada I SCA and Mansfield I SCA | 120 | 510,00 | 714,05 |
| 1900 | 07/10/2011 | RB | Study of the file email of Majeed (regarding cash advances to be made) | 12 | 84,00 | 117,61 |
| 1900 | 07/10/2011 | RB | Study of the file Brasstown entities drafts of (provisional) financial accounts as at September 30, 2011 in relation to contemplated closing of the liquidations-countercheck with figures in the email of the liquidator | 36 | 252,00 | 352,83 |
| 1900 | 10/10/2011 | RB | Study of the file email exchange between Interconsult and Majeed regarding Brasstown entities - Balances/Provision for 2007 to be made -open items | 18 | 126,00 | 176,41 |
| 1900 | 11/10/2011 | JEB | Study of the file : email of A. Scarcelli and quick review of enclosed bank statements for both Brasstown Entrada I Sca et Brasstown Mansfield I Sca | 12 | 59,00 | 82,61 |
| 1900 | 11/10/2011 | JEB | Review/Analysis of in details of Brasstown Entrada I SC interim accounts as at 30 September 2011 transmitted by JM Debaty (Interconsult), annual accounts 2007 and movements during year 2007 in order to update / finalize draft transfer agreement accordingly | 210 | 1 032,50 | 1 445,60 |
| 1900 | 12/10/2011 | JEB | Tel. conversation with Mr. Debaty in order to try to clarify inconsistencies/unclear items in the figures for Entrada SCA and consequences on required agreements | 48 | 236,00 | 330,42 |
| 1900 | 12/10/2011 | JEB | Review/Analysis of detailed calculation spreadsheet transmitted by Mr. Debaty | 108 | 531,00 | 743,45 |
| 1900 | 12/10/2011 | JEB | Tel. conversation with / further call with Mr. Debaty to try to clarify still unclear items in view of finalizing agreements for Entrada SCA based on new spreadsheet received from him | 102 | 501,50 | 702,15 |
| 1900 | 12/10/2011 | JEB | Tel. conversation with Catherine Trapani (Ernst & Young) regarding still unclear figures/items in the accounts of Entrada, especially regarding underlying docs and/or explanations and impact on transfer agreements | 24 | 118,00 | 165,21 |
| 1900 | 12/10/2011 | JEB | Study of the file : email of A. Scarcelli and quick review of enclosed bank statement for Entrada SCA | 6 | 29,50 | 41,30 |
| 1900 | 12/10/2011 | JEB | Drawing provisional amendments/updates to draft transfer agreement for Entrada SCA further to various calls with Mr. Debaty and Mrs. Trapani | 30 | 147,50 | 206,51 |
| 1900 | 12/10/2011 | JEB | Review/Analysis of the figures set forth in the initial transfer agreement dated 2007 and the EGM of october 2007 relating to Entrada SCA | 60 | 295,00 | 413,03 |
| 1900 | 12/10/2011 | RB | Study of the file various bank statements transmitted by Interconsult | 12 | 84,00 | 117,61 |
| 1900 | 13/10/2011 | JEB | Review/Analysis of figures and relevant underlying documents regarding Mansfield I SCA in order to update agreements as needed | 132 | 649,00 | 908,66 |
| 1900 | 13/10/2011 | RB | Study of the file update status Brasstown entities (liquidation) after call with Interconsult (liquidator) and EY (commissaire à la liquidation) | 18 | 126,00 | 176,41 |
| 1900 | 14/10/2011 | JEB | Review/Analysis of final reconciliation figures sent by Majeed | 72 | 354,00 | 495,64 |
| 1900 | 14/10/2011 | JEB | Tel. conversation with Majeed regarding steps and documentation for Entrada II Sàrl and Mansfield I Sàrl | 12 | 59,00 | 82,61 |
| 1900 | 14/10/2011 | JEB | Correspondance with Majeed: re: Entrada II Sàrl and Mansfield II Sàrl | 18 | 88,50 | 123,91 |
| 1900 | 14/10/2011 | JEB | Tel. conversation with Mr Debaty regarding Entrada II Sàrl and Mansfield II Sàrl (mandates as liquidator / manager) | 12 | 59,00 | 82,61 |
| 1900 | 14/10/2011 | JEB | Tel. conversation with Majeed Iqbal to clarify outstanding items in the Brasstown figures | 48 | 236,00 | 330,42 |
| 1900 | 14/10/2011 | JEB | Drawing internal memo regarding evolution of figures and restructure seps of Brasstown Entrada I SCA since 2007 further to call and final figures sent by Majeed | 90 | 442,50 | 619,54 |
| 1900 | 14/10/2011 | JEB | Tel. conversation with Mr. Debaty further to call and final figures sent by Majeed | 36 | 177,00 | 247,82 |
| 1900 | 14/10/2011 | KB | Review/Analysis of articles of association of Mansfield II and Entrada II in relation to the possibility of circular resolution, conference call, proxy for meeting of managers and for meeting of shareholders | 24 | 102,00 | 142,81 |
| 1900 | 14/10/2011 | RB | Study of the file email regarding Mansfield II and Entrada II -steps to be undertaken in order to be able to liquidate the companies in compliance with Luxembourg law provisions | 18 | 126,00 | 176,41 |
| 1800 | 17/10/2011 | JEB | Study of the file :emails of A. Scarcelli and quick review of the enclosed tax statements for both Brasstown SCAs | 18 | 88,50 | 123,91 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1900 | 18/10/2011 | JEB | Study of the file : email of Majeed regarding upstreaming the assets and liabilities of both Brasstown SCAs to LBHI instead of 314 | 6 | 29,50 | 41,30 |
| 1900 | 18/10/2011 | JEB | Review/Analysis of draft agreements on basis of Majeed's new request/strategy - re:upstreaming the assets and liabilities of both Brasstown SCAs to LBHI instead of 314 | 30 | 147,50 | 206,51 |
| 1900 | 18/10/2011 | RB | Study of the file email exchange with Interconsult (Brasstown entities updated bank statements/fiscal statements) | 18 | 126,00 | 176,41 |
| 1900 | 27/10/2011 | JEB | Internal meeting between / with Rina regarding actual stage of the Brasstown files and further steps to be undertaken further to Majeed's email regarding change of strategy (re: upstreaming directly to LBHI) | 42 | 206,50 | 289,12 |
| 1900 | 27/10/2011 | JEB | Study of the file : quick review of the documentation in relation to Brasstown Entrada I SCA in order to make necessary updates to draft agreements further to Majeed's request | 48 | 236,00 | 330,42 |
| 1900 | 27/10/2011 | RB | Internal meeting between / with Rina regarding actual stage of the Brasstown files and further steps to be undertaken further to Majeed's email regarding change of strategy (re: upstreaming directly to LBHI) | 42 | 294,00 | 411,63 |
| 1900 | 27/10/2011 | RB | Review/Analysis of Brasstown entities (Entrada / Mansfield, relevant documents for closing of liquidation Entrada / Mansfield balance sheets 2009/2010, tax assessments 2009/2010, deposited accounts 2007, reconciliation sheets 2007, Interconsult draft liquidation balance of | 180 | 1 260,00 | 1 764,13 |
| 1900 | 31/10/2011 | JEB | Tel. conversation with A. Scarcelli (Interconsult) regarding letter of the bank to close down Brasstown's bank account -re: alternatives | 18 | 88,50 | 123,91 |
| 1900 | 31/10/2011 | JEB | Internal meeting between Rina/Jérôme points to be discussed with liquidator/EY/steps to be undertaken -amendments to be made to documents further to structure change | 72 | 354,00 | 495,64 |
| 1900 | 31/10/2011 | RB | Internal meeting between Rina/Jérôme points to be discussed with liquidator/EY/steps to be undertaken -amendments to be made to documents further to structure change | 72 | 504,00 | 705,65 |
| 1900 | 31/10/2011 | RB | Study of the file email of Interconsult transmitting letter of BGL Paribas (terminating relationship with Mansfield SCA and BGL Paribas general terms and conditions attached thereto) | 18 | 126,00 | 176,41 |
| | | | **Total fee** | | **10 793,50** | **15 111,98** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - filed 2007 annual accounts of Brasstown Entrada I SCA and Brasstown Mansfield I SCA (re: achievement of closing of liquidations) | | 5,76 | 8,06 |
| | | | **Total paid disbursements** | | **5,76** | **8,06** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **10 799,26** | **15 120,04** |

**File** **301207**
16366

from October 1, 2011
to October 31, 2011

**LBHI - General Queries 2010**

Detail of our fee note

**Total per lawyer**

**Author:**
Converted at the official Euro/US$ exchange rate of the European Central Bank as at October 31, 2011: [illegible]

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 318 | 1 563,50 | 2 189,06 |
| KB | Katia BARTHOLOME | 756 | 3 213,00 | 4 498,52 |
| RB | Rina BREININGER | 132 | 924,00 | 1 293,69 |
| | | 1206 | 5 700,50 | 7 981,27 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 1800 | 05/10/2011 | RB | Study of the file LBHH (explanations given by GTF regarding tax assessment 2008 and following years) | 18 | 126,00 | 176,41 |
| 1900 | 06/10/2011 | JEB | Study of the file : email of Majeed regarding the intention of A&M to dissolve a company called ELN securitization S.à r.l. | 6 | 29,50 | 41,30 |
| 1900 | 06/10/2011 | JEB | Study of the file : summary review of RCS extract, articles of association and shareholder's register relating to ELN Securitization S. àr.l. further to Majeed' request | 60 | 295,00 | 413,03 |
| 1900 | 10/10/2011 | JEB | Study of the file : email of James Parker and quick review of enclosed draft annual accounts for the years 2006 to 2010 (re: LBHH) | 54 | 265,50 | 371,73 |
| 1900 | 10/10/2011 | RB | Study of the file LBHI email of James (regarding approval of accounts 2008/2009 and 2010) | 12 | 84,00 | 117,61 |
| 1900 | 11/10/2011 | JEB | Review/Analysis of RCS excerpt, updated articles of association and internal regulation of Lehman Brothers Helsinki Holdigns further to James Parker' queries regarding the way to approve the annual accounts of this entity | 60 | 295,00 | 413,03 |
| 1900 | 11/10/2011 | JEB | Study of the file : email of Shirley and quick review of enclosed list of Luxcos -re: request regarding status of certain Lehman Luxcos (Comoros Investments S.à r.l., Neidpath Investments S.à r.l., Malpas Investments S.à r.l., Galleon Luxembourg Investments S.à r.l., Galle | 30 | 147,50 | 206,51 |
| 1900 | 11/10/2011 | JEB | Study of the file : email of Shirley Houghton regarding shortly finalization of LBHH accounts and approval process | 6 | 29,50 | 41,30 |
| 1900 | 12/10/2011 | KB | Drawing memo in relation to brief overview of the Luxembourg companies listed in the email of Shirley Houghton | 180 | 765,00 | 1 071,08 |
| 1900 | 12/10/2011 | KB | Preparation draft email Shirley Houghton in relation to Luxembourg companies | 18 | 76,50 | 107,11 |
| 1900 | 12/10/2011 | KB | Review/Analysis of questions in the email of Villar Rosy dated October 11, 2011 (signatories of Luxembourg entities) | 90 | 382,50 | 535,54 |
| 1900 | 12/10/2011 | KB | Preparation draft email to Villar Rosy in relation to signatories of Luxembourg entities | 12 | 51,00 | 71,41 |
| 1900 | 12/10/2011 | RB | Study of the file : email of Shirley requesting update on status of certain Lehman Luxcos (Comoros Investments S.à r.l., Neidpath Investments S.à r.l., Malpas Investments S.à r.l., Galleon Luxembourg Investments S.à r.l., Galleon Luxembourg Funding S.à r.l.) | 12 | 84,00 | 117,61 |
| 1900 | 12/10/2011 | RB | Study of the file email of Shirley (regarding finalisation of a/c 2006 to 2010) | 6 | 42,00 | 58,80 |
| 1900 | 12/10/2011 | RB | Study of the file email of Rosy Villar requesting update on Lehman Brothers (Luxembourg) Equity Finance S.A., Luxembourg Residential Properties Loan Finance S.à.r.l., Luxembourg Residential Properties Loan Finance 2 S.à.r.l.., Luxembourg Finance S.à.r.l. | 12 | 84,00 | 117,61 |
| 1900 | 13/10/2011 | JEB | Correspondance with James and Shirley regarding the process for the approval of the annual accounts of LBHH | 24 | 118,00 | 165,21 |
| 1900 | 13/10/2011 | KB | Drawing fax to the Luxembourg register of commerce and companies in relation to the mistake in the extract for the name of the bankruptcy receiver of the company Lehman Brothers (Luxembourg) Equity Finance S.A. | 24 | 102,00 | 142,81 |
| 1900 | 14/10/2011 | JEB | Review/Analysis of email exchange with Shirley regarding current status of various Lux LB entities (Comoros, Neidpath, ...) | 18 | 88,50 | 123,91 |
| 1900 | 14/10/2011 | KB | Tel. conversation with Luxembourg register of commerce and companies in relation to the extract for the company Lehman Brothers (Luxembourg) Equity Finance S.A. | 12 | 51,00 | 71,41 |
| 1900 | 14/10/2011 | KB | Correspondance with Rosy Villar in relation to signatories of Lehman entities | 18 | 76,50 | 107,11 |
| 1900 | 14/10/2011 | KB | Correspondance with Shirley Houghton in relation to Lehman entities and memo | 24 | 102,00 | 142,81 |
| 1900 | 14/10/2011 | RB | Study of the file email exchange regarding LBHI-approval of 2006 to 2010 accounts-explanations given by Shirley with respect to finacial figures-to be updated | 24 | 168,00 | 235,22 |
| 1900 | 14/10/2011 | RB | Study of the file email exchange with Shirley regarding update on Luxembourg Conpanies (Comoros Investments S.à r.l./Neidpath Investments S.à r.l/Malpas Investments S.à r.l./ Galleon Luxembourg Investments S.à r.l./ Galleon Luxembourg Funding S.à r.l.)-RCS extracts relati | 36 | 252,00 | 352,83 |
| 1900 | 14/10/2011 | RB | Study of the file email of Rosy Villar requesting update on Lehman Brothers (Luxembourg) Equity Finance S.A., Luxembourg Residential /email answer to Rosy Villar regarding update on Properties Loan Finance S.à.r.l., Luxembourg Residential Properties Loan Finance 2 S.à.r.l. | 12 | 84,00 | 117,61 |
| 1900 | 25/10/2011 | KB | Preparation of a draft email / memo to Majeed Iqbal in relation to liquidation of ELN Securitisation Luxembourg S.à r.l. | 90 | 382,50 | 535,54 |
| 1900 | 27/10/2011 | JEB | Study of the file : email of Shirley - and quick review of enclosed finalized accounts - re: approval of accounts of LBHH | 18 | 88,50 | 123,91 |
| 1900 | 27/10/2011 | JEB | Internal meeting between Jérôme and Katia regarding amendments to be made to LBHH approval documents further to Shirley's email | 12 | 59,00 | 82,61 |
| 1900 | 27/10/2011 | KB | Internal meeting between Jérôme and Katia regarding amendments to be made to LBHH approval documents further to Shirley's email | 12 | 51,00 | 71,41 |
| 1900 | 27/10/2011 | KB | Drawing / updating circular resolution and shareholder's resolution for the company Lehman Brothers Helsinki Holdings S.à r.l. in relation to approval of 2006, 2007, 2008, 2009, 2010 annual accounts further to Shirley's email | 120 | 510,00 | 714,05 |
| 1900 | 27/10/2011 | KB | Drawing draft step plan for the company Lehman Brothers Helsinki Holdings S.à r.l. in relation to approval of 2006, 2007, 2008, 2009 and 2010 annual accounts further to Shirley's request | 30 | 127,50 | 178,51 |
| 1900 | 27/10/2011 | KB | Legal research in relation to article 100 of the Luxembourg law of August 10, 1915 on commercial companies and decrease of the corporate capital of the company Lehman Brothers Helsinki Holdings S.à r.l. | 30 | 127,50 | 178,51 |
| 1900 | 28/10/2011 | KB | Drawing / finalizing documents in relation to the approval of annual accounts of LBHH | 72 | 306,00 | 428,43 |
| 1900 | 31/10/2011 | JEB | Study of the file : email exchange with Shirley and enclosed draft documents (re: approval of account 2006 to 2010 for LBHH) | 30 | 147,50 | 206,51 |
| 1900 | 31/10/2011 | KB | Correspondance with Shirley Houghton re: requested documents in relation to the approval of 2006,2007,2008,2009 and 2010 annual accounts for Lehman Brothers Helsinki Holdings S.à r.l. | 24 | 102,00 | 142,81 |
| | | | **Total fee** | | **5 700,50** | **7 981,27** |
| | | | | | | |
| | | | **Paid disbursements** | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | Invoice Trade and Companies Register - excerpts relating to (i) Galleon Luxembourg Funding S.à r.l., (ii) Galleon Luxembourg Investments S.à r.l., (iii) Malpas Investments S.à r.l., (iv) Neidpath Investments S.à r.l. and (v) Comoros Investments S.à r.l., further to Shirley's request | | 59,95 | 83,94 |
| | | | Invoice Trade and Companies Register - excerpt relating to Lehman Brothers (Luxembourg) Equity Finance S.A. further to Rosy Villar's request | | 11,99 | 16,79 |
| | | | Invoice Trade and Companies Register - excerpts relating to (i) Luxembourg Residential Properties Loan Finance 2 S.à r.l., (ii) Luxembourg Finance S.à r.l. and (iii) Luxembourg Residential Properties Loan Finance S.à r.l.; and updated articles of association of Luxembourg Residential Properties Loan Finance S.à r.l. further to Rosy Villar's request | | 38,85 | 54,39 |
| | | | **Total paid disbursements** | | **110,79** | **155,12** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **5 811,29** | **8 136,39** |

**File 301702**
**16358**

**LBHI - Special Counsel Procedure**
Detail of our fee note

from October 1, 2011
to October 31, 2011

**Total per lawyer**

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011 (1.4000)

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 96 | 472,00 | 660,85 |
| RB | Rina BREININGER | 30 | 210,00 | 294,02 |
| | | 126 | 682,00 | 954,87 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 07/10/2011 | JEB | Study of the file : email of D. Ehrmann (A&M) requesting October forecast | 6 | 29,50 | 41,30 |
| 4600 | 07/10/2011 | JEB | Préparation requested October forecast | 12 | 59,00 | 82,61 |
| 4600 | 07/10/2011 | JEB | Correspondance with John Keen - re: transmission of requested October forecast | 6 | 29,50 | 41,30 |
| 4600 | 14/10/2011 | JEB | Study of the file : email of GK law and enclosed memo from the Fee Committee - re: hourly rates | 18 | 88,50 | 123,91 |
| 4600 | 14/10/2011 | RB | Study of the file : email of GK law and enclosed memo from the Fee Committee - re: hourly rates | 18 | 126,00 | 176,41 |
| 4600 | 25/10/2011 | JEB | Study of the file : email of GK Law and quick review of draft sixth interim compensation order | 12 | 59,00 | 82,61 |
| 4600 | 31/10/2011 | JEB | Review/Analysis of Order M-425 further to Monica's email (GK Law) - re: draft order sixth interim application | 18 | 88,50 | 123,91 |
| 4600 | 31/10/2011 | JEB | Correspondance with Monical (GK Law) - re: KGA comments to draft order sixth interim application | 24 | 118,00 | 165,21 |
| 4600 | 31/10/2011 | RB | Study of the file email to Monica (comments on 6th interim application) | 12 | 84,00 | 117,61 |
| | | | **Total fee** | | **682,00** | **954,87** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **682,00** | **954,87** |

