KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re                                             :        Chapter 11
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :        Case No. 08-13555 (JMP)
                                                  :
                              Debtor.             :        (Jointly Administered)
-----------------------------------------------------------------X

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330
AND 331 FOR THE PERIOD OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

**SECOND INTERIM FEE APPLICATION OF
KREBSBACH & SNYDER, P.C. COVERING TENTH INTERIM PERIOD**

Name of Applicant:          Krebsbach & Snyder, P.C.

Role in Case:               Special Counsel to Debtor Lehman Brothers Holdings Inc.

Date of Retention:          October 18, 2011[1]

Compensation Period:        October 1, 2011 – March 6, 2012[2]

---

[1] Prior to the October 18, 2011 Order, Applicant performed legal services on behalf of Lehman Brothers Holdings Inc. as an ordinary course professional. The October 18, 2011 Order authorized the modification of procedures for compensating and reimbursing Krebsbach & Snyder, P.C.

[2] Also included in this Fee Application is one invoice for time rendered in one matter in July 2011. Krebsbach & Snyder, P.C. inadvertently forgot to include that invoice in its First Interim Fee Application and the Fee Committee has graciously consented to the inclusion of that invoice in this Fee Application.

Total Fees Requested:        $512,385.50

Total Expenses Requested:  $7,750.98

Prior Applications:          First Interim Fee Application, filed December 13, 2011, for the
                             Ninth Interim Period from July 1, 2011 through September 30,
                             2011 [Docket No. 23288]
                             Total Fees Requested:        $287,660.50
                             Total Expenses Requested:  $   5,942.79
                             Total Fees Allowed:          Pending
                             Total Expenses Allowed:      Pending

## SUMMARY OF SECOND INTERIM FEE APPLICATION
## FOR SERVICES RENDERED DURING THE TENTH INTERIM
## COMPENSATION PERIOD OCTOBER 1, 2011 THROUGH MARCH 6, 2012[3]

### Summary of Professionals

| TIMEKEEPER (Bar Admission) | TITLE | HOURS | RATE | AMOUNT |
|---|---|---|---|---|
| Theodore A. Krebsbach (1979) | Partner | 12.30 | 395.00 | $ 4,858.50 |
| | | 5.20 | 410.00[4] | 2,132.00 |
| | | 0 | 415.00 | 0 |
| Victor A. Machcinski (1977) | Partner | 181.90 | 395.00 | 71,850.50 |
| | | 107.40 | 410.00 | 41,034.00 |
| | | 16.80 | 415.00 | 6,972.00 |
| Barry S. Gold (1985) | Partner | 348.70 | 395.00 | 137,736.50 |
| | | 70.90 | 410.00 | 29,069.00 |
| | | 4.90 | 415.00 | 2,033.50 |
| Heather B. Middleton (2010) | Associate | 542.90 | 205.00 | 111,294.50 |
| | | 357.00 | 215.00 | 76,755.00 |
| David A. Christie (2011) | Paralegal | 11.10 | 135.00 | 1,498.50 |
| Sidney R. Jear (N/A) | Senior Paralegal | 178.90 | 135.00 | 24,151.50 |
| **Total** | | **1838.00** | | **$512,385.50** |

### FEE SUMMARY BY MATTER

| Matter | Hours | Amount |
|---|---|---|
| Employee Promissory Note Cases | 1811.20 | $501,875.50 |
| Retention Issues | 13.10 | 5,098.50 |
| Fee Applications | 13.70 | 5,411.50 |
| **Total** | **1838.00** | **$512,385.50** |

---

[3] *See* footnote 2 above.

4 As discussed in the Second Fee Application, while Applicant raised its hourly rates for partners on February 1, 2012, to $415 per hour, the partners' time was mistakenly billed at $410 per hour for time recorded in February 2012. Although the listed rate was an error, Applicant is seeking reimbursement for February 2012 time at the erroneously billed rate of $410 per hour.

