**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                      :    08-13555 (JMP)
                                                              :
    Debtors.                                                  :    (Jointly Administered)
---------------------------------------------------------------x

**FIRST INTERIM APPLICATION
OF AKERMAN SENTERFITT, SPECIAL COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING
ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
FOR THE PERIOD OF JANUARY 1, 2011 THROUGH MARCH 6, 2012**[1]

| | |
|---|---|
| Names of Applicant: | Akerman Senterfitt |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings, Inc. |
| Date of Retention: | January 10, 2012 |
| Period for which compensation and reimbursement are sought: | January 1, 2011 through March 6, 2012[2] |
| Amount of compensation sought as actual, reasonable and necessary: | $750,503.31 |
| Amount of expenses sought as actual, reasonable and necessary: | $43,918.16 |

This is a(n)    ☐ Monthly   ☒ Interim   ☐ Final Application

---

[1] Plus the outstanding Project Harvest Invoices for 2009 and 2010 as permitted pursuant to the Akerman Employment Order.

[2] Plus the outstanding Project Harvest Invoices for 2009 and 2010 as permitted pursuant to the Akerman Employment Order.

{24235593;3}

**First Interim Application**

| Monthly Fee Statement | Period | Total Fees Requested | Total Expenses Requested | Fees Paid | Expenses Paid | Holdback Amount |
|---|---|---|---|---|---|---|
| 1st Monthly | 01/01/12 – 01/31/12 | $29,691.91 | $1,970.10 | $23,753.62 | $1,970.19 | $3,968.19 |
| 2nd Monthly | 02/01/12 – 02/29/12 | $33,732.59 | $3,477.83 | $0.00 | $0.00 | n/a |
| Totals | | $63,424.50 | $5,447.93 | $23,753.62 | $1,970.19 | $3,968.19 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                                                :
         Debtors.                                            :    (Jointly Administered)
----------------------------------------------------------------x

**FIRST INTERIM APPLICATION
OF AKERMAN SENTERFITT, SPECIAL COUNSEL TO
THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING
ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
FOR THE PERIOD OF JANUARY 1, 2011 THROUGH MARCH 6, 2012[3]**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Akerman Senterfitt ("Akerman"), special counsel for Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above captioned chapter 11 cases, as debtors in possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"), files this first interim application ("Application") seeking (a) allowance of compensation for professional services rendered by Akerman to the Debtors in the amount of $750,503.31, and (b) reimbursement of actual and necessary charges and expenses incurred by Akerman in the rendition of required professional services on behalf of the Debtors in the amount of $43,918.16, in each case for the period from January 1, 2011 through March 6, 2012 plus the outstanding Project Harvest Invoices for 2009 and 2010 (the "First Interim Application Period"), pursuant to section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee

---

[3]  Plus the outstanding Project Harvest Invoices for 2009 and 2010 as permitted pursuant to the Akerman Employment Order.

{24235593;3}                                                  3

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases (the "Local Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, entered in these cases on April 14, 2011 [Docket No. 15997] (the "Fourth Amended Monthly Compensation Order"). In support of this Application, Akerman respectfully represents as follows:

1. This Application is made in accordance with the Fourth Amended Monthly Compensation Order. Akerman has incurred fees of $750,503.31 during the First Interim Application Period. Summaries reflecting the incurrence of fees and expenses are annexed hereto as follows:

**Exhibit A** is the summary of (i) time and expenses for January 1, 2011 through March 6, 2012, (ii) time and expenses for the limited outstanding Project Harvest Invoices for 2009 and 2010; and (iii) a list of all current open matters.

**Exhibit B** is the detail of time and expenses for January 1, 2012 through March 6, 2012.

**Exhibit C** is the detail of time and expenses for January 1, 2011 through December 31, 2011.

**Exhibit D** is the detail of time and expenses for the outstanding Project Harvest Invoices for February, April, September, October, November and December 2010.

**Exhibit E** is the detail of time and expenses for the outstanding Project Harvest Invoices for March, April, June, September, October and December 2009.

{24235593;3}  4

**Exhibit F** are true and correct copies of invoices for amounts over $1,000 for expenses incurred on behalf of the Debtors in June 2011, August 2011 and December 2011 (the corresponding Akerman invoices are included).

2. Assuming no objections are interposed to Akerman's monthly fee statements, it would be entitled to be paid $750,503.31 in fees, and $43,918.16 in expenses under the Fourth Amended Monthly Compensation Order. Assuming Akerman is paid 80% of all fees and 100% of all expenses incurred during the First Interim Application Period through the monthly compensation procedure, the outstanding balance due to Akerman on account of monthly invoices for that period will be $150,100.66 (the "First Interim Holdback").

## Background

3. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

{24235593;3}                              5

6.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

7.    Akerman was retained as an "Ordinary Course Professional" (as hereinafter defined below) since the date it submitted Disclosure Statement of William B. Heller submitted February 11, 2009 [ECF No. 2816].

