# EXHIBIT G

## Akerman Employment Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                      :

In re                                :     **Chapter 11 Case No.**
                                        :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :     **08-13555 (JMP)**
                                        :

                      **Debtors.**          :     **(Jointly Administered)**
                                        :

-------------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e)
## OF THE BANKRUPTCY CODE AND RULE 2014 OF THE
## FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR
## AUTHORIZATION TO MODIFY THE PROCEDURES FOR
## COMPENSATING AND REIMBURSING AKERMAN SENTERFITT,
## AS SPECIAL COUNSEL TO THE DEBTORS, EFFECTIVE JANUARY 1, 2011

Upon consideration of the application, dated December 22, 2011 (the "Application"),[1] of

Lehman Brothers Holdings Inc. and together with its affiliated debtors in the above-captioned

chapter 11 cases, as debtors-in-possession (together, the "Debtors"), pursuant to section 327(e)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for authorization to modify the

procedures for compensating and reimbursing Akerman Senterfitt ("Akerman") as special

counsel to the Debtors effective January 1, 2011; and upon the affidavit of Andrea S. Hartley,

sworn to on December 21, 2011 (the "Hartley Affidavit"), filed in support of the Application and

attached thereto as Exhibit A; and the Court being satisfied, based on the representations made in

the Application and the Hartley Affidavit, that Akerman represents no interest adverse to the

Debtors or the Debtors' estates with respect to the matters upon which it is to be engaged, under

section 327(e) of the Bankruptcy Code as modified by section 1107(b); and the Court having

jurisdiction to consider the Application and the relief requested therein in accordance with 28

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the

Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984

(Ward, Acting C.J.); and consideration of the Application and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Application having

been provided in accordance with the procedures set forth in the second amended order

entered June 17, 2010 governing case management and administrative procedures, [ECF No.

9635], to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for

the Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) Akerman and (vii) all parties who have requested notice in these chapter 11

cases, and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Application is in the best interests of the

Debtors, their estates and their creditors, and all parties in interest and that the legal and factual

bases set forth in the Application establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved as set forth herein; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Akerman as special counsel, effective January 1,

2011, on the terms set forth in the Application and this order, for the Representative Matters

identified in the Application and in accordance with Akerman's customary rates in effect from

time to time and its disbursement policies; and it is further

ORDERED that Akerman is authorized to apply for compensation and reimbursement of expenses with respect to fees and expenses to be paid to it pursuant to the Project Harvest Invoices identified in the Application in accordance with the procedures set forth in the following decretal paragraph; and it is further

ORDERED that Akerman shall, solely with respect to fees and expenses to be paid to Akerman for services rendered as of January 1, 2011, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, [ECF No. 15997], the Court's Order Amending the Fee Protocol, [ECF No. 15998], and General Order M-389; and it is further

ORDERED that to the extent this Order is inconsistent with the Application, this Order shall govern; and it is further

ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: New York, New York
January 10, 2012

_s/ James M. Peck_
Honorable James M. Peck
United States Bankruptcy Judge