WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                                       :      **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     :      **08-13555 (JMP)**
                                                                :
                                          **Debtors.**          :      **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**
**TENTH INTERIM FEE APPLICATION**

Name of Applicant:       **Weil, Gotshal & Manges LLP**

Time Period:             October 1, 2011 through and including March 5, 2012

Role in the Case:        Attorneys for the Debtors and Debtors in Possession

Current Application:     Total Fees Requested:  $40,984,826.25

                         Total Expenses Requested:  $1,128,889.33

Prior Applications[1]:  First Interim Fee Application, filed April 13, 2009 [ECF No. 3343], for the period from September 15, 2008 through and including January 31, 2009

    Total Fees & Expenses Requested:  $56,477,671.85

    Total Fees & Expenses Allowed:  $56,477,077.85

Second Interim Fee Application, filed August 14, 2009 [ECF No. 4825], for the period from February 1, 2009 through and including May 31, 2009

    Total Fees & Expenses Requested:  $46,462,615.85

    Total Fees & Expenses Allowed:  $46,191,429.24

Third Interim Fee Application, filed December 14, 2009 [ECF No. 6205], for the period from June 1, 2009 through and including September 30, 2009

    Total Fees & Expenses Requested:  $46,615,231.42

    Total Fees & Expenses Allowed:  $46,373,588.39

Fourth Interim Fee Application, filed April 16, 2010 [ECF No. 8395], for the period from October 1, 2009 through and including January 31, 2010

    Total Fees & Expenses Requested:  $41,385,606.04

    Total Fees & Expenses Allowed:  $40,252,444.70

Fifth Interim Fee Application, filed August 16, 2010 [ECF No. 10791], for the period from February 1, 2010 through and including May 31, 2010

    Total Fees & Expenses Requested:  $47,819,947.03

    Total Fees & Expenses Allowed:  $47,029,684.29

Sixth Interim Fee Application, filed December 15, 2010 [ECF No. 13496], for the period from June 1, 2010 through and including September 30, 2010

    Total Fees & Expenses Requested:  $43,669.789.45

    Total Fees & Expenses Allowed:  $43,369,367.90

Seventh Interim Fee Application, filed June 2, 2011 [ECF No. 17347], for the period from October 1, 2010 through and including January 31, 2011

    Total Fees & Expenses Requested:  $38,071,928.64

    Total Fees & Expenses Allowed:  $36,908,001.21

Eighth Interim Fee Application, filed August 15, 2011 [ECF No. 19269], for the period from February 1, 2011 through and including May 31, 2011

    Total Fees & Expenses Requested:  $40,247,973.07

    Total Fees & Expenses Allowed:  $36,378,664.81

Ninth Interim Fee Application, filed December 16, 2011 [ECF No. 23489], for the period from June 1, 2011 through and including September 30, 2011

    Total Fees & Expenses Requested:  $39,867,274.07

    Total Fees & Expenses Allowed:  $36,144,140.3

---

[1] Weil, Gotshal & Manges LLP has reserved all rights with respect to any fees and expenses that have been requested but not yet allowed.

