# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

## FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon the notice of presentment of the proposed Fourth Amended Order; and the Court having jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation**

**Procedures**"):

(a)    On or before the forty-fifth (45th) day following the month for which
compensation is sought, each professional seeking compensation, other than a
professional retained as an ordinary course professional or a professional retained
by the Examiner appointed in these Chapter 11 cases, will serve a monthly
statement (the "Monthly Statement"), by hand or overnight delivery on
(i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor,
New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil,
Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153
(Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP,
1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne,
Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors'
Committee; (iv) the Office of the United States Trustee for the Southern District
of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004
(Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin,
Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee
and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may
be amended from time to time, the "**Fee Protocol**") c/o Godfrey & Kahn, S.C.,
One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "**Notice
Parties**"). In addition to being served with a paper copy, the Office of the United
States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers
Holdings, Inc. shall also be served with a disc containing an electronic version of
the Monthly Statement.

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need
not be delivered to chambers since this Fourth Amended Order is not intended to
alter the fee application requirements outlined in sections 330 and 331 of the
Bankruptcy Code and since professionals are still required to serve and file
interim and final applications for approval of fees and expenses in accordance
with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and
the Local Rules for the United States Bankruptcy Court for the Southern District
of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective
titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement
period, their respective billing rates, the aggregate hours spent by each individual,
a reasonably detailed breakdown of the fees and expenses incurred (no
professional should seek reimbursement of an expense that would otherwise not
be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and
April 21, 1995 or the United States Trustee Guidelines for Reviewing
Applications for Compensation and Reimbursement of Expenses Filed under
11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained
time entries for each individual in increments of tenths (1/10) of an hour or as
close thereto as practicable.

(d)    Each Notice Party shall have at least thirty (30) days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or expense reimbursement sought in a particular statement, such Notice Party shall, no later than the thirty-first (31st) day following receipt of the Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)    At the expiration of the Monthly Statement Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)    If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)    If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn or modified and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)    All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)    The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code, including any final application.

(j)    Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "**Interim**

**Fee Period**"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)     The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)     Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)     Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

5

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "**OCP Order**")) or a professional retained by the Examiner seeks more than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

6

date from the Court for the hearing of the fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
      April 14, 2011

                                       *s/ James M. Peck*
                                       Honorable James M. Peck
                                       United States Bankruptcy Judge