JONES DAY
Robert W. Gaffey
Benjamin Rosenblum
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------------x

**TENTH INTERIM APPLICATION OF JONES DAY,**
**SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION,**
**SEEKING ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES FOR THE PERIOD**
**FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

| | |
|---|---|
| Name of Applicant: | Jones Day |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings Inc. and its affiliated debtors |
| Date of Retention Order: | February 25, 2009 (effective *nunc pro tunc* to the Engagement Dates, as defined in the Retention Application (as such term is defined below))[1] |
| Period for Which Compensation and Reimbursement are Sought | October 1, 2011 to March 6, 2012 |
| Amount of Professional Fees Sought as Actual, Reasonable, and Necessary: | $3,751,313.83 |

---

[1] Jones Day's retention was subsequently expanded by various supplemental retention orders entered by the Court.

Name of Applicant:                                              <u>Jones Day</u>

Amount of Expense Reimbursement Sought as Actual,              <u>$54,018.06</u>
Reasonable, and Necessary:

Total Amount Sought:                                           <u>$3,805,331.89</u>

This is an/a:  <u>X</u> Interim  ___ Final Application.

Total Amount Received for this Application:                    <u>$2,494,148.88</u>

Total Amount Received for All Prior Applications:             <u>$62,476,818.48</u>

Aggregate Amount Paid to Date:                                <u>$64,970,967.36</u>

## **Total Compensation and Expenses Previously Requested and Awarded:**

| Dated | Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees[2] | Approved Expenses |
|-------|-------|----------------|----------------|--------------------|------------------|--------------------|
| 04/09/09 | 04/09/09 | 09/18/08 – 01/31/09 | $1,258,056.00 | $10,425.76 | $1,258,056.00 | $10,425.76 |
| 08/14/09 | 08/14/09 | 02/01/09 – 05/31/09 | $4,119,794.00 | $130,667.42 | $4,095,167.00 | $127,483.94 |
| 12/15/09 | 12/15/09 | 06/01/09 – 09/30/09 | $8,787,718.20 | $413,222.52 | $8,613,937.88 | $305,416.91 |
| 05/10/10 | 05/10/10 | 10/01/09 – 01/31/10 | $9,143,140.60 | $266,470.81 | $8,534,767.56 | $199,731.20 |
| 08/16/10 | 08/16/10 | 02/01/10 – 05/31/10 | $12,925,764.10 | $361,198.39 | $12,748,365.64 | $348,623.74 |
| 12/14/10 | 12/14/10 | 06/01/10 – 09/30/10 | $11,570,294.70 | $369,641.54 | $11,444,909.57 | $369,641.54 |
| 06/01/11 | 06/01/11 | 10/1/10 – 01/31/11 | $6,729,469.37 | $255,545.32 | $6,529,511.98 | $255,174.66 |
| 08/15/11 | 08/15/11 | 02/01/11 – 05/31/11 | $6,209,821.90 | $107,229.25 | Not yet determined. | Not yet determined. |
| 12/16/11 | 12/16/11 | 06/01/11 – 09/30/11 | $3,354,568.80 | $44,562.92 | Not yet determined. | Not yet determined. |

---

[2]      The "Approved Fees" do not include certain of those fees ("<u>Disputed Fees</u>") in respect of which the Fee Committee (as defined below) has raised certain objections, which objections are disputed by Jones Day. Jones Day and the Fee Committee have agreed to defer presenting the Disputed Fees to this Court for ruling until a later date.

NYI-4443632v4

## COMPENSATION PERIOD

## OCTOBER 1, 2011 THROUGH MARCH 6, 2012

| Name | Year | Rate 2011 | Rate[3] 2012 | Compensation Period Hours | Compensation Period Fees |
|------|------|-----------|--------------|---------------------------|--------------------------|
| **Partner** | | | | | |
| R H ENGMAN | 1997 | - | 825.00 | 20.30 | 16,747.50 |
| T R GEREMIA | 1999 | 725.00 | - | 10.20 | 7,395.00 |
| Y MORI | 1983 | 650.00 | 675.00 | 0.90 | 590.00 |
| W J HINE | 1996 | 725.00 | 750.00 | 302.50 | 219,687.50 |
| A S WARTER SISITSKY | 1997 | 725.00 | 750.00 | 110.50 | 80,595.00 |
| E W SEDLAK | 1984 | 725.00 | 750.00 | 13.50 | 9,952.50 |
| M P BROWN | 1993 | 925.00 | - | 13.30 | 12,302.50 |
| P J BENVENUTTI | 1974 | 800.00 | 825.00 | 8.90 | 7,152.50 |
| J S TELPNER | 1984 | 825.00 | - | 47.50 | 39,187.50 |
| J S TELPNER | 1984 | 875.00 | - | 77.70 | 67,987.50 |
| J S TELPNER[4] | 1984 | - | 900.00 | 10.10 | 9,090.00 |
| P J HOSER | 1982 | - | 700.00 | 1.80 | 1,260.00 |
| T A CITERA | 1996 | 750.00 | 775.00 | 62.30 | 47,417.50 |
| K V MORLEY | 2002 | - | 975.00 | 4.40 | 4,290.00 |
| S OGULLUK | 1999 | 675.00 | 750.00 | 19.90 | 14,437.50 |
| G S ARDEN | 1986 | - | 850.00 | 1.50 | 1,275.00 |
| M A CODY | 1996 | 725.00 | 775.00 | 39.80 | 29,015.00 |
| W E BRYSON | 1984 | 575.00 | - | 11.80 | 6,785.00 |
| J RUE WITTSTEIN | 1985 | 800.00 | 800.00 | 49.80 | 39,840.00 |
| E H EVANS | 1990 | 850.00 | 875.00 | 17.80 | 15,272.50 |
| E J NALBANTIAN | 1983 | 880.00 | 880.00 | 173.30 | 152,504.00 |
| R W GAFFEY | 1982 | 850.00 | - | 79.00 | 67,150.00 |
| C E BLACK | 1998 | 675.00 | 700.00 | 2.70 | 1,860.00 |
| J W TAMBE | 1992 | 775.00 | - | 70.70 | 54,792.50 |
| J W TAMBE | 1992 | 800.00 | - | 178.80 | 143,040.00 |
| J W TAMBE | 1992 | - | 850.00 | 75.60 | 64,260.00 |

---

[3]    As specifically disclosed and anticipated in Jones Day's Retention Application (as such term is defined below), the hourly rates of Jones Day's professionals and paraprofessionals were adjusted effective January 1, 2012 ("2012 Billing Rates") in accordance with Jones Day's established billing practices and procedures. The 2012 Billing Rates reflect the ordinary course annual billing rate adjustments for the calendar year commencing on January 1, 2012.

[4]    Partners Telpner, Tambe and M. Sisitsky bill at different rates for different matters they handle on behalf of the Debtors' estates due to different billing arrangements made with respect to each matter.

