UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x
                                                    :
In re                                               :        Chapter 11
                                                    :        Case No. 08-13555
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :        (Jointly Administered)
                                                    :
Debtors.                                            :
                                                    :
------------------------------------------------------------------------x

## SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331

### FINAL FEE APPLICATION

| | |
|---|---|
| Name of Applicant: | Hardinger & Tanenholz LLP |
| Period for which Compensation and Reimbursement is Sought: | September 1, 2010 to March 6, 2012 |
| Date of Retention: | September 1, 2010 |
| Fees Previously Requested: | $1,211,383.85 |
| Fees Previously Awarded: | $1,170,522.49 |
| Fees Not Yet Paid: | $40,861.36 |
| Final Fees Requested: | $1,211,383.85 |
| Expenses Previously Requested: | $23,483.64 |
| Expenses Previously Awarded: | $22,910.76 |
| Expenses Not Yet Reimbursed: | $572.88 |
| Final Expenses Requested: | $23,483.64 |

| Application | Date Filed | Period Covered | Court Order(s) | Fees Requested | Fees Approved by Court | Expenses Requested | Expenses Approved by Court |
|---|---|---|---|---|---|---|---|
| Appl. For Interim Prof. Compensation | 4/28/2011 | 1/1/2011 – 1/31/2011 | Not on Docket | $168,478.60 | $168,478.60 | $1,849.59 | $1,849.59 |
| Ninth Interim Application | 12/13/2011 | 6/1/2011 – 9/30/2011 | Not Yet Entered | $116,542.70 | Not Yet Determined | $4,015.05 | Not Yet Determined |
| Tenth Interim Application | 4/19/2012 | 10/1/2011 – 3/6/2012 | Not Yet Entered | $87,764.10 | Not Yet Determined | $4,196.60 | Not Yet Determined |
| TOTAL | | | | $372,785.40 | $168,478.60 | $10,061.24 | $1,849.59 |

**Notes:**

- 80% of fees + 100% of expenses have been paid for all monthly invoices.
- $40,861.36 in professional fees (the 20% Holdback for June 2011 – December 2012) has not yet been paid and is the subject of the Hardinger & Tanenholz' Ninth and Tenth Interim Applications.
- $572.88 in expenses included in Hardinger & Tanenholz' Tenth Interim Application (occurring after Hardinger & Tanenholz' final monthly invoice) has not yet been paid.
- $41,434.24 total fees and expenses have not yet been paid.

**Summary of Time Recorded in Connection With Rendering Professional Services During The
Compensation Period (September 1, 2010 – March 6, 2012)**

| Title | Name | Law School Grad | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Partner | Julia Hardinger | 1997 | $290.00 | 1,474.40 | $427,576.00 |
| Partner | David Tanenholz | 2000 | $290.00 | 5.70 | $1,653.00 |
| **Partner Total** | | | | **1,480.10** | **$429,229.00** |
| Associate | Stacey Angerome | 1994 | $149.00 | 89.70 | $13,365.30 |
| Associate | Susan Banks | 2000 | $149.00 | 31.00 | $4,619.00 |
| Associate | William George | 2006 | $149.00 | 17.20 | $2,562.80 |
| Associate | Jed Goldfried | 1997 | $149.00 | 80.00 | $11,920.00 |
| Associate | Laureano Gomez | 2005 | $149.00 | 2,801.15 | $417,371.35 |
| Associate | Erica Noel | 2006 | $149.00 | 1,020.70 | $152,084.30 |
| Associate | Daniel Stromberg | 2007 | $149.00 | 93.90 | $13,991.10 |
| Associate | David Wenninger | 2005 | $149.00 | 1,106.50 | $164,868.50 |
| **Associate Total** | | | | **5,240.15** | **$780,782.35** |
| **Attorney Total** | | *Average Rate:* | **$180.05** | **6,720.25** | **$1,210,011.35** |
| Paralegal | Frances Lippitt | N/A | $45.00 | 30.5 | $1,372.50 |
| **Paraprofessional Total** | | | | **30.5** | **$1,372.50** |
| **Total Attorney & Paraprofessional** | | | | **6,750.75** | **$1,211,383.85** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                        :
In re                                   :               **Chapter 11**
                                        :               **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**:       **(Jointly Administered)**
                                        :
                                        :
**Debtors.**                            :
                                        :
----------------------------------------------------------------x

### FINAL FEE APPLICATION OF HARDINGER & TANENHOLZ LLP
### FOR ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES

Hardinger & Tanenholz LLP ("Hardinger & Tanenholz" or "Applicant"), Special

Counsel to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and

debtors in possession in these proceedings (collectively, the "Debtors"), by this Final Fee

Application (the "Final Fee Application"), pursuant to sections 330(a) and 331 of title 11 of the

United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules" ), seek (i) final allowance and payment of reasonable

compensation for actual and necessary professional services performed by Hardinger &

Tanenholz in the aggregate amount of $1,211,383.85 for the period from September 2010

through and including March 6, 2012 (the "Compensation Period"), and (ii) for reimbursement

of its actual, reasonable, and necessary expenses in the aggregate amount of $23,483.64 incurred

during the Compensation Period.

