**EXHIBIT B**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
: 
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : 08-13555 (JMP)
                                                     :
            Debtors.                                 : (Jointly Administered)
---------------------------------------------------------------x

### ORDER DENYING PLAN ADMINISTRATOR'S TWO HUNDRED NINETY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS) [Docket 27384] <u>AS TO CERTAIN CLAIMS</u>

The Court having considered the two hundred ninety-third omnibus objection to claims, dated April 13, 2012 (the "<u>Two Hundred Ninety-Third Omnibus Objection to Claims</u>") [Docket 27384], of Lehman Brothers Holdings Inc., as Plan Administrator (the "<u>Plan Administrator</u>") for the entities in the above-referenced chapter 11 cases (collectively, "<u>Chapter 11 Estates</u>"), pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "<u>Procedures Order</u>"), seeking disallowance and expungement of the Disputed Claims[1] on the grounds that they assert claims for which the applicable Chapter 11 Estates do not have any liability; and due and proper notice of the Two Hundred Ninety-Third Omnibus Objection to Claims and the Response having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two Hundred Ninety-Third Omnibus Objection to Claims; and (vi) all other parties entitled to notice

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Acumen Fund's Response Two Hundred Ninety-Third Omnibus Objection to Claims (the "<u>Response</u>").

in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [EFC No. 9635] and of the Response to (i) attorneys for Lehman Brothers Holdings Inc. and certain of its affiliates and (ii) the U.S. Trustee; and the Court having considered the Two Hundred Ninety-Third Omnibus Objection to Claims as to the Disputed Claims at a hearing on May 31, 2012 and found and determined that the Two Hundred Ninety-Third Omnibus Objection to Claims as to the Disputed Claims sets forth no basis for the relief requested therein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Ninety-Third Omnibus Objection to Claims is denied to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims asserted in proofs of claim numbers 18706-18720, 18760 and 18762-18764 (the "Disputed Claims") are allowed in the full amount set forth therein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE