UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., et al.,     :    08-13555 (JMP)
                                                                   :
Debtors.                                                        :    (Jointly Administered)
------------------------------------------------------------------x

**MEMORANDUM DECISION DENYING
MOTION OF WILLIAM KUNTZ III FOR RECONSIDERATION OF
DECSISION GRANTING OBJECTIONS TO HIS CLAIMS**

APPEARANCES:

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates*
767 Fifth Avenue
New York, NY 10153

    Robert J. Lemons, Esq.

WILLIAM A. KUNTZ
*Pro Se*
India Street
P.O. Box 1801
Nantucket Island, MA 02554-1801

JAMES M. PECK
United States Bankruptcy Judge

*Introduction*

William Kuntz III ("Mr. Kuntz") has brought a motion (the "Reconsideration Motion") to vacate or modify the Court's Memorandum Decision dated November 10, 2010 granting objections to Mr. Kuntz's Claims 33550, 33551, 33552, 35121 and 35430, ECF No. 12662 (the "Memorandum Decision"). *See In re Lehman Brothers Holdings Inc.*, Case No. 08-13555, 2010

Bankr. LEXIS 4147, at *8 (Bankr. S.D.N.Y. Nov. 10, 2010).  The Reconsideration Motion raises nothing new and is without merit.

Mr. Kuntz continues to press the tired and unsupported theme that Lehman Commercial Paper Inc, ("LCPI" and with its debtor affiliates, the "Debtors") is liable to him because of an allegedly improper diversion to the Debtors of funds that had been deposited in connection with earlier unrelated bankruptcy cases involving the Grand Union supermarket chain.

Reference is made to the Memorandum Decision for a more detailed discussion of the claims made by Mr. Kuntz.  As explained in the Memorandum Decision, while Mr. Kuntz may sincerely believe that there is a connection between the Debtors and earlier events in the Grand Union bankruptcy cases, he has failed to show that he has the capacity to establish that connection with credible evidence.  For reasons stated below, he has also failed to give any reason that would justify relief from the Memorandum Decision.  The Reconsideration Motion merely restates arguments previously rejected by the Court and is denied.

*Background*

On September 15, 2010, Debtors filed a claim objection (the "Kuntz Objection"), with respect to Claim Nos. 33550, 33551, 33552, 35121 and 35430 (collectively, the "Kuntz Claims") filed by Mr. Kuntz against certain of the Debtors.[1]  A hearing on the Kuntz Objection was held on October 27, 2010 (the "Kuntz Objection Hearing").  The Court thereafter issued the Memorandum Decision that granted the Kuntz Objection.

---

[1]  Mr. Kuntz filed a total of eleven unsecured claims in these cases that he asserted were entitled to priority treatment due to either fraud or fraud/conversion.  Six of such claims were the subject of omnibus claims objections by the Debtors and were expunged as amended and superseded claims by previous orders of this Court.  *See* Order Granting Debtors' Fourth Omnibus Objection to Claims (Amended and Superseded Claims), March 25, 2010, ECF No. 7828; Order Granting Debtors' Sixth Omnibus Objection to Claims (Amended and Superseded Claims), May 25, 2010, ECF No. 9234; Order Granting Debtors' Fourteenth Omnibus Objection to Claims (Amended and Superseded Claims), July 1, 2010, ECF No. 9990.  Of Mr. Kuntz's remaining five claims, the Debtors sought by the Kuntz Objection to expunge Claim Nos. 35121 and 35430 as superseded claims (the "Superseded Claims").  Mr. Kuntz did not object to the disallowance of the Superseded Claims.  As such, only three claims remained in dispute: Claim Nos. 33550, 33551, and 33552.

On November 16, 2010, Mr. Kuntz filed a notice of appeal of the Memorandum Decision and a Motion for Stay Pending Appeal. *See* Notice of Appeal, ECF No. 12876; Motion for Stay Pending Appeal, ECF No. 12877. Mr. Kuntz's appeal was docketed in the District Court for the Southern District of New York (the "District Court") on December 23, 2010. *See* Case No. 10-cv-09556, ECF No. 1. On January 24, 2011, a conference was held before District Judge Rakoff, and on that same date the appeal was dismissed on consent by order of the District Court. *See* Case No. 10-cv-09556, ECF Nos. 3 and 4. The Reconsideration Motion was not filed until November 7, 2011. A hearing on the motion took place on April 26, 2012, and Mr. Kuntz, acting *pro se*, presented his reasons for requesting relief from the Memorandum Decision.

### *The 60(b) Standard*

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), made applicable to bankruptcy cases under Federal Rule of Bankruptcy Procedure 9024, lists multiple grounds upon which a court may relieve a party from a final order, including:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud ... , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

3

Fed. R. Civ. P. 60(b).

