Hearing Date and Time:  June 28, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  June 15, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
: 
In re                                                             :     Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :     08-13555 (JMP)
                                                                  :
                    Debtors.                                :     (Jointly Administered)
                                                                  :
-----------------------------------------------------------------x

## NOTICE OF MOTION PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN LEHMAN BROTHERS HOLDINGS INC. AND SUMITOMO MITSUI BANKING CORPORATION

PLEASE TAKE NOTICE that a hearing on the annexed Motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for approval of a settlement agreement with Sumitomo Mitsui Banking Corporation ("SMBC"), all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **June 28, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that any responses to the Motion must be in writing, shall conform to the Bankruptcy Rules and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a CD-ROM or 3.5 inch disk, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and served in accordance with General Order M-399 and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Mark Bernstein, Esq.); (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); (iv) attorneys for SMBC, Mayer Brown LLP, 1675 Broadway, New York, New York 10019 (Attn: Frederick Hyman, Esq.); (v) all parties who have requested notice in these chapter 11 cases; and (vi) all parties with a particularized interest in the Motion, so as to be so filed and received by no later than **June 15, 2012 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: May 29, 2012
      New York, New York

                                                /s/ Jacqueline Marcus
                                                Jacqueline Marcus

                                                WEIL, GOTSHAL & MANGES LLP
                                                767 Fifth Avenue
                                                New York, New York 10153
                                                Telephone: (212) 310-8000
                                                Facsimile: (212) 310-8007

                                                Attorneys for Lehman Brothers Holdings Inc.
                                                and Certain of Its Affiliates

Hearing Date and Time:  June 28, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  June 15, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re                                                           :    **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :    **08-13555 (JMP)**
                                                                :
    Debtors.                                             :    **(Jointly Administered)**
                                                                :
------------------------------------------------------------------x

**MOTION PURSUANT TO RULE 9019**
**OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**FOR APPROVAL OF SETTLEMENT AGREEMENT BETWEEN LEHMAN**
**BROTHERS HOLDINGS INC. AND SUMITOMO MITSUI BANKING CORPORATION**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), files this motion (the "Motion") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a settlement agreement between LBHI and Sumitomo Mitsui Banking Corporation ("SMBC" and, together with LBHI, the "Parties"), and respectfully represents:

**Preliminary Statement**

1. SMBC is the holder of a claim against LBHI based on LBHI's guarantee of certain obligations of its subsidiary. The Plan Administrator recognizes the underlying

US_ACTIVE:\43989429\03\58399.0008

guarantee obligation as a valid and enforceable liability; however, it disputes certain elements of the claim, including, the applicable exchange rate and the calculation of interest.

2. In order to avoid the expense and uncertainty attendant to litigating this dispute, the Parties have agreed to resolve their differences in accordance with the terms set forth in that certain Settlement Agreement, dated May 24, 2012 (the "Settlement Agreement"), a copy of which is attached hereto as Exhibit A. In effect, the Settlement Agreement provides that SMBC and its successors and assigns shall have a reduced and allowed unsecured guarantee claim, in an amount (i) that uses the exchange rate as set forth in the Disclosure Statement related to the Plan (the "Disclosure Statement") and (ii) that does not include a claim for postpetition interest. The Settlement Agreement also contains terms protecting LBHI in the event that SMBC or its successors and assigns receive full payment of its claims from its primary obligors and/or LBHI.

3. The Plan Administrator believes that the compromise embodied in the Settlement Agreement is a reasonable resolution of the dispute between the Parties because it resolves LBHI's dispute with respect to the claim, while enabling SMBC and its successors and assigns to collect only those amounts to which it is entitled.

**Background**

4. Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases (together, the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012.

### Jurisdiction

6. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Relief Requested

7. The Plan Administrator seeks approval of the Settlement Agreement pursuant to Bankruptcy Rule 9019. The Plan Administrator has determined, in the exercise of its sound business judgment, that the Settlement Agreement is in the best interests of LBHI, its estate and its creditors and should be approved.

### The Claim

8. SMBC, as lender, arranger and agent, and Lehman Brothers Holdings Japan Inc. ("LB Japan"), as borrower, entered into a syndicated loan agreement, on or about November 27, 2007, pursuant to which SMBC provided LB Japan with a credit facility in the aggregate principal amount of JPY 19 billion (the "Loan Agreement"). On or about November 27, 2007, LBHI issued a guarantee in favor of SMBC guaranteeing sums due and payable by LB Japan under the Loan Agreement (the "SMBC Guarantee").

9. On September 21, 2009, SMBC filed a proof of claim, which was assigned claim number 26229 by the court-approved claims and noticing agent (the "Claims Agent"), asserting a claim against LBHI based upon the SMBC Guarantee. On November 16, 2009, SMBC filed a proof of claim, which was assigned claim number 65573 by the Claims Agent, amending claim number 26229 and asserting an unsecured claim in the amount of $92,087,080.56 against LBHI based upon the SMBC Guarantee (such claim, "Claim 65573").

