12 CV 03662

JENEA L. WILLIAMS-PATE
1020 LONGPOINTE PASS
ALPHARETTA, GA 30005

1

2

3              UNITED STATE DISTRICT COURT
               SOUTHERN DISTRICT OF NEW YORK
4

5                                    )   Case No.: _____
6    In re                           )
                                     )
7    LEHMAN BROTHERS HOLDINGS INC    )   CASE NO. 12-01220 jmp_____
                                     )
8         DEBTOR                     )
                                     )
9    _____  )   ADVERSARY PROCEEDING
                                     )
10   JENEA L. WILLIAMS-PATE          )       ADV. NO: 0813555-JMP
                                     )
11   1020 LONGPOINTE PASS            )
                                     )
12   ALPHARETTA, GA 30005,           )
                                     )
13          Plaintiff,               )
                                     )
14          vs.                      )
                                     )
15   LEHMAN BROTHERS HOLDINGS INC,   )
                                     )
16   745 SEVENTH AVENUE              )
                                     )
17   NEW YORK, NY 10019              )
                                     )
18   TAX ID/EIN: 12-3216325          )
                                     )
19   AND                            )
                                     )
20   AURORA BANK FSB                 )
                                     )
21   AND                            )
                                     )
22   MCCURDY & CANDLER, LLC          )
                                     )
23   SIX PIEDMONT CENTER, SUITE 700  )
                                     )
24   3525 PIEDMONT ROAD, NE          )
                                     )
25   ATLANTA, GA 30305               )
                                     )
26          Defendant                )

27

28                          **NOTICE OF REMOVAL**

**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED**

**CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF – 1**

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
Case 1:12-cv-03862-UA   Document 2   Filed 05/08/12   Page 2 of 39
removal   Pg 2 of 39

Pursuant to 28 U.S.C. 1452(A) AND 1334(B), Rule 9027 of the Federal Rule of Bankruptcy Procedure, Rule 101(e) of the Local Civil Rules of the U.S. District Court for the Southern District of New York (the "District Court"), and Local Bankruptcy Rule 9027-1 of the U.S. Bankruptcy Court for the U.S. District of New York (the "Bankruptcy Court"), and without waiving any and all applicable defenses at law and in equity to the claim asserted in the Forsyth County Georgia State Action (as defined below), defendant Jenea Williams Pate hereby gives notice that she has removed the Forsyth County, Georgia Magistrate Court Action from the Forsyth County, Georgia Magistrate Court to the District Court, and, by reference and local rules, From the District Court to the Bankruptcy Court.  This notice is supported the Declaration of Jenea Williams Pate and exhibits attached thereto.  In support thereof, Defendant states as follows:

1.   Debtor Lehman Brothers Holdings Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008, ("the Bankruptcy Case") in the Southern District of New York.  Chapter 11 Case No. 12-01220-jmp

2.   Debtor is the alleged Note holder of Plaintiff's Note, arising from the sale of assets pursuant to that certain Purchase and Assumption Agreement.

3.   On April 02, 2012, Plaintiff filed an adversary proceeding (the "Adversary Proceeding")

WHEREFORE Plaintiff removes the action in its entirety now pending in the Magistrate Court Forsyth County Case No. 12MGC0901, to the District Court and, by reference and local rules, form the District Court to the Bankruptcy Court.

Dated this 29th, April 2012

JENEA L. WILLIAMS-PATE

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED

CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF – 2

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
Case 1:12-cv-03862-UA   Document 2   Filed 05/08/12   Page 3 of 39
removal    Pg 3 of 39

## CERTIFICATION SERVICE

I hereby certify and affirm under the penalties of perjury that I sent a copy of the foregoing pleading and a proposed Order to the following, via first class mail, postage prepaid, on this 29th day of April, 2012:

1. LEHMAN BROTHERS HOLDINGS INC,

   745 SEVENTH AVENUE

   NEW YORK, NY 10019

   TAX ID/EIN: 12-3216325


2. AURORA BANK FSB


3. MCCURDY & CANDLER, LLC

   SIX PIEDMONT CENTER, SUITE 700

   3525 PIEDMONT ROAD, NE

   ATLANTA, GA 30305

Dated this 02, April,  2012

JENEA L. WILLIAMS-PATE

# United States Bankruptcy Court
## Southern District of New York

In re

LEHMAN BROTHERS HOLDINGS INC

Bankruptcy
Case No. 12-01220-

Debtor(s)

LEHMAN BROTHERS HOLDINGS INC
745 SEVENTH AVENUE
NEW YORK, NY 10019

Plaintiff(s)

JENEA L. WILLIAMS-PATE
1020 LONGPOINTE PASS
ALPHARETTA, GA 30005

Adversary
Proceeding No. 0813555-JMP

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this
summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except
that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35
days, to:

> **United States Bankruptcy Court, Southern District of New York**
> **One Bowling Green**
> **New York, New York 10004-1408**

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of Plaintiff's Attorney: |
| --- |
| N/A |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 | Room: |
| --- | --- |
| | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

/s/ _____

*Clerk of the Bankruptcy Court*

_____                By:    /s/ _____

*Date*                                                          *Deputy Clerk*

Page 2 of 4

## CERTIFICATE OF SERVICE

I, <u>JENEA L. WILLIAMS-PATE</u>, certify that I am, and at all times during the service
              (name)
of process was, not less than 18 years of age and not a party to the matter concerning which service of process
was made. I further certify that the service of this summons and a copy of the complaint was made
<u>         4/29/2012        </u> by:
           (date)

[✓] Mail service: Regular, first class United States mail, postage fully prepaid, addressed to:

[ ] Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

[ ] Residence Service: By leaving the process with the following adult at:

[ ] Publication: The defendant was served as follows: [Describe briefly]

[ ] State Law: The defendant was served pursuant to the laws of the State of _____
as follows: [Describe briefly]                         (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____           /s/_____
         Date                                      Signature

| Print Name | | |
| JENEA L. WILLIAMS-PATE | | |
| Business Address | | |
| 1020 LONGPOINTE PASS | | |
| City | State | Zip |
| ALPHARETTA | GA | 30005 |

JENEA L. WILLIAMS-PATE
1020 LONGPOINTE PASS
ALPHARETTA, GA 30005

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re ) | Case No.: _12-01220-jmp_____ |
| ) | |
| LEHMAN BROTHERS HOLDINGS INC ) | ADVERSARY PROCEEDING |
| DEBTOR ) | ADV. NO: 0813555-JMP |
| _____ ) | |
| JENEA L. WILLIAMS-PATE ) | |
| 1020 LONGPOINTE PASS ) | |
| ALPHARETTA, GA 30005, ) | |
| Plaintiff, ) | |
| vs. ) | |
| LEHMAN BROTHERS HOLDINGS INC, ) | |
| 745 SEVENTH AVENUE ) | |
| NEW YORK, NY 10019 ) | |
| TAX ID/EIN: 12-3216325 ) | |
| AND ) | |
| AURORA BANK FSB ) | |
| AND ) | |
| MCCURDY & CANDLER, LLC ) | |
| SIX PIEDMONT CENTER, SUITE 700 ) | |
| 3525 PIEDMONT ROAD, NE ) | |
| ATLANTA, GA 30305 ) | |
| Defendant ) | |

FILED
U.S. DISTRICT COURT
'12 MAY -8 A 12: 08
S.D. OF N.Y.

