B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

In re <u>Lehman Brothers Holdings Inc., et al.</u>, Debtors.

Case No. <u>08-13555 (JMP)</u>
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| <u>P Monarch Recovery Ltd</u> | <u>Barclays Bank PLC</u> |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

P Monarch Recovery Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): <u>50005</u>
Total Amount of Claim as Filed: <u>$84,906.00</u>

Amount of Claim as Filed with respect to ISIN XS0282208049: <u>$84,906.00</u>
Amount of Claim Transferred with respect to ISIN XS0282208049: <u>$5,504.74 (or 6.483333333% of the above Amount of Claim as Filed)</u>

Amount of Claim as Allowed pursuant to the Notice of Proposed Allowed Claim Amount with respect to ISIN XS0282208049: <u>$85,146.35</u>
Amount of Claim Transferred with respect to ISIN XS0282208049: <u>$5,520.32 (or 6.483333333% of the above Amount of Claim as Allowed)</u>

Date Claim Filed: <u>10/27/2009</u>
Debtor: <u>Lehman Brothers Holdings Inc.</u>

Name and Address of Transferor:

Barclays Bank PLC
745 Seventh Avenue
New York, New York 10019
Attention: Daniel Crowley/Daniel Miranda
Telephone: 212 412 2865
E-mail: Daniel.crowley@barclayscapital.com
daniel.miranda@barclayscapital.com

**\*\*PLEASE SEE ATTACHED DOCUMENTS\*\***

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**P MONARCH RECOVERY LTD**
By: Monarch Alternative Capital LP
Its: Advisor

By: _/s/_____
Name of Transferee/Transferee's Agent

Michael A. Weinstock
Managing Principal
Date: May 30, 2012

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

# Exhibit A

Evidence of Transfer from Transferor to Transferee

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **Barclays Bank PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **those certain individual purchasers set forth in Schedule 1 attached hereto** (each an "Individual Purchaser"), and each Individual Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage/nominal amount** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **50005** filed by or on behalf of **Demetrio Jimenez Sanchez y Felicisima Gutierrez Zarzuelo** (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"). For the avoidance of doubt, each Individual Purchaser does not assume and shall not be responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred Claims or the Proceedings.

2.   Seller hereby represents and warrants to each Individual Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or counterclaim, or will result in any Individual Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to each Individual Purchaser all notices it has received with respect to the Transferred Claims, including without limitation, the Notice of Proposed Claim Amount, dated August 24, 2011, and any revision thereto (collectively, the "Notice"); (h) Seller did not deliver a Response (as defined in the Notice) with respect to the Transferred Claims; and (i) Seller has received the first distribution relating to the Transferred Claims pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliate Debtors, dated December 5, 2011, in the same time, manner and amount as other unsecured creditors of the same class of claims generally.

3.   Seller hereby waives any objection to the transfer of the respective Transferred Claims to each Individual Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by each Individual Purchaser for all purposes in the case, including, without limitation, for

voting and distribution purposes with respect to the applicable portion of the Transferred Claims. Each Individual Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to each Individual Purchaser the Transferred Claims, recognizing each Individual Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claims be delivered or made to each Individual Purchaser, in each case with respect to the applicable portion of the Transferred Claims.

4.     All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Each Individual Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold each Individual Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.     Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions, proceeds or notices received by Seller in respect of the Transferred Claims to each Individual Purchaser, as applicable. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to each Individual Purchaser the applicable portion of each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as each Individual Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.     Each of Seller and each Individual Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.     Seller's and each Individual Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and each Individual Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

8.     For the avoidance of doubt, the Seller and each Individual Purchaser acknowledge and understand that each Individual Purchaser is executing this agreement solely in its individual capacity with respect to its Purchased Claim, and that all obligations and/or liabilities of an Individual Purchaser hereunder with are enforceable solely against such Individual Purchaser and such Individual Purchaser's assets. The agreements made by each Individual Purchaser hereunder and all obligations and liabilities of each Individual Purchaser shall be several (and not joint and several) in accordance with each Individual Purchaser's respective Purchased Claim.

*[signatures on following pages]*

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30 day of May 2012.

**Barclays Bank PLC**

By: _[signature]_
Name: DANIEL CROWLEY
Title: MANAGING DIRECTOR

Address
745 Seventh Ave
New York, NY 10019

**Monarch Debt Recovery Master Fund Ltd**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: _____
Title: _____

Address
Monarch Debt Recovery Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Monarch Opportunities Master Fund Ltd**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: _____
Title: _____

Address
Monarch Opportunities Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Oakford MF Limited**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: _____
Title: _____

Address
Oakford MF Limited

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 30 day of May 2012.

**Barclays Bank PLC**

By:_____
Name:_____
Title:_____

Address
745 Seventh Ave
New York, NY 10019

**Monarch Debt Recovery Master Fund Ltd**
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:_____Andrew J. Herenstein
Title:_____Managing Principal

Address
Monarch Debt Recovery Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Monarch Opportunities Master Fund Ltd**
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:_____Andrew J. Herenstein
Title:_____Managing Principal

Address
Monarch Opportunities Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Oakford MF Limited**
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:_____Andrew J. Herenstein
Title:_____Managing Principal

Address
Oakford MF Limited

c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Monarch Cayman Fund Limited**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name:   Andrew J. Herenstein
Title:   Managing Principal

Address
Monarch Cayman Fund Limited
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Monarch Capital Master Partners II-A LP**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name:   Andrew J. Herenstein
Title:   Managing Principal

