UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                           :    Chapter 11 Case No.
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                    :
                                                          Debtors.        :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED EIGHTY-SIXTH
### OMNIBUS OBJECTION TO CLAIMS (ASSIGNED CONTRACT CLAIMS)

Upon the two hundred eighty-sixth omnibus objection to claims, dated April 16, 2012 (the "Two Hundred Eighty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for certain entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Assigned Contract Claims on the grounds that they assert claims related to contracts for which the Chapter 11 Estates do not have liability, all as more fully described in the Two Hundred Eighty-Sixth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Eighty-Sixth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Eighty-Sixth Omnibus Objection to Claims.

Hundred Eighty-Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Eighty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Eighty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Eighty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Assigned Contract Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Plan Administrator has withdrawn without prejudice the Two Hundred Eighty-Sixth Omnibus Objection to Claims with respect to the claim listed on Exhibit 2 hereto; and it is further

ORDERED that the Plan Administrator has adjourned to June 28, 2012 (or as may be further adjourned by the Plan Administrator) the Two Hundred Eighty-Sixth Omnibus Objection to Claims with respect to the claim listed on Exhibit 3 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Eighty-Sixth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
May 31, 2012

                                      *s/ James M. Peck*
                                      HONORABLE JAMES M. PECK
                                      UNITED STATES BANKRUPTCY JUDGE