UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                                          :     Chapter 11 Case No.
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :     08-13555 (JMP)
                                                                                    :
                                            Debtors.                 :     (Jointly Administered)
-------------------------------------------------------------------x

### SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' TWO HUNDRED THIRTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the two hundred thirty-third omnibus objection to claims, dated November 8, 2011 (the "Two Hundred Thirty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the Two Hundred Thirty-Third Omnibus Objection to Claims; and due and proper notice of the Two Hundred Thirty-Third Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Thirty-Third Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Two Hundred Thirty-Third Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Thirty-Third Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Thirty-Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on <u>Exhibit 1</u> annexed hereto is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Debtors have adjourned *sine die* the Two Hundred Thirty-Third Omnibus Objection to Claims with respect to the claims listed on <u>Exhibit 2</u> annexed hereto; and it is further

ORDERED that the Debtors have adjourned to June 28, 2012 (or as may be further adjourned by the Debtors) the Two Hundred Thirty-Third Omnibus Objection to Claims with respect to the claims listed on <u>Exhibit 3</u> annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No Liability Derivatives Claims listed on <u>Exhibit 1</u>, <u>Exhibit 2</u>, and <u>Exhibit 3</u> annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred

Thirty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii) any claim listed on Exhibit A annexed to the Two Hundred Thirty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 23665], and (iii) any claim listed on Exhibit A annexed to the Two Hundred Thirty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Supplemental Order Granting Debtors' Two Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 24669]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
June 1, 2012

*s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge