**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### ORDER GRANTING DEBTORS' TWO HUNDRED SIXTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred sixty-second objection to claims, dated February 6, 2012 (the "Two Hundred Sixty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the grounds that they assert claims for which the Debtors have no liability, all as more fully described in the Two Hundred Sixty-Second Omnibus Objection to Claims; and due and proper notice of the Two Hundred Sixty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for Region 2; (vi) the claimants listed on Exhibit A attached to the Two Hundred Sixty-Second Omnibus Objection to Claims; and (vii) all other parties

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Sixty-Second Omnibus Objection to Claims.

entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for

these cases [Docket No. 9635]; and it appearing that no other or further notice need to be

provided; and the Court having found and determined that the relief sought in the Two

Hundred Sixty-Second Omnibus Objection to Claims is in the best interests of the

Debtors, their estates, creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Sixty-Second Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Sixty-Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the No Liability Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the

Two Hundred Sixty-Second Omnibus Objection to Claims that does not appear on

Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.


Dated: New York, New York
       June 1, 2012

                                        _____s/ James M. Peck_____
                                        Honorable James M. Peck
                                        United States Bankruptcy Judge