**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                      :          **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :          **08-13555 (JMP)**
                                                           :
                              **Debtors.**          :          **(Jointly Administered)**
-------------------------------------------------------------------x

### SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the ninety-fifth omnibus objection to claims, dated February 14, 2011 (the "Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, all as more fully described in the Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Ninety-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-Fifth Omnibus Objection to Claims.

for the Southern District of New York; (vi) the claimants listed on Exhibit A attached to

the Ninety-Fifth Omnibus Objection to Claims; and (vii) all other parties entitled to

notice in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be

provided; upon the resolution of the Responses of Brevan Howard Master Fund Limited

c/o Brevan Howard Asset Management LLP [Docket No. 15079] and SPCP Group LLC:

Transferor: Tiffany & Co. [Docket No. 14983]; and the Court having found and

determined that the relief sought in the Ninety-Fifth Omnibus Objection to Claims is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Ninety-Fifth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Claim Amount" and reclassified to the classification listed

under the column heading "Modified Class" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Ninety-

Fifth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.


Dated: New York, New York
       June 1, 2012


                                              *s/ James M. Peck*
                                              Honorable James M. Peck
                                              United States Bankruptcy Judge