HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*       :    **08-13555 (JMP)**
                                                   :
                          **Debtors.**             :    **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases filed the three hundred fifth omnibus

objection to claims (the "Three Hundred Fifth Omnibus Objection to Claims"), and that a

hearing (the "Hearing") to consider the Three Hundred Fifth Omnibus Objection to Claims will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601

of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time),** or as soon

thereafter as counsel may be heard.

            **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the

Bankruptcy Court (a) electronically in accordance with General Order M-242 (which can be

found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system,

and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document

Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard

copy delivered directly to Chambers), in accordance with General Order M-182 (which can be

found at www.nysb.uscourts.gov), and served in accordance with General Order M-242, and on

(i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York

10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth

Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq.,

and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed and received by no

later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,       :    08-13555 (JMP)
                                             :
                          Debtors.           :    (Jointly Administered)
-------------------------------------------------------------------x
```

### THREE HUNDRED FIFTH OMNIBUS
### OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
> CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
> THIS THREE HUNDRED FIFTH OMNIBUS OBJECTION TO
> CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE
> IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
> OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED
> THERETO TO DETERMINE WHETHER THIS OBJECTION
> AFFECTS THEIR CLAIM(S).
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT
> LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
> JORDAN BRYK, AT 212-310-8034.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"),

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in

the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"),

respectfully represents:

**Relief Requested**

1.      The Plan Administrator files this three hundred fifth omnibus

objection to claims (the "Three Hundred Fifth Omnibus Objection to Claims"), pursuant

to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of

claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664],

seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim

identified on Exhibit A and has determined that the proofs of claim listed under the

heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative

Claims") are duplicative, either entirely or in substance, of the corresponding claims

identified under the heading "*Surviving Claims*" (collectively, the "Surviving Claims").

The Plan Administrator seeks the disallowance and expungement from the Court's claims

register of the Duplicative Claims and preservation of the Plan Administrator's right to

later object to any Surviving Claim on any basis.

3.     This Three Hundred Fifth Omnibus Objection to Claims does not affect any of the Surviving Claims and does not constitute any admission or finding with respect to any of the Surviving Claims.  Further, the Plan Administrator reserves all its rights to object on any basis to any Duplicative Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.     Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.     On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.     On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.

8.     Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Duplicative Claims Should Be Disallowed and Expunged

9.      In reviewing the claims filed on the claims register in these cases
and maintained by the Court-appointed claims agent, the Plan Administrator has
identified the claims on Exhibit A as Duplicative Claims that are either exact duplicates
or are in substance duplicates of the corresponding Surviving Claims.  Specifically, the
Duplicative Claims were filed by the same claimants against the same Chapter 11 Estates,
in most instances for the same dollar amounts, and on account of the same obligations as
the corresponding Surviving Claims.

10.      A filed proof of claim is "deemed allowed, unless a party in
interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the
claim's essential allegations is asserted, the claimant has the burden to demonstrate the
validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009);
*In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS
660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524,
539 (Bankr. S.D.N.Y. 2000).

11.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant
part, that a claim may not be allowed to the extent that "such claim is unenforceable
against the debtor and property of the debtor, under any agreement or applicable law."
11 U.S.C. § 502(b)(1).  Accordingly, courts in the Southern District of New York
routinely disallow and expunge duplicative claims filed by the same creditor against the
same debtors.  *See, e.g.*, *In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL
3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); *In re Best
Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y.

Dec. 11, 2002) (expunging duplicate claim); *In re Drexel Burnham Lambert Group, Inc.*,

148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

12.    The Chapter 11 Estates cannot be required to pay on the same

claim more than once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg,*

*Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy,

multiple recoveries for an identical injury are generally disallowed.").  Elimination of

redundant claims will enable the Plan Administrator to maintain a claims register that

more accurately reflects the proper claims existing against the Chapter 11 Estates.

13.    The effective date for the Plan has occurred and the initial

distributions commenced on April 17, 2012.  It would be inequitable and inappropriate

