HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    08-13555 (JMP)
                                             :
                    Debtors.                 :    (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SIXTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

     **PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

US_ACTIVE:\44015913\6\58399.0008

certain entities in the in the above-referenced chapter 11 cases, filed the three hundred sixth omnibus objection to claims (the "Three Hundred Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.); so as to be so filed

2

and received by no later than **July 6, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

                        /s/ Jacqueline Marcus
                        Jacqueline Marcus
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Lehman Brothers Holdings Inc.
                        and Certain of Its Affiliates

US_ACTIVE:\44015913\6\58399.0008

HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THREE HUNDRED SIXTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**THIS THREE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIC D. KASENETZ, AT 212-310-8737.**

US_ACTIVE:\44015913\6\58399.0008

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred sixth omnibus objection to claims (the "Three Hundred Sixth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined each proof of claim identified on Exhibit A (collectively, the "No Liability Claims") and has determined that the applicable Chapter 11 Estate against which the claim is asserted has no liability for any part of the claim. The Plan Administrator, therefore, requests the No Liability Claims be disallowed and expunged in their entirety.

3. The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The No Liability Claims Should Be Disallowed and Expunged**

8. As a result of its review of the claims filed on the claims register in these chapter 11 cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the No Liability Claims as claims for which the Chapter 11 Estate against which the claim is filed does not have any liability.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, section

3

502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

10. The Plan Administrator has evaluated the transactions underlying the No Liability Claims and the books and records of the Chapter 11 Estates. The No Liability Claims are asserted against Chapter 11 Estates that are not liable on any grounds for such claims. As described further on Exhibit A, the No Liability Claims do not set forth any legal justification for asserting a claim against the applicable Chapter 11 Estates.

11. The Effective Date has occurred and distributions began on April 17, 2012. If the No Liability Claims remain on the claims register, the potential exists for recoveries by parties who do not hold valid claims against the Chapter 11 Estates. Accordingly, the Plan Administrator respectfully requests that the Court disallow and expunge the No Liability Claims in their entirety.

**Notice**

12. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this Three Hundred Sixth Omnibus Objection to Claims on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

4

13. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

5

# EXHIBIT A

US_ACTIVE:\44015913\6\58399.0008

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 306: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 1 | ACI WORLDWIDE (MA)<br>6060 COVENTRY DRIVE<br>ELKHORN, NE 68022-6482 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 24961 | $223,464.37 | Claim 24961 identifies Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity, as the entity liable under the claim. |
| 2 | ACTIV FINANCIAL SYSTEMS, INC.*<br>125 SOUTH WACKER DRIVE, SUITE 2325<br>CHICAGO, IL 60606 | | Lehman No Case Asserted/All Cases Asserted | 6085 | $30,850.75 | Claim 6085 is based on a transaction between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction. |
| 3 | AMM'S LIMOUSINE SERVICE, INC.<br>4320 DI PAOLO CENTER<br>GLENVIEW, IL 60025-5201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4701 | $4,790.99 | Claim 4701 is based on a transaction between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction. |
| 4 | CHIMNEY ROCK WINERY LLC<br>MICHAEL BRAGA<br>5350 SILVERADO TRAIL<br>NAPA, CA 94559 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 582 | $8,072.00 | Claim 582 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 5 | CIBER, INC<br>6363 S FIDDLERS GREEN CIR STE 1400<br>ENGLEWOOD, CO 801115024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7080 | $1,395.73 | Claim 7080 identifies Aurora Loan Services, Inc. (now known as Aurora Loan Services, LLC), a non-Debtor entity, as the entity liable under the claim. |
| 6 | CLAREN ROAD CREDIT MASTER FUND, LTD<br>C/O SEWARD & KISSEL LLP<br>ATTN: JUSTIN SHEARER, ESQ<br>ONE BATTERY PARK PLAZA<br>NEW YORK, NY 10004-1485 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 33474 | $10,410,000.00 | Claim 33474 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 7 | CONTRARIAN FUNDS, LLC<br>TRANSFEROR: NATIONAL ECONOMIC RESEARCH ASSOCIATES<br>ATTN: ALISA MUMOLA<br>411 WEST PUTNAM AVENUE, SUITE 425<br>GREENWICH, CT 06830 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 8767 | $72,256.73 | Claim 8767 is based on a transaction or transactions between claimant and Lehman Brothers Inc. Lehman Brothers OTC Derivatives Inc. has no liability to claimant relative to such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 306: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 8 | DAVIS LANDSCAPING, LTD. ASHLEY WILSON VALLEYCREST COMPANIES 24151 VENTURA BLVD CALABASAS, CA 91302 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4740 | $15,000.00 | Claim 4740 is based on a transaction or transactions between claimant and a non-Debtor entity. LBHI has no liability to claimant relative to such transaction or transactions. |
| 9 | ENERGY SERVICES GROUP INC PO BOX 545 ROCKLAND, MA 02370 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 6645 | $89,125.00 | Claim 6645 identifies Lehman Power Services LLC, a non-Debtor entity, as the entity liable under the claim. |
| 10 | FEDOR & FEDOR 54 CRAFTSMAN VIEW DR ASHVILLE, NC 28804-8813 | 08-13902 (JMP) | Lehman Brothers Financial Products Inc. | 8235 | $16,220.74 | Claim 8235 is based on a transaction or transactions between claimant and a party other than Lehman Brothers Financial Products Inc. Lehman Brothers Financial Products Inc. has no liability to claimant relative to such transaction or transactions. |
| 11 | FOUR SEASONS SILICON VALLEY ATTN: EVA HAKOVA, ASST. DIR OF FINANCE 2050 UNIVERSITY AVENUE PALO ALTO, CA 94303 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6164 | $40,549.46 | Claim 6164 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 12 | GELBER GROUP, LLC ATTN: ACCOUNTING DEPT. 141 W. JACKSON BLVD., STE. 2100A CHICAGO, IL 60604 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3159 | $158,622.95 | Claim 3159 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 13 | GEOTEXT TRANSLATIONS, INC. 259 W 30TH STREET, 17TH FLOOR NEW YORK, NY 10001 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1336 | $44,778.59 | Claim 1336 is based on a transaction or transactions between claimant and LBAYK. LBHI has no liability to claimant relative to such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 306: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 14 | HAYNSWORTH SINKLER BOYD P.A. STANLEY H. MCGUFFIN, ESQ. PO BOX 11889 COLUMBIA, SC 29201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4203 | $31,969.90 | Claim 4203 is based on a transaction or transactions between claimant and an entity other than LBHI. LBHI has no liability to claimant relative to such transaction or transactions. |
| 15 | INCONIT CORPORATION 1162 CAMINO VALLECITO LAFAYETTE, CA 94549 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 76 | $43,444.29 | Claim 76 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 16 | LAW OFFICES OF FRANCES C. BERGER 225 BROADWAY STE 1610 NEW YORK, NY 10007-3760 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3780 | $57,288.20 | Claim 3780 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 17 | LONDON BUSINESS SCHOOL TRADING COMPANY L REGENT'S PARK LONDON, NW1 4SA UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10354 | $84,614.40 | Claim 10354 identifies Lehman Brothers Holdings Plc, a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 18 | LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION 433 METAIRIE ROAD, SUITE 600 METAIRIE, LA 70005 | | Lehman No Case Asserted/All Cases Asserted | 36856 | $2,587,212.95 | Claim 36856 identifies Lehman Re Ltd, a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 19 | MAINE, JOHN DAVENPORT 63 WEST SHORE ROAD BELVEDERE, CA 94920 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3553 | $99,922.55 | Claim 3553 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |

## OMNIBUS OBJECTION 306: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 20 | MICHIGAN TOBACCO SETTLEMENT FINANCE AUTHORITY<br>PO BOX 30754<br>LANSING, MI 48909 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 14803 | $4,772,320.00 | Claim 14803 asserts a claim based on that certain reserve fund agreement. The claimant is not a signatory of or a party to that certain reserve fund agreement, and as such, LBSF is not liable to the claimant under the agreement. |
| 21 | MICHIGAN TOBACCO SETTLEMENT FINANCE AUTHORITY<br>PO BOX 30754<br>LANSING, MI 48909 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 14804 | $4,772,320.00 | Claim 14804 asserts a claim based on that certain reserve fund agreement. The claimant is not a signatory of or a party to that certain reserve fund agreement, and as such, LBHI is not liable to the claimant under the agreement. |
| 22 | MITSUI COMPANY<br>14-32 AKASAKA 2 CHOME<br>MINATO-KU<br>TOKYO, 107-0052<br>JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 67195 | $6,880.00 | Claim 67195 identifies Lehman Re Ltd, a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 23 | NETALYTICS<br>C/O ISDA<br>360 MADISON AVENUE, 16TH FLOOR<br>NEW YORK, NY 10017 | | Lehman No Case Asserted/All Cases Asserted | 18220 | $33,000.00 | Claim 18220 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 24 | PELLERANO & HERRERA<br>J F KENNEDY 4TH FLOOR<br>SANTO DOMINGO<br>APARTADO POSTAL 20682 DOM,<br>DOMINICAN REPUBLIC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11083 | $31,461.08 | Claim 11083 is based on a transaction or transactions between claimant and an entity other than LBHI. LBHI has no liability to claimant relative to such transaction or transactions. |
| 25 | RIGHT MANAGEMENT, INC.<br>ATTN: PRINCE ALTEE THOMAS, ESQ.<br>FOX ROTHSCHILD LLP<br>200 MARKET STREET, 10TH FLOOR<br>PHILADELPHIA, PA 19103-3291 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5504 | $79,200.00 | Claim 5504 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 306: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 26 | TARRYTOWN HOUSE<br>49 EAST SUNNYSIDE LANE<br>PO BOX 222<br>TARRYTOWN, NY 10591 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9559 | $50,711.49 | Claim 9559 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction or transactions. |
| 27 | VIEIRA DE ALMEIDA & ASSOCIADOS<br>MOURINHO DE SILVEIRA 10<br>LISBON, 125-0167<br>PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6188 | $31,695.75 | Claim 6188 identifies Lehman Brothers International (Europe), a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 28 | WINNING MIND, LLC<br>1010 UNIVERSITY AVE., #265<br>SAN DIEGO, CA 92103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1428 | $20,695.62 | Claim 1428 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction or transactions. |
| 29 | ZURICH AMERICAN INSURANCE COMPANY, ET AL<br>ATTENTION: MARY PERLICK<br>9TH FLOOR, TOWER 2<br>1400 AMERICAN LANE<br>SCHAUMBURG, IL 60196 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5 | Undetermined | Claim 5 is based on surety bonds issued on behalf of LBHI.  All premiums related to such bonds have been paid, and all such bonds have been cancelled.  Moreover, the obligees related to the surety bonds have, where necessary, provided releases to claimant with respect to such bonds.  Therefore, LBHI has no liability for this claim. |
| | | | | TOTAL | $23,817,863.54 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                          :         Chapter 11 Case No.
                                                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                                                                    :
                                                    Debtors.              :         (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred sixth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Claims on the basis that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Sixth Omnibus Objection to Claims.

US_ACTIVE:\44015913\6\58399.0008

set forth in the Three Hundred Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Sixth Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                                                          _____
                                                                          UNITED STATES BANKRUPTCY JUDGE