HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                                     :     **Chapter 11 Case No.**
                                                          :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,              :     **08-13555 (JMP)**
                                                          :
                          Debtors.                        :     **(Jointly Administered)**
---------------------------------------------------------------x

**NOTICE OF HEARING ON THE THREE HUNDRED EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.,

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter

US_ACTIVE:\44014781\04\58399.0011

11 cases, filed the three hundred eighth omnibus objection to claims (the "Three Hundred Eighth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Eighth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Eighth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for Lehman Brothers Holdings Inc., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq., and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Eighth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Eighth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                     :    08-13555 (JMP)
                                                                 :
                           Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (WARRANT CLAIMS)**

---

**THIS OBJECTION SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED EIGHTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., ADAM M. LAVINE, AT 212-310-8290.**

---

US_ACTIVE:\44014781\04\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases, respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred eighth omnibus objection to claims (the "Three Hundred Eighth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to reduce and allow the claims listed on Exhibit A annexed hereto.

2. Prior to the Commencement Date (as defined below), LBHI issued various series of warrants (the "Warrants")[1] to investors. The Warrants' governing documents provide that the Warrants' return at maturity is derived from or linked to the performance of certain hedge funds.

3. The Plan Administrator has examined the proofs of claim identified on Exhibit A (the "Warrant Claims") that are based, in whole or in part, on Warrants, and has determined that the Warrant Claims should be reduced and allowed to the extent that they relate to Warrants because the amounts listed on the proofs of claim are greater than the fair, accurate,

---

[1] The Warrants include (i) the 5-Year Cash-Settled Call Warrants linked to the Limited Partnership Interests of Highbridge Capital L.P., (ii) the call warrants linked to Millennium USA LP and bearing CUSIP number 524935111, and (iii) the call warrants linked to DE Shaw Oculus Fund and bearing CUSIP number 52520W143.

and reasonable values of the applicable Warrants, as determined by the Plan Administrator after a review of the relevant Warrants, the claimants' supporting documentation, and LBHI's books and records.[2] The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each such claim to the amount listed on Exhibit A under the column heading "*Modified Amount*," and allow each such claim only to the extent of such modified amount.

4.  The Plan Administrator reserves its rights to object to any Warrant Claim on any other basis as to which the Court does not grant the relief requested herein.

**Jurisdiction**

5.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

6.  Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

---

[2] The Three Hundred Eighth Omnibus Objection to Claims is only seeking to establish the allowed claim amount for the portion of the Warrant Claims that relate to Warrants. The Three Hundred Eighth Omnibus Objection to Claims does not have any effect on the portions of the Warrant Claims that are based on claims other than Warrants.

8.      On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against LBHI.

### The Warrant Claims Should be Reduced and Allowed

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition."  11 U.S.C. § 502(b).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

10.     In their proofs of claim, many of the holders of the Warrant Claims asserted either liquidated or unliquidated claim amounts based on account statements and/or price statements provided to such holders by Lehman Brothers Inc. prior to the Commencement Date.  Such statements purport to reflect the fair market value of the Warrants as of various dates prior to the Commencement Date.  Other holders of the Warrant Claims asserted claim amounts based on either (i) the notional amount of the Warrants or (ii) the purchase price of the Warrants.[3]  The foregoing amounts are not the correct measure of the value of the Warrant

---

[3] The purchase price of the Warrants includes the notional amount of the Warrants plus certain other fees and/or commissions related to the purchase of the Warrants.

Claims because they do not reflect the fair market value of the Warrants as of the Commencement Date. *See* 11 U.S.C. § 502(b).

11. As noted above, the fair market value of each Warrant is tied to the performance of certain hedge funds (the "Underlyings"). Prior to the Commencement Date, LBHI regularly updated its books and records, based on all relevant information available to LBHI on such date concerning the value of the relevant Underlyings, to reflect the fair market value of the Warrants. Therefore, on the Commencement Date, LBHI's books and records reflected the fair market value of the Warrants as of such date.

12. The amounts listed on Exhibit A under the column heading "*Modified Amount*" represent the fair, accurate, and reasonable value of the Warrant Claims as reflected in LBHI's books and records on the Commencement Date. The holders of the Warrant Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Plan Administrator requests that the Court reduce each Warrant Claim to the amount listed on Exhibit A under the column heading "*Modified Amount*" and allow each such claim only to the extent of such modified amount.

**Notice**

13. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Three Hundred Eighth Omnibus Objection to Claims on: (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to this Three Hundred Eighth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth

in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by LBHI or the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**EXHIBIT A**

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 308: EXHIBIT A - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BECKER, DAVID A. | 28301 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $229,349.90 | Lehman Brothers Holdings Inc. | Unsecured | $186,704.57 |
| 2 | BIEBER, SANDER M. AND LINDA E. ROSENZWEIG<br>3217 FARMINGTON DRIVE<br>CHEVY CHASE, MD 20815 | 15385 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $100,883.52 |
| 3 | CASE, JOHN<br>153 DOSORIS LANE<br>GLEN COVE, NY 11542 | 16248 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $168,139.20 |
| 4 | ESTATE OF HAROLD SNYDER<br>555 MADISON AVE STE 1302<br>NEW YORK, NY 10022-3406 | 18629 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $388,209.90 | Lehman Brothers Holdings Inc. | Unsecured | $313,259.57 |
| 5 | LANGER INVESTMENT PARTNERS<br>5144 E. PALOMINO ROAD<br>PHOENIX, AZ 85018 | 15406 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $168,139.20 |
| 6 | LESLIE STEPPEL WEISBROD TRUST DTD 6/27/1990<br>369 WHIPPOORWILL ROAD<br>CHAPPAQUA, NY 10514 | 19325 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $160,501.90 | Lehman Brothers Holdings Inc. | Unsecured | $130,658.17 |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 308: EXHIBIT A - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | LESLIE STEPPEL WEISBROD TRUST DTD 6/27/1990<br>369 WHIPPOORWILL ROAD<br>CHAPPAQUA, NY 10514 | 19378 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $114,778.00 | Lehman Brothers Holdings Inc. | Unsecured | $88,588.50 |
| 8 | LIGHTEN, WILLIAM E. | 28231 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $183,307.80* | Lehman Brothers Holdings Inc. | Unsecured | $149,223.54 |
| 9 | MCGEE III, HUGH E | 31078 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $229,349.90 | Lehman Brothers Holdings Inc. | Unsecured | $186,704.57 |
| 10 | MCGEE, HUGH | 31079 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $133,484.00 | Lehman Brothers Holdings Inc. | Unsecured | $101,244.00 |
| 11 | SHEHADI, FREDERICK S. JR.<br>4000 GULFSHORE BLVD N. # 300<br>NAPLES, FL 34103-3428 | 15756 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $81,986.40 | Lehman Brothers Holdings Inc. | Unsecured | $63,277.50 |
| 12 | SNYDER, BERYL<br>555 MADISON AVE STE 1302<br>NEW YORK, NY 10022-3106 | 18631 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |
| 13 | SNYDER, BRIAN<br>555 MADISON AVE STE 1302<br>NEW YORK, NY 10022-3406 | 18630 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |

\* Indicates claim contains unliquidated and/or undetermined amounts

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 308: EXHIBIT A - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED

| | NAME | CLAIM # | FILED DATE | DEBTOR (ASSERTED) | CLASS (ASSERTED) | AMOUNT (ASSERTED) | DEBTOR (MODIFIED) | CLASS (MODIFIED) | AMOUNT (MODIFIED) |
|---|---|---|---|---|---|---|---|---|---|
| 14 | SNYDER, JAY<br>555 MADISON AVE STE 1302<br>NEW YORK, NY 10022-3406 | 18651 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |
| 15 | TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128<br><br>TRANSFERRED TO:<br>TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128<br><br>TRANSFERRED TO:<br>TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128 | 3962 | 04/27/2009 | Lehman Brothers Holdings Inc. | Unsecured | $196,760.15 | Lehman Brothers Holdings Inc. | Unsecured | $151,866.00 |
| 16 | VLASIC INVESTMENTS, L.L.C.<br>C/O MICHAEL A. VLASIC<br>38710 NORTH WOODWARD SUITE 100<br>BLOOMFIELD HILLS, MI 48304 | 16331 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $517,591.90 | Lehman Brothers Holdings Inc. | Unsecured | $439,076.75 |

\* Indicates claim contains unliquidated and/or undetermined amounts

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 308: EXHIBIT A - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED**

|    | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | DEBTOR | MODIFIED CLASS | AMOUNT |
|----|------|---------|------------|--------|----------------|--------|--------|----------------|--------|
| 17 | WARD, KEVIN A. (ID 4000001738) C/O MARK E. LEIPOLD GOULD & RATNER LLP 222 N. LASALLE ST., STE 800 CHICAGO, IL 60601 | 40502 | 10/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $91,653.90 | Lehman Brothers Holdings Inc. | Unsecured | $74,611.77 |
| 18 | WECKER, JEFFREY | 29718[1] | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $74,611.77 |
|    |      |         |            |        |                | **TOTAL $2,792,567.45** |        | **TOTAL** | **$2,772,689.94** |

---

[1] Only the portion of Claim 29718 relating to the security identified by ISIN 52520W143 is subject to the Three Hundred Eighth Omnibus Objection to Claims. All other claim components that are not already expunged may remain active on the claims register, subject to the Plan Administrator's rights to object to any remaining portions of Claim 29718.

**\* Indicates claim contains unliquidated and/or undetermined amounts**                                                                 **Page 4 of 4**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                           :     Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :     08-13555 (JMP)
                                                :
                    Debtors.                    :     (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

Upon the three hundred eighth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to reduce and allow the Warrant Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Plan Administrator after a review of the claimants' supporting documentation and LBHI's books and records, all as more fully described in the Three Hundred Eighth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Eighth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighth Omnibus Objection to Claims.

all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Warrant Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the amount set forth on Exhibit 1 under the column heading "*Modified Amount*," and any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other affect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Eighth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
            New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE