HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                  :     Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,:     08-13555 (JMP)
                                       :
            Debtors.                   :     (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED NINTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

US_ACTIVE:\44015145\02\58399.0003

(the "Plan"), filed its three hundred ninth omnibus objection to claims (the "Three Hundred Ninth Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Ninth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq., and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Ninth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Ninth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  June 4, 2012
       New York, New York

                          /s/ Jacqueline Marcus
                          Jacqueline Marcus
                          Robert J. Lemons

                          WEIL, GOTSHAL & MANGES LLP
                          767 Fifth Avenue
                          New York, New York 10153
                          Telephone: (212) 310-8000
                          Facsimile: (212) 310-8007

                          Attorneys for Lehman Brothers Holdings Inc.
                          and Certain of Its Affiliates

**HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,         : 08-13555 (JMP)
                                                     :
                          Debtors.                   : (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED NINTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1.  The Plan Administrator files this three hundred ninth omnibus objection to claims (the "Three Hundred Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.  The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed on Exhibit A (collectively, the "Settled Derivatives Claims") should be disallowed and expunged, to the extent set forth therein, as contrary to the settlements into which the parties have entered. Pursuant to this Court's order approving procedures for the settlement or assumption and assignment of prepetition derivatives contracts (the "December Order") [Docket No. 2257], claimants and the Chapter 11 Estates have negotiated settlements of disputes related to derivatives claims. These settlements provide for resolution of the derivatives claims with a payment to the Chapter 11 Estates, with no amounts being due between the parties, or with the counterparty being granted a single allowed derivatives claim against one or more Chapter 11 Estate counterparties for a release of all other derivatives claims the claimant has asserted related thereto. The settlements are reflected in executed termination agreements among the relevant parties or have been agreed to by the relevant parties in other writings. The proofs of claim being objected to are not consistent with such settlements as they seek to recover amounts based on prepetition derivatives contracts for

2

which the applicable Chapter 11 Estate does not have liability.  The Plan Administrator, therefore, requests that the Court disallow and expunge the Settled Derivatives Claims.

### Jurisdiction

3.   This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4.   Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.   On December 16, 2008, the Court entered the December Order, which approved and established specific procedures by which the Chapter 11 Estates could settle claims arising from the termination of prepetition derivatives contracts.

6.   On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.   On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012 (the "Effective Date").

8.   Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Settled Derivatives Claims Should Be Disallowed and Expunged

9.   In its review of the claims filed on the claims register in these cases, the Plan Administrator has identified the claims listed on Exhibit A as being claims for which the

3

Chapter 11 Estates specifically negotiated a settlement with the claimants for (i) a payment to the Chapter 11 Estates, (ii) no payment by either party, or (iii) a single recovery against one or more Chapter 11 Estates in exchange for a release of all other related derivatives claims. The Settled Derivatives Claims are not consistent with the settlements.

10. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11. Pursuant to the December Order, the Chapter 11 Estates engaged in negotiations with certain claimants that had filed proofs of claim against the Chapter 11 Estates asserting obligations based on prepetition derivatives contracts. The Chapter 11 Estates and these claimants negotiated and agreed that these derivatives claims would be resolved by (i) no amounts being due between the parties, (ii) the claimants making a payment to the Chapter 11 Estates, or (iii) the claimant having a single allowed claim against one or more Chapter 11 Estate counterparties in exchange for a release of all other derivatives claims that it has asserted related thereto. The agreements are reflected in executed termination agreements or other writings. Furthermore, the Effective Date has occurred and distributions under the Plan commenced on April 17, 2012. It would be inequitable and inappropriate for holders of claims subject to this objection to receive distributions in contravention of the settlements to which they previously agreed. In order to properly reflect such agreements, the Plan Administrator requests that the

4

Court disallow and expunge the Settled Derivatives Claims listed on Exhibit A to the extent set forth therein.

**Notice**

12.     No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Ninth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

13.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
         New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 309: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC.<br>C/O RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25884 | $350,569.00 | No Liability - Derivative Settled |
| 2 | BERYL FINANCE LIMITED SERIES 2007-15<br>C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH<br>ATTN: SANAJAY JOBANPUTRA-VP, GLOBAL CORP. TRUST<br>ONE CANADA SQUARE<br>LONDON, E14 5AL<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17471 | Undetermined | No Liability - Derivative Settled |
| 3 | BERYL FINANCE LIMITED SERIES 2007-15<br>C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH<br>ATTN: SANAJAY JOBANPUTRA-VP, GLOBAL CORP. TRUST<br>ONE CANADA SQUARE<br>LONDON, E14 5AL<br>UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17473 | Undetermined | No Liability - Derivative Settled |
| 4 | EAST BAY MUNICIPAL UTILITY DISTRICT<br>ATTN: GARY BREAUX, DIRECTOR OF FINANCE<br>375 ELEVENTH STREET, MS 801<br>OAKLAND, CA 94607 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26497 | $144,705.25 | No Liability - Derivative Settled |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 309: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | EAST BAY MUNICIPAL UTILITY DISTRICT<br>375 ELEVENTH STREET, MS 801<br>ATTN: GARY BREAUX, DIRECTOR OF FINANCE<br>OAKLAND, CA 94607 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32175 | $144,705.25 | No Liability - Derivative Settled |
| 6 | JULIUS BAER MULTIBOND SICAV - LOCAL EMERGING BOND FUND<br>C/O RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25891 | $17,684,225.00 | No Liability - Derivative Settled |
| 7 | NEWS AMERICA INCORPORATED<br>C/O RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25887 | $522,631.00 | No Liability - Derivative Settled |
| 8 | PACIFICCORP RETIREMENT PLAN<br>C/O RICHARD CULL, LEGAL COUNSEL<br>AUGUSTUS ASSET MANAGERS LIMITED<br>12 ST. JAMES'S PLACE<br>LONDON, SW1A 1NX<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25889 | $476,828.00 | No Liability - Derivative Settled |
| | | | | | TOTAL | $19,323,663.50 | |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                                    :          Chapter 11 Case No.
                                                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :          08-13555 (JMP)
                                                                                            :
               Debtors.                                                        :          (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED NINTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

Upon the three hundred ninth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the grounds that the Settled Derivatives Claims are contrary to settlements that the parties have entered into, all as more fully described in the Three Hundred Ninth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Ninth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three Hundred Ninth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninth Omnibus Objection to Claims.

US_ACTIVE:\44015145\02\58399.0003

governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Ninth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled Derivatives Claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Ninth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                                             UNITED STATES BANKRUPTCY JUDGE