HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO REVALUE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                    Debtors.                    :    (Jointly Administered)
-----------------------------------------------------------------x
```

**NOTICE OF HEARING ON THREE HUNDRED TENTH
OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

US_ACTIVE:\44015134\02\58399.0003

(the "Plan"), filed its three hundred tenth omnibus objection to claims (the "Three Hundred Tenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Tenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Tenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq., and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq.,  and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44015134\02\58399.0003

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Tenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Tenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
       New York, New York

       /s/ Jacqueline Marcus
       Jacqueline Marcus
       Robert J. Lemons

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Lehman Brothers Holdings Inc.
       and Certain of Its Affiliates

**HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
In re                                                          :    Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :    08-13555 (JMP)
                                                               :
                              Debtors.                         :    (Jointly Administered)
-----------------------------------------------------------------x

**THREE HUNDRED TENTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

**THIS OBJECTION SEEKS TO REVALUE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), respectfully represents:

### Relief Requested

1. The Plan Administrator files this three hundred tenth omnibus objection to claims (the "Three Hundred Tenth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking to revalue and allow the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A and has determined that the proofs of claim listed on Exhibit A (collectively, the "Settled Derivatives Claims") should be revalued and allowed to the extent set forth therein. The claimants and the Chapter 11 Estates have negotiated settlements of disputes related to derivatives claims. The Plan Administrator, therefore, requests that the Court revalue each such claim to reflect the amount listed under the column heading *"Modified Amount."* The Plan Administrator further requests that the Court allow each such claim only to the extent of such Modified Amount.

### Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

4. Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the

Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012.

7. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Settled Derivatives Claims Should Be Revalued and Allowed**

8. In its review of the claims filed on the claims register in these cases, the Plan Administrator has identified the claims on Exhibit A as being claims for which the Chapter 11 Estates have specifically negotiated a settlement with the claimants for a total claim amount that is not the amount that is reflected on such claimants' proof of claim.

9. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

10. The Chapter 11 Estates engaged in negotiations with certain claimants that had filed proofs of claim against the Chapter 11 Estates asserting obligations based on prepetition derivatives contracts.  The Chapter 11 Estates and these claimants negotiated and

agreed to claim amounts that are not reflected on the proof of claim forms filed by these claimants. The agreements regarding the claim amounts are reflected either in an executed termination agreement or other writing or oral agreement.

11. The holders of the Settled Derivatives Claims have agreed that their claims are properly asserted in the amounts that are reflected under the column heading *"Modified Amount."* Accordingly, in order to properly reflect the agreements with respect to the amount of these claims, the Plan Administrator requests that the Court revalue each Settled Derivatives Claim to reflect the amount listed under the column heading *"Modified Amount."*

12. The Plan Administrator further requests that the Court allow each such Settled Derivatives Claim only to the extent of such modified amount listed on <u>Exhibit A</u> under the column heading *"Modified Amount."* The Plan Administrator also requests that the Court determine that the holder of a Settled Derivatives Claim against both (i) a Chapter 11 Estate based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of the Settled Derivatives Claim that is greater than the applicable *"Modified Amount."* Furthermore, the Plan Administrator requests a determination that the *"Modified Amount"* represents the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and that the Settled Derivatives Claims represents the sole right of the claimant to any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract.

**<u>Notice</u>**

13. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Tenth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on

Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

14. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 310: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | ASSERTED AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | ATTORNEYS' LIABILITY ASSURANCE SOCIETY (BERMUDA) LTD. C/O AUGUSTUS ASSET MANAGERS LIMITED C/O 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22985 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $350,569.00 | $276,701.00 |
| 2 | BROAD MARKET XL HOLDINGS LTD (IN OFFICIAL LIQUIDATION) ATTN: RICHARD FOGERTY ZOLFO COOPER PO BOX 1102 4TH FLOOR GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 36937 | 10/07/2009 | Lehman Brothers Holdings Inc. | Unsecured | $30,432,793.37* | $19,500,000.00 |
| 3 | BROAD MARKET XL HOLDINGS LTD (IN OFFICIAL LIQUIDATION) ATTN: RICHARD FOGERTY ZOLFO COOPER PO BOX 1102 4TH FLOOR GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 36938 | 10/07/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $30,432,793.37* | $19,500,000.00 |
| 4 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: POND VIEW CREDIT (MASTER), L.P. C/O CARVAL INVESTORS UK LTD ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 13312 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,883,480.00 | $1,321,425.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                                                                                                      Page 1 of 3

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 310: EXHIBIT A – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: LISPENARD STREET CREDIT (MASTER) LTD. C/O CARVAL INVESTORS UK LTD. ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 13758 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $9,722,840.00 | $5,250,000.00 |
| 6 | JULIUS BAER SICAV- LOCAL EMERGING BOND FUND C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22990 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $17,684,225.00 | $15,526,971.00 |
| 7 | NEWS AMERICA INCORPORATED C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22987 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $522,631.00 | $441,840.00 |
| 8 | PACIFICCORP RETIREMENT PLAN C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22988 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $476,828.00 | $376,018.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

### IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 310: EXHIBIT A – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | ASSERTED AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 9 | PEOPLE'S BANK OF CHINA<br>C/O STATE ADMINISTRATION OF FOREIGN EXCHANGE<br>ATTN: MS. WAN TONGJUN & MR. CUI HAILIANG<br>3/F PING'AN MANSION<br>23 JINRONG STREET, XICHENG DISTRICT<br>BEIJING, 100140<br>CHINA | 12479 | 09/14/2009 | Lehman Brothers Commercial Corporation | Unsecured | $156,376,856.00 | $14,773,829.00 |
| | | | | | TOTAL | $248,883,015.74 | $76,966,784.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                               :   Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :   08-13555 (JMP)
                                                    :
                    Debtors.                        :   (Jointly Administered)
-----------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED TENTH OMNIBUS
### OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred tenth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Tenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to revalue and allow the Settled Derivatives Claims on the grounds that the Chapter 11 Estates and claimants have agreed upon a claim amount that is not currently reflected on claimants' proofs of claim, all as more fully described in the Three Hundred Tenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Tenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A attached to the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Tenth Omnibus Objection to Claims.

Three Hundred Tenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Tenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Tenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Tenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount that is set forth on Exhibit 1 under the column heading *"Modified Amount"*; *provided that*, the holder of a Settled Derivatives Claim against both (i) a Chapter 11 Estate based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of the Settled Derivatives Claim that is greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract; and it is further

US_ACTIVE:\44015134\02\58399.0003                                    2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Three Hundred Tenth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                            _____
                                                            UNITED STATES BANKRUPTCY JUDGE