HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., MAURICE HORWITZ, AT 212-310-8883.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                               :
                    Debtors.                   :    (Jointly Administered)
-------------------------------------------------------------x

**NOTICE OF HEARING ON THE THREE HUNDRED TWELFTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.,

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter

US_ACTIVE:\44015747\04\58399.0011

11 cases, filed the three hundred twelfth omnibus objection to claims (the "Three Hundred Twelfth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Twelfth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Twelfth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399 upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for Lehman Brothers Holdings Inc., Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq., and Maurice Horwitz, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Twelfth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Twelfth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                                          :     Chapter 11 Case No.
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**               :     08-13555 (JMP)
                                                               :
                            **Debtors.**                       :     (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED TWELFTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED TWELFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT COUNSEL FOR LEHMAN BROTHERS HOLDINGS INC., MAURICE HORWITZ, AT 212-310-8883.**

---

US_ACTIVE:\44015747\04\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above referenced chapter 11 cases (the "Chapter 11 Estates") respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this three hundred twelfth omnibus objection to claims (the "Three Hundred Twelfth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Claims").

2. The No Liability Claims were filed by Excalibur Funding No. 1 PLC ("Excalibur"). Pursuant to a swap termination agreement dated October 11, 2011 (the "Swap Termination Agreement"),[1] Excalibur released the Chapter 11 Estates against which the No Liability Claims were filed from any and all obligations with respect to the transactions that underlie the No Liability Claims. In addition, the Swap Termination Agreement provides that the Plan Administrator may object to the No Liability Claims and that the parties to the Swap Termination Agreement will not challenge such objection. The Plan Administrator, therefore,

---

[1] Section 6.1 of the Swap Termination Agreement provides that the existence or contents of the Swap Termination Agreement shall be treated as confidential and shall not be subject to onward distribution, except under certain circumstances, such as may be required in connection with the amendment or withdrawal of the No Liability Claims.

US_ACTIVE:\44015747\04\58399.0011               2

requests that the No Liability Claims be disallowed and expunged to the extent set forth on Exhibit A.

3.    The Plan Administrator reserves all rights to object on any other basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

## Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.    Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.    On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.    On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012 (the "Effective Date"). Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The No Liability Claims Should Be Disallowed and Expunged

8.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

9.  Pursuant to clause 2.2(a)(A)(i)(1) of the Swap Termination Agreement, as of the Effective Date, Excalibur released the Chapter 11 Estates from all of their obligations relating to the transactions that underlie the No Liability Claims. In addition, section 2.3 of the Swap Termination Agreement provides that the Plan Administrator may file an objection to the No Liability Claims "[i]n order to reflect the entry into this Deed," and that "[t]he Parties…agree not to challenge or object to such objection when filed" unless such objection relates to claims retained under, or is otherwise inconsistent with, the Swap Termination Agreement.

10. For the foregoing reasons, the Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the No Liability Claims in their entirety as contemplated by the Swap Termination Agreement.

**Notice**

11. No trustee has been appointed in these Chapter 11 Cases. The Plan Administrator has served notice of this Three Hundred Eighth Omnibus Objection to Claims on: (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on <u>Exhibit A</u> attached to this Three Hundred Twelfth Omnibus Objection

to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

12. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**Exhibit A**

US_ACTIVE:\44015747\04\58399.0011

LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 312: EXHIBIT A – NO LIABILITY CLAIMS

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| EXCALIBUR FUNDING NO. 1 PLC<br>C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED<br>ATTN: MARTIN MCDERMOTT/MARK FILER<br>THIRD FLOOR<br>1 KING'S ARMS YARD<br>LONDON, EC2R 7AF<br>UNITED KINGDOM | 28809 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |
| EXCALIBUR FUNDING NO. 1 PLC<br>C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED<br>ATTN: MARTIN MCDERMOTT/MARK FILER<br>THIRD FLOOR<br>1 KING'S ARMS YARD<br>LONDON, EC2R 7AF<br>UNITED KINGDOM | 28810 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |
| EXCALIBUR FUNDING NO. 1 PLC<br>C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED<br>ATTN: MARTIN MCDERMOTT/MARK FILER<br>THIRD FLOOR<br>1 KING'S ARMS YARD<br>LONDON, EC2R 7AF<br>UNITED KINGDOM | 28838 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |

LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 312: EXHIBIT A – NO LIABILITY CLAIMS

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28839 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28840 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28841 | Undetermined | No Liability Claim | No liability pursuant to the Swap Termination Agreement. |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 312: EXHIBIT A – NO LIABILITY CLAIMS

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| **EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM** | **28842** | **Undetermined** | **No Liability Claim** | **No liability pursuant to the Swap Termination Agreement.** |
| **EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM** | **28843** | **Undetermined** | **No Liability Claim** | **No liability pursuant to the Swap Termination Agreement.** |
| **EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM** | **28844** | **Undetermined** | **No Liability Claim** | **No liability pursuant to the Swap Termination Agreement.** |
| | **TOTAL** | **$0.00** | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THE THREE HUNDRED TWELFTH
### OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

Upon the three hundred twelfth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Twelfth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three Hundred Twelfth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twelfth Omnibus Objection to Claims having been provided; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Twelfth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twelfth Omnibus Objection to Claims.

Hundred Twelfth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twelfth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                                        _____
                                                        UNITED STATES BANKRUPTCY JUDGE