HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ, AT 212-310-8392.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,       :   08-13555 (JMP)
                                                   :
                        Debtors.                   :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED
FOURTEENTH OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

       **PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

1

US_ACTIVE:\44002382\7\58399.0011

(the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), filed its three hundred fourteenth omnibus objection to claims (the "Three Hundred Fourteenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Fourteenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012, at 10:00 a.m. (Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fourteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons Esq., and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq.,

2

Elisabetta Gasparini, Esq., and Andrea Schwartz, Esq.); so as to be so filed and received by no later than **July 6, 2012, at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Fourteenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Fourteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-----------------------------------------------------------------x

**THREE HUNDRED FOURTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED FOURTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ, AT 212-310-8392.**

---

US_ACTIVE:\44002382\7\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this three hundred fourteenth omnibus objection to claims (the "Three Hundred Fourteenth Omnibus Objection to Claims"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [Docket No. 6664], seeking disallowance and expungement of the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A (collectively, the "Late-Filed Claims") and has determined that the Late-Filed Claims (i) violate this Court's July 2, 2009 order setting forth the procedures and deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [Docket No. 4271], as these claims were filed after the applicable bar date, and (ii) are duplicative, either entirely or in substance, of the corresponding proofs of claim identified under the heading Surviving Claim or Interest (collectively, the "Surviving Claims or Interests"). Because the Late-Filed Claims fail to comply with the Bar Date Order and are duplicative of proofs of claim already asserted, the Plan Administrator requests that they be disallowed and expunged in their entirety.

2

      3.      The Plan Administrator reserves its rights to object on any other basis to any Late-Filed Claims as to which the Court does not grant the relief requested herein.

## Jurisdiction

      4.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

      5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

      6.      On July 2, 2009, this Court entered the Bar Date Order, which established, among other things, September 22, 2009, at 5:00 p.m. (prevailing Eastern Time) (the "General Bar Date"), as the deadline to file proofs of claim against the Chapter 11 Estates. (Bar Date Order at 2.)

      7.      The Bar Date Order expressly provides that "any holder of a claim against the Debtors who is required, but fails to file a proof of such claim in accordance with the Bar Date Order . . . shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)." (*Id.* at 9-10.) A copy of the Bar Date Order was made publicly available at http://www.lehman-docket.com. In order to be timely-filed, proofs of claim must have been "**actually received**" on or before the General Bar Date. (*Id.* at 3 (emphasis in original).)

      8.      Claimants received notice of the Bar Date Order via mail. (*See* Notice of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").) The Bar Date Notice, which was also published in The New York Times (International Edition), The Wall Street Journal

3

(International Edition), and The Financial Times, notified claimants that proofs of claim against the Chapter 11 Estates must be received on or before the General Bar Date. (Bar Date Notice at 1, 3.) The Bar Date Notice also prominently specified the General Bar Date and stated in bold-face type that "any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)." (*Id.* at 6.) While only 35 days notice of a bar date is recommended by the Second Amended Procedural Guidelines for Filing Requests for Bar Date Orders in the United States Bankruptcy Court for the Southern District of New York, in this case, the Chapter 11 Estates provided creditors with more than 71 days' notice of the General Bar Date. The General Bar Date occurred more than a year after the Commencement Date, and 82 days after the entry of the Bar Date Order, providing ample time for creditors to determine, prepare, and file their claims against the Chapter 11 Estates.

9. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

10. On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

11. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Late-Filed Claims Should Be Disallowed and Expunged**

12. In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims

4

on Exhibit A as claims that should be disallowed and expunged because they were not received prior to the General Bar Date and are substantively duplicative of claims previously filed on the claims register.

13. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Moreover, Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "proof of such claim is not timely filed." 11 U.S.C. § 502(b)(1).

14. "Bar dates are 'critically important to the administration of a successful chapter 11 case.'" (Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], *In re Lehman Bros. Holdings, Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting *In re Musicland Holding Corp.*, 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)).) A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991). A bar date enables debtors to determine with reasonable promptness, efficiency, and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize. *In re Keene Corp.*, 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Accordingly, bar dates are strictly enforced in the Second Circuit. *See id.*; *In re Lehman Bros. Holdings, Inc.*, 433 B.R. at 119-20; *In re Musicland Holding Corp.*, 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

5

15. The Bar Date Order specifically requires proofs of claim to be actually received on or before the General Bar Date. (Bar Date Order at 2, 3.) Claimants were provided notice of the Bar Date Order, including the deadline to file proofs of claim and a warning that failure to comply with the applicable bar date would result in their claims being barred. (*See* Bar Date Notice at 1, 4, 6.) Nevertheless, the holders of the Late-Filed Claims filed their proofs of claim after the General Bar Date. The effective date for the Plan has occurred and distributions commenced on April 17, 2012. It would be inequitable and inappropriate for holders of the Late Filed Claims to receive distributions.

16. It appears that the Late Filed Claims may be asserting rejection damage claims. Although the Confirmation Order [ECF No. 23023] and section 11.4 of the Plan provide that a claimant that is party to an executory contract that is rejected pursuant to the Plan may file a proof of claim within forty-five (45) days of the notice of the occurrence of the effective date, none of the claims listed on Exhibit A are based on executory contracts.

17. All of the Late Filed Claims are based on restricted stock units ("RSUs") issued to employees prior to the Commencement Date. A contract is executory if the contract is one "under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing performance of the other." *COR Route 5 Co. v. Penn Traffic Co. (In re Penn Traffic Co.),* 524 F.3d 373, 379 (2d Cir. 2008) (quoting Vern Countryman, *Executory Contracts in Bankruptcy: Part 1,* 57 Minn. L.Rev. 439, 460 (1973). There were no ongoing obligations of the claimants under the RSU program documents as of the Commencement Date.

18. To the extent that the Claimants contend that the RSU program documents are executory contracts because they are listed on certain of LBHI's schedules, such contentions

6

are meritless. The listing of or failure to list a document on any of the schedules of executory contracts filed in accordance with Bankruptcy Rule 1007 ("Schedules") does not constitute an admission by LBHI that such document is or is not an executory contract or an unexpired lease or that LBHI has any liability thereunder. LBHI's Schedules specifically include a disclaimer, which states "[f]or the avoidance of doubt, listing a claim on . . . Schedule G as 'executory' or 'unexpired,' does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract."

19.    Moreover, all of the Late Filed Claims listed on Exhibit A are asserted by claimants that filed other timely claims against LBHI related to the exact same holding of RSUs as reflected in the Late Filed Claims. Thus, these claims are substantively duplicative of proofs of claim previously filed on the claims register. It would be inequitable and inappropriate for holders of Late Filed Claims to receive distribution on proofs of claim that already exist on the claims register. Furthermore, certain of the timely filed claims have previously been reclassified as equity pursuant to prior objections and orders of this Court. These creditors should not be allowed to reassert the same claim and seek a higher priority than their current existing claim.

20.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extend that "such claim is unenforceable against the debtor and the property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative claims filed by the same creditor against the same debtors. *See, e.g., In re Worldcom, Inc.*, Case No. 02-13533 (AJG), 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicative claim); *In re Best Payphones, Inc.*, Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicative claim); *In re*

7

*Drexel Burnham Lambert Group, Inc.*, 148 B.R. 993, 1001-02 (S.D.N.Y. 1992) (dismissing duplicate claim).

21.    The Debtors cannot be required to pay on the same claim more than once. *See, e.g., In re Finely, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Elimination of redundant claims will also enable the Plan Administrator to more accurately maintain the claims register.

22.    Because the Late-Filed Claims violate the Bar Date Order and are thus untimely, and are substantively duplicative of proofs of claim already asserted, the Plan Administrator requests that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit A. The Surviving Claims or Interests will remain on the claims register subject to pending and further objection on any basis.

**Notice**

23.    No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Fourteenth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

8

24. No previous request for the relief sought herein has been made by the Plan Administrator or the Debtors to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

9

# **EXHIBIT A**

US_ACTIVE:\44002382\7\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 314: EXHIBIT A – LATE-FILED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIM OR INTEREST | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANCHETTI, RICCARDO<br>FORO BONAPARTE 24<br>MILANO, 20121<br>ITALY | 04/13/2012 | 08-13555 (JMP) | 68071 | $26,040,000.00 | BANCHETTI, RICCARDO<br>FORO BUONAPARTE 24<br>MILANO, 20121<br>ITALY | 09/21/2009 | 08-13555 (JMP) | 20313[1] | $26,040,000.00 |
| 2 | BURKE, TIMOTHY A.<br>149 SPLIT ROCK ROAD<br>SYOSSET, NY 11791 | 04/19/2012 | 08-13555 (JMP) | 68086 | $10,011,786.00 | BURKE, TIMOTHY A.<br>149 SPLIT ROCK ROAD<br>SYOSSET, NY 11791 | 09/22/2009 | 08-13555 (JMP) | 27925[2] | Undetermined |
| 3 | DUFOURNIER, PHILIPPE<br>5 MOORHOUSE ROAD<br>LONDON, W25DH<br>UNITED KINGDOM | 04/17/2012 | 08-13555 (JMP) | 68073 | $14,604,161.52 | DUFOURNIER, PHILIPPE<br>5 MOORHOUSE ROAD<br>LONDON, W25DH<br>UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15528[3] | Undetermined |
| 4 | PARR, ANKE<br>15 DANEHURST STREET<br>LONDON, SW6 6SA<br>UNITED KINGDOM | 04/17/2012 | 08-13555 (JMP) | 68074 | $8,403,856.00 | PARR, ANKE<br>15 DANEHURST STREET<br>LONDON, SW6 6<br>UNITED KINGDOM | 09/18/2009 | 08-13555 (JMP) | 16039[1] | Undetermined |
| 5 | PRIMIANO, VINCENT<br>122 BROADWAY<br>ROCKVILLE CENTRE, NY 11570 | 04/19/2012 | 08-13555 (JMP) | 68079 | $4,830,605.00 | PRIMIANO, VINCENT A.<br>122 BROADWAY<br>ROCKVILLE CENTRE, NY 11570 | 09/22/2009 | 08-13555 (JMP) | 31795[1] | $4,856,359.00* |
| 6 | SARONNE, GIANCARLO<br>100 OAKWOOD COURT<br>LONDON, W14 8JZ<br>UNITED KINGDOM | 04/19/2012 | 08-13555 (JMP) | 68080 | $10,871,611.00 | SARONNE, GIANCARLO<br>100 OAKWOOD COURT<br>LONDON, W14 8JZ<br>UNITED KINGDOM | 09/17/2009 | 08-13555 (JMP) | 15754[1] | $12,883,007.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts
1 – Claim is currently Adjourned on Omnibus Objection 118 – Reclassify Proofs of Claim as Equity Interests.
2 – Claim is currently Adjourned on Omnibus Objection 207– Reclassify Proofs of Claim as Equity Interests.
3 – Claim is currently Adjourned on Omnibus Objection 130 – Reclassify Proofs of Claim as Equity Interests.
4 – Claim was reclassified on Omnibus Objection 118 – Reclassify Proofs of Claim as Equity Interests.

Page 1 of 2

# IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 314: EXHIBIT A – LATE-FILED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIM OR INTEREST | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 7 | SEBIRI, JONATHAN<br>10 MANCHESTER CT<br>MORRISTOWN, NJ 07960 | 04/18/2012 | 08-13555 (JMP) | 68077 | $4,890,579.00 | SEBIRI, JONATHAN<br>10 MANCHESTER CT<br>MORRISTOWN, NJ 07960 | 09/21/2009 | 08-13555 (JMP) | 24164[4] | Undetermined |
| | | | | | | SEBIRI, JONATHAN<br>10 MANCHESTER CT<br>MORRISTOWN, NJ 07960 | 09/22/2009 | 08-13555 (JMP) | 30377[4] | Undetermined |
| 8 | SHAH, HARSH<br>FLAT 2<br>3 PEMBRIDGE PLACE<br>LONDON, W2 4XB<br>UNITED KINGDOM | 04/16/2012 | 08-13555 (JMP) | 68072 | $10,952,772.58 | SHAH, HARSH<br>FLAT 2<br>3 PEMBRIDGE PLACE<br>LONDON, WS 4XB<br>UNITED KINGDOM | 09/16/2009 | 08-13555 (JMP) | 14285[1] | $10,952,772.58 |
| 9 | SPERO, CHARLES<br>555 WEST 59TH ST<br>APT 9E<br>NEW YORK, NY 10019 | 04/18/2012 | 08-13555 (JMP) | 68075 | $11,637,879.00 | SPERO, CHARLES<br>555 WEST 59TH ST<br>APT 9E<br>NEW YORK, NY 10019 | 09/21/2009 | 08-13555 (JMP) | 23799[2] | Undetermined |
| 10 | SWEELY, GORDON G.<br>56 GILLESPIE AVE.<br>FAIR HAVEN, NJ 07704 | 04/18/2012 | 08-13555 (JMP) | 68078 | $6,583,261.74 | SWEELY, GORDON<br>56 GILLESPIE AVENUE<br>FAIR HAVEN, NJ 07704 | 09/22/2009 | | 33156[2] | Undetermined |
| | | | TOTAL | | $108,826,511.84 | | | | | |

\* - Indicates claim contains unliquidated and/or undetermined amounts  
1 – Claim is currently Adjourned on Omnibus Objection 118 – Reclassify Proofs of Claim as Equity Interests.  
2 – Claim is currently Adjourned on Omnibus Objection 207– Reclassify Proofs of Claim as Equity Interests.  
3 – Claim is currently Adjourned on Omnibus Objection 130 – Reclassify Proofs of Claim as Equity Interests.  
4 – Claim was reclassified on Omnibus Objection 118 – Reclassify Proofs of Claim as Equity Interests.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                : Chapter 11 Case No.
                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,             : 08-13555 (JMP)
                                                     :
                       Debtors.                      : (Jointly Administered)
------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED FOURTEENTH
### OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the three hundred fourteenth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Fourteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date, all as more fully described in the Three Hundred Fourteenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Fourteenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Fourteenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Fourteenth Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Fourteenth Omnibus Objection to Claims is in the best interests of LBHI, its estate, and its creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fourteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fourteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Fourteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE