THE THREE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

-------------------------------------------------------------------x

### NOTICE OF HEARING ON
### THREE HUNDRED FIFTEENTH OMNIBUS
### OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

PLEASE TAKE NOTICE that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred fifteenth omnibus objection to claims (the "Three Hundred Fifteenth Omnibus Objection to Claims"), and that a hearing to consider the Three Hundred Fifteenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Fifteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response

Deadline").

      **PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Fifteenth Omnibus Objection to Claims or any claim

set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the

Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three

Hundred Fifteenth Omnibus Objection to Claims, which order may be entered with no further

notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

                            /s/ Jacqueline Marcus
                            Jacqueline Marcus
                            Robert J. Lemons

                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, New York 10153
                            Telephone: (212) 310-8000
                            Facsimile: (212) 310-8007

                            Attorneys for Lehman Brothers Holdings Inc.
                            and Certain of Its Affiliates

US_ACTIVE:\44015947\5\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## THREE HUNDRED FIFTEENTH OMNIBUS
## OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)

**THIS THREE HUNDRED FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS
TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY CERTAIN
FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED
FIFTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE
OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE
LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED
THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR
CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S
COUNSEL, ERIC D. KASENETZ, AT 212-310-8737.**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

2.      Commencing on September 15, 2008 and periodically thereafter, (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases

have been consolidated for procedural purposes only and are being jointly administered pursuant

to Bankruptcy Rule 1015(b).

3.      On January 14, 2010, the Court entered the order approving procedures for

the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

which authorizes the filing of omnibus objections to up to 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

4.      On December 6, 2011, the Court entered the order confirming the Plan.

The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is

authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Employment-Related Claims

2

5.       The proofs of claim listed on <u>Exhibit A</u> annexed hereto (collectively, the

"<u>Employment-Related Claims</u>") assert claims for one or more of the following:

- bonus compensation or payment for unused vacation days arising out of employment with an entity that is one of the Chapter 11 Estates (the "<u>Bonus/Unused Vacation Claims</u>");

- compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Non-Debtor Employee Claims</u>");

- deferred compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Deferred Compensation Claims</u>");

- losses associated with the claimant's 401(k) savings plan (the "<u>401(k) Claims</u>");

- pension benefits (the "<u>Pension Claims</u>"); and

- ownership of preferred stock, common stock, or other equity interests in LBHI ("<u>Stock</u>") and/or alleged losses related thereto (the "<u>Stock Claims</u>").

### <u>Relief Requested</u>

6.       The Plan Administrator files this omnibus objection, pursuant to section

502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Procedures Order, to

disallow and expunge certain claims for which the Chapter 11 Estates have no liability and/or

reclassify certain claims as equity interests.  As set forth in greater detail below, the Chapter 11

Estates have no liability for, and the Plan Administrator seeks to disallow and expunge, the

Bonus/Unused Vacation Claims, the Non-Debtor Employee Claims, the Deferred Compensation

Claims, the 401(k) Claims and the Pension Claims.  The Plan Administrator seeks to reclassify

the Stock Claims as equity interests.[1]

---

[1] The Three Hundred Fifteenth Omnibus Objection to Claims is only seeking to (i) disallow and expunge the amount of the portion of the Employment-Related Claims that relate to the Bonus/Unused Vacation Claims, the Non-Debtor Employee Claims, the Deferred Compensation Claims, the 401(k) Claims and the Pension Claims, and (ii) reclassify

## Argument

7.　　A proof of claim is "deemed allowed, unless a party in interest objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida,*

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729,

2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*,

272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides,

in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C.

§ 502(b)(1).

8.　　The liabilities asserted in the Employment-Related Claims are not valid

claims against LBHI or any of the Chapter 11 Estates and should either be expunged or

reclassified as set forth below.  Unless the Employment-Related Claims are disallowed and

expunged or reclassified as set forth below, parties who do not hold valid claims against the

Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates.  The Court has

previously granted similar relief with respect to other proofs of claim asserting similar grounds.

*See, e.g., Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims*

*(Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth*

*Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107].  Exhibit B

annexed hereto specifies the category of the objections to each of the Employment-Related

Claims.

---

as an equity interest the amount of the portion of the Employment-Related Claims that relate to Stock Claims.  The
Three Hundred Fifteenth Omnibus Objection to Claim does not have any effect on the portions of the Employment-
Related Claims, if any, that are based on claims other than the Bonus/Unused Vacation Claims, the Non-Debtor
Employee Claims, the Deferred Compensation Claims, the 401(k) Claims, the Pension Claims and the Stock Claims.

4

## I.  The Bonus/Unused Vacation Claims Should Be Disallowed and Expunged.

9.      The Bonus/Unused Vacation Claims were filed by current and former employees of the Chapter 11 Estates that assert claims for bonus compensation and/or payment for unused vacation days.

10.      LBHI is not liable for the Bonus/Unused Vacation Claims that assert a claim for bonus compensation.  Granting bonus compensation was within the discretion of the Chapter 11 Estates, and the Chapter 11 Estates' books and records do not reflect that any of the claimants asserting Bonus/Unused Vacation Claims are entitled to a bonus.  The Bonus/Unused Vacation Claims do not set forth any legal argument or factual basis that entitles the claimants to bonus compensation.  The Bonus/Unused Vacation Claims do not assert a right to receive a bonus and do not present any evidence that a bonus was awarded or required.  The majority of the claimants base their claim for bonuses on the fact that they received bonuses in 2007, but receipt of a bonus in 2007 did not entitle claimants to a bonus in 2008.  As such, LBHI is not liable for bonus compensation.

11.      Similarly, LBHI is not liable for the Bonus/Unused Vacation Claims that assert claims for unused vacation.  As set forth in the "Guide to Working at Lehman Brothers," attached hereto as Exhibit C, " [employees] will not receive compensation in lieu of unused vacation time unless required by applicable law."  Applicable law does not require payment for unused vacation days and, therefore, LBHI is not liable for unpaid vacation.

12.      The Plan Administrator requests the Court enter an order disallowing and expunging in their entirety the portions of the Employment-Related Claims based on Bonus/Unused Vacation Claims.

US_ACTIVE:\44015947\5\58399.0008

## II.  The Non-Debtor Employee Claims Should Be Disallowed and Expunged.

13.    The Non-Debtor Employee Claims were filed by former Lehman employees.  They assert claims for commissions, fees, wages, bonuses "hypothetical tax withholding" (*i.e.*, compensation that was allegedly withheld from the claimant for the purposes of meeting international tax withholding and/or income tax requirements), and "tax equalization" (*i.e.*, an alleged obligation of the Chapter 11 Estates to reimburse the claimant for additional taxes paid by the claimant in a foreign country as a result of claimant's assignment to an overseas Lehman entity).  The Chapter 11 Estates have reviewed their records and determined that the claimants were not employees of any of the Chapter 11 Estates, but were employees of other Lehman entities, including Lehman Brothers Inc. ("LBI").  A claim against an entity other than one of the Chapter 11 Estates does not result in a claim against, or a right to payment from, any of the Chapter 11 Estates.  As a result, while the applicable employers of the claimants may be liable for such compensation claims,  neither the records of the Chapter 11 Estates nor the Non-Debtor Employee Claims themselves establish any ground for liability of any of the Chapter 11 Estates for the Non-Debtor Employee Claims.

14.    The Court has previously disallowed and expunged similar proofs of claim filed by employees of entities that are not a part of these chapter 11 cases.  *See, e.g., Order Granting Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 17366]; *Order Granting Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 20627].  The Plan Administrator requests the Court enter an order disallowing and expunging in their entirety the portions of the Employment-Related Claims based on Non-Debtor Employee Claims.

US_ACTIVE:\44015947\5\58399.0008

### III.  The Deferred Compensation Claims Should Be Disallowed and Expunged.

15.     Portions of certain Employment-Related Claims assert claims for deferred compensation.  Many of the Deferred Compensation Claims are based on one or more deferred compensation plans, retirement plans, or deferred compensation agreements entered into or assumed by LBI or other entities that are not Chapter 11 Estates, including plans of E.F. Hutton and LBI (collectively, the "Deferred Compensation Plans").

16.     The Chapter 11 Estates have reviewed their records and determined that the claimants submitting Deferred Compensation Claims were not employees of any of the Chapter 11 Estates.  Moreover, none of the Chapter 11 Estates was ever a party to the Deferred Compensation Plans cited in the Deferred Compensation Claims, and none of the Chapter 11 Estates ever assumed liability for such plans.  Nothing in the records of the Chapter 11 Estates or in the Deferred Compensation Claims established any ground for liability of any of the Chapter 11 Estates for the Deferred Compensation Claims.  Many of the Deferred Compensation Claims attach letters and account statements sent by entities that are not Chapter 11 Estates evidencing amounts owing to the claimants under the Deferred Compensation Plans; however, a claim against an entity that is not a Chapter 11 Estate does not result in a claim against, or a right to payment from, the Chapter 11 Estates.

17.     The Court has granted similar relief with respect to other claims for deferred compensation.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Third Omnibus Objection to Claims (No Liability Employee Claims)* [ECF No. 20609].  The Plan Administrator requests the Court enter an order disallowing and expunging in their entirety the portions of the Employment-Related Claims based on Deferred Compensation Claims.

### IV.  The 401(k) Claims Should Be Disallowed and Expunged.

18.     The portions of the Employment-Related Claims based on 401(k) Claims

7

assert claims for losses associated with the claimants' 401(k) savings plans. The claimants'

401(k) savings plans contain a variety of financial products, including stocks and bonds that

were issued by companies unrelated to the Chapter 11 Estates and funds that are in no way

connected to the Chapter 11 Estates. The 401(k) savings plans may also contain common stock

in LBHI. The 401(k) Claims do not assert rights as owners of LBHI stock but merely assert

claims for losses associated with the claimants' 401(k) accounts. Losses of a claimant's savings

do not give rise to a valid claim against the Chapter 11 Estates. None of the 401(k) Claims offers

any legal theory or basis for why any of the Chapter 11 Estates is liable for a decrease in value of

a 401(k) savings plan. The claimants have access to their 401(k) accounts, and such accounts are

not property of the Chapter 11 Estates. To the extent that claimants submitted claims for LBHI

stock held in their 401(k) accounts, such claims should be subordinated pursuant to Bankruptcy

Code section 510(b) and reclassified as equity interests.[2]

19.    The Court has granted similar relief with respect to claims based on 401(k)

plans. *See, e.g., Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to

Claims (No Liability 401(k) Claims)* [ECF No. 20631]. The Plan Administrator respectfully

requests the Court enter an order disallowing and expunging in their entirety the portions of the

Employment-Related Claims based on 401(k) Claims.

## V.    The Pension Claims Should Be Disallowed and Expunged

20.    On June 3, 2009, the Court approved a settlement agreement (the "PBGC

Settlement") with the Pension Benefit Guaranty Corporation (the "PBGC") regarding the

Lehman Brothers Holdings Inc. Retirement Plan (the "Retirement Plan") [ECF No. 3751]. The

---

[2] Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

PBGC Settlement provided for the termination of the Retirement Plan and the appointment of the

PBGC as statutory trustee of the Retirement Plan.  Under the PBGC Settlement, the Retirement

Plan termination date was December 12, 2008, and all benefit accruals ceased as of that date.

The PBGC assumed full responsibility to pay pension benefits in accordance with Title IV of the

Employee Retirement Income Security Act of 1974, as amended ("ERISA").  The amount of

pension benefits payable by the PBGC is subject to the limits set forth in ERISA.  In its review

of the claims filed on the claims register in these chapter 11 cases, the Plan Administrator has

identified the portions of the Employment-Related Claims based on Pension Claims as claims

related to the Retirement Plan.

21.    As a consequence of the termination of the Retirement Plan and pursuant

to § 4062(a) and (b) of ERISA, LBHI was only liable to the PBGC for "the total amount of the

unfunded benefit liabilities" and is not redundantly liable to any other party for claims arising

under the terminated Retirement Plan.  29 U.S.C. § 1362.  Therefore, under ERISA, holders of

the Pension Claims do not have a legal right to assert a claim or collect any amounts from the

Chapter 11 Estates in respect of amounts due under the terminated Retirement Plan.

22.    The Court has granted similar relief with respect to claims based on

pension liabilities.  *See, e.g., Order Granting Debtors' One Hundred Tenth Omnibus Objection
to Claims (No Liability Pension Claims)* [ECF No. 16343]; *Order Granting Debtors' One
Hundred Seventy-Fifth Omnibus Objection to Claims (No Liability Pension Claims)* [ECF No.
20632].  The Plan Administrator requests the Court enter an order disallowing and expunging in

their entirety the portions of the Employment-Related Claims based on Pension Claims.

## VI.  The Stock Claims Should Be Reclassified as Interests

23.    Each of the Stock Claims is based on the ownership of preferred stock,

common stock, or other equity interests in LBHI and, in some cases, the decrease in value of the

9

Stock and/or other claims arising out of the purchase of the Stock.  Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests" or the like.  Each of the Stock Claims is an interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16) and 101(5) of the Bankruptcy Code.  The definition of equity security has been interpreted by courts to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985).

24.    Moreover, section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).

25.    Courts generally have applied section 510(b) liberally.  *See Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another

US_ACTIVE:\44015947\5\58399.0008

company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

26.     The Court has granted similar relief with respect to claims based on shares of stock.  *See, e.g., Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 17350]; *Order Granting Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 20629].  Accordingly, to the extent applicable, the Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.

## Reservation of Rights

27.     The Plan Administrator reserves all rights to object on any basis to any Employment-Related Claim or any portion of any Employment-Related Claim as to which the relief requested herein is not granted.

## Notice

28.     No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Fifteenth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

29.     No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

11

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

12

**EXHIBIT A**

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

OMNIBUS OBJECTION 315: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BAKER, BRIDGET L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31642 | Undetermined | None | Undetermined | Undetermined |
| 2 | BHUTANI, SARABJIT S. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9634 | $2,879,070.04 | $396,353.98 | None | $2,482,716.06 |
| 3 | CAMPBELL, ROBERT H | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/7/2009 | 7596 | $1,109,942.27 * | $769,184.27 | None | $340,758.00 |
| 4 | CHAMBERLAIN, DANIELLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29542 | $57,500.00 | $20,000.00 | $7,500.00 | $30,000.00 |
| 5 | CHANG, ALFREDO Y. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/20 | 29576 | $130,965.20 | None | $6,500.00 | $124,465.20 |
| 6 | CHISHOLM, RUPERT F. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27571 | $10,950.00 * | Undetermined | None | $10,950.00 |
| 7 | CONTI, ANGELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30350 | $8,000.00 * | $8,000.00 | None | Undetermined |
| 8 | D'AMADEO, JOSEPH G | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19076 | $7,483,695.80 | $195,962.92 | None | $7,287,732.88 |
| 9 | DELLARUSSO, RICHARD J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/28/2009 | 2112 | $219,545.52 | $106,668.97 | None | $112,876.55 |
| 10 | DEWAN, JOAN M | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/20/2009 | 5675 | $22,789.76 | $15,048.76 | None | $7,741.00 |
| 11 | DISABATO, KENNETH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30411 | $6,000.00 * | $6,000.00 | None | Undetermined |
| 12 | FENNELL, CAROLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 26580 | Undetermined | None | Undetermined | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

## OMNIBUS OBJECTION 315: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 13 FLANNERY, JOSEPH J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5/29/2009 | 4642 | $1,271,636.67 | $1,074,456.67 | None | $197,180.00 |
| 14 GHOSH, SHINJIT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28650 | Undetermined | Undetermined | None | Undetermined |
| 15 GIESE, JOHN T. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34212 | $4,925.00 | $4,000.00 | None | $925.00 |
| 16 GOLDBERG, DANIEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18188 | $14,068.31 | $9,192.31 | None | $4,876.00 |
| 17 GOLLIN, MARK D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15134 | $792,128.00 | $242,128.00 | $50,000.00 | $500,000.00 |
| 18 HABER, SANFORD A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22132 | $183,350.85 * | $60,000.00 | None | $123,350.85 |
| 19 HAHN-COLBERT, SANDRA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/24/2009 | 34726 | $750,000.00 | $750,000.00 | None | None |
| 20 ICASIANO, SERAFIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27948 | $5,445.46 | $2,788.46 | None | $2,657.00 |
| 21 KAMENOFF, NICK N | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 24883 | $8,829.66 | $3,482.60 | None | $5,347.06 |
| 22 KLINGER, JEFFREY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/27/2009 | 6256 | $500,000.00 | $364,077.06 | None | $135,922.94 |
| 23 KRASNOPOLSKY, DAVID | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27297 | $25,832.18 | $10,596.18 | None | $15,236.00 |
| 24 KUN, WILLIAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1395 | $58,058.46 * | $58,058.46 | None | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

OMNIBUS OBJECTION 315: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 25 LARIT, KEITH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28275 | $408,328.42 | $194,528.82 | None | $213,799.60 |
| 26 LOPRETE, BECKY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27356 | $11,806.00 | $4,375.00 | None | $7,431.00 |
| 27 LOZANO, ROSA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27359 | $6,802.81 | $4,179.81 | None | $2,623.00 |
| 28 MARTYN, LYNETTE | 08-13905 (JMP) | CES Aviation LLC | 9/16/2009 | 13351 | $100,000.00 * | $100,000.00 | None | Undetermined |
| 29 MONAHAN, MARIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/23/2009 | 34563 | $5,450.00 | None | $5,450.00 | None |
| 30 MOORE, CHARLES C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34234 | $10,780,803.79 | $1,928,767.12 | None | $8,852,036.67 |
| 31 MULLEN, MICHAEL J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27599 | $354,417.72 | $196,206.67 | None | $158,211.05 |
| 32 NINEHAM, STEWART K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/26/2009 | 1951 | $1,091,529.50 | $886,886.50 | None | $204,643.00 |
| 33 PARK, EDWARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34235 | $10,780,803.79 | $1,928,767.12 | None | $8,852,036.67 |
| 34 PATEL, SHAILY B. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 26133 | $714.80 | $232.80 | None | $482.00 |
| 35 PENCU, RALUCA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31420 | $110,000.00 | $82,000.00 | $5,000.00 | $23,000.00 |
| 36 PRANAITIS, JEFFREY D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13891 | $2,093,269.00 * | $2,093,269.00 | None | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

OMNIBUS OBJECTION 315: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 37 PRESTON, GERAINT N | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19576 | $203,600.00 | $118,223.00 | None | $85,377.00 |
| 38 RAHMAN, MOHAMMED M | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30740 | $21,251.00 | $4,000.00 | None | $17,251.00 |
| 39 RODRIGUEZ, NANCY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1392 | $1,741.75 * | $1,741.75 | None | Undetermined |
| 40 RODRIGUEZ, NANCY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22265 | $1,119.16 * | $1,119.16 | None | Undetermined |
| 41 ROSS, MEREDITH H | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19588 | $10,000.00 * | $10,000.00 | None | Undetermined |
| 42 RUSSELL, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31225 | $2,422,363.00 | $300,957.00 | None | $2,121,406.00 |
| 43 SHEK-FREEDMAN, ADA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27357 | $2,247.00 | $1,442.00 | None | $805.00 |
| 44 SHLIMON, MICHELLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34213 | $5,675.00 | $4,000.00 | None | $1,675.00 |
| 45 SINN, ADAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 24655 | $6,101,200.00 | $6,000,000.00 | None | $101,200.00 |
| 46 SIU, RICHARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30364 | $88,757.17 | $2,522.17 | None | $86,235.00 |
| 47 STEINBERG, DARRYL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31185 | $456,825.00 | $111,538.00 | None | $345,287.00 |
| 48 TAM, JACKSON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30444 | $4,526.92 * | $4,526.92 | None | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 315: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|---|
| 49 | TAYLOR, CHRISTOPHER C | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/24/2009 | 34879 | $28,888.89 | $28,888.89 | None | None |
| 50 | WALESCH, JAY E | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23899 | $80,258.46 | $68,908.00 | $6,533.46 | $4,817.00 |
| 51 | WALSH, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29624 | Undetermined | Undetermined | Undetermined | Undetermined |
| 52 | WATERS, ANDREW THOMAS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19623 | $4,617.16 | $3,453.16 | None | $1,164.00 |
| 53 | WRIGHT, T S | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25605 | $350,000.00 * | $350,000.00 | None | Undetermined |
| 54 | YOSHIMURA, ROBIN K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30552 | $160,689.00 | $66,689.00 | None | $94,000.00 |
| | | | | TOTAL | | $51,230,418.52 | $18,593,220.53 | $80,983.46 | $32,556,214.53 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**

**EXHIBIT B: BASIS(ES) FOR OBJECTION(S) AS TO EACH CLAIM**

| Claimant Name | Claim # | Bonus/Unused Vacation Claims | Non-Debtor Employee Claims | Deferred Compensation Claims | 401(k) Claims | Pension Claims | Stock Claims |
|---|---|---|---|---|---|---|---|
| BAKER, BRIDGET L. | 31642 | | | | X | | X |
| BHUTANI, SARABJIT S. | 9634 | | X | | | | |
| CAMPBELL, ROBERT H | 7596 | | | X | | | |
| CHAMBERLAIN, DANIELLE | 29542 | X | X | | | | X |
| CHANG, ALFREDO Y. | 29576 | | | | | | X |
| CHISHOLM, RUPERT F. | 27571 | | X | | | | |
| CONTI, ANGELA | 30350 | | X | | X | | |
| D'AMADEO, JOSEPH G | 19076 | | X | | | | |
| DELLARUSSO, RICHARD J. | 2112 | | X | | | | |
| DEWAN, JOAN M | 5675 | | | | X | | |
| DISABATO, KENNETH | 30411 | | | | X | | |
| FENNELL, CAROLE | 26580 | | | | | | X |
| FLANNERY, JOSEPH J. | 4642 | | X | | | | |
| GHOSH, SHINJIT | 28650 | | X | | | | |
| GIESE, JOHN T. | 34212 | | | | X | | |
| GOLDBERG, DANIEL | 18188 | X | | | X | | |
| GOLLIN, MARK D. | 15134 | | X | | | | X |
| HABER, SANFORD A. | 22132 | | X | | | | |
| HAHN-COLBERT, SANDRA | 34726 | | | | | X | |
| ICASIANO, SERAFIN | 27948 | X | | | | | |
| KAMENOFF, NICK N | 24883 | | | | X | | |
| KLINGER, JEFFREY M. | 6256 | | X | | | | |
| KRASNOPOLSKY, DAVID | 27297 | X | | | X | | |
| KUN, WILLIAM | 1395 | | X | | | | |
| LARIT, KEITH | 28275 | | X | | | | |
| LOPRETE, BECKY | 27356 | X | | | | | |
| LOZANO, ROSA | 27359 | X | | | | | |
| MARTYN, LYNETTE | 13351 | | | | X | | |
| MONAHAN, MARIA | 34563 | | | | | | X |
| MOORE, CHARLES C. | 34234 | | X | | | | |
| MULLEN, MICHAEL J. | 27599 | | X | | | | |
| NINEHAM, STEWART K. | 1951 | | X | | | X | |
| PARK, EDWARD | 34235 | | X | | | | |
| PATEL, SHAILY B. | 26133 | | X | | X | | |
| PENCU, RALUCA | 31420 | | X | | X | | X |
| PRANAITIS, JEFFREY D. | 13891 | | X | | | | |
| PRESTON, GERAINT N | 19576 | | X | | | | |

**EXHIBIT B: BASIS(ES) FOR OBJECTION(S) AS TO EACH CLAIM**

| Claimant Name | Claim # | Bonus/Unused Vacation Claims | Non-Debtor Employee Claims | Deferred Compensation Claims | 401(k) Claims | Pension Claims | Stock Claims |
|---|---|---|---|---|---|---|---|
| RAHMAN, MOHAMMED M | 30740 | | | | X | | |
| RODRIGUEZ, NANCY | 1392 | | X | | | | |
| RODRIGUEZ, NANCY | 22265 | | X | | | | |
| ROSS, MEREDITH H | 19588 | | X | | | | |
| RUSSELL, MARK | 31225 | | X | | | | |
| SHEK-FREEDMAN, ADA | 27357 | X | | | | | |
| SHLIMON, MICHELLE | 34213 | | | | X | | |
| SINN, ADAM | 24655 | X | | | | | |
| SIU, RICHARD | 30364 | | X | | | | |
| STEINBERG, DARRYL | 31185 | X | | | | X | |
| TAM, JACKSON | 30444 | X | | | | | |
| TAYLOR,CHRISTOPHER C | 34879 | | X | | | | |
| WALESCH, JAY E | 23899 | | | | X | X | X |
| WALSH, MARK | 29624 | | | | | X | X |
| WATERS, ANDREW THOMAS | 19623 | | | | X | | |
| WRIGHT, T S | 25605 | | | | | X | |
| YOSHIMURA, ROBIN K. | 30552 | | X | | | | |

**EXHIBIT C**

GUIDE TO

# LIFE BALANCE

## @ LEHMAN BROTHERS

 

 

# LEHMAN BROTHERS



# TIME OFF

## VACATION

Lehman Brothers offers a vacation policy that provides individuals with time away from work to relax and rejuvenate, as well as to meet personal life demands. We strongly encourage you to take all the vacation time to which you are entitled. The Firm's vacation policy can also be found on LehmanLive, keyword: **timeoff**.

### Vacation Eligibility

If you are an active full-time employee, you are eligible for paid vacation time, based on your length of employment and corporate title, according to the schedule below.

In addition to the schedule below, full-time employees who have completed one year of service will be eligible for one week of unpaid vacation time per vacation year. This week is available after all paid vacation time has been used and when additional vacation may be needed. Unpaid vacation time will be approved only for five consecutive days away from the office.

Employees who are regularly scheduled to work a minimum of 20 hours per week on an ongoing basis are eligible for one week of vacation per year after they have completed six months of continuous employment, and two weeks of vacation per year after five years of service. The vacation eligibility is determined by their regular or average work schedule.

Vacation time may be scheduled at any time that is mutually convenient for you and your department, and should be approved by your manager in advance. The Firm's vacation year begins January 1 and ends December 31. Vacation time may be taken in half-day or full-day increments. Vacation time that is not taken in the calendar year in which you are eligible for it may not be carried over into the subsequent calendar year unless it is approved in writing by your manager and your divisional Human Resources director. Please note that you will not receive compensation in lieu of unused vacation time unless required by applicable law.

| Title / Tenure | Time Off |
|---|---|
| **Up to Vice President Level** | |
| Through the 5th anniversary | 3 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 10th anniversary | 4 weeks |
| On the 15th anniversary | 4 weeks |
| On the 20th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |
| **Vice Presidents and Above** | |
| Through the 5th anniversary | 4 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 15th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |

*Please refer to the full policy on LehmanLive, keyword: **timeoff**, for new hire eligibility



### Vacation Eligibility for Commissioned Individuals

Investment Representatives and other individuals paid by draw and/or commissions are eligible for the same vacation schedule as other members of the Firm. If you are paid through commissions, you are eligible to receive any applicable draw and/or commissions generated in your absence as agreed upon by your manager and your divisional Human Resources director.

### Change of Status

If your status changes (e.g., part-time to full-time, promotion to Vice President), you are eligible for vacation time at the new level, effective immediately, according to your total length of service.

### Vacation Eligibility When You Separate

If you separate from the Firm, either voluntarily or involuntarily, you will not receive pay in lieu of unused vacation days, except as required by applicable law or pursuant to the Lehman Brothers Inc. Severance Plan.

## FIRM HOLIDAYS

Lehman Brothers' holiday schedule conforms to that of the New York Stock Exchange. The following holidays are generally observed:

- New Year's Day
- Martin Luther King, Jr. Day
- Presidents' Day
- Good Friday
- Memorial Day
- Independence Day
- Labor Day
- Thanksgiving Day
- Christmas Day

For information about your eligibility for holiday pay, refer to the Firm Holidays Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **timeoff**.



# TIME OFF

## PERSONAL DAYS

The Firm provides you with days off to attend to personal matters during the year. Similar to vacation time, personal days should be scheduled with your manager in advance when possible. The number of personal days to which you are entitled is based upon your employment status:

- If you are full-time, you are eligible for three personal days each calendar year after you have completed six months of continuous employment.

- If you are part-time salaried, you are eligible for one personal day each calendar year after you have completed six months of continuous employment. After your fifth anniversary, you are eligible for two personal days each calendar year.

- If you are temporary or part-time hourly, you are not eligible for personal days.

Unused personal days may not be carried over into the next calendar year. In addition, you will not receive pay in lieu of any unused personal days, unless otherwise required by applicable law.

## SICK DAYS

Lehman Brothers supports your need to take time off from work as medically necessary to recover from your own illness or to care for someone else during an illness for whom you are the primary caregiver, such as your child or your parent. Sick days are intended for single day or short-term absences, and should be used as appropriate; you do not accumulate sick days at Lehman Brothers. If you are away from work for more than three consecutive days, you should consult with your divisional Human Resources staff as you may be eligible for an Employee Medical Leave of Absence or a Family Medical Leave of Absence under the Firm's policies. For more information regarding medical leaves, please refer to LehmanLive, keyword: **leaves**.

You may be required to provide medical documentation substantiating your absences, e.g., when your absence is due to a communicable condition, you are sent home or to a medical professional due to the illness or your absences are excessive. Your manager and your divisional Human Resources staff can provide you with guidelines for "excessive" absenteeism. For more information, you can also refer to the Attendance and Punctuality Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **workpractices**.

## RELIGIOUS OBSERVANCE

Lehman Brothers makes reasonable efforts to accommodate its employees' religious beliefs. This includes providing sufficient time off for religious observance if the absence does not cause undue hardship for the business. At the beginning of each calendar year, you should schedule available paid time off (personal and vacation days) for all known religious observances. If you have used all available paid time off, please discuss appropriate arrangements with your manager.



## BEREAVEMENT LEAVE

The Firm provides time away from the office in the event you suffer the loss of a family member. If you are full-time or part-time salaried, you are provided up to five days of leave with pay in the event of a death in your immediate family. Your manager may approve a request for additional time away from the office if there are extenuating circumstances.

For purposes of the Firm's Bereavement Leave Policy, immediate family includes your spouse or domestic partner, child, parent, sibling, grandparent or grandchild, as well as your spouse or domestic partner's child, parent, sibling, grandparent or grandchild. A domestic partner is an individual who is not related to you, but who is living with you on a continuous basis and who has a close and committed personal relationship with you.

## JURY DUTY/SUBPOENA DUTY

Lehman Brothers supports your efforts to perform your civic duty by serving on a jury or testifying in a court of law. If you are either full-time or part-time salaried and you are summoned for jury or subpoena duty, you will receive your regular pay for the period of active jury/subpoena duty for up to 20 business days in any revolving 12 months. You are also permitted to retain any compensatory fees for performance of jury service (e.g., juror fees).

If called to serve, you should:

- Present your manager with a copy of your juror summons or subpoena as far in advance as possible prior to the date you will be required to be away from work;

- Call your manager daily to report your status;

- Return to work during any regular office hours when you are excused from duty; and

- Provide your manager with a notice of confirmation stating the duration of duty served.

If you are either part-time hourly or temporary, you are not eligible to receive your regular pay during jury or subpoena duty, unless otherwise required by applicable law.

## TIME OFF TO VOTE

The Firm supports your right to vote in national, state and local elections. Each Election Day, the Firm will provide you with information detailing the polling hours in your state. When possible, you should make arrangements to vote before or after regular work hours. If you are unable to vote during non-working time, you should request time away from the office from your manager.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                          :     **Chapter 11 Case No.**
                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :     **08-13555 (JMP)**
                                               :
                    **Debtors.**               :     **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE**
**THREE HUNDRED FIFTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

Upon the three hundred fifteenth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Fifteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664],

seeking disallowance and expungement of the Employment-Related Claims to the extent that

they assert claims for which LBHI has no liability or seeking to reclassify certain of the

Employment-Related Claims as common equity interests, all as more fully described in the Three

Hundred Fifteenth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Fifteenth Omnibus Objection to Claims having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief requested in the Three Hundred Fifteenth Omnibus Objection to Claims is in the best

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Fifteenth Omnibus
Objection to Claims.

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

factual bases set forth in the Three Hundred Fifteenth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Three Hundred Fifteenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*"

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 annexed hereto

under the heading "*Amount to be Reclassified as Equity Interest*" are reclassified as equity

interests having the same priority as, and no greater priority than, common stock interests in

LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Fifteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto,

and (ii) the portion of any Employment-Related Claim that is not the subject of the Three

Hundred Fifteenth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE