HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                               :
                  Debtors.                     :    (Jointly Administered)
---------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED SEVENTEENTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LBL EMPLOYEE CLAIMS)**

**PLEASE TAKE NOTICE** that on June 4, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

US_ACTIVE:\44015374\03\58399.0003

(the "Plan"), filed its three hundred seventeenth omnibus objection to claims (the "Three Hundred Seventeenth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Seventeenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **July 19, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Seventeenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq., Robert J. Lemons, Esq., and Lee J. Goldberg, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **July 6, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Seventeenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Seventeenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 4, 2012
      New York, New York

                             /s/ Jacqueline Marcus
                             Jacqueline Marcus
                             Robert J. Lemons

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Lehman Brothers Holdings Inc.
                             and Certain of Its Affiliates

**HEARING DATE AND TIME: July 19, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 6, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                        :    Chapter 11 Case No.
                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    08-13555 (JMP)
                                             :
             **Debtors.**                    :    (Jointly Administered)
------------------------------------------------------------------x

**THREE HUNDRED SEVENTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY LBL EMPLOYEE CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, LEE J. GOLDBERG, AT 212-310-8928.**

US_ACTIVE:\44015374\03\58399.0003

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

**Relief Requested**

1. The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which LBHI has no liability.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability LBL Employee Claims") were filed against LBHI asserting claims for pension benefits arising out of the claimants' employment with Lehman Brothers Limited ("LBL"), which is not a debtor in these chapter 11 cases, and/or allegedly owing by or to the United Kingdom-based Lehman Brothers Pension Scheme (the "Pension Scheme"). Claim Nos. 12755 and 32236 also assert compensation-related claims arising out of the claimants' employment with LBL. LBHI's records indicate that the claimants were employees of LBL. LBHI has no liability for the pension- or compensation-related obligations of LBL or the Pension Scheme, and nothing in LBHI's records, nor in the No Liability LBL Employee Claims, indicates any valid grounds upon which LBHI should be liable for the pension benefit or other compensation-related claims asserted in the No Liability LBL Employee Claims. The No Liability LBL Employee

2

US_ACTIVE:\44015374\03\58399.0003

Claims, therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3.  The Plan Administrator reserves all rights to object on any basis to any No Liability LBL Employee Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.  On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012.

8.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against LBHI.

### The No Liability LBL Employee Claims Should Be Disallowed and Expunged

9.  In its review of the claims filed on the claims register in these chapter 11 cases, the Plan Administrator identified the No Liability LBL Employee Claims as asserting claims for pension benefits allegedly owing from LBL and/or by or to the Pension Scheme. In

3

addition, Claim Nos. 12755 and 32236 assert compensation-related claims for bonuses, wages, severance, and unused vacation days. LBHI has reviewed its records and determined that none of the claimants were employees of LBHI, but were employees of LBL. As a result, LBL and/or the Pension Scheme are liable for these pension benefit and other compensation-related claims.

10. A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

11. Nothing in LBHI's records, nor in the No Liability LBL Employee Claims, indicates any valid grounds upon which LBHI should be liable for the pension benefit claims asserted in the No Liability LBL Employee Claims. Some of the No Liability LBL Employee Claims attach documentation setting forth contributions purportedly made to, required to be made to, or pension benefits purportedly owed by, LBL and/or the Pension Scheme. A claim against LBL or the Pension Scheme does not result in a claim against, or a right to payment from, LBHI.

12. In a similar vein, Claim Nos. 12755 and 32236 should be disallowed and expunged in their entirety because nothing in LBHI's records, nor in the No Liability LBL Employee Claims, indicates any valid grounds upon which LBHI should be liable for the

4

compensation-related claims asserted in the No Liability LBL Employee Claims. Claim No. 12755 attaches an agreement with LBL which purports to impose obligations on "Associated Companies" (as defined by s736 Companies Act 1985). LBHI did not sign this agreement and has not assumed the agreement or any obligations thereunder. Accordingly, LBHI is not liable under this agreement.

13. The liabilities asserted in the No Liability LBL Employee Claims are not claims against LBHI. Unless the No Liability LBL Employee Claims are disallowed and expunged, parties who do not hold valid claims against LBHI's estate may nonetheless recover from LBHI. The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the No Liability LBL Employee Claims in their entirety.

**Notice**

14. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Seventeenth Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all parties who have requested notice in these chapter 11 cases in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

15. No previous request for the relief sought herein has been made by the Plan

5

Administrator or LBHI to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 4, 2012
      New York, New York

    /s/ Jacqueline Marcus
    Jacqueline Marcus
    Robert J. Lemons

    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

**Exhibit A**

**OMNIBUS OBJECTION 317: EXHIBIT A - No Liability LBL Employee Claims**

|   | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | GREENWAY, LISA K<br>161 WATLING STREET<br>PARK ST VILLAGE<br>ST ALBANS,    AL2 2NZ<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 16285 | $93,876.00 | No Liability - LBL Employee |
| 2 | GREZO,CHARLOTTE BRERETON<br>26 HURON ROAD<br>TOOTING<br>LONDON, GT LON,    SW17 8RB<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/15/2009 | 12755 | $1,175,570.00 | No Liability - LBL Employee |
| 3 | MARNEY, LESLEY N<br>POPLAR GRANGE<br>48 CLERKE DRIVE KEMSLEY<br>KENT<br>SITTINGBOURNE,    ME102RY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/14/2009 | 12047 | $166,115.00 | No Liability - LBL Employee |
| 4 | REINBACHER, RENE<br>STEINPLEISER STR. 59<br>ZWICKAU, SN   08060<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32236 | $139,774.00* | No Liability - LBL Employee |
| 5 | SAUNDERS, MARK A.<br>140 BEECHWOOD AVENUE<br>ST ALBANS, HERTS,    AL1 4XY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 14396 | $84,000.00 | No Liability - LBL Employee |
| 6 | WEST, DAVID<br>45 LEICESTER ROAD<br>WANSTEAD<br>LONDON,   E112DW<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15205 | $138,598.70 | No Liability - LBL Employee |
|   |   |   |   |   | TOTAL | $1,797,933.70 |   |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                   :
                    Debtors.                                :    (Jointly Administered)
-------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LBL EMPLOYEE CLAIMS)

Upon the three hundred seventeenth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Seventeenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the No Liability LBL Employee Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Three Hundred Seventeenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Seventeenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Seventeenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Seventeenth Omnibus Objection to Claims.

US_ACTIVE:\44015374\03\58399.0003

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Three Hundred Seventeenth Omnibus Objection to Claims is in the best interests of LBHI, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Seventeenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the relief requested in the Three Hundred Seventeenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

    ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> are disallowed and expunged in their entirety with prejudice; and it is further

    ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Seventeenth Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
   New York, New York

                _____
                UNITED STATES BANKRUPTCY JUDGE