UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                    :     Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*,                :     08-13555 (JMP)
                                                         :
                            Debtors.                     :     (Jointly Administered)
------------------------------------------------------------x

## RESPONSE TO DEBTOR'S TWO HUNDRED EIGHTY SEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Claimant, AEO Management Co. ("AEO" or "Claimant") hereby submits the following Response to Debtor's Two Hundred Eighty Seventh Omnibus Objection to Claims (No Liability Claims) filed in the above-captioned jointly administered chapter 11 bankruptcy (the "Chapter 11 Case") of Lehman Brothers Holdings Inc. ("LBHI" and collectively with its affiliates, "Lehman").

1. On September 22, 2009, AEO filed a proof of claim, numbered 28550, in the Chapter 11 Case of LBHI along with an attachment thereto explaining its claim ("Attachment").

2. The amount of the claim is $61,462.50 and the calculation of this amount as prepared by AEO is set forth on the first page of Attachment B (page 7 of 10 of AEO's Barclays Wealth Premier Client Account ("Barclays Account") Statement (acct. no. 831-16220) for the period ending December 31, 2008).

3. As set forth in the Attachment, as of September 15, 2008, the date on which LBHI commenced the Chapter 11 Case, AEO held $5,000,000 par value Money Market Preferred Stock Custodial Receipts, HSBC USA Series I, CUSIP number 52519G778 (the "HSBC Securities"), in a Lehman Brothers Premier Client Account number 831-16220 (the "Lehman



Account"). (*See* September 2008 Lehman Account Statement, attached to the Attachment as Exhibit A).

4. The Lehman Account and all assets therein, including the HSBC Securities, was transferred to the Barclay's Account. (*See* December 2008 Barclays Account Statement, attached to the Attachment as Exhibit B).

5. Upon information and belief, on or about January 5, 2009, HSBC caused a distribution (the "Distribution") of approximately $62,000 (the "Distribution Proceeds") to be made in respect of the HSBC Securities.

6. To this date, AEO has not received the Distribution Proceeds in either the Barclays Account or in any other manner.

7. After becoming aware of the Distribution, AEO made efforts to locate and recover the Distribution Proceeds.

8. Based upon communications with Barclay's representatives, AEO has reason to believe that HSBC erroneously transferred the Distribution Proceeds to Lehman. However, AEO remains uncertain as to the identity of the Lehman entity to which the funds have been transferred. In addition to filing the proof of claim at issue here and communicating with LBHI counsel regarding the possibility that the funds were transferred to Lehman, AEO is exploring the possibility that the funds were transferred to Lehman Brothers, Inc. ("LBI"). To the extent it can determine that the funds were transferred to LBI, AEO intends to take steps necessary to obtain the funds from LBI.

9. AEO has submitted the Proof of Claim in the Chapter 11 Case and this Response because AEO has not, as of the date of this filing, succeeded in identifying which Lehman entity has received the Distribution Proceeds.

10. On or about April 16, 2012, LBHI filed its Two Hundred Eighty Seventh Omnibus Objection to Claims (No Liability Claims), in which it asserted as its basis for objecting to AEO's claim that "upon review of the supporting documents affixed to certain proof of claim and the internal review of the Chapter 11 Estates' books and records, the Plan Administrator has determined that, based on the fair and accurate examination of the agreements, the No Liability Claims are based on contractual obligations of Lehman Brothers ("LBI") or other non-debtor affiliates. None of the Chapter 11 Estates is liable for any actual or potential liability that LBI or any non-debtor affiliate may have." (emphasis added).

11. After receiving LBHI's objection, AEO took further steps to attempt to locate the missing funds or, at least, identify specifically to whom the funds were sent. In conjunction with these efforts, AEO requested an extension of time to respond to LBHI's objection and LBHI granted an extension until May 24, 2012.

12. As of the date of this filing, though AEO's investigation is continuing, it has been unable to determine the location of the missing funds. As such, AEO requested from LBHI an additional extension of time and/or an adjournment of the hearing to allow it more time to complete its investigation.

13. Alternatively, based upon the representation in LBHI's objection that an "internal review of the Chapter 11 Estates' books and records" had been completed, AEO requested a confirmation in writing that LBHI is not in possession of the missing funds.

14. As of May 23, 2012, LBHI was unwilling to agree to an immediate adjournment of the hearing or an extension of time and advised that it could not represent that it was not in possession of the missing funds without further investigation.

15. Instead, LBHI advised AEO to file its response to the objection and that, in the days leading up to the May 31, 2012 hearing in this matter, LBHI would conduct due diligence to attempt to confirm or deny that the funds were in its possession. LBHI further advised AEO that, if such due diligence could be completed in that time, then LBHI would proceed with the hearing. If it could not be completed, then LBHI would seek an adjournment of the hearing.

16. With respect to relief requested by AEO, AEO seeks either: (1) an adjournment of the hearing on this matter for 120 days to permit it time to complete its investigation; (2) a representation on the record that LBHI and its affiliated debtor entities are not in possession of the missing funds; or (3) payment of the missing funds from LBHI to AEO in the amount of $61,462.50.

17. As is apparent from AEO's requested relief alternatives, AEO's intent is not to unduly delay or incur unnecessary expense in dealing with this matter, but rather to determine, in the most efficient manner possible, the location of the missing funds and to seek the funds from that entity. In this regard, representations regarding possession of the funds or the lack thereof and/or an extension of time to determine whether other entities, particularly LBI, possess the funds, would allow AEO to resolve this issue without prejudicing its position and with no prejudice to LBHI, other than a short delay regarding the resolution of what is, relatively speaking, a small matter for LBHI.

18. Finally, it has been and remains AEO's position that, to the extent that LBHI or its affiliated debtors received the funds at issue, such funds were necessarily provided post-petition. As such, even a denial of AEO's claim in this matter should not prejudice its right to seek payment of such funds, which should not be considered assets of the estate, by alternative means through an appropriate motion or petition to the Court as the law may allow or require.

Thus, nothing in AEO's proof of claim, in this response, or otherwise is or should be construed to be a waiver of any such right to pursue or recover this post-petition means outside of the claims process.

19. All notices, responses, and communications regarding this matter should be directed to:

Richard T. Victoria, Esquire
rtv@muslaw.com
Meyer, Unkovic & Scott LLP
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2860 (direct dial)
(412) 456-3284 (direct fax)
Counsel for Claimant AEO Management Co.

Respectfully Submitted,

MEYER, UNKOVIC & SCOTT LLP

By: /s/ Richard T. Victoria

Richard T. Victoria, Esq.
rtv@muslaw.com
Antoinette C. Oliver, Esq.
aco@muslaw.com
Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, PA 15222-2315
(412) 456-2800

ATTORNEYS FOR CLAIMANT AEO MANAGEMENT CO.



Henry W. Oliver Building
535 Smithfield Street, Suite 1300
Pittsburgh, Pennsylvania 15222-2315
Tel: (412) 456-2800
Fax: (412) 456-2864
www.muslaw.com

Writer's direct dial phone number and e-mail address:

412-456-2860 ~ rtv@muslaw.com

**Sent via Federal Express**
United States Bankruptcy Court for the Southern District of New York
Attn: Clerk's Office
One Bowling Green
New York, NY 10004

RE:  In re Lehman Brothers Inc., Debtor
     S.D.N.Y. Bankruptcy Case No. 08-13555 (JMP)
     Claimant:   AEO Management Co. (Claim No. 28550)

Dear Sir or Madam:

Please find enclosed for filing in the above-referenced matter Claimant's Response to Debtor's Two Hundred Eighty Seventh Omnibus Objection to Claims (No Liability Claims).

Please do not hesitate to contact me with any questions or if any additional information is required.

Sincerely,

Richard T. Victoria

RTV/smh

cc:   The Honorable James M. Peck (via Federal Express)
      Weil Gotshal & Manges LLP (via Federal Express)
      Office of the United States Trustee for Region 2 (via Federal Express)
      Milbank, Tweed, Hadley & McCloy LLP (via U.S. Mail, First Class)

953533

MERITAS LAW FIRMS WORLDWIDE