**Richard S. Locke**
**145 Hawthorne Avenue**
**Larkspur, California 94939-1346**
**415-924-2114**
rslocke@sbcglobal.net

May 11, 2012

Honorable James M. Peck
One Bowling Green
New York, New York 10004
Courtroom 601

Dear Judge Peck:

Re:  RESPONSE TO LEHMAN BROTHERS HOLDINGS INC'S TWO
HUNDRED AND EIGHT-EIGHTH OMNIBUS OBJECTION TO CLAIMS

I am no longer represent by Counsel in this matter so I hope this format is
acceptable to the Court.

I object to the Motion referred to above.

The Omnibus Objection states that my claim is for Deferred Compensation.
This is not correct, my claim is for a pension granted to me while I was
employed at E. F. Hutrton & Co.  This pension obligation was assumed by
Lehman Brothers Holdings Inc.  This pension was a part of a Supplement
Retirement and as such was a non-qualified plan and will not be assumed by
the PGBC.

The facts relating to this matter are set forth in my prior objection filed with
this Court for a hearing on April 28, 2011, a copy of which is attached.

For the facts set forth in the attachments with respect to my claim, the
Motion should be denied.

Very truly yours,

Copies to:

Weill, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn:  Robert J. Lemons, Esq.
     Mark Bernstein, Esq.


Office of the United States Trustee for Region 2
33 Whitehall Street
21st Floor
New York, New York 10004
Attn: Tracy Hope Davis, Esq.
     Elisabetta Gasparini, Esq.
     Andreas B. Schwartz,  Esq.

**ROBINSON BROG LEINWAND GREENE**
 **GENOVESE & GLUCK P.C.**
875 Third Avenue
New York, New York 10022-0123
Tel. No.: (212) 603-6300
**Robert M. Sasloff, Esq.**

Hearing Date: April 28, 2011
at 10:00 A.M.

*Counsel for Richard S. Locke*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x

In re:

**LEHMAN BROTHERS HOLDINGS, INC.**
*et. al.*

Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

                                              Debtors.
---------------------------------------------------------x

### RICHARD S. LOCKE'S OPPOSITION TO DEBTORS' ONE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY PENSION CLAIMS)

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

       **Richard S. Locke**, by his attorneys **Robinson Brog Leinwand Greene Genovese & Gluck P.C.**, as and for his opposition ("Opposition") to the motion ("Motion") of **Lehman Brothers Holdings Inc.** ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), respectfully represent as follows[1]:

       1.     The Debtors submit that its liability for any of its pension related obligations have been assumed by the PGBC. However, in addition to the pension plan that was covered by PGBC Settlement, Mr. Locke received payments under a supplemental retirement benefit

---

[1] The Opposition assumes the definitions of the Motion

plan that was non-qualified by the Internal Revenue Code ("IRC") or ERISA. Accordingly, those obligations are still claims against the Debtors and were not assumed by the PGBC pursuant to the PGBC Settlement. Mr. Locke's proof of claim (Proof of Claim Number 9581, annexed hereto as Exhibit A) addresses his claim for amounts owed under the supplemental retirement benefit plan. Accordingly, the Motion seeking to expunge Mr. Locke's claim should be denied.

### Background

2.      Through the 1980s, Mr. Locke was a member of the Executive Committee of E.F. Hutton & Co., which was acquired in December 1987 by Shearson Lehman, a predecessor-in-interest of the Debtors. As a member of the Executive Committee, Mr. Locke was entitled to retirement benefits under their qualified pension plan as well as under a supplemental pension plan.

3.      On May 26 1992, when he was 55, Mr. Locke elected to begin withdrawing from his pension benefits.

4.      Mr. Locke was granted a pension benefit under the Shearson Lehman Brothers Inc. Retirement Plan, which later became the Lehman Brothers Inc. Retirement Plan (the "Plan"), and which is covered by the PGBC Settlement.

5.      Mr. Locke also received a retirement benefit from the supplemental retirement plan benefit from E.F. Hutton, which was assumed by the Debtors when they acquired E.F. Hutton and, upon information and belief, was called the Shearson/American Express Inc. Supplemental Retirement Plan (the "Supplemental Retirement Benefit"). The Supplemental Retirement Benefit was established to provide additional benefits in addition to the Plan, which is limited by 26 IRC §415. (*See* Correspondence between the Debtors and Mr. Locke

526113

regarding Mr. Locke's retirement benefits, annexed hereto as Exhibit B). The Supplemental

Retirement Benefit is a non-qualified pension plan, which was not guaranteed by the PGBC.

The Supplemental Retirement Benefit was paid directly by the Debtors' payroll department,

and not through the Plan. (A letter from the Shearson Lehman Brothers describing Mr.

Locke's retirement benefits is annexed hereto as Exhibit C). Accordingly, at 55 when Mr.

Locke retired, from May 1992 through the Petition Date, Mr. Locke received two (2)

payments each month; one from the Plan and the other from the payroll department of the

Debtors for the Supplemental Retirement Benefit.

6.      After the Petition Date, the Debtors stopped sending payments to Mr. Locke

on account of the Supplemental Retirement Benefit, but continued to send payments on

account of the Plan. (*See* Letter from Lehman Brothers, Inc. describing the Supplemental

Retirement Benefit as a non-qualified plan, annexed hereto as Exhibit D). Subsequent to the

PGBC Settlement, Mr. Locke has received payments on account of the Plan from the PGBC,

but is still receiving anything on account of the Supplemental Retirement Benefit.

7.      On or about August 26, 2009, Mr. Locke filed a claim in the Debtors' case in

the amount of $550,000 representing amounts due him and his wife under the Supplemental

Retirement Benefit only and not amounts covered by the Plan.

### Objection

8.      On or about March 14, 2011, the Debtors filed the Motion seeking to disallow

and expunge certain filed proofs of claim covering pension claims.

9.      In the Motion, the Debtors describe the PGBC Settlement as "The PBGC

assumed full responsibility to pay pension benefits in accordance with ERISA. The amount

of pension benefits payable by the PBGC is subject to the limits set forth in ERISA. (Motion,

¶9)." However, as described above, since the claim filed by Mr. Locke represent monies due

him under the Supplemental Retirement Benefit and not the Plan and since the Supplemental

Retirement Benefit was a non-qualified plan under ERISA and the IRC, it was not covered

by the PBGC Settlement and it remains an obligation of the Debtors.  Therefore, Mr. Locke's

claim should not be disallowed and/or expunged.

**WHEREFORE,** for all the reasons set forth herein, with respect to Mr. Locke's

Claim, the Motion should be denied.

**Dated:**  New York, New York
April ___, 2011

**ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.**
**Counsel to Richard S. Locke**

By: /s/ *Robert M. Sasloff*
**Robert M. Sasloff**
875 Third Avenue, 9th Floor
New York, New York 10022
Tel. No.: (212) 603-6300

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000193310 |
|---|---|---|
| Name of Debtor Against Which Claim is Held LEHMAN BROS. HOLDINGS | Case No. of Debtor 08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000193310******
LOCKE,RICHARD S.
145 HAWTHORNE AVENUE
LARKSPUR. CA 94939

Telephone number: 415-924-2114    Email Address: RSLOCKE @ PACBELL.NET

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 550,000
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** CONTINGENCY OF PENSION PAYMENTS DUE TO ME + MY WIFE, WHICH WERE ACQUIRED IN OCTOBER, 2008.
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____
**Amount of Secured Claim:** $_____    **Amount Unsecured:** $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

| Date: 9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. Richard M. Locke |
|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

*Exhibit B*



**SHEARSON
LEHMAN
BROTHERS**

May 26, 1992

Mr. Richard Locke
2386 Mar-East
Triburon, CA  94920

Dear Mr. Locke:

Upon receipt of your election form, I have calculated your
pension benefit based on the option you elected under the
Shearson Lehman Brothers Inc. Retirement Plan.  The monthly
pension benefit payable to you in a 100% Joint and Survivor
Annuity is $809.86, commencing May 1, 1992.  In addition to
the Shearson Lehman, Inc. Retirement benefit you also have
a Supplemental Retirement benefit from E.F. Hutton.

The Supplemental will be paid from the Shearson Lehman
Brother Inc. payroll department, the monthly amount
commencing May 1, 1992 is $1,146.70.  In the event you
predecease your spouse, she will receive the same benefit
you were receiving for the rest of her life.  Mr. Locke as
per your verbal request there will be no taxes withheld
from your normal retirement check on your supplemental
retirement check.

If you have any questions, please contact me at (212)
464-2582.

Sincerely,

Joseph Yelder
Sr. Pension Administrator

jy/4

# LEHMAN BROTHERS

October 24, 2008

Richard Locke
145 Hawthorne Avenue
Larkspur, CA  94939

As a result of Lehman Brothers Inc. ("LBI") having been placed into a liquidation proceeding under the Securities Investor Protection Act of 1970, as amended ('SIPA"), on September 19, 2008 ("Filing Date"), LBI's obligation under the non-qualified, Shearson/American Express Inc. Supplemental Retirement Plan is deemed a pre-Filing Date claim under SIPA and the Bankruptcy Code.  Consequently, future payments of the supplemental retirement plan cannot be made without the approval of the SIPA trustee and the Bankruptcy Court overseeing the SIPA liquidation, which is separate from the Lehman Brothers Holding Inc. ("LBHI") chapter 11 case.

As a participant in the Shearson/American Express Inc. Supplemental Retirement Plan prior to September 19, 2008, you may submit a claim as a creditor of LBI and participate in any distributions from monies available as a result of its liquidation.

The Securities Investor Protection Corporation and Federal Courts have appointed James W. Giddens as the trustee to administer the LBI SIPA liquidation. At some point in the future the SIPA trustee will be sending and publishing notice of the procedures for the filing of claims and the date by which such claims must be filed.

All inquiries regarding this proceeding should be directed to:

US: (866) 841-7868
Non-US: (503) 597-7690

For more information please visit http://chapter11.epiqsystems.com