

THE STOLAR PARTNERSHIP LLP
911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
Telephone: (314) 231-2800
Fax: (314) 436-8400
H. Kent Munson

Attorneys for Lutheran Senior Services
Claim No. 23928/Docket No. 26174

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE:                                                      :    Chapter 11
                                                            :
LEHMAN BROTHERS HOLDINGS, INC.,                             :    Case No. 08-13555 (JMP)
et al.,                                                     :    (Jointly Administered)
                                                            :
       Debtors.                                             :
------------------------------------------------------------x

## LUTHERAN SENIOR SERVICES' SUPPLEMENTAL RESPONSE TO DEBTORS' TWO HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lutheran Senior Services, a creditor of the debtor Lehman Brothers Holdings, Inc. ("LBH"), respectfully submits its Supplemental Response to the above-referenced Objection.

### Preliminary Statement

1.  Lutheran Senior Services timely filed its Response to the Objection, which is incorporated by reference herein. On April 25, 2012, Lutheran Senior Services obtained for the first time a document relevant and critical to its argument in opposition to the Objection called a "Unanimous Written Consent of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc.," ("Consent"), which is attached as Exhibit 1 hereto and incorporated by reference. Accordingly, Lutheran Senior Services hereby supplements its original Response with

such Consent. Debtors have agreed to accept the Consent as part of Lutheran Senior Services' Response without making any admissions.

2. Lutheran Senior Services timely filed its proof of claim for Claim No. 23948 ("Claim") in this bankruptcy proceeding, based on Debtor Lehman Brothers Holdings, Inc.'s ("LBH") unconditional guarantee of the obligations of Lehman Brothers Special Financing, Inc.'s ("Special Financing") under a Reserve Fund Agreement ("Agreement") dated February 17, 2006 (Global ID #2392963) (the "Guarantee"). (A copy of Lutheran Senior Services' proof of claim was attached as Exhibit 1, and a copy of the Agreement was attached as Exhibit 2, to Lutheran Senior Services' original Response to the Objection).

3. In the Objection, LBH has asserted that because Lutheran Senior Services did not include with its proof of claim a copy of the Guarantee, the Claim should be disallowed and expunged. (Objection at ¶11). From this failure to attach a copy of the executed Guarantee, LBH asserts that it did not issue one, and, thus, the Guarantee cannot be enforced against LBH.

4. LBH's argument is factually incorrect because, pursuant to the Consent, LBH expressly waived the necessity of an executed Guarantee and explicitly agreeed that its Guarantee would be enforceable even in the absence of a formally executed document. Thus, the Objection should be denied as to the Claim.

## Argument

5. In 2006, in conjunction with the Health and Educational Facilities Authority of the State of Missouri, Senior Living Facilities Revenue Bonds, Series 2005A ("Bonds") issued for the benefit of Lutheran Senior Services, the Agreement was executed by and among The Bank of New York Trust Company, N.A. ("BNY"), Lutheran Senior Services, and Special

Financing for the investment of the debt service reserve funds related to the Bonds. (Agreement, Ex. 2).

6. Special Financing breached its obligation to Lutheran Senior Services under that Agreement. LBH unconditionally guaranteed the obligations of Special Financing under that Agreement and also breached its obligation to Lutheran Senior Services under its Guarantee, as a result of which failure Lutheran Senior Services was deprived of the benefit to which it was entitled under that Agreement.

7. The damages arising from such breach are the subject of a Termination Agreement by and among The Bank of New York Trust Company, N.A., Lutheran Senior Services and Special Financing dated September 22, 2009. (A copy of the Termination Agreement was attached as Exhibit 4 to Lutheran Senior Services' original Response to the Objection). Payment of such damages are an unconditional obligation of LBH pursuant to the Guarantee.

8. Although LBH's original, executed Guarantee appears never to have been delivered to Lutheran Senior Services, the Consent expressly provides that the formal execution of the Guarantee was unnecessary, and that LBH intended to be bound by the terms of the Guarantee without formally executing it.

9. The Consent recites that it was given to "clarify that [LBH's] guarantee of any Guaranteed Subsidiary with respect to any given transaction *is not contingent upon the issuance of a signed guarantee pertaining to such transaction.*" (Ex. 1 at p. 1, emphasis added).

10. The Consent expressly resolves that LBH "*hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries* set forth on Schedule A

3

hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code." (Ex. 1 at p. 2, emphasis added).

11. Special Financing is identified as a Guaranteed Subsidiary in Schedule A to the Consent. (Ex. 1 at p. 3, Schedule A at line 16).

12. The Consent was duly executed on June 9, 2005 by Richard S. Fuld, Jr., then the Chairman and CEO of LBH, and John D. Macomber, a Director of LBH. (Ex. 1 at p. 2).

13. The Consent is dispositive of LBH's Objection to Lutheran Senior Services' claim. Because LBH expressly waived the requirement of an executed Guarantee and explicitly affirmed its unconditional obligation to guarantee the commitments of Special Financing, which includes the obligations of Special Financing to Lutheran Senior Services under the Agreement and the Termination Agreement, the Objection should be denied.

WHEREFORE, for all of the foregoing reasons, Creditor Lutheran Senior Services respectfully requests that the Court deny the relief sought in Debtors' Two Hundred Sixty-First Omnibus Objection to Claims (No Guarantee Claims) as to Claim No. 23948 and order such additional relief that the Court deems appropriate.

Dated: May 7, 2012
St. Louis, Missouri

*/s/ H. Kent Munson*
H. KENT MUNSON
THE STOLAR PARTNERSHIP LLP
911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
Telephone: (314) 231-2800
Fax: (314) 436-8400
hkm@stolarlaw.com

Attorneys for Creditor Lutheran Senior Services

# EXHIBIT 1

TO LUTHERAN SENIOR SERVICES' SUPPLEMENTAL RESPONSE TO DEBTORS' TWO HUNDRED SIXTY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

# UNANIMOUS WRITTEN CONSENT OF THE

# EXECUTIVE COMMITTEE OF THE

# BOARD OF DIRECTORS OF

# LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

06-09-05  11:01   JDM INVESTMENTS                ID=2025550294              NO.288   004    P.02
                                                                                       NO.584   002

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document; provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 7, 2005

_____                    _____
Richard S. Fuld, Jr.                       John D. Macomber

2

06-09-05   09:48        RECEIVED FROM:212 526 0339            P.04

06/08/2005   16:41   LEHMAN → 916467582653                                   NO.594   P03

**Schedule A
to LBHI Unanimous Written Consent
dated June 9, 2005**

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

THE STOLAR PARTNERSHIP LLP
911 Washington Avenue, 7th Floor
St. Louis, Missouri 63101
Telephone: (314) 231-2800
Fax: (314) 436-8400
H. Kent Munson

Attorneys for Lutheran Senior Services

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN RE:                                          :    Chapter 11
                                                :
LEHMAN BROTHERS HOLDINGS, INC.,                 :    Case No. 08-13555 (JMP)
et al.,                                         :    (Jointly Administered)
                                                :
        Debtors.                                :
-----------------------------------------------------------x

## CERTIFICATE OF SERVICE

I, H. KENT MUNSON, an attorney, hereby certify that on the 7th day of May, 2012, I caused true and accurate copies of Lutheran Senior Services' Supplemental Response to Debtors' Two Hundred Sixty-First Omnibus Objection to Claims (No Guarantee Claims) to be filed with the Bankruptcy Court on a CD; and served upon the parties on the attached Service List in the manner described therein.

_____
H. KENT MUNSON

## Service List: (via Federal Express Overnight Delivery)

Honorable James M. Peck
One Bowling Green
New York, NY 10004-1408
Courtroom 601

Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Attn:   Robert J. Lemons, Esq.
        Lee J. Goldberg, Esq.

Office of the United States Trustee for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Attn:   Tracy Hope Davis, Esq.
        Elisabetta Gasparini, Esq.
        Andrea B. Schwartz, Esq.

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
Attn:   Dennis F. Dunne, Esq.
        Evan Fleck, Esq.
        Dennis O'Donnell, Esq.