Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900

-and-

Ross M. Kwasteniet
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Counsel to Lehman Brothers Real
Estate Mezzanine Partners II, L.P.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., *et al.,* | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**NOTICE OF WITHDRAWAL OF PROOF OF**
**CLAIM NUMBERED 29764 FILED BY LEHMAN**
**BROTHERS REAL ESTATE MEZZANINE PARTNERS II, L.P.**

1.     On or after September 15, 2008, Lehman Brothers Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the "**Debtors**") commenced voluntary cases under chapter 11 of title 11 of the United States Code.  The Debtors had set September 22, 2009 as the date by which prepetition claims against them had to be filed.

2.    Lehman Brothers Real Estate Mezzanine Partners II, L.P. ("**Claimant**") timely filed a proof of claim against LBHI [Claim No. 29764] (the "**LBHI Claim**"), a copy of which is attached hereto as **Exhibit A**.

3.    PLEASE TAKE NOTICE that Claimant hereby withdraws, without prejudice, the Claim and reserves its right to re-file the Claim.

Dated: June 8, 2012
         New York, New York

**KIRKLAND & ELLIS LLP**

/s/ *Ross M. Kwasteniet*
Paul M. Basta
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

-and-

Ross M. Kwasteniet
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to Lehman Brothers Real
Estate Mezzanine Partners II, L.P.

## **Exhibit A**

**LBHI Claim**

| **United States Bankruptcy Court/Southern District of New York** | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)        0000029764 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>**Lehman Brothers Holdings Inc.** | Case No. of Debtor<br>**08-13555** | |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | | |
|---|---|---|
| Lehman Brothers Real Estate Mezzanine<br>Partners II, L.P.<br>1271 Avenue of the Americas, 38th Floor<br>New York, New York 10020<br>Attn: Judy Turchin<br>    Ji Yeong Chu<br>Tel: 212 526-3075<br>Email: judy.turchin@lehman.com<br>    jichu@lehman.com | (with a copy to)<br>Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn: Paul M. Basta<br>Attn: Cindy Y. Chen<br>Tel: 212-446-4800<br>Email: paul.basta@kirkland.com<br>    cindy.chen@kirkland.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>**Court Claim Number:**<br>     (If known)<br><br>Filed on: _____ |

| Name and address where payment should be sent (if different from above)<br>Lehman Brothers Real Estate Mezzanine Partners II, L.P.<br>1271 Avenue of the Americas, 38th Floor<br>New York, New York 10020<br>Attn: Judy Turchin, Ji Yeong Chu | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|
| Telephone number:        Email Address: | ☐ Check this box if you are the debtor or trustee in this case. |

1. **Amount of Claim as of Date Case Filed:** $ See attachment

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☒ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:**  See attachment
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:**  N/A
**3a. Debtor may have scheduled account as:**  N/A
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☒ Other
Describe:  Setoff including on account of claims of the Debtors.

Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

**Amount of Secured Claim:** $ unknown    **Amount Unsecured:** $_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(c).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:
See attachment and to-be completed online questionnaire

| Date:<br><br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>_[signature]_    **Rodolpho Amboss**<br>**Authorized Signatory** | **FOR COURT USE ONLY**<br><br>**FILED / RECEIVED**<br>**SEP 2 2 2009**<br>**EPIQ BANKRUPTCY SOLUTIONS, LLC** |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS | ) Case No. 08-13555 (JMP) |
| HOLDINGS INC., *et al.*, | ) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

### ATTACHMENT TO PROOF OF CLAIM OF
### LEHMAN BROTHERS REAL ESTATE MEZZANINE PARTNERS II, L.P.

1.      On or after September 15, 2008 (the "**Petition Date**"), Lehman Brothers

Holdings Inc. ("**LBHI**") and certain of its subsidiaries (collectively with LBHI, the

"**Debtors**") commenced voluntary cases under chapter 11 of the Bankruptcy Code.  The

Debtors have set September 22, 2009 as the date by which claims against them have to be

filed (the "**Bar Date**").

2.      This proof of claim (the "**Proof of Claim**") is filed by Lehman Brothers

Real Estate Mezzanine Partners II, L.P. ("**Claimant**").  Claimant and Lehman Brothers

Special Financing Inc. ("**LBSF**") are parties to a novation dated August 28, 2008 (the

"**Interest Rate Hedge Agreement**").  A copy of the Interest Rate Hedge Agreement is

annexed hereto as **Exhibit A**.  Claimant is not certain regarding whether an LBHI

guarantee exists with respect to the Interest Rate Hedge Agreement, and is filing this

Proof of Claim to reserve any and all rights it may have with respect thereto.  Based on

the foregoing and in the abundance of caution, Claimant asserts an unliquidated claim

against LBHI, as guarantor to LBSF for any obligations arising out of the Interest Rate

Hedge Agreement, for any amounts due and owing under the Interest Rate Hedge

Agreement. Claimants intends to present any relevant information that may be in the Claimant's or the Debtors' possession evidencing such guarantee.

3.    The filing of this Proof of Claim does not constitute a concession or admission by Claimant of liability or of any facts or whether all or a portion of the claims are prepetition or postpetition in connection with any claim that has been or may be asserted against Claimant, the Debtors and their estate. Claimant reserves its right to seek any and all interest that it may be entitled to, including default interest, accrued and accruing, as well as any and all fees, costs, and expenses that it may seek reimbursement for, including attorneys' fees and any other related expenses.

4.    Claimant has filed this Proof of Claim under compulsion of the Bar Date established in the Debtors' chapter 11 cases and to protect Claimant from forfeiture of its claims against the Debtors by reason of any such bar date. Claimant reserves the right to amend and/or supplement this Proof of Claim at any time, including after the Bar Date, in any manner, and/or to file additional proofs of claim for any additional claims that may be based on the same or additional documents or grounds of liability or to assert that such claims are entitled to rights and priorities afforded under sections 365, 503 or 507 of the Bankruptcy Code.

5.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of Claimant's rights against any person, entity, or property, or a waiver of the right to compel the Debtors to return property of Claimant currently in the possession of the Debtors; (b) a waiver of the right to compel the Debtors to assume the Interest Rate Hedge Agreement; (c) a consent by Claimant to the jurisdiction of this Court or any other court with respect to proceedings, if any,

2

commenced in any case against or otherwise involving Claimant; (d) a waiver or release of Claimant's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by Claimant to a jury trial in a Bankruptcy Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver or release of Claimant's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge; (g) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or other proceeding that may be commenced in this case against or otherwise involving Claimant; or (h) an election of remedies.

6.    All notices regarding this Proof of Claim should be sent to Lehman Brothers Real Estate Mezzanine Partners II L.P., 1271 Avenue of the Americas, 38th Floor, New York, New York 10020, Attention:  Judy Turchin and Ji Yeong Chu, with a copy to Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attention:  Paul M. Basta and Cindy Y. Chen.

3

## Exhibit A

**Interest Rate Hedge Agreement**

# LEHMAN BROTHERS

### Novation Confirmation

Date:    28 August, 2008

To:    Lehman Brothers Real Estate Mezzanine Partners II, L.P., LBREM II Offshore AIV L.P. and LBREM II ECI AIV L.P. (each such entity jointly and severally "Transferee")
Attention: Swap Documentation

To:    REPE LBREM II LLC
Attention: Swap Documentation

From:    Lehman Brothers Special Financing Inc.
Capital Markets Contracts - Legal
Facsimile: 646-885-9551 (United States of America)
Telephone: 646-333-9516 (Louis P. Bardos)

Re:    Novation Transaction
Lehman Reference No.: Risk ID: 1624623L / Effort ID: N2265114 / Global Deal ID: 4026141

---

Dear Sir or Madam:

The purpose of this letter is to confirm the terms and conditions of the Novation Transaction entered into between the parties and effective from the Novation Date specified below. This Novation Confirmation constitutes a "Confirmation" as referred to in the New Agreement specified below.

1.    The definitions and provisions contained in the 2004 ISDA Novation Definitions (the "Definitions") and the terms and provisions of the 2006 ISDA Definitions, as published by the International Swaps and Derivatives Association, Inc. and amended from time to time, are incorporated in this Novation Confirmation. In the event of any inconsistency between (i) the Definitions, (ii) the 2006 ISDA Definitions and/or (iii) this Novation Confirmation, this Novation Confirmation will govern.

2.    The terms of the Novation Transaction to which this Novation Confirmation relates are as follows:

| | |
|---|---|
| Novation Trade Date: | 28 August, 2008 |
| Novation Date: | 28 August, 2008 |
| Novated Amount: | As specified in the Exhibit A attached hereto |
| Transferor: | REPE LBREM II LLC |
| Transferee: | Lehman Brothers Real Estate Mezzanine Partners II, L.P., LBREM II Offshore AIV LP and LBREM II ECI AIV L.P. |
| Remaining Party: | Lehman Brothers Special Financing Inc. |
| New Agreement (between Transferee and Remaining Party ): | ISDA Master Agreement dated as of 26 August, 2008. |

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

3.      The terms of the Old Transaction to which this Novation Confirmation relates, for identification purposes, are as follows:

| | |
|---|---|
| Trade Date of Old Transaction: | 22 August, 2007 |
| Effective Date of Old Transaction: | 15 September, 2007 |
| Termination Date of Old Transaction: | 15 September, 2017 |

4.      The terms of the New Transaction to which this Novation Confirmation relates shall be as specified in the Old Confirmation attached hereto as Exhibit A.

| | |
|---|---|
| Full First Calculation Period: | Applicable, commencing on 15 August, 2008. |

The parties confirm their acceptance to be bound by this Novation Confirmation as of the Novation Date by executing a copy of this Novation Confirmation and returning it to us. The Transferor, by its execution of a copy of this Novation Confirmation, agrees to the terms of the Novation Confirmation as it relates to each Old Transaction. The Transferee, by its execution of a copy of this Novation Confirmation, agrees to the terms of the Novation Confirmation as it relates to the New Transaction.

**LEHMAN BROTHERS
SPECIAL FINANCING INC.**
(Remaining Party)

Anatoly Kozlov

Lehman Brothers Special Financing Inc.

By: _____
Name:
Title:
Date:

**LEHMAN BROTHERS REAL ESTATE MEZZANINE
PARTNERS II, L.P. , LBREM II OFFSHORE AIV L.P.
AND LBREM II ECI AIV L.P.**
(each such entity jointly and severally "Transferee")

By:  LEHMAN BROTHERS REAL ESTATE
MEZZANINE PARTNERS II, L.P.

By:  Lehman Brothers Real Estate Mezzanine Associates II, L.P., a Delaware limited partnership, its general partner

By:  Real Estate Private Equity Inc., its general partner

By: _____
Name:
Title:

Date:

**REPE LBREM II LLC**
(Transferor)

By: _____
Name:
Title:
Date:

By:  **LBREM II OFFSHORE AIV, L.P.**

By:  Lehman Brothers Offshore Real Estate Mezzanine Associates II L.P., a Jersey limited partnership, its general partner

By:  Lehman Brothers Offshore Real Estate Mezzanine Associates II Limited, a Jersey limited company, its general partner

By: _____
Name:
Title:
Date:

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

By:  **LBREM II ECI AIV L.P.**

By: Lehman Brothers Real Estate Mezzanine Associates II,
L.P., a Delaware limited partnership, its general partner

By:  Real Estate Private Equity Inc., its general partner

By:  _____

Name:

Title:

Date:

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

### Exhibit A

**Transaction**

| | |
|---|---|
| Date: | 28 August, 2008 |
| To: | Lehman Brothers Real Estate Mezzanine Partners II, L.P., LBREM II Offshore AIV LP and LBREM II ECI AIV L.P. (each such entity jointly and severally "Party B") |
| | Attention:    Documentation Unit |

| | |
|---|---|
| From: | Lehman Brothers Special Financing Inc. |
| | Capital Markets Contracts - Legal |
| | Facsimile:    (1) 646-885-9551 (United States of America) |
| | Telephone:    646-333-9516 (Louis P. Bardos) |

Ref. Numbers:   Risk ID: 1624623L / Effort ID: N2265114 / Global Deal ID: 4026141

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and Lehman Brothers Real Estate Mezzanine Partners II, L.P., LBREM II Offshore AIV LP and LBREM II ECI AIV L.P. (each such entity jointly and severally "Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below.

This Confirmation supplements, forms part of, and is subject to, the ISDA Master Agreement dated as of 26 August, 2008, as amended and supplemented from time to time, between Party A and Party B (the "Agreement"). All provisions contained in the Agreement shall govern this Confirmation except as expressly modified below.

The definitions and provisions contained in the 2006 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Definitions and the terms of this Confirmation, this Confirmation will govern. For the purpose of the Definitions, references herein to a "Transaction" shall be deemed to be references to a "Swap Transaction".

Party A and Party B each represents that entering into the Transaction is within its capacity, is duly authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party. Party A and Party B each represents that (a) it is not relying on the other party in connection with its decision to enter into this Transaction, and neither party is acting as an advisor to or fiduciary of the other party in connection with this Transaction regardless of whether the other party provides it with market information or its views; (b) it understands the risks of the Transaction and any legal, regulatory, tax, accounting and economic consequences resulting therefrom; and (c) it has determined based upon its own judgment and upon any advice received from its own professional advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives. Party A and Party B each represents that upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

Deal ID: 4026141    / Effort ID: 2265114

The terms of the particular Transaction to which this Confirmation relates are as follows:

**General Terms:**

| | |
|---|---|
| Novation Trade Date: | 28 August, 2008 |
| Effective Date: | 15 August, 2008 |
| Termination Date: | 15 September, 2017, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Notional Amount: | USD 40,800,000.00 |

**Floating Amounts:**

| | |
|---|---|
| Floating Amount Payer: | Party A |
| Floating Amount Payer Payment Dates: | The 15th calendar day of each month, from and including 15 September, 2008 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | 1 month |
| Spread: | Plus 2.7066% |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Dates: | The first day of each Calculation Period |

**Fixed Amounts:**

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | The 15th calendar day of each month, from and including 15 September, 2008 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Fixed Rate: | 7.9266% per annum |
| Fixed Rate Day Count Fraction: | Actual/360 |

| | |
|---|---|
| **Business Days:** | London and New York |
| **Collateral:** | Party A and Party B agree that this provision will apply with respect to this Transaction and all other Transactions entered into between them until such time as they execute an ISDA Credit Support Annex to the Agreement. |
| | Paragraphs one through thirteen of the standard form ISDA Credit Support Annex (New York law) (the "CSA") are incorporated by reference herein subject |

Deal ID: 4026141    / Effort ID: 2265114

to the elections and modifications set out below. Terms defined in the CSA have this same meaning herein.

| | |
|---|---|
| Elections and variables for the purposes of Paragraph 13 of the CSA: | "Eligible Collateral" shall include, for party B, (A) USD cash at a Valuation Percentage of 100% and/or (B) negotiable debt obligations issued by the U.S. Treasury Department having a maturity at issuance of not more than one year ("Treasury Bills") at a Valuation Percentage of 99% and/or (C) negotiable debt obligations issued by the U.S. Treasury Department having a maturity at issuance of more than one year but not more than ten years ("Treasury Notes") at a Valuation Percentage of 98% and/or (D) negotiable debt obligations issued by the U.S. Treasury Department having a maturity at issuance of more than ten years ("Treasury Bonds") at a Valuation Percentage of 97%. |

Notwithstanding anything contained herein, the term "Secured Party" means only Party A and the term "Pledgor" means only Party B.

"Threshold" means USD 20,000,000.00 with respect to Party B; provided that if an Event of Default, Credit Event Upon Merger or Additional Termination Event has occurred and is continuing with respect to a party, the Threshold with respect to such party shall be zero.

"Minimum Transfer Amount" means with respect to a party USD 1,000,000; provided that if an Event of Default, Credit Event Upon Merger or Additional Termination Event has occurred and is continuing with respect to a party, the Minimum Transfer Amount with respect to such party shall be zero.

"Valuation Agent" means Party A. Notwithstanding Paragraph 4(c), calculations will only be provided upon a demand made by Party B.

"Valuation Date" means any Local Business Day.

"Valuation Time" means the close of business in the location where the relevant product is traded provided that the calculations of Value and Exposure will be made as of approximately the same time on the same date.

"Notification Time" means 3.00 p.m., New York time, on a Local Business Day.

"Value" For the purpose of Paragraph 5(i)(c) and 5(ii) of the CSA, the Value of Posted Credit Support other than Cash will be calculated as follows:

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

With respect to any Treasury Bills, Treasury Notes, or Treasury Bonds (referred to herein as "Government Obligations") the sum of (I) (x) the bid price quoted on such date by a mutually acceptable principal market maker for such Government Obligations, or (y) if no such quotation is available from a principal market maker for such date, such bid price as of the day, next preceding such date, on which such quotation was available, in either case multiplied by the applicable Valuation Percentage, plus (II) the accrued interest on such Government Obligations (except to the extent Transferred to a party pursuant to any applicable section of this Agreement or included in the applicable price referred to in (I) of this definition) as of such date.

"Interest Rate" means the rate per annum equal to the overnight Federal Funds Rate for each day Cash is held by the Secured Party as reported in Federal Reserve Publication H.15-519.

**Miscellaneous:**

| | |
|---|---|
| Calculation Agent: | Party A |
| Office: | For the purposes of this Transaction, Party A is not a Multibranch Party, and the Office of Party B is its Head Office. |

Deal ID: 4026141    / Effort ID: 2265114

Deal ID: 4026141    / Effort ID: 2265114

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number (+1) 646-885-9551 (United States of America), Attention: Confirmations Group.

Yours sincerely,
**LEHMAN BROTHERS
SPECIAL FINANCING INC.**

Anatoly Kozlov

Lehman Brothers Special Financing Inc.

By: _____
Name:
Title:
Date:

Accepted and agreed to:
**LEHMAN BROTHERS REAL ESTATE
MEZZANINE PARTNERS II, L.P. , LBREM II
OFFSHORE AIV L.P. AND LBREM II ECI AIV
L.P.**
(each such entity jointly and severally "Party B")

By:  **LEHMAN BROTHERS REAL ESTATE
MEZZANINE PARTNERS II, L.P.**

By:  Lehman Brothers Real Estate Mezzanine
Associates II, L.P., a Delaware limited partnership, its
general partner

By:  Real Estate Private Equity Inc., its general partner

By: _____
Name:
Title:
Date:

By:  **LBREM II OFFSHORE AIV, L.P.**

By:  Lehman Brothers Offshore Real Estate
Mezzanine Associates II L.P., a Jersey limited
partnership, its general partner

By:  Lehman Brothers Offshore Real Estate
Mezzanine Associates II Limited, a Jersey limited
company, its general partner

By: _____
Name:
Title:
Date:

Risk ID: 1624623L / Effort ID: 2265114 / Global Deal ID: 4026141

By: **LBREM II ECI AIV L.P.**

By: Lehman Brothers Real Estate Mezzanine
Associates II, L.P., a Delaware limited partnership,
its general partner

By: Real Estate Private Equity Inc., its general
partner

By: _____
Name:
Title:
Date:

08/23/2007   18:01   LEHMAN → 91646885955   NO.899   D01

# LEHMAN BROTHERS

### Revised Transaction

| | |
|---|---|
| Date: | 23 August, 2007 |
| To: | **REPE LBREM II LLC** |
| | Attention:      Documentation Unit |
| From: | Lehman Brothers Special Financing Inc. |
| | Confirmations Group |
| | Facsimile:      (1) 646-885-9551 (United States of America) |
| | Telephone:     212 526-1791 (Leila Arjune) |

Ref. Numbers: Risk ID: 1624623L / Effort ID: N1573719 / Global Deal ID: 3304116

---

Dear Sir or Madam:

The purpose of this communication (this "Confirmation") is to confirm the terms and conditions of the transaction (the "Transaction") entered into between Lehman Brothers Special Financing Inc. ("Party A") and **REPE LBREM II LLC** ("Party B") on the Trade Date specified below. This Confirmation constitutes a "Confirmation" as referred to in the Agreement specified below. **This Confirmation supersedes and replaces in its entirety any other confirmation referencing the Transaction to which this Confirmation relates.**

This Confirmation is subject to and incorporates the terms of the 1992 version of the preprinted multicurrency cross-border form of Agreement published by the International Swaps and Derivatives Association, Inc. ("ISDA") (the "Agreement"), but without regard to any modifications or elections that the parties may be entitled to make pursuant to a Schedule except as provided in the Additional Provisions paragraph herein. All provisions contained in, or incorporated by reference to, the Agreement shall govern this Confirmation except as expressly modified below. In addition, this Confirmation shall itself evidence a complete and binding agreement between you and us as to the terms and conditions of the Transaction to which this Confirmation relates.

Party A and Party B each represents that entering into the Transaction is authorized and does not violate any laws of its jurisdiction of organization or residence or the terms of any agreement to which it is a party and that, upon due execution and delivery of this Confirmation, it will constitute a legally valid and binding obligation, enforceable against it in accordance with its terms, subject to applicable principles of bankruptcy and creditors' rights generally and to equitable principles of general application.

This Confirmation incorporates the definitions and provisions contained in the 2000 ISDA Definitions as published by ISDA (the "Definitions"). In the event of any inconsistency between the Definitions and this Confirmation, this Confirmation will govern.

The terms of the particular Transaction to which this Confirmation relates are as follows:

**General Terms:**

| | |
|---|---|
| Trade Date: | 22 August, 2007 |
| Effective Date: | 15 September, 2007 |
| Termination Date: | 15 September, 2017, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Notional Amount: | USD 40,800,000.00 |

**Floating Amounts:**

| | |
|---|---|
| Floating Amount Payer: | Party A |
| Floating Amount Payer Payment Dates: | The 15th calendar day of each month, from and including 15 October, 2007 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Floating Rate Option: | USD-LIBOR-BBA |
| Designated Maturity: | 1 month |
| Spread: | Plus 2.7066% |
| Floating Rate Day Count Fraction: | Actual/360 |
| Reset Dates: | The first day of each Calculation Period |

**Fixed Amounts:**

| | |
|---|---|
| Fixed Amount Payer: | Party B |
| Fixed Amount Payer Payment Dates: | The 15th calendar day of each month, from and including 15 October, 2007 to and including the Termination Date, subject to adjustment in accordance with the Modified Following Business Day Convention. |
| Fixed Rate: | 7.9266% per annum |
| Fixed Rate Day Count Fraction: | Actual/360 |

**Business Days:** London and New York

**Additional Provisions:**

1.  The **"Cross Default"** provisions of Section 5(a)(vi) of the Agreement will apply.

    **"Threshold Amount"** means the lesser of (i) USD 100 million or (ii) two percent (2%) of the Stockholders' Equity of Lehman Brothers Holdings Inc. ("Holdings"), in the case of Party A and Holdings (or its equivalent in any other currency), and the lesser of (i) USD 75 million and (ii) two percent (2%) of the Stockholders' Equity of Party B [or any Credit Support Provider of Party B], in the case of Party B [and any Credit Support Provider of Party B] (or its equivalent in any other currency).

    **"Stockholders' Equity"** means with respect to an entity, at any time, the sum at such time of (i) its capital stock (including preferred stock) outstanding, taken at par value, (ii) its capital surplus and (iii) its retained earnings, minus (iv) treasury stock, each to be determined in accordance with generally accepted accounting principles.

2.  The **"Credit Event Upon Merger"** provisions of Section 5(b)(iv) of the Agreement will apply to Party A and Party B, provided, that the term "materially weaker" means, with respect to Party A, that Holdings or the resulting, surviving or transferee entity of Holdings fails to maintain a long-term senior, unsecured debt rating of at least Baa3 as determined by Moody's Investors Service, Inc. and BBB- from Standard & Poor's Ratings Services, a division of the McGraw-Hill Companies Inc.

3.  **Payments on Early Termination.** For the purpose of Section 6(e) of the Agreement, Loss and the Second Method will apply.

4.  **Representations.** Section 3 of the Agreement is hereby amended by adding the following additional subsections:

    (a) **No Agency.** It is entering into this Transaction as principal (and not as agent or in any other capacity, fiduciary or otherwise).

    (b) **Eligible Contract Participant.** It is an "eligible contract participant" as defined in the Commodity Futures Modernization Act of 2000.

    (c) **No Reliance.** In connection with the negotiation, entering into and execution of this Transaction, Party B acknowledges and agrees that: (i) Party A is acting for its own account and not as a fiduciary for, or financial or investment advisor to, Party B (or in any similar capacity) regardless of whether Party A provides Party B with market information or its views; (ii) Party B is not relying upon any communications (whether written or oral) from Party A as investment advice or as a recommendation to enter into this Transaction (other than the representations expressly set forth in the Agreement), it being understood that information and explanations related to the terms and conditions of this Transaction shall not be considered investment advice or a recommendation to enter into this Transaction; (iii) Party B has not received from Party A any assurance or guarantee as to the expected results of this Transaction and understands the risks of the Transaction; (iv) Party B has consulted with its own legal, regulatory, tax, business, investment, financial, and accounting advisors to the extent it has deemed necessary, and it has made its own independent investment, hedging, and trading decisions based upon its own judgment and upon any advice

from such advisors as it has deemed necessary and not upon any view expressed by Party A; and (v) Party B has determined based upon its own judgment and upon any advice received from its own professional advisors as it has deemed necessary to consult that entering into the Transaction is appropriate for such party in light of its financial capabilities and objectives.

5. **Netting of Payments.**  Subparagraph (ii) of Section 2(c) of the Agreement will not apply to any Transaction between the parties hereto.

6. **Waiver of Trial By Jury.**  Insofar as is permitted by law, each party irrevocably waives any and all rights to trial by jury in any legal proceeding in connection with this Transaction, and acknowledges that this waiver is a material inducement to the other party's entering into this Transaction hereunder.

**Miscellaneous:**

| | |
|---|---|
| Calculation Agent: | Party A |
| Office: | For the purposes of this Transaction, Party A is not a Multibranch Party, and Party B is not a Multibranch Party. |
| Transfer: | Notwithstanding Section 7 of the Agreement, Party A may assign its rights and obligations under this Transaction, in whole and not in part, to any Affiliate of Lehman Brothers Holdings Inc. ("Holdings") effective upon delivery to Party B of the guarantee by Holdings, in favor of Party B, of the obligations of such Affiliate. |
| Governing Law: | The laws of the State of New York (without reference to choice of law doctrine). |
| Termination Currency: | USD |

08/23/2007    18:01     LEHMAN → 91646885955      NO.899    D05

Please confirm your agreement with the foregoing by executing this Confirmation and returning such Confirmation, in its entirety, to us at facsimile number (1) 646-885-9551 (United States of America), Attention: Confirmations Group.

Yours sincerely,                          Accepted and agreed to:

**Lehman Brothers Special Financing Inc.**    **REPE LBREM II LLC**


Anatoly Kozlov

Lehman Brothers Special Financing Inc.        By:
                                              Name:
                                              Title:

Risk ID: 1624623L / Effort ID: 1573719 / Global Deal ID: 3304116

ADMIT ONE

H
A
N
D

D
E
L
I
V
E
R
Y

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

_____
RECEIVED BY:

_____
DATE

9:35
_____
TIME