UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
In re                               :       Chapter 11
                                    :       Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,      (Jointly Administered)
                                    :
                  Debtors.          :
                                    :
------------------------------------X

CERTIFICATE OF NO OBJECTION UNDER
28 U.S.C. § 1746 REGARDING CLAIMANT'S MOTION

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [Docket No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      Symphony Asset Management LLC ("Symphony Asset"), acting on behalf of Adagio Fund c/o Symphony Asset Management (Claim No. 34458), filed with this Court a response to the Debtors' Fortieth Omnibus Objection to Late Filed Claims and a motion to deem proof of claim timely filed [Docket No. 12074] ("the Motion").

2.      In accordance with the Second Amended Case Management Order, October 25, 2010 was established as the deadline for parties to object or file responses to the Motion. Said deadline has been extended by consent of the Movant and the Debtors to April 19, 2012.

3.      The Debtors' said objection to Claim No. 34458 was withdrawn without prejudice by notice from the Debtors dated July 18, 2011.

4. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections have been filed prior to the relevant Objection Deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

5. The April 19, 2012 deadline has passed, has not been further extended and no objection or other responsive pleading to the Motion was filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, nor was any objection or other responsive pleading with respect to the Motion served on Movant's counsel.

6. Pursuant to notice of adjournment dated May 29, 2012, the hearing on the Motion has been adjourned *sine die*.

7. Accordingly, for the reasons set forth in the Motion, Symphony Asset, acting on behalf of Adagio Fund respectfully requests that the proposed order annexed hereto as Exhibit A be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: New York, New York
       June 12, 2012

                                        MOUND COTTON WOLLAN & GREENGRASS

                                        By: /s/ Robert S. Goodman
                                            Robert S. Goodman
                                            One Battery Park Plaza
                                            New York, New York 10004
                                            Telephone: (212) 804-4200
                                            Facsimile: (212) 344-8066
                                            Email: rgoodman@moundcotton.com

                                        Attorneys for Symphony Asset Management LLC

2

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
                                                 :
In re                                            :    Chapter 11
                                                 :    Case No. 08-13555 (JMP)
LEHMAN BROTHERS HOLDINGS INC., et al.,           :    (Jointly Administered)
                                                 :
              Debtors.                           :    ORDER
                                                 :
-------------------------------------------------X

      Upon the motion dated October 18, 2010, of Symphony Asset Management LLC on behalf of Adagio Fund ("the Claimant") pursuant to Federal Rule of Bankruptcy Procedure 9006(b) for an order to deem the proof of claim of Adagio Fund c/o Symphony Asset Management (Claim No. 34458) timely filed ("the Motion"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Amended Order Implementing Certain Notice and Case Management Procedures entered in this proceeding (Docket No. 2837) and as otherwise required; and no objection or other responsive pleading to the Motion having been filed with the Court on the docket of the above-referenced cases nor has any objection or other responsive pleading with respect to the Motion been served on counsel for the Claimant; and it appearing that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore; it is

      ORDERED that the Motion is hereby granted; and it is further

ORDERED that Claim No. 34458 be and the same hereby is deemed timely filed and shall be treated by the Debtors as having been timely filed; and it is further

ORDERED that the Debtors hereby waive any and all rights to object to Claim No. 34458 on timeliness grounds; and it is further

ORDERED that, except as otherwise provided in this Order, this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of Claim No. 34458 and all parties' rights with respect to Claim No. 34458 are expressly preserved, including all rights to object and defend on any basis; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: New York, New York
       June ___, 2012

SO ORDERED:

_____
Honorable James M. Peck
United States Bankruptcy Judge

2