B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP                          BANCO ESPIRITO SANTO, S.A.

  Name of Transferee                                    Name of Transferor

Name and Address where notices to transferee            Name and Address where notices to transferor
should be sent:                                         should be sent:

Tannor Partners Credit Fund, LP                         BANCO ESPIRITO SANTO, S.A.
150 Grand Street, STE 401                               : STORDEN LIMITED PEDRO CRUCHINHO
White Plains, NY 10601                                  DEPARTAMENTO FINANCEIRO,
                                                        MERCADOS E ESTUDOS
                                                        AV. LIBERDADE 195
                                                        LISBOA, 1250-142 PORTUGAL
Phone: (914) 509-5000                                   Phone: _____

                                                        Court Claim # (if known)___47037___
Last Four Digits of Acct #:_____               Amount of Claim: $151,452.73
                                                        Date Claim Filed: __10/26/2009___

                                                        Court Claim # (if known)___47038___
Last Four Digits of Acct #:_____               Amount of Claim: $75,726.36
                                                        Date Claim Filed: __10/26/2009___

                                                        Court Claim # (if known)___47039___
Last Four Digits of Acct #:_____               Amount of Claim: $53,008.45
                                                        Date Claim Filed: __10/26/2009___

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: ___5/21/2012_____
        Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

*Transfer of LBHI Claim # 47037, 47038 and 47039*
*PROGRAM SECURITY*

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCO ESPIRITO SANTO, S.A** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number(s) **47037, 47038 and 47039** filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., [as guarantor of the Purchased Security (as defined below)) and] debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller is duly authorized to sell, transfer and assign the Transferred Claims by the owner of the Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor, if different from Seller, the owner of the Transferred Claims has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

*Transfer of LBHI Claim # 47037, 47038 and 47039*
*PROGRAM SECURITY*

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.       All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.       Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.       Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.       Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed on:

Date:  18. MAI. 2012

**BANCO ESPIRITO SANTO, S.A**

By: _____

Name: PEDRO CHUCULHAS    PAULO FERREIRO

Title: AUTHORIZED SIGNATURE

**BANCO ESPIRITO SANTO, S.A**
DEPARTMENTO FINANCEIRO, MERCADOS E
ESTUDOS
AV. LIBERDADE 195
LISBOA, 1250-142
PORTUGAL

Tel. +351 21 350 8607

Email FERRUCHINHAS@BES.PT

Date:

**TANNOR PARTNERS CREDIT FUND, LP**

By: /s/ Robert J. Tannor

Name:

Title:  General Partner

**Tannor Partners Credit Fund, LP**
150 Grand Street, Suite 401
White Plains, New York 10601
Tel. +001 914 509 5000
Fax +001 914 861 6031
management@tannorpartners.com

*Transfer of LBHI Claim # 47037, 47038 and 47039*
*PROGRAM SECURITY*

Schedule 1

Transferred Claims

Purchased Claim

100% x $280,187.54 = $280,187.54 (the outstanding amount of the Proof of Claim as of May 10, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| 30NCSY 7.25 STEEPENER | XS0229584296 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €185,000.00 | 5-Oct-2035 | $280,187.54 |

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re:  Lehman Brothers Holdings Inc., et al., Jointly Administered          Case No.  08-13555

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Tannor Partners Credit Fund, LP _____          BES VIDA COMPANHIA SEGUROS S.A. __

   Name of Transferee                                                 Name of Transferor

Name and Address where notices to transferee          Name and Address where notices to transferor
should be sent:                                                    should be sent:

Tannor Partners Credit Fund, LP                          BES VIDA COMPANHIA DE SEGUROS S.A.
150 Grand Street, STE 401                                  Sucursa En Espana NIF: W-0101151-I
White Plains, NY 10601                                      Calle Velazquez; 108-110 CP.
                                                                    Madrid, 28006 Spain
Phone: (914) 509-5000                                      Phone: _____

                                                                    Court Claim # (if known)___56401__
                                                                    Amount of Claim: See attached_____
Last Four Digits of Acct #:_____          Date Claim Filed: __10/29/2009____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Robert J. Tannor_____          Date: ___5/21/2012_____
     Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C.§§152 & 3571.*

### AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
### LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **BES Vida Companhia de Seguros Sucursal en Espana** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number(s) **56401** filed by or on behalf of Seller (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., [as guarantor of the Purchased Security (as defined below) and] debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller is duly authorized to sell, transfer and assign the Transferred Claims by the owner of the Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor, if different from Seller, the owner of the Transferred Claims has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

*Partial Transfer of LBHI Claim # 56401*
*PROGRAM SECURITY*

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed on:

Date: May 10, 2012                                    Date:

**BES-VIDA COMPANHIA DE SEGUROS, S.A.**          **TANNOR PARTNERS CREDIT FUND, LP**

By: ROSA VALIENTE                                    By: /s/ Robert J. Tannor
Name: ROSA VALIENTE                                  Name:
Title: DIRECTORA GENERAL                              Title:   General Partner

BES-VIDA COMPANHIA DE SEGUROS, S.A.              **Tannor Partners Credit Fund, LP**
SUCURSAL EN ESPANA                               150 Grand Street, Suite 401
NIF: W-0101151-I                                 White Plains, New York 10601
CALLE VELAZQUEZ; 108-110 CP.                     Tel. +001 914 509 5000
MADRID, 28006                                     Fax +001 914 861 6031
SPAIN                                            management@tannorpartners.com

Tel. _____ _____

Email _____ _____

*Partial Transfer of LBHI Claim # 56401*
*PROGRAM SECURITY*

Schedule 1

### Transferred Claims

Purchased Claim

100% x 149,579.32 – $149,579.32 (the outstanding amount of the Proof of Claim as of May 10, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| AUTO REDEEMER NT LINKD TO SHRS OF BANCO BILBAO | XS0312463184 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | €156,000.00 | 9-Aug-2012 | $149,579.32 |

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## Southern District of New York

In re: **Lehman Brothers Holdings Inc., et al., Jointly Administered**          Case No. **08-13555**

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| <u>Tannor Partners Credit Fund, LP</u> | <u>BES VIDA COMPANHIA SEGUROS S.A.</u> |
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

**Tannor Partners Credit Fund, LP**
**150 Grand Street, STE 401**
**White Plains, NY 10601**

Phone: **(914) 509-5000**

Last Four Digits of Acct #:_____

Name and Address where notices to transferor should be sent:

**BES VIDA COMPANHIA DE SEGUROS S.A.**
**Sucursa En Espana NIF: W-0101151-I**
**Calle Velazquez; 108-110 CP.**
**Madrid, 28006 Spain**
Phone: _____

Court Claim # (if known) **56917**
Amount of Claim: **See attached**
Date Claim Filed: **10/29/2009**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: **/s/ Robert J. Tannor**               Date: **5/21/2012**
        Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 & 3571.*

*Partial Transfer of LBHI Claim # 56917*
*PROGRAM SECURITY*

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

**TO:    THE DEBTOR AND THE BANKRUPTCY COURT**

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **BES Vida Companhia de Seguros Sucursal en Espana** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Tannor Partners Credit Fund, LP** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number(s) **56917** filed by or on behalf of **Seller** (a copy of which is attached at Schedule 2 hereto) (the "Proof of Claim") against Lehman Brothers Holdings, Inc., [as guarantor of the Purchased Security (as defined below)) and] debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; or, alternatively, Seller is duly authorized to sell, transfer and assign the Transferred Claims by the owner of the Transferred Claims who has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by such owner or against such owner; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor, if different from Seller, the owner of the Transferred Claims has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the

*Partial Transfer of LBHI Claim # 56917*
*PROGRAM SECURITY*

Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses which result from Seller's breach of its representations and warranties made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed on:

Date:  May 10, 2012                              Date:

**BES-VIDA COMPANHIA DE SEGUROS, S.A.**          **TANNOR PARTNERS CREDIT FUND, LP**

By:_____                     By: /s/ Robert J. Tannor
Name: ROSA VALIENTE                                  _____
Title: DIRECTORA GENERAL                          Name:
                                                 Title: General Partner

BES-VIDA COMPANHIA DE SEGUROS, S.A.              **Tannor Partners Credit Fund, LP**
SUCURSAL EN ESPANA                               150 Grand Street, Suite 401
NIF: W-0101151-I                                 White Plains, New York 10601
CALLE VELAZQUEZ; 108-110 CP.                     Tel. +001 914 509 5000
MADRID. 28006                                    Fax +001 914 861 6031
SPAIN                                            management@tannorpartners.com

Tel. _____

Email _____

*Partial Transfer of LBHI Claim # 56917*
*PROGRAM SECURITY*

Schedule 1

Transferred Claims

Purchased Claim

100% x $28,389.18 = $28,389.18 (the outstanding amount of the Proof of Claim as of May 10, 2012).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| 5 YEAR AUTO CALLABLE NOTE ON BBVA SM | XS0300460721 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | € 30,000.00 | 18-May-2012 | $28,389.18 |