B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al.,　　　　　　　　　Case No. 08-13555 (JMP)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Jointly Administered)
　　　　　　　　　Debtors.

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

Goldman, Sachs & Co.　　　　　　　　　　　　　　Banca Monte dei Paschi di Siena SpA
Name of Transferee　　　　　　　　　　　　　　　　Name of Transferor

Name and Address where notices to transferee　　　Court Claim # (if known): 56130
should be sent:

30 Hudson Street, 36th Floor　　　　　　　　　　　Amount of Claim Transferred: please see attached schedule
Jersey City, NJ 07302
Fax: 212-428-1243　　　　　　　　　　　　　　　Date Claims Filed: 10/29/2009
Contact: Andrew Caditz
Phone: 212-357-6240　　　　　　　　　　　　　　Debtor: Lehman Brothers Holdings Inc.
Email: Andrew.Caditz@gs.com

Phone: _____　　　　　　　Phone: _____
Last Four Digits of Acct #: _____　　　Last Four Digits of Acct. #: _____

Name and Address where transferee payments
should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

729315v.1 153/05435

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____  **Dennis Lafferty**
    Transferee/Transferee's Agent  **Managing Director**    Date: 6/13/10

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

729315v.1 153/05435

## Schedule of Partial Claim Transferred

|     | ISIN | Notional Amount Transferred | Allowed Amount Transferred |
| --- | --- | --- | --- |
| 1.  | XS0197173643 | EUR 109,000 | USD 155,348.98 |
| 2.  | XS0181945972 | EUR 745,000 | USD 1,082,159.59 |
| 3.  | XS0166188457 | EUR 7,000,000 | USD 9,933,740.40 |
| 4.  | XS0302634059 | EUR 126,000 | USD 178,807.33 |
| 5.  | XS0176153350 | EUR 4,161,000 | USD 6,070,172.77 |
| 6.  | XS0305646696 | EUR 341,000 | USD 483,915.07 |
| 7.  | XS0200284247 | EUR 10,000 | USD 14,607.44 |
| 8.  | XS0163559841 | EUR 158,000 | USD 228,486.44 |
| 9.  | XS0210782552 | EUR 10,000 | USD 14,498.46 |
| 10. | XS0211814123 | EUR 361,000 | USD 524,436.97 |

729315v.1 153/05435

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:    THE DEBTOR AND THE BANKRUPTCY COURT

1.    For value received, the adequacy and sufficiency of which are hereby acknowledged, **Banca Monte dei Paschi di Siena SpA** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **Goldman, Sachs & Co.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the **applicable percentage (together with the relevant nominal amount)** specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number 56130 filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim, excluding the first distributions which in the aggregate were equal to USD 674,426.81 and which were received by Seller on or about April 17, 2012 (the "Excluded Distributions"), or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2.    Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) the Notice of Proposed Allowed Claim Amount ("Notice") for the Proof of Claim provided to Purchaser is true and correct and no action was undertaken by Seller with respect to the Notice for the Proof of Claim.

3.    Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser, other than the Excluded Distributions. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed as of the 11th day of June 2012.

Banca Monte dei Paschi di Siena SpA
By: _____
Name: Doriana Fragnelli
Title: Manager

Piazza Salimbeni n.3
53100 Siena (Italy)

Attn: Valeria Viganò
Via Rosellini 16
20124 Milano (Italy)
Phone: 0039 02 69705714
Fax: 0039 02 69705650
Email: bofamministrazioneestero@banca.mps.it

Goldman, Sachs & Co.
By: _____
Name:
Title: Dennis Lafferty
Managing Director

30 Hudson Street, 36th Floor
Jersey City, NJ 07302

Fax: 212-428-1243
Contact: Andrew Caditz
Phone: 212-357-6240
Email: Andrew.Caditz@gs.com

Schedule 1

Transferred Claims

Purchased Claim

1. 18.41216216% of XS0197173643 as described in the Proof of Claim, which relates to an allowed amount of USD 155,348.98 of XS0197173643;
2. 36.82649530% of XS0181945972 as described in the Proof of Claim, which relates to an allowed amount of USD 1,082,159.59 of XS0181945972;
3. 40% of XS0166188457 as described in the Proof of Claim, which relates to an allowed amount of USD 9,933,740.40 of XS0166188457;
4. 0.88483146% of XS0302634059 as described in the Proof of Claim, which relates to an allowed amount of USD 178,807.33 of XS0302634059;
5. 26.65086787% of XS0176153350 as described in the Proof of Claim, which relates to an allowed amount of USD 6,070,172.77 of XS0176153350;
6. 1.77271782% of XS0305646696 as described in the Proof of Claim, which relates to an allowed amount of USD 483,915.07 of XS0305646696;
7. 0.26301946% of XS0200284247 as described in the Proof of Claim, which relates to an allowed amount of USD 14,607.44 of XS0200284247;
8. 23.37278107% of XS0163559841 as described in the Proof of Claim, which relates to an allowed amount of USD 228,486.44 of XS0163559841;
9. 0.26150627% of XS0210782552 as described in the Proof of Claim, which relates to an allowed amount of USD 14,498.46 of XS0210782552; and
10. 7.53653444% of XS0211814123 as described in the Proof of Claim, which relates to an allowed amount of USD 524,436.97 of XS0211814123.

Total: **USD 18,686,173.44** in allowed amount of the Proof of Claim.

Lehman Programs Securities to which Transfer Relates

| | Description of Security | ISIN/CUSIP | Issuer | Guarantor | Notional Amount (EUR) | Notional Amount (USD)* | Accrued Amount (EUR) | Accrued Amount (USD)* | Allowed Amount (USD) |
|---|---|---|---|---|---|---|---|---|---|
| 1. | LEHMAN BROTHERS TSY BV Collared Floating Rate Notes due 8/12/2011 | XS0197173643 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 109,000 | USD 154,245.90 | EUR 109,449.63 | USD 154,882.16 | USD 155,348.98 |

Schedule 1-1

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| 2. | LEHMAN BROTHERS TSY BV Inflation Linked Multi-Tranche Notes due 1/14/2014 | XS0181945972 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 745,000 | USD 1.054.249,50 | EUR 762.821,74 | USD 1.079.469,04 | USD 1,082,159.59 |
| 3. | LEHMAN BROTHERS TSY BV Euro Inflation Linked Notes due 04/22/2011 | XS0166188457 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 7,000,000 | USD 9.905.700,00 | EUR 7.044.493,40 | USD 9.968.662,61 | USD 9,933,740.40 |
| 4. | LEHMAN BROTHERS TSY BV Index-Linked Notes due 7/20/2012 | XS0302634059 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 126,000 | USD 178.302,60 | EUR 126.000 | USD 178.302,60 | USD 178,807.33 |
| 5. | LEHMAN BROTHERS TSY BV Inflation Linked Multi-Tranche Notes due 10/10/2013 | XS0176153350 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 4,161,000 | USD 5.888.231,10 | EUR 4.279.283,92 | USD 6.055.614,67 | USD 6,070,172.77 |
| 6. | LEHMAN BROTHERS TSY BV Fixed Rate Trigger Notes due 7/27/2011 | XS0305646696 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 341,000 | USD 482.549,10 | EUR 341.000,00 | USD 482.549,10 | USD 483,915.07 |
| 7. | LEHMAN BROTHERS TSY BV European Inflation Linked Notes due 9/22/2014 | XS0200284247 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 10,000 | USD 14.151,00 | EUR 10.298,34 | USD 14.575,18 | USD 14,607.44 |
| 8. | LEHMAN BROTHERS TSY BV Euro Inflation Linked Notes due 3/14/2011 | XS0163559841 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 158,000 | USD 223.585,80 | EUR 161.057,16 | USD 227.911,98 | USD 228,486.44 |
| 9. | LEHMAN | XS0210782552 | Lehman | Lehman | EUR 10,000 | USD 14.151,00 | EUR 10.218,59 | USD 14.460,33 | USD 14,498.46 |

| | | Brothers Treasury Co. B.V. | Brothers Holdings Inc. | | | | |
|---|---|---|---|---|---|---|---|
| BROTHERS TSY BV CMS-Linked Notes due 2/1/2013 | | | | | | | |
| 10. LEHMAN BROTHERS TSY BV Fixed to European Inflation Linked Notes due XS0211814123 | XS0211814123 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 361,000 | USD 510,851.10 | EUR 369.676,74 | USD 523,129.56 | USD 524,436.97 |
| | | | Total | EUR 13,021,000 | | | | |

- Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by the European Central Bank for September 15, 2008: 1 EUR = 1.4151 USD.

BANCA MONTE DEI PASCHI DI SIENA S.P.A.

GOLDMAN, SACHS & CO.

**Dennis Lafferty**
**Managing Director**