HEARING DATE:  June 28, 2012
HEARING TIME:  10:00 A.M.

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for AKF Engineers, LLP*
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8028
Scott S. Markowitz, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------ x

**AKF ENGINEERS, LLP'S RESPONSE IN OPPOSITION TO DEBTORS'
TWO HUNDRED EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(ASSIGNED CONTRACT CLAIMS)**

TO:   HONORABLE JAMES M. PECK
       UNITED STATES BANKRUPTCY JUDGE

AKF Engineers, LLP ("AKF"), by and through its counsel, Tarter Krinsky & Drogin LLP, in response to the Debtors' two hundred eighty-sixth omnibus objection to claims, respectfully states as follows:

**THE COURT SHOULD ALLOW AKF'S CLAIM**

1. Lehman Brothers Holdings, Inc. ("Lehman") and the plan administrator seek to expunge proof of claim number 11335 in the amount of $45,678.62 filed by AKF. A copy of AKF's proof of claim is annexed hereto as **Exhibit "A."**

2. The sole basis of the claim objection is that Barclay's assumed AKF's contract, and paid AKF in full in connection with the cure of the defaults under the contracts. As this Court is aware, the §363 sale process in this case was expedited and the issue of assumed smaller

{Client/002739/BANK293/00500551.DOCX;1 }

service contracts was likely never squarely addressed at the sale hearing. AKF provided engineering services to Lehman in connection with various properties. While it is true that AKF was listed as a counter-party in connection with the §363 sale motion, Barclay's only assumed and paid obligations with respect to properties which it acquired, such as the Piscataway, New Jersey data center.

3. As of the Filing Date, Lehman owed AKF $109,412.29. A summary sheet reflecting the unpaid invoices is annexed hereto as **Exhibit "B."** Barclay's only agreed to pay certain invoices which amounted to $63,733.67, in connection with the assignment and assumption of AKF's agreements. In addition, Barclay's also separately paid invoice numbers 92145, 92416 and 92530, totaling $12,653.59. As such, AKF is still owed $33,025.03 on account of unpaid Lehman invoices from prior to the Filing Date.

4. AKF provided services to Lehman on various projects, all pursuant to various purchase orders and agreements. Barclay's refused to pay AKF for unpaid Lehman invoices which were not related to the properties which Barclay's acquired pursuant to the asset purchase agreement. AKF should not be prejudiced by this fact and should retain a general unsecured claim against Lehman for the difference between what Barclay's paid in connection with the assumption of its contracts with Lehman on ongoing projects and the total outstanding invoices to Lehman. As set forth above, this amounts to $33,025.03, which was previously referenced by AKF in its response to the forty-sixth omnibus claim objection (ECF No. 12314).

**WHEREFORE**, AKF respectfully requests that the Court deny the relief requested by the Debtors in their two hundred eighty-sixth omnibus claim objection with respect to its claim and enter an order allowing the claim in the reduced amount of $33,025.03 as a general

unsecured claim, and grant AKF such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 13, 2012

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for AKF Engineers, LLP*

By: /s/ Scott S. Markowitz
Scott S. Markowitz
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000