**B 210A (Form 210A) (12/09)**

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**                              Case No. 08-13555

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Stichting The IAMEX Value Foundation**              **R.R. Sips**
_____              _____
Name of Transferee                                           Name of Transferor

Name and Address where notices to transferee should
be sent:

Stichting The IAMEX Value Foundation          Court Claim #:                       46553
Keizersgracht 268                             Amount of Claim Filed:          USD $53.597,06
1016 EV AMSTERDAM                             Amount of Claim Transferred:    USD $53.597,06
The Netherlands                                                               *(equivalent to*
                                                                             *EUR € 36.000,00)*

Mr. J. Kaptein
Phone: +31 20 670 44 49                        Date Claim Filed:              October 26, 2009
                                               ISIN/CUSIP:                    XS0229584296
                                                                             XS0288702052

I declare under penalty of perjury that the information provided in this notice is true and correct to the
best of my knowledge and belief.

By: _____          Date:  June 14, 2012
     Transferee/Transferee's Agent

Name:    J. Kaptein
Title:     Director

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Form 210B (12/09)

# UNITED STATES BANKRUPTCY COURT
## Southern District Of New York

In re: **Lehman Brothers Holdings Inc.**                                    **Case No. 08-13555**

## NOTICE OF TRANSFER OF CLAIM
## OTHER THAN FOR SECURITY

Claim No. was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim Other than for Security in the clerk's office of this court on .

**R.R. Sips**

Name of Alleged Transferor

**Stichting The IAMEX Value Foundation**

Name of Transferor

Belcantodreef 71
3845 GW HARDERWIJK
The Netherlands

Keizersgracht 268
1016 EV AMSTERDAM
The Netherlands

~~DEADLINE TO OBJECT TO TRANSFER~~

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date:_____

_____
CLERK OF THE COURT

# AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:     THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **R.R. Sips** ("Seller")
hereby unconditionally and irrevocably sells, transfers and assigns to **Stichting The IAMEX Value
Foundation** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an
undivided interest in, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased
Claim"), in Seller's right, title and interest in and to Proof of Claim Number **46553** filed by or on behalf of
Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for
reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New
York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits
of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash,
securities, instruments, interest, damages, penalties, fees or other property, which may be paid or
distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills
and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise
to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation,
pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as
defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits
of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection
with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit,
attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of
Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any
prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but
only to the extent related to the Purchased Claim, (c) the security or securities (any such security, a
"Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d)
any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the
"Transferred Claims"),.   For the avoidance of doubt, Purchaser does not assume and shall not be
responsible for any obligations or liabilities of the Seller related to or in connection with the Transferred
Claims or the Proceedings.

2.      Seller hereby represents and warrants to Purchaser that:  (a) the Proof of Claim was duly and timely filed on
or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order
setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of
Claim relates to one or more securities expressly identified on the list designated "Lehman Programs
Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good
and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights,
security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller
is duly authorized and empowered to execute and perform its obligations under this Agreement and
Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached
hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor
or its affiliates, that, with respect to the Transferred Claim, will give rise to any setoff, defense or
counterclaim, or will result in Purchaser receiving in respect of the Transferred Claims proportionately less
payments or distributions or less favorable treatment than other unsecured creditors; and (g) all amounts
due and owing in respect of each Purchased Security have been declared due and payable in accordance
with the terms of one or more agreements or instruments relating to any such Purchased Security.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and
records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or
right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure,
the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution
of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution
purposes with respect to the Transferred Claims.  Purchaser agrees to file a notice of transfer with the Court
pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of
Transfer of Claim.  Seller acknowledges and understands, and hereby stipulates, that an order of the Court

may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.    All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5.    Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser.  Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6.    Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction).  Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York.  Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this day .

On behalf of:
**R.R. Sips**
Stichting The IAMEX Value Foundation

By: _____
Name: J. Kaptein
Title: Director

Keizersgracht 268
1016 EV AMSTERDAM
The Netherlands

**Stichting The IAMEX Value Foundation**

By: _____
Name: J. Kaptein
Title: Director

Keizersgracht 268
1016 EV AMSTERDAM
The Netherlands

SCHEDULE 1

**Transferred Claims**

**Purchased Claim**

100,00% of nominal claim number 46553 which totals USD $53.597,06, which is the equivalent of EUR € 36.000,00 (the full outstanding nominal amount of Proof of Claim as of June 14, 2012), plus all accrued interest, fees and other recoveries due.

**Lehman Programs Securities to which Transfer Relates**

| ISIN / CUSIP | Description | Issuer | Guarantor | Principal/ Notional Amount |
|---|---|---|---|---|
| XS0229584296 | LEHMAN 30YNC5Y STEEPENER 7.25 NOTE | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 18.000,00 |
| XS0288702052 | 25Y OTC AREVO STRTEGY IN EUR | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 18.000,00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |