HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: July 16, 2012 at 4:00 p.m. (Eastern Time)

> **THE THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------x
In re                                       :   Chapter 11 Case No.
                                            :
LEHMAN BROTHERS HOLDINGS INC., et al.,      :   08-13555 (JMP)
                                            :
                Debtors.                    :   (Jointly Administered)
-------------------------------------------------------------x
```

**NOTICE OF HEARING ON**
**THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

**PLEASE TAKE NOTICE** that on June 15, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred nineteenth

US_ACTIVE:\44024736\2\58399.0008

omnibus objection to claims (the "Three Hundred Nineteenth Omnibus Objection to Claims"), and that a hearing to consider the Three Hundred Nineteenth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Nineteenth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope-Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **July 16, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44024736\2\58399.0008

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Nineteenth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Nineteenth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: June 15, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: July 16, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------------x | | |
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| ------------------------------------------------------------------x | | |

**THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO**
**CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

---

**THIS THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED NINETEENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The commencement of the chapter 11 cases of the Chapter 11 Estates has impacted parties in interest around the globe, including the Chapter 11 Estates' prepetition counterparties, customers, and investors. Prepetition employees of the Chapter 11 Estates and their affiliates have, most certainly, also been affected. The Chapter 11 Estates attempted to minimize the impact on employees by, among other things, preserving more than 10,000 jobs through various asset sales and by transferring funds to establish a health care trust to backstop certain medical benefits. Unfortunately, as a result of the dramatic collapse of the Lehman Brothers empire, employees, like investors, could not be made whole for all of their damages and the nature of some of their compensation – in the form of restricted stock units or contingent stock awards – requires that their recovery be subordinated to claims against the Chapter 11 Estates. The law permits no other outcome.

2. The proofs of claim listed on Exhibit A annexed hereto (collectively, the "Compensation Claims") were filed by current and/or former employees of the Chapter 11 Estates and/or their affiliates on the basis of either restricted stock units, contingent stock awards, stock options, or other equity-related compensation (together, the "Equity Awards"). The Equity Awards were compensation awards which, among other things, provided the employee with the right to shares of LBHI common stock on a future date upon the satisfaction of certain

2

conditions. Certain of the Equity Awards were distributed or vested, while others were not distributed or vested.

3. The ownership of the Equity Awards constitutes an equity interest in LBHI, but does not constitute a claim against the Chapter 11 Estates as such term is defined in section 101 of title 11 of the United States Code (the "Bankruptcy Code"). Accordingly, LBHI files this omnibus objection, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and this Court's order approving procedures for the filing of omnibus objections to proofs of claim (the "Procedures Order") [ECF No. 6664] to reclassify the Compensation Claims as equity interests. To the extent that insufficient documentation was attached to any of the claims listed on Exhibit A, Chapter 11 Estates consulted their books and records and were able to identify such claims as Compensation Claims asserted pursuant to the Equity Awards.[1]

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5. Commencing on September 15, 2008 and periodically thereafter, (as applicable, the "Commencement Date"), the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[1] The Three Hundred Nineteenth Omnibus Objection to Claims is only seeking to reclassify as an equity interest the amount of the portion of the Compensation Claims that relate to Equity Awards. The Three Hundred Nineteenth Omnibus Objection to Claim does not have any effect on the portions of the Compensation Claims, if any, that are based on claims other than Equity Awards.

3

6. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

### The Equity Awards Are Not Claims

8. The Plan Administrator continues its review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent. As indicated on Exhibit A, certain of the Compensation Claims were improperly filed as secured or general unsecured claims and others were improperly filed as claims having priority pursuant to section 507(a) of the Bankruptcy Code. Each of the Compensation Claims must be reclassified as an equity interest.

9. Both the Bankruptcy Rules and the Procedures Order provide grounds to object to the Compensation Claims. Bankruptcy Rule 3007(d)(7) provides that a debtor may file an objection, and join one or more objections in an omnibus objection, if all of the claims "are based solely on the grounds that the claims should be disallowed, in whole or in part, because . . . they are interests, rather than claims." FED. R. BANKR. P. 3007(d). The Procedures Order permits the filing of objections, on an omnibus basis, to claims that "were incorrectly classified." Procedures Order at 2.

4

10. Once objected to, a filed proof of claim is no longer "deemed allowed." 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed . . . is deemed allowed, unless a party in interest . . . objects."). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

## The Compensation Claims Should Be Reclassified as Interests

### A. Compensation Claims Are for Equity Securities.

11. Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest. 11 U.S.C. §501(a). The Bankruptcy Code defines a "claim" as a right to payment. *Id.* at §101(5). The Bankruptcy Code definition of an "equity security," alternatively, includes a share in a corporation or similar "security," including "stock," "treasury stock," "other claim or interest commonly known as 'security,'" "certificate of interest or participation in," and "warrant or right to subscribe to or purchase or sell, a security." *Id.* §101(16) and 101(49)(A).

12. Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments. *E.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006) (holding that a phantom stock purchase program where delivery of shares was deferred for tax purposes qualified as a "security" under the Bankruptcy Code); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985) (holding that claims to

5

exercise stock option portion of plan were equity security interest for purposes of determining priority).

13. The Equity Awards provided grantees with a right to acquire common stock in LBHI upon satisfaction of certain conditions precedent, similar to stock options or the right to exercise stock options. As a result, the Equity Awards fall within the definition of "equity securities" under the Bankruptcy Code. Because each of the Compensation Claims is based on the ownership of the Equity Awards, the Plan Administrator hereby seeks reclassification of the Compensation Claims as equity interests.

B. **Subordination Provisions Present in Certain of the Agreements Are Enforceable Pursuant to Bankruptcy Code Section 510(a).**

14. The agreements governing certain of the Equity Awards (the "Agreements") provided that, in the event of a bankruptcy of LBHI, all claims arising from, in connection with, or in any way relating to, any failure of LBHI to deliver shares of common stock shall have the same priority as, and no greater priority than, common stock interests in LBHI. These Agreements advised grantees that:

> All of [their] claims arising from, in connection with, or in any way relating to, any failure of [LBHI] to deliver to [them], or to a subsidiary for delivery by such subsidiary to [them], shares of Common Stock on the date when such shares are due to be delivered under this Agreement in satisfaction of each Unit granted to you shall be deemed, in the event of a bankruptcy of [LBHI], to be claims for damages arising from the purchase or sale of Common Stock of [LBHI], within the meaning of section 510(b) of the Bankruptcy Code and shall have in such bankruptcy the same priority as, and no greater priority than, common stock interests in [LBHI].

See, *e.g.*, 2003 Equity Award Program Agreement, ¶ 10; 2004 Equity Award Program Agreement, ¶ 10.

15. Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable … to the same extent that such agreement is enforceable under applicable nonbankruptcy law." 11 U.S.C. § 510(a). Courts have routinely held that the "enforcement of lawful subordination agreements by Bankruptcy Courts does not offend the policy of equal distribution of the bankrupt's estate." *In re Leasing Consultants, Inc.* 2 B.R. 165, 168 (Bankr. N.Y. 1980), *citing In re Credit Industrial Corp.*, 366 F.2d 402, 407 (2d Cir. 1966). Under general contract law principles, when a subordination agreement is unambiguous, the parties' rights are governed exclusively by that agreement. *In re Leasing Consultants, Inc.*, 2 B.R. at 169.

16. Compensation Claims arising out of agreements with subordination provisions similar to the one referred to above should have the same priority as common equity interests in LBHI, and the Court should reclassify such claims as interests.[2] Holders of such Compensation Claims do not have claims against the Chapter 11 Estates.

C. **Bankruptcy Code Section 510(b) Mandates that the Compensation Claims Have the Same Priority as Common Equity of LBHI.**

17. Another reason the Compensation Claims must be treated as equity is that section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim for damages arising from the purchase or sale of a security shall have the same priority as the security. 11 U.S.C. § 510(b).

18. As noted above, the Equity Awards fall within the Bankruptcy Code definition of "security." In addition, the grant of the Equity Awards constitutes a "purchase or

---

[2] The Bankruptcy Code, the Bankruptcy Rules and case law make clear that the Chapter 11 Estates do not need to commence an adversary proceeding either to enforce a subordination agreement pursuant to Bankruptcy Code section 510(a) or to seek to subordinate a Compensation Claim pursuant to Bankruptcy Code section 510(b). FED. R. BANKR. P 7001(8); *In re Lernout & Hauspie Speech Prods., N.V.*, 264 B.R. 336, 339 (Bankr. D. Del. 2001) ("Because Rule 7001(8) appears to limit subordination complaints to allowed claims, the appropriate procedural vehicle for resolution of the issue is a contested matter under Fed. R. Bankr. P. 9104.").

7

sale" of a security. "Courts interpreting section 510(b) have read the term 'purchase' broadly and have included within its scope grants of stock and stock options as compensation." *In re Wireless Corporation, Inc.* 384 B.R. 713, 718 (Bankr. D. Del. 2008). In *Wireless Corporation*, for example, the Delaware Bankruptcy Court held that the debtor's grant of an equity compensation package, consisting of shares of stock and warrants, constituted a "purchase or sale" of a security. *See also In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock.); *In re Touch Am. Holding, Inc.*, 381 B.R. 95, 104 (Bankr. D. Del. 2008) (holding that claims based on stock received as matching contribution under an ERISA plan likewise constituted a "purchase or sale" of securities).

19. In *Enron*, employees filed claims asserting a right to payment for damages in connection with unexercised stock options they had received during the course of their employment. The Court held that it was clear that a stock option was a "security" as that term is defined in section 510(b) of the Bankruptcy Code. *Enron*, 341 B.R. at 150. The Court further found that, "[w]hile it is true that the Claimants did not purchase the stock options on the open market, they nonetheless exchanged value for the options: here, their labor. Such exchange falls under a broad reading of the term 'purchase.'" *Id.* at 151 (citing *Frankum v. Int'l Wireless Communications Holdings, Inc.* (*In re Int'l Wireless Communications Holdings, Inc.*), 279 B.R. 463 (D. Del. 2002) ("That Appellants received the Debtors' stock as part of a compensation package does not preclude the transfer from being characterized as a purchase/sale of the Debtors' stock.")). This was true even where the employees "never elected to receive stock

8

options, but rather were required to take a minimum percentage of their annual bonus in stock option form." *Id.* The Court found flaws in the employees' argument that they did not "purchase" the stock options, because there was no voluntary exchange of goods, services or currency:

> Although implicit, there is nonetheless a bargain and exchange of value. Here, the exchange is made not at the time of payment but prior to employment. If these Claimants were required to receive a portion of their compensation as options, that was a condition of employment the Claimants willingly accepted in return for their labor. These Claimants, thus, "purchased" the stock options with their labor.

*Id.*

20. The Court in *Enron* further concluded that "claims alleging the fraudulently induced election of stock options as part of a compensation package are claims 'arising from' the purchase of a security and should thus be subordinated pursuant to section 510(b)." *Id.* "[P]hysical possession of the security is not required for a claim based upon that security to be subordinated." *Id.* at 163 (citing *American Broad. Sys. v. Nugent (In re Betacom of Phoenix, Inc.)*, 240 F.3d 823 at 829-30 (9th Cir. 2001) (finding that "[n]othing in § 510(b)'s text requires a subordinated claimant to be a shareholder.")).

21. Like it did in *Enron*, the Court should find that the Equity Awards in this case are equity interests and the Compensation Claims arise from the purchase and sale of securities. As the Court found in *Enron*, neither the fact that Equity Awards were a form of compensation for services performed, nor the fact that claimants asserting Compensation Claims could not opt to receive compensation in cash in lieu of Equity Awards converts the Compensation Claims into debt claims. Any portion of a Compensation Claim alleging the

9

claimant was induced to accept or retain its Equity Awards should similarly be subordinated pursuant to section 510(b) of the Bankruptcy Code.

## Reservation of Rights

22.   LBHI reserves all rights to object on any other basis to any Compensation Claim, or any portion thereof, as to which the relief requested herein is not granted.

## Notice

23.   No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Nineteenth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for Region 2; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

US_ACTIVE:\44024736\2\58399.0008

24. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: June 15, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

11

# Exhibit A

## OMNIBUS OBJECTION 319: EXHIBIT A - RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ANUWAR, SHERRINA EVELINE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/12/2009 | 8033 | $17,950.59* | Undetermined | $17,950.59 |
| 2 | ASHWELL, LAUREN W. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/15/2011 | 67726 | $181,317.90* | Undetermined | $181,317.90 |
| 3 | CARTY, LEA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/30/2009 | 35593 | $685,270.35 | $683,125.06 | $2,145.29 |
| 4 | DE NICOLA, MICHELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/30/2009 | 65763 | $6,531.08 | $6,531.08 | None |
| 5 | FRYER, KELLY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/14/2009 | 39842 | $3,756.00 | $3,756.00 | None |
| 6 | GELB, JAY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/1/2009 | 35981 | $736,692.00 | $736,692.00 | None |
| 7 | GOODRIDGE, JOHN A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/26/2009 | 9459 | $5,338,260.83 | $5,288,260.83 | $50,000.00 |
| 8 | IRAGORRI, JULIAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/6/2009 | 64991 | $2,841,142.00 | $2,841,142.00 | None |
| 9 | LEV ARI, TAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/7/2009 | 65858 | $178,077.26 | $178,077.26 | None |
| 10 | MCCARTHY, LAWRENCE E | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3/15/2010 | 66392 | $4,500,083.35* | $4,500,083.35 | Undetermined |
| 11 | RAYNER, RUTH J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/6/2009 | 36598 | $97,415.00 | $97,415.00 | None |
| 12 | RIVKIN, JACK L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3/8/2010 | 66375 | $6,815,723.30 | $6,815,723.30 | None |

\* - Indicates claim contains unliquidated and/or undetermined amounts

Page 1 of 2

## OMNIBUS OBJECTION 319: EXHIBIT A - RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|
| 13 SCAVONE, JOSEPH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/25/2009 | 34945 | $31,641.00 | $31,641.00 | None |
| 14 SCAVONE, THERESA, FOR JOSEPH SCAVONE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/25/2009 | 34944 | $31,641.00 | $31,641.00 | None |
| 15 TEMEL, TULUG T. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/16/2009 | 40791 | $2,693,326.13 | $2,693,326.13 | None |
| 16 TENNANT, COLIN H | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/23/2009 | 34355 | $600,000.00 | $600,000.00 | None |
| 17 VENTURA, GIORGIO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/30/2009 | 35587 | $558,124.00 | $528,124.00 | $30,000.00 |
| 18 VEREKER, WILLIAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/23/2009 | 62466 | $11,672,138.61 | $11,672,138.61 | None |
| 19 ZAKIAN, PAUL A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/7/2009 | 36799 | $176,151.00 | $176,151.00 | None |
| 20 ZANCO, MARIO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/30/2009 | 35574 | $115,491.00 | $45,491.00 | $70,000.00 |
| | | | | TOTAL | $37,280,732.40 | $36,929,318.62 | $351,413.78 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                      :     Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                   :     08-13555 (JMP)
                                                           :
                    Debtors.                               :     (Jointly Administered)
------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED NINETEENTH OMNIBUS OBJECTION
TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Upon the three hundred nineteenth objection to claims, dated June 15, 2012 (the "Three Hundred Nineteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reclassify Compensation Claims as equity interests, all as more fully described in the Three Hundred Nineteenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Nineteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Nineteenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Nineteenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Nineteenth Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Nineteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto have the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred Nineteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2