# Handelsbanken
### Markets

Stockholm 31 may 2012

Lehman Brothers Holdings Claims
Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station P.O. Box 5076
New York, NY 10150-5076
USA

## Lehman Brothers claim

Hi,

Attached information for transfer of claim.

Kind regards
Handelsbanken



Tel: 08-701 52 55
E-post: intcorp@handelsbanken.se

Svenska Handelsbanken AB (publ)    Postadress:            Gatuadress:            Telefon:              Bankgiro:
Styrelsens säte: Stockholm                                  Blasieholmstorg 11     +46 (0)8 701 52 55
Organisationsnr: 502007-7862        SE-106 70 Stockholm                           Telefax:

www.handelsbanken.se/

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **EFG Bank AB (publ)** (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to **Svenska Handelsbanken AB (publ)** (the "Transferee"), and the Transferee hereby agrees to transfer, as of the date hereof, (a) any undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Transferred Claim"), into the transferor's right, title and interest in and to the claim evidenced by Proof of Claim Number 42530 filed by Transferor (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for the reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of the Transferor relating to the Transferred Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Transferred Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way to the Transferred Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Transferred Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Transferred Claim, and (iv) any and all of the Transferor's right, title and interest in, to and under the transfer agreements, if any, under which the Transferor or any prior Transferor acquired the rights and obligations underlying or constituting a part of the Transferred Claim, but only to the extent related to the Transferred Claim, and any and all of the Transferor's right, title and interest in, to and under any right or remedy of Transferor or any prior Transferor against any prior Transferor in respect of the Transferred Claim, (c) the security or securities (any such security, a "Transferred Security") relating to the Transferred Claim and specified in **Schedule 1** attached hereto, and (d) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d), the "Transferred Claims"). For the avoidance of doubt, the Transferee does not acquire any liabilities or obligations with respect to the Transferred Claims or the Transferor or the Prior Transferor.

2. The Transferor hereby represents and warrants to the Transferee that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of the "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) The Transferor owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by the Transferor or against the Transferor and all filings required to evidence the Transferor's title to the Transferred Claim have been duly and timely filed with the Court; (d) The Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Transferred Claim specified in Schedule 1 attached hereto; (f) the Transferor has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in the Transferee receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other allowed unsubordinated unsecured claims; (g) there are no objections to the Transferred Claims.

3. The Transferor hereby waives any objection to the transfer of the Transferred Claims to the Transferee on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the

substitution of the Transferor by the Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. The Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Transferred Claims, recognizing Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to the Transferee.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. TheTransferee shall be entitled to transfer its rights hereunder without any notice to or the consent of the Transferor. The Transferor hereby agrees to indemnify, defend and hold the Transferee, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from the Transferor's breach of its representations and warranties made herein.

5. The Transferor shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee. The Transferor has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to the Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer methods), as the Transferee may designate in writing to the Transferor. This Agreement and Evidence of Transfer supplements does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer methods) with respect to the transfer and sale of the Transferred Security. The Transferor shall act or omit to act with respect to the Transferred Claims solely to the extent directed by the Transferee.

6. Both the Transferor and the Transferee agree to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. This Agreement shall in all respects be governed by and construed in accordance with the substantive laws of Sweden including without limitation, all matters of construction, validity and performance. Any dispute, controversy or claim arising out of or in connection with this Agreement, or the breach, termination or invalidity thereof, shall be settled by arbitration in accordance with the Rules of the Arbitration Institute of the Stockholm Chamber of Commerce. The arbitral tribunal shall be composed of three (3) arbitrators. The place of arbitration shall be Stockholm. The language to be used in the arbitral proceedings shall be Swedish. The Parties undertake and agree that all arbitral proceedings conducted by reference to this clause including the arbitral award, will be kept strictly confidential, and all information disclosed in the course of such arbitral proceedings will be used solely for the purpose of these proceedings.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 9th day of February, 2012.

EFG BANK AB (PUBL)
By:
Name: Lars Nordström
Title: Chief of personal
P.O. Box 55963,
S-102 16 Stockholm
Sweden

SVENSKA HANDELSBANKEN AB (PUBL)
By:
Name: Ulf Köping-Höggård    Monika Bergström
Title: General Counsel    SVP
Centrala Juristavdelningen
S-106 70 Stockholm
Sweden

Matts Hyppe

Schedule 1

Transferred Claim

3,494 % of ISIN XS0293731914 which is equal to US$ 2,333.21 of US$ 66,776.44, the original amount as listed in the Proof of Claim.
9,891 % of ISIN XS0299641224 which is equal to US$ 2,693.66 of US$ 27,234.54, the original amount as listed in the Proof of Claim.
2,521 % of ISIN XS0301473327 which is equal to US$ 1,749.91 of US$ 69,412.96, the original amount as listed in the Proof of Claim.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in USD | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| 300,000 Lehman Brothers Securities – BRIC 150 | XS0293731914 | EBI6011671 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc | US$ 2333.21 | Per the pricing supplement | May 2010 | 42530 | Not applicable |
| 660,000 Lehman Brothers Securities – BRIC 2 150 | XS0299641224 | EBI6011474 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc | US$ 2693.66 | Per the pricing supplement | July 2010 | 42530 | Not applicable |
| 225,000 Lehman Brothers Securities – BRIC Limited Edition | XS0301473327 | EBI6011754 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc | US$ 1749.91 | Per the pricing supplement | May 2010 | 42530 | Not applicable |

## Schedule 1

### Transferred Claim

7,547 % of ISIN XS0271794363 which is equal to US$ 29,674.06 of US$ 393,181.30, the original amount as listed in the Proof of Claim.
8,475 % of ISIN XS0271795840 which is equal to US$ 37,092.58 of US$ 437,692.40, the original amount as listed in the Proof of Claim.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount in USD | Coupon | Maturity | Proof of Claim Number | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|---|---|---|
| 200,000 Lehman Brothers Treasury – Bonusobligation Topp 2 360 | XS0271794363 | EBI6011783 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc | US$ 29674.06 | Per the pricing supplement | November 2008 | 42530 | Not applicable |
| 250,000 Lehman Brothers Treasury – Bonusobligation 2 170 | XS0271795840 | EBI6011787 | Lehman Brothers Treasury Co B.V. | Lehman Brothers Holdings Inc | US$ 37092.58 | Per the pricing supplement | November 2008 | 42530 | Not applicable |

2 (2)