**SUPPLEMENTAL RESPONSE / MEMORANDUM OF MRS. S.A.B. VAN ROOY (CLAIMNUMBER 54549) TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION OF SEPTEMBER 16, 2011 TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND IN THE ALTERNATIVE, TO RECLASSIFY THESE CLAIMS AS EQUITY INTERESTS**

**&**

**RESPONSE OF MRS. S.A.B. VAN ROOY TO DEBTORS' OMNIBUS REPLY OF APRIL 21, 2012 TO RESPONSES TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS**

# EXHIBIT III



**Companies House**

### Company Details

Name & Registered Office:
**LEHMAN BROTHERS UK CAPITAL FUNDING IV LP**
**25 BANK STREET**
**LONDON**
**E14 5LE**
**Company No. LP011818**

**Status**: Active
**Date of registration**: 03/01/2007

**Country of Origin**: United Kingdom
**Company Type**: Limited Partnership
**Nature of Business (SIC)**:
None Supplied
**Accounting Reference Date**:
**Last Accounts Made Up To**:  (NO ACCOUNTS FILED)
**Next Accounts Due**:
**Last Return Made Up To**:
**Next Return Due**:
 **Previous Names:**
 No previous name information has been recorded over the last 20 years.
 **UK Establishment Details**
 There are no UK Establishments associated with this company.
 **Oversea Company Info**
 There are no Oversea Details associated with this company.



**SUPPLEMENTAL RESPONSE / MEMORANDUM OF MRS. S.A.B. VAN ROOY (CLAIMNUMBER
54549) TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION
OF SEPTEMBER 16, 2011 TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM AND
IN THE ALTERNATIVE, TO RECLASSIFY THESE CLAIMS AS EQUITY INTERESTS**

**&**

**RESPONSE OF MRS. S.A.B. VAN ROOY TO DEBTORS' OMNIBUS REPLY OF APRIL 21, 2012
TO RESPONSES TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION
TO CLAIMS**

# EXHIBIT IV

# FW: Lehman Brothers UK Capital Funding III LP , Lehman Brothers UK Capital Funding IV LP and Lehman Brothers UK Capital Funding V LP

From: **arthur.aardewijn@ingbank.com**
Sent: Wednesday, May 23, 2012 1:09:22 PM
To:    sabvanrooy@hotmail.com

6 attachments

Lehman Subscription_Agreement.pdf (1426.3 KB) , Lehman Administration_Agreement.pdf (641.6 KB) , Lehman Agency_Agreement.pdf (1112.0 KB) , Lehman Final_Terms.PDF0_Bn_E_T_0.0.pdf (154.5 KB) , Lehman Restated Certificate.pdf (4.4 MB) , Lehman Subordinated_Guarantee.pdf (421.8 KB)

Beste Saskia,


Hierbij de beschikbare documenten in deze zoals ontvangen van Allen & Overy, London. Ik vertrouw erop je hiermee van dienst te zijn geweest.



Met vriendelijke groeten,

**Arthur Aardewijn**

**ING Commercial Banking, Securities Services**

**Location code AMP L 02.001**

**Bijlmerplein 888, 1102 MG Amsterdam**

**P.O. Box 1800, 1000 BV Amsterdam**

**The Netherlands**

**T**(+31 20 563 6453), **M**(+31 6 2708 7756)

**F**(+31 20 563 7077)

**E** arthur.aardewijn@ingbank.com

MyLeo demo



Classification: Public [ ] / Restricted [x] / Confidential [ ]

---

**Sent:** woensdag 23 mei 2012 10:50
**To:** Aardewijn, A.M. (Arthur)
**Subject:** RE: Lehman Brothers UK Capital Funding III LP , Lehman Brothers UK Capital Funding IV LP and Lehman Brothers UK Capital Funding V LP

Arthur,

Please find attached the documents I'm able to source from our bible for this deal. These are the Subordinated Guarantee, Subscription Agreement, Administration Agreement, Agency Agreement, Final Terms and Restated Certificate of Incorporation and the Amended and Restated By-Laws of LBHI.

I understand that we don't have any financials for these entities, they were SPVs when we were involved. I've also been told that there isn't anything to send on the guarantee other than the Subordinated Guarantee itself (attached).

Kind regards,

Richard

---

**From:** arthur.aardewijn@ingbank.com [mailto:arthur.aardewijn@ingbank.com]
**Sent:** Tuesday, May 22, 2012 1:20 PM
**Subject:** FW: Lehman Brothers UK Capital Funding III LP , Lehman Brothers UK Capital Funding IV LP and Lehman Brothers UK Capital Funding V LP
**Importance:** High

Dear Richard,

Thanks for proving the requested documents in such a short notice. Following this request we are also urgently seeking for the following documents, if available and preferably in .pdf format:

- the Yellow documents regarding Lehman Brothers UK Capital Funding **IV** LP do have the most priority;

- related to the Base Prospectus dated 4 January 2007 (Lehman Brothers UK Capital Funding IV LP) and the Base Prospectus dated 30 May 2007 (Lehman Brothers UK Capital Funding V LP):
  - "the Subordinated Guarantee";
  - "the financial statements of the Issuer Lehman Brothers UK Capital Funding IV LP & Lehman Brothers UK Capital Funding V";
  - "audited annual financial statements" of the Issuers' Lehman Brothers UK Capital Funding IV LP & Lehman Brothers UK Capital Funding V;
  - "copies of the "Issuers' most recently published annual reports and audited annual financial statements" (Lehman Brothers UK Capital Funding IV LP & Lehman Brothers UK Capital Funding V);
  - "the Subscription Agreement";
  - "the Administration Agreement";
  - "the Agency Agreement";
  - "the Final Terms" and
  - "the Restated Certificate of Incorporation and the Amended and Restated By-Laws of LBHI".

- Any documents, communications or related material in connection with any entities' guaranty (including, but not limited to, Lehman Brothers Holdings Inc) of the <u>obligations</u> of Lehman Brothers UK Capital Funding IV LP & Lehman Brothers UK Capital Funding V LP.

If you have any questions please do not hesitate to contact us.

Again many thanks in advance and we look forward to your reply.

Best regards,

**Arthur Aardewijn**

ING Commercial Banking, Securities Services

Director Issuer Services

Location code AMP L 02.001

Bijlmerplein 888, 1102 MG Amsterdam

P.O. Box 1800, 1000 BV Amsterdam

The Netherlands

**T**(+31 20 563 6453), **M**(+31 6 2708 7756)

**F**(+31 20 563 7077)

**E**  arthur.aardewijn@ingbank.com

 MyLeo demo

Classification: Public [ ] / Restricted [x] / Confidential [ ]

**SUPPLEMENTAL RESPONSE / MEMORANDUM OF MRS. S.A.B. VAN ROOY (CLAIMNUMBER 54549) TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION OF SEPTEMBER 16, 2011 TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM AND IN THE ALTERNATIVE, TO RECLASSIFY THESE CLAIMS AS EQUITY INTERESTS**

**&**

**RESPONSE OF MRS. S.A.B. VAN ROOY TO DEBTORS' OMNIBUS REPLY OF APRIL 21, 2012 TO RESPONSES TO DEBTORS' TWO HUNDRED THIRTEENTH OMNIBUS OBJECTION TO CLAIMS**

# EXHIBIT V

# STATUTORY INSTRUMENTS

## 2005 No. 1433

## FINANCIAL SERVICES AND MARKETS

## The Prospectus Regulations 2005

| | |
|---|---|
| *Made -  -  -  -  -* | *26th May 2005* |
| *Laid before Parliament* | *27th May 2005* |
| *Coming into force  -  -* | *1st July 2005* |

The Treasury are a government department designated(a) for the purposes of section 2(2) of the European Communities Act 1972(b) in relation to listing of securities on a stock exchange and information concerning listed securities and also in relation to measures relating to prospectuses on offers of transferable securities to the public;

The Treasury, in exercise of the powers conferred on them by section 2(2) of that Act, hereby make the following Regulations:

**Citation, commencement and interpretation**

1.—(1) These Regulations may be cited as the Prospectus Regulations 2005 and come into force on 1st July 2005.

(2) In these Regulations, "the Act" means the Financial Services and Markets Act 2000(c) as amended by the Financial Services and Markets Act 2000 (Market Abuse) Regulations 2005(d).

**Amendments to primary and secondary legislation**

2.—(1) Schedule 1 (which contains amendments to the Act) has effect.

(2) In the Act, insert the Schedule contained in Schedule 2 as Schedule 11A to the Act.

(3) Schedule 3 (which contains miscellaneous amendments) has effect.

*Vernon Coaker*
*Joan Ryan*

26th May 2005        Two of the Lords Commissioners of Her Majesty's Treasury

---

(a) S.I. 1992/1315, regulation 9.
(b) 1972 c. 68. By virtue of the amendment of section 1(2) made by section 1 of the European Economic Area Act 1993 (c. 51) regulations may be made under section 2(2) to implement obligations of the United Kingdom created by or arising under the Agreement on the European Economic Area signed at Oporto on 2nd May 1992 (Cm 2073) and the Protocol adjusting that Agreement signed at Brussels on 17th March 1993 (Cm 2183).
(c) 2000 c. 8.
(d) S.I. 2005/381 (which also comes fully into force on 1st July 2005).

**SCHEDULE 1**                    Regulation 2(1)

**AMENDMENTS TO THE ACT**

1. In section 73A (Part 6 rules), after subsection (3), add—

    "(4) Provisions of Part 6 rules expressed to relate to transferable securities are referred to in this Part as "prospectus rules".

    (5) In relation to prospectus rules, the purposes of this Part include the purposes of the prospectus directive."

2. In subsection (5) of section 74 (the official list), omit the definition of "security".

3.—(1) Section 79 (listing particulars and other documents) is amended as follows.

(2) In subsection (1), omit the words "(other than new securities)".

(3) After subsection (3) insert—

    "(3A) Listing rules made under subsection (1) may not specify securities of a kind for which an approved prospectus is required as a result of section 85."

4. Section 83 (registration of listing particulars) is repealed.

5. For sections 84 to 87 (and the cross-heading immediately preceding those sections), substitute—

    *"Transferable securities: public offers and admission to trading*

    **84    Matters which may be dealt with by prospectus rules**

    (1) Prospectus rules may make provision as to—
        (a) the required form and content of a prospectus (including a summary);
        (b) the cases in which a summary need not be included in a prospectus;
        (c) the languages which may be used in a prospectus (including a summary);
        (d) the determination of the persons responsible for a prospectus;
        (e) the manner in which applications to the competent authority for the approval of a prospectus are to be made.

    (2) Prospectus rules may also make provision as to—
        (a) the period of validity of a prospectus;
        (b) the disclosure of the maximum price or of the criteria or conditions according to which the final offer price is to be determined, if that information is not contained in a prospectus;
        (c) the disclosure of the amount of the transferable securities which are to be offered to the public or of the criteria or conditions according to which that amount is to be determined, if that information is not contained in a prospectus;
        (d) the required form and content of other summary documents (including the languages which may be used in such a document);
        (e) the ways in which a prospectus that has been approved by the competent authority may be made available to the public;
        (f) the disclosure, publication or other communication of such information as the competent authority may reasonably stipulate;
        (g) the principles to be observed in relation to advertisements in connection with an offer of transferable securities to the public or admission of transferable securities to trading on a regulated market and the enforcement of those principles;
        (h) the suspension of trading in transferable securities where continued trading would be detrimental to the interests of investors;
        (i) elections under section 87 or under Article 2.1(m)(iii) of the prospectus directive as applied for the purposes of this Part by section 102C.

    (3) Prospectus rules may also make provision as to—
        (a) access to the register of investors maintained under section 87R; and
        (b) the supply of information from that register.

    (4) Prospectus rules may make provision for the purpose of dealing with matters arising out of or related to any provision of the prospectus directive.

    (5) In relation to cases where the home State in relation to an issuer of transferable securities is an EEA State other than the United Kingdom, prospectus rules may make provision for the recognition of elections made in relation to such securities under the law of that State in accordance with Article 1.3 or 2.1(m)(iii) of the prospectus directive.

2

(6) In relation to a document relating to transferable securities issued by an issuer incorporated in a non-EEA State and drawn up in accordance with the law of that State, prospectus rules may make provision as to the approval of that document as a prospectus.

(7) Nothing in this section affects the competent authority's general power to make prospectus rules.

## 85 Prohibition of dealing etc. in transferable securities without approved prospectus

(1) It is unlawful for transferable securities to which this subsection applies to be offered to the public in the United Kingdom unless an approved prospectus has been made available to the public before the offer is made.

(2) It is unlawful to request the admission of transferable securities to which this subsection applies to trading on a regulated market situated or operating in the United Kingdom unless an approved prospectus has been made available to the public before the request is made.

(3) A person who contravenes subsection (1) or (2) is guilty of an offence and liable—

    (a) on summary conviction, to imprisonment for a term not exceeding 3 months or a fine not exceeding the statutory maximum or both;

    (b) on conviction on indictment, to imprisonment for a term not exceeding 2 years or a fine or both.

(4) A contravention of subsection (1) or (2) is actionable, at the suit of a person who suffers loss as a result of the contravention, subject to the defences and other incidents applying to actions for breach of statutory duty.

(5) Subsection (1) applies to all transferable securities other than—

    (a) those listed in Schedule 11A;

    (b) such other transferable securities as may be specified in prospectus rules.

(6) Subsection (2) applies to all transferable securities other than—

    (a) those listed in Part 1 of Schedule 11A;

    (b) such other transferable securities as may be specified in prospectus rules.

(7) "Approved prospectus" means, in relation to transferable securities to which this section applies, a prospectus approved by the competent authority of the home State in relation to the issuer of the securities.

## 86 Exempt offers to the public

(1) A person does not contravene section 85(1) if—

    (a) the offer is made to or directed at qualified investors only;

    (b) the offer is made to or directed at fewer than 100 persons, other than qualified investors, per EEA State;

    (c) the minimum consideration which may be paid by any person for transferable securities acquired by him pursuant to the offer is at least 50,000 euros (or an equivalent amount);

    (d) the transferable securities being offered are denominated in amounts of at least 50,000 euros (or equivalent amounts); or

    (e) the total consideration for the transferable securities being offered cannot exceed 100,000 euros (or an equivalent amount).

(2) Where—

    (a) a person who is not a qualified investor ("the client") has engaged a qualified investor falling within Article 2.1(e)(i) of the prospectus directive to act as his agent, and

    (b) the terms on which the qualified investor is engaged enable him to make decisions concerning the acceptance of offers of transferable securities on the client's behalf without reference to the client,

an offer made to or directed at the qualified investor is not to be regarded for the purposes of subsection (1) as also having been made to or directed at the client.

(3) For the purposes of subsection (1)(b), the making of an offer of transferable securities to—

    (a) trustees of a trust,

    (b) members of a partnership in their capacity as such, or

    (c) two or more persons jointly,

is to be treated as the making of an offer to a single person.

(4) In determining whether subsection (1)(e) is satisfied in relation to an offer ("offer A"), offer A is to be taken together with any other offer of transferable securities of the same class made by the same person which—

    (a) was open at any time within the period of 12 months ending with the date on which offer A is first made; and

(b) had previously satisfied subsection (1)(e).

(5) For the purposes of this section, an amount (in relation to an amount denominated in euros) is an "equivalent amount" if it is an amount of equal value denominated wholly or partly in another currency or unit of account.

(6) The equivalent is to be calculated at the latest practicable date before (but in any event not more than 3 working days before) the date on which the offer is first made.

(7) "Qualified investor" means—

    (a) an entity falling within Article 2.1(e)(i), (ii) or (iii) of the prospectus directive;

    (b) an investor registered on the register maintained by the competent authority under section 87R;

    (c) an investor authorised by an EEA State other than the United Kingdom to be considered as a qualified investor for the purposes of the prospectus directive.

## 87  Election to have prospectus

(1) A person who proposes—

    (a) to issue transferable securities to which this section applies,

    (b) to offer to the public transferable securities to which this section applies, or

    (c) to request the admission to a regulated market of transferable securities to which this section applies,

may elect, in accordance with prospectus rules, to have a prospectus in relation to the securities.

(2) If a person makes such an election, the provisions of this Part and of prospectus rules apply in relation to those transferable securities as if, in relation to an offer of the securities to the public or the admission of the securities to trading on a regulated market, they were transferable securities for which an approved prospectus would be required as a result of section 85.

(3) Listing rules made under section 79 do not apply to securities which are the subject of an election.

(4) The transferable securities to which this section applies are those which fall within any of the following paragraphs of Schedule 11A—

    (a) paragraph 2,

    (b) paragraph 4,

    (c) paragraph 8, or

    (d) paragraph 9,

where the United Kingdom is the home State in relation to the issuer of the securities.

*Approval of prospectus*

## 87A  Criteria for approval of prospectus by competent authority

(1) The competent authority may not approve a prospectus unless it is satisfied that—

    (a) the United Kingdom is the home State in relation to the issuer of the transferable securities to which it relates,

    (b) the prospectus contains the necessary information, and

    (c) all of the other requirements imposed by or in accordance with this Part or the prospectus directive have been complied with (so far as those requirements apply to a prospectus for the transferable securities in question).

(2) The necessary information is the information necessary to enable investors to make an informed assessment of—

    (a) the assets and liabilities, financial position, profits and losses, and prospects of the issuer of the transferable securities and of any guarantor; and

    (b) the rights attaching to the transferable securities.

(3) The necessary information must be presented in a form which is comprehensible and easy to analyse.

(4) The necessary information must be prepared having regard to the particular nature of the transferable securities and their issuer.

(5) The prospectus must include a summary (unless the transferable securities in question are ones in relation to which prospectus rules provide that a summary is not required).

(6) The summary must, briefly and in non-technical language, convey the essential characteristics of, and risks associated with, the issuer, any guarantor and the transferable securities to which the prospectus relates.

4

(7) Where the prospectus for which approval is sought does not include the final offer price or the amount of transferable securities to be offered to the public, the applicant must inform the competent authority in writing of that information as soon as that element is finalised.

(8) "Prospectus" (except in subsection (5)) includes a supplementary prospectus.

**87B   Exemptions from disclosure**

(1) The competent authority may authorise the omission from a prospectus of any information, the inclusion of which would otherwise be required, on the ground—

    (a) that its disclosure would be contrary to the public interest;

    (b) that its disclosure would be seriously detrimental to the issuer, provided that the omission would be unlikely to mislead the public with regard to any facts or circumstances which are essential for an informed assessment of the kind mentioned in section 87A(2); or

    (c) that the information is only of minor importance for a specific offer to the public or admission to trading on a regulated market and unlikely to influence an informed assessment of the kind mentioned in section 87A(2).

(2) The Secretary of State or the Treasury may issue a certificate to the effect that the disclosure of any information would be contrary to the public interest.

(3) The competent authority is entitled to act on any such certificate in exercising its powers under subsection (1)(a).

(4) This section does not affect any powers of the competent authority under prospectus rules.

(5) "Prospectus" includes a supplementary prospectus.

**87C   Consideration of application for approval**

(1) The competent authority must notify the applicant of its decision on an application for approval of a prospectus before the end of the period for consideration.

(2) The period for consideration—

    (a) begins with the first working day after the date on which the application is received; but

    (b) if the competent authority gives a notice under subsection (4), is to be treated as beginning with the first working day after the date on which the notice is complied with.

(3) The period for consideration is—

    (a) except in the case of a new issuer, 10 working days; or

    (b) in that case, 20 working days.

(4) The competent authority may by notice in writing require a person who has applied for approval of a prospectus to provide—

    (a) specified documents or documents of a specified description, or

    (b) specified information or information of a specified description.

(5) No notice under subsection (4) may be given after the end of the period, beginning with the first working day after the date on which the application is received, of—

    (a) except in the case of a new issuer, 10 working days; or

    (b) in that case, 20 working days.

(6) Subsection (4) applies only to information and documents reasonably required in connection with the exercise by the competent authority of its functions in relation to the application.

(7) The competent authority may require any information provided under this section to be provided in such form as it may reasonably require.

(8) The competent authority may require—

    (a) any information provided, whether in a document or otherwise, to be verified in such manner, or

    (b) any document produced to be authenticated in such manner,

as it may reasonably require.

(9) The competent authority must notify the applicant of its decision on an application for approval of a supplementary prospectus before the end of the period of 7 working days beginning with the date on which the application is received; and subsections (4) and (6) to (8) apply to such an application as they apply to an application for approval of a prospectus.

(10) The competent authority's failure to comply with subsection (1) or (9) does not constitute approval of the application in question.

(11) "New issuer" means an issuer of transferable securities which—

    (a) does not have transferable securities admitted to trading on any regulated market; and

    (b) has not previously offered transferable securities to the public.

**87D   Procedure for decision on application for approval**

(1) If the competent authority approves a prospectus, it must give the applicant written notice.

(2) If the competent authority proposes to refuse to approve a prospectus, it must give the applicant written notice.

(3) The notice must state the competent authority's reasons for the proposed refusal.

(4) If the competent authority decides to refuse to approve a prospectus, it must give the applicant written notice.

(5) The notice must—

    (a) give the competent authority's reasons for refusing the application; and

    (b) inform the applicant of his right to refer the matter to the Tribunal.

(6) If the competent authority refuses to approve a prospectus, the applicant may refer the matter to the Tribunal.

(7) In this section "prospectus" includes a supplementary prospectus.

*Transfer of application for approval of a prospectus*

**87E   Transfer by competent authority of application for approval**

(1) The competent authority may transfer an application for the approval of a prospectus or a supplementary prospectus to the competent authority of another EEA State ("the transferee authority").

(2) Before doing so, the competent authority must obtain the agreement of the transferee authority.

(3) The competent authority must inform the applicant of the transfer within 3 working days beginning with the first working day after the date of the transfer.

(4) On making a transfer under subsection (1), the competent authority ceases to have functions under this Part in relation to the application transferred.

**87F   Transfer to competent authority of application for approval**

(1) Where the competent authority agrees to the transfer to it of an application for the approval of a prospectus made to the competent authority of another EEA State—

    (a) the United Kingdom is to be treated for the purposes of this Part as the home State in relation to the issuer of the transferable securities to which the prospectus relates, and

    (b) this Part applies to the application as if it had been made to the competent authority but with the modification in subsection (2).

(2) Section 87C applies as if the date of the transfer were the date on which the application was received by the competent authority.

*Supplementary prospectus*

**87G   Supplementary prospectus**

(1) Subsection (2) applies if, during the relevant period, there arises or is noted a significant new factor, material mistake or inaccuracy relating to the information included in a prospectus approved by the competent authority.

(2) The person on whose application the prospectus was approved must, in accordance with prospectus rules, submit a supplementary prospectus containing details of the new factor, mistake or inaccuracy to the competent authority for its approval.

(3) The relevant period begins when the prospectus is approved and ends—

    (a) with the closure of the offer of the transferable securities to which the prospectus relates; or

    (b) when trading in those securities on a regulated market begins.

(4) "Significant" means significant for the purposes of making an informed assessment of the kind mentioned in section 87A(2).

(5) Any person responsible for the prospectus who is aware of any new factor, mistake or inaccuracy which may require the submission of a supplementary prospectus in accordance with subsection (2) must give notice of it to—

    (a) the issuer of the transferable securities to which the prospectus relates, and

(b) the person on whose application the prospectus was approved.

(6) A supplementary prospectus must provide sufficient information to correct any mistake or inaccuracy which gave rise to the need for it.

(7) Subsection (1) applies also to information contained in any supplementary prospectus published under this section.

*Passporting*

**87H    Prospectus approved in another EEA State**

(1) A prospectus approved by the competent authority of an EEA State other than the United Kingdom is not an approved prospectus for the purposes of section 85 unless that authority has provided the competent authority with—

(a) a certificate of approval;

(b) a copy of the prospectus as approved; and

(c) if requested by the competent authority, a translation of the summary of the prospectus.

(2) A document is not a certificate of approval unless it states that the prospectus—

(a) has been drawn up in accordance with the prospectus directive; and

(b) has been approved, in accordance with that directive, by the competent authority providing the certificate.

(3) A document is not a certificate of approval unless it states whether (and, if so, why) the competent authority providing it authorised, in accordance with the prospectus directive, the omission from the prospectus of information which would otherwise have been required to be included.

(4) "Prospectus" includes a supplementary prospectus.

**87I    Provision of information to host Member State**

(1) The competent authority must, if requested to do so, supply the competent authority of a specified EEA State with—

(a) a certificate of approval;

(b) a copy of the specified prospectus (as approved by the competent authority); and

(c) a translation of the summary of the specified prospectus (if the request states that one has been requested by the other competent authority).

(2) Only the following may make a request under this section—

(a) the issuer of the transferable securities to which the specified prospectus relates;

(b) a person who wishes to offer the transferable securities to which the specified prospectus relates to the public in an EEA State other than (or as well as) the United Kingdom;

(c) a person requesting the admission of the transferable securities to which the specified prospectus relates to a regulated market situated or operating in an EEA State other than (or as well as) the United Kingdom.

(3) A certificate of approval must state that the prospectus—

(a) has been drawn up in accordance with this Part and the prospectus directive; and

(b) has been approved, in accordance with those provisions, by the competent authority.

(4) A certificate of approval must state whether (and, if so, why) the competent authority authorised, in accordance with section 87B, the omission from the prospectus of information which would otherwise have been required to be included.

(5) The competent authority must comply with a request under this section—

(a) if the prospectus has been approved before the request is made, within 3 working days beginning with the date of the request; or

(b) if the request is submitted with an application for the approval of the prospectus, on the first working day after the date on which it approves the prospectus.

(6) "Prospectus" includes a supplementary prospectus.

(7) "Specified" means specified in a request made for the purposes of this section.

*Transferable securities: powers of competent authority*

**87J    Requirements imposed as condition of approval**

(1) As a condition of approving a prospectus, the competent authority may by notice in writing—

(a) require the inclusion in the prospectus of such supplementary information necessary for investor protection as the competent authority may specify;

7

(b) require a person controlling, or controlled by, the applicant to provide specified information or documents;

(c) require an auditor or manager of the applicant to provide specified information or documents;

(d) require a financial intermediary commissioned to assist either in carrying out the offer to the public of the transferable securities to which the prospectus relates or in requesting their admission to trading on a regulated market, to provide specified information or documents.

(2) "Specified" means specified in the notice.

(3) "Prospectus" includes a supplementary prospectus.

**87K    Power to suspend or prohibit offer to the public**

(1) This section applies where a person ("the offeror") has made an offer of transferable securities to the public in the United Kingdom ("the offer").

(2) If the competent authority has reasonable grounds for suspecting that an applicable provision has been infringed, it may—

(a) require the offeror to suspend the offer for a period not exceeding 10 working days;

(b) require a person not to advertise the offer, or to take such steps as the authority may specify to suspend any existing advertisement of the offer, for a period not exceeding 10 working days.

(3) If the competent authority has reasonable grounds for suspecting that it is likely that an applicable provision will be infringed, it may require the offeror to withdraw the offer.

(4) If the competent authority finds that an applicable provision has been infringed, it may require the offeror to withdraw the offer.

(5) "An applicable provision" means—

(a) a provision of this Part,

(b) a provision contained in prospectus rules,

(c) any other provision made in accordance with the prospectus directive,

applicable in relation to the offer.

**87L    Power to suspend or prohibit admission to trading on a regulated market**

(1) This section applies where a person has requested the admission of transferable securities to trading on a regulated market situated or operating in the United Kingdom.

(2) If the competent authority has reasonable grounds for suspecting that an applicable provision has been infringed and the securities have not yet been admitted to trading on the regulated market in question, it may—

(a) require the person requesting admission to suspend the request for a period not exceeding 10 working days;

(b) require a person not to advertise the securities to which it relates, or to take such steps as the authority may specify to suspend any existing advertisement in connection with those securities, for a period not exceeding 10 working days.

(3) If the competent authority has reasonable grounds for suspecting that an applicable provision has been infringed and the securities have been admitted to trading on the regulated market in question, it may—

(a) require the market operator to suspend trading in the securities for a period not exceeding 10 working days;

(b) require a person not to advertise the securities, or to take such steps as the authority may specify to suspend any existing advertisement in connection with those securities, for a period not exceeding 10 working days.

(4) If the competent authority finds that an applicable provision has been infringed, it may require the market operator to prohibit trading in the securities on the regulated market in question.

(5) "An applicable provision" means—

(a) a provision of this Part,

(b) a provision contained in prospectus rules,

(c) any other provision made in accordance with the prospectus directive,

applicable in relation to the admission of the transferable securities to trading on the regulated market in question.

**87M    Public censure of issuer**

(1) If the competent authority finds that—

(a) an issuer of transferable securities,

8

(b) a person offering transferable securities to the public, or

(c) a person requesting the admission of transferable securities to trading on a regulated market,

is failing or has failed to comply with his obligations under an applicable provision, it may publish a statement to that effect.

(2) If the competent authority proposes to publish a statement, it must give the person a warning notice setting out the terms of the proposed statement.

(3) If, after considering any representations made in response to the warning notice, the competent authority decides to make the proposed statement, it must give the person a decision notice setting out the terms of the statement.

(4) "An applicable provision" means—

(a) a provision of this Part,

(b) a provision contained in prospectus rules,

(c) any other provision made in accordance with the prospectus directive,

applicable to a prospectus in relation to the transferable securities in question.

(5) "Prospectus" includes a supplementary prospectus.

**87N   Right to refer matters to the Tribunal**

(1) A person to whom a decision notice is given under section 87M may refer the matter to the Tribunal.

(2) A person to whom a notice is given under section 87O may refer the matter to the Tribunal.

**87O   Procedure under sections 87K and 87L**

(1) A requirement under section 87K or 87L takes effect—

(a) immediately, if the notice under subsection (2) states that that is the case;

(b) in any other case, on such date as may be specified in that notice.

(2) If the competent authority—

(a) proposes to exercise the powers in section 87K or 87L in relation to a person, or

(b) exercises any of those powers in relation to a person with immediate effect,

it must give that person written notice.

(3) The notice must—

(a) give details of the competent authority's action or proposed action;

(b) state the competent authority's reasons for taking the action in question and choosing the date on which it took effect or takes effect;

(c) inform the recipient that he may make representations to the competent authority within such period as may be specified by the notice (whether or not he has referred the matter to the Tribunal);

(d) inform him of the date on which the action took effect or takes effect; and

(e) inform him of his right to refer the matter to the Tribunal.

(4) The competent authority may extend the period within which representations may be made to it.

(5) If, having considered any representations made to it, the competent authority decides to maintain, vary or revoke its earlier decision, it must give written notice to that effect to the person mentioned in subsection (2).

(6) A notice given under subsection (5) must inform that person, where relevant, of his right to refer the matter to the Tribunal.

(7) If a notice informs a person of his right to refer a matter to the Tribunal, it must give an indication of the procedure on such a reference.

(8) If a notice under this section relates to the exercise of the power conferred by section 87L(3), the notice must also be given to the person at whose request the transferable securities were admitted to trading on the regulated market.

**87P   Exercise of powers at request of competent authority of another EEA State**

(1) This section applies if—

(a) the competent authority of an EEA State other than the United Kingdom has approved a prospectus,

(b) the transferable securities to which the prospectus relates have been offered to the public in the United Kingdom or their admission to trading on a regulated market has been requested, and

(c) that competent authority makes a request that the competent authority assist it in the performance of its functions under the law of that State in connection with the prospectus directive.

(2) For the purpose of complying with the request mentioned in subsection (1)(c), the powers conferred by sections 87K and 87L may be exercised as if the prospectus were one which had been approved by the competent authority.

(3) Section 87N does not apply to an exercise of those powers as a result of this section.

(4) Section 87O does apply to such an exercise of those powers but with the omission of subsections (3)(e), (6) and (7).

*Rights of investors*

### 87Q   Right of investor to withdraw

(1) Where a person agrees to buy or subscribe for transferable securities in circumstances where the final offer price or the amount of transferable securities to be offered to the public is not included in the prospectus, he may withdraw his acceptance before the end of the withdrawal period.

(2) The withdrawal period—
    (a) begins with the investor's acceptance; and
    (b) ends at the end of the second working day after the date on which the competent authority is informed of the information in accordance with section 87A(7).

(3) Subsection (1) does not apply if the prospectus contains—
    (a) in the case of the amount of transferable securities to be offered to the public, the criteria or conditions (or both) according to which that element will be determined, or
    (b) in the case of price, the criteria or conditions (or both) according to which that element will be determined or the maximum price.

(4) Where a supplementary prospectus has been published and, prior to the publication, a person agreed to buy or subscribe for transferable securities to which it relates, he may withdraw his acceptance before the end of the period of 2 working days beginning with the first working day after the date on which the supplementary prospectus was published.

*Registered investors*

### 87R   Register of investors

(1) The competent authority must establish and maintain, in accordance with this section and prospectus rules, a register of investors for the purposes of section 86.

(2) An individual may not be entered in the register unless—
    (a) he is resident in the United Kingdom; and
    (b) he meets at least two of the criteria mentioned in Article 2.2 of the prospectus directive.

(3) A company may not be entered in the register unless—
    (a) it falls within the meaning of "small and medium-sized enterprises" in Article 2.1 of the prospectus directive; and
    (b) its registered office is in the United Kingdom.

(4) A person who does not fall within subsection (2) or (3) may not be entered in the register."

**6.**—(1) Section 90 (compensation for false or misleading particulars) is amended as follows.

(2) After subsection (10) insert—

"(11) This section applies in relation to a prospectus as it applies to listing particulars, with the following modifications—
    (a) references in this section or in Schedule 10 to listing particulars, supplementary listing particulars or sections 80, 81 or 82 are to be read, respectively, as references to a prospectus, supplementary prospectus and sections 87A, 87G and 87B;
    (b) references in Schedule 10 to admission to the official list are to be read as references to admission to trading on a regulated market;
    (c) in relation to a prospectus, "securities" means "transferable securities".

(12) A person is not to be subject to civil liability solely on the basis of a summary in a prospectus unless the summary is misleading, inaccurate or inconsistent when read with the rest of the prospectus; and, in this subsection, a summary includes any translation of it."

(3) For the title substitute "Compensation for false or misleading statements or omissions".

**7.**—(1) Section 91 (penalties for breach of listing rules) is amended as follows.

(2) After subsection (1) insert—

"(1A) If the competent authority considers that—

   (a) an issuer of transferable securities,

   (b) a person offering transferable securities to the public or requesting their admission to trading on a regulated market,

   (c) an applicant for the approval of a prospectus in relation to transferable securities,

   (d) a person on whom a requirement has been imposed under section 87K or 87L, or

   (e) any other person to whom a provision of the prospectus directive applies,

has contravened a provision of this Part or of prospectus rules, or a provision otherwise made in accordance with the prospectus directive or a requirement imposed on him under such a provision, it may impose on him a penalty of such amount as it considers appropriate."

(3) In subsection (2)—

   (a) for "by an applicant or an issuer" substitute "by a person";

   (b) for "or (1)(b)(i)" substitute ", (1)(b)(i) or (1A) ("P")";

   (c) for "a person" substitute "another person"; and

   (d) for "that applicant or issuer" substitute "P".

(4) For the title substitute "Penalties for breach of Part 6 rules".

**8.** In subsection (1) of section 97 (appointment by competent authority of persons to carry out investigations)—

   (a) in paragraph (a), for "breach of Part 6 rules" substitute "contravention of a provision of this Part or of Part 6 rules or a provision otherwise made in accordance with the prospectus directive";

   (b) in paragraph (b), for the words after "a director of" substitute "a person mentioned in section 91(1) or (1A) has been knowingly concerned in a contravention of a provision of this Part or of Part 6 rules or a provision otherwise made in accordance with the prospectus directive by that person";

   (c) in paragraph (d), after "85" insert ", 87G".

**9.** Section 98 (advertisements etc. in connection with listing applications) is repealed.

**10.** After subsection (1A) of section 99 (fees), insert—

"(1B) Prospectus rules may require the payment of fees to the competent authority in respect of—

   (a) applications for approval of a prospectus or a supplementary prospectus;

   (b) applications for inclusion in the register of investors;

   (c) the continued inclusion of investors in that register;

   (d) access to that register."

**11.** For section 103 (interpretation of Part 6), substitute—

*"Interpretative provisions*

### 102A Meaning of "securities" etc.

(1) This section applies for the purposes of this Part.

(2) "Securities" means (except in section 74(2) and the expression "transferable securities") anything which has been, or may be, admitted to the official list.

(3) "Transferable securities" means anything which is a transferable security for the purposes of the investment services directive, other than money-market instruments for the purposes of that directive which have a maturity of less than 12 months.

(4) "Financial instrument" has the meaning given in Article 1.3 of Directive 2003/6/EC of the European Parliament and of the Council of 28 January 2003 on insider dealing and market manipulation.

(5) "Non-equity transferable securities" means all transferable securities that are not equity securities; and for this purpose "equity securities" has the meaning given in Article 2.1(b) of the prospectus directive.

(6) "Issuer"—

   (a) in relation to an offer of transferable securities to the public or admission of transferable securities to trading on a regulated market for which an approved prospectus is required as a result of section 85, means a legal person who issues or proposes to issue the transferable securities in question,

   (b) in relation to anything else which is or may be admitted to the official list, has such meaning as may be prescribed by the Treasury, and

   (c) in any other case, means a person who issues financial instruments.

11

**102B   Meaning of "offer of transferable securities to the public" etc.**

(1)  For the purposes of this Part there is an offer of transferable securities to the public if there is a communication to any person which presents sufficient information on—

    (a)  the transferable securities to be offered, and

    (b)  the terms on which they are offered,

to enable an investor to decide to buy or subscribe for the securities in question.

(2)  For the purposes of this Part, to the extent that an offer of transferable securities is made to a person in the United Kingdom it is an offer of transferable securities to the public in the United Kingdom.

(3)  The communication may be made—

    (a)  in any form;

    (b)  by any means.

(4)  Subsection (1) includes the placing of securities through a financial intermediary.

(5)  Subsection (1) does not include a communication in connection with trading on—

    (a)  a regulated market;

    (b)  a multilateral trading facility; or

    (c)  a market prescribed by an order under section 130A(3).

(6)  "Multilateral trading facility" means a multilateral system, operated by an investment firm (within the meaning of Article 1.2 of the investment services directive) or a market operator, which brings together multiple third-party buying and selling interests in financial instruments in accordance with non-discretionary rules so as to result in a contract.

**102C   Meaning of "home State" in relation to transferable securities**

In this Part, in relation to an issuer of transferable securities, the "home-State" is the EEA State which is the "home Member State" for the purposes of the prospectus directive (which is to be determined in accordance with Article 2.1(m) of that directive).

**103   Interpretation of this Part**

(1)  In this Part, save where the context otherwise requires—

    "disclosure rules" has the meaning given in section 73A;

    "inside information" has the meaning given in section 118C;

    "listed securities" means anything which has been admitted to the official list;

    "listing" has the meaning given in section 74(5);

    "listing particulars" has the meaning given in section 79(2);

    "listing rules" has the meaning given in section 73A;

    "market operator" means a person who manages or operates the business of a regulated market;

    "offer of transferable securities to the public" has the meaning given in section 102B;

    "the official list" means the list maintained by the competent authority as that list has effect for the time being;

    "Part 6 rules" has the meaning given in section 73A;

    "the prospectus directive" means Directive 2003/71/EC of the European Parliament and of the Council of 4 November 2003 on the prospectus to be published when securities are offered to the public or admitted to trading;

    "prospectus rules" has the meaning given in section 73A;

    "regulated market" has the meaning given in Article 1.13 of the investment services directive;

    "supplementary prospectus" has the meaning given in section 87G;

    "working day" means any day other that a Saturday, a Sunday, Christmas Day, Good Friday or a day which is a bank holiday under the Banking and Financial Dealings Act 1971 (c. 80) in any part of the United Kingdom.

(2)  In relation to any function conferred on the competent authority by this Part, any reference in this Part to the competent authority is to be read as a reference to the person by whom that function is for the time being exercisable.

12

(3) If, as a result of an order under Schedule 8, different functions conferred on the competent authority by this Part are exercisable by different persons, the powers conferred by section 91 are exercisable by such person as may be determined in accordance with the provisions of the order."

**12.** In Section 176 (entry of premises under warrant), in subsection (11)(a), after "section" insert "87C, 87J,".

**13.** In subsection (4)(b) of section 195 (exercise of power in support of overseas regulator), omit "in relation to the listing of shares".

**14.** In subsection (13) of section 395 (the Authority's procedures), after paragraph (ba) insert—
    "(bb) 87O(2) or (5);".

**15.** In section 417(3) (calculation of period of days) after "Act" insert "(other than a provision of Part 6)".

**16.** Schedules 9 (non-listing prospectuses) and 11 (offers of securities) are repealed.


# SCHEDULE 2                                      Regulation 2(2)


# "SCHEDULE 11A                                   Section 85(5)(a)
## TRANSFERABLE SECURITIES


### PART 1

**1.** Units (within the meaning in section 237(2)) in an open-ended collective investment scheme.

**2.** Non-equity transferable securities issued by
    (a) the government of an EEA State;
    (b) a local or regional authority of an EEA State;
    (c) a public international body of which an EEA State is a member;
    (d) the European Central Bank;
    (e) the central bank of an EEA State.

**3.** Shares in the share capital of the central bank of an EEA State.

**4.** Transferable securities unconditionally and irrevocably guaranteed by the government, or a local or regional authority, of an EEA State.

**5.**—(1) Non-equity transferable securities, issued in a continuous or repeated manner by a credit institution, which satisfy the conditions in sub-paragraph (2).

    (2) The conditions are that the transferable securities—
    (a) are not subordinated, convertible or exchangeable;
    (b) do not give a right to subscribe to or acquire other types of securities and are not linked to a derivative instrument;
    (c) materialise reception of repayable deposits; and
    (d) are covered by a deposit guarantee under directive 94/19/EC of the European Parliament and of the Council on deposit-guarantee schemes.

**6.** Non-fungible shares of capital—
    (a) the main purpose of which is to provide the holder with a right to occupy any immovable property, and
    (b) which cannot be sold without that right being given up.


### PART 2

**7.**—(1) Transferable securities issued by a body specified in sub-paragraph (2) if, and only if, the proceeds of the offer of the transferable securities to the public will be used solely for the purposes of the issuer's objectives.

    (2) The bodies are
    (a) a charity within the meaning of—
        (i) section 96(1) of the Charities Act 1993 (c. 10), or
        (ii) section 35 of the Charities Act (Northern Ireland) 1964 (c. 33 (N.I.));

    (b) a recognised body within the meaning of section 1(7) of the Law Reform (Miscellaneous Provisions) (Scotland) Act 1990 (c. 40);

    (c) a housing association within the meaning of—

        (i) section 5(1) of the Housing Act 1985 (c. 68),

        (ii) section 1 of the Housing Associations Act 1985 (c. 69), or

        (iii) Article 3 of the Housing (Northern Ireland) Order 1992 (S.I. 1992/1725 (N.I. 15));

    (d) an industrial and provident society registered in accordance with—

        (i) section 1(2)(b) of the Industrial and Provident Societies Act 1965 (c. 12), or

        (ii) section 1(2)(b) of the Industrial and Provident Societies Act (Northern Ireland) 1969 (c. 24 (N.I.));

    (e) a non-profit making association or body recognised by an EEA State with objectives similar to those of a body falling within any of sub-paragraphs (a) to (d).

**8.**—(1) Non-equity transferable securities, issued in a continuous or repeated manner by a credit institution, which satisfy the conditions in sub-paragraph (2).

(2) The conditions are—

    (a) that the total consideration of the offer is less than 50,000,000 euros (or an equivalent amount); and

    (b) those mentioned in paragraph 5(2)(a) and (b).

(3) In determining whether sub-paragraph (2)(a) is satisfied in relation to an offer ("offer A"), offer A is to be taken together with any other offer of transferable securities of the same class made by the same person which—

    (a) was open at any time within the period of 12 months ending with the date on which offer A is first made; and

    (b) had previously satisfied sub-paragraph (2)(a).

(4) For the purposes of this paragraph, an amount (in relation to an amount denominated in euros) is an "equivalent amount" if it is an amount of equal value denominated wholly or partly in another currency or unit of account.

(5) The equivalent is to be calculated at the latest practicable date before (but in any event not more than 3 working days before) the date on which the offer is first made.

(6) "Credit institution" means a credit institution as defined in Article 1.1(a) of the banking consolidation directive.

**9.**—(1) Transferable securities included in an offer where the total consideration of the offer is less than 2,500,000 euros (or an equivalent amount).

(2) Sub-paragraphs (3) to (5) of paragraph 8 apply for the purposes of this paragraph but with the references in sub-paragraph (3) to "sub-paragraph (2)(a)" being read as references to "paragraph 9(1)"."

# SCHEDULE 3                 Regulation 2(3)

## MISCELLANEOUS AMENDMENTS

*Companies Act 1989 (c. 40)*

**1.** In section 82(2)(a)(iii)(a) of the Companies Act 1989, omit "in relation to the listing of shares".

*The Public Offers of Securities Regulations 1995 (S.I. 1995/1537)*

**2.** The Public Offers of Securities Regulations 1995 are revoked.

*The Financial Services and Markets Act 2000 (Official Listing of Securities) Regulations 2001 (S.I. 2001/2956)*

**3.** Sub-paragraph (a) of regulation 4(2) and regulations 10 to 12 of the Financial Services and Markets Act 2000 (Official Listing of Securities) Regulations 2001 are revoked.

*The Financial Services and Markets Act 2000 (Offers of Securities) Order 2001 (S.I. 2001/2958)*

**4.** The Financial Services and Markets Act 2000 (Offers of Securities) Order 2001 is revoked.

---

(a) Subsection (2)(a) was substituted by S.I. 2001/3649, article 76(2).

*Companies (Audit, Investigations and Community Enterprise) Act 2004 (c. 27)*

5.  In section 14 of the Companies (Audit, Investigations and Community Enterprise) Act 2004 (supervision of periodic accounts and reports of issuers of listed securities), in subsection (12), for the definition of "issuer", "listing rules" and "security" substitute—

"'listed securities" and "listing rules" have the meaning given by section 103(1) of the Financial Services and Markets Act 2000 (c. 8) (interpretation of Part 6);

"'issuer", in relation to listed securities, has the meaning given by section 102A(6)(b) of that Act;".

6.  In section 16 of that Act (grants to bodies concerned with accounting standards etc.), in subsection (5), for the definition of "issuer", "listing rules" and "security" substitute—

"'listed securities" and "listing rules" have the meaning given by section 103(1) of the Financial Services and Markets Act 2000 (c. 8) (interpretation of Part 6);

"issuer", in relation to listed securities, has the meaning given by section 102A(6)(b) of the Financial Services and Markets Act 2000 (meaning of "securities" etc,);".

15

## EXPLANATORY NOTE

*(This note is not part of the Regulations)*

These Regulations implement Directive 2003/71/EC of the European Parliament and of the Council of 4th November 2003 on the prospectus to be published when securities are offered to the public or admitted to trading on a regulated market ("the prospectus directive").

These Regulations are made under section 2(2) of the European Communities Act 1972 (c. 68). They substitute sections 84 to 87 of the Financial Services and Markets Act 2000 (c. 8) ("the Act") with sections 84 to 87R (see regulation 2(1) and Schedule 1 to the Regulations).

Section 84 sets out the matters that may be dealt with in prospectus rules which the Financial Services Authority ("the FSA") will make. These matters include the form and content of a prospectus, the period of validity of a prospectus and the ways in which a prospectus may be published. Section 85 states the general rule that a person may not make an offer of securities to the public in the UK, or seek admission to trading on a regulated market in the UK, unless a prospectus approved by the FSA has been published. Prospectuses approved by the competent authorities of other EEA States are treated in the same way as those approved by the FSA provided the conditions in section 87H are complied with. Section 85 and Schedule 11A exempt certain securities from the section 85 requirement. Section 86 exempts certain offers from that requirement.

Section 87A states the criteria by which the FSA will approve a prospectus. Section 87B allows the FSA to authorise the omission of information which a prospectus would otherwise have to contain. Section 87C contains the time limits during which applications need to be processed by the FSA and allows the FSA to seek further information in relation to applications for approval of a prospectus. Section 87D contains the procedure to be followed when the FSA approves, proposes not to approve or decides not to approve a prospectus. Sections 87E and 87F allow applications for approval to be transferred between competent authorities within the EEA. Section 87G states when a supplementary prospectus must be produced.

Sections 87J to 87M deal with the powers of the FSA, including conditions precedent to approval (section 87J), the power to suspend or prohibit offers to the public (section 87K), the power to suspend or prohibit admission to trading on a regulated market (section 87L) and the power publicly to censure (section 87M).

These Regulations replace Schedule 11 to the Act with Schedule 11A: see regulation 2(2) and Schedule 2 to the Regulations.

These Regulations also make minor and consequential amendments to primary and secondary legislation: see regulation 2(3) and Schedule 3 to the Regulations.

A full regulatory impact assessment of the effect of this instrument on the costs of business may be obtained from the Capital Markets and Governance Team, HM Treasury, 1 Horse Guards Road, London SW1A 2HQ. A transposition note showing how the main provisions of the prospectus directive are being transposed into UK law is available from the same address. Both documents are available on the Treasury's website (www.hm-treasury.gov.uk). Copies of both documents have been placed in the libraries of both Houses of Parliament.

£3.00

© Crown copyright 2005

Printed and published in the UK by The Stationery Office Limited
under the authority and superintendence of Carol Tullo, Controller of
Her Majesty's Stationery Office and Queen's Printer of Acts of Parliament.
E0857    6/2005    150857    19585



ISBN 0-11-072980-3

9 780110 729800