

B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors      Case No. 08-13555 (JMP)
(Jointly Administered)

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice, pursuant to the Evidence of Transfer of Claim attached hereto as Exhibit 1.

SATO PHARMACEUTICAL CO., LTD.      BERYL FINANCE LIMITED
Name of Transferee      Name of Transferor

Name and Address where notices to transferee should be sent:
1-5-27 Moto-Akasaka Minato-ku
Tokyo 107-0051
JAPAN

Court Claim # (if known): 58083
Amount of Claim (total filed): $14,302,500.00
Amount of Claim (transferred): $14,302,500.00
Date Claim Filed: 10/30/09
Debtor: Lehman Brothers Holdings Inc.

Phone: +81 3-5412-7313
Last Four Digits of Acct #: _____

Phone: _____
Last Four Digits of Acct. #: _____

Name and Address where transferee payments should be sent (if different from above):
Same as above
Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: ___/s/ Hiroo Yasuma___         Date: May 29, 2012
    Transferee   Hiroo Yasuma
             Executive Officer

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both.
18 Y.S.C. §§ 152 & 3571.

Exhibit 1

**Evidence of Transfer of Claim**

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **BERYL FINANCE LIMITED** (the "Transferor") hereby unconditionally and irrevocably transfers and assigns to **SATO PHARMACEUTICAL CO., LTD.** (the "Transferee"), and the Transferee hereby agrees to receive, as of the date hereof, (a) an undivided interest, to the extent of the principal amount specified in Schedule I attached hereto (the "Assigned Claim"), in the Transferor's right, title and interest in and to Proof of Claim Number 58083 filed by or on behalf of the Transferor, dated October 28, 2009, file-stamped October 30, 2009, and designated claim number 58083, a copy of which is attached hereto as Schedule II (the "Proof of Claim"), against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of the Transferor relating to the Assigned Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Assigned Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Assigned Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Assigned Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Assigned Claim, and (iv) any and all of the Transferor's right, title and interest in, to and under the transfer agreements, if any, under which the Transferor or any prior seller acquired the rights and obligations underlying or constituting a part of the Assigned Claim, but only to the extent related to the Assigned Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) (to the extent not transferred to the Transferee by an instrument other than this Agreement and Evidence of Transfer Claim) the security or securities (any such security, a "Transferred Security") relating to the Assigned Claim and specified in Schedule I attached hereto.

2.   The Transferor hereby represents and warrants to the Transferee that, to the best of its knowledge and belief: (a) the Transferred Claims are transferred free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by the Transferor or against the Transferor; (b) the Transferor is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; and (c) the Transferor has not engaged in any acts, conduct or omissions that will result in the Transferee receiving in respect of the Transferred Claims

proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3.  The Transferor hereby waives any objection to the transfer of the Transferred Claims to the Transferee on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of the Transferor by the Transferee for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. The Transferee agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. The Transferor acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to the Transferor transferring to the Transferee the Transferred Claims, recognizing the Transferee as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Assigned Claim be delivered or made to the Transferee.

4.  All representations, warranties and covenants shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. The Transferee shall not be entitled to transfer or assign its rights under such representations, warranties or covenants, provided however, that nothing shall prevent the Transferee from transferring or assigning the Transferred Claims or the Transferred Security.

5.  The Transferor shall as soon as reasonably practicable remit any payments, distributions or proceeds received by the Transferor in respect of the Transferred Claims to the Transferee. The Transferor has transferred, or shall transfer as soon as practicable after the date hereof, to the Transferee each Transferred Security to such account, via Euroclear or Clearstream (or similar transfer method, or via another settlement method agreeable to both the Transferee and the Transferor), as the Transferee may designate in writing to the Transferor. This Agreement and Evidence of Transfer of Claim supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Transferred Security.

6.  Each of the Transferor and the Transferee agrees, in each case at the Transferee's expense, to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer of Claim, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7.  The Transferor's and the Transferee's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). The Transferor and the Transferee each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 16th day of May 2012.

[Issuer]

BERYL FINANCE LIMITED

By:  _____

Name: _____Rachael Rankin_____
Title: _____Director_____
Address:
Walkers SPV Limited, Walker House, 87 Mary Street, George Town, Grand Cayman KY1-9002, Cayman Islands

[Noteholder]

SATO PHARMACEUTICAL CO., LTD.

By: _____

Name:   Hiroo YASUMA
Title:   Exective Officer
Address:
1-5-27 Moto-Akasaka Minato-ku, Tokyo 107-0051 Japan



CAYMAN ISLANDS GOVERNMENT
STAMP DUTY

0 0
0 E
0 5
1 D
0 6
7 5
1 6

GEORGE TOWN
10.05.12
CAYMAN ISLANDS

POSTAGE PAID
002.00
PB2091006

Schedule I

Transferred Claims

Assigned Claim

100% of $14,302.500.00 (the outstanding amount of the Proof of Claim as of April 17, 2012).

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount Transferred | Coupon | Maturity | Accrued Amount (as of 9/15/08) |
|---|---|---|---|---|---|---|---|
| Floating Rate Notes under the Euro Medium-Term Note Proguram | XS0342838934 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | JPY1,500,000,000 (Equivalent to $14,302,500.00) | Floating | 20 March 2013 | |

**Schedule II**

**Proof of Claim**

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **LEHMAN SECURITIES PROGRAMS<br>PROOF OF CLAIM** |
|---|---|---|
| In re:<br>Lehman Brothers Holdings Inc., *et al.*,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000058083 |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) Telephone number:

Beryl Finance Limited Series 2008-1
c/o BNY Corporate Trustee Services
One Canada Square                with copy to:   Michael J. Venditto
London E14 5AL                                    Reed Smith LLP
England                                           599 Lexington Avenue
                                                  New York, NY 10022

Email Address: dagemea@bnymellon.com       mvenditto@reedsmith.com

Name and address where payment should be sent (if different from above) Telephone number:

Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.
Court Claim Number: _____ (If known)
Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: $14,302,500.00 (Required)

☐ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates. International Securities Identification Number (ISIN): **XS0342838934** (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates. Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number: **6056774** (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers. Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number: **14037** (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

FOR COURT USE ONLY

**FILED / RECEIVED**
OCT 3 0 2009
...TCY SOLUTIONS, LLC

Date: 28/10/09

Grace Mulvihill
Authorized Signatory

**INSTRUCTIONS FOR PROOF OF CLAIM FORM** *The questions on the Proof of Claim form include instructions for completing each question. The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.* Creditor's Name and Address: Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g). Date and Signature: The person filing this proof of claim must sign and date it. FRBP 9011. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

**DEFINITIONS** _____ **INFORMATION** _____ Debtor A debtor is the person, corporation, or other entity that has filed a bankruptcy case. Creditor A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing. Claim A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured, reduced to judgment or not, liquidated or unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal or equitable Proof of Claim A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address: **Lehman Brothers Holdings Claims Processing c/o Epiq Bankruptcy Solutions, LLC FDR Station, PO Box 5076 New York, NY 10150-5076 Lehman Programs Security** Any security included on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009. Acknowledgment of Filing of Claim To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim. Offers to Purchase a Claim Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

EMEA 55

## Addendum to the Proof of Claim filed by
## Beryl Finance Limited
## relating to Series 2008-1

1. BNY Corporate Trustee Services Limited, f/k/a J.P. Morgan Corporate Trustee Services Limited (hereinafter, the "Trustee") acts as the trustee for the holders of notes issued under the Multi Issuer Secured Obligation Programme of Dante Finance PLC and other Specified Companies (the "Dante MISOP Programme") arranged by Lehman Brothers International (Europe) pursuant to a trust deed originally entered into on October 10, 2002 with Dante Finance PLC, as amended and restated on July 20, 2007, as supplemented by the Supplemental Trust Deed and Drawdown Agreement, dated January 28, 2008, and as further amended by the Deed of Amendment dated June 4, 2008, as may be further amended and restated from time to time (the "Principal Trust Deed").

2. Beryl Finance Limited ("Issuer") acceded to the Dante MISOP Programme by executing a deed of accession dated July 20, 2007 (the "Original Deed of Accession").

3. The Trustee files this proof of claim on behalf of the Issuer pursuant to the authority under the Principal Trust Deed and the Deed of Accession to protect the interests of investors and to preserve claims of the Issuer and the investors with respect to the Lehman Program Securities ("Program Securities") identified in this proof of claim. The Trustee currently holds these Program Securities in its capacity as Trustee.

4. The Trustee asserts this claim in its capacity as Trustee pursuant to the authority delegated to the trustee under the Dante MISOP Programme documents.

5. The Trustee reserves the right to amend, modify or supplement this proof of claim as additional information becomes available. The filing of this proof of claim is not a waiver of any substantive right or claim nor a consent to the jurisdiction of the Bankruptcy Court for any purpose other than this proof of claim; and, the Trustee reserves any and all rights, defenses, claims and causes of action.

RECEIVED BY: TP     DATE: 10/30     TIME: 3:49

HAND DELIVERY