IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC. | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtor. | ) | (Jointly Administered) |

---

NOTICE OF PARTIAL TRANSFER OF CLAIM
PURSUANT TO FRBP RULE 3001(e)(2)

1. TO:

    **BANCO EMILIANO ROMAGNOLO S.p.A.**
    ("Transferor")

    Attn   Elisa Cesari



RECEIVED
JUN 11 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

2. Please take notice of the transfer of an undivided interest in the amount of **USD 50,567.23** (EUR 35,734.04), of your claim against LEHMAN BROTHERS HOLDINGS INC. Case No. 08-13555 JMP) in the above-referenced consolidated proceedings, arising from and relating to the guaranty of certain underlying securities described in Claim No. **49719** (attached as Exhibit A hereto), to:

    **BANCA FIDEURAM S.p.A**
    ("Transferee")

    Attn: Emanuele Castro
    Legal Department

    An evidence of transfer of claim (including details as to the underlying securities) is attached hereto as Exhibit B. All notices regarding the transferred portion of the claim should be sent to the Transferee at the address attached in Exhibit C.

3. No action is required if you do not object to the transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN 21 DAYS OF THE DATE OF THIS NOTICE, YOU MUST:**

    -- **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

    United States Bankruptcy Court
    Southern District of New York
    Attn: Clerk of Court
    Alexander Hamilton Custom House
    One Bowling Green
    New York, NY 10004-1408

|  |  |
|---|---|
| -- | **SEND A COPY OF YOUR OBJECTION TO THE TRANSFEREE.** |
| -- | Refer to **INTERNAL CONTROL NO.** _____ in your objection and any further correspondence related to this transfer. |
| 4. | If you file an objection, a hearing will be scheduled. **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR ECORDS AS A CLAIMANT IN THIS PROCEEDING WITH RESPECT TO THE RANSFERRED PORTION.** |

CLERK

-------------------------------------------------------------------------------

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the first named party, by first class mail, postage prepaid on _____, 2010.

INTERNAL CONTROL NO. _____

Copy: (check) Claims Agent _____ Transferee _____ Debtor's Attorney _____

Deputy Clerk

------------------------------------

| | |
|---|---|
| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | **LEHMAN SECURITIES PROGRAMS**<br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000049719 |
| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |

Note: This form may not be used to file claims other than those based on Lehman Programs Securities as listed on http://www.lehman-docket.com as of July 17, 2009

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Banco Emiliano Romagnolo S.p.A. in a.s.
Via Farini, 17
40124 Bologna
Italy
Attention: Mr. Atos Cavazza

Telephone number: +39 051 4135505     Email Address: atos.cavazza@berbanca.it

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**Name and address where payment should be sent** (if different from above)

Telephone number:     Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates.

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholders Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

5. **Consent to Euroclear Bank, Clearstream Bank or Other Depository:** By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

| Date.<br>October<br>26, 2009 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>Name: Fernando De Flaviis    Title: Extraordinary Commissioner<br>[signature] | FILED / RECEIVED<br>OCT 27 2009<br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:                                                          Chapter 11

Lehman Brothers Holdings Inc., *et al.*                         Case No. 08-13555 (JMP)

                                                                (Jointly Administered)
                              Debtors.
-----------------------------------------------------------------X

### ANNEX TO PROOF OF CLAIM OF
### BANCO EMILIANO ROMAGNOLO S.P.A. IN A.S.

1. <u>Claimant</u>. Banco Emiliano Romagnolo S.p.A. in a.s. (the "**Claimant**"), hereby files the accompanying proof of claim (the "**Proof of Claim**") against Lehman Brothers Holdings Inc. (the "**Debtor**"), a debtor and debtor in possession in the above-referenced chapter 11 cases. The Claimant holds claims against the Debtor arising from certain transactions that occurred prior to September 15, 2008 (the "**Petition Date**"), as described more fully below.

2. <u>Transactions Between the Parties</u>. The Claimant is authorized to act on behalf of the holders of certain securities issued by Lehman Brothers Treasury Co. B.V. and Lehman Brothers UK Capital Funding IV LP (the "**Obligors**") and guaranteed by the Debtor (each a "**Program Security**" and, together, the "**Program Securities**") identified on the list of Lehman Program Securities, which is available on the Debtors' website, http://www.lehman-docket.com under the heading "Key Documents." The International Securities Identification Number ("**ISIN**") identifying each Program Security, along with the respective Clearstream Bank blocking reference number and the Clearstream Bank account number relating to the Program Securities, is detailed on <u>Exhibit 1</u> attached hereto. Evidence of the ownership of the securities described in <u>Exhibit 1</u> is provided in <u>Exhibit 3</u> attached hereto. The Program Securities issued

by Lehman Brothers Treasury Co. B.V. have also the benefit of an express, unconditional and irrevocable guarantee of the Debtor, and further, the Debtor guaranteed the payment of all liabilities, obligations and commitments of Lehman Brothers Treasury Co. B.V. pursuant to those certain board resolutions adopted by the Executive Committee of the Debtor's Board of Directors attached hereto as Exhibit 4, including but not limited to those certain resolutions adopted by unanimous written consent on June 9, 2005 and certain other guarantees extended to affiliates of the Debtor and/or Lehman related entities.

3. Claim. The Claimant is authorized to act on behalf of the holders of certain securities described more fully in Exhibit 1 hereto and on account thereof and in accordance with the terms of the documentation relating thereto, hereby asserts a claim against the Debtor in the amount of $ 9,742,790.59 plus, to the extent provided pursuant to the underlying documents associated with each Program Security all other interest, costs, fees and expenses allowed under applicable law (the "**Claim**"). An itemization of certain amounts comprising the Claim is set forth on Exhibit 2 attached hereto.

4. Security Interests and Priority Status. The Claim is filed as a general unsecured claim, without any prejudice to any and all rights of the Claimant to assert that any portion of the Claim is entitled to administrative priority under Sections 503 and 507 of the Bankruptcy Code.

5. Claims, Counterclaims, Setoffs and Defenses. The Claim is not subject to any known claims, counterclaims, setoffs or defenses by the Debtor. The Claimant also reserves any and all rights of setoff and recoupment that the Claimant or any of its affiliates may have against the Debtor or its related entities.

6. Reservation of Rights. The execution and filing of this Proof of Claim is not and shall not be deemed: (a) a waiver or release of the Claimant's rights against any other entity or

person liable for all or any part of the Claim asserted herein; (b) a consent by the Claimant to the jurisdiction of this Court with respect to any proceeding commenced in this case against or otherwise involving the Claimant; (c) a waiver of the right to withdraw the reference with respect to the subject matter of the Claim, any objection or other proceedings commenced with respect thereto or any other proceedings commenced in this case against or otherwise involving the Claimant; (d) a waiver or release by the Claimant of its right to trial by jury, or a consent by the Claimant to a trial by jury, in this Court or any other court; (e) a waiver of any right to the subordination, in favor of the Claimant, of indebtedness or liens held by any creditors of the Debtor or any of its affiliates; (f) an election of remedies which waives or otherwise affects any other remedy; (g) waiver of the Claimant's rights to assert that no claims hereunder have been or may be discharged and to file other claims which are not covered by this Proof of Claim; or (h) a waiver of the Claimant's rights, if any, of arbitration, to the extent provided by any applicable agreements with the Debtor or its affiliates.

7. <u>Amendments</u>. The Claimant expressly reserves its right to file any separate or additional proofs of claim with respect to the Claim set forth herein or otherwise (which proofs of claim, if so filed, shall not be deemed to supersede this proof of claim unless expressly so stated therein), to amend or supplement this Proof of Claim in any respect, including with respect to the filing of an additional or amended claim for the purpose of fixing and liquidating any contingent or unliquidated claim set forth herein, or to file additional proofs of claim in respect of additional amounts or for any other reason.

EXHIBIT 1

| ISIN Code | Clearstream blocking Reference # | Clearstream account # | Sub-custodian account # | Issuer | Nominal Amount |
|---|---|---|---|---|---|
| XS0163559841 | CA57200 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 220,000.00 |
| XS0176153350 | CA57203 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 120,000.00 |
| XS0178969209 | CA57267 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 400,000.00 |
| XS0181945972 | CA57283 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 20,000.00 |
| XS0189294225 | CA57286 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 2,207,000.00 |
| XS0200284247 | CA57331 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 2,121,000.00 |
| XS0202417050 | CA57368 | 81999 | 3149 23 | LEHMAN BROTHERS TREASURY CO. BV | € 850,000.00 |
| XS0215349357 | CA57369 | 81999 | 3149 23 | LEHMAN BROTHERS UK CAPITAL FUNDING IV LP | € 788,000.00 |

EXHIBIT 2

| ISIN Code | Nominal Amount (FOREIGN CURRENCY) | Interest ** (FOREIGN CURRENCY) | Total (FOREIGN CURRENCY) | Nominal Amount* (USD) | Interest (USD)* | Total (USD)* |
|---|---|---|---|---|---|---|
| XS0163559841 | € 220,000.00 | € 4,245.16 | € 224,245.16 | 311,322.00 | 6,007.33 | 317,329.33 |
| XS0176153350 | € 120,000.00 | € 3,413.50 | € 123,413.50 | 169,812.00 | 4,830.44 | 174,642.44 |
| XS0178969209 | € 400,000.00 | € 11,014.28 | € 411,014.28 | 566,040.00 | 15,586.31 | 581,626.31 |
| XS0181945972 | € 20,000.00 | € 478.44 | € 20,478.44 | 28,302.00 | 677.03 | 28,979.03 |
| XS0189294225 | € 2,207,000.00 | € 37,607.06 | € 2,244,607.06 | 3,123,125.70 | 53,217.75 | 3,176,343.45 |
| XS0200284247 | € 2,121,000.00 | € 63,277.28 | € 2,184,277.28 | 3,001,427.10 | 89,543.68 | 3,090,970.78 |
| XS0202417050 | € 850,000.00 | € 22,530.19 | € 872,530.19 | 1,202,835.00 | 31,882.46 | 1,234,717.46 |
| XS0215349357 | € 788,000.00 | € 16,311.92 | € 804,311.92 | 1,115,098.80 | 23,082.99 | 1,138,181.79 |
| TOTAL CLAIM AMOUNT | | | | | | USD 9,742,790.59 |

*Amounts due in EUR have been converted to US Dollars using the exchange reference rate published by the BCE for September 15, 2008: 1 EUR = 1.4151 USD.*

**Interest accrued until September 14, 2008 (included).*

**EXHIBIT 3**

Evidence of Ownership



16. Ott. 2009 15:44

Nr. 2752   P. 1

# ✛X ICBPI

Milano 16 Ottobre 2009

Banco EMILIANO ROMAGNOLO in a.s.spa
Via Farini 17
40124 BOLOGNA ITALY

According to your request, please find below the list of Lehman programs securities held on your behalf, with their blocking numbers provided by Clearstream:

Account 3149 22 BANCO EMILIANO ROMAGNOLO – proprietary account

XS0224346592 3149 22 Banco EMIL.Romagnolo EUR 1.000.000   CA57193

Account 3149 23 BANCO EMILIANO ROMAGNOLO – client account

XS0163559841 3149 23 Banco EMIL.Romagnolo EUR 220.000    CA57200
XS0176153350 3149 23 Banco EMIL.Romagnolo EUR 120.000    CA57203
XS0178969209 3149 23 Banco EMIL.Romagnolo EUR 400.000    CA57267
XS0181945972 3149 23 Banco EMIL.Romagnolo EUR 20.000     CA57283
XS0189294225 3149 23 Banco EMIL.Romagnolo EUR 2.207.000  CA57286
XS0189741001 3149 23 Banco EMIL.Romagnolo EUR 245.000    CA57329
XS0200284247 3149 23 Banco EMIL.Romagnolo EUR 2.121.000  CA57331
XS0202417050 3149 23 Banco EMIL.Romagnolo EUR 850.000    CA57368
XS0215349357 3149 23 Banco EMIL.Romagnolo EUR 788.000    CA57369
XS0224346592 3149 23 Banco EMIL.Romagnolo EUR 70.000     CA57192

Clearstream Banking holds this securities on the account 81999

Regards

ISTITUTO CENTRALE
BANCHE POPOLARI ITALIANE

Deputy Manager Meroso Luciano

ISTITUTO CENTRALE DELLE BANCHE POPOLARI SpA
Capogruppo del Gruppo ICBPI

Sede Sociale e Direzione Generale in Milano: Corso Europa, 18 – CAP 20122 – Tel +39 02 7705-1 – Fax +39 02 7705-346
Uffici di Roma: Via Elio Chianesi, 110/d – CAP 00128 – Tel +39 06 45485 1 – Fax +39 06 45485 440
Capitale Sociale Euro 37.883.700,00 i. v. – Iscritto all'Albo delle Banche e dei Gruppi Bancari n. 5000.5
Aderente al fondo interbancario di tutela dei depositi
Reg. Imp. MI e Cod. Fisc. 00410710586 – Part. IVA 13212880150 – R.E.A. 318847 – e-mail: informazioni@icbpi.it – www.icbpi.it

# EXHIBIT 4

Written Consent June 9, 2005

06/08/2005   16:41   LEHMAN → 916467582653                         NO.504   D01

# UNANIMOUS WRITTEN CONSENT OF THE

# EXECUTIVE COMMITTEE OF THE

# BOARD OF DIRECTORS OF

# LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

06-09-05  11:31   JDM INVESTMENTS                    ID=2023380294            P.02
                                                                    NO.290  084
  26.05.2005   29:..   E-MAIL - 9120000294                          NO.524  082
  26/06/2005   16:41   LEHMAN + 31645752965

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, *provided* that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 9, 2005

_____          _____
Richard S. Fuld, Jr.                John D. Macomber

2

06-09-05   09:48              RECEIVED FROM:212 526 8339           P.04

06/08/2005   16:41   LEHMAN → 916467582653                                           NO.504   003

**Schedule A**
**to LBHI Unanimous Written Consent**
dated June 9, 2005

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3



| | |
|---|---|
| United States Bankruptcy Court/Southern District of New York<br><br>Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Claims Processing<br>757 Third Avenue, 3rd Floor<br>New York, NY  10017 | Banco Emiliano Romagnolo S.p.a.<br>in a.s.<br><br>Via Farini, 17<br>40124 Bologna<br>Italy<br>Attention: Mr. Atos Cavazza<br><br>Tel. +39.0514135577<br>Fax +39.0514074659<br>E-mail atos.cavazza@berbanca.it |

October 26, 2009

**Banco Emiliano Romagnolo S.p.A. in a.s. - PROOF OF CLAIM AGAINST LEHMAN BROTHERS HOLDINGS INC.**

To: United States Bankruptcy Court/Southern District of New York

Enclosed please find two original copies of the proofs of claim hereby filed by Banco Emiliano Romagnolo S.p.A. in a.s. against Lehman Brothers Holdings Inc., together with photocopies of the original proofs of claims. Please retain and time-stamp the original proofs of claim and please time-stamp and return the photocopies (time-stamped as "RECEIVED") by using the enclosed prepaid envelop.

Kind regards,

Banco Emiliano Romagnolo S.p.A. in a.s.
Extraordinary Commissioner
Fernando De Flaviis

*[signature]*



Pg 17 of 20

## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
## LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **BANCO EMILIANO ROMAGNOLO S.p.A** ("Seller"), acting on behalf of one or more of its customers (the "Customers") hereby unconditionally and irrevocably sells, transfers and assigns to **BANCA FIDEURAM S.p.A.** ("Banca Fideuram") acting on behalf of one or more of its customers (Banca Fideuram together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **49719** filed by or on behalf of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customers relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy *Code*")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or *in connection* with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller and its Customers' right, title and interest in, to and under the transfer agreements, if any, under which Seller and Customer(s) or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing

Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 24 day of May 2012.

BANCO EMILIANO ROMAGNOLO S.P.A.

By: _____
Name: Giuseppe Pallotta
Title: General Manager

Via Farini, 17
40124 Bologna, Italy

Attn: Elisa Cesari
phone 0039 0514135586
fax 0039 051238545
mail backoffice.finanza@berbanca.it

BANCA FIDEURAM S.P.A.

By: _____
Name: EMANUELE CASTRO
Title: LEGAL DEPARTMENT

Piazzale G. Douhet 31
Roma 00143, Italy

Attn: Emanuele Castro
phone 00390659027565
fax 00390659027211
mail dir-legale@bancafideuram.it

08-13555-mg    Doc 28826    Filed 06/11/12    Entered 06/18/12 12:04:49    Main Document
Pg 19 of 20

Schedule 1

Transferred Claims

Purchased Claim

100% of XS0181945972 = USD 28,979.03 of USD 28,979.03 (i.e. the outstanding amount of XS0181945972 as described in the Proof of Claim dated 26 October, 2009 and filed on 27 October, 2009),

Which equals 0,30% of the Proof of Claim = USD 28,979.03 of USD 9,742,790.59 (the outstanding amount of the Proof of Claim dated 26 October, 2009 and filed on 27 October, 2009).

0,68% of XS0189294225 = USD 21,588.20 of USD 3.176.343,45 (i.e. the outstanding amount of XS0189294225 as described in the Proof of Claim dated 26 October, 2009 and filed on 27 October, 2009),

Which equals 0,22% of the Proof of Claim = USD 21,588.20 of USD 9,742,790.59 (the outstanding amount of the Proof of Claim dated 26 October, 2009 and filed on 27 October, 2009).

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| Lehman Brothers 2014 | XS0181945972 | Lehman Brothers Treasury Bv | Lehman Brothers Holdings Inc. | EUR 20,000 (equivalent to USD 28,302) | 01/14/2014 | EUR 20,478.44 (equivalent to USD 28,979.03) |
| Lehman Brothers 2014 | XS0189294225 | Lehman Brothers Treasury Bv | Lehman Brothers Holdings Inc. | EUR 15,000 (equivalent to USD 21,226.50) | 04/23/2014 | EUR 15,255.60 (equivalent to USD 21,588.20) |

Banco Emiliano Romagnolo Spa
IL DIRETTORE GENERALE

Banca Fideuram Spa

EXHIBIT C

Address for Notices:

    Banca Fideuram Spa (*Transferee*)
    Legal Department
    Roma 00143, P.le G. Douhet 31
    Italy

Attn:

    Emanuele Castro
    tel  0039 0659027565
    fax 0039 0659027211
    mail:  dir-legale@bancafideuram.it