UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                             :    Chapter 11 Case No.
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    08-13555 (JMP)
                                                                  :
                    Debtors.                              :    (Jointly Administered)
------------------------------------------------------------------x

# FOURTH SUPPLEMENTAL ORDER
# GRANTING DEBTORS' ONE HUNDRED THIRTY-SIXTH
# OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED CLAIMS)

Upon the one hundred thirty-sixth omnibus objection to claims, dated May 16, 2011 (the "One Hundred Thirty-Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession, in accordance with Rule 3007(d) of the Federal Rules of Bankruptcy Procedure and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking to reclassify Misclassified Claims as unsecured claims, all as more fully described in the One Hundred Thirty-Sixth Omnibus Objection to Claims; and due and proper notice of the One Hundred Thirty-Sixth Omnibus Objection to Claims having been provided to: (i) each claimant listed on Exhibit A; (ii) the United States Trustee for Region 2; (iii) the attorneys for the Creditors' Committee; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; and (vi) the United States Attorney for the Southern District of New York, and (vii) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' One Hundred Thirty-Sixth Omnibus Objection to Claims.

determined that the relief sought in the One Hundred Thirty-Sixth Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the One Hundred Thirty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the One Hundred Thirty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Misclassified Claim listed on Exhibit 1 annexed hereto is hereby reclassified as an unsecured nonpriority claim as indicated in Exhibit 1; and it is further

ORDERED that the Court-appointed claims agent is authorized to modify the claims register to reflect this order; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on any valid rights of setoff, netting and/or recoupment in connection with any claims listed on Exhibit 1 annexed hereto and that all such rights, if any, of setoff, netting and/or recoupment, and all defenses thereto, are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on any claim listed on Exhibit A annexed to the One Hundred Thirty-Sixth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

2

3

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
       June 19, 2012

                          *s/ James M. Peck*
                          HONORABLE JAMES M. PECK
                          UNITED STATES BANKRUPTCY JUDGE