UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :    Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                   :
                              Debtors.                    :    (Jointly Administered)
-------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING DEBTORS' EIGHTY-SECOND OMNIBUS
OBJECTION TO CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)**

Upon the eighty-second omnibus objection to claims, dated January 13, 2011 [Docket No. 13936] (the "Eighty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement, in whole or in part, of the Duplicative of Indenture Trustee Claims on the grounds that such claims are substantively duplicative, in whole or in part, of the corresponding Indenture Trustee Claims, all as more fully described in the Eighty-Second Omnibus Objection to Claims; and due and proper notice of the Eighty-Second Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) each claimant listed on Exhibit A attached to the Eighty-Second Omnibus Objection to Claims; and (vii) all other parties entitled to notice

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Eighty-Second Omnibus Objection to Claims.

in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635], and it appearing that no other or further notice need be provided; and upon consideration of the Response of William H. Smith and Francis J. Hill [Docket No. 14596] and the arguments of counsel at the hearing held on March 31, 2011; and the Court having found and determined that the relief sought in the Eighty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Eighty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Eighty-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto are disallowed and expunged with prejudice as set forth in Exhibit 1; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Eighty-Second Omnibus Objection to Claims that is neither listed on Exhibit 1 annexed hereto nor Exhibit 1 annexed to the Order Granting Debtors' Eighty-Second Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) [Docket No. 14794]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

2

matters arising from or related to this Order.

Dated: New York, New York
       June 19, 2012

                                           *s/ James M. Peck*
                                           HONORABLE JAMES M. PECK
                                           UNITED STATES BANKRUPTCY JUDGE