**Hearing Date:  TBD**
**Objection Deadline:  TBD**

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
|  | : |  |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |

------------------------------------------------------------ x

**COVER SHEET TO FINAL APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SEEKING FINAL APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM**
**JUNE 1, 2009 THROUGH AND INCLUDING MARCH 6, 2012**

| | |
|---|---|
| Name of Applicant: | Richard Sheldon |
| Role in Case: | Special U.K. Counsel to Committee |
| Date of Retention: | June 23, 2009 |
| Period for Which Compensation and Reimbursement are Sought: | June 1, 2009 through and including March 6, 2012 |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | £236,470.00 ($378,109.81) |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | £12.03 ($19.83) |

Professionals Providing Services:

| Name | Year First Admitted to Practice | Hours Billed in Current Application | Hourly Rate | Total Fees Sought in Application (100%) |
|---|---|---|---|---|
| Richard Sheldon | 1979 | 363.80 | £650.00 | £236,470.00 ($378,109.81) |

**Hearing Date:  TBD**
**Objection Deadline:  TBD**

Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee of
Unsecured Creditors of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :          Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :          08-13555 (JMP)
                                                             :
                              Debtors.                       :          (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**FINAL APPLICATION OF RICHARD SHELDON, QUEEN'S COUNSEL,**
**SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS, SEEKING FINAL APPROVAL AND ALLOWANCE OF**
**COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF**
**EXPENSES DURING PERIOD FROM**
**JUNE 1, 2009 THROUGH AND INCLUDING MARCH 6, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Richard Sheldon, Queen's Counsel ("Sheldon"), Special U.K. Counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated debtors and debtors in possession in the above-captioned cases

(collectively, the "Debtors"), pursuant to sections 328(a) and 1103 of chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rules 2014,

2016(a), and 5002 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule

2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local

Rules"), the Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases adopted by the Court on June 24, 1991 (as amended April 21, 1995

and November 25, 2009, the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, effective January 30, 1996 (the "U.S. Trustee Guidelines"), the Fourth

Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy

Rule 2016(a) Establishing Procedures for Interim Monthly Compensation And Reimbursement

Of Expenses of Professionals, dated April 14, 2011 (the "Interim Compensation Order") [Docket

No. 15997], and the guidelines (the "Fee Committee Guidelines") contained in the Fee

Committee Report Pertaining to the Fourth Interim Fee Applications of All Retained

Professionals, dated August 20, 2010 (the "Fee Committee Report" and, together with all of the

foregoing, the "Applicable Rules and Guidelines"), hereby submits this application (the

"Application") for an order:

        (i)        allowing, on a final basis, (a) compensation for professional services

rendered from June 1, 2009 through and including March 6, 2012 (the "Total Compensation

Period") in the amount of £236,470.00 ($378,109.81)[1] and (b) reimbursement of expenses

incurred in connection with such services in the amount of £12.03 ($19.83) (which constitutes

(A) one hundred percent (100%) of the compensation previously approved by the Court, on an

interim basis, for professional services rendered from June 1, 2009 through and including May

31, 2011 in the amount of £182,715.00 ($294,710.75); (B) one hundred percent (100%) of the

compensation previously sought but not yet approved by the Court for professional services

rendered from June 1, 2011 through and including March 6, 2012 in the amount of £53,755.00

($83,399.06); and (C) one hundred percent (100%) of the expenses previously approved by the

---

[1]      A portion of this amount relates to time not yet approved by the Court with respect to the Fifth Interim Fee
Application (defined below) and the Sixth Interim Fee Application (defined below), both of which the Fee
Committee has not yet signed off on for no apparent reason.

Court, on an interim basis, in the amount of £12.03 ($19.83) for the period from June 1, 2009

through and including March 6, 2012); and

        (ii)        authorizing and directing the Debtors to pay to Sheldon the amount of

£11,872.27 ($19,112.21), which is the total amount outstanding to Sheldon and unpaid by the

Debtors pursuant to the Interim Compensation Order for services rendered and expenses incurred

during the Total Compensation Period.

## I.

## **INTRODUCTION**

### A.    **Background**

        1.        <u>Bankruptcy Filing</u>.  On September 15, 2008 (the "<u>Petition Date</u>"), and

periodically thereafter, the Debtors commenced the above-captioned chapter 11 cases (the

"<u>Chapter 11 Cases</u>").  The Chapter 11 Cases have been consolidated for procedural purposes

and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules.  The

Debtors are authorized to operate their businesses and manage their properties as debtors in

possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

        2.        <u>Creditors' Committee</u>.  On September 17, 2008, the United States Trustee

appointed the Committee and authorized it to retain counsel.

        3.        <u>Fee Committee</u>.  On May 26, 2009, the Court appointed a fee committee

(the "<u>Fee Committee</u>") and approved a fee protocol (the "<u>Fee Protocol</u>") in the Chapter 11

Cases.  On January 24, 2011, the Court approved the Fee Committee's recommendation to

appoint Richard A. Gitlin as the successor Independent Member on the Fee Committee.  By

motion dated March 11, 2011, the Fee Committee sought authorization to amend the Fee

Protocol, which the Court granted on April 14, 2011 (the "<u>Amended Fee Protocol</u>") [Docket

No. 15998].

4.    <u>Jurisdiction</u>.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue of the Chapter 11 Cases is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code.  Pursuant to the Local Guidelines, a certification regarding compliance with the Local Guidelines is attached hereto as Exhibit "<u>A</u>."

**B.    <u>Retention of Sheldon and Billing History</u>**

5.    <u>Authorization for Sheldon's Retention</u>.  On August 11, 2009, by issuing the Order Pursuant To 11 U.S.C. §§ 328(a) And 1103, Fed. R. Bankr. P. 2014, 2016(a), And 5002, And Local Rule 2014-1 Authorizing Retention And Employment Of Richard Sheldon, Queen's Counsel, For Limited Purposes, By The Official Committee Of Unsecured Creditors, *Nunc Pro Tunc* To June 23, 2009 (the "<u>Retention Order</u>"), the Court authorized Sheldon's retention as Special U.K. Counsel for the Committee.  The Retention Order authorized Sheldon to receive compensation pursuant to the Applicable Rules and Guidelines.[2]

6.    <u>First Interim Fee Application</u>.  On April 14, 2010, Sheldon filed his First Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2009 Through And Including January 31, 2010 [Docket No. 8327] (the "<u>First Interim Fee Application</u>").  In accordance with the Interim Compensation Order, Sheldon submitted monthly fee statements to the Debtors seeking interim compensation and reimbursement of

---

[2]    Sheldon's hourly rate was subject to a right to make periodic adjustments in the ordinary course of Sheldon's business.  Sheldon never raised his hourly rate, however, during the pendency of the Chapter 11 Cases.

expenses during the period from June 1, 2009 through and including January 31, 2010 (the

"First Interim Compensation Period").  During the First Interim Compensation Period, Sheldon

submitted the following fee statements:

(a)    On August 12, 2009, Sheldon served his first fee statement for the period from
June 23, 2009 through and including July 17, 2009 (the "First Fee Statement").
The First Fee Statement sought[3] (i) interim allowance of £52,325.00 ($86,242.07)
(100%) as compensation for services rendered, (ii) the reimbursement of £12.03
($19.83) (100%) in expenses, and (iii) payment of 80% of compensation and
reimbursement of 100% of expenses requested, according to the procedures set
forth in the Interim Compensation Order.  As of the filing of the First Interim Fee
Application, Sheldon had received a total of £41,872.03 ($69,013.48), which
represented payment for 80% of the fees and 100% of the expenses incurred
pursuant to the First Fee Statement.

(b)    On October 13, 2009, Sheldon served his second fee statement for the period from
August 16, 2009 through and including September 1, 2009 (the "Second Fee
Statement"). The Second Fee Statement sought[4] (i) interim allowance of
£4,550.00 ($7,245.88) (100%) as compensation for services rendered, (ii) the
reimbursement of £0.00 ($0.00) (100%) in expenses, and (iii) payment of 80% of
compensation and reimbursement of 100% of expenses requested, according to
the procedures set forth in the Interim Compensation Order.  As of the filing of
the First Interim Fee Application, Sheldon had received a total of £3,640.00
($5,796.70), which represented payment for 80% of the fees and 100% of the
expenses incurred pursuant to the Second Fee Statement.

(c)    On March 15, 2010, Sheldon served his third fee statement for the period from
October 6, 2009 through and including February 19, 2010 (the "Third Fee
Statement" and, together with the First Fee Statement and the Second Fee
Statement, the "Fee Statements").  The Third Fee Statement sought[5] (i) interim
allowance of £33,410.00 ($50,305.44) (100%) as compensation for services
rendered, (ii) the reimbursement of £0.00 ($0.00) (100%) in expenses, and (iii)
payment of 80% of compensation and reimbursement of 100% of expenses
requested, according to the procedures set forth in the Interim Compensation
Order.  As of the filing of the First Interim Fee Application, Sheldon has received
a total of £30,368.00 ($45,725.10), which represented payment for approximately
91% of the fees and 100% of the expenses incurred pursuant to the Third Fee
Statement.  Of the compensation requested in the Third Fee Statement, £5,850

---

[3]    The August 12, 2009 5:00 p.m. (ET) fixed rate of exchange published by Bloomberg in New York (the
"Exchange Rate") was 1.6482 U.S. dollars per British pound.

[4]    The October 13, 2009 Exchange Rate was 1.5925 U.S. dollars per British pound.

[5]    The March 15, 2010 Exchange Rate was 1.5057 U.S. dollars per British pound.

($8,808.35) in fees were incurred outside of the First Interim Compensation Period.

7.    In the First Interim Fee Application, Sheldon requested (i) allowance of compensation for professional services rendered during the First Interim Compensation Period in the total amount of £84,435.00 ($134,985.04), and (ii) reimbursement of his actual and necessary expenses incurred during the First Interim Compensation Period in the amount of £12.03 ($19.83). On December 23, 2010, the Court entered an order granting the First Interim Fee Application [Docket No. 13657]. To date, Sheldon has received £84,435.00 ($134,985.04) in respect of fees and expenses incurred under the First Interim Fee Application, which payment applies in part to fees and expenses incurred during the First Interim Compensation Period and in part to fees and expenses incurred during the Second Interim Compensation Period (defined below).

8.    Second Interim Fee Application. On August 16, 2010, Sheldon filed his Second Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation For Services Rendered And For Reimbursement Of Expenses During Period From February 1, 2010 Through And Including May 31, 2010 [Docket No. 10800] (the "Second Interim Fee Application"). In accordance with the Interim Compensation Order, Sheldon submitted monthly fee statements to the Debtors seeking interim compensation and reimbursement of expenses during the period from February 1, 2010 through and including May 31, 2010 (the "Second Interim Compensation Period"). During the Second Interim Compensation Period, Sheldon submitted the following fee statements:

(a)    On March 15, 2010, Sheldon served his third fee statement for the period from October 6, 2009 through and including February 19, 2010 (the "Third Fee

6

Statement"). The Third Fee Statement sought[6] (i) interim allowance of £33,410.00 ($50,305.44) (100%) as compensation for services rendered, (ii) the reimbursement of £0.00 ($0.00) (100%) in expenses, and (iii) payment of 80% of compensation and reimbursement of 100% of expenses requested, according to the procedures set forth in the Interim Compensation Order. As of the filing of the Second Interim Fee Application, Sheldon had received a total of £30,368.00 ($45,725.10), which represented payment for approximately 91% of the fees and 100% of the expenses incurred pursuant to the Third Fee Statement. Of the compensation requested in the Third Fee Statement, £27,560 ($41,497.09) in fees were incurred during the First Interim Compensation Period (the "Third Fee Statement Excluded Fees").

(b)    On August 11, 2010, Sheldon served his fourth fee statement for the period from March 5, 2010 through and including April 16, 2009 (the "Fourth Fee Statement" and, together with the Third Fee Statement, the "Fee Statements"). The Fourth Fee Statement sought[7] (i) interim allowance of £4,875.00 ($7,633.76) (100%) as compensation for services rendered, (ii) the reimbursement of £0.00 ($0.00) (100%) in expenses, and (iii) payment of 80% of compensation and reimbursement of 100% of expenses requested, according to the procedures set forth in the Interim Compensation Order.

9.    In the Second Interim Fee Application, Sheldon requested allowance of compensation for professional services rendered during the Second Interim Compensation Period in the total amount of £10,725.00 ($16,794.28).[8] On May 12, 2011, the Court entered an order granting the Second Interim Fee Application [Docket No. 16979]. To date, Sheldon has received £10,725.00 ($16,794.28) (including the Applied Fees) in respect of fees incurred during the Second Interim Compensation Period. Sheldon did not incur any expenses during the Second Interim Compensation Period.

10.    Third Interim Fee Application. On December 14, 2010, Sheldon filed his Third Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

---

[6]    The March 15, 2010 Exchange Rate was 1.5057 U.S. dollars per British pound.

[7]    The August 11, 2010 Exchange Rate was 1.5659 U.S. dollars per British pound.

[8]    This figure includes compensation requested pursuant to the Third Fee Statement and incurred during the Second Interim Compensation Period, in the amount of £5,850.00 ($8,805.35).

For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2010

Through And Including September 30, 2010 [Docket No. 13492] (the "Third Interim Fee

Application").  In accordance with the Interim Compensation Order, Sheldon submitted

monthly fee statements to the Debtors seeking interim compensation and reimbursement of

expenses during the period from June 1, 2010 through and including September 30, 2010 (the

"Third Interim Compensation Period").  During the Third Interim Compensation Period,

Sheldon submitted the following fee statements:

(a)     On September 30, 2010, Sheldon served his fifth fee statement for the period from July 8, 2010 through and including September 14, 2010 (the "Fifth Fee Statement").  The Fifth Fee Statement sought[9] (i) interim allowance of £3,250.00 ($5,107.70) (100%) as compensation for services rendered, (ii) payment of 80% of compensation and reimbursement of 100% of expenses requested, according to the procedures set forth in the Interim Compensation Order.  As of the filing of the Third Interim Fee Application, Sheldon had received a total of £2,600.00 ($4,086.16), which represented payment for approximately 80% of the fees and 100% of the expenses incurred pursuant to the Fifth Fee Statement.

11.     In the Third Interim Fee Application, Sheldon requested allowance of

compensation for professional services rendered during the Third Interim Compensation Period

in the total amount of £3,250.00 ($5,107.70).  On November 10, 2011, the Court entered an

order granting the Third Interim Fee Application [Docket No. 21954].  To date, Sheldon has

received £3,250.00 ($5,107.70) in respect of fees incurred during the Third Interim

Compensation Period.  Sheldon did not incur any expenses during the Third Interim

Compensation Period.

12.     Fourth Interim Fee Application.  On August 15, 2011, Sheldon filed his

Fourth Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official

Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

---

[9]     The September 30, 2010 Exchange Rate was 1.5716 U.S. dollars per British pound.

For Services Rendered And For Reimbursement Of Expenses During Period From October 1, 2010 Through And Including May 31, 2011 [Docket No. 19270] (the "Fourth Interim Fee Application").  In accordance with the Interim Compensation Order, Sheldon submitted monthly fee statements to the Debtors seeking interim compensation and reimbursement of expenses during the period from October 1, 2010 through and including May 31, 2011 (the "Fourth Interim Compensation Period").  During the Fourth Interim Compensation Period, Sheldon submitted the following fee statements:

(a)    On May 18, 2011, Sheldon served his sixth fee statement for the period from December 15, 2010 through and including April 14, 2011 (the "Sixth Fee Statement").  The Sixth Fee Statement sought[10] (i) interim allowance of £77,675.00 ($125,584.94) (100%) as compensation for services rendered, and (ii) payment of 80% of compensation requested, according to the procedures set forth in the Interim Compensation Order.  Sheldon did not request reimbursement of any expenses.  As of the filing of the Fourth Interim Fee Application, Sheldon has received a total of £60,669.23 ($98,090.01), which represents payment for approximately 78% of the fees incurred pursuant to the Sixth Fee Statement.

(b)    On July 14, 2011, Sheldon served his seventh fee statement for the period from May 18, 2011 through and including May 31, 2011 (the "Seventh Fee Statement").  The Seventh Fee Statement sought[11] (i) interim allowance of £6,630.00 ($10,700.82) (100%) as compensation for services rendered, and (ii) payment of 80% of compensation requested, according to the procedures set forth in the Interim Compensation Order.  Sheldon did not request reimbursement of any expenses.  As of the filing of the Fourth Interim Fee Application, Sheldon has received no payment with respect to the Seventh Fee Statement.

13.    In the Fourth Interim Fee Application, Sheldon requested allowance of compensation for professional services rendered during the Fourth Interim Compensation Period in the total amount of £84,305.00 ($136,285.76).  However, in order to resolve any dispute concerning the applicable currency exchange rates, on March 9, 2012, Sheldon and the Fee Committee stipulated that the Court may enter an order approving Sheldon's request for

---

[10]    The May 18, 2011 Exchange Rate was 1.6168 U.S. dollars per British pound.

[11]    The July 14, 2011 Exchange Rate was 1.6140 U.S. dollars per British pound.

interim compensation in the amount of $138,175.90 with respect to the Fourth Interim Fee

Application.  See Amended Stipulation between Richard Sheldon, Queen's Counsel, and the

Fee Committee Regarding the Fourth and Fifth Interim Applications of Richard Sheldon, for

Allowance of Interim Compensation and Expenses for the Periods from October 1, 2010

through May 31, 2011 and June 1, 2011 through September 30, 2011 [Docket No. 26199] (the

"Stipulation").  On May 4, 2012, the Court entered an order granting the Fourth Interim Fee

Application [Docket No. 27722].  To date, Sheldon has received £84,305.00 ($138,175.90)[12] in

respect of fees incurred during the Fourth Interim Compensation Period.  Sheldon did not incur

any expenses during the Fourth Interim Compensation Period.

14.      Fifth Interim Fee Application.  On December 14, 2011, Sheldon filed his

Fifth Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official

Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

For Services Rendered And For Reimbursement Of Expenses During Period From June 1, 2011

Through And Including September 30, 2011 [Docket No. 23415] (the "Fifth Interim Fee

Application").  In accordance with the Interim Compensation Order, Sheldon submitted

monthly fee statements to the Debtors seeking interim compensation and reimbursement of

expenses during the period from June 1, 2011 through and including September 30, 2011 (the

"Fifth Interim Compensation Period").  During the Fifth Interim Compensation Period, Sheldon

submitted the following fee statements:

(a)      On August 15, 2011, Sheldon served his eighth fee statement for the period from
June 1, 2011 through and including July 14, 2011 (the "Eighth Fee Statement").
The Eighth Fee Statement sought[13] (i) interim allowance of £35,750.00
($58,594.25) (100%) as compensation for services rendered, and (ii) payment of
80% of compensation requested, according to the procedures set forth in the

---

[12]      This dollar amount has been adjusted to account for the Stipulation.

[13]      The August 15, 2011 Exchange Rate was 1.6390 U.S. dollars per British pound.

Interim Compensation Order.  Sheldon did not request reimbursement of any expenses.  As of the filing of the Fifth Interim Fee Application, Sheldon had received a total of £28,600.00 ($46,875.40), which represented payment for 80% of the fees incurred pursuant to the Eighth Fee Statement.

(b)    On October 6, 2011, Sheldon served his ninth fee statement for the period from August 31, 2011 through and including September 26, 2011 (the "Ninth Fee Statement").  The Ninth Fee Statement sought[14] (i) interim allowance of £10,465.00 ($16,162.15) (100%) as compensation for services rendered, and (ii) payment of 80% of compensation requested, according to the procedures set forth in the Interim Compensation Order.  Sheldon did not request reimbursement of any expenses.  As of the filing of the Fifth Interim Fee Application, Sheldon had received a total of £6,528.34 ($10,082.37), which represented payment for approximately 62% of the fees incurred pursuant to the Ninth Fee Statement.

15.    In the Fifth Interim Fee Application, Sheldon requested allowance of compensation for professional services rendered during the Fourth Interim Compensation Period in the total amount of £46,215.00 ($74,756.40).  However, in order to resolve any dispute concerning the applicable currency exchange rates, on March 9, 2012, Sheldon and the Fee Committee stipulated that the Court may enter an order approving Sheldon's request for interim compensation in the amount of $71,489.98 with respect to the Fifth Interim Fee Application.  See Stipulation.  No hearing has yet been scheduled with respect to the Fifth Interim Fee Application.  To date, Sheldon has received £36,972.00 ($57,191.98)[15] in respect of fees incurred during the Fifth Interim Compensation Period.  As such, £9,243.00 ($14,298.00)[16] remains due and owing in respect of fees incurred during the Fifth Interim Compensation Period.  Sheldon did not incur any expenses during the Fifth Interim Compensation Period.

16.    Sixth Interim Fee Application.  On May 10, 2012, Sheldon filed his Sixth Application Of Richard Sheldon, Queen's Counsel, Special U.K. Counsel To Official Committee Of Unsecured Creditors, For Interim Approval And Allowance Of Compensation

---

[14]    The October 6, 2011 Exchange Rate was 1.5444 U.S. dollars per British pound.

[15]    This dollar amount has been adjusted to account for the Stipulation.

[16]    This dollar amount has been adjusted to account for the Stipulation.

For Services Rendered And For Reimbursement Of Expenses During Period From October 1,
2011 Through And Including March 6, 2012 [Docket No. 27793] (the "Sixth Interim Fee
Application").  In accordance with the Interim Compensation Order, Sheldon submitted
monthly fee statements to the Debtors seeking interim compensation and reimbursement of
expenses during the period from October 1, 2011 through and including March 6, 2012 (the
"Sixth Interim Compensation Period").  During the Sixth Interim Compensation Period,
Sheldon submitted the following fee statements:

(a)     On February 21, 2012, Sheldon served his tenth fee statement for the period from
January 13, 2012 through and including January 26, 2012 (the "Tenth Fee
Statement").  The Fee Statement sought[17] (i) interim allowance of £6,565.00
($10,358.26) (100%) as compensation for services rendered, and (ii) payment of
80% of compensation requested, according to the procedures set forth in the
Interim Compensation Order.  Sheldon did not request reimbursement of any
expenses.  As of the filing of the Sixth Interim Fee Application, Sheldon had
received a total of £3,235.33 ($5,104.70), which represents payment for 49% of
the fees incurred pursuant to the Tenth Fee Statement.

(b)     On April 11, 2012, Sheldon served his eleventh fee statement for the period from
March 1, 2012 through and including March 6, 2012 (the "Eleventh Fee
Statement").  The Eleventh Fee Statement sought[18] (i) interim allowance of
£975.00 ($1,550.82) (100%) as compensation for services rendered, and (ii)
payment of 80% of compensation requested, according to the procedures set forth
in the Interim Compensation Order.  Sheldon did not request reimbursement of
any expenses.  As of the filing of the Sixth Interim Fee Application, Sheldon had
received no payment with respect to the Eleventh Fee Statement.

17.     In the Sixth Interim Fee Application, Sheldon requested allowance of
compensation for professional services rendered during the Sixth Interim Compensation Period
in the total amount of £7,540.00 ($11,909.08).  No hearing has yet been scheduled with respect
to the Sixth Interim Fee Application.  To date, Sheldon has received £4,910.73 ($7,748.15) in
respect of fees incurred during the Sixth Interim Compensation Period.  As such, £2,629.27

---

[17]     The February 21, 2012 Exchange Rate was 1.5778 U.S. dollars per British pound.

[18]     The April 11, 2012 Exchange Rate was 1.590584 U.S. dollars per British pound.

($4,177.72) remains due and owing in respect of fees incurred during the Sixth Interim

Compensation Period.  Sheldon did not incur any expenses during the Sixth Interim

Compensation Period.

## II.

## CASE STATUS

18.    <u>Plan Confirmation and Effectiveness</u>.  On August 31, 2011, the Debtors

filed their *Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its*

*Affiliated Debtors* (as subsequently supplemented, amended or modified, the "<u>Plan</u>").  This

Court held a confirmation hearing on December 6, 2011, and the Plan was confirmed by Order

of this Court on December 6, 2011 [Docket No. 23023].  The effective date of the Plan occurred

on March 6, 2012 (the "<u>Effective Date</u>").

19.    <u>Post-Effective Functions of the Committee</u>.  Pursuant to Article XV.1 of

the Plan, on the Effective Date, the Committee was dissolved for all purposes other than, among

other things, "all matters relating to professional fees and the fee committee appointed in the

Chapter 11 Cases for the period prior to the Effective Date."  <u>See</u> Plan, Article XV.1(a).

## III.

## APPLICATION

20.    By this Application, Sheldon is seeking approval, on a final basis, of the

amount of £236,470.00 ($378,109.81) for legal services rendered on behalf of the Committee

during the Total Compensation Period and the amount of £12.03 ($19.83) for reimbursement of

expenses incurred in connection with the rendition of such services, for a total award of

£236,482.03 ($378,129.64) (the "<u>Total Application Request</u>").

13

21.     The Total Application Request is based upon the fees and expenses granted in connection with the First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application, Fourth Interim Fee Application and the fees and expenses requested for the Fifth Interim Compensation Period and Sixth Interim Compensation Period.

22.     The fees sought by this Application reflect an aggregate of 363.80 hours of attorney time spent and recorded in performing services for the Committee during the Total Compensation Period, at an hourly rate of £650.

23.     Sheldon rendered to the Committee all services for which compensation is sought solely in connection with these cases, in furtherance of the duties and functions of the Committee.

24.     Sheldon maintains computerized records of the time expended in the rendering of the professional services required by the Committee.  These records are maintained in the ordinary course of Sheldon's practice.  The compensation requested by Sheldon is based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code.

25.     Attached to Sheldon's First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application, Fourth Interim Fee Application, Fifth Interim Fee Application, and Sixth Interim Fee Application were time entry records broken down in tenths of an hour, based on the U.S. Trustee Guidelines, setting forth a detailed description of services performed by Sheldon on behalf of the Committee for each of those respective interim compensation periods, which are incorporated herein by reference.

26.     Sheldon also maintains computerized records of all expenses incurred in connection with the performance of professional services.  Attached to Sheldon's First Interim

14

Fee Application were summaries of the expenses for which reimbursement was sought, which are incorporated herein by reference.

## IV.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

27.     As discussed above, Sheldon has previously submitted eleven (11) fee statements in these Chapter 11 Cases and six (6) interim fee applications pursuant to the Interim Compensation Order.  Each of the First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application, Fourth Interim Fee Application, Fifth Interim Fee Application, and Sixth Interim Fee Application, including all exhibits to such applications, are incorporated herein by reference.

28.     As Sheldon was retained for a limited purpose, specifically, in connection with certain matters pending before the U.K. courts, his services have reasonably been allocated to two billing categories in connection with these cases.

| | |
|---|---|
| 02100 | Intercompany Issues |
| 02500 | Derivatives/Swap Agreement Issues |

29.     The following summary is intended only to highlight key services rendered by him on behalf of the Committee, and is not meant to be a detailed description of all of the work performed.  Detailed descriptions of the services provided by Sheldon and the time expended performing such services are set forth in the exhibits to the First Interim Fee Application, Second Interim Fee Application, Third Interim Fee Application, Fourth Interim Fee Application, Fifth Interim Fee Application, and Sixth Interim Fee Application.

## A.     Intercompany Issues

30.     During the Fourth and Fifth Interim Compensation Periods, Sheldon advised the Committee with respect to English law, including but not limited to potential claims

15

and defenses relevant to the effect of insolvency set-off on the intercompany agreement, dated

as of November 1, 2000, between LBHI and Lehman Brothers International (Europe) ("LBIE")

pursuant to which LBIE purported to assign to LBHI its receivables against Lehman Brothers

Inc.  In addition, during the Fifth Interim Compensation Period, Sheldon advised the Committee

with respect to the application submitted by the Joint Administrators of LBIE for directions

concerning the existence and merits of extended lien claims.

**B.      Derivatives/Swap Agreement Issues**

31.      During the First Interim Compensation Period, Sheldon advised the

Committee with respect to English law, including potential claims and defenses relevant to the

following proceedings in the U.K. High Court of Justice, Chancery Division (the "High Court")

regarding a default under a series of transactions known as the Dante Programme (the "UK

Proceedings"): (i) Perpetual Trustee Company Ltd. v. BNYT (Claim No. HC 09 C 01612),

concerning notes issued by the special purpose vehicle Saphir Finance plc; and (ii) Belmont

Park Investments v. BNYT (Claim No. HC 09 C 01931), concerning notes issued by the special

purpose vehicles Beryl Finance Ltd. and Zircon Finance Ltd.  Sheldon monitored developments

in the UK Proceedings, prepared for and appeared at regularly scheduled hearings conducted

before the High Court and case conferences, and coordinated with and advised other Committee

professionals with respect to issues arising in these proceedings.  To prepare for each hearing,

among other things, Sheldon reviewed and analyzed related documents, including

correspondence and pleadings.

32.      During the Second Interim Compensation Period, Sheldon continued to

advise the Committee with respect to:  (a) Perpetual Trustee Company Ltd. v. BNYT (Claim

No. HC 09 C 01612), and (b) Belmont Park Investments v. BNYT (Claim No. HC 09 C 01931).

Sheldon also advised the Committee regarding (i) cross-affiliate netting issues involving LBIE, and (ii) a settlement ultimately consummated with Norton Gold Fields Ltd.  Sheldon monitored developments in the UK Proceedings, prepared for and appeared at regularly scheduled hearings conducted before the High Court and case conferences, and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings.  To prepare for each hearing, among other things, Sheldon reviewed and analyzed related documents, including correspondence and pleadings.

33.    During the Third Interim Compensation Period, Sheldon continued to advise the Committee with respect to (a) Perpetual Trustee Company Ltd. v. BNYT (Claim No. HC 09 C 01612), and (b) cross-affiliate netting issues involving LBIE.   Sheldon monitored developments in the UK Proceedings and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings.  Additionally, Sheldon reviewed and analyzed related documents related to these proceedings, including correspondence and pleadings.

34.    During the Fourth Interim Compensation Period Sheldon advised the Committee with respect to potential claims and defenses relevant to Lehman Brothers Special Financing Inc.'s appeal from the judgments of the High Court and the U.K. Court of Appeal (Civil Division) in Belmont Park Investments Pty Limited v. BNY Corporate Trustee Services Limited and Lehman Brothers Special Financing Inc. concerning "flip clauses" designed to reorder payment priorities in bankruptcies.  Sheldon monitored developments in the U.K. Proceedings and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings.  Additionally, Sheldon reviewed and analyzed documents related to these proceedings.

35.     During the Sixth Compensation Period, Sheldon advised the Committee with respect to potential claims and defenses relevant to the arguments of Carlton Communications Inc. regarding rights under Section 2(a)(iii) of the master agreement published by the International Swap Dealers Association and issues arising in relation thereto. Sheldon monitored developments in the U.K. Proceedings and coordinated with and advised other Committee professionals with respect to issues arising in these proceedings. Additionally, Sheldon reviewed and analyzed instructions and memoranda related to these proceedings.

## V.

## ALLOWANCE OF COMPENSATION

36.     The professional services rendered by Sheldon have required a high degree of professional competence and expertise to address, with skill and dispatch, the complex issues requiring evaluation and action during the pendency of the Chapter 11 Cases. Sheldon respectfully submits that the services rendered by him to the Committee were necessary and appropriate in connection with the administration of the Chapter 11 Cases, were performed efficiently, effectively, and economically, and that the results obtained to date have benefited the unsecured creditors of the Debtors' estates.  Compensation for the services performed, as requested, is commensurate with the complexity, importance and nature of the problems, issues, or tasks involved.

37.     With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person, "reasonable compensation for actual, necessary services rendered."  Section 330(a)(3), in turn, provides that:

In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

38.    In the instant case, Sheldon respectfully submits that the services for which he seeks compensation in this Application were necessary for, and beneficial to, the functioning of the Committee and the unsecured creditors of the Debtors' estates, and were consistently performed in a timely manner, commensurate with the complexity, importance, and nature of the issues involved.  The total time spent by Sheldon during the Total Compensation Period was 363.80 hours, which has a fair market value of £236,470.00 ($378,109.81). Whenever possible, Sheldon sought to minimize the costs of his services to the Committee by performing the work more efficiently and by minimizing disbursements.

# VI.

## EXPENSES

39.     Sheldon has incurred a total of £12.03 ($19.83) in expenses in connection

with representing the Committee during the Total Compensation Period.  Sheldon charged the

Committee for expenses at rates consistent with those charged to his other bankruptcy clients,

which rates are equal to or less than the rates charged by Sheldon to his non-bankruptcy clients.

In accordance with section 330 of the Bankruptcy Code, the Local Guidelines and the

U.S. Trustee Guidelines, Sheldon seeks reimbursement only for the actual cost of such expenses

to himself.   Throughout the Total Compensation Period, Sheldon has been keenly aware of cost

considerations and has tried to minimize the expenses charged to the Debtors' estates.

# VII.

## NOTICE

40.     Notice of this Application has been given to (a) the Court, (b) the

Debtors, (c) counsel for the Debtors, (d) the Office of the United States Trustee, and (e) the

members of the Fee Committee.

# VIII.

## CONCLUSION

WHEREFORE, Sheldon respectfully requests the Court enter an order

conforming to the amounts set forth in Fee Schedule A(1), attached hereto as Exhibit "D,"

(i) granting final approval of all fees for professional services rendered during the Total

Compensation Period in the amount of £236,470.00 ($378,109.81) and of reimbursement of all

expenses incurred in connection with such services in the amount of £12.03 ($19.83);

(ii) authorizing and directing the Debtors to pay to Sheldon £11,872.27 ($19,112.21), which is

the total amount outstanding to Sheldon and unpaid by the Debtors for services rendered and

expenses incurred during the Total Compensation Period; and (iii) granting such further relief as

is just and proper.

Dated: London, England
   June 19, 2012

By: /s/ Richard Sheldon
Richard Sheldon
3-4 South Square
Gray's Inn
London, England
WC1R 5HP
Telephone:  (020) 7696-9900

Special U.K. Counsel for Official Committee
of Unsecured Creditors of Lehman Brothers
Holdings Inc., et al.

## EXHIBIT A

**Certification**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
                                                             :
In re:                                                       :         Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., <u>et al.</u>,   :         08-13555 (JMP)
                                                             :
                              Debtors.                       :         (Jointly Administered)
                                                             :
------------------------------------------------------------ x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF
RICHARD SHELDON, QUEEN'S COUNSEL, SPECIAL U.K. COUNSEL TO
OFFICIAL COMMITTEE OF UNSECURED CREDITORS, SEEKING FINAL
APPROVAL AND ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD
<u>FROM JUNE 1, 2009 THROUGH AND INCLUDING MARCH 6, 2012</u>**

Pursuant to the Guidelines for Fees and Disbursements for Professionals in Southern

District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and amended

April 21, 1995 and November 25, 2009 (together, the "<u>Local Guidelines</u>"), and the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>U.S. Trustee</u>

<u>Guidelines</u>" and, together with the Local Guidelines, the "<u>Guidelines</u>"), the undersigned, Richard

Sheldon, Queen's Counsel ("<u>Richard Sheldon</u>"), special U.K. counsel to the Official Committee

of Unsecured Creditors (the "<u>Committee</u>") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "<u>Debtors</u>"), hereby certifies

with respect to his final application for allowance of compensation for services rendered and for

reimbursement of expenses, dated June 19, 2012 (the "<u>Application</u>"), for the period of June 1,

2009 through and including March 6, 2012 (the "<u>Total Compensation Period</u>") as follows:

1.      I am the designated professional in respect of compliance with the Guidelines.

2.      I make this certification in support of the Application, for interim compensation and reimbursement of expenses for the Total Compensation Period, in accordance with the Local Guidelines.

3.      In respect of section A.1 of the Local Guidelines, I certify that:

      a.      I have read the Application.

      b.      To the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines.

      c.      Except to the extent that fees or disbursements are prohibited by the Guidelines, the fees and disbursements sought are billed at rates in accordance with practices customarily employed by me and generally accepted by my clients.

      d.      In providing a reimbursable service, I do not make a profit on that service, whether the service is performed by me in-house or through a third party.

4.      In respect of section A.2 of the Local Guidelines, I certify that I have provided statements of fees and disbursements previously accrued, by filing and serving monthly statements in accordance with the Interim Compensation Order (as defined in the Application), except that the intermittent nature of requested services has at times precluded filing fee statements within the time periods established in the Interim Compensation Order.

5.      In respect of section A.3 of the Local Guidelines, I certify that copies of the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors, (d) the Office of the United States Trustee, and (e) the members of the Fee Committee.

6.      I certify that the Application for interim compensation and

reimbursement of expenses for the Total Compensation Period has been prepared in accordance

with the Applicable Rules and Guidelines (as defined in the Application).

Dated:          London, England
                June 19, 2012


By: /s/ Richard Sheldon
Richard Sheldon

**EXHIBIT B**

**Time Entries**[*]

---

[*]     Consistent with the Interim Compensation Order, these materials are not being filed with the Court.  Copies thereof have previously been delivered to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the members of the Fee Committee.

**<u>EXHIBIT C</u>**

**Expenses**[*]

---

[*]    Consistent with the Interim Compensation Order, these materials are not being filed with the Court.  Copies thereof have previously been delivered to (i) the Court; (ii) the U.S. Trustee; (iii) the Debtors; (iv) counsel for the Debtors; and (v) the members of the Fee Committee.

## **EXHIBIT D**

Fee Schedule A(1)

CASE NO.:  08-13555 (JMP) (Jointly Administered)

CASE NAME:  SPECIAL U.K. COUNSEL TO OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., et al.

| FIRST INTERIM FEE PERIOD*<br>JUNE 1, 2009 – JANUARY 31, 2010 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current Fee Period |
| Richard Sheldon | 4/14/2010 Docket No. 8327 | £84,435.00 ($134,985.04) | £84,435.00 ($134,985.04) | £16,887.00 ($26,997.01) | — | £16,887.00 ($26,997.01) | £12.03 ($19.83) | £12.03 ($19.83) |

| SECOND INTERIM FEE PERIOD*<br>FEBRUARY 1, 2010 – MAY 31, 2010 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current Fee Period |
| Richard Sheldon | 8/16/2010 Docket No. 10800 | £10,725.00 ($16,442.11) | £10,725.00 ($16,442.11) | £2,145.00 ($3,288.41) | £0.00 ($0.00) | £2,145.00 ($3,288.41) | £0.00 ($0.00) | £0.00 ($0.00) |

---

\*     The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable exchange rate in the Fee Statements, which is consistent with the Interim Compensation Order.

| THIRD INTERIM FEE PERIOD* JUNE 1, 2010 – SEPTEMBER 30, 2010 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current fee Period |
| Richard Sheldon | 12/14/2010 Docket No. 13492 | £3,250.00 ($5,107.70) | £3,250.00 ($5,107.70) | £650.00 ($1,021.54) | £0.00 ($0.00) | £650.00 ($1,021.54) | £0.00 ($0.00) | £0.00 ($0.00) |

| FOURTH INTERIM FEE PERIOD* OCTOBER 1, 2010 – MAY 31, 2011 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current fee Period |
| Richard Sheldon | 8/15/2011 Docket No. 19270 | £84,305.00 ($136,285.76) | £84,305.00 ($138,175.90) | £16,861.00 ($27,635.18) | £0.00 ($0.00) | £0.00 ($0.00) | £0.00 ($0.00) | £0.00 ($0.00) |

---

*  The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable exchange rate in the Fee Statements, which is consistent with the Interim Compensation Order.

| FIFTH INTERIM FEE PERIOD*<br>JUNE 1, 2011 – SEPTEMBER 30, 2011 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current Period |
| Richard Sheldon | 12/14/2011 Docket No. 23415 | £46,215.00 ($74,756.40) | — | £9,243.00 ($14,298.00) | £0.00 ($0.00) | £9,243.00 ($14,298.00) | £0.00 ($0.00) | £0.00 ($0.00) |

| SIXTH INTERIM FEE PERIOD*<br>OCTOBER 1, 2011 – MARCH 6, 2012 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Applicant | Date/Document Number of Application | Interim Fees Requested on Application | Fees Allowed | Fees to be Paid for Current Fee Period | Fees to be Paid for Prior Fee Period(s) (if any) (*i.e.*, Holdback Release) | Total Fees to be Paid | Interim Expenses Requested | Expenses to be Paid for Current fee Period |
| Richard Sheldon | 5/10/2012 Docket No. 27793 | £7,540.00 ($11,909.08) | — | £4,304.67 ($6,820.18) | £9,243.00 ($14,298.00) | £13,547.67 ($21,118.18) | £0.00 ($0.00) | £0.00 ($0.00) |

---

\*    The U.S. dollar figures herein reflect, in aggregate, conversion based upon the applicable exchange rate in the Fee Statements, which is consistent with the Interim Compensation Order.