SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
                                              :
In re                                         :           **Chapter 11**
                                              :           **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :           **(Jointly Administered)**
                                              :
**Debtors.**                                  :
                                              :
-----------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

FINAL APPLICATION

| | |
|---|---|
| **NAME OF APPLICANT:** | Simpson Thacher & Bartlett LLP |
| **TIME PERIOD:** | September 15, 2008-March 6, 2012 |
| **ROLE IN THE CASE:** | Special Counsel to the Debtors |
| **TOTAL FINAL FEES REQUESTED:** | $2,784,509.63[1] |
| **TOTAL FINAL EXPENSES REQUESTED:** | $46,315.00[2] |

---

[1]    This amount reflects a $57,402.12 reduction to Simpson Thacher's previously requested fees, which has been agreed upon by the Fee Committee and Simpson Thacher.

[2]    This amount reflects a $2,531.55 reduction to Simpson Thacher's previously requested expenses, which has been agreed upon by the Fee Committee and Simpson Thacher.

## SUMMARY OF FEES AND EXPENSES REQUESTED
## AND APPROVED BY APPLICATION PERIOD

| Application | Date Filed | Period Covered | Court Order (s) | Fees Requested | Fees Approved by Court/ Recommended by Fee Committee | Expenses Requested | Expenses Approved by Court/ Recommended by Fee Committee |
|---|---|---|---|---|---|---|---|
| First Interim Application | 4/10/09 | 9/15/08-1/31/09 | 8/13/09 9/25/09 | $1,383,114.40 | $1,377,138.89 | $28,601.43 | $28,601.43 |
| Second Interim Application | 8/13/09 | 2/1/09-5/31/09 | 9/25/09 12/23/09 | $161,072.70 | $146,735.20 | $7,116.99 | $6,051.31 |
| Third Interim Application | 12/14/09 | 6/1/09-9/30/09 | 4/9/10 | $660,687.20 | $644,096.17 | $5,083.64 | $5,083.64 |
| Fourth Interim Application | 4/16/10 | 10/1/09-1/31/10 | 9/1/10 | $213,661.20 | $206,697.68 | $1,086.45 | $730.83 |
| Fifth Interim Application | 8/16/10 | 2/1/10-5/31/10 | 5/12/11 | $117,433.90 | $104,919.34 | $1,797.51 | $1,610.30 |
| Sixth Interim Application | 12/14/10 | 6/1/10-9/30/10 | 11/21/11 | $56,705.35 | $55,685.35 | $1,682.29 | $1,682.29 |
| Seventh Interim Application | 4/27/11 | 10/1/10-1/31/11 | 12/12/11 | $87,311.70 | $87,311.70 | $508.88 | $508.88 |
| Eighth Interim Application | 8/15/11 | 2/1/11-5/31/11 | 5/30/12 | $56,113.05 | $56,113.05 | $443.74 | $443.74 |
| **Totals:** | | | | **$2,736,099.50** | **$2,678,697.38** | **$46,320.93** | **$44,712.42** |
| Ninth Interim Application | 12/14/11 | 6/1/11-9/30/11 | Not yet entered | $53,969.60 | $53,969.60[3] | $2,295.48 | $1,372.44[4] |
| Tenth Interim Application | 5/21/11 | 10/1/11-3/6/12 | Not yet entered | $51,842.65 | [$51,842.65] Final amount not yet determined[5] | $230.12 | [$230.12] Final amount not yet determined[6] |
| **Totals Including Ninth and Tenth Interim Application Amounts:** | | | | **$2,841,911.75** | **$2,784,509.63** | **$48,846.53** | **$46,314.98** |

---

[3]    Pursuant to a stipulation filed with the Court on June 10, 2012 [Docket No. 28562], the Fee Committee and Simpson Thacher have agreed to this amount. As of the date of this Final Application, the Court has not yet entered an order approving the Ninth Interim Fee Application.

[4]    Pursuant to a stipulation filed with the Court on June 10, 2012 [Docket No. 28562], the Fee Committee and Simpson Thacher have agreed to this amount. As of the date of this Final Application, the Court has not yet entered an order approving the Ninth Interim Fee Application.

[5]    As of the date of this Final Application, the Court has not yet entered an order approving the Tenth Interim Fee Application.

[6]    As of the date of this Final Application, the Court has not yet entered an order approving the Tenth Interim Fee Application.

## FEE SUMMARY

### I. Partners

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[7] |
|---|---|---|---|---|
| Tom Bell | 1983 | 0.80 | 980 | $784.00 |
| Alvin Brown | 1974 | 48.10 | 980 | $47,138.00 |
| Michael Chepiga | 1979 | 114.60 | 1,000 | $114,600.00 |
| Edward Chung | 1992 | 90.10 | 960 | $86,496.00 |
| Sarah Cogan | 1981 | 1.40 | 980 | $1,372.00 |
| John Creed | 1985 | 1.30 | 980 | $1,274.00 |
| John Ericson | 1999 | 63.40 | 865 | $54,841.00 |
| John Finley | 1981 | 82.80 | 980 | $81,144.00 |
| | | 17.80 | 1,000 | $17,800.00 |
| Marcy Geller | 1997 | 1.00 | 915 | $915.00 |
| | | 10.30 | 950 | $9,785.00 |
| Robert Holo | 1991 | 0.3 | 960 | $288.00 |
| | | 1.50 | 985 | $1,477.50 |
| Andy Keller | 1983 | 178.60 | 980 | $175,028.00 |
| | | 1.20 | 1,000 | $1,200.00 |
| | | 1.10 | 1,040 | $1,144.00 |
| Lori Lesser | 1993 | 4.60 | 960 | $4,416.00 |
| Gary Mandel | 1996 | 0.50 | 950 | $475.00 |
| Mary Elizabeth McGarry | 1982 | 21.30 | 980 | $20,874.00 |
| Lee Meyerson | 1981 | 1.00 | 980 | $980.00 |
| Peter Pantaleo | 1982 | 12.20 | 980 | $11,956.00 |
| Gary Rice | 1982 | 4.05 | 980 | $3,969.00 |
| Brian Robbins | 1988 | 11.20 | 960 | $10,752.00 |
| Glenn Sarno | 1992 | 127.40 | 960 | $122,304.00 |
| John Tehan | 1973 | 1.00 | 980 | $980.00 |
| Peter Thomas | 1984 | 133.00 | 980 | $130,340.00 |
| | | 19.50 | 1,000 | $19,500.00 |
| | | 38.60 | 1,040 | $40,144.00 |
| | | 2.70 | 1,110 | $2,997.00 |
| Mark Thompson | 1982 | 1.80 | 980 | $1,764.00 |
| Steve Todrys | 1978 | 6.90 | 980 | $6,762.00 |
| Andrea Wahlquist | 1995 | 0.20 | 865 | $173.00 |
| John Walker | 1977 | 6.10 | 960 | $5,856.00 |
| **Total Partner:** | | **1,006.35** | | **$979,528.50** |

---

[7]    In accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, overall monthly fees for the Marubeni Matter (defined below) and General Corporate and Securities Matters (defined below) are subject to a 30% discount.  This discount is not reflected in the "Total Fees" column of this summary, but was applied to the overall monthly fee amounts for the Marubeni Matter and the General Corporate and Securities Matters set forth in each monthly fee statement and is also reflected in the Compensation Period totals for those matters set forth in Exhibit C to the Final Application.  These "Total Fees" also do not take into account reductions agreed to by the Fee Committee and Simpson Thacher.

**II. Counsel**

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[8] |
|---|---|---|---|---|
| Simone Bono (Counsel) | 2001 | 3.10 | 740 | $2,294.00 |
| | | 1.80 | 775 | $1,395.00 |
| Brian Chisling (Senior Counsel) | 1994 | 2.80 | 765 | $2,142.00 |
| | | 83.20 | 765 | $63,648.00 |
| Steve DeLott (Senior Counsel) | 1988 | 15.80 | 795 | $12,561.00 |
| | | 75.80 | 740 | $56,092.00 |
| | | 0.80 | 840 | $672.00 |
| Jamin Koslowe (Counsel) | 2002 | 0.80 | 875 | $700.00 |
| | | 6.50 | 740 | $4,810.00 |
| | | 2.20 | 765 | $1,683.00 |
| Frank Marinelli (Counsel) | 1987 | 6.60 | 795 | $5,247.00 |
| Kathrine McLendon (Senior Counsel) | 1980 | 31.10 | 765 | $23,791.50 |
| Michael Naughton (Senior Counsel) | 1994 | 18.00 | 765 | $13,770.00 |
| David Wohl (Senior Counsel) | 1995 | 59.60 | 765 | $45,594.00 |
| Joyce Xu (Senior Counsel) | 2000 | 1.30 | 765 | $994.50 |
| **Total Counsel And Senior Counsel:** | | **309.40** | | **$235,394.00** |

**III. Associates**

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[9] |
|---|---|---|---|---|
| Eric Albert | 1998 | 137.10 | 690 | $94,599.00 |
| Jill Allegretti | 2000 | 1.50 | 690 | $1,035.00 |
| Sean Austin | 2005 | .80 | 750 | $600.00 |
| R. Justin Benford | 2007 | 4.30 | 455 | $1,956.50 |
| Nakima Benjamin | 2007 | 9.60 | 530 | $5,088.00 |
| Jordan Bleicher | 2007 | 22.50 | 455 | $10,237.50 |
| Simone Bono | 2001 | 44.60 | 690 | $30,774.00 |
| Anne Buckman | 2005 | 1.90 | 625 | $1,187.50 |
| Mark Bussey | 2006 | 4.60 | 530 | $2,438.00 |
| Andrew Cattell | 2005 | 32.90 | 590 | $19,411.00 |
| | | 7.50 | 625 | $4,688.00 |
| | | 10.10 | 655 | $6,615.50 |
| Victor Chai | 2005 | 103.10 | 530 | $54,643.00 |
| Ariana Cooper | 2008 | 4.70 | 455 | $2,139.00 |
| | | 5.20 | 480 | $2,496.00 |
| | | 2.60 | 565 | $1,469.00 |
| | | 11.70 | 595 | $6,961.50 |
| | | 3.30 | 645 | $2,128.50 |
| Elizabeth Cooper | 2001 | 41.30 | 690 | $28,497.00 |
| Brijesh Dave | 2001 | 96.60 | 690 | $66,654.00 |
| | | 13.70 | 730 | $10,001.00 |

---

[8]     See footnote 7.

[9]     See footnote 7.

| | | | | |
|---|---|---|---|---|
| Patrick Dowd | 2006 | 27.40 | 530 | $14,522.00 |
| Kurt Dudas | 2004 | 7.80 | 625 | $4,875.00 |
| | | 7.30 | 650 | $4,745.00 |
| Daniel Foster | 2008 | 11.40 | 385 | $4,389.00 |
| S.J. Gagliardi | 2007 | 10.00 | 455 | $4,550.00 |
| Adam Glenn | 2010 | 2.60 | 495 | $1,287.00 |
| Bryan Gordon | 2005 | 0.80 | 655 | $524.00 |
| Mark Hennes | 2007 | 12.30 | 485 | $5,965.50 |
| Ikuko Horikawa | 1992 | 42.00 | 615 | $25,830.00 |
| William Kearney | 1996 | 8.00 | 410 | $3,280.00 |
| Jennifer Klein | 2007 | 2.30 | 530 | $1,219.00 |
| Anne Knight | 2005 | 131.70 | 590 | $77,703.00 |
| | | 17.60 | 625 | $11,000.00 |
| | | 7.80 | 655 | $5,160.00 |
| | | 4.50 | 680 | $3,060.00 |
| | | 7.20 | 725 | $5,220.00 |
| | | 11.50 | 750 | $8,625.00 |
| Edgar Lewandowski | 2003 | 91.60 | 650 | $59,540.00 |
| Steven Liang | 2006 | 21.00 | 530 | $11,130.00 |
| Mindy Lok | 2004 | 16.90 | 625 | $10,562.50 |
| | | 1.50 | 650 | $975.00 |
| | | 16.80 | 680 | $11,424.00 |
| | | 0.60 | 705 | $423.00 |
| Christopher Lucht | 2002 | 71.20 | 675 | $48,060.00 |
| Justin Lungstrum | 1995 | 6.50 | 690 | $4,485.00 |
| Peter Martelli | 2000 | 73.80 | 690 | $50,922.00 |
| Courage Otaigbe | 2007 | 3.80 | 455 | $1,729.00 |
| Bryce Pashler | 2004 | 170.50 | 625 | $106,562.50 |
| Jonathan Porter | 2010 | 113.60 | 410 | $46,576.00 |
| | | 11.50 | 495 | $5,692.50 |
| | | 19.90 | 510 | 10,149.00 |
| Huaying Qi | 2006 | 33.90 | 530 | $17,967.00 |
| | | 0.10 | 590 | $59.00 |
| Conor Reidy | 2008 | 77.40 | 385 | $29,799.00 |
| | | 240.00 | 455 | $109,200.00 |
| | | 97.60 | 480 | $46,846.00 |
| | | 65.50 | 565 | $37,007.50 |
| | | 153.10 | 595 | $91,094.50 |
| | | 37.20 | 645 | $23,994.00 |
| | | 17.90 | 675 | $12,082.50 |
| Meryl Rosen | 2006 | .50 | 530 | $265.00 |
| Gabriel Rottman | 2007 | 218.20 | 455 | $99,281.00 |
| Jodi Sackel | 2011 | 1.20 | 410 | $492.00 |
| Parijat Sharma | 2008 | 3.50 | 480 | $1,680.00 |
| Chi Shum | 2000 | 97.30 | 690 | $67,137.00 |
| | | 2.90 | 730 | $2,117.00 |
| Reynelle Staley | 2003 | 218.20 | 650 | $141,830.00 |
| Thomas Terbell | 2005 | 76.60 | 590 | $45,194.00 |
| | | 22.10 | 625 | $13,812.50 |
| Bryan Tollin | 2006 | 96.10 | 530 | $50,933.00 |

| | | 92.00 | 590 | $54,280.00 |
|---|---|---|---|---|
| | | .50 | 620 | $310.00 |
| Rhett Van Syoc | 2005 | 2.80 | 590 | $1,652.00 |
| Beth Understahl | 2006 | 8.00 | 530 | $4,240.00 |
| Howie Wachtel | 2006 | 55.30 | 530 | $29,309.00 |
| **Total Associate:** | | **3,108.90** | | **$1,784,386.00** |

### IV. Law Clerks (Awaiting Admission)

| Name of Professional | Law School Graduation | Hours | Hourly Rate | Total Fees[10] |
|---|---|---|---|---|
| Genevieve Dorment | 2008 | 34.90 | 385 | $13,436.50 |
| Caleb Edwards | 2008 | 68.70 | 385 | $26,449.50 |
| Hiral Mehta | 2008 | 42.20 | 385 | $16,247.00 |
| Conor Reidy | 2008 | 62.20 | 385 | $23,947.00 |
| Katherine Sholly | 2008 | 93.90 | 385 | $36,151.50 |
| **Total Law Clerk:** | | **301.90** | | **$116,231.50** |

### V. Managing Attorneys/Managing Clerks

| Name of Professional | Hours | Hourly Rate | Total Fees[11] |
|---|---|---|---|
| Lloyd Colona | 0.50 | 125 | $62.50 |
| Daniel Keenaghan | 0.80 | 430 | $344.00 |
| Brian Roe | 1.00 | 125 | $125.00 |
| Amanda Stewart | 1.00 | 125 | $125.00 |
| Jacqueline Williams | 0.50 | 125 | $62.50 |
| **Total Managing Attorneys/Clerks:** | **3.80** | | **$719.00** |

### VI. Summer Associates

| Name of Professional | Hours | Hourly Rate | Total Fees[12] |
|---|---|---|---|
| Xavier Sparrow | 19.20 | 295 | $5,664.00 |
| Qi Yue | 4.00 | 295 | $1,180.00 |
| **Total Summer Associate:** | **23.20** | | **$6,844.00** |

### VII. Paraprofessionals

| Name of Professional | Hours | Hourly Rate | Total Fees[13] |
|---|---|---|---|
| Anne Alfano | 7.50 | 200 | $1,500.00 |
| Stacey Barnes | 3.50 | 250 | $875.00 |
| | 1.00 | 260 | $260.00 |
| Mollie Braverman | 6.60 | 175 | $1,155.00 |
| Amy Craiger | 0.80 | 200 | $160.00 |
| Corina Cristea | 13.00 | 235 | $3,055.00 |

---

[10]     See footnote 7.

[11]     See footnote 7.

[12]     See footnote 7.

[13]     See footnote 7.

| | | | |
|---|---|---|---|
| Pat Davis | 0.30 | 225 | $67.50 |
| Brendan Derr | 11.50 | 200 | $2,300.00 |
| Jade Dunn | 0.50 | 175 | $87.50 |
| Manuel Fermin | 14.50 | 200 | $2,900.00 |
| Lyndsay Fritz | 11.00 | 175 | $1,925.00 |
| Anitha Gandhi | 2.00 | 200 | $400.00 |
| Brian Gartner | 10.30 | 175 | $1,802.50 |
| Maria Gonzalez | 53.50 | 235 | $12,572.50 |
| Elise Greven | 1.00 | 225 | $225.00 |
| Meghan Grissler | 1.00 | 180 | $180.00 |
| | 4.00 | 185 | $740.00 |
| Lars Hanson | 0.50 | 225 | $112.50 |
| Mario Hyacinth | 2.00 | 250 | $500.00 |
| Gwen Johnson | 4.50 | 130 | $585.00 |
| Elisabeth Juterbock | 5.10 | 200 | $1,020.00 |
| Dara Kanowitz | 20.20 | 175 | $3,535.00 |
| | 20.00 | 180 | $3,600.00 |
| Thomas King | 0.50 | 235 | $117.50 |
| Simon Kliegman | 1.50 | 175 | $262.50 |
| Magallie Kortright | 3.50 | 235 | $822.50 |
| Yoshimi Koshiishi | 42.50 | 250 | $10,625.00 |
| | 14.00 | 265 | $3,710.00 |
| Andrew Laird | 8.80 | 175 | $1,540.00 |
| Timothy Lobdell | 52.90 | 235 | $12,431.50 |
| Christine Lopez | 126.60 | 175 | $22,155.00 |
| | 38.90 | 185 | $7,196.50 |
| | 37.60 | 190 | $7,144.00 |
| | 4.50 | 200 | $900.00 |
| Gregory Lynch | 0.50 | 225 | $112.50 |
| Laura Maio | 0.80 | 175 | $140.00 |
| Elizabeth Martinez | 1.50 | 175 | $262.50 |
| John Oberbeck | 22.80 | 235 | $5,358.00 |
| Michael Riordan | 8.80 | 175 | $1,540.00 |
| Andy Shahinllari | 2.00 | 225 | $450.00 |
| Jonathan Trombley | 6.50 | 210 | $1,365.00 |
| William Van Opstal | 0.50 | 235 | $117.50 |
| | 0.80 | 250 | $200.00 |
| **Total Paraprofessional:** | **569.80** | | **$116,007.50** |

## VIII. Other Non-Attorney Timekeepers

| Name of Professional | Hours | Hourly Rate | Total Fees[14] |
|---|---|---|---|
| Moshe Azoulai (Litigation Support Manager) | 4.10 | 290 | $1,189.00 |
| Michael Bronson (Librarian) | 0.30 | 210 | $63.00 |
| Alex Fan (Litigation Support Analyst) | 0.60 | 235 | $141.00 |

---

[14]        See footnote 7.

| | | | |
|---|---|---|---|
| Penny Frank (Library Reference Manager) | 4.40 | 210 | $924.00 |
| Eleanor Fronda (Librarian) | 2.60 | 210 | $546.00 |
| David Leavitt (Litigation Support Analyst) | 0.50 | 265 | 132.50 |
| | 0.20 | 210 | $42.00 |
| Pamela Paccione (Librarian) | 0.40 | 220 | $88.00 |
| Ann Samuels (Litigation Support Analyst) | 14.00 | 235 | $3,290.00 |
| Nancy Thiessen (Litigation Support Analyst) | 0.50 | 235 | $117.50 |
| Lou Tripodi (Librarian) | 2.20 | 210 | $462.00 |
| **Total Non-Attorney Timekeepers:** | **29.80** | | **$6,995.00** |

## ATTORNEY BLENDED RATE

| |
|---|
| **Attorney Blended Rate:**[15] |
| $659.14 |

---

[15]    The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 7.

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
                                                    :
In re                                               :          **Chapter 11**
                                                    :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :          **(Jointly Administered)**
                                                    :
**Debtors.**                                        :
                                                    :
-----------------------------------------------------------------x

### FINAL APPLICATION OF SIMPSON THACHER & BARTLETT LLP
### FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Simpson Thacher & Bartlett LLP ("Simpson Thacher" or the "Firm"), special

counsel to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and

debtors in possession in these proceedings (collectively, the "Debtors"), for its Final Application

(the "Final Application"), pursuant to sections 330(a) and 331 of title 11 of the United States

Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for final allowance of compensation for professional services performed

by Simpson Thacher during the period commencing September 15, 2008, through and including

March 6, 2012 (the "Compensation Period"), and for reimbursement of its actual and necessary

expenses incurred during the Compensation Period, respectfully represents:

## **Background**

1.        Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors'

chapter 11 cases have been consolidated for procedural purposes only and are jointly

administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").  Prior to the Effective Date (as defined below), the Debtors continued to

operate their businesses and manage their properties as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.

2.        On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.        On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as

examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January

20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the

Examiner.

4.        On May 26, 2009, the Court appointed a fee committee (the "Fee

Committee") and approved a fee protocol (the "Fee Protocol") in the above-captioned chapter 11

cases pursuant to an order of the same date [Docket No. 3651].   On January 24, 2011, the Court

entered an order modifying the composition of the Fee Committee [Docket No. 14117].  On

April 14, 2011, the Bankruptcy Court entered an order approving a revised fee protocol setting

forth certain procedures and guidelines with respect to the fees and expenses of retained

professionals in these cases. [Docket No. 15998].

5.      On January 25, 2011, the Debtors filed the First Amended Joint Chapter 11 Plan and related Disclosure Statement. [Docket Nos. 14150, 14151]. On June 30, 2011, the Debtors filed the Second Amended Joint Chapter 11 Plan and related Disclosure Statement. [Docket Nos. 18204, 18205]. On September 1, 2011, the Debtors filed the Third Amended Joint Chapter 11 Plan (the "Plan") and related Disclosure Statement. [Docket Nos. 19627, 19629].

6.      On September 1, 2011, the Bankruptcy Court entered an amended order approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing, and establishing notice and objection procedures for the confirmation hearing. [Docket No. 19631].  On September 15, 2011, the Bankruptcy Court entered an order approving a modification to the Disclosure Statement. [Docket No. 20016].

7.      On December 6, 2011, the Court entered an Order Confirming Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors.  [Docket No. 23023].  On March 6, 2012, the Plan, as modified, became effective (the "Effective Date").

## Jurisdiction

8.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Retention of Simpson Thacher

9.      By an order dated November 21, 2008 [Docket No. 1658] (the "Retention Order"), the Court approved the application dated November 3, 2008 filed by the Debtors seeking authorization pursuant to section 327(e) of the Bankruptcy Code *nunc pro tunc* to the Commencement Date to employ Simpson Thacher as special counsel to the Debtors for certain non-bankruptcy related postpetition corporate and litigation matters (the "Retention

11

<u>Application</u>") [Docket No. 1352]. These matters are more fully described in the Affidavit of

Mary Elizabeth McGarry dated October 31, 2008 (the "<u>Retention Affidavit</u>"), submitted as

Exhibit A to the Retention Application, and the Affidavit of Mary Elizabeth McGarry dated

November 18, 2008 (the "<u>Supplemental Retention Affidavit</u>"), submitted to the Court on

November 18, 2008 in connection with the Retention Application [Docket No. 1588]. By an

order dated April 9, 2009 [Docket No. 3315] (the "<u>First Expansion Order</u>"), the Court approved

the motion dated March 24, 2009 filed by the Debtors seeking authority to expand Simpson

Thacher's retention to include, *nunc pro tunc* to December 18, 2008, the representation of one or

more of the Debtors in connection with certain insurance matters (the "<u>First Expansion Motion</u>")

[Docket No. 3216]. These matters are more fully described in the Affidavit of Mary Elizabeth

McGarry dated March 24, 2009 (the "<u>March 24, 2009 Supplemental McGarry Affidavit</u>"),

submitted as Exhibit A to the First Expansion Motion. By an order dated July 16, 2009 [Docket

No. 4427] (the "<u>Second Expansion Order</u>"), the Court approved the further expansion of

Simpson Thacher's retention to include, *nunc pro tunc* to May 19, 2009, the representation of

LBHI in with matters related to the formation and operation of a potential asset

management/servicing business (the "<u>Second Expansion Motion</u>") [Docket No. 4050]. These

matters (the "<u>Additional Corporate Matters</u>") are more fully described in the Affidavit of Mary

Elizabeth McGarry dated June 18, 2009 (the "<u>June 18, 2009 Supplemental McGarry Affidavit</u>"),

submitted as Exhibit A to the Second Expansion Motion.

<u>**Summary of Requested Professional Compensation**</u>
<u>**And Reimbursement of Expenses**</u>

10.    This Final Application has been prepared in accordance with (a) the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>" ), (b)

the United States Trustee Guidelines for Reviewing Applications for Compensation and

12

Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the

"UST Guidelines"), (c) the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered by the Court on April

14, 2011 (the "Interim Compensation Order") and (d) the Fee Protocol (collectively with the

Local Guidelines, the UST Guidelines and the Interim Compensation Order, the "Guidelines").

   11. Simpson Thacher previously requested compensation from the Court for

professional services and reimbursement of expenses on an interim basis in the First Interim Fee

Application dated April 10, 2009 (the "First Interim Fee Application"), the Second Interim Fee

Application dated August 13, 2009 (the "Second Interim Fee Application"), the Third Interim

Fee Application dated December 14, 2009 (the "Third Interim Fee Application"), the Fourth

Interim Fee Application dated April 16, 2010 (the "Fourth Interim Fee Application"), the Fifth

Interim Fee Application dated August 16, 2010 (the "Fifth Interim Fee Application"), the Sixth

Interim Fee Application dated December 14, 2010 (the "Sixth Interim Fee Application"), the

Seventh Interim Fee Application dated April 27, 2011 (the "Seventh Interim Fee Application"),

the Eighth Interim Fee Application dated August 15, 2011 (the "Eighth Interim Fee

Application"), the Ninth Interim Fee Application dated December 14, 2011 (the "Ninth Interim

Fee Application") and the Tenth Interim Fee Application dated May 21, 2012 (the "Tenth

Interim Fee Application").  On August 13, 2009, the Court approved Simpson Thacher's First

Interim Fee Application, subject to a 10% holdback, which holdback the Court ordered with

respect to all retained professionals.  On September 25, 2009, the Court approved Simpson

Thacher's Second Interim Fee Application, subject to a 10% holdback, which holdback the Court

ordered with respect to all retained professionals.  On September 25, 2009 the Court also

approved the release of the 10% holdback for the First Interim Fee Application, subject to certain

reductions recommended by the Fee Committee.  On December 23, 2009, the Court approved the

release of the 10% holdback for the Second Interim Fee Application, subject to certain

reductions recommended by the Fee Committee.  On April 9, 2010, the Court approved Simpson

Thacher's Third Interim Fee Application, subject to certain reductions recommended by the Fee

Committee.  On September 7, 2010, the Court approved Simpson Thacher's Fourth Interim Fee

Application, subject to certain reductions recommended by the Fee Committee.  On May 5,

2011, the Court approved Simpson Thacher's Fifth Interim Fee Application, subject to certain

reductions recommended by the Fee Committee.  On November 22, 2011, the Court approved

Simpson Thacher's Sixth Interim Fee Application, subject to certain reductions recommended by

the Fee Committee.  On December 13, 2011, the Court approved Simpson Thacher's Seventh

Interim Fee Application.  On May 30, 2012, the Court approved Simpson Thacher's Eighth

Interim Fee Application.  The Court has not yet approved Simpson Thacher's Ninth Interim Fee

Application or Tenth Interim Fee Application.

12.     By this Final Application, Simpson Thacher seeks allowance in full of

final compensation for professional services rendered to the Debtors during the Compensation

Period, in the aggregate amount of $2,784,509.63, and for reimbursement of actual, necessary

expenses incurred in connection with such services in the aggregate amount of $46,315.00.

These amounts reflect a $57,402.12 reduction to Simpson Thacher's previously requested fees,

which has been agreed upon by the Fee Committee and Simpson Thacher, and a $2,531.55

reduction to Simpson Thacher's requested expenses, which has been agreed upon by the Fee

Committee and Simpson Thacher.   During the Compensation Period, Simpson Thacher

attorneys and paraprofessionals/other non-attorney timekeepers expended a total of 5,353.15

hours for which compensation is sought.

14

13.     During the Compensation Period, other than pursuant to the Interim Compensation Order, Simpson Thacher has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application.  There is no agreement or understanding between Simpson Thacher and any other person, other than partners of the Firm, for the sharing of compensation to be received for services rendered in these cases.

14.     The fees charged by Simpson Thacher in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period.  The rates charged by Simpson Thacher for the services rendered in these chapter 11 cases do not (and will not) exceed the rates Simpson Thacher customarily charges for services rendered in comparable matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

15.     Prior to the filing of this Final Application, Simpson Thacher sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee, counsel to the Creditors' Committee and counsel to the Fee Committee monthly fee statements setting forth Simpson Thacher's fees for professional services rendered and expenses incurred beginning on September 15, 2008 through March 6, 2012.  In connection with preparing each of the monthly statements, Simpson Thacher, based on its pre-Commencement Date practice with the Debtors with respect to certain categories of matters and expenses, and based on its understanding of fees and expenses permitted under the Guidelines, voluntarily adjusted its fees and expenses in favor of the estates.

Specifically, Simpson Thacher has voluntarily reduced its fees and expenses by approximately $588,517.99 during the Compensation Period.[16]

16.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Final Application is a schedule setting forth all Simpson Thacher professionals and paraprofessionals/other non-attorney timekeepers who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Simpson Thacher, the hourly billing rate charged by Simpson Thacher for services performed by such individual, the year in which each professional graduated from law school and the aggregate number of hours expended in this matter and fees billed therefor.

17.     Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit A.

18.    Annexed hereto as Exhibit B is a schedule specifying the categories of actual, necessary expenses for which Simpson Thacher is seeking reimbursement and the total amount for each such expense category.

19.    Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of the number of hours and amounts billed by Simpson Thacher during the Compensation Period, organized by matter.

20.    Simpson Thacher maintains computerized records of the time spent by all Simpson Thacher attorneys and paraprofessionals/non-attorney timekeepers in connection with the Debtors' chapter 11 cases.[17]

---

[16]    These reduced fees and expenses consist of a 30% discount on overall monthly fees for the Marubeni Matter (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, a 30% discount on overall monthly fees for the General Corporate and Securities Matters (defined below) in accordance with Simpson Thacher's pre-Commencement Date practice with the Debtors, reductions and write-offs of certain expenses in accordance with Simpson Thacher's pre-Commencement practice with the Debtors, and write-offs of amounts for fees and expenses in accordance with Fee Committee guidelines.

## Summary of Services

21.    The Debtors sought and received the Court's approval to retain Simpson Thacher because of Simpson Thacher's extensive knowledge and experience in representing the Debtors and other LBHI affiliates in various corporate and litigation matters prior to the Commencement Date.  Simpson Thacher is a leading global law firm with more than 800 lawyers.  The Firm provides coordinated legal advice on the largest and most complex corporate transactions and litigation matters in a variety of industries, including financial services.  Simpson Thacher regularly advises clients regarding ongoing disclosure and compliance matters under the U.S. securities laws, and regularly advised the Debtors and their affiliates on these matters for many years.  Simpson Thacher is one of the world's preeminent law firms in the mergers and acquisitions field, and is experienced in such transactions within the financial services industry.  In addition, Simpson Thacher's litigation professionals frequently represent individuals and business entities in a wide range of litigation matters, including government investigations and proceedings.

22.    Simpson Thacher has represented LBHI since its 1994 spin-off from American Express and represented LBHI's predecessors for several decades before 1994.  During that time, the Firm has represented LBHI and its affiliates in numerous litigations and corporate transactions and in connection with general corporate and regulatory matters.  Over the course of such representation, Simpson Thacher has become uniquely familiar with the business and affairs of these entities.

---

[17]    Detailed time and expense records have not been publicly filed but have been provided to the Debtors, Weil, Gotshal & Manges LLP, the Court, the U.S. Trustee, counsel to the Creditors' Committee and the Fee Committee in connection with Simpson Thacher's ten interim fee applications.  Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have received such records.  Copies of these records will be made available to other parties in interest upon reasonable request.

23.     By the Retention Order, the Debtors received the Court's approval to retain Simpson Thacher as special counsel to LBHI pursuant to section 327(e) of the Bankruptcy Code, *nunc pro tunc* to the Commencement Date, to perform legal services in connection with the following matters: (i) assisting LBHI with ongoing reporting obligations under the Securities and Exchange Act of 1934 and other miscellaneous corporate and securities work (the "Corporate and Securities Matters"), (ii) assisting LBHI with respect to negotiations related to, and the closing of the sale of, the North American investment banking and capital markets businesses of Lehman Brothers Inc. ("LBI") to Barclays Capital, Inc., (iii) assisting LBHI with respect to the sale of the investment management division of LBI to Bain Capital, LLC and Hellman & Friedman LLC, and (iv) representing LBHI in connection with the testimony of Richard S. Fuld, Jr., Chairman of the Board and Chief Executive Officer of LBHI, before Congress, including production of LBHI documents to Congress.

24.     In addition, by the Retention Order, the Debtors received the Court's approval to pay Simpson Thacher's fees and expenses *nunc pro tunc* to the Commencement Date for Simpson Thacher's representation of LBA Y.K., a non-debtor indirect subsidiary of LBHI, in a litigation matter in federal district court captioned *In the Matter of the Application of LBA Y.K., for an Order, Pursuant to 28 U.S.C. § 1782, to Obtain Discovery from Marubeni America Corp. for Use in an Action Pending in Japan in the Tokyo District Court, Civil Division, Styled* LBA Y.K. v. Marubeni Corp., Misc. No. M19-82 (S.D.N.Y.), and the appeal therefrom by Marubeni America Corporation to the United States Court of Appeals for the Second Circuit (the "U.S. LBA Action") (LBA Y.K.'s action against Marubeni Corporation in the Tokyo, Japan Civil Court (the "Japan LBA Action") together with the U.S. LBA Action are the "Marubeni Matter"). In connection with the Marubeni Matter, Simpson Thacher also coordinated with LBA Y.K.'s attorneys in the Japan LBA Action and has assisted in gathering and providing to insurance

underwriters information concerning a claim under a bond policy, the bond policy's excess

policies, According to LBHI, any recovery that LBA Y.K. receives under the bond and excess all

risks policies will be paid to the Debtors.  Thus, the Debtors' estates have a common interest

with LBA Y.K. in maximizing any recoveries of its Marubeni-related losses, including under the

foregoing policies.  Prior to the Commencement Date, LBHI paid Simpson Thacher's fees and

expenses in connection with these matters.

       25.     By the First Expansion Order, the Debtors received the Court's approval

to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in

connection with insurance regulatory advice with respect to insurance company counterparties to

derivatives contracts in circumstances where Weil, Gotshal & Manges LLP is unable to provide

such advice due to conflicts (the "Insurance Matters").  In connection with the Insurance Matters,

Simpson Thacher provided insurance regulatory advice to the Debtors with respect to the

restructuring of Syncora Guarantee Inc. ("Syncora"), a financial guaranty insurer regulated by

the New York State Insurance Department, and the commutation of various Syncora insurance

policies insuring derivative contracts held by the Debtors.

       26.     By the Second Expansion Order, the Debtors received the Court's

approval to expand the scope of Simpson Thacher's retention as special counsel to the Debtors in

connection with the representation of LBHI, in coordination with Weil Gotshal & Manges LLP,

with matters related to the formation and operation of a potential asset management/servicing

business (now known as Legacy Asset Management Co. or "LAMCO"), including drafting and

negotiating contracts and organizational documents, analyzing regulatory and other legal issues

and performing any other general corporate work needed in connection with the formation and

operation of that business (the "Additional Corporate Matters").

27.    Recitation of each and every item of professional services performed by Simpson Thacher during the Compensation Period would be extremely burdensome.  Hence, the following summary highlights the major areas to which Simpson Thacher devoted time and attention during the Compensation Period.  This summary is organized in accordance with the individual matters for which Simpson Thacher was retained as special counsel by the Retention Order.  Exhibit C provides a detailed breakdown of the time devoted and fees allocable to each matter.

### (i) General Corporate and Securities Matters

Simpson Thacher's work with respect to the General Corporate and Securities Matters for the Compensation Period includes:

- Preparing and reviewing various Form 12b-25 filings by LBHI and certain of its finance subsidiaries with the Securities and Exchange Commission under the Securities and Exchange Act of 1934.

- Providing advice to the Debtors regarding the effect of the bankruptcy filing on certain finance subsidiaries of LBHI and on LBHI's reporting obligations under the Securities and Exchange Act of 1934.

- Preparing and reviewing documents and coordinating with various parties in connection with the dissolution of certain finance subsidiaries of LBHI.

- Advising the Debtors with respect to various tax, executive compensation and employee benefits issues and other general corporate issues.

### (ii) Asset Sales

Simpson Thacher's work with respect to asset sale matters for the Compensation Period includes:

- Jointly with Weil, Gotshal & Manges LLP, negotiating the Asset Purchase Agreement, the clarification letter and various ancillary documents related to the sale to Barclays Capital of the North American investment banking and fixed income and equities sale, trading and research operations of Lehman Brothers Inc., and the private investment management business of Lehman Brothers Inc., and assisting with the closing thereof.

- Providing advice and reviewing documents related to the proposed sale of the investment management division of Lehman Brothers Inc. to Bain Capital and Hellman & Friedman.

<u>(iii) Richard S. Fuld, Jr. Congressional Testimony and LBHI Document Production to Congress</u>

Simpson Thacher's work with respect to Richard S. Fuld, Jr.'s Congressional testimony and LBHI's document production to Congress for the Compensation Period includes:

- Coordinated with Chairman Henry A. Waxman's Staff regarding the House Committee on Oversight and Government Reform's (the "<u>House Committee</u>") request for the Debtors' then-CEO Richard Fuld to testify before the House Committee concerning the Debtors' bankruptcy.

- Reviewed the Debtors' files for documents responsive to the House Committee's request, and conducted a privilege review of and produced responsive documents to the House Committee.

- Conducted interviews with several senior officers of the Debtors, including Mr. Fuld, concerning the Debtors' bankruptcy filing.

- Assisted in the preparation of Mr. Fuld for his written and oral testimony before the House Committee, and attended his testimony on October 6, 2008.

<u>(iv) Marubeni Matter</u>

Simpson Thacher's work with respect to the Marubeni Matter for the Compensation Period includes:

- Preparing briefs and oral argument (and related preparation) in opposition to the appeal of Marubeni America ("<u>MAC</u>") to the U.S. Court of Appeals for the Second Circuit of an order of the U.S. District Court for the Southern District of New York (the "<u>District Court</u>") granting discovery of MAC pursuant to 28 U.S.C. § 1782 in aid of the Japan Civil Action.  Following oral argument in June 2009, the Second Circuit affirmed the order of the District Court in favor of LBA Y.K. granting discovery in aid of the Japan LBA Action.

- Obtaining discovery of MAC under the District Court's order in aid of the Japan Civil Action pursuant to 28 U.S.C. § 1782.

- Providing assistance to Thomas Hommel, in-house counsel to the Debtors, and LBA Y.K.'s Japanese counsel (Anderson Mori & Tomutsune and Morrison & Foerster) in developing and coordinating litigation strategy in the civil action, including on appeal, against Marubeni Corporation in the Tokyo, Japan Civil Court, and on appeal to the Japan High Court, including review and comment on draft briefs.

- Monitoring related criminal, bankruptcy and other legal proceedings currently pending in Japan.

- Gathering of information and preparation proofs of loss submitted by LBHI to bond underwriters and J-form underwriters and related communications with counsel for underwriters.

- Gathering and providing information to insurance underwriters concerning the foregoing proceedings under a bond policy and all risks excess policy issued to LBHI, pursuant to which LBA Y.K. is an insured, including information gathered and provided in response to inquiries from underwriters following the submission of proofs of loss.

- Responding to insurance underwriters' inquiries and requests for additional information concerning LBHI's claims under the bond policy and all risks excess policy.

### (v) Retention and Fee Matters

Simpson Thacher's work with respect to retention and fee matters for the Compensation Period includes:

- Preparing Simpson Thacher's interim fee applications and monthly fee statements.

- Providing information to and interacting with the Fee Committee regarding fee issues.

- Preparing monthly budgets as required by the Fee Committee.

- Providing information to and interacting with the Fee Committee regarding budget and fee issues.

- Preparing the Retention Affidavit, the Supplemental Retention Affidavit, the March 24, 2009 Supplemental McGarry Affidavit, the June 18, 2009 Supplemental McGarry Affidavit, the Expansion Motion and the Second Expansion Motion, reviewing Simpson Thacher's client records database in connection with the disclosures contained therein and coordinating Simpson Thacher's retention with the Debtors and Weil, Gotshal & Manges LLP.

- Reviewing Simpson Thacher's client records database in order to ascertain whether conflicts of interest have arisen since the Debtors retained Simpson Thacher in accordance with the orders authorizing Simpson Thacher's retention.

### (vi) Insurance Matters

Simpson Thacher's work with respect to the Insurance Matters for the Compensation Period includes:

- Providing insurance regulatory advice to the Debtors regarding the likely effect of a rehabilitation or liquidation proceeding involving Syncora on the insurance policies held by the Debtors.

- Providing insurance regulatory advice to the Debtors regarding Syncora's request for additional concessions from the Debtors, the likely effect of a rehabilitation or liquidation proceeding involving Syncora on the previously-agreed master restructuring of Syncora's

obligations, and the authority of the Superintendent of Insurance to overturn such restructuring.

- Reviewing and negotiating various novation and reinsurance agreements related to the restructuring of Syncora and advising the Debtors with respect thereto.

- Reviewing Orders proposed by the New York State Insurance Department relating to the restructuring of Syncora and advising the Debtors with respect thereto.

### (vii) Additional Corporate "LAMCO" Matters

Simpson Thacher's work with respect to the Additional Corporate ("LAMCO") Matters for the Compensation Period includes:

- Analyzing regulatory and other legal issues and providing advice to the Debtors regarding the formation, operation and regulation of "LAMCO LLC", an asset management/servicing business.

- Drafting and revising contracts and organizational documents of LAMCO LLC, including the Asset Management Agreement, Contribution Agreement and Shared Services Agreement.

- Performing general corporate work in connection with the formation and operation of LAMCO LLC.

28.    The foregoing professional services performed by Simpson Thacher were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The services were performed in an efficient manner.

29.    The professional services performed by Simpson Thacher on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 5,353.15 recorded hours by Simpson Thacher's partners, counsel, associates and paraprofessionals/other non-attorney timekeepers. During the Compensation Period, Simpson Thacher billed the Debtors for

time expended by attorneys based on hourly rates ranging from $385 to $1,040 per hour.[18]

Allowance of compensation in the amount requested would result in a blended hourly attorney

billing rate of approximately $659.14 (based on 4,726.55 recorded hours for attorneys).[19]

30.    As set forth in Exhibit B hereto, Simpson Thacher has incurred or

disbursed $46,315.00 in expenses[20] in providing professional services to the Debtors during the

Compensation Period (after taking into account reductions requested by the Fee Committee).

These expense amounts are intended to cover direct operating costs, which costs are not

incorporated into the Simpson Thacher hourly billing rates.  Only clients who actually use

services of the types set forth in Exhibit B are separately charged for such services. The effect of

including such expenses as part of the hourly billing rates would unfairly impose additional costs

upon clients who do not require extensive photocopying, delivery and other services.

31.    With respect to standard photocopying expenses, Simpson Thacher

has charged the Debtors $.10 or less per page, in accordance with U.S. Trustee policy and the

Guidelines.

### The Requested Compensation and Expense Reimbursement Should be Allowed

32.    Section 331 of the Bankruptcy Code provides for compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's

award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a

professional employed under section 327 of the Bankruptcy Code reasonable compensation for

"actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11

---

[18]    These standard hourly rates do not reflect those fee amounts that Simpson Thacher voluntarily discounted or wrote off during the Compensation Period.

[19]    The overall attorney blended rate is based on total attorney fees before application of the discounts set forth in footnote 7.

[20]    This amount does not include certain additional expense amounts that Simpson Thacher voluntarily wrote off during the Compensation Period.

U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
>> (A) the time spent on such services;
>>
>> (B) the rates charged for such services;
>>
>> (C) whether the services were necessary to the administration of, or
>> beneficial at the time at which the service was rendered toward the
>> completion of, a case under this title;
>>
>> (D) whether the services were performed within a reasonable amount of
>> time commensurate with the complexity, importance, and nature of the
>> problem, issue, or task addressed; and
>>
>> (E) whether the compensation is reasonable based on the customary
>> compensation charged by comparably skilled practitioners in cases other
>> than cases under this title.

11 U.S.C. § 330(a)(3).

33.    In awarding compensation pursuant to section 330 of the Bankruptcy Code

to professional persons employed under section 327, the Court must take into account, among

other factors, the cost of comparable non-bankruptcy services.  As the court in *In re Drexel*

*Burnham Lambert Group Inc.* stated:

> With due recognition of the historical position of Bankruptcy
> Courts in compensation matters, we recognize that creditors have
> agreed to pay rates for retained counsel of their choice because of
> the needs of the particular case. One could posit other situations or
> cases where a presumption of prior informed judgment might not
> be as strong. Here, however, we have a multi-debtor, multi-
> committee case involving sophisticated creditors who have
> determined that the rates charged and tasks undertaken by
> attorneys are appropriate.  We should not, and will not, second
> guess the determination of those parties, who are directed by
> Congress, under the Bankruptcy Code, to shape and resolve the
> case, and who are in fact bearing the cost. To do so, of course,
> would be to continue what Congress specifically intended to stop

in 1978: Courts, instead of markets, setting rates, with the inevitable consequence that all the legal specialists required by the debtor or official committees would demur to participate.

133 B.R. 13, 20-21 (Bankr. S.D.N.Y. 1991).

34.    In the instant case, Simpson Thacher respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Final Application were necessary for and beneficial to the orderly administration of the Debtors' estates.  Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors.  Simpson Thacher further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

35.    In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Conclusion**

WHEREFORE Simpson Thacher respectfully requests (i) final allowance of

compensation for professional services rendered during the Compensation Period in the amount

of $2,784,509.63 and reimbursement of actual and necessary expenses Simpson Thacher

incurred during the Compensation Period in the amount of $46,315.00; (ii) authorization for the

Debtors to pay to Simpson Thacher that portion of the compensation amount not yet paid; (iii)

and such other and further relief as is just.

Dated: June 22, 2012
     New York, New York

s/___Mary Elizabeth McGarry
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York  10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

## INDEX OF EXHIBITS

Exhibit A                          Certification of Mary Elizabeth McGarry
Exhibit B                          Schedule of Expenses
Exhibit C                          Summary of Hours and Amounts Billed by
                                   Matter

**EXHIBIT A**

SIMPSON THACHER & BARTLETT LLP
Special Counsel to the Debtors
425 Lexington Avenue
New York, New York 10017-3954
(212) 455-2000

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                 :
**In re**                          :          **Chapter 11**
                                 :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :          **(Jointly Administered)**
                                 :
**Debtors.**                     :
                                 :
------------------------------------------------------------x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN
RESPECT OF FINAL APPLICATION OF SIMPSON THACHER &
BARTLETT LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Mary Elizabeth McGarry, hereby certify that:

I.      I am a member of the applicant firm, Simpson Thacher & Bartlett LLP ("Simpson

Thacher"), and am the professional designated by Simpson Thacher with responsibility for

compliance with the Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the

"Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on

January 30, 1996 (the "UST Guidelines"), the Fourth Amended Order Pursuant to Sections

105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures

for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by

the Court on April 14, 2011 (the "Interim Compensation Order"), the fee protocol approved by

the Court on June 26, 2009 (the "Fee Protocol", and collectively with the Local Guidelines, UST Guidelines and the Interim Compensation Order, the "Guidelines") in the chapter 11 cases of Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors").

II.        This certification is made in respect of Simpson Thacher's application, dated June 22, 2012 (the "Final Application"), for compensation and reimbursement of expenses for the period commencing September 15, 2008 through and including March 6, 2012 (the "Compensation Period") in accordance with the Local Guidelines.

III.       In respect of section B.1 of the Local Guidelines, I certify that:

a.        I have read the Final Application;

b.        to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

c.        the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by Simpson Thacher and generally accepted by Simpson Thacher's clients; and

d.        in providing a reimbursable service, Simpson Thacher does not make a profit on that service, whether the service is performed by Simpson Thacher in-house or through a third party.

IV.       In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Simpson Thacher has complied with those provisions requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases, the United States Trustee for the

Southern District of New York and the Fee Committee, on a monthly basis, a statement of Simpson Thacher's fees and expenses accrued during the previous month.

V.        In respect of the Interim Compensation Order and section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors, the United States Trustee for the Southern District of New York and the Fee Committee are each being provided with a copy of the Final Application.

New York, New York
Dated: June 22, 2012

s/  Mary Elizabeth McGarry
Mary Elizabeth McGarry
SIMPSON THACHER & BARTLETT LLP
425 Lexington Avenue
New York, New York 10017
Telephone:  (212) 455-2000
Facsimile:  (212) 455-2502

*Special Counsel to the Debtors*

**<u>EXHIBIT B</u>**

**ACTUAL AND NECESSARY EXPENSES
INCURRED BY SIMPSON THACHER & BARTLETT LLP ON
BEHALF OF THE DEBTORS DURING THE COMPENSATION PERIOD**

| CATEGORY OF EXPENSES | TOTAL AMOUNT |
|---|---|
| Office and Administration | $495.00 |
| Computer research | $10,627.79 |
| Duplication | $5,649.30 |
| Fax | $201.20 |
| Postage, courier & freight | $4,466.48 |
| Miscellaneous disbursements | $810.33 |
| Office charges | $225.00 |
| Meals | $4,853.77 |
| Local/Overtime Travel | $6,359.19 |
| Out of Town Travel | $11,755.18 |
| Telephone | $461.46 |
| Word Processing | $306.00 |
| Court and Other Fees | $364.00 |
| Patent and Trademark Office Filing/Registration Fees | $2,271.85 |
| **Total Expenses:** | **$48,846.55** |
| **Less Fee Committee Reductions To Date:** | **($2,531.55)** |
| **Total Final Expenses Requested:**[1] | **$46,315.00** |

---

[1] This amount includes expenses requested in the Ninth Interim Fee Application and the Tenth Interim Fee Application, which, as of the date of this Application, have not yet been approved on an interim basis by the Court.

## EXHIBIT C

**SUMMARY OF HOURS AND AMOUNTS BILLED DURING
THE COMPENSATION PERIOD BY SIMPSON THACHER & BARTLETT LLP,
ORGANIZED BY MATTER**

| Matter | Hours | Amount |
|---|---|---|
| General Corporate and Securities Matters | 464.50 | $208,333.65[2] |
| Asset Sales Matter | 504.10 | $385,876.00 |
| Richard S. Fuld, Jr. Congressional Testimony and LBHI Document Production to Congress | 889.30 | $491,197.00 |
| Marubeni Matter | 2,011.00 | $737,588.60[3] |
| Retention and Fee Matters | 389.50 | $210,360.00 |
| Additional Corporate "LAMCO" Matters | 945.55 | $701,591.50 |
| Insurance Matters | 149.20 | $106,965.00 |
| **Total Hours/Fees Requested:** | **5,353.15** | **$2,841,911.75** |
| **Less Fee Committee Reductions To Date:** | | **($57,402.12)** |
| **Total Final Fees Requested:[4]** | | **$2,784,509.63** |

---

[2]     Total Compensation Period fee amounts for the General Corporate and Securities Matters after 30% discount.

[3]     Total Compensation Period fee amounts for the Marubeni Matter after 30% discount.

[4]     This amount includes fees requested in the Ninth Interim Fee Application and the Tenth Interim Fee Application, which, as of the date of this Final Application, have not yet been approved on an interim basis by the Court.