WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
                                             :

**In re**                                :            **Chapter 11 Case No.**
                                             :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :           **08-13555 (JMP)**
                                             :

                        **Debtors.**        :            **(Jointly Administered)**
                                             :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON JUNE 28, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

          1.     Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before June 27, 2012:

    a.    Proposed Stipulation, Agreement and Order Regarding Certain Claims **[ECF No. 28530]**

    b.    Debtors' Sixty-Third Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 11978]**

    c.    Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 12533]**

    d.    Debtors' Ninety-Fifth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 14490]**

    e.    Two Hundred Ninety-Second Omnibus Objection  to Claims (No Liability Derivatives Claims) **[ECF No. 27381]**

    f.    Motion for Objection to Claim of Svenska Handelsbanken AB (publ) (Claim No. 4922) **[ECF No. 27853]**

    g.    Two Hundred Ninety-Fourth Omnibus Objection to Claims (Late-Filed Claims) **[ECF No. 27865]**

    h.    Two Hundred Ninety-Fifth Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims) **[ECF No. 27866]**

    i.    Two Hundred Ninety-Sixth Omnibus Objection to Claims (Amended and Superseded Claims) **[ECF No. 27867]**

    j.    Two Hundred Ninety-Eighth Omnibus Objection to Claims (Duplicative LPS Claims) **[ECF No. 27869]**

    k.    Two Hundred Ninety-Ninth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 27870]**

    l.    Three Hundredth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 27871]**

    m.    Three Hundred First Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 27872]**

    n.    Three Hundred Second Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 27873]**

US_ACTIVE:\44039357\1\58399.0008

o.      Three Hundred Third Omnibus Objection to Claims (Insufficient
        Documentation Claims) **[ECF No. 27874]**

2.      In accordance with the Second Amended Case Management Order, the

Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response

Deadline") for each Claim Objection for parties to object or file responses.  The Response

Deadlines have been extended for certain creditors from time to time.  The Second Amended

Case Management Order provides that pleadings may be granted without a hearing, provided that

no objections or other responsive pleadings have been filed on or prior to the relevant response

deadline and the attorney for the entity who filed the pleading complies with the relevant

procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my

knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court

on the docket of the above-referenced cases in accordance with the procedures set forth in the

Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan

Administrator by any of the holders of the claims included Exhibit 1 to any of the Orders

attached hereto, which includes only the proofs of claim for which the Claims Objection will be

granted.  Responses to certain of the Claims Objections were filed on the docket, or served on

the Debtors, by holders of certain proofs of claim included on the Claims Objections.  The

hearing on the Claims Objections as to any proof of claim for which a response was either filed

on the docket or received by the Debtors, and which objection has not been resolved, has been

adjourned to a future date.

4.      Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through O,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

        I declare that the foregoing is true and correct.

Dated: June 27, 2012
      New York, New York

                /s/ Robert J. Lemons
                Robert J. Lemons

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc. and
                Certain of Its Affiliates

US_ACTIVE:\44039357\1\58399.0008

**EXHIBIT A**
**(Proposed Order – ECF No. 28530)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Jack Raisner

Attorneys for Swabsin & Leytman, *et al.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
               :

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |
| | : | |

-------------------------------------------------------------------x

## STIPULATION, AGREEMENT AND ORDER REGARDING CERTAIN CLAIMS

        This stipulation and agreement (the "Stipulation and Agreement") is entered into as of June 7, 2012 by and among Lehman Brothers Holdings Inc. ("LBHI"), on the one hand, and Cynthia Swabsin and Alexander Leytman (the "Named Claimants"), on behalf of themselves and other allegedly similarly situated persons, and the parties listed on Exhibit A hereto (the "Additional Claimants" and together with the Named Claimants, the "Claimants" and collectively with LBHI, the "Parties"), on the other hand.

## RECITALS:

        A.      Commencing on September 15, 2008 and periodically thereafter, LBHI and certain of its subsidiaries commenced voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York (the "Court"), Case No. 08-13555 (JMP). The chapter 11 cases

have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B.      By order, dated July 2, 2009, ECF No. 4271, the Court established September 22, 2009 as the deadline to file proofs of claim in the chapter 11 cases ("Bar Date").

C.      All the proofs of claim listed on Exhibit A hereto (the "Individual Claims") were filed on or before the Bar Date.

D.      On September 22, 2009, the Named Claimants filed a proof of claim against LBHI asserting claims for compensation.  The claim was assigned claim number 29702 by the Court-approved claims agent (the "Class Claim").  On September 16, 2011, LBHI filed an objection to the Class Claim, ECF No. 20100 (the "Objection").  On October 13, 2011, the Named Claimants responded to the Objection, ECF No. 20802.  On October 14, 2011, the Named Claimants filed a motion seeking application of Federal Rule of Bankruptcy Procedure 7023 to permit the filing of the Class Claim, ECF No. 20881 (the "Class Certification Motion").

E.      After good-faith, arms'-length negotiations, the Parties have agreed to resolve the Class Claim, the Objection, the Class Certification Motion, the Individual Claims, and related disputes pursuant to the terms and conditions set forth in this Stipulation and Agreement.

## STIPULATION & AGREEMENT:

NOW, THEREFORE, in consideration of the foregoing, it is hereby stipulated and agreed that:

1.      This Stipulation and Agreement shall become effective once it has been executed by the Parties and approved by the Bankruptcy Court (the "Effective Date").

2.      Upon the Effective Date, the Class Claim and the Class Certification Motion shall be deemed withdrawn in their entirety with prejudice.  Counsel for the Named Claimants shall file a notice of withdrawal of the Class Certification Motion within two (2) business days of the Effective Date.

3.      Upon the Effective Date, the proofs of claim number 11509 and 11510 filed by James K. Burke, the proof of claim number 28583 filed by Cynthia Swabsin, and the proof of claim number 22521 filed by Robert Matza shall be deemed withdrawn in their entirety with prejudice.

4.      Upon the Effective Date, each Individual Claim shall be allowed and classified in the respective amount and priority set forth on Exhibit A hereto (the "Allowed Claims") in accordance with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan").

5.      Upon the Effective Date, the asserted amount of proof of claim number 9356 filed by Michael Gitlen (the "Gitlin Claim") shall be reduced to $10,550.00 and shall not be increased subsequently by amendment or otherwise.  This Stipulation and Agreement shall have

2

no other effect on the validity, allowance, or disallowance of the Gitlen Claim, and all rights to object to or defend the Gitlen Claim on any basis are expressly reserved.

6.      Upon the Effective Date, proofs of claim number 24266 and 14391 filed by Louise Green (the "Green Interests") shall be reclassified as Equity Interests (as defined in the Plan).

7.      The Parties authorize the Court-approved claims agent to modify the claims register to reflect the terms of this Stipulation and Agreement.

8.      Each of the Claimants represents and warrants that he/she has not filed a proof of claim against LBHI other than a claim referred to in paragraphs 2-6 above.

9.      Upon the Effective Date, other than Distributions (as defined in the Plan) that the Claimants may be entitled to pursuant to the Plan based on the Allowed Claims, Gitlen Claim, or Green Interests, each of the Claimants and each of their successors and assigns, fully and forever release, discharge and acquit LBHI and its affiliates, successors and assigns, and its past, present and future members, officers, directors, partners, principals, agents, insurers, servants, employees, representatives, administrators, executors, trustees and attorneys from all manners of action, causes of action, judgments, executions, debts, demands, rights, damages, costs, expenses, and claims of every kind, nature, and character whatsoever, whether at law or in equity, whether based on contract (including, without limitation, quasicontract or estoppel), statute, regulation, tort (excluding intentional torts, fraud, recklessness, gross negligence or willful misconduct) or otherwise, accrued or unaccrued, known or unknown, matured or unmatured, liquidated or unliquidated, certain or contingent.

10.     This Stipulation and Agreement contains the entire agreement between the Parties as to the subject matter hereof and supersedes all prior agreements and undertakings between the Parties relating thereto.

11.     This Stipulation and Agreement may not be modified other than by signed writing executed by LBHI and all Named Claimants whose claims are affected by such modification.

12.     Each person who executes this Stipulation and Agreement represents that he or she is duly authorized to do so on behalf of the respective Party hereto and that each such Party has full knowledge of and has consented to this Stipulation and Agreement.

13.     This Stipulation and Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation and Agreement to present any copy, copies, or facsimiles signed by the Parties hereto to be charged.

14.     This Stipulation and Agreement shall inure to the benefit of, and shall be binding upon, the Parties hereto and their respective successors and assigns.

15.    All rights under Section 1542 of the California Civil Code, or any analogous state or federal law, are hereby expressly WAIVED, if applicable, with respect to any of the claims, injuries, or damages described in the release in Paragraph 4.  Section 1542 of the California Civil Code reads as follows:

"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR."

16.    This Stipulation and Agreement shall be exclusively governed by and construed and enforced in accordance with the laws of the state of New York, without regard to conflicts of law principles thereof.

17.    The Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation and Agreement.  Should the Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation and Agreement, such matter shall be adjudicated in either a federal district court in the State of New York or a state court in the State of New York.

4

**THE UNDERSIGNED WARRANT THAT THEY HAVE READ THE TERMS OF THIS STIPULATION AND AGREEMENT, HAVE HAD THE ADVICE OF COUNSEL OR THE OPPORTUNITY TO OBTAIN SUCH ADVICE IN CONNECTION WITH READING, UNDERSTANDING AND EXECUTING THE STIPULATION AND AGREEMENT, AND HAVE FULL KNOWLEDGE OF THE TERMS, CONDITIONS AND EFFECTS OF THIS STIPULATION AND AGREEMENT.**

LEHMAN BROTHERS HOLDINGS INC.,
by Lehman Brothers Holdings Inc. as Plan
Administrator
By:  /s/ Robert J. Lemons
Print Name: :    Robert J. Lemons
Title:  Attorney


Dated:  June 7, 2012
      New York, New York

THE ADDITIONAL CLAIMANTS

By:  /s/ Jack A. Raisner
Print Name:    Jack A. Raisner
Title:  Attorney


Dated:  June 7, 2012
      New York, New York


CYNTHIA SWABSIN, in her individual capacity
and on behalf of the Additional Claimants
By:  /s/ Jack A. Raisner
Print Name:    Jack A. Raisner
Title:  Attorney


Dated:  June 7, 2012
      New York, New York


ALEXANDER LEYTMAN, in his individual
capacity and on behalf of the Additional Claimants
By:  /s/ Alexander Leytman
Print Name:  Alexander Leytman
Title:  Attorney


Dated:  June 7, 2012
      New York, New York


**SO ORDERED:**
Dated:  New York, New York
      _____ ___, 2012


      Honorable James M. Peck
      United States Bankruptcy Judge

**EXHIBIT A**

| Claimant Name | Claim No. | Claimed Amount | Allowed Claims | | |
|---|---|---|---|---|---|
| | | | Allowed LBHI Class 1 Claim | Allowed LBHI Class 6A Claim | Allowed LBHI Class 7 Claim |
| Allen, Marcia | 24157 | $47,090.00 | **$10,950.00** | **$22,410.00** | none |
| Bergin, Andrew W. | 11113 | $306,000.00 | none | none | **$184,038.35** |
| Burke, James K | 11512 | $70,000.00 | none | **$50,000.00** | none |
| Calamari, Michael | 15578 | $69,807.00 | **$10,950.00** | **$50,000.00** | none |
| Chan, Duon | 30032 | $32,850.00 | **$10,950.00** | **$1,396.14** | none |
| Cook, Harry Clayton | 30451 | $52,104.00 | **$10,950.00** | **$22,030.77** | none |
| Donovan, Elizabeth | 30428 | $21,900.00 | **$10,950.00** | **$3,603.83** | none |
| Duda, Michael | 31873 | $23,037.85 | **$10,576.94** | none | none |
| Eller, Christina | 28270 | $24,825.03 | **$10,950.00** | **$2,925.03** | none |
| Fiume, Dorothy | 32404 | $10,000.00 | **$10,000.00** | none | none |
| Fletcher, Robert | 31198 | $37,500.00 | **$4,000.00** | **$33,500.00** | none |
| Freier, Miriam | 31373 | $22,808.00 | **$10,950.00** | **$5,300.00** | none |
| Gavaghan, Shirali | 31643 | $67,099.16 | **$10,950.00** | **$20,453.86** | none |
| Gibson, Scott | 31248 | $74,120.91 | **$10,950.00** | none | **$62,127.00** |
| Gitlin, Michael | 9354 | $50,400.00 | **$10,950.00** | **$39,450.00** | none |
| Greenberg, Lee | 6595 | $20,096.15 | none | **$20,096.15** | none |
| Green, Louise | 24265 | $44,186.12 | **$10,950.00** | **$29,941.50** | none |
| Gubin, Alexander | 29711 | $91,346.00 | **$10,950.00** | **$34,723.13** | none |
| Gusick, Ned | 24288 | $40,562.00 | **$10,950.00** | **$3,857.71** | none |
| Guttilla, Anthony | 6293 | $75,198.34 | none | none | **$73,384.55** |
| Hagedorn, Christian | 35152 | $28,450.00 | **$10,950.00** | **$1,742.30** | none |
| Huang, Lee | 22927 | $77,521.00 | **$10,950.00** | none | **$52,319.23** |
| Johnson, Amanda | 31184 | $10,950.00 | **$10,950.00** | none | none |
| Khem, Pauline | 22931 | $173,200.00 | **$10,950.00** | none | **$148,800.00** |
| Kurtz, Jefffrey | 31331 | $27,872.73 | **$10,950.00** | **$3,857.71** | none |
| Lamb, Vickie | 1947 | $84,134.00 | **$10,950.00** | none | **$73,184.00** |
| Leytman, Alexander | 24184 | $62,048.82 | **$10,950.00** | **$37,126.88** | none |
| Liebman, Jill | 33121 | $42,681.00 | **$10,950.00** | **$19,338.51** | none |
| Lipof, Eran | 30757 | $40,000.00 | **$10,950.00** | **$26,550.00** | none |
| Martinez, Alejandra | 31155 | $82,614.00 | **$10,950.00** | **$27,751.87** | none |
| Matza, Robert | 1976 | $75,000.00 | **$10,950.00** | **$50,000.00** | none |
| McCabe, Mary F | 398 | unliquidated | none | **$28,307.71** | none |
| Mulcahy, Michael | 25543 | $16,500.00 | none | **$16,499.99** | none |
| Paftinos, Paul | 108 | $10,900.00 | **$10,900.00** | none | none |
| Place, Jennifer | 24165 | $33,227.83 | **$10,950.00** | **$8,924.99** | none |
| Reddy, Lakshmi | 29976 | $41,428.57 | **$10,950.00** | **$26,550.00** | none |
| Scenti, Louis | 15239 | $79,327.05 | none | none | **$74,038.47** |
| Schippers, Christina | 19602 | $39,960.58 | **$10,950.00** | **$14,434.59** | none |
| Sheahan, Timothy C | 32523 | $97,500.00 | **$7,500.00** | none | none |
| Sheikh, Jamiel | 14947 | $33,653.85 | **$10,950.00** | **$22,703.85** | none |
| Stephenson, Rebecca | 26319 | $149,701.86 | **$10,950.00** | **$47,574.01** | none |
| Stone, Shanna | 9067 | $11,604.27 | **$10,950.00** | **$126.90** | none |
| Swabsin, Cynthia | 28580 | unliquidated | **$10,950.00** | **$50,000.00** | none |
| Taylor, Leila | 28554 | $67,692.00 | **$10,950.00** | **$12,319.24** | none |
| Tirre, Ryan | 349 | $12,500.00 | **$10,894.24** | none | none |
| Voglic, Merita | 23803 | $123,367.82 | **$10,950.00** | **$41,934.63** | none |
| Winkoff, Kamber | 20258 | $10,950.00 | **$10,950.00** | none | none |

US_ACTIVE:\43960554\8\58399.0008

**EXHIBIT B**
**(Proposed Order – ECF No. 11978)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-----------------------------------------------------------------------x

**FOURTH SUPPLEMENTAL ORDER GRANTING DEBTORS'**
**SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS**
**(VALUED DERIVATIVE CLAIMS)**

Upon the sixty-third omnibus objection to claims, dated October 13, 2010

(the "Sixty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors

in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and

allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of

claim are greater than the fair, accurate, and reasonable values determined by the Debtors

after a review of the claimant's supporting documentation and the Debtors' books and

records; that the classifications (in certain instances) are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim; and that the

Debtor against whom the claim is asserted, in certain instances, has been determined by

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' Sixty-Third Omnibus Objection to Claims.

the Debtors to be in need of clarification after a review of the claimants' supporting

documentation; all as more fully described in the Sixty-Third Omnibus Objection to

Claims; and due and proper notice of the Sixty-Third Omnibus Objection to Claims

having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Sixty-Third Omnibus Objection to Claims;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9653]; and it appearing that no

other or further notice need be provided; and upon the resolution of the Response of

Telecom Italia Finance SA's Response to the Sixty-Third Omnibus Objection to Claims

(Valued Derivative Claims) [Docket No. 12951]; and the Court having found and

determined that the relief sought in the Sixty-Third Omnibus Objection to Claims is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Sixty-Third Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Third Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

2

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-

Third Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u>, annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44038354\2\58399.0011

# EXHIBIT 1

### IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 63: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | CHAPTER 11 ESTATE | CLASS | AMOUNT | CHAPTER 11 ESTATE | CLASS | AMOUNT |
| 1 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15366 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Special Financing Inc. | Unsecured | $35,696,077.01 |
| 2 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15368 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Holdings Inc. | Unsecured | $35,590,272.35 |
| | | | | | TOTAL | $71,505,579.98 | | TOTAL | $71,286,349.36 |

**EXHIBIT C**
**(Proposed Order – ECF No. 12533)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :      **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :      **08-13555 (JMP)**
                                                       :
                              **Debtors.**             :      **(Jointly Administered)**
-------------------------------------------------------------------x

## NINTH SUPPLEMENTAL ORDER GRANTING DEBTORS' SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the sixty-seventh omnibus objection to claims, dated November 3, 2010 (the "Sixty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimant's supporting documentation and the Debtors' books and records; that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim; and that the Debtor against whom the claim is asserted, in certain instances, has been

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Seventh Omnibus Objection to Claims.

determined by the Debtors to be in need of clarification after a review of the claimants'

supporting documentation; all as more fully described in the Sixty-Seventh Omnibus

Objection to Claims; and due and proper notice of the Sixty-Seventh Omnibus Objection

to Claims having been provided to (i) the U.S. Trustee; (ii) the attorneys for the

Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal

Revenue Service; (v) the United States Attorney for the Southern District of New York;

(vi) the claimants listed on Exhibit A attached to the Sixty-Seventh Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set

forth in the second amended order entered on June 17, 2010 governing case management

and administrative procedures for these cases [Docket No. 9635]; and it appearing that no

other or further notice need be provided; upon the resolution of the Response of CSP II

USIS Holdings L.P. [Docket No. 13078]; and the Court having found and determined that

the relief sought in the Sixty-Seventh Omnibus Objection to Claims is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Sixty-Seventh Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

      ORDERED that the relief requested in the Sixty-Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

      ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount"; and any asserted amount in excess of the

modified amount are disallowed; and it is further

US_ACTIVE:\44008665\2\58399.0011

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-

Seventh Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                              _____
                              UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44008665\2\58399.0011

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 67: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED CHAPTER 11 ESTATE | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CSP II USIS HOLDINGS L.P. C/O THE CARLYLE GROUP ATTN: J. BECZAK 520 MADISON AVENUE, 39TH FLOOR NEW YORK, NY 10022 | 16198 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,574,529.52 | Lehman Brothers Holdings Inc. | Unsecured | $707,852.00 |
| 2 | CSP II USIS HOLDINGS L.P. C/O THE CARLYLE GROUP ATTN: J. BECZAK 520 MADISON AVENUE, 39TH FLOOR NEW YORK, NY 10022 | 16199 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,574,529.52 | Lehman Brothers Special Financing Inc. | Unsecured | $707,852.00 |
| | | | | TOTAL | | $3,149,059.04 | TOTAL | | $1,415,704.00 |

**EXHIBIT D**
**(Proposed Order – ECF No. 14490)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                                       :
                            **Debtors.**               :        **(Jointly Administered)**
------------------------------------------------------------------x

### THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the ninety-fifth omnibus objection to claims, dated February 14, 2011 (the "Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim, all as more fully described in the Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Ninety-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

---

[1]        Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-Fifth Omnibus Objection to Claims.

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District

of New York; (vi) the claimants listed on Exhibit A attached to the Ninety-Fifth Omnibus

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9653]; and

it appearing that no other or further notice need be provided; upon the resolution of the

Response of LINC-Redondo Beach Seniors, Inc. [Docket No. 15035]; and the Court

having found and determined that the relief sought in the Ninety-Fifth Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Ninety-Fifth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Ninety-

Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and

2

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                          _____
                                          UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44038432\1\58399.0011

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 95: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LINC-REDONDO BEACH SENIORS, INC. C/O PENELOPE PARMES, ESQ. RUTAN & TUCKER, LLP 611 ANTON BOULEVARD, FOURTEENTH FLOOR COSTA MESA, CA 92626 | 4651 | 05/29/2009 | Lehman Brothers Derivative Products Inc. | Unsecured | Undetermined | Lehman Brothers Derivative Products Inc. | Unsecured | $125,000.00 |
| | | | | | **TOTAL** | $0.00 | | **TOTAL** | $125,000.00 |

**EXHIBIT E**
**(Proposed Order – ECF No. 27381)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING TWO HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the two hundred ninety-second omnibus objection to claims, dated April

16, 2012 (the "Two Hundred Ninety-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Two Hundred Ninety-Second Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Ninety-Second Omnibus

Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two

Hundred Ninety-Second Omnibus Objection to Claims; and (vi) all other parties entitled to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Second Omnibus Objection to Claims.

notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Ninety-Second Omnibus Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Ninety-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Second Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that the Plan Administrator has adjourned to July 19, 2012 (or as may be further adjourned by the Plan Administrator) the Two Hundred Ninety-Second Omnibus Objection to Claims with respect to the claim listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Ninety-Second Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and (ii) any claim listed on Exhibit A annexed to the Two Hundred Ninety-Second Omnibus Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting Two Hundred Ninety-Second Omnibus Objection to Claims (No Guarantee Claims)* [ECF No. 28340]; and it is further

US_ACTIVE:\44035490\1\58399.0003

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 292: EXHIBIT 1 – NO GUARANTEE CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | SISTEMA UNIVERSITARIO ANA G. MENDEZ, INCORPORADO ATTN: ADA L. SOLA-FERNANDEZ PO BOX 21345 SAN JUAN, PR 00928-1345 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30842 | $3,500,000.00 | No Guarantee Claim |
| | | | | | TOTAL | $3,500,000.00 | |

# EXHIBIT 2

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 292: EXHIBIT 2 – NO GUARANTEE CLAIMS – ADJOURNED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|------------|---------|---------------------|----------------------------------|
| 1 | HSBC BANK USA, NA AS TTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-6 SUPPLEMENTAL INTEREST TRUST CTLA- STRUCTURED FINANCE ATTN: CHI LE 10 EAST 40TH STREET, 14TH FLOOR NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28379 | Undetermined | No Guarantee Claim |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 27853)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

## ORDER GRANTING OBJECTION TO CLAIM
## OF SVENSKA HANDELSBANKEN AB (PUBL) (CLAIM NO. 4922)

Upon consideration of the objection, dated May 14, 2012 (the "Objection"),[3] of

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for the entities in the above referenced chapter 11 cases, seeking entry of an order,

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, reducing, reclassifying, and

allowing claim number 4922, filed by Svenska Handelsbanken AB (publ) (the "Svenska Claim"),

on the grounds that the Plan Administrator and the claimant have agreed upon a classification

and claim amount not currently reflected on the Svenska Claim, all as more fully described in the

Objection; and due and proper notice of the Objection having been provided; and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief sought in the Objection is in the best interests of LBHI, its creditors, and all parties in

interest, and that the legal and factual bases set forth in the Objection establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection and the Plan.

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that the Svenska Claim is hereby reclassified as an unsecured claim and reduced and allowed in LBHI Class 7 as a General Unsecured Claim in the amount of $814,056.44, and any asserted amounts in excess of $814,056.44 are disallowed and expunged; and it is further

ORDERED that the Debtors' Court-appointed claims agent is authorized to modify the claims register to reflect this Order; and it is further

ORDERED that this Order has no effect on the Svenska Guarantee Claims, which have been previously settled and allowed pursuant to this Court's Order Granting Debtors' One Hundred Forty-Seventh Omnibus Objection to Claims (Partially Settled Guarantee Claims) [ECF No. 18186]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
           New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT G**
**(Proposed Order – ECF No. 27865)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED NINETY-FOURTH
## OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Upon the two hundred ninety-fourth omnibus objection to claims, dated May 14, 2012 (the "Two Hundred Ninety-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the Late-Filed Claims on the basis that they were filed after the General Bar Date or Securities Programs Bar Date, as applicable, all as more fully described in the Two Hundred Ninety-Fourth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Ninety-Fourth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two Hundred Ninety-Fourth Omnibus Objection to Claims; and (vi) all other

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Fourth Omnibus Objection to Claims.

parties entitled to notice in accordance with the procedures set forth in the second amended order

entered on June 17, 2010, governing case management and administrative procedures for these

cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and

the Court having found and determined that the relief sought in the Two Hundred Ninety-Fourth

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Two Hundred

Ninety-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Late-Filed Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Two Hundred

Ninety-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44039296\1\58399.0011

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 294: EXHIBIT 1 – LATE-FILED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | AGUADO, JOSE<br>1020 W. DEVONSHIRE AVE<br>HEMET, CA 92543 | | Lehman No Case Asserted/All Cases Asserted | 05/03/2012 | 68101 | $447.20 | Late-Filed Claim |
| 2 | KEYBANK, N.A., TRUSTEE FOR THE LUBRIZOL CORPORATION PENSION PLAN LONG DUR FIXED<br>4900 TIEDEMAN RD.<br>OH-01-49-0327<br>BROOKLYN, OH 44144 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/19/2012 | 68084 | $148,774.97 | Late-Filed Claim |
| 3 | KEYBANK, N.A., TRUSTEE FOR THE LUBRIZOL CORPORATION PENSION PLAN PIMCO LONG DUR FIXED<br>4900 TIEDEMAN RD.<br>OH-01-49-0327<br>BROOKLYN, OH 44144 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 04/19/2012 | 68085 | $148,774.97 | Late-Filed Claim |
| | | | | | TOTAL | $297,997.14 | |

**EXHIBIT H**
**(Proposed Order – ECF No. 27866)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                   :      **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :      **08-13555 (JMP)**
                                                        :
                     **Debtors.**                       :      **(Jointly Administered)**
----------------------------------------------------------------------x

### ORDER GRANTING THE TWO HUNDRED
### NINETY-FIFTH OMNIBUS OBJECTION TO
### CLAIMS (DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS)

Upon the two hundred ninety-fifth omnibus objection to claims, dated May 14,

2012 (the "Two Hundred Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Bankruptcy Rule 3007(d) and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and

expungement of the Duplicative of Indenture Trustee Claims on the grounds that such claims are

substantively duplicative of the corresponding Indenture Trustee Claims, as more fully described

in the Two Hundred Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of

the Two Hundred Ninety-Fifth Omnibus Objection to Claims having been provided to (i) the

United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the

Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York;

(v) the claimants listed on Exhibit A attached to the Two Hundred Ninety-Fifth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Ninety-Fifth Omnibus Objection to Claims.

Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [Docket No. 9635]; and it appearing

that no other or further notice need be provided; and the Court having found and determined that

the relief requested in the Two Hundred Ninety-Fifth Omnibus Objection to Claims is in the best

interests of LBHI, its estate, its creditors, and all parties in interest and that the legal and factual

bases set forth in the Two Hundred Ninety-Fifth Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative of Indenture Trustee Claims") are disallowed and expunged in

their entirety with prejudice; and it is further

ORDERED that the claim listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claim*" (the "Indenture Trustee Claims") will remain on the claims register subject to

the Plan Administrator's rights to further object as set forth herein; and it is further

ORDERED that nothing in this Order or disallowance and expungement of the

Duplicative of Indenture Trustee Claim constitutes any admission or finding with respect to the

Indenture Trustee Claims, and the Plan Administrator's rights to object to the Indenture Trustee

Claims on any basis is preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Ninety-Fifth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto, and (ii) the Indenture Trustee Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 295: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CITY OF LAS VEGAS, DARLING FOUNDATION OFFICE OF THE CITY ATTORNEY 400 STEWART AVENUE, 9TH FLOOR LAS VEGAS, NV 89101 | 04/20/2012 | 08-13555 (JMP) | 68096 | $254,500.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |
| 2 | CITY OF LAS VEGAS, DARLING FOUNDATION OFFICE OF THE CITY ATTORNEY 400 STEWART, 9TH FLOOR LAS VEGAS, NV 89101 | 04/20/2012 | 08-13555 (JMP) | 68098 | $254,500.00 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 295: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS**

| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
|---|------|------------|-------------|---------|---------------------|------|------------|-------------|---------|---------------------|--------|
| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | | |
| 3 | DUPREE, WILLIAM T. 10969 EIGHT BELLS LANE COLUMBIA, MD 21044 | 04/26/2012 | 08-13555 (JMP) | 68100 | $20,004.08 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 295: EXHIBIT 1 – DUPLICATIVE OF INDENTURE TRUSTEE CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | REASON |
| 4 | TOKIO MARINE & NICHIDO FIRE INS. CO, LTD ATTN: STRUCTURED CREDIT INVESTMENT GROUP NEW FINANCIAL MARKETS, WEST 14TH FLOOR, OTEMACHI 1ST SQ, 5-1 OTEMACHI CHIYODA-KU TOKYO, 100-0004 JAPAN | 01/20/2009 | 08-13555 (JMP) | 1782 | $5,023,529.24 | WILMINGTON TRUST COMPANY, AS INDENTURE TRUSTEE ATTN: JULIE J. BECKER 50 SOUTH SIXTH STREET, SUITE 1290, DROP CODE: 1700/MINNESOTA MINNEAPOLIS, MN 55402-1544 | 09/02/2009 | 08-13555 (JMP) | 10082 | $48,783,940,671.27 | Duplicative of Indenture Trustee Claim |
| | | | | | | BANK OF NEW YORK MELLON, THE, AS INDENTURE TRUSTEE FOR CUSIP 524908R36 ATTN: JOHN GUILIANO 101 BARCLAY STREET, 8 WEST NEW YORK, NY 10286 | 09/21/2009 | 08-13555 (JMP) | 21800 | $1,933,352,666.67 | |
| | | | TOTAL | $5,552,533.32 | | | | | | | |

**EXHIBIT I**
**(Proposed Order – ECF No. 27867)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                                  :       **Chapter 11 Case No.**
                                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :       **08-13555 (JMP)**
                                                                       :
                        **Debtors.**                           :       **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING TWO HUNDRED**
**NINETY-SIXTH OMNIBUS OBJECTION TO**
<u>**CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**</u>

Upon the two hundred ninety-sixth omnibus objection to claims, dated

May 14, 2012 (the "<u>Two Hundred Ninety-Sixth Omnibus Objection to Claims</u>"),[1] of

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>"), in accordance with section

502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for

the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking

disallowance and expungement of the Amended and Superseded Claims on the basis that

such claims have been amended and superseded by the corresponding Surviving Claims,

all as more fully described in the Two Hundred Ninety-Sixth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Ninety-Sixth Omnibus Objection

to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Sixth Omnibus Objection to Claims.

States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two Hundred Ninety-Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Ninety-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Ninety-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to further object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Amended and Superseded Claim, including, but not limited to, derivative

2

and guarantee questionnaires and supporting documentation, shall be treated as having

been filed in support of and included in the corresponding Surviving Claim; and it is

further

ORDERED that nothing in this Order or the disallowance and

expungement of the Amended and Superseded Claims constitutes any admission or

finding with respect to any of the Surviving Claims, and the Plan Administrator's rights

to object to the Surviving Claims on any basis are preserved; *provided, however,* that

notwithstanding anything herein to the contrary, the Plan Administrator may not object to

a Surviving Claim that is listed on <u>Exhibit 1</u> annexed hereto to the extent that it has been

allowed by order of the Court or allowed pursuant to a signed settlement or termination

agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to

the Two Hundred Ninety-Sixth Omnibus Objection to Claims under the heading "*Claims*

*to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii)

any Surviving Claim; *provided, however*, that if the Court subsequently orders that a

Surviving Claim did not appropriately amend and supersede the corresponding Amended

and Superseded Claim, then the claims agent shall be authorized and directed to

immediately reinstate such Amended and Superseded Claim (the "<u>Reinstated Claim</u>") and

the rights of all interested parties with respect to the Reinstated Claim shall be expressly

reserved; and it is further

3

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 296: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | CHINA DEVELOPMENT IND BANK ATTN: OPERATION DEPARTMENT, BEATRICE CHOU, NANCY LIANG, ALVIE CHUANG CHINA DEVELOPMENT INDUSTRIAL BANK 125 NANJING EAST ROAD, SECTION 5 TAIPEI, 10504 CHINA | 09/16/2009 | 08-13888 (JMP) | 14329 | $485,733.00 | CHINA DEVELOPMENT INDUSTRIAL BANK C/O JAMES SULLIVAN, ESQ. MOSES & SINGER LLP 405 LEXINGTON AVENUE NEW YORK, NY 10174 | 09/08/2011 | 08-13888 (JMP) | 67656 | $485,733.00 |
| | | | | | | CHINA DEVELOPMENT INDUSTRIAL BANK C/O JAMES SULLIVAN, ESQ. MOSES & SINGER LLP 405 LEXINGTON AVENUE NEW YORK, NY 10174 | 09/08/2011 | 08-13555 (JMP) | 67657 | $485,733.00 |
| 2 | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2007-4 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA, VP, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 09/22/2009 | 08-13888 (JMP) | 29736 | Undetermined | DIAMOND FINANCE PUBLIC LIMITED COMPANY SERIES 2007-4 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA - VICE PRESIDENT, GLOBAL CORPORATE TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 04/19/2012 | 08-13888 (JMP) | 68083 | $169,791,281.41* |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 296: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 3 | DOWNTOWN REDEVELOPMENT AUTHORITY 210 E. THIRTEENTH STREET PO BOX 1995 VANCOUVER, WA 98668 | 09/22/2009 | 08-13555 (JMP) | 29560 | $751,921.00 | DOWNTOWN REDEVELOPMENT AUTHORITY PO BOX 1995 VANCOUVER, WA 98668-1995 | 03/07/2012 | 08-13555 (JMP) | 68036 | $2,196,822.00 |
| 4 | DOWNTOWN REDEVELOPMENT AUTHORITY 210 E. THIRTEENTH STREET P.O. BOX 1995 VANCOUVER, WA 98668 | 09/28/2009 | 08-13888 (JMP) | 35351 | $751,921.00 | DOWNTOWN REDEVELOPMENT AUTHORITY PO BOX 1995 VANCOUVER, WA 98668-1995 | 03/07/2012 | 08-13555 (JMP) | 68035 | $2,196,822.00 |
| 5 | EUROPEAN CREDIT MANAGEMENT LIMITED C/O MICHELLE DUNCAN PAUL, HASTINGS, JANOFSKY & WALKER (EUROPE) LLP SOLICITORS & REGISTERED FOREIGN LAWYERS TEN BISHOPS SQUARE, EIGHTH FLOOR LONDON, E1 6EG UNITED KINGDOM | 09/21/2009 | 08-13900 (JMP) | 21660 | Undetermined | EUROPEAN CREDIT MANAGEMENT LIMITED C/O MICHELLE DUNCAN, PARTNER PAUL, HASTINGS, JANOFSKY & WALKER (EUROPE) LLP SOLICITORS & REGISTERED FOREIGN LAWYERS TEN BISHOPS SQUARE, EIGHTH FLOOR LONDON, E1 6EG UNITED KINGDOM | 01/22/2010 | 08-13900 (JMP) | 66153 | $0.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 296: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 6 | GIACOMAN M, ARTURO & ESPARZA ZORILLA, BERTHA A - JTWROS TOD C/O JOSEPH L. FOX, ESQ. 60 EAST 42ND STREET, SUITE 2231 NEW YORK, NY 10165 | 02/13/2009 | 08-13555 (JMP) | 2801 | $60,028.13 | GIACOMAN M, ARTURO & BERTHA A ESPARZA ZORILLA JTWROS TOD MARCELA ANA CECILIA ARTURO GIACOMAN ESPARZA C/O JOSEPH L. FOX, ESQ. 60 EAST 42ND STREET, SUITE 2231 NEW YORK, NY 10165 | 07/14/2011 | 08-13555 (JMP) | 67575 | $38,903.54 |
| 7 | LOMELI,DANIEL J. 348 CAROLINA STREET CLARK, NJ 07066 | 09/22/2009 | 08-13555 (JMP) | 33571 | $55,000.00 | LOMELI, DANIEL J. 348 CAROLINA STREET CLARK, NJ 07066 | 03/07/2012 | 08-13555 (JMP) | 68034 | $70,000.00 |
| 8 | SCHAFLI, RUDOLF BUNG ESTSTRASSE 1 ZIZERS, CH-7205 SWITZERLAND | 09/28/2009 | 08-13555 (JMP) | 35374 | $21,277.50 | SCHAFLI-SCHNEIDER, RUDOLF BUNGERTSTRASSE 1 ZIZERS, CH-7205 SWITZERLAND | 10/05/2009 | 08-13555 (JMP) | 36224 | $21,286.59 |
| 9 | SMITH, JOANNE M. 8112 BAY 16TH ST BROOKLYN, NY 11214 | 10/30/2008 | 08-13555 (JMP) | 418 | $115,500.00 | SMITH, JOANNE M. 8112 BAY 16TH STREET BROOKLYN, NY 11214 | 09/22/2009 | 08-13555 (JMP) | 30690 | $134,250.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 296: EXHIBIT 1 – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 10 | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: MS SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG | 09/21/2009 | 08-13555 (JMP) | 22779 | Undetermined | SUN HUNG KAI INVESTMENT SERVICES LIMITED ATTN: SYLVIA LAU 42/F THE LEE GARDENS 33 HYSAN AVE CAUSEWAY BAY HONG KONG | 10/26/2009 | 08-13555 (JMP) | 46341 | $3,330,455.48 |
| 11 | TENNESSEE DEPARTMENT OF REVENUE C/O ATTORNEY GENERAL P.O. BOX 20207 NASHVILLE, TN 37202-0207 | 02/16/2012 | 08-13555 (JMP) | 67892 | $126,214.98 | TENNESSEE DEPARTMENT OF REVENUE C/O ATTORNEY GENERAL P.O. BOX 20207 NASHVILLE, TN 37202-0207 | 03/13/2012 | 08-13555 (JMP) | 68051 | $129,066.16 |
| | | | TOTAL | | $2,367,595.61 | | | | | |

**EXHIBIT J**
**(Proposed Order – ECF No. 27869)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                                   :        **Chapter 11 Case No.**
                                                                        :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                                        :
                                  **Debtors.**                :        **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING TWO HUNDRED NINETY-EIGHTH
### OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the two hundred ninety-eighth omnibus objection to claims, dated May 14,

2012 (the "Two Hundred Ninety-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"),

seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds

that such claims are duplicative of the corresponding Surviving Claims, either exactly or in

substance, all as more fully described in the Two Hundred Ninety-Eighth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Ninety-Eighth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Two Hundred Ninety-

Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Ninety-Eighth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Ninety-Eighth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Ninety-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*"

(collectively, the "Duplicative LPS Claims") are disallowed and expunged in their entirety with

prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading

"*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register

subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Duplicative LPS Claim shall be treated as having been filed in support of the

corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the

Duplicative LPS Claims constitutes any admission or finding with respect to any of the

Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any

basis are preserved, unless the applicable Surviving Claim has previously been allowed by order

of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not

appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent

shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to

the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Ninety-Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and

Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Surviving Claims; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 298: EXHIBIT 1 – DUPLICATIVE LPS CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BINDER TRUST LIMITED 5TH FLOOR BEAUX LANE HOUSE MERCER STREET LOWER DUBLIN 2, IRELAND | 10/21/2009 | 08-13555 (JMP) | 43158[1] | $6,985,317.66 | VARDE MANAGEMENT, L.P. (AS AGENT FOR VARDE FUND, LP, VARDE FUND V-B L.P., VARDE FUND VII-B, L.P., VARDE FUND VIII, L.P., VARDE FUND IX, L. P., VARDE FUND IX-A, L.P., VARDE FUND X (MASTER), L.P., VARDE INVESTMENT PARTNERS (OFFSHORE) MASTER, L.P., VARDE INVESTMENT PARTNERS L.P.) C/O BROWN RUDNICK LLP NEW YORK, NY 10036 TRANSFERRED TO: FIR TREE CAPITAL OPPORTUNITY MASTER FUND, L.P. TRANSFEROR: BARCLAYS BANK PLC C/O FIR TREE PARTNERS ATTN: STEVEN SCARPULLA 505 FIFTH AVENUE, 21ST FLOOR NEW YORK, NY 10017 TRANSFERRED TO: FIR TREE VALUE MASTER FUND, L.P. TRANSFEROR: BARCLAYS BANK PLC C/O FIR TREE PARTNERS; ATTN: STEPHEN SCARPULLA 505 FIFTH AVE, 23RD FLOOR NEW YORK, NY 10017 | 09/20/2010 | 08-13555 (JMP) | 67078 | $7,180,675.22 |

---

[1] Claim 43158 is being expunged solely with respect to its asserted claim of $6,985,317.66 for the security with ISIN XS0187189104. The remaining portion of Claim 43158 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 43158 are reserved.

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 298: EXHIBIT 1 – DUPLICATIVE LPS CLAIMS**

| | | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 2 | KONNER, INGRID<br>KONIGENDORFER STR. 7<br>DESSAU-ROBLAN, 06847<br>GERMANY | 10/08/2009 | 08-13555 (JMP) | 37041 | Undetermined | KOENNER, BERNHARD<br>C/O NABER PC<br>300 CENTRAL AVENUE<br>GREAT FALLS, MT 59401 | 12/17/2010 | 08-13555 (JMP) | 67263 | $26,215.52 |
| 3 | MUELLER, MARTHA CHILTON<br>C/O SILVERMAN ACAMPORA, LLP<br>ATTN: RONALD J. FRIEDMAN<br>100 JERICHO QUADRANGLE<br>SUITE 300<br>JERICHO, NY 11753 | 11/02/2009 | 08-13555 (JMP) | 62746 | $1,405,373.85 | BANK J.SAFRA (GIBRALTAR) LTD<br>SUITE 971<br>EUROPORT<br>PO BOX 542<br><br>GIBRALTAR | 10/26/2009 | 08-13555 (JMP) | 46166 | $386,547.44 |
| | | | | **TOTAL** | $8,390,691.51 | | | | | |

**EXHIBIT K**
**(Proposed Order – ECF No. 27870)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :        **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THE TWO HUNDRED NINETY-NINTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred ninth omnibus objection to claims, dated May 14, 2012

(the "Two Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"),

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the

"Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the

extent that they assert claims for which the applicable Chapter 11 Estates do not have any

liability, all as more fully described in the Two Hundred Ninety-Ninth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Ninety-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Two Hundred Ninety-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Ninety-Ninth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Ninety-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Ninety-Ninth Objection to Claims that is not listed on Exhibit 1 annexed hereto and (ii) the

portion of any No Liability Claim that is not the subject of the Two Hundred Ninety-Ninth

Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 1 | 469 BERGMAN PROPERTIES LLC C/O CHESTER B. SALOMON, ESQ. BECKER, GLYNN, MELAMED & MUFFLY LLP 299 PARK AVENUE NEW YORK, NY 10171 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 22073 | $1,200,000.00 | No Liability Claim | A portion of Claim 22073 is based on amounts owed under securities issued by or investments in Clearwater Capital Partners Fund III, LP and Lehman Brothers MLP Opportunity Delaware Fund, LP, both of which are non-Debtor entities. LBHI has no liability for the securities issued by or investments in (i) Clearwater Capital Partners Fund III, LP, in the claimed amount of $400,000.00, and (ii) Lehman Brothers MLP Opportunity Delaware Fund, LP, in the claimed amount of $800,000.00. The remaining portion of Claim 22073 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 22073 are reserved. |
| 2 | CHOU, WILLIAM 66 W 38TH ST APT 28G NEW YORK, NY 10018 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10189 | $14,271.83 | No Liability Claim | Claim 10189 asserts a claim for taxes incurred related to claimant's exercise of certain options. LBHI is not liable for taxes incurred by claimant in connection with these transactions. |
| 3 | COYM, PETER OBERER REISBERG 34 BAD HOMBURG, BE 61350 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9058 | $63,881.25 | No Liability Claim | Claim 9058 asserts a claim based on LBHI's purported guarantee of an obligation of Lehman Brothers Bankhaus AG under an advisory agreement.  Claimant does not provide any basis or support for the guarantee claim and LBHI does not have any liability for the underlying agreement. |
| 4 | CREDIT AGRICOLE CORPORATE AND INVESTMENT BANK (FKA CALYON) ATTN: SOPHIE WALDBERG-BILLHOUET 9 QUAI DU PRESIDENT PAUL DOUMER COURBEVOIE, 92400 FRANCE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 49458 | $24,056,700.00 | No Liability Claim | Claim 49458 was filed by a holder of securities (the "Security Holder") that were issued by non-Debtor securitization trusts (the "Trusts").  The Trusts purchased commercial mortgage loans from the Debtors and issued securities collateralized by receipts of payments of interest or principal on the loans.  The Debtors did not issue the securities to the Security Holder and are not liable for any payments to the holder of such securities or any other obligations of the Trusts. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 5 | FEINGOLD, VICTOR SALOMON 117 TUCUMAN STREET 7TH FLOOR BUENOS AIRES, C1049AAC ARGENTINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 18657 | $200,000.00 | No Liability Claim | Claim 18657 was filed by a former holder of securities (the "Former Security Holder") on which LBHI may have been an obligor; however, the Former Security Holder sold the securities and the Debtors are not liable to the Former Security Holder for any trading losses the Former Security Holder may have incurred. |
| 6 | GLG MARKET NEUTRAL FUND C/O GLG PARTNERS LP ATTN: MARY NELL BROWNING 1 CURZON STREET LONDON, W1J 5HB UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 62733 | $25,731,439.11* | No Liability Claim | Claim 62733 was filed by a former holder of securities (the "Former Security Holder") on which LBHI may have been an obligor; however, the Former Security Holder sold the securities and the Debtors are not liable to the Former Security Holder for any trading losses the Former Security Holder may have incurred. |
| 7 | HARTIG, HELMUT AND LILLI JOHANNES-R.-BECHER-STR.6 JENA, 07745 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9069 | $21,211.50 | No Liability Claim | The securities that are the subject of Claim 9069 (the "Capital Raising Securities") were issued by Capital Raising GmbH, an entity entirely unaffiliated with the Debtors, and were erroneously included on the Debtor's list of Lehman Programs Securities.  The Capital Raising Securities were neither issued nor guaranteed by the Debtors.  Additional information regarding the Capital Raising Securities can be found in the Debtors' One Hundred Fourteenth Omnibus Objection to Claims (No Liability Claims) [ECF No. 15017]. |
| 8 | HOWARD WEIL INCORPORATED 1100 POYDRAS STREET SUITE 3500 NEW ORLEANS, LA 70163 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3880 | $324,480.00 | No Liability Claim | Claim 3880 is based on a transaction between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 9 | HSBC BANK USA, NATIONAL ASSOCIATION C/O DAVID NEIER, ESQ. WINSTON & STRAWN LLP 200 PARK AVENUE NEW YORK, NY 10166 | 08-13900 (JMP) | Lehman Commercial Paper Inc. | 7580 | Undetermined | No Liability Claim | Claim 7580 is based on alleged or potential breaches of representations and warranties in connection with a securitization of mortgage loans. All but two of the loans have matured or otherwise liquidated, and LCPI is not aware of any breaches or damages relating to the remaining loans.  As a result, LCPI has no liability for this claim. |
| 10 | KITCHEN CENTER, THE 1031 S. 15TH STREET GRAND JUNCTION, CO 81501 | 09-10560 (JMP) | LB Rose Ranch LLC | 18140 | $11,159.06 | No Liability Claim | Claim 18140 is based on a transaction between claimant and IronBridge Homes, LLC or an affiliate of IronBridge Homes, LLC.  LB Rose Ranch has no liability to claimant relative to such transaction. |
| 11 | KOMMUNALER VERSORGUNGSVERBAND BRANDENBURG ATTN: DIREKTORIN IRMGARD STELTER RUDOLF-BREITSCHEID-STRABE 62 GRANSEE, DE-16775 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 27009 | $13,210,225.00 | No Liability Claim | Claim 27009 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 12 | LIBERTY MUTUAL FIRE INSURANCE COMPANY ATTN: ROBERT BLAUVELT 175 BERKELEY STREET BOSTON, MA 02116 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 15932 | $11,111,839.84 | No Liability Claim | A portion of Claim 15932 is based on amounts owed under securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners, L.P. and Lehman Brothers Real Estate Mezzanine Partners II, L.P., both of which are non-Debtor entities.  LBHI has no liability for the securities issued by or investments in (i) Lehman Brothers Real Estate Mezzanine Partners, L.P., in the claimed amount of $9,611,839.84, and (ii) Lehman Brothers Real Estate Mezzanine Partners II, L.P, in the claimed amount of $1,500,000.00.  The remaining portion of Claim 15932 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 15932 are reserved. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 13 | LIBERTY MUTUAL INSURANCE COMPANY ATTN: ROBERT BLAUVELT 175 BERKELEY STREET BOSTON, MA 02116 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 15930 | $18,917,759.72 | No Liability Claim | A portion of Claim 15930 is based on amounts owed under securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners, L.P. and Lehman Brothers Real Estate Mezzanine Partners II, L.P., both of which are non-Debtor entities. LBHI has no liability for the securities issued by or investments in (i) Lehman Brothers Real Estate Mezzanine Partners, L.P., in the claimed amount of $14,417,759.72, and (ii) Lehman Brothers Real Estate Mezzanine Partners II, L.P., in the claimed amount of $4,500,000.00. The remaining portion of Claim 15930 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 15930 are reserved. |
| 14 | LIBLACO SEPARATE ACCOUNTS ATTN: ROBERT BLAUVELT, VICE PRESIDENT FIXED INCOME LIBERTY MUTUAL GRUP BOSTON, MA 02116 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 15944 | $750,000.00 | No Liability Claim | A portion of Claim 15944 is based on amounts owed under securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners II, a non-Debtor entity. LBHI has no liability for the securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners II, in the claimed amount of $750,000.00. The remaining portion of Claim 15944 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 15944 are reserved. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 15 | MARKELL, RICHARD A.<br>14 TALLTREE ROAD<br>NEW ROCHELLE, NY 10804 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9596 | Undetermined | No Liability Claim | A portion of Claim 9596 is based on amounts owed under securities issued by Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity.  LBHI has no liability for the securities issued by Lehman Brothers Bank FSB.  Claim 9596 is being expunged solely with respect to its asserted claim in undetermined amount for the securities issued by Lehman Brothers Bank FSB.  The remaining portion of Claim 9596 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 9596 are reserved. |
| 16 | MAYROCK, ISIDORE & STACEY<br>395 DUCK POND ROAD<br>LOCUST VALLEY, NY 11560 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 2301 | $450,000.00 | No Liability Claim | Claim 2301 is based on amounts owed under securities issued by or investments in Lehman Brothers European Mezzanine Fund 2003 – B., L.P., a non-Debtor entity.  LBHI has no liability for the securities issued by or investments in Lehman Brothers European Mezzanine Fund 2003 – B., L.P. |
| 17 | MERRILL LYNCH INTERNATIONAL<br>ATTN: CHRISTOPHER J. HAAS<br>BANK OF AMERICA TOWER<br>ONE BRYANT PARK<br>NEW YORK, NY 10036 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 20144 | $242,476.01 | No Liability Claim | Claim 20144 for an alleged erroneous wire transfer relates to a transfer made to Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases.  LBSF does not have any liability with respect to such transfer. |
| 18 | MUENSTER, STADT<br>STADTKASSE<br>MUNSTER, 48127<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5268 | Undetermined | No Liability Claim | Claim 5268 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 19 | PEERLESS INSURANCE COMPANY ATTN: ROBERT BLAUVELT, VICE PRESIDENT FIXED INCOME LIBERTY MUTUAL GROUP 175 BERKELEY STREET BOSTON, MA 02116 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 15948 | $750,000.00 | No Liability Claim | A portion of Claim 15948 is based on amounts owed under securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners II, L.P, a non-Debtor entity.  LBHI has no liability for the securities issued by or investments in Lehman Brothers Real Estate Mezzanine Partners II, L.P., in the claimed amount of $750,000.00.  The remaining portion of Claim 15948 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 15948 are reserved. |
| 20 | RHEINISCHE ZUSATZVERSORGUNGSHASSE FUR GEMEINDEN UND GEMEINDEVERBANDE MINDENER STR.2 KOLN, 50679 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8046 | $9,527,989.15 | No Liability Claim | Claim 8046 asserts a claim based on LBHI's purported guarantee of loan agreement between claimant and Lehman Brothers Bankhaus AG.  Claimant does not provide any basis or support for the guarantee claim and LBHI does not have any liability for the underlying loan. |
| 21 | SAFRA NATIONAL BANK OF NEW YORK AS CUSTODIAN FOR ITS CLIENTS 546 FIFTH AVENUE NEW YORK, NY 10036 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4703 | $100,000.00 | No Liability Claim | A portion of Claim 4703 is based on amounts owed under securities issued by Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity.  LBHI has no liability for the securities issued by Lehman Brothers Bank FSB, in the claimed amount of $100,000.00.  The remaining portion of Claim 4703 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 4703 are reserved. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 22 | SCHROEDER, LOTHAR AND INGRID NEUSTAEDTER STR., 25 STADTRODA, 07646 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9079 | $28,312.00 | No Liability Claim | The securities that are the subject of Claim 9079 (the "Capital Raising Securities") were issued by Capital Raising GmbH, an entity entirely unaffiliated with the Debtors, and were erroneously included on the Debtors' list of Lehman Programs Securities.  The Capital Raising Securities were neither issued nor guaranteed by the Debtors.  Additional information regarding the Capital Raising Securities can be found in the Debtors' One Hundred Fourteenth Omnibus Objection to Claims (No Liability Claims) [ECF No. 15017]. |
| 23 | SDIOUFELDER, DORIS PREUSSENALLER 36 BERLIN, 14052 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 57301 | $12,030.90 | No Liability Claim | The security underlying Claim 57301 was not issued by LBHI or any of its affiliates.  LBHI does not owe any obligations under such security. |
| 24 | SINGAPORE CREDIT CO-OPERATIVES LEAGUE LTD BLOCK 1 JALAN BUKIT MERAH # 01-4532 SINGAPORE, 150001 SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 35080 | $349,846.07 | No Liability Claim | The security underlying Claim 35080 was not issued by LBHI or any of its affiliates.  LBHI does not owe any obligations under such security. |
| 25 | SINGAPORE CREDIT CO-OPERATIVES LEAGUE LTD BLOCK 1 JALAN BUKIT MERAH # 01-4532 SINGAPORE, 150001 SINGAPORE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 35081 | $524,769.10 | No Liability Claim | The security underlying Claim 35081 was not issued LBHI or any of its affiliates.  LBHI does not owe any obligations under such security. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

### OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 26 | TOKIO MARINE & NICHIDO FIRE INS. CO, LTD ATTN: FIXED INCOME GROUP, INVESTMENT DEPARTMENT I 6-4 SANBANCHO, CHIYODA-KU TOKYO, 102-8014 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 59194 | $56,144,461.76 | No Liability Claim | Claim 59194 was filed by holder of securities (the "Security Holder") that were issued by non-Debtor securitization trusts (the "Trusts"). The Trusts purchased commercial mortgage loans from the Debtors and issued securities collateralized by receipts of payments of interest or principal on the loans. The Debtors did not issue the securities to the Security Holder and are not liable for any payments to the holder of such securities or any other obligations of the Trusts. |
| 27 | WENK, CHRISTINA GRENZSTR. 31 JENA, 07745 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9070 | $36,037.50 | No Liability Claim | The securities that are the subject of Claim 9070 (the "Capital Raising Securities") were issued by Capital Raising GmbH, an entity entirely unaffiliated with the Debtors, and were erroneously included on the Debtors' list of Lehman Programs Securities. The Capital Raising Securities were neither issued nor guaranteed by the Debtors. Additional information regarding the Capital Raising Securities can be found in the Debtors' One Hundred Fourteenth Omnibus Objection to Claims (No Liability Claims) [ECF No. 15017]. |
| 28 | WESTDEUTSCHER RUNDFUNK KOLN PUBLIC-LAW INSTITUTION APPELLHOFPLATZ 1 KOLN, 50667 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7326 | Undetermined | No Liability Claim | Claim 7326 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |

**TOTAL    $163,778,889.80**

**EXHIBIT L**
**(Proposed Order – ECF No. 27871)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
In re                                                          :        **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :        **08-13555 (JMP)**
                                                               :
                    **Debtors.**                               :        **(Jointly Administered)**
---------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDREDTH OMNIBUS
### OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundredth omnibus objection to claims, dated May 14, 2012 (the

"Three Hundredth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"

and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the

entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to revalue and allow the

Settled Derivatives Claims on the grounds that the Chapter 11 Estates and claimants have agreed

upon a claim amount that is not currently reflected on claimants' proofs of claim, all as more

fully described in the Three Hundredth Omnibus Objection to Claims; and due and proper notice

of the Three Hundredth Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each

claimant listed on Exhibit A attached to the Three Hundredth Omnibus Objection to Claims; and

---
[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundredth Omnibus Objection to Claims.

(vi) all other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010 governing case management and administrative

procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Three

Hundredth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

creditors, and all parties in interest and that the legal and factual bases set forth in the Three

Hundredth Omnibus Objection to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundredth Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed

hereto is hereby modified and allowed in the amount that is set forth on Exhibit 1 under the

column heading *"Modified Amount"*; *provided that*, the holder of a Settled Derivatives Claim

against both (i) a Chapter 11 Estate based on a derivatives contract and (ii) LBHI based on its

guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of

the Settled Derivatives Claim that is greater than the applicable *"Modified Amount"*; and it is

further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the

claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled

Derivatives Claims shall represent the sole right of the claimant to any distributions from the

applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract;

and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A to the Three Hundredth

Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                         _____
                         UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44035536\1\58399.0003

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS, INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 300: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | SOUTHWEST AIRLINES CO. ATTN: MARK R SHAW, ASSOCIATE GENERAL COUNSEL 2702 LOVE FIELD DRIVE, HDQ-4GC DALLAS, TX 75235 | 30562 | 09/22/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $289,497.23* | $267,505.79 |
| 2 | SOUTHWEST AIRLINES CO. ATTN MARK R. SHAW, ASSOCIATE GENERAL COUNSEL 2702 LOVE FIELD DRIVE, HDQ-4GC DALLAS, TX 75235 | 32389 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $289,497.23 | $267,505.79 |
| | | | | | TOTAL | $578,994.46 | TOTAL $535,011.58 |

**EXHIBIT M**
**(Proposed Order – ECF No. 27872)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                        :    **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :    **08-13555 (JMP)**
                                                             :
                                    Debtors.    :    **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED FIRST OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the three hundred first omnibus objection to claims, dated May 14, 2012

(the "Three Hundred First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives

Claims on the grounds that they assert claims for which LBHI, Lehman Brothers Special

Financing Inc., and Lehman Brothers Commodity Services Inc. (together, the "Chapter 11

Estates") have no liability, all as more fully described in the Three Hundred First Omnibus

Objection to Claims; and due and proper notice of the Three Hundred First Omnibus Objection

to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities

and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the

Three Hundred First Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred First Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [ECF No. 9635]; and

the Court having found and determined that the relief sought in the Three Hundred First

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

and all parties in interest and that the legal and factual bases set forth in the Three Hundred First

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that the Plan Administrator has adjourned *sine die* the Three Hundred

First Omnibus Objection to Claims with respect to the claim listed on Exhibit 2 annexed hereto;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
          New York, New York

_____
          UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 301: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BONTEN MEDIA GROUP INC. BONTEN MEDIA GROUP HOLDINGS, INC. ATTN: WILLIAM S. MOODY 675 THIRD AVENUE, SUITE 2521 NEW YORK, NY 10017 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 22095 | Undetermined* | No Liability Claim |
| 2 | CAIXA PENEDES GESTIO, S.G.I.I.C, S.A. ACTING ON BEHALF OF FONPENEDES GARANTIT INTERES MES BORSA IX ATTN: DANIEL ZAPLANA & JOSE MANUEL SANCHEZ, & LAURA DE LA FUENTE RAMBLA NOSTRA SENYORA, 2-4, 80720 VILAFRANCA DEL PENEDES BARCELONA, SPAIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29601 | $39,001.02 | No Liability Claim |
| 3 | CITY OF NORTH LITTLE ROCK, AR C/O JOHN HARDIN ROSE LAW FIRM 120 EAST 4TH STREET LITTLE ROCK, AR 72201 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/19/2009 | 19557 | $16,917,500.00* | No Liability Claim |
| 4 | ESSENTIA HEALTH ATTN: ROBERT NORMAN, CFO 502 EAST SECOND STREET DULUTH, MN 55805 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/04/2010 | 67190 | Undetermined* | No Liability Claim |
| 5 | ESSENTIA HEALTH ATTN: ROBERT NORMAN, CFO 502 EAST SECOND STREET DULUTH, MN 55805 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 11/04/2010 | 67191 | Undetermined* | No Liability Claim |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 301: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | REGIONS BANK BY: CITY OF NORTH LITTLE ROCK, AR C/O JOHN HARDIN ROSE LAW FIRM 120 EAST 4TH STREET LITTLE ROCK, AR 72201 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/19/2009 | 19556 | $16,917,500.00* | No Liability Claim |
| 7 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31031 | Undetermined* | No Liability Claim |
| 8 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31061 | Undetermined* | No Liability Claim |
| | | | | | TOTAL | $33,874,001.02 | |

# EXHIBIT 2

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 301: EXHIBIT 2 – NO LIABILITY CLAIMS - ADJOURNED CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | EAGLEROCK INSTITUTIONAL PARTNERS LP 505 PARK AVE FL 2 NEW YORK, NY 10022-9334 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25160 | Undetermined* | No Liability Claim |
| 2 | EAGLEROCK INSTITUTIONAL PARTNERS, LP ATTN: NADER TAVAKOLI C/O EAGLEROCK CAPITAL MANAGEMENT, L.L.C. 505 PARK AVE FL 2 NEW YORK, NY 10022-9334 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25157 | Undetermined* | No Liability Claim |
| 3 | EAGLEROCK MASTER FUND LP ATTN: NADER TAVAKOLI C/O EAGLEROCK CAPITAL MANAGEMENT, L.L.C. 24 WEST 40TH ST., 10TH FL. NEW YORK, NY 10022-9334 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25156 | Undetermined* | No Liability Claim |
| 4 | EAGLEROCK MASTER FUND LP 505 PARK AVE FL 2 NEW YORK, NY 10022-9334 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25161 | Undetermined* | No Liability Claim |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT N**
**(Proposed Order – ECF No. 27873)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | |
|---|---|
| In re | :     **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | :     **08-13555 (JMP)** |
| | : |
| Debtors. | :     **(Jointly Administered)** |

-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED SECOND
## OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the three hundred second omnibus objection to claims, dated May

14, 2012 (the "Three Hundred Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator

under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings

Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce and allow the Valued Derivative Claims, as more fully described in the

Three Hundred Second Omnibus Objection to Claims; and due and proper notice of the

Three Hundred Second Omnibus Objection to Claims having been provided to (i) the

United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii)

the Internal Revenue Service; (iv) the United States Attorney for the Southern District of

New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Second

Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Second Omnibus Objection to Claims.

with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [Docket No.

9653]; and it appearing that no other or further notice need be provided; and upon the

resolution of Proof of Claim number 26527 filed by SPCP Group, LLC Transferor: Royal

Bank of Scotland Plc; and the Court having found and determined that the relief sought in

the Three Hundred Second Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual

bases set forth in the Three Hundred Second Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Second

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Three

Hundred Second Omnibus Objection to Claims that does not appear on Exhibit 1 annexed

hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

2

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 302: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED CHAPTER 11 ESTATE | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | EXCO OPERATING COMPANY, LP C/O ROBERT D. ALBERGOTTI HAYNES & BOONE LLP 2323 VICTORY AVENUE, SUITE 700 DALLAS, TX 75219 | 16479 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $474,500.00* | Lehman Brothers Holdings Inc. | Unsecured | $474,500.00 |
| 2 | EXCO OPERATING COMPANY, LP C/O ROBERT D. ALBERGOTTI HAYNES & BOONE LLP 2323 VICTORY AVENUE, SUITE 700 DALLAS, TX 75219 | 17292 | 09/18/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $474,500.00* | Lehman Brothers Commodity Services Inc. | Unsecured | $474,500.00 |
| 3 | SEMPRA ENERGY SOLUTIONS LLC C/O SEMPRA ENERGY TRADING LLC ATTN: RICHARD BEITLER, SENIOR VICE PRESIDENT & DEPUTY GENERAL COUNSEL 600 WASHINGTON BOULEVARD STAMFORD, CT 06901 | 15854 | 09/17/2009 | Lehman Brothers Commodity Services Inc. | Unsecured | $253,405.00* | Lehman Brothers Commodity Services Inc. | Unsecured | $253,405.00 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 302: EXHIBIT 1 – VALUED DERIVATIVES CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CHAPTER 11 ESTATE | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 4 | SEMPRA ENERGY SOLUTIONS LLC C/O SEMPRA ENERGY TRADING LLC ATTN: RICHARD BEITLER, SENIOR VICE PRESIDENT & DEPUTY GENERAL COUNSEL 600 WASHINGTON BOULEVARD STAMFORD, CT 06901 | 15855 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $253,405.00* | Lehman Brothers Holdings Inc. | Unsecured | $253,405.00 |
| 5 | SPCP GROUP, LLC TRANSFEROR: ROYAL BANK OF SCOTLAND PLC, THE ATTN: BRIAN A. JARMAIN 2 GREENWICH PLAZA, 1ST FLOOR GREENWICH, CT 06830 | 26527 | 09/22/2009 | Lehman Brothers OTC Derivatives Inc. | Unsecured | $140,845.36* | Lehman Brothers OTC Derivatives Inc. | Unsecured | $73,164.00 |
| | | | | | TOTAL | $1,596,655.36 | | TOTAL | $1,514,655.00 |

**EXHIBIT O**
**(Proposed Order – ECF No. 27874)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                       :
                        **Debtors.**                   :        **(Jointly Administered)**
-------------------------------------------------------------------x

<u>**ORDER GRANTING THREE HUNDRED THIRD OMNIBUS**
**OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**</u>

Upon the three hundred third omnibus objection to claims, dated May 14, 2012

(the "<u>Three Hundred Third Omnibus Objection to Claims</u>"),[1] of Lehman Brothers Holdings Inc.

("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11

of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking to disallow and expunge the

Insufficient Documentation Claims, all as more fully described in the Three Hundred Third

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Third Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Three

Hundred Third Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates,

their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three

Hundred Third Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Third Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Third Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit 1</u> annexed hereto are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 303: EXHIBIT 1 – INSUFFICIENT DOCUMENTATION CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | 416-432 WEST 52ND ST LLC C/O TESSLER DEVELOPMENTS 461 PARK AVENUE SOUTH NEW YORK, NY 10019 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30021 | $5,000,000.00* | Insufficient Documentation Claim |
| | | | | | TOTAL | $5,000,000.00 | |