UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                           Debtors.                      :    (Jointly Administered)
-------------------------------------------------------------------x

## ORDER GRANTING TWO HUNDRED NINETY-EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE LPS CLAIMS)

Upon the two hundred ninety-eighth omnibus objection to claims, dated May 14, 2012 (the "Two Hundred Ninety-Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), seeking, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), to disallow and expunge the Duplicative LPS Claims on the grounds that such claims are duplicative of the corresponding Surviving Claims, either exactly or in substance, all as more fully described in the Two Hundred Ninety-Eighth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Ninety-Eighth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Two Hundred Ninety-Eighth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-Eighth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Two Hundred Ninety-Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Eighth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative LPS Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative LPS Claim shall be treated as having been filed in support of the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative LPS Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved, unless the applicable Surviving Claim has previously been allowed by order of this Court; and it is further

ORDERED that if the Court subsequently orders that a Surviving Claim is not appropriately duplicative of the corresponding Duplicative LPS Claim, then the claims agent shall be authorized and directed to immediately reinstate such Duplicative LPS Claim in these

chapter 11 cases (the "Reinstated Claim"), and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred Ninety-Eighth Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on Exhibit 1 annexed hereto and (ii) the Surviving Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: New York, New York
      June 28, 2012

                                                  *s/ James M. Peck*
                                                  Honorable James M. Peck
                                                  United States Bankruptcy Judge