LATHAM & WATKINS LLP
Gregory O. Lunt
355 South Grand Avenue
Los Angeles CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
Michael Riela
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
*Counsel for Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **08-13555 (JMP)** |
| Debtors. | **(Jointly Administered)** |

**COVER SHEETS FOR FINAL APPLICATION OF**
**LATHAM & WATKINS LLP FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**INCURRED AS SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM FEBRUARY 1, 2010 THROUGH AUGUST 31, 2011**

| | |
|---|---|
| Name of Applicant: | Latham & Watkins LLP |
| Authorized to provide professional services to: | The above-captioned debtors and debtors-in-possession |
| Date of retention order: | May 20, 2010 |
| Period for which final compensation and reimbursement are sought: | February 1, 2010 through August 31, 2011 |
| Final amount of compensation sought as actual, reasonable, and necessary: | $610,148.50  ($592,570.50 for the Scout/Heritage Matters and $17,578.00 for the Aegis |

| | Matter) |
|---|---|
| Final amount of expense reimbursement sought as actual, reasonable, and necessary: | $10,564.48 |

This is a final application.

NY\1946514.11

## PRIOR MONTHLY APPLICATIONS:

## SCOUT AND HERITAGE MATTERS[1]

| Fee Application Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Amount Paid to L&W | Amount Outstanding |
|---|---|---|---|---|---|---|
| Fifth Interim Period (February 1, 2010 – May 31, 2010) | $195,195.50 | $9,437.80 | $192,805.00 | $8,732.08 | $201,481.62 | $55.46 |
| Sixth Interim Period (June 1, 2010 – September 30, 2010) | $237,512.50 | $500.11 | $221,308.50 | $455.36 | $221,763.86 | $0.00 |
| Seventh Interim Period (October 1, 2010 – January 31, 2011) | $89,101.50[2] | $381.80[3] | $80,923.50 | $241.71 | $80,579.10 | $586.11 |
| Eighth Interim Period (February 1, 2011 – May 31, 2011) | $87,697.50[4] | $177.05[5] | $79,810.00 | $134.78 | $71,550.23 | $8,394.55 |

---

1    In addition to the reductions in fees and expenses described in the footnotes below, Latham agreed to write off certain other fees, a portion of which were associated with the preparation of monthly fee applications and interim fee applications.  The total amount of fees that Latham has agreed to write off during the period covered by this Application is approximately $34,660.00.  Latham also voluntarily, and in its sole discretion, did not include in its invoices approximately $34,700.00 in fees for time spent preparing fee applications (including this Application (as defined below), negotiating such applications with the fee auditor and fee committee and other related tasks.

2    On March 28, 2011, Latham informed the U.S. Trustee and the Fee Committee that Latham had been overpaid for its January 2011 fees in the amount of $641.60.  Latham received this overpayment after the Fee Committee had approved Latham's January 2011 monthly statement but before Latham had agreed with the U.S. Trustee to charge discounted rates for services rendered in 2011.  The amended January 2011 monthly statement—which was sent to the U.S. Trustee and the Fee Committee on March 21, 2011—accounted for a reduction in fees by a total of $802.00. Latham believes that the $641.60 overpayment received by Latham represents 80% of that $802.00.  In order to address the overpayment, Latham deducted $641.60 from the 20% holdback requested in the Seventh Interim Application (as defined below), filed on March 31, 2011 [Docket No. 15468].  Thus, after such deduction, the total amount of fees requested for the Seventh Interim Period was $88,459.90.

3    In Latham's October 2010 Monthly Statement, $30.00 was charged for overtime.  That amount was subsequently paid by the Debtors. Based on the local rules for the Southern District of New York, Latham voluntarily deducted that amount from the total amount requested in Seventh Interim Application.  Thus, after such deduction, the total amount of expenses requested for the Seventh Interim Period was $351.80.  Because the Debtors had already paid the full amount of expenses requested in the Monthly Statement (as defined below), totaling $381.80, Latham credited $30.00 against the 20% holdback amount requested in the Seventh Interim Application.

4    This amount reflects voluntary reductions by Latham totaling $6,643.00 in fees for services performed in preparing fee applications.

5    This amount reflects voluntary reductions by Latham totaling $222.29 attributable to long distance telephone calls, certain photocopy and overnight delivery charges and certain meal expenses.

NY\1946514.11

| Fee Application Period | Fees Requested | Expenses Requested | Fees Allowed | Expenses Allowed | Amount Paid to L&W | Amount Outstanding |
|---|---|---|---|---|---|---|
| June 2011[6] | $7,845.50[7] | $96.40[8] | Not yet approved | Not yet approved | $6,372.80 | TBD[9] |
| July 2011 | $3,380.00[10] | $671.27[11] | Not yet approved | Not yet approved | $0.00 | TBD |
| August 2011 | $6,498.00[12] | $232.88[13] | Not yet approved | Not yet approved | $5,431.28 | TBD |

---

6   Latham has not filed an interim fee application for any period from and after June 1, 2011.
7   This amount reflects a voluntary reduction by Latham of $1,766 in fees for services performed in preparing Monthly Statements.
8   This amount reflects a voluntary reduction by Latham of $107.39 attributable to certain photocopy and administrative expenses.
9   Latham voluntarily wrote off $58.08 incurred during this period. The amount outstanding should be reduced by such amount.
10  This amount reflects a voluntary reduction by Latham of $1,767.50 in fees for services performed in preparing Monthly Fee Statements.
11  This amount reflects a voluntary reduction by Latham of $51.97 attributable to certain photocopy and administrative expenses.
12  This amount reflects a voluntary reduction by Latham of $897.50 in fees for services performed in preparing Monthly Fee Statements.
13  This amount reflects a voluntary reduction by Latham of $178.19 attributable to certain photocopy and administrative expenses.

4

## MONTHLY TOTALS:
## AEGIS MATTER

| Month Covered | Total Fees Requested | Total Expenses Requested | Amount of Expenses Authorized to be Paid to Date | Status |
|---|---|---|---|---|
| 9/1/2010 – 9/30/2010 | $3,407.50 | $0.00 | $0.00 | $3,407.50 Outstanding |
| 10/1/2010 – 10/31/2010 | $625.50 | $0.00 | $0.00 | $652.50 Outstanding |
| 11/1/2010 – 11/31/2010 | $1,450.00 | $0.00 | $0.00 | $1,450.00 Outstanding |
| 12/1/2010 – 12/31/2010 | $1,403.00 | $0.00 | $0.00 | $1,403.00 Outstanding |
| 1/1/2011 – 1/31/2011 | $3,078.00 | $0.00 | $0.00 | $3,078.00 Outstanding |
| 2/1/2011 – 2/28/2011 | $3,078.00 | $0.00 | $0.00 | $3,078.00 Outstanding |
| 3/1/3011 – 3/31/2011 | $4,536.00 | $0.00 | $0.00 | $4,536.00 Outstanding |
| Total Amount Outstanding for Aegis Matter: | | | | $17,578.00 |

NY\1946514.11

## COMPENSATION BY PROFESSIONAL

| Name of Professional | Position of Professional, Year of Obtaining License to Practice | Hourly Billing Rate(s)[14] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Lawrence I. Safran | Partner, Admitted 1986 | $975.00 | 1.50 | $1,462.50 |
| James E. Brandt | Partner, Admitted 1983 | $940.00 | 15.30 | $14,382.00 |
| Keith A. Simon | Partner, Admitted 1999 | $780.00 | 13.20 | $10,296.00 |
| Richard L. Chadakoff | Partner, Admitted 1973 | $695.00 | 207.80 | $144,490.50 |
| Lisa G. Watts | Partner, Admitted 2000 | $695.00 | 10.90 | $7,575.50 |
| Micheal Riela | Counsel, Admitted 2001 | $725 – $810 | 22.70 | $17,578.00 |
| Dara M. Denberg | Associate, Sr. Admitted 2002 | $695.00 | 0.80 | $556.00 |
| Frederick D. Glassman | Associate, Sr. Admitted 2005 | $695.00 | 237.70 | $165,201.50 |
| Elizabeth Jaffe | Associate, Sr. Admitted 2005 | $695.00 | 2.00 | $1,390.00 |
| Jocelyn F. Noll | Associate, Sr. Admitted 2002 | $695.00 | 17.70 | $12,301.50 |
| Shira E. Bressler | Associate, Jr. Admitted 2009 | $695.00 | 4.90 | $3,405.50 |
| Alyssa J. Mayer | Associate, Jr. Admitted 2007 | $695.00 | 14.70 | $7,436.50 |
| Annemarie V. Reilly (f/k/a Tackenberg) | Associate, Jr. Admitted 2010 | $695.00 | 49.00 | $34,055.00 |
| Aaron M. Singer | Associate, Jr. Admitted 2008 | $695.00 | 64.10 | $44,549.50 |
| Christeen Walch | Associate, Jr. Admitted 2010 | $695.00 | 30.70 | $21,336.50 |
| Elaine P. Wang | Associate, Jr. Admitted 2007 | $695.00 | 11.30 | $7,853.50 |
| Jason M. Casey | Associate, Sr. Admitted, 2005 | $645.00 | 99.80 | $64,371.00 |
| Jennifer Greenberg | Associate, Jr. Admitted 2007 | $550.00 | 76.30 | $41,965.00 |
| Elena Gorodetsky | Professional Staff | $285.00 | 1.40 | $399.00 |

14  Latham completed the Heritage Matter (Matter No. 038817-0017) in 2010, and all fees for that matter were billed at Latham's 2010 hourly rates.  Per Latham's agreement with the United States Trustee, services performed by Latham in 2011 on the Scout Matter (Matter No. 043608-0005) were billed at Latham's 2010 hourly rates rather than its 2011 hourly rates.  Latham's services on the Aegis Matter performed in 2010 and 2011 were billed at, respectively, its 2010 and 2011 hourly rates.

NY\1946514.11

| Name of Professional | Position of Professional, Year of Obtaining License to Practice | Hourly Billing Rate(s)[14] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|
| Sarita Chalen | Paralegal | $275.00 | 0.50 | $137.50 |
| Sarita Chalen | Paralegal | $230.00 | 7.70 | $1,771.00 |
| Lauren Gaskill | Paralegal | $275.00 | 19.80 | $5,445.00 |
| Delilah Iovino | Paralegal | $275.00 | 67.50 | $18,562.50 |
| Mark Leskiw | Paralegal | $275.00 | 1.00 | $275.00 |
| George Lofaso | Paralegal | $275.00 | 3.50 | $962.50 |
| Yelizaveta Lozovatskaya | Paralegal | $275.00 | 56.60 | $15,565.00 |
| Rosalind Rodburg | Paralegal | $275.00 | 5.40 | $1,485.00 |
| | | | 1043.80 | $644,808.50[15] |

---

15  As noted in footnote 1, Latham has agreed to write off a total of $34,660.00 of these fees. Again, as noted in footnote 1, Latham voluntarily did not include in its invoices approximately $34,700.00 in fees for time spent preparing fee applications and submitting its fee applications.  Accordingly, by this Application, Latham is seeking final approval of $610,148.50 in the aggregate.

7

**COMPENSATION BY MATTER**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Scout | 807.30 | $492,983.00 |
| Heritage | 213.80 | $134,247.50 |
| Aegis | 22.70 | $17,578.00 |
| | **1,043.80** | **$644,808.50**[16] |

---

16   Latham has agreed to write off a total of $34,660.00 of these fees. Accordingly, by this Application, Latham is
      seeking final approval of $610,148.50 in the aggregate.

NY\1946514.11

**EXPENSE SUMMARY**

| Category | Total Expenses |
|---|---|
| Document Preparation | $402.00 |
| Federal Express | $328.52 |
| Global Document Support | $486.00 |
| Ground Transportation | $248.00 |
| Meal Services | $188.19 |
| Meals – Local | $114.61 |
| Messenger / Courier Services | $202.87 |
| Other Database Research | $13.74 |
| Parking – Local | $48.50 |
| Photocopying | $99.52 |
| Scanning | $1.35 |
| Technology Services | $160.00 |
| Telephone | $32.55 |
| Teleconference Services | $113.12 |
| UCC Filing Fees | $622.31 |
| Westlaw (West Publishing) | $8,416.65 |
| **TOTAL** | **$11,477.93**[17] |

---

[17] This amount reflects the sum of all expenses included in (i) Latham's Interim Fee Applications and (ii) Latham's Monthly Statements since the filing of its last Interim Fee Application. As noted above, Latham has voluntarily reduced a number of the expenses that it sought in its Interim Fee Applications and Monthly Statements. As such, Latham is only seeking approval of an aggregate of $10,564.48 in expense reimbursement for actual, reasonable and necessary expenses.

NY\1946514.11

LATHAM & WATKINS LLP
Gregory O. Lunt
355 South Grand Avenue
Los Angeles CA 90071-1560
Telephone: (213) 485-1234
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
Michael Riela
885 Third Avenue
New York, NY 10022-4834
Telephone: (212) 906-1200
Facsimile: (212) 751-4864
*Counsel for Debtors*
*and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | **08-13555 (JMP)** |
| **Debtors.** | **(Jointly Administered)** |

**FINAL APPLICATION OF**
**LATHAM & WATKINS LLP FOR ALLOWANCE OF COMPENSATION**
**FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES**
**INCURRED AS SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM FEBRUARY 1, 2010 THROUGH AUGUST 31, 2011**

Pursuant to section 330 of Title 11 of the United States Code (the "Bankruptcy Code")

and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Latham

& Watkins LLP ("Latham") hereby files this *Final Application of Latham & Watkins LLP for*

*Allowance of Compensation for Services Rendered and for Reimbursement of Expenses Incurred*

*as Special Counsel to the Debtors for the Period from February 1, 2010 through August 31,*

*2011* (this "Application"). By this Application, Latham requests final allowance of

compensation in the amount of $610,148.50 and final allowance of actual and necessary reimbursable expenses in the amount of $10,564.48, for a total award of $620,712.98, for the period from February 1, 2010 through August 31, 2011 (the "Compensation Period"). In support of this Application, Latham respectfully represents as follows:

<b>Preliminary Statement</b>

1.     Ample cause exists for this Court to grant the compensation and expense reimbursement requested in this Application on a final basis. Throughout these Chapter 11 cases, Latham has provided valuable services to Lehman Brothers Holdings Inc. and its affiliated debtors (collectively, the "Debtors") in the Scout, Heritage and Aegis Matters.

2.     Scout Matter:  Latham represented the Debtors in the settlement and workout of two disputed loans totaling $65,146,886 made to entities controlled by Alan J. Worden. Latham assisted the Debtors in settling both of these loans. Pursuant to the settlement agreement, the Debtors received, among other things, (a) a forty percent participation interest in the profits earned by certain of the borrowers, (b) certain membership interest rights in (i) a joint venture in connection with Kelley House Holdings LLC and (ii) Esther Island Retreat LLC, (c) an assignment in lieu of membership interests in WWK Hawaii Holdings LLC, and (d) a release of all obligations of the Debtors under the loan documents.

3.     Heritage Matter:  Latham provided advice regarding the Debtors' ability to assume a loan agreement and enforce remedies under that agreement. Additionally, Latham also investigated proofs of claim filed against LBHI by LBREM REIT Holdings LLC and El Toro LLC and analyzed certain matters raised by such claims. Latham evaluated the various litigation options and remedies available to the Debtors and advised them as to how to best protect their interests.

2

NY\1946514.11

4.      <u>Aegis Matter</u>:  Latham prosecuted the Debtors' claim, in the approximate amount of $34 million, in the Chapter 11 cases of Aegis Mortgage Corporation and its affiliates (collectively, "<u>Aegis</u>") that were commenced in the United States Bankruptcy Court for the District of Delaware (Lead Case No. 07-11119 (BLS)).  With Latham's assistance, the Debtors settled the claim against Aegis.  Pursuant to the settlement, the claim was allowed as an unsecured claim in the amount of $25 million.  The settlement was approved by this Court by order dated April 21, 2011 [Docket No. 16182].

5.      Latham respectfully submits that the fees and expenses incurred in connection with the above services (as more fully described below and as requested in this Application) are fair and reasonable, and should be allowed in their entirety on a final basis.

### General Case Background

6.      On September 15, 2008 (the "<u>Commencement Date</u>") and periodically thereafter, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York.  These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

7.      On September 17, 2008, the United States Trustee for the Southern District of New York (Region 2) (the "<u>U.S. Trustee</u>") appointed the official committee of unsecured creditors pursuant to Section 1102 of the Bankruptcy Code (the "<u>Creditors' Committee</u>").

8.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

9.      On December 6, 2011, this Court entered an order [Docket No. 23023] confirming the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* [Docket No. 22973] (the "Plan").  The effective date of the Plan was March 6, 2012.  *See* Docket No. 26039.

## Background of Fee Application

10.     Latham was initially retained in these Chapter 11 cases to handle certain matters (the "Existing Matters") for which Latham represented the Debtors before the Commencement Date, pursuant to orders of this Court authorizing the Debtors to employ professionals utilized in the ordinary course of their business (the "Ordinary Course Professionals Orders").  *See* Docket Nos. 1394, 3667, 7822.

11.     In early 2010, the Debtors requested that Latham represent them on certain real estate matters, referred to in this Application as the Scout and Heritage Matters.  Latham had not previously represented the Debtors on these matters.  On May 5, 2010, the Debtors filed the *Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Latham & Watkins LLP as Special Counsel to the Debtors* [Docket No. 8793] (the "Employment Application").  No objection to the Employment Application were filed.  Accordingly, this Court entered an order approving the Employment Application (the "Initial Retention Order") on May 20, 2010.  *See Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain*

*Latham & Watkins LLP as Special Counsel to the Debtors* [Docket No. 9140]. No appeal of the Initial Retention Order was taken, and the Initial Retention Order has become final.

12.    Pursuant to the Employment Application and the Initial Retention Order, Latham is required to file, and obtain Court approval for, fee applications (the "Interim Fee Applications") in connection with the Scout and Heritage Matters. For the Existing Matters, Latham has been compensated in accordance with the Ordinary Course Professionals Orders. As a practical matter, in a number of the Existing Matters, third parties, and not the Debtors, are responsible for Latham's fees and expenses.[1]  Both the U.S. Trustee and the Fee Committee have been apprised of Latham's retention as an "ordinary course" professional and compensation by third parties in certain of these matters.

13.    After entry of the Initial Order, the Debtors requested that Latham represent them in the Aegis Matter. Accordingly, on March 23, 2011, after submission of an application by the Debtors to expand the scope of Latham's engagement (*see* Docket No. 14741), the Court entered the *Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Expansion of the Scope of the Debtors' Retention of Latham & Watkins LLP as Special Counsel, Nunc Pro Tunc to September 1, 2010* [Docket No. 15269] (the "Expanded Retention Order"). No appeal of the Expanded Retention Order was taken and the Expended Retention Order has become final.

14.    On October 11, 2008, the Debtors filed the *Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 833] (the "Interim Compensation Motion"). This Court entered an order (the

---

1  For example, in certain of the Existing Matters, Latham represented one or more of the Debtors in their capacity as agents or lenders under loan agreement that required the borrowers directly to pay Latham's fees and expenses.

NY\1946514.11

approving the Interim Compensation Motion on November 5, 2008. *See* Docket No. 1388. (the "Initial Interim Compensation Order"). The Initial Interim Compensation Order has been amended by this Court three times (such order, as amended, the "Amended Interim Compensation Order"). *See* Docket Nos. 1604, 3102, 4165.

15.     On May 26, 2009, the Court entered the *Order Appointing Fee Committee and Approving Fee Protocol* (the "Fee Committee Order") [Docket No. 3651].

16.     The Fee Committee Order and the Amended Interim Compensation Order authorize professionals paid from the Debtors' bankruptcy estates to prepare Monthly Fee Statements ("Monthly Fee Statements") seeking payment for services rendered and for out-of-pocket expenses or other charges incurred. Professionals are required to serve each Monthly Statement on or before the thirtieth (30th) day of each month following the month for which compensation is sought via hand or overnight delivery on (i) the Fee Committee (specifically, the Chairman of the Fee Committee); (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP ("Weil"); (iv) counsel for the Official Committee of Unsecured Creditors, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the United States Trustee for the Southern District of New York. The Amended Interim Compensation Order authorizes the Debtors to pay professionals eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in each Monthly Statement, if no objection is timely made.

### Compensation Paid and Its Source

17.     All services for which compensation is requested by Latham were performed for or on behalf of the Debtors, and not on behalf of any committee, creditor or other person. Except for the fees and expenses paid directly by third-parties in connection with certain of the Existing Matters as described above and except as otherwise provided herein, in the Employment

NY\1946514.11

Application or in the declaration of Gregory O. Lunt in support of the Employment Application, Latham has received no payment or promise of payment from any source other than the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the Scout, Heritage and Aegis Matters.  Latham has no agreement or understanding with any person other than the partners and employees of Latham for the sharing of compensation to be received for services rendered to the Debtors in these Chapter 11 cases.

### The Prior Monthly and Interim Fee Applications

18.    Pursuant to the Amended Interim Order and the Fee Committee Order, prior to filing this Application, Latham served Monthly Statements (the "Prior Monthly Statements") and filed and served Interim Fee Applications ("the Prior Interim Fee Applications") for the Scout and Heritage Matters.  All of the Prior Monthly Statements and Prior Interim Fee Applications are incorporated herein by reference.

19.    The cover sheets to this Application summarize the current status of the Prior Interim Fee Applications as well as the Prior Monthly Statements for June, July and August 2011, a period for which no Interim Fee Application has been filed.  Because Latham completed its services with respect to the Scout and Heritage Matters by the end of August 2011, it obtained approval from the Debtors and the Fee Committee not to submit an Interim Fee Application for that period, but rather to include that period in this Application.

20.    Detailed time entries, including daily logs describing the time spent by each attorney and paraprofessional, as well as detail regarding requested expense reimbursements, were attached to the Prior Monthly Statements and, except for the period from June 1, 2011, through August 31, 2011, were included in the Prior Interim Fee Applications.  Such time entries and expense detail are incorporated into this Application by reference.  Attached hereto as

NY\1946514.11

Exhibit A are the detailed time entries and expense reimbursement detail for the period from June 1, 2011 through August 31, 2011, which were included in the Prior Monthly Statements for June, July and August 2011. Latham served these Prior Monthly Statements in accordance with the Amended Interim Order and the Fee Committee Order.

21.     On August 13, 2010, Latham filed the *Application of Latham & Watkins LLP for Allowance of Interim Compensation and Reimbursement of Expenses for the Fifth Interim Period* [Docket No. 10749], requesting fees in the amount of $195,195.50 and expenses in the amount of $9,437.80.    On May 12, 2011, the Court entered the *Order Granting Applications for the Allowance of Interim Compensation for the Fifth Interim Period (February 1, 2010 Through May 31, 2010) for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief* [Docket No. 16976], in which the Court awarded Latham fees in the amount of $192,805.00 and expenses in the amount of $7,074.30.

22.     On December 10, 2010, Latham filed the *Application of Latham & Watkins LLP for Allowance of Interim Compensation and Reimbursement of Expenses for the Sixth Interim Period* [Docket No. 13393] (the "Sixth Interim Application"), requesting fees in the amount of $237,512.50 and expenses in the amount of $500.11.    Pursuant to the *Stipulation Between Latham & Watkins LLP and the Fee Committee Regarding the Second Interim Application of Latham & Watkins LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period June 1, 2010 Through September 30, 2010* [Docket No. 22488], Latham agreed to a reduction of fees in the amount of $16,204.00 and a reduction of expenses in the amount of $44.75.    On November 21, 2011, the Court entered the *Order Granting Applications for the Allowance of Interim Compensation for the Sixth Interim Period (June 1, 2010 Through September 30, 2010) for Professional Services Performed and Reimbursement of Actual and*

8

*Necessary Expenses Incurred and Other Relief* [Docket No. 22505], in which the Court awarded

Latham fees in the amount of $221,308.50 and expenses in the amount of $455.36.

23.    On March 31, 2011, Latham filed the *Application of Latham & Watkins LLP for*

*Allowance of Interim Compensation and Reimbursement of Expenses for the Seventh Interim*

*Period* [Docket No. 15468] (the "Seventh Interim Application"), requesting fees in the amount

of $89,101.50 and expenses in the amount of $351.80.    Pursuant to the *Stipulation Between*

*Latham & Watkins LLP and the Fee Committee Regarding the Third Interim Application of*

*Latham & Watkins LLP, Special Counsel to the Debtors, for Compensation and Expenses for the*

*Period October 1, 2010 Through January 31, 2011* [Docket No. 22502], Latham agreed to a

reduction of fees in the amount of $8,178.00 and a reduction of expenses in the amount of

$140.09.    On November 28, 2011, the Court entered the *Order Granting Applications for the*

*Allowance of Interim Compensation for the Seventh Interim Period (October 1, 2010 Through*

*January 31, 2011) for Professional Services Performed and Reimbursement of Actual and*

*Necessary Expenses Incurred and Other Relief* [Docket No. 22775], in which the Court awarded

Latham fees in the amount of $80,923.50 and expenses in the amount of $241.71.

24.    On August 25, 2011, Latham filed the *Application of Latham & Watkins LLP for*

*Allowance of Interim Compensation and Reimbursement of Expenses for the Eighth Interim*

*Period* [Docket No. 19525] (the "Eighth Interim Application"), requesting fees in the amount of

$87,697.50 and expenses in the amount of $177.05.    On December 15, 2011, Latham and the Fee

Committee entered into the *Stipulation Between Latham & Watkins LLP and the Fee Committee*

*Regarding the Third[2] Interim Application of Latham & Watkins LLP, Special Counsel to the*

*Debtors, for Compensation and Expenses for the Period February 1, 2011 Through May 31,*

---

2    The title of the stipulation incorrectly refers to the Third Interim Application of Latham.  In fact, the interim application filed for the Eighth Interim Period was the Fourth Interim Application of Latham.

NY\1946514.11

*2011* [Docket No. 24315] (the "Eighth Period Stipulation"), agreeing to a reduction of fees in the amount of $7,887.50 and a reduction of expenses in the amount of $42.27.  On April 11, 2012, the Court entered the *Order Granting Applications for the Allowance of Interim Compensation for the Eighth Interim Period (February 1, 2011 through May 31, 2011) for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief* [Docket No. 27321], in which the Court awarded Latham fees in the amount of $79,810.00 and expenses in the amount of $134.78.

25.    For the Aegis Matter, Latham has not previously served any Monthly Statements, filed and served any Interim Fee Applications or otherwise sought approval of its fees and reimbursable expenses incurred in that matter.  Accordingly, in this Application, Latham requests final allowance of all of the fees and reimbursable expenses it incurred on the Aegis Matter for the period from September 1, 2010 through August 18, 2011 (which is the entire duration of the Aegis Matter).  Attached as Exhibit B are detailed time entries and expense reimbursement detail for the Aegis Matter.

26.    Thus, by this Application, Latham seeks final approval of (i) the fees and expenses awarded under the orders approving the Prior Interim Fee Applications, (ii) the fees and expenses agreed to in the Eighth Period Stipulation, (iii) the fees and expenses incurred by Latham between June 1, 2011 and August 31, 2011, as reflected in the Prior Monthly Statements for June, July and August 2011 and (iv) all of the fees and expenses incurred in connection with the Aegis Matter.

27.    To date, Latham has received aggregate payments from the Debtors in the amount of $587,236.82, broken down as follows: (i) for fees and expenses incurred in connection with the Scout Matter, $446,092.40; (ii) for fees and expenses incurred in connection with the

Heritage Matter, $141,144.42; and (iii) for fees incurred in connection with the Aegis Matter,

$0.00.  As such, Latham believes a total of $33,476.16 is currently outstanding.[3]

## Summary of Services Rendered

28.    The matters undertaken by Latham during the Final Compensation Period and

covered by this Application are summarized below.  The following summary is intended to

highlight the services rendered by Latham, and is not meant to be a detailed description of all of

the work performed.  As described above, detailed descriptions of the day-to-day services

provided by Latham and the time expended performing such services in each project billing

category are fully set forth in: (i) with respect to the Scout and Heritage Matters for the period

ending May 31, 2011, the Prior Monthly Statements and the Prior Interim Applications; (ii) with

respect to the Scout and Heritage Matters for the period from June 1, 2011, through August 31,

2011, Exhibit A; and (iii) with respect to the Aegis Matter, Exhibit B.

## The Scout Matter (043608-0005):

29.    This matter relates to the settlements and workout of a revolving credit facility

and a mortgage loan made to entities controlled by Alan J. Worden.  Latham represented the

Debtors in the settlements and workout of these two disputed loans, which totaled $65,146,886.

With Latham's assistance, pursuant to the settlement agreement, the Debtors received, among

other things, (a) a forty percent participation interest in the profits earned by certain of the

borrowers, (b) certain membership interest rights in (i) a joint venture in connection with Kelley

House Holdings LLC and (ii) Esther Island Retreat LLC, (c) an assignment in lieu of

membership interests in WWK Hawaii Holdings LLC, and (d) a release of the Debtors of their

---

3    Of this amount, $15,898.16 is due in connection with fees and expenses incurred in connection with the Scout
Matter, and $17,578.00 is due in connection with fees incurred in connection with the Aegis Matter.  No
amounts are due and owing in connection with the Heritage Matter.

NY\1946514.11

obligations under the loans.  Latham attorneys represented the Debtors in the negotiation and documentation of the settlement agreement and ancillary documents, including, but not limited to, certain escrow agreements, limited liability company agreements, releases, indemnity agreements, side letters, assignment and assumption agreements and consent agreements.

30.    The attorneys who primarily worked on the Scout Matter are: Richard Chadakoff, Lisa Watts, Dara Denberg, Jocelyn Noll,  Frederick D. Glassman, Elizabeth Jaffe, Alyssa J. Mayer, Shira Bressler, Aaron Singer, Annemarie Reilly (previously, Annemarie Tackenberg), Christeen Walch, and Elaine Wang.

31.    Latham spent an aggregate of 807.30 hours of attorney and paraprofessional time performing services for the Debtors and their estates in connection with the Scout Matter during the Compensation Period.    The blended average hourly rate for Latham's attorneys and paraprofessionals was $610.66.

### The Heritage Matter (038817-0017):

32.    For this matter, Latham provided litigation advice regarding the ability of the Debtors to assume a loan agreement and enforce remedies under that agreement.  Latham also investigated proofs of claim filed against LBHI by LBREM REIT Holdings LLC and El Toro LLC and analyzed certain matters raised by such claims.  Latham evaluated the various litigation options or remedies available to the Debtors and advised them as to how to best protect their interests.

33.    The attorneys who worked on the Heritage Portfolio matter are: James Brandt, Lawrence I. Safran, Keith Simon, Jason M. Casey, and Jennifer Greenberg.

34.    Latham spent an aggregate of 213.80 hours of attorney and paraprofessional time performing services for the Debtors and their estates in connection with the Heritage Matter

12

during the Compensation Period.  The blended average hourly rate for Latham's attorneys and paraprofessionals was $627.91.

The Aegis Mortgage Corporation Matter:

35.    Latham represented the Debtors in the prosecution of significant claims in the Chapter 11 cases of Aegis pending in the United States Bankruptcy Court for the District of Delaware (Lead Case No. 07-11119 (BLS)).  Aegis was an originator of residential mortgage loans, interests in some of which were ultimately conveyed to Lehman entities.  Prior to the commencement of the Debtors' Chapter 11 cases, Latham had filed a proof of claim relating to such mortgage loans in the amount of approximately $34 million against Aegis (the "Aegis Claim") on behalf of Aurora Loan Services LLC, a non-debtor indirect subsidiary of LBHI.[4] With Latham's assistance, the Debtors settled that claim against Aegis.  Pursuant to that settlement, which was approved by this Court by order dated April 21, 2011 [Docket No. 16182], the Aegis Claim was allowed as an unsecured claim in the amount of $25 million.[5]

36.    The attorney who worked on the Aegis Mortgage Corporation Matter was Michael Riela.

37.    The fees sought by this Application reflect an aggregate of 22.70 hours of attorney time spent performing services for the Debtors and their estates during the Compensation Period.  The average hourly rate for Latham's attorney was $774.36.  None of the time spent on the Aegis Mortgage Corporation Matter was allocated to Aurora Bank because (a) all of the Latham attorney's work related to negotiation and settlement of the Aegis Claim in its entirety, and (b) LBHI held approximately 77% of the loans at issue (with Aurora Bank and

---

4    While the proof of claim was filed on behalf of Aurora Loan Services LLC (in its role as master servicer), the interests in the majority of the affected mortgage loans are owned by one or more of the Debtors.

5    LBHI would receive its pro rata share of the distributions on account of the $25 million allowed claim, along with Aurora Bank FSB and certain securitization trusts.

NY\1946514.11

various securitization trusts holding the remaining 23%). As such, all fees incurred in connection with the Aegis Mortgage Corporation Matter were incurred by LBHI.

38. Latham has voluntarily taken numerous reductions in fees and expenses in connection with the above matters during the Compensation Period. In addition to applying Latham's 2010 hourly rates to work performed during the course of 2011, Latham has also voluntarily reduced the amount of fees requested in its Monthly Statements by an aggregate amount of $15,663.10 in order to comply with the United States Trustee's Guidelines. Furthermore, as explained above, in response to the Fee Committee's requests in connection with the Sixth, Seventh and Eighth Interim Applications, Latham has reduced its fees in the amount of $32,269.50.[6]

39. Furthermore, during the Compensation Period, Latham attorneys and paraprofessionals spent approximately 75.6 hours in connection with the preparation of monthly, interim and final fee applications and negotiations with the Fee Committee for which Latham has not sought payment for such services. These services were equal to fees in the total amount of approximately $34,700.00. Latham hereby reserves its right to amend this Application to include such fees in its discretion. As noted in the first footnote to this Application, Latham agreed to write off certain other fees in the approximate amount of $34,660.00 (in addition to the amounts discussed in the preceding sentence), a portion of which were for time spent preparing fee applications.

## Actual and Necessary Expenses

40. Detail of the actual and necessary expenses incurred by Latham during the Compensation Period was: (i) with respect to the Scout and Heritage Matters for the period prior

---

6    Latham's fees for the Fifth Interim Period were reduced by the Court in the amount of $2,390.00. As such, the total amount of fees that Latham has written off during the Compensation Period is $34,660.00.

to May 31, 2011, attached to the Prior Monthly Statements and Prior Interim Fee Applications[7] (and incorporated herein by reference); (ii) with respect to the Scout and Heritage Matters for the period from June 1, 2011, through August 31, 2011, attached to this Application as Exhibit A; and (iii) with respect to the Aegis Matter, attached to this Application as Exhibit B.  Latham has grouped these expenses into categories including, among other things, Federal Express, electronic document formatting services ("Global Document Support"), ground transportation, meal services, messenger/ courier services, other database research, parking, photocopying, technology services (including preparation of CDs containing Monthly Statements and Interim Fee Applications for submission to the Fee Committee), telephone, UCC filing fees, computerized research (Lexis and Westlaw), and word processing by support staff.  As explained above, Latham incurred additional expenses during the Compensation Period for which it is not seeking reimbursement, despite the fact that Latham is typically reimbursed for such expenses incurred in connection with non-bankruptcy matters.  The total amount of such voluntary expense reductions is $846.95.

41.    Latham submits that all such expenses are necessary and actual expenses for the performance of its services in these Chapter 11 cases.  All of these expenses comprise the requested sum for Latham's actual and necessary expenses.

### Requested Compensation and Reimbursement Should be Allowed

42.    Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for

---

7    As stated above, Latham obtained approval from the Debtors and the Fee Committee to forego the filing of the Ninth Interim Fee Application, covering the period from June 1, 2011 through August 31, 2011.  Monthly Statements for this period were previously served in accordance with the Fee Committee Order and the Amended Interim Compensation Order.  Attached hereto as Exhibit A is the fee statement and expense reimbursement detail for the Ninth Interim Period.

actual, necessary services rendered … and reimbursement for actual, necessary expenses."   11

U.S.C. § 330(a)(1)(A), (B).  Section 330 of the Bankruptcy Code also sets forth the criteria for

the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded…the court shall consider the nature, the extend and the value of such services, taking into account all relevant factors, including—

> (A)   the time spent on such services;

> (B)   the rates charged for such services;

> (C)   whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

> (D)   whether the services were performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed;

> (E)   with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

> (F)   whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

43.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code,

Latham respectfully submits that the amount requested by this Application is fair and reasonable

given (a) the complexity of these cases, which required the attention and services of Latham

attorneys that are experts in various areas of the law, (b) the time expended, (c) the nature and

extent of the services rendered, (d) the value of such services and (e) the costs of comparable

services other than in a case under the Bankruptcy Code.

16

NY\1946514.11

44.    The descriptions above, combined with the billing detail included in the Exhibits hereto and in the Prior Monthly Statements and Prior Interim Fee Applications, make it clear that Latham has used the in-depth expertise and vast experience of its numerous practice groups to achieve beneficial results for the Debtors and their estates  in an efficient and effective manner. Latham respectfully submits that the services for which it seeks compensation were, at the time rendered, necessary for and beneficial to the Debtors and their estates, and were rendered to protect and preserve those estates.  Latham further submits that the services rendered achieved results that benefited not only the Debtors, but also their estates, various parties in interest and the creditor body as a whole.

45.    To the best of Latham's knowledge, this Application substantially complies with section 330 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Guidelines adopted by the U.S. Trustee, and Local Rule 2016-2.

NY\1946514.11

**WHEREFORE,** Latham respectfully requests (i) final allowance of compensation and reimbursement of expenses in the total amount of $620,712.98, consisting of (a) $610,148.50 for fees incurred for reasonable and necessary professional services rendered by Latham and (b) $10,564.48 for reimbursement of actual and necessary costs and expenses, (ii) that such sums be authorized for payment as administrative expenses and (iii) for such other and further relief as this Court may deem just and proper.

Dated:  June 12, 2012                    **LATHAM & WATKINS LLP**


                                         /s/ Gregory O. Lunt
                                         Gregory O. Lunt
                                         355 South Grand Avenue
                                         Los Angeles CA 90071-1560
                                         Telephone: (213) 485-1234
                                         Facsimile: (213) 891-8763

                                         - and -

                                         /s/ Aaron Singer
                                         Aaron Singer
                                         885 Third Avenue
                                         New York, New York 10022-4834
                                         Telephone:  212-906-1200
                                         Fax:  212-751-4864

18

## <u>VERIFICATION</u>

I, Gregory O. Lunt, declare:

1.      I am a partner with the applicant firm, Latham & Watkins LLP.

2.      I am generally familiar with the work performed on behalf of the Debtors by Latham lawyers and paraprofessionals in connection with the Heritage and Scout Matters.

3.      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.

4.      I have reviewed the requirements of Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York and believe that the Application substantially complies with such rule.

I swear under penalty of perjury that the foregoing is true and correct.  Executed on June 12, 2012 at Los Angeles, California.


*/s/ Gregory O. Lunt*
Gregory O. Lunt

## VERIFICATION

I, Michael J. Riela, declare:

1.      I am a counsel with the applicant firm, Latham & Watkins LLP.

2.      I have personally performed many of the legal services rendered by Latham & Watkins LLP as counsel to the Debtors in connection with the Aegis Matter, and I am familiar with the work that Latham & Watkins LLP performed on behalf of the Debtors in connection with the Aegis Matter.

3.      I have reviewed the foregoing Application and the facts set forth therein in connection with the Aegis Matter are true and correct to the best of my knowledge, information and belief.

4.      I have reviewed the requirements of Rule 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York and believe that the Application substantially complies with such rule.

I swear under penalty of perjury that the foregoing is true and correct.  Executed on June 12, 2012 at New York, New York.

/s/ Michael J. Riela
Michael J. Riela

NY\1946514.11