**Hearing Date and Time: July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500
David S. Cohen

Attorneys for Litigation Subcommittee of the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**NOTICE OF JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LITIGATION SUBCOMMITTEE OF CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, TO EXTEND STAY OF AVOIDANCE ACTIONS**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of Lehman Brothers Holdings Inc. ("LBHI), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and the litigation subcommittee of the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), for authorization to extend the stay of avoidance actions, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Richard W. Slack, Esq. and Jacqueline Marcus, Esq., attorneys for LBHI; (iii) the Office of the

United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq. and Dennis O'Donnell, Esq., attorneys for the Committee; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: June 29, 2012
New York, New York

/s/ Jacqueline Marcus
Richard W. Slack
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

/s/ David S. Cohen
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000

-and-

David S. Cohen
MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500

Attorneys for Litigation Subcommittee of the
Official Committee of Unsecured Creditors

**Hearing Date and Time: July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & McCLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500
David S. Cohen

Attorneys for Litigation Subcommittee of the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**JOINT MOTION OF LEHMAN BROTHERS HOLDINGS INC. AND LITIGATION SUBCOMMITTEE OF CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, TO EXTEND STAY OF AVOIDANCE ACTIONS**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and the litigation subcommittee of the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"),[1] submit this motion (the "Motion"), and respectfully represent:

**Preliminary Statement**

1. On September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (together, the "Chapter 11 Estates") commenced the largest and most complicated chapter 11 cases in history. After the Commencement Date, the Chapter 11 Estates began their review and analysis of prepetition transactions. Such review has been extremely difficult, time consuming, and complicated. Nevertheless, in order to prevent the loss of avoidance causes of action prior to the expiration of the applicable two-year statute of limitations, the Chapter 11 Estates commenced over 50 actions seeking to avoid or recover significant transfers with respect to over 240 transactions under sections 544, 545, 547, 548, 549, 550 and/or 553 of title 11 of the United States Code (the "Bankruptcy Code").[2] In addition, the Chapter 11 Estates entered into tolling agreements with

[1] As used herein, "Committee" means, as applicable, either the litigation subcommittee of the Official Committee of Unsecured Creditors or the Official Committee of Unsecured Creditors. "Creditors' Committee" means solely the Official Committee of Unsecured Creditors.

[2] A schedule of the pending actions involving avoidance claims of the Chapter 11 Estates is attached as Exhibit A to the proposed order. The relief requested by this Motion is with respect to all actions involving claims of the Chapter 11 Estates under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code – those that have already

more than 200 potential defendants.

2. Pursuant to the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the Court stayed all Avoidance Actions for nine (9) months (the "Initial Stay"). Pursuant to the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763], and the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 11, 2012 [ECF No. 24198] (together, the "Stay Extension Orders," and together with the Initial Stay Order, the "Stay Orders"), the Court extended the Initial Stay of all Avoidance Actions for an additional twelve (12) months (together with the Initial Stay, the "Stay").[3] Consequently, unless further action is taken by the Court, the Stay will expire on July 20, 2012.

---

been commenced and any additional avoidance action commenced hereinafter by the Plan Administrator or the Committee (collectively, the "Avoidance Actions"). Avoidance Action, as used herein, does not include any adversary proceeding for which the Court has entered a scheduling order or for which the Stay (as defined below) otherwise has been lifted, and any such adversary proceeding is not included on Exhibit A attached to the proposed order. *See, e.g.*, *Lehman Brothers Holdings Inc., et al., v. Citibank, N.A., et al.*, Adv. Proc. No. 12-01044 (JMP) [ECF No. 5]. "Avoidance Action Defendant" means any defendant in an Avoidance Action.

[3] The Initial Stay Order also extended the Chapter 11 Estates' deadline to effect service on the Avoidance Action Defendants to 180 days after the filing of a complaint, without prejudice to the Chapter 11 Estates' right to seek further extensions. The Court subsequently entered additional orders extending the Chapter 11 Estates' deadline to effect service on the Avoidance Action Defendants to enable the Chapter 11 Estates, *inter alia*, to complete discovery to obtain information necessary to identify parties and service details in certain of the Avoidance Actions. *See Order Granting Extension of Deadline for Service of Certain Avoidance Action Complaints*, dated September 19, 2011 [ECF No. 20119]; *Bridge Order Extending the Deadline for Service of Certain Avoidance Action Complaints*, dated August 19, 2011 [ECF No. 19389]; *Order Granting Extension of Deadline for Service of Avoidance Actions to June 30, 2011*, dated March 3, 2011 [ECF No. 14779]; *Order Granting Extension to Deadline for Service to January 20, 2012*, *Lehman Brothers Special Financing Inc. v. Bank of America N.A., et al.*, dated December 14, 2011, Adv. Proc. No. 10-03547 (JMP) [ECF No. 203]; *Order Granting Extension to Deadline for Service to December 30, 2011*, *Lehman Brothers Special Financing Inc. v. Bank of America N.A., et al.*, dated August 18, 2011, Adv. Proc. No. 10-03547 (JMP) [ECF No. 122]. Except as described in footnote 6 *infra*, the Chapter 11 Estates have now completed service on the known and identified Avoidance Action Defendants.

3. During the Stay, the Chapter 11 Estates and the Committee have made substantial progress in consensually resolving the Avoidance Actions. In addition, the Stay has allowed the Chapter 11 Estates to engage in an alternative dispute resolution ("ADR") program that has been enormously successful in resolving sometimes difficult and complex matters that otherwise would have taken a huge amount of time for the Chapter 11 Estates to pursue through litigation and the Court to manage. To date, the ADR program has yielded more than $1.1 billion for the Chapter 11 Estates.

4. The SPV Derivatives ADR Procedures (as defined below) have been critical to the Chapter 11 Estates' ability to implement ADR in the context of the Avoidance Actions related to special purpose vehicles (each, an "SPV"). Currently, there are over 50 SPV transactions that are subject to the SPV Derivatives ADR Procedures. The Stay has offered the Chapter 11 Estates and the Committee an opportunity to reach consensual resolutions with SPV counterparties within the framework of the SPV Derivatives ADR Procedures and otherwise. Indeed, the Chapter 11 Estates and the Committee have now resolved, by final settlement or otherwise, transactions with 80 defendants in connection with the Avoidance Actions involving SPV derivatives matters, and the Chapter 11 Estates are in the process of resolving another 15 transactions, pending final documentation. Much of this success may not have been possible without the Stay.

5. The motions to extend the Stay have not generated significant objection from the defendants in the Avoidance Actions – thus suggesting that there is consensus that the Stay is beneficial to both the Chapter 11 Estates and the Avoidance Action Defendants in allowing them to reach consensual resolutions to their disputes without the need for Court intervention. The primary objection to the extensions of the Stay has come from a few

noteholders in the "Dante Programme." These noteholders hold notes in connection with transactions that are the subject of the Avoidance Action entitled *Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, et al.*, Adv. Proc. No. 10-03545 (JMP) ("Adversary Proceeding 3545"). As described more fully below, the Stay has allowed the Chapter 11 Estates to resolve disputes involving many of the transactions that are the subject of Adversary Proceeding 3545; most of the as-yet unresolved transactions that are the subject of this adversary proceeding have now been put into ADR or are in the process of being resolved without the need for ADR.

6. A reasonable and modest extension of the Stay is needed to enable the Chapter 11 Estates to finish the work that they have started in resolving matters without the need for Court intervention. The SPV ADR pipeline is full, and the Court should allow the pipeline of SPV ADRs to be completed without the expense of ongoing litigation. In order to fulfill their fiduciary duties regarding the Avoidance Actions, the Chapter 11 Estates and, as applicable, the Committee require more time to continue negotiating with Avoidance Action Defendants to consensually resolve the multitude of Avoidance Actions that remain pending without the cost and burden of full-blown litigation.

7. The Plan Administrator and the Committee, therefore, request a further six (6) month extension of the Stay to January 20, 2013. The relief requested will enable the Chapter 11 Estates and the Committee to continue their efforts toward consensually resolving the Avoidance Actions, while avoiding the enormous costs to and burdens on all parties and the Court associated with pursuing active litigation in the Avoidance Actions. If the Stay is not extended, the Chapter 11 Estates and the Committee will be forced to divert their resources from actively pursuing consensual resolutions of the Avoidance Actions to responding to discovery

demands, engaging in motion practice and preparing for contested proceedings and trials. Not only would wide-scale litigation of the Avoidance Actions drain the Chapter 11 Estates' resources, it would also monopolize the Court's docket.

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

9. The Chapter 11 Estates' cases have been consolidated for procedural purposes only and are being jointly administered pursuant to section 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

10. On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

11. The Creditors' Committee was given standing and authority to prosecute and settle certain of such actions pursuant to the *Order Granting Leave, Standing and Authority to the Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al., to Prosecute and, If Appropriate, Settle Causes of Action on Behalf of Lehman Commercial Paper Inc.*, dated September 15, 2011 [ECF No. 20019].

12. On September 17, 2009, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 5207], approving ADR procedures for the Chapter 11 Estates' derivative contracts with recovery potential (the "Derivatives ADR Procedures"). On March 3, 2011, the Court entered the *Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties* [ECF No.

14789], approving ADR procedures (the "SPV Derivatives ADR Procedures") related to SPVs. On May 2, 2012, the Court entered the *Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts* [ECF No. 27698], approving ADR procedures for the Chapter 11 Estates' derivative contracts with recovery potential for which a Chapter 11 Estate's claim is equal to or less than $5 million (the "Tier 2 Derivatives ADR Procedures," and, together with the Derivatives ADR Procedures and the SPV Derivatives ADR Procedures, the "Affirmative ADR Procedures"). Under the Affirmative ADR Procedures, the Chapter 11 Estates have recovered more than $1.163 billion dollars as a result of 205 ADR settlements with 227 counterparties, all without litigation.

13. On December 6, 2011, the Court approved and entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date").

14. Pursuant to section 6.1(b)(iv) of the Plan, the Plan Administrator is authorized to prosecute the Avoidance Actions on behalf of the Chapter 11 Estates. Pursuant to section 15.1 of the Plan, on the Effective Date, the Creditors' Committee was dissolved for all purposes except for certain purposes not relevant to this Motion. Following the Effective Date, the litigation subcommittee of the Creditors' Committee was permitted to continue functioning for limited purposes, including involvement in the resolution process for certain pending litigation. Consequently, the litigation subcommittee of the Creditors' Committee has taken over the Creditors' Committee's role with respect to the Avoidance Actions.

## **Relief Requested**

15. Pursuant to section 105(a) of the Bankruptcy Code, the Plan Administrator and the Committee request a further six (6) month extension of the Stay, to January 20, 2013,

without prejudice to the ability of the Plan Administrator and the Committee to request further extensions.

**<u>The Court Should Exercise its Discretion and Extend the Stay</u>**

16. The Court has the power to extend the Stay and should exercise its discretion to do so. Pursuant to section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998). Bankruptcy courts have this inherent power. *See Uni-Rty Corp. v. Guangdong Bldg., Inc. (In re Uni-Rty Corp.)*, No. 96 Civ 4573 (DAB), 1998 WL 299941, at *7 (S.D.N.Y. June 9, 1998); *In re Hagerstown Fiber Ltd. P'ship*, 277 B.R. 181, 199 (Bankr. S.D.N.Y. 2002) (court has inherent power to stay proceedings before it, particularly where stay will promote judicial economy); *Kistler v. Cleveland (In re Cleveland)*, 353 B.R. 254, 260 (Bankr. E.D. Cal. 2006) (staying adversary proceeding pursuant to court's inherent power to stay proceedings before it); *Swift v. Bellucci (In re Bellucci)*, 119 B.R. 763, 770 (Bankr. E.D. Cal. 1990) ("a bankruptcy court has the inherent power to control its docket, including controlling the timing of proceedings on that docket"). The determination whether a stay of proceedings is appropriate "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55.

17. The Avoidance Actions had to be commenced to preserve significant causes of action and to fulfill the fiduciary duties of the Chapter 11 Estates and the Committee to

maximize value for creditors. Having commenced the Avoidance Actions and preserved their rights, the Chapter 11 Estates and the Committee have utilized a practical approach to the Avoidance Actions that has to date minimized (and, in some cases, eliminated) the costs and burdens to all parties that would be incurred by full-blown litigation of these matters. The Chapter 11 Estates and the Committee have made substantial progress with respect to the Avoidance Actions during the pendency of the Stay. The Chapter 11 Estates and the Committee have pursued amicable resolutions with the Avoidance Action Defendants including by communicating and negotiating with Avoidance Action Defendants through, among other things, the exchange of relevant documentation, evaluation of potential defenses, and consummation of settlements or dismissal of actions. As a result of these efforts, the Chapter 11 Estates, in consultation with the Committee, have resolved Avoidance Actions, as well as avoidance claims subject to tolling agreements, with approximately 200 parties, including through settlements, dismissal of complaints, and termination of tolling agreements, without engaging in time-consuming and costly litigation. Thus, to date, the Stay has promoted judicial economy and minimized the burdens on the Court from the prosecution of these actions.

18. The Stay also has permitted the Chapter 11 Estates to employ innovative procedures as an alternative to litigation to efficiently administer these cases. In approving the first Stay Extension Order, the Court recognized that "the alternative dispute resolution procedures that have adopted [sic] here have produced remarkable successes." Tr. of Hr'g, June 15, 2011, at 31:10-11. More recently, in approving the second Stay Extension Order, the Court called ADR "indisputably a success" and observed that "the results speak for themselves as being beneficial to the estate and also beneficial to the Court . . . because this means that matters

that might otherwise be burdening the Court are being managed in a private fashion." Tr. of Hr'g, Jan. 11, 2012, at 22:23-25, 23:1-2.

19. Adversary Proceeding 3545, which involves derivatives litigation in which the underlying assets have not been distributed to noteholders, including the transactions subject to *Belmont Park Investments Pty Ltd, et al. v. Lehman Brothers Special Financing Inc., et al.*, Adv. Proc. No. 12-01045 (JMP) (the "Belmont Adversary Proceeding"), exemplifies the ADR program's success in privately managing a large proceeding. Out of 117 SPV transactions in Adversary Proceeding 3545, the Chapter 11 Estates have reached final settlement with respect to 65 transactions, as to which Adversary Proceeding 3545 either has been dismissed or is in the process of being dismissed. Of the remaining 52 transactions in Adversary Proceeding 3545, ADR notices have been served in connection with approximately 20 of the transactions, including the transactions subject to the Belmont Adversary Proceeding.[4] Several other transactions in Adversary Proceeding 3545, as well as transactions in other Avoidance Actions, are being prepared for ADR notices, and the majority of the remaining transactions in Adversary Proceeding 3545 are in various stages of settlement negotiations or other resolution or are awaiting final documentation on settlements. Thus, to date, all but a handful of the ADRs to be commenced in connection with Adversary Proceeding 3545 have been commenced. Much of this success may not have been possible without the Stay, which has permitted the Chapter 11 Estates and the Committee to effect such results without costly and burdensome litigation.

[4] The Plan Administrator has also filed a motion, on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), in the Belmont Adversary Proceeding for a stay of such adversary proceeding [ECF No. 8]. While the Belmont Adversary Proceeding is not an Avoidance Action, the *ipso facto* issues raised therein are so inextricably intertwined with the *ipso facto* issues set forth in the Avoidance Actions that the Chapter 11 Estates and the Committee believe that they should be on the same timetable. In addition, the Belmont Adversary Proceeding involves the same transactions that are already the subject of Adversary Proceeding 3545. It makes sense that these actions should proceed on the same timetable or the Stay with respect to Adversary Proceeding 3545 will be largely moot.

Further extension of the Stay is critical to continued efforts towards consensual resolutions in all Avoidance Actions.

20.     In *Lehman Brothers Special Financing Inc. v. Bank of America National Association, et al.*, Adv. Proc. No. 10-03547 (JMP)  ("Adversary Proceeding 3547"), which involves SPVs with "flip clauses" in which the underlying assets have been distributed to noteholders of collateralized debt obligation transactions, LBSF has asserted claims against such noteholders as a defendant class action.  Adversary Proceeding 3547 has 8 trustee defendants, 47 issuer defendants (43 of which are foreign entities), 36 co-issuer defendants, 83 noteholder defendants (many of which are foreign entities) named individually and as representatives of a putative defendant class, and countless unnamed class members.[5]  LBSF has served all of the trustee defendants, the issuer defendants, the co-issuer defendants, and nearly all of the noteholder defendants.[6]

21.     As a result of the *Order Granting Plaintiff's Motion for Expedited Discovery Pursuant to Bankruptcy Rules 7026 and 9014 and Establishing a Protocol Governing the Confidentiality of and Access to Certain Discovery Material*, dated October 25, 2010, Adv. Proc. No. 10-03547 [ECF No. 27] (the "Discovery Order"), LBSF has been and continues to be engaged in the time-consuming, multi-step discovery process required to identify and/or confirm

---

[5] The Stay has been critical in enabling the Chapter 11 Estates to conduct the painstaking discovery required to ascertain the current identity, address, and status for each named class member as required to effect service of the amended complaint upon all named class members that received challenged distributions and amend the amended complaint to reflect newly identified class members as appropriate.  Absent the Stay, litigation of Adversary Proceeding 3547 may have commenced before the Chapter 11 Estates were able to discover such class members' identities and amend the amended complaint to reflect newly identified class members as appropriate.

[6] LBSF successfully has served all of the noteholder defendants that it was required to serve, with the exception of the following two entities:  Kuo Hua Life Insurance Company (attempted to serve via letters rogatory but service was unsuccessful) and JA Hokkaido Shinren (proper address found and service through Japan's Central Authority is currently underway).

the identities and addresses of the noteholders that received the challenged distributions.[7] The discovery received by LBSF to date has provided valuable information necessary for the completion of service on the named defendants and the identification of members of the putative noteholder defendant class. LBSF expects that it likely will receive further confirmatory information regarding the named noteholder defendants in addition to the names and addresses of currently unknown noteholders. To date, LBSF has identified approximately 160 noteholders, that have received over $2.5 billion worth of distributions, that are members of the putative defendant class. As contemplated by the Discovery Order, on the hearing date of this motion, the Court is scheduled to hear the motion of LBSF to amend its First Amended Complaint to, among other things, identify the approximately 160 unnamed noteholders individually and as members of the putative noteholder defendant class.

22. An extension of the Stay will afford LBSF the opportunity to negotiate settlements as well as to proceed with ADR in Adversary Proceeding 3547. The Plan Administrator intends to file a motion to amend the SPV Derivatives ADR Procedures to be heard on the hearing date of this Motion. Such amendment seeks to maximize the efficacy of the ADR process in Adversary Proceeding 3547 by allowing the Chapter 11 Estates to commence ADR proceedings against individual noteholders rather than the SPV Derivatives Counterparty (as defined in the SPV Derivatives ADR Procedures) in situations where distributions have been made to noteholders. The Plan Administrator believes that this amendment of the SPV Derivatives ADR Procedures will allow the Chapter 11 Estates to more efficiently mediate the transactions in Adversary Proceeding 3547.

[7] The discovery process is fully described in the *Debtors' Motion, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), for an Extension of Deadline for Service of Avoidance Actions to June 30, 2011*, dated February 14, 2011 [ECF No. 14487].

23.     In addition to Avoidance Actions involving SPVs, there are currently 21 pending Avoidance Action complaints involving, among other defendants, trade vendors and loan participants.  The Chapter 11 Estates and the Committee are either engaged in, or are pursuing, settlement discussions with respect to each named defendant in such actions.  The Chapter 11 Estates and the Committee believe these negotiations are likely to result in a consensual resolution of many of these matters.  Extension of the Stay will provide the Chapter 11 Estates and the Committee with needed breathing room to continue their efforts to pursue such negotiated resolutions in a timely and efficient manner.

24.     This Court already has exercised its discretion under section 105(a) of the Bankruptcy Code to manage its docket in these cases and, more importantly, to issue and extend the Stay.  *See generally* Tr. of Hr'g, June 15, 2011, at 31:8-9 ("there are huge advantages to case administration and having the continuation of the stay") (remarks of Peck, J.).  The sheer number and complexity of the Avoidance Actions will require substantial resources if litigation is to proceed any time soon.  Expiration of the Stay would force the Chapter 11 Estates and the Committee to simultaneously respond to discovery demands, respond to motions to dismiss and other dispositive motions, and participate in contested matters and trials.  Absent extension of the Stay, the Chapter 11 Estates and the Committee will be forced to litigate all of the Avoidance Actions at the same time, which will be costly, burdensome, and time-consuming.  Extending the Stay, and providing the Chapter 11 Estates and the Committee with an opportunity to try to achieve settlements with the Avoidance Action Defendants, including with respect to potential claim objections that the Plan Administrator could assert against such parties, is a far better alternative than immediate litigation.

25.     As the Court has noted, the Stay was "designed to benefit the entire administration of the Lehman cases" and is "beneficial."  Tr. of Hr'g, Feb. 16, 2011, at 147:20-21, 24.  Extending the Stay of the Avoidance Actions will allow the Chapter 11 Estates and the Committee to continue their significant progress in pursuing consensual resolutions of claims – whether by settlement or dismissal as appropriate – with minimized costs.  In particular, the continuation of the Stay will enable the Chapter 11 Estates to continue to focus on negotiation or meditation of the Avoidance Actions, including through the tremendously successful ADR program, without diverting vital resources from those efforts to litigate the Avoidance Actions.  *See generally* Tr. of Hr'g, Jan. 11, 2012, at 42:21-25, 43:1 ("The goal here is to deal fairly with the interests of all creditors, with the interest of the estate as a whole, and to maximize the likelihood of favorable distributions to creditors under a confirmed plan.  No one disputes the efficacy and success of the ADR program that has been undertaken to date.  The results really do speak for themselves.") (remarks of Peck, J.).

26.     There has been no prejudice to the Avoidance Action Defendants as a result of the Stay, and such defendants will suffer no prejudice from an extension of the Stay, as they will not need to expend time and resources defending the lawsuits.  All rights of the parties will be preserved while the Stay is in effect.  Moreover, as has been the case since the issuance of the Stay Orders, the Avoidance Action Defendants have the right to move before the Court for a modification of the Stay for good cause shown at any time.  *See also* Tr. of Hr'g, Jan. 11, 2012, at 25:20-21 ("[D]efendants can seek to have the stay terminated before the, in this case, six-month extension.") (response of Chapter 11 Estates' counsel to query from the Court as to whether "individual defendants have the unfettered right to seek relief from this blanket stay to

the extent that it can be demonstrated that a party is prejudiced or that the stay is no longer a

useful exercise because the parties have negotiated to frustration," *id*. at 25:14-18).

27.     Although the Chapter 11 Estates' cases are unprecedented in terms of their

size and complexity, relief similar to the relief granted in the Stay Orders and requested herein

has been granted by this Court in other large chapter 11 cases.  *See In re Delphi Corp.*, Case No.

05-44481 (RDD) (Bankr. S.D.N.Y. Aug. 16, 2007) [ECF No. 9105] (order authorizing stay of

approximately 740 avoidance actions and granting other related relief, including ability to amend

complaints during pendency of stay and extending deadline for service of process); *In re Enron

Corp., et al.*, Case No. 01-16034 (AJG) (Bankr. S.D.N.Y. May 5, 2004) [ECF No. 18230] (order

issuing 90-day stay of discovery in approximately 1,100 avoidance actions to enable the debtors

to develop procedures for conducting discovery in a coordinated and efficient manner).

28.     Extending the Stay is in the best interests of the Chapter 11 Estates and

their creditors and should be approved.  For all of the reasons that the Court has authorized the

Stay previously, as well as the considerable progress the Chapter 11 Estates and the Committee

have made in initiating ADR proceedings and consensually resolving the Avoidance Actions, the

Court should exercise its discretion here and extend the Stay.

**Notice**

29.     No trustee has been appointed in these chapter 11 cases.  Notice of this

Motion has been served in accordance with the procedures set forth in the second amended order

entered on June 17, 2010 governing case management and administrative procedures for these

cases [ECF No. 9635] on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii)

the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New

York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) all known and

identified Avoidance Action Defendants or their agents or representatives, except for Avoidance Action Defendants as to whom the respective Avoidance Action has been settled or dismissed.

**Conclusion**

30. For the reasons set forth herein, the Motion should be granted. The proposed scope of the Stay is (i) balanced and fair, (ii) does not modify the substantive rights of any of the Avoidance Action Defendants, and (iii) promotes settlements at minimal costs to the

Chapter 11 Estates as well as the Avoidance Action Defendants.

        WHEREFORE the Plan Administrator and the Committee respectfully request that

the Court grant the relief requested herein and such other and further relief as is just.

Dated: June 29, 2012
     New York, New York

                    /s/ Jacqueline Marcus
                    Richard W. Slack
                    Jacqueline Marcus

                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone: (212) 310-8000
                    Facsimile: (212) 310-8007

                    Attorneys for Lehman Brothers Holdings Inc.
                    and Certain of Its Affiliates

                    /s/ David S. Cohen
                    Dennis F. Dunne
                    Evan R. Fleck
                    Dennis C. O'Donnell

                    MILBANK, TWEED, HADLEY & McCLOY LLP
                    1 Chase Manhattan Plaza
                    New York, New York 10005
                    Telephone:  (212) 530-5000

                    -and-

                    David S. Cohen
                    MILBANK, TWEED, HADLEY & McCLOY LLP
                    1850 K Street, NW, Suite 1100
                    Washington, D.C. 20006
                    Telephone:  (202) 835-7500

                    Attorneys for Litigation Subcommittee of the
                    Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| **LEHMAN BROTHERS HOLDINGS INC., *et al.*,** | : | **08-13555 (JMP)** |
| **Debtors.** | : | **(Jointly Administered)** |

**ORDER EXTENDING STAY OF AVOIDANCE ACTIONS
PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE**

Upon the motion, dated June 29, 2012 (the "Motion"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), and the litigation subcommittee of the Official Committee of Unsecured Creditors appointed in these cases (the "Committee"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), to extend the stay for each of the adversary proceedings identified on Exhibit A hereto and any other avoidance actions that may be commenced by the Plan Administrator or the Committee under sections 544, 545, 547, 548, 549, 550 and/or 553 of the Bankruptcy Code (collectively, the "Avoidance Actions"), as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered the *Order Staying Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated October 20, 2010 [ECF No. 12199] (the "Initial Stay Order"), the *Order Extending the Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated June 16, 2011 [ECF No. 17763], and the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)*, dated January 11, 2012 [ECF No. 24198] (together with the Initial Stay Order, the "Stay Orders"); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all parties who have requested notice in these chapter 11 cases; and (vi) each of the known and identified defendants to the Avoidance Actions or their agents or representatives (the "Avoidance Action Defendants"), except for Avoidance Action Defendants as to whom the respective Avoidance Action has been settled or dismissed, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted; and it is further

ORDERED that the Stay imposed by the Stay Orders is hereby extended for a period of six (6) months to January 20, 2013, without prejudice to the ability of the Plan Administrator and the Committee to request further extensions; and it is further

ORDERED that, unless the Stay is extended by order of the Court or as otherwise agreed by the parties, each Avoidance Action Defendant shall be required to answer or otherwise respond to any Avoidance Action complaint by the later of March 5, 2013, or, if such complaint is amended or further amended, 30 days after the date of the filing of any such amended complaint or further amended complaint, as applicable; *provided*, *however,* that if the Stay is lifted by (i) the Plan Administrator's filing and service of a notice of intention to prosecute an Avoidance Action or (ii) the Court's entry of an order modifying the Stay over an Avoidance Action, then the applicable Avoidance Action Defendant shall be required to answer or otherwise respond to the Avoidance Action complaint within 30 days after the date of, as applicable, service of a notice of intention to prosecute such Avoidance Action or the Court's order modifying the Stay over such Avoidance Action; and it is further

ORDERED that, except as set forth herein, all other terms and provisions of the Stay Orders shall remain unaltered and in full force and effect; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July __, 2012
New York, New York

______________________________
UNITED STATES BANKRUPTCY JUDGE

# **Exhibit A**

**(Schedule of Pending Avoidance Actions)**

| **Adversary Proceeding No.** | **Adversary Proceeding** |
|---|---|
| 10-03542 (JMP) | Lehman Brothers Special Financing Inc. v. U.S. Bank National Association, *et al*. |
| 10-03544 (JMP) | Lehman Brothers Financial Products Inc. v. The Bank of New York Mellon Trust Co., National Association, *et al*. |
| 10-03545 (JMP) | Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, *et al*. |
| 10-03547 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of America National Association, *et al*. |
| 10-03548 (JMP) | Lehman Brothers Holdings Inc. v. AXA, S.A., *et al*. |
| 10-03552 (JMP) | Lehman Brothers Holdings Inc. v. Fragomen, Del Ray, Bernsen and Loewy, LLP |
| 10-03553 (JMP) | Lehman Brothers Holdings Inc. v. GMAC Mortgage Corporation |
| 10-03558 (JMP) | Lehman Brothers Holdings Inc. v. Earth Thebault Inc. |
| 10-03560 (JMP) | Lehman Brothers Holdings Inc. v. EMortgage Logic LLC |
| 10-03565 (JMP) | Lehman Brothers Holdings Inc. v. Georgeson Inc. |
| 10-03566 (JMP) | Lehman Brothers Holdings Inc. v. Hypotheca Capita LLC |
| 10-03574 (JMP) | Lehman Brothers Holdings Inc. v. Ana-Data Consulting Inc. |
| 10-03598 (JMP) | Lehman Brothers Holdings Inc. v. First American Residential Value View LLC |
| 10-03606 (JMP) | Lehman Brothers Holdings Inc. v. Stewart Lender Services |
| 10-03607 (JMP) | Lehman Brothers Holdings Inc. v. Interface Cable Assemblies & Services Corporation |
| 10-03609 (JMP) | Lehman Brothers Holdings Inc. v. Deutsche Bank Trust Company Americas |
| 10-03809 (JMP) | Lehman Brothers Special Financing Inc. v. Wells Fargo Bank National Association, *et al*. |
| 10-03810 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York, *et al*. |
| 10-03811 (JMP) | Lehman Brothers Special Financing Inc. v. Bank of New York Mellon National Association |
| 10-03830 (JMP) | Lehman Commercial Paper Inc. v. Confluent V Limited and AXA Investment Managers Paris S.A. |
| 10-03831 (JMP) | Lehman Commercial Paper Inc. v. BlueBay Asset Management Plc, *et al*. |

| **Adversary Proceeding No.** | **Adversary Proceeding** |
| --- | --- |
| 10-03832 (JMP) | Lehman Commercial Paper Inc. v. Adagio III CLO PLC and AXA Investment Managers Paris S.A. |
| 10-03833 (JMP) | Lehman Commercial Paper Inc. v. Matignon Derivatives Loans and AXA Investment Managers Paris S.A. |
| 11-01623 (JMP) | Lehman Brothers Holdings Inc. v. Perficient, Inc. |
| 11-01661 (JMP) | Lehman Brothers Holdings Inc. v. Bullet Communications Inc. |
| 11-01697 (JMP) | Lehman Commercial Paper Inc. v. Sark Master Fund Limited |
| 12-01043 (JMP) | Lehman Brothers Holdings Inc. v. CitiMortgage, Inc. |
| 12-01668 (JMP) | Lehman Brothers Holdings Inc. and Lehman Commercial Paper Inc. v. Standard Chartered Bank and Standard Chartered Bank Korea (f/k/a Standard Chartered First Bank Korea) |