**Hearing Date and Time:  July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,     :    08-13555 (JMP)
                                                                :
                                    Debtors.          :    **(Jointly Administered)**
                                                                :
                                                                :
------------------------------------------------------------------x

**NOTICE OF MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY
CODE AND GENERAL ORDER M-390 FOR AN ORDER AMENDING THE
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

PLEASE TAKE NOTICE that a hearing on the annexed motion of Lehman

Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to

section 105(a) of title 11 of the United States Code and General Order M-390 for an order

amending the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the

Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [ECF No.

14789] (the "Motion"), will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House,

Courtroom 601, One Bowling Green, New York, New York, 10004 (the "Bankruptcy Court"),

on **July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections to the Motion, if any, shall

be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the

objecting party, the basis for the objection and the specific grounds thereof, shall be filed with

the Bankruptcy Court electronically in accordance with General Order M-242 by registered users

of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch

disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based

word processing format (with two hard copies delivered directly to Chambers), and shall be

served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York,

New York, 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New

York, New York, 10153, Attn:  Richard W. Slack, Esq. and Jacqueline Marcus, Esq., attorneys

for LBHI and certain of its affiliates; (iii) the Office of the United States Trustee for Region 2, 33

Whitehall Street, 21st Floor, New York, New York, 10004, Attn:  Tracy Hope Davis, Esq.,

Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) all parties who have requested

notice in these chapter 11 cases; and (v) all parties with a particularized interest in the Motion, so

as to be so filed and received by no later than **July 11, 2012 at 4:00 p.m. (Prevailing Eastern**

**Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not

received by the Objection Deadline, the relief requested shall be deemed unopposed, and the

Bankruptcy Court may enter an order granting the relief sought without a hearing.

2

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated:  June 29, 2012
      New York, New York

          /s/ Richard W. Slack
          Richard W. Slack
          Jacqueline Marcus
          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Lehman Brothers Holdings Inc.
          and Certain of Its Affiliates

Hearing Date and Time:  July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| **Debtors.** | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

------------------------------------------------------------------x

**MOTION PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE
AND GENERAL ORDER M-390 FOR AN ORDER AMENDING THE
ALTERNATIVE DISPUTE RESOLUTION PROCEDURES ORDER FOR
AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES
<u>TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "<u>Plan</u>"), files this Motion and respectfully

represents:

<u>**Background**</u>

1.        Commencing on September 15, 2008, and periodically thereafter (as

applicable, the "<u>Commencement Date</u>"), Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and certain

of its affiliates (the "Chapter 11 Estates") commenced with this Court voluntary cases (together,

the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy

Code").  The Chapter 11 Cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules").

2.      As of the Commencement Date, the Chapter 11 Estates were party to more

than one million prepetition derivatives contracts (each a "Derivatives Transaction" and

collectively, the "Derivatives Transactions"), many of which were "in the money" to the Chapter

11 Estates.  Such contracts were, at the Commencement Date, and still are significant assets of

the Chapter 11 Estates.

3.      A number of the Derivatives Transactions involve a special purpose

vehicle or special investment vehicle (an "SPV Derivatives Counterparty"), which issued notes

or certificates of beneficial interest pursuant to an indenture or trust agreement and which entered

into one or more derivatives contracts with one or more of the Chapter 11 Estates (each, an "SPV

Derivatives Transaction" and collectively, the "SPV Derivatives Transactions").  The SPV

Derivatives Transactions include some of the largest "in the money" contracts of the Chapter 11

Estate and are valuable assets of the Chapter 11 Estates.

4.      On September 17, 2009, the Court entered the Alternative Dispute

Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts

[ECF No. 5207] (the "Derivatives ADR Order"), establishing alternative dispute resolution

("ADR") procedures (the "Derivatives ADR Procedures") to facilitate the settlement of the

Chapter 11 Estates' derivatives contracts.  On September 27, 2010, the Court entered the Tier 2

Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under

Derivatives Contracts for Amounts Not More Than $1 Million [ECF No. 11649], and on May 2,

2012, the Court entered the Order Amending the Tier 2 Alternative Dispute Resolution

Procedures Order for Affirmative Claims of Debtors Under Certain Derivatives Contracts [ECF

No. 27698], establishing ADR procedures related to qualified claims equal to or less than certain

threshold amounts (the "Tier 2 Derivatives ADR Procedures").  On March 3, 2011, the Court

entered the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the

Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties [ECF No.

14789] (the "SPV Derivatives ADR Order"), establishing ADR procedures related to special

purpose vehicles (the "SPV Derivatives ADR Procedures," and, together with the Derivatives

ADR Procedures and the Tier 2 Derivatives ADR Procedures, the "ADR Procedures").

5.     On December 6, 2011, the Court approved and entered an order

confirming the Plan [ECF No. 23023] (the "Confirmation Order").  The Plan became effective

on March 6, 2012 (the "Effective Date").  Pursuant to sections 6.1 and 13.1 of the Plan, the Plan

Administrator has the authority and right to, among other things, liquidate and collect the assets

belonging to the Chapter 11 Estates.  Pursuant to paragraph 63 of the Confirmation Order, the

SPV Derivatives ADR Procedures continue to apply and are binding on all parties following the

Effective Date through the Closing Date (as defined in the Plan).

**Jurisdiction**

6.     This Court has subject matter jurisdiction to consider and determine this

matter pursuant to 28 U.S.C. § 1334 and section 14.1 of the Plan.  This is a core proceeding

pursuant to 28 U.S.C. § 157(b).

**Relief Requested**

7.     On behalf of the Chapter 11 Estates, the Plan Administrator requests,

pursuant to section 105(a) of the Bankruptcy Code and the Court's General Order M-390 (the

3

"Standing Order"), an order (the "Amended SPV Derivatives ADR Order"), in the form annexed

hereto as Exhibit 1, amending the SPV Derivatives ADR Order, in order to improve the SPV

Derivatives ADR Procedures as applied to transactions in which all or some of the underlying

assets have been distributed.

### Revisions to the SPV Derivatives ADR Procedures

8.      The ADR Procedures have been successful and useful mechanisms for the

Chapter 11 Estates to resolve numerous disputes related to derivatives transactions, including

those with SPVs, without the need for intervention by the Court.  As of the filing of this Motion,

SPV Derivatives Transactions with 80 defendants have been resolved, by final settlement or

otherwise, over 50 additional SPV transactions currently are subject to the SPV Derivatives ADR

Procedures, and numerous other transactions are in various stages of settlement negotiation or

final documentation of settlement.  Additional SPV ADR Transactions are in the "pipeline"

currently being prepared for initiation of proceedings under the SPV Derivatives ADR

Procedures.

9.      As a result of settlements reached under the ADR Procedures, the Chapter

11 Estates have received a total of over $1.1 billion new dollars, all without Court intervention.

Nonetheless, due to challenges that have arisen in the course of seeking to recover amounts owed

to the Chapter 11 Estates under the SPV Derivatives Transactions, the Plan Administrator

believes introducing certain additional flexibility into the SPV Derivatives ADR Procedures will

aid the Chapter 11 Estates in reaching settlements and recovering funds due the estates.

10.      In particular, because in certain of the SPV Derivatives Transactions,

funds due the estates already have been distributed to holders of notes or beneficial interests (the

"Noteholders"), who are known to the Chapter 11 Estates, the SPV Derivatives ADR Procedures,

4

as amended by the Amended SPV Derivatives ADR Order, would allow (but not require) the Chapter 11 Estates at their election to serve one or more Noteholder(s) directly and without the inclusion of an SPV Derivatives Counterparty.  The inclusion of an SPV Derivatives Counterparty may unduly complicate the settlement process in certain circumstances when the funds at issue already have been distributed in whole or in part to one or more Noteholder(s), who may therefore settle directly and on their own behalf with the Chapter 11 Estates.  Accordingly, the Plan Administrator requests the procedures be amended so that the Chapter 11 Estates have the flexibility to elect to proceed directly with one or more Noteholder(s) in certain SPV Derivatives Transactions under the SPV Derivatives ADR Procedures.  This narrow change, which provides flexibility in the methods available to the Chapter 11 Estates to seek to settle disputes consensually and without judicial intervention, will not prejudice the interests of any party and will serve the interests of justice and efficiency.

11.    For the convenience of the Court and all parties, a blackline of the Amended SPV Derivatives ADR Order marked against the existing SPV Derivatives ADR Order to show the provisions in the Amended SPV Derivatives ADR Order that are new or different is annexed hereto as <u>Exhibit 2</u>.  In addition to the substantive changes necessary to further the goals specified above, certain changes in the Amended SPV Derivatives ADR Order have been made for formal clarity or stylistic uniformity.  These changes include, for example, changes of terminology necessitated by confirmation of the Plan, changes to wording in paragraph 5(c)(iii)(b), reorganization of the material previously at paragraph 5(c)(iv) (now at paragraph 5(d)), and renumbering of the paragraphs now at 8(b)(iii) and 8(c).

**Notice**

12.    No trustee has been appointed in the Chapter 11 Cases.  The Plan

Administrator, in accordance with the procedures set forth in the second amended order entered

on June 17, 2010 governing case management and administrative procedures for these cases

[ECF No. 9635], has served notice of this Motion on (i) the United States Trustee for Region 2;

(ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United

States Attorney for the Southern District of New York; (v) all interested parties; and (vi) all

parties who have requested notice in the Chapter 11 Cases.  The Plan Administrator submits that

no other or further notice need be provided.

13.    Other than the request for the establishment of the SPV Derivatives ADR

Procedures, which was granted by the Court, no previous request for the relief sought herein has

been made by the Plan Administrator to this or any other court.

WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as it deems just and proper.

Dated:  June 29, 2012
        New York, New York

/s/ Richard W. Slack
Richard W. Slack
Jacqueline Marcus
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

## Exhibit 1

**(Amended SPV Derivatives ADR Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
                                                    :
In re                                               :          Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :          08-13555 (JMP)
                                                    :
                            Debtors.                :          (Jointly Administered)
                                                    :
                                                    :
--------------------------------------------------------------------x

## AMENDED ORDER PROVIDING FOR ALTERNATIVE DISPUTE RESOLUTION PROCEDURES FOR AFFIRMATIVE CLAIMS OF THE DEBTORS UNDER DERIVATIVES TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES

        The following alternative dispute resolution ("ADR") procedures for disputes involving derivatives transactions with special purpose vehicles (the "SPV Derivatives ADR Procedures") are ORDERED to apply to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (together with LBHI, the "Chapter 11 Estates"). In connection with SPV Derivatives Transactions (as defined below), this order (the "Amended SPV Derivatives ADR Order") supersedes in its entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "Derivatives ADR Order") [ECF No. 5207] and the Alternative Dispute Resolution Procedures Order For Affirmative Claims Of The Debtors Under Derivatives Transactions With Special Purpose Vehicle Counterparties (the "SPV Derivatives ADR Order") [ECF No. 14789].

## FINDINGS

On motion (the "Motion") of LBHI as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), due and proper notice of which having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) all

interested parties, and (vi) all parties entitled to notice in accordance with the procedures set

forth in the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635], and a hearing having been held on the

Motion on July 18, 2012, the Court FINDS that numerous open and terminated SPV Derivatives

Transactions (as defined below), including without limitation derivatives contracts that are "swap

agreements" or "forward contracts," in each case, as such term is defined in section 101 of the

Bankruptcy Code, exist under which the Chapter 11 Estates and the relevant counterparties and

other parties in interest have disputes over their respective legal rights and obligations.  The

Court further FINDS that certain common issues continue to exist regarding these contracts,

including, among others, questions involving appropriateness of setoff, termination, valuation,

computation of termination payments, and notice.  The Court further FINDS that substantial

value may be recovered for the Chapter 11 Estates and judicial efficiency can be promoted if

continued resolution of disputes and recoveries under such contracts can be achieved without the

need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar

proceedings ordered in these and other complex chapter 11 cases have contributed to effective

administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), and in order to promote consensual resolution with respect to the SPV Derivatives Transactions  (as defined below) between one or more of the Chapter 11 Estates, the SPV Derivatives Counterparties (as defined below), and, where appropriate, the SPV Trustees (as defined below) and the Noteholders (as defined below), and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties, the procedures described below are ORDERED:

1.    SPV Derivatives Transactions.

a.    For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust, or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, has entered into one or more derivatives contracts with one or more of the Chapter 11 Estates (each, the "SPV Derivatives Transaction" and, collectively, the "SPV Derivatives Transactions").  In connection with an SPV Derivatives Transaction where some or all of the amounts that may be owed to the Chapter 11 Estate previously have been distributed to one or more Noteholder(s) (as defined below), the Chapter 11 Estate may elect, as provided below, to initiate SPV Derivatives ADR Procedures solely with one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty; when a Chapter 11 Estate so elects, such SPV Derivatives Transaction shall be defined, for purposes of this Order and for purposes of the SPV Derivatives ADR Procedures, as

a "Distributed SPV Derivatives Transaction," and collectively with other such transactions as the "Distributed SPV Derivatives Transactions." The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions (including Distributed SPV Derivatives Transactions) where one or more Chapter 11 Estates contend they have the potential for affirmative recovery.

       b.       To date, the Chapter 11 Estates have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more of the Chapter 11 Estates (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the Chapter 11 Estates (the "SPV Derivatives Counterparty"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, or repurchase agreement in respect of securities or loans.

       c.       The Chapter 11 Estates have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions, including Distributed SPV Derivatives Transactions (collectively, the "Actions"), and anticipate initiating legal process against other similar parties. Specifically, the term "Actions" includes any such motions, complaints (including adversary proceedings), and other papers commencing legal process that already have been filed and those that are subsequently filed.

4

2.       SPV Derivatives ADR Disputes.  Except to the extent expressly precluded

herein, to the extent a Chapter 11 Estate seeks to institute an ADR proceeding in connection with

any Action that is pending before the Court, the Chapter 11 Estate will serve a copy of this Order

and the SPV Derivatives ADR Notice (as defined below) (collectively, the "SPV Derivatives

ADR Package") on the SPV Derivatives Counterparty, or, in a Distributed SPV Derivatives

Transaction, on one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives

Counterparty; at the Chapter 11 Estate's election, it may also serve the SPV Trustee (as defined

below), one or more Noteholder(s), and/or any investment advisor, collateral manager, or other

fiduciary (an "Advisor") with the SPV Derivatives ADR Package; *provided*, *however*, that a

Chapter 11 Estate may not serve the SPV Derivatives ADR Package on such SPV Derivatives

Counterparty, SPV Trustee, Noteholder, or Advisor, unless the Chapter 11 Estate has already

commenced an Action or is already involved in ADR related to a particular SPV Derivatives

Transaction.  The Chapter 11 Estate, the SPV Derivatives Counterparty, the SPV Trustee, any

Noteholder, and/or any Advisor served with the SPV Derivatives ADR Package are collectively

referred to herein as the "Parties," or each individually as a "Party."

a.       When the SPV Derivatives Counterparty and/or, if applicable, the

trustee with respect to the SPV Derivatives Transaction (the "SPV Trustee") are served with the

SPV Derivatives ADR Package, the SPV Derivatives Counterparty and, if applicable, the SPV

Trustee may disclose the contents of such SPV Derivatives ADR Package to any person, entity,

or special investment vehicle that holds a note or beneficial interest in the SPV Derivatives

Counterparty or the SPV Derivatives Transaction generally (such persons or entities collectively

referred to as "Noteholders," and each singly as a "Noteholder"); *provided*, *however*, that any

such Noteholder not specified as a Party to the SPV Derivatives ADR Dispute must, in advance

of receiving such SPV Derivatives ADR Package, agree in writing to abide by the confidentiality

provisions in this Order, including paragraph 13, and must agree in writing to maintain the

confidentiality of any such information received.  A Noteholder served with the SPV Derivatives

ADR Package, as a Party to the ADR, must abide by the confidentiality provisions in this Order,

including paragraph 13, and may not disclose the contents of such SPV Derivatives ADR

Package to any person other than the SPV Derivatives Counterparty or SPV Trustee without the

written consent of the Chapter 11 Estates or further order of the Court.

        b.      For the purposes of the SPV Derivatives ADR Procedures, service

on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor can be

made by serving that Party and such Party's counsel who has appeared in these cases and/or an

Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or (iv) email upon consent.

Service made in accordance with this paragraph will be deemed adequate service.  This

paragraph is not intended to limit other methods of proper service.

        c.      Notwithstanding any stay imposed by this Court, any defendant

named in an Action must file a notice of appearance within thirty (30) calendar days of service of

the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive

pleading.  Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy

Procedure 7041, a Chapter 11 Estate has the right to dismiss an Action against such SPV

Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor without prejudice before a

responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar

days of service of the SPV Derivatives ADR Package may result in this Court's entry of

Sanctions (as defined below) as set forth below, including an order or judgment for recovery of

amounts demanded by Chapter 11 Estates in the SPV Derivatives ADR Notice or an order for a

default judgment against the defaulting party; *provided, however*, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

                d.        The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

                3.        <u>Stay of Actions</u>.  A Chapter 11 Estate may serve the SPV Derivatives ADR Package regardless of whether an Action has been previously stayed by the Court, and any prior stay shall be deemed automatically lifted upon the service of the SPV Derivatives ADR Package solely for the limited purpose of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.  Moreover, nothing contained herein shall be construed as lifting any stay with respect to the Actions other than for the limited purpose of complying with this Order.  Upon service of the SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than those related to completion of service of process) will be indefinitely suspended, (ii) all discovery and pre-trial conferences will not be required or conducted, and (iii) all motion practice and contested hearings or trials will be prohibited; *provided, however*, that during such stay, the Chapter 11 Estates may (a)

amend the Action complaint, (b) employ the SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action complaint, (e) seek discovery for the limited purpose of assisting the Chapter 11 Estates in completing service of the Action complaint, and (f) dismiss an Action in accordance with Bankruptcy Rule 7041.

4.     Settlement of Disputes During the SPV Derivatives ADR Procedures. Nothing contained herein shall prevent the Parties from settling, and the Parties are encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR Procedures by the mutual consent of the Parties; *provided*, that all SPV Derivatives ADR Disputes settled pursuant to this Order, including terminated, active, and matured SPV Derivatives Transactions, regardless of whether such settlement is reached with a Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor, shall be settled pursuant to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the Chapter 11 Estates to establish procedures for the settlement or assumption and assignment of prepetition derivative contracts [ECF No. 2257]; (ii) the Order, dated January 29, 2009, authorizing the consensual assumption and assignment of prepetition derivative contracts [ECF No. 2667]; (iii) other orders in these chapter 11 cases permitting such settlement; (iv) upon the written request of any party to a settlement, by means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date and objection deadline; *provided* that the economic terms of the resolution shall be redacted in any such motion and related order and an unredacted copy disclosing the economic terms of the resolution may only be provided to a Noteholder not previously served with the SPV Derivatives ADR Package after such Noteholder agrees in writing to maintain the confidentiality of any such information

8

received and to abide by the confidentiality provisions in this Order; (v) the Plan; or (vi) as otherwise permitted under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

     5.    <u>Participation Mandatory</u>.

     a.    Unless otherwise provided in a specific order applicable to a particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package, compliance with the SPV Derivatives ADR Procedures in this Order is mandatory. Although no Party is required to settle or compromise the SPV Derivatives ADR Dispute, each Chapter 11 Estate serving the SPV Derivatives ADR Package and each SPV Derivatives Counterparty, SPV Trustee with Authority (as defined below), Noteholder, and/or Advisor on whom a Chapter 11 Estate elects to serve such SPV Derivatives ADR Package must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

     b.    With respect to any SPV Derivatives ADR Package served on the SPV Trustee, the SPV Trustee will, within the period provided in paragraph 8(b) for service of a response thereto, review the governing documents and make a reasonable determination whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("<u>Authority</u>"). If in the SPV Trustee's reasonable determination it does not have Authority, the SPV Trustee will provide the Chapter 11 Estate with a written statement detailing its analysis and reasons why the SPV Trustee believes it does not have Authority under the governing documents or otherwise.

i.      If the SPV Trustee has Authority, it will participate in the

SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such

documents, and it will contact the Noteholders for which it acts as SPV Trustee through the

clearing systems or when possible by a direct written communication that advises such

Noteholders about the initiation of the ADR.  In addition, with respect to each Noteholder not

specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the

confidentiality provisions in this Order, including paragraph 13, and to maintain the

confidentiality of any such information received, the SPV Trustee with Authority will transmit to

each such Noteholder the applicable SPV Derivatives ADR Package.

ii.      If the SPV Trustee lacks Authority via the governing

documents, it shall provide a communication, through the clearing systems or when possible by a

direct written communication, to the Noteholders for which it acts as SPV Trustee, that: (a)

advises such Noteholders about the initiation of the ADR; (b) invites them to participate in the

SPV Derivatives ADR Procedures as an alternative to litigation; (c) encourages them to

communicate directly with the Chapter 11 Estates; and (d) offers to take the Noteholders'

direction in accordance with the governing documents to participate in the SPV Derivatives

ADR Procedures on behalf of such directing Noteholders.  In addition, with respect to each

Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to

abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the

confidentiality of any such information received, the SPV Trustee without Authority will

transmit to each such Noteholder the applicable SPV Derivatives ADR Package.

iii.    In taking the steps outlined in this paragraph 5(b), SPV Trustees shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

iv.    Nothing contained in this paragraph 5(b) with respect to SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from compliance with this Order.

c.    The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days after service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the Chapter 11 Estate of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").  The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

i.    The Settlement Participation Designation shall include the name and contact information of Authorized Designee, state that the Authorized Designee has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and the Authorized Designee.  Notwithstanding any other provisions regarding Sanctions contained in this Order, if the Chapter 11 Estate does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to

11

proceed under this Order in the case of a pending ADR, the Court may, upon motion of the

Chapter 11 Estate, impose Sanctions (as defined below) on the SPV Derivatives Counterparty,

including but not limited to an order or judgment for recovery of amounts demanded by a

Chapter 11 Estate in the SPV Derivatives ADR Notice.

ii.    The SPV Derivatives Counterparty shall send notice of the

SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized

Designee with settlement authority, and the related Action, to all Noteholders in accordance with

both requirements of paragraph 5(c)(iii) below.

iii.    In addition to any method of notice permitted by the

relevant Indenture, including but not limited to service through the Depository Trust Company,

notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the

methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master

Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such

notice in these chapter 11 cases, constitutes sufficient notice to such persons:

(a)    sending the papers commencing the relevant Action

and the SPV Derivatives ADR Package to each such person; *provided* that, in the case of the

Noteholders, such papers and SPV Derivatives ADR Package shall be sent:

(i)  directly to the original Noteholders (as of the

issuance date thereof), as and to the extent listed in the records of the Chapter 11 Estates; and

(ii) directly to known current Noteholders; and

(b)    publishing the fact that there exists an ADR

proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the

Financial Times for three successive business days.

12

iv.     If a Chapter 11 Estate has not timely received a Settlement

Participation Designation, a Chapter 11 Estate may at its sole discretion continue its attempts at

mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or

terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited

to an order or judgment for recovery of amounts demanded by the Chapter 11 Estates in the SPV

Derivatives ADR Notice.  No actions authorized by this paragraph 5(c)(iv) shall be construed as

automatically eliminating or modifying the stay of the Action without such Chapter 11 Estate's

consent.

d.     Within ten (10) business days of receiving written request by a

Chapter 11 Estate, the SPV Derivatives Counterparty, and if served with the SPV Derivatives

ADR Package, the SPV Trustee, shall provide information to such Chapter 11 Estate sufficient to

identify and contact such Noteholders directly if known, and if such information is unknown to

the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and

SPV Trustee shall provide information sufficient to identify the clearing systems through which

such Noteholders are communicated.

e.     In taking the steps outlined in this paragraph 5, all Parties to the

SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as

possible under the prevailing circumstances.

f.     Nothing contained in this paragraph 5 shall relieve or be construed

to relieve any Party to the SPV Derivatives ADR Dispute from compliance with this Order.

g.     No rights, remedies, claims, or defenses of any SPV Derivatives

Counterparty, SPV Trustee, Noteholder, Advisor, or Chapter 11 Estate, acting in good faith

compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived, or

13

compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.  Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, Noteholder, or Advisor shall not waive the defense of lack of *in personam* jurisdiction, if any, which defense shall be preserved.

6.    Nothing contained herein shall prevent any Party from asserting in any respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a Chapter 11 Estate's claim involving a SPV Derivatives Transaction or any other valid defense to a Chapter 11 Estate's demand thereunder.

7.    <u>Chapter 11 Estate's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties</u>.  If the SPV Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor previously has commenced any action or proceeding in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the Chapter 11 Estates reserve their right, pursuant to the order dated December 18, 2008 [ECF No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of Chapter 11 Estates, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

## **NOTICE/RESPONSE STAGE**

8.    <u>Notice/Response</u>.  The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange

settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the

SPV Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The

Notice/Response Stage shall include:

a.    SPV Derivatives ADR Notice.  An "SPV Derivatives ADR

Notice" means a notice containing sufficient information regarding the SPV Derivatives ADR

Dispute including the nature of the Chapter 11 Estate's claim, a brief explanation setting forth

the basis for the demand and the amount of its demand for settlement, including an amount of

monetary recovery the Chapter 11 Estate(s) would accept in full settlement and compromise.

With regard to an SPV Derivatives Transaction in which funds at issue have not been distributed

already, a Chapter 11 Estate shall serve an SPV Derivatives ADR Notice upon the SPV

Derivatives Counterparty and, at such Chapter 11 Estate's election, the SPV Trustee and/or one

or more Noteholder(s) and/or Advisor(s) (and any attorneys who have appeared in these cases or

an Action).  With regard to an SPV Derivatives Transaction in which some or all funds have

been distributed, a Chapter 11 Estate may at its election serve an SPV Derivatives ADR Notice

upon one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty, as

well as, at such Chapter 11 Estate's election, upon the SPV Trustee and/or any Advisor (and any

attorneys who have appeared in these cases or an Action).  Service of a completed SPV

Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be

deemed to comply with this Order.

b.    Response to Notice.  Each Party served with an SPV Derivatives

ADR Notice by the Chapter 11 Estate must respond in writing within 75 calendar days from the

date of the receipt of the SPV Derivatives ADR Notice.  The response options available are as

follows (the "Responses"):

i.      <u>Agreeing to Settle the Demand</u>.  If the Party obligated to

respond agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing

that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The Parties will

then execute a settlement and general release (including a confidentiality provision) and the

Chapter 11 Estate shall dismiss the corresponding Action with prejudice upon execution of the

release.

ii.      <u>Denying the Demand</u>.  The Party obligated to respond may

decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in

which case such Party must include a brief explanation in the Response to the SPV Derivatives

ADR Notice setting forth the reason(s) for such denial.  In addition, such Party may provide a

counteroffer to the demand in the SPV Derivatives ADR Notice.  Service of a completed

Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B"

shall presumptively be deemed to comply with this Order.

iii.      <u>Failure to Respond</u>.  Failure to provide a timely Response

to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the

option of Chapter 11 Estates, either in an application to the Court (with notice to any applicable

SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the

Chapter 11 Estate with the SPV Derivatives ADR Package) for Sanctions (as defined below) as

set forth below, including an order or judgment for recovery of amounts demanded by Chapter

11 Estates in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

c.      <u>Reply to Response</u>.  The Chapter 11 Estate shall have twenty (20)

calendar days from the date of the receipt of the Response to serve a reply to the Response to the

SPV Derivatives ADR Notice (the "<u>Reply</u>"), in which the Chapter 11 Estate shall (i) modify its

demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its

demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the

SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or

Mediation Stage.

        9.      <u>Request for Initial Settlement Conference</u>.  At any time prior to the

Mediation Stage, but after the date upon which a Reply is due, any Party may request an initial

telephonic settlement conference by written request, to be held within fourteen (14) calendar

days.  Within five (5) business days of a receipt of such a request, the other Parties must respond

by acceptance of one of the proposed dates and times or by a proposal for an initial settlement

call no later than five (5) calendar days from the earliest date set forth in the written request.  If

an acceptable date cannot be achieved through this process, the Parties shall immediately

proceed to the Mediation Stage.  At least one hour shall be reserved for the initial conference to

discuss settlement, and during the initial settlement conference a person with authority to

negotiate and settle (including an Authorized Designee) must participate on behalf of each Party.

No mediator or representative of the Court will participate in this discussion, but the initial

conference call specified in this paragraph, together with any continuations or rescheduled

settlement calls or meetings arising from that initial settlement conference, will be covered by

Rule 408 of the Federal Rules of Evidence and analogous state evidentiary provisions, and the

confidentiality provisions of this Order shall apply to this call or series of calls as if a mediator

were present.  Settlement conferences during the Notice/Response Stage may be held in person if

all Parties agree in writing.

17

## MEDIATION STAGE

10.     Mediation.  SPV Derivatives ADR Disputes that are not resolved through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").  The Chapter 11 Estates shall transmit on a rolling basis to the mediators appointed pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to paragraph 10(b)(i) hereof.

a.     Choice of Mediator.  James Freund, David Geronemus, Ralph Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as mediator, an alternate mediator shall be selected by the Court upon notice to the Parties.

b.     Powers of Mediator.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by a Party and consultation with the Chapter 11 Estate.

c.     Mediator Contact.  Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

d.     Mediation Sites.  All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

e.     Mediation Briefs.  Any Party to a mediation may submit a Mediation Brief, with service upon the other Parties to the mediation unless the mediator has affirmatively required the Parties to serve Mediation Briefs upon each other and the mediator.

Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the mediator.  No Mediation Brief shall be filed with the Court.

        f.    <u>Appearance at Mediations</u>.  Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute must appear in person with a person who has complete authority to negotiate all disputed amounts and issues such that its decisions bind that Party.  In SPV Derivatives Transactions where the SPV Derivatives Counterparty is a Party, the Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below. The litigation subcommittee of the Creditors' Committee may attend and participate in mediations where the affirmative claim of a Chapter 11 Estate exceeds $15 million.  Counsel may also be present and participate.

        g.    <u>End of Mediation</u>.  The mediation shall end upon request of a Party and concurrence by the mediator.

## <u>OTHER PROVISIONS</u>

        11.    <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Parties; or (ii) the Bankruptcy Court, for cause shown.

        12.    <u>Sanctions for Parties</u>.  Each Party must comply in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a Party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such Party may be subject to such

19

Sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court

that any Party subject to this Order is not cooperating in good faith with the SPV Derivatives

ADR Procedures, the Court may, without the need for further motion by any Party, schedule a

hearing and order Sanctions.  In ordering Sanctions, the Court shall take into consideration,

among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from

the liquidation of such assets) have been distributed, the existing assets of the SPV Derivatives

Counterparty, and whether any Noteholder is actively involved in the SPV Derivatives ADR

Dispute.  Litigation with respect to the issuance of Sanctions shall not delay the commencement

of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.

Sanctions may include, but are not limited to:

        a.      Against Chapter 11 Estates:  (i) attorneys' fees incurred with

respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR

Package; (ii) fees and costs of the mediator; (iii) termination of the SPV Derivatives ADR

Procedures as to one or more SPV Derivatives Transactions; and/or (iv) dismissal of some or all

claims asserted by Chapter 11 Estates in the applicable SPV Derivatives ADR Dispute.

        b.      Against SPV Derivatives Counterparties, SPV Trustees,

Noteholders, or Advisors:  (i) attorneys' fees incurred by the Chapter 11 Estates with respect to

the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees

and costs of the mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount

specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the Chapter

11 Estates in the related Action.

        c.      Confidentiality of Sanctions Process:  Notwithstanding the

confidentiality provisions contained in paragraph 13 of this Order, a motion requesting Sanctions

made to the Court may identify the Parties to the subject SPV Derivatives ADR Dispute and

describe the conduct giving rise to the request for Sanctions and entitling the moving party to

relief, but shall not include any description of any negotiations regarding the SPV Derivatives

ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other

order of the Court.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the

Standing Order are hereby incorporated by reference into this Order.  No oral or written

statements or arguments made or positions taken by the mediator or the Parties during any part of

the alternative dispute resolution process, including Settlement Conferences and the Mediation

Stage, may be disclosed by the mediator or any such Parties or their attorneys and advisors to the

Court or any third party; *provided*, *however*, that SPV Trustees may disclose such statements,

arguments and positions as may become necessary with their respective Noteholders and

advisors subject to these same confidentiality provisions, *provided* that such Noteholders and

their advisors agree to maintain the confidentiality of any such information received.  Similarly,

all briefs, records, reports, and other documents received or made by the mediator while serving

in such capacity shall remain confidential and not be provided to the Court, unless they would be

otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records,

reports, and other documents in connection with any hearing held by the Court; *provided*,

*however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall

continue on a monthly basis to report to the Court the status of the mediation efforts but shall not

disclose the content thereof, which report shall include the number of SPV Derivatives ADR

Notices served, the number of settlements reached after mediation, the number of mediations still

pending, the number of mediations that have terminated without settlement, and the cumulative

dollar amount of settlements reached following service of ADR Notices.  Rule 408 of the Federal

Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR Procedures including

Settlement Conferences and the Mediation Stage.  Additionally, the economic terms, including

any settlement amounts, of any particular settlement reached pursuant to the SPV Derivatives

ADR Procedures shall be kept confidential, and such economic terms shall be redacted in any

pleadings filed with the Court.

        14.    <u>Jury Trial, Arbitration, and Exclusive Foreign Forum Selection Rights</u>

<u>Unaffected</u>.  Unless affirmatively waived, participation in the SPV Derivatives ADR Procedures

shall not waive or otherwise modify the right to a jury trial, arbitration, or exclusive foreign

forum selection that otherwise may exist.  All Parties' rights and defenses to contest the assertion

of a jury trial or arbitration or exclusive foreign forum selection right by any other party are fully

preserved.

        15.    <u>Fees</u>.  Except as otherwise provided herein, each party to the mediation

shall bear its own counsel fees and other costs of the SPV Derivatives ADR Procedures,

including mediation; *provided, however*, that (i) the Chapter 11 Estates shall pay the reasonable

fees and costs charged by the mediator unless otherwise ordered by the Court pursuant to the

terms of this Order, and (ii) nothing contained herein shall be deemed to vary the terms of any

SPV Derivatives Transaction in respect of the reimbursement of fees and expenses.

        16.    <u>Binding Effect of Settlement</u>.  In the case of all settlements approved

hereunder, where the SPV Derivatives Counterparty is a party to the settlement, so long as

appropriate notice (pursuant to paragraph 5(c)(iii) above) of the settlement is provided to

registered holders of the notes or certificates, those beneficial holders known to it, and the SPV

Trustee, the Order approving the settlement shall be binding upon all Noteholders and shall bar

all Noteholders from taking any action against the Authorized Designee as a result of the

settlement.

17. <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by e-

mail or facsimile, where service by mail is not feasible, in accordance with the provisions of the

Motion, is good and sufficient notice of the Motion.

Dated: July __, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

Exhibit A

**Form of SPV Derivatives ADR Notice**

SPV Derivatives ADR Notice No.: _____

Chapter 11 Estate(s): _____        Names of Other Parties: _____

_____

SPV Derivatives Transaction: _____

_____

_____

_____

Settlement Demand:  $_____

Explanation of Basis for Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

Date of SPV Derivatives ADR Notice: _____

Date of Service: _____

Response Due Date: _____

Chapter 11 Estate Contact: [Name]
                          [Address]
                          Telephone Number: _____
                          Email: _____

<u>Exhibit B</u>

**<u>Form of Response to SPV Derivatives ADR Notice</u>**

<u>Names of Parties</u>:  _____

_____

_____

<u>Response to SPV Derivatives ADR Notice No.</u>:  _____

☐  Agree to Settlement Demand

☐  Denial of Settlement Demand          ☐  Counteroffer

<u>Counteroffer Amount</u>:  $_____

<u>Explanation of Basis for Counteroffer/Denial of Settlement Demand</u>:  _____
_____
_____
_____
_____
_____
_____
_____

<u>Party Contact</u>:                     [Name]
                                   Telephone Number:  _____
                                   Email:  _____

## Exhibit 2

**(Blackline Marked Against Existing SPV Derivatives ADR Order)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                            :

In re                                   :         **Chapter 11 Case No.**

                                            :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :         **08-13555 (JMP)**

                                            :

                     Debtors.             :         **(Jointly Administered)**

                                            :

                                            :
-------------------------------------------------------------------x

**AMENDED ORDER PROVIDING FOR ALTERNATIVE DISPUTE ~~ALTERNATIVE DISPUTE~~ RESOLUTION PROCEDURES ~~ORDER~~ FOR
AFFIRMATIVE CLAIMS
OF THE DEBTORS UNDER DERIVATIVES
TRANSACTIONS WITH SPECIAL PURPOSE VEHICLE COUNTERPARTIES**

        The following alternative dispute resolution <u>("ADR")</u> procedures for disputes involving ~~the Debtors'~~ derivatives transactions ~~that have an SPV (as defined in paragraph 1(a) below) counterparty~~<u>with special purpose vehicles</u> (the "SPV Derivatives ADR Procedures") are ORDERED to apply ~~in the chapter 11 cases of~~<u>to</u> Lehman Brothers Holdings ~~,~~ Inc. <u>("LBHI")</u> and ~~certain of~~ its affiliated debtors ~~, as debtors and debtors in possession in the above-captioned~~<u>in the above-referenced</u> chapter 11 ~~proceedings (collectively, the "Debtors~~<u>cases (together with LBHI, the "Chapter 11 Estates")</u>. In connection with SPV Derivatives Transactions (as defined below), ~~these~~<u>this order (the "Amended</u> SPV Derivatives ~~Procedures supersede in their~~<u>ADR Order") supersedes in its</u> entirety, except as specifically provided below, the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts (the "<u>Derivatives ADR Order</u>") [~~Docket~~<u>ECF</u> No. 5207] ~~,~~<u>and the Alternative Dispute Resolution Procedures Order For Affirmative Claims Of The Debtors</u>

Under Derivatives Transactions With Special Purpose Vehicle Counterparties (the "SPV

Derivatives ADR Order") [ECF No. 14789].

US_ACTIVE:\44004087\1\58399.0011

## FINDINGS

On motion ~~of the Debtors~~ (the "Motion") of LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), due and proper notice of which having been provided to (i) the ~~U.S.~~United States Trustee for Region 2; (ii~~) the attorneys for the Creditors' Committee; (iii~~) the Securities and Exchange Commission; (~~iv~~iii) the Internal Revenue Service; (~~v~~iv) the United States Attorney for the Southern District of New York; (~~vi) all known Derivatives Counterparties and Trustees, and (vii) all other~~v) all interested parties, and (vi) all parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [~~Docket~~ECF No. 9635], and a hearing having been held on the Motion on ~~February 6~~July 18, ~~2011~~2012, the Court FINDS that numerous open and terminated SPV Derivatives Transactions (as defined below), including without limitation derivatives contracts that are "swap agreements" or "forward contracts," in each case, as such term is defined in section 101 of the Bankruptcy Code, exist under which the ~~Debtors~~Chapter 11 Estates and the relevant counterparties and other parties in interest have disputes over their respective legal rights and obligations.  The Court further FINDS that certain common issues continue to exist regarding these contracts, including, among others, questions involving appropriateness of setoff, termination, valuation, computation of termination payments, and notice.  The Court further FINDS that substantial value may be recovered for the ~~Debtors' estates~~Chapter 11 Estates and judicial efficiency can be promoted if ~~expedient~~continued resolution of disputes and recoveries under such contracts can be achieved without the need for trial of adversary proceedings or other litigation.  The Court further FINDS that similar proceedings ordered in these and other

3

complex chapter 11 cases have contributed to effective administration of the proceedings and have reduced costs for all parties.

Consistent with General Order #M-390, adopted December 1, 2009, providing for the Adoption of Procedures Governing Mediation of Matters and the Use of Early Neutral Evaluation and Mediation/Voluntary Arbitration in Bankruptcy Cases and Adversary Proceedings in the Bankruptcy Court for the Southern District of New York, and all existing and further amendments thereto (the "Standing Order"), ~~the procedures described below are ORDERED~~ and in order to promote consensual resolution with respect to the SPV Derivatives Transactions  (as defined below) between one or more of the ~~Debtors and the SPV counterparty~~Chapter 11 Estates, the SPV Derivatives Counterparties (as defined below), and, where appropriate, the SPV Trustees (as defined below) and the Noteholders (as defined below), and to encourage effective communication, consultation, negotiation, and, when necessary, mediation among the affected parties~~,~~, the procedures described below are ORDERED:

1.    SPV Derivatives Transactions.

a.    For the purposes of this Order, "SPV" means any special purpose vehicle or special investment vehicle, including but not limited to any structure, vehicle, trust, or entity that issued notes or certificates of beneficial interest pursuant to an indenture or trust agreement and that, for purposes of these SPV Derivatives ADR Procedures, ~~have~~has entered into one or more derivatives contracts with one or more of the ~~Debtors~~Chapter 11 Estates (each, the "SPV Derivatives Transaction" and, collectively, the "SPV Derivatives Transactions").  In connection with an SPV Derivatives Transaction where some or all of the amounts that may be owed to the Chapter 11 Estate previously have been distributed to one or

4

more Noteholder(s) (as defined below), the Chapter 11 Estate may elect, as provided below, to initiate SPV Derivatives ADR Procedures solely with one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty; when a Chapter 11 Estate so elects, such SPV Derivatives Transaction shall be defined, for purposes of this Order and for purposes of the SPV Derivatives ADR Procedures, as a "Distributed SPV Derivatives Transaction," and collectively with other such transactions as the "Distributed SPV Derivatives Transactions." The SPV Derivatives ADR Procedures shall apply to all SPV Derivatives Transactions (including Distributed SPV Derivatives Transactions) where one or more ~~Debtors~~Chapter 11 Estates contend they have the potential for affirmative recovery.

b.    To date, the ~~Debtors~~Chapter 11 Estates have identified several hundred SPV Derivatives Transactions with respect to which there are potential disputes over the amounts that may be owed to one or more ~~Debtors~~of the Chapter 11 Estates (whether or not an actual lawsuit or adversary proceeding has commenced), and SPV Derivatives Transactions include, but are not limited to, swap agreements and forward contracts with such SPV that has entered into one or more SPV Derivatives Transactions with one or more of the ~~Debtors~~Chapter 11 Estates (the "SPV Derivatives Counterparty"); *provided*, *however*, that the term SPV Derivatives Transactions shall not include any cash-market purchase or sale of a security or loan (*i.e.*, any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, or repurchase agreement in respect of securities or loans.

c.    The ~~Debtors~~Chapter 11 Estates have filed motions, complaints (including adversary proceedings), and other papers commencing legal process, against, among others, SPV Derivatives Counterparties regarding SPV Derivatives Transactions, including

5

Distributed SPV Derivatives Transactions (collectively, the "Actions"), and anticipate initiating

legal process against other ~~SPV Derivatives Counterparties~~similar parties.  Specifically, the

term "Actions" includes any such motions, complaints (including adversary proceedings), and

other papers commencing legal process that already have been filed and those that are

subsequently filed.

        2.     <u>SPV Derivatives ADR Disputes</u>.  Except to the extent expressly

precluded herein, to the extent a ~~Debtor~~Chapter 11 Estate seeks to institute an ADR

proceeding in connection with any Action that is pending before the Court, ~~including a dispute

involving such SPV already involved in alternative dispute resolution ("ADR") with a Debtor,

the Debtor~~the Chapter 11 Estate will serve ~~the SPV Derivatives Counterparty with~~ a copy of

this Order and the SPV Derivatives ADR Notice (as defined below) (collectively, the "<u>SPV

Derivatives ADR Package</u>") ~~and, in the Debtor's discretion, after consultation with the

Creditors' Committee~~on the SPV Derivatives Counterparty, or, in a Distributed SPV

Derivatives Transaction, on one or more Noteholder(s) in addition to or in lieu of the SPV

Derivatives Counterparty; at the Chapter 11 Estate's election, it may also serve the SPV

Trustee (as defined below), ~~a Noteholder (as defined below~~one or more Noteholder(s), and/or

any investment advisor, collateral manager, or other fiduciary (an "<u>Advisor</u>") with the SPV

Derivatives ADR Package; *provided*, *however*, that a ~~Debtor~~Chapter 11 Estate may not serve

the SPV Derivatives ADR Package on such SPV Derivatives Counterparty, SPV Trustee,

Noteholder, or Advisor, unless the ~~Debtor~~Chapter 11 Estate has already commenced an Action

or is already involved in ADR related to a particular SPV Derivatives Transaction.  The

~~Debtor~~Chapter 11 Estate, the SPV Derivatives Counterparty, the SPV Trustee, any Noteholder,

US_ACTIVE:\44004087\1\58399.0011

and/or any ~~Noteholder or~~ Advisor served with the SPV Derivatives ADR Package are

collectively referred to herein as the "Parties," or each individually as a "Party."

        a.      When the SPV Derivatives Counterparty and/or, if applicable, the

trustee with respect to the SPV Derivatives Transaction (the "SPV Trustee") are served with

the SPV Derivatives ADR Package, the SPV Derivatives Counterparty and, if applicable, the

SPV Trustee may disclose the contents of such SPV Derivatives ADR Package to any person,

entity, or special investment vehicle that holds a note or beneficial interest in the SPV

Derivatives Counterparty or the SPV Derivatives Transaction generally (such persons or

entities collectively referred to as "Noteholders," and each singly as a "Noteholder"); *provided*,

*however*, that any such Noteholder not specified as a ~~party~~Party to the SPV Derivatives ADR

Dispute must, in advance of receiving such SPV Derivatives ADR Package, agree in writing

to abide by the confidentiality provisions in this Order, including paragraph 13, and must

agree in writing to maintain the confidentiality of any such information received.  A

Noteholder served with the SPV Derivatives ADR Package, as a Party to the ADR, must abide

by the confidentiality provisions in this Order, including paragraph 13, and may not disclose

the contents of such SPV Derivatives ADR Package to any person other than the SPV

Derivatives Counterparty or SPV Trustee without the written consent of the Chapter 11 Estates

or further order of the Court.

        b.      For the purposes of the SPV Derivatives ADR Procedures,

service on or notice to such SPV Derivatives Counterparty, SPV Trustee, Noteholder, or

Advisor can be made by serving that Party and such Party's counsel who has appeared in

these cases and/or an Action by (i) hand delivery, (ii) first class mail, (iii) overnight mail, or

US_ACTIVE:\44004087\1\58399.0011

(iv) email upon consent.  Service made in accordance with this paragraph will be deemed adequate service.  This paragraph is not intended to limit other methods of proper service.

c.        Notwithstanding any stay imposed by this Court, any defendant named in an Action must file a notice of appearance within thirty (30) calendar days of service of the SPV Derivatives ADR Package, within which time such defendant shall not file a responsive pleading.  Pursuant to Federal Rule of Civil Procedure 41 and Federal Rule of Bankruptcy Procedure 7041, a ~~Debtor~~Chapter 11 Estate has the right to dismiss an Action against such SPV Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor without prejudice before a responsive pleading therein is filed.  Failure to file a notice of appearance within 30 calendar days of service of the SPV Derivatives ADR Package may result in this Court's entry of Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by ~~Debtors~~Chapter 11 Estates in the SPV Derivatives ADR Notice or an order for a default judgment against the defaulting party; *provided, however*, that a defendant may alternatively file an appearance with reservation of the right to raise the defense of lack of personal jurisdiction within 30 calendar days of service of the SPV Derivatives ADR Package, consistent with paragraph 5(e) below.

d.        The first filing of a notice of appearance, or an appearance with reservation of the right to raise the defense of lack of personal jurisdiction, in an Action shall immediately and automatically stay such Action pending completion of the SPV Derivatives ADR Procedures through settlement or termination of mediation.  In the case of an Action that was previously stayed, and where such stay was modified for the limited purpose of complying with this Order, such stay will continue in full force and effect upon the first filing of a notice of appearance or limited appearance.

8

3.    <u>Stay of Actions</u>.  A ~~Debtor~~<u>Chapter 11 Estate</u> may serve the SPV

Derivatives ADR Package regardless of whether an Action has been previously stayed by the

Court, and any prior stay shall be deemed automatically lifted upon the service ~~on the SPV~~

~~Derivatives Counterparty~~ of the SPV Derivatives ADR Package solely for the limited purpose

of the relevant defendant making an appearance in compliance with paragraph 2 of this Order.

Moreover, nothing contained herein shall be construed as lifting any stay with respect to the

Actions other than for the limited purpose of complying with this Order.  Upon service of the

SPV Derivatives ADR Package, the corresponding Action (as defined herein), to the extent not

previously stayed, will be immediately stayed such that (i) all applicable deadlines (other than

those related to completion of service of process) will be indefinitely suspended, (ii) all

discovery and pre-trial conferences will not be required or conducted, and (iii) all motion

practice and contested hearings or trials will be prohibited; *provided*, *however*, that during

such stay, the ~~Debtors~~<u>Chapter 11 Estates</u> may (a) amend the Action complaint, (b) employ the

SPV Derivatives ADR Procedures or other procedures to attempt to consensually resolve

disputed matters, (c) enter into settlements of the Action, (d) complete service of the Action

complaint, (e) seek discovery for the limited purpose of assisting the ~~Debtors~~<u>Chapter 11</u>

<u>Estates</u> in completing service of the Action complaint, and (f) dismiss an Action in accordance

with Bankruptcy Rule 7041.

4.    <u>Settlement of Disputes During the SPV Derivatives ADR Procedures</u>.

Nothing contained herein shall prevent the Parties from settling, and the Parties are

encouraged to settle, the SPV Derivatives ADR Dispute at any time before, during, or

following the designation of the SPV Derivatives ADR Dispute to the SPV Derivatives ADR

Procedures by the mutual consent of the Parties; *provided*, that all SPV Derivatives ADR

US_ACTIVE:\44004087\1\58399.0011

Disputes settled pursuant to this Order, including terminated, active, and matured SPV

Derivatives Transactions ~~and~~, regardless of whether such settlement is reached with a

Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor, shall be settled pursuant

to the terms set forth in (i) the Order, dated December 16, 2008, authorizing the

~~Debtors~~Chapter 11 Estates to establish procedures for the settlement or assumption and

assignment of prepetition derivative contracts [~~Docket~~ECF No. 2257]; (ii) the Order, dated

January 29, 2009, authorizing the consensual assumption and assignment of prepetition

derivative contracts [~~Docket~~ECF No. 2667]; (iii) other orders in these ~~bankruptcy~~chapter 11

cases permitting such settlement; (iv) upon the written request of any party to a settlement, by

means of a Bankruptcy Rule 9019 Motion with notice to all Noteholders of the hearing date

and objection deadline~~,~~; *provided* that the economic terms of the resolution shall be redacted

in any such motion and related order and an unredacted copy disclosing the economic terms of

the resolution may only be provided to a Noteholder not previously served with the SPV

Derivatives ADR Package after such Noteholder agrees in writing to maintain the

confidentiality of any such information received and to abide by the confidentiality provisions

in this Order; ~~or~~ (v) the Plan; or (vi) as otherwise permitted under the Bankruptcy Code and

the Federal Rules of Bankruptcy Procedure.

> 5.    <u>Participation Mandatory</u>.

> a.    Unless otherwise provided in a specific order applicable to a

particular SPV Derivatives ADR Dispute, after service of the SPV Derivatives ADR Package,

compliance with the SPV Derivatives ADR Procedures in this Order is mandatory.  Although

no ~~party~~Party is required to settle or compromise the SPV Derivatives ADR Dispute, each

~~Debtor~~Chapter 11 Estate serving the SPV Derivatives ADR Package and each SPV

US_ACTIVE:\44004087\1\58399.0011

Derivatives Counterparty, SPV Trustee with Authority (as defined below), ~~any~~ Noteholder, and/or Advisor on whom a ~~Debtor~~Chapter 11 Estate elects to serve such SPV Derivatives ADR Package ~~,~~ must serve the required responses, engage in the specified communications to discuss settlement, participate in any mediation in good faith, follow directions of the mediator, and otherwise comply with the SPV Derivatives ADR Procedures specified below for all SPV Derivatives ADR Disputes covered by such SPV Derivatives ADR Package.

      b.     With respect to any SPV Derivatives ADR Package served on the SPV ~~Derivatives Counterparty and the SPV~~ Trustee, the SPV Trustee will, within the period provided in paragraph 8(b) for service of a response thereto ~~by the SPV Trustee, will,~~ review the governing documents and make a reasonable determination whether the SPV Trustee has authority to participate and to settle the SPV Derivatives ADR Dispute covered by the SPV Derivatives ADR Notice on behalf of the Noteholders ("Authority").  If in the SPV Trustee's reasonable determination it does not have Authority, the SPV Trustee will provide the ~~Debtor~~Chapter 11 Estate with a written statement detailing its analysis and reasons why the SPV Trustee believes it does not have Authority under the governing documents or otherwise.

      i.     If the SPV Trustee has Authority, it will participate in the SPV Derivatives ADR Procedures on behalf of the Noteholders to the extent authorized by such documents, and it will contact the Noteholders for which it acts as SPV Trustee through the clearing systems or when possible by a direct written communication that advises such Noteholders about the initiation of the ADR.  In addition, with respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that agrees in writing to abide by the confidentiality provisions in this Order, including paragraph 13, and to maintain the

11

confidentiality of any such information received, the SPV Trustee with Authority will transmit

to each such Noteholder the applicable SPV Derivatives ADR Package.

ii.     If the SPV Trustee lacks Authority via the governing

documents, it shall ~~contact the Noteholders for which it acts as SPV Trustee~~ provide a

communication, through the clearing systems or when possible by a direct written

communication, to the Noteholders for which it acts as SPV Trustee, that: (~~v~~a) advises such

Noteholders about the initiation of the ADR; (~~w~~b) invites them to participate in the SPV

Derivatives ADR Procedures as an alternative to litigation; (~~x~~c) encourages them to

communicate directly with the ~~Debtors~~Chapter 11 Estates; and (~~y~~d) offers to take the

Noteholders' direction in accordance with the governing documents to participate in the SPV

Derivatives ADR Procedures on behalf of such directing Noteholders.  In addition, with

respect to each Noteholder not specified as a party to the SPV Derivatives ADR Dispute that

agrees in writing to abide by the confidentiality provisions in this Order, including

paragraph 13, and to maintain the confidentiality of any such information received, the SPV

Trustee without Authority will transmit to each such Noteholder the applicable SPV

Derivatives ADR Package.

iii.     In taking the steps outlined in this paragraph 5(b), SPV

Trustees shall make commercially reasonable efforts to act as promptly as possible under the

prevailing circumstances.

iv.     Nothing contained in this paragraph 5(b) with respect to

SPV Trustees shall relieve or be construed to relieve any SPV Derivatives Counterparty from

compliance with this Order.

US_ACTIVE:\44004087\1\58399.0011

c.      The SPV Derivatives Counterparty shall, on or before sixty (60) calendar days ~~of~~after service of the SPV Derivatives ADR Package or, in the case of a pending ADR under the Derivatives ADR Order on or before sixty (60) calendar days of notice by the ~~Debtor~~Chapter 11 Estate of an intent to proceed under this Order, identify and designate by written notice (the "Settlement Participation Designation") as provided below to the other Parties to the SPV Derivatives ADR Dispute, a person with complete settlement authority to negotiate all disputed amounts and issues on behalf of the SPV Derivatives Counterparty (the "Authorized Designee").  The SPV Derivatives Counterparty may change the Authorized Designee from time to time during the course of the SPV Derivatives ADR Dispute so long as there remains at all times during the dispute an Authorized Designee.

i.      The Settlement Participation Designation shall include the name and contact information of ~~the person or entity with settlement authority~~Authorized Designee, state that ~~such person or entity~~the Authorized Designee has agreed to participate in the SPV Derivatives ADR Procedures, and state the relationship between the SPV Derivatives Counterparty and ~~such person or entity with settlement authority~~the Authorized Designee. Notwithstanding any other provisions regarding Sanctions contained in this Order, if the ~~Debtor~~Chapter 11 Estate does not receive a Settlement Participation Designation from the SPV Derivatives Counterparty within sixty (60) calendar days of the service of the SPV Derivatives ADR Package, or notice of an intent to proceed under this Order in the case of a pending ADR, the Court may, upon motion of the ~~Debtor~~Chapter 11 Estate, impose Sanctions (as defined below) on the SPV Derivatives Counterparty, including but not limited to an order or judgment for recovery of amounts demanded by ~~Debtors~~a Chapter 11 Estate in the SPV Derivatives ADR Notice.

13

ii.      The SPV Derivatives Counterparty shall send notice of the SPV Derivatives ADR Dispute, the aforementioned requirement to name an Authorized Designee with settlement authority, and the related Action, to all Noteholders in accordance with both ~~the~~ requirements of paragraph 5(c)(iii) below.

iii.      In addition to any method of notice permitted by the relevant Indenture, including but not limited to service through the Depository Trust Company, notice of any SPV Derivatives ADR Dispute and the related Action given in accordance with the methods set forth below in subsections (a)-(b) to the Noteholders, parties to the Master Agreement, the Indenture, and/or the Trust Agreement, and any other persons entitled to such notice in ~~the Bankruptcy Case~~these chapter 11 cases, constitutes sufficient notice to such persons:

(a)      sending the papers commencing the relevant Action and the SPV Derivatives ADR Package ~~(collectively, the "SPV Adversary Package")~~ to each such person; *provided* ~~,~~ that~~,~~ in the case of the Noteholders, ~~the~~such papers and SPV ~~Adversary~~Derivatives ADR Package shall be sent:

(i)  directly to the original Noteholders (as of the issuance date thereof), as and to the extent listed in the records of the ~~Debtors~~Chapter 11 Estates; and

(ii) directly to ~~any~~ known current Noteholders; and

(b)      ~~publication of~~publishing the fact that there exists an ADR proceeding related to this SPV Derivatives Transaction in the Wall Street Journal and the Financial Times for three successive business days.

14

iv.    Within ten (10) business days of receiving written request by a ~~Debtor~~, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such ~~Debtor~~ sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

~~v~~iv.    If a ~~Debtor~~Chapter 11 Estate has not timely received a Settlement Participation Designation, a ~~Debtor~~Chapter 11 Estate may at its sole discretion continue its attempts at mediation, terminate the SPV Derivatives ADR Dispute and resume the Action, or stay or terminate the SPV Derivatives ADR Dispute and move for Sanctions, including but not limited to an order or judgment for recovery of amounts demanded by ~~Debtors~~the Chapter 11 Estates in the SPV Derivatives ADR Notice.  No actions authorized by this paragraph 5(c)(~~v~~iv) shall be construed as automatically eliminating or modifying the stay of the Action without such ~~Debtor's~~Chapter 11 Estate's consent.

d.    Within ten (10) business days of receiving written request by a Chapter 11 Estate, the SPV Derivatives Counterparty, and if served with the SPV Derivatives ADR Package, the SPV Trustee, shall provide information to such Chapter 11 Estate sufficient to identify and contact such Noteholders directly if known, and if such information is unknown to the SPV Derivatives Counterparty and SPV Trustee, then the SPV Derivatives Counterparty and SPV Trustee shall provide information sufficient to identify the clearing systems through which such Noteholders are communicated.

15

~~vi~~e.      In taking the steps outlined in this paragraph 5, all Parties to the SPV Derivatives ADR Dispute shall make commercially reasonable efforts to act as promptly as possible under the prevailing circumstances.

~~d~~f.      Nothing contained in this paragraph 5 shall relieve or be construed to relieve any ~~party~~Party to the SPV Derivatives ADR Dispute from compliance with this Order.

~~e~~g.      No rights, remedies, claims, or defenses of any SPV Derivatives Counterparty, SPV Trustee, Noteholder, Advisor, or ~~Debtor~~Chapter 11 Estate, acting in good faith compliance with the SPV Derivatives ADR Procedures, shall be impaired, waived, or compromised in any further proceedings in these cases should no settlement or compromise result from participation in these SPV Derivatives ADR Procedures.  Participation in the SPV Derivatives ADR Procedures by the SPV Derivatives Counterparty, Authorized Designee, SPV Trustee, Noteholder, or Advisor shall not waive the defense of lack of *in personam* jurisdiction, if any, which defense shall be preserved.

6.      Nothing contained herein shall prevent ~~the SPV Derivatives Counterparty~~ any Party from asserting in any respect to the SPV Derivatives ADR Notice and elsewhere during the course of such SPV Derivatives ADR Dispute a right to assert valid and enforceable setoff rights with respect to a ~~Debtor's~~Chapter 11 Estate's claim ~~of~~involving a SPV Derivatives Transaction or any other valid defense to a ~~Debtor's~~Chapter 11 Estate's demand thereunder.

7.      ~~Debtor's~~Chapter 11 Estate's Rights As to Proceedings Previously or Hereafter Commenced by Derivatives Counterparties.  If the SPV Derivatives Counterparty, SPV Trustee, Noteholder, and/or Advisor previously has commenced any action or proceeding

16

in any other court or forum, or any action or proceeding in any other court or forum following service upon it of the SPV Derivatives ADR Package, the ~~Debtors~~Chapter 11 Estates reserve their right, pursuant to the order dated December 18, 2008 [~~Docket~~ECF No. 2306], to remove to this Court any such lawsuit, proceeding, or claim, and to defend or take action in any such other court or proceeding to protect the estate of ~~Debtors~~Chapter 11 Estates, and/or take action in respect of any violation of the automatic stay imposed by section 362 of the Bankruptcy Code, despite the incomplete status of the steps prescribed under the SPV Derivatives ADR Procedures.

## NOTICE/RESPONSE STAGE

8.      Notice/Response.  The initial stage of the SPV Derivatives ADR Procedures will be a notice/response stage, providing the Parties with an opportunity to exchange settlement offers, schedule settlement meetings or conference calls, and, if possible, resolve the SPV Derivatives ADR Dispute on a consensual basis (the "Notice/Response Stage").  The Notice/Response Stage shall include:

a.      SPV Derivatives ADR Notice.  ~~A Debtor shall serve upon the~~An "SPV Derivatives ~~Counterparty and, at such Debtor's election, the SPV Trustee and/or Noteholder and/or Advisor (and any attorneys who have appeared in these cases or an Action)~~ADR Notice" means a notice containing sufficient information regarding the SPV Derivatives ADR Dispute including the nature of the ~~Debtor's~~Chapter 11 Estate's claim, a brief explanation setting forth the basis for the demand and the amount of its demand for settlement ~~(which demand shall have been determined with the benefit of consultation between Debtors and the Official Unsecured Creditors' Committee (the "Creditors' Committee"))~~, including an amount of monetary recovery ~~Debtor~~(the Chapter 11 Estate(s) would accept in

17

full settlement and compromise (the ".  With regard to an SPV Derivatives Transaction in which funds at issue have not been distributed already, a Chapter 11 Estate shall serve an SPV Derivatives ADR Notice "upon the SPV Derivatives Counterparty and, at such Chapter 11 Estate's election, the SPV Trustee and/or one or more Noteholder(s) and/or Advisor(s) (and any attorneys who have appeared in these cases or an Action).  With regard to an SPV Derivatives Transaction in which some or all funds have been distributed, a Chapter 11 Estate may at its election serve an SPV Derivatives ADR Notice upon one or more Noteholder(s) in addition to or in lieu of the SPV Derivatives Counterparty, as well as, at such Chapter 11 Estate's election, upon the SPV Trustee and/or any Advisor (and any attorneys who have appeared in these cases or an Action).  Service of a completed SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "A" shall presumptively be deemed to comply with this Order.  Within 30 calendar days of entry of this Order, a Debtor participating in a pending ADR involving such SPV must elect in writing either to opt out of this Order and continue under the Derivatives ADR Order or to proceed under this Order.  If the Debtor elects to proceed under this Order, the Debtor shall provide written notice of its election to all Parties to the pending ADR and simultaneously serve the SPV Derivatives ADR Package on the SPV Derivatives Counterparty and, at such Debtor's election, the related SPV Trustee and/or one or more Noteholders.  All deadlines otherwise set forth in this Order will run from the date the Debtor delivers the SPV Derivatives ADR Package.

    b.    SPV Derivatives Counterparty's Response to Notice.  TheEach Party served with an SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee with Authority, and/or Noteholder and/or Advisor, as the case may be) must respond to the SPV Derivatives ADR

18

Notice by the Chapter 11 Estate must respond in writing within 75 calendar days from the date of the receipt of the SPV Derivatives ADR Notice, or in the case of a pending ADR receipt of the Debtor's election to proceed under this Order.  The response options available are as follows (the "Responses"):

        i.      Agreeing to Settle the Demand.  If the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor)Party obligated to respond agrees to settle the demand in the SPV Derivatives ADR Notice, it shall state in writing that the offer of settlement in the SPV Derivatives ADR Notice is accepted.  The Parties will then execute a settlement and general release (including a confidentiality provision) and the DebtorChapter 11 Estate shall dismiss the corresponding Action with prejudice upon execution of the release; or.

        ii.      Denying the Demand.  The SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority and/or Noteholder and/or Advisor)Party obligated to respond may decline to settle for the amount stated in the demand in the SPV Derivatives ADR Notice, in which case such partyParty must include a brief explanation in the Response to the SPV Derivatives ADR Notice setting forth the reason(s) for such denial.  In addition, such partyParty may provide a counteroffer to the demand in the SPV Derivatives ADR Notice.  Service of a completed Response to the SPV Derivatives ADR Notice in the form annexed to this Order as Exhibit "B" shall presumptively be deemed to comply with this Order.

        ciii.      Failure to Respond.  Failure to provide a timely Response to the SPV Derivatives ADR Notice, as described in paragraphs 8(b)(i) and (ii), may result, at the option of DebtorsChapter 11 Estates, either in an application to the Court (with notice to

19

any applicable SPV Derivatives Counterparty, SPV Trustee, Noteholder, or Advisor that was provided by the ~~Debtor~~Chapter 11 Estate with the SPV Derivatives ADR Package) for Sanctions (as defined below) as set forth below, including an order or judgment for recovery of amounts demanded by ~~Debtors~~Chapter 11 Estates in the SPV Derivatives ADR Notice, or immediate entry into the mediation stage.

~~d~~c.    Reply to Response.  The ~~Debtor~~Chapter 11 Estate shall have twenty (20) calendar days from the date of the receipt of the Response to serve a ~~Reply~~reply to the Response to the SPV Derivatives ADR Notice (~~which~~the "Reply ~~shall have been determined with the benefit of consultation between Debtors and the Creditors' Committee~~"), in which the ~~Debtor~~Chapter 11 Estate shall (i) modify its demand, (ii) respond to any counteroffer, (iii) provide additional information in support of its demand in the SPV Derivatives ADR Dispute, or (iv) reject any counteroffer in which case the SPV Derivatives ADR Dispute will automatically proceed to the Initial Settlement Conference or Mediation Stage.

9.    Request for Initial Settlement Conference.  At any time prior to the Mediation Stage, but after the date upon which a Reply is due ~~from the Debtor, either the Debtors or the SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package, the SPV Trustee with Authority, and/or Noteholder and/or Advisor)~~, any Party may request an initial telephonic settlement conference by written request, to be held within ~~ten~~fourteen (~~10~~14) calendar days.  Within ~~four~~five (~~4~~5) business days of a receipt of such a request, the other Parties must respond by acceptance of one of the proposed dates and times or by a proposal for an initial settlement call no later than five (5) calendar days from the earliest date set forth in the written request.  If an acceptable date cannot be achieved through

20

this process, the Parties shall immediately proceed to the Mediation Stage.  At least one hour

shall be reserved for the initial conference to discuss settlement, and during the initial

settlement conference a person with authority to negotiate and settle (including ~~in the case of~~

~~the SPV Derivatives Counterparty, the~~an Authorized Designee) must participate on behalf of

each ~~party~~Party.  No mediator or representative of the Court will participate in this discussion,

but the initial conference call specified in this paragraph, together with any continuations or

rescheduled settlement calls or meetings arising from that initial settlement conference, will be

covered by Rule 408 of the Federal Rules of Evidence and analogous state evidentiary

provisions, and the confidentiality provisions of this Order shall apply to this call or series of

calls as if a mediator were present.  Settlement conferences during the Notice/Response Stage

may be held in person if all Parties agree in writing.

### MEDIATION STAGE

10.    Mediation.  SPV Derivatives ADR Disputes that are not resolved

through the Notice/Response Stage will proceed to mediation (the "Mediation Stage").  The

~~Debtors~~Chapter 11 Estates shall transmit on a rolling basis to the mediators appointed

pursuant to paragraph 10(a) hereof sets of SPV Derivatives ADR Notices and any applicable

Response(s) and Replies thereto for purposes of allocating specific mediations pursuant to

paragraph 10(b)(i) hereof.

a.    Choice of Mediator.  James Freund, David Geronemus, Ralph

Mabey, and Jacob Esher are APPOINTED as the mediators for SPV Derivatives ADR

Disputes reaching the Mediation Stage.  If any named mediator is not available to serve as

mediator, an alternate mediator shall be selected by the Court upon notice to the ~~Debtors, the~~

US_ACTIVE:\44004087\1\58399.0011

~~Creditors' Committee, the Authorized Designee, and if served with the SPV ADR Derivatives~~ ~~Package, the SPV Trustee, Noteholders, and Advisor~~<u>Parties</u>.

        b.    <u>Powers of Mediator</u>.  The mediators shall have the broadest possible discretion consistent with the Standing Order, including (i) the manner of allocating among themselves specific mediations on a fair and equitable basis; and (ii) the ability to consolidate mediations involving the same SPV Derivatives Transaction upon application by ~~such SPV Derivatives Counterparty~~ <u>a Party</u> and consultation with the ~~Debtors~~<u>Chapter 11 Estate</u>.

        c.    <u>Mediator Contact</u>.  Once a specific mediator has been selected and notice of such selection has been conveyed to the Parties, the mediator or its designee shall contact the Parties to schedule the initial mediation date.

        d.    <u>Mediation Sites</u>.  All mediation proceedings will take place in New York, New York, unless agreed to by the Parties and the mediator.

        e.    <u>Mediation Briefs</u>.  Any ~~party~~<u>Party</u> to a ~~Mediation~~<u>mediation</u> may submit a Mediation Brief, with service upon the other Parties to the ~~Mediation and upon the Creditors' Committee~~<u>mediation</u> unless the ~~Mediator~~<u>mediator</u> has affirmatively required the Parties to serve Mediation Briefs upon each other ~~, the Mediator,~~ and the ~~Creditors' Committee~~<u>mediator</u>.  Any such Mediation Brief shall be served and filed in accordance with the briefing schedule established by the ~~Mediator~~<u>mediator</u>.  No Mediation Brief shall be filed with the Court.

        f.    <u>Appearance at Mediations</u>.  Pursuant to paragraph 3.2 of the Standing Order, all participants in the mediation for the applicable SPV Derivatives ADR Dispute ~~,~~ must appear in person with a person who has complete authority to negotiate all

22

US_ACTIVE:\44004087\1\58399.0011

disputed amounts and issues such that its decisions bind that ~~party.  The~~Party.  In SPV Derivatives Transactions where the SPV Derivatives Counterparty is a Party, the Authorized Designee of the SPV Derivatives Counterparty must appear in person at the mediation.  Any willful failure to comply with this requirement in good faith may result in the imposition of Sanctions, as provided below.  The litigation subcommittee of the Creditors' Committee may attend and participate in ~~all~~ mediations ~~hereunder~~where the affirmative claim of a Chapter 11 Estate exceeds $15 million.  Counsel may also be present and participate.

       g.     <u>End of Mediation</u>.  The mediation shall end upon request of a ~~party~~Party and concurrence by the mediator.

## OTHER PROVISIONS

      11.     <u>Deadlines</u>.  Notwithstanding any of the provisions set forth above, any of the deadlines contained herein may be modified by:  (i) the mutual consent of the Parties; or (ii) the Bankruptcy Court, for cause shown.

      12.     <u>Sanctions for Parties</u>.  Each ~~Debtor and SPV Derivatives Counterparty (or, where also served with the SPV Derivatives ADR Package at such Debtor's election, the SPV Trustee, Noteholder, and Advisor)~~Party must ~~participate~~comply in good faith with these SPV Derivatives ADR Procedures with regard to the SPV Derivatives ADR Disputes specified in the applicable SPV Derivatives ADR Notice.  If, after notice and a hearing, the Court determines that a ~~party~~Party has not complied with the SPV Derivatives ADR Procedures in good faith in connection with any SPV Derivatives ADR Dispute, such ~~party~~Party may be subject to such Sanctions as the Court deems appropriate (the "Sanctions").  If a mediator reports to the Court that any ~~party~~Party subject to this Order is not cooperating in good faith with the SPV Derivatives ADR Procedures, the Court may, without the need for further

US_ACTIVE:\44004087\1\58399.0011

motion by any ~~party~~Party, schedule a hearing and order Sanctions.  In ordering Sanctions, the Court shall take into consideration, among other factors, whether for such SPV Derivatives Transaction the assets (or proceeds from the liquidation of such assets) have been distributed, the existing assets of the SPV Derivatives Counterparty, and whether any Noteholder is actively involved in the SPV Derivatives ADR Dispute.  Litigation with respect to the issuance of Sanctions shall not delay the commencement of the Mediation Stage of these procedures upon completion of the Notice/Response Stage.  Sanctions may include, but are not limited to:

a.      Against ~~Debtors~~Chapter 11 Estates:  (i) attorneys' fees incurred with respect to the SPV Derivatives ADR Procedures after the receipt of the SPV Derivatives ADR Package; (ii) fees and costs of the ~~Mediator~~mediator; (iii) termination of the SPV Derivatives ADR Procedures as to one or more SPV Derivatives Transactions; and/or (iv) ~~dismissing~~dismissal of some or all claims asserted by ~~Debtors~~Chapter 11 Estates in the applicable SPV Derivatives ADR Dispute.

b.      Against SPV Derivatives Counterparties, SPV Trustees, Noteholders, or Advisors:  (i) attorneys' fees incurred by the ~~Debtors~~Chapter 11 Estates with respect to the SPV Derivatives ADR Procedures after the sending of a Derivatives ADR Package; (ii) fees and costs of the ~~Mediator~~mediator; (iii) an award in the SPV Derivatives ADR Dispute in the amount specified in the SPV Derivatives ADR Notice; and/or (iv) an entry of a judgment for the ~~Debtor~~Chapter 11 Estates in the related Action.

c.      Confidentiality of Sanctions Process:  Notwithstanding the confidentiality provisions contained in paragraph 13 of this Order, a motion requesting Sanctions made to the Court may identify the Parties to the subject SPV Derivatives ADR

24

Dispute and describe the conduct giving rise to the request for Sanctions and entitling the moving party to relief, but shall not include any description of any negotiations regarding the SPV Derivatives ADR Dispute that are deemed confidential under the Standing Order, this Order, or any other order of the Court.

13.    <u>Confidentiality</u>.  The confidentiality provisions of section 5.0 of the Standing Order are hereby incorporated by reference into this Order.  No oral or written statements or arguments made or positions taken by the mediator ~~, the applicable Debtors, SPV Derivatives Counterparties, SPV Trustees, Noteholders, Authorized Designees, Advisors, or the Creditors' Committee~~<u>or the Parties</u> during any part of the alternative dispute resolution process, including Settlement Conferences and the Mediation Stage, may be disclosed by the mediator or any such Parties or their attorneys and advisors to the Court or any third party; *provided*, *however*, that SPV Trustees may disclose such statements, arguments and positions as may become necessary with their respective Noteholders and advisors subject to these same confidentiality provisions, *provided* that such Noteholders and their advisors agree to maintain the confidentiality of any such information received.  Similarly, all briefs, records, reports, and other documents received or made by the mediator while serving in such capacity shall remain confidential and not be provided to the Court, unless they would be otherwise admissible.  In addition, the mediator shall not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; *provided*, *however*, that consistent with the Derivatives ADR Order, the mediator or a designee shall continue on a monthly basis to report to the Court the status of the mediation efforts but shall not disclose the content thereof, which report shall include the number of SPV Derivatives ADR Notices served ~~on Derivatives Counterparties (including SPV Derivatives Counterparties)~~, the number

25

of settlements reached after mediation, the number of mediations still pending, the number of

mediations that have terminated without settlement, and the cumulative dollar amount of

settlements reached ~~with Derivatives Counterparties~~ following service of ADR Notices.  Rule

408 of the Federal Rules of Evidence shall apply to all aspects of the SPV Derivatives ADR

Procedures including Settlement Conferences and the Mediation Stage.  Additionally, the

economic terms, including any settlement amounts, of any particular settlement reached

pursuant to the SPV Derivatives ADR Procedures shall be kept confidential, and such

economic terms shall be redacted in any pleadings filed with the Court.

14.    Jury Trial, Arbitration, and Exclusive Foreign Forum Selection Rights
Unaffected.  Unless affirmatively waived, participation in the SPV Derivatives ADR

Procedures shall not waive or otherwise modify the right to a jury trial, arbitration, or

exclusive foreign forum selection that otherwise may exist.  All Parties' rights and defenses to

contest the assertion of a jury trial or arbitration or exclusive foreign forum selection right by

any other party are fully preserved.

15.    Fees.  Except as otherwise provided herein, each party to the
~~Mediation~~mediation shall bear its own counsel fees and other costs of the SPV Derivatives

ADR Procedures, including ~~Mediation~~mediation; *provided, however*, that (i) the

~~Debtors~~Chapter 11 Estates shall pay the reasonable fees and costs charged by the

~~Mediator~~mediator unless otherwise ordered by the Court pursuant to the terms of this Order,

and (ii) nothing contained herein shall be deemed to vary the terms of any SPV Derivatives

Transaction in respect of the reimbursement of fees and expenses.

16.    Binding Effect of Settlement.  In the case of all settlements approved
hereunder, ~~so long as~~where the SPV Derivatives Counterparty ~~provides~~is a party to the

US_ACTIVE:\44004087\1\58399.0011

settlement, so long as appropriate notice (pursuant to paragraph 5(c)(iii) above) of the

settlement is provided to registered holders of the notes or certificates, those beneficial holders

known to it, and the SPV Trustee, the Order approving the settlement shall be binding upon

all Noteholders and shall bar all Noteholders from taking any action against the Authorized

Designee as a result of the settlement.

        17.    <u>Service of the Notice of the Motion</u>.  Service of notice of the Motion by

e-mail or facsimile, where service by mail is not feasible, in accordance with the provisions of

the Motion, is good and sufficient notice of the Motion.

**SO ORDERED:**

Dated: July __, 2012

      New York, New York

                               _____

                               UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44004087\1\58399.0011

<u>Exhibit A</u>

**<u>Form of SPV Derivatives ADR Notice</u>**

SPV Derivatives ADR Notice No.: _____

~~Debtor(~~Chapter 11 Estate~~(~~s): _____          ~~SPV Derivatives~~
~~Counterparty~~Names of Other Parties: _____          
~~Name(s)~~                                                      ~~Name(s)~~

~~or~~

~~SPV Trustee:~~ _____

~~Name~~ _____

SPV Derivatives Transaction: _____

_____

_____

Settlement Demand: $ _____

Explanation of Basis for Settlement Demand: _____

_____

_____

_____

_____

_____

_____

Date of SPV Derivatives ADR Notice: _____

Date of Service: _____

Response Due Date: _____

~~Debtor~~Chapter 11 Estate Contact: [Name]
_[Address]
_Telephone Number: _____
_Email: _____

Exhibit B

**Form of Response to SPV Derivatives ADR Notice**

Names of Parties: _____

SPV Derivatives Counterparty: _____

——————— Name

or

SPV Trustee with Authority: _____

_____

——————— Name

Response to SPV Derivatives ADR Notice No.: _____

☐ Agree to Settlement Demand

☐ Denial of Settlement Demand                    ☐ Counteroffer

Counteroffer Amount:  $_____

Explanation of Basis for Counteroffer/Denial of Settlement Demand: _____

_____

_____

_____

_____

_____

_____

_____

CounterpartyParty Contact:                                   [Name]

Telephone Number: _____

Email: _____

US_ACTIVE:\44004087\11\58399.0011
US_ACTIVE:\44004087\11\58399.0011

| Summary Report: Litéra® Change-Pro TDC 7.0.0.320 Document Comparison done on 6/29/2012 5:44:58 PM | |
|---|---|
| **Style Name:** Default Style | |
| **Original DMS:** iw://USDMS/US_ACTIVE/44004087/1 | |
| **Modified DMS:** iw://USDMS/US_ACTIVE/44004087/11 | |
| **Changes:** | |
| Add | 223 |
| Delete | 209 |
| Move From | 18 |
| Move To | 18 |
| Table Insert | 0 |
| Table Delete | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format Changes | 0 |
| **Total Changes:** | 468 |