STROOCK & STROOCK & LAVAN LLP
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for CIFG Assurance North America, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

| | |
|---|---|
| *In re* : | **Chapter 11** |
| : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, : | **Case No. 08-13555 (JMP)** |
| : | |
| : | **(Jointly Administered)** |
| Debtors. : | |

-------------------------------------------------------------------- x

## RESPONSE OF CIFG ASSURANCE NORTH AMERICA, INC.
## TO THE THREE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY DERIVATIVE CLAIMS)

CIFG Assurance North America, Inc. (f/k/a CDC IXIS Financial Guaranty North

America, Inc.) ("CIFG"), pursuant to its rights under Parts 5(m) and (t) of the Schedules to the

Master Agreements (as defined herein) and on behalf of New Generation Funding Trust 15, New

Generation Funding Trust 16, New Generation Funding Trust 37, New Generation Funding Trust

38, New Generation Funding Trust 39, and New Generation Funding Trust 83 (collectively, the

"New Generation Funding Trusts"), by and through its undersigned counsel, hereby files its

response (the "Response") to the Plan Administrator's Three Hundred Eleventh Omnibus

Objection to Claims (No Liability Derivative Claims) (the "Objection") [Docket No. 28430] and

represents as follows:

## BACKGROUND

1.        Prior to the Debtors' bankruptcy filings, the New Generation Funding Trusts and

Lehman Brothers Special Financing Inc. ("LBSF") were parties to financial derivative

transactions (the "Transactions") pursuant to transaction confirmations under ISDA master

agreements, dated as of May 1, 2003 (New Generation Funding Trust 15 and New Generation

Funding Trust 16), June 11, 2004 (New Generation Funding Trust 37), June 25, 2004 (New

Generation Funding Trust 38), July 30, 2004 (New Generation Funding Trust 39), and August

12, 2005 (New Generation Funding Trust 83) (the "Master Agreements").  LBSF's obligations to

the New Generation Funding Trusts thereunder were guaranteed by Lehman Brothers Holdings

Inc. ("LBHI").

2.        On September 15, 2008, LBHI commenced a voluntary case under chapter 11 of

the Bankruptcy Code (the "LBHI Filing").  LBSF commenced its voluntary chapter 11

bankruptcy case on October 3, 2008 (the "LBSF Filing").

3.        The LBHI Filing and LBSF Filing each constituted an Event of Default under

Section 5(a)(vii) of the Master Agreements.  By notices dated October 9, 2008, CIFG, pursuant

to its rights under Parts 5(m) and (t) of the Schedules to the Master Agreements, gave notice of

the occurrence of an Event of Default under each of the Master Agreements with respect to

LBSF (the "Termination Notices"), and designated October 9, 2008 as the Early Termination

Date with respect to all Transactions under each of the Master Agreements.

4.         On September 18, 2009, CIFG, on behalf of the New Generation Funding Trusts,

timely filed proofs of claim against LBSF (Claims 17108, 17111, 17112, 17146, 17149 and

17151) and LBHI (Claims 17109, 17110, 17145, 17147, 17148 and 17150) (collectively, the

"Claims").  On October 21, 2009, CIFG, on behalf of the New Generation Funding Trusts,

timely submitted Derivative and Guarantee Questionnaires (the "Questionnaires") and uploaded

voluminous documents in support of its claims, as required under the Bar Date Order (as defined

in the Objection) and in full compliance with the Questionnaires, including, but not limited to,

copies of the Master Agreements, Credit Support Annexes, Guarantees, termination notices and

calculation statements, and spreadsheets identifying details of the Transactions and the basis for

CIFG's claim calculations.  CIFG, on behalf of the New Generation Funding Trusts, asserts

claims of $12,214.32 (New Generation Funding Trust 15), $9,379.29 (New Generation Funding

Trust 16), $25,582.25 (New Generation Funding Trust 37), $182,062.50 (New Generation

Funding Trust 38), $165,875.00 (New Generation Funding Trust 39) and $151,999.99 (New

Generation Funding Trust 83), plus interest, costs and fees, against each of LBSF and LBHI

resulting from the early termination of the Transactions and LBHI's guarantee.

## RESPONSE

5.     The Objection to the Claims should be overruled.  In the Objection, the Plan

Administrators asserts that the Claims should be "disallowed and expunged" because, "based on

the fair, accurate and reasonable values of the subject Derivatives Contracts," LBSF's Chapter

11 Estate does not owe any amounts to the New Generation Funding Trusts and may, in fact,

allegedly be owed money.  Objection, ¶2 at 2.  However, unlike CIFG, which submitted

voluminous documentation in support of its valuations, the Plan Administrator does not

articulate a single reason why it believes that CIFG's claim calculations are incorrect, nor does it

offer even a shred of evidence to support its own purported valuations and determinations.

6.     Pursuant to Rule 3001(f) of the Federal Rules of Bankruptcy Procedure

("Bankruptcy Rules"), "[a] proof of claim executed and filed in accordance with these rules shall

constitute prima facie evidence of the validity and amount of the claim."  Here, CIFG timely

-3-

filed the Claims and provided voluminous documentary support for the validity and amount of the Claims, fully complying with the detailed Questionnaire process.  Accordingly, CIFG's claims are prima facie valid in the asserted amounts.  In order to overcome this prima facie validity, the Plan Administrator must come forward with "evidence equal in force to the prima facie case ... which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency."  In re DJK Residential LLC, 416 B.R. 100, 104 (Bankr. S.D.N.Y. 2009) (quoting In re Oneida, Ltd., 400 B.R. 384 (Bankr. S.D.N.Y. 2009); see also In re Minbatiwalla, 424 B.R. 104, 111 (Bankr. S.D.N.Y. 2010).  However, the Plan Administrator has not offered *any* evidence in support of its assertion that the Claims should be disallowed and expunged as set forth in the Objection.  Especially in light of the vast amount of information CIFG was required to provide in support of the Claims, it is inappropriate for the Plan Administrator to file an Objection that completely lacks any evidentiary support and fails to meet the basic requirements of the Bankruptcy Code and Bankruptcy Rules.  Accordingly, because the Plan Administrator has failed to come forward with any evidence to refute the prima facie validity of the New Generation Funding Trusts' claims, the Objection should be denied.

7.       CIFG, on behalf of the New Generation Funding Trusts, reserves all of its rights, claims and defenses, including without limitation the right to discovery in connection with the Objection.

WHEREFORE, CIFG, on behalf of the New Generation Funding Trusts, respectfully request that the Court (i) overrule the Objection and allow Claims 17108, 17109, 17110, 17111, 17112, 17145, 17146, 17147, 17148, 17149, 17150 and 17151 as set forth herein, and (ii) grant such other and further relief as this Court deems just and proper under the circumstances.

Dated:   July 2, 2012
            New York, New York

STROOCK & STROOCK & LAVAN, LLP

/s/ Claude G. Szyfer
Claude G. Szyfer
Francis C. Healy
180 Maiden Lane
New York, New York 10038
Telephone: (212) 806-5400
Facsimile: (212) 806-6006

*Attorneys for CIFG Assurance North America, Inc., on behalf of New Generation Funding Trust 15, New Generation Funding Trust 16, New Generation Funding Trust 37, New Generation Funding Trust 38, New Generation Funding Trust 39, and New Generation Funding Trust 83*