DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone:    (860) 524-3999
Facsimile:    (860) 524-3930
Email:    katherine.burroughs@dechert.com

and

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 698-3500
Facsimile:    (212) 698-3599
Email:    brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUMMARY STATEMENT FOR FINAL APPLICATION OF DECHERT LLP,**
**SPECIAL COUNSEL FOR THE DEBTORS, FOR FINAL ALLOWANCE OF**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**FROM MARCH 1, 2010 THROUGH AND INCLUDING MARCH 6, 2012**

| | |
|---|---|
| Name of Applicant: | Dechert LLP ("Dechert") |
| Role in the Case: | Special Counsel to the Debtors |
| Date of Retention: | June 22, 2010 (*nunc pro tunc* to March 1, 2010) |
| Dates of Supplemental Retentions: | August 15, 2011 (*nunc pro tunc* to June 21, 2011) and November 14, 2011 (*nunc pro tunc* to September 27, 2011) |

1

| | |
|---|---|
| Period for which compensation and reimbursement are sought: | March 1, 2010, through and including March 6, 2012 (the "Final Fee Period") |
| Total amount of compensation sought for fees for services rendered: | $8,393,840.78[1] |
| Total amount of reimbursement sought for actual and necessary expenses incurred: | $154,179.94[2] |
| Prior interim fee applications filed: | First Application for Interim Professional Compensation, dated August 16, 2010 (the "First Fee Application") |

| | |
|---|---|
| Fees Previously Requested: | $624,268.85 |
| Fees Previously Awarded: | $611,775.69 |
| Expenses Previously Requested: | $11,199.34 |
| Expenses Previously Allowed: | $10,981.51 |

Second Application for Interim Professional Compensation, dated January 6, 2011 (the "Second Fee Application")

| | |
|---|---|
| Fees Previously Requested: | $1,003,591.25 |
| Fees Previously Awarded: | $981,455.25 |
| Expenses Previously Requested: | $9,683.37 |
| Expenses Previously Allowed: | $9,683.37 |

Third Application for Interim Professional Compensation, dated April 15, 2011 (the "Third Fee Application")

| | |
|---|---|
| Fees Previously Requested: | $867,568.55 |
| Fees Previously Awarded: | $837,390.17 |
| Expenses Previously Requested: | $13,669.12 |
| Expenses Previously Allowed: | $13,555.69 |

---

[1]  As illustrated in the chart immediately below, the aggregate amount of fees for services that Dechert professionals and paraprofessionals rendered during the Final Fee Period totals $8,525,501.70. As a result, however, of negotiations with the Fee Committee (as defined in the Application) and certain voluntary reductions, by the Application, Dechert seeks compensation for fees for services rendered during the Final Fee Period in the total amount of $8,393,840.78.

[2]  As illustrated in Exhibit E to the Application, Dechert incurred actual and necessary expenses during the Final Fee Period in the aggregate amount of $155,281.96. As a result, however, of Dechert's negotiations with the Fee Committee and certain voluntary reductions, by the Application, Dechert seeks reimbursement for actual and necessary expenses incurred during the Final Fee Period in the total amount of $154,179.94.

Fourth Application for Interim Professional
Compensation, dated August 12, 2011 (the "Fourth
Fee Application")

| | |
|---|---|
| Fees Previously Requested: | $1,548,892.25 |
| Fees Previously Awarded: | $1,493,364.37 |
| Expenses Previously Requested: | $37,766.05 |
| Expenses Previously Allowed: | $37,307.36 |

Fifth Application for Interim Professional
Compensation, dated December 9, 2011 (the "Fifth
Fee Application")

| | |
|---|---|
| Fees Previously Requested: | $2,077,404.75 |
| Fees Previously Awarded: | Pending[3] |
| Expenses Previously Requested: | $38,415.70 |
| Expenses Previously Allowed: | Pending[4] |

Sixth Application for Interim Professional
Compensation, dated May 21, 2012 (the "Sixth Fee
Application")[5]

| | |
|---|---|
| Fees Previously Requested: | $2,403,776.05 |
| Fees Previously Awarded: | Pending |
| Expenses Previously Requested: | $44,548.38 |
| Expenses Previously Allowed: | Pending |

---

[3]   Pursuant to that certain *Stipulation Between Dechert LLP and the Fee Committee Regarding the Fifth Interim Application of Dechert LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period June 1, 2011 Through September 30, 2011* (the "Fifth Interim Fee Application Stipulation") [ECF No. 27156], Dechert and the Fee Committee agreed to a reduction of $11,325.50 in fees for services Dechert rendered on behalf of the Debtors for the period covered by the Fifth Fee Application. Accordingly, by the Application, Dechert seeks compensation for fees for services rendered during the period covered by the Fifth Fee Application in the amount of $2,066,079.25. As of the date of the Application, this Court has yet to enter an order with respect to the Fifth Interim Fee Application Stipulation.

[4]   Pursuant to the Fifth Interim Fee Application Stipulation, Dechert and the Fee Committee agreed to a reduction of $312.07 for the actual and necessary expenses that Dechert incurred while providing services to the Debtors for the period covered by the Fifth Fee Application. Accordingly, by the Application, Dechert seeks reimbursement of actual and necessary expenses incurred during the period covered by the Fifth Fee Application in the amount of $38,103.63. As of the date of the Application, this Court has yet to enter an order with respect to the Fifth Interim Fee Application Stipulation.

[5]   As of the date of the Application, (a) Dechert and the Fee Committee have yet to enter into a stipulation with respect to Dechert's request for compensation for fees, or reimbursement of the actual and necessary expenses incurred, for services Dechert rendered to the Debtors during the period covered by the Sixth Fee Application, and (b) this Court has yet to enter an order with respect to the Sixth Fee Application. Accordingly, by the Application, Dechert seeks compensation for fees, and reimbursement of the actual and necessary expenses incurred, in the amounts Dechert requested in the Sixth Fee Application.

The Application is:    _____ Interim    _____X\_\_\_\_\_ Final

[*Remainder of Page Intentionally Left Blank*]

## Services Rendered by Dechert Professionals and Paraprofessionals
From March 1, 2010 Through and Including March 6, 2012

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
| | | | 13.30 | 885.00 | $11,770.50 |
| | | | 3.00 | 855.00 | $2,565.00 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| | | | 88.20 | 775.00 | $68,355.00 |
| | | | 13.10 | 387.50 | $5,076.25 |
| Alan D. Berkowitz | Partner | 1980 | 2.60 | 695.00 | $1,807.00 |
| Brian E. Greer | Partner | 1998 | 7.90 | 760.00 | $6,004.00 |
| | | | 62.20 | 740.00 | $46,028.00 |
| | | | 20.00 | 715.00 | $14,300.00 |
| Bruce D. Hickey | Partner | 1988 | 56.95 | 825.00 | $46,983.75 |
| Daniel M. Dunn | Partner | 1992 | 2.20 | 1,030.00 | $2,266.00 |
| David M. Linder | Partner | 1995 | 0.10 | 795.00 | $79.50 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
| | | | 520.20 | 995.00 | $517,599.00 |
| | | | 271.00 | 970.00 | $262,870.00 |
| | | | 8.10 | 935.00 | $7,573.50 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Frederick J. Gerhart | Partner | 1971 | 0.50 | 935.00 | $467.50 |
| Gary L. Green | Partner | 1978 | 1.40 | 820.00 | $1,148.00 |
| | | | 0.70 | 790.00 | $553.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| | | | 2.10 | 820.00 | $1,722.00 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
| | | | 68.00 | 740.00 | $50,320.00 |
| | | | 43.00 | 715.00 | $30,745.00 |
| Jay Zagoren | Partner | 1988 | 27.60 | 915.00 | $25,254.00 |
| | | | 144.70 | 885.00 | $128,059.50 |
| | | | 154.80 | 855.00 | $132,354.00 |

17300559

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|------------------------------|-----------|------|-------------|
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
| | | | 653.70 | 935.00 | $611,210.50 |
| | | | 462.40 | 905.00 | $418,472.00 |
| | | | 7.00 | 467.50 | $3,272.50 |
| Katherine A. Burroughs | Partner | 1988 | 86.30 | 915.00 | $78,964.50 |
| | | | 427.30 | 885.00 | $378,160.50 |
| | | | 286.20 | 855.00 | $244,701.00 |
| | | | 2.40 | 825.00 | $1,980.00 |
| | | | 12.40 | 790.00 | $9,796.00 |
| | | | 10.70 | 442.50 | $4,734.75 |
| Kathleen N. Massey | Partner | 1988 | 149.50 | 885.00 | $132,307.50 |
| Lee D. Caney | Partner | 1993 | 18.10 | 680.00 | $12,308.00 |
| Lewis A. Burleigh | Partner | 1965 | 11.60 | 995.00 | $11,542.00 |
| Louis M. Solomon | Partner | 1988 | 38.40 | 855.00 | $32,832.00 |
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
| | | | 189.50 | 1,030.00 | $195,185.00 |
| | | | 6.40 | 995.00 | $6,368.00 |
| Michael J. Gilbert | Partner | 1994 | 12.50 | 750.00 | $9,375.00 |
| Michael J. Rufkahr | Partner | 1979 | 11.80 | 1,030.00 | $12,154.00 |
| | | | 4.80 | 995.00 | $4,776.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
| | | | 11.20 | 985.00 | $11,032.00 |
| Neil A. Steiner | Partner | 1997 | 0.70 | 820.00 | $574.00 |
| Paul Kavanagh | Partner | 1989 | 0.60 | 865.00 | $519.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
| | | | 352.70 | 995.00 | $350,936.50 |
| | | | 146.50 | 895.00 | $131,117.50 |
| | | | 1.50 | 875.00 | $1,312.50 |

6

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| | | | 11.80 | 420.00 | $4,956.00 |
| | | | 74.40 | 375.00 | $27,900.00 |
| Andrew L. Buck | Associate | 1996 | 0.90 | 565.00 | $508.50 |
| | | | 55.60 | 545.00 | $30,302.00 |
| | | | 19.60 | 525.00 | $10,290.00 |
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Bene I. Ness | Associate | 2009 | 50.70 | 420.00 | $21,294.00 |
| Bret M. Harper | Associate | 2008 | 8.90 | 400.00 | $3,560.00 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| | | | 4.10 | 420.00 | $1,722.00 |
| | | | 38.50 | 375.00 | $14,437.50 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| | | | 17.00 | 610.00 | $10,370.00 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| | | | 220.80 | 490.00 | $108,192.00 |
| | | | 53.80 | 475.00 | $25,555.00 |
| | | | 1.90 | 440.00 | $836.00 |
| | | | 0.50 | 245.00 | $122.50 |
| David C. Schwartzman | Associate | 2005 | 16.30 | 581.75 | $9,482.50 |
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| | | | 186.10 | 595.00 | $110,729.50 |
| | | | 193.60 | 565.00 | $109,384.00 |
| | | | 123.50 | 545.00 | $67,307.50 |
| | | | 27.50 | 495.00 | $13,612.50 |
| | | | 16.00 | 282.50 | $4,520.00 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| | | | 668.60 | 650.00 | $434,590.00 |
| | | | 235.80 | 610.00 | $143,838.00 |
| | | | 10.20 | 590.00 | $6,018.00 |
| Eric J. Kotloff | Associate | 2011 | 13.20 | 375.00 | $4,950.00 |
| Erika Becker | Associate | 2007 | 84.70 | 510.00 | $43,197.00 |
| | | | 0.20 | 490.00 | $98.00 |
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| | | | 22.40 | 630.00 | $14,112.00 |
| Frederick S. McQueen | Associate | 2002 | 9.30 | 630.00 | $5,859.00 |
| | | | 52.90 | 610.00 | $32,269.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| | | | 5.85 | 420.00 | $2,457.00 |
| | | | 6.80 | 375.00 | $2,550.00 |
| Izabela E. Boltryk | Associate | 1999 | 15.90 | 625.00 | $9,937.50 |
| | | | 207.60 | 610.00 | $126,636.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| | | | 2.80 | 565.00 | $1,582.00 |
| | | | 0.60 | 510.00 | $306.00 |
| James I. Downes | Associate | 2001 | 2.10 | 525.00 | $1,102.50 |
| Jason G. Kurth | Associate | 2007 | 11.60 | 510.00 | $5,916.00 |
| Jeremy P. Syz | Associate | 2008 | 35.88 | 395.00 | $14,172.60 |
| Jessica A. Seger | Associate | 2005 | 13.35 | 495.00 | $6,608.25 |
| Jessica S. Bula | Associate | 2006 | 93.60 | 625.00 | $58,500.00 |
| | | | 115.60 | 595.00 | $68,782.00 |
| | | | 31.40 | 565.00 | $17,741.00 |
| | | | 43.60 | 545.00 | $23,762.00 |
| | | | 37.30 | 495.00 | $18,463.50 |
| John Schwartz | Associate | 2005 | 30.20 | 565.00 | $17,063.00 |
| | | | 46.30 | 510.00 | $23,613.00 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| | | | 112.50 | 650.00 | $73,125.00 |
| | | | 2.50 | 630.00 | $1,575.00 |
| | | | 2.50 | 610.00 | $1,525.00 |
| | | | 12.40 | 580.00 | $7,192.00 |
| | | | 2.80 | 525.00 | $1,470.00 |
| | | | 12.00 | 325.00 | $3,900.00 |
| Joseph M. Schuster | Associate | 2006 | 0.60 | 475.00 | $285.00 |
| Joshua I. Sherman | Associate | 2004 | 1.20 | 545.00 | $654.00 |
| Joshua Y. Milgrim | Associate | 2003 | 2.20 | 610.00 | $1,342.00 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| | | | 141.60 | 565.00 | $80,004.00 |
| | | | 73.40 | 510.00 | $37,434.00 |
| | | | 7.30 | 495.00 | $3,613.50 |
| | | | 61.40 | 455.00 | $27,937.00 |
| Katherine K. Rankin | Associate | 2008 | 13.20 | 490.00 | $6,468.00 |
| | | | 130.30 | 455.00 | $59,286.50 |
| | | | 170.90 | 440.00 | $75,196.00 |
| | | | 112.00 | 405.00 | $45,360.00 |
| Kathleen M. Mylod | Associate | 2001 | 255.30 | 595.00 | $151,903.50 |
| | | | 52.90 | 580.00 | $30,682.00 |
| | | | 2.30 | 525.00 | $1,207.50 |
| | | | 14.10 | 470.00 | $6,627.00 |
| Katrina V. Pape | Associate | 2009 | 6.30 | 420.00 | $2,646.00 |
| | | | 28.30 | 375.00 | $10,612.50 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| Kenneth D. Hackman | Associate | 2008 | 23.16 | 395.00 | $9,148.20 |
| Kristin L. Wainright | Associate | 2008 | 9.00 | 440.00 | $3,960.00 |
| | | | 120.75 | 395.00 | $47,696.25 |
| | | | 1.00 | 390.00 | $390.00 |
| | | | 9.70 | 340.00 | $3,298.00 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Kristina A. Moon | Associate | 2009 | 20.33 | 375.00 | $7,623.75 |
| Krystyna M. Blakeslee | Associate | 2009 | 60.70 | 480.00 | $29,136.00 |
| | | | 173.20 | 455.00 | $78,806.00 |
| | | | 66.00 | 420.00 | $27,720.00 |
| | | | 21.20 | 365.00 | $7,738.00 |
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |
| Mark J. Deal | Associate | 2010 | 21.00 | 420.00 | $8,820.00 |
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| | | | 332.90 | 630.00 | $209,727.00 |
| | | | 98.80 | 595.00 | $58,786.00 |
| | | | 88.60 | 580.00 | $51,388.00 |
| Matthew D. Root | Associate | 2000 | 6.00 | 610.00 | $3,660.00 |
| Matthew H. Fischer | Associate | 2011 | 11.30 | 375.00 | $4,237.50 |
| Melissa E. Brody | Associate | 2009 | 54.40 | 480.00 | $26,112.00 |
| | | | 190.10 | 455.00 | $86,495.50 |
| | | | 128.90 | 420.00 | $54,138.00 |
| | | | 156.60 | 365.00 | $57,159.00 |
| Meredith M. Bloch | Associate | 2010 | 28.10 | 365.00 | $10,256.50 |
| Michael J. Sullivan | Associate | 2010 | 20.90 | 365.00 | $7,628.50 |
| Nathan Smith | Associate | 2006 | 5.60 | 520.00 | $2,912.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| | | | 51.80 | 510.00 | $26,418.00 |
| | | | 40.30 | 490.00 | $19,747.00 |
| Robert F. Alleman | Associate | 2010 | 4.80 | 420.00 | $2,016.00 |
| | | | 55.40 | 375.00 | $20,775.00 |
| Sara Corris | Associate | 2010 | 259.00 | 420.00 | $108,780.00 |
| | | | 224.90 | 375.00 | $84,337.50 |
| Sarah A. Hall | Associate | 2009 | 2.20 | 405.00 | $891.00 |
| Sarah E. Mendola | Associate | 2007 | 0.20 | 510.00 | $102.00 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |
| | | | 0.30 | 630.00 | $189.00 |
| Victoria S. Cudd | Associate | 2011 | 1.60 | 375.00 | $600.00 |
| Wayne I. Pollock | Associate | 2009 | 260.00 | 455.00 | $118,300.00 |
| | | | 0.10 | 420.00 | $42.00 |
| | | | 17.90 | 227.50 | $4,072.25 |
| Yelena Shreyberg | Associate | 2009 | 0.50 | 420.00 | $210.00 |
| | | | 28.90 | 365.00 | $10,548.50 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| James I. Downes | Counsel | 2001 | 6.10 | 545.00 | $3,324.50 |
| James J. Johnston | Counsel | 1997 | 57.70 | 660.00 | $38,082.00 |
| | | | 7.70 | 640.00 | $4,928.00 |
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |
| Steven A. Rivers | Counsel | 1995 | 7.50 | 775.00 | $5,812.50 |
| | | | 4.50 | 750.00 | $3,375.00 |
| Steven B. Smith | Counsel | 1999 | 120.30 | 685.00 | $82,405.50 |
| | | | 1.50 | 342.50 | $513.75 |
| Gretchen A. Corey | Law Clerk | N/A | 5.37 | 365.00 | $1,960.05 |
| Margaret Budnik | Law Clerk | N/A | 19.10 | 240.00 | $4,584.00 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| | | | 36.60 | 185.00 | $6,771.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| | | | 26.50 | 245.00 | $6,492.50 |
| | | | 40.70 | 235.00 | $9,564.50 |
| Barbara Bedick | Legal Assistant | N/A | 2.10 | 260.00 | $546.00 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| | | | 35.90 | 245.00 | $8,795.50 |
| | | | 12.70 | 235.00 | $2,984.50 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|------|------|------|------|
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
| | | | 124.10 | 260.00 | $32,266.00 |
| | | | 141.50 | 250.00 | $35,375.00 |
| Bernard M. Mc Cue | Legal Assistant | N/A | 2.70 | 185.00 | $499.50 |
| Catherine J. Jenssen | Legal Assistant | N/A | 27.60 | 215.00 | $5,934.00 |
| | | | 35.20 | 210.00 | $7,392.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Gary N. Sitzman | Legal Assistant | N/A | 0.80 | 295.00 | $236.00 |
| | | | 8.50 | 285.00 | $2,422.50 |
| Janet Groome | Legal Assistant | N/A | 9.80 | 195.00 | $1,911.00 |
| Jefferson Holder | Legal Assistant | N/A | 63.18 | 40.00 | $2,527.20 |
| Julio C. Pereira | Legal Assistant | N/A | 4.40 | 245.00 | $1,078.00 |
| | | | 22.50 | 235.00 | $5,287.50 |
| | | | 6.50 | 225.00 | $1,462.50 |
| Krishnakant Patel | Legal Assistant | N/A | 1.50 | 250.00 | $375.00 |
| LuAnn D. Avery | Legal Assistant | N/A | 3.20 | 215.00 | $688.00 |
| | | | 1.50 | 210.00 | $315.00 |
| Luis A. Lopez | Legal Assistant | N/A | 1.50 | 300.00 | $450.00 |
| | | | 8.00 | 250.00 | $2,000.00 |
| Lynn K. Jennings | Legal Assistant | N/A | 1.30 | 255.00 | $331.50 |
| Michael G. Viguie | Legal Assistant | N/A | 2.90 | 255.00 | $739.50 |
| Michelle S. Moezzi | Legal Assistant | N/A | 0.20 | 205.00 | $41.00 |
| Nancy Hildreth | Legal Assistant | N/A | 13.10 | 255.00 | $3,340.50 |
| Rebecca Rossi | Legal Assistant | N/A | 0.40 | 130.00 | $52.00 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| | | | 27.40 | 245.00 | $6,713.00 |
| | | | 2.30 | 235.00 | $540.50 |
| Brian K. Deaver | Librarian | N/A | 0.40 | 155.00 | $62.00 |
| Carol A. Jarema | Librarian | N/A | 0.30 | 155.00 | $46.50 |
| Cynthia A. Goldman | Librarian | N/A | 3.55 | 155.00 | $550.25 |
| | | | 0.50 | 150.00 | $75.00 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Elaine M. Walker | Librarian | N/A | 2.00 | 155.00 | $310.00 |
| | | | | | |
| | | | | | |
| **SUBTOTAL** | | | **13,164.49** | | **$8,533,224.60** |
| **REDUCTION ADJUSTMENTS**[6] | | | | | **($7,722.90)** |
| **FINAL TOTAL**[7] | | | | | **$8,525,501.70** |

---

[6] The reduction adjustments are the result of (a) a voluntary reduction for non-working travel in the amount of $150.90 identified in the First Fee Application, (b) a voluntary reduction for non-working travel in the amount of $538.00 identified in the Second Fee Application, and (c) a voluntary reduction for non-working travel in the amount of $7,034.00 identified in the Third Fee Application, for a total reduction adjustment of $7,722.90.

[7] By the Application, Dechert seeks compensation for fees for services rendered during the Final Fee Period in the total amount of $8,393,840.78.

### Summary of Services Rendered by Professionals and Paraprofessionals

|  | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| ATTORNEYS AND LAW CLERKS | $673.09 | 12,435.86 | $8,370,411.65 |
| PARAPROFESSIONALS | $223.45 | 728.63 | $162,812.95 |
| TOTALS | $648.20 | 13,164.49 | $8,533,224.60[8] |

---

[8]    See supra fn 7.

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone:     (860) 524-3999
Facsimile:     (860) 524-3930
Email:         katherine.burroughs@dechert.com

- and -

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone:     (212) 698-3500
Facsimile:     (212) 698-3599
Email:         brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**FINAL APPLICATION OF DECHERT LLP,**
**AS SPECIAL COUNSEL FOR THE DEBTORS, FOR FINAL**
**ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES**
**RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES**
**INCURRED FROM MARCH 1, 2010 THROUGH AND INCLUDING MARCH 6, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

The law firm of Dechert LLP ("Dechert"), attorneys authorized to provide legal services

as special counsel to Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the

above-captioned chapter 11 cases (collectively, the "Debtors"), hereby files this final application

17300559

(this "Application") pursuant to sections 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Bankruptcy Rules"), and that certain *Order Pursuant to Section 327(e) of the Bankruptcy*

*Code Authorizing the Employment and Retention of Dechert LLP, as Special Counsel to the*

*Debtors, Nunc Pro Tunc to March 1, 2010*, dated June 22, 2010 [ECF No. 9724] (the "Special

Counsel Order," a copy of which is attached hereto as Exhibit A),[1] for the entry of an order

awarding Dechert final compensation for professional services rendered to the Debtors in the

amount of $8,393,840.78, incurred during the period from March 1, 2010 through and including

March 6, 2012 (the "Final Fee Period"), and reimbursement of actual and necessary expenses

that Dechert incurred during the Final Fee Period in the amount of $154,179.94.[2]  In support of

this Application, Dechert respectfully represents as follows:

## JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction to consider and determine this

Application pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of

Reference of the United States District Court for the Southern District of New York, dated

January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this District pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1]    This Court expanded the scope of Dechert's retention as special counsel to the Debtors by orders dated August 15, 2011 [ECF No. 19255] and November 14, 2011 [ECF No. 22090], respectively.

[2]    Although every effort has been made to include all fees earned and expenses incurred during the Final Fee Period in this Application, delays caused by accounting and processing procedures may have inadvertently resulted in certain fees and expenses to be excluded from the relief sought by this Application.  Accordingly, Dechert reserves the right to make further application to this Court for allowance of fees and expenses incurred during the Final Fee Period but not included herein.  Dechert further reserves the right to supplement or modify this Application.

2.     The statutory predicates for the relief requested in this Application are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Rule 2016-1 of the Local Bankruptcy Rules.

## BACKGROUND

### A.     The Chapter 11 Cases

3.     On September 15, 2008 (the "Commencement Date"), and periodically thereafter, LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.     During the Chapter 11 Cases, the Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

5.     On May 26, 2009, this Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol [ECF No. 3651]. On January 24, 2011, the Fee Committee recommended Richard A. Gitlin as successor independent member to the Fee Committee, which this Court ordered [ECF No. 14117]. On March 11, 2011, the Fee Committee submitted a motion to amend the fee protocol [ECF No. 14969]. On April 14, 2011, this Court entered that certain *Order Amending the Fee Protocol* (the "Amended Fee Protocol") [ECF No. 15998].

6.     Also on April 14, 2011, this Court entered that certain *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)*

3

*Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order," a copy of which is attached hereto as Exhibit B) [ECF No. 15997].

7.     On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629]. On that same date, this Court entered an amended order (a) approving the Disclosure Statement, (b) establishing solicitation and voting procedures in connection with the Plan, (c) scheduling a confirmation hearing, and (d) establishing notice and objection procedures for the confirmation hearing [ECF No. 19631]. On September 15, 2011, this Court entered an order approving a modification to the Disclosure Statement [ECF No. 20016]. On December 6, 2011, this Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012 (the "Effective Date") [ECF No. 26039].

**B.     The Debtors' Businesses**

8.     Prior to the events leading up to the Chapter 11 Cases, the Debtors comprised the fourth largest investment bank in the United States. For more than 150 years, the Debtors had been a leader in the global financial markets, serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide. The Debtors maintained their headquarters in New York with regional headquarters located in London and Tokyo that were complemented by a network of offices throughout North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

9.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of the Chapter 11 Cases is discussed in the *Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the*

4

*Southern District of New York in Support of First-Day Motions and Applications*, filed on September 15, 2008 [ECF No. 2].

## RELIEF REQUESTED

10.    By this Application, Dechert respectfully seeks this Court's final approval and allowance of compensation for professional services rendered to the Debtors during the Final Fee Period in the aggregate amount of $8,393,840.78, and reimbursement of actual and necessary expenses Dechert incurred in connection with performing such services in the aggregate amount of $154,179.94.

## BASIS FOR RELIEF

### A.    Dechert's Retention

11.    Dechert began performing legal services on behalf of the Debtors as an ordinary course professional pursuant to that certain *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*, dated January 22, 2009 [ECF No. 2598] (the "Ordinary Course Professional Order").    In accordance with the procedures set forth in the Ordinary Course Professional Order, such retention became effective *nunc pro tunc* to the Commencement Date.

12.    On June 1, 2010, the Debtors filed the *Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to March 1, 2010* (the "Retention Application") [ECF No. 9357].    On June 22, 2010, this Court entered the Special Counsel Order approving the Retention Application.

13.    On July 29, 2011, the Debtors filed the *Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of*

*Bankruptcy Procedure for Authorization to Employ and Retain Dechert LLP as Special Counsel to the Debtors, Nunc Pro Tunc to June 21, 2011* (the "Supplemental Retention Application") [ECF No. 18895] seeking to modify the scope of Dechert's retention as special counsel, as previously approved pursuant to the Special Counsel Order, to include legal services with respect to the representation of certain current and former independent directors of LBHI that had been issued deposition subpoenas, asked to submit to certain depositions, or could potentially be called to testify in connection with the following adversary proceeding in the Chapter 11 Cases: *Lehman Brothers Holdings Inc. and the Official Comm. of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP).[3] On August 15, 2011, this Court entered an order approving the Supplemental Retention Application (the "Supplemental Retention Order") [ECF No. 19255].

14.    On October 26, 2011, the Debtors filed that certain *Second Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure to Expand the Scope of Dechert LLP's Retention as Special Counsel, Nunc Pro Tunc to September 27, 2011* (the "Second Supplemental Retention Application") [ECF No. 21290] seeking to modify the scope of Dechert's retention as special counsel, as previously approved by the Special Counsel Order and the Supplemental Retention Order, to include legal services with respect to a summons issued by the Internal Revenue Service on Lehman Commercial Paper, Inc. On November 14, 2011, this Court entered an order

---

[3]    As disclosed in the Retention Application, Dechert represents certain current and former independent directors of LBHI in connection with, among other things, various investigative and litigation matters unrelated to Dechert's role as special counsel to the Debtors. For those services, Dechert has been paid by the Debtors' primary 2007-2008 insurance policy purchased from XL Specialty Insurance Company plus additional excess coverage for total directors' and officers' liability insurance coverage up to $250 million. For services provided under the Supplemental Retention Application, Dechert has been and will be compensated by the Debtors' estates.

approving the Second Supplemental Retention Application (the "Second Supplemental Retention

Order") [ECF No. 22090].

**B.    Dechert's Prior Applications**

15.    This Application is Dechert's final application for compensation for services

rendered and reimbursement for actual and necessary expenses incurred as special counsel to the

Debtors in the Chapter 11 Cases. Prior to the Final Fee Period, Dechert submitted the following

applications for interim allowance of compensation for professional services rendered and

reimbursement of actual and necessary expenses incurred:

(i)    the *First Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period March 1, 2010 through May 31, 2010*, filed on August 16, 2010 [ECF No. 10768] (the "First Fee Application");

(ii)    the *Second Interim Fee Application of Dechert LLP, as 327(e) Special Counsel, for Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred During the Period June 1, 2010 through September 30, 2010*, filed on January 6, 2011 [ECF No. 13814] (the "Second Fee Application");

(iii)   the *Third Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2010 through January 31, 2011*, filed on April 15, 2011 [ECF No. 16082] (the "Third Fee Application");

(iv)    the *Fourth Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from February 1, 2011 through May 31, 2011*, filed on August 12, 2011 [ECF No. 19211] (the "Fourth Fee Application");

(v)    the *Fifth Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from June 1, 2011 through September 30, 2011*, filed on December 9, 2011 [ECF No. 23158] (the "Fifth Fee Application"); and

(vi)    the *Sixth Application of Dechert LLP, as Special Counsel for the Debtors, for Interim Allowance of Compensation for Professional Services Rendered and*

*Reimbursement of Actual and Necessary Expenses Incurred from October 1, 2011 through March 6, 2012*, filed on May 21, 2012 [ECF No. 27977] (the "Sixth Fee Application," and together with the First, Second, Third, Fourth, and Fifth Fee Applications, the "Previous Fee Applications").

16.    Dechert's First Fee Application sought compensation for services rendered and reimbursement for actual and necessary expenses incurred as special counsel to the Debtors from the period commencing March 1, 2010 through and including May 31, 2010 (the "Fifth Interim Fee Period").[4] In November 2010, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and voluntarily agreed to reduce the amount sought for compensation of fees for services rendered by $12,493.16, and to reduce the amount sought for reimbursement of actual and necessary expenses incurred by $217.83, for a total reduction of $12,710.99 for the Fifth Interim Fee Period. After the voluntary reductions described above, Dechert agreed to receive compensation for services rendered in the amount of $611,775.69, and reimbursement for actual and necessary expenses incurred in the amount of $10,981.51, for the Fifth Interim Fee Period. On May 19, 2011, this Court entered an order granting Dechert's First Fee Application as modified in accordance with the voluntary reductions described above [ECF No. 16972].

17.    Dechert's Second Fee Application sought compensation of fees for services rendered and reimbursement for actual and necessary expenses incurred as special counsel to the Debtors for the period commencing June 1, 2010 through and including September 30, 2010 (the "Sixth Interim Fee Period"). In August 2011, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and voluntarily agreed to reduce the

---

[4]    The fifth interim period for compensation of retained professionals in the Chapter 11 Cases commenced on February 1, 2010 and continued through May 31, 2010. Pursuant to the Special Counsel Order, Dechert's retention as special counsel to the Debtors was effective *nunc pro tunc* to March 1, 2010. Therefore, services that Dechert rendered as special counsel for which it sought compensation and reimbursement under the First Fee Application commenced during the Fifth Interim Fee Period.

amount sought for compensation of fees for services rendered during the Sixth Interim Fee Period by $22,136.00. After the voluntary reduction described above, Dechert agreed to compensation for services rendered in the amount of $981,455.25, and reimbursement for actual and necessary expenses incurred in the amount of $9,683.37, for the Sixth Interim Fee Period. On November 10, 2011, this Court entered an order granting Dechert's Second Fee Application as modified in accordance with the voluntary reduction described above [ECF No. 21950].

18.    Dechert's Third Fee Application sought compensation of fees for services rendered and reimbursement for actual and necessary expenses incurred as special counsel to the Debtors from the period commencing October 1, 2010 through and including January 31, 2011 (the "Seventh Interim Fee Period"). In December 2011, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and voluntarily agreed to reduce the amount sought for compensation of fees for services rendered by $30,178.38, and to reduce the amount sought for reimbursement of actual and necessary expenses incurred by $113.43, for a total reduction of $30,291.81 for the Seventh Interim Fee Period. After the voluntary reductions described above, Dechert agreed to compensation of fees for services rendered in the amount of $837,390.17, and reimbursement for actual and necessary expenses incurred in the amount of $13,555.69, with respect to the Seventh Interim Fee Period. On December 20, 2011, this Court entered an order granting Dechert's Third Fee Application as modified in accordance with the voluntary reductions described above [ECF No. 23590].

19.    Dechert's Fourth Fee Application sought compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred as special counsel to the Debtors from the period commencing February 1, 2011 through and including May 31, 2011 (the "Eighth Interim Fee Period"). In March 2012, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and voluntarily agreed to reduce the

9

amount sought for compensation of fees for services rendered by $55,527.88, and to reduce the amount sought for reimbursement of actual and necessary expenses incurred by $458.69, for a total reduction of $55,986.57 for the Eighth Interim Fee Period. After the voluntary reductions described above, Dechert agreed to compensation of fees for services rendered in the amount of $1,493,364.37, and reimbursement for actual and necessary expenses incurred in the amount of $37,307.36, with respect to the Eighth Interim Fee Period. On May 10, 2012, this Court entered an order granting Dechert's Fourth Fee Application as modified in accordance with the voluntary reductions described above [ECF No. 27792].

20.    Dechert's Fifth Fee Application sought compensation of fees for services rendered and reimbursement of actual and necessary expenses incurred as special counsel to the Debtors from the period commencing June 1, 2011 through and including September 30, 2011 (the "Ninth Interim Fee Period"). In March 2012, after negotiations with the Fee Committee, Dechert reached a resolution with the Fee Committee and voluntarily agreed to reduce the amount sought for compensation of fees for services rendered by $11,325.50, and to reduce the amount sought for reimbursement of actual and necessary expenses incurred by $312.07, for a total reduction of $11,637.57 for the Ninth Interim Fee Period. After the voluntary reductions described above, Dechert agreed to compensation of fees for services rendered in the amount of $2,066,079.25, and reimbursement for actual and necessary expenses incurred in the amount of $38,103.63, with respect to the Ninth Interim Fee Period. This Court has yet to enter an order with respect to Dechert's Fifth Fee Application.

21.    Dechert's Sixth Fee Application sought compensation for services rendered and reimbursement of actual and necessary expenses incurred as special counsel to the Debtors from the period commencing October 1, 2011 through and including March 6, 2012 (the "Tenth Interim Fee Period"). With respect to the Tenth Interim Fee Period, Dechert sought

compensation of fees for services rendered in the amount of $2,403,776.05, and reimbursement of actual and necessary expenses incurred in the amount of $44,548.38. No voluntary reductions of those amounts have yet been agreed to between Dechert and the Fee Committee. Moreover, this Court has yet to enter an order with respect to Dechert's Sixth Fee Application.

## C.    **Request for Compensation**

22.    By this Application, Dechert seeks allowance in full of final compensation for professional services rendered to the Debtors during the Final Fee Period in the amount of $8,393,840.78. During the Final Fee Period, Dechert attorneys and paraprofessionals expended a total of 13,164.49 hours at a blended hourly rate of $648.20 for which compensation is requested.

23.    This Application seeks to compensate Dechert for the fair and reasonable fees and expenses incident to the professional services Dechert rendered to the Debtors' estates during the Final Fee Period. The compensation requested herein is consistent with the fees Dechert customarily charges for similar services, reflects the time, labor, and expertise brought to bear on the problems presented during Dechert's representation of the Debtors, and is comparable with the rates charged by similar firms operating in a competitive market for legal services.

24.    Dechert utilized its existing hourly rate structure and calculated its request for compensation by multiplying the hours of time spent on services rendered on behalf of the Debtors by the hourly rate assigned to each attorney or paraprofessional rendering such services. Dechert respectfully submits that the fees sought herein are customary and based on its normal criteria in matters of this type, and are commensurate with the fees that Dechert has been allowed in other chapter 11 cases, including in this District.

25.    In connection with the Debtors' Retention Application, Dechert previously disclosed to this Court that its hourly rates change from time to time in accordance with Dechert's established billing practices and procedures. On June 22, 2010, this Court entered the

11

Special Counsel Order approving Dechert's Retention Application in accordance with Dechert's customary rates in effect at that time. In addition, this Court entered the Supplemental Retention Order and Second Supplemental Retention Order approving Dechert's 2011 billing rates.

26.    To maintain competitive rates, Dechert follows standard and customary industry practices by instituting annual billing rate increases. On January 1, 2012, Dechert implemented adjustments to the hourly billing rates of its professionals and paraprofessionals in accordance with Dechert's established practices and procedures for annual billing rate adjustments. These ordinary and customary billing rate adjustments apply to clients with respect to matters across all of Dechert's practices areas.

27.    The professional services for which Dechert seeks compensation were rendered in the ordinary course of the Debtors' business and solely on behalf of the Debtors. There is no agreement between Dechert and any other entity for the sharing of compensation to be received for services rendered in the Chapter 11 Cases.

### D.    Applicable Authority

28.    Dechert prepared this Application in accordance with:    (a) the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, General Order M-389, adopted by this Court on November 25, 2009 (the "Local Guidelines"); (b) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996 (the "UST Guidelines"); (c) the Interim Compensation Order; and (d) the Amended Fee Protocol (collectively with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is attached hereto as Exhibit C.

12

## SUMMARY OF REQUEST FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED

29.     Dechert believes that the fair and reasonable value of the professional services rendered by its attorneys and paraprofessionals during the Final Fee Period is $8,393,840.78. Based upon the total time expended by Dechert's attorneys and paraprofessionals in the aggregate amount of 13,164.49 hours, and a resulting blended hourly rate of $648.20 for those professionals, Dechert respectfully submits that the compensation requested herein is both reasonable and appropriate.

30.     Dechert also seeks reimbursement of its actual, reasonable, and necessary out-of-pocket expenses in the aggregate amount of $154,179.94. These expenses were incurred during the course of rendering professional services on behalf of the Debtors during the Final Fee Period.

31.     Pursuant to the UST Guidelines:

a.      attached hereto as Exhibit D is a schedule setting forth:  (i) the names of all Dechert professionals and paraprofessionals who performed services in the Chapter 11 Cases during the Final Fee Period; (ii) the capacities in which each such individual is employed by Dechert; (iii) the hourly rate(s) charged by Dechert for services performed by each such individual; (iv) the aggregate number of hours expended by each such individual on behalf of the Debtors during the Final Fee Period; and (v) the year in which each professional graduated from law school (if applicable);

b.      attached hereto as Exhibit E is a schedule specifying the categories of actual and necessary expenses for which Dechert is seeking reimbursement and the total amount of reimbursement requested for each category of expenses;

c.      attached hereto as Exhibit F is a summary by matter of the services Dechert performed on behalf of the Debtors during the Final Fee Period; and

d.      attached hereto as Exhibit G is a summary by project category of the services Dechert performed on behalf of the Debtors during the Final Fee Period.

13

32.     Dechert maintains computerized records of the time spent by all Dechert attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction for attorney client privilege where necessary to protect the Debtors and their estates, copies of such computerized records for each interim period were delivered to applicable parties as exhibits to the Previous Fee Applications.[5]

## SERVICES RENDERED BY DECHERT

33.     Dechert is a full service law firm with well-developed practices in the areas of business restructuring and reorganization, corporate and securities, complex litigation, finance and real estate, financial services, and tax. The Debtors had requested Dechert's representation in a wide variety of real estate matters including loan modifications, loan and asset sales, asset management issues, and workouts and foreclosures of defaulted loans and related matters involving distressed assets. The Debtors also requested that Dechert assist in representation of certain litigation and tax matters.

34.     Dechert also represents certain Debtors and non-Debtor affiliates in connection with matters unrelated to the Chapter 11 Cases. Dechert's fees and expenses related to those matters are satisfied by unaffiliated non-Debtor entities. Considering that such fees and expenses are not being paid by the Debtors, Dechert has not included them in this Application. Dechert reserves the right, however, to request that the Debtors pay such fees and expenses in accordance with the Interim Compensation Order in the event those fees and expenses are not paid by the unaffiliated non-Debtor entities.

---

[5]    Considering that copies of Dechert's daily time records and detailed expense records for the Final Fee Period were previously provided to this Court, the U.S. Trustee, the Debtors' counsel, the Creditors' Committee, and the Fee Committee, and due to the voluminous nature of those records, they are not included in this Application and will not be re-served. Copies of such records shall be made available to other parties in interest upon reasonable request.

35.    The following descriptions summarize the primary services that Dechert rendered during the Final Fee Period and highlights the benefits conferred upon the Debtors, as well as their estates and creditors, as a result of Dechert's services.

(a)    **"Loans and Investments" Project Category (Hours: 6,605.64; Fees: $4,550,872.35)**

36.    During the Final Fee Period, Dechert performed a variety of services related to the Loans and Investments project category, including the following:

- Dechert professionals analyzed borrower issues under various loan documents, drafted numerous transaction agreements, including an assumption and assignment agreement, researched complex tax issues, and negotiated restructuring terms in connection with the potential foreclosure or restructuring of approximately $1.2 billion in debt related to property located at 237 Park Avenue, New York, New York 10016. During the Final Fee Period, Dechert professionals and paraprofessionals expended 1,565.90 hours for this matter resulting in time charges of $1,295,839.50. (237 Park Mezz Debt Restructure, Matter #102878)

- Dechert professionals reviewed loan documents, drafted foreclosure and restructuring documents, researched complex tax and equity issues, and coordinated loan extensions in connection with the BIII portfolio. The Debtors had previously completed a partial foreclosure of the BIII portfolio and currently maintain control of the properties within the BIII portfolio. During the Final Fee Period, Dechert professionals and paraprofessionals expended 817.27 hours for this matter resulting in time charges of $617,960.65. (BIII Workout, Matter #102927)

- Dechert professionals prepared and revised amendments and modifications to loan documents, coordinated loan extensions, researched complex tax and zoning issues, and analyzed foreclosure issues in connection with the potential foreclosure and restructuring of the Ballpark mortgage and mezzanine loan portfolio. The Ballpark mortgage and mezzanine loan portfolio totaled approximately $62 million and was secured by the Ballpark mixed use development in Washington D.C. During the Final Fee Period, Dechert professionals and paraprofessionals expended 1,104.07 hours for this matter resulting in time charges of $656,429.15. (Ballpark, Matter #108387)

- Dechert professionals drafted agreements, reviewed and provided feedback on various loan documents, researched complex tax and equity issues, and analyzed borrower issues on behalf of the Debtors in connection with the consensual strict foreclosure of a junior mezzanine loan indirectly secured by certain office property located at 1000 Wilshire

15

Blvd., Los Angeles, California 90017. In connection with this matter, Dechert also assisted the Debtors with the termination and replacement of the property manager affiliated with the above-referenced office property. During the Final Fee Period, Dechert professionals and paraprofessionals expended 109.10 hours for this matter resulting in time charges of $89,229.50. (1000 Wilshire (BIII Portfolio Property), Matter #109963)

- Dechert professionals attended to issues related to the replacement of a limited liability certificate in connection with the sale of senior mezzanine loans indirectly secured by office property located at 116 Huntington Avenue, Boston, Massachusetts 02116. During the Final Fee Period, Dechert professionals and paraprofessionals expended 9.20 hours for this matter resulting in time charges of $8,106.50. (116 Huntingdon (BIII Portfolio Property), Matter #110032)

- Dechert professionals drafted joint venture agreements, reviewed equity and settlement documents, researched complex tax and real property issues, developed restructuring strategies, and negotiated on behalf of the Debtors in connection with the restructuring of the Debtors' $80 million equity investment in a mixed use development located in Washington D.C. During the Final Fee Period, Dechert professionals and paraprofessionals expended 1,053.97 hours for this matter resulting in time charges of $660,093.05. (Monument/Ballpark Equity, Matter #108403)

- Dechert professionals drafted foreclosure and loan extension documents, reviewed loan agreements, analyzed loan extension and guaranty issues, and negotiated on behalf of the Debtors in connection with a potential consensual foreclosure of $67 million in loans made by the Debtors. These loans were indirectly secured by real property located in Austin, Texas. During the Final Fee Period, Dechert professionals and paraprofessionals expended 307.60 hours for this matter resulting in time charges of $189,078.00. (Austin Center, Matter #110503)

- Dechert professionals collected public records and documents from title companies in response to requests for production of certain documents in connection with a large mortgage securitization. During the Final Fee Period, Dechert professionals and paraprofessionals expended 24.70 hours for this matter resulting in time charges of $5,990.50. (First State Investors, Matter #115015)

- Dechert professionals drafted various loan documents, analyzed and researched complex tax issues, drafted memoranda outlining restructuring strategies, and participated in settlement negotiations in connection with the change in control of the Anaheim property, representation of Lehman as borrower for a mortgage loan on the Anaheim property, and related restructuring issues in the Innkeepers chapter 11 cases. Dechert professionals also negotiated the assumption of a franchise agreement

16

concerning the change in control of the Anaheim property. During the Final Fee Period, Dechert professionals and paraprofessionals expended 666.55 hours for these matters resulting in time charges of $405,648.50. (Innkeepers, Matter #386500; Innkeepers Bankruptcy, Matter #109115)[6]

- Dechert professionals drafted transaction agreements, analyzed foreclosure strategies and proposals, and researched complex transfer tax issues in connection with the Debtor's rights as a junior participant in a $62 million second mezzanine loan related to a portfolio of foreclosed hotel properties located throughout nine states. During the Final Fee Period, Dechert professionals and paraprofessionals expended 93.55 hours for this matter resulting in time charges of $81,498.75. (Wyndham Portfolio, Matter #116587)

- Dechert professionals reviewed and commented on transaction agreements, analyzed foreclosure issues, and participated in conference calls in connection with the strict foreclosure of a mezzanine loan. During the Final Fee Period, Dechert professionals and paraprofessionals expended 17.10 hours for this matter resulting in time charges of $17,014.50. (MIP, Matter #116101)

- Dechert professionals reviewed mortgage and mezzanine debt and equity documents, and drafted a confidentiality agreement and transaction agreements, in connection with a portfolio of industrial properties located throughout multiple states. During the Final Fee Period, Dechert professionals and paraprofessionals expended 97.70 hours for this matter resulting in time charges of $58,546.50. (Pro Logis Portfolio, Matter #114282)

- Dechert professionals drafted agreements, reviewed loan and transaction documents, analyzed control rights issues, and participated in conference calls with the Debtors regarding purchase option rights and a potential asset sale. In addition, Dechert professionals reviewed transaction documents and corresponded with various parties concerning issues under a servicing agreement that related to (i) providing protective servicing advances to avoid mechanics liens on collateral securing a commercial mortgage and mezzanine loan, and (ii) the process and procedures for the sale of assets from a securitization trust. During the Final Fee Period, Dechert professionals and paraprofessionals expended 86.20 hours for this matter resulting in time charges of $63,569.00. (SASCO, Matter #110687)

---

[6]  Dechert represents Lehman ALI Inc. in connection with the restructuring of Innkeepers USA Trust. Although Innkeepers USA Trust agreed to provide compensation and reimbursement for Dechert's fees and expenses in connection with this representation, the Debtors agreed to reimburse Dechert for fees and expenses related to the Anaheim property and certain other issues related to the Innkeepers chapter 11 cases.

17

- Dechert professionals reviewed and commented on loan documents, drafted foreclosure documents, and analyzed foreclosure issues in connection with the sale of property located at One Fair Oaks, Fairfax, Virginia. Dechert professionals also advised the Debtors with respect to cooperating and releasing their junior mezzanine loans in connection with such sale. During the Final Fee Period, Dechert professionals and paraprofessionals expended 15.90 hours for this matter resulting in time charges of $13,332.00. (One Fair Oaks (BIII Portfolio Company), Matter #109925)

- Dechert professionals prepared restructuring strategies, drafted and revised contracts, including a pre-negotiation agreement and strict foreclosure documents, reviewed loan documents, and provided legal advice regarding senior lenders' foreclosure of certain BIII portfolio properties. During the Final Fee Period, Dechert professionals and paraprofessionals expended 76.70 hours for these matters resulting in time charges of $58,561.50. (Greensboro (BIII Portfolio Property), Matter #108454; One Sansome (BIII Portfolio Property), Matter #108456)[7]

- Dechert professionals drafted transaction agreements, including a property management agreement and an exclusive leasing agreement, analyzed tax issues, participated in negotiations on behalf of the Debtors, and researched various lease issues in connection with the foreclosure of a senior mezzanine loan indirectly secured by property located at 100 Wall Street, New York, New York 10005. Dechert professionals also advised the Debtors with respect to cooperating and releasing their junior mezzanine loans in connection with such foreclosure. During the Final Fee Period, Dechert professionals and paraprofessionals expended 87.05 hours for this matter resulting in time charges of $71,891.75. (100 Wall (BIII Portfolio Property), Matter #108455)

- Dechert professionals researched insurance law issues and participated in settlement negotiations related to that certain litigation styled In re Lower Manhattan Disaster Site Litigation. During the Final Fee Period, Dechert professionals and paraprofessionals expended 9.90 hours for this matter resulting in time charges of $8,701.50. (100 Wall, Matter #107532)

- Dechert professionals reviewed loan agreements, analyzed lease issues, and coordinated with various parties in connection with the enforcement of remedies under a defaulted financing in the amount of $206 million (comprised of both mortgage and mezzanine loans) secured by a boutique hotel located in New York, New York. During the Final Fee Period, Dechert professionals and paraprofessionals expended 95.10 hours for this

---

[7] Prudential paid the initial $25,000 in fees that Dechert incurred for services rendered with respect to One Sansome, Matter #108455.

matter resulting in time charges of $60,642.00.  (On the Avenue, Matter #107816)

- In connection with Dechert's loans and investments project category, Dechert professionals corresponded electronically and participated in conference calls with the Debtors and several of their professionals regarding, among other things, debtor-creditor issues, restructuring strategies, and settlement negotiations.

37.    During the Final Fee Period, Dechert professionals and paraprofessionals expended 6,605.64 hours to the Loans and Investments project category resulting in time charges of $4,550,872.35.

**(b)    "Real Estate" Project Category (Hours: 4,964.15; Fees: $3,147,719.25)**

38.    During the Final Fee Period, Dechert performed a variety of services related to the Real Estate project category, including the following:

- Dechert professionals prepared litigation strategies, drafted and filed a motion to appoint a receiver and memorandum in support of summary judgment, advised the Debtors with respect to settlement alternatives, attended numerous courtroom conferences and hearings, reviewed loan documents, researched real property issues, and participated in negotiations on behalf of the Debtors in connection with mortgage and mezzanine loan workouts related to two properties located in New York, New York.   In addition, Dechert professionals drafted transaction agreements, researched transfer tax issues, and analyzed bankruptcy litigation issues regarding the loan workouts. During the Final Fee Period, Dechert professionals and paraprofessionals expended 2,224.81 hours for these matters resulting in time charges of $1,336,875.20. (1107 Broadway – Toy Building, Matter #102197; 325 West Broadway (Tootsie Roll Building), Matter #102198)

- Dechert professionals drafted memoranda regarding trademark arbitration and litigation issues, prepared foreclosure and auction documents, developed foreclosure and discovery strategies, reviewed loan documents, researched complex trademark and intellectual property issues, drafted pleadings including, but not limited to, a complaint, answers to counterclaims, motion to dismiss, and document requests, negotiated settlement issues, and prepared for and participated in an oral argument in connection with the modification of a loan secured by hotel trademark collateral.   During the Final Fee Period, Dechert professionals and paraprofessionals expended 595.05 hours for this matter resulting in time charges of $404,368.50. (Setai, Matter #107269)

19

- Dechert professionals prepared and researched litigation strategies and discovery issues, drafted various pleadings and due diligence documents in preparation for litigation, provided enforcement analysis, researched complex trust law issues, analyzed terms of proposed settlement agreements, and participated in mediation discussions in connection with a mezzanine loan secured by a multi-family portfolio located in Phoenix, Arizona. Dechert professionals also commenced a mezzanine loan foreclosure and related litigation against the loan guarantor. During the Final Fee Period, Dechert professionals and paraprofessionals expended 1,701.05 hours for this matter resulting in time charges of $1,056,219.75. (Bethany, Matter #108442)

- Dechert professionals drafted transaction agreements, including internal Lehman transfer and authorization documentation, reviewed loan and due diligence documents, researched complex tax and securities law issues, prepared foreclosure strategies, reviewed due diligence searches, advised the Debtors on negotiations with senior lien holders regarding potential enforcement strategies, drafted UCC foreclosure documents, attended a UCC foreclosure sale, drafted and negotiated new property management and listing agreements, and advised the Debtors with respect to property transition matters in connection with the mezzanine foreclosures of two real estate properties. During the Final Fee Period, Dechert professionals and paraprofessionals expended 335.80 hours for these matters resulting in time charges of $233,751.50. (Mezz Loan Foreclosure (Wachovia Place), Matter #117022; Mezz Loan Foreclosure (Liberty Square), Matter #117023)

- Dechert professionals responded to Debtors' inquiries concerning distressed loan and transfer tax issues. In addition, Dechert professionals drafted transaction documents, including default and demand notices, reviewed loan documents, and analyzed guaranty issues, loan extension options, and related strategies in connection with a defaulted mezzanine loan secured by pledges of equity interests in the mezzanine borrower, property owner, and certain other affiliates. During the Final Fee Period, Dechert professionals and paraprofessionals expended 280.72 hours for this matter resulting in time charges of $180,626.80. (350 Broadway Property, Matter #117095)

- Dechert professionals analyzed issues under lease agreements and forbearance agreements, researched complex real estate and tax issues, and advised the Debtors regarding foreclosure rights related to various real estate matters. In addition, Dechert professionals assisted with workout negotiations related to a loan secured by membership interests in an entity that indirectly owns property in St. John, USVI. During the Final Fee Period, Dechert professionals and paraprofessionals expended 63.40 hours for these matters resulting in time charges of $40,007.50. (T-Rex, St.

John, Matter #103274; 321-329 Riverside, Matter #102720; La Posada, Matter #103740; Riverside, Matter #118310)

- Dechert professionals reviewed loan documents and analyzed environmental issues in connection with the potential enforcement of remedies under a defaulted financing in the amount of $56 million (comprised of both mortgage and mezzanine loans) secured by partially developed property located in New York, New York. During the Final Fee Period, Dechert professionals and paraprofessionals expended 17.50 hours for this matter resulting in time charges of $11,766.50. (37th Street, Matter #104944)

- Dechert professionals prepared and revised foreclosure notices, drafted an assignment agreement and related documents, analyzed and prepared foreclosure strategies, and assisted with an enforcement analysis in connection with a mezzanine loan secured by a multi-family portfolio located in Nashville, Tennessee. Dechert professionals also commenced a mezzanine loan foreclosure, negotiated a consensual "deed in lieu" transaction, and closed on the transaction. Further, Dechert professionals reviewed loan documents and responded to cash management issues in connection with the mezzanine loan foreclosure. During the Final Fee Period, Dechert professionals and paraprofessionals expended 169.50 hours for this matter resulting in time charges of $99,456.50. (Nashville, Matter #107968)

- Dechert professionals reviewed loan documents, interest rate cap documents and related opinions, drafted legal documents, coordinated with various parties, and provided legal advice to the Debtors in connection with a loan extension and termination of an operating lease related to property located at 340 Madison Avenue, New York, New York 10017. During the Final Fee Period, Dechert professionals and paraprofessionals expended 5.0 hours for this matter resulting in time charges of $3,338.00. (Real Estate Financing Matters, Matter #365711)

- In connection with Dechert's real estate project category, Dechert professionals participated in telephone conferences and corresponded electronically with the Debtors and various other professionals regarding, among other things, debtor-creditor issues and restructuring strategies.

39. During the Final Fee Period, Dechert professionals and paraprofessionals expended 4,964.15 hours to the Real Estate project category resulting in time charges of $3,147,719.25.

21

(c)    **"Litigation" Project Category (Hours: 710.00; Fees: $404,629.50)**

40.    During the Final Fee Period, Dechert performed a variety of services related to the

Litigation project category, including the following:

- Dechert professionals researched litigation issues in preparation for depositions, drafted deposition strategy memoranda, prepared clients for depositions, attended a deposition, and coordinated with various parties with respect to the representation of certain current and former independent directors of LBHI that were issued deposition subpoenas, asked to submit to certain depositions, or were otherwise called to testify in connection with the adversary proceeding styled *Lehman Brothers Holdings Inc. and the Official Comm. of Unsecured Creditors of Lehman Brothers Holdings Inc. v. JPMorgan Chase Bank, N.A.*, Adv. Case No. 10-03266 (JMP). During the Final Fee Period, Dechert professionals and paraprofessionals expended 760.80 hours for this matter resulting in time charges of $420,822.00. (JPMorgan Litigation, Matter #116665)

41.    During the Final Fee Period, Dechert professionals and paraprofessionals

expended 710.00 hours to the Litigation project category resulting in time charges of

$404,629.50.

(d)    **"Tax" Project Category (Hours: 27.00; Fees $26,820.50)**

42.    During the Final Fee Period, Dechert performed a variety of services relating to

the Tax project category, including the following:

- Dechert professionals analyzed reply issues, researched and drafted memoranda regarding strategy, participated in telephone conferences with the Internal Revenue Service, and conducted discovery with respect to a summons issued by the Internal Revenue Service on Lehman Commercial Paper, Inc. (Tax Inquiry, Matter #118174)

43.    During the Final Fee Period, Dechert professionals and paraprofessionals

expended 27.00 hours to the Tax project category resulting in time charges of $26,820.50.

(e)    **"Non-Working Travel" Project Category (Hours: 113.40; Fees: $47,201.50)**

44.    Dechert professionals often minimize the amount of time spent on non-working

travel by working while traveling.    In certain instances, however, due to privilege and

22

confidentiality issues while traveling via mass transit to attend hearings and meetings on behalf of the Debtors, Dechert professionals exerted proper discretion in refraining from working while traveling. For the rare occasions that Dechert professionals traveled while not performing work on behalf of the Debtors, Dechert voluntarily reduced its rates by half.

45.     During the Final Fee Period, Dechert professionals and paraprofessionals expended 113.40 hours to the Non-Working Travel project category resulting in discounted time charges of $47,201.50.

**(f)     "Retention Issues and Fee Applications" (Hours: 744.30; Fees: $355,981.50)**

46.     During the Final Fee Period, Dechert performed a variety of services related to the Retention Issues and Fee Applications project category including the following:

- Dechert professionals drafted and filed the Previous Fee Applications, reviewed proposed orders concerning Dechert's First, Second, Third, and Fourth Fee Applications, prepared monthly statements and monthly budgets, and reviewed monthly invoices. In connection therewith, Dechert exerted significant effort in preparing fee related documents that complied with the Guidelines. During the Final Fee Period, Dechert professionals and paraprofessionals expended 466.90 hours for this matter resulting in time charges of $206,190.50. (Fee Application, Matter #104595)

- Dechert professionals drafted the Retention Application, the Supplemental Retention Application, the Second Supplemental Retention Application, and various declarations in support thereof, reviewed and responded to Fee Committee reports, analyzed the Amended Fee Protocol, and participated in conference calls and in-person conferences with the Fee Committee regarding fee procedures and retention related issues raised by the Fee Committee. During the Final Fee Period, Dechert professionals and paraprofessionals expended 279.40 hours for this matter resulting in time charges of $150,848.50. (327(e) Retention Issues, Matter #108343)

- In connection with Dechert's retention issues and fee applications project category, Dechert professionals corresponded electronically and participated in conference calls with the Debtors and several of their professionals regarding, among other things, 327(e) retention issues and the Previous Fee Applications.

47.    During the Final Fee Period, Dechert professionals and paraprofessionals expended 744.30 hours to the Retention Issues and Fee Applications project category resulting in time charges of $355,981.50.

48.    Dechert respectfully submits that, for the reasons set forth above, the professional services Dechert rendered on behalf of the Debtors during the Final Fee Period were necessary and reasonable.

## EXPENSES INCURRED BY DECHERT

49.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.  11 U.S.C. § 330. Accordingly, Dechert seeks reimbursement of the actual and necessary expenses that it incurred while rendering services to the Debtors during the Final Fee Period in the aggregate amount of $154,179.94.

50.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, Dechert maintains the following policies with respect to expenses for which reimbursement is sought

    a.    <u>Internal Duplicating</u> - Charged at $0.10 per page, based upon the cost of duplicating services, which varies due to volume;[8]

    b.    <u>Outside Duplicating</u> - Outside duplicating by third parties is charged at the actual cost billed to Dechert;

    c.    <u>Computer Research Charges</u> - Westlaw and Lexis legal research is charged according to an equation based on the flat fee charged to Dechert (approximately 50% of the estimated cost for hourly rate for Lexis; approximately 70% of the estimated cost for hourly rate for Westlaw);

---

[8]    In accordance with the Local Guidelines, Dechert has voluntarily reduced its charges for internal duplicating from $0.15 per page to $0.10 per page.

d.   Local Car Service and Parking - Dechert allows attorneys, legal assistants, and secretaries to charge a car service to the appropriate client, which is limited to $100.00 and must be ordered after 8:00 p.m.;

e.   Delivery Services - Dechert's practice is to charge postal, overnight delivery, and courier services at actual cost;

f.   Meals - Meals charged to the Debtors were either associated with (i) out-of-town travel and limited to $40.00 per person; or (ii) attorneys working at least two hours beyond their normal workday on matters concerning the Chapter 11 Cases and are limited to $20.00 per person; and

g.   Document Charges - Dechert's practice is to charge certified document charges, docket fees, filing fees, and subpoena fees at actual cost.

## AUTHORITY FOR ALLOWANCE OF COMPENSATION

51.   Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, examiner, ombudsman, or professional employed pursuant to 11 U.S.C. § 327 reasonable compensation for services and reimbursement of expenses. Specifically, section 330 of the Bankruptcy Code provides that:

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to ... a professional person employed under section 327 or 1103—

(A)   reasonable compensation for actual, necessary services rendered by ... professional person, or attorney and by any paraprofessional person employed by any such person; and

(B)   reimbursement for actual necessary expenses ....

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A)   the time spent on such services;

(B)   the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

52.    As noted in In re Guyana Dev. Corp., 201 B.R. 462 (Bankr. S.D. Tex. 1996), Bankruptcy Code section 330(a)(3) is a codification of the factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), which provided guidelines for evaluating fee applications. See Johnson, 488 F.2d at 717 (evaluating fee applications based on (a) time and labor required; (b) novelty and difficulty of questions presented; (c) skill required to perform legal services properly; (d) preclusion of other employment due to acceptance of case; and (e) the customary fee paid for such services in the same legal market).

53.    As set forth below, under the standards set forth in Bankruptcy Code section 330(a) and related case law, Dechert's representation of the Debtors warrants payment of its fees and reimbursement of its expenses.

a.    Time and labor required: As stated above, Dechert has expended 13,164.49 hours in its representation of the Debtors during the Final Fee Period, with a blended average billable rate of $648.20 per hour. All of the time spent by Dechert in the Chapter 11 Cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties in interest. Dechert submits that it has represented the Debtors in an efficient, timely, and cost-effective manner.

26

b.  <u>Novelty and difficulty of questions presented</u>:  The issues that Dechert attended to in connection with the Chapter 11 Cases were novel, complex, and difficult, requiring thorough attention and substantial firm resources.

c.  <u>Skill required to properly perform legal services</u>:  The experience, knowledge, and expertise of the various Dechert professionals and paraprofessionals representing the Debtors in the Chapter 11 Cases facilitated and expedited the results achieved.  Providing real estate transaction and litigation advice to large debtors is a specialized practice that requires attorneys, such as the Dechert attorneys involved in the Chapter 11 Cases, with substantial expertise in various areas of the law.

d.  <u>Preclusion of other employment</u>:  As a result of the time and effort that Dechert expended representing the Debtors in the Chapter 11 Cases, Dechert was not able to provide comparable services to other current or potential clients.

e.  <u>Customary fee paid for such legal services</u>:  The hourly billing rates that Dechert charged for the services performed in the Chapter 11 Cases are the rates that Dechert regularly charges in similar matters and representations.  Dechert submits that the rates charged in the Chapter 11 Cases are comparable to the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

f.  <u>Experience, reputation, and ability of attorney</u>:  Dechert believes that its professionals who performed services for the Debtors have an excellent reputation for their skill, quality, integrity, and ability in bankruptcy and other matters.  Dechert's professionals have significant experience in matters of this nature and regularly represent companies similar to the Debtors in various matters in and out of bankruptcy.

g.  <u>Allowance in similar cases</u>:  Dechert asserts that the fees and expenses for which it seeks compensation and reimbursement are not excessive and are commensurate with the compensation sought.  Such fees and expenses have been allowed in similar cases where Dechert and peer law firms rendered similar services and obtained similar results.

## **NO PRIOR REQUEST**

54.  No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

55.     Notice of this Application will be served prior to July 5, 2012 in accordance with
the procedures set forth in that certain *Second Amended Order Pursuant to Section 105(a) of the
Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and
Case Management Procedures*, dated July 17, 2010 [ECF No. 9635] on (a) the U.S. Trustee,
(b) the attorneys for the Creditor's Committee, (c) the Securities and Exchange Commission,
(d) the Internal Revenue Service, (e) the United States Attorney for the Southern District of New
York, and (f) all parties who have requested notice in the Chapter 11 Cases.  Notice will also be
given to each of the retained professionals in the Chapter 11 Cases.  Dechert submits that no
other or further notice need be provided.

## CONCLUSION

WHEREFORE, Dechert respectfully requests that this Court enter an order (a) authorizing final allowance of compensation for professional services rendered as special counsel for the Debtors during the Final Fee Period in the amount of $8,393,840.78; (b) authorizing the reimbursement of actual and necessary expenses incurred and recorded by Dechert during the Final Fee Period in the amount of $154,179.94; (c) authorizing and directing the Debtors to pay to Dechert the unpaid balance of all approved fees and expenses; (d) providing that the allowance of such final compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Dechert's right to seek additional compensation for services performed and reimbursement of expenses incurred during the Final Fee Period which were not processed at the time of this Application; and (e) granting Dechert such other and further relief as it deems just and proper.

Dated: July 3, 2012
     New York, New York

DECHERT LLP

/s/ Katherine A. Burroughs
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone:   (860) 524-3999
Facsimile:   (860) 524-3930
Email: katherine.burroughs@dechert.com

and

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone:   (212) 698-3500
Facsimile:   (212) 698-3599
Email:      brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

## EXHIBIT A

### Special Counsel Order

17300559

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
:
**In re**                                              :          **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,           :          **08-13555 (JMP)**
:
                              **Debtors.**              :          **(Jointly Administered)**
:
----------------------------------------------------------------x

## ORDER PURSUANT TO SECTION 327(e)
## OF THE BANKRUPTCY CODE AUTHORIZING THE
## EMPLOYMENT AND RETENTION OF DECHERT LLP, AS SPECIAL
## COUNSEL TO THE DEBTORS, *NUNC PRO TUNC* TO MARCH 1, 2010

Upon consideration of the application, dated June 1, 2010 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

section 327(e) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule

2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-

1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), to

employ and retain Dechert LLP ("Dechert") as special counsel to the Debtors, effective *nunc pro*

*tunc* to March 1, 2010, all as more fully described in the Application; and upon the Declaration

of Katherine A. Burroughs (the "Burroughs Declaration"), filed in support of the Application;

and the Court being satisfied, based on the representations made in the Application and the

Burroughs Declaration, that Dechert represents no interest adverse to the Debtors or the Debtors'

estates with respect to the matters upon which it is to be engaged, under section 327 of the

Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider

---

[1]    Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the amended order entered February 13, 2009

governing case management and administrative procedures [Docket No. 2837] to (i) the United

States Trustee for the Southern District of New York; (ii) the attorneys for the Official

Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission; (iv) the

Internal Revenue Service; (v) the United States Attorney for the Southern District of New York;

and (vi) Dechert, and it appearing that no other or further notice need be provided; and no

objections to the Application having been filed; and the Unites States Trustee having filed a

Statement of No Objection on June 4, 2010 (Docket No. 9406); and the Court having found and

determined that the relief sought in the Application is in the best interests of the Debtors, their

estates and creditors, and all parties in interest and that the legal and factual bases set forth in the

Application establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Dechert as special counsel to the Debtors, effective

*nun pro tunc* to March 1, 2010 on the terms set forth in the Application and this order for the

Additional Representative Matters identified in the Application and in accordance with Dechert's customary rates in effect from time to time and its disbursement policies; and it is further

ORDERED that Dechert shall, solely with respect to fees and expenses paid to Dechert by the Debtors (as opposed to non-debtor entities) in excess of $1 million, apply for compensation and reimbursement of expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court, guidelines established by the U.S. Trustee, and such other procedures that have been or may be fixed by order of this Court, including but not limited to the Court's Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] and the Court's Order Appointing a Fee Committee and Approving a Fee Protocol [Docket No. 3651].

Dated: New York, New York
          June 22, 2010

                                        *s/ James M. Peck*
                                        HONORABLE JAMES M. PECK
                                        UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Interim Compensation Order**

17300559

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------

| | | |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

---------------------------------------------------------

### FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon the notice of presentment of the proposed Fourth Amended Order; and the Court having jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

     ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

     ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation Procedures**"):

(a)    On or before the forty-fifth (45th) day following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional or a professional retained by the Examiner appointed in these Chapter 11 cases, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin, Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may be amended from time to time, the "**Fee Protocol**") c/o Godfrey & Kahn, S.C., One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "**Notice Parties**"). In addition to being served with a paper copy, the Office of the United States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers Holdings, Inc. shall also be served with a disc containing an electronic version of the Monthly Statement.

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Fourth Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

3

(d)   Each Notice Party shall have at least thirty (30) days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or expense reimbursement sought in a particular statement, such Notice Party shall, no later than the thirty-first (31st) day following receipt of the Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)   At the expiration of the Monthly Statement Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)   If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)   If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn or modified and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)   All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)   The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code, including any final application.

(j)   Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "**Interim**

Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)     The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)     Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)     Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)     Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "**OCP Order**")) or a professional retained by the Examiner seeks more than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

6

date from the Court for the hearing of the fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
      April 14, 2011

                               _s/ James M. Peck_
                               Honorable James M. Peck
                               United States Bankruptcy Judge

# **EXHIBIT C**

**Certification**

17300559

DECHERT LLP
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone:    (860) 524-3999
Facsimile:    (860) 524-3930
Email:    katherine.burroughs@dechert.com

and

Brian E. Greer
1095 Avenue of the Americas
New York, New York 10036
Telephone:    (212) 698-3500
Facsimile:    (212) 698-3599
Email:    brian.greer@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**CERTIFICATION OF KATHERINE A. BURROUGHS PURSUANT TO
GENERAL ORDER M-389 REGARDING THE FINAL APPLICATION OF
DECHERT LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR FINAL
ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES
RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
INCURRED FROM MARCH 1, 2010 THROUGH AND INCLUDING MARCH 6, 2012**

I, Katherine A. Burroughs, certify as follows:

1.    I am a partner with the applicant law firm Dechert LLP ("Dechert"), with

responsibility to provide legal services as special counsel to Lehman Brothers Holdings, Inc.

17300559

("LBHI") and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases, in respect of, among other things, compliance with (a) the *Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases*, established and adopted by this Court on November 25, 2009 pursuant to General Order M-389 (the "Local Guidelines"), (b) the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330*, adopted on January 30, 1996, (c) the Interim Compensation Order, and (d) the Amended Fee Protocol (collectively, the "Guidelines")

2.    With respect to Section A.1 of the Local Guidelines, I certify that:

a.    I have read the *Final Application of Dechert LLP, as Special Counsel for the Debtors, for Final Allowance of Compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred from March 1, 2010 Through and Including March 6, 2012* (the "Application");[1]

b.    To the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and expenses sought in the Application substantially comply with the Guidelines, except as specifically noted in the Application (if any);

c.    Except to the extent that fees or expenses are prohibited by the Guidelines, the fees and expenses sought in the Application are billed at rates and in accordance with practices customarily employed by Dechert and generally accepted by Dechert's clients; and

d.    In providing its reimbursable services, Dechert did not make a profit on such services, whether the service was performed by Dechert in-house or through a third party.

---

[1]    Capitalized terms used but not otherwise defined in this certification shall have the meanings ascribed to such terms in the Application.

C-2

3.      With respect to Section A.2 of the Local Guidelines, I certify that, in accordance

with the terms of the Interim Compensation Order, the Debtors, the U.S. Trustee, the Creditors'

Committee, and the Fee Committee have all been provided with a statement of the fees and

expenses accrued during each month subject to the Application that contains a list of

professionals and paraprofessionals providing services, their respective billing rates, the

aggregate hours spent by each professional and paraprofessional, a general description of the

services rendered, a reasonably detailed breakdown of the expenses incurred, and an explanation

of billing practices.


*[Remainder of Page Intentionally Left Blank]*

C-3

4.    With respect to Section A.3 of the Local Guidelines, I certify that the Debtors, the

U.S. Trustee, the Creditors' Committee, and the Fee Committee are each being provided with a

copy of the Application.

Dated: July 3, 2012
       New York, New York

DECHERT LLP

/s/ Katherine A. Burroughs
Katherine A. Burroughs
90 State House Square
Hartford, Connecticut 06103
Telephone:    (860) 524-3999
Facsimile:    (860) 524-3930
Email:    katherine.burroughs@dechert.com

*Special Counsel for*
*Lehman Brothers Holdings, Inc., et al.*
*Debtors in Possession*

C-4

## EXHIBIT D

### Summary of Professional Compensation Sought (By Timekeeper)

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
| | | | 13.30 | 885.00 | $11,770.50 |
| | | | 3.00 | 855.00 | $2,565.00 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| | | | 88.20 | 775.00 | $68,355.00 |
| | | | 13.10 | 387.50 | $5,076.25 |
| Alan D. Berkowitz | Partner | 1980 | 2.60 | 695.00 | $1,807.00 |
| Brian E. Greer | Partner | 1998 | 7.90 | 760.00 | $6,004.00 |
| | | | 62.20 | 740.00 | $46,028.00 |
| | | | 20.00 | 715.00 | $14,300.00 |
| Bruce D. Hickey | Partner | 1988 | 56.95 | 825.00 | $46,983.75 |
| Daniel M. Dunn | Partner | 1992 | 2.20 | 1,030.00 | $2,266.00 |
| David M. Linder | Partner | 1995 | 0.10 | 795.00 | $79.50 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
| | | | 520.20 | 995.00 | $517,599.00 |
| | | | 271.00 | 970.00 | $262,870.00 |
| | | | 8.10 | 935.00 | $7,573.50 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Frederick J. Gerhart | Partner | 1971 | 0.50 | 935.00 | $467.50 |
| Gary L. Green | Partner | 1978 | 1.40 | 820.00 | $1,148.00 |
| | | | 0.70 | 790.00 | $553.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| | | | 2.10 | 820.00 | $1,722.00 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
| | | | 68.00 | 740.00 | $50,320.00 |
| | | | 43.00 | 715.00 | $30,745.00 |

17300559

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jay Zagoren | Partner | 1988 | 27.60 | 915.00 | $25,254.00 |
|  |  |  | 144.70 | 885.00 | $128,059.50 |
|  |  |  | 154.80 | 855.00 | $132,354.00 |
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
|  |  |  | 653.70 | 935.00 | $611,210.50 |
|  |  |  | 462.40 | 905.00 | $418,472.00 |
|  |  |  | 7.00 | 467.50 | $3,272.50 |
| Katherine A. Burroughs | Partner | 1988 | 86.30 | 915.00 | $78,964.50 |
|  |  |  | 427.30 | 885.00 | $378,160.50 |
|  |  |  | 286.20 | 855.00 | $244,701.00 |
|  |  |  | 2.40 | 825.00 | $1,980.00 |
|  |  |  | 12.40 | 790.00 | $9,796.00 |
|  |  |  | 10.70 | 442.50 | $4,734.75 |
| Kathleen N. Massey | Partner | 1988 | 149.50 | 885.00 | $132,307.50 |
| Lee D. Caney | Partner | 1993 | 18.10 | 680.00 | $12,308.00 |
| Lewis A. Burleigh | Partner | 1965 | 11.60 | 995.00 | $11,542.00 |
| Louis M. Solomon | Partner | 1988 | 38.40 | 855.00 | $32,832.00 |
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
|  |  |  | 189.50 | 1,030.00 | $195,185.00 |
|  |  |  | 6.40 | 995.00 | $6,368.00 |
| Michael J. Gilbert | Partner | 1994 | 12.50 | 750.00 | $9,375.00 |
| Michael J. Rufkahr | Partner | 1979 | 11.80 | 1,030.00 | $12,154.00 |
|  |  |  | 4.80 | 995.00 | $4,776.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
|  |  |  | 11.20 | 985.00 | $11,032.00 |
| Neil A. Steiner | Partner | 1997 | 0.70 | 820.00 | $574.00 |
| Paul Kavanagh | Partner | 1989 | 0.60 | 865.00 | $519.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |

D-2

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
| | | | 352.70 | 995.00 | $350,936.50 |
| | | | 146.50 | 895.00 | $131,117.50 |
| | | | 1.50 | 875.00 | $1,312.50 |
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| | | | 11.80 | 420.00 | $4,956.00 |
| | | | 74.40 | 375.00 | $27,900.00 |
| Andrew L. Buck | Associate | 1996 | 0.90 | 565.00 | $508.50 |
| | | | 55.60 | 545.00 | $30,302.00 |
| | | | 19.60 | 525.00 | $10,290.00 |
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Bene I. Ness | Associate | 2009 | 50.70 | 420.00 | $21,294.00 |
| Bret M. Harper | Associate | 2008 | 8.90 | 400.00 | $3,560.00 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| | | | 4.10 | 420.00 | $1,722.00 |
| | | | 38.50 | 375.00 | $14,437.50 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| | | | 17.00 | 610.00 | $10,370.00 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| | | | 220.80 | 490.00 | $108,192.00 |
| | | | 53.80 | 475.00 | $25,555.00 |
| | | | 1.90 | 440.00 | $836.00 |
| | | | 0.50 | 245.00 | $122.50 |
| David C. Schwartzman | Associate | 2005 | 16.30 | 581.75 | $9,482.50 |

D-3

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| | | | 186.10 | 595.00 | $110,729.50 |
| | | | 193.60 | 565.00 | $109,384.00 |
| | | | 123.50 | 545.00 | $67,307.50 |
| | | | 27.50 | 495.00 | $13,612.50 |
| | | | 16.00 | 282.50 | $4,520.00 |
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| | | | 668.60 | 650.00 | $434,590.00 |
| | | | 235.80 | 610.00 | $143,838.00 |
| | | | 10.20 | 590.00 | $6,018.00 |
| Eric J. Kotloff | Associate | 2011 | 13.20 | 375.00 | $4,950.00 |
| Erika Becker | Associate | 2007 | 84.70 | 510.00 | $43,197.00 |
| | | | 0.20 | 490.00 | $98.00 |
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| | | | 22.40 | 630.00 | $14,112.00 |
| Frederick S. McQueen | Associate | 2002 | 9.30 | 630.00 | $5,859.00 |
| | | | 52.90 | 610.00 | $32,269.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| | | | 5.85 | 420.00 | $2,457.00 |
| | | | 6.80 | 375.00 | $2,550.00 |
| Izabela E. Boltryk | Associate | 1999 | 15.90 | 625.00 | $9,937.50 |
| | | | 207.60 | 610.00 | $126,636.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| | | | 2.80 | 565.00 | $1,582.00 |
| | | | 0.60 | 510.00 | $306.00 |
| James I. Downes | Associate | 2001 | 2.10 | 525.00 | $1,102.50 |
| Jason G. Kurth | Associate | 2007 | 11.60 | 510.00 | $5,916.00 |
| Jeremy P. Syz | Associate | 2008 | 35.88 | 395.00 | $14,172.60 |

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jessica A. Seger | Associate | 2005 | 13.35 | 495.00 | $6,608.25 |
| Jessica S. Bula | Associate | 2006 | 93.60 | 625.00 | $58,500.00 |
| | | | 115.60 | 595.00 | $68,782.00 |
| | | | 31.40 | 565.00 | $17,741.00 |
| | | | 43.60 | 545.00 | $23,762.00 |
| | | | 37.30 | 495.00 | $18,463.50 |
| John Schwartz | Associate | 2005 | 30.20 | 565.00 | $17,063.00 |
| | | | 46.30 | 510.00 | $23,613.00 |
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| | | | 112.50 | 650.00 | $73,125.00 |
| | | | 2.50 | 630.00 | $1,575.00 |
| | | | 2.50 | 610.00 | $1,525.00 |
| | | | 12.40 | 580.00 | $7,192.00 |
| | | | 2.80 | 525.00 | $1,470.00 |
| | | | 12.00 | 325.00 | $3,900.00 |
| Joseph M. Schuster | Associate | 2006 | 0.60 | 475.00 | $285.00 |
| Joshua I. Sherman | Associate | 2004 | 1.20 | 545.00 | $654.00 |
| Joshua Y. Milgrim | Associate | 2003 | 2.20 | 610.00 | $1,342.00 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| | | | 141.60 | 565.00 | $80,004.00 |
| | | | 73.40 | 510.00 | $37,434.00 |
| | | | 7.30 | 495.00 | $3,613.50 |
| | | | 61.40 | 455.00 | $27,937.00 |
| Katherine K. Rankin | Associate | 2008 | 13.20 | 490.00 | $6,468.00 |
| | | | 130.30 | 455.00 | $59,286.50 |
| | | | 170.90 | 440.00 | $75,196.00 |
| | | | 112.00 | 405.00 | $45,360.00 |

D-5

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Kathleen M. Mylod | Associate | 2001 | 255.30 | 595.00 | $151,903.50 |
| | | | 52.90 | 580.00 | $30,682.00 |
| | | | 2.30 | 525.00 | $1,207.50 |
| | | | 14.10 | 470.00 | $6,627.00 |
| Katrina V. Pape | Associate | 2009 | 6.30 | 420.00 | $2,646.00 |
| | | | 28.30 | 375.00 | $10,612.50 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| Kenneth D. Hackman | Associate | 2008 | 23.16 | 395.00 | $9,148.20 |
| Kristin L. Wainright | Associate | 2008 | 9.00 | 440.00 | $3,960.00 |
| | | | 120.75 | 395.00 | $47,696.25 |
| | | | 1.00 | 390.00 | $390.00 |
| | | | 9.70 | 340.00 | $3,298.00 |
| Kristina A. Moon | Associate | 2009 | 20.33 | 375.00 | $7,623.75 |
| Krystyna M. Blakeslee | Associate | 2009 | 60.70 | 480.00 | $29,136.00 |
| | | | 173.20 | 455.00 | $78,806.00 |
| | | | 66.00 | 420.00 | $27,720.00 |
| | | | 21.20 | 365.00 | $7,738.00 |
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |
| Mark J. Deal | Associate | 2010 | 21.00 | 420.00 | $8,820.00 |
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| | | | 332.90 | 630.00 | $209,727.00 |
| | | | 98.80 | 595.00 | $58,786.00 |
| | | | 88.60 | 580.00 | $51,388.00 |
| Matthew D. Root | Associate | 2000 | 6.00 | 610.00 | $3,660.00 |
| Matthew H. Fischer | Associate | 2011 | 11.30 | 375.00 | $4,237.50 |

D-6

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|------------------------------|-----------|------|-------------|
| Melissa E. Brody | Associate | 2009 | 54.40 | 480.00 | $26,112.00 |
| | | | 190.10 | 455.00 | $86,495.50 |
| | | | 128.90 | 420.00 | $54,138.00 |
| | | | 156.60 | 365.00 | $57,159.00 |
| Meredith M. Bloch | Associate | 2010 | 28.10 | 365.00 | $10,256.50 |
| Michael J. Sullivan | Associate | 2010 | 20.90 | 365.00 | $7,628.50 |
| Nathan Smith | Associate | 2006 | 5.60 | 520.00 | $2,912.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| | | | 51.80 | 510.00 | $26,418.00 |
| | | | 40.30 | 490.00 | $19,747.00 |
| Robert F. Alleman | Associate | 2010 | 4.80 | 420.00 | $2,016.00 |
| | | | 55.40 | 375.00 | $20,775.00 |
| Sara Corris | Associate | 2010 | 259.00 | 420.00 | $108,780.00 |
| | | | 224.90 | 375.00 | $84,337.50 |
| Sarah A. Hall | Associate | 2009 | 2.20 | 405.00 | $891.00 |
| Sarah E. Mendola | Associate | 2007 | 0.20 | 510.00 | $102.00 |
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |
| | | | 0.30 | 630.00 | $189.00 |
| Victoria S. Cudd | Associate | 2011 | 1.60 | 375.00 | $600.00 |
| Wayne I. Pollock | Associate | 2009 | 260.00 | 455.00 | $118,300.00 |
| | | | 0.10 | 420.00 | $42.00 |
| | | | 17.90 | 227.50 | $4,072.25 |
| Yelena Shreyberg | Associate | 2009 | 0.50 | 420.00 | $210.00 |
| | | | 28.90 | 365.00 | $10,548.50 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| James I. Downes | Counsel | 2001 | 6.10 | 545.00 | $3,324.50 |
| James J. Johnston | Counsel | 1997 | 57.70 | 660.00 | $38,082.00 |
| | | | 7.70 | 640.00 | $4,928.00 |

D-7

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |
| Steven A. Rivers | Counsel | 1995 | 7.50 | 775.00 | $5,812.50 |
| | | | 4.50 | 750.00 | $3,375.00 |
| Steven B. Smith | Counsel | 1999 | 120.30 | 685.00 | $82,405.50 |
| | | | 1.50 | 342.50 | $513.75 |
| Gretchen A. Corey | Law Clerk | N/A | 5.37 | 365.00 | $1,960.05 |
| Margaret Budnik | Law Clerk | N/A | 19.10 | 240.00 | $4,584.00 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| | | | 36.60 | 185.00 | $6,771.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| | | | 26.50 | 245.00 | $6,492.50 |
| | | | 40.70 | 235.00 | $9,564.50 |
| Barbara Bedick | Legal Assistant | N/A | 2.10 | 260.00 | $546.00 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| | | | 35.90 | 245.00 | $8,795.50 |
| | | | 12.70 | 235.00 | $2,984.50 |
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
| | | | 124.10 | 260.00 | $32,266.00 |
| | | | 141.50 | 250.00 | $35,375.00 |
| Bernard M. Mc Cue | Legal Assistant | N/A | 2.70 | 185.00 | $499.50 |
| Catherine J. Jenssen | Legal Assistant | N/A | 27.60 | 215.00 | $5,934.00 |
| | | | 35.20 | 210.00 | $7,392.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Gary N. Sitzman | Legal Assistant | N/A | 0.80 | 295.00 | $236.00 |
| | | | 8.50 | 285.00 | $2,422.50 |
| Janet Groome | Legal Assistant | N/A | 9.80 | 195.00 | $1,911.00 |

D-8

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jefferson Holder | Legal Assistant | N/A | 63.18 | 40.00 | $2,527.20 |
| Julio C. Pereira | Legal Assistant | N/A | 4.40 | 245.00 | $1,078.00 |
| | | | 22.50 | 235.00 | $5,287.50 |
| | | | 6.50 | 225.00 | $1,462.50 |
| Krishnakant Patel | Legal Assistant | N/A | 1.50 | 250.00 | $375.00 |
| LuAnn D. Avery | Legal Assistant | N/A | 3.20 | 215.00 | $688.00 |
| | | | 1.50 | 210.00 | $315.00 |
| Luis A. Lopez | Legal Assistant | N/A | 1.50 | 300.00 | $450.00 |
| | | | 8.00 | 250.00 | $2,000.00 |
| Lynn K. Jennings | Legal Assistant | N/A | 1.30 | 255.00 | $331.50 |
| Michael G. Viguie | Legal Assistant | N/A | 2.90 | 255.00 | $739.50 |
| Michelle S. Moezzi | Legal Assistant | N/A | 0.20 | 205.00 | $41.00 |
| Nancy Hildreth | Legal Assistant | N/A | 13.10 | 255.00 | $3,340.50 |
| Rebecca Rossi | Legal Assistant | N/A | 0.40 | 130.00 | $52.00 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| | | | 27.40 | 245.00 | $6,713.00 |
| | | | 2.30 | 235.00 | $540.50 |
| Brian K. Deaver | Librarian | N/A | 0.40 | 155.00 | $62.00 |
| Carol A. Jarema | Librarian | N/A | 0.30 | 155.00 | $46.50 |
| Cynthia A. Goldman | Librarian | N/A | 3.55 | 155.00 | $550.25 |
| | | | 0.50 | 150.00 | $75.00 |
| Elaine M. Walker | Librarian | N/A | 2.00 | 155.00 | $310.00 |
| **SUBTOTAL** | | | **13,164.49** | | **$8,533,224.60** |
| **REDUCTION ADJUSTMENTS**[1] | | | | | **($7,722.90)** |
| **FINAL TOTAL**[2] | | | | | **$8,525,501.70** |

---

[1]    The reduction adjustments are the result of (a) a voluntary reduction for non-working travel in the amount of $150.90 identified in the First Fee Application, (b) a voluntary reduction for non-working travel in the amount of $538.00 identified in the Second Fee Application, and (c) a voluntary reduction for non-working travel in the amount of $7,034.00 identified in the Third Fee Application, for a total reduction adjustment of $7,722.90.

D-9

## Summary of Professionals and Paraprofessionals

|  | Blended Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|
| ATTORNEYS AND LAW CLERKS | $673.09 | 12,435.86 | $8,370,411.65 |
| PARAPROFESSIONALS | $223.45 | 728.63 | $162,812.95 |
| TOTALS | $648.20 | 13,164.49 | $8,533,224.60 |

---

[2] Although the aggregate amount of fees for services that Dechert professionals and paraprofessionals rendered during the Final Fee Period totals $8,525,501.70, as result of negotiations with the Fee Committee and certain voluntary reductions, by the Application, Dechert seeks compensation for fees for services rendered during the Final Fee Period in the total amount of $8,393,840.78.

D-10

## EXHIBIT E

### Summary of Expense Reimbursements Sought

| Disbursement | Amount |
| --- | --- |
| Advertising | $5,511.00 |
| Air Fare | $15,308.54 |
| Binding | $297.77 |
| Certificate of Good Standing Fee | $624.16 |
| Certificates | $233.00 |
| Certified Document Charges | $6,509.25 |
| Computerized Research Services | $25.00 |
| Consultants Fees | $1,050.00 |
| Courier Services | $635.32 |
| Court Costs | $150.00 |
| Court Reporter Fees | $702.75 |
| Courtlink Search | $54.49 |
| Deposition | $376.00 |
| Docket Fees | $544.88 |
| Document Filing Charges | $65.45 |
| Document Storage/Retrieval | $656.80 |
| Duplication Charges | $7,866.31 |
| Facsimile | $29.99 |
| Federal Express Charges | $10,424.12 |
| Filing Fees and Related | $20,905.20 |
| Food Service/Catering - NY | $364.46 |
| Hotel | $5,825.23 |
| Legal Publication Expense | $19.50 |
| Lexis/Legal Research | $1,274.06 |
| Litigation Expenses | $7,363.25 |
| Local Mileage Charges | $88.31 |
| Local Parking Charges | $631.25 |
| Local Taxi Charges | $289.92 |
| Meals - Personal | $796.21 |
| Meals- Business Conferences | $3,243.52 |

17300559

| Disbursement | Amount |
|---|---|
| Messenger Services | $180.05 |
| Miscellaneous Expenses | $4,103.77 |
| Outside Copying | $2,945.78 |
| Overtime Dinner Expense | $1,559.54 |
| Overtime Travel Expenses | $84.28 |
| Periodicals | $5.00 |
| Postage | $313.85 |
| Research Fees | $37.10 |
| Search Fees | $26,318.30 |
| Staff Overtime Charges - Secretary | $475.20 |
| Subpoena | $1,690.33 |
| Subway | $127.75 |
| Taxi Fare | $2,652.65 |
| Telephone | $20.72 |
| Tips | $92.00 |
| Toll Charges | $12.50 |
| Train Fare | $1,390.25 |
| Transcripts | $4,850.85 |
| UCC Filing Fees | $2,249.00 |
| Video and Electronic Expenses | $736.00 |
| Westlaw Search Fees | $13,571.30 |
|  |  |
| **TOTAL** | **$155,281.96**[1] |

---

[1] Although Dechert incurred actual and necessary expenses in the aggregate amount of $155,281.96 during the Final Fee Period, as a result of negotiations with the Fee Committee and certain voluntary reductions, by the Application, Dechert only seeks reimbursement for actual and necessary expenses incurred in the total amount of $154,179.94.

E-2

## EXHIBIT F

### Summary of Professional Compensation Sought by Matter[1]

| MATTER # | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 102197 | 1107 Broadway - Toy Building | 1,369.41 | $854,488.70 |
| 102198 | 325 West Broadway (Tootsie Roll Building) | 855.40 | $482,386.50 |
| 102720 | 321-329 Riverside | 5.40 | $2,692.50 |
| 102878 | 237 Park Mezz Debt Restructure | 1,565.90 | $1,295,839.50 |
| 102927 | BIII Workout | 817.27 | $617,960.65 |
| 103274 | T-Rex, St. John | 40.30 | $22,919.50 |
| 103740 | La Posada | 0.60 | $513.00 |
| 104595 | Fee Application | 466.90 | $206,190.50 |
| 104944 | 37th Street | 17.50 | $11,766.50 |
| 107269 | Setai | 595.05 | $404,368.50 |
| 107532 | 100 Wall | 9.90 | $8,701.50 |
| 107816 | On the Avenue | 95.10 | $60,642.00 |
| 107968 | Nashville | 169.50 | $99,456.50 |
| 108343 | 327(e) Retention Issues | 279.40 | $150,848.50 |
| 108387 | Ballpark | 1,104.07 | $656,429.15 |
| 108403 | Monument/Ballpark Equity | 1,053.97 | $660,093.05 |
| 108442 | Bethany | 1,701.05 | $1,056,219.75 |
| 108454 | Greensboro (BIII Portfolio Property) | 42.40 | $31,609.00 |
| 108455 | 100 Wall (BIII Portfolio Property) | 87.05 | $71,891.75 |
| 108456 | One Sansome (BIII Portfolio Property) | 34.30 | $26,952.50 |
| 109115 | Innkeepers Bankruptcy | 92.25 | $53,401.50 |
| 109925 | One Fair Oaks (BIII Portfolio Company) | 15.90 | $13,332.00 |
| 109963 | 1000 Wilshire (BIII Portfolio Property) | 109.10 | $89,229.50 |

---

[1]   The hours and amounts related to the matters provided in this Exhibit F include time billed for non-working travel. As illustrated, however, in Exhibit G to the Application, Dechert has accounted for all non-working travel billed to the matters identified in this Exhibit F and, in accordance with Dechert policy, billed such time at half the applicable billing rate.

17300559

| MATTER # | DESCRIPTION | HOURS | AMOUNT |
|---|---|---|---|
| 110032 | 116 Huntingdon (BIII Portfolio Property) | 9.20 | $8,106.50 |
| 110503 | Austin Center | 307.60 | $189,078.00 |
| 110687 | SASCO | 86.20 | $63,569.00 |
| 114282 | Pro Logis Portfolio | 97.70 | $58,546.50 |
| 115015 | First State Investors | 24.70 | $5,990.50 |
| 116101 | MIP | 17.10 | $17,014.50 |
| 116587 | Wyndham Portfolio | 93.55 | $81,498.75 |
| 116665 | Lehman - JPMorgan Litigation | 760.80 | $420,822.00 |
| 117022 | Mezz Loan Foreclosure (Wachovia Place) | 94.80 | $71,227.00 |
| 117023 | Mezz Loan Foreclosure (Liberty Square) | 241.00 | $162,524.50 |
| 117095 | 350 Broadway Property | 280.72 | $180,626.80 |
| 118174 | Tax Inquiry | 27.00 | $26,820.50 |
| 118310 | Riverside | 17.10 | $13,882.50 |
| 365711 | Real Estate Financing Matters | 5.00 | $3,338.00 |
| 386500 | Innkeepers | 574.30 | $352,247.00 |
|  | **SUBTOTAL** | **13,164.49** | **$8,533,224.60** |
|  | **REDUCTION ADJUSTMENTS** |  | **($7,722.90)** |
|  | **TOTAL** |  | **$8,525,501.70**[2] |

---

[2]   Although the aggregate amount of fees for services that Dechert professionals and paraprofessionals rendered during the Final Fee Period totals $8,525,501.70, as result of negotiations with the Fee Committee and certain voluntary reductions, by the Application, Dechert seeks compensation for fees for services rendered during the Final Fee Period in the total amount of $8,393,840.78.

## EXHIBIT G

### Summary of Professional Compensation Sought For Each Project Category

**(a)     Loans and Investments**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|-------------------------------|------------|------|-------------|
| Abbi L. Cohen | Partner | 1983 | 0.40 | 910.00 | $364.00 |
|  |  |  | 13.30 | 885.00 | $11,770.50 |
| Alan D. Berkowitz | Partner | 1980 | 2.60 | 695.00 | $1,807.00 |
| Brian E. Greer | Partner | 1998 | 2.10 | 760.00 | $1,596.00 |
|  |  |  | 9.00 | 740.00 | $6,660.00 |
| Bruce D. Hickey | Partner | 1988 | 56.95 | 825.00 | $46,983.75 |
| David M. Linder | Partner | 1995 | 0.10 | 795.00 | $79.50 |
| David W. Forti | Partner | 1995 | 31.20 | 1,030.00 | $32,136.00 |
|  |  |  | 410.70 | 995.00 | $408,646.50 |
|  |  |  | 262.20 | 970.00 | $254,334.00 |
|  |  |  | 8.10 | 935.00 | $7,573.50 |
| Edward P. Lemanowicz | Partner | 1994 | 0.50 | 935.00 | $467.50 |
| Gary L. Green | Partner | 1978 | 1.40 | 820.00 | $1,148.00 |
|  |  |  | 0.40 | 790.00 | $316.00 |
| Jason S. Rozes | Partner | 1998 | 87.60 | 825.00 | $72,270.00 |
|  |  |  | 55.50 | 740.00 | $41,070.00 |
|  |  |  | 43.00 | 715.00 | $30,745.00 |
| Jay Zagoren | Partner | 1979 | 27.60 | 915.00 | $25,254.00 |
|  |  |  | 122.50 | 885.00 | $108,412.50 |
|  |  |  | 154.80 | 855.00 | $132,354.00 |
| Joseph F. Donley | Partner | 1977 | 131.00 | 935.00 | $122,485.00 |
|  |  |  | 8.70 | 905.00 | $7,873.50 |
|  |  |  | 9.30 | 905.00 | $8,416.50 |

17300559

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Katherine A. Burroughs | Partner | 1988 | 0.30 | 915.00 | $274.50 |
|  |  |  | 124.60 | 885.00 | $110,271.00 |
|  |  |  | 0.80 | 855.00 | $684.00 |
| Michael Hirschfeld | Partner | 1975 | 45.00 | 1,060.00 | $47,700.00 |
|  |  |  | 164.30 | 1,030.00 | $169,229.00 |
|  |  |  | 6.40 | 995.00 | $6,368.00 |
| Michael J. Rufkahr | Partner | 1979 | 11.80 | 1,030.00 | $12,154.00 |
|  |  |  | 4.80 | 995.00 | $4,776.00 |
| Michael J. Sage | Partner | 1988 | 10.50 | 1,015.00 | $10,657.50 |
|  |  |  | 2.40 | 985.00 | $2,364.00 |
| Robert J. Jossen | Partner | 1972 | 0.30 | 1,060.00 | $318.00 |
| Shmuel Vasser | Partner | 1989 | 0.30 | 880.00 | $264.00 |
| Timothy A. Stafford | Partner | 1983 | 69.60 | 1,030.00 | $71,688.00 |
|  |  |  | 348.60 | 995.00 | $346,857.00 |
|  |  |  | 146.50 | 895.00 | $131,117.50 |
|  |  |  | 1.50 | 875.00 | $1,312.50 |
| James I. Downes | Counsel | 2001 | 6.10 | 545.00 | $3,324.50 |
|  |  |  | 2.10 | 525.00 | $1,102.50 |
| James J. Johnston | Counsel | 1997 | 5.10 | 660.00 | $3,366.00 |
| Jodi E. Schwimmer | Counsel | 2001 | 11.60 | 725.00 | $8,410.00 |
| John M. Ix | Counsel | 1994 | 3.90 | 700.00 | $2,730.00 |
| Matthew D. Root | Counsel | 2000 | 47.10 | 650.00 | $30,615.00 |
|  |  |  | 6.00 | 610.00 | $3,660.00 |
| Steven A. Rivers | Counsel | 1995 | 7.50 | 775.00 | $5,812.50 |
|  |  |  | 4.50 | 750.00 | $3,375.00 |
| Steven B. Smith | Counsel | 1999 | 94.10 | 685.00 | $64,458.50 |
| Allyson M. Levy | Associate | 2010 | 11.80 | 420.00 | $4,956.00 |
|  |  |  | 18.10 | 375.00 | $6,787.50 |

G-2

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| AnneMarie MacPherson | Associate | 2011 | 29.50 | 395.00 | $11,652.50 |
| Bene I. Ness | Associate | 2009 | 50.50 | 420.00 | $21,210.00 |
| Catherine C. Gaertner | Associate | 2010 | 83.40 | 440.00 | $36,696.00 |
| | | | 4.10 | 420.00 | $1,722.00 |
| | | | 18.70 | 375.00 | $7,012.50 |
| David A. Pildis | Associate | 2007 | 194.00 | 535.00 | $103,790.00 |
| | | | 220.80 | 490.00 | $108,192.00 |
| | | | 30.60 | 475.00 | $14,535.00 |
| | | | 0.50 | 245.00 | $122.50 |
| David C. Schwartzman | Associate | 2005 | 9.10 | 595.00 | $5,414.50 |
| | | | 7.20 | 565.00 | $4,068.00 |
| Derrick E. Champagne | Associate | 2002 | 80.20 | 685.00 | $54,937.00 |
| | | | 646.50 | 650.00 | $420,225.00 |
| | | | 231.20 | 610.00 | $141,032.00 |
| | | | 10.20 | 590.00 | $6,018.00 |
| Eric J. Kotloff | Associate | 2011 | 2.00 | 375.00 | $750.00 |
| Francois Quintard-Morenas | Associate | 2003 | 0.40 | 650.00 | $260.00 |
| | | | 22.40 | 630.00 | $14,112.00 |
| Frederick S. McQueen | Associate | 2002 | 52.90 | 610.00 | $32,269.00 |
| Gretchen A. Corey | Associate | 2010 | 17.50 | 440.00 | $7,700.00 |
| | | | 5.85 | 420.00 | $2,457.00 |
| | | | 3.40 | 375.00 | $1,275.00 |
| Izabela E. Boltryk | Associate | 1999 | 15.90 | 625.00 | $9,937.50 |
| | | | 161.80 | 610.00 | $98,698.00 |
| Jason G. Kurth | Associate | 2007 | 11.60 | 510.00 | $5,916.00 |
| Jeremy P. Syz | | 2008 | 35.88 | 395.00 | $14,172.60 |

G-3

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Jessica S. Bula | Associate | 2005 | 21.20 | 625.00 | $13,250.00 |
| | | | 92.30 | 595.00 | $54,918.50 |
| | | | 19.70 | 565.00 | $11,130.50 |
| | | | 27.60 | 545.00 | $15,042.00 |
| | | | 8.25 | 495.00 | $4,083.75 |
| John Schwartz | Associate | 2005 | 30.20 | 565.00 | $17,063.00 |
| | | | 46.30 | 510.00 | $23,613.00 |
| Jonathan A. Rini | Associate | 2003 | 2.50 | 630.00 | $1,575.00 |
| Joseph M. Schuster | Associate | 2006 | 0.60 | 475.00 | $285.00 |
| Joshua Y. Milgrim | Associate | 2003 | 2.20 | 610.00 | $1,342.00 |
| Justin J. Gdula | Associate | 2006 | 28.40 | 595.00 | $16,898.00 |
| | | | 141.60 | 565.00 | $80,004.00 |
| | | | 48.10 | 510.00 | $24,531.00 |
| | | | 7.30 | 495.00 | $3,613.50 |
| | | | 61.40 | 455.00 | $27,937.00 |
| Katherine K. Rankin | Associate | 2008 | 110.80 | 455.00 | $50,414.00 |
| Kathleen M. Mylod | Associate | 2001 | 138.20 | 595.00 | $82,229.00 |
| | | | 5.10 | 580.00 | $2,958.00 |
| Katrina V. Pape | Associate | 2009 | 28.30 | 375.00 | $10,612.50 |
| Kenneth D. Hackman | Associate | 2008 | 23.16 | 395.00 | $9,148.20 |
| Kristina A. Moon | Associate | 2009 | 20.33 | 375.00 | $7,623.75 |
| Krystyna M. Blakeslee | Associate | 2009 | 40.70 | 480.00 | $19,536.00 |
| | | | 71.10 | 455.00 | $32,350.50 |
| | | | 25.20 | 420.00 | $10,584.00 |
| Mark D. Sanofsky | Associate | 2010 | 9.30 | 420.00 | $3,906.00 |

G-4

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Matthew B. Ginsburg | Associate | 2004 | 144.70 | 660.00 | $95,502.00 |
| | | | 332.90 | 630.00 | $209,727.00 |
| | | | 57.80 | 595.00 | $34,391.00 |
| | | | 88.60 | 580.00 | $51,388.00 |
| Melissa E. Brody | Associate | 2009 | 1.80 | 455.00 | $819.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 17.10 | 535.00 | $9,148.50 |
| | | | 48.20 | 510.00 | $24,582.00 |
| | | | 22.30 | 490.00 | $10,927.00 |
| Robert F. Alleman | Associate | 2010 | 55.40 | 375.00 | $20,775.00 |
| Sarah A. Hall | Associate | 2009 | 2.20 | 405.00 | $891.00 |
| Steven J. Kolias | Associate | 2001 | 2.00 | 660.00 | $1,320.00 |
| Gretchen A. Corey | Law Clerk | N/A | 5.37 | 365.00 | $1,960.05 |
| Margaret Budnik | Law Clerk | N/A | 5.70 | 240.00 | $1,368.00 |
| Matthew H. Fischer | Law Clerk | N/A | 8.90 | 375.00 | $3,337.50 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 13.20 | 195.00 | $2,574.00 |
| | | | 32.60 | 185.00 | $6,031.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 9.50 | 255.00 | $2,422.50 |
| | | | 24.20 | 245.00 | $5,929.00 |
| | | | 7.90 | 235.00 | $1,856.50 |
| Barbara Lau | Legal Assistant | N/A | 3.50 | 255.00 | $892.50 |
| | | | 23.40 | 245.00 | $5,733.00 |
| | | | 9.50 | 235.00 | $2,232.50 |
| Bernard G. Powell | Legal Assistant | N/A | 31.10 | 260.00 | $8,086.00 |
| Catherine J. Jenssen | Legal Assistant | N/A | 26.30 | 215.00 | $5,654.50 |
| Gary N. Sitzman | Legal Assistant | N/A | 0.40 | 295.00 | $118.00 |
| | | | 8.50 | 285.00 | $2,422.50 |
| Janet Groome | Legal Assistant | N/A | 4.80 | 195.00 | $936.00 |
| Jefferson Holder | Legal Assistant | N/A | 12.20 | 40.00 | $488.00 |

G-5

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Julio C. Pereira | Legal Assistant | N/A | 0.60 | 245.00 | $147.00 |
| | | | 14.00 | 235.00 | $3,290.00 |
| Lynn K. Jennings | Legal Assistant | N/A | 1.30 | 255.00 | $331.50 |
| Steven M. Gruber | Legal Assistant | N/A | 15.20 | 255.00 | $3,876.00 |
| | | | 17.80 | 245.00 | $4,361.00 |
| | | | 2.30 | 235.00 | $540.50 |
| Carol A. Jarema | Librarian | N/A | 0.30 | 155.00 | $46.50 |
| Cynthia A. Goldman | Librarian | N/A | 3.55 | 155.00 | $550.25 |
| **TOTAL** | | | **6,605.64** | | **$4,550,872.35** |

**(b)    Real Estate Matters**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Abbi L. Cohen | Partner | 1983 | 3.00 | 855.00 | $2,565.00 |
| Brian E. Greer | Partner | 1998 | 23.40 | 740.00 | $17,316.00 |
| Daniel M. Dunn | Partner | 1992 | 2.20 | 1,030.00 | $2,266.00 |
| David W. Forti | Partner | 1995 | 109.50 | 995.00 | $108,952.50 |
| | | | 0.80 | 970.00 | $776.00 |
| Frederick J. Gerhart | Partner | 1971 | 0.50 | 935.00 | $467.50 |
| Gary L. Green | Partner | 1978 | 0.30 | 790.00 | $237.00 |
| Glenn A. Gundersen | Partner | 1980 | 1.30 | 845.00 | $1,098.50 |
| | | | 2.10 | 820.00 | $1,722.00 |
| Jason S. Rozes | Partner | 1998 | 12.50 | 740.00 | $9,250.00 |
| Jay Zagoren | Partner | 1979 | 22.20 | 885.00 | $19,647.00 |
| Joseph F. Donley | Partner | 1977 | 28.10 | 965.00 | $27,116.50 |
| | | | 521.70 | 935.00 | $487,789.50 |
| | | | 443.60 | 905.00 | $401,458.00 |

G-6

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Katherine A. Burroughs | Partner | 1988 | 85.20 | 915.00 | $77,958.00 |
| | | | 294.90 | 885.00 | $260,986.50 |
| | | | 276.90 | 855.00 | $236,749.50 |
| | | | 2.40 | 825.00 | $1,980.00 |
| | | | 12.40 | 790.00 | $9,796.00 |
| Lee D. Caney | Partner | 1993 | 18.10 | 680.00 | $12,308.00 |
| Louis M. Solomon | Partner | 1988 | 38.40 | 855.00 | $32,832.00 |
| Michael Hirschfeld | Partner | 1975 | 9.40 | 1,030.00 | $9,682.00 |
| Michael J. Gilbert | Partner | 1994 | 12.50 | 750.00 | $9,375.00 |
| Michael J. Sage | Partner | 1988 | 8.80 | 985.00 | $8,668.00 |
| Paul Kavanagh | Partner | 1989 | 0.60 | 865.00 | $519.00 |
| Timothy A. Stafford | Partner | 1983 | 4.10 | 995.00 | $4,079.50 |
| Edward L. Pittman | Counsel | 1988 | 1.30 | 815.00 | $1,059.50 |
| James J. Johnston | Counsel | 1997 | 52.60 | 660.00 | $34,716.00 |
| | | | 7.70 | 640.00 | $4,928.00 |
| Steven B. Smith | Counsel | 1999 | 1.90 | 685.00 | $1,301.50 |
| Allyson M. Levy | Associate | 2010 | 28.42 | 440.00 | $12,504.80 |
| | | | 56.30 | 375.00 | $21,112.50 |
| Ashley E. Prime | Associate | 2011 | 5.50 | 395.00 | $2,172.50 |
| Bene I. Ness | Associate | 2009 | 0.20 | 420.00 | $84.00 |
| Catherine C. Gaertner | Associate | 2010 | 19.80 | 375.00 | $7,425.00 |
| Christine M. Hernandez | Associate | 2004 | 15.10 | 625.00 | $9,437.50 |
| | | | 17.00 | 610.00 | $10,370.00 |
| David A. Pildis | Associate | 2007 | 23.20 | 475.00 | $11,020.00 |
| | | | 1.90 | 440.00 | $836.00 |

G-7

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| David P. Staubitz | Associate | 2005 | 10.30 | 625.00 | $6,437.50 |
| | | | 186.10 | 595.00 | $110,729.50 |
| | | | 193.60 | 565.00 | $109,384.00 |
| | | | 123.50 | 545.00 | $67,307.50 |
| | | | 27.50 | 495.00 | $13,612.50 |
| Derrick E. Champagne | Associate | 2002 | 22.10 | 650.00 | $14,365.00 |
| | | | 4.20 | 610.00 | $2,562.00 |
| Eric J. Kotloff | Associate | 2011 | 11.20 | 375.00 | $4,200.00 |
| Frederick S. McQueen | Associate | 2002 | 9.30 | 630.00 | $5,859.00 |
| Gretchen A. Corey | Associate | 2010 | 3.40 | 375.00 | $1,275.00 |
| Izabela E. Boltryk | Associate | 1999 | 21.60 | 610.00 | $13,176.00 |
| | | | 24.20 | 610.00 | $14,762.00 |
| Jacob R. Bishop | Associate | 2006 | 0.80 | 595.00 | $476.00 |
| | | | 2.80 | 565.00 | $1,582.00 |
| | | | 0.60 | 510.00 | $306.00 |
| Jessica S. Bula | Associate | 2005 | 72.40 | 625.00 | $45,250.00 |
| | | | 23.30 | 595.00 | $13,863.50 |
| | | | 11.70 | 565.00 | $6,610.50 |
| | | | 16.00 | 545.00 | $8,720.00 |
| | | | 42.40 | 495.00 | $20,988.00 |
| Jonathan A. Rini | Associate | 2003 | 50.20 | 685.00 | $34,387.00 |
| | | | 100.50 | 650.00 | $69,225.00 |
| | | | 2.50 | 610.00 | $1,525.00 |
| | | | 12.40 | 580.00 | $7,192.00 |
| | | | 2.80 | 525.00 | $1,470.00 |
| | | | 12.00 | 325.00 | $3,900.00 |
| Joshua I. Sherman | Associate | 2004 | 1.20 | 545.00 | $654.00 |
| Justin J. Gdula | Associate | 2006 | 25.30 | 510.00 | $12,903.00 |

G-8

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|------------------------------|-----------|------|-------------|
| Katherine K. Rankin | Associate | 2008 | 13.20 | 490.00 | $6,468.00 |
| | | | 19.50 | 455.00 | $8,872.50 |
| | | | 170.90 | 440.00 | $75,196.00 |
| | | | 112.00 | 405.00 | $45,360.00 |
| Kathleen M. Mylod | Associate | 2001 | 117.10 | 595.00 | $69,674.50 |
| | | | 47.80 | 580.00 | $27,724.00 |
| | | | 2.30 | 525.00 | $1,207.50 |
| | | | 14.10 | 470.00 | $6,627.00 |
| Kristin L. Wainright | Associate | 2008 | 9.00 | 440.00 | $3,960.00 |
| | | | 120.75 | 395.00 | $47,696.25 |
| | | | 1.00 | 390.00 | $390.00 |
| | | | 9.70 | 340.00 | $3,298.00 |
| Krystyna M. Blakeslee | Associate | 2009 | 20.00 | 480.00 | $9,600.00 |
| | | | 102.10 | 455.00 | $46,455.50 |
| | | | 40.80 | 420.00 | $17,136.00 |
| | | | 21.20 | 365.00 | $7,738.00 |
| Mark J. Deal | Associate | 2010 | 21.00 | 420.00 | $8,820.00 |
| Matthew B. Ginsburg | Associate | 2004 | 41.00 | 595.00 | $24,395.00 |
| Matthew H. Fischer | Associate | 2011 | 0.70 | 375.00 | $262.50 |
| Melissa E. Brody | Associate | 2009 | 4.40 | 420.00 | $1,848.00 |
| | | | 1.10 | 365.00 | $401.50 |
| Meredith M. Bloch | Associate | 2010 | 28.10 | 365.00 | $10,256.50 |
| Michael J. Sullivan | Associate | 2010 | 20.90 | 365.00 | $7,628.50 |
| Nathan Smith | Associate | 2006 | 5.60 | 520.00 | $2,912.00 |
| Nicole B. Herther-Spiro | Associate | 2007 | 16.30 | 490.00 | $7,987.00 |
| Robert F. Alleman | Associate | 2010 | 4.80 | 420.00 | $2,016.00 |
| Sara Corris | Associate | 2010 | 142.80 | 420.00 | $59,976.00 |
| | | | 224.90 | 375.00 | $84,337.50 |

G-9

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|-------------------------------|-----------|------|-------------|
| Steven J. Kolias | Associate | 2001 | 0.30 | 630.00 | $189.00 |
| Victoria S. Cudd | Associate | 2011 | 1.60 | 375.00 | $600.00 |
| Yelena Shreyberg | Associate | 2009 | 0.50 | 420.00 | $210.00 |
|  |  |  | 28.90 | 365.00 | $10,548.50 |
| Margaret Budnik | Law Clerk | N/A | 13.40 | 240.00 | $3,216.00 |
| Matthew H. Fischer | Law Clerk | N/A | 1.70 | 375.00 | $637.50 |
| Adrienne N. Blackburn | Legal Assistant | N/A | 4.00 | 185.00 | $740.00 |
| Ann Marie Cotharin | Legal Assistant | N/A | 2.30 | 245.00 | $563.50 |
|  |  |  | 32.80 | 235.00 | $7,708.00 |
| Barbara Bedick | Legal Assistant | N/A | 2.10 | 260.00 | $546.00 |
| Barbara Lau | Legal Assistant | N/A | 12.50 | 245.00 | $3,062.50 |
|  |  |  | 3.20 | 235.00 | $752.00 |
| Bernard G. Powell | Legal Assistant | N/A | 1.60 | 275.00 | $440.00 |
|  |  |  | 60.10 | 260.00 | $15,626.00 |
|  |  |  | 141.50 | 250.00 | $35,375.00 |
| Bernard M. Mc Cue | Legal Assistant | N/A | 2.70 | 185.00 | $499.50 |
| Catherine J. Jenssen | Legal Assistant | N/A | 1.30 | 215.00 | $279.50 |
|  |  |  | 35.20 | 210.00 | $7,392.00 |
| Emidio J. Scarfogliero | Legal Assistant | N/A | 14.30 | 310.00 | $4,433.00 |
| Gary N. Sitzman | Legal Assistant | N/A | 0.40 | 295.00 | $118.00 |
| Janet Groome | Legal Assistant | N/A | 5.00 | 195.00 | $975.00 |
| Jefferson Holder | Legal Assistant | N/A | 50.98 | 40.00 | $2,039.20 |
| Julio C. Pereira | Legal Assistant | N/A | 3.50 | 235.00 | $822.50 |
| Krishnakant Patel | Legal Assistant | N/A | 1.50 | 250.00 | $375.00 |
| LuAnn D. Avery | Legal Assistant | N/A | 3.20 | 215.00 | $688.00 |
|  |  |  | 1.50 | 210.00 | $315.00 |

G-10

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Luis A. Lopez | Legal Assistant | N/A | 1.50 | 300.00 | $450.00 |
| | | | 8.00 | 250.00 | $2,000.00 |
| Michael G. Viguie | Legal Assistant | N/A | 2.90 | 255.00 | $739.50 |
| Rebecca Rossi | Legal Assistant | N/A | 0.40 | 130.00 | $52.00 |
| Steven M. Gruber | Legal Assistant | N/A | 9.60 | 245.00 | $2,352.00 |
| Brian K. Deaver | Librarian | N/A | 0.40 | 155.00 | $62.00 |
| Cynthia A. Goldman | Librarian | N/A | 0.50 | 150.00 | $75.00 |
| Elaine M. Walker | Librarian | N/A | 2.00 | 155.00 | $310.00 |
| **TOTAL** | | | **4,964.15** | | **$3,147,719.25** |

**(c)**    **Litigation Matters**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Kathleen N. Massey | Partner | 1988 | 138.00 | 885.00 | $127,174.50 |
| Adam J. Wasserman | Partner | 1997 | 0.20 | 800.00 | $160.00 |
| | | | 73.90 | 775.00 | $57,272.50 |
| Erika Becker | Associate | 2007 | 84.70 | 510.00 | $43,197.00 |
| | | | 0.20 | 490.00 | $98.00 |
| Sarah E. Mendola | Associate | 2007 | 0.20 | 510.00 | $102.00 |
| Wayne I. Pollock | Associate | 2009 | 251.70 | 455.00 | $116,389.00 |
| | | | 0.10 | 420.00 | $42.00 |
| Sara Corris | Associate | 2010 | 115.00 | 420.00 | $48,300.00 |
| Bernard G. Powell | Legal Assistant | N/A | 32.90 | 260.00 | $8,554.00 |
| Nancy Hildreth | Legal Assistant | N/A | 13.10 | 255.00 | $3,340.50 |
| **TOTAL** | | | **710.00** | | **$404,629.50** |

G-11

**(d)**    **Tax Matters**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Total |
|---|---|---|---|---|---|
| Michael Hirschfeld | Partner | 1975 | 15.70 | 1,030.00 | $16,171.00 |
| Lewis A. Burleigh | Partner | 1965 | 10.20 | 995.00 | $10,149.00 |
| Kenneth C. Wang | Associate | 2009 | 1.10 | 455.00 | $500.50 |
| **TOTAL** | | | **27.00** | | **$26,820.50** |

**(e)**    **Non-Working Travel**[1]

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Kathleen N. Massey | Partner | 1988 | 11.50 | 446.35 | $5,133.00 |
| David W. Forti | Partner | 1995 | 8.00 | 970.00* | $7,760.00 |
| Katherine A. Burroughs | Partner | 1988 | 10.70 | 442.50 | $4,734.75 |
| | | | 4.60 | 855.00* | $3,933.00 |
| Brian E. Greer | Partner | 1998 | 1.00 | 715.00* | $715.00 |
| Joseph F. Donley | Partner | 1977 | 1.00 | 936.00* | $936.00 |
| | | | 7.00 | 467.50 | $3,272.50 |
| | | | 0.80 | 905.00* | $724.00 |
| Adam J. Wasserman | Partner | 1997 | 13.10 | 387.50 | $5,076.25 |
| Steven B. Smith | Counsel | 1999 | 1.50 | 342.50 | $513.75 |
| Jonathan A. Rini | Associate | 2003 | 12.00 | 325.00 | $3,900.00 |
| Wayne I. Pollock | Associate | 2009 | 8.30 | 230.24 | $1,911.00 |
| | | | 17.90 | 227.50 | $4,072.25 |
| David P. Staubitz | Associate | 2005 | 16.00 | 282.50 | $4,520.00 |

---

[1]    As discussed in the Application and noted in Exhibit F, the breakdown of hours expended and fees accrued by matter included amounts related to non-working travel. The following chart identifies those hours and fees that were billed to matters as non-working travel, which, in accordance with Dechert's policy, have been billed at half rates. The rates denoted with an (*) were not billed at half rate but were reduced by 50% on account of the reduction adjustments identified in the First, Second and Third Fee Applications. See Exhibit D to the Application, fn 1.

G-12

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|-------------------------------|-----------|------|-------------|
| **TOTAL** | | | **113.40** | | **$47,201.50** |

**(f)**    **Retention Issues**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|------|-------|-------------------------------|-----------|------|-------------|
| Michael Hirschfeld | Partner | 1975 | 0.10 | 1,030.00 | $103.00 |
| Lewis A. Burleigh | Partner | 1965 | 1.40 | 995.00 | $1,393.00 |
| Katherine A. Burroughs | Partner | 1988 | 0.80 | 915.00 | $732.00 |
| | | | 5.60 | 885.00 | $4,956.00 |
| | | | 0.20 | 855.00 | $171.00 |
| Neil A. Steiner | Partner | 1997 | 0.70 | 820.00 | $574.00 |
| Adam J. Wasserman | Partner | 1997 | 13.30 | 775.00 | $10,307.50 |
| Brian E. Greer | Partner | 1998 | 5.80 | 760.00 | $4,408.00 |
| | | | 27.00 | 740.00 | $19,980.00 |
| | | | 14.20 | 715.00 | $10,153.00 |
| Steven B. Smith | Counsel | 1999 | 17.10 | 685.00 | $11,713.50 |
| Derrick E. Champagne | Associate | 2002 | 0.40 | 610.00 | $244.00 |
| Andrew L. Buck | Associate | 1996 | 21.90 | 545.00 | $11,935.50 |
| | | | 7.10 | 525.00 | $3,727.50 |
| Nicole B. Herther-Spiro | Associate | 2007 | 3.60 | 510.00 | $1,836.00 |
| | | | 1.70 | 490.00 | $833.00 |
| Melissa E. Brody | Associate | 2009 | 25.00 | 480.00 | $12,000.00 |
| | | | 51.10 | 455.00 | $23,250.50 |
| | | | 45.10 | 420.00 | $18,942.00 |
| | | | 12.40 | 365.00 | $4,526.00 |
| Katrina V. Pape | Associate | 2009 | 4.90 | 420.00 | $2,058.00 |
| Sara Corris | Associate | 2010 | 1.20 | 420.00 | $504.00 |
| Bret M. Harper | Associate | 2008 | 8.90 | 400.00 | $3,560.00 |

G-13

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Julio C. Pereira | Legal Assistant | N/A | 3.80 | 245.00 | $931.00 |
| | | | 3.00 | 235.00 | $705.00 |
| | | | 1.10 | 225.00 | $247.50 |
| TOTAL | | | 277.40 | | $149,791.00 |

**(g)** **Fee Applications**

| Name | Title | Year of Law School Graduation | Bill Hours | Rate | Bill Amount |
|---|---|---|---|---|---|
| Katherine A. Burroughs | Partner | 1988 | 2.20 | 885.00 | $1,947.00 |
| | | | 3.70 | 855.00 | $3,163.50 |
| Adam J. Wasserman | Partner | 1997 | 1.00 | 775.00 | $775.00 |
| Brian E. Greer | Partner | 1998 | 2.80 | 740.00 | $2,072.00 |
| | | | 4.80 | 715.00 | $3,432.00 |
| Steven B. Smith | Counsel | 1999 | 7.20 | 685.00 | $4,932.00 |
| Andrew L. Buck | Associate | 1996 | 0.90 | 565.00 | $508.50 |
| | | | 33.70 | 545.00 | $18,366.50 |
| | | | 12.50 | 525.00 | $6,562.50 |
| Melissa E. Brody | Associate | 2009 | 97.40 | 480.00 | $45,052.00 |
| | | | 69.20 | 455.00 | $31,486.00 |
| | | | 79.40 | 420.00 | $33,348.00 |
| | | | 143.10 | 365.00 | $52,231.50 |
| Katrina V. Pape | Associate | 2009 | 1.40 | 420.00 | $588.00 |
| Julio C. Pereira | Legal Assistant | N/A | 2.00 | 235.00 | $470.00 |
| | | | 5.40 | 225.00 | $1,215.00 |
| Michelle S. Moezzi | Legal Assistant | N/A | 0.20 | 205.00 | $41.00 |
| TOTAL | | | 466.90 | | $206,190.50 |

G-14