**Hearing Date and Time: July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time: July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
: 
In re : Chapter 11 Case No.
:
LEHMAN BROTHERS HOLDINGS INC., *et al.*, : 08-13555 (JMP)
:
Debtors. : (Jointly Administered)
:
------------------------------------------------------------------x

### NOTICE OF MOTION OF LEHMAN BROTHERS HOLDINGS INC. TO MODIFY CERTAIN EXISTING CLAIMS ORDERS

PLEASE TAKE NOTICE that a hearing on the annexed Motion of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter 11 cases, seeking authorization to modify certain of this Court's claims procedures orders and for certain related relief, all as more fully described in the Motion, will be held before the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York, New York 10004 (the "Bankruptcy Court"), on **July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

US_ACTIVE:\43954178\11\58399.0003

Rules") and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon: (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Lori R. Fife, Esq., attorneys for LBHI; (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn: Tracy Hope Davis, Esq., Elisabetta G. Gasparini, Esq. and Andrea B. Schwartz, Esq.; (iv) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005, Attn: Dennis F. Dunne, Esq., Evan Fleck, Esq., Dennis O'Donnell, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases; and (v) any person or entity with a particularized interest in the Motion, so as to be so filed and received by no later than **July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend the Hearing and failure to appear may result in relief being granted or denied upon default.

Dated: July 3, 2012
      New York, New York

    /s/ Lori R. Fife
    Lori R. Fife
    WEIL, GOTSHAL & MANGES LLP
    767 Fifth Avenue
    New York, New York 10153
    Telephone: (212) 310-8000
    Facsimile: (212) 310-8007

    Attorneys for Lehman Brothers Holdings Inc.
    and Certain of Its Affiliates

Hearing Date and Time:  July 18, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  July 11, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------------x
                                                                 :
In re                                              :   Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., et al.,  :   08-13555 (JMP)
                                                                 :
                 Debtors.                      :   (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x
```

**MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**TO MODIFY CERTAIN EXISTING CLAIMS ORDERS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan")[1] for the debtors in the above referenced chapter 11 cases (collectively, the "Debtors"), respectfully represents as follows:

**Preliminary Statement**

1. During the course of these cases, this Court facilitated efficiencies by entering numerous orders approving procedures that authorized the Debtors to take certain actions in connection with the management or disposition of assets or the resolution of claims

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

US_ACTIVE:\43954178\11\58399.0003

without further Court approval. Following the Effective Date, the authority granted by certain of the orders is no longer necessary in light of the provisions of the Plan. Other orders, however, relating to derivatives contracts, alternative dispute resolution, and settlement of Claims against the Debtors, have not been obviated by the Plan, remain operative and, in some cases, essential to the effective and efficient implementation of the Plan but require modification due to the change in status of the Official Committee of Unsecured Creditors (the "Creditors' Committee").

2.   Pursuant to Section 15.1(a) of the Plan, the Creditors' Committee was dissolved for all purposes other than implementation of the Plan through the date of the initial Distribution, which occurred on April 17, 2012, and all matters relating to professional fees for the period prior to the Effective Date. The Plan permits the litigation and derivatives subcommittees of the Creditors' Committee (together, the "Litigation Committee") to continue functioning for the limited purposes of resolving pending litigation and, subject to approval of LBHI's Board of Directors, other litigation and derivatives matters.

3.   LBHI has consulted with the members of the Creditors' Committee to determine what role the Litigation Committee should have going forward. Following substantial discussion, LBHI and the Creditors' Committee agreed that the interests of the Debtors' creditors will be adequately protected by the oversight of the new LBHI Board of Directors, the selection of which was undertaken by creditors of the Debtors, including the Creditors' Committee's co-chairs, without significant ongoing involvement by the Litigation Committee. As contemplated by the Plan, however, the Litigation Committee will continue to be involved with a select group of pending adversary proceedings, certain tolled avoidance actions, litigation matters in which the Creditors' Committee had formally intervened, one ongoing investigation, and such matters as LBHI may from time to time request. The Litigation Committee will also continue to be

2

involved with the Debtors' affirmative derivatives-related claims for which the demand exceeds $15 million. The Litigation Committee will make its attorneys available to confer with or work for the Debtors on other matters as may be requested by the Debtors and as is practical. Accordingly, LBHI seeks to amend certain existing orders to reflect these agreements regarding the ongoing role of the Litigation Committee.

4. Additionally, LBHI seeks authority for the Plan Administrator to settle claims against the Debtors without further Court approval. The relief requested will reduce both the administrative expenses to the Debtors and the burdens on the Court associated with the consensual reconciliation of the more than 10,000 claims that remain to be resolved by the Debtors. The Litigation Committee has reviewed and supports the relief requested herein.

## Background

5. Commencing on September 15, 2008 and periodically thereafter, LBHI and the other Debtors commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6. On September 17, 2008, the United States Trustee for the Southern District of New York appointed the Creditors' Committee.

7. On December 6, 2011, the Court entered the order confirming the Plan [ECF No. 23023]. The Effective Date of the Plan occurred on March 6, 2012.

3

**Jurisdiction**

8. This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**The Procedures Orders and Claims Settlement Order**

9. Each of the following orders includes a mechanism for efficiently resolving claims the Debtors hold against third parties, claims third parties hold against the Debtors, or both, and have been tremendously effective in assisting the Debtors in recovering value for their estates while minimizing administrative expenses:

- the Order Pursuant to Sections 105 and 365 of the Bankruptcy Code to Establish Procedures for the Settlement or Assumption and Assignment of Prepetition Derivative Contracts, entered December 16, 2008 (the "Derivatives Procedures Order") [ECF No. 2257];[2]

- the Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts, entered Sept. 17, 2009 (the "ADR Procedures Order") [ECF No. 5207];[3]

- the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Derivatives Contracts for Amounts Not More Than $1 Million, entered September 27, 2010 (the "Tier 2 ADR Procedures Order") [ECF No. 11649];[4]

---

[2] As used herein, the term Derivatives Procedures Order shall include the Supplemental Order, entered January 15, 2009 [ECF No. 2557]; the Third Supplemental Order, entered September 29, 2009 [ECF No. 5292]; the Fourth Supplemental Order, entered October 16, 2009 [ECF No. 5544]; the Fifth Supplemental Order, entered January 13, 2011 [ECF No. 13932]; and the Sixth Supplemental Order, entered April 14, 2011 [ECF No. 15999].

[3] As used herein, the term ADR Procedures Order shall include the Order Supplementing the September 17, 2009 Alternative Dispute Resolution Procedures Order to Add a Fourth Mediator, entered Sept. 23, 2010 [ECF No. 11537].

[4] As used herein, the term Tier 2 ADR Procedures Order shall include the Order Amending the Tier 2 Alternative Dispute Resolution Procedures Order for Affirmative Claims of Debtors Under Certain Derivatives Contracts, entered May 2, 2012 [ECF No. 27698].

- the Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors Under Derivatives Transactions with Special Purpose Vehicle Counterparties, entered March 3, 2011 (the "SPV ADR Procedures Order") [ECF No. 14789]; [5]

- the Order Pursuant to Section 105 of the Bankruptcy Code, Bankruptcy Rule 9014, and General Order M-390 Authorizing the Debtors to Implement Claims Hearing Procedures and Alternative Dispute Resolution Procedures for Claims Against Debtors (the "Defensive ADR Procedures Order" and together with the Derivatives Procedures Order, the ADR Procedures Order, the Tier 2 ADR Procedures Order, the SPV ADR Procedures Order, the "Procedures Orders"), entered April 19, 2010 [ECF No. 8474]; and

- the Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures, entered March 31, 2010 (the "Claims Settlement Order") [ECF No. 7936].

Each of the Procedures Orders and the Claims Settlement Order currently provides for certain notice to, consultation with, consent or participation by, or other rights for the Creditors' Committee. Following the Effective Date, each must be amended to ensure that it can continue to be used to facilitate the effective and efficient administration of the Debtors' estates.

## Relief Requested

10. In light of the consummation of the Plan and the subsequent agreement reached between the Plan Administrator and the Creditors' Committee, LBHI respectfully requests that the Court amend the Procedures Orders in the following respects:

| Procedures Orders | Proposed Amendment |
|---|---|
| Derivatives Settlement Order | - LBHI shall not be required to serve assignment notices on the Creditors' Committee.<br>- Creditors' Committee consent shall not be required for any settlements of derivatives contracts other than settlements of those derivative contracts that are the subject of alternative dispute resolution proceedings commenced pursuant to the ADR Procedures Order or the SPV ADR Procedures Order for which the affirmative demand is greater than $15 million. |

---

[5] As used herein, the term SPV ADR Procedures Order shall include the Supplemental Order, entered August 15, 2011 [ECF No. 19251]; and the Supplemental Order, entered November 10, 2011 [ECF No. 21942].

| Procedures Orders | Proposed Amendment |
|---|---|
| ADR Procedures Order | - Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br>- LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br>- The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million. |
| Tier 2 ADR Procedures Order | - The requirement that the Creditors' Committee be consulted prior to issuance of a demand for settlement shall be eliminated. |
| SPV ADR Procedures Order | - Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br>- LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br>- The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million. |
| Defensive ADR Procedures Order | - The Creditors' Committee shall not participate in negotiations or mediations unless requested by LBHI.<br>- LBHI shall not be required to serve mediation briefs on the Creditors' Committee and the Creditors' Committee shall not serve its own mediation briefs unless requested by LBHI. |

11.    Additionally, LBHI requests that the Court amend the Claims Settlement Order to provide that LBHI shall be authorized to settle all Claims against the Debtors without

6

further approval of the Court or notice to or consent of the Creditors' Committee or the Litigation Committee.[6]

### Basis for Relief Requested

12. Amending the Procedures Orders and the Claims Settlement Order as described above is an appropriate use of the Court's power under section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(b).

13. Section 105(a) of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). The Second Circuit has acknowledged that section 105 confers broad powers on bankruptcy courts:

> 11 U.S.C. § 105 'is an omnibus provision phrased in such general terms as to be the basis for a broad exercise of powers in the administration of a bankruptcy case. The basic purpose of section 105 is to assure the bankruptcy courts power to take whatever action is appropriate or necessary in aid at the exercise of their jurisdiction . . . ."

*Casse v. Key Nat'l Bank Ass'n (In re Casse)*, 198 F.3d 327, 336 (2d Cir. 1999) (citation omitted); *see also In re Lionel Corp.*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances."). Under section 105(a) of the Bankruptcy Code, therefore, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's

---

[6] Section 6.1(b) of the Plan provides that the Plan Administrator shall have the authority and right on behalf of each of the Debtors to carry out and implement the provisions of the Plan, including to compromise or to settle any and all Claims against the Debtors subject to Bankruptcy Court approval; provided that "where the Debtors have authorization to compromise or settle any Claims against the Debtors under a Final Order … the Plan Administrator shall be authorized to compromise or settle such Claims after the Effective Date in accordance with and subject to such Final Order."

7

assets. *See, e.g., Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted).

14. Similarly, Bankruptcy Rule 9019(b) empowers bankruptcy courts to approve settlements "if they are in the best interests of the estate." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991); *see Fisher v. Pereira (In re 47-49 Charles St., Inc.)*, 209 B.R. 618, 620 (S.D.N.Y. 1997); *In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 426 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994). The settlement need not result in the best possible outcome for the debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Drexel Burnham Lambert Group*, 134 B.R. at 505; *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).

15. Authorizing the modification of the Procedures Orders and the Claims Settlement Order is an appropriate use of this Court's powers. The orders in their current form have afforded the Debtors the opportunity to realize tremendous value and greatly accelerated the administration of the claims process. Indeed, the ADR Procedures Order and the Tier One ADR Procedures Order together have resulted in more than $1.145 billion in recoveries for the benefit of the Debtors' estates. The modifications requested herein merely seek to amend the Procedures Orders and the Claims Settlement Order to recognize the shift in oversight from the Creditors' Committee to the Plan Administrator and new Board of Directors that has occurred following the Effective Date of the Plan, and to provide greater flexibility for the Debtors to consensually resolve claims without the necessity of incurring the expense and delay of seeking Court approval for each settlement.

8

16. As they have throughout these Chapter 11 Cases, the Debtors will continue to exercise their reasonable business judgment in negotiating compromises and settlements and will continue to be guided by the factors relevant to a determination of the reasonableness of such settlements, including:

- the probability of success in the litigation;
- the complexity, expense and likely duration of the litigation;
- all other factors relevant to making a full and fair assessment of the wisdom of the proposed compromise; and
- whether the proposed compromise is fair and equitable to the Debtors, their creditors and other interested parties.

*Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The Plan Administrator submits that the settlements entered into pursuant to the Claims Settlement Order will meet the standards set forth in *TMT Trailer*. Specifically, no settlement will be agreed upon unless it is reasonable in the judgment of the Plan Administrator upon consideration of all the relevant factors.

17. The Board of Directors of LBHI, together with management of the Debtors, has established robust oversight procedures which will allow it to provide the necessary supervision over the implementation of the Plan and the administration of the claims process.

18. Additionally, the Plan Administrator believes, in its reasonable business judgment, that the modifications to the Claims Settlement Order, in particular, will streamline the process of resolving outstanding claims and allow the Plan Administrator to avoid the expense inherent in obtaining Court approval of the resolution of each and every Claim. Given the number of Claims that the Plan Administrator believes can be settled for relatively moderate amounts compared with the overall value of the Debtors' estates, filing individual pleadings for each proposed settlement, noticing each compromise and settlement to every one of the hundreds

9

of parties in interest on the master service list on file with the Court, and holding individual hearings would be an expensive, cumbersome, and highly inefficient way to resolve many of the claims.  Furthermore, the proposed modifications to the Claims Settlement Order will spare the Debtors' estates the unnecessary administrative costs incurred by attorneys for Court appearances for seeking separate Court approval of each settlement of a Claim.

19. Expanding LBHI's authority to settle claims (i.e., liabilities) without Creditor Committee or Court involvement would be consistent with the authority granted to LBHI pursuant to the Plan to manage the Debtors assets.  *See* Plan §6.1(b).  It would also be consistent with post-effective date authority granted in chapter 11 plans in many other cases in this district.  *See, e.g.*, *Borders Group, Inc.,* et al., Case No. 11-10614 (MG) (Bankr. S.D.N.Y. December 21, 2011); *In re Tronox Inc.,* et al., Case No. 09-10156 (ALG) (Bankr. S.D.N.Y. November 30, 2010); *In re Extended Stay Inc.,* et al., Case No. 09-13764 (JMP) (Bankr. S.D.N.Y. July 20, 2010); *In re Finlay Enterprises, Inc*. et al., Case No. 09-14873 (JMP) (Bankr. S.D.N.Y. June 29, 2010); *In re Old Carco LLC (f/k/a Chrysler LLC),* et al., Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. April 23, 2010); *In re Charter Communications, Inc., et al.,* Case No. 09-11435 (JMP) (Bankr. S.D.N.Y. November 17, 2009).

20. For the reasons set forth above and the reasons that the Court initially authorized the procedures set forth in the Procedures Orders and the Claims Settlement Order, the amendments described herein should be approved.

## Notice

21. No trustee has been appointed in these chapter 11 cases.  LBHI has served notice of this Motion in accordance with the procedures set forth in the amended order entered on June 17, 2010 governing case management and administrative procedures for these cases

[ECF No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases.  LBHI submits that no other or further notice need be provided.

22. Other than in connection with the approval of the Procedures Orders and the Claims Settlement Order, no previous request for the relief sought herein has been made by LBHI to this or any other court.

WHEREFORE LBHI respectfully requests that the Court grant the relief requested herein and such other and further relief as is just.

Dated:  July 3, 2012
       New York, New York

/s/ Lori R. Fife
Lori R. Fife
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

11

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
:
In re                                                          :        **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
:
Debtors.                                             :        **(Jointly Administered)**
:
:
------------------------------------------------------------------x

### ORDER MODIFING CERTAIN EXISTING CLAIMS ORDERS

Upon the motion, dated July 3, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for entry of an order modifying certain of this Court's claims procedures orders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion[1] is granted; and it is further

ORDERED that the Settlement Procedures (as such term is defined in the Claims Settlement Order) shall be superseded by the following: The Plan Administrator is authorized to settle any and all Claims (as such term is defined in the Plan) asserted against the Debtors without prior approval of the Court or any other party in interest.

ORDERED that, except as expressly provided herein, the Settlement Procedures established by this Order shall supersede any procedures for the settlement of Claims established in any prior order of the Court; and it is further

ORDERED that the Plan Administrator is authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures and the Plan; and it is further

ORDERED that, to the extent applicable, the Creditors' Committee-related requirements contained in the Procedures Orders shall be modified as set forth below; and it is further

| Procedures Orders | Amendment |
|---|---|
| Derivatives Settlement Order | <ul><li>LBHI shall not be required to serve assignment notices on the Creditors' Committee.</li><li>Creditors' Committee consent shall not be required for any settlements of derivatives contracts other than settlements of those derivative contracts that are the subject of alternative dispute resolution</li></ul> |

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

| Procedures Orders | Amendment |
|---|---|
| | proceedings commenced pursuant to the ADR Procedures Order or the SPV ADR Procedures Order for which the affirmative demand is greater than $15 million. |
| ADR Procedures Order | ▪ Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br><br>▪ LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br><br>▪ The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million. |
| Tier 2 ADR Procedures Order | ▪ The requirement that the Creditors' Committee be consulted prior to issuance of a demand for settlement shall be eliminated. |
| SPV ADR Procedures Order | ▪ Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br><br>▪ LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.<br><br>▪ The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million. |
| Defensive ADR Procedures Order | ▪ The Creditors' Committee shall not participate in negotiations or mediations unless requested by LBHI.<br><br>▪ LBHI shall not be required to serve mediation briefs on the Creditors' Committee and the Creditors' Committee shall not serve its own mediation briefs unless requested by LBHI. |

ORDERED that nothing in this Order shall obligate the Plan Administrator to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Plan Administrator within its sole discretion; and it is further

3

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in the Chapter 11 Cases; and it is further

ORDERED that nothing in this Order shall be construed to enhance or limit in any way the role that the Litigation Committee may, at the request of the Debtors' board of directors, play in the future with respect to the Debtors' assets or claims, and it is further

ORDERED that entry of this Order is without prejudice to the Plan Administrator's rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that nothing in this Order shall preclude the Plan Administrator from seeking Court approval of any particular settlement where the Plan Administrator, in its discretion, believes that such specific approval is appropriate; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July ___, 2012
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE