SNR Denton US LLP
Hugh M. McDonald
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768 6700
Facsimile: (212) 768-6800

*Special Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                                :
**In re**                                                       :   **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :   **08-13555 (JMP)**
                                                                :
                         Debtors.                               :   **(Jointly Administered)**
                                                                :
---------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE
GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

**FINAL FEE APPLICATION OF SNR DENTON US LLP**

| | |
|---|---|
| Name of Applicant: | SNR Denton US LLP |
| Role in the Case: | Special Counsel to the Debtors |
| Date of Retention: | August 19, 2010 (*Nunc pro tunc* to January 1, 2010) |
| Period for which compensation and reimbursement are sought: | January 1, 2010, through and including March 6, 2012 |
| Total amount of compensation sought for fees: | $2,580,865.12 |
| Total amount of reimbursement Sought for expenses: | $17,064.57 |

| | |
|---|---|
| Prior Interim Applications filed: | <u>First Interim Fee Application, filed December 14, 2010 [Docket No. 13488], for the period from January 1, 2010 through and including September 30, 2010</u> |

| | |
|---|---|
| Fees Previously requested: | $675,258.00 |
| Fees Previously Awarded: | $671,472.87 |
| Expenses Previously Requested: | $2,829.61 |
| Expenses Previously Allowed: | $2,829.61 |

<u>Second Interim Fee Application, filed April 15, 2011 [Docket No. 16081], for the period from October 1, 2010 through and including January 31, 2011</u>

| | |
|---|---|
| Fees Previously requested: | $313,304.00 |
| Fees Previously Awarded: | $307,151.50 |
| Expenses Previously Requested: | $1,387.27 |
| Expenses Previously Allowed: | $376.42 |

<u>Third Interim Fee Application, filed July 15, 2011 [Docket No. 18576], for the period from February 1, 2011 through and including May 31, 2011</u>

| | |
|---|---|
| Fees Previously requested: | $725,112.50 |
| Fees Previously Awarded: | $720,322.75 |
| Expenses Previously Requested: | $1,481.27 |
| Expenses Previously Allowed: | $1,395.02 |

<u>Fourth Interim Fee Application, filed December 14, 2011 [Docket No. 23414], for the period from June 1, 2011 through and including September 30, 2011</u>

| | |
|---|---|
| Fees Previously requested: | $514,626.00 |
| Fees Previously Awarded: | $511,801.00 |
| Expenses Previously Requested: | $11,284.29 |
| Expenses Previously Allowed: | $6,991.04 |

<u>Fifth Interim Fee Application, filed May 18, 2012 [Docket No. 27959], for the period from October 1, 2011 through and including March 6, 2012</u>
Fees Previously requested:             $370,117.00
Fees Previously Awarded:               Pending
Expenses Previously Requested:         $5,472.48
Expenses Previously Allowed:           Pending

This Application is:                          Interim    X    Final

**PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES**
From January 1, 2010 through March 6, 2012

**Summary of Partners and of Counsel**

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Carol Anne Been | 1983 | $630.00 | 0.8 | $504.00 |
| Roger T. Brice | 1973 | $675.00 | 1.8 | $1,215.00 |
| | | $695.00 | 2.3 | $1,598.50 |
| Stephen Cerniglia | 1996 | $645.00 | 6.5 | $4,192.50 |
| Meghan Cocci | 1998 | $665.00 | 47.3 | $31,454.50 |
| | | $685.00 | 187.4 | $128,369.00 |
| Joseph A. Colagiovanni, Jr. | 1982 | $690.00 | 13.6 | $9,384.00 |
| A. James Cotins | 1990 | $900.00 | 7 | $6,300.00 |
| | | $925.00 | 4 | $2,898.00 |
| Mark W. Daliere | 1993 | $655.00 | 5.2 | $3,406.00 |
| | | $675.00 | 149.3 | $100,777.50 |
| Richard L. Fenton | 1978 | $745.00 | 2.1 | $1,564.50 |
| Robert L. Fernandez[1] | 1999 | $560.00 | 136.9 | $76,664.00 |
| | | $590.00 | 295.5 | $174,345.00 |
| | | $620.00 | 1.9 | $1,178.00 |
| Jonathan D. Forstot | 1989 | $760.00 | 1.7 | $1,292.00 |
| | | $785.00 | 1.5 | $1,177.50 |
| Alan S. Gilbert[2] | 1975 | $745.00 | 0.3 | $223.50 |
| | | $765.00 | 0.3 | $229.50 |
| | | $820.00 | 1.3 | $1,066.00 |
| | | $865.00 | 0.5 | $432.50 |
| Brett L. Gross | 2000 | $615.00 | 5.4 | $3,321.00 |
| | | $625.00 | 4.5 | $2,812.50 |
| Fruman Jacobson | 1973 | $880.00 | 1 | $880.00 |
| Erik D. Klingenberg | 1994 | $900.00 | 17.9 | $16,110.00 |
| | | $925.00 | 3.7 | $3,422.50 |
| Matthew J. Lyons | 2003 | $610.00 | 22.5 | $13,725.00 |
| | | $635.00 | 1 | $635.00 |
| Hugh M. McDonald[3] | 1990 | $805.00 | 20 | $16,100.00 |
| | | $830.00 | 1 | $830.00 |
| | | $845.00 | 37.7 | $31,856.50 |
| | | $880.00 | 0.4 | $352.00 |
| Peter J. Mignone | 1997 | $645.00 | 3.3 | $2,128.50 |
| | | $665.00 | 3.5 | $2,327.50 |
| Jeffrey J. Murphy | 1984 | $900.00 | 2.6 | $2,340.00 |
| Barry B. Nekritz | 1962 | $710.00 | 13.4 | $9,576.50 |
| Lisa M. Pekkala | 2001 | $605.00 | 0.3 | $181.50 |
| Robert E. Richards | 1988 | $625.00 | 2.4 | $1,500.00 |

---

[1] These summaries represent entries as they appeared on SNR Denton's monthly invoices. In some instances, certain SNR Denton attorneys and paraprofessionals were billed at incorrect rates for particular time entries on SNR Denton's monthly invoices. SNR Denton identified these instances and made the appropriate deductions from the fees requested on the respective interim applications. These summaries do not reflect additional credits given by SNR Denton to the Debtors for fees received prior to retention and certain reductions agreed by the Fee Committee and SNR Denton.
[2] *See supra* note 1.
[3] *See supra* note 1.

| NAME OF PROFESSIONAL PARTNERS AND OF COUNSELS: | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Todd M. Stennes | 1992 | $600.00 | 1.1 | $660.00 |
|  |  | $650.00 | 1.6 | $1,040.00 |
| Frank P. VanderPloeg | 1973 | $660.00 | 4.8 | $3,168.00 |
|  |  | $680.00 | 8.6 | $5,848.00 |
| Stephen T. Whelan | 1972 | $815.00 | 2.6 | $2,119.00 |
|  |  | $865.00 | 0.8 | $692.00 |
| Linda D. White | 1976 | $685.00 | 431.6 | $295,646.00 |
|  |  | $705.00 | 810.7 | $571,543.50 |
| Mitchell G. Williams[4] | 1985 | $815.00 | 167.9 | $136,838.50 |
|  |  | $840.00 | 262.60 | $217,189.50 |
|  |  | $895.00 | 9.7 | $8,626.50 |
| Douglass T. Wingo | 1994 | $655.00 | 1.0 | $655.00 |
| Marjorie J. Zessar | 1994 | $600.00 | 97.4 | $58,720.00 |
| TOTAL |  |  | 2808.20 | $1,959,116.00 |

### Summary of Associates

| NAME OF PROFESSIONAL ASSOCIATES: | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Linda Bechutsky | 2009 | $400.00 | 145.4 | $58,160.00 |
|  |  | $455.00 | 133.1 | $60,560.50 |
| Michael M. Cunningham | 2008 | $380.00 | 12.1 | $4,598.00 |
| Michael A. Demetriou | 2006 | $395.00 | 31.3 | $12,363.50 |
| Matthew R. Diament | 2010 | $315.00 | 10 | $3,150.00 |
| Tyler Ellsworth | N/A | $255.00 | 7.5 | $1,912.50 |
| George L. Espinal | 2001 | $560.00 | 3 | $1,680.00 |
| Michael D. Flynn | 2009 | $300.00 | 3.7 | $1,110.00 |
| Rachel L. Goetz[5] | 2003 | $535.00 | 71.3 | $38,145.50 |
|  |  | $520.00 | 2.2 | $1,144.00 |
|  |  | $550.00 | 174.7 | $96,085.00 |
| Jonathan S. Grebinar | 2004 | $470.00 | 33.3 | $15,651.00 |
|  |  | $550.00 | 0.7 | $385.00 |
| Haber Steven Z. | 2005 | $470.00 | 31.1 | $14,617.00 |
| Rachel D. Ittner | 2007 | $350.00 | 6.1 | 2,135.00 |
| Jennifer A. Knight | 2011 | $280.00 | 1.2 | $336.00 |
| Christopher H. Lee | 2007 | $325.00 | 52.3 | $16,997.50 |
|  |  | $340.00 | 65.7 | $22,338.00 |
| Keith H. Londo | 2004 | $515.00 | 53.1 | $27,346.50 |
|  |  | $525.00 | 259.8 | $136,395.00 |
| Matthew J. Lyons | 2003 | $550.00 | 2.6 | $1,430.00 |
| David A. Pisciotta[6] | 2010 | $350.00 | 72.4 | $25,340.00 |
|  |  | $370.00 | 1.4 | $518.00 |
|  |  | $395.00 | 6.1 | $2,409.50 |
| Syed A. Rafatullah | 2006 | $265.00 | 5.5 | $1,457.50 |

---

[4] *See supra* note 1.
[5] *See supra* note 1.
[6] *See supra* note 1.

- 2 -

| NAME OF PROFESSIONAL ASSOCIATES: | YEAR ADMITTED | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|---|
| Brian J. Shortt | 2007 | $505.00 | 20.2 | $10,201.00 |
|  |  | $515.00 | 12.4 | $6,386.00 |
| Ingrid M. Waldman | 2006 | $515.00 | 83.6 | $43,054.00 |
| Stephanie L. Wowchuk | 2007 | $345.00 | 18.9 | $6,520.50 |
| TOTAL |  |  | 1320.70 | $612,426.50 |

### Summary of Paraprofessionals

| NAME OF PROFESSIONAL PARALEGALS, CLERKS, LIBRARY STAFF AND OTHER NON-LEGAL STAFF | HOURLY RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Mary B. Anderson | $240.00 | 29.60 | $7,104.00 |
| Rita P. Barkachy[7] | $230.00 | 23.00 | $5,290.00 |
|  | $235.00 | 34.00 | $7,990.00 |
|  | $245.00 | 27.90 | $6,835.50 |
| George L. Medina | $275.00 | 1.30 | $357.50 |
|  | $285.00 | 5.10 | $1,453.50 |
| Daniel Pina | $285.00 | 3.50 | $997.50 |
| Katharine L. Seidelman | $210.00 | 5.70 | $1,197.00 |
|  | $215.00 | 13.60 | $2,924.00 |
| Andy Siegler | $230.00 | 20.30 | $4,669.00 |
|  | $240.00 | 2.10 | $504.00 |
| TOTAL |  | 166.10 | $39,322.00 |

### Summary of Professionals and Paraprofessionals

| PROFESSIONALS TOTALS: | BLENDED RATE | TOTAL HOURS BILLED | TOTAL COMPENSATION |
|---|---|---|---|
| Partners and Of Counsel | $697.40 | 2,808.20 | $1,959,116.00 |
| Associates | $463.71 | 1,320.70 | $612,426.50 |
| Paraprofessionals | $236.74 | 166.10 | $39,322.00 |
| **Blended Attorney Rate** | $622.95 | 4,295.00 |  |
| **Total Fees Incurred** |  |  | $2,610,864.50 |
| **Total Compensation Sought** |  |  | $2,580,865.12 |

---

[7] *See supra* note 1.

SNR Denton US LLP
Hugh M. McDonald
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 768 6700
Facsimile: (212) 768-6800

*Special Counsel for Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                       :

| | |
|---|---|
| In re | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

------------------------------------------------------------------x

**APPLICATION OF SNR DENTON US LLP,
AS SPECIAL COUNSEL FOR THE DEBTORS, FOR FINAL ALLOWANCE
OF COMPENSATION FOR PROFESSIONAL SERVICES RENDERED
AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES
<u>INCURRED FROM JANUARY 1, 2010 THROUGH MARCH 6, 2012</u>**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

      SNR Denton US LLP ("<u>SNR Denton</u>"), attorneys for Lehman Brothers Holdings Inc. ("<u>LBHI</u>") and its affiliated debtors in the above-referenced chapter 11 cases, as debtors in possession (together with LBHI, the "<u>Debtors</u>" and, collectively with their non-debtor affiliates, "<u>Lehman</u>"), for its final application (the "<u>Application</u>"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), for the allowance of compensation for professional services performed by SNR Denton for the period commencing January 1, 2010 through and including March 6, 2012 (the "<u>Total Compensation Period</u>"), and for reimbursement

of its actual and necessary expenses incurred during the Total Compensation Period, respectfully represents:

## JURISDICTION

1.	This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. sections 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). Venue of this case is proper in this district pursuant to 28 U.S.C. sections 1408 and 1409. The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

1.	Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.	On September 17, 2008, the U.S. Trustee appointed the Creditors' Committee pursuant to section 1102 of the Bankruptcy Code.

3.	On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970, as amended ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). James W. Giddens, Esq. is the trustee appointed to administer LBI's estate under the SIPA.

4.	On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner (the "Examiner") and by order, dated January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner. On March 11, 2010, the Examiner issued his report pursuant to

- 5 -

section 1106(b) of the Bankruptcy Code. On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

5. On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and on April 14, 2011, the Court entered an order amending the fee protocol (the "Amended Fee Protocol") to make recommendations with respect to fees and expenses of retained professionals in these cases.

6. Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

7. On August 4, 2010, the Debtors filed an Application Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Sonnenschein Nath & Rosenthal LLP, as Special Counsel to the Debtors, *Nunc Pro Tunc* to January 1, 2010 (Docket No. 10632, the "Retention Application"). Prior to retention, SNR Denton performed legal services on behalf of the Debtors as professionals used in the ordinary course of business, in compliance with the Court's Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated November 5, 2008 [Docket No. 1394] (the "OCP Order"). SNR Denton determined that it met the compensation limit for ordinary course professionals under the OCP Order on or about January 1, 2010, and accordingly filed the Retention Application. By way of the Retention Application, the Debtors requested authorization from the Court, to employ Sonnenschein Nath & Rosenthal LLP as special counsel to the Debtors, for which Sonnenschein Nath & Rosenthal LLP may perform

legal services from time to time, effective *nunc pro tunc* to January 1, 2010.  On August 19, 2010, the Court granted the Debtors' Application to employ Sonnenschein Nath & Rosenthal LLP as special counsel [Docket No. 10949].  Specifically, Sonnenschein Nath & Rosenthal LLP was engaged in the representation of the Debtors with respect to various real estate matters, including, in part, loan workouts and modifications, loan sales, real estate equity investments, real estate financings, enforcement of remedies under loan documentation, and negotiation of, and advice concerning, management agreements for REO properties (the "Representative Matters").

8. Effective September 30, 2010, Sonnenschein Nath & Rosenthal combined with Denton Wilde Sapte LLP (the "Combination").  As a result, the Firm changed its name to SNR Denton US LLP as of that effective date.

9. SNR Denton filed its first application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from January 1, 2010 through September 30, 2010 on December 14, 2010.

10. SNR Denton filed its second application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from October 1, 2010 through January 31, 2011 on April 15, 2011.

11. SNR Denton filed its third application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from February 1, 2010 through May 31, 2011 on July 15, 2011.

12. SNR Denton filed its fourth application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from June 1, 2011 through September 30, 2011 on December 14, 2011.

13. SNR Denton filed its fifth application for interim allowance of compensation for professional services rendered and reimbursement of actual and necessary expenses incurred from October 1, 2011 through March 6, 2012 on May 18, 2012.

**SUMMARY OF PROFESSIONAL COMPENSATION
AND REIMBURSEMENT OF EXPENSES REQUESTED**

14. This is SNR Denton's application for final allowance of compensation and reimbursement of expenses as a section 327(e) professional in these chapter 11 cases. SNR Denton seeks final allowance of compensation for professional services performed during its tenure as special counsel to the Debtors in the amount of $2,580,865.12 and for reimbursement of expenses incurred in connection with the performance of such services in the amount of $17,064.57. During the Total Compensation Period, SNR Denton attorneys and paraprofessionals expended a total of 4,295 hours in connection with the necessary services performed. Of the aggregate time expended, 2802 recorded hours were expended by partners and counsel of SNR Denton, 1320.7 recorded hours were expended by associates, and 166.1 recorded hours were expended by paraprofessionals of SNR Denton.

15. This Application and all prior interim applications have been prepared in accordance with the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on June 20, 1991 and the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (together the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

- 8 -

Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Interim Compensation Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines"). Pursuant to the Amended Fee Protocol, the Debtors will provide a copy of this Application to the Fee Committee and have provided copies of all prior interim applications to the Fee Committee.

16. The fees charged by SNR Denton in these cases were billed in accordance with SNR Denton's existing billing rates and procedures in effect during the respective periods. The rates SNR Denton charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases are the same rates SNR Denton charges for professional and paraprofessional services rendered in comparable bankruptcy and non-bankruptcy related matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in a competitive national legal market.

17. In the regular course of its business SNR Denton adjusts its billing rates from time to time. The rates described herein are SNR Denton's standard hourly rates for services of the type provided to the Debtors during the Total Compensation Period.

18. Accordingly, during the total Compensation Period, SNR Denton billed the Debtors for time expended by attorneys based on hourly rates ranging from $600 to $925 for partners and counsel, $265 to $550 for associates and $210 to $285 for paraprofessionals. Allowance of compensation in the amount requested would result in a blended hourly billing rate of approximately $622.95 (based on 4,128.90 recorded hours for attorneys at SNR Denton's regular billing rates in effect at the time of the performance of services).

19. There is no agreement or understanding between SNR Denton and any other person, other than members of the firm, for the sharing of compensation to be received for

- 9 -

services rendered in these cases. Except as explained immediately below, during the Total Compensation Period, other than pursuant to the Administrative Order, SNR Denton received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.

20.     Annexed hereto as Exhibit A is a certification regarding compliance with the Guidelines.

21.     Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule of SNR Denton professionals and paraprofessionals who have performed services for the Debtors during the Total Compensation Period, the capacities in which each such individual is employed by SNR Denton, the hourly billing rates charged by SNR Denton for services performed by such individuals, the year in which each professional was first licensed to practice law and the aggregate number of hours expended in this matter and fees billed therefore.

22.     Annexed hereto as Exhibit B is a schedule specifying the categories of expenses for which SNR Denton is seeking reimbursement, and the total amount for each such expense category. An itemized schedule of all such expenses will be provided to the Debtors, the Court, the attorneys for the Creditors' Committee, the U.S. Trustee, and the Fee Committee.

23.     Annexed hereto as Exhibit C, pursuant to the UST Guidelines, is a summary of SNR Denton's time records billed during the Total Compensation Period using project categories hereinafter described. SNR Denton maintains computerized records of the time spent by all SNR Denton attorneys and paraprofessionals in connection with the prosecution of the Debtors' chapter 11 cases. Copies of these computerized records will be furnished to the Debtors and, subject to redaction or modification for the attorney-client privilege where necessary to protect

the Debtors' estates, the Court, the attorneys for the Creditors' Committee, the U.S. Trustee, and the Fee Committee in the format specified by the UST Guidelines.

24. Annexed hereto as <u>Exhibit D</u> are SNR Denton's monthly invoices for the Total Compensation Period.

### SUMMARY OF SERVICES PERFORMED BY SNR DENTON DURING THE TOTAL COMPENSATION PERIOD

25. Descriptions of some of the more significant tasks performed by SNR Denton during the Total Compensation Period are set forth below.

26. <u>Real Estate- (Matters 21416248-0616-0618, -0766, -0795-0796, -0799, -0807, -0824, -0831-0832, -0836, -0838, -0851, -0855, -0864-0865, and -0866-0867 & 09807760-0006, -0008, -0011-0013, -0016, -0020-0024, -0028-0029, -0035, and -0039.</u>

- As of the Commencement Date, the Debtors and their affiliates had tens of billions of dollars invested in both the debt and equity of various hotel, commercial, and residential real estate projects. During the Total Compensation Period, SNR Denton continued to dedicate a significant amount of time to review the extensive documentation related to these projects and to implement the best available course of action for the Debtors' real estate assets. At any one time during the Total Compensation Period, SNR Denton's real estate team was engaged in analyzing aspects of several real estate and loan sale/modification transactions. SNR Denton's multidisciplinary team of professionals and extensive experience enabled the Debtors to expeditiously take the necessary actions to preserve the value of Debtors' real estate portfolio.
- For example, SNR Denton professionals conducted a foreclosure of the Ritz Carlton Hotel in Maui, Hawaii.
- In connection with the CalWest portfolio, SNR Denton professionals analyzed and advised the Debtors regarding their rights under the pooling and servicing agreement, the intercreditor agreement, and several other co-lending agreements with respect to approval or control of a proposed restructuring of the mortgage and other mezzanine loans. SNR Denton professionals also prepared a request

> letter to the lead note holder in the mezzanine D loan with respect to coordinating and pursuing enforcement actions.
> 
> - In connection with the Irvine Office Portfolio corporate loan, SNR Denton professionals advised the Debtors on various options to enforce its remedies against the borrower, the collateral, and the guarantor, including the process for conducting a UCC foreclosure.
> - In connection with the corporate loan secured by the John Hancock C Note, SNR Denton professionals coordinated the pay off of the loan and the transfer of the pledged collateral back to the borrower.
> - In connection with the CWCapital Rakes corporate loan, SNR Denton professionals analyzed and advised Lehman with respect to litigation risks and enforcement actions with respect to CWCapital's failure to provide a control agreement to Lehman for the pledged collateral, engaged in extended negotiations with CW Capital which resulted in the repayment of the corporate loan in full and the execution of mutual releases.
> - In connection with several other real estate holdings, SNR Denton professionals reviewed loan documents, participated in negotiations on behalf of the Debtors in connection with mortgage and mezzanine loan workouts, contemplated and advised the Debtors regarding potential foreclosures, provided enforcement analyses, put in place management agreements, and advised on various property transition issues.

27.     Additional professional services rendered by SNR Denton during the Total Compensation Period are described below:

> <u>Fee/Retention-Related Issues- Matter 09807760-0030.</u>
> 
> Firm's Own Billing/Fee Applications
> 
> - Prepared monthly fee statements and budgets in compliance with the Guidelines;
> - addressed various issues raised by the Fee Committee regarding SNR Denton's monthly fee statements for compensation, treatment of outstanding invoices and reimbursement; and
> - prepared and filed SNR Denton's five interim fee applications for compensation and reimbursement.

- 12 -

28. The professional services performed by SNR Denton were actual, necessary and appropriate to the administration of the Debtors' chapter 11 cases and were in the best interests of the Debtors and their stakeholders. Compensation for such services as requested is commensurate with the complexity, importance, and nature of the issues and tasks involved. The professional services were performed expeditiously and efficiently.

### ACTUAL AND NECESSARY DISBURSEMENTS OF SNR DENTON

29. As set forth in Exhibit B hereto, SNR Denton has disbursed $17,064.57 as expenses incurred in providing professional services during the Total Compensation Period. These expenses are reasonable and necessary.

30. While SNR Denton has not charged the Debtors for any overtime expenses, consistent with firm policy, attorneys and other employees of SNR Denton who worked late into the evenings or on weekends were reimbursed for their reasonable meal costs and their cost for transportation from the office to home. SNR Denton's regular practice is not to include components for those charges in overhead when establishing billing rates and to charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of services. The reimbursement amounts do not exceed those set forth in the U.S. Trustee Guidelines.

31. With respect to photocopying expenses, SNR Denton's domestic offices charge all of SNR Denton's clients $.10 per page for black-and-white copies. These charges are intended to cover SNR Denton's direct operating costs, which costs are not incorporated into the SNR Denton hourly billing rates. Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services.

32. In addition, on occasion, overnight delivery of documents and other materials was required. These disbursements are not included in SNR Denton's overhead for the purpose of

- 13 -

setting billing rates. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors, their estates, and creditors.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

33. Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." Id. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A)  the time spent on such services;
>
> (B)  the rates charged for such services;
>
> (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code];
>
> (D)  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under [the Bankruptcy Code].

Id. § 330(a)(3).

34. In the instant case, SNR Denton respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this application were necessary for and beneficial to the Debtors. The professional services were performed

- 14 -

expediently and efficiently.  The compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  Approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

**CONCLUSION**

35.     SNR Denton respectfully requests the Court (i) final allowance of compensation for professional services rendered and fees incurred during the Total Compensation Period in the amount of $2,597,929.69, consisting of $2,580,865.12, representing fees incurred during the Total Compensation Period, and reimbursement of $17,064.57, representing actual and necessary expenses incurred during the Total Compensation Period, and (ii) direct payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Administrative Order.

Dated: July 3, 2012
       New York, New York                SNR DENTON US LLP

                                         /s/ *Hugh M. McDonald*
                                         Hugh M. McDonald
                                         SNR Denton US LLP
                                         1221 Avenue of the Americas
                                         New York, New York 10020
                                         Telephone:  (212) 768 6700
                                         Facsimile:  (212) 768-6800

                                         *Special Counsel for Debtors and
                                         Debtors in Possession*