WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Harvey R. Miller
Lori R. Fife

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
:
In re : **Chapter 11 Case No.**
:
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : **08-13555 (JMP)**
:
Debtors. : **(Jointly Administered)**
:
-------------------------------------------------------------------x

## APPLICATION OF WEIL, GOTSHAL & MANGES LLP, AS ATTORNEYS FOR THE DEBTORS, FOR FINAL ALLOWANCE OF COMPENSATION FOR PROFESSIONAL SERVICES PERFORMED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FROM SEPTEMBER 15, 2008 THROUGH MARCH 5, 2012

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Weil, Gotshal & Manges LLP ("Weil"), attorneys for Lehman Brothers Holdings

Inc. ("LBHI") and its affiliated entities as debtors and debtors in possession in their chapter 11

cases (together with LBHI, the "Debtors"), for its final application, pursuant to section 330(a) of

title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules

of Bankruptcy Procedure (the "Bankruptcy Rules"), requests the allowance of final

compensation for professional services performed and reimbursement of its actual and necessary

expenses incurred from September 15, 2008 through March 5, 2012 (the "Compensation

Period"), and respectfully represents:

## PRELIMINARY STATEMENT

1.       At 1:45 a.m. on September 15, 2008 (the "Commencement Date"), LBHI's chapter 11 petition was filed by Weil.  This filing commenced what the Court has described as "the biggest, the most incredibly complex, the most impossibly challenging international bankruptcy that ever was." (Hr'g Tr. 68, Dec. 6, 2011.)  Overnight, and as a result of an incredible weekend of intense meetings and negotiations with federal regulators and others, LBHI, as the holding company for an integrated global enterprise consisting of the fourth largest investment bank in the United States, without preparation, devolved into adverse factions of affiliates and third-parties competing over billions of dollars of assets and a universe of undetermined liabilities that might have exceeded a trillion dollars.  The worldwide chaos that ensued presented the potential for multiple, protracted, complex, and expensive litigations among numerous conflicting claimants and regulators.  But in just three-and-a-half years, the Debtors confirmed, on a highly-consensual basis, their Modified Third Amended Joint Chapter 11 Plan (the "Plan"), which went effective on March 6, 2012.  Initial distributions were made in April 2012 to creditors totaling $22.5 billion – an outstanding result.

2.       Weil's services throughout the administration of the chapter 11 cases and, significantly, in formulating the Plan, reconciling the differences presented by the competing – and diametrically opposed – plans of the so-called Ad Hoc and OpCo Groups and obtaining plan support agreements "yielded the most overwhelming outpouring of creditor consensus in the history of insolvency law."  (*Id*. at 69.)  It was "a monumental achievement in [the insolvency] field, awe-inspiring, really, that . . . represents the highest and best use of Chapter 11 in the public interest."  (*Id.*)  The success and expeditious administration of these cases has been recognized throughout the legal and commercial worlds.

2

## BACKGROUND

3.        By order, dated November 21, 2008 [ECF No. 1660], the Court approved

the Debtors' application [ECF No. 758] to employ Weil as their attorneys to perform legal

services in the prosecution and administration of the chapter 11 cases.

4.        In accordance with all applicable orders and guidelines, Weil has filed ten

applications for allowances of interim compensation and reimbursement of expenses incurred

during the Compensation Period (the "Interim Applications").  The following chart identifies the

Interim Applications and the orders entered with respect to such applications:

|  | Application | | Order | |
| --- | --- | --- | --- | --- |
| First Interim Application | April 13, 2009 | ECF No. 3343 | August 13, 2009 | ECF No. 4795 |
| Second Interim Application | August 14, 2009 | ECF No. 4825 | April 9, 2010<br>April 9, 2010 | ECF No. 8205<br>ECF No. 8207 |
| Third Interim Application | December 14, 2009 | ECF No. 6205 | April 9, 2010 | ECF No. 8218 |
| Fourth Interim Application | April 16, 2010 | ECF No. 8395 | September 7, 2010 | ECF No. 11186 |
| Fifth Interim Application | August 16, 2010 | ECF No. 10791 | May 19, 2011 | ECF No. 16979 |
| Sixth Interim Application | December 15, 2010 | ECF No. 13496 | October 27, 2011 | ECF No. 21345 |
| Seventh Interim Application | June 2, 2011 | ECF No. 17347 | February 7, 2012 | ECF No. 25037 |
| Eighth Interim Application | August 15, 2011 | ECF No. 19269 | February 7, 2012 | ECF No. 25038 |
| Ninth Interim Application | December 16, 2011 | ECF No. 23489 | April 4, 2012 | ECF No. 27266 |
| Tenth Interim Application | May 21, 2012 | ECF No. 28001 | N/A | N/A |

5.        Each Interim Application includes schedules of Weil professionals and

paraprofessionals who performed services for the Debtors during the Compensation Period, the

capacity in which each such individual was employed by Weil, the legal department and

discipline in which each individual practiced, the hourly billing rate charged by Weil for services

performed by such individual, the year in which each professional was first licensed to practice

law and the aggregate number of hours expended by each individual in the performance of

services on behalf of the Debtors and the charges billed therefor.  The Interim Applications

3

describe in great detail the extensive services performed during each interim period.    The schedules attached to the Interim Applications categorize such services using descriptive project categories as requested by the Debtors, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") and the fee committee appointed in these cases (the "Fee Committee").    The Interim Applications also include schedules specifying the categories of expenses for which Weil is seeking reimbursement and the total amount for each such expense category.    Copies of voluminous, detailed time and itemized expense records were furnished to the Debtors, the Court, the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the U.S. Trustee, and the Fee Committee.    The Interim Applications and the various affidavits filed in support of Weil's retention are incorporated by reference as if set forth fully herein.[1]

## RELIEF REQUESTED

6.    Pursuant to section 330(a) of the Bankruptcy Code and Bankruptcy Rule 2016, Weil requests an allowance of $431,578,556.89 for final compensation for professional services performed and $11,153,196.11 for reimbursement of actual and necessary expenses incurred for the Debtors during the Compensation Period.    The final compensation and reimbursement requested by this Application includes the aggregate amounts that previously have been requested as part of the Interim Applications and which were partially allowed and paid as interim compensation, subject to the instant application.

---

[1] Weil filed affidavits in support of its retention on March 4, 2009 [ECF No. 2985], August 12, 2009 [ECF No. 4779], March 30, 2010 [ECF No. 7904], July 21, 2010 [ECF No. 10358], September 20, 2010 [ECF No. 11466], October 26, 2010 [ECF No. 12302], January 28, 2011 [ECF No. 14182] and January 20, 2012 [ECF No. 23489].    All required certifications were made in connection with the Interim Applications and are reaffirmed.

US_ACTIVE:\44023539\11\58399.0011

## THE REQUESTED FINAL COMPENSATION AND
## REIMBUREMENT OF EXPENSES SHOULD BE ALLOWED

7.        "[R]easonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses" may be allowed to professionals retained pursuant to section 327 of the Bankruptcy Code.   11 U.S.C. § 330(a)(1); *In re Value City Holdings, Inc.*, 436 B.R. 300, 304 (Bankr. S.D.N.Y. 2010) ("Under the Bankruptcy Code, a debtor or a committee may seek court approval to 'employ one or more . . . professional persons' to assist in the administration of its estate.   These professionals may then seek compensation in accordance with the standards set forth in section 330(a) of the Bankruptcy Code." (quoting 11 U.S.C. §§ 327(a), 328(a), 1103(a))).

8.        The requested compensation and reimbursement of expenses for Weil is fair and reasonable based on the extraordinary nature, extent and value of the services provided, the results achieved, and application of the criteria set forth in Bankruptcy Code section 330(a)(3) as applicable to these unique cases.   The professionals in each of Weil's twenty domestic and international offices were called upon to represent the interests of the Debtors, and many of their inextricably-related non-debtor affiliates, during the Compensation Period.   Such resources directly and significantly contributed to the results achieved in these cases.   Weil professionals and teams of specialized paraprofessionals devoted more than 747,000 hours to the performance of the actual and necessary services that allowed the administration of these chapter 11 cases to be brought to a successful conclusion.   As the lead attorneys in these cases, Weil worked extremely closely with the Debtors and their administrators, Alvarez and Marsal.   Weil developed and implemented strategies to:

- stabilize and protect the Debtors' diverse and often esoteric assets, including through litigations, in- and out-of-court restructurings, and sales;

5

- assist the Debtors in prosecuting and defending against multidisciplinary litigation around the globe, obtaining precedential decisions in unchartered areas of the law;

- obtain Court approval for numerous protocols that streamlined and enabled more efficient and expeditious processes to reconcile differences among adverse parties and to provide for the Debtors' asset management, claims reconciliation, and affirmative recoveries; and

- provide for a "transparent, fair and the remarkably successful process."  (Hr'g Tr. 69, Dec. 6, 2011.)

9.      The process gave parties confidence in dealing with the diverse and difficult issues raised by these exceptional cases and the over eighty foreign insolvency proceedings that were spawned by the Debtors' chapter 11 cases.  As evidenced by the results of any particular transaction, negotiation, or litigation, or the success of these cases as a whole, the services rendered by Weil were necessary and, indeed, essential to the administration of the Debtors and the chapter 11 cases and were extremely beneficial to all holders of allowed claims against the Debtors.  The extremely short administration period for cases of this magnitude and complexity is unparalleled.  Materially rewarding accomplishments were achieved through the extraordinary expertise, dedication and diligence of Weil's professionals and staff.  While the results of these chapter 11 cases are extraordinary and present a foundation for fee enhancement, Weil has determined to forego any such request.

10.      "Section 330 authorizes the bankruptcy court to award the retained professional 'reasonable compensation' based on an after-the-fact consideration of 'the nature, the extent, and the value of such services, taking into account all relevant factors.'"  *In re Smart World Technologies, LLC*, 552 F.3d 228, 232 (2d Cir. 2009) (quoting 11 U.S.C. 330(a)).  While the aggregate amount of Weil's fees and expenses is substantial, it is a product of, and directly related to, the aggregate value of the Debtors' assets and liabilities, the complexity of the issues addressed in these chapter 11 cases and the skill, time and effort required to address the myriad

6

US_ACTIVE:\44023539\11\58399.0011

issues that arose in connection with their administration.  In this District, courts generally apply the "lodestar" test to determine whether a professional's fees are reasonable under section 330 of the Bankruptcy Code.  *See In re Tyson*, 2005 WL 3789356*4 (Bankr. S.D.N.Y. 2005); *see also Goldberger v. Integrated Resources, Inc.,* 209 F.3d 43, 50 (2d Cir. 2000) ("[T]he lodestar approach is an accepted but nor exclusive methodology in common fund cases.").  The lodestar test, which was developed by the United States Supreme Court in *Blum v. Stenson*, 465 U.S. 886 (1984), provides that an attorney's fees are *prima facie* reasonable if they are the product of a reasonable number of hours multiplied by a reasonable billing rate.  *Tyson* at *4.

11.    Weil's requested compensation is consistent with the governing standard in this Circuit and is more than reasonable under section 330 of the Bankruptcy Code.  As set forth in the Interim Applications, Weil's hourly charges in these chapter 11 cases are the same rates Weil charges for services performed in comparable bankruptcy and non-bankruptcy related matters and are based on the customary compensation charged by comparably skilled practitioners.  Further, Weil's services, the majority of which were provided by a core team of professionals and staff intimately familiar with the Debtors' businesses, were provided in a highly efficient and timely manner that ultimately resulted in a remarkably brief administration period for such complex and huge cases.

12.    The compensation requested by Weil must be considered in the context of the aggregate assets and liabilities represented by the chapter 11 cases.  Projected recoveries for holders of allowed claims are expected to exceed $70 billion.  Total claims filed at one point exceeded $1.2 trillion and have been reduced to less than $500 billion.  Further reductions are expected.  Total projected asset recoveries and allowed claims in these chapter 11 cases are far in excess of realized assets and allowed claims of any other chapter 11 case in history.  As a

percentage of administered assets and recoveries, Weil's requested compensation is well within the range of fairness and reasonableness.

13.     Confirmation of the Plan, in little more than three years, in these largest, most incredibly complex, most impossibly challenging international chapter 11 cases could not have been achieved without the judgment, diligence, creativity, and tireless effort of Weil's professionals and staff.  Moreover, Plan confirmation and the many other important achievements that were highlighted in the Interim Applications and referred to herein are merely the public face of Weil's efforts.  As the Court has acknowledged, many other, equally significant services were performed outside of the courtroom.  (Hr'g Tr. 134, July 15, 2009.) The Interim Applications contain fulsome descriptions of all categories of services.  As the Interim Applications have been incorporated by reference herein, it is unnecessary and would be inefficient, duplicative and burdensome to repeat and restate the particular accomplishments achieved in the three-and-a-half year Compensation Period by Weil's Business Finance & Restructuring, Corporate, Litigation and Tax departments around the world.  The results achieved speak broadly and forcibly in support of this Application.

US_ACTIVE:\44023539\11\58399.0011

14.    Weil's services provided substantial benefits to the Debtors and all holders of allowed claims.  The final compensation requested by Weil is fair and reasonable, meets the prevailing standard for allowance in this jurisdiction, and is more than warranted in light of the results achieved.

WHEREFORE the Debtors respectfully request that the Court grant the allowance of final compensation and reimbursement of expenses requested by Weil and such other and further relief as is just.

Dated:  July 3, 2012
         New York, New York

/s/ Harvey R. Miller
Harvey R. Miller
Lori R. Fife

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers
Holdings Inc. and Certain of Its Affiliates

US_ACTIVE:\44023539\11\58399.0011