Page 1

1    UNITED STATES BANKRUPTCY COURT

2    SOUTHERN DISTRICT OF NEW YORK

3    Case No. 08-13555 (JMP)

4    - - - - - - - - - - - - - - - - - - - - - - - - - - - x

5    In the Matter of:

6

7    LEHMAN BROTHERS HOLDINGS, INC., et al.,

8

9              Debtors.

10

11   - - - - - - - - - - - - - - - - - - - - - - - - - - - x

12

13                     U.S. Bankruptcy Court

14                     One Bowling Green

15                     New York, New York

16

17

18                     June 28, 2012

19                     10:00 AM

20

21   B E F O R E :

22   HON JAMES M. PECK

23   U.S. BANKRUPTCY JUDGE

24

25

Page 2

1   Hearing re:  Status Conference on Debtors' Application to

2   Assume Executory Contracts and Unexpired Leases Identified

3   in Exhibit 2 to the Plan Supplement [ECF No. 21254]

4

5   Hearing re:  Debtors' One Hundred Eight-Seventh Omnibus

6   Objection to Claims (Misclassified Claims) [ECF No. 19817]

7

8   Hearing re:  Two Hundred Nine-Seventh Omnibus Objection to

9   Claims (Invalid or No Blocking Number LPS Claims) [ECF No.

10  27868]

11

12  Hearing re:  Debtors' Three Hundred Fourth Omnibus Objection

13  to Disallow and Expunge Certain Filed Proofs of Claim [ECF

14  No. 27875]

15

16  Hearing re:  Plan Administrator's Objection to Claims filed

17  by Kathleen Arnold and Timothy A. Cotton [ECF No. 27263]

18

19  Hearing re:  Motion to Dismiss Kathleen Arnold and Timothy

20  A. Cotten v. Lehman Holdings Inc., et al. [Adversary

21  Proceeding No. 11-01540]

22

23

24

25  Transcribed by:  Rebecca Sharp

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 3 of 27

Page 3

1    A P P E A R A N C E S :

2    WEIL, GOTSHAL & MANGES, LLP

3         Attorneys for Debtors

4         767 Fifth Avenue

5         New York, NY  10153

6

7    BY:  ROBERT J. LEMONS, ESQ.

8         MARK BERNSTEIN, ESQ.

9         ZAW WIN, ESQ

10

11

12   CHAPMAN AND CUTLER, LLP.

13        330 Madison Avenue, 34th Floor

14        New York, NY 10017-5010

15

16   BY:  CRAIG M. PRICE, ESQ.

17

18

19   KASOWITZ BENSON TORRES & FRIEDMAN, LLP

20        1633 Broadway

21        New York, NY 10019

22

23   BY:  MATTHEW STEIN, ESQ.

24

25

Page 4

1   APPEARED TELEPHONICALLY:

2        SASKIA VAN ROOY

3        ANATOLY BUSHLER

4        MICHAEL NEUMEISTER

5        ERIC A. SCHAFFER

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

08-13555-mg    Doc 29207    Filed 07/02/12    Entered 07/05/12 11:39:14    Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 5 of 27

Page 5

1                    P R O C E E D I N G S

2            THE CLERK:  All rise.

3            THE COURT:  Good morning.

4            MR. LEMONS:  Good morning, Your Honor.  Robert

5    Lemons from Weil Gotshal on behalf of Lehman Brothers

6    Holdings, Inc., and its affiliated Chapter 11 debtors.

7            With Your Honor's permission, we'll just go down

8    the order, on the order of the agenda.

9            THE COURT:  That's perfectly fine.

10           MR. LEMONS:  The first item on the agenda is a

11   status conference on the debtors' application to assume

12   executory contracts and unexpired leases identified on

13   Exhibit 2 of the Plan Supplement.  I just, you know, plan to

14   give Your Honor a brief update on where we are and what's

15   happening with those.

16           As Your Honor may recall, paragraph 30 of the

17   confirmation order provided that the hearing on the debtors'

18   assumption of executory contracts that were the subject of

19   objections, more than 150 at that time, would be adjourned

20   until February 14th of this year.  Subsequently the hearing

21   on that proposed assumption was adjourned until April 10th

22   of this year and then to June 26, 2012.  We've now adjourned

23   the hearing again to September 20, 2012.

24           The adjournments, Your Honor, are intended to

25   provide the debtors time to continue to work with the

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 6 of 27

Page 6

1   counterparties to address the counterparties' assumption

2   related concerns and hopefully resolve their, the issues

3   with the contracts in toto.  The process in our view has

4   been necessary because nearly all of the executory contracts

5   in question here are derivative contracts.  I think there

6   are only about six that are nonderivatives.  And many of the

7   derivatives contracts, as Your Honor is aware, involve

8   complicated and uncertain issues of law and fact.  So it's

9   certainly the debtors' desire to try to resolve as many of

10  these as possible consensually without bringing them to Your

11  Honor.

12          Many of these derivative contracts are also the

13  subject of ADR proceedings and of course informal

14  negotiations between the debtors and the counterparties.

15  The process so far, Your Honor, in our view has been very

16  successful.  As of the confirmation hearing there were more

17  than 150 objections pending relating to more than 675

18  executory contracts.  Since that time the debtors and a

19  number of the counterparties have entered into reservation

20  and rights agreements that have allowed the debtors to

21  resolve 82 objections relating to approximately 193 of the

22  executory contracts.  Many of these resolutions involve the

23  debtors' withdrawal of their request to assume the

24  applicable contracts and the parties agreeing that their

25  rights wouldn't be modified by that withdrawal.

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 7 of 27

Page 7

1            In addition, Your Honor, several counterparties

2    have agreed to withdraw their objections to assumption.

3    Inasmuch as we need an order to assume those contracts we

4    sought in this court, entered an order authorizing the

5    assumption of six executory contracts on March 19th of this

6    year.  And there is a pending notice of presentment of an

7    order to assume four more, which certain details of that are

8    being worked out with the parties at this point.

9            Additionally, Your Honor, since the confirmation

10   hearing 23 objections have by agreement between the parties

11   been adjourned without date to give the parties more time to

12   work through these issues without keeping us on Your Honor's

13   calendar.  Those deferred objections relate to approximately

14   209 executory contracts.

15           So to sum up sort of where we started and where we

16   are today, we originally had more than 150 objections

17   involving more than 675, the number might be actually closer

18   to 700 executory contracts.  Today we have 46 unresolved

19   objections involving approximately 290 executory contracts,

20   and 23 deferred objections involving approximately 290

21   contracts.

22           Since the confirmation hearing the debtors have

23   filed six notices of withdrawal or deferral of their

24   application.  These reflect the efforts I just described.

25   And exhibits showing the current sort of groups of resolved,

LEHMAN BROTHERS HOLDINGS, INC., et al.

Page 8

1   deferred, and unresolved objections were attached to the

2   agenda that was filed with the court for today's hearing.

3          In addition to the progress that I just described

4   the debtors have also made headway with trustees who filed

5   objections with respect to hundreds of contracts.  U.S. Bank

6   acting as a trustee has objected to the assumption of

7   approximately 100 executory contracts.  The debtors and U.S.

8   Bank have agreed to adjourn without a date the hearing on

9   the proposed assumption of 63 of these, and the debtors have

10  withdrawn their motion to assume six of these contracts.

11  Those are included and reflected in the numbers that I just

12  provided to the court.  Additionally U.S. Bank has agreed to

13  withdraw its objection to 17 more executory contracts.  That

14  will reduce the numbers I gave you by that amount.  And the

15  debtors expect that the balance of the executory contracts

16  that were subject to that objection and that have not

17  otherwise been resolved will be adjourned indefinitely,

18  assuming U.S. Bank is able to get the requisite

19  authorization that it needs to do that.

20         Additionally, BNY, or Bank of New York, acting as

21  trustee has objected to the assumption of approximately 140

22  executory contracts.  The debtors and Bank of New York are

23  in the process of establishing procedures to address the

24  concerns that Bank of New York has raised with regard to

25  each of these contracts.  And we are hopeful that we will be

Page 9

1    able to resolve all of those objections.  That will remove a

2    very large chunk of the remaining contracts.

3            Between now, in addition to those efforts between

4    now and the September 20th hearing date the debtors expect

5    to continue negotiating with the counterparties and, you

6    know, in any of the filed objections to try to resolve as

7    many as possible.  And we are optimistic that we will be

8    able to continue to make steady progress.  And in fact it is

9    my understanding that just yesterday we resolved entirely

10   the objection of another counterparty which I don't think is

11   reflected in the numbers that I provided you.

12           That is the end of my report, Your Honor.  I am

13   happy to answer any questions that you have.

14           THE COURT:  I have just a couple.  First of all, I

15   think it's a very encouraging report and I appreciate the

16   detail that you provided.  I do have a procedural question

17   that comes to mind as I'm hearing you describe adjournments

18   without date and indefinite adjournments.  What's the end

19   game here in terms of those matters that are not being

20   resolved by formal agreement?  Is there an expectation that

21   these matters will simply die a peaceful death in limbo

22   somewhere?  Or will there be a need for further hearings

23   with respect to those matters that have not been

24   definitively resolved?

25           MR. LEMONS:  Your Honor, I don't think we intend

08-13555-mg    Doc 29207    Filed 07/02/12    Entered 07/05/12 11:39:14    Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 10 of 27

Page 10

1    to let things die a peaceful death in limbo.  That doesn't

2    --

3             THE COURT:  That was simply a poetic way of

4    describing what might happen if we didn't have a firm date

5    for reckoning.

6             MR. LEMONS:  I think there have been sort of

7    specific agreements with each of those parties as to the

8    process to put something back on the calendar.  And it is

9    certainly our hope and desire, and we can, you know,

10   encouraging our clients to convey, to speak with each other

11   to try to resolve the issues so we don't reach that point.

12   If they are unable to resolve those, it is certainly

13   possible that they will have to be rescheduled for a hearing

14   on Your Honor's calendar.  But certainly our intention is,

15   and hope, is to avoid that as much as possible.

16            THE COURT:  I hope that happens as well.  Now let

17   me just, if I can get my mind around what's involved here,

18   have a better understanding as to what kinds of disputes

19   would be litigated, to the extent that we're unable to wrap

20   these things up consensually?  Qhat kinds of matters are we

21   going to be dealing with?  And are these issues that will be

22   presented as disputes for resolution as a matter of law?  Or

23   will they be factual disputes that will require what amounts

24   to a series of evidentiary hearings?

25            MR. LEMONS:  I think it will probably depend on

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 11 of 27

Page 11

1   the specific contracts.  I don't have a complete catalog of

2   the issues.  But to give Your Honor a flavor of some that

3   come to mind, that there, you know, have been objections to

4   the ability of the debtors to assume terminated contracts.

5            THE COURT:  Right.  I'm familiar with that.

6            MR. LEMONS:  For example.  Which I think is

7   probably largely a legal issue, although I'm frequently

8   surprised in this case when I think things are legal issues

9   that they evolve, or devolve depending on your perspective,

10  into factual issues, or mixed issues.  Other issues of

11  course are with respect to the live contracts.  People have

12  objected to the debtors' ability to cure the defaults and

13  provide adequate assurance of future performance.  There are

14  some contracts where there is a dispute as to whether the

15  contract was effectively terminated by the counterparty or

16  not, which adds an additional wrinkle on top of that.  There

17  are also a number of contracts, I don't know the exact

18  number, but where the counterparty asserts that it has a

19  claim against the debtor, and where the debtors believe that

20  either the counterparty has no claim, or I guess frankly

21  we're talking about ones we're trying to assume, the

22  debtors' believe that they have a claim against the

23  counterparty.  So in addition to the sort of first line

24  issues of whether the contract can be assumed or not, there

25  are also issues with respect to that specific contract and

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 12 of 27

Page 12

1    the disputes over, either factual or legal disputes, or who

2    owes who what amounts.

3              THE COURT:  Okay.

4              MR. LEMONS:  Those are the ones that come to mind

5    immediately.

6              THE COURT:  And then to the extent that you have

7    matters that are adjourned without date, and as you can tell

8    I'm somewhat concerned about that category.

9              MR. LEMONS:  Right.

10             THE COURT:  Because that seems to me to be a

11   category that isn't being addressed actively for the time

12   being and it may come back in the future.  Is there any

13   consideration that those matters will end up in alternative

14   dispute resolution, or some other means of resolution, or

15   avoid the necessity of a formal hearing?  Or is it too soon

16   to tell?

17             MR. LEMONS:  I think it's too soon to tell.  We

18   are trying to utilize the existing ADR procedures, which

19   really relate more to the underlying disputes in the

20   contracts.  If we reach a point in time where there is sort

21   of this, a thorny knot either of these indefinitely

22   adjourned contracts or, you know, ones where the objection

23   is still outstanding and we're not able to even move it into

24   that category, it may be that we're either discussing with

25   the counterparties or back in front of Your Honor to discuss

08-13555-mg  Doc 29207  Filed 07/02/12  Entered 07/05/12 11:39:14  Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 13 of 27

Page 13

1    some sort of ADR procedures to address the assumption issues

2    as well, perhaps, as underlying issues.  But we haven't

3    formally thought of that.  But as Your Honor knows we're

4    generally big fans and proponents of using ADR to try to

5    both avoid burdening the court with issues and also avoid

6    rolling the dice on some very uncertain legal and factual

7    issues.

8            THE COURT:  I'm a big fan of ADR myself.  One

9    observation, and I'm not sure if this applies to the

10   situation you have described or not, but in the LBI case

11   there are a number of what I'll call test cases that have

12   been presented by the trustee in which certain governing

13   issues that cross over into any number of claimants against

14   the LBI estate have been presented for judicial

15   determination as a class.  One possibility for you to

16   consider, I'm not suggesting that it in fact is applicable

17   in this setting, is to the extent you are unable to reach

18   agreements with regard to a certain category of contracts or

19   reach agreement with regard to certain legal issues as to

20   which there is at the moment no finding precedent,

21   conceivably these could be grouped and presented for

22   disposition pursuant to some stipulation which you might

23   work out.  I'm not encouraging it.  I'm simply identifying

24   it as another alternative.

25           MR. LEMONS:  I appreciate that suggestion, Your

08-13555-mg    Doc 29207    Filed 07/02/12    Entered 07/05/12 11:39:14    Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 14 of 27

Page 14

1    Honor.  And we will certainly keep that in mind as we are

2    working through the complex task.

3             THE COURT:  Okay, fine.  Thank you very much, Mr.

4    Lemons.  I appreciate your report.

5             MR. LEMONS:  You're welcome.  My –

6             THE COURT:  Someone wishes to be heard, however.

7             MR. STEIN:  Good morning, Your Honor.  Matthew

8    Stein, Kasowitz, Benson, Torres & Friedman, on behalf of a

9    number of note holders that have filed a joint objection and

10   that we call ourselves objecting note holders.

11            I just rise to key off Your Honor's first question

12   to counsel, basically saying that while we are fine with

13   the, we are, our contracts, we object to awarding the

14   contracts designated for a hearing on September 20th.  And

15   while we are fine with this adjournment, we reserved our

16   rights to object to any further adjournments of a hearing on

17   the ability to assume those contracts.

18            THE COURT:  That sounds like a reservation of

19   rights.

20            MR. STEIN:  Thank you.

21            MR. LEMONS:  With that, Your Honor, I will turn

22   the colleague over to my colleague -- or microphone over to

23   my colleague Mark Bernstein to --

24            THE COURT:  Okay, fine.

25            MR. LEMONS:  -- go through the uncontested

08-13555-mg    Doc 29207    Filed 07/02/12    Entered 07/05/12 11:39:14    Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 15 of 27

Page 15

1    matters.

2              MR. BERNSTEIN:  Good morning, Your Honor.  Mark

3    Bernstein from Weil Gotshal on behalf of Lehman Brothers

4    Holdings, Inc. and its affiliated Chapter 11 debtors.

5              We have a relatively short claims agenda for you

6    this morning.  There are two uncontested items and two

7    contested items, one of which has since been resolved.  So

8    there is actually only one contested item going forward

9    today.

10             Item number two on the agenda is the debtors' one

11   hundred eighty-seventh omnibus objection to claims.  That

12   objection was initially heard more than a year ago.  It

13   sought to reclassify claims that were filed as secured

14   claims as unsecured claims.  One of the claimant's on that

15   objection was WestLb.  They initially filed a response

16   opposing the objection based on the reservations of rights

17   that are included in the objections that the order has no

18   effect on any valid right to set off.  WestLb has agreed to

19   not prosecute their response.  As a result, they have agreed

20   to the entry of the order reclassifying their claim from

21   secured to unsecured.  And as a result we are going forward

22   on an uncontested basis and ask Your Honor to grant the one

23   hundred eighty-seventh omnibus objection as it relates to

24   the claim of WestLb.

25             THE COURT:  It is granted as to that claim.

LEHMAN BROTHERS HOLDINGS, INC., et al.

Page 16

1           MR. BERNSTEIN:  Thank you, Your Honor.  The item

2    number three is the debtors' two hundred ninety-seventh

3    omnibus objection to claims.  It sought to expunge claims

4    that had either invalid or no blocking numbers.  These are

5    structured, Lehman Program Securities claims which the bar

6    date order required blocking numbers.  This, we received

7    several responses to this objection and all those responses

8    have been adjourned to a future date.  We are going forward

9    today only on an uncontested basis.  There was one change to

10   the order to correct an error of one of the claim numbers in

11   one of the footnotes in the order.  The affected claimant

12   actually pointed this out to us and we agreed to make the

13   change.  And that is the only change to the order.

14   Otherwise, the order is exactly as it was attached to the

15   objection.  So this is also going forward on an uncontested

16   basis and we respectfully request Your Honor to grant the

17   objection.

18           THE COURT:  It's granted on an uncontested basis.

19           MR. BERNSTEIN:  Thank you, Your Honor.  Item

20   number four on the agenda which was initially listed as a

21   contested item is the debtors' three hundred fourth omnibus

22   objection to claims.  This sought to disallow and expunge

23   certain proofs of claim on the basis that they were

24   duplicative of other claims that are on the claims register.

25   These claims all relate to certain derivative contracts and

 1   reserve fund agreements that were entered into between LBSF

 2   and certain issuers of municipal or other bonds or the

 3   borrowers of those bonds.  In this case the issuers and the

 4   borrowers filed claims for the amounts due under those

 5   agreements.  They are the proper parties under those

 6   agreements to collect amounts due.  The indentured trustees

 7   for those bond issuances also filed claims to collect the

 8   same amounts due under those same agreements.  U.S. Bank

 9   filed a response asserting that their claim was, agreeing

10   that it was largely duplicative of the claims of the

11   borrowers or the issuers.  However, they also asserted in

12   their claim that they may be entitled to fees or expenses

13   under those agreements.  The debtors do not think that is

14   the case.  However, it is a portion of their claim that

15   actually is not duplicative of the other claims.  And as a

16   result we reached an agreement with U.S. Bank that the U.S.

17   Bank claims will be expunged and disallowed solely to the

18   extent they relate to amounts due under the agreements that

19   are not for fees and expenses of U.S. Bank.  And the U.S.

20   Bank claims will remain on the claims register at this time

21   in unliquidated amounts subject to further objection or

22   their further rights to amend the claim.

23          So we have a revised order which I can hand up to

24   Your Honor which has been accepted by U.S. Bank.  And as a

25   result this is going forward on an uncontested basis.

LEHMAN BROTHERS HOLDINGS, INC., et al.

Page 18

```
 1            THE COURT:  Okay.  Fine.  You can hand that up.
 2    Thank you.  Is there anyone here in person or by phone on
 3    behalf of U.S. Bank who wishes to comment or confirm what
 4    has just been stated by Mr. Bernstein?
 5            MR. PRICE:  Good morning, Your Honor.  Craig Price
 6    from Chapman and Cutler on behalf of U.S. Bank National
 7    Association.  And I would confirm what Mr. Bernstein said.
 8            THE COURT:
 9            MR. PRICE:  We are fine with the order.
10            THE COURT:  Fine.  All right.  The order will be
11    entered.
12            MR. BERNSTEIN:  Thank you, Your Honor.  The last
13    item on the agenda will be handled by my colleague Zaw Win.
14            MR. WIN:  Good morning, Your Honor.  Zaw Win, Weil
15    Gotshal & Manges, for Lehman Brothers Holdings, Inc.  The
16    final matter on the agenda is the consolidated hearing on
17    LBI's motion to dismiss adversary proceeding number 11-0154
18    and the plan administrator's objection to the claims filed
19    by Timothy Cotten and Kathleen Arnold.
20            LBHI's motion to dismiss was filed on May 9, 2011.
21    And at a hearing on June 15, 2011 the court suggested that
22    it was inclined to dismiss the adverse proceeding but agreed
23    to defer a final decision so that Arnold and Cotten would
24    have an opportunity to obtain legal counsel.  More than a
25    year has now passed and Arnold and Cotten have still not
```

LEHMAN BROTHERS HOLDINGS, INC., et al.

Page 19

1    responded to LBHI's motion to dismiss.

2              On April 3, 2012 the plan administrator filed its

3    objection to the claims filed by Arnold and Cotten.  The

4    claims objection was scheduled for hearing on May 31, 2012.

5    Arnold and Cotten filed a request for additional time to

6    respond to the claims objection on April 30th.  And at the

7    May 31st hearing the court instructed the plan administrator

8    to schedule a consolidated hearing on the motion to dismiss

9    the adverse proceeding and the claims objection.

10             Accordingly, the consolidated hearing was

11   scheduled for today.  And June 21, 2012 was established as

12   the deadline by which Arnold and Cotten were required to

13   respond both to the claims objection and to the motion to

14   dismiss.  No responses or other pleadings were filed by the

15   response deadline or thereafter.

16             Arnold and Cotten have been provided with more

17   than adequate time to respond in each of these matters.  The

18   debtors' estate should not be required to continue to incur

19   legal expenses to oppose these claims which, as set forth in

20   our papers, are entirely without merit, and with respect to

21   which Arnold and Cotten seem to be disinterested in

22   pursuing.  Unless the court has any questions the plan

23   administrator respectfully requests that the court dismiss

24   the adversary proceeding and also grant the plan

25   administrator's motion to dismiss.

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 20 of 27

Page 20

 1            THE COURT:  I have a couple of questions relating

 2    to notice.  I recognize that notice went out in the ordinary

 3    course.  But was there any contact made by debtors' counsel

 4    or by any representative of the debtors to either Kathleen

 5    Arnold or Timothy Cotten with reference to today's hearing?

 6    And in effect the same question in a different form.  Did

 7    either of these individuals reach out to counsel or

 8    communicate with counsel in any manner with regard to the

 9    issues before the court today?

10            MR. WIN:  Yes, Your Honor.  I sent Mr. Cotten an

11    email at an email address that I previously used to

12    communicate with him earlier this week notifying him again

13    about the hearing and did not receive a response.

14    Additionally, I have not received any communication from Mr.

15    Arnold or -- excuse me, Ms. Arnold or Mr. Cotten.

16            THE COURT:  Okay.  Let me just inquire, because

17    there are occasions when individuals participate by

18    telephone, if either Kathleen Arnold or Timothy Cotten are

19    on the telephone this morning?  I hear no response and I

20    don't see them in court.  So this is a matter which is

21    uncontested both in terms of papers filed of record and

22    uncontested in terms of personal appearance.  Under the

23    circumstances I'm going to recite into the record a

24    procedural history with reference to this.  And enter my

25    ruling orally.  And I'm going to request that counsel obtain

Page 21

1    a copy of the transcript and provide actual notice through

2    ordinary channels to these claimants and plaintiffs of the

3    court's ruling.

4              On February 25, 2011 Kathleen Arnold and Timothy

5    Cotten, as pro se litigants, commenced adversary proceeding

6    number 11-01540 by filing a complaint against Lehman

7    Brothers Holdings, Inc. in this court.  The court held an

8    initial case conference in the adversary proceeding on April

9    13, 2011.  At that time the court directed the parties to

10   confer with each other and prepare a briefing schedule.  The

11   parties advised the court of their agreed deadlines for

12   responsive papers and a hearing date.

13             On April 21 the plaintiffs filed an amended

14   complaint.  LBHI moved to dismiss the amended complaint on

15   May 9, 2011.  At a hearing on May 18, 2011 the court urged

16   plaintiffs to engage counsel.  In order to allow more time

17   for them to do so the court scheduled a hearing on the

18   motion to dismiss for July 20, 2011 with responsive papers

19   due on July 8.

20             At a hearing on Jun 15, 2011 plaintiffs reported

21   that they had not yet retained counsel but expressed that

22   they wished to do so.  The court agreed to provide

23   plaintiffs with additional time to respond to the motion to

24   dismiss.  The court explained at that time, "due process

25   involves predictability, schedules that people comply with,

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 22 of 27

Page 22

1    fair notice to your adversary, and an opportunity before an

2    unbiased tribunal to be heard."  The court further explained

3    that plaintiffs would have that right, "but that means

4    answering the motion to dismiss.  And if you are doing it

5    without a lawyer it will be by a date that either I set or

6    that you agree to with your adversary.  If you can't reach

7    an agreement as to when that will be I will set the date."

8    That's a reference to the transcript of the hearing that

9    took place on June 15, 2011.  To date plaintiffs have not

10   notified the court that they have retained counsel, nor have

11   they responded to LBHI's motion to dismiss.

12            On April 3, 2012 LBHI as plan administrator under

13   the modified third amended joint Chapter 11 plan of Lehman

14   Brothers Holdings, Inc. and its affiliated debtors filed an

15   objection to certain claims filed by Ms. Arnold and Mr.

16   Cotten.  On April 30, 2012 Ms. Arnold and Mr. Cotten filed a

17   request for additional time to respond to that claims

18   objection.

19            At a hearing on May 31, 2012 the court instructed

20   LBHI to schedule this consolidated hearing on the motion to

21   dismiss and the claims objection.  On June 7, 2012 LBHI

22   filed a notice of consolidated hearing on Lehman Brothers

23   Holdings, Inc.'s motion to dismiss adversary complaint, and

24   plan administrator's objection to claims filed by Kathleen

25   Arnold and Timothy A. Cotten.  The notice stated that

08-13555-mg   Doc 29207   Filed 07/02/12   Entered 07/05/12 11:39:14   Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 23 of 27

Page 23

1   responses to the motion to dismiss or the claims objection

2   were to be filed on or before June 21, 2012.  The notice

3   also stated that failure to timely file and serve a response

4   could result in the granting of the relief of question by

5   default and dismissal of the adversary proceeding.

6           LBHI filed the notice on the docket of both the

7   LBHI Chapter 11 cases and adversary proceeding number 11-

8   01540.  According to the affidavit of service sworn to on

9   June 8, 2012, LBHI sent the notice by overnight mail to both

10  Ms. Arnold and Mr. Cotten.  Ms. Arnold and Mr. Cotten have

11  filed no responsive pleadings in accordance with the notice.

12  Furthermore, as noted on the record today neither Ms. Arnold

13  nor Mr. Cotten are physically present in court, nor are they

14  participating in this hearing by telephone.  As a result

15  plaintiffs have failed to respond and are in default.  This

16  is true despite repeated adjournments that have occurred

17  over the past approximately 14 months.  Accordingly the

18  motion to dismiss is granted as uncontested.  Moreover, as a

19  result of the failure of Ms. Arnold and Mr. Cotten to

20  respond in a substantive manner to the claims objection that

21  objection is sustained.  Claim numbers 234534313 and 34320

22  are disallowed and shall be expunged from the claims

23  register.

24           I also note, and this is purely a matter of

25  coincidence I suspect, that the binder for today's hearing

Page 24

1    includes a copy of a decision that I was not aware of prior

2    to my preparation for today's hearing.  And that's a

3    decision of District Judge Roger Titus which is dated June

4    14, 2011.  That decision was rendered in civil case number

5    RWT07-2617 in the United States District Court for the

6    District of Maryland in a litigation brought by Kathleen

7    Arnold and Mr. Cotten against CitiMortgage, Inc. and other

8    defendants.  Without going into the substance of that

9    decision, Judge Titus on that day, which coincidentally is

10   one day before the last hearing when I heard from these

11   plaintiffs, denied plaintiff's Rule 60(b) motion as being

12   without merit.

13           I am unable to tell by virtue of the conduct of

14   the plaintiffs whether they have as a result of that

15   decision concluded that it is no longer worth prosecuting

16   their claims in any court.  But that is a possible

17   conclusion that one might draw from the facts and

18   circumstances.  Moreover, the decision by District Judge

19   Titus appears to constitute an on the merits determination

20   that the claims of these plaintiffs, as least as to the

21   defendants before him, were in all respects without merit.

22           My decision is purely procedural and is based upon

23   the failure of these individuals to respond after proper

24   notice.  Accordingly this constitutes the ruling of the

25   court, the adversary proceeding is dismissed, and the claims

08-13555-mg    Doc 29207    Filed 07/02/12    Entered 07/05/12 11:39:14    Main Document
LEHMAN BROTHERS HOLDINGS, INC., et al.
Pg 25 of 27

Page 25

1    are expunged.

2            MR. WIN:  Thank you, Your Honor.  That concludes

3    today's agenda.

4            THE COURT:  Fine.  We are then adjourned.

5            (Whereupon, proceedings concluded at 10:36 a.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    I N D E X

 2

 3                    RULINGS

 4                                        Page     Line

 5   Debtors' One Hundred Eight-Seventh     15       25

 6   Omnibus Objection to Claims

 7

 8   Debtors' Two Hundred Nine-Seventh      16       18

 9   Omnibus Objection to Claims

10

11   Debtors' Three Hundred Fourth         18       11

12   Omnibus Objection to Disallow

13   and Expunge Certain Filed

14   Proofs of Claim

15

16   Plan Administrator's Objection        23       21

17   To Claims filed by Kathleen

18   Arnold and Timothy A. Cotten

19

20   Motion to Dismiss Kathleen Arnold     23       18

21   and Timothy A. Cotten v. Lehman

22   Holdings Inc., et al.

23

24

25
```

LEHMAN BROTHERS HOLDINGS, INC., et al.

Page 27

1                    C E R T I F I C A T I O N

2

3    I, Rebecca Sharp, certified that the foregoing transcript is

4    a true and accurate record of the proceedings.

5

6    Rebecca Sharp
                              Digitally signed by Rebecca Sharp
                              DN: cn=Rebecca Sharp, o=Veritext,
7                             ou, email=digital@veritext.com, c=US
                              Date: 2012.07.02 15:19:28 -04'00'
8

     Rebecca Sharp

9

10

11

     Veritext

12

     200 Old Country Road

13

     Suite 580

14

     Mineola, NY 11501

15

16

     Date:  July 2, 2012

17

18

19

20

21

22

23

24

25