**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------X
                                              :

In re                                    :           **Chapter 11 Case No.**
                                         :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.* **:**    **08-13555 (JMP)**
                                       :

          **Debtors.**           :           **(Jointly Administered)**
                                         :
-------------------------------------------------------------------------X

**SUMMARY STATEMENT FOR FINAL FEE APPLICATION OF**
**BINGHAM McCUTCHEN LLP, SPECIAL COUNSEL FOR THE**
**DEBTORS, FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

| | |
|---|---|
| **Name of Applicant:** | Bingham McCutchen LLP |
| **Time Periods:** | September 15, 2008 through March 6, 2012 |
| **Role in the Case:** | Bingham McCutchen LLP is Retained as Special Counsel to the Debtors Under Section 327(e) of the Bankruptcy Code |
| **Current Application:** | Total Fees Requested:  $23,211,984.57 |
| | Total Expenses Requested:  $1,552,282.58 |
| **Prior Applications:** | First Interim Fee Application Dated April 9, 2009 |
| | Second Interim Fee Application Dated August 14, 2009 |
| | Third Interim Fee Application Dated December 14, 2009 |
| | Fourth Interim Fee Application Dated April 16, 2010 |
| | Fifth Interim Fee Application Dated August 16, 2010 |
| | Sixth Interim Fee Application Dated December 14, 2010 |
| | Seventh Interim Fee Application Dated May 31, 2011 |
| | Eighth Interim Fee Application Dated August 15, 2011 |
| | Ninth Interim Fee Application Dated December 14, 2011 |
| | Tenth Interim Fee Application Dated May 21, 2012 |
| **This Application is:** | _____ Interim   _X_ Final |

## Professional Fees Accrued During Compensation Period[1]

| Name | Admission Date | Position | Hours | Fees Accrued |
|---|---|---|---:|---:|
| Alter, Jonathan | 1989 | Partner | 3.00 | $2,825.50 |
| Arnholz, John | 1986 | Partner | 5.00 | $4,930.00 |
| Blanchard, Jr., Hartman E. | 1994 | Partner | 1,377.30 | $1,016,911.00 |
| Bowers, Christopher P. | 1999 | Partner | 2,743.80 | $2,440,773.50 |
| Bridgeman, James D. | 1981 | Partner | 230.60 | $226,335.00 |
| Brockway, David H. | 1972 | Partner | 425.50 | $436,833.25 |
| Brody, Steven G. | 1987 | Partner | 87.50 | $79,887.50 |
| Buch, Ronald L. | 1993 | Partner | 570.10 | $460,678.25 |
| Carpenter-Holmes, Amy | 1998 | Partner | 0.60 | $451.50 |
| Cejudo, William P. | 1998 | Partner | 5.50 | $4,658.50 |
| Curtin, David J. | 1972 | Partner | 0.40 | $438.00 |
| Davis, Richard L. | 2000 | Partner | 4.70 | $2,961.00 |
| Dawkins, Mark | 1985 | Partner | 12.30 | $10,762.50 |
| Desmond, Michael | 1994 | Partner | 163.00 | $148,243.00 |
| Dillon, Sheri A. | 1999 | Partner | 1,853.50 | $1,539,892.75 |
| Eckas, Scott E. | 1990 | Partner | 8.20 | $6,549.00 |
| Farmer, Scott | 1989 | Partner | 1.00 | $995.00 |
| Fitzgerald, Brian W. | 1981 | Partner | 1.00 | $785.00 |
| Gainor, Edward E. | 1992 | Partner | 4.95 | $4,475.75 |
| Gouwar, James A. | 1988 | Partner | 1.20 | $1,160.50 |
| Gross, Robert J. | 1988 | Partner | 22.40 | $16,800.00 |
| Howard, Jasper A. | 1989 | Partner | 12.60 | $12,284.00 |
| Huffman, Gary R. | 1988 | Partner | 0.80 | $776.00 |
| Johnson, Jeffrey R. | 1993 | Partner | 257.20 | $193,238.00 |
| Katcher, Robert A. | 1978 | Partner | 18.00 | $18,059.50 |
| Kingsley, Darius | 1995 | Partner | 2.50 | $1,762.50 |
| Klippert, Barbara D. | 1976 | Partner | 0.80 | $692.00 |
| Kroll, Amy | 1992 | Partner | 11.70 | $8,541.00 |
| Leonard, Robert G. | 1986 | Partner | 2.40 | $2,064.00 |
| Levy, Michael | 1997 | Partner | 113.30 | $102,617.75 |
| Leyva, Natan J. | 2000 | Partner | 1,133.90 | $876,395.00 |
| Madan, Raj | 1993 | Partner | 2,985.80 | $2,648,954.00 |
| Magee, John B. | 1972 | Partner | 94.40 | $93,923.00 |
| McGrath, James C. | 1993 | Partner | 7.40 | $5,032.00 |
| McKee, Bill | 1970 | Partner | 0.30 | $328.50 |
| Morreale, Peter C. | 1994 | Partner | 1.00 | $760.00 |
| Nelson, William F. | 1972 | Partner | 5.40 | $5,627.00 |
| O'Brien, Michael P. | 1975 | Partner | 0.50 | $447.50 |
| Sadler, Tim P. | 1975 | Partner | 28.50 | $18,382.50 |
| Salmons, David B. | 1998 | Partner | 16.80 | $13,602.50 |
| Sharon, Craig A. | 1988 | Partner | 3.00 | $3,420.00 |

---

[1] For billing rates for individual professionals and paraprofessionals, please see Exhibit B.

| Name | Admission Date | Position | Hours | Fees Accrued |
|---|---|---|---|---|
| Stark, Richard C. | 1994 | Partner | 1.30 | $1,066.00 |
| Sweet, Charles A. | 1986 | Partner | 18.10 | $16,401.00 |
| | **Partner Total** | | **12,237.25** | **$10,431,720.25** |
| | | | | |
| | | | | |
| Armitage, J. Clark | 1991 | Of Counsel | 153.90 | $149,112.00 |
| Boelitz, Anna M. | 1997 | Of Counsel | 4.60 | $2,921.00 |
| Buddhdev, Sheena | 1999 | Of Counsel | 49.80 | $35,607.00 |
| Goldman, Gerald | 1968 | Of Counsel | 126.30 | $125,556.00 |
| Greer, Stefanie | 2002 | Of Counsel | 191.30 | $123,549.50 |
| Gross, Robert J. | 1998 | Of Counsel | 28.00 | $18,474.50 |
| Jewett, Susan | 1977 | Of Counsel | 1.00 | $950.00 |
| Kliegman, Matthew I. | 1996 | Of Counsel | 5.70 | $3,933.00 |
| Plank, Thomas | 1975 | Of Counsel | 0.30 | $313.50 |
| Weisbach, David | 1991 | Of Counsel | 0.80 | $836.00 |
| | **Of Counsel Total** | | **561.70** | **$461,252.50** |
| | | | | |
| | | | | |
| Herald, Asa J. | 2002 | Counsel | 2.30 | $1,529.50 |
| Lawson, Matthew J. | 2005 | Counsel | 6.10 | $3,782.00 |
| Marcus, David | 1995 | Counsel | 0.40 | $116.00 |
| Martin, Elizabeth L. | 2004 | Counsel | 48.90 | $32,185.00 |
| Neuberg, Elisabeth | 2003 | Counsel | 1.50 | $1,042.50 |
| | **Counsel Total** | | **59.20** | **$38,655.00** |
| | | | | |
| | | | | |
| Amanti, Lena M. | 2004 | Associate | 206.70 | $128,304.00 |
| Anglin, Raechel Keay | 2008 | Associate | 29.10 | $13,677.00 |
| Bahar, Ardrelle | 2001 | Staff Attorney | 404.50 | $146,011.00 |
| Banvard, Honor | 2008 | Associate | 286.70 | $127,833.50 |
| Carroll, Tom | 2009 | Associate | 18.60 | $6,138.00 |
| Chen-Young, Claudine | 2003 | Associate | 74.20 | $44,593.50 |
| Cox, Sean A. | 2010 | Associate | 16.50 | $6,096.00 |
| Davis-Diehl, Joseph | 2008 | Associate | 12.10 | $4,560.00 |
| El-Mallawany, Deana | 2008 | Associate | 23.40 | $14,274.00 |
| Flaherty, Renee D. | 2012 | Associate | 179.70 | $84,422.50 |
| Glass, Jason E. | 2009 | Associate | 68.80 | $24,890.50 |
| Goff, Bryan P. | 2008 | Associate | 41.80 | $15,048.00 |
| Hagan, Robert Patrick | 2007 | Associate | 82.40 | $44,502.00 |
| Herald, Asa J. | 2002 | Associate | 4.40 | $2,926.00 |
| Hintmann, Brooke E. | 2002 | Associate | 708.40 | $459,190.00 |
| Janiga, Matthew | 2009 | Associate | 14.70 | $5,535.00 |
| Jaramillo, Victor | 2008 | Associate | 612.90 | $256,350.50 |
| Killian, Bryan M. | 2006 | Associate | 16.30 | $10,082.00 |
| Kim, Minsoon Sharon | 2003 | Associate | 2.50 | $1,387.50 |
| King, Micah | 2005 | Associate | 252.00 | $127,264.00 |

| Name | Admission Date | Position | Hours | Fees Accrued |
|---|---|---|---|---|
| Kitchin, Miles | 2010 | Associate | 102.40 | $39,879.00 |
| Krause, Arielle S. | 2007 | Associate | 43.80 | $18,323.50 |
| Kummer, Michael | 2008 | Associate | 377.70 | $177,222.50 |
| Laughlin, Anne M. | 2008 | Associate | 561.30 | $241,149.00 |
| Leonard, Bob | 2007 | Associate | 1,208.90 | $609,345.50 |
| Levin, Michelle Abroms | 2005 | Associate | 36.10 | $20,154.00 |
| Leyland, Jessica | 2007 | Associate | 2.80 | $1,190.50 |
| Lo, Audrey | 2007 | Associate | 88.40 | $47,841.50 |
| Lu, Karen | 2007 | Associate | 147.90 | $80,274.00 |
| Margulies, Oren P. | 2006 | Associate | 1,215.30 | $674,666.00 |
| Martin, Alexis | 2010 | Associate | 13.10 | $6,419.00 |
| Martin, Elizabeth L. | 2004 | Associate | 1.40 | $1,001.00 |
| Mears, Veronica | 2008 | Associate | 181.90 | $80,695.00 |
| Mezei, Saul | 2003 | Associate | 612.50 | $346,413.50 |
| Mohan, Anand | 2008 | Associate | 62.70 | $25,751.50 |
| Muaddi, Jawad | 2008 | Associate | 18.30 | $6,588.00 |
| Murdock, John | 1999 | Staff Attorney | 212.80 | $78,736.00 |
| Murphy, Christopher P. | 2007 | Associate | 85.10 | $39,980.00 |
| Otero, Kevin | 2005 | Associate | 1,045.60 | $645,165.00 |
| Pai, Sarah | 2007 | Associate | 201.80 | $84,863.50 |
| Peppelman, David J. | 2008 | Associate | 231.40 | $125,531.00 |
| Phelan, Todd | 2008 | Associate | 6.90 | $2,725.50 |
| Rankin, Kiara L. | 2007 | Associate | 4,618.00 | $2,479,190.50 |
| Redmond, Lothlorien S. | 2005 | Associate | 6.90 | $4,083.00 |
| Robins, Sima Gavriella | 2009 | Associate | 8.80 | $4,884.00 |
| Santamaria, Monisha | N/A | Summer Associate | 48.10 | $0.00 |
| Schatz, Brian D. | 2009 | Associate | 163.20 | $93,304.50 |
| Schonholz, Matthew | N/A | Summer Associate | 13.10 | $3,340.50 |
| Sheckler, John O | 2007 | Staff Attorney | 89.90 | $33,263.00 |
| Smith, David K. | 2008 | Associate | 14.80 | $7,252.00 |
| Sosna, Daniel | 2010 | Associate | 457.10 | $216,190.00 |
| Speaker, Michael P. | 2003 | Associate | 1.30 | $721.50 |
| Strawbridge, Patrick | 2004 | Associate | 2.70 | $1,755.00 |
| Stults, Kevin R. | 2005 | Associate | 4,322.40 | $2,553,032.00 |
| Sundar, Smitha | 2010 | Associate | 33.60 | $16,464.00 |
| Tatarowicz, Chris | 2009 | Associate | 53.40 | $17,622.00 |
| Taylor, Victoria | 2008 | Associate | 46.80 | $27,857.00 |
| Tidwell, Royce | 2007 | Associate | 869.90 | $470,398.75 |
| Ussing, C. Terrell | N/A | Summer Associate | 18.30 | $0.00 |
| Wacker, Nathan P. | 2010 | Associate | 681.60 | $303,490.00 |
| Walsh, Suzanne M. | 2005 | Associate | 17.80 | $10,502.00 |
| Wideman, Lauren B. | 2009 | Associate | 102.90 | $49,808.50 |
| Wilkins, Nicholas | 2011 | Associate | 498.90 | $233,959.00 |
| Wilson, Justin T. | 2007 | Associate | 737.70 | $318,652.50 |
| Wright, Hannah | 2008 | Associate | 10.40 | $3,120.00 |
| Zawitz, David | 2008 | Associate | 14.50 | $5,772.50 |

| Name | Admission Date | Position | Hours | Fees Accrued |
|------|---------------|----------|-------|--------------|
| | **Associate and Staff Attorney Total** | | **22,345.90** | **$11,731,661.75** |
| | | | | |
| | | | | |
| Bohls, Dawn | N/A | Library Researcher | 146.30 | $48,489.00 |
| Dana, Anne M. | N/A | Library Researcher | 0.30 | $70.50 |
| Gristwood, Rachel | N/A | Library Researcher | 1.00 | $110.00 |
| Hall, Kevin B. | N/A | Library Researcher | 1.00 | $220.00 |
| Humphreys, Amber | N/A | Library Researcher | 2.70 | $540.00 |
| Jordan, Melissa | N/A | Library Researcher | 0.20 | $44.00 |
| Lemire, Roger A. | N/A | Library Researcher | 1.00 | $220.00 |
| Newton, Rebecca | N/A | Library Researcher | 0.50 | $132.50 |
| Palmer, Lynne S. | N/A | Library Researcher | 0.40 | $88.00 |
| Whorton, Tanya | N/A | Library Researcher | 2.70 | $877.50 |
| | **Library Researcher Total** | | **156.10** | **$50,791.50** |
| | | | | |
| | | | | |
| Bhagroo, Tony | N/A | Litigation Support | 1.50 | $330.00 |
| Campbell, Chad W. | N/A | Litigation Support | 461.90 | $125,580.00 |
| Currin, Alan | N/A | Litigation Support | 466.20 | $147,406.50 |
| Flickinger, Peter F. | N/A | Litigation Support | 25.50 | $6,072.00 |
| Metcalfe, Jonathon | N/A | Litigation Support | 17.90 | $5,298.50 |
| Neal, Stephen | N/A | Litigation Support | 99.30 | $26,178.50 |
| Sutton, Levon | N/A | Litigation Support | 0.50 | $132.50 |
| Zukowski, Todd | N/A | Litigation Support | 39.00 | $9,188.50 |
| | **Litigation Support Total** | | **1,111.80** | **$320,186.50** |
| | | | | |
| | | | | |
| Brooks Jr., Gary | N/A | Paralegal | 2.00 | $430.00 |
| Bruce, Meredith | N/A | Paralegal | 0.40 | $78.00 |
| Capato, Gina M. | N/A | Paralegal | 98.20 | $34,173.50 |
| Carrera, Alex | N/A | Paralegal | 7.50 | $2,012.50 |
| Charles, LeVar F. | N/A | Paralegal | 1.00 | $110.00 |
| Dalton, Sarah | N/A | Paralegal | 12.40 | $2,666.00 |
| Davidson, Gordon | N/A | Paralegal | 3.70 | $943.50 |
| Gardner, Stephanie | N/A | Paralegal | 0.10 | $23.50 |
| Gilroy, Joyce | N/A | Paralegal | 49.30 | $12,058.50 |
| Harris, Susan | N/A | Paralegal | 84.50 | $12,675.00 |
| Hensel, Jeannie H. | N/A | Paralegal | 1,106.20 | $356,387.50 |
| Humphreys, Amber | N/A | Paralegal | 3.90 | $815.00 |
| Kehoe, Paul T. | N/A | Paralegal | 147.20 | $49,322.00 |
| Lepine, Gina M. | N/A | Paralegal | 12.40 | $4,450.00 |
| Morrow, Trina | N/A | Paralegal | 3.70 | $1,202.50 |
| Murray, Ann C. | N/A | Paralegal | 142.10 | $50,498.00 |
| Nieves, Roberto | N/A | Paralegal | 8.50 | $1,872.50 |
| Obach, Andrew | N/A | Paralegal | 56.00 | $12,040.00 |
| Owens, Angela M. | N/A | Paralegal | 2,009.80 | $521,671.00 |

| Name | Admission Date | Position | Hours | Fees Accrued |
|---|---|---|---|---|
| Parish, Shawn | N/A | Paralegal | 24.20 | $7,653.00 |
| Peskowitz, Adam | N/A | Paralegal | 1.70 | $374.00 |
| Plegge, Lisa Doussard | N/A | Paralegal | 4.60 | $1,508.00 |
| Rodriguez, Michelle | N/A | Paralegal | 57.25 | $17,252.50 |
| Ross, Mark | N/A | Paralegal | 40.90 | $12,061.00 |
| Sakason, Alexandra B. | N/A | Paralegal | 76.50 | $17,206.50 |
| Senior, Tim | N/A | Paralegal | 1.60 | $344.00 |
| Sloan, Charles | N/A | Paralegal | 138.00 | $20,700.00 |
| Soverel, Myles C. | N/A | Paralegal | 21.50 | $4,192.50 |
| Trevicano, Luisa | N/A | Paralegal | 16.20 | $4,122.50 |
| von Klemperer, Michael J. | N/A | Paralegal | 0.70 | $161.00 |
| Wingard, Adam | N/A | Paralegal | 62.20 | $9,952.00 |
| Zeller, Donald | N/A | Paralegal | 48.60 | $11,812.50 |
| Ziegler, Julie E. | N/A | Paralegal | 89.10 | $20,493.00 |
| Abdel-Nour, Francesca | N/A | Paralegal | 655.90 | $156,805.50 |
| | **Paralegal Total** | | **4,987.85** | **$1,348,067.00** |
| | | | | |
| | | **Grand Total** | **41,459.80** | **$24,382,334.50** |
| | | | | |
| | | **Attorney Blended Rate** | | **$643.77**[2] |
| | | **Paraprofessional and Staff Blended Rate** | | **$274.79**[3] |

[2] The attorney blended rate is determined prior to the application of (1) the various voluntary reductions provided by Bingham and described in Paragraph 34 of this Application and (2) the reductions agreed upon by Bingham and the Fee Committee.  The actual blended rate paid by Debtors is lower once these adjustments are taken into account.

[3] The paraprofessional and staff blended rate is determined prior to the application of (1) the various voluntary reductions provided by Bingham and described in Paragraph 34 of this Application and (2) the reductions agreed upon by Bingham and the Fee Committee.  The actual blended rate paid by Debtors is lower once these adjustments are taken into account.

## SUMMARY OF FEES REQUESTED BY TIMEKEEPER CATEGORY DURING COMPENSATION PERIOD

| Total Fees | | |
|---|---|---|
| **Position** | **Total Hours** | **Total Fees** |
| Partner | 12,237.25 | $10,431,720.25 |
| Of Counsel | 561.70 | $461,252.50 |
| Counsel | 59.20 | $38,655.00 |
| Associate and Staff Attorney | 22,345.90 | $11,731,661.75 |
| Library Researcher | 156.10 | $50,791.50 |
| Litigation Support | 1,111.80 | $320,186.50 |
| Paralegal | 4,987.85 | $1,348,067.00 |
| **Subtotal** | **41,459.80** | **$24,382,334.50** |
| | | |
| **Reductions to Total Fees** | | |
| Voluntary Reductions Made in Interim Fee Applications | | ($67,143.10) |
| Credits Applied to Reflect Discount Due Debtors from Agreed Interim Fee Applications | | ($653,833.55) |
| Reductions Agreed upon by Bingham and Fee Committee for First Through Sixth Interim Fee Periods | | ($449,373.29) |
| | | |
| **TOTAL FEES REQUESTED** | | **$23,211,984.56** |

## Expenses Incurred During Compensation Period

| Expense Category | Actual Expense |
|---|---|
| Closing CDs | $5,488.06 |
| Consulting | $922,305.61 |
| Court Costs | $988.27 |
| Depositions and Transcripts | $614.33 |
| Facsimile | $303.12 |
| Filing Fees | $20,324.55 |
| Ground Transportation | $5,301.85 |
| Index/Binding | $2,258.28 |
| Library Retrieval Services | $3,177.96 |
| Meals: Client Meeting | $14,313.78 |
| Meals: Overtime | $186.88 |
| Meals: Working Lunch | $512.95 |
| Meeting Space | $3,469.35 |
| Online Legal Research | $167,875.28 |
| Other Electronic Research | $9,734.64 |
| Outside Service: Copy & Printing | $7,164.05 |
| Overnight/Express Delivery | $13,107.61 |
| Overtime Ground Transportation | $134.16 |
| Overtime Meals | $209.59 |
| Photocopies | $52,233.54 |
| Photocopies: Color | $4,022.69 |
| Scanning | $3,476.68 |
| Teleconference Charges | $1,159.29 |
| Telephone Charges | $2,733.04 |
| Travel: Air Transportation | $250,742.36 |
| Travel: Coach Services | $28,525.40 |
| Travel: Ground Transportation | $32,908.45 |
| Travel: Lodging | $125,363.72 |
| Travel: Meals | $11,612.80 |
| Travel: Miscellaneous | $18.00 |
| Travel: Parking | $1,098.00 |
| Travel: Rail Transportation | $42,322.79 |
| Travel: Telephone | $694.63 |
| **Subtotal of All Expense Categories** | **$1,734,381.71** |
| Voluntary Reductions Made in Monthly Statements | ($158,730.16) |
| Voluntary Reductions Made in Interim Fee Applications | ($11,266.15) |
| Reductions Agreed upon by Bingham and Fee Committee for First Through Sixth Interim Fee Periods | ($12,102.82) |
|  |  |
| **Total Expenses Requested** | **$1,552,282.58** |

## Summary of Fees and Expenses Requested and Approved[4]

| | Fees Requested | Expenses Requested | Fees Approved | Expenses Approved |
|---|---|---|---|---|
| **First Interim Period** (September 15, 2008 - January 31, 2009) | $2,727,562.00 | $105,916.85 | $2,727,562.00 | $105,916.85 |
| **Second Interim Period[5]** (February 1, 2009 - May 31, 2009) | $2,967,972.25 | $171,034.92 | $2,881,554.08 | $171,034.92 |
| **Third Interim Period[6]** (June 1, 2009 - September 30, 2009) | $2,674,901.00 | $108,636.71 | $2,594,831.51 | $107,213.40 |
| **Fourth Interim Period** (October 1, 2009 - January 31, 2010) | $2,605,491.77 | $97,483.70 | $2,485,041.94 | $87,857.38 |
| **Fifth Interim Period[7]** (February 1, 2010 - May 31, 2010) | $2,746,440.48 | $103,873.32 | $2,616,539.44 | $103,363.01 |
| **Sixth Interim Period[8]** (June 1, 2010 - September 30, 2010) | $2,042,918.90 | $188,198.37 | $2,010,384.15 | $187,655.49 |
| **Seventh Interim Period[9]** (October 1, 2010 - January 31, 2011) | $1,683,554.39 | $206,529.67 | TBD | TBD |
| **Eighth Interim Period[10]** (February 1, 2011 - May 31, 2011) | $1,919,507.31 | $144,616.38 | TBD | TBD |
| **Ninth Interim Period** (June 1, 2011 - September 30, 2011) | $1,559,850.00 | $140,707.96 | TBD | TBD |
| **Tenth Interim Period** (October 1, 2011 - March 6, 2012) | $2,733,159.75 | $297,387.52 | TBD | TBD |
| **TOTAL** | **$23,661,357.85[11]** | **$1,564,385.40[12]** | **TBD** | **TBD** |

---

[4] The Court has not yet entered an order with respect to Bingham's Seventh through Tenth Interim Fee Applications, thus fees and expenses approved cannot be determined. Additionally, discounts due Debtors for those periods will be determined upon final resolution of those Interim Fee Applications.

[5] Includes adjustments to fees and expenses of $2,795.00 and $4,144.55, respectively, for the various voluntary reductions described in Paragraph 34 of this Application.

[6] Includes an adjustment to expenses of $2,070.74 for the various voluntary reductions described in Paragraph 34 of this Application.

[7] Includes adjustments to fees and expenses of $212,756.02 and $2,679.50, respectively, for the various voluntary reductions described in Paragraph 34 of this Application.

[8] Includes adjustments to fees and expenses of $135,206.35 and $1,505.46, respectively, for the various voluntary reductions described in Paragraph 34 of this Application.

[9] Includes adjustments to fees and expenses of $170,569.86 and $493.85, respectively, for the various voluntary reductions described in Paragraph 34 of this Application.

[10] Includes adjustments to fees and expenses of $171,370.19 and $372.05, respectively, for the various voluntary reductions described in Paragraph 34 of this Application.

[11] Bingham now requests $23,211,984.57 in fees, which reflects additional total reductions of $449,373.29 agreed upon by Bingham and the Fee Committee for the First through Sixth Interim Fee Periods.

[12] Bingham now requests $1,552,282.58 in expenses, which reflects additional total reductions of $12,102.82 agreed upon by Bingham and the Fee Committee for the First through Sixth Interim Fee Periods.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------------X
                                      :

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

----------------------------------------------------------------------------X

**FINAL FEE APPLICATION OF BINGHAM**
**McCUTCHEN LLP, SPECIAL COUNSEL FOR THE DEBTORS, FOR**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND**
**REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

        Bingham McCutchen LLP ("Bingham"), special counsel for Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its Final Fee Application (the "Application") seeking compensation for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors from September 15, 2008, through March 6, 2012, (the "Compensation Period"), pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of the Application, Bingham respectfully states as follows:

**Background**

A.    **The Chapter 11 Cases**

1.    Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases (collectively, the "Chapter 11 Cases") have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.    On September 17, 2008, the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

4.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the Chapter 11 Cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

5.    On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in

these Chapter 11 Cases [Docket No. 14117].  On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and guidelines with respect to the fees and expenses of retained professionals in these Chapter 11 Cases [Docket No. 15998].

6.      On January 25, 2011, the Debtors filed the first amended joint chapter 11 plan and disclosure statement [Docket Nos. 14150 and 14151].

7.      On July 1, 2011, the Debtors filed the second amended joint chapter 11 plan and disclosure statement [Docket Nos. 18204 and 18205].

8.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (as modified, the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629, respectively].  On September 1, 2011, the Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.  On September 15, 2011, the Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.  On November 29, 2011, the Debtors filed a modified Plan [Docket No. 22737].

9.      The Court entered an order confirming the Plan on December 6, 2011 [Docket No. 23023].  The Notice Of Effective Date And Distribution Date In Connection With The Modified Third Amended Joint Chapter 11 Plan Of Lehman Brothers Holdings Inc. and Its Affiliated Debtors became effective March 6, 2012 [Docket No. 26039].

**B.      The Debtors' Businesses**

10.     Prior to the events leading up to these Chapter 11 Cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, Lehman had been

a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients, and individuals worldwide.

11.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 Cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## Jurisdiction

12.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

13.    The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and Rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").  By this Application, Bingham respectfully seeks Court approval and allowance for compensation for fees requested for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $23,211,984.56 and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $1,552,282.58.

## Basis for Relief

### A.    Bingham's Retention

14.    On August 14, 2009,[1] the Debtors filed an Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Bingham McCutchen LLP as Special Counsel, *nunc pro tunc*, to August 1, 2009 [Docket No. 4811].  The application was approved by order dated August 25, 2009 [Docket No. 4927].[2]  In connection therewith, Bingham filed the Supplemental Declaration of Rajiv Madan on Behalf of Bingham McCutchen Pursuant to Sections 327, 328(a), 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Bankruptcy Rules [Docket No. 4636] (the "Augment Declaration").  Since the filing of the August Declaration, Bingham has filed additional supplemental disclosures with the Court. [Docket Nos. 5602, 8684, 9332, 10294, 11860, 13361, 15204, and 17278].

15.    On April 17, 2012, the Debtors filed a Notice of Presentment of Second Supplemental Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal rules of Bankruptcy Procedure, to Expand the Scope of their Retention of Bingham McCutchen LLP as Special Counsel, *nunc pro tunc* to January 1, 2012 [Docket No. 27394] (the "Motion to Expand").  The application was approved by order dated May 10, 2012 [Docket No. 27790].

---

[1] Bingham combined with McKee Nelson LLP ("McKee"), effective August 1, 2009.  McKee was previously retained by the Debtors for the tax and securitization matters.  As of August 1, 2009, all McKee attorneys who represented the Debtors in their Chapter 11 Cases became attorneys at Bingham.

[2] On February 19, 2010, the Debtors filed a Motion Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Amend the Order Approving Retention of Bingham McCutchen LLP as Special Counsel to the Debtors, *nunc pro tunc*, to the Engagement Date [Docket No. 7175], in connection with a supplemental litigation matter.  Bingham's retention by the Debtors for the supplemental litigation matter was approved by Court Order on March 9, 2010 [Docket No. 7491].

B.    <u>Compensation</u>

16.    On April 9, 2009, McKee filed its First Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from September 15, 2008, through January 31, 2009 (the "<u>First Interim Fee Application</u>") [Docket No. 3318], in the amounts of $2,727,562.00 and $105,916.85, respectively.    The Court granted the First Interim Fee Application, awarding $2,454,805.80 in fees and $105,916.85 in expenses, by order dated August 13, 2009, reflecting a 50% reduction of the initial 20% holdback of fees [Docket No. 4795].  On August 20, 2009, Bingham received these amounts pursuant to the Court's order.  On September 25, 2009, the Court awarded Bingham the remaining holdback for the First Interim Fee Period [Docket No. 5274], and Bingham received this remaining holdback amount of $272,756.20 on October 20, 2009.

17.    On August 14, 2009, Bingham filed its Second Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2009, through May 31, 2009 (the "<u>Second Interim Fee Application</u>") [Docket No. 4810], in the amounts of $2,967,972.25 and $171,034.92, respectively.  By order dated September 25, 2009, the Court granted the Second Interim Fee Application, awarding $2,671,175.03 in fees and $171,034.92 in expenses, reflecting a 50% reduction in the initial 20% holdback of fees [Docket No. 5274].  Bingham received these amounts on October 20, 2009.  On December 23, 2009, the Court entered an order awarding $210,379.05 of the remaining holdback for the Second Interim Fee Period, determined after applying the Fee Committee's final recommended deductions to the outstanding amounts [Docket No. 6354].  Bingham received payment of $210,379.05 pursuant to

the Court's Order on December 30, 2009. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

18.    On December 14, 2009, Bingham filed its Third Interim Fee Application seeking Court approval and allowance for compensation for fees accrued for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2009, through September 30, 2009 (the "Third Interim Fee Application") [Docket No. 6177], in the amounts of $2,674,901.00 and $108,636.71, respectively. On April 9, 2010, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of June 1, 2009, through September 30, 2009, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 8211], awarding Bingham $2,594,831.51 in fees and $107,213.40 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

19.    On April 16, 2010, Bingham filed its Fourth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2009, through January 31, 2010 (the "Fourth Interim Fee Application") [Docket No. 8387], in the amounts of $2,605,491.77 and $97,483.70, respectively. On September 9, 2010, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of October 1, 2009, through January 31, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 11237], awarding Bingham $2,485,041.94 in fees and $87,857.38 in expenses, determined after

7

applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

20.    On August 16, 2010, Bingham filed its Fifth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2010, through May 31, 2010 (the "Fifth Interim Fee Application") [Docket No. 10759], in the amounts of $2,746,440.48 and $103,873.32, respectively. On May 12, 2011, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of February 1, 2010 to May 31, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 16972], awarding Bingham $2,616,539.44 in fees and $103,363.01 in expenses, determined after applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

21.    On December 14, 2010, Bingham filed its Sixth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2010, through September 30, 2010 (the "Sixth Interim Fee Application") [Docket No. 13447], in the aggregate of $2,042,918.90 and $188,198.37, respectively. On November 22, 2011, the Court entered an Order Granting Applications for the Allowances of Interim Compensation for the Period of June 1, 2010 to September 30, 2010, for Professional Services Performed and Reimbursement of Actual and Necessary Expenses Incurred and Other Relief [Docket No. 22505], awarding Bingham $2,010,384.15 in fees and $187,655.49 in expenses, determined after

applying the Fee Committee's final recommended deductions to the requested amounts. Bingham has reserved its rights to challenge the Fee Committee's final recommended deductions.

22.     On May 31, 2011, Bingham filed its Seventh Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2010, through January 31, 2011 (the "Seventh Interim Fee Application") [Docket No. 17237], in the aggregate of $1,683,554.39 and $206,529.67, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Seventh Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period October 1, 2010 Through January 31, 2011, was filed March 24, 2012 [Docket No. 27153].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $3,604.00 for professional services rendered and $584.82 for expenses incurred by Bingham in the Seventh Interim Period.   The Court has not yet issued an order relating to Bingham's Seventh Interim Fee Application.

23.     On August 15, 2011, Bingham filed its Eighth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from February 1, 2011, through May 31, 2011 (the "Eighth Interim Fee Application") [Docket No. 19235], in the aggregate of $1,919,507.31 and $144,616.38, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Eighth Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period February 1, 2011 Through May 31, 2011, was filed March 24, 2012

[Docket No. 27154].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $4,883.50 for professional services rendered and $428.12 for expenses incurred by Bingham in the Eighth Interim Period.   The Court has not yet issued an order relating to Bingham's Eighth Interim Fee Application.

24.    On December 14, 2011, Bingham filed its Ninth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from June 1, 2011, through September 30, 2011 (the "Ninth Interim Fee Application") [Docket No. 23305], in the aggregate of $1,559,850.00 and $140,707.96, respectively.  On March 24, 2012, the Stipulation Between Bingham McCutchen LLP and the Fee Committee Regarding the Ninth Interim Application of Bingham McCutchen LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period June 1, 2011 Through September 30, 2011, was filed March 24, 2012 [Docket No. 27155].  As a result of negotiations, Bingham and the Fee Committee have agreed to a reduction of at least $597.50 for professional services rendered and no reduction for expenses incurred by Bingham in the Ninth Interim Period.   The Court has not issued an order relating to Bingham's Ninth Interim Fee Application.

25.    On May 21, 2012, Bingham filed its Tenth Interim Fee Application seeking Court approval and allowance for compensation for professional services rendered to the Debtors and reimbursement of actual and necessary expenses incurred from October 1, 2011, through March 6, 2012 (the "Tenth Interim Fee Application") [Docket No. 27965], in the aggregate of $2,733,159.75 and $297,387.52, respectively.  The Tenth Interim Fee Application is still under review by the Fee Committee.

C.    **Applicable Authority**

26.    This Application has been prepared in accordance with:    (a) the Administrative Order Re: Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, approved by the Board of Judges on April 19, 1995 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, issued January 30, 1996 (the "UST Guidelines"); and (c) the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated April 14, 2011 [Docket No. 15997] (the "Interim Fee Order," and collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").  Pursuant to the Guidelines, a certification regarding compliance with the same is attached hereto as Exhibit A.

27.    In preparing this Application, Bingham has also reviewed and considered the Fee Committee Reports Pertaining to the Interim Fee Applications of All Retained Professionals (the "Committee Reports") [Docket Nos. 4655, 5104, 6165, 7498, 10947 and 18603, respectively].  Bingham has also received specific guidance from the Fee Committee in connection with the Fee Applications previously submitted and has considered such guidance in preparing this Application.

## **Fees and Expenses**

28.     Bingham is requesting compensation for $23,211,334.50[3] in professional fees accrued and $1,552,282.58 in expenses incurred during the Compensation Period.[4] Bingham professionals and paraprofessionals expended a total of 41,459.80 hours for which compensation is requested.

29.     Other than pursuant to an Interim Fee Order, Bingham has not received payment or promises of payment from any source for services rendered or to be rendered in these Chapter 11 Cases during the Compensation Period.   There is no agreement or understanding between Bingham and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these Chapter 11 Cases.   Bingham has not received a security retainer or advance payment for fees and expenses incurred in connection with its representation of the Debtors in these Chapter 11 Cases.

30.     Bingham charged its fees in these Chapter 11 Cases in accordance with billing rates and procedures in effect during the Compensation Period and as set forth in the Retention Application.   The rates charged by Bingham for the services rendered by its professionals and paraprofessionals in these Chapter 11 Cases are the same as or less than the rates charged by Bingham for professional services rendered in comparable non-bankruptcy related matters.

---

[3] The aggregate fees requested were determined after taking into account the following adjustments: (1) credits totaling $653,833.55 to reflect a discount provided by Bingham to Debtors, (2) voluntary reductions totaling $67,143.10 made in Bingham's Interim Fee Applications, and (3) reductions totaling $449,373.29 made with respect to Bingham's First through Sixth Interim Fee Applications as agreed upon by Bingham and the Fee Committee.

[4] The aggregate expenses for which reimbursement is requested were determined after taking into account the following adjustments: (1) voluntary reductions totaling $158,730.16 made in Bingham's monthly statements to comply with guidelines issued by the Fee Committee, (2) voluntary reductions totaling $11,266.15 made in Bingham's Interim Fee Applications, and (3) reductions totaling $12,102.82 made with respect to Bingham's First through Sixth Interim Fee Applications as agreed upon by Bingham and the Fee Committee.

31.    Pursuant to the Guidelines, attached hereto as <u>Exhibit B</u> is a schedule setting forth all Bingham professionals and paraprofessionals who performed services during the Compensation Period, the position of each professional at Bingham during the Compensation Period, the date of bar admission for each professional if applicable, the hours worked by each professional and paraprofessional, and the hourly rate of each professional and paraprofessional. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases.

32.    Pursuant to the Guidelines, attached hereto as <u>Exhibit C</u> is a categorical summary of the expenses billed during the Compensation Period.

33.    To the extent that time or expense charges for services rendered or expenses incurred relate to the Compensation Period, but were not processed prior to the preparation of the Application, Bingham reserves the right to request additional compensation for such services and reimbursement of such expenses in an amendment to this Application.

### **<u>Voluntary Reductions</u>**

34.    Bingham has agreed with Debtors to provide a discount to all fees related to tax matters. This discount is determined following resolution of each Interim Fee Application and reflected as a credit in subsequent Interim Fee Applications. Additionally, Bingham made $67,143.10 in voluntary deductions at the time of filing its Interim Fee Applications in response to and in efforts to comply with guidance received from the Fee Committee. Bingham also voluntarily reduced its fees at the time of filing its monthly statements by $327,736.50 consistent with Fee Committee guidance providing for billing non-working travel time at 50% of regular rates. Finally, Bingham voluntarily reduced its requested expenses at the time of filing its monthly statements in the amount of $158,730.16 to comply with guidelines issued by the Fee

Committee and took an additional $11,266.15 in reductions at the time of filing its Interim Fee Applications.

## Summary of Services

35.    In accordance with the Retention Order, Bingham provided such services as were necessary and appropriate in order to advise the Debtors regarding tax controversy matters, certain securitization and capital markets matters, and supplemental litigation matters in the course of these Chapter 11 Cases.  A summary of the services provided by Bingham during the Compensation Period is provided below.  Such services are described in more detail in Bingham's Monthly Statements and Interim Fee Applications previously provided to this Court. Upon reasonable request, Bingham will provide further information regarding the matter and specific services provided.

### a.    1997-2000 Refund Claims

Bingham professionals and paraprofessionals rendered services in connection with pursuing a resolution of the remaining issues included in Debtors' claims for refund from the Internal Revenue Service (the "IRS") of taxes, penalties, and interest paid for the 1997-2000 tax years (the "1997-2000 Refund Claims").  These services were recorded under Matter Codes 382, 395, 474, 489, 701, 909, 910, 912 and 913.  Bingham professionals reviewed all unresolved issues from the 1997-2000 tax years, further developed the facts relating to each issue, researched the interaction of the bankruptcy code and rules with tax procedure, worked with the Debtors to calculate the amount of requested refunds of tax, interest, and penalties for each tax year, and prepared the administrative claims for refund for each tax year.  In total, eight different issues denied by the Examination Division of the IRS were included in the administrative claims for one or more of the 1997-2000 tax years.  Each administrative claim for refund details, by

issue, the procedural background of the issue, a statement of facts, and the Debtors' legal grounds for recovery.   One of the issues required coordination with the SIPC Trustee administering LBI's estate.

Bingham performed a number of services for the Debtors in an attempt to reach administrative resolutions for each of these matters.  This work included preparation of legal briefs on the relevant issues, meetings and teleconferences with the IRS and Department of Justice, preparation for and participation in mediation conferences, and preparation of settlement documents for issues where resolutions were reached.  Through this process, seven of the eight issues addressed in the 1997-2000 Refund Claims were resolved.

The one issue not resolved through the administrative process proceeded to litigation.  Since preparing and filing a complaint in this case, Bingham professionals have represented the Debtors throughout the discovery phase of the litigation.   Consequently, Bingham's work has involved managing document productions, resolving of privilege disputes, propounding and responding to interrogatories, and preparing for and defending of depositions. This process entailed coordination with the Creditors' Committee.  As it presently stands, this case is nearing the end of the discovery phase of litigation.

In addition, Bingham professionals conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

b.      2001-2007 Audit Issues

Bingham professionals represented the Debtors in connection with the IRS audit of Debtors' 2001-2007 tax years, involving approximately 20 significant issues, some of which were carryover issues from those included in the 1997-2000 Refund Claims (the "2001-2007

Audit Issues").[5]   These services were recorded under Matter Codes 342678, 382, 395, 397, 402, 474, 485, 489, 502, 617, 664, 665, 667, 798, 799, 800, 801, 810, 811, 905, 906, 907, 908, 909, and 910.   In connection with the 2001-2007 Audit Issues, Bingham professionals coordinated with the DOJ and IRS to consider and develop each of the relevant issues with the goal of reaching an administrative resolution.   As part of this process, Bingham professionals produced documents in response to IRS Information Document Requests ("IDRs") and IRS summonses, drafted narrative answers to interrogatory questions, conducted legal and factual research and analysis with respect to various transactions, defended depositions, assessed and asserted privilege claims on behalf of the Debtors, drafted legal and factual memoranda with respect to the issues raised, reviewed legal memoranda submitted by the IRS, prepared for and conducted settlement negotiations, and prepared settlement agreements for issues resolved through the administrative process.   Eight issues remain unresolved:   administrative resolutions continue to be pursued with the IRS for seven of these issues, while the eighth issue is a carryover issue from the 1997-2000 Refund Claims and will proceed to litigation.

As described above in Paragraph 35.a, Bingham professionals and paraprofessionals also continued to render services in connection with the litigation on the matter for which no administrative resolution could be reached.

Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.   Some of the work performed in connection with the 2001-2007 Audit Issues required coordination with the - Creditors' Committee and the SIPC Trustee administering LBI's estate.

---

[5] Bingham's First through Fourth Interim Fee Applications separately listed work performed on the 2001-2005 audit and the 2006-2007 audit.   The IRS then merged the two audits, and beginning with Bingham's Fifth Interim Fee Application, this work was reported on a consolidated basis under the heading 2001-2007 Audit Issues.

c.    2008-2010 Audit Issues

Bingham performed work in connection with the IRS's post-petition audit of Debtors' 2008-2010 tax years, which is expected to implicate several significant issues (the "2008-2010 Audit Issues"). These services were recorded under Matter Codes 402 and 910. During the Compensation Period, Bingham professionals and paraprofessionals participated in meetings and teleconferences with the Debtors concerning planning for the 2008-2010 audit and performed preliminary analysis of Debtors' positions for those taxable years. Bingham professionals also conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

d.    Transaction Audits

Bingham professionals and paraprofessionals advised on and helped manage two other of Debtors' IRS audits involving specific aspects of Debtors' business activities (the "Transaction Audits"). These services were recorded under Matter Codes 561 and 750. In connection with the Transaction Audits, Bingham professionals coordinated with the IRS, produced documents in response to IDRs and summonses, researched and analyzed transaction data to further develop factual and legal arguments on the Debtors' behalf, drafted legal memoranda, prepared supplemental legal briefs on the relevant issues, and prepared and made presentations to the IRS. Debtors have reached an agreement in principle to settle the first of these audits and are currently working with the IRS to finalize documentation of the settlement terms. The work on this first audit entailed coordination with the SIPC Trustee administering LBI's estate. The other audit is ongoing, and the Debtors and IRS continue to pursue an administrative resolution of the unresolved issues.

Bingham professionals also conducted other tasks and projects not specifically

enumerated in order to preserve confidentiality and protect privileged information.

e.    Advice on Tax Issues Specific to Bankruptcy

Bingham professionals and paraprofessionals advised Debtors on a variety of tax issues specific to bankruptcy.    These services were recorded under Matter Codes 001, 900, 904, and 911.[6]  Specifically, Bingham professionals analyzed and prepared various tax calculations, participated in numerous teleconferences and conferences regarding tax liability issues, prepared for and made presentations to senior level officials at the IRS, drafted legal memoranda regarding specific tax liability issues, responded to inquiries from the Debtors' tax department, the Creditors' Committee, the SIPC Trustee, and the IRS, and negotiated specific issues raised by proposed or completed transactions.

In addition, Bingham professionals conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information.

f.    Non-Matter Specific Tax Services

Bingham professionals and paraprofessionals rendered necessary tax controversy advice generally applicable to these proceedings.[7]  These services were recorded under Matter Codes 402, 701, 849, 911, and 912.  During the Compensation Period, Bingham professionals and paraprofessionals coordinated with the DOJ, IRS, the Debtors, and Bingham staffing teams to further develop a process for attempting to administratively resolve issues spanning many of the categories described within this Application.  As part of this process, Bingham professionals and paraprofessionals discussed procedure with the Debtors' tax department to position the various matters for litigation or resolution in appeals, performed ongoing management of the

---

[6] During the Sixth through Tenth Interim Fee Periods, these services were included as part of the "Non-Matter Specific Tax Services" category.

[7] Bingham's First through Fourth Interim Fee Applications described these services under the heading "Case Administration."

issues related to the audits including coordination with the Debtors and Debtors bankruptcy counsel, developed and analyzed the procedure for resolution of the various issues subject to the audits including legal research on the effects of the bankruptcy proceedings on these procedures, responded to IDRs not specific to any individual tax matter, and analyzed and prepared various tax calculations.

In addition, Bingham professionals conducted other tasks and projects not specifically enumerated in order to preserve confidentiality and protect privileged information. Some of the work performed in connection with the Non-Matter Specific Tax Services required coordination with the Creditors' Committee and the SIPC Trustee administering LBI's estate.

g.    Securitization and Capital Markets Matters

Bingham professionals and paraprofessionals rendered services in connection with certain securitization and capital markets matters. These services were recorded under Matter Code 015.[8]    Specifically, Bingham professionals and paraprofessionals drafted compliance opinions required under certain securitization documents; tracked and filed UCC continuation statements; renewed service of process agents, handled a variety of deal document issues, including responding to document requests from transaction parties, derivative issues, and filing requirements; and handled various filing requirements and associated issues under related securities laws and regulations. In addition, Bingham professionals and paraprofessionals conducted any other securitization or capital markets matters requested by the Debtors in relation to the foregoing.

h.    Supplemental Litigation Matter

Bingham professionals and paraprofessionals rendered services in connection

---

[8] On Bingham's Second and Third Interim Fee Applications, this work was listed under the category "Various Shelf Matters."

with the supplemental litigation matter. These services were recorded under Matter Code 343744. Specifically, Bingham professionals and paraprofessionals reviewed relevant materials, conferred with counsel for LBHI and other represented parties, responded to discovery requests for information, and participated in meetings regarding discovery issues.

### i.  Retention Application Preparation

Bingham professionals performed work in connection with Bingham's retention as special counsel to the Debtors. Specifically, Bingham professionals drafted and revised Bingham's retention application and reviewed and ensured compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines, and the Interim Fee Order. Bingham professionals and paraprofessionals also followed Bingham's comprehensive conflicts check protocol to comply with applicable bankruptcy law and submitted supplemental declarations related thereto. These services were recorded under Matter Code 903.

### j.  Fee Application Preparation

In connection with these Chapter 11 Cases, billing procedures inconsistent Bingham's standard billing practices were required by the Guidelines and the Fee Committee. Bingham professionals and paraprofessionals were required to perform services to ensure Bingham's compliance with these billing procedures. Specifically, Bingham professionals and paraprofessionals have reviewed the detailed time entries for privilege and confidentiality, prepared detailed and summary schedules of fees and expenses incurred as required by the Court and the Fee Committee, and drafted the narratives and schedules included in Bingham's monthly statements. During the Compensation Period, Bingham professionals and paraprofessionals also prepared the Interim Fee Applications and supporting exhibits. These services were recorded under Matter Code 902.

k.      Responding to Fee Committee Requests

Bingham professionals and paraprofessionals analyzed responded to requests by the Fee Committee for information on billing practices and procedures, responded to the Fee Committee regarding requested historical data, and corresponded with the Fee Committee on a variety of issues including the protection of privileged information. These services were recorded under Matter Code 901.

36.     Through the services and work described above, Bingham was able to assist the Debtors in the favorable resolution of numerous different issues with the IRS. For example, the Debtors and IRS disputed 36 proposed adjustments to Debtors' 2001-2007 consolidated federal income tax returns that had the effect of potentially increasing tax liability by $2.6 billion. Final settlements were reached for 26 of the 36 issues, representing $1.8 billion of the overall $2.6 billion in proposed adjustments. As a result of the settlements, the IRS conceded $1.1 billion of the $1.8 billion in taxes and penalties it sought to impose, and the Debtors agreed to $652 million of adjustments to tax. These resolutions were in the best interests of the Debtors and their estates and provided the Debtors and their estates with significant benefits. As of the date of this Application, the Debtors continue to rely upon Bingham for ongoing representation with respect to their tax controversy matters.

37.     The foregoing professional services performed by Bingham were necessary and appropriate to the administration of the Debtors' Chapter 11 Cases. The professional services performed by Bingham were in the best interest of the Debtors, their estates, and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed in an efficient manner.

38.      The professional services performed by Bingham on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 41,459.80 recorded hours by Bingham professionals and paraprofessionals.  Of the aggregate time expended, 12,858.15 recorded hours were expended by partners, of counsel and counsel, 22,345.90 recorded hours were expended by associates and staff attorneys, and 6,255.75 recorded hours were expended by paraprofessionals and litigation technology support analysts of Bingham.  During the Compensation Period, Bingham billed the Debtors for time expended by professionals and paraprofessionals based on Bingham's regular hourly rates.

## Actual and Necessary Expenses

39.      As set forth in Exhibit D, Bingham is requesting $1,552,282.58 for expenses incurred in providing professional services during the Compensation Period.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified to serve the needs of the Debtors, their estates, and creditors, and Bingham made every effort to minimize its expenses in these cases.  Bingham seeks reimbursement for various categories of expenses, including:  Closing CDs, Consulting, Court Costs, Depositions and Transcripts, Facsimile, Filing Fees, Ground Transportation, Index/Binding, Library Retrieval Services, Meals: Client Meeting, Meals: Overtime, Meals: Working Lunch, Meeting Space, Online Legal Research, Other Electronic Research, Outside Service: Copy & Printing, Overnight/Express Delivery, Overtime Ground Transportation, Overtime Meals, Photocopies, Photocopies: Color, Scanning, Teleconference Charges, Telephone Charges, Travel: Air Transportation, Travel: Coach Services, Travel: Ground Transportation, Travel: Lodging, Travel: Meals, Travel: Miscellaneous, Travel: Parking, Travel: Rail Transportation, Travel: Telephone.

## The Requested Compensation Should Be Allowed

40.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)     the time spent on such services;
>
> (B)     the rates charged for such services;
>
> (C)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

41.     The services for which Bingham seeks compensation and the expenditures for which Bingham seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates and their rehabilitation and reorganization effort.

42.     All of Bingham's professionals who rendered services in these proceedings made a deliberate effort to avoid unnecessary duplication of work and time expended.  In certain instances, however, conferences and/or collaboration were necessary among Bingham's professionals.

43.     Whenever possible, Bingham sought to minimize the costs of its services to the Debtors by utilizing talented junior professionals, without sacrifice to the quality of the services rendered.  At the request of the Debtors, due to the complexity and magnitude of certain issues and the specific expertise of certain attorneys, Bingham utilized more senior professionals as it was determined it would create greater efficiencies and therefore be more cost-effective.

44.     Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

45.     In sum, the services rendered by Bingham were necessary and beneficial to the Debtors' estates and were consistently performed in a timely manner commensurate with the complexity, importance, and nature of the issues involved, and approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

## **Amendment of Application**

46.     Bingham reserves the right to amend the Application prior to the date set by the Court for hearing.  Bingham anticipates such amendment will be necessary to address

various issues relating to Bingham's compensation that could not be resolved prior to the deadline for filing of this Application.

47.     Specifically, Bingham anticipates final resolution of the following issues prior to the hearing date for this Application: (1) ongoing discussions with the Fee Committee regarding reimbursement for fees paid by Bingham to expert witnesses; (2) ongoing discussions regarding Bingham's ordinary course rate increases; (3) Court approval of the stipulations and payment of the holdback for the Seventh, Eighth, and Ninth Interim Fee Applications, and (4) payment of the holdback for the Tenth Interim Fee Application for which the Fee Committee has not issued a report as of the filing of this Application.

## Notice

48.     Notice of this Application will be served on July 5, 2012, in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [Docket No. 9635] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these Chapter 11 Cases. Notice will also be given to each of the retained professionals in these Chapter 11 Cases. Bingham submits that no other or further notice need be provided.

## Conclusion

WHEREFORE Bingham respectfully requests that the Court enter an order (i) awarding Bingham final compensation from the Debtors for fees accrued for actual and necessary professional services rendered during the Compensation Period in the aggregate amount of $23,211,984.56, (ii) allowing Bingham final reimbursement for actual and necessary

expenses incurred during the Compensation Period in the aggregate amount of $1,552,282.58, (iii) holding that the allowance of such final compensation for professional services rendered and reimbursement of actual and necessary expenses incurred be without prejudice to Bingham's right to seek additional compensation for services performed and expenses incurred during the Compensation Period which were not processed at the time of this Application; (iv) authorizing the Debtors to pay the portion of such final compensation for professional services rendered and reimbursement of actual and necessary expenses incurred not already paid; and (iv) granting Bingham such other and further relief as it deems just and proper.

Dated: July 5, 2012
        Washington, D.C.

Rajiv Madan, Esq.
BINGHAM McCUTCHEN LLP
2020 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 373-6000
Facsimile: (202) 373-6001

Special Counsel for the Debtors
and Debtors in Possession