RESPONSE DATE: 07/06/12 at 4:00 p.m.
HEARING DATE: 07/19/11 at 10:00 a.m.

**ORRICK, HERRINGTON & SUTCLIFFE LLP**
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile:  (212) 506-5151
ATTORNEYS FOR TOBACCO SETTLEMENT
 FINANCING CORPORATION

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**RESPONSE OF TOBACCO SETTLEMENT FINANCING CORPORATION TO
DEBTORS' THREE HUNDRED ELEVENTH OMNIBUS OBJECTION
TO CLAIMS; CLAIM NUMBERS 42907 AND 42908**

Tobacco Settlement Financing Corporation ("Claimant"), by and through its undersigned counsel, hereby submits this response to the Debtors' Three Hundred Eleventh Omnibus Objection To Claims (the "Objection") and in support thereof states as follows:

## BACKGROUND

1.  On September 15, 2008 (the "Petition Date"), Lehman Brothers Holdings Inc. ("LBHI") commenced this bankruptcy case by filing a voluntary Chapter 11 case. Thereafter, on or about October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") itself commenced a voluntary Chapter 11 case.

2.  Claimant is a special purpose corporation, public corporate entity and an instrumentality independent of the State of Louisiana (the "State") duly incorporated under the

OHSUSA:750916356.3
43277-3

laws of the State for the purposes of purchasing, from the State, the State's rights to payments from tobacco manufacturers pursuant to a settlement between the tobacco manufacturers and the states, and then issuing bonds secured by such payments. In connection with these bonds, LBSF, Bank One Trust Company, N.A., as Trustee and Claimant are parties to the Reserve Fund Agreement dated November 7, 2001 (the "Agreement")[1]. LBHI unconditionally guaranteed all amounts due under the Agreement, payable by LBSF to Claimant pursuant to the Guarantee.

    3.  The Agreement was entered into in conjunction with the issuance by Claimant of its $282,975,000 Tobacco Settlement Asset-Based Bonds, Series 2001A (Taxable) (the "Series 2001A Bonds"). The Agreement required LBSF to cause Lehman Brothers, Inc., as qualified Dealer, to deliver securities to the bond trustee semi-annually on the business day next preceding each Bond Payment Date (each, a "Deposit Date"), which would produce a rate of return on such securities for the period from, and including, the Deposit Date to, but excluding, the immediately succeeding bond payment date equal to the guaranteed rate of 4.36%. The contractual termination date for the Agreement was one business day prior to November 12, 2038.

    4.  There is no question that Claimant properly and timely exercised its rights under the Agreement to terminate the Agreement or to file proof of claims in this Chapter 11 case. As indicated in the Objection, Claimant timely filed proof of claims against Debtors -- claim number 42907 against LBSF and claim number 42908 against LBHI, in both cases asserting a claim in the amount of $10,000,000.00 (collectively, the "Claims"). Under the Agreement, on November 13, 2008, the Debtors were required to deliver to the bond trustee Qualified Securities. The Debtors failed to do so. Additionally, pursuant to Section 7.3(d) of the

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings ascribed to them in the Agreement. A copy of the Agreement was attached to the Claimant's proofs of claim.

2

Agreement, the commencement of this Chapter 11 case by LBHI constituted an Event of Default. As a result, on November 10, 2008, Claimant exercised its rights under Sections 7.3 and 7.6 of the Agreement to terminate the Agreement, and notice of the termination was provided to the Debtors. Following such termination, Claimant attempted to obtain bids from three qualified bidders to assume Debtors' obligations under the Agreement, but was unable to obtain any bids. Accordingly, Claimant was required to invest the Reserve Fund balance at a significant loss. Claimant invested the funds in the JP Morgan US Government MMKT Capital 3164 Fund (the "Fund"), which is an Eligible Investment under the Agreement. The Fund paid interest at a rate of 1.54% on that date. Interest paid by the Fund was significantly below the 4.36% contractually agreed to be paid by the Debtors. Thus, the Claimant has a Termination Claim in the amount of $10,101,678.16, together with interest, attorneys' fees and costs. Claimant notified Debtors that the Termination Amount owed by LBSF was $10,000,000.00 in connection with the early termination of the Agreement.

## ARGUMENT

5.   Once filed, a proof of claim establishes *prima facie* evidence of the validity and amount of the claim. FED. R. BANKR. P. 3001(f). Under Rule 3001(f), the allegations of a proof of claim are taken as true and the claim enjoys *prima facie* validity. *In re U.S. Lines, Inc.,* No. 04 CIV. 6614 (LTS)(FM), 2006 WL 1559237, at *5 (S.D.N.Y. June 7, 2006); *see also In re Enron Creditors' Recovery Corp.*, No. 01-16034, 2007 Bankr. LEXIS 2969, at *10 (Bankr. S.D.N.Y. Aug. 28, 2007) ("'A proof of claim . . . shall constitute prima facie evidence of the validity and amount of the claim.' An objecting party must provide 'substantial evidence' to rebut the prima facie presumption of validity of a proof of claim.") (citing to FED. R. BANKR. P. 3001(f)); *In re Chateaugay Corp.*, 104 B.R. 622, 625 (Bankr. S.D.N.Y. 1989) (" a

proof of claim 'executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.'") (citing to FED. R. BANKR. P. 3001(f)).

6. Once a creditor files a *prima facie* valid proof of claim, the burden of proof shifts to the debtor "to produce evidence sufficient to negate *prima facie* validity." *In re Feinberg*, 442 B.R. 215, 220 (Bankr. S.D.N.Y. 2010) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992)); *see also In re Townview Nursing Home*, 28 B.R. 431, 443 (Bankr. S.D.N.Y. 1983) ("The effect . . . is to place upon the objectant the burden of going forward with substantial evidence to rebut the prima facie validity of a claim). Specifically, the objecting party must "marshal evidence sufficient to demonstrate a true dispute with probative force equal to the contents of the Claim." *In re Jensen*, No. 09-14830 (MG), 2010 Bankr. LEXIS 229, at *8 (Bankr. S.D.N.Y. Feb. 3, 2010); *see also In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009) (If the debtor "produces evidence equal in force to the prima facie case . . . which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency," then the burden shifts back to the claimant.). At that point, the claimant must then prove by a preponderance of the evidence that under applicable law its claim should be allowed. *Id.* at 389.

7. The Debtors do not contest that Claimant's Proofs of Claims timely were filed in accordance with Rule 3001. Upon termination of the Agreement, Claimant reached out to eligible dealers to obtain bids to assume the Agreement. No qualified Dealers were willing to assume Debtor's obligations under the Agreement. As a result, pursuant to Sections 7.6 and 7.7 of the Agreement, Claimant was required to invest the Reserve fund in Eligible Investments. In this case, the Reserve fund was invested in the Fund, a money-market fund that fell within the definition of Eligible Investments. Pursuant to the Agreement, Debtors are required to pay

Claimant the difference between the interest Claimant actually earned over the Guaranteed Interest (4.36%). Claimant's calculations were done in accordance with the terms of the Agreement, and in a commercially reasonable manner. Other than cursory allegations, the Debtors have failed to provide any information (legal or actual) demonstrating that claimant's claims should be disallowed or expunged.

8. In the absence of evidence to support Debtor's obligations, claimant's claims should be allowed against LBHI and LBSF in the full amount asserted in its Proof of Claims (namely, $10,000,000.00).

## CONCLUSION

9. Accordingly, and for the reasons set forth above, Claimant requests the Court deny the Debtors' Objection to Claims 42907 and 42908 and grant such other and further relief as is just and proper.

Dated: July 5, 2011  **ORRICK, HERRINGTON & SUTCLIFFE LLP**
New York, New York

By: /s/ _____
Lorraine S. McGowen, Esquire
51 West 52nd Street
New York, NY 10019-6142
Telephone: (212) 506-5000
Facsimile: (212) 506-5151

ATTORNEYS FOR CLAIMANT
TOBACCO SETTLEMENT FINANCING
CORPORATION