Momo-o, Matsuo & Namba
Kojimachi Diamond Building 6F
4-1 Kojimachi, Chiyoda-ku
Tokyo 102-0083 JAPAN
Tel: 81-3-3288-2080
Fax: 81-3-3288-2081

Special Counsel to Debtors
And Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                    :
**In re**                           :   **Chapter 11 Case No.**
                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :   **08-13555 (JMP)**
                                    :
             Debtors.               :   **(Jointly Administered)**
                                    :
                                    :
------------------------------------------------------------x

**APPLICATION OF
MOMO-O, MATSUO & NAMBA, AS 327(e) SPECIAL COUNSEL TO THE
DEBTORS AND DEBTORS IN POSSESSION, FOR FINAL ALLOWANCE AND
PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
FROM FEBRUARY 1, 2010 TO MARCH 5, 2012**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Momo-o, Matsuo & Namba ("MMN" or "Firm"), special counsel for Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), submits this final application (the "Application") seeking (a) allowance of compensation for professional services rendered by MMN to the Debtors,

and (b) reimbursement of actual and necessary charges and disbursements incurred by MMN in the rendition of required professional services on behalf of the Debtors, in each case for the period from February 1, 2010 through March 5, 2012 (the "Compensation Period") pursuant to Section 330(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In support of this Application, MMN respectfully represents as follows:

**Jurisdiction and Venue**

1. This court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases were consolidated for procedural purposes only and were jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors were authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On July 22, 2010, the Debtors filed their application pursuant to section 327(e) of title 11 of the Bankruptcy Code, Rule 2014(a) of the Bankruptcy Rules, and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules"), for Authorization to Employ and Retain MMN as special counsel to the

2

Debtors, effective *nunc pro tunc* to February 1, 2010 (the "Engagement Date") with respect to the Representative Matters, as defined later herein [Docket No. 10374].

4. On August 5, 2010, the Court entered the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of MMN as Special Counsel to the Debtors, *nunc pro tunc* to the Engagement Date [Docket No. 10647] (the "Retention Order").

5. Pursuant to the Retention Order, MMN was retained to continue its engagement as local counsel in Tokyo, Japan acting as attorney for the Debtors including LBHI in the Civil Rehabilitation proceedings for Lehman Brothers Holdings Japan Inc. ("LBHJ"), Lehman Brothers Commercial Mortgage Inc. and Sunrise Finance Inc. ("Sunrise Finance") at the Tokyo District Court, the Tokyo High Court, and the Supreme Court, in Japan, and other related matters ("Representative Matters").  In the Representative Matters, MMN has worked "hand-in-hand" with Alvarez & Marsal North America, LLC ("A&M"), the Debtors' Chief Restructuring Officers, and Weil, Gotshal and Manges LLP ("WGM"), the Debtors' general bankruptcy counsel, and provided necessary services to the Debtors which were of value to the estate and all parties in interest.

6. On March 6, 2012, the Debtors confirmed the Modified Third Amended Joint Chapter 11 Plan (the "Plan"). Initial distributions under the Plan were made in April 2012 to creditors in the amount of $22.5 billion.

7. In accordance with all applicable orders and guidelines, MMN has filed six applications for allowances of interim compensation and reimbursement of expenses incurred during the Compensation Period (the "Interim Applications"). The following

3

table identifies the Interim Applications and the orders entered with respect to such applications:

|  | **Application** | **Order** |
|---|---|---|
| First Interim Application | October 27, 2010<br><br>Docket No. 12312 | N/A |
| Second Interim Application | December 14, 2010<br><br>Docket No. 13456 | November 10, 2011<br><br>Docket No. 21954 |
| Third Interim Application | April 25, 2011<br><br>Docket No. 16226 | December 6, 2011<br><br>Docket No. 22986 |
| Fourth Interim Application | August 15, 2011<br><br>Docket No. 19236 | April 3, 2012<br><br>Docket No. 27260 |
| Fifth Interim Application | December 14, 2011<br><br>Docket No. 23313 | N/A |
| Sixth Interim Application | May 21, 2012<br><br>Docket No. 27968 | N/A |

8.    Each Interim Application includes schedules of MMN professionals who performed services for the Debtors during the Compensation Period, the capacity in which each such individual was employed by MMN, the hourly billing rate charged by MMN for services performed by such individual, the year in which each professional was first licensed to practice law and the aggregate number of hours expended by each individual in the performance of services on behalf of the Debtors and the charges billed

4

therefor. The Interim Applications describe in great detail the extensive services performed during each interim period. The schedules attached to the Interim Applications categorize such services using descriptive project categories as requested by the Debtors, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") and the fee committee appointed in these cases (the "Fee Committee"). The Interim Applications also include schedules specifying the categories of expenses for which MMN is seeking reimbursement and the total amount for each such expense category. Copies of voluminous, detailed time and itemized expense records were furnished to the Debtors, the Court, the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the U.S. Trustee, and the Fee Committee. The Interim Applications and the various affidavits filed in support of MMN's retention are incorporated by reference as if set forth fully herein. Further, all required certifications were made in connection with the Interim Applications and are reaffirmed.

**Relief Requested**

9.      Pursuant to section 330(a) of the Bankruptcy Code and Bankruptcy Rule 2016, MMN requests an allowance of $758,775.15 for final compensation for professional services performed and $11,711.00 for reimbursement of actual and necessary expenses incurred for the Debtors during the Compensation Period. The final compensation and reimbursement requested by this Application includes the aggregate amounts that previously have been requested as part of the Interim Applications and which were partially allowed and paid as interim compensation and also account for any and all stipulations to date between MMN and the Fee Committee.

5

**The Requested Final Compensation and**

**Reimbursement of Expenses Should be Allowed**

10.  "[R]easonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses" may be allowed to professionals retained pursuant to section 327 of the Bankruptcy Code. 11 U.S.C. § 330(a)(1); *In re Value City Holdings, Inc.*, 436 B.R. 300, 304 (Bankr. S.D.N.Y. 2010) ("Under the Bankruptcy Code, a debtor or a committee may seek court approval to 'employ one or more . . . professional persons' to assist in the administration of its estate. These professionals may then seek compensation in accordance with the standards set forth in section 330(a) of the Bankruptcy Code." (quoting 11 U.S.C. §§ 327(a), 328(a), 1103(a))).

11.  MMN submits that its requested compensation and reimbursement of expenses is fair and reasonable based on the extraordinary nature, extent and value of the services it provided, the application of the criteria set forth in Section 330 of the Bankruptcy Code, and the results achieved under the Plan. The services MMN rendered were both essential and beneficial to the Debtors' estate, A&M (the Debtors' Chief Restructuring Officers), and WGM (the Debtors' general bankruptcy counsel), and all parties in interest.

12.  Moreover, MMN's requested compensation is consistent with the governing standard in this Circuit and is more than reasonable under section 330 of the Bankruptcy Code. As set forth in the Interim Applications, MMN's hourly charges for services rendered to the Debtors are the same rates MMN charges for services performed in comparable bankruptcy and non-bankruptcy related matters and are based on the customary compensation charged by comparably skilled practitioners.

13. Further, MMN's services were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved in the Representative Matters. A short and inconclusive summary of specific work MMN performed for the Debtors, including LBHI, A&M and WGM, on the Representative Matters is as follows:

a) Advised A&M and WGM (which acted on behalf of LBHI, creditor of the Civil Rehabilitation Debtor Sunrise Finance) on the Appeal (and all prior court proceedings) by Shinsei Bank to the Supreme Court of Japan against the Tokyo High Court's decision to reject the Immediate Appeal by Shinsei Bank to approve the Civil Rehabilitation Plan submitted by Sunrise Finance (Civil Rehabilitation Debtor);

b) Advised A&M, which acted on behalf of the shareholder of LBC Y.K., on the distribution of LBC Y.K. assets to creditors (LBHI is the ultimate parent company of LBC Y.K.);

c) Represented LBC Y.K. in the filing by Sunrise Finance for Commencement of Bankruptcy Proceedings for LBC Y.K. at the Tokyo District Court;

d) Represented and advised A&M on the negotiation with Sunrise Finance on the share transfer and distribution of shareholder's value of LBC Y.K.;

e) Advised LBHI and WGM on the participation agreement between JPMorgan Chase Bank for JPMorgan's Sunrise Finance/LBHJ claims; and

  f)  Advised LBHI on numerous claims by Japanese entities filed with LBHI.

The Interim Applications contain full descriptions of all categories of services provided by MMN. As the Interim Applications have been incorporated by reference herein, it is unnecessary and would be inefficient, duplicative and burdensome to repeat and restate the particular accomplishments achieved during the Compensation Period by MMN. The results of the Plan achieved speak strongly in support of this Application.

14. MMN respectfully submits that it has satisfied the requirements for the allowance of the compensation and reimbursement of expenses sought herein. The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' estate. MMN's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks inherent in the Representative Matters. Further, the compensation sought by MMN is reasonable because it meets the prevailing standard for allowance in this jurisdiction, is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy, and is warranted in light of the results achieved in the Plan.

WHEREFORE, MMN respectfully requests the Court to grant the allowance of final compensation and expenses sought herein.

*[Signature page follows.]*

[Signature page to **APPLICATION OF MOMO-O, MATSUO & NAMBA, AS 327(e) SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR FINAL ALLOWANCE AND PAYMENT OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM FEBRUARY 1, 2010 TO MARCH 5, 2012**]
]

Dated: July 5, 2012                                   Momo-o, Matsuo & Namba


                                                      /s/ Junya Naito

                                                      Junya Naito
                                                      Momo-o, Matsuo & Namba
                                                      Kojimachi Diamond Building 6F
                                                      4-1 Kojimachi, Chiyoda-ku
                                                      Tokyo 102-0083 JAPAN
                                                      Tel: 81-3-3288-2080
                                                      Fax: 81-3-3288-2081