KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kevin B. Leblang

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                                    :
In re                                                               :          **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC., *et al.*,**                        :          **08-13555 (JMP)**
                                                                    :
                              **Debtors.**                          :          **(Jointly Administered)**
                                                                    :
------------------------------------------------------------------- x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**
**FINAL FEE APPLICATION**

| | |
|---|---|
| **Name of Applicant:** | Kramer Levin Naftalis & Frankel LLP |
| **Final Fee Period:** | January 1, 2011 through and including March 6, 2012 |
| **Role in the Case:** | Special Counsel to the Debtors |
| **Total Final Fees Requested:** | $201,934.80 |
| **Total Final Expenses Requested:** | $4,594.53 |

## SUMMARY OF FEES AND EXPENSES REQUESTED
## AND APPROVED BY APPLICATION PERIOD

| Application | Date Filed | Period Covered | Fees Requested | Expenses Requested | Fees Approved by Court/ Recommended by Fee Committee | Expenses Approved by Court/ Recommended by Fee Committee |
|---|---|---|---|---|---|---|
| First Interim Application | 8/15/2011 (Docket No. 19241) | 1/1/2011 – 5/31/2011 | $131,057.10 | $1,173.15 | $130,148.85 | $1,076.97 |
| Second Interim Application | 12/14/2011 (Docket No. 23315) | 6/1/2011 – 9/30/2011 | $51,334.65 | $2,435.53 | $40,036.65 | $2,423.09 |
| Third Interim Application | 5/21/2012 (Docket No. 27975) | 10/1/2011 – 3/6/2012 | $31,749.30 | $1,094.47 | Pending | Pending |

## FEE SUMMARY

| Timekeeper Name | Department | Year Admitted to the Bar | Title | Hours | Rate | Amount |
|---|---|---|---|---|---|---|
| Schmidt, Robert T. | Bankruptcy | 1990 | Partner | 6.8 | $825.00 | $5,610.00 |
| Lutgens, Christine | Employee Benefits | 2000 | Partner | 9.0 | $885.00 | $11,067.00 |
| | | | | 3.3 | $940.00 | |
| Herzog, Barry | Tax | 1992 | Partner | 1.5 | $820.00 | $1,230.00 |
| Leblang, Kevin B. | Employment | 1985 | Partner | 24.8 | $775.00 | $19,220.00 |
| Holtzman, Robert N. | Employment | 1993 | Partner | 56.2 | $740.00 | $45,143.00 |
| | | | | 4.5 | $790.00 | |
| O'Neill, P. Bradley | Bankruptcy | 1991 | Partner | 0.2 | $750.00 | $150.00 |
| McDonald, Izabel | Employment | 1993 | Special Counsel | 1.5 | $670.00 | $1,005.00 |
| Cahn, Avram | Employee Benefits | 1988 | Special Counsel | 1.7 | $725.00 | $2,591.50 |
| | | | | 1.8 | $755.00 | |
| Knecht, Steven | Employment | 1992 | Special Counsel | 0.4 | $670.00 | $478.00 |
| | | | | 0.3 | $700.00 | |
| Kaye, Jordan | Bankruptcy | 2004 | Associate | 0.7 | $690.00 | $483.00 |
| Trast, Carissa R. | Employee Benefits | 2008 | Associate | 0.9 | $570.00 | $12,977.50 |
| | | | | 1.8 | $610.00 | |
| | | | | 17.9 | $635.00 | |
| Baker, Katrina | Employment | 2009 | Associate | 153.0 | $525.00 | $83,054.00 |
| | | | | 2.7 | $570.00 | |
| | | | | 2.0 | $595.00 | |
| Rappaport, Jason | Bankruptcy | 2009 | Associate | 72.5 | $525.00 | $47,693.50 |
| | | | | 14.6 | $570.00 | |
| | | | | 2.2 | $595.00 | |
| Guttmann, Mindi | Tax | 2010 | Associate | 2.5 | $470.00 | $1,175.00 |
| Neunder, Lisa | Employment | 2006 | Associate | 0.4 | $290.00 | $238.00 |
| | | | | 0.4 | $305.00 | |
| Makinde, Michael | Bankruptcy | N/A | Paralegal | 16.4 | $300.00 | $4,920.00 |
| Chaikin, Rebecca B. | Bankruptcy | N/A | Paralegal | 3.1 | $290.00 | $899.00 |
| **Total Fees Incurred** | | | | 403.1 | | $237,934.50 |
| *Minus 10% discount[1]* | | | | | | ($23,793.45) |
| *Minus Agreed-Upon Reduction of Fees from First Interim Fee Period* | | | | | | (908.25) |
| *Minus Agreed-Upon Reduction of Fees from Second Interim Fee Period* | | | | | | ($11,298.00) |
| **Grand Total** | | | | | | **$201,934.80** |

---

[1] In accordance with Kramer Levin's pre-Commencement Date practice with the Debtors, overall monthly fees are subject to a 10% discount. This discount was applied to the overall monthly fee amounts set forth in each monthly statement and is also reflected in the Compensation Period totals set forth in the Application.

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---|
| Photocopying | $915.30 |
| Messenger/Courier | $724.84 |
| Inside Messenger | $42.00 |
| Lexis/Nexis On-Line Research | $510.11 |
| Postage | $181.62 |
| Transcript Fees | $1,935.60 |
| Meals/ In-House Meetings | $336.18 |
| Research Services | $28.00 |
| Tabs | $22.00 |
| Velobindings | $7.50 |
| **Subtotal** | $4,703.15 |
| *Minus Agreed-Upon Reduction of Expenses from First Interim Fee Period* | *($96.18)* |
| *Minus Agreed-Upon Reduction of Expenses from Second Interim Fee Period* | *($12.44)* |
| **Grand Total** | **$4,594.53** |

## FEE SUMMARY BY MATTER NUMBER

| Matter Number | Project Category | Hours | Amount |
|---|---|---|---|
| 097657-00077 | Employment Advice | 37.9 | $26,020.00 |
| 097657-00187 | Newman (Barbara) | 0.7 | $542.50 |
| 097657-00197 | Swabsin (Cynthia) | 0.9 | $633.00 |
| 097657-00200 | Bennett (Margaret) | 207.8 | $122,451.50 |
| 097657-00202 | Retention Matters/Fee Application | 120.8 | $62,700.50 |
| 097657-00203 | Rives (John) | 0.4 | $310.00 |
| 097372-00013 | Welfare Plans | 0.3 | $171.00 |
| 097372-00014 | Savings Plan Committee | 4.8 | $4,248.00 |
| 097372-00017 | Savings Plan | 29.5 | $20,858.00 |
| **Subtotal** | | 403.1 | $237,934.50 |
| *Minus 10% discount* | | | ($23,793.45) |
| *Minus Agreed-Upon Reduction of Fees from First Interim Fee Period* | | | (908.25) |
| *Minus Agreed-Upon Reduction of Fees from Second Interim Fee Period* | | | ($11,298.00) |
| **Grand Total** | | | **$201,934.80** |

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kevin B. Leblang

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------- x
                                                                    :
**In re**                                                           :          **Chapter 11 Case No.**
                                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                         :          **08-13555 (JMP)**
                                                                    :
                                    **Debtors.**                     :          **(Jointly Administered)**
                                                                    :
------------------------------------------------------------------- x

**FINAL APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP, SPECIAL
COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK,
UNITED STATES BANKRUPTCY JUDGE:

Kramer Levin Naftalis & Frankel LLP ("Kramer Levin" or "Applicant"), special counsel

for the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), as well

as their non-debtor affiliates (collectively with the Debtors, "Lehman"), files the Final

Application (the "Final Fee Application" or this "Application"), pursuant to Sections 330 and

331 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the

"Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the final allowance of compensation for the professional services

performed by the Applicant for the period commencing January 1, 2011, through and including

March 6, 2012 (the "Compensation Period"), and for reimbursement of its actual and necessary

expenses incurred during the Compensation Period.  In support of this Final Fee Application, Kramer Levin respectfully represents the following:

## **Background**

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court").  These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered under Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee") and approved a fee protocol in the above-captioned chapter 11 cases pursuant to an order of the same date [Docket No. 3651].  On January 24, 2011, the Court entered an order modifying the composition of the Fee Committee.  On April 14, 2011, the Court entered an order approving a revised fee protocol (as modified, the "Fee Protocol") [Docket No. 15998].

3.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629].  On September 1, 2011, the Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.  On September 15, 2011, the Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.  On December 6, 2011, the Court entered an order [Docket No. 23023] confirming the Plan.

2

4.     On March 6, 2012, the Debtors filed the Notice of Effective Date and Distributions Date in Connection with the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors [Docket No. 26039].

### **Kramer Levin's Retention**

5.     On May 3, 2011, the Debtors filed their Application Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Kramer Levin Naftalis & Frankel LLP as Special Counsel to the Debtors, Effective as of October 1, 2010 [Docket No. 16535] (the "Retention Application").

6.     On May 19, 2011, the Court entered the Order Pursuant to Sections 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Kramer Levin Naftalis & Frankel LLP as Special Counsel to the Debtors, Effective as of October 1, 2010 [Docket No. 16985] (the "Retention Order").

7.     Prior to the entry of the Retention Order, Kramer Levin had been providing legal services on behalf of the Debtors as a professional utilized in the ordinary course pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [Docket No. 7822] (the "OCP Order").[2]

---

[2] Kramer Levin previously submitted certain of its invoices relating to services performed during the Compensation Period as an Ordinary Course Professional in the Debtors' chapter 11 cases. These invoices are not the subject of this Application any payments received on account of those invoices already submitted are part of the $1 million ordinary course professional cap and relate to services and invoices different from those for which compensation is hereby requested.

**Jurisdiction and Venue**

8.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b).   Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Summary of Professional Compensation and
Reimbursement of Expenses Requested**

9.       This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), the Order Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the "Fee Order") and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Interim Compensation Order" and collectively with the Fee Order, the Local Guidelines and UST Guidelines, the "Guidelines").   Pursuant to the Local Guidelines, the certification of Kevin Leblang regarding compliance with the same is attached hereto as Exhibit A.

10.       Pursuant to this Final Fee Application, Kramer Levin seeks final allowance of fees for professional services rendered during the Compensation Period in the aggregate amount of $201,934.80 and reimbursement of expenses incurred in connection with rendition of those

4

services in the aggregate amount of $4,594.53.[3]  These amounts take into consideration all write-offs made either voluntarily or in response to issues raised by the Fee Committee.

11.    During the Compensation Period, Kramer Levin has received no payment and no promises for payment from any source for services rendered in connection with the matters covered by this Application.   There is no agreement or understanding between the Applicant and any other person, other than members of the Applicant, for the sharing of compensation to be received for services rendered in these cases.

12.    Except as otherwise set forth herein, the fees charged by the Applicant in these cases are billed in accordance with its existing billing rates and procedures set forth in the Retention Application in effect during the Compensation Period.  The billing rates the Applicant charges for the services rendered by its professionals and paraprofessionals in these chapter 11 cases (including increases thereof) are the same rates that the Applicant charges for professional and paraprofessional services rendered in comparable non-bankruptcy matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

13.    Pursuant to the UST Guidelines, the Summary Sheet filed in connection with this Application includes a schedule setting forth all Kramer Levin professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by Kramer Levin, the department in which each individual practices, the hourly billing rate charged by Kramer Levin for services performed by such individual, the aggregate number of hours expended and

---

[3] In accordance with Kramer Levin's pre-Commencement Date practice with the Debtors, overall monthly fees are subject to a 10% discount.  This discount was applied to the overall monthly fee amounts set forth in each monthly statement and is also reflected in the Compensation Period totals set forth in the Application.

fees billed, and the year in which each professional was first licensed to practice law in the state of New York.

14.     Annexed hereto as <u>Exhibit B</u> is a schedule specifying the categories of expenses for which Kramer Levin seeks reimbursement, and the total amount for each such expense category.

15.     Annexed hereto as <u>Exhibit C</u> is a summary of Kramer Levin's time records billed during the Compensation Period using project categories as hereinafter described.

16.     The Applicant maintains computerized records of the time spent by all of the Applicant's attorneys and paraprofessionals in connection with the services rendered on the Debtors' behalf during these chapter 11 cases.[4]

<u>**Applicant's Prior Fee Requests**</u>

17.     On August 15, 2011, the Applicant filed its first interim fee application [Docket No. 19241] for the allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred from January 1, 2011 through May 31, 2011 seeking interim allowance of fees in the aggregate amount of $131,057.10 and for reimbursement of actual and necessary expenses in the amount of $1,173.15.  On April 3, 2012, the Court entered an order [Docket No. 27260] granting Kramer Levin's first interim fee application, in which the Court awarded Kramer Levin fees in the amount of $130,148.85 and expenses in the amount of $1,076.97.

18.     On December 14, 2011, the Applicant filed its second interim fee application [Docket No. 23315] for the allowance of compensation for professional services rendered and for

---

[4] Detailed time and expense records have been filed in connection with Kramer Levin's previously filed interim fee applications.  In addition, parties-in-interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have received such records.  Copies of these records will be made available to other parties-in-interest upon reasonable request.

reimbursement of actual and necessary expenses incurred from June 1, 2011 through September 30, 2011 seeking interim allowance of fees in the aggregate amount of $51,334.65 and for reimbursement of actual and necessary expenses in the amount of $2,435.53.  On June 29, 2012, the Court entered an order [Docket No. 29152] granting Kramer Levin's second interim fee application, in which the Court awarded Kramer Levin fees in the amount of $40,036.65 and expenses in the amount of $2,423.09.

19.    On May 21, 2012, the Applicant filed its third interim fee application [Docket No. 27975] for the allowance of compensation for professional services rendered and for reimbursement of actual and necessary expenses incurred from October 1, 2011 through March 6, 2012 seeking interim allowance of fees in the aggregate amount of $31,749.30 and for reimbursement of actual and necessary expenses in the amount of $1,094.47.  The Court has not yet approved Kramer Levin's third interim fee application.

## Summary of Legal Services Rendered

20.    The legal services rendered by the Applicant during the Compensation Period are summarized below.  The following summary is not a detailed description of the work performed, as the day-to-day services and the time expended in performing such services are fully set forth in the detailed time records.  Rather, in compliance with the UST Guidelines, the following summary highlights certain areas in which services were rendered by the Applicant to and for the benefit of the Debtors and their estates, and identifies some of the issues to which the Applicant devoted significant time and effort during the Compensation Period.

21.    The summary is divided according to the project billing codes that the Applicant created to best reflect the categories of tasks that it was required to perform in connection with these chapter 11 cases.  Nevertheless, under the circumstances, and given the interconnectedness

7

of all the issues in these chapter 11 cases, certain of these categories may overlap with each

other.

22.    The Applicant respectfully submits that its services throughout the Compensation

Period warrant this Court's approval of its requested fees and expenses.

**A.    Welfare Plan**
**Billing Code:  097372-00013**

- During the Compensation Period, the Applicant reviewed issues relating to the VEBA application.

**B.    Savings Plan Committee**
**Billing Code:  097372-00014**

- During the Compensation Period, the Applicant reviewed and analyzed issues related to the investment management agreement.

**C.    Savings Plan**
**Billing Code:  097372-00017**

- During the Compensation Period, the Applicant reviewed and analyzed employee benefits and ERISA related issues.

**D.    Employment Advice**
**Billing Code:  097657-00077**

- During the Compensation Period, the Applicant advised the Debtors on employee termination issues and analyzed issues relating to the tax treatment of employee loans, the Wage Theft Protection Act, Fair Credit Reporting Act, the classification of employees and wage and hour issues, and WARN Act requirements.  In addition, the Applicant advised the Debtors and, as necessary, communicated with the Debtors in connection with these matters.

**E.    Newman (Barbara)**
**Billing Code:  097657-00187**

- During the Compensation Period, the Applicant reviewed and analyzed issues relating to disability discrimination and long-term disability benefits.

**F.    Swabsin (Cynthia)**
**Billing Code:  097657-00197**

- During the Compensation Period, the Applicant reviewed and analyzed issues related to a New York State tax subpoena.

G.    **Bennett (Margaret)**
      **Billing Code:  097657-00200**

- During the Compensation Period, the Applicant represented the Debtors in a post-petition employment contract claim brought by a former employee.  In connection with this matter, the Applicant completed paper and electronic discovery, deposed the plaintiff and defended depositions of five LBHI employees, and prepared for and attended conferences on this matter.

H.    **Retention Matters/Fee Application**
      **Billing Code:  097657-00202**

- During the Compensation Period, the Applicant performed a variety of services relating to its retention and compensation, including, among other things: (i) corresponded with the Debtors and/or their professionals regarding retention issues and fee applications; (ii) drafted, reviewed and revised the necessary documents related to the Retention Application; (iii) reviewed time entries to ensure adherence to the Guidelines; (iv) drafted Kramer Levin's interim fee applications; and (v) reviewed and responded to the Fee Committee's report for Kramer Levin's interim fee applications.

I.    **Rives (John)**
      **Billing Code:  097657-00203**

- During the Compensation Period, the Applicant communicated with the Debtor regarding employment issues.

### Statement of Kramer Levin

23.    The foregoing professional services performed by the Applicant were appropriate and necessary to the administration of these cases and were in the best interests of the Debtors, the estates, the creditors, and other parties-in-interest.  Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  The professional services were performed in an appropriately expeditious and efficient manner.

24.    The professional services performed by the Applicant on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 403.1 recorded hours by the Applicant's partners, counsel, associates and paraprofessionals.  Of the aggregate time

expended, 112 recorded hours were expended by partners and counsel of the Applicant, 271.6 recorded hours were expended by associates, and 19.5 recorded hours were expended by paraprofessionals of the Applicant.

25.     During the Compensation Period, the Applicant's hourly billing rates for attorneys that provided services on behalf of the Debtors ranged from $290 to $940 per hour.  In January 2011 and 2012, the Applicant had a market-driven rate increase for all attorneys.  In September 2011, associates' rates increased based on the associates' advancement within the firm in terms of seniority.

26.     Allowance of compensation in the amount requested would result in a blended hourly billing rate for attorneys of approximately $544.59 per hour (based upon 383.6 recorded hours for attorneys at the Applicant's regular billing rates in effect at the time of the performance of services), and a total blended hourly billing rate for the Applicant's partners, counsel, associates, and paraprofessionals of $531.24.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy cases in a competitive national legal market.

### Actual and Necessary Disbursements of Kramer Levin

27.     As set forth in Exhibit B hereto, the Applicant has disbursed $4,594.53 as expenses incurred in providing professional services during the Compensation Period.  With respect to photocopying expenses, the Applicant charged $0.10 per page.  The Applicant does not charge for facsimile transmissions, other than the cost of long distance facsimiles at applicable toll charge rates, which invariably are less than $1.25 per page as permitted by the Guidelines.  Each of these categories of expenses does not exceed the maximum rate set by the Guidelines.

10

28.    The Applicant has made every effort to minimize its disbursements in these cases. The actual expenses incurred while providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors.

## The Requested Compensation Should be Allowed

29.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> (3)    In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

30.      In the instant case, Kramer Levin respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates. Kramer Levin further submits that the services rendered to the Debtors were performed economically, effectively, and efficiently. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

## Conclusion

WHEREFORE, the Applicant respectfully requests that the Court enter an order (i) awarding the Applicant the final allowance of (a) fees for the Compensation Period in the aggregate amount of $201,934.80, and (b) the reimbursement for actual and necessary expenses the Applicant incurred during the Compensation Period in the amount of $4,594.53; (ii) authorizing and directing the Debtors' payment of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) granting the Applicant such other and further relief as is just.


Dated: July 5, 2012
     New York, New York

/s/ Kevin B. Leblang
Kevin B. Leblang

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kevin B. Leblang
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Special Counsel for the Debtors and Debtors-in Possession*

**EXHIBIT A**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
Kevin B. Leblang

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
                                              :
**In re**                                      :        **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                              :
                          **Debtors.**         :        **(Jointly Administered)**
                                              :
------------------------------------------------------------------- x

## CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF KRAMER LEVIN NAFTALIS & FRANKEL LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, Kevin B. Leblang, hereby certify that:

1.        I am a partner with the applicant firm, Kramer Levin Naftalis & Frankel LLP

("Kramer Levin"), with responsibility for the chapter 11 cases of Lehman Brothers Holdings Inc.

and certain of its affiliates, as debtors in possession in the above-captioned cases (collectively,

the "Debtors"), and I submit this final application for compensation in compliance with the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on November 25, 2009 (the "Local Guidelines"),

the United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"UST Guidelines"), and this Court's Fourth Amended Order Pursuant to Sections 105(a) and 331

of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Interim Compensation Order," and together with the Local Guidelines and the UST Guidelines, the "Guidelines").

2.      This certification is made in respect of Kramer Levin's application, dated July 5, 2012 (the "Application"), for final compensation and reimbursement of expenses for the period commencing January 1, 2011 through and including March 6, 2012 (the "Compensation Period") in accordance with the Guidelines.

3.      In respect of section A.1 of the Local Guidelines, I certify that:

(a)      I have read the Application;

(b)      to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

(c)      the fees and disbursements sought are billed at rates in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients; and

(d)      in providing a reimbursable service, the Applicant does not make a profit on that service, whether the service is performed by the Applicant in-house or through a third party.

4.      In respect of section A.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that, to the best of my knowledge, the Applicant has complied with the provision requiring it to provide the appropriate notice parties, on a monthly basis, with a statement of the Applicant's fees and disbursements accrued during the previous month.

5.      In respect of section A.3 of the Local Guidelines, I certify that counsel for the Debtors, the United States Trustee for the Southern District of New York and counsel for the Committee are each being provided with a copy of this Application.

2

Dated: July 5, 2012
         New York, New York

/s/ Kevin B. Leblang
Kevin B. Leblang

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kevin B. Leblang
1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100
Facsimile:  (212) 715-8000

*Special Counsel for the Debtors and Debtors-in Possession*

**EXHIBIT B**

**Expense Category Summary**

| Expense Category | Amount |
|---|---|
| Photocopying | $915.30 |
| Messenger/Courier | $724.84 |
| Inside Messenger | $42.00 |
| Lexis/Nexis On-Line Research | $510.11 |
| Postage | $181.62 |
| Transcript Fees | $1,935.60 |
| Meals/ In-House Meetings | $336.18 |
| Research Services | $28.00 |
| Tabs | $22.00 |
| Velobindings | $7.50 |
| **Subtotal** | $4,703.15 |
| *Minus Agreed-Upon Reduction of Expenses from First Interim Fee Period* | *($96.18)* |
| *Minus Agreed-Upon Reduction of Expenses from Second Interim Fee Period* | *($12.44)* |
| **Grand Total** | **$4,594.53** |

**EXHIBIT C**

### Fee Summary by Matter Number

| Matter Number | Project Category | Hours | Amount |
|---|---|---|---|
| 097657-00077 | Employment Advice | 37.9 | $26,020.00 |
| 097657-00187 | Newman (Barbara) | 0.7 | $542.50 |
| 097657-00197 | Swabsin (Cynthia) | 0.9 | $633.00 |
| 097657-00200 | Bennett (Margaret) | 207.8 | $122,451.50 |
| 097657-00202 | Retention Matters/Fee Application | 120.8 | $62,700.50 |
| 097657-00203 | Rives (John) | 0.4 | $310.00 |
| 097372-00013 | Welfare Plans | 0.3 | $171.00 |
| 097372-00014 | Savings Plan Committee | 4.8 | $4,248.00 |
| 097372-00017 | Savings Plan | 29.5 | $20,858.00 |
| **Subtotal** | | 403.1 | $237,934.50 |
| *Minus 10% discount* | | | ($23,793.45) |
| *Minus Agreed-Upon Reduction of Fees from First Interim Fee Period* | | | (908.25) |
| *Minus Agreed-Upon Reduction of Fees from Second Interim Fee Period* | | | ($11,298.00) |
| **Grand Total** | | | **$201,934.80** |