UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
                            :

**In re**                          :        Chapter 11 Case No.
                            :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :        08-13555 (JMP)
                            :

        **Debtors.**           :        **(Jointly Administered)**
                            :

-----------------------------------------------------------------x


## SUMMARY STATEMENT FOR FINAL APPLICATION
## OF AKERMAN SENTERFITT, SPECIAL COUNSEL TO
## THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING
## ALLOWANCE AND PAYMENT OF COMPENSATION
## AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES


Names of Applicant:              Akerman Senterfitt

Role in the Case:               Special Counsel to the Debtors

Date of Retention:             January 10, 2012 (*nunc pro tunc* to January 1, 2011)

Period for which compensation and
reimbursement are sought:          January 1, 2011 through March 6, 2012[1]

Amount of compensation sought as
actual, reasonable and necessary:      $750,503.31

Amount of expenses sought as
actual, reasonable and necessary:      $43,918.16

This is a(n)   ☐ Monthly   ☐ Interim   ☒ **Final Application**

---

[1]   Plus the outstanding invoices for 2009 and 2010 as allowed pursuant to the Akerman Employment Order.
{24467665;1}

## SUMMARY OF FEES AND EXPENSES REQUESTED
## AND APPROVED BY APPLICATION PERIOD

| Application | Period | Total Fees Requested | Total Expenses Requested | Fees and Expenses Approved by Court |
|---|---|---|---|---|
| First Interim Application | 01/01/11 – 03/6/12[2] | $750,503.31 | $43,918.16 | Final Amount not yet determined[3] |
| **Totals** | | **$750,503.31** | **$43,918.16** | |

---

[2] Plus the outstanding invoices for 2009 and 2010 as allowed pursuant to the Akerman Employment Order.
[3] As of the date of this Final Application, the Court has not yet entered an order approving the First Interim Fee Application.

## FEE SUMMARY

**Shareholders**:

| Name of Professional | Admission Date | Hours 2009 | Hours 2010-2012 | Total Hours | Hourly Rate 2009 | Hourly Rate 2010-2012 | Total Fees[4] |
|---|---|---|---|---|---|---|---|
| Justin D. Balser | 06/01/02 | 14.25 | 160.80 | 175.05 | 350.00 | 370.00 | $57,980.62 |
| Victor R. Berwin | 10/04/04 | | 1.20 | 1.20 | | 405.00 | $437.40 |
| Stacy Bercum Bohm | 10/06/94 | | 70.00 | 70.00 | | 465.00 | $31,150.00 |
| Todd A. Boock | 05/07/96 | | 10.30 | 10.30 | | 450.00 | $4,171.50 |
| Jacob D. Bundick | 05/02/06 | | 26.10 | 26.10 | | 400.00 | $9,396.00 |
| Keith N. Costa | 06/01/85 | | 1.70 | 1.70 | | 710.00 | $1,086.30 |
| Thomas S. Crowley | 06/01/01 | | 41.30 | 41.30 | | 425.00 (2011) 445.00 (2012) | $16,015.84 |
| Kelly J. Garcia | 06/01/04 | | 602.50 97.30 | 699.80 | | 400.00 (2011) 370.50 (2012) | $234,799.55 |
| Katherine E. Giddings | 06/01/92 | 1.90 | 7.70 | 9.60 | 490.00 | 515.00 | $4,262.85 |
| Jeffrey G. Gilmore | 05/27/82 | | 4.40 | 4.40 | | 505.00 | $1,962.90 |
| Andrea S. Hartley | 10/05/90 | | 171.90 | 171.90 | | 545.00 | $57,105.10 |
| Imran Hayat | 03/06/03 | | 42.10 | 42.10 | | 380.00 | $14,398.02 |
| Justin E. Hekkanen | 02/14/07 | 26.90 | 15.60 | 42.50 | 325,00 | 340.00 | $11,962.80 |
| William P. Heller | 10/08/93 | 49.70 | | 49.70 | 425.00 | | $17,375.85 |
| Theresa M. McLaughlin | 10/21/86 | | 17.30 | 17.30 | | 430.00 | $7,439.00 |
| James M. Miller | 10/23/75 | 0.30 | | 0.30 | 580.00 | | $141.75 |
| Ariel E. Stern | 10/11/02 | | 4.60 | 4.60 | | 475.00 | $1,966.00 |
| Jeffrey A. Trinz | 12/09/78 | | 1.60 | 1.60 | | 450.00 | $648.00 |
| Nancy M. Wallace | 06/01/95 | 24.10 | 2.60 | 26.70 | 420.00 | 440.00 | $9,667.80 |
| Lynne M. White | 10/19/84 | 24.80 | | 24.80 | 425.00 | | $9,039.60 |
| **Total Shareholders:** | | 141.95 | 1279.00 | 1,420.95 | | | $491,006.88 |

**Of Counsel**:

| Name of Professional | Admission Date | Hours 2009 | Hours 2010-2012 | Total Hours | Hourly Rate 2009 | Hourly Rate 2010-2012 | Total Fees[5] |
|---|---|---|---|---|---|---|---|
| David M. Hawthorne | 06/01/91 | | 0.20 | 0.20 | | 330.00 | $59.40 |
| Donald M. Scotten | 12/01/97 | | 15.60 | 15.60 | | 395.00 | $5,545.80 |
| **Total Of-Counsel:** | | | 15.80 | 15.80 | | | $5,605.20 |

**Associates**:

---

[4] In accordance with Akerman's pre-Commencement Date practice with the Debtors, Akerman has provided LBHI a courtesy ten (10%) percent discount on its fees for invoices under task code 4000. This discount is reflected in the "Total Fees" column of this summary.
[5] See Footnote 4.

| Name of Professional | Admission Date | Hours 2009 | Hours 2010-2012 | Total Hours | Hourly Rate 2009 | Hourly Rate 2010-2012 | Total Fees[6] |
|---|---|---|---|---|---|---|---|
| Preston K. Ascherin | 12/07/08 | | 5.30 | 5.30 | | 250.00 | $1,192.50 |
| Brandon W. Banks | 09/30/02 | | 130.10 | 130.10 | | 375.00 | $35,127.00 |
| James A. Bombulie | 09/18/06 | | 1.60 | 1.60 | | 325.00 | $468.00 |
| Diana S. Erb | 10/16/07 | | 0.60 | 0.60 | | 265.00 | $143.10 |
| Vincent Falcone, III | 10/08/08 | | 0.20 | 0.20 | | 300.00 | $51.30 |
| Elissa P. Fudim | 06.01/07 | 3.10 | 22.03 | 25.13 | 310.00 | 360.00 | $7,722.31 |
| Bryan M. Leifer | 12/01/09 | | 43.10 | 43.10 | | 240.00 | $9,230.40 |
| Anne M. Mangiardi | 06/01/07 | | 31.90 | 31.90 | | 295.00 | $8,469.45 |
| Michael O. Mena | 06/01/05 | 5.60 | 0 | 5.60 | 310.00 | | $1,360.80 |
| Bartholomew M. Motes | 03/23/09 | | 3.70 | 3.70 | | 230.00 | $765.90 |
| Tara J. Nelson | 03/23/11 | | 0.30 | 0.30 | | 230.00 | $53.11 |
| Jennifer L. Rubin | 2004 | 56.41 | 185.20 | 241.61 | 330.00 | 345.00 | $67,269.41 |
| Mark D. Schellhase | 09/25/08 | 0.30 | | 0.30 | 205.00 | | $55.35 |
| Kathlyn M. Schwartz | 02/01/09 | | 3.00 | 3.00 | | 325.00 | $877.50 |
| Steven G. Shevorski | 12/19/02 | | 8.20 | 8.20 | | 380.00 | $2,804.40 |
| Jeremy A. Shure | 2003 | 1.00 | | 1.00 | 395.00 | | $270.00 |
| Jordan M. Smith | 2003 | | 21.00 | 21.00 | | 345.00 | $6,520.50 |
| Patrick J. Walsh | 07/01/01 | 182.40 | | 182.40 | 375.00 | | $41,991.30 |
| **Total Associates:** | | 248.81 | 456.23 | 705.04 | | | $184,372.33 |

---

[6] See Footnote 4.

**Paraprofessionals**:

| Name of Professional | Hours 2009 | Hours 2010-2012 | Total Hours | Hourly Rate 2009 | Hourly Rate 2010-2012 | Total Fees[7] |
|---|---|---|---|---|---|---|
| Erin P. Abugow | | 0.40 | 0.40 | | 140.00 | $50.40 |
| Denise Aguilar | | 0.60 | 0.60 | | 145.00 | $78.30 |
| Matthew A. Barnes | | 38.10 | 38.10 | | 205.00 | $7,039.82 |
| Sandra Bohanan | | 1.90 | 1.90 | | 175.00 | $247.95 |
| Lara S. Caplis | 0.60 | | 0.60 | 170.00 | | $78.30 |
| Charlene Chung | | 2.40 | 2.40 | | 135.00 | $291.60 |
| Elizabeth R. Colby | | 28.60 | 28.60 | | 175.00 | $4,261.50 |
| Toni M. Domres | | 10.10 | 10.10 | | 140.00 | $1,272.60 |
| Kristine L. Elliott | 17.90 | 209.50 | 227.40 | 135.00 | 140.00 | $28,560.79 |
| Penny R.Gerlach | | 48.30 | 48.30 | | 230.00 | $9,330.75 |
| David A. Hancock | | 19.00 | 19.00 | | 185.00 | $3,163.50 |
| Douglas Horner | | 0.20 | 0.20 | | 170.00 | $26.10 |
| Kathryn Howell | 20.90 | | 20.90 | 165.00 | | $3,103.65 |
| Howard Kogan | 4.14 | 12.03 | 16.17 | 235.00 | 255.00 | $3,301.63 |
| Jill N. Lindvall | | 1.10 | 1.10 | | 185.00 | $183.15 |
| Courtney Linney | | 5.50 | 5.50 | | 115.00 | $569.25 |
| Amy G. McDonald | 0.20 | | 0.20 | 165.00 | | $29.70 |
| Kerri Nash | | 5.20 | 5.20 | | 165.00 | $734.40 |
| Kimberley J. Pass | 0.70 | | 0.70 | 160.00 | | $92.70 |
| Alicia Rabadan | | 0.50 | 0.50 | | 125.00 | $48.11 |
| Katherine Schell | | 8.30 | 8.30 | | 120.00 | $896.40 |
| Diane Spease | | 14.30 | 14.30 | | 155.00 | $1,869.75 |
| Elizabeth Steible | 0.40 | 14.30 | 14.70 | 90.00 | 95.00 | $1,250.55 |
| Lisa Vassello | 16.20 | | 16.20 | 160.00 | | $1,968.30 |
| Maciej P. Wesolowski | | .70 | .70 | | 140.00 | $98.00 |
| **Total Paraprofessionals:** | 61.04 | 421.03 | 482.07 | | | $68,547.20 |

---

[7] See Footnote 4.

**Other Non-Attorney Timekeepers**:

| Name of Professional | Hours 2009 | Hours 2010-2012 | Total Hours | Hourly Rate 2009 | Hourly Rate 2010-2012 | Total Fees[8] |
|---|---|---|---|---|---|---|
| Elan S. Hersh (Litigation Analyst) | | 3.00 | 3.00 | | 130.00 | $351.00 |
| Linda K. Fowlie (Librarian) | | 0.70 | 0.70 | | 140.00 | $92.40 |
| Susan McEvoy (Librarian) | | 0.30 | 0.30 | | 95.00 | $25.65 |
| Wendy C. Oliver (Librarian) | 0.60 | | 0.60 | 95.00 | | $51.30 |
| Alexandra D. Olson (Librarian) | | 0.30 | 0.30 | | 85.00 | $22.95 |
| Mark A. Plotkin (Librarian) | | 0.50 | 0.50 | | 95.00 | $42.75 |
| Larry Stallings (Librarian) | | 2.60 | 2.60 | | 95.00 | $222.30 |
| Stacy Warner (Secretary) | | 1.10 | 1.10 | | 165.00 | $163.35 |
| **Total Other Non-Attorney Timekeepers:** | 0.60 | 8.50 | 9.10 | | | $971.70 |

---

[8] See Footnote 4.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                 :

In re                             :     Chapter 11 Case No.
                                 :

LEHMAN BROTHERS HOLDINGS INC., *et al.*, :     08-13555 (JMP)
                                 :

         Debtors.          :     (Jointly Administered)
                                 :

------------------------------------------------------------x

## FINAL APPLICATION
## OF AKERMAN SENTERFITT, SPECIAL COUNSEL TO
## THE DEBTORS AND DEBTORS IN POSSESSION, SEEKING
## ALLOWANCE AND PAYMENT OF COMPENSATION
## AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE

        Akerman Senterfitt ("Akerman"), special counsel for Lehman Brothers Holdings Inc.

("LBHI") and its affiliated debtors in the above captioned chapter 11 cases, as debtors in

possession (together, the "Debtors" and collectively with their non-debtor affiliates, "Lehman"),

files its Final Application ("Final Application") seeking (a) final allowance of compensation for

professional services rendered by Akerman to the Debtors in the amount of $750,503.31, and

(b) reimbursement of actual and necessary charges and expenses incurred by Akerman in the

rendition of required professional services on behalf of the Debtors in the amount of $43,918.16,

in each case for the period from January 1, 2011 through March 6, 2012 plus certain outstanding

invoices for 2009 and 2010 (collectively, the "Compensation Period"), pursuant to sections

330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee

{24467665;1}

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-

151, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases (the "Local Guidelines"), and the Fourth Amended Order Pursuant

to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals, entered in these cases on April 14, 2011 [Docket No. 15997] (the "Fourth

Amended Monthly Compensation Order").  In support of this Application, Akerman respectfully

represents as follows:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable,

the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and

manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for Region 2 (the "U.S.

Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of

the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities

Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A

trustee appointed under SIPA is administering LBI's estate.

4.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009, [ECF No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [ECF No. 7531].

5.     Akerman was retained as an "Ordinary Course Professional" (as hereinafter defined below) since the date it submitted Disclosure Statement of William B. Heller submitted February 11, 2009 [ECF No. 2816].

6.     On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629].   On September 1, 2011, the Bankruptcy Court entered an amended order [ECF No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

7.     By order dated January 10, 2012 (Docket No. 24150) ("Akerman Employment Order"), Akerman was retained by the Debtors as special counsel, *nun pro tunc*, effective as of January 1, 2011, with respect to the following matters: (i) prosecute loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) foreclosure litigation in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and the defense of lender liability claims asserted in such litigation; (iii) land use work related to the foreclosure litigation; and (iv) assisting LBHI in obtaining the final Certificate of Occupancy and resolving all claims

and warranty issues with the general contractor and the subcontractors on a Florida condominium project.

8.      Pursuant to the Akerman Employment Order, Akerman received the Court's approval to seek compensation and reimbursement of expenses with respect to fees and expenses to be paid to it pursuant to the outstanding 2009 and 2010 invoices identified in the Akerman Employment Application.

## Jurisdiction

9.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Lehman's Business

10.     Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

11.     Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [ECF No. 2].

## The Final Application

12.     This Final Application is made pursuant to 11 U.S.C. §§ 105, 330 and 331 and the Fourth Amended Monthly Compensation Order.

13.     Akerman is a leading litigation and real estate firm of 450 attorneys, that in this matter:  (i) prosecutes loss recovery litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits; (ii) prosecutes foreclosure litigation in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and defends lender liability claims asserted in such litigation; (iii) provides land use work related to the foreclosure litigation; and (iv) assisted LBHI in obtaining the final Certificate of Occupancy and resolving all claims and warranty issues with the general contractor and the subcontractors on a condominium project in Florida.  As described in the Akerman Affidavit, Akerman has extensive knowledge and experience with these kinds of matters.  Akerman is a leading litigation and real estate firm which has represented Debtors and their affiliates in these types of matters.

14.     Akerman has represented LBHI, directly through its subsidiary Aurora Loan Services, LLC, since 2006 in foreclosure and loss recovery litigation.   During that time, Akerman has represented LBHI and its affiliates in state and federal court litigation in several states.  Over the course of its representation of the Debtors and their affiliates, Akerman has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application.

15.     By this Final Application, Akerman seeks allowance in full of final compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $750,503.31, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $43,918.16.  In accordance with Akerman's pre-Commencement Date practice with the Debtors, Akerman has provided LBHI a courtesy ten (10%) percent discount on its fees for invoices under task code 4000 which is

reflected in the aggregate amount sought for professional services. During the Compensation Period, Akerman attorneys and paraprofessionals/other non-attorney timekeepers expended a total of 2,632.96 hours for which compensation is sought.

16.    During the Compensation Period, other than as an Ordinary Course Professional and pursuant to the Interim Compensation Order, Akerman has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Final Application. There is no agreement or understanding between Akerman and any other person, other than partners of the Firm, for the sharing of compensation to be received for services rendered in these cases.

17.    The fees charged by Akerman in these cases are billed in accordance with its agreed-upon billing rates and procedures in effect during the Compensation Period. The rates charged by Akerman for the services rendered in these chapter 11 cases do not (and will not) exceed the rates Akerman customarily charges for services rendered in comparable matters. Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable assignments in a competitive national legal market.

18.    Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Final Application is a schedule setting forth all Akerman professionals and paraprofessionals/other non-attorney timekeepers who have performed services in these chapter 11 cases during the Compensation Period, the capacities in which each such individual is employed by Akerman, the hourly billing rate charged by Akerman for services performed by such individual, the year in which each professional was admitted to practice law and the aggregate number of hours expended in this matter and fees billed therefor.

19.    Pursuant to the Local Guidelines, a certificate regarding compliance with the same is attached hereto as Exhibit A.

20.    Attached hereto as Exhibit B is a schedule specifying the categories of actual, necessary expenses for which Akerman is seeking reimbursement and the total amount for each such expense category.

21.    Pursuant to the UST Guidelines, attached hereto as Exhibit C is a summary of the number of hours and amounts billed by Akerman during the Compensation Period, organized by task code.

22.    Akerman maintains computerized records of the time spent by all Akerman attorneys and paraprofessionals/other non-attorney timekeepers in connection with the Debtors' chapter 11 cases.[9]

### Professional Services Rendered

23.    Akerman has been asked to assist the Debtors in mortgage loan-related litigation. Akerman has prosecuted 16 cases that involve breach of contract and breach of warranty claims brought by LBHI against various correspondent mortgage loan sellers under loan purchase agreements for breaches of representations and warranties including, but not limited to, misrepresentations of income, employment, assets, property value or involve first or early payment default by borrowers.  Specifically, Akerman has researched, prepared, filed, litigated, and/or settled cases on behalf of the Debtors against counterparts to sales of mortgage loans on the secondary mortgage market.  To date, Akerman has obtained judgments in favor of LBHI in the total amount of $2,644,024.73 and has settled certain other cases for a total settlement amount of $807,500.00.

---

[9] Detailed time and expense records have been publicly filed and provided to the Debtors, Weil, Gotshal & Manges LLP, the Court, the U.S. Trustee, counsel to the Creditors' Committee and the Fee Committee in connection with Akerman's First Interim Fee Application.  Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have received such records.  Copies of these records will be made available to other parties in interest upon reasonable request.

24.    Akerman also prosecutes foreclosure litigation on behalf of the Debtors in the State Courts and the United States District Courts for the states of Arizona, Arkansas, California, Florida, Illinois, Maryland, Nevada, New Jersey and New York and defends lender liability claims asserted in such litigation.

25.    For LBHI, Akerman has completed distressed property work and a construction work-out for final completion, final payment and warranty issues with the general contractor and its subcontractors for the condominium project known as Gables Marquis located in Miami, Florida. LBHI's borrower, the condominuim project developer, defaulted on its loan with LBHI and its contract with the general contractor. Akerman assisted LBHI in obtaining the final Certificate of Occupancy, completed the punch list and settled all claims with the general contractor and the subcontractors. Akerman resolved several million dollars in lien claims which were deemed satisfied of record. Akerman also resolved several claims filed by subcontractors and the general contractor in the bankruptcy as part of the settlement.

26.    Akerman assisted LBHI with various entitlement issues. Akerman analyzed local government entitlements and development agreement provisions in advance of foreclosure litigation. Akerman negotiated with a charter school regarding entitlement issues. Further, Akerman negotiated with local government regarding entitlement extensions and development agreement provisions. Akerman also analyzed documents including the purchase and sale agreement and amendments, restrictive covenants, etc. in order to determine if there existed an obligation to provide parking for the public and/or the charter school.

27.    In 2009 and 2010, Akerman assisted LBHI in litigation against mortgage loan sellers for repurchase and indemnification involving residential mortgage loans purchased by the Debtors and either still owned by the Debtors or sold by the Debtors at a loss ("Residential Mortgage Loan Litigation"). The cases involved breach of contract and breach of warranty

claims brought by the Debtors against various correspondent mortgage loan sellers under loan purchase agreements and the Aurora Loan Services Seller's Guide for breaches of representations and warranties. The common breaches included misrepresentations of income, employment, assets, property value or involve first or early payment default by borrowers. The Debtors had inadvertently not paid several invoices related to the Residential Mortgage Loan Litigation in the total amount of $142,172.28 for services rendered over the course of several months in 2009 and 2010. The Debtors do not dispute these invoices were timely submitted and should have been paid pursuant to the compensation and reimbursement procedures set forth in the Amended OCP Order for Ordinary Course Professionals. All other invoices submitted by Akerman for 2009 and 2010 were timely paid by the Debtors. Although the invoices are for services rendered prior to the effective date of January 1, 2011, pursuant to the Akerman Employment Order, Akerman received the Court's approval to submit these invoices pursuant to the procedures applicable to special counsel of the Debtors.

## The Requested Compensation Should Be Allowed

28.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of § 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under § 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered ... and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

29.    Akerman respectfully submits that the professional services and the charges and expenses for which it seeks reimbursement in this Final Application were necessary for and beneficial to the Debtors and their chapter 11 estates. These services were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the issues and tasks involved.

30.    The professional services performed by Akerman on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 2,632.96 recorded hours by Akerman's partners, counsel, associates and paraprofessionals/other non-attorney timekeepers. During the Compensation Period, Akerman billed the Debtors for time expended by attorneys based on hourly rates ranging from $205.00 to $710 per hour.[10]

31.    Akerman has incurred or disbursed $43,918.16 in expenses in providing professional services to the Debtors during the Compensation Period. A schedule of the actual and necessary expenses incurred by Akerman in connection with its representation of the

---

[10] These standard hourly rates do not reflect those fee amounts that Akerman voluntarily discounted during the Compensation Period.

Debtors is attached hereto as Exhibit B.  These expense amounts are intended to cover direct operating costs, which costs are not incorporated into the Akerman hourly billing rates.  Only clients who actually use services of the types set forth in Exhibit B are separately charged for such services.

32.    With respect to standard photocopying expenses, Akerman has charged the Debtors $.10 or less per page, in accordance with U.S. Trustee policy and the Guidelines.

33.    All services for which compensation and reimbursement of expenses are requested by Akerman were performed for and on behalf of the Debtors.  No agreement or understanding exists between Akerman and any other person for the sharing of compensation to be received for the services rendered in connection with Akerman's representation of the Debtors, and no action prohibited by § 504 of the Bankruptcy Code has been, or will be, made by Akerman.

34.    No previous request for the relief sought herein has been made to this or any other court.

35.    Akerman submits that the services rendered during the Compensation Period have been efficient and effective.

## Conclusion

WHEREFORE Akerman Senterfitt respectfully requests (i) final allowance of compensation for professional services rendered during the Compensation Period in the amount of $750,503.31 and reimbursement of actual and necessary expenses Akerman Senterfitt incurred during the Compensation Period in the amount of $43,918.16; (ii) authorization for the Debtors to pay to Akerman Senterfitt that portion of the compensation amount and the reimbursement of expenses not yet paid; (iii) and such other and further relief as it deems just and proper.

Dated: July 5, 2012

Andrea S. Hartley
AKERMAN SENTERFITT
One Southeast Third Avenue, 25th Floor
Miami, FL 33131
Telephone: (305) 374-5600
Fax: (305) 374-5095
andrea.hartley@akerman.com

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                                            :
**In re**                                   :    **Chapter 11 Case No.**
                                            :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, :    **08-13555 (JMP)**
                                            :
        **Debtors.**                        :    **(Jointly Administered)**
-------------------------------------------------------------x

## <u>CERTIFICATION OF ANDREA S. HARTLEY</u>

I, Andrea S. Hartley, hereby certify that:

1.      I am a member of the firm of Akerman Senterfitt, attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("<u>LBHI</u>"), and its affiliated debtors in the above-referenced chapter 11 cases pursuant to an order of this Court. I am the professional designated by Akerman Senterfitt with responsibility for compliance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "<u>Local Guidelines</u>"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "<u>UST Guidelines</u>"), the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(b) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, entered in these cases on April 14, 2011 (the "<u>Fourth Amended Monthly Compensation Order</u>"), the fee protocol approved by the Court on June 26, 2009 (the "<u>Fee Protocol</u>", and collectively with the Local Guidelines,

UST Guidelines and the Interim Compensation Order, the "Guidelines") in the chapter 11 cases of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in these proceedings (collectively, the "Debtors").

2.      This certification is made in support of the Final Application of Akerman Senterfitt, dated July 5, 2012 (the "Final Application"), for compensation and reimbursement of expenses for the period commencing January 1, 2011 through and including March 6, 2012 plus the outstanding invoices for 2009 and 2010 (the "Compensation Period") in compliance the Local Guidelines.

3.      In respect of section B.1 of the Local Guidelines, I certify that:

a.      I have read the Final Application;

b.      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

c.      the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by Akerman Senterfitt and generally accepted by Akerman Senterfitt's clients; and

d.      in providing a reimbursable service, Akerman Senterfitt does not make a profit on that service, whether the service is performed by Akerman Senterfitt in-house or through a third party.

4.      In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I certify that Akerman Senterfitt has complied with those provisions requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases, the United States Trustee for the

Southern District of New York and the Fee Committee, a statement of Akerman Senterfitt's fees and expenses accrued during the Compensation Period.

5.     In respect of the Interim Compensation Order and section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases, the United States Trustee for the Southern District of New York and the Fee Committee are each being provided with a copy of the Final Application.

Dated: July 5, 2012
       Miami, Florida

Andrea S. Hartley
AKERMAN SENTERFITT
One Southeast Third Avenue
25th Floor
Miami, FL  33131
Telephone:  (305) 374-5600
Fax:  (305) 374-5095
andrea.hartley@akerman.com

*Special Counsel to the Debtors*

# EXHIBIT B

**ACTUAL AND NECESSARY EXPENSES**
**INCURRED BY AKERMAN SENTERFITT,**
**SPECIAL COUNSEL TO DEBTORS AND DEBTORS IN POSSESSION**

| TASK CODE / CATEGORY OF EXPENSES | TOTAL AMOUNT |
|---|---|
| E101 / Copying | $8,840.96 |
| E105 / Telephone | $172.05 |
| E107 / Delivery Services/Messengers | $2,609.33 |
| E110 / Out-of-Town Travel | $10,056.06 |
| E112 / Court Fees | $20,887.76 |
| E118 / Litigation Support Vendors | $1,350.00 |
| **TOTAL EXPENSES:** | $43,916.16 |

# EXHIBIT C

**SUMMARY OF HOURS AND AMOUNTS BILLED**
**DURING THE COMPENSATION PERIOD BY AKERMAN SENTERFITT**
**ORGANIZED BY TASK CODE/MATTER**

| TASK CODE / MATTER | HOURS | AMOUNT |
|---|---|---|
| 4000 / Non-Bankruptcy Litigation | 2,322.96 | $621,024.13 |
| 4600 / Firm's Own Billing/Fee Application | 58.00 | $31,575.10 |
| 2300 / Real Estate | 167.50 | $61,745.88 |
| 4700 / Firm's Own Retention Issues | 47.30 | $25,778.50 |
| 4200 / Appeals | 37.20 | $10,380.38 |
| **TOTAL HOURS/FEES REQUESTED:** | 2,632.96 | $750,503.99 |

{24467665;1}