UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                           :

In re:                                    :          Chapter 11
                                           :

Lehman Brothers Holdings, Inc., *et al*.  :          Case No. 08-13555 (JMP)
                                           :
                                           :          (Jointly Administered)

                 Debtors.              :
                                           :
------------------------------------------------------x

**DECLARATION OF STEVEN B. LEVINE IN SUPPORT OF THE APPLICATION OF THE AD HOC GROUP OF HOLDERS OF NOTES ISSUED BY LEHMAN BROTHERS TREASURY CO. B.V. AND GUARANTEED BY LEHMAN BROTHERS HOLDINGS, INC., PURSUANT TO 11 U.S.C. § 503(b) FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES FOR COUNSEL'S SERVICES INCURRED IN MAKING A SUBSTANTIAL CONTRIBUTION IN THESE CHAPTER 11 CASES**

      **STEVEN B. LEVINE**, hereby declares that the following is true and correct:

      1.    I am an attorney admitted to practice in New York and Massachusetts and have been admitted to the United States Bankruptcy Court of the Southern District of New York. I am a partner in the law firm of Brown Rudnick LLP ("Brown Rudnick"), residing in the Boston office located at One Financial Center, Boston, MA 02111.

      2.    This Declaration is submitted in support of the application (the "Application") of the LBT Ad Hoc Group,[1] pursuant to 11 U.S.C. §§ 503(b)(3)(D) and 503(b)(4) for allowance as an administrative expense of the legal fees and expenses in the aggregate amount of USD $3,741,017.85 (the "Brown Rudnick Fees and Expenses") for professional services rendered by Brown Rudnick from September 1, 2009, though March 6, 2012 (the "Compensation Period") to the LBT Ad Hoc Group.

---

[1] All capitalized terms used but not defined herein shall have the meaning ascribed to them in the Application.

3.      Brown Rudnick was initially retained as counsel to the LBT Ad Hoc Group beginning in the Fall of 2008 to evaluate the treatment of claims held against LBT in connection with LBT's Dutch insolvency proceedings.  During the Winter of 2009, the LBT Ad Hoc Group further requested that Brown Rudnick represent it in connection with the Debtors' Chapter 11 Cases.  All services performed by Brown Rudnick during the Compensation Period for which reimbursement is being sought in the Application were performed for and on behalf of the LBT Ad Hoc Group (and not for or on the behalf of any other person).  In addition, the Brown Rudnick Fees and Expenses apply only to Brown Rudnick's activities that resulted in a substantial contribution to the Debtors' U.S. Chapter 11 Cases.

4.      A summary of the Brown Rudnick Fees and Expenses is attached to the Application as Exhibit A.  This summary was prepared from invoices provided to the LBT Ad Hoc Group for professional services and expenses rendered on their behalf in these Chapter 11 Cases.  While Brown Rudnick did not set up separate billing matters for the U.S. and Dutch proceedings, it reviewed its overall time entries in this case and made a good faith allocation of services to those which it believes are properly the subject of a substantial contribution claim in the U.S. bankruptcy cases.  More specifically, Brown Rudnick eliminated time charges and expenses which were primarily related to the LBT Dutch bankruptcy proceedings or which represented work done for an individual member of the LBT Ad Hoc Group.  I have reviewed this summary and, to the best of my knowledge, information and belief, believe that it includes only services rendered in the U.S. cases which may appropriately be the subject of a § 503(b) claim.  This summary does not contain activities performed by Brown Rudnick in connection with representing the LBT Ad Hoc Group in LBT's Dutch insolvency proceedings.

5.  In connection with its representation of the LBT Ad Hoc Group in these Chapter 11 Cases during the Compensation Period, Brown Rudnick incurred professional fees of USD $3,626,023.26 and expenses of $114,994.59. Although the Brown Rudnick Fees and Expenses were originally billed to the LBT Ad Hoc Group in pounds sterling, they were converted to U.S. dollars for purposes of the Application by applying the conversion rate of exchange in effect on the date of each invoice on which the respective activity appears.[2] The Brown Rudnick Fees and Expenses already have been paid by members of the LBT Ad Hoc Group so the administrative claim sought herein is intended to reimburse members of the LBT Ad Hoc Group for amounts previously paid. The LBT Ad Hoc Group is providing the detailed time entries of Brown Rudnick's professionals to (a) the Court, (b) the U.S. Trustee, (c) the Debtors, (d) counsel for the Debtors, (e) counsel for the Creditors' Committee, and (f) counsel for the Fee Committee.

6.  I have read the Application and, to the best of my knowledge, understand the fees and disbursements sought in the Application to be billed at rates and in accordance with practices customarily employed by Brown Rudnick and generally accepted by Brown Rudnick's clients.[3]

---

[2] To be sure, Brown Rudnick is only seeking reimbursement of professional fees on behalf of the LBT Ad Hoc Group that were incurred as a result of a making substantial contribution to the Debtors' U.S. Chapter 11 Cases as a whole. Although Brown Rudnick did not have separate billing matters for the U.S. and Dutch cases, Brown Rudnick has reviewed the invoices provided to the LBT Ad Hoc Group and has, to the best of its ability made a good faith effort to identify and separate out fees and expenses that were incurred in the Chapter 11 Cases from those incurred for the benefit of specific members of the LBT Ad Hoc Group or which were primarily related to the Dutch proceedings or otherwise were not incurred in connection with these Chapter 11 Cases. Indeed, Brown Rudnick is seeking reimbursement of only $3,626,023.26 in professional fees, as compared to the total amount of approximately $5,5 million in professional fees billed to the LBT Ad Hoc Group during the Compensation Period. As for expenses, Brown Rudnick is seeking reimbursement of only $114,994.59 out of approximately $496,191.92 in total expenses billed to the LBT Ad Hoc Group during the Compensation Period. The expense figure was derived by first deducting expenses (such as expert fees of a Dutch law firm) that clearly were attributable only to the Dutch work and then allocating the remaining fees and expenses between U.S. and Dutch work based upon the percentage of total hours of each respective invoice for which a substantial contribution claim is being asserted in these Chapter 11 Cases. In addition, although Brown Rudnick billed the LBT Ad Hoc Group for the professional services and expenses in pounds sterling, the Brown Rudnick Fees requested in this Application are in U.S. dollars. Brown Rudnick converted the Brown Rudnick Fees from GBP to USD using the conversion rate in effect on the date of the invoice on which the relevant professional services or expenses appeared.

[3] In connection with this Application, Brown Rudnick made a good faith allocation of individualized time entries between U.S. and Dutch matters, some of which were not always itemized to provide separate time charges for U.S. and Dutch matters as between those matters. As stated above, Brown Rudnick eliminated time charges and

3

7. I believe the fees and expenses incurred by Brown Rudnick on behalf of the LBT Ad Hoc Group are reasonable and justified in light of the circumstances of these Chapter 11 Cases and conferred a substantial contribution upon the Debtors' estates and their creditors. In addition, the fees are consistent with Brown Rudnick's normal billing rates which are subject to periodic adjustment and the expenses incurred by Brown Rudnick in connection with the services provided are actual and necessary.

8. In accordance with 18 U.S.C. § 155, neither I nor any partner, counsel, or associate of my firm have entered into any agreement, express or implied, with any other party in interest for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the Debtors' assets.

9. In accordance with 11 U.S.C. § 504, no agreement or understanding exists between me, my firm, or any partner, counsel, or associate thereof, on the one hand, and any other person, on the other hand, for division of such compensation as my firm may receive for services rendered in connection with these Chapter 11 Cases, nor will any division of fees prohibited by 11 U.S.C. § 504 be made by me or any partner, counsel, or associate of my firm.

10. Upon information and belief, the Debtors' estates have more than sufficient assets to satisfy the Application in full.

11. No prior application has been made to this or any other Court for the relief requested in the Application.

12. The LBT Ad Hoc Group has been given the opportunity to review the Application and has approved the requested amount.

---

expenses which were primarily related to the LBT Dutch bankruptcy proceedings or which represented work done for an individual member of the LBT Ad Hoc Group. Moreover, the LBT Ad Hoc Group is not seeking any reimbursement for expenses relating to its consultation with a Dutch law firm as these had no direct relationship to the U.S. proceedings. The remaining expenses were allocated to U.S. work based upon the percentage of hours of each respective invoice for which a substantial contribution claim is being asserted in these Chapter 11 Cases.

4

Dated: July 5, 2012

        /s/ Steven Levine
        STEVEN B. LEVINE