PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**SUMMARY SHEET PURSUANT TO**
**UNITED STATES TRUSTEE GUIDELINES**
**FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

Name of Applicant:                     Pachulski Stang Ziehl & Jones LLP

Role in Case:                          Special Counsel to Debtors

Date of Retention:                     February 25, 2009

All Compensation Periods:              February 25, 2009 through March 6, 2012

Final Compensation Requested:          $4,951,291.27
Final Expense Reimbursement Sought:    $305,199.52
Total Final Amount Sought:             $5,256,490.79[1]
Aggregate Amounts Paid to Date for
All Compensation Periods:              $3,980,276.62
Prior Applications:                    First-Ninth Interim Applications

**This is a Final Application.**

---

[1] PSZJ has stated the total amount of fees and expenses requested pursuant to the Interim Applications because certain interim periods are in the process of being reviewed by the Fee Committee as of the date of the filing of this Final Application.  Accordingly, such amount will change at the conclusion of such process.

**Total Compensation and Expenses Previously Requested and Awarded**

| Application | Filed | Period Covered | Requested Fees | Requested Expenses | Fees Approved by Court / Recommended by Fee Committee | Expenses Approved by Court / Recommended by Fee Committee |
|---|---|---|---|---|---|---|
| First | 08/14/09 | 02/2009 – 05/2009 | $189,797.67 | $6,538.14 | $181,564.17 | $6,538.14 |
| Second | 12/14/09 | 06/2009 – 09/2009 | $432,763.22 | $13,510.21 | $430,099.27 | $12,858.05 |
| Third | 04/16/10 | 10/2009 – 01/2010 | $454,706.30 | $6,844.14 | $338,678.45 | $5,876.14 |
| Fourth | 08/17/10 | 02/2010 – 05/2010 | $469,354.86 | $3,843.96 | $350,611.11 | $2,688.24 |
| Fifth | 12/14/10 | 06/2010 – 09/2010 | $421,357.98 | $11,077.86 | $406,173.43 | $10,985.36 |
| Sixth | 04/15/11 | 10/2010 – 01/2011 | $454,632.83 | $29,107.78 | $415,047.71 | $28,103.08 |
| **TOTAL:** | | | **$2,422,612.86** | **$70,922.09** | **$2,122,174.14** | **$67,049.01** |
| Seventh | 08/15/11 | 02/2011 – 05/2011 | $625,068.78 | $18,905.05 | $556,084.43[2] | $17,932.45[3] |
| Eighth | 12/14/11 | 06/2011 – 09/2011 | $1,110,798.65 | $101,119.34 | $1,107,456.80[4] | $101,092.58[5] |
| Ninth | 5/21/12 | 10/2011 – 03/06/2012 | $792,810.98[6] | $114,253.04[7] | N/A | N/A |
| **TOTAL:** | | | **$4,951,291.27** | **$305,199.52** | **$1,663,541.23** | **$119,027.03** |

---

[2] Pursuant to a stipulation filed with the Court on March 24, 2012 [Docket No. 27158], the Fee Committee and PSZJ have agreed to this amount on an interim basis on the terms set forth in the stipulation. As of the date of this Final Application, the Court has not yet entered an order approving the Seventh Interim Fee Application.

[3] Pursuant to a stipulation filed with the Court on March 24, 2012 [Docket No. 27158], the Fee Committee and PSZJ have agreed to this amount on an interim basis on the terms set forth in the stipulation. As of the date of this Final Application, the Court has not yet entered an order approving the Seventh Interim Fee Application.

[4] Pursuant to a stipulation filed with the Court on June 22, 2012 [Docket No. 28946], the Fee Committee and PSZJ have agreed to this amount on an interim basis on the terms set forth in the stipulation. As of the date of this Final Application, the Court has not yet entered an order approving the Eighth Interim Fee Application.

[5] Pursuant to a stipulation filed with the Court on June 22, 2012 [Docket No. 28946], the Fee Committee and PSZJ have agreed to this amount on an interim basis on the terms set forth in the stipulation. As of the date of this Final Application, the Court has not yet entered an order approving the Eighth Interim Fee Application.

[6] As of the date of this Final Application, the Court has not yet entered an order approving the Ninth Interim Fee Application.

[7] As of the date of this Final Application, the Court has not yet entered an order approving the Ninth Interim Fee Application.

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR
THE PERIOD FROM FEBRUARY 25, 2009 THROUGH MARCH 6, 2012**

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Partner | Alan J. Kornfeld | 1987 | 2009 | $775.00 | 2.00 | $1,550.00 |
| Partner | Alan J. Kornfeld | 1987 | 2011 | $412.50 | 7.00 | $2,887.50 |
| Partner | Alan J. Kornfeld | 1987 | 2011 | $825.00 | 376.40 | $310,530.00 |
| Partner | Andrew W. Caine | 1983 | 2009 | $695.00 | 14.60 | $10,147.00 |
| Partner | Andrew W. Caine | 1983 | 2010 | $725.00 | 9.70 | $7,032.50 |
| Partner | Andrew W. Caine | 1983 | 2010 | $750.00 | 62.40 | $46,800.00 |
| Partner | Andrew W. Caine | 1983 | 2011 | $825.00 | 0.90 | $742.50 |
| Partner | Brad R. Godshall | 1982 | 2009 | $775.00 | 44.70 | $34,642.50 |
| Partner | Bruce Grohsgal | 1984 | 2010 | $675.00 | 5.60 | $3,780.00 |
| Partner | Dean A. Ziehl | 1978 | 2009 | $795.00 | 382.70 | $304,246.50 |
| Partner | Dean A. Ziehl | 1978 | 2009 | $825.00 | 458.05 | $377,891.25 |
| Partner | Dean A. Ziehl | 1978 | 2010 | $427.50 | 16.50 | $7,053.75 |
| Partner | Dean A. Ziehl | 1978 | 2010 | $855.00 | 659.40 | $563,787.00 |
| Partner | Dean A. Ziehl | 1978 | 2011 | $447.50 | 8.00 | $3,580.00 |
| Partner | Dean A. Ziehl | 1978 | 2011 | $895.00 | 1,369.65 | $1,225,836.75 |
| Partner | Dean A. Ziehl | 1978 | 2012 | $955.00 | 67.90 | $64,844.50 |
| Partner | Debra I. Grassgreen | 1992 | 2009 | $725.00 | 0.60 | $435.00 |
| Partner | Debra I. Grassgreen | 1992 | 2010 | $775.00 | 1.10 | $852.50 |
| Partner | Debra I. Grassgreen | 1992 | 2011 | $775.00 | 1.30 | $1,007.50 |
| Partner | Debra I. Grassgreen | 1992 | 2011 | $795.00 | 5.80 | $4,611.00 |
| Partner | Ellen M. Bender | 1984 | 2010 | $695.00 | 3.70 | $2,571.50 |
| Partner | Gillian N. Brown | 1999 | 2009 | $495.00 | 3.80 | $1,881.00 |
| Partner | Gillian N. Brown | 1999 | 2010 | $515.00 | 0.30 | $154.50 |
| Partner | Henry C. Kevane | 1986 | 2009 | $675.00 | 2.10 | $1,417.50 |
| Partner | Henry C. Kevane | 1986 | 2010 | $775.00 | 0.30 | $232.50 |
| Partner | Henry C. Kevane | 1986 | 2011 | $795.00 | 51.10 | $40,624.50 |
| Partner | Henry C. Kevane | 1986 | 2012 | $815.00 | 0.30 | $244.50 |
| Partner | Iain A. W. Nasatir | 1983 | 2010 | $725.00 | 0.50 | $362.50 |
| Partner | Ira D. Kharasch | 1982 | 2011 | $850.00 | 80.10 | $68,085.00 |
| Partner | Ira D. Kharasch | 1982 | 2012 | $875.00 | 2.80 | $2,450.00 |
| Partner | James E. Mahoney | 1967 | 2009 | $675.00 | 16.60 | $11,205.00 |
| Partner | James I. Stang | 1980 | 2012 | $955.00 | 0.30 | $286.50 |
| Partner | Jeremy V. Richards | 1982 | 2009 | $795.00 | 213.00 | $169,335.00 |
| Partner | Jeremy V. Richards | 1982 | 2010 | $825.00 | 2.60 | $2,145.00 |
| Partner | Jeremy V. Richards | 1982 | 2011 | $850.00 | 0.40 | $340.00 |
| Partner | Kenneth H. Brown | 1981 | 2011 | $750.00 | 0.30 | $225.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Partner | Malhar S. Pagay | 1994 | 2009 | $495.00 | 5.00 | $2,475.00 |
| Partner | Malhar S. Pagay | 1997 | 2010 | $575.00 | 158.90 | $91,367.50 |
| Partner | Malhar S. Pagay | 1997 | 2011 | $595.00 | 0.70 | $416.50 |
| Partner | Maxim B. Litvak | 1997 | 2009 | $550.00 | 6.50 | $3,575.00 |
| Partner | Michael R. Seidl | 1996 | 2010 | $575.00 | 0.10 | $57.50 |
| Partner | Nina L. Hong | 1996 | 2009 | $525.00 | 35.30 | $18,532.50 |
| Partner | Nina L. Hong | 1996 | 2010 | $550.00 | 253.10 | $139,205.00 |
| Partner | Nina L. Hong | 1996 | 2011 | $575.00 | 19.70 | $11,327.50 |
| Partner | Richard J. Gruber | 1982 | 2010 | $750.00 | 3.00 | $2,250.00 |
| Partner | Richard J. Gruber | 1982 | 2010 | $795.00 | 1.00 | $795.00 |
| Partner | Richard J. Gruber | 1982 | 2011 | $825.00 | 0.60 | $495.00 |
| Partner | Richard M. Pachulski | 1979 | 2009 | $850.00 | 247.80 | $210,630.00 |
| Partner | Richard M. Pachulski | 1979 | 2009 | $895.00 | 610.92 | $546,773.40 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $462.50 | 9.00 | $4,162.50 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $475.00 | 6.20 | $2,945.00 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $925.00 | 883.00 | $816,775.00 |
| Partner | Richard M. Pachulski | 1979 | 2011 | $475.00 | 35.40 | $16,815.00 |
| Partner | Richard M. Pachulski | 1979 | 2011 | $950.00 | 1,417.80 | $1,347,880.00 |
| Partner | Richard M. Pachulski | 1979 | 2012 | $975.00 | 151.50 | $147,712.50 |
| Partner | Robert B. Orgel | 1981 | 2009 | $795.00 | 475.70 | $378,181.50 |
| Partner | Robert B. Orgel | 1981 | 2010 | $425.00 | 6.80 | $2,890.00 |
| Partner | Robert B. Orgel | 1981 | 2010 | $825.00 | 1,221.80 | $1,007,985.00 |
| Partner | Robert B. Orgel | 1981 | 2011 | $850.00 | 2,003.90 | $1,703,315.00 |
| Partner | Robert B. Orgel | 1981 | 2012 | $875.00 | 289.40 | $253,225.00 |
| Partner | Robert J. Feinstein | 1982 | 2009 | $795.00 | 1.70 | $1,351.50 |
| Partner | Robert J. Feinstein | 1982 | 2009 | $825.00 | 1.80 | $1,485.00 |
| Partner | Stanley E. Goldich | 1980 | 2010 | $750.00 | 2.20 | $1,650.00 |
| Partner | Stanley E. Goldich | 1980 | 2011 | $775.00 | 26.40 | $20,460.00 |
| **Partner Total** | | | | | **11,747.72** | **$10,008,550.65** |
| Of Counsel | Beth E. Levine | 1993 | 2010 | $550.00 | 26.50 | $14,575.00 |
| Of Counsel | Celine Guillou | 1998 | 2009 | $425.00 | 9.00 | $3,825.00 |
| Of Counsel | Celine Guillou | 1998 | 2010 | $450.00 | 60.90 | $27,405.00 |
| Of Counsel | Daryl G. Parker | 1970 | 2010 | $695.00 | 314.60 | $218,647.00 |
| Of Counsel | Daryl G. Parker | 1970 | 2012 | $745.00 | 15.50 | $11,547.50 |
| Of Counsel | Daryl G. Parker | 1970 | 2009 | $675.00 | 136.80 | $92,340.00 |
| Of Counsel | Daryl G. Parker | 1970 | 2011 | $725.00 | 177.90 | $128,977.50 |
| Of Counsel | Erin Gray | 1992 | 2009 | $495.00 | 27.50 | $13,612.50 |
| Of Counsel | Erin Gray | 1992 | 2010 | $515.00 | 42.50 | $21,887.50 |
| Of Counsel | Gabrielle A. Rohwer | 1997 | 2010 | $550.00 | 43.00 | $23,650.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Of Counsel | Gabrielle A. Rohwer | 1997 | 2011 | $575.00 | 17.20 | $9,890.00 |
| Of Counsel | Gina F. Brandt | 1976 | 2010 | $550.00 | 2.40 | $1,320.00 |
| Of Counsel | Gina F. Brandt | 1976 | 2010 | $575.00 | 193.10 | $111,032.50 |
| Of Counsel | Gina F. Brandt | 1976 | 2011 | $595.00 | 0.80 | $476.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2009 | $575.00 | 116.20 | $66,815.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2009 | $595.00 | 231.20 | $137,564.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2010 | $312.50 | 10.70 | $3,343.75 |
| Of Counsel | Harry D. Hochman | 1987 | 2010 | $625.00 | 616.30 | $385,187.50 |
| Of Counsel | Harry D. Hochman | 1987 | 2011 | $650.00 | 1,047.70 | $681,005.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2012 | $675.00 | 45.30 | $30,577.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2009 | $650.00 | 8.60 | $5,590.00 |
| Of Counsel | James K. T. Hunter | 1976 | 2009 | $675.00 | 33.30 | $22,477.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2010 | $675.00 | 73.80 | $49,815.00 |
| Of Counsel | James K. T. Hunter | 1976 | 2010 | $695.00 | 191.70 | $133,231.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2011 | $725.00 | 6.70 | $4,857.50 |
| Of Counsel | Jeffrey P. Nolan | 1992 | 2010 | $550.00 | 0.20 | $110.00 |
| Of Counsel | Jonathan J. Kim | 1995 | 2010 | $575.00 | 224.10 | $128,857.50 |
| Of Counsel | Jonathan J. Kim | 1995 | 2011 | $595.00 | 263.00 | $156,485.00 |
| Of Counsel | Maria A. Bove | 2001 | 2009 | $475.00 | 169.20 | $80,370.00 |
| Of Counsel | Maria A. Bove | 2001 | 2009 | $495.00 | 507.30 | $251,113.50 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $275.00 | 1.70 | $467.50 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $495.00 | 0.80 | $396.00 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $550.00 | 473.80 | $260,590.00 |
| Of Counsel | Maria A. Bove | 2001 | 2011 | $312.50 | 39.40 | $12,312.50 |
| Of Counsel | Maria A. Bove | 2001 | 2011 | $625.00 | 900.60 | $562,875.00 |
| Of Counsel | Maria A. Bove | 2001 | 2012 | $645.00 | 118.50 | $76,432.50 |
| Of Counsel | Mary D. Lane | 1976 | 2009 | $550.00 | 4.20 | $2,310.00 |
| Of Counsel | Mary D. Lane | 1976 | 2010 | $550.00 | 55.30 | $30,415.00 |
| Of Counsel | Miriam Khatiblou | 1995 | 2010 | $515.00 | 5.30 | $2,729.50 |
| Of Counsel | Pamela Singer | 1996 | 2009 | $495.00 | 1.70 | $841.50 |
| Of Counsel | Pamela Singer | 1996 | 2010 | $515.00 | 12.90 | $6,643.50 |
| Of Counsel | Robert M. Saunders | 1984 | 2010 | $550.00 | 16.10 | $8,855.00 |
| Of Counsel | Robert M. Saunders | 1984 | 2011 | $575.00 | 31.60 | $18,170.00 |
| Of Counsel | Shirley S. Cho | 1997 | 2009 | $595.00 | 49.90 | $29,690.50 |
| Of Counsel | Shirley S. Cho | 1997 | 2010 | $625.00 | 31.20 | $19,500.00 |
| Of Counsel | Shirley S. Cho | 1997 | 2011 | $650.00 | 11.10 | $7,215.00 |
| Of Counsel | Steven J. Kahn | 1997 | 2010 | $695.00 | 77.60 | $53,932.00 |
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $362.50 | 10.60 | $3,842.50 |
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $695.00 | 20.90 | $14,525.50 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $725.00 | 983.50 | $713,037.50 |
| Of Counsel | Steven J. Kahn | 1997 | 2012 | $745.00 | 151.00 | $112,495.00 |
| Of Counsel | Victoria A. Newmark | 1996 | 2009 | $595.00 | 32.50 | $19,337.50 |
| Of Counsel | Victoria A. Newmark | 1996 | 2010 | $625.00 | 37.60 | $23,500.00 |
| Of Counsel | Victoria A. Newmark | 1996 | 2011 | $650.00 | 104.10 | $67,665.00 |
| Of Counsel | Werner Disse | 1986 | 2010 | $515.00 | 34.10 | $17,561.50 |
| **Of Counsel Total** | | | | | **7,819.00** | **$4,881,925.75** |
| Associate | Cia H. Mackle | 2006 | 2009 | $395.00 | 1.30 | $513.50 |
| Associate | David A. Abadir | 2008 | 2009 | $350.00 | 19.10 | $6,685.00 |
| Associate | David A. Abadir | 2008 | 2009 | $395.00 | 6.90 | $2,725.50 |
| Associate | Jason H. Rosell | 2010 | 2010 | $395.00 | 32.70 | $12,916.50 |
| Associate | Jason H. Rosell | 2010 | 2011 | $395.00 | 408.10 | $161,199.50 |
| Associate | Jason H. Rosell | 2010 | 2012 | $395.00 | 5.20 | $2,054.00 |
| Associate | Jason H. Rosell | 2010 | 2012 | $425.00 | 2.00 | $850.00 |
| Associate | John W. Lucas | 2005 | 2011 | $247.50 | 10.00 | $2,475.00 |
| Associate | John W. Lucas | 2005 | 2011 | $495.00 | 944.40 | $467,478.00 |
| Associate | John W. Lucas | 2005 | 2012 | $525.00 | 26.70 | $14,017.50 |
| Associate | Mark M. Billion | 2007 | 2009 | $325.00 | 0.80 | $260.00 |
| Associate | Teddy M. Kapur | 2006 | 2011 | $287.50 | 3.00 | $862.50 |
| Associate | Teddy M. Kapur | 2006 | 2011 | $475.00 | 33.40 | $15,865.00 |
| **Associate Total** | | | | | **1,493.60** | **$687,902.00** |
| **Total Attorney Time** | | | | | **21,060.32** | **$15,578,378.40** |
| **Blended Hourly Rate for Attorneys** | | | | | **$739.70** | |
| Law Clerk | Megan J. Wilson | N/A | 2009 | $150.00 | 1.50 | $225.00 |
| Paralegal | Andrew C. Sahn | N/A | 2009 | $150.00 | 19.90 | $2,985.00 |
| Paralegal | Andrew C. Sahn | N/A | 2010 | $160.00 | 8.30 | $1,328.00 |
| Paralegal | Beth D. Dassa | N/A | 2009 | $225.00 | 2.40 | $540.00 |
| Paralegal | David L. Downing | N/A | 2011 | $220.00 | 37.90 | $8,338.00 |
| Paralegal | Denise A. Harris | N/A | 2009 | $225.00 | 71.90 | $16,177.50 |
| Paralegal | Denise A. Harris | N/A | 2010 | $235.00 | 48.90 | $11,491.50 |
| Paralegal | Denise A. Harris | N/A | 2011 | $255.00 | 33.00 | $8,415.00 |
| Paralegal | Felice S. Harrison | N/A | 2009 | $225.00 | 3.40 | $765.00 |
| Paralegal | Felice S. Harrison | N/A | 2010 | $235.00 | 1.00 | $235.00 |
| Paralegal | Felice S. Harrison | N/A | 2011 | $255.00 | 3.00 | $765.00 |
| Paralegal | John F. Bass | N/A | 2009 | $150.00 | 2.80 | $420.00 |
| Paralegal | Jorge E. Rojas | N/A | 2009 | $195.00 | 0.70 | $136.50 |
| Paralegal | Jorge E. Rojas | N/A | 2011 | $250.00 | 59.30 | $14,825.00 |
| Paralegal | Kati L. Suk | N/A | 2010 | $185.00 | 10.40 | $1,924.00 |
| Paralegal | Kati L. Suk | N/A | 2011 | $200.00 | 1.30 | $260.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Paralegal | Leslie A. Forrester | N/A | 2009 | $250.00 | 4.80 | $1,200.00 |
| Paralegal | Leslie A. Forrester | N/A | 2010 | $260.00 | 10.40 | $2,704.00 |
| Paralegal | Leslie A. Forrester | N/A | 2011 | $275.00 | 27.30 | $7,507.50 |
| Paralegal | Mike A. Matteo | N/A | 2009 | $195.00 | 7.80 | $1,521.00 |
| Paralegal | Mike A. Matteo | N/A | 2010 | $205.00 | 32.20 | $6,601.00 |
| Paralegal | Mike A. Matteo | N/A | 2011 | $220.00 | 99.40 | $21,868.00 |
| Paralegal | Mike A. Matteo | N/A | 2012 | $240.00 | 2.50 | $600.00 |
| Paralegal | Patricia J. Jeffries | N/A | 2010 | $235.00 | 7.20 | $1,692.00 |
| Paralegal | Patricia J. Jeffries | N/A | 2011 | $255.00 | 141.40 | $36,057.00 |
| Paralegal | Robin E. Pacholder | N/A | 2011 | $150.00 | 1.20 | $180.00 |
| Paralegal | Shawn A. Quinlivan | N/A | 2011 | $255.00 | 20.20 | $5,151.00 |
| Paralegal | Thomas J. Brown | N/A | 2009 | $195.00 | 140.10 | $27,319.50 |
| Paralegal | Thomas J. Brown | N/A | 2010 | $205.00 | 15.40 | $3,157.00 |
| Paralegal | Thomas J. Brown | N/A | 2011 | $220.00 | 48.60 | $10,692.00 |
| Paralegal | Thomas J. Brown | N/A | 2012 | $220.00 | 11.80 | $2,596.00 |
| **Total Paraprofessional Time** | | | | | **876.00** | **$197,676.50** |
| **Total Attorney and Paraprofessional Time** | | | | | **21,939.32** | **$15,777,710.90[8]** |
| **Blended Hourly Rate for Attorneys and Paraprofessionals** | | | | | **$719.15** | |

---

[8] This is the total aggregate amount of fees incurred with respect to the Debtors and Non-Debtor Lehman Entities.

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | **:** | |
| In re: | **:** | Chapter 11 Case No. |
| | **:** | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | **:** | 08-13555 (JMP) |
| | **:** | |
| Debtors. | **:** | (Jointly Administered) |
| | **:** | |

**FINAL FEE APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES AS SPECIAL COUNSEL TO THE DEBTORS**
**FOR THE PERIOD FROM FEBRUARY 25, 2009 THROUGH MARCH 6, 2012**

TO:    THE HONORABLE JAMES M. PECK
        UNITED STATES BANKRUPTCY JUDGE:

Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), special counsel to

Lehman Brothers Holdings Inc. and its affiliated debtors in the above-captioned chapter 11 cases

(collectively, the "Debtors"), submits this application (the "Final Application") seeking final

allowance of PSZJ's fees and reimbursable expenses previously approved by the Court for the

period from February 25, 2009 through March 6, 2012 (the "Compensation Period") pursuant to

section 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), General Order M-

389, Amended Guidelines for Fees and Disbursements for Professionals in Southern District of

New York Bankruptcy Cases (the "Local Guidelines"), and the Fee Committee Guidelines (as

defined below and, collectively with the UST Guidelines and the Local Guidelines, the

"Guidelines"). In support of this Final Application, PSZJ respectfully represents as follows:

## BACKGROUND

1.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and the other

Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.

The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are

being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.      On September 17, 2008, the United States Trustee for the Southern

District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured

creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009,

the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court

approved the U.S. Trustee's appointment of the Examiner.

4.      On May 26, 2009, the Court entered an order appointing a fee committee

(the "Fee Committee") and approving a fee protocol (the "Fee Protocol"). On April 14, 2011,

the Court entered the *Order Amending the Fee Protocol* [Docket No. 15998]. Pursuant to the

Fee Protocol, the Fee Committee subsequently has submitted additional reports, which provide,

*inter alia*, additional guidelines regarding compensation procedures for professionals retained in

these cases (the "Fee Committee Guidelines").

5.      The effective date of the confirmed *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and its Affiliated Debtors* was March 6, 2012.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RETENTION OF PSZJ

7.      On June 3, 2009, the Debtors filed their *Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to LBHI and Lehman Commercial Paper, Inc.* ("LCPI"), effective *nunc pro tunc* to February 25, 2009 with respect to the matters arising in the chapter 11 cases (the "SunCal Chapter 11 Cases") of Palmdale Hills Property, LLC, *et al*. (collectively, the "SunCal Debtors"), which are pending in the Bankruptcy Court for the Central District of California (the "California Bankruptcy Court") under jointly administered Case No. 08-17206.[1]

---

[1] The SunCal Debtors consist of (i) the following 17 debtors (collectively, the "SunCal Voluntary Debtors"): Palmdale Hills Property, LLC (Main Case No. 08-17206-ES) (Case No. 8:08-17206-ES); Acton Estates LLC (Case No. 8:08-17236-ES); Kirby Estates, LLC (Case No. 8:08-17246-ES); North Orange Del Rio (Case No. 8:08-17574-ES); SCC Communities, LLC (Case No. 8:08-17573-ES); SCC/Palmdale, LLC (Case No. 8:08-17224-ES); Seven Brothers, LLC (Case No. 8:08-17240-ES); SJD Development Corp. (Case No. 8:08-17245-ES); SJD Partners, Ltd. (Case No. 8:08-17242-ES); SunCal Beaumont Heights, LLC (Case No. 8:08-17209-ES); SunCal Bickford Ranch LLC (Case No. 8:08-17231-ES); SunCal Communities I, LLC (Case No. 8:08-17248-ES); SunCal Communities III, LLC (Case No. 8:08-17249-ES); SunCal Emerald Meadows LLC (Case No. 8:08-17230-ES); SunCal Johannson Ranch, LLC (Case No. 8:08-17225-ES); SunCal Summit Valley LLC (Case No. 8:08-17227-ES); and Tesoro SF, LLC (Case No. 8:08-17575-ES); and (ii) the following 9 debtors (the (collectively, the "SunCal Trustee Debtors"):  SunCal Heartland, LLC (Case No. 8:08-17407-ES); LB-L-SunCal Northlake, LLC (Case No. 8:08-17408-ES); SunCal Marblehead, LLC (Case No. 8:08-17409-ES); SunCal Century City, LLC (Case No. 8:08-17458-ES); SunCal PSV, LLC (Case No. 8:08-17465-ES); Delta Coves Venture, LLC (Case No. 8:08-17470-ES); SunCal Torrance, LLC (Case No. 8:08-17472-ES); LB-L SunCal Oak Valley, LLC (Case No. 8:08-17404-ES); and SunCal Oak Knoll, LLC (Case No. 8:08-17588-ES).  On or about January 15, 2009, the California Bankruptcy Court entered orders requiring the appointment of a chapter 11 trustee in each of the Trustee

8.      On June 17, 2009, the Court entered the *Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date* (the "Retention Order").

9.      Pursuant to the Retention Order, PSZJ has been retained with respect to the following matters (collectively, the "Representative Matters"): (i) representing the Lehman Entities (defined below) in relation to any issues arising with respect to any disclosure statement(s) and plan(s) of reorganization filed by the SunCal Debtors and the Lehman Entities in the SunCal Chapter 11 Cases, including litigation with respect thereto; (ii) representing the Lehman Entities in relation to prosecuting or defending various other motions, appeals, and other matters arising in the SunCal Chapter 11 Cases to protect the Lehman Entities' rights; and (iii) representing the Lehman Entities in litigation pending against them in the California Bankruptcy Court.  PSZJ's services are limited to matters in the California Bankruptcy Court and any appellate courts with respect to appeals arising in connection with the Representative Matters, and PSZJ has not represented the Lehman Entities with respect to matters pending or that may arise in this Court, other than matters pertaining to PSZJ's employment and matters arising in connection with the SunCal Chapter 11 Cases.

10.      In connection with certain of the Representative Matters, PSZJ is also representing the following non-debtor affiliates of LBHI and LCPI:  Lehman ALI, Inc.; Northlake Holdings LLC; OVC Holdings LLC; LV Pacific Point LLC; LBREP II/Suncal Land Fund Member, LLC; Oak Valley, LLC; SCLV Northlake, LLC; and LB/L DUC III Master LLC (collectively with LCPI, the "Lehman Entities").  *See Declaration of Dean A. Ziehl in Support of*

---

Debtors' cases.  Thereafter, the Office of the United States Trustee appointed Steven M. Speier as the chapter 11 trustee for the Trustee Debtors.

*Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Special Counsel to the Debtors* at ¶ 5.  Prepetition, certain Lehman Entities made various loans to certain SunCal Debtors and certain of their non-debtor affiliates pursuant to various separate loan agreements (collectively, the "Lehman Loans").  Over $2.0 billion, including accrued interest, was owed on the Lehman Loans.

11.    As described more fully below, PSZJ is seeking compensation separately from the foregoing non-debtor affiliates for services provided on their behalf in connection with certain of the Representative Matters during the Compensation Period.  *See id.; see also First Supplemental Declaration of Dean A. Ziehl in Support of the Retention by the Debtors, Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure, of Pachulski Stang Ziehl & Jones LLP as Special Counsel* [Docket No. 21566] (the "Supplemental Ziehl Declaration").

## PSZJ'S INTERIM APPLICATIONS

### A.    PSZJ's First Interim Application

12.    PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its first interim application dated August 14, 2009 (the "First Interim Fee Application").  On September 25, 2009, the Court entered an order approving PSZJ's First Interim Fee Application, and on April 9, 2010 entered an amended order with respect to such application.

### B.    PSZJ'S Second Interim Application

13.    In addition, PSZJ previously requested compensation from the Court for professional services and reimbursement of expenses in its second interim application dated December 14, 2009 (the "Second Interim Fee Application").  On April 9, 2010, the Court entered

an order approving the Second Interim Fee Application, subject to certain reductions requested by the Fee Committee.

**C.      PSZJ'S Third Interim Application**

14.      On April 16, 2010, PSZJ filed its third interim application (the "Third Interim Application").  On September 7, 2010, the Court entered an order approving the Third Interim Application, subject to certain reductions requested by the Fee Committee.

**D.      PSZJ'S Fourth Interim Application**

15.      On August 17, 2010, PSZJ filed its fourth interim application (the "Fourth Interim Application").  On September 7, 2010, the Court entered an order approving the Fourth Interim Application, subject to certain reductions requested by the Fee Committee.

**E.      PSZJ'S Fifth Interim Application**

16.      On December 14, 2010, PSZJ filed its fifth interim fee application (the "Fifth Interim Application").  On December 2, 2011, the Court entered an order approving the Fifth Interim Application, subject to certain reductions requested by the Fee Committee.

**F.      PSZJ'S Sixth Interim Application**

17.      On April 15, 2011, PSZJ filed its sixth interim fee application (the "Sixth Interim Application").  On December 2, 2011, the Court entered an order approving the Sixth Interim Application, subject to certain reductions requested by the Fee Committee.

**G.      PSZJ'S Seventh Interim Application**

18.      On August 15, 2011, PSZJ filed its seventh interim fee application (the "Seventh Interim Application").  On March 24, 2012, the Fee Committee filed the *Stipulation Between Pachulski Stang Ziehl & Jones LLP and the Fee Committee Regarding the Eighth Interim Period Application of Pachulski Stang Ziehl & Jones LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period From February 1, 2011 Through May*

*31, 2011* [Docket No. 27158] agreeing that the Court may enter an order approving PSZJ's request for interim compensation and reimbursement of expenses in the reduced amounts set forth in the stipulation.  As of the date hereof, a form of order has been agreed upon by the Fee Committee and PSZJ, but has not yet been entered with respect to the Seventh Interim Application.

**H.      PSZJ'S Eighth Interim Application**

19.     On December 14, 2011, PSZJ filed its eighth interim fee application (the "Eighth Interim Application").  On June 22, 2012, the Fee Committee filed the *Stipulation Between Pachulski Stang Ziehl & Jones LLP and the Fee Committee Regarding the Ninth Interim Period Application of Pachulski Stang Ziehl & Jones LLP, Special Counsel to the Debtors, for Compensation and Expenses for the Period From June 1, 2011 Through September 30, 2011* [Docket No. 28946] agreeing that the Court may enter an order approving PSZJ's request for interim compensation and reimbursement of expenses in the reduced amounts set forth in the stipulation.  As of the date hereof, an order has not yet been entered with respect to the Eighth Interim Application.

**I.      PSZJ'S Ninth Interim Application**

20.     On May 21, 2012, PSZJ filed its ninth interim fee application (the "Ninth Interim Application" and, collectively with the First Interim Application, Second Interim Application, Third Interim Application, Fourth Interim Application, Fifth Interim Application, Sixth Interim Application, Seventh Interim Application, and Eighth Interim Application, the "Interim Applications").  As of the date hereof, the Fee Committee has not yet issued a report with respect to the Ninth Interim Application.  Accordingly, no stipulation or order with respect to the Ninth Interim Application have been entered.

J.    **Fee Committee's Final Review and Approval Process Regarding Prior Periods**

21.    PSZJ understands that the Fee Committee has begun its review of the first

four interim periods as part of its final review and approval process.  PSZJ reserves its right to

supplement this Application with respect to any issues that the Fee Committee may raise in

connection with such review process.

**RELIEF REQUESTED**

22.    Prefixed to this Final Application is the cover sheet required by the UST

Guidelines, which includes a schedule setting forth the names of all PSZJ professionals and

paraprofessionals who have performed services for which compensation is sought, the person's

position in the firm, and the year each attorney was admitted to practice law.  In addition, the

schedule sets forth for each person (i) the hourly rate(s) during the Compensation Period, (ii)

total hours billed during the Compensation Period by year, and (iii) the total compensation for

such hours.

23.    By this Final Application, PSZJ seeks final allowance of compensation for

professional services rendered to the Debtors during the Compensation Period in the aggregate

amount of $4,951,291.27 and for reimbursement of actual, necessary expenses incurred during

the Compensation Period in connection with such services in the aggregate amount of

$305,199.52.

24.    In support of the final allowance of fees and reimbursement of expenses

sough in this Final Application, PSZJ incorporates herein by reference the Interim Applications

and all related supporting papers previously filed by PSZJ.

25.    During the Compensation Period, PSZJ attorneys and paraprofessionals

expended a total of 21,939.32 hours for services provided in connection with the Representative

Matters, and incurred fees in the total amount of $15,777,710.90 and expenses in the total

amount of $1,017,331.70 in connection with such services.  The foregoing fees and expenses

reflect voluntary write-offs made by PSZJ during the Compensation Period for fees in the

amount of $240,746.55 and for expenses in the amount of $61,496.59.

26.    Certain of the services performed by PSZJ during the Compensation

Period were provided on behalf of and rendered a benefit only to LCPI.  In compliance with the

request of the Fee Committee received on April 12, 2011, PSZJ created a separate matter number

002 for services performed solely for the benefit of LCPI, and began recording time to such

matter on April 1, 2011.  Prior to such time, PSZJ billed such services to matter number 001.

PSZJ is seeking compensation from the Debtors' estates in connection with fees incurred for

services performed during the Compensation Period solely on behalf of and for the benefit of

LCPI in the total amount of $316,710.75.  Annexed hereto as Exhibit A is a summary of the

services by project category rendered by PSZJ during the Compensation Period for the benefit of

LCPI only prior to April 1, 2011.  A summary of the services by project category rendered by

PSZJ during the Compensation Period for the benefit of LCPI only as billed to matter number

002 beginning on April 1, 2011 is included in Exhibit B annexed hereto.

27.    In addition, due to the nature of the matters pending in the SunCal

Debtors' Chapter 11 Cases, the services performed and expenses incurred by PSZJ during the

Compensation Period were provided on behalf of and rendered a benefit to all of the Lehman

Entities, including LCPI.  PSZJ has allocated the fees and expenses for such services between the

Debtors' estates, on the one hand, and the non-debtor affiliates on the other hand, in accordance

with the applicable loan balances attributed to the loans extended by each respective Lehman

Entity to each respective SunCal Debtor.  Pursuant to such allocation, 30% of fees and expenses

incurred by PSZJ are attributable to the Debtors' estates and 70% of fees and expenses incurred

by PSZJ are attributable to the non-debtor Lehman Entities.  *See* Supplemental Ziehl
Declaration.

28.    Accordingly, during the Compensation Period, (a) of the total fees in the
amount of $15,777,710.90 incurred for the benefit of all the Lehman Entities (including LCPI),
PSZJ seeks compensation in the amount of $4,951,291.27 from the Debtors' estates, and (b) of
the total expenses in the amount of $1,017,331.70 incurred for the benefit of all Lehman Entities
(including LCPI), PSZJ seeks compensation in the amount of $305,199.52 from the Debtors'
estates.  PSZJ has sought and received payment from the non-debtor Lehman Entities for the
remaining fees and expenses it incurred during the Compensation Period in the amount of
$11,538,551.81.

29.    In sum, pursuant to this Final Application, PSZJ hereby seeks allowance
of the following: (a) compensation for professional services rendered during the Compensation
Period in the aggregate amount of $4,951,291.27 and (b) reimbursement of expenses incurred
during the Compensation Period in connection with such services in the aggregate amount of
$305,199.52.

30.    Annexed hereto as <u>Exhibit B</u> is a summary of all services rendered by
PSZJ during the Compensation Period by project category.  Annexed hereto as <u>Exhibit C</u> is a
summary of time charges and hourly rates by professional.  Annexed hereto as <u>Exhibit D</u> is a
summary of the types of expenses for which allowance of reimbursement is sought.  Annexed
hereto as <u>Exhibit E</u> is the certification of Dean A. Ziehl with respect to the Final Application
pursuant to the Local Guidelines.

<u>**SUMMARY OF SERVICES RENDERED**</u>

31.    The names of the partners, associates, and of counsel of PSZJ who have
rendered professional services in this case during the Compensation Period, and the paralegals

who provided services to these attorneys during the Compensation Period, are set forth in the attached Exhibit C.

32.     PSZJ, by and through the above-named persons, has prepared and assisted in the preparation of various pleadings submitted to the California Bankruptcy Court, the Ninth Circuit Bankruptcy Appellate Panel (the "9th Cir. BAP"), and the United States Court of Appeals for the Ninth Circuit (the "9th Circuit") for consideration, advised the Lehman Entities on a regular basis with respect to various matters in connection with the SunCal Chapter 11 Cases, and performed all necessary professional services which are described and narrated in detail below.

## SUMMARY OF SERVICES BY CATEGORY

33.     The services rendered by PSZJ during the Compensation Period can be grouped into the categories set forth below.  Beginning with the month of March 2010, PSZJ began using the category codes mandated by the Fee Committee.  Prior to such time, PSZJ had used its customary category codes.  As set forth below, for efficiency purposes, PSZJ has combined certain summaries of services for both its category codes and the Fee Committee's category codes where possible due to the similarity of such codes.  PSZJ attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.

34.     Annexed to each Interim Application was a listing of the detailed time entries of PSZJ professionals and paraprofessionals, by project category, with respect to the allowance of compensation requested as well as a detailed itemization of expenses for which allowance of reimbursement was sought.  Due to their voluminous nature, they are not annexed hereto, but are available upon request to PSZJ.  In addition, each Interim Application provided a

summary of services performed, by category, for each period.  The Interim Applications are

incorporated herein by reference.  The services performed, by category, during the

Compensation Period are summarized below for ease of reference.

**A.      Avoidance Actions [PSZJ Code: AC]**

           35.      Time billed in this category relates to research and analysis of issues

related to avoidance actions.

Fees:   $636.00              Total hours:    0.80

**B.      Tax Issues [PSZJ Code: TI]**

           36.      Time billed in this category relates to the review of certain real property

tax issues regarding projects owned by the SunCal Debtors.

Fees:   $49.50        Total hours:    0.10

**C.      General Case Administration [PSZJ Code: CA; Fee Committee Code: 0100]**

           37.      Time billed in this category relates to reviewing filed pleadings, proofs of

claim and various other documents in connection with such cases.

Fees:   $192,334.25        Total hours:    244.14

**D.      General Case Strategy Meetings [PSZJ Code: GC; Fee Committee Code: 0200]**

           38.      Time billed in this category relates to the preparation for and participation

in meetings with the Lehman Entities, Lehman Entities' professionals, and counsel for other

constituencies in the SunCal Chapter 11 Cases regarding various pending matters in the SunCal

Chapter 11 Cases, including weekly team conferences and various conferences regarding

strategy and settlement options in such cases.

Fees:   $480,191.25        Total hours:    572.45

**E.      Calendar & Docket Maintenance [Fee Committee Code: 0300]**

           39.      Time billed in this category relates to (i) the review of court dockets for

the status of pending matters in the SunCal Chapter 11 Cases; (ii) correspondence with the

California Bankruptcy Court regarding hearing dates and scheduling matters; and (iii) the review

of and comments on Weil Gotshal & Manges LLP's ("WGM") case calendars regarding pending

matters in the SunCal Chapter 11 Cases.

Fees:   $3,970.50            Total hours:    6.20

**F.      Hearings and Court Communications [PSZJ Code: HE; Fee Committee Code: 0400]**

              40.     Time billed in this category relates to appearing at hearings and preparing

for such hearings in the California Bankruptcy Court relating to the SunCal Chapter 11 Cases.

Fees:   $289,365.50          Total hours:    332.00

**G.      Non-working Travel [Fee Committee Code: 0500]**

              41.     Time billed in this category relates to travel to the California Bankruptcy

Court for hearings, travel to/from New York, San Francisco and Los Angeles in connection with

meetings, hearings, and mediation sessions.  All non-working travel is billed at one-half of the

attorney's regular rate.

Fees:   $68,385.00           Total hours:    169.10

**H.      Secured Creditors' Issues [Fee Committee Code: 0900]**

              42.     Time billed to this category relates to meetings with respect to mediation

issues involving the SunCal Debtors and Lehman Entities.

Fees:   $312.50              Total hours:    0.50

**I.      Cash Management [Fee Committee Code: 1200]**

              43.     Time billed in this category relates to: (i) reviewing the SunCal Debtors'

operating reports and related bank account information in connection with monitoring the

Lehman Entities' cash collateral; and (ii) participating in calls and reviewing analyses of the

SunCal Debtors' accounts payable with respect to the Lehman Entities' defenses in the Equitable

Subordination Action (defined below) and confirmation of the Lehman Plans (defined below).

Fees:   $15,162.00          Total hours:   19.20

**J.      Other General Business Operation [PSZJ Code: BO; Fee Committee Code: 2000]**

44.     Time billed in this category relates to:  (i) services performed by PSZJ

with respect to the preparation of materials for meetings involving the Lehman Entities and other

constituencies in the SunCal Chapter 11 Cases; and (ii) the maintenance of insurance on the real

estate projects owned by the SunCal Debtors, which were pledged as collateral for the Lehman

Loans.

Fees:   $2,848.50          Total hours:   5.40

**K.      Real Estate Matters [Fee Committee Code: 2300]**

45.     Time billed in this category relates to:  (i) meetings and correspondence

related to and analyzing issues with respect to real estate projects owned or formerly owned by

certain SunCal Debtors which were subject to interests asserted by the Lehman Entities; (ii) the

preparation for the transition of ownership of certain real estate projects to nominees named by

certain Lehman Entities under the Lehman Plans and property management issues related

thereto; and (iii) claims asserted against the SunCal real estate projects and proposed settlements

thereof.

Fees:   $111,081.00          Total hours:   121.50

**L.      Loans / Investments [Fee Committee Code: 2600]**

46.     Time billed in this category relates to:  (i) the preparation of transfer

agreements and notices of transfers of claims arising from prepetition loan agreements among

certain Lehman Entities and the SunCal Debtors related to the prepetition loan repurchase

agreement (the "Loan Repurchase Agreement") between Fenway Capital LLC ("Fenway") and

certain Lehman Entities; (ii) the review and analysis of the termination of the Loan Repurchase

Agreement and related documentation; (iii) the review and revision of the Bankruptcy Rule 9019

approval motion and reply to oppositions thereto filed in the above-captioned cases with respect

to termination of the Loan Repurchase Agreement; and (iv) correspondence with respect to and

amendments to the stipulation among certain Lehman Entities and the SunCal Voluntary Debtors

with respect to the valuation of such Lehman Entities' collateral pursuant to section 506(d) of the

Bankruptcy Code filed in the SunCal Chapter 11 Cases.

Fees:   $118,003.75        Total hours:    148.55

**M.    Schedules / SOFA [Fee Committee Code: 2900]**

        47.    Time billed in this category relates to reviewing the SunCal Debtors'

schedules.

Fees:   $165.00            Total hours:    0.30

**N.    Non-Derivative Stay / Safe Harbor [PSZJ Code: SL; Fee Committee Code: 3000]**

        48.    Time billed in this category relates to:  (i) services provided in connection

with stay relief requests filed in the SunCal Chapter 11 Cases by creditors with respect to real

property in which the Lehman Entities assert interests; and (ii) the analysis of issues relating to

LCPI's automatic stay and research for and preparation of letters and pleadings regarding the

implication of LCPI's automatic stay to matters pending in the SunCal Chapter 11 Cases.

Fees:   $157,308.25        Total hours:    211.95

**O.    Misc. Asset Sales / 363 Issues [PSZJ Codes: AA / AD; Fee Committee Code: 3100]**

        49.    Time billed in this category relates to:  (i) on-site inspection of real

property; (ii) research regarding certain real property development issues and meetings in

connection therewith; (iii) services performed by PSZJ with respect to issues relating to the

SunCal Debtors' proposed bid procedures regarding proposed sales of certain real property in

which the Lehman Entities asserted interests, including discovery, research and litigation in

connection therewith; and (iv) services provided in connection with the analysis of the SunCal

Debtors' renewed motion to approve sale procedures and the sale of certain real property against

which the Lehman Entities asserted liens and claims, the impact of such motion upon the

competing plans of reorganization filed by the SunCal Debtors and the Lehman Entities at the

time, and the preparation of opposition thereto.

Fees:   $89,675.50          Total hours:    122.00

**P.    Non-Derivative Contracts [PSZJ Codes: EC; Fee Committee Code: 3200]**

50.    Time billed to this category relates to: (i) conferences attended and the

review and analysis of the SunCal Debtors' executory contracts to be assumed or rejected under

the Lehman Plans, the preparation of documents related thereto for inclusion in the supplements

to such plans, and research with respect to the service of such documents;[2] and (ii) services

provided in connection with the motion to approve assumption of an asset purchase agreement

between SunCal Debtor North Orange Del Rio, LLC and Lennar Centex Del Rio Partners LLC.

Fees:   $117,971.00         Total hours:    149.70

**Q.    DIP Financing [PSZJ Code: FN; Fee Committee Code: 3300]**

51.    Time billed in this category relates to: (i) negotiations concerning debtor-

in-possession financing provided by the Lehman Entities to the SunCal Debtors and the Lehman

Entities' authorization regarding the SunCal Debtors' use of cash collateral; (ii) the preparation

of motions, stipulations, and orders in connection therewith; (iii) research for and preparation of

objections to the SunCal Debtors' motion to surcharge or use certain collateral; and (iv) the

preparation of a motion to clarify prior debtor-in-possession financing orders entered by the

California Bankruptcy Court approving prior debtor-in-possession financing stipulations with the

---

[2]   Due to the overlapping nature of such services with plan-related services, time entries for such services also
appear in category 3500.

SunCal Chapter 11 Trustee on behalf of the SunCal Trustee Debtors providing the Lehman

Entities with superpriority administrative expense claims, in response to the SunCal Debtors'

motion to disallow such claims.

Fees:   $744,795.50          Total hours:    1,058.80

### R.        Plan of Reorganization [PSZJ Code: PD; Fee Committee Code: 3500][3]

              52.      Time billed in this category relates to correspondence, meetings, research

and the preparation of documents with respect to:

  i.  the plan of reorganization (and prior iterations) proposed by certain of the
      Lehman Entities and confirmed with respect to eight of the SunCal
      Trustee Debtors (the Lehman TD Plan") and the plan of reorganization
      (and prior iterations) proposed by certain of the Lehman Entities and
      confirmed with respect to nine of the SunCal Voluntary Debtors (the
      "Lehman VD Plan" and, together with the Lehman TD Plan, the "Lehman
      Plans");[4]

  ii. strategies and risks associated with the Lehman Plans;

  iii. assistance with research for and preparation of a motion filed in the above-
      captioned cases to obtain authority for LCPI to enter into the plans of
      reorganization sponsored by it and certain other Lehman Entities in the
      SunCal Chapter 11 Cases and to submit cash bids for collateral proposed
      to be sold under the then pending SunCal Plans;[5]

  iv. contested confirmation of the competing Lehman Plans and the seven
      plans of reorganization proposed by the SunCal Debtors (collectively, the
      "SunCal Plans");

  v.  briefing in support of confirmation of the Lehman Plans and in opposition
      to confirmation of the SunCal Plans;

  vi. meetings concerning, research for, and preparation of the Lehman
      Entities' opposition to the SunCal Debtors' motion to establish discovery
      relevance parameters with respect to the SunCal Debtors' objections to the

---

[3]  Due to the overlapping nature of such services with plan-related services, time entries for such services appear in
     category 3500 and 3600.

[4]  The Lehman Plans were confirmed by orders of the California Bankruptcy Court entered on January 6, 2012 and
     went effective on April 27, 2012.

[5]  These services are billed under client/matter number 52063-002.

Lehman Entities' claims and the plan confirmation process and to extend confirmation discovery deadlines; and

vii.    extensive discovery in connection with contested, competing plans filed by the SunCal Debtors and certain of the Lehman Entities.

viii.   the Lehman Entities' motion to vacate the confirmation hearing with respect to the SunCal Plans and supporting documents;

ix.    supplements and amended supplements to the Lehman Plans, including lists of assumed and rejected contracts and leases and real property conveyance documents;

x.    negotiations regarding and documentation of a global settlement reached with affiliates of the SunCal Debtors on the eve of confirmation resulting in an uncontested confirmation hearing on the Lehman Plans;

xi.    implementation of second opportunity for creditors that did not vote on the plan, and for creditors that submitted mechanically incorrect ballots, to elect to provide a release of the Lehman Entities in order to receive enhanced distributions under the Lehman Plans;

xii.    sixteen orders providing for the transfer of the SunCal real estate projects to nominees named by the Lehman Entities pursuant to the Lehman Plans, and declarations and exhibits in connection therewith;

xiii.   preparation for the transfer of such projects, including extensive meetings with title companies and preparation of materials required by the title companies prior to such transfers;

xiv.   confirmation orders and notices;

xv.    the determination of distributions under the Lehman Plans; and

xvi.   motion to extend the effective dates of the Lehman Plans and preparation for the effective dates of the Lehman Plans.

Fees:   $4,388,994.25       Total hours:   5,707.25

**S.**    **Disclosure Statement / Voting [Fee Committee Code: 3600]**

53.    Time billed in this category relates to research for, meetings in connection

with, correspondence related to, and the preparation of documents concerning:

i.    the disclosure statements (the "Lehman Disclosure Statements") and amendments thereto with respect to the Lehman Plans;

ii. research with respect to solicitation procedures relating to the Lehman Plans;

iii. review and analysis of disclosure statements and amendments thereto in support of the SunCal Plans (the "SunCal Disclosure Statements" and, collectively with the Lehman Disclosure Statements, the "Disclosure Statements");

iv. the review and tabulation of ballots with respect to the Lehman Plans, preparation of voting reports and various analyses thereof, and preparation of declarations with respect to the tabulation and submission of such ballots;

v. extensive analysis of ballots and balloting declarations filed by the SunCal Debtors with respect to their proposed plans and the preparation of objections thereto;

vi. review of objections to the Lehman Disclosure Statements;

vii. replies to objections to the Lehman Disclosure Statements and the Lehman Entities' two solicitation procedures motions (the "Solicitation Motions");

viii. preparation of objections to the SunCal Disclosure Statements;

ix. preparation of ballots and notices with respect to the Lehman Plans;

x. preparation for and mailing of solicitation packages with respect to the Lehman Plans;

xi. preparation of multiple solicitation recommendation letters with respect to the Lehman Plans and SunCal Plans and preparation for mailing of solicitation recommendation letter packages to creditors;

xii. correspondence with creditors regarding solicitation package inquiries;

xiii. research for, meetings and correspondence regarding and the preparation of a motion pursuant to Bankruptcy Rule 3018 for the temporary allowance of the Lehman Entities' claims for voting purposes;

xiv. stipulations pursuant to Bankruptcy Rule 3018 for the temporary allowance of claims for voting purposes;

xv. research for and preparation of oppositions to multiple motions by SunCal Management to reclassify claims for voting purposes; and

xvi. analysis of issues concerning the SunCal Debtors' communications with creditors regarding voting.

Fees:   $1,576,616.00          Total hours:    2,444.00

**T.    Non-Derivative Claims Issues [PSZJ Code: CO; Fee Committee Code: 3700]**

54.    Time billed in this category relates to:

i.    the extensive analysis of proofs of claim filed against each of the 26 SunCal Debtors, including claims filed by vendors and sureties in connection with prepetition performance and payment bonds issued to the SunCal Debtors, including the extensive analysis of mechanic's lien claims targeted for objections;

ii.    attendance to issues with respect to the SunCal Voluntary Debtors' opposition to the stipulation by and among the Lehman Entities and the SunCal Chapter 11 Trustee with respect to the joint filing of objections to claims by the Lehman Entities and the SunCal Chapter 11 Trustee;

iii.    research for and the preparation of omnibus objections to claims filed against the SunCal Trustee Debtors, including omnibus objection to duplicate claims, amended claims, and untimely claims;

iv.    analysis of and research with respect to the largest twenty disputed claims filed against the SunCal Trustee Debtors;

v.    analysis of and preparation of objections to claims filed by insiders of the SunCal Debtors, including claims filed by SunCal Management and SCC Acquisitions, Inc. and discovery in connection therewith;

vi.    research for and preparation of oppositions to motions by Bond Safeguard Insurance Co. (and its affiliate, Lexon Insurance Co.) and LB-L Duc/Bethel Island Master Fund for authority to file late claims against the SunCal Debtors;

vii.    the preparation of documentation necessary for the transfer of claims related to the Loan Repurchase Agreement between Fenway and certain Lehman Entities;

viii.    conferences and research regarding the motion by SunCal Emerald Meadows, LLC pursuant to Bankruptcy Rule 9019 to approve settlements with certain claimants;

ix.    transition to the Lehman Entities of pending preference claim actions brought by the SunCal Debtors;

x.    analysis of secured real property tax claims and cure amounts, research for and preparation of objection and related documents with respect thereto;

xi.  analysis and preparation of objections to claims filed by nondebtor
insiders SCC Acquisitions, Inc. and Bruce Elieff and purportedly assigned
to Gray 1 LLC;

xii.  opposition to two objections filed by the SunCal Voluntary Debtors and
SunCal Management to disallow the Lehman Entities' claims pursuant to
section 502(d) of the Bankruptcy Code and to recoup certain portions of
the Lehman Entities' claims (the "Claim Objections") and discovery in
connection therewith;

xiii.  correspondence regarding, research for, and preparation of the objection to
the SunCal Voluntary Debtors' and SunCal Management's motion to
compel discovery on the Claim Objections or, in the alternative, stay
confirmation of the Lehman Plans;[6]

xiv.  correspondence regarding, research for, and preparation of the Lehman
Entities' motion to stay the Claim Objections, the ex parte application for
an emergency hearing thereon, and declarations in support thereof;

xv.  research for and the preparation of omnibus objections to late, duplicate,
amended and incorrectly filed claims against the SunCal Voluntary
Debtors;

xvi.  preparation of documents for the transfers of claims of Kiewit and Pinnick
to certain of the Lehman Entities;

xvii.  drafting memoranda regarding claims analyses for the mediator in the
California Bankruptcy Court-ordered mediation;

xviii.  review of documents and correspondence relating to unauthorized
payments made to creditors by Del Rio;

xix.  review of documents concerning the transfer of certain insider claims and
the transfer of certain bonded claims to Arch; and

xx.  correspondence with WGM, the SunCal Chapter 11 Trustee, the Lehman
Entities, and various claimants with respect to the foregoing.

Fees:   $2,717,971.25        Total hours:    4,031.35

**U.    Other Motions and Matters [PSZJ Code: BL; Fee Committee Code: 3800]**

55.    Time billed in this category relates to services provided in connection with

the various motions filed by the SunCal Debtors and Lehman Entities in the SunCal Chapter 11

---

[6]  Due to the fact that this motion involves both plan confirmation and claim objection issues, certain time entries
related to such motion are also found under category 3500.

Cases and litigation with respect thereto.  Specifically, time billed in this category relates to services provided in connection with filing and prosecuting motions on behalf of the Lehman Entities and opposing various motions filed by the SunCal Debtors in the SunCal Chapter 11 Cases.  In connection with the foregoing, PSZJ, among other things: (a) prepared for and participated in various meetings with professionals; (b) prepared for and appeared at hearings in the California Bankruptcy Court; and (c) performed research for and prepared pleadings and supporting documents in response to various motions filed by the SunCal Debtors.

56.    Time billed in this category relates to the services performed by PSZJ in connection with various litigation issues arising in the SunCal Debtors' cases that are not billed in a separate category. PSZJ, among other things: (a) prepared for and participated in various meetings with professionals; (b) prepared for and appeared at hearings in the California Bankruptcy Court; (c) performed research for and prepared objections, replies and supporting documents in response to various motions filed by the SunCal Debtors, including responses and supplements thereto in connection with the SunCal Debtors' motion for approval of bid procedures in connection with the sale of certain real property and their request to deprive the Lehman Entities of their right to credit bid, and the Lehman Entities' motion to dismiss the complaint and amended complaints filed by the SunCal Debtors against, among others, the Lehman Entities in the Equitable Subordination Action; (d) prepared for and participated in discovery conferences and conducted discovery in connection with the Equitable Subordination Action and other pending contested matters; (e) researched for and prepared objection to amended employment application and fee requests filed by Miller Barondess LLP as special counsel to the SunCal Debtors; (f) prepared documentation and motions for relief on behalf of the Lehman Entities; and (g) prepared for and participated in global settlement negotiations with

all professionals in the SunCal Debtors' cases, including the preparation of settlement term sheets.

57.    In addition, PSZJ prepared for and participated in discovery conferences and conducted extensive discovery in connection with the Equitable Subordination Action, the SunCal Debtors' motion to substantively consolidate their estates (the "Substantive Consolidation Motion") and other pending contested matters described in detail in the Interim Applications. The SunCal Debtors also served discovery requests upon the Lehman Entities demanding the production of a multitude of categories of documents. Pursuant to California Bankruptcy Court-mandated deadlines regarding the coordinated discovery schedule for both the Substantive Consolidation Motion and the Equitable Subordination Action, the Lehman Entities were required to produce such documents prior to mid-January 2010, and thereafter on a rolling basis. Given the complex nature of the litigation, the numerous plaintiffs and defendants, as well as the short time frame involved, PSZJ attorneys and WGM attorneys worked substantial hours to complete the discovery within the California Bankruptcy Court-mandated time frames. This document review required processing over 476,000 electronic documents from the numerous Lehman Entities with the assistance of an e-discovery document review platform called Stratify. PSZJ and WGM attorneys then reviewed and analyzed for responsiveness over 160,000 documents, most of which were multiple page documents. This review included a substantial privilege analysis and redaction process since the Lehman Entities had over 1900 individual attorneys and nearly 90 law firms. PSZJ attorneys, along with WGM attorneys, also reviewed nearly 115,000 documents produced by the SunCal Debtors, most of which also were multi-page documents requiring detailed analysis.

Fees:   $3,266,274.65        Total hours:    4,557.27

V.    **Non-Derivative Litigation [Fee Committee Code: 3900]**

58.    Time billed in this category relates to the services performed by PSZJ in

connection with:  (i) the action captioned *Palmdale Hills Property, LLC v. Lehman ALI, Inc., et

al.*, Adv. P. 09-01005 (the "Equitable Subordination Action"), including the preparation of

pleadings and other documents and extensive discovery conducted in connection therewith; (ii)

the action captioned *Acton Estates, LLC v. Lehman ALI, Inc., et al.*, Case No. 30-2011-

00460847-CU-BC-CJC (the "Acton Action") commenced in the Superior Court of California,

County of Orange, and removed to the California Bankruptcy Court as Adv. Pro. 11-1212-ES;

and (iii) a declaratory relief complaint filed in the California Bankruptcy Court by PSV 309,

LLC ("PSV 309") against SunCal PSV, LLC with respect to a determination of its alleged

security interest in real property owned by such debtor.[7]

Fees:    $740,058.50         Total hours:    932.00

W.    **Non-Bankruptcy Litigation [Fee Committee Code: 4000]**

59.    Time billed in this category relates to: (i) services in connection with state

court actions pending against certain SunCal Debtors; (ii) the review of the complaint and related

documents filed in the Acton Action; (iii) research with respect to the defense of the Acton Case

and the plaintiff's demand for a jury trial; (iv) research for and preparation of a petition for

removal of the Acton Case to the California Bankruptcy Court; (v) research for and preparation

of a motion to dismiss the Acton Case; and (vi) meetings with respect to and research regarding

the state court action commenced by Bond Safeguard against Bruce Elieff, the non-debtor

principal of the SunCal Debtors, and the impact of such action on the cross-indemnity claims

asserted by Bond Safeguard against the SunCal Debtors.

---

[7]  Time entries for certain services involving PSV 309's claims were also billed under category 3700 due to the
overlapping nature of the proof of claim and complaint filed by PSV 309.

Fees:   $94,923.50         Total hours:   121.70

## X.    2004 Issues [Fee Committee Code: 4100]

60.    Time billed in this category relates to:  (i) meetings regarding, research for, and the preparation of a motion pursuant to Bankruptcy Rule 2004 for the examination of, and production of documents by, Del Rio and SunCal Management with respect to unauthorized payments made by Del Rio to creditors of Del Rio from Community Facilities District Bond proceeds in which certain of the Lehman Entities claim an interest; (ii) handling discovery disputes with respect to the order granting the Del Rio 2004 Motion (the "Del Rio 2004 Order") and correspondence with WGM and opposing counsel with respect thereto; (iii) preparation of subpoenas issued under the Del Rio 2004 Order; and (iv) the preparation of a motion [Docket No. 2226] to compel compliance with the Del Rio 2004 Order.

Fees:   $83,527.00         Total hours:   104.50

## Y.    Appeals [PSZJ Code: AP; Fee Committee Code: 4200]

61.    Time billed in this category relates to the preparation of pleadings, correspondence, preparation for hearings and related services in connection with the appeals (the "Appeals") of various orders of the California Bankruptcy Court and the 9th Cir. BAP as follows:

(a)    9th Cir. BAP Nos. 09-1100 through 09-1107 relate to appeals to the Bankruptcy Appellate Panel for the Ninth Circuit of several orders entered by the California Bankruptcy Court denying various motions for relief from the automatic stay filed by LCPI and Lehman ALI in the SunCal Chapter 11 Cases.  LCPI and Lehman ALI appealed aspects of the orders impacting the automatic stay applicable to LCPI.

(b)    Case No. 10-6004 pending in the 9th Circuit relates to the appeal by the SunCal Debtors of the decision by the 9th Cir. BAP in the 9th Cir. BAP appeals set forth above in subsection (a), which decision reversed the California Bankruptcy Court.

(c)    9th Cir. BAP No. 10-1007 relates to the consolidated cross-appeals to the 9th Circuit of the Lehman Entities and the SunCal Debtors of

the California Bankruptcy Court's order providing, among other things, that the Lehman Entities were authorized to file proofs of claim in the SunCal Chapter 11 Cases as agents of Fenway.

(d)    9th Cir. BAP No. 09-1121 relates to the appeal to the 9th Cir. BAP of an order entered by the California Bankruptcy Court granting the SunCal Debtors' motion for leave to file a second amended complaint to, among other things, name LCPI as a defendant in the Equitable Subordination Action.

(e)    9th Cir. BAP No. 11-1435 relates to the appeal to the 9th Cir. BAP of an order entered by the California Bankruptcy Court granting the Lehman Entities' motion to clarify prior financing orders.

62.    Services in this category also relate to the analysis with respect to appealing the order of the California Bankruptcy Court regarding the disallowance of claims of certain Lehman Entities against Acton Estates, LLC.

Fees:    $184,715.50        Total hours:    258.20

## Z.    Examiner Issues [Fee Committee Code: 4500]

63.    Time billed in this category relates to examiner issues in the SunCal Chapter 11 Cases.

Fees:    $12,992.00        Total hours:    17.10

## AA.    PSZJ Fees [PSZJ Code: PC; Fee Committee Code: 4600]

64.    Time billed in this category relates to the preparation of interim fee applications and responses to Fee Committee reports and related services.

Fees:    $187,302.25        Total hours:    427.35

## BB.    PSZJ Retention [PSZJ Code: PR; Fee Committee Code: 4700]

65.    Time billed in this category relates to services rendered in connection with the retention of PSZJ as special counsel in these cases, including drafting, revising and reviewing documents related to the application to retain PSZJ as special counsel in these cases and declarations with respect thereto.

Fees:   $19,557.50         Total hours:   35.40

**CC.   Third Party Retention / Fees [PSZJ Codes: CP / CPO / RP / RPO; Fee Committee Code: 4800]**

66.    Time billed in this category relates to:  (i) communications and conferences with respect to, and the preparation of a scheduling stipulation regarding, final fees and expenses to be sought by professionals retained in the SunCal Chapter 11 Cases, and the review and analysis of certain such professionals' fees; and (ii) opposing certain professionals' employment and interim fee applications in the SunCal Chapter 11 Cases.

Fees:   $112,523.50        Total hours:   140.50

**EXPENSES INCURRED BY PSZJ**

67.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed under section 327 of the Bankruptcy Code.  The total amount of the expenses is $1,017,331.70 for the Compensation Period.  As set forth above, PSZJ seeks allowance of expenses incurred in rendering services to the Debtors during the Compensation Period in the amount of $305,199.52.

68.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, PSZJ maintains the following policies with respect to expenses for which allowance is sought herein:

    (a)    No amortization of the cost of any investment, equipment, or capital outlay is included in the expenses.  In addition, for those items or services that PSZJ purchased or contracted from a third party (such as outside copy services), PSZJ seeks reimbursement only for the exact amount billed to PSZJ by the third party vendor and paid by PSZJ to the third party vendor.

    (b)    Black and white photocopies were charged at 10 cents per page.  To the extent practicable, PSZJ utilized less expensive outside copying services.

    (c)    Telecopying by PSZJ was charged to its clients at the cost of the

long distance call required to send the facsimile.  The firm did not impose any charge to its clients for local facsimiles, interoffice facsimiles or facsimiles costing less than $1.00.  PSZJ did not charge for incoming facsimiles.

(d)     Meals charged to the Debtors for PSZJ personnel were associated with out of town travel, working meetings, or dinner for PSZJ professionals working past 8:00 p.m.  All meals have been written down to $20.00 per person.

(e)     The time pressures associated with the services rendered by PSZJ frequently required PSZJ's professionals and paraprofessionals to devote substantial amounts of time during the evenings and on weekends.  PSZJ has not charged the Debtors for secretarial and other staff overtime expense associated with such after-hours work unless such overtime was necessary under the circumstances.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

69.     Section 330 of the Bankruptcy Code provides that the Court may award a

professional person employed under section 327 or 1103 of the Bankruptcy Code:

(a)     reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

(b)     reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

70.     In determining the amount of reasonable compensation to be awarded, the

court shall consider the nature, the extent, and the value of such services, taking into account all

relevant factors, including:

(a)     the time spent on such services;

(b)     the rates charged for such services;

(c)     whether the services were necessary to the administration of, or beneficial at the time the service was rendered toward the completion of, a case under this title;

(d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature

of the problem, issue, or task addressed;

(e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)-(F).

71.    PSZJ respectfully submits that it has satisfied the requirements for the final allowance of the compensation and reimbursement of expenses sought herein.  The services described above, at the time they were provided, were necessary and beneficial to the administration of the Debtors' chapter 11 cases.  PSZJ's services were consistently performed in a timely manner, commensurate with the complexity of the issues facing the Debtors and the nature and importance of the problems, issues, and tasks.  Furthermore, the compensation sought by PSZJ is reasonable because it is based on the customary compensation charged by comparably skilled practitioners outside of bankruptcy.  Accordingly, approval of the compensation sought herein is warranted.

## STATEMENTS OF PSZJ PURSUANT TO BANKRUPTCY RULE 2016(a)

72.    PSZJ has received a total of $3,980,276.62 from the Debtors relating to fees and expenses on account of services provided by PSZJ for the benefit of the Debtors during the Compensation Period.

73.    No agreement or understanding exists between PSZJ and any third person for the sharing of compensation, except as allowed by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation between and among partners of PSZJ.  All of the services for which compensation is sought in this Final Application were rendered at the request of, and solely on behalf of, the Debtors, and not at the request of, or

on behalf of, any other person or entity.

## NOTICE

74.    Notice of this Final Application and its exhibits will be given to (i) the

Debtors; (ii) counsel to the Debtors; (iii) the U.S. Trustee; (iv) counsel to the Creditors'

Committee; and (v) the Fee Committee.  PSZJ respectfully submits that no other or further notice

is required.


Dated:    July 5, 2012                           PACHULSKI STANG ZIEHL & JONES LLP


                                    By      /s/ Dean A. Ziehl
                                            Richard M. Pachulski
                                            Dean A. Ziehl
                                            Maria A. Bove
                                            780 Third Avenue, 36th Floor
                                            New York, NY 10017
                                            Telephone: (212) 561-7700
                                            Facsimile:  (212) 561-7777

# EXHIBIT A

## SUMMARY OF LCPI ONLY SERVICES BY PROJECT CATEGORY

| LCPI TIME ONLY (Pre-002) | | | |
|---|---|---|---|
| **Pre-Fee Committee Billing Codes (before March 1, 2010)** | | | |
| **Project Code** | **Project Category** | **Total Hours** | **Total Fees** |
| AP | Appeals | 71.90 | $47,641.50 |
| BL | Bankruptcy Litigation | 20.00 | $15,517.50 |
| SL | Stay Litigation | 46.40 | $32,964.50 |
| | **TOTAL SERVICES:** | **138.30** | **$96,123.50** |
| | | | |
| **Fee Committee Billing Codes (after March 1, 2010)** | | | |
| **Project Code** | **Project Category** | **Total Hours** | **Total Fees** |
| 3000 | Non-Derivative Stay / Safe Harbor | 103.95 | $80,257.25 |
| 3800 | Other Motions and Matters | 0.20 | $171.00 |
| 4200 | Appeals | 106.40 | $77,670.50 |
| | **TOTAL SERVICES:** | **210.55** | **$158,098.75** |
| | | | |
| | **GRAND TOTAL:** | **348.85** | **$254,222.25** |

# EXHIBIT B

## SUMMARY OF ALL SERVICES BY PROJECT CATEGORY

| | LEHMAN MATTER NUMBER 001 | | |
|---|---|---|---|
| **Pre-Fee Committee Billing Codes (before March 1, 2010)** | | | |
| **Project Code** | **Project Category** | **Total Hours** | **Total Fees** |
| AA | Asset Analysis / Recovery | 24.20 | $18,063.00 |
| AD | Asset Disposition | 27.70 | $16,661.50 |
| AC | Avoidance Actions | 0.80 | $636.00 |
| AP | Appeals | 83.70 | $55,709.50 |
| BL | Bankruptcy Litigation | 2,982.77 | $2,080,638.65 |
| BO | Business Operations | 2.50 | $1,375.00 |
| CA | Case Administration | 145.95 | $107,727.75 |
| CO | Claims Admin / Objections | 364.25 | $171,197.25 |
| CPO | Compensation of Professionals (Other) | 0.30 | $277.50 |
| CP | Compensation of Professionals | 1.40 | $2,146.00 |
| EC | Executory Contracts | 5.00 | $3,375.00 |
| FN | Financing | 528.60 | $360,596.00 |
| GC | General Creditors Committee | 0.50 | $275.00 |
| HE | Hearing | 0.20 | $165.00 |
| PD | Plan & Disclosure Statement | 1,108.50 | $842,810.00 |
| PC | PSZJ Compensation | 128.00 | $48,015.50 |
| PR | PSZJ Retention | 18.90 | $9,525.50 |
| RP | Retention of Professionals | 0.40 | $336.00 |
| RPO | Retention of Professionals (Other) | 5.60 | $4,545.00 |
| SL | Stay Litigation | 57.30 | $41,097.00 |
| TI | Tax Issues | 0.10 | $49.50 |
| | **TOTAL SERVICES:** | **5,486.67** | **$3,765,221.65** |
| | | | |
| **Fee Committee Billing Codes (after March 1, 2010)** | | | |
| **Project Code** | **Project Category** | **Total Hours** | **Total Fees** |
| 0100 | General Case Administration | 98.20 | $84,606.50 |

| 0200 | General Case Strategy Meetings | 571.95 | $479,916.25 |
| 0300 | Calendar & Docket Maintenance | 6.20 | $3,970.50 |
| 0400 | Hearings and Court Comm. | 331.80 | $289,200.50 |
| 0500 | Non-Working Travel | 169.10 | $68,385.00 |
| 0900 | Secured Creditors Issues | 0.50 | $312.50 |
| 1200 | Cash Management | 19.20 | $15,162.00 |
| 2000 | Other Gen. Bus. Operation | 2.90 | $1,473.50 |
| 2300 | Real Estate Matters | 121.50 | $111,081.00 |
| 2600 | Loans / Investments | 148.55 | $118,003.75 |
| 2900 | Schedules / SOFA | 0.30 | $165.00 |
| 3000 | Non-Derivative Stay / Safe Harbor | 116.25 | $88,167.75 |
| 3100 | Misc. Asset Sales / 363 Issues | 70.10 | $54,951.00 |
| 3200 | Non-Derivative Contracts | 144.70 | $114,596.00 |
| 3300 | DIP Financing | 530.20 | $384,199.50 |
| 3500 | Plan of Reorganization | 4,584.95 | $3,533,968.75 |
| 3600 | Disclosure Statement / Voting | 2,444.00 | $1,576,616.00 |
| 3700 | Non-Derivative Issues | 3,640.30 | $2,526,777.00 |
| 3800 | Other Motions and Matters | 1,574.50 | $1,185,636.00 |
| 3900 | Non-Derivative Litigation | 932.00 | $740,058.50 |
| 4000 | Non-Bankruptcy Litigation | 121.70 | $94,923.50 |
| 4100 | 2004 Issues | 104.50 | $83,527.00 |
| 4200 | Appeals | 171.80 | $126,773.50 |
| 4500 | Examiner Issues | 17.10 | $12,992.00 |
| 4600 | PSZJ Fees | 299.35 | $139,286.75 |
| 4700 | PSZJ Retention | 16.50 | $10,032.00 |
| 4800 | Third Party Retention / Fees | 132.80 | $105,219.00 |
| | **TOTAL SERVICES:** | **16,370.95** | **11,950,000.75** |
| | | | |
| | **GRAND TOTAL:** | **21,857.62** | **15,715,222.40** |

| LEHMAN MATTER NUMBER 002 (LCPI ONLY) | | | |
|---|---|---|---|
| **Project Code** | **Project Category** | **Total Hours** | **Total Fees** |
| 3000 | Non-Derivative Stay/Safe Harbor | 38.4 | $28,043.50 |
| 3500 | Plan of Reorganization | 13.8 | $12,215.50 |
| 3700 | Non-Derivative Issues | 26.8 | $19,997.00 |
| 4200 | Appeals | 2.7 | $2,232.50 |
| | **TOTAL SERVICES:** | **81.7** | **$62,488.50** |

| TOTAL SERVICES | | |
|---|---|---|
| **Matter Number** | **Total Hours** | **Total Fees** |
| Lehman 001 | 21,857.62 | $15,715,222.40 |
| Lehman 002 (LCPI Only) | 81.7 | $62,488.50 |
| **TOTAL SERVICES:** | **21,939.32** | **$15,777,710.90** |

# EXHIBIT C

**SUMMARY OF TIME CHARGES AND HOURLY RATES BY PROFESSIONAL FOR
THE PERIOD FROM FEBRUARY 25, 2009 THROUGH MARCH 6, 2012**

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Partner | Alan J. Kornfeld | 1987 | 2009 | $775.00 | 2.00 | $1,550.00 |
| Partner | Alan J. Kornfeld | 1987 | 2011 | $412.50 | 7.00 | $2,887.50 |
| Partner | Alan J. Kornfeld | 1987 | 2011 | $825.00 | 376.40 | $310,530.00 |
| Partner | Andrew W. Caine | 1983 | 2009 | $695.00 | 14.60 | $10,147.00 |
| Partner | Andrew W. Caine | 1983 | 2010 | $725.00 | 9.70 | $7,032.50 |
| Partner | Andrew W. Caine | 1983 | 2010 | $750.00 | 62.40 | $46,800.00 |
| Partner | Andrew W. Caine | 1983 | 2011 | $825.00 | 0.90 | $742.50 |
| Partner | Brad R. Godshall | 1982 | 2009 | $775.00 | 44.70 | $34,642.50 |
| Partner | Bruce Grohsgal | 1984 | 2010 | $675.00 | 5.60 | $3,780.00 |
| Partner | Dean A. Ziehl | 1978 | 2009 | $795.00 | 382.70 | $304,246.50 |
| Partner | Dean A. Ziehl | 1978 | 2009 | $825.00 | 458.05 | $377,891.25 |
| Partner | Dean A. Ziehl | 1978 | 2010 | $427.50 | 16.50 | $7,053.75 |
| Partner | Dean A. Ziehl | 1978 | 2010 | $855.00 | 659.40 | $563,787.00 |
| Partner | Dean A. Ziehl | 1978 | 2011 | $447.50 | 8.00 | $3,580.00 |
| Partner | Dean A. Ziehl | 1978 | 2011 | $895.00 | 1,369.65 | $1,225,836.75 |
| Partner | Dean A. Ziehl | 1978 | 2012 | $955.00 | 67.90 | $64,844.50 |
| Partner | Debra I. Grassgreen | 1992 | 2009 | $725.00 | 0.60 | $435.00 |
| Partner | Debra I. Grassgreen | 1992 | 2010 | $775.00 | 1.10 | $852.50 |
| Partner | Debra I. Grassgreen | 1992 | 2011 | $775.00 | 1.30 | $1,007.50 |
| Partner | Debra I. Grassgreen | 1992 | 2011 | $795.00 | 5.80 | $4,611.00 |
| Partner | Ellen M. Bender | 1984 | 2010 | $695.00 | 3.70 | $2,571.50 |
| Partner | Gillian N. Brown | 1999 | 2009 | $495.00 | 3.80 | $1,881.00 |
| Partner | Gillian N. Brown | 1999 | 2010 | $515.00 | 0.30 | $154.50 |
| Partner | Henry C. Kevane | 1986 | 2009 | $675.00 | 2.10 | $1,417.50 |
| Partner | Henry C. Kevane | 1986 | 2010 | $775.00 | 0.30 | $232.50 |
| Partner | Henry C. Kevane | 1986 | 2011 | $795.00 | 51.10 | $40,624.50 |
| Partner | Henry C. Kevane | 1986 | 2012 | $815.00 | 0.30 | $244.50 |
| Partner | Iain A. W. Nasatir | 1983 | 2010 | $725.00 | 0.50 | $362.50 |
| Partner | Ira D. Kharasch | 1982 | 2011 | $850.00 | 80.10 | $68,085.00 |
| Partner | Ira D. Kharasch | 1982 | 2012 | $875.00 | 2.80 | $2,450.00 |
| Partner | James E. Mahoney | 1967 | 2009 | $675.00 | 16.60 | $11,205.00 |
| Partner | James I. Stang | 1980 | 2012 | $955.00 | 0.30 | $286.50 |
| Partner | Jeremy V. Richards | 1982 | 2009 | $795.00 | 213.00 | $169,335.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Partner | Jeremy V. Richards | 1982 | 2010 | $825.00 | 2.60 | $2,145.00 |
| Partner | Jeremy V. Richards | 1982 | 2011 | $850.00 | 0.40 | $340.00 |
| Partner | Kenneth H. Brown | 1981 | 2011 | $750.00 | 0.30 | $225.00 |
| Partner | Malhar S. Pagay | 1994 | 2009 | $495.00 | 5.00 | $2,475.00 |
| Partner | Malhar S. Pagay | 1997 | 2010 | $575.00 | 158.90 | $91,367.50 |
| Partner | Malhar S. Pagay | 1997 | 2011 | $595.00 | 0.70 | $416.50 |
| Partner | Maxim B. Litvak | 1997 | 2009 | $550.00 | 6.50 | $3,575.00 |
| Partner | Michael R. Seidl | 1996 | 2010 | $575.00 | 0.10 | $57.50 |
| Partner | Nina L. Hong | 1996 | 2009 | $525.00 | 35.30 | $18,532.50 |
| Partner | Nina L. Hong | 1996 | 2010 | $550.00 | 253.10 | $139,205.00 |
| Partner | Nina L. Hong | 1996 | 2011 | $575.00 | 19.70 | $11,327.50 |
| Partner | Richard J. Gruber | 1982 | 2010 | $750.00 | 3.00 | $2,250.00 |
| Partner | Richard J. Gruber | 1982 | 2010 | $795.00 | 1.00 | $795.00 |
| Partner | Richard J. Gruber | 1982 | 2011 | $825.00 | 0.60 | $495.00 |
| Partner | Richard M. Pachulski | 1979 | 2009 | $850.00 | 247.80 | $210,630.00 |
| Partner | Richard M. Pachulski | 1979 | 2009 | $895.00 | 610.92 | $546,773.40 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $462.50 | 9.00 | $4,162.50 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $475.00 | 6.20 | $2,945.00 |
| Partner | Richard M. Pachulski | 1979 | 2010 | $925.00 | 883.00 | $816,775.00 |
| Partner | Richard M. Pachulski | 1979 | 2011 | $475.00 | 35.40 | $16,815.00 |
| Partner | Richard M. Pachulski | 1979 | 2011 | $950.00 | 1,417.80 | $1,347,880.00 |
| Partner | Richard M. Pachulski | 1979 | 2012 | $975.00 | 151.50 | $147,712.50 |
| Partner | Robert B. Orgel | 1981 | 2009 | $795.00 | 475.70 | $378,181.50 |
| Partner | Robert B. Orgel | 1981 | 2010 | $425.00 | 6.80 | $2,890.00 |
| Partner | Robert B. Orgel | 1981 | 2010 | $825.00 | 1,221.80 | $1,007,985.00 |
| Partner | Robert B. Orgel | 1981 | 2011 | $850.00 | 2,003.90 | $1,703,315.00 |
| Partner | Robert B. Orgel | 1981 | 2012 | $875.00 | 289.40 | $253,225.00 |
| Partner | Robert J. Feinstein | 1982 | 2009 | $795.00 | 1.70 | $1,351.50 |
| Partner | Robert J. Feinstein | 1982 | 2009 | $825.00 | 1.80 | $1,485.00 |
| Partner | Stanley E. Goldich | 1980 | 2010 | $750.00 | 2.20 | $1,650.00 |
| Partner | Stanley E. Goldich | 1980 | 2011 | $775.00 | 26.40 | $20,460.00 |
| **Partner Total** | | | | | **11,747.72** | **$10,008,550.65** |
| Of Counsel | Beth E. Levine | 1993 | 2010 | $550.00 | 26.50 | $14,575.00 |
| Of Counsel | Celine Guillou | 1998 | 2009 | $425.00 | 9.00 | $3,825.00 |
| Of Counsel | Celine Guillou | 1998 | 2010 | $450.00 | 60.90 | $27,405.00 |
| Of Counsel | Daryl G. Parker | 1970 | 2010 | $695.00 | 314.60 | $218,647.00 |
| Of Counsel | Daryl G. Parker | 1970 | 2012 | $745.00 | 15.50 | $11,547.50 |
| Of Counsel | Daryl G. Parker | 1970 | 2009 | $675.00 | 136.80 | $92,340.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Of Counsel | Daryl G. Parker | 1970 | 2011 | $725.00 | 177.90 | $128,977.50 |
| Of Counsel | Erin Gray | 1992 | 2009 | $495.00 | 27.50 | $13,612.50 |
| Of Counsel | Erin Gray | 1992 | 2010 | $515.00 | 42.50 | $21,887.50 |
| Of Counsel | Gabrielle A. Rohwer | 1997 | 2010 | $550.00 | 43.00 | $23,650.00 |
| Of Counsel | Gabrielle A. Rohwer | 1997 | 2011 | $575.00 | 17.20 | $9,890.00 |
| Of Counsel | Gina F. Brandt | 1976 | 2010 | $550.00 | 2.40 | $1,320.00 |
| Of Counsel | Gina F. Brandt | 1976 | 2010 | $575.00 | 193.10 | $111,032.50 |
| Of Counsel | Gina F. Brandt | 1976 | 2011 | $595.00 | 0.80 | $476.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2009 | $575.00 | 116.20 | $66,815.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2009 | $595.00 | 231.20 | $137,564.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2010 | $312.50 | 10.70 | $3,343.75 |
| Of Counsel | Harry D. Hochman | 1987 | 2010 | $625.00 | 616.30 | $385,187.50 |
| Of Counsel | Harry D. Hochman | 1987 | 2011 | $650.00 | 1,047.70 | $681,005.00 |
| Of Counsel | Harry D. Hochman | 1987 | 2012 | $675.00 | 45.30 | $30,577.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2009 | $650.00 | 8.60 | $5,590.00 |
| Of Counsel | James K. T. Hunter | 1976 | 2009 | $675.00 | 33.30 | $22,477.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2010 | $675.00 | 73.80 | $49,815.00 |
| Of Counsel | James K. T. Hunter | 1976 | 2010 | $695.00 | 191.70 | $133,231.50 |
| Of Counsel | James K. T. Hunter | 1976 | 2011 | $725.00 | 6.70 | $4,857.50 |
| Of Counsel | Jeffrey P. Nolan | 1992 | 2010 | $550.00 | 0.20 | $110.00 |
| Of Counsel | Jonathan J. Kim | 1995 | 2010 | $575.00 | 224.10 | $128,857.50 |
| Of Counsel | Jonathan J. Kim | 1995 | 2011 | $595.00 | 263.00 | $156,485.00 |
| Of Counsel | Maria A. Bove | 2001 | 2009 | $475.00 | 169.20 | $80,370.00 |
| Of Counsel | Maria A. Bove | 2001 | 2009 | $495.00 | 507.30 | $251,113.50 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $275.00 | 1.70 | $467.50 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $495.00 | 0.80 | $396.00 |
| Of Counsel | Maria A. Bove | 2001 | 2010 | $550.00 | 473.80 | $260,590.00 |
| Of Counsel | Maria A. Bove | 2001 | 2011 | $312.50 | 39.40 | $12,312.50 |
| Of Counsel | Maria A. Bove | 2001 | 2011 | $625.00 | 900.60 | $562,875.00 |
| Of Counsel | Maria A. Bove | 2001 | 2012 | $645.00 | 118.50 | $76,432.50 |
| Of Counsel | Mary D. Lane | 1976 | 2009 | $550.00 | 4.20 | $2,310.00 |
| Of Counsel | Mary D. Lane | 1976 | 2010 | $550.00 | 55.30 | $30,415.00 |
| Of Counsel | Miriam Khatiblou | 1995 | 2010 | $515.00 | 5.30 | $2,729.50 |
| Of Counsel | Pamela Singer | 1996 | 2009 | $495.00 | 1.70 | $841.50 |
| Of Counsel | Pamela Singer | 1996 | 2010 | $515.00 | 12.90 | $6,643.50 |
| Of Counsel | Robert M. Saunders | 1984 | 2010 | $550.00 | 16.10 | $8,855.00 |
| Of Counsel | Robert M. Saunders | 1984 | 2011 | $575.00 | 31.60 | $18,170.00 |
| Of Counsel | Shirley S. Cho | 1997 | 2009 | $595.00 | 49.90 | $29,690.50 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|----------|------|---------------|----------|--------------|-------------|--------|
| Of Counsel | Shirley S. Cho | 1997 | 2010 | $625.00 | 31.20 | $19,500.00 |
| Of Counsel | Shirley S. Cho | 1997 | 2011 | $650.00 | 11.10 | $7,215.00 |
| Of Counsel | Steven J. Kahn | 1997 | 2010 | $695.00 | 77.60 | $53,932.00 |
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $362.50 | 10.60 | $3,842.50 |
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $695.00 | 20.90 | $14,525.50 |
| Of Counsel | Steven J. Kahn | 1997 | 2011 | $725.00 | 983.50 | $713,037.50 |
| Of Counsel | Steven J. Kahn | 1997 | 2012 | $745.00 | 151.00 | $112,495.00 |
| Of Counsel | Victoria A. Newmark | 1996 | 2009 | $595.00 | 32.50 | $19,337.50 |
| Of Counsel | Victoria A. Newmark | 1996 | 2010 | $625.00 | 37.60 | $23,500.00 |
| Of Counsel | Victoria A. Newmark | 1996 | 2011 | $650.00 | 104.10 | $67,665.00 |
| Of Counsel | Werner Disse | 1986 | 2010 | $515.00 | 34.10 | $17,561.50 |
| **Of Counsel Total** | | | | | **7,819.00** | **$4,881,925.75** |
| Associate | Cia H. Mackle | 2006 | 2009 | $395.00 | 1.30 | $513.50 |
| Associate | David A. Abadir | 2008 | 2009 | $350.00 | 19.10 | $6,685.00 |
| Associate | David A. Abadir | 2008 | 2009 | $395.00 | 6.90 | $2,725.50 |
| Associate | Jason H. Rosell | 2010 | 2010 | $395.00 | 32.70 | $12,916.50 |
| Associate | Jason H. Rosell | 2010 | 2011 | $395.00 | 408.10 | $161,199.50 |
| Associate | Jason H. Rosell | 2010 | 2012 | $395.00 | 5.20 | $2,054.00 |
| Associate | Jason H. Rosell | 2010 | 2012 | $425.00 | 2.00 | $850.00 |
| Associate | John W. Lucas | 2005 | 2011 | $247.50 | 10.00 | $2,475.00 |
| Associate | John W. Lucas | 2005 | 2011 | $495.00 | 944.40 | $467,478.00 |
| Associate | John W. Lucas | 2005 | 2012 | $525.00 | 26.70 | $14,017.50 |
| Associate | Mark M. Billion | 2007 | 2009 | $325.00 | 0.80 | $260.00 |
| Associate | Teddy M. Kapur | 2006 | 2011 | $287.50 | 3.00 | $862.50 |
| Associate | Teddy M. Kapur | 2006 | 2011 | $475.00 | 33.40 | $15,865.00 |
| **Associate Total** | | | | | **1,493.60** | **$687,902.00** |
| **Total Attorney Time** | | | | | **21,060.32** | **$15,578,378.40** |
| **Blended Hourly Rate for Attorneys** | | | | | **$739.70** | |
| Law Clerk | Megan J. Wilson | N/A | 2009 | $150.00 | 1.50 | $225.00 |
| Paralegal | Andrew C. Sahn | N/A | 2009 | $150.00 | 19.90 | $2,985.00 |
| Paralegal | Andrew C. Sahn | N/A | 2010 | $160.00 | 8.30 | $1,328.00 |
| Paralegal | Beth D. Dassa | N/A | 2009 | $225.00 | 2.40 | $540.00 |
| Paralegal | David L. Downing | N/A | 2011 | $220.00 | 37.90 | $8,338.00 |
| Paralegal | Denise A. Harris | N/A | 2009 | $225.00 | 71.90 | $16,177.50 |
| Paralegal | Denise A. Harris | N/A | 2010 | $235.00 | 48.90 | $11,491.50 |
| Paralegal | Denise A. Harris | N/A | 2011 | $255.00 | 33.00 | $8,415.00 |
| Paralegal | Felice S. Harrison | N/A | 2009 | $225.00 | 3.40 | $765.00 |
| Paralegal | Felice S. Harrison | N/A | 2010 | $235.00 | 1.00 | $235.00 |

| Position | Name | Year Admitted | Fee Year | Billing Rate | Total Hours | Amount |
|---|---|---|---|---|---|---|
| Paralegal | Felice S. Harrison | N/A | 2011 | $255.00 | 3.00 | $765.00 |
| Paralegal | John F. Bass | N/A | 2009 | $150.00 | 2.80 | $420.00 |
| Paralegal | Jorge E. Rojas | N/A | 2009 | $195.00 | 0.70 | $136.50 |
| Paralegal | Jorge E. Rojas | N/A | 2011 | $250.00 | 59.30 | $14,825.00 |
| Paralegal | Kati L. Suk | N/A | 2010 | $185.00 | 10.40 | $1,924.00 |
| Paralegal | Kati L. Suk | N/A | 2011 | $200.00 | 1.30 | $260.00 |
| Paralegal | Leslie A. Forrester | N/A | 2009 | $250.00 | 4.80 | $1,200.00 |
| Paralegal | Leslie A. Forrester | N/A | 2010 | $260.00 | 10.40 | $2,704.00 |
| Paralegal | Leslie A. Forrester | N/A | 2011 | $275.00 | 27.30 | $7,507.50 |
| Paralegal | Mike A. Matteo | N/A | 2009 | $195.00 | 7.80 | $1,521.00 |
| Paralegal | Mike A. Matteo | N/A | 2010 | $205.00 | 32.20 | $6,601.00 |
| Paralegal | Mike A. Matteo | N/A | 2011 | $220.00 | 99.40 | $21,868.00 |
| Paralegal | Mike A. Matteo | N/A | 2012 | $240.00 | 2.50 | $600.00 |
| Paralegal | Patricia J. Jeffries | N/A | 2010 | $235.00 | 7.20 | $1,692.00 |
| Paralegal | Patricia J. Jeffries | N/A | 2011 | $255.00 | 141.40 | $36,057.00 |
| Paralegal | Robin E. Pacholder | N/A | 2011 | $150.00 | 1.20 | $180.00 |
| Paralegal | Shawn A. Quinlivan | N/A | 2011 | $255.00 | 20.20 | $5,151.00 |
| Paralegal | Thomas J. Brown | N/A | 2009 | $195.00 | 140.10 | $27,319.50 |
| Paralegal | Thomas J. Brown | N/A | 2010 | $205.00 | 15.40 | $3,157.00 |
| Paralegal | Thomas J. Brown | N/A | 2011 | $220.00 | 48.60 | $10,692.00 |
| Paralegal | Thomas J. Brown | N/A | 2012 | $220.00 | 11.80 | $2,596.00 |
| **Total Paraprofessional Time** | | | | | **876.00** | **$197,676.50** |
| **Total Attorney and Paraprofessional Time** | | | | | **21,939.32** | **$15,777,710.90** |
| **Blended Hourly Rate for Attorneys and Paraprofessionals** | | | | | **$719.15** | |

# EXHIBIT C

## SUMMARY OF DISBURSEMENTS

| Expense Category | Total Expenses |
|---|---|
| Air Fare Total | $12,611.36 |
| Airport Parking | $184.64 |
| Auto Travel Expense | $13,078.04 |
| Conference Call | $6,195.83 |
| Court Call | $167.00 |
| Fax Transmittal | $303.00 |
| Federal Express | $9,770.25 |
| Filing Fee | $2,930.50 |
| First Legal Attorney / Messenger | $1,674.25 |
| Guest Parking | $450.10 |
| Hotel Expense | $10,808.18 |
| IH- Messenger Service | $871.50 |
| IHAS Attorney Service | $2,758.50 |
| Incoming Faxes | $0.20 |
| Legal Vision Atty. Mess. Service | $26,405.49 |
| Lexis/Nexis- Legal Research | $26,405.46 |
| Outside Reproduction Expense | $417,771.67 |
| Outside Services | $55,943.56 |
| Overtime | $2,014.74 |
| Pacer - Court Research | $16,681.20 |
| Postage | $34,408.49 |
| Reproduction Expense | $168,798.50 |
| Reproduction/ Scan Copy | $47,062.60 |
| Research | $37.50 |
| Transcript | $60,892.32 |
| Travel Expense | $926.65 |
| Westlaw - Legal Research | $91,156.28 |
| Witness Fee | $451.47 |
| Working Meals | $6,572.42 |
|  |  |
| **Total Disbursements Billed:** | **$1,017,331.70** |

# EXHIBIT D

**CERTIFICATION OF DEAN A. ZIEHL**

PACHULSKI STANG ZIEHL & JONES LLP
Richard M. Pachulski
Dean A. Ziehl
Maria A. Bove
780 Third Avenue, 36th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777

*Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

---

**CERTIFICATION UNDER GUIDELINES**
**FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS IN**
**RESPECT OF FINAL FEE APPLICATION OF PACHULSKI STANG**
**ZIEHL & JONES LLP FOR ALLOWANCE OF COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS**
**SPECIAL COUNSEL TO THE DEBTORS FOR THE PERIOD FROM**
**FEBRUARY 25, 2009 THROUGH MARCH 6, 2012**

I, Dean A. Ziehl, hereby certify that:

1.       I am a partner with the applicant firm of Pachulski Stang Ziehl & Jones

LLP ("PSZJ"), special counsel to the debtors and debtors in possession in above-captioned

matter.  I submit this certification with respect to PSZJ's compliance with the United States

Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"),

General Order M-389, Amended Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on November 25, 2009

(the "Local Guidelines"), and the Fee Committee Guidelines (collectively with the UST

Guidelines and the Local Guidelines, the "Guidelines").

2.      This Certification is made in connection with the *Final Fee Application of Pachulski Stang Ziehl & Jones LLP for Allowance of Compensation for Services Rendered and Reimbursement of Expenses as Special Counsel to the Debtors* (the "Final Application") for the period from February 25, 2009 through March 6, 2012 (the "Compensation Period"), in accordance with the Guidelines.

3.      In accordance with 18 U.S.C. § 155 and the Rules of this Court, neither I nor any attorney of my firm has entered into any agreement, written or oral, express or implied, with the Office of the United States Trustee, with the Debtors, any creditor or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors.

4.      In accordance with section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any attorney thereof or any person for the division of such compensation as my firm may receive for services rendered in connection with this case, nor will any division or fees prohibited by section 504 of the Bankruptcy Code be made by me or any partner, counsel or associate of my firm.

5.      I certify that:  (a) I have read the Final Application; (b) to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Guidelines; (c) the fees and disbursements sought are billed at rates in accordance with those customarily charged by PSZJ and generally accepted by PSZJ's clients; and (d) in providing a reimbursable service, PSZJ does not make a profit on that service, whether the service is performed by PSZJ in-house or through a third party.

6.      I certify that the Debtors, counsel for the Debtors, counsel for the statutory

creditors' committee, the United States Trustee for the Southern District of New York, and the

Fee Committee are being provided with a copy of the Final Application.

Dated:    July 5, 2012                    PACHULSKI STANG ZIEHL & JONES LLP


                          By    /s/ Dean A. Ziehl
                                Richard M. Pachulski
                                Dean A. Ziehl
                                Maria A. Bove
                                780 Third Avenue, 36th Floor
                                New York, NY 10017
                                Telephone: (212) 561-7700
                                Facsimile:  (212) 561-7777