# EXHIBIT A

EXHIBIT "A"

**SUMMARY OF SERVICES BY PROJECT CATEGORY FOR SERVICES RENDERED
BY JONES DAY ON BEHALF OF THE DEBTORS
FROM SEPTEMBER 18, 2008 THROUGH MARCH 6, 2012[1]**

| Project Category | Total Hours by Project | Total Fees by Project (USD) |
|---|---|---|
| **Asia Pacific** | | |
| Asia Pacific | 28,83.65 | 12,154,469.13 |
| **Chicago** | | |
| Metropolitan Pier and Exposition Authority | 225.90 | 121,807.50 |
| **London** | | |
| London Derivatives | 5,181.15 | 3,636,562.30 |
| LB UK RE Holdings Ltd. | 125.40 | 101,165.00 |
| **New York** | | |
| Aircraft Dispositions | 320.30 | 202,282.50 |
| Barclays | 43,929.60 | 20,555,559.50 |
| Barclays v. Lehman Funds | 1034.60 | 597,527.50 |
| Chicago Mercantile Exchange | 711.30 | 417,867.50 |
| Federal Reserve Bank of NY | 100.30 | 53,447.50 |
| New York Derivatives | 50,644.70 | 25,959,948.50 |
| Non-Derivative Avoidance | 54.70 | 36,562.50 |
| Norton Gold Fields Ltd. | 210.80 | 127,215.00 |
| Quadrant | 956.60 | 539,271.50 |
| **San Francisco** | | |
| CEIDCO/Kontrabecki | 4,438.80 | 2,551,448.50 |
| **GRAND TOTAL** | **137,471.20** | **$67,849,014.93** |

---

[1] This exhibit excludes (a) a total amount of $89,558.07 billed periodically between May 2009 and March 2011 and claimed by Jones Day in the Application in relation to the Adelphia Matters (as such term is defined in the Application), (b) $36,932.50 of fees that were not previously requested in a prior interim fee application as described in paragraphs 110 and 111 of the Application, (c) $9,879, $80,438 and $17,482 of voluntary reductions concerning the Eighth, Seventh and Fifth Interim Periods, respectively, as well as a calculation adjustment of $1,980.50 reflected in Jones Day's supplement to its interim application for the Fifth Interim Period [Docket No. 11259], and (d) fee reductions of $418,637.43 relating to negotiations and, in some cases, stipulations with the Fee Committee concerning the First through Ninth Interim Periods.

## CURRENT FEE PERIOD: SEPTEMBER 18, 2008 THROUGH MARCH 6, 2012

Case No.: 08-13555 (JMP)

Case Name: In re LEHMAN BROTHERS HOLDINGS INC., *et al.*, Debtors.

| APPLICANT | DATE/DOCUMENT NO. OF APPLICATION | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|-----------|----------------------------------|----------------|--------------|--------------------|--------------------|
| Jones Day | July 5, 2012 | | [          ] | $ | [          ] |

NYI-4460885v1

# EXHIBIT B

## SERVED ON NOTICE PARTIES

# EXHIBIT C

EXHIBIT "C"

### ACTUAL AND NECESSARY DISBURSEMENTS INCURRED
### BY JONES DAY ON BEHALF OF THE DEBTORS
### FROM SEPTEMBER 18, 2008 THROUGH MARCH 6, 2012

| Disbursement Description | Amount Billed (USD) |
|---|---|
| Agents Fees Total | 9,127.69 |
| Airfare Total | 45,567.08 |
| Attorney Fees Total | 2,917.39 |
| Bank Charges Total | 180.37 |
| Binding Total | 2,274.31 |
| Calling Card Charges Total | 2,076.64 |
| Car Rental Charges Total | 381.12 |
| Cash Advance Total | 8.00 |
| Certified Copy Charges Total | 1,500.93 |
| Color Duplication Charges Total | 8,637.13 |
| Communication Charges Total | 2,962.71 |
| Computerized Research Services Total | 7,025.16 |
| Conference Call Charges Total | 95.04 |
| Conference Charges Total | 13,065.55 |
| Conference Services Total | 5.59 |
| Consultants and Agent Fees Total | 82,710.79 |
| Courier Services Total | 21,883.45 |
| Court Costs Total | 15,610.59 |
| Court Reporter Fees Total | 298,003.86 |
| Docket Copy Charges Total | 489.06 |
| Document Reproduction Charges Total | 23,112.03 |
| Document Storage/Retrieval Total | 158.62 |
| Dow Jones Search Fees Total | 11.65 |
| Duplication Charges Total | 279,898.60 |
| Federal Express Charges Total | 6,355.87 |
| Filing Fees and Related Total | 6,586.49 |
| Filing Fees Total | 8,819.89 |
| Food and Beverage Expenses Total | 6,550.59 |
| General Communication Charges Total | 2,324.56 |
| General Interest Charges Total | 72.00 |
| General Internal Charges Total | 936.00 |
| Graphics and Photography Charges Total | 11,578.38 |
| Hotel Charges Total | 45,328.94 |

| Disbursement Description | Amount Billed (USD) |
|---|---:|
| Imaging Charges Total | 53.34 |
| Imaging Services Total | 47,404.68 |
| Infosearch Search Fees Total | 22.05 |
| Internal Services Total | 72.00 |
| Internet Connection Charges Total | 32.89 |
| Late Work Meal Total | 2,433.77 |
| Late Work Parking Total | 1,290.70 |
| Late Work Taxi Total | 28,900.92 |
| Lexis Search Fees Total | 114,996.48 |
| Litigation Expenses Total | 3,093.02 |
| Local Authority Search Fee Total | 563.11 |
| Local Food and Beverage Total | 34,986.61 |
| Local Mileage Charge Total | 289.95 |
| Local Parking Charges Total | 296.27 |
| Local Taxi Charges Total | 41,415.93 |
| Local Telephone Charges Total | 311.43 |
| Local Transportation Total | 5,672.02 |
| Long Distance Charges Total | 21,721.60 |
| Meeting Room and Charges Total | 1,278.04 |
| Messenger Services Total | 522.69 |
| Mileage Expenses Total | 258.68 |
| Miscellaneous Expenses Total | 87,623.54 |
| Parking Expenses Total | 2,527.04 |
| Parking Validation Charges Total | 68.00 |
| Postage Charges/Expenses Total | 136,167.98 |
| Publication Expenses Total | 10,753.93 |
| Rent Expense Total | 16,758.25 |
| Research Fees Total | 5,543.44 |
| Search Fees Total | 36.87 |
| Staff Overtime Charges - Secretary Total | 7,925.88 |
| Staff Overtime Charges - Word Processing Total | 417.94 |
| Staff Overtime Charges Total | 4,259.77 |
| Subway/Bus Charges Total | 112.87 |
| Supplies Total | 2,320.61 |
| Taxi Fare Total | 15,458.55 |
| Toll Charges Total | 521.90 |
| Train Fare Total | 715.18 |
| Travel - Air Fare Total | 597.47 |

| Disbursement Description | Amount Billed (USD) |
|---|---:|
| Travel - Car Rental Charges Total | 104.45 |
| Travel - Food and Beverage Expenses Total | 3,055.72 |
| Travel - Hotel Charges Total | 1,114.54 |
| Travel - Other Costs Total | 5,102.17 |
| Travel - Subway/Bus Charges Total | 24.02 |
| Travel - Taxi Charges Total | 9,944.07 |
| Travel - Train Fare Total | 75.53 |
| United Parcel Service Charges Total | 6,804.27 |
| Video and Electronic Expenses Total | 32,036.08 |
| Westlaw Search Fees Total | 435,175.12 |
| Witness Fees Total | 15,864.56 |
| Adjustment (Fifth Interim) | -108.22 |
|  |  |
| **Total Disbursements** | $2,012,873.79[1] |

---

[1] This exhibit excludes (a) $4,726.16 of expenses that were not previously requested in a prior interim fee application as described in paragraph 112 of the Application, and (b) an expense reduction of $133,266.52 relating to negotiations and, in some cases, stipulations with the Fee Committee concerning the First through Ninth Interim Periods.

NYI-4460889v1

# EXHIBIT D

## SERVED ON NOTICE PARTIES

# EXHIBIT E

## Multiple Timekeepers Attending Same Hearing/Outside Meeting/Deposition

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Jayant Tambe<br>Eric Stephens | 2/4/10 | Deposition of Mary Korycki<br>Deposition of David Coles | Tambe defended both depositions, of A&M personnel.<br><br>Stephens was the associate responsible for collecting facts and documents about each of these witnesses and was necessary to assist at the deposition |
| Bridget Crawford<br>Robert Gaffey<br>Michael Daily | 2/4/10 | Hughes deposition | Gaffey took the deposition.<br><br>Crawford was responsible for collecting and organizing documents and subject areas for the witness, Barclays GC.<br><br>Dailey was responsible for several subject areas pertinent to the witness.<br><br>The assistance of both was necessary for this deposition of a key Barclays witness. |
| Peter Brabant<br>Steven Fleming<br>Christopher Ahern<br>Philip Hoser<br>Owen Thomas | 2/9/10 | High Court hearing re DOCA agreement | Owen Thomas and Peter Brabant: The two most junior lawyers attending, were required to deal with documentary and logistical matters arising during the hearing.  They had the most thorough knowledge of the substantial documentation before the court and the lower court.<br><br>Steven Fleming (of counsel): Had detailed knowledge of the hearing below, of which he had had principal carriage, and this featured substantially in the hearing.  His presence was vital to guard against possible misstatements by opposing counsel regarding events below.<br><br>Philip Hoser: Had overall conduct of the appeal, direct responsibility for dealing with counsel for the respondents to |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | the appeal and the widest knowledge of the legal issues relating to insolvency which were the central legal issues in the appeal.<br><br>Chris Ahern: Took particular responsibility for liaising with counsel for LBHI's co-appellants and, together with Philip Hoser, ensuring that all aspects of the conduct of the appeal and our interactions with other parties were strategically aligned with LBHI's wider objectives. |
| Peter Brabant<br>Steven Fleming<br>Philip Hoser<br>Christopher Ahern | 2/10/10 | High Court hearing re DOCA agreement | See entry above |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Xochitl Strohbehn<br>Kelly Carrero<br>Jayant Tambe<br>David Carden<br>Eric Stephens | 2/23/10 | Pfleiderer deposition | Pfleiderer was Barclays' principal valuation expert.<br><br>Tambe and Carrero have been in charge of the expert valuation case, both in developing our expert case and refuting Barclays showing on valuation.<br><br>Strohbehn was responsible for analysis of valuation data about which Pfleliderer testified.<br><br>Stephens also was involved in organizing a significant volume of valuation oriented exhibits, both from Barclays expert production and from Barclays production or real  time evidence concerning its alleged internal valuations, and was assigned to work on the motions in limine that at that point were contemplated regarding Pfleiderer.<br><br>Carden was responsible for the Saunders testimony, to which portions of Pfleiderer's testimony applied.  Hence, all added value at the deposition of Pfleiderer |
| Joel Telpner<br>Lee Pollack<br>Jayant Tambe<br>Aviva Warter Sisitsky | 3/19/10 | Meet with client regarding valuation strategy | This was a critical strategy meeting with the client in advance of the filing of two adversary proceedings and claims objection over hundreds of millions of dollars of credit derivative and interest rate derivatives trades with Normura entities.<br><br>Tambe and Sisitsky lead this team and were present to advise the client on litigation strategy.<br><br>Pollack is the associate assigned to this team and was required to be present to pull and identify key documents and to edit draft pleadings based on discussions. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
|      |      |                                   | Telpner is a senior derivatives counsel and was required to be present to provide an industry overview and technical advice on the ISDA Master Agreement. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| David Carden<br>William Hine<br>Tracy Schaffer<br>Kelly Carrero<br>Robert Gaffey<br>Bridget Crawford<br>Jayant Tambe<br>David Heiman<br>J. Del Medico<br>B. Rosenblum<br>Adam Bloom<br>Stephen Ferry | 4/9/10 | Lehman-Barclays Rule 60 hearing | April 9 was the date of openings in the trial.<br><br>Gaffey, Tambe, Schaffer and Hine, the partners constituting the core trial team that would have responsibility for examining witnesses obviously needed to be there to ensure factual and thematic consistency from the outset of the trial.<br><br>Del Medico had principal responsibility to organize the activities of the support team in the work room, e.g. to access document databases holding hundreds of thousands of pages of documents to respond to issues raised by Barclays on openings, ensure Barclays counsel referred only to documents properly in the record, annotate outlines for references to particular witnesses who it was anticipated would testify at trial, etc.<br><br>Heiman and Rosenblum, both bankruptcy specialists were there to give advice concerning bankruptcy law specific questions (Heiman as the senior bankruptcy lawyer on the case and Rosenblum because he would have a continuing role throughout the trial in that area.)<br><br>Carden was responsible for client communications during trial, to take input from the client as to strategy issues and to respond to client questions and concerns, thus enabling trial counsel to concentrate on offering the case to the Court and responding to Barclays.<br><br>Ferry was responsible for demonstratives and electronic trial; support, a role he played throughout the trial. |
| B. Rosenblum | 4/14/10 | Attend meeting with client | Aviva Sisitsky - lead derivatives counsel, led meeting with |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| A. Warter Sisitsky Lee Russo | | and counterparty counsel to discuss claim reconciliation | opposing counsel on legal issues<br><br>Benjamin Rosenblum - provided bankruptcy advice<br><br>Lee Russo - litigation counsel principally responsible for details on transaction documentation |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| J. Del Medico<br>Robert Gaffey<br>David Carden<br>Kelly Carrero<br>Jayant Tambe<br>B. Rosenblum<br>Tracy Schaffer<br>Stephen Ferry<br>Eric Stephen | 4/26/10 | Lehman-Barclays Rule 60 hearing | Gaffey was lead counsel, and responsible for the direct examinations of McDade and Berkenfeld.<br><br>Schaffer: responsible for Ainslie prep and the development of McDade and Ainslie outlines. She also had the role throughout trial to act as second seat for all Gaffey witnesses, coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Crawford:: the associate principally responsible for the McDade factual case, and necessary for assistance in his direct and re-direct examination.<br><br>Stephens: in attendance to ensure all exhibits were organized and provide exhibits as needed in the courtroom and workrooms.<br><br>Del Medico: was the senior associate in charge of supervising trial support work in the workroom,<br><br>Rosenblum: bankruptcy advice as needed.<br><br>Ferry: Demonstratives and graphics.<br><br>Carrero, responsible for all expert and/or damages related issues for all witnesses.<br><br>Carden: client interface. (See entry for 4/9) |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Michael Daily<br>Robert Gaffey<br>J. Del Medico<br>William Hine<br>Jayant Tambe<br>B. Rosenblum<br>George Spencer<br><br>Paul Green<br>Bridget Crawford<br>Tracy Schaffer<br>Kelly Carrero<br>Stephen Ferry<br>David Carden | 4/27/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel and continued examination of McDade and Berkenfeld.<br><br>Schaffer: Gaffey's second seat for all witness examinations.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case, including mark down issues, about which both McDade and Berkenfeld would testify.<br><br>Hine: One of four principal members of the trial team. In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed. McDade and Berkenfeld were key witnesses and would feature heavily in such submissions.<br><br>Crawford: Associate with principal responsibility for McDade and Berkenfeld facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Green, Spencer: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team<br><br>Carden: Client interface<br><br>Ferry: Demonstratives and electronic trial support. |

- 8 -

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Ming Wei Lo<br>Cindy Chein | 4/27/10 | (TLI) Investigation hearing | This criminal case related to an old transaction of TLI which we did not have much information at that time.  As the hearing transcript is not available for TLI during the criminal investigation hearing and a lawyer needed to reply to the prosecutor's question, in practice, it is necessary to have second lawyer to attend the hearing and keep the record of the hearing for the client. Thus, Cindy Chien attended the hearing to assist Ming-Wei Lo to record arguments from both sides and related information for TLI. |
| Bridget Crawford<br>Paul Green<br>Stephen Ferry<br>Michael Dailey<br>Tracy Schaffer<br>Susan Turk<br>Kelly Carrero<br>Robert Gaffey<br>B. Rosenblum<br>Jayant Tambe<br>George Spencer<br>Eric Stephens<br>J. Del Medico<br>David Carden<br>William Hine | 4/28/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel .  Direct examinations of Miller and Kelly<br><br>Schaffer: Gaffey's second seat for all witness examinations.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Had advice and background necessary to Kelly examination<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Miller and Kelly were key witnesses and would feature heavily in such submissions. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Crawford: Associate with principal responsibility for facts and files on Gaffey-examined witnesses. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Stephens, Spencer, Green & Turk: Responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team<br><br>Carden: Client interface<br><br>Rosenblum: Bankruptcy advice<br><br>Ferry: Demonstratives and electronic trial support. |
| Stephen Ferry<br>Jayant Tambe<br>William Hine<br>J. Del Medico<br>B. Rosenblum<br>Bridget Crawford<br>Paul Green<br>Eric Stephens<br>Tracy Schaffer<br>Michael Dailey<br>Robert Gaffey<br>Kelly Carrero<br>George Spencer<br>David Carden | 4/29/10 | Lehman-Barclays Rule 60 hearing<br><br>Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel .  Direct examinations of Lowitt<br><br>Schaffer: Gaffey's second seat for all witness examinations.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Had advice and background necessary to Lowitt  examination. Conducted direct examination of Clackson<br><br>Carrero: Senior associate with principal responsibilities for |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | valuation case in general and Clackson in particular.  Second seat for all Tambe examinations<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Lowitt and Clackson were key witnesses and would feature heavily in such submissions.<br><br>Crawford: Associate with principal responsibility for facts and files on Gaffey-examined witnesses. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Stephens, Spencer & Green : Responsible for witness examination outlines, evidence review and response to issues that arose on cross of witnesses as well as coordination with office team<br><br>Carden: Client interface<br><br>Rosenblum: Bankruptcy advice<br><br>Ferry: Demonstratives and electronic trial support. |
| Tracy Schaffer<br>William Hine<br>Kelly Carrero<br>Bridget Crawford<br>B. Rosenblum<br>Robert Gaffey<br>John McMahon | 4/30/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel .  Direct examination of Hughes<br><br>Schaffer: Gaffey's second seat for all witness examinations.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Eric Stephens<br>Stephen Ferry<br>Michael Dailey<br>J. Del Medico<br>David Carden | | | Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Conducted continued direct examination of Clackson<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general and Clackson in particular.  Second seat for all Tambe examinations<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Clackson and Hughes were key witnesses and would feature heavily in such submissions.<br><br>Crawford: Associate with principal responsibility for facts and files on Gaffey-examined witnesses. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Stephens & McMahon: responsible for witness examination outlines, evidence review and response to issues that arose on cross of witnesses as well as coordination with office team<br><br>Carden: Client interface<br><br>Rosenblum: Bankruptcy advice |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Ferry: Demonstratives and electronic trial support. |
| Michael Dailey<br>Robert Gaffey<br>David Carden<br>Jayant Tambe<br>William Hine<br>J. Del Medico<br>Paul Green | 5/3/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead trial counsel.  Continued  examination of Hughes; consult with UCOC counsel re examination of Seery<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Seery, the witness in the afternoon, gave testimony directly related to valuation and expert issues, for which Tambe was principally responsible.<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Hughes and Seery were key witnesses and would feature heavily in such submissions.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Green: responsible for witness examination outlines, evidence review and response to issues that arose on cross of witnesses as well as coordination with office team |
| Bridget Crawford<br>Eric Stephens<br>Michael Dailey<br>Robert Gaffey | 5/4/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel .<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Tracy Schaffer<br>William Hine<br>David Carden<br>Paul Green<br>J. Del Medico<br>Susan Turk<br>B. Rosenblum<br>Kelly Carrero<br>Jayant Tambe | | | document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Principal responsibility for issues presented by testimony of James Seery<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general and Seery in particular.<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Seery was a  key witnesses and would feature heavily in such submissions.<br><br>Crawford: Assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Stephens, Turk &  McMahon: responsible for witness examination outlines, evidence review and response to issues that arose on cross of witnesses as well as coordination with office team<br><br>Carden: Client interface<br><br>Rosenblum: Bankruptcy advice |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Ferry: Demonstratives and electronic trial support. |
| Stephen Ferry<br>Michael Dailey<br>Kelly Carrero<br>Tracy Schaffer<br>Robert Gaffey<br>William Hine<br>B. Rosenblum<br>Eric Stephens<br>Jayant Tambe<br>J. Del Medico<br>Bridget Crawford<br>Bridget Crawford | 5/5/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel .<br><br>Schaffer: Gaffey's second seat for all witness examinations.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general  and background on issues relating to Trustee's case, pertinent to Kobak testimony<br><br>Crawford & Stephens: Responsible for witness examination outlines and assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Rosenblum: Bankruptcy advice<br><br>Ferry: Demonstratives and electronic trial support. |
| Robert Gaffey<br>Bridget Crawford | 5/6/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel . |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| William Hine<br>David Carden<br>J. Del Medico<br>Jayant Tambe<br>Eric Stephens<br>Tracy Schaffer<br>Kelly Carrero<br>B. Rosenblum<br>Paul Green<br>Kevin Englert | | | Schaffer: Second seat to Gaffey; responsibility for tracking issues regarding Trustee and dealing with opposing counsel at Barclays on various evidence issues and disputes.<br><br>Del Medico: senior associate in charge of supervising all support  activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Hine: Principal member of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general  and background on issues relating to Trustee's case, pertinent to Kobak testimony<br><br>Crawford, Green & Stephens: Responsible for witness examination outlines and assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits and  preparation for upcoming witnesses.<br><br>Englert: Paralegal with tasks necessary for organizing trial workroom<br><br>Rosenblum: Bankruptcy advice<br><br>Carden: Client interface<br><br>Ferry: Demonstratives and electronic trial support. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Michael Dailey<br>Tracy Schaffer<br>Bridget Crawford<br>William Hine<br>Robert Gaffey<br>B. Rosenblum<br>Stephen Ferry<br>Eric Stephens<br>Kelly Carrero<br>J. Del Medico<br>Paul Green<br>Jayant Tambe<br>Kevin Englert | 5/7/10 | Lehman-Barclays Rule 60 hearing | Gaffey: lead counsel, examination of Ricci .<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Schaffer: Second seat to Gaffey; responsibility for dealing with opposing counsel at Barclays on various evidence issues and disputes.<br><br>Hine: Principal member of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as  trial progressed.  Both Burian and Ricci are key witnesses as to several critical case issues that would require post trial briefing<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support  activity in work room and courtroom<br><br>Carrero: Senior associate with principal responsibilities for valuation case<br><br>Crawford, Green & Stephens: Responsible for witness examination outlines and worked as needed with mid examination questions requiring review of databases and exhibits and  preparation for upcoming witnesses.<br><br>Englert: Paralegal with tasks necessary for organizing trial |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | workroom<br><br>Rosenblum: Bankruptcy advice<br><br>Ferry: Demonstratives and electronic trial support. |
| James Goldfarb<br>E. Greenberg<br>B. Rosenblum<br>Jayant Tambe | 5/12/10 | May 12 Omnibus hearing | This was a hearing to present arguments on the debtors' motion to compel performance from Norton Gold Fields. A wide range of derivatives, bankruptcy and foreign law issues were at stake, as well as the application of English and Australian law.<br><br>Tambe and Goldfarb lead this team and presented arguments.<br><br>Greenberg is the associate assigned to this team and was required to attend to manage documents and exhibits.<br><br>Rosenblum was required to attend to provide bankruptcy law advice. |
| A. Warter Sisitsky<br>Joel Telpner<br>Jayant Tambe<br>Mark Sisitsky | 5/26/10 | Meet with client to discuss derivatives valuation analysis | This was a high level strategy meeting with the most senior members of the debtors' Big Bank Team, and Weil lawyers, to address a range of legal and factual issues relating to the calculation of derivatives close-out amounts, bid-ask spreads and the like.<br><br>Tambe and A. Sisitsky are the lead litigators on this effort.<br><br>Telpner and M. Sisitsky are derivatives transactions experts and were required to attend to address more technical documentation and contract issues. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| William Bryson<br>Cindy Chien | 6/2/10 | (TL III) Meetings with client, JD team and HNB re various issues | Meeting between Hua Nan Commercial Bank ("HNB") and client regarding possible strategies for the resolution of various assets held by TLIII in Taiwan.<br><br>Bryson: senior lawyer in charge of the Lehman matters in Taiwan, negotiated strategies regarding resolution of various assets held by TLIII.<br><br>Chien: most junior member of JD team; took minutes of the proceedings and facilitated communication with HNB attendees, none of whom are native English speakers. |
| Bridget Crawford<br>Michael Dailey<br>Robert Gaffey<br>Tracey Schaffer<br>Eric Stephens | 6/14/10 | Participate in trial regarding submission of deposition testimony in the trial record | Gaffey: lead counsel.<br><br>Schaffer: Second seat to Gaffey; responsibility for dealing with opposing counsel at Barclays on various evidence issues and disputes.<br><br>Dailey: responsible for tracking all materials offered and admitted into the record.<br><br>Crawford: in attendance to ensure all materials were organized and available as needed in the courtroom and workrooms.<br><br>Stephens: the associate principally responsible for organizing all deposition designations. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| James Goldfarb<br>Elizabeth Greenberg<br>Vanessa Spiro<br>Jayant Tambe<br>Heather Thompson | 6/16/10 | (L) Meeting with client L. Brandman, I. Wolk, C. Searl, D. Cash, S. Heaydon, J. Tambe, E. Greenberg to prepare for mediation | This was a meeting to prepare for a mediation of a substantial derivatives dispute.<br><br>Tambe: the lead lawyer on all derivatives matters.  Goldfarb: day-to-day responsibility for this counterparty.<br><br>Spiro and Thompson: corporate lawyers who advised on structuring of a potential settlement.<br><br>Greenberg: junior lawyer responsible for documents. |
| Kelly Carrero<br>Michael Daily<br>John McMahon | 6/16/10 | Richard Landreman deposition | Carrero took the deposition.<br><br>McMahon was  responsible for collecting and organizing documents and subject areas for the witness, a Barclays PCG employee responsible for valuing billions of dollars of collateral transferred from Lehman to Barclays.<br><br>Dailey was responsible for several subject areas pertinent to the witness.  The assistance of both was necessary for this deposition of a key Barclays witness. |
| Kelly Carrero<br>Michael Dailey | 6/17/10 | Washtell deposition | Carrero took the deposition.<br><br>Dailey was  responsible for collecting and organizing documents and subject areas for the witness, a Barclays PCG employee responsible for valuing billions of dollars of collateral transferred from Lehman to Barclays. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| James Goldfarb<br>Elizabeth Greenberg<br>Jayant Tambe | 6/21/10 | (L) Mediation with counterparty | This was an all day mediation of a substantial derivatives dispute.<br><br>Tambe: lead lawyer on derivatives matters and led this mediation.<br>Goldfarb:  attended to address key legal and factual issues.<br><br>Greenberg:  assisted with documents. |
| David Carden<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Jennifer Del Medico<br>Robert Gaffey<br>William Hine<br>Benjamin Rosenblum<br>Tracy Schaffer | 6/21/10 | Day 11 of Evidentiary Hearing | Marsal & Diamond (Part 1)<br><br>Gaffey: lead counsel.  Direct examination of Marsal and Diamond.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Had advice and background necessary to Marsal and Diamond examinations. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | Carrero: Senior associate with principal responsibilities for valuation case in general. |
| | | | Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed. |
| | | | Crawford: Associate with principal responsibility for Diamond and Marsal facts and files.  Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits. |
| | | | Carden: Provided advice and interface with client. |
| | | | Rosenblum: Provided necessary bankruptcy-related advice. |
| | | | Ferry: Demonstratives and electronic trial support. |
| James Goldfarb Elizabeth Greenberg | 6/22/10 | (L) Mediation | Mediation was a culmination of a year-long stand off to resolved a $100mm swap agreement. |
| | | | Goldfarb: support Jay Tambe in preparing for the substantive aspects of the mediation. |
| | | | Greenberg:  provide substantive and administrative support to effectively serve the client. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Kelly Carrero<br>Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>William Hine<br>Tracey Schaffer<br>Benjamin Rosenblum<br>Jayant Tambe | 6/25/10 | Day 13 of evidentiary hearing | Despins<br><br>Gaffey: lead counsel.<br><br>Schaffer: Gaffey's second seat for all witness examinations; responsibility for tracking issues regarding Trustee.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Had advice and background necessary to Despins examination.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general; background on issues relating to Trustee's case, pertinent to Despins testimony<br><br>Hine: One of four principal members of the trial team. In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Kelly Carrero<br>Michael Dailey<br>Jayant Tambe | 6/30/10 | S. Teague deposition | Tambe took the deposition.<br><br>Carrero was responsible for collecting and organizing documents and subject areas for the witness, a Barclays PCG employee responsible for valuing billions of dollars of collateral transferred from Lehman to Barclays.<br><br>Dailey was responsible for several subject areas pertinent to the witness.<br><br>The assistance of both was necessary for this deposition of a key Barclays witness. |
| Richard Engman<br>Scott Griffin | 7/6/10 | Telephonic hearing in connection with Greenbrier emergency motion | R. Engman - Partner responsible for arguing opposition to Greenbrier's emergency motion to continue during telephonic hearing.<br><br>S. Griffin - Senior associate with knowledge of background facts regarding Greenbrier's emergency motion to continue and responsible for assisting R. Engman in preparation for telephonic hearing. |
| Christine Kim<br>Peter Wilkinson | 7/6/10 | (TMF) Attend debriefing with D. Maund regarding between D. Maund and senior lender. | Christine Kim, partner, and Peter Wilkinson, associate, from Jones Day attended a debriefing meeting with D. Maund regarding D. Maund's meeting with the senior lender.<br><br>Kim was the lead attorney responsible for high-level strategy and negotiations.<br><br>Wilkinson was responsible for the drafting of the transaction documents. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | The attendance of both Kim and Wilkinson at the meeting was necessary. |
| James Goldfarb Heather Thompson | 7/12/10 | (L) Attend and participate in negotiations with client, counterparty, UCC and Jones Day team regarding transaction details | Thompson: participated as a transactional attorney in a settlement discussion concerning how, from a transaction perspective, the structured settlement payment would be memorialized in writing.  She brought to bear transactional competency to the table.

Goldfarb: provided the institutional knowledge and litigation aspects of the matter. |
| Corinne Ball Richard Engman Scott Griffin Jordan Schwartz | 7/14/10 | Court hearing in connection with Greebrier and motion to enforce automatic stay | C. Ball -   Lead attorney on Greenbrier.

R.  Engman - Argued stay motion.

S. Griffin - Senior associate with knowledge of background facts and research regarding arguments in support of motion to enforce the automatic stay and counter-arguments to Greenbrier's opposition to the stay motion, and responsible for assisting R. Engman in preparation for hearing on the stay motion.

J.  Schwartz- assisted with research and identifying exhibits for hearing/argument. |
| Jayant Tambe Aviva Warter Sisitsky | 7/15/10 | (K) settlement meeting with counterparty and client | This was a settlement meeting on a large derivatives counterparty.

Tambe:  the lead lawyer on all derivatives matters |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | Sisitsky:  the lawyer with day-to-day responsibility for this counterparty. |
| Jayant Tambe Kelly Carrero Paul Green | 8/18/10 | J. Olvany meeting/expert witness prep | Tambe did the direct examination of Olvany.<br><br>Carrero was Tambe's second seat for direct examination of Olvany with principal responsibilities for valuation case in general.<br><br>Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' corporate bond expert.<br><br>The assistance of both was necessary for the presentation of a key expert. |
| Jayant Tambe Kelly Carrero Paul Green | 8/19/10 | J. Olvany meeting/expert witness prep | Tambe did the direct examination of Olvany.<br><br>Carrero was Tambe's second seat for direct examination of Olvany with principal responsibilities for valuation case in general.<br><br>Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' corporate bond expert.<br><br>The assistance of both was necessary for the presentation of a key expert. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Jennifer Del Medico<br>Stephen Ferry<br>Bart Green<br>William Hine<br>John McMahon<br>Benjamin Rosenblum<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe | 8/23/10 | Shapiro and Ullman examinations | Gaffey: lead counsel. Cross-examination of Shapiro.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Had advice and background necessary to Shapiro examination.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general. Background on issues relating to Trustee's case, pertinent to Ullman testimony<br><br>Hine: One of four principal members of the trial team. In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Crawford: Associate with principal responsibility for Shapiro facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Green, McMahon + Stephens: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Ferry: Demonstratives and electronic trial support. |

- 27 -

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Jennifer Del Medico<br>Stephen Ferry<br>Bart Green<br>William Hine<br>Benjamin Rosenblum<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe<br>Susan Turk | 8/24/10 | Exall and Rosen examinations | Gaffey: lead counsel.<br><br>Hine: Cross-examination of Exall.<br><br>Schaffer: First seat for Rosen.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom.  Associate with principal responsibility for Rosen facts and files.<br><br>Tambe: principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Had advice and background necessary to Exall and Rosen examinations.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general.  Background on issues relating to Trustee's case.<br><br>Green: Associate with principal responsibility for Exall facts and files.  Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Crawford, Stephens + Turk: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Rosenblum: Bankruptcy advice.<br><br>Ferry: Demonstratives and electronic trial support. |

- 28 -

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Jennifer Del Medico<br>Stephen Ferry<br>Bart Green<br>Benjamin Rosenblum<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe<br>Susan Turk | 8/25/10 | King examination | Gaffey: lead counsel.<br><br>Tambe: Cross-examination of King.  Principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Carrero: Tambe's second seat.  Senior associate with principal responsibilities for valuation case in general.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Green: Associate with principal responsibility for King facts and files.  Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Crawford, Stephens + Turk: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Jennifer Del Medico<br>Stephen Ferry<br>Bart Green<br>William Hine<br>John McMahon<br>Benjamin Rosenblum<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe | 8/27/10 | Klein examination | Gaffey: lead counsel. Cross-examination of Klein.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Hine: One of four principal members of the trial team. In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Had advice and background necessary to Klein examination.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|------------------------------------|--------------------------------|
| | | | Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Crawford: Associate with principal responsibility for Klein facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Green, McMahon + Stephens: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Paul Green<br>Jayant Tambe | 8/30/10 | Meeting re prep of experts Garvey and Zmijewski | Tambe did the direct examinations of Garvey and Zmijewski.<br><br>Carrero was Tambe's second seat with principal responsibilities for valuation case in general.<br><br>Green was responsible for collecting and organizing documents and subject areas for the witnesses, two of Movants' experts.<br><br>The assistance of both was necessary for the presentation of two key experts. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Michael Dailey<br>Robert Gaffey<br>Stephen Ferry<br>Benjamin Rosenblum | 8/30/10 | Testimony of Elizabeth James | Gaffey: lead counsel.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>William Hine<br>John McMahon<br>Benjamin Rosenblum<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe | 8/31/10 | Examination of Lewkow, Romain | Gaffey: lead counsel.  Cross-examination of Lewkow.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness.<br><br>Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Had advice and background necessary to Lewkow examination.  On deck for Romain examination.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general.  Tambe's second chair for all witnesses. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Crawford: Associate with principal responsibility for Klein facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>McMahon & Stephens: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Paul Green<br>William Hine<br>Benjamin Rosenblum<br>Jayant Tambe<br>Susan Turk | 9/2/10 | Cross-examination of G. Romain | Gaffey: lead counsel.<br><br>Tambe: Cross-examination of Romain. Principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Carrero: Tambe's second seat. Senior associate with principal responsibilities for valuation case in general.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Del Medico: senior associate in charge of supervising all support in activity in work room and courtroom<br><br>Hine: One of four principal members of the trial team. In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Green: Associate with principal responsibility for Romain facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Crawford, Stephens & Turk: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Paul Green | 9/7/10 | Examination of S. Leventhal | Gaffey: lead counsel. Cross-examination of Leventhal.<br><br>Schaffer: Gaffey's second seat for all witness examinations; coordinating with associates to ensure materials were available as needed both on direct and cross and to consult on strategy issues as to each witness. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| William Hine<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe | | | Hine: One of four principal members of the trial team.  In addition to having witness responsibilities, Hine was responsible for developing post trial submissions as trial progressed.<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Had advice and background necessary to Leventhal examination.<br><br>Carrero: Senior associate with principal responsibilities for valuation case in general.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Crawford: Associate with principal responsibility for Leventhal facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Green & Stephens: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Ferry: Demonstratives and electronic trial support. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Peter Brabant Philip Hoser | 9/8/10 | (LBHI) Meeting with PPB, Minter Ellison, P Hoser and C Catt regarding tax structure of Lehman Australia entities | Hoser: negotiated the terms of a potential proposal with Minter Ellison regarding the operations of Lehman Australia entities.<br><br>Brabant: prepared relevant documentation throughout the course of the meeting for discussion. |
| Jeremy Cole Kelly Marino | 9/9/10 | (Z) Counterparty hearing on motions opposing temporary injunction. | Cole: responsible for strategy and had a more detailed understanding of the history between the client and the counterparty.<br><br>Marino: the more junior lawyer, was responsible for taking detailed notes and prepared a memo summarizing the hearing. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Paul Green<br>John McMahon<br>Tracy Schaffer<br>Eric Stephens<br>Jayant Tambe | 9/10/10 | Daubert argument | This was a hearing to present arguments on the motions in limine to exclude the experts.<br><br>Gaffey: lead counsel.<br><br>Tambe: presented arguments.  Principal member of the trial team, with witness responsibilities and main responsibility for valuation case.<br><br>Carrero: Tambe's second seat.  Senior associate with principal responsibilities for valuation case in general, including expert issues.<br><br>Schaffer: Principal member of the trial team; responsibility for dealing with opposing counsel at Barclays on various evidence issues and disputes.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Green:  Associate with principal responsibility for facts and files on experts.<br><br>Crawford, McMahon + Stephens: responsible for evidence review and response to issues that arose at hearing.<br><br>Ferry: Demonstratives and electronic trial support. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Kelly Carrero<br>Paul Green<br>Jayant Tambe | 9/13/10 | Meeting with J. Olvany | Tambe did the direct examination of Olvany.<br><br>Carrero was Tambe's second seat.  Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' corporate bond expert.<br><br>The assistance of both was necessary for the presentation of a key expert. |
| Paul Green<br>Jayant Tambe | 9/13/10 | Meeting with J. Schwaba | Tambe did the direct examination of Schwaba.<br><br>Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' municipal bond expert. |
| Paul Green<br>Jayant Tambe | 9/17/10 | Meeting with M. Zmijewski | Tambe did the direct examination of Zmijewski.<br><br>Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' lead expert. |
| Kelly Carrero<br>Paul Green | 9/17/10 | Meeting with J. Garvey | Carrero did the direct examination of Garvey.  G<br><br>reen was  responsible for collecting and organizing documents and subject areas for the witness, Movants' accounting expert. |
| Robert Gaffey<br>Paul Green | 9/18/10 | Meeting with J. Schneider | Gaffey did the direct examination of Schneider.<br><br>Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' repo custodial lending expert. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Paul Green<br>Jayant Tambe | 9/18/10 | Meeting with M. Zmijewski | Tambe did the direct examination of Zmijewski.  Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' lead expert. |
| Kelly Carrero<br>Paul Green | 9/18/10 | Meeting with J. Garvey | Carrero was Tambe's second seat for the direct examination of Garvey.<br><br>Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' accounting expert. |
| Paul Green<br>Jayant Tambe | 9/19/10 | Meeting with M. Zmijewski | Tambe did the direct examination of Zmijewski.<br><br>Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' lead expert. |
| Paul Green<br>Jayant Tambe | 9/19/10 | Meeting with J. Garvey | Tambe did the direct examination of Garvey.<br><br>Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' accounting expert. |
| Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Kevin Englert<br>Stephen Ferry<br>Robert Gaffey<br>Paul Green<br>Tracy Schaffer | 9/20/10 | M. Zmijewski and J. Garvey examinations | Gaffey: lead counsel.<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case.  Direct examination of Zmijewski and Garvey.<br><br>Carrero: Tambe's second seat for direct examinations of Zmijewski and Garvey.  Senior associate with principal |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Eric Stephens<br>Jayant Tambe | | | responsibilities for valuation case in general.<br><br>Green: Associate with principal responsibility for Zmijewski and Garvey facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Crawford:  associate in charge of supervising all support activity in work room and courtroom<br><br>Stephens: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Englert: Paralegal with tasks necessary for organizing trial workroom.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Paul Green<br>John McMahon<br>Eric Stephens | 9/21/10 | M. Zmijewski, J. Garvey, and J. Schneider examinations | Gaffey: lead counsel.  Direct examination of Schneider.<br><br>Green: second seat to Gaffey for direct examination of Schneider.  Also assisted as needed with exhibits and mid examination questions for Zmijewski and Garvey requiring review of databases and exhibits.<br><br>Tambe: Principal member of the trial team, with witness |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Jayant Tambe | | | responsibilities and main responsibility for valuation case. Direct examination of Zmijewski and Garvey.<br><br>Carrero: Tambe's second seat for direct examinations of Zmijewski and Garvey.  Senior associate with principal responsibilities for valuation case in general.<br><br>Dailey: responsible for tracking  all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Crawford:  associate in charge of supervising all support activity in work room and courtroom<br><br>Stephens + McMahon: responsible for evidence review and response to issues that arose on cross of witnesses as well as coordination with office team.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Paul Green | 9/24/10 | Meeting with expert, M. Slattery | Carrero was Tambe's second seat for the direct examination of Slattery with principal responsibilities for valuation case in general.  Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' treasuries, agencies, mortgage, and structured product expert. |
| Paul Green<br>Jayant Tambe | 9/24/10 | Meeting with J. Schwaba | Tambe did the direct examination of Schwaba.  Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' municipal bond expert. |
| Robert Gaffey | 9/26/10 | Meeting with J. Schwaba | Gaffey is lead counsel.  Green was responsible for collecting |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Paul Green | | | and organizing documents and subject areas for the witness, Movants' municipal bond expert. |
| Kelly Carrero<br>Paul Green | 9/26/10 | Meeting with expert, M. Slattery | Carrero was Tambe's second seat for the direct examination of Slattery with principal responsibilities for valuation case in general.  Green was  responsible for collecting and organizing documents and subject areas for the witness, Movants' treasuries, agencies, mortgage, and structured product expert. |
| Robert Gaffey<br>Paul Green | 9/27/10 | Meeting with J. Schwaba | Gaffey is lead counsel.  Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' municipal bond expert. |
| Paul Green<br>Jayant Tambe | 9/27/10 | Meeting with expert, M. Slattery | Tambe did the direct examination of Slattery.  Green was responsible for collecting and organizing documents and subject areas for the witness, Movants' treasuries, agencies, mortgage, and structured product expert. |
| Stephen Ferry<br>Robert Gaffey | 9/28/10 | Fogarty Testimony | Gaffey:  lead counsel.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Michael Dailey<br>Robert Gaffey<br>Paul Green<br>Benjamin Rosenblum | 9/29/10 | Coles and Schwaba examinations | Gaffey:  lead counsel.<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Direct examination of Schwaba.<br><br>Carrero:  Tambe's second seat for direct examination of Slattery.  Senior associate with principal responsibilities for valuation case in general. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Green: Associate with principal responsibility for Schwaba facts and files. Also assisted as needed with exhibits and mid examination questions requiring review of databases and exhibits.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Rosenblum: Provided necessary bankruptcy-related advice.<br><br>Ferry: Demonstratives and electronic trial support. |
| Kelly Carrero<br>Michael Dailey<br>Robert Gaffey | 9/30/10 | Slattery expert witness testimony | Gaffey: lead counsel<br><br>Tambe: Principal member of the trial team, with witness responsibilities and main responsibility for valuation case. Direct examination of Slattery.<br><br>Carrero: Tambe's second seat for direct examination of Slattery. Senior associate with principal responsibilities for valuation case in general.<br><br>Dailey: responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for document history, foundation, etc.<br><br>Ferry: Demonstratives and electronic trial support. |
| Robert Gaffey | 10/4/10 | J. Olvany examination | Olvany was one of Barclays' expert witnesses. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Kelly Carrero<br>Michael Dailey<br>Stephen Ferry<br>Benjamin Rosenblum<br>Eric Stephens<br>Jayant Tambe | | | Tambe and Carrero have been in charge of the expert valuation case, both in developing LBHI's expert case and refuting Barclays' expert case.<br><br>Tambe:  cross-examined Olvany and therefore his presence in the courtroom was necessary to do so.<br><br>Carrero:  along with Tambe, Carrero was responsible for the expert valuation case, both in developing LBHI's expert case and refuting Barclays' expert case.  Carrero was Tambe's second seat for all expert examinations.  Carrero provided assistance to Tambe during every expert witness examination.<br><br>Gaffey:  lead counsel.<br><br>Dailey:  responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support (throughout trial)<br><br>Rosenblum:  provided bankruptcy advice, as needed.<br><br>Stephens: as the associate in attendance, provided exhibits and other assistance, as needed, in the courtroom and workrooms. |
| Robert Gaffey<br>Michael Dailey<br>Stephen Ferry | 10/5/10 | A. Leitner direct examination | Gaffey:  lead counsel.<br><br>Dailey:  responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support (throughout trial) |
| Robert Gaffey<br>Kelly Carrero<br>Bridget Crawford<br>Michael Dailey<br>Stephen Ferry<br>Bart Green<br>John McMahon<br>Benjamin Rosenblum<br>Eric Stephens<br>Jayant Tambe | 10/6/10 | Professor Pfleiderer examination | Professor Pfleiderer was Barclays' lead expert witness.<br><br>Tambe:  cross-examined Professor Pfleiderer and therefore his presence in the courtroom was necessary to do so.<br><br>Carrero:  along with Tambe, responsible for the expert valuation case, both in developing LBHI's expert case and refuting Barclays' expert case.  Carrero was Tambe's second seat for all expert examinations.  Carrero provided assistance to Tambe during every expert witness examination.<br><br>Gaffey:  lead counsel.<br><br>Crawford, Green, Stephens:  associates in attendance who provided exhibits and other assistance, as needed, in the courtroom and workrooms during the examination of Barclays' lead expert.<br><br>Dailey:  responsible for tracking all exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support (throughout trial).<br><br>Rosenblum:  provided bankruptcy advice, as needed. |
| Kelly Carrero | 10/7/10 | Professor Pfleiderer cross | Professor Pfleiderer was Barclays' lead expert witness. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Bridget Crawford<br>Stephen Ferry<br>Robert Gaffey<br>Bart Green<br>Benjamin Rosenblum<br>Eric Stephens<br>Jayant Tambe | | examination | Tambe: cross-examined Professor Pfleiderer and therefore his presence in the courtroom was necessary to do so.<br><br>Carrero:  along with Tambe, responsible for the expert valuation case, both in developing LBHI's expert case and refuting Barclays' expert case.  Carrero was Tambe's second seat for all expert examinations.  Carrero provided assistance to Tambe during every expert witness examination.<br><br>Gaffey:  lead counsel.<br><br>Crawford, Green, Stephens:  associates in attendance who provided exhibits and other assistance, as needed, in the courtroom and workrooms during the examination of Barclays' lead expert.<br><br>Stephens:  served in Dailey's absence and also was responsible for tracking exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support (throughout trial).<br><br>Rosenblum:  provided bankruptcy advice, as needed. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Benjamin Rosenblum<br>Tracey Schaffer<br>Eric Stephens | 10/8/10 | Admission of PwC documents | Gaffey:  lead counsel.<br><br>Schaffer:  responsible for letter brief re: admission of PwC exhibits.<br><br>Stephens:  provided assistance with argument on PwC exhibits.<br><br>Dailey:  responsible for tracking exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support (throughout trial).<br><br>Rosenblum:  provided bankruptcy advice, as needed. |
| Erin Shencopp<br>Jayant Tambe | 10/8/10 | Outside meeting at Lehman | This was a high level client meeting to prepare for derivatives close-out discussions with Barclays.<br><br>Tambe:  lead counsel on derivatives counseling and litigation matters.<br><br>Shencopp:  senior associate with responsibility for the Barclays derivatives transactions.  Shencopp was responsible for preparing and revising the Close-out Meeting presentation and the confidentiality agreement, both of which were discussed at length at this client meeting. |
| Michael Dailey<br>Stephen Ferry<br>Robert Gaffey<br>Tracey Schaffer | 10/18/10 | Closing argument | Gaffey:  <u>did not attend</u>.<br><br>Schaffer:  argued against admission of various Barclays' exhibits. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Jayant Tambe | | | Tambe:  principal member of the trial team, provided assistance to Schaffer concerning argument on admission of various Barclays' exhibits.<br><br>Dailey:  responsible for tracking exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc.<br><br>Ferry:  provided demonstratives and electronic trial support for argument. |
| Michael Dailey<br>Toni-Ann Citera<br>Jayant Tambe | 10/19/10 | Outside meeting at Lehman | This was a high level client meeting to prepare for derivatives close-out discussions with counterparty.<br><br>Tambe:  lead counsel on derivatives counseling and litigation matters.<br><br>Citera:  partner responsible for the Barclays derivatives transactions.  Citera was responsible for preparing and revising the Close-out Meeting presentation and the confidentiality agreement, both of which were discussed at length at this client meeting.<br><br>Dailey:  junior associate responsible for managing electronic documents, PowerPoint presentations and legal research on derivatives close-out issues. |
| Toni-Ann Citera<br>Nathan Lebioda<br>Aviva Warter-Sisitsky<br>Jayant Tambe | 10/20/10 | Hearing – 9019 Motion | This was a court hearing for approval of the Ambac settlement, which resulted in the withdrawal of over $6 billion of claims against the Debtors. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Tambe:  lead partner on derivatives counseling and litigation.  Available to answer questions and provide derivatives input to any questions from the court.

Sisitsky:  lead partner on Ambac settlement.  Presented the settlement and the basis for approval of the settlement.

Citera:  Partner with significant involvement in negotiating and documenting the settlement.

Lebioda:  bankruptcy associate who was available to provide input and information on bankruptcy procedure and issues that might arise during the hearing. |
| Michael Dailey Toni-Ann Citera Jayant Tambe | 10/20/10 | Meeting with counterparty | Tambe:  lead partner who led the meeting on behalf of client with counterparty.

Citera:  partner responsible for preparing slide deck used in meeting, for discussions with counterparty leading up to the meeting and for leading discussions at meeting regarding the confidentiality agreement.

Dailey:  associate responsible for collecting facts and documents about the transactions between Lehman and the counterparty. |
| Kelly Carrero Michael Dailey Stephen Ferry Robert Gaffey Bart Green John McMahon Benjamin Rosenblum | 10/21/10 | Closing argument | Gaffey: lead counsel.

Schaffer:  second seat to Gaffey, provided assistance with closing argument.

Tambe:  principal member of the trial team, with witness responsibilities and main responsibility for valuation case. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| Tracey Schaffer<br>Eric Stephens<br>Susan Turk | | | Had advice and background necessary for potential rebuttal to Barclays' closing' argument.<br><br>Dailey:  responsible for tracking exhibits offered and admitted in evidence and cross checking Barclays exhibits for objections, document history, foundation, etc., including exhibits used during Barclays' closing argument.<br><br>Ferry:  provided demonstratives and electronic trial support for closing argument.<br><br>Rosenblum:  provided bankruptcy advice, as needed.<br><br>Green, McMahon, Stephens, Turk:  associates in attendance to provide assistance, as needed, in the courtroom and workrooms during closing argument. |
| Aviva Warter-Sisitsky<br>Jayant Tambe | 10/22/10 | Meeting at Lehman | This was a high level strategy meeting with the client to discuss a number of issues relating to the close-out of derivatives positions by the largest bank counterparties.<br><br>Tambe:  lead partner on derivatives counseling and litigation.<br><br>Sisitsky:  partner with day-to-day management and oversight of significant derivatives matters. |
| Christine Kim<br>Ji Ung Kim | 10/26/10 | Meeting at A&M | Christine Kim, partner, and Ji Ung Kim, law clerk, from Jones Day attended meetings with A&M personnel, Momo-o (local counsel) and Nomura (financial advisor to LBC) regarding the practical and documentation issues surrounding the sale of LBC's portfolio of NPLs in Japan.<br><br>Christine Kim:  lead partner responsible for high-level strategy |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|------------------------------------|---------------------------------|
| | | | and negotiations.<br><br>Ji Ung Kim: law clerk responsible for the due diligence and drafting of the transaction documents. The attendance of both Christine Kim and Ji Ung Kim at all meetings was necessary. |
| Lee Pollack<br>Aviva Warter-Sisitsky<br>Jayant Tambe | 10/27/10 | Meeting at Lehman | This was a meeting with advisors to the Creditors' Committee to inform the Creditors' Committee of settlement negotiations with a counterparty.<br><br>Tambe: lead partner of all derivatives counseling and litigation matters. Led the discussion and presentation to the Creditors' Committee.<br><br>Sisitsky: Co-lead partner on this counterparty matter. Addressed settlement negotiations and answered questions re: dealings with counterparty's counsel.<br><br>Pollack: mid-level associate assigned to the counterparty team who was present to address discovery and document issues. |
| Carl Black<br>Jayant Tambe<br>Joel Telpner<br>Stella Tipi<br>Aviva Warter Sisitsky | 12/3/10 | (RFC) Meeting with creditors' committee | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.<br><br>Black is the bankruptcy expert and analyzed the bankruptcy arguments for recapturing a $1 billion payment from RFC.<br><br>Warter Sisitsky is responsible for developing the overall legal arguments to be applied to recover a $1 billion payment from RFC.<br><br>Tambe is in charge of the entire derivatives strategy. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Tipi is the associate involved in the day-to-day dealings of the matter, making her presence necessay.<br><br>Each participant provided significant responsibilities and expertise critical to the RFC dispute. |
| Joel Telpner<br>Stella Tipi | 12/8/10 | (RFC) 30(b)(6) deposition | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.  His expert presence was necessary to provide technical background information for the deposition.<br><br>Tipi was required to attend because she was conducting the deposition of the RFC representative.<br><br>Both participants provided significant responsibilities and expertise critical to the RFC dispute. |
| Jayant Tambe<br>Aviva Warter Sisitsky | 12/20/10 | (Nomura) Settlement meeting | Tambe is the lead derivatives lawyer and attended to address broader strategic issues.<br><br>Warter Sisitsky is the lead partner for this matter and attended to address the claims at issue. |
| Sarah Lieber<br>Lee Pollack<br>Benjamin Rosenblum<br>Jayant Tambe<br>Aviva Warter Sisitsky | 1/4/11 | (Nomura) Telephonic hearing with court regarding discovery dispute | Tambe is the lead derivatives lawyer and addressed the Court with respect to the discovery dispute at issue.<br><br>Warter Sisitsky is the lead partner for this matter and attended to address the claims at issue.<br><br>Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the dispute. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | Lieber and Pollack are the associates involved in the day-to-day dealings of the matter and responsible for coordinating and conducting the discovery at issue, thereby making their presence necessary. |
| Philip Hoser<br>Peter Brabant | 1/10/11 | Meeting regarding Dante settlement and Councils' claims | Hoser is the lead litigation lawyer and attended the meeting to address strategic issues regarding the impact of any Dante settlement on exposures of client in Australia.<br><br>Brabant is the lawyer managing the mis-selling proceedings by councils against Lehman Australia and was required to attend the meeting to discuss the latest developments regarding these proceedings, including a subpoena for production of various documents which impacted the client's interests. |
| Benjamin Rosenblum<br>Joel Telpner<br>Aviva Warter Sisitsky | 1/11/11 | (Asurion) Initial settlement conference | Warter Sisitsky is the lead partner for this matter and lead the initial settlement conference.<br><br>Telpner is the expert on derivatives and structured finance transactions and provided the analysis of the transaction.<br><br>Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the transaction. |
| Joel Telpner<br>Michael Thayer<br>Stela Tipi<br>Aviva Warter Sisitsky | 2/14/11 | (RFC) Interview of former Lehman employee | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction. His expert presence was necessary to provide technical background information for the interview and provide substantive questions regarding the structure of the transaction.<br><br>Thayer was required to attend in order to memorialize the |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | interview and provide general and substantive support.<br><br>Tipi was required to attend because she was conducting the interview of the former Lehman employee.<br><br>Warter Sisitsky is the lead partner for this matter and attended to guide questions relating to the claims in this dispute.<br><br>Each participant provided significant responsibilities and expertise critical to the RFC dispute. |
| Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/30/11 | (Prudential) Meeting with client in preparation for mediation session | This was an all hands preparation session for a major mediation.<br><br>Tambe is the lead derivatives partner and led the mediation session.<br><br>Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy.<br><br>Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation.<br><br>All three were critical in developing the client's mediation strategy. |
| Ron Gross<br>Sarah Lieber<br>Sevan Ogulluk<br>Jayant Tambe | 3/31/11 | (Prudential) Mediation session | This was an all day mediation that resulted in a significant recovery for the Debtors' estates.<br><br>Gross was the Uniform Commercial Code expert necessary to opine on and argue security interest issues. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Tambe is the lead derivatives partner and led the mediation.

Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy.

Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation.

All four were critical in implementing the client's mediation strategy. |
| Sarah Lieber
Sevan Ogulluk
Jayant Tambe | 3/30/11 | (Prudential) Meeting with client in preparation for mediation session | This was an all hands preparation session for a major mediation.

Tambe is the lead derivatives partner and led the mediation session.

Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy.

Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation.

All three were critical in developing the client's mediation strategy. |
| Ron Gross
Sarah Lieber | 3/31/11 | (Prudential) Mediation session | This was an all day mediation that resulted in a significant recovery for the Debtors' estates. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Sevan Ogulluk<br>Jayant Tambe | | | Gross was the Uniform Commercial Code expert necessary to opine on and argue security interest issues.<br><br>Tambe is the lead derivatives partner and led the mediation. Ogullk was the partner in charge of this counterparty and responsible for the day to day management of the case and strategy.<br><br>Lieber was the senior associate responsible for the preparation of all presentations, materials and briefs necessary for the mediation.<br><br>All four were critical in implementing the client's mediation strategy. |
| Cindy Chien<br>Ming-Wei Lo | 4/01/11 | (TLIII) Attend mediation hearing | Ming-Wei Lo was responsible for leading the mediation.<br><br>Cindy Chien was the junior attorney responsible for preparation of all presentations, materials and documents necessary for the mediation.<br><br>Both attorneys were necessary for implementing the client's mediation strategy. |
| Todd Geremia<br>Paul Green<br>Michael Silberfarb<br>Jayant Tambe<br>Joel Telpner<br>Michael Thayer | 4/7/11 | (Intel) Client meeting regarding mediation | Geremia drafted the mediation brief and was present to answer any questions regarding the brief.<br><br>Green was responsible for providing the client with an understanding of the ultimate disposition of the securities underlying the counterparty dispute.<br><br>Silberfarb was responsible for informing the client about the |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|-------------------------------|
| | | | status of the dispute as well as the status of mediation preparation. |
| | | | Tambe is the lead derivatives partner and led the mediation preparation session. |
| | | | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction and answered specific questions concerning the swap underlying the counterparty dispute. |
| | | | Thayer was the junior associate required to attend in order to memorialize the meeting and provide general and substantive support. |
| | | | Warter Sistsky is the junior partner on this matter and attended to guide questions relating to the claims in this dispute. |
| | | | Each participant provided significant contributions and expertise critical to the counterparty dispute. |
| Robert Gaffey Tracy Schaffer | 4/11/11 | Chambers conference with Judge Peck regarding 60(b) orders | Gaffey was the lead partner and addressed the Court at the chambers conference on behalf of LBHI concerning (i) a stipulation to dismiss various claims in the adversary compliant and (ii) entry of the Court's decision and order. |
| | | | Schaffer was the junior partner responsible for assisting Gaffey at the conference with respect various issues related to the stipulation and entry of the Court's decision and order. |
| Jayant Tambe Toni Ann Citera | 4/27/11 | (BMO) Client meeting | Citera was the junior partner and attended to provide litigation advice regarding valuation of underlying swap. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Tambe is the lead derivatives partner and led the client meeting |
| Matthew Chow<br>Todd Geremia<br>Bart Green<br>Mahesh Parlikad<br>Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Aviva Warter Sisitsky | 5/3/11 | (Asurion) Mediation preparation session with client | Tambe is in charge of the entire derivatives strategy and advised and responded to specific client questions.<br>Warter Sisitsky was the lead lawyer of the mediation.<br><br>Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.<br><br>Rosenblum provided bankruptcy advice to the client.<br><br>Geremia was the drafter of the mediation brief and provided advice concerning the mediation brief.<br><br>Chow was the junior associate responsible for incorporating revisions to the slide deck as provided by the client.<br><br>Parlikad was the junior associate who drafted a portion of the mediation brief and was responsible for providing further detail regarding the governing facts and case law in this dispute.<br><br>Green was the junior associate who provided additional edits to the presentation materials. |
| Michael Silberfarb<br>Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Michael Thayer | 5/3/11 | (Intel) Mediation preparation meeting with client | Tambe and Warter Sisitsky were co-leaders of the mediation preparation session.<br><br>Rosenblum provided bankruptcy advice to the client. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Aviva Warter Sisitsky | | | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.<br><br>Silberfarb is the mid-level associate who provided revisions to the mediation slides.<br><br>Thayer is the junior associate who addressed any issues arising from the documents which would be used in mediation. |
| Todd Geremia<br>Bart Green<br>Jayant Tambe<br>Joel Telpner<br>Michael Thayer<br>Aviva Warter Sisitsky | 5/4/11 | (Intel) Mediation session | Tambe and Warter Sisitsky were co-leaders of the mediation session.<br><br>Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided answers to technical questions regarding the swap.<br><br>Geremia was the drafter of the mediation brief and provided advice concerning the mediation brief.<br><br>Green and Thayer are junior associates responsible for presentation materials and documents. |
| Todd Geremia<br>Mahesh Parlikad<br>Aviva Warter Sisitsky | 5/6/11 | (Asurion) Mediation session | Warter Sisitsky was the lead lawyer of the mediation.<br><br>Geremia answered questions relating to the mediation brief and related case law.<br><br>Parlikad was the junior associate who prepared the presentation materials and documents and provided comments on the relevant case law. |
| Robert Gaffey<br>William Hine | 5/9/11 | Hearing before Judge Peck regarding post-decision | Gaffey was the lead lawyer who was responsible for presenting the issues to the Court. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | orders and proposed summary judgment motion | Hine was to be the principal draftsman of the summary judgment motion and was needed to provide additional detail regarding this motion, if requested, by the Court. |
| Joel Telpner<br>Stela Tipi<br>Aviva Warter Sisitsky | 5/9/11 | (RFC) Settlement meeting with client and counterparty affiliate | Warter Sisitsky was the lead partner at the settlement meeting. Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and answered questions concerning the transactional documents and provided support with respect to technical derivatives issues.<br><br>Tipi was the mid-level associate responsible for providing comments concerning the relevant case law and documents. |
| Toni Citera<br>Aviva Warter Sisitsky | 5/11/11 | (Credit Suisse) Meeting with client and counterparty | Citera was the partner responsible for providing litigation advice.<br><br>Warter Sisitsky was the partner responsible for providing derivatives advice. |
| Benjamin Rosenblum<br>Jayant Tambe<br>Joel Telpner<br>Stela Tipi<br>Aviva Warter Sisitsky | 5/18/11 | (RFC) Settlement meeting with client and counterparty | Tambe is in charge of the entire derivatives strategy and co-led the settlement meeting with opposing counsel.<br><br>Warter Sisitsky co-led the settlement meeting with opposing counsel.<br><br>Rosenblum provided bankruptcy advice to the client.<br><br>Tipi was the mid-level associate responsible for providing comments and support with respect to the relevant case law and documents. |
| Alex McBride<br>Lauri Sawyer<br>Jayant Tambe | 5/20/11 | (Rosslyn) Mediation preparation meeting with client | Tambe is in charge of the entire derivatives strategy and was the partner that co-led the mediation. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Sawyer is the counsel that co-led the mediation. |
| | | | McBride was the junior associate who prepared the presentation materials and documents. |
| Alex McBride Lauri Sawyer Jayant Tambe | 5/24/11 | (Rosslyn) Mediation session | Tambe is in charge of the entire derivatives strategy and was the partner that co-led the mediation. |
| | | | Sawyer is the counsel that co-led the mediation. |
| | | | McBride was the junior associate who prepared the presentation materials and documents. |
| Alex McBride Lauri Sawyer Jayant Tambe | 7/14/11 | (Rosslyn) Mediation session | Tambe is in charge of the entire derivatives strategy and led the mediation session. He presented the client's position to the mediator and strategized with the client on the proceedings. |
| | | | Sawyer lead the drafting and preparation of the mediation statements and exhibits, calculated high-end settlement numbers and other high-level summaries for use at the mediation session. |
| | | | McBride was the junior associate who managed all mediation materials, obtained key documents and information as needed through the mediation, took extensive notes on the mediation proceedings and conferred with the internal team and client on strategy. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Benjamin Rosenblum Joel Telpner Stela Tipi Jayant Tambe Aviva Warter Sisitsky | 8/11/11 | (RFC) Settlement negotiations | Tambe is in charge of the entire derivatives strategy and led the settlement negotiations. He presented the client's position and strategized with the client on the proceedings.<br><br>Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.  His expert presence was necessary to provide technical background information for the interview and provide substantive questions regarding the structure of the transaction.<br><br>Warter Sisitsky is the lead partner for this matter and attended to guide questions relating to the claims in this dispute.<br><br>Tipi lead the drafting and preparation of relevant mediation statements and exhibits and conferred with the internal team and client on strategy.<br><br>Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the dispute.<br><br>Each participant provided significant responsibilities and expertise critical to the RFC dispute. |
| Robert Gaffey William Hine Eric Stephens | 9/7/11 | Summary judgment argument | Gaffey was the lead lawyer who was responsible for presenting the issues to the Court.<br><br>Hine was the principal draftsman of the summary judgment motion and was needed to provide additional detail regarding this motion, if requested, by the Court. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | Stephens was the principle gatekeeper of relevant documents and case law and was needed to provide assistance with such information to support the oral argument. |
| Ming Wei Lo Jung Li Huang | 9/20/11 | Hearing at Taipei District Court | Wei Lo responded to the adversary's argument and to the judge's inquiries.<br><br>Li Huang was responsible for confirming the accuracy of the trial record during the oral argument. |
| Lee Pollack Jayant Tambe Aviva Warter Sisitsky | 9/21/11 | (Nomura) Meeting with client and Official Unsecured Creditors Committee regarding case strategy | Tambe is the lead derivatives lawyer and provided insight on strategic issues.<br><br>Warter Sisitsky is the lead partner for this matter and attended to provide additional factual knowledge to support case strategy decisions.<br><br>Pollack is the senior associate involved in the day-to-day dealings of the matter and are responsible for coordinating and conducting the discovery at issue, thereby making his presence necessary.. |
| Laura Sawyer Mark Sisitsky Jayant Tambe | 12/14/11 | Meeting at Lehman Brothers with T. Hommell, D. Downie, S. Payne, S. Arefiev regarding expert issues | Sisisky is one of the lead lawyers who was responsible for discussing global strategy issues for Lehman Tobacco cases and coordinating with the expert consultant.<br><br>Sawyer is the attorney involved in the day-to-day dealings of the matter and is  responsible for analyzing potential claim objections, coordinating and conducting the discovery at issue and related expert issues, thereby making her presence necessary. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|------|------|-----------------------------------|--------------------------------|
| | | | Tambe is in charge of the entire derivatives strategy and led the meeting regarding coordinating common issues in the tobacco cases and introduced the new expert consultant to the Lehman team. |
| Sarah Lieber Lee Pollack Benjamin Rosenblum Jayant Tambe Aviva Warter Sisitsky | 1/4/11 | Telephonic hearing with court regarding discovery dispute | Tambe is the lead derivatives lawyer and addressed the Court with respect to the discovery dispute at issue.<br><br>Warter Sisitsky is the lead partner for this matter and attended to address the claims at issue.<br><br>Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the dispute.<br><br>Lieber and Pollack are the associates involved in the day-to-day dealings of the matter and responsible for coordinating and conducting the discovery at issue, thereby making their presence necessary. |
| Philip Hoser Peter Brabant | 1/10/11 | Meeting regarding Dante settlement and Councils' claims | Hoser is the lead litigation lawyer and attended the meeting to address strategic issues regarding the impact of any Dante settlement on exposures of client in Australia.<br><br>Brabant is the lawyer managing the mis-selling proceedings by councils against Lehman Australia and was required to attend the meeting to discuss the latest developments regarding these proceedings, including a subpoena for production of various documents which impacted the client's interests. |
| Benjamin Rosenblum Joel Telpner Aviva Warter Sisitsky | 1/11/11 | Initial settlement conference | Warter Sisitsky is the lead partner for this matter and lead the initial settlement conference.<br><br>Telpner is the expert on derivatives and structured finance |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| | | | transactions and provided the analysis of the transaction.<br><br>Rosenblum is a bankruptcy expert and provided support for bankruptcy law arguments made in connection with the transaction. |
| Michael Thayer<br>Stela Tipi<br>Joel Telper | 1/13/11 | Former Lehman employee interview | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction.  His expert presence was necessary to provide technical background information for the interview and contribute substantive questions.<br><br>Tipi was required to attend because she was conducting the interview of the former Lehman employee.<br><br>Thayer was required to attend in order to memorialize the interview and provide general and substantive support.<br><br>Each participant provided significant responsibilities and expertise critical to the dispute. |

| Name | Date | Hearing/Outside Meeting/Deposition | Reason for Multiple Timekeepers |
|---|---|---|---|
| Miriam Reznik<br>Stela Tipi<br>Joel Telpner | 1/18/11 | Former Lehman employee interview | Telpner is the expert on structured finance transactions and asset backed commercial paper conduits and provided the analysis of the transaction. His expert presence was necessary to provide technical background information for the interview and contribute substantive questions.<br><br>Tipi was required to attend because she was conducting the interview of the former Lehman employee.<br><br>Reznik was required to attend in order to memorialize the interview and provide general and substantive support.<br><br>Each participant provided significant responsibilities and expertise critical to the dispute. |

# EXHIBIT F1

## SERVED ON NOTICE PARTIES

# EXHIBIT F2

## SERVED ON NOTICE PARTIES

# EXHIBIT G

## SERVED ON NOTICE PARTIES

# EXHIBIT H

**EXHIBIT "H"**

JONES DAY
Robert W. Gaffey
Brad B. Erens *(pro hac vice pending)*
Benjamin Rosenblum
222 East 41st Street
New York, New York 10017
Telephone: (212) 326-3939
Facsimile: (212) 755-7306

Special Counsel for the Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

------------------------------------------------------------------x

**<u>CERTIFICATION OF ROBERT W. GAFFEY</u>**

I, Robert W. Gaffey, certify as follows:

1.    I am a partner in the law firm of Jones Day.  I submit this certification with respect to the application (the "<u>Application</u>")[1] of Jones Day, special counsel for the debtors in possession in the above-captioned cases (the "<u>Debtors</u>"), for allowance of compensation for professional services rendered, and reimbursement of actual and necessary expenses incurred, for the period from the Engagement Dates through March 6, 2012.

2.    I make this certification in accordance with General Order M-389, the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases, adopted by the United States Bankruptcy Court for the Southern District of New York on November 25, 2009 (the "<u>Local Guidelines</u>").

---

[1]    Unless otherwise defined herein, all capitalized terms used herein shall have the meanings set forth in the Application.

3.      In connection therewith, I hereby certify that

(a)      I have read the Application;

(b)      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Local Guidelines and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") except as specifically noted therein;

(c)      except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines, the fees and disbursements sought are billed at rates customarily employed by Jones Day and generally accepted by Jones Day's clients; and

(d)      in providing a reimbursable service, Jones Day does not make a profit on that service, whether the service is performed by Jones Day in house or through a third party.

Dated:  July 5, 2012                          Respectfully submitted,
        New York, New York
                                              /s/ Robert W. Gaffey_____
                                              Robert W. Gaffey
                                              Brad B. Erens (*pro hac vice pending*)
                                              Benjamin Rosenblum
                                              JONES DAY
                                              222 East 41st Street
                                              New York, New York 10017
                                              Telephone: (212) 326-3939
                                              Facsimile: (212) 755-7306

                                              SPECIAL COUNSEL FOR THE DEBTORS IN
                                              POSSESSION

NYI-4460242v1