**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x
                              :

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

-------------------------------------------------------------x

**FINAL APPLICATION OF FTI CONSULTING, INC. FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD**
**SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012**


Name of Applicant:                      FTI Consulting, Inc.

Authorized to Provide
Professional Services to:         THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF LEHMAN
BROTHERS HOLDINGS, INC., et al.

Date of Retention:              September 17, 2008

Period for which compensation
and reimbursement is sought:     September 17, 2008 to March 6, 2012

Amount requested in this fee app [a]
     Compensation requested:        $96,969,936
     Expense reimbursement requested:  $1,493,373

This is an (a): ____Interim __X__Final Application

[a]   Refer to Exhibit C for previous fee requests.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re:                          :       Chapter 11
: 
LEHMAN BROTHERS HOLDINGS INC., et al.,  :       Case No. 08-13555 (JMP)
: 
                Debtors.        :       (Jointly Administered)
: 
---------------------------------------------------------------x

## FINAL APPLICATION OF FTI CONSULTING, INC. FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012

FTI Consulting, Inc. ("FTI" or "Applicant"), as financial advisor to the Official

Committee of Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc., et al,

the debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the

"Debtors" or the "Company") and, together with their non-debtor affiliates, ("Lehman"), hereby

submits its final application pursuant to 11 U.S.C. §§330 and 331 for final allowance of

compensation for services rendered and for reimbursement of expenses incurred in these cases.

### INTRODUCTION

1.       By this application, FTI seeks a final allowance of compensation for

professional services rendered as financial advisors to the Committee for the period September

17, 2008 through and including March 6, 2012 (the "Final Fee Period") in the amount of

$96,969,936 of fees and actual and necessary expenses of $1,493,373. In support of this

application, the Applicant represents as follows:

2.      This application is submitted pursuant to the terms of the Fourth Amended

Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses for

Professionals and Committee Members dated April 14, 2011 (the "Administrative Fee Order").

## **BACKGROUND**

3.      On September 15, 2008 and periodically thereafter (as applicable, the

"Commencement Date"), Lehman Brothers Holdings, Inc. ("LBHI") and certain of its

subsidiaries (collectively the "Debtors") commenced with this Court voluntary cases under

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors have

continued in the management and operation of their businesses and properties as debtors-in-

possession pursuant to 1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern

District of New York appointed the statutory committee of unsecured creditors pursuant to

section 1102 of the Bankruptcy Code.

5.      On September 19, 2008, a proceeding was commenced under the

Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc.

("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

6.      By an Order dated November 21, 2008 ("Retention Order"), the United

States Bankruptcy Court for the Southern District of New York authorized and approved the

Committee's retention of FTI *nunc pro tunc* to September 17, 2008.  FTI also filed its First

Supplemental Affidavit of Michael Eisenband in Support of Application for an Order for

Retention of FTI Consulting, Inc. as Financial Advisors for the Official Committee of Unsecured

Creditors on January 23, 2009, a Second Supplemental Affidavit on April 6, 2009, a Third

Supplemental Affidavit on June 19, 2009, a Fourth Supplemental Affidavit on April 15, 2010, a

Fifth Supplemental Affidavit on November 23, 2010, a Sixth Supplemental Affidavit dated April

29, 2011 and a Seventh Supplemental Affidavit dated March 7, 2012.

       7.     On December 6, 2011, the Court entered an Order confirming the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. And Its

Affiliated Debtors. The Plan became effective on March 6, 2012.

       8.     On April 17, 2012, the Debtors effectuated their first distribution to

unsecured creditors.

       9.     Under FTI's Retention Order, FTI shall be paid monthly for the services it

renders on an hourly basis according to FTI's customary hourly rates. In addition, FTI shall

receive a Completion Fee of $5.0 million which will be considered earned and payable, subject

to Bankruptcy Court approval, upon the earliest occurrence of the following: (a) the confirmation

of a plan of reorganization or liquidation; (b) the sale or liquidation of all or substantially all of

the Company's assets; and (c) the conversion of the case to a case under Chapter 7 of the

Bankruptcy code (in which event the Completion Fee, to the extent approved, will be payable in

the same order of priority as other allowed Chapter 11 administrative expenses). As the Debtors

Modified Third Amended Plan was confirmed on December 6, 2011, the Completion Fee is now

earned and payable.

## SUMMARY OF FTI'S SIGNIFICANT CONTRIBUTIONS

      10.     FTI has expended a considerable number of hours on behalf of the Official

Committee of Unsecured Creditors for the last three-plus years. The sheer magnitude of matters

in these Chapter 11 cases has required substantial effort on the part of the Committee and its advisors to address the many complex issues that were presented by these cases. The Committee and its advisors have also worked cooperatively and productively with the Debtors over the years in order to bring about the best results for creditors in these cases. We were intimately involved in many key focus areas for both the Debtors and the Committee, including: (A) Preservation, Management and Monetization of Assets, (B) Administration of the Estates, (C) Assistance to the Debtors, (D) Mitigation/Maximization of Claims & Recovery, and (E) Consensual Plan Process. Some of FTI's significant achievements and contributions during these cases include:

A.  **Preservation, Management and Monetization of Assets** – FTI has been significantly involved in both the real estate and derivatives asset work streams, working alongside the Debtors to monetize assets, determine the benefits of holding vs. selling assets (and the corresponding impact on creditor recoveries), and minimize claims.

   a.  **Real Estate**

      o FTI provided a valuable independent "portfolio level" perspective to complement the detail perspective that the Debtors maintained when managing the Real Estate Portfolio ("Portfolio"). FTI independently assessed the Debtors' discrete plans and potential creditor impact for (i) the individual assets making up the $23.1B Portfolio and (ii) the real estate collateralizing a further $20.1B of financial assets.

      o Specifically, FTI:

i.     Acquired in-depth knowledge of the Portfolio, including an understanding of the intricacies of each asset, the role/ relationships with sponsors/ co-lenders and local market dynamics.

ii.     Visited and toured many of the major US and European real estate investments in-person to obtain a first-hand appreciation of the challenges encumbering the Portfolio and prohibiting its immediate liquidation.

iii.     Reviewed and/ or provided input regarding operational and financial plans for >90% of the underlying real estate assets to harvest longer-term value for creditors; and

iv.     Developed independent financial models to analyze time-based return on investment (i.e. IRR), hold versus sell economics, and financial restructuring implications on returns of cash to creditors.

o   Examples of where FTI's input increased value to the estate include:

| Asset (1) | Description / Background |
|---|---|
| A | • FTI proposed an alternative strategy to investing significant additional Estate dollars in developing the property.<br><br>• FTI encouraged the Estate to go to market as a "for sale" property, resulting in bids that were well in excess of the Debtors' estimate of the property's current market value. |
| B | • In order to avoid loss of the Estate's mezzanine investment in this asset, FTI introduced the concept of selling the position to a party who was prepared to engage in a strategy that the Estate was reluctant to follow (i.e. filing involuntary bankruptcy against the owner). |
| C | • FTI did not believe it was prudent to make an additional investment in the property which led the estate to consider alternatives for funding the investment via a public private partnership. |
| D | • FTI advised the Committee to invest preferred equity to provide additional time to lease up and stabilize the property. Based on current market pricing, the new investment will likely result in future incremental proceeds upon sale of the property. |
| E | • FTI advised the Committee to forgive certain debts of the partnership in order to obtain the Borrower's consent to foreclose upon the property, resulting in unencumbered control of the property to the Estate. |
| F | • In order to reduce risk, FTI provided feedback on the Debtors' proposal to include multiple JV partners in any solution, as opposed to contributing all assets to one JV platform. |
| G | • FTI worked with the Debtors on a creative solution to "table finance" mortgages for buyers of condominiums at above market rates, which helped Lehman diversify risk, earn income, and reduce future carry costs on the unsold units. |

| Asset (1) | Description / Background |
|---|---|
| H | • FTI advised the Committee to support an investment of additional capital to re-margin third party debt to prevent foreclosure by the senior lender and to stabilize the liquidity profile of the portfolio. Current valuations indicate that Lehman will recover significant value from the assets, versus minimal zero return under a foreclosure scenario. |
| I | • FTI advised the Committee to support an additional investment in the property to purchase the senior loan that encumbered the properties.<br><br>• FTI recommended that the Debtors should utilize this property's management team for other assets in the Lehman portfolio to benefit both Lehman's investment as well as improve the management of other assets. |
| J | • FTI introduced the idea to the Committee of making substantial investments in this asset in order to preserve and enhance enterprise value and ultimate return to creditors. |

(1)  Specific project names withheld for confidentiality purposes.

    o   FTI believes that our in depth involvement working with the Debtors on the real estate portfolio resulted in, or will result in, hundreds of millions of dollars in incremental value.

**b.  Derivatives**

    o   FTI served a value enhancing control and oversight function for the Derivatives portfolio.  FTI attended and participated in regular settlement adjudication committee ("SAC") meetings (sometimes daily) with the A&M and Lehman Derivative teams in connection with the analysis of proposed derivatives settlements.  FTI was involved with analyzing both the Lehman Special Purpose Vehicle ("SPV") recoveries and the review of numerous derivatives portfolios of counterparties that have been designated for

Alternative Dispute Resolution ("ADR"). In connection with derivative claim objections, FTI has reviewed the valuation of the underlying derivatives portfolio and appropriateness of closeout process. In addition, FTI was involved in reviewing valuations of numerous intercompany and "Big Bank" derivative relationships.

o   FTI also "loaned" three employees on a full time basis to work directly with the Debtors on the derivatives analyses. The first worked in the Debtors' front office and was focused on the valuation of interest rate derivatives. The second worked on the Debtors' "Big Bank" derivative team and was focused on the reconciliation and valuation of Big Bank derivative populations. The third assisted the Debtors' intercompany team with the analysis of intercompany derivative settlements. Please refer to Section C. Assistance to the Debtor for further detail on these employee's contributions.

o   Through its review process, FTI worked to identify arguments that would (i) increase the value of receivables to the Estate and/or (ii) reduce the level of claims against the Estate. FTI added incremental value through:

   i.   Identifying commercially unreasonable valuations

   ii.  Rejecting proposed settlements that included excessive credit discounts

iii. Pushing for greater value for proposed settlements where FTI believed there was too significant of a discount for legal risk included in the settlement.

iv. Convincing Debtors to pursue higher default interest when appropriate

v. Rejecting guarantee claims in the case of non-executed guarantees

vi. Identifying cases of potential improper termination

vii. Discovering errors in the counterparty's market quotation process and/or FX conversion date

viii. Finding various errors in settlement value calculations

ix. Contributing to the formulation of note purchase strategies to maximize recovery for certain special purpose vehicles ("SPV").

o FTI believes that our in depth involvement with the derivatives portfolio resulted in incremental value to the estate of at least $80 million.

o Further, FTI added value by (i) reducing reliance on outside counsel and advisors needed with respect to ADR sessions; and (ii) forcing the Estate to follow a disciplined review process, as settlements were subject to a critical review by FTI.

B. **Administration of the Estates** – FTI has played a significant role in providing a creditor perspective to various financial and administrative functions including:

a.  **Investment of excess cash**

   o  FTI worked with the Debtors to ensure that excess cash was invested in a
   safe and reasonable manner in order to balance the need for safety of funds
   with the creditors' desire for investment return on billions of dollars.  In
   addition, FTI developed a cash advances model, ultimately used by the
   Debtors, to track the intercompany advances and the cash interest due on
   such advances.

b.  **Financial reporting/Monthly Operating Reports ("MOR's")**

   o  FTI met with the Debtors to review drafts of the MOR's before they were
   filed to ensure the disclosures were informative and met the creditors'
   desire for information.

c.  **Cost allocation methodology**

   o  Since the beginning of the bankruptcy, LBHI was funding the overhead
   and professional fee costs of all of the Lehman Debtors and Non Debtor
   entities under A&M's control.  FTI worked closely with the Debtors to
   establish a cost allocation methodology to fairly allocate expenses from
   LBHI to the other subsidiaries.  FTI assessed the methodology
   periodically as inventory, headcount and focus shifted and provided
   recommendations to the Debtors to readjust the methodology (e.g. include
   additional legal entities, include liabilities in inventory balance, use square
   feet for rent allocation, etc.).

d.    **Employee Matters**

- o    FTI played a significant role in the development of the compensation

    structure for the Debtors' employees within each of the asset management

    and back office teams including base salary levels, annual salary increases,

    incentive bonus targets, and the development of appropriate metrics for

    the incentive bonuses.  The work also entailed monitoring the Debtors'

    employee staffing model to ensure staffing levels were appropriate and

    commensurate with the numerous tasks involved in liquidating the estate.

    We also monitored compliance with the incentive bonus plans to ensure

    that the predetermined performance metrics were achieved before bonus

    payments were approved.  FTI worked closely with the Debtors to balance

    the need to retain a motivated workforce at a liquidating company, with

    the creditors desire to rationalize the cost structure.


C. **Assistance to the Debtor** – In addition to the areas covered above, FTI provided

further assistance to the Debtors/A&M in many other work-streams, including:

a.    **LBI Allocation Motion** - Given FTI's experience with accounting  and

    regulatory issues for broker/dealers, FTI was asked to represent both the

    Committee and Debtors in investigating and performing due diligence on the

    proposed allocation of property of the LBI estate as presented in the

    Allocation Motions.  The Allocation Motions sought to allocate approximately

    $14.0 billion from LBI's general estate to a segregated bank account

    containing funds exclusively for the benefit of LBI's brokerage customers.

FTI provided alternative methodologies for Reserve Formula calculations that were deemed more appropriate and fair.   Of the approximately $14.0 billion sought by the Trustee, FTI concluded that approximately $7.2 billion should remain in the general estate, of which the Trustee has agreed to approximately $3.3 billion so far.  FTI is also assisting with the potential litigation of the remaining unresolved issues.

b.  **Additional Resources** – At the Debtors' request, numerous FTI employees were "loaned" on a full time basis to assist the Debtors' asset and back office teams in various projects.

o  Information Technology - FTI provided a team of 5-15 consultants to work with the Debtors' and A&M's data preservation team in identifying, acquiring, and analyzing data held within the LBHI systems.  FTI was involved with application and database preservation; reviewing and cataloging contents of LBHI legacy databases; acquiring and analyzing all data owned and accessed by custodians; and the aggregation, normalization and analysis of data associated with collateral investigations.  FTI designed and built approximately 12 parsing and search tools and managed and analyzed over 400,000 backup tapes (including reconciling this data to 20 million text files).  FTI was also involved with the continued migration of more than 3 terabytes of data which encompassed over 400 applications and 200 databases.

o  Intercompany Accounts – FTI provided 4 employees to assist the Debtors with intercompany work streams.  The Debtors undertook a tremendous effort to reconcile and settle several thousand intercompany derivative and financing trades (stock lending and borrowing and repurchase and reverse repurchase transactions) post bankruptcy. Two individuals from FTI assisted LBHI personnel in the reconciliation and settlement of these derivatives and financing trades and with reporting and special projects.  The two other individuals assisting with intercompany projects helped develop the data needed for the negotiations and settlements with foreign affiliates; including the roll forward of intercompany interest accruals and the calculation of foreign currency exchange adjustments from September 14, 2008 to the respective filing dates of each Debtor entity.

o  Derivatives - FTI had 1 individual who worked directly with the Debtors' "Big Bank" derivatives settlement team.  As part of the review of proposed derivative settlements, he identified any termination date issues, interest calculation errors, and commercially unreasonable valuations within the settlement amounts initially proposed by the Debtors.  He worked directly with the estate's Derivative Management team on the unwinding of the estate's derivative portfolios of major counterparties including Bank of America, Credit Suisse, and JP Morgan to maximize recovery for the estate. This individual was also involved in preparation of the "Netting Machine" which allowed the Estate to propose and finalize a blanket settlement of the

derivative claims with 8 out of the top 13 Big Bank counterparties as part of the Settlement Framework proposal.

o   Transition Services Agreement ("TSA")/LAMCO – FTI had 1 individual at the Debtors assisting A&M with the TSA and the development of the LAMCO model.

   i.   TSA - FTI played a significant role in identifying and negotiating the services required under the TSA with Barclays. Along with Barclays, FTI created the initial schedule to document the services, participated in meetings to validate the services and ultimately assisted in coming to agreement on the final schedule of services that were needed. FTI also worked with a team to help benchmark the cost of such services in preparation for pending TSA invoices and to support negotiations over pricing and allocation methodologies. FTI assisted the Debtors in transitioning dependency on the Barclays Transition Services Agreement ("TSA") to an either an outsourced provider, LBHI personnel, or to wind-down the services altogether to significantly reduce costs. FTI also led the effort to migrate LBHI off the non IT portion of the TSA services and to coordinate the migration of services for entities that spun out of LBHI, including Neuberger Berman and Venture Capital Funds.

    ii. LAMCO – In the Fifth Interim Compensation period, the Court approved the formation of an asset management company for the Debtors, LAMCO. FTI worked on developing the business plan for LAMCO, analyzing the asset management costs for each of the four product classes and the various functional requirements for LAMCO.

D. **<u>Mitigation/Maximization of Claims & Recovery</u>** – This case involved a significant amount of claims related issues which needed to be resolved in a timely and cost effective manner. Over $1.3 trillion of claims were filed against all Debtors of which $353 million was estimated to ultimately be allowed. FTI was actively involved in monitoring the claims resolution process and participating in the review of claim settlements. FTI worked with the Debtors to establish claim settlement procedures, to review omnibus claims objections in advance of filing with the court and to review and provide input on proposed claim settlements (e.g., derivatives, foreign affiliate, Main Street, third party guarantee claims related to Bankhaus, etc.). FTI's role as it related to specific claims areas included:

    a. **Intercompany** – As part of the evaluation of direct intercompany claims and affiliate guarantee claims, FTI performed extensive analysis of the intercompany transactions and relationships among the Lehman affiliates. FTI created a comprehensive intercompany matrix based on voluminous detail provided by Debtor personnel. The intercompany matrix served as a vital input to the Committee's creditor recovery model and was updated numerous times for revised pre- and post-petition intercompany balances. FTI worked

16

extensively with the Debtors' personnel to review intercompany balances and reconcile the intercompany matrix to the Debtors' monthly balance sheets and Disclosure Statements. During this process, FTI identified discrepancies that resulted in modifications to the balances.

**b. Structured Securities Claims**

o   More than 21,000 proofs of claim asserting claims of approximately $55 billion were filed against the Debtors arising from the sale of Structured Securities. Such claims arose from certain structured securities issued or guaranteed by LBHI, including Lehman Brothers Treasury Co., B.V. European Medium Term Note program. Many of these securities were complex structured notes providing that the return to investors at maturity and/or the periodic payment of interest be linked to the performance of an underlying asset or group of assets including global indices, single stocks, currencies, interest rates, derivatives, etc. Given the number of claims and the complexity of the valuation, the Debtors sought Court approval of a methodology to reconcile and value the claims. At the direction of the Committee, FTI, along with Committee Counsel, conducted an independent analysis of this methodology and any alternatives thereto. As a result of our work, and the Debtors' concurrent re-valuations of the Structured Securities, the Debtors changed the values of the claims on approximately 10% of the 3,000 Structured Securities. Upon completion of FTI's valuation work, the Committee filed a statement to provide claimants with relevant information

regarding the Debtors' valuation methodologies so that each holder could

make an informed decision about whether to accept the values to be

provided by the Debtors. With additional input from FTI, the Debtors

amended the valuation methodology, which the Court approved on August

10, 2011.

c.  **Litigation** - In connection with forensic analyses requested by Committee

Counsel, FTI was asked to assist with the assessment of the viability of potential

litigation claims against certain parties, compute damages under various legal

theories, evaluate settlement offers related to potential avoidance actions, and

draft presentations used in settlement discussions. This included research and

analysis of issues identified from the Report of Anton R. Valukas, Examiner.  In

connection with this analysis, FTI examined numerous documents that had been

produced to the Examiner; researched relevant accounting and auditing

literature; drafted memos on various potential claims that could be brought

against third parties; computed damages under different damages theories; and

drafted presentations for and participated in settlement discussions.  The

potential litigation is still ongoing.


E.  **Consensual Plan Process** – The Committee was one of the key constituents involved

in developing the Plan of Reorganization ("Plan") construct that was ultimately

approved by the diverse constituents in this case.  Over the course of the case, FTI

worked along with Committee Counsel and other advisors to evaluate key plan issues.

The Plan was constructed as a compromise and dealt with the following primary issues, which FTI was heavily involved with, among others:

a. **Sub Con analysis** - The debate surrounding substantive consolidation ("SubCon") warranted detailed investigation by the Creditors' Committee and their advisors regarding the arguments both for and against SubCon of the Debtors and/or non Debtors.  At the direction of Committee counsel, FTI embarked on a comprehensive analysis of the critical factors for SubCon and undertook an extensive factual investigation focused on the hopeless entanglement and creditor reliance arguments.  The results of our factual investigation were integral to the formulation of a Committee proposal premised on a global compromise.  Such proposal ultimately led to the formulation of the Debtors' First Amended Plan.

b. **Characterization of Intercompany Transactions** - FTI initiated and led a detailed sample testing project with the Debtors to determine whether certain intercompany transactions amongst the various entities were subject to re-characterization (i.e., should be treated as equity interests rather than debt claims).  The results of our work were utilized by Committee counsel to develop the intercompany claim settlement embodied in the Intercompany Funding Balance adjustment per section 6.5.c of the Debtors' Plan.

c. **LBHI Guarantees** - In an effort to substantiate the 3rd party transaction guarantee claims and affiliate guarantee claims filed against LBHI, FTI

undertook a detailed analysis of said claims. FTI determined through its

analysis that, certain guarantee claims were overstated and estimated the actual

value of those claims, based largely on its review and understanding of pre-

petition intercompany balances and the nature of the guarantee, taking into

account subrogation setoff and potential litigation discounts. FTI prepared

numerous presentations to the Committee on this topic and engaged in many

discussions with the Debtors regarding the appropriate guarantee claim

estimates to be included in the Disclosure Statement.

d. **Foreign Affiliate Settlements** - FTI performed due diligence on the

intercompany and guarantee claim components of proposed settlement

agreements between the Debtors and foreign affiliate estates including, but not

limited to, Bankhaus, Singapore, Hong Kong, Japan, Luxembourg, LBIE & UK

affiliates, LBT, LBSN, and LBF. FTI reviewed and challenged the proposed

settlements based on our work, which included a significant level of sample

testing of intercompany derivative trades, as well as analyzing the treatment of

intercompany claims arising from repurchase agreement transactions. There

were a number of instances in which FTI recommended that revisions be made

to the Debtors' settlement proposals. Examples of such recommendations

related to the unnecessary omission of intercompany receivables, inadequate

valuation of derivative trades and unapplied litigation risk. This effort resulted

in a multi-billion reduction of foreign affiliate claims against Debtor entities.

## SUMMARY OF SERVICES RENDERED BY TASK CODE

11.    The Debtors' chapter 11 cases have presented numerous complex issues that had to be addressed in order to preserve and maximize value for unsecured creditors. The Retention Order authorizes FTI to render essential financial advisory services to the Committee which included, but were not limited to the following services during the Final Fee Period:

### PCD 0800 Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee

FTI worked with Committee counsel in the preparation and presentation of extensive materials for weekly calls with both the full Committee and the Committee co-chairs to discuss key case issues, including updates on the Plan of Reorganization ("POR"), derivative positions, real estate positions, cash balances, intercompany balances, claim levels, proposed affiliate settlements, litigation, and other key issues. FTI also attended over 20 in person meetings with the Debtor and the Committee during the Final Fee Period.

### PCD 1100 LBI/SIPC Coordination and Issues

FTI devoted time to monitoring, evaluating, and analyzing LBI's claim reconciliation process, as well as, proposed settlements. This included a review of the customer and general estate claims filed by the Debtors against LBI and related characterization, netting and priority of claims issues and a review of the capital reserve as it relates to potential asset allocations from the general estate to customer assets. FTI also analyzed LBI's claims (including repurchase claims) filed against the Debtors to determine whether there were duplicates, erroneous filings, and whether amounts should be netted down.   All of this information assisted the Committee in assessing ranges of estimated recoveries on both customer and general estate claims.

Given FTI's experience with accounting and regulatory issues for broker/dealers, FTI was asked to represent both the Committee and Debtors in investigating and performing due

diligence on the proposed allocation of property of the LBI estate as presented in the Trustee's

Allocation Motion. The Allocation Motion sought to obtain the Bankruptcy Court's approval of

the guidelines allocating assets between LBI Customer Assets & Claims and LBI General Estate

Assets & Claims. The Trustee alleged that a number of acts/omissions by LBI contributed to the

shortfalls within LBI customer property. FTI concluded as to how the Trustee should proceed

with the allocation to Customer accounts. The Second Phase of the Allocation motion sought to

allocate approximately $14.0 billion from LBI's general estate to a segregated bank account

containing funds exclusively for the benefit of LBI's brokerage customers. FTI provided

alternative methodologies for Reserve Formula calculations that were deemed more appropriate

and fair. Of the approximately $14.0 billion sought by the Trustee, FTI concluded that

approximately $7.2 billion should remain in the general estate, of which the Trustee has agreed

to approximately $3.3 billion so far. FTI is also assisting with the potential litigation of the

remaining unresolved issues.

## PCD 1200 Cash Management

FTI reviewed the Company's cash and short-term investment position on a periodic basis.

FTI worked with management to develop the weekly cash reports produced by the Debtors. This

included developing an understanding of what cash was available at the both the Debtor and non

Debtor entities and what cash was segregated and unavailable for use by the Company. FTI

attended regular meetings with Alvarez & Marsal to discuss the actual cash flow results and

prepared reports to the Committee with details of the Debtors' current cash and short-term

investment position. FTI also reviewed Lehman's short term investment strategy, short term

cash flow forecasts, the status of the hedging program and the cash movements related to the

Company's intercompany cost allocations. These services aided the Committee in obtaining a

complete understanding of the Company's cash flows by entity, and areas that needed to be evaluated further (e.g., potential capital calls, hedging opportunities, etc.) in order to ensure that sufficient liquidity was maintained.

**PCD 1400 Employee/ERISA/Benefits/Pension Issues**

FTI provided support to the Debtors by assisting in the development and review of the employee retention and recruiting plan. FTI issued regular reports to the Committee on the current state of the retention and recruiting plan, the determination of the employee compensation structure, the determination of bonus performance goals, and the status of employee contract extensions. FTI was also actively involved in the review and development of the derivatives incentive plans. Time spent in this category also included review and analysis of the Lehman pension plan documents, the review of the PBGC term sheet and participation in calls with counsel regarding the PBGC settlement proposal.

At the request of the Committee, FTI reviewed the Debtors' assets management business plan and the related cost structure associated with the proposed LAMCO asset management alternative. The most significant consideration in the assessment of the LAMCO plan was a thorough review of employee related costs. As such, FTI reviewed historical headcount, fully loaded headcount costs, employee staffing trends over time, benchmarked headcount and compensation costs, assessed the headcount plans in light of the anticipated asset monetization timeframes, reviewed and developed comparables relating to potential outsourcing alternatives and developed a cost/benefit analysis in connection with potential strategic alternatives (such as potentially outsourcing certain asset management functions vs. continuing to perform these functions within the LAMCO structure). FTI's analysis and recommendations were presented to

the Committee to aid with its assessment of certain decisions concerning ongoing asset
management alternatives.

## PCD 2000 Other General Business Operation Issues

FTI played a significant role in identifying and negotiating the services required under
the Transition Services Agreement ("TSA"). This entailed a series of interviews with both the
LBHI and Barclay's employees to determine necessary services, and validation with the A&M
asset class leads. In addition, FTI helped benchmark the cost of such services in preparation for
the pending TSA invoice(s) and supported negotiations over pricing and allocation
methodologies.  Further, FTI led the effort to migrate off the non-IT portion of the TSA services,
participated in the IT migration planning, and coordinated the migration of services from
Barclays to the venture capital portfolio ahead of their separation from the estate. FTI also
assisted in the preparation of documents related to TSA compliance issues.  FTI played a role in
enforcing the services LBHI required under the TSA with Barclays, which entailed controlling
the services delivered, resolution of conflicts and diligence on the monthly invoice details.

The Court approved the formation of an asset management company for the Debtors,
LAMCO.  FTI worked on developing the business plan for LAMCO, analyzing the asset
management costs for each of the four product classes and the various functional requirements
for LAMCO.

## PCD 2100 Intercompany Issues

FTI analyzed both the intercompany trading (derivative, foreign exchange trades,
structured notes) and non trading operations, including the roll forward of intercompany general
ledger balances through the respective Debtor filing dates.  FTI also worked with the Debtor to

analyze certain intercompany general ledger accounts in an attempt to identify and quantify pre-petition accrued interest.

FTI prepared a matrix identifying the intercompany balances between Lehman entities to feed into the Committee's recovery model, and analyzed the concepts of setoff and debt recharacterization to assess the impact on recoveries to creditors.

FTI attended the October 2009 international protocol meeting in Amsterdam, the January 2012 international protocol meeting in New York and the April 2009 international protocol meeting in Hong Kong which focused largely on the settlement status of intercompany balances.

FTI initiated and led a detailed sample testing project with the Debtors to determine whether certain intercompany transactions among Debtor-controlled entities were subject to re-characterization (i.e., should be treated as equity interests rather than debt claims). The results of our work were utilized by Committee counsel to develop the intercompany claim settlement embodied in the Intercompany Funding Balance adjustment per section 6.5.c of the Debtors' Plan.

FTI analyzed the intercompany and guarantee claim components of proposed settlement agreements between the Debtors and certain foreign affiliates including, but not limited to, Bankhaus, LBIE , the UK entities, Singapore, Hong Kong, Japan, LBT , LBSN, Luxembourg and LBF. FTI reviewed and analyzed the Debtors revisions to the estimated affiliate guarantee claims based on these settlements.

FTI performed sample testing of intercompany derivative trades between the Debtors and numerous foreign affiliates. FTI participated in meetings with the Lehman and A&M intercompany teams to discuss the reasonableness of proposed intercompany derivative settlements. FTI assisted Lehman's valuation team before and after Settlement Adjudication

Committee meetings by providing (i) strategic guidance for negotiations with other Lehman

entities, (ii) independent valuations of certain derivative products and assessment of proposed

settlement levels, (iii) analysis of disputed issues, and (iv) feedback to Committee counsel and

the Derivatives Sub-Committee, as necessary.

## PCD 2200 Data Preservation/Migration

FTI had a team of 5 – 15 consultants at any one time embedded in the debtor data

preservation team of A&M engaged for identifying, acquiring, and analyzing data held within

the LBHI systems. Tasks included, but not were not limited to, application and database

preservation for IBM and Sybase systems; reviewing and cataloging contents of LBHI legacy

databases; acquiring and analyzing all data owned and accessed by custodians; and the

aggregation, normalization and analysis of data associated with collateral investigations. FTI also

assisting in the unstructured data review, vendor selection, and automation of the QC migration

process used over the duration of the matter. FTI also designed and built approximately a dozen

parsing and search tools, managed and analyzed over 400,000 backup tapes (including

reconciling this data to 20 million text files). FTI built an application to tie back numerous

individual files to their corresponding owner, share drive, server, filer and ultimately, backup

tape. Time in this code also included the continued migration of more than 3 terabytes of data

which encompasses over 400 applications and 200 databases.

## PCD 2300 Real Estate Matters

The Lehman Real Estate Portfolio ("Portfolio") includes positions in hundreds of

financial assets encumbering properties and development projects located in North America,

Europe, and Asia. The Portfolio, which has invested capital in the tens of billions of dollars, has

many significant and complex projects, some of which have more than a billion invested in them

individually. The investment positions that the Debtors maintain are extremely varied across all levels of the projects' capital structure.

FTI met with A&M and legacy Lehman real estate employees ("Asset Managers") on a regular basis to gain an in depth understanding of the portfolio, to deal with pressing real estate issues, to and review mandates, proposals, and strategies aimed at maximizing recovery from the wind down of the Portfolio. The most pressing issues typically pertained to the various motions that had been filed in bankruptcy court requiring the Committee's endorsement with respect to funding certain operating shortfalls, restructuring legacy capital structures, and implementing sales/marketing procedures. Toward that end, FTI met with the Asset Managers to validate relevant property-level and overall financial assumptions used in projecting cash flows and recoveries; and, presented its findings on a regular basis to both the Committee's Real Estate Sub-Committee and, where appropriate, the full Committee. FTI also completed a full and detailed review of Lehman's re-underwriting of the Portfolio, as of specific dates during the Fee period determine the validity of the Debtors' marks.

On an individual asset basis, FTI undertook numerous detailed reviews of relevant assets in the portfolio to assess the reasonableness and accuracy of the Debtors' analysis and to suggest alternative approaches to maximizing the value of the Estate's investments. FTI and its real estate specialists met with various Lehman Asset Managers to review their assumptions in regard to all aspects of the properties including projected cash flows, future funding requirements, and potential recoveries.

**PCD 2500 Derivatives/SWAP Agreement Issues**

FTI participated in regular Settlement Adjudication Committee meetings with the A&M and Lehman Derivative teams to discuss proposed derivatives settlements, and met regularly

with Derivatives Co-Heads, counterparty teams and front office valuation employees to discuss strategies in connection with managing the wind-down of the derivatives portfolio. FTI also met regularly with the Lehman Special Purpose Vehicle ("SPV") team to analyze SPV recovery strategies and proposed derivative settlements. FTI worked with the applicable transactors and traders before and after the settlement adjudication meetings to discuss relevant settlement issues, provide strategic guidance in negotiations with counterparties, challenge assumptions, and independently assess the value of the derivative products and appropriate settlement amounts for certain transactions. FTI also reviewed numerous derivative portfolios of derivative counterparties that have been designated for Alternative Dispute Resolution ("ADR"). This review entails analysis of the disputed issues, valuation, and providing feedback to Committee counsel and the Derivatives Sub-Committee, as necessary. In connection with derivative claim objections, FTI reviewed the valuation of the underlying derivatives portfolio and appropriateness of the closeout process. In addition, FTI has been involved in reviewing valuations of numerous intercompany and "Big Bank" derivative relationships.

Also, FTI had three employees working directly with the Debtors during the course of the case. The first worked in the Debtors' front office and was focused on the valuation of interest rate derivatives. The second worked on the Debtors' Big Bank derivative team and was focused on the reconciliation and valuation of Big Bank derivative populations. The third assisted the Debtors' intercompany team with the analysis of intercompany derivative settlements.

**PCD 2800 International Insolvency Issues**

Following the Chapter 11 filings in the U.S., funds continued to flow into the bank accounts of non-Debtor affiliates outside the U.S. FTI reviewed the documentation and approval processes for the release of these funds. FTI also held multiple meetings with A&M to

monitor the management of the European proceedings. FTI monitored the performance of the

UK administrations, which included the review of the quarterly administrator's reports to

creditors and preparation of update reports to the Committee covering the current state of the

LBIE and other UK administrations and preliminary sources of realization in the these estates.

FTI reviewed the outcome of the LBIE Client Money hearing, and worked alongside Milbank

U.K. in assessing the impact that the judgment may have on the LBIE estate.

## PCD 2900 Schedules/Statement of Financial Affairs

FTI spent time analyzing Lehman's complex corporate structure on a consolidated and

entity by entity basis. FTI also worked closely with the Debtors to analyze and review the

Monthly Operating Reports ("MORs") to be filed with the Court. As part of this process,

analysis was performed on significant variances from prior month's date, when available and

proposed footnotes and disclosures were reviewed.

FTI reviewed the Debtor's Original and Amended Schedules of Assets and Liabilities

("SoAL's") and Statement of Financial Affairs ("SOFA's") for 19 Debtors, which included over

1,900 pages of review. Time in this code also included meetings with the Debtor to discuss the

filings and the preparation of a summary presentation to the Committee and their advisors.

Since the beginning of the bankruptcy, LBHI was funding the overhead and professional

fee costs of all of the Lehman Debtors and Non Debtor entities under A&M's control. FTI

worked closely with the Debtors to establish a cost allocation methodology to fairly allocate

expenses from LBHI to the other subsidiaries. FTI assessed the methodology periodically as

inventory, headcount and focus shifted and provided recommendations to the Debtors to readjust

the methodology (e.g. include additional legal entities, include liabilities in inventory balance,

use square feet for rent allocation, etc.).

## PCD 3500 Plan of Reorganization/Plan Confirmation/Plan Implementation

FTI was actively involved in the assessment of Plan of Reorganization ("POR") issues, which included substantive consolidation, the LAMCO concept, and guarantee exposure. At the direction of Committee counsel, FTI embarked on a comprehensive analysis of the critical factors for SubCon and undertook an extensive factual investigation focused on the hopeless entanglement and creditor reliance arguments. The results of our factual investigation were integral to the formulation of a Committee proposal premised on a global compromise. Such proposal ultimately led to the formulation of the Debtors' First Amended Plan.

FTI participated in numerous strategic meetings with counsel and management regarding the POR, prepared comments and Committee feedback to the POR, and reviewed numerous POR alternative scenarios. This included a review of recovery analyses under different scenarios and the review of other "ad hoc" group proposals, including the adhoc plan and disclosure statement that was filed. FTI reviewed drafts of the Debtors POR term sheet as well as drafts of the Second Amended POR and Disclosure Statement which was filed by the Debtors FTI was involved in discussions regarding the economic and non economic terms of the proposed POR, including corporate governance issues, reallocation of recoveries and other key issues. FTI also reviewed drafts of the Disclosure Statement exhibits.

## PCD 3700 Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues

FTI worked with the Debtors' Claims Resolution Team to understand their efforts to reconcile, object, estimate, and resolve proofs of claims filed against the Debtors in these Chapter 11 proceedings. Creditors filed over 65,000 proofs of claim in these cases, each requiring reconciliation, and analysis. FTI reviewed summaries of the filed claims by category

as well as individual claims filed to determine their validity. FTI provided comments on omnibus objections in advance of their filing with the Court. FTI was also involved with numerous claim settlements, including Canary Wharf, Main Street and Bankhaus, and provided feedback/information to the Debtor in relation to these claim settlements. FTI analyzed significant disputed claims to determine the status of the claim reconciliation process and the appropriateness of claims estimates in the Disclosure Statement. FTI also reviewed materials related to the reconciliation of the Residential Mortgage Backed Securities ("RMBS") claims and held meetings with A&M to discuss the same. FTI reviewed draft stipulations related to the settlement of claims for both voting and distribution purposes.

In an effort to substantiate the 3rd party transaction guarantee claims and affiliate guarantee claims filed against LBHI, FTI undertook a detailed analysis of said claims. FTI determined through its analysis that, certain guarantee claims were overstated and estimated the actual value of those claims, based largely on its review and understanding of pre-petition intercompany balances and the nature of the guarantee, taking into account subrogation setoff and potential litigation discounts. FTI prepared numerous presentations to the Committee on this topic and engaged in many discussions with the Debtors regarding the appropriate guarantee claim estimates to be included in the Disclosure Statement.

FTI performed an analysis of the disputed claims reserve to assess whether disputed claimants would be harmed by the use of non cash assets for reserve purposes. FTI participated in numerous meetings with A&M to discuss and review the available cash, claims and operating reserves, and the reserve methodology. FTI prepared a presentation for the Committee which resulted in the Committee's support of the non cash asset reserve motion.

More than 21,000 proofs of claim asserting claims of approximately $55 billion were filed against the Debtors arising from the sale of Structured Securities. Such claims arose from certain structured securities issued or guaranteed by LBHI, including Lehman Brothers Treasury Co., B.V. European Medium Term Note program. Many of these securities were complex structured notes providing that the return to investors at maturity and/or the periodic payment of interest be linked to the performance of an underlying asset or group of assets including global indices, single stocks, currencies, interest rates, derivatives, etc. Given the number of claims and the complexity of the valuation, the Debtors sought Court approval of a methodology to reconcile and value the claims. At the direction of the Committee, FTI, along with Committee Counsel, conducted an independent analysis of this methodology and any alternatives thereto. As a result of our work, and the Debtors' concurrent re-valuations of the Structured Securities, the Debtors changed the values of the claims on approximately 10% of the 3,000 Structured Securities. Upon completion of FTI's valuation work, the Committee filed a statement to provide claimants with relevant information regarding the Debtors' valuation methodologies so that each holder could make an informed decision about whether to accept the values to be provided by the Debtors. With additional input from FTI, the Debtors amended the valuation methodology, which the Court approved on August 10, 2011.

### PCD 3900 Non-Derivative Adversary Proceedings Preparation and Litigation

FTI participated in numerous meetings with A&M to review the status of forensic investigations. FTI reviewed the various components of JPMorgan Chase Bank, N.A. and its affiliates ("JPMCB") claim filed against the estate in connection with litigation that was commenced to challenge certain guarantee obligations and recover posted collateral. FTI also reviewed the proposed settlement whereby JPMCB would return any remaining securities to LBHI.

32

FTI reviewed the audit papers in connection with potential litigation against Lehman's auditors. The review focused on the accounting treatment for certain transactions and the assessment of the economic impact of these transactions on potential financial statement misrepresentations. FTI reviewed relevant documents produced pursuant to Rule 2004 that were maintained in 2 document repositories with a combined population of over 4.5 million documents. Other tasks included financial analyses using the Debtor's financial records of relevant transactions, researching relevant accounting, and auditing literature, drafting memos for counsel summarizing the findings of forensic projects, document searches, financial analysis, and accounting and auditing research, and the preparation of materials for presentations to the Committee.

FTI also assisted with analyzing certain information related to the solvency of Lehman and spent time reviewing information related to potential fraudulent conveyances and preference actions.

## PCD 4600 Firms Own Billing/Fee Application

FTI expended necessary resources to ensure the timely filing of monthly fee statements in accordance with the Administrative Order. Time in this category includes preparing the Monthly Fee Statements for the each fee period from September 2008 through March 2012, as well as the time spent preparing the First through Tenth Interim Fee Applications of FTI Consulting, Inc. for Allowance of Compensation and for Reimbursement of Expenses.

## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

12.    FTI respectfully submits that the professional services rendered were necessary, appropriate and have contributed to the effective administration of the Debtors' chapter 11 cases and maximization of value.  It is respectfully submitted that the services rendered to the Committee were performed efficiently, effectively and economically.

13.    During the Final Fee Period, FTI professionals expended an aggregate of 192,732 hours in rendering services on behalf of the Committee for a total fee of $96,969,936 (including the Completion Fee of $5,000,000 and approximately $90,584 of fee application preparation time post March 6, 2012 as described below). FTI submits that its fee is reasonable for the work performed in these cases and the results obtained.

14.    FTI expended necessary resources after March 6, 2012 to ensure the timely filing of the Tenth Interim Fee Application and the Final Fee Application and to provide responses to the Fee Committee related to prior fee applications.  FTI expended 233.1 hours in connection with the fee applications and responses to the Fee Committee for a total fee of $90,584.  Additional time has and will be spent working with the Fee Committee to respond to their reports regarding the Tenth and Final Fee Applications.  FTI is not able to estimate these fees at this time but reserves the right to request payment of these fees in the Order approving payment of the Final Fee Applications.

15.    FTI incurred out-of-pocket expenses of $1,493,373 in connection with the rendition of the professional services described above during this Final Fee Period. The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Committee in these Chapter 11 cases.  All air travel to and from the Debtors' locations were necessary and billed at coach rates.   Per the Fee

34

Committee recommendations, FTI voluntarily capped all out of town meals at $40, in town overtime meals at $20, car services at $100 and hotels at $500 per night, resulting in total expense write-off s of $15,599 during the Final Fee Period.   Additionally, FTI voluntarily reduced all travel time by 50% during the Final Fee Period.

## APPLICATION

16.     This Application is made by FTI in accordance with the Guidelines adopted by the Executive Office for the United States Trustees and the Administrative Order. Pursuant to this application, FTI has attached the following exhibits:

A.     Exhibit A -- – Certification Under Guidelines for Fees and Disbursements for Professionals in Respect of Final Application of FTI Consulting, Inc;

B.     Exhibit B -- Retention Order dated November 21, 2008 authorizing the employment and retention of FTI Consulting, Inc. effective as of September 17, 2008 to provide professional services as Financial Advisors to the Official Committee of Unsecured Creditors;

C.     Exhibit C -- Summary of billings and collections for the First through Tenth Interim Periods;

D.     Exhibit D -- Summary of time and fees by professional for the Final Fee Period;

E.     Exhibit E -- Summary of time by task code for the Final Fee Period [1];

F.     Exhibit F -- Summary of out of pocket expenses by category for the Final Fee Period;

G.     Exhibit G – Detail of time for fees incurred after March 6, 2012 for the

preparation of the 10th interim fee application, the final fee application, and responses to the Fee Committee.

17.    No prior application has been made to this or any other Court for the relief requested herein for the Final Fee Period.

---

[1] The fee and expense detail for prior fee periods has been previously provided to the Fee Committee, the Debtors, Weil and the Court, as per the Interim Compensation Order.

## **CONCLUSION**

**WHEREFORE,** FTI respectfully requests that this Court enter an order:

a.  approving the allowance of $96,969,936 for compensation for
services rendered during the Final Fee Period (including the
Completion Fee of $5,000,000 and approximately $90,584 of fee
application preparation time post March 6, 2012) and
reimbursement of $1,493,373 for out of pocket expenses,

b.  directing the payment of such fees by the Debtors, and

c.  granting such other and further relief as this Court may deem just
and proper.

Dated: New York, New York    FTI Consulting, Inc.
       July 5, 2012           Financial Advisors to the Official Committee of
                                 Unsecured Creditors

                                 By: _____

                                 Samuel Star
                                 Senior Managing Director
                                 Three Times Square
                                 New York, NY  10036
                                 (212) 841-9368

# EXHIBIT

## "A"
### Certification

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
                                  :

In re:                              :           Chapter 11 Case No.
                                  :

LEHMAN BROTHERS HOLDINGS INC., et al.,  :          08-13555 (JMP)
                                  :

                Debtors.           :          (Jointly Administered)
                                  :
------------------------------------------------------------ x

**CERTIFICATION UNDER GUIDELINES FOR FEES AND DISBURSEMENTS
FOR PROFESSIONALS IN RESPECT OF FINAL APPLICATION OF FTI
CONSULTING, INC., FOR ALLOWANCE OF COMPENSATION FOR SERVICES
RENDERED AND FOR REIMBURSEMENT OF EXPENSES DURING PERIOD FROM
SEPTEMBER 17, 2008 THROUGH AND INCLUDING MARCH 6, 2012**

        Pursuant to the Guidelines for Fees and Disbursements for Professionals in

Southern District of New York Bankruptcy Cases adopted by the Court on June 24, 1991 and

amended April 21, 1995 (together, the "Local Guidelines"), and the United States Trustee

Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed

Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines" and,

together with the Local Guidelines, the "Guidelines"), the undersigned, a senior managing

director of FTI Consulting, Inc. ("FTI"), financial advisors to the Official Committee of

Unsecured Creditors (the "Committee") of Lehman Brothers Holdings Inc. and its affiliated

debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby certifies

with respect to FTI's Final application for allowance of compensation for services rendered and

for reimbursement of expenses, dated July 5, 2012 (the "Application"), for the period of

September 17, 2008 through and including March 6, 2012 (the "Final Fee Period") as follows:

1.    I am the professional designated by FTI in respect of compliance with the

Guidelines.

2.    I make this certification in support of the Application, for interim

compensation and reimbursement of expenses for the Final Fee Period, in accordance with the

Local Guidelines.

3.    In respect of section B.1 of the Local Guidelines, I certify that:

    a.    I have read the Application.

    b.    To the best of my knowledge, information and belief formed after
reasonable inquiry, the fees and disbursements sought fall within
the Guidelines.

    c.    Except to the extent that fees or disbursements are prohibited by
the Guidelines, the fees and disbursements sought are billed at
rates in accordance with practices customarily employed by FTI
and generally accepted by FTI's clients.

    d.    In providing a reimbursable service, FTI does not make a profit on
that service, whether the service is performed by FTI in-house or
through a third party.

4.    In respect of section B.2 of the Local Guidelines, I certify that FTI has

provided statements of FTI's fees and disbursements previously accrued, by filing and serving

monthly statements in accordance with the Administrative Fee Order (as defined in the

Application).

5.    In respect of section B.3 of the Local Guidelines, I certify that copies of

the Application are being provided to (a) the Court, (b) the Debtors, (c) counsel for the Debtors,

(d) counsel for the Committee (e) the Office of the United States Trustee and the (f) the Fee

Committee.

Dated:      New York, New York
             July 5, 2012

FTI Consulting, Inc.
Financial Advisors to the Official Committee
Of Unsecured Creditors

By:_____

Samuel Star
Senior Managing Director
Three Times Square
New York, NY  10036
(212) 841-9368

# EXHIBIT

## "B"
## Retention Order

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x
In re:                                          :    Chapter 11
                                                :
    LEHMAN BROTHERS HOLDINGS INC., et al., :    08-13555 (JMP)
                                                :
                            Debtors.            :    (Jointly Administered)
-------------------------------------------------------------x

## FINAL ORDER UNDER 11 U.S.C. §§ 328(a) AND 1103, FED. R. BANKR. P. 2014, AND S.D.N.Y. LBR 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF FTI CONSULTING INC., AS FINANCIAL ADVISOR TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF LEHMAN BROTHERS HOLDINGS INC., ET AL., EFFECTIVE AS OF SEPTEMBER 17, 2008

Upon the application, dated October 21, 2008 (the "Application"), of the

Official Committee of Unsecured Creditors (the "Creditors' Committee"), appointed in the

above-captioned jointly administered chapter 11 cases of Lehman Brothers Holdings Inc., and

its affiliated debtors and debtors in possession (collectively, the "Debtors") for an order

authorizing the Creditors' Committee to retain and employ FTI Consulting Inc. ("FTI"),

effective as of September 17, 2008, as financial advisor for the Creditors' Committee in the

above-captioned cases, pursuant to sections 328(a) and 1103(a) of title 11 of the United States

Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and rule 2014 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local

Bankruptcy Rules for the District of New York (the "Local Rules"); and the Court having

considered the Affidavit of Michael Eisenband, sworn to October 21, 2008 (the "Eisenband

Affidavit"), in connection with the Application; and the Court being satisfied based on the

representations in the Application and the Eisenband Affidavit, that FTI does not represent any

other entity having an adverse interest in connection with the case within the meaning of

section 1103(b) of the Bankruptcy Code and is "disinterested" as defined in section 101(14) of

the Bankruptcy Code; and the Court having jurisdiction to consider the Application and the

relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of

Cases to Bankruptcy Judges of the United States District Court for the Southern District of

New York (Ward, Acting C.J.), dated July 10, 1984; and consideration of the Application and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the time for

objections to the Application having expired on October 31, 2008, except for the United States

Trustee and the Debtors, whose respective time to object was extended on consent until

November 13, 2008; and, with no objections having been timely filed by any party; and the

Court having entered an Interim Order (the "Interim Order") dated November 5, 2008 (Docket

No. 1405), approving the Application on an interim basis without objection; and no objection

having been timely made or filed by either the Debtors, the United States Trustee, or any other

party; and due and proper notice of the Application, the Interim Order, and the hearing to

consider entry of a final order approving the Application having been provided as approved in

the Interim Order; and it appearing that no other or further notice need be provided; and the

Court having reviewed the Application; and the Court having determined that the legal and

factual bases set forth in the Application establish just cause for the relief granted herein; and

upon all of the proceedings had before the Court, and after due deliberation and sufficient

cause appearing therefor, it is hereby

ORDERED that the Application is granted to the extent provided herein; and it

is further

ORDERED, that all compensation and reimbursement of expenses to be paid to

FTI, shall be subject to prior approval of this Court in accordance with the requirements under

§§ 330 and 331 of the Bankruptcy Code and the order of this Court which establishes

procedures for monthly compensation and reimbursement of expenses; and it is further

ORDERED, that without limiting the rights of the United States Trustee to

object to FTI's interim or final fee applications and without limiting the requirement that all

compensation and reimbursement of expenses to be paid to FTI shall be subject to prior

approval of this Court, in each instance as set forth in this Order, the Completion Fee (as

defined in the Application), to the extent approved by the Court, shall be an expense of the

administration of the above-captioned chapter 11 cases, payable, following conversion of such

cases to a case under Chapter 7 of Title 11 of the United States Code, in the same order of

priority as other allowed chapter 11 administrative expenses; and it is further

ORDERED, that all requests of FTI for payment of indemnity pursuant to the

Engagement shall be made by means of an application (interim or final as the case may be) and

shall be subject to review by the Court to ensure that payment of such indemnity conforms to

the terms of the Engagement and is reasonable based upon the circumstances of the litigation

or settlement in respect of which indemnity is sought, provided, however, that in no event shall

FTI be indemnified in the case of its own bad-faith, self-dealing, breach of fiduciary duty (if

any), gross negligence or willful misconduct; and it is further

ORDERED, that in no event shall FTI be indemnified if the Debtor or a

representative of the estate, asserts a claim for, and a court determines by final order that such

claim arose out of, FTI's own bad-faith, self-dealing, breach of fiduciary duty (if any), gross

negligence, or willful misconduct; and it is further

ORDERED that in the event FTI seeks reimbursement for attorneys' fees

pursuant to the terms of the Engagement, the invoices and supporting time records from such

3

attorneys shall be included in FTI's own application and such invoices and time records shall

be subject to the United States Trustee's guidelines for compensation and reimbursement of

expenses and the approval of the Bankruptcy Court under the standards of sections 330 and

331 of the Bankruptcy Code; and it is further

ORDERED that to the extent this Order is inconsistent with the Engagement or

the Application, this Order shall govern; and it is further

ORDERED that this court shall retain jurisdiction to hear and determine all

matters arising from the implementation of this Order.

Dated:  New York, New York
        November 21, 2008

        _s/ James M. Peck_____
        UNITED STATES BANKRUPTCY JUDGE

4

# EXHIBIT

## "C"

## Billing and Collection Summary

EXHIBIT C

LEHMAN BROTHERS HOLDING, INC., CASE NO. 08 - 13555

BILLING AND COLLECTION SUMMARY

| Application | Compensation Period | Original Fees Requested | Requested Original Expenses Requested (6) | Total Requested | Fee Committee Proposed Deductions | | | Allowed | | | Amounts Paid | Amounts Outstanding |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Fees | Expenses | Total | Fees Allowed | Expenses Allowed | Total Allowed | | |
| First Interim | September 2008 to January 2009 | $ 5,261,715.61 | $ 148,515.81 | $ 5,410,231.42 | $ 43,144.25 | $ 186.53 | $ 43,330.78 | $ 5,218,571.36 | $ 148,329.28 | $ 5,366,900.64 | $ 5,366,900.64 | $ 43,330.78 |
| Second Interim | February 2009 to May 2009 | 6,690,011.59 | 231,881.68 | 6,921,893.27 | 35,708.39 | 342.10 | 36,050.49 | 6,654,303.20 | 231,539.58 | 6,885,842.78 | 6,885,842.77 | 36,050.50 |
| Third Interim | June 2009 to September 2009 | 7,684,069.40 | 211,418.60 | 7,895,488.00 | 10,579.81 | 444.33 | 11,024.14 | 7,673,489.59 | 210,974.27 | 7,884,463.86 | 7,884,436.87 | 11,011.13 |
| Fourth Interim | October 2009 to January 2010 | 9,500,022.29 | 199,398.23 | 9,699,420.52 | 44,004.53 | 51,957.16 | 95,961.69 | 9,456,017.76 | 147,441.07 | 9,603,458.83 | 9,603,458.83 | 95,961.69 |
| Fifth Interim (1) | February 2010 to May 2010 | 9,684,055.45 | 89,869.95 | 9,773,925.40 | 19,358.95 | 6,695.50 | 26,054.45 | 9,664,701.45 | 83,174.45 | 9,747,875.90 | 9,741,155.69 | 32,769.71 |
| Sixth Interim | June 2010 to September 2010 | 13,364,786.17 | 65,183.44 | 13,429,969.61 | 45,532.40 | 357.16 | 45,889.56 | 13,319,253.77 | 64,826.28 | 13,384,080.05 | 13,384,080.05 | 45,889.56 |
| Seventh Interim | October 2010 to January 2011 | 12,727,735.75 | 186,351.60 | 12,914,087.35 | 77,876.80 | 356.78 | 78,233.58 | 12,649,858.95 | 185,994.82 | 12,835,853.77 | 12,835,853.77 | 78,233.58 |
| Eighth Interim | February 2011 to May 2011 | 12,195,343.08 | 189,309.44 | 12,384,652.52 | 72,536.75 | 432.67 | 72,969.42 | 12,122,806.33 | 188,876.77 | 12,311,683.10 | 9,945,583.90 | 2,439,068.62 |
| Ninth Interim (2) | June 2011 to September 2011 | 8,474,924.15 | 123,107.37 | 8,598,031.52 | - | - | - | - | - | - | 6,757,559.00 | 1,840,472.52 |
| Tenth Interim (3) | October 2011 to March 6, 2012 | 11,296,688.79 | 48,337.14 | 11,345,025.93 | - | - | - | - | - | - | 3,996,139.65 | 7,348,886.28 |
| | (4) Post March 6, 2012 | 90,584.50 | | 90,584.50 | | | | | | | | 90,584.50 |
| | | $ 96,969,936.78 | $ 1,493,373.26 | $ 98,463,310.04 | $ 348,741.88 | $ 60,772.23 | $ 409,514.11 | $ 76,759,002.41 | $ 1,261,156.52 | $ 78,020,158.93 | $ 86,401,011.17 | $ 12,062,298.87 |

(1) The Fifth Interim Order showed Fees Allowed of $9,658,001 instead of $9,664,701 per the schedule above. The Fee Committee's recommended deduction for fees and expenses were $19,358 and $6,695, respectively for a total deduction of $26,054. The order incorrectly reduced the Fees Requested by $26,054 and also reduced the expense requested by $6,695 resulting in a double counting of the expense deduction by $6,695.

(2) The Ninth Interim recommended deductions have not yet been finalized with the Fee Committee. However, the Fee Committee objected to rate increases for August and September 2011 in the amounts of $105,058 and $76,800, respectively. These amounts have been withheld from the monthly payments prior to the payment of the 80% of fees.

(3) FTI has not yet received a report with recommended deductions for the 10th interim period. However, the Fee Committee objected to rate increases for October 2011, December 2011 and February/March 2012 in the amounts of $91,518, $47,129 and $94,874, respectively. These amounts have been withheld from the monthly payments prior to the payment of the 80% of fees. The Tenth Interim also includes the Completion Fee.

(4) Includes time which was incurred after March 6, 2012 for the preparation of the 10th interim fee application, the final fee application, and responses to the Fee Committee. Additional time has and will be spent working with the Fee Committee to respond to their reports regarding the Tenth and Final Fee Applications. FTI is not able to estimate these fees at this time but reserves the right to request payment of these fees in the Order approving payment of the Final Fee Applications.

(5) The expenses requested reflect a reduction of certain expenses as per the Fee Committee guidelines, including overtime meal expenses for which FTI seeks reimbursement of no more than $20 per meal, out of town meals which are capped at $40, hotels which are capped at $500 per night and car services which are capped at $100 per trip.

# EXHIBIT

## "D"
### Summary of Time and Fees by Professional

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Alsarraf, Tamara | Consultant | $280 | 308.5 | $86,380.00 |
| Alvarez, Javier | Director | $490 | 63.5 | $31,115.00 |
| Amico, Marc | Senior Consultant | $515 | 2.0 | $1,030.00 |
| Appell, Wesley | Director | $567 | 369.6 | $209,398.50 |
| Argiriou, James | Consultant | $280 | 2.0 | $560.00 |
| Atran, Irina | Director | $350 | 4.1 | $1,435.00 |
| Bajracharya, Ranjit | Consultant | $450 | 1.8 | $810.00 |
| Baker, Eliana | Consultant | $232 | 34.8 | $8,087.50 |
| Baldwin, Paul | Director | $588 | 0.5 | $294.16 |
| Barovick, Barry | Senior Managing Director | $475 | 2.0 | $950.00 |
| Barrett, James | Director | $260 | 42.4 | $11,037.50 |
| Bartko, Edward | Senior Managing Director | $825 | 0.5 | $412.50 |
| Bauer, Michael | Director | $423 | 657.8 | $278,315.00 |
| Baumkirchner, Michael | Managing Director | $629 | 5,755.5 | $3,618,254.00 |
| Beloreshki, Tsvetan | Senior Managing Director | $567 | 85.8 | $48,654.50 |
| Belov, Mikhail | Director | $450 | 80.5 | $36,225.00 |
| Bergin, Richard | Managing Director | $575 | 1,124.9 | $646,817.50 |
| Bernsohn, Sean | Senior Consultant | $515 | 706.7 | $363,950.50 |
| Bertelsen, Eric | Senior Consultant | $462 | 261.6 | $120,738.50 |
| Blanton, Jeffrey | Consultant | $231 | 168.6 | $38,965.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Blum, Steven | Managing Director | $540 | 285.3 | $154,062.00 |
| Boo, Jason | Consultant | $235 | 40.7 | $9,564.50 |
| Bossard, Kelly | Managing Director | $551 | 837.5 | $461,125.50 |
| Bouchma, Miriam | Director | $452 | 1,057.7 | $477,878.50 |
| Braun, Richard | Managing Director | $710 | 120.5 | $85,555.00 |
| Briggi, Lawrence | Managing Director | $450 | 43.8 | $19,710.00 |
| Brodwin, Jahn | Senior Managing Director | $623 | 407.6 | $253,767.50 |
| Broxson, John | Managing Director | $570 | 10.0 | $5,700.00 |
| Brunner, Robert | Senior Managing Director | $665 | 105.5 | $70,165.00 |
| Burkhardt, Rachel | Director | $450 | 124.4 | $55,980.00 |
| Buycks, Amber | Consultant | $280 | 1.5 | $420.00 |
| Cabral, Debra | Senior Managing Directpr | $375 | 6.5 | $2,437.50 |
| Castellano, Joseph | Senior Managing Director | $640 | 58.3 | $37,312.00 |
| Celli, Nicholas | Intern | $175 | 42.6 | $7,455.00 |
| Chan, Stanley | Director | $462 | 3,176.8 | $1,467,333.00 |
| Chang, Richard | Consultant | $275 | 63.6 | $17,490.00 |
| Chen, Iris | Consultant | $369 | 41.4 | $15,291.50 |
| Cheng, Laura | Senior Consultant | $415 | 1,844.7 | $765,616.50 |
| Chertok, Mark | Senior Managing Director | $750 | 1.0 | $750.00 |
| Chin, Clara | Senior Director | $499 | 1,352.2 | $674,202.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [(1)] | Total Hours | Total Fees |
|---|---|---|---|---|
| Cohen, Benjamin | Director | $470 | 710.4 | $333,888.00 |
| Connor, Jennifer | Senior Consultant | $270 | 223.7 | $60,399.00 |
| Conversano, James | Senior Director | $496 | 114.3 | $56,646.00 |
| Costanzo, Thomas | Senior Consultant | $291 | 3,192.5 | $930,457.50 |
| Cozier, Keith | Director | $350 | 19.8 | $6,930.00 |
| Creagh, Kristine | Consultant | $355 | 5.1 | $1,810.50 |
| Cristiano, John | Managing Director | $595 | 3.5 | $2,082.50 |
| Crittenden III, John | Managing Director | $625 | 70.0 | $43,750.00 |
| Darefsky, Robert J. | Senior Managing Director | $845 | 2,381.2 | $2,013,276.00 |
| Dass, Premjit | Director | $392 | 6.0 | $2,352.24 |
| Dave, Meghna | Consultant | $256 | 1,494.3 | $382,236.00 |
| Davidoff, Eliot | Senior Consultant | $300 | 3.2 | $960.00 |
| Davis, Jordan | Senior Consultant | $501 | 638.5 | $319,881.50 |
| de Lastic, Christopher | Senior Consultant | $350 | 1,196.7 | $418,845.00 |
| Dean, Christopher | Director | $641 | 5,818.0 | $3,730,826.00 |
| Denyer, Emma | Senior Consultant | $517 | 260.8 | $134,943.94 |
| Der Garry, Carol | Managing Director | $540 | 162.8 | $87,912.00 |
| Dewar, Mark | Senior Managing Director | $927 | 315.2 | $292,080.93 |
| Diamond, Charles | Managing Director | $542 | 40.1 | $21,748.50 |
| Diaz, Matthew | Senior Managing Director | $732 | 70.3 | $51,472.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Dinapoli, Dominic | Senior Managing Director | $800 | 7.5 | $6,000.00 |
| Djordjevic, Luka | Consultant | $250 | 21.0 | $5,250.00 |
| Djordjevic, Nikola | Director | $394 | 4,580.9 | $1,804,880.00 |
| Donoghue, Patrick | Senior Managing Director | $703 | 162.6 | $114,305.00 |
| Donovan, Damian | Consultant | $420 | 9.0 | $3,782.05 |
| Dora, Brian | Consultant | $370 | 6.0 | $2,220.00 |
| Eisemann, Daniel | Director | $560 | 56.4 | $31,584.00 |
| Eisenband, Michael | Senior Managing Director | $852 | 3,446.8 | $2,935,157.00 |
| Elsabee, Joseph | Senior Consultant | $480 | 487.2 | $233,856.00 |
| Ennis, John | Director | $317 | 10.1 | $3,199.00 |
| Erb, Guy | Managing Director | $575 | 0.8 | $460.00 |
| Fabiaschi, Emily | Consultant | $370 | 52.9 | $19,573.00 |
| Falconer, Susan | Senior Consultant | $300 | 1.3 | $390.00 |
| Farber, Arnold | Senior Consultant | $455 | 1,359.2 | $617,970.00 |
| Feldman, Andrew | Consultant | $290 | 505.2 | $146,508.00 |
| Fick, Kenneth | Director | $490 | 7.2 | $3,528.00 |
| Field, Mark | Senior Consultant | $285 | 3.0 | $855.00 |
| Finan, Ciara | Intern | $125 | 43.4 | $5,425.00 |
| Finkenstaedt, James | Consultant | $271 | 686.0 | $185,659.00 |
| Flores-Hernandez, Luis | Consultant | $225 | 7.0 | $1,575.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Fontana, Andrew | Consultant | $270 | 99.3 | $26,811.00 |
| Foo, Sandy | Senior Consultant | $473 | 3,526.1 | $1,666,568.00 |
| French, Jennifer | Director | $651 | 5,029.5 | $3,273,640.50 |
| Fried, Jordan | Associate | $223 | 4.6 | $1,026.00 |
| Friedland, Deborah | Managing Director | $424 | 349.4 | $147,972.50 |
| Friedland, Scott | Senior Managing Director | $658 | 2,506.1 | $1,648,572.00 |
| Friedler, Andrew | Director | $495 | 389.6 | $193,042.00 |
| Friedmann, Peter | Senior Consultant | $370 | 405.9 | $150,183.00 |
| Gaida, Dean | Director | $440 | 39.6 | $17,424.00 |
| Garber, Steven | Managing Director | $710 | 7.0 | $4,970.00 |
| Ghi, Katherine | Consultant | $346 | 2,280.6 | $788,039.00 |
| Giddings, Jeffrey | Director | $490 | 94.0 | $46,060.00 |
| Glaser, Justin | Senior Consultant | $375 | 38.0 | $14,250.00 |
| Goad, David | Consultant | $305 | 18.6 | $5,673.00 |
| Goldberg, Kristina | Associate | $225 | 4.0 | $900.00 |
| Gosik, Jaime | Director | $490 | 217.4 | $106,526.00 |
| Gosselin, Patrick | Senior Consultant | $500 | 787.2 | $393,600.00 |
| Granger, Simon | Senior Managing Director | $795 | 3.0 | $2,383.84 |
| Grapstein, Arielle | Intern | $140 | 291.7 | $40,838.00 |
| Green, Brian | Consultant | $290 | 2.0 | $580.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Green, Jordan | Consultant | $246 | 1,882.8 | $463,674.50 |
| Greenberg, Mark | Managing Director | $703 | 3,349.4 | $2,356,174.00 |
| Greenblatt, Matthew | Managing Director | $565 | 12.3 | $6,949.50 |
| Greenspan, Ronald F | Senior Managing Director | $715 | 24.8 | $17,732.00 |
| Gregory, Lauren | Consultant | $323 | 2,659.2 | $859,128.00 |
| Grisafi, Anthony | Intern | $75 | 57.8 | $4,335.00 |
| Gross, Kenneth | Senior Consultant | $431 | 568.2 | $244,974.50 |
| Haase, James | Senior Consultant | $241 | 2.7 | $651.00 |
| Hain, Danielle | Managing Director | $723 | 3,012.0 | $2,176,241.50 |
| Hall, Andrew | Director | $588 | 4.0 | $2,353.27 |
| Hall, Whitney | Consultant | $255 | 2.0 | $510.00 |
| Harrison, Jay | Consultant | $225 | 5.5 | $1,237.50 |
| Harvey, Bonnie | Consultant | $365 | 0.5 | $182.50 |
| Hedden, Michael | Managing Director | $675 | 5.5 | $3,712.50 |
| Heinz, Peter | Senior Consultant | $463 | 1,813.3 | $839,046.50 |
| Heller, Alana | Senior Consultant | $279 | 36.7 | $10,251.00 |
| Heller, Justin | Senior Consultant | $303 | 5.7 | $1,726.50 |
| Hellmund-Mora, Marili | Associate | $250 | 364.8 | $91,200.00 |
| Henn, Timothy | Consultant | $368 | 2,953.6 | $1,085,645.50 |
| Herold, Christopher | Associate | $225 | 1.8 | $405.00 |

**Page 6 of 15**

## EXHIBIT D
### LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555
### SUMMARY OF FEES BY PROFESSIONAL
#### *FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Hewitt, Kevin | Senior Managing Director | $822 | 130.0 | $106,837.91 |
| Hofstad, Ivo | Director | $450 | 19.4 | $8,730.00 |
| Holzinger, Richard | Senior Managing Director | $800 | 6.8 | $5,440.00 |
| Hull, Jennifer | Director | $495 | 57.5 | $28,462.50 |
| Hutchinson, Zachary | Consultant | $275 | 0.4 | $110.00 |
| Imhoff, Dewey | Senior Managing Director | $729 | 46.9 | $34,213.50 |
| Ingle, Suann | Director | $375 | 2.0 | $750.00 |
| Isenberg, Michael | Intern | $75 | 4.3 | $322.50 |
| James, Benjamin | Consultant | $352 | 127.1 | $44,788.50 |
| Jaynes, Robert | Senior Consultant | $445 | 8.5 | $3,782.50 |
| Jelen, Michael | Senior Consultant | $315 | 1,494.2 | $470,604.00 |
| Jiricek, Jaqueline | Consultant | $350 | 294.9 | $103,215.00 |
| Joffe, Steven | Senior Managing Director | $884 | 363.2 | $321,067.50 |
| Johnston, Bonnie | Paraprofessional | $210 | 2,878.3 | $603,419.00 |
| Kennedy, G. William | Managing Director | $575 | 1.0 | $575.00 |
| Kennedy, Jason | Managing Director | $725 | 83.0 | $60,175.00 |
| Kim, Annette | Senior Consultant | $318 | 25.9 | $8,242.50 |
| Kim, Hansol | Managing Director | $695 | 942.1 | $654,759.50 |
| Kim, Jae | Senior Consultant | $374 | 4,416.8 | $1,650,675.00 |
| Kim, Jin Tae | Senior Consultant | $485 | 356.9 | $173,037.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Koch, Rachel | Director | $463 | 929.9 | $430,773.50 |
| Kocica, Anthony | Director | $400 | 4.0 | $1,600.00 |
| Korn, Gary | Director | $620 | 45.5 | $28,210.00 |
| Korsman, Lynn | Senior Consultant | $481 | 4,493.9 | $2,162,985.00 |
| Kream, Benjamin | Consultant | $326 | 800.8 | $260,943.50 |
| Kwak, Michael | Director | $440 | 888.5 | $390,968.00 |
| Laber, Mark | Managing Director | $675 | 1.4 | $945.00 |
| Lake, Brett | Manager | $296 | 124.8 | $36,899.00 |
| Lam, Monica | Senior Consultant | $489 | 10.0 | $4,889.92 |
| Langham, Katy | Senior Consultant | $489 | 10.0 | $4,889.92 |
| Larson, Ellen | Managing Director | $745 | 3.0 | $2,235.00 |
| Lau, King | Director | $486 | 770.2 | $374,542.00 |
| Lavin, Kevin | Senior Managing Director | $715 | 15.6 | $11,154.00 |
| Lawson, Peter | Managing Director | $325 | 0.5 | $162.50 |
| Lazzara, Frank | Managing Director | $513 | 375.3 | $192,574.00 |
| Le Fort, Justin | Consultant | $517 | 2.0 | $1,033.46 |
| Leka, Florian | Director | $465 | 1,122.5 | $522,256.50 |
| Lennon, Chad | Consultant | $256 | 480.3 | $122,726.50 |
| Leo, Brian | Consultant | $241 | 148.5 | $35,807.00 |
| Leung, Ka | Senior Consultant | $325 | 6.0 | $1,950.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Levenberg, Hal | Consultant | $235 | 34.6 | $8,131.00 |
| Levin, Ellis | Managing Director | $575 | 16.1 | $9,257.50 |
| Lewin, Suzanne | Managing Director | $487 | 33.0 | $16,056.82 |
| Lloyd, Brian | Consultant | $348 | 18.4 | $6,398.50 |
| Luchsinger, John | Senior Consultant | $314 | 2,252.4 | $707,508.00 |
| Lyman, Scott | Director | $589 | 6,722.7 | $3,956,767.50 |
| Mackie, Kristen | Director | $350 | 475.4 | $166,390.00 |
| MacLaverty, Robert | Managing Director | $540 | 1.0 | $540.00 |
| Majerle, Robin | Senior Consultant | $435 | 2,142.8 | $931,865.00 |
| Majeski, Paul | Consultant | $355 | 0.8 | $284.00 |
| Malloy, Christina | Senior Consultant | $330 | 5.9 | $1,947.00 |
| Manalo, Caroline | Director | $648 | 198.4 | $128,556.00 |
| Manning, Edward | Consultant | $450 | 4.0 | $1,799.80 |
| McCarthy, Ian | Director | $305 | 2.4 | $732.00 |
| McDonagh, Timothy | Managing Director | $695 | 20.4 | $14,178.00 |
| McDonald, Brian | Senior Consultant | $445 | 28.3 | $12,593.50 |
| McDonald, Robert | Director | $490 | 8.9 | $4,361.00 |
| McGannon, Jeremy | Director | $410 | 385.8 | $158,009.00 |
| Melchiorre, Amy | Senior Consultant | $340 | 45.0 | $15,300.00 |
| Mercer, Gregory | Senior Consultant | $293 | 445.2 | $130,540.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Meyers, Glenn | Managing Director | $575 | 130.0 | $74,750.00 |
| Meyers, William | Senior Consultant | $375 | 1.0 | $375.00 |
| Mikulka, Gregory | Consultant | $254 | 2,528.4 | $641,129.00 |
| Miller, Christopher | Senior Consultant | $247 | 1,794.3 | $442,420.50 |
| Moore, Meghan | Consultant | $280 | 1,463.0 | $409,373.00 |
| Mordecai, David K.A. | Economic Consultant | $1,000 | 154.5 | $154,500.00 |
| Morris, Caitlin | Consultant | $280 | 14.5 | $4,060.00 |
| Morris, Justin | Senior Consultant | $272 | 535.6 | $145,622.50 |
| Muth, Ryan | Consultant | $190 | 6.8 | $1,292.00 |
| Narang, Karan | Senior Consultant | $256 | 179.3 | $45,929.50 |
| Nasso, Frank | Consultant | $355 | 28.9 | $10,259.50 |
| Nelms, Christopher | Managing Director | $610 | 3,458.1 | $2,108,739.50 |
| Ng, William | Director | $552 | 3,274.2 | $1,808,192.00 |
| Nitz, Scott | Senior Consultant | $466 | 3,611.5 | $1,683,122.50 |
| Nores, Juan | Director | $620 | 118.4 | $73,408.00 |
| Ogunlade, Oluwatayo | Director | $425 | 2.5 | $1,062.50 |
| Oh, Eun | Senior Consultant | $405 | 306.9 | $124,175.00 |
| Omeljanivk, Robert | Director | $400 | 6.4 | $2,560.00 |
| Patel, Nimisha | Director | $375 | 1.3 | $487.50 |
| Peck, Amanda | Consultant | $499 | 29.5 | $14,732.84 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Pegnia, Joseph | Managing Director | $675 | 404.9 | $273,401.00 |
| Pelavin, David | Senior Consultant | $335 | 6.6 | $2,211.00 |
| Pelino, Nicholas | Consultant | $235 | 1,600.7 | $376,164.50 |
| Perebzak, Michael | Consultant | $280 | 2.0 | $560.00 |
| Picarello, Jonathan | Senior Consultant | $275 | 5.5 | $1,512.50 |
| Post, Erik | Senior Managing Director | $595 | 26.3 | $15,648.50 |
| Pruchansky, Jonathan | Consultant | $370 | 12.5 | $4,625.00 |
| Rauch, Adam | Consultant | $313 | 2,605.4 | $814,610.00 |
| Reagan, Mark | Consultant | $256 | 527.0 | $134,722.50 |
| Reeder, David | Senior Consultant | $250 | 0.5 | $125.00 |
| Rees, Thomas | Managing Director | $540 | 1,213.6 | $655,434.00 |
| Rega, Antonio | Director | $428 | 179.5 | $76,791.50 |
| Reilly, Christopher | Consultant | $346 | 2,928.3 | $1,013,086.00 |
| Remnitz, David | Senior Managing Director | $800 | 5.3 | $4,240.00 |
| Rice, Brady | Senior Consultant | $310 | 150.0 | $46,500.00 |
| Rickelton, Lisa | Director | $752 | 260.6 | $195,849.00 |
| Rivett, Natalie | Consultant | $211 | 11.0 | $2,316.82 |
| Rizvi, Tabish | Managing Director | $563 | 4,298.0 | $2,417,797.50 |
| Rodriguez, Yolanda | Paraprofessional | $196 | 57.5 | $11,295.00 |
| Rohrer, Tracey | Director | $495 | 126.4 | $62,568.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Ruta, Dustin | Director | $437 | 2,748.9 | $1,201,506.50 |
| Ryan, Benjamin | Senior Consultant | $480 | 554.5 | $266,160.00 |
| Saginur, Dina | Consultant | $360 | 267.7 | $96,361.00 |
| Saitta, George | Director | $499 | 600.3 | $299,651.50 |
| Sampath, Vijay | Managing Director | $575 | 889.9 | $511,848.50 |
| Santanasto, John | Consultant | $260 | 7.5 | $1,950.00 |
| Sawyer, Alison | Director | $457 | 577.6 | $264,068.00 |
| Schondelmeier, Kathryn | Senior Consultant | $385 | 0.8 | $308.00 |
| Schwartz, Matthew | Intern | $75 | 8.3 | $622.50 |
| Schwarz, David | Intern | $175 | 54.5 | $9,537.50 |
| Selwood, Michael | Senior Managing Director | $732 | 17.0 | $12,450.00 |
| Shah, Mili | Consultant | $253 | 2,549.1 | $645,595.00 |
| Shapiro, Marc | Director | $354 | 24.9 | $8,808.00 |
| Sharrott, Charles | Consultant | $240 | 17.2 | $4,128.00 |
| Simms, Steven | Senior Managing Director | $715 | 5.1 | $3,646.50 |
| Simon, MaryAnn | Paraprofessional | $185 | 21.4 | $3,959.00 |
| Simpson, Chaz | Director | $470 | 1,095.5 | $514,885.00 |
| Sims, Jason | Director | $325 | 2.3 | $747.50 |
| Singh, Amandeep | Senior Consultant | $385 | 6.6 | $2,541.00 |
| Siris, John | Managing Director | $704 | 4,233.3 | $2,982,114.50 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Sloane, Raymond | Senior Managing Director | $660 | 699.8 | $461,976.00 |
| Smith, Derrick | Director | $430 | 1,144.6 | $492,178.00 |
| Smith, Douglas | Senior Consultant | $328 | 217.2 | $71,272.50 |
| Smith, Paul | Senior Managing Director | $795 | 3.5 | $2,781.14 |
| Spinella, Joseph | Managing Director | $561 | 987.6 | $554,472.50 |
| Spinner, Joseph | Consultant | $290 | 5.0 | $1,450.00 |
| Spragg, Mark C | Senior Managing Director | $795 | 3.5 | $2,782.50 |
| Star, Samuel | Senior Managing Director | $847 | 2,027.8 | $1,717,544.00 |
| Stern, Philip | Senior Managing Director | $630 | 71.6 | $45,108.00 |
| Strong, Pamela | Consultant | $235 | 1,576.4 | $370,454.00 |
| Suh, Joseph | Director | $428 | 251.5 | $107,658.00 |
| Sullivan, Colleen | Director | $385 | 48.4 | $18,634.00 |
| Summers, Joseph | Director | $585 | 1.0 | $585.00 |
| Sutter, Justin | Associate | $214 | 40.9 | $8,735.00 |
| Swanson, David | Director | $640 | 659.4 | $421,906.00 |
| Swetz, Michael | Consultant | $315 | 37.7 | $11,875.50 |
| Szymik, Filip | Senior Consultant | $419 | 3,740.4 | $1,565,546.00 |
| Tantleff, Alan | Senior Managing Director | $739 | 255.1 | $188,593.50 |
| Ten Eyck, Ernest | Senior Managing Director | $750 | 2.6 | $1,950.00 |
| Terry, Adam | Senior Consultant | $485 | 96.0 | $46,560.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate (1) | Total Hours | Total Fees |
|---|---|---|---|---|
| Thomas, Monique | Director | $411 | 290.6 | $119,462.50 |
| Torano, Tamara | Consultant | $250 | 3.3 | $825.00 |
| Trask, Andrew | Consultant | $240 | 6.5 | $1,560.00 |
| Tso, Glenn | Consultant | $794 | 4.0 | $3,175.00 |
| Tully, Connor | Senior Managing Director | $741 | 2,487.0 | $1,842,483.00 |
| Turner, David | Managing Director | $568 | 1,592.5 | $905,298.50 |
| Tuteja, Gurpreet | Director | $369 | 2,034.4 | $749,975.00 |
| Ulin, Karl | Director | $604 | 1,360.6 | $822,186.00 |
| Vadhirajan, Vinay | Consultant | $275 | 2.4 | $660.00 |
| Vint, James | Managing Director | $675 | 29.7 | $20,034.12 |
| Volsky, Hannah | Consultant | $232 | 1,091.6 | $253,236.50 |
| Voshell, Colleen | Director | $475 | 1.0 | $475.00 |
| Walden, Michael | Manager | $315 | 13.0 | $4,095.00 |
| Walker, Jr., Donald | Senior Managing Director | $660 | 3.5 | $2,310.00 |
| Walsh, Colin | Director | $275 | 5.4 | $1,485.00 |
| Walsh, Timothy | Senior Consultant | $400 | 153.6 | $61,440.00 |
| Wang, Jennifer | Senior Consultant | $302 | 2,434.4 | $735,106.50 |
| Wang, Luda | Consultant | $573 | 17.5 | $10,024.30 |
| Waters, John | Senior Consultant | $235 | 7.5 | $1,762.50 |
| Wei, Michael | Director | $475 | 8.0 | $3,800.00 |

**EXHIBIT D**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**

*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Professional | Position | Billing Rate [1] | Total Hours | Total Fees |
|---|---|---|---|---|
| Weinthal, Rachel | Director | $429 | 2,058.5 | $882,865.50 |
| Williams, Mark | Senior Consultant | $278 | 2,347.5 | $653,617.50 |
| Witinok, Daniel | Director | $398 | 2,650.7 | $1,054,434.50 |
| Wong, Edith | Director | $410 | 61.2 | $25,092.00 |
| Worth, Tristram | Consultant | $211 | 1,332.8 | $281,429.00 |
| Wu, Simon | Managing Director | $565 | 40.9 | $23,108.50 |
| Yang, Victor | Consultant | $370 | 157.7 | $58,314.00 |
| Yozzo, John | Managing Director | $545 | 19.8 | $10,791.00 |
| **Grand Total** | | | 192,498.9 | $92,240,719.48 |
| *Completion Fee* | | | | $ 5,000,000.00 |
| [2] *Preparation of Fee Applications* | | | 233.1 | $ 90,584.50 |
| [3] *Less: Total Adjustments* | | | | ($ 361,367.15) |
| **Net Grand Total** | | | 192,732 | $96,969,936.83 |

[1] Billing Rate is blended to reflect revised rates over the course of the case. Positions reflect the most current position.

[2] Time which was incurred after March 6, 2012 for the preparation of the 10th interim fee application, the final fee application and responses to the Fee Committee. Additional time has and will be spent working with the Fee Committee to respond to their reports regarding the Tenth and Final Fee Application. FTI is not able to estimate these fees at this time but reserves the right to request payment of these fees in the Order approving payment of the Final Fee Applications.

[3] Total adjustments include (1) 50% travel time reduction in the amount of ($534,984.15), (2) Overbill in September 2011 Fee Statement in the amount of ($1,415.00); and (3) underbilled fees for Jennifer Wang from June 2010 to October 2011 in the amount of $175,032.00.

# EXHIBIT

## "E"
## Summary of Time by Task Code

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 0100 | General Case Administration | 627.6 | $408,743.94 |
| 0300 | Project Monitoring/Court Calendar & Docket Maintenance | 1,287.0 | $676,642.84 |
| 0400 | Hearings and Court Communications | 24.6 | $17,773.00 |
| 0500 | Non-Working Travel | 2,774.9 | $1,069,968.50 |
| 0700 | Communications with Debtors | 516.7 | $340,813.84 |
| 0800 | Unsecured Creditors Issues/Meetings/Communications/Creditors' Committee | 3,830.0 | $2,812,787.89 |
| 1100 | LBI/SIPC Coordination and Issues | 2,293.8 | $1,411,829.73 |
| 1200 | Cash Management | 4,577.0 | $2,519,632.01 |
| 1400 | Employee/ERISA/Benefits/Pension Issues | 1,756.4 | $1,158,669.50 |
| 1800 | Tax Issues | 382.6 | $333,826.66 |
| 2000 | Other General Business Operation Issues | 4,144.8 | $2,481,101.00 |
| 2100 | Intercompany Issues | 13,359.5 | $6,923,976.06 |
| 2200 | Data Preservation/Migration | 21,838.2 | $7,360,408.19 |
| 2300 | Real Estate Matters | 24,716.2 | $11,545,270.76 |
| 2400 | Private Equity | 146.0 | $101,344.00 |
| 2500 | Derivatives/SWAP Agreement Issues (Including Derivatives-Related Adversary Proceedings, Alternative Dispute Resolution, and Claims Reconciliation and Litigation) | 60,317.5 | $28,382,179.00 |
| 2600 | Loans/Investments | 1,023.8 | $589,512.50 |
| 2800 | International Insolvency Issues | 1,422.2 | $1,010,304.83 |
| 2900 | Schedules/Statement of Financial Affairs/Other Reporting Issues | 3,003.4 | $1,691,170.22 |
| 3400 | Exit Financing | 0.8 | $620.00 |
| 3500 | Plan of Reorganization/Plan Confirmation/Plan Implementation | 3,388.5 | $2,398,219.50 |
| 3700 | Non-Derivative Claims Reconciliation, Estimation, Litigation, and Alternative Dispute Resolution and Bar Date Issues | 20,562.6 | $9,050,066.00 |
| 3900 | Non-Derivative Adversary Proceedings Preparation and Litigation | 15,508.8 | $8,246,950.00 |

**EXHIBIT E**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY TASK DESCRIPTION**
*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| TASK NUMBER | TASK DESCRIPTION | TOTAL HOURS | TOTAL FEES |
|---|---|---|---|
| 4500 | Examiner Issues | 119.5 | $74,283.50 |
| 4600 | Firm's Own Billing/Fee Applications | 4,397.0 | $1,396,815.50 |
| 4700 | Firm's Own Retention Issues | 479.4 | $237,810.50 |
| | **Grand Total** | 192,498.9 | $92,240,719.48 |
| | *Completion Fee* | | $ 5,000,000.00 |
| | (1) *Preparation of Fee Applications* | *233.1* | $    90,584.50 |
| | (2) *Less: Total Adjustments* | | ( $    361,367.15) |
| | **Net Grand Total** | *192,732* | $96,969,936.83 |

(1) Time which was incurred after March 6, 2012 for the preparation of the 10th interim fee application, the final fee application and responses to the Fee Committee. Additional time has and will be spent working with the Fee Committee to respond to their reports regarding the Tenth and Final Fee Application. FTI is not able to estimate these fees at this time but reserves the right to request payment of these fees in the Order approving payment of the Final Fee Applications.

(2) Total adjustments include (1) 50% travel time reduction in the amount of ($534,984.15), (2) Overbill in September 2011 Fee Statement in the amount of ($1,415.00); and (3) underbilled fees for Jennifer Wang from June 2010 to October 2011 in the amount of $175,032.00.

# EXHIBIT

## "F"
## Expenses by Category

**EXHIBIT F**
**LEHMAN BROTHERS HOLDING, INC. CASE NO. 08-13555**
**SUMMARY OF EXPENSES BY CATEGORY**
*FOR THE PERIOD SEPTEMBER 17, 2008 THROUGH MARCH 6, 2012*

| Expense Category | Total Expenses |
|---|---|
| Airfare | $202,384.47 |
| Lodging | $710,924.91 |
| Meals | $115,439.62 |
| Transportation | $191,337.25 |
| Other | $273,287.01 |
| (1) Grand Total | $1,493,373.26 |

*(1) The expenses requested reflect a reduction of certain expenses as per the Fee Committee guidelines, including overtime meal expenses for which FTI seeks reimbursement of no more than $20 per meal, out of town meals which are capped at $40, hotels which are capped at $500 per night and car services which are capped at $100 per trip.*

# EXHIBIT

## "G"

**Fees for the period March 7, 2012 through June 30, 2012**

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC., CASE NO. 08-13555**
**SUMMARY OF FEES BY PROFESSIONAL**
**TASK CODE 4600**

*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*

| Professional | Position | Billing Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Eisenband, Michael | Senior Managing Director | $895.00 | 1.9 | $1,700.50 |
| French, Jennifer | Managing Director | $695.00 | 21.5 | $14,942.50 |
| Greenberg, Mark | Managing Director | $745.00 | 1.0 | $745.00 |
| Hain, Danielle | Managing Director | $745.00 | 47.0 | $35,015.00 |
| Hellmund-Mora, Marili | Associate | $250.00 | 8.0 | $2,000.00 |
| Johnston, Bonnie | Paraprofessional | $210.00 | 148.0 | $31,080.00 |
| Star, Samuel | Senior Managing Director | $895.00 | 5.7 | $5,101.50 |
| | | **Grand Total** | **233.1** | **$90,584.50** |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 3/7/2012 | Hain, Danielle | Managing Director | 0.5 | Follow up regarding questions from Fee Committee on 8th interim fee application. | 4600 |
| 3/7/2012 | Hain, Danielle | Managing Director | 1.1 | Review draft stipulations related to 7th and 8th fee applications. | 4600 |
| 3/7/2012 | Hain, Danielle | Managing Director | 0.3 | Review memo from Fee Committee related to 10th interim fee application. | 4600 |
| 3/7/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Prepare request for Completion Fee. | 4600 |
| 3/7/2012 | Star, Samuel | Senior Managing Director | 0.2 | Review draft Fee Committee stipulation. | 4600 |
| 3/8/2012 | Hain, Danielle | Managing Director | 0.5 | Review draft exhibits for 10th interim fee application. | 4600 |
| 3/8/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Prepare October 2011 - January 2012 fees in preparation for the Tenth Interim Fee Application. | 4600 |
| 3/8/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Resolve variances between Tenth Interim Exhibits and monthly fee applications. | 4600 |
| 3/8/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Reconcile tenth interim exhibits to monthly fee applications. | 4600 |
| 3/8/2012 | Johnston, Bonnie | Paraprofessional | 1.8 | Prepare Exhibits D, E, G1 and H1 for the Tenth Interim Fee Application. | 4600 |
| 3/9/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Generate February 2012 proforma. | 4600 |
| 3/9/2012 | Johnston, Bonnie | Paraprofessional | 1.6 | Consolidate time detail in preparation for the final fee application. | 4600 |
| 3/9/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Prepare February 2012 interim fee application. | 4600 |
| 3/9/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Prepare February 2012 fee statement. | 4600 |
| 3/11/2012 | Johnston, Bonnie | Paraprofessional | 3.8 | Prepare invoice for January 2012. | 4600 |
| 3/12/2012 | French, Jennifer | Managing Director | 2.8 | Prepare real estate description for 10th interim fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 3/13/2012 | Hain, Danielle | Managing Director | 1.2 | Review 9th interim Fee Committee report. | 4600 |
| 3/13/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Review expense entries to verify lodging in response to Fee Committee report. | 4600 |
| 3/13/2012 | Johnston, Bonnie | Paraprofessional | 0.3 | Follow up with professional regarding Fee Committees' request for expense receipts. | 4600 |
| 3/13/2012 | Johnston, Bonnie | Paraprofessional | 0.5 | Prepare summary of requested receipts upon Fee Committee's request. | 4600 |
| 3/14/2012 | Hain, Danielle | Managing Director | 0.9 | Review draft exhibits for 10th interim fee application. | 4600 |
| 3/14/2012 | Hain, Danielle | Managing Director | 1.4 | Prepare response to Fee Committee regarding 9th fee application report. | 4600 |
| 3/15/2012 | French, Jennifer | Managing Director | 2.4 | Prepare summary of real estate activities for Tenth Interim Fee Application. | 4600 |
| 3/16/2012 | Hain, Danielle | Managing Director | 0.3 | Review Fee Committee supplemental objection to December fee statement. | 4600 |
| 3/16/2012 | Johnston, Bonnie | Paraprofessional | 2.8 | Review February 2012 fees. | 4600 |
| 3/16/2012 | Johnston, Bonnie | Paraprofessional | 0.5 | Communicate with professionals regarding expenses. | 4600 |
| 3/16/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Prepare expenses to be compliant with Fee Committee guidelines. | 4600 |
| 3/19/2012 | Johnston, Bonnie | Paraprofessional | 2.4 | Prepare February 2012 fee extracts in connection with the 10th Interim fee application. | 4600 |
| 3/20/2012 | Hain, Danielle | Managing Director | 0.4 | Participate in call with Fee Committee to resolve 7th and 8th stipulations. | 4600 |
| 3/20/2012 | Hain, Danielle | Managing Director | 0.5 | Review 8th interim stipulation prepared by the Fee Committee. | 4600 |
| 3/20/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Update February proforma. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 3/20/2012 | Johnston, Bonnie | Paraprofessional | 3.3 | Review February fees in connection with the final fee application exhibits. | 4600 |
| 3/20/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Communicate with professionals regarding February fee detail in preparation for final fee application. | 4600 |
| 3/21/2012 | Hain, Danielle | Managing Director | 1.3 | Prepare response to Fee Committee regarding 9th fee application report. | 4600 |
| 3/21/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Research unbilled amounts in preparation for closing matters. | 4600 |
| 3/21/2012 | Star, Samuel | Senior Managing Director | 0.4 | Review Fee Committee update. | 4600 |
| 3/22/2012 | Hain, Danielle | Managing Director | 1.3 | Review consolidated February fees in connection with the 10th interim fee application. | 4600 |
| 3/23/2012 | Johnston, Bonnie | Paraprofessional | 1.0 | Review February expenses in connection with the 10th Interim fee application. | 4600 |
| 3/26/2012 | French, Jennifer | Managing Director | 0.9 | Review of real estate section of fee application. | 4600 |
| 3/26/2012 | Hellmund-Mora, Marili | Associate | 1.9 | Review fee detail in connection with 10th interim fee application. | 4600 |
| 3/27/2012 | Eisenband, Michael | Senior Managing Director | 0.6 | Participate in call with Fee Committee member. | 4600 |
| 3/27/2012 | Eisenband, Michael | Senior Managing Director | 0.8 | Review fee stipulations agreed to with the Fee Committee for the 7th and 8th interim periods. | 4600 |
| 3/27/2012 | Hain, Danielle | Managing Director | 0.3 | Participate in call with Fee Committee to resolve 7th and 8th stipulations. | 4600 |
| 3/27/2012 | Hain, Danielle | Managing Director | 0.4 | Review and finalize 7th and 8th interim fee stipulations. | 4600 |
| 3/27/2012 | Hain, Danielle | Managing Director | 2.3 | Review February fee exhibits in connection with the 10th interim fee application. | 4600 |
| 3/28/2012 | Hain, Danielle | Managing Director | 0.7 | Preparation of narrative for 10th interim fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 3/28/2012 | Johnston, Bonnie | Paraprofessional | 5.5 | Prepare summary of write-offs for September 2008 - January 2012 in connection with the final fee application. | 4600 |
| 3/29/2012 | Johnston, Bonnie | Paraprofessional | 6.8 | Prepare summary of write-offs for September 2008 - January 2012 in connection with the final fee application. | 4600 |
| 3/29/2012 | Johnston, Bonnie | Paraprofessional | 2.2 | Reconcile billed totals in connection with final fee application. | 4600 |
| 3/30/2012 | Johnston, Bonnie | Paraprofessional | 6.6 | Prepare final fee data. | 4600 |
| 4/2/2012 | Johnston, Bonnie | Paraprofessional | 1.8 | Prepare updates to February fee application. | 4600 |
| 4/2/2012 | Johnston, Bonnie | Paraprofessional | 1.2 | Prepare revisions with respect to February fee statement. | 4600 |
| 4/3/2012 | Hain, Danielle | Managing Director | 1.0 | Prepare narrative for 10th interim fee application. | 4600 |
| 4/3/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Further follow up on clarification of time detail. | 4600 |
| 4/4/2012 | Hain, Danielle | Managing Director | 0.9 | Finalize response to Fee Committee regarding 9th interim fee application. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 1.6 | Prepare expense exhibit for 10th interim fee application. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 0.5 | Review prior period expenses to be billed in February fee statement. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Follow up regarding payments received. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Review caps on expenses in connection with Fee Committee guidelines. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Prepare expense exhibit for 10th interim fee application for review. | 4600 |
| 4/4/2012 | Johnston, Bonnie | Paraprofessional | 0.2 | Update expense query for the purpose of generating the expense detail exhibit. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|------|------|------|------|------|
| 4/5/2012 | Hellmund-Mora, Marili | Associate | 0.8 | Review expenses related to 10th interim fee application. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 0.9 | Review wires payments for posting to engagement. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Further follow up regarding wires. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 0.3 | Prepare March fees in connection with 10th interim fee application. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 2.6 | Prepare March time detail for inclusion in last monthly fee statement. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Update fee statement to include March time through the confirmation date in connection with Fee Committee revised guidelines. | 4600 |
| 4/5/2012 | Johnston, Bonnie | Paraprofessional | 0.3 | Incorporate March detail into February master billing file. | 4600 |
| 4/6/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Prepare March fees in connection with 10th interim fee application. | 4600 |
| 4/6/2012 | Johnston, Bonnie | Paraprofessional | 0.2 | Correspond regarding non-billable hours to be reversed. | 4600 |
| 4/6/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Prepare March fees in connection with 10th interim fee application. | 4600 |
| 4/6/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Further updates to the February time detail. | 4600 |
| 4/6/2012 | Johnston, Bonnie | Paraprofessional | 0.3 | Correspond with professionals regarding clarification of March time detail. | 4600 |
| 4/9/2012 | Greenberg, Mark | Managing Director | 0.3 | Prepare intercompany narrative for final fee application. | 4600 |
| 4/9/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Update Exhibit A to the Tenth Interim Fee Application. | 4600 |
| 4/9/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Update bill rates for February. March master billing file. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 4/9/2012 | Johnston, Bonnie | Paraprofessional | 0.9 | Reconcile February. March 2012 fee worksheet to updated proforma. | 4600 |
| 4/9/2012 | Johnston, Bonnie | Paraprofessional | 4.6 | Finalize the February/March fee statement. | 4600 |
| 4/10/2012 | Hain, Danielle | Managing Director | 1.5 | Review consolidated February fees in connection with the 10th interim fee application. | 4600 |
| 4/11/2012 | Hain, Danielle | Managing Director | 0.5 | Finalize February fee statement. | 4600 |
| 4/11/2012 | Hain, Danielle | Managing Director | 1.5 | Prepare narrative for 10th interim fee application. | 4600 |
| 4/11/2012 | Johnston, Bonnie | Paraprofessional | 1.0 | Review expenses related to 10th interim fee application. | 4600 |
| 4/11/2012 | Johnston, Bonnie | Paraprofessional | 2.4 | Finalize the February. March fee statement. | 4600 |
| 4/12/2012 | French, Jennifer | Managing Director | 2.0 | Prepare summary of work performed on Substantive Consolidation in connection with the 10th interim fee application. | 4600 |
| 4/12/2012 | Hellmund-Mora, Marili | Associate | 0.9 | Final review of 10th interim fee and expense detail. | 4600 |
| 4/15/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Prepare February Excel billing file for Fee Committee. | 4600 |
| 4/17/2012 | Eisenband, Michael | Senior Managing Director | 0.5 | Participate in conference call with Fee Committee representative regarding 9th fee application. | 4600 |
| 4/17/2012 | Hain, Danielle | Managing Director | 1.0 | Prepare narrative for 10th interim fee application. | 4600 |
| 4/17/2012 | Hain, Danielle | Managing Director | 0.5 | Prepare for call with Fee Committee regarding 9th interim fee application response. | 4600 |
| 4/17/2012 | Hain, Danielle | Managing Director | 0.4 | Participate in call with Fee Committee regarding 9th interim fee application response. | 4600 |
| 4/17/2012 | Johnston, Bonnie | Paraprofessional | 2.0 | Review unbilled expense detail for case in preparation for final fee application. | 4600 |
| 4/18/2012 | Hain, Danielle | Managing Director | 2.1 | Prepare narrative for 10th interim fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 4/18/2012 | Johnston, Bonnie | Paraprofessional | 1.8 | Consolidate the tenth interim fee data in connection with the 10th interim fee application. | 4600 |
| 4/19/2012 | Johnston, Bonnie | Paraprofessional | 1.8 | Review of expense detail in preparation for final fee application. | 4600 |
| 4/19/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Prepare draft of tenth interim fee application exhibits. | 4600 |
| 4/20/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Update 2008 and 2009 task codes to Fee Committee task codes in preparation for final fee application. | 4600 |
| 4/20/2012 | Johnston, Bonnie | Paraprofessional | 1.5 | Prepare fee and expense detail files for September 2008 - November 2008 including bill rates, fees and updated Fee Committee task codes as requested by the Fee Committee in connection with their retroactive review. | 4600 |
| 4/23/2012 | Johnston, Bonnie | Paraprofessional | 1.6 | Prepare consolidated expense detail for final fee application. | 4600 |
| 4/24/2012 | French, Jennifer | Managing Director | 1.5 | Review final draft of 10th interim fee application. | 4600 |
| 4/24/2012 | Hain, Danielle | Managing Director | 0.4 | Review proposed order by the Fee Committee for FTI's Seventh Interim Fee Application. | 4600 |
| 4/24/2012 | Hain, Danielle | Managing Director | 3.7 | Prepare narrative for 10th interim fee application. | 4600 |
| 4/24/2012 | Hain, Danielle | Managing Director | 0.5 | Prepare exhibits for 10th interim fee application. | 4600 |
| 4/24/2012 | Johnston, Bonnie | Paraprofessional | 1.0 | Prepare Exhibit C for the 10th interim fee application. | 4600 |
| 4/24/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Revise 10th interim fee exhibits. | 4600 |
| 4/24/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Prepare database to link December and January time detail to include Fee Committee task codes. | 4600 |
| 4/25/2012 | French, Jennifer | Managing Director | 4.3 | Finalize 10th interim fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 4/25/2012 | Johnston, Bonnie | Paraprofessional | 1.8 | Update December 2008 through January 2009 fee files including bill rates and updated task codes as requested by Fee Committee in connection with their retroactive review. | 4600 |
| 4/26/2012 | Greenberg, Mark | Managing Director | 0.7 | Prepare intercompany summary for 10th interim fee application. | 4600 |
| 4/30/2012 | Johnston, Bonnie | Paraprofessional | 2.2 | Update monthly 2009 databases to include Fee Committee Task codes. | 4600 |
| 5/1/2012 | Hain, Danielle | Managing Director | 1.2 | Review Exhibit C for 10th interim fee application. | 4600 |
| 5/1/2012 | Hain, Danielle | Managing Director | 0.5 | Provide Fee Committee with excel files from 1st through 4th interim periods for retrospective review. | 4600 |
| 5/1/2012 | Hain, Danielle | Managing Director | 0.4 | Follow up with Fee Committee on timing of orders for 7th and 8th fee periods. | 4600 |
| 5/1/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Review hours/fees to determine variance between Tenth Interim Exhibit C and other exhibits. | 4600 |
| 5/1/2012 | Johnston, Bonnie | Paraprofessional | 2.3 | Review write-off detail for billed and unbilled expenses in connection with final fee application. | 4600 |
| 5/1/2012 | Johnston, Bonnie | Paraprofessional | 1.3 | Update Tenth Interim Exhibits. | 4600 |
| 5/2/2012 | Hain, Danielle | Managing Director | 0.7 | Prepare update to 10th interim fee application. | 4600 |
| 5/2/2012 | Johnston, Bonnie | Paraprofessional | 1.4 | Update Exhibit C for final fee application. | 4600 |
| 5/2/2012 | Johnston, Bonnie | Paraprofessional | 3.1 | Prepare summary of expense write-offs for entire period for final fee application. | 4600 |
| 5/3/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Prepare summary of expense write-offs for international matter for final fee application. | 4600 |
| 5/7/2012 | Star, Samuel | Senior Managing Director | 0.8 | Review draft of 10th interim fee application. | 4600 |
| 5/8/2012 | French, Jennifer | Managing Director | 1.5 | Revisions to 10th interim fee application. | 4600 |
| 5/8/2012 | Hain, Danielle | Managing Director | 1.5 | Revisions to 10th interim fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 5/8/2012 | Johnston, Bonnie | Paraprofessional | 4.1 | Review expense files for expense write-offs for Matter #419230.0004. | 4600 |
| 5/8/2012 | Johnston, Bonnie | Paraprofessional | 1.4 | Prepare summary of all unbilled expense data by year, format, and summarize totals by matter no. | 4600 |
| 5/8/2012 | Star, Samuel | Senior Managing Director | 1.2 | Review final draft of 10th interim fee application. | 4600 |
| 5/9/2012 | Hain, Danielle | Managing Director | 0.9 | Prepare update to 10th interim fee application. | 4600 |
| 5/9/2012 | Hellmund-Mora, Marili | Associate | 0.6 | Review fees re: 10th interim fee application. | 4600 |
| 5/9/2012 | Johnston, Bonnie | Paraprofessional | 1.2 | Preparation of data for final fee application. | 4600 |
| 5/9/2012 | Star, Samuel | Senior Managing Director | 1.4 | Revise 10th interim fee application. | 4600 |
| 5/10/2012 | Hain, Danielle | Managing Director | 1.0 | Revisions to 10th interim fee application. | 4600 |
| 5/10/2012 | Star, Samuel | Senior Managing Director | 0.9 | Revise summary narrative for 10th interim fee application. | 4600 |
| 5/11/2012 | French, Jennifer | Managing Director | 2.2 | Prepare updates to 10th interim fee application. | 4600 |
| 5/11/2012 | Hain, Danielle | Managing Director | 0.6 | Review updates to 10th interim fee application. | 4600 |
| 5/11/2012 | Star, Samuel | Senior Managing Director | 0.4 | Finalize 10th interim fee application. | 4600 |
| 5/14/2012 | French, Jennifer | Managing Director | 3.4 | Fee application finalization. | 4600 |
| 5/14/2012 | Star, Samuel | Senior Managing Director | 0.4 | Final review of 10th interim fee application. | 4600 |
| 5/15/2012 | French, Jennifer | Managing Director | 0.5 | Prepare certification for 10th interim fee application. | 4600 |
| 5/15/2012 | Hain, Danielle | Managing Director | 1.5 | Finalize 10th interim fee application. | 4600 |
| 5/15/2012 | Hellmund-Mora, Marili | Associate | 1.3 | Prepare service for 10th interim fee application. | 4600 |
| 5/16/2012 | Hain, Danielle | Managing Director | 0.5 | Response to fee committee objection to March fee statement. | 4600 |
| 5/16/2012 | Hain, Danielle | Managing Director | 1.0 | Prepare final fee application. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 5/16/2012 | Hain, Danielle | Managing Director | 0.4 | Review fee committee objection to March fee statement. | 4600 |
| 5/17/2012 | Hain, Danielle | Managing Director | 0.4 | Prepare summary of write-offs for final fee application. | 4600 |
| 5/17/2012 | Johnston, Bonnie | Paraprofessional | 0.7 | Prepare fee statement for the period 3/16/12 - 4/30/12. | 4600 |
| 5/17/2012 | Johnston, Bonnie | Paraprofessional | 1.2 | Review 3/16/'12 through 4/30/12 fee statement. | 4600 |
| 5/18/2012 | Johnston, Bonnie | Paraprofessional | 2.4 | Prepare 2008 and 2009 fee task codes to Fee Committee task codes for purposes of the final fee application. | 4600 |
| 5/18/2012 | Johnston, Bonnie | Paraprofessional | 1.7 | Generate query in final database to link original task codes to Fee Committee task codes in preparation for final fee application. | 4600 |
| 5/18/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Update all UK entries to include previous billing rates. | 4600 |
| 5/18/2012 | Johnston, Bonnie | Paraprofessional | 1.4 | Review linked task code data in connection with final fee application. | 4600 |
| 5/18/2012 | Johnston, Bonnie | Paraprofessional | 0.3 | Download recently received 3/16/12 - 4/30/12 time detail. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 1.0 | Revise 3/16/12 - 4/30/12 time detail in preparation for invoice. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Prepare 2008 and 2009 fee task codes to Fee Committee task codes for purposes of the final fee application. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 2.1 | Prepare 2008 and 2009 fee task codes to Fee Committee task codes for purposes of the final fee application. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Generate query in final database to link original task codes to Fee Committee task codes in preparation for final fee application. | 4600 |

## EXHIBIT G
### LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555
### DETAIL OF PROFESSIONAL FEES
### *FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
### *TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Prepare fee statement detail for the period 3/16/12 - 4/30/12 in preparation for invoice. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Requery first interim for purpose of reconciliation with final fee application. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Review travel adjustments to all fee statements in connection with final data for the purpose of reconciliation. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Generate queries to reconcile totals to totals billed in Elite in preparation for final fee application. | 4600 |
| 5/21/2012 | Johnston, Bonnie | Paraprofessional | 0.8 | Consolidate all fee data in preparation for the final fee application. | 4600 |
| 5/22/2012 | Hain, Danielle | Managing Director | 0.9 | Review consolidated fee file for final fee application. | 4600 |
| 5/22/2012 | Hain, Danielle | Managing Director | 0.6 | Prepare narrative for PCD codes for final fee application. | 4600 |
| 5/22/2012 | Johnston, Bonnie | Paraprofessional | 3.4 | Continue work on final fee app time detail. | 4600 |
| 5/22/2012 | Johnston, Bonnie | Paraprofessional | 1.4 | Reconcile each interim in connection with final fee detail. | 4600 |
| 5/23/2012 | Hain, Danielle | Managing Director | 0.8 | Prepare final fee application. | 4600 |
| 5/23/2012 | Hain, Danielle | Managing Director | 1.0 | Follow up regarding disallowed fees for 7th interim period. | 4600 |
| 5/23/2012 | Hain, Danielle | Managing Director | 0.5 | Review Fee Committee response to rates objection for March fee statement . | 4600 |
| 5/23/2012 | Johnston, Bonnie | Paraprofessional | 0.6 | Prepare fees for 3/16 statement. | 4600 |
| 5/23/2012 | Johnston, Bonnie | Paraprofessional | 1.6 | Review fee statement totals in connection with wire received on 5/11/12. | 4600 |
| 5/23/2012 | Johnston, Bonnie | Paraprofessional | 0.4 | Request additional time detail for 3/7/12 - 4/30/12 invoice. | 4600 |

**EXHIBIT G**
**LEHMAN BROTHERS HOLDINGS, INC. CASE NO. 08-13555**
**DETAIL OF PROFESSIONAL FEES**
*FOR THE PERIOD MARCH 7, 2012 THROUGH JUNE 30, 2012*
*TASK CODE 4600*

| Date | Professional | Title | Hours | Activity | Task Number |
|------|-------------|-------|-------|----------|-------------|
| 5/23/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Revise time detail for 3/7/12 - 4/30/12. | 4600 |
| 5/24/2012 | Johnston, Bonnie | Paraprofessional | 1.0 | Review payments in connection with Exhibit C of the final fee application. | 4600 |
| 5/24/2012 | Johnston, Bonnie | Paraprofessional | 1.6 | Update the case economics worksheet in connection with the final fee application. | 4600 |
| 5/29/2012 | Hain, Danielle | Managing Director | 0.9 | Review consolidated fee file for final fee application. | 4600 |
| 5/29/2012 | Hain, Danielle | Managing Director | 0.6 | Prepare narrative for PCD codes for final fee application. | 4600 |
| 5/29/2012 | Johnston, Bonnie | Paraprofessional | 1.1 | Review payments in connection with Exhibit C of the final fee application. | 4600 |
| 5/30/2012 | Hain, Danielle | Managing Director | 0.9 | Prepare final fee application. | 4600 |
| 5/30/2012 | Hain, Danielle | Managing Director | 0.3 | Call with Fee Committee regarding 9th interim status and 8th interim order. | 4600 |
| 6/5/2012 | Hain, Danielle | Managing Director | 1.1 | Prepare narrative for final fee application. | 4600 |
| 6/6/2012 | Hain, Danielle | Managing Director | 0.9 | Prepare summary schedule for final fee application. | 4600 |
| 6/7/2012 | Hain, Danielle | Managing Director | 0.5 | Review April - May 2012 invoice. | 4600 |
| 6/7/2012 | Hellmund-Mora, Marili | Associate | 0.6 | Review time detail in preparation of fee application. | 4600 |
| 6/8/2012 | Hellmund-Mora, Marili | Associate | 1.9 | Review time detail in preparation of fee application. | 4600 |
| **Total: Task No. 4600** | | | **233.1** | | |
| **Grand Total** | | | **233.1** | | |