|  |  |
|---|---|
| In re | : Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., : | 08-13555 (JMP) |
| Debtors. : | (Jointly Administered) |

---------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT Karen Brewer IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Karen Brewer affirms under penalties of perjury as follows:

1. I am employed by Lehman Brothers Limited, a Group Company of Lehman Brothers Holdings Inc (LBHI) from 22nd May, 2000. I remain in employment with Lehman Brothers Limited as of the date of this affirmation notwithstanding the appointment of Joint Administrators to Lehman Brothers Limited on 15 September 2008.

3. In line with the CSA Awards granted to me by LBHI for the years 2003 to 2006, I am entitled to an issuance of the appropriate number of LBHI shares in full on 30 November 2008 to 30 November 2011 respectively. In addition, I am entitled to the issuance of the LBHI shares relating to 100% of the 2007 CSA award and 2008 CSA award on 30 November 2012 and 30 November 2013 respectively so long as I remain in employment with Lehman Brothers Limited through to the respective dates.

4. Pursuant to the CSA Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5. After my entry into the CSA Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

6. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. This initial Claim was assigned Case No. 08-13555 (JMP) and subsequently on receipt, claim number 11297.

7. I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code, supplying my name and address, and

describing the Scheduled Claim as a *"Schedule G" claim*, for an "Executory Contract or Unexpired Lease." Debtors also provided the "Description" as a claim for a "Restricted Stock Unit Agreement."

8. On the attached Exhibit 1, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, $271,928.05 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

10. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the CSA Agreement for that year.

11. I never paid tax on the portion of any bonus reserved under the CSA Agreements. For prior years, not at issue here, after my interests vested and the relevant CSAs were converted to LBHI shares, Lehman Brothers would retain a portion of the awards to cover the appropriate withholding taxes, and then provide me with the balance of LBHI shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates at the date that the LBHI shares were released to me. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

12. The economic substance of the CSA Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the CSA Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that CSA Agreement.

13. Even after the CSAs became subject to "Limited Conditions", I was not permitted to draw down on the shares until five years after the date of the CSA Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

_____
Signature

Affirmed under penalties of perjury
on this 30th day of June, 2012

_____
            Solicitor

Karen Brewer
Printed Name

# PROOF OF CLAIM

United States Bankruptcy Court/Southern District of New York

| | |
|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | |
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555173720

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555173720*****
KAREN H. BREWER
79 POPLAR ROAD
WIMBLEDON
LONDON SW193JS
UNITED KINGDOM

Telephone number: +44 208 5450988  Email Address: karen.brewer@lbia-eu.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

Name and address where payment should be sent (if different from above)

Telephone number: _____  Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ **271,928.05**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Deferred compensation (via CSAs/RSUs) and Partnership Account**
   (See instruction #2 on reverse side.)

   Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
   Describe: _____
   Value of Property: $ _____  Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____  Basis for perfection: _____
   Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.

**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**

If the documents are not available, please explain: _____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ **10,950**

**FOR COURT USE ONLY**

Date: 1ST Sept 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*signed:* KH Brewer

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**epiQ SYSTEMS**

P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

\*\*\*\* LBH CLMLTR (MERGE2,TXNUM2) 4000057971 \*\*\*\*
BREWER, KAREN H
79 POPLAR ROAD
WIMBLEDON
LONDON, SW193JS UNITED KINGDOM

October 08, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | BREWER, KAREN H |
| Date Received: | 09/10/2009 |
| Claim Number: | 11297 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, access codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.**

**The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.**

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**