UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (JMP)
                                                              :
                                    Debtors.                  :    (Jointly Administered)
                                                              :
-------------------------------------------------------------x

## AFFIRMATION OF CLAIMANT NESTOR E. DE JESUS, IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Néstor E. de Jesús affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from January 9, 1984 to September 15, 2008. My employment with Lehman Brothers "terminated" upon Lehman Brothers' filing for bankruptcy protection on September 15, 2008. I actually never received a termination notice from Lehman Brothers. I attach a copy of the Corporate Communication received on September 22, 2008 regarding my employment with Barclays Capital pursuant to the Court's approval of the purchase by Barclays of certain of Lehman Brothers' businesses, including the business of which I was a part.

2. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

3. After my entry into the RSU Agreements, I continued to perform all of those contractual obligations.

4.   Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the RSU Agreements. My Claim was assigned Claim No. 34492.

5.   I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code, supplying my name and address, and describing the Scheduled Claim as a "Schedule G" claim, for an "Executory Contract or Unexpired Lease." Debtors also provided the "Description" as a claim under a "Restricted Stock Unit Agreement."

6.   On the attached Exhibit 1, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, $750,555 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

7.   Of the total amount of $750,555 awarded in deferred compensation and not paid to me because of the Lehman Brothers bankruptcy, $655,112 relates for Restricted Stock Units and $95,433 relates to stock option awards (see Exhibit 1). These are the amounts of the deferred compensation on the dates the bonus was granted and includes $18,975 of deferred compensation for 2008.

8.   The value of the RSUs was tied directly to the value of the LBH shares ONLY at the five year anniversary of their grant. Until then, the RSUs represented deferred compensation, similar to a deferred cash compensation program. The RSUs were not a security until the LBH shares were actually issued and that only happened after the five year period. No value was transferred (nor taxes owed or paid) until the five year restrictions had been satisfied.

2

9. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year.

10. I never paid tax on the portion of any bonus reserved under the RSU Agreements. Upon expiration of the five year restriction period, shares were issued and Lehman Brothers would retain a portion in cash to pay the withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

11. The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. (NB: in July 2008, Lehman announced that RSUs granted going forward would have three year restrictions, instead of five years.) At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

12. Even after vesting, shares were not issued to me. Rather, this deferred portion of my compensation remained as RSUs until five years after the date of the grant under the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations. My right to receive the shares depended upon my continued observance of certain contract obligations.

3

08-13555-mg    Doc 29254-4    Filed 07/06/12    Entered 07/06/12 12:11:41    Nestor De Jesus Affidavit    Pg 4 of 11

13. Stock option awards issued to me by Lehman Brothers did not work in this way. Upon the grant, I received a security in the form of the stock option. The option provided me with the right to buy LBH shares at a fixed price, the exercise price. While a period of time passed before the option vested, upon vesting I could exercise the option by paying the exercise price, and I would receive LBH shares. No comparable security was issued to me under the RSU Agreement.

14. I did not pay tax on the option when granted, which I understand is due to the tax provisions governing the taxation of options. Upon exercise of the option I was to be taxed on the difference between the current market price of the LBH shares at the time of exercise and the exercise price.

_____
Signature

Néstor E. de Jesús
Printed Name

Affidavit No. 4654

Affirmed under penalties of perjury
on this 29th day of June 2012

_____
Notary Public



4

# EXHIBIT I

08-13555-mg    Doc 29254-4    Filed 07/06/12    Entered 07/06/12 12:11:41    Nestor De Jesus Affidavit    Pg 5 of 11

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

# PROOF OF CLAIM

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 555247370 |
|---|---|---|
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor<br>08-13555 (JMP) | |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555247370*****
NESTOR E, DE JESUS
LA VILLA DE TORRIMAR
REINA ANA STREET #163
GUAYNABO 969-  00969
PUERTO RICO

Telephone number: 787-759-8907
Email Address: ndejesus@barcap.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____  Email Address: _____

1. Amount of Claim as of Date Case Filed: $ **750,555÷**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Employee Restricted Stock Unit Agreement**
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **9623**
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☒ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

**FOR COURT USE ONLY**

| Date:<br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>*/s/ Nestor E. de Jesus* |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Nestor E. de Jesus

Personal Award Summary    Page 1 of

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008                                                                                                                10062707 Nestor E de Jesu

## AWARD UNITS OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested³ | Units Outstanding | Market Value at $0.0 |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 RSU | $20.9600 | $18,975 | 11/30/2011 | 905.30 | 11.43 | 0.00 | 0.00 | 916.73 | $ |
| 12/07/2007 | 2007 SVP Principal | $47.6000 | $71,156 | 11/30/2012 | 1,494.88 | 30.79 | 0.00 | 0.00 | 1,525.67 | $ |
| 12/07/2007 | 2007 SVP Discount | $47.6000 | $23,719 | 11/30/2012 | 498.29 | 10.25 | 0.00 | 0.00 | 508.54 | $ |
| 12/08/2006 | 2006 SVP Principal | $57.7700 | $97,031 | 11/30/2011 | 1,679.61 | 49.70 | 0.00 | 0.00 | 1,729.31 | $ |
| 12/08/2006 | 2006 SVP Discount | $57.7700 | $32,344 | 11/30/2011 | 559.87 | 16.55 | 0.00 | 0.00 | 576.42 | $ |
| 11/30/2005 | 2005 SVP Principal | $47.2500 | $150,000 | 11/30/2010 | 3,174.60 | 116.52 | 0.00 | 0.00 | 3,291.12 | $ |
| 11/30/2005 | 2005 SVP Discount | $47.2500 | $50,000 | 11/30/2010 | 1,058.20 | 38.80 | 0.00 | 0.00 | 1,097.00 | $ |
| 12/09/2004 | 2004 SVP Principal | $32.1750 | $104,063 | 11/30/2009 | 3,234.28 | 145.26 | 0.00 | 0.00 | 3,379.54 | $ |
| 12/09/2004 | 2004 SVP Discount | $32.1750 | $34,687 | 11/30/2009 | 1,078.08 | 48.35 | 0.00 | 0.00 | 1,126.43 | $ |
| 12/10/2003 | 2003 SVP Principal | $26.7700 | $54,853 | 11/30/2008 | 2,049.06 | 109.36 | 0.00 | 2,158.42 | 2,158.42 | $ |
| 12/10/2003 | 2003 SVP Discount | $26.7700 | $18,284 | 11/30/2008 | 683.02 | 36.60 | 0.00 | 0.00 | 719.62 | $ |
| Total | | | $655,112 | | 16,415.19 | 613.61 | 0.00 | 8,829.08 | 17,028.80 | $ |

## STOCK OPTIONS OUTSTANDING

| Grant Date | Description | Exercise Price | Black-Scholes Grant Price | Black-Scholes Grant Value | Expiration Date | Options Granted | Options Exercised | Options Exercisable | Options Outstanding | Intrinsic Value |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/2003 | 2003 SVP Options | $35.6950 | $10.4200 | $24,362 | 11/29/2013 | 2,338 | 0 | 1,754 | 2,338 | $ |
| 12/11/2002 | 2002 SVP Options | $27.2100 | $9.1250 | $56,630 | 11/29/2012 | 6,206 | 0 | 6,206 | 6,206 | $ |
| 12/03/2001 | December 2001 SVP Options | $31.7000 | $10.5100 | $14,441 | 11/29/2011 | 1,374 | 0 | 1,374 | 1,374 | $ |
| Total | | | | $95,433 | | 9,918 | 0 | 9,334 | 9,918 | $ |

Total Equity    $

¹ Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
² Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
³ Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (null on null)

*Handwritten annotations:*
$655,112
$95,433
$750,555 Amount of Claim

*[signature]*

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



   MAILID *** 0004892746 ***

**** LBH CLMLTR (MERGE2.TXNUM2) 4000081200 ****

DE JESUS, NESTOR E
LA VILLA DE TORRIMAR
REINA ANA STREET #163
GUAYNABO, PR 00969

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | DE JESUS, NESTOR E |
| Date Received: | 09/23/2009 |
| Claim Number: | 34492 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.**

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

## de Jesus, Nestor E: Markets (NYK)

**From:** Corporate Communications
**Sent:** Monday, September 22, 2008 1:06 AM
**Subject:** Lehman Brothers – Update
**Attachments:** FINAL_QA FOR LEHMAN EMPLOYEES.pdf

## Corporate Communications | Lehman Brothers -- Update

*For internal use only. Do not redistribute.*

Early Saturday morning, the bankruptcy court approved Barclays Capital's proposed acquisition of Lehman Brothers Capital Markets, Investment Banking and Private Investment Management businesses in the U.S., Canada, Argentina and Uruguay. Both strategically and culturally, Barclays and Lehman Brothers are a great fit. The combined organization will offer tremendous opportunities across investment banking and capital markets.

As a result of court approval, employees in Fixed Income and Equities Sales, Trading and Research, Prime Services, Principal Investing, Investment Banking and Private Investment Management will be receiving offers to join Barclays Capital. Many of the employees in Corporate who support those businesses will also receive offers. These offers will be sent to employees' Lehman Brothers e-mail accounts shortly. Barclays Capital has committed to continue the support of Lehman Brothers Holdings Inc., including providing comprehensive access to those of you who can help maximize the value of Lehman Holdings' remaining assets.

All other employees will continue in their employment with Lehman Brothers and continue to receive ongoing salary, benefits and expense reimbursement. The corporate team will be invaluable to our creditors and other constituents as we work together to maximize value. For those who work in or support a number of our other operating businesses, including the Investment Management Division's Asset Management and Private Equity businesses, efforts continue to maximize the value of those businesses. We will be communicating further details in the coming days. You should continue to report to work as usual. No further action on your part is required to continue your employment with Lehman Brothers.

We understand that the past week has been extremely frustrating for many of you given your many questions and our inability to give prompt answers due to the court process for decisions related to the bankruptcy and the Barclays transaction. We look forward to answering your many questions in the coming days, and we commit to communicating with you as information becomes available. We appreciate your patience, professionalism, dedication and incredible efforts during this extremely challenging time.

Attached is a Q&A document designed to answer some of your immediate questions.

Visit the LehmanLive Global Homepage for an archive of significant announcements, news, Firm Fact Sheets and other Corporate Communications' materials.

| Substitute Form  | Request for Taxpayer Identification Number and Certification | Return form to Epiq Bankruptcy Solutions, LLC Do not send to the IRS. |
|---|---|---|

   BAR(23) MAIL ID *** 000060360609 ***

LBH W9OFAC 05-08-2012 (MERGE2,TXNUM2) 4000081200   W9FORMID#:43956*****
DE JESUS, NESTOR E
LA VILLA DE TORRIMAR
REINA ANA STREET #163
GUAYNABO, PR 00969

**Name (as shown on your income tax return)**
Nestor E. de Jesus

**Business name/disregarded entity name, if different from above**

**Check appropriate box for federal tax classification (required):** ☒ Individual/ Sole proprietor  ☐ Corporation  ☐ S Corporation  ☐ Partnership  ☐ Trust/estate
☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ------
☐ Other (see instructions)
☐ Exempt payee

**Address (number, street, and apt. or suite no.)**
La Villa de Torrimar; Reina Ana St. #163

**City, state and ZIP code**
Guaynabo, Puerto Rico 00969

**Requester's name and address (optional)**
Epiq Bankruptcy Solutions, LLC
As Agent for Lehman Brothers Holdings, Inc.
757 Third Avenue, 3rd Floor
New York, NY 10017

**List account number(s) here (optional)**

### Part I — Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN*.

**Social Security Number**
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

or

**Employer identification number**

**Note:** If the account is in more than one name, see the chart in the instructions for guidelines on whose number to enter.

### Part II — Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: **(a)** I am exempt from backup withholding, or **(b)** I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or **(c)** the IRS has notified me that I am no longer subject to backup withholding, and
3. I am a U.S. citizen or other U.S. person (defined below).

**Certification Instructions.** You must cross out item **2** above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. (See the instructions)

**Sign Here**  Signature of U.S. person: *Nestor E. de Jesus*   Date: May 12, 2012

Claim Number: 34492

#43956

## CERTIFICATION REGARDING STATUS

Creditor Name: DE JESUS, NESTOR E
Claim Number(s): 34492

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "Creditor"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the OFAC sanctions regulations and the list of Specially Designated Nationals and Blocked Persons.

Dated: May 12, 2012

Signature: *Nestor E. de Jesus*

Print Name: Nestor E. de Jesus

Title (if applicable): —