UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (JMP)
                                                              :
                                    Debtors.                  :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

### AFFIRMATION OF CLAIMANT LOUISE GOLDBERG IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

LOUISE GOLDBERG affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers Limited, a Group Company of Lehman Brothers Holdings Inc from 9 January 1996 to 13 March 2009. I resigned from employment by Lehman Brothers Limited following the appointment of Administrators to Lehman Brothers Limited on 15 September 2008.

3. In line with the CSA Awards granted to me by Lehman Brothers Holdings Inc for the years 2003 to 2007, I am entitled to an issuance of the appropriate number of Lehman Brothers Holdings Inc shares on 30 November 2008 to 30 November 2012 respectively.

4. Pursuant to the CSA Agreements, I recognize that I remain contractually obligated to avoid engaging in any "Detrimental Activity" and that I have other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5. After my entry into the CSA Agreements I continue to perform all of those contractual obligations.

6. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. This initial Claim was assigned Claim No. 19518.

7. I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code and supplying my name and address.

8. On the attached Exhibit 1, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, included with this amount was $12,520 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

10. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be awarded and reserved by Lehman Brothers Holdings Inc pursuant to the CSA Agreement for that year.

11. I never paid any income tax nor social security contributions on the portion of any bonus reserved under the CSA Agreements. For prior years (i.e. for CSA awards made through to 2002), not at issue here, after my interests vested and the relevant CSAs were converted to LBHI shares, Lehman Brothers would retain a portion of the awards to cover the appropriate withholding taxes, and then provide me with balance of LBHI shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates at the date that the LBHI shares were released to me. My understanding is that Lehman Brothers was

2

entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid or shares delivered.

12. The economic substance of the CSA Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be delivered to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman Brothers Holdings Inc suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the CSA Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact LBHI did not pay or deliver me anything, until five years after we entered into that CSA Agreement.

13. Even after the CSAs became subject to "Limited Conditions" I was not permitted to draw down on the shares until five years after the date of the CSA Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

*L. Goldberg*
Signature

LOUISE GOLDBERG
Louise Goldberg

Affirmed under penalties of perjury
on this 3rd day of July, 2012

_____ Notary Public
Solicitor &
Commissioner for oaths

Michael Lane

GISBY HARRISON SOLICITORS
GOFFS OAK HOUSE
617 GOFFS LANE
CHESHUNT HERTS EN7 5HG

3

# EXHIBIT 1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**PROOF OF CLAIM**

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |

UNIQUE IDENTIFICATION NUMBER: 1000230258

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000230258******
GOLDBERG, LOUISE
6 RUSSELL GROVE
MILL HILL
LONDON NW73QX
UNITED KINGDOM

☐ Check this box to indicate that this claim amends a previous claim.

Court Claim Number:_____
(If known)

Filed on: _____

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al
08-13555 (JMP)          0000019518

Telephone number:              Email Address: louiseanddavid1@tiscali.co.uk

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:              Email Address:

1. Amount of Claim as of Date Case Filed: $ 15,565
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: EMPLOYEE CLAIM
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).
   Amount entitled to priority:
   $ 808

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 19 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 10th Sept 2009.

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

L. Goldberg    MRS LOUISE GOLDBERG

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Personal Award Summary                                                                                                                      Page 1 of 1

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008                                                                                                  10004012 Louise Goldberg

### AWARD UNITS' OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value[2] | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested[3] | Units Outstanding | Market Value at $0.031* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 CSA | $20.9600 | $808 | 11/30/2011 | 38.55 | 0.48 | 0.00 | 0.00 | 39.03 | $1 |
| 12/07/2007 | 2007 Firmwide Principal | $47.6000 | $3,030 | 11/30/2012 | 63.66 | 1.31 | 0.00 | 0.00 | 64.97 | $2 |
| 12/07/2007 | 2007 Firmwide Discount | $47.6000 | $1,010 | 11/30/2012 | 21.22 | 0.40 | 0.00 | 0.00 | 21.62 | $1 |
| 12/08/2006 | 2006 Firmwide Principal | $57.7700 | $459 | 11/30/2011 | 7.95 | 0.24 | 0.00 | 0.00 | 8.19 | $0 |
| 12/08/2006 | 2006 Firmwide Discount | $57.7700 | $153 | 11/30/2011 | 2.65 | 0.05 | 0.00 | 0.00 | 2.70 | $0 |
| 11/30/2005 | 2005 Firmwide Principal | $47.2500 | $2,239 | 11/30/2010 | 47.38 | 1.75 | 0.00 | 49.13 | 49.13 | $2 |
| 11/30/2005 | 2005 Firmwide Discount | $47.2500 | $746 | 11/30/2010 | 15.78 | 0.65 | 0.00 | 0.00 | 16.43 | $1 |
| 12/09/2004 | 2004 Firmwide Principal | $32.1750 | $1,811 | 11/30/2009 | 56.30 | 2.50 | 0.00 | 58.80 | 58.80 | $2 |
| 12/09/2004 | 2004 Firmwide Discount | $32.1750 | $604 | 11/30/2009 | 18.76 | 0.75 | 0.00 | 0.00 | 19.51 | $1 |
| 12/10/2003 | 2003 Firmwide Principal | $26.7700 | $1,245 | 11/30/2008 | 46.50 | 2.49 | 0.00 | 48.99 | 48.99 | $2 |
| 12/10/2003 | 2003 Firmwide Discount | $26.7700 | $415 | 11/30/2008 | 15.50 | 0.60 | 0.00 | 0.00 | 16.10 | $0 |
| **Total** | | | **$12,520** | | **334.25** | **11.22** | **0.00** | **156.92** | **345.47** | **$12** |
| **Total Equity** | | | | | | | | | | **$12** |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (11:52 AM EDT on March 11 2009)

[1] Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
[2] Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
[3] Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

*Priority claim represents July 2008 CSA grant.*

Amount of Claim

Equity Award Grant (as above) $12,520
Partnership Account 8000 #        3,045
                                 ―――――
                                 $15,565

# see separate schedule showing value of $3,045 as at 3 Dec 2007.

http://my.lehman.com/HRS/equityaward/westinghouse.do                                                                                3/11/2009

Page 1 of 2

From: PECapPartners
Sent: 17 June 2008 22:03
Subject: Partnership Account (Pre-Tax) Update
Attachments: PA pre-tax 2008.pdf

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

June 17, 2008

Dear Partner,

We are pleased to update you on the current status of the Lehman Brothers Partnership Account, which is invested together and in parallel with related vehicles (together, the "Partnership Account" or the "Fund"). In June 2000, the Firm awarded opportunities to participate in the Fund with notional Firm-provided leverage to employees through the Vice President level. As of July 2003, you became fully vested and entitled to receive payments from the Fund to the extent they become available, regardless of your employment status with the Firm.

**Partnership Account Performance and Overview**

As of December 31, 2007, the Fund invested $458 million and has now committed all of its capital. The Fund has allocated its investments among the Lehman Brothers Private Equity asset classes in the following approximate ratios: 66% to Merchant Banking, Venture Capital, Real Estate and Fixed Income; 23% to Private Fund Investments; and 11% to the Fund of Hedge Funds.

**As of December 31, 2007, the gross IRR for the Partnership Account was 20%, which represents an implied multiple of notional equity of 7.6x.** Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

In October 2007, a distribution of $2,169 per unit was made to each investor, which represents 318% of the notional equity invested in the fund. We continue to monitor the cash balance in the fund and will apprise you prior to making additional distributions.

*Example of Partnership Account Returns*

The chart on the following page illustrates the Fund's return mechanics valuing the investments as of December 31, 2007. This example assumes the award of $10,000 from the Firm to an employee, of which $7,500 (base award of $682 and notional leverage of $6,818) was actually invested. As of December 31, 2007, the value of the employee's investment net of the distribution would be approximately $3,045. The total value of the investment including the $2,169 distribution represents a 7.6x multiple of invested capital. As this is only a hypothetical example, the actual amounts you receive may differ.

| Valuation Analysis as of December 31, 2007 | | |
|---|---|---|
| **Per 10K investor** | | |
| Base Award Amount Invested as of 12/31/07 | $ | 682 |