UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
                                                :
In re                                           :    Chapter 11 Case No.
                                                :
LEHMAN BROTHERS HOLDINGS INC., et al.,          :    08-13555 (JMP)
                                                :
                                      Debtors.  :    (Jointly Administered)
                                                :
--------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT ADRIAN T. GRAVES IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

ADRIAN T GRAVES affirms under penalties of perjury as follows:

1. I am employed by Lehman Brothers Limited, a Group Company of Lehman Brothers Holdings Inc from 29 November 1999 to date. I remain in employment with Lehman Brothers Limited as of the date of this affirmation notwithstanding the appointment of Joint Administrators to Lehman Brothers Limited on 15 September 2008.

3. In line with the CSA Awards granted to me by Lehman Brothers Holdings Inc for the years 2003 to 2006, I am entitled to an issuance of the appropriate number of Lehman Brothers Holdings Inc shares in full on 30 November 2008 to 30 November 2011 respectively. In addition I am entitled to the issuance of the Lehman Brothers Holdings Inc shares relating to 100% of the 2007 CSA Award and 2008 CSA Award on 30 November 2012 and 30 November 2013 respectively so long as I remain in employment with Lehman Brothers Limited through to the respective dates.

4. Pursuant to the CSA Agreements, I recognize that I remain contractually obligated to avoid engaging in any "Detrimental Activity" and that I have other ongoing contract

obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5.  After my entry into the CSA Agreements I continue to perform all of those contractual obligations.

6.  Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. This initial Claim was assigned Claim No. 24498.

7.  I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code and supplying my name and address.

8.  On the attached Exhibit 1, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, included with this amount was $5,884 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

10. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be awarded and reserved by Lehman Brothers Holdings Inc pursuant to the CSA Agreement for that year.

11. I never paid any income tax nor social security contributions on the portion of any bonus reserved under the CSA Agreements. For prior years (i.e. for CSA awards made through to 2002), not at issue here, after my interests vested and the relevant CSAs were converted to LBHI shares, Lehman Brothers would retain a portion of the awards to cover the appropriate

2

withholding taxes, and then provide me with balance of LBHI shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates at the date that the LBHI shares were released to me. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid or shares delivered.

12. The economic substance of the CSA Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be delivered to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman Brothers Holdings Inc suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the CSA Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact LBHI did not pay or deliver me anything, until five years after we entered into that CSA Agreement.

13. Even after the CSAs became subject to "Limited Conditions" I was not permitted to draw down on the shares until five years after the date of the CSA Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

_____
Signature

_____
Adrian T. Graves

Affirmed under penalties of perjury
on this 28 day of June, 2012

_____ Solicitor

3

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |
| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000230526 Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000024498 |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | ILY |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)
LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000230526******
GRAVES, ADRIAN T
17 WILLOW WAY
WING
BEDS
LEIGHTON BUZZARD LU7 0TJ
UNITED KINGDOM

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Telephone number: _____    Email Address: adegraves2@aol.com

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____    Email Address: _____

1. **Amount of Claim as of Date Case Filed:** $ 8,929.00

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** EMPLOYEE CLAIM
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$ 391.00

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 2 1 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 14 Sept. 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
A.T.G.    MR ADRIAN THOMAS GRAVES

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Personal Award Summary

Page 1 of 1

# LEHMAN BROTHERS | LehmanLive

*Priorty Claim

Data as of August 31, 2008

90002397 Adrian T Graves

## AWARD UNITS¹ OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested³ | Units Outstanding | Market Value at $0.1525* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 CSA | $20.9600 | $391 * | 11/30/2011 | 18.65 | 0.24 | 0.00 | 0.00 | 18.89 | $3 |
| 12/07/2007 | 2007 Firmwide Principal | $47.6000 | $1,466 | 11/30/2012 | 30.80 | 0.64 | 0.00 | 0.00 | 31.44 | $5 |
| 12/07/2007 | 2007 Firmwide Discount | $47.6000 | $488 | 11/30/2012 | 10.26 | 0.25 | 0.00 | 0.00 | 10.51 | $2 |
| 12/08/2006 | 2006 Firmwide Principal | $57.7700 | $1,299 | 11/30/2011 | 22.48 | 0.68 | 0.00 | 0.00 | 23.16 | $4 |
| 12/08/2006 | 2006 Firmwide Discount | $57.7700 | $433 | 11/30/2011 | 7.49 | 0.15 | 0.00 | 0.00 | 7.64 | $1 |
| 11/30/2005 | 2005 Firmwide Principal | $47.2500 | $526 | 11/30/2010 | 11.14 | 0.41 | 0.00 | 11.55 | 11.55 | $2 |
| 11/30/2005 | 2005 Firmwide Discount | $47.2500 | $176 | 11/30/2010 | 3.72 | 0.05 | 0.00 | 0.00 | 3.77 | $1 |
| 12/09/2004 | 2004 Firmwide Principal | $32.1750 | $450 | 11/30/2009 | 13.98 | 0.66 | 0.00 | 14.64 | 14.64 | $2 |
| 12/09/2004 | 2004 Firmwide Discount | $32.1750 | $150 | 11/30/2009 | 4.66 | 0.05 | 0.00 | 0.00 | 4.71 | $1 |
| 12/10/2003 | 2003 Firmwide Principal | $26.7700 | $379 | 11/30/2008 | 14.14 | 0.79 | 0.00 | 14.93 | 14.93 | $2 |
| 12/10/2003 | 2003 Firmwide Discount | $26.7700 | $126 | 11/30/2008 | 4.70 | 0.05 | 0.00 | 0.00 | 4.75 | $1 |
| **Total** | | | **$5,884** | | **142.02** | **3.97** | **0.00** | **41.12** | **145.99** | **$24** |
| **Total Equity** | | | | | | | | | | **$24** |

Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (03:59 PM EDT on September 14 2009)

Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

Total Claim

Award Units Outstanding as above $5,884.00
Lehman Brothers Partnership as attached $3,045.00

$8,929.00

## Graves, Adrian

| | |
|---|---|
| **From:** | PECapPartners |
| **Sent:** | 17 June 2008 21:29 |
| **Subject:** | Partnership Account (Pre-Tax) Update |
| **Attachments:** | PA pre-tax 2008.pdf |

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

June 17, 2008

Dear Partner,

We are pleased to update you on the current status of the Lehman Brothers Partnership Account, which is invested together and in parallel with related vehicles (together, the "Partnership Account" or the "Fund"). In June 2000, the Firm awarded opportunities to participate in the Fund with notional Firm-provided leverage to employees through the Vice President level. As of July 2003, you became fully vested and entitled to receive payments from the Fund to the extent they become available, regardless of your employment status with the Firm.

**Partnership Account Performance and Overview**

As of December 31, 2007, the Fund invested $458 million and has now committed all of its capital. The Fund has allocated its investments among the Lehman Brothers Private Equity asset classes in the following approximate ratios: 66% to Merchant Banking, Venture Capital, Real Estate and Fixed Income; 23% to Private Fund Investments; and 11% to the Fund of Hedge Funds.

**As of December 31, 2007, the gross IRR for the Partnership Account was 20%, which represents an implied multiple of notional equity of 7.6x.** Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

In October 2007, a distribution of $2,169 per unit was made to each investor, which represents 318% of the notional equity invested in the fund. We continue to monitor the cash balance in the fund and will apprise you prior to making additional distributions.

*Example of Partnership Account Returns*

The chart on the following page illustrates the Fund's return mechanics valuing the investments as of December 31, 2007. This example assumes the award of $10,000 from the Firm to an employee, of which $7,500 (base award of $682 and notional leverage of $6,818) was actually invested. As of December 31, 2007, the value of the employee's investment net of the distribution would be approximately $3,045. The total value of the investment including the $2,169 distribution represents a 7.6x multiple of invested capital. As this is only a hypothetical example, the actual amounts you receive may differ.

**Valuation Analysis as of December 31, 2007**

**Per 10K investor**

| | | |
|---|---|---|
| Base Award Amount Invested as of 12/31/07 | $ | 682 |
| Leverage provided as of 12/31/07 | | 6,818 |
| Total Investment | $ | 7,500 |
| | | |
| Value as of 12/31/07 | $ | 12,940 |
| Less GP carry | | (544) |
| Less Distribution | | (2,169) |
| Less Int on Leverage | | (364) |
| Less Leverage | | (6,818) |
| Net Value @ 12/31/07 | $ | 3,045 |
| | | |
| Gross IRR | | 20% |
| Implied Multiple of Invested Capital | | 7.65 |

*Note: as of 12/31/07, there is no remaining leverage outstanding.*

Past performance is not indicative of future results, and there can be no assurance that the Fund will continue to achieve comparable results to those set forth herein. Calculation methodology is explained further below, and this data is indicative of the performance of the Fund. The total value displayed on the above chart includes all distributions received and the current value of unrealized investments. The actual realized values of unrealized investments may differ materially from their current carrying values which are used for calculating total value. Actual values of currently unrealized investments cannot be determined until the occurrence of liquidity events and the repayment of all leverage and associated interest costs. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions at the time of disposition, legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs and the timing and manner of sale, all of which may differ from the assumptions and circumstances on which the current unrealized values are based.

Below, we offer performance data by asset class as of December 31, 2007, for investments made thus far. Unrealized publicly-traded investments are valued based on closing market prices on December 31, 2007. The methodology of calculating unrealized privately-held investments differs among asset classes and is detailed below. Please refer to the investment update attached to this letter for more detail on investment allocations and performance by asset class.

*Merchant Banking*

The Partnership Account's only Merchant Banking investment was Consort Resources for $9.2 million. Consort was realized on a gross basis at 117% of the invested amount following its acquisition by Caledonia Oil and Gas Limited in October 2003. The $10.8 million of proceeds from this investment was used to repay interest and leverage.

*Venture Capital*

The Partnership Account invested a total of $176 million in venture capital investments, which comprise several sector and geographical sub-categories. Unrealized venture capital investments are generally valued at cost; although several of the investments have been marked up or down to reflect market changes. As of December 31, 2007, the blended total value of all venture capital investments,

including the distribution, was 116% of invested capital.

### *Real Estate*

The Partnership Account is a significant investor in Lehman Brothers Real Estate Partners I, with a total of $108 million invested in real estate as of December 31, 2007. To date, investments have been realized for $301 million of value. Unrealized real estate investments are reflected at their fair values which are determined through discounted cash flow analyses. As of December 31, 2007, the total value of realized and unrealized real estate investments, including the distribution, was 279% of invested capital.

### *Private Fund Investments*

The Partnership Account invested $105 million in funds that are managed by top third party private equity fund managers. The Partnership Account has received $137 million in proceeds from these investments. Private fund investments are reflected at net asset value of the underlying funds as reported in their most recent financial statements. As of December 31, 2007, the total value of assets in private funds, including the distribution, was 192% of invested capital.

### *Fixed Income-Related*

The Partnership Account invested in the "equity" component of two CDOs for a total of $9 million. Unrealized CDO investments are valued based on accrued and paid cash interest, sales proceeds and principal repayments assuming a terminal value determined by the market. As of December 31, 2007, the total value of fixed income investments, including the distribution, was 109% of the Fund's investment cost.

### *Fund of Hedge Funds*

In December 2004, the Partnership Account realized its entire $50 million investment in Lehman Brothers Fund of Hedge Funds for $59 million, representing 117% of invested capital. The Fund of Hedge Funds was divided between a long/short fund and a diversified arbitrage fund.

### **Firm-Provided Notional Leverage**

When the Partnership Account was established, Lehman Brothers provided employees through the Vice President level with an award based on a base amount and notional 10x leverage. For example, an original Partnership Account award of $10,000 consisted of a base component of $909 and notional leverage of $9,091. However, due to the available investment opportunities, the actual amount invested was $7,500 per $10,000 unit with a base of $682 and notional leverage of $6,818.

All currently outstanding Fund notional leverage and associated interest costs have been repaid. As Lehman Brothers awarded you the opportunity to participate in the Fund, all distributions you receive under the Fund, if any, will be treated as ordinary income to you for tax purposes.

We are pleased with the performance of the Fund to date. We will continue to manage this portfolio aggressively to maximize value and returns to our investors. We will keep you periodically updated on the Partnership Account. In the meantime, please do not hesitate to call Private Equity Investor Relations at (212) 526-9970 with questions regarding your investment.

Sincerely,

*Mike*

Michael J. Odrich

Managing Director



LEHMAN BROTHERS
25 BANK STREET
LONDON
E14 5LE

BY AIR MAIL
par avion
Royal Mail

United States Bankruptcy Court
Southern District of New York
Lehman Brothers Holdings Claims Processing Centre
c/o Epiq Bankruptcy Solutions, LLC
FDR Station. P.O.Box 5076
New York, NY 10150-5076
USA