UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                :

In re                                         :            Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,  :            08-13555 (JMP)

                         Debtors.      :            (Jointly Administered)

------------------------------------------------------------- x

**AFFIRMATION OF CLAIMANT HARRIET CHAN KING IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012**

Harriet Chan King affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from October 2006 through September 2008. Upon the sale of Lehman Brothers' brokerage unit to Barclays in September 2008, my employment by Lehman Brothers was terminated upon its bankruptcy.

2. For each year between 2006 and 2008 Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

3. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4. After the Petition Date, Lehman Brothers provided a form of Proof of Claim, which I completed and filed on September 16, 2009. The Claim is attached as Exhibit 1. Debtors acknowledged receipt of the Proof of Claim by a date-stamp dated September 23, 2009.

5. Until Lehman Brothers' sale of the brokerage unit after the Petition Date, I was a salaried employee of Lehman Brothers, and a portion of my annual bonus compensation for each year was withheld and placed in an RSU account. As show on the form attached to my claim (Exhibit 1), between 2006 and 2008 a total of $6,081 was withheld from my bonuses and placed in this RSU account. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year.

6. I never paid tax on the portion of any amount reserved under the RSU Agreement. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

7. The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from these reserved

amounts, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

8. Even after vesting I would not be permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

Affirmed under penalties of perjury this 3rd day of July, 2012.

*Harriet Chan King*
Harriet Chan King

# EXHIBIT 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000034546 |
| Name of Debtor Against Which Claim is Held<br>HARRIET CHAN KING | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

HARRIET CHAN KING
395 SOUTH 2ND STREET #1
BROOKLYN, NY 11211

Telephone number: 917 658-6461   Email Address: harriet.king@verizon.net

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1. Amount of Claim as of Date Case Filed: $ 6081.00 + 2YRS PENSION -

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: EMPLOYMENT RELATIONSHIP - RSU BONUS GRANT
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: 8540
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 2 3 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/16/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Harriet Chan King

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EXHIBIT 2**

Personal Award Summary

Page 1 of 1

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008

10259596 Harriet Chan King

## AWARD UNITS' OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value[2] | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested[3] | Units Outstanding | Market Value at $0.0627* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 RSU | $20.9600 | $971 | 11/30/2011 | 46.31 | 0.58 | 0.00 | 0.00 | 46.89 | $3 |
| 12/07/2007 | 2007 Firmwide Principal | $47.6000 | $3,639 | 11/30/2012 | 76.46 | 1.57 | 0.00 | 0.00 | 78.03 | $5 |
| 12/07/2007 | 2007 Firmwide Discount | $47.6000 | $1,213 | 11/30/2012 | 25.49 | 0.50 | 0.00 | 0.00 | 25.99 | $2 |
| 12/08/2006 | 2006 Firmwide Principal | $57.7700 | $194 | 11/30/2011 | 3.35 | 0.11 | 0.00 | 0.00 | 3.46 | $0 |
| 12/08/2006 | 2006 Firmwide Discount | $57.7700 | $64 | 11/30/2011 | 1.11 | 0.00 | 0.00 | 0.00 | 1.11 | $0 |
| **Total** | | | **$6,081** | | **152.72** | **2.76** | **0.00** | **0.00** | **155.48** | **$10** |
| **Total Equity** | | | | | | | | | | **$10** |

\* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (03:08 PM EDT on May 12 2009)

[1] Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
[2] Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
[3] Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

http://my.lehman.com/HRS/equityaward/westinghouse.do

5/12/2009