UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
In re                                                        :   Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :   08-13555 (JMP)
                                                             :
                                    Debtors.                 :   (Jointly Administered)
                                                             :
------------------------------------------------------------- x

### AFFIDAVIT OF CLAIMANT MICHAEL K. MCCULLY IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)

Michael K. McCully, being duly sworn, does depose and say:

1.     I was employed by Lehman Brothers from September 6, 1988 through March 10, 2008. Lehman Brothers terminated my employment on March 10, 2008, approximately five months before Lehman Brothers filed for bankruptcy.

2.     For each year between 2003 and 2008 Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. Upon the termination of my employment, Lehman Brothers assured me that my termination was an "involuntary termination without cause" as that phrase is defined in the "RSU Agreements" between Lehman Brothers and employees. *See, e.g.,* Debtors' December 15, 2011 Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133rd, 134th, 135th, 176th, and 207th Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity

Interests) (Debtors' "Dec. 15 Omnibus Reply"), at pp. 65-68 (RSU Agreement for 2004), particularly ¶ 4(d)(iv) at p. 66 and definition of "cause" at p. 68.

4. Upon my execution of a Separation Agreement and Release dated April 11, 2008, I satisfied the "Release Requirement" set forth in the RSU Agreements.

5. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

6. Attached hereto as Exhibit A is the original Proof of Claim that I filed in connection with my contract rights under the RSU Agreements. This initial Claim was assigned Claim No. 32794, and after amendment was assigned Claim No. 65949.

7. I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code, supplying my name and address, and describing the Scheduled Claim as a "Schedule G" claim, for an "Executory Contract or Unexpired Lease." Debtors also provided the "Description" as a claim under a "Restricted Stock Unit Agreement."

8. On the attached Exhibit A, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, $837,036 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit A, together with Debtors' acknowledgement of receipt of the proof of claim.

9. Through my attorney I amended my claim under the RSU Agreements. The Amended Claim is attached as Exhibit B. Debtors acknowledged receipt of the Proof of Claim (the final page of Exhibit B), and assigned the amended claim Claim No. 65949.

2

10. The practice followed each year (sometimes twice yearly) by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year (or half-year), and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year.

11. I never paid tax on the portion of any bonus reserved under the RSU Agreements. For prior years, not at issue here, after my interests vested and I was permitted to draw down on them, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

12. The economic substance to me was that a portion of my bonus was held back, and would be paid to me after passage of a specified number of years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations. However, under the terms of the RSU Agreements, Lehman Brothers was not required to perform its contractual obligations, and I was not permitted to draw down on my bonus, until a future date.

13. I had no rights to any Lehman Brothers shares until after the date of vesting under the RSU Agreement, and even after vesting I was not permitted to draw down on the shares until a later date, which was at least two years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations. Even after I was terminated without cause, my right to draw down on the shares depended upon my continued observance of certain contract obligations.

3

14. Stock options issued to me by Lehman Brothers did not work in this way. Upon the grant of a stock option, I received a security in the form of the stock option. The option provided me with the right to buy LBH shares at a fixed price, the exercise price. While a period of time passed before the option vested, upon vesting I could exercise the option by paying the exercise price, and I would receive LBH shares. No comparable security was issued to me under the RSU Agreement.

15. I did not pay tax on the option when granted, which I understand is due to a special provision of the Internal Revenue Code governing the taxation of options. Upon exercise of the option I was taxed on the difference between the current market price of the LBH shares at the time of exercise and the exercise price.

Affirmed under penalties of perjury this 4th day of July, 2012.

_____
Michael K. McCully

RICHARD J. SCHAGER, JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC4834248
Qualified in Kings County
My Commission Expires March 30, 2015

4

# EXHIBIT A

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor: 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555231120

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000032794

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side).

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 555231120*****
MICHAEL K., MCCULLY
333 EAST 18TH STREET
NEW YORK, NY 10003

Telephone number: 212-353-2932    Email Address: mkmccully@gmail.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**NOTICE OF SCHEDULED CLAIM:** Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION: RESTRICTED STOCK UNIT AGREEMENT

$837,036

1. Amount of Claim as of Date Case Filed: $ _____
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Unpaid compensation
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate ___ %
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(__).

Amount entitled to priority: $10,950

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9/21/09
Signature: *Michael K. McCully*

FOR COURT USE ONLY

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# LEHMAN BROTHERS

## Executive Compensation Summary
### Michael K. McCully

Employee ID: 10005470

LEH Price @ issue (12/31)

### AWARD UNITS

| Grant Date | Description | Units Granted | Dividend Equivalents | Units Vested | Units Unvested | Units Forfeited | Units Not Forfeited | Share Payment Date | |
|---|---|---|---|---|---|---|---|---|---|
| Dec 10, 2003 | 2003 SVP Principal | 1,733.92 | 61.25 | 1,795.17 | 0.00 | $53 0.00 | 1,795.17 | November 30, 2008 | $59,235 |
| Dec 10, 2003 | 2003 SVP Discount | 577.96 | 20.33 | 0.00 | 598.29 | 0.00 | 598.29 | November 30, 2008 | |
| Dec 09, 2004 | 2004 SVP Principal | 4,662.00 | 126.08 | 4,788.08 | 0.00 | $45 0.00 | 4,788.08 | May 31, 2009 | 215,460 |
| Dec 09, 2004 | 2004 SVP Discount | 1,554.00 | 42.05 | 0.00 | 1,596.05 | 0.00 | 1,596.05 | May 31, 2009 | |
| Nov 30, 2005 | 2005 SVP Principal | 3,730.16 | 70.78 | 3,800.94 | 0.00 | $64 0.00 | 3,800.94 | May 31, 2009 | 243,200 |
| Nov 30, 2005 | 2005 SVP Discount | 1,243.38 | 23.60 | 0.00 | 1,266.98 | 0.00 | 1,266.98 | May 31, 2009 | |
| Dec 08, 2006 | 2006 SVP Principal | 3,661.07 | 43.86 | 0.00 | 3,704.93 | $74 0.00 | 3,704.93 | November 30, 2011 | 274,096 |
| Dec 08, 2006 | 2006 SVP Discount | 1,220.38 | 14.60 | 0.00 | 1,234.96 | 0.00 | 1,234.96 | November 30, 2011 | |
| Dec 07, 2007 | 2007 SVP Principal | 690.81 | 2.17 | 0.00 | 692.98 | $65 0.00 | 692.98 | November 30, 2012 | 45,045 |
| Dec 07, 2007 | 2007 SVP Discount | 230.27 | 0.70 | 0.00 | 230.97 | 0.00 | 230.97 | November 30, 2012 | |
| | | | | | 19,709.35 | 0.00 | 19,709.35 | | $837,036 |

### STOCK OPTIONS

| Grant Date | Description | Exercise Price | Options Granted | Options Outstanding | Currently Exercisable | Currently Unexercisable | Current Expiration Date | Options Cancelled | Options Not Cancelled | Amended Expiration Date |
|---|---|---|---|---|---|---|---|---|---|---|
| Dec 10, 2003 | 2003 SVP Options | $35.6950 | 1,978 | 494 | 494 | 0 | Nov 29, 2013 | 0 | 494 | November 29, 2013 |

Disposition of shares assumes an involuntary termination without Cause in March 2008.

For information regarding the provisions which may apply to any awards following your termination, please refer to the applicable plan documents. Please note that with respect to any 2006 and/or 2007 awards, your entitlement to the unvested portion of any principal award is further conditioned on your execution of a Firm-standard release agreement, in accordance with applicable Firm policy.

* Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
** Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

Prepared in March 2008

TO:             Epiq Bankruptcy Solutions, LLC.
                Lehman Brothers Holdings Claim Processing
                757 Third Avenue, 3rd Floor
                New York, NY 10017

FR:             Michael K. McCully
                333 East 18th Street
                New York, NY 10003-2802
                212-353-2932
                mkmccully@gmail.com

RE:             Filing of 3 Proof of Claim Forms

DATE:           September 21, 2009

I have enclosed stamped, self-addressed envelopes and a copy of each Proof of Claim Form I am submitting. Can you please date-stamp the copy and return it to me in the enclosed envelopes, so that I may have a record of this filing.

Thank you.

*Mike K. McCully* (signature)





EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2600  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM



MAILID *** 0004891202 ***
**** LBH CLMLTR (MERGE2.TXNUM2) 4000079822 ****

MCCULLY, MICHAEL K.
333 EAST 18TH STREET
NEW YORK, NY 10003

December 02, 2009

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | MCCULLY, MICHAEL K. |
| Date Received: | 09/22/2009 |
| Claim Number: | 32794 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU.** PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name, etc.

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

EPIQ BANKRUPTCY SOLUTIONS, LLC

**EXHIBIT B**

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al. Debtors. | Case No. 08-13555 (JMP) (Jointly Administered) |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor |
| LEHMAN BROTHERS HOLDINGS, INC. | 08-13555 (JMP) |

Unique Identification Number: 555231120

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF, SCHED_NO) SCHEDULE#:555231120*****

MCCULLY, MICHAEL K.
333 EAST 18TH STREET
NEW YORK, NY

Telephone number: 212-353-2932    Email Address: mkmccully@gmail.com

[X] Check this box to indicate that this claim amends a previously filed claim.

now 65949

Court Claim Number: 32794
(If known)

Filed on: Sept. 22, 2009

$837,036.00

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
RESTRICTED STOCK UNIT AGREEMENT

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

[ ] Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

[ ] Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ 837,036.00. See attached Exhibit A.
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
[ ] Check this box if all or part of your claim is based on a Derivative Contract.*
[ ] Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
[ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Unpaid compensation. See attached Exhibit A.
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: [ ] Real Estate   [ ] Motor Vehicle   [ ] Other
Describe: _____
Value of Property: $_____  Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

[ ] Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
[X] Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
[ ] Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
[ ] Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
[ ] Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
[ ] Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 10,950

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date:
9/21/09
Amended
12/14/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

R.J. Schager, Jr., as attorney for Claimant M.K. McCully. See Ex. A.

FOR COURT USE ONLY

FILED / RECEIVED

DEC 1 5 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# STAMELL & SCHAGER, LLP
### ATTORNEYS AT LAW
ONE LIBERTY PLAZA, 35TH FLOOR
NEW YORK, NEW YORK 10006-1404

WRITER'S E-MAIL:
schager@ssnyc.com

WRITER'S DIRECT DIAL:
(212) 566-4057

TELEPHONE (212) 566-4047
FACSIMILE (212) 566-4061

December 14, 2009

Lehman Brothers Holdings, Inc.
Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, New York 10150-5076

Re:   Lehman Brothers Holdings, Inc.
      Case No. 08-13555 (JMP)
      Court Claim No. 32794
      Schedule G Claim for Executory Contract

Dear Sirs:

On behalf of Claimant Michael K. McCully, I am enclosing an amended Claim No. 32794.

The amount of the claim was listed incorrectly on the website maintained by Epiq Solutions for the Lehman Brothers Holdings, Inc. proceeding. After discussions with Epiq Solutions personnel, we have revised the Proof of Claim. As indicated on the Proof of Claim, the original filing date was September 22, 2009.

Please contact the undersigned if there are any questions with respect to this amendment.

Please date-stamp the enclosed photocopy of the facing page of this Proof of Claim and return it in the stamped envelope provided.

Thank you for the courtesy extended.

Very truly yours,

Richard J. Schager, Jr.

Enclosure

RJS/cb

EXHIBIT A TO PROOF OF CLAIM #32794 ("CLAIM")
OF MICHAEL K. MCCULLY ("CLAIMANT")
AGAINST LEHMAN BROTHERS HOLDINGS INC. ("DEBTOR")

This is an amended Proof of Claim for Claim No. 32794 filed for a claim listed on Schedule G ("Restricted Stock Unit Agreements" at p. 234 of 413) to the petition filed by Lehman Brothers Holdings, Inc. The original Proof of Claim was dated September 21, 2009 and filed on September 22, 2009. There are no changes of substance in this claim. Box 1 of the Proof of Claim has been corrected to provide the amount of the claim previously listed under "Notice of Scheduled Claim" and this Exhibit A has been added.

Claimant was employed until March 10, 2008. At that time he was provided with the attached Executive Compensation Summary regarding his outstanding Restricted Stock Units. The Restricted Stock compensation was deferred compensation pursuant to his employment by Debtor. As a result of Debtor's bankruptcy, the Restricted Stock Units became worthless and the deferred compensation remains unpaid.

In this proceeding for Lehman Brothers Holdings, Inc., Claimant's claim was listed on Schedule G, and Claimant was instructed to file a Proof of Claim. The claim is based on the attached Executive Compensation Summary and his Severance Agreement filed with Claim #32796. Claimant's claim is for the deferred compensation for which such units were to be a substitute, equivalent to $837,036. This calculation is based on the number of units outstanding, granted during the years between 2003 and 2007, as shown on the attached Executive Compensation Summary. This Summary is the same as that filed with Claimant's original Proof of Claim dated September 21, 2009.

This Claim is a protective claim and is filed to protect Claimant from potential forfeiture of any rights or remedies against Debtor. The filing of this Claim shall not constitute (a) a waiver or release of any rights or remedies of Claimant against Debtor or any other person or property; (b) consent by Claimant to the jurisdiction of this Court with respect to the subject matter of the claims set forth herein or the waiver of any objection thereto; (c) an election of remedies, choice of law or submission to jurisdiction, or (d) a waiver of any rights under the Letter Agreement or any other agreements and documents applicable to Claimant's separation from Debtor. Claimant reserves the right to amend, supplement, modify, or withdraw this Claim at any time and in any manner and to file additional proofs of claim for additional claims.

Claimant reserves the right to bring forth additional documents that may become available after further investigation and discovery.

This amended Proof of Claim is filed at the request of Claimant by:

> Richard J. Schager, Jr., Esq.
> Stamell & Schager LLP
> One Liberty Plaza, 35th Floor
> New York, New York 10006-1404
> Telephone: (212) 566-4057
> Facsimile: (212) 566-4061
> schager@ssnyc.com

# LEHMAN BROTHERS

## Executive Compensation Summary
### Michael K. McCully

Employee ID: 10005470

LEH Price @ issue (12/31)

### AWARD UNITS

| Grant Date | Description | Units Granted | Dividend Equivalents | Units Vested | Units Unvested | Units Outstanding | Units Forfeited | Units Not Forfeited | Share Payment Date | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Dec 10, 2003 | 2003 SVP Principal | 1,733.92 | 61.25 | 1,795.17 | 0.00 | 1,795.17 | 0.00 | 1,795.17 | November 30, 2008 | $59, | 235 |
| Dec 10, 2003 | 2003 SVP Discount | 577.96 | 20.33 | 0.00 | 598.29 | 598.29 | 0.00 | 598.29 | November 30, 2008 | | 440 |
| Dec 09, 2004 | 2004 SVP Principal | 4,662.00 | 126.08 | 4,788.08 | 0.00 | 4,788.08 | $53 0.00 | 4,788.08 | May 31, 2009 | 215, | |
| Dec 09, 2004 | 2004 SVP Discount | 1,554.00 | 42.05 | 0.00 | 1,596.05 | 1,596.05 | $45 0.00 | 1,596.05 | May 31, 2009 | | 200 |
| Nov 30, 2005 | 2005 SVP Principal | 3,730.16 | 70.78 | 3,800.94 | 0.00 | 3,800.94 | $64 0.00 | 3,800.94 | May 31, 2009 | 243, | |
| Nov 30, 2005 | 2005 SVP Discount | 1,243.38 | 23.60 | 0.00 | 1,266.98 | 1,266.98 | 0.00 | 1,266.98 | November 30, 2011 | 274, | 096 |
| Dec 08, 2006 | 2006 SVP Principal | 3,661.07 | 43.86 | 0.00 | 3,704.93 | 3,704.93 | $74 0.00 | 3,704.93 | November 30, 2011 | | |
| Dec 08, 2006 | 2006 SVP Discount | 1,220.36 | 14.60 | 0.00 | 1,234.96 | 1,234.96 | 0.00 | 1,234.96 | November 30, 2012 | 45, | 045 |
| Dec 07, 2007 | 2007 SVP Principal | 690.81 | 2.17 | 0.00 | 692.98 | 692.98 | $65 0.00 | 692.98 | November 30, 2012 | | |
| Dec 07, 2007 | 2007 SVP Discount | 230.27 | 0.70 | 0.00 | 230.97 | 230.97 | 0.00 | 230.97 | November 30, 2012 | $837, | 036 |
| | | | | | | 19,709.35 | 0.00 | 19,709.35 | | | |

### STOCK OPTIONS

| Grant Date | Description | Exercise Price | Options Granted | Options Outstanding | Options Currently Exercisable | Current Expiration Date | Options Cancelled | Options Not Cancelled | Amended Expiration Date |
|---|---|---|---|---|---|---|---|---|---|
| Dec 10, 2003 | 2003 SVP Options | $35.6950 | 1,978 | 494 | 494 | Nov 29, 2013 | 0 | 494 | November 29, 2013 |
| | | | | 494 | | | 0 | 494 | |

Disposition of shares assumes an involuntary termination without Cause in March 2008.

For information regarding the provisions which may apply to any awards following your termination, please refer to the applicable plan documents. Please note that with respect to any 2006 and/or 2007 awards, your entitlement to the unvested portion of any principal award is further conditioned on your execution of a Firm-standard release agreement, in accordance with applicable Firm policy.

* Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

** Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

Prepared in March 2008

EPIQ SYSTEMS
757 THIRD AVENUE
THIRD FLOOR
NEW YORK, NY 10017

P 646 282 2500   F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM

epiq SYSTEMS



MCCULLY, MICHAEL K.
333 EAST 18TH STREET
NEW YORK, NY 10003

MAILID *** 0008274384 ***

**** LBH CLMLTR (MERGE2,TXNUM2) 4000112979 ****

January 19, 2010

## ACKNOWLEDGEMENT OF RECEIPT OF PROOF OF CLAIM

This letter serves as acknowledgement that the claim identified below has been recorded by Epiq Bankruptcy Solutions, LLC, the court-approved claims agent, on the claims register in the LEHMAN BROTHERS HOLDINGS INC. case. It is also publically available at the following website address: http://chapter11.epiqsystems.com/LBH. To ensure that your claim has been recorded correctly, please review the following information:

| | |
|---|---|
| Debtor: | LEHMAN BROTHERS HOLDINGS, INC. |
| Case Number: | 08-13555 |
| Creditor: | MCCULLY, MICHAEL K. |
| Date Received: | 12/15/2009 |
| Claim Number: | 65949 |

*Please note that nothing in this Acknowledgement should be construed to mean or imply that your claim is being allowed. The Debtor may elect to object to the identified claim on various grounds.*

We strongly encourage you to review your submitted proof of claim on our website at the address listed above. To find your imaged claim, click on the "Filed Claims & Schedules" link at the top of the page, type in your claim number in the "Claim #" field, and click "Search."

**WHEN REVIEWING YOUR CLAIM, PLEASE BE AWARE OF ANY PERSONALLY IDENTIFIABLE INFORMATION ("PII") SUBMITTED BY YOU. PII can include information used to distinguish or trace an individual's identity, such as their social security number, biometric records, drivers license number, account number, credit or debit card number (including any passwords, acces codes or PIN numbers), etc., alone, or when combined with other personal or identifying information which is linked or linkable to a specific individual, such as date and place of birth, mother's maiden name,etc.**

The Proof of Claim Form allows for redacted documents. If you identify any PII in your filed claim, please contact us immediately at (646) 282-2400 or via our contact form on our website at http://www.epiq11.com/contact.aspx so we may assist you in redacting this information. Please be sure to specify the client/debtor about which you are inquiring.

You may also contact by either of the methods listed above should you have any other questions.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**