UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
:
In re                                                   :    Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., et al.,                  :    08-13555 (JMP)
                                                        :
                                   Debtors.             :    (Jointly Administered)
                                                        :
---------------------------------------------------------x

## AFFIRMATION OF CLAIMANT Michael J. Mullen IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Michael J. Mullen affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from October 1, 2000 through September 17, 2008. Lehman Brothers terminated my employment on September 17, 2008 by transfer to Barclays.

2. Upon the termination of my employment, Lehman Brothers assured me that my termination was an "involuntary termination without cause" as that phrase is defined in the "RSU Agreements" between Lehman Brothers and employees.

3. Upon my execution of a Separation Agreement and Release dated September 17, 2008, I satisfied the "Release Requirement" set forth in the RSU Agreements.

4. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

6. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the RSU Agreements. This initial Claim was assigned Claim No. 555241330

7. The practice followed each year by Lehman Brothers for commissioned salespeople was to calculate gross production and net production (commission payment) on a monthly basis. (See Attached compensation statement) Lehman made 2 deductions from net production arrive at monthly commission payments to me. The first was titled "net production adjustment"; this was explained by Lehman management as a withholding to be paid back at year end as a bonus. The second adjustment; Equity Accrual Calculated" was a deduction for the Lehman Brothers RSU equity incentive program.

8. I never paid tax on the portion of any bonus reserved under the RSU Agreements. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

9. The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

10. Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations. Even after I was terminated without cause, my right to draw down on the shares depended upon my continued observance of certain contract obligations.

_____
Signature

Michael J. Mullen
Printed Name

Affirmed under penalties of perjury
on this 30th day of June, 2012

_____
Notary Public
My Commission Expires
April 30, 2016

3

# EXHIBIT 1

# PROOF OF CLAIM

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al., Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held: LEHMAN BROTHERS HOLDINGS, INC. | Case No. of Debtor: 08-13555 (JMP) |

UNIQUE IDENTIFICATION NUMBER: 555241330

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et AL
08-13555 (JMP)     0000027599

LY

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

UNSECURED
UNLIQUIDATED
UNDETERMINED

DESCRIPTION:
PARTICIPATION IN NOTIONAL INTEREST PLAN

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (MERGE2.DBF.SCHED_NO) SCHEDULE #: 555241330*****
MULLEN, MICHAEL J.
396 NORTH STREET
GREENWICH, CT 06830

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: _____    Email Address: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: 203 861-0824    Email Address: MMullen131@yahoo.com

1. **Amount of Claim as of Date Case Filed:** $ 354,417.72
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Compensation Witheld
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 4653
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☒ Other
   Describe: Restricted Stock Units in approp to Compensatory Witheld.
   Value of Property: $ _____    Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____    Basis for perfection: _____
   Amount of Secured Claim: $ _____    Amount Unsecured: $ 0

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: _____
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 10,950

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Compensation Statement**

Name: 10204045 - MICHAEL MULLEN
From: 12/1/2007 To: 11/30/08

| | Year Total | Sep-08 | Aug-08 | Jul-08 | Jun-08 | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Gross Production | 7,051,614.44 | 228,886.91 | 370,321.95 | 572,147.88 | 628,900.23 | 1,049,350.59 | 661,882.80 | 725,851.78 | 694,068.54 | 1,195,501.53 | 924,902.28 |
| Net Production | 947,338.02 | 38,631.87 | 49,403.70 | 76,777.49 | 88,469.21 | 139,805.99 | 80,504.86 | 103,175.52 | 93,885.82 | 160,271.90 | 118,411.86 |
| Average Rate (%) | 13.43 | 16 | 13.34 | 13.42 | 14.07 | 13.32 | 12.17 | 14.21 | 13.53 | 13.41 | 12.8 |
| Prior Months -Deficit/Overage | | 0 | 0.01 | 0 | 0.01 | 0 | 0 | 0 | -0.01 | 0 | 0 |
| Adj to Net Production | -198,206.67 | 0 | -14,375.80 | -16,378.04 | -21,442.08 | -31,736.43 | -29,939.66 | -23,654.08 | -9,717.96 | -31,141.18 | -15,622.24 |
| Monthly Payout Balance | | 36,631.87 | 35,027.90 | 88,199.46 | 67,027.14 | 108,070.56 | 50,565.21 | 79,521.44 | 84,167.68 | 129,130.71 | 102,789.62 |
| Draw Amount | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Sales Compensation | 751,131.37 | 36,631.87 | 35,027.90 | 58,199.46 | 67,027.14 | 108,070.56 | 50,565.21 | 79,521.44 | 84,167.68 | 129,130.71 | 102,789.42 |
| Cash Commissions | 556,283.46 | 0 | 42,194.92 | 48,755.68 | 53,875.74 | 77,680.92 | 44,327.82 | 61,122.43 | 63,817.25 | 89,895.82 | 74,617.48 |
| Equity Accrual Calculated | 158,211.05 | 0 | -7,167.02 | 9,443.77 | 13,151.40 | 30,389.63 | 6,237.39 | 18,399.01 | 20,350.41 | 39,234.90 | 28,171.20 |
| Recorded Total Sales Compensation | 714,499.49 | 36,631.87 | 35,027.90 | 58,199.46 | 67,027.14 | 108,070.56 | 50,565.21 | 79,521.44 | 84,167.68 | 129,130.72 | 102,789.82 |
| -Deficit/Overage | | 0 | 0 | 0 | 0.01 | 0.01 | 0 | 0 | 0 | -0.01 | 0 |

— Represents compensation withheld to be repaid @ year end; "Hybrid" Commissions

— Represents Compensation withheld for Stock purchase plan. Still never issued.

Total withheld $354,417.72