UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                      :

In re                                                  :           Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,   :           08-13555 (JMP)

                                      Debtors.    :           (Jointly Administered)

------------------------------------------------------------ x

## AFFIRMATION OF CLAIMANT IAN NEVILLE IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

IAN NEVILLE affirms under penalties of perjury as follows:

1. I am employed by Lehman Brothers Limited, a Group Company of Lehman Brothers Holdings Inc from 1 September 1998 to date. I remain in employment with Lehman Brothers Limited as of the date of this affirmation notwithstanding the appointment of Joint Administrators to Lehman Brothers Limited on 15 September 2008.

3. In line with the CSA Awards granted to me by Lehman Brothers Holdings Inc for the years 2003 to 2006, I am entitled to an issuance of the appropriate number of Lehman Brothers Holdings Inc shares in full on 30 November 2008 to 30 November 2011 respectively. In addition I am entitled to the issuance of the Lehman Brothers Holdings Inc shares relating to 100% of the 2007 CSA Award and 2008 CSA Award on 30 November 2012 and 30 November 2013 respectively so long as I remain in employment with Lehman Brothers Limited through to the respective dates.

4. Pursuant to the CSA Agreements, I recognize that I remain contractually obligated to avoid engaging in any "Detrimental Activity" and that I have other ongoing contract

obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5. After my entry into the CSA Agreements I continue to perform all of those contractual obligations.

6. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. This initial Claim was assigned Claim No. 24498.

7. I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had largely completed the form, including inserting the caption, a bar code and supplying my name and address.

8. On the attached Exhibit 1, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, included with this amount was $3,378.89 (based on an "Executive Compensation Summary" provided by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

10. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be awarded and reserved by Lehman Brothers Holdings Inc pursuant to the CSA Agreement for that year.

11. I never paid any income tax nor social security contributions on the portion of any bonus reserved under the CSA Agreements. For prior years (i.e. for CSA awards made through to 2002), not at issue here, after my interests vested and the relevant CSAs were converted to LBHI shares, Lehman Brothers would retain a portion of the awards to cover the appropriate

2

withholding taxes, and then provide me with balance of LBHI shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates at the date that the LBHI shares were released to me. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid or shares delivered.

12. The economic substance of the CSA Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be delivered to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman Brothers Holdings Inc suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the CSA Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact LBHI did not pay or deliver me anything, until five years after we entered into that CSA Agreement.

13. Even after the CSAs became subject to "Limited Conditions" I was not permitted to draw down on the shares until five years after the date of the CSA Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

_____
Signature

_____
Ian Neville

Affirmed under penalties of perjury
on this 28 day of JUNE, 2012

_____ Solicitor

3

**Ian Neville**
**Equity Award Grant Values**

| Date of Grant | Description | Grant Price | Units granted | Value at Grant |
|---|---|---|---|---|
| **CSAs** | | | | |
| 01/07/2008 | July 2008 CSA | $20.960 | 7.85 | $164.54 |
| 07/12/2007 | 2007 CSA | $47.600 | 17.29 | $823.00 |
| 08/12/2006 | 2006 CSA | $57.770 | 12.75 | $736.57 |
| 30/11/2005 | 2005 CSA | $47.250 | 12.90 | $609.53 |
| 09/12/2004 | 2004 CSA | $32.175 | 17.46 | $561.78 |
| 10/12/2003 | 2003 CSA | $26.770 | 18.06 | $483.47 |
| | | | **Total** | **$3,378.89** |
| | | | Partnership | 3045 |
| | | | | **$6,423.89** |



LEHMAN BROTHERS
25 BANK STREET
LONDON
E14 5LE

UNITED STATES BANKRUPTCY COURT/
SOUTHERN DISTRICT OF NEW YORK

LEHMAN BROTHERS HOLDINGS CLAIMS PROCESSING C/N
C/O EPIQ BANKRUPTCY SOLUTIONS, LLC
FDR STATION, PO BOX 5076
NEW YORK, NY 10150-5076
USA

RECEIVED
SEP 22 2009

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000099514 |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000031678 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

TF

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br>  LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000099514******<br>  IAN A NEVILLE<br>  30 FARM ROAD<br>  RAINHAM,ESSEX RM13 9JU<br>  UNITED KINGDOM | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on: _____ |
|---|---|
| Telephone number:    Email Address: | |
| Name and address where payment should be sent (if different from above)<br>  00 44 0207 102<br>  IAN.NEVILLE@LBIA-EU.COM<br>Telephone number: 3521    Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

1. Amount of Claim as of Date Case Filed: $ **6,423.89**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **EMPLOYEE RELATED CLAIM**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☑ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
   
   Amount entitled to priority:
   $ **164.54**

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (*See definition of "redacted" on reverse side.*) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date:<br>15/9/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>_[signature]_    IAN NEVILLE |
|---|---|

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 2 2 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### ALL TERMS REMAIN SUBJECT TO THE RULING OF THE U.S. BANKRUPTCY COURT.*

## LEHMAN BROTHERS
### Executive Compensation Summary
### IAN A. NEVILLE

**EQUITY AWARDS**

| Grant Date | Plan | Shares Granted | Number of Shares | Status |
|---|---|---|---|---|
| December 10, 2003 | LBSAP | 18.06 | 13.54 | Limited Conditions |
|  |  |  | 4.52 | Full Conditions |
| December 9, 2004 | LBSAP | 17.46 | 13.10 | Limited Conditions |
|  |  |  | 4.36 | Full Conditions |
| November 30, 2005 | LBSAP | 12.90 | 9.68 | Limited Conditions |
|  |  |  | 3.22 | Full Conditions |
| December 8, 2006 | LBSAP | 12.75 | 12.75 | Full Conditions |
| December 7, 2007 | LBSAP | 17.29 | 17.29 | Full Conditions |
| July 1, 2008 | LBSAP | 7.85 | 7.85 | Full Conditions |
|  | Dividend Reinvestment | 2.49 | 1.60 | Limited Conditions |
|  |  |  | 0.89 | Full Conditions |
| **Total Shares Subject to Limited Conditions:** |  |  | **37.92** |  |
| **Total Shares Subject to Full Conditions:** |  |  | **50.88** |  |
| **Total Shares Outstanding:** |  |  | **88.80** |  |

**2003 - 2007 LBSAP:** These Contingent Stock Awards ("CSAs") are subject to conditions for a period of five years. The CSAs cannot be sold, traded, or pledged for that five-year period. The principal portion (75% of your award) becomes subject to limited conditions approximately two years after the grant date and the discount portion (25% of your award) becomes unconditional approximately five years after the grant date. Your entitlement is subject to your refraining from the activities outlined under the terms of the program, including working for a competitor. Notwithstanding the schedule above, CSAs will be forfeited in the event of a termination with Cause or if you engage in Detrimental Activity prior to the share payment date.

**July 2008 LBSAP:** These Contingent Stock Awards ("CSAs") are subject to restrictions for a period of three years. The CSAs cannot be sold, traded, or pledged for that three-year period. The award vests in equal increments on November 30th of the first through third anniversaries of the grant date. Your entitlement is subject to your refraining from the activities outlined under the terms of the program, including working for a competitor. Notwithstanding the schedule above, CSAs will be forfeited in the event of a termination prior to November 30, 2008, in the event of a termination with Cause, or if you engage in Detrimental Activity prior to the share payment date.

**Dividend Reinvestment:** Until your CSAs convert to common stock, if dividends are declared, you will receive dividend equivalents. Your dividend equivalents will be automatically reinvested as additional CSAs. The CSAs you receive as dividend equivalents will be subject to the same conditions as the underlying CSAs to which they relate. In the event the underlying CSAs are forfeited, the related dividend reinvested CSAs will also be forfeited.

NOTE: ALL TERMS AND CONDITIONS OF THE AWARDS ARE SUBJECT TO THE APPLICABLE CONTROLLING PLAN DOCUMENTS, INCLUDING BUT NOT LIMITED TO YOUR CONTINGENT STOCK AWARD LETTER, THE EMPLOYEE INCENTIVE PLAN, THE EMPLOYEE INCENTIVE PLAN PROSPECTUS, THE 2005 STOCK INCENTIVE PLAN, AND THE 2005 STOCK INCENTIVE PLAN PROSPECTUS.

* AS A RESULT OF LEHMAN BROTHERS HOLDINGS INC.'S BANKRUPTCY FILING, THE TREATMENT OF ALL OUTSTANDING EQUITY AWARDS REMAIN SUBJECT TO SUCH PROCEEDING IN THE U.S. BANKRUPTCY COURT.

Data as of September 12, 2008
Prepared on 04 September 2009

### Valuation Analysis as of December 31, 2007

**Per 10K investor**

| | |
|---|---:|
| Base Award Amount Invested as of 12/31/07 | $ 682 |
| Leverage provided as of 12/31/07 | 6,818 |
| Total Investment | $ 7,500 |
| | |
| Value as of 12/31/07 | $ 12,940 |
| Less GP carry | (544) |
| Less Distribution | (2,169) |
| Less Int on Leverage | (364) |
| Less Leverage | (6,818) |
| Net Value @ 12/31/07 | $ 3,045 |
| | |
| Gross IRR | 20% |
| Implied Multiple of Invested Capital | 7.65 |

*Note: as of 12/31/07, there is no remaining leverage outstanding.*

Past performance is not indicative of future results, and there can be no assurance that the Fund will continue to achieve comparable results to those set forth herein. Calculation methodology is explained further below, and this data is indicative of the performance of the Fund. The total value displayed on the above chart includes all distributions received and the current value of unrealized investments. The actual realized values of unrealized investments may differ materially from their current carrying values which are used for calculating total value. Actual values of currently unrealized investments cannot be determined until the occurrence of liquidity events and the repayment of all leverage and associated interest costs. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions at the time of disposition, legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs and the timing and manner of sale, all of which may differ from the assumptions and circumstances on which the current unrealized values are based.

Below, we offer performance data by asset class as of December 31, 2007, for investments made thus far. Unrealized publicly-traded investments are valued based on closing market prices on December 31, 2007. The methodology of calculating unrealized privately-held investments differs among asset classes and is detailed below. Please refer to the investment update attached to this letter for more detail on investment allocations and performance by asset class.

# LEHMAN BROTHERS

## PARTNERSHIP ACCOUNT AWARD CERTIFICATE

Ian A Neville
Admin Controllers
Six Broadgate, 5th Floor
London, EC2M7HA
United Kingdom

For the Award Period July 1, 2000 – December 31, 2001:

Your Base Award: **$909**

Your Leverage Amount: **$9,091**

Total Amount at Work for You: **$10,000**

Vesting Date: **July 1, 2003**

### IMPORTANT NOTICE

This Award Certificate verifies that you are a participant in the Partnership Account for the award period shown.

Please read the enclosed Partnership Account booklet and Partnership Account Plan Document carefully. They contain explanations of how the Partnership Account works and what your rights are under the program.

I.D.: 90001596