DRAFT: 6/20/12

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :    08-13555 (JMP)
                                                             :
                                    Debtors.                 :    (Jointly Administered)
                                                             :
------------------------------------------------------------ x

### AFFIRMATION OF CLAIMANT Martin S Patterson, IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Martin S Patterson affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from February 1992 through October 2008. Lehman Brothers terminated my employment in October 2008 through transfer to Nomura

2. Upon the termination of my employment, Lehman Brothers did nothing to dissuade me of the understanding that I had done anything that compromised my entitlement under the CSA Agreement

3. Pursuant to the CSA Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements.

4. After the termination of my employment, I continued to perform all of those contractual obligations.

5. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the CSA Agreements. This initial Claim was assigned Claim No16289.

6. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the CSA Agreement for that year.

7. I never paid tax on the portion of any bonus reserved under the CSA Agreements. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my CSA account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

8. The economic substance of the CSA Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the CSA Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that CSA Agreement.

9. Stock options issued to me by Lehman Brothers did not work in this way. Upon the grant, I received a security in the form of the stock option. The option provided me with the right to buy LBH shares at a fixed price, the exercise price. While a period of time passed before the option vested, upon vesting I could exercise the option by paying the exercise price, and I would receive LBH shares. No comparable security was issued to me under the CSA Agreement.

2

10. I did not pay tax on the option when issued. Upon exercise of the option I understand I would have been axed on the difference between the current market price of the LBH shares at the time of exercise and the exercise price.

Martin S Patterson

Affirmed under penalties of perjury
on this 6th day of July, 2012

CAROLINE THOMSON
SOLICITOR

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000016289 |
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionaly, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

MARTIN PATTERSON
FOREST LODGE, NEW LODGE CHASE
LITTLE BADDOW, ESSEX
UK
CM3 4AZ

Telephone number: +44 (0) 7730 443410    Email Address: martinpatterson@gmail.com

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

As above.

Telephone number:    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed: $ ~~477,051~~ 435,321 Equity / Deferred Comp.

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: EMPLOYEE RELATED CLAIM
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____    Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____    Basis for perfection: _____

Amount of Secured Claim: $_____    Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 10,950.

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

FOR COURT USE ONLY

FILED / RECEIVED
SEP 1 8 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/17/09

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Martin Patterson

### A. Equity Award Grant Values

| Date of Grant | Description | Grant Price | Number (incl Dividends) | US $ Value |
|---|---|---|---|---|
| 12/10/2003 | 2003 SVP Principal | 35.695 | 718.04 | 25,630.44 |
| 12/10/2003 | 2003 SVP Discount | 35.695 | 239.37 | 8,544.31 |
| 12/09/2004 | 2004 SVP Principal | 42.900 | 1,027.55 | 44,081.90 |
| 12/09/2004 | 2004 SVP Discount | 42.900 | 342.30 | 14,684.67 |
| 11/30/2005 | 2005 SVP Principal | 63.000 | 694.20 | 43,734.60 |
| 11/30/2005 | 2005 SVP Discount | 63.000 | 231.27 | 14,570.01 |
| 12/08/2006 | 2006 SVP Principal | 77.030 | 835.82 | 64,383.21 |
| 12/08/2006 | 2006 SVP Discount | 77.030 | 278.66 | 21,465.18 |
| 12/07/2007 | 2007 SVP Principal | 63.470 | 1,080.67 | 68,590.12 |
| 12/07/2007 | 2007 SVP Discount | 63.470 | 360.20 | 22,861.89 |
|  | 2008 July CSA | 20.960 | 649.34 | 13,610.17 |
|  |  |  | 6,457.42 | 342,156.50 |

### B. Stock Options

| Date of Grant | Description | Grant Price | Number | US $ Value |
|---|---|---|---|---|
| 12/03/2001 | SVP Options | 31.700 | 436.00 | 13,821.20 |
| 12/11/2002 | SVP Options | 27.210 | 1,112.00 | 30,257.52 |
| 12/10/2003 | SVP Options | 35.695 | 778.00 | 27,770.71 |
|  |  |  | 2,326.00 | 71,849.43 |

### C. Partnership Account at 12/31/2007          21,315.00

**TOTAL CLAIM  (A+B+C)**                          **435,320.93**

**ALL TERMS REMAIN SUBJECT TO THE RULING OF THE U.S. BANKRUPTCY COURT***

# LEHMAN BROTHERS
## Executive Compensation Summary
### Martin S Patterson

Employee ID: 10002662

## AWARD UNITS*

| Grant Date | Plan Description | Units Granted | Dividend Equivalents | Units Vested** | Units Unvested | Units Outstanding | Units Forfeited | Units Not Forfeited |
|---|---|---|---|---|---|---|---|---|
| December 10, 2003 | 2003 SVP Principal | 681.66 | 36.38 | 718.04 | 0.00 | 718.04 | 0.00 | 718.04 |
| December 10, 2003 | 2003 SVP Discount | 227.22 | 12.15 | 0.00 | 239.37 | 239.37 | 0.00 | 239.37 |
| December 09, 2004 | 2004 SVP Principal | 983.38 | 44.17 | 1,027.55 | 0.00 | 1,027.55 | 0.00 | 1,027.55 |
| December 09, 2004 | 2004 SVP Discount | 327.80 | 14.50 | 0.00 | 342.30 | 342.30 | 0.00 | 342.30 |
| November 30, 2005 | 2005 SVP Principal | 669.64 | 24.56 | 694.20 | 0.00 | 694.20 | 0.00 | 694.20 |
| November 30, 2005 | 2005 SVP Discount | 223.22 | 8.15 | 0.00 | 231.37 | 231.37 | 0.00 | 231.37 |
| December 08, 2006 | 2006 SVP Principal | 811.80 | 24.02 | 0.00 | 835.82 | 835.82 | 0.00 | 835.82 |
| December 08, 2006 | 2006 SVP Discount | 270.61 | 8.05 | 0.00 | 278.66 | 278.66 | 0.00 | 278.66 |
| December 07, 2007 | 2007 SVP Principal | 1,058.86 | 21.81 | 0.00 | 1,080.67 | 1,080.67 | 0.00 | 1,080.67 |
| December 07, 2007 | 2007 SVP Discount | 352.95 | 7.25 | 0.00 | 360.20 | 360.20 | 0.00 | 360.20 |
| July 01, 2008 | July 2008 CSA | 641.24 | 8.10 | 0.00 | 649.34 | 649.34 | 0.00 | 649.34 |
|  |  |  |  |  |  | 6,457.52 | 0.00 | 6,457.52 |

## STOCK OPTIONS

| Grant Date | Description | Exercise Price | Options Granted | Options Outstanding | Options Exercisable | Current Expiration Date | Options Cancelled | Options Not Cancelled |
|---|---|---|---|---|---|---|---|---|
| December 03, 2001 | December 2001 SVP Options |  | 436 | 436 | 436 | November 29, 2011 | 0 | 436 |
| December 11, 2002 | 2002 SVP Options | $31.7000 | 1,112 | 1,112 | 1,112 | November 29, 2012 | 0 | 1,112 |
| December 10, 2003 | 2003 SVP Options | $27.2100 | 778 | 778 | 584 | November 29, 2013 | 0 | 778 |
|  |  | $35.6950 |  | 2,326 | 2,132 |  | 0 | 2,326 |

*Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

**Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

***AS A RESULT OF LEHMAN BROTHERS HOLDINGS INC.'S BANKRUPTCY FILING, THE TREATMENT OF ALL OUTSTANDING EQUITY AWARDS REMAIN SUBJECT TO SUCH PROCEEDING IN THE U.S. BANKRUPTCY COURT.

Data as of September 12, 2008

Prepared on September 16, 2009

**Patterson, Martin**

| | |
|---|---|
| From: | PECapPartners |
| Sent: | 17 June 2008 21:31 |
| Subject: | Partnership Account (Pre-Tax) Update |
| Attachments: | PA pre-tax 2008.pdf |

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

June 17, 2008

Dear Partner,

We are pleased to update you on the current status of the Lehman Brothers Partnership Account, which is invested together and in parallel with related vehicles (together, the "Partnership Account" or the "Fund"). In June 2000, the Firm awarded opportunities to participate in the Fund with notional Firm-provided leverage to employees through the Vice President level. As of July 2003, you became fully vested and entitled to receive payments from the Fund to the extent they become available, regardless of your employment status with the Firm.

**Partnership Account Performance and Overview**

As of December 31, 2007, the Fund invested $458 million and has now committed all of its capital. The Fund has allocated its investments among the Lehman Brothers Private Equity asset classes in the following approximate ratios: 66% to Merchant Banking, Venture Capital, Real Estate and Fixed Income; 23% to Private Fund Investments; and 11% to the Fund of Hedge Funds.

**As of December 31, 2007, the gross IRR for the Partnership Account was 20%, which represents an implied multiple of notional equity of 7.6x.** Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

In October 2007, a distribution of $2,169 per unit was made to each investor, which represents 318% of the notional equity invested in the fund. We continue to monitor the cash balance in the fund and will apprise you prior to making additional distributions.

*Example of Partnership Account Returns*

The chart on the following page illustrates the Fund's return mechanics valuing the investments as of December 31, 2007. This example assumes the award of $10,000 from the Firm to an employee, of which $7,500 (base award of $682 and notional leverage of $6,818) was actually invested. As of December 31, 2007, the value of the employee's investment net of the distribution would be approximately $3,045. The total value of the investment including the $2,169 distribution represents a 7.6x multiple of invested capital. As this is only a hypothetical example, the actual amounts you receive may differ.

17/09/2009

| Valuation Analysis as of December 31, 2007 | | |
|---|---|---|
| **Per 10K investor** | | |
| Base Award Amount Invested as of 12/31/07 | $ | 682 |
| Leverage provided as of 12/31/07 | | 6,818 |
| Total Investment | $ | 7,500 |
| | | |
| Value as of 12/31/07 | $ | 12,940 |
| Less GP carry | | (544) |
| Less Distribution | | (2,169) |
| Less Int on Leverage | | (364) |
| Less Leverage | | (6,818) |
| Net Value @ 12/31/07 | $ | 3,045 |
| | | |
| Gross IRR | | 20% |
| Implied Multiple of Invested Capital | | 7.65 |

*Note: as of 12/31/07, there is no remaining leverage outstanding.*

*Handwritten annotations:*
* The attached is per $10K award
- I was awarded $70,000 hence the x7 multiplication factor.
x 7* = $21,315

Past performance is not indicative of future results, and there can be no assurance that the Fund will continue to achieve comparable results to those set forth herein. Calculation methodology is explained further below, and this data is indicative of the performance of the Fund. The total value displayed on the above chart includes all distributions received and the current value of unrealized investments. The actual realized values of unrealized investments may differ materially from their current carrying values which are used for calculating total value. Actual values of currently unrealized investments cannot be determined until the occurrence of liquidity events and the repayment of all leverage and associated interest costs. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions at the time of disposition, legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs and the timing and manner of sale, all of which may differ from the assumptions and circumstances on which the current unrealized values are based.

Below, we offer performance data by asset class as of December 31, 2007, for investments made thus far. Unrealized publicly-traded investments are valued based on closing market prices on December 31, 2007. The methodology of calculating unrealized privately-held investments differs among asset classes and is detailed below. Please refer to the investment update attached to this letter for more detail on investment allocations and performance by asset class.

### Merchant Banking

The Partnership Account's only Merchant Banking investment was Consort Resources for $9.2 million. Consort was realized on a gross basis at 117% of the invested amount following its acquisition by Caledonia Oil and Gas Limited in October 2003. The $10.8 million of proceeds from this investment was used to repay interest and leverage.

### Venture Capital

The Partnership Account invested a total of $176 million in venture capital investments, which comprise several sector and geographical sub-categories. Unrealized venture capital investments are generally valued at cost; although several of the investments have been marked up or down to reflect market changes. As of December 31, 2007, the blended total value of all venture capital investments,

17/09/2009

including the distribution, was 116% of invested capital.

### *Real Estate*

The Partnership Account is a significant investor in Lehman Brothers Real Estate Partners I, with a total of $108 million invested in real estate as of December 31, 2007. To date, investments have been realized for $301 million of value. Unrealized real estate investments are reflected at their fair values which are determined through discounted cash flow analyses. As of December 31, 2007, the total value of realized and unrealized real estate investments, including the distribution, was 279% of invested capital.

### *Private Fund Investments*

The Partnership Account invested $105 million in funds that are managed by top third party private equity fund managers. The Partnership Account has received $137 million in proceeds from these investments. Private fund investments are reflected at net asset value of the underlying funds as reported in their most recent financial statements. As of December 31, 2007, the total value of assets in private funds, including the distribution, was 192% of invested capital.

### *Fixed Income-Related*

The Partnership Account invested in the "equity" component of two CDOs for a total of $9 million. Unrealized CDO investments are valued based on accrued and paid cash interest, sales proceeds and principal repayments assuming a terminal value determined by the market. As of December 31, 2007, the total value of fixed income investments, including the distribution, was 109% of the Fund's investment cost.

### *Fund of Hedge Funds*

In December 2004, the Partnership Account realized its entire $50 million investment in Lehman Brothers Fund of Hedge Funds for $59 million, representing 117% of invested capital. The Fund of Hedge Funds was divided between a long/short fund and a diversified arbitrage fund.

### **Firm-Provided Notional Leverage**

When the Partnership Account was established, Lehman Brothers provided employees through the Vice President level with an award based on a base amount and notional 10x leverage. For example, an original Partnership Account award of $10,000 consisted of a base component of $909 and notional leverage of $9,091. However, due to the available investment opportunities, the actual amount invested was $7,500 per $10,000 unit with a base of $682 and notional leverage of $6,818.

All currently outstanding Fund notional leverage and associated interest costs have been repaid. As Lehman Brothers awarded you the opportunity to participate in the Fund, all distributions you receive under the Fund, if any, will be treated as ordinary income to you for tax purposes.

We are pleased with the performance of the Fund to date. We will continue to manage this portfolio aggressively to maximize value and returns to our investors. We will keep you periodically updated on the Partnership Account. In the meantime, please do not hesitate to call Private Equity Investor Relations at (212) 526-9970 with questions regarding your investment.

Sincerely,

*Mike*

Michael J. Odrich

17/09/2009

# City Sprint

www.citysprint.co.uk
Telephone: +44(0)20 78801121

## Airway Bill

| ACCT. NO. | NO. OF PIECES | WEIGHT | VALUE FOR CUSTOMS PURPOSE | | HAWB NO. |
|---|---|---|---|---|---|
| C12904 | 1 | 1.0kg | 0.00 | GBP | 2492517 |

| SHIPPER | YOUR REFERENCE | RECEIVER |
|---|---|---|
| LEHMAN BROS | 90914 | EPIQ BANKRUPTCY SOLUTIONS |
| 25 BANK STREET | | LEHMAN BROTHERS HOLDINGS CLAIM |
| | | 757 THIRD AVENUE |
| | | 3RD FLOOR |

| TOWN | | TOWN | |
|---|---|---|---|
| LONDON | | NEW YORK | |
| COUNTRY | POSTCODE | COUNTRY | POSTCODE |
| UNITED KINGDOM | E14 5LE | UNITED STATES | 10017 |
| SHIPPER'S TELEPHONE | | RECEIVER'S CONTACT NO. | RECEIVER'S VAT NO. |
| | | 02071025374 | GB 6 |

CITYSPRINT IS UNABLE TO DELIVER TO PO BOX ADDRESSES WITHOUT A CONTACT NO

**FULL DESCRIPTION OF GOODS**    NOTE-ALL NON DOCUMENTS SHIPMENTS,TO NON EEC COUNTIES,REQUIRE CUSTOMS INVOICE
DOCUMENTS

**DELIVERY SCHEDULE**    YOU MUST CONTACT CUSTOMER SERVICES TO CONFIRM
by 19:00 on 18/09/09    SPECIAL INSTRUCTIONS

**SHIPPER'S SIGNATURE**    Thank you for using CitySprint    **RECEIVER'S SIGNATURE**    DATE
BY GIVING US YOUR SHIPMENT YOU AGREE TO OUR TERMS AND CONDITIONS OF CARRIAGE

FOR CITYSPRINT    DATE    17/09/2009    PRINT NAME    TIME    5:33PM

---

# City Sprint

www.citysprint.co.uk
Telephone: +44(0)20 78801121

## Airway Bill

| ACCT. NO. | NO. OF PIECES | WEIGHT | VALUE FOR CUSTOMS PURPOSE | | HAWB NO. |
|---|---|---|---|---|---|
| C12904 | 1 | 1.0kg | 0.00 | GBP | 2492517 |

| SHIPPER | YOUR REFERENCE | RECEIVER |
|---|---|---|
| LEHMAN BROS | 90914 | EPIQ BANKRUPTCY SOLUTIONS |
| 25 BANK STREET | | LEHMAN BROTHERS HOLDINGS CLAIM |
| | | 757 THIRD AVENUE |
| | | 3RD FLOOR |

| TOWN | | TOWN | |
|---|---|---|---|
| LONDON | | NEW YORK | |
| COUNTRY | POSTCODE | COUNTRY | POSTCODE |
| UNITED KINGDOM | E14 5LE | UNITED STATES | 10017 |
| SHIPPER'S TELEPHONE | | RECEIVER'S CONTACT NO. | RECEIVER'S VAT NO. |
| | | 02071025374 | GB 6 |

CITYSPRINT IS UNABLE TO DELIVER TO PO BOX ADDRESSES WITHOUT A CONTACT NO

**FULL DESCRIPTION OF GOODS**    NOTE-ALL NON DOCUMENTS SHIPMENTS,TO NON EEC COUNTIES,REQUIRE CUSTOMS INVOICE
DOCUMENTS

**DELIVERY SCHEDULE**    YOU MUST CONTACT CUSTOMER SERVICES TO CONFIRM
by 19:00 on 18/09/09    SPECIAL INSTRUCTIONS

**SHIPPER'S SIGNATURE**    Thank you for using CitySprint    **RECEIVER'S SIGNATURE**    DATE
BY GIVING US YOUR SHIPMENT YOU AGREE TO OUR TERMS AND CONDITIONS OF CARRIAGE

FOR CITYSPRINT    DATE    17/09/2009    PRINT NAME    TIME    null