STAMELL & SCHAGER, LLP
One Liberty Plaza, 35th Floor
New York, NY 10006-1404
Telephone:  (212) 566-4047
Facsimile:  (212) 566-4061
Email:  schager@ssnyc.com
Richard J. Schager, Jr.

*Attorneys for Prospective Class Representatives*
*Michael K McCully and Michael J. Mullen*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

------------------------------------------------------------ x

**MOTION PURSUANT TO FED. R. BANKR. P. 7023 TO CERTIFY
A CLASS OF RSU AND CSA CLAIMANTS, APPOINT CLASS COUNSEL AND
CLASS REPRESENTATIVES, AND APPROVE THE FORM AND MANNER
OF NOTICE TO CLASS MEMBERS**

Prospective class representatives Michael K. McCully ("McCully") and Michael J.

Mullen ("Mullen") (collectively, the "Class Representatives"), on their own behalf and on behalf

of similarly-situated claimants who are members of the putative class defined below (the "Class

Members"), by and through their counsel, Stamell & Schager, LLP, hereby respectfully move

(the "Motion") this Court pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Civil

Rules"), made applicable hereto by Rule 7023 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), for the entry of orders: (a) certifying the class; (b) certifying that this

Motion serves as a Notice of Opposition to Debtors' 313th Omnibus Objection on behalf of the

class for the reasons stated in the Class Representatives' Opposition filed herewith; (c)

appointing the law firm of Stamell & Schager, LLP as class counsel ("Class Counsel"); (d)

appointing Michael K. McCully and Michael J. Mullen as Class Representatives; and (e)
granting such other and further relief as is just.

## I.    Jurisdiction

This Court has jurisdiction over the Motion under 28 U.S.C. §§ 1334 and 157. This
matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The statutory predicates
for the relief sought herein are Bankruptcy Rule 7023 and Civil Rule 23.

## II.    Introduction

Claimants McCully and Mullen respectively move for certification of a class consisting
of all persons named by Debtors in the 313th and 319th Omnibus Objections; and all persons who
have filed Proofs of Claim for deferred compensation denominated as "Restricted Stock Units"
or "Contingent Stock Awards" and who have not been named in Debtors' 73rd, 118th, 130th,
131st, 133d, 134th, 135th, 176th, and 207th Omnibus Objections, excluding all persons who opt out
of the class after notice is duly given.

The foregoing class is divided into the following two subclasses:

1. All members of the putative class who were compensated by salary and who
   received RSUs or CSAs in lieu of cash as part of their annual bonuses (the
   "Salaried Employee Subclass" or "SE Subclass"), with Claimant McCully
   designated as the SE Subclass Representative; and

2. All members of the putative class who were compensated by sales commissions
   and who received RSUs or CSAs in lieu of cash commissions (the
   "Commissioned Sales Subclass" or "CS Subclass"), with Claimant Mullen as the
   CS Subclass Representative.

2

Certification of a class in this proceeding, with appropriate subclasses as defined above, would provide considerable benefit to the Court as well as to members of the putative class. The Court will achieve manageability and a means of differentiating between categories of claimants, which the Court previously noted has not been done. Hearing Transcript, Dec. 21, 2011, at 103-04.

With subclasses defined, the development of a record may be achieved efficiently and expeditiously. Members of the putative class and subclasses, will have the ability to present their claim with a group of similarly situated persons without being dissuaded by the prospect of a commitment of resources, both personal and financial, that may be overwhelming. As Justices Easterbrook and Posner in a 7th Circuit decision noted: "...The opportunity costs of the time needed to investigate and decide whether to file may be substantial...and requires every [class] claimant to investigate the facts and do necessary legal research before filing....The effort needed to decide whether to pursue an identified claim means that for many small claims, it is class actions or nothing." *In re American Reserve Corp.*, 840 F.2d 487, (7th Cir. 1988) (Easterbrook, Posner, JJ, concurring.) Thus, from the point of view of the administration of justice, all Class Members will have an opportunity to present their case and the risk of inconsistent adjudication is avoided.

Further, certification of a class prevents forfeiture of claims (here, by reclassification to the level of equity interests), which may be the result of: (i) having moved with change of address notices not processed by the Debtors or their agents; and/or (ii) the Debtors' failure to advise claimants that the innocuous-sounding word "reclassification" means the claim is expunged because equity interests get no distribution.

3

### III.    Statement of Facts And Summary Of Argument

The facts relevant to this Motion and a summary of the Class Member claims are set forth in the Responses of Claimants in Opposition to Debtors' 313th Omnibus Objection filed and served herewith.

### IV.    Class Certification Should Be Granted Because The Requirements Of Rule 23 Are Satisfied

"Class actions in bankruptcy court are governed by Rule 23 of the Federal Rules of Civil Procedures, made applicable to an adversary proceeding by Rule 7023 of the Federal Rules of Bankruptcy Procedure." *In re BGI, Inc.*, 465 B.R. 365, 374 (Bankr. S.D.N.Y. 2012). Rule 9014 further authorizes the Courts "at any stage in a particular matter," to apply Rule 7023 -- and thereby Fed. R. Civ. P. 23, the class action rule, to "any stage" in a particular matters...." *In re American Reserve*, 840 F.2d at 488. Applying the class action device to this case will assist the Court in distributing Debtors' assets. As District Judge Lasker held, in reversing a denial of a class claim:

> [T]he bankruptcy statute has the goal of facilitating creditor compensation. It would be incongruous for this bedrock policy to be thwarted by reading a procedural limitation into the Code. Bankruptcy also seeks to achieve equitable distribution of the estate. Persons holding small claims, who absent class procedures might not prosecute them, are no less creditors under the Code than someone with a large, easily filed claim. Applying Rule 23 to filing procedures will bring all claims forward, as contemplated by the Bankruptcy Code.

*In re Chateaugay Corp.*, 104 B.R. 626, 632 (Bankr. S.D.N.Y. 1989), *quoting In re Charter Co.*, 876 F. 2d 866, 871 (11th Cir. 1989).

This case should be certified as a class action because it satisfies the requirements of subsection (a) of Civil Rule 23 (i.e., numerosity, commonality, typicality and adequacy of representation) and falls within subsections (b)(1) and (b)(3) of Civil Rule 23.

Furthermore, the class is estimated to have over 250 members, which includes individuals who have not been served with the Omnibus Objections. Due process requires that notice be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). As such, many Class Members would be denied due process if they are not given the opportunity to present their own objections on the reclassification of their RSU and CSA claims as equity and participate in the distribution of the Debtors' assets.

By certifying the class, the Court will ensure that Class Members receive due process notice of all bankruptcy proceedings. Finally, certification of the class claims would serve the efficient judicial management of at least 250 pending claims.

## A. The Requirements Of Rule 23(a) Are Satisfied

### 1. Numerosity Is Satisfied

Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impracticable." "In the Second Circuit, courts presume that joinder is impracticable when the prospective class consists of forty or more members." *In re BGI, Inc.*, 465 at 375 (class of 198 former employees made joinder impracticable); *see also Guippone v. BH S&B Holdings LLC*, No. 09-1029, 2011 WL 1345041, at *4 (S.D.N.Y. Mar. 30, 2011). With over 250 Class Members, the "numerosity" requirement of Rule 23(a)(1) is met because joinder of each Class Member is impracticable.

### 2. Commonality Is Satisfied

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." "Class relief is particularly appropriate when the issues involved are common to the class as a

whole and when they turn on questions of law applicable in the same manner to each member of the class." *General Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 154 (1982) (internal quotation marks omitted). "Minor factual differences will not preclude class certification if there is a common issue of law." *Manaco v. Stone*, 187 F.R.D. 50, 61 (E.D.N.Y. 1999).

The commonality factor is met here because there are numerous questions of law or fact common to every Class member, namely whether: (1) the RSU and CSA agreements were conditional contracts to provide compensation in the future; (2) the RSU and CSA agreements presented an executory contract claim; and (3) the claims arising from the RSU and agreements warranted treatment consistent with unsecured creditors' claims.

### 3. Typicality Is Satisfied

"Rule 23(a)(3) is satisfied when each class member's claim arises from the same course of events, and each class member makes the same legal arguments to prove the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir. 1992).

Here, although the class is divided into two subclasses, all Class Members are current and/or former employees of the Debtors and were subject to the same course of events while employed by the Debtors. Accordingly, since Class Members of the class possess the same interest, suffered the same injury and allege identical violations in their claims, the typicality requirement is met.

### 4. Adequacy Is Satisfied

Adequacy requires that the Class Representatives do not have conflicts of interest with the Class Members and the Class Representatives are represented by qualified counsel. *In re Joint Eastern & Southern Asbestos Litig.*, 78 F.3d 764, 778 (2d Cir. 1996). "What constitutes adequate representation is a question of fact that depends on the circumstances of each case and

is within the discretion of the court." *In re BGI, Inc.*, 465 B.R. at 376 (citing 7A Charles Alan

Wright & Arthur R. Miller, *Fed. Practice and Procedure* § 1765 (3d ed. 2012)).

The proposed Class Representatives will pursue Class Member claims, have no conflicts

of interest with the Class Members, and will diligently represent and protect the interests of the

class. However, even if there were a conflict of interest, any Class Member who wishes to opt

out of the Class will be afforded an opportunity to do so under Rule 23(c)(2)(B) and (e)(5).

In addition, the proposed Class Representatives have engaged counsel, Stamell &

Schager, LLP, who has a record of pursuing difficult class action cases in which it has been

appointed class counsel. Stamell & Schager recently won a $50 million settlement after ten

years of securities litigation before the Honorable Thomas C. Platt and Jack B. Weinstein in *In re*

*MetLife Demutualization Litig.*, E.D.N.Y., 00-CV-2258, and recently won a $300 million

settlement after six years of antitrust litigation from the diamond company De Beers and its

affiliates in *Sullivan, et al. v. De Beers S.A.*, D.N.J, 09-CV-2819. The firm has been praised by

the First Department of the Supreme Court, which found Stamell & Schager "amply

demonstrated its experience and skill in class action litigation." *Ackerman v. Price Waterhouse*,

252 A.D.2d 179, 181, 683 N.Y.S.2d 179, 195 (1st Dep't 1998). Stamell & Schager's work in the

*Ackerman* litigation, established for the first time the use of a presumption of reliance arising

from material omissions in a state law, non-securities case. *Id.*

Accordingly, the Class Representatives and Class Counsel will provide the class with

adequacy of representation.

### B.  The Requirements Of Rule 23(b) Are Satisfied

In addition to meeting the four requirements under Civil Rule 23(a), the class must satisfy

the requirements of Civil Rule 23(b)(1), (2) or (3). Rule 23 requires that: (1) there is risk of

7

inconsistent or unfair adjudication; (2) the defendant acted on grounds generally applicable to the

class, making injunctive or declaratory relief appropriate to the class as a whole; or (3) common

questions of law or fact predominate and class resolution is superior to other available methods

for fair and efficient adjudication of the controversy.  Although the Class Members need only

meet the requirements of one of the conditions under FRCP 23(b), two of the three requirements

can be satisfied in this case.

### 1. There Is A Risk Of Inconsistent Or Varying Adjudications If The Class Is Not Certified

"Rule 23(b)(1) is divided into two sections.  Section (b)(1)(A) focuses on the nonclass

party while section (b)(1)(B) focuses on potential class members."  *In re Broadhollow Funding*

*Corp.*, 66 B.R. 1005, 1013 (Bankr. E.D.N.Y. 1986).  Rule 23(b)(1)(A) provides that a class may

be certified if there exists a risk of inconsistent or varying adjudications with respect to

individual class members that would establish incompatible standards of conduct for the party

opposing the class.  Rule 23(b)(1)(B) provides that a class action should be maintained if failure

to certify would substantially impair or impede individual Class Members from protecting their

interests.

As previously discussed, failure to notify all Class Members of the bankruptcy

proceedings, including the Omnibus Objections, will deprive Class Members of their opportunity

to present objections and participate in the distribution of the Debtors' assets.  This would result

in an unfair adjudication that would deprive Class Members of their rights to the Debtors' assets.

Accordingly, certification under Rule 23(b)(1) is proper.

8

**2.    The Class Action Is Superior To Other Available Methods For The Fair And Efficient Adjudication Of The Controversy**

The Class meets the requirements under Civil Rule 23(b)(3). The common questions of law and fact detailed above that affect all Class Members predominate any questions affecting only individual members.

A class is superior to other available methods for the fair and efficient adjudication of the controversy for the following reasons: (1) no Class Member has an interest in individually controlling the prosecution of a separate action for claims of unpaid compensation; (2) there is no other litigation concerning the RSUs and CSAs; (3) concentrating all potential litigation concerning the RSUs and CSAs in this Court will avoid multiplicity of suits, will conserve the resources of the Court and Parties, and is the most efficient means of resolving the rights of all Class Members. *See In re BGI, Inc.*, 465 B.R. at 376-377.

**V.    The Court Should Approve The Form And Manner Of The Proposed Notice To The Class**

Rule 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3),the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

A partial list of Class Members is attached to the 313th and 319th Omnibus Objections as Exhibit A to each. Class Members not named in this Motion can be readily identified by Debtors from the records of Lehman Brothers created and through the RSU and CSA agreements issued. Subject to entry of an order certifying the class, Class Counsel will request individual mailing

addresses from the Debtors for each Class Member.  Within ten (10) business days of receiving

the individual mailing addresses, Class Counsel will serve a Class Notice to each Class Member

at the last known address and email address of each Class Member according to the Debtors'

books and records, as set forth in the Class Members' Proofs of Claims, or as may otherwise be

determined by the Parties.

### Conclusion

For the reasons stated above, the Class Representatives, on behalf of all others similarly

situated, request that the Court certify the class pursuant to Rule 23(a) and (b), appoint McCully

and Mullen as the Class Representatives thereof, and appoint undersigned counsel as Class

Counsel for the class.


Dated: New York, New York
       July, 6, 2012


                                        Respectfully, submitted,

                                        By:_____
                                            Richard J. Schager, Jr., Esq.
                                            STAMELL & SCHAGER LLP
                                            One Liberty Plaza, 35th Floor
                                            New York, New York 10006-1404
                                            Telephone:  (212) 566-4057
                                            Facsimile:  (212) 566-4061
                                            schager@ssnyc.com