UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (JMP)
                                                              :
                                          Debtors.            :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT JOSEPH D'AMADEO IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Joseph D'Amadeo affirms under penalties of perjury as follows:

1.  I was employed by Lehman Brothers from prior to 2001 through September 2008. Upon the sale of Lehman Brothers' brokerage unit to Barclays in September 2008, my employment by Lehman Brothers was terminated.

2.  For each year between 2003 and 2008, during which time I was paid as a Commissioned Sales Person, Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

3. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4. After the Petition Date, Debtors sent me a form of Proof of Claim, which I timely completed and filed and receipt of which Debtors acknowledged. *See* Exhibit 1 hereto. My original Proof of Claim relating to contract rights under the RSU Agreements was assigned Claim No. 19076.

5. The practice followed each year by Lehman Brothers for commissioned salespeople was to calculate gross production and net production (commission payments) on a monthly basis. (See attached Compensation Statement, page 7 of Exhibit 1.) Lehman deducted, from the monthly net commission payments to me, an amount entitled "Equity Accrual Calculated," which was a deduction for the Lehman Brothers RSU equity incentive program.

6. As shown on the attached Compensation Statement, Exhibit B to my Proof of Claim, during 2008 the sum of $864,953 was withheld from my monthly commissions. This amount was never converted into RSUs; nor was it ever paid to me.

7. As shown on Exhibit C to my Proof of Claim, during 2008 a total of $195,962 was withheld from my commissions for "ICG EQ-Payout Reduction". Under Lehman's past practices, these amounts were withheld from my monthly commissions, but were due to be paid to me, in cash, at year-end as part of my annual compensation. For this amount I was essentially a lender to Lehman, with a due date for the loan of the calendar year-end. This amount was never paid to me.

8. I never paid tax on the portion of any amount reserved under the RSU Agreements, either that portion withheld from my bonus or that portion withheld from my commissions. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the payment was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

9. The economic substance of the RSU Agreements to me was that a portion of the my earned commissions was held back, or the amount of any commissions withheld and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my commission. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from these reserved amounts, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

10. Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

3

11.~~15.~~ Stock options issued to me by Lehman Brothers did not work in this way. Upon the grant, I received a security in the form of the stock option. The option provided me with the right to buy LBH shares at a fixed price, the exercise price. While a period of time passed before the option vested, upon vesting I could exercise the option by paying the exercise price, and I would receive LBH shares. No comparable security was issued to me under the RSU Agreement.

12.~~16.~~ I did not pay tax on the option when granted, which I understand is due to a special provision of the Internal Revenue Code governing the taxation of options. Upon exercise of the option I was taxed on the difference between the current market price of the LBH shares at the time of exercise and the exercise price.

_____
Signature

Joseph O'Amadou
Printed Name

# EXHIBIT 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered)<br>Case No. of Debtor | UNIQUE IDENTIFICATION NUMBER: 1000186707<br><br>Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000019076 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)
LBH (CREDITOR.DBF,CREDNUM)CREDNUM # 1000186707******
D'AMADEO, JOSEPH G
16 HASTINGS ROAD
HOLMDEL, NJ 07733-2818

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 732 345-7069   Email Address: DAmadeoJ@comcast.net

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____   Email Address: _____

1. Amount of Claim as of Date Case Filed: $ 7,483,695.80 (See attached)
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*
*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: Compensation and RSU - see claim A, B, C
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $ _____   Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$ _____ Basis for perfection: _____
Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $ _____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

Date: 9-18-09
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$ 10,950

FOR COURT USE ONLY

**FILED / RECEIVED**

**SEP 18 2009**

EPIQ BANKRUPTCY SOLUTIONS, LLC

| | | |
|---|---|---|
| see Exhibit B | Equity Accrual Calculated: Monies from paycheck withheld to purchase stock at year end | $864,953.88 |
| See Exhibit A | Minus July 2008 IR RSU (RSU's purchased in July) | -$255,010.00 |
| See Exhibit C | Adjustments to Net Production (to be Paid out at year end) | $195,962.92 |
| See Exhibit A | Restricted Stock Units | $6,677,789.00 |
| **Total Amount of claim** | | **$7,483,695.80** |

Personal Award Summary   Exhibit A                                                                                        Page 1 of 1

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008                                                                                    10022071 Joseph G. D'Amadeo

## AWARD UNITS[1] OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value[2] | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested[3] | Units Outstanding | Market Value at $0.17* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 IR RSU | $20.9600 | $255,010 | 11/30/2011 | 12,166.49 | 153.78 | 0.00 | 0.00 | 12,320.27 | $2,094 |
| 12/07/2007 | 2007 IR MD Principal | $44.4300 | $991,830 | 11/30/2012 | 22,323.43 | 459.80 | 0.00 | 0.00 | 22,783.23 | $3,873 |
| 12/07/2007 | 2007 IR MD Discount | $44.4300 | $425,070 | 11/30/2012 | 9,567.19 | 197.05 | 0.00 | 0.00 | 9,764.24 | $1,660 |
| 12/08/2006 | 2006 IR MD Principal | $53.9200 | $811,114 | 11/30/2011 | 15,042.91 | 445.20 | 0.00 | 0.00 | 15,488.11 | $2,633 |
| 12/08/2006 | 2006 IR MD Discount | $53.9200 | $347,620 | 11/30/2011 | 6,446.96 | 190.80 | 0.00 | 0.00 | 6,637.76 | $1,128 |
| 11/30/2005 | 2005 IR MD Principal | $44.1000 | $837,453 | 11/30/2010 | 18,989.86 | 697.06 | 0.00 | 0.00 | 19,686.92 | $3,347 |
| 11/30/2005 | 2005 IR MD Discount | $44.1000 | $358,908 | 11/30/2010 | 8,138.50 | 298.65 | 0.00 | 0.00 | 8,437.15 | $1,434 |
| 12/09/2004 | 2004 IR MD Principal | $30.0300 | $629,075 | 11/30/2009 | 20,948.22 | 940.98 | 0.00 | 10,944.59 | 21,889.20 | $3,721 |
| 12/09/2004 | 2004 IR MD Discount | $30.0300 | $269,604 | 11/30/2009 | 8,977.82 | 403.25 | 0.00 | 0.00 | 9,381.07 | $1,595 |
| 12/10/2003 | 2003 IR SVP Principal | $26.7700 | $544,357 | 11/30/2008 | 20,334.58 | 1,085.07 | 0.00 | 21,419.65 | 21,419.65 | $3,641 |
| 12/10/2003 | 2003 IR SVP Discount | $26.7700 | $181,452 | 11/30/2008 | 6,778.18 | 361.80 | 0.00 | 0.00 | 7,139.98 | $1,214 |
| Total | | | $5,651,493 | | 149,714.14 | 5,233.44 | 0.00 | 32,364.24 | 154,947.58 | $26,340 |

## STOCK OPTIONS OUTSTANDING

| Grant Date | Description | Exercise Price | Black-Scholes Grant Price | Expiration Date | Black-Scholes Grant Value | Options Granted | Options Exercised | Options Exercisable | Options Outstanding | Intrinsic Value at $0.17* |
|---|---|---|---|---|---|---|---|---|---|---|
| 12/10/2003 | 2003 IR SVP Options | $35.6950 | $10.4200 | 11/29/2013 | $241,911 | 23,216 | 0 | 17,412 | 23,216 | $0 |
| 12/11/2002 | 2002 IR SVP Options | $27.2100 | $9.1250 | 11/29/2012 | $606,156 | 66,428 | 29,822 | 36,606 | 36,606 | $0 |
| 12/03/2001 | December 2001 SVP Options | $31.7000 | $10.5100 | 11/29/2011 | $178,229 | 16,958 | 12,720 | 4,238 | 4,238 | $0 |
| Total | | | | | $1,026,296 | 106,602 | 42,542 | 58,256 | 64,060 | $0 |
| Total Equity | | | | | | | | | | $26,340 |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (12:24 PM EDT on September 17 2009)

[1] Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
[2] Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
[3] Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

Claim A

+ 5,651,493
  1,026,296
───────────
$ 6,677,789

http://my.lehman.com/HRS/equityaward/westinghouse.do                                                                    9/17/2009

Compensation Statement

*Exhibit B*

Name: 10022071 - JOSEPH DAMADEO
From: 12/1/2007 To: 12/31/2008

| Year Total | | Dec-08 | Nov-08 | Oct-08 | Sep-08 | Aug-08 | Jul-08 | Jun-08 | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 20,221,947.71 | Gross Production | 985,257.67 | 996,293.34 | 918,461.83 | 648,404.34 | 1,536,841.79 | 1,585,802.95 | 1,658,248.91 | 2,081,452.95 | 1,929,872.18 | 1,269,169.76 | 1,988,802.91 | 2,751,024.10 | |
| 2,548,700.80 | Net Production | 147,290.53 | 137,778.74 | 125,140.10 | 89,344.46 | 191,601.57 | 196,599.26 | 203,868.98 | 255,750.47 | 227,981.83 | 165,212.28 | 254,038.50 | 322,000.45 | |
| 12.6 | Average Rate (%) | 14.95 | 13.83 | 13.62 | 13.78 | 12.47 | 12.33 | 12.52 | 12.29 | 11.81 | 13.02 | 12.77 | 11.68 | |
| | Prior Months -Deficit/Overage | 0 | 0 | 0 | -87,422.88 | 0 | 0.01 | 0 | -0.01 | 0.01 | -0.01 | 0 | 0.01 | |
| -231,833.72 | Adj to Net Production | -6,836.45 | -688.89 | -625.7 | -860.53 | -29,638.87 | -35,664.48 | -30,782.86 | -39,482.95 | -32,114.57 | -12,333.83 | -9,598.52 | -1,610.00 | |
| | Monthly Payout Balance | 140,454.08 | 137,089.84 | 124,514.40 | 1,061.07 | 161,962.70 | 194,429.14 | 172,272.90 | 216,267.52 | 195,867.28 | 152,878.46 | 244,439.98 | 320,390.45 | |
| | Draw Amount | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | |
| 2,229,444.22 | Total Sales Compensation | 140,454.08 | 137,089.84 | 124,514.40 | 1,061.07 | 161,962.70 | 194,429.14 | 172,272.90 | 216,267.52 | 195,867.28 | 152,878.46 | 244,439.98 | 320,390.45 | |
| 1,364,490.34 | Cash Commissions | 137,089.84 | 124,514.40 | 1,061.07 | 95,349.56 | 104,440.16 | 96,988.59 | 98,236.41 | 109,568.15 | 97,933.63 | 76,439.23 | 122,219.99 | 160,195.22 | |
| 864,953.88 | Equity Accrual Calculated | 0 | 0 | 0 | 66,613.15 | 89,988.96 | 74,036.49 | 106,699.37 | 97,933.62 | 76,439.24 | 122,219.99 | 160,195.22 | | |
| 2,316,867.08 | Recorded Total Sales Compensation | 140,454.08 | 137,089.84 | 124,514.40 | 1,061.07 | 249,365.58 | 194,429.14 | 167,816.40 | 172,272.90 | 216,267.53 | 195,867.25 | 152,878.47 | 244,439.98 | 320,390.44 |
| | -Deficit/Overage | 0 | 0 | 0 | -87,422.88 | 0 | 0.01 | 0 | -0.01 | -0.01 | 0.01 | -0.01 | 0 | 0.01 |

*Claim B*

$864,953.88   Cash Compensation withheld
- 255,010     See claim A, July 2008 IR RSU. This is the portion of cash
─────────     compensation used to purchase RSU's.
$609,943.88

Exhibit C

## Adjustment Detail Report

Adjustment Detail Report For GSID : 10022071    Start Date : 12/1/2007    End Date : 12/1/2008

| # | Start Date | P&L | GSID | IR Number | Adjustment Type | Amount | Description | Class | Entry Date | Entry Operator |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 8/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 8/30/2008 | batch |
| 6 | 7/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 8/1/2008 | batch |
| 9 | 6/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 7/1/2008 | batch |
| 14 | 4/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 5/1/2008 | batch |
| 19 | 3/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 4/1/2008 | batch |
| 22 | 2/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | -11,507.77 | Payment to EQICG1 | D | 3/1/2008 | batch |
| 25 | 1/1/2008 | 25785 | 10022071 | | EQ ICG Accrual Transfer (Debit) | -8,088.95 | Payment to EQICG1 | D | 2/1/2008 | batch |
| 31 | 10/1/2008 | 59799 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 11/1/2008 | batch |
| 33 | 9/1/2008 | 59799 | 10022071 | | EQ ICG Accrual Transfer (Debit) | 0 | Payment to EQICG1 | D | 10/1/2008 | batch |
| 1 | 9/1/2008 | 25785 | 10022071 | 306676 | ERRORS | -413.81 | ACCT 831-36274 WB 8/20 | D | 9/17/2008 | 6580042 |
| 16 | 3/1/2008 | 25785 | 10022071 | 306676 | ERRORS | -60 | ACCT 831-47951 MXIM | D | 3/31/2008 | 6580182 |
| 23 | 1/1/2008 | 25785 | 10022071 | 306676 | ERRORS | -239.38 | ACCT 831-47951 MXIM | D | 1/31/2008 | 6580042 |
| 2 | 8/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -958.01 | Payment to 10221459 | D | 8/30/2008 | batch |
| 5 | 7/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,150.47 | Payment to 10221459 | D | 7/1/2008 | batch |
| 8 | 6/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -993 | Payment to 10221459 | D | 7/1/2008 | batch |
| 11 | 5/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,019.34 | Payment to 10221459 | D | 5/31/2008 | batch |
| 13 | 4/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,278.75 | Payment to 10221459 | D | 5/1/2008 | batch |
| 18 | 3/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,139.91 | Payment to 10221459 | D | 4/1/2008 | batch |
| 21 | 2/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -826.06 | Payment to 10221459 | D | 3/1/2008 | batch |
| 24 | 1/1/2008 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,270.19 | Payment to 10221459 | D | 2/1/2008 | batch |
| 26 | 12/1/2007 | 25785 | 10022071 | | IR PAYMENTS TO STAFF | -1,610.00 | Payment to 10221459 | D | 1/1/2008 | batch |
| 27 | 12/1/2008 | 59799 | 10022071 | | IR PAYMENTS TO STAFF | -6,100.00 | Payment to 10221459 | D | 1/1/2009 | batch |
| 28 | 12/1/2008 | 59799 | 10022071 | | IR PAYMENTS TO STAFF | -736.45 | Payment to 10221459 | D | 1/1/2009 | batch |
| 29 | 11/1/2008 | 59799 | 10022071 | | IR PAYMENTS TO STAFF | -688.89 | Payment to 10221459 | D | 11/29/2008 | batch |
| 30 | 10/1/2008 | 59799 | 10022071 | | IR PAYMENTS TO STAFF | -625.7 | Payment to 10221459 | D | 11/1/2008 | batch |
| 32 | 9/1/2008 | 59799 | 10022071 | | IR PAYMENTS TO STAFF | -446.72 | Payment to 10221459 | D | 10/1/2008 | batch |
| 17 | 3/1/2008 | 25785 | 10022071 | | PRIOR MONTH(S) PAYOUT ADJ | 3,282.60 | ADJ P/O M052567 ZIFF BROTHERS | D | 4/2/2008 | 6580042 |
| 4 | 8/1/2008 | 25785 | 10022071 | | ICG EQ Payout Reduction | -28,680.86 | ICG Equity Payout Reduction 8/2008 | D | 9/2/2008 | 6580042 |
| 7 | 7/1/2008 | 25785 | 10022071 | | ICG EQ Payout Reduction | -34,514.01 | ICG Equity Payout Reduction 7/2008 | D | 8/5/2008 | 6580012 |
| 10 | 6/1/2008 | 25785 | 10022071 | | ICG EQ Payout Reduction | -29,789.86 | ICG Equity Payout Reduction 06/2008 | D | 7/1/2008 | 6580282 |
| 12 | 5/1/2008 | 25785 | 10022071 | | ICG Eq Payout Reduction | -30,576.73 | ICG Eq Payout Reduction for May 2008 | D | 6/3/2008 | 6580252 |
| 15 | 4/1/2008 | 25785 | 10022071 | | ICG EQ Payout Reduction | -38,204.20 | ICG EQ Payout Reduction for April 2008 | D | 5/5/2008 | 6580012 |
| 20 | 3/1/2008 | 25785 | 10022071 | | ICG EQ Payout Reduction | -34,197.26 | ICG EQ Payout Reduction for March 2008 | D | 4/2/2008 | 6580252 |

**$195,962.92**

Claim C

#195,962.92 - commissions to be paid at end of year

**HAND DELIVERY**

_____  _____  _____
RECEIVED BY: *Ashly Volk*    DATE: 9/18/09    TIME: 12:37