UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                             :
In re                                                        :     Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., et al.,                       :     08-13555 (JMP)
                                                             :
                                     Debtors.                :     (Jointly Administered)
                                                             :
------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT HUGH E. McGEE IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Hugh E. McGee affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers from March 1993 through September 2008. Lehman Brothers terminated my employment on September 16, 2008, upon the sale of its brokerage unit to Barclays.

2. For each year between 2003 and 2008 Lehman Brothers issued to me an "RSU Agreements", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

3. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4. Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the RSU Agreements. This initial Claim was assigned Claim No. 31081.

5. I was provided with this Proof of Claim form by Debtors. In the form provided, Debtors had inserted the caption, and supplied my name and address. I added only my phone number, email address, the amount of the claim, an attachment describing my claim for deferred compensation under the RSU Agreements, and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

6. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year.

7. I never paid tax on the portion of any bonus reserved under the RSU Agreements. For prior years, not at issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

8. The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

9. Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

10. Stock options issued to me by Lehman Brothers did not work in this way. Upon the grant, I received a security in the form of the stock option. The option provided me with the right to buy LBH shares at a fixed price, the exercise price. While a period of time passed before the option vested, upon vesting I could exercise the option by paying the exercise price, and I would receive LBH shares. No comparable security was issued to me under the RSU Agreement.

16.     I did not pay tax on the option when granted, which I understand is due to a special provision of the Internal Revenue Code governing the taxation of options. Upon exercise of the option I was taxed on the difference between the current market price of the LBH shares at the time of exercise and the exercise price.

_____
Signature

Hugh E McGee III
Printed Name

Affirmed under penalties of perjury
on this 5th day of July, 2012

_____
Notary Public



CAROL A. WELTER
My Commission Expires
September 14, 2015

4

# EXHIBIT 1

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)    0000031081 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc., et al. | Case No. of Debtor<br>08-13555 (JMP) | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

THIS SPACE IS FOR COURT USE ONLY

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Hugh McGee
5457 Holly Springs
Houston, TX 77056

Email: hmcgee@barcap.com

Telephone number: (212) 526-2863    Email Address: See above

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Telephone number: _____    Email Address: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ See addendum
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See addendum - Supplemental Retirement Plan, Restricted Stock Unit Plan
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** 8122
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____    Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____    Basis for perfection: _____
   Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(_____).
   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   **DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
   If the documents are not available, please explain:

FOR COURT USE ONLY

**FILED / RECEIVED**

SEP 22 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signed] Hugh E. McGee III    Hugh E. McGee III |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

*Draft – 9/17/09*
*Attorney Client Communication*
*Attorney Work Product*
*Subject to Common Interest Privilege*
*Privileged and Confidential*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

LEHMAN BROTHERS HOLDINGS INC., *et al.*,

Debtors.

------------------------------------------------------------X

Chapter 11 Case No.

Case No. 08 - 13555 (JMP)

(Jointly Administered)

## ATTACHMENT TO PROOF OF CLAIM OF HUGH E. MCGEE III

1. Hugh E. McGee III ("Claimant") is filing this proof of claim for deferred compensation and for benefits owed under a supplemental retirement plan with Lehman Brothers Holdings Inc. ("LBHI").

2. Claimant reserves the right to amend or supplement this proof of claim in any respect, to fix or liquidate any claims stated herein, to specify and quantify expenses or other charges or claims incurred by Claimant, to assert any additional claim for priority and to file additional proofs of claim for additional claims.

3. The execution and filing of this proof of claim is not a waiver, and shall not be deemed a waiver, of any of Claimant's rights including, without limitation, the right to move to withdraw the reference with respect to the subject matter of these claims or otherwise, and any right to trial by jury that Claimant may have in any civil proceeding arising in or related to this case, nor is it a consent to jurisdiction of this or any court except with respect to the allowance of the claims asserted herein. All such rights are expressly preserved.

13590136.7

4. The execution and filing of this proof of claim is not a waiver, and shall not be deemed a waiver, of Claimant's right to assert that some or all of the Claims set forth herein are entitled to administrative expense priority. All such rights are expressly preserved.

Background

5. Claimant served as an officer of LBHI from 2002 until 2008.

Unpaid Compensation and Benefits

6. Claimant files his claims for unpaid benefits on the basis of his benefits under the LBHI Supplemental Retirement Plan (the "LBHI SRP"), which benefits vested in January 2007. The terms of the LBHI SRP, including the accrued benefit due Claimant, are currently in the possession of LBHI.

7. As part of annual compensation for fiscal years 2003-2008, Claimant was granted deferred compensation in the form of restricted stock units as part of the LBHI Stock Incentive Plan and/or the Equity Award Program (the "Plan"). The grant date value of the deferred compensation was established by LBHI and is currently in its possession.

8. Records concerning Claimant's aforementioned claims are available to LBHI from, *inter alia*, LBHI's Office of the Corporate Secretary. Claimant reserves the right to amend this proof of claim to assert any claim he later discovers he may have against LBHI related to the aforementioned claims.

Notices

9. All notices to Claimant should be addressed to:

Hugh E. McGee III
5457 Holly Springs
Houston, TX 77056


