## AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, **CREDITO EMILIANO SPA** ("Seller"), acting on behalf of one customer (the "Customer") hereby unconditionally and irrevocably sells, transfers and assigns to **BANCA CARIGE SPA** (the "Purchaser"), acting on behalf of one or more of its customers (together with its customers, the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the nominal amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to **Proof of Claim Number 62892** filed by or on behalf of Seller] (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller and its Customer relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's and its Customer' s right, title and interest in, to and under the transfer agreements, if any, under which Seller and its Customer or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller and its Customer owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; and (f) neither Seller nor its Customer has engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.



RECEIVED
JUL - 2 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 03rd day of June 2012.

CREDITO EMILIANO SPA
By: _____
Name: Giorgio Ferrari
Title: Chairman of the board
Via Emilia San Pietro, n.4
42121 Reggio Emilia, Italy

Attn. Efisio Bertrand
Phone +39 0522 582
Fax +39 0522 583129
e-mail ebertrand@credem.it

BANCA CARIGE SPA
By: _____
Name: Giovanni Berneschi
Title: Chairman of the board
Via Cassa di Risparmio 15
16123 Genova, Italy

Attn. Luca Amelotti
Phone +39 010 579 2759
Fax +39 010 579 4833
e-mail finanza.post.trading@carige.it

Schedule 1

Transferred Claims

Purchased Claim

0,119517 % of XS0200284247 EUR = USD 14,574.36 of USD 12,194,364.40 (i.e. the outstanding amount of XS0200284247 as described in the Proof of Claim dated 29 October, 2009 and filed on 2 November, 2009),

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Issuer | Guarantor | Principal/Notional Amount | Maturity | Accrued Amount (as of Proof of Claim Filing Date) |
|---|---|---|---|---|---|---|
| LEHMAN BROTHERS TREAS.BV 7%/LINKED 22.09.2004/2014 EUR | XS0200284247 | LEHMAN BROTHERS TREASURY BV | Lehman Brothers Holdings Inc. | EUR 10,000.00 (equivalent to USD 14,151.00) | 09/22/2014 | EUR 10,299.17 (equivalent to USD 14,574.36) |

CREDITO EMILIANO S.P.A.

..................................................

BANCA CARIGE S.P.A.

..................................................

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Form 210A

United States Bankruptcy Court

SOUTHERN DISTRICT OF NEW YORK

In re LEHMAN BROTHERS HOLDINGS INC., et. al., DEBTORS    Case No. 08-13555 (JMP)
JOINTLY ADMINISTERED

TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 300 1(e)(2), Fed, R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

**Banca CARIGE S.p.A.**
Name of Transferee

Name and Address where notices to transferee should be sent:

Via Cassa di Risparmio 15
16123 Genova
Italy
Attn. Luca Amelotti
E-mail: finanza.post.trading@carige.it

Phone: +39 010 579 2759
Last Four Digits of Acct #: N/A

**Credito Emiliano SPA**
Name of Transferor

Court Claim #: 62892
Amount of Claim: $ 152,505,272.33
Date Claim Filed: November , 2 2009
Amount of claim transferred: $ 14,574.36

Phone: +39 0522 582601
Last Four Digits of Acct. #: N/A

Name and Address where transferee payments should be sent (if different from above):

Phone: +39 010 579 2759
Last Four Digits of Acct #: N/A

Standard Chartered Bank New York (Swift Code SCBLUS33)
A/C 3582021859001 named Banca Carige (Swift Code CRGEITGG)

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief,

By: /BANCA CARIGE, S.p.A./    Date: June 19, 2012
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment foe up to 5 years, or both 18 U.S C. §1152 & 3571.

**EVIDENCE OF TRANSFER OF CLAIM**

**TRANSFER AGREEMENT**

2

United States Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

**LEHMAN SECURITIES PROGRAMS PROOF OF CLAIM**

In Re: Lehman Brothers Holdings Inc., et al., Debtors.
Chapter 11
Case No. 08-13555 (JMP)
(Jointly Administered)

Note: This form must be used to file claims of non-controlled or on Lehman Programs Securities as listed on http://www.lehman-claims.com as of July 17, 2009.

THIS SPACE IS FOR COURT USE ONLY

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Credito Emiliano S.p.A.
Via Emilia S. Pietro, 4
42100 Reggio Emilia
Italy
Attention: Mr Luca Mariani

☐ Check this box to indicate that this claim amends a previously filed claim
Court Claim Number: _____
(If known)

Telephone number: +39 0522583005    Email Address: lmariani@credem.it

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars

Telephone number:    Email Address:

1. Provide the total amount of your claim based on Lehman Programs Securities. Your claim amount must be the amount owed under your Lehman Programs Securities as of September 15, 2008, whether you owned the Lehman Programs Securities on September 15, 2008 or acquired them thereafter, and whether such claim matured or became fixed or liquidated before or after September 15, 2008. The claim amount must be stated in United States dollars, using the exchange rate as applicable on September 15, 2008. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the claim amounts for each Lehman Programs Security to which this claim relates.

Amount of Claim: See attached _____ (Required)

☒ Check this box if the amount of claim includes interest or other charges in addition to the principal amount due on the Lehman Programs Securities.

2. Provide the International Securities Identification Number (ISIN) for each Lehman Programs Security to which this claim relates. If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the ISINs for the Lehman Programs Securities to which this claim relates

International Securities Identification Number (ISIN): See attached _____ (Required)

3. Provide the Clearstream Bank Blocking Number, a Euroclear Bank Electronic Reference Number, or other depository blocking reference number, as appropriate (each, a "Blocking Number") for each Lehman Programs Security for which you are filing a claim. You must acquire a Blocking Number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). If you are filing this claim with respect to more than one Lehman Programs Security, you may attach a schedule with the Blocking Numbers for each Lehman Programs Security to which this claim relates.

Clearstream Bank Blocking Number, Euroclear Bank Electronic Instruction Reference Number and or other depository blocking reference number:

See attached _____ (Required)

4. Provide the Clearstream Bank, Euroclear Bank or other depository participant account number related to your Lehman Programs Securities for which you are filing this claim. You must acquire the relevant Clearstream Bank, Euroclear Bank or other depository participant account number from your accountholder (i.e. the bank, broker or other entity that holds such securities on your behalf). Beneficial holders should not provide their personal account numbers.

Accountholder's Euroclear Bank, Clearstream Bank or Other Depository Participant Account Number:

See attached _____ (Required)

5. Consent to Euroclear Bank, Clearstream Bank or Other Depository: By filing this claim, you consent to, and are deemed to have authorized, Euroclear Bank, Clearstream Bank or other depository to disclose your identity and holdings of Lehman Programs Securities to the Debtors for the purpose of reconciling claims and distributions.

Date: October 23, 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Name: Giorgio Ferrari    Title: President



FOR COURT USE ONLY

FILED / RECEIVED
NOV 02 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000062692

EXHIBIT 2

| ISIN Code | Nominal Amount (Foreign Currency) | Interest*** (Foreign Currency) | Total (Foreign Currency) | Nominal Amount (USD)** | Interest (USD)** | Total (USD)** |
|---|---|---|---|---|---|---|
| IT0005678650 | EUR 261,000.00 | EUR 5,138.05 | EUR 266,138.05 | 369,341.10 | 7,270.85 | 376,611.95 |
| XS0286535223 | EUR 10,000.00 | EUR 0 | EUR 10,000.00 | 14,151.00 | 0 | 14,151.00 |
| XS0278368191 | EUR 6,022,000.00 | EUR 0 | EUR 6,022,000.00 | 8,521,722.20 | 0 | 8,521,722.20 |
| XS0208459023 | EUR 17,154,000.00 | EUR 384,946.05 | EUR 17,538,946.05 | 24,274,615.40 | 544,727.16 | 24,819,362.56 |
| XS0208459025 | EUR 150,000.00 | EUR 3,366.09 | EUR 153,366.09 | 212,265.00 | 4,763.35 | 217,028.35 |
| XS0181945972 | EUR 6,497,000.00 | EUR 156,056.64 | EUR 6,653,056.64 | 9,193,904.70 | 220,835.75 | 9,414,740.45 |
| XS0148360042 | EUR 18,000.00 | EUR 83.25 | EUR 18,083.25 | 25,471.80 | 117.81 | 25,589.61 |
| XS0162729663 | EUR 330,000.00 | EUR 0 | EUR 330,000.00 | 466,983.00 | 0 | 466,983.00 |
| XS0165559841 | EUR 3,443,030.00 | EUR 66,834.14 | EUR 3,509,834.14 | 4,872,189.30 | 94,576.99 | 4,966,766.29 |
| XS0174152330 | EUR 24,867,000.00 | EUR 708,968.12 | EUR 25,575,968.12 | 35,189,291.70 | 1,003,260.78 | 36,192,552.48 |
| XS0178968209 | EUR 1,763,000.00 | EUR 48,707.99 | EUR 1,811,707.99 | 2,494,821.30 | 68,926.67 | 2,563,747.97 |
| XS0185565445 | EUR 2,495,000.00 | EUR 62,507.73 | EUR 2,557,507.73 | 3,530,674.50 | 88,454.69 | 3,619,129.19 |
| XS0189294225 | EUR 7,662,000.00 | EUR 131,466.89 | EUR 7,793,466.89 | 10,843,496.20 | 186,058.80 | 11,029,555.00 |
| XS0195431613 | EUR 4,182,000.00 | EUR 35,896.62 | EUR 4,217,896.62 | 5,917,948.20 | 50,797.30 | 5,968,745.50 |
| XS0200284247 | EUR 8,367,000.00 | EUR 250,316.38 | EUR 8,617,316.38 | 11,840,141.70 | 354,222.70 | 12,194,364.40 |
| XS0204170250 | EUR 251,000.00 | EUR 6,673.64 | EUR 257,673.64 | 355,190.10 | 9,443.87 | 364,633.97 |
| XS0205185436 | EUR 1,926,000.00 | EUR 9,770.19 | EUR 1,935,770.19 | 2,725,482.60 | 13,826.65 | 2,739,309.25 |

| | | | | | | |
|---|---|---|---|---|---|---|
| XS0210782552 | EUR 1,518,000.00 | EUR 33,328.75 | EUR 1,551,328.75 | 2,148,121.80 | 47,163.52 | 2,195,285.32 |
| XS0211093041 | EUR 12,560,000.00 | EUR 145,503.83 | EUR 12,705,503.83 | 17,773,656.00 | 205,902.47 | 17,979,558.47 |
| XS0211814123 | EUR 4,076,000.00 | EUR 98,432.14 | EUR 4,174,432.14 | 5,767,947.60 | 139,291.32 | 5,907,238.92 |
| XS0213141614 | EUR 43,000.00 | EUR 431.18 | EUR 43,431.18 | 60,849.30 | 610.16 | 61,459.46 |
| XS0213971210 | EUR 1,200,000.00 | EUR 11,901.36 | EUR 1,211,901.36 | 1,698,120.00 | 16,841.61 | 1,714,961.61 |
| XS0215493357 | EUR 265,060.00 | EUR 5,519.08 | EUR 270,519.08 | 375,001.50 | 7,810.04 | 382,811.54 |
| XS0218304458 | EUR 318,000.00 | EUR 7,379.35 | EUR 325,379.35 | 450,001.80 | 10,442.52 | 460,444.32 |
| XS0225469856 | EUR 10,000.00 | EUR 504.10 | EUR 10,504.10 | 14,151.00 | 713.35 | 14,864.35 |
| XS0276162327 | EUR 28,000.00 | EUR 0 | EUR 28,000.00 | 39,622.80 | 0 | 39,622.80 |
| XS0286308988 | EUR 1,177,000.00 | EUR 0 | EUR 1,177,000.00 | 1,665,572.70 | 0 | 1,665,572.70 |
| XS0299701499 | EUR 740,000.00 | EUR 0 | EUR 740,000.00 | 1,047,174.00 | 0 | 1,047,174.00 |
| XS0301086475 | EUR 194,000.00\** | EUR 0 | EUR 194,000.00\** | 274,529.40 | 0 | 274,529.40 |
| XS0302634059 | EUR 5,000.00 | EUR 0 | EUR 5,000.00 | 7,075.50 | 0 | 7,075.50 |

| Total Claim Amount | USD $ 152,505,272.33 |
|---|---|

\* EUR 1,000.00 of nominal value for each certificate

\*\* Amounts due in EUR have been converted to US Dollars using the exchange rate published by the European Central Bank for September 15, 2008: 1 EUR = 1.4151 USD.

\*\*\* Interest accrued until September 14, 2008 (included).