**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)**

---

**THE THREE HUNDRED TWENTIETH OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, : | 08-13555 (JMP) |
| Debtors. : | (Jointly Administered) |

**NOTICE OF HEARING ON THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)**

**PLEASE TAKE NOTICE** that on July 9, 2012, Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed its three hundred

US_ACTIVE:\44034684\4\58399.0003

twentieth omnibus objection to claims (the "Three Hundred Twentieth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Twentieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Twentieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace Authur, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **August 9, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Twentieth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Twentieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 9, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)**

> **THE THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THREE HUNDRED TWENTIETH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Lehman Brothers Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

US_ACTIVE:\44034684\4\58399.0003

Holdings Inc. and Its Affiliated Debtors (the "Plan"), on behalf of LB Rose Ranch LLC ("LBRR"), respectfully represents:

### Relief Requested

1. The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which LBRR has no liability.

2. The proofs of claim listed on Exhibit A annexed hereto were filed against LBRR asserting claims for services allegedly rendered to LBRR (the "Vendor Claims") or for reimbursement of deposits allegedly due in connection with certain golf club membership agreements (the "Membership Agreement Claims," and together with the Vendor Claims, the "No Liability Claims"). As discussed below in greater detail, LBRR has reviewed its records and determined that none of the No Liability Claims are valid claims against its estate. The No Liability Claims, therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3. The Plan Administrator reserves all rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

**Background**

5.      Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (collectively, the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

7.      On December 6, 2011, the Court approved and entered an order confirming the Plan.  The Plan became effective on March 6, 2012 (the "Effective Date").

8.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against LBRR.

**The Vendor Claims**

9.      All of the Vendor Claims relate to services that were allegedly provided in connection with the construction of certain affordable housing units at a country club development that is owned and operated by LBRR.  These services, however, were provided to a third party – not LBRR.  Accordingly, to the extent that the claimants who filed the Vendor Claims have valid claims, such claims are against the third party which actually received the services, not LBRR.

10.     Each of the Vendor Claims includes, as supporting documentation, invoices that describe the services allegedly provided and the related charges.  All of these invoices identify Ironbridge Homes, LLC, or one its affiliates (collectively, "Ironbridge"), as the

3

entity to which the services were provided. Ironbridge is not one of the Chapter 11 Estates, nor is it an affiliate of any of the Chapter 11 Estates. None of the Vendor Claims identify any contractual relationship between the applicable claimant and LBRR. Moreover, after reviewing LBRR's records, the Plan Administrator has been unable to locate evidence of a contractual relationship between LBRR and any the Vendors.

11. The Vendors appear to have been retained by Ironbridge, which was LBRR's general contractor for the construction of the affordable housing units. Under that arrangement, Ironbridge managed the construction process, retained subcontractors to perform various services, and was contractually responsible for the payment of such subcontractors. LBRR, in turn, had a contractual relationship with Ironbridge that governed its obligations in connection with the construction of the affordable housing units. The Vendor Claims, therefore, are properly claims against Ironbridge, not LBRR.

12. Moreover, LBRR has already provided Ironbridge with remuneration (in full or in part) related to all of the affordable housing units that are referenced in the Vendor Claims and Ironbridge has also filed substantial claims against the LBRR in connection with same. If the Vendor Claims were allowed, therefore, it is possible that LBRR's estate would be forced to pay for the same services twice – once to Ironbridge, the party with which it is in privity, and once to the Vendors, parties with respect to which it has no direct relationship.[1] Accordingly, the Vendor Claims should be disallowed and expunged in their entirety.

### The Membership Agreement Claims

13. Each of the parties (the "Members") who filed Membership Agreement Claims is a party to a membership agreement with LBRR (the "Membership Agreements"). The

---

[1] Nothing contained herein is intended to be determinative of any matter in connection with Ironbridge's claims and the Plan Administrator and LBRR reserve the right to object to such claims for any reason.

4

Membership Agreements provided for the payment, by the relevant Member, of a security deposit to LBRR, which security deposit is refundable upon the termination of such Member's membership (subject to certain other terms and conditions). None of the Members, however, has terminated his or her membership and, accordingly, none of the Members currently is entitled to the refund of his or her security deposit.

14. Further, in connection with the Plan, LBRR moved to assume each of the Membership Agreements. All of the Members received cure notices listing the cure amount with respect to such Membership Agreement as $0. None of the Members objected to the assumption of the Membership Agreements or the cure amount. As of the Effective Date, therefore, LBRR assumed all of the Membership Agreements and the Members effectively waived any claims that they might otherwise have had based on a pre-petition breach of LBRR's obligations under the Membership Agreements. Accordingly, the Membership Agreement Claims should be disallowed and expunged in their entirety.

**The No Liability Claims Should Be Disallowed and Expunged**

15. A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

5

16. As discussed above, the No Liability Claims are either not claims against LBRR or any of the other Chapter 11 Estates (the Vendor Claims) or are simply invalid (the Membership Agreement Claims). Unless the No Liability Claims are disallowed and expunged, parties who do not hold valid claims against LBRR's estate may nonetheless recover from LBRR. The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the No Liability Claims in their entirety.

6

**Notice**

17.   No trustee has been appointed in these chapter 11 cases.  Notice of this Three Hundred Twentieth Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all parties who have requested notice in these chapter 11 cases in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

18.   No previous request for the relief sought herein has been made by the Plan Administrator or LBRR to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 9, 2012
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

**Exhibit A**

US_ACTIVE:\44034684\4\58399.0003

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| | **Vendor Claims** | | | | | |
| 1 | A-1 Heating & Cooling, Inc.<br>2342 Airport Rd.<br>Rifle, CO 81650 | 09-10560 (JMP) | LB Rose Ranch LLC | 25112 | $56,531.00 | The invoice attached to Claim 25112 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 2 | Altitude Landscaping Co.<br>P.O. Box 1882<br>Edwards, CO 81632 | 09-10560 (JMP) | LB Rose Ranch LLC | 24627 | $16,539.00 | The invoice attached to Claim 24627 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |
| 3 | DZ Trucking Inc.<br>11694 Country Rd. 320<br>Rifle, CO 81659 | 09-10560 (JMP) | LB Rose Ranch LLC | 31370 | $12,917.46 | The invoice attached to Claim 31370 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |
| 4 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8597 | $289.90 | The invoice attached to Claim 8597 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 5 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8598 | $289.90 | The invoice attached to Claim 8598 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 6 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8599 | $289.90 | The invoice attached to Claim 8599 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 7 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8600 | $289.90 | The invoice attached to Claim 8600 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | | | Vendor Claims | | | |
|---|---|---|---|---|---|---|
| 8 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8601 | $289.90 | The invoice attached to Claim 8601 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 9 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8602 | $289.90 | The invoice attached to Claim 8602 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 10 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8603 | $289.90 | The invoice attached to Claim 8603 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 11 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8604 | $289.90 | The invoice attached to Claim 8604 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 12 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8605 | $289.90 | The invoice attached to Claim 8605 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 13 | Maya Construction Inc.<br>586 Hwy. 133, #50<br>Carbondale, CO 81623<br>Attn: Ms. Cecilia Hernandez | 09-10560 (JMP) | LB Rose Ranch LLC | 13409 | $35,818.00 | The invoice attached to Claim 13409 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | | | Membership Agreement Claims | | | |
|---|---|---|---|---|---|---|
| 1 | Richard Condon & Rosemary Knox<br>P.O. Box 2084<br>Basalt, CO 81621 | 09-10560 (JMP) | LB Rose Ranch LLC | 24572 | $35,000.00 | Not entitled to reimbursement. |
| 2 | Roger Hindman<br>120 Pioneer Court<br>Carbondale, CO 81623 | 09-10560 (JMP) | LB Rose Ranch LLC | 27716 | $15,000.00 | Not entitled to reimbursement. |
| 3 | Kay Young<br>P.O. Box 1464<br>Glenwood Springs, CO 81601 | 09-10560 (JMP) | LB Rose Ranch LLC | 8421 | $40,000.00 | Not entitled to reimbursement. |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                 :
                                           Debtors.              :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)

Upon the three hundred twentieth omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Twentieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the No Liability Claims on the basis that LBRR has no liability for such claims, all as more fully described in the Three Hundred Twentieth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twentieth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Twentieth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Twentieth Omnibus Objection to Claims.

entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Three Hundred Twentieth Omnibus Objection to Claims is in the best interests of LBRR, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Twentieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twentieth Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

UNITED STATES BANKRUPTCY JUDGE

2

US_ACTIVE:\44034684\4\58399.0003