---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, JORDAN BRYK, AT 212-310-8034.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                                      :        **Chapter 11 Case No.**
                                                                              :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,         :        **08-13555 (JMP)**
                                                                              :
                                            Debtors.         :        **(Jointly Administered)**
-----------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED TWENTY-FIRST**
**OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

        **PLEASE TAKE NOTICE** that on July 9, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

the entities in the above-referenced chapter 11 cases, filed its three hundred twenty-first omnibus

objection to claims (the "Three Hundred Twenty-First Omnibus Objection to Claims"), and that

a hearing (the "Hearing") to consider the Three Hundred Twenty-First Omnibus Objection to

Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Eastern**

**Time),** or as soon thereafter as counsel may be heard.

           **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Twenty-First Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-242 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-242, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq., and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**August 9, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Twenty-First Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Twenty-First Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  July 9, 2012
    New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

**THREE HUNDRED TWENTY-FIRST OMNIBUS**
**OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING
THIS THREE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION
TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO
SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN
THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT
ATTACHED THERETO TO DETERMINE WHETHER THIS
OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN
BROTHERS HOLDINGS INC.'S COUNSEL,
JORDAN BRYK, AT 212-310-8034.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"),

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in

the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"),

respectfully represents:

### **Relief Requested**

1.      The Plan Administrator files this three hundred twenty-first

omnibus objection to claims (the "Three Hundred Twenty-First Omnibus Objection to

Claims"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures

Order") [Docket No. 6664], seeking the disallowance and expungement of the claims

listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim

identified on Exhibit A and has determined that the proofs of claim listed under the

heading "*Claims to be Disallowed and Expunged*" (collectively, the "Amended and

Superseded Claims") have been amended and superseded by at least one subsequently

filed, corresponding claim identified under the heading "*Surviving Claims*" (collectively,

the "Surviving Claims").  The Plan Administrator seeks the disallowance and

expungement from the Court's claims register of the Amended and Superseded Claims

2

and preservation of the Plan Administrator's right to later object to any Surviving Claim

on any basis.

3.      This Three Hundred Twenty-First Omnibus Objection to Claims

does not affect any of the Surviving Claims and does not constitute any admission or

finding with respect to any of the Surviving Claims.  Further, the Plan Administrator

reserves all its rights to object on any basis to any Amended and Superseded Claim as to

which the Court does not grant the relief requested herein.

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28

U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5.      Commencing on September 15, 2008, and periodically thereafter,

LBHI and certain of its subsidiaries commenced with this Court voluntary cases under

chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been consolidated for

procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule

1015(b).

6.      On January 14, 2010, the Court entered the Procedures Order,

which authorizes the filing of omnibus objections to no more than 500 claims at a time,

on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those

additional grounds set forth in the Procedures Order.

7.      On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012.

US_ACTIVE:\44041605\2\58399.0011

8.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

**The Amended and Superseded Claims Should Be Disallowed and Expunged**

9.      In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has determined that each Amended and Superseded Claim on Exhibit A has been amended and superseded by the corresponding Surviving Claim that was subsequently filed by or on behalf of the same creditor.

10.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

11.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Claims that are amended and superseded by subsequent claims filed by the same creditor are routinely disallowed and expunged. *See, e.g.*, *In re Enron Corp.*, Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]nasmuch as the Initial Claim was amended and superceded by the Amended Claim, it was disallowed and expunged"); *In re Best Payphones, Inc.*, Case

4

No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002)

(expunging amended, duplicative claim).

12.     A debtor cannot be required to pay on the same claim more than

once.  *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, &*

*Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries

for an identical injury are generally disallowed.").  Elimination of redundant claims will

also enable the Plan Administrator to maintain a claims register that more accurately

reflects the proper claims existing against the Chapter 11 Estates.

13.     The effective date for the Plan has occurred and distributions

commenced on April 17, 2012.  It would be inequitable for holders of claims subject to

this objection to receive distributions on account of claims that have been amended and

superseded.  Accordingly, to avoid the possibility of multiple recoveries by the same

creditor, the Plan Administrator requests that the Court disallow and expunge in their

entirety the Amended and Superseded Claims listed on Exhibit A.[1]  The Surviving

Claims will remain on the claims register, subject to the Plan Administrator's right to file

further objections thereto on any basis.

**Notice**

14.     No trustee has been appointed in these chapter 11 cases.  Notice of

this Three Hundred Twenty-First Omnibus Objection to Claims has been provided to (i)

the United States Trustee for Region 2; (ii) the Securities and Exchange Commission;

(iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern

---

[1] Where a creditor has filed different documentation in support of the Amended and Superseded Claim and
the Surviving Claim, the Chapter 11 Estates will treat all documentation filed with the claims as having
been filed in support of the Surviving Claim.

US_ACTIVE:\44041605\2\58399.0011

District of New York; (v) the claimants listed on <u>Exhibit A</u> annexed hereto; and (vi) all

other parties entitled to notice in accordance with the procedures set forth in the second

amended order entered on June 17, 2010, governing case management and administrative

procedures for these cases [Docket No. 9635]. The Plan Administrator submits that no

other or further notice need be provided.

      15.    No previous request for the relief sought herein has been made by

the Plan Administrator or the Chapter 11 Estates to this or any other Court.

      WHEREFORE the Plan Administrator respectfully requests that the Court

grant the relief requested herein and such other and further relief as is just.

Dated: July 9, 2012
     New York, New York

          /s/ Robert J. Lemons
          Robert J. Lemons

          WEIL, GOTSHAL & MANGES LLP
          767 Fifth Avenue
          New York, New York 10153
          Telephone: (212) 310-8000
          Facsimile: (212) 310-8007

          Attorneys for Lehman Brothers Holdings Inc.
          and Certain of Its Affiliates

US_ACTIVE:\44041605\2\58399.0011

**Exhibit A**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 321: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | DEUTSCHE BANK NATIONAL TRUST CO. AS TRUSTEE, GRANTOR TRUSTEE, CORRIDOR TRUSTEE AND SWAP TRUSTEE OF INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14 C/O RICHARD C. PEDONE, ESQ. & AMANDA D. DARWIN, ESQ. NIXON PEABODY LLP BOSTON, MA 02110 | 09/18/2009 | 08-13888 (JMP) | 18482 | Undetermined | DEUSTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE, GRANTOR TRUSTEE, CORRIDOR TRUSTEE AND SWAP TRUSTEE OF INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14 C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13888 (JMP) | 68095 | Undetermined |
| 2 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS,INC SERIES 2006-QO8 MORTGAGE ASSET - BACKED PASS THROUGH CERTIFICATES C/O RICHARD D. PEDONE, ESQ AND AMANDA D. DARWIN, ESQ. 100 SUMMER STREET BOSTON, MA 02110 | 09/18/2009 | 08-13888 (JMP) | 65602 | Undetermined | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QO8 MORTGAGE ASSET- BACKED PASS THROUGH CERTIFICATES C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13888 (JMP) | 68090 | Undetermined |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 321: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 3 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QO9 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C. PEDONE, ESQ. & AMANDA D. DARWIN, ESQ. NIXON PEABODY LLP BOSTON, MA 02110 | 09/18/2009 | 08-13888 (JMP) | 18475 | Undetermined | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC SERIES 2006-QO9 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13888 (JMP) | 68091 | Undetermined |
| | | | | | | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QO9 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13888 (JMP) | 68094 | Undetermined |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 321: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** | **NAME** | **DATE FILED** | **CASE NUMBER** | **CLAIM #** | **TOTAL CLAIM DOLLARS** |
| 4 | DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QO8 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C. PEDONE, ESQ. & AMANDA D. DARWIN, ESQ. NIXON PEABODY LLP BOSTON, MA 02110 | 09/18/2009 | 08-13555 (JMP) | 18476 | Undetermined | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2006-QO8 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13555 (JMP) | 68089 | Undetermined |
| | | | | | | DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE AND GRANTOR TRUST TRUSTEE OF RESIDENTIAL ACCREDIT LOANS, INC. SERIES 2008-Q09 MORTGAGE ASSET-BACKED PASS THROUGH CERTIFICATES C/O RICHARD C PEDONE, ESQ/AMANDA DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13555 (JMP) | 68093 | Undetermined |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 321: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | NAME | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 5 | DEUTSCHE BANK TRUST COMPANY, TRUSTEE, GRANTOR TRUSTEE, CORRIDOR TRUST SWAP TRUSTEE OF INDY MAC INDX MORTGAGE LOAD TRUST 2006-AR14 C/O RICHARD C. PEDONE, ESQ. & AMANDA D. DARWIN, ESQ. NIXON PEABODY LLP 100 SUMMER STREET BOSTON, MA 02110 | 09/18/2009 | 08-13555 (JMP) | 18481 | Undetermined | DEUSTSCHE BANK NATIONAL TRUST COMPANY TRUSTEE, GRANTOR TRUSTEE, CORRIDOR TRUSTEE AND SWAP TRUSTEE OF INDYMAC INDX MORTGAGE LOAN TRUST 2006-AR14 C/O RICHARD C PEDONE, ESQ/ AMANDA D DARWIN, ESQ. BOSTON, MA 02110 | 04/20/2012 | 08-13555 (JMP) | 68088 | Undetermined |
| 6 | DWS COMMUNICATIONS FUND, INC. C/O J. CHISTOPHER JACKSON 280 PARK AVENUE NEW YORK, NY 10017 | 09/16/2009 | 08-13555 (JMP) | 13735 | $12,747,152.26 | DWS COMMUNICATIONS FUND, INC. C/O JOHN MILLETTE SECRETARY & VICE PRES. OF THE DWS SECURITIES TRUST ONE BEACON STREET BOSTON, MA 02108 | 05/21/2012 | 08-13555 (JMP) | 68105 | $12,747,152.26 |
| 7 | MARCH, ILDFONSO LACASTA CL MANILA 51 1-2 BARCELONA, 08034 SPAIN | 07/01/2009 | 08-13555 (JMP) | 5059 | Undetermined | ILDEFONSO LACASTA MARCH C/MANILA N 51, 1, 2A BARCELONA, 08034 SPAIN | 10/23/2009 | 08-13555 (JMP) | 45223 | $76,415.40 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 321: EXHIBIT A – AMENDED AND SUPERSEDED CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 8 | MOSS, STEPHEN P.O. BOX 400, DEPT. LBHI BRONXVILLE, NY 10708-0400 | 09/19/2011 | 08-13555 (JMP) | 67665 | $584,657.66 | MOSS, STEPHEN P.O. BOX 400, DEPT. LBHI BRONXVILLE, NY 10708-0400 | 10/04/2011 | 08-13555 (JMP) | 67677 | $584,657.66 |
| 9 | REGAN, DAVID T. 11609 SHAVEN ROCK PLACE RALEIGH, NC 27613 | 09/21/2009 | | 24577 | $19,250.00 | REGAN, DAVID T. 11609 SHAVEN ROCK PLACE RALEIGH, NC 27613 | 12/13/2011 | 08-13555 (JMP) | 67786 | $26,334.00 |
| | | | | TOTAL | $13,351,059.92 | | | | | |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                           :        **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,    :        **08-13555 (JMP)**
                                                :
                              **Debtors.**      :        **(Jointly Administered)**
--------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (AMENDED AND SUPERSEDED CLAIMS)

Upon the three hundred twenty-first omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Twenty-First Omnibus Objection to Claims"),[2] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement of the Amended and Superseded Claims on the basis that such claims have been amended and superseded by the corresponding Surviving Claims, all as more fully described in the Three Hundred Twenty-First Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twenty-First Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twenty-First Omnibus Objection to Claims.

United States Attorney for the Southern District of New York; (v) the claimants listed on

Exhibit A attached to the Three Hundred Twenty-First Omnibus Objection to Claims; and

(vi) all other parties entitled to notice in accordance with the procedures set forth in the

second amended order entered on June 17, 2010, governing case management and

administrative procedures for these cases [Docket No. 9635]; and it appearing that no

other or further notice need be provided; and the Court having found and determined that

the relief sought in the Three Hundred Twenty-First Omnibus Objection to Claims is in

the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and

that the legal and factual bases set forth in the Three Hundred Twenty-First Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twenty-First

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the

claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed

and Expunged*" (collectively, the "Amended and Superseded Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the

heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the

claims register subject to the Plan Administrator's right to further object as set forth

herein; and it is further

ORDERED that all information included on and all documentation filed in

support of any Amended and Superseded Claim, including, but not limited to, derivative

2

and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of and included in the corresponding Surviving Claim; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Amended and Superseded Claims constitutes any admission or finding with respect to any of the Surviving Claims, and the Plan Administrator's rights to object to the Surviving Claims on any basis are preserved; *provided, however,* that notwithstanding anything herein to the contrary, the Plan Administrator may not object to a Surviving Claim that is listed on <u>Exhibit 1</u> annexed hereto to the extent that it has been allowed by order of the Court or allowed pursuant to a signed settlement or termination agreement authorized by the Court; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to the Three Hundred Twenty-First Omnibus Objection to Claims under the heading "*Claims to be Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any Surviving Claim; *provided, however*, that if the Court subsequently orders that a Surviving Claim did not appropriately amend and supersede the corresponding Amended and Superseded Claim, then the claims agent shall be authorized and directed to immediately reinstate such Amended and Superseded Claim (the "<u>Reinstated Claim</u>") and the rights of all interested parties with respect to the Reinstated Claim shall be expressly reserved; and it is further

US_ACTIVE:\44041605\2\58399.0011

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4