HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT (212)-310-8324.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | |
|---|---|
| In re | : Chapter 11 Case No. |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON**
**THREE HUNDRED TWENTY-FIFTH OMNIBUS**
**OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)**

**PLEASE TAKE NOTICE** that on July 9, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred twenty-fifth

US_ACTIVE:\44041109\3\58399.0011

omnibus objection to claims (the "Three Hundred Twenty-Fifth Omnibus Objection to Claims"), and that a hearing to consider the Three Hundred Twenty-Fifth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Twenty-Fifth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope-Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 9, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Twenty-Fifth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Twenty-Fifth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 9, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                            :      Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :      08-13555 (JMP)
                                                 :
                    Debtors.                     :      (Jointly Administered)
------------------------------------------------------------------x

# THREE HUNDRED TWENTY-FIFTH OMNIBUS
# OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

**THIS THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS THREE HUNDRED TWENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT (212)-310-8324.**

US_ACTIVE:\44041109\3\58399.0011

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Relief Requested**

1. The Plan Administrator files this Three Hundred Twenty-Fifth omnibus objection to claims (the "Three Hundred Twenty-Fifth Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to reduce and allow the claims listed on Exhibit A annexed hereto.

2. The Plan Administrator has examined the proofs of claim identified on Exhibit A (the "Reduce and Allow Claims") and has determined that the Reduce and Allow Claims should be reduced and allowed as general unsecured claims because (i) certain holders of the Reduce and Allow Claims have entered into settlement agreements with the Plan Administrator that provide for a reduction in the amount of the claims, (ii) the claims were filed in an unliquidated or partially unliquidated amount, and/or (iii) the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values of the amounts for which the Chapter 11 Estates are liable. The Plan Administrator, therefore, requests that the Court reduce, as appropriate, each Reduce and Allow Claim to the amount listed on Exhibit A under the

2

column heading "*Modified Amount*" and allow each Reduce and Allow Claim only to the extent of such modified amount.

## Jurisdiction

3. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4. Commencing on September 15, 2008 (the "Commencement Date") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6. On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Reduce and Allow Claims Should be Reduced and Allowed

7. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition." 11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant

3

has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

8. After good faith, arms' length negotiations, certain holders of the Reduce and Allow Claims have entered into settlement agreements with the Plan Administrator, pursuant to which they have agreed, *inter alia*, to have their respective claims reduced and allowed as unsecured guarantee claims against LBHI in the amount reflected on Exhibit A.

9. Additionally, in their proofs of claim, certain holders of the Reduce and Allow Claims have asserted either liquidated or unliquidated claim amounts based on loan documents, program documents, or receipts for services provided. After a review of the relevant documentation, the claimants' supporting documentation, and the Chapter 11 Estates' books and records, the Plan Administrator has determined that certain of the Reduce and Allow Claims do not reflect the correct amount of the Reduce and Allow Claims because they either fail to value the Reduce and Allow Claim as of the Commencement Date and/or fail to apply the appropriate interest rate, discount rate, or foreign exchange rate. *See* 11 U.S.C. § 502(b).

10. The amounts listed on Exhibit A under the column heading "*Modified Amount*" represent the fair, accurate, and reasonable value of the Reduce and Allow Claims as reflected in LBHI's books and records as of the Commencement Date or the amount agreed upon by the Plan Administrator and certain of the holders of the Reduce and Allow Claims. The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the fair, accurate, and reasonable value of these claims, the Plan Administrator requests that the Court reduce each Reduce and Allow

4

Claim to the amount listed on <u>Exhibit A</u> under the column heading "*Modified Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

### Reservation of Rights

11. LBHI reserves all rights to object on any other basis to any Reduce and Allow Claim as to which the relief requested herein is not granted.

### Notice

12. No trustee has been appointed in the Chapter 11 Cases. Notice of this Three Hundred Twenty-Fifth Omnibus Objection to Claims has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

13. No previous request for the relief sought herein has been made by the Plan

5

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 9, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

6

# **EXHIBIT A**

7

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 325: EXHIBIT A – CLAIMS TO REDUCE AND ALLOW**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BANC OF AMERICA SECURITIES LIMITED<br>ATTN: SIMON ORR<br>5 CANADA SQUARE<br>LONDON, 514 5AQ<br>UNITED KINGDOM | 27853 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $20,391,236.45* | Lehman Brothers Holdings Inc. | Unsecured | $20,059,449.00 |
| 2 | BANK OF CHINA, NEW YORK BRANCH<br>ATTN: CHEEDI CHEN AND XIAOYING HU<br>PAYMENT REFERENCE: LBHI LOAN CLAIM<br>410 MADISON AVENUE<br>NEW YORK, NY 10017 | 12582 | 09/14/2009 | Lehman Brothers Holdings Inc. | Unsecured | $50,793,064.96* | Lehman Brothers Holdings Inc. | Unsecured | $50,203,750.00 |
| 3 | TRANSFERRED TO: PAULSON CREDIT OPPORTUNITIES MASTER LTD.<br>TRANSFEROR: BARCLAYS BANK PLC<br>C/O PAULSON & CO. INC.<br>ATTN: DANIEL KAMENSKY<br>1251 AVENUE OF THE AMERICAS<br>NEW YORK, NY 10020 | 67114 | 10/01/2010 | Lehman Brothers Holdings Inc. | Unsecured | $39,564,283.48 | Lehman Brothers Holdings Inc. | Unsecured | $38,599,378.72 |
| 4 | CHICAGO HISTORICAL SOCIETY<br>GARY JOHNSON<br>CHICAGO HISTORY MUSEUM<br>1601 N. CLARK<br>CHICAGO, IL 60614 | 4390 | 05/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $40,000.00 | Lehman Brothers Holdings Inc. | Unsecured | $20,000.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 325: EXHIBIT A – CLAIMS TO REDUCE AND ALLOW

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 5 | COMPUTERSHARE HONG KONG INVESTOR SERVICES LIMITED<br>ATTN: NG YIP CHING JING<br>46/F HOPEWELL CENTRE<br>183 QUEEN'S ROAD EAST<br>WANCHAI,<br>HONG KONG | 3395 | 03/19/2009 | Lehman Brothers Holdings Inc. | Unsecured | $61,534.00* | Lehman Brothers Holdings Inc. | Unsecured | $61,534.00 |
| 6 | DECISION ECONOMICS, INC.<br>ONE BOSTON PLACE, SUITE 1650<br>ATTN: EDWARD MUSMON<br>BOSTON, MA 02108 | 1169 | 12/01/2008 | Lehman Brothers Holdings Inc. | Unsecured | $23,077.00 | Lehman Brothers Holdings Inc. | Unsecured | $20,833.00 |
| 7 | HANG SENG INDEXES COMPANY LIMITED (FORMERLY KNOWN AS HSI SERVICES LMITED) AND HANG SENG DATA SERVICES LIMITED<br>83 DES VOEUX ROAD CENTRAL<br>HONG KONG | 14748 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $54,000.00* | Lehman Brothers Holdings Inc. | Unsecured | $54,000.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 325: EXHIBIT A – CLAIMS TO REDUCE AND ALLOW**

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 8 | HEWLETT-PACKARD COMPANY ATTN: KEN HIGMAN 12610 PARK PLAZA DR #100 CERRITOS, CA 90703-9361 | 4861 | 06/12/2009 | Lehman Brothers Holdings Inc. | Unsecured | $373,655.51 | Lehman Brothers Holdings Inc. | Unsecured | $116,790.00 |
| 9 | MERRILL LYNCH CAPITAL SERVICES INC ATTN: FREDERICK MORRIS ONE BRYANT PARK, 3RD FLOOR NEW YORK, NY 10036 | 27845 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $95,752,941.46* | Lehman Brothers Holdings Inc. | Unsecured | $94,197,781.00 |
| 10 | MERRILL LYNCH CAPITAL SERVICES, INC. TRANSFEROR: CCP CREDIT ACQUISITION HOLDINGS, LLC ATTN : CLAIRE MONGELARD 1133 AVENUE OF AMERICAS, 42ND FLOOR NEW YORK, NY 10036 | 29742 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $8,328,814.89* | Lehman Brothers Holdings Inc. | Unsecured | $8,193,296.00 |
| 11 | SILLS CUMMIS & GROSS P.C. ATTN: SIMON KIMMELMAN, ESQ. 650 COLLEGE ROAD EAST PRINCETON, NJ 08540 | 24028 | 09/21/2009 | Lehman Brothers Holdings Inc. | Unsecured | $4,002.00 | Lehman Brothers Holdings Inc. | Unsecured | $4,002.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts                                                  Page 3 of 5

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 325: EXHIBIT A – CLAIMS TO REDUCE AND ALLOW

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 12 | THOROUGHBRED MASTER LIMITED TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS, LLC C/O APPALOOSA INVESTMENT L.P.1 ATTN: KEN MAIMAN 51 JFK PARKWAY, SUITE 250B SHORT HILLS, NJ 07078 | 13034 | 09/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $3,609,425.60* | Lehman Brothers Holdings Inc. | Unsecured | $3,591,021.00 |
| | TRANSFERRED TO: APPALOOSA INVESTMENT L.P.1 TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS, LLC ATTN: KEN MAIMAN 51 JFK PARKWAY, SUITE 250B SHORT HILLS, NJ 07078 | | | | Unsecured | $4,789,114.09 | | Unsecured | $4,764,694.00 |
| | TRANSFERRED TO: STONE LION PORTFOLIO LP TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS, LLC C/O STONE LION CAPITAL PARTNERS LP 461 5TH AVE, 14TH FL NEW YORK, NY 10017 | | | | Unsecured | $9,463,423.86 | | Unsecured | $9,415,169.00 |

\* - Indicates claim contains unliquidated and/or undetermined amounts　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 5

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 325: EXHIBIT A – CLAIMS TO REDUCE AND ALLOW**

| NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|
| TRANSFERRED TO: PALOMINO FUND LIMITED TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS, LLC C/O APPALOOSA INVESTMENT L.P.1 ATTN: KEN MAIMAN 51 JFK PARKWAY, SUITE 250B SHORT HILLS, NJ 07078 | | | | Unsecured | $7,027,106.22 | | Unsecured | $6,991,274.00 |
| TRANSFERRED TO: THOROUGHBRED FUND L.P. TRANSFEROR: GOLDMAN SACHS LENDING PARTNERS, LLC C/O APPALOOSA INVESTMENT L.P.1 ATTN: KEN MAIMAN 51 JFK PARKWAY, SUITE 250B SHORT HILLS, NJ 07078 | | | | Unsecured | $3,501,201.84 | | Unsecured | $3,483,349.00 |
| | | | | TOTAL | $243,776,881.36 | | TOTAL | $239,776,320.72 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                      :         Chapter 11 Case No.
                                                           :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :         08-13555 (JMP)
                                                           :
                        Debtors.                    :         (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE
### HUNDRED TWENTY-FIFTH OMNIBUS
### OBJECTION TO CLAIMS (REDUCE AND ALLOW CLAIMS)

Upon the Three Hundred Twenty-Fifth omnibus objection to claims, dated July 9, 2012 (the "Three Hundred Twenty-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to reduce and allow the Reduce and Allow Claims, as more fully described in the Three Hundred Twenty-Fifth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twenty-Fifth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Twenty-Fifth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Twenty-Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twenty-Fifth Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Twenty-Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Reduce and Allow Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the amount and priority set forth on Exhibit 1 under the column headings "*Modified Amount*" and "*Modified Class*," and any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Twenty-Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

                                                  _____
                                                  UNITED STATES BANKRUPTCY JUDGE

2