THE THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
SEEKS TO REDUCE AND ALLOW AND/OR RECLASSIFY AS EQUITY CERTAIN
FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THE THREE
HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS
ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS
THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S
COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

---------------------------------------------------------------x

**NOTICE OF HEARING ON**
**THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (SEVERANCE AND OTHER EMPLOYEE CLAIMS)**

PLEASE TAKE NOTICE that on July 10, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred twenty-sixth

omnibus objection to claims (the "Three Hundred Twenty-Sixth Omnibus Objection to Claims"),

and that a hearing to consider the Three Hundred Twenty-Sixth Omnibus Objection to Claims

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m.**

**(Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

    **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Twenty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn:  Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**August 9, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Twenty-Sixth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Twenty-Sixth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: July 10, 2012
      New York, New York

                             /s/ Robert J. Lemons
                             Robert J. Lemons

                             WEIL, GOTSHAL & MANGES LLP
                             767 Fifth Avenue
                             New York, New York 10153
                             Telephone: (212) 310-8000
                             Facsimile: (212) 310-8007

                             Attorneys for Lehman Brothers Holdings Inc.
                             and Certain of Its Affiliates

US_ACTIVE:\44037893\2\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION**
**TO CLAIMS (SEVERANCE AND OTHER EMPLOYEE CLAIMS)**

---

**THIS THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE AND ALLOW AND/OR RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT (212)-310-8323.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.      LBHI files this three hundred twenty-sixth omnibus objection to claims

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim filed

in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to reduce and allow,

disallow and expunge, and/or reclassify as an equity interest certain portions of the claims listed

on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on

Exhibit A (the "Claims") and has determined (i) that the portions of the Claims related to certain

severance and unused vacation days should be reduced and allowed and/or reclassified because

the Claims were filed in an unliquidated or partially unliquidated amount or the amounts listed

on the proofs of claim are greater than the fair, accurate, and reasonable values of the amounts

for which the Chapter 11 Estates are liable and/or the Claims were asserted in the incorrect

priority; (ii) that portions of the Claims should be disallowed and expunged on the grounds that

the Chapter 11 Estates have no liability for such Claims; and/or (iii) that portions of the Claims

should be reclassified as equity interests because the claims assert ownership of preferred stock,

common stock, or other equity interests in LBHI and/or alleged losses related thereto.  The Plan

Administrator, therefore, requests that the Court reduce and allow, disallow and expunge, and/or reclassify as an equity interest each Claim listed on <u>Exhibit A</u> in the amounts and priorities set forth in the row entitled "*Claim as Modified*."

## Jurisdiction

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.      Commencing on September 15, 2008 (the "<u>Commencement Date</u>") and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>").  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

6.      On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.

7.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

## The Claims

8.      The Claims listed on <u>Exhibit A</u> annexed hereto assert claims for one or more of the following:

3

- severance payments based upon prepetition severance agreements arising out of employment with an entity that is one of the Chapter 11 Estates (the "Severance Claims");

- payment for unused vacation days arising out of employment with an entity that is one of the Chapter 11 Estates, asserted by a claimant that was employed in the state of California (the "California Unused Vacation Claim");

- bonus compensation or payment for unused vacation days arising out of employment with an entity that is one of the Chapter 11 Estates (the "Bonus/Unused Vacation Claims");

- losses associated with the claimant's 401(k) savings plan (the "401(k) Claims"); and

- ownership of preferred stock, common stock, or other equity interests in LBHI ("Stock") and/or alleged losses related thereto (the "Stock Claims").[1]

Exhibit B annexed hereto specifies which of the arguments set forth below applies to each of the Claims.

### The Claims Should be Reduced and Allowed, Disallowed and Expunged, and/or Reclassified as Equity

9.       A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition."  11 U.S.C. § 502(b).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides,

---

[1]  This objection is only seeking to reduce and allow and/or reclassify as equity the portions of the Claims that relate to the Severance Claims, the California Unused Vacation Claim, the Bonus/Unused Vacation Claims, the 401(k) Claims, and the Stock Claims.  This objection does not have any effect on the portions of the Claims, if any, that are based on claims other than the Severance Claims, the California Unused Vacation Claim, the Bonus/Unused Vacation Claims, the 401(k) Claims, and the Stock Claims.

4

in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable

against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C.

§ 502(b)(1).

**I.  The Severance Claims Should Be Reduced and Allowed.**

10.    Section 507 of the Bankruptcy Code provides:

(a) The following expenses and claims have priority in the following order:

(4) Fourth, allowed unsecured claims, but only to the extent of [$10,950[2]] for each individual or corporation, as the case may be, earned within 180 days before the date of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—

(A) wages, salaries or commissions, including vacation, *severance*, and sick leave pay earned by an individual. . .

*Id.* (emphasis added).

11.    The Severance Claims assert valid claims for severance payments based

upon prepetition severance agreements arising out of employment with an entity that is one of

the Chapter 11 Estates.  Portions of the Severance Claims were earned within 180 days of the

petition date, and as such, are entitled to priority claims to the extent of $10,950.

12.    In their proofs of claim, the holders of the Severance Claims have asserted

either improper or unliquidated claim amounts based upon prepetition claims for severance.

After a review of the relevant documentation, the claimants' supporting documentation, and the

Chapter 11 Estates' books and records, the Plan Administrator has determined that the Claims do

not reflect the correct amount of the Severance Claims because they miscalculate the amount of

severance owed, fail to account for partial severance payments that the claimant received,

---

[2] The amount of the employee compensation priority was increased from $10,950 to $11,725 for cases filed after April 1, 2010.  The applicable amount of the employee compensation priority in these Chapter 11 Cases is $10,950.

US_ACTIVE:\44037893\2\58399.0008

identify an incorrect level of priority, and/or were filed in an unliquidated amount.  *See* 11 U.S.C. § 502(b).

13.    The amounts and priorities listed on <u>Exhibit A</u> in the row entitled "*Claim as Modified*" represent the fair, accurate, and reasonable value and priority of the Severance Claims as reflected in LBHI's books and records as of the Commencement Date.  The holders of the Severance Claims should not be allowed to recover more than the value of their claims.  Accordingly, in order to properly reflect the fair, accurate, and reasonable value and priority of these Claims, the Plan Administrator requests that the Court reduce and, if applicable, reclassify each Severance Claim to the amount and priority listed on <u>Exhibit A</u> in the row entitled "*Claim as Modified*" and allow each such Severance Claim only to the extent of such modified amount and priority.

**II.  The California Unused Vacation Claim Should Be Reduced and Allowed.**

14.    One claimant asserts a priority claim for unused vacation days earned in the state of California based upon prepetition employment with an entity that is one of the Chapter 11 Estates.  The claimant asserts that his claim for unused vacation days is valid under California state law.

15.    California Labor Code, Section 227.3 provides:

> Unless otherwise provided by a collective-bargaining agreement, whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for forfeiture of vested vacation time upon termination. . .

16.    Section 507 of the Bankruptcy Code provides:

US_ACTIVE:\44037893\2\58399.0008

(a) The following expenses and claims have priority in the following order:

(4) Fourth, allowed unsecured claims, but only to the extent of [$10,950[3]] for each individual or corporation, as the case may be, *earned within 180 days before the date of the filing of the petition* or the date of the cessation of the debtor's business, whichever occurs first, for—

(A) wages, salaries or commissions, including *vacation*, severance, and sick leave pay earned by an individual. . .

*Id.* (emphasis added).

17.     After a review of the relevant documentation, the claimant's supporting documentation, and the Chapter 11 Estates' books and records, the Plan Administrator has determined that the Claim does not reflect the correct amount and priority of the California Unused Vacation Claim.  The Plan Administrator does not dispute that (i) the claimant is entitled to compensation for the number of unused vacation days set forth in the California Unused Vacation Claim and (ii) the claimant set forth his applicable base salary; however, the Plan Administrator calculates the correct amount of the California Unused Vacation Claim using the ordinary practice of the claimant's employer.  The annual base salary is divided by 26, the number of pay-periods per year, which number is further divided by ten to reflect ten days per pay-period.  This amount is then multiplied by the number of unused vacation days to arrive at the correct value of the unused vacation days.  Using this correct formula, the claimant's actual unused vacation pay is $70,769.23 rather than $ 73,600.00, as he asserted in his proof of claim

18.     Additionally, vacation days were awarded on January 1st of each calendar year.  All 2008 vacation days were earned on January 1, 2008, which is more than 180 days before the Commencement Date.  As a result, the claimant is not entitled to a priority claim.  Consistent with the policy that all vacation days were earned on January 1, 2008, which is

---

[3] The amount of the employee compensation priority was increased from $10,950 to $11,725 for cases filed after April 1, 2010.  The applicable amount of the employee compensation priority in these Chapter 11 Cases is $10,950.

US_ACTIVE:\44037893\2\58399.0008

outside the 180 day window for priority treatment, the modified amount of the California Unused Vacation Claim includes all vacation days for the year 2008 and does not discount the modified amount based on the Commencement Date.

19.    The amounts and priorities listed on Exhibit A in the row entitled "*Claim as Modified*" represent the fair, accurate, and reasonable value and priority of the California Unused Vacation Claim as reflected in LBHI's books and records as of the Commencement Date.  The holder of the California Unused Vacation Claim should not be allowed to recover more than the value of his claim.  Accordingly, in order to properly reflect the fair, accurate, and reasonable value and priority of this Claim, the Plan Administrator requests that the Court reduce and allow the California Unused Vacation Claim to the amount and priority listed on Exhibit A in the row entitled "*Claim as Modified*" and allow the California Unused Vacation Claim only to the extent of such modified amount and priority.

### III.  The Bonus/Unused Vacation Claims Are Not Entitled to Recovery.

20.    The Bonus/Unused Vacation Claims were filed by current and former employees of the Chapter 11 Estates that assert claims for bonus compensation and/or payment for unused vacation days.

21.    LBHI is not liable for the Bonus/Unused Vacation Claims that assert a claim for bonus compensation.  Granting bonus compensation was within the discretion of the Chapter 11 Estates, and the Chapter 11 Estates' books and records do not reflect that any of the claimants asserting Bonus/Unused Vacation Claims are entitled to a bonus.  The Bonus/Unused Vacation Claims do not set forth any legal argument or factual basis that entitles the claimants to bonus compensation.  The Bonus/Unused Vacation Claims do not assert a right to receive a bonus and do not present any evidence that a bonus was awarded or required.  The majority of

8

the claimants base their claim for bonuses on the fact that they received bonuses in 2007, but

receipt of a bonus in 2007 did not entitle claimants to a bonus in 2008.  As such, LBHI is not

liable for bonus compensation.

22.    Similarly, LBHI is not liable for the Bonus/Unused Vacation Claims that

assert claims for unused vacation.  As set forth in the "Guide to Working at Lehman Brothers,"

attached hereto as Exhibit C, " [employees] will not receive compensation in lieu of unused

vacation time unless required by applicable law."  Applicable law does not require payment for

unused vacation days and, therefore, LBHI is not liable for unpaid vacation.[4]

23.    The Court has previously disallowed and expunged similar proofs of

claim.  *See, e.g., Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to*

*Claims (Employment-Related Claims)* [ECF No. 28389].

24.    The Plan Administrator requests that the Court enter an order disallowing

and expunging the portion of the Claims that are based on Bonus/Unused Vacation Claims.

**IV.  The 401(k) Claims Are Not Entitled to Recovery.**

25.    The portions of the Claims based on 401(k) Claims assert claims for losses

associated with the claimants' 401(k) savings plans.  The claimants' 401(k) savings plans contain

a variety of financial products, including stocks and bonds that were issued by companies

unrelated to the Chapter 11 Estates and funds that are in no way connected to the Chapter 11

Estates.  The 401(k) savings plans may also contain common stock in LBHI.  The 401(k) Claims

do not assert rights as owners of LBHI stock but merely assert claims for losses associated with

the claimants' 401(k) accounts.  Losses of a claimant's savings do not give rise to a valid claim

against the Chapter 11 Estates.  None of the 401(k) Claims offers any legal theory or basis for

---

[4] None of the claimants asserting Bonus/Unused Vacation Claims for unused vacation was employed in the state of California.

US_ACTIVE:\44037893\2\58399.0008

why any of the Chapter 11 Estates is liable for a decrease in value of a 401(k) savings plan.  The

claimants have access to their 401(k) accounts, and such accounts are not property of the Chapter

11 Estates.  To the extent that claimants submitted claims for LBHI stock held in their 401(k)

accounts, such claims should be subordinated pursuant to Bankruptcy Code section 510(b) and

reclassified as equity interests.[5]

26.     The Court has granted similar relief with respect to claims based on 401(k)

plans.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to

Claims (No Liability 401(k) Claims)* [ECF No. 20631]; *Order Granting Debtors' One Hundred

Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order

Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-

Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth

Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

27.     The Plan Administrator requests that the Court enter an order disallowing

and expunging the portion of the Claims that are based on 401(k) Claims.

## V.  The Stock Claims Should Be Reclassified as Interests

28.     Each of the Stock Claims is based on the ownership of preferred stock,

common stock, or other equity interests in LBHI and, in some cases, the decrease in value of the

Stock and/or other claims arising out of the purchase of the Stock.  Certain Stock Claims include

a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as

"common stock," "stock," "shares," "equity interests" or the like.  Each of the Stock Claims is an

interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16)

---

[5] Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

US_ACTIVE:\44037893\2\58399.0008

and 101(5) of the Bankruptcy Code.  The definition of equity security has been interpreted by courts to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341 B.R. 141, 162 (Bankr. S.D.N.Y. 2006); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552 (Bankr. S.D. Ohio 1985).

29.    Moreover, section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.  11 U.S.C. § 510(b).

30.    Courts generally have applied section 510(b) liberally.  *See Enron*, 341 B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have construed the language in section 510(b) as being broad enough to include fraud, violations of securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at 141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims); *In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on debtor's failure to issue its common stock to employee in exchange for his stock in another company, allegedly in violation of the parties' termination agreement, was a claim arising from the purchase or sale of the debtor's stock).

31.    The Court has granted similar relief with respect to claims based on shares of stock.  *See, e.g., Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 17350]; *Order Granting*

11

*Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 20629]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107].

32.     Accordingly, to the extent applicable, the portions of the Claims that assert Stock Claims should be subordinated pursuant to Bankruptcy Code section 510(b) and reclassified as equity interests.

**Reservation of Rights**

33.     The Plan Administrator reserves all rights to object on any basis to any Claim or any portion of any Claim as to which the relief requested herein is not granted.

**Notice**

34.     No trustee has been appointed in these Chapter 11 Cases.  Notice of this objection has been provided to (i) the United States  Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be provided.

35.    No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: July 10, 2012
       New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

13

**EXHIBIT A**

US_ACTIVE:\44037893\2\58399.0008

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| | NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 1 | BABOOLAL, STEPHEN | 2280 | 1/30/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $40,000.00 | | | $40,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$29,050.00** | | **$40,000.00** |
| 2 | BENDAHAN, HECTOR | 8022 | 8/11/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $9,800.00 | | | $9,800.00 |
| | | | | **CLAIM AS MODIFIED** | | | **$9,540.00** | | | **$9,540.00** |
| 3 | BHATIA, SIDHARTH | 15412 | 9/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $25,550.41 | | $25,550.41 |
| | | | | **CLAIM AS MODIFIED** | | | | **$22,592.28** | | **$22,592.28** |
| 4 | BLYZNAK, ULANA | 64300 | 11/3/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $11,572.61 | | $22,522.61 |
| | | | | **CLAIM AS MODIFIED** | | | **$7,148.07** | **None** | | **$7,148.07** |
| 5 | BORY, CHARLES H. | 507 | 11/5/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $58,792.38 | | | $58,792.38 |
| | | | | AMOUNT NOT SUBJECT TO OBJECTION | | | $24,177.00 | | | $24,177.00 |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | $34,615.38 | | | $34,615.38 |
| | | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$23,665.38** | | **$34,615.38** |
| 6 | BURROUGHS, JAMIRI | 30413 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $19,264.94 | | $19,264.94 |
| | | | | **CLAIM AS MODIFIED** | | | | **$17,187.50** | | **$17,187.50** |
| 7 | CANTELLO, PAUL | 10964 | 9/9/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $20,702.89 | | $31,652.89 |
| | | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$9,819.21** | | **$20,769.21** |
| 8 | CARAGIULO, NICHOLAS | 28669 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | $200,000.00 | | | $200,000.00 |
| | | | | AMOUNT NOT SUBJECT TO OBJECTION | | | Undetermined | | | Undetermined |
| | | | | AMOUNT SUBJECT TO OBJECTION | | | $200,000.00 | | | $200,000.00 |
| | | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$94,050.00** | | **$105,000.00** |
| 9 | CASTELLANOS, JOSE G | 30046 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | | TOTAL ASSERTED AMOUNT | | | | $73,772.32 | | $73,772.32 |
| | | | | **CLAIM AS MODIFIED** | | | | **$71,538.39** | | **$71,538.39** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 10  CHIDAMBARAM, SETHURAMAN | 21905 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $30,115.34 | | $30,115.34 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | Undetermined | | Undetermined |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $30,115.34 | | $30,115.34 |
| | | | **CLAIM AS MODIFIED** | | | | **$25,961.52** | | **$25,961.52** |
| 11  CHIN, NEVILLE | 11326 | 9/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $41,461.35 | | | $41,461.35 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$19,849.86** | | **$30,799.86** |
| 12  CIERKOWSKI, EFE | 359 | 10/23/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $17,750.00 | | | $17,750.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$5,434.62** | | **$16,384.62** |
| 13  CULLMANN, DAVID | 18144 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $35,203.00 | | $46,153.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$32,319.23** | | **$43,269.23** |
| 14  CUNNINGHAM, MARGERY O. | 13043 | 9/15/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $156,631.95 | | $167,581.95 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$96,280.79** | | **$107,230.79** |
| 15  D'ORNELLAS, THELMA A. | 7909 | 8/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $27,654.00 | | | $27,654.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$16,704.00** | | **$27,654.00** |
| 16  DASHORE, ALEX ALOK | 802 | 11/18/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $23,830.00 | | $23,830.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$19,230.76** | | **$19,230.76** |
| 17  DE LA VILLA, ANNY | 28665 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $6,460.00 | | | $6,460.00 |
| | | | **CLAIM AS MODIFIED** | | | **$2,584.61** | | | **$2,584.61** |
| 18  DEMIZIO,LINDA | 15818 | 9/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $12,450.73 | | $12,450.73 |
| | | | **CLAIM AS MODIFIED** | | | | **$6,932.70** | | **$6,932.70** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 19  DONTAMSETTY, VANI | 10385 | 9/4/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $34,924.50 | | $34,924.50 |
| | | | **CLAIM AS MODIFIED** | | | | **$24,663.44** | | **$24,663.44** |
| 20  DOPLER, MARY T. | 7372 | 8/5/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $48,771.18 | | $59,721.18* |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | Undetermined | | Undetermined |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $10,950.00 | $48,771.18 | | $59,721.18 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$59,721.18** | | **$59,721.18** |
| 21  DUTTA, MUKESH | 6351 | 7/27/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $15,000.00 | | | $15,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$15,000.00** | | **$15,000.00** |
| 22  DUTTA, MUKESH | 6356 | 7/27/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $20,000.00 | | | $20,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$9,050.00** | | **$20,000.00** |
| 23  EPSHTEYN, BORIS | 13377 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $39,835.53 | | $39,835.53 |
| | | | **CLAIM AS MODIFIED** | | | | **$36,057.68** | | **$36,057.68** |
| 24  FILLICHIO, CARL A. | 1820 | 1/20/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $169,050.00 | | $180,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$146,742.35** | | **$157,692.35** |
| 25  FISHER, ALEX | 6549 | 7/28/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $38,500.93 | | $49,450.93 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$34,723.06** | | **$45,673.06** |
| 26  FITZGERALD, MELODY | 5616 | 7/20/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $56,597.84 | | $56,597.84 |
| | | | **CLAIM AS MODIFIED** | | | | **$51,476.88** | | **$51,476.88** |
| 27  FU, ANTIEN | 5508 | 7/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $27,197.86 | | $27,197.86 |
| | | | **CLAIM AS MODIFIED** | | | | **$23,798.06** | | **$23,798.06** |

\* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---------|----------|-----------|--------|-------|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 28  GREEN, STACEY | 10517 | 9/8/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $5,000.00 | | $5,000.00* |
| | | | **CLAIM AS MODIFIED** | | | | **$9,519.24** | | **$9,519.24** |
| 29  GUILBAULT, RENEE | 9084 | 8/24/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $13,225.70 | | $24,175.70 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$10,203.83** | | **$21,153.83** |
| 30  HAGIWARA,MARIA L | 6865 | 7/31/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $45,769.27 | | $45,769.27 |
| | | | **CLAIM AS MODIFIED** | | | | **$25,576.95** | | **$25,576.95** |
| 31  HANIFF, MELISSA | 916 | 11/24/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | $10,950.00 | | $16,753.94 | | $27,703.94 |
| | | | **CLAIM AS MODIFIED** | | **None** | | **$27,692.32** | **Undetermined** | **$27,692.32** |
| 32  HEACOX, STEPHANIE A | 5264 | 7/13/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $26,442.30 | | | $26,442.30 |
| | | | **CLAIM AS MODIFIED** | | | **$950.00** | **$25,492.30** | | **$26,442.30** |
| 33  HUNTER, MARIE | 12352 | 9/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $357,378.15 | | $368,328.15 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$200,588.53** | | **$211,538.53** |
| 34  HUYNH, PHUOC T. | 2035 | 1/26/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $82,550.00 | | $93,500.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$93,500.00** | | **$93,500.00** |
| 35  JENKINS, COURTNEY | 17569 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $78,967.62 | | $89,917.62 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$31,730.77** | | **$31,730.77** |
| 36  KAPLUN, ALEXANDER | 29902 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $66,428.57 | | $77,378.57 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$51,550.00** | | **$62,500.00** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|-----------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 37  KILLIAN, GARY M. | 24154 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $989,050.00 | | $1,000,000.00* |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | Undetermined | | Undetermined |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $10,950.00 | $989,050.00 | | $1,000,000.00 |
| | | | CLAIM AS MODIFIED | | | **$10,950.00** | **$927,511.58** | | **$938,461.58** |
| 38  KRAUSE, MICHAEL | 1191 | 12/3/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $160,416.70 | | $160,416.70 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | Undetermined | | Undetermined |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $160,416.70 | | $160,416.70 |
| | | | CLAIM AS MODIFIED | | | | **$131,250.02** | | **$131,250.02** |
| 39  KUNZ, ROBERT F. | 19517 | 9/19/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $284,134.57 | | $295,084.57 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | $157,584.57 | | $157,584.57 |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $10,950.00 | $126,550.00 | | $137,500.00 |
| | | | CLAIM AS MODIFIED | | | **$10,950.00** | **$124,050.00** | | **$135,000.00** |
| 40  LAGUERRE, MARTIN ERIC | 13952 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $57,115.41 | | | $57,115.41 |
| | | | CLAIM AS MODIFIED | | | **$10,950.00** | **$46,165.41** | | **$57,115.41** |
| 41  LAMONT, JOSHUA | 5229 | 7/9/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $23,665.00 | | $34,615.00 |
| | | | CLAIM AS MODIFIED | | | **$10,950.00** | **$21,501.90** | | **$32,451.90** |
| 42  LANIER, LEIGH K. | 397 | 10/28/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $93,377.00 | | $104,327.00 |
| | | | CLAIM AS MODIFIED | | | **$10,950.00** | **$91,357.70** | | **$102,307.70** |
| 43  LARKIN, TED | 442 | 10/31/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $56,538.44 | | | $56,538.44 |
| | | | CLAIM AS MODIFIED | | | **None** | **$56,538.44** | | **$56,538.44** |
| 44  LAWLESS, CONSUELA A. | 31192 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $31,214.29 | $31,214.29 | | $62,428.58 |
| | | | CLAIM AS MODIFIED | | | **None** | **$31,250.00** | | **$31,250.00** |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 45  LEE, CONNIE | 7036 | 8/3/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$16,442.33** | | **$16,442.33** |
| 46  LEE, MATTHEW | 14074 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $502,197.30 | | $502,197.30* |
| | | | **CLAIM AS MODIFIED** | | | | **$500,000.06** | | **$500,000.06** |
| 47  LEE, ZHONG | 25541 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $146,428.57 | | $146,428.57 |
| | | | **CLAIM AS MODIFIED** | | | | **$142,500.00** | | **$142,500.00** |
| 48  LORENZO, RUBEN S. | 1235 | 12/5/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $33,653.89 | | | $33,653.89 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$22,703.89** | | **$33,653.89** |
| 49  LUKANG,MARY JANE G. | 25081 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $42,697.77 | | | $42,697.77 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$34,711.58** | | **$34,711.58** |
| 50  MADDEN, KAREN A. | 24111 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $100,548.97 | | | $100,548.97 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$77,515.29** | | **$88,465.29** |
| 51  MADDEN,SALLI B. | 24192 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $64,771.10 | | $75,721.10 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$73,557.64** | | **$73,557.64** |
| 52  MAGOULA, ANNA | 19396 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $18,000.00 | | $18,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$13,750.00** | | **$13,750.00** |
| 53  MAJDALANI, ELIE | 1811 | 1/20/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $143,749.99 | | $143,749.99 |
| | | | **CLAIM AS MODIFIED** | | | | **$135,499.93** | | **$135,499.93** |
| 54  MATHENY, JUDITH ANN | 214 | 10/17/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $27,011.53 | | $37,961.53 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$23,376.91** | | **$34,326.91** |

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 55  MATULAC,DERRICK | 30813 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | $27,197.86 | | $10,950.00 | Undetermined | | $38,147.86* |
| | | | **CLAIM AS MODIFIED** | **None** | | **$10,950.00** | **$12,848.06** | | **$23,798.06** |
| 56  MILLER,CHRISTINA X. | 31197 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $79,112.00 | | $90,062.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$55,550.00** | | **$66,500.00** |
| 57  MONTALVO, MIRIAM | 19393 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $38,874.12 | | $38,874.12 |
| | | | **CLAIM AS MODIFIED** | | | | **$33,653.83** | | **$33,653.83** |
| 58  MORAN, ELIZABETH | 24870 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $38,241.34 | | $38,241.34 |
| | | | **CLAIM AS MODIFIED** | | | | **$34,615.35** | | **$34,615.35** |
| 59  MOSS, MEREDITH | 5876 | 7/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $44,819.39 | | $55,769.39 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$38,857.70** | | **$49,807.70** |
| 60  NANCE, STEVIEANN | 9464 | 8/26/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $14,022.16 | | $14,022.16 |
| | | | **CLAIM AS MODIFIED** | | | | **$12,269.24** | | **$12,269.24** |
| 61  NASH, ANTHONY A. | 5404 | 7/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $55,000.00 | | | $55,000.00 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$52,884.63** | | **$52,884.63** |
| 62  NIEBLING, ROE | 338 | 10/22/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | Undetermined | | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$1,473.09** | | **$12,423.09** |
| 63  PARRINELLO, AMY | 24575 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $59,290.00 | | $59,290.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$15,144.22** | | **$15,144.22** |
| 64  PATEL, PRITESH B. | 2451 | 2/2/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $94,615.39 | | | $94,615.39 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$82,280.68** | | **$93,230.68** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 65  PEVZNER, EVGENIA | 26182 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $54,350.98 | | | $54,350.98 |
| | | | **CLAIM AS MODIFIED** | | | **None** | **$54,350.98** | | **$54,350.98** |
| 66  PUGLIA, DANIELLE | 5382 | 7/15/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $9,791.56 | | | $9,791.56 |
| | | | **CLAIM AS MODIFIED** | | | **$5,451.92** | | | **$5,451.92** |
| 67  PULIDO-CROWE, OLGA A. | 16216 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $348,736.85 | | $359,686.85 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | $190,230.12 | | $190,230.12 |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $10,950.00 | $158,506.73 | | $169,456.73 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$133,761.56** | | **$144,711.56** |
| 68  RAIKAR, SANTOSH G. | 464 | 11/3/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $43,561.64 | | $54,511.64 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$32,319.23** | | **$43,269.23** |
| 69  RAYMOND, RICK | 5338 | 7/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $15,714.29 | Undetermined | | $15,714.29* |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | $1,964.29 | | | $1,964.29 |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $13,750.00 | Undetermined | | $13,750.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$2,800.00** | | **$13,750.00** |
| 70  RENDER, ALEISHA NICHOLE | 12135 | 9/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $18,132.28 | | | $18,132.28 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$4,915.41** | | **$15,865.41** |
| 71  RODGERS, CATHERINE M. | 32722 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $54,417.61 | | $54,417.61 |
| | | | **CLAIM AS MODIFIED** | | | | **$47,692.26** | | **$47,692.26** |
| 72  RONG, ERIC | 8564 | 8/17/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $36,852.03 | | $47,802.03 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$32,319.23** | | **$43,269.23** |
| 73  ROSSI, GEORGE A. | 5428 | 7/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $100,769.15 | | | $100,769.15 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$89,819.15** | | **$100,769.15** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|-----------|-------------|---------------|---------|----------|-----------|--------|---------|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 74 SALMONSON, ARLENE | 22320 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $126,625.87 | | | $126,625.87 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$115,280.65** | | **$126,230.65** |
| 75 SAXMAN, MICHAEL B. | 24032 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $96,550.00 | | $107,500.00 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | $35,000.00 | | $35,000.00 |
| | | | AMOUNT SUBJECT TO OBJECTION | | | $10,950.00 | $61,550.00 | | $72,500.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$61,550.00** | | **$72,500.00** |
| 76 SCIANGULA, BARBARA J. | 25022 | 9/21/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | $10,950.00 | | | $53,596.00 | | $64,546.00* |
| | | | **CLAIM AS MODIFIED** | **None** | | **$10,950.00** | **$48,415.50** | | **$59,365.50** |
| 77 SHAH, TEJASH I | 12245 | 9/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $32,623.98 | | | $32,623.98 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$17,896.14** | | **$28,846.14** |
| 78 SHEA, DEBORAH | 10958 | 9/9/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$25,961.55** | | **$25,961.55** |
| 79 SIBIRSKI, LINDA J. | 13455 | 9/16/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$34,096.14** | | **$34,096.14** |
| 80 SIDHU, SUKHCHAIN SINGH | 18186 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | Undetermined | | Undetermined* |
| | | | **CLAIM AS MODIFIED** | | | | **$23,798.06** | | **$23,798.06** |
| 81 SINGHAL,SHILPA | 7416 | 8/5/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $10,050.00 | | $21,000.00* |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$10,050.00** | | **$21,000.00** |
| 82 SMITH, JOANNE M. | 30690 | 9/22/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $134,250.00 | | | $134,250.00 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$108,876.84** | | **$119,826.84** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|------------|-------------|---------|---|---|---|---|---|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 83  SPRAY, ERIC | 7435 | 8/5/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $154,687.47 | | $154,687.47 |
| | | | **CLAIM AS MODIFIED** | | | | **$145,288.48** | | **$145,288.48** |
| 84  STEFANI, JOHN | 803 | 11/19/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $72,355.77 | | | $72,355.77 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$46,261.55** | | **$57,211.55** |
| 85  SYKES, ROSEMARY | 17780 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | Undetermined | Undetermined | | Undetermined * |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$23,665.35** | | **$34,615.35** |
| 86  TYRAS, PETER D | 310 | 10/17/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $26,923.04 | $43,749.94 | | $70,672.98 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$52,992.22** | | **$63,942.22** |
| 87  URGO, KELLY | 458 | 11/3/08 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $60,576.92 | | | $60,576.92 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$49,626.92** | | **$60,576.92** |
| 88  VALIANTSINA, SMELAVA | 18196 | 9/18/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $4,600.00 | | | $4,600.00 * |
| | | | **CLAIM AS MODIFIED** | | | **$4,553.86** | | | **$4,553.86** |
| 89  VASQUEZ, JUAN | 10023 | 9/1/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $18,000.00 | | $18,000.00 |
| | | | **CLAIM AS MODIFIED** | | | | **$8,653.86** | | **$8,653.86** |
| 90  VENEGAS, ROSA E. | 7743 | 8/10/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $69,411.54 | | $69,411.54 |
| | | | AMOUNT NOT SUBJECT TO OBJECTION | | | | $4,157.50 | | $4,157.50 |
| | | | AMOUNT SUBJECT TO OBJECTION | | | | $65,254.04 | | $65,254.04 |
| | | | **CLAIM AS MODIFIED** | | | | **$65,254.04** | | **$65,254.04** |
| 91  VOLPE, DARCY L. | 9845 | 8/31/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $117,032.91 | | $127,982.91 |
| | | | **CLAIM AS MODIFIED** | | | **$10,950.00** | **$110,203.83** | | **$121,153.83** |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 326: EXHIBIT A - SEVERANCE AND OTHER EMPLOYEE CLAIMS**

| NAME | CLAIM # | FILED DATE | DEBTOR NAME | AMOUNTS | | | | | |
|------|---------|-----------|-------------|---------|---------|---------|---------|--------|-------|
| | | | | ADMINIS-TRATIVE | SECURED | PRIORITY | UNSECURED | EQUITY | TOTAL |
| 92 WEGNER, JEREMY | 4332 | 5/14/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | $10,950.00 | $62,650.00 | | $73,600.00 |
| | | | CLAIM AS MODIFIED | | | None | $70,769.23 | | $70,769.23 |
| 93 ZENG, PING | 9753 | 8/31/09 | Lehman Brothers Holdings Inc. | | | | | | |
| | | | TOTAL ASSERTED AMOUNT | | | | $32,225.22 | | $32,225.22 |
| | | | CLAIM AS MODIFIED | | | | $28,750.02 | | $28,750.02 |
| | | | TOTAL ASSERTED | $38,147.86 | $10,950.00 | $1,898,058.03 | $5,389,941.55 | $0.00 | $7,337,097.44 |
| | | | TOTAL NOT SUBJECT TO OBJECTION | 0.00 | 0.00 | 26,141.29 | 386,972.19 | 0.00 | 413,113.48 |
| | | | TOTAL SUBJECT TO OBJECTION | 38,147.86 | 10,950.00 | 1,871,916.74 | 5,002,969.36 | 0.00 | 6,923,983.96 |
| | | | **TOTAL CLAIM AS MODIFIED** | **$0.00** | **$0.00** | **$522,978.46** | **$5,622,330.51** | **$0.00** | **$6,145,308.97** |

**EXHIBIT B**

US_ACTIVE:\44037893\2\58399.0008

| Claimant Name | Claim # | Severance Claims | California Unused Vacation Claim | Bonus/Unused Vacation Claims | 401(k) Claims | Stock Claims |
|---|---|---|---|---|---|---|
| BABOOLAL, STEPHEN | 2280 | X | | | | |
| BENDAHAN, HECTOR | 8022 | X | | | | |
| BHATIA, SIDHARTH | 15412 | X | | | | |
| BLYZNAK, ULANA | 64300 | X | | | | |
| BORY, CHARLES H. | 507 | X | | | | |
| BURROUGHS,JAMIRI | 30413 | X | | | | |
| CANTELLO, PAUL | 10964 | X | | | | |
| CARAGIULO, NICHOLAS | 28669 | X | | | | |
| CASTELLANOS, JOSE G | 30046 | X | | | | |
| CHIDAMBARAM, SETHURAMAN | 21905 | X | | | | |
| CHIN, NEVILLE | 11326 | X | | | | |
| CIERKOWSKI, EFE | 359 | X | | | | |
| CULLMANN, DAVID | 18144 | X | | | | |
| CUNNINGHAM, MARGERY O. | 13043 | X | | | | |
| DASHORE, ALEX ALOK | 802 | X | | | | |
| DE LA VILLA, ANNY | 28665 | X | | | | |
| DEMIZIO,LINDA | 15818 | X | | | | |
| DONTAMSETTY, VANI | 10385 | X | | | | |
| DOPLER, MARY T. | 7372 | X | | | | |
| D'ORNELLAS, THELMA A. | 7909 | X | | | | |
| DUTTA, MUKESH | 6351 | X | | X | | |
| DUTTA, MUKESH | 6356 | X | | | | |
| EPSHTEYN, BORIS | 13377 | X | | | | |
| FILLICHIO, CARL A. | 1820 | X | | | | |
| FISHER, ALEX | 6549 | X | | | | |
| FITZGERALD, MELODY | 5616 | X | | | | |
| FU, ANTIEN | 5508 | X | | | | |
| GREEN, STACEY | 10517 | X | | | | |
| GUILBAULT, RENEE | 9084 | X | | | | |
| HAGIWARA,MARIA L | 6865 | X | | | | |
| HANIFF, MELISSA | 916 | X | | | X | X |
| HEACOX, STEPHANIE A | 5264 | X | | | | |
| HUNTER, MARIE | 12352 | X | | | | |
| HUYNH, PHUOC T. | 2035 | X | | | | |
| JENKINS, COURTNEY | 17569 | X | | | | |
| KAPLUN, ALEXANDER | 29902 | X | | | | |
| KILLIAN, GARY M. | 24154 | X | | | | |
| KRAUSE, MICHAEL | 1191 | X | | | | |

EXHIBIT B TO OMNIBUS OBJECTION 326 (SEVERANCE AND OTHER EMPLOYEE CLAIMS):  BASIS FOR OBJECTIONS AS TO EACH CLAIM

| Claimant Name | Claim # | Severance Claims | California Unused Vacation Claim | Bonus/Unused Vacation Claims | 401(k) Claims | Stock Claims |
|---|---|---|---|---|---|---|
| KUNZ, ROBERT F. | 19517 | X | | | | |
| LAGUERRE, MARTIN ERIC | 13952 | X | | | | |
| LAMONT, JOSHUA | 5229 | X | | | | |
| LANIER, LEIGH K. | 397 | X | | | | |
| LARKIN, TED | 442 | X | | | | |
| LAWLESS, CONSUELA A. | 31192 | X | | | | |
| LEE, CONNIE | 7036 | X | | | X | X |
| LEE, MATTHEW | 14074 | X | | | | |
| LEE, ZHONG | 25541 | X | | | | |
| LORENZO, RUBEN S. | 1235 | X | | | | |
| LUKANG,MARY JANE G. | 25081 | X | | | | |
| MADDEN, KAREN A. | 24111 | X | | | | |
| MADDEN,SALLI B. | 24192 | X | | | | |
| MAGOULA, ANNA | 19396 | X | | | | |
| MAJDALANI, ELIE | 1811 | X | | | | |
| MATHENY, JUDITH ANN | 214 | X | | X | | |
| MATULAC,DERRICK | 30813 | X | | | | |
| MILLER,CHRISTINA X. | 31197 | X | | | | |
| MONTALVO, MIRIAM | 19393 | X | | | X | |
| MORAN, ELIZABETH | 24870 | X | | | | |
| MOSS, MEREDITH | 5876 | X | | | | |
| NANCE, STEVIEANN | 9464 | X | | | | |
| NASH, ANTHONY A. | 5404 | X | | | | |
| NIEBLING, ROE | 338 | X | | | | |
| PARRINELLO, AMY | 24575 | X | | | | |
| PATEL, PRITESH B. | 2451 | X | | | | |
| PEVZNER, EVGENIA | 26182 | X | | | | |
| PUGLIA, DANIELLE | 5382 | X | | | | |
| PULIDO-CROWE, OLGA A. | 16216 | X | | | | |
| RAIKAR, SANTOSH G. | 464 | X | | | | |
| RAYMOND, RICK | 5338 | X | | | | |
| RENDER, ALEISHA NICHOLE | 12135 | X | | | | |
| RODGERS, CATHERINE M. | 32722 | X | | | | |
| RONG, ERIC | 8564 | X | | | | |
| ROSSI, GEORGE A. | 5428 | X | | | | |
| SALMONSON, ARLENE | 22320 | X | | | | |
| SAXMAN, MICHAEL B. | 24032 | X | | | | |
| SCIANGULA, BARBARA J. | 25022 | X | | | | |

| Claimant Name | Claim # | Severance Claims | California Unused Vacation Claim | Bonus/Unused Vacation Claims | 401(k) Claims | Stock Claims |
|---|---|---|---|---|---|---|
| SHAH, TEJASH I | 12245 | X | | | | |
| SHEA, DEBORAH | 10958 | X | | | | |
| SIBIRSKI, LINDA J. | 13455 | X | | | | |
| SIDHU, SUKHCHAIN SINGH | 18186 | X | | | | |
| SINGHAL,SHILPA | 7416 | X | | | | |
| SMITH, JOANNE M. | 30690 | X | | | | |
| SPRAY, ERIC | 7435 | X | | | | |
| STEFANI, JOHN | 803 | X | | | | |
| SYKES, ROSEMARY | 17780 | X | | X | X | |
| TYRAS, PETER D | 310 | X | | | | |
| URGO, KELLY | 458 | X | | | | |
| VALIANTSINA, SMELAVA | 18196 | X | | | | |
| VASQUEZ, JUAN | 10023 | X | | | | |
| VENEGAS, ROSA E. | 7743 | X | | X | | |
| VOLPE, DARCY L. | 9845 | X | | | | |
| WEGNER, JEREMY | 4332 | | X | | | |
| ZENG, PING | 9753 | X | | | | |

**EXHIBIT C**

US_ACTIVE:\44037893\2\58399.0008

### GUIDE TO

# LIFE BALANCE

## @ LEHMAN BROTHERS






# LEHMAN BROTHERS



# TIME OFF

## VACATION

Lehman Brothers offers a vacation policy that provides individuals with time away from work to relax and rejuvenate, as well as to meet personal life demands. We strongly encourage you to take all the vacation time to which you are entitled. The Firm's vacation policy can also be found on LehmanLive, keyword: **timeoff**.

### Vacation Eligibility

If you are an active full-time employee, you are eligible for paid vacation time, based on your length of employment and corporate title, according to the schedule below.

In addition to the schedule below, full-time employees who have completed one year of service will be eligible for one week of unpaid vacation time per vacation year. This week is available after all paid vacation time has been used and when additional vacation may be needed. Unpaid vacation time will be approved only for five consecutive days away from the office.

Employees who are regularly scheduled to work a minimum of 20 hours per week on an ongoing basis are eligible for one week of vacation per year after they have completed six months of continuous employment, and two weeks of vacation per year after five years of service. The vacation eligibility is determined by their regular or average work schedule.

Vacation time may be scheduled at any time that is mutually convenient for you and your department, and should be approved by your manager in advance. The Firm's vacation year begins January 1 and ends December 31. Vacation time may be taken in half-day or full-day increments. Vacation time that is not taken in the calendar year in which you are eligible for it may not be carried over into the subsequent calendar year unless it is approved in writing by your manager and your divisional Human Resources director. Please note that you will not receive compensation in lieu of unused vacation time unless required by applicable law.

| Title / Tenure | Time Off |
| --- | --- |
| **Up to Vice President Level** | |
| Through the 5th anniversary | 3 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 10th anniversary | 4 weeks |
| On the 15th anniversary | 4 weeks |
| On the 20th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |
| **Vice Presidents and Above** | |
| Through the 5th anniversary | 4 weeks* |
| On the 5th anniversary | 4 weeks |
| On the 15th anniversary | 5 weeks |
| On the 25th anniversary | 5 weeks |

*Please refer to the full policy on LehmanLive, keyword: **timeoff**, for new hire eligibility



### Vacation Eligibility for Commissioned Individuals

Investment Representatives and other individuals paid by draw and/or commissions are eligible for the same vacation schedule as other members of the Firm. If you are paid through commissions, you are eligible to receive any applicable draw and/or commissions generated in your absence as agreed upon by your manager and your divisional Human Resources director.

### Change of Status

If your status changes (e.g., part-time to full-time, promotion to Vice President), you are eligible for vacation time at the new level, effective immediately, according to your total length of service.

### Vacation Eligibility When You Separate

If you separate from the Firm, either voluntarily or involuntarily, you will not receive pay in lieu of unused vacation days, except as required by applicable law or pursuant to the Lehman Brothers Inc. Severance Plan.

## FIRM HOLIDAYS

Lehman Brothers' holiday schedule conforms to that of the New York Stock Exchange. The following holidays are generally observed:

- New Year's Day
- Martin Luther King, Jr. Day
- Presidents' Day
- Good Friday
- Memorial Day
- Independence Day
- Labor Day
- Thanksgiving Day
- Christmas Day

For information about your eligibility for holiday pay, refer to the Firm Holidays Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **timeoff**.



# TIME OFF

## PERSONAL DAYS

The Firm provides you with days off to attend to personal matters during the year. Similar to vacation time, personal days should be scheduled with your manager in advance when possible. The number of personal days to which you are entitled is based upon your employment status:

- If you are full-time, you are eligible for three personal days each calendar year after you have completed six months of continuous employment.

- If you are part-time salaried, you are eligible for one personal day each calendar year after you have completed six months of continuous employment. After your fifth anniversary, you are eligible for two personal days each calendar year.

- If you are temporary or part-time hourly, you are not eligible for personal days.

Unused personal days may not be carried over into the next calendar year. In addition, you will not receive pay in lieu of any unused personal days, unless otherwise required by applicable law.

## SICK DAYS

Lehman Brothers supports your need to take time off from work as medically necessary to recover from your own illness or to care for someone else during an illness for whom you are the primary caregiver, such as your child or your parent. Sick days are intended for single day or short-term absences, and should be used as appropriate; you do not accumulate sick days at Lehman Brothers. If you are away from work for more than three consecutive days, you should consult with your divisional Human Resources staff as you may be eligible for an Employee Medical Leave of Absence or a Family Medical Leave of Absence under the Firm's policies. For more information regarding medical leaves, please refer to LehmanLive, keyword: **leaves**.

You may be required to provide medical documentation substantiating your absences, e.g., when your absence is due to a communicable condition, you are sent home or to a medical professional due to the illness or your absences are excessive. Your manager and your divisional Human Resources staff can provide you with guidelines for "excessive" absenteeism. For more information, you can also refer to the Attendance and Punctuality Policy in the Guide to Working at Lehman Brothers on LehmanLive, keyword: **workpractices**.

## RELIGIOUS OBSERVANCE

Lehman Brothers makes reasonable efforts to accommodate its employees' religious beliefs. This includes providing sufficient time off for religious observance if the absence does not cause undue hardship for the business. At the beginning of each calendar year, you should schedule available paid time off (personal and vacation days) for all known religious observances. If you have used all available paid time off, please discuss appropriate arrangements with your manager.



## BEREAVEMENT LEAVE

The Firm provides time away from the office in the event you suffer the loss of a family member. If you are full-time or part-time salaried, you are provided up to five days of leave with pay in the event of a death in your immediate family. Your manager may approve a request for additional time away from the office if there are extenuating circumstances.

For purposes of the Firm's Bereavement Leave Policy, immediate family includes your spouse or domestic partner, child, parent, sibling, grandparent or grandchild, as well as your spouse or domestic partner's child, parent, sibling, grandparent or grandchild. A domestic partner is an individual who is not related to you, but who is living with you on a continuous basis and who has a close and committed personal relationship with you.

## JURY DUTY/SUBPOENA DUTY

Lehman Brothers supports your efforts to perform your civic duty by serving on a jury or testifying in a court of law. If you are either full-time or part-time salaried and you are summoned for jury or subpoena duty, you will receive your regular pay for the period of active jury/subpoena duty for up to 20 business days in any revolving 12 months. You are also permitted to retain any compensatory fees for performance of jury service (e.g., juror fees).

If called to serve, you should:

- Present your manager with a copy of your juror summons or subpoena as far in advance as possible prior to the date you will be required to be away from work;

- Call your manager daily to report your status;

- Return to work during any regular office hours when you are excused from duty; and

- Provide your manager with a notice of confirmation stating the duration of duty served.

If you are either part-time hourly or temporary, you are not eligible to receive your regular pay during jury or subpoena duty, unless otherwise required by applicable law.

## TIME OFF TO VOTE

The Firm supports your right to vote in national, state and local elections. Each Election Day, the Firm will provide you with information detailing the polling hours in your state. When possible, you should make arrangements to vote before or after regular work hours. If you are unable to vote during non-working time, you should request time away from the office from your manager.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------x
In re                                                :        **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*         :        **08-13555 (JMP)**
                                                     :
                          **Debtors.**               :        **(Jointly Administered)**
--------------------------------------------------------------------x

**ORDER GRANTING THREE
HUNDRED TWENTY-SIXTH OMNIBUS OBJECTION
<u>TO CLAIMS (SEVERANCE AND OTHER EMPLOYEE CLAIMS)</u>**

Upon the three hundred twenty-sixth omnibus objection to claims, dated July 10,

2012 (the "<u>Three Hundred Twenty-Sixth Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking to (i) reduce and allow the Claims on the

basis that the amounts and/or priorities listed on the proofs of claim are greater than the fair,

accurate, and reasonable values and/or priorities determined by the Plan Administrator after a

review of the claimants' supporting documentation and the Chapter 11 Estates' books and

records and/or (ii) to reclassify the Stock Claims as common equity interests, as more fully

described in the Three Hundred Twenty-Sixth Omnibus Objection to Claims; and due and proper

notice of the Three Hundred Twenty-Sixth Omnibus Objection to Claims having been provided,

and it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief requested in the Three Hundred Twenty-Sixth Omnibus Objection to

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Twenty-Sixth Omnibus Objection to Claims.

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Twenty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twenty-Sixth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED (i) that each Claim listed on Exhibit 1 annexed hereto is reduced and allowed in the amount and priority set forth on Exhibit 1 in the row entitled "*Claim as Modified*" and in the columns entitled "*Administrative,*" "*Secured,*" "*Priority,*" and "*Unsecured*" and (ii) that any asserted amounts in excess of the reduced amount are disallowed; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 in the row entitled "*Claim as Modified*" and in the column entitled "*Equity*" are reclassified as equity interests having the same priority as, and no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the Three Hundred Twenty-Sixth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

US_ACTIVE:\44037893\2\58399.0008

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44037893\2\58399.0008