HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 10, 2012 at 4:00 p.m. (Eastern Time)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE M. ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

### NOTICE OF HEARING ON THREE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

PLEASE TAKE NOTICE that on July 10, 2012, Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases filed its three hundred thirty-fourth

omnibus objection to claims (the "Three Hundred Thirty-Fourth Omnibus Objection to Claims"),

US_ACTIVE:\44041202\1\58399.0011

and that a hearing (the "Hearing") to consider the Three Hundred Thirty-Fourth Omnibus

Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy

Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New

York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m.**

**(Eastern Time)**, or as soon thereafter as counsel may be heard.

PLEASE TAKE FURTHER NOTICE that any responses to the Three Hundred

Thirty-Fourth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**August 10, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

PLEASE TAKE FURTHER NOTICE that if no responses are timely filed and

served with respect to the Three Hundred Thirty-Fourth Omnibus Objection to Claims or any

2

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Thirty-Fourth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated: July 10, 2012
      New York, New York

                                /s/ Robert J. Lemons
                                Robert J. Lemons

                                WEIL, GOTSHAL & MANGES LLP
                                767 Fifth Avenue
                                New York, New York 10153
                                Telephone: (212) 310-8000
                                Facsimile: (212) 310-8007

                                Attorneys for Lehman Brothers Holdings Inc.
                                and Certain of Its Affiliates

US_ACTIVE:\44041202\1\58399.0011

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**THREE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION**
**TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED
PROOFS OF CLAIM.  PARTIES RECEIVING THIS THREE HUNDRED THIRTY-
FOURTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OBJECTION
TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE
OBJECTION AND/OR THE EXHIBIT ATTACHED THERETO TO DETERMINE
WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
CANDACE M. ARTHUR, AT 212-310-8324.**

---

1

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

## Relief Requested

1.      The Plan Administrator files this omnibus objection, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking disallowance and

expungement of the claims listed on Exhibit A annexed hereto.

2.      The proofs of claim identified on Exhibit A (collectively, the "Insufficient

Documentation Claims") violate this Court's July 2, 2009, order setting forth the procedures and

deadlines for filing proofs of claim in these chapter 11 cases (the "Bar Date Order") [ECF No.

4271], as they were submitted with insufficient documentation and the claimants failed to

produce sufficient documentation upon request.  The Plan Administrator requested that the

holders of the Insufficient Documentation Claims provide additional documentation and warned

that a failure to provide additional information would likely result in an objection to the

Insufficient Documentation Claims.  However, the holders of the Insufficient Documentation

Claims did not provide the Plan Administrator with any additional information.  The Insufficient

Documentation Claims do not constitute valid *prima facie* claims, and the Plan Administrator

requests they be disallowed and expunged in their entirety.

2

US_ACTIVE:\44041202\1\58399.0011

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.      Commencing on September 15, 2008 and periodically thereafter, (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases

have been consolidated for procedural purposes only and are being jointly administered pursuant

to Bankruptcy Rule 1015(b).

5.      On July 2, 2009, this Court entered the Bar Date Order, which requires,

among other things, that "each Proof of Claim must:  . . . (vi) include supporting documentation

or an explanation as to why documentation is not available."  (Bar Date Order at 6.)  The

supporting documentation requirement was specifically set forth on the face of the Court-

approved proof of claim form.  (*Id.* at Exhibit B.)  Furthermore, the Bar Date Order provides that

"any holder of a claim against the Debtors who is required, but fails to file a proof of such claim

in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable

Debtor and other requirements set forth herein, shall forever be barred, estopped, and enjoined

from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto)."

(*Id.* at 9-10).  A copy of the Bar Date Order was made publicly available at http://www.lehman-

docket.com.

6.      Claimants also received notice of the Bar Date Order by mail.  (*See* Notice

of Deadlines for Filing Proofs of Claim (the "Bar Date Notice").)  In the Bar Date Notice, which

also was published in The New York Times (International Edition), The Wall Street Journal

US_ACTIVE:\44041202\1\58399.0011

(International Edition), and <u>The Financial Times</u>, claimants were specifically instructed that "[i]f you file a Proof of Claim, your filed Proof of Claim must: . . . (vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Notice at 4.)

7.      Claimants who filed a proof of claim prior to entry of the Bar Date Order were instructed that they need not file a new claim if their proof of claim substantially conformed to the Court-approved proof of claim form, which form clearly set forth the requirement that claimants provide supporting documentation with their claim form or an explanation as to why such documentation is unavailable. (*Id.* at 2.)   The Bar Date Notice also prominently stated in bold-face type that **"any creditor who fails to file a Proof of Claim in accordance with the Bar Date Order on or before the Bar Date . . . specifying the applicable Debtor and other requirements set forth in the Bar Date Order, for any claim such creditor holds or wishes to assert against the Debtors, will be forever barred, estopped, and enjoined from asserting such claim (and from filing a Proof of Claim with respect to such claim)."** (*Id.* at 6 (emphasis in original)).

8.      On January 14, 2010, the Court entered the Procedures Order, which authorizes the Chapter 11 Estates, among other things, to file omnibus objections to up to 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9.      On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

US_ACTIVE:\44041202\1\58399.0011

**The Insufficient Documentation Claims Should Be Disallowed and Expunged**

10.     In reviewing the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent, the Plan Administrator has identified the claims on Exhibit A as claims that should be disallowed and expunged on the basis they do not include any supporting documentation and the claimants did not produce sufficient documentation upon request.  The Insufficient Documentation Claims, therefore, do not constitute valid *prima facie* claims.

11.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

12.     The Bar Date Order specifically requires that "each Proof of Claim ***must***:  . . . (vi) include supporting documentation or an explanation as to why documentation is not available."  (Bar Date Order at 6 (emphasis added).)  This requirement for proofs of claim is not a unique one.  Indeed, this Court and others in the Southern District of New York have entered similar orders requiring that proofs of claim include supporting documentation or an explanation as to why documentation is unavailable.  (*See In re Finlay Enterprises, Inc.*, No. 09-14873 (JMP) (Peck, J.), Oct. 20, 2009 Order [ECF No. 316] at 6; *see also In re AGT Crunch Acquisition LLC, et al.*, No. 09-12889 (REG) (Gerber, J.), Oct. 14, 2009 Order [ECF No. 554] at 2-3.)  The Bankruptcy Rules' official proof of claim form also includes this standard requirement.  However, the Insufficient Documentation Claims do not include any supporting documentation and the claimants did not produce sufficient documentation upon request.

US_ACTIVE:\44041202\1\58399.0011

13.     Claimants were specifically provided notice of the Bar Date Order's

supporting documentation requirement via the Bar Date Notice.  The Bar Date Notice included

instructions on how to complete the proof of claim forms and a warning that failure to comply

with those instructions would result in claims being barred.  (*See* Bar Date Notice at 4, 6.)

Claimants were also notified that they needed to submit new proofs of claim if their claims

submitted prior to the Bar Date Order did not substantially conform to the Court-approved proof

of claim form, which clearly set forth the supporting documentation requirement.  (*See id.* at 2.)

Nevertheless, the Insufficient Documentation Claims were submitted without the required

supporting documentation.

14.     Prior to filing this Three Hundred Thirty-Fourth Omnibus Objection to

Claims, the Plan Administrator requested that the holders of the Insufficient Documentation

Claims provide additional documentation and warned that a failure to do so likely would result in

an objection to the claims.  No additional documentation was provided by the claimants.

15.     Without additional information regarding the Insufficient Documentation

Claims, the Plan Administrator is unable to evaluate the merits and validity of the Insufficient

Documentation Claims.  Nothing in the books and records of the Chapter 11 Estates provides any

information regarding the Insufficient Documentation Claims.  Because the Insufficient

Documentation Claims fail to comply with the Bar Date Order's specific direction that claims

include supporting documentation and the claimants did not produce sufficient documentation

upon request, the Insufficient Documentation Claims do not constitute valid *prima facie* claims.

Consequently, the Plan Administrator requests that the Court disallow and expunge in their

entirety the Insufficient Documentation Claims listed on Exhibit A.

US_ACTIVE:\44041202\1\58399.0011

**Reservation of Rights**

16.     LBHI reserves all rights to object on any other basis to any Insufficient

Documentation Claim as to which the relief requested herein is not granted.

**Notice**

17.     No trustee has been appointed in these chapter 11 cases.  Notice of this

Three Hundred Thirty-Fourth Omnibus Objection to Claims has been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each

claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

18.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  July 10, 2012
        New York, New York

                                        /s/ Robert J. Lemons
                                        Robert J. Lemons

                                        WEIL, GOTSHAL & MANGES LLP
                                        767 Fifth Avenue
                                        New York, New York 10153
                                        Telephone: (212) 310-8000
                                        Facsimile: (212) 310-8007

                                        Attorneys for Lehman Brothers Holdings Inc.
                                        and Certain of Its Affiliates

7

US_ACTIVE:\44041202\1\58399.0011

# **EXHIBIT A**

US_ACTIVE:\44041202\1\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 334: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BT SINGAPORE PTE LT. BT HONG KONG LIMITED ATTN: BEVERLY KWONG SUITE 1301, TWO PACIFIC PLACE 88 QUEENSWAY<br><br>HONG KONG | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 21340 | $162,592.80* | Insufficient Documentation Claim |
| 2 | DEPOSITORY TRUST CLEARING CORPORATION AND RELATED ENTITIES 55 WATER STREET, 22ND FLOOR NEW YORK, NY 10041 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 30421 | Undetermined* | Insufficient Documentation Claim |
| 3 | DEPOSITORY TRUST CLEARING CORPORATION AND RELATED ENTITIES 55 WATER STREET, 22ND FLOOR NEW YORK, NY 10041 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 30422 | Undetermined* | Insufficient Documentation Claim |
| 4 | DEPOSITORY TRUST CLEARING CORPORATION AND RELATED ENTITIES 55 WATER STREET, 22ND FLOOR NEW YORK, NY 10041 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30423 | Undetermined* | Insufficient Documentation Claim |
| 5 | DRRT FBO SWISS LIFE (LIECHTENSTEIN) AG 4021905007 100 SE 2ND STREET, SUITE 2610 MIAMI, FL 33131 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32635 | Undetermined* | Insufficient Documentation Claim |
| 6 | HBK MASTER FUND L.P. TRANSFEROR: AMERICAN EXPRESS TRAVEL RELATED SERVICES, INC. C/O HBK SERVICES LLC 2101 CEDAR SPRINGS ROAD, SUITE 700 DALLAS, TX 75201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/08/2009 | 65880 | $6,181,371.04 | Insufficient Documentation Claim |

### IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 334: EXHIBIT A – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | OGIER FIDUCIARY SERVICES (JERSEY) LIMITED WHITELEY CHAMBERS DON STREET ST HELIER JERSEY, JE4 9WG UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 08/25/2009 | 9293 | $138,850.76 | Insufficient Documentation Claim |
| 8 | PUBLIC SERVICE ELECTRIC AND GAS COMPANY PSE&G, ATTN NANCY OLIVERAS P.O. BOX 490 CRANFORD, NJ 07016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/26/2008 | 1109 | $548,838.06 | Insufficient Documentation Claim |
| | | | | | TOTAL | $7,031,652.66 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                          :        Chapter 11 Case No.
                                           :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :        08-13555 (JMP)
                                           :

                       Debtors.       :        (Jointly Administered)

------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the three hundred thirty-fourth omnibus objection to claims, dated July 10, 2012 (the "Three Hundred Thirty-Fourth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to disallow and expunge the Insufficient Documentation Claims, all as more fully described in the Three Hundred Thirty-Fourth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Fourth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Thirty-Fourth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Thirty-Fourth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventh Omnibus Objection to Claims.

US_ACTIVE:\44041202\1\58399.0011

ORDERED that the relief requested in the Three Hundred Thirty-Fourth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Thirty-Fourth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2