HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)

> **THE THREE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**
>
> **IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                              :   Chapter 11 Case No.
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,       :   08-13555 (JMP)
                                                   :
                        Debtors.                   :   (Jointly Administered)
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED THIRTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)**

**PLEASE TAKE NOTICE** that on July 9, 2012, Lehman Brothers Holdings Inc.

("<u>LBHI</u>"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors, filed its three hundred thirty-sixth

US_ACTIVE:\44038519\3\58399.0003

omnibus objection to claims (the "Three Hundred Thirty-Sixth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Thirty-Sixth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Thirty-Sixth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace Arthur, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **August 9, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Thirty-Sixth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Thirty-Sixth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 10, 2012
       New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 9, 2012 at 4:00 p.m. (Eastern Time)**

---

**THE THREE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OMNIBUS OBJECTION SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THREE HUNDRED THIRTY-SIXTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)**

US_ACTIVE:\44038519\3\58399.0003

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

**Relief Requested**

1.   The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which LBHI and its affiliated debtors in the above captioned cases (collectively with LBHI, the "Chapter 11 Estates") have no liability.

2.   The proofs of claim listed on Exhibit A annexed hereto (collectively, the "No Liability Tax Claims") were filed against the Chapter 11 Estates and assert claims for withholding or other, unspecified, taxes.  As discussed in greater detail below, none of the taxes that are the subject of the No Liability Tax Claims are liabilities of LBHI or the other Chapter 11 Estates.  Instead, the No Liability Tax Claims specifically reference Lehman Brothers Inc. ("LBI") or Lehman Brothers Trust Company ("LBTC") – entities that are not Chapter 11 Estates. The No Liability Tax Claims, therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3.   The Plan Administrator reserves all rights to object on any basis to any No Liability Tax Claim as to which the Court does not grant the relief requested herein.

2

**Jurisdiction**

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

5. Commencing on September 15, 2008, and periodically thereafter, the Chapter 11 Estates commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 (as amended, "<u>SIPA</u>") with respect to LBI. James W. Giddens was appointed to administer LBI's estate under SIPA.

7. On July 2, 2009, the Court entered an order pursuant to section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) establishing, among other things, September 22, 2009 (the "<u>Bar Date</u>") as the deadline for parties in interest to file proofs of claim against LBHI and certain of the other Chapter 11 Estates.

8. On January 14, 2010, the Court entered the Procedures Order, which authorizes the filing of omnibus objections to no more than 500 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

9. On December 6, 2011, the Court entered an order confirming the Plan. The Plan became effective on March 6, 2012.

10. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

3

**The No Liability Tax Claims**

11.     The following is a brief summary of the No Liability Tax Claims:

| Claimant | Claim Number | Lehman Entity Listed in Proof of Claim | Amount | Notes |
|---|---|---|---|---|
| Fulton County Tax Commissioner | 67717 | LBI | $187,419.12 | ▪ This claim was filed after the Bar Date.<br>▪ LBI is not a Chapter 11 Estate. |
| Missouri Department of Revenue | 3896 | LBTC | $1,752.69 | ▪ LBTC is not a Chapter 11 Estate. |
| State of Maine | 2747 | LBI | $638,318.00 | ▪ LBI is not a Chapter 11 Estate. |
| Vermont Department of Taxes | 17858 | LBHI *et al.* | $54,760.00 | ▪ The invoice attached to this proof of claim identifies LBI as the entity liable for the taxes sought pursuant to this proof of claim. LBI is not a Chapter 11 Estate. |
| Vermont Department of Taxes | 19694 | LBHI *et al.* | $54,760.00 | ▪ The invoice attached to this proof of claim identifies LBI as the entity liable for the taxes sought pursuant to this proof of claim. LBI is not a Chapter 11 Estate.<br>▪ This claim is duplicative of claim number 17858. |

**The No Liability Tax Claims Should Be Disallowed and Expunged**

12.     A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is

4

unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

13. Nothing in LBHI's records, nor in the No Liability Tax Claims, indicates any valid grounds upon which LBHI or the other Chapter 11 Estates should be liable for the claims asserted in the No Liability Tax Claims. As described above, three out of the five No Liability Tax Claims (Claim Nos. 67717, 3896 and 2747) are not even asserted against a Chapter 11 Estate. A cursory review of the exhibits attached to the remaining No Liability Tax Claims (17858 and 19694) establishes beyond doubt that each of those claims is a claim against LBI – not any of the Chapter 11 Estates. A claim against LBI or another entity that is not a Chapter 11 Estate does not result in a claim against, or a right to payment from, LBHI or the other Chapter 11 Estates.

14. Additionally, Claim No. 67717 was filed on November 9, 2011 – more than a month after the Bar Date. The claimant failed to obtain relief from the Bar Date Order and, as this Court has previously noted, "[e]nforcement of the Bar Date Order is an essential part of the orderly administration of the claims that have been filed in compliance with that order." Memorandum Decision Denying Motions to File Late Claims, entered May 20, 2010 [ECF No. 9150].

15. Moreover, Claim No. 19694 is duplicative of Claim No. 17858. Courts in the Southern District of New York routinely disallow and expunge duplicative claims filed against the same debtor. *See, e.g., In re Worldcom, Inc.,* 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim). The rationale for disallowing duplicate claims is to ensure that a debtor is not required to pay on the same obligation more than once. *See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey*, 160

5

B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

16. The liabilities asserted in the No Liability Tax Claims are not claims against LBHI or any of the other Chapter 11 Estates. Unless the No Liability Tax Claims are disallowed and expunged, parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates. The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the No Liability Tax Claims in their entirety.

**Notice**

17. No trustee has been appointed in these chapter 11 cases. Notice of this Three Hundred Thirty Sixth Omnibus Objection to Claims has been served on (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A; and (vi) all parties who have requested notice in these chapter 11 cases in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

18. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 10, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

7

**Exhibit A**

US_ACTIVE:\44038519\3\58399.0003

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 336: EXHIBIT A – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | FULTON COUNTY TAX COMMISSIONER<br>141 PRYOR ST., SUITE 1113<br>ATLANTA, GA 30303 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/09/2011 | 67717 | $187,419.12 | No Liability Claim |
| 2 | MISSOURI DEPARTMENT OF REVENUE<br>ATTN DEB BUSCHMAN<br>BOX 475<br>JEFFERSON CITY, MO 65105 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 04/20/2009 | 3896 | $1,752.69 | No Liability Claim |
| 3 | STATE OF MAINE<br>BUREAU OF REVENUE SERVICES<br>COMPLIANCE DIVISION<br>PO BOX 9101<br>AUGUSTA, ME 04333-9101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/06/2009 | 2747 | $638,318.00 | No Liability Claim |
| 4 | VERMONT DEPARTMENT OF TAXES<br>P.O. BOX 429<br>MONTPELIER, VT 05601-1429 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17858 | $64,760.00 | No Liability Claim |
| 5 | VERMONT DEPARTMENT OF TAXES<br>P.O BOX 429<br>MONTPELIER, VT 05601 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 19694 | $64,760.00 | No Liability Claim |
| | | | | | TOTAL | $957,009.81 | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                                                                  :    Chapter 11 Case No.
                                                                                            :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :    08-13555 (JMP)
                                                                                            :
                                            Debtors.                       :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED THIRTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)

Upon the three hundred thirty sixth omnibus objection to claims, dated July 10, 2012 (the "Three Hundred Thirty Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the No Liability Tax Claims on the basis that the Chapter 11 Estates have no liability for such claims, all as more fully described in the Three Hundred Thirty Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty Sixth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Thirty Sixth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Thirty-Sixth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Three Hundred Thirty-Sixth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Thirty-Sixth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Thirty-Sixth Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                                              UNITED STATES BANKRUPTCY JUDGE