**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------- x
                                                  :
In re:                                            :     Chapter 11 Case
                                                  :     No. 08-13555 (JMP)
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :     JOINTLY ADMINISTERED
                                                  :
                    Debtors.                      :
                                                  :
                                                  :
------------------------------------------------- x

### SUMMARY OF APPLICATION OF
### WINDELS MARX LANE & MITTENDORF, LLP,
### FOR FINAL ALLOWANCE OF COMPENSATION AND
### REIMBURSEMENT OF EXPENSES FOR THE PERIOD
### SEPTEMBER 15, 2008 THROUGH MARCH 6, 2012

| | |
|---|---|
| Fees Sought as Actual, Reasonable and Necessary: | $4,467,120.84 |
| Expenses Sought as Actual, Reasonable and Necessary: | $122,703.28 |
| Aggregate Amount Paid for the Period to Date: | $4,354,187.42 |
| Balance of Unpaid Interim Fee Applications (Three through Eight): | $149,909.60[1] |
| *Ninth Interim Fee Application – Pending:* | *$39,354.20* |
| *Tenth Interim Fee Application – Pending:* | *$46,372.90* |
| Total Amount Sought for Approval: | $4,589,824.12 |

---

[1] Represents amounts previously requested but not paid as part of prior Interim Applications which were partly allowed and paid as interim compensation.

{10770014:1}

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
In re:                                :     Chapter 11 Case
                                      :     No. 08-13555 (JMP)
                                      :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :   JOINTLY ADMINISTERED
                                      :
                      Debtors.        :
                                      :
------------------------------------- x

**APPLICATION OF
WINDELS MARX LANE & MITTENDORF, LLP,
FOR FINAL ALLOWANCE OF COMPENSATION AND
REIMBURSEMENT OF EXPENSES FOR THE PERIOD
SEPTEMBER 15, 2008 THROUGH MARCH 6, 2012**

TO:   HONORABLE JAMES M. PECK,
      UNITED STATES BANKRUPTCY JUDGE

Windels Marx Lane & Mittendorf, LLP ("Windels Marx" or "Applicant"), special counsel to Lehman Brothers Holdings Inc., ("LBHI") and its affiliated debtors in the above referenced chapter 11 cases, (collectively referred to as "Lehman" or the "Debtors"), for its final application pursuant to sections 330(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the allowance and approval of final compensation for professional services rendered to the

{10770014:1}                          2

Debtors and reimbursement of actual and necessary expenses incurred from September 15, 2008 through March 6, 2012 (the "Period"), and respectively represents as follows:

## BACKGROUND

1. On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc., ("LBI"). A trustee appointed under SIPA is administering LBI's estate. On January 19, 2009, the U.S. Trustee appointed an examiner (the "Examiner") and on January 20, 2009, the Court approved the U.S. Trustee's appointment of the Examiner.

4. In accordance with all applicable orders and guidelines, during the Period, WMLM has filed five (5) applications for award of compensation and reimbursement of expenses and eight (8) applications for allowances of interim compensation and reimbursement of expenses incurred (collectively, the "Interim Applications"). The following chart identifies the Interim Applications and the orders entered with respect to such applications:

|  | Application |  | Order |  |
| --- | --- | --- | --- | --- |
| January 2009 | April 10, 2009 | 3327 | 8/13/09 | 4792 |

{10770014:1}                                3

| February 2009 | April 10, 2009 | 3329 | 8/13/09 | 4792 |
| --- | --- | --- | --- | --- |
| March 2009 | April 10, 2009 | 3330 | 8/13/09 | 4792 |
| April 2009 | June 1, 2009 | 3715 | 8/13/09 | 4792 |
| May 2009 | July 2, 2009 | 4264 | 8/13/09 | 4792 |
| Third Interim Application | December 14, 2009 | 6173 | 4/9/10 | 8218 |
| Fourth Interim Application | April 16, 2010 | 8397 | 9/7/10 | 11186 |
| Fifth Interim Application | August 12, 2010 | 10784 | 5/19/11 | 16979 |
| Sixth Interim Application | December 14, 2010 | 13446 | 11/10/11 | 21937 |
| Seventh Interim Application | April 18, 2010 | 16119 | 12/20/11 | 23590 |
| Eight Interim Application | August 15, 2010 | 19272 | 12/21/11 | 23626 |
| Ninth Interim Application | December 14, 2010 | 23325 | N/A | N/A |
| Tenth Interim Application | May 21, 2012 | 27996 | N/A | N/A |

5.  Each Interim Application includes schedules of WMLM professionals and paraprofessionals who performed services for the Debtors during the Compensation Period, and information with respect to each such individual. The Interim Applications describe in detail the services performed during each period. The schedules attached to the Interim Applications categorize such services using descriptive project categories as requested by the Debtors, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") and the fee committee appointed in these cases (the "Fee Committee"). Copies of detailed time and itemized expense records were furnished to the Debtors, the Court, the attorneys for the Official Committee of Unsecured Creditors (the "Creditors' Committee"), the U.S. Trustee, and the Fee Committee. The Interim Applications, the schedules attached thereto and the various affidavits filed in support of WMLM's retention are hereby incorporated by reference as if set forth fully herein.

**Jurisdiction and Venue**

6.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

7.  Pursuant to this Application, Windels Marx hereby seeks final allowance of the following: (a) compensation for professional services rendered during the Period in the aggregate amount of $4,467,120.84 and (b) reimbursement of expenses incurred in connection with such services in the aggregate amount of $122,703.28. The final compensation and reimbursement requested by this Application includes (x) $85,727.10 requested pursuant to the pending Ninth and Tenth Interim Applications and (y) $149,909.60 that was previously requested as part of the Interim Applications in which the total amounts requested were only partially allowed and paid as interim compensation, subject to this application.

### Windels Marx's Retention

8.  Windels Marx is a full service law firm with a broad-based general legal practice centering on corporate, banking, litigation, real estate and other major business practice areas. The Debtors originally retained Windels Marx in 1993 to provide ongoing advice to the company in connection with various real estate transactions.

9.  On October 13, 2008, the Debtors' filed a motion (the "Ordinary Course Professional Motion") seeking authorization pursuant to sections 105(a), 327, 328 and 330 of the Bankruptcy Code, to retain, *nunc pro tunc* to the Commencement Date, professionals utilized in the ordinary course of business (the "Ordinary Course Professionals") without the submission of separate retention applications and the issuance of separate retention orders for each individual

professional. Windels Marx was originally designated as an Ordinary Course Professional by Order dated November 5, 2008 (the "Ordinary Course Professional Order").

10. On August 14, 2009, the Debtors filed their Application Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules for Authorization to Employ Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date[2] (the "Retention Application) due to the existence of a $1 million annual compensation cap for Ordinary Course Professionals that Windels Marx was in danger of exceeding.

11. On August 25, 2009, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code Authorizing the Employment and Retention of Windels Marx as Special Counsel to the Debtors, nunc pro tunc to the Engagement Date (the "Retention Order"), a copy of which is annexed hereto as Exhibit "A".

12. On June 25, 2009, the Court entered the Interim Compensation Order, which superseded the second amended order dated March 13, 2009 in its entirety. Pursuant to the Interim Compensation Order, the Court established procedures for the Debtors' payment of interim compensation and reimbursement of expenses of professionals retained in these chapter 11 cases.

## Services Rendered By Windels Marx During The Period

13. This Application is made by Windels Marx for final allowance of fair and reasonable compensation for professional services rendered by it on behalf of the Debtors during

---

[2] The Engagement Date is a defined term incorporated herein by reference to the Application of the Debtors Pursuant to sections 327(e) and 328 (a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Windels Marx Lane & Mittendorf, LLP, as Special Counsel to the Debtors, Nunc Pro Tunc to the Engagement Date, filed on August 14, 2009.

the Period, consistent with the results achieved, the time, labor and expertise brought to bear on the problems presented and other related factors and for reimbursement of actual and necessary out-of-pocket expenses incurred in the rendition of such professional services during the Period. The amounts sought for compensation for professional services are at the hourly rates customarily charged by Windels Marx for legal services rendered by the respective professional or paraprofessional and are reasonable and customary for firms of Windels Marx's size and expertise in the New York City and Metropolitan areas.

14. Windels Marx regularly maintains records of time expended in the rendition of all professional services and records of costs and expenses incurred on behalf of the Debtors. These records were made substantially concurrent with the rendition of the professional services. All such records are available for inspection.

15. Windels Marx has opened a file bearing a separate client number for the Debtors. The Debtors' client number is 303694. All time and disbursements are billed to independent matters within the general client number. A summary description of the services rendered by Windels Marx is contained in the Interim Application.

### Services

16. All of the services for which compensation has been requested were rendered in connection with the performance by Windels Marx of the duties prescribed for it under the Retention Order and as real estate counsel for the Debtors.

17. During the Period, Windels Marx attorneys and paraprofessionals expended a total of 11,576.85 hours for which compensation is requested.

18. Windels Marx believes that the award of compensation requested in the within Application is fair and reasonable. Windels Marx requests that this Court award all fees sought

in the within Application at Windels Marx's normal hourly rates, the total value of which is $4,467,120.84, including $149,909.60 which remains unpaid from Interim Applications Three through Eight and $85,727.10 from pending Interim Applications Nine and Ten.

### Disbursements

19. Windels Marx believes that the reimbursement of actual and necessary expenses incurred on behalf of the Debtors during the Period in the amount of $122,703.28, requested in the within Application is fair and reasonable. Windels Marx requests that this Court award the reimbursement of such expenses, the total value which is $122,703.28.

### Standards For Allowance Of Compensation

20. Windels Marx submits that for the reasons set forth in detail above, the professional services rendered by Windels Marx on behalf of the Debtors during the Period were necessary and reasonable.

21. Section 330 of the Bankruptcy Code authorizes compensation for reimbursement of expenses of professionals in cases arising under the Bankruptcy Code and provides, in pertinent part, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328 and 329, the court may award to... a professional person employed under section 327 or 1103 –
>
> (A) reasonable compensation for actual, necessary services rendered by...professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.
>
> (2) The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest,

award compensation that is less than the amount of compensation that is requested.

(3) In determining the amount of reasonable compensation to be awarded to...professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for --
    (i) unnecessary duplication of services; or

    (ii) services that were not --

        (I) reasonably likely to benefit the Debtors' estate; or

        (II) necessary to the administration of the case.

11 U.S.C. §330(a).

22.    In considering an application for compensation made by a professional, the initial inquiry is whether the services for which compensation are sought were necessary. See, e.g., *In*

re Keene Corp., 205 B.R. 690, 696 (S.D.N.Y. 1997); In re Harshbarger, 205 B.R. 109 (S.D. Ohio 1996); In re Lederman Enterprises, Inc., 997 F.2d 1321 (10th Cir. 1993); In re International Coins & Currency, Inc., 22 B.R. 127 (D. Vt. 1982). The term "necessary services" has been interpreted by the majority of courts, including this Court, to signify services that resulted in a benefit to the estate. In re Lederman Enterprises, Inc., 997 F.2d 1321, 1323 (10th Cir. 1993); In re Keene Corp., 205 B.R. at 696; In re Engel, 190 B.R. 206, 209 (Bankr. D.N.Y. 1995). Services "reasonably likely to benefit the Debtors' estate, are compensable." Section 330(a)(4)(A); In re JLM, Inc., 210 B.R. 19 (BAP 2d Cir. 1997); see also In re Keene Corp., 205 B.R. at 696, quoting 3 Collier on Bankruptcy, ¶330.03[3], at 330-26 (the services at issue must at least provide the estate with "an opportunity commensurate with cost" to be compensable).

23. In calculating whether the fees sought are reasonable, Courts determine the lodestar amount. See, Pennsylvania v. Delaware Valley Citizen's Council For Clean Air, 483 U.S. 711, at 725-26 (1987); In re United States Football League v. National Football League, 887 F. 2d 408, 413 (2d Cir. 1989), cert. denied 493 U.S. 1071 (1990); In re Drexel Burnham Lambert Group, Inc., 133 B.R. 13, 22 (Bankr. S.D.N.Y. 1991) ("It is now well settled that the 'lodestar' method of fee calculation . . . is the method to be used to determine a 'reasonable' attorney fee in all the federal courts, including the bankruptcy courts."); In the Matter of Cena's Fine Furniture, Inc., 109 B.R. 575, 581 (E.D.N.Y. 1990). The lodestar amount represents "the number of hours reasonably worked on a case multiplied by a reasonable hourly rate." Wells v. Bowen, 855 F.2d 37, 43 (2d Cir. 1988).

24. In determining the proper allowance of compensation for professionals, a court generally looks to the (a) time and labor required, (b) novelty and difficulty of questions involved, (c) requisite skills, (d) customary fee, (e) whether fee is fixed or contingent, (f) results

obtained, (g) nature and length of professional relationship, (h) awards in similar cases, and (i) professional standing, ability and expertise of the law firm. See, e.g., *In the Matter of Cena's Fine Furniture, Inc.*, 109 B.R. 575, 580-581 (E.D.N.Y. 1990); *In re Wonder Corp. of America*, 82 B.R. 186, 191 (D. Conn. 1988).

(a) Time and Labor Required.

The time and labor required to represent the Debtors during the Period has been a significant engagement for Windels Marx, although not in comparison to certain other service providers. The matters handled by Windels Marx and the efforts undertaken by Windels Marx in the representation of the Debtors are fully set forth in the Interim Applications and in the time entries annexed thereto.

(b) Skills Requisite to Perform Legal Services, Experience, Reputation and Ability of Windels Marx.

Windels Marx believes that its expertise in the areas of real estate and transactional analysis has substantially contributed to results achieved. Furthermore, through its prior representation of Debtor dating back to 1993, Windels Marx had historical knowledge of many of the matters in which it was involved during the Period. Therefore, its work on these matters was a cost effective and efficient use of the Debtor's assets.

(c) The Customary Fee.

Windels Marx submits that the fee it seeks is not unusual given the size and complexity of Debtors' business, the benefits conferred on the Debtors' estates, the time expended and is commensurate with, or less than, what other attorneys of comparable experience and expertise charge on a regular basis.

(d)    Whether Fee is Fixed or Contingent.

Pursuant to sections 330 and 331 of the Bankruptcy Code, all fees sought by professionals employed under section 327 of the Code are contingent upon approval by the Court.

(e)    Results Obtained.

Windels Marx consistently achieves results that the Debtors find favorable and continue to work toward that end.

(f)    Nature and Length of Professional Relationship.

Windels Marx has counseled, advised and represented the Debtors from their retention in 1993 through the current date.

(g)    Awards in Similar Cases.

Comparable firms have been awarded fees in numerous chapter 11 cases under the Bankruptcy Code by this and other bankruptcy courts predicated upon the same criteria and resulting in awards comparable to that now requested.

(h)    Professional Standing, Ability and Expertise of Windels Marx Attorneys.

A)    _James J. Thomas_ - James J. Thomas is a Partner at Windels Marx and is a member of the Firm's Real Estate Practice Group. Mr. Thomas' practice focuses on capital markets financing and equity investments.

B)    _Robert A. Rossi_ - Robert A. Rossi is a Partner at Windels Marx and is a member of several Practice Groups, including Real Estate; Joint Venture/Equity Investments; Corporate & Securities; Corporate Formation and Finance; and Financial Transactions. Mr. Rossi focuses on joint ventures, real estate transactions and mergers and acquisitions.

25. As Windels Marx's time records reflect, where practicable, associate attorneys were used in the representation of the Debtors. Those associate attorneys had varying levels of experience and were assigned to handle specific tasks on the basis of that experience.

**[INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Windels Marx Lane & Mittendorf, LLP requests that an order be entered providing for final allowance and approval of (i) compensation for professional services rendered by Windels Marx as attorneys for the Debtor, in the amount of $4,467,120.84, including $149,909.60 which remains unpaid from Interim Applications Three through Eight and $85,727.10 from pending Interim Applications Nine and Ten, plus reimbursement of actual and necessary disbursements in the amount of $122,703.28, and (ii) such other and further relief as this Court may deem just and proper.

Dated: New York, New York
July 11, 2012

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP

By: _____
Robert A. Rossi

156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys for Lehman Brothers Holdings Inc., *et al.*, Debtors-in-Possession

**WINDELS MARX LANE & MITTENDORF, LLP**
156 West 56th Street
New York, New York 10019
(212) 237-1000
James J. Thomas (jthomas@windelsmarx.com)
Robert A. Rossi (rrossi@windelsmarx.com)

Special Counsel for
Lehman Brothers Holdings, Inc., *et al.*,
Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- x
                                             :
In re:                                       :   Chapter 11 Case No.
                                             :   08-13555 (JMP)
                                             :
LEHMAN BROTHERS HOLDINGS INC., et al,        :   JOINTLY ADMINISTERED
                                             :
                                             :
                           Debtors.          :
                                             :
------------------------------------------- x

## CERTIFICATION OF PROFESSIONAL

Robert A. Rossi, a member of the firm of Windels Marx Lane & Mittendorf, LLP, ("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced chapter 11 cases and partner in charge of this matter, hereby certifies as follows:

I have read the foregoing application (the "Application");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the Application substantially complies with the mandatory guidelines of this Court for fees and disbursements for professionals (the "Guidelines");

To the best of my knowledge, information and belief, formed after reasonable inquiry, the

{10770516:1}

fees and disbursements sought in the Application fall within the Guidelines, except as specifically noted in this Certification and Application;

Except to the extent prohibited by the Guidelines, the fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by Applicant and generally accepted by Applicant's clients;

LBHI has been provided with a copy of the original invoices which are the subject of the Application ("Invoices") prior to the date set by the Court or any applicable rules for filing fee applications, has reviewed the Invoices and has approved them, except as otherwise disclosed in the Application.

The Disbursements requested to be reimbursed in the Application;

    a. do not include any amount of profit for Applicant;

    b. do not include the amortization of the cost of any investment, equipment or capital out lay; and

    c. to the extent provided by a third party vendor only include the amount billed to Applicant by the third-party vendor and paid by the Applicant to such vendor.

Dated: New York, New York
July 11, 2012

Respectfully submitted,

WINDELS MARX LANE & MITTENDORF, LLP
*Special Counsel for Lehman Brothers Holdings, Inc., et al.*

_____
Robert A. Rossi
A Member of the Firm
156 West 56th Street
New York, New York 10019
(212) 237-1000

{10770516:1}