WOLLMUTH MAHER & DEUTSCH LLP
500 Fifth Avenue
New York, New York 10110
Telephone: (212) 382-3300
Facsimile: (212) 382-0050
William A. Maher
Paul R. DeFilippo

*Special Litigation Counsel for the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                          :
In re                                     :    Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :    Case No. 08-13555 (JMP)
                                          :
                        Debtors.          :    (Jointly Administered)
                                          :
------------------------------------------------------------x

### SECOND SUPPLEMENTAL AFFIDAVIT OF PAUL R. DEFILIPPO IN CONNECTION WITH WOLLMUTH MAHER & DEUTSCH LLP'S RETENTION AS SPECIAL COUNSEL TO THE DEBTORS

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

  I, Paul R. DeFilippo, pursuant to 28 U.S.C. § 1746, hereby declare under the penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

  1.  I am an attorney duly admitted to practice before this Court. I am a member of the firm of Wollmuth Maher & Deutsch LLP ("Wollmuth" or the "Firm"), 500 Fifth Avenue, New York, New York 10110. I am a member in good standing of the Bar of the State of New York. There are no disciplinary proceedings against me.

2. I submit this second supplemental affidavit (this "Affidavit") in connection with the Firm's continued services as special counsel to Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors (each a "Debtor" and collectively, the "Debtors") in the above-captioned Chapter 11 cases (the "Cases"), pursuant to the Order entered by this Court on October 28, 2010 [Docket No. 12406] granting the application [Docket No. 11761] to retain Wollmuth to serve as conflicts and special litigation counsel, in connection with the prosecution of certain avoidance actions brought pursuant to sections 547 and 548 of the Bankruptcy Code and other related claims, and such other litigation related matters as may be assigned by the Debtors (collectively, the "Representative Matters").

3. I make this Affidavit based in material part on the Firm's business records, including its conflicts database, the response to conflict checks that were circulated through the Firm electronically, and in reliance upon representations made by an authorized representative of the Debtors, all of which sources I believe to be accurate. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

4. On May 24, 2011, I submitted a supplemental affidavit [Docket No. 17056] (the "First Supplemental Affidavit") on behalf of the Firm to provide additional disclosure regarding the Firm's retention by certain Lehman-affiliated individuals in connection with suits asserting securities law and other claims arising out of the sale of mortgage-backed securities, all as more fully disclosed in the First Supplemental Affidavit.

5. The purpose of this Affidavit is to provide additional disclosures requested by the current fee committee appointed in the Cases regarding the Firm's representation of Archstone LB Syndication Partner LLC and other non-Debtor affiliates of LBHI as plaintiffs (each a "Plaintiff" and collectively, the "Plaintiffs") in the adversary proceeding, Adv. Pro. No. 11-

2

02928 (JMP), commenced on December 15, 2011 (the "Archstone Action") against defendants Banc of America Strategic Ventures, Inc., Bank of America, N.A., BIH ASN LLC, Barclays Capital Real Estate Inc., and Archstone Equity Holdings Inc. (collectively, the "Defendants").

6. None of the Defendants are Debtor entities. Moreover, the Archstone Action has concluded pursuant to the So Ordered Stipulation and Order Signed on June 12, 2012 Dismissing All Claims With Prejudice entered in the Archstone Action.

7. While LBHI was among the Plaintiffs the Firm represented in the Archstone Action, it was commenced primarily for the benefit of the non-Debtor Plaintiffs.

8. The Firm has separately billed the non-Debtor Plaintiffs for all fees and expenses attributable to representation in the Archstone Action and thus did not include them in any of the Monthly Statements or Interim Fee Applications (as each is defined in the Compensation Order)[1]. An authorized representative of LBHI has expressly represented to the Firm that all amounts of fees and expenses paid to the Firm in connection with its representation of the Plaintiffs in the Archstone Action were paid by non-Debtor entities and not from the Debtors' estates.

9. The Firm's representation of the Plaintiffs in the Archstone Action was not materially adverse to the interests of the Debtors' estates and did not conflict the Firm from any of the Representative Matters or from any matters in which the Debtors may in the future seek to retain the Firm.

10. The foregoing constitutes the Firm's second supplemental statement in connection with its retention as special counsel to the Debtors.

---

[1] The Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated April 14, 2011 [Docket No. 15997] (as amended from time to time, the "Compensation Order").

11. I certify that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: July 11, 2012
       New York, New York

_____
Paul R. DeFilippo
A Member of the Firm

SWORN TO AND SUBSCRIBED
before me this 11th day of July, 2012

AGATHA D. RYSINSKI
Notary Public, State of New York
No. 01RY6228829
Qualified in Westchester County
Commission Expires Sept. 27, 2014

4