BORTSTEIN LEGAL LLC
1500 Broadway, Suite 2003
New York, New York 10036
Telephone: (646) 240-4840
Facsimile: (866) 955-9402
Special Counsel to Debtors
and Debtors in Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
In re                                              :     Chapter 11
                                                   :
LEHMAN BROTHERS HOLDINGS             :
INC., *et al.*,                                    :     Case No. 08-13555 (JMP)
                                                   :
                            Debtors.               :     (Jointly Administered)
------------------------------------------------------x

## FINAL APPLICATION OF BORTSTEIN LEGAL LLC,
## SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION,
## FOR ALLOWANCE OF COMPENSATION

TO:     THE HONORABLE JAMES M. PECK
          UNITED STATES BANKRUPTCY JUDGE:

          Bortstein Legal LLC ("Bortstein Legal" or the "Firm"), special counsel to the

debtors and debtors in possession in the above-captioned cases (collectively, the

"Debtors"), in support of its final application for allowance of compensation for the period

from December 15, 2008 through March 6, 2012 (the "Final Application Period"),

respectfully represents:

### Preliminary Statement

          1.       By this Final Application for Allowance of Compensation (the

"Application"), and pursuant to sections 330 and 331 of the Bankruptcy Code (as defined

herein), Rule 2016 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy

Rule 2016-1, Bortstein Legal requests that this Court authorize allowance of compensation

for professional services rendered during the Final Application Period in the amount of

$4,208,127.25[1] in accordance with this Court's Interim Compensation Order (as defined

herein). Bortstein Legal does not seek reimbursement of expenses for the Final Application

Period.  Bortstein Legal received payments totaling $4,130,609.64 for the Final

Application Period, which represents 98.2 % of the fees incurred during the Final

Application Period.  Bortstein Legal also hereby seeks payment by the Debtors of all

amounts allowed but previously held back pursuant to the Interim Compensation Order

(the "Holdback").

## Jurisdiction and Venue

2.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§

157 and 1334.  This Application is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.      Commencing on September 15, 2008 and periodically thereafter, Lehman

Brothers Holdings Inc. ("LBHI" and together with its affiliated debtors in the above-

referenced chapter 11 cases, as debtor in possession, the "Debtors" and, collectively with

the Debtors' non-debtor affiliates, "Lehman") and certain of LBHI's subsidiaries

commenced with this Court voluntary cases under chapter 11 of title 11 of the United

States Code (the "Bankruptcy Code").  The Debtors' chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

---

[1]Bortstein Legal billed the Debtors $4,219,648.25 for the work performed during the Final Application Period.
The Firm has decided to write off $11,521.00 of such fees, which amounts to 0.3% percent of the Firm's fees
for the Final Application Period.  As a result, by this Application, Bortstein Legal hereby requests approval of
$4,208,127.25.

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code.

5.       On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

6.       On December 17, 2008, the Court entered an order, pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, authorizing the employment and retention of Bortstein Legal as special counsel to the Debtors to review, structure, draft and negotiate vendor contracts [Docket No. 2277] (the "Bortstein Legal Retention Order"). A copy of the Bortstein Legal Retention Order is annexed hereto as **Exhibit A**.

7.       On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code on March 11, 2010 [Docket No. 7531].

8.       On January 24, 2011, the Court entered an order modifying the composition of the fee committee (the "Fee Committee") that had previously been appointed in these chapter 11 cases [Docket No. 14117]. On April 14, 2011, the Court entered an order approving a revised fee protocol (the "Fee Protocol") setting forth certain procedures and

guidelines with respect to the fees and expenses of retained professionals in these cases [Docket No. 15998].

9.        On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629].  On September 1, 2011, the Bankruptcy Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.  On September 15, 2011, the Bankruptcy Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.  On December 6, 2011, the Bankruptcy Court entered an order [Docket No. 23023] confirming the Plan.  The Plan became effective on March 6, 2012.

### Bortstein Legal's Fees

10.        On November 5, 2008, the Court entered an order establishing procedures for interim monthly compensation and reimbursement of expenses of professionals [Docket No. 1388] (the "Original Interim Compensation Order").  On November 19, 2008, the Court amended the Interim Compensation Order [Docket No. 1604] (the "First Amended Interim Compensation Order"). On March 13, 2009, the Court amended the First Interim Compensation Order [Docket No. 3102] (the "Second Amended Interim Compensation Order").  On June 25, 2009, the Court amended the Second Amended Interim Compensation Order [Docket No. 4165] (the "Third Amended Interim Compensation Order").  On April 14, 2011, the Court amended the Third Amended Interim Compensation Order [Docket No. 15997] (the "Fourth Amended Interim Compensation

Order" or the "Interim Compensation Order"). This Application is submitted in accordance with the Interim Compensation Order, which is annexed hereto as **Exhibit B**.

11.    At a hearing on August 5, 2009, the Court awarded Bortstein Legal interim compensation in an amount equal to $397,298.48 incurred from December 15, 2008 through and including January 31, 2009 (the "First Application Period").[2] At a hearing on September 15, 2009, the Court awarded Bortstein Legal interim compensation in an amount equal to $1,303,321.50 incurred from February 1, 2009 through and including May 31, 2009 (the "Second Application Period").[3] By Order dated April 9, 2010, the Court awarded Bortstein Legal interim compensation in an amount equal to $670,480.00 incurred from June 1, 2009 through and including September 30, 2009 (the Third Application Period").[4] By Order dated September 1, 2010, the Court awarded Bortstein Legal interim compensation in an amount equal to $514,359.86 for the period from October 1, 2009 through January 31, 2010 (the "Fourth Application Period").[5][6] By Order dated May 12, 2011, the Court awarded Bortstein Legal interim compensation in an amount equal to $436,439.00 for the period from February 1, 2010 through May 31, 2010 (the "Fifth

---

[2] On August 20, 2009, the Firm received $44,144.27 originally held back, which represents 10% of the fees incurred during the First Application Period. On October 16, 2009, the Firm received $44,144.28 originally held back, which represents an additional 10% of the fees incurred during the First Application Period.

[3] On October 16, 2009, the Firm received $144,813.50 originally held back, which represents 10% of the fees incurred during the Second Application Period. On December 30, 2009, the Firm received $141,451.00 originally held back, which represents an additional 10% of the fees incurred during the Second Application Period, less $3,362.50, which was contested by the Fee Committee.

[4] On May 6, 2010, the Firm received $133,459.99 originally held back, which represents 20% of the fees incurred during the Third Application Period, less $795.01, which was contested by the Fee Committee.

[5] On September 23, 2010, the Firm received $81,283.86 originally held back, which represents 20% of the fees incurred during the Fourth Application Period, less $26,985.14, which was contested by the Fee Committee.

[6] Pursuant to the Order Authorizing Retention of Richard Gitlin, Fee Committee Chair, and Godfrey & Kahn, S.C. as Counsel to the Fee Committee to Conduct Retrospective Review of Professional Compensation, Nunc Pro Tunc to December 1, 2011 [Docket No. 25827], the Fee Committee has undertaken a retroactive review of the fees requested in the First, Second, Third and Fourth Application Periods.

Application Period").[7]  By Order dated November 9, 2011, the Court awarded Bortstein

Legal interim compensation in an amount equal to $235,076.25 for the period from June 1,

2010 through September 30, 2010 (the "Sixth Application Period").[8]  By Order dated

December 20, 2011, the Court awarded Bortstein Legal interim compensation in an amount

equal to $154,112.50 for the period from October 1, 2010 through January 31, 2011 (the

"Seventh Application Period").[9]  By Order dated April 11, 2012, the Court awarded

Bortstein Legal interim compensation in an amount equal to $135,540.00 for the period

from February 1, 2011 through May 31, 2011 (the "Eighth Application Period"). [10]  On

December 14, 2011, Bortstein Legal filed its ninth interim fee application requesting fees in

an amount equal to $83,005.00 for the period from June 1, 2011 through September 30,

2011 (the "Ninth Interim Fee Application").  A hearing on the Ninth Interim Fee

Application is pending.  On May 21, 2012, Bortstein Legal filed its tenth interim fee

application requesting fees in an amount equal to $33,503.00 for the period from October 1,

2011 through March 6, 2012 (the "Tenth Interim Fee Application").  A hearing on the Tenth

Interim Fee Application is pending.[11]

12.     For services rendered for the First Application Period, Bortstein Legal has

been paid, in accordance with the Interim Compensation Order, $441,442.75, representing

---

[7] On May 31, 2011 the Firm received $71,729.39 originally held back, which represents 20% of the fees
incurred during the Fifth Application Period, less $19,447.91, which was contested by the Fee Committee.

[8] On December 5, 2011 the Firm received $41,564.25 originally held back, which represents 20% of the fees
incurred during the Sixth Application Period, less $6,813.75, which was contested by the Fee Committee.
[9] On December 22, 2011 the Firm received $30,190.50 originally held back, which represents 20% of the fees
incurred during the Seventh Application Period, less $790.00, which was contested by the Fee Committee.
[10] On April 23, 2012 the Firm received $22,110.00 originally held back, which represents 20% of the fees
incurred during the Eighth Application Period, less $5,045.00 (which the Firm wrote off) and $1,202.50, which
was contested by the Fee Committee.
[11] As of the date of this Application, the Fee Committee has not issued its report on the Tenth
Interim Fee Application.  Bortstein Legal reserves its right to seek the allowance of fees that the Fee
Committee may recommend be deducted with respect to the Tenth Interim Fee Application.

one hundred percent (100%) of the $441,442.75 in total fees incurred by the Debtors for services rendered for the First Application Period.

13.    For services rendered for the Second Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $1,444,772.50, representing ninety-nine and eight-tenths of a percent (99.8%) of the $1,448,135.00 in total fees incurred by the Debtors for services rendered for the Second Application Period.

14.    For services rendered for the Third Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $670,479.99, representing ninety-nine and nine-tenths of a percent (99.9%) of the $671,275.00 in total fees incurred by the Debtors for services rendered for the Third Application Period.

15.    For services rendered for the Fourth Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $514,359.86, representing ninety-five percent (95%) of the $541,345.00 in total fees incurred by the Debtors for services rendered for the Fourth Application Period.

16.    For services rendered for the Fifth Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $436,438.59, representing ninety-five and seven-tenths of a percent (95.7%) of the $455,886.50 in total fees incurred by the Debtors for services rendered for the Fifth Application Period.

17.    For services rendered for the Sixth Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $235,076.25, representing ninety-seven and two-tenths of a percent (97.2%) of the $241,890.00 in total fees incurred by the Debtors for services rendered for the Sixth Application Period.

18.    For services rendered for the Seventh Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $154,112.50, representing

ninety-nine and five-tenths of a percent (99.5%) of the $154,902.50 in total fees incurred by the Debtors for services rendered for the Seventh Application Period.

19.    For services rendered for the Eighth Fee Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $135,540.00, representing ninety-nine and one-tenth of a percent (99.1%) of the $136,742.50 in total fees incurred by the Debtors for services rendered for the Eighth Application Period.

20.    For services rendered for the Ninth Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $69,796.00, representing eighty-four and one-tenth of a percent (84.1%) of the $83,005.00 in total fees incurred by the Debtors for services rendered for the Ninth Application Period.  A hearing on the Ninth Interim Fee Application is pending.

21.    For services rendered for the Tenth Application Period, Bortstein Legal has been paid, in accordance with the Interim Compensation Order, $28,591.20, representing eighty-five and three-tenths of a percent (85.3%) of the $33,503.00 in total fees incurred by the Debtors for services rendered for the Tenth Application Period.  A hearing on the Tenth Interim Fee Application is pending.

22.    Bortstein Legal has annexed to the Application, as **Exhibit C**, a list of all of the matters for which services were rendered and the aggregate amount of hours and fees expended for such matters during the Final Application Period.

23.    Bortstein Legal has further annexed to the Application, as **Exhibit D**, a list of each individual in the Firm who has performed work during the Final Application Period on behalf of the Debtors, the position of each such individual, the year of law school graduation of each individual, his or her hourly billing rate, the aggregate time expended by each individual during the Final Application Period, and the amount of

8

Bortstein Legal's fees attributable to each individual during the Final Application Period. The rate for each of the individuals listed in **Exhibit D** is equal to the billing rate for such individual's time for similar services to clients in connection with other similar matters. Bortstein Legal believes that these rates are equal to or less than the rates charged to professionals with similar experience.

24.    No objections have been submitted to the applications for the various statement periods as of the filing of this Application.  Pursuant to the Interim Compensation Order, Bortstein Legal requests that this Court authorize payment of $4,208,127.25 in fees for services rendered for the Final Application Period, which represents one hundred percent (100%) of the total fees for services rendered during the Final Application Period.  The total holdback amount pursuant to the Interim Compensation Order for the Final Application Period is $18,120.80.  Bortstein Legal did not seek reimbursement for any expenses during the Final Application Period.

25.    Pursuant to the Interim Compensation Order, as of the date of this Application, Bortstein Legal has received payment of 98.2% of the fees requested with respect to the monthly fee statements.

### **Summary of Services Rendered**

26.    During the Final Application Period, Bortstein Legal has assisted the Debtors in three specific areas: (A) Estate Contract Review, (B) Vendor Contract Structuring, Drafting and Negotiating, and (C) Office Space Leasing and Subleasing.  The Firm also provided other general support, which is described below.

A.  Estate Contract Review **(Total Hours – 1,740.5, Total Fees - $618,994.50)**

27.     Bortstein Legal reviewed and summarized vendor contracts and vendor contract-related files and documents based on criteria set by the Debtors and its subsidiaries and assisted the Debtors and its subsidiaries in making determinations regarding whether such vendor contracts and the underlying vendor relationships are beneficial to, and meet the requirements of, the Debtors and its subsidiaries

B.  Vendor Contract Structuring, Drafting and Negotiating  **(Total Hours –6,989.3, Total Fees - $2,530,585.75)**

28.     The Firm worked with the Debtors and its subsidiaries (including Neuberger Berman, Aurora Bank, Woodlands, Real Estate Private Equity and LAMCO) to structure, draft, negotiate, re-negotiate and resolve disputes related to  hundreds of contracts with existing and new vendors, including outsourcing (IT, HR and Business Process), application service provider, software license, professional services, consulting services, hardware purchase and maintenance, reseller, non-disclosure, content license (including market data), and other technology and services agreements.  In this regard, Bortstein Legal also worked with Weil Gotshal & Manges, Debtors' primary counsel, with respect to resolving any disputes with vendors.

C.  Lehman Brothers Holdings Inc. **(Total Hours  - 1,793.3, Total Fees - $637,088.00)**

29.     The Firm worked with the Debtors and its subsidiaries (excluding LAMCO, which is described in paragraph below) to structure, draft, negotiate, re-negotiate, summarize, answer questions on, and resolve disputes in connection with contracts with twenty-four (24) existing and new vendors, in areas such as outsourcing (e.g., HR benefits and payroll), application service provider, software license, professional services, litigation

10

support services, content license and facilities-related vendor services (i.e., network power).   In addition to the services described above, the Firm also continues to assist the Debtors in maintaining form agreements and its vendor risk management policies and procedures, which includes responding to questions regarding vendor on-boarding and data protection.   Bortstein Legal also kept itself apprised of general issues in the Debtors' cases in order to have familiarity sufficient to address specific issues it was engaged to address.

### D.   LAMCO **(Total Hours – 1,022.6 Total Fees - $348,047.50)**

30.    The Firm worked with LAMCO to structure, draft, negotiate, re-negotiate, summarize and resolve disputes in connection with contracts with fourteen (14) existing and new vendors, in areas such as outsourcing (e.g., technology infrastructure), valuation services, application service provider, software license, professional services, and content license. In addition to the services described above, the Firm also continues to assist the Debtors in maintaining form agreements and its vendor risk management policies and procedures, which includes responding to questions regarding vendor on-boarding and data protection.   Bortstein Legal also kept itself apprised of general issues in the Debtors' cases in order to have familiarity sufficient to address specific issues it was engaged to address.

### E.   Office Space License  **(Total Hours – 32.1, Total Fees - $12,037.50**

31.    The Firm worked with the Debtors to structure, draft, and negotiate two (2) subleases and one (1) amendment to an existing lease.

### F.   Fee-Related Work **(Total Hours – 103.9, Total Fees - $37,056.50)**

32.     The Firm, in accordance with the Interim Compensation Order, drafted, edited, and served monthly fee statements on the Debtors for the work performed by the Firm during the Final Application Period.  The Firm drafted, edited and filed Interim Fee Applications with the Court seeking approval of the fees generated from December 15, 2008 through March 6, 2012.  The Firm spent time reviewing Fee Committee correspondence relating to the Interim Fee Applications and communicating with the Fee Committee regarding such correspondence.  Additionally, the Firm submitted monthly budgets to the Fee Committee.

G .   Billing Review (**Total Hours – 32.0, Total Fees - $10,668.50**)

33.     The Firm, in accordance with the Interim Compensation Order, drafted, edited, and served monthly fee statements on the Debtors for the work performed by the Firm during the Final Application Period.

H.     Fee Application (**Total Hours – 48.2, Total Fees -$16,610.50**)

34.      The Firm drafted, edited and filed Interim Fee Applications with the Court seeking approval of the fees generated from December 15, 2008 through March 6, 2012.

I.     Fee Committee (**Total Hours – 25.1 , Total Fees -$8,559.50**)

35.     The Firm spent time reviewing Fee Committee correspondence relating to the Interim Fee Applications and communicating with the Fee Committee regarding such correspondence.  Additionally, the Firm submitted monthly budgets to the Fee Committee.

**Evaluating Bortstein Legal's Services**

36.    The allowance of interim compensation for services rendered and reimbursement of expenses incurred in bankruptcy cases is expressly provided for in section 331 of the Bankruptcy Code:

> [A] debtor's attorney, or any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . as is provided under section 330 of this title.

> 11 U.S.C. § 331.

Concerning the level of compensation, section 330(a)(l) of the Bankruptcy Code provides, in pertinent part, that the court may award to a professional person, including the debtor's attorney

> reasonable compensation for actual, necessary services rendered by the . . . professional person, or attorney and by any paraprofessional person employed by any such person . . . .

> 11 U.S.C. § 330.

37.    Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –

> (A) the time spent on such services;

> (B) the rates charged for such services;

> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

13

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

38.     Bortstein Legal submits that the services performed during the Final Application Period, for which it hereby seeks reimbursement, were necessary for and beneficial to the Debtors. The services rendered by the Firm during the Final Application Period required significant time and effort and were performed diligently and efficiently.

39.     During the Final Application Period, Bortstein Legal encountered a variety of challenging legal issues, often requiring substantial research and negotiation.  When possible, Bortstein Legal delegated tasks to lower cost junior attorneys. This approach has resulted in enhanced cost efficiency.  Bortstein Legal submits that the services it rendered were beneficial to the Debtors' estate and were performed efficiently, economically and effectively and in a manner commensurate with the complexity, importance and nature of the problems, issues and tasks involved.  Moreover, the Firm's request for compensation is reasonable in light of the nature, extent, and value of its services to the Debtors. Accordingly, approval of the compensation for professional services sought herein is warranted.

40.     All services for which Bortstein Legal seeks compensation were performed for and on behalf of the Debtors.  No agreement or understanding exists between the Firm and any other person for the sharing of compensation to be received for the services rendered in connection with the Firm's representation of the Debtors. No action prohibited by Section 504 of the Bankruptcy Code has been, or will be, made by Bortstein Legal. See Affidavit of Lawrence Bortstein, Esq., annexed to the Application as **Exhibit F**.

14

## Procedure

41.     Notice of this Application has been provided in accordance with the Interim Compensation Order.  Bortstein Legal submits that given the nature of the relief requested herein, no other or further notice is necessary.

42.     No previous application for the relief requested herein has been made to this or any other Court.

## Conclusion

Based upon the foregoing, Bortstein Legal respectfully submits that the services rendered in the instant case during the Final Application Period have been efficient, economical and effective. As previously stated, Bortstein Legal requests that this Court enter an Order authorizing (i) final allowance of compensation for professional services rendered during the Final Application Period in the amount of $4,208,127.25,[12] representing 100% of fees incurred during the Final Application Period; (ii) directing payment by the Debtors of the difference between the amounts allowed and the amounts previously paid by the Debtors pursuant to the Interim Compensation Order; and (iii) such other and further relief as may be just or proper.

---

[12] Bortstein Legal billed the Debtors $4,219,648.25 for the work performed during the Final Application Period.  The Firm has decided to write off $11,521.00 of such fees, which amounts to 0.3% percent of the Firm's fees for the Final Application Period.  As a result, by this Application, Bortstein Legal hereby requests approval of $4,208,127.25.

Dated: July 2, 2012

BORTSTEIN LEGAL LLC
Special Counsel to Debtors and Debtors in
Possession

By: _____
Lawrence Bortstein

1500 Broadway, Suite 2003
New York, New York 10036
Telephone: (646) 240-4840
Facsimile: (866) 955-9402

## Exhibit A

**Bortstein Legal Retention Order**

**(Attached)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                                                       :

In re                                     :         Chapter 11 Case No.
                                                       :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :         08-13555 (JMP)
                                                       :

                          Debtors.           :         **(Jointly Administered)**
                                                       :
                                                       :
-------------------------------------------------------------------x

## ORDER PURSUANT TO
## SECTIONS 327(e) AND 328(a) OF THE BANKRUPTCY
## CODE AUTHORIZING THE EMPLOYMENT AND RETENTION
## OF BORTSTEIN LEGAL LLC AS SPECIAL COUNSEL TO THE DEBTORS

Upon consideration of the application, dated November 26, 2008 (the "Application"),[1] of

Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced

chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors"), pursuant to

sections 327(e) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for

authorization to employ and retain Bortstein Legal LLC ("Bortstein Legal") as special counsel to

the Debtors; and upon the Declaration of Lawrence A. Bortstein, the Managing Member of

Bortstein Legal (the "Bortstein Declaration"), filed in support of the Application; and the Court

being satisfied, based on the representations made in the Application and the Bortstein

Declaration, that Bortstein Legal represents no interest adverse to the Debtors or the Debtors'

estates with respect to the matters upon which it is to be engaged, under section 327 of the

Bankruptcy Code as modified by section 1107(b); and the Court having jurisdiction to consider

the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the Application.

and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New

York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Application and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Application having been provided in

accordance with the procedures set forth in the order entered September 22, 2008 governing case

management and administrative procedures [Docket No. 285] to (i) the United States Trustee for

the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; and (vi) all parties who have

requested notice in these chapter 11 cases, and it appearing that no other or further notice need be

provided; and the Court having found and determined that the relief sought in the Application is

in the best interests of the Debtors, their estates and creditors, and all parties in interest and that

the legal and factual bases set forth in the Application establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Application is approved; and it is further

ORDERED that pursuant to sections 327(e) and 328(a) of the Bankruptcy Code, the

Debtors are hereby authorized to employ and retain Bortstein Legal as special counsel to the

Debtors on the terms set forth in the Application and this order, for the matters identified in the

Application and in accordance with Bortstein Legal's customary rates in effect from time to time

and its disbursement policies; and it is further

ORDERED that Bortstein Legal shall apply for compensation and reimbursement of

expenses in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy

Code, applicable Bankruptcy Rules, local rules and orders of the Court, guidelines established by

the U.S. Trustee, and such other procedures as may be fixed by order of this Court, including but

not limited to the Court's Amended Order Pursuant to Sections 105(a) and 331 of the

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals.


Dated:  New York, New York
        December 17, 2008

                        _____s/ James M. Peck_____
                        UNITED STATES BANKRUPTCY JUDGE

## Exhibit B

**Interim Compensation Order**

**(Attached)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------- x

| | | |
|---|---|---|
| In re | : | **Chapter 11** |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | : | **Case No. 08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |
| | : | |

-------------------------------------------------------------------- x

**FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a)
AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "**Fourth
Amended Order**") of Lehman Brothers Holdings Inc. and its affiliated debtors in the
above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the
"**Debtors**" and, together with their non-debtor affiliates, "**Lehman**"), pursuant to sections 105(a)
and 331 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and
Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), to
establish procedures for interim monthly compensation and reimbursement of expenses of
professionals (the "**Professionals**")—all as more fully described in the Debtors' Motion Pursuant
to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for
Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of
Expenses of Professionals, dated October 11, 2008 (the "**Motion**") [Docket No. 833]—and upon
the notice of presentment of the proposed Fourth Amended Order; and the Court having
jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in
accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to
Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

compensation in accordance with the following procedures (the "**Interim Compensation**

**Procedures**"):

(a)    On or before the forty-fifth (45th) day following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional or a professional retained by the Examiner appointed in these Chapter 11 cases, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin, Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may be amended from time to time, the "**Fee Protocol**") c/o Godfrey & Kahn, S.C., One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "**Notice Parties**").  In addition to being served with a paper copy, the Office of the United States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers Holdings, Inc. shall also be served with a disc containing an electronic version of the Monthly Statement.

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Fourth Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

(d)    Each Notice Party shall have at least thirty (30) days after receiving the Monthly Statement to review the statement and, if the Notice Party objects to the compensation or expense reimbursement sought in a particular statement, such Notice  Party shall, no later than the thirty-first (31st) day following receipt of the Monthly Statement (the "**Monthly Statement Objection Deadline**"), serve upon the professional to whose Monthly Statement the Notice Party objects and the other Notice Parties a written "Notice of Objection to Fee Statement," setting forth the nature of the Notice Party's objection and the amount of fees or expenses at issue.

(e)    At the expiration of the Monthly Statement Objection Deadline, the Debtors shall promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of the expenses identified in each Monthly Statement to which no objection has been served in accordance with paragraph (d) above.

(f)    If the Debtors object or receive an objection to a particular Monthly Statement, the Debtors shall withhold payment of that portion of the Monthly Statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (e).

(g)    If the parties to an objection resolve their dispute following the service of a Notice of Objection to Fee Statement and if the party whose Monthly Statement was objected to serves on all Notice Parties a statement indicating that the objection is withdrawn or modified and describing the terms of the resolution, then the Debtors shall promptly pay, in accordance with paragraph (e), that portion of the Monthly Statement that is no longer subject to an objection.

(h)    All objections that the parties do not resolve shall be preserved and presented to the Court at the next interim or final fee application hearing to be heard by the Court in accordance with paragraph (j) below.

(i)    The service of an objection in accordance with paragraph (d) above shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground regardless of whether the objecting party raised the ground in the objection or not. Furthermore, the decision by any party not to object to a Monthly Statement shall not waive or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code, including any final application.

(j)    Commencing with the period ending January 31, 2009, and at four-month intervals thereafter, each of the professionals shall file with the Court, in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov), an application (an "**Interim Fee Application**") for interim Court approval and allowance pursuant to sections 330 and 331 of the Bankruptcy Code (as the case may be) of the compensation and reimbursement of expenses requested in the fee statements served during such period (the "**Interim

4

Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)     The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)     The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)     Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)     Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

ORDERED that the Debtors shall include all payments to Professionals on their monthly operating reports, detailed by line item so as to state the amount paid to each of the Professionals, and detailed so as to state the amount paid to ordinary course professionals (which may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars, with the conversion amount calculated at the time of the submission of the Monthly Statement, to the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating reports, (b) the Debtors have not remained current with their administrative expenses or fees due under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth Amended Order of the foregoing bases shall not be determinative of the validity of any such bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business [Docket No. 1394] (the "**OCP Order**")) or a professional retained by the Examiner seeks more than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

6

date from the Court for the hearing of the fee application, which shall be scheduled no earlier

than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be

calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it

is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the

Standard Parties entitled to notice pursuant to the Court's second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this

Order.


Dated: New York, New York
       April 14, 2011

                                    _____s/ James M. Peck_____
                                    Honorable James M. Peck
                                    United States Bankruptcy Judge

## Exhibit C

**List of the matters for which services were rendered and the approximate aggregate amount of hours and fees expended for such matters.** [13] [14] [15]

*Estate Contract Review*
*Sub-total, First Fee Application*
Hours billed:  687.0
Amount billed: $238,397.00

*New Vendors/Negotiations*
*Sub-total, First Fee Application*
Hours billed:  548.5
Amount billed: $203,045.75

*Estate Contract Review*
*Sub-total, Second Fee Application*
Hours billed:  812.4
Amount billed:  $289,250.00

*New Vendors/Negotiations*
*Sub-total, Second Fee Application*
Hours billed:  2,890.1
Amount billed:  $1,029,625.00

*Aurora Bank*
*Sub-total, Second Fee Application*
Hours billed:  355.0
Amount billed: $129,260.00

*New Vendors/Negotiations*
*Sub-total, Third Fee Application*
Hours billed:  1,331.2
Amount billed: $479,640.00

---

[13] During the Eighth Application Period, Bortstein Legal spent 6.4 hours, totaling $2,080.00 in fees, for the Billing Review matter.  The Firm, however, has written off all of this time, which results in no fees for the Billing Review matter.  Bortstein Legal spent 16.9 hours, totaling $5,687.50 in fees, for the Fee Application matter.  The Firm, however, has written off 5.4 hours, totaling $1,860.00 in fees, which results in 11.5 hours and $3,827.50 in fees for the Fee Application matter.  Bortstein Legal spent 10.9 hours, totaling $3,602.50 in fees, for the Fee Committee matter.  The Firm, however, has written off 3.4 hours, totaling $1,105.00 in fees, which results in 7.5 hours and $2,497.50 in fees for the Fee Committee matter.

[14] During the Ninth Application Period, Bortstein Legal spent 12.7 hours, totaling $4,240.00 in fees, for the Billing Review matter.  The Firm, however, has written off all of this time, which results in no fees for the Billing Review matter.

[15] During the Tenth Application Period, Bortstein Legal spent 6.4 hours, totaling $2,236.00 in fees, for the Billing Review matter.  The Firm, however, has written off all of this time, which results in no fees for the Billing Review matter.

*Estate Contract Review*
*Sub-total, Third Fee Application*
Hours billed:  202.2
Amount billed:  $78,685.00

*Aurora Bank*
*Sub-total, Third Fee Application*
Hours billed:  310.0
Amount billed: $112,950.00

*New Vendors/Negotiations*
*Sub-total, Fourth Fee Application*
Hours billed:  1,240.4
Amount billed:  $459,573.50

*Estate Contract Review*
*Sub-total, Fourth Fee Application*
Hours billed:  38.9
Amount billed: $12,662.50

*Aurora Bank*
*Sub-total, Fourth Fee Application*
Hours billed:  151.6
Amount billed:  $55,645.00

*Fee-Related Work*
*Sub-total, Fourth Fee Application*
Hours billed:  36.8
Amount billed:  $13,464.00

*Lehman Brothers Holdings Inc.*
*Sub-total, Fifth Fee Application*
Hours billed:  729.9
Amount billed:  $260,822.50

*Office Space License*
*Sub-total, Fifth Fee Application*
Hours billed:  13.5
Amount billed:  $5,062.50

*Real Estate Private Equity*
*Sub-total, Fifth Fee Application*
Hours billed:  145.7
Amount billed: $54,641.50

*Aurora Bank*
*Sub-total, Fifth Fee Application*
Hours billed:  1.9

Amount billed: $617.50

*LAMCO*
*Sub-total, Fifth Fee Application*
Hours billed:  343.5
Amount billed:  $117,907.50

*Fee-Related Work*
*Sub-total, Fifth Fee Application*
Hours billed:  47.3
Amount billed:  $16,835.00

*Lehman Brothers Holdings Inc.*
*Sub-total, Sixth Fee Application*
Hours billed:  396.7
Amount billed:  $140,277.50

*Office Space License*
*Sub-total, Sixth Fee Application*
Hours billed:  0.2
Amount billed:  $75.00

*Real Estate Private Equity*
*Sub-total, Sixth Fee Application*
Hours billed:  14.9
Amount billed: $5,587.50

*LAMCO*
*Sub-total, Sixth Fee Application*
Hours billed:  261.6
Amount billed: $89,192.50

*Fee-Related Work*
*Sub-total, Sixth Fee Application*
Hours billed:  19.8
Amount billed:  $6,757.50

*Lehman Brothers Holdings Inc.*
*Sub-total, Seventh Fee Application*
Hours billed:  218.9
Amount billed:  $78,220.00

*Office Space License*
*Sub-total, Seventh Fee Application*
Hours billed:  18.4
Amount billed:  $6,900.00

*LAMCO*
*Sub-total, Seventh Fee Application*
Hours billed:  191.0
Amount billed: $64,492.50

*Fee Committee*
*Sub-total, Seventh Fee Application*
Hours billed:  3.8
Amount billed:  $1,235.00

*Billing Review*
*Sub-total, Seventh Fee Application*
Hours billed:  6.5
Amount billed:  $2,112.50

*Fee Application*
*Sub-total, Seventh Fee Application*
Hours billed:  5.1
Amount billed:  $1,942.50

*Lehman Brothers Holdings Inc.*
*Sub-total, Eighth Fee Application*
Hours billed:  222.7
Amount billed:  $76,760.00

*LAMCO*
*Sub-total, Eighth Fee Application*
Hours billed:  160.9
Amount billed: $53,657.50

*Fee Committee*
*Sub-total, Eighth Fee Application*
Hours billed:  10.9
Amount billed:  $3,602.50

*Billing Review*
*Sub-total, Eighth Fee Application*
Hours billed:  6.4
Amount billed:  $2,080.00

*Fee Application*
*Sub-total, Eighth Fee Application*
Hours billed:  16.9
Amount billed:  $5,687.50

*Lehman Brothers Holdings Inc.*
*Sub-total, Ninth Fee Application*
Hours billed:  175.1

22

Amount billed:  $62,357.50

*LAMCO*
*Sub-total, Ninth Fee Application*
Hours billed:  43.1
Amount billed: $15,180.00

*Fee Committee*
*Sub-total, Ninth Fee Application*
Hours billed:  3.5
Amount billed:  $1,137.50

*Billing Review*
*Sub-total, Ninth Fee Application*
Hours billed:  12.7
Amount billed:  $4,240.00

*Fee Application*
*Sub-total, Ninth Fee Application*
Hours billed:  13.0
Amount billed:  $4,330.00

*Lehman Brothers Holdings Inc.*
*Sub-total, Tenth Fee Application*
Hours billed:  50.0
Amount billed:  $18,650.50

*LAMCO*
*Sub-total, Tenth Fee Application*
Hours billed:  22.5
Amount billed: $7,617.50

*Fee Committee*
*Sub-total, Tenth Fee Application*
Hours billed:  6.9
Amount billed:  $2,584.50

*Billing Review*
*Sub-total, Tenth Fee Application*
Hours billed:  6.4
Amount billed:  $2,236.00

*Fee Application*
*Sub-total, Tenth Fee Application*
Hours billed:  13.2
Amount billed:  $4,650.50

**Exhibit D**

Below is a list of each individual at Bortstein Legal who has performed work during the Final Application Period on behalf of the Debtors, the position of each such individual in the Firm, the year of law school graduation of each individual, his or her hourly billing rate, the aggregate time expended by each individual during the Final Application Period, and the amount of Bortstein Legal's fees attributable to each individual during the Final Application Period:

| Name | Position | Law School Graduation Year | 2008-2011 Hourly Billing Rate | December 2008 – December 2011 Hours | Total Fees[16] |
|---|---|---|---|---|---|
| Lawrence Bortstein | Managing Partner | 1994 | $400.00 | 1,845.1 | $737,997.50[1718] |
| Rusty Yuson | Partner | 1995 | $375.00 | 204.8 | $76,800.00 |
| Sol Irvine | Partner | 1998 | $375.00 | 1,170.9 | $439,083.75 |
| Meredith Clair | Partner | 1998 | $375.00 | 265.0 | $99,375.00[19] |
| Marc Robinson | Partner | 1999 | $375.00 | 134.9 | $50,587.50 |
| Marc Wyttenbach | Of Counsel | 1999 | $375.00 | 39.6 | $14,850.00 |
| Ajita Abraham | Associate | 1997 | $375.00 | 328.5 | $123,187.50 |
| Amy Lashmet | Associate | 1997 | $375.00 | 185.4 | $69,525.00 |
| Amy Kwalwasser | Associate | 2000 | $375.00 | 1,200.2 | $450,071.25 |
| William Littman | Associate | 2000 | $375.00 | 1,447.9 | $542,962.50 |
| Stacey Becker | Associate | 2002 | $325.00 | 424.1 | $137,832.50 |
| CJ Kim | Associate | 2002 | $325.00 | 166.7 | $54,177.50 |
| Jaime Abrams | Associate | 2002 | $325.00 | 143.4 | $46,605.00 |

[16] Bortstein Legal billed the Debtors $4,219,648.25 for the work performed during the Final Application Period. The Firm has decided to write off $11,521.00 of such fees, which amounts to 0.3% percent of the Firm's fees for the Final Application Period. As a result, by this Application, Bortstein Legal hereby requests approval of $4,208,127.25.

[17] Due to a clerical error in using the Firm's billing system, two of Mr. Bortstein's time entries related to the fee application review and hearing matter were inadvertently billed at a rate of $395 instead of $400. As a result, the amount in fees billed to the Debtors for Mr. Bortstein's services during the Third Application Period was $95,180.00 instead of the intended $95,200.00. Bortstein Legal is not seeking approval or payment of this $20.00 discrepancy.

[18] Due to a clerical error in using the Firm's billing system, six of Mr. Bortstein's time entries related to the fee application review and hearing matter were inadvertently billed at a rate of $395 instead of $400. As a result, the amount in fees billed to the Debtors for Mr. Bortstein's services during the Fourth Application Period was $147,661.50 instead of the intended $147,680.00. Bortstein Legal is not seeking approval or payment of this $18.50 discrepancy.

[19] The Firm credited the Debtors $66 in February 2010 due to an inadvertent overcharge in January 2010. The billing rate for Meredith Clair for January should have been $375, not $385.

| Alyssa Yulis | Associate | 2004 | $325.00 | 791.9 | $257,367.50 |
| Brian Reay | Associate | 2005 | $325.00 | 3,133.0 | $1,018,225.00 |
| Nick Rosenberg | Associate | 2007 | $325.00 | 243.7 | $79,199.25 |
| Lauren Krupka | Associate | 2008 | $325.00 | 44.9 | $14,592.50 |
| Benjamin Kabak | Associate | 2011 | $175.00 | 0.3 | $52.50 |
| **TOTAL** | | | | **11,770.3** | **4,212,491.75** |

| Name | Position | Law School Graduation Year | 2012 Hourly Billing Rate | January 2012 – March 6, 2012 Hours | Total Fees |
|---|---|---|---|---|---|
| Lawrence Bortstein | Managing Partner | 1994 | $435.00 | 1.0 | $435.00 |
| Meredith Clair | Partner | 1998 | $435.00 | 10.3 | $4,480.50 |
| Jaime Abrams | Associate | 2002 | $415.00 | 5.4 | $2,241.00 |
| **TOTAL** | | | | **16.7** | **$7,156.50** |

**Exhibit E**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                              :        Chapter 11
                                                                   :
LEHMAN BROTHERS HOLDINGS            :
INC., *et al.*,                                                :        Case No. 08-13555 (JMP)
                                                                   :
                             Debtors.                  :        (Jointly Administered)
------------------------------------------------------x

**AFFIDAVIT PURSUANT TO SECTION 504 OF THE**
**BANKRUPTCY CODE AND BANKRUPTCY RULE 2016**

STATE OF NEW YORK                    )
                                                          ) ss.:
COUNTY OF WESTCHESTER        )

LAWRENCE BORTSTEIN, being duly sworn, deposes and says:

      A.      I am a member of the firm of Bortstein Legal LLC ("Bortstein Legal"),

which maintains offices at 1500 Broadway, Suite 2003, New York, NY 10036.

      B.      By order dated December 17, 2008, Bortstein Legal was retained to

represent the debtors and debtors in possession in the above-captioned cases (collectively,

the "Debtors").

      C.      This affidavit is submitted pursuant to Rule 2016 of the Federal Rules of

Bankruptcy Procedure in connection with Bortstein Legal's final application for

compensation for services rendered as counsel to the Debtors from December 15, 2008

through March 6, 2012, inclusive (the "Application").

      D.      No agreement or understanding exists between Bortstein Legal and any

person for a division of compensation or reimbursement received or to be received herein

or in connection with the within cases.

      E.      Bortstein Legal does not hold a retainer in connection with this case.

F.      To date, Bortstein Legal has received no payment or promise of payment

for the services rendered in these chapter 11 cases, except pursuant to this Court's Order

Under 11 U.S.C. §§ 105(a) and 331 and Bankruptcy Rule 2016(a) Establishing

Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals, dated June 25, 2009, Local Bankruptcy Rule 2016-1, the Order authorizing

the retention of Bortstein Legal, or as disclosed herein and in the Application.

Lawrence Bortstein

Sworn to before me this
2nd day of July 2012

Notary Public, State of New York

KAREN BATTISTA
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN WESTCHESTER COUNTY
NO. 01BA6029080
MY COMMISSION EXPIRES 12-11-2013.

**Exhibit F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
In re                                                 :        Chapter 11
                                                      :
LEHMAN BROTHERS HOLDINGS                               :
INC., *et al.*,                                       :        Case No. 08-13555 (JMP)
                                                      :
                        Debtors.                      :        (Jointly Administered)
-----------------------------------------------------x

**CERTIFICATION PURSUANT TO
ADMINISTRATIVE ORDER RE: GUIDELINES
FOR FEES AND DISBURSEMENTS FOR PROFESSIONALS
IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASES**

I, Lawrence Bortstein, Esq., certify as follows:

1.      I am a member of the firm of Bortstein Legal LLC ("Bortstein Legal").

Bortstein Legal represents the debtors and debtors in possession in the above-captioned

cases (collectively, the "Debtors").

2.      I submit this certification in conjunction with Bortstein Legal's

application, dated July 2, 2012 (the "Application"), for final allowance of fees for the

period December 15, 2008 through March 6, 2012, inclusive (the "Final Application

Period"). The Application is being submitted pursuant to this Court's Order Under 11

U.S.C. §§ 105(a) and 331 and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated

April 14, 2011 (the "Interim Compensation Order").

3.      I am the professional designated by Bortstein Legal with the responsibility

for Bortstein Legal's compliance in these cases with the Administrative Order, dated

28

April 19, 1995 (the "Amended Guidelines"), in this District regarding guidelines for fees and disbursements for professionals in bankruptcy cases.

4.     I have read Bortstein Legal's Application and, to the best of my knowledge, information, and belief, formed after reasonable inquiry (except as stated herein or in the Application): (i) the fees and disbursements sought in the Application fall within the Amended Guidelines and the guidelines promulgated May 30, 1995, by the Office of the United States Trustee (the "UST Guidelines" and, together with the Amended Guidelines, the "Guidelines"); and (ii) except to the extent the fees and disbursements are prohibited by the Guidelines, the fees sought are billed at or below the rates and in accordance with practices customarily employed by Bortstein Legal and generally accepted by its clients.

5.     I believe that the Debtors have reviewed Bortstein Legal's monthly fee statements that form the basis for the Application and have not objected to the amounts requested therein.  Such monthly statements of fees and disbursements have been provided to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), the Debtors, counsel to the Debtors, counsel to the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and counsel to the Fee Committee.

6.     A copy of the Application will be provided to the U.S. Trustee, the Debtors, counsel to the Debtors, counsel to the Creditors' Committee, and counsel to the Fee Committee, among other parties-in-interest, contemporaneously with the filing thereof.

7.     Attached to the Application as <u>Exhibit C</u> is a current list of the different matter headings under which time was recorded during the Final Application Period. That list includes all discrete matters within these cases during the Final Application

Period that reasonably could have been expected to: (a) continue over a period of at least three months; and (b) constitute a significant portion of the fees to be sought for the period.

8.    Bortstein Legal is not seeking reimbursement for expenses incurred during the Final Application Period

9.    Bortstein Legal has sought to keep its fees at a reasonable level and to utilize professional services and incur expenses as necessary to competently represent the Debtors.

Dated: July 2 , 2012

Lawrence Bortstein

**Exhibit G**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re                                                    :        Chapter 11
                                                         :
LEHMAN BROTHERS HOLDINGS                  :
INC., *et al.*,                                          :        Case No. 08-13555 (JMP)
                                                         :
                              Debtors.     :        (Jointly Administered)
-------------------------------------------------------x

**SUMMARY SHEET TO FINAL APPLICATION OF BORTSTEIN
LEGAL LLC, SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS
IN POSSESSION, FOR INTERIM ALLOWANCE OF COMPENSATION**

      1.    <u>Total Compensation</u>.  Bortstein Legal LLC ("Bortstein Legal"), in

connection with its Final application (the "Application") for interim allowance of

compensation for professional services rendered for the period December 15, 2008

through March 6, 2012 (the "Final Application Period") in the above-captioned cases, has

requested that the Court enter an order:

     (a)    authorizing final allowance of compensation for services
               rendered during the Final Application Period in the amount
               of $4,208,127.25, which represents 100% of fees incurred
               during the Final Application Period;[20]

     (b)    directing payment by the Debtors of the difference between
               the amounts allowed and the amounts previously paid by
               the Debtors pursuant to the Interim Compensation Order;
               and

     (c)    granting such other and further relief as may be just or
               proper.

---

[20] Bortstein Legal billed the Debtors $4,219,648.25 for the work performed during the Final Application
Period.  The Firm has decided to write off $11,521.00 of such fees, which amounts to 0.3% percent of the
Firm's fees for the Final Application Period.  As a result, by this Application, Bortstein Legal hereby
requests approval of $4,208,127.25.

2.      Total Compensation and Expenses Previously Awarded.  This Application is

Bortstein Legal's final application for compensation.  At a hearing on August 5, 2009, the

Court awarded Bortstein Legal interim compensation in an amount equal to $397,298.48

incurred from December 15, 2008 through and including January 31, 2009 (the "First

Application Period").[21]  At a hearing on September 15, 2009, the Court awarded

Bortstein Legal interim compensation in an amount equal to $1,303,321.50 incurred from

February 1, 2009 through and including May 31, 2009 (the "Second Application Period

").[22]  By Order dated April 9, 2010, the Court awarded Bortstein Legal interim

compensation in an amount equal to $670,480.00 incurred from June 1, 2009 through and

including September 30, 2009 (the Third Application Period ").[23]  By Order dated

September 1, 2010, the Court awarded Bortstein Legal interim compensation in an

amount equal to $514,359.86 for the period from October 1, 2009 through January 31,

2010 (the "Fourth Application Period").[24]  By Order dated May 12, 2011, the Court

awarded Bortstein Legal interim compensation in an amount equal to $436,439.00 for the

period from February 1, 2010 through May 31, 2010 (the "Fifth Application Period").[25]

By Order dated November 9, 2011 the Court awarded Bortstein Legal interim

---

[21] On August 20, 2009, the Firm received $44,144.27 originally held back, which represents 10% of the fees incurred during the First Application Period.  On October 16, 2009, the Firm received $44,144.28 originally held back, which represents an additional 10% of the fees incurred during the First Application Period.

[22] On October 16, 2009, the Firm received $144,813.50 originally held back, which represents 10% of the fees incurred in the Second Application Period.  On December 30, 2009, the Firm received $141,451.00 originally held back, which represents an additional 10% of the fees incurred during the Second Application Period, less $3,362.50, which was contested by the Fee Committee.

[23] On May 6, 2010, the Firm received $133,459.99 originally held back, which represents 20% of the fees incurred during the Third Application Period, less $795.01, which was contested by the Fee Committee.

[24] On September 23, 2010, the Firm received $81,283.86 originally held back, which represents 20% of the fees incurred during the Fourth Application Period, less $26,985.14, which was contested by the Fee Committee.

[25] On May 31, 2011 the Firm received $71,729.39 originally held back, which represents 20% of the fees incurred during the Fifth Application Period, less $19,427.50, which was contested by the Fee Committee.

compensation in an amount equal to $235,076.25 for the period from June 1, 2010

through September 30, 2010 (the "Sixth Application Period").[26] By Order dated

December 20, 2011, the Court awarded Bortstein Legal interim compensation in an

amount equal to $154,112.50 for the period from October 1, 2010 through January 31,

2011 (the "Seventh Application Period"). [27] By Order dated April 11, 2012, the Court

awarded Bortstein Legal interim compensation in an amount equal to $136,742.50 for the

period from February 1, 2011 through May 31, 2011 (the "Eighth Application Period").

[28]On December 14, 2011, Bortstein Legal filed its ninth interim fee application

requesting fees in an amount equal to $83,005.00 for the period from June 1, 2011

through September 30, 2011 (the "Ninth Interim Fee Application").  A hearing on the

Ninth Interim Fee Application is pending.  On May 21, 2012, Bortstein Legal filed its

tenth interim fee application requesting fees in an amount equal to $33,503.00 for the

period from October 1, 2011 through March 6, 2012 (the "Tenth Interim Fee

Application").  A hearing on the Tenth Interim Fee Application is pending.

3.      Name, Billing Rate, Year of Law School Graduation, Total Hours Billed, and

Total Billings for Each Professional.  Please refer to Exhibit D of the Application for: (a)

the names and applicable billing rates of each professional who billed time during the

Final Application Period; (b) the year of law school graduation for each attorney; (c) The

---

[26] On December 5, 2011 the Firm received $41,564.25 originally held back, which represents 20% of the
fees incurred during the Sixth Application Period, less $6,813.75, which was contested by the Fee
Committee.
[27] On December 22, 2011 the Firm received $30,190.50 originally held back, which represents 20% of the
fees incurred during the Seventh Application Period, less $790.00, which was contested by the Fee
Committee
[28] On April 23.2012 the Firm received $22,110.00 originally held back, which represents 20% of the fees
incurred during the Eighth Application Period, less $5,045.00 (which the Firm wrote off) and $1,202.50,
which was contested by the Fee Committee.

total hours and total amounts billed for each attorney listed; and (d) the blended hourly rate for all attorneys who billed time during the Final Application Period.

4.    Please refer to <u>Exhibit E</u> of the Application for: (a) a list of each individual in the Firm who has performed work during the Final Application Period on behalf of the Debtors; (b) each attorney's time expended during the Final Application Period on each individual matter; and (c) the total fees attributable to each matter during the Final Application Period.