CLYDE CLICK, P.C.
Clyde E. Click, Esq.
3475 Piedmont Road, N.E., Suite 1910
Atlanta, Georgia 30305
Telephone: (404) 760-2707
Fax: (404) 760-2701
e-mail: cclick@clydeclick.com

Special Counsel for
Lehman Brothers Holdings Inc., et al.
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | Jointly Administered |

**SUMMARY STATEMENT FOR FINAL FEE APPLICATION
OF CLYDE CLICK, P.C., SPECIAL COUNSEL FOR THE DEBTORS,
FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND
REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED**

Name of Applicant:                              Clyde Click, P.C.

Final Fee Application as Special Counsel

Role in the Case:                              Special Counsel to the Debtors

Date of retention as Special Counsel:          October 1, 2010

Period for which Compensation is Sought:       October 1, 2010 through March 5, 2012

## PROFESSIONALS AND PARAPROFESSIONALS RENDERING SERVICES

## CLYDE CLICK, P.C.

### October 1, 2010 through March 5, 2012

| Person | Title | Year of Law School Graduation | Hourly Rate | Aggregate Hours | Total Fees |
|--------|-------|------------------------------|-------------|-----------------|------------|
| Clyde E. Click | Member | 1978 | $495 | 431.10 | $213,394.50 |
| Mary J. O'Kelley | Associate | 2000 | $415 | 208.70 | $86,610.50 |
| Steve Camp | Of Counsel | 1983 | $300 | 1.3 | $390.00 |
| Cathy Barshay | Paralegal | 1986 | $250 | 140.40 | $35,100.00 |
| | | | | | |
| Totals | -- | -- | -- | 781.50 | $335,495.00 |
| | | | | | |

No time spent in preparing any fee application is included in the hours described in this Application, though the right is reserved to apply for payment for preparation of this and subsequent Fee Applications.

Total Professional Hours:           641.1

Total Paraprofessional Hours:       140.4

Total Hours:                        781.5

Total Fee Amount Sought:            $335,495.00

Blended Rate:                       $429.30

Excluding Paraprofessional Hours:   $468.56

Total Expense Amount Sought:        $27,836.84

Prior Interim Fee Applications:     4

Amounts Previously Requested:       $363,331.84

2

CLYDE CLICK, P.C.
Clyde E. Click, Esq.
3475 Piedmont Road, N.E., Suite 1910
Atlanta, Georgia 30305
Telephone: (404) 760-2707
Fax: (404) 760-2701
e-mail: cclick@clydeclick.com

Special Counsel for
Lehman Brothers Holdings Inc., et al.
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEHMAN BROTHERS HOLDINGS INC., et al., | ) | Case No. 08-13555 (JMP) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**FINAL FEE APPLICATION OF CLYDE CLICK, P.C.**
**AS 327(e) SPECIAL COUNSEL, FOR COMPENSATION FOR**
**PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT**
**OF ACTUAL AND NECESSARY EXPENSES INCURRED**
**DURING THE PERIOD OCTOBER 1, 2010 THROUGH MARCH 5, 2012**

        1.      The law firm of Clyde Click, P.C. ("CCPC"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above captioned chapter 11 cases, hereby files this application (the "Application") pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Employment

and Retention of Clyde Click, P.C., as Special Counsel to the Debtors, dated November 2, 2010 [Docket No. 12497] (the "Special Counsel Order"), for an award of compensation for professional services rendered to the Debtors in the amount of $335,495.00, incurred during the period from October 1, 2010 through March 5, 2012 (the "Compensation Period"), and reimbursement of actual and necessary expenses incurred during the same period in the amount of $27,836.84.

## BACKGROUND

### A.    The Chapter 11 Cases

2.    On September 15, 2008 and periodically thereafter (the "Commencement Date"), LBHI and certain of its subsidiaries filed voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Bankruptcy Rules. The Debtors are authorized to operate their businesses and manage their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.    On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers, Inc. ("LBI"). A trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

5.    On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas

4

as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

6.    On May 26, 2009, the Court appointed a fee committee and approved a fee protocol in the above-referenced chapter 11 cases. [Docket No. 3651]. On January 24, 2011, the Fee Committee recommended Richard A. Gitlin as successor independent member to the Fee Committee, which this Court ordered [ECF No. 14117]. On March 11, 2011, the Fee Committee submitted a motion to amend the fee protocol [ECF No. 14969]. On April 14, 2011, this Court entered that certain Order Amending the Fee Protocol (the "Amended Fee Protocol") [ECF No. 15998].

7.    LBHI filed its First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated January 25, 2011 [Docket No. 14150]. LBHI filed the Debtors' Disclosure Statement for First Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors Pursuant to Section 1125 of the Bankruptcy Code, dated January 25, 2011 [Docket No. 14151]. On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [ECF Nos. 19627 and 19629]. On that same date, this Court entered an amended order (a) approving the Disclosure Statement, (b) establishing solicitation and voting procedures in connection with the Plan, (c) scheduling a confirmation hearing, and (d) establishing notice and objection procedures for the confirmation hearing [ECF No. 19631]. On September 15, 2011, this Court entered an order approving a modification to the Disclosure Statement [ECF No. 20016]. On December 6, 2011, this Court entered an order confirming the Plan [ECF No.

23023].  The Plan became effective on March 6, 2012 (the "Effective Date") [ECF No. 26039].

### B.    The Debtor's Business

8.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States.  For more than 150 years, LBHI has been a leader in the global financial markets, serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.  Its headquarters in New York and regional headquarters in London and Tokyo are complemented by a network of offices in North America, Europe, the Middle East, Latin America, and the Asia Pacific region.

9.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to these chapter 11 filings is contained in the Affidavit of Jan T. Lowitt Pursuant to rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### JURISDICTION

10.    The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

### RELIEF REQUESTED

11.    The statutory predicates for the relief requested herein are section 330 and 331 of the Bankruptcy Code, Rule 2016 of the Bankruptcy Rules, and rule 2016-

1 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"). By this Application, CCPC respectfully seeks Court approval and allowance for compensation for professional services rendered to the Debtors during the Compensation Period in the aggregate amount of $335,495.00, and for reimbursement of actual and necessary expenses incurred in connection with the rendition of such services in the aggregate amount of $27,836.84.

## BASIS FOR RELIEF

### A.    CCPC's Retention

12.    CCPC began performing legal services on behalf of the Debtors as an Ordinary Course Professional pursuant to this Court's Amended Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business, dated March 25, 2010 [Docket No. 7822] (the "Amended Ordinary Course Professional Order"). On September 30, 2010, the Debtors filed their Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Clyde Click, P.C., as Special Counsel to the Debtors, effective as of October 1, 2010 [Docket No. 11733] because CCPC's total fees exceeded $1 million in or about September 2010. The Court entered the Special Counsel Order on November 2, 2010 [Docket No. 12497].

13.    The Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Interim Compensation Order"), entered by the court on April 14, 2011,

outlines the procedures that all professionals must follow in order to receive compensation and reimbursement of expenses for services provided to the Debtors.

**B.     Compensation**

14.     This Application is CCPC's final application for compensation and reimbursement of expenses as special counsel in these chapter 11 cases, and, in accordance with the Ordinary Course Professionals Order and the Special Counsel Order, includes all amounts received by CCPC in excess of $1 million and the amounts requested in CCPC's first application for interim compensation and reimbursement of expenses as special counsel, which was submitted on April 18, 2011, CCPC's second application for interim compensation and reimbursement of expenses as special counsel, which was submitted on August 15, 2011, CCPC's third application for interim compensation and reimbursement of expenses as special counsel, which was submitted on December 14, 2011 and CCPC's fourth application for interim compensation and reimbursement of expenses as special counsel, which was submitted on May 21, 2012 (collectively, the "Interim Applications").

15.     Pursuant to the Special Counsel Order, and in compliance with the Interim Compensation Order, CCPC has submitted monthly fee statements for the Compensation Period.

16.     This Application seeks compensation of CCPC for the fair and reasonable fees and expenses incident to the professional services rendered by CCPC to the estates of the Debtors during the Compensation Period. The compensation requested herein is consistent with the fees customarily charged by CCPC for similar services, reflects the time, labor, and expertise brought to bear on the problems presented, and is in

8

line with the rates charged by similar firms operating in a competitive market for legal services.

17.    Descriptions of the services performed by CCPC during the Compensation Period are set forth in detail in the contemporaneous time records as Exhibit "F" of each of the Interim Applications, which are incorporated herein by reference, which indicate the date services were performed, the name of the professional or paraprofessional who rendered the services, a description of the services provided, the amount of time expended, and the cost of such services. These descriptions have been redacted for attorney client privilege where necessary to protect the Debtors and their estates. In addition, a summary of expenses by categories that were incurred by CCPC during the Compensation Period are set forth in Exhibit "C". An itemization of each of the actual expenses incurred is included with the time records as a part of Exhibit "F". All such expenses are reflected in the books and records of CCPC, which are contemporaneously maintained in the ordinary course of its business.

18.    The professional services for which compensation is sought were rendered in the ordinary course of the Debtors' business and solely on behalf of the Debtors.

19.    By this Application, CCPC seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $335,495.00, and for reimbursement of actual, necessary expenses incurred in connection with such services in the amount of $27,836.84. During the Compensation Period, CCPC attorneys and paraprofessionals expended a total of 781.5 hours for which compensation is requested.

9

**C.**    **Applicable Authority**

20.    CCPC prepared this Application in accordance with: (a) the Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases, General Order M-389, adopted by this Court on November 25, 2009 (the "Local Guidelines"); (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"); (c) the Interim Compensation Order; and (d) the Amended Fee Protocol (together with the Local Guidelines, UST Guidelines, and the Interim Compensation Order, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit "A".

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

21.    CCPC believes that the fair and reasonable value of its professional services rendered during the Compensation Period is $335,495.00. Based upon the total attorneys' and paraprofessionals' time expended, and a resulting blended hourly rate of $429.30 for professionals, CCPC believes the compensation requested herein to be reasonable and appropriate.

22.    CCPC also seeks reimbursement of its actual, reasonable, and necessary out-of-pocket expenses in the aggregate amount of $27,836.84. These expenses were incurred during the course of rendering professional services on behalf of the Debtors during the Compensation Period.

23.    CCPC has utilized its existing hourly rate structure and has

10

calculated its request for compensation by multiplying the hours of time spent on services rendered on behalf of the Debtors by the hourly rate assigned to each attorney or paraprofessional rendering such services. CCPC respectfully submits that the fees sought herein are customary and based on its normal criteria in matters of this type.

24.     Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth: (a) all CCPC professionals and paraprofessionals who have performed services in these chapter 11 cases during the Compensation Period; (b) the capacities in which each such individual is employed by CCPC; (c) the hourly rate charged by CCPC for services performed by each such individual; (d) the aggregate number of hours expended by each such individual on behalf of the Debtors during the Compensation Period; and (e) the year in which each professional was first licensed to practice law.

25.     Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which CCPC is seeking reimbursement and the total amount of reimbursement requested for each such expense category. In addition, included as a part of the time records, Exhibit "F" is an itemization of each of the actual expenses incurred.

26.     Pursuant to the UST Guidelines, annexed hereto as Exhibit "E" is a summary by matter of the services performed by CCPC during the Compensation Period. All services pertained to real estate matters.

27.     CCPC maintains computerized records of the time spent by all CCPC attorneys and paraprofessionals in connection with its representation of the Debtors. Subject to redaction for attorney client privilege where necessary to protect the Debtors and their estates, copies of such computerized records for the Compensation

11

Period are annexed hereto as <u>Exhibit "F"</u> (which includes an itemization of the expenses incurred), as incorporated herein by reference from the Interim Applications, and a summary of CCPC's disbursements for the Compensation Period are annexed hereto as <u>Exhibit "C"</u>.

## SERVICES RENDERED BY CCPC

28.    The Debtors have asked that CCPC represent the Debtors in a wide variety of real estate matters including loan modifications, loan and asset sales, asset management issues, and workouts of defaulted loans and related matters involving distressed assets.

29.    CCPC also represents certain non-Debtor affiliates in connection with matters where CCPC's fees are paid by non-Debtor entities. Because such fees and expenses are not being paid by the Debtors, fees and expenses for those matters have not been included in this Fee Application.

30.    During the Compensation Period, CCPC performed a variety of services relating to real estate and loan matters. The description of services on the annexed <u>"Exhibit "E"</u> summarizes the primary services rendered by CCPC during the Compensation Period and highlights the benefits conferred upon the Debtors and their estates and creditors as a result of CCPC's services.

## EXPENSES INCURRED BY CCPC

31.    Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case. 11 U.S.C. § 330.    Accordingly, CCPC seeks reimbursement of expenses incurred in

rendering services during the Compensation Period.    Section 330 provides that in determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors, including:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the services were rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in case other than cases under this title.

32.    In accordance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines, CCPC maintains the following policies with respect to expenses for which reimbursement is sought:

a.    Internal Photocopying – CCPC does not charge for internal photocopying.

b.    Outside Photocopying – Outside duplicating by third parties is charged at the actual cost billed to CCPC.

c.    Computer Research Charges – CCPC does not charge for computer research above hourly rates for time spent by the professional.

d.    Local Car Service – CCPC does not charge these to the Debtors.

e.    Travel – During the Compensation Period, a CCPC professional traveled frequently to the Debtor's offices in New York for consultation with the Debtor on the matters for which CCPC was retained. The entire cost of this travel, including meals, lodging and transportation, was paid by CCPC and not billed to the Debtors. On one occasion, a CCPC professional traveled to New

York for a closing. The coach fare and taxi expense were charged at the actual cost to CCPC. No overnight lodging or meals were included.

f.    _Delivery Services_ – Overnight delivery and courier services are billed at the actual cost to CCPC.

g.    _Meals_ – CCPC does not pass through meal charges of any kind to the Debtors.

33.    A summary of expenses by categories that were incurred by CCPC during the Compensation Period are set forth in _Exhibit "C"_. In addition, included as a part of the time records, _Exhibit "F"_, as incorporated herein by reference from the Interim Applications, is an itemization of each of the actual expenses incurred.

## AUTHORITY FOR
## ALLOWANCE OF COMPENSATION

34.    Section 330 of the Bankruptcy Code authorizes the bankruptcy court to award a trustee, examiner, ombudsman or professional employed pursuant to 11 U.S.C. § 327 reasonable compensation for services and reimbursement of expenses.

35.    As set forth below, under the standards set forth in Bankruptcy Code section 330(a) and related case law, CCPC's representation of the Debtors warrants payment of its fees and reimbursement of its expenses. All of the time spent by CCPC in these cases was necessary and appropriate and benefited the Debtors, their estates, their creditors, and other parties-in-interest. CCPC submits that it has represented the Debtors in an efficient, timely, and cost-effective manner. The experience, knowledge, and expertise of the various CCPC professionals and paraprofessionals representing the Debtors in these cases have facilitated and expedited the results achieved. The hourly rates charged by CCPC for the services performed in these cases are the hourly rates regularly charged by CCPC in other similar matters and representations, and CCPC

14

submits that they are comparable to or lower than the customary charges of other professionals and paraprofessionals with similar degrees of skill and expertise.

## CONCLUSION

36.    WHEREFORE, CCPC respectfully requests that the Court enter an order (i) that allowance be made to it in the sum of $335,495.00 as the fair and reasonable value of its actual and necessary professional services rendered by CCPC to the Debtors during the Compensation Period; (ii) that allowance be made to it in the sum of $27,836.84 as reimbursement for CCPC's actual and necessary expenses incurred during the Compensation Period; (iii) authorizing and directing the Debtors to pay to CCPC the unpaid balance of all approved fees and expenses; and (iv) granting CCPC such other and further relief as it deems just and proper.

Dated: July 5, 2012
     Atlanta, Georgia

CLYDE CLICK, P.C.

/s/ Clyde E. Click
Clyde E. Click

Clyde Click, P.C.
3475 Piedmont Road, NE
Suite 1910
Atlanta, Georgia 30305 Telephone:
(404)760-2707 Facsimile: (404) 760-2701
cclick@clydeclick.com

Special Counsel for Lehman Brothers
Holdings Inc., et al.

Debtors in Possession

15

CLYDE CLICK, P.C.
Clyde E. Click, Esq.
3475 Piedmont Road, N.E., Suite 1910
Atlanta, Georgia 30305
Telephone: (404) 760-2707
Fax: (404) 760-2701
e-mail: cclick@clydeclick.com

Special Counsel for
Lehman Brothers Holdings Inc., et al.
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

**STATEMENT PURSUANT TO**
**FEDERAL RULE OF BANKRUPTCY PROCEDURE 2016(b)**

1.     I am President of Clyde Click, P.C. ("CCPC"), Special Counsel for Lehman

Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-captioned cases

(collectively, "Lehman" or in the alternative, the "Debtors"), and the attorney in charge of the

matters for which CCPC is seeking compensation.

2.     CCPC submits that all of the professional services for which the above

application is made have been rendered solely for the benefit of the Debtors' estates and

creditors thereof.

3.    No agreement exists between CCPC and any other person, firm or entity concerning the compensation or reimbursement received as a result of these cases.

4.    CCPC has received no retainer in these cases and has made no agreements with the Debtors for compensation or reimbursement.

5.    CCPC has received no transfer, assignment or pledge of property of the Debtors' estates except pursuant to an Order of the Court for compensation.

Dated: July 5, 2012
     Atlanta, Georgia

CLYDE CLICK, P.C.

/s/ Clyde E. Click
Clyde E. Click

Clyde Click, P.C.
3475 Piedmont Road, NE
Suite 1910
Atlanta, Georgia 30305 Telephone: (404)
760-2707 Facsimile: (404) 760-2701
cclick@clydeclick.com

Special Counsel for Lehman Brothers
Holdings Inc., et al.

Debtors in Possession

## SCHEDULE OF EXHIBITS

Exhibit "A"    Certification

Exhibit "B"    Summary of Professional Compensation
by Timekeeper

Exhibit "C"    Summary of Expenses by Categories

Exhibit "D"    Summary of Charges by Matter

Exhibit "E"    Summary of Matters

Exhibit "F"    Redacted Time Records

## EXHIBIT "A"

## CERTIFICATION

CLYDE CLICK, P.C.
Clyde E. Click, Esq.
3475 Piedmont Road, N.E., Suite 1910
Atlanta, Georgia 30305
Telephone: (404) 760-2707
Fax: (404) 760-2701
e-mail: cclick@clydeclick.com

Special Counsel for
Lehman Brothers Holdings Inc., et al.
Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| LEHMAN BROTHERS HOLDINGS, INC., et al., | Case No. 08-13555 (JMP) |
| Debtors. | (Jointly Administered) |

## CERTIFICATION OF PROFESSIONAL

Clyde E. Click, President of the firm of Clyde Click, P.C. ("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings Inc. ("LBHI"), and its affiliated debtors in the above-captioned cases and attorney in charge of this matter, hereby certifies as follows:

1.    I have read the foregoing application (the "Application");

2.    To the best of my knowledge, information and belief, formed after reasonable inquiry, the Application substantially complies with the mandatory guidelines of this Court for fees and disbursements for professionals (the

"Guidelines");

3.      To the best of my knowledge, information and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application fall within the Guidelines;

4.      The fees and disbursements sought in the Application are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients;

5.      The disbursements requested to be reimbursed in the Application:

    (a)      do not include any amount of profit for the Applicant;

    (b)      do not include the amortization of the cost of any investment, equipment or capital outlay; and

    (c)      to the extent provided by a third party vendor only include the amount billed to the Applicant to such vendor.

Dated: July 5, 2012
       Atlanta, Georgia

CLYDE CLICK, P.C.

/s/ Clyde E. Click
Clyde E. Click

Clyde Click, P.C.
3475 Piedmont Road, NE
Suite 1910
Atlanta, Georgia 30305
Telephone: (404) 760-2707
Facsimile: (404) 760-2701
cclick@clydeclick.com

Special Counsel for Lehman
Brothers Holdings Inc., et al.

Debtors in Possession

**EXHIBIT "B"**

**SUMMARY OF PROFESSIONAL COMPENSATION SOUGHT (BY TIMEKEEPER)**

| Person | Title | Year of Law School Graduation | Hourly Rate | Aggregate Hours | Total Fees |
|---|---|---|---|---|---|
| Clyde E. Click | Member | 1978 | $495 | 431.1 | $213,394.50 |
| Mary J. O'Kelley | Associate | 2000 | $415 | 208.7 | $86,610.50 |
| Steve Camp | Of Counsel | 1983 | $300 | 1.3 | $390.00 |
| Cathy Barshay | Paralegal | 1986 | $250 | 140.4 | $35,100.00 |
| | | | | | |
| Totals | -- | -- | -- | 781.5 | $335,495.00 |
| | | | | | |

### EXHIBIT "C"

### SUMMARY OF EXPENSE REIMBURSEMENTS SOUGHT (BY CATEGORY)

| | |
|---|---|
| Record/UCC Searches | $ 17,032.75 |
| Overnight Courier | $ 2,766.39 |
| Filing Fees | $ 6,775.89 |
| Title Searches | $ 534.00 |
| Certified Mail | $ 76.63 |
| Document Retrieval | $ 125.00 |
| Binder Expenses | $ 331.83 |
| Outside Photocopies | $ 194.35 |
| **Totals** | $ 27,836.84 |

**EXHIBIT "D"**

**SUMMARY OF PROFESSIONAL COMPENSATION SOUGHT (BY MATTER)**

| Matter Name | Matter Number | Hours | Amount |
|---|---|---|---|
| Stamford Financial | 1003.105 | 3.6 | $ 1,782.00 |
| Swedbank Assignments | 1003.127 | 68.2 | $31,922.50 |
| UCC Continuations | 1003.129 | 76.8 | $20,229.00 |
| Entity Dissolutions | 1003.132 | 1.5 | $ 693.00 |
| Lifestyle Communities | 1003.140 | 1.6 | $ 792.00 |
| State Street Assignments | 1003.163 | 47.2 | $21,159.00 |
| Thunder Springs | 1003.168 | 7.8 | $ 3,231.00 |
| Storage Deluxe | 1003.184 | 7.2 | $ 2,276.00 |
| John Hancock | 1003.201 | 9.8 | $ 4,851.00 |
| Lehman Re Assignments | 1003.204 | 31.1 | $14,840.00 |
| MBD Realty Investments | 1003.205 | 9.4 | $ 4,029.00 |
| Liberty Square | 1003.210 | 40.1 | $17,591.00 |
| Clocktower II | 1003.212 | 42.1 | $20,577.50 |
| Seaview Mezzanine | 1003.216 | 0.5 | $ 247.50 |
| 1100 Vermont Mezzanine | 1003.224 | 1.4 | $ 399.00 |
| Normandy Gator | 1003.245 | 5.6 | $ 2,452.00 |
| Pearson Square | 1003.251 | 1.7 | $ 841.50 |
| Aurora Bank Assignments | 1003.272 | 138.1 | $59,927.50 |
| Smith Tower B Loan | 1003.277 | 30.1 | $14,899.50 |
| Woodlands Bank Assignments | 1003.278 | 12.4 | $ 4,535.50 |
| MBD2 Realty Investments | 1003.280 | 16.2 | $ 6,723.00 |
| Wachovia Place | 1003.282 | 52.2 | $24,092.00 |
| North Beach Towers | 1003.283 | 31.8 | $15,741.50 |
| Hollins Ferry | 1003.286 | 1.2 | $ 594.00 |
| Kojaian Portfolio Assignments | 1003.289 | 21.2 | $ 6,348.00 |
| Lyon Sandy Springs | 1003.290 | 52.1 | $23,872.50 |
| Bankruptcy Administration | 1003.293 | 26.2 | $12,087.00 |
| Serrano | 1003.295 | 0.6 | $ 216.00 |
| Lunar | 1003.296 | 9.1 | $ 2,618.50 |
| Lyon Jasmine Village | 1003.308 | 34.7 | $15,927.00 |
| **Totals** | | **781.5** | **$335,495.00** |

## EXHIBIT "E"

## SUMMARY OF MATTERS



- ☐ CCPC professional assisted in the review of ground lease option and other matters in connection with the sale of a building in Stamford, Connecticut. During the Compensation Period, CCPC professionals expended 3.6 hours for this matter resulting in time charges of $1782.00.

- ☐ CCPC professionals prepared and negotiated assignment documents transferring numerous mortgage loans from LBHI to Swedbank and from Swedbank to LBHI in connection with the final settlement of the claims by Swedbank under a repurchase agreement. During the Compensation Period, CCPC professional and paraprofessionals expended 68.2 hours for this matter resulting in time charges of $ 31,922.50.

- ☐ CCPC paraprofessionals ordered UCC searches and drafted and filed numerous UCC continuation statements for various loans. During the Compensation Period, CCPC professionals and paraprofessionals expended 76.8 hours for this matter resulting in time charges of $20,229.00.

- ☐ CCPC professionals prepared and negotiated assignment documents transferring numerous mortgage loans from LBHI to and from State Street Bank in connection with the final settlement of the claims by State Street under a repurchase agreement. During the Compensation Period, CCPC professionals and paraprofessionals expended 47.2 hours for this matter resulting in time charges of $21,159.00.

- ☐ CCPC professionals prepared and negotiated assignment and transfer documents regarding numerous loans to and from Lehman Re in connection with a settlement agreement. During the Compensation Period, CCPC professionals and paraprofessionals expended 31.1 hours for this matter resulting in time charges of $14,840.00.

- ☐ CCPC professionals reviewed forbearance agreements and related loan documentation, reviewed operating agreements and correspondence, and participated in strategy discussions regarding a possible UCC foreclosure and bankruptcy risks. During the Compensation Period, CCPC professionals and paraprofessionals expended 40.1 hours for these matters resulting in time charges of $17,591.00.

☐ CCPC professionals reviewed City of Nashua resolution and related documents and participated in strategy discussions regarding amendment of Agreement Regarding Loan in connection with a loan on a multifamily project known as Clocktower II in Nashua, New Hampshire. During the Compensation Period, CCPC professionals expended 42.1 hours for these matters resulting in time charges of $20,577.50.

☐ CCPC professionals prepared and negotiated assignment documentation for the transfer of numerous real estate loans (including both mortgage loans and mezzanine loans) by LBHI to Aurora Bank and from Aurora Bank to LBHI. This project also involved the negotiation of consents from senior lenders and agents, as well as further transfers to repurchase agreement counterparties. During the Compensation Period, CCPC professionals and paraprofessionals expended 138.1 hours for this matter resulting in time charges of $59,927.50.

☐ CCPC professionals reviewed and consulted with Lamco personnel regarding provisions of loan documents and the co-lender agreement governing a subordinate position in a $42,500,000 real estate loan on a project in Seattle, Washington known as Smith Towers and the transfer of such loan to the co-lender. During the Compensation Period, CCPC professionals expended 30.1 hours for this matter resulting in time charges of $14,899.50.

☐ CCPC professionals prepared and negotiated assignment documentation transferring numerous real estate loans (including both mortgage loans and mezzanine loans) by LBHI to Woodlands Bank and from Woodlands Bank. During the Compensation Period, CCPC professional and paraprofessionals expended 12.4 hours for this matter resulting in time charges of $4,535.50.

☐ CCPC professionals reviewed forbearance agreements and related documentation, reviewed operating agreement and correspondence, drafted documentation for a possible deed in lieu of foreclosure transaction and participated in strategy discussions regarding the foreclosure or transfer by deed in lieu of foreclosure of two loans, in the aggregate face amount of approximately $22,600,000.00 secured by industrial warehouse properties in Greensboro, North Carolina, known as MBD Realty and MBD 2 Realty. During the Compensation Period, CCPC professional and paraprofessionals expended 25.6 hours for this matter resulting in time charges of $ 10,752.00.

☐ CCPC professionals assisted in the strategy discussions regarding status of foreclosure of a mezzanine loan with respect to an asset in Greensboro, North

Carolina and possible bankruptcy risks of borrower. CCPC professionals expended 52.2 hours for these matters resulting in time charges of $24,092.00.

☐ CCPC professional reviewed and consulted with Lamco personnel regarding provisions of loan documents, amendment of agreement regarding modification of loan and co-lender agreement and drafted consent agreement and participated in strategy discussion in connection with sale of loan, known as the North Beach Tower. During the Compensation Period, CCPC professionals expended 31.8 hours for these matters resulting in time charges of $15,741.50.

☐ CCPC professionals and paraprofessionals reviewed operating agreement and drafted documentation for the purpose of conveying interests in entities involved with thirteen properties in the Detroit area, known as the Kojaian portfolio. During the Compensation Period, CCPC professionals and paraprofessionals expended 21.2 hours for this matter resulting in time charges of $6,348.00.

☐ CCPC professionals assisted other counsel in connection with the monitoring of the possible foreclosure, participated in review of scrivener's affidavit regarding mortgage assignment, insurance issues in connection with senior loan and a settlement agreement related to a filed lien in connection a multifamily project in Georgia with respect to which LBHI is the holder of a mezzanine loan. During the Compensation Period, CCPC professionals expended 52.1 hours for these matters resulting in time charges of $23,872.50.

☐ CCPC paraprofessionals expended significant time in the preparation of its interim fee applications in compliance with the bankruptcy rules and the applicable rulings and approved protocols in these bankruptcy cases, which involved material time and effort that would not have been required outside of bankruptcy. During the Compensation Period, CCPC professionals and paraprofessionals expended 26.2 hours resulting in time charges of $12,087.00.

☐ CCPC professionals and paraprofessionals participated in review of survey legal descriptions, loan documents and lockbox agreement, preparation of a foreclosure advertisement and a corrective deed to secure debt as well as participation in strategy discussions and conducting a Georgia foreclosure sale in connection a multifamily project in Georgia with respect to which LBHI was the holder of a mortgage. During the Compensation Period, CCPC professionals expended 34.7 hours for these matters resulting in time charges of $15,927.00.

☐    For each of these matters, CCPC professionals corresponded electronically and participated in conference calls with the Debtors and/or various of their professionals regarding, among other things, debtor-creditor issues and restructuring strategies.

**<u>EXHIBIT "F"</u>**

**<u>REDACTED TIME RECORDS FROM ALL OF THE INTERIM
APPLICATIONS ARE INCORPORATED HEREIN BY REFERENCE</u>**