Hearing Date and Time: July 19, 2012 at 10:00 a.m. (Eastern Time)
Response Deadline: July 13, 2012 at 4:00 p.m. (Eastern Time)[1]

DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4735
Facsimile: (212) 701-5986
Benjamin S. Kaminetzky
Gina Caruso
James I. McClammy

*Attorneys for Bank Leumi le-Israel, Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
                                     :
In re                                : Chapter 11
                                     :
LEHMAN BROTHERS HOLDINGS, INC., *et al.*, : Case No. 08-13555 (JMP)
                                     :
               Debtors.              : (Jointly Administered)
                                     :
------------------------------------ x

**RESPONSE OF BANK LEUMI LE-ISRAEL, LTD. TO DEBTORS' THREE
HUNDRED FIFTH OMNIBUS OBJECTION TO CLAIMS
(DUPLICATIVE CLAIMS)**

Bank Leumi le-Israel, Ltd. ("**Bank Leumi**"), by and through its undersigned counsel, hereby submits this response (**"Response"**) to the Debtors' Three Hundred Fifth Omnibus Objection to Claims, dated June 4, 2012 [Docket No. 28412] (the "**Objection**"), and in support thereof respectfully states as follows:

**FACTUAL BACKGROUND**

1.  On February 1, 2007, Bank Leumi purchased one thousand certificates entitled "Certificate Linked to the Lehman Brothers US Dollar

---

[1] Bank Leumi was granted an extension of time to respond to the Objection.

Liquidity Fund" issued by Lehman Brothers Securities, N.V. ("**LBS**") for $100 million, for which payment on the Certificates was guaranteed by LBHI, and Lehman Brothers International (Europe) ("**LBIE**") served as market-maker.

2.     On September 12, 2008, Bank Leumi entered into an agreement with LBIE in which LBIE agreed to purchase the Certificates on September 17, 2008, for approximately $102.17 million (the "**Transaction**").  On September 12, 2008, pursuant to the terms of the Transaction, Bank Leumi took the necessary steps to cause the transfer of the Certificates to LBIE through Euroclear.  In order to meet its obligations under the terms of the Transaction, LBIE, in turn, sold a portion of the fund underlying the Certificates, deducted management and redemption fees, and held the remaining balance of $102.17 million within the Lehman Entities' cash management system in trust for Bank Leumi for transmission to Bank Leumi within three business days (September 17, 2008).  As is customary for this type of transaction, both Bank Leumi and LBIE gave notice to Euroclear memorializing the closing of the Transaction, and Euroclear duly confirmed the same.

3.     Commencing on September 15, 2008 (the "**Commencement Date**"), and periodically thereafter, LBHI, and certain of its subsidiaries (collectively, the **"Debtors"**), commenced with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2

4. Because the Commencement Date intervened, the funds designated for transfer to Bank Leumi in payment of the purchase price under the Transaction were not transferred to Bank Leumi and, instead, remained in the Lehman Entities' cash management system. As a result of LBIE's breach and its ensuing failure to pay the funds to Euroclear, the Certificates were subsequently returned by Euroclear to Bank Leumi.

5. On September 22, 2009, pursuant to the Order Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form [Docket No. 4271] (the "**Bar Date Order**"), Bank Leumi filed a proof of claim against LBHI (Claim No. 28333) seeking recovery in the amount of $102,170,000 (the "**Guarantees Claim**"). The proof of claim was filed with respect to a resolution of the Board of Directors of LBHI dated June 9, 2005, pursuant to which LBHI fully guaranteed all liabilities, obligations, and commitments of certain of its subsidiaries, including LBIE and a Guarantee of LBHI dated January 4, 2008, pursuant to which LBHI absolutely and unconditionally guaranteed payment when due without limitation of all of the liabilities, obligations, and commitments to any counterparty of LBIE (the "**Guarantees**"). The claim was based on breach of contract resulting from LBIE's failure to deliver cash pursuant to the terms of the Transaction. At the time of Bank Leumi's filing of the Guarantees Claim, Bank Leumi could not know what, if any, recovery would be had with respect to the Certificates that were returned to it as a result of LBIE's breach, and therefore filed the Guarantees Claim against LBHI for the full amount owing. As set forth

in further detail below, Bank Leumi has now amended its claim to reflect its actual losses after mitigation.

6.  On November 2, 2009, Bank Leumi filed a separate proof of claim against LBHI (Claim No. 64025) pursuant to the procedures set forth in the Bar Date Order for claims relating to Lehman Program Securities (as defined in the Bar Date Order) seeking recovery in an amount not less than $100,000,000 relating to a Lehman Program Security (the "**Lehman Program Securities Claim**").

7.  On July 1, 2011, Bank Leumi and LBIE entered into a settlement agreement relating to LBIE's breach of contract, pursuant to which LBIE agreed to admit Bank Leumi's claim against LBIE in the amount of $86,273,909 million, and on which Bank Leumi was ultimately paid an amount of $44,775,253.46 (the "**Settlement Agreement**").

8.  On July 15, 2011, Bank Leumi transferred in full the Lehman Program Securities Claim and the Certificates to Deutsche Bank AG, London Branch, for the price of $17.5 million (the "**Transfer Agreement**"). The same day, Bank Leumi filed a notice of transfer with this Court pursuant to Fed. R. Bankr. P. 3001(e)(2) [Docket No. 18540].

9.  On June 4, 2012, the Debtors filed the Objection. With the Objection, the Debtors seek to disallow and expunge Bank Leumi's Guarantees Claim against LBHI, solely based on the Debtors' cursory assertion that the clams subject to the Objection "are duplicative, either entirely or in substance, of the

corresponding claims identified under the heading 'Surviving Claims.'" (Objection ¶ 2.)

10. On July 13, 2012, Bank Leumi filed an amended proof of claim against LBHI, amending the Guarantees Claim and seeking recovery of not less than $39,894,746.54, the difference between the original amount owed to Bank Leumi by LBHI ($102.17 million) and the amount recovered pursuant to the Settlement Agreement ($44,775,253.46) and the Transfer Agreement ($17.5 million) (the "**Amended Claim**", and together with the Guarantees Claim and the Lehman Program Security Claim, the "**Claims**"). A copy of the Amended Claim and supporting documentation are attached hereto. Under the Amended Claim, Bank Leumi seeks only amounts due to it as a result of LBIE's breach and which have not otherwise been recovered.

## ARGUMENT

**Applicable Legal standard**

11. A properly filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); see also In re DJK Residential LLC, 416 B.R 100, 104 (Bankr. S.D.N.Y. 2009). The burden then shifts to the debtor to "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency." In re Alper Holdings USA, 2008 Bankr. LEXIS 86, at *10 (Bankr. S.D.N.Y. 2008) (quoting In re Spiegel, Inc., No. 03-11540, 2007 U.S. Dist. LEXIS 45589, 2007 WL 2456626, *15 (Bankr. S.D.N.Y. Aug. 22, 2007)). Should the debtor succeed in producing such evidence, the burden "reverts to the claimant to prove the validity

of the claim by a preponderance of the evidence." Id.  Specifically, "the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's sufficiency."  Id.; DJK Residential, 416 B.R. at 104.  In other words, the burden of proof does not shift to the claimant until the objector has first met its burden of production by providing sufficient evidence to overcome the prima facie evidence of the validity and amount of the claim.  Id.

**The Debtors Have Failed to Meet Their Burden**

12.     The Debtors have provided no specific information in support of the Objection, let alone evidence sufficient to "refute at least one of the allegations . . . essential" to the Claims.  Alper Holdings, 2008 Bankr. LEXIS 86, at *10.  The Debtors simply state, without discussion or support, that based on their review of the claims filed on the claims register, the claims are "either exact duplicates or are in substance duplicates of the corresponding Surviving Claims." (Objection ¶ 9.)  Here, the Claims are clearly not exact duplicates and are based on LBHI's guaranty of two distinct Lehman entities and arise from separate obligations owed.  The Guarantees Claim (as amended) is based on LBHI's guarantee of LBIE and arises from LBIE's breach of contract in failing to meet its obligations with respect to the Transaction.  The Lehman Program Securities Claim is based on a completely distinct obligation arising from securities issued by LBS and LBHI's guarantees with respect to those securities.

13.     The Debtors further note that the claims are duplicative because they "were filed by the same claimants against the same Chapter 11 Estates, in

most instances for the same dollar amounts, and on account of the same obligations as the corresponding Surviving Claims." Id.  The Debtors, however, provide no specifics with respect to Bank Leumi's Claims, and completely ignore the substance of the Claims themselves, which are based on different obligations owed by LBHI.  As discussed above, the Guarantees Claim (as amended) is based on LBHI's guarantee of LBIE and arises from LBIE's breach of contract in failing to meet its obligations with respect to the Transaction, and the Lehman Program Securities Claim arises from LBHI's guarantee with respect to securities issued by LBS.  The Guarantees Claim (as amended) seeks only amounts due to Bank Leumi as a result of LBIE's breach that have not otherwise been recovered.

14. The law is clear that the Debtors have failed to meet their burden of proof in objecting to the Guarantees Claim, and the Objection should thus be overruled.

15. Should the Court nonetheless find that the Objection has caused the burden of proof to revert to Bank Leumi, Bank Leumi respectfully submits that it has met its burden.  LBHI has raised no objection other than as to duplication.  Yet the Claims, on their face, are plainly non-duplicative.  The Guarantees Claim (and the Amended Claim to which it relates) is based on LBIE's breach of contract and was filed pursuant to LBHI's obligations under the Guarantees.  The Lehman Program Security Claim is based on the program securities and LBHI's specific guarantee of the Certificates at issue.  Further, contrary to the Debtors' assertion, there is no risk of double recovery because the

Guarantees Claim (as amended) seeks from LBHI only amounts not yet recovered by Bank Leumi.

16. Bank Leumi reserves all rights with respect to the Claims. Any failure to respond to the Objection on a particular ground or grounds shall not be construed as a waiver of the right to respond on any additional grounds.

## **CONCLUSION**

17.     For the reasons stated herein, Bank Leumi respectfully requests that this Court overrule the Objection; allow the Amended Claim in the amount filed, plus amounts as yet unliquidated; and grant such other, further relief as this Court deems just and proper.

Dated:   New York, New York
         July 13, 2012

                                   Davis Polk & Wardwell LLP

                                   By:   /s/ Benjamin S. Kaminetzky
                                        Benjamin S. Kaminetzky

                                   DAVIS POLK & WARDWELL LLP
                                   450 Lexington Avenue
                                   New York, New York 10017
                                   Telephone: (212) 450-4735
                                   Facsimile:  (212) 701-5986
                                   Benjamin S. Kaminetzky
                                   Gina Caruso
                                   James I. McClammy

                                   *Bank Leumi le-Israel, Ltd.*