James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

David R. Seligman, P.C.
Jeffrey W. Gettleman
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel for the Liquidators of
Lehman Brothers Australia Limited*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : Case No. 08-13555 (JMP) |
| | : |
| Debtors. | : (Jointly Administered) |
| | : |

**<u>AMENDED</u> STATEMENT AND RESERVATION OF RIGHTS REGARDING THE DEBTORS' JOINT MOTION TO EXTEND THE STAY OF AVOIDANCE ACTIONS**

On June 29, 2012 Lehman Brothers Special Financing Inc. ("LBSF") and the Litigation Subcommittee of the Creditor's Committee filed their *Joint Motion to Extend the Stay of Avoidance Actions* [Docket No. 29163] (the "Motion"). In response thereto, Stephen Parbery and Marcus Ayres, in their capacity as liquidators (the "Liquidators") of the estate of Lehman Brothers Australia, Ltd. ("LBA") respectfully state as follows:

1. On December 22, 2011, LBSF filed its *Joint Motion of Debtors and Creditors' Committee, Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1), to*

K&E 23095396

*Extend Stay of Avoidance Actions and Grant Certain Related Relief* [Docket No. 23674], and on January 6, 2012 the Liquidators filed their *Amended Limited Objection of the Liquidators of Lehman Brothers Australia Limited to Debtors' Motion to Extend Stay of Avoidance Actions and Grant Certain Related Relief* [Docket No. 24100] (the "LBA Limited Objection"). On January 11, 2012 the Court entered the *Order Extending Stay of Avoidance Actions and Granting Certain Related Relief Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 7004(a)(1)* [Docket No. 24198].

2. At the January 11, 2012 hearing, the Court overruled the LBA Limited Objection on the ground that the Liquidators lacked standing. 1/11/2012 Hearing Transcript 41:19-42:4 [Docket No. 24388) ("Hng. Tr."). The Court noted that LBA was "pursuing its appellate rights and the court of appeals at the moment with respect to earlier orders of the Court denying the right to intervene in 3545." Hng. Tr. 42:2-4. The Court also suggested that, because litigation regarding the "flip clause" could be lengthy, the parties should engage in discussions with a view toward a possible consensual resolution of the issues between LBSF and LBA. Hng. Tr. 43:1-21.

3. With respect to the Court's latter suggestion, the Liquidators travelled from Australia to New York on May 24, 2012 for a meeting with LBSF to discuss consensual resolution of issues related to the Dante Programme and intra-company claims. The parties have since continued their discussions.

4. The previous week, on May 18, 2012 the Second Circuit heard oral argument in the appeal of this Court's orders denying intervention. U.S. Court of Appeals for the Second Circuit, Case No. 11-2967 [Docket No. 72]. If its appeal to the Second Circuit is successful, and LBA is granted leave to intervene in Adversary Proceeding No. 10-3545, LBA reserves its rights to move this Court to lift the stay.

5. At least part of the basis for the Court extending the stay in January was the Debtors' representation that they would promptly commence the ADR process with respect to the Dante Programme transactions. At the January 11 hearing, counsel for LBSF stated "I can report, Your Honor, that Lehman does expect to file ADRs with respect to the Dante deals, in which LBA is a noteholder, within the next quarter." Hng. Tr. 41:8-10. The Liquidators' understanding is that LBSF commenced the ADR process by serving at least some of the Dante issuers in April or May of this year.[1] As far as the Liquidators are aware, there have been no further ADR developments, nor have any substantive ADR discussions taken place, other than the Liquidators have received two notices from the Dante Programme trustee advising, *inter alia*, that the ADR had been initiated, that the trustee does not have authority to act, and that the issuer of the notes has not yet determined its course of action.

6. For example, the ADR Procedures provide that any defendant named in an Action (as defined in the ADR Procedures; here, Adversary Proceeding No. 10-3545) must file a notice of appearance within thirty days of having been served with an ADR Package. A review of the docket reveals that only one Issuer has filed such an appearance.[2] The ADR Procedures also provide that, on or before sixty days after service of an ADR Package (as defined in the ADR Procedures) the Issuer was to have filed a "Settlement Participation Designation" identifying an "Authorized Designee."[3] To the Liquidators' knowledge, no such document has been filed, notwithstanding that the sixty days have presumably passed. To the Liquidators' knowledge, the Debtors have not sought

---

[1] *See Alternative Dispute Resolution Procedures Order for Affirmative Claims of the Debtors under Derivatives Transactions with Special Purpose Vehicle Counterparties* [Docket No. 14789] (the "ADR Procedures"), at ¶2. The Dante issuers ("Issuers") would be the "SPV Derivatives Counterparty" under the ADR Procedures. ADR Procedures, ¶1.b.

[2] An attorney for defendant Beryl Finance Ltd., as Issuer of Series 2005-14, filed an appearance on June 16, 2011 [Adv. Docket No. 38]. This is not a Dante series in which LBA has an interest. The series in which LBA has an interest are (i) Saphir Finance Public Limited Co., series 2004-4; (ii) Zircon Finance Limited, series 2007-1; (iii) Zircon, series 2007-3; (iv) Beryl Finance Limited, series 2007-7; and (v) Beryl, series 2007-10.

[3] ADR Procedures, ¶5.c.

any Sanctions (as defined in the ADR Procedures) against the Issuers, as provided for in paragraph 5.v of the ADR Procedures.

7. The Liquidators respectfully submit that the Debtors have not met their burden of demonstrating substantial progress in the ADR process with respect to the Dante series in which LBA has an interest, and that the stay should not be extended for another six months until the Debtors make such a demonstration.

Dated: July 13, 2012
      New York, New York

*/s/ Jeffrey W. Gettleman*
James H.M. Sprayregen, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

David R. Seligman, P.C.
Jeffrey W. Gettleman (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

*Counsel for the Liquidators of
Lehman Brothers Australia Limited*

4