UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re                                                                :        Chapter 11 Case No.
                                                                     :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :        08-13555 (JMP)
                                                                     :
                                       Debtors.            :        (Jointly Administered)
                                                                     :

-------------------------------------------------------------------x

## FINAL APPLICATION OF FOSTER GRAHAM MILSTEIN & CALISHER, LLP FOR ALLOWANCE OF COMPENSATION AND FOR THE REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSE INCURRED FROM <u>FEBRUARY 1, 2011 THROUGH MARCH 6, 2012</u>

| | |
|---|---|
| Name of Applicant: | <u>Foster Graham Milstein & Calisher, LLP</u> |
| Authorized to Provide Professional Services to: | Lehman Brothers Holdings, Inc. |
| Date of Retention: | Approximately February 2009, Foster Graham Milstein & Calisher, LLP began working for Lehman Brothers Holdings Inc. ("LBHI" or "Debtor") as an Ordinary Course Professional. [Docket No. 2946]. On March 9, 2011 Foster Graham Milstein & Calisher, LLP was approved as special counsel. [Docket No. 14868] |
| Period for which compensation and reimbursement are sought: | February 1, 2011 through March 6, 2012 |
| Amount of compensation sought as Actual, reasonable and necessary: | $141,417.20[1] |
| Amount of expenses sought as Actual, reasonable and necessary: | $0.00 |

This is a(n):        ___ Monthly ___ Interim   _X_ Final Application

---

[1] Foster Graham Milstein & Calisher, LLP has agreed to reduced fees for the Ninth Interim Period, but has not yet received payment.

### First Interim Application for the Eighth Interim Period

| Monthly Statement Period | Total Fees Requested | Total Expenses Requested | Total Fees Paid | Total Expenses Paid | Holdback Amount |
|---|---|---|---|---|---|
| 2/1/2011-2/28/2011 | $8,678.00 | $862.59 | $8,678.00 | $862.59 | $0.00 |
| 3/1/2011-3/31/2011 | $27,911.00 | $166.03 | $27,911.00 | $166.03 | $0.00 |
| 4/1/2011-4/30/2011 | $83,795.50 | $2,300.98 | $83,795.50 | $2,300.98 | $0.00 |
| 5/1/2011-5/31/2011 | $49,501.00 | $3,372.05 | $49,501.00 | $3,372.05 | $0.00 |

### Second Interim Application for the Ninth Interim Period

| Monthly Statement Period | Total Fees Requested | Total Expenses Requested | Total Fees Paid | Total Expenses Paid | Holdback Amount |
|---|---|---|---|---|---|
| 6/1/2011-6/30/2011 | $57,962.50 | $2,191.73 | $46,370.00 | $2,191.73 | $11,592.50 |
| 7/1/2011-7/31/2011 | $45,634.50 | $1,487.14 | $36,507.60 | $1,487.14 | $9,126.90 |
| 8/1/2011-8/31/2011 | $55,632.50 | $8,031.01 | $44,431.75 | $8,031.01 | $11,200.75 |
| 9/1/2011-9/30/2011 | $65,176.50 | $4,010.62 | 52,141.20 | $4,010.62 | $13,035.30 |

### Third Interim Application for the Tenth Interim Period

| Monthly Statement Period | Total Fees Requested | Total Expenses Requested | Total Fees Paid | Total Expenses Paid | Holdback Amount |
|---|---|---|---|---|---|
| 10/1/2011-10/31/2011 | $92,324.50 | $9,627.65 | $73,859.60 | $9,627.65 | $18,464.90 |
| 11/1/2011-11/30/2011 | $96,459.00 | $13,049.07 | $77,167.20 | $13,049.07 | $19,291.80 |
| 12/1/2011-12/31/2011 | $84,951.00 | $4,705.64 | $67,960.80 | $4,705.64 | $16,990.20 |
| 1/1/2012-1/31/2012 | $101,193.00 | $4,274.77 | $80,880.15 | $4,274.77 | $20,312.85 |
| 2/1/2012-2/29/2012 | $103,250.00 | $4,979.25 | $82,600.00 | $4,979.25 | $20,650.00 |
| 3/1/2012-3/6/2012 | $3,760.00 | $2,467.47 | $3,008.00 | $2,467.47 | $752.00 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
|  | : |  |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
|  | : |  |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
|  | : |  |
| Debtors. | : | **(Jointly Administered)** |
|  | : |  |
|  | : |  |

-------------------------------------------------------------------x

## FINAL APPLICATION OF FOSTER GRAHAM MILSTEIN & CALISHER, LLP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Foster Graham Milstein & Calisher, LLP ("Foster Graham"), special counsel for Lehman Brothers Holdings Inc. ("LBHI") and certain of its direct and indirect subsidiaries, as debtors and debtors in possession here (collectively "Debtors"), submits this Final Application for compensation and reimbursement of expenses ("Application") seeking entry of an Order pursuant to 11 U.S.C. §§330 and 331 awarding compensation to Foster Graham for the period of February 1, 2011 through and including March 6, 2012 ("Final Application Period") of $876,377.50 fees incurred by the Debtor for services totaling 3527.4 hours (resulting in a blended hourly rate of $248.44) and $61,526.00 for expenses, in accordance with the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals dated April 14, 2011 (Docket No. 15997) ("Compensation Order"), and granting related relief, and respectfully sets forth and represents as follows:

1.     This Application is made pursuant to 11 U.S.C. §§105, 330 and 331 and the Compensation Order.  Summaries reflecting the incurrence of fees and expenses are annexed hereto as follows:

**Exhibit A** are the summaries of the time and expenses for February 1, 2011 through March 6, 2012;

2.      Foster Graham has received payment in the amount of $734,960.30 for the fees, and $61,526.00 for expenses during the Final Application Period.   Accordingly, it seeks the remaining balance of its fees ($141,417.20).

## Background

3.      Commencing on September 15, 2008 and periodically thereafter (as applicable, "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").   Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code.

4.      On September 17, 2008, the United States Trustee for the Southern District of New York ("U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to §1102 of the Bankruptcy Code ("Creditors Committee").

5.      On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").   A trustee appointed under SIPA is administering LBI's estate.

6.      On July 1, 2011, the Debtors filed a second amended joint chapter 11 plan and disclosure statement [Docket Nos. 18204 and 18205].

7.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334, and the Order of Reference of the United States District Court for

the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This Court is the
proper venue for this proceeding in accordance with 28 U.S.C. § 1409.

### The Application

8.      By order dated March 9, 2011 (Docket No. 14868), Foster Graham was retained
by Debtors as special counsel to: (i) prosecute claims in connection with the recovery of losses
related to the purchase, sale, transfer, and/or securitization of mortgage loans and/or pre-filing
settlement negotiations against sellers of mortgage loans on the secondary market and ancillary
matters arising in such lawsuits ("Loss Recovery Litigation"); and (ii) represent LBHI in
connection with defense of claims made against it for losses related to the purchase, sale,
transfer, and/or securitization of mortgage loans and ancillary matters arising in such lawsuits. A
copy of the Order Authorizing Employment and Retention of Foster Graham as Special Counsel
is annexed hereto as **Exhibit B**.

9.      This Application is made pursuant to 11 U.S.C. §§105, 330 and 331 and the
Compensation Order, a copy of which is annexed hereto as **Exhibit C**.

10.     Foster Graham is a firm of 21 attorneys, that, in this matter: (i) prosecutes Loss
Recovery Litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on
the secondary market and ancillary matters arising in such lawsuits, as well as claims against
other responsible parties, such as brokers and appraisers; and (ii) defends claims made against
LBHI for losses related to the purchase, sale, transfer, and/or securitization of mortgage loans
and ancillary matters arising in such lawsuits. As set forth in the Calisher affidavit submitted
with application to retain Foster Graham as special counsel, Foster Graham has extensive
knowledge and experience with these kinds of matters. Foster Graham is a leading trial firm
which has represented Debtors and their affiliates in these types of matters.

11.    Foster Graham has represented LBHI, directly or through its subsidiary Aurora Loan Services LLC ("Aurora") since 2003 in Loss Recovery Litigation.  Foster Graham began representing Aurora in 2003 in connection with mortgage related matters.  Such representation included litigation to enforce repurchase rights or to recover losses resulting from defective residential mortgage loans.  Such litigation and similar loss recovery efforts generally centered upon the purchase and sale of mortgage loans on the secondary market, and included claims against loan originators ("Correspondents") who, in connection with the transactions, made certain representations and warranties regarding the quality and/or characteristics of the loans. Foster Graham's efforts over the years was focused on filing lawsuits to recover money (from Correspondents, appraisers, title/escrow companies, brokers, borrowers, and other responsible parties) for Aurora in its representative capacity as master servicer.  In this role, Aurora was acting on behalf and for the benefit of upstream secondary market investors (loan or loss holders) such as LBHI, its wholly owned subsidiary Aurora Bank, FSB f/k/a Lehman Brothers Bank, FSB ("Aurora Bank") and certain securitized trusts.  During that time, Foster Graham has represented LBHI and its affiliates in state and federal court litigation in several states and has overseen and coordinated the efforts of local and regional counsel.  Over the course of its representation of the Debtors and their affiliates, Foster Graham has become familiar with the relevant business personnel and operations, as well as the legal matters described in this Application.

12.    Foster Graham has opened a file bearing a separate client number for the Debtors. The Debtor's client number is 5130.  All time and disbursements are billed to independent matters within the general client number.  Of the 3527.4 hours spent by Foster Graham professionals, 2625.3 hours were spent on normal matters in which Foster Graham bills LBHI hourly.  However, with respect to a new subset of claims, LBHI asked Foster Graham to evaluate and pursue several categories of potential defendants (such as mortgage brokers and appraisers,

6

as opposed to Correspondents). To lessen the bankruptcy estate's fee exposure—while also pursuing legitimate and potentially valuable claims against responsible third parties, ultimately for the benefit of LBHI's creditors—LBHI asked Foster Graham to handle such cases on a part hourly and part contingency basis. Foster Graham agreed to do so as follows: (1) at the significantly reduced hourly rate of $150/hour for lawyers and $50/hour for paraprofessionals, with no contingency, during an initial evaluation/viability phase; and (2) at the significantly reduced hourly rate of $125/hour for lawyers and $50/hour for paraprofessionals, plus a contingency, in a later, claims pursuit/litigation phase. Foster Graham has thus far billed 902.1 hours under this agreement (all in the reduced hourly and no contingency initial phase). Accordingly, Foster Graham is not seeking any contingency fees in this application.

13.    Foster Graham filed a motion to supplement LBHI's retention of Foster Graham as special counsel to seek Court approval of the part-hourly part contingency agreement on September 9, 2011 [Docket No. 19811]. The Order granting Foster Graham's supplemental motion was entered on October 5, 2011 [Docket No. 20587].

14.    Foster Graham has annexed to this Application, as incorporated in attached Exhibit B, the actual time recorded, the services rendered, the date the services were rendered, and the names of the individuals performing the services by Foster Graham during the Final Application Period on behalf of the debtors. The rate for each of the individuals referred to above, for the purely hourly matters handled by Foster Graham, is equal to the billing rate for such individual's time for similar services rendered to clients in connection with bankruptcy and non-bankruptcy matters. Foster Graham believes these rates constitute market rates and are equal to or less than the rates charged by professionals with similar experience. The rate for each of the individuals referred to above for the part hourly-part contingency matter are significantly less than the billing rate for such individual's time for similar services rendered to clients. Foster

Graham has also annexed to this Application, as incorporated in Exhibit B a print-out of the disbursements Applicant has necessarily incurred on behalf of the Debtors during the Final Interim Application Period.

**Professional Services Rendered**

15.    To date in this case, Foster Graham has been asked to assist the Debtors in mortgage loan-related litigation.  Specifically, Foster Graham has researched, prepared, filed, litigated, and settled cases on behalf of Debtors against counterparties to sales of mortgage loans on the secondary mortgage market.  In addition, Foster Graham has done a multi-jurisdictional analysis of potential claims against non-correspondents, such as brokers, appraisers, and borrowers, to determine if claims against these entities are viable.  To that end, it has analyzed contracts, looked at documents, surveyed statutes of limitations, analyzed legal theories, and reviewed state law requirements for bringing such claims.

16.    Foster Graham regularly maintains records of time expended in the rendition of all professional services and records of costs and expenses incurred on behalf of the Debtors. These records were made substantially concurrent with the rendition of the professional services. All such records are available for inspection.  A copy of the time records, in chronological order and segregated by individual matter, relating to Foster Graham representation of the Debtors during the Period, is annexed hereto as Exhibit B.

17.    The foregoing services performed by Foster Graham were necessary and appropriate to the effective and efficient administration of the secondary market litigation.  The professional services performed by Foster Graham were in the best interests of Debtors, their creditors, and other parties in interest and were provided without unnecessary duplication of effort or expense.

8

18.    Compensation for the foregoing services as requested is commensurate with the complexity, importance, and nature of the problems, issues, or tasks involved. The professional services were performed with expedition and in an efficient manner.

19.    The professional services performed by Foster Graham on behalf of the Debtors during the Final Application Periods required an aggregate expenditure of 3527.4 recorded hours by Foster Graham's partners, special counsel, associates, and paraprofessionals. Of the aggregate time expended, 1496.65 recorded hours were expended by partners, 1691.55 recorded hours were expended by special counsel and associates, and 339.2 recorded hours were expended by paraprofessionals and law clerks.

20.    During the Final Application Period, Foster Graham's hourly billing rates ranged from $150 to $425 per hour. Allowance of compensation in the amount requested would result in a blended hourly rate for attorneys of approximately $248.44 based on recorded hours at Foster Graham's regular billing rates in effect at the time of the performance of services as well as the reduced hourly rates charged as part of the hourly/contingency agreement. As noted, annexed hereto as "Exhibit A" is a schedule listing each Foster Graham professional and paraprofessional who performed services in these cases during the billing period, the hourly rate charged by Foster Graham for services performed by each individual, and the aggregate number of hours and charges by each such individual.

### Actual And Necessary Disbursements Of Foster Graham

21.    As stated, annexed hereto as Exhibit B is a schedule of the actual and necessary expenses incurred by Foster Graham in connection with its representation of the Debtors. As set forth in Exhibit B, Foster Graham requests allowance of actual and necessary expenses incurred by Foster Graham during the Compensation Period in the aggregate amount of $0.00.

9

## The Requested Compensation Should Be Allowed

22.    Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including ---
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23.    In the instant cases, Foster Graham respectfully submits that the professional services and the expenditures for which it seeks reimbursement in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their chapter 11 estates. Accordingly, Foster Graham further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

**Notice**

22.    Pursuant to the Compensation & Reimbursement Order, notice of this Application will be served upon (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York 10020 (Attn: John Suckow and David Coles) (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCoy LLP 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq. and Evan Fleck, Esq.) attorneys for the Creditors' Committee; and (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Andy Velez-Rivera, Esq. and Tracy Hope Davis, Esq.

23.    All services for which compensation and reimbursement of expenses are requested by Foster Graham were performed for and on behalf of the Debtors. No agreement or understanding exists between Foster Graham and any other person for the sharing of compensation to be received for the services rendered in connection with Foster Graham's representation of the Debtors, and no action prohibited by § 504 of the Bankruptcy Code has been, or will be, made by Foster Graham.

24.    No previous application or motion for the relief requested herein has been made to this or any other Court.

**Conclusion**

25.    Based on the foregoing, Foster Graham respectfully submits that the services rendered in the instant case during the Second Statement Period have been efficient and effective. Foster Graham will continue to (i) represent the Debtors in prosecuting Loss Recovery Litigation and/or pre-filing settlement negotiations against sellers of mortgage loans on the secondary market and ancillary matters arising in such lawsuits, as well as claims against other

11

responsible parties, such as brokers and appraisers; and (ii) defending claims made against LBHI for losses related to the purchase, sale, transfer, and/or securitization of mortgage loans and ancillary matters arising in such lawsuits.  As previously stated, Foster Graham seeks (i) an award of fees in the amount of $141,417.20 and expenses of $0.00 all incurred between February 1, 2011 and March 6, 2012; (ii) authorization for the Debtors to pay those amounts.

WHEREFORE, Foster Graham respectfully requests that this Court enter an Order consistent with the relief requested herein for such other and further relief as the Court deems just and proper.

DATED: July 13, 2012.

Respectfully submitted,

S/ DANIEL K. CALISHER
Daniel Calisher
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado  80209
Telephone: 303-333-9810
Facsimile:  303-333-9786
calisher@fostergraham.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | |

---------------------------------------------------------------x

## CERTIFICATION OF DANIEL CALISHER

I, Daniel Calisher, am a partner of the firm of Foster Graham Milstein & Calisher, LLP ("Applicant"), attorneys authorized to provide legal services as Special Counsel to Lehman Brothers Holdings, Inc. ("LBHI"), and its affiliated debtors in the above referenced chapter 11 cases pursuant to an order of this Court.

This certification is made in support of the Final Application of Foster Graham Milstein & Calisher, LLP for the Final Application Period ("Application") and in compliance with Rule 2016(a) and with the United States Trustee's Guidelines for Review Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330.

I certify that, after diligent inquiry and to the best of my knowledge, the requested fees and disbursements are billed at rates and in accordance with practices accepted by Applicant's clients and that Applicant does not receive a profit on reimbursable services, whether the services are performed by the Applicant in-house or through a third party.

I certify that, after diligent inquiry and to the best of my knowledge, Applicant has met all applicable deadlines for delivery of monthly fee statements and applications to the trustee and other necessary parties for during the period covered by the subject application.

I have read the Application and I certify the Application substantially complies with the

Rule and the Guidelines.


DATED: July 13, 2012.

*s/ DANIEL K. CALISHER*

Daniel Calisher
Foster Graham Milstein & Calisher, LLP
360 S. Garfield Street, 6th Floor
Denver, Colorado  80209
Telephone: 303-333-9810
Facsimile:  303-333-9786
calisher@fostergraham.com

# EXHIBIT A

## Summary of Time and Expense for the

## Final Application Period

## (February 1, 2011 through March 6, 2012)

## ALL MATTERS
## SUMMARY OF SERVICES BY PROFESSIONAL

### FOR REGULAR HOURLY MATTERS

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|------|-------|---------------|-------|------|------|
| Daniel Calisher | Partner | 1997 (CO) 1996 (CA) | 144.20 | 385 | 55,517.00 |
| Stephen Fermelia | Partner | 2001 (CO) 1995 (WY) | 86.40 | 330 | 28,512.00 |
| Chip Schoneberger | Special Counsel | 2010 (CO) 2000 (Ill) | 79.60 | 295 | 23,482.00 |
| Christopher Carrington | Associate | 2005 (CO) | 14.50 | 265 | 3,842.50 |
| Julia Harvey | Associate | 2006 (CO) | 144.00 | 265 | 38,160.00 |
| Tiffany Yingling | Paralegal | N/A | 34.60 | 120 | 4,152.00 |
| Shelia Croft | Paralegal | N/A | 1.5 | 120 | 180.00 |
| **Total for hourly matters:** | | | **504.80** | | **$153,845.50** |

### FOR MATTERS THAT ARE PART HOURLY AND PART CONTINGENCY[1]

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|------|-------|---------------|-------|------|------|
| Dan Calisher | Partner | 1997 (CO) 1996 (CA) | 14.10 | 150 | 2,115.00 |
| Stephen Fermelia | Partner | 2001 (CO) 1995 (WY) | 27.00 | 150 | 4,050.00 |
| Chip Schonenberger | Special Counsel | 2010 (CO) 2000 (Ill) | 0.30 | 150 | 45.00 |
| Brian Proffit | Associate | 1999 (CO) | 23.9 | 150 | 3,585.00 |

---

[1]Of the 624.2 hours spent by Foster Graham professionals, 504.80 were spent on normal matters in which Foster Graham bills LBHI hourly. However, with respect to a new subset of claims, LBHI asked Foster Graham to evaluate and pursue several categories of potential defendants (such as mortgage brokers and appraisers, as opposed to Correspondents). To lessen the bankruptcy estate's fee exposure—while also pursuing legitimate and potentially valuable claims against responsible third parties, ultimately for the benefit of LBHI's creditors—LBHI asked Foster Graham to handle such cases on a part hourly and part contingency basis. Foster Graham agreed to do so as follows: (1) at the significantly reduced hourly rate of $150/hour for lawyers and $50/hour for paraprofessionals, with no contingency, during an initial evaluation/viability phase; and (2) at the significantly reduced hourly rate of $125/hour for lawyers and $50/hour for paraprofessionals, plus a contingency, in a later, claims pursuit/litigation phase. Foster Graham has thus far billed 119.4 hours under this agreement (all in the reduced hourly and no contingency initial phase). Accordingly, Foster Graham is not seeking any contingency fees in this application.

| Julia Harvey | Associate | 2006 (CO) | 35.40 | 150 | 5,310.00 |
| Jamie Berglund | Law clerk | N/A | 1.60 | 50 | 80.00 |
| | | | | | |
| Cindy Weakland | Paralegal | N/A | 6.5 | 50 | 325.00 |
| Tiffany Yingling | Paralegal | N/A | 10.60 | 50 | 530.00 |
| **Total (for part hourly/part contingency matters)** | | | **119.4** | | **$16,040.00** |

## ALL MATTERS
## SUMMARY OF SERVICES BY TASK CODE

| Task Code | Description | Hours | Total |
|---|---|---|---|
| 4000 | Non-bankruptcy Litigation | 624.2 | 169,85.50 |
| | | **624.2** | **$169,885,50** |

## ALL MATTERS
## SUMMARY OF DISBURSEMENTS BY TASK CODE

| Description | Total |
|---|---|
| Airfare | 405.40 |
| Airport parking | 50.00 |
| Courier/messengers | 40.02 |
| Deposition Transcripts | 1,130.65 |
| Federal Express | 166.34 |
| Filing Fees | 18.53 |
| Hotel | 616.74 |
| Online Research | 2,480.59 |
| Photocopying | 370.00 |
| Process servers (subpoenas, summons) | 1240.12 |
| Taxis (while traveling) | 132.00 |
| Telephone | 512.60 |
| **Total** | **$6,701.65** |

DEC-1751077-1

**ALL MATTERS**
**SUMMARY OF SERVICES BY PROFESSIONAL**
**FOR JUNE 1, 2011 THROUGH SEPTEMBER 30, 2011**

## FOR REGULAR HOURLY MATTERS

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|---|---|---|---|---|---|
| Daniel Calisher | Partner | 1997 (CO) 1996 (CA) | 142.90 | 385 | $55,016.50 |
| Stephen Fermelia | Partner | 2001 (CO) 1995 (WY) | 33.2 | 330 | $10,956.00 |
| Michael G. Milstein | Partner | 1994 (CO) 1994 (PA) | .3 | 300 | $90.00 |
| Chip Schoneberger | Special Counsel | 2010 (CO) 2000 (Ill) | 81.7 | 295 | $24,101.50 |
| Lara Marx | Special Counsel | 2005 (CO) | .5 | 225 | $112.50 |
| Christopher Carrington | Associate | 2005 (CO) | 61.4 | 265 | $16,271.00 |
| Julia Prendergast (Harvey) | Associate | 2006 (CO) | 253.9 | 265 | $67,283.50 |
| Tiffany Yingling | Paralegal | N/A | 89.9 | 120 | $10,788.00 |
| Cindy Weakland | Paralegal | N/A | 4.5 | 120 | $540.00 |
| Sheila Croft | Paralegal | N/A | 4.6 | 120 | $552.00 |
| **Total for hourly matters:** | | | **672.90** | | **$185,711.00** |

## FOR MATTERS THAT ARE PART HOURLY AND PART CONTINGENCY[1]

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|---|---|---|---|---|---|
| Daniel Calisher | Partner | 1997 (CO) 1996 (CA) | 11.5 | 150 | $1,725.00 |

---

[1] The first set of hours were spent on normal matters in which Foster Graham bills LBHI hourly under Foster Graham's normal billing rates. However, with respect to a new subset of claims, LBHI asked Foster Graham to evaluate and pursue several categories of potential defendants (such as mortgage brokers and appraisers, as opposed to Correspondents). To lessen the bankruptcy estate's fee exposure—while also pursuing legitimate and potentially valuable claims against responsible third parties, ultimately for the benefit of LBHI's creditors—LBHI asked Foster Graham to handle such cases on a part hourly and part contingency basis. Foster Graham agreed to do so as follows: (1) at the significantly reduced hourly rate of $150/hour for lawyers and $50/hour for paraprofessionals, with no contingency, during an initial evaluation/viability phase; and (2) at the significantly reduced hourly rate of $125/hour for lawyers and $50/hour for paraprofessionals, plus a contingency, in a later, claims pursuit/litigation phase. All time so far has been billed under the reduced hourly and no contingency initial phase. Accordingly, Foster Graham is not seeking any contingency fees at this time.

| Stephen Fermelia | Partner | 2001 (CO) 1995 (WY) | 126.0 | 150 | $18,900.00 |
|---|---|---|---|---|---|
| Susan Schneider | Partner | 2002 (CO) 1982 (IL) | 5.75 | 150 | $862.50 |
| Joan Fritsche | Partner | 1997 (CO) 1999 (AZ) | 5.5 | 150 | $825.00 |
| Chip Schoneberger | Special Counsel | 2010 (CO) 2000 (IL) | 7.9 | 150 | $1,185.00 |
| Steven Weiser | Special Counsel | 1999 (CO) | 2.6 | 150 | $390.00 |
| Julia Prendergast (Harvey) | Associate | 2006 (CO) | 61.9 | 150 | $9,285.00 |
| Laura Martinez | Associate | 2006 (CO) | 7.10 | 150 | $1,065.00 |
| Michael Gates | Associate | 1999 (CO) | 2.4 | 150 | $360.00 |
| Brian C. Proffitt | Associate | 1999 (CO) | 4.8 | 150 | $720.00 |
| Michael Bullock | Associate | 1999 (CO) | 7.4 | 150 | $1,110.00 |
| Marcy Ongert (McDermott) | Associate | 2006 (CO) | 5.65 | 150 | $847.50 |
| Tiffany Yingling | Paralegal | N/A | 15.2 | 50 | $760.00 |
| Sheila Croft | Paralegal | N/A | 5.2 | 50 | $260.00 |
| Jessica Lin | Law Clerk | N/A | 8.0 | 50 | $400.00 |
| **Total (for part hourly/part contingency matters)** | | | **276.90** | | **$38,695.00** |

## ALL MATTERS
## SUMMARY OF SERVICES BY TASK CODE

| Task Code | Description | Hours | Total |
|---|---|---|---|
| 4000 | Non-bankruptcy Litigation | 949.80 | $224,406.00 |

## ALL MATTERS
## SUMMARY OF DISBURSEMENTS BY TASK CODE

| Description | Total |
|---|---|
| **June** | |
| Travel Expense (taxi) | $52.75 |
| Travel Expense (taxi) | $61.65 |
| Online Legal Research | $47.76 |
| Conference Call | $36.77 |
| Deposition Fees | $828.16 |
| Deposition Fees | $863.58 |
| Online Legal Research | $276.82 |
| Online Legal Research | $24.24 |

**July**

| | |
|---|---|
| Delivery Fee | $28.79 |
| Filing Fee | $30.00 |
| Federal Express | $73.82 |
| Travel Expense (hotel) | $269.91 |
| Online Legal Research | $101.54 |
| Travel expense (parking) | $33.00 |
| Process Server Fees | $878.53 |
| Travel Expense (taxi) | $71.55 |

**August**

| | |
|---|---|
| Travel Expense (airline ticket) | $415.40 |
| Travel Expense (parking) | $32.00 |
| Travel Expense (hotel) | $215.61 |
| Online Legal Research | $15.95 |
| Online Legal Research | $29.90 |
| Online Legal Research | $19.95 |
| Travel Expense (rental car) | $89.31 |
| Process Server Fee | $275.00 |
| Process Server Fee | $275.00 |
| Process Server Fee | $275.00 |
| Process Server Fee | $312.82 |
| Hand-Delivery Fee | $20.50 |
| Process Server Fee | $79.01 |
| Process Server Fee | $194.55 |
| Online Legal Research | $48.30 |
| Filing Fee | $420.18 |
| Online Legal Research | $1.03 |
| Filing Fee | $431.20 |
| Delivery Fee | $47.25 |
| Delivery Fee | $47.25 |
| Online Legal Research | $6.64 |
| Travel Expense (airline ticket) | $462.40 |
| Travel Expense (parking) | $13.85 |
| Travel Expense (rental car) | $28.91 |
| Travel Expense (parking) | $37.00 |
| Travel Expense (hotel) | $255.26 |
| Travel Expense (airline ticket) | $419.40 |
| Deposition Fees (*invoice attached as Exhibit G*) | $1,681.43 |
| Copy Charges (*invoice attached as Exhibit G*) | $1,628.07 |
| Travel Expense (taxi) | $48.45 |
| Travel Expense (parking) | $33.00 |
| Travel Expense (taxi) | $38.95 |
| Online Legal Research | $132.44 |

**September**

| | |
|---|---|
| Travel Expense (parking) | $12.00 |
| Travel Expense (taxi) | $10.00 |
| Travel Expense (taxi) | $10.00 |
| Travel Expense (parking) | $63.00 |
| Travel Expense (hotel) | $133.99 |
| Travel Expense (taxi) | $34.41 |
| Travel Expense (parking) | $33.00 |
| Travel Expense (airline ticket | $235.40 |
| Travel Expense (airline ticket) | $235.40 |
| Travel Expense (airline ticket) | $357.40 |
| Copy Charges | $769.25 |
| Federal Express | $163.76 |
| Delivery Fee | $55.50 |
| Federal Express | $98.09 |
| Federal Express | $112.27 |
| Witness-Mileage Fee/Deponent Parking Reimbursement | $100.60 |
| Filing Fee | $6.18 |
| Process Server Fee | $254.75 |
| Process Server Fee | $275.00 |
| Copy Charges | $700.15 |
| Conference Call | $24.34 |
| Travel Expense (hotel) | $310.87 |
| Federal Express | $15.26 |
| **TOTAL EXPENSES:** | **$15,720.50** |

## ALL MATTERS
## SUMMARY OF SERVICES BY PROFESSIONAL
## FOR OCTOBER 1, 2011 THROUGH MARCH 6, 2012

### FOR REGULAR HOURLY MATTERS

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|---|---|---|---|---|---|
| Daniel Calisher | Partner | 1997 (CO) 1996 (CA) | 313.2 | 385 | $120,582.00 |
| Robert Graham | Partner | 1996 (CO) | 1.0 | 290 | $290.00 |
| Michael Gates | Partner | 1999 (CO) | 29.9 | 290 | $8,671.00 |
| Stephen Fermelia | Partner | 2001 (CO) 1995 (WY) | 247.5 | 330 | $81,675.00 |
| Chip Schoneberger | Special Counsel | 2010 (CO) 2000 (Ill) | 139.5 | 295 | $41,152.50 |
| Lawrence Katz | Associate | 2001 (CO) | 1.9 | 300 | $570.00 |
| Christopher Carrington | Associate | 2005 (CO) | 214.4 | 265 | $56,816.00 |
| Julia Prendergast (Harvey) | Associate | 2006 (CO) | 279.6 | 265 | $74,094.00 |
| Tiffany Yingling | Paralegal | N/A | 91.1 | 120 | $10,932.00 |
| Sheila Croft | Paralegal | N/A | 1.1 | 120 | $132.00 |
| Dianna Matsuda | Paralegal | N/A | 0.2 | 120 | $24.00 |
| Wendy Lopez | Paralegal | N/A | 8.8 | 100 | $880.00 |
| **Total for hourly matters:** | | | **1,328.20** | | **$395,818.50** |

### FOR MATTERS THAT ARE PART HOURLY AND PART CONTINGENCY[1]

---

[1]The first set of hours were spent on normal matters in which Foster Graham bills LBHI hourly under Foster Graham's normal billing rates. However, with respect to a new subset of claims, LBHI asked Foster Graham to evaluate and pursue several categories of potential defendants (such as mortgage brokers and appraisers, as opposed to Correspondents). To lessen the bankruptcy estate's fee exposure—while also pursuing legitimate and potentially valuable claims against responsible third parties, ultimately for the benefit of LBHI's creditors—LBHI asked Foster Graham to handle such cases on a part hourly and part contingency basis. Foster Graham agreed to do so as follows: (1) at the significantly reduced hourly rate of $150/hour for lawyers and $50/hour for paraprofessionals, with no contingency, during an initial evaluation/viability phase; and (2) at the significantly reduced hourly rate of $125/hour for lawyers and $50/hour for paraprofessionals, plus a contingency, in a later, claims pursuit/litigation phase. All time so far has been billed under the reduced hourly and no contingency initial phase. Accordingly, Foster Graham is not seeking any contingency fees at this time.

| NAME | TITLE | YEAR ADMITTED | HOURS | RATE | FEES |
|---|---|---|---|---|---|
| Daniel Calisher | Partner | 1997 (CO) | 26.1 | 150 | $3,915.00 |
|  |  | 1996 (CA) | 4.2 | 125 | $525.00 |
| Stephen Fermelia | Partner | 2001 (CO) | 226.0 | 150 | $33,900.00 |
|  |  | 1995 (WY) | 48.5 | 125 | $6,062.50 |
| Chip Schoneberger | Special Counsel | 2010 (CO) | 2.2 | 150 | $330.00 |
|  |  | 2000 (IL) | 0.2 | 125 | $25.00 |
| Julia Prendergast (Harvey) | Associate | 2006 (CO) | 196.4 | 150 | $29,460.00 |
|  |  |  | 24.4 | 125 | $3,050.00 |
| Laura Martinez | Associate | 2006 (CO) | 22.2 | 150 | $3,330.00 |
| Michael Gates | Associate | 1999 (CO) | 3.4 | 150 | $510.00 |
| Marcy Ongert (McDermott) | Associate | 2006 (CO) | 15.8 | 150 | $2,370.00 |
| Tiffany Yingling | Paralegal | N/A | 9.3 | 50 | $465.00 |
| Sheila Croft | Paralegal | N/A | 31.0 | 50 | $1,550.00 |
| Dianna Matsuda | Paralegal | N/A | 15.5 | 50 | $775.00 |
| **Total (for part hourly/part contingency matters)** |  |  | **625.2** |  | **$86,267.50** |

## ALL MATTERS
## SUMMARY OF SERVICES BY TASK CODE

| Task Code | Description | Hours | Total |
|---|---|---|---|
| **4000** | **Non-bankruptcy Litigation** | **1,953.4** | **$482,086.00** |

## ALL MATTERS
## SUMMARY OF DISBURSEMENTS BY TASK CODE

### OCTOBER 1-31, 2011

| | |
|---|---|
| Airline Ticket | $436.40 |
| Airline Ticket | $377.40 |
| Hotel | $492.30 |
| Hotel | $511.87 |
| Airline Ticket | $531.40 |
| Parking | $25.00 |
| Hotel | $342.10 |
| Airline Ticket | $143.00 |
| Delivery/First Legal Litigation Support Services | $155.94 |
| Delivery/First Legal Litigation Support Services | $302.50 |

| | |
|---|---|
| Deposition Fees | $2,821.75* |
| Airline Ticket | $254.00 |
| Online Research/Westlaw | $25.69 |
| Online Research/Westlaw | $86.00 |
| Rental Car | $202.42 |
| Parking | $23.00 |
| Process Server | $65.75 |
| Delivery/Federal Express | $20.63 |
| Delivery/First Legal Litigation Support Services | $326.75 |
| Conference Call | $5.50 |
| Delivery/Federal Express | $13.81 |
| Taxi (2 fares) | $67.00 |
| Parking | $22.00 |
| Mediation Fees (JAMS) | $2,175.00* |
| Postage | $14.52 |
| Filing Fee (LexisNexis) | $13.92 |
| Photocopies | $78.50 |
| Photocopies | $93.50 |
| **TOTAL:** | **$9,627.65** |

**NOVEMBER 1-30, 2011**

| | |
|---|---|
| Delivery/Federal Express | $9.61 |
| Delivery/Federal Express | $16.26 |
| Delivery/Federal Express | $13.12 |
| Delivery/Federal Express | $22.33 |
| Delivery/Denver Boulder Courier | $4.00 |
| Court Reporter/Deposition Fees | $881.20 |
| Court Reporter/Deposition Fees | $7,962.43* |
| Filing Fee (PACER) | $251.80 |
| Hotel | $667.11 |
| Certified DOT Fees | $107.00 |
| Certified DOT Fees | $3.11 |
| Hotel Charge | $19.70 |
| Hotel | $252.15 |
| Airline Ticket | $357.40 |
| Online Research/Westlaw | $48.13 |
| Online Research/Westlaw | $346.61 |
| Online Research | $1,255.39* |
| Delivery/First Legal Litigation Support Services | $134.25 |
| Delivery/Federal Express | $22.33 |
| Deposition Transcript Fee | $203.75 |
| Delivery/Federal Express | $20.54 |
| Delivery/Denver Boulder Courier | $16.00 |
| Filing Fee | $13.92 |
| Photocopies | $0.75 |
| Filing Fee | $420.18 |
| **TOTAL:** | **$13,049.07** |

**DECEMBER 1-31, 2011**

| | |
|---|---|
| Conference Call | $13.03 |
| Delivery/First Legal Litigation Support Services | $41.79 |
| Delivery/First Legal Litigation Support Services | $45.50 |
| Online Research/Westlaw | $20.28 |
| Court Reporter/Deposition Fees | $782.61 |
| Outside Printing/Copy Charges | $39.33 |
| Taxi | $85.73 |
| Airline Ticket | $381.40 |
| Airline Ticket | $381.40 |
| Public Record Search/SmartLinx Report (1) | $118.12 |
| Taxi | $56.05 |
| Taxi | $53.55 |
| Taxi | $56.00 |
| Recording Fees | $26.00 |
| Online Research/Westlaw | $23.15 |
| Delivery/First Legal Litigation Support Services | $20.50 |
| Delivery/First Legal Litigation Support Services | $34.98 |
| Parking | $18.00 |
| Hotel | $252.15 |
| Airline Ticket | $411.40 |
| Public Record Search/SmartLinx Report (1) | $118.12 |
| Public Record Search/SmartLinx Report (1) | $164.77 |
| Taxi | $20.00 |
| Taxi | $30.00 |
| Online Research/Westlaw | $118.47 |
| Public Record Search/SmartLinx Report (5) | $575.09 |
| Filing Fee | $350.00 |
| Filing Fee | $150.00 |
| Conference Call | $3.01 |
| Hotel | $133.28 |
| Rental Car | $96.45 |
| Delivery/Federal Express | $20.54 |
| Parking | $31.00 |
| Photocopies | $6.10 |
| Filing Fee | $27.84 |
| **TOTAL:** | **$4,705.64** |

**JANUARY 1-31, 2012**

| | |
|---|---|
| Conference Call | $13.03 |
| Online Research/Westlaw | $388.25 |
| Taxi | $32.19 |
| Delivery/First Legal Litigation Support Services | $58.00 |
| Taxi | $61.93 |
| Hotel | $218.45 |
| Hotel | $218.45 |

| | |
|---|---|
| Parking | $35.00 |
| Parking | $25.00 |
| Taxi | $65.15 |
| Hotel | $218.45 |
| Airline Ticket/Change Fee (requested by client/for client) | $244.00 |
| Airline Ticket | $381.40 |
| Airline Ticket | $387.40 |
| Hotel | $212.22 |
| Airline Ticket | $517.40 |
| Online Research/Westlaw | $26.05 |
| Delivery/Federal Express | $27.05 |
| Delivery/Federal Express | $27.05 |
| Delivery/Federal Express | $27.05 |
| Delivery/Denver Boulder Courier | $80.00 |
| Court Reporter/Deposition Fee | $987.75 |
| Photocopies | $3.40 |
| Filing Fee | $13.92 |
| Filing Fee | $6.18 |
| **TOTAL:** | **$4,274.77** |

### FEBRUARY 1-29, 2012

| | |
|---|---|
| Conference Call | $13.03 |
| Delivery/First Legal Litigation Support Services | $25.00 |
| Online Research/Westlaw | $20.93 |
| LawToolBox (docketing fee) | $69.00 |
| Online Research/Westlaw | $41.80 |
| Online Research/Westlaw | $14.46 |
| Online Research/Westlaw | $2.50 |
| Delivery/First Legal Litigation Support Services | $190.50 |
| Delivery/First Legal Litigation Support Services | $450.50 |
| Delivery/First Legal Litigation Support Services | $71.75 |
| Delivery/First Legal Litigation Support Services | $27.00 |
| Delivery/First Legal Litigation Support Services | $63.00 |
| Process Server/Witness-Mileage Fee | $334.90 |
| Process Server/Witness-Mileage Fee | $334.90 |
| Process Server/Witness-Mileage Fee | $170.64 |
| Process Server/Witness-Mileage Fee | $112.71 |
| Process Server/Witness-Mileage Fee | $177.19 |
| Delivery/First Legal Litigation Support Services | $150.50 |
| Courier/File Search Fee | $193.21 |
| Public Record Search/SmartLinx Report (3) | $369.92 |
| Online Research/Westlaw | $494.87 |
| Delivery/First Legal Litigation Support Services | $20.50 |
| Trial Supplies (# dividers/trial exhibit notebooks) | $158.88 |
| Delivery/First Legal Litigation Support Services | $139.25 |
| Taxi | $55.00 |
| Parking | $21.00 |

| | |
|---|---|
| Outside Printing/Copy Charges (Trial Exhibits) | $555.12 |
| Delivery/First Legal Litigation Support Services | $20.50 |
| Photocopies | $26.70 |
| Filing Fee | $13.92 |
| Photocopies | $370.60 |
| Online Research/Westlaw | $269.47 |
| **TOTAL:** | **$4,979.25** |

### MARCH 1-6, 2012

| | |
|---|---|
| Taxi | $34.97 |
| Airline Ticket | $213.60 |
| Airline Ticket | $198.80 |
| Airline Ticket | $213.60 |
| Airline Ticket | $198.80 |
| Airline Ticket | $198.80 |
| Airline Ticket | $232.60 |
| Hotel | $334.04 |
| Parking | $33.00 |
| Conference Call | $13.03 |
| Online Research/Westlaw | $220.06 |
| Online Research/Westlaw | $76.90 |
| Filing Fee | $350.00 |
| Online Research/Westlaw | $1.39 |
| Taxi | $50.50 |
| Taxi | $54.15 |
| Delivery/Federal Express | $16.67 |
| Delivery/Denver Boulder Couriers | $26.56 |
| **TOTAL:** | **$2,467.47** |

**TOTAL EXPENSES (October 1, 2011-March 6, 2012):**          **$39,103.85**

# EXHIBIT B

Order Authorizing the Employment and
Retention of
Foster Graham Milstein & Calisher, LLP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                              :

In re                        :      Chapter 11 Case No.
                              :

LEHMAN BROTHERS HOLDINGS INC., *et al.*,  :      08-13555 (JMP)
                              :

             Debtors.      :      (Jointly Administered)
                              :
------------------------------------------------------x

ORDER PURSUANT TO SECTION 327(e) OF
THE BANKRUPTCY CODE AND RULE 2014 OF
THE FEDERAL RULES OF BANKRUPTCY PROCEDURE
AUTHORIZING THE EMPLOYMENT AND RETENTION OF FOSTER
GRAHAM MILSTEIN & CALISHER, LLP AS SPECIAL COUNSEL TO DEBTORS

Upon consideration of the application, dated February 2, 2011 (the

"Application"),[1] of Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the

"Debtors"), pursuant to section 327(e) of title 11 of the United States Code (the "Bankruptcy

Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") for authorization to employ and retain Foster, Graham, Milstein & Calisher, LLP

("Foster Graham") as special counsel to the Debtors; and upon the affidavit of Daniel K.

Calisher, Esq., (the "Calisher Affidavit"), filed in support of the Application; and the Court being

satisfied, based on the representations made in the Application and the Calisher Affidavit, that

Foster Graham represents no interest adverse to the Debtors or the Debtors' estates with respect

to the matters upon which it is to be engaged, under section 327(e) of the Bankruptcy Code as

modified by section 1107(b); and the Court having jurisdiction to consider the Application and

---

[1] Capitalized terms that are used but not defined in this order have the meanings ascribed to them in the
Application.

the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing

Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All

Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the

Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

due and proper notice of the Application having been provided in accordance with the

procedures set forth in the second amended order entered June 17, 2010 governing case

management and administrative procedures [Docket No. 9635] to (i) the United States Trustee

for the Southern District of New York; (ii) the attorneys for the Official Committee of Unsecured

Creditors; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v)

the United States Attorney for the Southern District of New York; (vi) Foster Graham and (vii)

all parties who have requested notice in these chapter 11 cases, and it appearing that no other or

further notice need be provided; and no objections to the Application having been filed; and after

due deliberation and sufficient cause appearing therefor, it is

      ORDERED that the Application is approved; and it is further

      ORDERED that pursuant to section 327(e) of the Bankruptcy Code, the Debtors

are hereby authorized to employ and retain Foster Graham as special counsel to the Debtors on

the terms set forth in the Application and this order, for the Representative Matters identified in

the Application and in accordance with Foster Graham's customary rates in effect from time to

time and its disbursement policies; and it is further

      ORDERED that Foster Graham shall apply for compensation and reimbursement

of expenses in accordance with the procedures set forth in sections 330 and 331 of the

Bankruptcy Code, applicable Bankruptcy Rules, the Local Rules and orders of the Court,

guidelines established by the U.S. Trustee, and such other procedures that have been or may be

fixed by order of this Court, including but not limited to the Court's Third Amended Order

Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a)

Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of

Professionals [Docket No. 4165], and the Court's Order Appointing a Fee Committee and

Approving a Fee Protocol [Docket No. 3651].


Dated: New York, New York
         March 9, 2011

                                    ___s/ James M. Peck_____
                                    UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT C

## Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
--------------------------------------------------x
In re                                    :        Chapter 11
                                         :
LEHMAN BROTHERS HOLDINGS, INC. et al.,   :        Case No. 08-13555 (JMP)
                                         :
                    Debtors.             :        (Jointly Administered)
--------------------------------------------------x
```

### FOURTH AMENDED ORDER PURSUANT TO SECTIONS 105(a) AND 331 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 2016(a) ESTABLISHING PROCEDURES FOR INTERIM MONTHLY COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the proposed amended order filed March 11, 2011 and April 6, 2011 (the "Fourth Amended Order") of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors-in-possession (collectively, the "Debtors" and, together with their non-debtor affiliates, "Lehman"), pursuant to sections 105(a) and 331 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to establish procedures for interim monthly compensation and reimbursement of expenses of professionals (the "Professionals")—all as more fully described in the Debtors' Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals, dated October 11, 2008 (the "Motion") [Docket No. 833]—and upon the notice of presentment of the proposed Fourth Amended Order; and the Court having jurisdiction to consider the proposed Fourth Amended Order and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under

Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the

proposed Fourth Amended Order and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the proposed Fourth Amended Order having

been provided in accordance with the procedures set forth in the second amended order entered

June 17, 2010 governing case management and administrative procedures [Docket No. 9635] to

(i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the

Official Committee of Unsecured Creditors; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) all parties who have requested notice; and (iii) all Professionals; and the Court

having entered an amended order, dated June 25, 2009 (the "**Third Amended Order**") [Docket

No. 4165], governing the procedures for interim monthly compensation and reimbursement of

expenses of professionals; and the Court then concluding that there is cause to make certain

amendments to the Third Amended Order; and the relief sought in the proposed Fourth Amended

Order being in the best interests of the Debtors, their estates and creditors, and all parties in

interest and that the legal and factual bases set forth in the Motion and the proposed Fourth

Amended Order establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefore, it is

ORDERED that the Third Amended Order is superseded in its entirety by this Fourth

Amended Order; and it is further

ORDERED that except as may otherwise be provided in orders of the Court authorizing

the retention of specific Professionals, all Professionals in these cases may seek monthly

2

compensation in accordance with the following procedures (the "**Interim Compensation Procedures**"):

(a)    On or before the forty-fifth (45th) day following the month for which compensation is sought, each professional seeking compensation, other than a professional retained as an ordinary course professional or a professional retained by the Examiner appointed in these Chapter 11 cases, will serve a monthly statement (the "Monthly Statement"), by hand or overnight delivery on (i) Lehman Brothers Holdings Inc., 1271 Avenue of the Americas, 45th Floor, New York, New York, 10020 (Attn: John Suckow and William Fox); (ii) Weil, Gotshal & Manges, LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Shai Y. Waisman, Esq.); (iii) Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, New York 10005 (Attn: Dennis F. Dunne, Esq., Dennis O'Donnell, Esq., and Evan Fleck, Esq.), attorneys for the Creditors' Committee; (iv) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 22nd Floor, New York, New York 10004 (Attn: Elisabetta G. Gasparini and Andrea B. Schwartz); and, (v) Richard Gitlin, Chair of the Fee Committee (as defined in the Order Appointing a Fee Committee and Approving a Fee Protocol, dated May 26, 2009 [Docket No. 3651], all as may be amended from time to time, the "Fee Protocol") c/o Godfrey & Kahn, S.C., One East Main Street, P.O. Box 2719, Madison, WI 53701-2719 (the "Notice Parties"). In addition to being served with a paper copy, the Office of the United States Trustee, Richard Gitlin through Godfrey & Kahn, and Lehman Brothers Holdings, Inc. shall also be served with a disc containing an electronic version of the Monthly Statement.

(b)    The Monthly Statement need not be filed with the Court and a courtesy copy need not be delivered to chambers since this Fourth Amended Order is not intended to alter the fee application requirements outlined in sections 330 and 331 of the Bankruptcy Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

(c)    Each Monthly Statement must contain a list of the individuals and their respective titles (*e.g.*, attorney, paralegal, etc.) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the fees and expenses incurred (no professional should seek reimbursement of an expense that would otherwise not be allowed pursuant to the Court's Administrative Orders dated June 24, 1991 and April 21, 1995 or the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 dated January 30, 1996), and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour or as close thereto as practicable.

3

(d)     Each Notice Party shall have at least thirty (30) days after receiving the Monthly
Statement to review the statement and, if the Notice Party objects to the
compensation or expense reimbursement sought in a particular statement, such
Notice Party shall, no later than the thirty-first (31st) day following receipt of the
Monthly Statement (the "Monthly Statement Objection Deadline"), serve upon
the professional to whose Monthly Statement the Notice Party objects and the
other Notice Parties a written "Notice of Objection to Fee Statement," setting
forth the nature of the Notice Party's objection and the amount of fees or expenses
at issue.

(e)     At the expiration of the Monthly Statement Objection Deadline, the Debtors shall
promptly pay eighty percent (80%) of the fees and one hundred percent (100%) of
the expenses identified in each Monthly Statement to which no objection has been
served in accordance with paragraph (d) above.

(f)     If the Debtors object or receive an objection to a particular Monthly Statement,
the Debtors shall withhold payment of that portion of the Monthly Statement to
which the objection is directed and promptly pay the remainder of the fees and
disbursements in the percentages set forth in paragraph (e).

(g)     If the parties to an objection resolve their dispute following the service of a Notice
of Objection to Fee Statement and if the party whose Monthly Statement was
objected to serves on all Notice Parties a statement indicating that the objection is
withdrawn or modified and describing the terms of the resolution, then the
Debtors shall promptly pay, in accordance with paragraph (e), that portion of the
Monthly Statement that is no longer subject to an objection.

(h)     All objections that the parties do not resolve shall be preserved and presented to
the Court at the next interim or final fee application hearing to be heard by the
Court in accordance with paragraph (j) below.

(i)     The service of an objection in accordance with paragraph (d) above shall not
prejudice the objecting party's right to object to any fee application made to the
Court in accordance with the Bankruptcy Code on any ground regardless of
whether the objecting party raised the ground in the objection or not.
Furthermore, the decision by any party not to object to a Monthly Statement shall
not waive or prejudice that party's right to object to any fee application
subsequently made to the Court in accordance with the Bankruptcy Code,
including any final application.

(j)     Commencing with the period ending January 31, 2009, and at four-month
intervals thereafter, each of the professionals shall file with the Court, in
accordance with General Order M-242 (which can be found at
www.nysb.uscourts.gov), an application (an "Interim Fee Application") for
interim Court approval and allowance pursuant to sections 330 and 331 of the
Bankruptcy Code (as the case may be) of the compensation and reimbursement of
expenses requested in the fee statements served during such period (the "Interim

4

Fee Period"). Each professional shall file its Interim Fee Application within 75 days after the end of the Interim Fee Period for which the request seeks allowance of fees and reimbursement of expenses.[1] Each professional shall file its first Interim Fee Application on or before April 10, 2009 and the first Interim Fee Application shall cover the Interim Fee Period from the Commencement Date through and including January 31, 2009. All professionals not retained as of the Commencement Date shall file their first Monthly Statement for the period from the effective date of their retention through the end of the first full month following the effective date of their retention and otherwise in accordance with the procedures set forth in this Motion.

(k)    The Debtors' attorneys shall obtain a date from the Court for the hearing of fee applications for all retained professionals, which hearing date should be consistent with the timelines set forth in the Fee Protocol, as amended from time to time. Any retained professional unable to file its own fee application with the Court shall deliver to the Debtors' attorneys a fully executed copy with original signatures, along with service copies, three business days before the filing deadline. The Debtors' attorneys shall file and serve such application.

(l)    The pendency of an application or objection or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

(m)    Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

(n)    Counsel for the Creditors' Committee may, in accordance with the Interim Compensation Procedures, collect and submit statements of expenses (excluding third-party counsel expenses of individual committee members), with supporting vouchers, from members of the Creditors' Committee; provided, however, that these reimbursement requests comply with this Court's Administrative Orders dated June 24, 1991 and April 21, 1995.

(o)    Any Professional that materially fails to comply with this Order shall (1) be ineligible to receive further monthly payments of fees or expenses as provided herein until further order of this Court and (2) may be required to disgorge any fees paid since retention or the last fee application, whichever is later.

And, it is further

---

[1] For the seventh interim fee period (October 1, 2010 through January 31, 2011), any Retained Professional may, but need not, take an additional forty-five (45) days to file its Interim Fee Application.

5

ORDERED that the Debtors shall include all payments to Professionals on their monthly

operating reports, detailed by line item so as to state the amount paid to each of the

Professionals, and detailed so as to state the amount paid to ordinary course professionals (which

may be aggregated into one line item); and it is further

ORDERED that the amount of fees and disbursements sought be set out in U.S. dollars,

with the conversion amount calculated at the time of the submission of the Monthly Statement, to

the extent practicable, or as soon thereafter as possible.

ORDERED that any party may object to requests for payments made pursuant to this

Fourth Amended Order, or move to modify or vacate all or certain provisions of this Fourth

Amended Order, on the grounds that (a) the Debtors have not timely filed monthly operating

reports, (b) the Debtors have not remained current with their administrative expenses or fees due

under 28 U.S.C. § 1930(a)(6), (c) the Debtors are administratively insolvent or approaching

insolvency, and (d) cause otherwise exists; provided, however, that the inclusion in this Fourth

Amended Order of the foregoing bases shall not be determinative of the validity of any such

bases and all parties' rights are expressly reserved; and it is further

ORDERED that, in the event that an Ordinary Course Professional (as such term is

defined in the Order Pursuant to Sections 105(1), 327, 328, and 330 of the Bankruptcy Code

Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business

[Docket No. 1394] (the "OCP Order")) or a professional retained by the Examiner seeks more

than $150,000 per month and, as set forth in the OCP Order or the *Order Discharging Examiner

and Granting Related Relief* [Docket No. 10169] (as applicable), files a fee application for the

full amount of its fees and expenses for that month, then the Debtors' attorneys shall obtain a

date from the Court for the hearing of the fee application, which shall be scheduled no earlier than 30 days after the fee application is served on the Notice Parties; and it is further

ORDERED that all time periods set forth in this Fourth Amended Order shall be calculated in accordance with Rule 9006(a) of the Federal Rules of Bankruptcy Procedure; and it is further

ORDERED that sending notice of the hearing to consider Interim Fee Applications to the Standard Parties entitled to notice pursuant to the Court's second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [Docket No. 9635] shall be good and sufficient notice; and it is further

ORDERED that that this Court shall retain jurisdiction to interpret and enforce this Order.

Dated: New York, New York
       April 14, 2011

                                    s/ James M. Peck
                                 Honorable James M. Peck
                                 United States Bankruptcy Judge