UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

## SUMMARY STATEMENT FOR FINAL FEE APPLICATION OF SUTHERLAND ASBILL & BRENNAN LLP AS SPECIAL COUNSEL FOR DEBTORS FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY OUT-OF-POCKET EXPENSES INCURRED

### FINAL FEE APPLICATION

| | |
|---|---|
| Name of Applicant: | Sutherland Asbill & Brennan LLP |
| Time Period: | February 1, 2010 through March 6, 2012 |
| Role in the Case: | Special Tax Counsel to the Debtors |
| Current Application: | Total Fees Requested:        $ 1,029,638.50<br>Total Expenses Requested:     $        5,099.40 |
| Prior Applications: | First Interim Application, August 13, 2010<br>Second Interim Application, December 14, 2010<br>Third Interim Application, May 31, 2011<br>Fourth Interim Application, August 15, 2011<br>Fifth Interim Application, December 15, 2011<br>Sixth Interim Application, May 18, 2012 |

18105627.1

## Professional Hours Billed During Compensation Period

### Partners and Of Counsel

| Time Keeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Byrne, Thomas M. | 1981 | Partner | 20.50 | $480 | $ 9,840.00 |
| Chase, Robert S. | 1997 | Partner | 15.10 | 540 | 8,154.00 |
| Fenichel, Eric | 1986 | Partner | 1.50 | 660 | 990.00 |
| Friedman, Jeffrey | 1995 | Partner | 51.70 | 600 | 31,060.00 |
| Jones, Kendall C. | 1976 | Of Counsel | 40.20 | 600 | 24,150.00 |
| Kranz, Stephen | 1992 | Partner | 5.60 | 500 | 2,800.00 |
| Langlois, David P. | 1971 | Partner | 2.60 | 720 | 1,872.00 |
| Libin, Jerome B. | 1961 | Partner | 260.00 | 800 | 208,000.00 |
| Ocasal, Christopher | 1993 | Partner | 52.50 | 660 | 34,650.00 |
| Serether, Jeffrey M. | 1981 | Partner | 133.90 | 600 | 80,516.00 |
| Simonetti, Marc | 2001 | Partner | 307.30 | 500 | 153,650.00 |
| Sparagna, Giovanna | 1980 | Partner | 79.10 | 740 | 58,534.00 |
| Tello, Carol P. | 1981 | Partner | 161.70 | 580 | 93,786.00 |
| Tresh, Eric S. | 1995 | Partner | 9.80 | 580 | 5,684.00 |
| Zeswitz, Karl | 1981 | Partner | 15.90 | 720 | 11,448.00 |
| Totals | | | 1,157.40 | | $ 725,134.00 |

18105627.1

## Associates

| Time Keeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Appleby, Andrew | 2008 | Associate | 134.80 | $300 | $ 40,440.00 |
| Atkins, Zachary | 2009 | Associate | 1.30 | 280 | 364.00 |
| Barlatt, Olatunji S. | 2010 | Associate | 10.30 | 265 | 2,729.50 |
| Booth, Scott | 2010 | Associate | 73.80 | 280 | 20,664.00 |
| Eberle, Maria | 2006 | Associate | 149.70 | 320 | 48,050.00 |
| Fersko, Seth | 2010 | Associate | 188.80 | 240 | 45,312.00 |
| Leonardi, Fabio | 2011 | Associate | 112.80 | 280 | 31,584.00 |
| Perkins, Leni C. | 2007 | Associate | 55.50 | 320 | 17,760.00 |
| Peterson, Daniel | 2011 | Associate | 2.40 | 285 | 684.00 |
| Pope, David | 2008 | Associate | 195.70 | 320 | 62,624.00 |
| Rudinsky, Jason M. | 2004 | Associate | 34.80 | 370 | 12,876.00 |
| Schirripa, Dominick | 2004 | Associate | 50.60 | 285 | 14,421.00 |
| Sims, Jolie A. | 2000 | Associate | 2.00 | 410 | 820.00 |
| Yopp, Mark W. | 2008 | Associate | 19.30 | 320 | 6,176.00 |
| Totals | | | 1,031.80 | | $ 304,504.50 |

18105627.1

## Summary of Professionals

| Professional Title | Blended Rates | Hours Billed | Total Compensation |
|---|---|---|---|
| Partner and Of Counsel | $626.50 | 1,157.40 | $  725,134.00 |
| Associates. | 295.00 | 1,031.80 | 304,504.50 |
| Totals | $470.00 | 2,189.20 | $ 1,029,638.50 |

## Professional Services Rendered by Project Category During Compensation Period

| Client Number | Matter Number | Project Category | Hours Billed | Amount Billed |
|---|---|---|---|---|
| 29779 | 0001 | Tax | 7.70 | $    6,160.00 |
| 29779 | 0002 | Tax | .50 | 400.00 |
| 29779 | 0003 | Tax | 142.90 | 83,690.50 |
| 29779 | 0004 | Tax | 37.40 | 15,826.00 |
| 29779 | 0005 | Tax | 5.30 | 2,344.00 |
| 29779 | 0006 | Tax | 37.90 | 25,954.00 |
| 29779 | 0007 | Tax | 62.80 | 43,606.00 |
| 29779 | 0008 | Tax | 143.50 | 99,012.00 |
| 29779 | 0009 | Tax | 19.80 | 12,364.00 |
| 29779 | 0010 | Tax | 68.60 | 45,882.00 |
| 29779 | 0011 | Tax | 177.60 | 88,602.00 |
| 29779 | 0012 | Tax | 671.70 | 297,976.00 |
| 29779 | 0013 | Tax | 228.10 | 81,134.00 |
| 29779 | 0014 | Tax | 76.60 | 47,563.50 |
| 29779 | 0015 | Tax | 2.80 | 1,004.00 |
| 29779 | 0016 | Tax | 383.00 | 119,050.00 |
| 29779 | 0017 | Tax | 60.40 | 36,214.50 |
| 29779 | 0018 | Tax | 62.60 | 22,856.00 |
| Totals: | | | 2,189.20 | $ 1,029,638.50 |

18105627.1

**Project Detail**

| Client Number | Matter Name | Project Category | Attorney Name | Hours Billed | Amount Billed |
|---|---|---|---|---|---|
| 29779-0001 | Tax 2001-2007 | Tax | J. Libin | 7.70 | $  6,160.00 |
| 29779-0002 | Tax 1997-2000 | Tax | J. Libin | .50 | 400.00 |
| 29779-0003 | General | Tax | K. Jones | 1.50 | 930.00 |
| | | | J. Libin | 75.50 | 60,400.00 |
| | | | T. Byrne | 13.20 | 6,336.00 |
| | | | C. Tello | 1.50 | 870.00 |
| | | | D. Schirripa | 49.70 | 14,164.50 |
| | | | E. Fenichel | 1.50 | 990.00 |
| 29779-0004 | NY State Franchise Tax Analysis | Tax | M. Simonetti | 12.10 | 6,050.00 |
| | | | M. Yopp | 19.30 | 6,176.00 |
| | | | J. Friedman | 6.00 | 3,600.00 |
| 29799-0005 | NY Sales and Use Tax | Tax | J. Sims | 2.00 | 820.00 |
| | | | E. Tresh | 2.00 | 1,160.00 |
| | | | Z.Atkins | 1.30 | 364.00 |
| 29779-0006 | Stockholm I | Tax | J. Libin | 12.20 | 9,760.00 |
| | | | T. Bryne | .40 | 192.00 |
| | | | G. Sparagna | 5.20 | 3,848.00 |
| | | | C. Ocasal | 6.20 | 4,092.00 |
| | | | C. Tello | 13.90 | 8,062.00 |
| 29779-0007 | Goodspeed | Tax | C. Tello | 17.10 | 9,918.00 |
| | | | J. Libin | 14.90 | 11,920.00 |
| | | | C. Ocasal | 12.80 | 8,448.00 |
| | | | G. Sparagna | 18.00 | 13,320.00 |
| 29779-0008 | Quattro | Tax | C. Ocasal | 26.50 | 17,490.00 |
| | | | G. Sparagna | 41.80 | 30,932.00 |
| | | | J. Libin | 31.70 | 25,360.00 |
| | | | C.Tello | 43.50 | 25,230.00 |
| 29779-0009 | Luxco | Tax | J. Libin | 4.00 | 3,200.00 |
| | | | C. Tello | 15.80 | 9,164.00 |
| 29779-0010 | Withholding Taxes | Tax | J. Libin | 14.90 | 11,920.00 |
| | | | C. Tello | 32.60 | 18,908.00 |

-5-

| | | | | | |
|---|---|---|---|---|---|
| | | | C. Ocasal | 7.00 | 4,620.00 |
| | | | G. Sparagna | 14.10 | 10,434.00 |
| 29779-0011 | Lehman-REMIC | Tax | J. Libin | 30.90 | 24,720.00 |
| | | | R. Chase | 15.10 | 8,154.00 |
| | | | L. Perkins | 55.50 | 17,760.00 |
| | | | K. Jones | 38.70 | 23,220.00 |
| | | | J. Rudinsky | 34.80 | 12,876.00 |
| | | | D. Langlois | 2.60 | 1,872.00 |
| 29779-0012 | NY State Audit Matter | Tax | J. Friedman | 37.60 | 22,600.00 |
| | | | M. Simonetti | 186.50 | 93,250.00 |
| | | | J. Serether | 133.90 | 80,516.00 |
| | | | M. Eberle | 149.70 | 48,050.00 |
| | | | S. Fersko | 128.10 | 30,744.00 |
| | | | D. Pope | 7.70 | 2,464.00 |
| | | | J. Libin | 21.30 | 17,040.00 |
| | | | T. Byrne | 6.90 | 3,312.00 |
| 29779-0013 | NY City Audit Matters | Tax | M. Simonetti | 70.90 | 35,450.00 |
| | | | A. Appleby | 83.40 | 25,020.00 |
| | | | S. Booth | 73.80 | 20,664.00 |
| 29779-0014 | Stock Loan | Tax | J. Libin | 29.00 | 23,200.00 |
| | | | C. Tello | 37.30 | 21,634.00 |
| | | | O. Barlatt | 10.30 | 2,729.50 |
| 29779-0015 | Worthless Stock | Tax | J. Libin | .40 | 320.00 |
| | | | D. Peterson | 2.40 | 684.00 |
| 29779-0016 | NY Real Property Transfer Tax | Tax | M. Simonetti | 19.90 | 9,950.00 |
| | | | S. Fersko | 60.70 | 14,568.00 |
| | | | E. Tresh | 7.80 | 4,524.00 |
| | | | D. Pope | 188.00 | 60,160.00 |
| | | | F. Leonardi | 106.60 | 29,848.00 |
| 29779-0017 | LBHI – Neuberger Berman | Tax | J. Libin | 17.00 | 13,600.00 |
| | | | K. Zeswitz | 15.90 | 11,448.00 |
| | | | J. Friedman | 8.10 | 4,860.00 |
| | | | M. Simonetti | 2.50 | 1,250.00 |
| | | | A. Appleby | 16.00 | 4,800.00 |
| | | | D. Schrripa | .90 | 256.50 |
| 29779-0018 | Minnesota Tax Matter | Tax | S. Kranz | 5.60 | 2,800.00 |
| | | | M. Simonetti | 15.40 | 7,700.00 |
| | | | A. Appleby | 35.40 | 10,620.00 |

18105627.1

| | | |
|---|---|---|
| F. Leonardi | 6.20 | 1,736.00 |
| Totals | 2,189.20 | $ 1,029,638.50 |

18105627.1

**<u>Out-of-Pocket Expense Incurred During Compensation Period</u>**

| | |
|---|---:|
| Meals:  Client Meetings: | $  993.62 |
| Online Legal Research: | 895.58 |
| Photocopies:   11,337 at $.05 | 566.85 |
| Phototcopies:  4,947 at $.10 | 494.70 |
| Travel: Ground Transportation: | 566.08 |
| Travel: Air | 320.70 |
| Travel: Train: | 246.00 |
| Travel: Lodging | 599.96 |
| Overnight Courier | 105.91 |
| Filing Fees | 310.00 |
| | |
| Totals: | $5,099.40 |

18105627.1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

**FINAL FEE APPLICATION OF SUTHERLAND ASBILL & BRENNAN LLP, AS A SECTION 327(e) PROFESSIONAL, FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM FEBRUARY 1, 2010 THROUGH MARCH 6, 2012**

Sutherland Asbill & Brennan LLP ("Sutherland"), special tax counsel to Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the above-referenced chapter 11 cases (collectively, the "Debtors"), files its Final Fee Application (the "Application") pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking compensation for professional services rendered and the reimbursement of actual and necessary expenses incurred in connection with its representation of the Debtors during the period from February 1, 2010 through March 6, 2012 (the "Compensation Period"). In support of its Application, Sutherland respectfully states the following:

## JURISDICTION

1.      This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. sections 157 and 1334. Consideration of the Application is a core proceeding pursuant to 28 U.S.C. section 157(b)(2). Venue of this case is proper in this district pursuant to 28 U.S.C.

18105833.1

sections 1408 and 1409.  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

## GENERAL BACKGROUND

2.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

4.     On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A trustee appointed under SIPA is administering LBI's estate.

5.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner (the "Examiner") in the above-referenced chapter 11 cases and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.

6.     On May 26, 2009, the Court appointed a fee committee ("Fee Committee") and approved a fee protocol ("Fee Protocol") in the above-referenced chapter 11 cases.  [Docket No. 3651].

18105833.1

7.    Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

## RETENTION OF SUTHERLAND

8.    Sutherland began performing legal services on behalf of the Debtors as an Ordinary Course Professional pursuant to this Court's *Order Pursuant to Sections 105(a), 327, 328, and 330 of the Bankruptcy Code Authorizing the Debtors to Employ Professionals Utilized in the Ordinary Course of Business*, (the "OCP Order"), dated November 5, 2008 [Docket No. 1394]. In accordance with the procedures set forth in the OCP Order, Sutherland's retention became effective as of July 11, 2009. [Docket No. 4259].

9.    On April 23, 2010, the Debtors submitted to this Court an *Application of the Debtors Pursuant to Section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Sutherland Asbill & Brennan LLP as Special Tax Counsel,* Nunc Pro Tunc *to April 1, 2010.* On May 6, 2010, this Court entered an order granting the Debtors' application. [Docket No. 8864].

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

10.    Sutherland has prepared this Application in accordance with the *Amended Guidelines for Fees and Disbursements of Professionals in Southern District of New York Bankruptcy Cases*, adopted by the Court on April 19, 1995 (the "Local Guidelines"); the *United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. section 330*, adopted on January 30, 1996 (the "UST

18105833.1

Guidelines"); the *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* (the "Interim Compensation Order") [Docket No. 14968]; and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], as amended on April 14, 2011 [Docket No. 14969] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines"). Pursuant to the Local Guidelines, a certification regarding compliance with the Guidelines is annexed hereto as Exhibit A.

11.    During the Compensation Period, Sutherland professionals expended a total of 2,189.2 hours rendering services to the Debtors. Sutherland seeks the allowance of compensation for such services in the amount of $1,029,638.50 (of which $746,942.90) has been paid), and the approval of its reimbursement of actual and necessary expenses incurred in connection with such services in the amount of $5,099.40 (of which $4,302.42 has been paid).[1]

12.    Except as noted in paragraph 11, during the Compensation Period Sutherland has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Sutherland and any other person for the sharing of compensation to be received for services rendered in these cases.

13.    Sutherland's fees in these cases are billed in accordance with its billing rates and procedures as agreed upon with the Debtors and as in effect during the Compensation Period. The rates charged by Sutherland for the services rendered in these chapter 11 cases do not exceed

---

[1] Although the total amount billed during the Compensation Period was $1,034,352.00, that amount is being reduced by $4,713.50 to eliminate the amount billed in 2010 for time spent by persons serving as law clerks prior to their admission to the Bar.

the rates Sutherland customarily charges for services rendered in comparable non-bankruptcy

matters. Such fees, which resulted in a voluntary discount of approximately $99,000 (9.6%)

from Sutherland's standard hourly charges during the Compensation Period, are reasonable

based on the customary compensation charged by comparably skilled practitioners in comparable

non-bankruptcy cases in a competitive national legal market.

14.    Pursuant to the UST Guidelines, annexed hereto as Exhibit B is a schedule setting

forth:  (a) a list of all Sutherland professionals who have performed services in these chapter 11

cases during the Compensation Period; (b) the capacities in which each such individual is

employed by Sutherland; (c) the agreed-upon hourly rate charged by Sutherland for services

performed by each such individual; (d) the total amount of time spent by each such individual on

behalf of the Debtors during the Compensation Period; (e) the total amount billed for such time;

and (f) the year in which each professional was first admitted to the bar.

15.    Annexed hereto as Exhibit C is a schedule specifying the categories of expenses

for which Sutherland is seeking reimbursement and the total amount of reimbursement requested

for each such category.

16    Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary by

project category of the services performed by Sutherland during the Compensation Period.

17.    Sutherland has attempted to include in this Application all of its time and

expenses relating to the Compensation Period. Sutherland reserves the right to request in a

future application any additional time charges and expense amounts relating to services rendered

during the Compensation Period that are not reflected in this Application.

18.    Sutherland maintains computerized records of the time spent by all Sutherland

professionals in connection with its representation of the Debtors.  Subject to redaction for

-5-

attorney-client privilege where necessary to protect the Debtors and their estates, a reformatted version of such computerized records for the Compensation Period has previously been provided to the Fee Committee and the Notice Parties.  A detailed explanation of Sutherland's disbursements for the Compensation Period is annexed hereto as Exhibit E.

## SERVICES RENDERED BY SUTHERLAND

19.    A summary description of the services rendered by Sutherland during the Compensation Period is set forth below:

### A.    2001 – 2007 Federal Income Tax Audits of LBHI and Affiliates

20.    Sutherland provided analysis and advice with respect to a number of issues that were raised by the Internal Revenue Service ("IRS") as part of its 2001-2007 federal income tax audits of LBHI and its affiliates.  These issues, which related mainly to the U.S. tax consequences of certain transactions engaged in by LBHI and/or its affiiates, involved substantial amounts of money and were quite technical in nature.  Sutherland's responsibility was to undertake a thorough review and analysis of each issue and to provide LBHI with its independent assessment and evaluation of the issue for purposes of determining LBHI's position and strategy in settlement negotiations with the IRS.  During the Compensation Period, Sutherland analyzed the position taken by the IRS on each of the relevant issues and LBHI's proposed response, and contributed to the shaping of LBHI's final negotiating position.  As part of that process, Sutherland collaborated with the Debtors' primary tax counsel, Bingham McCutchen, which had ultimate responsibility for the handling of each issue.  Sutherland's evaluation and advice with respect to each issue took into account the Debtors' objective of resolving the matter in the most expeditious manner possible and with the best possible result.

18105833.1

21.     One of the IRS audit issues was ultimately docketed for litigation during the Compensation Period.  Sutherland provided advice on certain questions relating to the litigation, including privilege issues, and also evaluated certain of the cases decided by the presiding Judge.

### B.     New York State and New York City Tax Matters

22.     Sutherland advised LBHI with respect to certain New York State and New York City tax audit issues that arose during the Compensation Period.  The New York State matter has been resolved favorably with the execution of a Closing Agreement between the State and the Debtors.  The New York City matter is still pending.

### C.     New York Real Property Transfer Tax Issue

23.     Sutherland advised LBHI on certain New York real property transfer tax issues that required extensive research and analysis.

### D.     Neuberger Berman Issue

24.     Sutherland advised LBHI regarding certain tax issues relating to a possible disposition of LBHI's interest in its joint venture arrangement with Neuberger Berman.

### E.     Minnesota Tax Matter

25.     Sutherland assisted LBHI in docketing a case in the Minnesota Tax Court.  This matter is ongoing.

### F.     Other Matters

26.     Sutherland advised LBHI on one particular federal income tax aspect of a transaction involving the sale by LBHI of the residual interests it held in certain Real Estate Mortgage Investment Conduits ("REMICs").  Sutherland also advised LBHI on the possible allocation to LBI of a portion of the consolidated group's ultimate federal income tax liability.

## <u>ALLOWANCE OF COMPENSATION</u>

27.    Section 331 of the Bankruptcy Code authorizes the bankruptcy court to allow the payment to section 327 professionals of "such compensation for services rendered…or reimbursement for expenses incurred…as is provided in section 330…."

28.    Section 330(a)(1) of the Bankruptcy Code authorizes the payment of reasonable compensation to a section 327 professional for "actual, necessary services rendered" and reimbursement for "actual, necessary expenses."

29.    Section 330(a)(3) of the Bankruptcy Code provides that in determining the amount of reasonable compensation to be awarded, the bankruptcy court should consider the nature, extent and value of the services rendered to the estate, taking into account all relevant factors, including:

(A)    the time spent on such services;

(B)    the rates charged for such services;

(C)    whether the services were necessary to the administration of, or beneficial at the time at which the services was rendered toward the completion of, a case under this title;

(D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F)    whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. section 330(a)(3)(A)-(F).

18105833.1

30.     As discussed further below, Sutherland believes that its services were necessary and beneficial to the Debtors and that its request for compensation is reasonable.

### (A)     Time spent on services rendered

31.     During the Compensation Period, Sutherland partners, of counsel and associates spent a total of 2,189.2 hours providing the professional services requested by the Debtors. Exhibits B and D attached hereto show the time in summary form and by project category, respectively.  In order to avoid any duplication of effort, Sutherland coordinated regularly with the LBHI tax team in providing its services.

### (B)     Rates charged

32.     During the Compensation Period, Sutherland's agreed-upon hourly billing rates ranged from $480 to $800 for partners and of counsel, and from $240 to $320 for associates. Total fees billed for the Compensation Period were $1,029,638.50.  Based on the total number of hours recorded, the overall blended hourly rate for all time expended was $470.  No rate increases were implemented during the entire Compensation Period.[2]

33.     The amount charged by Sutherland for the particular services rendered reflects a voluntary discount of approximately $99,000 (9.6%) from standard hourly rates for the same professionals.  The hourly rates agreed upon with the Debtors for these chapter 11 cases are below the standard hourly rates Sutherland would charge for comparable work performed in a non-bankruptcy context.

---

[2] Due to an inadvertent error, a small amount of time ($392.00) during the Third [Seventh] Interim Fee Period was billed at Sutherland's standard rates for 2011, rather than at the agreed-upon Lehman rates.

18105833.1

34.     Sutherland carefully monitored and reviewed the time entries of all professionals who worked on these chapter 11 cases during the Compensation Period in order to ensure the integrity of its bills and the reasonableness of its time charges.

### (C)     Necessity and benefit of the services

35.     As has been the case since Sutherland was first retained as an Ordinary Course Professional, the specialized services rendered by Sutherland during the Compensation Period provided the Debtors with a fresh and independent assessment of the strengths and weaknesses of certain tax positions the Debtors had to defend in connection with the pending IRS federal income tax audits and the New York State and New York City tax audits.  Such assessments enabled the Debtors to reach a satisfactory resolution with respect to almost all of the federal tax audit and the entire State audit.  The New York City matter remains ongoing.  Sutherland also provided effective research and analysis on a number of tax issues unrelated to the various tax audits.

### (D)     Reasonableness of time spent

36.     The time spent by Sutherland professionals during the Compensation Period was reflective of, and commensurate with, the nature, complexity and importance of the matters being handled.  The issues raised in the IRS federal income tax audits were extremely technical in nature and involved substantial amounts of money.  While a number of the issues involved in the IRS audits were resolved satisfactorily through settlement negotiations, one issue is presently docketed for litigation.  The New York State tax audit has been fully resolved.  The New York City tax audit issues, which are quite complex and also involve a substantial amount of money, are not yet resolved.  In order to provide a meaningful, independent analysis of each of the tax

-10-

audit issues, it was necessary for Sutherland to devote a significant amount of time both to reviewing each issue carefully and to determining the issue's appropriate settlement value.

37.    Sutherland has considerable experience in handling matters of this type. For that reason, it has been able to fulfill its assignments without an unreasonable expenditure of time, notwithstanding the complexity of the matters it has been asked to review.

### (E)    Board certification

38.    There is no special board certification for tax lawyers. All of the Sutherland partners, of counsel and associates who worked on matters for the Debtors during the Compensation Period have been admitted to the bar in one or more jurisdictions.

### (F)    Reasonableness of the compensation requested

39.    The Sutherland professionals involved in these chapter 11 cases have achieved a high degree of expertise in the tax field. That has enabled Sutherland to render high quality, efficient and timely service to the Debtors throughout the Compensation Period. Sutherland believes that its request for compensation is reasonable and that comparably skilled practitioners rendering similar services in a non-bankruptcy setting would be compensated at least at the same level, and more likely at a higher level due to the discount Sutherland has afforded the Debtors.

## REIMBURSEMENT OF EXPENSES

40.    For the Compensation Period, Sutherland requests approval for the reimbursement of $5,099.40 in actual and necessary expenses incurred on behalf of the Debtors. Exhibit C attached hereto provides a summary of such expenses, and Exhibit E attached hereto sets forth the details relating to such expenses.

41.    In accordance with the Fee Protocol, photocopying charges have been limited to 10 cents per page. There were no charges for working meals during the Compensation Period.

-11-

18105833.1

42.    Sutherland has made reasonable efforts to minimize its disbursements during the Compensation Period.  Each of the expenses incurred was considered to be necessary, reasonable and justified under the circumstances.

WHEREFORE, Sutherland respectfully requests that allowance be made to it for $1,029,638.50 as reasonable compensation for necessary professional services rendered to the Debtors during the Compensation Period, and that $5,099.40 be considered properly reimbursable to it for actual and necessary expenses incurring during the Compensation Period, and further requests such other relief as this Court may deem just and proper.

July 13, 2012                    SUTHERLAND ASBILL & BRENNAN LLP

                                By: _____
                                    Jerome B. Libin

                                    1275 Pennsylvania Ave., N.W.
                                    Washington, DC 20004
                                    Telephone:  202-383-0145
                                    Facsimile:   202-637-3593
                                    E-mail:  jerome.libin@sutherland.com

                                    Special Tax Counsel to the Debtors

-12-

18105833.1

**EXHIBIT A**

**CERTIFICATION OF JEROME B. LIBIN**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., et al. | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |

_____

**CERTIFICATION UNDER GUIDELINES WITH RESPECT TO FINAL FEE
APPLICATION OF SUTHERLAND ASBILL & BRENNAN LLP AS A SECTION
327(e) PROFESSIONAL, FOR ALLOWANCE OF COMPENSATION FOR
SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND
NECESSARY EXPENSES INCURRED DURING THE PERIOD FROM
FEBRUARY 1, 2010 THROUGH MARCH 6, 2012**

I, Jerome B. Libin, hereby certify that:

1.      I am a partner with the applicant firm, Sutherland Asbill & Brennan LLP

("Sutherland").  I submit this certification in accordance with the *Amended Guidelines for Fees*

*and Disbursements of Professionals in Southern District of New York Bankruptcy Cases,* adopted

by the Court on April 19, 1995 (the "Local Guidelines"); the *United States Trustee Guidelines*

*for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11*

*U.S.C. section 330*, adopted on January 30, 1996 (the "UST Guidelines"); this Court's *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 14968] (the "Interim Compensation Order"); and this Court's *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], as amended on April 14, 2011 [Docket No. 14969] (the "Fee Protocol Order," and together with the Local Guidelines, the UST Guidelines, and the Interim Compensation Order, the "Guidelines").

2.      This certification is made with respect to Sutherland's application, dated July 13, 2012 (the "Application"), for compensation and reimbursement of expenses for the period from February 1, 2010 through March 6, 2012 (the "Compensation Period"), in accordance with the Guidelines.

3.      With respect to Section B.1 of the Local Guidelines, I certify that:

     a.     I have read the Application;

     b.     to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

     c.     the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by Sutherland and generally accepted by Sutherland's clients; and

     d.     in providing a reimbursable service, Sutherland does not make a profit on that service, whether the service is performed by Sutherland in-house or through a third party.

4.      With respect to Section B.2 of the Local Guidelines, I certify that the Notice Parties identified in the Interim Compensation Order were provided with a detailed statement of fees and expenses incurred for each of the months included in the Compensation Period.

18105833.1

5.      With respect to section B.3 of the Local Guidelines, I certify that the Notice

Parties identified in the Interim Compensation Order are all being provided with a copy of this

Application.


July 13, 2012

Jerome B. Libin

SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone:  202-383-0145
Facsimile:  202-637-3593
E-mail:  jerome.libin@sutherland.com

Special Tax Counsel to the Debtors

-3-

## EXHIBIT B

### Professional Hours Billed During Compensation Period

#### Partners and Of Counsel

| Time Keeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Byrne, Thomas M. | 1981 | Partner | 20.50 | $480 | $  9,840.00 |
| Chase, Robert S. | 1997 | Partner | 15.10 | 540 | 8,154.00 |
| Fenichel, Eric | 1986 | Partner | 1.50 | 660 | 990.00 |
| Friedman, Jeffrey | 1995 | Partner | 51.70 | 600 | 31,060.00 |
| Jones, Kendall C. | 1976 | Of Counsel | 40.20 | 600 | 24,150.00 |
| Kranz, Stephen | 1992 | Partner | 5.60 | 500 | 2,800.00 |
| Langlois, David P. | 1971 | Partner | 2.60 | 720 | 1,872.00 |
| Libin, Jerome B. | 1961 | Partner | 260.00 | 800 | 208,000.00 |
| Ocasal, Christopher | 1993 | Partner | 52.50 | 660 | 34,650.00 |
| Serether, Jeffrey M. | 1981 | Partner | 133.90 | 600 | 80,516.00 |
| Simonetti, Marc | 2001 | Partner | 307.30 | 500 | 153,650.00 |
| Sparagna, Giovanna | 1980 | Partner | 79.10 | 740 | 58,534.00 |
| Tello, Carol P. | 1981 | Partner | 161.70 | 580 | 93,786.00 |
| Tresh, Eric S. | 1995 | Partner | 9.80 | 580 | 5,684.00 |
| Zeswitz, Karl | 1981 | Partner | 15.90 | 720 | 11,448.00 |
| Totals | | | 1,157.40 | | $  725,134.00 |

## EXHIBIT B – Continued

### Professional Hours Billed During Compensation Period

#### Associates

| Time Keeper | Admission Date | Position | Total Hours Billed | Hourly Rate | Total Amount Billed |
|---|---|---|---|---|---|
| Appleby, Andrew | 2008 | Associate | 134.80 | $300 | $ 40,440.00 |
| Atkins, Zachary | 2009 | Associate | 1.30 | 280 | 364.00 |
| Barlatt, Olatunji S. | 2010 | Associate | 10.30 | 265 | 2,729.50 |
| Booth, Scott | 2010 | Associate | 73.80 | 280 | 20,664.00 |
| Eberle, Maria | 2006 | Associate | 149.70 | 320 | 48,050.00 |
| Fersko, Seth | 2010 | Associate | 188.80 | 240 | 45,312.00 |
| Leonardi, Fabio | 2011 | Associate | 112.80 | 280 | 31,584.00 |
| Perkins, Leni C. | 2007 | Associate | 55.50 | 320 | 17,760.00 |
| Peterson, Daniel | 2011 | Associate | 2.40 | 285 | 684.00 |
| Pope, David | 2008 | Associate | 195.70 | 320 | 62,624.00 |
| Rudinsky, Jason M. | 2004 | Associate | 34.80 | 370 | 12,876.00 |
| Schirripa, Dominick | 2004 | Associate | 50.60 | 285 | 14,421.00 |
| Sims, Jolie A. | 2000 | Associate | 2.00 | 410 | 820.00 |
| Yopp, Mark W. | 2008 | Associate | 19.30 | 320 | 6,176.00 |
| Totals | | | 1,031.80 | | $ 304,504.50 |

**EXHIBIT C**

**Out-of-Pocket Expense Incurred During Compensation Period**

| | |
|---|---:|
| Meals:  Client Meetings: | $  993.62 |
| Online Legal Research: | 895.58 |
| Photocopies:   11,337 at $.05 | 566.85 |
| Phototcopies:  4,947 at $.10 | 494.70 |
| Travel: Ground Transportation: | 566.08 |
| Travel: Air | 320.70 |
| Travel: Train: | 246.00 |
| Travel: Lodging | 599.96 |
| Overnight Courier | 105.91 |
| Filing Fees | 310.00 |
| | |
| Totals: | $5,099.40 |

## EXHIBIT D

### Professional Services Rendered by Project Category During Compensation Period

| Client Number | Matter Number | Project Category | Hours Billed | Amount Billed |
|---|---|---|---|---|
| 29779 | 0001 | Tax | 7.70 | $    6,160.00 |
| 29779 | 0002 | Tax | .50 | 400.00 |
| 29779 | 0003 | Tax | 142.90 | 83,690.50 |
| 29779 | 0004 | Tax | 37.40 | 15,826.00 |
| 29779 | 0005 | Tax | 5.30 | 2,344.00 |
| 29779 | 0006 | Tax | 37.90 | 25,954.00 |
| 29779 | 0007 | Tax | 62.80 | 43,606.00 |
| 29779 | 0008 | Tax | 143.50 | 99,012.00 |
| 29779 | 0009 | Tax | 19.80 | 12,364.00 |
| 29779 | 0010 | Tax | 68.60 | 45,882.00 |
| 29779 | 0011 | Tax | 177.60 | 88,602.00 |
| 29779 | 0012 | Tax | 671.70 | 297,976.00 |
| 29779 | 0013 | Tax | 228.10 | 81,134.00 |
| 29779 | 0014 | Tax | 76.60 | 47,563.50 |
| 29779 | 0015 | Tax | 2.80 | 1,004.00 |
| 29779 | 0016 | Tax | 383.00 | 119,050.00 |
| 29779 | 0017 | Tax | 60.40 | 36,214.50 |
| 29779 | 0018 | Tax | 62.60 | 22,856.00 |
| Totals: | | | 2,189.20 | $  1,029,638.50 |

**EXHIBIT D – Continued**

**Project Detail**

| Client Number | Matter Name | Project Category | Attorney Name | Hours Billed | Amount Billed |
|---|---|---|---|---|---|
| 29779-0001 | Tax 2001-2007 | Tax | J. Libin | 7.70 | $ 6,160.00 |
| 29779-0002 | Tax 1997-2000 | Tax | J. Libin | .50 | 400.00 |
| 29779-0003 | General | Tax | K. Jones | 1.50 | 930.00 |
| | | | J. Libin | 75.50 | 60,400.00 |
| | | | T. Byrne | 13.20 | 6,336.00 |
| | | | C. Tello | 1.50 | 870.00 |
| | | | D. Schirripa | 49.70 | 14,164.50 |
| | | | E. Fenichel | 1.50 | 990.00 |
| 29779-0004 | NY State Franchise Tax Analysis | Tax | M. Simonetti | 12.10 | 6,050.00 |
| | | | M. Yopp | 19.30 | 6,176.00 |
| | | | J. Friedman | 6.00 | 3,600.00 |
| 29799-0005 | NY Sales and Use Tax | Tax | J. Sims | 2.00 | 820.00 |
| | | | E. Tresh | 2.00 | 1,160.00 |
| | | | Z.Atkins | 1.30 | 364.00 |
| 29779-0006 | Stockholm I | Tax | J. Libin | 12.20 | 9,760.00 |
| | | | T. Bryne | .40 | 192.00 |
| | | | G. Sparagna | 5.20 | 3,848.00 |
| | | | C. Ocasal | 6.20 | 4,092.00 |
| | | | C. Tello | 13.90 | 8,062.00 |
| 29779-0007 | Goodspeed | Tax | C. Tello | 17.10 | 9,918.00 |
| | | | J. Libin | 14.90 | 11,920.00 |
| | | | C. Ocasal | 12.80 | 8,448.00 |
| | | | G. Sparagna | 18.00 | 13,320.00 |
| 29779-0008 | Quattro | Tax | C. Ocasal | 26.50 | 17,490.00 |
| | | | G. Sparagna | 41.80 | 30,932.00 |
| | | | J. Libin | 31.70 | 25,360.00 |
| | | | C.Tello | 43.50 | 25,230.00 |

| 29779-0009 | Luxco | Tax | J. Libin | 4.00 | 3,200.00 |
| | | | C. Tello | 15.80 | 9,164.00 |
| | | | | | |
| 29779-0010 | Withholding Taxes | Tax | J. Libin | 14.90 | 11,920.00 |
| | | | C. Tello | 32.60 | 18,908.00 |
| | | | C. Ocasal | 7.00 | 4,620.00 |
| | | | G. Sparagna | 14.10 | 10,434.00 |
| | | | | | |
| 29779-0011 | Lehman-REMIC | Tax | J. Libin | 30.90 | 24,720.00 |
| | | | R. Chase | 15.10 | 8,154.00 |
| | | | L. Perkins | 55.50 | 17,760.00 |
| | | | K. Jones | 38.70 | 23,220.00 |
| | | | J. Rudinsky | 34.80 | 12,876.00 |
| | | | D. Langlois | 2.60 | 1,872.00 |
| | | | | | |
| 29779-0012 | NY State Audit Matter | Tax | J. Friedman | 37.60 | 22,600.00 |
| | | | M. Simonetti | 186.50 | 93,250.00 |
| | | | J. Serether | 133.90 | 80,516.00 |
| | | | M. Eberle | 149.70 | 48,050.00 |
| | | | S. Fersko | 128.10 | 30,744.00 |
| | | | D. Pope | 7.70 | 2,464.00 |
| | | | J. Libin | 21.30 | 17,040.00 |
| | | | T. Byrne | 6.90 | 3,312.00 |
| | | | | | |
| 29779-0013 | NY City Audit Matters | Tax | M. Simonetti | 70.90 | 35,450.00 |
| | | | A. Appleby | 83.40 | 25,020.00 |
| | | | S. Booth | 73.80 | 20,664.00 |
| | | | | | |
| 29779-0014 | Stock Loan | Tax | J. Libin | 29.00 | 23,200.00 |
| | | | C. Tello | 37.30 | 21,634.00 |
| | | | O. Barlatt | 10.30 | 2,729.50 |
| | | | | | |
| 29779-0015 | Worthless Stock | Tax | J. Libin | .40 | 320.00 |
| | | | D. Peterson | 2.40 | 684.00 |
| | | | | | |
| 29779-0016 | NY Real Property Transfer Tax | Tax | M. Simonetti | 19.90 | 9,950.00 |
| | | | S. Fersko | 60.70 | 14,568.00 |
| | | | E. Tresh | 7.80 | 4,524.00 |
| | | | D. Pope | 188.00 | 60,160.00 |
| | | | F. Leonardi | 106.60 | 29,848.00 |

| | | | | | |
|---|---|---|---|---|---|
| 29779-0017 | LBHI – Neuberger Berman | Tax | J. Libin | 17.00 | 13,600.00 |
| | | | K. Zeswitz | 15.90 | 11,448.00 |
| | | | J. Friedman | 8.10 | 4,860.00 |
| | | | M. Simonetti | 2.50 | 1,250.00 |
| | | | A. Appleby | 16.00 | 4,800.00 |
| | | | D. Schrripa | .90 | 256.50 |
| 29779-0018 | Minnesota Tax Matter | Tax | S. Kranz | 5.60 | 2,800.00 |
| | | | M. Simonetti | 15.40 | 7,700.00 |
| | | | A. Appleby | 35.40 | 10,620.00 |
| | | | F. Leonardi | 6.20 | 1,736.00 |
| Totals | | | | 2,189.20 | $ 1,029,638.50 |