MᴄKENNA LONG & ALDRIDGE LLP
230 Park Avenue
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819
Christopher F. Graham

MᴄKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile:  (404) 527-4198
Charles D. Weiss

*Special Counsel for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                                :
**In re**                                                       :       **Chapter 11 Case No.**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                    :       **08-13555 (JMP)**
                                                                :
                              **Debtors.**                      :       **(Jointly Administered)**
                                                                :
----------------------------------------------------------------x

**SUMMARY SHEETS ACCOMPANYING FINAL APPLICATION**
**OF MᴄKENNA LONG & ALDRIDGE LLP FOR ALLOWANCE OF**
**INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**Name of Applicant:**          McKenna Long & Aldridge LLP

**Role in the Case:**           Special Counsel to Debtors and Debtors in Possession

**Date of Retention:**          December 18, 2008, *Nunc Pro Tunc* to September 15, 2008

**Time Period:**                September 15, 2008 – March 6, 2012

**Application:**                Total Fees Requested:  $5,821,048.50

                                Total Expenses Requested:  $462,187.33

                                **This is a Final Application**

Total Fees Requested: $5,821,048.50[1]
Total Fees Paid: $5,415,872.27
Total Fees Outstanding: $364,321.59

Total Expenses Requested: $462,187.33[2]
Total Expenses Paid: $419,420.88
Total Expenses Outstanding: $36,729.95

Total Fee Application: $6,283,235.83

**Prior Applications:**    First Interim Fee Application Dated April 10, 2009

Second Interim Fee Application Dated August 14, 2009

Third Interim Fee Application Dated December 14, 2009

Fourth Interim Fee Application Dated April 16, 2010

Fifth Interim Fee Application Dated August 16, 2010

Sixth Interim Fee Application Dated December 14, 2010

Seventh Interim Fee Application Dated June 2, 2011

Eighth Interim Fee Application Dated August 15, 2011

Ninth Interim Fee Application Dated December 14, 2011

Tenth Interim Fee Application Dated May 21, 2012

---

[1]  McKenna seeks fees in the amount of $7,500.00 that were incurred after the effective date in resolving outstanding issues with respect to interim fee applications and preparing the tenth interim and final fee applications.

[2]  This total includes $5,000.00 in expenses that were inadvertently excluded from previous interim fee applications because, among other things, the expenses were processed after the interim fee period and therefore not included in the application for that particular period, as well as expenses that were incurred after the effective date.

## SUMMARY OF INTERIM FEE APPLICATIONS[1]

| Period Covered | Requested | | Paid | |
|---|---|---|---|---|
| | **Fees** | **Expenses** | **Fees** | **Expenses** |
| First 9/15/08-1/31/09 | $631,156.00 | $35,620.22 | $631,156.00 | $35,620.22 |
| Second 2/1/09-5/31/09 | $1,456,763.00 | $148,190.23 | $1,353,784.00 | $142,939.97 |
| Third 6/1/09-9/30/09 | $922,873.50 | $85,072.99 | $871,970.23 | $85,072.99 |
| Fourth 10/1/09-1/31/10 | $813,049.00 | $92,211.99 | $764,215.24 | $61,307.24 |
| Fifth 2/1/10-5/31/10 | $612,775.50 | $24,983.20 | $490,220.40 | $24,983.20 |
| Sixth 6/1/10-9/30/10 | $460,318.50 | $25,608.10 | $445,318.50 | $25,289.80 |
| Seventh 10/1/10-1/31/11 | $525,313.50 | $25,892.87 | $518,560.50 | $25,424.93 |
| Eighth 2/1/11-5/31/11 | $249,123.00 | $7,008.50 | $246,123.00 | $7,008.50 |
| Ninth 6/1/11-9/30/11 | $106,759.50 | $11,398.24 | $85,407.60 | $11,398.24 |
| Tenth 10/1/11-3/6/12 | $35,417.00 | $1,200.99 | $9,116.80 | $375.79 |
| **Application Total** | **$5,813,548.50** | **$457,187.33** | **$5,415,872.27** | **$419,420.88** |
| Additional Fees and Expenses[2] | $7,500.00 | $5,000.00 | $0.00 | $0.00 |
| **Final Total** | **$5,821,048.50** | **$462,187.33** | **$5,415,872.27** | **$419,420.88** |

---

[1]  Attached as Exhibit E is a chart summarizing the amount of fees and expenses initially requested, the amount of fees and expenses awarded, any agreed upon reductions and any amounts subject to ongoing negotiations.

[2]  McKenna seeks additional fees in the amount of $7,500.00 that were incurred after the effective date in resolving outstanding issues with respect to interim fee applications and preparing the tenth interim and final fee applications. McKenna also seeks $5,000.00 as reimbursement for expenses that were inadvertently excluded from previous interim fee applications because, among other things, the expenses were processed after the interim fee period and therefore not included in the application for that particular period, as well as expenses that were incurred after the effective date.

## SUMMARY OF RATES, HOURS, AND FEES FOR SERVICES RENDERED DURING FINAL FEE APPLICATION PERIOD

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Christopher F. Graham | Partner, New York | 1983 | $785.00<br>$760.00<br>$725.00<br>$700.00 | 65.00<br>261.10<br>101.00<br>35.30 | $51,025.00<br>$198,436.00<br>$73,225.00<br>$24,710.00 |
| Mark S. Kaufman | Partner, Atlanta | 1973 | $675.00<br>$650.00<br>$600.00<br>$570.00 | 30.80<br>581.20<br>1476.50<br>286.80 | $20,790.00<br>$377,780.00<br>$885,900.00<br>$163,476.00 |
| John G. Aldridge | Partner, Atlanta | 1968 | $625.00 | 0.50 | $312.50 |
| William L. Floyd | Senior Counsel, Atlanta | 1965 | $595.00 | 0.30 | $178.50 |
| Patrick M. McGeehan | Partner, Atlanta | 1983 | $550.00<br>$525.00 | 2.80<br>134.30 | $1,540.00<br>$70,507.50 |
| Charles D. Weiss | Partner, Atlanta | 1989 | $550.00<br>$525.00<br>$475.00<br>$450.00 | 7.70<br>78.50<br>271.80<br>105.50 | $4,235.00<br>$41,212.50<br>$129,105.00<br>$47,475.00 |
| Gary W. Marsh | Partner, Atlanta | 1985 | $525.00<br>$500.00<br>$475.00<br>$450.00 | 3.00<br>17.20<br>119.30<br>54.00 | $1,575.00<br>$8,600.00<br>$56,667.50<br>$24,300.00 |
| Donald M. Etheridge | Partner, Atlanta | 1996 | $520.00<br>$495.00 | 3.00<br>2.90 | $1,560.00<br>$1,435.50 |
| Paul C. Hurdle, III | Partner, Washington | 1977 | $500.00<br>$475.00<br>$470.00 | 47.50<br>16.30<br>7.00 | $23,750.00<br>$7,742.50<br>$3,290.00 |
| Alan F. Kaufman | Partner, New York | 2000 | $475.00<br>$450.00<br>$400.00 | 206.20<br>311.40<br>105.20 | $97,945.00<br>$138,365.00<br>$42,080.00 |
| James D. Levine | Partner, Atlanta | 1982 | $460.00 | 4.20 | $1,932.00 |
| Henry F. Sewell | Partner, Atlanta | 1986 | $460.00<br>$440.00 | 28.50<br>13.80 | $13,110.00<br>$6,072.00 |
| Jason M. Silverman | Associate, Washington | 2001 | $460.00 | 0.90 | $414.00 |
| Matthew James | Associate, Atlanta | 2004 | $305.00<br>$230.00 | 6.30<br>10.90 | $1,921.50<br>$2,507.00 |

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Brian Olasov | Managing Director, Atlanta | N/A | $450.00 | 19.20 | $8,640.00 |
| Laurence R. Phillips | Partner, San Diego | 1997 | $450.00<br>$430.00 | 2.70<br>2.90 | $1,215.00<br>$1,247.00 |
| Gerald Walling | Counsel, Atlanta | 1972 | $445.00<br>$430.00<br>$410.00<br>$395.00 | 30.30<br>282.20<br>745.50<br>77.70 | $13,483.50<br>$120,234.00<br>$305,860.00<br>$30,691.50 |
| B. Summer Chandler | Partner, Atlanta | 2001 | $435.00<br>$400.00<br>$355.00<br>$340.00 | 3.50<br>89.90<br>1006.70<br>182.90 | $1,522.50<br>$35,721.50<br>$357,378.50<br>$62,186.00 |
| Katherine M. Lewis | Partner, Atlanta | 2000 | $430.00<br>$400.00<br>$380.00 | 9.40<br>78.70<br>37.00 | $4,042.00<br>$31,480.00<br>$14,060.00 |
| David A. Geiger | Partner, Atlanta | 1998 | $425.00<br>$395.00<br>$375.00 | 50.80<br>649.20<br>136.40 | $21,590.00<br>$256,434.00<br>$51,150.00 |
| Thomas D. Hall | Senior Counsel, Atlanta | 1983 | $425.00 | 3.60 | $1,530.00 |
| Jill C. Kuhn | Associate, Atlanta | 1999 | $425.00<br>$400.00 | 54.50<br>293.70 | $23,162.50<br>$117,480.00 |
| J. David Larsen | Partner, Los Angeles | 1997 | $425.00 | 6.40 | $2,720.00 |
| Jane Moffat | Associate, Washington | 2007 | $425.00 | 4.10 | $1,742.50 |
| James W. Culbreth | Counsel, Atlanta | 1974 | $420.00<br>$405.00 | 21.30<br>2.60 | $8,946.00<br>$1,053.00 |
| Jessica H. Mayes | Associate, New York | 2009 | $415.00<br>$350.00 | 10.40<br>36.50 | $4,316.00<br>$12,775.00 |
| Rebecca Tingey | Associate, New York | 2007 | $410.00<br>$390.00 | 78.60<br>128.50 | $32,226.00<br>$50,115.00 |
| Alison M. Elko | Associate, Atlanta | 2003 | $375.00<br>$335.00<br>$305.00<br>$255.00 | 249.60<br>419.20<br>509.80<br>79.00 | $93,912.50<br>$140,432.00<br>$155,489.00<br>$20,145.00 |
| Jess A. Pinkerton | Partner, Atlanta | 1997 | $400.00 | 0.30 | $120.00 |
| Timothy J. Plunkett | Associate, New York | 2007 | $390.00<br>$365.00 | 205.80<br>17.60 | $80,262.00<br>$6,424.00 |

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Samantha Rein | Associate, Atlanta | 2000 | $365.00 | 3.30 | $1,204.50 |
| Megan B. Hoffman | Associate, Washington | 2007 | $350.00 | 197.40 | $69,090.00 |
| Douglas Flaum | Associate, Atlanta | 2006 | $335.00 $305.00 $255.00 | 57.90 476.50 61.60 | $19,366.50 $145,332.50 $15,708.00 |
| David Gordon | Associate, Atlanta | 2006 | $320.00 $285.00 $255.00 | 104.00 1116.70 222.70 | $33,280.00 $318,259.50 $56,788.50 |
| Amanda Leech | Associate, Atlanta | 2006 | $320.00 | 0.30 | $96.00 |
| Peter Yoxall | Associate, Atlanta | 2007 | $320.00 $235.00 | 5.00 10.20 | $1,600.00 $2,397.00 |
| Ian Byrnside | Associate, Atlanta | 2008 | $315.00 $285.00 | 51.60 92.10 | $16,254.00 $26,248.50 |
| Leah D. Jackson | Associate, Atlanta | 2005 | $305.00 | 38.00 | $11,590.00 |
| James H. Ludlam | Associate, Atlanta | 2002 | $305.00 | 55.60 | $16,931.00 |
| Scott Manning | Associate, Atlanta | 2007 | $305.00 | 0.20 | $61.00 |
| S. Elizabeth Hall | Associate, Atlanta | 2005 | $290.00 | 0.10 | $29.00 |
| Britney J. Willhite | Associate, Los Angeles | 2007 | $290.00 | 0.80 | $232.00 |
| Sharice V. Owens | Associate, Atlanta | 2006 | $285.00 | 50.60 | $14,421.00 |
| Amanda Redick | Associate, Atlanta | 2006 | $285.00 | 155.20 | $44,232.00 |
| Suneel C. Gupta | Associate, Atlanta | 2006 | $195.00 | 0.90 | $175.50 |
| Adam Linkner | Summer Associate, Atlanta | N/A | $225.00 | 39.20 | $8,820.00 |
| Theron Mclarty | Summer Associate, Atlanta | N/A | $225.00 | 7.60 | $1,710.00 |
| | | Professionals: | Blended Rate: $425.93 | Total Hours: 12670.70 | Total Fees: $5,396,787.50 |

3

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Carol S. Wagner | Paralegal, Washington | N/A | $255.00 | 7.20 | $1,836.00 |
| Karen Johnson | Paralegal, Washington | N/A | $255.00 | 12.50 | $3,187.50 |
| Wendy Armstrong | Paralegal, DC | N/A | $250.00 | 15.10 | $3,775.00 |
| Hillard T. Moore | Litigation Support Manager, Washington | N/A | $250.00<br>$225.00 | 3.90<br>26.50 | $645.00<br>$5,962.50 |
| Angela King | Paralegal, Washington | N/A | $245.00 | 12.70 | $3,111.50 |
| Valerie T. Lam | Paralegal, Washington | N/A | $240.00 | 6.10 | $1,464.00 |
| Ann Pearson | Paralegal, Atlanta | N/A | $240.00<br>$225.00 | 50.40<br>1.10 | $12,096.00<br>$247.50 |
| Fran L. Russell | Paralegal, Atlanta | N/A | $240.00<br>$225.00 | 105.30<br>499.10 | $25,272.00<br>$112,297.50 |
| LaTandra D. Williams | Litigation Support Analyst, Atlanta | N/A | $240.00<br>$170.00<br>$160.00<br>$155.00 | 6.00<br>18.20<br>23.70<br>43.00 | $1,440.00<br>$3,094.00<br>$3,792.00<br>$6,764.00 |
| Robert M. Gee | Paralegal, New York | N/A | $235.00<br>$225.00<br>$210.00<br>$200.00 | 45.50<br>194.50<br>10.70<br>4.30 | $10,692.50<br>$43,762.50<br>$2,247.00<br>$860.00 |
| Bruce S. Markowitz | Director of Litigation Support, Washington | N/A | $235.00 | 1.20 | $282.00 |
| Jan E. Reed | Paralegal, Atlanta | N/A | $225.00<br>$215.00 | 102.60<br>232.20 | $23,085.00<br>$49,923.00 |
| Michelle S. Grycner | Paralegal, San Diego | N/A | $215.00 | 143.40 | $30,831.00 |
| Kimberly M. Bookout | Paralegal, Atlanta | N/A | $215.00 | 2.90 | $623.50 |
| Janet L. Tobin | Paralegal, Atlanta | N/A | $210.00<br>$200.00 | 36.20<br>104.40 | $7,602.00<br>$20,880.00 |
| Sue Plunkett | Paralegal, Atlanta | N/A | $210.00<br>$195.00<br>$185.00 | 15.20<br>44.70<br>3.00 | $3,192.00<br>$9,094.50<br>$555.00 |

4

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| Inghe Francois | Paralegal, Atlanta | N/A | $205.00 $190.00 | 10.50 2.70 | $2,152.50 $513.00 |
| Joyce Miller | Paralegal, Atlanta | N/A | $195.00 | 1.10 | $214.50 |
| Christine Everheart | Litigation Support Specialist, San Diego | N/A | $190.00 $180.00 | 3.30 3.40 | $627.00 $612.00 |
| Lashaunda M. Stafford | Paralegal, Atlanta | N/A | $185.00 $170.00 | 40.80 13.70 | $7,548.00 $2,329.00 |
| Cindy Adams | Research Librarian, Atlanta | N/A | $180.00 | 0.70 | $126.00 |
| Lou Ellen Runyan | Research Librarian, Atlanta | N/A | $180.00 | 2.00 | $360.00 |
| Elisa R. Woods | Research Librarian, Atlanta | N/A | $175.00 | 1.30 | $227.50 |
| Shay K. Burdette | Paralegal, Atlanta | N/A | $175.00 | 47.60 | $8,330.00 |
| Nan E. Morgan | Paralegal, Atlanta | N/A | $170.00 | 13.70 | $2,329.00 |
| Ken Berton | Paralegal, DC | N/A | $165.00 | 1.60 | $264.00 |
| Erik W. Bolte | Litigation Support Analyst, Washington | N/A | $165.00 $160.00 $155.00 | 6.30 1.20 1.40 | $1,039.50 $192.00 $222.00 |
| Sansanee Sermprungsuk | Research Librarian, Atlanta | N/A | $145.00 $140.00 | 3.20 0.80 | $464.00 $112.00 |
| Douglas T. Malerba | Research Librarian, Washington | N/A | $130.00 | 2.00 | $260.00 |
| Laura B. Neubauer | Paralegal, Atlanta | N/A | $125.00 | 46.90 | $5,862.50 |
| Sarah E. Cundiff (Sarah E. Forshee) | Paralegal, Atlanta | N/A | $85.00 | 1.10 | $93.50 |
| | Paraprofessionals: | | Blended Rate: $213.72 | Total Hours: 1976.90 | Total Fees: $422,492.50 |

5

| Name of Professional | Title and Office | Year Admitted | Billing Rate(s) | Total Hours | Total Amount Billed |
|---|---|---|---|---|---|
| **Total for Professionals and Paraprofessionals:** | | | | **Total Hours: 14647.60** | **Total Fees: $5,819,280.00** |

McKENNA LONG & ALDRIDGE LLP
230 Park Avenue
New York, New York  10169
Telephone: (212) 922-1800
Facsimile:  (212) 922-1819
Christopher F. Graham

McKENNA LONG & ALDRIDGE LLP
303 Peachtree Street, N.E., Suite 5300
Atlanta, Georgia  30308
Telephone: (404) 527-4000
Facsimile:  (404) 527-4198
Charles D. Weiss

*Special Counsel for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
                                                        :
**In re**                                               :        **Chapter 11 Case No.**
                                                        :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,             :        **08-13555 (JMP)**
                                                        :
                        **Debtors.**                    :        **(Jointly Administered)**
                                                        :
                                                        :
----------------------------------------------------------------x

**FINAL APPLICATION OF McKENNA LONG & ALDRIDGE LLP**
**FOR ALLOWANCE OF INTERIM COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        McKenna Long & Aldridge LLP ("McKenna" or "Applicant"), Special Counsel for

Lehman Brothers Holdings Inc. (the "Debtor") and certain of its subsidiaries, as debtors and

debtors in possession (collectively, the "Debtors"), as well as their non-debtor affiliates

(collectively with the Debtors, "Lehman"), files the Final Application of McKenna Long &

Aldridge LLP for Allowance of Compensation and Reimbursement of Expenses (the "Final Fee

Application" or this "Application") relating to the above-referenced bankruptcy case for the period from September 15, 2008 through March 6, 2012 (the "Final Fee Application Period"). Pursuant to the Final Fee Application, McKenna seeks final approval of compensation for professional services McKenna performed in the total amount of $5,821,048.50 and allowance of its actual and necessary expenses incurred in the total amount of $462,187.33.[1] McKenna files this Final Fee Application pursuant to Section 330 of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code"), Rule 2016(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Order Appointing Fee Committee and Approving Fee Application Protocol [Docket No. 3651] (the "Fee Order") and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Fourth Amended Interim Compensation Procedures Order"). The total amount sought for fees during the Final Fee Application Period represents approximately 12,670.70 hours of professional services and 1,976.90 hours of paraprofessional services, with blended rates of $425.93 for professionals and $213.72 for paraprofessionals. In support of this Final Fee Application, McKenna shows the Court the following:

---

[1]  McKenna seeks (i) final approval of compensation for professional services McKenna performed during Final Fee Application Period in the total amount of $5,813,548.50; (ii) allowance of its actual and necessary expenses incurred during the Final Fee Application Period in the total amount of $457,187.33; (iii) final approval of compensation for professional services McKenna performed after the effective date in the amount of $7,500.00; and (iv) allowance of additional actual and necessary expenses incurred during the Final Fee Application Period and after the effective date in the total amount of $5,000.00.

**Background of the Chapter 11 Cases**

1.      On September 15, 2008 and periodically thereafter (the "Commencement Date"),
the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the
United States Bankruptcy Court for the Southern District of New York.  These Chapter 11 cases
have been consolidated for procedural purposes only and are being jointly administered under
Case No. 08-13555 (JMP) pursuant to Bankruptcy Rule 1015(b).  The Debtors are authorized to
operate their businesses and manage their properties as debtors in possession pursuant to
Sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of
New York (Region 2) (the "U.S. Trustee") appointed the official committee of unsecured
creditors pursuant to Section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On September 19, 2008, a proceeding was commenced under the Securities
Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI").  A
trustee appointed under SIPA (the "SIPC Trustee") is administering LBI's estate.

4.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner
in the above-captioned Chapter 11 cases (the "Examiner") and by order, dated January 20, 2009
[Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner.  The
Examiner issued a report of his investigation pursuant to Section 1106 of the Bankruptcy Code
on March 11, 2010 [Docket No. 7531].

5.      On May 26, 2009, the Court appointed a fee committee (the "Fee Committee")
and approved a fee protocol (the "Fee Protocol") in the above-captioned Chapter 11 cases
pursuant to an order of the same date [Docket No. 3651].  On January 24, 2011, the Court

3

entered an order appointing Richard A. Gitlin as Successor Independent Member of the Fee Committee [Docket No. 14117].

6.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") [Docket Nos. 19627 and 19629].   On September 1, 2011, the Bankruptcy Court entered an amended order [Docket No. 19631] approving the Disclosure Statement, establishing solicitation and voting procedures in connection with the Plan, scheduling the confirmation hearing and establishing notice and objection procedures for the confirmation hearing.

7.      On September 15, 2011, the Bankruptcy Court entered an order [Docket No. 20016] approving a modification to the Disclosure Statement.

8.      On December 6, 2011, the Bankruptcy Court entered an order [Docket No. 23023] confirming the Plan (as subsequently supplemented, amended and/or modified).

**The Debtors' Businesses**

9.      Prior to the events leading up to these Chapter 11 cases, Lehman was the fourth largest investment bank in the United States.   For more than 150 years, Lehman had been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10.      Additional information regarding the Debtors' businesses, capital structures and the circumstances leading to the commencement of these Chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Jurisdiction**

11.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b); this matter is a core proceeding under 28 U.S.C. § 157(b).

**McKenna's Retention**

12.     On December 2, 2008, the Debtors filed the Application of the Debtors Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2021] (the "Employment Application").   On December 18, 2008, the Court entered the Order Pursuant to Sections 327(e) and 328(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain McKenna Long & Aldridge LLP as Special Counsel to the Debtors, *Nunc Pro Tunc* to the Commencement Date [Docket No. 2309] (the "Order Authorizing Employment").   No objections to the Employment Application were filed, and, accordingly, the Order Authorizing Employment became final.

**Interim Compensation Procedures**

13.     On October 11, 2008, the Debtors filed the Motion Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) for Authorization to Establish Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 833] (the "Interim Compensation Motion").     A hearing on the Interim Compensation Motion was held on November 5, 2008.

14.     On November 5, 2008, the Court entered the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for

Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1388] (the "Interim Compensation Order").

15.     On November 11, 2008, the Debtors filed the Notice of Presentment of Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 1449] requesting that the Court amend the Interim Compensation Order.

16.     On November 19, 2008, the Court entered the Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 1604] (the "Amended Interim Compensation Procedures Order").

17.     On March 9, 2009, the Debtors filed the Notice of Presentment of Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3029] requesting that the Court amend the Amended Interim Compensation Procedures Order.

18.     On March 13, 2009 the Court entered the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 3102] (the "Second Amended Interim Compensation Procedures Order").

19.     On May 26, 2009, the Court entered the Fee Order in the above-styled case.

20.     On June 13, 2009, the Debtors filed the Notice of Presentment of Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for

Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 3915] requesting that the Court amend the Second Amended Interim Compensation Procedures Order.

21.    On June 25, 2009 the Court entered the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165] (the "Third Amended Interim Compensation Procedures Order").

22.    On January 24, 2011, the Court entered an order modifying the composition of the Fee Committee that had been previously appointed in these Chapter 11 cases and appointed Richard A. Gitlin as Successor Independent Member of the Fee Committee [Docket No. 14117].

23.    On March 11, 20011, the Debtors filed the Notice of Presentment of Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 14968] requesting that the Court amend the Third Amended Interim Compensation Procedures Order.

24.    On April 6, 2011, the Debtors filed the Notice of Revised Proposed Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals [Docket No. 15678] requesting that the Court amend the Third Amended Interim Compensation Procedures Order.

25.    On April 14, 2011 the Court entered the Fourth Amended Interim Compensation Procedures Order.

26.    Pursuant to Sections 105(a) and 331 of the Bankruptcy Code, Bankruptcy Rule 2016(a) and standing General Orders M-219 and M-348 of the Bankruptcy Court for the

7

Southern District of New York, the Fourth Amended Interim Compensation Procedures Order authorizes the interim monthly compensation and reimbursement of expense procedures set forth in the Interim Compensation Motion.

27.     The Fee Order and the Fourth Amended Interim Compensation Procedures Order authorize professionals paid from the Debtors' bankruptcy estates to serve monthly statements ("Monthly Statements"), via hand or overnight delivery, seeking payment for services rendered and for out-of-pocket expenses or other charges incurred on or before the thirtieth (30th) day of each month following the month for which compensation is sought on (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.  The Fourth Amended Interim Compensation Order authorizes the Debtors to pay professionals eighty percent (80%) of fees requested and one hundred percent (100%) of expenses identified in each Monthly Statement, if no objection is made to such Monthly Statement.

### McKenna's Interim Fee Applications

28.     McKenna has filed ten interim fee applications (the "Ten Interim Fee Applications") for professional services performed and actual and necessary expenses incurred during the Final Fee Application Period.

29.     On April 10, 2009, McKenna filed the First Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket No. 3332] (the "First Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from September 15, 2008 through and including January 31, 2009 (the "First Interim Period") in the total amount of $631,156.00; and (ii)

8

allowance of its actual and necessary expenses incurred during the First Interim Period in the total amount of $35,620.22.  The total amount sought for fees represents approximately 1518.1 hours of professional services and 183.3 hours of paraprofessional services, for a total blended rate of $357.74.

30.    On August 14, 2009, McKenna filed the Second Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket No. 4814] (the "Second Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from February 1, 2009 through and including May 31, 2009 (the "Second Interim Period") in the total amount of $1,456,763.00; and (ii) allowance of its actual and necessary expenses incurred during the Second Interim Period in the total amount of $148,190.23.  The total amount sought for fees represents approximately 3306.9 hours of professional services and 415.4 hours of paraprofessional services, with blended rates of $419.22 for professionals and $181.16 for paraprofessionals.

31.    On December 14, 2009, McKenna filed the Third Application of McKenna Long & Aldridge LLP for Allowance of Compensation and Reimbursement of Expenses [Docket No. 6179] (the "Third Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from June 1, 2009 through September 30, 2009 (the "Third Interim Period") in the total amount of $922,873.50; and (ii) allowance of its actual and necessary expenses incurred during the Third Interim Period in the total amount of $85,072.99.[2] The total amount sought for fees represents approximately 2178.4 hours of professional services

---

[2]  The services that McKenna rendered to the debtors during the Third Interim Period required 2411.6 hours of the time of professionals and paraprofessionals.  During the Third Interim Compensation Period, McKenna incurred fees in the amount of $924,446.50.  McKenna has reduced its fees and is seeking compensation in the amount of $922,873.50 for 2403.3 hours.  This amount does not include additional discretionary reductions made by McKenna in the exercise of billing judgment.

and 233.2 hours of paraprofessional services, with blended rates of $406.57 for professionals and $183.00 for paraprofessionals.

32.     On April 16, 2010, McKenna filed the Fourth Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket No. 8406] (the "Fourth Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from October 1, 2009 through January 31, 2010 (the "Fourth Interim Period") in the total amount of $813,049.00; and (ii) allowance of its actual and necessary expenses incurred during the Fourth Interim Period in the total amount of $92,211.99.[3] The total amount sought for fees represents approximately 1879.90 hours of professional services and 167.70 hours of paraprofessional services, with blended rates of $413.20 for professionals and $211.01 for paraprofessionals.

33.     On August 16, 2010, McKenna filed the Fifth Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket Nos. 10755, 10778] (the "Fifth Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from February 1, 2010 through May 31, 2010 (the "Fifth Interim Period") in the total amount of $612,775.50; and (ii) allowance of its actual and necessary expenses incurred during the Fifth Interim Period in the total amount of $24,983.20.[4] The total amount sought for fees represents approximately 1102.5 hours of professional services

---

[3]  The services that McKenna rendered to the debtors during the Fourth Interim Period incurred fees in the amount of $813,049.00 for 2,048.90 hours of the time of professionals and paraprofessionals (not including discretionary reductions made by McKenna in the exercise of billing judgment).  However, McKenna has calculated that its timekeepers billed 2,047.60 hours, and, given the timekeepers' billing rates, the amount of fees incurred was $812,157.00.

[4]   During the Fifth Interim Period, McKenna incurred fees in the amount of $613,988.50 for 1,431.1 hours of the time of professionals and paraprofessionals (not including discretionary reductions).  Notwithstanding, in the exercise of its billing judgment, McKenna sought fees in the lesser amount of $612,775.50 for 1,427 hours of the time of professionals and paraprofessionals.

and 328.6 hours of paraprofessional services, with blended rates of $490.72 for professionals and $222.05 for paraprofessionals.

34.    On December 14, 2010, McKenna filed the Sixth Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket No. 13449] (the "Sixth Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from June 1, 2010 through September, 2010 (the "Sixth Interim Period") in the total amount of $460,318.50; and (ii) allowance of its actual and necessary expenses incurred during the Sixth Interim Period in the total amount of $25,608.10.[5] The total amount sought for fees represents approximately 990.6 hours of professional services and 155.2 hours of paraprofessional services, with blended rates of $434.05 for professionals and $201.27 for paraprofessionals.

35.    On June 2, 2011, McKenna filed the Seventh Application of McKenna Long & Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket No. 17302] (the "Seventh Interim Fee Application") seeking (i) allowance of compensation for professional services McKenna performed from October 1, 2010 through January 31, 2011 (the "Seventh Interim Period") in the total amount of $525,313.50; and (ii) allowance of its actual and necessary expenses incurred during the Seventh Interim Period in the total amount of $25,892.87.    The total amount sought for fees represents approximately 907.4 hours of professional services and 396.2 hours of paraprofessional services, with blended rates of $486.91 for professionals and $210.74 for paraprofessionals.

---

[5]  During the Sixth Interim Period, McKenna incurred fees in the amount of $461,207.00 for 1,145.8 hours of the time of professionals and paraprofessionals (not including discretionary reductions).   Notwithstanding, in the exercise of its billing judgment, McKenna sought fees in the lesser amount of $460,318.50 for 1,143.8 hours of the time of professionals and paraprofessionals.

11

36.    On August 15, 2011, McKenna filed the Eighth Application of McKenna Long &
Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket
No. 19237] (the "Eighth Interim Fee Application") seeking (i) allowance of compensation for
professional services McKenna performed from February 1, 2011 through May 31, 2011 (the
"Eighth Interim Period") in the total amount of $249,123.00; and (ii) allowance of its actual and
necessary expenses incurred during the Eighth Interim Period in the total amount of $7,008.50.
The total amount sought for fees represents approximately 449 hours of professional services and
159.2 hours of paraprofessional services, with blended rates of $486.67 for professionals and
$210.71 for paraprofessionals.

37.    On December 14, 2011, McKenna filed the Ninth Application of McKenna Long
& Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses
[Docket Nos. 23304, 23308] (the "Ninth Interim Fee Application") seeking (i) allowance of
compensation for professional services McKenna performed from June 1, 2011 through
September 30, 2011 (the "Ninth Interim Period") in the total amount of $106,759.50; and (ii)
allowance of its actual and necessary expenses incurred during the Ninth Interim Period in the
total amount of $11,398.24.  The total amount sought for fees represents approximately 242.20
hours of professional services and 4.70 hours of paraprofessional services, with blended rates of
$436.28 for professionals and $232.45 for paraprofessionals.

38.    On May 21, 2012, McKenna filed the Tenth Application of McKenna Long &
Aldridge LLP for Allowance of Interim Compensation and Reimbursement of Expenses [Docket
No. 27960] (the "Tenth Interim Fee Application") seeking (i) allowance of compensation for
professional services McKenna performed from October 1, 2011 through March 6, 2012 (the
"Tenth Interim Period") in the total amount of $35,417.00; and (ii) allowance of its actual and

necessary expenses incurred during the Tenth Interim Period in the total amount of $1,200.99.
The total amount sought for fees represents approximately 93.7 hours of professional services,
with blended rates of $377.98 for professionals.

39.    A chart summarizing the amount of fees and expenses initially requested in the
Ten Interim Fee Applications, the amount of fees and expenses awarded, any agreed upon
reductions and any amounts subject to ongoing negotiations is attached hereto as Exhibit "E".

### McKenna's Final Fee Application

40.    In accordance with Section 330 of the Bankruptcy Code, Bankruptcy Rule 2016,
the Fee Committee Order and the Fourth Amended Interim Compensation Procedures Order,
McKenna seeks: (i) allowance of compensation for professional services McKenna performed in
the total amount of $5,821,048.50; and (ii) allowance of its actual and necessary expenses
incurred in the total amount of $462,187.33.

41.    By this Application, McKenna submits its Monthly Statements in the total amount
of $6,270,735.83 (fees in the amount of $5,813,548.50 and expenses in the amount of
$457,187.33) for services performed and expenses incurred during the Final Fee Application
Period, for which Applicant seeks final approval as an administrative expense.  During the Final
Fee Application Period, McKenna received payment from the Debtors in the amount of
$5,835,293.15 (fees in the amount of $5,415,872.27 and expenses in the amount of $419,420.88).
McKenna has an outstanding balance, as of the date of this Application, of no less than
$388,551.54 (fees in the amount of $356,821.59 and expenses in the amount of $31,729.95) for
which McKenna seeks an award of compensation as for the Final Fee Application Period.

42.    By this Application, McKenna seeks additional fees in the amount of $7,500.00
that were incurred after the effective date in resolving outstanding issues with respect to interim
fee applications and preparing the Tenth Interim Fee Application and this Final Fee Application.

13

McKenna also seeks $5,000.00 as reimbursement for expenses that were inadvertently excluded from the interim fee applications because, among other things, the expenses were processed after the interim fee period and therefore not included in the application for that particular period, as well as expenses that were incurred after the effective date.

43.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these Chapter 11 cases.  McKenna has served a copy of this Application upon (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.

44.     Under Section 330 of the Bankruptcy Code, the Court may allow compensation and reimbursement of McKenna's expenses only after notice and hearing.  Bankruptcy Rule 2002(a) provides that hearings on applications for compensation and reimbursement of expenses totaling in excess of $1,000 must be on twenty (20) day notice to parties in interest.  Section 331 of the Bankruptcy Code authorizes the filing of interim fee applications.  This Application is the final application made by McKenna under Section 330 of the Bankruptcy Code.

45.     All legal services performed by McKenna were performed for and on behalf of Lehman and not on behalf of any committee, creditor, or other person or entity.

46.     Attached hereto as Exhibit "C" is a summary of the hours and fees for the Final Fee Application Period for which compensation is sought.

47.     Attached hereto as Exhibit "D" is a summary of the expenses for the Final Fee Application Period for which reimbursement is sought.

48.     Attached hereto as Exhibit "E" is a summary of the amount of fees and expenses initially requested in the Ten Interim Fee Applications, the amount of fees and expenses awarded, any agreed upon reductions and any amounts subject to ongoing negotiations.

49.     The Ten Interim Fee Applications filed by McKenna contained copies of Monthly Statements for the periods covered during each prior application.  The Monthly Statements sort the time descriptions by code, related to the type of projects or tasks reflected in the time entries.

50.     The following is a brief summary of the qualifications of each of the professionals from McKenna representing the Debtors for which compensation is sought:

_Professionals_:

        Christopher F. Graham:  Christopher F. Graham is a partner with the law firm of McKenna, practicing since 1983, who has experience in bankruptcy matters.

        Mark S. Kaufman:   Mark S. Kaufman is a partner with the law firm of McKenna, practicing since 1973, who has experience in bankruptcy matters.

        John G. Aldridge:   John G. Aldridge is senior counsel to the law firm of McKenna, practicing since 1968, who has experience in commercial real estate finance and development.

        William L. Floyd:   William L. Floyd is senior counsel to the law firm of McKenna, practicing since 1965, who has experience in corporate finance matters.

        Patrick M. McGeehan:  Patrick M. McGeehan is a partner with the law firm of McKenna, practicing since 1983, who has experience in commercial real estate finance and development.

        Donald M. Etheridge: Donald M. Etheridge is a partner with the law firm of McKenna, practicing since 1996, who has experience in federal, state and local tax matters.

        Paul C. Hurdle, III:  Paul C. Hurdle, III is a partner with the law firm of McKenna, practicing since 1977, who has experience in commercial real estate finance and development.

Gary W. Marsh:  Gary W. Marsh is a partner with the law firm of McKenna, practicing since 1985, who has experience in bankruptcy matters.

Charles D. Weiss:  Charles D. Weiss is a partner with the law firm of McKenna, practicing since 1989, who has experience in commercial real estate finance and development.

Henry F. Sewell, Jr.:  Henry F. Sewell, Jr. is a partner with the law firm of McKenna, practicing since 1986, who has experience in bankruptcy matters.

James D. Levine: James D. Levine is a partner with the law firm of McKenna, practicing since 1982, who has experience in environmental matters relating to corporate and real estate transactions.

Jason M. Silverman: Jason M. Silverman is a partner with the law firm of McKenna, practicing since 2001, who has experience in litigation related to bankruptcy and commercial disputes.

Laurence R. Phillips:  Laurence R. Phillips is a partner with the law firm of McKenna, practicing since 1997, who has experience in litigation related to construction and real estate.

J. David Larsen:  J. David Larsen is a partner with the law firm of McKenna, practicing since 1997, who has experience in commercial real estate finance and development.

Brian Olasov:  Brian Olasov is the Managing Director of the law firm of McKenna, who has experience in commercial real estate finance and development.

James W. Culbreth:  James W. Culbreth was of counsel of the law firm of McKenna, practicing since 1974, who has experience in commercial real estate finance and development.

Gerald Walling: Gerald Walling is of counsel of the law firm of McKenna, practicing since 1972, who has experience in commercial real estate finance and development.

Alan F. Kaufman: Alan F. Kaufman is a partner of the law firm of McKenna, practicing since 2000, who has experience in bankruptcy matters.

Katherine M. Lewis:  Katherine M. Lewis is a partner with the law firm of McKenna, practicing since 2000, who has experience in commercial real estate finance and development.

Jess A. Pinkerton: Jess A. Pinkerton is a partner with the law firm of McKenna, practicing since 1997, who has experience in commercial real estate finance and development.

David A. Geiger:  David A. Geiger was a partner with the law firm of McKenna, practicing since 1998, who has experience in bankruptcy matters.

Thomas D. Hall:  Thomas D. Hall is senior counsel to the law firm of McKenna, practicing since 1983, who has experience in commercial real estate finance and development.

Timothy J. Plunkett:  Timothy J. Plunkett is an associate with the law firm of McKenna, practicing since 2007, who has experience in bankruptcy matters.

Samantha Rein:   Samantha Rein was an associate with the law firm of McKenna, practicing since 2007, who has experience in commercial litigation matters.

B. Summer Chandler:  B. Summer Chandler is a partner with the law firm of McKenna, practicing since 2001, who has experience in bankruptcy matters.

Jessica H. Mayes:  Jessica H. Mayes was an associate with the law firm of McKenna, practicing since 2009, who has experience in bankruptcy matters.

S. Elizabeth Hall:  S. Elizabeth Hall was an associate with the law firm of McKenna, practicing since 2005, who has experience in bankruptcy matters.

James H. Ludlam:  James H. Ludlam was an associate with the law firm of McKenna, practicing since 2002, who has experience in bankruptcy matters.

Alison M. Elko:   Alison M. Elko is an associate with the law firm of McKenna, practicing since 2003, who has experience in bankruptcy matters.

Douglas Flaum:  Douglas Flaum is an associate with the law firm of McKenna, practicing since 2006, who has experience in commercial real estate finance and development.

Scott Manning:  Scott Manning was an associate with the law firm of McKenna, practicing since 2007, who has experience in federal and state tax matters.

Leah D. Jackson:  Leah D. Jackson is an associate with the law firm of McKenna, practicing since 2005, who has experience in intellectual property and technology matters.

Britney J. Willhite:  Britney J. Willhite was an associate with the law firm of McKenna, practicing since 2007, who has experience in commercial real estate finance and development.

Sharice V. Owens:  Sharice V. Owens was an associate with the law firm of McKenna, practicing since 2006, who has experience in corporate matters.

Amanda Redick:  Amanda Redick is an associate with the law firm of McKenna, practicing since 2006, who has experience in commercial real estate finance and development.

David Gordon:  David Gordon is an associate with the law firm of McKenna, practicing since 2006, who has experience in bankruptcy matters.

Peter Yoxall:  Peter Yoxall was an associate with the law firm of McKenna, practicing since 2007, who has experience in commercial real estate finance and development.

Matthew James:   Matthew James is an associate with the law firm of McKenna, practicing since 2004, who has experience in commercial real estate finance and development.

Adam Linkner:  Adam Linkner was a summer associate with the law firm of McKenna.

Theron McLarty:  Theron McLarty was a summer associate associate with the law firm of McKenna.

*Paraprofessionals*:

Ann Pearson:  Ann Pearson was a paralegal with the law firm of McKenna who has experience in bankruptcy and litigation matters.  Ms. Pearson has performed services for which an attorney was not required in order to minimize costs and expenses.

Fran L. Russell:  Fran L. Russell was a paralegal with the law firm of McKenna who has experience in bankruptcy matters.  Ms. Russell has performed services for which an attorney was not required in order to minimize costs and expenses.

Michelle S. Grycner:  Michelle S. Grycner was a paralegal with the law firm of McKenna who has experience in bankruptcy and litigation matters.  Ms. Grycner has performed services for which an attorney was not required in order to minimize costs and expenses.

Janet L. Tobin:  Janet L. Tobin was a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Tobin has performed services for which an attorney was not required in order to minimize costs and expenses.

Robert M. Gee:  Robert M. Gee is a paralegal with the law firm of McKenna who has experience in litigation.  Mr. Gee has performed services for which an attorney was not required in order to minimize costs and expenses.

Joyce Miller:  Joyce Miller is a paralegal with the law firm of McKenna who has experience in commercial real estate finance.  Ms. Miller has performed services for which an attorney was not required in order to minimize costs and expenses.

Sue Plunkett:  Sue Plunkett is a paralegal with the law firm of McKenna who has experience in commercial real estate finance and development.  Ms. Plunkett has performed services for which an attorney was not required in order to minimize costs and expenses.

Inghe Francois:  Inghe Francois is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Francois has performed services for which an attorney was not required in order to minimize costs and expenses.

Cindy Adams:  Cindy Adams is a research librarian with the law firm of McKenna.  Ms. Adams has performed services for which an attorney was not required in order to minimize costs and expenses.

Christine Everhart:  Christine Everhart is a litigation support analyst with the law firm of McKenna.  Ms. Everhart has performed services for which an attorney was not required in order to minimize costs and expenses.

Elisa R. Woods:  Elisa R. Woods is a research librarian with the law firm of McKenna.  Ms. Adams has performed services for which an attorney was not required in order to minimize costs and expenses.

Lashaunda M. Stafford:  Lashaunda M. Stafford is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Stafford has performed services for which an attorney was not required in order to minimize costs and expenses.

Erik W. Bolte:  Erik W. Bolte is a litigation support analyst with the law firm of McKenna.  Mr. Bolte has performed services for which an attorney was not required in order to minimize costs and expenses.

LaTandra D. Williams:  LaTandra D. Williams is a litigation support analyst with the law firm of McKenna.  Ms. Williams has performed services for which an attorney was not required in order to minimize costs and expenses.

Sansanee Sermprungsuk:  Sansanee Sermprungsuk is a research librarian with the law firm of McKenna.  Ms. Sermprungsuk has performed services for which an attorney was not required in order to minimize costs and expenses.

Sarah E. Cundiff (Sarah E. Forshee):  Sarah E. Cundiff is a paralegal with the law firm of McKenna who has experience in litigation.  Ms. Cundiff has performed services for which an attorney was not required in order to minimize costs and expenses

## Summary of Activities Undertaken During the
## Period Covered by This Application

51.    The major activities undertaken by McKenna during the Final Fee Application

Period are summarized below, broken down by matter type.  The following summary is intended

to highlight the services rendered by McKenna, and is not meant to be a detailed description of

all of the work performed.   Detailed descriptions of the day-to-day services provided by

McKenna and the time expended performing such services in each project billing category are

fully set forth in the exhibits attached to the Ten Interim Fee Applications.

(1)    Kontrabecki in NY Bankruptcy Action (30837.0001; 04406.0112)

Time recorded under this matter reflects legal services that were devoted to pursuing Lehman's claims against John Kontrabecki, the principal of two debtor entities with bankruptcy cases pending in the Bankruptcy Court for the Northern District of California (Oliner et al. v. Kontrabecki, Adv. No. 03-03264 (Bankr. N.D. Cal. Feb. 13, 2003)).   These efforts included, inter alia, preparing for and defending depositions; addressing discovery and scheduling related disputes; working with Lehman experts; briefing and other work in connection with advocating or defending against various motions, including summary judgment filings; mediation efforts designed to globally resolve disputes between Lehman and Mr. Kontrabecki; negotiating and memorializing a comprehensive settlement of all matters and a termination of the litigation; and representing Lehman in connection with various post-settlement compliance matters.

19

(2)    Bankruptcy Employment Matters (30837.0002)

Time recorded under this matter reflects, among other things, legal services consisting of the following: preparation of McKenna's application for employment as special counsel to Lehman and the affidavit in support thereof; review of applicable court orders and Fee Committee memoranda and correspondence relating to the employment and payment of compensation to counsel; the development of internal procedures regarding entry of time and expenses in compliance with requirements of applicable court orders and Fee Committee guidelines; the preparation and filing of supplemental declarations in connection with McKenna's employment as special counsel to Lehman; review and revision of invoices to comply with applicable court orders and Fee Committee protocol; preparation and submission of interim monthly statements; preparation and submission of monthly budgets and fee forecasts; preparation and submission of interim applications for the allowance of interim compensation and the reimbursement of expenses; preparation and submission of responses to the Fee Committee's reports regarding the interim fee applications; preparation and submission of responses to the Fee Committee's analyses, comments and requests with respect to billing guidelines, budgets, monthly statements and interim fee applications; negotiations to resolve the Fee Committee's objections with respect to interim fee applications; review and revision of proposed stipulations and orders approving interim fee applications; review, analysis and correspondence with the Fee Committee regarding its guidelines, hourly billing rate inquiry, reports, objections and other miscellaneous issues respect to compensation; and preparation for and attendance at conferences and hearings regarding Fee Committee guidelines and interim fee applications.

(3)    AZ 72 LLC (30837.0003)

Time recorded under this matter reflects, among other things, review and analysis of loan documents, prior correspondence and project development documents, consultation with the Debtors regarding remedy exercise and settlement alternatives; correspondence with borrower parties and counsel in connection with same; coordination with Arizona local counsel in connection with remedy exercise; preparation of complaint and related pleadings for New York collection action; preparation for and attendance at discovery and pre-trial conferences before the Honorable Denny Chin, United States District Judge, Southern District of New York, and the Honorable Ronald L. Ellis, United States Magistrate Judge, Southern District of New York; preparation of amended complaint (in relation to credit for foreclosure sale bid) and related pleadings for collection action; collection, organization, review, analysis and production of discovery in collection action; preparation for depositions of defense witness and Lehman and TriMont Real Estate Advisors, Inc. personnel; deposition of defense witness; defense of deposition of Lehman and Trimont Real Estate Advisors, Inc. personnel; collection, organization, preparation and analysis of supplemental discovery responses and expert discovery; settlement communications with opposing counsel; and drafting, review and analysis of the settlement agreement and the stipulation of dismissal.

(4)    VCC Project (30837.0004)

Time recorded under this matter reflects, among other things: work on review and analysis of loan documents, project documents and prior correspondence; consultation with the

20

Debtors regarding development of strategy for take back of condominium projects and post-take back management; preparation of default and demand notices on underlying loans and preparation of master pre-negotiation agreement; preparation of term sheet for post-take back management of projects by VCC parties; and retention and consultation with local counsel (Nevada, New Mexico, Oregon, Washington and California) regarding transfer tax, condominium regulatory compliance, successor liability, foreclosure and other issues.

(5)    Walker Square/Riverbend Loan Restructuring (30837.0005)

Time recorded under this matter reflects continuing work on various matters related to the take-back of equity interests in two condominium projects, including, but not limited to: review and analysis of applicable condominium declarations, statutes and regulations regarding supplemental condominium filings necessitated by equity transfer; preparation of amended condominium registration applications for each project; revision of public offering statements; preparation of declarant annual reports for each project; negotiations with Wachovia Bank regarding release of $100,000 certificate of deposit; negotiations with Common Interest Community Board regarding replacement collateral for declarant assessment obligations, amended condominium registration applications, amended public offering statements, and declarant annual reports for each project; review of condominium conveyance documents and work with Virginia counsel concerning same; negotiation and preparation of real estate brokerage agreements with Nest Realty; negotiation and preparation of terminations of Real Estate III real estate brokerage agreements; occasional review of condominium unit purchase offers; preparation of lease assignment instruments related to unit sales  work with sponsors' counsel regarding revised public offering statements and release of Wachovia $100,000 certificate of deposit; work on new Reserve Agreement related to mortgage loan; review and analysis of Reserve Agreement; work on REO exit strategy; work on reassignment of loan documents to payoff notes; work on termination of letter of credit and liquidation of $100,000 collateral certificate of deposit and delivery of certificate of deposit proceeds; and preparation of loan satisfaction documents and instruments.

(6)    Plaza at Turtle Creek Loans (04406.0113)

Time recorded under this matter reflects continuing work subsequent to transfer of control of project owner to Lehman affiliate (effected by transfer of equity interests) on monitoring and closing of sales of inventory condominium units, including, but not limited to: review and revision of entity organizational documents to implement changes necessitated by the Debtors' Chapter 11 cases; review of condominium unit purchase offers; preparation of seller consents for each unit sale; review of conveyance documents for each unit sale; preparation of partial releases incident to unit sales; and work with Lehman, TriMont Real Estate Advisors, Inc., local Texas counsel, and Fidelity National Title regarding condominium unit sale related matters.

(7)    Petroleum Realty (04406.0189)

Time recorded under this matter reflects, among other things: discussions with the Debtors relating to the development of strategies to resolve the defaulted loan to Petroleum

21

Realty Investment Partners, L.P.; the disposition of collateral; the coordination of mortgage release payment; and the closing of store sales and mortgage release transactions.

(8)    Alliance PJ (04406.0191)

Time recorded under this matter reflects, among other things: work in handling the subject litigation filed in Cook County, Illinois; discussions with guarantor of loan regarding completion of prior settlement arrangements with such guarantor; communications with the Debtors regarding strategy toward resolution of sub-mezzanine loan position; and finalization of the settlement resolving the litigation.

(9)    Montecito Crossings (04406.0200)

Time recorded under this matter reflects continued work in connection with post-closing matters related to acquiring entities.

(10)    North Beach Plantation (04406.0204)

Time recorded under this matter number reflects, among other things: responses to several inquiries concerning capital structure, forbearance by senior lender, termination of co-lender agreement, and related review of senior and mezzanine loan document files and related correspondence file necessitated by such inquiries; counsel regarding the substance of July 2009 loan modifications and the impact of such modifications upon senior loan/mezzanine loan agreement; review and analysis of loan modification documents and intercreditor agreement; review and analysis of co-lender agreement and proposed modification of co-lender agreement; and revision of proposed co-lender agreement modification.

(11)    EB Developers, Inc. (04406.0205)

Time recorded under this matter reflects, among other things, continued work in connection with the resolution of mortgage loan in foreclosure relating to the Gables Marquis condominium asset and related disputes with mechanics lien claimants and recovery for the Debtors of earnest money deposits forfeited by condominium unit buyers at the Village Oaks condominium asset; communications with the Debtors regarding status and resolution of Milestone suit on Sanctuary Bay Hill asset; work on strategy and coordination of obtaining release to the Debtors of forfeited unit sales buyer earnest deposits constituting security for mortgage loan; work on strategy to obtain forfeited unit sale contract deposits for release to the Debtors; and work on disposition and sale of REO assets.

(12)    Middle Mountain 156 LLC (04406.0222)

Time recorded under this matter reflects McKenna's representation of the Debtor and its non-debtor indirect subsidiary MM Arizona Holdings LLC ("MMAZ") in connection with several separate proceedings related to the loan to Middle Mountain 156, LLC ("Middle Mountain"). The first is a suit filed in the U.S. District Court for the Southern District of New York by MMAZ against Nicholas Bonnano, Rita Bonnano, Allen Jenkins, and the estate of Tamera Jenkins (the "Guarantors") on full payment guaranties seeking recovery of the entire outstanding indebtedness on the subject loan plus lender expenses (aggregate current balance of

22

approximately $55,000,000). The Guarantors counterclaimed against MMAZ and raised various affirmative defenses. MMAZ propounded discovery, sought and obtained an order dismissing the counterclaims, and filed a motion for summary judgment on MMAZ's claims and Guarantors' affirmative defenses. On September 17, 2009, MMAZ obtained an order granting summary judgment and recorded and registered the judgment. McKenna also reviewed and evaluated possible claims of the Debtor against the Schaub estate; worked on matters related to the enforcement of the judgment; assisted with the FBI investigation of the alleged Nicholas Bonanno theft of APS easement sale proceeds; and reviewed and analyzed the foreclosure sale of property owned by Nicholas Bonanno.

The second proceeding is the jointly administered bankruptcy cases of Middle Mountain and A&N Investment Properties, LLC, the entities that own the collateral securing the subject loan, pending in the U.S. Bankruptcy Court for the District of Arizona. MMAZ prepared for a threatened TRO hearing, filed proofs of claims, sought and obtained discovery, sought and obtained an order determining that Middle Mountain is a single asset real estate debtor, sought and obtained an order granting a motion for relief from stay, engaged in settlement negotiations, completed a foreclosure and prepared for a mediation.

MMAZ also engaged in settlement negotiations regarding two condemnation actions, one with the Arizona Department of Transportation ("ADOT") and one with the Arizona Public Service Company ("APS"). In the ADOT action, McKenna litigated and negotiated a fee dispute regarding Middle Mountain's counsel's claim for fees, filed various procedural motions and negotiating a stipulated judgment with ADOT. MMAZ concluded a settlement with ADOT regarding the condemnation action and handled related issues with loan participant IMH. In the APS action, McKenna prepared for and attended a mediation in Phoenix, Arizona; engaged in extensive settlement negotiations with APS and its title insurer, Lawyers Title; conducted pretrial activities; attended a second mediation and court status conference; and litigated a discovery dispute with Lawyers Title.

(13)    Laurel Cove Loan Administration (04406.0223)

Time recorded under this matter reflects, among other things: loan file review and communications with borrower's counsel and the Debtors regarding loan administration matters, including contractor and home builder issues, missed advances and transfer of servicing; and completion and delivery of loan closing binders to custodian.

(14)    San Diego Project (04406.0227)

Time recorded under this matter reflects, among other things: discussions with the Debtor and analysis and planning regarding open issues to be addressed and actions required to be taken under prior settlement agreement and order between the Debtors and the estate of Steven Molasky, including dismissal of proofs of claim previously filed by the Debtors; and communications with the Debtors' counsel on sale of asset.

(15)    Long Beach Project (04406.0228)

Time recorded under this matter reflects, among other things: discussions with the Debtor and analysis and planning regarding open issues to be addressed and actions required to

23

be taken under prior settlement agreement and order between the Debtors and the estate of Steven Molasky, including dismissal of proofs of claim previously filed by the Debtors.

(16)    Oakland Project (04406.0229)

Time recorded under this matter reflects continued work in connection with mechanics lien claim relating to the Debtors' Merritt, San Diego asset.

(17)    222 Broadway (04406.0232)

Time recorded under this matter reflects discussions with client and analysis and planning regarding open issues to be addressed and actions required to be taken under prior settlement agreement and order between the Debtors and the estate of Steven Molasky, including dismissal of proofs of claim previously filed by the Debtors.

(18)    Telluride Foreclosure (04406.0238)

Time recorded under this matter reflects continued work coordinating foreclosure upon Telluride land and provision of strategic advice concerning monetary claim by adjacent land owner for breach of obligation to construct certain improvements; and development of strategy regarding alleged breach of parking construction covenant affecting collateral; coordination of non-judicial foreclosure; and provision of strategic advice regarding release of guarantor.

(19)    Karim Alibhai (03165.0073)

Time recorded under this matter reflects the preparation of default and demand notices and the review of loan documents in preparation for remedy exercise.

## Statutory Basis for Compensation

52.    Sections 330 and 331 of the Bankruptcy Code provide the statutory basis for compensation of professionals in bankruptcy cases.  Section 330 provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).    Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A)    the time spent on such services;

24

| | |
|---|---|
| (B) | the rates charged for such services; |
| (C) | whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; |
| (D) | whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; |
| (E) | with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and |
| (F) | whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. |

11 U.S.C. § 330(a)(3).

53.    The Bankruptcy Code provisions concerning the compensation of professionals are designed to ensure that qualified attorneys will be compensated for services rendered to debtors at a market rate for comparable services rendered in non-bankruptcy cases.  In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996).  The rationale behind this goal is to ensure that counsel will not be deterred from taking bankruptcy cases due to failure to pay adequate compensation.  Id. at 72.

54.    McKenna respectfully represents to the Court that the fees and expenses requested to be paid are allowable and reasonable pursuant to the twelve (12) factor test as set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), as well as the amendments to Section 330 of the Bankruptcy Code.  Those tests and the applicability of each test to the services performed by McKenna in this case are set forth below:

A.    Time and Labor Required:  During the period of September 15, 2008 through March 6, 2012, McKenna has expended 14,647.60 hours as Special Counsel to Lehman.  The approximate blended hourly rate is $425.93 for professionals and $213.72 for paraprofessionals.

25

B.    <u>Novelty and Difficulty of Questions Presented</u>:    McKenna provided services in connection with numerous matters involving novel and difficult issues.

C.    <u>Skill Requisite to Perform Legal Services</u>:    McKenna respectfully represents that it has the skill to perform the legal services rendered in a professional fashion.

D.    <u>Preclusion of Other Employment Due to Acceptance of the Case</u>:    The amount of time devoted to the above-referenced matters by the attorneys and paraprofessionals of McKenna significantly precluded them from performing other work to the extent of the time devoted to this case as covered by this Application.

E.    <u>Customary Fees for the Type of Services Rendered</u>:    McKenna respectfully represents that the fees requested herein are within the range of customary fees for the type of services rendered and are based upon the hours actually spent and multiplied by the normal billing rates for work of this nature, and that the billing rates are in keeping with the hourly rates charged by McKenna in non-bankruptcy matters.

F.    <u>Whether the Fee is Fixed or Contingent</u>:    McKenna believes that its fees and expenses in the above-referenced matters are contingent only to the extent that they are subject to this Court's approval.

G.    <u>Time Limitations Imposed by the Client or the Circumstances</u>:    The time limitations imposed or created by the circumstances of the above-referenced matters often required intense work by McKenna under short time-frames.

H.    <u>Amounts Involved and Results Obtained</u>:    McKenna respectfully represents that it has obtained good results for Lehman as Special Counsel.

I.    Experience, Reputation and Ability of Attorneys:  McKenna respectfully represents that McKenna has experience within the areas involved in its representation of Lehman.

J.    Undesirability of the Case:  McKenna respectfully represents that this factor is not applicable to this proceeding.

K.    Nature and Length of Professional Relationship with Client:  McKenna has represented Lehman for more than fifteen (15) years.

L.    Awards in Similar Cases:  McKenna respectfully represents that this Final Fee Application, and the costs and fees sought herein, is in keeping with similar applications for the payment of professional fees and expenses, including attorneys' fees in other cases.

55.    Based on the foregoing, McKenna submits that the services rendered to Lehman, for which compensation is sought herein, were necessary and beneficial to the Debtors' estates and parties in interest.  McKenna further submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtors, their estates and all parties in interest.

### Compliance with Applicable Rules

56.    Pursuant to the Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Amended Guidelines"), attached hereto as Exhibit "A" is a copy of the Certification of Charles D. Weiss (the "Weiss Certification") certifying compliance with the same.

57.    During the Final Fee Application Period, McKenna received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity in

27

connection with the fees and expenses sought to be allowed pursuant to this Application.  There is no agreement or understanding between McKenna and any other person, other than members of the firm, for the sharing of compensation to be received for services rendered in these cases.

58.    As set forth in the Weiss Certification, the fees charged by McKenna in these cases are billed in accordance with its existing billing rates and procedures in effect during the Final Fee Application Period.  The rates McKenna charges for the services rendered by its professionals and paraprofessionals in these cases are the same rates McKenna charges for professional and paraprofessional services rendered in comparable non-bankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national market.

59.    Pursuant to the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), attached hereto as Exhibit "B" is a breakdown of the hours, hourly rates and fees attributable to the various individuals at McKenna who rendered the services for which compensation is sought in the Final Fee Application.

## Actual and Necessary Expenses

60.    As set forth in Exhibit "D" attached hereto, McKenna has incurred $457,187.33 of expenses in providing professional services to the debtors during the Final Fee Application Period.

61.    McKenna charged $0.10 per page for photocopying.  McKenna utilizes an electronic device that electronically records the number of copies made.  Whenever feasible, McKenna sends large photocopying projects to an outside service that charges a reduced rate for photocopying.  McKenna does not charge for incoming facsimile transmissions and only charges the cost of the long distance telephone call, if applicable, for outgoing facsimile transmissions.

28

62.     McKenna's charges for photocopying and facsimile transmissions do not exceed the maximum rate set forth by the Amended Guidelines.  These charges are intended to cover McKenna's direct operating costs, including the use of machines, supplies and labor expenses, which costs are not incorporated in the McKenna hourly billing rates.

63.     McKenna has flat rate contracts with LEXIS and WESTLAW for computerized legal research.  The charges incurred each month are allocated to relevant clients.  The resulting rates are less than the standard rates charged by LEXIS and WESTLAW.

64.     McKenna believes the foregoing rates and expenses are the market rates generally employed by the majority of law firms when charging their clients for such services.

### Notice

65.     Notice of this Application will be served in accordance with the procedures set forth in the order entered on September 22, 2008 governing case management and administrative procedures for these cases [Docket No. 285] on (i) the U.S. Trustee; (ii) the attorneys for the Creditors' Committee; (iii) the attorneys for the Debtors' postpetition lenders; (iv) the Securities and Exchange Commission; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; and (vii) all parties who have requested notice in these Chapter 11 cases.  McKenna has served a copy of this Fee Application upon (i) the Fee Committee; (ii) the Debtor; (iii) counsel for the Debtors, Weil, Gotshal & Manges, LLP; (iv) counsel for the Creditors' Committee, Milbank, Tweed, Hadley & McCloy LLP; and (v) the Office of the U.S. Trustee for the Southern District of New York.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

29

**Conclusion**

WHEREFORE, McKenna respectfully requests the entry of an order in the form attached hereto as Exhibit "F":

1.      allowing the compensation for professional services performed by McKenna in the total amount of $5,821,048.50 and reimbursement of actual expenses McKenna incurred in the  total amount of $462,187.33;

2.      authorizing and directing the Debtors to pay to McKenna all such amounts not previously paid to McKenna pursuant to the Fourth Amended Interim Compensation Procedures Order; and

3.      granting such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of July, 2012.

MCKENNA LONG & ALDRIDGE LLP

By:    /s/ Christopher F. Graham
       Christopher F. Graham
       230 Park Avenue
       New York, New York  10169
       Telephone: (212) 922-1800
       Facsimile:  (212) 922-1819
       Email:      cgraham@mckennalong.com

       - and -

       /s/ Charles D. Weiss
       Charles D. Weiss
       303 Peachtree Street, N.E., Suite 5300
       Atlanta, Georgia  30308
       Telephone:  (404) 527-4000
       Facsimile:  (404) 527-4198
       Email:      cweiss@mckennalong.com

       *Special Counsel for Debtors*
       *and Debtors in Possession*