UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (JMP)
                                                              :
                                            Debtors.          :    (Jointly Administered)
                                                              :
-------------------------------------------------------------- x

## AFFIRMATION OF CLAIMANT JACK L. RIVKIN, IN OPPOSITION TO DEBTORS' 319th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Jack L. Rivkin affirms under penalties of perjury as follows:

1. I was employed by Lehman Brothers/Neuberger Berman from February, 2002 through June 12, 2009.

2. I negotiated a retirement from Neuberger Berman effective April, 2008, with continuing compensation through June, 2009, at which point I was considered terminated. Upon the termination of my employment, Lehman Brothers assured me that my termination was an "involuntary termination without cause" as that phrase is defined in the "RSU Agreements" between Lehman Brothers and employees.

3. Upon my execution of a Separation Agreement and Release dated June, 2008, I satisfied the "Release Requirement" set forth in the RSU Agreements.

4.  Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Dec. 15 Omnibus Reply at pp. 65-68 (RSU Agreement for 2004).

5.  After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations. I continued as an interested Director of the Neuberger Berman mutual funds until June, 2012, at which point I became a full Director of the funds.

6.  Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in connection with my contract rights under the RSU Agreements. This initial Claim was assigned Claim No. 66375.

7.  On the attached Exhibit 1, I provided the amount of my claim, $6,815,723.30, based on an "Executive Compensation Summary" and other documents provided to me by Lehman Brothers, which I attached), and my signature and date. All of these documents are attached with Exhibit 1, together with Debtors' acknowledgement of receipt of the proof of claim.

8.  The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year, and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year. I never paid tax on the portion of any bonus reserved under the RSU Agreements. For prior years, not at

2

issue here, after my interests vested and I was permitted to draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and then would use the balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. My understanding is that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

9.    The economic substance of the RSU Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

10.    Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

_____
Signature

JACK RIVKIN
Printed Name

Affirmed under penalties of perjury
on this 12th day of July, 2012

_____
Notary Public

RICHARD J. SCHAGER, JR.
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SC4834248
Qualified in Kings County
My Commission Expires March 30, 20__

4

# EXHIBIT 1

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors.<br>Name of Debtor Against Which Claim is Held | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered)<br>Case No. of Debtor |
|---|---|

**PROOF OF CLAIM**

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000066375

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

T1

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

Jack L. Rivkin
PO Box 2249
Amagansett, NY 11930

Telephone number: 631 267-3776   Email Address: jrivkin@msn.com

Name and address where payment should be sent (if different from above)

Telephone number:    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 6,815,723.30
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*

   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Compensation due from fully vested equity awards over 5 year period
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: Neuberger Berman
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe: _____
   Value of Property: $ _____ Annual Interest Rate ____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $ _____ Basis for perfection: _____
   Amount of Secured Claim: $ _____ Amount Unsecured: $ _____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $ _____
   (See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:

   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( ).

   Amount entitled to priority:
   $ _____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
MAR 0 8 2010
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 03/05/10

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

[signature]   JACK L. RIVKIN

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Gattuso, Meg (Human Resources)**

To: Kroningold, Shar (Corp)
Cc: Uvino, Wendy M
Subject: RE: restr. stock for Jack Rivkin

Hi Meg,

As requested, please see the attached Executive Compensation Summary. This details all of the outstanding shares Jack has as part of the Equity Award Program to date, subject to such proceeding in the U.S. Bankruptcy Court.

For reference, I have included the FMV's on the grant dates for the awards that you were granted:
12/10/2003 Award: $35.6950
12/9/2004 Award: $42.9000
11/30/2005 Award: $63.0000
12/8/2006 Award: $77.0300
12/7/2007 Award: $63.4700
7/1/2008 Award: $20.9600

Hopefully this is helpful, please let me know if you have additional questions.
Thanks,
Shari

1/15/2010

**ALL TERMS REMAIN SUBJECT TO THE RULING OF THE U.S. BANKRUPTCY COURT***

# LEHMAN BROTHERS
## Executive Compensation Summary
### Jack L Rivkin

Employee ID: 10051726

| Grant Date | Plan Description | AWARD UNITS* | | | | | |
|---|---|---|---|---|---|---|---|
| | | Units Granted | Dividend Equivalents | Units Vested** | Units Unvested | Units Outstanding | Units Forfeited | Units Not Forfeited |

| Grant Date | Plan Description | Units Granted | Dividend Equivalents | Units Vested** | Units Unvested | Units Outstanding | Units Forfeited | Units Not Forfeited |
|---|---|---|---|---|---|---|---|---|
| October 31, 2003 | LTIP Retention Award | 100,535.72 | 703.74 | 0.00 | 20,810.88 | 20,810.88 | 0.00 | 20,810.88 |
| October 31, 2003 | LTIP Retention Award | 1,654.06 | 13.66 | 0.00 | 404.22 | 404.22 | 0.00 | 404.22 |
| December 09, 2004 | 2004 MD Principal | 6,777.84 | 304.46 | 3,541.15 | 3,541.15 | 7,082.30 | 0.00 | 7,082.30 |
| December 09, 2004 | 2004 MD Discount | 2,904.78 | 78.27 | 0.00 | 1,821.13 | 1,821.13 | 0.00 | 1,821.13 |
| November 30, 2005 | 2005 MD Principal | 15,873.02 | 582.70 | 0.00 | 16,455.72 | 16,455.72 | 0.00 | 16,455.72 |
| November 30, 2005 | 2005 MD Discount | 6,802.72 | 99.92 | 0.00 | 2,821.00 | 2,821.00 | 0.00 | 2,821.00 |
| December 08, 2006 | 2006 MD Principal | 19,473.29 | 576.32 | 0.00 | 20,049.61 | 20,049.61 | 0.00 | 20,049.61 |
| December 08, 2006 | 2006 MD Discount | 8,345.70 | 246.95 | 0.00 | 8,592.65 | 8,592.65 | 0.00 | 8,592.65 |
| December 07, 2007 | 2007 MD Principal | 23,632.68 | 486.74 | 0.00 | 24,119.42 | 24,119.42 | 0.00 | 24,119.42 |
| December 07, 2007 | 2007 MD Discount | 10,128.29 | 208.60 | 0.00 | 10,336.89 | 10,336.89 | 0.00 | 10,336.89 |
| | | | | | | 112,493.82 | 0.00 | 112,493.82 |

*Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.

**Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

***AS A RESULT OF LEHMAN BROTHERS HOLDINGS INC.'S BANKRUPTCY FILING, THE TREATMENT OF ALL OUTSTANDING EQUITY AWARDS REMAIN SUBJECT TO SUCH PROCEEDING IN THE U.S. BANKRUPTCY COURT.

Data as of September 12, 2008

Prepared on January 06, 2010

**Gattuso, Meg (Human Resources)**

**To:** Kroningold, Shari (Corp)
**Cc:** Uvino, Wendy M
**Subject:** RE: restr. stock for Jack Rivkin

Hi Meg,

As requested, please see the attached Executive Compensation Summary. This details all of the outstanding shares Jack has as part of the Equity Award Program to date, subject to such proceeding in the U.S. Bankruptcy Court.

For reference, I have included the FMV's on the grant dates for the awards that you were granted:
12/10/2003 Award: $35.6950   x 20,810.88 = 826,087.98
12/9/2004 Award: $42.9000    x 8,903.43 = 381,957.14
11/30/2005 Award: $63.0000   x 19,276.72 = 1,214,433.30
12/8/2006 Award: $77.0300    x 28,642.26 = 2,206,913.20
12/7/2007 Award: $63.4700    x 34,456.31 = 2,186,941.90   = 6,815,733.30
7/1/2008 Award: $20.9600

Hopefully this is helpful, please let me know if you have additional questions.
Thanks,
Shari

1/15/2010

US Bankruptcy Court/Southern District of New York  
Lehman Brothers Holdings Claims Processing Center  
c/o Epiq Bankruptcy Solutions, LLC  
FDR Station, P.O. Box 5076  
New York, NY 10150-5076

March 6, 2010

In Re: Lehman Bothers Holdings Inc., et al. Debtors  
Chapter 11 Case No. 08-13555 (JMP)  
(Jointly Administered)

Dear Sirs:

Attached is Proof of Claim regarding compensation in the form of fully vested stock received but not delivered over a period of 5 years subsequent to Lehman's purchase of Neuberger Berman in October, 2008. This is a late filing of this claim which was the result of delays in receiving data from Lehman regarding the amount, pricing and timing of compensation, which you can see from the dates on the documents I received from Lehman.

I would point out that while this compensation was not delivered to me, the amount was fully vested at the time it was determined, as I was beyond the requirements for retirement. Lehman fully expensed these amounts as they were incurred, but did not deliver them when I retired from Neuberger in 2008. These claims may be similar to those of other employees who had received restricted stock with the difference being that the amounts were fully expensed and fully vested as of the grant dates shown because of my age and length of service with the company.

I respectfully request consideration of this claim.

Yours truly,

Jack L. Rivkin  
PO Box 2249  
2 Tyson Lane West  
Amagansett, NY 11930

jrivkin@msn.com  
631 267-3776







U.S. POSTAGE PAID NEW YORK, NY 10023 MAR 06, 10 AMOUNT $2.80 00022378-33

US Bankruptcy Court/Southern District of New York
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

Jack L. Rivkin
PO Box 2249
Amagansett, NY 11930

7009 1680 0000 4402 1808
CERTIFIED MAIL