WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Richard W. Slack
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone: (212) 530-5000
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell

-and-

MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP
1850 K Street, NW, Suite 1100
Washington, D.C. 20006
Telephone: (202) 835-7500
David S. Cohen

Attorneys for Litigation Subcommittee of the
Official Committee of Unsecured Creditors

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
                                              :
**In re**                                     :    **Chapter 11 Case No.**
                                              :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                              :
              **Debtors.**                    :    **(Jointly Administered)**
                                              :
----------------------------------------------------------------x

**DECLARATION OF LAWRENCE BRANDMAN IN SUPPORT OF JOINT MOTION**
**OF LEHMAN BROTHERS HOLDINGS INC. AND LITIGATION SUBCOMMITTEE**
**OF CREDITORS' COMMITTEE, PURSUANT TO SECTION 105(a)**
**OF THE BANKRUPTCY CODE, TO EXTEND STAY OF AVOIDANCE ACTIONS**

US_ACTIVE:\44051950\3\58399.0003

Pursuant to 28 U.S.C. § 1746, I, Lawrence Brandman, declare:

1. I am over the age of 18 years and make these statements of my own personal knowledge, following my review of the business records of Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator") and certain of its subsidiaries (together, the "Chapter 11 Estates") and/or my consultation with employees of the Chapter 11 Estates. If called to testify, I could testify to the truth of the matters set forth herein.

2. I submit this Declaration in support of the *Joint Motion of Lehman Brothers Holdings Inc. and Litigation Subcommittee of Creditors' Committee, Pursuant to Section 105(a) of the Bankruptcy Code, to Extend Stay of Avoidance Actions*, dated June 29, 2012 [ECF No. 29163] (the "Motion").[1]

3. I am a Managing Director with LAMCO LLC. One of my primary areas of responsibility includes managing the Chapter 11 Estates' mediations relating to derivatives transactions.

4. I make this Declaration to explain (a) the substantial progress that the Chapter 11 Estates have made in consensually resolving the Avoidance Actions through the Court's ADR program while the Stay has been in place and (b) the need for an extension of the Stay so as to promote further consensual resolutions of the Avoidance Actions.

5. The Stay has allowed the Chapter 11 Estates to engage in an ADR program that has been enormously successful in resolving sometimes difficult and complex matters that otherwise would have taken a huge amount of time for the Chapter 11 Estates to pursue through litigation and the Court to manage.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

2

6.      Under the Affirmative ADR Procedures, the Chapter 11 Estates have recovered more than 1.164 billion dollars as a result of 206 ADR settlements with 228 counterparties, all without litigation.  Of the 79 ADR matters that have reached the mediation stage and have been concluded, 75 have been settled in mediation.  Seven additional mediations are scheduled to commence between now and early November.  Currently, there are over 50 SPV transactions that are subject to the SPV Derivatives ADR Procedures.  Overall to date, 250 ADR notices have been served, with 46 ADRs having been commenced between December 12, 2011, when the last motion to extend the Stay was filed, and today.  The Chapter 11 Estates' success at commencing and consensually resolving ADRs through mediation and other settlements has produced material recoveries for the Chapter 11 Estates.

7.      The Avoidance Action entitled *Lehman Brothers Special Financing Inc. v. The Bank of New York Mellon Corporation, et al.*, Adv. Proc. No. 10-03545 (JMP) (the "Non-Distributed U.K. SPV Action" or "Adversary Proceeding 3545") demonstrates the ADR program's success in privately managing a large proceeding.  As of the filing date of the Motion, out of 117 SPV transactions in the Non-Distributed U.K. SPV Action, the Chapter 11 Estates have reached final settlement with respect to more than half of the transactions – 65 transactions, as to which the Non-Distributed U.K. SPV Action either has been dismissed or is in the process of being dismissed.  ADR notices have been served in connection with approximately 20 of the remaining 52 transactions in the Non-Distributed U.K. SPV Action.  Several other transactions in the Non-Distributed U.K. SPV Action, as well as transactions in other Avoidance Actions, are being prepared for ADR notices, and the majority of the remaining transactions in the Non-Distributed U.K. SPV Action are in various stages of settlement negotiations or other resolution or are awaiting final documentation on settlements.  Thus, to date, all but a handful of the ADRs

3

to be commenced in connection with the Non-Distributed U.K. SPV Action have been commenced.

8. In addition, the Chapter 11 Estates and the Committee have pursued amicable resolutions with the Avoidance Action Defendants including by communicating and negotiating with Avoidance Action Defendants through, among other things, the exchange of relevant documentation, evaluation of potential defenses, and consummation of settlements or dismissal of actions. As a result of these efforts, the Chapter 11 Estates, in consultation with the Committee, have resolved Avoidance Actions, as well as avoidance claims subject to tolling agreements, with over 200 parties, including through settlements, dismissal of complaints, and termination of tolling agreements, without engaging in time-consuming and costly litigation.

9. Further extension of the Stay is critical to continued efforts towards consensual resolutions in all Avoidance Actions. Much of the success in consensually resolving Avoidance Actions may not have been possible without the Stay, which has permitted the Chapter 11 Estates and the Committee to effect such results without costly, burdensome, and time-consuming litigation. Moreover, the Stay has promoted judicial economy and minimized the burdens on the Court from the prosecution of all of the Avoidance Actions at the same time. Extending the Stay and providing the Chapter 11 Estates and the Committee with an opportunity to try to achieve settlements with the Avoidance Action Defendants is a far better alternative than immediate litigation. For all of the foregoing reasons, the Plan Administrator determined

4

that extending the Stay is in the best interests of the Chapter 11 Estates and their creditors.

10. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on this 16th day of July 2012.

/s/ Lawrence Brandman<br>Lawrence Brandman