UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11 Case No.
                                                              :
LEHMAN BROTHERS HOLDINGS INC., et al.,                        :    08-13555 (JMP)
                                                              :
                                        Debtors.              :    (Jointly Administered)
                                                              :
------------------------------------------------------------- x

**AFFIDAVIT OF CLAIMANT SANDRA HAHN-COLBERT IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION TO CLAIMS (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS)**

Sandra Hahn-Colbert, being duly sworn, does depose and say:

1.      I was employed by Lehman Brothers from 2003 to 2007. I became an employee of Lehman Brothers following its acquisition of my former employer, Neuberger Berman, in 2003. I worked at Neuberger Berman from 1993 to 2003. Lehman Brothers terminated my employment in August 2007, approximately one year before Lehman Brothers filed for bankruptcy.

2.      For each year between 2003 and 2007 Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my compensation was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. The termination of my employment was an "involuntary termination without cause" as that phrase is defined in the "RSU Agreements" between Lehman Brothers and employees, and (subject to these ongoing contract obligations) my rights under the RSU Agreements were unaffected. *See, e.g.*, Debtors' December 15, 2011 Omnibus Reply, and

(subject to my ongoing obligations noted above) to Responses to Debtors' 118th, 130th, 131st, 133rd, 134th, 135th, 176th, and 207th Omnibus Objections to Claims (To Reclassify Proofs of Claim as Equity Interests) (Debtors' "Dec. 15 Omnibus Reply"), at pp. 65-68 (RSU Agreement for 2004), particularly ¶ 4(d)(iv) at p. 66 and definition of "cause" at p. 68.

3. After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4. Attached hereto as Exhibit A are the Proofs of Claim that I filed in connection with my contract rights under the RSU Agreements. These Claims were assigned Claim Nos. 34727 and 34728.

5. I was provided with these Proof of Claims form by Debtors. In the first form provided, Debtors had largely completed the form, including inserting the caption, supplying my name and address, and describing the Scheduled Claim as a "Schedule G" claim, for an "Executory Contract or Unexpired Lease." Debtors also provided the "Description" as a claim under a "Restricted Stock Unit Agreement."

6. On the attached Proofs of Claim in Exhibit A, all of the typed information was contained in the form when Debtors provided it to me. I added only my phone number, email address, the amount of the claim, $41,888, and my signature and date.

7. The practice followed each year by Lehman Brothers was to provide a form stating the bonus to which I was entitled for the year (or half-year), and describing the portion of the bonus that was to be reserved by Lehman Brothers pursuant to the RSU Agreement for that year.

8. I never paid tax on the portion of any bonus reserved under the RSU Agreements. My understanding was that, after my interests vested and I was permitted to draw down on them, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and use the

balance to provide me with Lehman Brothers shares. The entire amount of the bonus was treated as ordinary income to me and was taxed at ordinary income rates. I also understood that Lehman Brothers was entitled to a business expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

9. The economic substance to me was that a portion of my bonus was held back, and would be paid to me after passage of a specified number of years, during which I was subject to ongoing contractual obligations. At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations. However, under the terms of the RSU Agreements, Lehman Brothers was not required to perform its contractual obligations, and I was not permitted to draw down on my bonus, until a future date.

10. I had no rights to any Lehman Brothers shares until after the date of vesting under the RSU Agreement, and even after vesting I was not permitted to draw down on the shares until a later date, which was at least two years after the date of the RSU Agreement. During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations. Even after I was terminated without cause, my right to draw down on the shares depended upon my continued observance of certain contract obligations.

Affirmed under penalties of perjury this 13 day of July, 2012.

*Sandra Hahn-Colbert*

_____
Sandra Hahn-Colbert

**EXHIBIT 1**

| United States Bankruptcy Court/Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5076 New York, NY 10150-5076 | | |

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 1000184831 |
|---|---|---|
| Name of Debtor Against Which Claim is Held **LBHI** | Case No. of Debtor | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)   0000034726 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor):
LBH (CREDITOR.DBF.CREDNUM)CREDNUM # 1000184831******
HAHN-COLBERT, SANDRA
70 BEAVER BROOK RD.
HOLMES, NY 12531

shahncol@aol.com
Sandra.colbert@osam.com

845-855-0695
Telephone number:         Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:         Email Address:

1. Amount of Claim as of Date Case Filed: $ **750,000**
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☐ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☐ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: **Compensation (employment services)**
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: **1112**
   3a. Debtor may have scheduled account as: **Neuberger Berman (1112)**
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.
   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☒ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☒ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)( ) **LBHI retirement plan**
   Amount entitled to priority:
   $ **10,950**
   assumptions: 65 retirement age @ $2500/month × 12 × 25

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain: **official PBGC statement not available by deadline.**

FOR COURT USE ONLY   $750,000
FILED / RECEIVED
SEP 24 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: **9-16-09**
Signature: **Sandra Hahn-Colbert**
The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

