UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
                                       :
In re                                  :        Chapter 11 Case No.
                                       :
LEHMAN BROTHERS HOLDINGS INC., et al., :        08-13555 (JMP)
                                       :
                          Debtors.     :        (Jointly Administered)
                                       :
------------------------------------------------------------- x
```

**AFFIRMATION OF CLAIMANT JEFFREY S. WECKER IN OPPOSITION TO
DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF
CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012**

Jeffrey S. Wecker affirms under penalties of perjury as follows:

1.    I was employed by Lehman Brothers Holdings and its subsidiaries from October 1999 through March 2008. From October 1999 through December 2005 I was employed at the brokerage and investment banking subsidiary Lehman Brothers, and from December 2005 through March 2008 I was employed by the subsidiary Townsend Analytics. Lehman Brothers Holdings terminated my employment in March 2008, five months prior to its filing for bankruptcy protection.

2.    For each year between 2003 and 2008 Lehman Brothers Holdings issued to me an "RSU Agreement" and other documents indicating that a portion of my compensation was withheld and deferred for payment in the future. Pursuant to these Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply

to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus

Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

      3,      After my entry into these Agreements, including after the termination of my

employment, I continued to perform all of those contractual obligations.  Upon my execution of

a severance agreement in March 2008 I satisfied the "Release Requirement" set forth in these

Agreements.

      4.      Attached hereto as Exhibit 1 is the original Proof of Claim that I filed in

connection with my contract rights under these Agreements.  This initial Claim was assigned

Claim No. 29718, and Exhibit 1 is a true copy thereof, with Debtors' acknowledgement of

receipt of the proof of claim stamped on the first and last pages.

      5.      The practice followed each year by Lehman Brothers (sometimes twice yearly)

was to provide a form stating the bonus to which I was entitled for the year, and describing the

portion of the bonus that was to be reserved by Lehman Brothers pursuant to the relevant

Agreement for that year.  Copies of these annual statements are attached hereto as Exhibit 2.

      6.      I never paid tax on the portion of any bonus reserved.  For example, in prior years

not at issue here, after my interests vested and I was permitted to draw down on my RSU

account, Lehman Brothers would retain a portion in cash to pay the federal withholding tax, and

then would use the balance to provide me with Lehman Brothers shares.  The entire amount of

the bonus was treated as ordinary income to me and was taxed at ordinary income rates.  My

understanding is that Lehman Brothers was entitled to a business expense deduction for the

amount of this portion of the bonus, but only at the time that it was actually paid.

7.    The economic substance of these Agreements to me was that a portion of the bonus that had been declared for me was held back, and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations.  At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my bonus.  However, under the terms of these Agreements, Lehman Brothers was not required to pay me anything from this reserved bonus, and in fact Lehman Brothers did not pay me anything, until five years after we entered into the relevant Agreement.

8.    My Proof of Claim includes claims not addressed here, and this submission is without prejudice to those other claims

Affirmed under penalties on this __ day of July, 2012.

_____
Jeffrey S. Wecker

# EXHIBIT 1

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re:<br>Lehman Brothers Holdings Inc., et al.,<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) |
|---|---|
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 (JMP) |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)    0000029718

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

Mr. Jeffrey Wecker
198 Middle Line Highway
Southampton, NY 11968

Telephone number:          Email:

Name and address where payment should be sent (if different from above)

Telephone number:          Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ ___See Attached___

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** ___See Attached___
(See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

**Amount entitled to priority:**

$_____

6. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:<br>9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.

**Items to be completed in Proof of Claim form**

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 13-13664 | PAMI Statler Arms LLC |

If your claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
**Lehman Brothers Holdings Claims Processing**
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 _et seq._), and any applicable orders of the bankruptcy court.

## ATTACHMENT TO PROOF OF CLAIM

Jeffrey Wecker (the "Claimant") hereby asserts this claim against Lehman Brothers Holdings Inc. (the "Debtor").

### A.    Private Equity - "My Partnership" Program

Claimant is a former Managing Director of Lehman Brothers Inc. and a participant in the Lehman Brothers, Private Equity, "My Partnership" program which was administered by the Debtor.  Pursuant to the My Partnership program, Claimant invested – as a limited partner -  the sum of $12,500 in Lehman Brothers Communications Capital Partners I, L.P. and $22,500 in Lehman Brothers Partnership Account 2000/2001, L.P.  The general partner of each of these entities is a wholly-owned subsidiary of the Debtor and an entity otherwise wholly in the Debtor's control.  As a result of the Debtor's commencement of its bankruptcy case, Claimant has lost all access to these limited partnership interests and/or the limited partnership interests themselves have lost all value.  Accordingly, Claimant asserts a claim for the full amount of these investments which, together with his contributions, equaled were valued at $92,455 as of March, 2008.  A copy of Claimant's most recent My Partnership statement is attached hereto as Exhibit "A".

### B.    Cash Settled Call Warrants

The Debtor issued cash-settled U.S. dollar warrants (the "Warrants") on or about August 1, 2007 (the "Issue Date").  Each Warrant was linked to the performance of the regular member interests (the "Interests") of the D. E. Shaw Oculus Fund (the "Reference Fund").  Each Warrant entitled the holder to receive from the Issuer an amount on or about May 5, 2011 in U.S. dollars based on the value of the Reference Fund, as determined by the Lehman Brothers Inc., as "Calculation Agent", on the Valuation Date", which was scheduled to be on or about March 31, 2011.  The Reference Fund invested in D. E. Shaw Oculus Portfolios, L.L.C..  Holders of the Warrants were exposed to the Debtor's credit risk in addition to the performance of the Reference Fund as the Warrants constitute general unsecured obligations of the Issuer.  Payment of any amounts due under the Warrants was not guaranteed by any corporate or governmental

entity. The claims of holders, if any, were not secured by Interests in the Reference Fund or otherwise, and no amount was placed in escrow to satisfy any such claims. Moreover, since the Debtor has become the subject to bankruptcy proceedings, investors – including the Claimant - may lose the whole of their investment, whether a cash settlement amount is or becomes due upon maturity or termination, or otherwise. The offering memorandum in connection with the warrants is voluminous and a copy may be obtained by contacting the Claimant.

### C. **Unpaid Deferred Compensation**

Throughout Claimant's employment, a portion of his overall compensation was labeled as "deferred." These deferred portions of compensation represent amounts due to Claimant and which were never paid to him. Upon information and belief, this was done at the direction of the Debtor. This deferred compensation, calculated from statements provided to Claimant and which can be obtained by contacting Claimant, amounts to $5,528,926.12 as detailed on Exhibit "B" hereto. Claimant was never paid this deferred compensation and hereby asserts a claim for such.

### MISCELLANEOUS

Claimant expressly reserves the right to (a) amend or supplement the Proof of Claim or to file additional proofs of claim at any time for any reason, including to increase or otherwise amend the amount claimed herein because of new information or for any other reason; and (b) to submit further evidence in support of the Proof of Claim.

The filing of the Proof of Claim is not, and shall not, be deemed or construed as (a) a waiver of, or other limitation on, any rights or remedies relative to the amounts sought herein, at law or in equity; (b) a waiver or release of, or any other limitation on, Claimant's right to trial by jury; or (c) a waiver or release of, or any other limitation on Claimant's right to have any orders entered only after de novo review by a United States District Judge.

Claimant does not waive any setoff rights, lien rights, rights of recoupment, or other similar rights that it has or may have against Debtor or any other entity and expressly reserves all such rights.

Claimant requests that all notices, pleadings and communications of any kind regarding the Proof of Claim be given to and served upon (i) Jeffrey Wecker, 198 Middle Line Highway, Southampton, NY 11968; and (ii) Katten Muchin Rosenman LLP, 575 Madison Avenue, New York, New York 10022, Attn: Steven G. Eckaus, Esq.

EXHIBIT A

COPY OF MY PARTNERSHIP STATEMENT

# LEHMAN BROTHERS Private Equity

## Employee Funds

Jeffrey S Wecker (900001699)

**My Partnership Summary as of March 31, 2008**

| Fund | Total Units | Commitment | | Total Contributions | Total Distributions | Life-To-Date Distributions as % of Contributions | Remaining Book Value | Total Value | Total Value as % of Contributions |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | Total $/€ | Remaining | | | | | | |
| Communications Capital Partners I | 10 | $50,000 | $0 | $12,500 | $7,667 | 61% | $1,058 | $8,725 | 70% |
| Partnership Account 2000/2001 (1) | 30 | $30,000 | $0 | $22,500 | $33,000 | 147% | $50,730 | $83,730 | 372% |
| TOTAL PRIVATE EQUITY (USD) | | $80,000 | $0 | $35,000 | $40,667 | 116% | $51,788 | $92,455 | 264% |

**Notes**

(1) Total Commitment excludes Firm provided leverage.

All terms and conditions of the awards are subject to the applicable controlling documents, including but not limited to the applicable partnership agreement.

EXHIBIT B

DEFERRED COMPENSATION SPREADSHEET

Jeffrey S. Wecker
Compensation Awards Outstanding as of September 12, 2008

**RSUs**

| Grant Date | MV on Grant Date | RSUs Granted | Grant Value | Total | Dividend Equivalents Outstanding* | |
|---|---|---|---|---|---|---|
| 12/10/2003 | 35.695 | 9666.05 | 483012.38 | 483,012.38 | 683.10 | includes 2:1 stock split 5/1/2006 |
| 12/9/2004 | 42.900 | 27304.02 | 820000.04 | 820,000.04 | 738.41 | includes 2:1 stock split 5/1/2006 |
| 12/9/2005 | 63.000 | 22675.74 | 1000000.02 | 1,000,000.02 | 430.26 | includes 2:1 stock split 5/1/2006 |
| 12/9/2006 | 77.030 | 30137.24 | 1625000.03 | 1,625,000.03 | 361.03 | |
| 12/9/2007 | 63.470 | 28696.83 | 1275000.00 | 1,275,000.00 | 89.98 | |

**Stock Options**

| Grant Date | Exercise Price | Black-Scholes Value | Options Outstanding | Total | | |
|---|---|---|---|---|---|---|
| 9/20/2001 | 23.32 | 14.33 | 4396 | 31,497.00 | | includes 2:1 stock split 5/1/2006 |
| 12/3/2001 | 31.7 | 19.61 | 3976 | 38,985.00 | | includes 2:1 stock split 5/1/2006 |
| 12/11/2002 | 27.21 | 24.33 | 10350 | 94,444.00 | | includes 2:1 stock split 5/1/2006 |
| 12/10/2003 | 35.695 | 27.79 | 16554 | 160,987.65 | | includes 2:1 stock split 5/1/2006 |

TOTAL    $    5,528,926.12    2302.78

*dividend equivalents outstanding as of April 2008*

H
A
N
D

D
E
L
I
V
E
R
Y

**FILED / RECEIVED**

SEP 2 2 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

RECEIVED BY:

DATE

10:40

TIME

# EXHIBIT 2

## 2007 Total Compensation Statement

Employee :  Wecker,Jeffrey S
Division :  Equities
Hire Date :  10/4/99

Employee ID :  10200172
Stock Program :  MD

### COMPENSATION HISTORY

| Compensation Type | Current - 2007 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $2,400,000 |
| **TOTAL COMPENSATION** | **$2,600,000** |
| Total Compensation Value | $3,146,429 |

"Total Compensation" includes the notional grant-date value of the principal portion of your equity award, as described below. "Total Compensation Value" includes the notional grant-date value of the principal and discount portions of your equity award. To receive the full benefit of the equity award, including the discount portion, you must remain employed at the Firm for five years from the grant date and comply with the terms of the Equity Award Program.

### EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $1,275,000 | $63.47 | $44.43 | 28,696.83 |

Your equity award was calculated based on total compensation of $2,600,000, where "total compensation" includes salary, bonus, and other forms of eligible compensation. All terms and conditions of equity awards, including those relating to vesting and forfeiture, are subject to the controlling plan documents, including the FY 2007 equity award agreements (expected to be finalized in early 2008), the 2005 Stock Incentive Plan and related Prospectus.

### PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $2,400,000 | |
| Less Total RSUs | ($1,275,000) | |
| Total Cash Payment (Before Taxes) | $1,125,000 | Payable on or about January 31, 2008 |

### ANNUAL SALARY

Effective Fiscal Year 2008, your annual base salary will be as follows:

| | |
|---|---|
| Current Annual Salary | $200,000 |

Your rights to the bonus payment and equity awards are subject to the terms and conditions of the Firm's bonus policy and the controlling equity award documents, as applicable.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212) 526-8346.

Whalen,P

10-Dec-07

2006 Total Compensation Statement

## CONFIDENTIAL

Employee : Wecker,Jeffrey S
Division : Equities
Hire Date : 10/4/99

Employee ID : 10200172
Stock Program : MD

## COMPENSATION

| Compensation Type | Current - 2006 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $3,050,000 |
| **TOTAL COMPENSATION** | **$3,250,000** |

## EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $1,625,000.03 | $77.03 | $53.92 | 30,137.24 |

Your equity award was calculated based on total compensation of $3,250,000, where "total compensation" includes salary, bonus, and other forms of eligible compensation.

All terms and conditions of equity awards, including those relating to vesting and forfeiture, are subject to controlling plan documents, including the FY 2006 equity award agreements (expected to be finalized in early 2007), the Employee Incentive Plan and related Prospectus.

## PAYMENT SCHEDULE

| | | | |
|---|---|---|---|
| Bonus | $3,050,000 | Bonus Guarantee: | $3,050,000 |
| Less RSUs | ($1,625,000) | | |
| Total Cash Payment (Before Taxes) | $1,425,000 | Payable on or about January 31, 2007 | |

## ANNUAL SALARY

Effective Fiscal Year 2007, your annual base salary will be as follows:

| Current Annual Salary | $200,000 |
|---|---|

The above bonus (including equity awards and any special awards) is contingent on your remaining actively employed through the scheduled bonus award date (on or about January 31, 2007). If you are no longer actively employed on such date, or if you have received notice of employment termination, or are serving out any period of required notice of resignation through such date, you will not be eligible for a bonus or any portion of it.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212)526-8346.

Whalen,P
18-Dec-06

Lehman Brothers
2005 Total Compensation Statement

### CONFIDENTIAL

Employee : Wecker,Jeffrey S
Division : Equities
Hire Date : October 4, 1999

Stock Program : MD
Employee Id : 10200172

### COMPENSATION

| Compensation Type | Current - 2005 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $2,300,000 |
| **TOTAL COMPENSATION** | **$2,500,000** |

### EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $1,000,000.02 | $126.00 | $88.20 | 11,337.87 |

Your equity award was calculated based on total compensation of $2,500,000, where "total compensation" includes salary, bonus, and other forms of eligible compensation.

All terms and conditions of equity awards, including those relating to vesting and forfeiture, are subject to controlling plan documents, including the FY 2005 equity award agreements (expected to be finalized in early 2006), the Employee Incentive Plan and related Prospectus.

### PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $2,300,000 | |
| Less RSUs | ($1,000,000) | |
| Total Cash Payment (Before Taxes) | $1,300,000 | Payable on or about January 31, 2006 |

### ANNUAL SALARY

Effective Fiscal Year 2006, your annual base salary will be as follows:

| Current Annual Salary | $200,000 |
|---|---|

Note: All bonus awards and equity awards are contingent on your being employed on the scheduled bonus award date (on or about January 31, 2006) and not having given or received notice of employment termination before that date.

If you are not employed on January 31, 2006, or you have received notice of employment termination before that date, you will not be eligible to receive a bonus award (including any special awards) or any equity award for fiscal year 2005.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212)526-8346.

Wickham,J
12-Dec-05

**Lehman Brothers**
**2004 Total Compensation Statement**

**CONFIDENTIAL**

| | |
|---|---|
| Employee : Wecker,Jeffrey S | |
| Division : Equities | Stock Program : MD |
| Hire Date : October 4, 1999 | Employee Id : 10200172 |

## COMPENSATION

| Compensation Type | Current - 2004 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $2,000,000 |
| **TOTAL COMPENSATION** | **$2,200,000** |

## EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $820,000.04 | $85.80 | $60.06 | 13,653.01 |

Your equity award was calculated based on total compensation of $2,200,000, where "total compensation" includes salary, bonus, and other forms of eligible compensation

All terms and conditions of equity awards, including those relating to vesting and forfeiture, are subject to controlling plan documents, including the FY 2004 equity award agreements (expected to be finalized in early 2005), the Employee Incentive Plan and related Prospectus.

## PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $2,000,000 | |
| Less RSUs | ($820,000) | |
| Total Cash Payment (Before Taxes) | $1,180,000 | Payable on or about January 31, 2005 |

## ANNUAL SALARY

Effective Fiscal Year 2005, your annual base salary will be as follows:

| | |
|---|---|
| Current Annual Salary | $200,000 |

Note: All bonus awards and equity awards are contingent on your being employed on the scheduled bonus award date (on or about January 31, 2005) and not having given or received notice of employment termination before that date. If you are not employed on January 31, 2005 or you have given or received notice of employment termination before that date, you will not be eligible to receive a bonus award (including any special awards) or any equity award for fiscal year 2004.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212) 526-8346.

Wickham,J

13-Dec-04

**Lehman Brothers**

## 2003 Total Compensation Statement

### CONFIDENTIAL

| | | | |
|---|---|---|---|
| Employee : | Wecker,Jeffrey S | | |
| Division  : | Equities | Stock Program : | MD |
| Hire Date : | October 4, 1999 | Employee Id : | 10200172 |

#### COMPENSATION SUMMARY

| Compensation Type | Current - 2003 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $1,700,000 |
| Total Compensation | $1,900,000 |

#### EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $483,012.38 | $71.39 | $49.97 | 9,666.05 |
| | | Black-Scholes | Discount Price | Options |
| Options | $160,987.65 | $27.79 | $19.45 | 8,277 |
| Total Equity | $644,000.03 | | | |

Your equity award was calculated based on a Total Compensation of $1,900,000.

RSUs are subject to restrictions until November 30, 2008. They cannot be sold, traded or pledged for that five year period. Your stock options have a 10-year term and have an exercise price of $71.39. These options cannot be sold, traded or pledged at any time.

All terms and conditions of the awards are subject to the controlling plan documents, including but not limited to your 2003 Restricted Stock Unit Award Agreement, the 2003 Stock Option Award Agreement, the Employee Incentive Plan and the Employee Incentive Plan Prospectus.

#### BONUS PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $1,700,000 | |
| Less RSUs | ($483,012) | |
| Less Options | ($160,988) | |
| Net Bonus (Before Taxes) | $1,056,000 | Bonus will be paid on or about January 29, 2004 |

#### ANNUAL SALARY

Effective Fiscal Year 2004, your annual base salary will be as follows:

| | |
|---|---|
| Current Annual Salary | $200,000 |

Note: All bonus awards and equity awards are contingent on your being employed on the scheduled bonus award date (on or about January 29, 2004) and not having given or received notice of employment termination before that date. If you are not employed on January 29, 2004 or you have given or received notice of employment termination before that date, you will not be eligible to receive a bonus award or any equity award for fiscal year 2003.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212) 526-8346.

15-Dec-0:

**Lehman Brothers**

**2002 Total Compensation Statement**

**CONFIDENTIAL**

Employee :  Wecker,Jeffrey S
Division  :  Equities
Hire Date :  October 4, 1999

Stock Program :    MD
Employee Id :   10200172

## COMPENSATION SUMMARY

| Compensation Type | Current - 2002 |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $1,050,000 |
| Total Compensation | $1,250,000 |

## EQUITY SUMMARY in USD

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| RSUs | $125,938.54 | $54.42 | $38.09 | 3,306.34 |
| | | Black-Scholes | Discount Price | Options |
| Options | $377,811.50 | $24.33 | $18.25 | 20,702 |
| Total Equity | $503,750.04 | | | |

Your equity award was calculated based on a Total Compensation of $1,250,000.

RSUs are subject to restrictions until November 30, 2007. They cannot be sold, traded or pledged for that five year period. Your stock options have a 10-year term and have an exercise price of $54.42. These options cannot be sold, traded or pledged at any time. All terms and conditions of the awards are subject to the controlling plan documents, including but not limited to your 2002 Restricted Stock Award Agreement, the 2002 Stock Option Award Agreement, the Employee Incentive Plan and the Employee Incentive Plan Prospectus.

## BONUS PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $1,050,000 | |
| Less RSUs | ($125,939) | |
| Less Options | ($377,812) | |
| Net Bonus (Before Taxes) | $546,250 | Bonus will be paid on or about January 31, 2003 |

## ANNUAL SALARY

Effective Fiscal Year 2003, your annual base salary will be as follows:

| Current Annual Salary | $200,000 |
|---|---|

Note: All bonus awards and equity awards are contingent on your being employed on the scheduled bonus award date (on or about January 31, 2003) and not having given or received notice of employment termination before that date. If you are not employed on January 31, 2003 or you have given or received notice of employment termination before that date, you will not be eligible to receive a bonus award or any equity award for fiscal year 2002.

If you have any additional questions regarding your compensation or personal data, please contact your divisional HR representative. If you have any questions regarding your equity award, please contact the Compensation Department at (212) 526-8346.

16-Dec-02

12/16/2001

2001 Total Compensation Statement

Foreign Currency Copy {USD at 1.00000}

Employee : Wecker,Jeffrey S
Division : Equities
Hire Date : 10/4/1999

## 2001 TOTAL COMPENSATION SUMMARY

| Compensation Type | FY 2001 Totals |
|---|---|
| Paid Salary | $200,000 |
| Bonus | $1,200,000 |
| Total Compensation | $1,400,000 |

## BONUS PAYMENT SCHEDULE

| | | |
|---|---|---|
| Bonus | $1,200,000.00 | |
| Less RSUs | $(235,009.43) | |
| Less Options | $(234,990.60) | |
| Net Bonus (Before Taxes) | $729,999.97 | Bonus will be paid on or about January 31, 2002 |

## 2001 EQUITY SUMMARY

| | Equity Component | Market Price | Discount Price | Shares |
|---|---|---|---|---|
| Sep RSUs | $105,004.11 | $46.64 | $32.65 | 3,216.05 |
| Dec RSUs | $130,005.32 | $63.40 | $44.38 | 2,929.37 |
| Total RSUs | $235,009.43 | | | 6,145.42 |
| | | Black-Scholes | Discount Price | Options |
| Sep Options | $104,995.91 | $20.47 | $14.33 | 7,327.00 |
| Dec Options | $129,994.69 | $28.02 | $19.61 | 6,629.00 |
| Total Options | $234,990.60 | | | 13,956.00 |
| Total Equity | $470,000.03 | | | |

RSUs are subject to restrictions until November 30, 2006. They cannot be sold, traded or pledged for that five year period. Your stock options have a 10-year term and have an exercise price of $46.64 for September options and $63.40 for December options. These options cannot be sold, traded or pledged at any time.

All terms and conditions of the awards are subject to the controlling plan documents, including but not limited to your 2001 Restricted Stock Award Agreement, the 2001 Stock Option Award Agreement, the Employee Incentive Plan and the Employee Incentive Plan Prospectus.

## 2002 ANNUAL SALARY

*Effective Fiscal Year 2002, your annual base salary will be as follows:*

| Current Annual Salary | $200,000 |
|---|---|

Note: All bonus awards and equity awards are contingent on your being employed on the scheduled bonus award date (January 31 2002) and not having given or received notice of employment termination before that date. If you are not employed on January 31, 2002 or you have given or received notice of employment termination before that date, you will not be eligible to receive a bonus award or any equity award for fiscal year 2001.

If you have any additional questions regarding your compensation or personnel data, please contact your divisional HR representative. If you have any questions regarding your stock award, please contact the Compensation Department at (201) 524-4624.

10200172   MD