SCHEDULE O

S&P Industry Classification Group

| Corporate Obligations | | Structure Finance Securities | |
|---|---|---|---|
| Industry Code | Description | Asset Type | Description |
| 0 | Zero Default Risk | 39 | Telecommunications |
| 1 | Aerospace and Defense | 40 | Reserve |
| 2 | Air Transport | 41 | Reserve |
| 3 | Automotive | 42 | Reserve |
| 4 | Beverage & Tobacco | 43 | Reserve |
| 5 | Radio and Television | 44 | Reserve |
| 6 | Brokers, Dealers & Investment Houses | 45 | Reserve |
| 7 | Building & Development | 46 | Reserve |
| 8 | Business Equipment & Services | 47 | Reserve |
| 9 | Cable & Satellite Television | 48 | Reserve |
| 10 | Chemicals & Plastics | 49 | Project Finance |
| 11 | Clothing/Textiles | 50 | CDO |
| 12 | Conglomerates | 51 | ABS Consumer |
| 13 | Containers & Glass Products | 52 | ABS Commercial |
| 14 | Cosmetics/Toiletries | 53 | CMBS Diversified (Conduit and CTL) |
| 15 | Drugs | 54 | CMBS (Large Loan, Single Borrower and Single Property) |
| 16 | Ecological Services & Equipment | | |
| 17 | Electronics/Electrical | 55 | REITS and REOCs |
| 18 | Equipment Leasing | 56 | RMBS A |
| 19 | Farming/Agricultural | 57 | RMBS B&C, HELs, HELOCs and Tax Lien |
| 20 | Financial Intermediaries | 58 | Manufactured Housing |
| 21 | Food/Drug Retailers | 59 | U.S. Agency (Explicitly Guaranteed) |
| 23 | Food Products | 60 | Monoline/FER Company Guaranteed |
| 24 | Food Service | 61 | Non-FER Company Guaranteed |
| 25 | Forest Products | 62 | FFELP Student Loans (over 70% FFELP) |
| 25 | Health Care | 63 | Reserve |
| 26 | Home Furnishings | 64 | Reserve |
| 27 | Lodging & Casinos | 65 | Reserve |
| 28 | Industrial Equipment | 66 | Reserve |
| 29 | Insurance | 67 | Reserve |
| 30 | Leisure Goods/Activities/Movies | 68 | Reserve |
| 31 | Nonferrous Metals/Minerals | 69 | Reserve |
| 32 | Oil & Gas | 70 | Reserve |
| 33 | Publishing | 71 | Reserve |
| 34 | Rail Industries | 72 | Reserve |
| 35 | Retailers (except Food & Drug) | 73 | Reserve |
| 36 | Steel | 74 | Reserve |
| 37 | Surface Transport | 75 | Reserve |
| 38 | Utilities | 76 | Reserve |
| 39 | Telecommunications | 77 | Reserve |
| 40 | Reserve | | |
| 41 | Reserve | | |
| 42 | Reserve | | |
| 43 | Reserve | | |
| 44 | Reserve | | |
| 45 | Reserve | | |
| 46 | Reserve | | |
| 47 | Reserve | | |
| 48 | Reserve | | |

2

EXHIBIT A-1

[FORM OF TEMPORARY REGULATION S GLOBAL CLASS [A-1][A-2] [B][C][D][E]
NOTE]

THIS NOTE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE
SECURITIES ACT OF 1933, AS AMENDED (THE "**SECURITIES ACT**), OR THE
SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER
JURISDICTION, AND MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED
ONLY (A) (1) TO A PERSON WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST
HEREIN) IN THE FORM OF A RESTRICTED NOTE AND WHOM THE SELLER
REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE
MEANING OF RULE 144A UNDER THE SECURITIES ACT ("**RULE 144A**"),
PURCHASING FOR ITS OWN ACCOUNT, TO WHOM NOTICE IS GIVEN THAT THE
RESALE, PLEDGE OR OTHER TRANSFER IS BEING MADE IN RELIANCE ON THE
EXEMPTION FROM SECURITIES ACT REGISTRATION PROVIDED BY RULE 144A OR
(2) TO A NON-U.S. PERSON IN AN OFFSHORE TRANSACTION IN ACCORDANCE
WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT ("**REGULATION
S**"), (B) IN COMPLIANCE WITH THE CERTIFICATION AND OTHER REQUIREMENTS
SPECIFIED IN THE INDENTURE REFERRED TO HEREIN AND (C) IN ACCORDANCE
WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED
STATES AND ANY OTHER RELEVANT JURISDICTION.

NEITHER OF THE ISSUERS HAS BEEN REGISTERED UNDER THE INVESTMENT
COMPANY ACT OF 1940, AS AMENDED (THE "**INVESTMENT COMPANY ACT**"). NO
TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NONE
OF THE ISSUERS, THE TRUSTEE OR THE NOTE REGISTRAR WILL RECOGNIZE ANY
SUCH TRANSFER) IF (A) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE
WHO IS A U.S. RESIDENT (WITHIN THE MEANING OF THE INVESTMENT COMPANY
ACT) BUT IS NOT A "QUALIFIED PURCHASER" AS DEFINED IN SECTION 2(a)(51)(A)
OF THE INVESTMENT COMPANY ACT AND RELATED RULES, A
"KNOWLEDGEABLE EMPLOYEE" WITH RESPECT TO THE ISSUER (WITHIN THE
MEANING OF RULE 3c-5 UNDER THE INVESTMENT COMPANY ACT) OR A
COMPANY EACH OF WHOSE BENEFICIAL OWNERS IS A QUALIFIED PURCHASER
OR A KNOWLEDGEABLE EMPLOYEE (COLLECTIVELY, A "**QUALIFIED
PURCHASER**") TAKING DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE
FORM OF A RESTRICTED NOTE, (B) SUCH TRANSFER WOULD HAVE THE EFFECT
OF REQUIRING EITHER OF THE ISSUERS TO REGISTER AS AN INVESTMENT
COMPANY UNDER THE INVESTMENT COMPANY ACT OR (C) OTHER THAN IN THE
CASE OF A TRANSFEREE WHO ACQUIRES AN INTEREST IN A REGULATION S
GLOBAL NOTE AFTER THE END OF THE DISTRIBUTION COMPLIANCE PERIOD IN
AN OFFSHORE TRANSACTION EFFECTED IN ACCORDANCE WITH RULE 904 OF
REGULATION S, SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A
U.S. RESIDENT THAT IS A FLOW-THROUGH INVESTMENT VEHICLE OTHER THAN A
QUALIFYING INVESTMENT VEHICLE (EACH AS DEFINED IN THE INDENTURE)

WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE.

IN ADDITION, NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NEITHER THE TRUSTEE NOR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE THAT IS A U.S. RESIDENT AND IS (A) A DEALER DESCRIBED IN PARAGRAPH (a)(1)(ii) OF RULE 144A WHICH OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S.$25,000,000 IN SECURITIES OF ISSUERS THAT ARE NOT AFFILIATED PERSONS OF THE DEALER OR (B) A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, UNLESS INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE SOLELY BY THE FIDUCIARY, TRUSTEE OR SPONSOR OF SUCH PLAN.

EACH ORIGINAL PURCHASER AND TRANSFEREE WILL BE DEEMED TO REPRESENT AND WARRANT) THAT EITHER (A) IT IS NOT A PLAN, A GOVERNMENTAL OR CHURCH PLAN WHICH IS SUBJECT TO ANY FEDERAL, STATE OR LOCAL LAW THAT IS SIMILAR TO THE PROHIBITED TRANSACTION PROVISIONS OF SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE, OR AN ENTITY WHICH IS DEEMED TO HOLD THE ASSETS OF ANY SUCH PLAN PURSUANT TO 29 C.F.R. SECTION 2510.3-101, OR (B) ITS PURCHASE AND OWNERSHIP OF SUCH NOTE WILL NOT RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE (OR, IN THE CASE OF A GOVERNMENTAL OR CHURCH PLAN, ANY SUCH SIMILAR U.S. FEDERAL, STATE OR LOCAL LAW).

EACH PURCHASER OF THIS NOTE WILL BE DEEMED TO HAVE MADE THE APPLICABLE REPRESENTATIONS AND AGREEMENTS SET FORTH IN THIS LEGEND. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY NOT BE HELD AT ANY TIME BY A U.S. PERSON WHO IS NOT A QUALIFIED PURCHASER. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY BE TRANSFERRED TO A PERSON WHO TAKES DELIVERY IN THE FORM OF AN INTEREST IN A RESTRICTED NOTE OR (IN CERTAIN LIMITED CIRCUMSTANCES) A DEFINITIVE NOTE ONLY (IN THE CASE OF AN INTEREST IN A RESTRICTED GLOBAL NOTE) IN ACCORDANCE WITH APPLICABLE PROCEDURES (AS DEFINED IN THE INDENTURE) AND (IN THE CASE OF A DEFINITIVE NOTE) UPON RECEIPT BY THE NOTE REGISTRAR OF A TRANSFER CERTIFICATE BY THE TRANSFEROR AND THE TRANSFEREE SUBSTANTIALLY IN THE FORM SPECIFIED IN THE INDENTURE.

THIS NOTE (OR AN INTEREST HEREIN) MAY NOT BE TRANSFERRED UNLESS, AFTER GIVING EFFECT TO THE TRANSFER, THE TRANSFEREE IS HOLDING A NOTE WITH AN ORIGINAL PRINCIPAL AMOUNT WHICH IS EQUAL TO U.S.$1,000,000 OR INTEGRAL MULTIPLES OF U.S.$1,000 IN EXCESS THEREOF.

TO THE EXTENT APPLICABLE TO THE ISSUERS, THE ISSUERS MAY IMPOSE ADDITIONAL TRANSFER RESTRICTIONS TO COMPLY WITH THE USA PATRIOT ACT OR OTHER SIMILAR LAWS AND REGULATIONS, AND EACH BENEFICIAL OWNER OF A NOTE AGREES TO COMPLY WITH SUCH TRANSFER RESTRICTIONS.

THE PURCHASER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN WILL BE DEEMED TO UNDERSTAND AND AGREE THAT IF ANY PURPORTED TRANSFER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN TO A PURCHASER DOES NOT COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS NOTE OR THE INDENTURE, THEN THE PURPORTED TRANSFEROR OF THIS NOTE OR BENEFICIAL INTEREST HEREIN SHALL BE REQUIRED TO CAUSE THE PURPORTED TRANSFEREE TO SURRENDER THE TRANSFERRED NOTE OR ANY BENEFICIAL INTEREST THEREIN IN RETURN FOR A REFUND OF THE CONSIDERATION PAID THEREFOR BY SUCH TRANSFEREE (TOGETHER WITH INTEREST THEREON) OR TO CAUSE THE PURPORTED TRANSFEREE TO DISPOSE OF SUCH NOTE OR BENEFICIAL INTEREST PROMPTLY IN ONE OR MORE OPEN MARKET SALES TO ONE OR MORE PERSONS EACH OF WHOM SATISFIES THE REQUIREMENTS OF THE REPRESENTATIONS, WARRANTIES AND COVENANTS SET FORTH IN THIS LEGEND, AND SUCH PURPORTED TRANSFEROR SHALL TAKE, AND SHALL CAUSE SUCH TRANSFEREE TO TAKE, ALL FURTHER ACTION NECESSARY OR DESIRABLE, IN THE JUDGMENT OF THE ISSUER, TO ENSURE THAT SUCH NOTE OR ANY BENEFICIAL INTEREST THEREIN IS HELD BY PERSONS IN COMPLIANCE THEREWITH.  ANY TRANSFER IN VIOLATION OF THE FOREGOING PROVISIONS OF THIS NOTE OR THE INDENTURE WILL BE OF NO FORCE AND EFFECT, WILL BE VOID *AB INITIO*, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUERS, THE TRUSTEE OR ANY INTERMEDIARY.

# GEMSTONE CDO VI LTD.
# GEMSTONE CDO VI CORP.

## TEMPORARY REGULATION S GLOBAL CLASS [A-1][A-2][B][C][D][E] NOTE

representing

Up to U.S.$[____]
CLASS [A-1][A-2][B][C][D][E] NOTES DUE AUGUST 2046

U.S.$ Principal amount currently
shown on Appendix 1 hereto.

ISIN No. [_____]
Certificate No. [_____]

Gemstone CDO VI Ltd., an exempted company with limited liability incorporated under the laws of Cayman Islands (the "**Issuer**"), and Gemstone CDO VI Corp., a corporation organized under the laws of the State of Delaware (the "**Co-Issuer**" and, together with the Issuer, the "**Co-Issuers**"), for value received, hereby promise to pay to Cede & Co., or registered assigns, upon surrender hereof the original principal amount shown on Appendix 1 or such amount as shall be the outstanding principal amount hereof after (a) adding the aggregate principal amount of each Restricted Global Class [A-1][A-2][B][C][D][E] Note or Definitive Class [A-1][A-2][B][C][D][E] Note surrendered in exchange for a portion or portions hereof and (b) subtracting the aggregate principal amount of each Restricted Global Class [A-1][A-2][B][C][D][E] Note or Definitive Class [A-1][A-2][B][C][D][E] Note issued in exchange for a portion or portions hereof and (iii) any principal payments made in accordance with the provisions hereof and the Indenture on or prior to the August 2046 Distribution Date (the "**Stated Maturity**").

This is one of the U.S.$[___] Class [A-1][A-2][B][C][D][E] Notes due August 2046 (the "**Class [A-1][A-2][B][C][D][E] Notes**") issued under an Indenture, dated as of August 17, 2006 (the "**Indenture**"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as trustee (the "**Trustee**"). Authorized under the Indenture are the $446,250,000 Class A-1 Floating Rate Notes Due August 2046, $78,750,000 Class A-2 Floating Rate Notes Due August 2046, $66,500,000 Class B Floating Rate Notes Due August 2046, $26,000,000 Class C Floating Rate Deferrable Interest Notes Due August 2046, $35,250,000 Class D Floating Rate Deferrable Interest Notes Due August 2046 and $10,500,000 Class E Floating Rate Deferrable Interest Notes Due August 2046 (collectively, the "**Notes**"). The Notes will be issued on the Closing Date pursuant to the Indenture.

Reference is hereby made to the terms and conditions of Class [A-1][A-2] [B][C][D][E] Notes set forth in the Indenture. Such provisions shall for all purposes have the same effect as though fully set forth herein.

Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Indenture.

Interests in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note may be transferred or exchanged subject to the terms of this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note and the provisions of the Indenture.

Interests in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall be exchanged for beneficial interests in the Permanent Regulation S Global [A-1][A-2][B][C][D][E] Note in the same aggregate principal amount as the principal amount of the interest in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note submitted for exchange, subject to the terms of this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note. No holder of any interest in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note will be entitled to receive any payment hereon except to the extent such holder's interest in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note is exchanged for an interest in the Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note as provided in the next succeeding paragraph.

Upon termination of the Distribution Compliance Period, interests in this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall be exchangeable for interests in the Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note upon compliance with certification requirements as set forth in the Indenture. On an exchange of the whole of this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note, this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall be surrendered to the Principal Paying Agent. On an exchange of part only of this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note, details of such exchange shall be entered by the Principal Paying Agent on Appendix 1 hereto, whereupon the principal amount shall be reduced for all purposes by the amount so exchanged and endorsed.

This Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note has the benefit of and is issued pursuant to the terms of the Indenture which is incorporated herein by reference.

Interest on the Class [A-1][A-2][B][C][D][E] Notes will be payable quarterly in arrears on each Distribution Date to the Holders of such Class [A-1][A-2][B][C][D][E] Notes. A **"Distribution Date"** will be the 17th day of each February, May, August, and November commencing on November 17, 2006, *provided, however*, that if any such date shall fall on a day which is not a Business Day, the Distribution Date shall be the next succeeding Business Day.

The Class [A-1][A-2][B][C][D][E] Notes will bear interest at the "Class[A-1][A-2][B][C][D][E] Note Interest Rate", which, for each Interest Period, is a per annum rate equal to the sum of LIBOR plus [__]%.

On each Distribution Date, principal will be payable in accordance with the priority of distribution provisions set forth in the Indenture.

Unless the certificate of authentication hereon has been executed by manual signature by or on behalf of the Trustee, this Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall not be valid or obligatory for any purpose.

This Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note does not represent or evidence an interest in or obligation of, and is not guaranteed by, the Trustee.

IN WITNESS WHEREOF, the Co-Issuers have caused this instrument to be duly executed.


**GEMSTONE CDO VI LTD.**

By: _____
     Name:
     Title:


**GEMSTONE CDO VI CORP.**

By: _____
     Name:
     Title:

## CERTIFICATE OF AUTHENTICATION

This is the Temporary Regulation S Global Class [A-1][A-2][B][C][D][E] Note referred to in the within mentioned Indenture.

**DEUTSCHE BANK TRUST COMPANY AMERICAS,**
as Authenticating Agent

By: _____
Authorized Signatory

Dated: August 17, 2006

## APPENDIX 1

| DATE | PRINCIPAL AMOUNT | | AGGREGATE PRINCIPAL AMOUNT |
|------|----------|----------|-----------|
| | INCREASE | DECREASE | |
| August 17, 2006 | | | U.S.$[_____] |

30775-00034 NY:1455024.3

EXHIBIT A-2

## [FORM OF PERMANENT REGULATION S GLOBAL CLASS [A-1][A-2][B][C][D][E] NOTE]

THIS NOTE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "**SECURITIES ACT**), OR THE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER JURISDICTION, AND MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED ONLY (A) (1) TO A PERSON WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE AND WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT ("**RULE 144A**"), PURCHASING FOR ITS OWN ACCOUNT, TO WHOM NOTICE IS GIVEN THAT THE RESALE, PLEDGE OR OTHER TRANSFER IS BEING MADE IN RELIANCE ON THE EXEMPTION FROM SECURITIES ACT REGISTRATION PROVIDED BY RULE 144A OR (2) TO A NON-U.S. PERSON IN AN OFFSHORE TRANSACTION IN ACCORDANCE WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT ("**REGULATION S**"), (B) IN COMPLIANCE WITH THE CERTIFICATION AND OTHER REQUIREMENTS SPECIFIED IN THE INDENTURE REFERRED TO HEREIN AND (C) IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES AND ANY OTHER RELEVANT JURISDICTION.

NEITHER OF THE ISSUERS HAS BEEN REGISTERED UNDER THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "**INVESTMENT COMPANY ACT**"). NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NONE OF THE ISSUERS, THE TRUSTEE OR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF (A) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT (WITHIN THE MEANING OF THE INVESTMENT COMPANY ACT) BUT IS NOT A "QUALIFIED PURCHASER" AS DEFINED IN SECTION 2(a)(51)(A) OF THE INVESTMENT COMPANY ACT AND RELATED RULES, A "KNOWLEDGEABLE EMPLOYEE" WITH RESPECT TO THE ISSUER (WITHIN THE MEANING OF RULE 3c-5 UNDER THE INVESTMENT COMPANY ACT) OR A COMPANY EACH OF WHOSE BENEFICIAL OWNERS IS A QUALIFIED PURCHASER OR A KNOWLEDGEABLE EMPLOYEE (COLLECTIVELY, A "**QUALIFIED PURCHASER**") TAKING DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE, (B) SUCH TRANSFER WOULD HAVE THE EFFECT OF REQUIRING EITHER OF THE ISSUERS TO REGISTER AS AN INVESTMENT COMPANY UNDER THE INVESTMENT COMPANY ACT OR (C) OTHER THAN IN THE CASE OF A TRANSFEREE WHO ACQUIRES AN INTEREST IN A REGULATION S GLOBAL NOTE AFTER THE END OF THE DISTRIBUTION COMPLIANCE PERIOD IN AN OFFSHORE TRANSACTION EFFECTED IN ACCORDANCE WITH RULE 904 OF REGULATION S, SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT THAT IS A FLOW-THROUGH INVESTMENT VEHICLE OTHER THAN A QUALIFYING INVESTMENT VEHICLE (EACH AS DEFINED IN THE INDENTURE)

WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE.

IN ADDITION, NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NEITHER THE TRUSTEE NOR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE THAT IS A U.S. RESIDENT AND IS (A) A DEALER DESCRIBED IN PARAGRAPH (a)(1)(ii) OF RULE 144A WHICH OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S.$25,000,000 IN SECURITIES OF ISSUERS THAT ARE NOT AFFILIATED PERSONS OF THE DEALER OR (B) A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, UNLESS INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE SOLELY BY THE FIDUCIARY, TRUSTEE OR SPONSOR OF SUCH PLAN.

EACH ORIGINAL PURCHASER AND TRANSFEREE WILL BE DEEMED TO REPRESENT AND WARRANT) THAT EITHER (A) IT IS NOT A PLAN, A GOVERNMENTAL OR CHURCH PLAN WHICH IS SUBJECT TO ANY FEDERAL, STATE OR LOCAL LAW THAT IS SIMILAR TO THE PROHIBITED TRANSACTION PROVISIONS OF SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE, OR AN ENTITY WHICH IS DEEMED TO HOLD THE ASSETS OF ANY SUCH PLAN PURSUANT TO 29 C.F.R. SECTION 2510.3-101, OR (B) ITS PURCHASE AND OWNERSHIP OF SUCH NOTE WILL NOT RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE (OR, IN THE CASE OF A GOVERNMENTAL OR CHURCH PLAN, ANY SUCH SIMILAR U.S. FEDERAL, STATE OR LOCAL LAW).

EACH PURCHASER OF THIS NOTE WILL BE DEEMED TO HAVE MADE THE APPLICABLE REPRESENTATIONS AND AGREEMENTS SET FORTH IN THIS LEGEND. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY NOT BE HELD AT ANY TIME BY A U.S. PERSON WHO IS NOT A QUALIFIED PURCHASER. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY BE TRANSFERRED TO A PERSON WHO TAKES DELIVERY IN THE FORM OF AN INTEREST IN A RESTRICTED NOTE OR (IN CERTAIN LIMITED CIRCUMSTANCES) A DEFINITIVE NOTE ONLY (IN THE CASE OF AN INTEREST IN A RESTRICTED GLOBAL NOTE) IN ACCORDANCE WITH APPLICABLE PROCEDURES (AS DEFINED IN THE INDENTURE) AND (IN THE CASE OF A DEFINITIVE NOTE) UPON RECEIPT BY THE NOTE REGISTRAR OF A TRANSFER CERTIFICATE BY THE TRANSFEROR AND THE TRANSFEREE SUBSTANTIALLY IN THE FORM SPECIFIED IN THE INDENTURE.

THIS NOTE (OR AN INTEREST HEREIN) MAY NOT BE TRANSFERRED UNLESS, AFTER GIVING EFFECT TO THE TRANSFER, THE TRANSFEREE IS HOLDING A NOTE WITH AN ORIGINAL PRINCIPAL AMOUNT WHICH IS EQUAL TO U.S.$1,000,000 OR INTEGRAL MULTIPLES OF U.S.$1,000 IN EXCESS THEREOF.

TO THE EXTENT APPLICABLE TO THE ISSUERS, THE ISSUERS MAY IMPOSE
ADDITIONAL TRANSFER RESTRICTIONS TO COMPLY WITH THE USA PATRIOT ACT
OR OTHER SIMILAR LAWS AND REGULATIONS, AND EACH BENEFICIAL OWNER
OF A NOTE AGREES TO COMPLY WITH SUCH TRANSFER RESTRICTIONS.

THE PURCHASER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN WILL BE
DEEMED TO UNDERSTAND AND AGREE THAT IF ANY PURPORTED TRANSFER OF
THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN TO A PURCHASER DOES NOT
COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS NOTE OR THE
INDENTURE, THEN THE PURPORTED TRANSFEROR OF THIS NOTE OR BENEFICIAL
INTEREST HEREIN SHALL BE REQUIRED TO CAUSE THE PURPORTED TRANSFEREE
TO SURRENDER THE TRANSFERRED NOTE OR ANY BENEFICIAL INTEREST
THEREIN IN RETURN FOR A REFUND OF THE CONSIDERATION PAID THEREFOR BY
SUCH TRANSFEREE (TOGETHER WITH INTEREST THEREON) OR TO CAUSE THE
PURPORTED TRANSFEREE TO DISPOSE OF SUCH NOTE OR BENEFICIAL INTEREST
PROMPTLY IN ONE OR MORE OPEN MARKET SALES TO ONE OR MORE PERSONS
EACH OF WHOM SATISFIES THE REQUIREMENTS OF THE REPRESENTATIONS,
WARRANTIES AND COVENANTS SET FORTH IN THIS LEGEND, AND SUCH
PURPORTED TRANSFEROR SHALL TAKE, AND SHALL CAUSE SUCH TRANSFEREE
TO TAKE, ALL FURTHER ACTION NECESSARY OR DESIRABLE, IN THE JUDGMENT
OF THE ISSUER, TO ENSURE THAT SUCH NOTE OR ANY BENEFICIAL INTEREST
THEREIN IS HELD BY PERSONS IN COMPLIANCE THEREWITH.  ANY TRANSFER IN
VIOLATION OF THE FOREGOING PROVISIONS OF THIS NOTE OR THE INDENTURE
WILL BE OF NO FORCE AND EFFECT, WILL BE VOID *AB INITIO*, AND WILL NOT
OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING
ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUERS, THE TRUSTEE OR ANY
INTERMEDIARY.

# GEMSTONE CDO VI LTD.
# GEMSTONE CDO VI CORP.

## PERMANENT REGULATION S GLOBAL CLASS [A-1][A-2][B][C][D][E] NOTE

representing

### Up to U.S.$[___] CLASS [A-1][A-2][B][C][D][E] NOTES DUE AUGUST 2046

U.S.$ Principal amount currently
shown on Appendix 1 hereto.

ISIN No. [_____]
Certificate No. [_____]

Gemstone CDO VI Ltd., an exempted company with limited liability incorporated under the laws of Cayman Islands (the "**Issuer**"), and Gemstone CDO VI Corp., a corporation organized under the laws of the State of Delaware (the "**Co-Issuer**" and, together with the Issuer, the "**Co-Issuers**"), for value received, hereby promise to pay to Cede & Co., or registered assigns, upon surrender hereof the original principal amount shown on Appendix 1 or such amount as shall be the outstanding principal amount hereof after (a) adding the aggregate principal amount of each Restricted Global Class [A-1][A-2][B][C][D][E] Note or Definitive Class [A-1][A-2][B][C][D][E] Note surrendered in exchange for a portion or portions hereof and (b) subtracting the aggregate principal amount of each Restricted Global Class [A-1][A-2][B][C][D][E] Note or Definitive Class [A-1][A-2][B][C][D][E] Note issued in exchange for a portion or portions hereof and (iii) any principal payments made in accordance with the provisions hereof and the Indenture on or prior to the August 2046 Distribution Date (the "**Stated Maturity**").

This is one of the U.S.$[___] Class [A-1][A-2][B][C][D][E] Notes due August 2046 (the "**Class [A-1][A-2][B][C][D][E] Notes**") issued under an Indenture, dated as of August 17, 2006 (the "**Indenture**"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as trustee (the "**Trustee**"). Authorized under the Indenture are the $446,250,000 Class A-1 Floating Rate Notes Due August 2046, $78,750,000 Class A-2 Floating Rate Notes Due August 2046, $66,500,000 Class B Floating Rate Notes Due August 2046, $26,000,000 Class C Floating Rate Deferrable Interest Notes Due August 2046, $35,250,000 Class D Floating Rate Deferrable Interest Notes Due August 2046 and $10,500,000 Class E Floating Rate Deferrable Interest Notes Due August 2046 (collectively, the "**Notes**"). The Notes will be issued on the Closing Date pursuant to the Indenture.

Reference is hereby made to the terms and conditions of Class [A-1][A-2][B][C][D][E] Notes set forth in the Indenture. Such provisions shall for all purposes have the same effect as though fully set forth herein.

Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Indenture.

Interests in this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note may be transferred or exchanged subject to the terms of this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note and the provisions of the Indenture.

On an exchange of the whole of this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note, this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall be surrendered to the Principal Paying Agent.  On an exchange of part only of this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note, details of such exchange shall be entered by the Principal Paying Agent on Appendix 1 hereto, whereupon the principal amount shall be reduced for all purposes by the amount so exchanged and endorsed.

This Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note has the benefit of and is issued pursuant to the terms of the Indenture which is incorporated herein by reference.

Interest on the Class [A-1][A-2][B][C][D][E] Notes will be payable quarterly in arrears on each Distribution Date to the Holders of such Class [A-1][A-2][B][C][D][E] Notes. A **"Distribution Date"** will be the 17th day of each February, May, August, and November commencing on November 17, 2006, *provided, however*, that if any such date shall fall on a day which is not a Business Day, the Distribution Date shall be the next succeeding Business Day

The Class [A-1][A-2][B][C][D][E] Notes will bear interest at the "Class [A-1][A-2][B][C][D][E] Note Interest Rate", which, for each Interest Period, is a per annum rate equal to the sum of LIBOR plus [__]%.

On each Distribution Date, principal will be payable in accordance with the priority of distribution provisions set forth in the Indenture.

Unless the certificate of authentication hereon has been executed by manual signature by or on behalf of the Trustee, this Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note shall not be valid or obligatory for any purpose.

This Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note does not represent or evidence an interest in or obligation of, and is not guaranteed by, the Trustee.

IN WITNESS WHEREOF, the Co-Issuers have caused this instrument to be duly executed.

**GEMSTONE CDO VI LTD.**

By: _____

Name:

Title:

**GEMSTONE CDO VI CORP.**

By: _____

Name:

Title:

## CERTIFICATE OF AUTHENTICATION

This is the Permanent Regulation S Global Class [A-1][A-2][B][C][D][E] Note referred to in the within mentioned Indenture.

**DEUTSCHE BANK TRUST COMPANY AMERICAS,**
as Authenticating Agent

By: _____
Authorized Signatory

Dated: August 17, 2006

# APPENDIX 1

| **DATE** | **PRINCIPAL AMOUNT** | | **AGGREGATE PRINCIPAL AMOUNT** |
|---|---|---|---|
| | **INCREASE** | **DECREASE** | |
| August 17, 2006 | | | U.S.$[_____] |

EXHIBIT A-3

[FORM OF RESTRICTED GLOBAL CLASS [A-1][A-2][B][C][D][E] NOTE]

THIS NOTE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "**SECURITIES ACT**"), OR THE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER JURISDICTION, AND MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED ONLY (A) (1) TO A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT ("**RULE 144A**"), PURCHASING FOR ITS OWN ACCOUNT, TO WHOM NOTICE IS GIVEN THAT THE RESALE, PLEDGE OR OTHER TRANSFER IS BEING MADE IN RELIANCE ON THE EXEMPTION FROM SECURITIES ACT REGISTRATION PROVIDED BY RULE 144A OR (2) TO A NON-U.S. PERSON IN AN OFFSHORE TRANSACTION IN ACCORDANCE WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT ("**REGULATION S**"), (B) IN COMPLIANCE WITH THE CERTIFICATION AND OTHER REQUIREMENTS SPECIFIED IN THE INDENTURE REFERRED TO HEREIN AND (C) IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES AND ANY OTHER RELEVANT JURISDICTION.

NEITHER OF THE ISSUERS HAS BEEN REGISTERED UNDER THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "**INVESTMENT COMPANY ACT**"). NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NONE OF THE ISSUERS, THE TRUSTEE OR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF (A) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT (WITHIN THE MEANING OF THE INVESTMENT COMPANY ACT) BUT IS NOT A "QUALIFIED PURCHASER" AS DEFINED IN SECTION 2(a)(51)(A) OF THE INVESTMENT COMPANY ACT AND RELATED RULES, A "KNOWLEDGEABLE EMPLOYEE" WITH RESPECT TO THE ISSUER (WITHIN THE MEANING OF RULE 3c-5 UNDER THE INVESTMENT COMPANY ACT) OR A COMPANY EACH OF WHOSE BENEFICIAL OWNERS IS A QUALIFIED PURCHASER OR A KNOWLEDGEABLE EMPLOYEE (COLLECTIVELY, A "**QUALIFIED PURCHASER**") TAKING DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE, (B) SUCH TRANSFER WOULD HAVE THE EFFECT OF REQUIRING EITHER OF THE ISSUERS TO REGISTER AS AN INVESTMENT COMPANY UNDER THE INVESTMENT COMPANY ACT OR (C) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT THAT IS A FLOW-THROUGH INVESTMENT VEHICLE OTHER THAN A QUALIFYING INVESTMENT VEHICLE (EACH AS DEFINED IN THE INDENTURE) WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE.

IN ADDITION, NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NEITHER THE TRUSTEE NOR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE

THAT IS (A) A DEALER DESCRIBED IN PARAGRAPH (a)(1)(ii) OF RULE 144A WHICH OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S.$25,000,000 IN SECURITIES OF ISSUERS THAT ARE NOT AFFILIATED PERSONS OF THE DEALER OR (B) A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, UNLESS INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE SOLELY BY THE FIDUCIARY, TRUSTEE OR SPONSOR OF SUCH PLAN.

EACH ORIGINAL PURCHASER AND TRANSFEREE WILL BE DEEMED TO REPRESENT AND WARRANT) THAT EITHER (A) IT IS NOT A PLAN, A GOVERNMENTAL OR CHURCH PLAN WHICH IS SUBJECT TO ANY FEDERAL, STATE OR LOCAL LAW THAT IS SIMILAR TO THE PROHIBITED TRANSACTION PROVISIONS OF SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE, OR AN ENTITY WHICH IS DEEMED TO HOLD THE ASSETS OF ANY SUCH PLAN PURSUANT TO 29 C.F.R. SECTION 2510.3-101, OR (B) ITS PURCHASE AND OWNERSHIP OF SUCH NOTE WILL NOT RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE (OR, IN THE CASE OF A GOVERNMENTAL OR CHURCH PLAN, ANY SUCH SIMILAR U.S. FEDERAL, STATE OR LOCAL LAW).

EACH PURCHASER OF THIS NOTE WILL BE DEEMED TO HAVE MADE THE APPLICABLE REPRESENTATIONS AND AGREEMENTS SET FORTH IN THIS LEGEND. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY BE TRANSFERRED TO A PERSON WHO TAKES DELIVERY IN THE FORM OF AN INTEREST IN A REGULATION S NOTE OR (IN CERTAIN LIMITED CIRCUMSTANCES) A DEFINITIVE NOTE ONLY (IN THE CASE OF AN INTEREST IN A REGULATION S GLOBAL NOTE) IN ACCORDANCE WITH APPLICABLE PROCEDURES (AS DEFINED IN THE INDENTURE) AND (IN THE CASE OF A DEFINITIVE NOTE) UPON RECEIPT BY THE NOTE REGISTRAR OF A TRANSFER CERTIFICATE BY THE TRANSFEROR AND THE TRANSFEREE SUBSTANTIALLY IN THE FORM SPECIFIED IN THE INDENTURE.
THIS NOTE (OR AN INTEREST HEREIN) MAY NOT BE TRANSFERRED UNLESS, AFTER GIVING EFFECT TO THE TRANSFER, THE TRANSFEREE IS HOLDING A NOTE WITH AN ORIGINAL PRINCIPAL AMOUNT WHICH IS EQUAL TO U.S.$1,000,000 OR INTEGRAL MULTIPLES OF U.S.$1,000 IN EXCESS THEREOF.
TO THE EXTENT APPLICABLE TO THE ISSUERS, THE ISSUERS MAY IMPOSE ADDITIONAL TRANSFER RESTRICTIONS TO COMPLY WITH THE USA PATRIOT ACT OR OTHER SIMILAR LAWS AND REGULATIONS, AND EACH BENEFICIAL OWNER OF A NOTE AGREES TO COMPLY WITH SUCH TRANSFER RESTRICTIONS.
THE PURCHASER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN WILL BE DEEMED TO UNDERSTAND AND AGREE THAT IF ANY PURPORTED TRANSFER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN TO A PURCHASER DOES NOT COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS NOTE OR THE INDENTURE, THEN THE PURPORTED TRANSFEROR OF THIS NOTE OR BENEFICIAL INTEREST HEREIN SHALL BE REQUIRED TO CAUSE THE PURPORTED TRANSFEREE TO SURRENDER THE TRANSFERRED NOTE OR ANY BENEFICIAL INTEREST

THEREIN IN RETURN FOR A REFUND OF THE CONSIDERATION PAID THEREFOR BY SUCH TRANSFEREE (TOGETHER WITH INTEREST THEREON) OR TO CAUSE THE PURPORTED TRANSFEREE TO DISPOSE OF SUCH NOTE OR BENEFICIAL INTEREST PROMPTLY IN ONE OR MORE OPEN MARKET SALES TO ONE OR MORE PERSONS EACH OF WHOM SATISFIES THE REQUIREMENTS OF THE REPRESENTATIONS, WARRANTIES AND COVENANTS SET FORTH IN THIS LEGEND, AND SUCH PURPORTED TRANSFEROR SHALL TAKE, AND SHALL CAUSE SUCH TRANSFEREE TO TAKE, ALL FURTHER ACTION NECESSARY OR DESIRABLE, IN THE JUDGMENT OF THE ISSUER, TO ENSURE THAT SUCH NOTE OR ANY BENEFICIAL INTEREST THEREIN IS HELD BY PERSONS IN COMPLIANCE THEREWITH. ANY TRANSFER IN VIOLATION OF THE FOREGOING PROVISIONS OF THIS NOTE OR THE INDENTURE WILL BE OF NO FORCE AND EFFECT, WILL BE VOID *AB INITIO*, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUERS, THE TRUSTEE OR ANY INTERMEDIARY.

IF, NOTWITHSTANDING THE RESTRICTIONS SET FORTH IN THIS NOTE OR THE INDENTURE, EITHER OF THE ISSUERS DETERMINES THAT ANY HOLDER OF THIS RESTRICTED NOTE OR AN INTEREST HEREIN (I) IS A U.S. PERSON AND (II) IS NOT BOTH A QUALIFIED INSTITUTIONAL BUYER (OR, IN RESPECT OF CERTAIN ORIGINAL PURCHASERS, AN INSTITUTIONAL ACCREDITED INVESTOR) AND A QUALIFIED PURCHASER, THE ISSUERS SHALL REQUIRE, BY NOTICE TO SUCH HOLDER, AS THE CASE MAY BE, THAT SUCH HOLDER SELL ALL OF ITS RIGHT, TITLE AND INTEREST TO THIS NOTE (OR INTEREST HEREIN) TO A PERSON THAT IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, WITH SUCH SALE TO BE EFFECTED WITHIN 30 DAYS AFTER NOTICE OF SUCH SALE REQUIREMENT IS GIVEN.  IF SUCH HOLDER FAILS TO EFFECT THE TRANSFER REQUIRED WITHIN SUCH 30-DAY PERIOD, (X) UPON WRITTEN DIRECTION FROM THE COLLATERAL MANAGER OR THE ISSUER, THE TRUSTEE SHALL, AND IS HEREBY IRREVOCABLY AUTHORIZED BY SUCH HOLDER TO, CAUSE ITS INTEREST IN THIS NOTE TO BE TRANSFERRED IN A COMMERCIALLY REASONABLE SALE (CONDUCTED BY AN INVESTMENT BANK SELECTED BY THE TRUSTEE WITH THE CONSENT OF THE COLLATERAL MANAGER IN ACCORDANCE WITH SECTION 9-610(b) OF THE UCC AS APPLIED TO SECURITIES THAT ARE SOLD ON A RECOGNIZED MARKET OR THAT MAY DECLINE SPEEDILY IN VALUE) TO A PERSON THAT CERTIFIES TO THE TRUSTEE, THE ISSUERS AND THE COLLATERAL MANAGER, IN CONNECTION WITH SUCH TRANSFER, THAT SUCH PERSON IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) BOTH A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, AND (Y) PENDING SUCH TRANSFER, NO FURTHER PAYMENTS WILL BE MADE IN RESPECT OF THE INTEREST IN THIS NOTE, AND THE INTEREST IN THIS NOTE SHALL NOT BE DEEMED TO BE OUTSTANDING FOR THE PURPOSE OF ANY VOTE OR CONSENT OF THE NOTEHOLDERS.

# GEMSTONE CDO VI LTD.
# GEMSTONE CDO VI CORP.

## RESTRICTED GLOBAL CLASS [A-1][A-2][B][C][D][E] NOTE

representing

Up to U.S.$[___]
CLASS [A-1][A-2][B][C][D][E] NOTES DUE AUGUST 2046

U.S.$  Principal amount currently
shown on Appendix 1 hereto.

CUSIP No. [_____]
Certificate No. [_____]

Gemstone CDO VI Ltd., an exempted company with limited liability incorporated under the laws of Cayman Islands (the "**Issuer**"), and Gemstone CDO VI Corp., a corporation organized under the laws of the State of Delaware (the "**Co-Issuer**" and, together with the Issuer, the "**Co-Issuers**"), for value received, hereby promise to pay to Cede & Co., or registered assigns, upon surrender hereof the original principal amount shown on Appendix 1 or such amount as shall be the outstanding principal amount hereof after (a) adding the aggregate principal amount of each Regulation S Global Class [A-1][A-2][B][C][D][E] Note, surrendered in exchange for a portion or portions hereof and (b) subtracting (i) the aggregate principal amount of each Definitive Class [A-1][A-2][B][C][D][E] Note issued in exchange for a portion or portions hereof, (ii) the aggregate principal amount of each Regulation S Global Class [A-1][A-2][B][C][D][E] Note, issued in exchange for a portion or portions hereof and (iii) any principal payments made in accordance with the provisions hereof and the Indenture on or prior to the August 2046 Distribution Date (the "**Stated Maturity**").

This is one of the U.S.$[___] Class [A-1][A-2][B][C][D][E] Notes due August 2046 (the "**Class [A-1][A-2][B][C][D][E] Notes**") issued under an Indenture, dated as of August 17, 2006 (the "**Indenture**"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as trustee (the "**Trustee**"). Authorized under the Indenture are the $446,250,000 Class A-1 Floating Rate Notes Due August 2046, $78,750,000 Class A-2 Floating Rate Notes Due August 2046, $66,500,000 Class B Floating Rate Notes Due August 2046, $26,000,000 Class C Floating Rate Deferrable Interest Notes Due August 2046, $35,250,000 Class D Floating Rate Deferrable Interest Notes Due August 2046 and $10,500,000 Class E Floating Rate Deferrable Interest Notes Due August 2046 (collectively, the "**Notes**"). The Notes will be issued on the Closing Date pursuant to the Indenture.

Reference is hereby made to the terms and conditions of Class [A-1][A-2][B][C][D][E] Notes set forth in the Indenture.  Such provisions shall for all purposes have the same effect as though fully set forth herein.

Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Indenture.

Interests in this Restricted Global Class [A-1][A-2][B][C][D][E] Note may be transferred or exchanged subject to the terms of this Restricted Class [A-1][A-2][B][C][D][E] Note and the provisions of the Indenture.

On an exchange of the whole of this Restricted Class [A-1][A-2][B][C][D][E] Note, this Restricted Global Class [A-1][A-2][B][C][D][E] Note shall be surrendered to the Principal Paying Agent. On an exchange of part only of this Restricted Global Class [A-1][A-2][B][C][D][E] Note, details of such exchange shall be entered by the Principal Paying Agent on Appendix 1 hereto, whereupon the principal amount shall be reduced for all purposes by the amount so exchanged and endorsed.

This Restricted Global Class [A-1][A-2][B][C][D][E] Note has the benefit of and is issued pursuant to the terms of the Indenture which is incorporated herein by reference.

Interest on the Class [A-1][A-2][B][C][D][E] Notes will be payable quarterly in arrears on each Distribution Date to the Holders of such Class [A-1][A-2][B][C][D][E] Notes. A **"Distribution Date"** will be the 17th day of each February, May, August, and November commencing on November 17, 2006, *provided, however*, that if any such date shall fall on a day which is not a Business Day, the Distribution Date shall be the next succeeding Business Day

The Class [A-1][A-2][B][C][D][E] Notes will bear interest at the "Class [A-1][A-2][B][C][D][E] Note Interest Rate", which, for each Interest Period, is a per annum rate equal to the sum of LIBOR plus [__]%.

Except in connection with an Auction Call Redemption, an Optional Redemption, a Mandatory Redemption, a Tax Redemption, a Rating Confirmation Failure or the occurrence of an Event of Default and the acceleration of the Notes (as more fully described in the Indenture), no principal payments will be made on any of the Notes during the Reinvestment Period. On each Distribution Date after the Reinvestment Period, principal will be payable in accordance with the priority of distribution provisions set forth in the Indenture.

Unless the certificate of authentication hereon has been executed by manual signature by or on behalf of the Trustee, this Restricted Global Class [A-1][A-2][B][C][D][E] Note shall not be valid or obligatory for any purpose.

This Restricted Global Class [A-1][A-2][B][C][D][E] Note does not represent or evidence an interest in or obligation of, and is not guaranteed by, the Trustee.

IN WITNESS WHEREOF, the Co-Issuers have caused this instrument to be duly executed.

**GEMSTONE CDO VI LTD.**

By: _____
       Name:
       Title:

**GEMSTONE CDO VI CORP.**

By: _____
       Name:
       Title:

## CERTIFICATE OF AUTHENTICATION

This is the Restricted Global Class [A-1][A-2][B][C][D][E] Note referred to in the within mentioned Indenture.

DEUTSCHE BANK TRUST COMPANY
AMERICAS,
as Trustee


By: _____
Authorized Signatory



Dated: August 17, 2006

## APPENDIX 1

| **DATE** | **PRINCIPAL AMOUNT** | | **AGGREGATE PRINCIPAL AMOUNT** |
|---|---|---|---|
| | **INCREASE** | **DECREASE** | |
| August 17, 2006 | | | U.S.$ [_____] |

[FORM OF DEFINITIVE CLASS [A-1][A-2][B][C][D][E]] NOTE]

THIS NOTE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE **"SECURITIES ACT"**), OR THE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER JURISDICTION, AND MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED ONLY (A) (1) TO A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT (**"RULE 144A"**), PURCHASING FOR ITS OWN ACCOUNT, TO WHOM NOTICE IS GIVEN THAT THE RESALE, PLEDGE OR OTHER TRANSFER IS BEING MADE IN RELIANCE ON THE EXEMPTION FROM SECURITIES ACT REGISTRATION PROVIDED BY RULE 144A OR (2) TO A NON-U.S. PERSON IN AN OFFSHORE TRANSACTION IN ACCORDANCE WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT (**"REGULATION S"**), (B) IN COMPLIANCE WITH THE CERTIFICATION AND OTHER REQUIREMENTS SPECIFIED IN THE INDENTURE REFERRED TO HEREIN AND (C) IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES AND ANY OTHER RELEVANT JURISDICTION.

NEITHER OF THE ISSUERS HAS BEEN REGISTERED UNDER THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE **"INVESTMENT COMPANY ACT"**). NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NONE OF THE ISSUERS, THE TRUSTEE OR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF (A) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT (WITHIN THE MEANING OF THE INVESTMENT COMPANY ACT) BUT IS NOT A "QUALIFIED PURCHASER" AS DEFINED IN SECTION 2(a)(51)(A) OF THE INVESTMENT COMPANY ACT AND RELATED RULES, A "KNOWLEDGEABLE EMPLOYEE" WITH RESPECT TO THE ISSUER (WITHIN THE MEANING OF RULE 3c-5 UNDER THE INVESTMENT COMPANY ACT) OR A COMPANY EACH OF WHOSE BENEFICIAL OWNERS IS A QUALIFIED PURCHASER OR A KNOWLEDGEABLE EMPLOYEE (COLLECTIVELY, A **"QUALIFIED PURCHASER"**) TAKING DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE, (B) SUCH TRANSFER WOULD HAVE THE EFFECT OF REQUIRING EITHER OF THE ISSUERS TO REGISTER AS AN INVESTMENT COMPANY UNDER THE INVESTMENT COMPANY ACT OR (C) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT THAT IS A FLOW-THROUGH INVESTMENT VEHICLE OTHER THAN A QUALIFYING INVESTMENT VEHICLE (EACH AS DEFINED IN THE INDENTURE) WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE.

IN ADDITION, NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NEITHER THE TRUSTEE NOR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE

THAT IS (A) A DEALER DESCRIBED IN PARAGRAPH (a)(1)(ii) OF RULE 144A WHICH OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S.$25,000,000 IN SECURITIES OF ISSUERS THAT ARE NOT AFFILIATED PERSONS OF THE DEALER OR (B) A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, UNLESS INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE SOLELY BY THE FIDUCIARY, TRUSTEE OR SPONSOR OF SUCH PLAN.

EACH ORIGINAL PURCHASER AND TRANSFEREE WILL BE DEEMED TO REPRESENT AND WARRANT) THAT EITHER (A) IT IS NOT A PLAN, A GOVERNMENTAL OR CHURCH PLAN WHICH IS SUBJECT TO ANY FEDERAL, STATE OR LOCAL LAW THAT IS SIMILAR TO THE PROHIBITED TRANSACTION PROVISIONS OF SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE, OR AN ENTITY WHICH IS DEEMED TO HOLD THE ASSETS OF ANY SUCH PLAN PURSUANT TO 29 C.F.R. SECTION 2510.3-101, OR (B) ITS PURCHASE AND OWNERSHIP OF SUCH NOTE WILL NOT RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE (OR, IN THE CASE OF A GOVERNMENTAL OR CHURCH PLAN, ANY SUCH SIMILAR U.S. FEDERAL, STATE OR LOCAL LAW).

EACH PURCHASER OF THIS NOTE WILL BE DEEMED TO HAVE MADE THE APPLICABLE REPRESENTATIONS AND AGREEMENTS SET FORTH IN THIS LEGEND. THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY BE TRANSFERRED TO A PERSON WHO TAKES DELIVERY IN THE FORM OF AN INTEREST IN A REGULATION S NOTE OR (IN CERTAIN LIMITED CIRCUMSTANCES) A DEFINITIVE NOTE ONLY (IN THE CASE OF AN INTEREST IN A REGULATION S GLOBAL NOTE) IN ACCORDANCE WITH APPLICABLE PROCEDURES (AS DEFINED IN THE INDENTURE) AND (IN THE CASE OF A DEFINITIVE NOTE) UPON RECEIPT BY THE NOTE REGISTRAR OF A TRANSFER CERTIFICATE BY THE TRANSFEROR AND THE TRANSFEREE SUBSTANTIALLY IN THE FORM SPECIFIED IN THE INDENTURE. THIS NOTE (OR AN INTEREST HEREIN) MAY NOT BE TRANSFERRED UNLESS, AFTER GIVING EFFECT TO THE TRANSFER, THE TRANSFEREE IS HOLDING A NOTE WITH AN ORIGINAL PRINCIPAL AMOUNT WHICH IS EQUAL TO U.S.$1,000,000 OR INTEGRAL MULTIPLES OF U.S.$1,000 IN EXCESS THEREOF.

TO THE EXTENT APPLICABLE TO THE ISSUERS, THE ISSUERS MAY IMPOSE ADDITIONAL TRANSFER RESTRICTIONS TO COMPLY WITH THE USA PATRIOT ACT OR OTHER SIMILAR LAWS AND REGULATIONS, AND EACH BENEFICIAL OWNER OF A NOTE AGREES TO COMPLY WITH SUCH TRANSFER RESTRICTIONS. THE PURCHASER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN WILL BE DEEMED TO UNDERSTAND AND AGREE THAT IF ANY PURPORTED TRANSFER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN TO A PURCHASER DOES NOT COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS NOTE OR THE INDENTURE, THEN THE PURPORTED TRANSFEROR OF THIS NOTE OR BENEFICIAL INTEREST HEREIN SHALL BE REQUIRED TO CAUSE THE PURPORTED TRANSFEREE

TO SURRENDER THE TRANSFERRED NOTE OR ANY BENEFICIAL INTEREST THEREIN IN RETURN FOR A REFUND OF THE CONSIDERATION PAID THEREFOR BY SUCH TRANSFEREE (TOGETHER WITH INTEREST THEREON) OR TO CAUSE THE PURPORTED TRANSFEREE TO DISPOSE OF SUCH NOTE OR BENEFICIAL INTEREST PROMPTLY IN ONE OR MORE OPEN MARKET SALES TO ONE OR MORE PERSONS EACH OF WHOM SATISFIES THE REQUIREMENTS OF THE REPRESENTATIONS, WARRANTIES AND COVENANTS SET FORTH IN THIS LEGEND, AND SUCH PURPORTED TRANSFEROR SHALL TAKE, AND SHALL CAUSE SUCH TRANSFEREE TO TAKE, ALL FURTHER ACTION NECESSARY OR DESIRABLE, IN THE JUDGMENT OF THE ISSUER, TO ENSURE THAT SUCH NOTE OR ANY BENEFICIAL INTEREST THEREIN IS HELD BY PERSONS IN COMPLIANCE THEREWITH.  ANY TRANSFER IN VIOLATION OF THE FOREGOING PROVISIONS OF THIS NOTE OR THE INDENTURE WILL BE OF NO FORCE AND EFFECT, WILL BE VOID *AB INITIO*, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUERS, THE TRUSTEE OR ANY INTERMEDIARY.

IF, NOTWITHSTANDING THE RESTRICTIONS SET FORTH IN THIS NOTE OR THE INDENTURE, EITHER OF THE ISSUERS DETERMINES THAT ANY HOLDER OF THIS RESTRICTED NOTE OR AN INTEREST HEREIN (I) IS A U.S. PERSON AND (II) IS NOT BOTH A QUALIFIED INSTITUTIONAL BUYER (OR, IN RESPECT OF CERTAIN ORIGINAL PURCHASERS, AN INSTITUTIONAL ACCREDITED INVESTOR) AND A QUALIFIED PURCHASER, THE ISSUERS SHALL REQUIRE, BY NOTICE TO SUCH HOLDER, AS THE CASE MAY BE, THAT SUCH HOLDER SELL ALL OF ITS RIGHT, TITLE AND INTEREST TO THIS NOTE (OR INTEREST HEREIN) TO A PERSON THAT IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, WITH SUCH SALE TO BE EFFECTED WITHIN 30 DAYS AFTER NOTICE OF SUCH SALE REQUIREMENT IS GIVEN.  IF SUCH HOLDER FAILS TO EFFECT THE TRANSFER REQUIRED WITHIN SUCH 30-DAY PERIOD, (X) UPON WRITTEN DIRECTION FROM THE COLLATERAL MANAGER OR THE ISSUER, THE TRUSTEE SHALL, AND IS HEREBY IRREVOCABLY AUTHORIZED BY SUCH HOLDER TO, CAUSE ITS INTEREST IN THIS NOTE TO BE TRANSFERRED IN A COMMERCIALLY REASONABLE SALE (CONDUCTED BY AN INVESTMENT BANK SELECTED BY THE TRUSTEE WITH THE CONSENT OF THE COLLATERAL MANAGER IN ACCORDANCE WITH SECTION 9-610(b) OF THE UCC AS APPLIED TO SECURITIES THAT ARE SOLD ON A RECOGNIZED MARKET OR THAT MAY DECLINE SPEEDILY IN VALUE) TO A PERSON THAT CERTIFIES TO THE TRUSTEE, THE ISSUERS AND THE COLLATERAL MANAGER, IN CONNECTION WITH SUCH TRANSFER, THAT SUCH PERSON IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) BOTH A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, AND (Y) PENDING SUCH TRANSFER, NO FURTHER PAYMENTS WILL BE MADE IN RESPECT OF THE INTEREST IN THIS NOTE, AND THE INTEREST IN THIS NOTE SHALL NOT BE DEEMED TO BE OUTSTANDING FOR THE PURPOSE OF ANY VOTE OR CONSENT OF THE NOTEHOLDERS.

# GEMSTONE CDO VI LTD.
# GEMSTONE CDO VI CORP.

## DEFINITIVE CLASS [A-1][A-2][B][C][D][E]NOTE

representing

U.S.$[___] CLASS [A-1][A-2][B][C][D][E] NOTES DUE AUGUST 2046

U.S. $[_____]

CUSIP No. [_____]
Certificate No. [_____]

Gemstone CDO VI Ltd., an exempted company with limited liability incorporated under the laws of Cayman Islands (the "**Issuer**"), and Gemstone CDO VI Corp., a corporation organized under the laws of the State of Delaware (the "**Co-Issuer**" and, together with the Issuer, the "**Co-Issuers**"), for value received, hereby promise to pay to [_____] or registered assigns, upon surrender hereof the principal sum of [_____] United States Dollars (U.S.$ [_____]) or such lesser amount as shall be the outstanding principal amount hereof after subtracting any principal payments made in accordance with the provisions hereof and the Indenture on or prior to the August 2046 Distribution Date (the "**Stated Maturity**").

This is one of the U.S.$[___] Class [A-1][A-2][B][C][D][E] Notes due August 2046 (the "[**Class [A-1][A-2][B][C][D][E] Notes**"]) issued under an Indenture, dated as of August 17, 2006 (the "**Indenture**"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as trustee (the "**Trustee**"). Authorized under the Indenture are the $446,250,000 Class A-1 Floating Rate Notes Due August 2046, $78,750,000 Class A-2 Floating Rate Notes Due August 2046, $66,500,000 Class B Floating Rate Notes Due August 2046, $26,000,000 Class C Floating Rate Deferrable Interest Notes Due August 2046, $35,250,000 Class D Floating Rate Deferrable Interest Notes Due August 2046 and $10,500,000 Class E Floating Rate Deferrable Interest Notes Due August 2046 (collectively, the "**Notes**"). The Notes will be issued on the Closing Date pursuant to the Indenture.

Reference is hereby made to the terms and conditions of Class [A-1][A-2][B][C][D][E] Notes set forth in the Indenture. Such provisions shall for all purposes have the same effect as though fully set forth herein. Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Indenture.

Title to this Definitive Class [A-1][A-2][B][C][D][E] Note shall pass by registration in the Note Register for the Notes as specified in the Indenture. No service charge shall be made for exchange or registration of transfer of the Note, but the Co-Issuers may require payment of a sum sufficient to cover any tax or other governmental charge payable in connection therewith.

Interests in this Definitive Class [A-1][A-2][B][C][D][E] Note may be transferred or exchanged subject to the terms of this Definitive Class [A-1][A-2][B][C][D][E] Note and the provisions of the Indenture.

Interest on the Class [A-1][A-2][B][C][D][E] Notes will be payable quarterly in arrears on each Distribution Date to the Holders of such Class [A-1][A-2][B][C][D][E] Notes. A **"Distribution Date"** will be the 17th day of each February, May, August, and November commencing on November 17, 2006, *provided, however*, that if any such date shall fall on a day which is not a Business Day, the Distribution Date shall be the next succeeding Business Day

The Class [A-1][A-2][B][C][D][E] Notes will bear interest at the "Class [A-1][A-2][B][C][D][E] Note Interest Rate", which, for each Interest Period, is a per annum rate equal to the sum of LIBOR plus [__]%.

Except in connection with an Auction Call Redemption, an Optional Redemption, a Mandatory Redemption, a Tax Redemption, a Rating Confirmation Failure or the occurrence of an Event of Default and the acceleration of the Notes (as more fully described in the Indenture), no principal payments will be made on any of the Notes during the Reinvestment Period. On each Distribution Date after the Reinvestment Period, principal will be payable in accordance with the priority of distribution provisions set forth in the Indenture.

Unless the certificate of authentication hereon has been executed by manual signature by or on behalf of the Trustee, this Definitive Class [A-1][A-2][B][C][D][E] Note shall not be valid or obligatory for any purpose.

This Definitive Class [A-1][A-2][B][C][D][E] Note does not represent or evidence an interest in or obligation of, and is not guaranteed by, the Trustee.

IN WITNESS WHEREOF, the Co-Issuers have caused this instrument to be duly executed.


**GEMSTONE CDO VI LTD.**

By: _____

     Name:

     Title:


**GEMSTONE CDO VI CORP.**

By: _____

     Name:

     Title:]

## CERTIFICATE OF AUTHENTICATION

This is one of the Definitive Class [A-1][A-2][B][C][D][E] Notes referred to in the within mentioned Indenture.

**DEUTSCHE BANK TRUST COMPANY AMERICAS,**
as Trustee

By: _____

Authorized Signatory

Dated: August 17, 2006

EXHIBIT B-1

## [FORM OF CLEARANCE SYSTEM CERTIFICATE]

### CERTIFICATION

GEMSTONE CDO VI LTD.
GEMSTONE CDO VI CORP.

U.S.$[___]
Class [_] NOTES DUE AUGUST 2046

(the "Securities")

This is to certify that, based solely on certifications we have received in writing, by tested telex or by electronic transmission from member organizations appearing in our records as persons being entitled to a portion of the principal amount set forth below (our "Member Organizations") substantially to the effect set forth in the Indenture, as of the date hereof, $[___] principal amount of the above-captioned securities (i) is owned by persons that are not citizens or residents of the United States, domestic partnerships, domestic corporations or any estate or trust the income of which is subject to United States Federal income taxation regardless of its source ("United States persons"), (ii) is owned by United States persons that (a) are foreign branches of United States financial institutions (as defined in United States Treasury regulation Section 1.165-12(c)(1)(v) ("financial institutions")) purchasing for their own account or for resale, or (b) acquired the Securities through foreign branches of United States financial institutions and who hold the Securities through such United States financial institutions on the date hereof (and in either case (a) or (b), each such United States financial institution has agreed, on its own behalf or though its agent, that we may advise the Issuer or the Issuer's agent that it will comply with the requirements of Section 165(j)(3)(A), (B) or (C) of the United States Internal Revenue Code of 1986, as amended, and the Treasury regulations thereunder), or (iii) is owned by United States or foreign financial institutions for purposes of resale during the restricted period (as defined in United States Treasury regulation Section 1.163-5(c)(2)(i)(D)(7)), and to the further effect that United States or foreign financial institutions described in clause (iii) above (whether or not also described in clause (i) or (ii)) have certified that they have not acquired the Securities for purposes of resale, directly or indirectly, to a United States person or to a person within the United States or its possessions.

If the Securities are of the category contemplated in Section 230.903(c)(3) of Regulation S under the Securities Act of 1933, as amended (the "Act") then this is also to certify with respect to the principal amount of Securities set forth above that, except as set forth below, we have received in writing, by tested telex or by electronic transmission, from our Member Organizations entitled to such portion of such principal amount, certifications with respect to such portion, substantially to the effect set forth in the Indenture.

We further certify (i) that we are not making available herewith for exchange (or, if relevant, exercise of any rights or collection of any interest) any portion of the Temporary Global Note excepted in such certifications and (ii) that as of the date hereof we have not received any notification from any of our Member Organizations to the effect that the statements

made by such Member Organizations with respect to any portion of the part submitted herewith for exchange (or, if relevant, exercise of any rights or collection of any interest) are no longer true and cannot be relied upon as the date hereof.

We understand that this certification is required in connection with certain tax laws and, if applicable, certain securities laws of the United States. In connection therewith, if administrative or legal proceedings are commenced or threatened in connection with which this certification is or would be relevant, we irrevocably authorize you to produce this certification to any interested party in such proceedings.

Dated:_____, ____*

Yours faithfully,

[EUROCLEAR BANK S.A./N.V.,
    as operator of the Euroclear System]

or

[CLEARSTREAM BANKING, société anonyme]

By   _____

---

* Not earlier than the Certification Event to which the certification relates.

EXHIBIT B-2

[FORM OF CERTIFICATE OF NON-U.S. OWNERSHIP]

CERTIFICATION

GEMSTONE CDO VI LTD.
GEMSTONE CDO VI CORP.

U.S.$[___]

Class [_] NOTES DUE AUGUST 2046

(the "Securities")

This is to certify that as of the date hereof, and except as set forth below, the above-captioned Securities held by you for our account (i) are owned by persons that are not citizens or residents of the United States, domestic partnerships, domestic corporations or any estate or trust the income of which is subject to United States Federal income taxation regardless of its source ("United States persons"), (ii) are owned by United States persons that (a) are foreign branches of a United States financial institution (as defined in United States Treasury regulation Section 1.165-12(c)(1)(v) ("financial institutions") purchasing for their own account or for resale, or (b) acquired the Securities through foreign branches of United States financial institutions and who hold the Securities through such United States financial institutions on the date hereof (and in either case (a) or (b), each such United States financial institution hereby agrees, on its own behalf or through its agent, that you may advise the Issuer or the Issuer's agent that it will comply with the requirements of Section 165(j)(3)(A), (B) or (C) of the United States Internal Revenue Code of 1986, as amended, and the Treasury regulations thereunder), or (iii) are owned by United States or foreign financial institutions for purposes of resale during the restricted period (as defined in United States Treasury regulation Section 1.163-5(c)(2)(i)(D)(7)), and in addition if the owner of the Securities is a United States or foreign financial institution described in clause (iii) above (whether or not also described in clause (i) or (ii)) this is to further certify that such financial institution has not acquired the Securities for purposes of resale directly or indirectly to a United States person or to a person within the United States or its possessions.

If the Securities are of the category contemplated in Section 230.903(c)(3) of Regulation S under the Securities Act of 1933, as amended (the "Act"), then this is also to certify that the Securities are beneficially owned by non-U.S. person(s). As used in this paragraph the terms "U.S. person" has the meaning given to it be Regulation S under the Act.

As used herein, "United States" means the United States of America (including the States and the District of Columbia); and its "possessions" include Puerto Rico, the U.S. Virgin Islands, Guam, American Samoa, Wake Island and the Northern Mariana Islands.

We undertake to advise you promptly by tested telex on or prior to the date on which you intend to submit your certification relating to the Securities held by you for our

account in accordance with your operating procedures if any applicable statement herein is not correct on such date, and in the absence of any such notification it may be assumed that this certification applies as of such date.

This certification excepts and does not relate to _____ of such interest in the above Securities in respect of which we are not able to certify and as to which we understand exchange and delivery of definitive Securities (or, if relevant, exercise of any rights or collection of any interest) cannot be made until we do so certify.

We understand that this certification is required in connection with certain tax laws and, if applicable, certain securities laws of the United States. In connection therewith, if administrative or legal proceedings are commenced or threatened in connection with which this certification is or would be relevant, we irrevocably authorize you to produce this certification to any interested party in such proceedings.

Dated: _____, 20___ *

By: _____
    As, or as agent for, the beneficial owner(s)
    of the Securities to which this certificate
    relates

---

* Not earlier than 15 days prior to the Exchange Date to which the certification relates.

EXHIBIT C

[Reserved]

<u>EXHIBIT D-1</u>

FORM OF TRANSFER CERTIFICATE FOR TRANSFER FROM
DEFINITIVE OR RESTRICTED GLOBAL NOTE TO REGULATION S GLOBAL NOTE

[date]

[Trustee]

Re:   Transfer of $[_____] aggregate principal amount of beneficial interests in the Definitive or Restricted Global Notes (the "<u>Notes</u>") of Gemstone CDO VI Ltd. (the "<u>Issuer</u>") and Gemstone CDO VI Corp. (the "<u>Co-Issuer</u>" and together with the Issuer, the "<u>Co-Issuers</u>")

Reference is hereby made to the Indenture, dated as of August 17, 2006, as amended and supplemented from time to time (the "Indenture"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as Trustee. Capitalized terms used but not defined herein shall have the meanings given to them in the Indenture.

This letter relates to U.S. $[_____] principal amount of beneficial interests in the Definitive or Restricted Global Note(s) (CUSIP No. [_____]) registered in the name of [insert name of transferor] (the "<u>Transferor</u>"). The Transferor has requested a transfer of such beneficial interests for beneficial interests in the Regulation S Global Note in a like principal amount in the name of the transferee named below (the "<u>Transferee</u>").

In connection with such request and in respect of such Notes, the Transferor does hereby certify that such transfer has been effected in accordance with the transfer restrictions set forth in the Indenture and the Notes and pursuant to and in accordance with Rule 904 of Regulation S, and accordingly the Transferor does hereby certify that:

1.   The offer of the Notes was not made to a person in the United States,

2.   [At the time the buy order was originated, the Transferee was outside the United States] [The transaction was executed in, on or through the facilities of a designated offshore securities market and the transaction was not prearranged with a buyer in the United States."][***]

---

[***] Insert one of these two provisions, which come from the definition of "offshore transaction" in Regulation S.

This certificate and the statements contained herein are made for your benefit and the benefit of the Co-Issuers.

[Insert name of Transferor]

By:_____

    Name:

    Title:

TRANSFEREE INFORMATION

Name of Transferee: _____

Registration Instructions: _____

_____

Address: _____

_____

_____

_____

Tax ID No. _____

Payment
Instructions _____

FORM OF TRANSFER CERTIFICATE FOR TRANSFER FROM
REGULATION S GLOBAL NOTE
TO DEFINITIVE OR RESTRICTED GLOBAL NOTE

[date]

[Trustee]

Re:    Transfer of $[_____] aggregate principal amount of beneficial interests in the Regulation S Global Notes (the "Notes") of Gemstone CDO VI Ltd. (the "Issuer") and Gemstone CDO VI Corp. (the "Co-Issuer", and together with the Issuer, the "Co-Issuers")

Reference is hereby made to the Indenture, dated as of August 17, 2006, as amended and supplemented from time to time (the "Indenture"), among the Co-Issuers and Deutsche Bank Trust Company Americas, as Trustee. Capitalized terms used but not defined herein shall have the meanings given to them in the Indenture.

This letter relates to U.S. $[_____] principal amount of beneficial interests in the Regulation S Global Note(s) (CUSIP No. [_____]) registered in the name of [insert name of transferor] (the "Transferor"). The Transferor has requested a transfer of such beneficial interests for beneficial interests in the Definitive or Restricted Global Note in the name of the transferee named below (the "Transferee"). Also set forth below or accompanying this certificate are the address and taxpayer identification number of the Transferee and registration, delivery, and payment instructions.

In connection with such request and in respect of such Note(s), (i) the Transferor does hereby certify that such transfer has been effected in accordance with the transfer restrictions set forth in the Indenture and the Class [\_] Notes and (ii) the Transferee does hereby certify that:

1.    The Transferee understands that the Class [\_] Notes have not been and will not be registered under the Securities Act and are being sold in a transaction that is exempt from the registration requirements of the Securities Act.

2.    (a) Such Note(s) are being transferred in accordance with Rule 144A under the Securities Act, (b) the Transferee is acquiring such Note(s) for its own account or one or more accounts with respect to which it exercises sole investment discretion and (c) each such account is a "qualified institutional buyer" within the meaning of Rule 144A, in each case, in a transaction meeting the requirements of Rule 144A and in accordance with any applicable securities laws of any state of the United States or any other jurisdiction. The Transferee has such knowledge and experience in financial and business matters as to be capable of evaluating the merits and risks of its investment in the Class A-1, Class A-2, Class B, Class C, Class D and Class E Notes, and it is able to bear the economic risk of its investment.

3.    The Transferee is not purchasing the Class [\_] Notes with a view to the resale, distribution or other disposition thereof. It understands that an investment in the Class [\_]

Notes involves certain risks, including the risk of loss of its entire investment in the Class [_] Notes under certain circumstances. It has had access to such financial and other information concerning the Co-Issuers, the Collateral and the Class [_] Notes as it deemed necessary or appropriate in order to make an informed investment decision with respect to its purchase of the Class [_] Notes, including an opportunity to ask questions of and request information from the Co-Issuers.

4.    In connection with its acquisition of the Class [_] Notes (provided that no such representation is made with respect to the Collateral Manager by any affiliate of the Collateral Manager): (i) none of the Co-Issuers, the Initial Purchasers or the Collateral Manager is acting as a fiduciary or financial or investment adviser for it; (ii) it is not relying (for purposes of making any investment decision or otherwise) upon any advice, counsel or representations (whether written or oral) of the Co-Issuers, the Initial Purchasers or the Collateral Manager other than in a current Note Offering Circular for such Class [_] Notes; (iii) none of the Co-Issuers, the Initial Purchasers or the Collateral Manager have given to it (directly or indirectly through any other person) any assurance, guarantee, or representation whatsoever as to the expected or projected success, profitability, return, performance, result, effect consequence, or benefit (including legal, regulatory, tax, financial, accounting or otherwise) or its purchase or as to the documentation for the Class [_] Notes; (iv) it is purchasing the Class [_] Notes with a full understanding of all the terms, conditions and risks thereof (economic and otherwise), and it is capable of assuming and willing to assume (financially and otherwise) those risks; and (v) it is a sophisticated investor.

5.    The Transferee, and each account for which it is acquiring the Class [_] Note, is a Qualified Purchaser for the purposes of Section 3(c)(7) of the Investment Company Act of 1940, as amended.

6.    The Transferee understands that the Definitive Class [_] Notes will bear the legend setting forth the transfer restrictions. The Class [_] Notes so represented may not at any time be held by or on behalf of any U.S. Person that is not a Qualified Institutional Buyer and a Qualified Purchaser.

7.    As of both the date hereof and the date of transfer, the Transferee *(check and initial one box)*:

___ Γ    No part of the funds being used to pay the purchase price for such Notes constitutes an asset of any "employee benefit plan" (as defined in Section 3(3) of ERISA) or "plan" (as defined in Section 4975(e)(1) of the Code) that is subject to ERISA or Section 4975 of the Code (each a "Plan" and such funds, "Plan Assets") with respect to which "Plan Assets" either Co-Issuer, the Trustee, the Collateral Manager, any swap counterparty or any of their Affiliates is a "party in interest" (as defined in Section 3(14) of ERISA) or a "disqualified person" (within the meaning of Section 4975(c)(2) of the Code);

___ Γ    If part of the funds being used to pay the purchase price for such Notes include "Plan Assets" with respect to which either Co-Issuer, the Trustee, the Collateral Manager, any swap counterparty or any of their Affiliates is a "party in interest" or a "disqualified person," the purchase and holding of such Notes is subject to a statutory or administrative exemption from the prohibited transaction rules of ERISA and Section 4975 of the Code.

8.    The Transferee will not, at any time, offer to buy or offer to sell the Class [_] Notes by any form of general solicitation or advertising, including, but not limited to, any advertisement, article, notice or other communication published in any newspaper, magazine or similar medium or broadcast over television or radio or seminar or meeting whose attendees have been invited by general solicitations or advertising.

This certificate and the statements contained herein are made for your benefit and the benefit of the Trust.

[Insert Name of Transferor]

By:_____

    Name:
    Title:

[Insert Name of Transferee]

By:_____

    Name:
    Title:

____TRANSFEREE INFORMATION____

Name of Transferee:    _____
Registration Instructions:    _____
    _____

Address:    _____
    _____
    _____
    _____

Tax ID No.    _____

Payment Instructions _____

<u>EXHIBIT D-3</u>

INVESTOR CERTIFICATE

[date]

(1)  Deutsche Bank Trust Company Americas
1761 East St. Andrew Place
Santa Ana, CA 92705-4934

(2)  Gemstone CDO VI Ltd.
c/o Maples Finance Limited
P.O. Box 309GT, Ugland House
South Church Street,
George Town
Grand Cayman, Cayman Islands

(3) Gemstone CDO VI Ltd.
c/o Donald J. Puglisi
850 Library Avenue
Newark, DE 19711

      Re:    GEMSTONE CDO VI Ltd. Notes

Ladies and Gentlemen:

        The undersigned proposes to purchase the Notes identified below issued by
Gemstone CDO VI Ltd. (the **"Issuer"**) and Gemstone CDO VI Corp. (the **"Co-Issuer"** and,
together with the Issuer, the **"Issuers"**), pursuant to that certain Indenture, dated as of August
17, 2006 (the **"Indenture"**), between the Issuer, the Co-Issuer and Deutsche Bank Trust
Company Americas, as Trustee (the **"Trustee"**). Capitalized terms used in this letter which are
not defined herein bear the same meanings as in the Indenture. In connection with the proposed
purchase of such Notes the undersigned acknowledges, represents, agrees and confirms that:

    (1)   The Notes have not been approved or disapproved by the SEC or any other governmental
authority or agency of any jurisdiction, nor has the SEC or any other governmental authority or
agency passed upon the accuracy or adequacy of this Offering Circular and any representation to
the contrary is a criminal offense.

    (2)   If required by the Indenture, it will, prior to any sale, pledge or other transfer by it of any
Note (or any interest therein), obtain from the transferee and deliver to the Issuers, the Trustee
and the Note Registrar a duly executed transferee certificate addressed to each of the Issuers, the
Trustee and the Note Registrar in the form of the relevant exhibit attached to the Indenture and
such other certificates and other information as the Issuers, the Trustee or the Note Registrar may

reasonably require to confirm that the proposed transfer substantially complies with the transfer restrictions set forth in the Indenture.

(3)    No Note (or any interest therein) may be sold, pledged or otherwise transferred in a denomination of less than the $1,000,000 minimum denomination.

(4)    The Notes have not been registered under the Securities Act and, therefore, cannot be offered or sold in the United States or to U.S. Persons (as defined in Rule 902(k) under the Securities Act) unless they are registered under the Securities Act or unless an exemption from registration is available. Accordingly, the certificates representing the Notes will bear a legend stating that such Notes have not been registered under the Securities Act and setting forth certain of the restrictions on transfer of the Notes described herein. It understands that the Issuers have no obligation to register any of the Notes under the Securities Act or to comply with the requirements for any exemption from the registration requirements of the Securities Act (other than to supply information specified in Rule 144A(d)(4) of the Securities Act as required by the Indenture).

(5)    It (a)(A) is a Qualified Institutional Buyer, and (B) is acquiring the Notes for its own account for investment purposes and not with a view to the distribution thereof (except in accordance with Rule 144A) or (b) (A) is not a U.S. Person (as defined in Rule 902(k) under the Securities Act), (B) is purchasing such Notes for its own account and not for the account or benefit of a U.S. Person and (C) understands that prior to the end of the Distribution Compliance Period, interests in a Regulation S Note may be held only through Euroclear or Clearstream.

(6)    It (a) has such knowledge and experience in financial and business matters that it is capable of evaluating the merits and risks (including for tax, legal, regulatory, accounting and other financial purposes) of its prospective investment in the Notes, (b) is financially able to bear such risk, (c) in making such investment is not relying on the advice or recommendations of the Initial Purchasers, the Issuer, the Co-Issuer, the Collateral Manager or any of their respective affiliates (or any representative of any of the foregoing) and (d) has determined that an investment in the Notes is suitable and appropriate for it. It has received, and has had an adequate opportunity to review the contents of, the Note Offering Circular. It has had access to such financial and other information concerning the Issuers and the Notes as it has deemed necessary to make its own independent decision to purchase Notes, including the opportunity, at a reasonable time prior to its purchase of Notes, to ask questions and receive answers concerning the Issuers and the terms and conditions of the offering of the Notes.

(7)    No Note (or any interest therein) may be offered, sold, pledged or otherwise transferred to (a) a transferee acquiring a Restricted Note except (i) to a transferee whom the seller reasonably believes is a Qualified Institutional Buyer, purchasing for its own account, to whom notice is given that the resale, pledge or other transfer is being made in reliance on the exemption from the registration requirements of the Securities Act provided by Rule 144A, (ii) to a transferee that is a Qualified Purchaser, (iii) to a transferee that is not a Flow-Through Investment Vehicle (other than a Qualifying Investment Vehicle), (iv) if such transfer is made in compliance with the certification (if any) and other requirements set forth in the Indenture and (v) if such transfer is made in accordance with any applicable securities laws of any state of the United States and any other relevant jurisdiction or (b) a transferee acquiring an interest in a Regulation S Note except (i) to a transferee that is a non-U.S. Person acquiring such interest in an offshore transaction (within the meaning of Regulation S) in accordance with Rule 904 of

Regulation S, (ii) if such transfer is made in compliance with the certification (if any) and other requirements set forth in the Indenture and (iii) if such transfer is made in accordance with any applicable securities laws of any state of the United States and any other relevant jurisdiction.

(8)    It understands that there is no market for Notes and that no assurance can be given as to the liquidity of any trading market for Notes and that it is unlikely that a trading market for any of the Notes will develop.  It further understands that, although the Initial Purchasers may from time to time make a market in Notes, the Initial Purchasers are under no obligation to do so and, following the commencement of any market-making, it may discontinue the same at any time. Accordingly, it must be prepared to hold Notes for an indefinite period of time or until their maturity.  It further understands that the Notes are limited-recourse obligations of the Issuers, payable solely from the Collateral in accordance with the priority of payments set forth in the Indenture.

(9)    It either (a) is not a U.S. Person (within the meaning of the Investment Company Act) or (b) is a Qualified Purchaser.  It agrees that no sale, pledge or other transfer of a Note (or any interest therein) may be made (m) unless such transfer is made to a transferee who, if a U.S. Person (within the meaning of the Investment Company Act), is a Qualified Purchaser or (n) if such transfer would have the effect of requiring either of the Issuers to register as an investment company under the Investment Company Act.  If it is a U.S. Person that is an entity that would be an investment company but for the exception provided for in Section 3(c)(1) or Section 3(c)(7) of the Investment Company Act (any such entity, an **"excepted investment company"**): (x) all of the beneficial owners of outstanding securities (other than short-term paper) of such entity (such beneficial owners determined in accordance with Section 3(c)(1)(A) of the Investment Company Act) that acquired such securities on or before April 30, 1996 (**"pre-amendment beneficial owners"**); and (y) all pre-amendment beneficial owners of the outstanding securities (other than short-term paper) of any excepted investment company that, directly or indirectly, owns any outstanding securities of such entity, have consented to such entity's treatment as a Qualified Purchaser in accordance with the Investment Company Act.

(10)    It understands that the Issuer may receive a list of the DTC Participants holding the Notes (i.e., beneficial interests in a Global Note) from DTC and any other depository through which the Notes (or beneficial interests therein) may be held.

(11)    It purchaser understands that the Issuer may require certification acceptable to it (a) to permit the Issuer to make payments to it without, or at a reduced rate of, withholding or (b) to enable the Issuer to qualify for a reduced rate of withholding in any jurisdiction from or through which the Issuer receives payments on its assets.  The purchaser agrees to provide any such certification that is requested by the Issuer.

(12)    It agrees by acquisition of the Note or Notes that it will treat the Notes as indebtedness of Issuer for purposes of U.S. federal income, state and local income and franchise tax and any other income taxes, acknowledges that the Issuer will be treated as a corporation and that the Preference Shares will be treated as equity in the Issuer, and agrees to take no action inconsistent with such treatment, unless required by law.

(13)    In the case of a purchaser that is a U.S. Person (within the meaning of the Investment Company Act), it represents that, unless the purchaser is a Qualifying Investment Vehicle (as defined below), (a) if the purchaser would be an investment company but for the exception in Section 3(c)(1) or Section 3(c)(7) of the Investment Company Act, the amount of the purchaser's

investment in the Notes and Preference Shares does not exceed 40% of the total assets (determined on a consolidated basis with its subsidiaries) of the purchaser; (b) no person owning any equity or similar interest in the purchaser has the ability to control any investment decision of the purchaser or to determine, on an investment-by-investment basis, the amount of such person's contribution to any investment made by the purchaser; (c) the purchaser was not organized or reorganized for the specific purpose of acquiring Notes or Preference Shares; and (d) no additional capital or similar contributions were specifically solicited from any person owning an equity or similar interest in the purchaser for the purpose of enabling the purchaser to purchase Notes or Preference Shares (any such transferee in (a), (b), (c) or (d) above being herein referred to as a **"Flow-Through Investment Vehicle"**). For this purpose, a **"Qualifying Investment Vehicle"** is an entity as to which all of the beneficial owners of any securities issued by such entity have made, and as to which (in accordance with the document pursuant to which such entity was organized or the agreement or other document governing such securities) each such beneficial owner must require any transferee of any such security to make, to the Issuer or the Issuers, as the case may be, and the Trustee and the Note Registrar (in the case of the Notes) or the Preference Share Transfer Agent (in the case of the Preference Shares) each of the representations set forth herein and in the Indenture and the Preference Share Paying Agency Agreement required to be made upon transfer of any of the relevant Class of Notes or Preference Shares (with modifications to such representations satisfactory to the Issuer, the Co-Issuer, the Trustee, the Note Registrar and the Preference Share Transfer Agent (as applicable) to reflect the indirect nature of the interests of such beneficial owners in such Notes or Preference Shares. If it is a Flow-Through Investment Vehicle, it represents and warrants that either (x) none of the beneficial owners of its securities are U.S. Persons (within the meaning of the Investment Company Act) or (y) some or all of the beneficial owners of its securities are U.S. Persons (within the meaning of the Investment Company Act) and each such beneficial owner has certified to the purchaser that it is a Qualified Purchaser. If it is a Flow-Through Investment Vehicle, it also represents and warrants that it has only one class of securities outstanding (other than any nominal share capital the distributions in respect of which are not correlated to or dependent upon distributions on, or the performance of, the Notes or Preference Shares).

(14) In the case of a purchase of a Restricted Note, it agrees that (a) any sale, pledge or other transfer of a Note (or any interest therein) made in violation of the transfer restrictions contained in Indenture and described herein, or made based upon any false or inaccurate representation made by the purchaser or a transferee to the Issuer, the Co-Issuer, the Trustee or the Note Registrar will be void and of no force or effect and (b) none of the Issuer, the Co-Issuer, the Trustee and the Note Registrar has any obligation to recognize any sale, pledge or other transfer of a Note (or any interest therein) made in violation of any such transfer restriction or made based upon any such false or inaccurate representation. It agrees to provide notice to each person to whom it proposes to transfer any interest in the Notes of the transfer restrictions and representations set forth in the Indenture.

The Indenture provides that if, notwithstanding the restrictions on transfer contained therein, either of the Issuers determines that any beneficial owner of a Restricted Note (or any interest therein) (a) is a U.S. Person and (b) is not both a Qualified Institutional Buyer (or, in respect of certain Original Purchasers an Institutional Accredited Investor) and a Qualified Purchaser, then either of the Issuers may require, by notice to such beneficial owner, that such beneficial owner sell all of its right, title and interest to such Restricted Note (or interest therein) to a person that is (i) a non-U.S. Person in a transfer for an interest in a Regulation S Note, or (ii) both a Qualified

Institutional Buyer and a Qualified Purchaser, with such sale to be effected within 30 days after notice of such sale requirement is given. If such beneficial owner fails to effect the transfer required within such 30-day period, (y) upon direction from the Collateral Manager or the Issuer, the Trustee, on behalf of and at the expense of the Issuer, shall cause such beneficial owner's interest in such Note to be transferred in a commercially reasonable sale arranged by the Collateral Manager (conducted by the Trustee in accordance with Section 9-610(b) of the Uniform Commercial Code as in effect in the State of New York as applied to securities that are sold on a recognized market or that may decline speedily in value) to a person to whom such Note (or interest therein) may be transferred in accordance with the transfer restrictions set forth in the Indenture and (z) pending such transfer, no further payments will be made in respect of such Note held by such beneficial owner.

(15) It acknowledges that the Issuers, the Initial Purchasers, the Trustee and others will rely upon the truth and accuracy of the foregoing acknowledgments, representations and agreements and agrees that, if any of the acknowledgments, representations or warranties made or deemed to have been made by it in connection with its purchase of Notes are no longer accurate, the purchaser will promptly notify the Issuers, the Initial Purchasers and the Trustee.

(16) It is not a member of the public in the Cayman Islands.

(17) To the extent applicable to the Issuers, the Issuers may impose additional transfer restrictions to comply with the USA PATRIOT Act and other similar laws or regulations, and each beneficial owner of a Note is deemed to have agreed to comply with such transfer restrictions. The Issuers shall notify the Trustee, the Note Registrar and the Share Registrar of any such restrictions.

(18) It understands and agrees that a legend in substantially the following form will be placed on each certificate representing any Note:

> THIS NOTE HAS NOT BEEN AND WILL NOT BE REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "**SECURITIES ACT**"), OR THE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES OR ANY OTHER JURISDICTION, AND MAY BE RESOLD, PLEDGED OR OTHERWISE TRANSFERRED ONLY (A) (1) TO A PERSON WHOM THE SELLER REASONABLY BELIEVES IS A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT ("**RULE 144A**"), PURCHASING FOR ITS OWN ACCOUNT, TO WHOM NOTICE IS GIVEN THAT THE RESALE, PLEDGE OR OTHER TRANSFER IS BEING MADE IN RELIANCE ON THE EXEMPTION FROM SECURITIES ACT REGISTRATION PROVIDED BY RULE 144A OR (2) TO A NON-U.S. PERSON IN AN OFFSHORE TRANSACTION IN ACCORDANCE WITH RULE 904 OF REGULATION S UNDER THE SECURITIES ACT ("**REGULATION S**"), (B) IN COMPLIANCE WITH THE CERTIFICATION AND OTHER REQUIREMENTS SPECIFIED IN THE INDENTURE REFERRED TO HEREIN AND (C) IN ACCORDANCE WITH ANY APPLICABLE SECURITIES LAWS OF ANY STATE OF THE UNITED STATES AND ANY OTHER RELEVANT JURISDICTION.

NEITHER OF THE ISSUERS HAS BEEN REGISTERED UNDER THE INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE **"INVESTMENT COMPANY ACT"**). NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NONE OF THE ISSUERS, THE TRUSTEE OR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF (A) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT (WITHIN THE MEANING OF THE INVESTMENT COMPANY ACT) BUT IS NOT A "QUALIFIED PURCHASER" AS DEFINED IN SECTION 2(a)(51)(A) OF THE INVESTMENT COMPANY ACT AND RELATED RULES, A "KNOWLEDGEABLE EMPLOYEE" WITH RESPECT TO THE ISSUER (WITHIN THE MEANING OF RULE 3c-5 UNDER THE INVESTMENT COMPANY ACT) OR A COMPANY EACH OF WHOSE BENEFICIAL OWNERS IS A QUALIFIED PURCHASER OR A KNOWLEDGEABLE EMPLOYEE (COLLECTIVELY, A **"QUALIFIED PURCHASER"**) TAKING DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE, (B) SUCH TRANSFER WOULD HAVE THE EFFECT OF REQUIRING EITHER OF THE ISSUERS TO REGISTER AS AN INVESTMENT COMPANY UNDER THE INVESTMENT COMPANY ACT OR (C) SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE WHO IS A U.S. RESIDENT THAT IS A FLOW-THROUGH INVESTMENT VEHICLE OTHER THAN A QUALIFYING INVESTMENT VEHICLE (EACH AS DEFINED IN THE INDENTURE) WHICH TAKES DELIVERY OF THIS NOTE (OR INTEREST HEREIN) IN THE FORM OF A RESTRICTED NOTE.

IN ADDITION, NO TRANSFER OF THIS NOTE (OR ANY INTEREST HEREIN) MAY BE MADE (AND NEITHER THE TRUSTEE NOR THE NOTE REGISTRAR WILL RECOGNIZE ANY SUCH TRANSFER) IF SUCH TRANSFER WOULD BE MADE TO A TRANSFEREE THAT IS (A) A DEALER DESCRIBED IN PARAGRAPH (a)(1)(ii) OF RULE 144A WHICH OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN U.S.$25,000,000 IN SECURITIES OF ISSUERS THAT ARE NOT AFFILIATED PERSONS OF THE DEALER OR (B) A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, UNLESS INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE SOLELY BY THE FIDUCIARY, TRUSTEE OR SPONSOR OF SUCH PLAN.

EACH ORIGINAL PURCHASER AND TRANSFEREE WILL BE DEEMED TO REPRESENT AND WARRANT) THAT EITHER (A) IT

IS NOT A PLAN, A GOVERNMENTAL OR CHURCH PLAN WHICH IS SUBJECT TO ANY FEDERAL, STATE OR LOCAL LAW THAT IS SIMILAR TO THE PROHIBITED TRANSACTION PROVISIONS OF SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE, OR AN ENTITY WHICH IS DEEMED TO HOLD THE ASSETS OF ANY SUCH PLAN PURSUANT TO 29 C.F.R. SECTION 2510.3-101, OR (B) ITS PURCHASE AND OWNERSHIP OF SUCH NOTE WILL NOT RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE (OR, IN THE CASE OF A GOVERNMENTAL OR CHURCH PLAN, ANY SUCH SIMILAR U.S. FEDERAL, STATE OR LOCAL LAW).

EACH PURCHASER OF THIS NOTE WILL BE DEEMED TO HAVE MADE THE APPLICABLE REPRESENTATIONS AND AGREEMENTS SET FORTH IN THIS LEGEND.
THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN MAY BE TRANSFERRED TO A PERSON WHO TAKES DELIVERY IN THE FORM OF AN INTEREST IN A REGULATION S NOTE OR (IN CERTAIN LIMITED CIRCUMSTANCES) A DEFINITIVE NOTE ONLY (IN THE CASE OF AN INTEREST IN A REGULATION S GLOBAL NOTE) IN ACCORDANCE WITH APPLICABLE PROCEDURES (AS DEFINED IN THE INDENTURE) AND (IN THE CASE OF A DEFINITIVE NOTE) UPON RECEIPT BY THE NOTE REGISTRAR OF A TRANSFER CERTIFICATE BY THE TRANSFEROR AND THE TRANSFEREE SUBSTANTIALLY IN THE FORM SPECIFIED IN THE INDENTURE.

THIS NOTE (OR AN INTEREST HEREIN) MAY NOT BE TRANSFERRED UNLESS, AFTER GIVING EFFECT TO THE TRANSFER, THE TRANSFEREE IS HOLDING A NOTE WITH AN ORIGINAL PRINCIPAL AMOUNT WHICH IS EQUAL TO U.S.$1,000,000 OR INTEGRAL MULTIPLES OF U.S.$1,000 IN EXCESS THEREOF.

TO THE EXTENT APPLICABLE TO THE ISSUERS, THE ISSUERS MAY IMPOSE ADDITIONAL TRANSFER RESTRICTIONS TO COMPLY WITH THE USA PATRIOT ACT OR OTHER SIMILAR LAWS AND REGULATIONS, AND EACH BENEFICIAL OWNER OF A NOTE AGREES TO COMPLY WITH SUCH TRANSFER RESTRICTIONS.

THE PURCHASER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN WILL BE DEEMED TO UNDERSTAND AND AGREE THAT IF ANY PURPORTED TRANSFER OF THIS NOTE OR ANY BENEFICIAL INTEREST HEREIN TO A PURCHASER DOES NOT COMPLY WITH THE REQUIREMENTS SET FORTH IN THIS

NOTE OR THE INDENTURE, THEN THE PURPORTED TRANSFEROR OF THIS NOTE OR BENEFICIAL INTEREST HEREIN SHALL BE REQUIRED TO CAUSE THE PURPORTED TRANSFEREE TO SURRENDER THE TRANSFERRED NOTE OR ANY BENEFICIAL INTEREST THEREIN IN RETURN FOR A REFUND OF THE CONSIDERATION PAID THEREFOR BY SUCH TRANSFEREE (TOGETHER WITH INTEREST THEREON) OR TO CAUSE THE PURPORTED TRANSFEREE TO DISPOSE OF SUCH NOTE OR BENEFICIAL INTEREST PROMPTLY IN ONE OR MORE OPEN MARKET SALES TO ONE OR MORE PERSONS EACH OF WHOM SATISFIES THE REQUIREMENTS OF THE REPRESENTATIONS, WARRANTIES AND COVENANTS SET FORTH IN THIS LEGEND, AND SUCH PURPORTED TRANSFEROR SHALL TAKE, AND SHALL CAUSE SUCH TRANSFEREE TO TAKE, ALL FURTHER ACTION NECESSARY OR DESIRABLE, IN THE JUDGMENT OF THE ISSUER, TO ENSURE THAT SUCH NOTE OR ANY BENEFICIAL INTEREST THEREIN IS HELD BY PERSONS IN COMPLIANCE THEREWITH. ANY TRANSFER IN VIOLATION OF THE FOREGOING PROVISIONS OF THIS NOTE OR THE INDENTURE WILL BE OF NO FORCE AND EFFECT, WILL BE VOID *AB INITIO*, AND WILL NOT OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE, NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE ISSUERS, THE TRUSTEE OR ANY INTERMEDIARY.

IF, NOTWITHSTANDING THE RESTRICTIONS SET FORTH IN THIS NOTE OR THE INDENTURE, EITHER OF THE ISSUERS DETERMINES THAT ANY HOLDER OF THIS RESTRICTED NOTE OR AN INTEREST HEREIN (I) IS A U.S. PERSON AND (II) IS NOT BOTH A QUALIFIED INSTITUTIONAL BUYER (OR, IN RESPECT OF CERTAIN ORIGINAL PURCHASERS, AN INSTITUTIONAL ACCREDITED INVESTOR) AND A QUALIFIED PURCHASER, THE ISSUERS SHALL REQUIRE, BY NOTICE TO SUCH HOLDER, AS THE CASE MAY BE, THAT SUCH HOLDER SELL ALL OF ITS RIGHT, TITLE AND INTEREST TO THIS NOTE (OR INTEREST HEREIN) TO A PERSON THAT IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, WITH SUCH SALE TO BE EFFECTED WITHIN 30 DAYS AFTER NOTICE OF SUCH SALE REQUIREMENT IS GIVEN. IF SUCH HOLDER FAILS TO EFFECT THE TRANSFER REQUIRED WITHIN SUCH 30-DAY PERIOD, (X) UPON WRITTEN DIRECTION FROM THE COLLATERAL MANAGER OR THE ISSUER, THE TRUSTEE SHALL, AND IS HEREBY IRREVOCABLY AUTHORIZED BY SUCH HOLDER TO, CAUSE ITS INTEREST IN THIS NOTE TO BE TRANSFERRED IN A COMMERCIALLY REASONABLE SALE

(CONDUCTED BY AN INVESTMENT BANK SELECTED BY THE TRUSTEE WITH THE CONSENT OF THE COLLATERAL MANAGER IN ACCORDANCE WITH SECTION 9-610(b) OF THE UCC AS APPLIED TO SECURITIES THAT ARE SOLD ON A RECOGNIZED MARKET OR THAT MAY DECLINE SPEEDILY IN VALUE) TO A PERSON THAT CERTIFIES TO THE TRUSTEE, THE ISSUERS AND THE COLLATERAL MANAGER, IN CONNECTION WITH SUCH TRANSFER, THAT SUCH PERSON IS (1) A NON-U.S. PERSON IN A TRANSFER FOR AN INTEREST IN A REGULATION S NOTE OR (2) BOTH A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER, AND (Y) PENDING SUCH TRANSFER, NO FURTHER PAYMENTS WILL BE MADE IN RESPECT OF THE INTEREST IN THIS NOTE, AND THE INTEREST IN THIS NOTE SHALL NOT BE DEEMED TO BE OUTSTANDING FOR THE PURPOSE OF ANY VOTE OR CONSENT OF THE NOTEHOLDERS.

Very truly yours,

[Insert Name of Investor]

By:_____

Name:

Title:

NOTES TO BE PURCHASED:

$[____] Class [A-1][A-2][B][C][D][E] [Floating Rate][Fixed Rate] [Deferrable Interest] Notes Due August 2046

<u>EXHIBIT E</u>

FORM OF FUNDING CERTIFICATE

On File with the Initial Purchasers.

<u>EXHIBIT F-1</u>

FORM OF CORPORATE AND TAX OPINION OF
ALLEN & OVERY LLP

[SEE TABS #44 AND #46]

<u>EXHIBIT F-2</u>

FORM OF SECURITY INTEREST OPINION OF
ALLEN & OVERY LLP

[SEE TAB #43]

<u>EXHIBIT G</u>

FORM OF OPINION OF MAPLES AND CALDER

[SEE TAB #50]

<u>EXHIBIT H</u>

FORM OF OPINION OF CADWALADER, WICKERSHAM & TAFT LLP

[SEE TAB #49]

<u>EXHIBIT I</u>

FORM OF OPINION OF SEWARD & KISSEL LLP

[SEE TAB #47]

EXHIBIT J

FORM OF SYNTHETIC SECURITY NOTIFICATION FOR MOODY'S

*[FORM OF MANAGER CERTIFICATION OF SYNTHETIC]*

[Date]

Moody's Investors Service
99 Church Street
New York, NY 10007
Attn: [**Insert Name of applicable CDO Analyst**]

[Name of Trustee] (the "Trustee")
[Address]
Attn: [**Insert name of applicable contact at Trustee**]

Re:    [**Insert name and identifying details of Proposed Synthetic/Structured Note/Structured Finance Obligation/Enhanced Bond/other defined term for permitted derivative products**] (the "Proposed Asset")

Ladies and Gentlemen:

In connection with [**insert Issuer's name**](the "Issuer") intention to acquire the Proposed Asset, and pursuant to [**insert relevant section requiring written confirmation from Moody's**] of that certain Indenture/Trust Deed between the Issuer, [**insert Co-Issuer's name**], and the Trustee, dated as of [**insert date of indenture/trust deed**] (the "Indenture"/"Trust Deed"), we are writing to request your confirmation that the inclusion of the Proposed Asset in the Issuer's portfolio will not result in the withdrawal or reduction of any of the current Moody's ratings of the liabilities of the Issuer.

Moody's has identified, and with the confirmation requested above will *assign*, a **rating factor** and **recovery rate** specific to this Proposed Asset that will, subject to any changes to the rating of the [reference obligation/obligor] [and of any counterparties involved in the Proposed Asset (e.g., swap counterparties, participating institution, etc.*)*], be used by the Trustee when calculating certain specified parameters for determining the Issuer's compliance with requirements of the Indenture/Trust Deed.

The undersigned officer hereby confirms on behalf of [**insert name of Collateral Manager entity**] that it has received confirmation from the Trustee and has itself independently verified that the proposed acquisition of $/Euro [**insert amount**] [par value] of the Proposed Asset, when analyzed using the rating factor(s) of [_____] and a recovery rate of [___%] as identified by you, does not:

(i)     violate the definition of [Collateral Security][Collateral Item][Collateral Debt Obligation][*insert other applicable defined terms*] as set out in the [Indenture][Trust Deed][Definitions] dated as of [date] between [Name of Issuer] (the "Issuer") and [*insert other parties*], as amended to the date hereof (the "Governing Documents");

(ii)    violate any coverage tests or concentration limitations (including any limitations on permitted exposure to [Synthetic Securities, Synthetic Security Counterparties, Participating Institutions, Structured Finance Obligations, Structured Notes, Enhanced Bonds][*insert other defined term for permitted derivative products*] as set forth in the Governing Documents;

(iii)    violate any other covenant or restriction in the Governing Documents applicable to collateral purchased by, and counterparties permitted for, the Issuer.

We further acknowledge that, pursuant to [*insert relevant section requiring Trustee to have received confirmation from Moody's prior to including Proposed Asset in the Issuer's portfolio*], the Proposed Asset may only be included in the Issuer's portfolio after the Trustee has received your [written][1] confirmation that the inclusion of the Proposed Asset in the Issuer's portfolio will not result in the withdrawal or reduction of any of the current Moody's ratings of the liabilities of the Issuer.

In consideration of the foregoing, we ask that you assign the rating factor and recovery rate specific to the Proposed Asset and please confirm that the proposed acquisition by the Issuer of the Proposed Asset will not, at this time, result in the withdrawal or reduction of any of the current Moody's ratings of the liabilities of the Issuer; provided, however, that such confirmation shall be deemed to have been received if [*Moody's*] has not responded within 10 Business Days of the receipt of this notification.

[Name of Collateral Manager]

By:    _____
        Name of individual/title

---

[1] Include "written" if so specified in Governing Documents.

<u>EXHIBIT K</u>

FORM OF SYNTHETIC SECURITY (RMBS SECURITIES)

[SEE TAB #14]

EXHIBIT L

## FORM OF SYNTHETIC SECURITY (CMBS SECURITIES)

[SEE TAB #14]