Arthur J. Kenney (Amended Claim # 67880 filed Feb. 10, 2012)

200 East End Avenue, Apt. 5-DE

New York City, NY 10128

(646) 756-5393

UNITED STATES BANKRUPTCY

SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| LEHMAN BROTHERS HOLDINGS INC., et al., | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------X

RESPONSE TO DEBTOR'S ANNOTATED REPLY FILED ON JANUARY 24, 2012

*AMENDED RESPONSE TO THREE HUNDRED THIRTEENTH OBJECTION FILED JUNE 6, 2012

| Creditor Name & Address: | ***AMENDED CLAIM NUMBER: 67880 Filed Feb. 10, 2012 |
|---|---|
| KENNEY, ARTHUR J. | Claim Number (Original):   14067   EFC No. of Response: 17160 |
| 200 EAST END AVE, APT 5-DE | Date Filed (Original):       9/16/2009 |
| NEW YORK, NY 10128 | Classification and Amount:  PRIORITY:     $ 10,950.00 |
| | UNSECURED: $ 70,647.66 |
| | TOTAL:        $ 81,597.66 |

FILED
U.S. BANKRUPTCY COURT
2012 JUN 29  A 10: 40

## SUMMARY:

As background, at the time of the Lehman Brothers bankruptcy, I, Arthur J. Kenney, was a commission salesman for the firm for over 25 years, and **the compensation statement I have provided to all required/interested parties reflects cash commissions and accrued commissions, not RSUs.**

Once again, as in my objection dated MAY 13, 2011 and again on February 10, 2012 and sent to all required/interested parties, and in the objection made before the court during my appearance on DECEMBER 21, 2011, I reiterate my objection to the reclassification of my aforementioned claim in the amended amount of $ 81,597.66 (Amended Claim # 67880 filed Feb. 10, 2012), as it represents earned, unpaid sales commissions that were accrued for the Lehman Brothers fiscal year 2008, starting on DECEMBER 1, 2007 through the time that bankruptcy was filed in SEPTEMBER 2008. PLEASE NOT THAT **THESE AMOUNTS DO NOT REPRESENT RESTRICTED STOCK UNITS (RSUs), BUT INSTEAD ARE SALES COMMISSIONS WHICH WERE EARNED AND ACCRUED THROUGHOUT THAT FISCAL YEAR AS INDICATED BY THE COMPENSATION STATEMENT ATTACHED HEREIN.**

During that part of the Lehman Brothers fiscal year, a total of $ 94,853.12 earned and unpaid sales commissions were accrued and segregated. On JULY 1, 2008, $ 29,681 of these earned and accrued commissions were used to purchase (converted into) 1,416.06 (Lehman Brothers) Restricted Stock Units (RSUs) at a conversion price of $ 17.91 per Restricted Stock Unit. In addition there were earned and accrued sales commissions for the month of September 2008 in the amount of $ 16,425.55.

The balance of the earned, unpaid, accrued sales commissions was a total of $ 81,597.66 at the time of bankruptcy ($ 94,853.12 earned and accrued sales commissions + $ 16,425.55 of September earned and unpaid commissions MINUS $ 29,681 of RSUs purchased on July 1, 2008 (… the $ .01 difference is due to rounding) . The amended claim (# 67880 filed Feb. 10, 2012) was updated to include $ 16,425.55 of SEPTEMBER sales commissions which were never paid, as evidenced by the attached compensation print-out (previously circulated to all required/interested parties). (*PLEASE SEE Page 1 OF ATTACHMENTS, Line #9: "Sales Compe" ).

Debtors' counsel has erroneously referred to the originally-filed claim (which consists only of Unpaid Wages/Accrued Commissions) in certain places as stock, and/or as stock options in other places, when instead a more proper term for these Unpaid Wages/Accrued Commissions would be convertible debt when LBHI was a going concern, and as debt when LBHI entered Bankruptcy.

**These claims ($ 81, 597.66) should be classified as Debt , with $ 10,950 of these claims given Priority Status.**

## RESPONSES TO DEBTORS' THREE HUNDRED THIRTEENTH OMNIBUS OBJECTION:

### "The Equity Awards Are Not Claims"

# 8   "The Plan Administrator continues its review of the claims filed on the claims register in these cases and maintained by the Court-appointed claims agent. As indicated on Exhibit A, certain of the claims and others were improperly filed as secured or general unsecured claims … Each of the Compensation Claims must be reclassified as an equity interest."

**REBUTTAL:**

I cannot comment on the merits of any claims of others, but it seems that it is the strategy of Debtors' Counsel to ignore the court's observation of the potential for differentiation of some claims that were truly earned commissions, such as my claims herein, and not Equity Awards, and conveniently and erroneously attempt to reclassify my claims according to the "lowest-common-denominator."

**My claims, herein, are based on Earned & Accrued sales Commissions, and I have provided documentation to this effect.**


# 9   "Both the Bankruptcy Rules and Procedures Order provide …"

**REBUTTAL:**

My claims were classified correctly (as per amended Claim # 67880 filed Feb. 10, 2012) and documented and as such should not be subject to the DEBTORS' THREE HUNDRED THIRTEENTH OMNIBUS OBJECTION.


# 10   "Once objected to, a filed proof of claim is no longer 'deemed allowed.' 11 U.S.C. &502(a) ("A claim of interest, proof of which is filed … is deemed allowed, unless a party of interest … objects.") "

**REBUTTAL:**

To this end, I am filing my rebuttals herein to Debtors' Counsel Omnibus Objections 313.

## The Equity Claims Should Be Reclassified as Interests

### A. Compensation Claims Are For Equity Interests

**# 11** "Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and that an equity security holder may file a proof of interest ..."

**REBUTTAL:**

**My (Amended) Claim** (# 67880 filed Feb. 10, 2012, amended for Original Claim # 14067 filed Sept. 16, 2009) **is NOT Equity Securities, but represents earned and accrued commissions for the fiscal year starting December 1, 2008 until the time of bankruptcy in September, 2009.**

I had duly deducted $ 29,681 from the total of earned and accrued commissions which were used to purchase (converted into) 1,416.06 shares of Restricted Stock at a price of $ 20.96 per restricted share. The balance (amended amount of $ 81,597.66) represents the outstanding balance of earned and accrued sales commissions still outstanding for that fiscal year.

**# 12** "Courts have interpreted the definition of equity security to include a range of stock-based transactions, including transactions based on a right to acquire stock, such as stock options and stock assignments ... "

**REBUTTAL:**

My claim represents earned and accrued sales commissions and is not a "stock-based transaction' as erroneously asserted by Debtors' Counsel and citing Enron Corp. and Baldwin-United Corp. cases is not relevant to my claim.

**# 13** "The Equity Awards provide ..."

**REBUTTAL:**

Debtors' Council, in my case, seeks to have to court define earned and accrued commissions as "...similar to stock options or the right to exercise stock options ... " , when they are more similar to convertible debt when LBHI was a going concern, and as debt when LBHI entered Bankruptcy.

## B. Subordination Provisions Present in Certain of the Agreements Are Enforceable Pursuant to Bankruptcy Code Section 510(a)

#14    "The agreements governing concerning the Equity Awards (the 'Agreements') ..."

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.

#15    "Section 510(a) of the Bankruptcy Code provides that "[a] subordination agreement is enforceable ..."

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.

#16    "Compensation Claims arising out of agreements with subordination provisions similar to the one referred to above should have the same priority as common equity interests in LBHI ..."

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.

## C.    Bankruptcy Code Section 510(b) Mandated that the Compensation Claims Have The same Priority as Common Equity of LBHI

#17    "Another reason the Compensation Claims must be treated as equity is that section 510(b) of the Bankruptcy Code provides that for , for purposes of distribution, a claim for damages arising from the purchases or sale of a security shall have the same priority of the security. 11 U.S.C. &510(b)

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.

# 18    "As noted above, the Equity Awards fall within the Bankruptcy Code definition of 'security'. "

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.


# 19    "In Enron, employees filed claims asserting a righto payment for damages in connection with unexercised stock options they had received during the course of their employment. ... "

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions and has nothing to do with stock options.


# 20    "The court in Enron further concluded that ... "

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions and has nothing to do with stock options.


# 21    "Like it did in Enron, ... "

**REBUTTAL:**

This argument is not pertinent since my claim is for earned and accrued commissions.

**IN CONCLUSION:**

Once again, may I reiterate my objection to the reclassification of my aforementioned amended claim (# 67880 of Feb. 10, 2012) in the amount of $ 81,597.66 with $ 10,950.00 of that amount being claimed as having PRIORITY Status , as it represents earned, Unpaid wages/Sales Commissions that were accrued for the Lehman Brothers fiscal year 2008, starting on DECEMBER 1, 2007 through August 2008.

**THESE AMOUNTS DO NOT REPRESENT RESTRICTED STOCK UNITS (RSUs), BUT INSTEAD ARE SALES COMMISSIONS WHICH WERE EARNED AND ACCRUED THROUGHOUT THAT FISCAL YEAR AS INDICATED BY THE COMPENSATION STATEMENT ATTACHED HEREIN.**

Please note that the policy of Barclays Capital upon separation of employees from the firm was to pay withheld, earned and accrued sales commissions in cash. This is confirmed in the attached e-mail from the Barclays Capital Human resources representative, Rebecca McAdams Dated: Tuesday, Oct. 4, 2011; Subject: "Per our conversations"). The e-mail confirms that the policy for Barclays Capital (which acquired the assets of Lehman Brothers) was to process a CASH Payment for Accrued Commissions for employees who would not be there to convert the withheld, earned & accrued commissions (please see the last bullet-point of that attached e-mail):

- *"Upon your departure from the Firm, it is our intention to process a cash payment to you Representing the commission pay that has been held back throughout the year (2011). This amount was earned (and is reflected on your pay statements, I believe); This would have been delivered in the form of SVP/CVP in February of 2012. (N.B.: SVP= Stock Value [Incentive] Plan/ CVP=Cash Value [Incentive] Plan).*

  *(PLEASE SEE Page 3 OF ATTACHMENTS: Year End Compensation Statement-Line #15: "Long-Term Incentive Scheme").*

Kindly note that Debtor's counsel has erroneously referred to the originally-filed claim (which consists only of Unpaid Wages/Accrued a more Commissions) in certain places as stock, and/or as stock options in other places, when instead **the proper term for these Unpaid Wages/Accrued Commissions would be convertible debt when LBHI was a going-concern, and debt when LBHI entered bankruptcy.**

These claims ($ 81, 597.66) should be classified as Debt, with $ 10,950 of these claims given Priority Status.

| Year Total | | Sep-08 | Aug-08 | Jul-08 | Jun-08 | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 4,082,282.28 | oss Producti | 100,505.09 | 335,362.74 | 485,245.17 | 330,816.07 | 436,459.74 | 555,973.90 | 411,792.60 | 431,491.57 | 542,848.94 | 451,786.45 |
| 628,551.73 | et Productio | 16,425.55 | 54,745.69 | 75,070.58 | 51,691.32 | 63,551.26 | 86,174.21 | 63,568.54 | 64,238.86 | 82,557.95 | 70,527.78 |
| 0.48 | b Net Produc | 0 | 0 | 0 | 0 | 0 | 0 | 0.34 | 0 | 0.14 | 0 |
| 15.4 | erage Rate ( | 16.34 | 16.32 | 15.47 | 15.63 | 14.56 | 15.5 | 15.44 | 14.89 | 15.21 | 15.61 |
| | Prior Months -Deficit | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| -59,096.83 | o Net Produ | 0 | -8,199.85 | -11,194.03 | -7,721.77 | -9,521.75 | -12,926.03 | -9,533.40 | 0 | 0 | 0 |
| | ly Payout Ba | 16,425.55 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| 0 | Draw Amoun | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 569,455.37 | ales Compe | 16,425.55 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| 458,176.71 | h Commissi | 0 | 40,552.54 | 52,541.23 | 40,646.81 | 46,657.63 | 58,140.78 | 46,661.20 | 52,757.72 | 63,703.45 | 56,515.35 |
| 94,853.11 | Accrual Calc | 0 | 5,993.31 | 11,335.31 | 3,322.74 | 7,371.88 | 15,107.40 | 7,374.28 | 11,481.14 | 18,854.63 | 14,012.43 |
| 553,029.83 | tal Sales Co | 0 | 46,545.85 | 63,876.54 | 43,969.55 | 54,029.51 | 73,248.18 | 54,035.48 | 64,238.86 | 82,558.08 | 70,527.78 |
| | -Deficit/Overa | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |

### Kenney, Arthur J: Equities Sales (NYK)

**From:** McAdams, Rebecca: HR (NYK)
**Sent:** Tuesday, October 04, 2011 2:07 PM
**To:** Kenney, Arthur J: Equities Sales (NYK)
**Subject:** Per our conversations

Art:

I hope all is going well with your transition. As we have discussed, I can confirm the following:

- Your last day of employment will be December 23rd, 2011 and you will be in active work status through that day (as opposed to serving your notice period out of the office). All access will remain as currently granted until your departure, unless you and the team inform me otherwise before then.
- As a result of the arrangement to work through your last day of employment you will remain on your current commission arrangement through your last day of employment (12/23/2011). This has been approved by Anthony Lombardo as well.
- Upon your departure from the Firm, it is our intention to process a cash payment to you representing all the commission pay that has been held back throughout the year (2011). This amount was earned (and is reflected on your pay statements, I believe); it would have been delivered in the form of SVP/CVP in February of 2012.

Please let me know if we need to further discuss the above, otherwise I will reach out to check in with you as we get closer to the end of the year. And of course, please feel free to contact me if/as any other questions arise.

Best,
Rebecca


Rebecca McAdams
Human Resources
BARCLAYS CAPITAL
+1 (212) 526 0250 - office
+1 (347) 813 1257 - mobile
rebecca.mcadams@barclayscapital.com

---

**From:** Kenney, Arthur J: Equities Sales (NYK)
**Sent:** Wednesday, September 28, 2011 3:00 PM
**To:** McAdams, Rebecca: HR (NYK)
**Subject:** e-mail

Hello Rebecca,

At your convenience, would you kindly send me the e-mail we spoke about last week (i.e., confirming my revised last date, the release of the Long-Term Incentive Scheme amount, and the conditions or normal commission arrangement until then).

Thank you, Rebecca,
Art


Arthur J. Kenney

P.2

## Compensation Statement

Find: GSID ▼ 10017249    [Get]    [Get in Excel]
Fiscal year: 2011    ☐ Show as of before EOM

Sales Org: ———10017249 ARTHUR KENNEY

Name: 10017249 - ARTHUR KENNEY
From: 1/1/2011 To: 12/31/2011
Future payout trades

| Year Total | | 12/2011 | 11/2011 | 10/2011 | 9/2011 | 8/2011 | 7/2 |
|---|---|---|---|---|---|---|---|
| 7,153,431.47 | Gross Production | 159,362.21 | 640,805.50 | 591,182.39 | 867,072.77 | 1,016,249.04 | 518,66 |
| 589,096.13 | Net Production | 11,451.60 | 14,574.61 | 49,048.81 | 62,769.66 | 86,274.79 | 42,26 |
| 589,096.13 | Total Net Production | 11,451.60 | 14,574.61 | 49,048.81 | 62,769.66 | 86,274.79 | 42,26 |
| 8.24 | Average Rate (%) | 7.19 | 2.27 | 8.30 | 7.24 | 8.49 | |
| 165,000.00 | ICG Draw | 13,750.00 | 13,750.00 | 13,750.00 | 13,750.00 | 13,750.00 | 13,75 |
| 2,298.40 | ICG Draw Deficit Writeoff | 2,298.40 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | Prior Months -Deficit/Overage | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 426,394.55 | Total Balance Due after ICG Draw | 0.00 | 824.61 | 35,298.81 | 49,019.66 | 72,524.79 | 28,51 |
| 13,516.67 | Adj to Net Production | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| | Monthly Payout Balance | 0.00 | 824.61 | 35,298.81 | 49,019.66 | 72,524.79 | 28,51 |
| 0.00 | Draw Amount | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |
| 604,911.22 | Total Sales Compensation | 13,750.00 | 14,574.61 | 49,048.81 | 62,769.66 | 86,274.79 | 42,26 |
| 151,250.00 | ICG Draw | 0.00 | 13,750.00 | 13,750.00 | 13,750.00 | 13,750.00 | 13,75 |
| 351,713.11 | Cash Commissions | 0.00 | 9,253.14 | 32,260.70 | 36,543.76 | 48,516.11 | 26,07 |
| 88,198.10 | Long-Term Incentive Scheme | 0.00 | -8,428.53 | 3,038.11 | 12,475.90 | 24,008.68 | 2,44 |
| 502,963.10 | Recorded Total Sales Compensation | 0.00 | 23,003.14 | 46,010.70 | 50,293.76 | 62,266.11 | 39,82 |
| | -Deficit/Overage | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | |

P.3