**HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)**
**RESPONSE DEADLINE: August 13, 2012 at 4:00 p.m. (Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF HEARING ON**
**OBJECTION TO PROOF OF CLAIM NUMBER 22898**

**PLEASE TAKE NOTICE** that on July 17, 2012, Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced chapter 11 cases, filed its objection to proof of claim number 22898 filed by Bank of Commerce (the "Objection"), and that a hearing to consider the Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules

of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Peter D. Isakoff, Esq. and Robert J. Lemons, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than **August 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44050539\6\58399.0008

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Objection, LBHI may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 17, 2012
       New York, New York

                        /s/ Robert J. Lemons
                        Peter D. Isakoff
                        Robert J. Lemons

                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York 10153
                        Telephone: (212) 310-8000
                        Facsimile: (212) 310-8007

                        Attorneys for Lehman Brothers Holdings Inc.
                        and Certain of Its Affiliates

HEARING DATE AND TIME: August 23, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: August 13, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Peter D. Isakoff
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**OBJECTION TO PROOF OF CLAIM NUMBER 22898**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

**Preliminary Statement**

1.  Proof of claim number 22898 (the "Claim") asserts that Bank of Commerce is owed principal and interest in the amount of $15,178,972.22 from Lehman Brothers Asia Holdings Limited ("LBAH"), an entity that is not a debtor in these cases. The Claim appears to lodge a guarantee claim against LBHI, although the sole reference to LBHI in the Claim is the attachment of a copy of a Unanimous Written Consent of the Executive

1

Committee of the Board of Directors of Lehman Brothers Holdings Inc. (the "Resolution"), dated as of June 9, 2005.

2.  The Resolution is not a valid or enforceable guarantee contract with respect to Bank of Commerce. The Claim fails to allege, much less establish, that Bank of Commerce knew of and relied upon the Resolution when Bank of Commerce entered into the transactions with LBAH upon which the instant Claim is based. Accordingly, LBHI has no liability on account of the Claim, and the Claim should be disallowed and expunged in its entirety.

## Relief Requested

3.  LBHI files this objection, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules), to disallow and expunge the Claim.

## Jurisdiction

4.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

5.  Commencing on September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court voluntary cases under title 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.  On December 6, 2011, the Court entered an order confirming the Plan [ECF No. 23023]. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

2

**The Claim**

7.  Attachments to the Claim indicate that Bank of Commerce, as lender, and LBAH, as borrower, were, among others, parties to three separate facility agreements, each in the principal amount of $5 million, dated June 16, 2006, June 20, 2006, and June 21, 2006, which were subsequently restructured and amended (collectively, the "Facility Agreements").

8.  On September 21, 2009, Bank of Commerce filed the Claim against LBHI, purportedly as the alleged guarantor of amounts allegedly owing to Bank of Commerce pursuant to the Facility Agreements. The Claim does not provide any narrative explanation of the basis of the Claim, and the sole link to LBHI in the Claim is the attachment of the Resolution in the Claim's annex. A copy of the Resolution is attached hereto as Exhibit A. Following the commencement of these chapter 11 cases, copies of the Resolution were published and circulated globally by various creditors of LBHI, including LBHI's foreign affiliates.

9.  The Claim was subsequently transferred and is currently held by CSCP Credit Acquisition Holdings LUXCO, SARL [ECF Nos. 15393, 19547, 19546].

**The Claim Should Be Disallowed And Expunged**

10. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

3

11. A guarantee is a contract of secondary liability. *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000). To be enforceable, a guarantee must possess the essential requirements of contract formation, including a valid offer and acceptance. *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009); *see also* 38 AM. JUR. 2D *Guaranty* § 1 (2012); RESTATEMENT (THIRD) OF SURETYSHIP AND GUARANTY § 2; *Davis S.M. Co. v. Richards*, 115 U.S. 524, 525 (1885) ("[A] contract of guaranty, like every other contract, can only be made by mutual assent of the parties . . . if the guaranty is signed by the guarantor without any previous request of the other party, and in his absence, for no consideration moving between them except future advances to be made to the principal debtor, the guaranty is in legal effect an offer or proposal on the part of the guarantor, needing an acceptance by the other party to complete the contract").

12. The language of an offer must (i) manifest a "definite" and "certain" "willingness to enter into a bargain," and (ii) be communicated to the offeree. *See Concilla v. May*, 214 A.D.2d 848, 849 (N.Y. App. Div. 3d Dep't 1995); *Brunner-Booth Fotochrome Corp. v. Kaufman*, 18 A.D.2d 160, 164 (N.Y. App. Div. 1st Dep't 1963) (finding no evidence that the offer was communicated to defendant); *MBNA Am. Bank, N.A. v. Nelson*, 2007 WL 1704618, *7 (N.Y. Civ. Ct. May 24, 2007) (holding that despite the unique nature of the credit card industry where the terms are often "agreed to unilaterally, via credit card use," absent a definite and certain offer outlining the terms and conditions of credit card use with the user's *actual signature*, the petitioner has the burden of establishing that the debtor was provided with notice of the terms and conditions).

13. "[I]t is elementary that a creditor's right to enforce a guaranty must be based upon knowledge of the existence of the guaranty and that the credit must be extended in

4

reliance thereof." *Schuhmacher*, 660 F. Supp. 6, 8 (E.D.N.Y. 1984)). "[T]he mere passing of a resolution by a board of directors . . . uncommunicated by them or by anyone with authority, creates *no power of acceptance in one who learns of it in some fortuitous manner.*" RESTATEMENT (SECOND) OF CONTRACTS § 24; *see* CORBIN ON CONTRACTS *§ 1.11* (emphasis added). Merely attaching the Resolution to the Claim is insufficient to show that LBHI made an offer to Bank of Commerce. Furthermore, the Claim neither alleges nor provides evidence that Bank of Commerce had knowledge of the Resolution prior to the commencement of LBHI's chapter 11 case.

14. Acceptance is necessarily premised upon knowledge of the offer. *See* RESTATEMENT (SECOND) OF CONTRACTS § 23 ("it is essential to a bargain that each party manifest assent *with reference to* the manifestation of the other") (emphasis added). "Since the acceptance must have reference to the offer it is ordinarily necessary that the offeree have knowledge of the offer." RESTATEMENT (SECOND) OF CONTRACTS § 35 cmt. b); *see also* 1-3 CORBIN ON CONTRACTS § 3.5 ("There is no power of acceptance by one to whom the offer is wholly unknown . . . One who has rendered a service without knowledge of an offered promise has not so acted."); WILLISTON ON CONTRACTS § 4:16 (4th ed. 2009) ("an offeree cannot actually assent to an offer unless the offeree knows of its existence"); *Joe Balestrieri & Co.* v. *Comm'r of Internal Revenue*, 177 F.2d 867, 873 (9th Cir. 1949) (noting that a general guaranty is enforceable by "anyone who accepts the proposal and advances money *in reliance thereon*") (emphasis added) (internal citations omitted).

15. The necessity of acceptance cannot be waived, so the creditor must manifest some form of acceptance even if the guarantor waives its right to any notice of acceptance. *See Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 238 (2d Cir. 1995)

5

("Even though notice of acceptance is not required for absolute guarantees, actual delivery and acceptance are."); *Cardinal Wholesale Supply, Inc. v. Chaisson*, 504 So. 2d 167, 169 (La. App. 1987) ("The language of the instruments is to the effect that acceptance and notice of acceptance by the creditor are necessary and thereby expressly waived. Such a waiver, however, does not eliminate the necessity for an acceptance. There can be no contract without an offer and acceptance.").

16. The Claim does not allege, and contains no evidence, that Bank of Commerce (a) had knowledge of and relied upon the Resolution prior to its entry into the Facility Agreements or (b) manifested acceptance of a "definite" and "certain" "willingness to enter into a bargain" for a guarantee from LBHI. Without evidence of an offer by LBHI, acceptance by Bank of Commerce, and/or knowledge and reliance by Bank of Commerce on the Resolution contemporaneous with the transactions between Bank of Commerce and LBAH, LBHI cannot be held liable for the Claim. Unless the Claim is disallowed and expunged, a party who does not hold a valid claim against LBHI's estate will nonetheless recover from LBHI. Accordingly, LBHI respectfully requests that the Court enter an order disallowing and expunging the Claim in its entirety.

## Reservation of Rights

17. LBHI reserves all rights to object on any other basis to the Claim as to which the relief requested herein is not granted.

## Notice

18. No trustee has been appointed in these chapter 11 cases. Notice of this Objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for

6

US_ACTIVE:\44050539\6\58399.0008

Region 2; (v) CSCP Credit Acquisition Holdings LUXCO, SARL; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635]. The Plan Administrator submits that no other or further notice need be provided.

19. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: July 17, 2012
      New York, New York

      /s/ Robert J. Lemons
      Peter D. Isakoff
      Robert J. Lemons

      WEIL, GOTSHAL & MANGES LLP
      767 Fifth Avenue
      New York, New York 10153
      Telephone: (212) 310-8000
      Facsimile: (212) 310-8007

      Attorneys for Lehman Brothers Holdings Inc.
      and Certain of Its Affiliates

**EXHIBIT A**

1

## UNANIMOUS WRITTEN CONSENT OF THE

## EXECUTIVE COMMITTEE OF THE

## BOARD OF DIRECTORS OF

## LEHMAN BROTHERS HOLDINGS INC.

The undersigned, being both members of the Executive Committee of the Board of Directors of Lehman Brothers Holdings Inc., a Delaware corporation (the "Corporation"), do hereby adopt the following resolutions by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of the General Corporation Law of the State of Delaware:

WHEREAS, the Corporation has previously authorized by specific resolution, which authority has not been revoked (the "Outstanding Guarantee Resolutions"), the guarantee of all or specified obligations and liabilities of certain direct and indirect subsidiaries of the Corporation, each of which is a "Guaranteed Subsidiary" as such term is used in the Corporation's Code of Authorities as currently in effect (the "Code"),

WHEREAS, certain of the Guaranteed Subsidiaries presently enjoy full guarantees while others have only partial guarantees, and the Corporation now wishes to expand such partial guarantees to full guarantees,

WHEREAS, due to the passage of time the names of certain of the Guaranteed Subsidiaries have changed, rendering the Outstanding Guarantee Resolutions out of date to that extent,

WHEREAS, the Corporation wishes to clarify that its guarantee of any Guaranteed Subsidiary with respect to any given transaction is not contingent upon the issuance of a signed guarantee pertaining to such transaction,

WHEREAS, Management wishes to establish additional Guaranteed Subsidiaries,

WHEREAS, Management wishes to specify that to the extent lawful and allowable, guarantees issued by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, so as to secure certain tax and accounting benefits, and

WHEREAS, Management believes that it would facilitate the conduct of the business of the Corporation to supersede and replace the various Outstanding Guarantee Resolutions in their entirety with this single document,

NOW THEREFORE BE IT,

RESOLVED, that the Corporation hereby fully guarantees the payment of all liabilities, obligations and commitments of the subsidiaries set forth on Schedule A hereto, each of which shall be a Guaranteed Subsidiary for purposes of the Code;

RESOLVED, that the Outstanding Guarantee Resolutions are hereby superseded and replaced in their entirety with this single document, provided that any guarantees provided pursuant to the Outstanding Guarantee Resolutions and outstanding on the date hereof, whether in the form of a separately executed individual guarantee or otherwise, shall remain issued, outstanding and valid for all purposes;

RESOLVED, that guarantees provided by the Corporation concerning certain of the Guaranteed Subsidiaries should originate with the branch of the Corporation located in London, England, to the extent lawful and allowable, as specified on Schedule A hereto;

RESOLVED, that each of the persons listed in the Code (as it may be amended from time to time) as being authorized to approve individual guarantees issued by the Corporation with respect to Guaranteed Subsidiaries, or any proper delegee thereof (collectively, "Authorized Persons"), are hereby authorized, in the name and on behalf of the Corporation, to execute such guarantees in such form as is approved by an attorney of the Corporation and such Authorized Person, subject to any limitations specified herein, his or her execution of each such guarantee to be conclusive evidence of approval thereof; and to do such other acts and things as may be advisable or necessary in order to effect the purposes and intent of these resolutions; and

FURTHER RESOLVED, that any and all actions contemplated by the foregoing resolutions and taken by such Authorized Persons prior to the date hereof are hereby ratified, confirmed and approved in all respects.

Dated: June 7, 2005

_____          _____
Richard S. Fuld, Jr.                John D. Macomber

2

06/08/2005   16:41   LEHMAN → 916467582653                                                    NO.504   P03

Schedule A
to LBHI Unanimous Written Consent
dated June 9, 2005

| | Name of Subsidiary | Issue Corporation guarantee from branch located in London, England, to the extent lawful and allowable? |
|---|---|---|
| 1. | Lehman Brothers Asia Holdings Limited | No |
| 2. | Lehman Brothers Bankhaus A.G. | Yes (London branch of such subsidiary only) |
| 3. | Lehman Brothers Commercial Bank | No |
| 4. | Lehman Brothers Commercial Corporation | No |
| 5. | Lehman Brothers Commercial Corporation Asia Limited | No |
| 6. | Lehman Brothers Equity Finance (Cayman) Limited | No |
| 7. | Lehman Brothers Finance S.A. | No |
| 8. | Lehman Brothers Holdings Plc | Yes |
| 9. | Lehman Brothers International (Europe) | Yes |
| 10. | Lehman Brothers Japan Inc. | No |
| 11. | Lehman Brothers (Luxembourg) Equity Finance S.A. | No |
| 12. | Lehman Brothers (Luxembourg) S.A. | No |
| 13. | Lehman Brothers OTC Derivatives Inc. | No |
| 14. | Lehman Brothers Securities Asia Limited | No |
| 15. | Lehman Brothers Securities N.V. | No |
| 16. | Lehman Brothers Special Financing Inc. | No |
| 17. | Lehman Brothers Treasury Co. B.V. | No |
| 18. | Lehman Re Limited | No |

3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x
In re                                            :        Chapter 11 Case No.
                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,         :        08-13555 (JMP)
                                                 :
            Debtors.                             :        (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING
## OBJECTION PROOF OF CLAIM NUMBER 22898

Upon the Objection to Proof of Claim Number 22898, dated July 17, 2012 (the "Objection"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, seeking the disallowance and expungement of proof of claim number 22898 (the "Claim") all as more fully described in the Objection; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, for the reasons set forth in the Objection and by the Plan Administrator at the hearing on the Objection; it is  and the Court having reviewed the Motion and the Objection and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and upon all of the proceedings had before

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

US_ACTIVE:\44050539\6\58399.0008

the Court; and based upon the reasoning and the rulings set forth on the record at the Hearing; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Objection is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

2