WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Lori R. Fife

Attorneys for Lehman Brothers Holdings Inc.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| LEHMAN BROTHERS HOLDINGS INC., *et al.*, | : | 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**NOTICE OF FILING OF REVISED PROPOSED ORDER**
**RELATING TO MOTION OF LEHMAN BROTHERS HOLDINGS INC.**
**TO MODIFY CERTAIN EXISTING CLAIMS ORDERS**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        In connection with the hearing to be held on July 18, 2012, at 10:00 a.m., and following discussions with certain parties in interest, Lehman Brothers Holdings Inc. ("the Plan Administrator") hereby files a revised proposed order approving the motion filed by the Plan Administrator seeking to modify certain existing claims orders (the "Motion") [ECF No. 29193]. The revisions limit the relief granted compared to the relief initially requested. As revised, the Plan Administrator will be required to seek Court approval for authority to settle certain Claims. Attached hereto as "Exhibit A" is a copy of the revised proposed order. Attached hereto as "Exhibit B" is a blacklined copy of the order, marked against the version filed with the Motion.

Dated: July 17, 2012
      New York, New York            /s/ Lori R. Fife
                                             Lori R. Fife

                                             WEIL, GOTSHAL & MANGES LLP
                                             767 Fifth Avenue
                                             New York, New York 10153
                                             Telephone: (212) 310-8000
                                             Facsimile: (212) 310-8007

                                             Attorneys for Lehman Brothers Holdings Inc.

# EXHIBIT A
**(Proposed Order)**

US_ACTIVE:\44051803\2\58399.0003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
:
In re                                                             :    Chapter 11 Case No.
                                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                      :    08-13555 (JMP)
                                                                  :
              Debtors.                                            :    (Jointly Administered)
                                                                  :
                                                                  :
------------------------------------------------------------------x

### ORDER MODIFYING CERTAIN EXISTING CLAIMS ORDERS

Upon the motion, dated July 3, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for entry of an order modifying certain of this Court's claims procedures orders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice in these chapter 11 cases, and it appearing that no

other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion1 is granted to the extent set forth herein; and it is further

ORDERED that the Settlement Procedures (as such term is defined in the Claims Settlement Order) shall be superseded by the following:

1. The Plan Administrator is authorized to settle any and all Claims (as such term is defined in the Plan) asserted against the Debtors without prior approval of the Court or any other party in interest where (a) the allowed amount of the settled Claim is less than or equal to $200 million or (b) if the Claim is a portion of a Divided Claim (as defined below), the Pro-Rata Amount (as defined below) is less than or equal to $200 million.

2. If the Plan Administrator is not authorized to settle a Claim pursuant to clause (1) of these Settlement Procedures, then the Plan Administrator shall be required to seek Court approval of the settlement allowing such Claim, which approval may be sought on 10 business days' notice.

3. Notwithstanding clause (1) of these Settlement Procedures, if the Plan Administrator has settled and allowed Board Resolution Claims (as defined below) in an aggregate amount in excess of $200 million, then the Plan Administrator shall be required to seek Court approval of any further

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

settlement allowing a Board Resolution Claim where (a) the allowed amount of the settled Board Resolution Claim is greater than $15 million or (b) if the Board Resolution is a portion of a Divided Claim, the Pro-Rata Amount is greater than $15 million, which approval may be sought on 10 business days' notice.

4. As used in these Settlement Procedures, "Divided Claim" shall mean a Claim that was (a) asserted on one proof of claim and (b) divided such that a portion thereof is held by more than one claimant.

5. As used in these Settlement Procedures, "Pro-Rata Amount" shall mean the amount equal to the product of (a) the allowed amount of the settled Claim divided by the asserted amount of such Claim and (b) the total amount asserted in the proof of claim relating to such Claim.

6. As used in these Settlement Procedures, "Board Resolution Claim" shall mean a Guarantee Claim (as such term is defined in the Plan) based solely on a general corporate resolution or unanimous written consent of the of the Board of Directors of LBHI or a letter, dated January 4, 2008, from LBHI to Standard & Poor's Rating Services.

; and it is further

ORDERED that, except as expressly provided herein, the Settlement Procedures established by this Order shall supersede any procedures for the settlement of Claims established in any prior order of the Court; and it is further

US_ACTIVE:\44051437\6\58399.0003

ORDERED that the Plan Administrator is authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures and the Plan; and it is further

ORDERED that, to the extent applicable, the Creditors' Committee-related requirements contained in the Procedures Orders shall be modified as set forth below; and it is further

| Procedures Orders | Amendment |
|---|---|
| Derivatives Settlement Order | <ul><li>LBHI shall not be required to serve assignment notices on the Creditors' Committee.</li><li>Creditors' Committee consent shall not be required for any settlements of derivatives contracts other than settlements of those derivative contracts that are the subject of alternative dispute resolution proceedings commenced pursuant to the ADR Procedures Order or the SPV ADR Procedures Order for which the affirmative demand is greater than $15 million.</li></ul> |
| ADR Procedures Order | <ul><li>Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million.</li></ul> |
| Tier 2 ADR Procedures Order | <ul><li>The requirement that the Creditors' Committee be consulted prior to issuance of a demand for settlement shall be eliminated.</li></ul> |
| SPV ADR Procedures Order | <ul><li>Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than</li></ul> |

| Procedures Orders | Amendment |
|---|---|
|  | $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million. |
| Defensive ADR Procedures Order | ▪ The Creditors' Committee shall not participate in negotiations or mediations unless requested by LBHI.<br>▪ LBHI shall not be required to serve mediation briefs on the Creditors' Committee and the Creditors' Committee shall not serve its own mediation briefs unless requested by LBHI. |

ORDERED that nothing in this Order shall obligate the Plan Administrator to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Plan Administrator within its sole discretion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in the Chapter 11 Cases; and it is further

ORDERED that nothing in this Order shall be construed to enhance or limit in any way the role that the Litigation Committee may, at the request of the Debtors' board of directors, play in the future with respect to the Debtors' assets or claims, and it is further

ORDERED that entry of this Order is without prejudice to the Plan Administrator's rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that nothing in this Order shall preclude the Plan Administrator from seeking Court approval of any particular settlement where the Plan Administrator, in its discretion, believes that such specific approval is appropriate; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

US_ACTIVE:\44051437\6\58399.0003

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July ___, 2012
New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT B
**(Blackline of Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
:
In re                                                          :        Chapter 11 Case No.
                                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :        08-13555 (JMP)
                                                               :
           Debtors.                                    :        (Jointly Administered)
                                                               :
                                                               :
-----------------------------------------------------------------x

### ORDER ~~MODIFING~~MODIFYING CERTAIN EXISTING CLAIMS ORDERS

Upon the motion, dated July 3, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator pursuant to the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), for entry of an order modifying certain of this Court's claims procedures orders, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635] to (i) the United States Trustee for the Southern District of New York; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; and (vi) all parties who have requested notice

in these chapter 11 cases, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors, their estates and creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion1 is granted to the extent set forth herein; and it is further

ORDERED that the Settlement Procedures (as such term is defined in the Claims Settlement Order) shall be superseded by the following:

1. The Plan Administrator is authorized to settle any and all Claims (as such term is defined in the Plan) asserted against the Debtors without prior approval of the Court or any other party in interest where (a) the allowed amount of the settled Claim is less than or equal to $200 million or (b) if the Claim is a portion of a Divided Claim (as defined below), the Pro-Rata Amount (as defined below) is less than or equal to $200 million.

2. If the Plan Administrator is not authorized to settle a Claim pursuant to clause (1) of these Settlement Procedures, then the Plan Administrator

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

shall be required to seek Court approval of the settlement allowing such Claim, which approval may be sought on 10 business days' notice.

3. Notwithstanding clause (1) of these Settlement Procedures, if the Plan Administrator has settled and allowed Board Resolution Claims (as defined below) in an aggregate amount in excess of $200 million, then the Plan Administrator shall be required to seek Court approval of any further settlement allowing a Board Resolution Claim where (a) the allowed amount of the settled Board Resolution Claim is greater than $15 million or (b) if the Board Resolution is a portion of a Divided Claim, the Pro-Rata Amount is greater than $15 million, which approval may be sought on 10 business days' notice.

4. As used in these Settlement Procedures, "Divided Claim" shall mean a Claim that was (a) asserted on one proof of claim and (b) divided such that a portion thereof is held by more than one claimant.

5. As used in these Settlement Procedures, "Pro-Rata Amount" shall mean the amount equal to the product of (a) the allowed amount of the settled Claim divided by the asserted amount of such Claim and (b) the total amount asserted in the proof of claim relating to such Claim.

6. As used in these Settlement Procedures, "Board Resolution Claim" shall mean a Guarantee Claim (as such term is defined in the Plan) based solely on a general corporate resolution or unanimous written consent of

<u>the of the Board of Directors of LBHI or a letter, dated January 4, 2008, from LBHI to Standard & Poor's Rating Services.</u>

<u>; and it is further</u>

ORDERED that, except as expressly provided herein, the Settlement Procedures established by this Order shall supersede any procedures for the settlement of Claims established in any prior order of the Court; and it is further

ORDERED that the Plan Administrator is authorized to take any and all steps that are necessary or appropriate to settle the Claims in accordance with the Settlement Procedures and the Plan; and it is further

ORDERED that, to the extent applicable, the Creditors' Committee-related requirements contained in the Procedures Orders shall be modified as set forth below; and it is further

| Procedures Orders | Amendment |
| --- | --- |
| Derivatives Settlement Order | <ul><li>LBHI shall not be required to serve assignment notices on the Creditors' Committee.</li><li>Creditors' Committee consent shall not be required for any settlements of derivatives contracts other than settlements of those derivative contracts that are the subject of alternative dispute resolution proceedings commenced pursuant to the ADR Procedures Order or the SPV ADR Procedures Order for which the affirmative demand is greater than $15 million.</li></ul> |
| ADR Procedures Order | <ul><li>Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million.</li></ul> |
| Tier 2 ADR Procedures Order | <ul><li>The requirement that the Creditors' Committee be consulted prior to issuance of a demand for settlement shall be eliminated.</li></ul> |

| Procedures Orders | Amendment |
|---|---|
| SPV ADR Procedures Order | <ul><li>Consultation with the Creditors' Committee prior to issuance of a demand for settlement shall continue to be required in instances where the affirmative demand is more than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>LBHI shall continue to be required to serve mediation briefs on the Creditors' Committee in instances where the affirmative demand is greater than $15 million but shall not be required in instances where the affirmative demand is less than $15 million.</li><li>The Creditors' Committee shall continue to be entitled to participate in mediations in instances where the affirmative demand is greater than $15 million but shall not be entitled in instances where the affirmative demand is less than $15 million.</li></ul> |
| Defensive ADR Procedures Order | <ul><li>The Creditors' Committee shall not participate in negotiations or mediations unless requested by LBHI.</li><li>LBHI shall not be required to serve mediation briefs on the Creditors' Committee and the Creditors' Committee shall not serve its own mediation briefs unless requested by LBHI.</li></ul> |

ORDERED that nothing in this Order shall obligate the Plan Administrator to settle or pursue settlement of any particular Claim and all settlements of Claims may be negotiated and compromised by the Plan Administrator within its sole discretion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 6006(a) and 9014 are satisfied; and it is further

ORDERED that nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claim asserted in the Chapter 11 Cases; and it is further

ORDERED that nothing in this Order shall be construed to enhance or limit in any way the role that the Litigation Committee may, at the request of the Debtors' board of directors, play in the future with respect to the Debtors' assets or claims, and it is further

ORDERED that entry of this Order is without prejudice to the Plan Administrator's rights to seek authorization to modify or supplement the relief granted herein; and it is further

ORDERED that nothing in this Order shall preclude the Plan Administrator from seeking Court approval of any particular settlement where the Plan Administrator, in its discretion, believes that such specific approval is appropriate; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: July ___, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE