WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
                                                    :
**In re**                                           :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :        **08-13555 (JMP)**
                                                    :
                              **Debtors.**          :        **(Jointly Administered)**
                                                    :
---------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION**
**UNDER 28 U.S.C. § 1746 REGARDING OMNIBUS**
**CLAIMS OBJECTIONS SCHEDULED FOR HEARING ON JULY 19, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

            Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case

management procedures set forth in the Amended Order Pursuant to Section 105(a) of the

Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and

Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management

Order"), the undersigned hereby certifies as follows:

            1.      Lehman Brothers Holdings Inc. ("LBHI") and its affiliated debtors in the

above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the

"Debtors"), or LBHI as Plan Administrator under the Modified Third Amended Joint Chapter 11

Plan of LBHI and its Affiliated Debtors (the "Plan Administrator"), filed the following motions

and omnibus claims objections (collectively, the "Claims Objections") with the Court for hearing

on or before July 18, 2012:

a.    Debtors' Sixty-Third Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 11978]**

b.    Debtors' Sixty-Seventh Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 12533]**

c.    Debtors' Seventy-First Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 13230]**

d.    Debtors' Ninety-Fifth Omnibus Objection to Claims (Valued Derivative Claims) **[ECF No. 14490]**

e.    Debtors' Two Hundred Twenty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 20886]**

f.    Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 21741]**

g.    Two Hundred Ninety-First Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 27380]**

h.    Two Hundred Ninety-Second Omnibus Objection to Claims (No Guarantee Claims) **[ECF No. 27381]**

i.    Two Hundred Ninety-Ninth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 27870]**

j.    Three Hundred Fifth Omnibus Objection to Claims (Duplicative Claims) **[ECF No. 28412]**

k.    Three Hundred Sixth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 28422]**

l.    Three Hundred Seventh Omnibus Objection to Claims (Insufficient Documentation Claims) **[ECF No. 28424]**

m.    Three Hundred Eighth Omnibus Objection to Claims (Warrant Claims) **[ECF No. 28425]**

n.    Three Hundred Ninth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 28427]**

o.    Three Hundred Tenth Omnibus Objection to Claims (Settled Derivatives Claims) **[ECF No. 28428]**

US_ACTIVE:\44054303\2\58399.0011

p.      Three Hundred Eleventh Omnibus Objection to Claims (No Liability Derivatives Claims) **[ECF No. 28430]**

q.      Three Hundred Twelfth Omnibus Objection To Claims (No Liability Claims) **[ECF No. 28431]**

r.      Three Hundred Fifteenth Omnibus Objection to Claims (No Liability Claims) **[ECF No. 28438]**

s.      Three Hundred Seventeenth Omnibus Objection to Claims (No Liability LBL Employee Claims) **[ECF No. 28441]**

t.      Three Hundred Eighteenth Omnibus Objection to Claims (Partnership Claims) **[ECF No. 28442]**

2.      In accordance with the Second Amended Case Management Order, the Debtors, or the Plan Administrator, as applicable, established deadlines (the "Response Deadline") for each Claim Objection for parties to object or file responses.  The Response Deadlines have been extended for certain creditors from time to time.  The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.      The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Claims Objections have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Debtors or the Plan Administrator by any of the holders of the claims included Exhibit 1 to any of the Orders attached hereto, which includes only the proofs of claim for which the Claims Objection will be granted.  Responses to certain of the Claims Objections were filed on the docket, or served on the Debtors, by holders of certain proofs of claim included on the Claims Objections.  The

3

hearing on the Claims Objections as to any proof of claim for which a response was either filed

on the docket or received by the Debtors, and which objection has not been resolved, has been

adjourned to a future date.

4.      Accordingly, the Debtors and the Plan Administrator respectfully request

that the proposed orders granting the Claims Objections annexed hereto as Exhibits A through T,

which, except for the inclusion of additional language to indicate that such order is supplemental

to a previously entered order for a Claim Objection or to reference the inclusion of separate

exhibits attached to the proposed orders for proofs of claim for which the Claims Objection is

granted, adjourned or withdrawn, are unmodified since the filing of the Claims Objections, be

entered in accordance with the procedures described in the Second Amended Case Management

Order.

I declare that the foregoing is true and correct.

Dated: July 18, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

US_ACTIVE:\44054303\2\58399.0011

**EXHIBIT A**
**(Proposed Order – ECF No. 11978)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------x
| | |
|---|---|
| In re | : **Chapter 11 Case No.** |
| | : |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : **08-13555 (JMP)** |
| | : |
| **Debtors.** | : **(Jointly Administered)** |
---------------------------------------------------------------------x

### FOURTH SUPPLEMENTAL ORDER GRANTING DEBTORS'
### SIXTY-THIRD OMNIBUS OBJECTION TO CLAIMS
### <u>(VALUED DERIVATIVE CLAIMS)</u>

Upon the sixty-third omnibus objection to claims, dated October 13, 2010

(the "<u>Sixty-Third Omnibus Objection to Claims</u>"),[1] of Lehman Brothers Holdings Inc.

and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors

in possession (collectively, the "<u>Debtors</u>"), pursuant to section 502(b) of title 11 of the

United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "<u>Procedures Order</u>"),

seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and

allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of

claim are greater than the fair, accurate, and reasonable values determined by the Debtors

after a review of the claimant's supporting documentation and the Debtors' books and

records; that the classifications (in certain instances) are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim; and that the

Debtor against whom the claim is asserted, in certain instances, has been determined by

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Sixty-Third Omnibus Objection to Claims.

the Debtors to be in need of clarification after a review of the claimants' supporting

documentation; all as more fully described in the Sixty-Third Omnibus Objection to

Claims; and due and proper notice of the Sixty-Third Omnibus Objection to Claims

having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Sixty-Third Omnibus Objection to Claims;

and (vii) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [Docket No. 9653]; and it appearing that no

other or further notice need be provided; and upon the resolution of the Response of

Telecom Italia Finance SA's Response to the Sixty-Third Omnibus Objection to Claims

(Valued Derivative Claims) [Docket No. 12951]; and the Court having found and

determined that the relief sought in the Sixty-Third Omnibus Objection to Claims is in

the best interests of the Debtors, their estates, creditors, and all parties in interest and that

the legal and factual bases set forth in the Sixty-Third Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefore, it is

ORDERED that the relief requested in the Sixty-Third Omnibus Objection

to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

2

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-

Third Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u>, annexed hereto;

and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44038354\2\58399.0011

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 63: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| | | | | CHAPTER 11 ESTATE | CLASS | AMOUNT | CHAPTER 11 ESTATE | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15366 | 09/17/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Special Financing Inc. | Unsecured | $35,696,077.01 |
| 2 | TELECOM ITALIA FINANCE SA SIEGE SOCIAL ATTN: ANTONIO SICA, DIRECTOR 12, RUE EUGENE RUPPERT L-2453 LUXEMBOURG, B.P. 872, L-2018 LUXEMBOURG | 15368 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $35,752,789.99* | Lehman Brothers Holdings Inc. | Unsecured | $35,590,272.35 |
| | | | | | TOTAL | $71,505,579.98 | | TOTAL | $71,286,349.36 |

**EXHIBIT B**
**(Proposed Order – ECF No. 12533)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                               :        **Chapter 11 Case No.**
                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :        **08-13555 (JMP)**
                                     :
               **Debtors.**          :        **(Jointly Administered)**
------------------------------------------------------------------x

## NINTH SUPPLEMENTAL ORDER GRANTING DEBTORS'
## SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS
## (VALUED DERIVATIVE CLAIMS)

Upon the sixty-seventh omnibus objection to claims, dated November 3,

2010 (the "Sixty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11

of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of

omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"),

seeking to reduce, reclassify (in certain instances), clarify (in certain instances), and

allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of

claim are greater than the fair, accurate, and reasonable values determined by the Debtors

after a review of the claimant's supporting documentation and the Debtors' books and

records; that the classifications (in certain instances) are improperly identified as secured,

administrative expenses or priority claims on claimants' proofs of claim; and that the

Debtor against whom the claim is asserted, in certain instances, has been determined by

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed
to such terms in the Debtors' Sixty-Seventh Omnibus Objection to Claims.

the Debtors to be in need of clarification after a review of the claimants' supporting

documentation; all as more fully described in the Sixty-Seventh Omnibus Objection to

Claims; and due and proper notice of the Sixty-Seventh Omnibus Objection to Claims

having been provided to (i) the U.S. Trustee; (ii) the attorneys for the Creditors'

Committee; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue

Service; (v) the United States Attorney for the Southern District of New York; (vi) the

claimants listed on Exhibit A attached to the Sixty-Seventh Omnibus Objection to

Claims; and (vii) all other parties entitled to notice in accordance with the procedures set

forth in the second amended order entered on June 17, 2010 governing case management

and administrative procedures for these cases [Docket No. 9635]; and it appearing that no

other or further notice need be provided; upon the resolution of the Response of CSP II

USIS Holdings L.P. [Docket No. 13078]; and the Court having found and determined that

the relief sought in the Sixty-Seventh Omnibus Objection to Claims is in the best interests

of the Debtors, their estates, creditors, and all parties in interest and that the legal and

factual bases set forth in the Sixty-Seventh Omnibus Objection to Claims establish just

cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefore, it is

ORDERED that the relief requested in the Sixty-Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount"; and any asserted amount in excess of the

modified amount are disallowed; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Sixty-Seventh Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____

UNITED STATES BANKRUPTCY JUDGE

3

# Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 67: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | ASSERTED CLASS | ASSERTED AMOUNT | MODIFIED CHAPTER 11 ESTATE | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | CSP II USIS HOLDINGS L.P. C/O THE CARLYLE GROUP ATTN: J. BECZAK 520 MADISON AVENUE, 39TH FLOOR NEW YORK, NY 10022 | 16198 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $1,574,529.52 | Lehman Brothers Holdings Inc. | Unsecured | $707,852.00 |
| 2 | CSP II USIS HOLDINGS L.P. C/O THE CARLYLE GROUP ATTN: J. BECZAK 520 MADISON AVENUE, 39TH FLOOR NEW YORK, NY 10022 | 16199 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $1,574,529.52 | Lehman Brothers Special Financing Inc. | Unsecured | $707,852.00 |
| | | | | | TOTAL | $3,149,059.04 | | TOTAL | $1,415,704.00 |

**EXHIBIT C**
**(Proposed Order – ECF No. 13230)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

In re                                                  :          **Chapter 11 Case No.**

                                                       :

**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :          **08-13555 (JMP)**

                                                       :

                        **Debtors.**                   :          **(Jointly Administered)**

-------------------------------------------------------------------x

## SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS' SEVENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the Seventy-First omnibus objection to claims, dated December 6, 2010 (the "Seventy-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim, all as more fully described in the Seventy-First Omnibus Objection to Claims; and due and proper notice of the Seventy-First Omnibus Objection to Claims having been provided to (i) the U.S. Trustee;

---

[1]         Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventy-First Omnibus Objection to Claims.

(ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the

Southern District of New York; (vi) the claimants listed on <u>Exhibit A</u> attached to the

Seventy-First Omnibus Objection to Claims; and (vii) all other parties entitled to notice

in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures for these cases

[Docket No. 9653]; and it appearing that no other or further notice need be provided; and

upon the resolution of the Response of ICCREA Banca S.p.A to Debtors' Seventy-First

Omnibus Objection to Claims (Valued Derivative Claims) [Docket No. 13792]; and the

Court having found and determined that the relief sought in the Seventy-First Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Seventy-First

Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Seventy-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on <u>Exhibit 1</u>

annexed hereto is hereby modified and allowed in the amount set forth on <u>Exhibit 1</u> under

the column heading "Modified Amount" and any asserted amount in excess of modified

amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on <u>Exhibit A</u> to the Seventy-

2

First Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and

it is further

       ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.


Dated: _____, 2012
      New York, New York

                          _____
                          UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\43886096\3\58399.0008

# Exhibit 1

IN RE: LEHMAN BROTHERS HOLDINGS, INC.  CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 71: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED DEBTOR | CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ICCREA BANCA SPA ATTN: CA LEGAL DEPARTMENT AVV. CLAUDIO CALASCIBETTA VIA LUCREZIA ROMANA 41/47 ROMA, 00178 ITALY | 17171 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $11,744,450.25* | Lehman Brothers Holdings Inc. | Unsecured | $11,425,461.07 |
| 2 | ICCREA BANCA SPA ATTN: CA LEGAL DEPARTMENT AVV. CLAUDIO CALASCIBETTA VIA LUCREZIA ROMANA 41/47 ROMA, 00178 ITALY | 17172 | 09/18/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $11,744,450.25* | Lehman Brothers Special Financing Inc. | Unsecured | $11,444,652.82 |
| | | | | TOTAL | | $23,488,900.50 | | TOTAL | $22,870,113.89 |

**EXHIBIT D**
**(Proposed Order – ECF No. 14490)**

US_ACTIVE:\44054303\2\58399.0011

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

----------------------------------------------------------------------x

### THIRD SUPPLEMENTAL ORDER GRANTING DEBTORS' NINETY-FIFTH OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS)

Upon the ninety-fifth omnibus objection to claims, dated February 14, 2011 (the "Ninety-Fifth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 6664] (the "Procedures Order"), seeking to reduce, reclassify (in certain instances), and allow the Valued Derivative Claims on the basis that the amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values determined by the Debtors after a review of the claimants' supporting documentation and the Debtors' books and records, and that the classifications (in certain instances) are improperly identified as secured, administrative expenses or priority claims on claimants' proofs of claim, all as more fully described in the Ninety-Fifth Omnibus Objection to Claims; and due and proper notice of the Ninety-Fifth Omnibus Objection to Claims having been provided to (i) the U.S. Trustee; (ii) the

---

[1]     Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Ninety-Fifth Omnibus Objection to Claims.

attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District

of New York; (vi) the claimants listed on Exhibit A attached to the Ninety-Fifth Omnibus

Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing

case management and administrative procedures for these cases [Docket No. 9653]; and

it appearing that no other or further notice need be provided; upon the resolution of the

Response of LINC-Redondo Beach Seniors, Inc. [Docket No. 15035]; and the Court

having found and determined that the relief sought in the Ninety-Fifth Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all

parties in interest and that the legal and factual bases set forth in the Ninety-Fifth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Ninety-Fifth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Valued Derivative Claim listed on Exhibit 1

annexed hereto is hereby modified and allowed in the amount set forth on Exhibit 1 under

the column heading "Modified Amount" and any asserted amount in excess of the

modified amount is disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to any claim listed on Exhibit A to the Ninety-

Fifth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and

US_ACTIVE:\44038432\1\58399.0011

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 95: EXHIBIT 1 – VALUED DERIVATIVE CLAIMS**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | LINC-REDONDO BEACH SENIORS, INC. C/O PENELOPE PARMES, ESQ. RUTAN & TUCKER, LLP 611 ANTON BOULEVARD, FOURTEENTH FLOOR COSTA MESA, CA 92626 | 4651 | 05/29/2009 | Lehman Brothers Derivative Products Inc. | Unsecured | Undetermined | Lehman Brothers Derivative Products Inc. | Unsecured | $125,000.00 |
| | | | | | TOTAL | $0.00 | | TOTAL | $125,000.00 |

**EXHIBIT E**
**(Proposed Order – ECF No. 20886)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                               :          **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,        :          **08-13555 (JMP)**
                                                    :
                              **Debtors.**          :          **(Jointly Administered)**
-------------------------------------------------------------------x

**SUPPLEMENTAL ORDER GRANTING**
**DEBTORS' TWO HUNDRED TWENTY-EIGHTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Upon the two hundred twenty-eighth omnibus objection to claims, dated October

17, 2011 (the "Two Hundred Twenty-Eighth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as

debtors and debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Derivatives Claims on the grounds that they assert claims

for which the Debtors have no liability, all as more fully described in the Two Hundred Twenty-

Eighth Omnibus Objection to Claims; and due and proper notice of the Two Hundred Twenty-

Eighth Omnibus Objection to Claims having been provided to (i) the United States Trustee for

Region 2; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange

Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern

District of New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred

Twenty-Eighth Omnibus Objection to Claims; and (vii) all other parties entitled to notice in

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Two Hundred Twenty-Eighth Omnibus Objection to Claims.

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [ECF No. 9635]; and

the Court having found and determined that the relief sought in the Two Hundred Twenty-Eighth

Omnibus Objection to Claims is in the best interests of the Debtors, their estates, creditors, and

all parties in interest and that the legal and factual bases set forth in the Two Hundred Twenty-

Eighth Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Twenty-Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and

it is further

ORDERED that the Debtors have adjourned to August 23, 2012 (or as may be

further adjourned by the Debtors) the Two Hundred Twenty-Eighth Omnibus Objection to

Claims with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 and Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Twenty-Eighth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and

(ii) any claim listed on Exhibit A annexed to the Two Hundred Twenty-Eighth Omnibus

Objection to Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two*

*Hundred Twenty-Eighth Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF

No. 23076]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 228: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ATTN: MICHELE KUNITZ 1500 MAIN STREET TS28 SPRINGFIELD, MA 01115 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23642 | $9,213,965.00* | No Liability Claim - Derivative |
| | | | | | TOTAL | $9,213,965.00 | |

# Exhibit 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 228: EXHIBIT 2 – NO LIABILITY DERIVATIVES CLAIMS – ADJOURNED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | CERBERUS INTERNATIONAL, LTD. C/O LOWENSTEIN SANDLER PC ATTN: ROBERT G. MINION, ESQ & RICHARD BERNSTEIN, ESQ. 1251 AVENUE OF THE AMERICAS, 18TH FLOOR NEW YORK, NY 10020 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 25006 | $4,066,161.48* | No Liability Claim - Derivative |
| 2 | CERBERUS INTERNATIONAL, LTD. C/O LOWENSTEIN SANDLER PC 1251 AVENUE OF THE AMERICAS, 18TH FLOOR ATTN: ROBERT G. MINION, ESQ. RICHARD BERNSTEIN, ESQ. NEW YORK, NY 10020 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25009 | $4,066,161.48* | No Liability Claim – Derivative |
| 3 | MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY ATTN: MICHELE KUNITZ 1500 MAIN STREET TS28 SPRINGFIELD, MA 01115 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23643 | $9,192,195.00* | No Liability Claim - Derivative |
| | | | | | TOTAL | $17,324,517.96 | |

**EXHIBIT F**
**(Proposed Order – ECF No. 21741)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**THIRD SUPPLEMENTAL ORDER GRANTING
DEBTORS' TWO HUNDRED THIRTY-THIRD OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)**

Upon the two hundred thirty-third omnibus objection to claims, dated November

8, 2011 (the "Two Hundred Thirty-Third Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. and its affiliated debtors in the above-referenced chapter 11 cases, as debtors and

debtors in possession (collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and

expungement of the No Liability Derivatives Claims on the grounds that they assert claims for

which the Debtors have no liability, all as more fully described in the Two Hundred Thirty-Third

Omnibus Objection to Claims; and due and proper notice of the Two Hundred Thirty-Third

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the attorneys for the Creditors' Committee; (iii) the Securities and Exchange Commission;

(iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of

New York; (vi) the claimants listed on Exhibit A attached to the Two Hundred Thirty-Third

Omnibus Objection to Claims; and (vii) all other parties entitled to notice in accordance with the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims.

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [ECF No. 9635]; and the Court

having found and determined that the relief sought in the Two Hundred Thirty-Third Omnibus

Objection to Claims is in the best interests of the Debtors, their estates, creditors, and all parties

in interest and that the legal and factual bases set forth in the Two Hundred Thirty-Third

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Thirty-Third Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and

it is further

ORDERED that the Debtors have adjourned to August 23, 2012 (or as may be

further adjourned by the Debtors) the Two Hundred Thirty-Third Omnibus Objection to Claims

with respect to the claim listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order supersedes all previous orders regarding the No

Liability Derivatives Claims listed on Exhibit 1 and Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Thirty-Third Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii) any

claim listed on Exhibit A annexed to the Two Hundred Thirty-Third Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Debtors' Two Hundred

Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 23665],

(iii) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred Thirty-Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed to the *Supplemental Order Granting Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 24669], and (iv) any claim listed on <u>Exhibit A</u> annexed to the Two Hundred Thirty-Third Omnibus Objection to Claims that is not listed on <u>Exhibit 1</u> annexed to the *Second Supplemental Order Granting Debtors' Two Hundred Thirty-Third Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 28374]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                        _____
                                        UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 233: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | C.M. LIFE INSURANCE COMPANY C/O MASSACHUSETTS MUTAL LIFE INSURANCE COMPANY ATTN: MICHELE KUNITZ 1500 MAIN STREET TS28 SPRINGFIELD, MA 01115 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 23644 | Undetermined | No Liability Claim - Derivative |
| | | | | | TOTAL | $0.00 | |

# Exhibit 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 233: EXHIBIT 2 – NO LIABILITY DERIVATIVES CLAIMS – ADJOURNED OBJECTIONS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | C.M. LIFE INSURANCE COMPANY C/O MASSACHUSETTS MUTAL LIFE INSURANCE COMPANY ATTN: MICHELE KUNITZ 1500 MAIN STREET TS28 SPRINGFIELD, MA 01115 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 23645 | Undetermined | No Liability Claim - Derivative |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT G**
**(Proposed Order – ECF No. 27380)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                  :        **Chapter 11 Case No.**
                                                       :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                       :
                         **Debtors.**                  :        **(Jointly Administered)**
-------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING TWO HUNDRED NINETY-FIRST OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the two hundred ninety-first omnibus objection to claims, dated April 16, 2012 (the "Two Hundred Ninety-First Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives Claims on the grounds that they assert claims for which LBHI and Lehman Brothers Special Financing Inc. (together, the "Chapter 11 Estates") have no liability, all as more fully described in the Two Hundred Ninety-First Omnibus Objection to Claims; and due and proper notice of the Two Hundred Ninety-First Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Two Hundred Ninety-First Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Two Hundred Ninety-First Omnibus Objection to Claims.

Objection to Claims; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010 governing case

management and administrative procedures for these cases [ECF No. 9635]; and the Court

having found and determined that the relief sought in the Two Hundred Ninety-First Omnibus

Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all

parties in interest and that the legal and factual bases set forth in the Two Hundred Ninety-First

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-First Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and

it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Ninety-First Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, and (ii)

any claim listed on Exhibit A annexed to the Two Hundred Ninety-First Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting Two Hundred Ninety-First*

*Omnibus Objection to Claims (No Liability Derivatives Claims)* [ECF No. 28458]; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 291: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-6 SUPPLEMENTAL INTEREST TRUST CTLA - STRUCTURED FINANCE ATTN: FERNANDO ACEBEDO NEW YORK, NY 10016 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28780 | Undetermined | No Liability Claim - Derivative |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT H**
**(Proposed Order – ECF No. 27381)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                                          :          **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,                   :          **08-13555 (JMP)**
                                                               :
                                    **Debtors.**               :          **(Jointly Administered)**
--------------------------------------------------------------------x

## SECOND SUPPLEMENTAL ORDER GRANTING TWO HUNDRED NINETY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO GUARANTEE CLAIMS)

Upon the two hundred ninety-second omnibus objection to claims, dated April

16, 2012 (the "Two Hundred Ninety-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its

Affiliated Debtors (the "Plan"), pursuant to section 502(b) of title 11 of the United States Code

(the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664] (the "Procedures Order"), seeking disallowance and expungement of the No

Guarantee Claims on the grounds that such claims are unenforceable against, and impose no

liability on, LBHI, all as more fully described in the Two Hundred Ninety-Second Omnibus

Objection to Claims; and due and proper notice of the Two Hundred Ninety-Second Omnibus

Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the

Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States

Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to

the Two Hundred Ninety-Second Omnibus Objection to Claims; and (vi) all other parties entitled

---

[1]  Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Ninety-Second Omnibus Objection to Claims.

to notice in accordance with the procedures set forth in the second amended order entered on

June 17, 2010 governing case management and administrative procedures for these cases [ECF

No. 9635]; and it appearing that no other or further notice need be provided; and the Court

having found and determined that the relief sought in the Two Hundred Ninety-Second Omnibus

Objection to Claims is in the best interests of LBHI, its estate, creditors, and all parties in interest

and that the legal and factual bases set forth in the Two Hundred Ninety-Second Omnibus

Objection to Claims establish just cause for the relief granted herein; and after due deliberation

and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Two Hundred Ninety-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit 1 annexed hereto is disallowed and expunged in its entirety with prejudice; and

it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Ninety-Second Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii)

any claim listed on Exhibit A annexed to the Two Hundred Ninety-Second Omnibus Objection

to Claims that is not listed on Exhibit 1 annexed to the *Order Granting Two Hundred Ninety-*

*Second Omnibus Objection to Claims (No Guarantee Claims)* [ECF No. 28340], and (iii) any

claim listed on Exhibit A annexed to the Two Hundred Ninety-Second Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Supplemental Order Granting Two Hundred*

*Ninety-Second Omnibus Objection to Claims (No Guarantee Claims)* [ECF No. 29117]; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 292: EXHIBIT 1 – NO GUARANTEE CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | HSBC BANK USA, NA AS TTEE FOR LEHMAN MORTGAGE TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-6 SUPPLEMENTAL INTEREST TRUST CTLA- STRUCTURED FINANCE ATTN: CHI LE 10 EAST 40TH STREET, 14TH FLOOR NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28379 | Undetermined | No Guarantee Claim |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT I**
**(Proposed Order – ECF No. 27870)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                    :       **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :       **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :       **(Jointly Administered)**
----------------------------------------------------------------------x

### SUPPLEMENTAL ORDER GRANTING THE TWO HUNDRED NINETY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the two hundred ninth omnibus objection to claims, dated May 14, 2012

(the "Two Hundred Ninety-Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc., as Plan Administrator (the "Plan Administrator") under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases (collectively, the "Chapter 11 Estates"),

pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule

3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving

procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the

"Procedures Order"), seeking disallowance and expungement of the No Liability Claims to the

extent that they assert claims for which the applicable Chapter 11 Estates do not have any

liability, all as more fully described in the Two Hundred Ninety-Ninth Omnibus Objection to

Claims; and due and proper notice of the Two Hundred Ninety-Ninth Omnibus Objection to

Claims having been provided, and it appearing that no other or further notice need be provided;

and the Court having found and determined that the relief sought in the Two Hundred Ninety-

Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Two Hundred Ninety-Ninth Omnibus Objection to Claims.

creditors, and all parties in interest and that the legal and factual bases set forth in the Two

Hundred Ninety-Ninth Omnibus Objection to Claims establish just cause for the relief granted

herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Two Hundred Ninety-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "No Liability Claims") are disallowed and

expunged, with prejudice, to the extent set forth therein; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Two Hundred

Ninety-Ninth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto, (ii)

any claim listed on Exhibit A annexed to the Two Hundred Ninety-Ninth Omnibus Objection to

Claims that is not listed on Exhibit 1 annexed to the *Order Granting the Two Hundred Ninety-*

*Ninth Omnibus Objection to Claims (No Liability Claims)* [ECF No. 29115], and (iii) the portion

of any No Liability Claim that is not the subject of the Two Hundred Ninety-Ninth Omnibus

Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
     New York, New York

               _____
               UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 299: EXHIBIT 1 – NO LIABILITY CLAIMS**

| | Name of Claimant | Case Number | DEBTOR NAME | Claim # | Claim Amount | Reason for Proposed Disallowance | Basis for No Liability |
|---|---|---|---|---|---|---|---|
| 1 | AON CONSULTING ATTN: JESSICA SMITH 1100 REYNOLDS BLVD. WINSTON SALEM, NC 27105 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7017 | $283,667.50 | No Liability Claim | Claim 7017 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 2 | BG BAU BERUFSGENOSSENSCHAFT DER BAUWIRTSCHAFT LORISTRASSE 8 MUNICH, 80335 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 44522 | $372,607.96 | No Liability Claim | Claim 44522 asserts a claim based on LBHI's purported guarantee of a deposit contract between claimant and Lehman Brothers Bankhaus AG. The claimant does not provide any basis or support for the guarantee claim and LBHI does not have any liability for the underlying contract. Furthermore, Claim 44522 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 3 | DEUTSCHE BANK AG, LONDON BRANCH ATTN: MICHAEL SUTTON AND ALEXANDER KRAEMER 1 GREAT WINCHESTER STREET LONDON, EC2N 2DB UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 17754 | Undetermined | No Liability Claim | The security underlying the portion of Claim 17754 relating to CUSIP 524908EC0 has matured and prepetition LBHI satisfied all obligations on such security. The remaining portion of Claim 17754 is not being expunged pursuant to this Objection and is not affected by this Objection. All rights with respect to the remaining portion of Claim 17754 are reserved. |
| | | | | TOTAL | $656,275.46 | | |

**EXHIBIT J**
**(Proposed Order – ECF No. 28412)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                      :        **(Jointly Administered)**
----------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED FIFTH**
**<u>OMNIBUS OBJECTION TO CLAIMS (DUPLICATIVE CLAIMS)</u>**

Upon the three hundred fifth omnibus objection to claims, dated June 4,

2012 (the "<u>Three Hundred Fifth Omnibus Objection to Claims</u>"),[1] of Lehman Brothers

Holdings Inc. ("<u>LBHI</u>" and the "<u>Plan Administrator</u>"), as Plan Administrator under the

Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and

Its Affiliated Debtors, in accordance with section 502(b) of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking disallowance and expungement

of the duplicative claims on the grounds that such claims are duplicative of the

corresponding surviving claims, either exactly or in substance, all as more fully described

in the Three Hundred Fifth Omnibus Objection to Claims; and due and proper notice of

the Three Hundred Fifth Omnibus Objection to Claims having been provided, and it

appearing that no other or further notice need be provided; and the Court having found

and determined that the relief sought in the Three Hundred Fifth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such
terms in the Three Hundred Fifth Omnibus Objection to Claims.

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Fifth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Fifth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 annexed hereto under the heading "*Claims to be Disallowed and Expunged*" (collectively, the "Duplicative Claims") are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the claims listed on Exhibit 1 annexed hereto under the heading "*Surviving Claims*" (collectively, the "Surviving Claims") will remain on the claims register subject to the Plan Administrator's right to object as set forth herein; and it is further

ORDERED that this Order supersedes all previous orders regarding the disposition of the Duplicative Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that all information included on and all documentation filed in support of any Duplicative Claims, including, but not limited to, derivative and guarantee questionnaires and supporting documentation, shall be treated as having been filed in support of the corresponding Surviving Claims; and it is further

ORDERED that nothing in this Order or the disallowance and expungement of the Duplicative Claims constitutes any admission or finding with respect

to any of the Surviving Claims, and the Plan Administrator's rights to object to the

Surviving Claims on any basis are preserved; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on

the validity, allowance, or disallowance of, and all rights to object and defend on any

basis are expressly reserved with respect to, (i) any claim listed on <u>Exhibit A</u> annexed to

the Three Hundred Fifth Omnibus Objection to Claims under the heading "*Claims to be*

*Disallowed and Expunged*" that is not listed on <u>Exhibit 1</u> annexed hereto and (ii) any

Surviving Claim; *provided, however*, that if the Court subsequently orders that a

Surviving Claim is not appropriately duplicative of the corresponding Duplicative Claim,

then the claims agent shall be authorized and directed to immediately reinstate such

Duplicative Claim in these chapter 11 cases (the "<u>Reinstated Claim</u>"), and the rights of all

interested parties with respect to the Reinstated Claim shall be expressly reserved; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine

all matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 305: EXHIBIT 1 – DUPLICATIVE CLAIMS

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 1 | BANK OF EAST ASIA LTD ATTN:CORPORATE LENDING #AMPER SYNDICATION DEPT THE BANK OF E ASIA, LTD 18/F, BANK OF E ASIA BLDG 10 DES VOEUX RD HONG KONG | 09/11/2009 | 08-13555 (JMP) | 11500 | $90,000,000.00 | GFA I LLC TRANSFEROR: GOLDMAN, SACHS & CO. C/O ASHURST LLP, ATTN: AMANDA GOEHRING TIMES SQUARE TOWER, 7 TIMES SQUARE NEW YORK, NY 10036 TRANSFERRED TO: LEHMAN BROTHERS SPECIAL FINANCING INC. C/O WILLIAM J. FOX TRANSFEROR: BERYL FINANCE LIMITED SERIES 2005-4 LEHMAN BROTHERS HOLDINGS INC. 1271 AVENUE OF THE AMERICAS; 40TH FLOOR NEW YORK, NY 10020 | 10/30/2009 | 08-13555 (JMP) | 58094 | $50,436,511.60 |
| | | | | | | GFA I LLC TRANSFEROR: GOLDMAN, SACHS & CO. C/O ASHURST LLP, ATTN: AMANDA GOEHRING TIME SQUARE TOWER, 7 TIMES SQUARE NEW YORK, NY 10036 | 10/30/2009 | 08-13555 (JMP) | 58091 | $40,041,066.67 |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 305: EXHIBIT 1 – DUPLICATIVE CLAIMS**

| | CLAIMS TO BE DISALLOWED AND EXPUNGED | | | | | SURVIVING CLAIMS | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS | NAME | DATE FILED | CASE NUMBER | CLAIM # | TOTAL CLAIM DOLLARS |
| 2 | LEHMAN BROTHERS JAPAN INC TRANSFEROR: LEHMAN BROTHERS INTERNATIONAL (EUROPE) (IN ADMINISTRATION) ROPPONGI HILLS MORI TOWER 37F ATTENTION: MASAKI KANEHYO 6-10-1 ROPPONGI, MINATO-KU TOKYO, 106-6137, | 11/02/2009 | 08-13555 (JMP) | 62783[1] | $19,243,076.00 | LEHMAN BROTHERS JAPAN INC. ATTN: KUMIKO KATO, JULIE GREENALL-OTA ROPPONGI HILLS MORI TOWER, 6-10-1 ROPPONGI, MINATO-KU TOKYO, 106-6137 JAPAN | 10/29/2009 | 08-13555 (JMP) | 55723 | $4,790,391.00 |

TOTAL    $109,243,076.00

---

[1] Claim 62783 is being expunged solely with respect to the $19,243,076.00 portion of the claim that is owned by Lehman Brothers Japan Inc.  The remaining portion of Claim 62783 is not being expunged pursuant to this Objection and is not affected by this Objection.  All rights with respect to the remaining portion of Claim 62783 are reserved.

**EXHIBIT K**
**(Proposed Order – ECF No. 28422)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------x
In re                                             :        **Chapter 11 Case No.**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :        **08-13555 (JMP)**
                                                  :
                    **Debtors.**                  :        **(Jointly Administered)**
--------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED SIXTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred sixth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Sixth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.,

as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman

Brothers Holdings Inc. and Its Affiliated Debtors for certain entities in the above-referenced

chapter 11 cases (collectively, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking disallowance

and expungement of the No Liability Claims on the basis that they assert claims for which the

applicable Chapter 11 Estates do not have any liability, all as more fully described in the Three

Hundred Sixth Omnibus Objection to Claims; and due and proper notice of the Three Hundred

Sixth Omnibus Objection to Claims having been provided, and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Three Hundred Sixth Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Sixth Omnibus Objection to Claims.

set forth in the Three Hundred Sixth Omnibus Objection to Claims establish just cause for the

relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Three Hundred Sixth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Sixth Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                 _____
                 UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 306: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 1 | ACI WORLDWIDE (MA) 6060 COVENTRY DRIVE ELKHORN, NE 68022-6482 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 24961 | $223,464.37 | Claim 24961 identifies Lehman Brothers Bank FSB (now known as Aurora Bank FSB), a non-Debtor entity, as the entity liable under the claim. |
| 2 | ACTIV FINANCIAL SYSTEMS, INC.* 125 SOUTH WACKER DRIVE, SUITE 2325 CHICAGO, IL 60606 | | Lehman No Case Asserted/All Cases Asserted | 6085 | $30,850.75 | Claim 6085 is based on a transaction between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction. |
| 3 | AMM'S LIMOUSINE SERVICE, INC. 4320 DI PAOLO CENTER GLENVIEW, IL 60025-5201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4701 | $4,790.99 | Claim 4701 is based on a transaction between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction. |
| 4 | CHIMNEY ROCK WINERY LLC MICHAEL BRAGA 5350 SILVERADO TRAIL NAPA, CA 94559 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 582 | $8,072.00 | Claim 582 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction or transactions. |
| 5 | CIBER, INC 6363 S FIDDLERS GREEN CIR STE 1400 ENGLEWOOD, CO 801115024 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7080 | $1,395.73 | Claim 7080 identifies Aurora Loan Services, Inc. (now known as Aurora Loan Services, LLC), a non-Debtor entity, as the entity liable under the claim. |
| 6 | CLAREN ROAD CREDIT MASTER FUND, LTD C/O SEWARD & KISSEL LLP ATTN: JUSTIN SHEARER, ESQ ONE BATTERY PARK PLAZA NEW YORK, NY 10004-1485 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 33474 | $10,410,000.00 | Claim 33474 is for unmatured interest, which is disallowed pursuant to Section 502(b)(2) of the Bankruptcy Code. |
| 7 | DAVIS LANDSCAPING, LTD. ASHLEY WILSON VALLEYCREST COMPANIES 24151 VENTURA BLVD CALABASAS, CA 91302 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4740 | $15,000.00 | Claim 4740 is based on a transaction or transactions between claimant and a non-Debtor entity.  LBHI has no liability to claimant relative to such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

### OMNIBUS OBJECTION 306: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 8 | ENERGY SERVICES GROUP INC<br>PO BOX 545<br>ROCKLAND, MA 02370 | 08-13885 (JMP) | Lehman Brothers Commodity Services Inc. | 6645 | $89,125.00 | Claim 6645 identifies Lehman Power Services LLC, a non-Debtor entity, as the entity liable under the claim. |
| 9 | FOUR SEASONS SILICON VALLEY<br>ATTN: EVA HAKOVA, ASST. DIR OF FINANCE<br>2050 UNIVERSITY AVENUE<br>PALO ALTO, CA 94303 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6164 | $40,549.46 | Claim 6164 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 10 | GELBER GROUP, LLC<br>ATTN: ACCOUNTING DEPT.<br>141 W. JACKSON BLVD., STE. 2100A<br>CHICAGO, IL 60604 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3159 | $158,622.95 | Claim 3159 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 11 | GEOTEXT TRANSLATIONS, INC.<br>259 W 30TH STREET, 17TH FLOOR<br>NEW YORK, NY 10001 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1336 | $44,778.59 | Claim 1336 is based on a transaction or transactions between claimant and LBAYK. LBHI has no liability to claimant relative to such transaction or transactions. |
| 12 | HAYNSWORTH SINKLER BOYD P.A.<br>STANLEY H. MCGUFFIN, ESQ.<br>PO BOX 11889<br>COLUMBIA, SC 29201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 4203 | $31,969.90 | Claim 4203 is based on a transaction or transactions between claimant and an entity other than LBHI. LBHI has no liability to claimant relative to such transaction or transactions. |
| 13 | INCONIT CORPORATION<br>1162 CAMINO VALLECITO<br>LAFAYETTE, CA 94549 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 76 | $43,444.29 | Claim 76 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 14 | LAW OFFICES OF FRANCES C. BERGER<br>225 BROADWAY STE 1610<br>NEW YORK, NY 10007-3760 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3780 | $57,288.20 | Claim 3780 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 306: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 15 | LONDON BUSINESS SCHOOL TRADING COMPANY L REGENT'S PARK LONDON, NW1 4SA UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10354 | $84,614.40 | Claim 10354 identifies Lehman Brothers Holdings Plc, a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 16 | LOUISIANA CITIZENS PROPERTY INSURANCE CORPORATION 433 METAIRIE ROAD, SUITE 600 METAIRIE, LA 70005 | | Lehman No Case Asserted/All Cases Asserted | 36856 | $2,587,212.95 | Claim 36856 identifies Lehman Re Ltd, a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 17 | MAINE, JOHN DAVENPORT 63 WEST SHORE ROAD BELVEDERE, CA 94920 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 3553 | $99,922.55 | Claim 3553 is based on a transaction or transactions between claimant and Lehman Brothers Inc.  LBHI has no liability to claimant relative to such transaction or transactions. |
| 18 | MICHIGAN TOBACCO SETTLEMENT FINANCE AUTHORITY PO BOX 30754 LANSING, MI 48909 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 14803 | $4,772,320.00 | Claim 14803 asserts a claim based on that certain reserve fund agreement. The claimant is not a signatory of or a party to that certain reserve fund agreement, and as such, LBSF is not liable to the claimant under the agreement. |
| 19 | MICHIGAN TOBACCO SETTLEMENT FINANCE AUTHORITY PO BOX 30754 LANSING, MI 48909 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 14804 | $4,772,320.00 | Claim 14804 asserts a claim based on that certain reserve fund agreement. The claimant is not a signatory of or a party to that certain reserve fund agreement, and as such, LBHI is not liable to the claimant under the agreement. |
| 20 | MITSUI COMPANY 14-32 AKASAKA 2 CHOME MINATO-KU TOKYO, 107-0052 JAPAN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 67195 | $6,880.00 | Claim 67195 identifies Lehman Re Ltd, a foreign affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 306: EXHIBIT 1 – NO LIABILITY CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| 21 | NETALYTICS C/O ISDA 360 MADISON AVENUE, 16TH FLOOR NEW YORK, NY 10017 | | Lehman No Case Asserted/All Cases Asserted | 18220 | $33,000.00 | Claim 18220 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 22 | PELLERANO & HERRERA J F KENNEDY 4TH FLOOR SANTO DOMINGO APARTADO POSTAL 20682 DOM, DOMINICAN REPUBLIC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11083 | $31,461.08 | Claim 11083 is based on a transaction or transactions between claimant and an entity other than LBHI. LBHI has no liability to claimant relative to such transaction or transactions. |
| 23 | RIGHT MANAGEMENT, INC. ATTN: PRINCE ALTEE THOMAS, ESQ. FOX ROTHSCHILD LLP 200 MARKET STREET, 10TH FLOOR PHILADELPHIA, PA 19103-3291 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5504 | $79,200.00 | Claim 5504 identifies Lehman Brothers Inc., a domestic affiliate of the Debtors that is not a Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 24 | TARRYTOWN HOUSE 49 EAST SUNNYSIDE LANE PO BOX 222 TARRYTOWN, NY 10591 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9559 | $50,711.49 | Claim 9559 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| 25 | VIEIRA DE ALMEIDA & ASSOCIADOS MOURINHO DE SILVEIRA 10 LISBON, 125-0167 PORTUGAL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6188 | $31,695.75 | Claim 6188 identifies Lehman Brothers International (Europe), a foreign affiliate of the Debtors that is not Debtor in these jointly administered chapter 11 cases, as the entity liable under the claim. |
| 26 | WINNING MIND, LLC 1010 UNIVERSITY AVE., #265 SAN DIEGO, CA 92103 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1428 | $20,695.62 | Claim 1428 is based on a transaction or transactions between claimant and Lehman Brothers Inc. LBHI has no liability to claimant relative to such transaction or transactions. |
| | | | | TOTAL | $23,729,386.07 | |

**EXHIBIT L**
**(Proposed Order – ECF No. 28424)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :    **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :    **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :    **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)

Upon the three hundred seventh omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 6664], seeking to disallow and expunge the

Insufficient Documentation Claims, all as more fully described in the Three Hundred Seventh

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Seventh

Omnibus Objection to Claims having been provided, and it appearing that no other or further

notice need be provided; and the Court having found and determined that the relief sought in the

Three Hundred Seventh Omnibus Objection to Claims is in the best interests of the Chapter 11

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Seventh Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Seventh Omnibus Objection to Claims.

ORDERED that the relief requested in the Three Hundred Seventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
         New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 307: EXHIBIT 1 – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ENERGIE BADEN-WURTTEMBERG AG ATTN: MICHAEL RUMMER DURLACHER ALLEE 93 KARLSRUHE, D-76131 GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 29904 | Undetermined | Insufficient Documentation Claim |
| 2 | HSBC BANK USA NATIONAL ASSOCIATION, AS TRUSTEE FOR RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS SERIES 2001-13-C CTLA STRUCTURED FINANCE ATTN: CHI S. LE 10 EAST 40TH ST 14TH FLOOR NEW YORK, NY 10016 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 28788 | Undetermined | Insufficient Documentation Claim |
| 3 | HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR RESTRUCTURED ASSET CERTIFICATES WITH ENHANCED RETURNS SERIES 2001-13-C CTLA STRUCTURED FINANCE ATTN: CHI S. LE 10 EAST 40TH STREET 14TH FLOOR NEW YORK, NY 10016 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 28787 | Undetermined | Insufficient Documentation Claim |
| 4 | LEVACHAMIS S.A. VICTOR LEVY AV. ANACOANA # 35 (CARIB) APTO. 14 SANTO DOMINGO, DOMINICAN REPUBLIC | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/10/2008 | 583 | $65,540.16 | Insufficient Documentation Claim |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 307: EXHIBIT 1 – INSUFFICIENT DOCUMENTATION CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | TURING FOUNDATION C/O PATTERSON BELKNAP WEBB & TYLER LLP ATTN: DANIEL A. LOWENTHAL 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30604 | Undetermined | Insufficient Documentation Claim |
| 6 | WESTSANT AG C/O PATTERSON BELKNAP WEBB & TYLER LLP ATTN: DANIEL A. LOWENTHAL 1133 AVENUE OF THE AMERICAS NEW YORK, NY 10036-6710 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 30625 | Undetermined | Insufficient Documentation Claim |
| | | | | | TOTAL | $65,540.16 | |

**EXHIBIT M**
**(Proposed Order – ECF No. 28425)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,             :        **08-13555 (JMP)**
                                                         :
                        **Debtors.**                     :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED EIGHTH
## OMNIBUS OBJECTION TO CLAIMS (WARRANT CLAIMS)

Upon the three hundred eighth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Eighth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), seeking to reduce and allow the Warrant Claims on the basis that the

amounts listed on the proofs of claim are greater than the fair, accurate, and reasonable values

determined by the Plan Administrator after a review of the claimants' supporting documentation

and LBHI's books and records, all as more fully described in the Three Hundred Eighth

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighth Omnibus

Objection to Claims having been provided; and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Three

Hundred Eighth Omnibus Objection to Claims is in the best interests of LBHI, its creditors, and

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Eighth Omnibus Objection to Claims.

all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighth

Omnibus Objection to Claims establish just cause for the relief granted herein; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Eighth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Warrant Claim listed on Exhibit 1 annexed hereto is

reduced and allowed in the amount set forth on Exhibit 1 under the column heading "*Modified*

*Amount*," and any asserted amounts in excess of the reduced amount are disallowed; and it is

further

ORDERED that this Order has no res judicata, estoppel, or other affect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A to the Three Hundred Eighth

Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                 _____
                                  UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 308: EXHIBIT 1 - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|------|---------|------------|--------|-------|--------|--------|-------|--------|
| 1 | BECKER, DAVID A. | 28301 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $229,349.90 | Lehman Brothers Holdings Inc. | Unsecured | $186,704.57 |
| 2 | BIEBER, SANDER M. AND LINDA E. ROSENZWEIG 3217 FARMINGTON DRIVE CHEVY CHASE, MD 20815 | 15385 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $100,883.52 |
| 3 | CASE, JOHN 153 DOSORIS LANE GLEN COVE, NY 11542 | 16248 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $168,139.20 |
| 4 | ESTATE OF HAROLD SNYDER 555 MADISON AVE STE 1302 NEW YORK, NY 10022-3406 | 18629 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $388,209.90 | Lehman Brothers Holdings Inc. | Unsecured | $313,259.57 |
| 5 | LANGER INVESTMENT PARTNERS 5144 E. PALOMINO ROAD PHOENIX, AZ 85018 | 15406 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $168,139.20 |
| 6 | LESLIE STEPPEL WEISBROD TRUST DTD 6/27/1990 369 WHIPPOORWILL ROAD CHAPPAQUA, NY 10514 | 19325 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $160,501.90 | Lehman Brothers Holdings Inc. | Unsecured | $130,658.17 |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 308: EXHIBIT 1 - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 7 | LESLIE STEPPEL WEISBROD TRUST DTD 6/27/1990 369 WHIPPOORWILL ROAD CHAPPAQUA, NY 10514 | 19378 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $114,778.00 | Lehman Brothers Holdings Inc. | Unsecured | $88,588.50 |
| 8 | LIGHTEN, WILLIAM E. | 28231 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $183,307.80* | Lehman Brothers Holdings Inc. | Unsecured | $149,223.54 |
| 9 | MCGEE III, HUGH E | 31078 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $229,349.90 | Lehman Brothers Holdings Inc. | Unsecured | $186,704.57 |
| 10 | MCGEE, HUGH | 31079 | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | $133,484.00 | Lehman Brothers Holdings Inc. | Unsecured | $101,244.00 |
| 11 | SHEHADI, FREDERICK S. JR. 4000 GULFSHORE BLVD N. # 300 NAPLES, FL 34103-3428 | 15756 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $81,986.40 | Lehman Brothers Holdings Inc. | Unsecured | $63,277.50 |
| 12 | SNYDER, BERYL 555 MADISON AVE STE 1302 NEW YORK, NY 10022-3106 | 18631 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |
| 13 | SNYDER, BRIAN 555 MADISON AVE STE 1302 NEW YORK, NY 10022-3406 | 18630 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 308: EXHIBIT 1 - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | ASSERTED AMOUNT | DEBTOR | MODIFIED CLASS | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 14 | SNYDER, JAY<br>555 MADISON AVE STE 1302<br>NEW YORK, NY 10022-3406 | 18651 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $155,197.90 | Lehman Brothers Holdings Inc. | Unsecured | $125,233.77 |
| 15 | TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128<br><br>TRANSFERRED TO:<br>TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128<br><br>TRANSFERRED TO:<br>TELLING, DR. FRED W<br>2068 COUNTRY CLUB DRIVE<br>PORT ORANGE, FL 32128 | 3962 | 04/27/2009 | Lehman Brothers Holdings Inc. | Unsecured | $196,760.15 | Lehman Brothers Holdings Inc. | Unsecured | $151,866.00 |
| 16 | VLASIC INVESTMENTS, L.L.C.<br>C/O MICHAEL A. VLASIC<br>38710 NORTH WOODWARD SUITE 100<br>BLOOMFIELD HILLS, MI 48304 | 16331 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $517,591.90 | Lehman Brothers Holdings Inc. | Unsecured | $439,076.75 |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 308: EXHIBIT 1 - PROOFS OF CLAIM TO BE REDUCED AND ALLOWED**

| | NAME | CLAIM # | FILED DATE | DEBTOR | ASSERTED CLASS | AMOUNT | MODIFIED DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 17 | WARD, KEVIN A. (ID 4000001738) C/O MARK E. LEIPOLD GOULD & RATNER LLP 222 N. LASALLE ST., STE 800 CHICAGO, IL 60601 | 40502 | 10/15/2009 | Lehman Brothers Holdings Inc. | Unsecured | $91,653.90 | Lehman Brothers Holdings Inc. | Unsecured | $74,611.77 |
| 18 | WECKER, JEFFREY | 29718[1] | 09/22/2009 | Lehman Brothers Holdings Inc. | Unsecured | Undetermined | Lehman Brothers Holdings Inc. | Unsecured | $74,611.77 |
| | | | | | TOTAL | $2,792,567.45 | | TOTAL | $2,772,689.94 |

---

[1] Only the portion of Claim 29718 relating to the security identified by ISIN 52520W143 is subject to the Three Hundred Eighth Omnibus Objection to Claims.  All other claim components that are not already expunged may remain active on the claims register, subject to the Plan Administrator's rights to object to any remaining portions of Claim 29718.

**EXHIBIT N**
**(Proposed Order – ECF No. 28427)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED NINTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

Upon the three hundred ninth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Ninth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), in accordance with section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF

No. 6664], seeking disallowance and expungement of the Settled Derivatives Claims on the

grounds that the Settled Derivatives Claims are contrary to settlements that the parties have

entered into, all as more fully described in the Three Hundred Ninth Omnibus Objection to

Claims; and due and proper notice of the Three Hundred Ninth Omnibus Objection to Claims

having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and

Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the

Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three

Hundred Ninth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010,

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Ninth Omnibus Objection to Claims.

governing case management and administrative procedures for these cases [ECF No. 9635]; and

it appearing that no other or further notice need be provided; and the Court having found and

determined that the relief sought in the Three Hundred Ninth Omnibus Objection to Claims is in

the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the

legal and factual bases set forth in the Three Hundred Ninth Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Settled

Derivatives Claims listed on Exhibit 1 annexed hereto are disallowed and expunged in their

entirety with prejudice; and it is further

ORDERED that the objections to the claims listed on Exhibit 2 annexed hereto

are withdrawn without prejudice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Ninth Omnibus Objection to Claims that does not appear on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 309: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | ATTORNEYS' LIABILITY ASSURANCE SOCIETY, INC. C/O RICHARD CULL, LEGAL COUNSEL AUGUSTUS ASSET MANAGERS LIMITED 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25884 | $350,569.00 | No Liability - Derivative Settled |
| 2 | EAST BAY MUNICIPAL UTILITY DISTRICT ATTN: GARY BREAUX, DIRECTOR OF FINANCE 375 ELEVENTH STREET, MS 801 OAKLAND, CA 94607 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 26497 | $144,705.25 | No Liability - Derivative Settled |
| 3 | EAST BAY MUNICIPAL UTILITY DISTRICT 375 ELEVENTH STREET, MS 801 ATTN: GARY BREAUX, DIRECTOR OF FINANCE OAKLAND, CA 94607 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 32175 | $144,705.25 | No Liability - Derivative Settled |
| 4 | JULIUS BAER MULTIBOND SICAV - LOCAL EMERGING BOND FUND C/O RICHARD CULL, LEGAL COUNSEL AUGUSTUS ASSET MANAGERS LIMITED 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25891 | $17,684,225.00 | No Liability - Derivative Settled |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 309: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 5 | NEWS AMERICA INCORPORATED C/O RICHARD CULL, LEGAL COUNSEL AUGUSTUS ASSET MANAGERS LIMITED 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25887 | $522,631.00 | No Liability - Derivative Settled |
| 6 | PACIFICCORP RETIREMENT PLAN C/O RICHARD CULL, LEGAL COUNSEL AUGUSTUS ASSET MANAGERS LIMITED 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 25889 | $476,828.00 | No Liability - Derivative Settled |
| | | | | TOTAL | | $19,323,663.50 | |

# Exhibit 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 309: EXHIBIT 2 – SETTLED DERIVATIVES CLAIMS - WITHDRAWN OBJECTIONS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | BERYL FINANCE LIMITED SERIES 2007-15 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA-VP, GLOBAL CORP. TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17471 | Undetermined | No Liability - Derivative Settled |
| 2 | BERYL FINANCE LIMITED SERIES 2007-15 C/O THE BANK OF NEW YORK MELLON-LONDON BRANCH ATTN: SANAJAY JOBANPUTRA-VP, GLOBAL CORP. TRUST ONE CANADA SQUARE LONDON, E14 5AL UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17473 | Undetermined | No Liability - Derivative Settled |
| | | | | | TOTAL | $0.00 | |

**EXHIBIT O**
**(Proposed Order – ECF No. 28428)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,   :        **08-13555 (JMP)**
                                                         :
                                    **Debtors.**         :        **(Jointly Administered)**
-----------------------------------------------------------------x

**ORDER GRANTING THREE HUNDRED TENTH OMNIBUS**
**OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)**

Upon the three hundred tenth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Tenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc.

("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan") for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11

Estates"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664],

seeking to revalue and allow the Settled Derivatives Claims on the grounds that the Chapter 11

Estates and claimants have agreed upon a claim amount that is not currently reflected on

claimants' proofs of claim, all as more fully described in the Three Hundred Tenth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Tenth Omnibus Objection

to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities

and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney

for the Southern District of New York; (v) each claimant listed on Exhibit A attached to the

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Three Hundred Tenth Omnibus Objection to Claims.

Three Hundred Tenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice

in accordance with the procedures set forth in the second amended order entered on June 17,

2010 governing case management and administrative procedures for these cases [ECF No.

9635]; and it appearing that no other or further notice need be provided; and the Court having

found and determined that the relief sought in the Three Hundred Tenth Omnibus Objection to

Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest

and that the legal and factual bases set forth in the Three Hundred Tenth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Tenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed

hereto is hereby modified and allowed in the amount that is set forth on Exhibit 1 under the

column heading *"Modified Amount"*; *provided that*, the holder of a Settled Derivatives Claim

against both (i) a Chapter 11 Estate based on a derivatives contract and (ii) LBHI based on its

guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of

the Settled Derivatives Claim that is greater than the applicable *"Modified Amount"*; and it is

further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the

claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled

Derivatives Claims shall represent the sole right of the claimant to any distributions from the

applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract;

and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Three Hundred Tenth

Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

3

Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 310: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 1 | ATTORNEYS' LIABILITY ASSURANCE SOCIETY (BERMUDA) LTD. C/O AUGUSTUS ASSET MANAGERS LIMITED C/O 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22985 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $350,569.00 | $276,701.00 |
| 2 | BROAD MARKET XL HOLDINGS LTD (IN OFFICIAL LIQUIDATION) ATTN: RICHARD FOGERTY ZOLFO COOPER PO BOX 1102 4TH FLOOR GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 36937 | 10/07/2009 | Lehman Brothers Holdings Inc. | Unsecured | $30,432,793.37* | $19,500,000.00 |
| 3 | BROAD MARKET XL HOLDINGS LTD (IN OFFICIAL LIQUIDATION) ATTN: RICHARD FOGERTY ZOLFO COOPER PO BOX 1102 4TH FLOOR GRAND CAYMAN, KY1-1102 CAYMAN ISLANDS | 36938 | 10/07/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $30,432,793.37* | $19,500,000.00 |
| 4 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: POND VIEW CREDIT (MASTER), L.P. C/O CARVAL INVESTORS UK LTD ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 13312 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $2,883,480.00 | $1,321,425.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 310: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 5 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: LISPENARD STREET CREDIT (MASTER) LTD. C/O CARVAL INVESTORS UK LTD. ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 13758 | 09/16/2009 | Lehman Brothers Special Financing Inc. | Unsecured | $9,722,840.00 | $5,250,000.00 |
| 6 | JULIUS BAER SICAV- LOCAL EMERGING BOND FUND C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22990 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $17,684,225.00 | $15,526,971.00 |
| 7 | NEWS AMERICA INCORPORATED C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22987 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $522,631.00 | $441,840.00 |
| 8 | PACIFICCORP RETIREMENT PLAN C/O AUGUSTUS ASSET MANAGERS LIMITED ATTN: RICHARD CULL, LEGAL COUNSEL 12 ST. JAMES'S PLACE LONDON, SW1A 1NX UNITED KINGDOM | 22988 | 09/21/2009 | Lehman Brothers Commercial Corporation | Unsecured | $476,828.00 | $376,018.00 |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 310: EXHIBIT 1 – SETTLED DERIVATIVES CLAIMS

| | NAME | CLAIM # | FILED DATE | ASSERTED CHAPTER 11 ESTATE | CLASS | AMOUNT | MODIFIED AMOUNT |
|---|---|---|---|---|---|---|---|
| 9 | PEOPLE'S BANK OF CHINA C/O STATE ADMINISTRATION OF FOREIGN EXCHANGE ATTN: MS. WAN TONGJUN & MR. CUI HAILIANG 3/F PING'AN MANSION 23 JINRONG STREET, XICHENG DISTRICT BEIJING, 100140 CHINA | 12479 | 09/14/2009 | Lehman Brothers Commercial Corporation | Unsecured | $156,376,856.00 | $14,773,829.00 |
| | | | | | TOTAL | $248,883,015.74 | $76,966,784.00 |

**EXHIBIT P**
**(Proposed Order – ECF No. 28430)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                         :
                              **Debtors.**               :        **(Jointly Administered)**
------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED ELEVENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY DERIVATIVES CLAIMS)

Upon the three hundred eleventh omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Eleventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664]

(the "Procedures Order"), seeking disallowance and expungement of the No Liability Derivatives

Claims on the grounds that they assert claims for which LBHI, Lehman Brothers Special

Financing Inc., Lehman Brothers OTC Derivatives Inc., and Lehman Brothers Commodity

Services Inc. (together, the "Chapter 11 Estates") have no liability, all as more fully described in

the Three Hundred Eleventh Omnibus Objection to Claims; and due and proper notice of the

Three Hundred Eleventh Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A attached to the Three Hundred Eleventh Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eleventh Omnibus Objection to Claims.

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Three Hundred Eleventh Omnibus Objection to Claims is

in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Eleventh Omnibus Objection to Claims

establish just cause for the relief granted herein; and after due deliberation and sufficient cause

appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Eleventh Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that the Plan Administrator has adjourned *sine die* the Three Hundred

Eleventh Omnibus Objection to Claims with respect to the claims listed on Exhibit 2 annexed

hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Eleventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 311: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | C.V.I G.V.F. (LUX) MASTER S.A.R.L.. (UK) TRANSFEROR: GOOD STEWARD TRADING COMPANY SPC C/O CARVAL INVESTORS UK LIMITED KNOWLE HILL PARK, FARIMILE LANE COBHAM, SURREY, KT11 2PD UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/14/2009 | 12027 | $21,763.90 | No Liability Claim - Derivative |
| 2 | CVI GVF (LUX) MASTERS S.A.R.L. TRANSFEROR: STAPLE STREET AVIATION (MASTER) LP C/O CARVAL INVESTORS UK LTD. ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/16/2009 | 13751 | $9,932.00 | No Liability Claim - Derivative |
| 3 | CVI GVF (LUX) MASTER S.A.R.L. TRANSFEROR: STAPLE STREET AVIATION (MASTER) LP C/O CARVAL INVESTORS UK LTD ATTN: DAVID SHORT KNOWLE HILL PARK, FAIRMILE LANE SURREY, KT11 2PD UNITED KINGDOM | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/16/2009 | 13752 | $9,932.00 | No Liability Claim - Derivative |
| 4 | INTRALOT S.A. ATTN: CHRIS MISTRIOTIS 64, KIFISSIAS AVE. & 3, PREMETIS STR. ATHENS, 15 125 GREECE | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 27536 | $73,000.00* | No Liability Claim - Derivative |
| 5 | MARANATHA BAPTIST BIBLE COLLEGE ATTN: MARK STEVENS 745 WEST MAIN STREET WATERTOWN, WI 53094 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/21/2009 | 24623 | Undetermined | No Liability Claim - Derivative |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

## OMNIBUS OBJECTION 311: EXHIBIT 1 – NO LIABILITY DERIVATIVES CLAIMS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 6 | MARANATHA BAPTIST BIBLE COLLEGE ATTN: MARK STEVENS 745 WEST MAIN STREET WATERTOWN, WI 53094 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/21/2009 | 24624 | Undetermined | No Liability Claim - Derivative |
| 7 | PARKING AUTHORITY OF THE CITY OF HAWTHORNE, CA ATTN: JAG PATHIRANA 4455 WEST 16TH STREET HAWTHORNE, CA 90250 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/16/2009 | 13890 | Undetermined | No Liability Claim - Derivative |
| 8 | SUPERIOR ENERGY SERVICES INC ATTN: WILLIAM B. MASTERS 1105 PETERS ROAD HARVEY, LA 70058 | 08-13893 (JMP) | Lehman Brothers OTC Derivatives Inc. | 09/22/2009 | 31962 | Undetermined | No Liability Claim - Derivative |
| 9 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31028 | Undetermined | No Liability Claim - Derivative |
| | | | | TOTAL | | $114,627.90 | |

Exhibit 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 311: EXHIBIT 2 – NO LIABILITY DERIVATIVES CLAIMS - ADJOURNED OBJECTIONS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 38 ATTN: BRIAN WHALEY 825 THIRD AVENUE NEW YORK, NY 10022 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17108 | $182,062.50* | No Liability Claim - Derivative |
| 2 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 38 ATTN: BRIAN WHALEY 825 THIRD AVENUE NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17109 | $182,062.50* | No Liability Claim - Derivative |
| 3 | CIFG SERVICES, INC., 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17110 | $12,214.32* | No Liability Claim - Derivative |
| 4 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 15 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17111 | $12,214.32* | No Liability Claim - Derivative |
| 5 | CIFG SERVIES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 16 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17112 | $9,379.29* | No Liability Claim - Derivative |
| 6 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 16 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17145 | $9,379.29* | No Liability Claim - Derivative |

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 311: EXHIBIT 2 – NO LIABILITY DERIVATIVES CLAIMS - ADJOURNED OBJECTIONS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 7 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 39 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17146 | $165,875.00* | No Liability Claim - Derivative |
| 8 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 39 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17147 | $165,878.00* | No Liability Claim - Derivative |
| 9 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 83 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17148 | $151,999.99* | No Liability Claim - Derivative |
| 10 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 83 850 3RD AVE FL 10 NEW YORK, NY 10022-7221 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17149 | $151,999.99* | No Liability Claim - Derivative |
| 11 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 37 ATTN: BRIAN WHALEY 825 THIRD AVENUE NEW YORK, NY 10022 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/18/2009 | 17150 | $25,582.25* | No Liability Claim - Derivative |
| 12 | CIFG SERVICES, INC., AS TRUSTEE OF NEW GENERATION FUNDING TRUST 37 ATTN: BRIAN WHALEY 825 THIRD AVENUE NEW YORK, NY 10022 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/18/2009 | 17151 | $25,582.25* | No Liability Claim - Derivative |

* - Indicates claim contains unliquidated and/or undetermined amounts

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 311: EXHIBIT 2 – NO LIABILITY DERIVATIVES CLAIMS - ADJOURNED OBJECTIONS

| | NAME | CASE NUMBER | CHAPTER 11 ESTATE | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 13 | STATE OF LOUISIANA, DEPARTMENT OF TREASURY TOBACCO SETTLEMENT FINANCING CORPORATION C/O LOUISIANA DEPARTMENT OF JUSTICE BENJAMIN A. HUXEN II, ASST ATTORNEY GENERAL P.O. BOX 94005 BATON ROUGE, LA 70804-9005 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 10/21/2009 | 42907 | $10,000,000.00 | No Liability Claim - Derivative |
| 14 | STATE OF LOUISIANA, DEPARTMENT OF TREASURY TOBACCO SETTLEMENT FINANCING CORPORATION C/O LOUISIANA DEPARTMENT OF JUSTICE BENJAMIN A. HUXEN II, ASST ATTORNEY GENERAL P.O. BOX 94005 BATON ROUGE, LA 70804-9005 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/21/2009 | 42908 | $10,000,000.00 | No Liability Claim - Derivative |
| 15 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 31059 | Undetermined | No Liability Claim - Derivative |
| 16 | U.S. BANK NATIONAL ASSOCIATION CORPORATE TRUST SERVICES ATTN: TIMOTHY PILLAR, VP EP-MN-WS1D, 60 LIVINGSTON AVENUE ST. PAUL, MN 55107-2292 | 08-13888 (JMP) | Lehman Brothers Special Financing Inc. | 09/22/2009 | 31060 | Undetermined | No Liability Claim - Derivative |
| | | | | TOTAL | | $21,094,229.70 | |

**EXHIBIT Q**
**(Proposed Order – ECF No. 28431)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re                                               :    **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,        :    **08-13555 (JMP)**
                                                    :
                           **Debtors.**             :    **(Jointly Administered)**

------------------------------------------------------------------x

## ORDER GRANTING THE THREE HUNDRED TWELFTH
## OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the three hundred twelfth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Twelfth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the No

Liability Claims to the extent that they assert claims for which the applicable Chapter 11 Estates

do not have any liability, all as more fully described in the Three Hundred Twelfth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Twelfth Omnibus

Objection to Claims having been provided; and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief sought in the Three

Hundred Twelfth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates,

their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Twelfth Omnibus Objection to Claims.

Hundred Twelfth Omnibus Objection to Claims establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twelfth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged, with prejudice, to the extent set

forth therein; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 312: EXHIBIT 1 – NO LIABILITY CLAIMS**

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28809 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28810 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28838 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 312: EXHIBIT 1 – NO LIABILITY CLAIMS**

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28839 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28840 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28841 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |

**LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 312: EXHIBIT 1 – NO LIABILITY CLAIMS**

| Name of Claimant | Claim Number | Claim Amount | Reason for Disallowance | Notes |
|---|---|---|---|---|
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28842 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28843 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| EXCALIBUR FUNDING NO. 1 PLC C/O WILMINGTON TRUST SP SERVICES (LONDON) LIMITED ATTN: MARTIN MCDERMOTT/MARK FILER THIRD FLOOR 1 KING'S ARMS YARD LONDON, EC2R 7AF UNITED KINGDOM | 28844 | Undetermined | No Liability Claim | No liability pursuant to Clause 2.3(a)(ii) of the settlement agreement. |
| | TOTAL | $0.00 | | |

**EXHIBIT R**
**(Proposed Order – ECF No. 28438)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                        :        **Chapter 11 Case No.**
                                                             :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,   :        **08-13555 (JMP)**
                                                             :
                           **Debtors.**                      :        **(Jointly Administered)**
-------------------------------------------------------------------x

**ORDER GRANTING THE**
**THREE HUNDRED FIFTEENTH OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

Upon the three hundred fifteenth omnibus objection to claims, dated June 4, 2012

(the "Three Hundred Fifteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664],

seeking disallowance and expungement of the Employment-Related Claims to the extent that

they assert claims for which LBHI has no liability or seeking to reclassify certain of the

Employment-Related Claims as common equity interests, all as more fully described in the Three

Hundred Fifteenth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Fifteenth Omnibus Objection to Claims having been provided, and it appearing that no

other or further notice need be provided; and the Court having found and determined that the

relief requested in the Three Hundred Fifteenth Omnibus Objection to Claims is in the best

interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Fifteenth Omnibus
Objection to Claims.

factual bases set forth in the Three Hundred Fifteenth Omnibus Objection to Claims establish

just cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is

ORDERED that the relief requested in the Three Hundred Fifteenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*"

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 annexed hereto

under the heading "*Amount to be Reclassified as Equity Interest*" are reclassified as equity

interests having the same priority as, and no greater priority than, common stock interests in

LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, (i) any claim listed on Exhibit A annexed to the Three

Hundred Fifteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto,

and (ii) the portion of any Employment-Related Claim that is not the subject of the Three

Hundred Fifteenth Omnibus Objection to Claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

US_ACTIVE:\44015947\5\58399.0008

# Exhibit 1

## OMNIBUS OBJECTION 315: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|---|
| 1 | BAKER, BRIDGET L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31642 | Undetermined | None | Undetermined | Undetermined |
| 2 | BHUTANI, SARABJIT S. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/28/2009 | 9634 | $2,879,070.04 | $396,353.98 | None | $2,482,716.06 |
| 3 | CAMPBELL, ROBERT H | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/7/2009 | 7596 | $1,109,942.27 * | $769,184.27 | None | $340,758.00 |
| 4 | CHAMBERLAIN, DANIELLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29542 | $57,500.00 | $20,000.00 | $7,500.00 | $30,000.00 |
| 5 | CHANG, ALFREDO Y. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29576 | $130,965.20 | None | $6,500.00 | $124,465.20 |
| 6 | CHISHOLM, RUPERT F. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27571 | $10,950.00 * | Undetermined | None | $10,950.00 |
| 7 | CONTI, ANGELA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30350 | $8,000.00 * | $8,000.00 | None | Undetermined |
| 8 | D'AMADEO, JOSEPH G | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19076 | $7,483,695.80 | $195,962.92 | None | $7,287,732.88 |
| 9 | DELLARUSSO, RICHARD J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/28/2009 | 2112 | $219,545.52 | $106,668.97 | None | $112,876.55 |
| 10 | DEWAN, JOAN M | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/20/2009 | 5675 | $22,789.76 | $15,048.76 | None | $7,741.00 |
| 11 | DISABATO, KENNETH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30411 | $6,000.00 * | $6,000.00 | None | Undetermined |
| 12 | FENNELL, CAROLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 26580 | Undetermined | None | Undetermined | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

**OMNIBUS OBJECTION 315: EXHIBIT 1 – EMPLOYMENT-RELATED CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 13 FLANNERY, JOSEPH J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5/29/2009 | 4642 | $1,271,636.67 | $1,074,456.67 | None | $197,180.00 |
| 14 GHOSH, SHINJIT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28650 | Undetermined | Undetermined | None | Undetermined |
| 15 GIESE, JOHN T. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34212 | $4,925.00 | $4,000.00 | None | $925.00 |
| 16 GOLDBERG, DANIEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18188 | $14,068.31 | $9,192.31 | None | $4,876.00 |
| 17 GOLLIN, MARK D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15134 | $792,128.00 | $242,128.00 | $50,000.00 | $500,000.00 |
| 18 HABER, SANFORD A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22132 | $183,350.85 * | $60,000.00 | None | $123,350.85 |
| 19 HAHN-COLBERT, SANDRA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/24/2009 | 34726 | $750,000.00 | $750,000.00 | None | None |
| 20 ICASIANO, SERAFIN | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27948 | $5,445.46 | $2,788.46 | None | $2,657.00 |
| 21 KAMENOFF, NICK N | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 24883 | $8,829.66 | $3,482.60 | None | $5,347.06 |
| 22 KLINGER, JEFFREY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/27/2009 | 6256 | $500,000.00 | $364,077.06 | None | $135,922.94 |
| 23 KRASNOPOLSKY, DAVID | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27297 | $25,832.18 | $10,596.18 | None | $15,236.00 |
| 24 KUN, WILLIAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1395 | $58,058.46 * | $58,058.46 | None | Undetermined |

* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 315: EXHIBIT 1 – EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 25 LARIT, KEITH | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28275 | $408,328.42 | $194,528.82 | None | $213,799.60 |
| 26 LOPRETE, BECKY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27356 | $11,806.00 | $4,375.00 | None | $7,431.00 |
| 27 LOZANO, ROSA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27359 | $6,802.81 | $4,179.81 | None | $2,623.00 |
| 28 MARTYN, LYNETTE | 08-13905 (JMP) | CES Aviation LLC | 9/16/2009 | 13351 | $100,000.00 * | $100,000.00 | None | Undetermined |
| 29 MONAHAN, MARIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/23/2009 | 34563 | $5,450.00 | None | $5,450.00 | None |
| 30 MULLEN, MICHAEL J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27599 | $354,417.72 | $196,206.67 | None | $158,211.05 |
| 31 NINEHAM, STEWART K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/26/2009 | 1951 | $1,091,529.50 | $886,886.50 | None | $204,643.00 |
| 32 PATEL, SHAILY B. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 26133 | $714.80 | $232.80 | None | $482.00 |
| 33 PENCU, RALUCA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31420 | $110,000.00 | $82,000.00 | $5,000.00 | $23,000.00 |
| 34 PRANAITIS, JEFFREY D. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13891 | $2,093,269.00 * | $2,093,269.00 | None | Undetermined |
| 35 PRESTON, GERAINT N | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19576 | $203,600.00 | $118,223.00 | None | $85,377.00 |
| 36 RAHMAN, MOHAMMED M | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30740 | $21,251.00 | $4,000.00 | None | $17,251.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 315: EXHIBIT 1 – EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 37  RODRIGUEZ, NANCY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 12/19/2008 | 1392 | $1,741.75 * | $1,741.75 | None | Undetermined |
| 38  RODRIGUEZ, NANCY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 22265 | $1,119.16 * | $1,119.16 | None | Undetermined |
| 39  ROSS, MEREDITH H | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19588 | $10,000.00 * | $10,000.00 | None | Undetermined |
| 40  RUSSELL, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31225 | $2,422,363.00 | $300,957.00 | None | $2,121,406.00 |
| 41  SHEK-FREEDMAN, ADA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27357 | $2,247.00 | $1,442.00 | None | $805.00 |
| 42  SHLIMON, MICHELLE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34213 | $5,675.00 | $4,000.00 | None | $1,675.00 |
| 43  SINN, ADAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 24655 | $6,101,200.00 | $6,000,000.00 | None | $101,200.00 |
| 44  SIU, RICHARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30364 | $88,757.17 | $2,522.17 | None | $86,235.00 |
| 45  STEINBERG, DARRYL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31185 | $456,825.00 | $111,538.00 | None | $345,287.00 |
| 46  TAM, JACKSON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30444 | $4,526.92 * | $4,526.92 | None | Undetermined |
| 47  TAYLOR,CHRISTOPHER C | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/24/2009 | 34879 | $28,888.89 | $28,888.89 | None | None |
| 48  WALESCH, JAY E | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23899 | $80,258.46 | $68,908.00 | $6,533.46 | $4,817.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

OMNIBUS OBJECTION 315: EXHIBIT 1 - EMPLOYMENT-RELATED CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNTS TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 49  WALSH, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29624 | Undetermined | Undetermined | Undetermined | Undetermined |
| 50  WATERS, ANDREW THOMAS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19623 | $4,617.16 | $3,453.16 | None | $1,164.00 |
| 51  WRIGHT, T S | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25605 | $350,000.00 * | $350,000.00 | None | Undetermined |
| 52  YOSHIMURA, ROBIN K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30552 | $160,689.00 | $66,689.00 | None | $94,000.00 |
| | | | | TOTAL | $29,668,810.94 | $14,735,686.29 | $80,983.46 | $14,852,141.19 |

**EXHIBIT S**
**(Proposed Order – ECF No. 28441)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                      :        **Chapter 11 Case No.**
                                                           :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                           :
                        **Debtors.**                       :        **(Jointly Administered)**
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LBL EMPLOYEE CLAIMS)

Upon the three hundred seventeenth omnibus objection to claims, dated June 4,

2012 (the "Three Hundred Seventeenth Omnibus Objection to Claims"),[1] of Lehman Brothers

Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified

Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated

Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's

order approving procedures for the filing of omnibus objections to proofs of claim [ECF No.

6664], seeking the disallowance and expungement of the No Liability LBL Employee Claims on

the basis that LBHI has no liability for such claims, all as more fully described in the Three

Hundred Seventeenth Omnibus Objection to Claims; and due and proper notice of the Three

Hundred Seventeenth Omnibus Objection to Claims having been provided to (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the

claimants listed on Exhibit A attached to the Three Hundred Seventeenth Omnibus Objection to

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Seventeenth
Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and

administrative procedures for these cases [ECF No. 9635]; and the Court having found and

determined that the relief sought in the Three Hundred Seventeenth Omnibus Objection to

Claims is in the best interests of LBHI, its estate, its creditors, and all parties in interest and that

the legal and factual bases set forth in the Three Hundred Seventeenth Omnibus Objection to

Claims establish just cause for the relief granted herein; and after due deliberation and sufficient

cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventeenth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Plan Administrator has adjourned to August 23, 2012 (or as

may be further adjourned by the Plan Administrator) the Three Hundred Seventeenth Omnibus

Objection to Claims with respect to the claim listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred

Seventeenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is

further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: _____, 2012
          New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE

## Exhibit 1

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 317: EXHIBIT 1 - NO LIABILITY LBL EMPLOYEE CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|---|---|---|
| 1 | GREENWAY, LISA K<br>161 WATLING STREET<br>PARK ST VILLAGE<br>ST ALBANS,    AL2 2NZ<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 16285 | $93,876.00 | No Liability - LBL Employee |
| 2 | MARNEY, LESLEY N<br>POPLAR GRANGE<br>48 CLERKE DRIVE KEMSLEY<br>KENT<br>SITTINGBOURNE,    ME102RY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/14/2009 | 12047 | $166,115.00 | No Liability - LBL Employee |
| 3 | REINBACHER, RENE<br>STEINPLEISER STR. 59<br>ZWICKAU, SN  08060<br>GERMANY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32236 | $139,774.00* | No Liability - LBL Employee |
| 4 | SAUNDERS, MARK A.<br>140 BEECHWOOD AVENUE<br>ST ALBANS, HERTS,    AL1 4XY<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 14396 | $84,000.00 | No Liability - LBL Employee |
| 5 | WEST, DAVID<br>45 LEICESTER ROAD<br>WANSTEAD<br>LONDON,    E112DW<br>UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15205 | $138,598.70 | No Liability - LBL Employee |
| | | | | TOTAL | | $622,363.70 | |

* - Indicates claim contains unliquidated and/or undetermined amounts

Exhibit 2

IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

**OMNIBUS OBJECTION 317: EXHIBIT 2 - NO LIABILITY LBL EMPLOYEE CLAIMS - ADJOURNED OBJECTIONS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|------|-------------|-------------|-----------|---------|---------------------|----------------------------------|
| 1 | GREZO,CHARLOTTE BRERETON 26 HURON ROAD TOOTING LONDON, GT LON, SW17 8RB UNITED KINGDOM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/15/2009 | 12755 | $1,175,570.00 | No Liability - LBL Employee |
| | | | | | TOTAL | $1,175,570.00 | |

**EXHIBIT T**
**(Proposed Order – ECF No. 28442)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :          **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,    :          **08-13555 (JMP)**
                                                         :
                            **Debtors.**                 :          **(Jointly Administered)**
-------------------------------------------------------------------x

## ORDER GRANTING THREE HUNDRED EIGHTEENTH OMNIBUS OBJECTION TO CLAIMS (PARTNERSHIP CLAIMS)

Upon the three hundred eighteenth objection to claims, dated June 4, 2012 (the "Three Hundred Eighteenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the Partnership Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Three Hundred Eighteenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Eighteenth Omnibus Objection to Claims having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief requested in the Three Hundred Eighteenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in the Three Hundred Eighteenth Omnibus

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Eighteenth Omnibus Objection to Claims.

Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Eighteenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the hearing on the Three Hundred Eighteenth Omnibus Objection to Claims is adjourned to August 23, 2012 with respect to the claims listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred Eighteenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

                                    _____
                                    UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44054275\1\58399.0008

# Exhibit 1

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

OMNIBUS OBJECTION 318: EXHIBIT 1 - PARTNERSHIP CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL FILED CLAIM AMOUNT | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19084 | $3,279.00 | $3,279.00 | NONE |
| 2 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19085 | $37,232.00 | $37,232.00 | NONE |
| 3 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19086 | $16,858.00 | $16,858.00 | NONE |
| 4 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19088 | $9,703.00 | $9,703.00 | NONE |
| 5 | ARTICLE 7TH TRUST U/W/O SHERMAN R. LEWIS, JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 19089 | $962.00 | $962.00 | NONE |
| 6 | BAKER, BRIDGET L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31642 | Undetermined | Undetermined | Undetermined |
| 7 | BERKENFELD, STEVEN L | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 16258 | $1,348,079.00 | $1,348,079.00 | NONE |
| 8 | CIMAGLIA, ANTHONY M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/5/2009 | 7382 | $9,539.00 | $9,539.00 | NONE |
| 9 | COPELAND, JOHN W. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 32744 | $206,758.00 | $206,758.00 | NONE |
| 10 | EINHORN, HOWARD G., III | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/23/2009 | 44705 | $9,586.00 | $9,586.00 | NONE |
| 11 | FLANNERY, JOSEPH J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5/29/2009 | 4642 | $1,271,636.67 | $197,180.00 | $1,074,456.67 |
| 12 | GABBAY, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/10/2009 | 11078 | $859,761.00 | $859,761.00 | NONE |
| 13 | GOODMAN, JEFFREY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30464 | $403,609.40 | $403,609.40 | NONE |
| 14 | HANSELL, PETER | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 14747 | $3,252,616.06 | $475,438.00 | $2,777,178.06 |

* - Indicates claim contains unliquidated and/or undetermined amounts

08-13555 (JMP) LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

## OMNIBUS OBJECTION 318: EXHIBIT 1 - PARTNERSHIP CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL FILED CLAIM AMOUNT | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|
| 15  HAYAT, CLAUDE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 21344 | $159,918.00 | $159,918.00 | NONE |
| 16  HENRY, EMIL W. JR. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 5/29/2009 | 4654 | Undetermined | Undetermined | NONE |
| 17  HOY, ROBERT J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28227 | $65,000.00* | $65,000.00 | NONE |
| 18  KENNEY, ARTHUR J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/15/2009 | 40526 | $174,237.93 | $174,237.93 | NONE |
| 19  MEJEAN, PAUL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23867 | $962.00 | $962.00 | NONE |
| 20  MEJEAN, PAUL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23868 | $3,274.00 | $3,274.00 | NONE |
| 21  MIDDAGH, ROY G. | 08-13905 (JMP) | CES Aviation LLC | 8/5/2009 | 7409 | $8,971.90 | $8,971.90 | NONE |
| 22  MIKULICH, RAYMOND C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23842 | Undetermined | Undetermined | NONE |
| 23  MIKULICH, RAYMOND C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23846 | Undetermined | Undetermined | NONE |
| 24  MIKULICH, RAYMOND C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23847 | Undetermined | Undetermined | NONE |
| 25  MIKULICH, RAYMOND C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23848 | Undetermined | Undetermined | NONE |
| 26  MONELLO, MARIO A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/19/2009 | 19644 | $7,325.00 | $7,325.00 | NONE |
| 27  MURPHY, PAT | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 17259 | $3,045.00 | $3,045.00 | NONE |
| 28  NINEHAM, STEWART K. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/26/2009 | 1951 | $1,091,529.50 | $204,643.00 | $886,886.50 |

* - Indicates claim contains unliquidated and/or undetermined amounts

## OMNIBUS OBJECTION 318: EXHIBIT 1 - PARTNERSHIP CLAIMS

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL FILED CLAIM AMOUNT | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|
| 29  PETERSEN, JACK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30343 | $156,918.00 | $156,918.00 | NONE |
| 30  PUSKULDJIAN, PAUL A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 7/22/2009 | 5856 | $7,820.00 | $7,820.00 | NONE |
| 31  ROSEN, LEONARD G. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 33577 | $126,804.63 | $126,804.63 | NONE |
| 32  STIGUM, ERIK P | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/4/2009 | 10432 | $14,000.00 | $14,000.00 | NONE |
| 33  TOSCANI, EDOARDO | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25357 | $4,593,111.00 | $52,771.00 | $4,540,340.00 |
| 34  VARNI, DAMIAN M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/25/2009 | 9358 | $300,000.00 | $300,000.00 | NONE |
| 35  WALLACE, WILLIAM A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13738 | $1,250.00 | $1,250.00 | NONE |
| 36  WALSH, MARK | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29624 | Undetermined | Undetermined | Undetermined |
| 37  WARD, PETER | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/31/2009 | 9915 | $1,966,452.39 | $88,152.00 | $1,878,300.00 |
| 38  WECKER, JEFFREY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 29718 | Undetermined | Undetermined | Undetermined |
| 39  WEHRLE, MICHAEL | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/17/2009 | 15152 | $1,424,406.77 | $1,424,406.77 | NONE |
| 40  WINFREY, GRANTHAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/3/2009 | 10211 | $750,000.00 | $750,000.00 | NONE |
| 41  WRIGHT, T S | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25605 | Undetermined | Undetermined | Undetermined |
| | | | TOTAL | | $18,284,645.25 | $7,127,483.63 | $11,157,161.23 |

# Exhibit 2

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO. 08-13555 (JMP)

**OMNIBUS OBJECTION 318: EXHIBIT 2 – ADJOURNED PARTNERSHIP CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL FILED CLAIM AMOUNT | TOTAL CLAIM DOLLARS SUBJECT TO OBJECTION | AMOUNTS NOT SUBJECT TO THIS OBJECTION |
|---|---|---|---|---|---|---|---|---|
| 1 | MONAHAN, BRIAN W. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 6/1/2009 | 4706 | $500,000.00 | $500,000.00 | NONE |
| 2 | MOORE, CHARLES C. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34234 | $10,780,803.79 | $8,852,036.67 | $1,928,767.12 |
| 3 | O'BRIEN, BARRY J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31941 | $19,410.00 | $19,410.00 | NONE |
| 4 | PARK, EDWARD | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 34235 | $10,780,803.79 | $8,852,036.67 | $1,928,767.12 |
| | | | | | TOTAL | $22,081,017.58 | $18,223,483.34 | $3,857,534.24 |