UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                               :    Chapter 11 Case No.
                                                    :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,            :    08-13555 (JMP)
                                                    :
                    Debtors.                        :    (Jointly Administered)
----------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LBL EMPLOYEE CLAIMS)

Upon the three hundred seventeenth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Seventeenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the No Liability LBL Employee Claims on the basis that LBHI has no liability for such claims, all as more fully described in the Three Hundred Seventeenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Seventeenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Seventeenth Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Seventeenth Omnibus Objection to Claims.

the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Three Hundred Seventeenth Omnibus Objection to Claims is in the best interests of LBHI, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Seventeenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Seventeenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the Plan Administrator has adjourned to August 23, 2012 (or as may be further adjourned by the Plan Administrator) the Three Hundred Seventeenth Omnibus Objection to Claims with respect to the claim listed on Exhibit 2 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on Exhibit A annexed to the Three Hundred Seventeenth Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: July 19, 2012
      New York, New York

                                                /S/ James M. Peck
                                                UNITED STATES BANKRUPTCY JUDGE