UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                                    :    Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 :    08-13555 (JMP)
                                                         :
                            Debtors.                     :    (Jointly Administered)
------------------------------------------------------------------x

### ORDER GRANTING THREE HUNDRED TENTH OMNIBUS OBJECTION TO CLAIMS (SETTLED DERIVATIVES CLAIMS)

Upon the three hundred tenth omnibus objection to claims, dated June 4, 2012 (the "Three Hundred Tenth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above-referenced chapter 11 cases (together, the "Chapter 11 Estates"), pursuant to section 502(b) of title 11 of the United States Code Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to revalue and allow the Settled Derivatives Claims on the grounds that the Chapter 11 Estates and claimants have agreed upon a claim amount that is not currently reflected on claimants' proofs of claim, all as more fully described in the Three Hundred Tenth Omnibus Objection to Claims; and due and proper notice of the Three Hundred Tenth Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on Exhibit A attached to the Three Hundred Tenth Omnibus Objection to

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Three Hundred Tenth Omnibus Objection to Claims.

Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Three Hundred Tenth Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Tenth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Tenth Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that each Settled Derivatives Claim listed on Exhibit 1 annexed hereto is hereby modified and allowed in the amount that is set forth on Exhibit 1 under the column heading *"Modified Amount"*; *provided that*, the holder of a Settled Derivatives Claim against both (i) a Chapter 11 Estate based on a derivatives contract and (ii) LBHI based on its guarantee relating to that derivatives contract may not receive an aggregate recovery in respect of the Settled Derivatives Claim that is greater than the applicable *"Modified Amount"*; and it is further

ORDERED that (i) the *"Modified Amount"* sets forth the total amount due to the claimant under, in respect of, or related to the applicable derivatives contract and (ii) the Settled Derivatives Claims shall represent the sole right of the claimant to any distributions from the applicable Chapter 11 Estate under, in respect of, or related to the applicable derivatives contract; and it is further

2

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object and defend on any basis are expressly reserved with respect to, any claim listed on <u>Exhibit A</u> to the Three Hundred Tenth Omnibus Objection to Claims that does not appear on <u>Exhibit 1</u> annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: July 19, 2012
      New York, New York

/S/ James M. Peck
UNITED STATES BANKRUPTCY JUDGE