UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------x
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
                              Debtors.             :    (Jointly Administered)
----------------------------------------------------------------x

### STIPULATION AND ORDER BETWEEN LEHMAN BROTHERS HOLDINGS INC., ARES MANAGEMENT LLC AND U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, WITH RESPECT TO DUPLICATIVE CLAIMS

Lehman Brothers Holdings Inc. ("LBHI"), U.S. Bank National Association, as Trustee (the "Trustee") under the terms of the Indentures listed on the attached Schedule A (the "Indentures"), and Ares Management LLC, as an affiliate of the Investment Manager or Collateral Manager for each of the Issuers under the Indentures (the "Investment Manager", and together with LBHI and the Trustee, the "Parties"), hereby stipulate and agree as follows:

### RECITALS

A.    On September 15, 2008 and on various dates thereafter, each of LBHI and certain of its affiliates (collectively, the "Debtors") filed voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), which cases are being jointly administered under Case Number 08-13555. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

B.    Pursuant to an order entered on July 2, 2009, the Bankruptcy Court established November 2, 2009 at 5:00 p.m. (Prevailing Eastern Time) (the "Programs Securities

Bar Date") as the last date and time for the filing of claims against the Debtors based on certain securities identified by the Debtors (the "Lehman Programs Securities").

C. Prior to the Programs Securities Bar Date, the Trustee, as the holder of a security interest in the assets of each of the Issuers, and the Investment Manager, pursuant to its rights under the collateral management agreements, filed the following claims against LBHI based on certain Lehman Programs Securities. The proofs of claim (the "Claims") include certain claims for fees and expenses of the claimants.

| Claimant | Claim No. | Transaction | Claim Amount |
|---|---|---|---|
| Trustee | 27146 | Ares VII CLO Ltd. | $2,005,507.77 |
| Trustee | 27147 | Ares VR CLO Ltd. | $2,006,507.77 |
| Investment Manager | 21847 | Ares VR CLO Ltd. | $2,013,286.00 |
| Investment Manager | 21904 | Ares VII CLO Ltd. | $2,013,286.00 |

D. On August 10, 2011, the Bankruptcy Court entered the *Order Pursuant to Sections 105(a) and 502(b) of the Bankruptcy Code and Bankruptcy Rule 9019 Approving Procedures for the Determination of the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* ECF No. 19120 (the "Structured Securities Procedures Order"), which established procedures for reconciliation and allowance of claims based on structured securities issued or guaranteed by LBHI, which included the securities subject to the Claims.

E. Pursuant to the Structured Securities Procedures Order, LBHI sent to the Trustee Notices of Proposed Allowed Claim Amount to the Trustee (the "Trustee Notices") in connection with each of claim Nos. 27146 and 27147 (the "Trustee Claims"), which provided for

Proposed Allowed Claim Amounts for the Trustee Claims of $2,003,857.58 and 2,003,857.58, respectively.

F.      Pursuant to the Structured Securities Procedures Order, LBHI sent to the Investment Manager Notices of Proposed Allowed Claim Amount to the Investment Manager (the "Investment Manager Notices") in connection with each of claim Nos. 21847 and 21904 (the "Investment Manager Claims") which provided for Proposed Allowed Claim Amounts for each of the Investment Manager Claims of $0.00, on the grounds that the Investment Manager Claims are duplicative of the Trustee Claims.

G.      The Trustee and the Investment Manager filed responses disputing the amounts set forth in the Notices of Proposed Allowed Claim Amounts (the "Responses").

H.      The Trustee and the Investment Manager agree that each transaction has only one claim against LBHI, as appropriate, for the principal amount due and owing under the credit linked notes, and enter into this Stipulation with LBHI to remove any duplication with respect to the claims filed by the Trustee and the Investment Manager. The Investment Manager and the Trustee agree to have the Investment Manager Claims survive to assert the claims relating to the structured securities.

**AGREEMENT**

1.      This Stipulation shall become effective once it has been executed by the Parties and approved by the Bankruptcy Court (the "**Stipulation Effective Date**").

2.      Other than with respect to the portion of the Claims that relate to fees and expenses incurred by the claimants, the Trustee Claims are duplicative of the Investment Manager Claims.

3. The Investment Manager Notices are deemed modified and amended by the terms of this Stipulation and Agreement, to provide for Proposed Allowed Claim Amounts of $2,003,857.58 for each of claim Nos. 21847 and 21904, the same amounts set forth in the Trustee Notices.

4. The Trustee Notices are deemed withdrawn and cancelled. The Trustee Claims are hereby amended in the following manner: (a) Claim Number 27147 is amended to assert an unsecured claim against LBHI in the amount of $7,000.00, which amount solely represents amounts due and owing to the Trustee on account of its fees and expenses incurred in its capacity as trustee for the entity that holds the applicable structured securities, and (b) Claim Number 27146 is amended to assert an unsecured claim against LBHI in the amount of $7,000.00, which amount solely represents amounts due and owing to the Trustee on account of its fees and expenses incurred in its capacity as trustee for the entity that holds the applicable structured securities.

5. This Stipulation resolves the Responses filed by both the Trustee and the Investment Manager.

6. LBHI's rights to object to the Trustee Claims on all grounds are fully preserved and unaffected by this Stipulation or the Structured Securities Procedures Order.

7. The Parties may sign two or more duplicate originals of this Stipulation, and each shall be an original but all of which together shall constitute one and the same instrument. The Parties may execute and deliver this Stipulation by facsimile or pdf and each facsimile (or pdf) signature shall be deemed for all purposes an original signature page.

8. Each individual signing this Stipulation on behalf of any Party hereto acknowledges and, with respect to his or her own signature below, warrants and represents that

he/she is authorized to execute this Stipulation in his/her representative capacity, as reflected below and on behalf of the Party indicated.

9. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to New York's rules governing conflicts of laws.

10. The Bankruptcy Court shall have exclusive jurisdiction over any and all disputes arising out of or otherwise relating to this Stipulation. Should the Bankruptcy Court abstain from exercising its jurisdiction or be found not to have jurisdiction over a matter relating to this Stipulation, such matter shall be adjudicated in either the United States District Court, for the Southern District of New York or a court of competent jurisdiction in the State of New York.

11. This Stipulation shall inure to the benefit of and be binding upon the respective successors and assigns of the Parties hereto. Nothing in this Stipulation, express or implied, is intended to, or shall, confer on any person other than the Parties hereto, any rights, benefits, or remedies of any nature whatsoever under or by reason of this Stipulation.

12. U.S. Bank National Association is executing this Stipulation solely in its capacity as Trustee. None of the Trustee, U.S. Bank National Association, in its individual capacity, or their respective officers, directors, shareholders or agents, shall be liable for any obligation or liability arising out of this Stipulation.

Dated: April 23, 2012
      New York, New York

/s/ Alfredo R. Perez  
Alfredo R. Perez

WEIL, GOTSHAL & MANGES LLP  
767 Fifth Avenue  
New York, New York 10153  
Telephone: (212) 310-8000  
Facsimile: (212) 310-8007

Attorneys for Debtors  
and Debtors in Possession

/s/ Franklin H. Top III  
Franklin H. Top III

CHAPMAN AND CUTLER LLP  
111 West Monroe Street  
Chicago, Illinois 60603  
Telephone: (312) 845-3824  
Facsimile (312) 516-1824

Attorneys for the Trustee

/s/ Mark A. Broude  
Mark A. Broude

LATHAM & WATKINS LLP  
885 Third Avenue  
New York, NY 10022-4834  
Telephone: (212) 906-1200  
Facsimile (212) 751-4864

Attorneys for the Investment Manager

SO ORDERED.

New York, New York  
July 24, 2012

    /S/ James M. Peck  
    United States Bankruptcy Judge

**Schedule A**

**List of Relevant Ares Indentures**

1.      Indenture by and among ARES VII CLO LTD., Issuer, ARES VII CLO CORP., Co-Issuer, AND U.S. BANK NATIONAL ASSOCIATION, Trustee, dated as of May 7, 2003

2.      Indenture dated as of  March 9, 2006 by and among Ares VR CLO Ltd., as Issuer, ARES VR CLO Corp., as the Co-Issuer and U.S. Bank National Association as the Trustee