B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc., et al., Debtors.   Case No. 08-13555 (JMP)
(Jointly Administered)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Monarch Master Funding Ltd | Barclays Bank PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

Monarch Master Funding Ltd
c/o Monarch Alternative Capital LP
535 Madison Avenue, Floor 26
New York, NY 10022
Attn: Michael Gillin
Phone: (212) 554-1743
Fax: 1-(866)-741-3564
Email: michael.gillin@monarchlp.com;
fundops@monarchlp.com

Name and Address where transferee payments should be sent (if different from above): N/A

Court Claim # (if known): 19937
Total Amount of Claim as Filed: $71,097,338.96
Total Allowed Amount of Claim: $55,034,047.95
Allowed Amount of Claim to be Transferred: $30,034,047.95

Date Claim Filed: 9/21/2009
Debtor: Lehman Brothers Holdings Inc.

Name and Address of Transferor:

Barclays Bank PLC
c/o Barclays Capital
745 Seventh Avenue
New York, New York 10019
Attn: Timothy Bass, Dan Miranda and Paul Zedlovich

**PLEASE SEE ATTACHED DOCUMENTS**

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**MONARCH MASTER FUNDING LTD**

By: Monarch Alternative Capital LP
Its: Advisor

By: _____    Date: July 25, 2012
Name of Transferee/Transferee's Agent

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.*

Christopher Santana
Managing Principal

<u>Exhibit A</u>

Evidence of Transfer from Transferor to Transferee

EXHIBIT A2

Evidence of Transfer of LBHI Claim

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re Lehman Brothers Holdings Inc.,    Case No. 08-13555

**EVIDENCE OF TRANSFER OF CLAIM**

**Barclays Bank PLC** ("Seller") and **Monarch Master Funding Ltd** ("Buyer") hereby agree and acknowledge that Seller has unconditionally and irrevocably sold, transferred and assigned to Buyer an undivided interest (the "Monarch Interest") equal to $30,034,047.95 in allowed amount (the "Monarch Claim Amount") of all of Seller's rights, title and interest in and to Seller's claim (which was assigned proof of claim number 19937, on September 21, 2009) (the "Claim") against Lehman Brothers Holdings Inc. (the "Debtor") whose Chapter 11 bankruptcy case is pending in the United States Bankruptcy Court for the Southern District of New York ( the "Bankruptcy Court") (or any other court with jurisdiction over the bankruptcy proceedings) as In re Lehman Brothers Holdings Inc., Chapter 11 Case No. 08-13555 (Jointly Administered).

Seller hereby waives any objection to the transfer of the Monarch Interest (the "Transferred Claim") to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Transferred Claim and recognizing the Buyer as the sole owner and holder of the Transferred Claim. Seller further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the Transferred Claim, and all payments or distributions of money or property in respect of the Transferred Claim, shall be delivered or made to the Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated the 23 day of July, 2012.

| SELLER: | BUYER: |
|---|---|
| BARCLAYS BANK PLC | MONARCH MASTER FUNDING LTD |
| | By: Monarch Alternative Capital LP |
| | Its: Advisor |
| By _____ Authorized Signatory | By _____ |
| Name: Aileen Montana | Name: Michael A. Weinstock |
| Title: Vice President | Title: Managing Principal |

731072v.2 3091/00004

## Exhibit B

Proof of Claim

| United States Bankruptcy Court/Southern District of New York<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)     0000019937 |
| Name of Debtor Against Which Claim is Held<br>Lehman Brothers Holdings Inc. | Case No. of Debtor<br>08-13555 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)<br><br>Dexia Bank Belgium S.A.<br>Boulevard Pachéco, 44<br>1000 Brussels - BELGIUM<br>Attention: Karine Driesen (in-house counsel)<br><br>Telephone number: 0032.2.222.30.39   Email Address: karine.driesen@dexia.com | ☐ Check this box to indicate that this claim amends a previously filed claim.<br><br>Court Claim Number: _____<br>(If known)<br><br>Filed on: _____ | **NOTICE OF SCHEDULED CLAIM:**<br>Your Claim is scheduled by the indicated Debtor as: |
| Name and address where payment should be sent (if different from above)<br><br><br><br>Telephone number:     Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. | |

1. **Amount of Claim as of Date Case Filed:** $ 71,097,338.96 plus interest, fees and costs
   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
   ☑ Check this box if all or part of your claim is based on a Derivative Contract.*
   ☑ Check this box if all or part of your claim is based on a Guarantee.*
   *IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.
   ☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** Guarantee of Derivative Contracts
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____   Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
   (See instruction #6 on reverse side.)

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

Date: 17th September 2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

**FILED / RECEIVED**
SEP 2 1 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Ann De Roeck
Secretary General
Member of the Management Board
Dexia Bank SA

Jean-François MARTIN
Member of the Management Board
Dexia Bank SA

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Lehman Brothers Holdings Inc.,<br><br>Debtor | Chapter 11<br><br>Case No. 08-13555 (JMP)<br><br>Jointly Administered |

## ATTACHMENT TO PROOF OF CLAIM
## OF DEXIA BANK BELGIUM S.A.

Dexia Bank Belgium S.A. (formerly Crédit Communal de Belgique S.A.) ("DBB" or "Claimant")[1] by an authorized representative submits this proof of claim (the "Claim") against Lehman Brothers Holdings Inc.

### Background

1. On September 15, 2008, Lehman Brothers Holdings Inc. ("LBHI" and, together with its affiliated chapter 11 debtors, the "Debtors") filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. Thereafter, on October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSF") filed a petition for relief under chapter 11 of the Bankruptcy Code.

### DBB's Claim

3. Claimant and LBSF (the "Parties") are party to an ISDA Master Agreement dated as of June 6, 2000 (the "ISDA Master" and, together with the appurtenant Schedule and Credit Support Annex, if applicable, the "ISDA Documentation").

---

[1] DBB received a document just prior to the bar date bearing the identification number 1000221236.

AMR #209604-v4

4.  The Parties entered into various transactions pursuant to the ISDA Documentation and certain confirmations.

5.  LBSF's obligations under the ISDA Documentation are guaranteed by LBHI pursuant to that certain Guarantee of Lehman Brothers Holdings Inc. dated on or about March 1, 2001 (the "Guarantee"). Pursuant to the Guarantee, LBHI unconditionally guaranteed to Claimant the due and punctual payment of all amounts due and payable by LBSF under each of the transactions entered into under the ISDA Documentation.

6.  As set forth in further detail in the Calculation Statement (defined below), as a result of the Automatic Early Termination pursuant to the occurrence of an Event of Default under the ISDA Master, an Early Termination Date occurred pursuant to §6(a) of the ISDA Master as of September 15, 2008 in respect of all outstanding transactions under the ISDA Documentation.

7.  On May 14, 2009, Claimant delivered a statement pursuant to §6(d)(i) of the ISDA Master containing Claimant's calculation of the termination amount due and payable between the Parties under the ISDA Documentation (the "Calculation Statement").

8.  As stated in the Calculation Statement, the amount payable to Claimant under the ISDA Documentation by LBSF is EUR 49,369,723.60 (including accrued interest as of the date of the Calculation Statement).[2]

9.  As such, the Claimant holds a claim against LBHI on account of the Guarantee in the amount of **$71,097,338.96**[3] (including accrued interest as of the date of the Calculation Statement) plus additional interest, fees, costs and expenses.[4]

---

[2]  As more fully described in the Calculation Statement, the amount owing by LBSF has been reduced by the setoff of obligations owing by Dexia Banque International à Luxembourg S.A. to LBSF pursuant to that certain ISDA Master Agreement dated as of October 28, 2002. To the extent that such setoff is not

2

10. In accordance with the order establishing the deadline for filing proofs of claim against the Debtors dated July 2, 2009 (the "Bar Date Order"), documentation supporting this claim will be submitted in connection with the completion of the Guarantee Questionnaire (as defined in the Bar Date Order).

### Reservation of Rights

11. Claimant expressly reserves the right to amend or supplement this Claim at any time, in any respect and for any reason, including but not limited to, for the purposes of (a) fixing, increasing, or amending the amounts referred to herein, and (b) adding or amending documents and other information and further describing the claims. Claimant does not waive any right to amounts due for any claim asserted herein by not stating a specific amount due for any such claim at this time, and Claimant reserves the right to amend or supplement this proof of claim, if Claimant should deem it necessary or appropriate, to assert and state an amount for any such claim.

12. This Claim is made without prejudice to the filing by Claimant and any related entities of additional proofs of claim for any additional claims against the Debtors and non-debtor entities affiliated with the Debtors of any kind or nature, including, without limitation, claims for administrative expenses, additional interest, late charges, and related costs and expenses, and any and all other charges and obligations reserved under the applicable documents and other transaction documents, and claims for reimbursement in amounts that are not fully ascertainable.

---

permitted, the claim of Claimant will be increased by such corresponding amount up to an amount equal to EUR 51,669,256.10.

[3] Claim amount is calculated using a conversion rate of 1.440100 as of September 15, 2008.

[4] Claimant reserves the right to assert a claim for reasonable out-of-pocket expenses including legal fees incurred by reason of the enforcement and protection of its rights under the ISDA Documentation or by reason of the early termination.

3

AMR #209604-v4

13. The filing of this Claim is not intended to be and shall not be deemed to be or construed as a waiver or release of any right to claim specific assets; any rights of setoff, recoupment, or counterclaim; or any other right, rights of action, causes of action, or claims, whether existing now or hereinafter arising, that Claimant has or may have against LBHI, its affiliated entities or any other person, or persons, and Claimant expressly reserves all such rights.

14. Nothing herein modifies, alters, amends and/or waives any right Claimant may have under applicable law or any agreement or understanding to assert and recover from LBHI, its affiliated entities or any other person or persons, upon rights, claims, and monies.

15. In executing and filing this claim, Claimant does not submit itself to the jurisdiction of this Court for any other purpose than with respect to this Claim. This Claim is not intended to be, and shall not be construed as (i) an election of remedies, (ii) a waiver of any past, present or future defaults, or (iii) a waiver or limitation of any rights remedies, claims or interests of Claimant.

## Notices

16. All notices, communications and distributions with respect to this Claim should be sent to:

Dexia Bank Belgium S.A.
Boulevard Pachéco, 44
1000 Brussels - BELGIUM
Telephone: 0032.2.222.30.39
Attention: Karine Driesen (in-house counsel)

With a copy to:

Clifford Chance US LLP
31 W. 52nd Street
New York, New York 10019
Telephone: (212) 878-8000
Attention: Jennifer C. DeMarco, Esq.
            Sarah N. Campbell, Esq.

4

AMR #209604-v4

**HAND DELIVERY**

**FILED / RECEIVED**

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

N. Roman
RECEIVED BY:

DATE

2:29
TIME