MMOR CONSULTING, INC.
750 Third Avenue – 9th Floor
New York, New York, 10017
Telephone: (212) 768-2233

**UNITED   STATES   BANKRUPTCY   COURT**
**SOUTHERN   DISTRICT   OF   NEW   YORK**
------------------------------------------------------------- x

|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : | **Case No. 08-13555** |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* : | | **(Jointly Administered)** |
| **Debtors.** | | |
|  | : | |

------------------------------------------------------------- x

**FINAL FEE APPLICATION OF MMOR CONSULTING, INC. , AS A STATE AND
LOCAL TAX SERVICES PROVIDER TO DEBTORS AND DEBTORS-IN-
POSSESSION, LEHMAN BROTHERS HOLDINGS INC., FOR FINAL ALLOWANCE
OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED FROM
<u>JULY 1, 2010 THROUGH AND INCLUDING MARCH 6, 2012</u>**

1

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FILED UNDER 11.U.S.C. §§ 330 AND 331**

| | |
|---|---|
| **NAME OF APPLICANT:** | MMOR Consulting, Inc. |
| **DATE OF RETENTION:** | October 20, 2010, nunc pro tunc to June 1, 2010 |
| **TIME PERIOD:** | July 1, 2010 through and including March 6, 2012 |
| **ROLE IN THE CASE:** | State and Local Tax Services Provider to Debtors and Debtors-in-Possession |

**AMOUNT OF COMPENSATION AND EXPENSE REIMBURSEMENT SOUGHT AS ACTUAL, REASONABLE AND NECESSARY:**

Total Fees Requested: $1,052,397.50

Total Expenses Requested: $20,909.98

**PRIOR APPLICATIONS:**

September 30, 2010 – First Interim Application
January 31, 2011 – Second Interim Application
May 31, 2011 – Third Interim Application
September 30, 2011 – Fourth Interim Application
March 6, 2012 – Fifth Interim Application

SUMMARY OF FEES AND EXPENSES REQUESTED BY THIS FINAL APPLICATION

| CATEGORY | AMOUNT |
|---|---|
| Total Fees Requested in Interim Fee Applications | $    1,052,397.50 |
| Less: Voluntary Reductions based on guidance provided by Fee Committee | $    (990.00) |
| Total Fees Requested in Final Application | $    1,051,407.50 |

| CATEGORY | AMOUNT |
|---|---|
| Total Expenses Requested in Interim Fee Applications | $    20,909.98 |
| Less: Voluntary Reductions based on guidance provided by Fee Committee | $    1,908.77 |
| Total Expenses Requested in Final Application | $    19,001.21 |

## SUMMARY OF FEES AND EXPENSES REQUESTED, ALLOWED AND PAID
[See Appendix A for Summary by Application Period]

| MMOR Consulting, Inc. | | TOTAL FOR ALL PERIODS |
|---|---|---|
| Fees Requested | | $ 1,052,397.50 |
| Fees Allowed | 1 | $ 1,051,407.50 |
| Fees Paid | | $ 959,037.50 |
| Fees Unpaid | | $ 93,360.00 |
| *Voluntary Fee Adjustments* | | $ (990.00) |
| Fees Unpaid after Voluntary Fee Adjustments | | $ 92,370.00 |
| | | |
| Expenses Requested | | $ 20,909.98 |
| Expenses Allowed | 1 | $ 19,001.21 |
| Expenses Paid | | $ 19,001.21 |
| Expenses Unpaid | | $ 0 |
| *Voluntary Expense Adjustments* | | $ 1,908.77 |
| Expenses Unpaid after Voluntary Fee Adjustments | | $ 0 |

NOTES:

1 The court has not yet approved MMOR Consulting, Inc's fees or expenses for the extended Fifth Interim Fee Period - through and including March 6, 2012.

3

SUMMARY OF TIME RECORDED FROM JULY 1, 2010
TO AND INCLUDING MARCH 6, 2012 FOR SERVICES PROVIDED
[See Appendix B for Summary by Application Period]

| Title | Professional | TOTAL FOR ALL PERIODS | |
| --- | --- | --- | --- |
| | | Hours | Fees |
| President | Michael Morgese | 3,826.90 | $ 1,052,397.50 |
| | **TOTAL** | 3,826.90 | $ 1,052,397.50 |

MMOR CONSULTING, INC.
750 Third Avenue – 9th Floor
New York, New York 10017
Telephone: (212) 768-2233

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------
x
                                                    :
**In re**                                           :          **Chapter 11**
                                                    :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :          **(Jointly Administered)**
**Debtors.**                                        :
                                                    :
--------------------------------------------------------------x


**FINAL FEE APPLICATION OF MMOR CONSULTING, INC. FOR**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND FOR**
**REIMBURSEMENT OF EXPENSES AS STATE AND LOCAL TAX SERVICES**
**PROVIDERS TO THE DEBTORS AND DEBTORS-IN-POSSESSION**
**INCURRED FROM JULY 1, 2010 TO MARCH 6, 2012**


## PRELIMINARY STATEMENT

1.     By this Final Application (the "Final Application"), and pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), MMOR Consulting, Inc. ("MMOR or the "Firm"), consultants to Lehman Brothers Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors" ), request that this Court authorize (a) allowance and payment of compensation for actual and necessary professional services performed by MMOR in the aggregate amount of $1,051,407.50 during the period commencing July 1, 2010 through and including March 6, 2012 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses in the aggregate amount of $19,001.21 incurred during the Compensation

Period.

2.     This Court has jurisdiction over this Final Application pursuant to 28 U.S.C. § § 157 and 1334. Venue is proper under 28 U.S.C. § § 1408 and 1409.

3.     To aid this Court in its review and analysis, the Final Application is set forth in four parts. Part I provides a brief background of the matter MMOR retention. Part II provides an overview of the Final Application. Part III provides a description of the work performed by MMOR during the compensation period, by category. Finally, Part IV explains why this compensation request should be allowed.

## I.     Background

1.     Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the above captioned debtors and debtors-in-possession (collectively, the "Debtors") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.     On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.     On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

4.     On January 25, 2009, the Court entered the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2106(a)

6

Establishing procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 4165]. On April 14, 2009, the Court entered the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2106(a) Establishing procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997].

5.    On February 8, 2010, the Examiner filed with the Court under seal the Report of Examiner Anton R. Valukas (the "Report"), pursuant to the Court's Order Authorizing the Examiner to File the Examiner's Report Under Seal [Docket No. 7024]. On March 11, 2010, the Examiner publicly filed a partially redacted version of the Report, [Docket no. 7531], and substituted an unredacted version of the Report with the Court under seal pursuant to the Bankruptcy Court's Order dated March 11, 2010 [Docket 7530]. On April 14, 2010, the Examiner filed an unredacted version of Volume 5 of the Report. [Docket No. 8307].

6.    On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the "Plan") and disclosure statement [ECF Nos. 19627 and 19629]. The Plan was subsequently modified and on December 6, 2011, and the Court entered an order [ECF No. 23023] confirming the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors* [ECF No. 22737] for the entities in the above referenced chapter 11 cases. The Plan became effective on March 6, 2012 and initial distributions began on April 17, 2012.

## Jurisdiction

7.    This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

8.    Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman

7

has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

9.      Additional information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

**Retention of MMOR**

10.     By an order dated October 20, 2010 (the "Retention Order"), the Court approved the application filed by the Debtors seeking authorization pursuant to section 327(a) and 328(a) of the Bankruptcy Code *nunc pro tunc* to June 1, 2010 to employ MMOR as State and Local Tax Services Providers (the "Retention Application"). These matters are more fully described in the Declaration of Michael Morgese of MMOR Consulting, Inc., sworn to September 23, 2010 and in accordance with the terms and conditions set forth in the agreements between the Debtors and MMOR, including without limitations, the provisions described in the engagement letter, dated as of July 1, 2010 (the "Engagement Letter").

**II.    Final Application**

1.      This Final Application has been prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §§ 330 and 331 adopted on January 30, 1996 (the "UST Guidelines"), and (c) the Court's Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals entered on or about June 25, 2009 (the "Interim Compensation Order" and, collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").

        2.     MMOR has previously requested compensation from the Court for professional services and reimbursement of expenses in its First Interim Fee Application filed for the period from July 1, 2010 through and including September 30, 2010, its Second Interim Fee Application filed for the period from October 1, 2010 through and including January 31, 2011, its Third Interim Fee Application filed for the period from February 1, 2011 through and including May 31, 2011, its Fourth Interim Fee Application filed for the period from June 1, 2011 through and including September 30, 2011, and its Fifth Interim Fee Application filed for the period from October 1, 2011 through and including March 6, 2012. By the September 30, 2010 application, MMOR requested allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $146,025.00, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of 11,719.00 including non-reimbursable expenses of $382.00. During that first Interim Compensation Period, MMOR expended a total of 531.00 hours for which compensation was sought. By the January 31, 2011 application, MMOR requested allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $229,281.25, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $2,694.96. During that second Interim Compensation Period, MMOR expended a total of 833.75 hours including 3.6 hours of unbillable time and $1,168.63 of disallowed expenses. By the May 31, 2011 application, MMOR requested allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $215,242.50, and for reimbursement of actual,

necessary expenses incurred in connection with such services in the aggregate amount of $2,860.27 including non-reimbursable expenses of $232.39. During that third Interim Compensation Period, MMOR expended a total of 782.70 hours for which compensation was sought. By the September 30, 2011 application, MMOR requested allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $213,358.75, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $1,847.75 including non-reimbursable expense of $125.75.    During that fourth Interim Compensation Period, MMOR expended a total of 775.85 hours. By the March 6, 2012 application, MMOR requested allowance in full of interim compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $248,490.00, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $1,788.00.    During that fifth Interim Compensation Period, MMOR expended a total of 903.60 hours.

3.    By this Application, MMOR seeks final allowance in full of reasonable compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $1,051,407.50 and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $19,001.21. During the Compensation Period, MMOR expended a total 3,826.90 hours including 3.6 hours of unbillable time.

4.    Prior to the filing of this Application, MMOR sent the Debtors, Weil, Gotshal & Manges LLP, the U.S. Trustee, Godfrey & Kahn (new Fee Committee) and counsel to the Creditors' Committee monthly fee statements setting forth MMOR's fees for professional services rendered and expenses incurred beginning July 1, 2010 through March 6, 2012. No party objected to any element of any of MMOR's monthly statements.

10

5.      Pursuant to the UST Guidelines, annexed to the U.S. Trustee summary section preceding this Application is a schedule setting forth all MMOR's professionals who have performed services in these Chapter 11 cases during the Compensation Period, their title and the total number of hours performed.

6.      During the Compensation Period, MMOR's hourly billing rate for the professional working on State and Local Tax Audits was $275.

7.      Such rate is highly discounted and reasonable based upon customary compensation charged by comparably skilled professionals in comparable non-bankruptcy cases in a competitive national tax advisory services market. Considering the Services that MMOR provides, and the market prices for MMOR's services, MMOR submits that the Fee Structure (including reasonable reimbursements) is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfills the requirements of Rule 2014-1 of the Local Rules.

8.      Pursuant to the UST Guidelines, annexed hereto as Exhibit C is a summary of the number of hours and amounts billed by MMOR during the Compensation Period, organized by task. MMOR maintains computerized records of the time spent by its professional in connection with the Debtors' Chapter 11 cases.

9.      Annexed hereto as Exhibit D is a schedule specifying the categories of actual and necessary expenses for which MMOR is seeking reimbursement and the total amount for each such expense category.

10.     During the Compensation Period, other than pursuant to the Interim Compensation Order, MMOR has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. MMOR has not shared or agreed to share any of its compensation in connection with this matter with any person, as permitted by section 504 of the Bankruptcy Code.

11

11.    MMOR maintains detailed records of the time spent by all professionals, and the expenses incurred by them, in connection with their responsibilities to the Debtor. The Court is respectfully referred to MMOR's prior fee applications for the detailed records of all work performed and all expenses incurred during the Compensation Period.

### III.    Summary of Services

1.    The Debtors sought and received the Court's approval to retain MMOR because MMOR is a firm specializing in state and local income, franchise, sales and use taxes including audit representation, research, ruling requests, etc. The professionals of MMOR have been representing the Debtors with respect to state and local tax audits for many years and as a result, MMOR was retained to handle more than 40 audits at the state and local level.

2.    By the Retention Order, the Debtors received the Court's approval to retain MMOR as Tax Services Providers to LBHI pursuant to section 327(a) and 328(a)of the Bankruptcy Code, *nunc pro tunc* to the June 1, 2010 to perform state and local tax services, all as more fully describes in the Declaration of Michael Morgese, President of MMOR, sworn September 23, 2010, and in accordance with the terms and conditions set forth in the agreements between the Debtors and MMOR, including without limitations, the provisions described in the engagement letter, dated as of July 1, 2010.

3.    During the Compensation Period, MMOR managed all aspects of the ongoing State and Local Tax Audits including Income, Franchise, and Sales/Use Taxes for LBHI and affiliated entities.

4.    These professional services included the review of information requested by state and local audit teams, research tax issues raised during the audit process, meeting with audit personnel, and negotiate settlements in order to reduce assessments and related proofs of claims.

5.      The professional services performed by MMOR were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The services were performed in an efficient manner.

6.      The professional services performed by MMOR on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 3,826.90 (3,823.30 billed) recorded hours by MMOR professionals. During the Compensation Period, MMOR billed the Debtors for time expended by professionals based on an hourly rate of $275.00 per hour for the State and Local Tax service engagements.

| Title | Hourly Rate |
|-------|-------------|
| President | $275 |

7.      As set forth in Exhibit D hereto, MMOR has incurred or disbursed $19,001.21 in expenses in providing professional services to the Debtors during the Compensation Period. These expense amounts are intended to cover direct operating costs, which costs are not incorporated into MMOR's hourly billing rates.

## IV.    The Requested Compensation and Expense Reimbursement Should be Allowed

1.      Section 331 of the Bankruptcy Code provides for compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional employed under section 327 of the Bankruptcy Code reasonable compensation for

"actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11

U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, the extent, and the
> value of such services, taking into account all relevant factors,
> including—
>
> > (A) the time spent on such services;
> >
> > (B) the rates charged for such services;
> >
> > (C) whether the services were necessary to the administration of, or
> > beneficial at the time at which the service was rendered toward the
> > completion of, a case under this title;
> >
> > (D) whether the services were performed within a reasonable amount of
> > time commensurate with the complexity, importance, and nature of the
> > problem, issue, or task addressed; and
> >
> > (E) whether the compensation is reasonable based on the customary
> > compensation charged by comparably skilled practitioners in cases other
> > than cases under this title.

2.      In the instant case, MMOR respectfully submits that the services for which

it seeks compensation and the expenditures for which it seeks reimbursement in this Application

were necessary for and beneficial to the orderly administration of the Debtors' estates. MMOR

performed audit representations at the state and local tax area with respect to various taxes such

as income, franchise, and sales/use.  Such services and expenditures were necessary to and in

the best interests of the Debtors' estates and creditors. MMOR further submits that the

compensation requested herein is reasonable in light of the nature, extent, and value of such

services to the Debtors, their estates and all parties in interest.

3.      In sum, approval of the compensation for professional services and

reimbursement of expenses sought herein is warranted.

## Conclusion

WHEREFORE MMOR respectfully requests (i) an allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,051,407.50 and reimbursement of actual and necessary expenses MMOR incurred during the Compensation Period in the amount of $19,001.21, (ii) authorization for the Debtors to pay to MMOR that portion of the compensation amount not yet paid; and (iii) such other and further relief as is just.

Dated: July 25, 2012

_____
Michael Morgese
MMOR Consulting, Inc.
750 Third Avenue – 9th Floor
New York, New York 10017

## INDEX OF EXHIBITS

Certification            Certification of Michael Morgese

Exhibit A                Summary of Fees and Expenses Requested, allowed and
                         Paid by Application Period

Exhibit B                Summary of Time Recorded for Services Provided by
                         Application Period

Exhibit C                Detail of Services by Uniform Billing Task Code

Exhibit D                Actual and Necessary Expense Disbursements Incurred by
                         MMOR

**CERTIFICATION**

MMOR Consulting, Inc.
750 Third Avenue – 9th Floor
New York, New York 10017
Telephone: (212) 768-2233

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------- x
                                                :
**In re**                                       :          **Chapter 11**
                                                :          **Case No. 08-13555**
                                                .
**LEHMAN        BROTHERS HOLDINGS INC.,** *et al.,* :                              **(Jointly**
**Administered)**
**Debtors.**
                                                :
--------------------------------------------------------------- x

**CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN**
**RESPECT OF FINAL APPLICATION OF MMOR CONSULTING, INC.**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND FOR REIMBURSEMENT OF EXPENSES AS STATE AND LOCAL**
**TAX SERVICES PROVIDERS TO DEBTORS AND DEBTORS-IN-**
**POSSESSION**

I, Michael Morgese, hereby certify that:

I.       I am the President with the applicant firm, MMOR Consulting, Inc. ("MMOR"),

and am the professional designated by MMOR with responsibility for compliance with the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the

United States Trustee Guidelines for Reviewing Applications for Compensation and

Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the

"UST Guidelines") and the Second Amended Order Pursuant to Sections 105(a) and 331 of the

17

Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the Court on or about June 25, 2009 (the "Interim Compensation Order", and collectively

with the Local Guidelines and UST Guidelines, the "Guidelines") in the chapter 11 cases of Lehman Brothers Holdings Inc. and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "Debtors").

II.      This certification is made in support of MMOR's final fee application dated, July 25, 2012 (the "Final Application"), seeking the entry of an order pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") granting interim allowance of compensation for services rendered and reimbursement of expenses incurred for the period commencing July 1, 2010 through and including March 6, 2012 (the "Compensation Period"), and directing payment of fees and expenses that were not paid or which were previously subject to a holdback.

III.     In respect of section B.1 of the Local Guidelines, I certify that:

a.      I have read the Application;

b.      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

c.      the fees and expense reimbursements sought are billed at rates not exceeding those customarily charged by MMOR and generally accepted by MMOR's clients; and

d.      in seeking reimbursement of an expense, MMOR does not make a profit on that expenditure, whether it is performed in-house or by a third party.

IV.      In respect of section B.2 of the Local Guidelines and as required by the Interim

18

Compensation Order, I certify that MMOR has complied with those provisions requiring it to provide Weil, Gotshal & Manges LLP, the Debtors, the Fee Committee, counsel for the statutory committee of unsecured creditors appointed in these cases and the United States Trustee for the Southern District of New York, on a monthly basis, a statement of MMOR's fees and expenses accrued during the previous month.

V.    Although the Debtors have not reviewed this Application, they have reviewed MMOR's monthly statements of fees and expenses, to which there have been no objections, and approved the amounts requested.

VI.    In respect of section B.3 of the Local Guidelines, I certify that Weil, Gotshal & Manges LLP, Debtors, the Fee Committee, counsel for the statutory committee of unsecured creditors and the United States Trustee for the Southern District of New York are each being provided with a copy of the Application.

Dated:  July 25, 2012

_____
Michael Morgese
MMOR Consulting, Inc.
750 Third Avenue – 9th Floor
New York, New York 10017

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES FILES UNDER 11 U.S.C §§ 330 AND 331

MMOR Consulting, Inc
July 25, 2012

**SUMMARY OF FEES AND EXPENSES REQUESTED, ALLOWED AND PAID BY APPLICATION PERIOD**

| | First Interim Fee Period July 1, 2010-Sept. 30, 2010 | Second Interim Fee Period Oct. 1, 2010-Jan. 31, 2011 | Third Interim Fee Period Feb. 1, 2011-May 31, 2011 | Fourth Interim Fee Period June 1, 2011-Sept. 30, 2011 | Fifth Interim Fee Period Oct. 1, 2011-Mar. 6, 2012 | Total for all Periods |
|---|---|---|---|---|---|---|
| Fees Requested | $146,025.00 | $229,281.25 | $215,242.50 | $213,358.75 | $248,490.00 | $1,052,397.50 |
| Fees Allowed | $146,025.00 | $228,291.25 | $215,242.50 | $213,358.75 | $248,490.00 | $1,051,407.50 |
| Fees Paid | $146,025.00 | $228,291.25 | $215,242.50 | $170,687.00 | $198,792.00 | $959,037.75 |
| Fees Unpaid | $0.00 | $990.00 | $0.00 | $42,671.75 | $49,698.00 | $93,359.75 |
| *Voluntary Fee Adjustments* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $990.00 |
| *Fees Unpaid After Voluntary Fee Adjustments* | $0.00 | $0.00 | $0.00 | $42,671.75 | $49,698.00 | $92,369.75 |
| Expenses Requested | $11,719.00 | $2,694.96 | $2,860.27 | $1,847.75 | $1,788.00 | $20,909.98 |
| Expenses Allowed | $11,337.00 | $1,526.33 | $2,627.88 | $1,722.00 | $1,788.00 | $19,001.21 |
| Expenses Paid | $11,337.00 | $1,526.33 | $2,627.88 | $1,722.00 | $1,788.00 | $19,001.21 |
| Expenses Unpaid | $382.00 | $1,168.63 | $232.39 | $125.75 | $0.00 | $1,908.77 |
| *Voluntary Expenses Adjustments* | $382.00 | $1,168.63 | $232.39 | $125.75 | $0.00 | $1,908.77 |
| *Expenses Unpaid After Voluntary Fee Adjustments* | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

Notes

The court has not yet approved MMOR's fees or expenses for the extended Fifth Interim Fee Period - through and including March 6, 2012.

APPENDIX A

MMOR Consulting, Inc
July 25, 2012

SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND REIMBURSEMENT
OF EXPENSES FILES UNDER 11.U.S.C §§ 330 AND 331

**SUMMARY OF TIME RECORDED FOR SERVICES PROVIDED BY APPLICATION PERIOD**

| Professional | Title | First Interim Fee Period July 1, 2010-Sept. 30, 2010 | Second Interim Fee Period Oct. 1, 2010-Jan. 31, 2011 | Third Interim Fee Period Feb. 1, 2011-May 31, 2011 | Fourth Interim Fee Period June 1, 2011-Sept. 30, 2011 | Fifth Interim Fee Period Oct. 1, 2011-Mar. 6, 2012 | Total for all Periods |
|---|---|---|---|---|---|---|---|
| Michael Morgese | President | 531.00 | 833.75 | 782.70 | 775.85 | 903.60 | 3826.90 |
| **Total Hours** | | 531.00 | 833.75 | 782.70 | 775.85 | 903.60 | 3826.90 |

ATTACHMENT B

MMOR Consulting, Inc.
July 25, 2012

**APPENDIX C – DETAIL OF SERVICES BY UNIFORM BILLING TASK CODE**

| PROFESSIONAL HOURS SUMMARY | | | |
|---|---|---|---|
| **Description** | **Code** | **Hours** | **Fees** |
| State & Local Tax Services | 1800 | 3,826.90 | $1,052,397.50 |
| | | | |
| Total | | 3,826.90 | $1,052,397.50 |
| Final Total | | | $1,052,397.50 |

APPENDIX C

MMOR Consulting, Inc.
July 25, 2012

**APPENDIX D - ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY MMOR**
FINAL APPLICATION PERIOD JULY 1, 2010 THROUGH MARCH 6, 2012

| DETAIL OF ACTUAL AND NECESSARY EXPENSES BY TYPE | |
|---|---|
| Professional | Expense |
| Fees to Law Firm of Morrison & Foerster | $9,687.00 |
| Meals- Client Attending | $3,682.98 |
| Mileage and Parking | $7,483.00 |
| Delivery Charges | $57.00 |
| Less Voluntary Reduction | (1,908.77) |
| Total | $19,001.21 |

APPENDIX D