**Hearing Date and Time: August 15, 2012 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Date and Time:  August 8, 2012 at 4:00 p.m. (Prevailing Eastern Time)**

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

--------------------------------------------------------------------x

**NOTICE OF MOTION FOR**
**A SUPPLEMENTAL ORDER TO FACILITATE DISTRIBUTIONS TO**
**HOLDERS OF CERTAIN LEHMAN PROGRAMS SECURITIES ISSUED IN JAPAN**

PLEASE TAKE NOTICE that a hearing on the annexed motion (the "Motion") of

Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint

Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section

105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") for an order

supplementing a prior order relating to distributions to holders of certain securities issued by

LBHI in Japan and related relief, all as more fully described in the Motion, will be held before

the Honorable James M. Peck, United States Bankruptcy Judge, at the United States Bankruptcy

Court, Alexander Hamilton Customs House, Courtroom 601, One Bowling Green, New York,

New York 10004 (the "Bankruptcy Court"), on **August 15, 2012 at 10:00 a.m. (Prevailing**

**Eastern Time)** (the "Hearing").

PLEASE TAKE FURTHER NOTICE that objections, if any, to the Motion shall be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court for the Southern District of New York, shall set forth the name of the objecting party, the basis for the objection and the specific grounds thereof, shall be filed with the Bankruptcy Court electronically in accordance with General Order M-242 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's case filing system and by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with two hard copies delivered directly to Chambers), and shall be served upon:  (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153, Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq., attorneys for LBHI; and (iii) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), 33 Whitehall Street, 21st Floor, New York, New York 10004 Attn:  Tracy Hope Davis, Esq., Elisabetta Gasparini Esq., and Andrea B. Schwartz, Esq., so as to be so filed and received by no later than **August 8, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Objection Deadline").

PLEASE TAKE FURTHER NOTICE that if an objection to the Motion is not received by the Objection Deadline, the relief requested shall be deemed unopposed, and the Bankruptcy Court may enter an order granting the relief sought without a hearing.

PLEASE TAKE FURTHER NOTICE that objecting parties are required to attend

the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: July 27, 2012
      New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

Hearing Date and Time:  August 15, 2012 at 10:00 a.m. (Prevailing Eastern Time)
Objection Date and Time:  August 8, 2012 at 4:00 p.m. (Prevailing Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                                  :        Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :        08-13555 (JMP)
                                                       :
                          Debtors.                     :        (Jointly Administered)
-------------------------------------------------------------------x

### MOTION FOR A SUPPLEMENTAL ORDER TO FACILITATE DISTRIBUTIONS TO HOLDERS OF CERTAIN LEHMAN PROGRAMS SECURITIES ISSUED IN JAPAN

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

          Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), respectfully represents:

### Preliminary Statement

          1.          Notwithstanding that LBHI's schedules of liabilities include liquidated,

undisputed and non-contingent amounts of approximately $1.8 billion in the aggregate for five

securities (ISIN Nos. JP584117A3C0, JP584117A5A9, JP584117A762, JP584117B760 and

JP584117C768)  (collectively, the "JP Securities") issued by LBHI in Japan that are cleared

through Japan Securities Depository Center Inc. ("JASDEC"), for various reasons described

herein, LBHI was unable to make distributions to holders of the JP Securities on the Plan's initial

distribution date.  This Court's prior *Order Clarifying the Debtors' Supplemental Notice and the*

*Bar Date order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI*, ECF No. 7702 (the "LBHI Issued LPS Order"), authorizes LBHI to rely on the records of JASDEC for the purposes of making distributions on the JP Securities under the Plan. This Motion contemplates additional procedures that supplement the procedures contemplated in the LBHI Issued LPS Order to enable LBHI to make distributions to holders of the JP Securities on each distribution date in the future.

## Background

2.        Commencing on September 15, 2008, and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries (the "Chapter 11 Estates") commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). These chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.        On December 6, 2011, the Court approved and entered an order confirming the Plan. The Plan became effective on March 6, 2012. Pursuant to the Plan, the Plan Administrator is authorized to reconcile claims asserted against the Chapter 11 Estates and make distributions under the Plan.

## Jurisdiction

4.        This Court has subject matter jurisdiction to consider and determine this motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Relief Requested

5.        The Plan Administrator requests, pursuant to section 105(a) of the Bankruptcy Code, approval of an order supplementing the LBHI Issued LPS Order to enable it to make distributions to holders of the JP Securities.

**The Bar Date Order and LBHI Issued LPS Order**

6.       On July 2, 2009, this Court entered the *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for the Filing of Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form*, ECF No. 4277 (the "Bar Date Order"), which established the procedures and deadlines (the "Bar Date") for the filing of prepetition claims against LBHI and its affiliated chapter 11 debtors.  The Bar Date Order included unique claim filing procedures for holders of certain securities designated as "Lehman Programs Securities" published on www.lehman-docket.com.  The list of Lehman Programs Securities included more than 6,000 securities.  Each holder of Lehman Programs Securities was required to obtain blocking numbers and file claims against LBHI.  The Bar Date Order established November 2, 2009 (the "LPS Bar Date") as the deadline for filing claims based on Lehman Programs Securities.

7.       An overwhelming majority of the Lehman Programs Securities were issued by subsidiaries of LBHI and guaranteed by LBHI.  However, a small subset of the Lehman Programs Securities, 56 securities (which includes the JP Securities), was issued directly by LBHI.  Prior to the LPS Bar Date, solely with respect to the Lehman Programs Securities issued by LBHI (the "LBHI Issued LPS"), LBHI identified certain difficulties that would arise in tracking the trading of these securities and the reconciliation of the claims based on the LBHI Issued LPS.  For example, if a holder of an LBHI Issued LPS traded its security, but did not transfer the claim on the claims register, LBHI would not know that a transfer of the security occurred and would pay the holder of the claim.  This raised the possibility of duplicate payments on the LBHI Issued LPS.  To avoid such difficulties, on October 5, 2009, LBHI published the *Supplemental Information Regarding Claims Based on Lehman Programs Securities and Procedures for the Trading of Claims Filed Against Lehman Brothers Holdings*

*Inc. Based on Lehman Programs Securities* (the "<u>Supplemental Notice</u>"), which provided

instructions for the trading of the LBHI Issued LPS and indicated that LBHI intended to amend

its schedules of liabilities to recognize in full its liability under the LBHI Issued LPS.

8.    Following the publication of the Supplemental Notice, in a joint motion

with certain institutions that held LBHI Issued LPS, LBHI sought approval of procedures to

authorize the utilization of the records of the applicable clearing agencies for the purposes of

sending notices and ballots and making distributions to holders of the LBHI Issued LPS.  The

Court entered the LBHI Issued LPS Order on March 22, 2010.  The LBHI Issued LPS Order

includes the following paragraphs:

> ORDERED that, notwithstanding anything to the contrary in the Bar Date
> Order, the LPS Bar Date Notice or the Supplemental Notice, with respect
> to claims against LBHI based exclusively upon the ownership of LBHI
> Issued LPS (such as claims for principal, interest or other return, but
> excluding any claims related to the purchase, sale or issuance of LBHI
> Issued LPS) ("Covered LPS Claims") the Debtors and all parties in
> interest in these chapter 11 cases shall be authorized and directed to rely
> upon, and utilize the records of the clearing agencies (as of the record date
> specified by the Court for voting and the date of a distribution for any
> distributions), for purposes of providing and distributing notices and
> ballots in these chapter 11 cases, tabulating ballots related to any plan and
> making distributions in these chapter 11 cases, in each case solely with
> respect to Covered LPS Claims, and it further
>
> ORDERED that, notwithstanding anything to the contrary in the Bar Date Order,
> the LPS Bar Date Notice or the Supplemental Notice, any proofs of claim
> previously filed or to be filed in respect of Covered LPS Claims shall be
> disregarded for purposes of providing notices in these chapter 11 cases,
> distributing ballots in these chapter 11 cases and making distributions in these
> chapter 11 cases

9.    On August 5 and September 30, 2011, LBHI amended its schedules of

liabilities, ECF Nos. 19036 and 20507, to mark the LBHI Issued LPS as liquidated, non-

contingent, and undisputed liabilities.

**LBHI Was Unable to Make Distributions on the JP Securities**

10.     Leading up to the Plan's effective date, organizing and implementing

distributions on thousands of allowed claims was a massive undertaking.  A significant amount

of time and effort was spent ensuring that distributions were made to the correct parties, at the

correct address or account and in the correct amounts.

11.     In preparation for initial distributions on the LBHI Issued LPS, LBHI and

its distribution agent, Epiq Bankruptcy Solutions, LLC, worked with the various clearing

agencies and paying agents on the mechanics of the distributions to holders of securities issued

by LBHI.  Due to confidentiality concerns, clearing agencies are generally unwilling to disclose

to LBHI the identities of the holders of securities on their books and records.  Accordingly, it

typically is necessary for LBHI to utilize the paying agents/fiscal agents in existence for each

security to make the distributions, who work with the clearing agencies to make the distributions

to the holders of record.  For 51 of the 56 LBHI Issued LPS, which are predominantly cleared

through Euroclear and Clearstream in Europe, satisfactory procedures for the distributions were

agreed upon by LBHI, Epiq, the paying agents and the clearing agencies.  On the Plan's first

distribution date, LBHI delivered Plan distribution amounts to the paying agents for the 51 other

LBHI Issued LPS, who then delivered such amounts to the holders of record on the clearing

agencies' books and records.

12.     However, for the five JP Securities, LBHI was unable to obtain the

agreement from JASDEC and the applicable paying agents to assist in the distributions prior to

the initial distribution date.  During various conversations with JASDEC and certain paying

agents, LBHI was informed that in Japanese insolvency proceedings, JASDEC and the paying

agents typically do not facilitate, and are not contractually or legally required to facilitate, the

distributions to holders of securities.  Furthermore, even to the extent JASDEC and the paying

agents for the JP Securities were willing to facilitate distributions on the JP Securities,

JASDEC's books and records, like all clearing agencies, only identify the banks and brokers that

hold the JP Securities for their customers.  LBHI has been informed that if LBHI were to pay to

the banks or brokers amounts due to their customers without any additional procedures, such

banks/brokers have no obligation under Japanese law to deliver such amounts to their customers.

13.     On the Plan's initial distribution date, LBHI was unable to identify the

parties entitled to distributions on account of the JP Securities and did not have any party willing

or otherwise obligated to assist LBHI in making such payments.  LBHI was unaware of the

unique circumstances giving rise to the distribution difficulties when it included the five JP

Securities in the LBHI Issued LPS Order and agreed to make distributions to holders of these

securities based on the books and records of the applicable clearing agency.

### Proposed Procedures for Distributions to Holders of the JP Securities

14.     The Plan Administrator has now agreed with JASDEC on procedures that

will enable the Plan Administrator to make distributions to holders of the JP Securities.  The Plan

Administrator has filed this motion now in order to have these procedures approved with enough

time to implement the procedures and make distributions to holders of the JP Securities on the

second distribution date under the Plan (scheduled in the Plan for September 30, 2012).

15.     The Plan Administrator considered and discussed numerous potential

alternative procedures for distributions to holders of the JP Securities, including the

establishment of a new bar date for the JP Securities, seeking to remove the securities from

JASDEC to a different clearing agency, and entering into agreements with the various

banks/brokers to assist with the distributions.  However, for numerous reasons, each alternative

was more costly, and/or more time consuming than the procedures proposed herein, or created a

risk of payment to the improper parties. As a result, the Plan Administrator has determined that

the procedures set forth below (the "Supplemental Procedures") are the best procedures when

taking into account factors such as certainty of paying the proper holders, cost, timeliness,

limiting the administrative burden, and the interests of the bondholders. In addition, the

Supplemental Procedures are consistent with the LBHI Issued LPS Order. Since the JP

Securities may continue to be transferred following the initial distribution to the holders of such

securities, the Supplemental Procedures will be utilized on each distribution date to obtain the

identity of the beneficial holders of the JP Securities.[1]

16.     The Supplemental Procedures are as follows:

| Preliminary Notice to Be Provided to Holders of JP Securities | At least 45 days prior to the first distribution date under the Plan following the entry of the proposed order, LBHI will submit a notice (the "Preliminary Notice")[2] to JASDEC, in English and Japanese, in form and substance similar to the notice attached hereto as Exhibit A, with instructions for JASDEC to distribute such notice to all account management institutions and holders of JP Securities in the manner in which JASDEC typically communicates with holders. The Preliminary Notice will provide general information regarding the procedures for distributions on a JP Security. |
| --- | --- |
| Record Date Notice to Be Provided to Holders | On or after the record date established for each distribution date, LBHI will submit a notice |

---

[1] Although the Plan Administrator believes the Supplemental Procedures to be the most efficient of the available procedures for making distributions on the JP Securities, the Plan Administrator reserves the right to seek Court approval to modify these procedures if they are more burdensome or costly than anticipated.

[2] Due to the limited time prior to the next distribution under the Plan, and in order to provide sufficient notice of these proposed procedures to the holders of the JP Securities, the Plan Administrator will distribute the Preliminary Notice prior to the entry of the proposed order. Notwithstanding the distribution of the Preliminary Notice, the Plan Administrator will only implement the Supplemental Procedures, or any modified procedures, to the extent they are approved by the Court.

7

| | |
|---|---|
| of JP Securities | (the "Record Date Notice") to JASDEC, in English and Japanese, in form and substance similar to the notice attached hereto as Exhibit B, with instructions for JASDEC to distribute such notice to all account management institutions and holders of JP Securities in the manner in which JASDEC typically communicates with holders.  The Record Date Notice will include directions and deadlines for obtaining and submitting the Certificate of Book Entry Account Record (defined below) and certain other information required to receive a distribution. |
| Certificate of Book Entry Account Record | Each JP Security holder will be required to obtain from its bank or broker a certificate of book entry account record (a "Certificate of Book Entry Account Record") as of the applicable record date, and return such certificate, along with contact and payment instructions, to LBHI's Japanese counsel at the address set forth in the Record Date Notice on or before the established deadline.<br><br>The Certificate of Book Entry Account Record is necessary for LBHI to validate that such holder actually owns the security and the amount of such holding as of the applicable record date. |
| Distributions on the JP Securities | On each distribution date, LBHI will distribute amounts payable under the Plan to each JP Security holder that timely provides a Certificates of Book Entry Account Record and the other information required by the Record Date Notice. |
| Consequence of Failure to Provide Certificate of Book Entry Account Record on Distribution Dates | On each distribution date, LBHI will only make distributions to the holders of the JP Securities that provide LBHI with a valid Certificate of Book Entry Account Record and all other information and documents required by the Record Date Notice on or prior to the established deadline for each distribution date. If Certificates of Book Entry Account Record and the other information and documents required by the Record Date Notice are not |

| | |
|---|---|
| | provided for any portion of the JP Securities, LBHI will retain the amounts that would have been distributed on such portions.  If a distribution is retained by LBHI and subsequently any holder of a JP Security provides to LBHI documentation that, in LBHI's sole determination, establishes that such entity was a holder of a JP Security, or subsequent transferee of a holder, on a prior record date and that no distribution was made on account of such JP Security on a prior distribution date, LBHI will make a distribution to such entity in the amount that would have been paid on that prior distribution date.  LBHI shall not be required to pay any interest on such amount. |
| The Paying Agents | LBHI may engage paying agents in Japan to assist with the distributions on the JP Securities.  If LBHI engages paying agents, LBHI may incur fees and expenses in connection therewith and/or be obligated to provide an indemnity to such paying agents in connection with the distributions. |
| Expenses Incurred by LBHI | Since the JP Securities require these additional distribution procedures and LBHI will incur fees and expenses in connection therewith (including the fees of Japanese counsel engaged by LBHI to advise on these procedures and to translate the notices and responses received from each holder and potentially the fees of paying agents), on each distribution date, the fees and expenses incurred by LBHI in order to make the distributions in accordance with these procedures may be deducted, on a pro rata basis, from distributions to the holders of the JP Securities. |

### **Approval of the Supplemental Procedures Is Necessary for Execution of the Plan**

17.    The Court has authority to approve the Supplemental Procedures under

section 105(a) of the Bankruptcy Code, which provides the Court broad authority to fashion

appropriate relief.  *See Adelphia Commc'ns Corp. v. America Channel, LLC (In re Adelphia Commc'ns. Corp.)*, 345 B.R. 69, 85 (Bankr. S.D.N.Y. 2006) ("[s]ection 105(a) provides broad equitable power for a Bankruptcy Court to maintain its own jurisdiction and to facilitate the reorganization process."); *In re Neuman*, 71 B.R. 567, 571 (S.D.N.Y. 1987), aff'd, 88 B.R. 30 (S.DN.Y. 1988) ("the basic purpose of [section 105(a)] is to enable the court to do whatever is necessary to aid its jurisdiction, i.e., anything arising in or relating to a bankruptcy case."). Section 14.1 of the Plan expressly retains Bankruptcy Court jurisdiction for, among other things, the purposes of section 105(a) and to issue orders in aid of execution of the Plan.

18.    The Supplemental Procedures are consistent with the Plan and supplement a prior order entered by the Court that provides procedures for the distribution of notices and payments on the JP Securities.  The Supplemental Procedures merely provide the necessary mechanics for distributions on the JP Securities in light of unforeseen issues that arose subsequent to the entry of the LBHI Issued LPS Order and Confirmation of the Plan.

19.    Further, they are designed to protect the rights of the holders of JP Securities by providing fair notice and clear instructions via the Preliminary Notice and Record Date Notice.  Absent the Supplemental Procedures, the Plan Administrator is unable to make Plan distributions to holders of the JP Securities.  Accordingly, the Court's approval of the Supplemental Procedures is necessary to permit execution of the Plan and is an appropriate exercise of the Court's powers conferred by section 105(a) of the Bankruptcy Code.

## **Notice**

20.    No trustee has been appointed in these chapter 11 cases.  The Plan Administrator has served notice of this Motion on (i) the U.S. Trustee; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) JASDEC; and (vi) all other parties entitled to notice in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures for these cases [ECF No. 9635].

JASDEC has informed LBHI that it will distribute a copy of the Preliminary Notice to each

account management institution and holder of JP Securities in the ordinary manner in which it

provides notices to bondholders.  The Plan Administrator submits that no other or further notice

need be provided.

   21.  No previous request for the relief sought herein has been made by the Plan

Administrator to this or any other court.

   WHEREFORE the Plan Administrator respectfully requests that the Court grant

the relief requested herein and such other and further relief as is just.

Dated: July 27, 2012
   New York, New York

       /s/ Robert J. Lemons    
       Robert J. Lemons

       WEIL, GOTSHAL & MANGES LLP
       767 Fifth Avenue
       New York, New York 10153
       Telephone: (212) 310-8000
       Facsimile: (212) 310-8007

       Attorneys for Lehman Brothers Holdings Inc.
       and Certain of its Affiliates

Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                              :    **Chapter 11 Case No.**
                                                   :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :    **08-13555 (JMP)**
                                                   :
                            **Debtors.**           :    **(Jointly Administered)**
-------------------------------------------------------------------x

**PRELIMINARY NOTICE OF PROCEDURES REGARDING DISTRIBUTIONS BY**
**LEHMAN BROTHERS HOLDINGS INC. TO HOLDERS OF SECURITIES WITH ISIN**
**NOs. JP584117A3C0, JP584117A5A9, JP584117A762, JP584117B760 AND JP584117C768**

This is a PRELIMINARY NOTICE to holders of the following securities issued by
Lehman Brothers Holdings Inc. ("LBHI"), ISIN Nos. JP584117A3C0, JP584117A5A9,
JP584117A762, JP584117B760 AND JP584117C768 (the "JP Securities").

This preliminary notice gives information about the procedures to be followed in
connection with distributions to holders of the JP Securities.  A notice with further information
and instructions (the "First Notice") will be issued after August 31, 2012 (the "First Record
Date").

In connection with LBHI's confirmed chapter 11 plan (the "Plan"), LBHI will begin
making semi-annual distributions to holders of the JP Securities on or about September 30, 2012.
The Plan provides that LBHI will make additional distributions on March 30 and September 30
of each year until LBHI has completed its liquidation.

LBHI has requested that the United States Bankruptcy Court enter an order that
establishes specific procedures for distributions to the holders of the JP Securities.  These
procedures are set forth in detail in the *Motion Pursuant to Section 105(a) of the Bankruptcy
Code for a Supplemental Order To Facilitate Distributions to Holders of Certain Japanese
Lehman Programs Securities*, ECF No. [_], available at www.lehman-docket.com.

This Preliminary Notice is to advise holders of the JP Securities that LBHI intends to
make its next distribution (the "First Distribution") on or about September 30, 2012 (the "First
Distribution Date") to all entities that hold a JP Security as of the First Record Date.  All
distributions will be made in US dollars.  Please note that the amount to be paid in the First
Distribution to holders of the JP Securities as of the First Record Date will include the amount
that would otherwise have been payable to holders in April of 2012, as well as any other amount
payable as of September 30, 2012.

To receive a distribution on the First Distribution Date, holders as of the First Record
Date will be required to provide the following to LBHI's Japanese counsel, Junya Naito,
Attorney-at-law, at Momo-o, Matsuo & Namba ("MMN") at 6th Floor Kojimachi Diamond
Building, 4-1 Kojimachi, Chiyoda-ku, Tokyo 102-0083 Japan (Phone: 81-3-3288-
2080/Facsimile: 81-3-3288-2081) on or prior to the deadline that will be given in the First Notice
(which is expected to be on or about September 20, 2012):

1. a Certificate of Book Entry Account Record (a certificate provided in Article 277 of the Act of Book-Entry Transfer of Corporate Bonds, Shares, Etc.) as of the First Record Date;

2. a Request Form for the First Distribution that will be attached to the First Notice and will require information regarding the bank account to which the distribution from LBHI is to be made;

3. an executed certification that you are not on the list of Specially Designated Nationals and Blocked Persons maintained by The Office of Foreign Assets Control of the U.S. Department of the Treasury, a form of which will be attached to the First Notice; and

4. a U.S. tax certification form (a Form W-9 for US payees, or a Form W-8 (one of Form W-8BEN, Form W-8ECI, Form W-8EXP, or Form W-8IMY, as applicable, for foreign payees).[1]

Please note that the distribution will be made in US dollars, and the designated bank account should be able to accept the US dollars or convert to Yen upon receipt.

To obtain a Certificate of Book Entry Account Record as of the First Record Date, the holders of the JP Securities should contact their book entry transfer institution or account management institution (securities company, etc.) where the holders have their accounts of the JP Securities.

Future Distribution Dates.  For each distribution date in the future, the record date will be 30 calendar days prior to such distribution date.  LBHI will provide to Japan Securities Depository Center, Inc. ("JASDEC"), and JASDEC will provide to all account management institutions, a notice in advance of each distribution date.  Holders of the JP Securities will be required to obtain and provide to LBHI a Certificate of Book Entry Account Record, as of the new record date, along with contact and payment instructions, prior to each future distribution date in order to receive that distribution.

**If a holder fails to provide such Certificate of Book Entry Account Record and all other information and documents required in the First Notice or any subsequent notice to LBHI on or prior to the deadline established for such distribution, the holder will not be able to receive any distribution on its JP Securities for that distribution date.  Please also note that each future distribution is subject to the existence of available cash for distribution, and thus holders of the JP Securities are not assured of future distribution.**

---

[1] http://www.irs.gov/instructions/index.html, www.lehman-docket.com, or upon request to lehmancallcenter@epiqsystems.com; and relevant information on Form W-8 is available at http://www.irs.gov/instructions/iw8/ch01.html.

**IMPORTANT DATES FOR THE FIRST DISTRIBUTION**

| | |
|---|---|
| **Record Date:** | **August 31, 2012 (the Certificate of Book Entry Account Record must indicate the holder held the JP Security on the First Record Date)** |
| **Deadline to Provide Certificate of Book Entry Account Record and the Request Form for Distribution:** | **To be announced in the FIRST NOTICE to be issued after the First Record Date. (Expected to be September 20, 2012)** |
| **First Distribution Date:** | **On or about September 30, 2012** |

Certificate of Book Entry Account Records and other information and documents required by the First Notice will be deemed timely submitted only if actually received on or before the relevant deadline at the above address of LBHI's Japanese counsel. Certificate of Book Entry Account Records and other information and documents required by the First Notice will not be permitted to be delivered by facsimile, telecopy, or electronic mail transmission. Full details will be provided in the First Notice, which will be issued on or shortly after the First Record Date.

**You are not required to take any action at this time. This notice is being provided to you for informational purposes only. You will receive the Record Date Notice which will include instructions regarding the submission of the required information.**

**If you have any questions with respect to this preliminary notice, please contact** LBHI.JPsecurities.distribution@mmn-law.gr.jp.

**A CLAIMANT MAY WISH TO CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS. PLEASE NOTE THAT MMN IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

Dated: _____, 2012

Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
| | | |
|---|---|---|
| **In re** | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| **Debtors.** | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**FIRST NOTICE OF PROCEDURES REGARDING DISTRIBUTIONS BY
LEHMAN BROTHERS HOLDINGS INC. TO HOLDERS OF SECURITIES WITH ISIN
NOs. JP584117A3C0, JP584117A5A9, JP584117A762, JP584117B760 AND JP584117C768**

You are receiving this FIRST NOTICE because you are a holder of one or more of the following securities issued by Lehman Brothers Holdings Inc. ("LBHI"), ISIN Nos. JP584117A3C0, JP584117A5A9, JP584117A762, JP584117B760 AND JP584117C768 (the "JP Securities").

This notice is being provided to advise you that LBHI intends to make its next distribution (the "First Distribution") pursuant to its confirmed Chapter 11 Plan (the "Plan") on or about September 30, 2012 (the "First Distribution Date") to all individuals or entities that hold a JP Security as of August 31, 2012 (the "First Record Date"). Please note that the amount to be paid in the First Distribution to holders of the JP Securities as of the First Record Date will include the amount that would otherwise have been payable under the Plan to holders in April of 2012, as well as any amount payable under the Plan as of September 30, 2012.

To receive a distribution on the First Distribution Date, holders as of the First Record Date will be required to provide the following to LBHI's Japanese counsel, Junya Naito, Attorney-at-law, at Momo-o, Matsuo & Namba ("MMN") at 6th Floor Kojimachi Diamond Building, 4-1 Kojimachi, Chiyoda-ku, Tokyo 102-0083 Japan (Phone: 81-3-3288-2080/Facsimile: 81-3-3288-2081) on or prior to **September 20, 2012**:

1. a Certificate of Book Entry Account Record (a certificate provided in Article 277 of the Act of Book-Entry Transfer of Corporate Bonds, Shares, Etc.) as of the First Record Date;

2. a Request Form for Distribution, a form of which is attached hereto as Exhibit 1, which requires information regarding the bank account to which the distribution from LBHI is to be made;

3. an executed certification that you are not on the list of Specially Designated Nationals and Blocked Persons maintained by The Office of Foreign Assets Control of the U.S. Department of the Treasury, a form of which is attached hereto as Exhibit 2; and

4.  a U.S. tax certification form (a Form W-9 for US payees, or a Form W-8 (one of Form W-8BEN, Form W-8ECI, Form W-8EXP, or Form W-8IMY, as applicable, for foreign payees).[1]

Please note that the distribution will be made in US dollars, and the designated bank account should be able to accept the US dollars or convert to Yen upon receipt.[2]

To obtain a Certificate of Book Entry Account Record as of the First Record Date, you should contact the book entry transfer institution or account management institution (securities company, etc.) where you have accounts of your JP Securities.

**If you fail to provide such Certificate of Book Entry Account Record, the attached forms, or the required U.S. tax certification form to LBHI on or prior to September 20, 2012, you will not receive any distribution payment on your JP Securities on the First Distribution Date.  Please also note that each future distribution is subject to the existence of available cash for distribution, and thus holders of the JP Securities are not assured of future distribution.**

Certificate of Book Entry Account Records, the attached forms and the required U.S. tax certification form will be deemed timely submitted only if underlined actually received on or before September 20, 2012 at the address set forth above.  Certificate of Book Entry Account Records, the attached forms and the required U.S. tax certification forms will not be permitted to be delivered by facsimile, telecopy, or electronic mail transmission.

For further information regarding these procedures, please see the *Motion Pursuant to Section 105(a) of the Bankruptcy Code for a Supplemental Order to Faciliate Distributions to Holders of Certain Japanese Lehman Programs Securities*, ECF No. [_], and the related order, ECF No. [_], available at www.lehman-docket.com.

**If you have any questions with respect to this First Notice, please contact** LBHI.JPsecurities.distribution@mmn-law.gr.jp.

**A CLAIMANT MAY WISH TO CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS.  PLEASE NOTE THAT MMN IS NOT PERMITTED TO GIVE LEGAL ADVICE.**

Dated: ____, 2012

---

[1] http://www.irs.gov/instructions/index.html, www.lehman-docket.com, or upon request to lehmancallcenter@epiqsystems.com; and relevant information on Form W-8 is available at http://www.irs.gov/instructions/iw8/ch01.html.

[2] Please note that there will be a $35 fee for receiving payment via wire transfer.

## Exhibit 1

## Request Form for Distribution

Date of the completion of this form:_____

Details of Bondholder

Name: _____

Address:_____

Zip code_____

Tel_____Fax_____

＊    Please fill in below if this form is being submitted by an agent. (In that case, a power of attorney must be attached.)

Name:_____

Address:_____

Tel_____Fax_____

### Details of JP Securities Held by Bondholder on First Record Date

| No. | ISIN Code | Name of the Bond | Face Value of Bond (JPY) | Account Management Institution (AMI) | Account Number at AMI |
|-----|-----------|------------------|--------------------------|--------------------------------------|------------------------|
| 1   |           |                  |                          |                                      |                        |
| 2   |           |                  |                          |                                      |                        |
| 3   |           |                  |                          |                                      |                        |
| 4   |           |                  |                          |                                      |                        |
| 5   |           |                  |                          |                                      |                        |

＊    Please reserve a copy of this form and the certificate of your book entry account records for your reference.

### Details of Bank Account for Receipt of Payments

Bank Name:

Swift Code:

Name of Branch and Branch Number:

Address of Branch:

Name of the Account Holder:

Account Number:

Note (F/F/C, etc., if any):

Signature of Bondholder or Agent:_____

**<u>Exhibit 2</u>**

**<u>CERTIFICATION REGARDING STATUS</u>**

Creditor Name:

I, the undersigned, am the above-referenced creditor, or an authorized signatory for the above-referenced creditor (the "<u>Creditor</u>"), and hereby certify that neither the Creditor nor, to the best of the Creditor's knowledge, any person or entity for whom the Creditor may be acting or who may be the beneficial owner of the applicable claim(s), security//(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the OFAC sanctions regulations and the list of Specially Designated Nationals and Blocked Persons.

Dated: _____

Signature

_____
Print Name

_____
Title (if applicable)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                                    :        **Chapter 11 Case No.**
                                                         :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*    :        **08-13555 (JMP)**
                                                         :
                                    **Debtors.**    :        **(Jointly Administered)**
-------------------------------------------------------------------x

### SUPPLEMENTAL ORDER TO FACILIATE DISTRIBUTIONS TO HOLDERS OF CERTAIN LEHMAN PROGRAMS SECURITIES ISSUED IN JAPAN

Upon the motion dated July 27, 2012 (the "Motion")[1] of Lehman Brothers

Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 105(a) of

chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), supplementing the

Court's prior orders relating to distributions on certain securities issued by LBHI and related

relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the

Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the

Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York

Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and

consideration of the Motion and the relief requested therein being a core proceeding pursuant to

28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance

with the procedures set forth in the amended order entered June 17, 2010 governing case

management and administrative procedures [ECF No. 9635], and it appearing that no other or

further notice need be provided; and the Court having found and determined that the relief

sought in the Motion is in the best interests of LBHI and its estate and creditors and all parties in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

interest; and upon the Court's consideration of the Motion; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that, the Motion is granted; and it is further

ORDERED that the Supplemental Procedures are approved and the Plan

Administrator is authorized to make distributions under the Plan in accordance therewith; and it

is further

ORDERED that, this Order shall have no effect on the provisions of the LBHI

Issued LPS Order as it relates to any LBHI Issued LPS other than the JP Securities; and it is

further

ORDERED that the Plan Administrator is hereby authorized to execute and

deliver all instruments and documents, and take such other actions, as may be necessary or

appropriate to implement and effectuate this Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising

from or related to the implementation of this Order.

Dated:  August __, 2012
        New York, New York


_____
UNITED STATES BANKRUPTCY JUDGE