# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.       Case No. 08-13555 (JMP) (Jointly Administered)

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a).  Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| LMA SPC for and on behalf of the MAP 84  Segregated Portfolio | JPMorgan Chase Bank, N.A. |
| Name of Transferee | Court Claim # (if known): 58221 |
| Name and Address where notices to transferee should be sent: | Amount of Claim: $2,182,469.66 with respect to ISIN XS0244093927,  plus all accrued interest,  any enhanced returns or principal, and expenses and other charges. |
| c/o Knighthead Capital Management<br>623 Fifth Avenue, 29th Floor<br>New York, NY 10022<br>Attn:  Laura Torrado, Esq. | Date Claim Filed: 10/30/09 |
| Last Four Digits of Acct. #: _____ | |
| | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

LMA SPC for and on behalf of Map 84 Segregated Portfolio
By: Knighthead Capital Management, L.L.C., its
Investment Advisor

By: _____      Date: 7/31/2012

    Transferee/Transferee's Agent

**Laura Torrado**
**Authorized Signatory**

*Penalty for making a false statement*: Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>        Case No. <u>08-13555 (JMP)</u> (Jointly Administered)

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 58221 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the partial transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| | |
|---|---|
| JPMorgan Chase Bank, N.A. <br><br> Name of Alleged Transferor <br><br> Address of Alleged Transferor: <br><br> c/o J.P. Morgan Securities <br> Mail Code NY1-M138 <br> 383 Madison Avenue, Floor 37 <br> New York, New York 10179 <br> Attn: Jeffrey L. Panzo | LMA SPC for and on behalf of the MAP 84 Segregated Portfolio <br> Name of Transferee <br><br> Address of Transferee: <br><br> LMA SPC for and on behalf of the MAP 84 Segregated Portfolio <br> c/o Knighthead Capital Management <br> 623 Fifth Avenue, 29th Floor <br> New York, NY 10022 <br> Attn: Laura Torrado, Esq. |

**~DEADLINE TO OBJECT TO TRANSFER~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twentyone (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                        CLERK OF THE COURT

XS0244093927

AGREEMENT AND EVIDENCE OF PARTIAL TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:      THE DEBTOR AND THE BANKRUPTCY COURT

1.      For value received, the adequacy and sufficiency of which are hereby acknowledged, **JPMORGAN CHASE BANK, N.A.** ("Seller") hereby unconditionally and irrevocably agrees, without representation, warranty or recourse except as expressly set forth herein, to sell, transfer and assign to LMA SPC for and on behalf of the MAP 84 Segregated Portfolio (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the Seller's right, title and interest in and to the security identified by ISIN code XS0244093927 (the "Purchased Claim") specified as being held by **ICCREA BANCA S.P.A., AS AGENT ACTING ON BEHALF OF BANCA DI CREDITO COOPERATIVO DI PERGOLA** (the "Beneficial Owner") in Seller's proof of claim filed on 10/30/2009, on behalf of Beneficial Owner, among others, having Claim Number 58221 filed by or on behalf of ICCREA Banca S.p.A. ("Predecessor"), Seller's predecessor in interest (the "Proof of Claim"), as further specified in Schedule 1 hereto, against Lehman Brothers Holdings Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights, title and benefits of Seller and any prior seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, principal, interest, damages, penalties, fees or any other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to or evidencing the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, and (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing; (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c), (d) and (e), the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims or the Seller or any prior seller.

Predecessor transferred the Transferred Claims to **ILLIQUIDX LLP** as evidenced at docket No. 25997 in the Proceedings and ILLIQUIDX LLP transferred the Transferred Claims to Seller as evidenced at docket No. 26015.

2.      Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) the Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsubordinated unsecured claims; (g) Seller has delivered to Purchaser a true and correct copy of (i) the Notice of Proposed Allowed Claim Amount, dated August 24, 2011 (the "First Notice"), (ii) the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011 (the "Revised Notice"), and (iii) the Debtor's One Hundred

EOT Leh BV Note - JPM to Knighthead XS0244093927 POC58221.docx

XS0244093927

Seventy-first Omnibus Objection to Claims (Duplicative of Indenture Trustee Claims), dated August 19, 2011 (the "Objection", together with the First Notice and the Revised Notice, the "Objections"), each of which relates to the Proof of Claim, and as of the date hereof, Seller has not received any additional revised Notice of Proposed Allowed Claim Amount; (h) other than the Objections, there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) all predecessor agreements are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the Seller to the purchaser that are no less favorable than those contained herein; (j) Seller, based on the instruction from the Beneficial Owner, as evidenced by the Beneficial Owner's signature below, represents and warrants to Purchaser that (i) it has full power and authority to execute, and deliver this Agreement and Evidence of Transfer of Claim on behalf of the Beneficial Owner and to contractually bind the Beneficial Owner to the terms of this Agreement and Evidence of Transfer of Claim and (ii) it is duly and validly authorized by, for and on behalf of, the Beneficial Owner to execute and deliver this Agreement and Evidence of Transfer of Claim; (k) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and Beneficial Owner represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; (l) the Transferred Claims and Purchased Security are not subject to or bound by a Plan Support Agreement (as such term is defined in the Second Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors dated as of June 30, 2011); and (m) Seller has not taken any action with respect to the Notice of Proposed Allowed Claim Amount for claim 58221.

3.      Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives, with respect only to the Transferred Claims, to the fullest extent permitted by law any notice or right to receive notice of a hearing with respect to such transfer pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Beneficial Owner hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, that result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.      Seller shall promptly (but in any event on no later than the third (3rd) business day (following receipt) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, (but in any event on no later than the third (3rd) business day following the date hereof), to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall act or omit to act with respect to the Transferred Claims solely to the extent directed by Buyer.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing any prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing any prior seller to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

2

EOT Leh BV Note - JPM to Knighthead XS0244093927 POC58221.docx

XS0244093927

7.    Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 2‍3 day of July 2012.

**SELLER**

**JPMORGAN CHASE BANK, N.A.**

By: _____
Name:    Alexander Wilk
Title:    Authorized Signatory

Address:
c/o J.P. Morgan Securities
Mail Code: NY1-M138
383 Madison Avenue, Floor 37
New York, New York 10179
ATTN: Jeffrey L. Panzo

**BUYER**

**LMA SPC for and on behalf of the MAP 84 Segregated Portfolio**
**By: Knighthead Capital Management, L.L.C., its Investment Advisor**

By: _____
Name:    Laura Torrado
Title:    Authorized Signatory

Address:
c/o Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attention : Laura L. Torrado, Esq.

XS0244093927

Schedule 1

Transferred Claim

Purchased Claim

$2,166,181.94 of $190,423,075.43 with regard to Proof of Claim Number 58221, the ISIN listed below together with interest, fees, expenses and other recoveries due.  The Notice of Proposed Allowed Claim Amount for ISIN XS0244093927 is $4,103,026.11 of which $2,182,469.66 relates to the Transferred Claims herein.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Proof of Claim # | Issuer | Guarantor | Principal/Noti onal Amount | Maturity | Accrued Interest Amount (As of proof of claim filing date) |
|---|---|---|---|---|---|---|---|---|
| Issue of EUR 50,000,000 Euro Inflation Linked Notes due March 2012 Guaranteed by Lehman Brothers Holdings Inc. under the U.S.$45,000,000,000 Euro Medium-Term Note Retail Program | XS0244093927 | 6049180 | 58221 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,500,000 Exchange Rate: 1.4151 USD 2,122,650 | March 1, 2012 | EUR 30,762.45 USD 43,531.94 |

4

BOT Leh BV Note – JPM to Knighthead XS0244093927 POC58221.docx