Hearing Date and Time: August 15, 2012 at 10:00 a.m. (Prevailing Eastern Time)

Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors
of Lehman Brothers Holdings Inc., et al.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | : | Chapter 11 Case No. |
| **LEHMAN BROTHERS HOLDINGS INC., et al.,** | : | 08-13555 (JMP) |
| Debtors. | : | (Jointly Administered) |

---

**OMNIBUS RESPONSE OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO APPLICATIONS FOR ALLOWANCE AND PAYMENT OF FEES AND REIMBURSEMENT OF EXPENSES PURSUANT TO 11 U.S.C. § 503(B) OF: (I) THE AD HOC GROUP OF LEHMAN BROTHERS CREDITORS, (II) THE AD HOC GROUP OF HOLDERS OF NOTES ISSUED BY LEHMAN BROTHERS TREASURY CO. B.V. AND GUARANTEED BY LEHMAN BROTHERS HOLDINGS INC., (III) GOLDMAN SACHS BANK USA AND GOLDMAN SACHS INTERNATIONAL, AND (IV) THE LEHMAN BROTHERS SPECIAL FINANCING INC. WORKING GROUP**

TO:   THE HONORABLE JAMES M. PECK,
        UNITED STATES BANKRUPTCY JUDGE:

The Official Committee of Unsecured Creditors (the "Committee")[1] of Lehman

Brothers Holdings Inc. and each of its affiliated debtors in possession (collectively, the "Debtors")

hereby files this omnibus response to the applications (ECF Nos. 29195, 29222, 29239 and 29240;

---

[1] Pursuant to Section 15.1(a) of the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, the Committee continues to function for certain limited purposes, including all matters related to professional fees.

collectively, the "Applications")[2] for allowance and payment of fees and reimbursement of expenses incurred by professionals pursuant to section 503(b) the Bankruptcy Code of: (i) the Ad Hoc Group of Lehman Brothers Creditors, (ii) the Ad Hoc Group of Holders of Notes Issued by Lehman Brothers Treasury Co. B.V. and Guaranteed by Lehman Brothers Holdings Inc., (iii) the Lehman Brothers Special Financing Inc. Working Group, and (iv) Goldman Sachs Bank USA and Goldman Sachs International (collectively, the "Applicants") and respectfully states as follows:

## BACKGROUND

1.     On December 6, 2011, this Court confirmed the Debtors' Modified Third Amended Joint Chapter 11 Plan (the "Plan"), bringing an end to what has been universally acknowledged to be one of the largest and most complex chapter 11 cases in history. The Plan, which "yielded the most overwhelming outpouring of creditor consensus in the history of insolvency law," was the product of extensive and, at times, difficult negotiations that spanned many months, culminating in a series of meetings that took place in June 2011 among the Debtors, the Committee and the Applicants. (See Transcript of December 6, 2011 Hearing at 69.) Without the efforts of each of these parties, this momentous achievement may never have occurred. In recognition of their efforts, the Applicants now seek reimbursement for the professional fees and expenses they incurred in connection with these chapter 11 cases pursuant to sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code.

## LEGAL STANDARD

2.     Section 503(b)(3)(D) of the Bankruptcy Code permits a court to allow, as an administrative expense, the actual and necessary expenses incurred by a creditor who has made a "substantial contribution" to a chapter 11 case. 11 U.S.C. § 503(b)(3)(D). Section 503(b)(4)

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Applications.

2

authorizes the reasonable compensation for services rendered, and the reimbursement of actual and necessary expenses incurred, by an attorney or accountant of any such creditor. 11 U.S.C. § 503(b)(4).

3. Sections 503(b)(3) and (4) are designed to promote meaningful creditor participation in the reorganization process. See, e.g., In re Richton Int'l Corp., 15 B.R. 854, 855-56 (Bankr. S.D.N.Y. 1981) (noting that "[t]he policy aim of authorization of such compensation is to promote meaningful creditor participation in the reorganization process" and that "[c]oncomitant with the aim of creditor participation is the authorization of compensation for counsel to creditors") (citations omitted). An applicant under section 503(b) need not establish that its efforts alone and exclusively resulted in a "substantial contribution" to a debtor's estate, but rather, it need only demonstrate a credible connection between his efforts and the reorganization process. See In re Granite Partners, L.P., 213 B.R. 440, 447 (Bankr. S.D.N.Y. 1997).

4. While the "substantial contribution" standard under section 503(b)(3)(D) of the Bankruptcy Code requires a factual inquiry, and relief thereunder is narrowly circumscribed, this standard is deemed satisfied in the Second Circuit where the creditor's efforts have substantially contributed to an actual and demonstrable benefit to the debtor's estate and its creditors generally. Typically, bankruptcy courts in the Southern District of New York consider the following factors in determining whether a party has made a substantial contribution to a chapter 11 case: (i) whether the services were provided to the benefit of the estate itself or all parties in the bankruptcy case; (ii) whether the services conferred a direct, significant and demonstrably positive benefit upon the estate; and (iii) whether the services were duplicative of services performed by others. In re Best Prods. Co., 173 B.R. 862, 865-66 (Bankr. S.D.N.Y. 1994) (citations omitted); In re Granite Partners, 213 B.R. at 445 (compensation for substantial

3

contribution is "limited to those extraordinary actions . . . that lead to an 'actual and demonstrable benefit to the debtor's estate, the creditors, and to the extent relevant, the stockholders'") (citations and internal quotations omitted).

**RESPONSE**

5. The Committee believes that there are colorable bases upon which to conclude that the Applicants have met this standard. Each of the Applicants has made a significant contribution to the success of these cases. The Applicants played an integral role in formulating and garnering the necessary support for the Plan. The success of these efforts was demonstrated by the voting results for the Plan and the fact that, at the time of the confirmation hearing, only one objection to the Plan remained unresolved. This unprecedented outcome was the result of the Debtors, the Committee and the Applicants spending many months working behind the scenes to forge consensus and bring about an expeditious resolution of these cases.

6. In seeming recognition of these efforts, the Applications are largely unopposed, with one notable exception. The sole objector, the United States Trustee for Region 2 (the "U.S. Trustee"), filed an omnibus objection to the Applications (the "U.S. Trustee Objection"). [ECF No. 29639]. The U.S. Trustee Objection asserts, among other things, that certain of the Applicants (i) have failed to demonstrate that they provided a substantial contribution to all creditors and the estates as a whole; (ii) have not provided sufficient data for the U.S. Trustee or the Court to assess the scope of their contribution; and/or (iii) seek payment for non-attorney and non-accountant professional services to which they are not entitled under section 503(b) of the Bankruptcy Code. (U.S. Trustee Objection at 16-29.)

7. In light of the U.S. Trustee Objection, and in recognition of the constructive role the Fee Committee has played in resolving issues related to professionals' compensation and reimbursement requests in these chapter 11 cases, the Committee proposes that the Fee Committee

4

be enlisted to facilitate the resolution of the issues raised by the U.S. Trustee. The Fee Committee has institutional knowledge of these cases and the resources necessary to review and analyze the Applicants' requests. Moreover, the Fee Committee will play the role of a disinterested neutral party and help the Applicants and the U.S. Trustee reach a resolution of the issues raised in the U.S. Trustee Objection without significant additional expense to the estates and without the need for judicial intervention.

## CONCLUSION

For the reasons set forth herein, the Committee respectfully requests that the Court (i) enlist the Fee Committee to address the issues raised in the U.S. Trustee Objection, (ii) grant the relief requested in the Applications to the extent recommended by the Fee Committee and deemed appropriate by the Court, and (iii) grant the Committee such other relief as is just.

Dated:    New York, New York
          August 1, 2012

**MILBANK, TWEED, HADLEY & M<sup>c</sup>CLOY LLP**

By: /s/ Dennis F. Dunne
Dennis F. Dunne
Evan R. Fleck
Dennis C. O'Donnell
1 Chase Manhattan Plaza
New York, NY 10005
Telephone: (212) 530-5000

Counsel for Official Committee of Unsecured Creditors of Lehman Brothers Holdings Inc., et al.