UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                                   :

In re                                :           Chapter 11 Case No.

LEHMAN BROTHERS HOLDINGS INC., et al.,  :           08-13555 (JMP)
                                     :

                    Debtors.     :           (Jointly Administered)
                                     :
----------------------------------------------------------x

### AFFIRMATION OF CLAIMANT CRAIG O. BENSON IN OPPOSITION TO DEBTORS' 313th OMNIBUS OBJECTION (TO RECLASSIFY PROOFS OF CLAIM AS EQUITY INTERESTS) DATED JUNE 4, 2012

Craig O. Benson affirms under penalties of perjury as follows:

1.     I was employed by Lehman Brothers from December 1998 through September 2008. My employment by Lehman Brothers was terminated on September 9, 2008, one week prior to the filing of its bankruptcy petition.

2.     For each year between 2003 and 2008, during which time I was paid as a Commissioned Sales Person, Lehman Brothers issued to me an "RSU Agreement", which documented that a portion of my commission income was withheld for payment in the future. Pursuant to the RSU Agreements, I recognized that I was contractually obligated to avoid engaging in any "Detrimental Activity" and that I had other ongoing contract obligations under these Agreements. *See, e.g.*, Debtors' Omnibus Reply to Responses to Debtors' 118th, 130th, 131st, 133d, 134th, 135th, 176th & 207th Omnibus Objections, Dec. 15, 2011, at pp. 65-68 (RSU Agreement for 2004).

3.     After my entry into the RSU Agreements, including after the termination of my employment, I continued to perform all of those contractual obligations.

4.      After the Petition Date, I timely completed and filed the Proof of Claim, receipt of
which Debtors acknowledged. *See* Exhibit 1 hereto. My original Proof of Claim was assigned
Claim No. 2136.

5.      Exhibit 1 includes the portion of my Proof of Claim relevant to my claim for
unpaid commissions withheld in 2008 and with respect to my contract rights under the RSU
Agreements.

6.      The practice followed each year by Lehman Brothers for commissioned
salespeople was to calculate gross production and net production (commission payments) on a
monthly basis. (See attached Compensation Statement, page 3 of Exhibit 1.) Lehman deducted
from my monthly net commissions an amount entitled "Equity Accrual Calculated," which was a
deduction for the Lehman Brothers RSU equity incentive program.

7.      As shown on the attached Compensation Statement (page 3 of Exhibit 1), during
the 2008 fiscal year (beginning December 2007) the sum of $45,201.02 was withheld from my
monthly commissions. This amount was never converted into RSUs; nor was it ever paid to me.

8.      In the year 2003 to 2007, Lehman Brothers withheld from my commissions the
sum of $906,754. *See* page 4 of Exhibit 1. In completing this Affirmation, I realize that I
prepared my Proof of Claim with an incorrect amount and an Amendment may be required.

9.      I never paid tax on the portion of any amount reserved under the RSU
Agreements, either that portion withheld from my bonus or that portion withheld from my
commissions. For prior years, not at issue here, after my interests vested and I was permitted to
draw down on my RSU account, Lehman Brothers would retain a portion in cash to pay the
federal withholding tax, and then would use the balance to provide me with Lehman Brothers
shares. The entire amount of the payment was treated as ordinary income to me and was taxed at
ordinary income rates. My understanding is that Lehman Brothers was entitled to a business

2

expense deduction for the amount of this portion of the bonus, but only at the time that it was actually paid.

10.    The economic substance of the RSU Agreements to me was that a portion of the my commission income was held back, or the amount of any commissions withheld and would be paid to me only after passage of five years, during which I was subject to ongoing contractual obligations.  At no time did Lehman suggest that I had ever failed to perform any of these contractual obligations, the breach of which could result in rescission of my commissions. However, under the terms of the RSU Agreements, Lehman Brothers was not required to pay me anything from these reserved amounts, and in fact Lehman Brothers did not pay me anything, until five years after we entered into that RSU Agreement.

11.    Even after vesting I was not permitted to draw down on the shares until five years after the date of the RSU Agreement.  During this entire time my right to draw down on the shares was contingent on my continued performance of contract obligations.

Affirmed under penalties of perjury this 27 day of July, 2012.


Craig O. Benson

# EXHIBIT 1

Ex. 1, p. 1

B 10 (Official Form 10) (12/07)

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **PROOF OF CLAIM** |

| | |
|---|---|
| Name of Debtor: *Lehman Brothers Holdings* | Case Number: *08-13555* |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): *Craig O. Benson*

Name and address where notices should be sent:
*Craig O. Benson*
*1411 North State Pkwy #35*
*Chicago, IL 60610*

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Telephone number:

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Telephone number:

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ *312,864.31*

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____ **Annual Interest Rate** ___%

**Amount of arrearage and other charges as of time case filed included in secured claim, if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payr~~...~~ ing this proof of claim.

**7. Documents:** Attach redacted co~~...~~ sory notes, purchase orders, invoices, itemized statemen~~...~~ security agreements.
You may also attach a summary. A~~...~~ rfection of a security interest. You may also a~~...~~ le.)

DO NOT SEND ORIGINAL DOC~~...~~ )YED AFTER
SCANNING.

If the documents are not available, please explain:

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000002136

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☒ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☒ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ *312,864.31*

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**Date:** *1/27/09*

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

*Craig O. Benson*

FOR COURT USE ONLY

FILED / RECEIVED

~~JUN~~ 2 9 2009

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**EPIQ BANKRUPTCY SOLUTIONS, LLC**

# EXHIBIT 2

Ex9, P. 2

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien

documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

**_____DEFINITIONS_____**

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**_____INFORMATION_____**

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# EXHIBIT 3

*Ev.1, p-3*

Compensation Statement        * RSU  Equity  Cash  Accrual

Name: ████ - CRAIG O BENSON
From: 12/1/2007 To: 11/30/08

| Year Total | | May-08 | Apr-08 | Mar-08 | Feb-08 | Jan-08 | Dec-07 |
|---|---|---|---|---|---|---|---|
| 2,143,433.06 | Gross Production | 95,662.56 | 301,527.99 | 423,917.55 | 335,811.57 | 285,904.76 | 700,608.63 |
| 314,858.65 | Net Production | 9,999.16 | 37,367.40 | 76,630.26 | 56,148.01 | 49,292.57 | 85,421.26 |
| 14.69 | Average Rate (%) | 10.45 | 12.39 | 18.08 | 16.72 | 17.24 | 12.19 |
| | Prior Months -Deficit/Overage | -0.01 | 0 | 0 | 0 | 0 | 0 |
| | Monthly Payout Balance | 9,999.15 | 37,367.39 | 76,630.26 | 56,148.01 | 49,292.57 | 85,421.26 |
| 0 | Draw Amount | 0 | 0 | 0 | 0 | 0 | 0 |
| 314,858.65 | Total Sales Compensation | 9,999.15 | 37,367.39 | 76,630.26 | 56,148.01 | 49,292.57 | 85,421.26 |
| 259,658.48 | Cash Commissions | 0 | 34,762.03 | 63,176.14 | 48,582.54 | 44,518.16 | 68,619.61 |
| 45,201.02 | Equity Accrual Calculated | 0 | 2,605.37 | 13,454.12 | 7,565.47 | 4,774.41 | 16,801.65 |
| 304,859.50 | Recorded Total Sales Compensation | 0 | 37,367.40 | 76,630.26 | 56,148.01 | 49,292.57 | 85,421.26 |
| | -Deficit/Overage | 0 | -0.01 | 0 | 0 | 0 | 0 |

# EXHIBIT 4

Personal Award Summary

# LEHMAN BROTHERS | LehmanLive

Data as of August 31, 2008

Craig O. Benson

## AWARD UNITS¹ OUTSTANDING

| Grant Date | Description | Grant Price | Grant Value² | Restriction Ends | Units Granted | Dividend Equivalents | Units Delivered | Units Vested³ | Units Outstanding | Market Value at $15.17* |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/01/2008 | July 2008 IR RSU | $20.9600 | $18,697 | 11/30/2011 | 892.03 | 11.28 | 0.00 | 0.00 | 903.31 | $13,703 |
| 12/07/2007 | 2007 IR Firmwide Principal | $47.6000 | $160,664 | 11/30/2012 | 3,375.29 | 69.52 | 0.00 | 0.00 | 3,444.81 | $52,258 |
| 12/07/2007 | 2007 IR Firmwide Discount | $47.6000 | $53,554 | 11/30/2012 | 1,125.09 | 23.20 | 0.00 | 0.00 | 1,148.29 | $17,420 |
| 12/08/2006 | 2006 IR Firmwide Principal | $57.7700 | $37,527 | 11/30/2011 | 649.60 | 19.22 | 0.00 | 0.00 | 668.82 | $10,146 |
| 12/08/2006 | 2006 IR Firmwide Discount | $57.7700 | $12,509 | 11/30/2011 | 216.53 | 6.50 | 0.00 | 0.00 | 223.03 | $3,383 |
| 11/30/2005 | 2005 IR Firmwide Principal | $47.2500 | $175,160 | 11/30/2010 | 3,707.08 | 136.09 | 0.00 | 3,843.17 | 3,843.17 | $58,301 |
| 11/30/2005 | 2005 IR Firmwide Discount | $47.2500 | $58,387 | 11/30/2010 | 1,235.70 | 45.35 | 0.00 | 0.00 | 1,281.05 | $19,434 |
| 12/09/2004 | 2004 IR Firmwide Principal | $32.1750 | $106,899 | 11/30/2009 | 3,322.42 | 149.23 | 0.00 | 3,471.65 | 3,471.65 | $52,665 |
| 12/09/2004 | 2004 IR Firmwide Discount | $32.1750 | $35,633 | 11/30/2009 | 1,107.46 | 49.65 | 0.00 | 0.00 | 1,157.11 | $17,553 |
| 12/10/2003 | 2003 IR Firmwide Principal | $26.7700 | $185,793 | 11/30/2008 | 6,940.36 | 370.34 | 0.00 | 7,310.70 | 7,310.70 | $110,903 |
| 12/10/2003 | 2003 IR Firmwide Discount | $26.7700 | $61,931 | 11/30/2008 | 2,313.44 | 123.60 | 0.00 | 0.00 | 2,437.04 | $36,970 |
| Total | | | $906,754 | | 24,885.00 | 1,003.98 | 0.00 | 14,625.52 | 25,888.98 | $392,736 |
| Total Equity | | | | | | | | | | $392,736 |

* Market value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated stock price. The intrinsic value of stock options is calculated by multiplying the number of options outstanding by the difference between the indicated stock price and the option exercise price. Please note that the current market price is based on a delayed 20 minutes feed from Reuters. (04:03 PM EDT on September 4 2008)

¹ Award Units are those equity-based awards other than stock options, i.e. Restricted Stock Units, Conditional Equity Awards or Contingent Stock Awards, as applicable.
² Grant Value refers to the value of the underlying Lehman Brothers Holdings Inc. shares at the indicated grant price.
³ Units Vested refers to that portion of the award that has become vested and/or subject to limited conditions, as determined under the applicable plan documents.

# EXHIBIT 5

Page                                                          Equity**GP**
Hit <MENU> to return to graph or <PAGE> to continue.
                              LEHMQ US Equity                        Page 4/4
THIS PAGE:  09/26/08  -  09/08/08                              Currency  USD

| | DATE | PRICE | DATE | PRICE | DATE | PRICE |
|---|---|---|---|---|---|---|
| F | 09/26 | .2975 | | | | |
| T | 09/25 | .327 | | | | |
| W | 09/24 | .225 | | | | |
| T | 09/23 | .1375 | | | | |
| M | 09/22 | .185 | | | | |
| | | | | | | |
| F | 09/19 | .2151 | | | | |
| T | 09/18 | .052 | | | | |
| W | 09/17 | .130 | | | | |
| T | 09/16 | .300 | | | | |
| M | 09/15 | .210 | | | | |
| | | | | | | |
| F | 09/12 | 3.650 | | | | |
| T | 09/11 | 4.220 | | | | |
| W | 09/10 | 7.250 | | | | |
| T | 09/09 | 7.790 | | | | |
| M | 09/08 | 14.150 | | | | |

# EXHIBIT 6