# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P. of the transfers, other than for security, of the claims referenced in this evidence and notice.

| Värde Investment Partners (Offshore) Master, L.P. | Illiquidx LLP. |
|---|---|
| Name of Transferee | Name of Transferor |

| Name and Address where notices to transferee should be sent: | Court Claim No.: 41908 |
|---|---|
| Värde Investment Partners (Offshore) Master, L.P.<br>8500 Normandale Lake Boulevard<br>Suite 1570<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: *esteffer@varde.com* | Amount of Claim Transferred: $44,480.58, plus all accrued interest, fees and other recoveries due thereon.<br><br>Date Claim Filed: October 19, 2009 |
| Last Four Digits of Acct. #: _____ | Phone:<br>Last Four Digits of Acct. #: _____ |

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

**Värde Investment Partners (Offshore) Master, L.P.**
By: Värde Investment Partners G.P., LLC, Its General Partner
By: Värde Partners, L.P., Its Managing Member
By: Värde Partners, Inc., Its General Partner

By: /s/ Brad P. Bauer    Date: August 2, 2012
Brad P. Bauer
Senior Managing Director
Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

119-1377/COURT/3509741.1

# United States Bankruptcy Court
## Southern District of New York

In re: Lehman Brothers Holdings, Inc. et al.        Case No. 08-13555 (JMP) (Jointly Administered)

### TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIMS No. 41908 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Transfer of Claim other than for Security in the Clerk's office of this court on            .

| | |
|---|---|
| Illiquidx LLP.<br>Name of Alleged Transferor<br><br>Address of Alleged Transferor:<br>107-111 Fleet Street<br>London EC4A 2AB<br>United Kingdom | Värde Investment Partners (Offshore) Master, L.P.<br>Name of Transferee<br><br>Address of Transferee:<br><br>Värde Investment Partners (Offshore) Master, L.P.<br>8500 Normandale Lake Boulevard<br>Suite 1570<br>Minneapolis, MN 55437<br>Attn: Edwina P.J. Steffer<br>E-mail: esteffer@varde.com |

**~DEADLINE TO OBJECT TO TRANSFER~**

The alleged transferor of the claim is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____        _____
                                                                                    CLERK OF THE COURT

119-1377/COURT/3509741.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO: THE DEBTOR AND THE BANKRUPTCY COURT

1. For value received, the adequacy and sufficiency of which are hereby acknowledged, Illiquidx LLP. ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to Värde Investment Partners (Offshore) Master, L.P. (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the claim amounts specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim number 41908 filed by China Angel Fund (the "Original Claimants") (the "Proofs of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to or evidencing the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller or any prior seller against any prior seller in respect of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 (as "Lehman Programs Securities to which Transfer Relates") attached hereto.

2. Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer of Claim; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors of the Debtor that are not subject to contractual or equitable subordination; (g) Seller has delivered to Purchaser a true and correct copy of the Revised Notice of Proposed Allowed Claim Amount dated October 14, 2011; (h) all documents provided to Purchaser by Seller are true, accurate and complete copies of such documents; (i) all predecessor agreements are substantially similar (and similar in all material respects) to this Agreement, and all such predecessor agreements contain representations, warranties, covenants, agreements and indemnities from the Seller to the purchaser that are no less favorable than those contained herein; (j) Seller does not have any claim, lien or encumbrance upon the Transferred Claims and represents and warrants that, upon consummation of the transactions contemplated in this Agreement and Evidence of Transfer of Claim, Purchaser will own and have good legal and beneficial title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller; and (k) other than with respect to (i) the sum of $1,605.41 received by Seller in connection with the initial Distribution (as defined in the Debtors' Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors, dated December 5, 2011(the "Plan")) related to Proof of Claim number 41908, no payment or other distribution has been received by or on behalf of the Seller, or by any third party on behalf of the Seller, in full or partial satisfaction of, or in connection with, the Transferred Claims.

3. Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by

119-1000/AGR/3452604.2

Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this ___ day of July, 2012.

| | |
|---|---|
| **PURCHASER** | **SELLER** |
| VÄRDE INVESTMENT PARTNERS (OFFSHORE) MASTER, L.P. | ILLIQUIDX LLP |
| By: Värde Investment Partners G.P., LLC, Its General Partner | |
| By: Värde Partners, L.P., Its Managing Member | |
| By: Värde Partners, Inc., Its General Partner | |
| | By: _____ |
| | Name: Celestino Amore |
| By: _____ | Title: *Managing Partner* |
| Name: Todd B. Jelen | |
| Title: Managing Director | 80 Fleet Street |
| | London EC4Y 1EL |
| | UNITED KINGDOM |

2

119-1000/AGR/3452604.2

## SCHEDULE 1

### Purchased Claim

8.825% being USD $44,480.58 of USD $504,029.18 (the allowed amount of the Proof of Claim as of July 31, 2012), plus all accrued interest fees and other recoveries due.

### Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Claim Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Accrued Amount (as of Proof of Claim Filing Date) | Allowed Amount of Claim Transferred to Purchaser |
|---|---|---|---|---|---|---|---|---|---|---|
| Issue of HKD 4,000,000 of Equity Linked Notes under the U.S.$100,000,000,000 Euro Medium-Term Note Program | XS0384984018 | 6010796 | 41908 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holding Inc. | HKD 353,000.00, which is the equivalent of USD $48,537.50 | Zero Coupon and Equity-Linked redemption | 26/09/2008 | | $44,480.58 |

Schedule 1-1

119-1000/AGR/3452604.2