B 210A (Form 210A) (12/09)

# UNITED STATES BANKRUPTCY COURT

Southern District of New York

In re Lehman Brothers Holdings Inc., et al.           Case No. 08-13555 (JMP)

## PARTIAL TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of a portion of the claim referenced in this evidence and notice.

| Elliott International, L.P. | Cantor Fitzgerald & Co. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:
c/o Elliott Management Corporation
40 West 57th Street
New York, N.Y. 10019
Attn: Michael Stephan
Email mstephan@elliottmgmt.com
Phone: (212) 478-2310
Fax:    (212) 478-2311
Last Four Digits of Acct #: _____

Court Claim # (if known): 63660
Amount of Claim: Please see attached schedule
Date Claim Filed:     11/02/2009
Phone: _____

Last Four Digits of Acct#: _____

Name and Address where notices to transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.
     as attorney-in-fact

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: _____          Date: August 7, 2012
      Transferee/Transferee's Agent
      Elliot Greenberg, Vice-President

Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

MSEIDE\211246.1 - 08/01/12

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **CANTOR FITZGERALD & CO.** (collectively, "Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **ELLIOTT INTERNATIONAL, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the principal amount (and corresponding allowed amount) specified in Schedule 1 attached hereto (collectively, the "Purchased Claim"), in Seller's right, title and interest in and to the claims evidenced by Proof of Claim Number **63660** filed by or on behalf of a predecessor in interest of Seller (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim including, for clarity, all amounts distributed on or after the trade date of May 17, 2012 (the "Trade Date"), whether or not the Trade Date is before, on or after any record date with respect to any such amount or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan of reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, and any and all of Seller's right, title and interest in, to and under any right or remedy of Seller against any prior seller in respect of the Purchased Claim, (c) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto, (d) any and all rights, remedies, claims and causes of actions regarding any of the foregoing, and (e) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), (c) and (d) the "Transferred Claims"). For the avoidance of doubt, the Purchaser does not acquire any liabilities or obligations with respect to the Transferred Claims of the Seller or any prior seller.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good legal and marketable title to the Transferred Claims, free and clear of any and all liens, claims, objections, set-off rights, security interests, participations, factoring agreements or encumbrances created or incurred by Seller or against Seller and all filings required to evidence Seller's title to the Transferred Claim have been duly and timely filed with the Court, (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will give rise to any setoff, defense or counterclaim or that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; (g) Seller has delivered to Purchaser a true and correct copy of the Notice of Proposed Allowed Claim Amount for the Proof of Claim referenced in Schedule 1 and as of the date hereof, Seller has not received any revised Notice of Proposed Allowed Claim Amount; (h) there are no objections to the Transferred Claims and all documents provided to Purchaser by Seller , except for the remittance notice, are true, accurate and complete copies of such documents; and (i) other than the distribution made by the Debtor on or about April 17, 2012, no distributions, proceeds, assets, cash or other amounts have been received by Seller in respect of the Transferred Claims.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the

books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4.      All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations, warranties, covenants and agreements made herein.

5.      Seller shall promptly (but in any event no later than three (3) business days) remit any notices, correspondence, payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security. Seller shall take such action or omit to take such action as Buyer reasonably directs with respect to any election to be made with respect to the Transferred Rights if Seller is the record holder of the Purchased Claim in respect to such election.

6.      Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered (including, on Seller's part, causing the immediate prior seller to execute or deliver), all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions (including, on Seller's part, causing the immediate prior seller to deliver distributions and proceeds received by any prior seller and to act) as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim. Seller agrees that all distributions, amounts, proceeds, assets, cash and other property ("Future Distributions")received by Seller or any prior seller on or after the Trade Date (whether or not such Trade Date is before, on or after any record date related to any such Future Distributions) are for the account of Purchaser.

7.      Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 7 day of August 2012.

**SELLER**

CANTOR FITZGERALD & CO.

By: *(signature)*
Name: James Bond
Title: Chief Operating Officer

*(stamp: NATHAN Z. PLOTKIN / ANP / LEGAL DEPARTMENT REVIEWED)*

Address:
110 East 59th Street
New York, NY 10022
Attention: Nathan Plotkin
Telephone: 212-829-4889
Email: nplotkin@cantor.com
Fax: (212) 504-7954

**PURCHASER**

ELLIOTT INTERNATIONAL, L.P.
By: Elliott International Capital Advisors Inc.,
as Attorney-in-Fact

By: _____
Name:
Title:

Address:
Elliott International, L.P.
c/o Elliott Management Corporation
40 West 57th Street, 4th Floor

BV - CFG to Elliott Int'l

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this _7_ day of August 2012.

**SELLER**

CANTOR FITZGERALD & CO.

By:_____
Name:
Title:

**Address:**
110 East 59th Street
New York, NY 10022
Attention: Nathan Plotkin
Telephone: 212-829-4889
Email: nplotkin@cantor.com
Fax: (212) 504-7954

**PURCHASER**

**ELLIOTT INTERNATIONAL, L.P.**
By: Elliott International Capital Advisors Inc.,
as Attorney-in-Fact

By:_____
Name: ELLIOT GREENBERG
Title: VICE PRESIDENT

**Address:**
Elliott International, L.P.
c/o Elliott Management Corporation
40 West 57th Street, 4th Floor

Schedule 1

Transferred Claims

Purchased Claim
$4,715,821.05 of $7,255,109.31, the outstanding amount of the Proof of Claim 63660 as originally filed or $4,703,952.80 of $7,236,850.46, the allowed amount of the Proof of Claim 63660.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Blocking Number | Issuer | Guarantor | Principal/ Notional Amount | Coupon | Maturity | Accrued Amount (as of date of Proof of Claim filing) |
|---|---|---|---|---|---|---|---|---|
| Lehman Brothers Treasury Co. B.V. – issue of EUR 6,500,000 Fixed Rate/Index-Linked Notes due January 2015 guaranteed by Lehman Brothers Holding Inc. under the U.S.$25,000,000,000 Euro Medium-Term Note Program | XS0216921741 | 6020497 | Lehman Brothers Treasury Co. BV | Lehman Brothers Holdings Inc. | EUR 3,250,000.00 (equivalent to US$4,628,975.00 @1.42430) | Fixed Rate / Index-Linked Interest | 31 February 2015 | EUR 60,974.55 (equivalent to US$86,646.05 @1.42430) |