11B, Park Garden<br>
6 Tai Hang Drive<br>
Hong Kong

22 July 2012

The Chambers of the Honorable James M. Peck
One Bowling Green
New York
New York 10004
Courtroom 601



Dear Sirs,

Re: Lehman Brothers Holding Inc.
    Hearing on 19 July 2012
    Forty-Second Omnibus Objection to Claims number 64972
    (Late-Filed Lehman Programs Securities Claims)

My name is Yeung So Fan and my husband's name is Lam Ying Choi. We are small investors residing in Hong Kong. We are deeply regretted to know the objection to our claim has been granted by your Honor. We write in despair to supplement more details of the claim and wish your Honor to decline the objection to our claim.

From what was recorded in the proceeding's transcript, we noticed the proceeding was finished without going through the details of each individual case of the claim under Forty-Second Omnibus Objection due to the fact that there was no claimant to respond to the arguments presented by Ms Eckols representing the debtors. This was totally unfair to small overseas investors, as we have no money to appoint counsel to represent us in the Court. This is the first court case we involved ever in our life and we are unable to know how to deal with the lengthy and huge machine of the US Bankruptcy Court Proceedings. We cannot be treated as a professional body that could understand how the proceedings can be heard.

Refer to the fact our claim was received by EPIQ Bankruptcy Solutions LLP ("EPIQ") on 6 November 2009, 4 days after the Bar date. We agree it is our responsibility to file the claim before the Bar date and we have done so to mail it before the due date on 21 October 2009. It was also noted that the form of "Proof of Claim" only stated a PO box for response without stating the Bar date and our banker ABN AMRO had therefore filed the claim by registered Airmail. However, in subsequent correspondences issued by EPIQ to creditors, say 10 February 2012 to request us to submit the taxpayer identification number on a tax form, EPIQ has stated more clearly on the form to request the creditors to return the forms before a stated deadline to an address (if by overnight mail) or a PO box (by first class mail). It appeared to us that the large number of delays in

2009 could have been avoided if EPIQ could make it more explicit in the "Proof of Form" in 2009.

Refer to the substance of the delay in filing a claim, the delay seems had no effect on the administration of the claims process. In fact, we were given a claim number and letters confirming us our claim was processing in the normal circumstances as other claims:

a) the proposed allowed claim amount on 24 August 2011 issued by United States Bankruptcy Court (Attachment A);
b) the request to submit Tax Form to receive distribution for the claims on 10 February 2012 issued by EPIQ (Attachment B).

This had given us understanding and hope that our claim would be settled soon after 4 years of waiting for a justice to be seen.

Separately, we noticed there were over 200 delayed claims were withdrawn from the Forty-Second Omnibus Objection prior to the hearing on 19 July 2012 and it was totally unreasonable why the eight cases remaining in the Objection would not have withdrawn altogether. In fact, what a coincidence, they were all from Hong Kong and the claims were delayed by 4 days. This had further demonstrated that the delays due to the Hong Kong Postal Office or their corresponding postal agents in New York were not isolated cases in that period.

Lastly, unlike other disallowed and expunging claims, **we would like to express that our claim to Lehman Brothers Holding Inc. is legitimate morally.** Our claim should not be regarded as ill qualified just because of the mailing system breakdown around October/November 2009 and we have no money to appoint counsel to represent us in front of your Honor.

This is a letter written by a Hong Kong working-woman with 2 kids and has never be involved in any court proceeding in the world.

We are very much appreciated if you can re-consider not expunging our case.

Yours faithfully,

Yeung So Fan and Lam Ying Choi
Claimant number 64972
(Previous home address: 12B, Block 1, Flora Garden, 7 Chun Fai Road, Hong Kong
Present home address: 11B, Park Garden, 6 Tai Hang Drive, Hong Kong)

c.c. Mr. Maurice Horwitz, Weil Gotshal and Manges LLP by email sender yeungkathleen@yahoo.com

2

Attachment A
(page 1)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re                                                    : Chapter 11 Case No.
                                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                 : 08-13555 (JMP)
                                                         :
                        Debtors.                         : (Jointly Administered)
                                                         :
------------------------------------------------------x

LBH LPSNTC 08-22-2011 (MERGE2,TXNUM2) 40001 I 1760 BAR(23) MAIL ID *** 000051146971 *** *** BSIUSE: 7341
LAM YING CHOI & YEUNG SO FAN
12B, BLOCK 1, FLORA GARDEN
7 CHUN FAI ROAD
HONG KONG

## THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE PROPOSED ALLOWED CLAIM AMOUNT.

### NOTICE OF PROPOSED ALLOWED CLAIM AMOUNT

| Creditor Name and Address: | Claim Number | Proposed Allowed Claim Amount |
|---|---|---|
| LAM YING CHOI & YEUNG SO FAN<br>12B, BLOCK 1, FLORA GARDEN<br>7 CHUN FAI ROAD<br>HONG KONG | 64972 | $72,070.90 |

PLEASE TAKE NOTICE that, on August 10, 2011, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") entered the *Order Approving the Procedures for Determining the Allowed Amount of Claims Filed Based on Structured Securities Issued or Guaranteed by Lehman Brothers Holdings Inc.* [Docket No. 19120] (the "Order") which provides for procedures for the determination of the allowed amount of the portion of the claim referenced above (the "Claim") that is based on a structured security for purposes of voting and distributions under the debtors' (the "Debtors")[1] proposed chapter 11 plan (the "Plan") in the above-referenced case.

Pursuant to the procedures approved in the Order, Lehman Brothers Holdings Inc. ("LBHI") proposes that the allowed amount of the portion of the Claim that is based on a structured security shall be the amount set forth above under the heading "PROPOSED ALLOWED CLAIM AMOUNT." The Debtors calculated the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies, a copy of which is available for review on www.lehman-docket.com, and is also attached to the motion [Docket No. 18127] (the "Motion") related to the Order. A detailed calculation of the Proposed Allowed Claim Amount in accordance with the Structured Securities Valuation Methodologies is included on Exhibit A annexed hereto. The Proposed Allowed Claim Amount does not have any affect on the portion of your claim that is not based on a structured security.

The Official Committee of Unsecured Creditors of LBHI and its affiliated debtors filed a statement relating to the Motion. The *Statement of Official Committee of Unsecured Creditors In Response to*

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.lehman-docket.com.

Attachment A
(page 2)

## Exhibit A

Claim # 64972
LAM YING CHOI & YEUNG SO FAN

### Calculation of Proposed Allowed Claim Amount

| A | B | C | D | E | F | G |
|---|---|---|---|---|---|---|
| Structured Security, by ISIN | Blocking Number | Maximum Allowable Amount[2] | Percentage of Notional Amount for which Blocking Numbers were Issued by Clearing Agencies | Aggregate Amount Distributable to Claims Based on Relevant ISIN (Equals the Product of C x D with slight differences due to rounding) | Claimant's Percentage of Notional Amount for Which Blocking Numbers were Issued by Clearing Agencies | **PROPOSED ALLOWED CLAIM AMOUNT** (Equals the Product of E x F with slight differences due to rounding) |
| XS0305100892 | CA89360 | $2,450,410.65 | 94.1176% | $2,306,268.85 | 3.1250% | $72,070.90 |
| | | | | | Aggregate Proposed Allowed Claim Amount: | $72,070.90 |
| | | | | | Claim Amount, as filed (portion based on Structured Security only): | $142,430.00 |

---

[2] Calculated in accordance with the Structured Securities Valuation Methodologies.



```
P 646 282 2500  F 646 282 2501
757 THIRD AVENUE, NEW YORK, NY 10017
WWW.EPIQSYSTEMS.COM
```

February 10, 2012

### ***THIRD REQUEST***

***LBH W9-TAX 02/10/12 4000111760***
LAM YING CHOI & YEUNG SO FAN
12B, BLOCK 1, FLORA GARDEN
7 CHUN FAI ROAD
HONG KONG

### THIS IS A NOTICE REGARDING YOUR CLAIM(S). YOU MUST READ IT AND TAKE ACTION IN ORDER TO RECEIVE A DISTRIBUTION FOR YOUR CLAIM(S).

Epiq Bankruptcy Solutions, LLC ("Epiq") is the court-appointed Claims and Noticing Agent in the chapter 11 cases of **Lehman Brothers Holdings Inc.** and its affiliated debtors (collectively, the "Debtors"). Our records indicate that you have a claim on file on the official Claims Register. **We are seeking your taxpayer identification number ("TIN") on a tax form (each, a "Tax Form") and additional required information, as is further outlined below. If you have already provided the TIN, you do not need to provide it again, but you still must provide the additional required information noted below.**

### 1. TAX FORM REQUIRED

Under U.S. federal income tax law (and the tax laws of certain states and localities), interest and other reportable payments may, under certain circumstances, be subject to "backup withholding" at the then applicable backup withholding rate (currently 28%). Backup withholding generally applies if the holder (a) fails to furnish its social security number or other TIN, (b) furnishes an incorrect TIN, (c) fails properly to report interest or dividends, or (d) under certain circumstances, fails to provide a certified statement, signed under penalty of perjury, that the TIN provided is its correct number and that it is a U.S. person that is not subject to backup withholding. Backup withholding is not an additional tax but merely an advance payment of tax, which may be refunded to the extent it results in an overpayment of tax on your tax return and the appropriate information is supplied to the Internal Revenue Service. Certain persons are exempt from backup withholding, including, in certain circumstances, corporations and financial institutions.

In addition, in the case of any holders that are **not** U.S. persons, under U.S. federal income tax law, the Debtors may be required to withhold up to 30% on payments to such persons, depending on the circumstances (including whether the type of income is subject to a lower treaty rate). The Debtors may also place such amount in an escrow pending a determination as to whether the withholding is required under applicable law.

If we do not receive your Tax Form (or we confirm that you are not required to provide one under applicable rules), any distribution to which you may be entitled will be either delayed and/or subject to federal and/or state tax withholding of up to 30%. It is important to note, however, that submission of a Tax Form does not indicate or guarantee that distributions will be made free of any withholding tax. The Debtors will determine their information reporting and withholding tax obligations, if any, for each distribution and each payee based on applicable rules.

Tax Forms will be accepted after December 15, 2011; however, payees must submit the applicable Tax Form(s) at least thirty (30) days prior to a distribution date under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan"), which was approved and confirmed by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on December 6, 2011 [ECF No. 23023], in order to participate in any distributions on such date. The Plan can be found at www.lehman-docket.com.

**ALL FORMS W-8 AND W-9 PROVIDED TO EPIQ MUST INCLUDE THE APPLICABLE CLAIM NUMBER(S) IN THE BOTTOM LEFT CORNER OF THE APPROPRIATE FORM.[1]**

**If you are a U.S. payee**, please complete the attached Form W-9, and return it to Epiq at the address provided below.

**If you are a foreign payee**, please complete the appropriate Form W-8 (one of Form W-8BEN, Form W-8ECI, Form W-8EXP, or Form W-8IMY, as applicable), and return the completed Form W-8 (including all required attachments, as discussed below under the heading "Supplemental Tax Information") to Epiq at the address provided below. Form W-8 and instructions are available at www.irs.gov, www.lehman-docket.com, or upon request to lehmancallcenter@epiqsystems.com.

**Failure to timely return a properly-completed Form W-9 or W-8**, if required by applicable rules, will delay any distribution to which you might otherwise be entitled. Any and all distributions will be made solely pursuant to the Plan.

Your completed Tax Form should have been returned to Epiq so as to be **received** by **December 15, 2011** at the following address:

| If by first-class mail: | If by Hand Delivery or Overnight mail: |
|---|---|
| Lehman Brothers Holdings Claims Processing<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | Epiq Bankruptcy Solutions, LLC<br>Attn: Lehman Brothers Holdings Inc.<br>757 Third Avenue, 3rd Floor<br>New York, NY 10017 |

Our records indicate that we not received one or both of your completed Tax Form or below mentioned Certification Regard Status. Please complete and submit your Tax Form and Certification Regarding Status as soon as possible. Additional information regarding the Tax Forms is attached hereto under the heading "Supplemental Tax Information."

---

[1] If you are submitting a Form W-8IMY, the claim number(s) of a beneficial owner may be listed on the attached Form W-8 or W-9, or on the withholding statements.

## 2. CERTIFICATION REQUIRED CONFIRMING THAT NO ECONOMIC OR TRADE SANCTIONS APPLY

The Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury administers and enforces economic and trade sanctions against certain governments, entities and natural persons based on U.S. foreign policy and national security goals There are (i) country-wide sanctions programs and (ii) a list of Specially Designated Nationals and Blocked Persons (the "List"), which may be found for review on the web site maintained by OFAC at www.treasury.gov, and at http://www.treasury.gov/resource-center/sanctions/SDN-List/Pages/default.aspx.

Under OFAC regulations, the Debtors cannot directly or indirectly make a distribution to anyone who is on the List or with whom transactions are prohibited because of a country sanction. Accordingly, the Debtors require, as a condition of a distribution, the completion of the attached certification (the "Certification Regarding Status").

**In order to receive any distribution to which you otherwise may be entitled, you must complete and submit with your completed Tax Form the attached Certification Regarding Status confirming that neither you nor, TO THE BEST OF YOUR KNOWLEDGE, any person or entity for whom you may be acting or who may be the beneficial owner of the applicable claim(s), security/(ies), or interest(s) is a person or entity with whom it is illegal for a U.S. person to transact under the OFAC sanctions regulations and the List.**

The Debtors **will not** make any distribution to a party that has not provided and updated, as applicable, a Certification Regarding Status. **Please take notice that the Certification Regarding Status has been modified from previous requests to include the underlined capitalized language above.** If you have returned the Certification Regarding Status already, you do not need to return it again. If you have not returned the Certification Regarding Status, please return it with your completed Tax Form to Epiq at the address provided above.

Please be advised that your receipt of this letter and/or return of a completed Tax Form does not mean that your claim has been or will be allowed in full, in part, or at all. The Debtors and their counsel continue to analyze proofs of claim filed against the Debtors and may in the future file objections with the Bankruptcy Court seeking to reduce or disallow and expunge certain claims. If an objection to your claim is filed by the Debtors in the future, you will receive notice thereof and will be provided an opportunity to respond to the objection.

If you have any questions regarding your claim or this request, please contact Epiq at 866-879-0688 (non-US: +1 503-597-7691).

Sincerely,
Epiq Bankruptcy Solutions, LLC

## SUPPLEMENTAL TAX INFORMATION

The following discussion provides additional information concerning the type of Tax Form to be provided based on the nature of the payment and the status of the payee.

A. **U.S. Payees** If you are a U.S. payee (generally, a U.S. citizen or resident, or an entity created or organized under U.S. law), you should provide a Form W-9. Although certain entities are exempt from backup withholding under the Treasury regulations without providing a form, we are requiring all U.S. payees to submit a Form W-9 to assist with processing distributions.

B. **Foreign Payees** If you are a foreign payee (generally, a non-resident alien individual or entity created under non-U.S. law), the Tax Form you need to submit may depend on the type of income which the claim produced, or could have produced, for U.S. federal income tax purposes.

> 1. Foreign Source Income  The Debtors generally will not make a distribution with respect to a claim which produced, or could have produced, foreign source income (as determined for U.S. federal income tax purposes) (e.g., a payment by a guarantor on a debt obligation of a foreign corporation) unless the payee provides an appropriate Form W-8. Certain entities are exempt from backup withholding and information reporting, as provided in Treasury regulation section 1.6049-4(c)(1) ("exempt recipients"). For this purpose, the Debtors intend to treat a foreign payee which is a flow-through entity, or is acting as an intermediary, as an exempt recipient unless the Debtors have actual knowledge that that the beneficial owner is a U.S. person who is not an exempt recipient. If the Debtors treat a foreign payee as an exempt recipient under the foregoing sentence, then the foreign payee can submit Form W-8IMY without attaching Forms W-8 or W-9 of its beneficial holders and a withholding statement.

> 2. U.S. Source Income  The Debtors generally will not make a distribution with respect to a claim which produced, or could have produced, U.S. source income (as determined for U.S. federal income tax purposes) (e.g., a payment by a U.S. corporation with respect to its own debt) to a foreign payee unless the payee provides the appropriate Form W-8. Further, if a foreign payee is acting as an intermediary, except to the extent such payee is treated as a "qualified intermediary" under applicable Treasury regulations, Form W-8IMY must be submitted with (i) the Forms W-8 or W-9 of its beneficial holders and (ii) a withholding statement. Similar rules with respect to the Form W-8IMY apply to payments to foreign partnerships. Payments of U.S. source income to foreign payees may be subject to U.S. withholding tax, unless such income is exempt under U.S. tax law or an applicable U.S. income tax treaty.

C. **Additional Information** The preceding discussion is for general information purposes only and is not intended, and should not be construed as, tax advice. The circumstances surrounding specific claims or creditors may (i) require the submission of additional information or (ii) provide alternative exemptions or reductions in withholding tax. Creditors entitled to distributions under the Plan should consult their tax advisors regarding applicable U.S. federal withholding tax laws as well as any tax consequences arising under the laws of any state, local or foreign taxing jurisdiction. The Debtors reserve the right to request additional information from creditors in order to determine the appropriate information reporting or withholding tax under applicable law.