**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | x | |
| In re | : | Chapter 11 |
| | : | |
| LEHMAN BROTHERS HOLDINGS, INC. *et al.,* | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | x | |

# ORDER GRANTING APPLICATIONS
# FOR THE ALLOWANCE OF INTERIM COMPENSATION
# FOR THE EIGHTH INTERIM PERIOD
# (FEBRUARY 1, 2011 THROUGH MAY 31, 2011)
# FOR PROFESSIONAL SERVICES PERFORMED AND
# REIMBURSEMENT OF ACTUAL AND NECESSARY
# EXPENSES INCURRED AND OTHER RELIEF

Upon consideration of the applications (collectively, the "**Eighth Interim Applications**") for allowance of interim compensation for professional services performed and reimbursement of actual and necessary expenses incurred during the period from February 1, 2011 through May 31, 2011 (the "**Application Period**"), pursuant to sections 330(a) and 331 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, filed by the professionals listed on **Schedule A** annexed hereto (the "**Retained Professionals**"), and upon consideration of the recommended deductions (the "**Recommended Deductions**") from fees and expenses made by the Fee Committee in these Chapter 11 cases ("**Fee Committee**"), rendered after the Fee Committee received and reviewed written comments and/or conferred with Retained Professionals that responded to the issues raised by the Fee Committee's initial recommended deductions distributed to the Retained Professionals during the period from on or about November 1 to December 8, 2011; and after due notice pursuant to the

second amended order entered on June 17, 2010 governing case management and administrative procedures [Docket No. 9635]; and there being no objections to the allowance of the amounts set forth on **Schedule A,** incorporating the Fee Committee's Recommended Deductions as stipulated; and, after due consideration and upon all of the proceedings had before the Court, and sufficient cause appearing therefor, it is hereby

**ORDERED**:

1. The Eighth Interim Applications of the Retained Professionals are granted to the extent provided in Schedule A.

2. Interim compensation to the Retained Professionals for professional services performed during the Application Period is allowed and awarded in the amounts set forth on Schedule A in the column entitled "Fees Allowed" pursuant to section 331 of the Bankruptcy Code.

3. Reimbursement to the Retained Professionals for expenses incurred during the Application Period is allowed and awarded in the amounts set forth on Schedule A in the column entitled "Expenses to be Paid for Current Fee Period."

4. Pursuant to this order, the Debtors are authorized and directed to pay the "Fees Allowed" and the "Expenses to be Paid for Current Fee Period," which amounts are totaled in **Schedule B** in the columns entitled "Total Fees Paid" and "Total Expenses Paid," to the respective Retained Professionals, but only to the extent not previously paid pursuant to the order dated April 14, 2011 governing interim compensation in these cases [Docket No. 15997].

5. Neither the Retained Professionals nor the Fee Committee in stipulating to the entry of this Order waives any right to maintain its respective position in connection with any prior applications for interim compensation or any final application.

Dated: New York, New York
August 7, 2012

    *s/ James M. Peck*
Honorable James M. Peck
United States Bankruptcy Judge

## SCHEDULE A

### CURRENT INTERIM FEE PERIOD
### February 1, 2011 through May 31, 2011
### (Eighth Fee Period)

Case No.:  08-13555 (JMP) (Chapter 11)
Case Name:  In re Lehman Brothers Holdings, Inc., *et al.*

| Applicant | Date/ Document Number of Application | Interim Fees Requested on Application ($) | Fees Allowed ($) | Fees to be Paid for Current Fee Period ($) | Fees to be Paid for Prior Fee Period(s) (if any) (Including Fees Held Back) ($) | Total Fees to be Paid ($) | Interim Expenses Requested ($) | Expenses to be Paid for Current Fee Period[1] ($) |
|---|---|---|---|---|---|---|---|---|
| Gibson Dunn & Crutcher LLP | 08/31/2011 [19619] | 683,708.76 | 664,101.39 | 106,507.93 | 0.00 | 106,507.93 | 16,475.21 | 16,211.15 |
| Kasowitz, Benson, Torres & Friedman LLP | 08/15/2011 [19278] | 730,681.00 | 728,324.50 | 143,771.17 | 0.00 | 143,771.17 | 16,476.19 | 16,476.19 |

**Schedule A**                              **Dated:  August 7, 2012**                              **INITIALS: *JMP*, USBJ**

---

[1]  Pursuant to the Court's *Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals* [Docket No. 15997], professionals receive 100% of the payments requested as reimbursement for expenses incurred in the Application Period.  Reductions to the expenses requested will result in the professional receiving more than it should have for expenses for the Application Period.  These amounts will be deducted from the holdback of fees for this Application Period.

## SCHEDULE B

### CUMULATIVE FEE APPLICATIONS
(September 15, 2008 Through and Including May 31, 2011)

Case No.: 08-13555 (JMP) (Chapter 11)
Case Name: In re Lehman Brothers Holdings, Inc., *et al.*

| Applicant | Total Fees Requested ($) | Total Fees Paid (including amounts to be paid pursuant to this Order) ($) | Total Expenses Requested ($) | Total Expenses Paid (including amounts to be paid pursuant to this Order) ($) |
|---|---|---|---|---|
| Gibson Dunn & Crutcher LLP | 4,096,932.29 | 3,857,747.29 | 56,159.93 | 53,243.25 |
| Kasowitz, Benson, Torres & Friedman LLP | 1,296,436.00 | 1,258,539.14 | 210,982.53 | 210,869.56 |

Schedule B                    Dated: August 7, 2012                    INITIALS: *JMP*, USBJ