**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------x
In re                                               :        **Chapter 11 Case No.**
                                                    :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,  :        **08-13555 (JMP)**
                                                    :
                             **Debtors.**          :        **(Jointly Administered)**
-------------------------------------------------------------------x

**SECOND SUPPLEMENTAL ORDER GRANTING DEBTORS'**
**FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS**
**(LATE-FILED LEHMAN PROGRAMS SECURITIES CLAIMS)**

Upon the forty-second omnibus objection to claims, dated September 13, 2010

(the "Forty-Second Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc. and its

affiliated debtors in the above-referenced chapter 11 cases, as debtors and debtors in possession

(collectively, the "Debtors"), pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 6664] (the "Procedures Order"), seeking the disallowance and expungement of the

Late-Filed LPS Claims on the basis that they were filed after the Securities Programs Bar Date,

all as more fully described in the Forty-Second Omnibus Objection to Claims; and due and

proper notice of the Forty-Second Omnibus Objection to Claims having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the (i)

Response of Yu Chun Kwan [ECF No. 12107]; (ii) Response of Lam Ying Choi & Yeung So

Fan [ECF No. 11944]; (iii) Response of Chau Kam Man & Chiang Wai Man Vivian [ECF No.

11945]; (iv) Response of Ie She Hoen & Tan Tjiang Moy [ECF No. 11947]; (v) Response of

Wong Yee Wan & Poon Kai Hung [ECF No. 11955]; (vi) Response of Yam Chak Hong Henry

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Debtors' Forty-Second Omnibus Objection to Claims.

[ECF No. 11973]; and (vii) Omnibus Reply to Certain Responses to Debtors' Forty-Second and

Forty-Third Omnibus Objections to Claims [ECF No. 29443], and the argument at the hearing

held July 19, 2012; and the Court having found and determined that the relief sought in the

Forty-Second Omnibus Objection to Claims is in the best interests of the Debtors, their estates,

creditors, and all parties in interest and that the legal and factual bases set forth in the Forty-

Second Omnibus Objection to Claims establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Forty-Second Omnibus Objection to

Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto (collectively, the "Expunged LPS Claims") are disallowed and

expunged in their entirety with prejudice; and it is further

ORDERED that this Order supersedes all previous orders regarding the

disposition of the Expunged LPS Claims listed on Exhibit 1 annexed hereto; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Forty-Second

Omnibus Objection to Claims that is not listed on (i) Exhibit 1 annexed hereto; (ii) Exhibit 1

annexed to the Order Granting Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed

Lehman Programs Securities Claims) [ECF No. 12407]; or (iii) Exhibit 1 annexed to the

Supplemental Order Granting Debtors' Forty-Second Omnibus Objection to Claims (Late-Filed

Lehman Programs Securities Claims) [ECF No. 18203]; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated:  New York, New York
        August 8, 2012

                                    _s/ James M. Peck_____
                                    HONORABLE JAMES M. PECK
                                    UNITED STATES BANKRUPTCY JUDGE