UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
**In re**                                         :      **Chapter 11**
                                                  :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*      :      **Case No.: 08-13555 (JMP)**
                                                  :
        **Debtors.**                              :      **(Jointly Administered)**
                                                  :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PARTIAL TRANSFER OF CLAIMS**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.    TO:    **DEUTSCHE BANK AG, LONDON BRANCH**
             c/o Deutsche Bank Securities Inc.
             60 Wall Street , 3rd Floor
             New York, New York 10005
             Attn:  Rich Vichaidith
             Email: richard.vichaidith@db.com

2.    Please take notice that $22,771,853.90 of your claims against Lehman Brothers
Holdings Inc., arising from and relating to Proof of Claim Nos. 21894 and 21893
(attached as Exhibit A hereto), has been transferred to:

             **CHIMNEY ROCK VALUE FUND, L.P.**
             350 Park Avenue
             New York, NY 10022
             Attn: Beau Lescott
             Email: blescott@zbi.com

                 with a copy to:

             Attn: Erica Lee, General Counsel
             Ziff Brothers Investments, L.L.C.
             Email: elee@zbi.com

        An executed "Evidence of Transfer of Claim" is attached, for each claim, as
Exhibit B hereto. All distributions and notices regarding the transferred portion of the
claims should be sent to the Transferee at the above address, with a copy to:

             Davis Polk & Wardwell LLP ("Davis Polk")
             450 Lexington Avenue
             New York, NY 10017-3904
             Fax: 212-701-5800
             Attn: Eric Ruiz

3.      No action is required <u>if you do not object</u> to the partial transfer of your claims. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIMS, WITHIN 21 DAYS OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

> United States Bankruptcy Court
> Southern District of New York
> Attn: Clerk of Court
> Alexander Hamilton Custom House
> One Bowling Green
> New York, NY 10004-1408

--      **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--      Refer to the proof of claim numbers 21894 and 21893 in your objection and any further correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIMS.**

CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

PROOF OF CLAIM NO(s). _____

Copy: (check) Claims Agent____ Transferee____ Debtors' Attorney____

_____
Clerk of the Court

**EXHIBIT A**

| *United States Bankruptcy Court/Southern District of New York*<br>Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | **PROOF OF CLAIM** |
|---|---|---|
| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 888018060 |
| Name of Debtor Against Which Claim is Held<br>LEHMAN BROTHERS SPECIAL FINANCING INC. | Case No. of Debtor<br>08-13888 (JMP) | |
| | | **THIS SPACE IS FOR COURT USE ONLY** |

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 888018060*****
GE FINANCIAL MARKETS
LE POLE HOUSE
SHIP STREET GREAT
DUBLIN 8
IRELAND  *Attn: Rajiv Mehra, General Manager*
cc: *General Electric CAPITAL Corporation*
*201 High Road, Stamford, CT 06927*
*Attn: Senior VP-Corporate Treasury and Global Fund*
Telephone number:          Email Address:          *Operation*

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim
Number: _____
*(If known)*

Filed on: _____

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

SCHEDULE G - EXECUTORY CONTRACT OR UNEXPIRED LEASE

DESCRIPTION:
DERIVATIVE MASTER ACCOUNT NUMBER 060204GEFM

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:          Email Address:

**1.   Amount of Claim as of Date Case Filed: $ $237,802,450.90**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete Item 5.

If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*

☐ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2.   Basis for Claim:** See attached schedule.
(See instruction #2 on reverse side.)

**3.   Last four digits of any number by which creditor identifies debtor:** _____
     **3a. Debtor may have scheduled account as:** _____
          (See instruction #3a on reverse side.)

**4.   Secured Claim (See instruction #4 on reverse side.)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

**6.   Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $** _____
     (See instruction #6 on reverse side.)

**5.   Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

**7.   Credits:** The amount of a
**8.   Documents:** Attach redac
orders, invoices, itemized state
Attach redacted copies of docu
*on reverse side.)* If the docume
DO NOT SEND ORIGINAL
SCANNING.
If the documents are not availa

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000021894

[barcode]

° making this proof of claim.
omissory notes, purchase
nd security agreements.
*(See definition of "redacted"*

)ESTROYED AFTER

**FOR COURT USE ONLY**

```
FILED / RECEIVED

SEP 2 1 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC
```

| Date:<br>9/18/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br>[signature]  *Eric C. Duenwald  201 Highridge Rd<br>Stamford, CT 06907<br>Director  (203) 351-4290* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
----------------------------------------------------------x
In re:                                  )    Chapter 11
                                        )
Lehman Brothers Holdings Inc.           )    Case No. 08-13555 (JMP)
                                        )    (Jointly Administered with
                       Debtor.          )    Case No. 08-13888)
----------------------------------------------------------x
```

## ATTACHMENT TO PROOF OF CLAIM OF GE FINANCIAL MARKETS

1.      GE Financial Markets ("Claimant") is filing this Proof of Claim against Lehman

Brothers Holdings Inc. ("Debtor") with respect to amounts owed by Debtor to Claimant pursuant

to Debtor's guarantee of the obligations of Lehman Brothers Special Financing Inc. ("LBSF")

under a 2002 ISDA  Master Agreement (the "Master Agreement") dated as of December 1, 2004

between Claimant and LBSF.  The guarantee obligations of Debtor are set forth in a Guarantee

dated as of December 1, 2004 (the "Guarantee").

2.      When the Debtor filed for Chapter 11 protection on September 15, 2008, there

were numerous derivative transactions between Claimant and LBSF (the "Transactions") that

were  outstanding under the Master Agreement.   Since that filing constituted an Event of Default

with respect to LBSF under the terms of the Master Agreement, Claimant subsequently

designated September 15, 2008 as the Early Termination Date with respect to the Transactions.

That termination was accomplished by means of a notice sent by Claimant to LBSF in

accordance with the terms of Section 6(a) of the Master Agreement.

3.      Claimant has calculated in accordance with the terms of Section 6(e) of the

Master Agreement that there is a payment due from LBSF to Claimant in respect of the Early

Termination Date which, after applicable netting, set-off and application of collateral, has the

principal amount of $237,802,450.90  (the "Termination Amount") and Claimant has also

determined that LBSF owes interest on the Termination Amount in accordance with the terms of the Master Agreement (the "Termination Interest", with the Termination Amount and the Termination Interest being collectively referred to as the "Termination Claim"). The details of the calculation of the Termination Amount are set forth in a statement sent by Claimant to LBSF in accordance with the terms of Section 6(d) of the Master Agreement. LBSF is also obligated under the Master Agreement to reimburse Claimant for reasonable fees and expenses which are not presently fully ascertainable. The amounts owed by LBSF are also owed by the Debtor under the terms of the Guarantee.

4.    Claimant expressly reserves the right to amend or supplement this Proof of Claim for any purpose whatsoever, including but not limited to the purposes of increasing the amount of its claim hereunder, fixing or liquidating any claims stated herein, specifying claims for ongoing obligations of Debtor that are not expressly described herein.

5.    Claimant may have post-petition expense claims against Debtor. By filing this Proof of Claim, Claimant does not waive any of its post-petition claims against Debtor, and expressly reserves all of its rights in connection with such claims.

6.    To the best of Claimant's knowledge, no judgment has been rendered on the claims set forth herein.

7.    To the best of Claimant's knowledge, all payments made by Debtor in connection with the claims asserted herein have been credited and deducted for the purposes of making this Proof of Claim.

8.    Claimant does not waive any right of action that it has or may have against Debtor or any other person or persons.

9.      In filing this Proof of Claim, Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim.

10.     The filing of this Proof of Claim is not intended and should not be construed to be an election of remedies or waiver of any past, present or future defaults or events of default under any agreements between Claimant and Debtor.

11.     Since this claim is based on a Guarantee of a Derivative Contract, the supporting documentation will be filed electronically in accordance with the special procedures for Guarantees and Derivative Contracts.

**United States Bankruptcy Court/Southern District of New York**
Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: | Chapter 11 |
|---|---|
| Lehman Brothers Holdings Inc., et al.
**Debtors.** | Case No. 08-13555 (JMP)
(Jointly Administered) |
| *Name of Debtor Against Which Claim is Held* | *Case No. of Debtor* |
| Lehman Brothers Holdings Inc. | 08-13555 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

# PROOF OF CLAIM

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)       0000021893

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

GE Financial Markets
LE POLE HOUSE, SHIP STREET GREAT, DUBLIN 8-IRELAND
Attention: Rajiv Mehra, General Manager
cc: General Electric Capital Corporation
201 High Ridge Road, Stamford, CT 06927
Attention: Senior VP - Corporate Treasury and Global Funding Operation

Telephone number:                    Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above)

Telephone number:                    Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ $237,802,450.90

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*

***IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**

☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. **Basis for Claim:** See attached schedule.
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____ Annual Interest Rate _____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____ Basis for perfection: _____
   **Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

5. **Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
   (See instruction #6 on reverse side.)

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

**Amount entitled to priority:**

$_____

7. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

**FILED / RECEIVED**

SEP 21 2009

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date:
9/18/09 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
Eric C. Dennwald 201 High Ridge Rd.
Director    Stamford, CT 06927
(203) 357-4296 |

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Lehman Brothers Special Financing Inc. | ) | Case No. 08-13888 (JMP) |
| | ) | (Jointly Administered with |
| Debtor. | ) | Case No. 08-13555) |

---------------------------------------------------------------x

### ATTACHMENT TO PROOF OF CLAIM OF GE FINANCIAL MARKETS

1.      GE Financial Markets ("Claimant") is filing this Proof of Claim against Lehman

Brothers Special Financing Inc. ("Debtor") with respect to amounts owed by Debtor to Claimant

pursuant to a 2002 ISDA  Master Agreement (the "Master Agreement") dated as of December 1,

2004 between Claimant and Debtor.  The obligations of Debtor under the Master Agreement are

guaranteed by Lehman Brothers Holdings Inc. (the "Guarantor") pursuant to the terms of a

Guarantee dated as of December 1, 2004 (the "Guarantee").

2.      When the Guarantor filed for Chapter 11 protection on September 15, 2008, there

were numerous derivative transactions between Claimant and Debtor (the "Transactions") that

were  outstanding under the Master Agreement.   Since that filing constituted an Event of Default

with respect to Debtor under the terms of the Master Agreement, Claimant subsequently

designated September 15, 2008 as the Early Termination Date with respect to the Transactions.

That termination was accomplished by means of a notice sent by Claimant to Debtor in

accordance with the terms of Section 6(a) of the Master Agreement.

3.      Claimant has calculated in accordance with the terms of Section 6(e) of the

Master Agreement that there is a payment due from Debtor to Claimant in respect of the Early

Termination Date which, after applicable netting, set-off and application of collateral, has the

principal amount of $237,802,450.90 (the "Termination Amount") and Claimant has also

determined that Debtor owes interest on the Termination Amount in accordance with the terms of the Master Agreement (the "Termination Interest", with the Termination Amount and the Termination Interest being collectively referred to as the "Termination Claim"). The details of the calculation of the Termination Amount are set forth in a statement sent by Claimant to Debtor in accordance with the terms of Section 6(d) of the Master Agreement. The Debtor is also obligated under the Master Agreement to reimburse Claimant for reasonable fees and expenses which are not presently fully ascertainable.

4.      Claimant expressly reserves the right to amend or supplement this Proof of Claim for any purpose whatsoever, including but not limited to the purposes of increasing the amount of its claim hereunder, fixing or liquidating any claims stated herein, specifying claims for ongoing obligations of Debtor that are not expressly described herein.

5.      Claimant may have post-petition expense claims against Debtor. By filing this Proof of Claim, Claimant does not waive any of its post-petition claims against Debtor, and expressly reserves all of its rights in connection with such claims.

6.      To the best of Claimant's knowledge, no judgment has been rendered on the claims set forth herein.

7.      To the best of Claimant's knowledge, all payments made by Debtor in connection with the claims asserted herein have been credited and deducted for the purposes of making this Proof of Claim.

8.      Claimant does not waive any right of action that it has or may have against Debtor or any other person or persons.

9.      In filing this Proof of Claim, Claimant does not submit itself to the jurisdiction of this Court for any purpose other than with respect to this Proof of Claim.

10.     The filing of this Proof of Claim is not intended and should not be construed to be an election of remedies or waiver of any past, present or future defaults or events of default under any agreements between Claimant and Debtor.

11.     Since this claim is based on a Derivative Contract, the supporting documentation will be filed electronically in accordance with the special procedure for Derivative Contracts.

Danica Williams
Direct Dial: (212) 906-4643
Danica.Williams@lw.com

53rd at Third
885 Third Avenue
New York, New York  10022-4834
Tel: +1.212.906.1200  Fax: +1.212.751.4864
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Abu Dhabi | Munich |
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Orange County |
| Doha | Paris |
| Dubai | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |
| Moscow | |

September 21, 2009

**VIA MESSENGER**
Epiq Bankruptcy Solutions, LLC
Attn: Lehman Brothers Holdings Claims Processing
757 Third Avenue, 3rd Floor
New York, New York 10017

Re:    Lehman Brothers Holdings Inc., et al. Debtors # 08-13555, Proof of Claim

Dear Sir/Madam:

Enclosed please find two original and two file copy versions of the *Proof of Claim* in respect of GE Financial Markets' claims against Lehman Brothers Holdings Inc. and Lehman Brothers Special Financing Inc.

Please time-stamp the copy versions of the Proof of Claim and return it in the enclosed prepaid FedEx envelope, provided for your convenience.

Respectfully submitted,

Danica Williams, Associate
of LATHAM & WATKINS LLP

Enclosure

**EXHIBIT B**

**EXHIBIT B**

EVIDENCE OF TRANSFER OF CLAIM

TO:   United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Special Financing Inc. (the "Debtor")
Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 21894

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 21894, solely to the extent of $22,771,853.90, (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated  July 26    2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____

    Name:

    Title:

Ross Miller
Director

By: _____

    Name:

    Title:

Michael Sutton
Managing Director

EVIDENCE OF TRANSFER OF CLAIM

TO:   United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
      Attn:  Clerk

AND TO:  Lehman Brothers Holdings Inc. (the "Debtor")
         Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 21893

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

          with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 21893, solely to the extent of $22,771,853.90, (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated ___July 26___ 2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

Ross Miller
Director

By: _____
    Name:
    Title:

Michael Sutton
Managing Director

By: _____
    Name:
    Title: