Hearing Date: August 23, 2012 at 10:00 p.m. (ET)

Jonathan S. Henes
Craig A. Bruens
Peter Tsao
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Counsel to Dow Corning Corporation

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| Lehman Bros. Holdings, *et al*., | ) Case No. 08-13555 |
| Debtors. | ) Jointly Administered |

**DOW CORNING CORPORATION'S RESPONSE
IN OPPOSITION TO THE DEBTORS' THREE HUNDRED
TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Dow Corning Corporation ("Dow Corning") hereby submits this response (the "Response") to the Debtors' Three Hundred Twenty-Third Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 29295] (the "Claims Objection"), and in support thereof, respectfully represents as follows:

**Preliminary Statement**

1.    Through the Claims Objection, Lehman Brothers Holdings, Inc. ("LBHI") and its affiliated debtors in the above-captioned chapter 11 cases (collectively, the "Debtors") seek entry of an order disallowing and expunging certain claims, including Claim Nos. 43840 and 43964 filed by Dow Corning (together, the "Dow Corning Claims"), on the basis that they were not

K&E 17882834

filed by the Bar Date (as defined herein). As more fully described herein, Dow Corning timely filed a claim in the wrong proceeding and submits that it satisfies the excusable neglect standard with respect to the late filing of the Dow Corning Claims. Accordingly, Dow Corning respectfully requests that this Court overrule the Claims Objection with respect to the Dow Corning Claims and deem the Dow Corning Claims to have been timely filed.

**Background**

2.     On or after September 15, 2008 (the "Petition Date"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "LBHI Cases"). Pursuant to the order dated July 2, 2009, this Court set September 22, 2009 (the "Bar Date") as the deadline for filing claims against the Debtors in the LBHI Cases.

3.     Dow Corning and Lehman Brothers Special Financing ("LBSF"), a debtor in the LBHI Cases, were parties to an ISDA Master Agreement, dated as of February 21, 2005 (the "Swap Agreement"). Pursuant to the Swap Agreement, the parties entered into certain transactions which remained outstanding as of the Petition Date. Additionally, pursuant to the Guarantee of Lehman Brothers Holdings Inc, LBHI unconditionally guaranteed the obligations of LBSF arising out of the Swap Agreement (the "Swap Agreement Guarantee").[1]

4.     The commencement of the LBHI Cases triggered an event of default under the Swap Agreement. As a result, on September 16, 2008, Dow Corning sent LBSF a Notice of Default (the "Notice") designating September 16, 2008 as the Early Termination Date (as defined in the Swap Agreement). In addition, on September 29, 2008, Dow Corning sent LBSF

---

[1] See Declaration of Kathaleen M. Smith in Support of Dow Corning Corporation's Response in Opposition to the Debtors' Three Hundred Twenty-Third Omnibus Objection to Claims (Late-Filed Claims) (the "Smith Declaration") at ¶ 4, attached hereto as Exhibit A.

2

a demand for payment in the amount of $3,612,935.35 (the "Demand Letter") based on termination of the Swap Agreement.[2]

5. Shortly after sending the Demand Letter to LBSF, Dow Corning received notice (the "SIPA Notice) of a liquidation proceeding pending in this Court captioned as <u>In re Lehman Brothers Inc.</u>, Debtor, Case No. 08-01420 (JMP) SIPA (the "LBI SIPA Proceeding"), which the Securities Investor Protection Corporation initiated against Lehman Brother Inc. ("LBI"). The SIPA Notice informed Dow Corning that claim forms were being mailed to customers of the Debtor (which Dow Corning received), and that such customers who sought the maximum protection for their claims must file a claim on or before January 30, 2009. Believing that the LBI SIPA Proceeding was the appropriate forum for its claims relating to the Swap Agreement, on or about January 22, 2009, Dow Corning filed the "customer claim form" that was included with the SIPA Notice (the "Customer Claim").[3] A copy of the Customer Claim is attached hereto as <u>Exhibit B</u>.

6. On September 28, 2009, six days after the Bar Date and almost eight months after the Customer Claim was filed, the trustee overseeing the LBI SIPA Proceeding (the "SIPA Trustee") sent Dow Corning a letter (the "LBI Letter") denying the Customer Claim, which is attached hereto as <u>Exhibit C</u>. As set forth in the LBI Letter, the SIPA Trustee denied the Customer Claim because Dow Corning did not have a relationship with or claim against LBI.[4]

7. After receiving the LBI Letter, Dow Corning realized that its claims were

---

[2] <u>Id.</u> at ¶ 5.

[3] <u>Id.</u> at ¶ 6.

[4] <u>Id.</u> at ¶ 7.

3

inappropriately filed as customer claims against LBI in the LBI SIPA Proceeding. Accordingly, on October 22, 2009, Dow Corning promptly filed the Dow Corning Claims and corresponding questionnaires in the LBHI Cases.[5] Copies of the Dow Corning Claims are attached hereto as Exhibit D. On September 13, 2010, the Debtors filed the Debtors' Fortieth Omnibus Objection to Claims (Late-Filed Claims) [Docket No. 11305] (the "Prior Claims Objection"). The Prior Claims Objection was substantially similar to the Claims Objection. On February 25, 2011, the Debtors withdrew without prejudice the Prior Claims Objection as to the Dow Corning Claims.[6] On July 9, 2012, the Debtors filed the Claims Objection.

## Response

**The Claims Objection Should be Denied Because the Delay in Filing was the Result of Excusable Neglect.**

8.  Bankruptcy Rule 9006(b)(1) permits a court to treat a late-filed claim as timely where the delay in filing is the result of excusable neglect. The Supreme Court has held that, in addition to intervening circumstances beyond the party's control, neglect encompasses inadvertence, mistake or carelessness. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 392, 395 (1993). Whether such neglect is excusable is determined by "taking account of all relevant circumstances surrounding the party's omission." Id. at 395.

9.  The Pioneer court enumerated the following four factors to consider when determining whether a delay constitutes excusable neglect: (a) the danger of prejudice to the debtor; (b) the length of the delay and its potential impact on judicial proceedings; (c) the reason

---

[5] Id. at ¶ 8.

[6] See Notice of Withdrawal of Debtors Fortieth Omnibus Objection to Claims (Late Filed Claims) as to Certain Claimants [Docket No. 14672].

for the delay, including whether it was within the reasonable control of the claimant; and (d) whether the claimant acted in good faith.  Id.

10.     This Court recently recognized that the Second Circuit takes a "hard line" approach to applying the Pioneer standards, primarily focusing on the reason for delay because "the other factors will typically favor the party seeking the extension."  See In re Lehman Brothers Holdings Inc., 433 B.R. 113, 120 (Bankr. S.D.N.Y. 2010) (citing In re Enron Corp., 419 F.3d 115, 121-23 (2d Cir. 2005)).  However, all of the Pioneer factors need not weigh in favor of the party seeking relief.  See In re Enron Corp., No. 01-16034, 2003 WL 21756785, at *4, *6 (Bankr. S.D.N.Y. July 30, 2003) (the court found the claimant's reason for delay in filing its proof of claim was unsatisfactory, but, nevertheless deemed the claim timely filed because doing so did not prejudice the debtor, the length of the delay was minimal and the creditor acted in good faith).  Here, Dow Corning submits that the Pioneer factors all weigh in favor of a finding that the late filing of the Dow Corning Claims was the result of excusable neglect.  Therefore, the Claims Objection should be denied.

### I.     Holding that the Dow Corning Claims are Timely Filed Will Not Prejudice the Debtors.

11.     Treating the Dow Corning Claims as timely filed will not prejudice the Debtors. Although this Court's prior opinion held that the prejudice factor under the Pioneer test favors the Debtors due to "the impact of permitting exceptions that will encourage others to seek similar leniency," Lehman, 433 B.R. at 121, the Dow Corning Claims present a unique circumstance that was not applicable to the claims analyzed in that opinion because Dow Corning timely filed the Customer Claim in the LBI SIPA Proceeding.  Accordingly, to declare the Dow Corning Claims to be timely filed will not open the floodgates to allow additional late-filed claims.

12.     Furthermore, there is no danger of prejudice to a debtor where the claim "is not

5

substantial in relation to the rest of the claims filed against the [d]ebtor's estate." In re XO Commc'ns, 301 B.R. 782, 797 (Bankr. S.D.N.Y. 2003). Indeed, "a simple dollar-for-dollar depletion of assets otherwise available for timely filed claims" does not constitute prejudice. See Enron, 419 F. 3d at 130 (citing In re R.H. Macy & Co., Inc., 166 B.R. 799, 802 (S.D.N.Y 1994)). Here, the LBHI Cases are virtually unprecedented in terms of size and complexity with over 66,000 claims asserting an aggregated liquidated amount against the Debtors that exceeds $899 billion. Lehman, 433 B.R. at 120. Given the size of the claims pool in the LBHI Cases, the approximately $3.6 million asserted by each Dow Corning Claim will have virtually no impact on any eventual creditor distributions, and thus, no prejudice to the Debtors.

13.   Finally, the Debtors have been fully aware of Dow Corning's claims against them throughout the LBHI Cases. Dow Corning effectively provided the Debtors with informal notice of the Dow Corning Claims (a) through the Demand Letter, which sought payment of $3,612,935.35, arising out of the termination of the Swap Agreement and (b) by filing the Customer Claim in the LBI SIPA Proceeding. Taken together, the Debtors should have been aware that Dow Corning intended to assert the Dow Corning Claims against the Debtors. Accordingly, Dow Corning submits that deeming the Dow Corning Claims to be timely filed will not prejudice the Debtors.

## II.   The One Month Delay is De Minimis and Will Not Impact the Judicial Proceedings.

14.   The second Pioneer factor to be considered is the length of the delay in filing the proof of claim. The Dow Corning Claims were filed (a) one month after the Bar Date, (b) prior to the bar date established for the on-line questionnaires with respect to "Derivative Claims" and "Guarantee Claims" and (c) almost three months prior to the first omnibus claims objection filed

by the Debtors in these chapter 11 cases.[7] Given the probable time frame warranted by a case of this unprecedented size and complexity, Dow Corning submits that a one month delay is de minimis. Dow Corning submits that the Debtors had ample time to review the Dow Corning Claims and otherwise incorporate the Dow Corning Claims into the claims reconciliation process. Accordingly, deeming the Dow Corning Claims to be timely filed would not in any way disrupt the judicial administration of these cases.

### III. The Reason for Dow Corning's Delay is Justifiable.

15. This Court has found the third prong of the Pioneer test, which relates to whether the delay is justifiable, to be the "central focus" in determining whether a claimant can demonstrate excusable neglect. Lehman, 433 B.R. at 127. In those circumstances where this Court found excusable neglect, the claimants "consciously endeavored to comply with the bar date and established that their delay was the result of justifiable confusion over the application of the bar date to their particular claims." Id.

16. Throughout the course of the LBHI Cases, Dow Corning has consciously attempted to comply with the applicable bar date and take the appropriate steps in recovering the amounts it was owed under the Swap Agreement and the Swap Agreement Guarantee. Upon learning of the commencement of the LBHI Cases, Dow Corning promptly terminated the Swap Agreement and sent the Demand Letter. When it came time to file a claim to recover the amounts it was owed under the Swap Agreement and the Swap Agreement Guarantee, Dow Corning was clearly confused and misinformed regarding the distinction between the LBI SIPA Proceeding and the LBHI Cases. Dow Corning mistakenly but justifiably believed, in reliance

---

[7] See Debtors First Omnibus Objection to Claims (Duplicate Claims) [Docket No. 6873] filed on January 29, 2012.

on the SIPA Notice and claim forms it received from LBI, that filing the customer claim form that it received in connection with the LBI SIPA Proceeding would satisfy Dow Corning's obligation to file a claim and preserve its rights and that no further action was required on its part. Unfortunately, the result of Dow Corning's justifiable confusion did not become manifest until the SIPA Trustee informed Dow Corning through the LBI Letter, just six days after the Bar Date, that the Customer Claim was denied for having been filed in the wrong case. Upon discovering its mistake, Dow Corning prepared the Dow Corning Claims and properly filed them in the LBHI Cases in advance of the bar date to complete the applicable on-line questionnaires.

17. Dow Corning submits that the delay in filing the Dow Corning Claims is justifiable for someone who is not intimately familiar with the distinction between the LBI SIPA Proceedings and the LBHI Cases, which involve similarly named related entities and are pending in the same court. Dow Corning should not be punished for its confusion and lack of knowledge with respect to the two separate proceedings. In addition, Dow Corning submits that the principles of equity and fundamental fairness weigh in favor of deeming the Dow Corning Claims to have been timely filed.

18. Finally, Dow Corning respectfully submits that its confusion that resulted in the timely filing of a claim in the wrong Lehman proceeding is similar to the circumstances surrounding the Banesco late claim dispute earlier in these chapter 11 cases wherein Banesco mistakenly believed that its claim was subject to the securities bar date of November 2, 2009 when, in fact, it was subject to the Bar Date. See 12/16/2009 Tr. 134:7-18 (Judge Peck). In balancing the equities and finding that Banesco met the excusable neglect standard, this Court noted that Banesco, while misguided, did file its claim before the securities bar date and, in doing so, "acted properly based on its erroneous beliefs." 12/16/2009 Tr. 137:2-6 (Judge Peck).

8

K&E 17882834

Similarly, Dow Corning was mistaken in filing its claim in the wrong Lehman proceeding, however, Dow Corning did act properly based on its erroneous belief by filing the Customer Claim in the LBI SIPA Proceeding before that proceeding's applicable bar date. As such, Dow Corning respectfully requests a finding that the excusable neglect standard has been met here.

### IV.    Dow Corning Acted in Good Faith.

19.    The last <u>Pioneer</u> factor a court must consider is whether the claimant acted in good faith. Dow Corning acted in good faith and was only seeking to protect its rights under the Swap Agreement when it delivered the Demand Letter and filed the Customer Claim in the LBI SIPA Proceeding. Dow Corning's failure to file the Dow Corning Claims in the LBHI Cases by the Bar Date was entirely unintentional and not part of any litigation tactic or strategy. In addition, Dow Corning acted in good faith in attempting to rectify its situation by promptly preparing and filing the Dow Corning Claims in the LBHI Cases as soon as it received the LBI Letter and realized its error. Accordingly, there is no evidence of bad faith on the part of Dow Corning in these proceedings.

### Conclusion

20.    For the reasons set forth herein, the Dow Corning respectfully requests that the Court overrule the Claims Objection with respect to the Dow Corning Claims, deem the Dow Corning Claims to be timely filed, and grant such other relief that is just and proper.

K&E 17882834

| | |
|---|---|
| Dated: August 9, 2012<br>New York, New York | /s/ *Jonathan S. Henes*<br>Jonathan S. Henes<br>Craig A. Bruens<br>Peter Tsao<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022-4611<br>Telephone:  (212) 446-4800<br>Facsimile:   (212) 446-4900<br><br>Counsel to Dow Corning Corporation |

K&E 17882834