**LEHMAN RE LTD.**
c/o PriceWaterhouseCoopers Advisory Limited
Dorchester House, 7 Church Street
Hamilton, Bermuda HM11

June 2, 2009

*Via Overnight Delivery*

Laurel Cove Development, LLC
c/o Laurel CV Management, LLC
175 East Reno Avenue, Suite C5
Las Vegas, Nevada 89119
Attention: Mr. Kenneth A. Jowdy

Mr. Kenneth A. Jowdy
c/o Laurel CV Management, LLC
175 East Reno Avenue, Suite C5
Las Vegas, Nevada 89119

    Re:    <u>Laurel Cove- Notice of Defaults</u>

Dear Mr. Jowdy:

Reference is made to that certain mortgage loan in the original principal amount of up to $121,500,000 made to Laurel Cove Development, LLC, a Tennessee limited liability company ("<u>Borrower</u>"), by Lehman Brothers Holdings Inc. on May 15, 2007 (the "<u>Loan</u>") pursuant to that certain Construction Loan Agreement, dated as of May 15, 2007 (the "<u>Loan Agreement</u>"), which Loan is evidenced by that certain Secured Promissory Note, dated May 15, 2007, and currently held by Lehman Re Ltd. ("<u>Lender</u>"), and secured, in part by (a) that certain Guaranty of Recourse Obligations, dated as of May 15, 2007 (the "<u>Recourse Guaranty</u>"), and (b) that certain Guaranty of Completion, dated as of May 15, 2007 (the "<u>Completion Guaranty</u>"; collectively, with the Loan Agreement, the Recourse Guaranty and all other documents evidencing and/or securing the Loan, the "<u>Loan Documents</u>"). Capitalized terms not defined herein shall have the meaning as set forth in the Loan Agreement.

As of the date hereof, the following defaults (collectively, the "<u>Defaults</u>") remain uncured under the Loan and the Loan Documents (including, without limitation, the Recourse Guaranty and the Completion Guaranty):

1.    Borrower has failed to "prosecute construction of the Project with good faith and diligence in compliance with the Construction Schedule so that each portion of the work will be substantially completed by each respective Staged Completion Date and the Project will be completed (including Punchlist Items) by the Required Completion Date" as required by Section 6.1(a) of the Loan Agreement. In the event this Default shall continue for thirty (30) days after the date hereof, the same shall constitute an "Event of Default" under Section 11.2 of the Loan Agreement.

2. Borrower has failed to pay all Project Costs as they became due and owing as required by Section 6.1(d) of the Loan Agreement. In the event this Default shall continue for thirty (30) days after the date hereof, the same shall constitute an "Event of Default" under Section 11.2 of the Loan Agreement.

3. Borrower has failed to pay when due, all Project Costs, and discharge of record within thirty (30) days after the filing thereof, any Lien arising from Project Costs or otherwise (other than Permitted Exceptions) in accordance with Section 6.1(e) of the Loan Agreement. In the event this Default shall continue for thirty (30) days after the date hereof, the same shall constitute an "Event of Default" under Section 11.2 of the Loan Agreement.

4. Borrower has failed to use its best efforts to deliver originals or certified copies of all Policies and renewals marked "paid" (or evidence satisfactory to Lender of the continuing coverage) to Lender at least fifteen (15) days before the expiration of existing Policies in accordance with Section 7.5(d) of the Loan Agreement. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(c) of the Loan Agreement.

5. Borrower has failed to promptly pay all taxes (including, without limitation, those certain county taxes set forth on Exhibit "B" attached hereto), assessments, governmental licenses and impositions, and other similar charges, all ground rents, maintenance charges, charges for utility services and similar charges, levied or assessed or imposed against the Project or any part thereof as same became due and payable in accordance with Section 7.11(a) of the Loan Agreement. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(c) of the Loan Agreement.

6. Borrower has suffered, and failed to promptly cause to be paid and discharged, Liens against the Collateral, the Project or any portion thereof, including, without limitation, those certain Liens set forth on Exhibit "A" attached hereto. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(c) of the Loan Agreement.

7. One or more final judgments or decrees, including, without limitation, that certain judgment evidenced by an Order filed in Case No. 3:07-0755 by Alexander Realty Capital, Inc., Plaintiff, vs. Laurel Cove Development, LLC, a Tennessee limited liability company, and Philip Jones, individually, Defendants, have been entered against a Loan Party which was not fully paid within thirty (30) days. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(k) of the Loan Agreement.

8. Two (2) or more sales contracts with master builders for the sale of any of the proposed residential lots in the Project have been terminated or otherwise have become unenforceable and such sales contracts have not been replaced within ninety (90) days. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(bb) of the Loan Agreement.

9. Borrower has fallen behind in its obligation to cause Finished Lots to have been sold in accordance with the terms of the Loan Documents in the number set forth in Exhibit V to the Loan Agreement and by each calendar quarter as set forth in Exhibit V to the Loan Agreement for more than two (2) calendar quarters. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(cc) of the Loan Agreement.

10. There has occurred a default, breach and violation of the terms of Article IX of the Loan Agreement as a result of that Quit Claim Deed from Laurel Cove Development, LLC to Tennessee Wastewater Systems, Inc., dated May 28, 2008, and recorded May 29, 2008, in Book 4571, Page 248 of the Williamson County, Tennessee Records. As of the date hereof, this Default constitutes an "Event of Default" under the Loan Agreement.

11. Borrower has failed to pay the Debt on the Maturity Date. As of the date hereof, this Default constitutes an "Event of Default" under Section 11.1(a) of the Loan Agreement.

12. Guarantor has failed to deliver to Lender, (a) within one hundred twenty (120) days after the end of each Fiscal Year, a copy of Guarantor's balance sheet, income statement, and statement of changes in financial position for such Fiscal Year in accordance with Section 3.1(a) of the Recourse Guaranty and the Completion Guaranty, respectively, (b) within thirty (30) days after the end of each of the first three (3) quarters of each Fiscal Year, a copy of Guarantor's unaudited balance sheet, income statement and statement of changes in financial position for the period from the beginning of such fiscal year to the end of such quarter in accordance with Section 3.1(b) of the Recourse Guaranty and the Completion Guaranty, respectively, and (c) within thirty (30) days of filing, copies of Guarantor's federal and state income tax returns for each tax year, as filed with the appropriate Governmental Authority, in accordance with Section 3.1(c) of the Recourse Guaranty and the Completion Guaranty, respectively. In the event any of the defaults set forth in this paragraph 11 shall continue for ten (10) Business Days after the date notice is deemed provided pursuant to the Loan Documents, the same shall constitute an "Event of Default" under Section 5.1(ii) of the Recourse Guaranty and the Completion Guaranty, as the case may be.

13. As of the date hereof, the Tangible Net Worth of all Guarantors is not greater than or equal to Ten Million and No/100 Dollars ($10,000,000.00) as required under Section 3.2 of the Recourse Guaranty. As of the date hereof, this default constitutes an "Event of Default" under Section 5.1(iii) of the Recourse Guaranty.

14. There has occurred one (1) or more events or matters constituting an "Event of Default" under the terms of Section 11.1 of the Loan Agreement and/or any of the Loan Documents. As of the date hereof, this constitutes an "Event of Default" under Section 5.1(ix) of the Recourse Guaranty and the Completion Guaranty, respectively.

15. Borrower has failed to pay and perform the Guaranteed Obligations (as defined in the Completion Guaranty) or any portion thereof when and as required by the Loan Documents. This letter shall serve as a "Non-Performance Notice" under Section 1.4 of the Completion Guaranty. In the event Guarantor does not cure any such failures within thirty (30) days after such "Non-Performance Notice" is deemed provided under the Loan Documents or does not thereafter diligently pay and perform the Guaranteed Obligations (as defined in the Completion Guaranty) when and as required by the Loan Documents, Lender shall have all remedies available under the Completion Guaranty and at law and equity with respect to the enforcement of Guarantor's obligations under the Completion Guaranty, including, without limitation, the remedies set forth in Section 1.4(c) of the Completion Guaranty.

The above items 1 through 15 are not an exhaustive list of all defaults, covenant violations, Defaults or Events of Default existing as of the date hereof. Nothing herein shall be construed as a waiver of any other default, covenant violation, Default or Event of Default, whether now existing or arising hereafter.

This letter, and any delay or failure by Lender to exercise at this time any of its rights, powers, privileges, interests and/or remedies, does not, and shall not, impair any right, power, privilege, interest and/or remedy granted to Lender under the Loan Agreement and/or any other Loan Document, or be construed to constitute a waiver of, or acquiescence in, any Default or Event of Default of Borrower, Guarantor, each Joinder Party or any other party under the Loan, the Loan Agreement, the other Loan Documents or any related document now or hereafter existing. Nothing in this letter shall in any way be deemed or construed as a modification, waiver or release by Lender of any of its rights, powers, privileges, interests and remedies under the Loan, the Loan Agreement, any of the other Loan Documents and/or otherwise at law, in equity or otherwise, and Lender hereby expressly reserves each and every one of the rights, powers, privileges, interests and remedies of Lender under the Loan, the Loan Agreement, any of the other Loan Documents and/or otherwise at law, in equity or otherwise.

Please be advised that this letter serves as Lender's notice to Borrower and Guarantor of certain Defaults and Events of Default under the Loan Agreement and the other Loan Documents (as well as, a "Non-Performance Notice" under the Completion Guaranty) and this letter fulfills any and all other notice requirements to Borrower and Guarantor as required under the Loan Agreement and the other Loan Documents.

[continued of following page]

Please do not hesitate to contact D. Geoffrey Hunter should you have any questions on any of the issues outlined above.

Sincerely,

**LEHMAN RE LTD.,**
a Bermuda corporation

By:   Its Joint Provisional Liquidators
      (without personal liability)

By: _____
    Name: D. Geoffrey Hunter
    Title: Authorized Signatory

cc:   Baker & Hostetler LLP
      666 Fifth Avenue
      New York, New York 10103
      Attention: Laurence S. Markowitz, Esq.

      Mr. Kenneth A. Jowdy
      c/o Laurel CV Management, LLC
      175 East Reno Avenue, Suite C5
      Las Vegas, Nevada 89119

      Laurel Cove Country Club, LLC
      c/o Laurel CV Management, LLC
      175 East Reno Avenue, Suite C5
      Las Vegas, Nevada 89119

      Laurel Cove Ventures 2007, LLC
      c/o Laurel CV Management, LLC
      175 East Reno Avenue, Suite C5
      Las Vegas, Nevada 89119

      Laurel Cove CV Management, LLC
      c/o Laurel CV Management, LLC
      175 East Reno Avenue, Suite C5
      Las Vegas, Nevada 89119

## EXHIBIT "A"

[attached hereto]

Commercial Title Summary Report
Title Report No.: H5499-H/09-20675-TN
Page 4

MONETARY LIENS OF RECORD:

a. Construction Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Financing Statement from Laurel Cove Development, LLC, a Tennessee limited liability company to Deborah A. Randolph, as Trustee for the benefit of Lehman Brothers Holdings Inc., a Delaware corporation, dated May 15, 2007, and recorded May 18, 2007, in Book 4265, Page 240, Williamson County, Tennessee Records.

b. Absolute Assignment of Leases and Rents from Laurel Cove Development, LLC, a Tennessee limited liability company to Lehman Brothers Holdings Inc., a Delaware corporation, dated May 15, 2007, and recorded May 18, 2007, in Book 4265, Page 287, aforesaid records.

c. UCC Financing Statement naming Laurel Cove Development, LLC, as Debtor and naming Lehman Brothers Holdings, Inc., as Secured Party, filed for record May 18, 2007, in Book 4265, Page 313, aforesaid records, as amended by UCC Financing Statement Amendment, filed September 13, 2007, in Book 4378, Page 8, aforesaid records.

d. Notice of Mechanic's Lien and Materialmen's Lien by Southeastern Golf, Inc., against Laurel Cove Development LLC, in the amount of $1,627,868.969, dated October 10, 2008, and recorded October 13, 2008, in Book 4657, Page 549, aforesaid records, as amended by Amended Notice of Mechanic's Lien and Materialmen's Lien by Southeastern Golf Inc., against Laurel Cove Development LLC, in the amount of $1,727,315.69, dated November 4, 2008, and recorded November 5, 2008, in Book 4668, Page 690, aforesaid records.

e. Notice of Mechanic's Lien and Materialmen's Lien by Mid Tenn Turf, Inc., against Laurel Cove Development LLC, in the amount of $41,960.40, dated October 15, 2008, and recorded October 15, 2008, in Book 4658, Page 550, aforesaid records.

f. Notice of Mechanic's Lien and Materialmens Lien by Turf Company, Inc., against Laurel Cove Development LLC, in the amount of $184,160.320, plus recording fees, dated November 30, 2009, and recorded October 15, 2008, in Book 4658, Page 560, aforesaid records.

g. Notice of Materialmans/Contractors Lien by Jen-Hill Construction Materials of TN & KY, Inc., against Laurel Cove Development LLC, in the amount of $119,235.05, plus cost, fees and expense, dated October 17, 2008, and recorded October 20, 2008, in Book 4660, Page 856, aforesaid records.

h. Sworn Notice of Mechanic's Lien by Bacar Constructors, Inc., a Tennessee corporation, against Laurel Cove Development LLC, in the amount of $2,593,693, plus interest, dated October 22, 2008, and recorded October 22, 2008, in Book 4661, Page 863, aforesaid records.

i. Notice of Mechanic's and Materalmen's Lien by Dixon 2000 Investments, Inc., d/b/a Dickens Turf and Landscape Supply, a Tennessee corporation, against Laurel Cove Development LLC, dated October 22, 2008, and recorded October 22, 2008, in Book 4662, Page 100, aforesaid records.

j. Notice of Mechanic's Lien and Materialmen's Lien by Humerick Environmental Construction, Inc., against Laurel Cove Development LLC, in the amount of $5,775,391.05, dated October 21, 2008, and recorded October 12, 2008, in Book 4662, Page 62, aforesaid records.

k.   Notice of Mechanic's Lien and Materialmens Lien by Watson Well Drilling, Inc., against Laurel Cove Development LLC, dated October 21, 2008, and recorded October 22, 2008, in Book 4662, Page 12, aforesaid records

l.   Amended Notice of Mechanic's Lien and Materialmen's Lien by Southeastern Golf Inc., against Laurel Cove Development LLC, in the amount of $1,727,315.69, dated November 4, 2008, and recorded November 5, 2008, in Book 4668, Page 690, aforesaid records

m.   Notice of Lien by Venture Landscape Management, LLC, against Laurel Cove Development, LLC, in the amount of $99,433.37, dated October 30, 2008, and recorded October 30, 2008, in Book 4655, Page 498, aforesaid records.

n.   Notice of Mechanic's Lien and Materialmen's Lien by Bulk Aggregate Golf, Inc., against Laurel Cove Development LLC, in the amount of $138,676.08, dated October 29, 2008, and recorded October 31, 2008, in Book 4666, Page 173, aforesaid records.

o.   Lien Notice by Gary Bentley Trucking LLC, against Laurel Cove Development LLC, in the amount of $11,257.55, dated November 3, 2008, and recorded November 3, 2008, in Book 4667, Page 327, aforesaid records.

p.   Lien Notice by Gary Bentley Trucking LLC, against Laurel Cove Development LLC, in the amount of $36,139.44, dated November 3, 2008, and recorded November 3, 2008, in Book 4667, Page 334, aforesaid records.

q.   Notice of Lien by Metro Ready Mix Concrete, LLC, against Laurel Cove Development LLC, in the amount of $115,530.78, dated November 3, 2008, and recorded November 7, 2008, in Book 4669, Page 764, aforesaid records.

r.   Notice of Lien by Metro Ready Mix Concrete, LLC, against Laurel Cove Development LLC, in the amount of $31,328.87, dated November 3, 2008, and recorded November 7, 2008, in Book 4669, Page 783, aforesaid records.

s.   Notice of Lien by A & L Services, Inc., with DoBro Steel Company, against Laurel Cove Development LLC, in the amount of $60,650.00, dated October 28, 2008, and recorded November 10, 2008, in Book 4670, Page 629, aforesaid records.

t.   Notice of Mechanic's Lien and Materialmen's Lien by Lee Company, a Tennessee corporation, against Laurel Cove Development LLC, in the amount of $322,461.53, dated November 7, 2008, and recorded November 12, 2008, in Book 4671, Page 442, aforesaid records.

u.   Notice of Lien by E. W. Stewart Lumber Co., Inc., dba Stewart Builder Supply, against Laurel Cove Development LLC, in the amount of $31,984.48, plus interest, dated November 6, 2008, and recorded November 13, 2008, in Book 4671, Page 754, aforesaid records.

v.   Notice of Lien by ABEC Electric Company, Inc., a Tennessee corporation, against Laurel Cove Development LLC, in the amount of $405,942.40, plus interest, dated November 17, 2008, and recorded November 17, 2008, in Book 4673, Page 361, aforesaid records.

w.   Lien Notice and Sworn Statement by Ram Tool and Supply Company, against Laurel Cove Development LLC, in the amount of $1,675.22, dated November 5, 2008, and recorded November 20, 2008, in Book 4675, Page 74, aforesaid records.

x.   Notice of Mechanic's and Materialman's Lien by DoBro Steel Company, against Laurel Cove Development LLC, in the amount of $85,089.93, dated November 19, 2008, and recorded November 21, 2008, in Book 4675, Page 906, aforesaid records.

Commercial Title Summary Report
Title Report No.: H5499-H/09-20675-TN
Page 6

y.  Notice of Lien by McMahan Construction, Inc., a Tennessee corporation, against Laurel Cove Development LLC, in the amount of $68,182.00, dated December 9, 2008, and recorded December 15, 2008, in Book 4685, Page 241, aforesaid records.

z.  Notice of Lien and Sworn Statement by RSC Equipment Rental, Inc., against Laurel Cove Development LLC, in the amount of $34,777.93, plus interest, dated November 13, 2008, and recorded December 15, 2008, in Book 4684, Page 844, aforesaid records.

aa.  Notice of Mechanic's and Materialmen's Lien by Bobby Williams d/b/a Russell's Glass and Mirror, LLC, against Laurel Cove Development LLC, in the amount of $25,967.60, plus interest, dated December 18, 2008, and recorded December 19, 2008, in Book 4687, Page 517, aforesaid records.

bb  Notice of Lien by Rogers Group, Inc., an Indiana corporation, against Laurel Cove Development LLC, in the amount of $6,681.95, dated December 19, 2008, and recorded December 22, 2008, in Book 4688, Page 596, aforesaid records.

cc.  Notice of Lien by Marion & Green Roofing & Sheet Metal Company, against Laurel Cove Development LLC, in the amount of $46,727.50, dated December 22, 2008, and recorded December 23, 2008, in Book 4689, Page 265, aforesaid records.

dd.  Notice of Lien by Neff Rental, Inc., against Laurel Cove Development LLC, in the amount of $55,686.17, dated December 31, 2008, and recorded January 9, 2009, in Book 4699 Page 955, aforesaid records.

ee.  Notice of Materialmen's Lien by Contech Bridge Solutions, Inc., against Laurel Cove Development LLC, in the amount of $21,259.32, dated February 23, 2009, and recorded February 26, 2009, in Book 4744, Page 566, aforesaid records.

ff  Notice of Materialmen's Lien by Contech Bridge Solutions, Inc., against Laurel Cove Development LLC, in the amount of $29,351.11, dated February 23, 2009, and recorded February 26, 2009, in Book 4744, Page 569, aforesaid records.

gg  Notice of Lien by Pope Concrete Products, Inc., a Tennessee corporation d/b/a Jackson Sand, against Laurel Cove Development LLC, in the amount of $40,907.82, dated February 26, 2009, and recorded February 27, 2009, in Book 4745, Page 867, aforesaid records.

hh.  Order filed in Case No. 3:07-0755 by Alexander Realty Capital, Inc., Plaintiff vs. Laurel Cove Development, LLC, and Philip Jones, individually, Defendants, and Laurel Cove Development, LLC, a Tennessee limited liability company, Philip Jones, a Tennessee citizen, and Tentara Partners, Inc., a Tennessee corporation Counter-Plaintiffs, vs. Alexander Realty Capital, Inc., a Florida Corporation, and C. David Koontz, a Flordia citizen, Counter-Defendants, dated March 4, 2009, and recorded March 10, 2009, in Book 4757, Page 635, aforesaid records.

~~ii.  Open End Deed of Trust (with Future Advance Clause) from Joey Herbert and Judy L. Herbert who are husband and wife, who to Dyke Tatum, as Trustee and Firstar Bank, N.A., dated March 24, 2004, and recorded April 10, 2004, in Book 2154, Page 736, aforesaid records~~

# EXHIBIT "B"

[attached hereto]

Commercial Title Summary Report
Title Report No.: H5499-II/09-20675-TN
Page 3

## TAX INFORMATION:

| | | | |
|---|---|---|---|
| Tax No: | 142 01300 000 | Tax Year | Status |
| County Taxes: | $3,075.00 | 2008 | Delinquent |
| Tax No: | 142 01400 000 | Tax Year | Status |
| County Taxes: | $1631.00 | 2008 | Delinquent |
| Tax No: | 142 01700 000 | Tax Year | Status |
| County Taxes: | $1867.00 | 2008 | Delinquent |
| Tax No: | 142 01800 000 | Tax Year | Status |
| County Taxes: | $2432.00 | 2008 | Delinquent |
| Tax No: | 142 02300 000 | Tax Year | Status |
| County Taxes: | $1067.00 | 2008 | Delinquent |
| Tax No: | 142 02306 000 | Tax Year | Status |
| County Taxes: | $2834.00 | 2008 | Delinquent |
| Tax No: | 135 02905 000 | Tax Year | Status |
| County Taxes: | $19,461.00 | 2008 | Delinquent |
| Tax No: | 135 01201 000 | Tax Year | Status |
| County Taxes: | $3344.00 | 2008 | Delinquent |
| Tax No: | 142 02309 000 | Tax Year | Status |
| County Taxes: | $2765.00 | 2008 | Delinquent |
| Tax No: | 135 02903 000 | Tax Year | Status |
| County Taxes: | | 2008 | EXEMPT |