Christopher J Deegan
268 East Shore Dr.
Massapequa, NY 11758

Chambers of the Honorable James M. Peck
One Bowling Green
New York, New York 10004,
Courtroom 601

Attorney for LBHI
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

Office of the United States Trustee for Region 2
33 Whitehall Street 21st Floor
New York, New York 10004
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.)

July 27, 2012

Bankruptcy Court: United States Bankruptcy Court Southern District of New York
Debtor: Lehman Brothers Holdings Inc., et al., Debtors
Case No.: Chapter 11 Case No 08-13555 (JMP) (Jointly Administered)
Claimant Name: Christopher J Deegan, 268 East Shore Dr., Massapequa, NY 11758
Claim Number: Claim 30076– Schedule 555185010, Filed (9/22/2009).

Motion for Omnibus Objection to Claim(s): Three Hundred Twenty-Seventh Omnibus Objection to Claims (Partnership and Other Employee Claims) filed by Robert J. Lemons on behalf of Lehman Brothers Holdings Inc.

Dear Sirs/Madams,

I DO oppose the disallowance, expungement, reduction or reclassification of my LB Partnership Claim as described in the Debtors Three Hundred-Twenty-Seventh Omnibus Objection to Claims (Partnership and Other Employee Claims), Claim 30076– Schedule 555185010, Filed (9/22/2009).

Reclassification of Plan Administrators  (Movement of Claim from Priority to Unsecured)
In the Three Hundred Twenty-Seventh Omnibus Objection, the Plan Administrator fails to cite its rationale for the reclassification of my allowed LB Partnership Claim as Unsecured, versus Priority. This claim was filed as a Priority claim due to the nature and timing of a communication from Mike Odrich on June 17, 2008 (See Appendix 1). This letter was the latest communication received by all vested partners prior to the Commencement Date of LBHI's bankruptcy. This letter sets forth both the value due to each vested partner as well as the fact that this amount is considered part of an employee's compensation in the period distributed.

The specific LB Partnership interests claimed was granted as an inducement to employees to stay with LBHI in a period when defections to "dot-com" entities were significant. The vesting period was based upon an employee remaining a LBHI employee in good standing for an established length of time following the granting of this partnership interest.

A previous letter from Mike Odrich dated October 10, 2007 (See Appendix 2) to all vested partners stated that the first distribution of proceeds was going to be made from the Partnership assets and this amount is considered a *"supplemental wage payment"* for withholding tax purposes and in fact was included as compensation in my annual W-2 for 2007. Appropriately, payroll taxes were withheld from the first distribution.

In the Three Hundred-Twenty-Seventh Omnibus Objection, the Plan Administrator identifies in Section 11 of the Partnership Account Booklet, that vested partners do not have rights greater than those of general, unsecured creditors of the Firm. Because the basis for determining the initial award, vesting status and ultimate calculation/taxation of amounts paid are all employment related, it is not an unreasonable assumption that this claim is compensation related and should be eligible for priority status.

As a vested, stated amount previously considered compensation was communicated to me within 90 days of the Commencement Date, the Plan Administrator has incorrectly classified these vested compensation amounts as unsecured as opposed to priority claims. Therefore, the first $10,950 of my claim should be reclassified as a priority claim with remaining $10,365 considered unsecured.

Objection of Plan Administrators Value Reduction (Now $16,437.60 - Unsecured)
On page 7 of The Three Hundred Twenty-Seventh Omnibus Objection, the Plan Administrator states that it does indeed have "some liability for certain of the LB Partnership Claims; however the Claims do not reflect the proper value of the LB Partnership Claims as of the Commencement Date." I object to the reduction of my claim from $10,950 Priority and $10,365 Unsecured to $16,437.60 Unsecured. While information to fully vested owners of these amounts was limited and contained uncertainties, the last communication stated that the remaining value attributable to my interest was $21,315.00.

Additionally, the June 17, 2008 letter stated that all leverage had been repaid, therefore it was expected that no additional significant changes in value could be anticipated. Additionally, it is believed that the partnership investments were fully liquidated and therefore a vested partner could expect no material changes to his/her value. Further, the Plan Administrator cites an opaque method of valuing the assets of the partnership amounts due to vested partners as the primary argument in its effort to reduce this claim.

The use of this methodology must be further detailed to all claimants before any reduction of claim amounts would be considered.

Further, we find it to be contradictory that on page 6 of The Three Hundred Twenty-Seventh Omnibus Objection, the Plan Administrator states, "the Partnership Account is unfunded, which means no assets are actually held in trust or dedicated to the Partnership Account," but yet somehow it found a way to look at a group of separate and distinct assets with the intent to reduce an entire group of similar claims. If there are no attributable assets to the vested partners, then the Plan Administrator cannot possibly have a basis for performing a calculation that reduces claim amounts by 22.9%. I disagree with the use of this methodology and believe the June 17, 2008 letter should stand as the value of the claim.

Other Plan Administrator Arguments for Reduction and Reclassification (Section 1 Pages 5-7 of The Three Hundred Twenty-Seventh Omnibus Objection)

The Plan Administrator cites the fact that Participants were "Automatically Enrolled" as an element of its case to reduce and reclassify. In this case, we do not believe the contribution of capital is relevant to either the argument to reduce or reclassify claims submitted as priority claims. The value of the claim is based entirely on communication from Plan Administrators in which the only requirement to receive a distribution was that the vesting criteria be met. With respect to removal of my claim from the Priority classification, the Plan Administrator failed to connect this argument to its decision to reclassify.

The Plan Administrator cites the fact that "Participants were eligible to receive payments, but were not entitled to direct ownership in the investments." My claim is made on the cash value communicated to me by Mike Odrich in the June 17, 2008 letter; it is not a claim on assets underlying the vested Partnership Obligation. Therefore this argument is irrelevant to the Plan Administrators request to Reclassify and reduce.


I look forward to a response from the Plan Administrator and the Court with respect to my objection.

Regards,

Christopher J. Deegan

# Appendix 1

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

June 17, 2008

Dear Partner,

We are pleased to update you on the current status of the Lehman Brothers Partnership Account, which is invested together and in parallel with related vehicles (together, the "Partnership Account" or the "Fund"). In June 2000, the Firm awarded opportunities to participate in the Fund with notional Firm-provided leverage to employees through the Vice President level. As of July 2003, you became fully vested and entitled to receive payments from the Fund to the extent they become available, regardless of your employment status with the Firm.

**Partnership Account Performance and Overview**

As of December 31, 2007, the Fund invested $458 million and has now committed all of its capital. The Fund has allocated its investments among the Lehman Brothers Private Equity asset classes in the following approximate ratios: 66% to Merchant Banking, Venture Capital, Real Estate and Fixed Income; 23% to Private Fund Investments; and 11% to the Fund of Hedge Funds.

**As of December 31, 2007, the gross IRR for the Partnership Account was 20%, which represents an implied multiple of notional equity of 7.6x.** Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

In October 2007, a distribution of $2,169 per unit was made to each investor, which represents 318% of the notional equity invested in the fund. We continue to monitor the cash balance in the fund and will apprise you prior to making additional distributions.

*Example of Partnership Account Returns*

The chart on the following page illustrates the Fund's return mechanics valuing the investments as of December 31, 2007. This example assumes the award of $10,000 from the Firm to an employee, of which $7,500 (base award of $682 and notional leverage of $6,818) was actually invested. As of December 31, 2007, the value of the employee's investment net of the distribution would be approximately $3,045. The total value of the investment including the $2,169 distribution represents a 7.6x multiple of invested capital. As this is only a hypothetical example, the actual amounts you receive may differ.

LEHMAN BROTHERS INC.
399 PARK AVE 9 FLOOR
NEW YORK, NY 10022
TEL 212 526 0977  FAX 646 758 4269

### Valuation Analysis as of December 31, 2007

**Per 10K investor**

| | |
|---|---:|
| Base Award Amount Invested as of 12/31/07 | $ 682 |
| Leverage provided as of 12/31/07 | 6,818 |
| Total Investment | $ 7,500 |
| | |
| Value as of 12/31/07 | $ 12,940 |
| Less GP carry | (544) |
| Less Distribution | (2,169) |
| Less Int on Leverage | (364) |
| Less Leverage | (6,818) |
| Net Value @ 12/31/07 | $ 3,045 |
| | |
| Gross IRR | 20% |
| Implied Multiple of Invested Capital | 7.65 |

*Note: as of 12/31/07, there is no remaining leverage outstanding.*

Past performance is not indicative of future results, and there can be no assurance that the Fund will continue to achieve comparable results to those set forth herein. Calculation methodology is explained further below, and this data is indicative of the performance of the Fund. The total value displayed on the above chart includes all distributions received and the current value of unrealized investments. The actual realized values of unrealized investments may differ materially from their current carrying values which are used for calculating total value. Actual values of currently unrealized investments cannot be determined until the occurrence of liquidity events and the repayment of all leverage and associated interest costs. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions at the time of disposition, legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs and the timing and manner of sale, all of which may differ from the assumptions and circumstances on which the current unrealized values are based.

Below, we offer performance data by asset class as of December 31, 2007, for investments made thus far. Unrealized publicly-traded investments are valued based on closing market prices on December 31, 2007. The methodology of calculating unrealized privately-held investments differs among asset classes and is detailed below. Please refer to the investment update attached to this letter for more detail on investment allocations and performance by asset class.

*Merchant Banking*

The Partnership Account's only Merchant Banking investment was Consort Resources for $9.2 million. Consort was realized on a gross basis at 117% of the invested amount following its acquisition by Caledonia Oil and Gas Limited in October 2003. The $10.8 million of proceeds from this investment was used to repay interest and leverage.

*Venture Capital*

The Partnership Account invested a total of $176 million in venture capital investments, which comprise several sector and geographical sub-categories. Unrealized venture capital investments are generally valued at cost; although several of the investments have been marked up or down to reflect market changes. As of December 31, 2007, the blended total value of all venture capital investments, including the distribution, was 116% of invested capital.

*Real Estate*

The Partnership Account is a significant investor in Lehman Brothers Real Estate Partners I, with a total of $108 million invested in real estate as of December 31, 2007. To date, investments have been realized for $301 million of value. Unrealized real estate investments are reflected at their fair values which are determined through discounted cash flow analyses. As of December 31, 2007, the total value of realized and unrealized real estate investments, including the distribution, was 279% of invested capital.

*Private Fund Investments*

The Partnership Account invested $105 million in funds that are managed by top third party private equity fund managers. The Partnership Account has received $137 million in proceeds from these investments. Private fund investments are reflected at net asset value of the underlying funds as reported in their most recent financial statements. As of December 31, 2007, the total value of assets in private funds, including the distribution, was 192% of invested capital.

*Fixed Income-Related*

The Partnership Account invested in the "equity" component of two CDOs for a total of $9 million. Unrealized CDO investments are valued based on accrued and paid cash interest, sales proceeds and principal repayments assuming a terminal value determined by the market. As of December 31, 2007, the total value of fixed income investments, including the distribution, was 109% of the Fund's investment cost.

*Fund of Hedge Funds*

In December 2004, the Partnership Account realized its entire $50 million investment in Lehman Brothers Fund of Hedge Funds for $59 million, representing 117% of invested capital. The Fund of Hedge Funds was divided between a long/short fund and a diversified arbitrage fund.

**Firm-Provided Notional Leverage**

When the Partnership Account was established, Lehman Brothers provided employees through the Vice President level with an award based on a base amount and notional 10x leverage. For example, an original Partnership Account award of $10,000 consisted of a base component of $909 and notional leverage of $9,091. However, due to the available investment opportunities, the actual amount invested was $7,500 per $10,000 unit with a base of $682 and notional leverage of $6,818.

All currently outstanding Fund notional leverage and associated interest costs have been repaid. As Lehman Brothers awarded you the opportunity to participate in the Fund, all distributions you receive under the Fund, if any, will be treated as ordinary income to you for tax purposes.

We are pleased with the performance of the Fund to date. We will continue to manage this portfolio aggressively to maximize value and returns to our investors. We will keep you periodically updated on the Partnership Account. In the meantime, please do not hesitate to call Private Equity Investor Relations at (212) 526-9970 with questions regarding your investment.

Sincerely,

*Mike*

Michael J. Odrich
Managing Director

# Lehman Brothers Partnership Account 2000/2001
## Total Remaining Commitments
As of December 31, 2007

| ($ in millions) | Amount Invested | Investment Allocation (by asset class) | Proceeds Received | Current Value | Total Value |
|---|---|---|---|---|---|
| Merchant Banking | $ 9.2 | 2.0% | $ 10.8 | $ - | $ 10.8 |
| Venture Capital: | | | | | |
|   US Venture Capital II | 51.2 | | 6.9 | 68.4 | 75.3 |
|   European Venture Capital | 27.0 | | 41.3 | 0.4 | 41.7 |
|   Communications | 16.0 | | 9.1 | 0.1 | 9.2 |
|   Other Venture Capital | 33.7 | | 8.4 | 11.0 | 19.5 |
|   Healthcare | 48.5 | | 21.2 | 37.7 | 58.9 |
| Total Venture Capital | 176.4 | 38.5% | 86.9 | 117.7 | 204.6 |
| Total Real Estate | 108.4 | 23.7% | 301.4 | 1.3 | 302.8 |
| Total Fund of Funds | 105.0 | 22.9% | 137.1 | 64.4 | 201.5 |
| Fixed Income | 8.8 | 1.9% | 6.3 | 3.2 | 9.6 |
| Fund of Hedge Funds | 50.0 | 10.9% | 58.6 | - | 58.6 |
| Total Partnership Account 2000/2001 | $ 457.8 | 100.0% | $ 601.1 | $ 186.6 | $ 787.8 |

# Appendix 2

08-13555-mg    Doc 29917    Filed 08/08/12    Entered 08/09/12 15:23:30    Main Document
                                    Pg 11 of 12

# LEHMAN BROTHERS

MICHAEL J. ODRICH
MANAGING DIRECTOR
HEAD OF PRIVATE EQUITY

October 10, 2007

Dear Partner,

In June 2000, the Firm granted to employees through the Vice President level Awards in the Lehman Brothers Partnership Account (the "Partnership Account" or the "Fund"). As a participating employee, the notional Award was $70,000, of which $52,500 was invested on your behalf.[1] The investment was notionally leveraged; we invested $4,773 of notional equity and $47,727 of notional leverage.

We are pleased to inform you that the Fund will be making a cash distribution of **$15,183, representing 318% of the notional equity invested in the Fund.**

The distribution will be made in October; the attached schedule lists specific distribution dates. The funds will be distributed in the same manner as a paycheck. Please review the attached benefits information on Tax Withholding and the Savings Plan.

The distribution represents proceeds from investments in excess of the repayment of notional leverage and its associated costs, as detailed in the update letter dated July 10, 2007. After this distribution, assuming no significant changes in market condition, significant value remains in the partnership. We will continue to make distributions as appropriate.

The Fund has consistently focused on maximizing the value of investments and has achieved excellent investment performance, as discussed in the update letter. **As of June 30, 2007, the gross IRR for the Partnership Account was 20%, and the implied multiple of notional equity was 7.2x.**[2]

We will keep you periodically updated on the Partnership Account. In the meantime, please do not hesitate to contact the HR Service Center at (212) 526-2363 or PECapPartners@lehman.com regarding your investment or this distribution.

Sincerely,

*Mike*

Michael J. Odrich
Managing Director

*Attachments: Schedule of Distributions, Partnership Account Tax Withholding, Savings Plan*

---

[1] The environment changed significantly during the investment period of the Partnership Account. In response to the volatility of public equity market values, greater uncertainty in the economy, and the related slower investment pace of most private equity funds, only 75% of your commitments were invested.
[2] Gross IRR represents the pre-tax, compounded annual internal rate of return based on estimated values of investments and gross cash flows into and out of investments.

LEHMAN BROTHERS INC.
399 PARK AVE 9 FLOOR
NEW YORK, NY 10022
TEL 212 526 0977  FAX 646 758 4269

### Schedule of Distributions

| | | | |
|---|---|---|---|
| France - October 22 | Italy - October 31 | Singapore - October 25 | Thailand - October 25 |
| Germany - October 15 | Japan - October 25 | Spain - October 19 | UAE - October 19 |
| Hong Kong - October 25 | Korea - October 25 | Switzerland - October 25 | UK - October 19 |
| Israel - October 31 | Netherlands - October 19 | Taiwan - October 25 | US - October 26 |

### Partnership Account Tax Withholding

#### Payroll Tax Withholding

The Firm is required to withhold a minimum of 25% from all supplemental wage payments for federal income taxes. However, supplemental wage payments in excess of $1,000,000 for the calendar year are subject to a 35% federal withholding rate.

In addition, where applicable, state and local income taxes will be withheld at the supplemental rates. For example, the following are some of the supplemental rates in effect:
- New York State Tax: The supplemental tax withholding rate is 7.35%.
- New Jersey State Tax: There is no supplemental state tax rate. As a result, the standard tax withholding rates apply.
- New York City Tax: If you reside in New York City (regardless of where you work), the supplemental tax withholding rate is 4.0%. If you work in New York City but reside elsewhere, you are not subject to the New York City Tax.

There is no Social Security/Medicare withholding on this payment. The applicable date for Social Security/Medicare tax withholding was July 1, 2003, the vesting date. However, given the zero valuation of the partnership account on that date, no withholding was required.

#### Tax Allocation Information

For employees who have worked for the Firm in more than one U.S. location during the vesting period (July 1, 2000 through July 1, 2003), income taxes will be proportionately withheld from your payment for each jurisdiction. The income attributed to each jurisdiction will be based on the relevant employment period in each location during the vesting period.

For example, an employee who worked in the New York office for 75% of the vesting period and in Pennsylvania for the remaining 25% will have the Partnership payment allocated as follows:
- Percent of Income Reportable to NY State: 75%
- Percent of Income Reportable to PA State: 25%

The Firm will report the appropriate portion of the income attributable to each jurisdiction and remit the necessary withholding tax (if applicable), to the relevant taxing authorities. We strongly recommend that employees who are affected by the allocation rules consult with their personal tax advisors regarding the tax filing requirements and determination of the tax liabilities (if any) for all relevant jurisdictions.

### Savings Plan – 401(k)

If you would like to enroll, re-enroll or change your Savings Plan contribution rate so that your new elections are in effect for your Partnership payment, you must initiate the change through Fidelity NetBenefits(SM) at http://netbenefits.fidelity.com or by telephone at 1-866-LEHMAN6 (1-866-534-6266).

#### Timing of Contribution Rate Changes
- To enroll, re-enroll or change your Savings Plan contribution rate or catch-up contribution rate (if applicable) for the special Partnership payroll, you must complete the transaction through Fidelity NetBenefits(SM) between Thursday, October 11, 2007, and 4:00 p.m. (ET) on Wednesday, October 17, 2007.
- To enroll, re-enroll or change your Savings Plan contribution rate or catch-up contribution rate (if applicable) beginning with the November 2, 2007 payroll, you must complete the transaction through Fidelity NetBenefits(SM) between Thursday, October 19, 2007, and 4:00 p.m. (ET) on Wednesday, October 24, 2007.

#### About the Savings Plan
- You may contribute from 1% to 50% of your eligible compensation to the Savings Plan up to the federal maximum of $15,500 for 2007.
- If eligible, you may contribute from 1% to 25% of your eligible compensation towards catch-up contributions, up to the federal maximum of $5,000 for 2007.
- These deductions are taken on a pre-tax basis and, therefore, reduce your taxable earnings.

For specific questions about the Savings Plan, please contact Fidelity NetBenefits(SM).