Hearing Date and Time: August 23, 2012 at 10 a.m.
Objection Deadline: August 10, 2012 at 4 p.m.

**Thomas R. Slome, Esq.**
**Jessica G. Berman, Esq.**
**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**
990 Stewart Avenue, Suite 300
P.O. Box 9194
Garden City, New York 11530-9194
Telephone: (516) 741-6565
Facsimile: (516) 741-6706

    and

**Russell R. Johnson III, Esq.**
**LAW FIRM OF RUSSELL R. JOHNSON III, PLC**
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
Facsimile: (804) 749-8862

*Co-Counsel for Public Service Electric and Gas Company*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEHMAN BROTHERS HOLDINGS INC., *et al*., | ) Case No. 08-13555 (JMP) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**RESPONSE OF PUBLIC SERVICE ELECTRIC AND GAS COMPANY TO THE PLAN ADMINISTRATOR'S THREE HUNDRED THIRTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (INSUFFICIENT DOCUMENTATION CLAIMS)**

Public Service Electric and Gas Company ("PSE&G"), by counsel, for its Response to the Plan Administrator's *Three Hundred Thirty-Fourth Omnibus Objection to Claims (Insufficient Documentation Claims)* [ECF No. 29329] (the "Claim Objection"), respectfully represents as follows:

## FACTS

### Procedural Facts

1.    Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors in the above-referenced bankruptcy proceedings (collectively, the "Debtors") commenced with this Court voluntary cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). These Chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Fed. R. Bankr. P. 1015(b).

2.    On July 2, 2009, this Court entered an order [ECF No. 4271] (the "Bar Date Order") fixing September 22, 2009 as the Bar Date for creditors to file proofs of claim in these cases (the "Bar Date"). Among other things, the Bar Date Order provides that "each Proof of Claim must:…(vi) include supporting documentation or an explanation as to why documentation is not available." (Bar Date Order at p. 6.)

3.    On December 6, 2011, the Court entered an Order [ECF No. 23023] (the "Confirmation Order") confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings, Inc. and Its Affiliated Debtors, dated August 31, 2011 (as subsequently supplemented, amended or modified) (the "Plan").

4.    The Plan became effective on March 6, 2012.

5.    On July 10, 2012, the Debtors filed the Claim Objection.

6.    As set forth in paragraphs 2 and 15 of the Claim Objection and Exhibit A attached to the Claim Objection, the Plan Administrator seeks to disallow and expunge in its entirety Claim No. 1109 filed by PSE&G in the amount of $548,838.06 (the "PSE&G Proof of Claim")

on the grounds that it allegedly "[was] submitted with insufficient documentation and [PSE&G] failed to produce sufficient documentation upon request." Specifically, the Plan Administrator alleges that the PSE&G Proof of Claim "[does] not include *any* supporting documentation and [PSE&G] did not produce sufficient documentation upon request" and that the PSE&G Proof of Claim therefore does not constitute a valid *prima facie* claim. (Claim Objection, ¶ 10.)

**Facts Regarding the PSE&G Proof of Claim**

7.      PSE&G timely filed the PSE&G Proof of Claim in the amount of $548,838.06, on November 26, 2008, long before the Bar Date Order was entered. PSE&G filed the claim in the main bankruptcy case (Case Number 08-13555) as "Lehman Brothers" because it was the name in which the Debtor set up its accounts with PSE&G and was the only information provided to PSE&G by the customer regarding the customer's identity. The PSE&G Proof of Claim relates to prepetition amounts due and owing from the Debtors to PSE&G for prepetition utility goods and/or services provided by PSE&G to the Debtors.

8.      Attached to the PSE&G Proof of Claim are 16 pages of PSE&G business records kept in the ordinary course of PSE&G's business (collectively, the "Account Statements"), which reflect a complete itemization of the bills issued and payments received on the eight (8) prepetition Debtor accounts included in the proof of claim, covering the period beginning eighteen (18) months preceding the Commencement Date and ending with the closing of the Debtors' prepetition accounts after the Commencement Date. The entries in the Account Statements were recorded substantially contemporaneously with the events reflected therein.

9.      The Account Statements list the customer name as "Lehman Bros" and provide a service address for each account. In addition, the Account Statements provide all information necessary to calculate the claim amount, including the dates and amounts of all unpaid bills

3

included therein. Specifically, the amount of the PS&EG Proof of Claim was derived by adding the Balance on each of the accounts as of 9/15/08, as reflected in the Account Statements, which Balance reflects all unpaid charges on the accounts as of that date.

10. Before filing the Claim Objection, the Plan Administrator contacted PSE&G regarding the PSE&G Proof of Claim and inquired which Debtor entity(ies) was (were) the applicable account customer(s). PSE&G explained that a customer calls in to set up an account, and PSE&G sets up the account in the name requested by the customer. PSE&G requests but does not require a tax id number when a customer opens a utility account and PSE&G's records reflect that it was not provided a tax id number when it opened the accounts for the Debtor. Accordingly, the only information PSE&G had regarding the customer's identity was that the customer had requested that the account be set up in the name of "Lehman Brothers," which PSE&G did.

11. Erin Murphy from the Debtor asked PSE&G to provide her with copies of checks. At that time, PSE&G was only able to provide copies of several post-petition checks, which the Debtor stated were not helpful in identifying the accounts. PSE&G has subsequently obtained several prepetition checks that it has provided to Debtors' counsel.

12. After providing the check copies, PSE&G attempted to follow up by leaving a message with the Debtor advising that it would need some additional time to determine if copies of any prepetition payments were received, but the call was never returned. Rather, the next communication PSE&G received was a copy of the Claim Objection.

**DISCUSSION**

13.     Rule 3001 of the Federal Rules of Bankruptcy Procedure ("Rule 3001") provides that a proof of claim shall conform substantially to the appropriate Official Form, which is Form No. 10.

14.     The PSE&G Proof of Claim complies with Official Form No. 10, as it was filed on a copy of Official Form No. 10.  In addition, the PSE&G Proof of Claim was properly supported with the Account Statements, which provided complete billing and payment histories for the Debtors' accounts at issue covering more than the relevant time period, such that the Debtor was sufficiently advised of the dates and the amounts of all unpaid invoices and charges included in the PSE&G Proof of Claim, as well as the customer name as provided to PSE&G by the customer, and the address to which utility service was provided on each account.

15.     With respect to supporting documentation, Official Form No. 10 provides:

> Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements.  You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary.

16.     The Account Statements attached to the PSE&G Proof of Claim are itemized statements of running accounts and thus clearly satisfy the supporting documentation requirement of Official Form No. 10.

17.     Further, despite having already provided sufficient *prima facie* evidence of PSE&G's claim through the Account Statements attached to the PSE&G Proof of Claim itself, and contrary to the Debtor's allegations in the Claim Objection, PSE&G was fully cooperative in responding to the Plan Administrator's requests for additional supporting documentation by

providing copies of checks to the extent it had access to the same. *See In re Hood*, 449 Fed. Appx. 507, 509, 2011 WL 6144364, **2 (7th Cir. 2011) (noting that the purpose of the Bankruptcy Rule requiring creditors to attach supporting documentation to proofs of claim is to help debtors determine whether claims are valid, not to force creditors to produce outdated paperwork) (citing *In re O'Brien*, 440 B.R. 654, 661 (Bankr. E.D. Pa. 2010), and *In re Motels of Am., Inc.*, 146 B.R. 544, 545-46 (Bankr. D. Del. 1992)).

18. The Plan Administrator cannot dispute that the service addresses on the accounts at issue are addresses of the Debtors. Further, PSE&G has provided the Plan Administrator with all of the identity information that PSE&G was provided by the Debtors when they established the accounts. Accordingly, if the Plan Administrator is still unable to determine which Debtor entity(ies) was (were) the applicable customer(s) on PSE&G's accounts, it is the result of the Debtors' failure to provide sufficient information in setting up the accounts in the first instance and their inexplicable inability to identify the applicable Debtor entity through the service addresses on the accounts.

19. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that, "[a] claim of interest, proof of which is filed under Section 501 of this title, is deemed allowed, unless a party in interest…objects."

20. The bases of the Plan Administrator's objection to the PSE&G Proof of Claim are (i) that it was submitted without any supporting documentation or (ii) that it was submitted with insufficient documentation to support it. The allegation that the PSE&G Proof of Claim did not include ***any*** supporting documentation is factually inaccurate given the 16 pages of Account Statements attached thereto. Further, the allegation that the PSE&G Proof of Claim was

supported by insufficient documentation is legally invalid, as the Account Statements comply precisely with the supporting documentation requirements of Official Form No. 10.

21. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(f) of the Federal Rules of Bankruptcy Procedure. Because the PSE&G Proof of Claim was timely filed before the Bar Date in accordance with §§ 501 and 502 of the Bankruptcy Code and was properly executed and submitted pursuant to Bankruptcy Rule 3001, the PSE&G Proof of Claim constitutes *prima facie* evidence of the validity and the amount of PSE&G's unsecured prepetition claim against the Debtors. *In re Friedman*, 184 B.R. 883, 887 (Bankr. N.D.N.Y.), *aff'd* 184 B.R. 890 (N.D.N.Y. 1995) (properly filed proof of claim is presumptively valid); *In re Ashline*, 37 B.R. 136, 139 (Bankr. N.D.N.Y. 1984) (holding that a debtor objecting to a properly filed and supported proof of claim must come forward with facts and evidence tending to rebut the presumption of validity of the claim).

22. Overcoming the presumptive validity of a proof of claim can only be accomplished when, *e.g.*, an objecting party produces specific and detailed allegations that place the claim into dispute, *see In re Lenz*, 110 B.R. 523, 525 (D. Colo. 1990); by the presentation of legal arguments based upon the contents of the claim and its supporting documents, *see First Nat'l Bank of Fayetteville, Ark. V. Circle J. Dairy (In re Circle J. Dairy)*, 112 B.R. 297, 300 (Bankr. W.D. Ark. 1989); or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question, *see In re Frontier Airlines, Inc.*, 112 B.R. 395- 399-400 (D. Colo. 1990).

23. As the Debtors have failed to set forth any legally or factually sufficient basis for their objection to the PSE&G Proof of Claim, and have not provided any documentation to

support their contention that the PSE&G Proof of Claim should be expunged, the Court should dismiss the Claim Objection and allow the PSE&G Proof of Claim as an allowed unsecured claim against the Debtors in the full amount filed.

## CONCLUSION

For all of the foregoing reasons, this Court should enter an Order (1) dismissing the Claim Objection with respect to the PSE&G Proof of Claim, (2) allowing the PSE&G Proof of Claim as a general, unsecured claim in the full amount of $548,838.06, (3) awarding costs and attorneys' fees to PSE&G, and (4) providing such other and further relief as the Court deems just and reasonable.

Dated: Garden City, New York
August 9, 2012

**MEYER, SUOZZI, ENGLISH & KLEIN, P.C.**

By:*/s/ Jessica G. Berman*
   **Thomas R. Slome**
   **Jessica G. Berman**
**990 Stewart Avenue, Suite 300**
**P.O. Box 9194**
**Garden City, New York  11530-9194**
**Telephone: (516) 741-6565**
**Facsimile: (516) 741-6706**

and

**Russell R. Johnson III**
**LAW FIRM OF RUSSELL R. JOHNSON III, PLC**
**2258 Wheatlands Drive**
**Manakin-Sabot, Virginia  23103**
**Telephone:  (804) 749-8861**
**Facsimile:  (804) 749-8862**

*Co-Counsel for Public Service Electric and Gas Company*

897968