HEARING DATE AND TIME: September 27, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 13, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | **Chapter 11 Case No.** |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON PLAN ADMINISTRATOR'S
OBJECTION TO CLAIM FILED BY 250 EAST BORROWER, LLC**

**PLEASE TAKE NOTICE** that on August 9, 2012, Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for the entities in the above referenced chapter 11 cases, filed its objection to the claim of 250 East Borrower, LLC (the "250 East Objection"), and that a hearing (the "Hearing") to consider the 250 East Objection will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **September 27, 2012 at 10:00 a.m. (prevailing Eastern Time),** or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the 250 East Objection must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a)

US_ACTIVE:\44020870\4\58399.0003

electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and shall be served in accordance with General Order M-399, upon (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the Plan Administrator, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **September 13, 2012 at 4:00 p.m. (prevailing Eastern Time)** (the "Response Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the 250 East Objection, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the 250 East Objection, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 9, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

HEARING DATE AND TIME: September 27, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 13, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
In re                                          :     Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :     08-13555 (JMP)
                                               :
            Debtors.                           :     (Jointly Administered)
------------------------------------------------------------------x

**PLAN ADMINISTRATOR'S OBJECTION
TO CLAIM FILED BY 250 EAST BORROWER, LLC**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan

Administrator pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman*

*Brothers Holdings Inc. and its Affiliated Debtors* (the "Plan") for the entities in the above

referenced chapter 11 cases (collectively, the "Chapter 11 Estates"), files this objection to proof

of claim number 27245 and respectfully represents as follows:

**Preliminary Statement**

1.     The Plan Administrator files this objection seeking to disallow and

expunge the proof of claim filed by 250 East Borrower, LLC ("250 East") against LBHI [Claim

No. 27245] (the "250 East Claim") on the basis that LBHI has no liability for the claims asserted

therein.  The 250 East Claim asserts a claim for damages in the aggregate amount of $20,000,000

that allegedly resulted from LBHI's alleged failure to fund certain amounts to 250 East under a

1

series of loan agreements entered into by LBHI and 250 East prior to the Commencement Date (as defined below). The 250 East Claim, however, fails to take into account the fact that 250 East specifically agreed not to assert any claims against LBHI for monetary or consequential damages and expressly waived and released any and all claims it otherwise may have had against LBHI. Accordingly, the Chapter 11 Estates have no liability for any amounts asserted in the 250 East Claim and the Plan Administrator requests that the 250 East Claim be disallowed and expunged with prejudice.

## Jurisdiction

2.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article 14(c) of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

3.  Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with this Court voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Lehman Commercial Paper Inc. ("LCPI") commenced its Chapter 11 Case on October 5, 2008 (the "LCPI Commencement Date"). The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Bankruptcy (the "Bankruptcy Rules").

4.  On December 6, 2011, the Court entered the order confirming the Plan [ECF No. 22737]. The Plan became effective on March 6, 2012 (the "Effective Date").

5.  Pursuant to the Plan, the Plan Administrator is authorized to interpose and prosecute objections to claims filed against the Chapter 11 Estates.

2

**Relief Requested**

6. The Plan Administrator files this objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d) and seeks to disallow and expunge the 250 East Claim on the basis that LBHI has no liability for such claim.

**Facts Relevant to the 250 East Claim**

7. On December 29, 2006, 250 East and LBHI and entered into a master credit agreement (the "Master Credit Agreement") pursuant to which LBHI agreed to provide financing to 250 East in connection with the acquisition and predevelopment of certain real property located at 250 East 49th Street, New York, New York (the "Property"). A copy of the Master Credit Agreement is attached hereto as Exhibit A. 250 East's development plan for the Property called for it to be converted into a luxury condominium building.

8. The Master Credit Agreement provided for the financing to be divided into three separate loans: an acquisition loan, a project loan, and a building loan. The acquisition loan (the "Acquisition Loan"), in the amount of $36,374,382.14, was governed by the Master Credit Agreement and, as of the Commencement Date, had been fully funded by LBHI.

9. The project loan (the "Project Loan") was governed by the Master Credit Agreement and that certain Project Loan Agreement, dated as of December 29, 2006 between LBHI and 250 East (as amended the "Project Loan Agreement"). A copy of the Project Loan Agreement is attached hereto as Exhibit B. As of the Commencement Date, LBHI had funded $6,868,776.26 of the $21,209,604.06 available under the Project Loan.

10. The building loan (the "Building Loan," and together with the Acquisition Loan and the Project Loan, the "Loans") was governed by that certain Amended and Restated Building Loan Agreement, dated as of February 13, 2008, between LBHI and 250 East (the

3

"Building Loan Agreement," together with the Master Credit Agreement and the Project Loan Agreement, the "Loan Agreements"). A copy of the Building Loan Agreement is attached hereto as Exhibit C. As of the Commencement Date, LBHI had funded $10,694,511.66 of the $32,122,168.20 available under the Building Loan.

11. Section 12.21 of the Master Credit Agreement, provides that

> none of [LBHI] . . . or [its] agents or employees shall be liable to [250 East] for any monetary damages (including any special, consequential or punitive damages whatsoever), whether in contract, tort (including negligence and strict liability) or any other legal or equitable principle . . . and [250 East's] sole remedies shall be limited to commencing an action for specific performance.

Master Credit Agreement, §12.21.

12. Each of the Project Loan Agreement and the Building Loan Agreement contain an identical section 13.11, which provides that:

> [i]n no event shall [LBHI] or [250 East] be liable to the other for punitive or consequential damages, whatever the nature of a breach by [LBHI] or [250 East] of its obligation under this Agreement or any of the other Loan Documents and [LBHI] and [250 East] each, for itself and its respective Affiliates, hereby waives all claims for punitive or consequential damages.

Project Loan Agreement, §13.11, Building Loan Agreement, §13.11.

The Master Repurchase Agreements

13. On December 4, 1997, LBHI, LCPI and certain of their affiliates entered into a Master Repurchase Agreement (as amended, the "Internal MRA"). Pursuant to the Internal MRA, prior to the Commencement Date, LBHI sold to LCPI certain commercial and residential mortgage and mezzanine loans with an obligation to repurchase such loans at a future date (the "Internal MRA Loans"). The respective repurchase dates for the Internal MRA Loans were extended on a regular basis. The Loans were included among the Internal MRA Loans and, therefore, were sold to LCPI under the Internal MRA.

4

14. On December 3, 2002, LCPI and Lehman Brothers Inc., as sellers, entered into that certain Master Repurchase Agreement (as amended, the "Swedbank MRA") with Swedbank AB, New York Branch ("Swedbank"). In exchange for cash payment, LCPI sold to Swedbank certain residential and commercial mortgage loans, including the Loans (collectively, the "Swedbank MRA Loans"). Under the terms of the Swedbank MRA, LCPI was obligated to repurchase the Swedbank MRA Loans at a future date.

15. On September 24, 2008 (the "Default Date"), Swedbank sent a letter (the "Default Letter") to LCPI declaring that an event of default had occurred under the Swedbank MRA as a result of the commencement of LBHI's chapter 11 case. A copy of the Default Letter is attached hereto as Exhibit D. Pursuant to the Swedbank MRA, Swedbank became entitled to LCPI's ownership interest in the Loans, among other things. LBHI and LCPI did not dispute Swedbank's ownership rights with respect to the Loans. As a result, on November 6, 2008, LBHI and/or LCPI executed assignment documents confirming that Swedbank had purchased all of the right, title and interest of LCPI or LBHI, as applicable, with respect to the Loans pursuant to the Swedbank MRA and that Swedbank had assumed the obligations of LCPI or LBHI, as applicable, as lender arising from the documents evidencing the Loans as of the Default Date.[1]

16. On September 25, 2008, one day after the Default Date, 250 East submitted a draw request under the Building Loan in the amount of $2,062,705.82 and a draw request under the Project Loan in the amount of $248,375.71 (together, the "Funding Request"). The Funding Request was not funded by LBHI or LCPI. The Plan Administrator has reviewed

---

[1] Because LBHI sold the Loans to LCPI prior to the Commencement Date, LBHI was no longer an owner of the Loans upon the commencement of its chapter 11 case. Similarly, as of the LCPI Commencement Date, LCPI was no longer an owner of the Loans because Swedbank became entitled to ownership of the Loans on or about the Default Date, which was prior to the LCPI Commencement Date. Thus, the Loans were not property of the estates of LBHI or LCPI as of their respective Commencement Dates.

5

the records of the Chapter 11 Estates and has been unable to identify any other draw requests pending as of the LBHI Commencement Date or the LCPI Commencement Date.

17. Following the Funding Request and the Default Date, on November 6, 2008, 250 East executed a wavier and release agreement (the "Waiver and Release Agreement"). A copy of the Waiver and Release Agreement is attached hereto as Exhibit E. Paragraph 1 of the Waiver and Release Agreement provides that 250 East Borrower shall not:

> at any time assert against LBHI and LCPI any claims . . . under, arising out of or in connection with LBHI's or LCPI's actions or inactions in connection with the Loan[s], the Funding Request, the Loan Agreements or any other Loan Documents, whether arising prior to or after the Effective Date, including, without limitation, LBHI's and/or LCPI's failure to fund any previously submitted Funding Request or other funding request transmitted by [250 East Borrower] to LBHI, or any funding request hereafter submitted to Swedbank.

(such claims, the "Released Claims"). Waiver and Release Agreement, ¶ 1.

18. Paragraph 2 of the Waiver and Release Agreement provides further that 250 East "waives and releases LBHI and LCPI from any and all [Released Claims] and any and all costs, damages, liens, liabilities or expenses of any kind or nature with respect thereto." Waiver and Release Agreement, ¶ 2.

### The 250 East Claim

19. The 250 East Claim is based on LBHI's alleged breach of its obligations under what 250 East refers to as the "Master Credit Agreement and component loan agreements." According to 250 East, this breach, which appears to relate to LBHI's funding obligations, caused 205 East to:

> [(a)] incur[] additional financing costs and additional interest expenses; (b) suffer[] substantial delays in the construction of the Project; (c) the loss of existing condo purchasers, who have sought to rescind their purchase contracts due to the delays in closing on their condominium apartment units; (d) the loss of prospective condo buyers, who lost confidence in [205

6

East's] ability to complete the Condominium Development; and (e) additional professional fees associated with [LBHI's] failure to timely finance the Condominium Development.

20. The 250 East Claim fails to reflect the waiver of monetary damages set forth in the Master Credit Agreement, the waiver of consequential damages set forth in each of the Project Loan Agreement and the Building Loan Agreement, or the Waiver and Release Agreement.

**250 East Waived Any and All Claims It May Have Had Against LBHI
and, Accordingly, the 250 East Claim Should Be Disallowed and Expunged**

21. Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  While a proof of claim is "deemed allowed, unless a party in interest objects," 11 U.S.C. § 502(a), once an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.,* 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.,* 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

22. The 250 East Claim is entirely comprised of claims for monetary and consequential damages – precisely the types of damage claims that are barred by the Master Credit Agreement and the Project and Building Loan Agreements, respectively.  Further, 250 East expressly agreed in the Waiver and Release Agreement not to assert any claims in connection with, among other things, the Loans, the Funding Request or the Loan Documents and to "release[] LBHI and LCPI from any and all [Released Claims] and any and all costs,

7

damages, liens, liabilities or expenses of any kind or nature with respect thereto." Waiver and Release Agreement, ¶¶ 1-2.

23. The Loan Documents and the Waiver and Release Agreement are each governed by New York law, which provides that "[a] release is a type of contract that is governed by contract law. Courts applying New York law will enforce valid releases that are clear and unambiguous on their face and which were knowingly and voluntarily entered into and were not the product of fraud, duress, or undue influence." *Hummel v. AstraZeneca LP*, 575 F. Supp. 2d 568, 570 (S.D.N.Y. 2008) (internal quotations omitted); *see also Export – Import Bank of the United States v. Agricola Del Mar BCS, S.A. de C.V.*, 536 F. Supp. 3d 345, 350 (S.D.N.Y. 2008) ("An unconditional waiver of defenses is valid and enforceable when entered into voluntarily."); *Indus. Risk Insurers v. Port Auth. of N.Y. & N.J.*, 387 F.Supp.2d 299, 307 (S.D.N.Y.2005) ("[P]arties, especially those of equal bargaining power, should be able to rely upon the general New York rule that enforces contracts for the release of claims of liability.").

24. 250 East is a sophisticated party and the Loan Documents and the Waiver and Release Agreement were each knowingly and voluntarily entered into and were not the product of any fraudulent conduct by LBHI or LCPI. Accordingly, the Loan Documents and the Waiver and Release Agreement constitute valid and enforceable agreements under New York law and 250 East has waived and released any and all claims or causes of action that it may otherwise have had in connection with the Loans.

25. Additionally, Swedbank became the owner of the Loans on September 24, 2008 – prior to the submission of the Funding Request. Any obligations that arose under the Loan Documents after that date would, therefore, have been obligations of Swedbank, not LBHI or LCPI.

8

26. Further, 250 East has failed to provide any supporting documents to substantiate any of its millions of dollars in purported damages. These asserted damages appear speculative at best. 250 East does not provide any evidence that it incurred such damages or that any such damages were caused by its failure to receive funding under the Loans. To the extent the balances of the Project Loan and the Building Loan were ultimately funded, or 250 East sustained alternate financing, the asserted damages simply do not exist.

27. 250 East's waiver and release of any and all claims or causes of action it may have against LBHI and LCPI is fatal to the 250 East Claim. Having specifically agreed not to assert claims, 250 East should not now be permitted to repudiate the waivers and releases it agreed to in the Loan Documents and the Waiver and Release Agreement. Accordingly, the Plan Administrator requests that the 250 East Claim be disallowed and expunged from the claims register.

**Reservation of Rights**

28. To the extent that this Court does not grant the relief requested herein, the Plan Administrator reserves its right to object to the 250 East Claim for any other reasons including, without limitation, that LBHI and LCPI did not breach any of their respective obligations under the Loans.

**Notice**

29. No trustee has been appointed in these chapter 11 cases. The Plan Administrator has served notice of this objection, in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures [ECF No. 9635], on: (i) 250 East; (ii) the United States Trustee for Region 2; (iii) the Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney for the Southern District of New York; (vi) Swedbank; and (vii)

9

all parties who have requested notice in these chapter 11 cases. The Plan Administrator submits that no other or further notice need be provided.

30. No previous request for the relief sought herein has been made by the Plan Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order granting the relief requested herein and such other and further relief as is just.

Dated: August 9, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

10

US_ACTIVE:\44020870\4\58399.0003

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,       :    08-13555 (JMP)
                                               :
            Debtors.                           :    (Jointly Administered)
------------------------------------------------------------------x

## ORDER GRANTING PLAN ADMINISTRATOR'S
## OBJECTION TO CLAIM FILED BY 250 EAST BORROWER, LLC

Upon the objection, dated August 9, 2012 (the "250 East Objection"), of Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator (the "Plan Administrator") pursuant to the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* for the entities in the above referenced chapter 11 cases, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure, seeking disallowance and expungement of the 250 East Claim,[1] all as described in the 250 East Objection; and due and proper notice of the 250 East Objection having been provided, and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the 250 East Objection is in the best interests of the Chapter 11 Estates, their creditors, and all parties in interest in the above captioned chapter 11 cases and that the legal and factual bases set forth in the 250 East Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the 250 East Objection is granted; and it is further

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the 250 East Objection.

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the 250 East Claim, which has been assigned claim number 27245, is disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

4