WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc. and
Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
                                                :
**In re**                                       :    **Chapter 11 Case No.**
                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.***,**  :    **08-13555 (JMP)**
                                                :
                    Debtors.                    :    **(Jointly Administered)**
                                                :
------------------------------------------------------------------x

**CERTIFICATE OF NO OBJECTION UNDER 28 U.S.C. § 1746**
**REGARDING MOTIONS SCHEDULED FOR HEARING ON AUGUST 15, 2012**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Pursuant to 28 U.S.C. § 1746, and in accordance with this Court's case management procedures set forth in the Second Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures [ECF No. 9635] (the "Second Amended Case Management Order"), the undersigned hereby certifies as follows:

1.      Lehman Brothers Holdings Inc. (the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, filed the following motions (collectively, the "Motions") with the Court for hearing on or before August 15, 2012:

    a.    Motion Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure for Approval of Settlement Agreement Between Lehman Brothers Holdings Inc. and Sumitomo Mitsui Banking Corporation **[ECF No. 28144]**

    b.    Motion of Plan Administrator for Approval of Settlement Agreement and Indemnity Between Lehman Brothers Special Financing Inc. and Deutsche Bank Trust Company Americas, as Trustee, Relating to Credit Default Swap Agreement **[ECF No. 29425]**

    c.    Motion for a Supplemental Order to Facilitate Distributions to Holders of Certain Lehman Programs Securities Issued in Japan **[ECF No. 29699]**

2.    In accordance with the Second Amended Case Management Order, the Plan Administrator established deadlines (the "Response Deadline") for each Motion for parties to object or file responses. The Second Amended Case Management Order provides that pleadings may be granted without a hearing, provided that no objections or other responsive pleadings have been filed on or prior to the relevant response deadline and the attorney for the entity who filed the pleading complies with the relevant procedural and notice requirements.

3.    The Response Deadlines have now passed and, to the best of my knowledge, no responsive pleadings to the Motions have been (a) filed with the Court on the docket of the above-referenced cases in accordance with the procedures set forth in the Second Amended Case Management Order, or (b) served on counsel to the Plan Administrator.

4.    Accordingly, the Plan Administrator respectfully requests that the proposed orders granting the Motions annexed hereto as Exhibits A through C, which are

unmodified since the filing of the Motions, be entered in accordance with the procedures described in the Second Amended Case Management Order.

I declare that the foregoing is true and correct.

Dated: August 13, 2012
      New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc. and
                Certain of Its Affiliates

**Exhibit A**

**(Proposed Order – ECF No. 28144)**

US_ACTIVE:\44072641\1\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
:
In re                                                            :    Chapter 11 Case No.
                                                                 :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,   :    08-13555 (JMP)
                                                                 :
                        Debtors.                            :    (Jointly Administered)
                                                                 :
-----------------------------------------------------------------x

### ORDER PURSUANT TO RULE 9019 OF THE
### FEDERAL RULES OF BANKRUPTCY PROCEDURE FOR APPROVAL OF
### SETTLEMENT AGREEMENT WITH SUMITOMO MITSUI BANKING CORPORATION

Upon the motion, dated May 29, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of that certain Settlement Agreement, dated May 24, 2012 (the "Settlement Agreement"), a copy of which is attached to the Motion as Exhibit A, all as more fully described in the Motion;[1] and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the second amended order entered June 17, 2010 governing case management and administrative procedures

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

[ECF No. 9635] to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for SMBC; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI's estate, its creditors, and all other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement is approved; and it is further

ORDERED that LBHI is duly authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and perform any and all obligations contemplated therein; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
    New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2

**Exhibit B**

**(Proposed Order – ECF No. 29425)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
In re                                                                    :    Chapter 11 Case No.
                                                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,     :    08-13555 (JMP)
                                                                              :
                         Debtors.                                  :    (Jointly Administered)
                                                                              :
---------------------------------------------------------------x

**ORDER PURSUANT TO RULE 9019 OF THE FEDERAL RULES
OF BANKRUPTCY PROCEDURE FOR APPROVAL OF SETTLEMENT
AGREEMENT AND INDEMNITY AGREEMENT BETWEEN LEHMAN BROTHERS
SPECIAL FINANCING INC. AND DEUTSCHE BANK TRUST COMPANY
AMERICAS, AS TRUSTEE, RELATING TO CREDIT DEFAULT SWAP AGREEMENT**

Upon the motion, dated July 16, 2012 (the "Motion"), of Lehman Brothers Holdings Inc. (the "Plan Administrator") as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, on behalf of Lehman Brothers Special Financing Inc. ("LBSF"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for approval of a settlement agreement (the "Settlement Agreement") and an indemnity agreement (the "Indemnity Agreement") between LBSF and Deutsche Bank Trust Company Americas, as Trustee (the "Trustee"), relating to a credit default swap agreement, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Motion having been provided in accordance with the procedures set forth in the amended order entered on June 17, 2010, governing case management and administrative procedures for these cases [ECF No. 9635] on (i) the U.S. Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the attorneys for the Trustee; and (vi) all parties who have requested notice in the Chapter 11 Cases, and it appearing that no other or further notice need be provided; and a hearing (the "Hearing") having been held to consider the relief requested in the Motion; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBSF, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that the Motion is granted; and it is further

    ORDERED that, pursuant to Bankruptcy Rule 9019, the Settlement Agreement and the Indemnity Agreement are approved; and it is further

    ORDERED that LBSF is authorized to execute, deliver, implement and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to consummate the Settlement Agreement and the Indemnity Agreement and to perform any and all obligations contemplated therein; and it is further

    ORDERED that the Trustee is authorized to pay the CDS Payment Amount[1] and the Trustee Amount from the Synthetic Security Collateral Account, and to distribute the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

remaining funds in such account, in accordance with the terms of the Settlement Agreement; and it is further

ORDERED that the Trustee is authorized to effectuate the Wind-Down Provisions for the purpose of liquidating any remaining collateral and distributing the proceeds thereof in accordance with the terms set forth in the Indenture; and it is further

ORDERED that the terms of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2012
      New York, New York

                                                   _____
                                                   UNITED STATES BANKRUPTCY JUDGE

US_ACTIVE:\44072641\1\58399.0008

**<u>Exhibit C</u>**

**(Proposed Order – ECF No. 29699)**

US_ACTIVE:\44072641\1\58399.0008

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                                                :
In re                                                           :    Chapter 11 Case No.
                                                                :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                        :    08-13555 (JMP)
                                                                :
                    Debtors.                                    :    (Jointly Administered)
                                                                :
----------------------------------------------------------------x

### SUPPLEMENTAL ORDER TO FACILIATE DISTRIBUTIONS
### TO HOLDERS OF CERTAIN LEHMAN PROGRAMS SECURITIES ISSUED IN JAPAN

Upon the motion dated July 27, 2012 (the "Motion")[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), supplementing the Court's prior orders relating to distributions on certain securities issued by LBHI and related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Standing Order M-61 Referring to Bankruptcy Judges for the Southern District of New York Any and All Proceedings Under Title 11, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided in accordance with the procedures set forth in the amended order entered June 17, 2010 governing case management and administrative procedures [ECF No. 9635], and it appearing that no other or further notice need be provided; and the Court having found and determined that the relief sought in the Motion is in the best interests of LBHI and its estate and creditors and all parties in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

interest; and upon the Court's consideration of the Motion; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that, the Motion is granted; and it is further

ORDERED that the Supplemental Procedures are approved and the Plan Administrator is authorized to make distributions under the Plan in accordance therewith; and it is further

ORDERED that, this Order shall have no effect on the provisions of the LBHI Issued LPS Order as it relates to any LBHI Issued LPS other than the JP Securities; and it is further

ORDERED that the Plan Administrator is hereby authorized to execute and deliver all instruments and documents, and take such other actions, as may be necessary or appropriate to implement and effectuate this Order; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: August __, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE