GODFREY & KAHN, S.C.
One East Main Street, Suite 500
P.O. Box 2719
Madison, Wisconsin 53701-2719
Telephone: (608) 257-3911
Facsimile: (608) 257-0609

Katherine Stadler

*Attorneys for the Fee Committee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **LEHMAN BROTHERS HOLDINGS, INC.** *et al.*, | : | Case No. 08-13555 (JMP) |
| | : | |
| Debtors. | : | (Jointly Administered) |

**FEE COMMITTEE'S POSITION STATEMENT ON**
**PENDING SECTION 503(B) APPLICATIONS**

The Court has scheduled a hearing for Wednesday, August 15, 2012, on $33.5 million in applications for compensation and reimbursement under 11 U.S.C. § 503(b)(3) and (4). The U.S. Trustee opposes the applications on both substantive and procedural grounds. The Creditors' Committee generally supports the applications but asks the Court to "enlist the Fee Committee to address the issues raised" by the U.S. Trustee's objection.

Recognizing the primary policy role of the U.S. Trustee in responding to section 503(b) applications and issues, the Fee Committee would accept a defined assignment from the Court (without seeking an increase in monthly compensation) to review these applications and report its assessment to the parties and the Court. The Fee Committee can bring significant and independent value and experience to the reasonableness analysis generally required under

section 330 and, through its individual members, help provide a factual context for the "substantial contribution" determination under the Bankruptcy Code.[1]

## BACKGROUND/LEGAL STANDARD

1. In the wake of the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the **"Plan"**) [Docket No. 22973], confirmed on December 6, 2011, four creditor entities filed timely administrative expense claims [Docket Nos. 29195, 29222, 29239 and 29240] (the "**Applications**") totaling $33.5 million under section 503(b)(3) and for "reasonable compensation" for the services of their professionals (section 503(b)(4)). The applicants contend that, in concert with their professionals, they have made the "substantial contribution" to the proceeding required by the Bankruptcy Code for compensation.[2]

2. Under the Bankruptcy Code, any payment to a creditor's professionals for "reasonable compensation" awarded under section 503(b) must be "based on the time, the nature, the extent and the value of such services, and the cost of comparable services other than in a case" under Chapter 11. 11 U.S.C. § 503(b)(4).

3. On July 25, 2012, the U.S. Trustee filed, on a variety of grounds, its *Omnibus Objection of the United States Trustee to Applications of: (I) The Ad Hoc Group of Lehman Brothers Creditors, (II) The Ad Hoc Group of Holders of Notes Issued by Lehman Brothers Treasury Co. B.V. and Guaranteed by Lehman Brothers Holdings, Inc., (III) Goldman Bank USA and Goldman International, and (IV) the Lehman Brothers Special Financing Inc. Working*

---

[1] The Fee Committee's independent chair and two of its other three members endorse this procedural position. This position statement is limited to the process for reviewing the specific section 503(b) applications scheduled for hearing on August 15, 2012. It does not prejudge the merits of those applications or any other applications by any other professional.

[2] A fifth application [Docket Nos. 24762 and 24881, respectively], filed by the members of the Creditors' Committee, seeks reimbursement for $26.3 million for the fees and expenses of the professionals those members individually retained. It is not scheduled for a hearing on August 15, 2012.

*Group, for Allowance and Payment of Fees and Reimbursement of Expenses Pursuant to 11 U.S.C. § 503(b)* [Docket No. 29639] ("**U.S. Trustee Objection**").

4. On August 1, 2012, the Creditors' Committee filed its *Omnibus Response of Official Committee of Unsecured Creditors to Applications for Allowance and Payment of Fees and Reimbursement of Expenses Pursuant to 11 U.S.C. § 503(b) of: (I) The Ad Hoc Group of Lehman Brothers Creditors, (II) The Ad Hoc Group of Holders of Notes Issued by Lehman Brothers Treasury Co. B.V. and Guaranteed by Lehman Brothers Holdings Inc., (III) Goldman Sachs Bank USA and Goldman Sachs International, and (IV) the Lehman Brothers Special Financing Inc. Working Group* [Docket No. 29785] (the "**Committee Response**"), noting that "there are colorable bases upon which to conclude that the Applications have met" the substantial contribution standard. Committee Response, ¶ 5. The response also noted the U.S. Trustee Objection and the "constructive role the Fee Committee has played in resolving issues related to professionals' compensation and reimbursement..." in these cases. *Id*., ¶¶ 6-7. "The Fee Committee has institutional knowledge of these cases and the resources necessary to review and analyze the Applicants' requests." *Id*., ¶ 7.

5. The Committee Response and U.S. Trustee Objection already describe and discuss the relevant Bankruptcy Code provisions and judicial precedent that would help frame the Court's threshold decision on the "substantial contribution" issue.

6. Prior to the Creditors' Committee's submission and suggestion, the Fee Committee had not filed any response to the Applications. Nor, regardless of the Court's response to the Creditors' Committee's suggestion, does the Fee Committee anticipate duplicating the legal research, briefing and other arguments on "substantial contribution" or the U.S. Trustee's role in that regard.

3

## FEE COMMITTEE PROCESS/FINAL FEE APPLICATIONS

7.  The Court appointed a Fee Committee on May 26, 2009 to execute the duties set forth in the Fee Committee Order, amended from time to time,[3] including, among other things, monitoring the fees and expenses incurred by professionals approved by the Court ("**Retained Professionals**").

   A.  On January 24, 2011, the Fee Committee recommended the appointment of Richard A. Gitlin as Successor Independent Member of the four-member Fee Committee and, by an order the same day, the Court approved the recommendation. *See Order Approving Fee Committee's Recommendation of Appointment of Successor Independent Member* [Docket No. 14117] (the "**Gitlin Appointment Order**").

   B.  The Gitlin Appointment Order does not address the review of section 503(b) applications.

8.  Since then, meeting at least monthly, the Fee Committee and its counsel have reviewed section 330-331 applications from at least 40 professional firms for the sixth through tenth interim periods (June 1, 2010 through March 6, 2012). With rare exceptions (including a continuing objection involving significant hourly rate increases for many of the Retained Professionals), the firms and the Fee Committee have reached agreement on the resolution of the interim fee applications. That has resulted in Court approval, based on stipulations, for the payment of the applications—on an interim basis only and with all interested parties, including the U.S. Trustee, reserving all of their rights.

9.  The Fee Committee and its counsel have completed their review of all timely and complete applications for the tenth, and concluding, interim fee period (October 1, 2011 through

---

[3] On April 14, 2011, the Court entered an Order amending the May 26, 2009 *Order Appointing Fee Committee and Approving Fee Protocol* [Docket No. 3651], superseding and replacing that Fee Protocol with the "**Amended Fee Protocol**" [Docket No. 15998].

4

March 6, 2012, the Effective Date under the Plan). They are concurrently conducting a retrospective review of the applications for the first five interim periods, filed preceding the appointment of the current independent chair.

      A.    In addition, pursuant to the Plan, the Retained Professionals filed their final fee applications on July 5, 2012, which the Fee Committee also has taken under review.

      B.    The Fee Committee's independent chairman and its counsel do not anticipate seeking any increase in their monthly compensation, beyond that already ordered, for any participation in the process of assessing any or all section 503(b) applications.

10.    To date, it has not been necessary for the Court to resolve any interim fee or expense disputes. No hearings have been scheduled on the final fee applications although the Fee Committee anticipates that final fee hearings will occur in late October and November.

## POSITION STATEMENT

11.    A staged process for analyzing 503(b) applications is consistent, implicitly or explicitly, with the Bankruptcy Code and the relevant precedent. *See* 11 U.S.C. §§ 503(b)(3)(D), 503(b)(4); *see also In re Bayou Grp., LLC*, 431 B.R. 549, 566 (Bankr. S.D.N.Y. 2010); *In re Granite Partners, L.P.*, 213 B.R. 440, 451-52 (Bankr. S.D.N.Y. 1997). The court can determine as a threshold matter whether the applicants made a "substantial contribution" to the estates' and the proceeding's success. That is a necessary but not sufficient condition for the approval of any section 503(b) application, of course, and the U.S. Trustee, the applicants, and the Creditors' Committee in their pleadings already have provided their respective perspectives on that threshold issue.

5

12. Significantly, the Debtors' representative on the Fee Committee and the Creditors' Committee's representative on the Fee Committee each was present and directly involved in the extensive negotiations that led to the Plan and its confirmation. Their insight into the negotiations and related proceedings will assist the Court in making the substantial contribution determination.

13. If the Court concludes that any of the creditors and professionals qualify at all under subsection three and made the necessary "substantial contribution," it then can—and needs to—determine whether the applicants' requests for payment, pursuant to subsection four, set forth a claim for "reasonable compensation for professional services rendered by an attorney or an accountant...based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under" Chapter 11.

14. That determination will be informed by the applications themselves and by the U.S. Trustee's objections.

    A. However, the Fee Committee can add value to this process based on its independence and experience here, its familiarity with the "cost of comparable services" and reasonableness standards, and the software applications developed for fee and expense review in this proceeding.

    B. The task facing the Court (and interested parties) is no less than that for section 330 applications:

> If an attorney or an accountant...is entitled to compensation from the estate [under section 503(b)], the amount of compensation should be a reasonable fee for the services rendered, computed in the same way that a reasonable fee for other professionals...would be computed....The compensation should be limited to necessary services that were actually rendered in connection with the [substantial] contribution, not all services rendered for the individual creditor or equity security holder.

6

1 Robert E. Ginsberg et al., Ginsberg & Martin on Bankruptcy, § 405[I][2] (5th ed. 2012).

        C.     The Fee Committee has been able to carry out its assignments to date in large part because of the independence and authority vested in it by the Court. That might well be helpful—though in no way binding on anyone—as the Court assesses the Applications.

## CONCLUSION

The Fee Committee and its counsel would accept any defined assignment with respect to the section 503(b) applications that the Court deems appropriate, and it would do so without any additional monthly expense to the estates. However, the Fee Committee asks that the Court specifically so order that participation after determining an appropriate procedure for addressing the "substantial contribution" standard. To that end, the Fee Committee requests that the Court treat the hearing scheduled for August 15 as a status conference to address these issues.

Dated: Madison, Wisconsin
       August 13, 2012.

                          GODFREY & KAHN, S.C.

                By:    /s/ *Katherine Stadler*
                          Katherine Stadler

                          GODFREY & KAHN, S.C.
                          One East Main Street, Suite 500
                          P.O. Box 2719
                          Madison, Wisconsin 53701-2719
                          Telephone: (608) 257-3911
                          Facsimile: (608) 257-0609
                          E-mail: kstadler@gklaw.com

                          *Attorneys for the Fee Committee*

8292857_2