Carolyn H. Rosenberg
REED SMITH LLP
10 S. Wacker Drive, Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc.*
*and its affiliated Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                              :
In re                                         : Chapter 11
                                              :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,      : Case No. 08-13555 (JMP)
                                              :
        Debtors                               : (Jointly Administered)
                                              :
------------------------------------------------------------x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE**
**GUIDELINES FOR REVIEWING APPLICATIONS FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. § 330**

| | |
|---|---|
| Name of Applicant: | Reed Smith LLP |
| Authorized to Provide Professional Services to: | The Debtors and Debtors in Possession |
| Date of Retention: | June 1, 2010, *nunc pro tunc* |
| Period for which compensation and reimbursement is sought: | June 1, 2010 through March 5, 2012 |
| Amount of Compensation sought as actual, reasonable and necessary: | $1,223,497.45 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $27,667.70 |
| This is a(n): | Final Fee Application |

## SUMMARY OF PRIOR APPLICATIONS

The totals in the following summary charts reflect the amounts initially sought in Reed Smith's interim fee applications, as filed, and do not reflect subsequent voluntary reductions pursuant to stipulations between Reed Smith and the Fee Committee (*see* Exhibit C), and this Court's interim fee Orders. The total amounts sought in this final application ($1,223,497.45 for compensation and $27,667.70 for reimbursement of expenses, as indicated on the first page of this Summary Sheet) reflect the reduced amounts pursuant to the stipulations and this Court's interim fee orders.

| APPLICANT | APPLICATION FILING DATE AND DOCKET NUMBER | FEES REQUESTED | FEES AWARDED | EXPENSES REQUESTED | EXPENSES AWARDED |
|---|---|---|---|---|---|
| Reed Smith LLP | First Interim Application (Sixth Fee Period) Docket No. 13481 | $418,202.00 | $403,466.00 | $4,832.33 | $4,778.40 |
| Reed Smith LLP | Second Interim Application (Seventh Fee Period) Docket No. 17341 | $237,869.50 | $224,708.50 | $5,517.90 | $5,387.28 |
| Reed Smith LLP | Third Interim Application (Eighth Fee Period) Docket No. 19274 | $174,090.50 | $170,840.00 | $7,152.42 | $6,988.50 |
| Reed Smith LLP | Fourth Interim Application (Ninth Fee Period) Docket No. 23382 | $316,614.00 | $315,611.45 | $6,628.90 | $6,624.65 |
| Reed Smith LLP | Fifth Interim Application (Tenth Fee Period) Docket No. 27988 | $108,871.50 | TBD | $3,888.87 | TBD |
| | **Total:** | $1,255,647.50 | TBD | $28,020.42 | TBD |

## COMPENSATION BY PROFESSIONAL

| NAME, DEPARTMENT AND LOCATION | YEAR OF ADMISSION | RATE | HOURS | AMOUNT |
|---|---|---|---|---|
| **PARTNERS** | | | | |
| Carolyn H. Rosenberg, Litigation – Insurance Recovery, Chicago | 1982 | $725.00 | 637.1 | $461,897.50 |
| Mark S. Hersh, Litigation – Insurance Recovery, Chicago | 1983 | $580.00 | 734.7 | $426,126.00 |
| J. Andrew Moss, Litigation – Insurance Recovery, Chicago | 1999 | $500.00 | 519.5 | $259,750.00 |
| Stephen T. Bobo, Financial Industry, Chicago | 1982 | $600.00 | 4.5 | $2,700.00 |
| Peter Hardy, Litigation – Insurance Recovery, London | 1993 | $705.00 | 6.8 | $4,794.00 |
| Margaret E. Campbell, Insurance Recovery, London | 1981 | $705.00 | 0.2 | $141.00 |
| | | Total Partners: | 1,902.8 | $1,155,408.50 |
| **ASSOCIATES** | | | | |
| Aaron Z. Bourke, Financial Industry, New York | 2009 | $240.00 | 17.7 | $4,248.00 |
| Clinton M. Crosier, Insurance Recovery, Chicago | 2009 | $240.00 | 20.4 | $4,896.00 |
| Yisroel Hiller, Litigation – Insurance Recovery, Chicago | 1999 | $430.00 | 9.3 | $3,999.00 |
| Jennifer Katz, Litigation – Insurance Recovery, New York | 2004 | $450.00 | 12.3 | $5,535.00 |
| Nicole K. O'Sullivan, Financial Industry, New York | 2009 | $350.00 | 5.6 | $1,960.00 |
| Ann E. Pille, Financial Industry, Chicago | 2004 | $390.00 | 2.2 | $858.00 |
| Lana J. Raines, Litigation – Insurance Recovery, Chicago | 2002 | $440.00 | 1.7 | $748.00 |
| | | Total Associates: | 69.2 | $22,244.00 |
| **PARAPROFESSIONALS** | | | | |
| Elizabeth Anne Arundel, Financial Industry, Chicago | n/a | $240.00 | 80.3 | $19,272.00 |
| Jane Ann Conway Gross, Litigation – Insurance Recovery, Chicago | n/a | $250.00 | 207 | $51,750.00 |
| Amanda Leonard, Business and Finance, New York | n/a | $220.00 | 1.0 | $220.00 |
| Natalia Lipscomb, Commercial Litigation, Chicago | n/a | $100.00 | 18.7 | $1,870.00 |
| Judith Livingston, Litigation Support Specialist, Chicago | n/a | $220.00 | 0.5 | $110.00 |
| Enrique Sanroman, Litigation | n/a | $220.00 | 3.0 | $660.00 |

| | | | | |
|---|---|---|---|---|
| Support Specialist, Chicago | | | | |
| James Schad, Litigation – Insurance Recovery, Chicago | n/a | $280.00 | 0.9 | $252.00 |
| Silvia Somoza, Insurance Recovery, Chicago | n/a | $130.00 | 29.7 | $3,861.00 |
| | Total Paraprofessionals: | | 341.1 | $77,995.00 |
| | | Blended Hourly Rate | | $582.84 |
| | | **Totals:** | **2,313.1** | **$1,255,647.50** |

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| 0100 Case Administration | 3.7 | $721.00 |
| 1300 Insurance Coverage and Insurance Matters | 2,121.0 | $1,176,422.50 |
| 4600 Firm's Own Billing/Fee Applications | 155.9 | $62,542.00 |
| 4700 Firm's Own Retention | 39.5 | $15,962.00 |
| **TOTAL** | **2,320.1** | **$1,255,667.50** |

## EXPENSE SUMMARY

| Category | First | Second | Third | Fourth | Fifth | Total |
|---|---:|---:|---:|---:|---:|---:|
| Outside Database, PACER | $24.16 | $7.76 | $3.68 | $127.42 | $0.00 | $163.02 |
| Legal Services | $0.00 | $0.00 | $0.00 | $0.00 | $116.00 | $116.00 |
| Lexis/Westlaw | $182.79 | $220.11 | $695.97 | $645.75 | $0.00 | $1,744.62 |
| Outside Duplication | $1,357.09 | $0.00 | $0.00 | $0.00 | $0.00 | $1,357.09 |
| Lodging Expense | $1,153.08 | $2,427.57 | $3,422.91 | $2,174.43 | $1,113.92 | $10,291.91 |
| Parking/Tolls/Other Transportation | $28.00 | $0.00 | $0.00 | $0.00 | $0.00 | $28.00 |
| Air Travel Expense | $1,246.60 | $1,493.6 | $1,395.90 | $2,565.95 | $1,667.2 | $8,369.25 |
| Conferencing | $0.00 | $0.00 | $0.00 | $0.00 | $6.72 | $6.72 |
| Telephone Expense | $8.22 | $94.72 | $30.00 | $35.34 | $0.00 | $168.28 |
| Taxi Expense | $601.00 | $723.78 | $811.4 | $516.53 | $584.24 | $3,236.95 |
| Mileage Expense | $20.00 | $0.00 | $0.00 | $277.31 | $0.00 | $297.31 |
| Courier Expense | $211.39 | $248.16 | $146.15 | $286.17 | $287.62 | $1,179.49 |
| Internet | $0.00 | $41.85 | $44.85 | $0.00 | $0.00 | $86.70 |
| Meals | $0.00 | $260.35 | $601.56 | $0.00 | $113.17 | $975.08 |
| **Totals:** | **$4,832.33** | **$5,517.9** | **$7,152.42** | **$6,628.9** | **$3,888.87** | **$28,020.42** |

- 4 -

Carolyn H. Rosenberg
REED SMITH LLP
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc.*
*and its affiliated Debtors and Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                          :
In re                                     : Chapter 11
                                          :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,  : Case No. 08-13555 (JMP)
                                          :
       Debtors                            : (Jointly Administered)
                                          :
------------------------------------------------------------x

**FINAL APPLICATION OF REED SMITH LLP,**
**SPECIAL COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD JUNE 1, 2010 THROUGH MARCH 5, 2012**

Reed Smith LLP ("Reed Smith") hereby submits its Final Application of Reed Smith LLP, Special Counsel to the Debtors and Debtors in Possession (the "Debtors"), for Allowance of Compensation and Reimbursement of Expenses for the period June 1, 2010 through March 5, 2012 (the "Application") pursuant to 11 U.S.C. §§ 327, 328, 329, 330 and 331, Federal Rule of Bankruptcy Procedure 2016, the Fifth Amended Order Pursuant To Sections 105(A) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Compensation Order"), and the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses promulgated by the Executive Office of the United States Trustee

109941793.2

pursuant to 28 U.S.C. § 586(a)(3)(A). By this Application, Reed Smith, as special counsel to the Debtors in these cases, seeks final approval and payment of compensation for legal services performed and expenses incurred during the period commencing June 1, 2010 through March 5, 2012 (the "Compensation Period"). In support hereof, Reed Smith respectfully represents the following:

## I. FACTUAL BACKGROUND

1. Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed the statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors Committee").

3. On September 19, 2008, a proceeding was commenced under the Securities Investor Protection Act of 1970 ("SIPA") with respect to Lehman Brothers Inc. ("LBI"). A trustee appointed under SIPA is administering LBI's estate.

4. On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and, by order dated January 20, 2009 [Docket No. 2583], the Court approved the U.S. Trustee's appointment of the Examiner. The Examiner issued a report of his investigation pursuant to section 1106 of the Bankruptcy Code

on March 11, 2010 [Docket No. 7531].  On July 13, 2010, the Court entered an order discharging the Examiner and his professionals.

5.     On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol") to make recommendations with respect to fees and expenses of retained professionals in these chapter 11 cases [Docket No. 3651].

6.     On December 6, 2011, the Court confirmed the Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. And Its Affiliated Debtors (the "Plan"), dated August 31, 2011 [Docket No. 23023].   The Effective Date of the Plan was March 6, 2012.

7.     The Fee Committee has consented to an extension of time, until August 13, 2012, to file this Final Application.

## EMPLOYMENT OF REED SMITH LLP

8.     On June 22, 2010, the Debtors filed the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Reed Smith LLP, as Special Counsel to the Debtors [Docket No. 9722] (the "Retention Application").

9.     On July 21, 2010, the Court entered an Order Authorizing the Employment and Retention of Reed Smith Order Pursuant To Section 327(e) of the Bankruptcy Code Authorizing the Employment and Retention of Reed Smith LLP, as Special Counsel to The Debtors [Docket No. 10343] ("Retention Order").  A true and correct copy of the Retention Order is attached hereto as **Exhibit A.**

10.    On September 21, 2010, the Court approved the Stipulation Amending the Effective Date of the Employment and Retention of Reed Smith LLP as Special Counsel to the

- 3 -

Debtors *nunc pro tunc* to June 1, 2010 [Docket No. 11499] (the "Stipulation"). A true and correct copy of the Stipulation is attached hereto as **Exhibit B.**

11. Pursuant to the Retention Order, the Debtors were authorized pursuant to Section 327(e) of the Bankruptcy Code to employ and retain Reed Smith as special counsel to the Debtors on the terms set forth in the Retention Application for the special purpose of insurance recovery matters as identified in the Retention Application and in accordance with Reed Smith's customary rates in effect.

## PRIOR APPLICATIONS

12. This is the Final application of Reed Smith for allowance of compensation and for reimbursement of expenses; five prior interim applications have been filed.

13. On December 14, 2010, Reed Smith filed its First Interim Application seeking $418,202.00 in compensation and $4,832.33 for reimbursement of expenses [Docket No. 13481]. Pursuant to a stipulation with the Fee Committee dated November 22, 2011, Reed Smith agreed to reduce the amount of compensation and reimbursement of expenses sought in its First Interim Application by $14,736.00 and $53.93, respectively [Docket No. 22497].

14. On December 2, 2011, this Court entered an order granting approving the First Interim Application and approving $403,666.00 in compensation and $4,778.40 for reimbursement of expenses [Docket No. 22887].

15. On June 2, 2011, Reed Smith filed its Second Interim Application seeking $237,869.50 in compensation and $5,517.90 for reimbursement of expenses [Docket No. 17341]. Pursuant to a stipulation with the Fee Committee filed on November 22, 2011, Reed Smith agreed to reduce the amount of compensation and reimbursement of expenses sought in its

Second Interim Application by $13,161.00 and $130.62, respectively [Docket No. 22497]. A true and correct copy of the November 22, 2011 stipulation is attached hereto as **Exhibit C**.

16. On November 30, 2011, this Court entered an order granting approving the Second Interim Application and approving $224,708.50 in compensation and $5,387.28 for reimbursement of expenses [Docket No. 22775].

17. On August 15, 2011, Reed Smith filed its Third Interim Application seeking $174,090.50 in compensation and $7,152.42 for reimbursement of expenses [Docket No. 19274]. Pursuant to a stipulation with the Fee Committee filed on January 15, 2012, Reed Smith agreed to reduce the amount of compensation and reimbursement of expenses sought in its Third Interim Application by $3,250.50 and $163.92, respectively [Docket No. 24318]. A true and correct copy of the January 15, 2012 stipulation is attached hereto as **Exhibit C**.

18. On June 26, 2012, this Court entered an order granting approving the Third Interim Application and approving $170,840.00 in compensation and $6,988.50 for reimbursement of expenses [Docket No. 29154].

19. On December 14, 2011, Reed Smith filed its Fourth Interim Application seeking $316,614.00 in compensation and $6,628.90 for reimbursement of expenses [Docket No. 23382]. Pursuant to a stipulation with the Fee Committee filed on March 24, 2012, Reed Smith agreed to reduce the amount of compensation and reimbursement of expenses sought in its Fourth Interim Application by $1,002.55 and $4.25, respectively [Docket No. 27159]. A true and correct copy of the March 24, 2012 stipulation is attached hereto as **Exhibit C**.

20. On May 21, 2012, Reed Smith filed its Fifth Interim Application seeking $108,871.50 in compensation and $3,888.87 for reimbursement of expenses [Docket No. 27988].

Following discussions with the Fee Committee, no reductions to the amounts of expenses and reimbursement of expenses sought in the Fifth Interim Application will be made.

21. On July 16, 2012, this Court entered an order granting and approving the Fourth Interim Application and approving $315,611.45 in compensation and $6,624.65 for reimbursement of expenses [Docket No. 29407].

22. This Court has not yet entered an order with respect to Reed Smith's Fifth Interim Application .

## II.    COMPENSATION AND REIMBURSEMENT OF EXPENSES

23. Reed Smith submits this Application for final allowance of reasonable compensation for actual and necessary professional services provided to the Debtors in these cases, and for reimbursement of actual and necessary out-of-pocket expenses incurred in representing the Debtors during the Compensation Period. All included services and costs for which Reed Smith seeks compensation were performed for, or on behalf of, the Debtors during the Compensation Period. Reed Smith seeks final allowance in the amounts previously granted interim approval as set forth above, plus the amounts not yet approved; as represented by Reed Smith's Fourth Interim Application and Fifth Interim Application.

24. This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "U.S. Trustee Guidelines"), and the Fourth Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly

Compensation and Reimbursement of Expenses of Professionals [Docket No. 15997] (the "Administrative Order," and together with the Local Guidelines and the U.S. Trustee Guidelines, the "Guidelines"). Reed Smith seeks to comply with the directions provided by the Fee Committee and will provide a copy of this Application to the Fee Committee.

25. In connection with services performed, Reed Smith billed a total of 2,320.1 hours representing $1,255,647.50 in fees and incurred $28,020.42 in expenses on behalf of the Debtors during the Compensation Period.

26. By Orders dated December 2, 2011, November 30, 2011, June 26, 2012, and July 16, 2012 [Docket Nos. 22887, 22775, 29154, and 29407] (the "Interim Fee Orders"), this Court granted Reed Smith's First Interim Application, Second Interim Application, Third Interim Application, and Fourth Interim Application, and reduced Reed Smith's allowed compensation and reimbursement of expenses. This Court has not yet entered an order with respect to interim approval of Reed Smith's Fifth Interim Application. The sought and allowed amounts are summarized in the following table:

| Application | Amount Sought | Amount Allowed |
| --- | --- | --- |
| First Interim Application | $418,202.00 | $403,466.00 |
| Second Interim Application | $237,869.50 | $224,708.50 |
| Third Interim Application | $174,090.50 | $170,840.00 |
| Fourth Interim Application | $316,614.00 | $315,611.45 |
| Fifth Interim Application | $108,871.50 | $108,871.50 |
|  | $1,255,647.50 | **$1,223,497.45** |

27. By this Application, Reed Smith seeks: (a) final allowance of compensation in the amount in the amount of $1,223,497.45 for legal services rendered during the Compensation Period, and (b) reimbursement in the amount of $27,667.70 for expenses incurred during the Compensation Period.

- 7 -

28.    For the Court's review, a summary containing the names of each Reed Smith professional and paraprofessional rendering services to the Debtors during the Compensation Period, their customary billing rates, the time expended by each professional and paraprofessional, and the total value of time incurred by each professional and paraprofessional is attached as **Exhibit D**.

29.    During the Compensation Period, all Reed Smith professionals and paraprofessionals rendering services to the debtors have billed at their customary billing rates that were in effect as of Reed Smith's retention *nunc pro tunc* on June 1, 2010.

30.    In addition, **Exhibit D** contains detailed time entries reflecting the time recorded for services rendered on a daily basis during the Compensation Period and descriptions of the services provided, identified by project task categories.

31.    **Exhibit D** also contains a breakdown of expenses incurred and disbursed by Reed Smith during the Compensation Period. Reed Smith has incurred out-of-pocket expenses during the Compensation Period in the amount of $28,020.42, reduced as allowed to $27,667.70. This sum is broken down into categories of charges, including, among other things, telephone charges, travel and lodging charges, postage and photocopying charges and legal research charges. Reed Smith's rate for in-house duplication is $0.10 per page. Reed Smith also uses outside duplication services for large photocopy work.

### III.    ANALYSIS AND NARRATIVE DESCRIPTION SERVICES RENDERED AND TIME EXPENDED

32.    Section 330(a) of the Bankruptcy Code provides, in pertinent part, that bankruptcy courts may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional employed by any such person." *See* 11 U.S.C. § 330(a)(1)(A). The attorneys

- 8 -

requesting compensation from the bankruptcy estate bear the burden of demonstrating to the Court that the services performed and fees incurred were reasonable.

33.    In determining the amount of reasonable compensation to be awarded, the Court shall consider, pursuant to Section 330(a)(3) of the Bankruptcy Code, the nature, extent, and the value of such services, taking into account all relevant factors, including: (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy filed: and (F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title. *See* 11 U.S.C. § 330(a)(3)(A)-(F).

34.    With respect to the time and labor expended by Reed Smith in these cases, as set forth in **Exhibit D**, during the Compensation Period, Reed Smith rendered professional services in the aggregate amount of $1,255,647.50, reduced as allowed to $1,223,497.45. Reed Smith believes it is appropriate for it to be compensated for the time spent in connection with these matters, and sets forth a brief narrative description of the services rendered, for or on behalf of the Debtors, and the time expended, organized by project task categories, as follows:

    A.    **SPECIAL INSURANCE COVERAGE COUNSEL (INSURANCE COVERAGE AND INSURANCE MATTERS)**

35.    During the Compensation Period, Reed Smith's services performed in connection with this category relate to, *inter alia*: (1) evaluation and analysis of D&O insurance coverage,

particularly with regard to insurance that may be available to respond to pending and future claims against directors and officers; (2) advising and counseling the Debtors regarding potential insurance recovery under primary and excess D&O insurance policies issued to the Debtors in connection with claims made against directors and officers; (3) preparation of substantive correspondence and substantive documents as necessary with regard to potential D&O insurance recovery for claims made against the directors and officers; (4) appearing and representing the interests of the Debtors with respect to D&O insurance recovery issues at meetings between the Debtors, representatives of the directors and officers and representatives of the D&O insurers; (5) appearing and representing the interests of the Debtors with respect to D&O insurance recovery issues at alternative dispute resolution proceedings between claimants and the directors and officers; and (6) appearing and representing the interests of the Debtors with respect to D&O insurance recovery issues at proceedings in these chapter 11 cases.  Reed Smith seeks compensation for 2,121.0 hours of reasonable and necessary legal services performed for Special Insurance Coverage matters during the Compensation Period in the total amount of $1,176,425.50.

36.     During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category:  Elizabeth Anne Arundel; Stephen T. Bobo; Aaron Z. Bourke; Margaret E. Campbell, Clinton M. Crosier;  Jane Ann Conway-Gross; Peter Hardy; Mark S. Hersh; Yisroel Hiller; Jennifer Katz; Amanda Leonard; Natalia Lipscomb; J. Andrew Moss; Nicole K. O'Sullivan; Ann E. Pille; Lara  J. Raines; Carolyn H. Rosenberg; Enrique Sanroman; James Schad; and Silvia Somoza.

37.     Reed Smith believes that its rates are market rates within the range charged by other counsel in this marketplace for similar Chapter 11 cases.  The billing rates set forth in Reed

- 10 -

Smith's Summary Sheet pursuant to U.S. Trustee Guidelines (the "Summary") represent customary rates routinely billed to the firm's many clients. (*See* Exhibit A). Moreover, the Retention Application and the accompanying Declarations in Support of the Retention Application stated that Reed Smith would be compensated on an hourly basis, plus reimbursement of actual, reasonable and necessary out-of-pocket expenses incurred by the firm. Here, the compensation requested does not exceed the reasonable value of the services rendered. Reed Smith's standard hourly rates for work of this nature are set at a level designed to fairly compensate Reed Smith for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses.

38. Further, the Debtors sought to retain Reed Smith as special counsel due to its extensive experience and knowledge in the field of D&O insurance recovery matters on behalf of policyholders in the financial services industry, and because of its expertise, experience and knowledge practicing in matters that are likely to arise in these cases before this Court.

### B. FIRM'S OWN BILLING/FEE APPLICATIONS

39. In connection with the work performed on behalf of the Debtors, Reed Smith prepared and submitted five interim fee applications seeking interim allowance of compensation and reimbursement of expenses, and engaged in substantive communications with representatives of the Fee Committee concerning issues identified by the Fee Committee with respect to Reed Smith's requests for interim compensation. Reed Smith seeks compensation for 155.9 hours of reasonable and necessary legal services performed during the Compensation Period in connection with fee applications and communications with the Fee Committee in the total amount of $62,542.50.

40.     During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category:  Elizabeth Anne Arundel, J. Andrew Moss, Carolyn H. Rosenberg and Judith Livingston.

### C.    FIRM'S OWN RETENTION

41.     In connection with the retention of Reed Smith, LLP as special insurance counsel to the Debtors, Reed Smith, among other things, prepared the Application of the Debtors Pursuant to Section 327(e) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure for Authorization to Employ and Retain Reed Smith LLP, as Special Counsel to the Debtors; the Declaration of Carolyn H. Rosenberg in Support of Debtors' Application for Authorization to Employ and Retain Reed Smith LLP, as Special Counsel to the Debtors, and the First Supplemental Declaration of Carolyn H. Rosenberg on Behalf of Reed Smith LLP Related to the Employment and Retention of Reed Smith LLP, as Special Counsel to the Debtors.  Reed Smith seeks compensation for 39.5 hours of reasonable and necessary legal services performed during the Compensation Period related to the retention and employment of Reed Smith in the total amount of $15,962.00.

42.     During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category:  Elizabeth Anne Arundel, Aaron Z. Bourke, Mark S. Hersh, J. Andrew Moss, and Carolyn H. Rosenberg.

### D.    CASE ADMINISTRATION

43.     During the Compensation Period, Reed Smith professionals and paraprofessionals performed 3.7 hours of reasonable and necessary work towards case administration.  Reed Smith seeks compensation $721.00 in connection with the work performed on case administration services.

44. During the compensation period, the following Reed Smith professionals and paraprofessionals performed services under this category: Natalia J. Lipscomb and Silvia Somoza.

* * *

45. Reed Smith believes that the Application and the description of services set forth herein for work performed are in compliance with the requirements of the Local Guidelines, the U.S. Trustee Guidelines, and the Administrative Order, and the applicable guidelines and requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. A true and correct copy of the Certification of Carolyn H. Rosenberg is attached hereto as **Exhibit E**.

WHEREFORE, Reed Smith respectfully requests final allowance of compensation for professional services rendered in the amount of $1,223,497.45 and reimbursement of expenses in the amount of $27,667.70 for the period June 1, 2010 through March 5, 2012 and payment according to the procedures set forth in the Compensation Order.

Dated: August 13, 2012
Chicago, Illinois

Respectfully submitted,

REED SMITH LLP

By: /s/ Carolyn H. Rosenberg
Carolyn H. Rosenberg
10 S. Wacker Drive
Suite 4000
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Special Counsel for Lehman Brothers Holdings, Inc. and its affiliated Debtors and Debtors in Possession*