**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
In re                                                             :        Chapter 11
                                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                          :        Case No.: 08-13555 (JMP)
                                                                  :
Debtors.                                                          :        (Jointly Administered)
                                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.      TO:          DEUTSCHE BANK AG, LONDON BRANCH
                     c/o Deutsche Bank Securities Inc.
                     60 Wall Street, 3rd Floor
                     New York, New York 10005
                     Attn: Rich Vichaidith
                     Email: richard.vichaidith@db.com

2.      Please take notice that (i) $3,687,117.91 of your claim against Lehman Brothers
Holdings Inc., arising from and relating to Proof of Claim No. 28194 and (ii)
$3,687,117.91 of your claim against Lehman Brothers Holdings, Inc., arising from and
relating to Proof of Claim No. 28193 (Proofs of Claim attached as <u>Exhibit A</u> hereto),
have been transferred to:

                     CHIMNEY ROCK VALUE FUND, L.P.
                     350 Park Avenue
                     New York, New York 10022
                     Attn: Beau Lescott
                     Email: <u>blescott@zbi.com</u>

                            with a copy to:

                     Attn: Erica Lee, General Counsel
                     Ziff Brothers Investments, L.L.C.
                     Email: elee@zbi.com

        An executed "Evidence of Transfer of Claim" is attached, for each, as <u>Exhibit B</u>
hereto. All distributions and notices regarding the transferred portion of the claim should
be sent to the Transferee at the above address, with a copy to:

Davis Polk & Wardwell LLP ("Davis Polk")
450 Lexington Avenue
New York, NY 10017-3904
Fax: 212-701-5800
Attn: Eric Ruiz

3.       No action is required <u>if you do not object</u> to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN <u>21 DAYS</u> OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--       **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

--       **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--       Refer to Proof of Claim numbers 28194 and 28193 in your objection and any further correspondence related to this transfer.

4.       If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

PROOF OF CLAIM NO(s). _____

Copy: (check) Claims Agent____ Transferee____ Debtors' Attorney____

_____
Clerk of the Court

2

**EXHIBIT A**

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Special Financing Inc — Debtors. | Chapter 11 Case No. 08-13888 (Jointly Administered) | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | 08-13555 (JMP)    0000028194 |

**NOTE:** This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

TH.    ~~FOR COURT USE ONLY~~

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

OHA Const Hedging, Ltd.
Walker House, 87 Mary Street
George Town, Grand Cayman KY1-9002
Notices To: Please See Attached

Telephone number: (212) 326-1578    Email Address: —

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:    Email Address:

1. Amount of Claim as of Date Case Filed: $ 3,844,316.25
If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.
☒ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

2. Basis for Claim: See Attached
(See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other

Describe: _____

Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____

Amount of Secured Claim: $_____ Amount Unsecured: $_____

6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____
(See instruction #6 on reverse side.)

7. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
8. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. (See definition of "redacted" on reverse side.) If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

| Date: 9/21/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.    Scott Krase, Director |
|---|---|

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:

$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:
Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A lien also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract for the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. N.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

OHA Coast Hedging, Ltd.

## ATTACHMENT TO PROOF OF CLAIM OF OHA COAST HEDGING, LTD.
## AGAINST LEHMAN BROTHERS SPECIAL FINANCING INC.

1.        Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008). Lehman Brothers Special Financing Inc. ("LBSF") filed for chapter 11 relief on October 3, 2008 (the "LBSF Petition Date").

2.        On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among other things, establishes September 22, 2009 at 5:00 pm (ET) as the general deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors.

3.        OHA Coast Hedging, Ltd. (the "Claimant") accordingly files this proof of claim (the "Proof of Claim") for various amounts owing to Claimant by LBSF under transactions (each a "Transaction") governed by and entered into under that certain ISDA Master Agreement dated as of September 25, 2006 by and between LBSF and OHA

Coast Hedging, Ltd. (the "ISDA Master Agreement").[1] Capitalized terms used but not independently defined herein have the meanings assigned to them in the Agreement (as defined below).

4.    In connection with the ISDA Master Agreement, Claimant and LBSF entered into that certain Schedule to the Master Agreement dated as of September 25, 2006 (the "Schedule") and that certain Credit Support Annex to the Schedule (together with the ISDA Master Agreement and the Schedule, all as separately amended, supplemented and otherwise modified and in effect from time to time, the "Agreement"). Specified as Credit Support Provider in the Agreement, LBHI issued a guarantee in connection with the Agreement in favor of LBSF for the benefit of Claimant.

5.    Claimant is a swap participant and the Agreement is a swap agreement within the meaning of sections 101(53B) and 101(53C), respectively, of the Bankruptcy Code. On September 15, 2008, pursuant to that certain Notice of Default and Early Termination (the "Termination Notice") delivered by Claimant to LBSF, Claimant exercised its contractual right to terminate all outstanding Transactions under the Agreement and designated September 15, 2008 as the Early Termination Date under the Agreement for all outstanding Transactions (each a "Terminated Transaction").

6.    In accordance with the terms of the Agreement, Claimant calculated the amount (the "Early Termination Amount") payable in respect of the Early Termination Date and furnished to LBSF that certain Calculation Notice dated October 16, 2008. The aggregate Early Termination Amount payable by LBSF as a result of the designation of

---

[1]    The Bar Date Order requires holders of claims against a Debtor based on amounts owed pursuant to a Derivative Contract to complete an electronic Derivative Questionnaire (as such term is defined in the Bar Date Order). Bar Date Order at p. 7. The Bar Date Order further provides that any such claimant "electronically upload supporting on the website (as required in the Derivative Questionnaire), rather than attaching such documents to the Proof of Claim." Bar Date Order at p 7.

OHA Coast Hedging, Ltd.

an Early Termination Date under the Agreement in respect of all Terminated

Transactions equals U.S. $3,844,316.25.

7.    As of the filing of this Proof of Claim, Claimant has not received the

Early Termination Amount or any portion thereof from LBSF. Accordingly, LBSF

continues to owe Claimant the full Early Termination Amount. In addition, LBSF

remains liable to Claimant for any deficiency, interest, and reasonable expenses and fees

in connection with, as a consequence of, or arising or resulting from the occurrence of the

close-out or early termination of all Transactions and the enforcement and protection of

Claimant's rights under the Agreement.

*    *    *    *    *

8.    Claimant has filed this Proof of Claim under compulsion of the Bar Date

Order and to protect the Claimant from forfeiture of Claimant's claims against the

Debtors by reason of the Bar Date. Claimant reserves the right to amend and/or

supplement this Proof of Claim at any time, including after any bar date, in any manner,

and/or to file additional proofs of claim for any additional claims which may be based on

the same or additional documents or grounds of liability.

9.    The filing of this Proof of Claim shall be without prejudice to any

previous, contemporaneous or future claims made by or on behalf of Claimant or any of

its affiliates against LBHI or any of its affiliates in this or any other proceeding,

including, without limitation, any proofs of claim filed against Lehman Brothers Inc.

("LBI") under compulsion of that certain *Order Approving Form and Manner of*

*Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms*

3

*for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers and Creditors; and Fixing Interim Reporting Pursuant to SIPA* [Docket No. 241], which, among other things, established (a) January 30, 2009 as the deadline by which all customers of LBI must file proofs of customer claim in LBI's liquidation proceeding in order to receive the maximum possible protection under the Securities Investor Protection Act of 1970, 15 U.S.C. §78aaa *et* seq. as amended ("SIPA"); and (b) June 1, 2009 as the deadline by which all creditors of LBI must file proofs of general claims in LBI's liquidation proceeding.

10.     Claimant hereby expressly reserves the right to amend and/or supplement this Proof of Claim at any time and in any manner, including without limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and expenses accrued before or after the Petition Date; (b) claims for any future distributions or rights to distributions arising from any of the securities identified herein (*e.g.*, dividends, coupons, warrants, etc.); and (c) any claims arising from the successful prosecution or settlement (if any) of any avoidance causes of action (or any other cause of action seeking recovery of payments made to, or setoffs or nettings effectuated by, Claimant) against Claimant whether or not related to or arising from the transactions and agreements set forth herein.  Claimant further reserves the right to file additional proofs of claim or applications for allowance of administrative expenses or other priority status in this or any other proceeding arising from or related to the claims described herein, including for treatment as provided in section 503(b) of the Bankruptcy Code.

OHA Coast Hedging, Ltd.

11.     In executing and filing this Proof of Claim, Claimant does not waive

(a) any obligation owed to Claimant under the contracts described herein and attached as

exhibits hereto, or (b) any past, present or future breaches of such contracts by the

Debtors or any of their affiliates. Claimant further does not waive (and this Proof of

Claim shall not be deemed or construed to waive) any claims or right to assert any

claims, or preserve any remedies, including setoff and recoupment, that Claimant has

against any of the Debtors, LBI, Lehman Brothers International (Europe) or any other

affiliates of the Debtors, whether arising from or related to transactions described herein

or otherwise.

12.     The filing of this Proof of Claim is not and shall not be deemed or

construed as: (a) a waiver or release of Claimant's rights against any person, entity, or

property, or a waiver of the right to compel the Debtors to return property of Claimant

currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of

this Court or any other court with respect to proceedings, if any, commenced in any case

against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to

trial by jury in this Court or any other court in any proceeding as to any and all matters so

triable herein, whether or not the same be designated legal or private rights or in any case,

controversy, or proceeding related hereto, notwithstanding the designation or not of such

matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury

trial right is pursuant to statute or the United States Constitution; (d) a consent by

Claimant to a jury trial in this Court or any other court in any proceeding as to any and all

matters so triable herein or in any case, controversy, or proceeding related hereto,

OHA Coast Hedging, Ltd.

pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to

have any and all final orders in any and all non-core matters or proceedings entered only

after *de novo* review by a United States District Court Judge or, if applicable, the Second

Circuit Court of Appeals; (f) a waiver of the right to move to withdraw the reference

with respect to the subject matter of this Proof of Claim, any objection thereto or other

proceeding which may be commenced in this case against or otherwise involving

Claimant; or (g) an election of remedies.

13.     All notices regarding this Proof of Claim should be sent to: OHA Coast

Hedging, Ltd., c/o Oak Hill Advisors, L.P., 1114 Avenue of the Americas, 27th Floor,

New York, NY 10036, <u>Attention</u>:  Gregory S. Rubin.

| United States Bankruptcy Court/Southern District of New York | | **PROOF OF CLAIM** |
|---|---|---|
| Lehman Brothers Holdings Claims Processing Center<br>c/o Epiq Bankruptcy Solutions, LLC<br>FDR Station, P.O. Box 5076<br>New York, NY 10150-5076 | | |

| In Re:<br>Lehman Brothers Holdings Inc., et al.<br>Debtors. | Chapter 11<br>Case No. 08-13555 (JMP)<br>(Jointly Administered) | Filed: USBC - Southern District of New York<br>Lehman Brothers Holdings Inc., Et Al.<br>08-13555 (JMP)　　0000028193 |
|---|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor | |

NOTE: This form should not be used to make a claim for an administrative expense arising *after* the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**Name and address of Creditor:** (and name and address where notices should be sent if different from Creditor)

OHA COAST HEDGING, LTD.
WALKER HOUSE, 87 MARY STREET
GEORGE TOWN, GRAND CAYMAN KY1-9002
NOTICES TO: OHA COAST HEDGING LTD.
c/o OAK HILL ADVISORS, L.P.
1114 AVENUE of the AMERICAS, 27 FL.
NEW YORK, NY 10036

Telephone number: (212) 326-1578　Email Address:

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____ *(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above)**

Telephone number:　　Email Address:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:** $ 3,844,316.25

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9), complete Item 6.

☑ Check this box if all or part of your claim is based on a Derivative Contract.*
☑ Check this box if all or part of your claim is based on a Guarantee.*
**\*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO LOG ON TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.**
☑ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim:** See Attached
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate　☐ Motor Vehicle　☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____　Amount Unsecured: $_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9):** $_____
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
**DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.**
If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

Amount entitled to priority:
$_____

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 22 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

**Date:** 9/21/09

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Scott Krase, Director

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Name of Debtor, and Case Number:**
YOU MUST INDICATE THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED, INCLUDING THE THE NAME OF THE DEBTOR AND THE RELATED CASE NUMBER (DEBTORS AND CASE NUMBERS LISTED BELOW), IN THE SPACE ALLOTTED AT THE TOP OF THE CLAIM FORM.

| | | | |
|---|---|---|---|
| 08-13555 | Lehman Brothers Holdings Inc. | 08-13905 | CES Aviation LLC |
| 08-13600 | LB 745 LLC | 08-13906 | CES Aviation V LLC |
| 08-13885 | Lehman Brothers Commodity Services Inc. | 08-13907 | CES Aviation IX LLC |
| 08-13888 | Lehman Brothers Special Financing Inc. | 08-13908 | East Dover Limited |
| 08-13893 | Lehman Brothers OTC Derivatives Inc. | 09-10108 | Luxembourg Residential Properties Loan Finance S.a.r.l. |
| 08-13899 | Lehman Brothers Derivative Products Inc. | 09-10137 | BNC Mortgage LLC |
| 08-13900 | Lehman Commercial Paper Inc. | 09-10558 | Structured Asset Securities Corporation |
| 08-13901 | Lehman Brothers Commercial Corporation | 09-10560 | LB Rose Ranch LLC |
| 08-13902 | Lehman Brothers Financial Products Inc. | 09-12516 | LB 2080 Kalakaua Owners LLC |
| 08-13904 | Lehman Scottish Finance L.P. | 08-13664 | PAMI Statler Arms LLC |

If your Claim is against multiple Debtors, complete a separate form for each Debtor.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4, 5 and 6. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9)**
State the value of any goods received by the debtor within 20 days before the date of commencement in which the goods have been sold to the debtor in the ordinary course of the debtor's business.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the Claims Agent at the following address:

Lehman Brothers Holdings Claims Processing
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, PO Box 5076
New York, NY 10150- 5076

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured Claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Derivative Contract**
A contract that is any of (i) a "swap agreement" as such term is defined in section 101(53B) of the Bankruptcy Code or (ii) a "forward contract" as such term is defined in section 101(25) of the Bankruptcy Code. A cash-market purchase or sale of a security or loan (i.e. any purchase or sale of a security or loan for settlement within the standard settlement cycle for the relevant market), exchange-traded future or option, securities loan transaction, repurchase agreement in respect of securities or loans, and any guarantee or reimbursement obligations which would otherwise be included in the definition of such terms in the Bankruptcy Code shall not be considered a Derivative Contract. For the purposes of this definition nor shall any notes, bonds, or other securities issued by the Debtors or their affiliates (including, but not limited to, Lehman Brothers Holdings Inc., Lehman Brothers Treasury Co. B.V., Lehman Brothers Bankhaus AG, Lehman Brothers Holdings plc, Lehman Brothers Securities N.V., and Lehman Brothers (Luxembourg) Equity Finance S.A.).

**Guarantee**
A promise, representation or agreement to answer for the payment of some debt or the performance of some duty in case of the failure of another person or entity who is liable in the first instance.

**Lehman Programs Securities**
Lehman Programs Securities means those securities included on the Lehman Programs Securities list available on http://www.lehman-docket.com as of July 27, 2009.

## _____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim, or you may access the Claims Agent's system (http://www.lehman-docket.com) to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

### ATTACHMENT TO PROOF OF CLAIM OF OHA COAST HEDGING, LTD. AGAINST LEHMAN BROTHERS HOLDINGS INC.

1.        Commencing on September 15, 2008 (the "Petition Date") and periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI"), and certain of its subsidiaries (LBHI, together with such subsidiaries, the "Debtors"), filed voluntary petitions (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"). The Chapter 11 Cases are being jointly administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y. 2008).

2.        On July 2, 2009, the Bankruptcy Court entered that certain *Order Pursuant to Section 502(b)(9) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(3) Establishing the Deadline for Filing Proofs of Claim, Approving the Form and Manner of Notice Thereof and Approving the Proof of Claim Form* [Docket No. 4271] (the "Bar Date Order") which, among other things, establishes September 22, 2009 at 5:00 pm (ET) as the general deadline (the "Bar Date") for each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, trust and governmental unit) to file proofs of claim based on prepetition claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors.

3.        OHA Coast Hedging, Ltd. (the "Claimant") accordingly files this proof of claim (the "Proof of Claim") for various amounts owing to Claimant by LBHI on account of LBHI's various guarantees of obligations and amounts owing to Claimant by Lehman Brothers Special Financing Inc. ("LBSF") under transactions (each a "Transaction") governed by and entered into under that certain ISDA Master Agreement

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

dated as of September 25, 2006 by and between Lehman Brothers Special Financing Inc.

and OHA Coast Hedging, Ltd. (the "ISDA Master Agreement").[1]

4.      LBHI's guarantee obligations arise under: (a) that certain guarantee

dated as of November 1, 2006 (the "ISDA Guarantee") by LBHI of all obligations owing

to Claimant by LBSF under the ISDA Master Agreement; and (b) that certain Unanimous

Written Consent of the Executive Committee of the Board of Directors of Lehman

Brothers Holdings Inc. dated June 9, 2005, under which LBHI guaranteed payment of all

liabilities, obligations and commitments of numerous LBHI subsidiaries (the "LBHI

Board Guarantee").

5.      In connection with the ISDA Master Agreement, Claimant and LBSF

entered into that certain Schedule to the ISDA Master Agreement dated as of September

25, 2006 (the "Schedule") and that certain Credit Support Annex to the Schedule

(together with the ISDA Master Agreement and the Schedule, all as separately amended,

supplemented and otherwise modified and in effect from time to time, the "Agreement").

Specified as Credit Support Provider in the Agreement, LBHI issued the ISDA Guarantee

in connection with the Agreement in favor of LBSF for the benefit of Claimant. Among

other things, the ISDA Guarantee provides that LBHI unconditionally guarantees to

Claimant the due and punctual payment of all amounts payable by LBSF under each

Transaction.

---

[1]    The Bar Date Order requires holders of claims against a Debtor based on amounts owed pursuant to a guarantee to complete an
electronic Guarantee Questionnaire (as such term is defined in the Bar Date Order). Bar Date Order at p. 7. The Bar Date Order
further provides that any such claimant "electronically upload supporting documentation and evidence of the underlying claim
amount on the website, as required in the Guarantee Questionnaire, rather than attaching such documents to the Proof of Claim."
Bar Date Order at pp. 7-8.

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

6.      On or about June 9, 2005, the Executive Committee of the Board of

Directors of LBHI executed a unanimous written consent pursuant to which it issued the

LBHI Board Guarantee.  Among other things, the Board Guarantee provides a full

guarantee of the payment of all liabilities, obligations and commitments of certain of

LBHI's subsidiaries, including LBSF.

7.      Claimant is a swap participant and the Agreement, together with the

ISDA Guarantee and the other applicable guarantees, is a swap agreement within the

meaning of sections 101(53C) and 101(53B), respectively, of the Bankruptcy Code.  On

September 15, 2008, pursuant to that certain Notice of Default and Early Termination

(the "Termination Notice") delivered by Claimant to LBSF, Claimant exercised its

contractual right to terminate all outstanding Transactions under the Agreement and

designated September 15, 2008 as the Early Termination Date under the Agreement for

all outstanding Transactions (each a "Terminated Transaction").

8.      In accordance with the terms of the Agreement, Claimant calculated the

amount (the "Early Termination Amount") payable in respect of the Early Termination

Date and furnished to LBSF that certain Calculation Notice dated October 16, 2009.  The

aggregate Early Termination Amount payable by  LBSF as a result of the designation of

an Early Termination Date under the Agreement in respect of all Terminated

Transactions equals U.S. $3,844,316.25.

9.      As of the filing of this Proof of Claim, Claimant has not received the

Early Termination Amount or any portion thereof from  LBSF or from LBHI.

Accordingly, pursuant to the terms of the ISDA Guarantee and the LBHI Board

Guarantee, LBHI continues to owe Claimant the full Early Termination Amount.  In

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

addition, LBHI, as guarantor, remains liable to Claimant for any deficiency, interest, and

reasonable expenses and fees in connection with, as a consequence of, or arising or

resulting from the occurrence of the close-out or early termination of all Transactions and

the enforcement and protection of Claimant's rights under the Agreement.

*        *        *        *        *

10.      Claimant has filed this Proof of Claim under compulsion of the Bar Date

Order and to protect the Claimant from forfeiture of Claimant's claims against the

Debtors by reason of the Bar Date. Claimant reserves the right to amend and/or

supplement this Proof of Claim at any time, including after any bar date, in any manner,

and/or to file additional proofs of claim for any additional claims which may be based on

the same or additional documents or grounds of liability.

11.      The filing of this Proof of Claim shall be without prejudice to any

previous, contemporaneous or future claims made by or on behalf of Claimant or any of

its affiliates against LBHI or any of its affiliates in this or any other proceeding,

including, without limitation, any proofs of claim filed against Lehman Brothers Inc.

("LBI") under compulsion of that certain *Order Approving Form and Manner of*

*Publication and Mailing of Notice of Commencement; Specifying Procedures and Forms*

*for Filing, Determination, and Adjudication of Claims; Fixing a Meeting of Customers*

*and Creditors; and Fixing Interim Reporting Pursuant to SIPA* [Docket No. 241], which,

among other things, established (a) January 30, 2009 as the deadline by which all

customers of LBI must file proofs of customer claim in LBI's liquidation proceeding in

order to receive the maximum possible protection under the Securities Investor Protection

4

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

Act of 1970, 15 U.S.C. §78aaa *et* seq. as amended ("SIPA"); and (b) June 1, 2009 as the

deadline by which all creditors of LBI must file proofs of general claims in LBI's

liquidation proceeding.

12.     Claimant hereby expressly reserves the right to amend and/or

supplement this Proof of Claim at any time and in any manner, including without

limitation to assert: (a) claims for interest, fees, penalties, charges, attorneys' fees and

expenses accrued before or after the Petition Date; (b) claims for any future distributions

or rights to distributions arising from any of the securities identified herein (*e.g.*,

dividends, coupons, warrants, etc.); and (c) any claims arising from the successful

prosecution or settlement (if any) of any avoidance causes of action (or any other cause

of action seeking recovery of payments made to, or setoffs or nettings effectuated by,

Claimant) against Claimant whether or not related to or arising from the transactions and

agreements set forth herein.  Claimant further reserves the right to file additional proofs

of claim or applications for allowance of administrative expenses or other priority status

in this or any other proceeding arising from or related to the claims described herein,

including for treatment as provided in section 503(b) of the Bankruptcy Code.

13.     In executing and filing this Proof of Claim, Claimant does not waive

(a) any obligation owed to Claimant under the contracts described herein and attached as

exhibits hereto, or (b) any past, present or future breaches of such contracts by the

Debtors or any of their affiliates. Claimant further does not waive (and this Proof of

Claim shall not be deemed or construed to waive) any claims or right to assert any

claims, or preserve any remedies, including setoff and recoupment, that Claimant has

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

against any of the Debtors, LBI, Lehman Brothers International (Europe) or any other

affiliates of the Debtors, whether arising from or related to transactions described herein

or otherwise.

14.    The filing of this Proof of Claim is not and shall not be deemed or

construed as: (a) a waiver or release of Claimant's rights against any person, entity, or

property, or a waiver of the right to compel the Debtors to return property of Claimant

currently in the possession of the Debtors; (b) a consent by Claimant to the jurisdiction of

this Court or any other court with respect to proceedings, if any, commenced in any case

against or otherwise involving Claimant; (c) a waiver or release of Claimant's right to

trial by jury in this Court or any other court in any proceeding as to any and all matters so

triable herein, whether or not the same be designated legal or private rights or in any case,

controversy, or proceeding related hereto, notwithstanding the designation or not of such

matters as "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury

trial right is pursuant to statute or the United States Constitution; (d) a consent by

Claimant to a jury trial in this Court or any other court in any proceeding as to any and all

matters so triable herein or in any case, controversy, or proceeding related hereto,

pursuant to 28 U.S.C. § 157(e) or otherwise; (e) a waiver or release of Claimant's right to

have any and all final orders in any and all non-core matters or proceedings entered only

after *de novo* review by a United States District Court Judge or, if applicable, the Second

Circuit Court of Appeals;  (f) a waiver of the right to move to withdraw the reference

with respect to the subject matter of this Proof of Claim, any objection thereto or other

OHA COAST HEDGING, LTD.
LBHI GUARANTEE CLAIM

proceeding which may be commenced in this case against or otherwise involving

Claimant; or (g) an election of remedies.

      15.      All notices regarding this Proof of Claim should be sent to:  OHA Coast

Hedging, Ltd., c/o Oak Hill Advisors, L.P., 1114 Avenue of the Americas, 27th Floor,

New York, NY 10036, Attention:  Gregory S. Rubin.

**EXHIBIT B**

**EXHIBIT B**

## EVIDENCE OF TRANSFER OF CLAIM

TO:     United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
         Attn: Clerk

AND TO: Lehman Brothers Special Financing Inc. (the "Debtor")
         Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 28194

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

   with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 28194, solely to the extent of $3,687,117.91, (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated     July 18     2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____

    Name:
    Title:

Michael Sutton
Managing Director

By: _____

    Name:
    Title:

Ross Miller
Director

EVIDENCE OF TRANSFER OF CLAIM

TO:     United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy
        Court")
        Attn: Clerk

AND TO: Lehman Brothers Holdings Inc. (the "Debtor")
        Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 28193

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns ("Seller"), for
good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged,
does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned
unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

        with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim
Number 28193, solely to the extent of $3,687,117.91, (the "Claim") against Debtor in the Case in
the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of
the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records
of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law
any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of
Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable
law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy
Court may be entered without further notice to Seller transferring to Buyer the Claim and
recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and
other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of
Claim by its duly authorized representative dated   July 18   2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____

    Name:

    Title:

Michael Sutton
Managing Director

By: _____

    Name:

    Title:

Ross Miller
Director