**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                                :
**In re**                                                       :     **Chapter 11**
                                                                :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*                    :     **Case No.: 08-13555 (JMP)**
                                                                :
            **Debtors.**                                        :     **(Jointly Administered)**
                                                                :
                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF PARTIAL TRANSFER OF CLAIM**
**OTHER THAN FOR SECURITY PURSUANT TO FRBP RULE 3001(e)(2)**

1.    TO:          DEUTSCHE BANK AG, LONDON BRANCH
                   c/o Deutsche Bank Securities Inc.
                   60 Wall Street, 3rd Floor
                   New York, New York 10005
                   Attn Matt Weinstein
                   Email: matthew.weinstein@db.com

2.    Please take notice that (i) $2,948,807.16 of your claim against Lehman Brothers
Holdings Inc., arising from and relating to Proof of Claim No. 4921 and (ii)
$2,948,807.16 of your claim against Lehman Brothers Holdings, Inc., arising from and
relating to Proof of Claim No. 4922 (Proofs of Claim attached as <u>Exhibit A</u> hereto), have
been transferred to:

                   CHIMNEY ROCK VALUE FUND, L.P.
                   350 Park Avenue
                   New York, New York 10022
                   Attn: Beau Lescott
                   Email: <u>blescott@zbi.com</u>

                          with a copy to:

                   Attn: Erica Lee, General Counsel
                   Ziff Brothers Investments, L.L.C.
                   Email: elee@zbi.com

      An executed "Evidence of Transfer of Claim" is attached, for each, as <u>Exhibit B</u>
hereto. All distributions and notices regarding the transferred portion of the claim should
be sent to the Transferee at the above address, with a copy to:

Davis Polk & Wardwell LLP ("Davis Polk")
450 Lexington Avenue
New York, NY 10017-3904
Fax: 212-701-5800
Attn: Eric Ruiz

3.      No action is required <u>if you do not object</u> to the partial transfer of your claim. However, **IF YOU OBJECT TO THE TRANSFER OF YOUR CLAIM, WITHIN <u>21 DAYS</u> OF THE DATE OF MAILING OF THIS NOTICE, YOU MUST**:

--      **FILE A WRITTEN OBJECTION TO THE TRANSFER** with:

United States Bankruptcy Court
Southern District of New York
Attn: Clerk of Court
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

--      **SEND YOUR OBJECTION TO THE TRANSFEREE WITH A COPY TO DAVIS POLK.**

--      Refer to Proof of Claim numbers 4921 and 4922 in your objection and any further correspondence related to this transfer.

4.      If you file an objection, a hearing will be scheduled.  **IF YOUR OBJECTION IS NOT TIMELY FILED, THE TRANSFEREE WILL BE SUBSTITUTED FOR THE TRANSFEROR ON OUR RECORDS AS A CLAIMANT IN THIS PROCEEDING FOR THE TRANSFERRED PORTION OF THE CLAIM.**

CLERK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**FOR CLERK'S OFFICE USE ONLY:**

This notice was mailed to the Transferor, by first class mail, postage prepaid on _____, 2012.

PROOF OF CLAIM NO(s). _____

Copy: (check) Claims Agent____ Transferee____ Debtors' Attorney____

_____
Clerk of the Court

**EXHIBIT A**

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Lehman Brothers Special Financing, Inc. | Case Number:<br>08-13888 (JMP) |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Svenska Handelsbanken AB (publ) | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>Svenska Handelsbanken AB (publ)<br>875 Third Avenue, 4th floor<br>New York, NY 10022-7218<br>Attn: Mark Cleary, Deputy General Manager, New York Branch<br>Telephone number:<br>(212) 326-5133 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br>Same as above.<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br>☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**          $  Please see attached.<br><br>If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.<br><br>If all or part of your claim is entitled to priority, complete item 5.<br><br>☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**<br><br>Specify the priority of the claim. |
| **2. Basis for Claim:**   Please see attached._____<br>(See instruction #2 on reverse side.) | ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **3.** Last four digits of any number by which creditor identifies debtor: _____<br><br>**3a.** Debtor may have scheduled account as: _____<br>(See instruction #3a on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **4. Secured Claim** (See instruction #4 on reverse side.)<br>Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.<br><br>Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ✓ Other<br>Describe: Please see attached.<br><br>Value of Property:$_____  Annual Interest Rate___%<br><br>Amount of arrearage and other charges as of time case filed included in secured claim,<br><br>if any: $_____  Basis for perfection: _____<br><br>Amount of Secured Claim: $ Please see attached.  Amount Unsecured: $  Please see attached. | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).<br><br>☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).<br><br>☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).<br><br>☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___). |

| | |
|---|---|
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. | **Amount entitled to priority:**<br>$_____ |
| **7. Documents:** Attach reda ~~orders, invoices, itemized st:~~ You may also attach a summ ~~a security interest. You may~~<br><br>DO NOT SEND ORIGINA SCANNING.<br><br>If the documents are not available, please explain: | romissory notes, purchase , and security agreements. of perfection of rse side.)<br><br>:STROYED AFTER |

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)          0000004921

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>06/17/2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Svenska Handelsbanken AB (publ)<br>By: Mark Cleary, Deputy General Manager, New York Branch   *Mark Cleary* | FILED / RECEIVED<br><br>JUN 19 2009<br><br>EPIQ BANKRUPTCY SOLUTIONS, LLC |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

# INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

## Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

## ADDENDUM TO LBSFI PROOF OF CLAIM OF
## SVENSKA HANDELSBANKEN AB (PUBL)

1.      I, Mark Cleary, Deputy General Manager of Svenska Handelsbanken AB
(publ) ("SHB"), New York Branch having offices at 875 Third Avenue, 4th Floor, New York,
New York 10022-7218, am duly authorized to execute and file this Proof of Claim on behalf of
SHB as more fully described below.

2.      I have been Deputy General Manager of SHB New York Branch since
January 1, 2005, and have been employed by SHB at various positions for over 22 years.  I have
been directly charged by SHB's global management with executing this proof of claim on behalf
of SHB.

### Basis for Claim

3.      Commencing on September 15, 2008, and periodically thereafter, Lehman
Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries (together, "Debtors"), filed
voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§
101 *et seq*.  LBHI's chapter 11 cases are being jointly administered under Chapter 11 Case No.
08-13555 (JMP) (Bankr. S.D.N.Y.).

4.      On October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSFI")
filed a petition for Chapter 11 reorganization.

5.      SHB and LBSFI are parties to a certain International Swap Dealers
Association, Inc. (ISDA) Master Agreement, dated March 12, 1992, and amended on February 2,
2006 (the "Master Agreement").[1]  LBHI is the Credit Support Provider under the Master
Agreement.  On November 25, 2008, SHB informed LBSFI by letter (the "Termination Notice")

---

[1] A true and correct copy of the Master Agreement is attached hereto as Exhibit A.

that LBHI's commencement of Chapter 11 insolvency proceedings constituted an Event of

Default under Section 5(a)(vii)(4) under the Master Agreement.[2]  The Termination Notice further

stated that due to the default the transactions under the Master Agreement (the "Transactions")

were "automatically terminated as of the time and date of the filing of the petition", and that

SHB's total claim under the Master Agreement was US $3,905,693.00.[3]

6.      The Master Agreement provides for the payment by LBSFI of all of

SHB's reasonable out of pocket expenses, including legal fees and expenses in the collection of

SHB's claim and the representation of SHB in the Lehman Bankruptcy.  Master Agreement, ¶

11.  The Termination Notice showed all calculations in reasonable detail.  To date, SHB's

reasonable legal fees and expenses arising from the default and the Chapter 11 reorganization

case of LBHI and its debtor affiliates, including LBSFI, are $326,167.60.

7.      LBHI, as Credit Support Provider, guaranteed payment of these expenses

pursuant to a guarantee issued by LBHI in favor of SHB, dated March 12, 1992 (the "LBSFI

Guarantee") in connection with the Master Agreement.[4]  LBHI "unconditionally" guaranteed

"the due and punctual payment of all amounts payable [by LBSFI] under each Transaction,"

under the Master Agreement, including the obligation that forms the basis of this Proof of Claim.

LBHI Guarantee, ¶ (a).  LBHI further agreed to pay "all out-of-pocket expenses (including the

reasonable fees and expenses of counsel) incurred in the enforcement or protection of the rights

of [SHB] under th[e] Guarantee."  *Id.* ¶ (j).

---

[2] On April 13, 2009, SHB sent the Termination Notice to a separate address c/o Lehman Brothers
Holdings, Inc.  True and correct copies of the Termination Notices, dated November 25, 2008 and April 13, 2009,
are attached hereto as Exhibit B.

[3] True and correct copies of the trade confirmations for the Transactions under the Master Agreement are
attached hereto as Exhibit C.

[4] A true and correct copy of the LBHI Guarantee is attached hereto as Exhibit D.

2

8.      To date, LBSFI is obligated to SHB in the amount of $4,231,860.60, prior to setoff or recoupment.

9.      To date, no part of SHB's claim has been paid.

10.     All notices and distributions in respect of this claim should be forwarded to:

> Svenska Handelsbanken AB (publ)
> 875 Third Avenue, 4th floor
> New York, New York 10022-7218
> Tel:   (212) 326-5133
> Fax:   (212) 326-5103
> Attn:  Mark Cleary,  Deputy General Manager
>                      New York Branch

> with copies to:

> Claude D. Montgomery, Esq.
> Salans LLP
> 620 Fifth Avenue, 4th floor
> New York, NY 10020

11.     This Proof of Claim is being filed to protect SHB from forfeiture of its claims by reason of the bar date.  SHB reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

12.     The filing of this Proof of Claim shall be without prejudice to any previous claims made by or on behalf of SHB.

13.     SHB reserves all rights to assert set off under applicable law across LBHI affiliates in the event of substantive consolidation of the estates of, or the merger between, LBHI and one or more of its affiliate debtors to whom SHB may have pre petition obligations.

NewYork 1273227.4

14.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of SHB's rights against any person, entity or property, or a waiver of the right to compel the Debtors to return property of SHB currently in the possession of the Debtors; (b) a consent by SHB to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving SHB; (c) a waiver of any applicable right to demand arbitration; (d) in the event that a United States Court is found to have jurisdiction over the dispute and SHB, a waiver or release of SHB's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as: "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by SHB to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver of any right of subordination in favor of SHB of indebtedness or liens held by creditors of the Debtor or its Principals; (g) a waiver of any additional claims or other rights SHB may have against the Debtor or its Principals, including but not limited setoff and recoupment; (h) a waiver of the right to a jury trial that SHB may have against any third party or the Debtor; or (i) a waiver of SHB's rights for payment of its fees and expenses, including attorneys' fees; (j) a waiver or release of SHB's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (k) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or

4

other proceeding which may be commenced in this case against or otherwise involving SHB; or

(l) an election of remedies.

THE FOREGOING CLAIM AGAINST IS TRUE AND ACCURATE TO THE BEST OF MY
INFORMATION AND BELIEF:

Dated: New York, New York
        June 17, 2009

SVENSKA HANDELSBANKEN AB
(PUBL)

By: _____

Name: Mark Cleary
Title:  Deputy General Manager
        New York Branch

5

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
**Lehman Brothers Holdings, Inc.**

Case Number:
**08-13555 (JMP)**

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Svenska Handelsbanken AB (publ)**

Name and address where notices should be sent:
Svenska Handelsbanken AB (publ)
875 Third Avenue, 4th floor
New York, NY 10022-7218
Attn:  Mark Cleary, Deputy General Manager, New York Branch
Telephone number:
(212) 326-5133

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

Same as above.

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**          $  Please see attached.

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   Please see attached.
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ✔Other
Describe: Please see attached.

Value of Property:$_____  Annual Interest Rate___%

Amount of arrearage and other charges as of time case filed included in secured claim,

if any: $_____   Basis for perfection: _____

Amount of Secured Claim: $Please see attached.  Amount Unsecured: $ Please see attached.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies ... orders, invoices, itemized statements of r... You may also attach a summary. Attach ... a security interest. You may also attach ...

DO NOT SEND ORIGINAL DOCUME...
SCANNING.

If the documents are not available, please explain:

Filed: USBC - Southern District of New York
Lehman Brothers Holdings Inc., Et Al.
08-13555 (JMP)        0000004922

[barcode]

Date:
06/17/2009

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Svenska Handelsbanken AB (publ)
By: Mark Cleary, Deputy General Manager, New York Branch     *Mark Cleary*

FILED / RECEIVED
JUN 19 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

| _____DEFINITIONS_____ | | _____INFORMATION_____ |
|---|---|---|

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**ADDENDUM TO LBHI PROOF OF CLAIM OF**
**SVENSKA HANDELSBANKEN AB (PUBL)**

1.       I, Mark Cleary, Deputy General Manager of Svenska Handelsbanken AB

(publ) ("SHB"), New York Branch having offices at 875 Third Avenue, 4th Floor, New York,

New York 10022-7218, am duly authorized to execute and file this Proof of Claim on behalf of

SHB as more fully described below.

2.       I have been Deputy General Manager of SHB New York Branch since

January 1, 2005, and have been employed by SHB at various positions for over 22 years.  I have

been directly charged by SHB's global management with executing this proof of claim on behalf

of SHB.

**Basis for Claim**

3.       Commencing on September 15, 2008 (the "Petition Date"), and

periodically thereafter, Lehman Brothers Holdings Inc. ("LBHI") and certain of its subsidiaries

(together, "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the

United States Code, 11 U.S.C. §§ 101 *et seq.*  LBHI's chapter 11 cases are being jointly

administered under Chapter 11 Case No. 08-13555 (JMP) (Bankr. S.D.N.Y.).

4.       On October 3, 2008, Lehman Brothers Special Financing Inc. ("LBSFI")

filed a petition for Chapter 11 reorganization.

**LBHI Guarantee of LBSFI's Obligations Under ISDA Master Agreement**

5.       SHB and LBSFI are parties to a certain International Swap Dealers

Association, Inc. (ISDA) Master Agreement, dated March 12, 1992, and amended on February 2,

2006 (the "Master Agreement").[1]  LBHI is the Credit Support Provider under the Master

---

[1] A true and correct copy of the Master Agreement is attached hereto as Exhibit A.

Agreement.  On November 25, 2008, SHB informed LBSFI by letter (the "LBSFI Termination

Notice") that LBHI's commencement of Chapter 11 insolvency proceedings constituted an Event

of Default under Section 5(a)(vii)(4) under the Master Agreement.[2]  The LBSFI Termination

Notice further stated that due to the default the transactions under the Master Agreement (the

"Transactions") were "automatically terminated as of the time and date of the filing of the

petition", and that SHB's total claim under the Master Agreement was US $3,905,693.00.[3]

      6.      The Master Agreement provides for the payment by LBSFI of all of

SHB's reasonable out of pocket expenses, including legal fees and expenses in the collection of

SHB's claim and the representation of SHB in the Lehman Bankruptcy.  Master Agreement, ¶

11.  The LBSFI Termination Notice showed all calculations in reasonable detail.  To date, SHB's

reasonable legal fees and expenses arising from the default and the Chapter 11 reorganization

case of LBHI and its debtor affiliates, including LBHI, are $326,167.60.

      7.      LBHI, as Credit Support Provider, guaranteed payment of these expenses

pursuant to a guarantee issued by LBHI in favor of SHB, dated March 12, 1992 (the "LBSFI

Guarantee") in connection with the Master Agreement.[4]  LBHI "unconditionally" guaranteed

"the due and punctual payment of all amounts payable [by LBSFI] under each Transaction,"

under the Master Agreement, including the obligation that forms the basis of this Proof of Claim.

LBSFI Guarantee, ¶ (a).  LBHI further agreed to pay "all out-of-pocket expenses (including the

---

[2] On April 13, 2009, SHB sent the LBSFI Termination Notice to a separate address c/o Lehman Brothers Holdings, Inc.  True and correct copies of the Termination Notices, dated November 11, 2008 and April 13, 2009, are attached hereto as Exhibit B.

[3] True and correct copies of the trade confirmations for the Transactions under the Master Agreement are attached hereto as Exhibit C.

[4] A true and correct copy of the LBSFI Guarantee is attached hereto as Exhibit D.

2

reasonable fees and expenses of counsel) incurred in the enforcement or protection of the rights

of [SHB] under th[e] Guarantee." *Id.* ¶ (j).

## LBHI Guarantee of LBCC's FX Transaction Obligations

8.    Prior to the Petition Date, SHB and LBCC engaged in foreign currency

options and forward trades (the "FX Transactions").[5]  On November 25, 2008, SHB informed

LBCC by letter (the "LBCC Termination Notice") that it had terminated the FX Transactions

early because of LBCC's commencement of Chapter 11 proceedings and LBCC's failure to

make payment due to SHB on the October 3, 2008.  The LBCC Termination Notice further

stated that pursuant to customary and normal business practice SHB had netted all of the FX

Transactions as of October 3, 2008, and asserted that after netting the FX Transactions LBCC

owed SHB $2,853,144.67.  On December 10, 2008, SHB sent an amended termination notice

asserting a claim after netting of $2,688,707.27.[6]

9.    As an inducement to SHB to enter into "various transactions" with LBCC,

LBHI issued an "unconditional" guarantee in favor of LBCC, dated March 6, 1995 (the "LBCC

Guarantee").[7]  Pursuant to the Guarantee, LBHI agreed to "absolutely and unconditionally

guarantee" the "payment and performance" of LBCC's current and future obligations to SHB.

Furthermore, LBHI agreed to reimburse SHB for all "expenses, including reasonable attorneys'

fees of enforcing or obtaining or endeavoring to enforce or obtain payment and performance" of

---

[5] On April 13, 2009, SHB sent the December 10, 2008 Notice to LBCC at a separate address, c/o Lehman Brothers Holdings, Inc.  True and correct copies of the trade confirmations relating to the FX Transactions are attached hereto as Exhibit E.

[6] True and correct copies of the Termination Notices, dated November 25, 2008, December 10, 2008 and April 13, 2009 are attached hereto as Exhibit F.

[7] A true and correct copy of the LBCC Guarantee is attached hereto as Exhibit G.

LBCC's obligations to SHB. This Guarantee is "absolute, unconditional and unlimited in amount."

### Letters of Credit

10.    From time to time SHB issued irrevocable letters of credit ("L/Cs") at the request of LBHI and in favor of various beneficiaries.[8]

11.    As of the Petition Date, the outstanding LBHI L/Cs issued at the request of LBHI, as amended in some cases, were as follows:

| L/C # | ISSUE DATE | AMOUNT |
|---|---|---|
| S02188 | 12/05/2002 | US $20,000,000.00 |
| S03131 | 07/09/2003 | US $1,330,535.00 |
| S03132 | 07/09/2003 | US $239,496.30 |
| S03186 | 09/12/2003 | US $60,000.00 |
| S03187 | 09/12/2003 | US $60,000.00 |
| S06391 | 12/28/2006 | US $50,000,000.00 |
| S07206 | 07/23/2007 | US $5,250,000.00 |
| S07369 | 12/20/2007 | US $10,100,000.00 |
| S08255 | 07/09/2008 | US $3,000,000.00 |
| S08281 | 08/12/2008 | US $570,939.50[9] |
| **TOTAL:** | | **US $90,610,970.80** |

12.    As of the Petition Date, the total amount outstanding under the LBHI L/Cs was US $90,610,970.80.

---

[8] True and correct copies of the LBHI L/Cs, as amended, are attached hereto as Exhibit H.

[9] L/C S08281 was issued in Canadian Dollars and was outstanding in the amount of $605,000.00 as of the Petition Date. The above figure is based on the conversion rate as of September 15, 2008 as provided by the OANDA.com currency conversion website.

4

13.    Since the Petition Date, L/C S08281was drawn down in the amount of CAD$605,323.00 on October 7, 2008 (the "Draw Down Date"), or US $548,752.83 at the applicable conversion rate.  Thus, US $548,752.83 is due and owing from LCPI to SHB under L/C S08281.

14.    The following LBHI L/Cs have been cancelled since the Petition Date: S02188, S07206 and S08255.

15.    Thus, the total amount of all LBHI L/Cs that have been drawn down and that remain outstanding is currently US $55,738,784.13.

**Multiparty Letter of Credit Agreement**

16.    LBHI, Lehman Brothers, Inc., Lehman Brothers Commercial Corporation, Lehman Brothers International (Europe), Lehman Commercial Paper, Inc. (the "Borrowers", and each one a "Borrower") and SHB are parties to a Letter of Credit Agreement, dated June 1, 1995, as amended February 6, 1996 and November 5, 2002 (the "Multi-Party L/C Agreement").[10] Pursuant to the Multi-Party L/C Agreement the parties contemplated the issuance by SHB of L/Cs to each of the Borrowers.  As consideration for the issuance of the L/Cs, the Borrowers agree to pay, in arrears, a quarterly credit fee to be negotiated on a per annum basis.  Multi-Party L/C Agreement, ¶ 1.  To date, the total amount of outstanding fees is $215,150.86.  Furthermore, the Multi-Party L/C Agreement further requires LCPI to pay SHB on demand "all reasonable costs and expenses (including reasonable attorneys' fees and expenses) . . . incurred by [SHB] in enforcing any provision of this Agreement."  L/C Agreement, ¶ 10.

17.    To date, LBHI is obligated to SHB in the amount of $62,874,502.86, prior to setoff or recoupment.

---

[10] A true and correct copy of the Multiparty L/C Agreement is attached hereto as Exhibit I.

5

18.     To date, no part of SHB's claim has been paid.

19.     All notices and distributions in respect of this claim should be forwarded

to:

> Svenska Handelsbanken AB (publ)
> 875 Third Avenue
> New York, New York 10022-7218
> Tel:    (212) 326-5133
> Fax:    (212) 326-5103
> Attn:   Mark Cleary,   Deputy General Manager
>                        New York Branch

> with copies to:

> Claude D. Montgomery, Esq.
> Salans LLP
> 620 Fifth Avenue, 4th floor
> New York, NY 10020

20.     This Proof of Claim is being filed to protect SHB from forfeiture of its claims by reason of the bar date.  SHB reserves the right to amend and/or supplement this Proof of Claim at any time, including after any bar date, in any manner, and/or to file additional proofs of claim for any additional claim which may be based on the same or additional documents or grounds of liability.

21.     The filing of this Proof of Claim shall be without prejudice to any previous claims made by or on behalf of SHB.

22.     SHB reserves all rights to assert set off under applicable law across LBHI affiliates in the event of substantive consolidation of the estates of, or the merger between, LBHI and one or more of its affiliate debtors to whom SHB may have pre petition obligations.

23.     SHB further reserves all rights to assert that any portion of its claim is an administrative claim.

6

24.    The filing of this Proof of Claim is not and shall not be deemed or construed as: (a) a waiver or release of SHB's rights against any person, entity or property, or a waiver of the right to compel the Debtors to return property of SHB currently in the possession of the Debtors; (b) a consent by SHB to the jurisdiction of this Court or any other court with respect to proceedings, if any, commenced in any case against or otherwise involving SHB; (c) a waiver of any applicable right to demand arbitration; (d) in the event that a United States Court is found to have jurisdiction over the dispute and SHB, a waiver or release of SHB's right to trial by jury in this Court or any other court in any proceeding as to any and all matters so triable herein, whether or not the same be designated legal or private rights or in any case, controversy, or proceeding related hereto, notwithstanding the designation or not of such matters as: "core proceedings" pursuant to 28 U.S.C. § 157(b)(2), and whether such jury trial right is pursuant to statute or the United States Constitution; (e) a consent by SHB to a jury trial in this Court or any other court in any proceeding as to any and all matters so triable herein or in any case, controversy, or proceeding related hereto, pursuant to 28 U.S.C. § 157(e) or otherwise; (f) a waiver of any right of subordination in favor of SHB of indebtedness or liens held by creditors of the Debtor or its Principals; (g) a waiver of any additional claims or other rights SHB may have against the Debtor or its Principals, including but not limited setoff and recoupment; (h) a waiver of the right to a jury trial that SHB may have against any third party or the Debtor; or (i) a waiver of SHB's rights for payment of its fees and expenses, including attorneys' fees; (j) a waiver or release of SHB's right to have any and all final orders in any and all non-core matters or proceedings entered only after *de novo* review by a United States District Court Judge or, if applicable, the Second Circuit Court of Appeals; (k) a waiver of the right to move to withdraw the reference with respect to the subject matter of this Proof of Claim, any objection thereto or

7

other proceeding which may be commenced in this case against or otherwise involving SHB; or

(l) an election of remedies.

THE FOREGOING CLAIM IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION
AND BELIEF:

Dated: New York, New York
        June 17, 2009

SVENSKA HANDELSBANKEN AB
(PUBL)

By: _____

Title:   Deputy General Manager
         New York Branch

8

**EXHIBIT B**

**EXHIBIT B**

## EVIDENCE OF TRANSFER OF CLAIM

TO:   United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")
Attn: Clerk

AND TO: Lehman Brothers Special Financing Inc. (the "Debtor")
Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 4921

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns ("Seller"), for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby certify that it has unconditionally and irrevocably sold, transferred and assigned unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of Claim Number 4921, solely to the extent of $2,948,807.16, (the "Claim") against Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law. Seller acknowledges and understands, and hereby stipulates that an order of the Bankruptcy Court may be entered without further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated July 23 2012.

## DEUTSCHE BANK AG, LONDON BRANCH

Philipp Roever
Vice President

By:_____
    Name:
    Title:

Michael Sutton
Managing Director

By:_____
    Name:
    Title:

EVIDENCE OF TRANSFER OF CLAIM

TO:    United States Bankruptcy Court for the Southern District of New York (the
       "Bankruptcy Court")
       Attn: Clerk

AND TO: Lehman Brothers Holdings Inc. (the "Debtor")
        Case No. 08-13555 (JMP) (Jointly Administered) (the "Case")

Proof of Claim Number 4922

**DEUTSCHE BANK AG, LONDON BRANCH** and its successors and assigns
("Seller"), for good and valuable consideration, the receipt and sufficiency of which
are hereby acknowledged, does hereby certify that it has unconditionally and
irrevocably sold, transferred and assigned unto:

**CHIMNEY ROCK VALUE FUND, L.P.**
350 Park Avenue
New York, NY 10022
Attn: Beau Lescott
Email: blescott@zbi.com

        with a copy to:

Attn: Erica Lee, General Counsel, Ziff Brothers Investments, L.L.C.
Email: elee@zbi.com

and its successors and assigns ("Buyer"), all right, title and interest in and to Proof of
Claim Number 4922, solely to the extent of $2,948,807.16, (the "Claim") against
Debtor in the Case in the Bankruptcy Court, or any other court with jurisdiction over
the bankruptcy proceedings of the Debtor.

Seller hereby waives any objection to the transfer of the Claim to Buyer on the books
and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest
extent permitted by law any notice or right to a hearing as may be imposed by Rule
3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable
local bankruptcy rules or applicable law. Seller acknowledges and understands, and
hereby stipulates that an order of the Bankruptcy Court may be entered without
further notice to Seller transferring to Buyer the Claim and recognizing the Buyer as
the sole owner and holder of the Claim.

You are hereby directed to make all future payments and distributions, and to give all
notices and other communications, in respect of the Claim to Buyer.

IN WITNESS WHEREOF, the undersigned has duly executed this Evidence of Transfer of Claim by its duly authorized representative dated July 23 2012.

**DEUTSCHE BANK AG, LONDON BRANCH**

By: _____
    Name:
    Title:

Philipp Roever
Vice President

By: _____
    Name:
    Title:

Michael Sutton
Managing Director