---

**THE THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THE OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re                                                :        **Chapter 11 Case No.**
                                                     :
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*   :        **08-13555 (JMP)**
                                                     :
                                **Debtors.**         :        **(Jointly Administered)**
------------------------------------------------------------------x

**NOTICE OF HEARING ON THREE HUNDRED THIRTY-SEVENTH OMNIBUS**
**OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)**

**PLEASE TAKE NOTICE** that on August 13, 2012, Lehman Brothers Holdings

Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan

of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, filed its three hundred thirty-

seventh omnibus objection to claims (the "Three Hundred Thirty-Seventh Omnibus Objection to

Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Thirty-Seventh

Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States

Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern

District of New York, One Bowling Green, New York, New York 10004, on **September 27,**

**2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

        **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Thirty-Seventh Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace

Arthur, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street,

21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini,

Esq. and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **September**

**13, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44025691\7\58399.0003

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Thirty-Seventh Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Thirty-Seventh Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 14, 2012
New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44025691\7\58399.0003

THE THREE HUNDRED THIRTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS OMNIBUS OBJECTION SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                             :        Chapter 11 Case No.
                                                  :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,          :        08-13555 (JMP)
                                                  :
                        Debtors.                  :        (Jointly Administered)
-------------------------------------------------------------------x

THREE HUNDRED THIRTY-SEVENTH OMNIBUS
OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" or the "Plan Administrator"), as Plan Administrator under the *Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors* (the "Plan") for the entities in the above referenced chapter 11 cases (collectively the "Chapter 11 Estates"), respectfully represents:

## Relief Requested

1.      The Plan Administrator files this three hundred thirty-seventh omnibus objection to claims (the "Three Hundred Thirty-Seventh Omnibus Objection to Claims") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the "Procedures Order") [ECF No. 6664], seeking to disallow and expunge the claims listed on Exhibit A annexed hereto.

2.      The proofs of claim listed on Exhibit A (collectively, the "No Liability Tax Claims") were filed against the Chapter 11 Estates and assert claims for real property or other, unspecified, taxes. The No Liability Tax Claims are based upon (i) alleged tax liabilities of entities that are not debtors in these chapter 11 cases, or (ii) real property in which none of the Chapter 11 Estates had an ownership interest during the relevant tax year. None of the Chapter 11 Estates has any actual or potential liability with respect to any of the No Liability Tax Claims; said claims, therefore, do not constitute valid *prima facie* claims. The Plan Administrator requests that the No Liability Tax Claims be disallowed and expunged in their entirety.

## Jurisdiction

3.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

4.     Commencing on September 15, 2008 (the "Commencement Date") and

periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter

11 Cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

5.     On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

6.     On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan

Administrator is authorized to interpose and prosecute objections to claims filed against the

Chapter 11 Estates.

## The No Liability Tax Claims

7.     The Plan Administrator has examined the No Liability Tax Claims and has

determined that such claims should be disallowed and expunged on the basis that they provide no

basis of liability as to the Chapter 11 Estates.

8.     Each of the No Liability Tax Claims includes, as supporting detail, one or

more statements identifying the real property giving rise to the alleged liability, the amount of

the alleged liability, the relevant time period during which such liability allegedly arose, and the

person or entity against whom the liability is sought to be enforced (the "Tax Statements").  In

reviewing the Tax Statements, the Plan Administrator quickly determined that the vast majority

of the Tax Statements identified an entity other than one of the Chapter 11 Estates as the obligor

for the real property taxes that are the subject of the No Liability Tax Claims.  Attached hereto as

Exhibit B, is a list of the No Liability Tax Claims that reflect tax obligations of entities that are

not among the Chapter 11 Estates.

        9.      As reflected in Exhibit B, many of the No Liability Tax Claims include

Tax Statements that name any entity or individual as tax obligor that happens to have the word

"Lehman" in its name, without regard to whether such person or entity is a Chapter 11 Estate.

For example, proof of claim number 119, filed by the San Diego Treasurer, contains Tax

Statements identifying Betsy G. Lehman, Cindy Lehman and Dennis and Cissy R. Lehman as

alleged obligors.  It is clear beyond peradventure that the Chapter 11 Estates are not responsible

for the real property tax liabilities of these unrelated individuals.  Similarly, the Chapter 11

Estates are not liable for real property taxes allegedly owed by Lehman entities that are not

debtors in these Chapter 11 Cases including, without limitation, securitization trusts that are not

Chapter 11 Estates.

        10.      After isolating those claims that listed non debtor entities as obligors, the

Plan Administrator reviewed the remaining Tax Statements and identified any Tax Statement

that referenced a Chapter 11 Estate or that used the generic term "Lehman Brothers" (the

"Remaining Tax Statements").  A copy of the list of the Remaining Tax Statements is attached

hereto as Exhibit C.  Upon information and belief, and as a result of an internal review of the

books and records of the Chapter 11 Estates, the Plan Administrator determined that the real

property identified on the Remaining Tax Statements was not owned by any of the Chapter 11

                                                     4

Estates during the time period when the real property tax obligation allegedly arose.  Any alleged

tax obligations of the Chapter 11 Estates arising from the real property listed on the Remaining

Tax Statements are invalid because none of the Chapter 11 Estates had an obligation to pay real

property taxes on properties in which it did not hold an ownership interest.  In short, nothing in

LBHI's records or in the No Liability Tax Claims indicates any valid ground upon which LBHI

or the other Chapter 11 Estates should be liable for the claims asserted in the No Liability Tax

Claims.

### The No Liability Tax Claims Should Be Disallowed and Expunged

11.     A proof of claim is "deemed allowed, unless a party in interest objects."

11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is

asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida,*

*Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729

(REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr.*

*Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code

provides, in relevant part, that a claim may not be allowed to the extent that "such claim is

unenforceable against the debtor and property of the debtor, under any agreement or applicable

law."  11 U.S.C. § 502(b)(1).

12.     The Plan Administrator has determined, after a thorough review, that the

No Liability Tax Claims do not contain any actual or contingent claims against LBHI or the

other Chapter 11 Estates.  The Effective Date has occurred and initial distributions began on

April 17, 2012, and will continue when the second distribution is made on October 1, 2012.  If

the No Liability Tax Claims remain on the claims register in the filed amount, the potential exists

for recoveries by claimants which do not hold valid claims against the Chapter 11 Estates.

Accordingly, the Plan Administrator respectfully requests that the Court enter an order

disallowing and expunging the No Liability Tax Claims in their entirety.

## **Reservation of Rights**

13.     The Plan Administrator reserves all rights to object on any basis to any No

Liability Tax Claim as to which the relief requested herein is not granted.

## **Notice**

14.     No trustee has been appointed in these chapter 11 cases.  Notice of this

Three Hundred Thirty-Seventh Omnibus Objection to Claims has been served on (i) the United

States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each

claimant listed on Exhibit A; and (vi) all parties who have requested notice in these chapter 11

cases in accordance with the procedures set forth in the second amended order entered on June

17, 2010 governing case management and administrative procedures [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

15.     No previous request for the relief sought herein has been made by the Plan

Administrator to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: August 14, 2012
      New York, New York

                     /s/ Jacqueline Marcus
                     Jacqueline Marcus

                     WEIL, GOTSHAL & MANGES LLP
                     767 Fifth Avenue
                     New York, New York 10153
                     Telephone: (212) 310-8000
                     Facsimile: (212) 310-8007

                     Attorneys for Lehman Brothers Holdings Inc.
                     and Certain of Its Affiliates

## Exhibit A

(No Liability Tax Claims)

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 337: EXHIBIT A – NO LIABILITY TAX CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 1 | ARLINGTON INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 147 | $2,060.91 |
| 2 | COUNTY OF SANTA CLARA<br>TAX COLLECTOR<br>COUNTY GOVERNMENT CENTER<br>6TH FLOOR, EAST WING<br>70 WEST HEDDING STREET<br>SAN JOSE, CA 95110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 02/20/2009 | 4502 | $1,107,221.21 |
| 3 | FARMINGTON TAX COLLECTOR<br>1 MONTEITH DRIVE<br>FARMINGTON, CT 06032-1053 | 09-10137 (JMP) | BNC Mortgage LLC | 07/15/2009 | 5362 | $5,039.32 |
| 4 | KELLER INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 144 | $4,264.41 |
| 5 | L.A. COUNTY TREASURER AND TAX COLLECTOR<br>PO BOX 54110<br>LOS ANGELES, CA 90051-0110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/08/2009 | 10661 | $912,364.71 |
| 6 | MANSFIELD INDEPENDENT SCHOOL DISTRICT<br>ELIZABETH BANDA<br>PERDUE BRANDON FIELDER COLLINS MOTT LLP<br>P.O. BOX 13430<br>ARLINGTON, TX 76094-0430 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/10/2008 | 148 | $3,654.15 |
| 7 | PLACER COUNTY TAX COLLECTOR<br>PLACER COUNTY TAX COLLECTORS OFFFICE<br>2976 RICHARDSON RD<br>AUBURN, CA 95603 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/01/2009 | 10048 | $9,799.88* |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

## OMNIBUS OBJECTION 337: EXHIBIT A – NO LIABILITY TAX CLAIMS

| | NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | TOTAL CLAIM DOLLARS |
|---|---|---|---|---|---|---|
| 8 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR<br>DAN MCALLISTER<br>1600 PACIFIC HIGHWAY, ROOM 162<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2008 | 2 | $157,892.10 |
| 9 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR<br>ATTN: DAN MCALLISTER, BANKRUPTCY DESK<br>1600 PACIFIC HIGHWAY, ROOM 162<br>SAN DIEGO, CA 92101 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 10/01/2008 | 119 | $517,778.35 |
| 10 | TARRANT COUNTY<br>ELIZABETH WELLER/LAURIE SPINDLER HUFFMAN<br>LINEBARGER GOGGAN BLAIR & SAMPSON, LLP<br>2323 BRYAN STREET, SUITE 1600<br>DALLAS, TX 75201 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/28/2011 | 67747 | $10,431.18* |
| 11 | TAX COLLECTOR<br>COUNTY OF SANTA CLARA<br>COUNTY GOVERNMENT CENTER<br>6TH FLOOR, EAST WING<br>70 WEST HEDDING STREET<br>SAN JOSE, CA 95110 | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 09/22/2009 | 32251 | $639,227.06 |
| | | | | | **TOTAL** | $3,69,733.28 |

## Exhibit B

(Tax Obligations of Non-debtor Entities)

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 337: EXHIBIT B – NO LIABILITY TAX CLAIMS**

| | NAME | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 1 | COUNTY OF SANTA CLARA TAX COLLECTOR COUNTY GOVERNMENT CENTER 6TH FLOOR, EAST WING 70 WEST HEDDING STREET SAN JOSE, CA 95110 | 4502 | $1,107,221.21 | All Tax Statements name Aurora Loan Services LLC or various individuals as the assessee. |
| 2 | L.A. COUNTY TREASURER AND TAX COLLECTOR PO BOX 54110 LOS ANGELES, CA 90051-0110 | 10661 | $912,364.71 | All Tax Statements name Aurora Loan Services Inc. or Property Asset Management Inc. as the obligor. |
| 3 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR ATTN: DAN MCALLISTER, BANKRUPTCY DESK 1600 PACIFIC HIGHWAY, ROOM 162 SAN DIEGO, CA 92101 | 119[1] | $517,778.35 | Several Tax Statements name various individuals as owner of the referenced real property. |
| 4 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR DAN MCALLISTER 1600 PACIFIC HIGHWAY, ROOM 162 SAN DIEGO, CA 92101 | 2 | $157,892.10 | All Tax Statements name various individuals as owner of the referenced real property. |
| 5 | TARRANT COUNTY ELIZABETH WELLER/LAURIE SPINDLER HUFFMAN LINEBARGER GOGGAN BLAIR & SAMPSON, LLP 2323 BRYAN STREET, SUITE 1600 DALLAS, TX 75201 | 67747 | $10,431.18* | All Tax Statements name Lehman Brothers Bank FSB as the obligor. |
| 6 | TAX COLLECTOR COUNTY OF SANTA CLARA COUNTY GOVERNMENT CENTER 6TH FLOOR, EAST WING 70 WEST HEDDING STREET SAN JOSE, CA 95110 | 32251 | $639,227.06 | All Tax Statements name Aurora Loan Services LLC or various individuals as the assessee. |
| | TOTAL | | $3,331,700.10 | |

---

[1] Proof of claim number 119 is also listed on Exhibit C because it contains Tax Statements that reference "Lehman Brothers" generically or allege a Chapter 11 Estate is obligated to pay real property taxes on properties which the Plan Administrator has determined it did/does not hold an ownership interest.

**<u>Exhibit C</u>**

(Remaining Tax Statements)

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 337: EXHIBIT C – NO LIABILITY TAX CLAIMS**

| | NAME | CLAIM # | TOTAL CLAIM DOLLARS | REASON FOR PROPOSED DISALLOWANCE |
|---|---|---|---|---|
| 1 | ARLINGTON INDEPENDENT SCHOOL DISTRICT ELIZABETH BANDA PERDUE BRANDON FIELDER COLLINS MOTT LLP P.O. BOX 13430 ARLINGTON, TX 76094-0430 | 147 | $2,060.91 | Property sold to a 3rd party investor on January 31, 2008 and taxes may have been paid. |
| 2 | FARMINGTON TAX COLLECTOR 1 MONTEITH DRIVE FARMINGTON, CT 06032-1053 | 5362 | $5,039.32 | Property referenced has not been located or identified in the Chapter 11 Estates' records. |
| 3 | KELLER INDEPENDENT SCHOOL DISTRICT ELIZABETH BANDA PERDUE BRANDON FIELDER COLLINS MOTT LLP P.O. BOX 13430 ARLINGTON, TX 76094-0430 | 144 | $4,264.41 | Property referenced has not been located or identified in the Chapter 11 Estates' records. |
| 4 | MANSFIELD INDEPENDENT SCHOOL DISTRICT ELIZABETH BANDA PERDUE BRANDON FIELDER COLLINS MOTT LLP P.O. BOX 13430 ARLINGTON, TX 76094-0430 | 148 | $3,654.15 | None of the Chapter 11 Estates held ownership interests in 2008. Property was securitized in 2006 into LXS 2006-19. |
| 5 | PLACER COUNTY TAX COLLECTOR PLACER COUNTY TAX COLLECTORS OFFFICE 2976 RICHARDSON RD AUBURN, CA 95603 | 10048 | $9,799.88* | All property interests were sold in 2004 and 2005 respectively. |
| 6 | SAN DIEGO COUNTY TREASURER-TAX COLLECTOR ATTN: DAN MCALLISTER, BANKRUPTCY DESK 1600 PACIFIC HIGHWAY, ROOM 162 SAN DIEGO, CA 92101 | 119[1] | $517,778.35 | Several Tax Statements name various securitization trusts as owner of the referenced real property. |
| | | TOTAL | $1,060,375.37 | |

---

[1] Proof of claim number 119 is also listed on Exhibit C because it contains Tax Statements that reference "Lehman Brothers" generically or allege a Chapter 11 Estate is obligated to pay real property taxes on properties which the Plan Administrator has determined it did/does not hold an ownership interest.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
In re                                                  :        Chapter 11 Case No.
                                                       :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,    :        08-13555 (JMP)
                                                       :
                             Debtors.                  :        (Jointly Administered)
--------------------------------------------------------------------x

ORDER GRANTING THREE HUNDRED THIRTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY TAX CLAIMS)

Upon the three hundred thirty-seventh omnibus objection to claims, dated August 14, 2012 (the "Three Hundred Thirty-Seventh Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664], seeking the disallowance and expungement of the No Liability Tax Claims, all as more fully described in the Three Hundred Thirty-Seventh Omnibus Objection to Claims; and due and proper notice of the Three Hundred Thirty-Seventh Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit A attached to the Three Hundred Thirty-Seventh Omnibus Objection to Claims; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010 governing case management and administrative procedures for these

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Thirty-Seventh Omnibus Objection to Claims.

cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the

Three Hundred Thirty-Seventh Omnibus Objection to Claims is in the best interests of the

Chapter 11 Estates, their creditors, and all parties in interest and that the legal and factual bases

set forth in the Three Hundred Thirty-Seventh Omnibus Objection to Claims establish just cause

for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it

is

ORDERED that the relief requested in the Three Hundred Thirty-Seventh

Omnibus Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims

listed on Exhibit 1 annexed hereto are disallowed and expunged in their entirety with prejudice;

and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim listed on Exhibit A annexed to the Three Hundred

Thirty-Seventh Omnibus Objection to Claims that is not listed on Exhibit 1 annexed hereto; and

it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE