HEARING DATE AND TIME: September 27, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 13, 2012 at 4:00 p.m. (Eastern Time)

---

**THE THREE HUNDRED THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS SEEKS TO REDUCE OR RECLASSIFY, AND ALLOW AS GENERAL UNSECURED CLAIMS CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE OF THE THREE HUNDRED THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, KYLE J. ORTIZ, AT (212)-310-8392.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------------------x
In re                                    :    Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., et al.,   :    08-13555 (JMP)
                                         :
                  Debtors.               :    (Jointly Administered)
-------------------------------------------------------------------x
```

**NOTICE OF HEARING ON THREE HUNDRED THIRTY-NINTH OMNIBUS
OBJECTION TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)**

**PLEASE TAKE NOTICE** that on August 14, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred thirty-ninth

US_ACTIVE:\44071170\3\58399.0011

omnibus objection to claims (the "Three Hundred Thirty-Ninth Omnibus Objection to Claims"),

and that a hearing to consider the Three Hundred Thirty-Ninth Omnibus Objection to Claims will

be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601

of the United States Bankruptcy Court for the Southern District of New York, One Bowling

Green, New York, New York 10004, on **September 27, 2012 at 10:00 a.m. (Prevailing Eastern

Time)**, or as soon thereafter as counsel may be heard.

                        **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Thirty-Ninth Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI, Weil, Gotshal & Manges LLP,

767 Fifth Avenue, New York, New York 10153 (Attn:  Robert J. Lemons, Esq. and Mark

Bernstein, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall

Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta

Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and received by no later than

**September 13, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

US_ACTIVE:\44071170\3\58399.0011

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and

served with respect to the Three Hundred Thirty-Ninth Omnibus Objection to Claims or any

claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to

the Bankruptcy Court an order substantially in the form of the proposed order annexed to the

Three Hundred Thirty-Ninth Omnibus Objection to Claims, which order may be entered with no

further notice or opportunity to be heard offered to any party.

Dated:  August 14, 2012
          New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

US_ACTIVE:\44071170\3\58399.0011

HEARING DATE AND TIME: September 27, 2012 at 10:00 a.m. (Eastern Time)
RESPONSE DEADLINE: September 13, 2012 at 4:00 p.m. (Eastern Time)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------------x
|                                                  |   |                              |
|--------------------------------------------------|---|------------------------------|
| **In re**                                        | : | **Chapter 11 Case No.**      |
|                                                  | : |                              |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.*,     | : | **08-13555 (JMP)**           |
|                                                  | : |                              |
| **Debtors.**                                     | : | **(Jointly Administered)**   |
----------------------------------------------------------------------x

### THREE HUNDRED THIRTY-NINTH OMNIBUS OBJECTION
### TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)

---

**THIS THREE HUNDRED THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS
SEEKS TO REDUCE OR RECLASSIFY, AND ALLOW AS GENERAL UNSECURED
CLAIMS CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS
THREE HUNDRED THIRTY-NINTH OMNIBUS OBJECTION TO CLAIMS SHOULD
REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR THE EXHIBITS
ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS
THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S
COUNSEL, KYLE J. ORTIZ, AT (212)-310-8392.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Relief Requested

1.      LBHI files this three hundred thirty-ninth omnibus objection to claims (the

"Three Hundred Thirty-Ninth Omnibus Objection to Claims"), pursuant to section 502(b) of title

11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures

for the filing of omnibus objections to proofs of claim filed in these chapter 11 cases (the

"Procedures Order") [ECF No. 6664], seeking to reduce or reclassify, and allow as unsecured

claims certain portions of the claims listed on Exhibit A annexed hereto.

2.      The Plan Administrator has examined the proofs of claim identified on

Exhibit A (the "Claims") and has determined (i) that the portions of the Claims should be

reduced and allowed as unsecured claims because the Claims were filed in an unliquidated or

partially unliquidated amount or the amounts listed on the proofs of claim are greater than the

fair, accurate, and reasonable values of the amounts for which the Chapter 11 Estates are liable;

and (ii) that portions of the Claims asserted as priority claims should be reclassified as general

unsecured claims and allowed because the claims do not meet the criteria required for

entitlement to priority status.  The Plan Administrator, therefore, requests that the Court reduce

or reclassify, and allow as general unsecured claims each Claim listed on Exhibit A in the

amounts and priorities set forth in the row entitled "*Claim as Modified*."

US_ACTIVE:\44071170\3\58399.0011

**Jurisdiction**

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

4.      Commencing on September 15, 2008 (the "Commencement Date") and

periodically thereafter, LBHI and certain of its subsidiaries commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").  The Chapter

11 Cases have been consolidated for procedural purposes only and are being jointly administered

pursuant to Bankruptcy Rule 1015(b).

5.      On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

6.      On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012.

7.      Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against the Chapter 11 Estates.

**The Claims**

8.      The Claims listed on Exhibit A annexed hereto assert claims based on the

following:

- Claims for services rendered to LBHI by various outside contractors (the "Outside Contractors") asserted by the Outside Contractors as 507(a)(4) priority claims (the "Misclassified Claims");

- A claim held by an LBHI vendor, Merritt & Harris ("M&H"), for services allegedly performed (the "M&H Claim");

3

- A claim arising from a swap transaction and debt service guarantee (the "Berlin Claim") held by Berlin-Hannoversche Hypothekenbank Aktiengesellschaft ("Berlin");

- A partially unliquidated and contingent claim filed by the United States Department of Health and Human Services ("HHS") for debts under the Medicare Secondary Payer Act (the "HHS Claim").

### The Claims Should Be Reduced
### or Reclassified, and Allowed as General Unsecured Claims

9.      A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection to a proof of claim is filed, the allowed amount of such claim must be determined "as of the date of the filing of the petition."  11 U.S.C. § 502(b). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Ch. 11 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).

## I.    The Misclassified Claims Are Not Entitled to Section 507(a)(4) Priority

10.      The Misclassified Claims were filed by Outside Contractors of LBHI.  The Misclassified Claims assert priority claims for commissions, fees, or wages pursuant to section 507(a)(4)(b) of the Bankruptcy Code.  Section 507(a)(4)(b), however, only provides priority for "sales commissions earned by an individual or by a corporation with only 1 employee, acting as an independent contractor in the sale of goods or services for the debtor in the ordinary course of the debtor's business if, and only if, during the 12 months preceding that date, at least 75 percent

4

of the amount that the individual or corporation earned . . . was earned from the debtor." 11

U.S.C. § 507(a)(4)(b). Although the Misclassified Claims are for services rendered to LBHI,

none of the Outside Contractors meet the criteria for a priority claim set forth in Section

507(a)(4)(b) of the Bankruptcy Code because the Misclassified Claims are not for sales

commissions earned by an individual or a corporation with only 1 employee, and/or LBHI did

not account for at least 75 percent of the Outside Contractors' earnings.

11.    Accordingly, to preserve the Bankruptcy Code's intended order of priority

and to prevent improper recovery, the Plan Administrator requests entry of the Proposed Order,

reclassifying the Misclassified Claims in the amount and priority listed on Exhibit A in the row

entitled "*Claim as Modified*" and allowing the Misclassified Claims to the extent of such

modified amount and priority.

## II.    The M&H Claim Should Be Reduced and Allowed

12.    The M&H Claim should be reduced and allowed. After a review of the

relevant documentation, M&H's supporting documentation, and LBHI's books and records, the

Plan Administrator has determined that LBHI is not liable for certain of the services for which a

portion of the M&H Claim is based because such services were preformed pursuant to a contract

between LBHI and a non-debtor third party. Thus, the M&H Claim does not reflect the proper

value of the M&H Claim. The amount listed on Exhibit A in the row entitled "*Claim as

Modified*" represents the accurate value of the M&H Claim. Accordingly, in order to properly

reflect the accurate value of the M&H Claim it should be reduced to the amount listed on Exhibit

A in the row entitled "*Claim as Modified*" and allowed to the extent of such modified amount.

5

**III.     The Berlin Claim Should Be Reduced and Allowed**

13.     The Berlin Claim should be reduced and allowed.  The Berlin Claim was filed as an unliquidated claim.  Pursuant to a termination and release agreement dated June 14, 2012, LBHI and Berlin agreed to liquidate the Berlin Claim in the fixed amount of $1,494,634.20 as a general unsecured claim.  Accordingly, in order to properly reflect the accurate value of the Berlin Claim it should be reduced to the amount listed on <u>Exhibit A</u> in the row entitled "*Claim as Modified*" and allowed to the extent of such modified amount.

**IV.     The HHS Claim Should Be Reduced and Allowed**

14.     The HHS Claim should be reduced and allowed.  The HHS Claim was asserted in an amount of $8,208.75, plus a contingent unliquidated amount.  LBHI now wishes to (i) allow the HHS claim in the asserted amount of $8,208.75 as a general unsecured claim, and (ii) disallow any portion asserted for contingent unliquidated amounts.  Accordingly, in order to properly reflect the accurate value of the HHS Claim it should be allowed in the amount listed on <u>Exhibit A</u> in the row entitled "*Claim as Modified.*"

<u>**Reservation of Rights**</u>

15.     The Plan Administrator reserves all rights to object on any basis to any Claim or any portion of any Claim as to which the relief requested herein is not granted.

<u>**Notice**</u>

16.     No trustee has been appointed in these Chapter 11 Cases.  Notice of this objection has been provided to (i) the United States Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant listed on <u>Exhibit A</u>; and (vi) all other parties entitled to notice in accordance with the procedures set forth in the second amended order entered on June 17, 2010, governing case management and administrative procedures for these

6

US_ACTIVE:\44071170\3\58399.0011

cases [ECF No. 9635].  The Plan Administrator submits that no other or further notice need be

provided.

17.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  August 14, 2012
        New York, New York


                                    /s/ Robert J. Lemons
                                    Robert J. Lemons

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates

7

# **EXHIBIT A**

US_ACTIVE:\44071170\3\58399.0011

IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)

OMNIBUS OBJECTION 339: EXHIBIT A – PROOFS OF CLAIM TO BE REDUCED AND ALLOWED

| | NAME | CLAIM # | FILED DATE | ASSERTED | | | MODIFIED | | |
| | | | | DEBTOR | CLASS | AMOUNT | DEBTOR | CLASS | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ANDERSON, ANDRE 95 KENWOOD ROAD GARDEN CITY, NY 11530 | 3520 | 03/26/2009 | Lehman Brothers Holdings Inc. | Priority | $2,850.00 | Lehman Brothers Holdings Inc. | Unsecured | $2,850.00 |
| 2 | BERLIN- HANNOVERSCHE HYPOTHEKENBANK AKTIENGESELLSCHAFT ATTN: RONALD NAHRMANN (RISIKOBETREUUNG IMMOBILIEN) BUDAPESTER STRASSE 1 BERLIN, 10787 GERMANY | 14868 | 09/17/2009 | Lehman Brothers Holdings Inc. | Unsecured | $2,989,268.39* | Lehman Brothers Holdings Inc. | Unsecured | $1,494,634.20 |
| 3 | MERRITT & HARRIS INC. 90 JOHN STREET NEW YORK, NY 10038 | 18223 | 09/18/2009 | Lehman Brothers Holdings Inc. | Unsecured | $35,876.66 | Lehman Brothers Holdings Inc. | Unsecured | $20,026.66 |
| 4 | U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES DANNA DRORI, AUSA 86 CHAMBERS STREET, 3RD FLOOR NEW YORK, NY 10007 | 3336 | 03/12/2009 | Lehman Brothers Holdings Inc. | Unsecured | $8,208.75* | Lehman Brothers Holdings Inc. | Unsecured | $8,208.75 |
| 5 | WEINGARTEN WEATHER CONSULTING 502 L ESPRIT PKWY PENDLETON, KY 40055-7745 | 6433 | 07/27/2009 | Lehman Brothers Commodity Services Inc. | Priority | $1,200.00 | Lehman Brothers Commodity Services Inc. | Unsecured | $1,200.00 |
| 6 | ZIELINSKI, JIMMY 23 LINDEN AVENUE BELLEVILLE, NJ 07109 | 7442 | 08/05/2009 | Lehman Brothers Holdings Inc. | Priority | $3,000.00 | Lehman Brothers Holdings Inc. | Unsecured | $3,000.00 |
| | | | | | TOTAL | $3,040,403.80 | | TOTAL | $1,529,919.61 |

* - Indicates claim contains unliquidated and/or undetermined amounts                    Page 1 of 1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                              :      Chapter 11 Case No.
                                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :      08-13555 (JMP)
                                                                   :
                              Debtors.                   :      (Jointly Administered)
-------------------------------------------------------------------x

ORDER GRANTING THREE
HUNDRED THIRTY-NINTH OMNIBUS OBJECTION
TO CLAIMS (REDUCE OR RECLASSIFY, AND ALLOW)

Upon the three hundred thirty-ninth omnibus objection to claims, dated August

14, 2012 (the "Three Hundred Thirty-Ninth Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc. ("LBHI"), as Plan Administrator under the Modified Third Amended

Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to

section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of

the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the

filing of omnibus objections to proofs of claim [ECF No. 6664], seeking to (i) reduce and allow

the Claims on the basis that the amounts and/or priorities listed on the proofs of claim are greater

than the fair, accurate, and reasonable values and/or priorities determined by the Plan

Administrator after a review of the claimants' supporting documentation and the Chapter 11

Estates' books and records, as more fully described in the Three Hundred Thirty-Ninth Omnibus

Objection to Claims; and due and proper notice of the Three Hundred Thirty-Ninth Omnibus

Objection to Claims having been provided, and it appearing that no other or further notice need

be provided; and the Court having found and determined that the relief requested in the Three

Hundred Thirty-Ninth Omnibus Objection to Claims is in the best interests of the Chapter 11

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Three Hundred Thirty-Ninth Omnibus Objection to Claims.

Estates, their creditors, and all parties in interest, and that the legal and factual bases set forth in

the Three Hundred Thirty-Ninth Omnibus Objection to Claims establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Thirty-Ninth Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that (i) each Claim listed on Exhibit 1 annexed hereto is reduced and

allowed in the amount and priority set forth on Exhibit 1 in the row entitled "*Claim as Modified*"

and in the columns entitled "*Priority*," and "*Unsecured*" and (ii) any asserted amounts in excess

of the reduced amount are disallowed; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A to the

Three Hundred Thirty-Ninth Omnibus Objection to Claims that does not appear on Exhibit 1

annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
        New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2