---

**THE THREE HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS
SEEKS TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY
CERTAIN FILED PROOFS OF CLAIM.  PARTIES RECEIVING THIS NOTICE
SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR
CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS
ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS
THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL,
ERIKA DEL NIDO, AT 212-310-8323.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.**, *et al.*, | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | **(Jointly Administered)** |

-------------------------------------------------------------------x

**NOTICE OF HEARING ON
THREE HUNDRED FORTY-SECOND OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

        **PLEASE TAKE NOTICE** that on August 14, 2012, Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors for

certain entities in the above-referenced chapter 11 cases, filed its three hundred forty-second

omnibus objection to claims (the "Three Hundred Forty Second Omnibus Objection to Claims"),

and that a hearing to consider the Three Hundred Forty-Second Omnibus Objection to Claims

will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in

Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York,

One Bowling Green, New York, New York 10004, on **September 27, 2012 at 10:00 a.m.**

**(Prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

   **PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred

Forty-Second Omnibus Objection to Claims must be in writing, shall conform to the Federal

Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed

with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which

can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing

system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable

Document Format (PDF), WordPerfect, or any other Windows-based word processing format

(with a hard copy delivered directly to Chambers), in accordance with General Order M-182

(which can be found at www.nysb.uscourts.gov), and served in accordance with General Order

M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New

York, New York 10004, Courtroom 601; (ii) attorneys for LBHI and certain of its affiliates,

Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Robert J.

Lemons, Esq. and Mark Bernstein, Esq.); and (iii) the Office of the United States Trustee for

Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope

Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.); so as to be so filed and

received by no later than **September 14, 2012 at 4:00 p.m. (Prevailing Eastern Time)** (the

"Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Forty-Second Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Forty-Second Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: August 14, 2012
        New York, New York

                                    /s/ Robert J. Lemons
                                    Robert J. Lemons

                                    WEIL, GOTSHAL & MANGES LLP
                                    767 Fifth Avenue
                                    New York, New York 10153
                                    Telephone: (212) 310-8000
                                    Facsimile: (212) 310-8007

                                    Attorneys for Lehman Brothers Holdings Inc.
                                    and Certain of Its Affiliates

US_ACTIVE:\44071293\3\58399.0008

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Robert J. Lemons

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | Chapter 11 Case No. |
| | : | |
| **LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* | : | **08-13555 (JMP)** |
| | : | |
| Debtors. | : | (Jointly Administered) |

------------------------------------------------------------------x

**THREE HUNDRED FORTY-SECOND OMNIBUS**
**OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

---

**THIS THREE HUNDRED FORTY-SECOND OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE AND/OR RECLASSIFY AS EQUITY CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE SHOULD REVIEW THE OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OBJECTION AND/OR THE EXHIBITS ATTACHED THERETO TO DETERMINE WHETHER THE OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, ERIKA DEL NIDO, AT 212-310-8323.**

---

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan") for the entities in the above-referenced

chapter 11 cases (the "Chapter 11 Estates"), respectfully represents as follows:

### Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background

2.      Commencing on September 15, 2008 and periodically thereafter (as

applicable, the "Commencement Date"), LBHI and certain of its subsidiaries commenced with

this Court voluntary cases under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

These Chapter 11 Cases have been consolidated for procedural purposes only and are being

jointly administered pursuant to Bankruptcy Rule 1015(b).

3.      On January 14, 2010, the Court entered the order approving procedures for

the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"),

which authorizes the filing of omnibus objections to no more than 500 claims at a time, on

various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional

grounds set forth in the Procedures Order.

4.      On December 6, 2011, the Court entered an order confirming the Plan

[ECF No. 23023].  The Plan became effective on March 6, 2012.  Pursuant to the Plan, the Plan

Administrator is authorized to interpose and prosecute objections to claims filed against the

Chapter 11 Estates.

2

## The Employment-Related Claims

5.      The proofs of claim listed on <u>Exhibit A</u> annexed hereto (collectively, the

"<u>Employment-Related Claims</u>") assert claims for one or more of the following:

- an ownership interest in one or more partnership funds or losses associated with such interest (the "<u>No Liability Partnership Claims</u>");

- bonus compensation arising out of employment with an entity that is one of the Chapter 11 Estates (the "<u>Bonus Claims</u>");

- compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Non-Debtor Employee Claims</u>");

- deferred compensation arising out of employment with an entity that is not one of the Chapter 11 Estates (the "<u>Deferred Compensation Claims</u>");

- losses associated with the claimant's 401(k) savings plan (the "<u>401(k) Claims</u>");

- pension benefits (the "<u>Pension Claims</u>"); and

- ownership of preferred stock, common stock, or other equity interests in LBHI ("<u>Stock</u>") and/or alleged losses related thereto (the "<u>Stock Claims</u>").[1]

---

[1] This objection is only seeking to disallow and expunge and/or reclassify as equity the portions of the Employment-Related Claims that relate to the No Liability Partnership Claims, the Bonus Claims, the Non-Debtor Employee Claims, the Deferred Compensation Claims, the 401(k) Claims, the Pension Claims, and the Stock Claims. This objection does not have any effect on the portions of the Claims, if any, including claims for medical benefits and/or certain equity awards, that are based on claims other than the No Liability Partnership Claims, the Bonus Claims, the Non-Debtor Employee Claims, the Deferred Compensation Claims, the 401(k) Claims, the Pension Claims, and the Stock Claims. The Chapter 11 Estates reserve all rights to object to or seek to reclassify those Claims on any grounds.

3

## Relief Requested

6.      The Plan Administrator files this omnibus objection, pursuant to section

502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Procedures Order, to

disallow and expunge certain claims for which the Chapter 11 Estates have no liability and/or

reclassify certain claims as equity interests.  As set forth in greater detail below, the Chapter 11

Estates have no liability for, and the Plan Administrator seeks to disallow and expunge, the No

Liability Partnership Claims, the Bonus Claims, the Non-Debtor Employee Claims, the Deferred

Compensation Claims, the 401(k) Claims and the Pension Claims.  The Plan Administrator seeks

to reclassify the Stock Claims as equity interests.

## Argument

7.      Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a

claim shall not be allowed to the extent that "such claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  If an

objection refuting at least one of the claim's essential allegations is asserted, the claimant has the

burden to demonstrate the validity of the claim.  *See In re Oneida, Ltd.*, 400 B.R. 384, 389

(Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729, 2007 Bankr. LEXIS

660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539

(Bankr. S.D.N.Y. 2000).

8.      The liabilities asserted in the Employment-Related Claims are not valid

claims against LBHI or any of the Chapter 11 Estates and should either be expunged or

reclassified as set forth below.  Unless the Employment-Related Claims are disallowed and

expunged or reclassified as set forth below, parties who do not hold valid claims against the

Chapter 11 Estates may nonetheless recover from the Chapter 11 Estates.  The Court has

4

previously granted similar relief with respect to other proofs of claim asserting similar grounds.
*See, e.g., Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims
(Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth
Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]. Exhibit B
annexed hereto specifies the category of the objections to each of the Employment-Related
Claims.

**I. The No Liability Partnership Claims Should Be Disallowed and Expunged.**

9.     Portions of the Employment-Related Claims include No Liability
Partnership Claims that assert either an ownership interest in one or more partnership funds or
losses associated with such interest. LBHI has no liability for the claimants' interests in the
partnerships and no liability for the No Liability Partnership Claims. The partnerships identified
in the No Liability Partnership Claims are separate corporate entities from LBHI and are not
debtors in the above-captioned cases. The Plan Administrator believes that these partnerships
still exist, and the rights of the holders of interests in these partnerships are unaffected by these
Chapter 11 Cases. The No Liability Partnership Claims do not indicate any ground for liability
of LBHI or any of the Chapter 11 Estates. An interest in a non-debtor partnership fund does not
result in a claim against, nor a right to payment from, LBHI or any of the Chapter 11 Estates.

10.     Unless the No Liability Partnership Claims are disallowed and expunged,
parties who do not hold valid claims against the Chapter 11 Estates may nonetheless recover
from the Chapter 11 Estates.

11.     The Court has previously disallowed and expunged similar proofs of claim
filed by employees of entities that are not a part of these Chapter 11 Cases. *See, e.g., Order*

US_ACTIVE:\44071293\3\58399.0008

*Granting Two Hundred Eighty-Ninth Omnibus Objection to Claims (Partnership Interest Claims)* [ECF No. 28334].

12.     The Plan Administrator requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims that are based on No Liability Partnership Claims.

## II.  The Bonus Claims Should Be Disallowed and Expunged.

13.     Portions of the Employment-Related Claims include Bonus Claims that were filed by current and former employees of the Chapter 11 Estates, and which assert claims for bonus compensation.  LBHI is not liable for the Bonus Claims.  Granting bonus compensation was within the discretion of the Chapter 11 Estates, and the Chapter 11 Estates' books and records do not reflect that any of the claimants asserting Bonus Claims are entitled to a bonus.  The Bonus Claims do not set forth any legal argument or factual basis that entitles the claimants to bonus compensation.  The Bonus Claims do not assert a right to receive a bonus and do not present any evidence that a bonus was awarded or required.  The majority of the claimants base their claim for bonuses on the fact that they received bonuses in 2007, but receipt of a bonus in 2007 did not entitle claimants to a bonus in 2008.  As such, LBHI is not liable for bonus compensation.

14.     The Court has previously disallowed and expunged similar proofs of claim.  See, e.g., *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

15.     The Plan Administrator requests the Court enter an order disallowing and expunging the portions of the Employment-Related Claims based on Bonus Claims.

6

### III.  The Non-Debtor Employee Claims Should Be Disallowed and Expunged.

16.    Portions of the Employment-Related Claims include Non-Debtor Employee Claims that were filed by former Lehman employees.  They assert claims for employment-related compensation, including severance, commissions, fees, wages, bonuses "hypothetical tax withholding" (*i.e.*, compensation that was allegedly withheld from the claimant for the purposes of meeting international tax withholding and/or income tax requirements), and "tax equalization" (*i.e.*, an alleged obligation of the Chapter 11 Estates to reimburse the claimant for additional taxes paid by the claimant in a foreign country as a result of claimant's assignment to an overseas Lehman entity).  The Chapter 11 Estates have reviewed their records and determined that the claimants were not employees of any of the Chapter 11 Estates at the time the Non-Debtor Employee Claims allegedly accrued, but were instead employees of other Lehman entities, including Lehman Brothers Inc. ("LBI").  A claim against an entity other than one of the Chapter 11 Estates does not result in a claim against, or a right to payment from, any of the Chapter 11 Estates.  As a result, while the applicable employers of the claimants may be liable for such compensation claims,  neither the records of the Chapter 11 Estates nor the Non-Debtor Employee Claims themselves establish any ground for liability of any of the Chapter 11 Estates for the Non-Debtor Employee Claims.

17.    The Court has previously disallowed and expunged similar proofs of claim filed by employees of entities that are not a part of these Chapter 11 Cases.  *See, e.g., Order Granting Debtors' One Hundred Seventeenth Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 17366]; *Order Granting Debtors' One Hundred Seventy-Seventh Omnibus Objection to Claims (No Liability Non-Debtor Employee Claims)* [ECF No. 20627]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth*

*Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

18.     The Plan Administrator requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims based on Non-Debtor Employee Claims.

**IV.  The Deferred Compensation Claims Should Be Disallowed and Expunged.**

19.     Portions of certain Employment-Related Claims assert claims for deferred compensation.  Many of the Deferred Compensation Claims are based on one or more deferred compensation plans, retirement plans, or deferred compensation agreements entered into or assumed by LBI or other entities that are not Chapter 11 Estates, including plans of E.F. Hutton and LBI (collectively, the "Deferred Compensation Plans").

20.     The Chapter 11 Estates have reviewed their records and determined that none of the Chapter 11 Estates was ever a party to the Deferred Compensation Plans cited in the Deferred Compensation Claims, and none of the Chapter 11 Estates ever assumed liability for such plans.  Nothing in the records of the Chapter 11 Estates or in the Deferred Compensation Claims establishes any ground for liability of any of the Chapter 11 Estates for the Deferred Compensation Claims.  Many of the Deferred Compensation Claims attach letters and account statements sent by entities that are not Chapter 11 Estates evidencing amounts allegedly owing to the claimants under the Deferred Compensation Plans; however, a claim against an entity that is not a Chapter 11 Estate does not result in a claim against, or a right to payment from, the Chapter 11 Estates.

21.     The Court has granted similar relief with respect to other claims for deferred compensation.  *See, e.g., Order Granting Debtors' One Hundred Seventy-Third*

8

*Omnibus Objection to Claims (No Liability Employee Claims)* [ECF No. 20609]; *Order*

*Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)*

[ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to*

*Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred*

*Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

22.     The Plan Administrator requests that the Court enter an order disallowing

and expunging the portions of the Employment-Related Claims that are based on Deferred

Compensation Claims.

## V.  The 401(k) Claims Should Be Disallowed and Expunged.

23.     The portions of the Employment-Related Claims based on 401(k) Claims

assert claims for losses associated with the claimants' 401(k) savings plans.  The claimants'

401(k) savings plans contain a variety of financial products, including stocks and bonds that

were issued by companies unrelated to the Chapter 11 Estates and funds that are in no way

connected to the Chapter 11 Estates.  The 401(k) savings plans may also contain common stock

in LBHI.  The 401(k) Claims do not assert rights as owners of LBHI stock but merely assert

claims for losses associated with the claimants' 401(k) accounts.  Losses of a claimant's savings

do not give rise to a valid claim against the Chapter 11 Estates.  None of the 401(k) Claims offers

any legal theory or basis for why any of the Chapter 11 Estates is liable for a decrease in value of

a 401(k) savings plan.  The claimants have access to their 401(k) accounts, and such accounts are

not property of the Chapter 11 Estates.  To the extent that claimants submitted claims for LBHI

stock held in their 401(k) accounts, such claims should be subordinated pursuant to Bankruptcy

Code section 510(b) and reclassified as equity interests.[2]

---

[2] Section 510(b) of the Bankruptcy Code provides that, for purposes of distribution, a claim arising from rescission
of a purchase or sale of a security of the debtor or of an affiliate of the debtor, or for damages arising from the

US_ACTIVE:\44071293\3\58399.0008

24.     The Court has granted similar relief with respect to claims based on 401(k) plans. *See, e.g., Order Granting Debtors' One Hundred Seventy-Eighth Omnibus Objection to Claims (No Liability 401(k) Claims)* [ECF No. 20631]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107]; *Order Granting Debtors' Two Hundred Eighty-Eighth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 28389].

25.     The Plan Administrator respectfully requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims based on 401(k) Claims.

## VI.  The Pension Claims Should Be Disallowed and Expunged

26.     On June 3, 2009, the Court approved a settlement agreement (the "PBGC Settlement") with the Pension Benefit Guaranty Corporation (the "PBGC") regarding the Lehman Brothers Holdings Inc. Retirement Plan (the "Retirement Plan") [ECF No. 3751].  The PBGC Settlement provided for the termination of the Retirement Plan and the appointment of the PBGC as statutory trustee of the Retirement Plan.  Under the PBGC Settlement, the Retirement Plan termination date was December 12, 2008, and all benefit accruals ceased as of that date. The PBGC assumed full responsibility to pay pension benefits in accordance with Title IV of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").  The amount of pension benefits payable by the PBGC is subject to the limits set forth in ERISA.  In its review of the claims filed on the claims register in these Chapter 11 Cases, the Plan Administrator has

---

purchase or sale of a security, shall be subordinated to all claims or interests that are senior to or equal to the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock. 11 U.S.C. § 510(b).

US_ACTIVE:\44071293\3\58399.0008

identified the portions of the Employment-Related Claims based on Pension Claims as claims related to the Retirement Plan.

27.    As a consequence of the termination of the Retirement Plan and pursuant to § 4062(a) and (b) of ERISA, LBHI was only liable to the PBGC for "the total amount of the unfunded benefit liabilities" and is not redundantly liable to any other party for claims arising under the terminated Retirement Plan.  29 U.S.C. § 1362.  Therefore, under ERISA, holders of the Pension Claims do not have a legal right to assert a claim or collect any amounts from the Chapter 11 Estates in respect of amounts due under the terminated Retirement Plan.

28.    The Court has granted similar relief with respect to claims based on pension liabilities.  *See, e.g., Order Granting Debtors' One Hundred Tenth Omnibus Objection to Claims (No Liability Pension Claims)* [ECF No. 16343]; *Order Granting Debtors' One Hundred Seventy-Fifth Omnibus Objection to Claims (No Liability Pension Claims)* [ECF No. 20632]; *Order Granting Debtors' One Hundred Eighty-Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related Claims)* [ECF No. 27107].

29.    The Plan Administrator requests that the Court enter an order disallowing and expunging the portions of the Employment-Related Claims that are based on Pension Claims.

## VII.  The Stock Claims Should Be Reclassified as Interests

30.    Each of the Stock Claims is based on the ownership of preferred stock, common stock, or other equity interests in LBHI and, in some cases, the decrease in value of the Stock and/or other claims arising out of the purchase of the Stock.  Certain Stock Claims include a CUSIP number or ticker symbol for LBHI stock; others describe the basis of the claims as "common stock," "stock," "shares," "equity interests" or the like.  Each of the Stock Claims is an

11

interest in an "equity security" and not a "claim," as such terms are defined in sections 101(16)

and 101(5) of the Bankruptcy Code.  The definition of equity security has been interpreted by

courts to include a range of stock-based transactions, including transactions based on a right to

acquire stock, such as stock options and stock assignments.  *See, e.g., In re Enron Corp.*, 341

B.R. 141, 162 (Bankr. S.D.N.Y. 2006); *see also In re Baldwin-United Corp.*, 52 B.R. 549, 552

(Bankr. S.D. Ohio 1985).

31.    Moreover, section 510(b) of the Bankruptcy Code provides that, for

purposes of distribution, a claim arising from rescission of a purchase or sale of a security of the

debtor or of an affiliate of the debtor, or for damages arising from the purchase or sale of a

security, shall be subordinated to all claims or interests that are senior to or equal to the claim or

interest represented by such security, except that if such security is common stock, such claim

has the same priority as common stock.  11 U.S.C. § 510(b).

32.    Courts generally have applied section 510(b) liberally.  *See Enron*, 341

B.R. at 162-63 ("[T]he broad applicat[ion] of section 510(b) is now quite settled.").  Courts have

construed the language in section 510(b) as being broad enough to include fraud, violations of

securities laws, breach of contract, and related causes of action against debtors.  *See, e.g., id.* at

141 (subordinating breach of contract, fraudulent inducement, and fraudulent retention claims);

*In re Med Diversified Inc.*, 461 F.3d 251, 256 (2d Cir. 2006) (holding that claim based on

debtor's failure to issue its common stock to employee in exchange for his stock in another

company, allegedly in violation of the parties' termination agreement, was a claim arising from

the purchase or sale of the debtor's stock).

33.    The Court has granted similar relief with respect to claims based on shares

of stock.  *See, e.g., Order Granting Debtors' One Hundred Twenty-First Omnibus Objection to*

*Claims (To Reclassify Proofs of Claim as Equity Interests)* [ECF No. 17350]; *Order Granting*

*Debtors' One Hundred Seventy-Fourth Omnibus Objection to Claims (To Reclassify Proofs of*

*Claim as Equity Interests)* [ECF No. 20629]; *Order Granting Debtors' One Hundred Eighty-*

*Fifth Omnibus Objection to Claims (Compound Claims)* [ECF No. 21382]; *Order Granting*

*Debtors' Two Hundred Fifty-Fourth Omnibus Objection to Claims (Employment-Related*

*Claims)* [ECF No. 27107].

        34.    Accordingly, to the extent applicable, the portions of the Employment-

Related Claims that assert Stock Claims should be subordinated pursuant to Bankruptcy Code

section 510(b) and reclassified as equity interests.

## **Reservation of Rights**

        35.    The Plan Administrator reserves all rights to object on any basis to any

Employment-Related Claim or any portion of any Employment-Related Claim as to which the

relief requested herein is not granted.

## **Notice**

        36.    No trustee has been appointed in these Chapter 11 Cases.  Notice of this

Three Hundred Forty-Second Omnibus Objection to Claims has been provided to (i) the United

States  Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal

Revenue Service; (iv) the United States Attorney for the Southern District of New York; (v) each

claimant listed on Exhibit A; and (vi) all other parties entitled to notice in accordance with the

procedures set forth in the second amended order entered on June 17, 2010, governing case

management and administrative procedures for these cases [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

US_ACTIVE:\44071293\3\58399.0008

37.    No previous request for the relief sought herein has been made by the Plan

Administrator or the Chapter 11 Estates to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated:  August 14, 2012
        New York, New York

/s/ Robert J. Lemons
Robert J. Lemons

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

14

## **EXHIBIT A**

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 342: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT NOT SUBJECT TO THIS OBJECTION | |
|---|---|---|---|---|---|---|---|---|---|
| 1 BARICEVIC, JOANNA M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13425 | Undetermined | Undetermined | Undetermined | Priority | Undetermined |
| 2 BARICEVIC, JOANNA M. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/16/2009 | 13426 | $56,000.00 * | $56,000.00 | | Priority | Undetermined |
| 3 BRIER, BRUCE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/23/2009 | 34372 | $489,000.00 | $366,000.00 | | Priority Unsecured | $10,950.00 $112,050.00 $123,000.00 |
| 4 BROADBENT, WILLIAM | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/9/2009 | 65126 | $1,870,078.90 | $44,217.84 | | Unsecured | $1,825,861.06 |
| 5 COVEY, DAVID J. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 19815 | $626,992.88 | $626,992.88 | | | None |
| 6 FILLER, RONALD H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/18/2009 | 18688 | Undetermined | Undetermined | | Priority | Undetermined |
| 7 HEALY, MICHAEL C | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 31874 | $18,119.85 | $18,119.85 | | | None |
| 8 HOWARD, NICHOLAS P. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 28279 | $3,247,606.03 | $512,226.03 | | Priority | $2,735,380.00 |
| 9 JENDRUSIAK, KARINA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/11/2009 | 7998 | Undetermined | Undetermined | | Priority | Undetermined |
| 10 KEY, TIMOTHY | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 1/7/2009 | 1616 | $269,105.00 | $269,105.00 | | | None |
| 11 KIERAN, MICHAEL DENNIS | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 25502 | $110,000.00 | $110,000.00 | | | None |
| 12 MARSHALL, NIKKI A. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/21/2009 | 23724 | $77,286.68 | Undetermined | $77,286.68 | | None |
| 13 MCCARTHY,ROBERT E. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/4/2009 | 10413 | $208,000.00 | $203,000.00 | | Unsecured | $5,000.00 |
| 14 SALVATORE, JULIANNE | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/8/2009 | 10633 | $776,889.00 | $112,959.00 | | Unsecured | $663,930.00 |

* - Indicates claim contains unliquidated and/or undetermined amounts

**IN RE: LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**
**OMNIBUS OBJECTION 342: EXHIBIT A - EMPLOYMENT-RELATED CLAIMS**

| NAME | CASE NUMBER | DEBTOR NAME | FILED DATE | CLAIM # | ASSERTED TOTAL CLAIM DOLLARS | AMOUNT TO BE DISALLOWED | AMOUNT TO BE RECLASSIFIED AS EQUITY INTEREST | AMOUNT NOT SUBJECT TO THIS OBJECTION | |
|---|---|---|---|---|---|---|---|---|---|
| 15 SINER, JASON | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 11/6/2008 | 534 | $111,546.99 | $96,712.44 | | Unsecured | $14,834.55 |
| 16 STATHATOS, ELEFTERIA | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 30358 | Undetermined | Undetermined | | | None |
| 17 STONE, DEBRA L. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 9/22/2009 | 27931 | $16,334.00 | $16,334.00 | | | None |
| 18 THAI,THANH H. | 08-13555 (JMP) | Lehman Brothers Holdings Inc. | 8/18/2009 | 8619 | $547,903.86 | $547,903.86 | | | None |
| | | | | Total | $8,424,863.19 | $2,979,570.90 | $77,286.68 | | $5,368,005.61 |

\* - Indicates claim contains unliquidated and/or undetermined amounts

**EXHIBIT B**

EXHIBIT B TO OMNIBUS OBJECTION 342 (EMPLOYMENT RELATED CLAIMS): BASIS FOR OBJECTIONS AS TO EACH CLAIM

| Claimant Name | Claim # | No Liability Partnership Claims | Bonus Claims | Non-Debtor Employee Claims | Deferred Compensation Claims | 401(k) Claims | Pension Claims | Stock Claims |
|---|---|---|---|---|---|---|---|---|
| BARICEVIC, JOANNA M. | 13425 | | | X | | X | | X |
| BARICEVIC, JOANNA M. | 13426 | | | X | | | | |
| BRIER, BRUCE | 34372 | | | | X | | | |
| BROADBENT, WILLIAM | 65126 | X | | | | | X | |
| COVEY, DAVID J. | 19815 | | | X | | | | |
| FILLER, RONALD H. | 18688 | X | | | | | | |
| HEALY, MICHAEL C | 31874 | | | X | | | | |
| HOWARD, NICHOLAS P. | 28279 | X | | X | | | | |
| JENDRUSIAK, KARINA | 7998 | | | X | | | X | |
| KEY, TIMOTHY | 1616 | | | X | | | | |
| KIERAN, MICHAEL DENNIS | 25502 | | X | | | | | |
| MARSHALL, NIKKI A. | 23724 | | | X | | | | X |
| MCCARTHY, ROBERT E. | 10413 | | | | | | X | |
| SALVATORE, JULIANNE | 10633 | | | X | | | | |
| SINER, JASON | 534 | | | X | | | | |
| STATHATOS, ELEFTERIA | 30358 | X | | | | | | |
| STONE, DEBRA L. | 27931 | | X | | | | | |
| THAI, THANH H. | 8619 | | | X | | | | |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re                                                   :        Chapter 11 Case No.
                                                        :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                :        08-13555 (JMP)
                                                        :
                          Debtors.                      :        (Jointly Administered)
-------------------------------------------------------------------x

**ORDER GRANTING THE
THREE HUNDRED FORTY-SECOND OMNIBUS
OBJECTION TO CLAIMS (EMPLOYMENT-RELATED CLAIMS)**

Upon the three hundred forty-second omnibus objection to claims, dated August

14, 2012 (the "Three Hundred Forty-Second Omnibus Objection to Claims"),[1] of Lehman

Brothers Holdings Inc., as Plan Administrator under the Modified Third Amended Joint Chapter

11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, pursuant to section 502(b)

of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules

of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [ECF No. 6664], seeking disallowance and expungement of the

Employment-Related Claims to the extent that they assert claims for which LBHI has no liability

or seeking to reclassify certain of the Employment-Related Claims as common equity interests,

all as more fully described in the Three Hundred Forty-Second Omnibus Objection to Claims;

and due and proper notice of the Three Hundred Forty-Second Omnibus Objection to Claims

having been provided, and it appearing that no other or further notice need be provided; and the

Court having found and determined that the relief requested in the Three Hundred Forty-Second

Omnibus Objection to Claims is in the best interests of the Chapter 11 Estates, their creditors,

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Forty-Second
Omnibus Objection to Claims.

US_ACTIVE:\44071293\3\58399.0008

and all parties in interest and that the legal and factual bases set forth in the Three Hundred

Forty-Second Omnibus Objection to Claims establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Forty-Second Omnibus

Objection to Claims is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the portions

of the claims listed on Exhibit 1 annexed hereto under the heading "*Amount to be Disallowed*"

are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that the portions of the claims listed on Exhibit 1 annexed hereto

under the heading "*Amount to be Reclassified as Equity Interest*" have the same priority as, and

no greater priority than, common stock interests in LBHI; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of, and all rights to object and defend on any basis are

expressly reserved with respect to any claim or portion of any claim listed on Exhibit A annexed

to the Three Hundred Forty-Second Omnibus Objection to Claims that does not appear on

Exhibit 1 annexed hereto; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

Dated: _____, 2012
　　　　New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE