HURON CONSULTING GROUP
Tax Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
                                                            :
**In re**                                                   :          **Chapter 11**
                                                            :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :          **(Jointly Administered)**
**Debtors.**                                                :
                                                            :
------------------------------------------------------------- x

**SUMMARY SHEET PURSUANT TO UNITED STATES TRUSTEE GUIDELINES
FOR REVIEWING APPLICATIONS FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES FILED UNDER 11 U.S.C. §§ 330 AND 331**

FINAL APPLICATION

| | |
|---|---|
| **NAME OF APPLICANT:** | Huron Consulting Group |
| **TIME PERIOD:** | January 26, 2009 through and including January 31, 2010 |
| **ROLE IN THE CASE:** | Tax Services Provider to the Debtors |
| **FINAL APPLICATION:** | Total Fees Requested: $ 1,951,042.89 |
| | Total Expenses Requested: $133,895.87 |
| **PRIOR APPLICATIONS:** | First Interim Fee App filed August 13, 2009 |
| | Second Interim Fee App filed December 15, 2009 |
| | Third Interim Fee App filed April 16, 2010 |

1

SUMMARY OF FEES AND EXPENSES REQUESTED BY THIS FINAL APPLICATION

| Category | Amount |
|---|---|
| Total Fees Requested in Interim Fee Applications | 2,070,238.20 |
| Less:  Reductions based on review by Fee Committee | 119,195.31 |
| Total Fees previously awarded (Dockets #5274, #8211 & #11237) | 1,951,042.89 |
| Total Fees Requested to be Approved in Final Application | **$ 1,951,042.89** |

| Category | Amount |
|---|---|
| Total Expenses Requested in Interim Fee Applications | 241,200.92 |
| Less:  Reductions based on review by Fee Committee | 107,305.05 |
| Total Expenses previously awarded (Dockets #5274, #8211 & #11237) | 133,895.87 |
| Total Expenses Requested to be Approved in Final Application | **$ 133,895.87** |

HURON CONSULTING GROUP
Tax Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                     :
**In re**                                 :               **Chapter 11**
                                       :               **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,* :               **(Jointly Administered)**
**Debtors.**                                :
                                       :
-------------------------------------------------------------x

**FINAL FEE APPLICATION OF HURON CONSULTING GROUP FOR**
**COMPENSATION FOR PROFESSIONAL SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD JANUARY 26, 2009 THROUGH JANUARY 31, 2010**

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

        Huron Consulting Group ("Huron" or the "Firm"), consultants to Lehman Brothers

Holdings Inc. ("LBHI") and its subsidiaries that are debtors and debtors in possession in these

proceedings (collectively, the "Debtors" ), for its final application (the "Application"), pursuant to

sections 330(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code") and Rule

2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for final allowance of

compensation for professional services performed by Huron during the period commencing January

26, 2009, through and including January 31, 2010 (the "Final Compensation Period"), and for

reimbursement of its actual and necessary expenses incurred during the Compensation Period,

Huron respectfully represents:

## Background

1.      Commencing on September 15, 2008 and periodically thereafter (as applicable, the "Commencement Date"), the Debtors commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2.      On September 17, 2008, the United States Trustee for the Southern District of New York (the "U.S. Trustee") appointed a statutory committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").

3.      On January 19, 2009, the U.S. Trustee appointed Anton R. Valukas as examiner in the above-captioned chapter 11 cases (the "Examiner") and by Order, dated January 20, 2009 [Docket No. 2583] the Court approved the U.S. Trustee's appointment of the Examiner.

4.      On January 25, 2009, the Court entered the Third Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2106(a) Establishing procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (Docket No. 4165).  On April 14, 2009, the Court entered the Fourth amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2106(a) Establishing procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (Docket No. 15997).

5.      On May 26, 2009, the Court entered an order appointing a fee committee (the "Fee Committee") and approving a fee protocol (the "Fee Protocol"). After a hearing on August 5, 2009, and upon the recommendation of the Fee Committee, on August, 13, 2009, the Court entered

4

an order approving the First Huron Application (the "First Interim Order").

6.      On February 8, 2010, the Examiner filed with the Court under seal the Report of Examiner Anton R. Valukas (the "Report"), pursuant to the Court's Order Authorizing the Examiner to File the Examiner's Report Under Seal (Docket No. 7024). On March 11, 2010, the Examiner publicly filed a partially redacted version of the Report, (Docket No. 7531), and substituted an unredacted version of the Report with the Court under seal pursuant to the Bankruptcy Court's Order dated march 11, 2010 (Docket 7530). On April 14, 2010, the Examiner filed an unredacted version of Volume 5 of the Report. (Docket No. 8307).

7.      On September 1, 2011, the Debtors filed a third amended joint chapter 11 plan (the 'Plan") and disclosure statement (Dockets Nos. 19627 and 19629). The Plan was subsequently modified and on December 6, 2011, the Court entered an order (Docket No. 23023) confirming the Modified third amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (Docket No. 22737) for the entities in the above referenced chapter 11 cases. The Plan became effective on March 6, 2012 and initial distributions began April 17, 2012.

## Jurisdiction

8.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Lehman's Business

9.      Prior to the events leading up to these chapter 11 cases, Lehman was the fourth largest investment bank in the United States. For more than 150 years, Lehman has been a leader in the global financial markets by serving the financial needs of corporations, governmental units, institutional clients and individuals worldwide.

10.     Additional information regarding the Debtors' businesses, capital

structures, and the circumstances leading to the commencement of these chapter 11 cases is contained in the Affidavit of Ian T. Lowitt Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York in Support of First-Day Motions and Applications, filed on September 15, 2008 [Docket No. 2].

### Retention of Huron Consulting

11.    By an order dated March 12, 2009 (the "Retention Order"), the Court approved the application dated February 23, 2009 filed by the Debtors seeking authorization pursuant to section 327(a) and 328(a) of the Bankruptcy Code *nunc pro tunc* to January 23, 2009 to employ Huron as Tax Services Providers (the "Retention Application"). These matters are more fully described in the Declaration of Robert J. Pawlak, a managing director of Huron, sworn to February 23, 2009 and in accordance with the terms and conditions set forth in the agreements between the Debtors and Huron, including without limitations, the provisions described in the engagement letter, dated as of December 17, 2008 (the "Engagement Letter"), as modified by paragraph 21 of the Pawlak Declaration.

### Summary of Requested Professional Compensation
### And Reimbursement of Expenses

12.    This Application has been prepared in accordance with (a) the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), (b) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), and (c) the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals entered by the Court on March 13, 2009 (the "Interim

Compensation Order" and, collectively with the Local Guidelines and the UST Guidelines, the "Guidelines").

13.     On August 13, 2009, Huron submitted its First Application for Interim Allowance of compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From January 26, 2009 through May 31, 2009 (the "First Huron Application").

14.     On December 15, 2009, Huron submitted its Second Application for Interim Allowance of compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From June 1, 2009 through September 30, 2009 (the "Second Huron Application").

15.     On April 16, 2010, Huron submitted its Third Application for Interim Allowance of compensation for Professional Services Rendered and Reimbursement of Actual and Necessary Expenses Incurred From October 1, 2009 through January 31, 2010 (the "Third Huron Application").

16.     This Application is Huron's final application for compensation and reimbursement of expenses in these chapter 11 cases.  By this Application, Huron seeks a final allowance in full of compensation for professional services rendered to the Debtors during the Compensation Period, in the aggregate amount of $1,951,042.89, and for reimbursement of actual, necessary expenses incurred in connection with such services in the aggregate amount of $133,895.87.  During the Final Compensation Period, Huron expended a total of 13,665.3 hours for which compensation is sought.  These fees have been paid already in full to Huron, pursuant to this Court's Order entered September 9, 2010 (Docket #11237), and therefore no actual further payment of fees or expenses is sought through this Final Application.

12.     During the Final Compensation Period, other than pursuant to the Interim

7

Compensation Order, Huron has received no payment and no promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. Except as set forth in the Pawlak Declaration, Huron has not shared or agreed to share any of its compensation in connection with this matter with any other person, as permitted by section 504 of the Bankruptcy Code.

13.     The compensation arrangements provided for in the Engagement Letter are consistent with and typical of arrangements entered into by Huron and other tax firms with respect to rendering comparable services for clients similar to the Debtors, both in and outside of bankruptcy.  Considering the Services that Huron would provide, and the market prices for Huron's services, the Debtors submitted that the Fee Structure (including reasonable reimbursements) is reasonable under the standards set forth in section 328(a) of the Bankruptcy Code and fulfills the requirements of Rule 2014-1 of the Local Rules.

15.     Pursuant to the UST Guidelines, annexed hereto as Exhibit A is a schedule setting forth all Huron professionals who have performed services in these chapter 11 cases during the Compensation Period, their title and the total number of hours worked.

16.     Pursuant to the Local Guidelines, a certification regarding compliance with the same is annexed hereto as Exhibit B.

17.     Annexed hereto as Exhibit C is a schedule specifying the categories of actual, necessary expenses for which Huron is seeking reimbursement and the total amount for each such expense category.  Pursuant to prior agreements with the Debtor, the expenses include daily per diem charges for meal.  Although not used very often, per diems are allowable in the bankruptcy court because by definition, per diems represent reasonable and necessary costs as defined by IRS regulations (See Internal Revenue Service Revenue Procedure 2008-59 provides rules under which the amount of ordinary and necessary business expenses of an

employee for meal and incidental expenses, incurred while traveling away from home are

deemed substantiated under § 1.275-5 of the Income Tax Regulations when a payor (the

employer, its agent, or a third party) provides a per diem allowance under a reimbursement or

other expense allowance arrangement to pay for the expense.  As a result of the number of

consultants engaged on the Lehman case, and to simplify record keeping, Huron chose to utilize

this method for addressing the travel away from home meal and incidental expenses.  The

Lehman estate will benefit from this arrangement, because the per diem allowance of $49 per

day for all meals and incidentals is less than the local practice in the Southern District of New

York for which a limit of $50 an evening meal is considered within the reasonable range.

Huron's application of the per diem procedure identifies each specific consultant to whom

Huron paid a per diem and the date for which the per diem was paid.  This practice constitutes

compliance with the fee procedures.

18.    Pursuant to the UST Guidelines, annexed hereto as Exhibit D is a summary of

the number of hours and amounts billed by Huron during the Compensation Period, organized by

task.  Huron maintains detailed, computerized records of the time spent by all Huron professionals in

connection with the Debtors' chapter 11 cases.  The Court is respectfully referred to Huron's prior

fee applications for the detailed records of all work performed and all expenses incurred during the

Compensation Period.

## **Summary of Services**

20.    The Debtors sought and received the Court's approval to retain Huron

because Huron is a respected and experienced consulting services firm, well recognized in the

fields of tax and bankruptcy and is frequently engaged by companies that have chapter 11 cases

pending in United States bankruptcy courts. The Debtors understood that Huron possessed

extensive tax expertise useful in these cases, and that Huron was well-qualified to advise the

Debtors. Furthermore, the Debtors selected Huron because of their expertise in providing services

to debtors and creditors in chapter 11 and other distressed situations. *See e.g., In re The 1031 Tax*

*Group, LLC,* Case No. 07-11448 (MG) (Bankr. S.D.N.Y. July 3, 2007) [Doc. No. 334]; *In re*

*Delta Air Lines, Inc., et al.,* Case No. 05-17923 (ASA) (Bankr. S.D.N.Y. Jan. 23, 2007) [Doc. No.

4234]; *In re Northwest Airlines Corporation, et al.,* Case No. 05-17930 (ALG) (Bankr. S.D.N.Y.

Oct. 27, 2005) [Doc. No. 822]; *In re The Delaco Company,* Case No. 04-10899 (CB) (Bankr.

S.D.N.Y. Mar. 3, 2004) [Doc. No. 48]; *In re Global Crossing Ltd., et at.,* Case No. 02-40187

(REG) (Bankr. S.D.N.Y. July 15, 2002) [Doc. No. 1446].

      21.    Furthermore, Huron has indicated a desire and willingness to act in these

chapter 11 cases and render the necessary professional services as tax services providers for the

Debtors, on the terms set forth in the Engagement Letter and described herein, and to subject

itself to the jurisdiction of the Court.

      22.    By the Retention Order, the Debtors received the Court's approval to retain

Huron as Tax Services Providers to LBHI pursuant to section 327(a) and 328(a)of the Bankruptcy

Code, *nunc pro tunc* to the January 23, 2009 to perform certain tax services, all as more fully

described in the Declaration of Robert J Pawlak, a managing director of Huron, sworn February 23,

2009, and in accordance with the terms and conditions set forth in the agreements between the

Debtors and Huron, including without limitations, the provisions described in the engagement letter,

dated as of December 17, 2008.

      23.    During this compensation period, Huron personnel assisted the management

of Lehman Brothers Holding Incorporated (LBHI) and Alvarez and Marsal (A&M) with the

preparation and processing of the 2008 International tax returns, Forms 5471, 8858, and 8865.  The

preparation of these forms is required to be filed by the Internal Revenue Service.

24.    These professional services included meetings and training with the Lehman management team to provide an orderly transition of the International tax compliance responsibilities to the Huron tax group.  This transition included a thorough review of prior year returns and work papers, the completion of training on Lehman systems, and the development of a 2008 work paper standardization and process.  In addition, there were meetings and discussions with the Lehman Tax Management team to discuss International tax transactions, 482 Transfer Pricing, and Tax Compliance Strategies.  Also, the Huron Managing Tax Director accompanied Lehman Management on a trip to Asia for meetings with Controlled Foreign Corporation entities for meetings in order to gather information necessary for the complete and accurate filings of these International tax returns.   During this period, the Huron tax team initiated the preparation and review of the International tax returns, Forms 5471, 8858, and 8865.  It was estimated there were 800-plus Lehman Brothers  International tax returns that were to  be completed by the September 15 due date.  There were 129 returns completed through the end of May, 2009.

26.    The foregoing professional services performed by Huron were necessary and appropriate to the administration of the Debtors' chapter 11 cases. These services were in the best interests of the Debtors and other parties in interest. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The services were performed in an efficient manner.

27.    The professional services performed by Huron on behalf of the Debtors during the Compensation Period required an aggregate expenditure of 13,598.2 recorded hours by Huron's professionals. During the Compensation Period, Huron billed the Debtors for time expended by professionals based on a blended hourly rate of $143.48 per hour.

28.    As set forth in Exhibit C hereto, Huron incurred or disbursed $241,200.92 in

11

expenses in providing professional services to the Debtors during the Final Compensation Period.

After applying reductions pursuant to the Examiner's Report, the approved expenses total

$133,895.87. These expense amounts are intended to cover direct operating costs, which costs are

not incorporated into the Huron's hourly billing rates.

## The Requested Compensation and Expense Reimbursement Should be Allowed

29.    Section 331 of the Bankruptcy Code provides for compensation of

professionals and incorporates the substantive standards of section 330 to govern the Court's award

of such compensation. 11 U.S.C. § 331. Section 330 provides that a court may award a professional

employed under section 327 of the Bankruptcy Code reasonable compensation for "actual necessary

services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded,
> the court should consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or
> beneficial at the time at which the service was rendered toward the
> completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time
> commensurate with the complexity, importance, and nature of the problem,
> issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary
> compensation charged by comparably skilled practitioners in cases other
> than cases under this title.

30.    In the instant case, Huron respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Application were necessary for and beneficial to the orderly administration of the Debtors' estates. Such services and expenditures were necessary to and in the best interests of the Debtors' estates and creditors. Huron further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.

31.    In sum, approval of the compensation for professional services and reimbursement of expenses sought herein is warranted.

32.    Without conceding that a Final Fee application is required, and without waiving the right to argue that one is in fact not required, Huron submits this application for final approval of the fees already approved by this Court and paid by the Debtors pursuant to Huron's First, Second and Third Interim Fee Applications.  Huron submits this Final Fee Application to ensure finality of the Court's Order, Docket No. 11237, and to comply with the request of the Fee Review Committee serving in this case.

**<u>Conclusion</u>**

WHEREFORE Huron respectfully requests (i) a final allowance of compensation for professional services rendered during the Compensation Period in the amount of $1,951,042.89 and reimbursement of actual and necessary expenses Huron incurred during the Compensation Period in the amount of $133,895.87; and (ii) such other and further relief as is just.

Dated:  August 14, 2012
New York, New York

_____
          James M. Lukenda, CIRA
          Managing Director
          Huron Consulting Group
          1120 Avenue of the Americas, 8th Floor
          New York, New York 10036-6700
          DD 646-277-2207
          jlukenda@huronconsultinggroup.com

## <u>INDEX OF EXHIBITS</u>

| | |
|---|---|
| Exhibit A | Schedule of Professionals & Task Codes |
| Exhibit B | Certification of James Lukenda |
| Exhibit C | Schedule of Expenses |
| Exhibit D | Detail of Services by Work Code |

**EXHIBIT A**

SUMMARY OF PROFESSIONALS AND TOTAL HOURS WORKED BY

HURON CONSULTING GROUP

COMMENCING JANUARY 26, 2009 THROUGH JANUARY 31, 2010

| Professional | Title | Total Hours |
|---|---|---|
| Barissi, Barbara A. | Director | 1539.3 |
| Barissi, Matthew V. | Manager | 120.5 |
| Billings-Middleton, Brenda L. | Manager | 1084.5 |
| Blair, Leslie C. | Manager | 992.4 |
| de Souza-Lawrence, Pauline | Director | 278.05 |
| Duncan, Dixie | Manager | 198 |
| Fourt, Ann | Manager | 1701.96 |
| Joyce, Tom | International Tax Director | 340.75 |
| Lukenda, James | Managing Director | 15.85 |
| O'Neil, Jacqueline M. | Managing Director | 1019.5 |
| Pawlak, Robert J. | Managing Director | 20.05 |
| Pervanger, Dorothy | Manager | 929.2 |
| Ruehle, Tim | Director | 1294.4 |
| Shellhammer, Jennifer | Manager | 941.9 |
| Underwood, Edan | Manager | 1624.3 |
| Wakerley, Scott | Manager | 775.5 |
| Zographos, Frances | Manager | 722.1 |
| | | 13598.26 |

## EXHIBIT B

HURON CONSULTING GROUP
Tax Services Providers
1120 Avenue of the Americas, 8th Floor
New York, New York 10036

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                        :
**In re**                                    :          **Chapter 11**
                                                        :          **Case No. 08-13555**
**LEHMAN BROTHERS HOLDINGS INC.,** *et al.,*  :          **(Jointly Administered)**
**Debtors.**                                 :
                                                        :
------------------------------------------------------------ x

### CERTIFICATION UNDER UNITED STATES TRUSTEE GUIDELINES IN RESPECT OF FINAL APPLICATION OF HURON CONSULTING GROUP FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

I, James M. Lukenda, CIRA, hereby certify that:

I.      I am a managing director with the applicant firm, Huron Consulting Group

("Huron"), and am the professional who has succeeded to the responsibility for compliance with the

Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New

York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United

States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of

Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines") and

the Second Amended Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code and

Bankruptcy Rule 2016(a) Establishing Procedures for Interim Monthly Compensation and

Reimbursement of Expenses of Professionals entered by the Court on March 13, 2009 (the "Interim

Compensation Order", and collectively with the Local Guidelines and UST Guidelines, the

"Guidelines") in the chapter 11 cases of Lehman Brothers Holdings Inc. and its subsidiaries that are

debtors and debtors in possession in these proceedings (collectively, the "Debtors").

17

II.      This certification is made in respect of Huron's final application, dated, August 14, 2012 (the "<u>Application</u>"), for final compensation and reimbursement of expenses for the period commencing January 26, 2009 through and including January 31, 2010 (the "<u>Compensation Period</u>") in accordance with the Local Guidelines.

III.     In respect of section B.1 of the Local Guidelines, I certify that:

      a.      I have read the Application;

      b.      to the best of my knowledge, information and belief formed after reasonable inquiry, the fees and expense reimbursements sought fall within the Guidelines;

      c.      the fees sought are billed at rates not exceeding those customarily charged by Huron and generally accepted by Huron's clients;

      d.      the reimbursement of expenses is provided at cost and Huron does not make a profit on expenses;

      e.      The total fees and expense reimbursements sought are reflective of the adjustments and credits as negotiated with the Fee Committee;  and

IV.      In respect of section B.2 of the Local Guidelines and as required by the Interim Compensation Order, I am not aware of any instance of non-compliance with those provisions requiring Huron to provide Weil, Gotshal & Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases and the United States Trustee for the Southern District of New York, on a monthly basis, a statement of Huron's fees and expenses accrued during the previous month.

V.      Although the Debtors have not reviewed this Application, they have reviewed Huron's monthly statements of fees and expenses, to which, after review, negotiation in some instances, and adjustment as agreed, there have been no objections, and approved the amounts

requested.

VI.      In respect of section B.3 of the Local Guidelines, I certify that Weil, Gotshal &

Manges LLP, the Debtors, counsel for the statutory committee of unsecured creditors and the

United States Trustee for the Southern District of New York are each being provided with a copy

of the Application.


New York, New York
Dated: August 14, 2012

_____

_____

                    James M. Lukenda, CIRA
                    Managing Director
                    Huron Consulting Group
                    1120 Avenue of the Americas, 8th Floor
                    New York, New York 10036-6700
                    DD 646-277-2207
                    jlukenda@huronconsultinggroup.com

**EXHIBIT C**

ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY

HURON CONSULTING GROUP

COMMENCING JANUARY 26, 2009 THROUGH JANUARY 31, 2010

| Expense Category | | Total Amount |
|---|---|---|
| Airfare | | $35,711.26 |
| Hotel/Lodging | | $128,722.01 |
| Other | | $3,213.75 |
| Business Meals | | $28,384.16 |
| Local Transportation | | $16,373.68 |
| Gathering Breakdown | | $526.56 |
| Ground Transportation | | $15,942.25 |
| Per Diem Meals | | $4,577.73 |
| Mileage | | $565.40 |
| Parking | | $466.83 |
| Travel Meals | | $6,717.29 |
| | Less Adjustments | -$107,305.05 |
| | Total Expense Award | $133,895.87 |

**EXHIBIT D**

DETAIL OF SERVICES BY WORK CODE

FOR SERVICES RENDERED COMMENCING JANUARY 26, 2009 THROUGH JANUARY 31, 2010

| Task Code Description | Total Hours |
|---|---|
| Project Planning | 1705.25 |
| Quality Control | 41.8 |
| International Tax Planning | 783.42 |
| Client Meetings | 775.25 |
| Review PY Returns/work papers | 342.5 |
| E&P analysis | 594.8 |
| Compliance Preparation | 4029.25 |
| Compliance Preparation - A&M | 301.4 |
| Compliance Preparation - PwC | 49.6 |
| Compliance Review | 1752.9 |
| Compliance Review - A&M | 136.4 |
| Compliance Review - PwC | 12.4 |
| Compliance Review - KPMG | 2.5 |
| Compliance Review - Other | 4 |
| Compliance Review - Unknown | 5.7 |
| Other | 1549.97 |
| IT Issues | 545.07 |
| General Case Administration | 377.3 |
| Travel time - Billable | 588.75 |
| | 13598.26 |