UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :    08-13555 (JMP)
                                                   :
       Debtors.                                    :    (Jointly Administered)
----------------------------------------------------------------x
:
In re                                              :    Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS INC.,                              :    08-01420 (JMP) (SIPA)
                                                   :
       Debtor.                                     :
----------------------------------------------------------------x

### SECOND STIPULATION AND AGREED ORDER WAIVING CERTAIN NOTICE REQUIREMENT PURSUANT TO ORDER APPROVING THE COLLATERAL DISPOSITION AGREEMENT

Lehman Brothers Holdings Inc. ("LBHI"), as Plan Administrator, under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors, and James W. Giddens, Trustee for the SIPA Liquidation ("SIPA Trustee") of Lehman Brothers Inc. ("LBI"), by and through their respective attorneys, hereby agree to this stipulation (the "Stipulation") as follows:

### RECITALS

A. On September 15, 2008, and periodically thereafter, LBHI and certain of its subsidiaries (the "Chapter 11 Estates") commenced voluntary cases under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

B. On September 19, 2008, a proceeding was commenced in the District Court for the Southern District of New York under the Securities Investor Protection Act of 1970, as amended ("SIPA"), with respect to LBI and the SIPA Trustee was to administer LBI's estate

(such proceeding, the "SIPA Proceeding"). The SIPA Proceeding was removed pursuant to SIPA § 78eee(b)(4) and is currently pending in the Bankruptcy Court.

C. On March 16, 2010, the Chapter 11 Estates and JPMorgan Chase Bank, N.A. and certain of its affiliates and subsidiaries (collectively, "JPMorgan") entered into the Collateral Disposition Agreement ("CDA") which was approved by the Bankruptcy Court on March 24, 2010 (the "CDA Order") [Docket No. 7785].[1]

D. Pursuant to the CDA, JPMorgan delivered certain securities that it held as collateral to LBHI in exchange for the provisional allowance of its claims. JPMorgan was also authorized to provisionally apply certain cash collateral it held against its claims against LBHI.

E. Paragraph 12 of the CDA Order provides the following notice to the SIPA Trustee (the "Notice Requirement") regarding the application of certain proceeds:

> If the Debtors dispose of any securities that constitute Securities Collateral (other than the disposition of Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway), prior to the application of the proceeds of such disposition to the Debtors' claims against LBI or the LBI estate, the Debtors shall provide the SIPA Trustee with twenty (20) days notice and opportunity to object to such application. The notice provided to the SIPA Trustee pursuant to the immediately preceding sentence shall identify the amount of the proceeds realized on the disposition of such Securities Collateral.

F. On December 6, 2011, the Bankruptcy Court approved and entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of the Debtors (the "Chapter 11 Plan") [Docket No. 23023]. The Chapter 11 Plan became effective on March 6, 2012.

G. On February 27, 2012, the Bankruptcy Court entered the *Stipulation and Agreed Order Waiving Certain Notice Requirement Pursuant to Order Approving the Collateral Disposition Agreement* [Docket No. 25828] whereby the SIPA Trustee waived the Notice

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the CDA.

Requirement for all applications of proceeds on or prior to the date of the first distribution by LBHI to its creditors under the Chapter 11 Plan (the "First Application of Proceeds").

## AGREEMENT

NOW THEREFORE, LBHI and the SIPA Trustee (the "Parties"), by and through their respective attorneys, hereby agree as follows:

1. The Notice Requirement in the CDA Order is hereby waived by the SIPA Trustee with respect to the application of proceeds from the disposition of any securities that constitute Securities Collateral (other than the disposition of Transferred Securities known as the LCPI vault securities, Pine, Spruce, Verano and Fenway) to LBHI's Subrogated Claims against LBI during the period following the First Application of Proceeds and on or before the date of the second distribution by LBHI to its creditors under the Chapter 11 Plan (the "Second Application of Proceeds"). Furthermore, the SIPA Trustee waives the Notice Requirement with respect to all subsequent applications of proceeds of notes issued by the RACERS 2007-7 MM Trust (the "RACERS 2007-7 MM Notes").

2. LBHI shall provide an accounting to the SIPA Trustee of the Second Application of Proceeds within twenty (20) days after the date of the second distribution by LBHI to its creditors under the Chapter 11 Plan. Furthermore, LBHI shall provide an accounting to the SIPA Trustee of any subsequent application of proceeds of the RACERS 2007-7 MM Notes within 20 days following the distribution of such applied proceeds by LBHI to its creditors under the Chapter 11 Plan.

3. The SIPA Trustee shall have the right to object with respect to each such post-application accounting, but only if the successful assertion of such objection, whether together with or independently of other objections to the respective amounts of other applications of proceeds to be heard contemporaneously with such objection, would result in the payment to

LBI of surplus proceeds after satisfaction of the Subrogated Claims against LBI or increase a surplus already determined to be owed by LBHI to LBI.

        4.      Except for the waiver of the Notice Requirement with respect to the Second Application of Proceeds and any subsequent application of proceeds of the RACERS 2007-7 MM Notes, nothing herein is intended, and this Stipulation shall not be construed, to impair any right, remedy or obligation of the SIPA Trustee or the Chapter 11 Estates, or the rights and remedies of the SIPA Trustee against Chapter 11 Estates, and the rights and remedies of the Chapter 11 Estates against the SIPA Trustee, shall not be prejudiced or otherwise impaired in any way by this Stipulation.

        5.      This Stipulation shall be binding upon and inure solely to the benefit of the Parties hereto and their respective successors and permitted assigns, including any subsequent trustee elected or appointed for the Chapter 11 Estates or LBI.

        6.      Nothing contained herein, express or implied, is intended to or shall confer upon any other person or entity any legal or equitable right, benefit, or remedy of any nature whatsoever under or by reason of this Stipulation.

        7.      No amendment, waiver, or modification of any provision of this Stipulation shall be effective unless the same shall be in writing and signed by the Parties.

        8.      This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

        9.      This Stipulation may be executed by facsimile or PDF signatures, and such facsimile or PDF signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier, or by mail.

10. This Stipulation shall be governed by and shall be interpreted in accordance with the laws of the State of New York, except to the extent that the Bankruptcy Code applies, without regard to principles of conflicts of laws that would require the application of laws of another jurisdiction.

Dated: August 2, 2012
New York, New York

| **CURTIS, MALLET-PREVOST, COLT & MOSLE LLP** | **HUGHES HUBBARD & REED LLP** |
|---|---|
| By: */s/ L. P. Harrison 3rd* <br> Joseph D. Pizzurro <br> L. P. Harrison 3rd <br> Dienna Ching <br> 101 Park Avenue <br> New York, New York 10178-0061 <br> Telephone: (212) 696-6000 <br> Facsimile: (212) 697-1559 <br><br> *Counsel for Lehman Brothers Holdings Inc. and Certain of Its Affiliates* | By: */s/ Jeffrey M. Greilsheimer* <br> James B. Kobak, Jr. <br> Jeffrey M. Greilsheimer <br> One Battery Park Plaza <br> New York, New York 10004 <br> Telephone: (212) 837-6000 <br> Facsimile: (212) 422-4726 <br><br> -and- <br><br> Kenneth E. Lee <br> **LEVINE LEE LLP** <br> 570 Lexington Avenue <br> New York, New York <br> Telephone: (212) 223-4400 <br> Facsimile: (212) 223-4425 <br> E-mail: klee@levinelee.com <br><br> *Attorneys for James W. Giddens, Trustee for the SIPA Liquidation of Lehman Brothers Inc.* |

**SO ORDERED:**

Dated: New York, New York
August 15, 2012

*s/ James M. Peck*
HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE