Date:  August 4, 2012

To:

1) The Chambers of the Honorable James M. Peck
   Court room #601
   One Bowling Green
   New York, NY 10004

2) Weil, Gotshal, & Manges, LLP
   Attorneys for Lehman Brothers Holdings, Inc.
   Attn: Jacgueline Marcus, Esq. and Candace Aurthur, Esq.
   767 Fifth Avenue
   New York, NY 10153

3) The Office of the United States Trustee for Region 2
   Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.
   33 Whitehall Street, Floor 21
   New York, NY 10004

Reference: Lehman Brothers Holdings, Inc. Chapter 11 Case No. 08-13555 (JMP) – Response to the
"Three Hundred Twentieth Omnibus Objection to Claims (No Liability LB Rose Ranch, LLC Claims)", LB
Rose Ranch, LLC Case No. 09-10560 (JMP), Claim #24572, Claim Holder's Names: Richard Condon &
Rosemary Knox, Claim Title: "Membership Agreement Claims" – Security Deposit, Claim Amount:
$35,000.00

To The Parties listed above:

Lehman Brothers Holdings, Inc. claims that we, Richard A. Condon and Rosemary Knox, are not entitled
to a refund of our security deposit because we have not terminated our membership. Our claim (copy
attached) was filed after the "Bankruptcy" was filed, with the intent that if we did not file a claim, we
would lose our right to a refund of our security deposit after the "Bankruptcy" was settled. Our
intention was to continue to be Members, pay our monthly dues, and remain Members in good standing
until the "Bankruptcy" and claim were settled. If the security deposit is rewarded and returned through
the claim process, we understand that the membership will terminate immediately. If the claim is not
rewarded, our intentions are to continue with the membership intact. We certainly do not want to lose
both the membership and the security deposit monies which purchased that membership. Thank you
for your consideration.

Sincerely,

*Richard A. Condon*    *Rosemary Knox*

Richard A. Condon & Rosemary Knox
P.O. Box 2084
Basalt, CO 81621
Phone & Fax: (970)704-0497
E-mail: rcondon@sopris.net

RECEIVED
AUG - 7 2012
U.S. BANKRUPTCY COURT, SDNY
JMP

| *United, States Bankruptcy Court/Southern District of New York* | | **PROOF OF CLAIM** |
|---|---|---|

Lehman Brothers Holdings Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
FDR Station, P.O. Box 5076
New York, NY 10150-5076

| In Re: Lehman Brothers Holdings Inc., et al. Debtors. | Chapter 11 Case No. 08-13555 (JMP) (Jointly Administered) | UNIQUE IDENTIFICATION NUMBER: 560000720 |
|---|---|---|
| Name of Debtor Against Which Claim is Held **LB ROSE RANCH LLC** | Case No of Debtor **09-10560 (JMP)** | Filed: USBC - Southern District of New York Lehman Brothers Holdings Inc., Et Al. 08-13555 (JMP)    0000024572 |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503. Additionally, this form should not be used to make a claim for Lehman Programs Securities (See definition on reverse side.)

**NOTICE OF SCHEDULED CLAIM:**
Your Claim is scheduled by the indicated Debtor as:

| Name and address of Creditor: (and name and address where notices should be sent if different from Creditor) | ☐ Check this box to indicate that this claim amends a previously filed claim. | |
|---|---|---|
| LBH (MERGE2.DBF,SCHED_NO) SCHEDULE #: 560000720***** CONDON, RICHARD & KNOX, ROSEMARY MS. ROSEMARY KNOX PO BOX 2084 BASALT, CO 81621 | **Court Claim Number:** _____ *(If known)* Filed on: _____ | $35,000.00 UNSECURED **DESCRIPTION:** REFUNDABLE MEMBERSHIP - GENERAL |

| Telephone number: | Email Address: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
|---|---|---|
| Name and address where payment should be sent (if different from above) | | ☐ Check this box if you are the debtor or trustee in this case. |
| Telephone number: | Email Address: | |

**1. Amount of Claim as of Date Case Filed: $ 35,000.00**

If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
If all or part of your claim is entitled to priority, complete Item 5.
If all or part of your claim qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9), complete Item 6.

☐ Check this box if all or part of your claim is based on a Derivative Contract.*
☐ Check this box if all or part of your claim is based on a Guarantee.*

*IF YOUR CLAIM IS BASED ON AMOUNTS OWED PURSUANT TO EITHER A DERIVATIVE CONTRACT OR A GUARANTEE OF A DEBTOR, YOU MUST ALSO GO TO http://www.lehman-claims.com AND FOLLOW THE DIRECTIONS TO COMPLETE THE APPLICABLE QUESTIONNAIRE AND UPLOAD SUPPORTING DOCUMENTATION OR YOUR CLAIM WILL BE DISALLOWED.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges. Attach itemized statement of interest or charges to this form or on http://www.lehman-claims.com if claim is a based on a Derivative Contract or Guarantee.

**2. Basis for Claim: Refundable Membership (Agreement attached)**
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor: 0560 (Case No. above)**
3a. Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe: _____
Value of Property: $_____ Annual Interest Rate _____%
Amount of arrearage and other charges as of time case filed included in secured claim, if any:
$_____ Basis for perfection: _____
Amount of Secured Claim: $_____ Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries or commissions (up to $10,950), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
☐ Up to $2,425 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(____).

Amount entitled to priority:
$_____

**6. Amount of Claim that qualifies as an Administrative Expense under 11 U.S.C. §503(b)(9): $_____**
(See instruction #6 on reverse side.)

**7. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.
**8. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. Attach redacted copies of documents providing evidence of perfection of a security interest. *(See definition of "redacted" on reverse side.)* If the documents are voluminous, attach a summary.
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

FILED / RECEIVED
SEP 21 2009
EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date: **9/18/09** | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. *Richard A. Condon Rosemary Knox* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# IRONBRIDGE

## THE CLUB AT IRONBRIDGE

## GOLF MEMBERSHIP AGREEMENT

i

## I.    INFORMATION

### PERSONAL

Applicant's Name   Richard A. Condon

Social Security Number   ████████   Birth Date   10/1/59

Spouse's Name   Rosemary Knox   Birth Date   4/10/54

Social Security Number   ████████   Anniversary Date   7/13/96

Local Address   0800 Upper Cattle Creek Road

Out of Town Address

Billing Address   P.O. Box 2084   Basalt CO 81621

Club Communications
Address   above

Telephone:
Local Residence   (970) 704 0497

Telephone:
Out of Town   (    )

E-Mail Address   rosemaryk@sopris.net

Fax Number   (970) 704 0497

Unmarried children under the age of 25:

| Name | Birth Date | Charge Privileges | |
|------|-----------|------|------|
| _____ | _____ | Yes ❑ | No ❑ |
| _____ | _____ | Yes ❑ | No ❑ |
| _____ | _____ | Yes ❑ | No ❑ |

Extended family members: Includes the parents, children age 25 and over or married, grandparents, and grandchildren of the member and spouse and their respective spouses.

| Name | Relationship |
|------|-------------|
| 1. _____ | _____ |
| 2. _____ | _____ |
| 3. _____ | _____ |
| 4. _____ | _____ |
| 5. _____ | _____ |
| 6. _____ | _____ |
| 7. _____ | _____ |
| 8. _____ | _____ |
| 9. _____ | _____ |
| 10. _____ | _____ |

1

**BUSINESS**

Applicant's Company Name _Condon Construction, Inc_   Title _VP & Gm_

Business Address _P.O. Box 208   Garbondale CO 81623_

Telephone (970) 963 9577   Years in Present Employment _10_   ☐ Retired

Fax Number (970) 963 8013   E-Mail Address _____   Website _____

Spouse's Company Name _Arrangements By Rosemary_   Title _Owner_

Spouse's Business Address _P.O. Box 1831  Carbondale CO 81623_

Telephone (970) 704 0497   Years in Present Employment _5_   ☐ Retired

Fax Number (970) 704 0497   E-Mail Address ███████   Website _____

**BANKING RELATIONS**

1. Name of Institution _Alpine Bank_   Address _Carbondale_

Officer to Contact _Richard Fuller_   Telephone (   )

2. Name of Institution _____   Address _____

Officer to Contact _____   Telephone (   )

**CLUB REFERENCES**

1. Name of Club/Organization _____   Year Accepted _____

Type _____   Address _____

Telephone (   )   Contact Person _____   ☐ Present Member

2. Name of Club/Organization _____   Year Accepted _____

Type _____   Address _____

Telephone (   )   Contact Person _____   ☐ Present Member

**PERSONAL REFERENCES**

1. Name _____   Address _____

Years Known _____   Telephone (   )

2. Name _____   Address _____

Years Known _____   Telephone (   ) ███████

2

**II.     PURCHASE OF MEMBERSHIP**
**[Check Appropriate Box]**

I hereby apply for a Golf Membership in The Club at Ironbridge (the "Club") and agree to pay the membership deposit, less a credit for my property purchase if I am purchasing property in Ironbridge (the "TOTAL AMOUNT DUE") stated below.

| MEMBERSHIP DEPOSIT | CREDIT FOR PROPERTY PURCHASE, IF APPLICABLE | TOTAL AMOUNT DUE |
|---|---|---|
| $ 2,750 | $ | $ 35,000 |

❑     I agree to pay the Total Amount Due above in full with submission of this Membership Agreement

**OR**

☒     I agree to pay the Total Amount Due as provided on the Financing Addendum.

I hereby agree to pay to the Club the Total Amount Due and the membership dues, including any applicable sales tax, or other taxes, for my category of membership. The current amount of dues for each membership category is described on a separate Schedule of Dues, Fees and Charges, and is subject to change.

Membership is contingent upon approval by the Club, which approval shall be at its discretion. Upon signing this Agreement, I authorize the disclosure and release of information to the Club for investigating my qualifications for membership, including my credit history, and agree to hold the Club harmless from any and all such acts.

**III.     PAYMENT OF DUES, FEES AND CHARGES**

❑ **Credit Card Authorization.** I hereby request that all dues, fees and charges be billed to my credit card listed below and hereby authorize such billing.

I certify that the below listed card is issued to me and agree that all disputes on my credit card account relating to the Club will be promptly brought to the Club's attention. I understand that I am obligated to keep a valid approved credit card on file with the Club at all times and that I am responsible for any amounts that are not paid by the credit card company.

Credit Card Type _____

Credit Card Number _____     Exp. Date _____

Cardholder Signature _____

OR

☒ **Club Account.** I hereby request that all dues, fees and charges be billed directly to me.

In the event that any amounts owed to the Club are not paid on a timely basis, I understand that I may be charged a late payment charge in accordance with the Rules and Regulations.

## IV.   REFUND OF TOTAL AMOUNT DUE

The Total Amount Due paid by a member will be refunded by the Club to the member, without interest, within 30 days after the reissuance of the resigned membership by the Club to a new member, in accordance with the "Transfer of Membership" provision in the Membership Plan.

The Total Amount Due paid by a member will be refunded, without interest, 30 years after the date the membership is issued by the Club if the member does not resign within 30 years.

The obligation to repay the Total Amount Due shall be subject to set-off for all amounts due under The Club at Ironbridge Membership Plan and Rules and Regulations which remain unpaid upon the repayment of the membership deposit. The Total Amount Due may be prepaid in whole or in part at any time without penalty or premium.

I understand and acknowledge that any refund due me is based on the Total Amount Due and not the actual Membership Deposit charged for my membership and that any credit I receive for the membership from my purchase of property will not be refundable.

## V.   ACKNOWLEDGMENT OF MEMBERSHIP RIGHTS

I acknowledge that membership in the Club permits the member to use the Club Facilities referred to in the Membership Plan in accordance with the Membership Plan and Rules and Regulations. Membership in the Club is not an investment in the Company referred to below, or the Club Facilities, and does not give a member a vested or prescriptive right or easement to use the Club Facilities. Membership in the Club does not provide a member with an equity or ownership or any other property interest in the Company or the Club Facilities. A member only acquires a revocable license to use the Club Facilities in accordance with the terms and conditions of the Membership Plan and Rules and Regulations, as the same may be amended from time to time, and this Membership Agreement. All rights and privileges of members under the Membership Plan, the Rules and Regulations and this Membership Agreement are subordinate to the lien of any mortgage encumbering the Club Facilities from time to time.

The Club reserves the right, in its sole discretion, to terminate or modify the Membership Plan and the Rules and Regulations, to reserve memberships, to sell, lease or otherwise dispose of the Club Facilities in any manner whatsoever and to any person whomsoever, to add, issue, modify or terminate any type or category or class of membership, to terminate any membership at any time for any disciplinary or any other reason whatsoever, to discontinue operation of any or all of the Club Facilities, to convert the Club into a member-owned club, and to make any other changes in the terms and conditions of the membership or the Club Facilities available for use by members. Notwithstanding anything to the contrary, the Club may not change a member's right to a refund of the membership deposit.

In the event of termination of the Membership Plan, termination of any category of membership, recall of a membership or the discontinuance of operation of all or substantially all of the Club Facilities, the affected members will be entitled to a refund of the appropriate membership deposit they actually paid to join the Club within 30 days. In the event that the Club Facilities are sold and the buyer assumes liability for the repayment of the membership deposit, the undersigned shall look solely to the new owner for repayment of the membership deposit and the seller of the Club Facilities shall be released from all liability for the repayment thereof. In the event of a sale of the Club Facilities, the buyer shall take title subject to the terms and provisions of the then existing Membership Plan. Neither the Company nor its affiliates shall have any liability whatsoever to the members in the event the Club Facilities are not constructed other than the return of the member's membership deposit, without interest.

I hereby acknowledge that the use of the Club Facilities and any privilege or service incident to membership is undertaken with knowledge of risk of possible injury. I hereby accept any and all risk of

injury to myself, my guests and my family sustained while using the Club Facilities or while involved in any event or activity incident to membership in the Club. I agree to release and indemnify LB Rose Ranch, LLC (the, "Company"), doing business as the Club, its affiliates, their successors and assigns and their respective directors, officers, partners, members, shareholders, employees, representatives and agents and the members of the advisory Board of Governors of the Club and any Club committee in accordance with the provisions of the Rules and Regulations of the Club.

## VI.    CONVERSION TO EQUITY MEMBERSHIP PROGRAM

Within 90 days of the initial issuance of between 80% and 100% of the total number of Golf Memberships permitted to be issued, a vote of the members will be held to determine whether or not the Club should be converted to an equity member-owned club. If a majority of the votes held by the members are voted in favor of conversion, the Club will be converted to an equity club. In such a vote, Golf Members will be entitled to 4 votes per membership, and Social/Sports Members will be entitled to 1 vote per membership. (See the Rules and Regulations for rules governing the member vote.) If and when the Club is converted to an equity member-owned club, I may acquire an equity membership in the category which corresponds to that applied for herein during the initial offering period of equity memberships which will not be less than 60 days, for the following additional payment:

| MEMBERSHIP CATEGORY | EQUITY MEMBERSHIP CONTRIBUTION | CREDIT FOR MEMBERSHIP DEPOSIT PAID | ADDITIONAL AMOUNT DUE AT CONVERSION FOR EQUITY MEMBERSHIP |
|---|---|---|---|
| Golf Membership | $*52,500* | $ *35,000* | $*17,500* • |

*The additional amount due at conversion stated above will be subject to increase based on the percentage increase in the Consumer Price Index from the date hereof until the date of conversion to an equity club and the additional amount due as set forth above shall be increased accordingly.

Upon resignation of the equity membership by the member and reissuance of the membership to a successor member who has paid the required membership contribution, the member shall be entitled to receive an amount equal to eighty percent (80%) of the amount of the membership contribution then required to be paid for an equity membership in the category in question. Any amount that the resigned member owes the Club will be deducted from the amount to be paid to the resigned member.

I acknowledge that the conversion of the Club to an equity member-owned club will eliminate the obligation of the Club to refund the membership deposit as hereinabove provided should I choose to convert to an equity membership.

I understand that if I choose not to convert to equity membership, I may continue my membership privileges as a non-equity member in the same category of membership in accordance with the Plan for the Offering of Equity Memberships and Rules and Regulations. However, I further understand and acknowledge that my membership can be recalled in order to issue an equity membership without exceeding the limit on the number of memberships permitted in the equity club or due to reduced membership limits. I will be entitled to a refund of the membership deposit within 30 days after the effective date of the recall. I also acknowledge that in the event the subsequent purchaser of my residence or homesite in the Ironbridge Community desires a membership, the subsequent purchaser must acquire an equity membership. The subsequent purchaser is guaranteed the availability of an equity membership in the same category of equity membership as the resigning member for a period of 30 days after the date of resignation. The subsequent purchaser must be approved for membership and pay the required membership contribution for the equity membership.

Further, if I do not convert to equity membership and my membership has not yet been recalled, the membership deposit will be refunded at the earlier of (i) the Maturity Date or (ii) within 30 days after resignation of my membership and sale of a new Equity Golf Membership, on the same basis as stated in

the Membership Plan with respect to the resignation and reissuance of non-equity memberships, with a wait list of both equity and non-equity memberships.

## VII.    MEMBERSHIP PLAN DOCUMENTS

I hereby acknowledge receipt of The Club at Ironbridge Membership Plan and Rules and Regulations and that I have read and understand them, and agree to be bound by the terms and conditions thereof as the same may be amended from time to time by the Club. I further acknowledge that I am not relying on any oral representations in acquiring a membership in the Club.

This Membership Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Colorado without giving effect to principles of conflicts of law.

If the prospective member is married, the signatures of both spouses are required.

An Addendum to this Agreement ☐ is/☐ is not attached.

Dated: __April 29__, 2003        _Richard A Condon_
                                Applicant's Signature

                                _Richard A. Condon_
                                Printed Name

Dated: _April 29, 2003_          _Rosemary F Knox_
                                Sponse's Signature

                                _Rosemary Knox_
                                Printed Name

This Membership Agreement shall not be binding on the Club until the acceptance below is signed.

ACCEPTED BY:

LB ROSE RANCH, LLC, d/b/a
THE CLUB AT IRONBRIDGE

By: _____
      Authorized Representative

Printed Name: _____

Dated: _____

**THE CLUB AT IRONBRIDGE**
9929 HIGHWAY 82
CARBONDALE, CO 81623
(970) 945-4300

6

# THE CLUB AT IRONBRIDGE

## FINANCING ADDENDUM TO MEMBERSHIP AGREEMENT

This is a Financing Addendum to a Membership Agreement between me and LB Rose Ranch, LLC, a Colorado limited liability company d/b/a The Club at Ironbridge (the "Club") of even date herewith. All capitalized terms not defined herein will have the meaning ascribed thereto in the Membership Agreement.

On this 29th day of April , 2003, I promise to pay my membership deposit of $_____ in installments as follows:

| Installment | Date | Amount |
|---|---|---|
| Initial | Submitted with this agreement. | 8,750 |
| Second | Apr 29, 2004 | 8,750 |
| Third | April 29, 2005 | 8,750 |
| Final | April 29, 2006 | 8,750 |

I also agree to pay all accrued interest that is due and payable with each installment, which shall accrue at an annual rate of 8 ½%.

If I fail to make any payment of the membership deposit, when due, the Club may terminate my membership and retain as liquidated damages any amount of the membership deposit previously paid by me. I acknowledge that if I fail to pay the payments of the membership deposit when due, actual damage and loss to the Club resulting therefrom cannot be readily ascertainable and that retention by the Club of the portion of the membership deposit paid by me will not constitute a penalty.

The membership deposit may be prepaid in whole or in part at any time without penalty or premium, upon payment of accrued and unpaid interest.

I shall be considered in default when any payment required to be made hereunder shall not be paid on the date it becomes due and shall remain in default until such payment shall have been made. While in default, the principal sum shall bear interest at the maximum rate permitted by applicable law. If there is no maximum rate under applicable law, the applicable default rate shall be eighteen percent (18%).

Nothing herein contained, nor any transaction related hereto, shall be construed or so operate as to require the undersigned to pay interest at a greater rate than is now lawful in such case, or to make any payment, or to do any act contrary to law. Should any interest or other charges paid by the undersigned in connection with this agreement result in the computation or earning of interest in excess of the maximum rate of interest which is legally permitted under the laws of the applicable jurisdiction, then any and all such excess shall be automatically credited against and in reduction of the balance due hereunder, and the portion of said excess which exceeds the balance due hereunder shall be paid by the Club to the undersigned.

To the extent permitted by law, the undersigned hereby waives the benefit of any laws which now or hereafter might otherwise authorize the exemption of any property from levy and sale hereunder or in connection herewith.

Payment of amounts due hereunder is secured by the undersigned's membership in the Club.

I understand that this Financing Addendum to Membership Agreement is irrevocable after delivery to the Club, unless I am not approved for membership.

All terms and agreements in the Membership Agreement shall remain in full force and effect, except as specifically provided herein. The Club may assign or pledge its interest in the Membership Agreement and this Addendum.

If the Applicant is married, both the Applicant and spouse must sign below.

Richard A. Condon
Print name of Applicant

Rosemary Knox
Print name of Applicant's Spouse

Richard A Condon
Signature of Applicant

Rosemary Knox
Signature of Applicant's Spouse

Date: 4/29/03

This Financing Addendum to Membership Agreement shall not be binding on the Club until the acceptance below is signed.

ACCEPTED BY:

LB ROSE RANCH, LLC, a Colorado limited liability company d/b/a THE CLUB AT IRONBRIDGE

By: _____
    Authorized Representative

Date: _____

THE CLUB AT IRONBRIDGE
9929 Highway 82
Carbondale, CO  81623
(970) 945-4300

2

FedEx US Airbill Express

Questions? Go to our Web site at fedex.com or call 1.800.GoFedEx 1.800.463.3333.

8553 8584 8414

FedEx Retrieval Copy.

**1 From** Date 9/18/09
Sender's FedEx Account Number

Sender's Name Richard A. Condon    Phone 970 704 0497

Company

Address 0800 Upper Cattle Creek Road

City Carbondale    State CO    ZIP 81623

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name Attn: Lehman Brothers Holdings Claims

Company By: Epiq Bankruptcy Solutions, LLC Processing

Recipient's Address 757 Third Avenue, 3rd Floor
We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address
To request a package to be held at a specific FedEx location, print FedEx address here.

City New York    State NY    ZIP 10017

0200    Ems.

8053 8584 8414

520

THE THREE HUNDRED TWENTIETH OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS NOTICE OF THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED THERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIM(S).

IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
In re                                          :    Chapter 11 Case No.
                                               :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,        :    08-13555 (JMP)
                                               :
                               Debtors.        :    (Jointly Administered)
---------------------------------------------------------------x

### NOTICE OF HEARING ON THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)

PLEASE TAKE NOTICE that on July 9, 2012, Lehman Brothers Holdings Inc.

("LBHI"), as Plan Administrator under the Modified Third Amended Joint Chapter 11 Plan of

Lehman Brothers Holdings Inc. and Its Affiliated Debtors (the "Plan"), filed its three hundred

twentieth omnibus objection to claims (the "Three Hundred Twentieth Omnibus Objection to Claims"), and that a hearing (the "Hearing") to consider the Three Hundred Twentieth Omnibus Objection to Claims will be held before the Honorable James M. Peck, United States Bankruptcy Judge, in Courtroom 601 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, on **August 23, 2012 at 10:00 a.m. (Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses to the Three Hundred Twentieth Omnibus Objection to Claims must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, and shall be filed with the Bankruptcy Court (a) electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) by registered users of the Bankruptcy Court's filing system, and (b) by all other parties in interest, on a 3.5 inch disk, preferably in Portable Document Format (PDF), WordPerfect, or any other Windows-based word processing format (with a hard copy delivered directly to Chambers), in accordance with General Order M-182 (which can be found at www.nysb.uscourts.gov), and served in accordance with General Order M-399, and on (i) the chambers of the Honorable James M. Peck, One Bowling Green, New York, New York 10004, Courtroom 601; (ii) attorneys for the LBHI, Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Jacqueline Marcus, Esq. and Candace Authur, Esq.); and (iii) the Office of the United States Trustee for Region 2, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq. and Andrea B. Schwartz, Esq.), so as to be so filed and received by no later than **August 9, 2012 at 4:00 p.m. (Eastern Time)** (the "Response Deadline").

2

**PLEASE TAKE FURTHER NOTICE** that if no responses are timely filed and served with respect to the Three Hundred Twentieth Omnibus Objection to Claims or any claim set forth thereon, the Plan Administrator may, on or after the Response Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Three Hundred Twentieth Omnibus Objection to Claims, which order may be entered with no further notice or opportunity to be heard offered to any party.

Dated: July 9, 2012
      New York, New York

/s/ Jacqueline Marcus
Jacqueline Marcus

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

3

---

**THE THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD REVIEW THE OMNIBUS OBJECTION TO SEE IF THEIR NAME(S) AND/OR CLAIM(S) ARE LOCATED IN THE OMNIBUS OBJECTION AND/OR IN THE EXHIBIT ATTACHED HERETO TO DETERMINE WHETHER THIS OMNIBUS OBJECTION AFFECTS THEIR CLAIM(S).**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT LEHMAN BROTHERS HOLDINGS INC.'S COUNSEL, CANDACE ARTHUR, AT 212-310-8324.**

---

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Jacqueline Marcus

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------x
In re                                    :   Chapter 11 Case No.
                                         :
LEHMAN BROTHERS HOLDINGS INC., *et al.*, :   08-13555 (JMP)
                                         :
            Debtors.                     :   (Jointly Administered)
----------------------------------------x

## THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)

TO THE HONORABLE JAMES M. PECK
UNITED STATES BANKRUPTCY JUDGE:

Lehman Brothers Holdings Inc. ("LBHI" and the "Plan Administrator"), as Plan

Administrator under the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers

Holdings Inc. and Its Affiliated Debtors (the "Plan"), on behalf of LB Rose Ranch LLC ("LBRR"), respectfully represents:

### Relief Requested

1.    The Plan Administrator files this omnibus objection to claims, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664] (the "Procedures Order"), seeking to disallow and expunge certain claims for which LBRR has no liability.

2.    The proofs of claim listed on Exhibit A annexed hereto were filed against LBRR asserting claims for services allegedly rendered to LBRR (the "Vendor Claims") or for reimbursement of deposits allegedly due in connection with certain golf club membership agreements (the "Membership Agreement Claims," and together with the Vendor Claims, the "No Liability Claims").  As discussed below in greater detail, LBRR has reviewed its records and determined that none of the No Liability Claims are valid claims against its estate.  The No Liability Claims, therefore, do not constitute valid *prima facie* claims, and the Plan Administrator requests that they be disallowed and expunged in their entirety.

3.    The Plan Administrator reserves all rights to object on any basis to any No Liability Claim as to which the Court does not grant the relief requested herein.

### Jurisdiction

4.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2

### Background

5.        Commencing on September 15, 2008, and periodically thereafter, LBHI

and certain of its subsidiaries (collectively, the "Chapter 11 Estates") commenced with this Court

voluntary cases under chapter 11 of the Bankruptcy Code.  These chapter 11 cases have been

consolidated for procedural purposes only and are being jointly administered pursuant to

Bankruptcy Rule 1015(b).

6.        On January 14, 2010, the Court entered the Procedures Order, which

authorizes the filing of omnibus objections to no more than 500 claims at a time, on various

grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set

forth in the Procedures Order.

7.        On December 6, 2011, the Court approved and entered an order

confirming the Plan.  The Plan became effective on March 6, 2012 (the "Effective Date").

8.        Pursuant to the Plan, the Plan Administrator is authorized to interpose and

prosecute objections to claims filed against LBRR.

### The Vendor Claims

9.        All of the Vendor Claims relate to services that were allegedly provided in

connection with the construction of certain affordable housing units at a country club

development that is owned and operated by LBRR.  These services, however, were provided to a

third party – not LBRR.  Accordingly, to the extent that the claimants who filed the Vendor

Claims have valid claims, such claims are against the third party which actually received the

services, not LBRR.

10.       Each of the Vendor Claims includes, as supporting documentation,

invoices that describe the services allegedly provided and the related charges.  All of these

invoices identify Ironbridge Homes, LLC, or one its affiliates (collectively, "Ironbridge"), as the

3

entity to which the services were provided. Ironbridge is not one of the Chapter 11 Estates, nor is it an affiliate of any of the Chapter 11 Estates. None of the Vendor Claims identify any contractual relationship between the applicable claimant and LBRR. Moreover, after reviewing LBRR's records, the Plan Administrator has been unable to locate evidence of a contractual relationship between LBRR and any the Vendors.

11.    The Vendors appear to have been retained by Ironbridge, which was LBRR's general contractor for the construction of the affordable housing units. Under that arrangement, Ironbridge managed the construction process, retained subcontractors to perform various services, and was contractually responsible for the payment of such subcontractors. LBRR, in turn, had a contractual relationship with Ironbridge that governed its obligations in connection with the construction of the affordable housing units. The Vendor Claims, therefore, are properly claims against Ironbridge, not LBRR.

12.    Moreover, LBRR has already provided Ironbridge with remuneration (in full or in part) related to all of the affordable housing units that are referenced in the Vendor Claims and Ironbridge has also filed substantial claims against the LBRR in connection with same. If the Vendor Claims were allowed, therefore, it is possible that LBRR's estate would be forced to pay for the same services twice – once to Ironbridge, the party with which it is in privity, and once to the Vendors, parties with respect to which it has no direct relationship.[1] Accordingly, the Vendor Claims should be disallowed and expunged in their entirety.

### The Membership Agreement Claims

13.    Each of the parties (the "Members") who filed Membership Agreement Claims is a party to a membership agreement with LBRR (the "Membership Agreements"). The

---

[1] Nothing contained herein is intended to be determinative of any matter in connection with Ironbridge's claims and the Plan Administrator and LBRR reserve the right to object to such claims for any reason.

4

Membership Agreements provided for the payment, by the relevant Member, of a security deposit to LBRR, which security deposit is refundable upon the termination of such Member's membership (subject to certain other terms and conditions). None of the Members, however, has terminated his or her membership and, accordingly, none of the Members currently is entitled to the refund of his or her security deposit.

14.    Further, in connection with the Plan, LBRR moved to assume each of the Membership Agreements. All of the Members received cure notices listing the cure amount with respect to such Membership Agreement as $0. None of the Members objected to the assumption of the Membership Agreements or the cure amount. As of the Effective Date, therefore, LBRR assumed all of the Membership Agreements and the Members effectively waived any claims that they might otherwise have had based on a pre-petition breach of LBRR's obligations under the Membership Agreements. Accordingly, the Membership Agreement Claims should be disallowed and expunged in their entirety.

## The No Liability Claims Should Be Disallowed and Expunged

15.    A proof of claim is "deemed allowed, unless a party in interest objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida, Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660 at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

5

16.    As discussed above, the No Liability Claims are either not claims against LBRR or any of the other Chapter 11 Estates (the Vendor Claims) or are simply invalid (the Membership Agreement Claims).  Unless the No Liability Claims are disallowed and expunged, parties who do not hold valid claims against LBRR's estate may nonetheless recover from LBRR.  The Plan Administrator respectfully requests the Court enter an order disallowing and expunging the No Liability Claims in their entirety.

6

**<u>Notice</u>**

17.    No trustee has been appointed in these chapter 11 cases.  Notice of this

Three Hundred Twentieth Omnibus Objection to Claims has been served on (i) the United States

Trustee for Region 2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue

Service; (iv) the United States Attorney for the Southern District of New York; (v) each claimant

listed on <u>Exhibit A</u>; and (vi) all parties who have requested notice in these chapter 11 cases in

accordance with the procedures set forth in the second amended order entered on June 17, 2010

governing case management and administrative procedures [ECF No. 9635].  The Plan

Administrator submits that no other or further notice need be provided.

18.    No previous request for the relief sought herein has been made by the Plan

Administrator or LBRR to this or any other Court.

WHEREFORE the Plan Administrator respectfully requests entry of an order

granting the relief requested herein and such other and further relief as is just.

Dated: July 9, 2012
      New York, New York

                /s/ Jacqueline Marcus
                Jacqueline Marcus

                WEIL, GOTSHAL & MANGES LLP
                767 Fifth Avenue
                New York, New York 10153
                Telephone: (212) 310-8000
                Facsimile: (212) 310-8007

                Attorneys for Lehman Brothers Holdings Inc.
                and Certain of Its Affiliates

**<u>Exhibit A</u>**

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | NAME | CASE NUMBER | DEBTOR NAME | CLAIM # | TOTAL CLAIM DOLLARS | BASIS FOR NO LIABILITY |
|---|---|---|---|---|---|---|
| | | | **Vendor Claims** | | | |
| 1 | A-1 Heating & Cooling, Inc. 2342 Airport Rd. Rifle, CO 81650 | 09-10560 (JMP) | LB Rose Ranch LLC | 25112 | $56,531.00 | The invoice attached to Claim 25112 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 2 | Altitude Landscaping Co. P.O. Box 1882 Edwards, CO 81632 | 09-10560 (JMP) | LB Rose Ranch LLC | 24627 | $16,539.00 | The invoice attached to Claim 24627 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |
| 3 | DZ Trucking Inc. 11694 Country Rd. 320 Rifle, CO 81659 | 09-10560 (JMP) | LB Rose Ranch LLC | 31370 | $12,917.46 | The invoice attached to Claim 31370 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |
| 4 | InsulVail, LLC P.O. Box 2888 Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8597 | $289.90 | The invoice attached to Claim 8597 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 5 | InsulVail, LLC P.O. Box 2888 Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8598 | $289.90 | The invoice attached to Claim 8598 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 6 | InsulVail, LLC P.O. Box 2888 Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8599 | $289.90 | The invoice attached to Claim 8599 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 7 | InsulVail, LLC P.O. Box 2888 Vail, CO 81658 | 09-10560 (JMP) | LB Rose Ranch LLC | 8600 | $289.90 | The invoice attached to Claim 8600 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | **Vendor Claims** | | | |
| 8 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8601 | $289.90 | The invoice attached to Claim 8601 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 9 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8602 | $289.90 | The invoice attached to Claim 8602 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 10 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8603 | $289.90 | The invoice attached to Claim 8603 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 11 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8604 | $289.90 | The invoice attached to Claim 8604 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 12 | InsulVail, LLC<br>P.O. Box 2888<br>Vail, CO 81658 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8605 | $289.90 | The invoice attached to Claim 8605 identifies third party Ironbridge Homes LLC as the entity to whom the services were allegedly provided. |
| 13 | Maya Construction Inc.<br>586 Hwy. 133, #50<br>Carbondale, CO 81623<br>Attn: Ms. Cecilia Hernandez | 09-10560<br>(JMP) | LB Rose Ranch LLC | 13409 | $35,818.00 | The invoice attached to Claim 13409 identifies third party Ironbridge Aspen Collection, LLC as the entity to whom the services were allegedly provided. |

US_ACTIVE:\44034725\1\58399.0003

**IN RE LEHMAN BROTHERS HOLDINGS INC., ET AL., CASE NO: 08-13555 (JMP)**

**OMNIBUS OBJECTION 320: EXHIBIT A – LB ROSE RANCH LLC NO LIABILITY CLAIMS**

| | | | | | | |
|---|---|---|---|---|---|---|
| | **Membership Agreement Claims** | | | | | |
| 1 | Richard Condon & Rosemary Knox<br>P.O. Box 2084<br>Basalt, CO 81621 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 24572 | $35,000.00 | Not entitled to reimbursement. |
| 2 | Roger Hindman<br>120 Pioneer Court<br>Carbondale, CO 81623 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 27716 | $15,000.00 | Not entitled to reimbursement. |
| 3 | Kay Young<br>P.O. Box 1464<br>Glenwood Springs, CO 81601 | 09-10560<br>(JMP) | LB Rose Ranch LLC | 8421 | $40,000.00 | Not entitled to reimbursement. |

Page 3 of 3

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

In re                                              :        Chapter 11 Case No.
                                                   :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,           :        08-13555 (JMP)
                                                   :
                          Debtors.                 :        (Jointly Administered)

---------------------------------------------------x

## ORDER GRANTING THREE HUNDRED TWENTIETH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY LB ROSE RANCH LLC CLAIMS)

Upon the three hundred twentieth omnibus objection to claims, dated July 9, 2012

(the "Three Hundred Twentieth Omnibus Objection to Claims"),[1] of Lehman Brothers Holdings

Inc. ("LBHI" and the "Plan Administrator"), as Plan Administrator under the Modified Third

Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and Its Affiliated Debtors

(the "Plan"), pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy

Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure, and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim [ECF No. 6664],

seeking the disallowance and expungement of the No Liability Claims on the basis that LBRR

has no liability for such claims, all as more fully described in the Three Hundred Twentieth

Omnibus Objection to Claims; and due and proper notice of the Three Hundred Twentieth

Omnibus Objection to Claims having been provided to (i) the United States Trustee for Region

2; (ii) the Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the

United States Attorney for the Southern District of New York; (v) the claimants listed on Exhibit

A attached to the Three Hundred Twentieth Omnibus Objection to Claims; and (vi) all other

parties entitled to notice in accordance with the procedures set forth in the second amended order

---

[1] Terms not defined herein shall have the same meaning ascribed to them in the Three Hundred Twentieth Omnibus Objection to Claims.

entered on June 17, 2010 governing case management and administrative procedures for these cases [ECF No. 9635]; and the Court having found and determined that the relief sought in the Three Hundred Twentieth Omnibus Objection to Claims is in the best interests of LBRR, its estate, its creditors, and all parties in interest and that the legal and factual bases set forth in the Three Hundred Twentieth Omnibus Objection to Claims establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Three Hundred Twentieth Omnibus Objection to Claims is granted; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit 1 are disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2012
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

2