Anatoly Kozlov
82 Acorn Street
Staten Island, New York, 10306

Chambers of the Honorable James M. Peck
One Bowling Green
New York, New York 10004,
Courtroom 601

Attorneys for Lehman Brothers Holdings Inc. (the "Debtor")
and Certain of its Affiliates
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
(Attn: Robert J. Lemons, Esq. and Mark Bernstein, Esq.)

Office of the United States Trustee for Region 2
33 Whitehall Street 21st Floor
New York, New York 10004
(Attn: Tracy Hope Davis, Esq., Elisabetta Gasparini, Esq., and Andrea B. Schwartz, Esq.)

Bankruptcy Court:  United States Bankruptcy Court Southern District of New York
Debtor:  Lehman Brothers Holdings Inc., et al., Debtors
Case No.: Chapter 11 Case No 08-13555 (JMP) (Jointly Administered)
Claimant Name:  Anatoly Kozlov, 82 Acorn Street, Staten Island, New York, 10306
Claim Number 67739, Filed 11/23/2011.

In re: Motion for Omnibus Objection to Claim(s): Three Hundred Twenty-Seventh Omnibus Objection to Claims (Partnership and Other Employee Claims) filed by the Debtor's Attorneys.


Dear Sir/Madam,

Assuming that the Court determines that September 15, 2008 was in fact a valid and lawful date to be used for purposes of calculating the value of my claim, I disagree with the reduction of my claim to $2,348.23.  I believe my claim amount should be larger.  The Debtor failed to demonstrate how it arrived at this reduced amount.  Claimants and the Court should be entitled to examine not only the Debtor's methodology for calculating the value of the Partnership Account claims but also the price sources and other value determinants utilized in such calculations.

Notwithstanding the immediately preceding paragraph, in reviewing this matter the Court should take into consideration the intent of the Partnership Account, which was to provide payments to Lehman employees based on performance achieved by the portfolio investments and after such investments have been liquidated.  See *Partnership Account Booklet*, 15 (attached hereto as Exhibit A).

>The Firm intends to keep Partnership Account portfolio investments at work for you until they reach their <u>full value</u>. Achieving <u>maximum growth potential</u> on these portfolio investments generally requires holding them for the long term. Then, <u>as investments are</u> <u>liquidated</u>, you receive cash payments.

This notion of first liquidating the investments in order to realize their full value prior to making a payment is further supported by the letter received from Michael J. Odrich dated as of June 17, 2008 (attached hereto as Exhibit B). See line 6 of the first paragraph of page 2 of Exhibit B.

>"Actual values of currently unrealized investments <u>cannot be determined until the occurrence of liquidity events</u> and the repayment of all leverage and associated interest cost. Actual realized values of currently unrealized investments will depend on, among other factors, future operating results, market conditions <u>at the time of disposition,</u> legal and contractual restrictions on transfer that may limit liquidity, any related transaction costs <u>and the timing and manner of sale,</u> all of which may differ from the assumptions and circumstances on which the current unrealized values are based."

As to repayment of all leverage and associated interest cost mentioned in the preceding paragraph, the same letter states on page 4, in paragraph 2:

>"All currently outstanding Fund notional leverage and associated interest costs have been repaid."

At the time of Lehman's bankruptcy filing the investments in the partnership account were nowhere near their "full value" or "maximum potential". On the contrary, most if not all of the Partnership's investments experienced a significant decline during that time. Therefore, valuing these investments as of September 15, 2008 would be unjust and to the detriment of the Partnership Account's creditors. Additionally, the valuation on such date is not supported by any writing or disclosure statement previously made available to Lehman employees and it is probably not supported by bankruptcy law.

Consequently, if any of the investments in the Partnership Account remain unliquidated after September 15, 2008, which appears to be the case here based on the Debtor's failure to disclose any date or dates of liquidation, sale or disposition of any portfolio investment, I disagree with the Debtor's use of the Debtor's Commencement Date (September 15, 2008) as the valuation date for determining the value of my claim. Instead, any Partnership Account investment not previously liquidated should be valued as of the date of its liquidation, regardless of whether such liquidation occurred in the past or will occur in the future.

In addition, if the Court determines that a Partnership Account claim is entitled to Priority, I request that my claim be reclassified as a Priority claim up to the maximum dollar limit allowed by law.