HEARING DATE: August 23, 2012 @ 10:00 a.m.
RESPONSE DUE: August 9, 2012 @ 4:00 p.m.

Macauley LLC
300 Delaware Avenue, Suite 760
Wilmington, DE 19801
Telephone: (302) 656-0100
Facsimile: (302) 654-4362
Attorneys for Conway Hospital, Inc.

RECEIVED
AUG – 9 2012
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re

LEHMAN BROTHERS HOLDINGS INC. *et al.*,

Debtors.

Chapter 11

Case No. 08-13555 (JMP)

(Jointly Administered)

### RESPONSE OF CONWAY HOSPITAL, INC. TO THREE HUNDRED TWENTY-THIRD OMNIBUS OBJECTION TO CLAIMS (LATE-FILED CLAIMS)

Conway Hospital, Inc. (the "Hospital") hereby responds to the Debtors' Three Hundred Twenty-Third Omnibus Objection to Claims (Late-Filed Claims) (the "Objection") with respect to the Hospital's Claim No. 68076, filed April 18, 2012, asserting a general unsecured claim in the amount of $1,290,795.04 (the "Claim"), and represents as follows:

### Background

1.  Prior to the commencement of these chapter 11 cases, the Hospital entered into the Debt Service Reserve Fund Agreement dated as of June 8, 1998 (the "Purchase Agreement") with Debtor Lehman Brothers Special Financing Inc. ("LBSF") and Bank of New York Mellon Trust Company N.A. as trustee. A copy of the Purchase Agreement is annexed as Addendum III to the Claim.

2. LBSF filed a voluntary petition for relief under Chapter 11 of the Code on October 3, 2008.

3. LBSF's bankruptcy filing constituted an event of default pursuant to Section 6.1(e) of the Purchase Agreement, which provide the Hospital with rights and remedies, among other things, to terminate the Purchase Agreement.

4. The Hospital sought to exercise its right to terminate the Purchase Agreement as set forth in Addendum V of the Claim (the "Attempted Termination"). However, the Hospital is informed and believes that such attempted termination was ineffective under the Bankruptcy Code and this Court's *Metavante* decision. Further, LBSF never acknowledged the effectiveness of the Attempted Termination. As a result of LBSF's conduct since the Attempted Termination, the Hospital has treated the Purchase Agreement as not having been terminated.

5. On December 6, 2011, the Bankruptcy Court entered an order confirming the Modified Third Amended Joint Chapter 11 Plan of Lehman Brothers Holdings Inc. and its Affiliated Debtors (the "Plan"). Section 11.1 of the Plan provides that all remaining executory contracts are rejected as of the Plan's effective date, which occurred on March 6, 2012 (the "Effective Date"). Section 11.4 of the Plan allows counterparties to such rejected contracts to file a proof of claim for rejection damages within 45 days of the Effective Date.

6. The Hospital filed its Claim for rejection damages on April 18, 2012, which was within 45 days of the Effective Date as permitted by the Plan.

7. The Objection asserts that the Claim was late filed because it was filed after the bar date of September 22, 2009 (the "Bar Date"), set in this case by this Court's Order, entered on July 2, 2009 (the "Bar Date Order").

2

### Response to Objection

8.  The Bar Date was not applicable to the Claim because the Purchase Agreement had not yet been rejected by the Debtors as of the Bar Date. *See* Bar Date Order at 5 ("ORDERED that any person or entity that holds a claim arising from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (i) the Bar Date and (ii) the date which is forty-five (45) days following the effective date of such rejection or be forever barred from doing so;").

9.  Instead, as set forth both in the Bar Date Order and the Plan, the correct deadline for the Hospital to file the Claim was 45 days from the Effective Date. *See id.*; Plan § 11.4.

10. Since the Attempted Termination was unsuccessful and the Purchase Agreement remained in force until rejected by operation of the Plan, the Claim was timely filed because it was filed within 45 days of the Plan's Effective Date.

### Reservation of Rights

11. Should the Debtors in connection with the Objection – in contrast to their prior conduct – take the opposite tack and attempt to argue that Attempted Termination was actually effective, the Hospital reserves its right to assert further arguments in opposition to the Objection and in support of the Claim, including but not limited to excusable neglect and equitable estoppel, and to take discovery to support such arguments.

WHEREFORE, the Hospital respectfully requests that the Court enter an Order denying the Objection with respect to the Claim and granting to the Hospital such other and further relief as is just.

Dated: August 8, 2012

                                    MACAULEY LLC

                                    */s/ Thomas G. Macauley*

                                    Thomas G. Macauley (DE Bar No. 3411)
                                    300 Delaware Avenue, Suite 760
                                    Wilmington, DE 19801
                                    Telephone: (302) 656-0100
                                    Facsimile: (302) 654-4362

                                    Attorneys for Conway Hospital, Inc.

## CERTIFICATE OF SERVICE

I certify that on August 8, 2012, a true and correct copy of the foregoing was served on the following parties in the manner indicated.

FEDEX
Honorable James M. Peck
Courtroom 601
One Bowling Green
New York, NY 10004

BY FACSIMILE
Robert J. Lemons, Esquire
Mark Bernstein, Esquire
Weil Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Fax: (212) 310-8007

BY FACSIMILE
Tracy Hope Davis, Esquire
Elisabetta Gasparini, Esquire
Andrea Schwartz, Esquire
Office of the United States Trustee
  for Region 2
33 Whitehall Street, 21st Floor
New York, NY 10004
Fax: (212) 458-1015

_____
Thomas G. Macauley (ID No. 3411)