WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Vernon S. Broderick
Ralph I. Miller
Teresa C. Brady

Attorneys for Lehman Brothers Holdings Inc.
and Certain of Its Affiliates

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                                               :
**In re**                                                      :    **Chapter 11 Case No.**
                                                               :
**LEHMAN BROTHERS HOLDINGS INC.**, *et al.*,                   :    **08-13555 (JMP)**
                                                               :
                         Debtors.                              :    **(Jointly Administered)**
                                                               :
---------------------------------------------------------------x

## NOTICE OF ADR PROCEDURES AND SCHEDULING OF CLAIMS OBJECTION HEARING WITH RESPECT TO OBJECTION TO PROOFS OF CLAIM NOS. 19949 and 19950

PLEASE TAKE NOTICE that on **March 14, 2011**, Lehman Brothers Holdings Inc. ("LBHI") and Lehman Brothers Special Financing Inc. ("LBSF") objected to proofs of claim numbers **19949 and 19950** (the "Proofs of Claim") filed by **BAYERISCHE LANDESBANK** (the "Claimant") pursuant to the **ONE HUNDRED AND THIRD OMNIBUS OBJECTION TO CLAIMS (VALUED DERIVATIVE CLAIMS), ECF No. 15003** (the "Objection").

**PLEASE TAKE FURTHER NOTICE THAT THE ATTACHED *COURT-ORDERED CLAIMS HEARING PROCEDURES AND ADR PROCEDURES* (THE "PROCEDURES") APPLY AND GOVERN THE OBJECTION TO YOUR PROOFS OF CLAIM THAT ARE SCHEDULED FOR THE CLAIMS OBJECTION HEARING BEFORE THE BANKRUPTCY COURT ON THE DATE SET FORTH BELOW.**

PLEASE TAKE FURTHER NOTICE that on **October 31, 2012, at 10:00 a.m.** (Prevailing Eastern Time), in accordance with the Procedures, a copy of which is attached hereto, the United States Bankruptcy Court for the Southern District of New York will commence a Claims Objection Hearing (as defined in the Procedures) for the purposes of holding an evidentiary hearing on the merits of the Proofs of Claim.

PLEASE TAKE FURTHER NOTICE that the Procedures provide for certain mandatory actions by the Claimant within certain time periods.  Therefore, please review the Order carefully.  Failure to comply with the Procedures may result in the disallowance and expungement of the Proofs of Claim without further notice to the Claimant.

PLEASE TAKE FURTHER NOTICE that the Procedures provide that LBHI and LBSF and the Claimant shall confer as soon as practicable following service of this Notice of ADR Procedures to determine a date and time for the Mediation.  **In order to schedule the Mediation and initiate the Negotiation, please contact Teresa Brady at 212-310-8093 upon receipt of this Notice.**

PLEASE TAKE FURTHER NOTICE that LBHI and LBSF may further adjourn the Claims Objection Hearing at any time by providing notice to the Court and the Claimant.

Dated: August 16, 2012
       New York, New York

/s/ Ralph I. Miller
Vernon S. Broderick
Ralph I. Miller
Teresa C. Brady
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Lehman Brothers Holdings Inc. and Certain of Its Affiliates

**COURT-ORDERED CLAIMS HEARING
PROCEDURES AND ADR PROCEDURES**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
In re                                                        :    Chapter 11 Case No.
                                                             :
LEHMAN BROTHERS HOLDINGS INC., *et al.*,                     :    08-13555 (JMP)
                                                             :
                        Debtors.                             :    (Jointly Administered)
------------------------------------------------------------x

## COURT-ORDERED CLAIMS HEARING PROCEDURES
## AND ALTERNATIVE DISPUTE RESOLUTION PROCEDURES

The claims hearing procedures (the "Claims Hearing Procedures") and the alternative dispute resolution procedures (the "ADR Procedures") described herein have been ordered (the "Order") by the United States Bankruptcy Court for the Southern District of New York (the "Court") to apply:

### Claims Hearing Procedures

1. Pursuant to the Amended Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1015(c) and 9007 Implementing Certain Notice and Case Management Procedures, entered on February 13, 2009 [Docket No. 2837] (the "Amended Case Management Order"), the Court established periodic omnibus hearings (the "Omnibus Hearings") in these cases. The Debtors shall schedule the return date for claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Debtors may schedule with the Court.

2. The Court may enter an order at the scheduled hearing (i) sustaining an objection to proofs of claim (each, a "Proof of Claim")[1] with respect to which no response (a "Response")[2] is properly filed and served or (ii) approving a resolution in accordance with the Settlement Procedures,[3] to the extent applicable, of an objection to a Proof of Claim with respect to which a Response, whether formal or informal, is resolved prior to the hearing thereon.

---

[1] Nothing herein modifies the Bar Date Order, entered July 2, 2009 [Docket No. 4271], or applicable law with respect to amending Proofs of Claim.

[2] Any information submitted in connection with a Proof of Claim or a Derivative or Guarantee Questionnaire shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claims Hearing Procedures and the ADR Procedures.

[3] The Settlement Procedures are defined and fully set forth in the Court's *Order Pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 3007 and 9019(b) Approving Settlement Procedures* (the "Claims Settlement Procedures Order"), entered March 31, 2010 [Docket No. 7936].

3.     The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "Contested Claim")[4] shall be set for a contested hearing (each, a "Claims Hearing") to be scheduled by the Debtors, in their sole discretion, as set forth herein; provided, however, that all objections filed by Related Objecting LBHI LPS Holders (as defined in the Order) shall be heard on the same date and time. The Debtors may request that the Court schedule Claims Hearings on the date and/or time of the Omnibus Hearings or at another date and time.[5]

4.     The Debtors shall schedule a Claims Hearing for a Contested Claim as follows:

    (a)     For a non-evidentiary hearing to address the legal sufficiency of the particular Contested Claim and whether the Contested Claim states a claim against the asserted Debtor under Bankruptcy Rule 7012 (a "Sufficiency Hearing"), unless the Debtors serve the holder of a Contested Claim (each, a "Claimant") with a Notice of ADR Procedures or a Notice of Merits Hearing (each as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claims Hearing Procedures.[6]

        (i)     The standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim.

    (b)     Subject to the Debtors' rights to proceed to a Merits Hearing, as defined and set forth in paragraph 4(c) below, for an evidentiary hearing on the merits of a Contested Claim (a "Claims Objection Hearing"), the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Official Committee of Unsecured Creditors (the "Creditors' Committee"), and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit B (a "Notice of ADR Procedures") and a copy of these *Claims Hearing Procedures and Alternative Dispute Resolution Procedures* at least forty-five (45) calendar days prior to the date of such Claims Objection Hearing; provided, however, that an

---

[4] With respect to securities included on Schedule A (the "LBHI Issued LPS") of the *Order Clarifying the Debtors' Supplemental Notice and the Bar Date Order with Respect to Claims Relating to Lehman Programs Securities Issued by LBHI*, entered March 22, 2010 [Docket No. 7702] (the "LPS Order"), an objection to the Scheduled Claim amount shall be considered a "Contested Claim" for the purposes of this Motion. Other than as set forth in these Claims Hearing Procedures, all provisions of these Claims Hearing Procedures and, as applicable, these ADR Procedures, shall apply to Contested Claims relating to the LBHI Issued LPS in the same manner as all other Contested Claims.

[5] The Creditors' Committee is authorized to use the Claims Hearing Procedures and the ADR Procedures to the extent the Debtors delegate by order of the Court to the Creditors' Committee the authority to prosecute and resolve an objection to a Claim.

[6] The Debtors may not seek a Sufficiency Hearing with respect to any Contested Claim relating to an LBHI Issued LPS.

2

        identical Notice of ADR Procedures shall be contemporaneously served on all Related Objecting LBHI LPS Holders. The procedures applicable to a Claims Objection Hearing are set forth in paragraph 1 of the ADR Procedures.

    (c)    For an evidentiary hearing on the merits of a Contested Claim (a "Merits Hearing"),[7] the Debtors may, in their sole discretion, (i) serve upon the relevant Claimant and counsel to the Claimant, to the extent such counsel is listed on the relevant Proof of Claim, by U.S. mail, facsimile, or overnight delivery, (ii) serve a copy upon the Creditors' Committee, and (iii) file with the Court, a notice substantially in the form attached to the Order as Exhibit C (a "Notice of Merits Hearing") at least forty-five (45) calendar days prior to the date of such Merits Hearing; provided, however, that an identical Notice of Merits Hearing shall be contemporaneously served on all Related Objecting LBHI LPS Holders. Within five (5) business days of service of the Notice of Merits Hearing or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a discovery, briefing, and litigation schedule (the "Claims Litigation Schedule") for the Merits Hearing; provided, however, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Merits Hearing.[8]

5.    Consistent with the Amended Case Management Order, the Debtors may file and serve a reply (a "Reply") to a Response (or an objection with respect to an LBHI Issued LPS) no later than 12:00 prevailing Eastern Time on the day that is at least one (1) business day prior to the date of the applicable hearing.

6.    The Debtors, in their sole discretion, are authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing appropriate notice to the Court, the Claimant, and, as applicable, all Related Objecting LBHI LPS Holders, with a copy to the Creditors' Committee.

7.    To the extent that the Court determines upon conclusion of the Sufficiency Hearing that a Contested Claim cannot be disallowed in whole or in part without further proceedings, the Debtors shall provide to the Claimant, with a copy to the Creditors' Committee, a

---

[7] For avoidance of doubt, substantively, a Claims Objection Hearing and a Merits Hearing will be identical hearings, each an evidentiary hearing on the merits of a Contested Claim. However, procedurally, a Claims Objection Hearing will occur when a Mediation (as defined herein) concludes without resolving the Contested Claim, whereas a Merits Hearing will occur when the Debtors designate a Contested Claim to proceed directly to such hearing without first partaking in the ADR Procedures. The date for a Claims Objection Hearing will be set by the Debtors in a Notice of ADR Procedures, whereas the date for a Merits Hearing will be set by the Debtors in a Notice of Merits Hearing.

[8] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude: (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Merits Hearing for a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Merits Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Merits Hearing for such Contested Claim.

3

        Notice of ADR Procedures or a Notice of Merits Hearing, as applicable, pursuant to the procedures set forth above.

8.     <u>Temporary Litigation Injunction</u>. Upon service of an objection, omnibus or otherwise, to a Proof of Claim (or an objection to the Scheduled Claim amount for an LBHI Issued LPS), the Debtors and each Claimant to whom such objection applies (or who filed an objection to the Scheduled Claim amount for an LBHI Issued LPS) shall be enjoined from commencing or continuing any action or proceeding, or engaging in any discovery, in any manner or any place, including this Court, seeking to establish, liquidate, collect on, or otherwise enforce any Contested Claims identified in such objection other than (i) through the Claims Hearing Procedures and the ADR Procedures or (ii) pursuant to a plan or plans confirmed in the applicable Debtors' chapter 11 cases (the "<u>Temporary Litigation Injunction</u>"). The Temporary Litigation Injunction shall expire with respect to a Contested Claim only (i) when that Contested Claim has been resolved by virtue of a settlement between the parties, reached through these ADR Procedures or otherwise, or (ii) upon the parties' mutual agreement (or entry of a Court order if the parties are unable to agree) on a Claims Litigation Schedule for the Merits Hearing or the Claims Objection Hearing, as applicable, for such Contested Claim.[9] Notwithstanding anything set forth herein to the contrary, the Temporary Litigation Injunction shall not apply to any Claimant with respect to the investigation, prosecution, or defense of any of its claims or rights as against Lehman Brothers Inc., any other entity affiliated with the Debtors that is the subject of a bankruptcy, insolvency, or similar proceeding in a foreign jurisdiction, or any entity not affiliated with the Debtors.

**<u>ADR Procedures</u>**

1.     To the extent that a Contested Claim is adjourned to a Claims Objection Hearing and a Claimant is served a Notice of ADR Procedures, such Claims Objection Hearing shall be adjourned until these ADR Procedures, as applicable, are completed with respect to each such Contested Claim. To the extent a Mediation concludes, as provided in paragraph 5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties shall proceed to a Claims Objection Hearing at least forty-five (45) calendar days from the date of the conclusion of the Mediation, as provided in paragraph 5(f) of these ADR Procedures or as otherwise agreed to by the parties; <u>provided</u>, <u>however</u>, that within five (5) business days of such conclusion of a Mediation or as otherwise agreed to by the parties, the Debtors and the Claimant will engage in a meet and confer, which may be held telephonically, in order to mutually agree on a Claims Litigation Schedule for the Claims Objection Hearing; <u>provided further</u>, that the Court will resolve any disputes related to the Claims Litigation Schedule for the Claims Objection Hearing.[10] [11]

---

[9] Nothing in the Claims Hearing Procedures or the ADR Procedures shall preclude settlement of a Contested Claim by mutual consent of the parties at any time or voluntary communication between the parties with respect to such settlement; <u>provided</u>, <u>however</u>, that any such settlement is subject to the Settlement Procedures.

[10] Nothing in the Order, the Claims Hearing Procedures, or the ADR Procedures shall preclude: (i) the Debtors and a Claimant from mutually agreeing on a Claims Litigation Schedule with respect to a Claims Objection Hearing for

4

2.  The confidentiality provisions of Rule 5.0 of the Court's General Order M-390 (the "General Order") are incorporated herein. No statements or arguments made or positions taken by the Mediator (as defined herein), the Debtors, any Claimant, the Creditors' Committee, or any witnesses in the Offer of Settlement (as defined in the Order) or during any part of the ADR Procedures, including the Negotiation, may be disclosed for any purpose by the Mediator or any such parties or witnesses or their attorneys or advisors to the Court or any third party (except by the party, witness, attorney, or advisor making the statement or argument or taking the position in any subsequent Claims Objection Hearing(s)). Similarly, all briefs, records, reports, and other documents, including Mediation Briefs and Supporting Information (each as defined herein), received or made by the Mediator while serving in such capacity will remain confidential and will not be provided to the Court, unless otherwise admissible and only then by the party from whom the Mediator received them. In addition, the Mediator may not be compelled to disclose such records, reports, and other documents in connection with any hearing held by the Court; provided, however, that the Mediator may report to the Court regarding the status of the Mediation efforts but will not disclose the contents thereof. Rule 408 of the Federal Rules of Evidence shall apply to all aspects of the ADR Procedures.

3.  The Debtors and the Claimant may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including the attorney-client privilege, the work-product doctrine, or any other privilege, right, or immunity the parties may be entitled to claim or invoke (the "Privileged Information"). The party producing such documents and/or information (the "Producing Party") to the Mediator must designate such documents and/or information as Privileged Information. By providing the Privileged Information solely to the Mediator and no other party, neither the Debtors nor the Claimant nor their respective professionals intend to, or shall, waive, in whole or in part, the attorney-client privilege, the work-product doctrine, or any other privilege, right or immunity they may be entitled to claim or invoke with respect to any Privileged Information or otherwise. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other party without the consent of the Producing Party. No party is obligated to provide any documents and/or information, including Privileged Information, to the Mediator.

4.  Negotiation. The following procedures shall apply to each Negotiation:

    (a)  Telephonic Negotiation. If a Contested Claim is scheduled by the Debtors for a Claims Objection Hearing, either the Debtors or the relevant Claimant may request a telephonic negotiation (or in person if the parties agree) (each, a

---

a particular Contested Claim or (ii) a Claimant from requesting that the Court establish the Claims Litigation Schedule (including the date of the Claims Objection Hearing) for such Contested Claim, in the event that the Debtors and the Claimant are not able to agree on a Claims Litigation Schedule with respect to a Claims Objection Hearing for such Contested Claim.

[11] To the extent a Mediation concludes as provided in paragraph 5(f) of these ADR Procedures, and all or part of the objection to the Contested Claim remains unresolved, the parties may consent to final and binding arbitration in accordance with the General Order (as defined herein).

5

"Negotiation") no later than fourteen (14) calendar days prior to the date set for a Mediation as provided for in paragraph 5 below. Upon such demand, the Negotiation shall be held no later than seven (7) calendar days prior to the date set for a Mediation.

(b) Participation in Negotiation. The following representatives of each of the Debtors and the Claimant shall participate in a Negotiation: (i) counsel for each of the parties, except for a Claimant proceeding *pro se*, (ii) a person possessing ultimate authority[12] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Debtors and the Claimant, respectively, and (iii) as applicable, each of the foregoing for any Related Objecting LBHI LPS Holders.[13] Counsel to the Creditors' Committee, a principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Negotiation.

5. Mandatory Non-Binding Mediation. Unless otherwise agreed to by the parties, no later than sixty (60) calendar days following service of a Notice of ADR Procedures, the Debtors, the Claimant, and all Related Objecting LBHI LPS Holders, as applicable, shall submit to mandatory non-binding mediation (each, a "Mediation") in an effort to consensually resolve the Contested Claim. The Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) shall confer as soon as practicable following service of a Notice of ADR Procedures to determine a date and time for the Mediation. Within three (3) business days of any determination by the Debtors and the Claimant (including all Related Objecting LBHI LPS Holders, as applicable) of a date and time for the Mediation, the Debtors shall notify the Creditors' Committee of the date and time for the Mediation. The Mediation shall be governed by the General Order except as follows. The following procedures shall apply to each Mediation:

(a) Mediator. Each Mediation shall be assigned to one of the mediators (each, a "Mediator") listed by the Debtors on Exhibit D attached to the Order (the "List of Mediators").[14] No later than twenty-one (21) calendar days prior to the date set for a Mediation, the Debtors shall select no less than four (4) Mediators from the List of Mediators. The Claimant (or, as applicable, all Related Objecting LBHI LPS Holders acting together) shall be entitled to strike not more than three (3) of the Mediators selected by the Debtors no later than fourteen (14) calendar days prior to the date set for a Mediation, at which time the Debtors shall select a Mediator from those not stricken by the Claimant; provided, however, that, upon

---

[12] For the purposes of these ADR Procedures, a Filing Entity (as defined in the Bar Date Order) shall be presumed to have the ultimate authority to reconcile, settle, or otherwise resolve the Contested Claim on behalf of the Claimant, and the Filing Entity may participate in these ADR Procedures; provided, however, that to the extent the Filing Entity does not have authority to settle the Contested Claim on behalf of the Claimant, the Debtors and the Filing Entity may agree on modifications to the time periods set forth herein to enable the Filing Entity to obtain such authority.

[13] Nothing in these ADR Procedures shall preclude the Debtors from also communicating with any Related Objecting LBHI LPS Holder individually.

[14] The Debtors may revise the List of Mediators by filing such revised List of Mediators on the Court's docket.

6

mutual consent, the parties may agree on a Mediator not appearing on the List of Mediators; provided further, that upon request of a Claimant holding a Large Complex Claim (as defined herein), the Debtors may only select Mediators designated as Mediators for Large Complex Claims from the List of Mediators.

  (i) A Large Complex Claim is a Contested Claim where the underlying claim relates to one or more Derivative Contracts (as defined in the Bar Date Order) for which the aggregate amount at stake exceeds $200 million.

(b) Powers of Mediator. The Mediator shall have the broadest possible discretion consistent with the General Order, including the ability to consolidate Mediations (i) involving the same Claimant upon application by such Claimant and in consultation with the Debtors and (ii) involving multiple Claimants with common issues of fact and law upon application by the Debtors (except that no such application is required where multiple Claimants consist of Related Objecting LBHI LPS Holders).

(c) Mediation Site. The Mediation shall be held at a location in New York, New York selected by the Debtors; provided, however, that upon consent of the parties and the Mediator, the Mediation may be held telephonically.

(d) Mediation Briefs and Supporting Information. Both parties to a Mediation shall submit a mediation brief (a "Mediation Brief"), with service upon the other parties to the Mediation and the Creditors' Committee. The Debtors' Mediation Brief shall be served no later than ten (10) calendar days prior to the commencement of the Mediation. The Claimant's Mediation Brief shall be served five (5) calendar days prior to the commencement of the Mediation. The Creditors' Committee may serve a Mediation Brief on the parties no later than five (5) calendar days prior to the commencement of the Mediation. Unless the Mediator directs otherwise, no Mediation Brief shall exceed twenty-five (25) single-sided, double-spaced pages.[15] No Mediation Brief is to be filed with the Court. Each party may submit supporting documents and/or information ("Supporting Information") to the Mediator at such party's discretion or upon the Mediator's request. Each party may also provide Supporting Information to the other party at each such party's discretion or upon the Mediator's request; provided, however, that a party may request that another party provide it or the Mediator with Supporting Information but such other party is not required to provide it or the Mediator with such Supporting Information.

---

[15] All pleadings or other papers submitted in connection with the ADR Procedures established through the Motion, as set forth herein, must be on 8 1/2 inch by 11 inch paper, double-spaced, but quotations of longer than two (2) lines may be indented and single-spaced. Headings and footnotes may be single-spaced and margins must be at least one inch on all four sides. The text of such submissions must be in at least 12-point font, and the text of footnotes must be in at least 10-point font.

7

(e) <u>Appearance at Mediation</u>. A person possessing ultimate authority[16] to reconcile, settle, or otherwise resolve the Contested Claim on behalf of each of the Debtors and the Claimant shall attend an in-person Mediation or participate in a telephonic Mediation; <u>provided, however</u>, that the Debtors' counsel will not be precluded from attending and participating in a Mediation in the event that the Claimant elects not to have its counsel attend or participate in a Mediation. A principal of each of the parties, and, upon consent of the parties, an expert witness, may participate in a Mediation. Subject to the specific provisions of each level of review set forth in the Settlement Procedures, counsel to the Creditors' Committee may participate in a Mediation as follows:

(i) Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is equal to or less than $15 million, counsel to the Creditors' Committee shall not participate in the Mediation.

(ii) Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $15 million but equal to or less than $75 million, counsel to the Creditors' Committee shall confer with the Debtors and in good faith attempt to agree upon the level of participation of counsel to the Creditors' Committee in the Mediation.

(iii) Where the aggregate amount that is the subject of the Mediation (without regard to unliquidated amounts) is more than $75 million, counsel to the Creditors' Committee may participate in the Mediation in its sole discretion.

(f) <u>Length of Mediation</u>. The Mediation shall conclude upon request of either party and concurrence by the Mediator; <u>provided, however</u>, that unless otherwise agreed to by the parties and the Mediator, the Mediation shall last no longer than 120 calendar days.

(g) <u>Costs</u>. The Debtors, the Claimant, and each Related Objecting LBHI LPS Holder, as applicable, shall each bear its own costs in participating in the Mediation. The Debtors are hereby authorized to pay the Mediator's fees; <u>provided, however</u>, that in no circumstances shall the Claimant or Related Objecting LBHI LPS Holders pay the Mediator's fees.

6. <u>Sanctions</u>. The Court will consider appropriate sanctions, including allowance or disallowance of the Contested Claim, if either party does not follow the Claims Hearing Procedures and/or ADR Procedures or conduct the Negotiation or Mediation in good faith.

BY ORDER OF THE COURT

---

[16] <i>See supra</i> fn. 12.