# United States Bankruptcy Court
# Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>    Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

## PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001 (e) (2), Fed. R. Bankr. P., of the partial transfer, other than for security, of the claim referenced in this evidence and notice.

| BSOF Parallel Master Fund, L.P. | J.P. Morgan Securities PLC |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee should be sent:

c/o Knighthead Capital Management, LLC
1140 Avenue of the Americas, 12th Floor
New York, NY 10036
Attn: Laura Torrado, Esq.

and

Blackstone Strategic Opportunity Associates L.L.C.
345 Park Avenue, 28th Floor
New York, New York 10154
Attention: Arthur Liao
Phone: 212-583-5185
Fax:   212-583-5386
Email: liao@blackstone.com

Last Four Digits of Acct. #: _____

Court Claim # (if known): 63325

Amount of Claim Transferred: with respect to ISIN XS0210782552, the allowed amount of $2,174,769.09, plus all accrued interest, fees and recoveries due thereon

Date Claim Filed: November 2, 2009

Phone:
Last Four Digits of Acct. #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

BSOF Parallel Master Fund, L.P.
By: Blackstone Strategic Opportunity Associates L.L.C.,
its General Partner

By: _____    Date: __8.16.12__
    Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.
463-1000/COURT/3527418.1

# United States Bankruptcy Court
## Southern District of New York

In re: <u>Lehman Brothers Holdings, Inc. et al.</u>     Case No. <u>08-13555 (JMP) (Jointly Administered)</u>

### PARTIAL TRANSFER OF CLAIMS OTHER THAN FOR SECURITY

CLAIM 63325 was filed or deemed filed under 11 U.S.C. § 1111(a) in this case by the alleged transferor. As evidence of the transfer of that claim, the transferee filed a Partial Transfer of Claim other than for Security in the Clerk's office of this court on          .

| J.P. Morgan Securities PLC | BSOF Parallel Master Fund, L.P. |
|---|---|
| Name of Alleged Transferor | Name of Transferee |
| Address of Alleged Transferor: | Address of Transferee: |
| J.P. Morgan Securities PLC<br>c/o J.P. Morgan Securities<br>Mail Code: NY1-M138<br>383 Madison Avenue, Floor 37<br>New York, New York 10179<br>Attn: Jeffrey L. Panzo | c/o Knighthead Capital Management, LLC<br>1140 Avenue of the Americas, 12th Floor<br>New York, NY 10036<br>Attn: Laura Torrado, Esq.<br>Tel: 212-356-2914<br>Fax: 212-356-3933<br>Email: ltorrado@knighthead.com<br><br>and<br><br>Blackstone Strategic Opportunity Associates L.L.C.<br>345 Park Avenue, 28th Floor<br>New York, New York 10154<br>Attention: Arthur Liao<br>Phone: 212-583-5185<br>Fax:    212-583-5386<br>Email: liao@blackstone.com |

**DEADLINE TO OBJECT TO TRANSFER**

The alleged transferor of the claims is hereby notified that objections must be filed with the court within twenty-one (21) days of the mailing of this notice. If no objection is timely received by the court, the transferee will be substituted as the original claimant without further order of the court.

Date: _____          _____
                                                                CLERK OF THE COURT

463-1000/COURT/3527418.1

AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM
LEHMAN PROGRAM SECURITY

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

1.   For value received, the adequacy and sufficiency of which are hereby acknowledged, **J.P. MORGAN SECURITIES PLC** ("Seller") hereby unconditionally and irrevocably sells, transfers and assigns to **BSOF PARALLEL MASTER FUND, L.P.** (the "Purchaser"), and Purchaser hereby agrees to purchase, as of the date hereof, (a) an undivided interest, to the extent of the amount specified in Schedule 1 attached hereto (the "Purchased Claim"), in Seller's right, title and interest in and to Proof of Claim Number **63325** filed by or on behalf of **INVEST BANCA SPA** ("Predecessor") (the "Proof of Claim") against Lehman Brothers Holdings, Inc., debtor in proceedings for reorganization (the "Proceedings") in the United States Bankruptcy Court for the Southern District of New York (the "Court"), administered under Case No. 08-13555 (JMP) (the "Debtor"), (b) all rights and benefits of Seller relating to the Purchased Claim, including without limitation (i) any right to receive cash, securities, instruments, interest, damages, penalties, fees or other property, which may be paid or distributed with respect to the Purchased Claim or with respect to any of the documents, agreements, bills and/or other documents (whether now existing or hereafter arising) which evidence, create and/or give rise to or affect in any material way the Purchased Claim, whether under a plan or reorganization or liquidation, pursuant to a liquidation, or otherwise, (ii) any actions, claims (including, without limitation, "claims" as defined in Section 101(5) of Title 11 of the United States Code (the "Bankruptcy Code")), rights or lawsuits of any nature whatsoever, whether against the Debtor or any other party, arising out of or in connection with the Purchased Claim, (iii) any rights and benefits arising out of or in connection with any exhibit, attachment and/or supporting documentation relating to the Purchased Claim, and (iv) any and all of Seller's right, title and interest in, to and under the transfer agreements, if any, under which Seller or any prior seller acquired the rights and obligations underlying or constituting a part of the Purchased Claim, but only to the extent related to the Purchased Claim, (c) any and all proceeds of any of the foregoing (collectively, as described in clauses (a), (b), and (c), the "Transferred Claims"), and (d) the security or securities (any such security, a "Purchased Security") relating to the Purchased Claim and specified in Schedule 1 attached hereto.

Predecessor transferred the Transferred Claims to Seller as evidenced at docket number 29666.

2.   Seller hereby represents and warrants to Purchaser that: (a) the Proof of Claim was duly and timely filed on or before 5:00 p.m. (prevailing Eastern Time) on November 2, 2009 in accordance with the Court's order setting the deadline for filing proofs of claim in respect of "Lehman Program Securities"; (b) the Proof of Claim relates to one or more securities expressly identified on the list designated "Lehman Programs Securities" available on http://www.lehman-docket.com as of July 17, 2009; (c) Seller owns and has good and marketable title to the Transferred Claims, free and clear of any and all liens, claims, set-off rights, security interests, participations, or encumbrances created or incurred by Seller or against Seller; (d) Seller is duly authorized and empowered to execute and perform its obligations under this Agreement and Evidence of Transfer; (e) the Proof of Claim includes the Purchased Claim specified in Schedule 1 attached hereto; (f) Seller has not engaged in any acts, conduct or omissions, or had any relationship with the Debtor or its affiliates, that will result in Purchaser receiving in respect of the Transferred Claims proportionately less payments or distributions or less favorable treatment than other unsecured creditors; and (g) Seller has not taken any action with respect to the Notice of Proposed Allowed Claim Amount for Claim 63325.

3.   Seller hereby waives any objection to the transfer of the Transferred Claims to Purchaser on the books and records of the Debtor and the Court, and hereby waives to the fullest extent permitted by law any notice or right to receive notice of a hearing pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law, and consents to the substitution of Seller by Purchaser for all purposes in the case, including, without limitation, for voting and distribution purposes with respect to the Transferred Claims. Purchaser agrees to file a notice of transfer with the Court pursuant to Federal Rule of Bankruptcy Procedure 3001(e) including this Agreement and Evidence of Transfer of Claim. Seller acknowledges and understands, and hereby stipulates, that an order of the Court may be entered without further notice to Seller transferring to Purchaser the Transferred Claims, recognizing Purchaser as the sole owner and holder of the Transferred Claims, and directing that all payments or distributions of money or property in respect of the Transferred Claim be delivered or made to Purchaser.

4. All representations, warranties, covenants and indemnities shall survive the execution, delivery and performance of this Agreement and Evidence of Transfer of Claim and the transactions described herein. Purchaser shall be entitled to transfer its rights hereunder without any notice to or the consent of Seller. Seller hereby agrees to indemnify, defend and hold Purchaser, its successors and assigns and its officers, directors, employees, agents and controlling persons harmless from and against any and all losses, claims, damages, costs, expenses and liabilities, including, without limitation, reasonable attorneys' fees and expenses, which result from Seller's breach of its representations and warranties made herein.

5. Seller shall promptly (but in any event no later than three (3) business days) remit any payments, distributions or proceeds received by Seller in respect of the Transferred Claims to Purchaser. Seller has transferred, or shall transfer as soon as practicable after the date hereof, to Purchaser each Purchased Security to such account, via Euroclear or Clearstream (or similar transfer method), as Purchaser may designate in writing to Seller. This Agreement and Evidence of Transfer supplements and does not supersede any confirmation, any other automatically generated documentation or any applicable rules of Euroclear or Clearstream (or similar transfer method) with respect to the purchase and sale of the Purchased Security.

6. Each of Seller and Purchaser agrees to (a) execute and deliver, or cause to be executed and delivered, all such other and further agreements, documents and instruments and (b) take or cause to be taken all such other and further actions as the other party may reasonably request to effectuate the intent and purposes, and carry out the terms, of this Agreement and Evidence of Transfer, including, without limitation, cooperating to ensure the timely and accurate filing of any amendment to the Proof of Claim.

7. Seller's and Purchaser's rights and obligations hereunder shall be governed by and interpreted and determined in accordance with the laws of the State of New York (without regard to any conflicts of law provision that would require the application of the law of any other jurisdiction). Seller and Purchaser each submit to the jurisdiction of the courts located in the County of New York in the State of New York. Each party hereto consents to service of process by certified mail at its address listed on the signature page below.

IN WITNESS WHEREOF, this AGREEMENT AND EVIDENCE OF TRANSFER OF CLAIM is executed this 15 day of August, 2012.

**J.P. MORGAN SECURITIES PLC**

By: _____
Name: Peter Schoepe
Title: Authorized Signatory

By: _____
Name: Daniel Hunter
Title: Authorized Signatory

Address:
c/o J.P. Morgan Securities
Mail Code: NY1-M138
383 Madison Avenue, Floor 37
New York, New York 10179
Attn: Jeffrey L. Panzo

**BSOF Parallel Master Fund, L.P.**
By: Blackstone Strategic Opportunity Associates L.L.C., its General Partner

By: _____
Name:
Title:

Address:
Knighthead Capital Management, LLC
623 5th Ave., 29th Floor
New York, New York 10022
Attn: Laura Torrado
Tel: 212 356 2914
Email: ltorrado@knighthead.com
And
Blackstone Strategic Opportunity Associates L.L.C.
345 Park Avenue, 28th Floor
New York, New York 10154
Attention: Arthur Liao
Phone: 212.583.5185
Fax: 212.583.5386
Email: liao@blackstone.com

Schedule 1

Transferred Claims

Purchased Claim

94.9367% of ISIN XS0210782552 = $2,122,650 of $2,235,858 (the outstanding amount of the Proof of Claim Number 63325 with regard to ISIN XS0210782552 as of August 15, 2012) together with interest, fees and other recoveries due. Pursuant to the Revised Notice of Proposed Allowed Claim Amount dated 10/14/11 lists the proposed allowed amount for ISIN XS0210782552 at $2,290,756.77, 94.9367% of ISIN XS0210782552 equals $2,174,769.09, the amount transferred herein.

Lehman Programs Securities to which Transfer Relates

| Description of Security | ISIN/CUSIP | Proof of Claim # | Issuer | Guarantor | Principal/Notional Amount | Maturity |
|---|---|---|---|---|---|---|
| Issue of EUR 100,000,000 CMS-Linked Notes due February 2013 Guaranteed by Lehman Brothers Holdings Inc. under the U.S. $25,000,000,000 Euro Medium-Term Note Program | XS0210782552 | 63325 | Lehman Brothers Treasury Co. B.V. | Lehman Brothers Holdings Inc. | EUR 1,500,000 USD 2,122,650 Exchange Rate: 1.4191 | February 1, 2013 |

Schedule 1-1