File **301778** **LBHI - Preparation Monthly Statements & Fee Applications**
16364 Detail of our fee note

from October 1, 2011
to October 31, 2011

Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011: 1,4001

**Total per lawyer**

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 690 | 3 392,50 | 4 749,84 |
| KB | Katia BARTHOLOME | 558 | 2 371,50 | 3 320,34 |
| RB | Rina BREININGER | 6 | 42,00 | 58,80 |
| | | 1254 | 5 806,00 | 8 128,98 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 4600 | 03/10/2011 | JEB | Correspondance with John Keen -re: missing payments for April and May 2011 | 12 | 59,00 | 82,61 |
| 4600 | 03/10/2011 | KB | Drawing first draft sixth interim fee application (start) | 240 | 1 020,00 | 1 428,10 |
| 4600 | 04/10/2011 | RB | Study of the file email exchange with John (missing payments) | 6 | 42,00 | 58,80 |
| 4600 | 07/10/2011 | JEB | Preparation of KGA September monthly statement | 222 | 1 091,50 | 1 528,21 |
| 4600 | 07/10/2011 | JEB | Correspondance with US Trustee -re: September monthly statement | 6 | 29,50 | 41,30 |
| 4600 | 07/10/2011 | JEB | Correspondance with Fee Committee -re: September monthly statement and electronic invoices | 12 | 59,00 | 82,61 |
| 4600 | 07/10/2011 | JEB | Correspondance with John Keen -re: September monthly statement | 6 | 29,50 | 41,30 |
| 4600 | 07/10/2011 | JEB | Correspondance with BrownGreer -re: September monthly statement and electronic invoices | 12 | 59,00 | 82,61 |
| 4600 | 10/10/2011 | KB | Preparation of the sixth interim fee application (calculations and some exhibits thereto) | 138 | 586,50 | 821,16 |
| 4600 | 11/10/2011 | KB | Drawing sixth interim fee application (continuation) | 180 | 765,00 | 1 071,08 |
| 4600 | 13/10/2011 | JEB | Review/Analysis of first draft sixth interim application | 120 | 590,00 | 826,06 |
| 4600 | 17/10/2011 | JEB | Review/Analysis of figures / calculations set forth in draft sixth interim fee application | 90 | 442,50 | 619,54 |
| 4600 | 17/10/2011 | JEB | Drawing /amending draft sixth interim fee application (except exhibit D) | 72 | 354,00 | 495,64 |
| 4600 | 18/10/2011 | JEB | Drawing /finalizing draft sixth interim fee application (except exhibit D) | 90 | 442,50 | 619,54 |
| 4600 | 18/10/2011 | JEB | Drawing exhibit D to be attached to sixth interim fee application (summary per task code) | 48 | 236,00 | 330,42 |
| | | | **Total fee** | | **5 806,00** | **8 128,98** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of September Monthly Statement to all the Notice Parties in accordance with the Fourth Amended Interim Compensation Order | | 206,48 | 289,09 |
| | | | **Total paid disbursements** | | **206,48** | **289,09** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **6 012,48** | **8 418,07** |

File **302467**
16365

**LBHI - Lehman Brothers (Luxembourg) SA in liquidation**

Detail of our fee note

from October 1, 2011
to October 31, 2011

**Author:**
**Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011 [illegible]**

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 78 | 546,00 | 764,45 |
| MK | Marc KLEYR | 840 | 5 880,00 | 8 232,59 |
| | | 918 | 6 426,00 | 8 997,04 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 01/10/2011 | MK | Review/Analysis of the draft Settlement Agreement between LBHI and other debtors under chapt. 11 and LBIE and other UK affiliates received by Weil team on 30 sept 2011 // | 96 | 672,00 | 940,87 |
| 2500 | 03/10/2011 | MK | Review/Analysis of latest version of draft writ of summons (french version) for shadow management against LBIE prepared by the liquidators of LB Lux / / | 36 | 252,00 | 352,83 |
| 2500 | 03/10/2011 | MK | Drawing e-mail with Lux liquidators re: third party intervention | 6 | 42,00 | 58,80 |
| 2500 | 03/10/2011 | MK | Drawing e-mail to Hannah Field re: third party intervention | 6 | 42,00 | 58,80 |
| 2500 | 03/10/2011 | PS | Review/Analysis of e-mail from M. Kleyr to H. Field re: third party intervention | 6 | 42,00 | 58,80 |
| 2500 | 03/10/2011 | PS | Review/Analysis of e-mail from H. Field to keep everything on hold re: LBHI third party intervention | 6 | 42,00 | 58,80 |
| 2500 | 03/10/2011 | PS | Review/Analysis of e-mails from L. Fisch with French and Enlish version of writ of summons against LBIE for shadow management | 6 | 42,00 | 58,80 |
| 2500 | 03/10/2011 | PS | Review/Analysis of latest version of draft writ of summons (french version) for shadow management against LBIE prepared by the liquidators of LB Lux / / | 36 | 252,00 | 352,83 |
| 2500 | 04/10/2011 | MK | Tel. conversation with Laurent Fisch / discussiong claims filed by third parties (other than LBHI and LBIE) in the liquidation of LB Lux // | 18 | 126,00 | 176,41 |
| 2500 | 04/10/2011 | MK | Drawing e-mail to Hannah with 2 comments on the draft Settlement Agreement (between LBHI and other debtors under chapt. 11 and LBIE and other UK affiliates) as regards LB Lux / section 2.08. / | 18 | 126,00 | 176,41 |
| 2500 | 07/10/2011 | MK | Tel. conversation with / conf call with Daniel Ehrmann reporting on discussion with Jacques Delvaux // re.: draft settlement of LBHI with Luxembourg entities | 24 | 168,00 | 235,22 |
| 2500 | 11/10/2011 | MK | Tel. conversation with Jacques Delvaux / re.: proposed settlement between LBLux and LBHI / | 18 | 126,00 | 176,41 |
| 2500 | 11/10/2011 | MK | Review/Analysis of highlevel review / of the financial information documents sent by Delvaux and Fisch regarding LB Lux (start) // | 24 | 168,00 | 235,22 |
| 2500 | 12/10/2011 | MK | Review/Analysis of the draft settlement agreement proposed by LBHI for LB Lux | 66 | 462,00 | 646,85 |
| 2500 | 12/10/2011 | MK | Review/Analysis of the financial information documents sent by Delvaux and Fisch regarding LBLux (continuation) // | 30 | 210,00 | 294,02 |
| 2500 | 13/10/2011 | MK | Review/Analysis of e-mail answers and memorandum sent on 12/10/2011 by Steve Nietupsky of A&M to the lux liquidators / re.: settlement proposal / | 24 | 168,00 | 235,22 |
| 2500 | 18/10/2011 | MK | Review/Analysis of the new draft wording of the draft settlement agreement between LBHI and LBIE as regards the liquidation of LBLux // | 66 | 462,00 | 646,85 |
| 2500 | 18/10/2011 | MK | Drawing comments for Hannah Field / Weil team / on the new draft wording of the draft settlement agreement between LBHI and LBIE as regards the liquidation of LBLux // | 36 | 252,00 | 352,83 |
| 2500 | 18/10/2011 | MK | Drawing e-mail to Hannah Field attaching the comments on the new draft wording of the draft settlement agreement between LBHI and LBIE as regards the liquidation of LBLux // | 6 | 42,00 | 58,80 |
| 2500 | 18/10/2011 | MK | Review/Analysis of draft settlement agreement between LBHI and LBLUX received on 15/11/2011 >> start | 96 | 672,00 | 940,87 |
| 2500 | 18/10/2011 | PS | Drawing e-mail from H. Field re: request to review LBIE-LBLUX section in the settlement agreement | 6 | 42,00 | 58,80 |
| 2500 | 18/10/2011 | PS | Drawing e-mail to H. Field to send us LBIE-LBLUX section of the settlement agreement | 6 | 42,00 | 58,80 |
| 2500 | 18/10/2011 | PS | Review/Analysis of e-mail from L. Cradduck with copy of the LBIE-LBLUX section of the settlement agreement | 6 | 42,00 | 58,80 |
| 2500 | 19/10/2011 | MK | Review/Analysis of draft settlement agreement between LBHI and LBLUX received on 15/11/2011 >> continued | 36 | 252,00 | 352,83 |
| 2500 | 19/10/2011 | MK | Drawing comments and changes into draft settlement agreement between LBHI and LBLUX received on 15/11/2011 // | 42 | 294,00 | 411,63 |
| 2500 | 19/10/2011 | MK | Correspondance with / e-mail with Lee Golberg / sent comments on draft settlement agreement between LBHI and LBLUX // | 6 | 42,00 | 58,80 |
| 2500 | 20/10/2011 | MK | Review/Analysis of questions from Lee Goldberg received 20/10 in the morning | 24 | 168,00 | 235,22 |
| 2500 | 20/10/2011 | MK | Drawing / drafting answers to the questions from Lee Goldberg received 20/10 in the morning | 30 | 210,00 | 294,02 |
| 2500 | 23/10/2011 | MK | Review/Analysis of amended version of draft settlement agreement between LBHI and LBEF received on 21/10/201, the amended version received on 22/10/2011 and the e-mail comments received on 23/10/2011 // | 66 | 462,00 | 646,85 |
| 2500 | 25/10/2011 | MK | Tel. conversation with Delvaux to discuss the process of the admittance of the Allowed LBHI Claim on a Luxembourg court list after court appoval of the settlement | 24 | 168,00 | 235,22 |
| 2500 | 25/10/2011 | MK | Review/Analysis of new version of draft Settlement Agreement with LBLSA received in the morning | 30 | 210,00 | 294,02 |
| 2500 | 25/10/2011 | MK | Drawing e-mail to Lee Goldberg / re process of admittance of claims in the liquidation of LBLSA // | 12 | 84,00 | 117,61 |
| 2500 | 26/10/2011 | PS | Drawing e-mail to H. Field re: rescheduling of LBIE claim rejection procedure to 25.01.2012 (delay granted to Me Loesch to file his brief of defence) | 6 | 42,00 | 58,80 |
| | | | Total fee | | 6 426,00 | 8 997,04 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 6 426,00 | 8 997,04 |

File 111400
16363

**LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A.**

Detail of our fee note

from October 1, 2011
to October 31, 2011

**Total per lawyer**

Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at October 31, 2011: [illegible]

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| MK | Marc KLEYR | 426 | 2 982,00 | 4 175,10 |
| | | 426 | 2 982,00 | 4 175,10 |

| File | 111400 | | LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | October 1, 2011 | | | |
| | | to | October 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 11/10/2011 | MK | Review/Analysis of / highlevel review / of the financial information documents sent by Delvaux and Fisch regarding LBLEF // | 24 | 168,00 | 235,22 |
| 2500 | 11/10/2011 | MK | Tel. conversation with Jacques Delvaux / re.: proposed settlement between LBLEF and LBHI / | 18 | 126,00 | 176,41 |
| 2500 | 12/10/2011 | MK | Review/Analysis of the draft settlement agreement proposed by LBHI for LBLEF // | 30 | 210,00 | 294,02 |
| 2500 | 18/10/2011 | MK | Review/Analysis of draft Settlement Agreement to be entered into by LBHI (debtors) and LBIM and with LBEF (Delvaux and Fisch) | 72 | 504,00 | 705,65 |
| 2500 | 18/10/2011 | MK | Review/Analysis of e-mail from Lee Goldberg / re: difference between senior and non senior claims | 6 | 42,00 | 58,80 |
| 2500 | 18/10/2011 | MK | Drawing e-mail to Lee Goldberg e-mail from Lee Goldberg / re: difference between senior and non senior claims | 12 | 84,00 | 117,61 |
| 2500 | 19/10/2011 | MK | Review/Analysis of draft settlement agreement (old version 15/9/ between LBHI and LBEF containing the comments and new wording from the Lux receivers in sections 4.1, 4.2, 13 and 14 (received on 18/10/2011 from Lee Goldberg) | 66 | 462,00 | 646,85 |
| 2500 | 19/10/2011 | MK | Drawing / drafting e-mail to Lee Goldberg with comments on new wording from the Lux receivers in sections 4.1, 4.2, 13 and 14 of the draft settlement agreement (old version 15/9) between LBHI and LBEF | 54 | 378,00 | 529,24 |
| 2500 | 20/10/2011 | MK | Review/Analysis of questions from Lee Goldberg received 20/10 in the morning | 24 | 168,00 | 235,22 |
| 2500 | 20/10/2011 | MK | Drawing / drafting answers to the questions from Lee Goldberg received 20/10 in the morning | 30 | 210,00 | 294,02 |
| 2500 | 23/10/2011 | MK | Review/Analysis of amended version of draft settlement agreement between LBHI and LBEF received on 21/10/201, the amended version received on 22/10/2011 and the e-mail comments received on 23/10/2011 // | 66 | 462,00 | 646,85 |
| 2500 | 25/10/2011 | MK | Review/Analysis of new version of draft Settlement Agreement with LBEF received in the morning | 24 | 168,00 | 235,22 |
| | | | **Total fee** | | **2 982,00** | **4 175,10** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 982,00** | **4 175,10** |

File **301182**
**16679**

**LBHI - Promissory Notes/Securities**
**Detail of our fee note**

from November 1, 2011
to November 30, 2011

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 1164 | 5 723,00 | 7 655,66 |
| KB | Katia BARTHOLOME | 300 | 1 275,00 | 1 705,57 |
| RB | Rina BREININGER | 342 | 2 394,00 | 3 202,45 |
| | | 1806 | 9 392,00 | 12 563,68 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 02/11/2011 | RB | Study of the file email of Interconsult in relation to Brasstown entities (accepting transfer on third party account) | 6 | 42,00 | 56,18 |
| 1900 | 03/11/2011 | JEB | Study of the file : email of Majeed - re: John Keen's approval on domiciliation agreements for Entrada II and Mansfield II | 6 | 29,50 | 39,46 |
| 1900 | 03/11/2011 | JEB | Study of the file : email of A. Scarcelli confirming possibility to use Interconsult's escrow account for Mansfield SCA | 6 | 29,50 | 39,46 |
| 1900 | 03/11/2011 | JEB | Tel. conversation with Majeed regarding need for additional explanations with respect to final figures for Mansfield SCA and further agreements to be signed by Entrada II and Mansfield II | 12 | 59,00 | 78,92 |
| 1900 | 03/11/2011 | JEB | Study of the file : email of Paul Copperwaite regarding bank statements for Entrada II and Mansfield II | 6 | 29,50 | 39,46 |
| 1900 | 03/11/2011 | JEB | Correspondance with Paul Copperwaite regarding his request (re: bank statements for Entrada II and Mansfield II) | 6 | 29,50 | 39,46 |
| 1900 | 03/11/2011 | JEB | Correspondance with A. Scarcelli further to Paul's request (re: bank statements for Entrada II and Mansfield II) | 6 | 29,50 | 39,46 |
| 1900 | 04/11/2011 | JEB | Tel. conversation with Mr. Debaty regarding liquidation process / further steps and need to circulate urgently mandate agreeements for Entrada II and Mansfield II | 24 | 118,00 | 157,85 |
| 1900 | 04/11/2011 | JEB | Drawing draft transfer and netting agreement further to the change of strategy of transfer of claims from Entrada directly to LBHI | 108 | 531,00 | 710,32 |
| 1900 | 04/11/2011 | JEB | Drawing /updating draft acknowledgment, amendment and restatement agreement further to the change of strategy of transfer of claims from Entrada to LBHI | 60 | 295,00 | 394,62 |
| 1900 | 04/11/2011 | JEB | Drawing summary memo regarding evolution of figures and restructure steps of Brasstown Entrada I SCA since 2007 | 90 | 442,50 | 591,93 |
| 1900 | 04/11/2011 | RB | Study of the file and of the email from Interconsult (Entrada II / Mansfield II S.à r.l. / draft management agreements) | 36 | 252,00 | 337,10 |
| 1900 | 04/11/2011 | RB | Study of the file and of the email exchange with Paul Copperwaite (Lamco Services) - latest bank statement of Entrada II / Mansfield II S.à r.l. | 12 | 84,00 | 112,37 |
| 1900 | 07/11/2011 | JEB | Drawing detailed action plan / timing for steps to be undertaken in order to achieve closing of Brasstown Entrda I SCA liquidation by mid-December as expected by A&M | 120 | 590,00 | 789,24 |
| 1900 | 07/11/2011 | JEB | Drawing / updating draft documents (minutes, att. list and proxy) for EGM 2 of Brasstown Entrada I SCA (re-appointment of EY) | 48 | 236,00 | 315,70 |
| 1900 | 07/11/2011 | JEB | Drawing / updating draft documents (notarial deed, att. list and proxy) for EGM 3 of Brasstown Entrada I SCA (closing of liquidation) | 60 | 295,00 | 394,62 |
| 1900 | 07/11/2011 | KB | Drawing first draft sale purchase agreement for the transfer of 1 share of Entrada II S.à r.l. from Brasstown LLC to 314 Commonwealth Ave Inc. | 120 | 510,00 | 682,23 |
| 1900 | 07/11/2011 | KB | Drawing first draft sale purchase agreement for the transfer of 1 share of Mansfield II S.à r.l. from Brasstown LLC to 314 Commonwealth Ave Inc. | 120 | 510,00 | 682,23 |
| 1900 | 07/11/2011 | KB | Drawing first draft sole shareholder's resolution of the company Entrada II S.à r.l. in relation to appointment of new managers | 30 | 127,50 | 170,56 |
| 1900 | 07/11/2011 | KB | Drawing first draft sole shareholder's resolution of the company Mansfield II S.à r.l. in relation to appointment of new managers | 30 | 127,50 | 170,56 |
| 1900 | 08/11/2011 | JEB | Study of the file : email of Paul Copperwaite (LAMCO) regarding way to deal with closing of bank account of Mansfield SCA | 6 | 29,50 | 39,46 |
| 1900 | 08/11/2011 | JEB | Tel. conversation with Mr. Debaty (Interconsult) regarding way to deal with closing of bank account of Mansfield SCA | 12 | 59,00 | 78,92 |
| 1900 | 08/11/2011 | JEB | Correspondance with Paul Copperwaite regarding way to deal with closing of bank account of Mansfield SCA | 12 | 59,00 | 78,92 |
| 1900 | 08/11/2011 | JEB | Study of the file : email of Majeed regarding manager's mandate for Entrada II S.à r.l. | 6 | 29,50 | 39,46 |
| 1900 | 08/11/2011 | JEB | Correspondance with Interconsult -re: Paul Coperwaite's contact details for use of Interconsult's third party's account by Mansfield I SCA | 12 | 59,00 | 78,92 |
| 1900 | 09/11/2011 | JEB | Drawing /finalizing ENTRADA draft documents required in relation to closing of liquidation and action plan | 60 | 295,00 | 394,62 |
| 1900 | 09/11/2011 | JEB | Correspondance with Paul Copperwaite – re: transmission of Entrada II and Mansfield II bank statements | 12 | 59,00 | 78,92 |
| 1900 | 09/11/2011 | JEB | Tel. conversation with Majeed regarding still missing figures/calculations for Brasstown Mansfield I SCA | 12 | 59,00 | 78,92 |
| 1900 | 09/11/2011 | JEB | Tel. conversation with Majeed regarding tight action plan to achieve closing of liquidations | 6 | 29,50 | 39,46 |
| 1900 | 09/11/2011 | JEB | Study of the file : first quick review of spreadsheet transmitted by Majeed (re: figures for Mansfield SCA) | 24 | 118,00 | 157,85 |
| 1900 | 09/11/2011 | RB | Study of the file email exchange KGA/Interconsult/client -re: Paul Copperwaite's contact details for use of Interconsult's third party's account by Mansfield I SCA | 18 | 126,00 | 168,55 |
| 1900 | 09/11/2011 | RB | Review/Analysis of ENTRADA draft documents required in relation to closing of liquidation and action plan | 120 | 840,00 | 1 123,67 |
| 1900 | 10/11/2011 | JEB | Study of the file : email of Mr. Debaty - re: mandate agreement for Mansfield II S.à r.l. | 6 | 29,50 | 39,46 |
| 1900 | 10/11/2011 | JEB | Study of the file : email exchange between Majeed and Interconsult regarding fees for domiciliation and managers mandates for Entrada II and Mansfield II | 12 | 59,00 | 78,92 |
| 1900 | 10/11/2011 | RB | Study of the file email exchange with Majeed regarding Mansfield financial figures and spreadsheet transmitted by Majeed (re: figures for Mansfield SCA) | 18 | 126,00 | 168,55 |
| 1900 | 14/11/2011 | RB | Study of the file : email exchange between Paul Copperwaite and Interconsult regarding Mansfield third party account | 12 | 84,00 | 112,37 |
| 1900 | 15/11/2011 | JEB | Internal meeting between with Rina on current status and latest amendments on documents for Mansfield | 24 | 118,00 | 157,85 |
| 1900 | 15/11/2011 | JEB | Review/Analysis of in details of Brasstown Mansfield I SC interim accounts as at 30 September 2011 transmitted by JM Debaty (Interconsult), annual accounts 2007 and movements during year 2007 in order to update / finalize draft transfer agreement accordingly | 198 | 973,50 | 1 302,25 |
| 1900 | 15/11/2011 | RB | Internal meeting between with Jérôme on current status and latest amendments on documents for Mansfield | 24 | 168,00 | 224,73 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1900 | 16/11/2011 | RB | Tel. conversation with discussion of ENTRADA Transfer and Netting Agreement with Interconsult (Mr Debaty) | 24 | 168,00 | 224,73 |
| 1900 | 16/11/2011 | RB | Drawing update on Entrada Transfer and Netting Agreement | 36 | 252,00 | 337,10 |
| 1900 | 16/11/2011 | RB | Correspondance with Interconsult (sending updated draft Transfer and Netting Agreement for Entrada I S.C.A.) | 12 | 84,00 | 112,37 |
| 1900 | 17/11/2011 | JEB | Study of the file : email of Mei Dan (Weil) regarding granting of security by Luxcos | 6 | 29,50 | 39,46 |
| 1900 | 17/11/2011 | JEB | Correspondance with group (LAMCO, Interconsult, E&Y) - re: sending revised Transfer and Netting Agreement for Brasstown Entrada I SCA | 18 | 88,50 | 118,39 |
| 1900 | 17/11/2011 | RB | Study of the file email exchange with Interconsult (OK on draft neeting agreement) | 12 | 84,00 | 112,37 |
| 1900 | 22/11/2011 | JEB | Tel. conversation with Majeed regarding the impossibility to close down Brasstown liquidations further to US lawyers advise, pending settlement of UK RE claims | 12 | 59,00 | 78,92 |
| 1900 | 25/11/2011 | JEB | Correspondance with Lamco and Interconsult regarding next closure of Mansfield bank account | 12 | 59,00 | 78,92 |
| 1900 | 25/11/2011 | JEB | Study of the file : emails of P. Copperwaite and Majeed confirming agreement to transfer funds on Interconsult third party bank account | 12 | 59,00 | 78,92 |
| 1900 | 25/11/2011 | RB | Study of the file update and email exchange Brasstown (actual stage/closing of accounts) | 12 | 84,00 | 112,37 |
| 1900 | 30/11/2011 | JEB | Study of the file : email of Brian Drozda (Weil US) and quick review of enclosed revised draft promissory note to be signed by LBS Holdings regarding advances granted to it by LBHI | 60 | 295,00 | 394,62 |
| 1900 | 30/11/2011 | JEB | Drawing /updating draft board resolution of LBS Holdings in relation to the promissory note and further security documents to be entered into | 60 | 295,00 | 394,62 |
| 1900 | 30/11/2011 | JEB | Study of the file : email of A. Scarcelli and enclosed instruction letters to the banks regarding closure of bank accounts of both Brasstown SCAs | 18 | 88,50 | 118,39 |
| 1900 | 30/11/2011 | JEB | Correspondance with Brian Drozda - re: revised promissory note and relevant board resolution (LBS Holdings) | 12 | 59,00 | 78,92 |
| | | | **Total fee** | | **9 392,00** | **12 563,68** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **9 392,00** | **12 563,68** |

**File 301207**
**16680**

**LBHI - General Queries 2010**
Detail of our fee note

from November 1, 2011
to November 30, 2011

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 120 | 590,00 | 789,24 |
| KB | Katia BARTHOLOME | 912 | 3 876,00 | 5 184,93 |
| RB | Rina BREININGER | 102 | 714,00 | 955,12 |
| | | 1134 | 5 180,00 | 6 929,29 |

1/1

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 1900 | 02/11/2011 | KB | Research in relation to the approval of annual accounts for all Lehman entities | 120 | 510,00 | 682,23 |
| 1900 | 02/11/2011 | KB | Drawing of a memo with current status Luxembourg thereof | 120 | 510,00 | 682,23 |
| 1900 | 03/11/2011 | JEB | Study of the file : email of Shirley - re: Hartcliffe stuck of from the Gibraltar register and eventual consequence on LBHH accounts | 6 | 29,50 | 39,46 |
| 1900 | 03/11/2011 | JEB | Internal meeting between / with Katia regarding Shirley's query (Hartcliffe - LBHH) | 12 | 59,00 | 78,92 |
| 1900 | 03/11/2011 | KB | Internal meeting between with Jérôme regarding Shirley's query (Hartcliffe-LBHH) | 12 | 51,00 | 68,22 |
| 1900 | 03/11/2011 | KB | Drawing a draft email to Shirley Houghton (Hartcliffe-LBHH) addressing her queries | 60 | 255,00 | 341,11 |
| 1900 | 03/11/2011 | KB | Study of the file (email of Blandine Perret (Weil UK) and documents attached re: ballots to be executed by Luxcos) | 30 | 127,50 | 170,56 |
| 1900 | 03/11/2011 | KB | Drawing first draft board resolution for the company Lehman Brothers Helsinki Holdings S.à r.l. in relation to third amendment to the chapter 11 plan (re: ballots) further to Blandine's request | 42 | 178,50 | 238,78 |
| 1900 | 03/11/2011 | KB | Drawing first draft board resolution for the company LBS Holdings S.à r.l. in relation to third amendment to the chapter 11 plan (re: ballots) further to Blandine's request | 42 | 178,50 | 238,78 |
| 1900 | 03/11/2011 | RB | Study of the file and of the email exchange with Blandine (WGM) - form consent for ballot 3rd amended joint Chapter 11 plan - Luxembourg entities resolutions | 42 | 294,00 | 393,28 |
| 1900 | 04/11/2011 | JEB | Internal meeting between / with Katia regarding GTF position in relation to the accounts of LBHH (re: Hartcliffe strike-of) | 12 | 59,00 | 78,92 |
| 1900 | 04/11/2011 | JEB | Drawing /finalizing draft board resolution of LB S Holdings and LBHH (signature of ballots) | 24 | 118,00 | 157,85 |
| 1900 | 04/11/2011 | KB | Tel. conversation with Mr Altwies in relation to question of Shirley Houghton as regards deregistration of Hartcliffe Limited | 12 | 51,00 | 68,22 |
| 1900 | 04/11/2011 | KB | Study of the file (email of Mr Altwies in relation to deregistration of Hartcliffe Limited) | 12 | 51,00 | 68,22 |
| 1900 | 04/11/2011 | KB | Drawing email to Shirley Houghton with explanations of Mr Altwies | 48 | 204,00 | 272,89 |
| 1900 | 04/11/2011 | KB | Correspondance with Blandine Perret in relatin to third amendment to chapter 11 plan | 18 | 76,50 | 102,33 |
| 1900 | 04/11/2011 | KB | Review/Analysis of documents in relation to third amendment to chapter 11 plan | 36 | 153,00 | 204,67 |
| 1900 | 04/11/2011 | RB | Study of the file and of the email exchange with Shirley (LBHH - disclosure in annual accounts of Hartcliffe events) | 18 | 126,00 | 168,55 |
| 1900 | 10/11/2011 | JEB | Study of the file emails of Shirley and Katia -re: additional queries regarding effective date of resolutions for approval of LBHH accounts | 12 | 59,00 | 78,92 |
| 1900 | 10/11/2011 | JEB | Study of the file : email of Shirley (re: amended accounts of LBHH) | 6 | 29,50 | 39,46 |
| 1900 | 10/11/2011 | JEB | Internal meeting between / with Katia regarding Shirley's supplemental questions | 12 | 59,00 | 78,92 |
| 1900 | 10/11/2011 | KB | Internal meeting between / with Jérôme regarding Shirley's supplemental questions | 12 | 51,00 | 68,22 |
| 1900 | 10/11/2011 | KB | Drawing email in relation to Shirley Houghton' s questions for the amended annual accounts□ | 30 | 127,50 | 170,56 |
| 1900 | 10/11/2011 | KB | Tel. conversation with Mr Altwies in relation to the amendment of annual accounts of the company Lehman Brothers Helsinki as a result of the deregistration of Hartcliffe Limited from Gibraltar's company register | 12 | 51,00 | 68,22 |
| 1900 | 10/11/2011 | KB | Review/Analysis of email of Shirley Houghton and amended annual accounts as a result of the deregistration of Hartcliffe Limited from Gibraltar's company | 12 | 51,00 | 68,22 |
| 1900 | 10/11/2011 | KB | Drawing email to Shirley Hougton in relation to the effective date of the resolutions of the company Lehman Brothers Helsinki Holdings S.à r.l. | 30 | 127,50 | 170,56 |
| 1900 | 10/11/2011 | RB | Study of the file email exchange Shirley/KGA -re: regarding effective date of resolutions for approval of LBHH accounts | 12 | 84,00 | 112,37 |
| 1900 | 11/11/2011 | JEB | Study of the file : email exchange Weil (UK) and KGA regarding Lehman Brothers Luxembourg S.A. (under compulsory liquidation) | 12 | 59,00 | 78,92 |
| 1900 | 11/11/2011 | KB | Study of the file re: email of Blandine Perret in relation to Lehman Brothers (Luxembourg) S.A: | 6 | 25,50 | 34,11 |
| 1900 | 11/11/2011 | KB | Correspondance with Blandine Perret in relation to Lehman Brothers (Luxembourg) S.A. addressing her questions | 18 | 76,50 | 102,33 |
| 1900 | 23/11/2011 | JEB | Study of the file : email of Shirley Houghton regarding further issue with approval of accounts of LBHH due to the status of Hartcliffe Ltd - eventual amendment resolutions for 2006/2007 accounts | 12 | 59,00 | 78,92 |
| 1900 | 24/11/2011 | KB | Drawing amendment to draft shareholder's resolutions and circular resolutions of the board of managers of the company Lehman Brothers Helsinki Holdings S.à r.l. as a result of the deregistration of Hartcliffe Limited | 30 | 127,50 | 170,56 |
| 1900 | 24/11/2011 | KB | Legal research consequences of compulsory regarding possible liquidation in relation to ELN Securitization S.à r.l. | 42 | 178,50 | 238,78 |
| 1900 | 24/11/2011 | RB | Study of the file email exchange with Shirley (eventual amendments to annual accounts of LBHH) | 12 | 84,00 | 112,37 |
| 1900 | 25/11/2011 | JEB | Study of the file : email exchange with Shirley regarding amended resolutions for approval of accounts of LBHH | 12 | 59,00 | 78,92 |
| 1900 | 25/11/2011 | KB | Drawing / amending draft resolutions of the company Lehman Brothers Helsinki Holdings S.à r.l. for approval of annual accounts 2008,2009 and 2010 as a result of deregistration of Hartliffe Limited | 30 | 127,50 | 170,56 |
| 1900 | 25/11/2011 | KB | Legal research in relation to consequences of compulsory liquidation, penalties for not approval and deposit of annual accounts in relation to ELN Securitization S.à r.l. | 90 | 382,50 | 511,67 |
| 1900 | 25/11/2011 | KB | Drawing draft memo to Majeed Iqbal in relation to E.L.N Securitization S.à r.l. | 48 | 204,00 | 272,89 |
| 1900 | 25/11/2011 | RB | Study of the file updated LBHH resolutions (approval accounts) | 18 | 126,00 | 168,55 |
| | | | **Total fee** | | **5 180,00** | **6 929,29** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register: excerpt relating to Lehman Brothers (Luxembourg) S.A. further to Blandine Perret's request | | 11,99 | 16,04 |
| | | | **Total paid disbursements** | | **11,99** | **16,04** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **5 191,99** | **6 945,33** |

File    **301702**
        16681

from November 1, 2011
to November 30, 2011

**LBHI - Special Counsel Procedure**
Detail of our fee note

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 252 | 1 239,00 | 1 657,41 |
| RB | Rina BREININGER | 144 | 1 008,00 | 1 348,40 |
| | | 396 | 2 247,00 | 3 005,81 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 02/11/2011 | RB | Study of the file explanatory email of Monica (regarding 6th Interim aplication updating of Schedule A further to KGA comments and Schedule B thereto) | 12 | 84,00 | 112,37 |
| 4600 | 03/11/2011 | JEB | Study of the file : email of Monica (GK Law) and quick review of enclosed draft schedule B - Re: Sixth Interim Compensation Order | 12 | 59,00 | 78,92 |
| 4600 | 04/11/2011 | JEB | Study of the file : email of Raiche, Zerithea and enclosed documents (letter to judge and updated draft order) | 12 | 59,00 | 78,92 |
| 4600 | 04/11/2011 | JEB | Review/Analysis of total amounts sought and awarded through all interim fee periods in order to check accuracy of figures in schedule B to draft order and ensure follow-up with Fee Committee | 48 | 236,00 | 315,70 |
| 4600 | 04/11/2011 | RB | Study of the file and of the mail from Godfrey Kahn - proposed order 6th Fee Period Application | 12 | 84,00 | 112,37 |
| 4600 | 07/11/2011 | JEB | Study of the file : email of Monica (re: previously filed stipulation and agreement on comments to new draft stipulation) | 6 | 29,50 | 39,46 |
| 4600 | 07/11/2011 | JEB | Drawing comments on draft Stipulation with Kleyr Grasso Resolving Seventh Fee Period - 4th Fee App - transmitted by Monica for review | 12 | 59,00 | 78,92 |
| 4600 | 07/11/2011 | JEB | Correspondance with Monica -re: draft Stipulation with Kleyr Grasso Resolving Seventh Fee Period - 4th Fee App | 12 | 59,00 | 78,92 |
| 4600 | 07/11/2011 | JEB | Study of the file : email of Monica (GK Law) and quick review of attached Draft Stipulation with Kleyr Grasso Resolving Seventh Fee Period - 4th Fee App | 12 | 59,00 | 78,92 |
| 4600 | 07/11/2011 | JEB | Study of the file : quick review of KGA 4th fee application and previous stipulation with fee committee (3rd fee app) in order to comment on draft Stipulation with Kleyr Grasso Resolving Seventh Fee Period - 4th Fee App | 18 | 88,50 | 118,39 |
| 4600 | 07/11/2011 | RB | Study of the file email exchange with Monica (draft Fourth Fee Application) | 12 | 84,00 | 112,37 |
| 4600 | 08/11/2011 | RB | Study of the file email of Monica (regarding missing sixth interim application) | 12 | 84,00 | 112,37 |
| 4600 | 09/11/2011 | JEB | Study of the file : email of Monica and quick review of enclosed finalized draft stipulation | 12 | 59,00 | 78,92 |
| 4600 | 09/11/2011 | JEB | Correspondance with Monica (executed stipulation) | 12 | 59,00 | 78,92 |
| 4600 | 09/11/2011 | RB | Study of the file email of Monica and revised stipulation (regarding 4th interim fee application) | 12 | 84,00 | 112,37 |
| 4600 | 10/11/2011 | JEB | Study of the file : email of Monica regarding 6th interim stipulation (not filed yet) | 6 | 29,50 | 39,46 |
| 4600 | 11/11/2011 | JEB | Study of the file : email of Zerithea "Gale" Raiche and quick review of enclosed executed order granting allowance of interim compensation for the sixth interim period (June to Sept 2010) | 12 | 59,00 | 78,92 |
| 4600 | 17/11/2011 | JEB | Study of the file : email of Monica (GK Law) and quick review of enclosed Draft compensation order for the seventh interim period | 18 | 88,50 | 118,39 |
| 4600 | 17/11/2011 | JEB | Correspondance with Monica confirming figures in draft compensation order (7th interim period) | 6 | 29,50 | 39,46 |
| 4600 | 17/11/2011 | RB | Study of the file email exchange with Monica regarding 6th Interim Fee Application | 12 | 84,00 | 112,37 |
| 4600 | 21/11/2011 | JEB | Study of the file : email of Monica and quick review of attached confidential letter report, with exhibits, for the eighth interim period | 30 | 147,50 | 197,31 |
| 4600 | 21/11/2011 | JEB | Internal meeting between / with Rina regarding confidential letter report, with exhibits, for the eighth interim period - and position of KGA | 12 | 59,00 | 78,92 |
| 4600 | 21/11/2011 | RB | Internal meeting between / with Jérôme regarding confidential letter report, with exhibits, for the eighth interim period - and position of KGA | 12 | 84,00 | 112,37 |
| 4600 | 21/11/2011 | RB | Study of the file review of Fee Committee Report (Nov.18, 2011) regarding KGA 5th Interim Application | 42 | 294,00 | 393,28 |
| 4600 | 22/11/2011 | JEB | Study of the file : email of Zerithea "Gale" Raiche and quick review enclosed draft order (re: seventh interim period) | 12 | 59,00 | 78,92 |
| 4600 | 22/11/2011 | RB | Study of the file review of email of WGM and Submission of Proposed Order Granting Applications for the Seventh Interim Period: October 1, 2010 thru Jan 31, 2011 | 18 | 126,00 | 168,55 |
| | | | **Total fee** | | **2 247,00** | **3 005,81** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 247,00** | **3 005,81** |

File 301778 LBHI - Preparation Monthly Statements & Fee Applications
16683

Detail of our fee note

from November 1, 2011
to November 30, 2011

Total per lawyer

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 378 | 1 858,50 | 2 486,12 |
| RB | Rina BREININGER | 12 | 84,00 | 112,37 |
| | | 390 | 1 942,50 | 2 598,48 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 11/11/2011 | JEB | Preparation of KGA October monthly statement | 192 | 944,00 | 1 262,79 |
| 4600 | 11/11/2011 | JEB | Correspondance with US Trustee -re: October monthly statement | 6 | 29,50 | 39,46 |
| 4600 | 11/11/2011 | JEB | Correspondance with Fee Committee - re: October monthly statement and electronic invoices | 12 | 59,00 | 78,92 |
| 4600 | 11/11/2011 | JEB | Correspondance with John Keen -re: October monthly statement | 6 | 29,50 | 39,46 |
| 4600 | 11/11/2011 | JEB | Correspondance with BrownGreer -re: October monthly statement and electronic invoices | 12 | 59,00 | 78,92 |
| 4600 | 11/11/2011 | RB | Study of the file KGA monthly statement | 12 | 84,00 | 112,37 |
| 4600 | 17/11/2011 | JEB | Study of the file : email of Candace Arthur - re: Ninth Interim Fee Application | 12 | 59,00 | 78,92 |
| 4600 | 21/11/2011 | JEB | Drawing /updating draft interim fee application for ninth interim period further to email of Candace Arthur and Fee Committee's confidential letter report for KGA fifth interim application (esp. regarding true-up calculation) | 120 | 590,00 | 789,24 |
| 4600 | 21/11/2011 | JEB | Correspondance with Candace Arthur (re: draft interim fee application of KGA for ninth interim fee period) | 6 | 29,50 | 39,46 |
| 4600 | 22/11/2011 | JEB | Study of the file : email of Candace Arthur and comments to draft interim fee application | 12 | 59,00 | 78,92 |
| | | | **Total fee** | | **1 942,50** | **2 598,48** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of October Monthly Statement to all the Notice Parties in accordance with the Fourth Amended Interim Compensation Order | | 207,04 | 276,96 |
| | | | **Total paid disbursements** | | **207,04** | **276,96** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 149,54** | **2 875,44** |

File **302467** **LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
16685 Detail of our fee note

from November 1, 2011
to November 30, 2011

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| MK | Marc KLEYR | 222 | 1 554,00 | 2 078,79 |
| | | 222 | 1 554,00 | 2 078,79 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 02/11/2011 | MK | Review/Analysis of convening notice to creditors meeting of 9/11/2011 received by the liquidators of LBLux SA | 12 | 84,00 | 112,37 |
| 2500 | 02/11/2011 | MK | Drawing e-mail to clients and Weil team with copy of the convening notice to creditors meeting of 9/11/2011 received by the liquidators of LBLux SA | 6 | 42,00 | 56,18 |
| 2500 | 07/11/2011 | MK | Review/Analysis of e-mail from John Keen / re.: creditors' meeting of 9/11/2011 | 6 | 42,00 | 56,18 |
| 2500 | 07/11/2011 | MK | Drawing e-mail to John Keen / re.: creditors' meeting of 9/11/2011 | 6 | 42,00 | 56,18 |
| 2500 | 08/11/2011 | MK | Drawing e-mail to John Keen / re.: meeting on 09/11/2011 | 6 | 42,00 | 56,18 |
| 2500 | 09/11/2011 | MK | Review/Analysis of financials from LBLUX and settlement agreement signed with LBLUX in view of creditors' meeting of 9/11/2011 afternoon // | 66 | 462,00 | 618,02 |
| 2500 | 09/11/2011 | MK | Represent. before trib. / creditors' committee at the court building with J Keen // | 120 | 840,00 | 1 123,67 |
| | | | Total fee | | 1 554,00 | 2 078,79 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 554,00 | 2 078,79 |

File **111400**
**16686**

**LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A.**
Detail of our fee note

from November 1, 2011
to November 30, 2011

**Total per lawyer**

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| MK | Marc KLEYR | 204 | 1 428,00 | 1 910,24 |
| | | 204 | 1 428,00 | 1 910,24 |

| File | 111400 | | LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | November 1, 2011 | | | |
| | | to | November 30, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 02/11/2011 | MK | Drawing e-mail to clients and Weil team with copy of the convening notice to creditors meeting of 9/11/2011 received by the liquidators of LBLEF | 6 | 42,00 | 56,18 |
| 2500 | 02/11/2011 | MK | Review/Analysis of convening notice to creditors meeting of 9/11/2011 received by the liquidators of LBLEF | 12 | 84,00 | 112,37 |
| 2500 | 09/11/2011 | MK | Review/Analysis of financials from LBEF and settlement agreement signed with LBEF in view of creditors' meeting of 9/11/2011 afternoon // | 66 | 462,00 | 618,02 |
| 2500 | 09/11/2011 | MK | Represent. before trib. / creditors' committee at the court building with J Keen // | 120 | 840,00 | 1 123,67 |
| | | | Total fee | | 1 428,00 | 1 910,24 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 428,00 | 1 910,24 |

File **112184**
17110

**LBHI - VINTNERS**

Detail of our fee note

from December 1, 2011
to December 31, 2011

**Total per lawyer**

Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at January 9, 2012: 1.2728

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 978 | 4 808,50 | 6 120,26 |
| RB | Rina BREININGER | 36 | 252,00 | 320,75 |
| | | 1014 | 5 060,50 | 6 441,00 |

| File | 112184 | | LBHI - VINTNERS | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2011 | | | |
| | | to | December 31, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 2300 | 15/12/2011 | JEB | Tel. conversation with Eleanor Shanks (Gibson Dunn) - preliminary explanations regarding the Vintners Place exit project | 12 | 59,00 | 75,10 |
| 2300 | 16/12/2011 | JEB | Review/Analysis of draft memorandum dated 15 December from Gibson Dunn and structure chart attached thereto | 120 | 590,00 | 750,95 |
| 2300 | 16/12/2011 | JEB | Drawing fee quote for Lamco | 24 | 118,00 | 150,19 |
| 2300 | 16/12/2011 | JEB | Study of the file : quick review of articles of association of Vinters S.àr.l. and issue with updated version (inconsistency regarding share capital) | 60 | 295,00 | 375,48 |
| 2300 | 19/12/2011 | JEB | Correspondance with Eleanor Shanks (Gibson Dunn) further to first summary review of Gibson Memorandum | 12 | 59,00 | 75,10 |
| 2300 | 19/12/2011 | RB | Study of the file : of the email to the client (further to first summary review of the file) | 12 | 84,00 | 106,92 |
| 2300 | 20/12/2011 | JEB | Tel. conversation with Eleanor Shanks (Gibson Dunn) regarding need to provide updated articles of association of Luxcos | 12 | 59,00 | 75,10 |
| 2300 | 21/12/2011 | RB | Study of the file email of Eleanore regarding advice/comments to be provided from a Luxembourg perspective | 12 | 84,00 | 106,92 |
| 2300 | 21/12/2011 | RB | Correspondance with Eleanore regarding advice/comments to be provided from a Luxembourg perspective | 12 | 84,00 | 106,92 |
| 2300 | 28/12/2011 | JEB | Review/Analysis of the updated aticles of association of Sponsor, Bidco, Propco, relevant RCS excerpts and relevant notarial deeds | 180 | 885,00 | 1 126,43 |
| 2300 | 29/12/2011 | JEB | Drawing KGA comments / Summary Note (start) | 240 | 1 180,00 | 1 501,90 |
| 2300 | 30/12/2011 | JEB | Drawing /finalizing draft KGA comments / Summary Note | 300 | 1 475,00 | 1 877,38 |
| 2300 | 30/12/2011 | JEB | Tel. conversation with Eleanor Shanks regarding some Luxcos corporate governance issues | 18 | 88,50 | 112,64 |
| | | | **Total fee** | | **5 060,50** | **6 441,00** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - excerpt and updated articles of association for Vintners S.à r.l., Vintners Bidco S.C.A. and Vintners Propco S.à r.l. (articles only) | | 44,61 | 56,78 |
| | | | Invoice Trade and Companies Register - excerpt for Vintners Propco S.à r.l. | | 2,88 | 3,67 |
| | | | **Total paid disbursements** | | **47,49** | **60,45** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **5 107,99** | **6 501,45** |

File **301182**
17112

**LBHI - Promissory Notes/Securities**
Detail of our fee note

from December 1, 2011
to December 31, 2011

**Total per lawyer**

**Author:** Converted at the official EUR/USD exchange rate of the European Central Bank as at January 9, 2012: **1,2728**

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 558 | 2 743,50 | 3 491,93 |
| RB | Rina BREININGER | 240 | 1 680,00 | 2 138,30 |
| | | 798 | 4 423,50 | 5 630,23 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2011 | | | |
| | | to | December 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 01/12/2011 | JEB | Tel. conversation with Mr. Sauveney (Alter Domus) regarding their postion and updated status with respect to advances granted to LBS Holdings - (re: promissory note and collateral) | 30 | 147,50 | 187,74 |
| 1900 | 01/12/2011 | JEB | Study of the file : email of Mr. Sauveney (Alter Domus) and quick review of enclosed documents (draft loan agreements) in relation to advances granted to LBS Holdings | 60 | 295,00 | 375,48 |
| 1900 | 01/12/2011 | JEB | Study of the file : several emails of Brian Drozda regarding amended and restated promissory note to be signed by LBS Holdings and LB LUX RE Holding S.à r.l. | 18 | 88,50 | 112,64 |
| 1900 | 01/12/2011 | JEB | Correspondance with Brian - re: promissory note and amended and restated note to be signed by LBS Holdings and LB LUX RE Holding S.à r.l. | 12 | 59,00 | 75,10 |
| 1900 | 01/12/2011 | RB | Study of the file : email of A. Scarcelli and enclosed instruction letters to the banks regarding closure of bank accounts of both Brasstown SCAs | 18 | 126,00 | 160,37 |
| 1900 | 01/12/2011 | RB | Study of the file email exchange Brian Drozda - re: revised promissory note and relevant board resolution (LBS Holdings) | 12 | 84,00 | 106,92 |
| 1900 | 01/12/2011 | RB | Study of the file update on LBS Holding (re: execution of required documents - board and amended promissory note) | 12 | 84,00 | 106,92 |
| 1900 | 02/12/2011 | JEB | Study of the file : further email of Brian Drozda received overnight regarding explanations on how does the interest provision in the amended note work | 12 | 59,00 | 75,10 |
| 1900 | 02/12/2011 | JEB | Drawing /finalizing draft board resolution for LBS Holdings further to Brian's request (re: promissory note and request to JV partner for granting collateral) | 120 | 590,00 | 750,95 |
| 1900 | 02/12/2011 | JEB | Drawing explanations's email to Brian regarding current status, draft board and further steps for LBS Holdings | 54 | 265,50 | 337,93 |
| 1900 | 02/12/2011 | RB | Review/Analysis of review of email of Brian/explanations's email to Brian regarding current status and enclosed documents / explanations (draft board and further steps for LBS Holdings/draft resolutions and updated draft promissory note circulated by Brian) | 42 | 294,00 | 374,20 |
| 1900 | 05/12/2011 | JEB | Study of the file : email of B. Drozda and quick review of enclosed executed amended and restated promissory note executed by LBHI and to be executed further by LB LUX RE Holding S.à r.l. | 24 | 118,00 | 150,19 |
| 1900 | 05/12/2011 | JEB | Tel. conversation with Mr. Jané (Alcanjane, manager of LB LUX RE Holding) regarding amended and restated note to be signed further to Brian's request | 18 | 88,50 | 112,64 |
| 1900 | 05/12/2011 | JEB | Tel. conversation with Martina Misikova (Intertrust) regarding execution of amended and restated promissory note by LB LUX RE Holding further to Brian's request | 12 | 59,00 | 75,10 |
| 1900 | 05/12/2011 | JEB | Drawing explanations' email to Martina Misikova regarding the amended and restated promissory note to be executed by LB LUX RE Holding S.à r.l. | 18 | 88,50 | 112,64 |
| 1900 | 05/12/2011 | JEB | Correspondance with Brian Drozda regarding the amended and restated promissory note (request for execution sent to Lux managers) | 6 | 29,50 | 37,55 |
| 1900 | 05/12/2011 | JEB | Study of the file : further emails of D. Jané and Martina Misikova regarding signature process of amended note by LB LUX RE Holding S.à r.l. | 12 | 59,00 | 75,10 |
| 1900 | 05/12/2011 | RB | Study of the file email exchange with B. Drozda of Dec 2 and 5 -(regarding Amended and Restated Promissory Note to be signed by LB Lux Re ) and enclosed executed amended and restated promissory note executd by LBHI and to be executed further by LB LUX RE Holding S.à r.l. | 36 | 252,00 | 320,75 |
| 1900 | 07/12/2011 | JEB | Study of the file : email of Brian Drozda confirming execution date for promissory note | 6 | 29,50 | 37,55 |
| 1900 | 07/12/2011 | JEB | Correspondance with Martina (Intertrust) - re: instructions regarding the original amended promissory note executed by LB LUX Re Holding | 12 | 59,00 | 75,10 |
| 1900 | 07/12/2011 | JEB | Tel. conversation with Mrs. Misikova (Intertrust) regarding date to be inserted in amended promissory note | 6 | 29,50 | 37,55 |
| 1900 | 07/12/2011 | JEB | Correspondance with Brian Drozda -re: question from Lux managers regarding execution date | 6 | 29,50 | 37,55 |
| 1900 | 07/12/2011 | RB | Study of the file : email of Mrs. Misikova (Intertrust) (regarding Lux Note and signed Lux Note) | 12 | 84,00 | 106,92 |
| 1900 | 07/12/2011 | RB | Study of the file email exchange with Brian (regarding Lux Note) | 12 | 84,00 | 106,92 |
| 1900 | 08/12/2011 | JEB | Study of the file : email of Intertrust and enclosed executed note (re: LB LUX RE Holding) | 12 | 59,00 | 75,10 |
| 1900 | 08/12/2011 | JEB | Correspondance with Brian - re: executed Note by LB LUX RE Holding | 12 | 59,00 | 75,10 |
| 1900 | 08/12/2011 | JEB | Study of the file : email of Mrs Scarcelli and review of enclosed bank statement for Entrada I SCA | 12 | 59,00 | 75,10 |
| 1900 | 09/12/2011 | JEB | Study of the file : email of Brian Drozda regarding original executed Note by LB LUX RE Holding | 6 | 29,50 | 37,55 |
| 1900 | 09/12/2011 | RB | Study of the file : email of Intertrust and enclosed bank statement for Entrada I SCA | 6 | 42,00 | 53,46 |
| 1900 | 09/12/2011 | RB | Study of the file email exchange Martina/Brian /KGA- re: executed Note by LB LUX RE Holding | 12 | 84,00 | 106,92 |
| 1900 | 12/12/2011 | JEB | Correspondance with Martina (Intertrust) confirming receipt of original executed note | 6 | 29,50 | 37,55 |
| 1900 | 12/12/2011 | JEB | Correspondance with Gwen Zeisler (Lehman) transmitting original executed by LB LUX RE Holding amended promissory note | 12 | 59,00 | 75,10 |
| 1900 | 12/12/2011 | JEB | Study of the file : email of Mrs. Trapani (E&Y) regarding schedule of closing of Brasstown SCAs liquidations | 6 | 29,50 | 37,55 |
| 1900 | 12/12/2011 | JEB | Correspondance with Mrs. Trapani (E&Y) regarding schedule of closing of Brasstown SCAs liquidations | 6 | 29,50 | 37,55 |
| 1900 | 12/12/2011 | RB | Study of the file email exchange Mrs. Trapani (E&Y) regarding schedule of closing of Brasstown SCAs liquidations | 12 | 84,00 | 106,92 |
| 1900 | 12/12/2011 | RB | Study of the file emails of Interconsult (BGL bank statement/statement Lux Chamber of commerce) regarding Brasstown SCAs | 12 | 84,00 | 106,92 |
| 1900 | 13/12/2011 | JEB | Study of the file : emails of A. Scarcelli and enclosed letters from the chamber of commerce regarding the Brasstown SCAs | 12 | 59,00 | 75,10 |
| 1900 | 14/12/2011 | JEB | Correspondance with Majeed - sending last bank statement for Brasstown Entrada I SCA received from Interconsult | 6 | 29,50 | 37,55 |
| 1900 | 14/12/2011 | JEB | Correspondance with Majeed - sending last bank statement for Brasstown Mansfield I SCA received from Interconsult | 6 | 29,50 | 37,55 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1900 | 14/12/2011 | JEB | Correspondance with Majeed - sending reminders letters of the Chamber of Commerce for both Brasstown SCAs | 6 | 29,50 | 37,55 |
| 1900 | 14/12/2011 | JEB | Tel. conversation with Céline from TNT regarding the delivery of the amended promissory note to Gwen Zeisler | 12 | 59,00 | 75,10 |
| 1900 | 14/12/2011 | RB | Study of the file email exchange with Majeed (outstanding issues-bank/Chamber of commerce) | 12 | 84,00 | 106,92 |
| 1900 | 18/12/2011 | RB | Study of the file : review of the email of Alter Domus (request for authorized JV Partner for additional guarantees) and enclosed Amended and Restated PPL Agreements and the Amended and Restated Loan Agreement (100,867,912.80 EUR) | 42 | 294,00 | 374,20 |
| 1900 | 20/12/2011 | JEB | Correspondance with Brian regarding need to sign promissory note and send letter to JV Partner (re: LBS Holdings) further to Alter Domus queries | 18 | 88,50 | 112,64 |
| | | | **Total fee** | | **4 423,50** | **5 630,23** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges for the delivery to Gwen Zeisler (LBHI) in NY of the original amended and restated promissory note executed by LB LUX RE Holding S.à r.l. as requested by Weil | | 51,62 | 65,70 |
| | | | **Total paid disbursements** | | **51,62** | **65,70** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **4 475,12** | **5 695,93** |

File 301207
17113

LBHI - General Queries 2010
Detail of our fee note

from December 1, 2011
to December 31, 2011

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at January 9, 2012: 1,2728

Total per lawyer

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 294 | 1 445,50 | 1 839,83 |
| KB | Katia BARTHOLOME | 78 | 331,50 | 421,93 |
| RB | Rina BREININGER | 60 | 420,00 | 534,58 |
| | | 432 | 2 197,00 | 2 796,34 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2011 | | | |
| | | to | December 31, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 1900 | 08/12/2011 | KB | Study of the file re: email of Blandine Perret - re: execution of LBS Holdings amended board resolution (re: ballots) | 6 | 25,50 | 32,46 |
| 1900 | 09/12/2011 | JEB | Tel. conversation with Mr. Sauvenay (Alter Domus) regarding execution of board resolution by LBS Holdings (re: ballots) further to Blandine's request | 12 | 59,00 | 75,10 |
| 1900 | 09/12/2011 | JEB | Correspondance with Mr. Sauvenay (Alter Domus) regarding execution of board resolution by LBS Holdings (re: ballots) further to Blandine's request | 12 | 59,00 | 75,10 |
| 1900 | 09/12/2011 | KB | Review/Analysis of circular resolutions of Lehman Brothers Helsinki Holdings S.à r.l. in relation to third amendment of chapter 11 plan | 12 | 51,00 | 64,91 |
| 1900 | 09/12/2011 | KB | Review/Analysis of circular resolution of LBS Holdings S.à r.l. in relation to third amendment of chapter 11 plan | 6 | 25,50 | 32,46 |
| 1900 | 12/12/2011 | RB | Study of the file email exchange with Mr. Sauvenay (Alter Domus) regarding execution of board resolution by LBS Holdings (re: ballots) further to Blandine's request and attached board resolution | 18 | 126,00 | 160,37 |
| 1900 | 13/12/2011 | JEB | Correspondance with Alter Domus - re: execution of LBS Holdings resolutions (ballots) | 12 | 59,00 | 75,10 |
| 1900 | 13/12/2011 | JEB | Study of the file updated board resolutions (ballots) for Lehman Brothers Helsinki Holdings S.à r.l. | 12 | 59,00 | 75,10 |
| 1900 | 13/12/2011 | KB | Drawing email to Blandine Perret in relation to execution copies as regards third amended chapter 11 plan | 42 | 178,50 | 227,19 |
| 1900 | 13/12/2011 | KB | Drawing board execution copies in relation to third amended chapter 11 plan | 12 | 51,00 | 64,91 |
| 1900 | 13/12/2011 | RB | Study of the file draft email to Blandine Perret in relation to execution copies as regards third amended chapter 11 plan/attached execution copies of resolutions | 12 | 84,00 | 106,92 |
| 1900 | 14/12/2011 | JEB | Drawing / amending draft email/memo to Majeed regarding ELN Securitization S.à r.l. (liquidation procedures, shareholder's liability, ...) | 120 | 590,00 | 750,95 |
| 1900 | 15/12/2011 | JEB | Drawing / finalizing email/memo to Majeed regarding ELN Securitization S.à r.l. (liquidation procedures, shareholder's liability, ...) | 72 | 354,00 | 450,57 |
| 1900 | 18/12/2011 | RB | Study of the file : email exchange between Blandine / WGM / KGA regarding Lux entities resolutions in relation to third amended chapter 11 plan and resolutions attached (execution copies) | 18 | 126,00 | 160,37 |
| 1900 | 18/12/2011 | RB | Study of the file : email of Alter Domus (domiciliation agent of LBS Holding) requesting copy of third amended chapter 11 plan approved by US Court on 6 December 2011 | 12 | 84,00 | 106,92 |
| 1900 | 19/12/2011 | JEB | Review/Analysis of legal researches with respect to the risk to have the shareholder considered as a manager of a company where no managers remain in place (re: ELN Securitization S.à r.l.) | 54 | 265,50 | 337,93 |
| | | | **Total fee** | | **2 197,00** | **2 796,34** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 197,00** | **2 796,34** |

File **301702**
17115

**LBHI - Special Counsel Procedure**
Detail of our fee note

from December 1, 2011
to December 31, 2011

**Total per lawyer**

Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at January 9, 2012: 1,2728

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 150 | 737,50 | 938,69 |
| RB | Rina BREININGER | 48 | 336,00 | 427,66 |
| | | 198 | 1 073,50 | 1 366,35 |

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2011 | | | |
| | | to | December 31, 2011 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (mln.) | Amount (€) | Amount ($) |
| 4600 | 06/12/2011 | JEB | Study of the file : email of GK law and enclosed memo / Communication from the Fee Committee - Status Report | 12 | 59,00 | 75,10 |
| 4600 | 08/12/2011 | JEB | Study of the file : email of John Keen: request for forecast of fees required under SCP | 6 | 29,50 | 37,55 |
| 4600 | 08/12/2011 | JEB | Drawing November and December forecasts required by John | 12 | 59,00 | 75,10 |
| 4600 | 08/12/2011 | JEB | Correspondance with John -re: requested forecasts | 6 | 29,50 | 37,55 |
| 4600 | 12/12/2011 | JEB | Correspondance with Monica (GK Law) - re: Fee Committee's confidential letter report on KGA fourth interim application | 12 | 59,00 | 75,10 |
| 4600 | 13/12/2011 | JEB | Study of the file : emails of Monica and enclosed draft order for eigth interim period | 18 | 88,50 | 112,64 |
| 4600 | 13/12/2011 | JEB | Correspondance with Monica confirming figures indraft order for eight interim period | 6 | 29,50 | 37,55 |
| 4600 | 13/12/2011 | JEB | Correspondance with Candace Arthur regarding possible issue with LBHI address | 12 | 59,00 | 75,10 |
| 4600 | 14/12/2011 | JEB | Study of the file : email of Zerithea "Gale" Raiche and quick review of enclosed letter to Judge Peck and proposed order | 12 | 59,00 | 75,10 |
| 4600 | 14/12/2011 | JEB | Study of the file : email of Monica and quick review of enclosed draft stipulation (fifth interim application) | 12 | 59,00 | 75,10 |
| 4600 | 14/12/2011 | JEB | Drawing amendments to draft stipulation (fifth interim application) received from Monica | 12 | 59,00 | 75,10 |
| 4600 | 15/12/2011 | JEB | Correspondance with Monica regarding Stipulation with Kleyr Grasso Resolving Eighth Fee Period - 5th Fee App | 12 | 59,00 | 75,10 |
| 4600 | 15/12/2011 | JEB | Study of the file : email of Monica (GK Law) confirming stipulation in agreed form and short filing thereof | 6 | 29,50 | 37,55 |
| 4600 | 18/12/2011 | RB | Study of the file : email exchange with Monica regarding proposed order granting 8th Interim Period Compensation and enclosed proposed order | 18 | 126,00 | 160,37 |
| 4600 | 18/12/2011 | RB | Study of the file : review of Fee Committee report on KGA fourth interim application | 12 | 84,00 | 106,92 |
| 4600 | 18/12/2011 | RB | Study of the file : email exchange with Monica and stipulation between Fee Committee and KGA regarding 5th interim application of KGA | 18 | 126,00 | 160,37 |
| 4600 | 19/12/2011 | JEB | Correspondance with Candace Arthur regarding the supposed change of address of LBHI | 12 | 59,00 | 75,10 |
| | | | Total fee | | 1 073,50 | 1 366,35 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 073,50 | 1 366,35 |

File 301778 LBHI - Preparation Monthly Statements & Fee Applications
17117 Detail of our fee note

from December 1, 2011
to December 31, 2011

**Total per lawyer**

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at January 9, 2012: 1,2728

| Person | | Time (mln.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 390 | 1 917,50 | 2 440,59 |
| RB | Rina BREININGER | 78 | 546,00 | 694,95 |
| | | 468 | 2 463,50 | 3 135,54 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | December 1, 2011 | | | |
| | | to | December 31, 2011 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 4600 | 07/12/2011 | JEB | Preparation of KGA November monthly statement | 180 | 885,00 | 1 126,43 |
| 4600 | 07/12/2011 | JEB | Correspondance with Fee Committee - re: November monthly statement and electronic invoices | 12 | 59,00 | 75,10 |
| 4600 | 07/12/2011 | JEB | Correspondance with John Keen -re: November monthly statement | 6 | 29,50 | 37,55 |
| 4600 | 07/12/2011 | JEB | Correspondance with BrownGreer -re: November monthly statement and electronic invoices | 12 | 59,00 | 75,10 |
| 4600 | 07/12/2011 | JEB | Correspondance with US Trustee -re: November monthly statement | 6 | 29,50 | 37,55 |
| 4600 | 07/12/2011 | JEB | Study of the file : email of John regarding services invoiced under file 301778 | 6 | 29,50 | 37,55 |
| 4600 | 07/12/2011 | JEB | Correspondance with John - re: explanations regarding services invoiced under 301778 for monthly statements and interim fee applications | 12 | 59,00 | 75,10 |
| 4600 | 07/12/2011 | RB | Study of the file : emails to US Trustee/other parties (John Kenn etc) -re: November monthly statement | 12 | 84,00 | 106,92 |
| 4600 | 09/12/2011 | JEB | Study of the file : email of Candace Arthur regarding way to proceed for the filing of the application for the Ninth Interim Fee Period (KGA sixth interim application) | 6 | 29,50 | 37,55 |
| 4600 | 12/12/2011 | JEB | Review/Analysis of latest payments received and US Bankruptcy Court Order in relation to KGA previous interim fee appl. in order to update and finalize sixth interim fee application | 30 | 147,50 | 187,74 |
| 4600 | 12/12/2011 | JEB | Drawing /finalizing sixth interim fee application (especially regarding calculations and amounts requested, further to last Court order and payments received) | 90 | 442,50 | 563,21 |
| 4600 | 12/12/2011 | JEB | Tel. conversation with Sophie from TNT (express delivery) regarding issue with delivery of monthly statement to LBHI | 12 | 59,00 | 75,10 |
| 4600 | 12/12/2011 | JEB | Correspondance with Candace Arthur - re: sending and request for filing of KGA sixth interim fee application | 12 | 59,00 | 75,10 |
| 4600 | 12/12/2011 | RB | Study of the file email exchange /finalizing sixth interim fee application (calculations and amounts requested, further to last Court order and payments received) | 18 | 126,00 | 160,37 |
| 4600 | 12/12/2011 | RB | Study of the file LBHI - Final Order 4th int. fee appl | 12 | 84,00 | 106,92 |
| 4600 | 13/12/2011 | JEB | Study of the file : email EBS confirming filing of sixth interim fee application | 6 | 29,50 | 37,55 |
| 4600 | 16/12/2011 | RB | Study of the file : email exchange with Candace and 6th Interim Fee Application KGA / true up calculation / amounts / application | 36 | 252,00 | 320,75 |
| | | | **Total fee** | | **2 463,50** | **3 135,54** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of November Monthly Statement to all the Notice Parties in accordance with the Fourth Amended Interim Compensation Order | | 206,48 | 262,81 |
| | | | **Total paid disbursements** | | **206,48** | **262,81** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **2 669,98** | **3 398,35** |

File **111400**
17429

**LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A.**
Detail of our fee note

from January 1, 2012
to January 31, 2012

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: **1,2982**

**Total per lawyer**

| **Person** | | **Time (min.)** | **Amount (€)** | **Amount ($)** |
|---|---|---|---|---|
| MK | Marc KLEYR | 42 | 294,00 | 381,67 |
| | | 42 | 294,00 | 381,67 |

| File | 111400 | | LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982 | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 03/01/2012 | MK | Review/Analysis of draft writ of summons received from the Lux receivers for the approval of the settlement agreement // | 42 | 294,00 | 381,67 |
| | | | Total fee | | 294,00 | 381,67 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 294,00 | 381,67 |

File **112184**
17430

from January 1, 2012
to January 31, 2012

**LBHI - VINTNERS**
Detail of our fee note

**Total per lawyer**

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 24 | 118,00 | 153,19 |
| KB | Katia BARTHOLOME | 60 | 255,00 | 331,04 |
| RB | Rina BREININGER | 192 | 1 344,00 | 1 744,78 |
| | | 276 | 1 717,00 | 2 229,01 |

1 / 1

| File | 112184 | | LBHI - VINTNERS | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982 | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2300 | 03/01/2012 | JEB | Correspondance with Eleanor Shanks (Gibson Dunn) (sending summary note) | 12 | 59,00 | 76,59 |
| 2300 | 03/01/2012 | JEB | Study of the file : emails of Wayne PJ McArdle (Gibson Dunn) re: summary note and invoicing | 12 | 59,00 | 76,59 |
| 2300 | 03/01/2012 | KB | Legal research in relation to corporate partnership limited by shares (especially as regards need to have at all time two categories of shareholders) | 60 | 255,00 | 331,04 |
| 2300 | 03/01/2012 | RB | Study of the file / Gibson Dunn memorandum/underlying documents/draft KGA memo | 192 | 1 344,00 | 1 744,78 |
| | | | Total fee | | 1 717,00 | 2 229,01 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 717,00 | 2 229,01 |

File 301182
17431

from January 1, 2012
to January 31, 2012

**LBHI - Promissory Notes/Securities**
Detail of our fee note

**Total per lawyer**

Authon
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 12 | 59,00 | 76,59 |
| RB | Rina BREININGER | 18 | 126,00 | 163,57 |
| | | 30 | 185,00 | 240,17 |

1 / 1

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982 | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 19/01/2012 | JEB | Study of the file : email of Majeed Iqbal - re: Urgent - Claims against Brasstown Entrada & Brasstown Mansfield | 12 | 59,00 | 76,59 |
| 1900 | 19/01/2012 | RB | Study of the file : email exchange of Majeed Iqbal/Liquidator - re: Urgent - Claims against Brasstown Entrada & Brasstown Mansfield | 12 | 84,00 | 109,05 |
| 1900 | 25/01/2012 | RB | Study of the file email of Interconsult (no claims against Brasstown entities since opening of bankruptcy 2008) | 6 | 42,00 | 54,52 |
| | | | **Total fee** | | **185,00** | **240,17** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **185,00** | **240,17** |

File 301207
17432

from January 1, 2012
to January 31, 2012

**LBHI - General Queries 2010**
Detail of our fee note

**Total per lawyer**

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 60 | 295,00 | 382,97 |
| KB | Katia BARTHOLOME | 138 | 586,50 | 761,39 |
| RB | Rina BREININGER | 54 | 378,00 | 490,72 |
| | | 252 | 1 259,50 | 1 635,08 |

1 / 1

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982 | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 06/01/2012 | KB | Study of the file email of Blandine Perret (documents in relation to exention of tolling agreement) | 12 | 51,00 | 66,21 |
| 1900 | 06/01/2012 | RB | Study of the file email of Blandine (asking for LBS signed resolutions -Tolling Agreement) | 12 | 84,00 | 109,05 |
| 1900 | 09/01/2012 | KB | Correspondance with Mr Sauvenay (Alterdomus) in relation to plan approved on December 6, 2011and details of the claim held by LBS Holdings S.à r.l. | 24 | 102,00 | 132,42 |
| 1900 | 09/01/2012 | RB | Study of the file email to Alter Domus and doc. attached thereto (as requested/Chapter 11 plan....) | 12 | 84,00 | 109,05 |
| 1900 | 16/01/2012 | JEB | Drawing explanations' email to Shirley Houghton addressing her queries (re: eventual shareholder's liability in relation to the Galleon entities) | 48 | 236,00 | 306,38 |
| 1900 | 16/01/2012 | RB | Study of the file email to Shirley addressing her queries (re: eventual shareholder's liability in relation to the Galleon entities) | 12 | 84,00 | 109,05 |
| 1900 | 18/01/2012 | JEB | Study of the file : email exchange with Alter Domus regarding the execution of LBS Holdings board resolutions (re: ballots) | 12 | 59,00 | 76,59 |
| 1900 | 18/01/2012 | KB | Correspondance with Mr Sauvenay Alter Domus in relation to LBS Holdings S.à r.l. as regards third amended chapter 11 plan | 18 | 76,50 | 99,31 |
| 1900 | 18/01/2012 | KB | Study of the file : email of Blandine Perret (third amended chapter 11 plan) | 18 | 76,50 | 99,31 |
| 1900 | 18/01/2012 | KB | Correspondance with Blandine Perret in relation to the execution of resolution for third amended chapter 11 plan | 18 | 76,50 | 99,31 |
| 1900 | 18/01/2012 | KB | Study of the file email of Mr Sauvenay in relation to LBS Holdings S.à r.l. as regards third amended chapter 11 plan | 6 | 25,50 | 33,10 |
| 1900 | 18/01/2012 | RB | Study of the file email of Shirley (with executed LB Helsinki resolutions) | 12 | 84,00 | 109,05 |
| 1900 | 19/01/2012 | RB | Study of the file : email of Alter Domus re: LBS Holdings resolution | 6 | 42,00 | 54,52 |
| 1900 | 20/01/2012 | KB | Correspondance with Blandine Perret re: acknowledgment of original documents | 24 | 102,00 | 132,42 |
| 1900 | 20/01/2012 | KB | Study of the file email of Blandine Perret re: original documents | 6 | 25,50 | 33,10 |
| 1900 | 24/01/2012 | KB | Study of the file (original executed documents received) | 12 | 51,00 | 66,21 |
| | | | Total fee | | 1 259,50 | 1 635,08 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 1 259,50 | 1 635,08 |

File 301778 LBHI - Preparation Monthly Statements & Fee Applications
17433 Detail of our fee note
from January 1, 2012
to January 31, 2012

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1,2982

Total per lawyer

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 228 | 1 121,00 | 1 455,28 |
| RB | Rina BREININGER | 60 | 420,00 | 545,24 |
| | | 288 | 1 541,00 | 2 000,53 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1.2982 | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 04/01/2012 | JEB | Review/Analysis of filed order in relation to fifth interim fee application of KGA | 12 | 59,00 | 76,59 |
| 4600 | 05/01/2012 | RB | Study of the file Court order relating to 5th Interim Application | 18 | 126,00 | 163,57 |
| 4600 | 09/01/2012 | JEB | Preparation of KGA December monthly statement | 180 | 885,00 | 1 148,91 |
| 4600 | 09/01/2012 | JEB | Correspondance with Fee Committee - re: December monthly statement and electronic invoices | 12 | 59,00 | 76,59 |
| 4600 | 09/01/2012 | JEB | Correspondance with John Keen -re: December monthly statement | 6 | 29,50 | 38,30 |
| 4600 | 09/01/2012 | JEB | Correspondance with BrownGreer -re: December monthly statement and electronic invoices | 12 | 59,00 | 76,59 |
| 4600 | 09/01/2012 | JEB | Correspondance with US Trustee -re: December monthly statement | 6 | 29,50 | 38,30 |
| 4600 | 09/01/2012 | RB | Study of the file December 2010 monthly statement and email exchange with Fee Committee | 42 | 294,00 | 381,67 |
| | | | **Total fee** | | **1 541,00** | **2 000,53** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of December Monthly Statement to all the Notice Parties in accordance with the Fourth Amended Interim Compensation Order | | 207,32 | 269,14 |
| | | | **Total paid disbursements** | | **207,32** | **269,14** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **1 748,32** | **2 269,67** |

File **302467**
17434

**LBHI - Lehman Brothers (Luxembourg) SA in liquidation**
Detail of our fee note

from January 1, 2012
to January 31, 2012

**Total per lawyer**

**Author**
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: **1,2982**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| MK | Marc KLEYR | 42 | 294,00 | 381,67 |
| | | 42 | 294,00 | 381,67 |

| File | 302467 | | **LBHI - Lehman Brothers (Luxembourg) SA in liquidation** | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | January 1, 2012 | | | |
| | | to | January 31, 2012 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 2500 | 03/01/2012 | MK | Review/Analysis of draft writ of summons received from the Lux liquidators for the approval of the settlement agreement // | 42 | 294,00 | 381,67 |
| | | | **Total fee** | | **294,00** | **381,67** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **294,00** | **381,67** |

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at February 16, 2012: 1.2982

File 301182
17661

**LBHI - Promissory Notes/Securities**
**Detail of our fee note**

from February 1, 2012
to February 29, 2012

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: **1,3062**

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 90 | 442,50 | 577,99 |
| RB | Rina BREININGER | 42 | 294,00 | 384,02 |
| | | 132 | 736,50 | 962,02 |

| File | 301182 | | LBHI - Promissory Notes/Securities | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062 | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1800 | 03/02/2012 | RB | Study of the file various email of liquidator and advances fixed by Lux Tax authorities (to be paid by Brasstown entities) | 18 | 126,00 | 164,58 |
| 1800 | 06/02/2012 | JEB | Study of the file : email of Majeed regarding payments made by the Brasstown SCAs to the tax authorities in April 2011 | 6 | 29,50 | 38,53 |
| 1800 | 06/02/2012 | JEB | Correspondance with Majeed transmitting the letters from the tax authorities relating to the tax advance payments to be made by the Brasstown SCAs for the year 2012 | 12 | 59,00 | 77,07 |
| 1800 | 06/02/2012 | JEB | Review/Analysis of our files further to Majeed's request (re: tax payments made in April 2011) | 30 | 147,50 | 192,66 |
| 1800 | 06/02/2012 | JEB | Drawing email to Majeed regarding payments made by the Brasstown SCAs to the tax authorities in or about April 2011 | 12 | 59,00 | 77,07 |
| 1800 | 06/02/2012 | RB | Study of the file email exchange with Majeed (tax payments/advances - Brasstown entities) | 12 | 84,00 | 109,72 |
| 1800 | 20/02/2012 | RB | Study of the file : email exchange with Majeed and letter of Luxembourg tax authorities (tax return filing) | 12 | 84,00 | 109,72 |
| 1900 | 21/02/2012 | JEB | Study of the file : review actual stage of the file and nexts steps in view of call with the liquidator of the Brasstown SCAs | 30 | 147,50 | 192,66 |
| | | | **Total fee** | | **736,50** | **962,02** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **736,50** | **962,02** |

File 301207
17662

**LBHI - General Queries 2010**
Detail of our fee note

from February 1, 2012
to February 29, 2012

Author
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1,3062

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 108 | 531,00 | 693,59 |
| KB | Katia BARTHOLOME | 30 | 127,50 | 166,54 |
| | | 138 | 658,50 | 860,13 |

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062 | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 08/02/2012 | KB | Correspondance with Mr Sauvenay (alterdomus) in relation to execution of LBS Holdings S.à r.l. resolution (third amended chapter 11 plan) | 12 | 51,00 | 66,62 |
| 1900 | 08/02/2012 | KB | Correspondance with Mr Sauvenay (alterdomus) in relation to the process of execution of the resolutions further to the departure of Mr Richard Hiom from Lamco | 18 | 76,50 | 99,92 |
| 1900 | 23/02/2012 | JEB | Study of the file : email of Rosy Villar (re: Debtor Allocation Agreement to be entered into by LBS Holdings) | 12 | 59,00 | 77,07 |
| 1900 | 27/02/2012 | JEB | Review/Analysis of bylaws and register of commerce and companies excerpt relating to LBS Holdings S.à r.l. in order to address Rosy Villar (Weil) queries (re: Debtor Allocation Agreement) | 30 | 147,50 | 192,66 |
| 1900 | 27/02/2012 | JEB | Review/Analysis of bylaws and register of commerce and companies excerpt relating to LB LUX RE Holding S.à r.l. in order to address Rosy Villar (Weil) queries (re: Debtor Allocation Agreement) | 30 | 147,50 | 192,66 |
| 1900 | 27/02/2012 | JEB | Drawing explanation's email to Rosy Villar (Weil) addressing her queries regarding the execution of a Debtor Allocation Agreement by LBS Holdings S.à r.l. and LB Lux RE Holding S.à r.l. | 36 | 177,00 | 231,20 |
| | | | **Total fee** | | **658,50** | **860,13** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice Trade and Companies Register - excerpt relating to (i) LB Lux RE Holding S.à r.l. and (ii) LBS Holdings S.à r.l. further to Rosy Villar's request | | 23,98 | 31,32 |
| | | | **Total paid disbursements** | | **23,98** | **31,32** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **682,48** | **891,46** |

**File 301702**
**17663**

from February 1, 2012
to February 29, 2012

**LBHI - Special Counsel Procedure**
**Detail of our fee note**

**Total per lawyer**

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: **1,3062**

| Person | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|
| JEB Jérôme BUREL | 78 | 383,50 | 500,93 |
| | 78 | 383,50 | 500,93 |

1/1

| File | 301702 | | LBHI - Special Counsel Procedure | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 20/02/2012 | JEB | Review/Analysis of Fee Committee's confidential letter report and enclosed exhibit regarding proposed reductions with respect to sixth interim application of KGA | 42 | 206,50 | 269,73 |
| 4600 | 20/02/2012 | JEB | Preparation answer to Fee Committee's confidential letter report (re: 6th interim appl.) - start - | 36 | 177,00 | 231,20 |
| | | | **Total fee** | | **383,50** | **500,93** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **383,50** | **500,93** |

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062

File 301778 **LBHI - Preparation Monthly Statements & Fee Applications**
17664 Detail of our fee note

from February 1, 2012
to February 29, 2012

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1,3062

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 186 | 914,50 | 1 194,52 |
| RB | Rina BREININGER | 18 | 126,00 | 164,58 |
| | | 204 | 1 040,50 | 1 359,10 |

| File | 301778 | | LBHI - Preparation Monthly Statements & Fee Applications | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062 | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 4600 | 16/02/2012 | JEB | Preparation of KGA January monthly statement | 150 | 737,50 | 963,32 |
| 4600 | 16/02/2012 | JEB | Correspondance with Fee Committee - re: January monthly statement and electronic Invoices | 12 | 59,00 | 77,07 |
| 4600 | 16/02/2012 | JEB | Correspondance with US Trustee -re: January monthly statement | 6 | 29,50 | 38,53 |
| 4600 | 16/02/2012 | JEB | Correspondance with John Keen -re: January monthly statement | 6 | 29,50 | 38,53 |
| 4600 | 16/02/2012 | JEB | Correspondance with BrownGreer -re: January monthly statement and electronic invoices | 12 | 59,00 | 77,07 |
| 4600 | 16/02/2012 | RB | Study of the file monthly statement and email exchange | 18 | 126,00 | 164,58 |
| | | | **Total fee** | | **1 040,50** | **1 359,10** |
| | | | | | | |
| | | | **Paid disbursements** | | | |
| | | | Invoice TNT - express delivery charges relating to the delivery of January Monthly Statement to all the Notice Parties in accordance with the Fourth Amended Interim Compensation Order | | 205,52 | 268,45 |
| | | | **Total paid disbursements** | | **205,52** | **268,45** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **1 246,02** | **1 627,55** |

File 302467
17666

**LBHI - Lehman Brothers (Luxembourg) SA in liquidation**

Detail of our fee note

from February 1, 2012
to February 29, 2012

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1,3062

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 108 | 756,00 | 987,49 |
| MK | Marc KLEYR | 6 | 42,00 | 54,86 |
| | | 114 | 798,00 | 1 042,35 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 09/02/2012 | MK | Drawing e-mail to Daniel and John / re.: writs for the approval of the settlement agreements by the commercial court have now been served for a hearing date of 24 February 2012 | 6 | 42,00 | 54,86 |
| 2500 | 23/02/2012 | PS | Review/Analysis of settlement agreement and writ of summons in view of the court hearing of 24.02.2012 re: the approval of the settlement agreement | 60 | 420,00 | 548,60 |
| 2500 | 24/02/2012 | PS | working in relation to court attendance and pleadings re: approval of settlement agreement | 42 | 294,00 | 384,02 |
| 2500 | 24/02/2012 | PS | Drawing e-mail to Weil team re: court hearing of today (approval of settlement agreement) | 6 | 42,00 | 54,86 |
| | | | Total fee | | 798,00 | 1 042,35 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 798,00 | 1 042,35 |

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062

File 111400
17659

LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A.
Detail of our fee note

from February 1, 2012
to February 29, 2012

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: **1,3062**

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 132 | 924,00 | 1 206,93 |
| MK | Marc KLEYR | 6 | 42,00 | 54,86 |
| | | 138 | 966,00 | 1 261,79 |

| File | 111400 | | LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | Author: Converted at the official EUR/USD exchange rate of the European Central Bank as at March 14, 2012: 1.3062 | | |
| | | from | February 1, 2012 | | | |
| | | to | February 29, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 09/02/2012 | MK | Drawing e-mail to Daniel and John / re.: writs for the approval of the settlement agreements by the commercial court have now been served for a hearing date of 24 February 2012 | 6 | 42,00 | 54,86 |
| 2500 | 23/02/2012 | PS | Review/Analysis of settlement agreement and writ of summons in view of the court hearing of 24.02.2012 re: the approval of the settlement agreement | 60 | 420,00 | 548,60 |
| 2500 | 24/02/2012 | PS | working in relation to court attendance and pleadings re: approval of settlement agreement | 42 | 294,00 | 384,02 |
| 2500 | 24/02/2012 | PS | Drawing e-mail to Weil team re: court hearing of today (approval of settlement agreement) | 6 | 42,00 | 54,86 |
| 2500 | 24/02/2012 | PS | Review/Analysis of e-mails from S. Singh re: court hearing of this day | 12 | 84,00 | 109,72 |
| 2500 | 24/02/2012 | PS | Drawing e-mails to S. Singh re: court hearing of this day | 12 | 84,00 | 109,72 |
| | | | **Total fee** | | **966,00** | **1 261,79** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **966,00** | **1 261,79** |

File 301207
18108

from March 1, 2012
to March 6, 2012

**LBHI - General Queries 2010**

Detail of our fee note

**Total per lawyer**

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: **1,3131**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| JEB | Jérôme BUREL | 258 | 1 268,50 | 1 665,67 |
| RB | Rina BREININGER | 12 | 84,00 | 110,30 |
| | | 270 | 1 352,50 | 1 775,97 |

1/1

| File | 301207 | | LBHI - General Queries 2010 | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | March 1, 2012 | | | |
| | | to | March 6, 2012 | | | |
| | | | **Services provided** | | | |
| **Task Code** | **Date** | **Person** | **Comment** | **Time (min.)** | **Amount (€)** | **Amount ($)** |
| 1900 | 05/03/2012 | JEB | Tel. conversation with Paul Bagon regarding the required execution of the Debtor Allocation Agreement by today and signature process by Lux. managers of LB LUX RE Holding | 18 | 88,50 | 116,21 |
| 1900 | 05/03/2012 | JEB | Study of the file : email of Shona Ha (Weil UK) and quick review of enclosed debtor allocation agreement | 90 | 442,50 | 581,05 |
| 1900 | 05/03/2012 | JEB | Tel. conversation with Raphaelle Bernhardt (Intertrust) regarding the debtor allocation agreement to be executed by Intertrust managers | 24 | 118,00 | 154,95 |
| 1900 | 05/03/2012 | JEB | Tel. conversation with Paul Bagon (Weil UK) regarding the execution of the debtor allocation agreement by LB LUX RE Holding S.à r.l. | 12 | 59,00 | 77,47 |
| 1900 | 05/03/2012 | JEB | Tel. conversation with Daniel Jané (Alcanjane S.à r.l.) regarding the request to have the debtor allocation agreement executed by LB LUX RE Holding | 18 | 88,50 | 116,21 |
| 1900 | 05/03/2012 | JEB | Drawing explanations email to Daniel Jané and Raphaelle Bernhardt with respect to the contemplatd execution of the debtor allocation agreement and signature process | 42 | 206,50 | 271,16 |
| 1900 | 05/03/2012 | JEB | Tel. conversation with David Catala (Intertrust) regarding potential issues Intertust have with respect to the execution of the debtor allocation agreement | 24 | 118,00 | 154,95 |
| 1900 | 05/03/2012 | JEB | Tel. conversation with Majeed Iqbal regarding the queries and potential issues raised by Intertrust with respect to the execution of the debtor allocation agreement by LB LUX RE Holding | 18 | 88,50 | 116,21 |
| 1900 | 06/03/2012 | JEB | Review/Analysis of email of Raphaelle Bernhardt and quick review of enclosed executed signature pages by LB LUX RE Holding (re: debtor allocation agreement) | 12 | 59,00 | 77,47 |
| 1900 | 06/03/2012 | RB | Study of the file signed debtor allocation agreement | 12 | 84,00 | 110,30 |
| | | | **Total fee** | | **1 352,50** | **1 775,97** |
| | | | | | | |
| | | | **TOTAL FEE NOTE** | | **1 352,50** | **1 775,97** |

**Author:** Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: 1.3131

File 302467
18111

**LBHI - Lehman Brothers (Luxembourg) SA in liquidation**

Detail of our fee note

from March 1, 2012
to March 6, 2012

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: **1,3131**

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 12 | 84,00 | 110,30 |
| | | 12 | 84,00 | 110,30 |

| File | 302467 | | LBHI - Lehman Brothers (Luxembourg) SA in liquidation | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | March 1, 2012 | | | |
| | | to | March 6, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 1900 | 05/03/2012 | PS | Tel. conversation with court clerk re: homologation judgment | 6 | 42,00 | 55,15 |
| 1900 | 05/03/2012 | PS | Drawing e-mail to S. Singh re: homologation of judgment | 6 | 42,00 | 55,15 |
| | | | Total fee | | 84,00 | 110,30 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 84,00 | 110,30 |

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: 1.3131

File 111400
18113

**LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A.**

Detail of our fee note

from March 1, 2012
to March 6, 2012

**Author:**
Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: **1,3131**

**Total per lawyer**

| Person | | Time (min.) | Amount (€) | Amount ($) |
|---|---|---|---|---|
| PS | Pascal SASSEL | 12 | 84,00 | 110,30 |
| | | 12 | 84,00 | 110,30 |

1 / 1

| File | 111400 | | LBHI - Lehman Brothers (Luxembourg) Equity Finance S.A. | | | |
|---|---|---|---|---|---|---|
| | | | Detail of our fee note | | | |
| | | from | March 1, 2012 | | | |
| | | to | March 6, 2012 | | | |
| | | | Services provided | | | |
| Task Code | Date | Person | Comment | Time (min.) | Amount (€) | Amount ($) |
| 2500 | 05/03/2012 | PS | Tel. conversation with court clerk re: homologation judgment | 6 | 42,00 | 55,15 |
| 2500 | 05/03/2012 | PS | Drawing e-mail to S. Singh re: homologation of judgment | 6 | 42,00 | 55,15 |
| | | | Total fee | | 84,00 | 110,30 |
| | | | | | | |
| | | | TOTAL FEE NOTE | | 84,00 | 110,30 |

Author:
Converted at the official EUR/USD exchange rate of the European Central Bank as at April 23, 2012: 1.3131

**EXHIBIT C**

**LIST OF ALL OF THE MATTERS FOR WHICH SERVICES WERE RENDERED AND THE
AGGREGATE AMOUNT OF HOURS AND FEES EXPENDED FOR SUCH MATTERS
DURING THE INTERIM PERIOD**

| Project Category | Total Hours | Total Fees Requested in USD | Total Fees Requested in EUR |
|---|---|---|---|
| International Assets | 194: 06 | $ 85,605.42 | € 63,566 |
| Special Counsel Procedure | 13:18 | $ 5,827.96 | € 4,386.00 |
| Preparation of Monthly Statements and Fee Applications | 43:24 | $ 17,222.63 | € 12,793.50 |

## EXHIBIT D

**SUMMARY TABLE IDENTIFYING EVERY TIMEKEEPER WHO PROVIDED SERVICES IN EACH TASK CODE WITH THE RELEVANT HOURS AND FEES EXPENDED PER TASK CODE DURING THE INTERIM PERIOD**

| Taskcode | Lawyer | Time | EUR | USD |
|---|---|---|---|---|
| **1800** | JEB | 1:18 | 383.50 | 509.24 |
| | RB | 1:00 | 420.00 | 560.44 |
| | **Total** | **2:18** | **803.50** | **1,069.67** |
| **1900** | JEB | 71:00 | 20,945.00 | 28,187.76 |
| | KB | 40:24 | 10,302.00 | 13,988.47 |
| | PS | 0:12 | 84.00 | 110.30 |
| | RB | 23:24 | 9,828.00 | 13,240.25 |
| | **Total** | **135:00** | **41,159.00** | **55,526.78** |
| **2300** | JEB | 16:42 | 4,926.50 | 6,273.45 |
| | KB | 1:00 | 255.00 | 331.04 |
| | RB | 3:48 | 1,596.00 | 2,065.53 |
| | **Total** | **21:30** | **6,777.50** | **8,670.01** |
| **2500** | MK | 29:48 | 12,516.00 | 17,269.77 |
| | PS | 5:30 | 2,310.00 | 3,069.17 |
| | **Total** | **35:18** | **14,826.00** | **20,338.94** |
| **4600** | JEB | 40:48 | 12,036.00 | 16,084.23 |
| | KB | 9:18 | 2,371.50 | 3,320.34 |
| | RB | 6:36 | 2,772.00 | 3,646.03 |
| | **Total** | **56:42** | **17,179.50** | **23,050.59** |
| | **Grand Total** | **250:48** | **80,745.50** | **108,656.00** |

**EXHIBIT E**

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

| Name of Professional & Title | Year Admitted to Practice | Billing Rate in EUR | Total Hours Billed | Fee Totals in USD | Fee Totals in EUR |
|---|---|---|---|---|---|
| Rina Breininger, Partner | 1985 | € 420.- | 34:48 | $ 19,512.22 | € 14,616.00 |
| Marc Kleyr, Managing Partner | 1991 | € 420.- | 29:48 | $ 17,269.78 | € 12,516.00 |
| Pascal Sassel Partner | 2002 | € 420.- | 5:42 | $ 3,179.47 | € 2,394.00 |
| Jérôme Burel, Senior Associate | 2005 | € 295.- | 129:48 | $ 51,054.68 | € 38,291.00 |
| Katia Bartholomé, Associate | 2009 | € 255.- | 50:42 | $ 17,639.85 | € 12,928.50 |
| **TIME CHARGES TOTAL:** | | | 250:48 | $ 108,656.00 | € 80,745.50 |

**Total Hours:** **250:48**

**Total Fees:** **$ 108,656.00 (€ 80,745.50)**

**Blended Hourly Rate:** **$ 433.24 (€ 321.95)**

**EXHIBIT F**

**SUMMARY OF THE TYPES OF DISBURSEMENTS FOR WHICH REIMBURSEMENT IS SOUGHT**

| **October 2011** | **in USD** | **in EUR** |
|---|---|---|
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 163.18 | € 116.55 |
| Disbursements incurred with TNT (express delivery charges) | $ 289.09 | € 206.48 |
| Total Disbursements Billed: | $ 452.27 | € 323.03 |
| **November 2011** | | |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 16.04 | € 11.99 |
| Disbursements incurred with TNT (express delivery charges) | $ 276.96 | € 207.04 |
| Total Disbursements Billed: | $ 293.00 | € 219.03 |
| **December 2011** | | |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 60.45 | € 47.49 |
| Disbursements incurred with TNT (express delivery charges) | $ 328.51 | € 258.10 |
| Total Disbursements Billed: | $ 388.95 | € 305.59 |
| **January 2012** | | |
| Disbursements incurred with TNT (express delivery charges) | $ 269.14 | € 207.32 |
| Total Disbursements Billed: | $ 269.14 | € 207.32 |
| **February 2012** | | |
| Disbursements incurred with the Luxembourg Trade and Companies Register (filing and registration fees, documentation requests fees) | $ 31.32 | € 23.98 |
| Disbursements incurred with TNT (express delivery charges) | $ 268.45 | € 205.52 |
| Total Disbursements Billed: | $ 299.77 | € 229.50 |
| **March 2012** | | |

| | | |
|---|---|---|
| Total Disbursements Billed: | $ 0 | € 0 |
| **Total Interim Period** | $ 1,703.13 | € 1,284.47 |

**EXHIBIT G**

**CERTIFICATION OF Rina Breininger**

KLEYR GRASSO ASSOCIES
*Avocats à la Cour*
31-33 rue Ste Zithe
L-2763 Luxembourg
LUXEMBOURG
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

Special Counsel to Debtors
and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.,*** | : | **08-13555 (JMP)** |
| **Debtors** | : | **(Jointly Administered)** |

---------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SEVENTH INTERIM APPLICATION OF KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

I, Rina Breininger, hereby certify that:

1. I am a partner of the applicant firm of KLEYR GRASSO ASSOCIES ("Kleyr Grasso"), special counsel to the debtors and debtors in possession in above-captioned chapter 11 cases. I submit this certification with respect to Kleyr Grasso's compliance with the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the Fourth Amended Order Pursuant to Sections 105( a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation of Professionals, entered in these cases on April 14, 2011 (the "Interim Compensation Order"), and the revised fee protocol approved by the Court pursuant to an order dated April 14, 2011, setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998] (the "Fee Committee

Guidelines" and, collectively with the Interim Compensation Order, the UST Guidelines and the Local Guidelines, the "Guidelines").

2.      This Certification is made in connection with the Seventh Interim Application of Kleyr Grasso for Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors (the "Seventh Interim Application") for the Period from and including October 1, 2011 through March 6, 2012 (the "Interim Period"), in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor to the best of my knowledge any lawyer of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any lawyer of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4.      In accordance with section 504 of the Bankruptcy Code, to the best of my knowledge no agreement or understanding exists between me, my firm or any lawyer thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.      I certify that: (a) I have read the Seventh Interim Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by Kleyr Grasso and generally accepted by Kleyr Grasso's clients; and (d) in providing a reimbursable service, Kleyr Grasso does not make a profit on that service, whether the service is performed by Kleyr Grasso in-house or through a third party.

6.      I certify that the Debtors, counsel for the Debtors, counsel for the statutory creditors' committee, the United States Trustee for the Southern District of New York, and the Fee Committee are being provided with a copy of the Seventh Interim Application.

[signature page to CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF SEVENTH INTERIM APPLICATION OF KLEYR GRASSO ASSOCIES FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012]

Dated May 21, 2012                          KLEYR GRASSO ASSOCIES

By
p.p.
Rina Breininger
31-33, rue Ste Zithe
L-2763 Luxembourg
Telephone: + (352) 22 73 30-1
Facsimile: + (352) 22 73 32

**EXHIBIT H**

**AFFIDAVIT OF Marc Kleyr**

NUMERO

DECLARATION SUR L'HONNEUR DU 26 FEVRIER 2010

In the year two thousand and ten, on the twenty-sixth of February.

Before Mº Jean SECKLER, notary residing in Junglinster, (Grand-Duchy of Luxembourg), undersigned;

APPEARED:

Mº Marc KLEYR, attorney-at-law (*avocat à la Cour*), residing professionally in L-1521 Luxembourg, 122, rue Adolphe Fischer, (Grand-Duchy of Luxembourg).

In relation with the matter LEHMAN BROTHERS HOLDINGS INC., et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly Administered), the said appearing person deposes and states under oath the following:

1. I am a lawyer admitted to the Luxembourg Bar Association and managing partner of KLEYR GRASSO ASSOCIES, located at 122, rue Adolphe Fischer, L-1521 Luxembourg, Grand-Duchy of Luxembourg ("Kleyr Grasso").

2. I submit this Declaration (the "Declaration") pursuant to Luxembourg law, and in support of the application, dated on or about March 1st, 2010 (the "Application") (Any capitalized term not defined herein shall have the meaning given in the Application), filed by Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (together, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman") seeking authorization to employ Kleyr Grasso as special counsel to the Debtors with respect to the Luxembourg Matters nunc pro tunc to June 1st, 2009 (the "Engagement Date"), as described in greater detail below and in the Application, and to provide the disclosures required under Bankruptcy Rules 2014(a) and 2016(b). All facts set forth below in this Declaration are based upon information from, and discussions I or other Kleyr Grasso personnel reporting to me have had with certain of my colleagues. The facts below are also based on a review performed by

the persons within Kleyr Grasso responsible for maintaining records of our representations, with the assistance of attorneys at Kleyr Grasso, of the list provided to Kleyr Grasso by Weil, Gotshal and Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, on October 21, 2009 (the "Master Conflicts Checklist") (Schedule 1). The Master Conflicts Checklist sets forth certain of the creditors and other parties in interest (collectively, the "Interested Parties") of the Debtors. Based on the foregoing, if I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of Kleyr Grasso.

Services Performed by Kleyr Grasso

3. The Debtors seek to retain Kleyr Grasso as special counsel pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Engagement Date, to perform legal services in connection with Luxembourg Matters set forth below and in the Application.

4. As an Ordinary Course Professional, Kleyr Grasso has been acting as "interface" between Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, and WGM, the Debtors' general bankruptcy counsel, on one side, and the Luxembourg authorities on the other side. In this context, Kleyr Grasso assisted A&M in discussions with the Luxembourg public prosecutor to prevent compulsory liquidation of certain Luxembourg Entities. Furthermore Kleyr Grasso assisted A&M in negotiations between A&M and the curators and/or the liquidators of certain Luxembourg Entities. From the Commencement Date on, Kleyr Grasso has been advising with respect to determining the legal entities in Luxembourg, which are affiliates of Lehman. To date, Kleyr Grasso provided information with respect to 177 Luxembourg Entities, as defined in the Application, which are likely affiliates of Lehman. Some of the Luxembourg Entities have been involved in transactions outside Luxembourg; such as, but not limited to, "Coeur Défense", "Sun & Moon", "VIM & VIS Merger", "Project Fortezza", "Project Newday", and the "Archstone Transaction". Kleyr Grasso assisted in these transactions as legal advisor with respect to the Luxembourg law issues. Moreover, Kleyr Grasso provided - to the extent possible - all information relevant and necessary to gain and/or to maintain the assets of the Luxembourg Entities. In connection therewith, Kleyr Grasso provided information concerning the current and former managers and the registered offices of the Luxembourg Entities as well as, where possible, information regarding assets and real estate

owed by the Luxembourg Entities. Further, Kleyr Grasso advised A&M with respect to the legal measures and required steps necessary to take over control of the Luxembourg Entities. In addition, Kleyr Grasso assisted in filing of proofs of claim for an aggregate amount of USD 1,168,090,883.00 against two of the Luxembourg Entities which are currently in liquidation/bankruptcy proceedings.

5. As a result, Kleyr Grasso is intimately familiar with Lehman's businesses in Luxembourg, its internal organization and its structuring. Consequently, assigning new counsel at this time would be inefficient.

6. For these reasons, appointment of Kleyr Grasso as special counsel will inure to benefit of the Debtors both in terms of our particular expertise as well as in cost savings to the Debtors and theirs estates.

7. Kleyr Grasso's work has heretofore been and hereafter will be comprised of continuing to represent the Debtors solely in connection with the Luxembourg Matters. Accordingly, the services rendered and functions to be performed by Kleyr Grasso will not be duplicative of any bankruptcy-related work performed by WGM or any of the other law firms retained by the Debtors. As a result of the foregoing, I believe that Kleyr Grasso is qualified to represent the Debtors as special counsel pursuant to section 327(e) of the Bankruptcy Code.

8. Following the Commencement Date, Kleyr Grasso, at the Debtors' request, assisted the Debtors in connection with Luxembourg Matters as one of the Debtors' Ordinary Course Professionals. In its capacity as an Ordinary Course Professional, Kleyr Grasso applied for and has been awarded compensation and reimbursement of expenses in the aggregate amount of $ 998,715.00.

<u>"Connections" of Kleyr Grasso</u>

9. To check and clear potential conflicts of interest in these cases, as well as to determine all "connections" to the Debtors, their creditors, other parties in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed by the U.S. Trustee, Kleyr Grasso researched its client database for the past two (2) years to determine whether it had any relationships with the Interested Parties. To the extent that Kleyr Grasso's research of its relationships with the Interested Parties indicates that Kleyr Grasso has represented in the past two years, or currently represents, any of these entities, the identities of these entities and such entities' relationship to the Debtors and connection to Kleyr Grasso are set

forth below and in Schedule 2.

10. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I, nor Kleyr Grasso, nor any partner or associate thereof, has any connection with the Debtors, their creditors, the U.S. Trustee or any other parties with an actual or potential interest in these chapter 11 cases or their respective attorneys or accountants, except as set forth below.

11. Further, to the best of my knowledge, Kleyr Grasso does not represent or hold any interest adverse to the Debtors or the Debtors' estates with respect to the Luxembourg Matters.

12. The Debtors are a large global enterprise with thousands of parties in interest. Kleyr Grasso (a) may from time to time have represented, (b) may currently represent, and (c) may in the future represent many entities that are parties in interest in these cases in matters unrelated to the Debtors.

13. I understand that the Debtors will retain various professionals during the pendency of these cases to aid in the prosecution of the Debtors chapter 11 cases. I have been advised that the Debtors have retained, among others, the following professionals: Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Harlson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case and Willkie Farr & Gallagher LLP. Over the past years, attorneys at Kleyr Grasso have worked with certain of these professionals on various matters, representing either the same parties, parties with similar interests or parties with adverse interests.

14. In addition, during the course of the Debtors' chapter 11 cases, the Debtors may retain additional or different professionals, not all of which are or can currently be identified. Further, the Master Conflicts Checklist does not disclose the identities of all of the various professionals that have been retained, or are being considered for retention by the various parties in interest. Therefore, we are unable to determine if Kleyr Grasso has a client or other relationship with

such as yet unidentified advisors or their affiliates. However, I believe it is likely that many of the professionals who may appear in these cases are trustees, witnesses, advisors or counsels, as the case may be, in transactions or cases in which Kleyr Grasso also represents a client. Kleyr Grasso may retain various such professionals or affiliates thereof to provide forensic, litigation support and financial advisory services to Kleyr Grasso or Kleyr Grasso's clients in a variety of past, present or future engagements. Current employees at Kleyr Grasso may be former employees of, or related to employees of, one or more of the other professionals in this case. In addition, attorneys at Kleyr Grasso belong to professional organizations to which other professionals who may appear in these cases may also belong.

15. Kleyr Grasso currently represents several clients that, according to the Debtors' Master Conflicts Checklist, have connections to the Debtors (the "Connected Entities"). Kleyr Grasso does not, however, to the best of my knowledge, represent the Connected Entities in matters related to the Debtors' chapter 11 cases or the Luxembourg Matters. A schedule sets forth the interested parties that currently employ or have formerly employed Kleyr Grasso in matters unrelated to the Debtors (Schedule 2); Kleyr Grasso expects to continue to represent these Connected Entities in their current matters within the limits of section 327(e) of the Bankruptcy Code.

16. Kleyr Grasso also may represent from time to time other clients that are co-defendants with one or more of the Debtors, but I do not believe that there is any adversity between such co-defendants and the Debtors.

17. In addition, Kleyr Grasso may have represented, may currently represent, or may in the future represent, a borrower, issuer of securities, financial advisor, underwriter of securities, lead bank or other client financing transactions, merger and acquisition transactions, litigation or arbitration matters, bankruptcy matters or other matters unrelated to these cases in which one or more parties in interest (or an affiliate) or a professional involved in these cases, including, but not limited to those listed on the Master Conflicts Checklist, happens to be involved, although not as Kleyr Grasso's client.

18. Kleyr Grasso may also represent, in matters unrelated to the Debtors, competitors of the Debtors.

19. I do not understand Bankruptcy Rule 2014(a), or other

applicable law to require disclosure of each present or future engagement Kleyr Grasso receives from a party in interest as long as it is unrelated to these cases. Kleyr Grasso intends to accept engagements from other parties in interest (whether existing or new clients). As described above, Kleyr Grasso has undertaken a detailed search to determine whether it represents, or has represented in the last two (2) years, any of the Interested Parties listed on the Master Conflicts Checklist, and the identities of such entities and such entities' relationship to the Debtors and connection to Kleyr Grasso is set forth herein. Kleyr Grasso, however, does not and will not represent any of the Interested Parties with respect to the matters for which Kleyr Grasso is being retained hereunder.

20. Despite the efforts described above to identify and disclose connections with parties in interest in these cases, because the Debtors are a large enterprise with many creditors and other relationships, Kleyr Grasso is unable to state with certainty that every client connection of Kleyr Grasso has been disclosed. In this regard, if Kleyr Grasso discovers additional information that requires disclosure, Kleyr Grasso will file supplemental disclosures with the Court.

Securities Ownership

21. Certain individual attorneys at Kleyr Grasso may own, or have beneficial interests in trusts owning, shares in the Debtors and securities of related entities and may own shares in other parties in interest.

22. Kleyr Grasso notes, however, that a large number of the Debtors' debt and equity securities are held by various mutual funds, trusts and portfolios and accounts that are managed by various advisors. Kleyr Grasso does not know the ultimate beneficial owners of the funds, although it is believed they are widely held. Similarly, many of the Debtors' securities are registered in the name of Depository Trust Company or its nominee, and securities entitlements to such securities are held through securities accounts maintained by brokers, investment advisors and other securities intermediaries. The ultimate owners of the securities entitlements are unknown to Kleyr Grasso, except for those reported on the Master Conflicts Checklist. It is possible that some of such holders may be clients of Kleyr Grasso.

Various Commercial Relationships with Parties in Interest

23. Some attorneys at or employees of Kleyr Grasso may receive services from the Debtors, other parties in interest or professionals involved in these cases. Attorneys at or other employees at Kleyr

Grasso or their spouses or relatives may have beneficial ownership of securities issued by, or banking, insurance, brokerage or money management relationships with, other parties in interest. Attorneys at Kleyr Grasso may have relatives or spouses who are members of professional firms involved in these cases or employed by parties in interest. We have conducted no investigation of our colleagues' banking, insurance, brokerage or investment activities or familial connections in preparing this Declaration.

Fees and Engagement

24. Upon its retention as special counsel, Kleyr Grasso intends to apply for compensation for professional services rendered in connection with these chapter 11 cases subject to approval of the Bankruptcy Court and in compliance with applicable provisions of the Bankruptcy Code, on an hourly basis, plus reimbursement of actual, necessary expenses incurred by Kleyr Grasso.

25. Kleyr Grasso's hourly rates and billing policies are based on market conditions among certain firms of a size, location and practice comparable to Kleyr Grasso. The current hourly billing rates for Kleyr Grasso professionals expected to spend significant time on the Luxembourg Matters range from EUR 385 for partners, EUR 275 for senior associates, EUR 235 for associates, and EUR 175 for junior associates (Such hourly rates may change from time to time in accordance with Kleyr Grasso's established billing practices and procedures).

26. The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys. It is the Firm's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's case. The expenses charged to clients include, among other things, telephone and telecopy toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, travel expenses, expenses for "working meals", computerized research, and transcription costs. The Firm will charge the Debtors for these expenses in a manner and at rates consistent with charges made generally to the Firm's other clients. The Firm believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

27. Kleyr Grasso maintains contemporaneous records of the time

expended and out-of- pocket expenses incurred in connection with providing services to its clients in accordance with sections 330 and 331 of the Bankruptcy Rules, the Local Rules and Orders of the Court, and guidelines established by the U.S. Trustee.

28. Kleyr Grasso recognises that it will be required to submit applications for interim and/or final allowances of compensation pursuant to sections 330 and 331 of the Bankruptcy Code and the rules and orders of the Court. Kleyr Grasso has reviewed the fee application guidelines promulgated by the U.S. Trustee, and will comply with them.

29. To the best of my knowledge and belief, insofar as I have been able to ascertain after reasonable inquiry, neither I nor Kleyr Grasso, nor any partner or associate thereof, has received or been promised any compensation for legal services rendered or to be rendered in any capacity in connection with the Debtors' chapter 11 cases, other than as permitted by the Bankruptcy Code. Kleyr Grasso has not agreed to share compensation received in connection with these cases with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016(b) in respect of the sharing of compensation among Kleyr Grasso's partners.

**STATEMENT**

The undersigned notary, who understands and speaks English and French, states herewith that, on request of the above appearing person, the present deed is worded in English followed by a French version; on request of the same appearing person, and in case of discrepancies between the English and the French text, the English version will prevail.

WHEREOF the present notarial deed was drawn up in Luxembourg, on the day named at the beginning of this document.

The document having been read and interpretation given to the appearing person, the latter has signed with Us, the notary, the present deed.

***suit la version française de ce qui précède:***

L'an deux mille dix, le vingt-six février.

Pardevant Maître Jean SECKLER, notaire de résidence à Junglinster, (Grand-Duché de Luxembourg), soussigné;

A COMPARU:

Maître Marc KLEYR, avocat à la Cour, demeurant professionnellement à L-1621 Luxembourg, 122, rue Adolphe Fischer

(Grand-Duché de Luxembourg).

En relation avec l'affaire *LEHMAN BROTHERS HOLDINGS INC., et al., Debtors, Chapter 11 Case No. 08-13555 (JMP), (Jointly Administered)*, ledit comparant dépose et déclare sous serment ce qui suit:

1. Je suis avocat à la Cour inscrit au Barreau de Luxembourg et *managing partner* de KLEYR GRASSO ASSOCIÉS, établie au 122, rue Adolphe Fisher, L-1521 Luxembourg, Grand-Duché de Luxembourg (« Kleyr Grasso »).

2. Je soumets cette Déclaration (la « Déclaration ») conformément au droit Luxembourgeois, et à l'appui de l'*application* datée du ou aux alentours du 1er mars 2010 (l' « Application ») (Tout terme commençant par une lettre majuscule, non défini dans la présente, aura la signification lui donné dans l'*Application*), déposée par Lehman Brothers Holdings Inc. (« LBHI ») et ses débiteurs affiliés dans les affaires relatives au *Chapter 11* susmentionnées, en tant que *debtors* et *debtors in possession* (ensemble, les "Debtors" et, collectivement avec leurs affiliés non débiteurs, "Lehman") demandant l'autorisation d'employer Kleyr Grasso en tant que *special counsel* des *Debtors* en relation avec les *Luxembourg Matters nunc pro tunc* au 1er juin 2009 (la « Date d'Engagement »), tel que décrit plus amplement ci-dessous et dans l' *Application*, et de fournir les divulgations requises par les *Bankruptcy Rules* 2014(a) et 2016(b). Tous les faits exposés ci-dessous dans cette Déclaration sont basés sur des informations provenant de, et des discussions que moi-même j'ai eues ou que d'autres membres du personnel de Kleyr Grasso m'ont rapporté avoir eues, avec certains de mes collègues. Les faits ci-dessous sont aussi basés sur une revue, par les personnes en charge au sein de Kleyr Grasso de l'archivage de nos dossiers, en cela assistées par des avocats de Kleyr Grasso, de la liste fournie à Kleyr Grasso par *Weil, Gotshal and Manges LLP* (« WGM »), le *Debtor's general bankruptcy counsel* en date du 21 octobre 2009 (la "*Master Conflicts Checklist*") (Annexe 1). La *Master Conflicts Checklist* indique certains créanciers et autres *parties in interest* (ensemble, les « *Interested Parties* ») des *Debtors*. Sur base de ce qui précède, si j'étais appelé à témoigner, je pourrais témoigner et je témoignerais, de manière capable, des faits ici exposés. Je suis autorisé à fournir cette Déclaration pour le compte de Kleyr Grasso.

Prestations Effectuées par Kleyr Grasso

3. Les *Debtors* demandent de retenir, *nunc pro tunc* à la Date

d'Engagement, Kleyr Grasso en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*, afin de fournir des services juridiques en relation avec des *Luxembourg Matters* exposées ci-dessous dans la Déclaration.

4. En tant que *Ordinary Course Professional*, Kleyr Grasso a agi comme « interface » entre *Alvarez & Marsal North America, LLC* (« A&M »), les *Debtors' Chief Restructuring Officers*, et WGM, le *Debtors' general bankruptcy counsel* d'une part, et les autorités luxembourgeoises d'autre part. Dans ce contexte, Kleyr Grasso a assisté A&M dans des discussions avec le procureur d'Etat luxembourgeois afin d'éviter la liquidation judiciaire de certaines *Luxembourg Entities*. En outre, Kleyr Grasso a assisté A&M dans des négociations entre A&M et les curateurs et/ou liquidateurs de certaines *Luxembourg Entities*. Depuis la *Commencement Date*, Kleyr Grasso a presté des conseils aux fins d'identifier les entités juridiques au Luxembourg qui sont des filiales de Lehman. A ce jour, Kleyr Grasso a fourni des informations concernant 177 *Luxembourg Entities*, tel que définies dans l'*Application*, pour lesquelles il est probable qu'elles soient des filiales de Lehman. Certaines des *Luxembourg Entities* ont été impliquées dans des transactions en dehors du Luxembourg ; telles que, sans être limitées à, « Coeur Défense », "*Sun & Moon*", "*VIM & VIS Merger*", "*Project Fortezza*", "*Project Newday*", et "*Archstone Transaction* ». Kleyr Grasso est intervenu dans des ces transactions en qualité de conseil juridique relativement aux questions de droit luxembourgeois. De plus, Kleyr Grasso a fourni, dans la mesure du possible, toutes informations pertinentes et nécessaires pour accroître et/ou maintenir l'actif des *Luxembourg Entities*. A cet égard, Kleyr Grasso a fourni des informations concernant les actuels et anciens gérants et les sièges sociaux des *Luxembourg Entities* de même que, lorsque cela a été possible, des informations relatives à l'actif et aux propriétés immobilières détenus par les *Luxembourg Entities*. Ensuite, Kleyr Grasso a conseillé A&M en ce qui concerne les mesures et démarches juridiques nécessaires pour prendre le contrôle des *Luxembourg Entities*. De plus, Kleyr Grasso a fourni son assistance dans le dépôt de déclarations de créance contre deux *Luxembourg Entities* qui sont actuellement en procédure de liquidation/faillite, pour un montant total de 1.168.090.883,00 USD.

5. En conséquence, Kleyr Grasso est intimement familier des affaires de Lehman au Luxembourg, de son organisation interne et de

sa structure. Partant, désigner un nouveau conseil à ce stade serait inefficace.

6. Pour ces raisons, la nomination de Kleyr Grasso comme *special counsel* profitera aux *Debtors* tant au regard de son expérience spécifique qu'en termes d'économie de coûts pour les *Debtors* et leurs patrimoines.

7. Le travail de Kleyr Grasso a jusqu'alors compris et continuera à comprendre la représentation des *Debtors* en ce qui concerne les *Luxembourg Matters* uniquement. En conséquence, les services rendus et les fonctions à exercer par Kleyr Grasso ne seront pas identiques à un quelconque travail *bankruptcy-related* fourni par WGM ou une quelconque des autres études d'avocats retenues par les *Debtors*. Il résulte de ce qui précède que je pense que Kleyr Grasso est qualifié pour représenter les *Debtors* en tant que *special counsel* conformément à la section 327(e) du *Bankruptcy Code*.

8. Après la *Commencement Date*, Kleyr Grasso a, à la demande des *Debtors*, assisté les *Debtors* en relation avec des *Luxembourg Matters* en tant que l'un des *Debtors' Ordinary Course Professionals*.

En sa qualité de *Ordinary Course Professional*, Kleyr Grasso a demandé et reçu paiement d'honoraires et le remboursement de frais pour un montant total de 998.715,00 USD.

<u>« Connexions » de Kleyr Grasso</u>

9. Afin de vérifier et de régler d'éventuels conflits d'intérêts dans ces affaires, de même qu'à fin d'identifier toutes les « connexions » aux *Debtors*, leurs créanciers, d'autres *parties in interest*, leurs avocats et comptables respectifs, le *U.S. Trustee* ou toute personne employée par le *U.S. Trustee*, Kleyr Grasso a recherché dans sa base de donnée de clients, sur les deux dernières années, toute relation qu'ils avaient avec les *Interested Parties*. Pour autant qu'il résulte de la recherche de ces relations avec les *Interested Parties* que Kleyr Grasso a représenté au cours des deux dernières années, ou représente actuellement, l'une de ces entités, l'identité de ces entités, la relation entre ces entités et les *Debtors* et la connexion à Kleyr Grasso sont énoncées ci-dessous et dans l'<u>Annexe 2</u>.

10. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons une quelconque connexion avec les *Debtors*, leurs créanciers, le *U.S. Trustee* ou une quelconque autre partie ayant un intérêt actuel ou potentiel dans ces affaires de

*Chapter* 11, ou leurs avocats ou comptables respectifs, à l'exception de ce qui est énoncé ci-dessous.

11. De plus, à ma meilleure connaissance, Kleyr Grasso ne représente ni ne détient d'intérêts, en relation avec les *Luxembourg Matters*, qui pourraient être contraires aux intérêts des *Debtors* ou de leurs patrimoines.

12. Les *Debtors* sont une grande entreprise mondiale avec des milliers de *parties in interest*. Il se peut que Kleyr Grasso (a) ait de temps à autre représenté, (b) représente actuellement, et (c) ait à l'avenir à représenter de nombreuses entités qui sont des *parties in interest* dans ces affaires, dans des matières non liées aux *Debtors*.

13. Je comprends que les *Debtors* engageront divers professionnels, pendant la durée de ces affaires pour aider dans la poursuite des affaires de *Chapter* 11 des *Debtors*. J'ai été informé que les *Debtors* avaient engagé, entre autres, les professionnels suivants : Allen & Overy LLP; Baker & McKenzie LLP; Bonelli Erede Pappalardo; Cadwalader, Wickersham & Taft LLP; DLA Piper; Ernst & Young LLP; Freshfields Bruckhaus Deringer; Gianni, Origoni Grippo & Partners; Gibson, Dunn & Crutcher LLP; Herbert Smith Ltd.; Hogan & Hartson; Houlihan Lokey Howard & Zukin Capital, Inc.; Jones Day; Latham & Watkins LLP; McDermott Will & Emery LLP; Milbank, Tweed, Hadley & McCloy LLP; Morrison & Foerster LLP; Natixis Capital Markets; Paul, Hastings, Janofsky & Walker LLP; PricewaterhouseCoopers; Richard Sheldon QC; Schulte, Roth, & Zabel LLP; Sidley Austin LLP; Simpson Thacher & Bartlett LLP; Skadden, Arps, Slate, Meagher & Flom LLP; White & Case et Willkie Farr & Gallagher LLP. Au cours des dernières années, des avocats de Kleyr Grasso ont travaillé avec certains de ces professionnels sur diverses affaires, représentant soit les mêmes parties, soit des parties avec des intérêts similaires soit des parties avec des intérêts opposés.

14. De plus, pendant la durée des affaires de *Chapter* 11 des *Debtors*, il se peut que les *Debtors* engagent des professionnels supplémentaires ou différents, l'ensemble desquels ne sont pas ni ne peuvent être identifiés actuellement. En outre, la *Master Conflicts Checklist* ne divulgue pas les identités de tous les divers professionnels qui ont été engagés, ou que les diverses *parties in interest* envisagent d'engager. C'est pourquoi, nous sommes incapables d'identifier si Kleyr Grasso a un client ou une autre relation avec de tels conseillers ou leurs membres, actuellement non

identifiés. Cependant, je pense qu'il est probable que grand nombre de ces professionnels qui pourraient apparaître dans ces affaires sont des *trustees*, *witnesses*, *advisors* ou *counsels*, selon les cas, dans des transactions ou affaires dans lesquelles Kleyr Grasso représente également un client. Il se peut que Kleyr Grasso engage plusieurs de ces professionnels ou leurs membres pour fournir à Kleyr Grasso ou aux clients de Kleyr Grasso des services judiciaires, de support contentieux et de conseils financiers, dans divers mandats passés, actuels ou à venir. Il se peut que des employés actuels de Kleyr Grasso soient d'anciens employés de, ou liés à des employés de, l'un ou plusieurs des autres professionnels dans cette affaire. De plus, des avocats chez Kleyr Grasso appartiennent à des organisations professionnelles auxquelles il se peut qu'appartiennent également d'autres professionnels qui pourraient apparaître dans ces affaires.

15. Kleyr Grasso représente actuellement plusieurs clients, qui, suivant la *Master Conflicts Checklist*, ont des connexions avec les *Debtors* (les « Entités Connectées »). Kleyr Grasso ne représente cependant pas, à ma meilleure connaissance, des Entités Connectées dans des matières liées aux affaires de *Chapter* 11 ou dans les *Luxembourg Matters*. Une annexe expose les *interested parties* qui emploient actuellement ou qui ont employé par le passé Kleyr Grasso dans des affaires non liées aux *Debtors* (Annexe 2) ; Kleyr Grasso entend continuer à représenter ces Entités Connectées dans leurs affaires actuelles, dans les limites de la section 327(e) du *Bankruptcy Code*.

16. Il se peut que Kleyr Grasso représente de temps à autre d'autres clients qui sont codéfendeurs avec un ou plusieurs des *Debtors*, mais je ne pense pas qu'il y ait une opposition d'intérêts entre de tels codéfendeurs et les *Debtors*.

17. De plus, il se peut que Kleyr Grasso ait représenté, représente actuellement, ou représente à l'avenir, un emprunteur, émetteur de titres, conseiller financier, souscripteur de titres, banque principale ou autre client finançant des transactions, fusions et transactions d'acquisition, affaires judiciaires ou arbitrales, affaires d'insolvabilité ou autres matières non liées à ces affaires, et dans lesquelles pourraient être impliquées, quoi que non clientes de Kleyr Grasso, une ou plusieurs *parties in interest* (ou un affilié de celles-ci) ou un professionnel impliqué dans ces affaires, incluant, mais sans y être limitée, ceux listés dans la *Master Conflicts Checklist*.

18. Il se peut que Kleyr Grasso représente également, dans des

affaires non liées aux *Debtors*, des concurrents des *Debtors*.

19. Je ne comprends pas la *Bankruptcy Rule* 2014(a), ou toute autre loi applicable, comme requérant la divulgation de chaque mandat présent ou à venir confié à Kleyr Grasso par une *party in interest* aussi longtemps qu'il n'est pas lié à ces affaires. Kleyr Grasso entend accepter des mandats d'autres *parties in interest* (soit existantes soit de nouveaux clients). Ainsi que cela a été décrit ci-dessus, Kleyr Grasso a entrepris une recherche détaillée pour déterminer s'ils représentent, ou ont représenté durant les deux (2) dernières années, l'une des *Interested Parties* listées dans la *Master Conflicts Checklist*, et les identités de telles entités, leur relation avec les *Debtors* et leur connexion à Kleyr Grasso sont exposées dans le présent acte. Kleyr Grasso, cependant, ne représente ni ne représentera aucune des *Interested Parties* en relation avec des matières pour lesquelles Kleyr Grasso est engagée sous les présentes.

20. En dépit des efforts décrits ci-dessus pour identifier et divulguer les connexions avec des *parties in interest* dans ces affaires, et en raison du fait que les *Debtors* sont une grande entreprise avec de nombreux créanciers et d'autres relations, Kleyr Grasso est incapable d'affirmer avec certitude que chaque connexion client de Kleyr Grasso a été dévoilée. A cet égard, si Kleyr Grasso découvre des informations additionnelles qui requièrent d'être divulguées, Kleyr Grasso déposera des déclarations additionnelles auprès de la *Court*.

<u>Propriété de Titres</u>

21. Il se peut que certains avocats chez Kleyr Grasso, individuellement, détiennent ou aient des participations dans des trusts détenant, des actions des *Debtors*, des titres d'entités liées et des actions d'autres *parties in interest*.

22. Kleyr Grasso note cependant qu'un grand nombre des titres de capital et de dette des *Debtors* appartiennent à divers fonds communs de placement, trusts et portefeuilles et comptes qui sont gérés par divers conseillers. Kleyr Grasso ne connaît pas le bénéficiaire économique ultime des fonds, quoi que d'avis qu'ils sont largement répartis. De la même façon, nombre des titres des *Debtors* sont enregistrés au nom de *Depository Trust Company* ou son *nominee*, et des titres ouvrant droit à ces titres sont détenus par le biais de comptes titres tenus par des courtiers, conseillers en investissement et autres intermédiaires financiers. Les détenteurs

ultimes des ces droits aux titres sont inconnus de Kleyr Grasso, excepté ceux signalés dans la *Master Conflicts Checklist*. Il est possible que certains de ces détenteurs soient clients de Kleyr Grasso.

__Diverses Relations Commerciales avec des *Parties in Interest*__

23. Il se peut que certains avocats ou employés de Kleyr Grasso reçoivent des services des *Debtors*, d'autres *parties in interest* ou de professionnels impliqués dans ces affaires. Il se peut que des avocats ou employés de Kleyr Grasso ou leurs épouses ou parents soient les bénéficiaires économiques de titres émis par, respectivement par l'intermédiaire de banques, assurances, courtiers ou gestionnaires de fortune, d'autres *parties in interest*. Il se peut que des avocats chez Kleyr Grasso aient des parents ou épouses qui sont membres de cabinets professionnels impliqués dans ces affaires ou employés par des *parties in interest*. Pour la préparation de cette Déclaration, nous n'avons mené aucune investigation concernant les activités bancaire, d'assurance, de courtage ou d'investissement ou les connexions familiales de nos collègues.

__Honoraires et Engagement__

24. A compter de son engagement en tant que *special counsel*, Kleyr Grasso entend demander rémunération pour les prestations professionnelles rendues en relation avec ces affaires de *Chapter* 11, sous réserve d'approbation par la *Bankruptcy Court* et en conformité avec les dispositions applicables du *Bankruptcy Code*, sur une base horaire, plus le remboursement des dépenses actuelles et nécessaires encourues par Kleyr Grasso.

25. Les taux horaires et pratiques de facturation de Kleyr Grasso sont basés sur les conditions de marché entre certaines études, de taille, d'implantation et de pratique comparables à Kleyr Grasso. Les taux horaires actuels des professionnels de chez Kleyr Grasso qui devraient passer un temps significatif sur les *Luxembourg Matters* varient entre 385 EUR pour des associés, 275 EUR pour des collaborateurs senior, 235 EUR pour des collaborateurs et 175 EUR pour des collaborateurs junior (il se peut que ces taux horaires changent de temps à autre en conformité avec les pratiques et procédures de facturation établies chez Kleyr Grasso).

26. Les taux horaires ci-dessus énoncés sont les taux horaires standard de l'Etude pour un travail de ce type. Ces taux sont établis à un niveau destiné à honnêtement rétribuer l'Etude pour le travail de ses avocats. Il est de la pratique de l'Etude de facturer à ses clients,

en toutes matières, toutes autres dépenses encourues en relation avec le dossier du client. Les dépenses imputées aux clients incluent, entre autres choses, appels téléphoniques longue distance, télécopies et autres frais, frais de courrier et d'envoi recommandé, frais pour envoi spécial ou par coursier, recherches documentaires, frais de photocopie, frais de déplacement, dépenses pour « déjeuner de travail », recherches informatiques, et coûts de transcription. L'Etude facturera les *Debtors* pour ces dépenses d'une manière et à des taux cohérents par rapports aux frais généralement facturés aux autres clients de l'Etude. L'Etude pense qu'il est plus équitable de mettre ces frais à la charge des clients pour lesquels ils ont été exposés plutôt que d'augmenter les taux horaires et de répartir les frais entre tous les clients.

27. Kleyr Grasso maintient des enregistrements contemporains du temps presté et des dépenses effectuées en relation avec la prestation de services à ces clients, conformément aux sections 330 et 331 du *Bankruptcy Code*, les *Bankruptcy Rules* applicables, les *Local Rules* et *Orders* de la *Court*, et les lignes directrices établies par le *U.S. Trustee*.

28. Kleyr Grasso reconnaît qu'il sera requis de soumettre des *applications* pour obtenir l'obtention de rémunérations intérimaires / finale conformément aux sections 330 et 331 du *Bankruptcy Code* et des règles et décisions de la *Court*. Kleyr Grasso a revu les lignes directrices promulguées par le *U.S. Trustee* en relation avec les *fee applications* et s'y conformera.

29. A ma meilleure connaissance et croyance, et dans la mesure de ce que j'ai été capable de déterminer après investigation raisonnable, ni moi-même, ni Kleyr Grasso, ni aucun de ses associés ou collaborateurs, n'avons reçu, ni ne bénéficions d'aucune promesse de recevoir, une quelconque rémunération pour les services juridiques prestés ou à prester en relation avec les affaires de *Chapter* 11 des *Debtors*, en quelque qualité que ce soit, autre que ce qui est autorisé par le *Bankruptcy Code*. Kleyr Grasso n'a pas convenu de partager la rémunération reçue en relation avec ces affaires avec quiconque, excepté ce qui est autorisé par la section 504(b) du *Bankruptcy Code* et la *Bankruptcy Rule* 2016(b) en relation avec le partage de la rémunération entre les associés de Kleyr Grasso.

**DECLARATION**

Le notaire soussigné, qui comprend et parle l'anglais et le

française, déclare par les présentes, qu'à la requête du comparant le présent acte est rédigé en anglais suivi d'une version française; à la requête du même comparant, et en cas de divergences entre le texte anglais et français, la version anglaise prévaudra.

DONT ACTE, le présent acte a été passé à Luxembourg, à la date indiquée en tête des présentes.

Après lecture du présent acte au comparant, agissant comme dit ci-avant, connu du notaire par son nom, prénom, état civil et domicile, ledit comparant a signé avec Nous notaire le présent acte.