## EXPENSE CATEGORY SUMMARY

| Expense Category | Amount |
|---|---|
| Copying charges | $2,100.00 |
| Facsimile | 19.00 |
| Outside Printing | 494.53 |
| Overnight Delivery | 1,833.64 |
| Postage | 3.41 |
| Out-of-town Travel | 1,495.06 |
| Online Research | 1,305.34 |
| Attorney Registration Fees (Florida) | 500.00 |
| **Total** | **$7,750.98** |

## SUMMARY OF MONTHLY FEES AND EXPENSES

| Period | Requested Fees | Requested Expenses |
|---|---|---|
| 7/1/11 – 7/31/11* | $    2,160.00 | $0 |
| 10/1/11 – 10/31/11 | $  61,336.50 | $1,166.86 |
| 11/1/11 – 11/30/11 | $  85,938.00 | $1,255.66 |
| 12/1/11 – 12/31/11 | $126,150.00 | $1,165.62 |
| 1/1/12 – 1/31/12 | $  98,731.50 | $2,415.51 |
| 2/1/12 – 2/29/12 | $114,858.50 | $   891.89 |
| 3/1/12 – 3/6/12 | $  17,250.00 | $   855.54 |
| **Total for Tenth Interim Period** | **$512,385.50** | **$7,750.98** |

*Solely the time spent on the Kenworthy matter. *See* footnote 2 above.

KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor
Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
In re                                                 :    Chapter 11
                                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)
                                                      :
              Debtor.                          :    (Jointly Administered)
---------------------------------------------------------------X

## SECOND INTERIM APPLICATION OF KREBSBACH & SNYDER, P.C., SPECIAL LITIGATION COUNSEL TO THE DEBTOR LEHMAN BROTHERS HOLDINGS INC., FOR ALLOWANCE OF INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE TENTH INTERIM PERIOD OCTOBER 1, 2011 THROUGH MARCH 6, 2012

TO:    THE HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE

Krebsbach & Snyder, P.C. ("K&S" or "Applicant"), special counsel to Debtor Lehman

Brothers Holdings Inc. ("LBHI"), files the Second Interim Application of Krebsbach & Snyder,

P.C. for Allowance of Compensation and Reimbursement of Expenses (the "Second Interim Fee

Application" or this "Application"), pursuant to Sections 330 and 331 of Chapter 11 of Title 11 of

the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2016(a) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance of

compensation for the professional services performed by the Applicant for the Tenth Interim
Period commencing October 1, 2011 through March 6, 2012 (the "Compensation Period") and for
reimbursement of its actual and necessary expenses incurred during the Compensation Period. In
addition, also included in this Fee Application is one invoice for time rendered in one matter (the
Kenworthy matter) in July 2011. Krebsbach & Snyder, P.C. inadvertently forgot to include that
invoice in its First Interim Fee Application and the Fee Committee has graciously consented to the
inclusion of that invoice in this Fee Application.

In support of this Second Interim Fee Application, K&S respectfully represents the
following:

## Background of the Chapter 11 Cases

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"),
the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in
the United States Bankruptcy Court for the Southern District of New York. These Chapter 11
cases have been consolidated for procedural purposes only and are being jointly administered
under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b). The Debtors are
authorized to operate their businesses and manage their properties as debtors in possession
pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of
New York (Region 2) (the "U.S. Trustee") appointed the official committee of unsecured creditors
pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities Investor

2

Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to Section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.    On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned Chapter 11 cases pursuant to an order of the same date [Docket No. 3651].

6.    On September 1, 2011, the Debtors filed a third amended joint Chapter 11 plan and disclosure statement [Docket Nos. 16927 and 16930].

7.    On December 7, 2011, the Court confirmed the modified third amended joint Chapter 11 plan (the "Plan") [Docket No. 23023].

8.    The confirmed Plan went effective on May 6, 2012.

### The Debtors' Businesses

9.    Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10.    Additional information regarding the Debtors' businesses, capital structures and the

3

circumstances leading to the commencement of these Chapter 11 cases is contained in the

Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern

District of New York in Support of First-Day Motions and Applications, filed on September 15,

2008 [Docket No.2].

## Jurisdiction

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This

matter is a core proceeding under 28 U.S.C. § 157(b).

## K&S As An Ordinary Course Professional

12.     Initially, K&S provided legal services on behalf of LBHI as a professional utilized in

the ordinary course ("Ordinary Course Professional") in these Chapter 11 cases, in accordance

with this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the

Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary

Course of Business, dated March 25 2010 [Docket No. 7822] (the "Amended OCP Order").

Pursuant to the procedures set forth in the Amended OCP Order, such retention became

effective upon the filing of the Affidavit and Disclosure Statement of Theodore A. Krebsbach on

behalf of Krebsbach & Snyder [Docket No. 3158] and the expiration of the relevant objection

period.

13.     The Amended OCP Order authorized the Debtors to pay compensation to and

reimburse the expenses of Ordinary Course Professionals in the full amount billed by such

Ordinary Course Professional "upon receipt of reasonably detailed invoices indicating the nature of

the services rendered and calculated in accordance with such professional's standard billing

4

practices." As more fully discussed in the affidavit of Theodore A. Krebsbach, sworn to on

September 27, 2011 (the "Krebsbach Affidavit"), a copy of which was submitted in connection

with K&S's retention application, pursuant to the Amended OCP Order [Docket No. 20312],

K&S provided services to LBHI and was compensated for those services upon the presentation of

detailed invoices indicating the nature of the services rendered, which were calculated in

accordance with K&S's standard billing practices.

      14.    The Amended OCP Order further provided that "payment to any one Ordinary Course

Professional shall not exceed $1 million for the period prior to the conversion of, dismissal of, or

entry of a confirmation in these Chapter 11 cases (the "Chapter 11 Period") and that "in the event

payment to any Ordinary Course Professional exceeds $1 million during the Chapter 11 Period, such

Ordinary Course Professional shall be required to file a retention application to be retained as a

professional pursuant to sections 327 and 328 of the Bankruptcy Code. . . . (the "OCP Cap)."

      15.    Because K&S reached the OCP Cap, the Debtors, on September 27, 2011, filed

the Application of Lehman Brothers Holdings Inc. Pursuant to Section 327(e) of the Bankruptcy

Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Modify the

Procedures for Compensating and Reimbursing Krebsbach & Snyder, P.C. as Special Counsel,

Effective as of July 1, 2011 [Docket No. 20312] (the "Retention Application").

      16.    On October 18, 2011, the Court entered the Order Authorizing the Modification of

the Procedures for Compensating and Reimbursing Krebsbach & Snyder, P.C. as Special Counsel,

Effective as of July 1, 2011 [Docket No. 20962] (the "Order Authorizing Employment"). A

copy of the Order Authorizing Employment is attached hereto as Exhibit A.   The Order

Authorizing Employment authorized K&S to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## Compensation And Reimbursement Request

17.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the Order Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the "Fee Order") and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Fourth Amended Interim Compensation Procedures Order" and collectively with the Fee Order, the Local Guidelines and UST Guidelines, the "Guidelines").   Pursuant to the Local Guidelines, a certification of Barry S. Gold, Esq. regarding compliance with same is attached hereto as Exhibit B.

18.     Pursuant to the Second Interim Fee Application, K&S seeks: (i) allowance of compensation for professional services performed during the Compensation Period in the total amount of $512,385.50 and (ii) allowance of its actual and necessary expenses incurred during the Compensation Period in the total amount of $7,750.98.

19.     During the Compensation Period, the Applicant's attorneys and paralegals

6

expended a total of 1,648 hours for which compensation is requested.

20.     During the Compensation Period, other than pursuant to the Order Authorizing Employment, K&S has received no payment and no promises for payment from any source for services rendered in connection with the matters covered by this Application. There is no agreement or understanding between the Applicant and any other person, other than members of the Applicant, for the sharing of compensation to be received for services rendered in these cases.

21.     Except as otherwise set forth herein, the fees charged by the Applicant are billed in accordance with its existing billing rates and procedures set forth in the Retention Application in effect during the Compensation Period. The billing rates the Applicant charges for the services rendered by its professionals and paralegals in these Chapter 11 cases are the same rates that the Applicant charges for professional and paralegal services rendered in comparable non-bankruptcy matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

22.     Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule setting forth all K&S professionals and paralegals who have performed services in these Chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by K&S, the hourly billing rate charged by K&S for services performed by such individual, the aggregate number of hours expended and fees billed, and the year in which each professional was first licensed to practice law in the state of New York.

23.     Annexed hereto as Exhibit C is a schedule specifying the categories of expenses

7

for which K&S seeks reimbursement, and the total amount for each such expense category.

24.     Pursuant to the UST Guidelines, annexed hereto as <u>Exhibit D</u> is a summary of K&S's time records billed during the Compensation Period using project categories as hereinafter described.

25.     The Applicant maintains computerized records of the time spent by all of the Applicant's attorneys and paralegals in connection with the services rendered on LBHI's behalf during these Chapter 11 cases. These detailed time records were submitted to the "Notice Parties" specified in the Fourth Amended Interim Compensation Procedures Order as part of the Monthly Statements. Copies of these computerized records will be provided once again with this Second Interim Fee Application to LBHI, its counsel, the Fee Committee, the U.S. Trustee and the attorneys for the Creditors Committee. Accordingly, and because the time records contain sensitive information concerning the legal services performed by K&S in connection with many active arbitrations, they are protected from disclosure by the attorney client privilege and attorney work product doctrine. Should it become necessary to submit the time records to the Court, they will be submitted in redacted form.

26.     To the extent that time or disbursement charges for services rendered or disbursements incurred relate to the Compensation Period, but were not processed before the preparation of this Application, K&S reserves the right to request additional compensation for such services, and reimbursement of such expenses in a future application.

## **Summary of Services**

27.     The legal services rendered by the Applicant during the Compensation Period are summarized below. The summary is not a detailed description of the work performed, as the day-

8

to-day services and the time expended in performing such services are fully set forth in the detailed time records. Rather, in compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered by the Applicant to and for the benefit of LBHI, and identifies some of the issues to which the Applicant devoted significant time and effort during the Compensation Period.

28.    The summary is divided according to the project billing codes that the Applicant created to best reflect the categories of tasks that it was required to perform in connection with these Chapter 11 cases.

### A.    Employee Promissory Note Cases

K&S has been engaged to prosecute claims to recover amounts outstanding under promissory notes executed by former employees of LBHI, LBI or other affiliated entities (collectively, the "Matters").[5]  K&S has, to date, commenced 58 arbitration proceedings at the Financial Industry Regulatory Authority ("FINRA") to recover amounts owed under the promissory notes, approximately 34 of which are still pending.  At the inception of its representation, K&S discussed with LBHI how it should record its time and was instructed to record the time under one billing number but to render separate invoices for each Matter. Accordingly, K&S records its time in connection with each of the Matters under billing code #143 and renders separate invoices for each Matter.

During the Compensation Period, K&S performed legal services and rendered separate invoices in connection with 50 of the Matters.  Two Matters went to hearing during the Compensation

---

[5] LBHI is prosecuting these claims pursuant to a Stipulation and Order between LBHI and James W. Giddens, as Trustee for the SIPA Liquidation of Lehman Brothers Inc., with Respect to Promissory Notes Evidencing Loans to Certain Employees, so ordered by this Court on December 3, 2009.  The December 3, 2009 Stipulation and Order was reaffirmed in a second Stipulation and Order signed by United States Bankruptcy Judge Peck on November 29, 2011, which amended and supplemented Exhibit A to the December 3, 2009 Stipulation and Order.

9

Period and the arbitration panel issued an award in favor of LBHI in both matters.[6]

With respect to the Matters, the legal services K&S performed during the Compensation Period includes (1) reviewing Answers and Counterclaims served by the Respondents, (2) researching legal and factual issues raised by Respondents in their Answers and Counterclaims, (3) drafting Replies to the Counterclaims, (4) reviewing the arbitrator pool sent by FINRA, researching the arbitrators' prior award histories and ranking arbitrators, (5) reviewing conflict of interest disclosures made by arbitrators, (6) engaging in discovery, including reviewing and producing documents, responding to document and information requests and propounding document and information requests to the Respondents, (7) conducting "meet and confer" conferences where there were discovery disputes, (8) where discovery disputes remained unresolved, drafting motions to compel and responding to motions to compel brought by the Respondents, (9) reviewing and commenting on proposed subpoenas and orders to produce submitted by the Respondents to the arbitration panel for approval, (10) working with LBHI to refine e-mail searches and produce e-mails, (11) participating in initial pre-hearing telephonic conferences and hearings on motions to compel with the arbitrators, (12) preparing for hearings, including drafting pre-hearing briefs, opening and closing statements, witness outlines and attorneys' fee affirmations, and preparing exhibits, (13) drafting and filing actions in state and federal court to confirm arbitration awards, (14) working closely with Debtors' bankruptcy counsel, Weil Gotshal, in connection with any issues affecting the arbitrations that arose in Bankruptcy Court, (15) engaging in settlement negotiations and drafting settlement agreements, (16) communicating with attorneys at LBHI regarding all ongoing Matters and (17) communicating and corresponding with opposing counsel and FINRA.

**B.**     **Retention Issues**

During the Compensation Period, K&S reviewed the letter from the Fee Committee regarding K&S's First Interim Fee Application and

---

[6] In one Matter, the award, which was for full principal, interest and attorneys' fees, totaled $328,631.19. In the other Matter, the award, which was for full principal, totaled $600,000.

responded in writing to the issues raised therein. During the
Compensation Period, K&S consulted with attorneys at LBHI, Weil
Gotshal, the Creditors Committee, the U.S. Trustee's Office and the
Fee Committee to understand the procedures for submitting the First
Fee Application, monthly invoices and monthly budgets and to respond
to inquiries raised by the Fee Committee in connection with the
Application. K&S also reviewed memoranda from the Fee Committee
sent to all counsel. K&S also reviewed the correspondence from the
Fee Committee setting forth its questions and comments concerning the
First Fee Application, conducted an investigation concerning the issues
raised and submitted a detailed response.[7]

**C.      Fee Applications (Billing Issues)**

During the Compensation Period, K&S drafted and submitted its
First Interim Fee Application and, in connection therewith, consulted
with attorneys at Weil Gotshal and the Fee Committee to understand
the procedures for submitting the Fee Application.

## Statement Of K&S

29.      The foregoing professional services performed by the Applicant were appropriate

and necessary to the administration of these cases and were in the best interests of LBHI, its and

the other Debtors' estates, the creditors, and other parties-in-interest. Compensation for the

foregoing services as requested is commensurate with the complexity, importance and nature of

the problems, issues and tasks involved. The professional services were performed in an

appropriately expeditious and efficient manner.

30.      The professional services performed by the Applicant on behalf of LBHI during

the Compensation Period required an aggregate expenditure of 1,838 recorded hours by the

Applicant's partners, counsel, associates and paralegals. Of the aggregate time expended, 748.10

---

[7] K&S initially included in this category the initial time incurred in preparing the First Fee Application,
before determining that a separate billing category (known as "Billing Issues") should be established for such services.

recorded hours were expended by Applicant's partners and counsel, 899.90 recorded hours were

expended by Applicant's associates, and 190 recorded hours were expended by Applicant's

paralegals.

31.    During the Compensation Period, the Applicant's hourly billing rates for attorneys

that provided services on behalf of LBHI ranged from $205 per hour for associates to $415

per hour for partners. Consistent with the statements in the Affidavits of Theodore A. Krebsbach,

Esq., sworn to March 11 and March 12, 2012 [Docket Nos. 7528 and 7543], submitted in

connection with Applicant's retention that Applicant's rates are subject to change, Applicant

established a very modest increase in its hourly rates beginning as of January 1, 2012 from $205 to

$215 for associates and beginning as of February 1, 2012 -- from $395-$415 for partners (although,

as noted above, Applicant inadvertently charged $410 per hour for partner time during February

2012 and hereby seeks reimbursement at that lower rate for February 2012 time). The increased

rates reflect, among other things, greater efficiency in the Firm's work owing to the enormous

experience all of the attorneys gained in working on the Matters that is transferable from one Matter

to another. The increased hourly rate resulted in increased total fees of $3,875 for the period from

February 1, 2012 through March 6, 2012 over what the fees would have been under the prior hourly

rates. We note that the Firm's rates are substantially lower than the rates requested and approved by

many of the other of the Debtors' counsel. Allowance of compensation in the amount requested

would result in a blended hourly billing rate for attorneys of approximately $295.35 per hour

(based upon 1,648 recorded hours for attorneys at the Applicant's billing rates in effect at the time

of the performance of services). Such fees are reasonable based on the customary compensation

charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive

12

national legal market.

## Actual And Necessary Disbursements Of K&S

32.     As set forth in Exhibit C hereto, the Applicant has disbursed $7,750.98 as expenses incurred in providing professional services during the Compensation Period. With respect to photocopying expenses, the Applicant charged 10 cents per page. The Applicant does not charge for fax transmissions, other than the cost of long distance telephone service at applicable toll charge rates, which invariably is less than $1.25 per page as permitted by the Guidelines. Each of these categories of expenses does not exceed the maximum rate set by the Guidelines.

33.     During the Compensation Period, K&S also incurred expenses relating to outside printing, overnight delivery, out-of-town travel and online legal research. The Applicant has made every effort to minimize its disbursements in these cases.    The actual expenses incurred while providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of LBHI.

34.     All of the disbursements were charged at rates customarily charged by K&S to its non-bankruptcy clients. K&S's standard billing rates do not include, as overhead, charges for copying and other expenses that may be incurred by particular clients because of the exigencies of time and volume of demand. K&S has made every effort to minimize its disbursements and expenses in this case.

35.     K&S reserves the right to request additional compensation for professional services rendered and for reimbursement of expenses incurred during the Compensation Period. Related

13

local travel, telephone, photocopy, postal, and fax expenses may not be included within this Application because, as a matter of firm accounting, those expenses may have not yet been calculated or booked.

### The Requested Compensation Should Be Allowed

36.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(l).   Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> (3)    In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

14

> (F)      whether the compensation is reasonable based on the
> customary   compensation   charged   by   comparably   skilled
> practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

37.     The legislative history of section 330 expands upon the language of the statute:

> [B]ankruptcy legal services are entitled to command the same
> competency of counsel as other cases. In that light, the policy of this
> section is to compensate attorneys and other professionals serving in a
> case under title 11 at the same rate as the attorney or other
> professional would be compensated for performing comparable
> services other than in a case under title 11. Contrary language in the
> Senate report accompanying S. 2266 is rejected, and *Massachusetts
> Mutual Life Insurance v. Brock,* 405 F.2d 429, 432 (5ᵗʰ Cir. 1968) is
> overruled. Notions of economy of the estate in fixing fees are
> outdated and have no place in the bankruptcy code.

124 Cong. Rec. H 11-011, 11,091-11,092 (daily ed. Sept. 28, 1978) (statement of Rep. Edwards). *See

also Mann v. McCombs (In re McCombs),* 751 F.2d 286 (8ᵗʰ Cir. 1984); *In re Drexel Burnham

Lambert Group Inc.,* 133 B.R. 13 (Bankr. S.D.N.Y. 1991).

38.     During the Compensation Period, K&S has been called upon to handle myriad legal

matters and issues that have arisen, some of which have been quite complicated and have required

substantial time and expertise. For the most part, the Matters have been vigorously contested by the

Respondents and their counsel.

39.     K&S respectfully submits that the services for which it seeks compensation in this

Application were, at the time rendered, believed to be necessary for and beneficial to LBHI and

the other Debtors' estates. K&S has evaluated its services based upon the background and

experience of its attorneys as well as an analysis of the specific services performed in this matter.

K&S believes that it has performed these services in an efficient, highly-competent manner and that

through its efforts the assets of the LBHI and other Debtor estates have been preserved and enhanced.

40.    Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to LBHI, the Debtors, their estates, and all parties in interest.

## Conclusion

41.    For the reasons set forth above, K&S respectfully requests entry of an order (1) allowing interim compensation for professional services rendered during the Compensation Period in the amount of $512,385.50, representing 100% of fees incurred during the Compensation Period, and reimbursement of $7,750.98, representing 100% of actual and necessary expenses incurred during the Compensation Period; (2) authorizing and directing LBHI's payment of the difference between the amounts allowed and the amounts previously paid by LBHI; (3) allowing such compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to K&S's right to

16

seek such further compensation for the full value of services performed and expenses incurred;

and (iv) granting K&S such other and further relief as may appear just and proper.

Dated: New York, New York
      May 21, 2012

                KREBSBACH & SNYDER, P.C.
                Special Counsel to Lehman Brothers
                Holdings Inc.


                  /s/ Barry S. Gold
                Barry S. Gold
                One Exchange Plaza
                55 Broadway, Suite 1600
                New York, NY 10006
                (212) 825-9811

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x
                                                  :
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,      :        **08-13555 (JMP)**
                                                  :
                          **Debtors.**            :        **(Jointly Administered)**
                                                  :
--------------------------------------------------------------------x

### ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AND RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING THE MODIFICATION OF THE PROCEDURES FOR COMPENSATING AND REIMBURSING KREBSBACH & SNYDER, P.C. AS SPECIAL COUNSEL TO LBHI, EFFECTIVE AS OF JULY 1, 2011

Upon consideration of the application, dated September 27, 2011 (the "Application"), of

Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated debtors in the above-

captioned chapter 11 cases, as debtors in possession, the "Debtors"), pursuant to section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Krebsbach & Snyder, P.C. ("Krebsbach &

Snyder") as special counsel to LBHI, effective as of July 1, 2011; and upon the affidavit of

Theodore A. Krebsbach, Esq. (the " Krebsbach Affidavit"), filed in support of the Application and

attached thereto as Exhibit A; and the Court being satisfied, based on the representations made in

the Application and the Krebsbach Affidavit, that Krebsbach & Snyder represents no interest

adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is to be

engaged, under section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the

Court having jurisdiction to consider the Application and Capitalized terms that are used but not

defined in this order have the meanings ascribed to them in the Application. The relief requested

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring

to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title

11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Application having been provided in accordance with the procedures set forth in the

second amended order entered June 17, 2010 governing case management and administrative

procedures, [ECF No. 9635], to (i) the United States Trustee for the Southern District of New

York; (ii) the attorneys for the Official Committee of Unsecured Creditors; (iii) the Securities and

Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for

the Southern District of New York; (vi) Krebsbach & Snyder and (vii) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the

Application is in the best interests of LBHI, its estates and their creditors, and all parties in

interest and that the legal and factual bases set forth in the Application establish just cause for

the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, LBHI is

hereby authorized to employ and retain Krebsbach & Snyder as its special counsel on the terms

set forth in the Application and this order, for the Matters identified in the Application and in

accordance with Krebsbach & Snyder's customary rates in effect from time to time and its

disbursement policies; and it is further

ORDERED that Krebsbach & Snyder shall, solely with respect to fees and expenses to be paid to Krebsbach & Snyder in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
October 18, 2011

_s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge

# EXHIBIT B

KREBSBACH & SNYDER, P.C.
One Exchange Plaza
55 Broadway, Suite 1600
New York, NY 10006
Telephone: (212) 825-9811
Fax: (212) 825-9828
Barry S. Gold, Esq.

Special Counsel to Debtor
Lehman Brothers Holdings Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re                                          :      Chapter 11
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.,*  :      Case No. 08-13555 (JMP)
                                               :
                    Debtor.                    :      (Jointly Administered)
-------------------------------------------------------------X

### CERTIFICATION UNDER GUIDELINES FOR FEES
### AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT
### OF SECOND APPLICATION OF KREBSBACH & SNYDER, P.C. FOR
### INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

BARRY S. GOLD, hereby certifies that:

1.      I am a partner with the applicant firm, Krebsbach & Snyder, P.C. ("K&S"), and I

submit this second application for interim compensation in compliance with the Amended

Guidelines for Fees and Disbursements for Professionals in Southern District of New York

Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"UST Guidelines"), and this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331

of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim

Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997]

(the "Interim Compensation Order," and together with the Local Guidelines and the UST

Guidelines, the "Guidelines").

      2.      This certification is made in respect of K&S's application, dated May 21, 2012 (the

"Application"), for interim compensation and reimbursement of expenses for the period

commencing October 1, 2011 through and including March 6, 2012 (the "Compensation Period")

in accordance with the Guidelines. (As noted in the Application, also included is one invoice for

time incurred in one matter in July 2012 that was inadvertently omitted from the First Application

and included in this Application with the consent of the Fee Committee.)

      3.      In respect of section A.1 of the Local Guidelines, I certify that:

      (a)      I have read the Application;

      (b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

      (c)      the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients; and

      (d)      in providing a reimbursable service, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third party.

      4.      In respect of section A.2 of the Local Guidelines and as required by the Interim

Compensation Order, I certify that, to the best of my knowledge, the Applicant has complied

with the provision requiring it to provide the appropriate notice parties, on a monthly basis,

with a statement of the Applicant's fees and disbursements accrued during the previous month.

5.    In respect of section A.3 of the Local Guidelines, I certify that counsel for the Debtors, the United States Trustee for the Southern District of New York, counsel for the Creditors' Committee and counsel for the Fee Committee are each being provided with a copy of this Application.

Dated: New York, New York
      May 21, 2012

                                             /s/ Barry S. Gold
                                            Barry S. Gold

                                            KREBSBACH & SNYDER, P.C.
                                            Special Counsel to Lehman Brothers
                                            Holdings Inc.
                                            One Exchange Plaza
                                            55 Broadway, Suite 1600
                                            New York, NY 10006
                                            (212) 825-9811

# EXHIBIT C

## Expense Category Summary

| Expense Category | Amount |
|---|---|
| Copying charges | $2,100.00 |
| Facsimile | 19.00 |
| Outside Printing | 494.53 |
| Overnight Delivery | 1,833.64 |
| Postage | 3.41 |
| Out-of-town Travel | 1,495.06 |
| Online Research | 1,305.34 |
| Attorney Registration Fees (Florida) | 500.00 |
| **Total** | **$7,750.98** |

# EXHIBIT D

## Fee Summary By Matter

| Matter | Hours | Amount |
|---|---|---|
| Employee Promissory Note Cases | 1811.20 | $501,875.50 |
| Retention Issues | 13.10 | 5,098.50 |
| Fee Applications (Billing Issues) | 13.70 | 5,411.50 |
| **Total** | **1838.00** | **$512,385.50** |