8.    On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629]. On September 1, 2011, the Bankruptcy Court entered an amended order [ECF No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

9.    By order dated January 10, 2012 (Docket No. 24150) ("Akerman Employment Order"), Akerman was retained by the Debtors as special counsel, *nun pro tunc*, effective as of January 1, 2011, with respect to the following matters: (i) prosecute loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) foreclosure litigation in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and the defense of lender liability claims asserted in such litigation; (iii) land use work related to the foreclosure litigation; and (iv) assisting LBHI in obtaining the final Certificate of Occupancy and resolving all claims and warranty issues with the general contractor and the subcontractors on a Florida

{24235593;3}                                                      6

condominium project. A copy of the Akerman Employment Order is annexed hereto as **Exhibit G**.

10. Pursuant to the Akerman Employment Order, Akerman is also authorized to seek compensation and reimbursement of expenses with respect to fees and expenses to be paid to it pursuant to the outstanding 2009 and 2010 Project Harvest Invoices identified in the Akerman Employment Application.

### Jurisdiction

11. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Lehman's Business

12. Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

13. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

### The Application

14. This Application is made pursuant to 11 U.S.C. §§ 105, 330 and 331 and the Fourth Amended Monthly Compensation Order, a copy of which is annexed hereto as **Exhbit H**.

15. Akerman is a leading litigation and real estate firm of 450 attorneys, that in this matter: (i) prosecutes loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) prosecutes foreclosure litigation in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and defends lender liability claims asserted in such litigation; (iii) provides land use work related to the foreclosure litigation; and (iv) assisted LBHI in obtaining the final Certificate of Occupancy and resolving all claims and warranty issues with the general contractor and the subcontractors on a condominium project in Florida. As described in the Akerman Affidavit, Akerman has extensive knowledge and experience with these kinds of matters. Akerman is a leading litigation and real estate firm which has represented Debtors and their affiliates in these types of matters.

16. Akerman has represented LBHI, directly through its subsidiary Aurora Loan Services, LLC, since 2006 in foreclosure and loss recovery litigation. During that time, Akerman has represented LBHI and its affiliates in state and federal court litigation in several states. Over the course of its representation of the Debtors and their affiliates, Akerman has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application.

17. Akerman has annexed to this Application, as incorporated in Exhibits B-E, the actual time recorded, the services rendered, the date the services were rendered and the names of the individuals performing the services by Akerman during the First Interim Application Period on behalf of the Debtors. The rate for each of the individuals referred to above is equal to the billing rate for such individual's time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. Akerman believes that these rates constitute market

rates and are equal to or less than the rates charged by professionals with similar experience. Akerman has provided LBHI a courtesy ten (10%) percent discount on its fees for invoices under task code 4000. This discount is reflected on Exhibits B-E. Akerman has also annexed to this Application, as incorporated in Exhibits B-E, the expenses Applicant has incurred on behalf of the Debtors during the First Interim Application Period.

### Professional Services Rendered

18. Akerman has been asked to assist the Debtors in mortgage loan-related litigation. Akerman has prosecuted 16 cases that involve breach of contract and breach of warranty claims brought by LBHI against various correspondent mortgage loan sellers under loan purchase agreements for breaches of representations and warranties including, but not limited to, misrepresentations of income, employment, assets, property value or involve first or early payment default by borrowers. Specifically, Akerman has researched, prepared, filed, litigated, and/or settled cases on behalf of the Debtors against counterparts to sales of mortgage loans on the secondary mortgage market. To date, Akerman has obtained judgments in favor of LBHI in the total amount of $2,644,024.73 and has settled certain other cases for a total settlement amount of $807,500.00.

19. Akerman also prosecutes foreclosure litigation on behalf of the Debtors in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and defends lender liability claims asserted in such litigation.

20. For LBHI, Akerman has completed distressed property work and a construction work-out for final completion, final payment and warranty issues with the general contractor and its subcontractors for the condominium project known as Gables Marquis located in Miami, Florida. LBHI's borrower, the condominuim project developer, defaulted on its loan with LBHI

{24235593;3}                                                9

and its contract with the general contractor. Akerman assisted LBHI in obtaining the final Certificate of Occupancy, completed the punch list and settled all claims with the general contractor and the subcontractors. Akerman resolved several million dollars in lien claims which were deemed satisfied of record. Akerman also resolved several claims filed by subcontractors and the general contractor in the bankruptcy as part of the settlement.

21. Akerman assisted LBHI with various entitlement issues. Akerman analyzed local government entitlements and development agreement provisions in advance of foreclosure litigation. Akerman negotiated with a charter school regarding entitlement issues. Further, Akerman negotiated with local government regarding entitlement extensions and development agreement provisions. Akerman also analyzed documents including the purchase and sale agreement and amendments, restrictive covenants, etc. in order to determine if there existed an obligation to provide parking for the public and/or the charter school.

22. In 2009 and 2010, Akerman assisted LBHI in "Project Harvest." Project Harvest was the name of the litigation against mortgage loan sellers for repurchase and indemnification involving residential mortgage loans purchased by the Debtors and either still owned by the Debtors or sold by the Debtors at a loss. The cases involved breach of contract and breach of warranty claims brought by the Debtors against various correspondent mortgage loan sellers under loan purchase agreements and the Aurora Loan Services Seller's Guide for breaches of representations and warranties. The common breaches included misrepresentations of income, employment, assets, property value or involve first or early payment default by borrowers. The Debtors had inadvertently not paid several invoices related to Project Harvest in the total amount of $133,227.38 for services rendered over the course of several months in 2009 and 2010. The Debtors do not dispute that the Project Harvest Invoices were timely submitted and should have been paid pursuant to the compensation and reimbursement procedures set forth in the Amended

OCP Order for Ordinary Course Professionals. All other invoices submitted by Akerman for 2009 and 2010 were timely paid by the Debtors. Although the Project Harvest Invoices are for services rendered prior to the effective date of January 1, 2011, pursuant to the Akerman Employment Order, Akerman is allowed to submit the Project Harvest Invoices pursuant to the procedures applicable to special counsel of the Debtors.

### Akerman As Ordinary Course Professional

23. Further, the Debtors submit that Akerman has provided necessary services, such services are of value to the estates, and the continued retention of Akerman is appropriate

### Actual and Necessary Disbursements of Akerman

24. A schedule of the actual and necessary expenses incurred by Akerman in connection with its representation of the Debtors is attached hereto as Exhibit A. As set forth in Exhibit A, Akerman requests allowance of actual and necessary expenses incurred by Akerman during the First Interim Application Period and for the Project Harvest Invoices in the aggregate amount of $43,918.16.

### The Requested Compensation Should Be Allowed

25. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement.

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---

> (A)   the time spent on such services;
>
> (B)   the rates charged for such services;
>
> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

26.   In the instant cases, Akerman respectfully submits that the professional services and the expenditures for which it seeks reimbursement in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their chapter 11 estates. Accordingly, Akerman further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

## Notice

27.   Notice of this Application will be served upon (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCoy LLP, 1 Chase Manhattan Plana, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.) attorneys for the Creditors' Committee; (iv) the Office of the United

States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and (v) Richard Gitlin, Chair of the Fee Committee, Godfrey & Kahn, 780 North Water Street, Milwaukee, Wisconsin 53202.

28.    All services for which compensation and reimbursement of expenses are requested by Akerman were performed for and on behalf of the Debtors. No agreement or understanding exists between Akerman and any other person for the sharing of compensation to be received for the services rendered in connection with Akerman's representation of the Debtors, and no action prohibited by § 504 of the Bankruptcy Code has been, or will be, made by Akerman.

29.    No previous request for the relief sought herein has been made to this or any other court.

## Conclusion

30.    Based on the foregoing, Akerman respectfully submits that the services rendered in the instant case during the Application Period and with respect to the Project Harvest invoices have been efficient and effective. Akerman will continue to (i) represent the Debtors in prosecuting loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuit; (ii) analyze local government entitlement issues; and (iii) prosecute foreclosure litigation and defend lender liability claims. As previously stated, Akerman seeks (i) an award of fees in the amount of $750,503.31 and expenses of $43,918.16, all incurred between January 1, 2011 and March 6, 2012 and the outstanding Project Harvest Invoices for 2009 and 2010; and (ii) authorization for the Debtors to pay those amounts.

        Pg 14 of 15

WHEREFORE Akerman Senterfitt respectfully requests that the Court grant the relief requested herein and such other and further relief as it deems just and proper.

Dated: May 21, 2012

*Andrea S. Hartley*
Andrea S. Hartley
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Fax: (305) 374-5095
andrea.hartley@akerman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                :
In re                                           :   Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :   08-13555 (JMP)
                                                :
          Debtors.                              :   (Jointly Administered)
-------------------------------------------------------------x

## CERTIFICATION OF ANDREA S. HARTLEY

Andrea S. Hartley, a member of the firm of Akerman Senterfitt, attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above-referenced chapter 11 cases pursuant to an order of this Court. This certification is made in support of the First Interim Application of Akerman Senterfitt (the "Application") and in compliance with Rule 2016(a) and with the United States Trustee's Guidelines for Review of Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330.

I have read the Application, and I certify that the Application substantially complies with the Rule and the Guidelines.

DATED: May 21, 2012

_____
Andrea S. Hartley
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Fax: (305) 374-5095
andrea.hartley@akerman.com

{24235593;3}                            15