## SUMMARY SHEET FOR THE TENTH INTERIM FEE
## APPLICATION OF WEIL, GOTSHAL & MANGES LLP

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Miller, Harvey R. | BFR | 1959 | $1,000.00 | 320.70 | $320,700.00 |
| Gruenberger, Peter | LIT | 1961 | $1,000.00 | 1,348.50 | $1,348,500.00 |
| Davis, Richard J. | CORP | 1970 | $950.00 | 24.20 | $22,990.00 |
| Krasnow, Richard P. | BFR | 1972 | $1,000.00 | 651.20 | $651,200.00 |
| Miller, Ralph I. | LIT | 1972 | $1,000.00 | 271.70 | $246,700.00 |
| Newberg, Joseph H. | TAX | 1972 | $1,000.00 | 15.80 | $15,800.00 |
| Berz, David R. | LIT | 1973 | $1,000.00 | 2.50 | $2,500.00 |
| Berz, David R. | LIT | 1973 | $975.00 | 5.10 | $4,972.50 |
| Hull, Gregory D. | LIT | 1973 | $780.00 | 44.40 | $34,632.00 |
| Hull, Gregory D. | LIT | 1973 | $760.00 | 73.50 | $55,860.00 |
| Roh, Jr., Charles E. | LIT | 1973 | $925.00 | 35.60 | $32,930.00 |
| Roh, Jr., Charles E. | LIT | 1973 | $900.00 | 19.20 | $17,280.00 |
| Waksman, Ted S. | CORP | 1974 | $1,000.00 | 13.70 | $13,700.00 |
| Warren, Irwin H. | LIT | 1975 | $1,000.00 | 71.40 | $71,400.00 |
| Comet, Howard B. | LIT | 1976 | $925.00 | 66.40 | $61,420.00 |
| Hird, David B. | LIT | 1977 | $925.00 | 76.80 | $71,040.00 |
| Hird, David B. | LIT | 1977 | $900.00 | 33.50 | $30,150.00 |
| Soto, Edward | LIT | 1978 | $1,000.00 | 399.50 | $399,500.00 |
| Stangland, Elaine | CORP | 1978 | $1,000.00 | 12.30 | $12,300.00 |
| Stangland, Elaine | CORP | 1978 | $975.00 | 1.10 | $1,072.50 |
| Bower, David I. | TAX | 1979 | $1,000.00 | 22.40 | $22,400.00 |
| Bower, David I. | TAX | 1979 | $900.00 | 21.30 | $19,170.00 |
| Messineo, Robert L. | CORP | 1979 | $1,000.00 | 5.70 | $5,700.00 |
| Walsh, Michael | BFR | 1979 | $1,000.00 | 5.40 | $5,400.00 |
| Bond, W. Michael | CORP | 1980 | $1,000.00 | 323.90 | $323,900.00 |
| Isakoff, Peter D. | LIT | 1980 | $1,000.00 | 61.80 | $61,800.00 |
| Isakoff, Peter D. | LIT | 1980 | $975.00 | 151.20 | $147,420.00 |
| Dixon, Catherine T. | CORP | 1982 | $1,000.00 | 36.40 | $36,400.00 |
| Marcus, Jacqueline | BFR | 1983 | $1,000.00 | 214.90 | $214,900.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Marcus, Jacqueline | BFR | 1983 | $950.00 | 527.60 | $498,655.00 |
| Baer, Lawrence J. | LIT | 1984 | $780.00 | 73.60 | $57,408.00 |
| Coleman, Brenda | TAX | 1984 | $1,000.00 | 44.60 | $44,600.00 |
| Fife, Lori R. | BFR | 1984 | $1,000.00 | 880.40 | $880,400.00 |
| Goldring, Stuart J. | TAX | 1984 | $1,000.00 | 244.90 | $244,900.00 |
| Levine, Richard L. | LIT | 1984 | $975.00 | 122.80 | $119,730.00 |
| Levine, Richard L. | LIT | 1984 | $950.00 | 291.50 | $274,217.50 |
| Morrison, Richard A. | CORP | 1984 | $1,000.00 | 224.00 | $224,000.00 |
| Morrison, Richard A. | CORP | 1984 | $975.00 | 483.10 | $471,022.50 |
| Polkes, Jonathan D. | LIT | 1985 | $1,000.00 | 31.00 | $31,000.00 |
| Polkes, Jonathan D. | LIT | 1985 | $990.00 | 2.00 | $1,980.00 |
| Youngman, Stephen A. | BFR | 1985 | $950.00 | 11.80 | $11,210.00 |
| Youngman, Stephen A. | BFR | 1985 | $925.00 | 114.70 | $102,721.25 |
| Bloch, Matthew | CORP | 1986 | $1,000.00 | 6.10 | $6,100.00 |
| Gregory, Holly J. | CORP | 1987 | $1,000.00 | 21.80 | $21,800.00 |
| Kam, Michael K. | TAX | 1987 | $1,000.00 | 52.20 | $52,200.00 |
| Peck, Steven M. | CORP | 1987 | $900.00 | 7.00 | $6,300.00 |
| Slack, Richard W. | CORP | 1987 | $975.00 | 167.30 | $163,117.50 |
| Slack, Richard W. | CORP | 1987 | $950.00 | 164.40 | $156,180.00 |
| Blanch, Juliet | LIT | 1988 | $1,000.00 | 17.50 | $17,500.00 |
| Connolly, Annemargaret | CORP | 1988 | $925.00 | 6.20 | $5,735.00 |
| Connolly, Annemargaret | CORP | 1988 | $900.00 | 1.40 | $1,260.00 |
| Gelbfish, Larry J. | TAX | 1988 | $950.00 | 12.40 | $11,780.00 |
| Gelbfish, Larry J. | TAX | 1988 | $925.00 | 0.50 | $462.50 |
| Reid, Penny P. | LIT | 1989 | $975.00 | 38.10 | $37,147.50 |
| Reid, Penny P. | LIT | 1989 | $950.00 | 136.20 | $129,390.00 |
| Camerik, Nellie P. | CORP | 1989 | $950.00 | 327.30 | $310,935.00 |
| Camerik, Nellie P. | CORP | 1989 | $925.00 | 583.20 | $536,222.50 |
| Dicker, Howard B. | CORP | 1989 | $1,000.00 | 8.50 | $8,500.00 |
| Nocco, Frank P. | CORP | 1989 | $1,000.00 | 63.60 | $63,600.00 |
| Perez, Alfredo R. | BFR | 1989 | $1,000.00 | 355.40 | $355,400.00 |
| Peterman, Eric J. | CORP | 1989 | $1,000.00 | 58.40 | $58,400.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Peterman, Eric J. | CORP | 1989 | $975.00 | 91.30 | $89,017.50 |
| Strasburger, John B. | LIT | 1989 | $900.00 | 9.50 | $8,550.00 |
| Strasburger, John B. | LIT | 1989 | $875.00 | 24.70 | $21,612.50 |
| Broderick, Vernon S. | LIT | 1990 | $900.00 | 5.20 | $4,680.00 |
| Broderick, Vernon S. | LIT | 1990 | $875.00 | 9.60 | $8,400.00 |
| Colao, Andrew J. | CORP | 1990 | $950.00 | 15.70 | $14,915.00 |
| Colao, Andrew J. | CORP | 1990 | $925.00 | 33.00 | $30,525.00 |
| Cox, Christopher | LIT | 1990 | $925.00 | 196.50 | $181,762.50 |
| Cox, Christopher | LIT | 1990 | $900.00 | 173.80 | $156,420.00 |
| Cox, Christopher | LIT | 1990 | $845.00 | 28.70 | $24,251.50 |
| Margolis, Steven M. | TAX | 1990 | $780.00 | 80.90 | $63,102.00 |
| Etherton, Joanne | TAX | 1990 | $1,000.00 | 49.10 | $49,100.00 |
| Lubowitz, Michael E. | CORP | 1991 | $1,000.00 | 246.70 | $246,700.00 |
| Adas, Craig W. | CORP | 1991 | $1,000.00 | 21.00 | $21,000.00 |
| Chiperfield, Robert N. | CORP | 1991 | $1,000.00 | 250.60 | $250,600.00 |
| Ong, Steven K. | CORP | 1991 | $1,000.00 | 147.80 | $147,800.00 |
| Ong, Steven K. | CORP | 1991 | $990.00 | 12.10 | $11,979.00 |
| O'Toole, Jr., Patrick J. | LIT | 1991 | $760.00 | 6.30 | $4,788.00 |
| Pace, Christopher R.J. | LIT | 1991 | $900.00 | 22.80 | $20,520.00 |
| Plainer, Adam B. | BFR | 1991 | $1,000.00 | 257.50 | $257,500.00 |
| Ostolaza, Yvette | LIT | 1992 | $950.00 | 38.00 | $36,100.00 |
| Ostolaza, Yvette | LIT | 1992 | $925.00 | 26.20 | $24,235.00 |
| Verdesca, Joseph T. | CORP | 1992 | $900.00 | 11.80 | $10,620.00 |
| Beagles, Vance L. | LIT | 1993 | $900.00 | 116.90 | $98,685.00 |
| Beagles, Vance L. | LIT | 1993 | $875.00 | 89.80 | $78,575.00 |
| Kronman, Ariel | CORP | 1993 | $770.00 | 119.00 | $91,630.00 |
| Mayer, Sylvia A. | BFR | 1993 | $925.00 | 0.60 | $555.00 |
| Mayer, Sylvia A. | BFR | 1993 | $900.00 | 5.10 | $4,590.00 |
| Pines, Lori L. | LIT | 1993 | $950.00 | 10.50 | $9,975.00 |
| Pines, Lori L. | LIT | 1993 | $925.00 | 27.00 | $24,975.00 |
| Azcuy-Diaz, Beatriz | CORP | 1994 | $870.00 | 25.60 | $22,272.00 |
| Azcuy-Diaz, Beatriz | CORP | 1994 | $850.00 | 92.60 | $78,710.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Dedyo, John J. | CORP | 1994 | $1,000.00 | 1.30 | $1,300.00 |
| Dedyo, John J. | CORP | 1994 | $975.00 | 12.60 | $12,285.00 |
| Priestley, Sarah | TAX | 1994 | $1,000.00 | 43.40 | $43,400.00 |
| Ong, Henry | CORP | 1994 | $950.00 | 7.90 | $7,505.00 |
| Ong, Henry | CORP | 1994 | $920.00 | 7.40 | $6,808.00 |
| Loiseau, Holly E. | LIT | 1995 | $870.00 | 60.10 | $52,287.00 |
| Loiseau, Holly E. | LIT | 1995 | $850.00 | 14.20 | $12,070.00 |
| Grossman, Y. S. | CORP | 1995 | $950.00 | 36.30 | $34,485.00 |
| Grossman, Y. S. | CORP | 1995 | $925.00 | 22.00 | $20,350.00 |
| Hartmann, Uwe | CORP | 1995 | $775.00 | 9.50 | $7,362.50 |
| Hartmann, Uwe | CORP | 1995 | $745.00 | 23.90 | $17,805.50 |
| Bromfield, Paul | BFR | 1996 | $1,000.00 | 24.40 | $24,400.00 |
| Lucas, Stephen | CORP | 1996 | $1,000.00 | 15.40 | $15,400.00 |
| Osterman, Jeffrey D. | CORP | 1996 | $950.00 | 5.80 | $5,510.00 |
| Osterman, Jeffrey D. | CORP | 1996 | $925.00 | 1.80 | $1,665.00 |
| Wohl, David E. | CORP | 1996 | $870.00 | 2.80 | $2,436.00 |
| Wohl, David E. | CORP | 1996 | $850.00 | 7.50 | $6,375.00 |
| Shankland, Matthew | LIT | 1997 | $1,000.00 | 81.70 | $81,700.00 |
| Collings, Scarlett E. | LIT | 1997 | $780.00 | 231.30 | $180,414.00 |
| Collings, Scarlett E. | LIT | 1997 | $760.00 | 287.90 | $210,368.00 |
| Frastai, Robert | TAX | 1997 | $925.00 | 356.50 | $329,762.50 |
| Frastai, Robert | TAX | 1997 | $900.00 | 148.00 | $133,200.00 |
| Fertig, David R. | LIT | 1998 | $870.00 | 86.40 | $75,168.00 |
| Fertig, David R. | LIT | 1998 | $850.00 | 174.60 | $148,410.00 |
| Sontag, Scott M. | TAX | 1998 | $950.00 | 19.20 | $18,240.00 |
| Sontag, Scott M. | TAX | 1998 | $900.00 | 37.70 | $33,930.00 |
| Bloomberg, Linton | BFR | 1999 | $945.00 | 225.50 | $213,097.50 |
| Buessemaker, Arnold | CORP | 1999 | $745.00 | 142.10 | $105,864.50 |
| Garcia, Yolanda C. | LIT | 1999 | $820.00 | 32.50 | $22,181.00 |
| Garcia, Yolanda C. | LIT | 1999 | $800.00 | 55.00 | $39,560.00 |
| Lynch, Nancy E. | CORP | 1999 | $780.00 | 62.10 | $48,438.00 |
| Lynch, Nancy E. | CORP | 1999 | $760.00 | 87.30 | $66,348.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Singer, Randi W. | LIT | 1999 | $870.00 | 3.10 | $2,697.00 |
| Singer, Randi W. | LIT | 1999 | $850.00 | 218.00 | $185,300.00 |
| Bronson, Ardith | LIT | 2000 | $780.00 | 108.70 | $82,641.00 |
| Bronson, Ardith | LIT | 2000 | $760.00 | 117.80 | $89,528.00 |
| Gwilliams, Ivor | LIT | 2000 | $945.00 | 44.30 | $41,863.50 |
| Lemmer, Elisa R. | BFR | 2000 | $780.00 | 7.30 | $5,694.00 |
| Lemmer, Elisa R. | BFR | 2000 | $760.00 | 151.40 | $114,798.00 |
| Herman, David | CORP | 2001 | $810.00 | 170.60 | $138,186.00 |
| Herman, David | CORP | 2001 | $790.00 | 280.30 | $221,437.00 |
| Lemons, Robert J. | BFR | 2001 | $870.00 | 191.30 | $166,431.00 |
| Lemons, Robert J. | BFR | 2001 | $850.00 | 510.00 | $433,500.00 |
| Berkovich, Ronit J. | BFR | 2002 | $830.00 | 5.20 | $4,316.00 |
| Berkovich, Ronit J. | BFR | 2002 | $810.00 | 40.80 | $33,048.00 |
| Deruelle, P. Christine | LIT | 2002 | $780.00 | 69.30 | $50,856.00 |
| Deruelle, P. Christine | LIT | 2002 | $760.00 | 123.00 | $88,616.00 |
| Maples, Charles J. | LIT | 2002 | $1,000.00 | 61.70 | $55,250.00 |
| **Total:** | | | | **16,082.40** | **$14,942,043.25** |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Howard, Christine | LIT | 1975 | $760.00 | 49.60 | $37,696.00 |
| Bodkin, Lynn | CORP | 1984 | $760.00 | 6.10 | $4,636.00 |
| Bodkin, Lynn | CORP | 1984 | $750.00 | 23.30 | $17,475.00 |
| Butenas, John | CORP | 1991 | $760.00 | 256.40 | $194,864.00 |
| Butenas, John | CORP | 1991 | $750.00 | 309.00 | $231,750.00 |
| Baker, Barbara | CORP | 1992 | $760.00 | 6.40 | $4,864.00 |
| Kronman, Ariel | CORP | 1993 | $750.00 | 214.30 | $160,425.00 |
| Smith, Leslie S. | CORP | 1995 | $760.00 | 51.00 | $38,760.00 |
| Smith, Leslie S. | CORP | 1995 | $750.00 | 40.50 | $30,375.00 |
| Martialay, Elizabeth A. | CORP | 1996 | $760.00 | 146.60 | $111,416.00 |
| Martialay, Elizabeth A. | CORP | 1996 | $740.00 | 68.50 | $50,690.00 |
| Parenti, Meredith | LIT | 1996 | $760.00 | 282.90 | $211,166.00 |
| Parenti, Meredith | LIT | 1996 | $750.00 | 354.60 | $256,387.50 |
| Hoppe, Konstantin | LIT | 1998 | $540.00 | 13.80 | $7,452.00 |
| Dummer, David W. | LIT | 1999 | $760.00 | 39.30 | $26,220.00 |
| Dummer, David W. | LIT | 1999 | $750.00 | 148.60 | $101,400.00 |
| Meyrowitz, Melissa | CORP | 1999 | $760.00 | 10.20 | $7,752.00 |
| Ng, Eugene Jun-Yih | CORP | 1999 | $760.00 | 39.20 | $29,792.00 |
| Ng, Eugene Jun-Yih | CORP | 1999 | $740.00 | 50.70 | $37,518.00 |
| Tauser, Kian | TAX | 2000 | $610.00 | 14.70 | $8,967.00 |
| Buchwaldt, Konrad Von | TAX | 2000 | $540.00 | 34.20 | $18,468.00 |
| Buchwaldt, Konrad Von | TAX | 2000 | $520.00 | 16.10 | $8,372.00 |
| Hubana, Lidija | LIT | 2001 | $300.00 | 54.00 | $16,200.00 |
| Naveh, Inbal | LIT | 2001 | $515.00 | 8.80 | $4,532.00 |
| Naveh, Inbal | LIT | 2001 | $430.00 | 46.50 | $19,995.00 |
| Platkov, Margarita | LIT | 2001 | $740.00 | 131.60 | $97,384.00 |
| Swartz, Andrew R. | LIT | 2001 | $760.00 | 71.30 | $54,188.00 |
| Swartz, Andrew R. | LIT | 2001 | $750.00 | 127.00 | $95,250.00 |
| Gilbane, Eleanor H. | LIT | 2002 | $760.00 | 99.00 | $75,240.00 |
| Gilbane, Eleanor H. | LIT | 2002 | $750.00 | 2.30 | $1,725.00 |
| Goltser, Lyuba | CORP | 2002 | $760.00 | 2.70 | $2,052.00 |
| Goltser, Lyuba | CORP | 2002 | $750.00 | 12.60 | $9,450.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Kuyumjian, Arman | CORP | 2002 | $760.00 | 223.60 | $169,936.00 |
| Kuyumjian, Arman | CORP | 2002 | $740.00 | 297.20 | $219,928.00 |
| Maples, Charles J. | LIT | 2002 | $905.00 | 146.00 | $132,130.00 |
| Maples, Charles J. | LIT | 2002 | $825.00 | 7.60 | $6,270.00 |
| Park Jr., Jay H. | CORP | 2002 | $730.00 | 1.00 | $730.00 |
| Park Jr., Jay H. | CORP | 2002 | $685.00 | 38.90 | $26,646.50 |
| Schloss, Adam M. | LIT | 2002 | $760.00 | 35.90 | $27,284.00 |
| Schloss, Adam M. | LIT | 2002 | $750.00 | 69.10 | $51,825.00 |
| Alvarez, Denise | LIT | 2003 | $760.00 | 100.50 | $76,380.00 |
| Alvarez, Denise | LIT | 2003 | $750.00 | 311.10 | $233,325.00 |
| Birnhak, Daniel A. | TAX | 2003 | $600.00 | 26.80 | $16,080.00 |
| Eckols, Erin D. | LIT | 2003 | $760.00 | 153.00 | $111,112.00 |
| Eckols, Erin D. | LIT | 2003 | $740.00 | 402.40 | $287,120.00 |
| Friedman, Julie T. | BFR | 2003 | $500.00 | 479.50 | $239,750.00 |
| McCarthy, Edward | LIT | 2003 | $760.00 | 129.60 | $95,798.00 |
| McCarthy, Edward | LIT | 2003 | $740.00 | 92.80 | $68,672.00 |
| Schick, Marisa L. | CORP | 2003 | $760.00 | 204.50 | $155,420.00 |
| Schick, Marisa L. | CORP | 2003 | $750.00 | 208.60 | $156,450.00 |
| Wall, Rupert A. | CORP | 2003 | $905.00 | 291.60 | $263,898.00 |
| Ziegler, Venera | CORP | 2003 | $720.00 | 36.00 | $25,920.00 |
| Blaustein, Allen S. | LIT | 2004 | $750.00 | 22.80 | $17,100.00 |
| Blaustein, Allen S. | LIT | 2004 | $720.00 | 308.90 | $222,408.00 |
| Fail, Garrett | BFR | 2004 | $760.00 | 370.70 | $281,086.00 |
| Fail, Garrett | BFR | 2004 | $740.00 | 801.60 | $589,410.00 |
| Field, Hannah L. | LIT | 2004 | $905.00 | 86.10 | $77,920.50 |
| Firestone, Michael | LIT | 2004 | $760.00 | 147.50 | $112,100.00 |
| Firestone, Michael | LIT | 2004 | $740.00 | 118.20 | $87,468.00 |
| Goodman, Max A. | TAX | 2004 | $760.00 | 24.60 | $18,696.00 |
| Goodman, Max A. | TAX | 2004 | $740.00 | 64.10 | $47,064.00 |
| Hart, Mirella B. | CORP | 2004 | $905.00 | 329.40 | $286,568.25 |
| Konig, Robert | CORP | 2004 | $730.00 | 30.30 | $22,119.00 |
| Konig, Robert | CORP | 2004 | $685.00 | 32.40 | $22,194.00 |
| Kotcher, Liani G. | LIT | 2004 | $750.00 | 36.90 | $27,675.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Kotcher, Liani G. | LIT | 2004 | $720.00 | 156.10 | $108,036.00 |
| Kotcher, Liani G. | LIT | 2004 | $630.00 | 36.80 | $23,184.00 |
| McGarry, Christopher | CORP | 2004 | $905.00 | 19.30 | $17,466.50 |
| Shmalo, Robert C. | CORP | 2004 | $760.00 | 244.70 | $185,972.00 |
| Shmalo, Robert C. | CORP | 2004 | $740.00 | 435.40 | $322,196.00 |
| Singh, David R. | LIT | 2004 | $760.00 | 16.50 | $12,540.00 |
| Singh, David R. | LIT | 2004 | $740.00 | 10.90 | $8,066.00 |
| Stein, Russell J. | TAX | 2004 | $705.00 | 9.30 | $6,556.50 |
| Stein, Russell J. | TAX | 2004 | $645.00 | 9.80 | $6,321.00 |
| Velevis, Robert S. | LIT | 2004 | $750.00 | 15.70 | $11,775.00 |
| Velevis, Robert S. | LIT | 2004 | $720.00 | 29.20 | $21,024.00 |
| Walker, Oliver D. | TAX | 2004 | $905.00 | 13.40 | $12,127.00 |
| Grapsas, Rebecca | CORP | 2005 | $750.00 | 7.00 | $5,250.00 |
| Bernstein, Mark I. | BFR | 2005 | $750.00 | 236.00 | $173,925.00 |
| Bernstein, Mark I. | BFR | 2005 | $720.00 | 610.80 | $439,164.00 |
| Bullmore, Gemma | LIT | 2005 | $865.00 | 287.20 | $241,291.75 |
| Comer, Samuel J. | CORP | 2005 | $720.00 | 53.60 | $38,592.00 |
| D'Amico, Brian J. | LIT | 2005 | $730.00 | 59.00 | $43,070.00 |
| D'Amico, Brian J. | LIT | 2005 | $685.00 | 158.80 | $104,805.00 |
| Kaplan, Jaime S. | LIT | 2005 | $730.00 | 3.40 | $2,482.00 |
| Kaplan, Jaime S. | LIT | 2005 | $685.00 | 10.50 | $7,192.50 |
| Kim, Hyun K. | CORP | 2005 | $750.00 | 140.90 | $105,675.00 |
| Kim, Hyun K. | CORP | 2005 | $720.00 | 190.10 | $136,872.00 |
| Margolis, Daniel R. | LIT | 2005 | $705.00 | 58.10 | $40,960.50 |
| Markum, Julie A. | CORP | 2005 | $705.00 | 230.90 | $162,784.50 |
| Markum, Julie A. | CORP | 2005 | $685.00 | 334.50 | $229,132.50 |
| Meade, Kevin F. | LIT | 2005 | $750.00 | 4.20 | $3,150.00 |
| Meade, Kevin F. | LIT | 2005 | $720.00 | 5.00 | $3,600.00 |
| Perret, Blandine | BFR | 2005 | $865.00 | 432.70 | $374,285.50 |
| Razavilar, Pejman | CORP | 2005 | $760.00 | 92.90 | $70,604.00 |
| Razavilar, Pejman | CORP | 2005 | $740.00 | 279.50 | $206,830.00 |
| Bodamer, Benton B. | CORP | 2006 | $645.00 | 35.20 | $22,704.00 |
| Bookman, Adam J. | LIT | 2006 | $560.00 | 23.70 | $13,272.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Cope, Jonathan | CORP | 2006 | $810.00 | 8.40 | $6,804.00 |
| Gold, Emily L. | CORP | 2006 | $730.00 | 80.50 | $58,619.00 |
| Gold, Emily L. | CORP | 2006 | $685.00 | 275.00 | $187,964.00 |
| Hoelzer, Lauren | LIT | 2006 | $705.00 | 107.50 | $75,787.50 |
| Hoelzer, Lauren | LIT | 2006 | $645.00 | 89.30 | $57,598.50 |
| Kulawik, Tomasz | CORP | 2006 | $625.00 | 21.40 | $13,375.00 |
| Kulawik, Tomasz | CORP | 2006 | $560.00 | 69.70 | $39,032.00 |
| Majid, Saima | BFR | 2006 | $685.00 | 25.50 | $17,467.50 |
| Maselli, John | CORP | 2006 | $705.00 | 3.50 | $2,467.50 |
| Maselli, John | CORP | 2006 | $645.00 | 31.20 | $20,124.00 |
| Meyer, Damon P. | BFR | 2006 | $685.00 | 7.30 | $5,000.50 |
| Munz, Naomi | CORP | 2006 | $760.00 | 203.70 | $154,812.00 |
| Munz, Naomi | CORP | 2006 | $750.00 | 136.20 | $102,150.00 |
| Oliver, Jennifer M. | LIT | 2007 | $670.00 | 39.30 | $26,331.00 |
| Oliver, Jennifer M. | LIT | 2007 | $600.00 | 118.90 | $71,340.00 |
| Arora, Amanjit | BFR | 2007 | $705.00 | 159.30 | $111,390.00 |
| Arora, Amanjit | BFR | 2007 | $645.00 | 279.10 | $177,729.75 |
| Brady, Teresa | LIT | 2007 | $705.00 | 192.60 | $135,783.00 |
| Brady, Teresa | LIT | 2007 | $645.00 | 172.10 | $111,004.50 |
| Christensen, Evert J. | LIT | 2007 | $670.00 | 33.50 | $22,445.00 |
| Christensen, Evert J. | LIT | 2007 | $600.00 | 16.30 | $9,780.00 |
| Decker, Sarah M. | LIT | 2007 | $645.00 | 21.60 | $13,932.00 |
| Doktor, Christine | LIT | 2007 | $670.00 | 45.80 | $30,686.00 |
| Doktor, Christine | LIT | 2007 | $600.00 | 52.60 | $31,560.00 |
| Farmer, Christopher E. | LIT | 2007 | $645.00 | 13.20 | $8,514.00 |
| Fox, Andrew R. | LIT | 2007 | $760.00 | 106.40 | $80,864.00 |
| Koch, Eberhard | LIT | 2007 | $405.00 | 7.80 | $3,159.00 |
| Kuehl, Lara | LIT | 2007 | $760.00 | 58.80 | $44,688.00 |
| Merson, Regina | BFR | 2007 | $600.00 | 17.30 | $10,380.00 |
| Ortiz, Giana | LIT | 2007 | $670.00 | 25.50 | $17,085.00 |
| Ortiz, Giana | LIT | 2007 | $600.00 | 36.00 | $21,600.00 |
| Pauls, Justin D. | BFR | 2007 | $670.00 | 7.70 | $5,159.00 |
| Pauls, Justin D. | BFR | 2007 | $600.00 | 1.60 | $960.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Reicher, Aliza | BFR | 2007 | $670.00 | 24.10 | $16,147.00 |
| Reicher, Aliza | BFR | 2007 | $600.00 | 208.40 | $125,040.00 |
| Singh, Sunny | BFR | 2007 | $705.00 | 385.80 | $271,777.50 |
| Singh, Sunny | BFR | 2007 | $645.00 | 688.20 | $443,211.75 |
| Speake, Alicia L. | CORP | 2007 | $760.00 | 15.90 | $12,084.00 |
| Waduge, Cassie | CORP | 2007 | $670.00 | 99.80 | $66,866.00 |
| Waduge, Cassie | CORP | 2007 | $600.00 | 180.20 | $108,120.00 |
| Weinroth, Marc | LIT | 2007 | $670.00 | 8.60 | $5,762.00 |
| Zwick, Michael | CORP | 2007 | $760.00 | 8.80 | $6,688.00 |
| Nelsen, Jennifer M. | LIT | 2007 | $670.00 | 239.90 | $157,081.50 |
| Nelsen, Jennifer M. | LIT | 2007 | $600.00 | 263.90 | $153,240.00 |
| Abadi, Joseph | CORP | 2008 | $670.00 | 45.30 | $30,351.00 |
| Abadi, Joseph | CORP | 2008 | $600.00 | 23.80 | $14,280.00 |
| Bagon, Paul | BFR | 2008 | $695.00 | 86.30 | $59,978.50 |
| Biernacki, Jakub | CORP | 2008 | $670.00 | 3.20 | $2,144.00 |
| Biernacki, Jakub | CORP | 2008 | $600.00 | 38.50 | $23,100.00 |
| Carminati, M. Vittoria | LIT | 2008 | $625.00 | 46.90 | $29,312.50 |
| Carminati, M. Vittoria | LIT | 2008 | $560.00 | 140.00 | $78,400.00 |
| Cherry, Brandon E. | CORP | 2008 | $705.00 | 8.80 | $6,204.00 |
| Cherry, Brandon E. | CORP | 2008 | $645.00 | 33.30 | $21,478.50 |
| Cloutier, Lisa N. | LIT | 2008 | $600.00 | 12.80 | $7,680.00 |
| Coelho, Sara | BFR | 2008 | $705.00 | 8.40 | $5,922.00 |
| Coelho, Sara | BFR | 2008 | $645.00 | 136.80 | $88,074.75 |
| Colon-Bosolet, Melissa | LIT | 2008 | $670.00 | 0.80 | $536.00 |
| Colon-Bosolet, Melissa | LIT | 2008 | $600.00 | 6.90 | $4,140.00 |
| Depowski, Kristen Leigh | CORP | 2008 | $625.00 | 75.70 | $47,312.50 |
| Depowski, Kristen Leigh | CORP | 2008 | $560.00 | 89.20 | $49,952.00 |
| Hendy, Amanda M. | BFR | 2008 | $625.00 | 9.00 | $5,625.00 |
| Hendy, Amanda M. | BFR | 2008 | $560.00 | 215.30 | $120,568.00 |
| Horwitz, Maurice | BFR | 2008 | $670.00 | 332.30 | $222,306.00 |
| Horwitz, Maurice | BFR | 2008 | $600.00 | 626.10 | $375,360.00 |
| Keenan, Eoghan P. | CORP | 2008 | $670.00 | 35.70 | $23,919.00 |
| Keenan, Eoghan P. | CORP | 2008 | $600.00 | 31.40 | $18,840.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Kodes, Shawn | CORP | 2008 | $600.00 | 38.40 | $23,040.00 |
| Larson, Jennifer D. | LIT | 2008 | $625.00 | 244.40 | $152,750.00 |
| Larson, Jennifer D. | LIT | 2008 | $560.00 | 228.00 | $127,680.00 |
| Manthei, Christina M. | BFR | 2008 | $670.00 | 101.10 | $67,737.00 |
| Manthei, Christina M. | BFR | 2008 | $600.00 | 360.90 | $216,540.00 |
| Ratner, Philip | CORP | 2008 | $670.00 | 8.60 | $5,762.00 |
| Ratner, Philip | CORP | 2008 | $600.00 | 19.30 | $11,580.00 |
| Solaimani, Farbod | TAX | 2008 | $670.00 | 45.50 | $30,485.00 |
| Solaimani, Farbod | TAX | 2008 | $600.00 | 27.70 | $16,620.00 |
| Taylor, Ryan C. | CORP | 2008 | $670.00 | 8.90 | $5,963.00 |
| Taylor, Ryan C. | CORP | 2008 | $600.00 | 45.00 | $27,000.00 |
| Thompson, Sunny J. | LIT | 2008 | $625.00 | 147.80 | $90,187.50 |
| Thompson, Sunny J. | LIT | 2008 | $560.00 | 188.30 | $100,548.00 |
| Todd, Elizabeth R. | CORP | 2008 | $695.00 | 8.10 | $5,629.50 |
| Trivedi, Sujan H. | LIT | 2008 | $705.00 | 381.70 | $269,098.50 |
| Trivedi, Sujan H. | LIT | 2008 | $645.00 | 485.80 | $312,954.00 |
| Waisberg, Jennifer | CORP | 2008 | $705.00 | 7.40 | $5,217.00 |
| Warner, Allison M. | LIT | 2008 | $750.00 | 27.00 | $20,250.00 |
| Warner, Allison M. | LIT | 2008 | $720.00 | 77.60 | $55,872.00 |
| Zerbinopoulos, Lauren L. | LIT | 2008 | $625.00 | 209.60 | $128,093.75 |
| Zerbinopoulos, Lauren L. | LIT | 2008 | $560.00 | 348.60 | $195,216.00 |
| Anusionwu, Ijeoma | BFR | 2009 | $560.00 | 20.80 | $11,648.00 |
| Banks, Adam B. | LIT | 2009 | $625.00 | 47.50 | $29,687.50 |
| Banks, Adam B. | LIT | 2009 | $560.00 | 157.60 | $88,256.00 |
| Bell, Michael | LIT | 2009 | $670.00 | 20.90 | $14,003.00 |
| Bell, Michael | LIT | 2009 | $600.00 | 36.90 | $22,140.00 |
| Bourne, Lindsay | LIT | 2009 | $515.00 | 15.90 | $8,188.50 |
| Bradley, Christopher G. | LIT | 2009 | $585.00 | 296.90 | $173,686.50 |
| Bradley, Christopher G. | LIT | 2009 | $495.00 | 146.00 | $72,270.00 |
| Byeff, David P. | LIT | 2009 | $560.00 | 16.50 | $9,240.00 |
| Cahn, Blaire | BFR | 2009 | $670.00 | 13.00 | $8,710.00 |
| Cahn, Blaire | BFR | 2009 | $600.00 | 29.30 | $17,580.00 |
| Cheng, Jennifer | CORP | 2009 | $670.00 | 293.10 | $196,377.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Cheng, Jennifer | CORP | 2009 | $600.00 | 102.60 | $61,560.00 |
| Citron, Eileen Hren | LIT | 2009 | $585.00 | 123.50 | $70,785.00 |
| Citron, Eileen Hren | LIT | 2009 | $495.00 | 70.90 | $35,095.50 |
| Cohen, David A. | CORP | 2009 | $625.00 | 28.90 | $18,062.50 |
| Cohen, David A. | CORP | 2009 | $560.00 | 60.60 | $33,936.00 |
| Custodio, Yvanna | BFR | 2009 | $430.00 | 25.40 | $10,922.00 |
| Drozda, Brian C. | CORP | 2009 | $625.00 | 15.40 | $9,625.00 |
| Drozda, Brian C. | CORP | 2009 | $560.00 | 31.30 | $17,528.00 |
| Dunlap, Jodie A. | BFR | 2009 | $625.00 | 8.20 | $5,125.00 |
| Erichsen, Kirsten | BFR | 2009 | $625.00 | 11.30 | $7,062.50 |
| Falabella, Pablo | BFR | 2009 | $600.00 | 31.80 | $19,080.00 |
| Foley, Jared | LIT | 2009 | $560.00 | 10.30 | $5,768.00 |
| Goldberg, Lee J. | BFR | 2009 | $625.00 | 358.50 | $224,000.00 |
| Goldberg, Lee J. | BFR | 2009 | $560.00 | 595.30 | $333,256.00 |
| Greenberg, David S. | LIT | 2009 | $625.00 | 92.10 | $57,562.50 |
| Greenberg, David S. | LIT | 2009 | $560.00 | 233.60 | $130,816.00 |
| Heckman, Darlyn P. | CORP | 2009 | $585.00 | 12.70 | $7,429.50 |
| Heckman, Darlyn P. | CORP | 2009 | $495.00 | 21.80 | $10,791.00 |
| Karkar, Nadia | CORP | 2009 | $670.00 | 1.20 | $804.00 |
| Karkar, Nadia | CORP | 2009 | $600.00 | 7.60 | $4,560.00 |
| Kasenetz, Eric | BFR | 2009 | $585.00 | 408.00 | $238,504.50 |
| Kasenetz, Eric | BFR | 2009 | $495.00 | 666.10 | $329,719.50 |
| Khachaturian, S. Alex | LIT | 2009 | $670.00 | 13.40 | $8,978.00 |
| Khachaturian, S. Alex | LIT | 2009 | $600.00 | 31.20 | $18,720.00 |
| Klein, Daniel S. | LIT | 2009 | $670.00 | 31.30 | $20,971.00 |
| Klein, Daniel S. | LIT | 2009 | $600.00 | 300.90 | $178,440.00 |
| Kretchmar, Thomas M. | CORP | 2009 | $560.00 | 28.10 | $15,736.00 |
| Ligon, John C. | LIT | 2009 | $430.00 | 28.70 | $12,341.00 |
| Liroff, Alexander R. | CORP | 2009 | $585.00 | 23.00 | $13,455.00 |
| Liroff, Alexander R. | CORP | 2009 | $495.00 | 170.50 | $84,397.50 |
| Luise, Christopher T. | LIT | 2009 | $625.00 | 145.70 | $91,062.50 |
| Luise, Christopher T. | LIT | 2009 | $560.00 | 109.10 | $61,096.00 |
| Neely, Christopher M. | LIT | 2009 | $670.00 | 84.80 | $56,816.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Neely, Christopher M. | LIT | 2009 | $600.00 | 144.80 | $86,880.00 |
| Obaro, Bambo | LIT | 2009 | $585.00 | 38.60 | $22,581.00 |
| Obaro, Bambo | LIT | 2009 | $495.00 | 87.70 | $43,411.50 |
| Pearson, Tashanna B. | LIT | 2009 | $625.00 | 25.40 | $15,875.00 |
| Pearson, Tashanna B. | LIT | 2009 | $560.00 | 57.80 | $32,368.00 |
| Rutner, Erica | LIT | 2009 | $585.00 | 2.40 | $1,404.00 |
| Rutner, Erica | LIT | 2009 | $495.00 | 112.90 | $55,885.50 |
| Salcedo, Nadya | LIT | 2009 | $625.00 | 0.50 | $312.50 |
| Salcedo, Nadya | LIT | 2009 | $560.00 | 78.90 | $44,184.00 |
| Simons, Caroline K. | LIT | 2009 | $625.00 | 26.50 | $16,562.50 |
| Simons, Caroline K. | LIT | 2009 | $560.00 | 67.20 | $37,632.00 |
| Sinensky, Abraham | TAX | 2009 | $430.00 | 6.40 | $2,752.00 |
| Velez, Elizabeth M. | LIT | 2009 | $495.00 | 19.40 | $9,603.00 |
| Win, Zaw | BFR | 2009 | $625.00 | 331.20 | $206,687.50 |
| Win, Zaw | BFR | 2009 | $560.00 | 610.40 | $341,152.00 |
| Wong, Lorena | CORP | 2009 | $625.00 | 104.40 | $65,250.00 |
| Wu, Edward | BFR | 2009 | $585.00 | 0.90 | $526.50 |
| Wu, Edward | BFR | 2009 | $495.00 | 34.50 | $17,077.50 |
| Zborovsky, Evgeny | CORP | 2009 | $625.00 | 10.10 | $6,312.50 |
| Tran, Hongan N. | LIT | 2009 | $585.00 | 80.50 | $33,982.50 |
| Tran, Hongan N. | LIT | 2009 | $495.00 | 225.10 | $111,424.50 |
| Gurney, Catherine | LIT | 2010 | $550.00 | 481.70 | $264,935.00 |
| Ho, Peter | CORP | 2010 | $550.00 | 35.80 | $19,690.00 |
| Kaufman, Dana | BFR | 2010 | $430.00 | 24.70 | $10,621.00 |
| Arthur, Candace | BFR | 2010 | $585.00 | 306.70 | $179,419.50 |
| Arthur, Candace | BFR | 2010 | $495.00 | 532.30 | $263,488.50 |
| Birnbaum, Ashley | CORP | 2010 | $585.00 | 17.30 | $10,120.50 |
| Birnbaum, Ashley | CORP | 2010 | $495.00 | 3.00 | $1,485.00 |
| Brauers, Laura Friederike | CORP | 2010 | $340.00 | 29.00 | $9,860.00 |
| Brauers, Laura Friederike | CORP | 2010 | $325.00 | 6.10 | $1,982.50 |
| Bröcker, Hermann-Matthias | LIT | 2010 | $335.00 | 5.50 | $1,842.50 |
| Bueso, Lara | LIT | 2010 | $515.00 | 6.40 | $3,296.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Bueso, Lara | LIT | 2010 | $430.00 | 42.10 | $18,103.00 |
| Chatterton, Julian | LIT | 2010 | $550.00 | 26.50 | $14,575.00 |
| del Nido, Erika | BFR | 2010 | $585.00 | 265.70 | $155,434.50 |
| del Nido, Erika | BFR | 2010 | $495.00 | 430.80 | $213,246.00 |
| Donovan, Allison | CORP | 2010 | $515.00 | 35.00 | $18,025.00 |
| Donovan, Allison | CORP | 2010 | $430.00 | 29.60 | $12,728.00 |
| Dziedzic, Katherine | CORP | 2010 | $515.00 | 6.90 | $3,553.50 |
| Enayati, Robert | CORP | 2010 | $395.00 | 7.10 | $2,804.50 |
| Ganesh, Jennifer N. | BFR | 2010 | $625.00 | 43.90 | $27,437.50 |
| Ganesh, Jennifer N. | BFR | 2010 | $560.00 | 307.70 | $172,312.00 |
| Gismondi, Christopher | LIT | 2010 | $585.00 | 30.60 | $17,433.00 |
| Gokhale, Ajit | TAX | 2010 | $625.00 | 248.30 | $155,187.50 |
| Gokhale, Ajit | TAX | 2010 | $560.00 | 152.80 | $85,568.00 |
| Gokhale, Shilpa | BFR | 2010 | $430.00 | 17.30 | $7,439.00 |
| Gordon, Sarah L. | CORP | 2010 | $450.00 | 33.80 | $15,210.00 |
| Hall, Dana | BFR | 2010 | $495.00 | 28.80 | $14,256.00 |
| Hawley, Kristen E. | LIT | 2010 | $430.00 | 6.20 | $2,666.00 |
| Hueske, Will A. | BFR | 2010 | $430.00 | 36.30 | $15,609.00 |
| Kenter, Doron | BFR | 2010 | $625.00 | 7.20 | $4,500.00 |
| Kenter, Doron | BFR | 2010 | $560.00 | 189.90 | $106,344.00 |
| Kleinsasser, Matthias J. | BFR | 2010 | $515.00 | 418.40 | $209,373.25 |
| Kleinsasser, Matthias J. | BFR | 2010 | $430.00 | 401.10 | $167,356.00 |
| Knowles, Matthew L. | LIT | 2010 | $515.00 | 6.80 | $3,502.00 |
| Larkin, Carlos | CORP | 2010 | $515.00 | 3.00 | $1,545.00 |
| Larkin, Carlos | CORP | 2010 | $430.00 | 95.00 | $40,850.00 |
| Lee, Justin C. | CORP | 2010 | $585.00 | 41.40 | $24,219.00 |
| Lee, Justin C. | CORP | 2010 | $495.00 | 37.30 | $18,463.50 |
| Lee, Justin D. | LIT | 2010 | $585.00 | 11.60 | $6,786.00 |
| Lee, Young | CORP | 2010 | $560.00 | 56.80 | $31,808.00 |
| Limmer, Sam | CORP | 2010 | $585.00 | 9.60 | $5,616.00 |
| Limmer, Sam | CORP | 2010 | $495.00 | 84.60 | $41,877.00 |
| Loh, Andrea Y. | LIT | 2010 | $625.00 | 79.70 | $49,812.50 |
| Loh, Andrea Y. | LIT | 2010 | $560.00 | 22.30 | $12,488.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Needham, William J | BFR | 2010 | $550.00 | 95.20 | $52,360.00 |
| Ortiz, Kyle James | BFR | 2010 | $515.00 | 52.60 | $27,089.00 |
| Ortiz, Kyle James | BFR | 2010 | $430.00 | 314.80 | $135,364.00 |
| Pollak, Elana R. | LIT | 2010 | $625.00 | 9.30 | $5,812.50 |
| Pollak, Elana R. | LIT | 2010 | $560.00 | 65.30 | $36,568.00 |
| Raina, Shrutee | LIT | 2010 | $585.00 | 94.30 | $55,165.50 |
| Raina, Shrutee | LIT | 2010 | $495.00 | 53.00 | $26,235.00 |
| Shanshal, Lynn | CORP | 2010 | $550.00 | 429.10 | $236,005.00 |
| Trapani, Christina M. | LIT | 2010 | $515.00 | 172.10 | $88,631.50 |
| Trapani, Christina M. | LIT | 2010 | $430.00 | 322.50 | $138,675.00 |
| Weinstock, Janelle W. | CORP | 2010 | $515.00 | 12.00 | $6,180.00 |
| Weinstock, Janelle W. | CORP | 2010 | $430.00 | 6.80 | $2,924.00 |
| Wise, Janell M. | CORP | 2010 | $515.00 | 6.50 | $3,347.50 |
| Wapples, Emily | LIT | 2010 | $550.00 | 250.70 | $137,885.00 |
| Slater, Katie | LIT | 2011 | $495.00 | 49.00 | $24,255.00 |
| Bastobbe, Martin | CORP | 2011 | $335.00 | 8.10 | $2,713.50 |
| Bastobbe, Martin | CORP | 2011 | $325.00 | 14.50 | $4,712.50 |
| Bidegaray, Andrea | CORP | 2011 | $430.00 | 22.10 | $9,503.00 |
| Dan, Mei | CORP | 2011 | $515.00 | 17.80 | $9,167.00 |
| Dan, Mei | CORP | 2011 | $430.00 | 70.70 | $30,401.00 |
| Gopaul, Natasha | CORP | 2011 | $515.00 | 54.30 | $27,964.50 |
| Gopaul, Natasha | CORP | 2011 | $430.00 | 53.00 | $22,790.00 |
| Goss, Adia | CORP | 2011 | $450.00 | 58.00 | $26,100.00 |
| Kellert, Raquel | LIT | 2011 | $515.00 | 87.30 | $44,959.50 |
| Kellert, Raquel | LIT | 2011 | $430.00 | 137.60 | $59,168.00 |
| Lavine, Adam | BFR | 2011 | $515.00 | 298.00 | $153,470.00 |
| Lavine, Adam | BFR | 2011 | $430.00 | 514.90 | $221,407.00 |
| Linden, Christopher G. | BFR | 2011 | $515.00 | 13.40 | $6,901.00 |
| Linden, Christopher G. | BFR | 2011 | $430.00 | 39.60 | $17,028.00 |
| Martin, Daniel J. | LIT | 2011 | $450.00 | 9.00 | $4,050.00 |
| Martin, Ryan | BFR | 2011 | $515.00 | 189.70 | $97,695.50 |
| Martin, Ryan | BFR | 2011 | $430.00 | 342.70 | $147,210.50 |
| Phillips, Jeremiah | CORP | 2011 | $450.00 | 7.30 | $3,285.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL ASSOCIATES: | DEPARTMENT* | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|---|
| Pirro, Cristine | BFR | 2011 | $430.00 | 26.00 | $11,180.00 |
| Podolsky, Anne C. | CORP | 2011 | $450.00 | 8.50 | $3,825.00 |
| Reed, Amy | LIT | 2011 | $515.00 | 52.10 | $26,831.50 |
| Rees, Erica | TAX | 2011 | $495.00 | 29.10 | $14,404.50 |
| Schlenger, Joshua I. | LIT | 2011 | $515.00 | 38.40 | $19,776.00 |
| Schlenger, Joshua I. | LIT | 2011 | $430.00 | 83.40 | $35,862.00 |
| Stappmanns, Markus | CORP | 2011 | $335.00 | 170.90 | $57,251.50 |
| Stappmanns, Markus | CORP | 2011 | $325.00 | 51.90 | $16,867.50 |
| Thapar, Raghav | CORP | 2011 | $450.00 | 26.90 | $12,105.00 |
| Yazd, Arezo S. | CORP | 2011 | $515.00 | 10.10 | $5,201.50 |
| Yazd, Arezo S. | CORP | 2011 | $430.00 | 2.60 | $1,118.00 |
| Bryk, Jordan | BFR | 2012 | $450.00 | 192.00 | $86,400.00 |
| Ray, Mike | CORP | * | $450.00 | 94.00 | $42,300.00 |
| Shiota, Naoya | LIT | * | $430.00 | 31.10 | $13,373.00 |
| Lund, Hayley | BFR | * | $310.00 | 190.10 | $58,931.00 |
| Villar, Rosemary | CORP | * | $310.00 | 91.30 | $28,303.00 |
| Wheaton, Thomas | LIT | * | $310.00 | 5.80 | $1,798.00 |
| Brendon, Patrick | LIT | * | $270.00 | 7.40 | $1,998.00 |
| Marks, Christopher | CORP | * | $270.00 | 359.90 | $97,038.00 |
| Marques, Ellen Jennifer | LIT | * | $270.00 | 43.80 | $11,583.00 |
| Wheaton, Thomas | LIT | * | $255.00 | 1.00 | $255.00 |
| **Total:** | | | | **39,310.40** | **$24,307,116.25** |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL<br><br>**Paralegals, Clerks, Library Staff and Other Non-Legal Staff** | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Lee, Kathleen | BFR | $320.00 | 115.10 | $36,832.00 |
| Lee, Kathleen | BFR | $310.00 | 130.50 | $40,455.00 |
| Smith, Alexander | LIT | $320.00 | 17.40 | $5,568.00 |
| Hausman, Jeffrie | LIT | $300.00 | 12.10 | $3,630.00 |
| Hausman, Jeffrie | LIT | $290.00 | 1.10 | $319.00 |
| Maravilla, Mel C. | CORP | $300.00 | 9.90 | $2,970.00 |
| Maravilla, Mel C. | CORP | $280.00 | 11.10 | $3,108.00 |
| Stauble, Christopher A. | BFR | $300.00 | 293.50 | $88,050.00 |
| Stauble, Christopher A. | BFR | $290.00 | 537.60 | $155,904.00 |
| Shrestha, Christine | CORP | $290.00 | 5.60 | $1,624.00 |
| Pesa, Snjezana | LIT | $285.00 | 116.20 | $33,117.00 |
| Pesa, Snjezana | LIT | $275.00 | 125.80 | $34,595.00 |
| Roberts, Sarah B. | BFR | $285.00 | 11.20 | $3,192.00 |
| Roberts, Sarah B. | BFR | $265.00 | 116.50 | $30,872.50 |
| Ellsworth, John A. | CORP | $275.00 | 6.60 | $1,815.00 |
| Ellsworth, John A. | CORP | $265.00 | 64.60 | $17,119.00 |
| Flinn, Deborah C. | LIT | $275.00 | 1.80 | $495.00 |
| Flinn, Deborah C. | LIT | $265.00 | 8.00 | $2,120.00 |
| Frayle, Barbara | CORP | $275.00 | 163.00 | $44,825.00 |
| Frayle, Barbara | CORP | $265.00 | 101.40 | $26,871.00 |
| Jones, Peggy | LIT | $275.00 | 315.30 | $86,707.50 |
| Jones, Peggy | LIT | $265.00 | 108.40 | $28,726.00 |
| Seavey, Lori A. | BFR | $275.00 | 36.70 | $10,092.50 |
| Seavey, Lori A. | BFR | $265.00 | 156.00 | $41,340.00 |
| Smith, Odalys C. | LIT | $275.00 | 3.40 | $935.00 |
| Smith, Odalys C. | LIT | $265.00 | 59.30 | $15,714.50 |
| Yi, Casey | LIT | $275.00 | 8.90 | $2,447.50 |
| Marquez, Francheska | CORP | $270.00 | 6.40 | $1,728.00 |
| Marquez, Francheska | CORP | $250.00 | 2.10 | $525.00 |
| Cade, Nancy P. | LIT | $265.00 | 5.60 | $1,484.00 |
| McCray, Crystal | LIT | $265.00 | 67.20 | $17,808.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Moezzi, Michelle S. | CORP | $265.00 | 9.70 | $2,570.50 |
| Bartram, Lyle S. | BFR | $260.00 | 17.20 | $4,472.00 |
| Bartram, Lyle S. | BFR | $250.00 | 27.40 | $6,850.00 |
| Chan, Bill Kam | CORP | $260.00 | 181.40 | $46,852.00 |
| Chan, Bill Kam | CORP | $250.00 | 40.00 | $10,000.00 |
| Decker, Daniel | LIT | $260.00 | 36.00 | $9,360.00 |
| Decker, Daniel | LIT | $250.00 | 42.80 | $10,700.00 |
| Gordon, William H. | LIT | $260.00 | 6.20 | $1,612.00 |
| Gordon, William H. | LIT | $250.00 | 96.20 | $24,050.00 |
| Martorell, Jorge | LSS | $260.00 | 92.60 | $21,242.00 |
| Reid, Tashan Q. | CORP | $260.00 | 0.40 | $104.00 |
| Reid, Tashan Q. | CORP | $250.00 | 12.00 | $3,000.00 |
| Sykes, Jeremy A. | LIT | $260.00 | 27.30 | $7,098.00 |
| Sykes, Jeremy A. | LIT | $250.00 | 36.30 | $9,075.00 |
| Devaney, Sean P. | CORP | $250.00 | 10.00 | $2,500.00 |
| Devaney, Sean P. | CORP | $230.00 | 3.20 | $736.00 |
| Haiken, Lauren C. | LSS | $250.00 | 6.20 | $1,550.00 |
| Haiken, Lauren C. | LSS | $235.00 | 2.80 | $658.00 |
| Benjamin, Justin | LSS | $245.00 | 2.40 | $588.00 |
| Benjamin, Justin | LSS | $220.00 | 36.00 | $7,920.00 |
| Calabrese, Lara | LSS | $245.00 | 19.80 | $4,851.00 |
| Calabrese, Lara | LSS | $220.00 | 2.30 | $506.00 |
| Fortune, Shelley J. | LIT | $245.00 | 28.40 | $6,958.00 |
| Fortune, Shelley J. | LIT | $220.00 | 10.50 | $2,310.00 |
| Jackson, Melinda B. | LIT | $245.00 | 27.20 | $6,664.00 |
| Jewett, Laura | LSS | $245.00 | 5.40 | $1,323.00 |
| Jewett, Laura | LSS | $235.00 | 2.90 | $681.50 |
| Wu, Kim L. | LSS | $235.00 | 129.30 | $28,446.75 |
| Aliseo, Nicole K. | BFR | $230.00 | 233.20 | $53,636.00 |
| Amponsah, Duke | BFR | $230.00 | 283.20 | $64,768.00 |
| Bakelis, Vicky | LIT | $230.00 | 10.10 | $2,323.00 |
| Bennett, Victoria A. | LIT | $230.00 | 50.60 | $11,638.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Condon, Robert | LIT | $230.00 | 7.90 | $1,817.00 |
| Condon, Robert | LIT | $210.00 | 21.80 | $4,578.00 |
| Fan, Dannan | LIT | $230.00 | 13.20 | $3,036.00 |
| Lagasse, Susana I. | LIT | $230.00 | 13.00 | $2,990.00 |
| Lagasse, Susana I. | LIT | $200.00 | 68.80 | $13,760.00 |
| Olvera, Rene A. | BFR | $230.00 | 21.60 | $4,968.00 |
| Roth, Debra | CORP | $230.00 | 10.30 | $2,369.00 |
| Scarpa, Ann M | LIT | $230.00 | 90.80 | $20,884.00 |
| Bollen, MaryAnne | LSS | $225.00 | 9.60 | $2,160.00 |
| Bollen, MaryAnne | LSS | $215.00 | 7.00 | $1,505.00 |
| Menendez, Fabian R. | LSS | $225.00 | 1.50 | $337.50 |
| Menendez, Fabian R. | LSS | $215.00 | 10.00 | $2,150.00 |
| Schell, Peter | CORP | $225.00 | 23.50 | $5,287.50 |
| Scopas, George | LSS | $225.00 | 6.00 | $1,350.00 |
| Scopas, George | LSS | $215.00 | 16.70 | $3,590.50 |
| Villa, Pilar | LIT | $225.00 | 8.10 | $1,822.50 |
| Villa, Pilar | LIT | $200.00 | 23.60 | $4,720.00 |
| Gilchrist, Roy W. | LIT | $220.00 | 61.20 | $13,464.00 |
| Mukendi, Julie B. | LIT | $220.00 | 76.80 | $16,731.00 |
| Robin, Artur | LSS | $220.00 | 6.60 | $1,452.00 |
| Kubicz, James R. | LSS | $215.00 | 12.50 | $2,687.50 |
| Hsu, Joseph | LIT | $210.00 | 10.60 | $2,226.00 |
| Barahona, Philip | LIB | $205.00 | 3.80 | $779.00 |
| Barahona, Philip | LIB | $195.00 | 5.60 | $1,092.00 |
| Espitia, Sadys Rodrigo | LIB | $205.00 | 0.30 | $61.50 |
| Espitia, Sadys Rodrigo | LIB | $195.00 | 20.00 | $3,900.00 |
| Hwang, Edith | LIB | $205.00 | 2.90 | $594.50 |
| Hwang, Edith | LIB | $195.00 | 7.50 | $1,462.50 |
| Losick, Merill | LIB | $205.00 | 6.80 | $1,394.00 |
| Losick, Merill | LIB | $195.00 | 2.80 | $546.00 |
| McLaughlin, Daniel F. | LIB | $205.00 | 2.70 | $553.50 |
| McLaughlin, Daniel F. | LIB | $195.00 | 16.30 | $3,178.50 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Etienne, Donald | BFR | $200.00 | 379.80 | $70,880.00 |
| Stewart, LaSonya R. | LIT | $200.00 | 8.30 | $1,660.00 |
| Tily, Michael T. | CORP | $200.00 | 12.50 | $2,500.00 |
| Wilmer, Andrea | BFR | $200.00 | 224.70 | $44,940.00 |
| Ait Knik, Ute | CORP | $195.00 | 22.80 | $4,446.00 |
| Boehmfeldt, Martina | CORP | $195.00 | 16.60 | $3,237.00 |
| Wade, Sarah | CORP | $195.00 | 11.20 | $2,184.00 |
| Bell, Sherri L. | LIT | $185.00 | 21.50 | $3,977.50 |
| Bell, Sherri L. | LIT | $175.00 | 47.30 | $8,277.50 |
| Berkman, R.T. Winston | CORP | $185.00 | 4.10 | $758.50 |
| Berkman, R.T. Winston | CORP | $175.00 | 56.40 | $9,870.00 |
| Gerber, Jacob A. | BFR | $185.00 | 165.10 | $30,543.50 |
| Gerber, Jacob A. | BFR | $175.00 | 354.80 | $62,090.00 |
| Gern, Andrew H. | BFR | $185.00 | 44.00 | $8,140.00 |
| Gern, Andrew H. | BFR | $175.00 | 188.50 | $32,987.50 |
| Ghodasara, Priya K. | BFR | $185.00 | 146.00 | $27,010.00 |
| Ghodasara, Priya K. | BFR | $175.00 | 272.90 | $47,757.50 |
| Huang, Alexander | LIT | $185.00 | 2.80 | $518.00 |
| Huang, Alexander | LIT | $175.00 | 9.10 | $1,592.50 |
| Lyon, Andrew H. | BFR | $185.00 | 213.20 | $39,442.00 |
| Lyon, Andrew H. | BFR | $175.00 | 313.20 | $54,810.00 |
| Mataras, Maryssa | LIT | $185.00 | 3.70 | $684.50 |
| Mataras, Maryssa | LIT | $175.00 | 1.50 | $262.50 |
| Panfil, Sara Jane | LIT | $185.00 | 24.00 | $4,440.00 |
| Panfil, Sara Jane | LIT | $175.00 | 32.80 | $5,740.00 |
| Sawaya, Danielle Z. | CORP | $185.00 | 29.60 | $5,476.00 |
| Sawaya, Danielle Z. | CORP | $175.00 | 69.80 | $12,215.00 |
| Worth, Samuel | LIT | $185.00 | 4.40 | $814.00 |
| Worth, Samuel | LIT | $175.00 | 2.90 | $507.50 |
| Badman, John | CORP | $175.00 | 25.00 | $4,375.00 |
| Kadri, Amir | LIT | $175.00 | 5.10 | $892.50 |
| Kaufman, Kyra M. | CORP | $175.00 | 31.00 | $5,425.00 |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| NAME OF PROFESSIONAL Paralegals, Clerks, Library Staff and Other Non-Legal Staff | DEPARTMENT* | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Levites, Benjamin | CORP | $175.00 | 24.60 | $4,305.00 |
| Merrick, Allison J. | LIT | $175.00 | 6.60 | $1,155.00 |
| Tumanova, Anna | LIT | $175.00 | 8.20 | $1,435.00 |
| Gaudio, Laura A. | LIB | $150.00 | 8.50 | $1,275.00 |
| Gaudio, Laura A. | LIB | $145.00 | 0.60 | $87.00 |
| Carmant, Marie J. | LIB | $145.00 | 6.30 | $913.50 |
| Mulligan, Deidra M. | LIB | $145.00 | 3.40 | $493.00 |
| Mulligan, Deidra M. | LIB | $140.00 | 3.80 | $532.00 |
| Cruz, Luis | LIB | $140.00 | 2.10 | $294.00 |
| Cruz, Luis | LIB | $135.00 | 6.60 | $891.00 |
| Coleman, Melissa R. | CORP | $130.00 | 6.40 | $832.00 |
| Pancham, Brenda | LIB | $105.00 | 2.90 | $304.50 |
| Pancham, Brenda | LIB | $100.00 | 2.20 | $220.00 |
| Greco, Maximiliano R. | LIB | $90.00 | 0.50 | $45.00 |
| Greco, Maximiliano R. | LIB | $85.00 | 6.10 | $518.50 |
| Kimani, Nicholas | LIB | $85.00 | 5.10 | $433.50 |
| **Total:** | | | **7,535.60** | **$1,735,666.75** |

*BFR – Business Finance & Restructuring, CORP – Corporate, LIT – Litigation, ** – UK Trainee Solicitor

| PROFESSIONALS<br><br>TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $929.09 | 16,082.40 | $14,942,043.25 |
| Associates | $618.33 | 39,310.40 | $24,307,116.25 |
| Paraprofessionals | $230.32 | 7,535.60 | $1,735,666.75 |
| **Blended Attorney Rate** | **$708.56** | | |
| **Total Fees Incurred** | | **62,928.40** | **$40,984,826.25** |

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                 :

**In re**                         :       **Chapter 11 Case No.**
                                 :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :       **08-13555 (JMP)**
                                 :

               **Debtors.**       :       **(Jointly Administered)**
                                 :

---------------------------------------------------------------x

**TENTH APPLICATION OF WEIL, GOTSHAL & MANGES LLP,**
**AS ATTORNEYS FOR THE DEBTORS, FOR INTERIM ALLOWANCE**
**OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM OCTOBER 1, 2011 THROUGH MARCH 5, 2012**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

             Weil, Gotshal & Manges LLP ("Weil"), attorneys for Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together with

LBHI, the "Debtors" and, collectively with their non-debtor affiliates, "Lehman"), for its tenth

application, pursuant to sections 330(a) and 331 of title 11 of the United States Code (the

"Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the interim allowance of compensation for professional services

performed by Weil for the period commencing October 1, 2012, through and including March 5,

2012 (the "<u>Tenth Compensation Period</u>"), and for reimbursement of its actual and necessary expenses incurred during the Tenth Compensation Period, respectfully represents:

<u>**PRELIMINARY STATEMENT**</u>

1.      Weil's services during the Tenth Compensation Period culminated in the confirmation, on December 6, 2011, and the consummation, on March 6, 2012, of the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Chapter 11 Debtors (the "<u>Plan</u>").  The confirmation of the Plan, on a consensual basis less than 40 months after the commencement of "the biggest, the most incredibly complex, the most impossibly challenging international bankruptcy that ever was," was a historic accomplishment.  The Court described it as "a monumental achievement in our field, awe-inspiring, really, that . . . represents the highest and best use of Chapter 11 in the public interest."

2.      During the Tenth Compensation Period Weil's services continued to yield major recoveries for the Debtors' estates, preserve the value of some of the Debtors' largest remaining assets, and meaningfully reduce the number and aggregate value of claims asserted in these cases.  Specifically:

▪  With Weil's counseling and active participation in negotiations and mediations, the Debtors reached negotiated settlements with 45 counterparties in alternative dispute resolution ("<u>ADR</u>") proceedings during the Tenth Compensation Period.  Over the course of these chapter 11 cases, Weil's services enabled the Debtors to recover more than $1.14 billion for the Debtors' estates through negotiated settlements with 224 counterparties in over 200 ADR matters.

▪  Weil's multi-disciplinary real estate team continued to devote substantial resources to preserving, restructuring, and disposing of the Debtors' billions of dollars of residential and commercial real estate assets.  This effort required Weil's involvement in more than 50 different projects and resulted in the consummation of several significant transactions, as described below in greater detail.

▪  Weil obtained orders from the Court granting 103 omnibus objections to claims, reducing, reclassifying, disallowing and/or expunging more than 4,800 proofs of claim that asserted more than $100 billion against the Debtors.  Weil prepared and filed 13 additional omnibus

objections to reduce, reclassify, disallow and/or expunge approximately 350 claims asserting more than $760 million against the Debtors.

3.        As the Debtors' lead bankruptcy attorneys, Weil was and is responsible for the daily administration of these chapter 11 cases.  During the Tenth Compensation Period, Weil was required to devote substantial resources to reviewing, and in many instances responding to, the more than 5,638 motions, notices, applications, objections, briefs, orders, and other pleadings filed in the Debtors' chapter 11 cases and to reviewing and analyzing the 338 filings in the SIPA Proceeding (defined below) to ensure that the interests of the Debtors were adequately represented.  Similarly, Weil also devoted substantial resources to drafting and filing over 780 motions, objections, replies, applications, stipulations or other pleadings on behalf of the Debtors; preparing and filing a complaint and an answer to a complaint, four motions to dismiss and four responses in support thereof, a motion for summary judgment and reply in support thereof and many other pleadings in the more than 70 adversary proceedings that were pending (the "Adversary Proceedings"); and preparing, reviewing and responding to numerous mediation statements in the approximately 100 pending ADR matters.

4.        Weil's multidisciplinary teams supported the day-to-day management and strategic long-term administration of the Debtors' diverse assets around the world.  Members and associates in Weil's Business Finance & Restructuring, Corporate, Litigation, and Tax Departments worked closely with the Debtors' Real Estate, Private Equity and Principal Investment, Derivatives, Bank, and Loan and Investment teams on transactions across North and South America, Europe and Asia.

5.        Since the commencement of these cases, Weil has coordinated its efforts with Alvarez and Marsal North America LLC ("A&M"), the Debtors' restructuring advisors, the professionals of the official committee of unsecured creditors (the "Creditors' Committee"), the

Office of the United States Trustee for Region 2 (the "U.S. Trustee"), the SIPA Trustee (defined below), the Examiner (defined below), the foreign administrators appointed to administer the insolvency proceedings of the Debtors' foreign affiliates, and a variety of other constituents to ensure that the interests of the Debtors were adequately represented and all of the Debtors' constituents were apprised of major developments.

6.       Weil's efforts to advise and represent the Debtors in all facets of these cases and the affairs of the Lehman enterprise during the Tenth Compensation Period were actual and necessary and of substantial benefit to the Debtors' estates and their creditors.   In the perspective of the complexity and scale of these cases, Weil's charges for professional services performed and expenses incurred are reasonable under the applicable standards.   Weil respectfully requests that the Court grant this application and allow interim compensation for professional services performed and reimbursement for expenses incurred during the Tenth Compensation Period as requested.

## BACKGROUND

7.       Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code.   The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).   The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8.       On October 8, 2008, the Debtors filed an application to employ Weil as their attorneys.   No objections were filed to Weil's retention and, pursuant to an order, dated November 21, 2008 [ECF No. 1660], the Debtors were authorized to retain Weil as their attorneys to render legal services in the prosecution of their chapter 11 cases.   Weil filed

affidavits in support of its retention on March 4, 2009 [ECF No. 2985], August 12, 2009 [ECF No. 4779], March 30, 2010 [ECF No. 7904], July 21, 2010 [ECF No. 10358], September 20, 2010 [ECF No. 11466], October 26, 2010 [ECF No. 12302], January 28, 2011 [ECF No. 14182] and January 20, 2012 [ECF No. 23489].

9.      On September 17, 2008, the U.S. Trustee appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

10.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  James W. Giddens, Esq. is the trustee (the "SIPA Trustee") appointed to administer LBI's estate under the SIPA (the "SIPA Proceeding").

11.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.  On March 11, 2010, the Examiner issued his report pursuant to section 1106(b) of the Bankruptcy Code.  On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

12.     On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in these chapter 11 cases [ECF No. 14117].  On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these cases [ECF No. 15998].

13.     On December 6, 2011, the Court entered the order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date").

14.    Weil filed applications for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in prior periods, and the Court entered the orders as to such applications, on the dates set forth below.

| Application | | Order | |
|---|---|---|---|
| Date | ECF No. | Date | ECF No. |
| April 13, 2009 | [ECF No. 3343] | August 13, 2009 | [ECF No. 4795] |
| August 14, 2009 | [ECF No. 4825] | April 9, 2010<br>April 9, 2010 | [ECF No. 8205]<br>[ECF No. 8207] |
| December 14, 2009 | [ECF No. 6205] | April 9, 2010 | [ECF No. 8218] |
| April 16, 2010 | [ECF No. 8395] | September 7, 2010 | [ECF No. 11186] |
| August 16, 2010 | [ECF No. 10791] | May 19, 2011 | [ECF No. 16979] |
| December 15, 2010 | [ECF No. 13496] | October 27, 2011 | [ECF No. 21345] |
| June 2, 2011 | [ECF No. 17347] | February 7, 2012 | [ECF No. 25037] |
| August 15, 2011 | [ECF No. 19269] | February 7, 2012 | [ECF No. 25038] |
| December 16, 2011 | [ECF No. 23489] | April 4, 2012 | [ECF No. 27266] |

15.    The Debtors have advised Weil that all quarterly fees due to the U.S. Trustee during the Tenth Compensation Period have been paid.  The Debtors filed monthly operating reports on November 22, 2011 [ECF No. 22544], December 23, 2011 [ECF No. 23710], January 20, 2012 [ECF No. 24501], February 29, 2012 [ECF No. 25933] and March 28, 2012 [ECF No. 27209] that are relevant to the Tenth Compensation Period.

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

16.    Weil requests a further allowance of interim compensation for professional services performed during the Tenth Compensation Period in the amount of

$40,984,826.25 and for reimbursement of expenses incurred in connection with the performance of such services in the amount of $1,128,889.33.[1]

17.    During the Tenth Compensation Period, Weil attorneys and paraprofessionals expended a total of 62,928.40 hours in connection with the necessary services performed.  Of the aggregate time expended, 16,082.40 recorded hours were expended by partners and counsel, 39,310.40 recorded hours were expended by associates, and 7,535.60 recorded hours were expended by paraprofessionals of Weil.  To the extent that time or disbursement charges for services performed or disbursements incurred relate to the Tenth Compensation Period, but are processed subsequent to the preparation of this application, Weil reserves the right to request additional compensation for such services and reimbursement of such expenses in a future application.  In accordance with the Administrative Order, Weil received payments totaling $19,328,969.44 for the Tenth Compensation Period, consisting of $18,585,259.76, representing approximately 80% of the charges, and $743,709.68, representing approximately 100% of the expenses invoiced for the Tenth Compensation Period.  As of May 21, 2012, Weil had not yet received payment for either the fees or the expenses invoiced for the period from January 1, 2012 through March 5, 2012.

---

[1] These amounts include certain charges and expenses incurred prior to the Tenth Compensation Period which were to be, but were not, paid by third parties for which the Debtors are primarily responsible.  As described in Weil's prior applications, in certain instances, Lehman may be entitled to reimbursement from third parties, or third parties may be obligated to pay Lehman's professionals directly, for legal services provided and expenses incurred in connection therewith.  For example, in many instances, borrowers may be responsible for payment of Lehman's costs and expenses in connection with Lehman's role as a lender or agent.  After consultation and upon agreement with the U.S. Trustee, Weil endeavored to segregate legal fees and expenses that may be subject to payment by third parties, and such fees and expenses may not be contained within this Application.  Based upon the agreement with the U.S. Trustee, for each matter in which the Debtors and/or Lehman may be entitled to reimbursement from third parties, Weil has opened, or will open, a new billing account.  Weil has sought and will seek payment from third parties for all applicable fees and expenses charged to these accounts, which will not be subject to any holdback.  Weil has not, and is not required to, submit monthly fee statements to the Debtors or Lehman for such matters unless and until such third-parties fail to pay the amounts due, at which point Weil would seek payment from the Debtors, but will reflect amounts charged and payments received on account of such matters, in summary fashion, in interim fee applications.  References to the Tenth Compensation Period made herein shall include prior periods in which Weil incurred fees and expenses with respect to which Weil has not previously sought Court approval.

18.     This application has been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 3102] (the "Administrative Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines").  Further, Weil has endeavored to comply with the directions provided by the Fee Committee made in connection with Weil's prior applications.  Pursuant to the Fee Protocol, the Debtors will provide a copy of this application to the Fee Committee.

19.     Weil's hourly charges are billed based on Weil's existing billing rates and procedures in effect during the Tenth Compensation Period.  The hourly charges for the services performed by Weil professionals and paraprofessionals are at the same rates Weil charges for such services performed in comparable bankruptcy and non-bankruptcy related matters.  The hourly charges are based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy matters.

20.     As stated at the time of the approval of its engagement, Weil adjusts its hourly charges from time to time in the regular course of its business.  Effective January 1, 2012, the hourly charges relating to Weil's domestic offices range between $790 and $1075 per hour

for members and counsel, between $450 and $760 for associates, and from $175 to $320 for paraprofessionals. Weil has voluntarily capped its domestic hourly charges at $1,000 per hour for members and counsel in these chapter 11 cases. Applicable charges in Weil's foreign offices, subject to change from time to time, range from $745 and $1,000 for members, and from $325 to $840 for associates. Weil establishes its hourly charges after analysis of, among other things, the hourly charges of comparable law firms and the costs of maintaining its professionals and other staff members and its business operations. As is standard in the profession, the charges for individual attorneys may be adjusted annually to reflect such attorneys increased seniority and experience.

21.     During the Tenth Compensation Period, Weil billed the Debtors for time expended by attorneys based on hourly charges ranging from $395 to $1,000 per hour for domestic attorneys and $250 to $1,000 for foreign attorneys.[2] Allowance of compensation in the amount requested would result in a blended hourly billing charge of approximately $708.56 (based on 55,392.80 recorded hours for attorneys at Weil's regular billing rates in effect at the time of the performance of services).

22.     Weil consistently monitors its charges and expenses before and after the submission of monthly fee statements for possible errors or charges that should be reduced. As a result, prior and subsequent to the submission of monthly fee statements for the Tenth Compensation Period, Weil reduced its charges by $777,517.15 and its expenses by $123,421.15, for a total of $894,938.30 in voluntary reductions. Weil will continue to diligently monitor its charges and expenses and, where appropriate, make applicable reductions. As of the date hereof,

---

[2] Not including trainee solicitors, staff attorneys or contract attorneys.

Weil has voluntarily reduced its charges and expenses requested for reimbursement by $8,773,375.26 in aggregate since the Commencement Date.

23.    There is no agreement or understanding between Weil and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.  Except as explained immediately below, during the Tenth Compensation Period, other than pursuant to the Administrative Order, Weil received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

24.    During the Tenth Compensation Period, Weil has received payment in the aggregate of approximately $1,521,285.58, from third parties related to representations of Lehman entities (as described in footnote 1) listed on Exhibit A hereto.  Weil may have incurred, but not yet received payment from third parties for additional charges and expenses in connection with these and other matters.  To the extent any third party fails to reimburse Weil for such charges or expenses, however, Weil is authorized to seek reimbursement from the Debtors or Lehman in accordance with the Administrative Order.

25.    As of the end of the Tenth Compensation Period,, Weil had a remaining credit balance in favor of the Debtors for future professional services to be performed, and expenses to be incurred, in the amount of $4,422,608.80.

26.    Annexed hereto as Exhibit B is a certification regarding compliance with the Guidelines.

27.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule of Weil professionals and paraprofessionals who have performed services for the Debtors during the Tenth Compensation Period, the capacities in

which each such individual is employed by Weil, the legal department and discipline in which

each individual practices, the hourly billing rate charged by Weil for services performed by such

individuals, the year in which each professional was first licensed to practice law and the

aggregate number of hours expended in this matter and charges billed therefor.

28.    Annexed hereto as <u>Exhibit C</u> is a schedule specifying the categories of

expenses for which Weil is seeking reimbursement and the total amount for each such expense

category.  An itemized schedule of all such expenses will be provided to the Debtors, the Court,

the attorneys for the Creditors' Committee, the U.S. Trustee, and the Fee Committee.

29.    Annexed hereto as <u>Exhibit D</u>, pursuant to the UST Guidelines, is a

summary of Weil's time records billed during the Tenth Compensation Period using project

categories hereinafter described.  Weil maintains computerized records of the time spent by all

Weil attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter

11 cases.  Copies of these computerized records will be furnished to the Debtors and, subject to

redaction or modification for the attorney-client privilege where necessary to protect the

Debtors' estates, the Court, the attorneys for the Creditors' Committee, the U.S. Trustee, and the

Fee Committee in the format specified by the UST Guidelines.

**SUMMARY OF SERVICES PERFORMED BY**
**<u>WEIL DURING THE TENTH COMPENSATION PERIOD</u>**

30.    <u>The Plan</u>.  During the Tenth Compensation Period, the Debtors satisfied

the fundamental objective of chapter 11 – confirmation of the Plan.  Weil's extensive experience,

guidance and dedicated services to the Debtors were instrumental in achieving confirmation and

consummation of the Plan.  Specifically, during the Tenth Compensation Period, Weil:

- negotiated and drafted multiple proposals, term sheets and settlement agreements among the Debtors and their foreign affiliates and finalized settlement agreements with certain of the Debtors' major foreign affiliates, including Lehman Brothers International (Europe) ("<u>LBIE</u>") and its affiliates,

Lehman Brothers (Luxembourg) Equity Finance, S.A. (*en faillite*) and Lehman Brothers (Luxembourg S.A.) (in liquidation), Lehman Brothers Securities, N.V., and Lehman's affiliates in Japan.  With Weil's assistance, the Debtors executed global settlement and plan support agreements with 87 of the Debtors' foreign affiliates;

- negotiated and finalized settlement agreements among the Debtors and certain German governmental entities;

- prepared and filed the Plan Supplement and seven amendments thereto.   As part of this process, Weil amended the certificates of incorporation and by-laws for each of the Debtors pursuant to section 7.7 of the Plan, assisted the Debtors in their review of thousands of executory contracts to determine whether the Debtors should assume or reject such contracts, negotiated the terms of and drafted the Plan Trust Agreement, the form of Debtor Allocation Agreement, various amendments to the Plan, updated recovery analyses for certain Debtors, schedules of intercompany claims, reconciliation of ownership of assets, and affiliates to be dissolved or merged;

- negotiated and drafted nondisclosure and confidentiality agreements with various creditors to facilitate diligence and discovery in connection with, among other things, the Plan, the Debtors' pre- and postpetition activities, assets and liabilities;

- engaged in extensive discovery relating to the confirmation objections filed by Mason Capital Management, LLC, Shinsei Bank, Limited, Deutsche Bank AG, and others, which involved preparing and responding to numerous document requests and interrogatories, as well as the review and production of thousands of documents and corporate records of the company;

- researched, drafted and filed Debtors' objection to the motion of Deutsche Bank AG to reclassify claims;

- participated in teleconferences with the Debtors, the Creditors' Committee and various creditors constituencies regarding the formation and operation of the Director Selection Committee and other governance issues and obtained Court approval of Debtors' motion appointing the Director Selection Committee and approving the retention of Korn/Ferry International;

- participated in strategy sessions and meetings with A&M and Lehman and conducted research and investigations into the many legal and factual issues that arose with respect to the confirmation of the Plan;

- researched, drafted and filed two memoranda of law totaling 150 pages in support of confirmation of the Plan and of the global settlement and 13 bilateral settlements integrated into the Plan;

- drafted and filed declarations of John. K. Suckow, Daniel J. Ehrmann and Steven J. Cohn totaling almost 100 pages, which were introduced as evidence in support of confirmation of the Plan;

- researched, drafted and filed an omnibus reply to the 24 filed objections to confirmation and negotiated resolutions of each of the filed objections and numerous other informal objections, responses and inquiries received; and

- prepared for and participated in successful confirmation hearing, including the negotiation and drafting of a 61-page confirmation order.

31.    Given the magnitude and importance of the objective at hand, each of these tasks required around-the-clock dedication of a team of Weil professionals, including some of the most senior Weil attorneys, and a coordinated effort among Weil, A&M and Lehman personnel.  As demonstrated by the results achieved, Weil's services were of substantial benefit to the Debtors, their estates and all creditors.  The Plan was overwhelmingly accepted by 95% in number and 98.68% in amount of voting creditors and the confirmation hearing concluded on an 100% uncontested basis.  The Plan represents the culmination of the earnest efforts of the Debtors and their professionals to achieve a consensual resolution of these chapter 11 cases that will maximize recoveries to holders of allowed claims against the Debtors undiminished by potentially excessive time and costs associated with massive litigation.  Its confirmation is a milestone achievement that was procured with significant contributions from Weil.

32.    Weil continued to provide substantial services and benefits to the Debtors and their stakeholders following confirmation of the Plan and through the Effective Date.  Weil remained in constant communication with A&M and Lehman team members to address the hundreds of tasks that arose in connection with consummation of the Plan, including issues relating to distributions, reserves, claims, corporate governance and reporting.  Specifically, Weil:

- participated in regular meetings with A&M and the Debtors to evaluate claims and distribution reserves required pursuant to the Plan and to effectuate

strategies to maximize distributions to holders of allowed claims against the Debtors;

▪ worked in tandem with A&M and the Debtors to formulate, prosecute and obtain Court approval of an unprecedented motion to substitute non-cash assets for a portion of the cash reserves to be maintained on account of disputed claims and counseled the Debtors in connection the dual objectives of maximizing recoveries to holders of allowed claims and adequately protecting the interests of disputed claim holders in accordance with the requirements of the Bankruptcy Code;

▪ prosecuted and consensually resolved three motions to estimate reserves for disputed claims filed by Lehman Brothers Finance AG (in Liquidation), various trustees of certain mortgage backed securities and Citadel Equity Finance Ltd., a derivatives counterparty; and

▪ negotiated and drafted stipulations establishing distribution reserves for claims filed by Citibank, N.A., Citigroup Global Markets Ltd., Citigroup Global Market Inc., Fannie Mae, the Internal Revenue Service ("IRS") and other major creditors in connection with the Plan; in total, as a result of Weil's efforts, the aggregate reserve amount required to be maintained on account of disputed claims was reduced by billions of dollars and initial distributions to creditors were significantly enhanced.

33.    <u>Derivatives</u>.    As has been the case since the Commencement Date, during the Tenth Compensation Period, Weil devoted substantial resources to implementing the Debtors' global strategies to maximize the value of their more than 10,000 derivatives contracts (the "<u>Derivative Contracts</u>").  As widely noted, the volume, size and complexity of the Debtors' Derivative Contracts are unprecedented in the context of a chapter 11 case and will have an enormous impact on recoveries to creditors.

34.    During the Tenth Compensation Period, Weil continued to devote significant resources and attention to the Debtors' efforts in resolving the claims of their largest derivatives counterparties with whom the Debtors had not yet reached settlements.  Weil participated in multiple group and individual meetings among the Debtors and such counterparties and their professionals regarding legal principles and disputes underlying the counterparties' derivatives claims.  With the significant involvement and contributions of the

Weil team, the Debtors were able to finalize settlements with two more of their largest derivative counterparties – Bank of America, N.A. ("BofA") and Merrill Lynch International ("Merrill"). These settlements provided for the allowance of BofA and Merrill's respective claims and the payment of amounts due by BofA and Merrill to the to the Debtors in accordance with a settlement framework that applied standardized, uniform and transparent principles and methodologies to calculate such amounts.    The application of uniform principles and methodologies and the voluntary settlements entered into by the relevant parties eliminated potentially time-consuming and expensive litigation regarding the valuations of thousands of derivatives transactions.    Weil attorneys negotiated and drafted each of these settlement agreements.    These settlements resolved billions of dollars of derivatives direct claims and derivatives guarantee claims asserted by Bof A and Merrill against certain of the Debtors.    Each of these creditors also entered into plan support agreements ("PSAs") and agreed to support confirmation of the Plan.    The settlements and the PSAs represented significant achievements in these chapter 11 cases, allowing the Debtors to achieve a consensual confirmation and also eliminating significant impediments to making meaningful distributions to creditors.    Absent such settlements, the Debtors would have had to maintain enormous reserves for the claims of these counterparties.

35.    Weil also devoted substantial time during the Tenth Compensation Period to addressing issues related to the Debtors' proposed assumption of thousands of Derivative Contracts pursuant to the Plan.  With Weil's help, the Debtors were able to address the concerns of many of the counterparties to these Derivative Contracts, thereby reducing, to approximately 160, the total number of objections to assumption that were filed.    Subsequent to the

Confirmation Hearing, Weil continued to work to resolve these objections and has reached agreements that either resolve or defer over 110 of these objections.

36.     Throughout the Tenth Compensation Period, Weil continued to represent the Debtors' interests in various other disputes, including those related to invalid contract terminations, counterparties' non-performance, and assertions of rights of setoff.  These issues were raised both informally in negotiations, and formally, in ADR and in pleadings filed with the Court.  Weil devoted significant time and effort, in particular, to representing the Debtors in affirmative ADR matters to maximize the Debtors' recovery on their Derivative Contracts with recovery potential.  During the Tenth Compensation Period, approximately 100 ADR matters were pending, requiring a large team of Weil attorneys to address complex legal and factual issues, including disputes over valuation of termination payments due under Derivative Contracts, *ipso facto* provisions, triangular setoffs and the scope of the safe-harbor provisions. Each ADR is a mini-trial that requires an efficient and targeted effort from Weil.

37.     In addition, Weil prepared and served more than 30 subpoenas on derivative counterparties pursuant to Bankruptcy Rule 2004 during the Tenth Compensation Period and negotiated discovery schedules to facilitate the exchange of information and establish parameters for potential settlements.  Weil has devoted, and expects to continue to devote, substantial resources to maximizing the value of the Debtors' derivatives assets for the benefit of the Debtors' estates.

38.     <u>Real Estate</u>.  Commercial and residential real estate assets comprise a significant portion of the Debtors' remaining assets and, therefore, the Debtors ability to protect, restructure and, eventually monetize these assets is critically important to the recoveries that creditors will realize in these chapter 11 cases.  Accordingly, throughout these chapter 11 cases,

the Debtors, with Weil's assistance, have pursued a strategy to hold and support the majority of

their real estate assets while the market improved, while also remaining opportunistic where

opportunities existed to dispose of assets on favorable terms.   In furtherance of this strategy,

Weil's multi-disciplinary team of professionals assisted the Debtors with the following real-

estate related transactions during the Tenth Compensation Period:

- advised the Debtors in connection with the exercise of their right of first offer that allowed them to acquire approximately 26.5% of the ownership interest in the Archstone Trust for approximately $1.35 billion.   This acquisition increased, to approximately 73.5%, the Debtors' equity interest in the Archstone Trust and is expected to allow the Debtors to maximize their investment in the Archstone Trust and enhance their flexibility with respect to an exit strategy;

- finalized a settlement with Lehman Re Ltd. that resolved, among other things, approximately $905 million in claims asserted by Lehman Re Ltd. against the Debtors in connection with a master repurchase agreement and a net worth maintenance agreement.   Additionally, the settlement allowed Lehman Commercial Paper Inc. ("LCPI") to repurchase five commercial loans from Lehman Re Ltd. that had an aggregate outstanding principal amount of approximately $313 million as of the end of February, 2012 for an aggregate purchase price of $32 million;

- represented Lehman with respect to the sale of its interests in three joint ventures with LCOR Holdings and 15 real estate owned properties for an amount in excess of $800 million;

- assisted the Debtors with the sale of LCPI's 78% partnership interest in a portfolio of ten office buildings in Rosslyn, Virginia, a major office submarket in the Washington, DC area.   Weil drafted the sales contract, prepared an escrow agreement addressing the partnership's contingent liabilities to tenants post-closing, and obtained Court approval of the transaction which valued LCPI's partnership interest (net of loans to be assumed by the buyer) in excess of $400 million; and

- provided services to the Debtors in connection with the confirmation of the Lehman-proposed chapter 11 plans of Palmdale Hills Property, LLC and its affiliated debtors (the "SunCal Debtors") pursuant to which Lehman acquired title to 14 projects that had been assets of the SunCal Debtors' estates;

- represented LCPI in connection with enforcement actions taken under a master repurchase agreement with Alaska Seaboard, including, among other

things, taking possession of several hundred residential mortgage loans and related real estate owned properties.

39.      Claims Resolution.  During the Tenth Compensation Period, Weil devoted substantial time and effort to assisting the Debtors in their analysis of the tens of thousands of proofs of claim filed in these chapter 11 cases and, where appropriate, objecting to such claims. The claims objection process is an enormous undertaking that has required significant dedication by a team of Weil professionals that coordinates with the Debtors to process, review, analyze, and identify claims for objection and to prepare, prosecute, and secure orders granting the Debtors' objections to same.

40.      As noted above, during the Tenth Compensation Period, Weil obtained orders granting more than 100 omnibus objections with respect to more than 4,800 claims and filed 13 additional objections with respect to approximately 350 claims.  These accomplishments alone exceed the scope of the entire claims process in the life of most any chapter 11 case. During the Tenth Compensation Period, Weil also performed factual and legal research to advance or resolve omnibus objections that were filed in previous compensation periods. Additionally, Weil further analyzed and identified additional claims that the Debtors intend to object to in the future.

41.      Weil closely coordinated its efforts with the Debtors' Court-approved claims and noticing agent, to provide notice to all claimants whose claims were subject to objections.  For each omnibus objection, Weil designated a specific attorney whom claimants could contact with any questions or concerns.  A team of Weil attorneys responded to hundreds of informal inquiries and addressed formal objections of claimants.  Substantial attorney time and resources were spent responding to claimant inquiries and addressing issues raised, resulting

in a significant reduction in the number of formal responses that were ultimately filed and prosecuted by parties in interest.

42.     Weil's progress on the claims resolution process during the Tenth Compensation Period was critical to the conformation of the Plan.  By eliminating invalid, misclassified and duplicative claims, Weil and the Debtors were able to substantially improve the accuracy of the recovery analysis that was included with the Disclosure Statement and simplify the process of soliciting votes for the Plan.  Further, the continued success of the claims resolution process has expedited distributions to creditors by reducing amounts required to be maintained in disputed claims reserves.  As of April 23, 2012, the total number of claims against the Debtors had been reduced by nearly 50%, from more than 68,000 to fewer than 35,000, and the aggregate amount of outstanding claims, not including unliquidated amounts, had been reduced from over $1.3 trillion to approximately $493 million.  In addition, on April 17, 2012, the Debtors made their initial distributions to creditors.  In sum, distributions were made on 23,883 claims allowed in the amount of $303 billion.

43.     Other professional services rendered by Weil during the Tenth Compensation Period, organized in accordance with Weil's project codes, are described below.

a.     Case Administration Issues

(i)     General Case Strategy Meetings

- Conducted meetings, conferences, and teleconferences regarding the chapter 11 case strategy, including: the preparation of and response to various motions and applications, the Plan and confirmation of same, business issues, including numerous transactions of the Debtors and their non-Debtor affiliates, general litigation strategy in connection with the Debtors' various adversary proceedings and non-bankruptcy related litigations, governmental and other investigations, corporate governance, inter-company issues and international issues.

(ii)    Project Monitoring/Court Calendar & ECF Maintenance

- Reviewed, analyzed, monitored and distributed pleadings in the Debtors' 23 chapter 11 cases, three related chapter 15 cases and more than 70 adversary proceedings and litigations pending in other courts during the Tenth Compensation Period to the appropriate Lehman and Weil teams; and
- maintained work-in-progress reports and case calendars and distributed same to Lehman and Weil teams to ensure coordination and coverage.

(iii)   Hearings and Court Communications

- Prepared for and participated in numerous hearings, including the confirmation hearing on December 6, 2011, and omnibus hearings on October 19, November 16, December 14, 2011 and January 11, and February 15, 2012, and non-omnibus hearings in this Court and other courts on October 5, 6, 17, 20, 21, 25, 27, and 31, November 1-3, 30, December 6, 8, 13, 15, 16, 19-21, 26, and 30, 2011, and January 20, 25 and 26, February 14, and 22, 2012;
- participated in additional telephonic and in-person conferences with the Court and other courts;
- coordinated regularly with the Court and parties in interest, including the U.S. Trustee and attorneys for the SIPA Trustee, regarding hearings and agenda items and prepared hearing agendas in accordance with the Court's orders and directions; and
- prepared summaries of significant pleadings considered at various hearings and distributed same to Lehman and Weil teams to ensure coordination.

b.    Constituency and Coordination-Related Issues

(i)    Interested Party Communications/Website/Lehman Team Hotline

- Maintained a "Lehman Team Hotline" and responded to hundreds of telephone and email inquiries from creditors and other parties in interest, including shareholders, secured and unsecured creditors and potential purchasers of assets, regarding the chapter 11 cases claims reconciliation and confirmation of the Plan.

(ii)    Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

- Prepared for and participated in meetings and teleconferences with the Creditors' Committee and its professionals regarding, among other things, the status of the chapter 11 cases, the Plan and related issues, pending and potential causes of action, various asset-disposition and other protocols, various document demands, asset sales, loan restructurings, derivatives transactions, inter-company and international issues.

(iii)  LBI/SIPA Coordination and Issues

- Conducted meetings and teleconferences with the Debtors' and the SIPA Trustee's professionals to address numerous issues, including reconciling customer claims and non-customer claims of the Debtors' domestic and foreign affiliates including, among others, Real Estate Private Equity Inc., Lehman Brothers Asset Management Inc. and LB Australia Security Pty Ltd.;

- prepared for and participated in meetings with the SIPA Trustee's professionals and Lehman's tax group regarding a tax settlement among the respective estates of the Debtors and LBI;

- participated in meetings with the Debtors and the SIPA Trustee's professionals regarding the settlement of claims in the chapter 11 cases and the SIPA Proceeding;

- participated in teleconferences and meetings with the Debtors and the SIPA Trustee's professionals and reviewed documents related to the SIPA Trustees' second motion to allocate assets between customer property and property of the general estate; and

- conducted legal and factual research, analyzed documents, and drafted memoranda regarding various issues, including issues raised by the Commodity Futures Trading Commission ("CFTC") regarding claims and asset dispositions, and the applicability of SIPA and CFTC regulations to broker-dealer liquidations.

c.    General Business Operation Issues

(i)   Insurance Issues

- Prepared and filed motion and obtained authorization for the Debtors to implement fund for defense costs for certain individuals that are named defendants in specified legal proceedings;

- prepared and filed motion and obtained modification of the automatic stay to allow settlement payments under directors and officers insurance policies in connection with mortgage-backed securities litigation and authority to grant limited releases to certain insurers in connection therewith; and

- reviewed and responded to other issues regarding the Debtors' insurance policies and coverage.

(ii)  Employee/ERISA/Benefits/Pension Issues

- Advised the Debtors' New York and London teams regarding UK pension matters including (i) issues arising as a result of the deficit in a UK pension plan, (ii) implications of the decision of the UK Court of Appeals as to interpretation of pensions and insolvency statutes and preparation for appeal to the UK Supreme Court, and (iii) a strike-out application to the

Upper Tribunal in relation to the appeal by the UK trustees of the decision by the Determinations Panel as to the potential pensions liability of certain affiliates of LBHI in the UK;

- prepared answer and reply brief in further support of motion to dismiss amended complaint and participated in meetings and teleconferences and conducted research and prepared for oral argument in *Uvino v. LBHI, et. al.* [Adv. Pro. No. 10-05428];

- participated in teleconferences and prepared and filed motion to dismiss complaint and memorandum of law in support of same and conducted research in *Loschiavo v. Fidelity Management Trust Company and Ernst & Young and the Lehman Brothers Savings Plan* [Case No. 10-08631];

- participated in meetings, reviewed and revised asset management agreement, and addressed employee benefit issues related to the transfer of the London-based real estate portfolio; and

- prepared and filed joint motion with the SIPA Trustee for approval of a stock purchase agreement regarding the voluntary employee benefit association plan (VEBA) and settlement regarding same.

(iii) Tax Issues

- Obtained favorable plan-related ruling from the IRS subsequent to the Effective Date as a result of services provided during the Tenth Compensation Period, including, drafting and submitting seventh and eighth supplemental letter submissions to request a ruling and subsequent submissions in connection with same and preparing for and participating in meeting with the IRS regarding same;

- participated in teleconferences and meetings related to establishing and maintaining a claims reserve related to the proofs of claim filed by the IRS;

- prepared and filed motion for approval of a settlement with the IRS reducing the IRS's claim by more than $1 billion and participated in teleconferences and meetings regarding same;

- drafted and reviewed tax potion of Debtor Allocation Agreement and participated in meetings regarding same; and

- conducted regular conferences and teleconferences with the Debtors, the Creditors' Committee's professionals, the SIPA Trustee's professionals and others and conducted research regarding various tax matters, including those relating to the Plan, transfer taxes and application of section 1146 of the Bankruptcy Code, certain UK tax law issues, and tax efficient structures for various asset sales and restructurings.

(iv) Corporate Governance

- Participated in meetings of LBHI's board of directors and audit committee, prepared briefing memorandum and drafted and reviewed resolutions and minutes for same;

- conducted research, reviewed and drafted consents, resolutions, by-laws, charters, plan trust agreement, audit committee charter, common interest agreement, assumption and assignment agreement, certificates of incorporation, and organizational documents for the Debtors and their various direct and indirect subsidiaries, and advised Lehman's directors and officers regarding same;
- prepared motion authorizing the Debtors to indemnify members of the post-Effective Date board of directors for actions taken prior to the Effective Date and obtained Court approval of same;
- prepared and filed forms 3, 4, 8-K, 10-K, 12B-25, 13D, 13F, 13G, 15 and 15S and other documents with the United States Securities and Exchange Commission; and
- addressed corporate governance issues arising in the international proceedings and amongst various international entities.

(v)    Intercompany Issues

- Conducted research, drafted memoranda and other documents, participated in conferences and teleconferences with the Debtors, the Creditors' Committee's professionals and others regarding numerous intercompany issues including intercompany loans, notes and collateral agreements, collateral release agreements and guaranties for loans.

d.    Asset Class-Related Issues

(i)    Private Equity

- Negotiated with NBSH Acquisition, LLC and, subsequently, the Ad Hoc Group of Lehman creditors, conducted diligence, drafted documents, including an amended and restated limited liability company agreement, and obtained Court approval of the monetization of the Debtors' interests in Neuberger Berman Group LLC ("NBG") and certain of its affiliates; the series of transactions approved did or will enable LBHI and its affiliates to redeem at par their preferred equity in NBG and sell, over time, their common equity in NBG; prior to the initial Plan distribution, Lehman received approximately $850 million as a result of these transactions;
- represented LBHI in connection with the sale of its equity interest in Wilton Re Holdings Ltd. for approximately $390 million and drafted motion and declarations and obtained court approval of same;
- reviewed and counseled Debtors on strategic alternatives with respect to credit facilities, bridge financing arrangements, and extensions, amendments and restructurings of certain credit facilities;
- counseled Lehman with respect to potential litigation and negotiated and drafted transaction documents in connection with the sale, by various Lehman entities, of their interests in private equity investments, including certain follow-on investments made by Lehman's merchant banking funds and parallel investment vehicles;

- ▪ conducted diligence, engaged in negotiations, and drafted various documents and pleadings in connection with restructurings and other transactions and consent processes related to certain real estate, European mezzanine loan and merchant banking funds;
- ▪ reviewed and revised materials and counseled Debtors on strategies related to transfers of warrants and purchase of shares held by the Debtors in connection with various public companies; and
- ▪ engaged in negotiations, conducted diligence and drafted documents in connection with transfer of carried interest in relation to employee funds in which Lehman Brothers Private Equity Advisors L.L.C. and Lehman Brothers Venture Associates II L.L.C. held general partnership interests.

(ii)  Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation)

- ▪ Drafted and filed motion seeking to amend this Court's order establishing tier 2 ADR settlement procedures to increase the threshold under which the Debtors may settle claims related to the Derivatives Contracts, which is expected to significantly reduce the administrative expenses associated with resolving same;
- ▪ drafted and analyzed numerous ADR termination agreements and advised Debtors with respect to allocation of termination payments;
- ▪ drafted and filed various stipulations between the Debtors and third parties regarding assumption and assignment of derivatives contracts;
- ▪ obtained authorization from the Court to implement an employee incentive plan for 2012;
- ▪ negotiated discovery schedules related to the numerous subpoenas served on derivatives counterparties pursuant to Bankruptcy Rule 2004 and drafted letters to same demanding production of documents; and
- ▪ negotiated, drafted and reviewed settlement and/or novation agreements regarding Derivatives Contracts and conducted due diligence of derivatives transactions including collateralized debt obligations and swap novations.

(iii) Loans and Investments

- ▪ Participated in strategy meetings, teleconferences, and negotiations regarding the restructuring and monetization of the Debtors' loan and investment portfolios, including with respect to Bonten Media Group, Esteem Broadcasting LLC, Firth Rixson Limited, Greenbrier Minerals, LLC and Libro Companhia Securitizadora de Créditos Financeiros, conducted research, diligence, and analysis regarding same, and drafted and revised agency, credit, collateral, employment, security, guarantee, assignment and transfer, reaffirmation, stock purchase, shareholders, and tax agreements and related documents regarding same;

- performed research and analysis in connection with LCPI's efforts to recover amounts under a credit agreement in the chapter 11 cases of Latshaw Drilling & Exploration Company, Inc. and Latshaw Drilling Company, LLC, which are pending in the United States Bankruptcy Court for the District of Oklahoma, prepared response to objections, prepared witnesses and exhibits, and participated in contested hearing regarding same; and
- advised Debtors in connection with the monetization of their collateralized loan portfolio, including engagement of advisory firm and preparation of engagement letter and asset management agreement.

(iv) Domestic Bank and Related Regulatory Issues

- Finalized documents regarding transfer and assignment of master servicing rights from LBHI to Aurora Bank FSB and related matters;
- finalized documents regarding sale of Woodlands Commercial Bank's portfolio of certificates of deposit; and
- conducted strategy conferences with Debtors regarding the disposition of the assets of Aurora Bank FSB, performed research, diligence, and analysis, and prepared mortgage loan purchase agreement and motion regarding same.

e.    International Insolvency Issues

- Monitored and participated in the UK insolvency proceedings of 20 English companies with PricewaterhouseCoopers LLP as joint administrators and counseled the Debtors in their role on the official committee of unsecured creditors of certain of these UK insolvency proceedings including with respect to LBIE;
- advised the Debtors in relation to filing claims against entities that are subject to English administration proceedings;
- negotiated on behalf of the Debtors with the English administrators on numerous ongoing matters including: (i) intercompany claims; (ii) corporate administration agreements; (iii) release of trapped funds; and (iv) obtaining and preserving information relevant to the Debtors' estates;
- advised the Debtors with respect to issues relating to inter-company side-letters and set-off rights, possible English insolvency proceedings relating to certain of the Debtors' investments, certain construction disputes, potential exit strategies, the Debtors' rights and interest as creditors of LB UK Re Holdings Limited, and various tax issues;
- represented the Debtors in litigation in the Cayman Islands in respect of disputes relating to certain outstanding loans;
- assisted the Debtors in dissolving and unwinding a number of partnership structures; and
- represented LBHI in client monies case at the English Court of Appeal and advised Debtor entities regarding the impact of English Supreme Court judgment on client monies.

f.    Non-Derivative Automatic Stay/Safe Harbor Issues

- Negotiated, prepared, filed and obtained Court approval of stipulations providing for relief from the automatic stay with respect to litigation involving loans secured by residential real property;
- prepared and filed Debtors' limited response to motion of Benisasia Investments and Properties Limited for relief from the automatic stay and obtained Court approval of stipulation providing for same;
- prepared and filed omnibus response to motions of Jason Taylor and Philip Walsh for relief from the automatic stay, participated in conferences and negotiated and prepared stipulation resolving issues related to same; and
- drafted letters to various third parties related to the automatic stay and addressed various issues related to state court actions commenced or continued in violation of the automatic stay.

g.    Non-Derivative Executory Contracts/365 Issues

- participated in teleconferences and meetings and reviewed documents regarding the assumption or rejection of non-derivative executory contracts in connection with confirmation of the Plan;
- prepared, filed and obtained Court authorization for stipulation, agreement and order resolving dispute among LBHI and Factiva, Inc. and certain of its affiliates regarding motion to compel assumption or rejection; and
- researched and drafted memos regarding various issues related to executory contracts, including the assumption or rejection of executory contracts related to plan confirmation and cure amounts related to same.

h.    Disclosure Statement/Solicitation/Voting

- Participated in meetings and analyzed a myriad of issues related to solicitation of votes in connection with the Plan; and
- participated in meetings and teleconferences with various creditors regarding claims estimation with respect to voting and negotiated and prepared stipulations and agreements for provisional allowance of claims solely for purposes of voting on the Plan.

i.    Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

- Obtained eighty-three orders and twenty-eight supplemental orders approving various omnibus objections to proofs of claim;
- analyzed and responded to thousands of items of correspondence, Court filings and telephone calls from creditors whose claims were subject to the 266 omnibus claims objections pending during the Tenth Interim Compensation Period;

- addressed issues related to Debtors' amended motion for approval of procedures for determining the allowed amount of claims filed based on structured securities issued or guaranteed by LBHI and participated in numerous teleconferences and meetings regarding same;

- drafted and revised letters and notice to creditors regarding compliance with tax withholding and Office of Foreign Assets Control ("OFAC") regulations, revised distribution protocol to incorporate OFAC requirements, reviewed potential matches between creditors scheduled for distribution and list of specifically designated nationals and blocked personal, and researched tax withholding and OFAC compliance issues;

- participated in meetings, conducted research, attended to issues and prepared memorandum regarding residential mortgage backed securities;

- prepared and filed (i) stipulation relating to the classification of OMX Timber Finance Investments II LLC's claim under the Plan, (ii) motion for approval of a settlement with the Bank of New York Trust Co., N.A., as indenture trustee for the Main Street Bonds and Main Street Natural Gas, Inc., (iii) stipulation regarding the objection to portions of claims filed by JPMorgan Chase Bank N.A. regarding triparty repo-related loans, and (vi) stipulation between LBHI and HSBC Bank Plc relating to turnover of funds;

- performed research and analysis and participated in meetings with the Debtors and the Creditors' Committee's professionals regarding the approximately $570 billion of guarantee claims asserted against the Debtors;

- participated in meetings and teleconferences with officials from Fannie Mae and the Federal Housing Finance Agency and their legal counsel to discuss Fannie Mae's securities law claims, participated in meetings with numerous experts to select expert consultants to provide analysis and support for refuting Fannie Mae's claims, and conducted factual and legal research with respect to such claims; and

- performed legal research and prepared memoranda regarding guaranties, subordination, setoff, charitable gifts, joint and severable liability under New York law, enterprise liability, liquidated damages, scrivener's error, veil piercing, contract conditions, loan servicing breaches, claim amendments, prime brokerage agreement claims, residential mortgage-backed securities, estimation and other claims-related issues.

j.    Other Bankruptcy Motions and Matters

- Participated in meetings and teleconferences, performed legal research, factual diligence and analysis and prepared various settlement agreements with respect to avoidance actions; and

- prepared, filed and obtained Court approval of the joint motion of the Debtors and the Creditors' Committee to extend stay of avoidance actions.

k.    Litigation Related Issues

(i)    Non-Derivative Adversary Proceedings Preparation and Litigation

- Attended to issues, including the preparation of various documents, preparation for and participation in depositions, meetings, teleconferences, and hearings, research, discovery and document production, in connection with the following adversary proceedings,: (i) *Bank of America, N.A. v. LBSF & LBHI* [Adv. Pro. No. 08-01753] (seeking declaratory relief regarding the setoff of certain amounts allegedly owed by the Debtors), (ii) *European Credit Management Limited Relative European Value S.A., et al.*, *v. LCPI* [Adv. Pro. No. 09-01262] (seeking specific performance with respect to certain participations)*,* (iii) *The Carabetta Organization, LTD., v. Lehman Brothers Holdings Inc., and LB Summit Ridge Schraffts Road, LLC* [Adv. Pro. 11-02908] (seeking preliminary injunction related to the sale of certain real property), (iv) *PT Bank Negara Indonesia (Persero) Tbk v. Lehman Brothers Special Financing Inc., et al.,* [Adv. Pro. No. 09-01480] (seeking an administrative priority claim with respect to a foreign currency exchange transaction), and (v) *Pulsar Re, LTD v. LBHI and LCPI* [Adv. Pro. No. 11-01283 (seeking the imposition of a constructive trust on certain assets allegedly held by LBHI and LCPI).

(ii)    Non-Bankruptcy Litigation

- Provided continuing counsel on litigation and bankruptcy issues in connection with an adversary proceeding captioned *Simeon Moreno v. Property Asset Management, Inc*., et al. [Case No. 08-17715] and the underlying bankruptcy case which is pending in the District of Massachusetts;
- participated in meetings, conducted research, reviewed documents, conducted document review and responded to document requests in connection with *In re Lehman Brothers Equity/Debt Securities Litigation* [Case No. 08-CV-5523] pending in the United States District Court for the Southern District of New York;
- participated in meetings and teleconferences, status conference, conducted research, prepared opposition to motion to consolidate proceedings and for leave to file consolidated amended complaint, prepared response to document requests, conducted document review, and prepared for oral argument in *Aetna Life Insurance Company v. Appalachian Asset Management Corp., et al*, [Case No. 103913/2010]; and
- participated in mediations, prepared for and conducted interviews, reviewed, drafted and analyzed complaints, claims and pleadings, performed researched, conducted document review, and responded to document requests in multiple foreign and domestic litigations commenced by and against Lehman entities.

(iii)  2004 Issues

- Prepared and served 34 notices of subpoena pursuant to an order Weil obtained authorizing the Debtors to issue subpoenas for the production of documents and the examination of persons and entities; and
- reviewed documents and/or prepared document requests pursuant to Bankruptcy Rule 2004.

l.    US Trustee/SEC/DOJ/Examiner Issues

(i)    US Trustee Related Issues

- Reviewed and filed monthly operating reports for September, October, November and December 2011 and January 2012, supplemental operating reports for June and September 2011, and addressed issues related to same; and
- monitored compliance with the UST Guidelines.

(ii)   SEC/DOJ Issues

- Assisted the Debtors with respect to their preparation and participation in meetings and teleconferences with governmental and regulatory entities and as witnesses for interviews related to governmental and regulatory investigations, and coordinated with A&M regarding same; and
- performed and coordinated document review, including the collection and production of documents in response to governmental and regulatory requests and created and reviewed privilege logs related to same.

m.    Fee-Related Issues

(i)    Firm's Own Billing/Fee Applications

- Prepared Weil's ninth interim application for compensation and reimbursement and prepared monthly fee statements in compliance with the Guidelines; and
- addressed various issues raised by the Fee Committee regarding Weil's eighth interim application for compensation and reimbursement and prepared response to same.

(ii)   Firm's Own Retention Issues

- Prepared and filed Weil's eighth supplemental disclosure affidavit in accordance with the Bankruptcy Code and Bankruptcy Rules.

(iii)  Third Party Retention/Fee Application/Other Issues

- Prepared applications to retain or expand the scope of the Debtors' retention of (i) Moulton Bellingham as special counsel, (ii) Gleacher &

Company Securities, Inc. as financial advisors, (iii) Dechert LLP as special counsel, and (iv) additional applications for certain other professionals;

- participated in meetings and teleconferences and prepared analysis regarding application for payment of fees and reimbursements of expenses of individual members of the Creditors' Committee and certain indenture trustees;
- assisted the Debtors in negotiating engagement letters with numerous ordinary course professionals and certain other parties; and
- conferred with many of the more than 213 ordinary course professionals retained in these cases regarding various issues.

44.    The professional services performed by Weil were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their economic stakeholders.  Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved.  The professional services were performed expeditiously and efficiently.

45.    Professionals in Weil's Business Finance & Restructuring, Corporate, Litigation, and Tax departments in numerous offices across three continents provided the necessary services to support the Debtors in the administration of these chapter 11 cases.  Weil's Business Finance & Restructuring practice is preeminent and enjoys an international reputation for its expertise in financial reorganizations and restructurings of troubled entities, with approximately 90 attorneys that specialize in this area of law.

## ACTUAL AND NECESSARY DISBURSEMENTS OF WEIL

46.    As set forth in Exhibit C hereto, Weil has disbursed $1,128,889.33 as expenses incurred in providing professional services during the Tenth Compensation Period. These expenses are reasonable and necessary in light of the size and complexity of the Debtors' cases.  For example, the novel legal issues invoked by the global scope of the Debtors' businesses and the complex nature of the many financial arrangements they are party to require Weil attorneys to work long hours, engage in numerous long distance and international

communications, and perform considerable computerized research in order to effectively prosecute the Debtors' chapter 11 cases.

47.     The time constraints facing the Debtors, along with the sheer magnitude of tasks generated by these cases, have required Weil's attorneys and other employees to devote significant time during the evenings and on weekends to perform legal services on behalf of the Debtors.     Such services were essential to meet deadlines, timely respond to motions and objections, and to satisfy the extraordinary demands of the Debtors' businesses and the administration of these complex chapter 11 cases.

48.     While Weil has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of Weil who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their costs for transportation from the office to home.  Weil's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services.    The reimbursement amounts do not exceed those set forth in the U.S. Trustee Guidelines.

49.     With respect to photocopying expenses, Weil's domestic offices charge all of Weil's clients $.10 per page for black-and-white copies.  With respect to facsimile expenses, in compliance with the U.S. Trustee Guidelines, Weil does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than the $1.25 per page amount permitted by the U.S. Trustee Guidelines.  Each of these categories of expenses does not exceed the maximum rate set by the U.S. Trustee Guidelines.   These charges are intended to cover Weil's direct operating costs,

which costs are not incorporated into the Weil hourly billing rates. Only clients who actually use services of the types set forth in <u>Exhibit C</u> are separately charged for such services. The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services. The amount of the standard photocopying charge is intended to allow Weil to cover the related expenses of its photocopying service. A determination of the actual expenses per page for photocopying, however, is dependent on both the volume of copies and the total expenses attributable to photocopying on an annual basis.

50.    In addition, because of the global scope of the Debtors' businesses, frequent long distance and international telephone calls are required. On many occasions, overnight delivery of documents and other materials was required as a result of circumstances necessitating the use of such express services. These disbursements are not included in Weil's overhead for the purpose of setting billing rates. Weil has made every effort to minimize its disbursements in these cases. The actual expenses incurred in providing professional services were absolutely necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

51.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." <u>Id.</u> § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)     the time spent on such services;

(B)     the rates charged for such services;

(C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];

(D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

Id. § 330(a)(3).

52.     The services for which Weil seeks compensation and reimbursement of expenses in this application were necessary for, and beneficial to, the orderly administration of the Debtors' estates and the prosecution of their chapter 11 cases.  Weil has worked assiduously to anticipate or respond to the Debtors' needs and assist in the Debtors' chapter 11 process.  The professional services were performed expediently and efficiently.   Whenever possible, Weil sought to minimize the costs of its services to the Debtors by employing talented junior attorneys and paraprofessionals to handle more routine aspects of case administration.  Groups of the same Weil attorneys were utilized for similar tasks in these cases to minimize the costs of intra-Weil communication and education about the Debtors' circumstances.  The compensation requested is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.   Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  Furthermore, Weil has voluntarily reduced its requests for charges and expenses

incurred during the Tenth Compensation Period by the aggregate amount of $894,938.30. Approval of the compensation for professional services and reimbursement of expenses requested is warranted.

## CONCLUSION

53.    Weil respectfully requests the Court allow interim compensation for professional services rendered during the Tenth Compensation Period in the amount of $42,113,715.58 consisting of $40,984,826.25, representing 100% of charges incurred during the Tenth Compensation Period, and reimbursement of $1,128,889.33, representing 100% of actual and necessary expenses incurred during the Tenth Compensation Period, without prejudice to Weil's right to seek additional compensation for services performed and expenses incurred during the Tenth Compensation Period, which were not processed at the time of this application, and direct payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order.

WHEREFORE the Debtors respectfully request that the Court grant the relief requested and such other and further relief as is just.

Dated: May 21, 2012
        New York, New York

                                /s/ Lori R. Fife
                                Harvey R. Miller
                                Lori R. Fife

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Lehman Brothers
                                Holdings Inc. and Certain of Its Affiliates

## EXHIBIT A

### (Third Party Representations)

| Lehman Entity Represented | Amount Paid |
|---|---|
| Lehman Commercial Paper Inc. | $55,702.32 |
| Lehman Commercial Paper Inc. | $3,264.00 |
| Lehman Brothers Holdings Inc, Lehman Commercial Paper Inc., Real Estate Private Equity Inc. and certain of their affiliates | $1,237,724.85 |
| Lehman Commercial Paper Inc. | $224,594.41 |
| **Total:** | **$1,521,285.58** |

# EXHIBIT B

## (Certification)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
**In re**                                                                      :          **Chapter 11 Case No.**
                                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :          **08-13555 (JMP)**
                                                                               :
                                **Debtors.**                      :          **(Jointly Administered)**
                                                                               :
-----------------------------------------------------------------x

**CERTIFICATION UNDER GUIDELINES FOR FEES**
**AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT**
**OF TENTH APPLICATION OF WEIL, GOTSHAL & MANGES LLP**
<u>**FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**</u>

I, Lori R. Fife, hereby certify that:

1.       I am a partner with the applicant firm, Weil, Gotshal & Manges LLP
("<u>Weil</u>"), with responsibility for the chapter 11 cases of Lehman Brothers Holdings Inc. and
certain of its affiliates in the above-captioned cases (collectively, the "<u>Debtors</u>"), in respect of
compliance with the Guidelines for Fees and Disbursements for Professionals in Southern
District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 (the "<u>Fee and
Disbursement Guidelines</u>") and the Amended Guidelines for Fees and Disbursements for
Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April
19, 1995 (together with the Fee and Disbursement Guidelines, the "<u>Local Guidelines</u>"), the
United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"U.S. Trustee Guidelines") and the Second Amended Order Pursuant to Sections 105(a) and 331

of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim

Monthly Compensation and Reimbursement of Expenses of Professionals [ECF No. 3102] (the

"Administrative Order," and together with the Local Guidelines and the U.S. Trustee Guidelines,

the "Guidelines").

        2.      This certification is made in respect of Weil's application, dated May 21,

2012 (the "Application"), for interim compensation and reimbursement of expenses for the

period commencing October 1, 2011 through and including March 5, 2012 in accordance with

the Guidelines.

        3.      In respect of section A.2 of the Fee and Disbursement Guidelines, I certify

that Weil reviewed the fee application and has approved it.

        4.      In respect of section B.1 of the Local Guidelines, I certify that:

        a.      I have read the Application;

        b.      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

        c.      the fees and disbursements sought are billed at rates in accordance with those customarily charged by Weil and generally accepted by Weil's clients; and

        d.      in providing a reimbursable service, Weil does not make a profit on that service, whether the service is performed by Weil in-house or through a third party.

        5.      In respect of section B.2 of the Local Guidelines and as required by the

Administrative Order, I certify that Weil has complied with these provisions requiring it to

provide counsel for the statutory committee of unsecured creditors appointed in these cases (the

"Committee") and the Debtors, with a statement of Weil's charges and disbursements accrued

during the previous months, although, due to administrative limitations, such statements were not always provided within the timetables set forth in the Local Guidelines and the Administrative Order.

6. In respect of section B.3 of the Local Guidelines, I certify that the Debtors, attorneys for the Committee, and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated: May 21, 2012
New York, New York

/s/ Lori R. Fife
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

## <u>EXHIBIT C</u>

### EXPENSE SUMMARY BY WEIL, GOTSHAL & MANGES LLP FOR THE <u>TENTH INTERIM PERIOD OF OCTOBER 1, 2011 THROUGH MARCH 5, 2012</u>

| EXPENSES | AMOUNTS |
|---|---:|
| Business Meals | $51,214.78 |
| Computerized Research / Other Research | $420,129.55 |
| Consultant / Witness / Deposition Fees | $13,189.05 |
| Corporation Service | $5,672.92 |
| Court / Filing / Regulatory Fees | $6,275.87 |
| Court Reporting | $27,605.71 |
| Duplicating | $162,397.19 |
| E-Discovery Services / Document Scanning and Coding | 49,167.94 |
| Mediation Expenses | $46.40 |
| Messenger / Process Service | $8,815.63 |
| Online News Monitoring | $1,427.60 |
| Outside Temps-Paralegals / Other | $7,929.98 |
| Postage and Express Mail | $21,006.31 |
| Special Rentals / Leases | $7,816.34 |
| Telephone / Facsimile | $8,270.17 |
| Translation Fees | $108,372.15 |
| Travel and Transportation | $229,551.74 |
| **Total:** | **$1,128,889.33** |

**EXHIBIT D**

**COMPENSATION BY WORK TASK CODE FOR SERVICES
RENDERED BY WEIL, GOTSHAL & MANGES LLP FOR TENTH
INTERIM PERIOD OF OCTOBER 1, 2011 THROUGH MARCH 5, 2012**

| TASK CODE | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 0100 | General Case Administration | 320.00 | $93,094.00 |
| 0200 | General Case Strategy Meetings | 223.00 | $159,261.50 |
| 0300 | Project Monitoring / Court Calendar & Docket Maintenance | 473.10 | $195,856.00 |
| 0400 | Hearings and Court Communications | 1,244.50 | $532,076.50 |
| 0500 | Non-Working Travel | 630.30 | $211,972.25 |
| 0600 | Interested Party Communications / Website / Lehman Team Hotline | 334.00 | $198,898.00 |
| 0700 | Communications with Debtors | 15.60 | $12,301.00 |
| 0800 | Unsecured Creditors Issues / Meetings / Communications / Creditors' Committee | 2.40 | $2,322.00 |
| 1100 | LBI/SIPC Coordination and Issues | 713.00 | $522,113.00 |
| 1200 | Cash Management | 2.10 | $1,461.00 |
| 1300 | Insurance Issues | 274.90 | $166,077.00 |
| 1400 | Employee / ERISA / Benefits / Pension Issues | 703.20 | $510,059.00 |
| 1500 | Customer/Vendor Issues | 8.80 | $6,736.00 |
| 1700 | Intellectual Property | 9.30 | $7,240.00 |
| 1800 | Tax Issues | 1,136.70 | $867,786.00 |
| 1900 | Corporate Governance | 1,202.60 | $696,540.00 |
| 2000 | Other General Business Operation Issues | 146.60 | $85,344.00 |
| 2100 | Intercompany Issues | 276.10 | $167,389.50 |
| 2300 | Real Estate Matters | 11,228.10 | $7,813,971.00 |
| 2400 | Private Equity | 2,343.70 | $1,753,964.00 |
| 2501 | Derivatives - Affirmative ADR | 9,639.10 | $6,849,989.50 |
| 2502 | Derivatives - SPVs | 5,010.70 | $3,303,410.50 |
| 2503 | Derivatives - Claims | 2,146.70 | $1,305,083.50 |
| 2504 | Derivatives - Big Banks | 449.40 | $360,857.00 |
| 2505 | Derivatives - General/Other | 2,564.80 | $1,683,059.50 |
| 2600 | Loans/Investments | 864.10 | $589,798.50 |
| 2700 | Domestic Bank and Related Regulatory Issues | 139.00 | $108,864.00 |
| 2800 | International Insolvency Issues | 2,339.90 | $1,848,991.00 |

| 2900 | Schedules/Statement of Financial Affairs | 7.70 | $4,406.00 |
| 3000 | Non-Derivative Automatic Stay / Safe Harbor Issues | 180.80 | $106,406.00 |
| 3100 | Miscellaneous Asset Sales / 363 Issues | 6.70 | $4,666.00 |
| 3200 | Non-Derivative Executory Contracts / 365 Issues | 365.30 | $195,775.50 |
| 3500 | Plan of Reorganization / Plan Confirmation/Plan Implementation | 6,359.90 | $4,111,466.50 |
| 3600 | Disclosure Statement / Solicitation/Voting | 84.40 | $51,810.50 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation and ADR | 6,347.60 | $3,845,610.00 |
| 3800 | Other Bankruptcy Motions and Matters | 377.60 | $230,894.50 |
| 3900 | Non-Derivative Adversary Proceeding Prep and Litigation | 985.20 | $658,844.50 |
| 4000 | Non-Bankruptcy Litigation | 926.10 | $569,730.00 |
| 4100 | 2004 Issues | 269.90 | $138,228.50 |
| 4200 | Appeals | 0.70 | $120.00 |
| 4300 | US Trustee Related Issues | 26.50 | $14,393.50 |
| 4400 | SEC/DOJ Issues | 144.10 | $74,167.00 |
| 4500 | Examiner Issues | 38.70 | $24,536.00 |
| 4600 | Firm's Own Billing / Fee Applications | 1,799.40 | $631,407.00 |
| 4700 | Firm's Own Retention Issues | 148.90 | $49,480.50 |
| 4800 | Third Party Retention / Fee Application/Other Issues | 417.20 | $218,369.00 |
| **Total:** | | **62,928.40** | **$40,984,826.25** |