NYI-4443632v4

| Name | Year | Rate 2011 | Rate[3] 2012 | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|---|
| D J KATES | 1995 | 650.00 | 675.00 | 22.50 | 14,845.00 |
| C P LIU | 1996 | 500.00 | 525.00 | 40.30 | 20,367.50 |
| S PEARSON | 1989 | 800.00 | 825.00 | 57.60 | 47,027.50 |
| M K SISITSKY | 1971 | 875.00 | - | 117.80 | 103,075.00 |
| M K SISITSKY | 1971 | - | 900.00 | 75.30 | 67,770.00 |
| A F YURKE | 1987 | - | 925.00 | 2.30 | 2,127.50 |
| M SUZUKI | 1979 | - | 750.00 | 1.50 | 1,125.00 |
| P D LEAKE | 1989 | - | 925.00 | 2.50 | 2,312.50 |
| **Partner Total:** | | | | **1,724.40** | **$1,372,536.50** |
| | | | | | |
| **Of Counsel** | | | | | |
| A T KHO | 1997 | 840.00 | 840.00 | 182.40 | 153,216.00 |
| C M KIM | 1987 | 925.00 | 925.00 | 42.00 | 38,850.00 |
| E H TERRITT | 1996 | 840.00 | 840.00 | 150.60 | 126,504.00 |
| L Y LIU | 2000 | 450.00 | 475.00 | 49.70 | 22,385.00 |
| **Of Counsel Total:** | | | | **424.70** | **$340,955.00** |
| | | | | | |
| **Counsel** | | | | | |
| L W SAWYER | 1998 | 625.00 | 650.00 | 147.60 | 93,215.00 |
| D REDDY | 1998 | 725.00 | 750.00 | 74.90 | 56,175.00 |
| **Counsel Total:** | | | | **222.50** | **$149,390.00** |
| | | | | | |
| **Associate** | | | | | |
| R S BARR | 2004 | 675.00 | - | 47.20 | 31,860.00 |
| T A WILSON | 2003 | 500.00 | 525.00 | 1.40 | 715.00 |
| S A TURK | 2008 | 450.00 | - | 1.00 | 450.00 |
| S C TIPI | 2005 | 550.00 | 600.00 | 12.50 | 6,920.00 |
| B HU | 2008 | - | 450.00 | 4.90 | 2,205.00 |
| C L BARON | 2011 | - | 250.00 | 12.00 | 3,000.00 |
| N P LEBIODA | 2006 | 600.00 | - | 36.70 | 22,020.00 |
| L M POLLACK | 2006 | 500.00 | 525.00 | 236.90 | 119,392.50 |
| A P VAN VOORHEES | 2006 | 500.00 | 550.00 | 44.80 | 24,005.00 |
| P WILKINSON | 1992 | 475.00 | 500.00 | 336.60 | 162,452.50 |
| M W LO | 2003 | 425.00 | 450.00 | 44.70 | 19,270.00 |
| A P MCBRIDE | 2007 | 475.00 | 500.00 | 29.30 | 14,210.00 |
| C SEETOO | 2008 | 250.00 | - | 0.90 | 225.00 |
| B ROSENBLUM | 2005 | 625.00 | 675.00 | 241.50 | 154,622.50 |

NYI-4443632v4

| Name | Year | Rate 2011 | Rate[3] 2012 | Compensation Period Hours | Compensation Period Fees |
|------|------|-----------|--------------|---------------------------|--------------------------|
| N YADAVA | 2008 | 450.00 | 500.00 | 425.30 | 203,165.00 |
| D B GANDHAM | 2006 | - | 225.00 | 1.40 | 315.00 |
| H GOITOM | 2008 | 475.00 | 550.00 | 181.70 | 90,732.50 |
| P B GREEN | 2008 | 450.00 | - | 69.60 | 31,320.00 |
| M REZNIK | 2008 | 450.00 | 475.00 | 127.80 | 58,405.00 |
| D R CULHANE | 2009 | - | 425.00 | 12.70 | 5,397.50 |
| M O THAYER | 2009 | 425.00 | - | 60.20 | 25,585.00 |
| G B LAWSON | 2011 | - | 250.00 | 0.10 | 25.00 |
| G DRUCE | 2009 | - | 450.00 | 5.70 | 2,565.00 |
| L M BUONOME | 2009 | 425.00 | 500.00 | 45.50 | 19,345.00 |
| M J DAILEY | 2009 | 425.00 | 450.00 | 48.30 | 20,607.50 |
| E G GREENBERG | 2009 | 425.00 | 450.00 | 96.50 | 42,985.00 |
| D G MARKS | 2009 | 425.00 | - | 133.90 | 56,907.50 |
| J K BROMBERG | 2011 | - | 375.00 | 2.00 | 750.00 |
| M S CHOW | 2009 | 425.00 | 450.00 | 139.20 | 59,915.00 |
| E P STEPHENS | 2009 | 425.00 | - | 13.90 | 5,907.50 |
| P T BRABANT | 2004 | 425.00 | 450.00 | 9.70 | 4,185.00 |
| J KIM | 2010 | 375.00 | 400.00 | 120.90 | 45,697.50 |
| E G SHELSTON | 2010 | 275.00 | 300.00 | 31.20 | 8,627.50 |
| T FUNO | 2008 | 350.00 | 400.00 | 20.00 | 7,710.00 |
| J MA | 2011 | - | 375.00 | 9.70 | 3,637.50 |
| L M YEMM | 2010 | 325.00 | - | 30.10 | 9,782.50 |
| I HSU | 2010 | 325.00 | 425.00 | 203.30 | 79,172.50 |
| C HOHL | 2009 | 224.00 | 224.00 | 26.30 | 5,891.20 |
| S CHAKRAVORTTY | 2006 | 600.00 | 650.00 | 96.70 | 60,905.00 |
| M F HERMAN | 2003 | 575.00 | 600.00 | 18.00 | 10,420.00 |
| K A CARRERO | 2004 | 625.00 | 675.00 | 132.90 | 86,132.50 |
| T TAKAHASHI | 2010 | 270.00 | 350.00 | 21.30 | 6,279.00 |
| K M WESTERCAMP | 2009 | 425.00 | - | 16.60 | 7,055.00 |
| L D JOHNSON | 2010 | - | 300.00 | 31.80 | 9,540.00 |
| L E NELSON | 2009 | 425.00 | - | 43.90 | 18,657.50 |
| M D CHEN | 2008 | - | 475.00 | 0.30 | 142.50 |
| N CHU | 2006 | - | 500.00 | 5.50 | 2,750.00 |
| R J HILL | 2011 | - | 250.00 | 21.90 | 5,475.00 |
| R P LEINO | 2011 | - | 375.00 | 109.40 | 41,025.00 |
| S J MURPHY | 2008 | - | 375.00 | 0.30 | 112.50 |
| S K TYLER | 2011 | - | 250.00 | 0.70 | 175.00 |
| S KOJIMA | 2009 | - | 375.00 | 3.00 | 1,125.00 |

NYI-4443632v4

| Name | Year | Rate 2011 | Rate[3] 2012 | Compensation Period Hours | Compensation Period Fees |
|---|---|---|---|---|---|
| S Y LAM | N/A | - | 550.00 | 0.50 | 275.00 |
| E HO | N/A | 250.00 | 250.00 | 151.40 | 37,850.00 |
| D M MORALES | 2011 | - | 375.00 | 34.30 | 12,862.50 |
| **Associate Total:** | | | | **3,553.90** | **$1,650,760.20** |
| | | | | | |
| **Staff Attorney** | | | | | |
| L C FISCHER | 1996 | 350.00 | 375.00 | 238.10 | 84,512.50 |
| C LIN | 2002 | - | 170.00 | 2.00 | 340.00 |
| L HUANG | 2011 | 225.00 | 250.00 | 207.10 | 48,650.00 |
| **Staff Attorney Total:** | | | | **447.20** | **$133,502.50** |
| | | | | | |
| **Law Clerk** | | | | | |
| G YUEN | N/A | 250.00 | 250.00 | 8.10 | 2,025.00 |
| C CHUNG | N/A | 250.00 | 250.00 | 16.80 | 4,200.00 |
| O GOH-LIVORNESS | N/A | 250.00 | 250.00 | 43.00 | 10,750.00 |
| J SCHNEIDER | 2011 | - | 375.00 | 102.00 | 38,250.00 |
| L HARROD | N/A | - | 250.00 | 1.30 | 325.00 |
| **Law Clerk Total:** | | | | **171.20** | **$55,550.00** |
| | | | | | |
| **Paraprofessional** | | | | | |
| N J CABRERA | | - | 275.00 | 2.70 | 742.50 |
| A C FARRINGTON | | 275.00 | 275.00 | 1.70 | 467.50 |
| D M HIRTZEL | | - | 275.00 | 2.70 | 742.50 |
| M B STONE | | 275.00 | - | 115.50 | 31,762.50 |
| T J BARRY | | 250.00 | 250.00 | 32.90 | 8,225.00 |
| K M WAAG | | 250.00 | - | 6.40 | 1,600.00 |
| A K DENTON | | - | 250.00 | 4.90 | 1,225.00 |
| K P ENGLERT | | 175.00 | - | 0.80 | 200.00 |
| **Paraprofessional Total:** | | | | **167.60** | **$44,965.00** |
| | | | | | |
| **Legal Support** | | | | | |
| R LOK | | 185.00 | 190.00 | 20.70 | 3,654.63 |
| **Legal Support Total:** | | | | **20.70** | **$3,654.63** |
| | | | | | |
| **Grand Total** | | | | **6,732.20** | **$3,751,313.83** |

NYI-4443632v4

## COMPENSATION PERIOD

## OCTOBER 1, 2011 THROUGH MARCH 6, 2012

## (BY JONES DAY MATTER)

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Asia Pacific (125426-600001)** | | |
| **Partner** | | |
| WILLIAM BRYSON | 11.80 | 6,785.00 |
| PHILIP HOSER | 1.80 | 1,260.00 |
| PAUL LEAKE | 2.50 | 2,312.50 |
| CHUNG-PING LIU | 40.30 | 20,367.50 |
| YUICHIRO MORI | 0.90 | 590.00 |
| ERIC SEDLAK | 13.50 | 9,952.50 |
| MASATOMO SUZUKI | 1.50 | 1,125.00 |
| **Partner Total:** | **72.30** | **$42,392.50** |
| | | |
| **Of Counsel** | | |
| CHRISTINE KIM | 42.00 | 38,850.00 |
| **Of Counsel Total:** | **42.00** | **$38,850.00** |
| | | |
| **Associate** | | |
| ROSS BARR | 47.20 | 31,860.00 |
| PETER BRABANT | 9.70 | 4,185.00 |
| LAUREN BUONOME | 18.20 | 7,742.50 |
| MU-YUAN CHEN | 0.30 | 142.50 |
| TETSUYA FUNO | 20.00 | 7,710.00 |
| BO HU | 4.90 | 2,205.00 |
| JI UNG KIM | 120.90 | 45,697.50 |
| SHINICHI KOJIMA | 3.00 | 1,125.00 |
| EMILY LAM | 0.50 | 275.00 |

NYI-4443632v4

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| LOUIS LIU | 49.70 | 22,385.00 |
| MING WEI LO | 44.70 | 19,270.00 |
| SEAN MURPHY | 0.30 | 112.50 |
| CHIAHENG SEETOO | 0.90 | 225.00 |
| EMMA SHELSTON | 31.20 | 8,627.50 |
| TOSHIAKI TAKAHASHI | 21.30 | 6,279.00 |
| PETER WILKINSON | 336.60 | 162,452.50 |
| **Associate Total:** | **709.40** | **$320,294.00** |
| | | |
| **Law Clerk** | | |
| CARMEN CHUNG | 16.80 | 4,200.00 |
| OSTIANE GOH-LIVORNESS | 43.00 | 10,750.00 |
| LINDA HARROD | 1.30 | 325.00 |
| EDITH HO | 151.40 | 37,850.00 |
| GIGI YUEN | 8.10 | 2,025.00 |
| **Law Clerk Total:** | **220.60** | **$55,150.00** |
| | | |
| **Staff Attorney** | | |
| LI JUNG HUANG | 207.10 | 48,650.00 |
| CALVIN LIN | 2.00 | 340.00 |
| **Staff Attorney Total:** | **209.10** | **$48,990.00** |
| | | |
| **Paraprofessional** | | |
| BRETT STONE | 69.50 | 19,112.50 |
| **Paraprofessional Total:** | **69.50** | **$19,112.50** |
| | | |
| **Legal Support** | | |
| ROGER LOK | 20.70 | 3,654.63 |
| **Legal Support Total:** | **20.70** | **$3,654.63** |
| | | |
| **Grand Total for Asia Pacific** | **1,343.60** | **$528,443.63** |

NYI-4443632v4

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Derivative Transactions (125426-600004) (*London*)** | | |
| **Partner** | | |
| MICHAEL BROWN | 13.30 | 12,302.50 |
| TODD GEREMIA | 10.20 | 7,395.00 |
| KAY MORLEY | 4.40 | 4,290.00 |
| EDWARD NALBANTIAN | 173.30 | 152,504.00 |
| JAYANT TAMBE | 70.70 | 54,792.50 |
| JOEL TELPNER | 47.50 | 39,187.50 |
| AVIVA WARTER SISITSKY | 0.10 | 72.50 |
| **Partner Total:** | **319.50** | **$270,544.00** |
| | | |
| **Of Counsel** | | |
| AMY KHO | 182.40 | 153,216.00 |
| ELIZABETH TERRITT | 150.60 | 126,504.00 |
| **Of Counsel Total:** | **333.00** | **$279,720.00** |
| | | |
| **Associate** | | |
| CATHERINE BARON | 12.00 | 3,000.00 |
| JOSHUA BROMBERG | 2.00 | 750.00 |
| SATARUPA CHAKRAVORTY | 96.70 | 60,905.00 |
| GEORGINA DRUCE | 5.70 | 2,565.00 |
| DURGA GANDHAM | 1.40 | 315.00 |
| ELIZABETH GREENBERG | 0.20 | 85.00 |
| RYAN HILL | 21.90 | 5,475.00 |
| CHRISTINE HOHL | 26.30 | 5,891.20 |
| LUKE JOHNSON | 31.80 | 9,540.00 |
| GREG LAWSON | 0.10 | 25.00 |
| ALEXANDER MCBRIDE | 1.90 | 902.50 |
| BENJAMIN ROSENBLUM | 9.80 | 6,185.00 |
| STEPHANIE TYLER | 0.70 | 175.00 |

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| ALEXANDER VAN VOORHEES | 3.20 | 1,760.00 |
| NIDHI YADAVA | 381.10 | 182,785.00 |
| **Associate Total:** | **594.80** | **$280,358.70** |
| | | |
| **Paraprofessional** | | |
| DENISE HIRTZEL | 2.30 | 632.50 |
| BRETT STONE | 1.90 | 522.50 |
| **Paraprofessional Total:** | **4.20** | **$1,155.00** |
| | | |
| **Grand Total for Derivative Transactions (London)** | **1,251.50** | **$831,777.70** |
| **Derivatives (089600-016075) (*New York*)** | | |
| **Partner** | | |
| GLENN ARDEN | 1.50 | 1,275.00 |
| CARL BLACK | 0.50 | 350.00 |
| TONI-ANN CITERA | 62.30 | 47,417.50 |
| MARK CODY | 39.80 | 29,015.00 |
| ROBERT GAFFEY | 79.00 | 67,150.00 |
| WILLIAM HINE | 302.50 | 219,687.50 |
| DAVID KATES | 22.50 | 14,845.00 |
| SEVAN OGULLUK | 19.90 | 14,437.50 |
| STEPHEN PEARSON | 57.60 | 47,027.50 |
| JANE RUE WITTSTEIN | 49.80 | 39,840.00 |
| MARK SISITSKY | 193.10 | 170,845.00 |
| JAYANT TAMBE | 254.40 | 207,300.00 |
| JOEL TELPNER | 87.80 | 77,077.50 |
| AVIVA WARTER SISITSKY | 110.40 | 80,522.50 |
| ALICE YURKE | 2.30 | 2,127.50 |
| **Partner Total:** | **1,283.40** | **$1,018,917.50** |

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Counsel** | | |
| LAURA SAWYER | 147.60 | 93,215.00 |
| **Counsel Total:** | **147.60** | **$93,215.00** |
| | | |
| **Associate** | | |
| LAUREN BUONOME | 27.30 | 11,602.50 |
| KELLY CARRERO | 132.90 | 86,132.50 |
| MATTHEW CHOW | 139.20 | 59,915.00 |
| DANIEL CULHANE | 12.70 | 5,397.50 |
| MICHAEL DAILEY | 48.30 | 20,607.50 |
| HABEN GOITOM | 181.70 | 90,732.50 |
| BART GREEN | 69.60 | 31,320.00 |
| ELIZABETH GREENBERG | 96.30 | 42,900.00 |
| I-HENG HSU | 203.30 | 79,172.50 |
| NATHAN LEBIODA | 36.70 | 22,020.00 |
| NANCY CHU | 5.50 | 2,750.00 |
| DAVID MARKS | 133.90 | 56,907.50 |
| ALEXANDER MCBRIDE | 27.40 | 13,307.50 |
| LAIRD NELSON | 43.90 | 18,657.50 |
| LEE POLLACK | 236.90 | 119,392.50 |
| MIRIAM REZNIK | 127.80 | 58,405.00 |
| BENJAMIN ROSENBLUM | 231.20 | 148,125.00 |
| ERIC STEPHENS | 13.90 | 5,907.50 |
| MICHAEL THAYER | 60.20 | 25,585.00 |
| STELA TIPI | 12.40 | 6,865.00 |
| SUSAN TURK | 1.00 | 450.00 |
| ALEXANDER VAN VOORHEES | 41.60 | 22,245.00 |
| KARA WESTERCAMP | 16.60 | 7,055.00 |
| NIDHI YADAVA | 44.20 | 20,380.00 |
| LISA YEMM | 30.10 | 9,782.50 |

NYI-4443632v4

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Associate Total:** | **1,974.60** | **$965,615.00** |
| **Law Clerk** | | |
| RUSSELL LEINO | 109.40 | 41,025.00 |
| JENNY MA | 9.70 | 3,637.50 |
| JORDAN SCHNEIDER | 102.00 | 38,250.00 |
| **Staff Attorney Total:** | **221.10** | **$82,912.50** |
| | | |
| **Staff Attorney** | | |
| LYNNE FISCHER | 238.10 | 84,512.50 |
| **Staff Attorney Total:** | **238.10** | **$84,512.50** |
| | | |
| **Paraprofessional** | | |
| THOMAS BERRY | 32.90 | 8,225.00 |
| ARLETA DENTON | 4.90 | 1,225.00 |
| KEVIN ENGLERT | 0.80 | 200.00 |
| ALICIA FARRINGTON | 1.70 | 467.50 |
| DENISE HIRTZEL | 0.40 | 110.00 |
| BRETT STONE | 44.10 | 12,127.50 |
| KIRK WAAG | 6.40 | 1,600.00 |
| **Paraprofessional Total:** | **91.20** | **$23,955.00** |
| | | |
| **Grand Total for Derivatives (New York)** | **3,956.00** | **$2,269,127.50** |

NYI-4443632v4

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Greenbrier Minerals LLC (125426-635001)** | | |
| **Partner** | | |
| RICHARD ENGMAN | 20.30 | 16,747.50 |
| **Partner Total:** | **20.30** | **$16,747.50** |
| | | |
| **Grand Total for Greenbrier Minerals LLC** | **20.30** | **$16,747.50** |
| **Aircraft Dispositions (125426-600005)** | | |
| **Partner** | | |
| ELIZABETH EVANS | 17.80 | 15,272.50 |
| **Partner Total:** | **17.80** | **$15,272.50** |
| | | |
| **Associate** | | |
| MICHELLE HERMAN | 18.00 | 10,420.00 |
| DEREK MORALES | 34.30 | 12,862.50 |
| BENJAMIN ROSENBLUM | 0.50 | 312.50 |
| **Associate Total:** | **52.80** | **$23,595.00** |
| | | |
| **Counsel** | | |
| DEEPAK REDDY | 74.90 | 56,175.00 |
| **Counsel Total:** | **74.90** | **$56,175.00** |
| | | |
| **Paraprofessional** | | |
| NUBIA CABRERA | 2.70 | 742.50 |
| **Paraprofessional Total:** | **2.70** | **$742.50** |
| | | |
| **Grand Total for Aircraft Dispositions** | **148.20** | **$95,785.00** |

NYI-4443632v4

| Name | Compensation Period Hours | Compensation Period Fees |
|---|---|---|
| **Non-Derivative Avoidance Actions (125426-600006)** | | |
| **Partner** | | |
| CARL BLACK | 2.20 | $1,510.00 |
| **Partner Total:** | **2.20** | **$1,510.00** |
| | | |
| **Associate** | | |
| STELA TIPI | 0.10 | 55.00 |
| THOMAS WILSON | 1.40 | 715.00 |
| **Associate Total:** | **1.50** | **$770.00** |
| **Grand Total for Non-Derivative Avoidance Actions** | **3.70** | **$2,280.00** |
| **CEIDCO/Kontrabecki (593926-600001)** | | |
| **Partner** | | |
| PETER BENVENUTTI | 8.90 | 7,152.50 |
| **Partner Total:** | **8.90** | **$7,152.50** |
| **Grand Total for CEIDCO/Kontrabecki** | **8.90** | **$7,152.50** |

- 14 -

JONES DAY
Robert W. Gaffey
Benjamin Rosenblum
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel to Debtors In Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x
| | |
|---|---|
| In re | : | Chapter 11 Case No. |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : |
| Debtors. | : | **(Jointly Administered)** |
| | : |

---------------------------------------------------------------------x

**TENTH INTERIM APPLICATION**
**OF JONES DAY, SPECIAL COUNSEL TO**
**THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING**
**ALLOWANCE AND PAYMENT OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**FOR THE PERIOD FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Jones Day, special counsel for Lehman Brothers Holdings Inc. and its affiliated

debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), submits this tenth

interim application (the "Application") seeking (a) allowance of compensation for professional

services rendered by Jones Day to the Debtors in the amount of $3,751,313.83, and

(b) reimbursement of actual and necessary charges and disbursements incurred by Jones Day in

the rendition of required professional services on behalf of the Debtors in the amount

of $54,018.06,[5] in each case for the period from October 1, 2011 through March 6, 2012

(the "Compensation Period"), pursuant to section 330(a) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), General Order M-151, Amended Guidelines for Fees

and Disbursements for Professionals in Southern District of New York Bankruptcy Cases

(the "Local Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of

the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals, entered in these cases on

April 14, 2011 [Docket No. 15997] (the "Interim Compensation Order").  In support of this

Application, Jones Day respectfully represents as follows.

### Background

1.      Commencing on September 15, 2008 and periodically thereafter

(as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the

other Debtors commenced with the United States Bankruptcy Court of the Southern District of

New York (the "Court") voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are being jointly

administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their

businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.

---

[5]      Such amounts reflect voluntary reductions made by Jones Day in the aggregate amount of $246,046.82 on
account of fees and expenses incurred during the Compensation Period.

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors

pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI").  A trustee appointed under SIPA is administering LBI's estate.  On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court appointed a fee committee (the "Fee

Committee"), and approved a protocol to govern the review and payment of fees and

reimbursement of expenses of professionals retained by the Debtors' estates, (as amended the

"Fee Protocol").  The Fee Committee was authorized to perform the duties described in the Fee

Protocol, including, among others, implementing procedures to effectively monitor the fees of

the Retained Professionals (as defined in the Fee Protocol) and reducing inefficiency by

establishing measures to avoid duplication of effort, overstaffing, the rendering of unnecessary

services, and the incurrence of excessive or inappropriate expenses by Retained Professionals.

Since its appointment, the Fee Committee has intermittently issued guidelines with respect to the

fees and expenses of the Retained Professionals (the "Fee Committee Guidelines", together with

the UST Guidelines, the Local Guidelines and the Interim Compensation Order,

the "Guidelines").

5.      On December 6, 2011, the Court entered an Order Confirming the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its

Affiliates (the "Plan").

NYI-4443632v4

6.    On March 6, 2012, the Debtors filed the Notice of Effective Date and

Distributions Date in Connection with the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and its Affiliated Debtors (Docket No. 26039).

## Jurisdiction and Venue

7.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

8.    Pursuant to this Application, Jones Day seeks allowance of the following:

(a) compensation for professional services rendered during the Compensation Period in the

aggregate amount of $3,751,313.83; and (b) reimbursement of expenses incurred in connection

with such services in the aggregate amount of $54,018.06.

9.    During the Compensation Period, Jones Day attorneys and

paraprofessionals expended a total of 6,732.20 hours for which compensation is requested.

10.    Prefixed to this Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all Jones Day professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year in which each attorney was first admitted to practice law.  In

addition, the schedule sets forth for each person (a) the hourly rate during the Compensation

Period, (b) the total hours billed for which compensation is sought, and (c) the total

compensation for such hours.

11.    Also prefixed to this Application is the summary sheet, requested by the

Fee Committee, showing, for each Jones Day matter, the timekeepers who provided services

- 4 -

(including their hours and fees) and the Jones Day matter and corresponding matter number to which the relevant services apply.

12.     Annexed hereto as <u>Exhibit "A"</u> is a summary of the services rendered by Jones Day for which compensation is sought by project category.  Annexed hereto as <u>Exhibit "B"</u> is a listing of the detailed time entries of Jones Day professionals and paraprofessionals with respect to the compensation requested.[6]  Annexed hereto as <u>Exhibit "C"</u> is a summary of the types of expenses for which reimbursement is sought.  Annexed hereto as <u>Exhibit "D"</u> is a detailed itemization of such expenses.  Annexed hereto as <u>Exhibit "E"</u>  is a chart, per the UST Guidelines and Fee Committee Guidelines, listing (a) all hearings/ outside meetings/ depositions, etc. attended by more than one Jones Day timekeeper during the Compensation Period; (b) all Jones Day timekeepers at such event; and (c) the reasons why all such timekeepers' attendance at such hearings/ outside meetings/ depositions was necessary.  Annexed hereto as <u>Exhibit "F"</u> is the certification of Robert W. Gaffey with respect to the Application pursuant to the Local Guidelines.

### <u>Jones Day's Retention</u>

13.     On February 4, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Jones Day as Special Counsel to the Debtor, *nunc pro tunc* to the Engagement Dates (Docket No. 2725) (the "<u>Retention Application</u>").

14.     On February 25, 2009, the Court entered the Amended Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention

---

[6]     Due to the voluminous nature of such documents, Jones Day's detailed time and expense records (<u>Exhibits B</u> and <u>D</u> hereto) are not being filed herewith, but, consistent with the Interim Compensation Order, are being provided to the Court and the Notice Parties (as defined herein).  The Notice Parties have previously received such records under the Interim Compensation Order.

NYI-4443632v4

of Jones Day as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Dates (Docket

No. 2925) (the "Retention Order").

15.    During the period of May 2009 through June 2011, the Court entered eight

further orders granting additional supplemental retention applications under which Jones Day's

scope of retention under the Retention Order was subsequently expanded.

### Payments Received by Jones Day in
### Accordance with the Interim Compensation Order

16.    On April 11, 2011, the Court entered the Interim Compensation Order,

which superseded the amended order dated March 13, 2009 in its entirety.  Pursuant to the

Interim Compensation Order, the Court established procedures for the Debtors' payment of

interim compensation and reimbursement of expenses of professionals retained in these chapter

11 cases.

17.    During the Compensation Period, Jones Day served a notice of monthly

fee and expense invoice for each monthly period from October 1, 2011 through March 6, 2012

(collectively, the "Monthly Statements").  Because no objections were filed to any of the

Monthly Statements, the Debtors made the following payments to Jones Day in respect of certain

of the Monthly Statements pursuant to the Interim Compensation Order:

| Periods | Fees Requested | Expenses Requested | Payment Dates | Payment Amount[7] |
|---|---|---|---|---|
| October 2011 | $1,027,400.90 | $10,490.31 | 02/17/2012 | $832,411.03 |
| November 2011 | $913,422.20 | $11,384.12 | 02/17/2012 | $742,121.88 |
| December 2011 | $577,394.23 | $13,764.31 | 04/24/2012 | $475,679.69 |

---

[7]    Payments were made on account of 80% of fees and 100% of expenses requested.

NYI-4443632v4

| Periods | Fees Requested | Expenses Requested | Payment Dates | Payment Amount[7] |
|---|---|---|---|---|
| January 2012 | $615,620.70 | $6,219.71 | 04/17/2012 | 484,732.27 |
| February 2012 | $578,366.50 | $7,526.71 | Not Yet Determined | Not Yet Determined |
| March 2012[8] | $90,104.30 | $4,632.90 | Not Yet Determined | Not Yet Determined |

## Summary of Services Rendered by Jones Day

18.     Below is a summary of the major activities performed during the Compensation Period by Jones Day professionals and paraprofessionals in assisting the Debtors with their chapter 11 cases and other restructuring-related activities, categorized by region[9] and sub-categorized by matter where appropriate.  Descriptions of the services rendered by Jones Day are included in the Monthly Statements and Exhibit B hereto.  In accordance with the UST Guidelines, a summary of the hours and amounts billed during the Compensation Period by each timekeeper, as well as each timekeeper's position, hourly rate and, if applicable, the year in which each timekeeper was first licensed to practice law, is set out in the cover sheet prefixed to this Application.

*Asia Pacific*

19.     During the Compensation Period, Jones Day professionals and paraprofessionals attended to numerous case administration tasks and commercial issues arising from the restructuring of various entities across the Asia Pacific region and globally.  Such tasks included liaising and coordinating across a number of Jones Day's offices in various jurisdictions, preparing monthly budget estimates and other issues as more specifically set forth below.

*Australia*

---

[8]     The Monthly Statement for the period March 2012 spans from March 1, 2012 through March 6, 2012.

[9]     Categorizing the various services provided to the Debtors by Jones Day by region was previously approved by both the Debtors and the Fee Committee.

NYI-4443632v4

20.    During the Compensation Period, the services rendered by Jones Day professionals and paraprofessionals in Australia included assisting and advising the Debtors with respect to insolvency proceedings in relation to Lehman Brothers Australia Limited (In Liquidation) ("LBA").  Such services included providing updates in respect of class action proceedings against LBA in the Federal Court of Australia, and advising the Debtors in relation to operations of Lehman Brothers Australia Securities Pty Limited, including in respect of the requirements for and documentation for winding up the entity.

*Hong Kong*

21.    During the Compensation Period, Jones Day professionals in Hong Kong advised the Debtors in relation to the refiling of their proof of debts against Lehman Brothers Asia Holdings Limited and creditors' meetings.

*Japan*

22.    During the Compensation Period, Jones Day professionals advised a subsidiary of LBHI in drafting an agreement relating to past services provided by its local counsel in Japan in connection with the sale of 50% of the equity interest in LBC YK.

*Taiwan*

23.    During the Compensation Period, the services rendered by Jones Day professionals in Taiwan were attributed to TL I Asset Management Company Limited ("TL I"), TL II Asset Management Company Limited and TL III Asset Management Company Limited ("TL III").  Such services included advising Lehman entities with respect to the disposal and liquidation of assets and repayment of debts, drafting letters, agreements and other correspondence and documents with or to banks, creditors, debtors and governmental authorities, attending to matters relating to mortgage foreclosure and default disputes with banks and debtors,

- 8 -

litigation, and representing Lehman entities in negotiations with various third parties and in respect of changes to the corporate registrations as required.

24.    Particularly, Jones Day has assisted TL III to claim compensation against its contractual parties in Yilan development project, and to negotiate with its largest creditor bank, Hua-Nan Bank, in relation to the disposal of Yilan investment during the past few months. In addition, Jones Day also assisted TL I and TL III to negotiate with their contractual counterparty and Hua-Nan Bank in relation to the closing of Xiu-Gang Land sale.

*Thailand*

25.    The services rendered by Jones Day professionals in Thailand during the Compensation Period included assisting LBHI and its subsidiaries in managing LBHI's Thailand real estate, loan and other assets.  This involved advising LBHI and its subsidiaries on various disposal strategies including:  (i) drafting and negotiating all key transaction documents; and (ii) reviewing and analyzing existing security documents, facility agreements, joint venture agreements and other documents in connection with the disposal of various assets of LBHI and its subsidiaries. In addition, Jones Day liaised with local counsel on Thai legal issues affecting the LBHI asset portfolio in Thailand and compliance issues with regard to Thai laws.

### London

*Derivatives*

26.    In September 2009, Jones Day professionals in London were retained to advise the Debtors on derivatives documentation matters arising from the occurrence of credit events with respect to various "Reference Obligations" referenced in credit derivatives and synthetic CDO documentation to which the Debtors are party, including the exercise or performance of their respective rights and obligations under such documentation.

NYI-4443632v4

27.     During the Compensation Period, Jones Day reviewed and analyzed the documentation for certain CDO structures and the related swap transaction and provided advice to the Debtors regarding potential rights of termination and recovery arising from marked to market trigger events in the financing structure.  Jones Day developed a proposed strategy for effecting a termination in the context of the documentation and a potential judicial challenge.

28.     During the Compensation Period, Jones Day also advised on the termination and settlement of derivatives transactions involving the Debtors related to a series of fifteen securitization structures.  Jones Day reviewed and analyzed the transaction documents and prepared and negotiated settlement agreements with the Debtors' counterparties with respect to each securitization structure.

29.     Jones Day also advised on the termination of a derivative transaction against a non-performing counterparty.  Jones Day is assisting the Debtors to recover amounts owed to them by the counterparty through foreign court proceedings.

30.     Jones Day has also represented the Debtors in the settlement of outstanding FX and Forward FX transactions (and related valuation issues) under English and New York law, including under circumstances where such transactions are either undocumented, subject to or deemed subject to ISDA Master or other market documentation.

31.     During the Compensation Period, Jones Day also provided contentious advice relating to valuation of termination and settlement of six derivatives transactions and the valuation disputes thereto involving the Debtors, including corresponding with counterparties, assisting with negotiations and progressing settlement of valuation disputes via the ADR process. Jones Day also advised in detail on issues relating to the interpretation of certain notification provisions in a series of derivative transactions under English law.

NYI-4443632v4

*New York*

*Derivatives*

32.     During the Compensation Period, Jones Day continued to advise the Debtors with regard to certain derivative transactions with Prudential Global, Inc. ("Prudential"). While Jones Day successfully settled claims with Prudential, during the previous compensation period, Jones Day continued to represent the Debtors in connection with remaining claims with Lehman Brothers Finance SA, which are currently in litigation before the Court.

33.     During the Compensation Period, Jones Day continued to advise the Debtors regarding transactions under three separate ISDA Master Agreements between the Debtors and Nomura entities.  In particular, Jones Day provide counsel to the Debtors on issues pertaining to Icelandic bank reference entities.  During the Compensation Period, Jones Day engaged in discovery and negotiated resolution of discovery disputes.  Jones Day also crafted settlement strategy and engaged in settlement discussions which led to a resolution of the claims with Nomura International PLC and Nomura Global Financial Products Inc.  Jones Day continued to represent the Debtors and craft strategy with regard to the remaining claims with Nomura Securities Co., Ltd.

34.     In addition to the foregoing litigation matters, during the Compensation Period, Jones Day represented the Debtors in alternative dispute resolution ("ADR") proceedings with two derivative counterparties.  Specifically, Jones Day prepared for a forthcoming mediation by crafting strategy and drafting a mediation statement and presentation.  With regard to the other matter, Jones Day led the proceeding to mediation during a previous compensation period, but the matter did not settle at mediation, therefore, Jones Day continued negotiations towards settlement during the present Compensation Period.  Jones Day also prepared to

- 11 -

represent the Debtors in ADR proceedings that as of the Compensation Period, had not yet entered formal mediation.

35.     In addition to the foregoing ADR matters, during the Compensation Period, Jones Day continued to counsel the Debtors concerning various derivatives and other complex structured products entered into with multiple counterparties including interest rate swaps, credit default swaps, total return swaps, foreign currency swaps, multi-currency cross border swaps, accelerated share repurchase transactions and other financial products. With regard to these matters, Jones Day analyzed relevant transaction documents and communications, conducted a broad range of research relating to all aspects of relevant state and federal laws, drafted legal memoranda and crafted strategies for matters headed to ADR. Jones Day continues to advise the Debtors on derivatives issues pertaining to collateral and margin posting, valuation and reconciliation, as well as unique provisions specific to counterparty swaps.

36.     During the Compensation Period, Jones Day also drafted and served pre-litigation discovery requests on one counterparty and prepared to serve pre-litigation discovery requests on another. In addition, Jones Day reviewed documents produced pursuant to pre-litigation discovery requests it drafted and served on a counterparty during the previous compensation period.

*Greenbrier*

37.     During the Compensation Period, Jones Day continued to advise the Debtors in connection with the workout and restructuring of certain loans and investments involving Greenbrier Minerals LLC ("Greenbrier"). Services rendered by Jones Day professionals included, among others, advising the Debtors in relation to a sharing arrangement with respect to a potential sale of Greenbrier's assets. In connection with such advice, Jones Day

- 12 -

professionals reviewed pertinent documents, performed research, developed strategy regarding various settlement and sale issues, and engaged in communications with the Debtors and Greenbrier regarding the sale process and related issues.

*Aircraft Dispositions*

38.    During the Compensation Period, Jones Day advised the Debtors and certain subsidiaries of the Debtors on aircraft dispositions and drafted the relevant term sheet and transaction documents related thereto, including with respect to the sale of the aircraft bearing serial number 7024 which concluded during the Compensation Period.  Jones Day also negotiated a settlement with a third party interest holder in a subsidiary of the Debtors and the assets owned by such subsidiary and drafted the relevant settlement documents.

*Non-Derivatives*

39.    During the Compensation Period, Jones Day assisted the Debtors in negotiating extensions to several tolling agreements to permit the Debtor to continue to analyze potential causes of action that the Debtors might have against the parties to the tolling agreements.

**San Francisco**

40.    The history of the San Francisco – Kontrabecki Matter, which was pending in the U.S. Bankruptcy Court in San Francisco, has been summarized in prior interim applications.

41.    As described in the eighth and ninth applications, the litigation was settled through a judicial settlement conference in early November 2010.  The essential terms of the settlement provide for full mutual releases, and for LBHI neither to receive nor pay any

settlement amounts.  The settlement was approved by the San Francisco bankruptcy court in

December 2010, and all proceedings have been dismissed.

42.    During the Compensation Period, Jones Day professionals and

paraprofessionals provided limited services related to implementation of the settlement and

responding to post-settlement communications and requests for information from the adverse

party and representatives of LBHI.  While some additional services of a similar limited nature

may be required, the matter appears to be essentially concluded.

**Expenses Incurred by Jones Day**

43.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual,

necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy

Code.  Accordingly, Jones Day seeks reimbursement for expenses incurred in rendering services

to the Debtors during the Compensation Period.  The total amount of the expenses is $54,018.06

for the Compensation Period, as summarized in the attached Exhibit "C" and detailed in the

attached Exhibit "D".

44.    In accordance with the requirements of the Bankruptcy Code, the

Bankruptcy Rules, and the Guidelines, Jones Day maintains the following policies with respect

to expenses for which reimbursement is sought herein:

(a)    No amortization of the cost of any investment, equipment, or capital
outlay is included in the expenses.  In addition, for those items or services
that Jones Day purchased or contracted from a third party (such as outside
copy services), Jones Day seeks reimbursement only for the exact amount
billed to Jones Day by the third party vendor and paid by Jones Day to the
third party vendor.

(b)    Black and white photocopying by Jones Day was charged at 10 cents per
page.[10]  Color photocopying by Jones Day was charged at 50 cents per
page.  To the extent practicable, Jones Day utilized less expensive outside

---

[10]    As disclosed and agreed to by the Fee Committee, Jones Day charges the Debtors at cost for duplication
charges for obtaining court records at the Tokyo District Court.

copying services.

(c)    Telecopying by Jones Day was charged to the Debtors at the cost of the long distance call required to send the facsimile.  The firm did not impose any charge to the Debtors for local facsimiles, inbound facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.

(d)    Meal charges incurred during travel charged to the Debtors for Jones Day personnel were limited to $40 per person.

(e)    Working meals and overtime meals for Jones Day personnel working past 8:00 p.m. were limited to $20 per person.

(f)    Coach airfares charged to the Debtors for Jones Day personnel were associated with out of town travel, meetings with the Debtors or other parties in these chapter 11 cases.

(g)    Taxi fares for overtime travel home after 8:00 p.m. were limited to $100.

(h)    Fees for hotel accommodation charged to the Debtors for Jones Day personnel were not in excess of $500 per night.

(i)    No staff overtime, word processing, proofreading charges or other "overhead" have been charged to the Debtors.

**The Requested Compensation Should Be Allowed**

45.    Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

(A)    reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)    reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  Section 330(a)(3)(A) further provides the following standards for the

Court's review of a fee application:

In determining the amount of reasonable compensation to be awarded, the court shall

consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including--

- 15 -

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A).

46.    Jones Day respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein.  The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases.  Jones Day's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks.  Furthermore, the compensation sought by Jones Day is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.  Accordingly, approval of the compensation sought herein is warranted.

**Statements of Jones Day Pursuant to Bankruptcy Rule 2016(a)**

47.    Pursuant to the Interim Compensation Order, Jones Day has submitted the Monthly Statements to (a) the Debtors, (b) counsel to the Debtors, Weil, Gotshal & Manges, LLP, (c) counsel to Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP, (d) the U.S. Trustee, (e) the Fee Committee, (f) counsel to the Fee Committee, and (g) BrownGreer PLC

- 16 -

(collectively the "Notice Parties"), during the Compensation Period with respect to the Debtors'

chapter 11 cases, as follows:  (a) from October 1, 2011 through October 31, 2011 – fees of

$1,027,400.90 and expenses of $10,490.31; (b) from November 1, 2011 through November 30,

2011 – fees of $913,422.20 and expenses of $11,384.12; (c) from December 1, 2011 through

December 31, 2011 – fees of $577,394.23 and expenses of $13,764.31, (d) from January 1, 2012

through January 31, 2012 – fees of $615,620.70 and expenses of $6,219.71, (e) from February 1,

2012 through February 29, 2012 – fees of $578,366.50 and expenses of $7,526.71, and (f) from

March 1, 2012 through March 6, 2012 – fees of $90,104.30 and expenses of $4,632.90.

48.    In total, therefore, Jones Day has submitted Monthly Statements for fees

of $3,802,308.83 and expenses of $54,018.06 during the Compensation Period, and hereby seeks

interim approval of $3,751,313.83[11] of such fees and $54,018.06 in reimbursement of such

expenses under this Application.

49.    Jones Day has received such payment from the Debtors relating to fees

and expenses in the Monthly Statements on account of services provided during the

Compensation Period as described in paragraph 17 above.

50.    No agreement or understanding exists between Jones Day and any third

person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy

Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and

among partners of Jones Day.  All of the services for which compensation is sought in this

---

[11]    Following Jones Day's submission of the Monthly Statements to the Notice Parities and prior to the filing
of this Application, Jones Day took additional voluntary reductions in the amount of $50,995.00 (the
"Subsequent Voluntary Reductions") in reference to clerical billing errors in connection with Jones Day's
October 2011 Monthly Statement, November 2011 Monthly Statement, December 2011 Monthly Statement
and January 2012 Monthly Statement.  Adding the Subsequent Voluntary Reductions to the voluntary
reductions in the aggregate amount of $195,051.82 taken by Jones Day prior to its submission of the
Monthly Statements to the Notice Parties equals $246,046.82, the total voluntary reduction taken by Jones
Day with respect to the fees and expenses submitted for approval in this Application, as disclosed in
footnote 5 hereof.

Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the

request of, or on behalf of, any other person or entity.

51.     Prior to the filing of this Application, Jones Day received no objections to

any of the Monthly Statements provided under the Interim Compensation Order from the

Debtors, the Fee Committee or anyone else.

### Notice

52.     Notice of this Application and its exhibits will be given to (a) the Debtors;

(b) counsel to the Debtors; (c) the U.S. Trustee; (d) counsel to the Committee; (e) the Fee

Committee and its counsel; and (f) as requested by the Fee Committee, BrownGreer PLC.  Jones

Day respectfully submits that no other or further notice is required.

NYI-4443632v4

WHEREFORE, Jones Day respectfully requests that the Court (a) enter an order allowing interim compensation of $3,751,313.83 to Jones Day for professional services rendered as special counsel for the Debtor during the Compensation Period, plus reimbursement of actual and necessary charges and disbursements incurred in the sum of $54,018.06 in connection with Jones Day's services during the Compensation Period, (b) authorize and direct the Debtors to pay to Jones Day any and all unpaid, invoiced amounts for the Compensation Period; and (c) grant to Jones Day such other and further relief as the Court may deem proper.

Dated: May 23, 2012
      New York, New York

                                      _/s/_ Robert W. Gaffey           
                                        Robert W. Gaffey
                                        Benjamin Rosenblum
                                        JONES DAY
                                        222 East 41st Street
                                        New York, New York 10017-6702
                                        Telephone:  (222) 326 3939
                                        Facsimile:  (212) 755 7306

                                        SPECIAL COUNSEL TO THE DEBTORS IN
                                        POSSESSION

NYI-4443632v4

# EXHIBIT A

EXHIBIT "A"

**SUMMARY OF SERVICES BY PROJECT CATEGORY FOR SERVICES RENDERED
BY JONES DAY ON BEHALF OF THE DEBTORS
FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

| Project Category | Total Hours by Project | Total Fees by Project (USD) |
|---|---|---|
| Asia Pacific | 1,343.60 | $528,443.63 |
| London | 1,251.50 | $831,777.70 |
| New York | 4,128.20 | $2,383,940.00 |
| San Francisco | 8.90 | $7,152.50 |
| **Total** | **6,732.20** | **$3,751,313.83** |

## CURRENT FEE PERIOD: OCTOBER 1, 2011 THROUGH MARCH 6, 2012

Case No.: 08-13555 (JMP)

Case Name: In re LEHMAN BROTHERS HOLDINGS INC., *et al.*, Debtors.

| APPLICANT | DATE/DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Jones Day | May 23, 2012 | $ 3,751,313.83 | [          ] | $54,018.06 | [          ] |

# EXHIBIT B

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

# EXHIBIT C

EXHIBIT "C"

**ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
BY JONES DAY ON BEHALF OF THE DEBTORS
FROM OCTOBER 1, 2011 THROUGH MARCH 6, 2012**

| Disbursement Description | Amount Billed (USD) |
|---|---|
| Certified Document Charges | $277.06 |
| Color Duplication Charges | $1.63 |
| Computerized Research Services | $976.08 |
| Conference Charges | $1,347.34 |
| Consultants and Agent Fees | $1,047.16 |
| Courier Services | $574.09 |
| Court Costs | $218.90 |
| Court Reporter Fees | $92.40 |
| Document Reproduction Charges | $7,369.31 |
| Federal Express Charges | $789.16 |
| Filing Fees and Related | $1,747.08 |
| General Communication Charges | $766.95 |
| Internal Services | $72.00 |
| Internet Connection Charges | $32.89 |
| Lexis Search Fees | $113.26 |
| Litigation Expenses | $229.25 |
| Local Transportation | $301.13 |
| Long Distance | $3,004.56 |
| Meeting Room Charges | $461.38 |
| Miscellaneous Expenses | $299.43 |
| Postage Charges | $22.36 |
| Printing Charges | $3,459.20 |
| Travel – Food and Beverage Expenses | $1,164.75 |
| Travel – Hotel Charges | $835.64 |
| Travel - Other Costs | $2,336.54 |
| Travel - Taxi Charges | $4,049.81 |
| Travel – Train Fare | $75.53 |
| United Parcel Service Charges | $322.78 |
| Westlaw Search Fees | $22,030.39 |
| | |
| **Total Disbursements** | **$54,018.06** |

# EXHIBIT D

**SERVED ON NOTICE PARTIES UNDER INTERIM COMPENSATION ORDER**

# EXHIBIT E

## Exhibit E

**Multiple Timekeepers Attending Same Hearing/Outside Meeting/Deposition (10th Interim Fee Application)**

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Laura Sawyer Mark Sisitsky Jayant Tambe | 12/14/11 | Meeting at Lehman Brothers with T. Hommell, D. Downie, S. Payne, S. Arefiev regarding expert issues | Sisisky is one of the lead lawyers who was responsible for discussing global strategy issues for Lehman Tobacco cases and coordinating with the expert consultant. Sawyer is the attorney involved in the day-to-day dealings of the matter and is responsible for analyzing potential claim objections, coordinating and conducting the discovery at issue and related expert issues, thereby making her presence necessary. Tambe is in charge of the entire derivatives strategy and led the meeting regarding coordinating common issues in the tobacco cases and introduced the new expert consultant to the Lehman team. |
| Sarah Lieber Lee Pollack Benjamin Rosenblum Jayant Tambe Aviva Warter Sisitsky | 1/4/11 | Telephonic hearing with court regarding discovery dispute | Tambe is the lead derivatives lawyer and addressed the Court with respect to the discovery dispute at issue. Warter Sisitsky is the lead partner for this matter and attended to address the claims at issue. Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the dispute. Lieber and Pollack are the associates involved in the day-to-day dealings of the matter and responsible for coordinating and conducting the discovery at issue, thereby making their presence necessary. |
| Philip Hoser Peter Brabant | 1/10/11 | Meeting regarding Dante settlement and Councils' claims | Hoser is the lead litigation lawyer and attended the meeting to address strategic issues regarding the impact of any Dante settlement on exposures of client in Australia. Brabant is the lawyer managing the mis-selling proceedings by councils against Lehman Australia and was required to attend the meeting to discuss the latest developments regarding these proceedings, including a subpoena for production of various documents which impacted the client's interests. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Benjamin Rosenblum Joel Telpner Aviva Warter Sisitsky | 1/11/11 | Initial settlement conference | Warter Sisitsky is the lead partner for this matter and lead the initial settlement conference.  Telpner is the expert on derivatives and structured finance transactions and provided the analysis of the transaction.  Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the transaction. |
| Michael Thayer Stela Tipi Joel Telper | 1/13/11 | Former Lehman employee interview | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.  His expert presence was necessary to provide technical background information for the interview and contribute substantive questions.  Tipi was required to attend because she was conducting the interview of the former Lehman employee.  Thayer was required to attend in order to memorialize the interview and provide general and substantive support.  Each participant provided significant responsibilities and expertise critical to the dispute. |
| Miriam Reznik Stela Tipi Joel Telpner | 1/18/11 | Former Lehman employee interview | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.  His expert presence was necessary to provide technical background information for the interview and contribute substantive questions.  Tipi was required to attend because she was conducting the interview of the former Lehman employee.  Reznik was required to attend in order to memorialize the interview and provide general and substantive support.  Each participant provided significant responsibilities and expertise critical to the dispute. |

# EXHIBIT F

**EXHIBIT "F"**

JONES DAY
Robert W. Gaffey
Benjamin Rosenblum
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel for the Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-----------------------------------------------------------------------x

## <u>CERTIFICATION OF ROBERT W. GAFFEY</u>

I, Robert W. Gaffey, certify as follows:

1.      I am a partner in the law firm of Jones Day.  I submit this certification with respect to the application (the "<u>Application</u>")[1] of Jones Day, special counsel for the debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), for allowance of compensation for professional services rendered, and reimbursement of actual and necessary expenses incurred, for the period from October 1, 2011 through March 6, 2012.

2.      I make this certification in accordance with General Order M-389, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on November 25, 2009 (the "<u>Local Guidelines</u>").

---

[1]      Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Application.

3.      In connection therewith, I hereby certify that

(a)      I have read the Application;

(b)      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") except as specifically noted therein;

(c)      except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day and generally accepted by Jones Day's clients; and

(d)      in providing a reimbursable service, Jones Day does not make a profit on that service, whether the service is performed by Jones Day in house or through a third party.

Dated:  May 23, 2012
        New York, New York

Respectfully submitted,

/s/ Robert W. Gaffey
Robert W. Gaffey
JONES DAY
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

SPECIAL COUNSEL FOR THE DEBTORS IN POSSESSION

NYI-4444359v1