### Background

1.      On September 15, 2008 (the "Commencement Date") and periodically

thereafter, the Debtors commenced with the Court voluntary cases under Chapter 11 of Title 11

of the United States Code (the "Bankruptcy Code").  The Debtors' Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned Chapter 11 cases (the "Examiner") and by order, dated, January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

4.     On May 26, 2009 the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned Chapter 11 cases pursuant to an order of the same date [Docket No. 3651].

### Retention of Hardinger & Tanenholz

5.     On October 5, 2011 the Court entered the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Modification of the Procedures for Compensating and Reimbursing Hardinger & Tanenholz LLP as Special Counsel, Effective as of June 1, 2011 [Docket No. 20583] (the "Retention Order").

6.     Prior to the time of its special retention, Hardinger & Tanenholz had been properly retained as an ordinary course professional and was assessing fees in accordance with the *Amended Order Pursuant to Sections 105(a), 327, 328 and 330 of the Bankruptcy Code*

*Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*

(the "OCP Order").

## Jurisdiction

7.      This Court has subject matter jurisdiction to consider and determine

this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C §

157(b).

## Summary of Requested Professional Compensation And Reimbursement of Expenses

8.      This Application has been prepared in accordance with (a) the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local

Guidelines"), (b) the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on

January 30, 1996 (the "UST Guidelines"), (c) the Fourth Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals entered by the Court on April 14, 2011 (the "Interim Compensation Order") and

(d) the Fee Protocol (collectively with the Local Guidelines, the UST Guidelines and the

Interim Compensation Order, the "Guidelines").

9.      Hardinger & Tanenholz has requested compensation from the Court for

professional services or reimbursement of expenses on three prior occasions.  In April 2011,

Hardinger & Tanenholz filed an application for compensation and reimbursement of fees and

expenses for the period of January 2011 for Ordinary Course Professional fees in excess of

$150,000.  The Court approved this application and payment in full of $33,695.72 was received in October 2011.

10.    In December 2011, Hardinger & Tanenholz filed an application for compensation of $116,542.70 in fees and reimbursement of $4,015.05 in expenses for the ninth interim fee period, covering June 1, 2011 through September 30, 2011.  In January and February 2012, payment of $97,249.21 was received, which amount represents 80% of fees and 100% of expenses covered in this period.

11.    In April 2012, Hardinger & Tanenholz filed an application for compensation of $87,764.10 in fees and reimbursement of $4,196.60 in expenses for the tenth interim fee period, covering October 1, 2011 through March 6, 2012.  Between January 2012 and March 2012 payment for $73,835.00 was received, which amount represents 80% of fees and 100% of expenses submitted in monthly statements for the period.[1]

12.    Hardinger & Tanenholz seeks final allowance herein of reasonable compensation for actual and necessary professional service rendered to the Debtors during the Compensation Period, in the aggregate amount of $1,211,383.85, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $23,483.64.

13.    Hardinger & Tanenholz has received total aggregate payments over the Compensation Period of $1,193,433 which reflects payments of $1,170,522.49 for professional fees and $22,910.76 for reimbursement of expenses.  By this Final Application,

---

[1]    The summary sheet and conclusion to the Firm's Tenth Interim Application erroneously list only tenth interim fees and expenses outstanding-- i.e. the Court ordered 20% holdback of fees for the tenth interim and additional expenses for reimbursement-- rather than total fees and expenses for October 1, 2011 through March 6, 2012.  The Tenth Interim Application specifies total fees sought and all services rendered during the fee period in its "Summary of Services" section and in the time detail presented in its Exhibit B, respectively. Total expenses for the tenth interim fee period are set forth by category in Exhibit C to the Tenth Interim Application.

Hardinger & Tanenholz seeks payment of $41,434.24, which reflects $40,861.36 in Court-ordered 20% holdback of Hardinger & Tanenholz requested fees and $572.88 in reimbursable expenses incurred during the Compensation Period.

14.    During the Compensation Period, other than pursuant to the Interim Compensation Order, Hardinger & Tanenholz has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Hardinger & Tanenholz and any other person, other than its partners, for the sharing of compensation to be received for services rendered in these cases.

15.    The fees charged by Hardinger & Tanenholz in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period.  The rates charged by Hardinger & Tanenholz for services rendered in these Chapter 11 cases do not exceed the rates Hardinger & Tanenholz customarily charges for services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

16.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Application is a schedule setting forth all Hardinger & Tanenholz professionals who have performed services in these Chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Hardinger & Tanenholz, the hourly billing rate charged by Hardinger & Tanenholz for services performed by such individual, the year in which each professional graduated from law school, and the aggregate number of hours expended in this matter and fees billed therefor.

17.      Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.

18.      Annexed hereto as Exhibit B is a schedule setting forth all Hardinger & Tanenholz professionals and paraprofessionals who have performed services for the Debtors during the Compensation Period for which Hardinger & Tanenholz seeks reimbursement, the position in which each individual was employed by Hardinger & Tanenholz at the time services were rendered, the hourly rate charged for services performed by each individual, the aggregate number of hours expended and fees billed therefor, and as to attorneys, the year in which the attorney was first licensed to practice law.

19.      Annexed hereto as Exhibit C is a schedule specifying the categories of actual, necessary expenses for which Hardinger & Tanenholz sought and received reimbursement and the total amount for each such expense category.

20.      Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary of the number of hours and amounts billed by Hardinger & Tanenholz during the Compensation Period, organized by matter.

## Summary of Services

21.      The Debtors sought and received the Court's approval to retain Hardinger & Tanenholz because of Hardinger & Tanenholz' extensive knowledge and experience in document review and litigation discovery matters.

22.      Hardinger & Tanenholz is a leading discovery counsel law firm that has represented Debtors and their affiliates in this case since September 2010.  Hardinger & Tanenholz attorneys and litigation professionals represent individuals and business entities in

a wide range of litigation discovery matters, and have unique experience managing large

scale, high-value document reviews.

24.    By the Retention Order, the Debtors received the Court's approval to

retain Hardinger & Tanenholz as special counsel to LBHI pursuant to Section 327(e) of the

Bankruptcy Code effective June 1, 2011, to perform legal services in connection with the

review and production of documents and other discovery-related legal work in the matter of

*Lehman Brothers Holding Inc. v. JPMorgan Chase* (the "JPM Litigation").

25.    Throughout this matter, Hardinger & Tanenholz' main role was to

supervise the review of documents being produced in the JPM Litigation.  From September

2010 through February 2011, under Hardinger & Tanenholz' supervision, over 2.3 million

documents were reviewed and over 250,000 documents were produced.  In addition to

training and supervising the document review teams, Hardinger & Tanenholz supervised

work-flow management, including subject matter batching, quality control reviews and final

production sign-offs, factual development projects, and project status reporting.  From

February 2011 through December 2011, Hardinger & Tanenholz supervised and performed

substantive privilege review, creation, finalization, and production of dozens of privilege logs,

and supervision and final signoff of supplemental document reviews.                  .

26.    The foregoing professional services performed by Hardinger & Tanenholz

were necessary and appropriate to the administration of the Debtors' Chapter 11 cases.  These

services were in the best interests of the Debtors and other parties in interest.  Compensation

for the foregoing services as requested is commensurate with the complexity, importance and

nature of the problems, issues and tasks involved.  The services were performed in an efficient

manner and by the qualified professional with the lowest billable rate.

27.     The professional services performed by Hardinger & Tanenholz on

behalf of the Debtors during the Compensation Period required an aggregate expenditure of

6,720.25 recorded hours by Hardinger & Tanenholz' partners and associates.  During the

Compensation Period, Hardinger & Tanenholz billed the Debtors for time expended by

attorneys based on hourly rates ranging from $149 to $290 per hour.  Allowance of

compensation in the amount requested would result in a blended hourly attorney billing rate of

approximately $180.05.

28.     As set forth in Exhibit B hereto, Hardinger & Tanenholz has incurred or

disbursed $23,483.64 in expenses in providing professional services to the Debtors during the

Compensation Period.  Reimbursement of $22,910.76 has been received.

## The Requested Compensation and Expense Reimbursement Should be Allowed

29.     Section 331 of the Bankruptcy Code provides for compensation of

professionals and incorporates the substantive standards of Section 330 to govern the Court's

award of such compensation.  11 U.S.C.  § 331. Section 330 provides that a court may award

a professional employed under Section 327 of the Bankruptcy Code reasonable compensation

for "actual necessary services rendered . . . and reimbursement for actual, necessary

expenses." 11 U.S.C.  § 330(a)(1). Section 330 also sets forth the criteria for the award of

such compensation and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the value
> of such services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

30.     In the instant case, Hardinger & Tanenholz respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Hardinger & Tanenholz further submits that the compensation requested herein in reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

31.     In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

### Conclusion

WHEREFORE Hardinger & Tanenholz respectfully requests (i) an allowance of compensation for professional services during the Compensation Period in the amount of $1,211,383.85 and reimbursement of actual and necessary expenses Hardinger & Tanenholz incurred during the Compensation Period in the amount of $23,483.64; (ii) authorization for the Debtors to pay Hardinger & Tanenholz that portion of the compensation amount not yet paid; (iii) such other and further relief is just.

Dated: May 25, 2012

Washington, D.C.

s/_____ David Tanenholz __
David L. Tanenholz
HARDINGER & TANENHOLZ LLP
1325 G Street N.W. | Suite 500
Washington, D.C. 20005
Telephone: (202) 552 – 7353

*Special Counsel to the Debtors*

## **INDEX OF EXHIBITS**

Exhibit A                                    Certification of David L. Tanenholz
Exhibit B                                    Time and Fee Summary for
                                             Compensation Period by Professional
Exhibit C                                    Expenses by Category for Compensation
                                             Period
Exhibit D                                    Summary of Hours and Amounts Billed
                                             by Matter

**<u>EXHIBIT A</u>**

HARDINGER & TANENHOLZ LLP
Special Counsel to the Debtors
1325 G Street N.W. | Suite 500
Washington, DC 20005
(202) 552 – 7353

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                 :
**In re**                                    :                   **Chapter 11**
                                             :                   **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :                   **(Jointly Administered)**
                                             :
                                             :
**Debtors.**                                 :
                                             :
----------------------------------------------------------------x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES FOR FEES**
**AND DISBURSMENTS FOR PROFESSIONALS IN RESPECT OF THE FINAL FEE**
**APPLICATION OF HARDINGER & TANENHOLZ LLP FOR ALLOWANCE OF**
**COMPENSAATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES**

        I, David L. Tanenholz, hereby certify that:

I.      I am a partner of the applicant firm, Hardinger & Tanenholz LLP ("Hardinger

& Tanenholz"), and am the professional designated by Hardinger & Tanenholz with

responsibility for ensuring that the Final Fee Application for final allowance and payment of

compensation and reimbursement of expenses for the period commencing September 1, 2010

through and including March 6, 2012  (the "Compensation Period") complies with the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted on November 25, 2009 (the "Amended SDNY

Guidelines")  and the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines", and together with the Amended SDNY Guidelines,

the "Guidelines").

II.    In respect of Section A.I of the Amended SDNY Guidelines, I certify that:

a.    I have read the Final Fee Application;

b.    To the best of my knowledge, information and belief formed

after reasonable inquiry, the fees and expense reimbursements sought in the Final

Fee Application fall within the Guidelines;

c.    the fees and expense reimbursements sought are billed at rates

not exceeding those customarily charged by Hardinger & Tanenholz and

generally accepted by Hardinger & Tanenholz' clients; and

d.    in providing a reimbursable service, Hardinger & Tanenholz

does not make a profit on that service, whether the service is performed by

Hardinger & Tanenholz in-house or through a third party.

III.    In respect of section A.2 of the Amended SDNY Guidelines, I certify

that Hardinger & Tanenholz has complied with those provisions requiring it to provide to

Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured

creditors appointed in these cases, the United States Trustee for the Southern District of New

York and the Fee Committee, on a monthly basis, a statement of Hardinger & Tanenholz' fees

and expenses.   These statements have all been provided prior to the filing this Final Fee

Application.  To the extent necessary, Hardinger & Tanenholz seek a partial waiver of Section

A.2 of the Amended SDNY Guidelines, to the extent that the Court's Fourth Amended Order

Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses

of Professionals [Docket No. 15997] modifies the Amended SDNY Guidelines requirement that "the trustee, and, in chapter 11 cases, the chair of each official committee and the debtor have all been provided not later than 21 days after the end of each month with a statement of fees and disbursements accrued during such month."

IV.        In respect of the Interim Compensation Order and section A.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors, the United States Trustee for the Southern District of New York and the Fee Committee are each being provided with a copy of this Final Fee Application at least 14 days before the date set by the Court for filing the Final Fee Application.

V.        In respect of Section (b) of the UST Guidelines, Hardinger & Tanenholz has filed as exhibits to their interim fee applications detailed lists of all expenses for which the Hardinger & Tanenholz seek reimbursement, as well as detailed records of the time spent by all attorneys and paraprofessionals in connection with its representation. To the extent necessary, Hardinger & Tanenholz seeks a partial waiver of the requirement in Section (b) of the UST Guidelines that the Final Fee Application "contain sufficient information about the case and the applicant so that the Court, the creditors, and the United States Trustee can review it without searching for relevant information in other documents."

Washington, D.C.
Dated:  May 25, 2012

s/_____David L. Tanenholz__
David L. Tanenholz
HARDINGER & TANENHOLZ LLP
1325 G Street N.W. | Suite 500
Washington, D.C. 20005
Telephone: (202) 552 – 7353

*Special Counsel to the Debtors*

**EXHIBIT B**

**COMPENSATION PERIOD BILLING SUMMARY BY TIMEKEEPER**

| Title | Name | Law School Grad | Rate | Hours | Fees |
|---|---|---|---|---|---|
| Partner | Julia Hardinger | 1997 | $290.00 | 1,474.40 | $427,576.00 |
| Partner | David Tanenholz | 2000 | $290.00 | 5.7 | $1,653.00 |
| **Partner Total** | | | | **1,480.10** | **$429,229.00** |
| Associate | Stacey Angerome | 1994 | $149.00 | 89.7 | $13,365.30 |
| Associate | Susan Banks | 2000 | $149.00 | 31.0 | $4,619.00 |
| Associate | William George | 2006 | $149.00 | 17.2 | $2,562.80 |
| Associate | Jed Goldfried | 1997 | $149.00 | 80.0 | $11,920.00 |
| Associate | Laureano Gomez | 2005 | $149.00 | 2,801.15 | $417,371.35 |
| Associate | Erica Noel | 2006 | $149.00 | 1,020.70 | $152,084.30 |
| Associate | Daniel Stromberg | 2007 | $149.00 | 93.9 | $13,991.10 |
| Associate | David Wenninger | 2005 | $149.00 | 1,106.50 | $164,868.50 |
| **Associate Total** | | | | **5,240.15** | **$780,782.35** |
| **Attorney Total** | | *Average Rate:* | **$180.05** | **6,720.25** | **$1,210,011.35** |
| Paralegal | Frances Lippitt | N/A | $45.00 | 30.5 | $1,372.50 |
| **Paraprofessional Total** | | | | **30.5** | **$1,372.50** |
| **Total Attorney & Paraprofessional** | | | | **6,750.75** | **$1,211,383.85** |

## EXHIBIT C

**ACTUAL AND NECESSARY EXPENSES INCURRED BY HARDINGER &
TANENHOLZ ON BEHALF OF THE DEBTORS DURING THE COMPENSATION
PERIOD**

| EXPENSE CATEGORY | TOTAL AMOUNT |
|---|---|
| Federal Express | $1,045.64 |
| Training Binders | $300.54 |
| Travel Expenses | $22,137.46 |
| **Total** | **$23,483.64** |
| *Total Reimbursed:* | $22,910.76 |
| *Remaining for Reimbursement:* | *$572.88* |

## EXHIBIT D

### SCHEDULE OF FEES BY PROJECT MATTER

**General Discovery Matters**

| Title | Name | Law School Graduation | Rate | Hours | Fees |
|-------|------|----------------------|------|-------|------|
| Partner | Julia Hardinger | 1997 | $290.00 | 1,474.40 | $427,576.00 |
| Associate | Stacey Angerome | 1994 | $149.00 | 89.70 | $13,365.30 |
| Associate | Susan Banks | 2000 | $149.00 | 31.00 | $4,619.00 |
| Associate | William George | 2006 | $149.00 | 17.2 | $2,562.80 |
| Associate | Jed Goldfried | 1997 | $149.00 | 80.00 | $11,920.00 |
| Associate | Laureano Gomez | 2005 | $149.00 | 2,801.15 | $417,371.35 |
| Associate | Erica Noel | 2006 | $149.00 | 1,020.70 | $152,084.30 |
| Associate | Daniel Stromberg | 2007 | $149.00 | 93.90 | $13,991.10 |
| Associate | David Wenninger | 2005 | $149.00 | 1,106.50 | $164,868.50 |
| Paralegal | Frances Lippitt | N/A | $45.00 | 30.50 | $1,372.50 |
| **Total** | | | | **6,745.05** | **$1,209,730.85** |

**Retention and Fee Matters**

| Title | Name | Law School Graduation | Rate | Hours | Fees |
|-------|------|----------------------|------|-------|------|
| Partner | David Tanenholz | 2000 | $290.00 | 5.7 | $1,653.00 |
| **Total** | | | | **5.7** | **$1,653.00** |