These grounds "should be liberally construed when substantial justice will ... be served" *In re Enron Corp.*, 352 B.R. 363, 369 (Bankr. S.D.N.Y. 2006) (quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d Cir. 1963)), but courts should not "lightly reopen[]" final judgments under Rule 60(b). *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (citations omitted); *In re Lehman Brothers Holdings Inc.*, 445 B.R. 143, 168 (Bankr. S.D.N.Y. 2011) (citations omitted). Generally, a motion under Rule 60(b) is "not favored and is properly granted only upon a showing of exceptional circumstances." *Enron*, 352 B.R. at 369 (quoting *U.S. v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)); *see also Lehman Bros. Holdings*, 445 B.R. at 168 (citations omitted). Such a motion is "addressed to the sound discretion of the [trial] court with appellate review limited to determining whether that discretion has been abused." Nemaizer, 793 F.2d at 61-62 (citations omitted).

*Discussion*

Mr. Kuntz has failed to establish that he is entitled to relief under any of the operative sections of Rule 60(b). At the Kuntz Objection Hearing and again at the hearing on the Motion for Reconsideration, Mr. Kuntz had an ample opportunity to present his case and to argue for the existence of some logical nexus between the Kuntz Claims and the Debtors but was unable to establish any plausible connection. He also has failed to present any new evidence or arguments that were not previously considered when the Court issued its Memorandum Decision.

Simply put, Mr. Kuntz has not articulated how unsatisfied claims based on his investments in Grand Union possibly could have taken the form of obligations now owed to him by the Debtors. His argument, lacking credible proof and based entirely on conjecture, theorizes that Debtors misappropriated funds that otherwise would have been available to pay his claims

4

against Grand Union. But Mr. Kuntz has not expressed how these unrelated claims based upon his dealings with Grand Union could have morphed into claims against the Debtors. His story is hard to follow and when examined does not hold together.

As discussed in the Memorandum Decision, Mr. Kuntz relied on his own unsubstantiated personal beliefs in asserting claims[2] against LCPI based on occurrences in the Delaware and New Jersey bankruptcy cases of Grand Union Capital Corporation and The Grand Union Company[3]. Mr. Kuntz asserts that the Debtors are responsible for amounts owed by Grand Union and has tried to connect the Grand Union cases and the Debtors' cases by suggesting that LCPI, as a lender to Grand Union, received payments from Grand Union that included proceeds of funds that had been segregated in an escrow account for the benefit of the holders of Grand Union zero coupon notes. Mr. Kuntz alleges that he was a holder of these notes and that funds in which he had an interest ended up being swept and diverted to LCPI during The Grand Union Company's third chapter 11 case.

In the Memorandum Decision, the court stated that Mr. Kuntz has the burden of proof with respect to these remote and convoluted claims:

> The Kuntz Claims themselves are quite obviously devoid of any documentary support and fail to state facts that show how anything that occurred in the Grand Union cases would give Mr. Kuntz a right to payment from LCPI or any other Lehman entity. Because the Kuntz Claims are so lacking in supporting evidence and logical linkage to the Debtors' cases, they are not entitled to any presumption that they are *prima facie* valid, and the burden of proof has shifted to Mr. Kuntz.

---

[2] The term "claim" is defined at Section 101(5)(A) of the Bankruptcy Code as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

[3] The Grand Union Company filed a voluntary chapter 11 petition in the Bankruptcy Court for the District of Delaware on January 25, 1995, Case No. 95-00084 (PJW). An involuntary petition was later filed against Grand Union Capital Corporation in the Bankruptcy Court for the District of Delaware, Case No. 95-00130. Thereafter, The Grand Union Company filed a second voluntary chapter 11 case in the United States Bankruptcy Court for the District of New Jersey on June 24, 1998, Case No. 98-27912 (NLW), and a third voluntary chapter 11 case in the United States Bankruptcy Court for the District of New Jersey on October 3, 2000, Case No. 00-39613.

5

*Lehman Bros. Holdings*, 2010 Bankr. LEXIS 4147, at *8.  At the Kuntz Objection Hearing, Mr. Kuntz acknowledged that, with the exception of possibly being able to produce copies of certain zero coupon notes issued by Grand Union Capital Corporation reflecting an investment in Grand Union debt, he was unable to offer any documents supporting his claims against the Debtors.  Mr. Kuntz has now produced what appear to be copies of the notes as an attachment to the Affidavit of William Kuntz, III in Support of Motion, ECF No. 27529, filed as an annex to the Reconsideration Motion.  However, such notes do nothing to establish that Mr. Kuntz has any viable claims against these Debtors.

Despite the absence of any evidence establishing that Mr. Kuntz has claims against the Debtors, Mr. Kuntz requested the opportunity to call witnesses[4] and to conduct an evidentiary hearing in an effort to establish that LCPI should be found liable to him for its conduct as a lender to Grand Union.  In the Memorandum Decision, the Court considered "whether the Kuntz Claims [were] sufficiently plausible on their face that Mr. Kuntz should be allowed to call witnesses – including Warren Buffet – that he believes will provide helpful testimony." *Lehman Bros. Holdings*, 2010 Bankr. LEXIS 4147, at * 11.  The Court also indicated that it was "satisfied that the witnesses identified by Mr. Kuntz are highly unlikely to have anything to offer that will be relevant to the Kuntz Claims" and that

> [g]iven the implausibility of Mr. Kuntz's theory of liability and the tenuous connection that these witnesses (particularly Mssrs. Gutfreund and Buffet) have to the subject matter of the Kuntz Claims, it would be both wasteful and unduly burdensome to the Court, the Debtors and the witnesses themselves to conduct such an evidentiary hearing.

*Lehman Bros. Holdings*, 2010 Bankr. LEXIS 4147, at *12.

---

[4] Mr. Kuntz filed a notice under Local Rule 9014-2 of his intention to call four witnesses (two bankruptcy lawyers – Jeff Tannenbaum and Paul Basta – who appear to have worked on the Grand Union bankruptcy cases, and John Gutfreund and Warren Buffet in their capacity as former senior officers of Solomon Brothers.

Nothing has occurred subsequently that would lead the Court to reach a different conclusion or that would satisfy the exceptional circumstances required for relief under Rule 60(b). Although Mr. Kuntz does not refer to specific sections of Rule 60(b), that omission is unimportant because the relief sought is not covered by any provision of the governing rule. Mr. Kuntz has not shown 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence, 3) fraud, misrepresentation, or misconduct by an opposing party, 4) that the judgment is void, or 5) that the judgment has been satisfied, released or discharged. *See* Fed. R. Civ. P. 60(b)(1)-(5). These sections of Rule 60(b) have no bearing on the Motion for Reconsideration.

Additionally, Mr. Kuntz has failed to establish any of the "extraordinary circumstances" or "extreme undue hardship" required under Rule 60(b)(6) that might authorize reconsideration under the open-ended language that extends to "any other reason that justifies relief." *See Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 227 (S.D.N.Y. 2005) (citations omitted); *Nemaizer*, 793 F.2d at 63 (citations omitted). Mr. Kuntz may truly believe that he has a claim against the Debtors, but he has not demonstrated that anything in the Memorandum Decision was decided incorrectly or that relief is justified for any other reason. His subjective belief that he has a claim against Debtors in relation to Grand Union does not mean that such a claim actually exists or is provable. In this instance, being doggedly persistent is not enough to prevail.

The Memorandum Decision states that "there is no provable nexus between Mr. Kuntz's investments in Grand Union and the Kuntz Claims against the Debtors" and that "[t]he Kuntz Claims are founded on pure speculation, and such speculation, without more, does not constitute sufficient cause to defeat the Kuntz Objection." *Lehman Bros. Holdings*, 2010 Bankr. LEXIS

7

4147, at *13. That assessment of the Kuntz Claims remains just as sound now as it did when the Memorandum Decision was issued in 2010. Mr. Kuntz has not shown and, in practical terms is incapable of showing, any facts consistent with his contention that Debtors are somehow liable to him for claims arising out of the Grand Union bankruptcy. Claims against Grand Union have nothing to do with these bankruptcy cases, and unsubstantiated arguments regarding possible connections do not provide the necessary linkage.

### *Conclusion*

The Memorandum Decision analyzed the Kuntz Claims and found that these claims were groundless. As a *pro se* litigant, Mr. Kuntz has been attempting for years to impose liability on the Debtors in relation to the earlier Grand Union bankruptcy cases, but his ongoing efforts are based on no more than speculation. As noted in the Memorandum Decision, "[t]o permit the hearing proposed by Mr. Kuntz in the context of these cases would be unnecessary, unreasonable and, in the Court's view, vexatious." *Lehman Bros. Holdings*, 2010 Bankr. LEXIS 4147, at *17.

Nothing presented by Mr. Kuntz in the Reconsideration Motion is sufficient to change that conclusion. Mr. Kuntz has recycled his arguments from the Kuntz Objection Hearing without offering anything new or showing any entitlement to relief under the Rule 60(b) standards. Accordingly, the Reconsideration Motion is denied, and Debtors are directed to submit a form of order consistent with this decision.

IT IS SO ORDERED:

Dated: New York, New York
    May 29, 2012                          *s/ James M. Peck*
                                                  Honorable James M. Peck
                                                  United States Bankruptcy Judge