Claim number 26299 was disallowed and expunged pursuant to an order dated July 13, 2010 granting the Debtors' Tenth Omnibus Objection to Claims (Amended and Superseded Claims), ECF No. 10165.

### The Dispute and the Settlement Agreement[1]

10.      Claim 65573 was calculated by SMBC using exchange rates, interest rates, and accrued interest amounts that LBHI disputed. Following negotiations, the Parties agreed to use the exchange rate set forth in the Disclosure Statement, agreed on interest rates, and agreed on the calculation of accrued prepetition interest. As a result, pursuant to the Settlement Agreement, Claim 65573 was reduced by $1,605,958.56, resulting in an allowed unsecured guarantee claim in LBHI Class 5 of the Plan in the amount of $90,481,122 (the "Allowed Claim").

11.      Pursuant to the Settlement Agreement, SMBC agreed to be jointly and severally liable with any subsequent holders of the Allowed Claim to LBHI for the disgorgement of any distributions or other consideration, including, without limitation, by way of set-off, received on account of the Allowed Claim to the extent that such distributions or other consideration combined with distributions or other consideration made or paid by, or on behalf of, LBHJ to SMBC or any such subsequent holder on account of any corresponding claim against LBHJ in the aggregate exceed the amount of the Allowed Claim.

---

[1] The terms described below are provided as a summary of the terms of the Settlement Agreement. In the case of an inconsistency between the terms set forth in this summary and the terms of the Settlement Agreement, the terms of the Settlement Agreement shall control.

**The Settlement Agreement Meets the Legal Standard Established Under
Bankruptcy Rule 9019 and Is in the Best Interests of the LBHI and Its Estate**

12. Bankruptcy Rule 9019(a) provides that, "[o]n motion by the [debtor-in-possession] and after notice and a hearing, the court may approve a compromise or settlement." Fed R. Bankr. P. 9019(a). This rule empowers bankruptcy courts to approve compromises "if they are in the best interest of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). Indeed, courts have long considered compromises to be "a normal part of the process of reorganization." *TMT Trailer Ferry*, 390 U.S. at 424 (quoting *Case v. Los Angeles Lumber Prods. Co.*, 308 U.S. 106, 130 (1939)).

13. The decision to approve a particular compromise lies within the sound discretion of the bankruptcy court. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). The settlement need not result in the best possible outcome for the debtor, but must not fall beneath the lowest point in the range of reasonableness. *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997). Additionally, a court may exercise its discretion "in light of the general public policy favoring settlements." *In re Hibbard Brown & Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998). However, the analysis must focus on the question of whether a particular compromise is "fair and equitable, and in the best interest of the estate." *In re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

14. While a court must "evaluate . . . all . . . factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact. . . . The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

15. The court may give weight to the "informed judgments of the . . . debtor-in-possession and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that I substitute my judgment for the Trustee's, but only that I test his choice for reasonableness. . . . If the Trustee chooses one of two reasonable choices, I must approve that choice, even if, all things being equal, I would have selected the other.").

16. The compromise set forth in the Settlement Agreement is fair and equitable, in the best interests of LBHI's estate and its creditors, and an appropriate exercise of the Plan Administrator's sound business judgment. The Settlement Agreement provides that Claim 65573 should be reduced to reflect that (i) the exchange rate established in the Disclosure Statement shall be used to convert the claim from Japanese yen to US dollars and (ii) SMBC is not entitled to postpetition interest.

17. For the reasons stated above, and in the Plan Administrator's informed business judgment, the compromises set forth in the Settlement Agreement are a "fair and equitable" resolution of the issues described herein, are well within the "range of reasonableness," and are in the best interests of LBHI's estate and its creditors. Accordingly, the Plan Administrator requests that the Settlement Agreement be approved.

### Notice

18. No trustee has been appointed in the Chapter 11 Cases. The Plan Administrator has served notice of this Motion in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for SMBC; and (vi) all parties who have requested notice in the Chapter 11 Cases. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Plan Administrator or LBHI to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: May 29, 2012
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

# Exhibit A

**(The Settlement Agreement)**

US_ACTIVE:\43989429\03\58399.0008

# SETTLEMENT AGREEMENT RESOLVING
# CLAIM OF SUMITOMO MITSUI BANKING CORPORATION

This settlement agreement (the "Settlement Agreement") is entered into as of May 24, 2012 by and among Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), on the one hand, and Sumitomo Mitsui Banking Corporation (the "Claimant"), on the other hand (collectively, the "Parties").

## RECITALS:

A.  Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP).  The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B.  By order, dated July 2, 2009 [Docket No. 4271] (the "Bar Date Order"), the Court established:  (i) September 22, 2009 as the deadline to file proofs of claim (each a "Proof of Claim") in these cases (the "General Bar Date"); (ii) October 22, 2009 as the deadline for the filing of questionnaires with respect to any Derivative Contract and Guarantee (each as defined in the Bar Date Order) claims (together, the "Derivative and Guarantee Questionnaires"); and (iii) November 2, 2009 as the deadline to file Proofs of Claim with respect to any Lehman Program Securities (as defined in the Bar Date Order).

C.  Claimant, as lender, arranger and agent, and Lehman Brothers Holdings Japan Inc. ("LB Japan"), as borrower, entered into a syndicated loan agreement, on or about November 27, 2007, pursuant to which Claimant provided LB Japan with a credit facility in the aggregate principal amount of JPY 19.1 billion (the "Loan Agreement").  On or about November 27, 2007, LBHI issued a guarantee in favor of Claimant guaranteeing sums due and payable by LB Japan under the Loan Agreement (the "Sumitomo Guarantee").

D.  On September 21, 2009, Claimant filed a Proof of Claim, which was assigned claim number 26229 by the court-approved claims and noticing agent (the "Claims Agent"), asserting a claim against LBHI in an amount not less than $92,087,080.56 based upon the Sumitomo Guarantee.  On November 16, 2009, Claimant filed a Proof of Claim, which was assigned claim number 65573 by the Claims Agent, amending claim number 26229 and asserting an unsecured claim in the amount of $92,087,080.56 against LBHI based upon the Sumitomo Guarantee (such claim, "Claim 65573").  Claim number 26299 was disallowed and expunged pursuant to an order dated July 13, 2010 granting the Debtors' Tenth Omnibus Objection to Claims (Amended and Superseded Claims) [Docket No. 10165].

E.  LBHI has informally challenged the amount of Claim 65573.

F.  After good-faith, arms'-length negotiations, the Parties have agreed to resolve Claim 65573 pursuant to the terms and conditions set forth in this Settlement Agreement.

**AGREEMENT:**

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1. The Recitals set forth above form an integral part of this Settlement Agreement and are incorporated fully herein.

2. This Settlement Agreement shall become effective once it has been executed by all Parties and approved by final order of the Court (the "Effective Date").

3. Upon the Effective Date, Claim 65573 shall be reduced and allowed as an unsecured guarantee claim against LBHI in the amount of $90,481,122 (the "Allowed Claim") and included in LBHI Class 5 of the Plan. Claimant authorizes LBHI to provide a copy of this Settlement Agreement to the Claims Agent to update the claims registry accordingly.

4. Other than the right to receive payments or distributions on account of the Allowed Claim, the Claimant and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys (collectively, the "Claimant Parties"), shall have no further right to payment from LBHI, the affiliates controlled by LBHI, or their respective successors or assigns (collectively, the "Released Parties") on account of Claim 65573 or the Sumitomo Guarantee.

5. Claimant (i) acknowledges that pursuant to sections 8.13 and 8.14 of the Plan,[1] the Plan Administrator may require Claimant to provide certain certifications and undertakings as a prerequisite to receiving Distributions on the Allowed Claim, and (ii) agrees to be liable, jointly and severally with any subsequent holders of the Allowed Claim, to LBHI for the disgorgement of any Distributions received on account of the Allowed Claim (excluding Distributions contributed to the Plan Adjustment on account of the Allowed Claim), or any set-off effectuated with respect to the Allowed Claim, to the extent that such Distributions or any set-off combined with distributions or other consideration, including, without limitation, by way of set-off, provided with respect to any corresponding claim against LB Japan on account of the Loan Agreement in the aggregate exceed the amount of the Allowed Claim.

6. This Settlement Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

7. This Settlement Agreement may not be modified other than by signed writing executed by the Parties hereto.

8. As of the date hereof, Claimant represents and warrants that it is the legal and beneficial owner of Claim 65573 asserted in the amount of $92,087,080.56 and has authority

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed thereto in the Plan.

to enter into this Settlement Agreement.

9. Each person who executes this Settlement Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge and has consented to this Settlement Agreement.

10. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Settlement Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

11. This Settlement Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

12. All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 4. Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

13. This Settlement Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the State of New York, without regard to conflicts of law principles thereof.

14. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

| LEHMAN BROTHERS HOLDINGS INC. | SUMITOMO MITSUI BANKING CORPORATION |
|---|---|
| By: _____ | By: _____ |
| Print Name: | Print Name: David A. Buck |
| Title: | Title: Executive Director |

14. The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Settlement Agreement. Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Settlement Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS SETTLEMENT AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE SETTLEMENT AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS SETTLEMENT AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.

By: _____
Print Name: Daniel Ehrmann
Title: Senior Vice President

SUMITOMO MITSUI BANKING CORPORATION

By: _____
Print Name:_____
Title:_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
            Debtors.                               :    (Jointly Administered)
                                                   :
------------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF SETTLEMENT AGREEMENT WITH SUMITOMO MITSUI BANKING CORPORATION

Upon the motion, dated May 29, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of that certain Settlement Agreement, dated May 24, 2012 (the "Settlement Agreement"), a copy of which is attached to the Motion as Exhibit A, all as more fully described in the Motion;[1] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for SMBC; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI's estate, its creditors, and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that LBHI is duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
      New York, New York

 

_____
UNITED STATES BANKRUPTCY JUDGE