**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED**

**CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF – 1**

Case 1:12-cv-03862-UA   Document 2   Filed 05/16/12   Page 8 of 39

**COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN
AND TO DISALLOW/EXPUNGE SECURED CLAIM AS PROOF OF CLAIM, TILA
VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF**

COMES NOW Plaintiff Jenea L. Williams-Pate, pro se herein, ("Plaintiff"), and respectfully
alleges the following:

1.   This adversary proceeding is brought pursuant to 11 U.S.C. 506 and Federal Rule of
     Bankruptcy Procedure 7001.

2.   This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. 151, 157
     and 1334(b).  Venue is proper pursuant to 28 U.S.C. 1409.

3.   This Adversary Proceeding is a core proceeding as defined at 28 U.S.C. 157(b) 2(b) and
     (b)(2)(K) in that it is an action to determine the nature, extent and validity of a lien on
     property evidenced by a Deed/Assignment of trust, and the allowance of disallowance of
     a claim.  This is a core proceeding pursuant to 28 U.S.C. 157(b), and jurisdiction exists
     pursuant to 11 U.S.C. 502(a) and (b)(1), 11 U.S.C 544(a)(3) and(b)(1), 28 U.S.C. 1334,
     28 U.S.C. 2201 for declaratory relief and 28 U.S.C. 1367 for pendent state claims.

4.   Plaintiff is informed and believes and therefore alleges that her loan was Securitized
     under the Mortgage Pass-Through Certificates Series 2007-1.

5.   Defendant U.S. Bank National Association, described as the Trustee of the Trust under
     the PSA, is a national banking association with its corporate trust office located at One
     Federal Street, Boston, MA 02110.

6.   There is no endorsement to U.S. Bank as Trustee on said copy of attached Note;

7.   There are no recorded intervening assignments to prove such ownership of the security
     instruments or beneficial interest in Plaintiff.

8.   Aurora Bank FSB and Lehman Brothers Holding blatantly committed fraud upon this
     court in filing its Proof of Claim as servicing agent to U.S. Bank without any shred of
     proof that Aurora Bank FSB is authorized to do so.

Case 1:12-cv-03682-UA   Document 2   Filed 05/08/12   Page 9 of 39

9.  The Chapter 11 Trustee has filed an abandonment of all claims by the bankruptcy estate, and there have been no timely objections.  Debtor has elected to pursue this adversary proceeding.

PARTIES

10. Plaintiff is an individual, and her alleged Mortgage Note is an asset within captioned Bankruptcy case. Plaintiff is the Owner of the Property at 1020 Longpointe Pass Alpharetta, GA 30005.

11. Debtor Lehman Brothers Holdings Inc filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on September 15, 2008, ("The Bankruptcy Case") in the Southern District of New York.

12. The Defendants herein named as "all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to Plaintiff's title thereto" (hereinafter referred to as "the unknown defendants') are unknown to Plaintiff.  These unknown Defendants, and each of them, claim some right, title, estate, lien, or interest in the hereinafter-described property adverse to Plaintiffs' title; to that property at 1020 longpointe Pass Alpharetta, Georgia 30005.

13. Plaintiff is ignorant of the true names and capacities of "Defendants" sued herein as "DOES" 1 through 32, and therefore sue these "Defendants" by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained.  Plaintiff are informed and believe and thereon allege that each of these fictitiously named defendants claim some right, title, estate, lien, or interest in the hereinafter described property adverse to Plaintiffs' title and their claims, and each of them, constitute a cloud on Plaintiffs' title to that property.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. Aurora Bank FSB represents itself and holds itself out as the "Creditor", and holder of Plaintiff's Note.

15. LEHMAN Brothers Holding, Inc., represents itself and holds itself out as the "Creditor", and holder of Plaintiff's Note.

16. Plaintiff is informed and believes and therefore alleged that Aurora Bank FSB represented to Plaintiff that they were the "Originator of the Subject mortgage" by an unknown mechanism transferred unknown interest to LEHMAN BROTHERS HOLDING INC.

17. Lehman Brothers Holding Inc and Aurora Bank FSB caused to be filed false "Assignments of Deed of Trusts" or Wild Deed Instruments" with the Fulton County Recorder, Georgia, as part of its continuing fraud upon the Court, clouding Plaintiff title and ownership interest in the subject property.

18. Defendant Lehman Brothers holding Inc., and Aurora Bank FSB fraudulent claims are facilitated by using these "Wild Deed Instruments". A "Wild Deed" is a recorded deed that is not in the CHAIN OF TITLE because a previous instrument connected to the chain of title was not recorded. A "Wild Deed" will not provide constructive notice to later purchasers of the property; because subsequent bona fide purchasers cannot reasonable expect to locate the "Deed" while investigating the chain of title to the property. These instruments are unsecured and as such no security attaches to these "Wild Deed Instruments."

## THE STYLED "PROMISSORY NOTE AND DEED OF TRUST"

19. Plaintiff signed a document styled as a "First Note" (hereinafter referred to as NOTE") on the subject property.

20. Upon information and belief, the Assignment of the Deed of Trust was created and recorded for the sole purpose of enriching Defendants at the cost and detriment of the Plaintiff.

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
Case 1:12-cv-03662-UA   Document 2   Filed 05/08/12   Page 11 of 39
removal   Pg 11 of 39

21. Plaintiff is informed and believes and therefore alleges that Aurora Bank FSB, falsely
represented that they were funding the "NOTE".

22. The "origination Funds" for the "NOTE" came from another undisclosed source. The
indebtedness to this "NOTE" remains uncertain. Plaintiff has not seen the original styled
"NOTE" since signing and its whereabouts or existence is undisclosed.

23. A Georgia State Foreclosure action was initiated by Aurora Bank FSB and McCurdy &
Candler, LLC.

24. Aurora Bank FSB, the foreclosing entity, is a third party entity. The entity and Lehman
Brothers lacks standing and the capacity to foreclose. The entity has no first hand
knowledge of the loan, no authority to testify or file affidavits as to the validity of the
loan documents or the existence of the loan. The entity has no legal authority to draft
mortgage assignments relating to the loan. This foreclosing entity and its agents
regularly commit perjury in relation to their testimony.

25. The "True Beneficiary" of the mortgage loan has not declared a default (it has been paid
fully as required by the Pooling and servicing Agreement) and does not have an interest
in the actual "Mortgage note", all the cash flows from the mortgages are paid on time.
AURORA BANK FSB nor LEHMAN BROTHERS HOLDING INC Investor does not
OWN THE NOTES".

26. Here, the 'NOTE' and the "Security Interests" were severed or bifurcated when the
"Deed of Trust" was fraudulently assigned to Aurora Bank FSB and Lehman Brothers
Holding.

### FIRST CLAIM FOR RELIEF

#### (Declaratory Relief to Determine an Interest in Property)

#### F.R.B.P 7001(2) AND 7001(9))

#### {EXPUNGE PROOF OF CLAIM FILED BY AURORA BANK FSB AND

#### LEHMAN BROTHERS HOLDINGS}

27. Plaintiff re-alleges and incorporates the allegations contained in the preceding
paragraphs as though set forth at length herein.

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED

CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF – 5

08-13555-smg 1:Doc 28256-3 Filed 05/31/12 Entered 05/31/12 13:45:23 notice of
Case 1:12-cv-03662-UA Document 1 Filed 05/08/12 Page 12 of 39
removal Pg 12 of 39

28. Plaintiff alleges that she holds an interest in the Property free and clear and any interest of Defendants, in that the lien evidenced by the "Deed of Trust" and its subsequent assignments has no value since it is wholly unsecured, and that accordingly the Deed of Trust is NULL AND VOID.

29. An actual controversy exists between Plaintiff and Defendant with regard to the validity, nature and extent of their interest in the Subject Property.

30. It is very necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants interest in the Property.

31. Plaintiff is informed and believes that Defendants allege that the Deed of Trust cannot be determined to be null and void because it is secured by the Property which is Plaintiff's principal residence and is not wholly unsecured.

32. Plaintiff is informed and believes and thereon alleges that Defendants dispute the contentions Plaintiff alleges herein.

33. An actual controversy exists between Plaintiff and Defendants with regard to the validity, nature and extent of their interests in the Property.

34. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property.

WHEREFORE, Plaintiff prays for judgment against Defendant Aurora Bank FSB and Lehman Brothers Holding Inc as follows:

1. That the Court determine the nature and extent and validity of Defendant's interest in the real property located at 1020 Longpointe Pass Alpharetta, GA 30005;

2. That the Court determine that the amount of the lien secured by the Deed of Trust described herein is zero;

3. That the Court determine that the claim owed to Lehman Brothers Holding Inc., by Plaintiffs is wholly unsecured;

4. That the Court determine that the Deed of Trust is NULL and VOID;

5. That Defendant Lehman Brothers is not the Owner of Plaintiff's property because defendant filed for Chapter 11 Bankruptcy Protection and has not been discharged from the Court.

## SECOND CLAIM FOR RELIEF

## [DECLARATORY RELIEF TO DETERMINE STATUS OF LEHMAN BROTHER AND AURORA LOAN SERVICES'S CLAIM

## 11 U.S.C. 506 AND F.R.B.P 7001]

35. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

36. Plaintiff alleges that the lien as evidenced by the Deed of Trust has no value since it is wholly unsecured; that Aurora Loan Services and Lehman Brothers Holding's claim is not allowable as a secured claim, and that accordingly, the Deed of Trust and its subsequent assignments is null and void.

37. Plaintiff is informed and believes and thereon alleges that U.S. Bank disputes the contention alleges herein.

38. An actual controversy exists between Plaintiff and Lehman Brothers Bank, FSB with regard to the status of its claim as secured or unsecured.

39. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to whether Lehman Brother and Aurora Bank FSB claim against Plaintiff shall be allowable as secured or unsecured.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

40. That the Court determine the nature and extent and validity of Defendants' interest in the subject property;

41. That the Court determine that the amount of the lien secured by the Deed of Trust is zero;

42. That the Court determine that the claim owed to Aurora Bank and Lehman Brother's by Plaintiff is wholly unsecured;

43. That the Court determine that the Deed of Trust is null and void;

44. For costs of suit incurred herein; and

45. For such other and further relief as the court deems just and proper.

THIRD CLAIM FOR RELIEF

[AS TO ALL DEFENDANTS AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE THERETO AND DOES 1-45]

[LIBEL]

46. Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

47. The conduct of Defendants constitutes libel that tends to defame, disparage, and injure Plaintiff in her business and reputation and has also caused pain and suffering.

48. Such libel has occurred on a continuing basis form approximately 2010 through the present.

49. As a result of Defendants' acts and omissions, Plaintiff has been injured in an amount yet to be determined.

50. The conduct of these Defendants as alleges herein was willful, fraudulent, malicious, and oppressive. As a result, Plaintiff requests an award of punitive damages.

FOURTH CLAIM FOR RELIEF

[AS TO LEHMAN BROTHERS HOLDING, AURORA BANK, US BANK NATIONAL ASSOCIATION AND ALL PERSONS CLAIMING BY, THROUGH, OR UNDER SUCH PERSON, ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN , OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFFS' TITLE THERETO AND DOES 1-50]

[QUIET TITLE]

51.  Plaintiff re-alleges and incorporates the allegations contained in preceding paragraphs, inclusive, as though set forth at length herein.

52. Plaintiff is the owner of the subject property now held by the Plaintiff's estate.

53. The basis of Plaintiff's title is a deed granting the above-described property in fee simple to Plaintiff.

54. Plaintiff is informed and believes and on such information and belief alleges that Defendant McCurdy & Candler, LLC, Aurora Bank FSB, Lehman Brother's Holding, US Bank National Association and all persons claiming, by , through, or under such person, all persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the Complaint adverse to Plaintiff's title thereto, claim an interest adverse to Plaintiff in the above-described property as adverse interest the holder of a deed of trust against the subject property.  Some of the Defendants including Lehman Brothers Holding, Aurora Bank, US Bank National Association and unknown defendants, specifically those additionally designated as DOES 1-51, inclusive claim interests in the property adverse to Plaintiff as assignees and successors of Defendants.

WHEREFORE, Plaintiff is seeking to quiet title as of a date to be determined; for fees and costs of suit and incurred herein; and, for such other and further relief as the court deems just and proper.

Dated this 02, April 2012

JENEA L. WILLIAMS-PATE

CERTIFICATION SERVICE

I hereby certify and affirm under the penalties of perjury that I sent a copy of the foregoing
pleading and a proposed Order to the following, via first class mail, postage prepaid, on this 2nd
day of April, 2012:

1.  LEHMAN BROTHERS HOLDINGS INC,

    745 SEVENTH AVENUE

    NEW YORK, NY 10019

    TAX ID/EIN: 12-3216325

2.  AURORA BANK FSB

3.  MCCURDY & CANDLER, LLC

    SIX PIEDMONT CENTER, SUITE 700

    3525 PIEDMONT ROAD, NE

    ATLANTA, GA 30305

Dated this 02, April,  2012

JENEA L. WILLIAMS-PATE

COMPLAINT TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN AND TO DISALLOW/EXPUNGE SECURED

CLAIM AS PROOF OF CLAIM, TILA VIOLATION, FRAUD, LIBEL, QUIET TITLE AND INJUNCTIVE RELIEF –  10

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
removal    Pg 17 of 39
Case 1:12-cv-03862-UA   Document 2   Filed 05/08/12   Page 17 of 39

# EXHIBIT "A"

Forsyth County, Georgia Magistrate Court
Affidavit for Summons of Dispossessory

Case Number: 12MAGC · D 901
Date Created: **Thursday, April 19, 2012**

Plaintiff:        **Aurora Bank, FSB**
Address:          **990 Hammond Drive Suite 800**
City, State, Zip: **Atlanta GA 30328**
Telephone:        **770-392-0041**
E-Mail:           **kstarnes@campbellandbrannon.com**

VS.

Defendant:        **Jenea Williams Pate**
Address:          **1020 Longpointe Pass**
City, State, Zip: **Alpharetta GA 30005**
Telephone:
SSN:              __
**Employer:**

**2nd Defendant:**      **and all others**
Address:          **1020 Longpointe Pass**
City, State, Zip: **Alpharetta GA 30005**
Telephone:
SSN:              __
**Employer:**

**3rd Defendant:**

**Address:**
**City, State, Zip:  GA**
Telephone:
SSN:              __
**Employer:**

**4th Defendant:**
**Address:**
**City, State, Zip:  GA**
Telephone:
SSN:              __
**Employer:**

**Landlord Demands:**
Defendant refuses and fails to deliver possession of the premises to the Plaintiff
tenants at sufferance after foreclosure sale
Plaintiff requests tack and mail if personal service is unsuccessful or otherwise fails.

## PETITION FOR WRIT OF POSSESSION

Personally appeared the above-named person, who states upon oath that he or she is the owner (or is acting in the capacity shown above on behalf of the Plaintiff) of premises Defendant is in possession of at the above address in Forsyth County;

Furthermore, Plaintiff states that Defendant:
(a) Fails to pay the rent which is now past due;
(b) Holds the premises over and beyond the term of which they were rented or leased to Defendant or the party named;
(c) THAT tenant is a tenant at sufferance;
(d) Plaintiff is entitled to recover any and all rents that may come due until this action is finally concluded.
(e) Plaintiff desires and demands possession of the premises; and
(f) Defendant refuses and fails to deliver possession of the premises to the Plaintiff.

WHEREFORE, Plaintiff(s) demand(s)
(a) Possession of the premises;
(b) Past due rent of ;
(c) Court costs of $123.50 ;
(d)
By order of local rule, and the authority of OCGA 15-10-53, submission of this form, and payment, shall constitute filing and by affixing electronic verification by submission and payment, the undersigned swears or affirms that the statements set forth in the above pleadings are true and correct and that the date of execution is the date of receipt of electronic control by the court. I electronically swear and affirm and will do so in person upon the calling of the case and further declare under the penalty of perjury that the Defendant is NOT a member of the Armed Forces of the United States on active duty. This affidavit is executed pursuant to the Soldiers and Sailors Civil Relief Act, 50 USC App a520 as required before any judgment in default may be entered by the court. Any person who shall make an affidavit required under this section, or statement, declaration, verification, or certificate certified or declared to be true under penalty of perjury, knowing it to be false, shall be guilty of a misdemeanor and shall be punished by imprisonment not to exceed one year or by fine not to exceed $1,000.00 or both.:

| | |
|---|---|
| Landlord or Affiant: | J. Michael Campbell |
| Title of Capacity or Agent: | Attorney |
| Affiant E-Mail: | kstames@campbellandbrannon.com |
| Affiant Phone: | 770-392-0041 |
| Affiant Address: | 990 Hammond Drive Suite 800 |
| Affiant City, State, Zip: | Atlanta, GA 30328 |
| Bar Number (if attorney): | 106300 |

You may reply electronically to this claim at:
**www.forsythcourt.com**

### NOTICE AND SUMMONS

#### To DEFENDANT:
Pursuant to law, YOU ARE REQUIRED TO FILE OR PRESENT AN ANSWER TO THIS DISPOSSESSORY WITHIN SEVEN (7) DAYS AFTER SERVICE OF THIS DISPOSSESSORY UPON YOU. YOUR ANSWER, LEGAL OR EQUITABLE DEFENSE OR COUNTER-CLAIM TO THIS DISPOSSESSORY PROCEEDING MAY BE FILED IN WRITING OR MAY BE GIVEN ORALLY TO THE CHIEF OR PRESIDING MAGISTRATE DURING REGULAR COURT HOURS. IF YOU DO NOT ANSWER, JUDGMENT BY DEFAULT/WRIT OF POSSESSION WILL BE ENTERED AGAINST YOU. If the day of answering falls on Saturday, Sunday, or a legal holiday, such time continues through the next working day of the court. The last day for answering or vacating premises will be the ____ day of MAY , 20 12 or before the 7th day after service of this Affidavit and Summons.

_____
Clerk Forsyth County Magistrate Court

### WRIT OF POSSESSION

To the Sheriff/Constable of Forsyth County or lawful deputies of the Sheriff: You are hereby commanded to remove said Defendant(s) together with Defendant(s) property thereon from said premises and to deliver full and quiet possession of the same to the Plaintiff(s) herein effective:

(1) (Instanter); or
(2) On _____, 20___; or
(3) Pursuant to the terms of a consent judgment filed herewith dated _____, 20___.
(4)Plaintiff(s) recover judgment against Defendant(s) _____ In the sum of  Principal, $_____ Interest, $_____ Attorney Fees, and $123.50  Court costs, and Interest at $_____% per annum as shall accrue hereafter.

This _____ day of _____, 20___.

## OFFICER'S RETURN

I have this day executed the within Affidavit and Summons by:
[ ] PERSONAL: I have this day served the Defendant _____ with a copy of the within actions and Summons.

[ ] NOTORIOUS: I have this day served the Defendant _____ by leaving a copy of the action and Summons at his most notorious place of abode in this County.

[ ] Delivered same into hands of _____ described as follows: AGE: about ____ years; WEIGHT: _____ Pounds; HEIGHT: about ____ feet and ___ inches, domiciled at the residence of Defendant.

[ ] CORPORATION: I have this day served the Defendant_____, a corporation, by leaving a copy of the within action and Summons with _____ in charge of the office and place of doing business of said corporation in this County.

[ ] TACK & MAIL: I have this day served the above styled affidavit and Summons on the Defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the Defendant(s) at the address shown in said Summons, with adequate postage affixed thereon containing notice to the Defendant(s) to answer said Summons at the place stated in the Summons.

[ ] Non Established: Diligent search made and Defendant _____ not to be found in the jurisdiction of this County.

DE_____ Apes 2450
Deputy Sheriff or Constable

This 24 day of Apr l , 20 12 .

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
removal   Pg 21 of 39
Case 1:12-cv-03962-UA   Document 2   Filed 05/08/12   Page 21 of 39

# EXHIBIT "B"

08-13555-mg Doc 28256-3 Filed 05/31/12 Entered 05/31/12 13:45:23 notice of
Case 1:12-cv-03662-UA Document 2 Filed 05/08/12 Page 22 of 39
removal Pg 22 of 39

FORSYTH COUNTY GEORGIA MAGISTRATE COURT
DISPOSSESSORY

AURORA BANK, FSB                          ) Case No.: 12MGC-0901
                                         )
990 HAMMOND DRIVE SUITE 800,             )
                                         )
ATLANTA, GA 30328                        )
                                         )
          Plaintiff,                     )
                                         )
     vs.                                 )
                                         )
JENEA WILLIAMS PATE,                     )
                                         )
1020 LONGPOINTE PASS                     )
                                         )
ALPHARETTA, GA 30005                     )
                                         )
          Defendant                      )

## DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

## AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

COME NOW, the Defendants and for her answer, affirmative defenses, counterclaims and demand for jury trial, state:

### COUNT I

1.  Denied that the plaintiff has stated a cause of action to reestablish a
    promissory note pursuant to Georgia Codes.

2.  Admit execution of note, deny that the note was executed and delivered in favor
    of plaintiff or plaintiff's assignor Aurora Bank, FSB.

3.  Denied. The plaintiff has not stated a cause of action to reestablish a
    promissory note pursuant to GA. 673.3091.

4.  Defendant admits that the plaintiff does not own the mortgage or the note,
    admits that the plaintiff does not hold the note; however that plaintiff does
    not have legal possession of and cannot obtain possession of the subject note
    or determine its whereabouts. The plaintiff has not stated a cause of action to
    reestablish a promissory note pursuant to Georgia Laws.

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 1 -

5. Denied and move to strike on account of Paragraph 1 of the plaintiff's complaint does not contain a fact allegation. Defendant is the owner of the property and not a Tenant at Sufferance.

6. Defendant denies that this plaintiff has stated a cause of action for foreclosure because on the date this lawsuit was filed the plaintiff was not the true owner of the claim sued upon; is not the real party in interest and is not shown to be authorized to bring this foreclosure action.

7. Defendants request the court dismiss this action pursuant to Rules 1.210(a) and 1.140(7) of the Georgia Rules of Civil Procedure because it appears on the face of the complaint and the documents attached to the plaintiff's April 19, 2012 notice of filing that a person other than the Plaintiff is the true owner of the claim sued upon on the date this action was commenced and that the Plaintiff was not the real party in interest at the commencement of this action, had no interest in the subject mortgage and note at the date on which the subject complaint for foreclosure was filed and is not shown to be authorized to bring this foreclosure action.

8. This action was commenced on April 19, 2012 but the assignment upon which the plaintiff is relying to support its claims is based on an assignment dated February 5, 2007, which post dates the filing of the complaint.

9. Additionally, the plaintiff has filed a separate assignment that conflicts with the February 5, 2007 assignment because on August 14, 2007, the date of the purported second assignment, the assignor had already transferred its interest in the subject mortgage and note to another entity and further because there was a lack of any consideration for the August 14, 2007 assignment.

10. The filing of these two assignments by the plaintiff, neither of which support the plaintiff's claim of ownership of the subject mortgage on the date this foreclosure was filed, are a sham and a fraud on the court.

11. Plaintiff came into the this court alleging that it owned the subject loan on January 29, 2007, the date this action was commenced when the plaintiff was fully aware that was not true. This is fraud on the court.

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 2 -

12. Fla.R.Civ.P. Rule 1.130(a) requires a Plaintiff to attach copies of all bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought to its complaint.

13. Although the plaintiff alleges in its complaint that it is the owner of the promissory note and the mortgage that are the subject of this foreclosure action, the note and mortgage and assignments attached to the plaintiff's complaint and to the plaintiff's notice of filing conflict with these allegations and therefore the contents of actual mortgage and note cancel out the inconsistent and conflicting assignments and allegations as to the ownership of the note and mortgage at the commencement of this action.

14. When exhibits are inconsistent with the plaintiff's allegations of material fact as to who the real party in interest is, such allegations cancel each other out.

15. Plaintiff was not the real party in interest on the date this action was commenced and is not shown to be authorized to bring this action.

16. Because the facts revealed by the exhibits attached to the plaintiff's complaint and in the Plaintiff's notice of filing are inconsistent with Plaintiff's allegations as to ownership of the subject note and mortgage, those allegations are neutralized and Plaintiff's complaint is rendered objectionable.

AFFIRMATIVE DEFENSES

17. FAILURE OF CONTRACTUAL CONDITION PRECEDENT: NO NOTICE OF DEFAULT: Plaintiff failed to provide Defendant with a Notice of Default and Intent to Accelerate as required by and/or that complies with Paragraph 22 of the subject mortgage. As a result, Defendant have been denied a good faith opportunity, pursuant to the mortgage and the servicing obligations of the Plaintiff, to avoid acceleration and this foreclosure.

2. NO HUD COUNSELING NOTICE: Plaintiff failed to comply with the foreclosure prevention loan servicing requirement imposed on Plaintiff pursuant to the National Housing Act, 12 U.S.C. 1701x(c)(5) which requires all private lenders servicing non-federally insured home loans, including the Plaintiff, to advise

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 3

borrowers, including this separate Defendant, of any home ownership counseling
Plaintiff offers together with information about counseling offered by the U.S.
Department of Housing and Urban Development. The U.S. Department of Housing and
Urban Development has determined that 12 U.S.C. 1701x(c)(5) creates an
affirmative legal duty on the part of the Plaintiff. Plaintiff's non-compliance
with the law's requirements is an actionable event that makes the filing of
this foreclosure premature based on a failure of a statutory condition
precedent to foreclosure which denies Plaintiff's ability to carry out this
foreclosure. Plaintiff cannot legally pursue foreclosure unless and until
Plaintiff demonstrates compliance with 12 U.S.C. 1701x(c)(5).

18. PLAINTIFF FAILED TO COMPLY WITH APPLICABLE POOLING AND SERVICING AGREEMENT LOAN
SERVICING REQUIREMENTS: Plaintiff failed to provide Defendant with legitimate
and non predatory access to the debt management and relief that must be made
available to borrowers, including this Defendant pursuant to and in accordance
with the Pooling and Servicing Agreement filed by the plaintiff with the
Securities and Exchange Commission that controls and applies to the subject
mortgage loan. Plaintiff's non-compliance with the conditions precedent to
foreclosure imposed on the plaintiff pursuant to the applicable pooling and
servicing agreement is an actionable event that makes the filing of this
foreclosure premature based on a failure of a contractual and/or equitable
condition precedent to foreclosure which denies Plaintiff's ability to carry
out this foreclosure.

a. Defendants assert that the special default loan servicing requirements
contained in the subject pooling and servicing agreement, to be filed in
pertinent part and which is on file at: http://www.secinfo.com , are
incorporated into the terms of the mortgage contract between the parties as if
written therein word for word and the defendants are entitled to rely upon the
servicing terms set out in that agreement.

b. Alternatively or additionally, the defendants are third party
beneficiaries of the Plaintiff's pooling and servicing agreement and entitled
to enforce the special default servicing obligations of the plaintiff specified

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 4 -

Case 1:12-cv-03662-UA    Document 2    Filed 06/08/12    Page 26 of 39

therein.

    c. Plaintiff cannot legally pursue foreclosure unless and until Plaintiff demonstrates compliance with the foreclosure prevention servicing imposed by the subject pooling and servicing agreement under which the plaintiff owns the subject mortgage loan.

    d. The Plaintiff failed, refused or neglected to comply with prior to the commencement of this action with the servicing obligations specifically imposed on the plaintiff by the PSA in many particulars, including, but not limited to:

19. Plaintiff failed to service and administer the subject mortgage loan in compliance with all applicable federal state and local laws.

20. Plaintiff failed to service and administer the subject loan in accordance with the customary an usual standards of practice of mortgage lenders and servicers.

21. Plaintiff failed to extend to defendants the opportunity and failed to permit a modification, waiver, forbearance or amendment of the terms of the subject loan or to in any way exercise the requisite judgment as is reasonably required pursuant to the PSA.

22. Plaintiff's failure to meet the servicing obligations imposed by the PSA cause the filing by plaintiff of this foreclosure to be in premature, in bad faith and a breach by plaintiff of its obligation to defendants implied in the mortgage contract and as specified in writing in the PSA, to act in good faith and to deal fairly with defendants.

23. Instead, plaintiff's servicing failures as set forth herein render plaintiff's actions in filing this premature foreclosure to be in bad faith and not acceptable loan servicing under the written contracts between the parties which include the mortgage, the PSA incorporated therein or by which defendants are third party beneficiaries thereof and the promissory note.

24. Plaintiff intentionally failed to act in good faith or to deal fairly with these Defendants by failing to follow the applicable standards of residential single family mortgage lending and servicing as described in these Affirmative Defenses thereby denying these Defendants access to the residential mortgage lending and servicing protocols applicable to the subject note and mortgage.

25. ILLEGAL CHARGES ADDED TO BALANCE: Plaintiff has charged and/or collected payments from Defendants for attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges that are not authorized by or in conformity with the terms of the subject note and mortgage or the controlling pooling and servicing agreement which specifies the waiver of late payments and other collection charges as part of the forbearance and loan modification default loan servicing. Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

26. FAILURE OF GOOD FAITH AND FAIR DEALING: UNFAIR AND UNACCEPTABLE LOAN SERVICING: Plaintiff intentionally failed to act in good faith or to deal fairly with the subject Defendants by failing to follow the applicable standards of residential single family mortgage servicing as described in these Affirmative Defenses thereby denying Defendant s access to the residential mortgage servicing protocols applicable to the subject note and mortgage.

27. UNCLEAN HANDS: The Plaintiff comes to court with unclean hands and is prohibited by reason thereof from obtaining the equitable relief of foreclosure from this Court. The Plaintiff's unclean hands result from the Plaintiff's improvident and predatory intentional failure to comply with material terms of the mortgage and note; the failure to comply with the default loan servicing requirements that apply to this loan, all as described herein above. As a matter of equity, this Court should refuse to foreclose this mortgage because acceleration of the note would be inequitable, unjust, and the circumstances of this case render acceleration unconscionable. This court should refuse the acceleration and deny foreclosure because Plaintiff has waived the right to acceleration or is estopped from doing so because of misleading conduct and unfulfilled contractual and equitable conditions precedent.

WHEREFORE, Defendants demands the Plaintiff's complaint be dismissed with

08-13555-mg    Doc 28256-3    Filed 05/31/12    Entered 05/31/12 13:45:23    notice of
removal    Pg 28 of 39
Case 1:12-cv-03662-UA    Document 2    Filed 05/08/12    Page 28 of 39

prejudice and for fraud on the court, and for their attorney's fees and costs
and for all other relief to which this Court finds Defendants entitled.

28. PLAINTIFF LACKS STANDING: AURORA BANK, FSB is not the true owner of the claim
sued upon, is not the real party in interest and is not shown to be authorized
to bring this foreclosure action.

### COUNTERCLAIMS

### COUNT I: DECLARATORY AND INJUNCTIVE RELIEF

29. This is an action for declaratory and injunctive relief against the Plaintiff.

30. Plaintiff failed to provide Defendants with a Notice of Default and Intent to
Accelerate as required by and/or that complies with Paragraph 22 of the subject
mortgage.

31. Plaintiff failed to comply with the foreclosure prevention loan servicing
requirement imposed on Plaintiff pursuant to the National Housing Act, 12
U.S.C. 1701x(c)(5) which requires all private lenders servicing non-federally
insured home loans, including the Plaintiff, to advise borrowers, including
this separate Defendant, of any home ownership counseling Plaintiff offers
together with information about counseling offered by the U.S. Department of
Housing and Urban Development.

32. Plaintiff cannot legally pursue foreclosure unless and until Plaintiff
demonstrates compliance with 12 U.S.C. 1701x(c)(5).

33. Plaintiff failed to provide separate Defendants with legitimate and non
predatory access to the debt management and relief that must be made available
to borrowers, including this Defendant pursuant to and in accordance with the
Pooling and Servicing Agreement filed by the plaintiff with the Securities and
Exchange Commission that controls and applies to the subject mortgage loan.

34. Plaintiff's non-compliance with the conditions precedent to foreclosure imposed
on the plaintiff pursuant to the applicable pooling and servicing agreement is
an actionable event that makes the filing of this foreclosure premature based
on a failure of a contractual and/or equitable condition precedent to
foreclosure which denies Plaintiff's ability to carry out this foreclosure.

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 7 -

08-13555-mg   Doc 28256-3   Filed 05/31/12   Entered 05/31/12 13:45:23   notice of
removal   Pg 29 of 39
Case 1:12-cv-03662-UA   Document 2   Filed 05/08/12   Page 29 of 39

35. The special default loan servicing requirements contained in the subject
    pooling and servicing agreement are incorporated into the terms of the mortgage
    contract between the parties as if written therein word for word and the
    defendants are entitled to rely upon the servicing terms set out in that
    agreement.

36. Defendants are third party beneficiaries of the Plaintiff's pooling and
    servicing agreement and entitled to enforce the special default servicing
    obligations of the plaintiff specified therein.

37. Plaintiff cannot legally pursue foreclosure unless and until Plaintiff
    demonstrates compliance with the foreclosure prevention servicing imposed by
    the subject pooling and servicing agreement under which the plaintiff owns the
    subject mortgage loan.

38. The section of the Pooling and Servicing Agreement (PSA) is a public document
    on file and online at http://www.secinfo.com and the entire pooling and
    servicing agreement is incorporated herein.

39. The Plaintiff failed, refused or neglected to comply, prior to the commencement
    of this action, with the servicing obligations specifically imposed on the
    plaintiff by the PSA in many particulars, including, but not limited to:

    a. Plaintiff failed to service and administer the subject mortgage loan in
    compliance with all applicable federal state and local laws.

    b. Plaintiff failed to service and administer the subject loan in
    accordance with the customary an usual standards of practice of mortgage
    lenders and servicers.

    c. Plaintiff failed to extend to defendants the opportunity and failed to
    permit a modification, waiver, forbearance or amendment of the terms of the
    subject loan or to in any way exercise the requisite judgment as is reasonably
    required pursuant to the PSA.

40. The Plaintiff has no right to pursue this foreclosure because the Plaintiff has
    failed to provide servicing of this residential mortgage loan in accordance
    with the controlling servicing requirements prior to filing this foreclosure
    action.

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 8 -

41. Defendants have a right to receive foreclosure prevention loan servicing from the Plaintiff before the commencement or initiation of this foreclosure action.

42. Defendants are in doubt regarding their rights and status as borrowers under the National Housing Act and also under the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission. Defendants are now subject to this foreclosure action by reason of the above described illegal acts and omissions of the Plaintiff.

43. Defendants are being denied and deprived by Plaintiff of their right to access the required troubled mortgage loan servicing imposed on the plaintiff and applicable to the subject mortgage loan by the National Housing Act and also under the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission.

44. Defendants are being illegally subjected by the Plaintiff to this foreclosure action, being forced to defend the same and they are being charged illegal predatory court costs and related fees, and attorney fees. Defendants are having their credit slandered and negatively affected, all of which constitutes irreparable harm to Defendants for the purpose of injunctive relief.

45. As a proximate result of the Plaintiff's unlawful actions set forth herein, Defendants continue to suffer the irreparable harm described above for which monetary compensation is inadequate.

46. Defendants have a right to access the foreclosure prevention servicing prescribed by the National Housing Act and under the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission which right is being denied to them by the Plaintiff.

47. These acts were wrongful and predatory acts by the plaintiff, through its predecessor in interest, and were intentional and deceptive.

48. There is a substantial likelihood that Defendants will prevail on the merits of their counterclaims.

WHEREFORE, Defendants request the Court dismiss the Plaintiff's complaint with prejudice, enter a judgment pursuant to GA. Stat. 86 declaring that the Plaintiff is legally obligated to provide the Defendants with access to the

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 9

Case 1:12-cv-03662-UA   Document 2   Filed 05/08/12   Page 32 of 39

1  special troubled loan servicing prescribed by the National Housing Act and

2  under the Pooling and Servicing Agreement filed by the plaintiff with the

3  Securities and Exchange Commission and enjoining the Plaintiff from charging

4  foreclosure fees and costs and from commencing or pursuing this EVICTION until

5  such servicing is provided to this Defendant, for attorney's fees and for all

6  other relief to which Defendant proves themselves entitled.

7  COUNT II: ILLEGAL CONSUMER COLLECTION

8  Defendants reassert and reallege, as their Statement of Facts, paragraphs 2

9  through 48, inclusive as set out in Count I of these counterclaims.

10  49. Defendant is a consumers and the obligation between the parties which is the

11      debt owned pursuant to the subject note and mortgage is a consumer debt as

12      defined in GA. Section 559.55(1).

13  50. Plaintiff has engaged in consumer collection conduct which amounts to a

14      violation of GA. Section 559.72(9) as set out below and Defendants, as a

15      proximate result thereof, have sustained economic damages for which the

16      Defendants are entitled to compensation from the Plaintiff, pursuant to GA.

17      Section 559.77.

18  51. Plaintiff's collection activities described herein violated GA. 559.72(9) in

19      that the Plaintiff is claiming, attempting and threatening to collect and

20      enforce this consumer mortgage debt by this foreclosure action when the

21      Plaintiff knows that the right to pursue foreclosure does not exist.

22  52. These acts were wrongful and predatory acts by the plaintiff, through its

23      predecessor in interest, and were intentional and deceptive.

24  53. Additionally, the reason the Plaintiff does not have a legal right to pursue

25      this foreclosure is because the Plaintiff has failed to first comply with the

26      foreclosure prevention loan servicing obligations imposed on Plaintiff

27      prescribed by the National Housing Act and under the Pooling and Servicing

28      Agreement filed by the plaintiff with the Securities and Exchange Commission.

29  54. These foreclosure prevention loan servicing obligations are imposed on the

30      Plaintiff pursuant to the National Housing Act, 12 U.S.C. Section 1710(a) and

31

32  DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 10

the Pooling and Servicing Agreement filed by the plaintiff with the Securities and Exchange Commission.

55. The Plaintiff is claiming, attempting and threatening to collect fees and charges including, but not limited to, attorney fees, legal fees, foreclosure costs, late charges, property inspection fees, title search expenses, filing fees, broker price opinions, appraisal fees, and other charges and advances, and predatory lending fees and charges all of which are not authorized by or in conformity with the terms of the subject note and mortgage.

56. Plaintiff wrongfully added and continues to unilaterally add these illegal charges to the balance Plaintiff claims is due and owing under the subject note and mortgage.

57. Plaintiff continues to claim, attempt, and threaten to enforce this mortgage debt through acceleration and foreclosure when the Plaintiff knows that such conduct is in bad faith because the Plaintiff has charged and collected money from defendants that they did not owe; forced defendants into deepening indebtedness and then failed to meet the contractual and statutory conditions precedent before filing this action to collect this consumer debt.

58. As a result of the Plaintiff's failure to properly service this mortgage loan before filing this foreclosure action, Defendants have been damaged and Defendants seek to recover their actual or statutory damages from the Plaintiff under GA. 559.77.

WHEREFORE, Defendants demand the Plaintiff's complaint be dismissed with prejudice, for an award of damages in defendants' favor and against the plaintiff for their actual or statutory damages whichever is greater and for their attorney's fees and costs and for all other relief to which this Court finds Defendants entitled.

DEMAND FOR TRIAL BY JURY

Defendants hereby demands trial by jury.

WHEREFORE, Defendants demand the Plaintiff's complaint be dismissed with prejudice for failure to state a cause of action and for fraud on the court, and for judgment against the plaintiff for their damages, for an award of

**DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND**

**AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL**

- 11 -

Case 1:12-cv-03662-UA   Document 2   Filed 05/08/12   Page 33 of 39

attorney's fees and costs and for all other relief to which this Court finds Defendants entitled.

CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this document has been mailed to Aurora Bank, FSB 990 Hammond Drive Suite 800 Atlanta, GA 30328 and to J. Michael Cammpbell 990 Hammond Drive Suite 800 Atlanta, GA 30328, Attorney for Plaintiff this _____ 29th Day April 2012

Jenea Williams-Pate

Dated this 4/29/2012

JENEA WILLIAMS PATE

DEFENDANT JENEA WILLIAMS PATE'S ANSWER AND

AFFIRMATIVE DEFENSES; COUNTERCLAIMS AND DEMAND FOR JURY TRIAL

- 12

# EXHIBIT "C"

*EXHIBIT "A"*

Ret

Doc ID: 012577190001 Type: GLR
Recorded: 10/17/2011 at 09:54:01 AM
Fee Amt: $9.00 Page 1 of 1
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 6078 PG 417

When Recorded Return To:
McCurdy and Candler, LLC
Attn: GA Assignment Team
3525 Piedmont Rd, NE
Building 6, Ste 700
Atlanta, GA 30305

11-06991

EP, AURORA BANK FSB P.O. Box 1706, Scottsbluff, NE

## CORPORATE ASSIGNMENT OF MORTGAGE

Forsyth, Georgia
REF #:0040302143 "WILLIAMS PATE"

MERS #: 100039290990820359  SIS #: 1-888-679-6377

Prepared By: Susan Lindhorst, AURORA BANK FSB 2617 COLLEGE PARK, PO BOX 1706, SCOTTSBLUFF, NE 69363-1706 308-220-2315

Date of Assignment: August 29th, 2011
Assignor: AURORA LOAN SERVICES LLC BY AURORA BANK FSB, AS ITS ATTORNEY-IN-FACT at 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69363
Assignee: AURORA BANK FSB at 1000 N. WEST STREET, STE 200, WILMINGTON, DE 19801

Executed By: JENEA L WILLIAMS-PATE To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION
Date of Security Deed: 03/13/2007 Recorded: 03/20/2007 in Book/Reel/Liber: 4675 Page/Folio: 98 as Instrument No.: 004886310028 In the County of Forsyth, State of Georgia.

Property Address: 1020 LONGPOINTE PASS, ALPHARETTA, GA 30005

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having an original principal sum of with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial interest under the Mortgage.

TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

AURORA LOAN SERVICES LLC BY AURORA BANK FSB, AS ITS ATTORNEY-IN-FACT
On 08/30/11

By: *Pamela J. Pedersen*
PAMELA J. PEDERSEN, Vice-President

WITNESS
*Carrie Jensen*

WITNESS
*Kimberly Mendez*

STATE OF Nebraska
COUNTY OF Scotts Bluff

ON 8-30-2011, before me, IRENE GUERRERO, a Notary Public in and for the County of Scotts Bluff County, State of Nebraska, personally appeared PAMELA J. PEDERSEN, Vice-President, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

IRENE GUERRERO
Notary Expires: 09/14/2013

GENERAL NOTARY - State of Nebraska
IRENE GUERRERO
My Comm. Exp. Sept. 14, 2013

(This area for notarial seal)

*SFL*SFLALSI*08/29/2011 03:49:23 PM* ALSI01ALSIA0000000000000000743368* GAFORSY* 0040302143 GASTATE_MORT_ASSIGN_ASSN **SFLALSI*

EXHIBIT

" B "

Doc ID: 012353020002 Type: GLR
Filed: 05/11/2011 at 10:54:08 AM
Fee Amt: $7.00 Page 1 of 2
Forsyth County, GA
Greg G. Allen Clerk Superior Ct
BK 5960 PG 351-352

When Recorded Return To:
McCurdy and Candler, LLC
Attn: GA Assignment Team
3525 Piedmont Rd, NE
Building 6, Ste 700
Atlanta, GA 30305

11-06991

RVICES
EP, AURORA LOAN SERVICES P.O. Box 1706, Scottsbluff, NE

## CORPORATE ASSIGNMENT OF MORTGAGE

Forsyth, Georgia
SELLER'S SERVICING #:0040302143 "WILLIAMS PATE"
OLD SERVICING #: FC

MERS #: 100039290990820359 VRU #: 1-888-679-6377

Prepared By: Rhonda Gall, AURORA LOAN SERVICES 2617 COLLEGE PARK, PO BOX 1706,
SCOTTSBLUFF, NE 69363-1706 308-635-3500

Date of Assignment: April 26th, 2011
Assignor: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST MAGNUS
FINANCIAL CORPORATION, AN ARIZONA CORPORATION, ITS SUCCESSORS AND/OR ASSIGNS at 1901 E
VOORHEES STREET, SUITE C, DANVILLE, IL 61834
Assignee: AURORA LOAN SERVICES LLC at 2617 COLLEGE PARK, SCOTTSBLUFF, NE 69361

Executed By: JENEA L WILLIAMS-PATE  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS
NOMINEE FOR FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION
Date of Security Deed: 03/13/2007 Recorded: 03/20/2007 in Book/Reel/Liber: 4675 Page/Folio: 98 as Instrument
No.: 004886310028 In the County of Forsyth, State of Georgia.

Property Address: 1020 LONGPOINTE PASS, ALPHARETTA, GA 30005

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths DOLLARS and
other good and valuable consideration, paid to the above named Assignor, the receipt and sufficiency of which is
hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Mortgage having
an original principal sum of  with interest, secured thereby, with all moneys now owing or that may hereafter become
due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein
contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's beneficial
interest under the Mortgage.

   TO HAVE AND TO HOLD the said Mortgage, and the said property unto the said Assignee forever, subject to the
terms contained in said Mortgage.

   MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR FIRST MAGNUS FINANCIAL
CORPORATION, AN ARIZONA CORPORATION, ITS SUCCESSORS AND/OR ASSIGNS
On April 26th, 2011

By: _____
LUCY A LANG, Vice-President

WITNESS

_____
SUSAN LINDHORST

*RRG*RRGALSI*04/26/2011 03:10:19 PM* ALSI01ALSIA000000000000000716512* GAFORSY* 0040302143 GASTATE_MORT_ASSIGN_ASSN *RRGALSI*

CORPORATE ASSIGNMENT OF MORTGAGE Page 2 of 2

STATE OF Nebraska
COUNTY OF Scotts Bluff

ON April 26th, 2011, before me, NANCY L. LINDELL, a Notary Public in and for the County of Scotts Bluff County,
State of Nebraska, personally appeared LUCY A LANG, Vice-President, personally known to me (or proved to me on
the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by
his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted,
executed the instrument.

WITNESS my hand and official seal,

*Nancy L Lindell* (signature)

NANCY L. LINDELL
Notary Expires: 09/25/2014

GENERAL NOTARY - State of Nebraska
NANCY L. LINDELL
My Comm. Exp. Sept. 25, 2014

(This area for notarial seal)

*RRG*RRGALSI*04/26/2011 03:10:19 PM* ALSI01ALSIA00000000000000716512* GAFORSY* 0040302143 GASTATE_MORT_ASSIGN_ASSN **RRGALSI*

*EXHIBIT "C"*

Doc ID: 004886310028 Type: GLR
Filed: 08/20/2007 at 10:12:15 AM
Fee Amt: $1,414.00 Page 1 of 28
Intangible Tax: $1,350.00
Forsyth County, GA
Douglas Borrelia Clerk Superior Ct
BK **4675** PG **98-125**

Return To:
FIRST MAGNUS FINANCIAL CORPORATION

603 N. WILMOT
TUCSON, AZ 85711
Prepared By:
FIRST MAGNUS FINANCIAL CORPORATION

603 N. WILMOT
MARIETTA, GA 30067

*Act*
*Return To:*
**LITTLE & DIXIT, LLP**
**11680 GREAT OAKS WAY**
**SUITE 100**
**ALPHARETTA, GA  30022**

———————————[Space Above This Line For Recording Data]———————————

LOAN NO.:  9099082036
ESCROW NO.:  WILLIAMSPATE1ST

# SECURITY DEED

MIN   1000392908908203359
MERS Phone: 1-888-679-6377

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated                    MARCH 13, 2007
together with all Riders to this document.

(B) "Borrower" is
JENEA L WILLIAMS-PATE

Borrower is the grantor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the grantee under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has an address and telephone of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

GEORGIA-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT WITH MERS                    Form 3011 1/01
V-6A(GA) (0005).02                    Page 1 of 14                    LENDER SUPPORT SYSTEMS, INC. MERS6AGA.NEW (05/06)

**(D) "Lender" is**
FIRST MAGNUS FINANCIAL CORPORATION, AN ARIZONA CORPORATION

Lender is a **CORPORATION**
organized and existing under the laws of **ARIZONA**
Lender's address is
603 NORTH WILMOT ROAD, TUCSON, AZ 85711
**(E) "Note"** means the promissory note signed by Borrower and dated          **MARCH 13, 2007**
The Note states that Borrower owes Lender
FOUR HUNDRED FORTY NINE THOUSAND FIVE HUNDRED FIFTY AND NO/100 X X X X X X X X X X X X

                                                                                                    **Dollars**
(U.S. $ 449,550.00               ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than      **APRIL 01, 2037**
**(F) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
**(G) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
**(H) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [XX] Adjustable Rate Rider | [ ] Condominium Rider | [ ] 1-4 Family Rider |
| [ ] Graduated Payment Rider | [XX] Planned Unit Development Rider | [ ] Biweekly Payment Rider |
| [ ] Balloon Rider | [ ] Rate Improvement Rider | [ ] Second Home Rider |
| [XX] Other(s) [specify] | INTEREST-ONLY ADDENDUM TO ADJUSTABLE RATE RIDER | |
| | ADDENDUM TO ADJUSTABLE RATE RIDER | |
| | WAIVER OF BORROWER'S RIGHTS RIDER | |

**(I) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
**(J) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments, and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
**(K) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
**(L) "Escrow Items"** means those items that are described in Section 3.
**(M) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
**(N) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
**(O) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.
**(P) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to
time, or any additional or successor legislation or regulation that governs the same subject matter. As used

V-6A(GA) (0005).02                          Page 2 of 14                                    Form 3011 1/01