Address
Monarch Capital Master Partners II-A LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

Monarch Capital Master Partners II LP
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:_____
Title:  Andrew J. Herenstein
        Managing Principal

Address
Monarch Capital Master Partners II LP
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564


P Monarch Recovery Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:  Andrew J. Herenstein
Title:  Managing Principal

Address
P Monarch Recovery Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

Monarch Alternative Solutions Master Fund Ltd
By: Monarch Alternative Capital LP
Its: Advisor

By:_____
Name:  Andrew J. Herenstein
Title:  Managing Principal

Address
Monarch Alternative Solutions Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin

E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

**Monarch Research Alpha Master Fund Ltd**
By: Monarch Alternative Capital LP
Its: Advisor

By: _____
Name: **Andrew J. Herenstein**
Title: **Managing Principal**

Address
Monarch Research Alpha Master Fund Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
ATTN: Michael Gillin
E-Mail: michael.gillin@monarchlp.com;
fundops@monarchlp.com
Tel: 1-212-554-1743
Fax: 1-(866)-741-3564

Schedule 1

Transferred Claims

Purchased Claim

On the original Proof of Claim filed on October 27, 2009, the Security/ISIN below, for the Individual Purchasers set forth below, represents in the aggregate $84,906.00 which is 100% of the total Proof of Claim Amount of $84,906.00 (in each case, plus applicable accrued and unpaid interest and other amounts).

*Pursuant to the Notice of Proposed Allowed Claim Amount dated August 24, 2011, the Security/ISIN below, for the Individual Purchasers set forth below, represents in the aggregate $85,146.35, which is 100% of the total Notice of Proposed Allowed Claim Amount of $85,146.35.*

Lehman Programs Securities to which Transfer Relates

| Individual Purchaser | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal Amount (EUR/USD)/ Percentage of Total Principal Amount | Maturity | Allowed Amount Purchased (USD)/ Percentage of Total Allowed Amount for ISIN under POC[1] |
|---|---|---|---|---|---|---|---|
| Monarch Debt Recovery Master Fund Ltd | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR27,030.00/ $38,250.15/ 45.050% | 9 Feb. 2012 | $38,358.43/ 45.050% |

[1] For the avoidance of doubt, the amounts in this column are equivalent to the portion of the Allowed Claim Amount (and corresponding percentages) being transferred to each Individual Purchaser.

Schedule 1-1

| | | | | | | |
|---|---|---|---|---|---|---|
| Monarch Opportunities Master Fund Ltd | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR13,560.00/ $19,188.76/ 22.60% | 9 Feb. 2012 | $19,243.08/ 22.60% |
| Oakford MF Limited | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR1,760.00/ $2,490.58/ 2.9333333% | 9 Feb. 2012 | $2,497.63/ 2.9333333% |
| Monarch Cayman Fund Limited | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR3,510.00/ $4,967.00/ 5.850% | 9 Feb. 2012 | $4,981.06/ 5.850% |
| Monarch Capital Master Partners II-A LP | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR3,830.00/ $5,419.83/ 6.3833333% | 9 Feb. 2012 | $5,435.18/ 6.3833333% |

| | | | | | |
|---|---|---|---|---|---|
| Monarch Capital Master Partners II LP | Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | | | | |
| | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR1,180.00/ $1,669.82/ 1.96666667% | 9 Feb. 2012 | $1,674.54/ 1.96666667% |
| P Monarch Recovery Ltd | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR3,890.00/ $5,504.74/ 6.48333333% | 9 Feb. 2012 | $5,520.32/ 6.48333333% |
| Monarch Alternative Solutions Master Fund Ltd | Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR2,590.00/ $3,665.11/ 4.31666667% | 9 Feb. 2012 | $3,675.48/ 4.31666667% |

| Monarch Research Alpha Master Fund Ltd | Euro Medium-Term Note Retail Program Issue of EUR 31,173,000 Index-Linked Notes due February 2012 relating to the Dow Jones Eurostoxx 50 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$60,000,000,000 Euro Medium-Term Note Retail Program | XS0282208049 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR2,650.00/ $3,750.01/ 4.41666667% | 9 Feb. 2012 | $3,760.63/ 4.41666667% |

## Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York | | **LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000050005  |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

FOR COURT USE ONLY

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Demetrio Jiménez Sánchez Felicísima Gutiérrez Zarzuelo Avda Polonia, 310 Buzón 109 03130 Gran Alacant-Santa Pola Alicante Spain Telephone number: 966 69 96 98    Email Address: | ☐ Check this box to indicate that this claim amends a previously filed claim. Court Claim Number: _____ (If known) Filed on: _____ |
|---|---|
| Name and address where payment should be sent (if different from above) Telephone number:    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

**Amount of Claim:** $ 84.906,00

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

**International Securities Identification Number (ISIN):**    XS0282208049

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

**Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:**

**Clearstream Bank Blocking Number:**    CA01153

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

**Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:**

**Clearstream Bank:**    16632

| 5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions. | FOR COURT USE ONLY |
|---|---|
| Date. 26-10-2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. | FILED / RECEIVED OCT 27 2009 |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgement or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the creditor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

**Lehman Brothers Holdings Claims Processing**
**c/o Epiq Bankruptcy Solutions, LLC**
**FDR Station, PO Box 5076**
**New York, NY 10150-5076**

**Lehman Programs Security**
Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009.

## INFORMATION

**Acknowledgement of Filing a Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