for holders of claims subject to this objection to receive distributions on account of

Duplicative Claims.  Accordingly, to avoid the possibility of a creditor receiving

duplicative or multiple recoveries on its claim, the Plan Administrator requests that the

Court disallow and expunge in their entirety the Duplicative Claims listed on <u>Exhibit A</u>.[1]

The Surviving Claims will remain on the claims register subject to further objections on

any basis.

<u>**Notice**</u>

14.    No trustee has been appointed in these chapter 11 cases.  Notice of

this Three Hundred Fifth Omnibus Objection to Claims has been provided to (i) the

United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii)

the Internal Revenue Service; (iv) the United States Attorney for the Southern District of

---

[1] Where a creditor has filed different documentation in support of the Duplicative Claim and the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having been filed in support of the Surviving Claim.

New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

15.    No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## EXHIBIT A

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 305: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 1 | **BANK LEUMI LE-ISRAEL B.M.**<br>**ATTN: PROF DANIEL TSIDDON, HEAD OF CAPITAL MARKETS DIVISION**<br>**35 YEHUDA HALEVI STREET**<br>**TEL AVIV, 65136**<br>**ISRAEL** | 09/22/2009 | 08-13555 (JMP) | 28333 | $102,170,000.00* | **DEUTSCHE BANK AG, LONDON BRANCH**<br>**TRANSFEROR: BANK LEUMI LE-ISRAEL B.M.**<br>**ATTN: MICHAEL SUTTON**<br>**WINCHESTER HOUSE, 1 GREAT WINCHESTER STREET**<br>**LONDON, EC2N 2DB**<br>**UNITED KINGDOM**<br><br>**TRANSFERRED TO: REDWOOD MASTER FUND, LTD.**<br>**TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH**<br>**ATTN: JONATHAN KOLATCH AND RUBEN KLIKSBERG**<br>**910 SYLVAN AVENUE**<br>**ENGLEWOOD CLIFFS, NJ 07632**<br><br>**TRANSFERRED TO: ALTUNED HOLDINGS LLC**<br>**TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH**<br>**C/O RICHARDS KIBBE & ORBE**<br>**ATTN: LARRY HALPERIN**<br>**ONE WORLD FINANCIAL CENTER**<br>**NEW YORK, NY 10281** | 11/02/2009 | 08-13555 (JMP) | 64025 | $103,317,600.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 305: EXHIBIT A – DUPLICATIVE CLAIMS

| CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| | | | | | TRANSFERRED TO: CVF LUX SECURITIES TRADING S.A.R.L. TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH C/O CARVAL INVESTORS UK LIMITED KNOWLE HILL PARK, FAIRMILE LANE COBHAM, SURREY, KT11 2PD UNITED KINGDOM TRANSFERRED TO: BARCLAYS BANK PLC TRANSFEROR: DEUTSCHE BANK AG, LONDON BRANCH ATTN: SAMPSON DEALLIE 70 HUDSON STREET, 7TH FLOOR JERSEY CITY, NJ 07302 | | | | |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 305: EXHIBIT A – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 2 | BANK OF EAST ASIA LTD ATTN:CORPORATE LENDING #AMPER SYNDICATION DEPT THE BANK OF E ASIA, LTD 18/F, BANK OF E ASIA BLDG 10 DES VOEUX RD HONG KONG | 09/11/2009 | 08-13555 (JMP) | 11500 | $90,000,000.00 | GFA I LLC TRANSFEROR: GOLDMAN, SACHS & CO. C/O ASHURST LLP, ATTN: AMANDA GOEHRING TIMES SQUARE TOWER, 7 TIMES SQUARE NEW YORK, NY 10036 TRANSFERRED TO: LEHMAN BROTHERS SPECIAL FINANCING INC. C/O WILLIAM J. FOX TRANSFEROR: BERYL FINANCE LIMITED SERIES 2005-4 LEHMAN BROTHERS HOLDINGS INC. 1271 AVENUE OF THE AMERICAS; 40TH FLOOR NEW YORK, NY 10020 | 10/30/2009 | 08-13555 (JMP) | 58094 | $50,436,511.60 |
| | | | | | | GFA I LLC TRANSFEROR: GOLDMAN, SACHS & CO. C/O ASHURST LLP, ATTN: AMANDA GOEHRING TIME SQUARE TOWER, 7 TIMES SQUARE NEW YORK, NY 10036 | 10/30/2009 | 08-13555 (JMP) | 58091 | $40,041,066.67 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 305: EXHIBIT A – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 3 | LEHMAN BROTHERS JAPAN INC TRANSFEROR: LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ROPPONGI HILLS MORI TOWER 37F ATTENTION: MASAKI KANEHYO 6-10-1 ROPPONGI, MINATO-KU TOKYO, 106-6137, | 11/02/2009 | 08-13555 (JMP) | 62783[1] | $19,243,076.00 | LEHMAN BROTHERS JAPAN INC. ATTN: KUMIKO KATO, JULIE GREENALL-OTA ROPPONGI HILLS MORI TOWER, 6-10-1 ROPPONGI, MINATO-KU TOKYO, 106-6137 JAPAN | 10/29/2009 | 08-13555 (JMP) | 55723 | $4,790,391.00 |
| 4 | MALEVRI, MARIA AND ADAMANTOPOULOS, GEORGIOS C/O J.P. MORGAN (SUISSE) SA ATTN: CORPORATE ACTIONS DEPARTMENT 8, RUE DE LAW CONFEDERATION, PO BOX 5160 1211 GENEVA 11 SWITZERLAND | 09/21/2009 | 08-13555 (JMP) | 25132 | $140,040.00* | J.P. MORGAN ( SUISSE ) SA ATTN: CORPORATE ACTION DEPARTMENT RUE DE LA CONFEDERATION 8 GENEVA, 1204 SWITZERLAND | 10/30/2009 | 08-13555 (JMP) | 59849 | $19,764,712.00 |
| | | | TOTAL | | $211,553,116.00 | | | | | |

[1] Claim 62783 is being expunged solely with respect to the $19,243,076.00 portion of the claim that is owned by Lehman Brothers Japan Inc. The remaining portion of Claim 62783 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 62783 are reserved.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                          :        **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                               :
                             **Debtors.**      :        **(Jointly Administered)**
----------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FIFTH**
**OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)**

Upon the three hundred fifth omnibus objection to claims, dated June 4,

2012 (the "Three Hundred Fifth Omnibus Objection to Claims"),[2] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States

Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement

of the duplicative claims on the grounds that such claims are duplicative of the

corresponding surviving claims, either exactly or in substance, all as more fully described

in the Three Hundred Fifth Omnibus Objection to Claims; and due and proper notice of

the Three Hundred Fifth Omnibus Objection to Claims having been provided, and it

appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Three Hundred Fifth Omnibus Objection to

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Three Hundred Fifth Omnibus Objection to Claims.

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect

to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three Hundred Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative Claim in these chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE